**PLAINTIFFS' OMNIBUS RESPONSE TO JANUARY 3, 2023 ORDER (DOC 4801)**

| Subdivision | Case No. | Plaintiffs' Firm Name | PFS Available in Repository on or before 10/14/22? Y or N | If PFS placed in Repository after 10/14/22, please note date placed in repository | Defendant | Has this Defendant Alleged a Service Defect in Recent Filings? Y or N | If YES, has service been perfected? | Date Service Perfected | Further Explanation Regarding Service Issue |
|---|---|---|---|---|---|---|---|---|---|
| Upshur County, TX v. Purdue Pharma L.P., et al | 1:17-op- 45085-DAP | Simon Greenstone Panatier, P.C. | Yes | | Pharmacy Buying Association | Yes | In Process | | Waiver of Service of Summons sent to counsel on 2/21/2023. |
| City of Lorain (OH) | 1:17-op-45000 | Napoli Shkolnik | Yes | | Prescription Supply | Yes | Yes | 2/13/2023 | |
| City of Lorain, Ohio | 1:17-op-45000 | Napoli Shkolnik | Yes | | Mylan | Yes | Yes | 2/13/2023 | |
| City of Parma, Ohio | 1:17-op-45001 | Napoli Shkolnik | Yes | | Hikma | Yes | Yes | 2/14/2023 | |
| City of Parma, Ohio | 1:17-op-45001 | Napoli Shkolnik | Yes | | Mylan | Yes | Yes | 2/13/2023 | |
| Richland County Children's Services (OH) | 1:17-op-45003 | Napoli Shkolnik | No | NA | Prescription Supply | Yes | Yes | 2/13/2023 | defendant to be dismissed |
| Richland County Children's Services, Ohio | 1:17-op-45003 | Napoli Shkolnik | No | NA | Mylan | Yes | Yes | 2/13/2023 | defendant to be dismissed |
| City of Toledo (OH) | 1:17-op-45005 | Napoli Shkolnik | Yes | | Prescription Supply | Yes | Yes | 2/13/2023 | |
| City of Toledo, Ohio | 1:17-op-45005 | Napoli Shkolnik | Yes | | Mylan | Yes | Yes | 2/13/2023 | |
| City of Birmingham, Alabama | 1:17-op-45008 | Napoli Shkolnik | Yes | | Hikma | Yes | Yes | 2/14/2023 | |
| City of Birmingham, Alabama | 1:17-op-45008 | Napoli Shkolnik | Yes | | Mylan | Yes | Yes | 2/13/2023 | |
| Fiscal Court of Spencer County (KY) | 1:17-op-45014 | Levin Papantonio Rafferty | No | See Explanation. | JM Smith | Yes | Yes | 11/25/2020 | Spencer County, KY, terminated the National Consortium's Representation via email on 07/08/2021 because it mistakenly hired 2 different groups of attorneys to represent it in the opioid litigation who unwittingly filed separate complaints with disparate defendants.  The National Consortium served a PFS on December 18, 2018.  However, the National Consortium did not upload the PFS to the repository.  The parallel case number is Case No. 1:19-op-46029-DAP and it appears that a PFS in that case was timely uploaded to the repository. |
| Fiscal Court of Spencer County, Kentucky | 1:17-op-45014 | Levin Papantonio Rafferty | No | See Explanation. | Amneal | Yes | Yes | 11/25/2020 | Spencer County, KY, terminated the National Consortium's Representation via email on 07/08/2021 because it mistakenly hired 2 different groups of attorneys to represent it in the opioid litigation who unwittingly filed separate complaints with disparate defendants.  The National Consortium served a PFS on December 18, 2018.  However, the National Consortium did not upload the PFS to the repository.  The parallel case number is Case No. 1:19-op-46029-DAP and it appears that a PFS in that case was timely uploaded to the repository. |
| Bell County Fiscal Court (KY) | 1:17-op-45026 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 3/2/2023 | |
| Knox County Fiscal Court (KS) | 1:17-op-45028 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 12/29/2020 | Def. Notice lists case as Knox, KS, when the case number is for Knox County, KY. |
| Leslie County Fiscal Court (KY) | 1:17-op-45029 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 12/23/2020 | |
| Leslie County Fiscal Court (KY) | 1:17-op-45029 | Levin Papantonio Rafferty | Yes | | Richie Pharmacal | Yes | Yes | 12/23/2020 | |
| Whitley County Fiscal Court (KY) | 1:17-op-45030 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 11/17/2020 | |
| Whitley County Fiscal Court (KY) | 1:17-op-45030 | Levin Papantonio Rafferty | Yes | | Quest Pharmaceuticals | Yes | Yes | 11/17/2020 | |
| Clay County Fiscal Court (KY) | 1:17-op-45031 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 12/18/2020 | |
| Clay County Fiscal Court (KY) | 1:17-op-45031 | Levin Papantonio Rafferty | Yes | | UCB | Yes | Yes | 12/18/2020 | |
| City of Dayton, Ohio | 1:17-op-45032 | Napoli Shkolnik | Yes | | Hikma | Yes | Yes | 2/14/2023 | |
| City of Dayton, Ohio | 1:17-op-45032 | Napoli Shkolnik | Yes | | Mylan | Yes | Yes | 2/13/2023 | |
| City of Tacoma, Washington | 1:17-op-45047 | Keller Rohrback L.L.P. | Yes | | Hikma | Yes | Yes | 3/20/2023 | Declaration of Service re personal service filed 3/20/23. Hikma Pharmaceuticals USA, Inc. not a named defendant. West-Ward Pharmaceutical Corp is a named defendant.  Waiver request originally sent to West-Ward on 1/3/2020. No response received after multiple follow-ups. Personal service perfected 3/15/2023. |
| People of State of Illinois, et al. | 1:17-op-45049 | Levin Papantonio Rafferty | Yes | | Amneal Pharmaceuticals LLC | Yes | Yes | 8/26/2019 | |
| People of State of Illinois, et al. | 1:17-op-45049 | Levin Papantonio Rafferty | Yes | | Pharmacy Buying Association | Yes | Yes | 8/26/2019 | |
| Wyoming County Commission (WV) | 1:17-op-45051 | McGraw Law Office | No | | JM Smith | No | | | PFS will be forthcoming |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Kanawha County, WV | 1:17-op-45063 | Levin Papantonio Rafferty | Yes | | KVK-Tech | Yes | Yes | 2/10/2023 | |
| Columbia County v. Purdue Pharma L.P., et al. | 1:17-op-45068 | Levin Papantonio Rafferty | Yes | | Value Drug | Yes | Yes | 3/25/2021 | |
| Mower County, Minnesota | 1:17-op-45072 | Lockridge Grindal Nauen P.L.L.P. | Yes | | Amneal Pharmaceuticals LLC | Yes | Yes | 3/25/2019 | |
| County of McLennan, Texas | 1:17-op-45075 | Harrison Davis Morrison Jones | No | 2/16/2023 | Hikma | No | | | |
| County of McLennan, Texas | 1:17-op-45075 | Harrison Davis Morrison Jones | No | 2/16/2023 | Mylan | No | | | |
| County of McLennan, TX | 1:17-op-45075 | Harrison Davis Morrison Jones | No | 2/16/2023 | Sandoz/Novartis | No | | | |
| County of McLennan, TX | 1:17-op-45075 | Harrison Davis Morrison Jones | No | 2/16/2023 | Indivior | No | | | |
| City of Fort Payne, AL | 1:17-op-45079 | Levin Papantonio Rafferty | Yes | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 1/4/2021 | |
| Fort Payne, AL | 1:17-op-45079 | Levin Papantonio Rafferty | Yes | | Winn-Dixie | Yes | No | N/A | Plaintiff did not sue defendant. |
| City of Lafayette, IN | 1:17-op-45081 | Cohen & Malad, LLP | No | 1/3/2023 | Sandoz/Novartis | No | | | A PFS was originally served on 12/17/2018 |
| City of Lafayette, Indiana | 1:17-op-45081 | Cohen & Malad, LLP | No | 1/3/2023 | Amneal | No | | | A PFS was originally served on 12/17/2018 |
| City of Lafayette, Indiana | 1:17-op-45081 | Cohen & Malad, LLP | No | 1/3/2023 | Hikma | No | | | A PFS was originally served on 12/17/2018 |
| City of Lafayette, IN | 1:17-op-45081 | Cohen & Malad, LLP | No | 1/3/2023 | Indivior | No | | | A PFS was originally served on 12/17/2018 |
| City of Hammond, Indiana | 1:17-op-45082 | Cohen & Malad, LLP | No | 1/3/2023 | Amneal | No | | | A PFS was originally served on 12/17/2018 |
| City of Hammond, Indiana | 1:17-op-45082 | Cohen & Malad, LLP | No | 1/3/2023 | Hikma | No | | | A PFS was originally served on 12/17/2018 |
| City of Hamond, Indiana | 1:17-op-45082 | Cohen & Malad, LLP | No | 1/3/2023 | Mylan | No | | | A PFS was originally served on 12/17/2018 |
| City of Hammond, IN | 1:17-op-45082 | Cohen & Malad, LLP | No | 1/3/2023 | Indivior | No | | | A PFS was originally served on 12/17/2018 |
| St. Louis County, Missouri | 1:17-op-45083 | Simmons Hanly Conroy, LLC | N | 11/16/2022 | Hikma | No | | | |
| St. Louis County, Missouri | 1:17-op-45083 | Simmons Hanly Conroy, LLC | N | 11/16/2022 | Mylan | No | | | |
| Boyd County Fiscal Court (KY) | 1:17-op-45084 | Levin Papantonio Rafferty | Yes | | Quest Pharmaceuticals | Yes | Yes | 11/23/2020 | |
| County of Upshur (TX) | 1:17-op-45085 | Simon Greenstone Panatier, P.C. | Yes | | JM Smith | Yes | In Process | | Waiver of Service of Summons sent to counsel on 2/21/2023. |
| County of Morris (TX) | 1:17-op-45086 | Simon Greenstone Panatier, P.C. | Yes | | JM Smith | Yes | In Process | | Waiver of Service of Summons sent to counsel on 3/20/19 |
| City of Indianapolis, IN, et al. | 1:17-op-45091 | Cohen & Malad, LLP | No | 1/3/2023 | Sandoz/Novartis | No | | | A PFS was served on 12/17/2018 and supplemented on 12/18/2018 |
| City of Indianapolis, Indiana, et al. | 1:17-op-45091 | Cohen & Malad, LLP | No | 1/3/2023 | Amneal | No | | | A PFS was originally served on 12/17/2018 and supplemented on 12/18/2018 |
| City of Indianapolis, Indiana, et al. | 1:17-op-45091 | Cohen & Malad, LLP | No | 1/3/2023 | Hikma | No | | | A PFS was originally served on 12/17/2018 and supplemented on 12/18/2018 |
| City of Indianapolis, Indiana; Marion County, Indiana | 1:17-op-45091 | Cohen & Malad, LLP | No | 1/3/2023 | Mylan | No | | | A PFS was originally served on 12/17/2018 and supplemented on 12/18/2018 |
| City of Indianapolis, IN and Marion County, IN | 1:17-op-45091 | Cohen & Malad, LLP | No | 1/3/2023 | Indivior | No | | | A PFS was originally served on 12/17/2018 and supplemented on 12/18/2018 |
| Adams County, WI | 1:17-op-45093 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Dakota Drug | Yes | Yes | 6/3/2019 | |
| Adams County, WI | 1:17-op-45093 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Adams County, Wisconsin | 1:17-op-45093 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Adams County, Wisconsin | 1:17-op-45093 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Mylan | Yes | Yes | 5/31/2019 | |
| Scott County Board of Commissioners, Indiana | 1:17-op-45094 | Frank C Dudenheffer, Jr., The Dudenhefer Law Firm LLC | Yes | | Mylan | Yes | In Process | | The PFS was submitted on 04/08/20 and again on 10/13/22. Out of abundance of caution a further PFS was placed in repository on 02/14/23. Request for waiver sent by certified mail on 02/21/23, received 02/22/23. |
| Scott County, Indiana Board of Commissioners, Indiana | 1:17-op-45094 | Frank C Dudenheffer, Jr., The Dudenhefer Law Firm LLC | Yes | | Hikma | Yes | In Process | | The PFS was submitted on 04/08/20 and again on 10/13/22. Out of abundance of caution a further PFS was placed in repository on 02/14/23. Request for waiver sent by certified mail on 02/27/23, received 03/01/2023 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Marathon County, WI | 1:17-op-45095 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Marathon County, Wisconsin | 1:17-op-45095 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Green County, WI | 1:17-op-45096 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Dakota Drug | Yes | Yes | 6/3/2019 | |
| Green County, WI | 1:17-op-45096 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Green County, Wisconsin | 1:17-op-45096 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Tallapoosa County (AL) | 1:17-op-45097 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 5/24/2019 | |
| Tallapoosa County, AL | 1:17-op-45097 | Levin Papantonio Rafferty | Yes | | Winn-Dixie | Yes | Yes | 11/25/2020 | |
| Sauk County, WI | 1:17-op-45098 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Iowa County, WI | 1:17-op-45099 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Dakota Drug | Yes | Yes | 6/3/2019 | |
| Iowa County, WI | 1:17-op-45099 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Iowa County, Wisconsin | 1:17-op-45099 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Amneal Pharmaceuticals LLC | Yes | | | SHC Not Pursuing |
| Iowa County, Wisconsin | 1:17-op-45099 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Luzerne County, Pennsylvania v. | 1:17-op-45100 | Levin Papantonio Rafferty | Yes | | Value Drug | Yes | Yes | 3/25/2021 | |
| Gadsden, AL | 1:17-op-45101 | Levin Papantonio Rafferty | Yes | | Winn-Dixie | Yes | Yes | 1/4/2021 | |
| Door County, WI | 1:17-op-45104 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Dakota Drug | Yes | Yes | 6/3/2019 | |
| Door County, WI | 1:17-op-45104 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Door County, Wisconsin | 1:17-op-45104 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Fond du Lac County, WI | 1:17-op-45106 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Fond du Lac County, Wisconsin | 1:17-op-45106 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Douglas County, WI | 1:17-op-45107 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Dakota Drug | Yes | Yes | 6/3/2019 | |
| Douglas County, WI | 1:17-op-45107 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Douglas County, Wisconsin | 1:17-op-45107 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Rock County, Wisconsin | 1:17-op-45108 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Mylan | No | | | |
| Rock County, WI | 1:17-op-45108 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Rock County, Wisconsin | 1:17-op-45108 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Pulaski County Fiscal Court (KY) | 1:17-op-45109 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 11/25/2020 | |
| County of Perry (KY) | 1:17-op-45110 | Levin Papantonio Rafferty | Yes | | Quest Pharmaceuticals | Yes | Yes | 12/10/2020 | |
| Eau Claire County, WI | 1:17-op-45112 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Dakota Drug | Yes | Yes | 6/3/2019 | |
| Eau Claire County, WI | 1:17-op-45112 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Eau Claire County, Wisconsin | 1:17-op-45112 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Washington County, WI | 1:17-op-45114 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Dakota Drug | Yes | Yes | 6/3/2019 | |
| Washington County, WI | 1:17-op-45114 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Washington County, Wisconsin | 1:17-op-45114 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Grant County, WI | 1:17-op-45115 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Dakota Drug | Yes | Yes | 6/3/2019 | |
| Grant County, WI | 1:17-op-45115 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Grant County, Wisconsin | 1:17-op-45115 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Rusk County, WI | 1:17-op-45116 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Columbia County, WI | 1:17-op-45118 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Dakota Drug | Yes | Yes | 6/3/2019 | |
| Columbia County, WI | 1:17-op-45118 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Columbia County, Wisconsin | 1:17-op-45118 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Shawano County, WI | 1:17-op-45119 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Oconto County, WI | 1:17-op-45120 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Oconto County, Wisconsin | 1:17-op-45120 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Jackson County, WI | 1:17-op-45121 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Jackson County, Wisconsin | 1:17-op-45121 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Jefferson County, WI | 1:17-op-45122 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Jefferson County, Wisconsin | 1:17-op-45122 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Washburn County, WI | 1:17-op-45123 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Dakota Drug | Yes | Yes | 6/3/2019 | |
| Washburn County, WI | 1:17-op-45123 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Washburn County, Wisconsin | 1:17-op-45123 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Langlade County WI | 1:17-op-45124 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Langlade County, Wisconsin | 1:17-op-45124 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Florence County, WI | 1:17-op-45125 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Dakota Drug | Yes | Yes | 6/3/2019 | |
| Florence County, WI | 1:17-op-45125 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Florence County, Wisconsin | 1:17-op-45125 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Price County, WI | 1:17-op-45126 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Price County, Wisconsin | 1:17-op-45126 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Wood County, WI | 1:17-op-45127 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Wood County, Wisconsin | 1:17-op-45127 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Sheboygan County, WI | 1:17-op-45128 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Oneida County, WI | 1:17-op-45129 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Oneida County, Wisconsin | 1:17-op-45129 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Ashland County, WI | 1:17-op-45130 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Ashland County, Wisconsin | 1:17-op-45130 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Burnett County, WI | 1:17-op-45131 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Burnett County, Wisconsin | 1:17-op-45131 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Chippewa County, WI | 1:17-op-45132 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Chippewa County, Wisconsin | 1:17-op-45132 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Dunn County, WI | 1:17-op-45133 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Dakota Drug | Yes | Yes | 6/3/2019 | |
| Dunn County, WI | 1:17-op-45133 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Dunn County, Wisconsin | 1:17-op-45133 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Forest County, WI | 1:17-op-45134 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Dakota Drug | Yes | Yes | 6/3/2019 | |
| Forest County, WI | 1:17-op-45134 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Forest County, Wisconsin | 1:17-op-45134 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Manitowoc County, WI | 1:17-op-45135 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Manitowoc County, Wisconsin | 1:17-op-45135 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Marquette County, WI | 1:17-op-45136 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Marquette County, Wisconsin | 1:17-op-45136 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Sawyer County, WI | 1:17-op-45137 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Trempealeau County, WI | 1:17-op-45138 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Waushara County, WI | 1:17-op-45139 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Waushara County, Wisconsin | 1:17-op-45139 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Buffalo County, WI | 1:17-op-45141 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Buffalo County, Wisconsin | 1:17-op-45141 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Calumet County, WI | 1:17-op-45142 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Calumet County, Wisconsin | 1:17-op-45142 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Dodge County, WI | 1:17-op-45143 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Dakota Drug | Yes | Yes | 6/3/2019 | |
| Dodge County, WI | 1:17-op-45143 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Dodge County, Wisconsin | 1:17-op-45143 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Kenosha County, WI | 1:17-op-45144 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Kenosha County, Wisconsin | 1:17-op-45144 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Marinette County, WI | 1:17-op-45145 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Marinette County, Wisconsin | 1:17-op-45145 | Simmons Hanly Conroy, LLC | | 11/18/2022 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Monroe County, WI | 1:17-op-45146 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Monroe County, Wisconsin | 1:17-op-45146 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Monroe County, WI | 1:17-op-45146 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Hikma | No | | | |
| St. Croix County, WI | 1:17-op-45147 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| St. Croix County, Wisconsin | 1:17-op-45147 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Vernon County, WI | 1:17-op-45148 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Dakota Drug | Yes | Yes | 6/3/2019 | |
| Vernon County, WI | 1:17-op-45148 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Vernon County, Wisconsin | 1:17-op-45148 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Clark County, WI | 1:17-op-45150 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Clark County, Wisconsin | 1:17-op-45150 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| (1) People of State of Illinois; (2) People of Gallatin County, IL; and (3) Gallatin County, IL | 1:17-op-45152 | Levin Papantonio Rafferty | Yes | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 7/22/2019 | |
| Buncombe County (NC) | 1:17-op-45153 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 7/18/2019 | |
| Township of Irvington, NJ | 1:17-op-45156 | Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. | No | 2/16/2023 | Indivior | Yes | In Process | | Demand For Waiver Sent 2/15/2023; Counsel for Indivior acknowledged receipt of demand on 2/22/2023. Provided to Process Servers on 2/24/2023. |
| County of Titus (TX) | 1:17-op-45161 | Simon Greenstone Panatier, P.C. | Yes | | JM Smith | Yes | In Process | | Waiver of Service of Summons sent to counsel on 3/20/19. |
| City of Manchester, New Hampshire | 1:17-op-45163 | Napoli Shkolnik | Yes | | Hikma | Yes | Yes | 2/14/2023 | |
| City of Manchester, New Hampshire | 1:17-op-45163 | Napoli Shkolnik | Yes | | Mylan | Yes | Yes | 2/13/2023 | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Anderson (Sheriff of Avoyelles Parish), LA | 1:17-op-45164 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Sandoz/Novartis | No | | | |
| Anderson, Douglas (Avoyelles Parish Sheriff, Louisiana) | 1:17-op-45164 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Hikma | No | | | |
| Douglas Anderson, Avoyelles Parish Sheriff | 1:17-op-45164 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Louisiana Wholesale Drug | Yes | Yes | 6/7/2019 | |
| Douglas Anderson, Duly Elected Sheriff of Avoyelles Parish, in His Capacity as Officer Ex Officio of the Avoyelles Parish Sheriff's Office and the Avoyelles Parish Law Enforcement District | 1:17-op-45164 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Douglas Anderson, Duly Elected Sheriff of Avoyelles Parish, in His Capacity as Officer Ex Officio of the Avoyelles Parish Sheriff's Office and the Avoyelles Parish Law Enforcement District (LA) | 1:17-op-45164 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | JM Smith | No | | | |
| Douglas Anderson, Sheriff of Avoyelles Parish, Louisiana | 1:17-op-45164 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Mylan | No | | | |
| Pierce County, WI | 1:17-op-45165 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Pierce County, Wisconsin | 1:17-op-45165 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Waupaca County, WI | 1:17-op-45166 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Waupaca County, Wisconsin | 1:17-op-45166 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Waupaca County, Wisconsin | 1:17-op-45166 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Hikma | No | | | |
| Lincoln County, WI | 1:17-op-45167 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Lincoln County, Wisconsin | 1:17-op-45167 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Bayfield County, WI | 1:17-op-45168 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Bayfield County, Wisconsin | 1:17-op-45168 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Jefferson County Commission | 1:17-OP-45170 | Skinner Law Firm | | | TopRx | No | | | Dismissed 02/28/2023 |
| Jefferson County Commission (WV) | 1:17-op-45170 | Skinner Law Firm | | | JM Smith | No | | | Dismissed 03/22/2023 |
| Jefferson County Commission, West Virginia | 1:17-op-45170 | Skinner Law Firm | | | Hikma | No | | | This Defendant is not named in the Complaint |
| Jefferson County Commission, WV | 1:17-op-45170 | Skinner Law Firm | | | American Sales Company, LLC | Yes | | | Dismissed 02/28/2023 |
| Jefferson County Commission, WV | 1:17-op-45170 | Skinner Law Firm | | | Masters Pharmaceutical | Yes | | | Dismissed 03/22/2023 |
| Jefferson County Commission, WV | 1:17-op-45170 | Skinner Law Firm | | | Indivior | No | | | Dismissed 02/28/2023 |
| Berkeley County Council, West Virginia | 1:17-op-45171 | Skinner Law Firm | | | Hikma | No | | | Dismissed on 02/28/2023 |
| Berkeley County Council, WV | 1:17-op-45171 | Skinner Law Firm | | | American Sales Company, LLC | Yes | | | Dismissed on 02/28/2023 |

| Plaintiff | Case No. | Law Firm | | Date | Defendant | | | | Status |
|---|---|---|---|---|---|---|---|---|---|
| Berkeley County Council, WV | 1:17-op-45171 | Skinner Law FIrm | | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | | | Dismissed on 02/28/2023 |
| Berkeley County Council, WV | 1:17-op-45171 | Skinner Law Firm | | | Masters Pharmaceutical | Yes | | | Dismissed 03/22/2023 |
| Berkeley County Council, WV | 1:17-op-45171 | Skinner Law Firm | | | Indivior | No | | | Dismissed on 02/28/2023 |
| Hilton (Sheriff of Rapides Parish), LA | 1:17-op-45178 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Sandoz/Novartis | No | | | |
| Hilton, William (Rapides Parish Sheriff , Louisiana) | 1:17-op-45178 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Hikma | No | | | |
| William Hilton, Duly Elected Sheriff of Rapides Parish, in His Capacity as Officer Ex Officio of the Rapides Parish Sheriff's Office and the Rapides Parish Law Enforcement District | 1:17-op-45178 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| William Hilton, Duly Elected Sheriff of Rapides Parish, in His Capacity as Officer Ex Officio of the Rapides Parish Sheriff's Office and the Rapides Parish Law Enforcement District (LA) | 1:17-op-45178 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | JM Smith | No | | | |
| William Hilton, Rapides Parish Sheriff | 1:17-op-45178 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Louisiana Wholesale Drug | Yes | Yes | 11/22/2019 | |
| William Hilton, Sheriff of Rapides Parish, Louisiana | 1:17-op-45178 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Mylan | No | | | |
| Mancuso (Sheriff of Calcasieu Parish), LA | 1:17-op-45179 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Sandoz/Novartis | No | | | |
| Mancuso, Tony (Calcasieu Parish Sheriff , Louisiana) | 1:17-op-45179 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Hikma | No | | | |
| Tony Mancuso, Calcasieu Parish Sheriff | 1:17-op-45179 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Louisiana Wholesale Drug | Yes | Yes | 11/1/2019 | |
| Tony Mancuso, Duly Elected Sheriff of Calcasieu Parish, in His Capacity as Officer Ex Officio of the Calcasieu Parish Sheriff's Office and the Calcasieu Parish Law Enforcement District | 1:17-op-45179 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Tony Mancuso, Duly Elected Sheriff of Calcasieu Parish, in His Capacity as Officer Ex Officio of the Calcasieu Parish Sheriff's Office and the Calcasieu Parish Law Enforcement District (LA) | 1:17-op-45179 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | JM Smith | No | | | |
| Tony Mancuso, Sheriff of Calcasieu Parish, Louisiana | 1:17-op-45179 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Mylan | No | | | |
| Garber (Sheriff of Lafayette Parish), LA | 1:17-op-45180 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Sandoz/Novartis | No | | | |
| Garber, Mark  (Lafayette Parish Sheriff, Louisiana) | 1:17-op-45180 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Hikma | No | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Mark T. Garber, Duly Elected Sheriff of Lafayette Parish, in His Capacity as Officer Ex Officio of the Lafayette Parish Sheriff's Office and the Lafayette Parish Law Enforcement District | 1:17-op-45180 | Simmons Hanly Conroy, LLC | No | | 1/3/2023 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Mark T. Garber, Duly Elected Sheriff of Lafayette Parish, in His Capacity as Officer Ex Officio of the Lafayette Parish Sheriff's Office and the Lafayette Parish Law Enforcement District (LA) | 1:17-op-45180 | Simmons Hanly Conroy, LLC | No | | 1/3/2023 | JM Smith | No | | | |
| Mark T. Garber, Lafayette Parish Sheriff | 1:17-op-45180 | Simmons Hanly Conroy, LLC | No | | 1/3/2023 | Louisiana Wholesale Drug | Yes | Yes | 12/4/2019 | |
| Mark T. Garber, Sheriff of Lafayette Parish, Louisiana | 1:17-op-45180 | Simmons Hanly Conroy, LLC | No | | 1/3/2023 | Mylan | No | | | |
| Polk County, IA v. Purdue Pharma L.P., et al. | 1:18-op-45116-DAP | Simmons Hanly Conroy, LLC | No | 11/18/2022 | | Pharmacy Buying Association | Yes | Yes | 5/31/2019 | |
| Adair Co., IA et al v. Purdue Pharma LP et al | 1:18-op- 45122-DAP | Simmons Hanly Conroy, LLC | No | 11/18/2022 | | Pharmacy Buying Association | Yes | Yes | 5/30/2019 | |
| Black Hawk County et al v. Purdue Pharma LP et al. | 1:18-op-45303-DAP | Simmons Hanly Conroy, LLC | No | 11/18/2022 | | Pharmacy Buying Association | Yes | Yes | 5/31/2019 | |
| Lafayette County, MO AmerisourceBergen Drug Corporation, et al | 1:18-op-45840-DAP | Wagstaff & Cartmell | Yes | | | Pharmacy Buying Association | Yes | Yes | 7/15/2019 | Executed Waiver of Service filed on 2/21/2023. |
| Cass County, MO v. AmerisourceBergen Drug Corp. et al | 1:18-op- 45841-DAP | Wagstaff & Cartmell | Yes | | | Pharmacy Buying Association | Yes | Yes | 7/15/2019 | Executed Waiver of Service filed on 2/21/2023. |
| Allamakee County v. Purdue Pharma LP et al | 1:18-op- 45983-DAP | Simmons Hanly Conroy, LLC | No | 11/18/2022 | | Pharmacy Buying Association | Yes | Yes | 5/31/2019 | |
| County of Hardin (IL) | 1:18-op-45003 | Levin Papantonio Rafferty | Yes | | | Quest Pharmaceuticals | | Yes | 3/30/2021 | |
| City of Tuscumbia (AL) | 1:18-op-45005 | Friedman, Dazzio & Zulanas, P.C. | No | | 3/3/2023 | JM Smith | Yes | In Process | | **PFS Explanation:** The PFS for our clients' in Alabama were sent via DropBox. After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023. We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss. Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023. We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents). We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint. As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |
| County of Colbert (AL) | 1:18-op-45005 | Friedman, Dazzio & Zulanas, P.C. | No | | 3/3/2023 | JM Smith | Yes | In Process | | **PFS Explanation:** The PFS for our clients' in Alabama were sent via DropBox. After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023. We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss. Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023. We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents). We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint. As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| County of Franklin (AL) | 1:18-op-45005 | Friedman, Dazzio & Zulanas, P.C. | No | 3/3/2023 | JM Smith | Yes | In Process | | **PFS Explaination:** The PFS for our clients' in Alabama were sent via DropBox.  After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023.  We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss.  Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023.  We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents).  We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint.  As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |
| Town of Cherokee (AL) | 1:18-op-45005 | Friedman, Dazzio & Zulanas, P.C. | No | 3/3/2023 | JM Smith | Yes | In Process | | **PFS Explaination:** The PFS for our clients' in Alabama were sent via DropBox.  After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023.  We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss.  Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023.  We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents).  We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint.  As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |
| Town of Cherokee, Alabama et al | 1:18-op-45005 | Friedman, Dazzio & Zulanas, P.C. | No | 3/3/2023 | Hikma | Yes | In Process | | **PFS Explaination:** The PFS for our clients' in Alabama were sent via DropBox.  After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023.  We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss.  Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023.  We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents).  We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint.  As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |
| Town of Cherokee, Alabama; City of Tuscumbia, Alabama; County of Franklin, Alabama; County of Colbert, Alabama | 1:18-op-45005 | Friedman, Dazzio & Zulanas, P.C. | No | 3/3/2023 | Mylan | Yes | In Process | | **PFS Explaination:** The PFS for our clients' in Alabama were sent via DropBox.  After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023.  We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss.  Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023.  We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents).  We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint.  As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |
| Town of Cherokee, AL City of Tuscumbia, AL, Counties of Colbert and Franklin, AL | 1:18-op-45005 | Friedman, Dazzio & Zulanas, P.C. | No | 3/3/2023 | Indivior | Yes | In Process | | **PFS Explaination:** The PFS for our clients' in Alabama were sent via DropBox.  After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023.  We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss.  Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023.  We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents).  We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint.  As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| New Hanover County (NC) | 1:18-op-45006 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 9/11/2019 | |
| City of Opp, AL | 1:18-op-45011 | Levin Papantonio Rafferty | Yes | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 12/18/2020 | |
| Yadkin County, NC | 1:18-op-45014 | Levin Papantonio Rafferty | Yes | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 9/11/2019 | |
| City of New Castle, IN | 1:18-op-45016 | Cohen & Malad, LLP | No | 1/3/2023 | Sandoz/Novartis | No | | | A PFS was originally served on 12/17/2018 |
| City of New Castle, Indiana | 1:18-op-45016 | Cohen & Malad, LLP | No | 1/3/2023 | Amneal | No | | | A PFS was originally served on 12/17/2018 |
| City of New Castle, Indiana | 1:18-op-45016 | Cohen & Malad, LLP | No | 1/3/2023 | Hikma | No | | | A PFS was originally served on 12/17/2018 |
| City of New Castle, Indiana | 1:18-op-45016 | Cohen & Malad, LLP | No | 1/3/2023 | Mylan | No | | | A PFS was originally served on 12/17/2018 |
| City of New Castle, IN | 1:18-op-45016 | Cohen & Malad, LLP | No | 1/3/2023 | Indivior | No | | | A PFS was originally served on 12/17/2018 |
| Sunflower County (MS) | 1:18-op-45020 | Diaz Law Firm, PLLC | No | 1/3/2023 | JM Smith | Yes | Yes | 2/24/2023 | |
| Sunflower County, Mississippi | 1:18-op-45020 | Diaz Law Firm, PLLC | No | 1/3/2023 | Mylan | No | | | |
| Sunflower County, MS | 1:18-op-45020 | Diaz Law Firm, PLLC | No | 1/3/2023 | Indivior | Yes | Yes | 2/22/2023 | |
| Humphreys County, Mississippi | 1:18-op-45021 | Diaz Law Firm, PLLC | No | 1/3/2023 | Mylan | No | | | |
| Humphreys County, MS | 1:18-op-45021 | Diaz Law Firm, PLLC | No | 1/3/2023 | Indivior | Yes | Yes | 2/22/2023 | |
| Washington County, Mississippi | 1:18-op-45022 | Diaz Law Firm, PLLC | No | 1/3/2023 | Hikma | No | | | |
| Washington County, Mississippi | 1:18-op-45022 | Diaz Law Firm, PLLC | No | 1/3/2023 | Mylan | No | | | |
| Washington County, MS | 1:18-op-45022 | Diaz Law Firm, PLLC | No | 1/3/2023 | Sandoz/Novartis | No | | | |
| Washington County, MS | 1:18-op-45022 | Diaz Law Firm, PLLC | No | 1/3/2023 | Indivior | Yes | Yes | 2/22/2023 | |
| Smith County (TN) | 1:18-op-45029 | LCHB | No | 3/14/2023 | JM Smith | Yes | Yes | | Waiver of service filed on docket 3/20/2023. |
| Smith County, Tennessee | 1:18-op-45029 | LCHB | No | 3/14/2023 | Mylan | No | | | |
| County of Montgomery, Texas | 1:18-op-45030 | Harrison Davis Morrison Jones | No | 2/16/2023 | Hikma | No | | | |
| County of Montgomery, Texas | 1:18-op-45030 | Harrison Davis Morrison Jones | No | 2/16/2023 | Mylan | No | | | |
| County of Montgomery, TX | 1:18-op-45030 | Harrison Davis Morrison Jones | No | 2/16/2023 | Sandoz/Novartis | No | | | |
| County of Montgomery, TX | 1:18-op-45030 | Harrison Davis Morrison Jones | No | 2/16/2023 | Indivior | No | | | |
| County of Lake, Ohio | 1:18-op-45032 | Napoli Shkolnik | Yes | | Mylan | Yes | Yes | 2/13/2023 | |
| County of Lake, Ohio | 1:18-op-45032 | Napoli Shkolnik | Yes | | Hikma | Yes | Yes | 2/14/2023 | |
| Claiborne County (MS) | 1:18-op-45035 | Diaz Law Firm, PLLC | No | 1/3/2023 | JM Smith | Yes | Yes | 2/24/2023 | |
| Claiborne County, Mississippi | 1:18-op-45035 | Diaz Law Firm, PLLC | No | 1/3/2023 | Amneal | No | | | |
| Butler County Board of Commissioners, OH | 1:18-op-45037 | Gibbs Law Group LLP | Yes | N/A | Target Corporation | Yes | No | N/A | We mistakenly believed that service was unnecessary at the time of filing the Short Form Complaint.  We emailed Target Corporation's counsel on 2/21/2023 after realizing that service was necessary to ask if they would accept service.  Having not heard back, we followed up on 2/24/2023.  Target Corporation's counsel responded that they needed to confirm with their client whether they could accept service.  On 3/2/2023, we emailed waiver of service forms with the Short Form Complaint and Original Complaint.  Target Corporation's counsel emailed on 3/3/2023 with a refusal to accept service. |
| Butler County Board of Commissioners, Ohio | 1:18-op-45037 | Gibbs Law Group LLP | Yes | N/A | Mylan | Yes | No | N/A | We mistakenly believed that service was unnecessary at the time of filing the Short Form Complaint.  We emailed Mylan's counsel on 2/21/2023 after realizing that service was necessary to ask if they would accept service.  Having not heard back, we followed up on 2/24/2023.  Again, with no response, we emailed the approved waiver of service forms to counsel on 3/2/2023 with the Short Form Complaint, Original Complaint, and waiver of service forms.  Mylan's counsel emailed on 3/2/2023 acknowledging receipt of our messages and indicating that they "intend to respond within the timeframe set forth in Rule 4 of the Federal Rules of Civil Procedure and in advance of the March 29 extended deadline for submission of your response to our status report."  On 3/20/2023, counsel for Mylan confirmed that it would not be waiving service. |

| Entity | Case No. | Law Firm | | Date | Defendant | | Status | Date | Notes |
|---|---|---|---|---|---|---|---|---|---|
| Butler County Board of Commissioners, OH | 1:18-op-45037 | Gibbs Law Group LLP | Yes | N/A | Indivior | Yes | No | N/A | We mistakenly believed that service was unnecessary at the time of filing the Short Form Complaint.  We emailed Indivior's counsel on 2/21/2023 after realizing that service was necessary to ask if they would accept service.  Having not heard back, we followed up on 2/24/2023.  Again, with no response, we emailed the approved waiver of service forms to counsel on 3/2/2023 with the Short Form Complaint, Original Complaint, and waiver of service forms.  Indivior's counsel emailed on 3/16/2023 with a refusal to accept service. |
| County of Ashtabula, OH | 1:18-op-45050 | Napoli Shkolnik | Yes | | KVK-Tech | No | | | |
| County of Ashtabula, Ohio | 1:18-op-45050 | Napoli Shkolnik | Yes | | Mylan | Yes | Yes | 2/13/2023 | |
| Leech Lake Band of Ojibwe | 1:18-op-45052 | LLBO Legal Dept. | | N/A | Dakota Drug | Yes | Yes | 3/17/2023 | |
| Township Of Bloomfield, NJ | 1:18-op-45053 | Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. | No | 2/15/2023 | Indivior | Yes | In Process | | Demand For Waiver Sent 2/15/2023; Counsel for Indivior acknowleged receipt of demand on 2/22/2023. Provided to Process Servers on 2/24/2023. |
| City of Lansing, MI | 1:18-op-45054 | Weitz & Luxenberg | No | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| City of Lansing, Michigan | 1:18-op-45054 | Weitz & Luxenberg | No | 12/1/2022 | Mylan | No | | | |
| County of Grand Traverse, MI | 1:18-op-45056 | Weitz & Luxenberg | No | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| County of Grand Traverse, Michigan | 1:18-op-45056 | Weitz & Luxenberg | No | | 12/1/2022 | Mylan | No | | |
| Clinton County Board of Commissioners, Ohio | 1:18-op-45060 | Gibbs Law Group LLP | Yes | N/A | | Mylan | Yes | No | N/A | We mistakenly believed that service was unnecessary at the time of filing the Short Form Complaint.  We emailed Mylan's counsel on 2/21/2023 after realizing that service was necessary to ask if they would accept service.  Having not heard back, we followed up on 2/24/2023.  Again, with no response, we emailed the approved waiver of service forms to counsel on 3/2/2023 with the Short Form Complaint, Original Complaint, and waiver of service forms.  Mylan's counsel emailed on 3/2/2023 acknowledging receipt of our messages and indicating that they "intend to respond within the timeframe set forth in Rule 4 of the Federal Rules of Civil Procedure and in advance of the March 29 extended deadline for submission of your response to our status report." We have not heard back yet.  On 3/20/2023, counsel for Mylan confirmed that it would not be waiving service. |
| Clinton County Board of Commissioners, OH | 1:18-op-45060 | Gibbs Law Group LLP | Yes | N/A | | Indivior | Yes | No | N/A | We mistakenly believed that service was unnecessary at the time of filing the Short Form Complaint.  We emailed Indivior's counsel on 2/21/2023 after realizing that service was necessary to ask if they would accept service.  Having not heard back, we followed up on 2/24/2023.  Again, with no response, we emailed the approved waiver of service forms to counsel on 3/2/2023 with the Short Form Complaint, Original Complaint, and waiver of service forms.  Indivior's counsel emailed on 3/16/2023 with a refusal to accept service. |
| County of Nolan, Texas | 1:18-op-45061 | Harrison Davis Morrison Jones | No | | 2/16/2023 | Hikma | No | | | |
| County of Nolan, Texas | 1:18-op-45061 | Harrison Davis Morrison Jones | No | | 2/16/2023 | Mylan | No | | | |
| Nolan County, TX | 1:18-op-45061 | Harrison Davis Morrison Jones | No | | 2/16/2023 | Sandoz/Novartis | No | | | |
| The County of Nolan, Texas | 1:18-op-45061 | Harrison Davis Morrison Jones | No | | 2/16/2023 | Amneal Pharmaceuticals of New York, LLC | Yes | | | On this May 1, 2019 Plaintiffs served Amneal with a Notice of a Lawsuit and Request to Waive Service of a Summons, Waiver of the Service of Summons, Plaintiffs' Short Form Complaint and The County of Summit, Ohio's Third Amended Complaint and Jury Demand.  Plaintiffs contest that service was not properly performed. |
| The County of Nolan, Texas | 1:18-op-45061 | Harrison Davis Morrison Jones | No | | 2/16/2023 | Amneal Pharmaceuticals, Inc. | Yes | | | On this May 1, 2019 Plaintiffs served Amneal with a Notice of a Lawsuit and Request to Waive Service of a Summons, Waiver of the Service of Summons, Plaintiffs' Short Form Complaint and The County of Summit, Ohio's Third Amended Complaint and Jury Demand.  Plaintiffs contest that service was not properly performed. |
| Nolan County, TX | 1:18-op-45061 | Harrison Davis Morrison Jones | No | | 2/16/2023 | Indivior | No | | | |
| City of Nashua, New Hampshire | 1:18-op-45062 | Napoli Shkolnik | Yes | | | Mylan | Yes | Yes | 2/13/2023 | |
| County of Wichita, Texas | 1:18-op-45064 | Harrison Davis Morrison Jones | No | | 2/16/2023 | Hikma | No | | | |
| County of Wichita, Texas | 1:18-op-45064 | Harrison Davis Morrison Jones | No | | 2/16/2023 | Mylan | No | | | |
| County of Wichita, TX | 1:18-op-45064 | Harrison Davis Morrison Jones | No | | 2/16/2023 | Sandoz/Novartis | No | | | |
| County of Wichita, TX | 1:18-op-45064 | Harrison Davis Morrison Jones | No | | 2/16/2023 | Indivior | No | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| County of Chippewa, MI | 1:18-op-45066 | Weitz & Luxenberg | No | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| County of Chippewa, Michigan | 1:18-op-45066 | Weitz & Luxenberg | No | 12/1/2022 | Mylan | No | | | |
| County of Delta, MI | 1:18-op-45067 | Weitz & Luxenberg | No | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| County of Delta, Michigan | 1:18-op-45067 | Weitz & Luxenberg | No | 12/1/2022 | Mylan | No | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| City of Escanaba, MI | 1:18-op-45068 | Weitz & Luxenberg | No | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| City of Escanaba, Michigan | 1:18-op-45068 | Weitz & Luxenberg | No | 12/1/2022 | Mylan | No | | | |
| Marion County (MS) | 1:18-op-45075 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 7/25/2019 | |
| Marion County, MS | 1:18-op-45075 | Levin Papantonio Rafferty | Yes | | Winn-Dixie | Yes | Yes | 7/25/2019 | |
| Mobile, AL | 1:18-op-45076 | Levin Papantonio Rafferty | Yes | | Winn-Dixie | Yes | Yes | 12/18/2020 | |
| County of Polk, Texas | 1:18-op-45077 | Harrison Davis Morrison Jones | No | 2/16/2023 | Hikma | No | | | |
| County of Polk, Texas | 1:18-op-45077 | Harrison Davis Morrison Jones | No | 2/16/2023 | Mylan | No | | | |
| Polk County, TX | 1:18-op-45077 | Harrison Davis Morrison Jones | No | 2/16/2023 | Sandoz/Novartis | No | | | |
| The County of Polk, Texas | 1:18-op-45077 | Harrison Davis Morrison Jones | No | 2/16/2023 | Amneal Pharmaceuticals of New York, LLC | Yes | | | On this May 1, 2019 Plaintiffs served Amneal with a Notice of a Lawsuit and Request to Waive Service of a Summons, Waiver of the Service of Summons, Plaintiffs' Short Form Complaint and The County of Summit, Ohio's Third Amended Complaint and Jury Demand.  Plaintiffs contest that service was not properly performed. |
| The County of Polk, Texas | 1:18-op-45077 | Harrison Davis Morrison Jones | No | 2/26/2023 | Amneal Pharmaceuticals, Inc. | Yes | | | On this May 1, 2019 Plaintiffs served Amneal with a Notice of a Lawsuit and Request to Waive Service of a Summons, Waiver of the Service of Summons, Plaintiffs' Short Form Complaint and The County of Summit, Ohio's Third Amended Complaint and Jury Demand.  Plaintiffs contest that service was not properly performed. |
| Polk County, TX | 1:18-op-45077 | Harrison Davis Morrison Jones | No | 2/16/2023 | Indivior | No | | | |
| County of Lorain (OH) | 1:18-op-45078 | Napoli Shkolnik | Yes | | Prescription Supply | Yes | Yes | 2/13/2023 | |
| County of Lorain, Ohio | 1:18-op-45078 | Napoli Shkolnik | Yes | | Mylan | Yes | Yes | 2/13/2023 | |
| County of Trumbull v. Purdue Pharma L.P. | 1:18-op-45079 | Napoli Shkolnik | Yes | | Value Drug | Yes | Yes | 2/15/2023 | |
| County of Trumbull, Ohio | 1:18-op-45079 | Napoli Shkolnik | Yes | | Hikma | Yes | Yes | 2/16/2023 | |

| County of Saginaw, MI | 1:18-op-45082 | Weitz & Luxenberg | No | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| County of Saginaw, Michigan | 1:18-op-45082 | Weitz & Luxenberg | No | 12/1/2022 | Mylan | No | | | |
| County of Genesee, MI | 1:18-op-45083 | Weitz & Luxenberg | No | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| County of Genesee, Michigan | 1:18-op-45083 | Weitz & Luxenberg | No | 12/1/2022 | Mylan | No | | | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| City of Detroit, MI | 1:18-op-45084 | Weitz & Luxenberg | No | | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| City of Detroit, Michigan | 1:18-op-45084 | Weitz & Luxenberg | No | | 12/1/2022 | Mylan | No | | | |
| County of Macomb, MI | 1:18-op-45085 | Weitz & Luxenberg | No | | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| County of Macomb, Michigan | 1:18-op-45085 | Weitz & Luxenberg | No | | 12/1/2022 | Mylan | No | | | |
| Surry County (NC) | 1:18-op-45086 | Levin Papantonio Rafferty | Yes | | | JM Smith | Yes | Yes | 9/9/2019 | |
| Metropolitan Government of Nashville and Davidson County (TN) | 1:18-op-45088 | LCHB | No | | 3/14/2023 | JM Smith | Yes | Yes | | Waiver of service filed on docket 3/20/2023. |
| Metropolitan Government of Nashville and Davidson County, Tennessee | 1:18-op-45088 | LCHB | No | | 3/14/2023 | Mylan | No | | | |
| Metropolitan Government of Nashville, Tennessee et al. | 1:18-op-45088 | LCHB | No | | 3/14/2023 | Hikma | No | | | |

| Plaintiff | Case | Firm | | Date | Defendant | | | | Notes |
|---|---|---|---|---|---|---|---|---|---|
| Randy Seal, Duly Elected Sheriff of Washington Parish, in His Capacity as Officer Ex Officio of the Washington Parish Sheriff's Office and the Washington Parish Law Enforcement District | 1:18-op-45093 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Randy Seal, Duly Elected Sheriff of Washington Parish, in His Capacity as Officer Ex Officio of the Washington Parish Sheriff's Office and the Washington Parish Law Enforcement District (LA) | 1:18-op-45093 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | JM Smith | No | | | |
| Randy Seal, Sheriff of Washington Parish, Louisiana | 1:18-op-45093 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Mylan | No | | | |
| Randy Seal, Washington Parish Sheriff | 1:18-op-45093 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Louisiana Wholesale Drug | Yes | Yes | 12/4/2019 | |
| Seal (Sheriff of Washington Parish), LA | 1:18-op-45093 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Sandoz/Novartis | No | | | |
| Seal, Randy (Washington Parish Sheriff , Louisiana) | 1:18-op-45093 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Hikma | No | | | |
| Rosebud Sioux Tribe | 1:18-op-45095 | | | | Dakota Drug | No | | | The PEC notes the plaintiff is a tribe and was improperly identified by Defendant on its service and fact sheet list. The Court's 1/3/23 Order (#4801) was directed to "plaintiff-subdivisions" only. In addition, the 6/19/18 Fact Sheet Implementation Order (#638) was applicable to Government Entities only and did not apply to plaintiff-tribes (see 6/20/18 Order, #642). |
| Sisseton-Wahpeton Oyate | 1:18-op-45095 | | | | Dakota Drug | No | | | The PEC notes the plaintiff is a tribe and was improperly identified by Defendant on its service and fact sheet list. The Court's 1/3/23 Order (#4801) was directed to "plaintiff-subdivisions" only. In addition, the 6/19/18 Fact Sheet Implementation Order (#638) was applicable to Government Entities only and did not apply to plaintiff-tribes (see 6/20/18 Order, #642). |
| Flandreau Santee Sioux Tribe | 1:18-op-45095 | | | | Dakota Drug | No | | | The PEC notes the plaintiff is a tribe and was improperly identified by Defendant on its service and fact sheet list. The Court's 1/3/23 Order (#4801) was directed to "plaintiff-subdivisions" only. In addition, the 6/19/18 Fact Sheet Implementation Order (#638) was applicable to Government Entities only and did not apply to plaintiff-tribes (see 6/20/18 Order, #642). |
| Amite County (MS) | 1:18-op-45097 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 7/22/2019 | |
| Ivy Woods, Duly Elected Sheriff of Jefferson Davis Parish, in His Capacity as Officer Ex Officio of the Jefferson Davis Parish Sheriff's Office and the Jefferson Davis Parish Law Enforcement District | 1:18-op-45099 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Ivy Woods, Duly Elected Sheriff of Jefferson Davis Parish, in his Capacity as Officer Ex Officio of the Jefferson Davis Parish Sheriff's Office and the Jefferson Davis Parish Law Enforcement District (LA) | 1:18-op-45099 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | JM Smith | No | | | |
| Ivy Woods, Sheriff of Jefferson Davis Parish, Louisiana | 1:18-op-45099 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Mylan | No | | | |
| Woods (Sheriff of Jefferson Davis Parish), LA | 1:18-op-45099 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Sandoz/Novartis | No | | | |
| Woods, Ivy (Jefferson Davis Parish Sheriff , Louisiana) | 1:18-op-45099 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Hikma | No | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Cecil County, Maryland v. Amerisourcebergen Drug Corp., et al. | 1:18-op-45100 | Levin Papantonio Rafferty | Yes | | Value Drug | Yes | Yes | 5/5/2020 | |
| County of Anoka, MN | 1:18-op-45101 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Dakota Drug | Yes | | | Not Named in Complaint |
| County of Roscommon, MI | 1:18-op-45102 | Weitz & Luxenberg | No | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| County of Roscommon, Michigan | 1:18-op-45102 | Weitz & Luxenberg | No | 12/1/2022 | Mylan | No | | | |
| City of Woburn (MA) | 1:18-op-45103 | Levin Papantonio Rafferty | Yes | | KVK-Tech | Yes | Yes | 12/18/2020 | |
| County of Marquette, MI | 1:18-op-45104 | Weitz & Luxenberg | No | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| County of Marquette, Michigan | 1:18-op-45104 | Weitz & Luxenberg | No | 12/1/2022 | Mylan | No | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| County of Crawford, MI | 1:18-op-45105 | Weitz & Luxenberg | No | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| County of Crawford, Michigan | 1:18-op-45105 | Weitz & Luxenberg | No | 12/1/2022 | Mylan | No | | | |
| City of Methuen (MA) | 1:18-op-45106 | Levin Papantonio Rafferty | Yes | | KVK-Tech | Yes | Yes | 12/7/2020 | |
| Haywood County, TN | 1:18-op-45107 | Levin Papantonio Rafferty | Yes | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 3/22/2021 | |
| County of Leelanau, MI | 1:18-op-45111 | Weitz & Luxenberg | No | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| County of Leelanau, Michigan | 1:18-op-45111 | Weitz & Luxenberg | No | 12/1/2022 | Mylan | No | | | |

| County | Case No. | Firm | | Date | Defendant | | | Date | Notes |
|---|---|---|---|---|---|---|---|---|---|
| County of Mason, MI | 1:18-op-45112 | Weitz & Luxenberg | No | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| County of Mason, Michigan | 1:18-op-45112 | Weitz & Luxenberg | No | 12/1/2022 | Mylan | No | | | |
| County of Manistee, MI | 1:18-op-45113 | Weitz & Luxenberg | No | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| County of Manistee, Michigan | 1:18-op-45113 | Weitz & Luxenberg | No | 12/1/2022 | Mylan | No | | | |
| Polk County, IA | 1:18-op-45116 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Polk County, IA | 1:18-OP-45116 (S.D. Iowa) | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Hy-Vee | Yes | Yes | 6/2/2019 | |
| Brown County, WI, et al | 1:18-op-45117 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Brown County, Wisconsin, et al. | 1:18-op-45117 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Union County, MS | 1:18-op-45120 | Levin Papantonio Rafferty | Yes | | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 7/25/2019 | |
| Board of Commissioners of the County of Allen, Indiana | 1:18-op-45121 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Mylan | No | | | |
| Adair County, IA, et al. | 1:18-op-45122 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Adair County, IA | 1:18-OP-45122 (S.D. Iowa) | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Hy-Vee | Yes | Yes | 6/2/2019 | |
| Jennings County, Indiana | 1:18-op-45131 | Cohen & Malad, LLP | No | 1/3/2023 | Amneal | No | | | A PFS was originally served on 12/17/2018 |
| Jennings County, Indiana | 1:18-op-45131 | Cohen & Malad, LLP | No | 1/3/2023 | Hikma | No | | | A PFS was originally served on 12/17/2018 |
| Jennings County, Indiana | 1:18-op-45131 | Cohen & Malad, LLP | No | 1/3/2023 | Mylan | No | | | A PFS was originally served on 12/17/2018 |
| Jennings County, IN | 1:18-op-45131 | Cohen & Malad, LLP | No | 1/3/2023 | Indivior | No | | | A PFS was originally served on 12/17/2018 |
| Williamson County (TN) | 1:18-op-45134 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 1/20/2021 | |
| Greene County (TN) | 1:18-op-45136 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 3/2/2023 | |
| County of Jones, Texas | 1:18-op-45139 | Harrison Davis Morrison Jones | No | 2/16/2023 | Mylan | No | | | |
| County of Jones, TX | 1:18-op-45139 | Harrison Davis Morrison Jones | No | 2/16/2023 | Sandoz/Novartis | No | | | |
| County of Jones, TX | 1:18-op-45139 | Harrison Davis Morrison Jones | No | 2/16/2023 | Indivior | No | | | |
| Craft (Sheriff of Vernon Parish), LA | 1:18-op-45140 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Sandoz/Novartis | No | | | |
| Craft, John (Vernon Parish Sheriff , Louisiana) | 1:18-op-45140 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Hikma | No | | | |
| John Craft, Duly Elected Sheriff of Vernon Parish, in His Capacity as Officer Ex Officio of the Vernon Parish Sheriff's Office and the Vernon Parish Law Enforcement District | 1:18-op-45140 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| John Craft, Duly Elected Sheriff of Vernon Parish, in His Capacity as Officer Ex Officio of the Vernon Parish Sheriff's Office and the Vernon Parish Law Enforcement District (LA) | 1:18-op-45140 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | JM Smith | No | | | |
| John Craft, Sheriff of Vernon Parish, Louisiana | 1:18-op-45140 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Mylan | No | | | |
| John Craft, Vernon Parish Sheriff | 1:18-op-45140 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Louisiana Wholesale Drug | Yes | Yes | 11/1/2019 | |
| Douglas Hebert III, Sheriff of Allen Parish, Louisiana | 1:18-op-45142 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Mylan | No | | | |
| Douglas Hebert, III, Allen Parish Sheriff | 1:18-op-45142 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Louisiana Wholesale Drug | Yes | Yes | 11/1/2019 | |
| Douglas Hebert, III, Duly Elected Sheriff of Allen Parish, in His Capacity as Officer Ex Office of the Allen Parish Sheriff's Office and the Allen Parish Law Enforcement District (LA) | 1:18-op-45142 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | JM Smith | No | | | |
| Douglas Hebert, III, Duly Elected Sheriff of Allen Parish, in His Capacity as Officer Ex Officio of the Allen Parish Sheriff's Office and the Allen Parish Law Enforcement District | 1:18-op-45142 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Hebert (Sheriff of Allen Parish), LA | 1:18-op-45142 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Sandoz/Novartis | No | | | |
| Herbert, Douglas III (Allen Parish Sheriff , Louisiana) | 1:18-op-45142 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Hikma | No | | | |
| Richardson (Sheriff of Sabine Parish), LA | 1:18-op-45143 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Sandoz/Novartis | No | | | |
| Richardson, Ronald (Sabine Parish Sheriff , Louisiana) | 1:18-op-45143 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Hikma | No | | | |
| Ronald Richardson, Duly Elected Sheriff of Sabine Parish, in His Capacity as Officer Ex Officio of the Sabine Parish Sheriff's Office and the Sabine Parish Law Enforcement District | 1:18-op-45143 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Ronald Richardson, Duly Elected Sheriff of Sabine Parish, in His Capacity as Officer Ex Officio of the Sabine Parish Sheriff's Office and the Sabine Parish Law Enforcement District (LA) | 1:18-op-45143 | Simmons Hanly Conroy, LLC | | 1/3/2023 | JM Smith | No | | | |
| Ronald Richardson, Sabine Parish Sheriff | 1:18-op-45143 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Louisiana Wholesale Drug | Yes | Yes | 11/22/2019 | |
| Ronald Richardson, Sheriff of Sabine Parish, Louisiana | 1:18-op-45143 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Mylan | No | | | |
| Catawba County (NC) | 1:18-op-45145 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 9/10/2019 | |
| Forrest County (MS) | 1:18-op-45147 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 7/22/2019 | |
| Forrest County, MS | 1:18-op-45147 | Levin Papantonio Rafferty | Yes | | Winn-Dixie | Yes | Yes | 7/22/2019 | |
| City of Alexandria, IN, et al. | 1:18-op-45151 | Cohen & Malad, LLP | No | 1/3/2023 | Sandoz/Novartis | No | | | PFS's were originally served on 12/17/2018 and supplemented for Alexandria on 12/18/2018 |
| City of Alexandria, Indiana et al. | 1:18-op-45151 | Cohen & Malad, LLP | No | 1/3/2023 | Hikma | No | | | PFS's were originally served on 12/17/2018 and supplemented for Alexandria on 12/18/2018 |
| City of Alexandria, Indiana, et al. | 1:18-op-45151 | Cohen & Malad, LLP | No | 1/3/2023 | Amneal | No | | | PFS's were originally served on 12/17/2018 and supplemented for Alexandria on 12/18/2018 |
| City of Alexandria, Indiana; City of Elwood, Indiana; Madison County, Indiana | 1:18-op-45151 | Cohen & Malad, LLP | No | 1/3/2023 | Mylan | No | | | PFS's were originally served on 12/17/2018 and supplemented for Alexandria on 12/18/2018 |
| City of Alexandria, IN, City of Elwood, IN, and Madison County, IN | 1:18-op-45151 | Cohen & Malad, LLP | No | 1/3/2023 | Indivior | No | | | PFS's were originally served on 12/17/2018 and supplemented for Alexandria on 12/18/2018 |
| Baldwin County, AL | 1:18-op-45152 | Levin Papantonio Rafferty | Yes | | Winn-Dixie | Yes | Yes | 11/16/2020 | |
| Hancock County (TN) | 1:18-op-45153 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 2/8/2023 | |
| Jay Russell, Duly elected Sheriff of Ouachita Parish in his official capacity as Sheriff & the Ouachita Parish Law Enforcement District (LA) | 1:18-op-45154 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | JM Smith | No | | | |
| Jay Russell, Duly Elected Sheriff of Ouachita Parish, in His Capacity as Officer Ex Officio of the Ouachita Parish Sheriff's Office and the Ouachita Parish Law Enforcement District | 1:18-op-45154 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Jay Russell, Ouachita Parish Sheriff | 1:18-op-45154 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Louisiana Wholesale Drug | Yes | Yes | 12/4/2019 | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Jay Russell, Sheriff of Ouachita Parish, Louisiana | 1:18-op-45154 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Mylan | No | | | |
| Russell (Sheriff of Ouachita Parish), LA | 1:18-op-45154 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Sandoz/Novartis | No | | | |
| Russell, Jay (Ouachita Sheriff, Louisiana) | 1:18-op-45154 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Hikma | No | | | |
| City of Revere, MA | 1:18-op-45155 | Levin Papantonio Rafferty | | | KVK-Tech | Yes | Yes | 12/18/2020 | |
| City of Revere, MA | 1:18-op-45155 | Levin Papantonio Rafferty | Yes | | KVK-Tech | Yes | Yes | 12/18/2020 | |
| Lake County, Indiana | 1:18-op-45156 | Cohen & Malad, LLP | No | 1/3/2023 | Amneal | No | | | A PFS was originally served on 12/17/2018 |
| Lake County, Indiana | 1:18-op-45156 | Cohen & Malad, LLP | No | 1/3/2023 | Hikma | No | | | A PFS was originally served on 12/17/2018 |
| Lake County, Indiana | 1:18-op-45156 | Cohen & Malad, LLP | No | 1/3/2023 | Mylan | No | | | A PFS was originally served on 12/17/2018 |
| Lake County, IN | 1:18-op-45156 | Cohen & Malad, LLP | No | 1/3/2023 | Indivior | No | | | A PFS was originally served on 12/17/2018 |
| Marshall County, IN | 1:18-op-45157 | Cohen & Malad, LLP | No | 1/3/2023 | Sandoz/Novartis | No | | | A PFS was originally served on 12/17/2018 |
| Marshall County, Indiana | 1:18-op-45157 | Cohen & Malad, LLP | No | 1/3/2023 | Amneal | No | | | A PFS was originally served on 12/17/2018 |
| Marshall County, Indiana | 1:18-op-45157 | Cohen & Malad, LLP | No | 1/3/2023 | Hikma | No | | | A PFS was originally served on 12/17/2018 |
| Marshall County, Indiana | 1:18-op-45157 | Cohen & Malad, LLP | No | 1/3/2023 | Mylan | No | | | A PFS was originally served on 12/17/2018 |
| Marshall County, IN | 1:18-op-45157 | Cohen & Malad, LLP | No | 1/3/2023 | Indivior | No | | | A PFS was originally served on 12/17/2018 |
| City of Connersville, IN, et al. | 1:18-op-45159 | Cohen & Malad, LLP | No | 1/3/2023 | Sandoz/Novartis | No | | | PFS was originally served on 12/17/2018 |
| City of Connersville, Indiana et al. | 1:18-op-45159 | Cohen & Malad, LLP | No | 1/3/2023 | Hikma | No | | | PFS was originally served on 12/17/2018 |
| City of Connersville, Indiana, et al. | 1:18-op-45159 | Cohen & Malad, LLP | No | 1/3/2023 | Amneal | No | | | PFS was originally served on 12/17/2018 |
| City of Connersville, Indiana; Fayette County, Indiana | 1:18-op-45159 | Cohen & Malad, LLP | No | 1/3/2023 | Mylan | No | | | PFS was originally served on 12/17/2018 |
| City of Connersville and Fayette County, IN | 1:18-op-45159 | Cohen & Malad, LLP | No | 1/3/2023 | Indivior | No | | | PFS was originally served on 12/17/2018 |
| City of Baton Rouge, Louisiana | 1:18-op-45160 | Levin Papantonio Rafferty | Yes | | Louisiana Wholesale Drug | Yes | Yes | 2/28/2023 | |
| East Baton Rouge, LA | 1:18-op-45160 | Levin Papantonio Rafferty | Yes | | Winn-Dixie | Yes | Yes | 3/22/2021 | |
| Johnson County (TN) | 1:18-op-45164 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 3/23/2021 | |
| Candler County (GA) | 1:18-op-45165 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | JM Smith | Yes | Yes | 4/25/2019 | Defendant signed and returned the waiver on 4/25/19. Plaintiff filed the waiver with the Court on 4/3/20. |
| Candler County, Georgia | 1:18-op-45165 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Hikma | No | | | |
| Candler County, Georgia | 1:18-op-45165 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Mylan | No | | | |
| Candler County, Georgia | 1:18-op-45165 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Amneal | No | | | |
| County of Huerfano, Colorado | 1:18-op-45168 | Skikos Crawford Skikos & Joseph Ochs Law Firm | Yes | N/A | Hikma | Yes | No | N/A | A request for waiver of service pursuant to FRCP Rule 4(d) and CMO-1 was circulated to Hikma on 2/17/23. The request was denied by Hikma. |
| County of Huerfano, Colorado | 1:18-op-45168 | Skikos Crawford Skikos & Joseph Ochs Law Firm | Yes | N/A | Mylan | Yes | No | N/A | A request for waiver of service pursuant to FRCP Rule 4(d) and CMO-1 was circulated to Mylan on 2/17/23. The request was denied by Mylan. |
| County of Clay, Texas | 1:18-op-45169 | Harrison Davis Morrison Jones | No | 2/16/2023 | Mylan | No | | | |
| County of Clay, TX | 1:18-op-45169 | Harrison Davis Morrison Jones | No | 2/16/2023 | Sandoz/Novartis | No | | | |
| County of Clay, TX | 1:18-op-45169 | Harrison Davis Morrison Jones | No | 2/16/2023 | Indivior | No | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| County of Onondaga, New York v. Purdue Pharma, L.P., et al. | 1:18-op-45170 | Brindisi, Murad & Brindisi Pearlman | Yes | | Amneal Pharmaceuticals, Inc. | Yes | In Process | | Waiver. They took a position that API was not a proper defendant based on a previous ruling in a different case, claiming that the MDL court had decided such in a 4/12/19 order. (See Doc 1548).<br><br>Also, as demonstrated below, our law office has, in good faith, sent additional Waivers to correct any deemed deficiencies. Since an Answer has not been served, Plaintiffs submit there is no prejudice to Defendant API by requesting that the Waivers be signed at the present time. Per Case Management Order One (Doc No. 232, ¶5c, Service of Summons and Complaint), "Defendants are encouraged to avoid unnecessary expenses associated with serving the summons and, absent good cause, shall grant requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." Since an Answer has not been served, Plaintiff submits there is no prejudice to Defendant API by requesting that the Waivers be signed at the present time. *API - listed as no service of process. (Doc No. 4847)* •On April 14, 2019, an email was sent to Paul Cosgrove, Esq., attaching a Waiver of Service of the Summons for Defendants Amneal Pharmaceuticals, LLC, Amneal Pharmaceuticals, Inc., and Amneal Pharmaceuticals of New York, LLC, along with a copy of the filed Complaint.<br><br>•On June 3, 2019, another email was forwarded to Attorney Cosgrove requesting again a Waiver of Service of Summons, along with a copy of the complaint, for Defendant Amneal Pharmaceuticals, Inc.<br><br>•On June 4, 2019, the email was acknowledged by Sarah Miller Benoit, Esq., requesting information and we responded. .<br><br>•On June 5, 2019, Waivers were returned for Defendants Amneal Pharmaceuticals, LLC and Amneal Pharmaceuticals of New York, LLC only.<br>•On June 9, 2019, Waivers of Service of the Summons were filed for Defendants Amneal Pharmaceuticals, LLC, and Amneal Pharmaceuticals of New York, LLC. (See Case 1:18-op-45170 |
| City of Dora (AL) | 1:18-op-45171 | Friedman, Dazzio & Zulanas, P.C. | No | | 3/3/2023 JM Smith | Yes | In Process | | **PFS Explanation:** The PFS for our clients' in Alabama were sent via DropBox. After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023. We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss. Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023. We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents). We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint. As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |
| City of Jasper (AL) | 1:18-op-45171 | Friedman, Dazzio & Zulanas, P.C. | No | | 3/3/2023 JM Smith | Yes | In Process | | **PFS Explanation:** The PFS for our clients' in Alabama were sent via DropBox. After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023. We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss. Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023. We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents). We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint. As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| City of Sumiton (AL) | 1:18-op-45171 | Friedman, Dazzio & Zulanas, P.C. | No | | 3/3/2023 | JM Smith | Yes | In Process | **PFS Explaination:** The PFS for our clients' in Alabama were sent via DropBox. After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023. We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss. Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023. We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents). We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint. As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |
| County of Marion, Alabama; County of Pickens, Alabama; County of Walker, Alabama; City of Dora, Alabama; City of Jasper, Alabama; City of Sumiton, Alabama | 1:18-op-45171 | Friedman, Dazzio & Zulanas, P.C. | No | | 3/3/2023 | Mylan | Yes | In Process | **PFS Explaination:** The PFS for our clients' in Alabama were sent via DropBox. After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023. We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss. Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023. We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents). We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint. As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |
| Marion County (AL) | 1:18-op-45171 | Friedman, Dazzio & Zulanas, P.C. | No | | 3/3/2023 | JM Smith | Yes | In Process | **PFS Explaination:** The PFS for our clients' in Alabama were sent via DropBox. After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023. We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss. Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023. We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents). We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint. As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |
| Marion County, Alabama et al. | 1:18-op-45171 | Friedman, Dazzio & Zulanas, P.C. | No | | 3/3/2023 | Hikma | Yes | In Process | **PFS Explaination:** The PFS for our clients' in Alabama were sent via DropBox. After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023. We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss. Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023. We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents). We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint. As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |
| Pickens County (AL) | 1:18-op-45171 | Friedman, Dazzio & Zulanas, P.C. | No | | 3/3/2023 | JM Smith | Yes | In Process | **PFS Explaination:** The PFS for our clients' in Alabama were sent via DropBox. After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023. We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss. Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023. We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents). We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint. As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Walker County (AL) | 1:18-op-45171 | Friedman, Dazzio & Zulanas, P.C. | No | | 3/3/2023 | JM Smith | Yes | In Process | **PFS Explaination:** The PFS for our clients' in Alabama were sent via DropBox.  After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023.  We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss.  Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023.  We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents).  We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint.  As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |
| Counties of Marion, Pickens, and Walker, AL, and Cities of Dora, Jasper, and Sumiton, AL | 1:18-op-45171 | Friedman, Dazzio & Zulanas, P.C. | No | | 3/3/2023 | Indivior | Yes | In Process | **PFS Explaination:** The PFS for our clients' in Alabama were sent via DropBox.  After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023.  We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss.  Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023.  We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents).  We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint.  As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |
| Skagit County, Washington | 1:18-op-45173 | Keller Rohrback L.L.P. | Yes | | | Amneal Pharmaceuticals LLC | Yes | Yes | 3/14/2023 | Declaration of Service re personal service filed 3/14/23. Waiver request originally sent 4/7/2020. After multiple follow-ups, Indivior refused to sign waiver. Personal service perfected 3/10/2023. |
| Skagit County, Washington | 1:18-op-45173 | Keller Rohrback L.L.P. | Yes | | | Amneal Pharmaceuticals, Inc. | Yes | Yes | 3/14/2023 | Declaration of Service re personal service filed 3/14/23. Waiver request originally sent 4/7/2020. After multiple follow-ups, Indivior refused to sign waiver. Personal service perfected 3/10/2023. |
| Skagit County, Washington | 1:18-op-45173 | Keller Rohrback L.L.P. | Yes | | | Hikma | Yes | Yes | 3/20/2023 | Declaration of Service re personal service filed 3/20/23. Hikma Pharmaceuticals USA, Inc. not a named defendant. West-Ward Pharmaceutical Corp is a named defendant.  Waiver request originally sent to West-Ward on 1/3/2020. No response received after multiple follow-ups. Personal service perfected 3/15/2023. |
| Municipality of Guayanilla, Puerto Rico | 1:18-op-45176 | Sanders Phillips Grossman, LLC AKA Milberg Coleman Bryson Phillips Grossman, LLC | Yes | | | Amneal Pharmaceuticals LLC | Yes | In Process | | |
| Arizona Municipal Risk Retention Pool | 1:18-op-45178 | Keller Rohrback L.L.P. | Yes | | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 2/27/2023 | Waiver filed 2/27/23.  Waiver signed and received 4/3/2020. |
| Arizona Municipal Risk Retention Pool | 1:18-op-45178 | Keller Rohrback L.L.P. | Yes | | | KVK-Tech | Yes | Yes | 3/8/2023 | Waiver filed 3/8/23. Waiver request originally sent 3/4/2020. After multiple follow-ups, waiver signed and returned 3/8/2023. |
| Arizona Municipal Risk Retention Pool, Arizona | 1:18-op-45178 | Keller Rohrback L.L.P. | Yes | | | Hikma | Yes | Yes | 3/20/2023 | Declaration of Service re personal service filed 3/20/23. Hikma Pharmaceuticals USA, Inc. not a named defendant. West-Ward Pharmaceutical Corp is a named defendant.  Waiver request originally sent to West-Ward on 1/3/2020. No response received after multiple follow-ups. Personal service perfected 3/15/2023. |
| Coffee County, AL | 1:18-op-45182 | Levin Papantonio Rafferty | Yes | | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 12/30/2020 | |
| Stokes County, NC | 1:18-op-45185 | Levin Papantonio Rafferty | Yes | | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 9/9/2019 | |
| Mobile County, AL | 1:18-op-45186 | Levin Papantonio Rafferty | Yes | | | Winn-Dixie | Yes | Yes | 12/23/2020 | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Edrick Soileau, Duly Elected Sheriff of Evangeline Parish, in His Capacity as Officer Ex Officio of the Evangeline Parish Sheriff's Office and the Evangeline Parish Law Enforcement District | 1:18-op-45189 | Simmons Hanly Conroy, LLC | No | | 1/3/2023 | Amneal Pharmaceuticals, Inc. | Yes | | SHC Not Pursuing |
| Edrick Soileau, Duly Elected Sheriff of Evangeline Parish, in His Capacity as Officer Ex Officio of the Evangeline Parish Sheriff's Office and the Evangeline Parish Law Enforcement District (LA) | 1:18-op-45189 | Simmons Hanly Conroy, LLC | No | | 1/3/2023 | JM Smith | No | | |
| Edrick Soileau, Evangeline Parish Sheriff | 1:18-op-45189 | Simmons Hanly Conroy, LLC | No | | 1/3/2023 | Louisiana Wholesale Drug | Yes | Yes | 11/22/2019 | |
| Edrick Soileau, Sheriff of Evangeline Parish, Louisiana | 1:18-op-45189 | Simmons Hanly Conroy, LLC | No | | 1/3/2023 | Mylan | No | | |
| Soileau (Sheriff of Evangeline Parish), LA | 1:18-op-45189 | Simmons Hanly Conroy, LLC | No | | 1/3/2023 | Sandoz/Novartis | No | | |
| Soileau, Edrick (Evangeline Parish Sheriff , Louisiana) | 1:18-op-45189 | Simmons Hanly Conroy, LLC | No | | 1/3/2023 | Hikma | No | | |
| Pierce County, Washington | 1:18-op-45195 | Keller Rohrback L.L.P. | Yes | | | Hikma | Yes | Yes | 3/20/2023 | Declaration of Service re personal service filed 3/20/23. Hikma Pharmaceuticals USA, Inc. not a named defendant. West-Ward Pharmaceutical Corp is a named defendant.  Waiver request originally sent to West-Ward on 1/3/2020. No response received after multiple follow-ups. Personal service perfected 3/15/2023. |
| Tuscaloosa County, AL | 1:18-op-45196 | Levin Papantonio Rafferty | Yes | | | Winn-Dixie | Yes | Yes | 11/18/2020 | |
| Municipality of Sabana Grande, Puerto Rico, et al. | 1:18-op-45197 | Sanders Phillips Grossman, LLC AKA Milberg Coleman Bryson Phillips Grossman, LLC | Yes | | | Amneal Pharmaceuticals LLC | Yes | In Process | | |
| Municipality of Sabana Grande, Puerto Rico; Municipality of Cayey, Puerto Rico | 1:18-op-45197 | Sanders Phillips Grossman, LLC AKA Milberg Coleman Bryson Phillips Grossman, LLC | Yes | | | Mylan | Yes | In Process | | |
| Municipality of Sabana Grande and Municipality of Cayey, PR | 1:18-op-45197 | Sanders Phillips Grossman, LLC AKA Milberg Coleman Bryson Phillips Grossman, LLC | Yes | | | Indivior | Yes | In Process | | |
| Selma, AL | 1:18-op-45198 | Levin Papantonio Rafferty | Yes | | | Winn-Dixie | Yes | Yes | 12/18/2020 | |
| City of Union Springs, AL | 1:18-op-45204 | Levin Papantonio Rafferty | Yes | | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 12/30/2020 | |
| Lamar County, Alabama; City of Vernon, Alabama; and Hal Allred, Sheriff of Lamar County, Alabama | 1:18-op-45210 | Riley & Jackson, P.C. | No | | 10/28/2022 | Mylan | Yes | In Process | In Process | Plaintiff's counsel believes his office submitted a service waiver to defense counsel at the time this case was originally filed. Counsel has confirmed that his legal assistant who was in charge of submitting waivers to defense submitted waivers to other defendants at or around the same time. Counsel cannot confirm with certainty that his legal assistant submitted a waiver to counsel for this defendant as the legal assistant left employment with the firm at the time of the COVID outbreak, and her internal electronic files are no longer accessible. Plaintiff's counsel resubmitted the service waiver to defense counsel in March, 2023. Defense counsel did not respond. Plaintiff's counsel then requested and has obtained a summons from the Clerk of Court. Service on this defendant is in process. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Fayette County, Alabama; City of Fayette, Alabama; Byron Yerby, Alabama | 1:18-op-45211 | Riley & Jackson, P.C. | No | 10/28/2022 | Mylan | Yes | In Process | In Process | Plaintiff's counsel believes his office submitted a service waiver to defense counsel at the time this case was originally filed. Counsel has confirmed that his legal assistant who was in charge of submitting waivers to defense submitted waivers to other defendants at or around the same time. Counsel cannot confirm with certainty that his legal assistant submitted a waiver to counsel for this defendant as the legal assistant left employment with the firm at the time of the COVID outbreak, and her internal electronic files are no longer accessible. Plaintiff's counsel resubmitted the service waiver to defense counsel in March, 2023. Defense counsel did not respond. Plaintiff's counsel then requested and has obtained a summons from the Clerk of Court. Service on this defendant is in process. |
| Montgomery County, Maryland | 1:18-op-45212 | Robbins Geller Rudman & Dowd LLP | Yes | | Mylan | Yes | Yes | 2/17/2023 | Plaintiff filed its short form complaint on March 14, 2019, naming Mylan N.V. f/k/a Mylan Inc. and Mylan Pharmaceuticals Inc.  On April 25, 2019, it served the domestic entity – Mylan Pharmaceuticals Inc. – with the short form and operative complaint.  *See* Dkt. No. 47.  CMO 1 suspended service of international defendants.  Following this Court's recent orders on service, Plaintiff sent a waiver request for Mylan N.V. to counsel of record, which counsel denied.  Plaintiff also served Mylan N.V. by way of Mylan Pharmaceuticals Inc. on February 17, 2023.  Thus, Mylan has been on notice since April 25, 2019, at the latest, and has not been prejudiced.  Any procedural service issues related to Mylan N.V. have been effectively cured. |
| Montgomery County, MD | 1:18-op-45212 | Robbins Geller Rudman & Dowd LLP | Yes | | Koninklijke Ahold Delhaize N.V. | Yes | Yes | 3/2/2023 | Plaintiff filed its short form complaint on March 14, 2019, naming Koninklijke Ahold Dehaize N.V., Ahold U.S.A., Inc., and American Sales Company, Inc.  On April 25, 2019, it served the domestic entities – Ahold U.S.A., Inc., and American Sales Company, Inc. –  with the short form and operative complaint.  *See* Dkt. Nos. 40, 44.  CMO 1 suspended service of international defendants.  Following this Court's recent orders on service, Plaintiff sent a waiver request for Koninklijke Ahold Dehaize N.V. to counsel of record.  Plaintiff also served Koninklijke Ahold Dehaize N.V. care of Ahold Delhaize USA, Inc. on March 2, 2023.  Thus, Koninklijke Ahold Dehaize N.V has been on notice since April 25, 2019 and has not been prejudiced.  Any procedural service issues related to Koninklijke Ahold Dehaize N.V. have been effectively cured. |
| City of Enterprise, AL | 1:18-op-45213 | Levin Papantonio Rafferty | Yes | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 11/24/2020 | |
| City of Ozark, AL | 1:18-op-45214 | Levin Papantonio Rafferty | Yes | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 12/18/2020 | |
| Crockett County (TN) | 1:18-op-45215 | Levin Papantonio Rafferty | Yes | | Quest Pharmaceuticals | Yes | Yes | 3/22/2021 | |
| Town of Butler, AL | 1:18-op-45216 | Frazer PLC | No | 1/10/2023 | Indivior | No | | | |
| City of Marion, AL | 1:18-op-45217 | Levin Papantonio Rafferty | Yes | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 12/8/2020 | |
| The Unified Government of Athens-Clarke County (GA) | 1:18-op-45218 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | JM Smith | Yes | Yes | 4/25/2019 | Defendant signed and returned the waiver on 4/25/19. Plaintiff filed the waiver with the Court on 11/19/19. |
| The Unified Government of Athens-Clarke County, Georgia | 1:18-op-45218 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Amneal | No | | | |
| The Unified Government of Athens-Clarke County, Georgia | 1:18-op-45218 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Hikma | No | | | |
| Unified Government of Athens-Clarke County, Georgia | 1:18-op-45218 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Mylan | No | | | |
| Oconee County (GA) | 1:18-op-45219 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | JM Smith | Yes | Yes | 4/25/2019 | Defendant signed and returned the waiver on 4/25/19. Plaintiff filed the waiver with the Court on 2/3/23. |
| Oconee County, Georgia | 1:18-op-45219 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Amneal | No | | | |
| Oconee County, Georgia | 1:18-op-45219 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Hikma | No | | | |
| Oconee County, Georgia | 1:18-op-45219 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Mylan | No | | | |

| Plaintiff | Case No. | Firm | | Date | Defendant | | Status | Date | Notes |
|---|---|---|---|---|---|---|---|---|---|
| Standing Rock Sioux Tribe | 1:18-op-45220 | | | | Dakota Drug | No | | | The PEC notes the plaintiff is a tribe and was improperly identified by Defendant on its service and fact sheet list. The Court's 1/3/23 Order (#4801) was directed to "plaintiff-subdivisions" only. In addition, the 6/19/18 Fact Sheet Implementation Order (#638) was applicable to Government Entities only and did not apply to plaintiff-tribes (see 6/20/18 Order, #642). |
| Mecklenburg County (NC) | 1:18-op-45221 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | JM Smith | No | | | |
| Mecklenburg County, NC | 1:18-op-45221 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Associated Pharmacies Inc/American Associated Pharmacies | No | | | |
| County of Haskell, Texas | 1:18-op-45223 | Harrison Davis Morrison Jones | No | 2/16/2023 | Hikma | No | | | |
| Haskell County, Texas | 1:18-op-45223 | Harrison Davis Morrison Jones | No | 2/16/2023 | Mylan | No | | | |
| Haskell County, TX | 1:18-op-45223 | Harrison Davis Morrison Jones | No | 2/16/2023 | Sandoz/Novartis | No | | | |
| The County of Haskell, Texas | 1:18-op-45223 | Harrison Davis Morrison Jones | No | 2/16/2023 | Amneal Pharmaceuticals of New York, LLC | Yes | | | On this May 1, 2019 Plaintiffs served Amneal with a Notice of a Lawsuit and Request to Waive Service of a Summons, Waiver of the Service of Summons, Plaintiffs' Short Form Complaint and The County of Summit, Ohio's Third Amended Complaint and Jury Demand. Plaintiffs contest that service was not properly performed. |
| The County of Haskell, Texas | 1:18-op-45223 | Harrison Davis Morrison Jones | No | 2/16/2023 | Amneal Pharmaceuticals, Inc. | Yes | | | On this May 1, 2019 Plaintiffs served Amneal with a Notice of a Lawsuit and Request to Waive Service of a Summons, Waiver of the Service of Summons, Plaintiffs' Short Form Complaint and The County of Summit, Ohio's Third Amended Complaint and Jury Demand. Plaintiffs contest that service was not properly performed. |
| Haskell County, TX | 1:18-op-45223 | Harrison Davis Morrison Jones | No | 2/16/2023 | Indivior | No | | | |
| City of Charleston, WV | 1:18-op-45224 | Motley Rice | Yes | | Masters Pharmaceutical | Yes | In Process | | As per the template filed 4/25/2018 (ECF 279-1), Plaintiff served counsel Jack Smith on behalf of Masters Pharmaceutical with the City of Charleston, WV complaint and a waiver form on 7/12/2018 at 12:58 PM. Confirmation of original service and waiver sent with curative waiver to Defense counsel's new Masters signatory. |
| Town of Fort Gay, WV | 1:18-OP-45225 | Motley Rice | Yes | | TopRx | Yes | Yes | 7/17/2018 | Curative waiver sent to Defense counsel; Notice of a Lawsuit and Request to Waive Service of a Summons - *instead of a Waiver of the Service of Summons* - for the Town of Fort Gay, WV was signed and returned by counsel Allen Lopus on behalf of Top Rx, LLC on 7/17/2018 with the originally served Notice signed by Linda Singer on behalf of the Town of Fort Gay, WV and corresponding complaint. |
| Summers County Commission | 1:18-OP-45226 | Wooton, Davis, Hussell & | No | N/A | TopRx | No | No | N/A | Summers County has participated in a global settlement with regard to the State of West Virginia and pursuant to MOA |
| Cullman County, AL | 1:18-op-45227 | Levin Papantonio Rafferty | Yes | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 12/30/2020 | |
| Childress County, Texas | 1:18-op-45229 | Harrison Davis Morrison Jones | No | 2/16/2023 | Mylan | No | | | |
| County of Childress, Texas | 1:18-op-45229 | Harrison Davis Morrison Jones | No | 2/16/2023 | Hikma | No | | | |
| County of Childress, TX | 1:18-op-45229 | Harrison Davis Morrison Jones | No | 2/16/2023 | Sandoz/Novartis | No | | | |
| Marshall County, Alabama et al. | 1:18-op-45230 | Friedman, Dazzio & Zulanas, P.C. | No | 3/3/2023 | Hikma | Yes | In Process | | **PFS Explaination:** The PFS for our clients' in Alabama were sent via DropBox. After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023. We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss. Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023. We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents). We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint. As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022, to resend per Judge Polster's Order. |

| Jurisdiction | Case No. | Law Firm | | Date | Defendant | | Status | Date | Notes |
|---|---|---|---|---|---|---|---|---|---|
| Marshall County, Alabama; City of Albertville, Alabama; City of Arab, Alabama; City of Boaz, Alabama; City of Guntersville, Alabama; Town of Douglas, Alabama; Town of Grant; Alabama | 1:18-op-45230 | Friedman, Dazzio & Zulanas, P.C. | No | 3/3/2023 | Mylan | Yes | In Process | | **PFS Explaination:** The PFS for our clients' in Alabama were sent via DropBox. After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023. We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss. Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023. We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents). We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint. As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |
| Marshall County, AL, Cities of Albertville, Arab, Boaz and Guntersville, AL, and Towns of Douglas and Grant, AL | 1:18-op-45230 | Friedman, Dazzio & Zulanas, P.C. | No | 3/3/2023 | Indivior | Yes | In Process | | **PFS Explaination:** The PFS for our clients' in Alabama were sent via DropBox. After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023. We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss. Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023. We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents). We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint. As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |
| Kings County, Washington | 1:18-op-45231 | Keller Rohrback L.L.P. | Yes | | Hikma | Yes | Yes | 3/20/2023 | Declaration of Service re personal service filed 3/20/23. Hikma Pharmaceuticals USA, Inc. not a named defendant. West-Ward Pharmaceutical Corp is a named defendant. Waiver request originally sent to West-Ward on 1/3/2020. No response received after multiple follow-ups. Personal service perfected 3/15/2023. |
| County of La Salle, Texas | 1:18-op-45234 | Harrison Davis Morrison Jones | No | 2/16/2023 | Hikma | No | | | |
| County of La Salle, Texas | 1:18-op-45234 | Harrison Davis Morrison Jones | No | 2/16/2023 | Mylan | No | | | |
| County of La Salle, TX | 1:18-op-45234 | Harrison Davis Morrison Jones | No | 2/16/2023 | Sandoz/Novartis | No | | | |
| The County of La Salle, Texas | 1:18-op-45234 | Harrison Davis Morrison Jones | No | 2/16/2023 | Amneal Pharmaceuticals of New York, LLC | Yes | | | On this May 1, 2019 Plaintiffs served Amneal with a Notice of a Lawsuit and Request to Waive Service of a Summons, Waiver of the Service of Summons, Plaintiffs' Short Form Complaint and The County of Summit, Ohio's Third Amended Complaint and Jury Demand. Plaintiffs contest that service was not properly performed. |
| The County of La Salle, Texas | 1:18-op-45234 | Harrison Davis Morrison Jones | No | 2/16/2023 | Amneal Pharmaceuticals, Inc. | Yes | | | On this May 1, 2019 Plaintiffs served Amneal with a Notice of a Lawsuit and Request to Waive Service of a Summons, Waiver of the Service of Summons, Plaintiffs' Short Form Complaint and The County of Summit, Ohio's Third Amended Complaint and Jury Demand. Plaintiffs contest that service was not properly performed. |
| County of La Salle, TX | 1:18-op-45234 | Harrison Davis Morrison Jones | No | 2/16/2023 | Indivior | No | | | |
| City of Bloomington, IN, et al. | 1:18-op-45235 | Cohen & Malad, LLP | No | 1/3/2023 | Sandoz/Novartis | No | | | PFS was originally served on 12/17/2018 |
| City of Bloomington, Indiana | 1:18-op-45235 | Cohen & Malad, LLP | No | 1/3/2023 | Amneal | No | | | PFS was originally served on 12/17/2018 |
| City of Bloomington, Indiana et al. | 1:18-op-45235 | Cohen & Malad, LLP | No | 1/3/2023 | Hikma | No | | | PFS was originally served on 12/17/2018 |
| City of Bloomington, Indiana; Monroe County, Indiana | 1:18-op-45235 | Cohen & Malad, LLP | No | 1/3/2023 | Mylan | No | | | PFS was originally served on 12/17/2018 |
| City of Bloomington and Monroe County, IN | 1:18-op-45235 | Cohen & Malad, LLP | No | 1/3/2023 | Indivior | No | | | PFS was originally served on 12/17/2018 |
| Jeff Davis County (GA) | 1:18-op-45237 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | JM Smith | Yes | Yes | 4/25/2019 | Defendant signed and returned the waiver on 4/25/19. Plaintiff filed the waiver with the Court on 2/3/23. |
| Jeff Davis County, Georgia | 1:18-op-45237 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Hikma | No | | | |
| Jeff Davis County, Georgia | 1:18-op-45237 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Mylan | No | | | |
| Jeff Davis County, Georgia | 1:18-op-45237 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Amneal | No | | | |

| Plaintiff | Case No. | Firm | Col4 | Date | Defendant | Col7 | Col8 | Date | Notes |
|---|---|---|---|---|---|---|---|---|---|
| Crisp County (GA) | 1:18-op-45238 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | JM Smith | Yes | Yes | 4/25/2019 | Defendant signed and returned the waiver on 4/25/19. Plaintiff filed the waiver with the Court on 2/1/23. |
| Crisp County, Georgia | 1:18-op-45238 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Amneal | No | | | |
| Crisp County, Georgia | 1:18-op-45238 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Hikma | No | | | |
| Crisp County, Georgia | 1:18-op-45238 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Mylan | No | | | |
| City of Lakewood, Ohio | 1:18-op-45240 | Lowe Scott Fisher Co., LPA | No | N/A | Mylan | Yes | Yes | 2/21/2023 | Pursuant to the Court's Order (Docket No. 638 dtd. June 19, 2018), Plaintiff City of Lakewood served its PFS on liaison counsel on Dec. 13, 2018.  Unknown to Plaintiff City of Lakewood, Plaintiff's liaison counsel apparently failed to file its PFS with the PFS Repository. |
| Pickett County (TN) | 1:18-op-45242 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 3/23/2021 | |
| Pickett County, TN | 1:18-op-45242 | Levin Papantonio Rafferty | Yes | | TopRx | Yes | Yes | 4/7/2021 | |
| Rutherford County (NC) | 1:18-op-45243 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 9/11/2019 | |
| Bullock County, AL | 1:18-op-45246 | Levin Papantonio Rafferty | Yes | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 11/23/2020 | |
| Clay County, AL | 1:18-op-45248 | Montgomery Ponder, LLC | Yes | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 1/13/2020 | Plaintiff's counsel was initially unable to locate the required Request for Wavier of Service for the Defendant. Defendant amended its Request for Waiver form on 8/19/2019 [Doc. 2491]. On 08/20/2019, Plaintiff emailed request to Defendant's counsel. Plaintiff's counsel sent follow-up email and Defendant sent signed Waiver of Service on 01/13/2020. Waiver of Service filed 01/14/2020 [Doc. 36]. |
| Indiana County, Pennsylvania v. | 1:18-op-45249 | Levin Papantonio Rafferty | Yes | | Value Drug | Yes | Yes | 3/25/2021 | |
| Sumter County (GA) | 1:18-op-45250 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | JM Smith | Yes | Yes | 4/25/2019 | Defendant signed and returned the waiver on 4/25/19. Plaintiff filed the waiver with the Court on 2/3/23. |
| Sumter County, Georgia | 1:18-op-45250 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Amneal | No | | | |
| Sumter County, Georgia | 1:18-op-45250 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Hikma | No | | | |
| Sumter County, Georgia | 1:18-op-45250 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Mylan | No | | | |
| County of Sandusky, Ohio | 1:18-op-45254 | Napoli Shkolnik | Yes | | Mylan | Yes | Yes | 2/13/2023 | |
| Sandusky County Board of Commissioners (OH) | 1:18-op-45254 | Napoli Shkolnik | Yes | | Prescription Supply | Yes | Yes | 2/13/2023 | |
| Sandusky County Board of Commissioners, Ohio | 1:18-op-45254 | Napoli Shkolnik | Yes | | Hikma | Yes | Yes | 2/14/2023 | |
| Sandusky County Board of Commissioners, Ohio | 1:18-op-45254 | Napoli Shkolnik | Yes | | Amneal Pharmaceuticals, Inc. | Yes | Yes | 2/22/2023 | waiver also sent 2/17/23 |
| Rutherford County, Tennessee | 1:18-op-45258 | LCHB | No | 3/14/2023 | Hikma | No | | | |
| Rutherford County, Tennessee | 1:18-op-45258 | LCHB | No | 3/14/2023 | Mylan | No | | | |
| Williams (Sheriff of East Carroll Parish), LA | 1:18-op-45259 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Sandoz/Novartis | No | | | |
| Williams, Wydette (East Carroll Parish Sheriff, Louisiana) | 1:18-op-45259 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Hikma | No | | | |
| Wydette Williams, Duly Elected Sheriff of East Carroll Parish, in His Capacity as Officer Ex Officio of the East Carroll Parish Sheriff's Office and the East Carroll Parish Law Enforcement District | 1:18-op-45259 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |

| Plaintiff | Case | Firm | | Date | Defendant | | | Date | Notes |
|---|---|---|---|---|---|---|---|---|---|
| Wydette Williams, Duly Elected Sheriff of East Carroll Parish, in His Capacity as Officer Ex Officio of the East Carroll Parish Sheriff's Office and the East Carroll Parish Law Enforcement District (LA) | 1:18-op-45259 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | JM Smith | No | | | |
| Wydette Williams, East Carroll Parish Sheriff | 1:18-op-45259 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Louisiana Wholesale Drug | Yes | Yes | 11/22/2019 | |
| Wydette Williams, Sheriff of East Carroll Parish, Louisiana | 1:18-op-45259 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Mylan | No | | | |
| Jerry L. Philley, Duly Elected Sheriff of West Carroll Parish, in His Capacity as Officer Ex Officio of the West Carroll Parish Sheriff's Office and the West Carroll Parish Law Enforcement District | 1:18-op-45260 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Jerry L. Philley, Duly Elected Sheriff of West Carroll Parish, in His Capacity as Officer Ex Officio of the West Carroll Parish Sheriff's Office and the West Carroll Parish Law Enforcement District (LA) | 1:18-op-45260 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | JM Smith | No | | | |
| Jerry L. Philley, Sheriff of West Carroll Parish, Louisiana | 1:18-op-45260 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Mylan | No | | | |
| Jerry Philley, West Carroll Parish Sheriff | 1:18-op-45260 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Louisiana Wholesale Drug | Yes | Yes | 12/4/2019 | |
| Philey, Jerry (West Carroll Parish Sheriff, Louisiana) | 1:18-op-45260 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Hikma | No | | | |
| Oglethorpe County (GA) | 1:18-op-45262 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | JM Smith | Yes | Yes | 4/25/2019 | Defendant signed and returned the waiver on 4/25/19. Plaintiff filed the waiver with the Court on 2/3/23. |
| Oglethorpe County, Georgia | 1:18-op-45262 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Hikma | No | | | |
| Oglethorpe County, Georgia | 1:18-op-45262 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Mylan | No | | | |
| Oglethorpe County, Georgia | 1:18-op-45262 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Amneal | No | | | |
| Caldwell County (NC) | 1:18-op-45263 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 9/10/2019 | |
| City of Saint Albans, WV | 1:18-op-45269 | Motley Rice | Yes | | Masters Pharmaceutical | Yes | In Process | | As per the template filed 4/25/2018 (ECF 279-1), Plaintiff served counsel Jack Smith on behalf of Masters Pharmaceutical with the City of Saint Albans, WV complaint and a waiver form on 7/12/2018 at 1:58 PM. Confirmation of original service and waiver sent with curative waiver to Defense counsel's new Masters signatory. |
| Scott County, Tennessee | 1:18-op-45273 | LCHB | No | 3/14/2023 | Mylan | No | | | |
| Scott County, Tennessee | 1:18-op-45273 | LCHB | No | 3/14/2023 | Amneal | No | | | |
| Randolph County (NC) | 1:18-op-45275 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 9/11/2019 | |
| Barron County, WI et al | 1:18-op-45277 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Barron County, Wisconsin | 1:18-op-45277 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Clarke County (MS) | 1:18-op-45278 | Bossier & Associates, PLLC | No | 2/14/2023 | JM Smith | Yes | No | | Defendant's counsel was sent Waiver of Service forms, which were not timely returned. We have re-initiated efforts to obtain waiver, however, none have been received to date. NOTE: SOL does not run against this municipal Plaintiff, and thus, the case can be refiled if required. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Clarke County, Mississippi | 1:18-op-45278 | Bossier & Associates, PLLC | No | 2/14/2023 | Hikma | No | | | Defendant's counsel was sent Waiver of Service forms, which were not timely returned. We have re-initiated efforts to obtain waiver, however, none have been received to date. NOTE: SOL does not run against this municipal Plaintiff, and thus, the case can be refiled if required. |
| Clarke County, Mississippi | 1:18-op-45278 | Bossier & Associates, PLLC | No | 2/14/2023 | Amneal | No | | | Defendant's counsel was sent Waiver of Service forms, which were not timely returned. We have re-initiated efforts to obtain waiver, however, none have been received to date. NOTE: SOL does not run against this municipal Plaintiff, and thus, the case can be refiled if required. |
| Clarke County, Mississippi | 1:18-op-45278 | Bossier & Associates, PLLC | No | 2/14/2023 | Mylan | No | | | Defendant's counsel was sent Waiver of Service forms, which were not timely returned. We have re-initiated efforts to obtain waiver, however, none have been received to date. NOTE: SOL does not run against this municipal Plaintiff, and thus, the case can be refiled if required. |
| Clarke County, MS | 1:18-op-45278 | Bossier & Associates, PLLC | No | 2/14/2023 | Sandoz/Novartis | No | | | Defendant's counsel was sent Waiver of Service forms, which were not timely returned. We have re-initiated efforts to obtain waiver, however, none have been received to date. NOTE: SOL does not run against this municipal Plaintiff, and thus, the case can be refiled if required. |
| Clarke County, MS | 1:18-op-45278 | Bossier & Associates, PLLC | No | 2/14/2023 | Indivior | No | | | Defendant's counsel was sent Waiver of Service forms, which were not timely returned. We have re-initiated efforts to obtain waiver, however, none have been received to date. NOTE: SOL does not run against this municipal Plaintiff, and thus, the case can be refiled if required. |
| City of Philadelphia (MS) | 1:18-op-45279 | Bossier & Associates, PLLC | No | 2/14/2023 | JM Smith | Yes | No | | Defendant's counsel was sent Waiver of Service forms, which were not timely returned. We have re-initiated efforts to obtain waiver, however, none have been received to date. NOTE: SOL does not run against this municipal Plaintiff, and thus, the case can be refiled if required. |
| City of Philadelphia, Mississippi | 1:18-op-45279 | Bossier & Associates, PLLC | No | 2/14/2023 | Mylan | No | No | | Defendant's counsel was sent Waiver of Service forms, which were not timely returned. We have re-initiated efforts to obtain waiver, however, none have been received to date. NOTE: SOL does not run against this municipal Plaintiff, and thus, the case can be refiled if required. |
| City of Philadelphia, MS | 1:18-op-45279 | Bossier & Associates, PLLC | No | 2/14/2023 | Sandoz/Novartis | No | No | | Defendant's counsel was sent Waiver of Service forms, which were not timely returned. We have re-initiated efforts to obtain waiver, however, none have been received to date. NOTE: SOL does not run against this municipal Plaintiff, and thus, the case can be refiled if required. |
| City of Philadelphia, MS | 1:18-op-45279 | Bossier & Associates, PLLC | No | 2/14/2023 | Indivior | No | No | | Defendant's counsel was sent Waiver of Service forms, which were not timely returned. We have re-initiated efforts to obtain waiver, however, none have been received to date. NOTE: SOL does not run against this municipal Plaintiff, and thus, the case can be refiled if required. |
| LaPorte County, IN | 1:18-op-45280 | Cohen & Malad, LLP | No | 1/3/2023 | Sandoz/Novartis | No | | | A PFS was originally served on 12/17/2018 |
| LaPorte County, Indiana | 1:18-op-45280 | Cohen & Malad, LLP | No | 1/3/2023 | Amneal | No | | | A PFS was originally served on 12/17/2018 |
| LaPorte County, Indiana | 1:18-op-45280 | Cohen & Malad, LLP | No | 1/3/2023 | Hikma | No | | | A PFS was originally served on 12/17/2018 |
| LaPorte County, Indiana | 1:18-op-45280 | Cohen & Malad, LLP | No | 1/3/2023 | Mylan | No | | | A PFS was originally served on 12/17/2018 |
| LaPorte County, IN | 1:18-op-45280 | Cohen & Malad, LLP | No | 1/3/2023 | Indivior | No | | | A PFS was originally served on 12/17/2018 |
| City of Rome, Georgia, et al. | 1:18-op-45282 | The Finnell Firm | Yes | | Amneal Pharmaceuticals LLC | Yes | Yes | 2/16/2023 | |
| Irwin County (GA) | 1:18-op-45283 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | JM Smith | No | | | |
| Irwin County, Georgia | 1:18-op-45283 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Hikma | No | | | |
| Irwin County, Georgia | 1:18-op-45283 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Mylan | No | | | |
| Irwin County, Georgia | 1:18-op-45283 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Amneal | No | | | |
| Cook County (GA) | 1:18-op-45284 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | JM Smith | Yes | Yes | 4/25/2019 | Defendant signed and returned the waiver on 4/25/19. Plaintiff filed the waiver with the Court on 2/1/23. |
| Cook County, Georgia | 1:18-op-45284 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Hikma | No | | | |
| Cook County, Georgia | 1:18-op-45284 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Mylan | No | | | |
| Cook County, Georgia | 1:18-op-45284 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Amneal | No | | | |
| Hall County (GA) | 1:18-op-45286 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | JM Smith | Yes | Yes | 4/25/2019 | Defendant signed and returned the waiver on 4/25/19. Plaintiff filed the waiver with the Court on 2/3/23. |
| Hall County, Georgia | 1:18-op-45286 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Hikma | No | | | |
| Hall County, Georgia | 1:18-op-45286 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Mylan | No | | | |

| County | Case No. | Law Firm | | Date | Defendant | | | Date | Notes |
|---|---|---|---|---|---|---|---|---|---|
| Hall County, Georgia | 1:18-op-45286 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Amneal | No | | | |
| Crawford County, OH | 1:18-op-45288 | Levin Papantonio Rafferty | Yes | | KVK-Tech | Yes | No | 3/23/2023 | |
| Madison County (GA) | 1:18-op-45296 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | JM Smith | Yes | Yes | 4/25/2019 | Defendant signed and returned the waiver on 4/25/19. Plaintiff filed the waiver with the Court on 2/3/23. |
| Madison County, Georgia | 1:18-op-45296 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Hikma | No | | | |
| Madison County, Georgia | 1:18-op-45296 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Mylan | No | | | |
| Madison County, Georgia | 1:18-op-45296 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Amneal | No | | | |
| Walton County (GA) | 1:18-op-45297 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | JM Smith | Yes | Yes | 4/25/2019 | Defendant signed and returned the waiver on 4/25/19. Plaintiff filed the waiver with the Court on 2/6/23. |
| Walton County, Georgia | 1:18-op-45297 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Hikma | No | | | |
| Walton County, Georgia | 1:18-op-45297 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Mylan | No | | | |
| Walton County, Georgia | 1:18-op-45297 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Amneal | No | | | |
| Hawkins County (TN) | 1:18-op-45299 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 3/22/2021 | |
| City of W. Lafayette, Indiana | 1:18-op-45300 | Cohen & Malad, LLP | No | 1/3/2023 | Hikma | No | | | A PFS was originally served on 12/17/2018 |
| City of West Lafayette, IN | 1:18-op-45300 | Cohen & Malad, LLP | No | 1/3/2023 | Sandoz/Novartis | No | | | A PFS was originally served on 12/17/2018 |
| City of West Lafayette, Indiana | 1:18-op-45300 | Cohen & Malad, LLP | No | 1/3/2023 | Amneal | No | | | A PFS was originally served on 12/17/2018 |
| City of West Lafayette, Indiana | 1:18-op-45300 | Cohen & Malad, LLP | No | 1/3/2023 | Mylan | No | | | A PFS was originally served on 12/17/2018 |
| City of West Lafayette, IN | 1:18-op-45300 | Cohen & Malad, LLP | No | 1/3/2023 | Indivior | No | | | A PFS was originally served on 12/17/2018 |
| County of Camp (TX) | 1:18-op-45301 | Simon Greenstone Panatier, P.C. | Yes | | JM Smith | Yes | In Process | | Waiver of Service of Summons sent to counsel on 3/19/2019. |
| Black Hawk County, IA et al | 1:18-op-45303 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Black Hawk County, IA | 1:18-OP-45303 (S.D. Iow | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Hy-Vee | Yes | Yes | 6/2/2019 | |
| Cleveland County (NC) | 1:18-op-45304 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | JM Smith | No | | | |
| Cleveland County, NC | 1:18-op-45304 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Associated Pharmacies Inc/American Associated Pharmacies | No | | | |
| City of Logan, WV | 1:18-op-45317 | Motley Rice | Yes | | Masters Pharmaceutical | Yes | In Process | | As per the template filed 4/25/2018 (ECF 279-1), Plaintiff served counsel Jack Smith on behalf of Masters Pharmaceutical with the City of Logan, WV complaint and a waiver form on 7/12/2018 at 10:47 AM. Confirmation of original service and waiver sent to curative waiver to Defense counsel's new Masters signatory. |
| City of Smithers, WV | 1:18-op-45319 | Motley Rice | Yes | | Masters Pharmaceutical | Yes | In Process | | As per the template filed 4/25/2018 (ECF 279-1), Plaintiff served counsel Jack Smith on behalf of Masters Pharmaceutical with the City of Smithers, WV complaint and a waiver form on 7/12/2018 at 9:42 AM. Confirmation of original service and waiver sent with curative waiver to Defense counsel's new Masters signatory. |
| Town of Rupert, WV | 1:18-op-45323 | Motley Rice | Yes | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 7/3/2019 | Waiver of the Service of Summons for the Town of Rupert, WV was signed and returned by counsel David R. Beasley on behalf of Associated Pharmacies, Inc. on 7/3/2019 and filed 10/20/2020 as ECF 22 on the case docket. |
| Town of Quinwood, WV | 1:18-op-45324 | Motley Rice | Yes | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | In Process | | Curative service and waiver sent to Defense counsel, who stated willingness to accept service on client's behalf. However, "in light of the Court's January 3, 2023 Order and the filings related to that Order, we are not currently in a position to execute the waiver of service you sent." Consequently, perfection of service is in process but pending changed Defense position. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Gautreaux, Sid III (East Baton Rouge Parish Sheriff , Louisiana) | 1:18-op-45325 | Simmons Hanly Conroy, LLC | No | | 1/3/2023 | Hikma | No | | |
| Sid Gautreaux III, Sheriff of East Baton Rouge Parish, Louisiana | 1:18-op-45325 | Simmons Hanly Conroy, LLC | No | | 1/3/2023 | Mylan | No | | |
| Sid J. Gautreaux, III, Duly Elected Sheriff of East Baton Rouge Parish, in His Capacity as Officer Ex Officio of the East Baton Rouge Parish Sheriff's Office and the East Baton Rouge Parish Law Enforcement District | 1:18-op-45325 | Simmons Hanly Conroy, LLC | No | | 1/3/2023 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Sid J. Gautreaux, III, Duly Elected Sheriff of East Baton Rouge Parish, in His Capacity as Officer Ex Officio of the East Baton Rouge Parish Sheriff's Office and the East Baton Rouge Parish Law Enforcement District (LA) | 1:18-op-45325 | Simmons Hanly Conroy, LLC | No | | 1/3/2023 | JM Smith | No | | |
| City of Broadview Heights, Ohio | 1:18-op-45330 | Napoli Shkolnik | Yes | | | Hikma | Yes | Yes | 2/14/2023 |
| City of Broadview Heights, Ohio | 1:18-op-45330 | Napoli Shkolnik | Yes | | | Mylan | Yes | Yes | 2/13/2023 |
| City of Pensacola (FL) | 1:18-op-45331 | Levin Papantonio Rafferty | Yes | | | JM Smith | Yes | Yes | 12/18/2020 |
| City of Pensacola (FL) | 1:18-op-45331 | Levin Papantonio Rafferty | Yes | | | Winn-Dixie | Yes | Yes | 12/18/2020 |
| Decatur County (GA) | 1:18-op-45334 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | | JM Smith | Yes | Yes | 4/25/2019 | Defendant signed and returned the waiver on 4/25/19. Plaintiff filed the waiver with the Court on 2/3/23. |
| Decatur County, Georgia | 1:18-op-45334 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | | Hikma | No | | |
| Decatur County, Georgia | 1:18-op-45334 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | | Mylan | No | | |
| Decatur County, Georgia | 1:18-op-45334 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | | Amneal | No | | |
| City of Pittsfield (MA) | 1:18-op-45335 | Levin Papantonio Rafferty | Yes | | | Burlington Drug | Yes | Yes | 12/18/2020 |
| City of Easthampton (MA) | 1:18-op-45336 | Levin Papantonio Rafferty | Yes | | | KVK-Tech | Yes | Yes | 11/24/2020 |
| City of Northampton (MA) | 1:18-op-45337 | Levin Papantonio Rafferty | Yes | | | KVK-Tech | Yes | Yes | 12/18/2020 |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | Waiver. They took a position that API was not a proper defendant based on a previous ruling in a different case, claiming that the MDL court had decided such in a 4/12/19 order. (See Doc 1548).<br><br>Also, as demonstrated below, our law office has, in good faith, sent additional Waivers to correct any deemed deficiencies. Since an Answer has not been served, Plaintiffs submit there is no prejudice to Defendant API by requesting that the Waivers be signed at the present time.  Per Case Management Order One (Doc No. 232, ¶6c, Service of Summons and Complaint), "Defendants are encouraged to avoid unnecessary expenses associated with serving the summons and, absent good cause, shall grant requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." Since an Answer has not been served, Plaintiff submits there is no prejudice to Defendant API by requesting that the Waivers be signed at the present time.<br>*API - listed as no service of process. (Doc No. 4847)*<br><br>•On April 14, 2019, an email was sent to Paul Cosgrove, Esq., attaching a Waiver of Service of the Summons for Defendants Amneal Pharmaceuticals, LLC, Amneal Pharmaceuticals, Inc., and Amneal Pharmaceuticals of New York, LLC, along with a copy of the filed Complaint.<br><br>•On June 3, 2019, another email was forwarded to Attorney Cosgrove requesting again a Waiver of Service of Summons, along with a copy of the complaint, for Defendant Amneal Pharmaceuticals, Inc.<br><br>•On June 9, 2019, Waivers of Service of the Summons were filed for Defendants Amneal Pharmaceuticals, LLC, and Amneal Pharmaceuticals of New York, LLC. (See Case 1:18-op-45338 Doc Nos. 129 and 130). |
| County of Oneida, New York v. Purdue Pharma, L.P., et al. | 1:18-op-45338 | Brindisi, Murad & Brindisi Pearlman | Yes | | | Amneal Pharmaceuticals, Inc. | Yes | In Process | | •On February 10, 2023, an email was re-forwarded to Attorney Cosgrove requesting again a Waiver of Service of Summons, along with a copy of the complaint, for Defendant Amneal |
| County of Gratiot, MI | 1:18-op-45339 | Weitz & Luxenberg | No | | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| Gratiot County, Michigan | 1:18-op-45339 | Weitz & Luxenberg | No | | 12/1/2022 | Mylan | No | | | |
| Alcona County, Michigan | 1:18-op-45340 | Weitz & Luxenberg | No | | 12/1/2022 | Mylan | No | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| County of Alcona, MI | 1:18-op-45340 | Weitz & Luxenberg | No | | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| Arenac County, Michigan | 1:18-op-45341 | Weitz & Luxenberg | No | | 12/1/2022 | Mylan | No | | | |
| County of Arenac, MI | 1:18-op-45341 | Weitz & Luxenberg | No | | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| County of Dickinson, MI | 1:18-op-45342 | Weitz & Luxenberg | No | | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| County of Dickinson, Michigan | 1:18-op-45342 | Weitz & Luxenberg | No | | 12/1/2022 | Mylan | No | | | |
| County of Iosco, MI | 1:18-op-45343 | Weitz & Luxenberg | No | | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| Iosco County, Michigan | 1:18-op-45343 | Weitz & Luxenberg | No | | 12/1/2022 | Mylan | No | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| City of Iron Mountain, MI | 1:18-op-45344 | Weitz & Luxenberg | No | | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| Iron Mountain County, Michigan | 1:18-op-45344 | Weitz & Luxenberg | No | | 12/1/2022 | Mylan | No | | | |
| County of Otsego, MI | 1:18-op-45345 | Weitz & Luxenberg | No | | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| Otsego County, Michigan | 1:18-op-45345 | Weitz & Luxenberg | No | | 12/1/2022 | Mylan | No | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| County of Montmorency, MI | 1:18-op-45347 | Weitz & Luxenberg | No | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| Montmorency County, Michigan | 1:18-op-45347 | Weitz & Luxenberg | No | 12/1/2022 | Mylan | No | | | |
| County of Ogemaw, MI | 1:18-op-45348 | Weitz & Luxenberg | No | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| Ogemaw County, Michigan | 1:18-op-45348 | Weitz & Luxenberg | No | 12/1/2022 | Mylan | No | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(l)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was |
| County of Isabella, MI | 1:18-op-45349 | Weitz & Luxenberg | No | | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| Isabella County, Michigan | 1:18-op-45349 | Weitz & Luxenberg | No | | 12/1/2022 | Mylan | No | | | |
| | | | | | | | | | | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(l)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| County of Shiawassee, MI | 1:18-op-45350 | Weitz & Luxenberg | No | | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | |
| Shiawassee County, Michigan | 1:18-op-45350 | Weitz & Luxenberg | No | | 12/1/2022 | Mylan | No | | | |

| County | Case No. | Firm | | Date | Defendant | | | Date | Notes |
|---|---|---|---|---|---|---|---|---|---|
| County of Lenawee, MI | 1:18-op-45351 | Weitz & Luxenberg | No | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| Lenawee County, Michigan | 1:18-op-45351 | Weitz & Luxenberg | No | 12/1/2022 | Mylan | No | | | |
| County of Sanilac, MI | 1:18-op-45352 | Weitz & Luxenberg | No | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| Sanilac County, Michigan | 1:18-op-45352 | Weitz & Luxenberg | No | 12/1/2022 | Mylan | No | | | |
| Antrim County, Michigan | 1:18-op-45354 | Weitz & Luxenberg | No | 12/1/2022 | Mylan | No | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| County of Antrim, MI | 1:18-op-45354 | Weitz & Luxenberg | No | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(l)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| County of Hillsdale, MI | 1:18-op-45355 | Weitz & Luxenberg | No | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(l)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| Hillsdale County, Michigan | 1:18-op-45355 | Weitz & Luxenberg | No | 12/1/2022 | Mylan | No | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Benzie County, MI | 1:18-op-45356 | Weitz & Luxenberg | No | | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| Benzie County, Michigan | 1:18-op-45356 | Weitz & Luxenberg | No | | 12/1/2022 | Mylan | No | | | |
| County of Osceola, MI | 1:18-op-45357 | Weitz & Luxenberg | No | | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| Osceola County, Michigan | 1:18-op-45357 | Weitz & Luxenberg | No | | 12/1/2022 | Mylan | No | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| County of Oceana, MI | 1:18-op-45359 | Weitz & Luxenberg | No | | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| Oceana County, Michigan | 1:18-op-45359 | Weitz & Luxenberg | No | | 12/1/2022 | Mylan | No | | | |
| Alger County, Michigan | 1:18-op-45360 | Weitz & Luxenberg | No | | 12/1/2022 | Mylan | No | | | |
| County of Alger, MI | 1:18-op-45360 | Weitz & Luxenberg | No | | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| Baraga County, Michigan | 1:18-op-45361 | Weitz & Luxenberg | No | | 12/1/2022 | Mylan | No | | | |

| County of Baraga, MI | 1:18-op-45361 | Weitz & Luxenberg | No | | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(l)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| County of Luce, MI | 1:18-op-45362 | Weitz & Luxenberg | No | | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(l)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| Luce County, Michigan | 1:18-op-45362 | Weitz & Luxenberg | No | | 12/1/2022 | Mylan | No | | | |
| Calhoun County (FL) | 1:18-op-45363 | Levin Papantonio Rafferty | Yes | | | JM Smith | Yes | Yes | 11/23/2020 | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| County of Wexford, MI | 1:18-op-45364 | Weitz & Luxenberg | No | | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| County of Wexford, Michigan | 1:18-op-45364 | Weitz & Luxenberg | No | | 12/1/2022 | Mylan | No | | | |
| Jefferson County, Ohio | 1:18-op-45365 | Napoli Shkolnik | Yes | | | Mylan | Yes | Yes | 2/13/2023 | |
| County of Lake, MI | 1:18-op-45366 | Weitz & Luxenberg | No | | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| Lake County, Michigan | 1:18-op-45366 | Weitz & Luxenberg | No | | 12/1/2022 | Mylan | No | | | |
| St. Croix Chippewa Indians of Wisconsin | 1:18-op-45367 | | | | | Dakota Drug | No | | | The PEC notes the plaintiff is a tribe and was improperly identified by Defendant on its service and fact sheet list. The Court's 1/3/23 Order (#4801) was directed to "plaintiff-subdivisions" only. In addition, the 6/19/18 Fact Sheet Implementation Order (#638) was applicable to Government Entities only and did not apply to plaintiff-tribes (see 6/20/18 Order, #642). |
| County of Floyd, Kentucky | 1:18-op-45369 | Napoli Shkolnik | Yes | | | Hikma | Yes | Yes | 2/14/2023 | |
| The County of Knott, Kentucky | 1:18-op-45370 | Napoli Shkolnik | Yes | | | Amneal Pharmaceuticals LLC | Yes | Yes | 3/9/2023 | |
| The County of Knott, Kentucky | 1:18-op-45370 | Napoli Shkolnik | Yes | | | Amneal Pharmaceuticals, Inc. | Yes | Yes | 3/9/2023 | |
| County of Knot, Kentucky | 1:18-op-45370 | Napoli Shkolnik | Yes | | | Hikma | Yes | Yes | 3/24/2023 | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| City of Panama City (FL) | 1:18-op-45373 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 12/18/2020 | |
| Panama City, FL | 1:18-op-45373 | Levin Papantonio Rafferty | Yes | | Winn-Dixie | Yes | Yes | 12/18/2020 | |
| County of Fulton, Georgia | 1:18-op-45374 | Napoli Shkolnik | Yes | | Hikma | Yes | Yes | 2/14/2023 | |
| County of Fulton, Georgia | 1:18-op-45374 | Napoli Shkolnik | Yes | | Mylan | Yes | Yes | 2/13/2023 | |
| Multnomah County, OR | 1:18-op-45377-DAP | Wiggins Childs Pantazis Fi | No | 3/27/2022 | Michael Babich | Yes | No | | |
| Banks County (GA) | 1:18-op-45378 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | JM Smith | Yes | Yes | 4/25/2019 | Defendant signed and returned the waiver on 4/25/19. Plaintiff filed the waiver with the Court on 11/21/19. |
| Banks County, Georgia | 1:18-op-45378 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Amneal | No | | | |
| Banks County, Georgia | 1:18-op-45378 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Hikma | No | | | |
| Banks County, Georgia | 1:18-op-45378 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Mylan | No | | | |
| Twiggs County (GA) | 1:18-op-45379 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | JM Smith | Yes | Yes | 4/25/2019 | Defendant signed and returned the waiver on 4/25/19. Plaintiff filed the waiver with the Court on 2/6/23. |
| Twiggs County, Georgia | 1:18-op-45379 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Amneal | No | | | |
| Twiggs County, Georgia | 1:18-op-45379 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Hikma | No | | | |
| Twiggs County, Georgia | 1:18-op-45379 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Mylan | No | | | |
| Elbert County (GA) | 1:18-op-45381 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | JM Smith | Yes | Yes | 4/25/2019 | Defendant signed and returned the waiver on 4/25/19. Plaintiff filed the waiver with the Court on 2/3/23. |
| Elbert County, Georgia | 1:18-op-45381 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Amneal | No | | | |
| Elbert County, Georgia | 1:18-op-45381 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Hikma | No | | | |
| Elbert County, Georgia | 1:18-op-45381 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Mylan | No | | | |
| City of Bainbridge, Georgia | 1:18-op-45383 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Hikma | No | | | |
| City of Bainbridge, Georgia | 1:18-op-45383 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Mylan | No | | | |
| The City of Bainbridge (GA) | 1:18-op-45383 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | JM Smith | Yes | Yes | 4/25/2019 | Defendant signed and returned the waiver on 4/25/19. Plaintiff filed the waiver with the Court on 4/1/20. |
| The City of Bainbridge, Georgia | 1:18-op-45383 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Amneal | No | | | |
| Martin County Fiscal Court (KY) | 1:18-op-45388 | Levin Papantonio Rafferty | Yes | | Quest Pharmaceuticals | Yes | Yes | 12/23/2020 | |
| Wayne County Fiscal Court (KY) | 1:18-op-45389 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 11/17/2020 | |
| Wayne Cty. Fiscal Court, CA | 1:18-op-45389 | Levin Papantonio Rafferty | Yes | | Auburn Pharmaceutical | Yes | No | 00/00/00 | Summons issued and awaiting affidavit from process server.  Also, Case # listed is for Wayne County, KY and mistakenly named as Wayne County, CA. |
| (1) Family Practice Clinic of Booneville, Inc. and (2) Family Health Care Clinic, PSC | 1:18-op-45390 | The Finnell Firm | No | N/A | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 6/10/2019 | |
| Carter County Fiscal Court (KY) | 1:18-op-45392 | Levin Papantonio Rafferty | Yes | | Quest Pharmaceuticals | Yes | Yes | 12/7/2021 | |
| Bulloch County (GA) | 1:18-op-45394 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | JM Smith | Yes | Yes | 4/25/2019 | Defendant signed and returned the waiver on 4/25/19. Plaintiff filed the waiver with the Court on 2/12/20. |
| Bulloch County, Georgia | 1:18-op-45394 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Amneal | No | | | |
| Bulloch County, Georgia | 1:18-op-45394 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Hikma | No | | | |
| Bulloch County, Georgia | 1:18-op-45394 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Mylan | No | | | |
| Itawamba County, Mississippi | 1:18-op-45396 | Levin Papantonio Rafferty | Yes | | Amneal | No | | | |
| Allen County Board of Commissioners, Ohio | 1:18-op-45401 | Spangenberg Shibley & Liber | No | 1/28/2023 | Mylan | No | | | As owner of the repository, we were the first to submit our clients PFSs.  Due to a technical glitch, this PFS was not transferred into the new repository. |
| Madison County (TN) | 1:18-op-45403 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 3/23/2021 | |

| Entity | Case No. | Law Firm | | Date | Defendant | | | Date | Notes |
|---|---|---|---|---|---|---|---|---|---|
| City of Grand Rapids, MI | 1:18-op-45406 | Weitz & Luxenberg | No | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| The Unified Government of Macon-Bibb County (GA) | 1:18-op-45407 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | JM Smith | Yes | Yes | 4/25/2019 | Defendant signed and returned the waiver on 4/25/19. Plaintiff filed the waiver with the Court on 2/3/23. |
| The Unified Government of Macon-Bibb County, Georgia | 1:18-op-45407 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Hikma | No | | | |
| The Unified Government of Macon-Bibb County, Georgia | 1:18-op-45407 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Amneal | No | | | |
| Unified Government of Macon-Bibb County, Georgia | 1:18-op-45407 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Mylan | No | | | |
| Thurston County, Washington | 1:18-op-45409 | Keller Rohrback L.L.P. | Yes | | Hikma | Yes | Yes | 3/20/2023 | Declaration of Service re personal service filed 3/20/23. Hikma Pharmaceuticals USA, Inc. not a named defendant. West-Ward Pharmaceutical Corp is a named defendant. Waiver request originally sent to West-Ward on 1/3/2020. No response received after multiple follow-ups. Personal service perfected 3/15/2023. |
| Clark County, WA | 1:18-op-45410 | Keller Rohrback L.L.P. | Yes | | KVK-Tech | Yes | Yes | 3/8/2023 | Waiver filed 3/8/23. Waiver request originally sent 3/4/2020. After multiple follow-ups, waiver signed and returned 3/8/2023. |
| Clark County, Washington | 1:18-op-45410 | Keller Rohrback L.L.P. | Yes | | Hikma | Yes | Yes | 3/20/2023 | Declaration of Service re personal service filed 3/20/20. Hikma Pharmaceuticals USA, Inc. not a named defendant. West-Ward Pharmaceutical Corp is a named defendant. Waiver request originally sent to West-Ward on 1/3/2020. No response received after multiple follow-ups. Personal service perfected 3/15/2023. |
| Fentress County (TN) | 1:18-op-45419 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 3/22/2021 | |
| Fentress County, TN | 1:18-op-45419 | Levin Papantonio Rafferty | Yes | | TopRx | Yes | Yes | 4/7/2021 | |
| Jones County (GA) | 1:18-op-45424 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | JM Smith | Yes | Yes | 4/25/2019 | Defendant signed and returned the waiver on 4/25/19. Plaintiff filed the waiver with the Court on 2/3/23. |
| Jones County, Georgia | 1:18-op-45424 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Hikma | No | | | |
| Jones County, Georgia | 1:18-op-45424 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Mylan | No | | | |
| Jones County, Georgia | 1:18-op-45424 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Amneal | No | | | |
| Warren County (GA) | 1:18-op-45425 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | JM Smith | Yes | Yes | 4/25/2019 | Defendant signed and returned the waiver on 4/25/19. Plaintiff filed the waiver with the Court on 2/6/23. |
| Warren County, Georgia | 1:18-op-45425 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Hikma | No | | | |
| Warren County, Georgia | 1:18-op-45425 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Mylan | No | | | |
| Warren County, Georgia | 1:18-op-45425 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Amneal | No | | | |

| Plaintiff | Case No. | Law Firm | | Date | Defendant | | Status | Date | Notes |
|---|---|---|---|---|---|---|---|---|---|
| City of North Royalton, Ohio | 1:18-op-45427 | Kelley & Ferraro | No | 2/17/2023 | Mylan | Yes | In Process | | |
| City of North Royalton, OH | 1:18-op-45427 | Kelley & Ferraro | No | 2/17/2023 | Indivior | Yes | In Process | | |
| Douglas County, Minnesota | 1:18-op-45428 | Lockridge Grindal Nauen P.L.L.P. | Yes | | Amneal Pharmaceuticals LLC | Yes | Yes | 3/25/2019 | |
| City of Huron, Ohio | 1:18-op-45431 | Kelley & Ferraro | No | 2/17/2023 | Mylan | Yes | In Process | | |
| City of Huron, OH | 1:18-op-45431 | Kelley & Ferraro | No | 2/17/2023 | Indivior | Yes | In Process | | |
| City of Warren v. Purdue Pharma L.P., et al. | 1:18-op-45434 | Napoli Shkolnik | No | 12/22/2022 | Value Drug | Yes | Yes | 2/15/2023 | |
| City of Warren, Ohio | 1:18-op-45434 | Napoli Shkolnik | No | 12/22/2022 | Mylan | Yes | Yes | 2/13/2023 | |
| Northern Arapaho Tribe | 1:18-op-45438 | | | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | | | The PEC notes the plaintiff is a tribe and was improperly identified by Defendant on its service and fact sheet list. The Court's 1/3/23 Order (#4801) was directed to "plaintiff-subdivisions" only. In addition, the 6/19/18 Fact Sheet Implementation Order (#638) was applicable to Government Entities only and did not apply to plaintiff-tribes (see 6/20/18 Order, #642). |
| Northern Arapaho Tribe, WY v. Purdue Pharma L.P., et al. | 1:18-op-45438 | | | | SuperValu | No | | | The PEC notes the plaintiff is a tribe and was improperly identified by Defendant on its service and fact sheet list. The Court's 1/3/23 Order (#4801) was directed to "plaintiff-subdivisions" only. In addition, the 6/19/18 Fact Sheet Implementation Order (#638) was applicable to Government Entities only and did not apply to plaintiff-tribes (see 6/20/18 Order, #642). |
| Counties of Clackamas, Lane, Washington, Clatsop, Columbia, Jackson, Josephine, and Yamhill, OR | 1:18-op-45442 | D'Amore Law Group, P.C. | No | 11/29/2022 & 2/7/2023 - sent to PFS counsel on 11/21/22 but resent on 2/7/23 after not being place in repository in 11/22 | Indivior | No | | | |
| County of Clackamas et al., Oregon | 1:18-op-45442 | D'Amore Law Group, P.C. | No | 11/29/2022 & 2/7/2023 - sent to PFS counsel on 11/21/22 but resent on 2/7/23 after not being place in repository in 11/22 | Hikma | No | | | |
| County of Clackamas, OR | 1:18-op-45442 | D'Amore Law Group, P.C. | No | 11/29/2022 - sent to PFS counsel on 11/21/22 | KVK-Tech | No | | | |
| County of Clackamas, Oregon | 1:18-op-45442 | D'Amore Law Group, P.C. | No | 11/29/2022 - sent to PFS counsel on 11/21/22 | Mylan | No | | | |
| Pocahontas County Commission, West Virginia | 1:18-op-45443 | Skinner Law Firm | | | Hikma | No | | | This Defendant is not named in the Complaint |
| Pocahontas County Commission, WV | 1:18-op-45443 | Skinner Law Firm | | | Masters Pharmaceutical | Yes | | | Dismissed 03/22/2023 |
| Pocahontas County Commission, WV | 1:18-op-45443 | Skinner Law Firm | | | Indivior | No | | | Dismissed 02/28/2023 |
| Morgan County Commission | 1:18-OP-45444 | Skinner Law Firm | | | TopRx | No | | | Dismissed 02/28/2023 |
| Morgan County Commission, West Virginia | 1:18-op-45444 | Skinner Law Firm | | | Hikma | No | | | This Defendant is not named in the Complaint |
| Morgan County Commission, WV | 1:18-op-45444 | Skinner Law Firm | | | Masters Pharmaceutical | Yes | | | Dismissed 03/22/2023 |
| Morgan County Commission, WV | 1:18-op-45444 | Skinner Law Firm | | | Indivior | No | | | Dismissed 02/28/2023 |
| City of Macedonia, Ohio | 1:18-op-45447 | Kelley & Ferraro | No | 2/17/2023 | Mylan | Yes | In Process | | |
| City of Macedonia, OH | 1:18-op-45447 | Kelley & Ferraro | No | 2/17/2023 | Indivior | Yes | In Process | | |
| City of East Cleveland, Ohio | 1:18-op-45448 | Kelley & Ferraro | No | 2/17/2023 | Mylan | Yes | In Process | | |
| Village of Newburgh Heights, Ohio | 1:18-op-45449 | kelley & ferraro | No | 2/17/2023 | Mylan | Yes | In Process | | |
| Village of Newburgh Heights, OH | 1:18-op-45449 | kelley & ferraro | No | 2/17/2023 | Indivior | Yes | In Process | | |
| Village of Brooklyn Heights, Ohio | 1:18-op-45450 | kelley & ferraro | No | 2/17/2023 | Mylan | Yes | In Process | | |
| Village of Brooklyn Heights, OH | 1:18-op-45450 | kelley & ferraro | No | 2/17/2023 | Indivior | Yes | In Process | | |

| Plaintiff | Case No. | Law Firm | | Date | Defendant | | | Date | Notes |
|---|---|---|---|---|---|---|---|---|---|
| Cherokee, KS | 1:18-op-45452 | Levin Papantonio Rafferty | Yes | | Sun Pharmaceuticals | Yes | Yes | 5/5/2020 | |
| City of Tifton, Georgia | 1:18-op-45454 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Mylan | No | | | |
| The City of Tifton (GA) | 1:18-op-45454 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | JM Smith | Yes | Yes | 4/25/2019 | Defendant signed and returned the waiver on 4/25/19. Plaintiff filed the waiver with the Court on 2/3/23. |
| The City of Tifton, Georgia | 1:18-op-45454 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Amneal | No | | | |
| Tifton County, Georgia | 1:18-op-45454 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Hikma | No | | | |
| Bay County (FL) | 1:18-op-45455 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 11/16/2020 | |
| Bay County, FL | 1:18-op-45455 | Levin Papantonio Rafferty | Yes | | Winn-Dixie | Yes | Yes | 11/16/2020 | |
| Holmes County (FL) | 1:18-op-45456 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 12/29/2020 | |
| City of Gainesville, Georgia | 1:18-op-45486 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Hikma | No | | | |
| City of Gainesville, Georgia | 1:18-op-45486 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Mylan | No | | | |
| The City of Gainesville (GA) | 1:18-op-45486 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | JM Smith | Yes | Yes | 4/25/2019 | Defendant signed and returned the waiver on 4/25/19. Plaintiff filed the waiver with the Court on 2/3/23. |
| The City of Gainesville, Georgia | 1:18-op-45486 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Amneal | No | | | |
| City of Malden (MA) | 1:18-op-45487 | Levin Papantonio Rafferty | Yes | | KVK-Tech | Yes | Yes | 12/8/2020 | |
| Wyoming County, Pennsylvania | 1:18-op-45488 | Levin Papantonio Rafferty | Yes | | Value Drug | Yes | Yes | 5/21/2020 | |
| Butts County, Georgia | 1:18-op-45490 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Hikma | No | | | |
| Butts County, Georgia | 1:18-op-45490 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Mylan | No | | | |
| Butts County, Georgia | 1:18-op-45490 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Amneal | No | | | |
| Dougherty County (GA) | 1:18-op-45491 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | JM Smith | Yes | Yes | 4/25/2019 | Defendant signed and returned the waiver on 4/25/19. Plaintiff filed the waiver with the Court on 2/3/23. |
| Dougherty County, Georgia | 1:18-op-45491 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Hikma | No | | | |
| Dougherty County, Georgia | 1:18-op-45491 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Mylan | No | | | |
| Dougherty County, Georgia | 1:18-op-45491 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Amneal | No | | | |
| St. Tammany Parish Coroner's Office and Dr. Charles Preston in his capacity as the Coroner of St. Tammany Parish, LA | 1:18-op-45492 | Lillis Law Firm & Tonry, Brinson, & Glorioso | | 3/20/2023 | Indivior | Yes | In Process | | Indivior, through its registered agent in LA, was served with the waiver and notice of lawsuit on May 28, 2019 by certified US Mail.  See Green Card attached. |
| (1) Big Bend Community Based Care Inc.; (2) Lutheran Services Floria Inc.; (3) Central Florida Cares Health System Inc.; (4) Southeast Florida Behavioral Health Network Inc.; and (5) Central Florida Behavioral Health Network Inc. | 1:18-op-45493 | Price Armstrong, LLC | No | N/A | Associated Pharmacies Inc/American Associated Pharmacies | Yes | No | | This Plaintiff is not a governmental plaintiff but a private corporation that contracts with the State of Florida |
| Big Bend Community Based Care, Inc. et al, Florida | 1:18-op-45493 | Price Armstrong, LLC | No | N/A | Hikma | Yes | No | | This Plaintiff is not a governmental plaintiff but a private corporation that contracts with the State of Florida |
| Big Bend Community Based Case, Inc. | 1:18-op-45493 | Price Armstrong, LLC | No | N/A | Winn-Dixie | Yes | No | | This Plaintiff is not a governmental plaintiff but a private corporation that contracts with the State of Florida |
| City of Gainesville, Georgia | 1:18-op-45495 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Mylan | No | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| City of Milledgeville, Georgia | 1:18-op-45495 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Hikma | No | | | |
| The City of Milledgeville (GA) | 1:18-op-45495 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | JM Smith | Yes | Yes | 4/25/2019 | Defendant signed and returned the waiver on 4/25/19. Plaintiff filed the waiver with the Court on 2/3/23. |
| The City of Milledgeville, Georgia | 1:18-op-45495 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Amneal | No | | | |
| Vanderbugh County, Indiana | 1:18-op-45498 | Cohen & Malad, LLP | No | 1/3/2023 | Mylan | No | | | A PFS was originally served on 12/17/2018 |
| Vanderburgh County (IN) | 1:18-op-45498 | Cohen & Malad, LLP | No | 1/3/2023 | JM Smith | Yes | Yes | 2/28/2023 | A PFS was originally served on 12/17/2018. Defendant did not allege a service defect. However, upon review, Plaintiff discovered that this Defendant had not been served.  We perfected service via process server on 2/28/2023 and and filed proof of service in the individual case. |
| Vanderburgh County, Indiana | 1:18-op-45498 | Cohen & Malad, LLP | No | 1/3/2023 | Hikma | No | | | A PFS was originally served on 12/17/2018 |
| St. Joseph County, IN | 1:18-op-45500 | Cohen & Malad, LLP | No | 1/3/2023 | Sandoz/Novartis | No | | | A PFS was originally served on 12/17/2018 |
| St. Joseph County, Indiana | 1:18-op-45500 | Cohen & Malad, LLP | No | 1/3/2023 | Amneal | No | | | A PFS was originally served on 12/17/2018 |
| St. Joseph County, Indiana | 1:18-op-45500 | Cohen & Malad, LLP | No | 1/3/2023 | Hikma | No | | | A PFS was originally served on 12/17/2018 |
| St. Joseph County, Indiana | 1:18-op-45500 | Cohen & Malad, LLP | No | 1/3/2023 | Mylan | No | | | A PFS was originally served on 12/17/2018 |
| St. Joseph County, IN | 1:18-op-45500 | Cohen & Malad, LLP | No | 1/3/2023 | Indivior | No | | | A PFS was originally served on 12/17/2018 |
| Prince George's County Maryland | 1:18-op-45501 | Napoli Shkolnik | Yes | | American Sales Company, LLC | Yes | Yes | 3/21/2023 | |
| Prince George's County, Maryland | 1:18-op-45501 | Napoli Shkolnik | Yes | | Hikma | Yes | Yes | 2/14/2023 | |
| Prince George's County, Maryland | 1:18-op-45501 | Napoli Shkolnik | Yes | | Mylan | Yes | Yes | 2/13/2023 | |
| Prince George's County, MD | 1:18-op-45501 | Napoli Shkolnik | Yes | | Ahold Delhaize USA, Inc. | Yes | Yes | 2/23/2023 | waiver also sent 2/17/23 |
| DeKalb County (GA) | 1:18-op-45503 | Napoli Shkolnik | Yes | | JM Smith | Yes | Yes | 2/15/2023 | |
| Dekalb County, Georgia | 1:18-op-45503 | Napoli Shkolnik | Yes | | Mylan | Yes | Yes | 2/13/2023 | |
| Jasper County (GA) | 1:18-op-45504 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | JM Smith | Yes | Yes | 4/25/2019 | Defendant signed and returned the waiver on 4/25/19. Plaintiff filed the waiver with the Court on 2/3/23. |
| Jasper County, Georgia | 1:18-op-45504 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Hikma | No | | | |
| Jasper County, Georgia | 1:18-op-45504 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Mylan | No | | | |
| Jasper County, Georgia | 1:18-op-45504 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Amneal | No | | | |
| Ben Hill County (GA) | 1:18-op-45505 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | JM Smith | Yes | Yes | 4/25/2019 | Defendant signed and returned the waiver on 4/25/19. Plaintiff filed the waiver with the Court on 11/22/19. |
| Ben Hill County, Georgia | 1:18-op-45505 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Hikma | No | | | |
| Ben Hill County, Georgia | 1:18-op-45505 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Mylan | No | | | |
| Ben Hill County, Georgia | 1:18-op-45505 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Amneal | No | | | |
| County of Wilcox, Georgia | 1:18-op-45506 | Bryant Law Center | Yes | | Mylan | Yes | In Process | | |
| The County of Wilcox, Georgia | 1:18-op-45506 | Bryant Law Center | Yes | | Amneal Pharmaceuticals LLC | Yes | In Process | | |
| County of Wilcox, GA | 1:18-op-45506 | Bryant Law Center | Yes | | Indivior | Yes | In Process | | |
| Hamilton County (TN) | 1:18-op-45507 | Mike Moore Law Firm, LLC | No | 11/18/2022 | JM Smith | Yes | No | | |
| Lincoln County (GA) | 1:18-op-45508 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 1/4/2023 | JM Smith | Yes | Yes | 4/25/2019 | Defendant signed and returned the waiver on 4/25/19. Plaintiff filed the waiver with the Court on 2/3/23. |
| Lincoln County, Georgia | 1:18-op-45508 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 1/4/2023 | Hikma | No | | | |
| Lincoln County, Georgia | 1:18-op-45508 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 1/4/2023 | Amneal | No | | | |
| McDuffie County (GA) | 1:18-op-45509 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | JM Smith | Yes | Yes | 4/25/2019 | Defendant signed and returned the waiver on 4/25/19. Plaintiff filed the waiver with the Court on 2/3/23. |
| McDuffie County, Georgia | 1:18-op-45509 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Hikma | No | | | |
| McDuffie County, Georgia | 1:18-op-45509 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Mylan | No | | | |
| McDuffie County, Georgia | 1:18-op-45509 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Amneal | No | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| City of Phoenix, Arizona | 1:18-op-45510 | Robbins Geller Rudman & Dowd LLP | Yes | | Mylan | Yes | Yes | 2/17/2023 | Plaintiff filed its short form complaint on March 15, 2019, naming Mylan N.V. f/k/a Mylan Inc. and Mylan Pharmaceuticals Inc.  On April 25, 2019, it served the domestic entity – Mylan Pharmaceuticals Inc. – with the short form and operative complaint.  *See* Dkt. No. 33.  CMO 1 suspended service of international defendants.  Following this Court's recent orders on service, Plaintiff sent a waiver request for Mylan N.V. to counsel of record, which counsel denied.  Plaintiff also served Mylan N.V. care of Mylan Pharmaceuticals Inc. on February 17, 2023.  Thus, Mylan has been on notice since April 25, 2019, at the latest, and has not been prejudiced.  Any procedural service issues related to Mylan N.V. have been effectively cured. |
| City of Keene, New Hampshire | 1:18-op-45511 | Napoli Shkolnik | Yes | | Mylan | Yes | Yes | 2/13/2023 | |
| The City of Keene, NH | 1:18-op-45511 | Napoli Shkolnik | Yes | | KVK-Tech | No | | | |
| City of Hattiesburg (MS) | 1:18-op-45512 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 7/22/2019 | |
| Hattiesburg, MS | 1:18-op-45512 | Levin Papantonio Rafferty | Yes | | Winn-Dixie | Yes | Yes | 7/22/2019 | |
| City of Lowell (MA) | 1:18-op-45514 | Levin Papantonio Rafferty | Yes | | KVK-Tech | Yes | Yes | 12/7/2020 | |
| City of Sandy Springs, Georgia | 1:18-op-45516 | Friedman, Dazzio & Zulanas, P.C. | Yes | | Hikma | Yes | In Process | | |
| City of Sandy Springs, Georgia | 1:18-op-45516 | Friedman, Dazzio & Zulanas, P.C. | Yes | | Mylan | Yes | In Process | | |
| City of Sandy Springs, GA | 1:18-op-45516 | Friedman, Dazzio & Zulanas, P.C. | Yes | | Indivior | Yes | In Process | | |
| City of Clarksville, Tennessee | 1:18-op-45517 | Friedman, Dazzio & Zulanas, P.C. | Yes | | Hikma | Yes | In Process | | |
| City of Clarksville, Tennessee | 1:18-op-45517 | Friedman, Dazzio & Zulanas, P.C. | Yes | | Mylan | Yes | In Process | | |
| The City of Clarksville, Tennessee | 1:18-op-45517 | Friedman, Dazzio & Zulanas, P.C. | Yes | | Amneal Pharmaceuticals LLC | Yes | In Process | | |
| City of Clarksville, TN | 1:18-op-45517 | Friedman, Dazzio & Zulanas, P.C. | Yes | | Indivior | Yes | In Process | | |
| Spirit Lake Tribe | 1:18-op-45520 | | | | Dakota Drug | No | | | The PEC notes the plaintiff is a tribe and was improperly identified by Defendant on its service and fact sheet list. The Court's 1/3/23 Order (#4801) was directed to "plaintiff-subdivisions" only. In addition, the 6/19/18 Fact Sheet Implementation Order (#638) was applicable to Government Entities only and did not apply to plaintiff-tribes (see 6/20/18 Order, #642). |
| Turtle Mountain Band of Chippewa Indians | 1:18-op-45521 | | | | Dakota Drug | No | | | The PEC notes the plaintiff is a tribe and was improperly identified by Defendant on its service and fact sheet list. The Court's 1/3/23 Order (#4801) was directed to "plaintiff-subdivisions" only. In addition, the 6/19/18 Fact Sheet Implementation Order (#638) was applicable to Government Entities only and did not apply to plaintiff-tribes (see 6/20/18 Order, #642). |
| McDowell County (NC) | 1:18-op-45524 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 9/11/2019 | |
| The Fiscal Court of Bourbon County (KY) | 1:18-op-45533 | The Finnell Firm | Yes | | JM Smith | Yes | Yes | 2/16/2023 | |
| Hancock County (GA) | 1:18-op-45535 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | JM Smith | Yes | Yes | 4/25/2019 | Defendant signed and returned the waiver on 4/25/19. Plaintiff filed the waiver with the Court on 2/3/23. |
| Hancock County, Georgia | 1:18-op-45535 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Hikma | No | | | |
| Hancock County, Georgia | 1:18-op-45535 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Mylan | No | | | |
| Hancock County, Georgia | 1:18-op-45535 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Amneal | No | | | |
| City of Metropolis (IL) | 1:18-op-45537 | Levin Papantonio Rafferty | Yes | | Quest Pharmaceuticals | Yes | Yes | 8/28/2019 | |
| Arizona School Alliance for Workers Compensation | 1:18-op-45540 | Keller Rohrback L.L.P. | Yes | | KVK-Tech | Yes | Yes | 3/8/2023 | Waiver filed 3/8/23. Waiver request originally sent 3/4/2020. After multiple follow-ups, waiver signed and returned 3/8/2023. |
| The Arizona School Alliance for Workers' Compensation, Inc. | 1:18-op-45540 | Keller Rohrback L.L.P. | Yes | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 2/27/2023 | Waiver filed 2/27/23.  Waiver signed and received 4/3/2020. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Confederated Tribes of the Umatilla | 1:18-op-45541 | Skikos Crawford Skikos & Joseph Johnson, Johnson, Lucas & Middleton | | N/A | Associated Pharmacies Inc/American Associated Pharmacies | Yes | | N/A | Plaintiff is a Tribe and was improperly identified by Defendant on its service and fact sheet list. The Court's 1/3/23 Order (#4801) was directed to "plaintiff-subdivisions" only. In addition, the 6/19/18 Fact Sheet Implementation Order (#638) was applicable to Government Entities only and did not apply to Tribes (see 6/20/18 Order, #642). |
| City of Wilkes Barre, Pennsylvania v. Purdue Pharma L.P., et al. | 1:18-op-45545 | Levin Papantonio Rafferty | Yes | | Value Drug | Yes | Yes | 3/25/2021 | |
| City of Dunbar, WV | 1:18-op-45546 | Motley Rice | Yes | | Masters Pharmaceutical | Yes | In Process | | As per the template filed 4/25/2018 (ECF 279-1), Plaintiff served counsel Jack Smith on behalf of Masters Pharmaceutical with the City of Dunbar, WV complaint and a waiver form on 7/11/2018 at 10:06 AM.  Confirmation of original service and waiver sent with curative waiver to Defense counsel's new Masters signatory. |
| Harrison County Board of Commissioners, Ohio | 1:18-op-45547 | Napoli Shkolnik | Yes | | Mylan | Yes | Yes | 2/13/2023 | |
| Miami-Dade County, FL | 1:18-op-45552 | Levin Papantonio Rafferty | Yes | | Winn-Dixie | Yes | Yes | 12/23/2020 | |
| Baltimore County, Maryland | 1:18-op-45554 | Robbins Geller Rudman & Dowd LLP | Yes | | Mylan | Yes | Yes | 2/17/2023 | Plaintiff filed its short form complaint on March 12, 2019, naming Mylan N.V. f/k/a Mylan Inc. and Mylan Pharmaceuticals Inc.  On April 12, 2019, it served the domestic entity – Mylan Pharmaceuticals Inc. – with the short form and operative complaint.  See Dkt. No. 21.  CMO 1 suspended service of international defendants.  Following this Court's recent orders on service, Plaintiff sent a waiver request for Mylan N.V. to counsel of record, which counsel denied.  Plaintiff also served Mylan N.V. care of  Mylan Pharmaceuticals Inc. on February 17, 2023.  Thus, Mylan has been on notice since April 12, 2019, at the latest, and has not been prejudiced.  Any procedural service issues related to Mylan N.V. have now been effectively cured. |
| Town of Brewster, MA | 1:18-op-45556 | Levin Papantonio Rafferty | Yes | | KVK-Tech | Yes | Yes | 11/23/2020 | |
| Town of Brewster, MA | 1:18-op-45556 | Levin Papantonio Rafferty | Yes | | American Sales Company, LLC | Yes | Yes | 2/27/2023 | |
| Ponca Tribe of Nebraska | 1:18-op-45557 | | | | Dakota Drug | Yes | | | The PEC notes the plaintiff is a tribe and was improperly identified by Defendant on its service and fact sheet list. The Court's 1/3/23 Order (#4801) was directed to "plaintiff-subdivisions" only. In addition, the 6/19/18 Fact Sheet Implementation Order (#638) was applicable to Government Entities only and did not apply to plaintiff-tribes (see 6/20/18 Order, #642). |
| Jefferson County, Alabama; Mike Hale, Sheriff of Jefferson County, Alabama; City of Pleasant Grove, Alabama; City of Hueytown, Alabama; City of Mountain Brook, Alabama; Jefferson County Board of Health, Alabama | 1:18-op-45558 | Riley & Jackson, P.C. Napoli Shkolnik, PLLC | Yes | | Mylan | Yes | Yes | 2/13/2023 | |
| (1) Jefferson County, AL; (2) Mike Hale as Sheriff of Jeff. Co., AL; (3) City of Pleasantgrove, AL; (4) City of Hueytown, AL; (5) City of Mountain Brook, AL; and (6) Jeff. Co. Bd. of Health | 1:18-op-45558 | Riley & Jackson, P.C. Napoli Shkolnik, PLLC | Yes | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 2/24/2023 | The case was originally filed in state court. Service on this defendant by the Clerk via certified mail was requested at the office of its registered agent that was on file with the Alabama Secretary of State. We now know this defendant had not discharged its obligation of updating its registered agent information. While service was being attempted on the wrong registered agent at the wrong address, the case was removed from the Circuit Court of Jefferson County to the USDC for the Northern District of Alabama. The case was then quickly transferred into the MDL with a Motion to Remand pending. We did not realize service on Associated Pharmacies after transfer to the MDL had not been perfected and did not request this defendant to execute a waiver of service. This defendant's counsel has agreed to accept service without signing a waiver. Process has been provided to this defendant's counsel. |
| Habersham County (GA) | 1:18-op-45559 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | JM Smith | Yes | Yes | 4/25/2019 | Defendant signed and returned the waiver on 4/25/19. Plaintiff filed the waiver with the Court on 2/3/23. |
| Habersham County, Georgia | 1:18-op-45559 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Hikma | No | | | |
| Habersham County, Georgia | 1:18-op-45559 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Mylan | No | | | |
| Habersham County, Georgia | 1:18-op-45559 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Amneal | No | | | |
| Town of Brewster, MA | 1:18-op-4556 | Levin Papantonio Rafferty | Yes | | Ahold Delhaize USA, Inc. | Yes | Yes | 2/27/2023 | Case number listed incorrectly.  It should be 1:18-op-45556. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Town of Billerica, MA | 1:18-op-45560 | Levin Papantonio Rafferty | Yes | | KVK-Tech | Yes | Yes | 11/23/2020 | |
| Taliaferro County (GA) | 1:18-op-45562 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | JM Smith | Yes | Yes | 4/25/2019 | Defendant signed and returned the waiver on 4/25/19. Plaintiff filed the waiver with the Court on 2/3/23. |
| Taliaferro County, Georgia | 1:18-op-45562 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Hikma | No | | | |
| Taliaferro County, Georgia | 1:18-op-45562 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Mylan | No | | | |
| Taliaferro County, Georgia | 1:18-op-45562 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Amneal | No | | | |
| Washington County (GA) | 1:18-op-45563 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | JM Smith | Yes | Yes | 4/25/2019 | Defendant signed and returned the waiver on 4/25/19. Plaintiff filed the waiver with the Court on 2/6/23. |
| Washington County, Georgia | 1:18-op-45563 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Hikma | No | | | |
| Washington County, Georgia | 1:18-op-45563 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Mylan | Yes | Yes | 5/30/2019 | Defendant signed and returned the waiver on 5/30/19. Plaintiff filed the waiver with the Court on 2/7/23. |
| Washington County, Georgia | 1:18-op-45563 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Amneal | No | | | |
| Columbus (GA) | 1:18-op-45567 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 3/2/2023 | |
| Columbus, GA | 1:18-op-45567 | Levin Papantonio Rafferty | Yes | | Winn-Dixie | Yes | Yes | 3/15/2021 | |
| County of Overton, TN | 1:18-op-45568 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 3/23/2021 | |
| City of Concord, New Hampshire; City of Dover, New Hampshire | 1:18-op-45573 | Robbins Geller Rudman & Dowd LLP | Yes | | Mylan | Yes | Yes | 2/17/2023 | Plaintiffs filed their short form complaint on March 14, 2019, naming Mylan N.V. f/k/a Mylan Inc. and Mylan Pharmaceuticals Inc.  On April 25, 2019, they served the domestic entity – Mylan Pharmaceuticals Inc. – with the short form and operative complaint.  See Dkt. No. 32.  CMO 1 suspended service of international defendants.  Following this Court's recent orders on service, Plaintiffs sent a waiver request for Mylan N.V. to counsel of record, which counsel denied.  Plaintiffs also served Mylan N.V. care of Mylan Pharmaceuticals Inc. on February 17, 2023.  Thus, Mylan has been on notice since April 25, 2019, at the latest, and has not been prejudiced.  Any procedural service issues related to Mylan N.V. have been effectively cured. |
| Tattnall County (GA) | 1:18-op-45574 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | JM Smith | Yes | Yes | 4/25/2019 | Defendant signed and returned the waiver on 4/25/19. Plaintiff filed the waiver with the Court on 2/3/23. |
| Tattnall County, Georgia | 1:18-op-45574 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Hikma | No | | | |
| Tattnall County, Georgia | 1:18-op-45574 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Mylan | No | | | |
| Tattnall County, Georgia | 1:18-op-45574 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Amneal | No | | | |
| City of Woodbury, Georgia | 1:18-op-45575 | Bryant Law Center | Yes | | Hikma | Yes | Yes | 3/24/2023 | |
| City of Woodbury, Georgia | 1:18-op-45575 | Bryant Law Center | Yes | | Mylan | Yes | Yes | 3/27/2023 | |
| Toombs County (GA) | 1:18-op-45576 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | JM Smith | Yes | Yes | 4/25/2019 | Defendant signed and returned the waiver on 4/25/19. Plaintiff filed the waiver with the Court on 2/6/23. |
| Toombs County, Georgia | 1:18-op-45576 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Hikma | No | | | |
| Toombs County, Georgia | 1:18-op-45576 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Mylan | No | | | |
| Toombs County, Georgia | 1:18-op-45576 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Amneal | No | | | |
| County of Macon, Georgia | 1:18-op-45577 | Bryant Law Center | Yes | | Mylan | Yes | In Process | | |
| Macon County, Georgia | 1:18-op-45577 | Bryant Law Center | Yes | | Hikma | Yes | Yes | 3/27/2023 | |
| The County of Macon, Georgia | 1:18-op-45577 | Bryant Law Center | Yes | | Amneal Pharmaceuticals LLC | Yes | Yes | 3/27/2023 | |
| Macon County, GA | 1:18-op-45577 | Bryant Law Center | Yes | | Indivior | Yes | In Process | | |
| Newton County (GA) | 1:18-op-45578 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | JM Smith | No | | | |
| Newton County, Georgia | 1:18-op-45578 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Hikma | No | | | |
| Newton County, Georgia | 1:18-op-45578 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Mylan | No | | | |
| Newton County, Georgia | 1:18-op-45578 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Amneal | No | | | |
| County of Peach, Georgia | 1:18-op-45579 | Bryant Law Center | Yes | | Mylan | Yes | Yes | 3/27/2023 | |

| Plaintiff | Case No. | Law Firm | | | Defendant | | | | Notes |
|---|---|---|---|---|---|---|---|---|---|
| Peach County, GA | 1:18-op-45579 | Bryant Law Center | Yes | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 3/17/2023 | |
| The County of Peach, Georgia | 1:18-op-45579 | Bryant Law Center | Yes | | Amneal Pharmaceuticals LLC | Yes | In Process | | |
| Peach County, GA | 1:18-op-45579 | Bryant Law Center | Yes | | Indivior | Yes | In Process | | |
| County of Schley, Georgia | 1:18-op-45580 | Bryant Law Center | Yes | | Mylan | Yes | In Process | | |
| Schley County, Georgia | 1:18-op-45580 | Bryant Law Center | Yes | | Hikma | Yes | Yes | 3/24/2023 | |
| The County of Schley, Georgia | 1:18-op-45580 | Bryant Law Center | Yes | | Amneal Pharmaceuticals LLC | Yes | Yes | 3/24/2023 | |
| Jackson County (GA) | 1:18-op-45581 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | JM Smith | Yes | Yes | 4/25/2019 | Defendant signed and returned the waiver on 4/25/19. Plaintiff filed the waiver with the Court on 2/3/23. |
| Jackson County, Georgia | 1:18-op-45581 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Hikma | No | | | |
| Jackson County, Georgia | 1:18-op-45581 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Mylan | No | | | |
| Jackson County, Georgia | 1:18-op-45581 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Amneal | No | | | |
| City of Huntington Beach, California | 1:18-op-45588 | Skikos Crawford Skikos & Joseph Robinson Calcagnie | Yes | N/A | Mylan | Yes | No | N/A | A request for waiver of service pursuant to FRCP Rule 4(d) and CMO-1 was circulated to Mylan on 2/17/23. The request was denied by Mylan. |
| Tulalip Tribes, WA v. Purdue Pharma L.P., et al. | 1:18-op-45589 | | | | SuperValu | No | | | The PEC notes the plaintiff is a tribe and was improperly identified by Defendant on its service and fact sheet list. The Court's 1/3/23 Order (#4801) was directed to "plaintiff-subdivisions" only. In addition, the 6/19/18 Fact Sheet Implementation Order (#638) was applicable to Government Entities only and did not apply to plaintiff-tribes (see 6/20/18 Order, #642). |
| Tulalip Tribes, WA v. Purdue Pharma L.P., et al. | 1:18-op-45589 | Keller Rohrback L.L.P. | | N/A | SuperValu | No | | | Plaintiff is a Tribe and was incorrectly listed by Defendant on Defendant's service and fact sheet list.  The Court's 1/3/23 Order (#4801) was directed to "plaintiff-subdivisions" only.  Defendant does not contend that it was not served with process.  In addition, as Defendant expressly acknowledges (see #4836 at 2), the 6/19/18 Fact Sheet Implementation Order (#638) was applicable to Government Entities only and did not apply to Tribes (see 6/20/18 Order, #642). |
| City of Kent, Washington | 1:18-op-45590 | Keller Rohrback L.L.P. | Yes | | Hikma | Yes | Yes | 3/20/2023 | Declaration of Service re personal service filed 3/20/23. Hikma Pharmaceuticals USA, Inc. not a named defendant. West-Ward Pharmaceutical Corp is a named defendant.  Waiver request originally sent to West-Ward on 1/3/2020. No response received after multiple follow-ups. Personal service perfected 3/15/2023. |
| City of Evansville (IN) | 1:18-op-45591 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 10/9/2019 | |
| City of Paducah, Kentucky | 1:18-op-45592 | Bryant Law Center | Yes | | Hikma | Yes | Yes | 3/24/2023 | |
| City of Paducah, KY | 1:18-op-45592 | Bryant Law Center | Yes | | Indivior | Yes | In Process | | |
| County of Ballard, Kentucky | 1:18-op-45593 | Bryant Law Center | Yes | | Mylan | Yes | In Process | | |
| The County of Ballard, Kentucky | 1:18-op-45593 | Bryant Law Center | Yes | | Amneal Pharmaceuticals LLC | Yes | In Process | | |
| City of Harrisburg, Illinois | 1:18-op-45594 | Sanders Phillips Grossman, LLC AKA Milberg Coleman Bryson Phillips Grossman, LLC | Yes | | Hikma | Yes | In Process | | |
| City of Harrisburg, Illinois | 1:18-op-45594 | Sanders Phillips Grossman, LLC AKA Milberg Coleman Bryson Phillips Grossman, LLC | Yes | | Mylan | Yes | In Process | | |
| City of Harrisburg, Illinois | 1:18-op-45594 | Sanders Phillips Grossman, LLC AKA Milberg Coleman Bryson Phillips Grossman, LLC | Yes | | Amneal Pharmaceuticals LLC | Yes | In Process | | |
| City of Harrisburg, IL | 1:18-op-45594 | Sanders Phillips Grossman, LLC AKA Milberg Coleman Bryson Phillips Grossman, LLC | Yes | | Indivior | Yes | In Process | | |

| Location | Case No. | Law Firm | | Date | Defendant | | | Date | Notes |
|---|---|---|---|---|---|---|---|---|---|
| Town of Salisbury, MA | 1:18-op-45595 | Levin Papantonio Rafferty | Yes | | KVK-Tech | Yes | Yes | 11/19/2020 | |
| City of Princeton, Illinois | 1:18-op-45599 | Sanders Phillips Grossman, LLC AKA Milberg Coleman Bryson Phillips Grossman, LLC | Yes | | Hikma | Yes | In Process | | |
| City of Princeton, Illinois | 1:18-op-45599 | Sanders Phillips Grossman, LLC AKA Milberg Coleman Bryson Phillips Grossman, LLC | Yes | | Mylan | Yes | In Process | | |
| City of Princeton, Illinois | 1:18-op-45599 | Sanders Phillips Grossman, LLC AKA Milberg Coleman Bryson Phillips Grossman, LLC | Yes | | Amneal Pharmaceuticals LLC | Yes | In Process | | |
| City of Princeton, IL | 1:18-op-45599 | Sanders Phillips Grossman, LLC AKA Milberg Coleman Bryson Phillips Grossman, LLC | Yes | | Indivior | Yes | In Process | | |
| City of Los Angeles, California | 1:18-op-45601 | Robbins Geller Rudman & Dowd LLP | Yes | | Mylan | Yes | Yes | 2/17/2023 | Plaintiff filed its short form complaint on March 14, 2019, naming Mylan N.V. f/k/a Mylan Inc. and Mylan Pharmaceuticals Inc.  On April 25, 2019, it served the domestic entity – Mylan Pharmaceuticals Inc. – with the short form and operative complaint.  *See* Dkt. No. 38.  CMO 1 suspended service of international defendants.  Following this Court's recent orders on service, Plaintiff sent a waiver request for Mylan N.V. to counsel of record, which counsel denied.  Plaintiff also served Mylan N.V. care of Mylan Pharmaceuticals Inc. on February 17, 2023.  Thus, Mylan has been on notice since April 25, 2019, at the latest, and has not been prejudiced.  Any procedural service issues related to Mylan N.V. have been effectively cured. |
| Worth County (GA) | 1:18-op-45602 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | JM Smith | Yes | Yes | 4/25/2019 | Defendant signed and returned the waiver on 4/25/19. Plaintiff filed the waiver with the Court on 2/6/23. |
| Worth County, Georgia | 1:18-op-45602 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Hikma | No | | | |
| Worth County, Georgia | 1:18-op-45602 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Mylan | No | | | |
| Worth County, Georgia | 1:18-op-45602 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Amneal | No | | | |
| City of Fitzgerald , Georgia | 1:18-op-45603 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Hikma | No | | | |
| City of Fitzgerald, Georgia | 1:18-op-45603 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Mylan | No | | | |
| The City of Fitzgerald (GA) | 1:18-op-45603 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | JM Smith | Yes | Yes | 4/25/2019 | Defendant signed and returned the waiver on 4/25/19. Plaintiff filed the waiver with the Court on 2/3/23. |
| The City of Fitzgerald, Georgia | 1:18-op-45603 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Amneal | No | | | |
| Forsyth County (NC) | 1:18-op-45605 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 9/10/2019 | |
| Columbia County (GA) | 1:18-op-45607 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | JM Smith | Yes | Yes | 4/25/2019 | Defendant signed and returned the waiver on 4/25/19. Plaintiff filed the waiver with the Court on 2/1/23. |
| Columbia County, Georgia | 1:18-op-45607 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Hikma | No | | | |
| Columbia County, Georgia | 1:18-op-45607 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Mylan | No | | | |
| Columbia County, Georgia | 1:18-op-45607 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Amneal | No | | | |
| County of McCracken, Kentucky | 1:18-op-45611 | Bryant Law Center | Yes | | Hikma | Yes | Yes | 3/27/2023 | |
| County of McCracken, KY | 1:18-op-45611 | Bryant Law Center | Yes | | Indivior | Yes | In Process | | |
| Clallam County, WA | 1:18-op-45612 | Keller Rohrback L.L.P. | Yes | | KVK-Tech | Yes | Yes | 3/8/2023 | Waiver filed 3/8/23. Waiver request originally sent 3/4/2020. After multiple follow-ups, waiver signed and returned 3/8/2023. |
| Clallam County, Washington | 1:18-op-45612 | Keller Rohrback L.L.P. | Yes | | Hikma | Yes | Yes | 3/20/2023 | Declaration of Service re personal service filed 3/20/23. Hikma Pharmaceuticals USA, Inc. not a named defendant. West-Ward Pharmaceutical Corp is a named defendant.  Waiver request originally sent to West-Ward on 1/3/2020. No response received after multiple follow-ups. Personal service perfected 3/15/2023. |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Bergen County, NJ | 1:18-op-45616 | Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. | No | | 11/18/2022 | Indivior | Yes | In Process | | Provided to Process Servers on 2/24/2023. |
| City of Frostburg v. Amerisourcebergen Drug Corporation, et al. | 1:18-op-45617 | Levin Papantonio Rafferty | Yes | | | Value Drug | Yes | Yes | 5/5/2020 | |
| City of Hagerstown, Maryland | 1:18-op-45622 | Levin Papantonio Rafferty | Yes | | | Hikma | Yes | Yes | 2/24/2023 | |
| City of Hagerstown, Maryland v. Amerisourcebergen Drug Corporation et al. | 1:18-op-45622 | Levin Papantonio Rafferty | Yes | | | Value Drug | Yes | Yes | 5/5/2020 | |
| City of Hagerstown, MD | 1:18-op-45622 | Levin Papantonio Rafferty | Yes | | | KVK-Tech | Yes | No | 3/23/2023 | |
| City of Cumberland, Maryland v. Amerisourcebergen Drug Corporation et al. | 1:18-op-45624 | Levin Papantonio Rafferty | Yes | | | Value Drug | Yes | Yes | 5/5/2020 | |
| Carbon County, WY | 1:18-op-45625 | Skikos Crawford Skikos & Joseph Ochs Law Firm | Yes | N/A | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | No | N/A | A request for waiver of service pursuant to FRCP Rule 4(d) and CMO-1 was circulated to Associated Pharmacies, Inc. on 2/20/23. Counsel for Associated Pharmacies stated in response that it would not execute the waiver of service, but was willing to accept service on the client's behalf. |
| County of Carbon, Wyoming | 1:18-op-45625 | Skikos Crawford Skikos & Joseph Ochs Law Firm | Yes | N/A | | Amneal Pharmaceuticals LLC | Yes | No | N/A | A request for waiver of service pursuant to Rule 4(d) and CMO-1 was circulated to Amneal on 2/17/23. |
| Carbon County, Wyoming | 1:18-op-45625 | Skikos Crawford Skikos & Joseph Ochs Law Firm | Yes | N/A | | Mylan | Yes | No | N/A | A request for waiver of service pursuant to FRCP Rule 4(d) and CMO-1 was circulated to Mylan on 2/17/23. The request was denied by Mylan. |
| County of Carbon, Wyoming | 1:18-op-45625 | Skikos Crawford Skikos & Joseph Ochs Law Firm | Yes | N/A | | Hikma | Yes | No | N/A | A request for waiver of service pursuant to FRCP Rule 4(d) and CMO-1 was circulated to Hikma on 2/17/23. The request was denied by Hikma. |
| Arizona Counties Insurance Pool | 1:18-op-45632 | Keller Rohrback L.L.P. | Yes | | | KVK-Tech | Yes | Yes | 3/8/2023 | Waiver filed 3/8/23. Waiver request originally sent 3/4/2020. After multiple follow-ups, waiver signed and returned 3/8/2023. |
| The Arizona Counties Insurance Pool | 1:18-op-45632 | Keller Rohrback L.L.P. | Yes | | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 2/27/2023 | Waiver filed 2/27/23. Waiver signed and received 4/3/2020. |
| City of Bridgeport (AL) | 1:18-op-45634 | Friedman, Dazzio & Zulanas, P.C. | No | | 3/3/2023 | Quest Pharmaceuticals | Yes | In Process | | **PFS Explanation:** The PFS for our clients' in Alabama were sent via DropBox. After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023. We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss. Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023. We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents). We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint. As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |
| City of Henagar (AL) | 1:18-op-45634 | Friedman, Dazzio & Zulanas, P.C. | No | | 3/3/2023 | Quest Pharmaceuticals | Yes | In Process | | **PFS Explanation:** The PFS for our clients' in Alabama were sent via DropBox. After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023. We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss. Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023. We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents). We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint. As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| City of New Hope (AL) | 1:18-op-45634 | Friedman, Dazzio & Zulanas, P.C. | No | | 3/3/2023 | Quest Pharmaceuticals | Yes | In Process | | **PFS Explaination:** The PFS for our clients' in Alabama were sent via DropBox.  After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023.  We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss.  Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023.  We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents).  We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint.  As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |
| City of Scottsboro (AL) | 1:18-op-45634 | Friedman, Dazzio & Zulanas, P.C. | No | | 3/3/2023 | Quest Pharmaceuticals | Yes | In Process | | **PFS Explaination:** The PFS for our clients' in Alabama were sent via DropBox.  After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023.  We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss.  Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023.  We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents).  We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint.  As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |
| Jackson County (AL) | 1:18-op-45634 | Friedman, Dazzio & Zulanas, P.C. | No | | 3/3/2023 | Quest Pharmaceuticals | Yes | In Process | | **PFS Explaination:** The PFS for our clients' in Alabama were sent via DropBox.  After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023.  We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss.  Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023.  We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents).  We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint.  As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |
| Jackson County, Alabama et al. | 1:18-op-45634 | Friedman, Dazzio & Zulanas, P.C. | No | | 3/3/2023 | Hikma | Yes | In Process | | **PFS Explaination:** The PFS for our clients' in Alabama were sent via DropBox.  After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023.  We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss.  Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023.  We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents).  We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint.  As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |
| Jackson County, Alabama; City of Bridgeport, Alabama; City of Henagar, Alabama; City of New Hope, Alabama; City of Scottsboro, Alabama; Town of Geraldine, Alabama; Town of Woodville, Alabama | 1:18-op-45634 | Friedman, Dazzio & Zulanas, P.C. | No | | 3/3/2023 | Mylan | Yes | In Process | | **PFS Explaination:** The PFS for our clients' in Alabama were sent via DropBox.  After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023.  We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss.  Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023.  We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents).  We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint.  As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Town of Geraldine (AL) | 1:18-op-45634 | Friedman, Dazzio & Zulanas, P.C. | No | | 3/3/2023 | Quest Pharmaceuticals | Yes | In Process | | **PFS Explaination:** The PFS for our clients' in Alabama were sent via DropBox.  After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS were held) on 3/3/2023.  We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss.  Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023.  We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents).  We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint.  As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |
| Town of Woodville (AL) | 1:18-op-45634 | Friedman, Dazzio & Zulanas, P.C. | No | | 3/3/2023 | Quest Pharmaceuticals | Yes | In Process | | **PFS Explaination:** The PFS for our clients' in Alabama were sent via DropBox.  After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS were held) on 3/3/2023.  We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss.  Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023.  We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents).  We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint.  As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |
| Jackson County, AL, Cities of Bridgeport, Henagar, New Hope, and Scottsboro, AL, and Towns of Geraldine and Woodville, AL | 1:18-op-45634 | Friedman, Dazzio & Zulanas, P.C. | No | | 3/3/2023 | Indivior | Yes | In Process | | **PFS Explaination:** The PFS for our clients' in Alabama were sent via DropBox.  After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS were held) on 3/3/2023.  We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss.  Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023.  We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents).  We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint.  As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |
| City of Mayfield Heights, Ohio | 1:18-op-45635 | Kelley & Ferraro | No | | 2/17/2023 | Mylan | Yes | In Process | | |
| City of Mayfield Heights, OH | 1:18-op-45635 | Kelley & Ferraro | No | | 2/17/2023 | Indivior | Yes | In Process | | |
| City of Lyndhurst, Ohio | 1:18-op-45636 | Kelley & Ferraro | No | | 2/17/2023 | Mylan | Yes | In Process | | |
| City of Lyndhurst, OH | 1:18-op-45636 | Kelley & Ferraro | No | | 2/17/2023 | Indivior | Yes | In Process | | |
| City of Wickliffe, Ohio | 1:18-op-45637 | Kelley & Ferraro | No | | 2/17/2023 | Mylan | Yes | In Process | | |
| City of Wickliffe, OH | 1:18-op-45637 | Kelley & Ferraro | No | | 2/17/2023 | Indivior | Yes | In Process | | |
| Allegany County, Maryland v. Amerisourcebergen Drug Corporation et al. | 1:18-op-45652 | Levin Papantonio Rafferty | Yes | | | Value Drug | Yes | Yes | 5/5/2020 | |
| County of Marin, California | 1:18-op-45657 | Robbins Geller Rudman & Dowd LLP | Yes | | | Mylan | Yes | Yes | 2/17/2023 | Plaintiff filed its short form complaint on March 13, 2019, naming Mylan N.V. f/k/a Mylan Inc. and Mylan Pharmaceuticals Inc.  On April 25, 2019, it served the domestic entity – Mylan Pharmaceuticals Inc. – with the short form and operative complaint.  *See* Dkt. No. 51.  CMO 1 suspended service of international defendants.  Following this Court's recent orders on service, Plaintiff sent a waiver request for Mylan N.V. to counsel of record, which counsel denied.  Plaintiff also served Mylan N.V. care of Mylan Pharmaceuticals Inc. on February 17, 2023.  Thus, Mylan has been on notice since April 25, 2019, at the latest, and has not been prejudiced.  Any procedural service issues related to Mylan N.V. have been effectively cured. |
| City of Winston-Salem (NC) | 1:18-op-45658 | Levin Papantonio Rafferty | Yes | | | JM Smith | Yes | Yes | 9/9/2019 | |
| Dallas County, AL | 1:18-op-45667 | Levin Papantonio Rafferty | Yes | | | Winn-Dixie | Yes | Yes | 12/30/2020 | |
| County of Osceola, Florida | 1:18-op-45669 | Napoli Shkolnik | Yes | | | Mylan | Yes | Yes | 2/13/2023 | |
| County of Osceola, Florida | 1:18-op-45669 | Napoli Shkolnik | Yes | | | Hikma | Yes | Yes | 2/14/2023 | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Wilkinson County (GA) | 1:18-op-45671 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 03/02/2023 | |
| Monroe County, GA | 1:18-op-45672 | Levin Papantonio Rafferty | Yes | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 03/02/2023 | |
| Monroe County, GA | 1:18-op-45672 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 3/15/2021 | |
| Town of Watertown, MA | 1:18-op-45674 | Levin Papantonio Rafferty | Yes | | KVK-Tech | Yes | Yes | 11/19/2020 | |
| County of Santa Cruz, California | 1:18-op-45679 | Robbins Geller Rudman & Dowd LLP | Yes | | Mylan | Yes | Yes | 2/17/2023 | Plaintiff filed its short form complaint on March 12, 2019, naming Mylan N.V. f/k/a Mylan Inc. and Mylan Pharmaceuticals Inc. On April 25, 2019, it served the domestic entity –  Mylan Pharmaceuticals Inc. – with the short form and operative complaint.  See Dkt. No. 64.  CMO 1 suspended service of international defendants.  Following this Court's recent orders on service, Plaintiff sent a waiver request for Mylan N.V. to counsel of record,which counsel denied.  Plaintiff also served Mylan N.V. care of Mylan Pharmaceuticals Inc. on February 17, 2023.  Thus, Mylan has been on notice since April 25, 2019, at the latest, and has not been prejudiced.  Any procedural service issues related to Mylan N.V. have been effectively cured. |
| Dare County, NC | 1:18-op-45683 | Levin Papantonio Rafferty | Yes | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 8/15/2019 | |
| City of Wilmington (NC) | 1:18-op-45684 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 9/9/2019 | |
| Alachua County, Florida | 1:18-op-45685 | Napoli Shkolnik | Yes | | Hikma | Yes | Yes | 3/8/2023 | |
| County of Alachua, Florida | 1:18-op-45685 | Napoli Shkolnik | Yes | | Mylan | Yes | Yes | 2/13/2023 | |
| Town of Southbridge, MA | 1:18-op-45686 | Levin Papantonio Rafferty | Yes | | KVK-Tech | Yes | Yes | 11/19/2020 | |
| Town of Winchendon, MA | 1:18-op-45687 | Levin Papantonio Rafferty | Yes | | KVK-Tech | Yes | Yes | 11/18/2020 | |
| Town of Charlton, MA | 1:18-op-45689 | Levin Papantonio Rafferty | Yes | | KVK-Tech | Yes | Yes | 11/23/2020 | |
| City of Logansport, Indiana | 1:18-op-45692 | Cohen & Malad, LLP | No | 1/3/2023 | Amneal | No | | | A PFS was originally served on 12/17/2018 |
| City of Logansport, Indiana | 1:18-op-45692 | Cohen & Malad, LLP | No | 1/3/2023 | Hikma | No | | | A PFS was originally served on 12/17/2018 |
| City of Logansport, Indiana | 1:18-op-45692 | Cohen & Malad, LLP | No | 1/3/2023 | Mylan | No | | | A PFS was originally served on 12/17/2018 |
| City of Logansport, IN | 1:18-op-45692 | Cohen & Malad, LLP | No | 1/3/2023 | Indivior | No | | | A PFS was originally served on 12/17/2018 |
| City of Holyoke, MA | 1:18-op-45694 | Levin Papantonio Rafferty | Yes | | KVK-Tech | Yes | Yes | 11/24/2020 | |
| Reno-Sparks Indian Colony, Nevada | 1:18-op-45699 | | | | Hikma | No | | | The PEC notes the plaintiff is a tribe and was improperly identified by Defendant on its service and fact sheet list. The Court's 1/3/23 Order (#4801) was directed to "plaintiff-subdivisions" only. In addition, the 6/19/18 Fact Sheet Implementation Order (#638) was applicable to Government Entities only and did not apply to plaintiff-tribes (see 6/20/18 Order, #642). |
| St. Petersburg, FL | 1:18-op-45701 | Levin Papantonio Rafferty | Yes | | Winn-Dixie | Yes | Yes | 12/18/2020 | |
| City of North Adams (MA) | 1:18-op-45702 | Levin Papantonio Rafferty | Yes | | Burlington Drug | Yes | Yes | 12/7/2020 | |
| Town of Douglas, MA | 1:18-op-45706 | Levin Papantonio Rafferty | Yes | | KVK-Tech | Yes | Yes | 11/23/2020 | |
| Town of Dudley, MA | 1:18-op-45707 | Levin Papantonio Rafferty | Yes | | KVK-Tech | Yes | Yes | 11/20/2020 | |
| Town of Hopedale, MA | 1:18-op-45708 | Levin Papantonio Rafferty | Yes | | KVK-Tech | Yes | Yes | 11/20/2020 | |
| City of Leominster, MA | 1:18-op-45710 | Levin Papantonio Rafferty | Yes | | KVK-Tech | Yes | Yes | 11/24/2020 | |
| Town of Northbridge, MA | 1:18-op-45711 | Levin Papantonio Rafferty | Yes | | KVK-Tech | Yes | Yes | 11/19/2020 | |
| Dooly County (GA) | 1:18-op-45712 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | JM Smith | Yes | Yes | 4/25/2019 | Defendant signed and returned the waiver on 4/25/19. Plaintiff filed the waiver with the Court on 2/3/23. |
| Dooly County, Georgia | 1:18-op-45712 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Hikma | No | | | |
| Dooly County, Georgia | 1:18-op-45712 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Mylan | No | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Dooly County, Georgia | 1:18-op-45712 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Amneal | No | | |
| Charlton County (GA) | 1:18-op-45713 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/13/2022 | JM Smith | Yes | Yes | 4/25/2019 | Defendant signed and returned the waiver on 4/25/19. Plaintiff filed the waiver with the Court on 5/5/20. |
| Charlton County, GA | 1:18-op-45713 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/13/2022 | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 5/23/2019 | Defendant signed and returned the waiver on 5/23/19. Plaintiff filed the waiver with the Court on 2/6/23. |
| Charlton County, Georgia | 1:18-op-45713 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/13/2022 | Hikma | No | | |
| Charlton County, Georgia | 1:18-op-45713 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/13/2022 | Mylan | No | | |
| Charlton County, Georgia | 1:18-op-45713 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/13/2022 | Amneal | No | | |
| Brantley County (GA) | 1:18-op-45714 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/13/2022 | JM Smith | Yes | Yes | 4/25/2019 | Defendant signed and returned the waiver on 4/25/19. Plaintiff filed the waiver with the Court on 1/30/20. |
| Brantley County, Georgia | 1:18-op-45714 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/13/2022 | Hikma | No | | |
| Brantley County, Georgia | 1:18-op-45714 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/13/2022 | Mylan | No | | |
| Brantley County, Georgia | 1:18-op-45714 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/13/2022 | Amneal | No | | |
| Troup County (GA) | 1:18-op-45715 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | JM Smith | Yes | Yes | 4/25/2019 | Defendant signed and returned the waiver on 4/25/19. Plaintiff filed the waiver with the Court on 2/6/23. |
| Troup County, Georgia | 1:18-op-45715 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Hikma | No | | |
| Troup County, Georgia | 1:18-op-45715 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Mylan | No | | |
| Troup County, Georgia | 1:18-op-45715 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Amneal | No | | |
| Johnson County (GA) | 1:18-op-45716 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | JM Smith | Yes | Yes | 4/25/2019 | Defendant signed and returned the waiver on 4/25/19. Plaintiff filed the waiver with the Court on 2/3/23. |
| Johnson County, Georgia | 1:18-op-45716 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Hikma | No | | |
| Johnson County, Georgia | 1:18-op-45716 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Mylan | No | | |
| Johnson County, Georgia | 1:18-op-45716 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Amneal | No | | |
| Camden County (GA) | 1:18-op-45717 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/13/2022 | JM Smith | Yes | Yes | 4/25/2019 | Defendant signed and returned the waiver on 4/25/19. Plaintiff filed the waiver with the Court on 2/12/20. |
| Camden County, Georgia | 1:18-op-45717 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/13/2022 | Hikma | No | | |
| Camden County, Georgia | 1:18-op-45717 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/13/2022 | Mylan | No | | |
| Camden County, Georgia | 1:18-op-45717 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/13/2022 | Amneal | No | | |
| County of Reno, Kansas | 1:18-op-45718 | Skikos Crawford Skikos & Joseph Ochs Law Firm | Yes | N/A | | Amneal Pharmaceuticals LLC | Yes | No | N/A | A request for waiver of service pursuant to Rule 4(d) and CMO-1 was circulated to Amneal on 2/17/23. |
| Reno County, Kansas | 1:18-op-45718 | Skikos Crawford Skikos & Joseph Ochs Law Firm | Yes | N/A | | Mylan | Yes | No | N/A | A request for waiver of service pursuant to FRCP Rule 4(d) and CMO-1 was circulated to Mylan on 2/17/23. The request was denied by Mylan. |
| Lincoln County, NC | 1:18-op-45719 | Levin Papantonio Rafferty | Yes | | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 9/9/2019 | |
| Escambia County, FL | 1:18-op-45729 | Levin Papantonio Rafferty | Yes | | | Winn-Dixie | Yes | Yes | 12/18/2020 | |
| Nez Perce Tribe, ID v. Purdue Pharma L.P., et al. | 1:18-op-45730 | | | | | SuperValu | No | | | The PEC notes the plaintiff is a tribe and was improperly identified by Defendant on its service and fact sheet list. The Court's 1/3/23 Order (#4801) was directed to "plaintiff-subdivisions" only. In addition, the 6/19/18 Fact Sheet Implementation Order (#638) was applicable to Government Entities only and did not apply to plaintiff-tribes (see 6/20/18 Order, #642). |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Nez Perce Tribe, ID v. Purdue Pharma L.P., et al. | 1:18-op-45730 | Keller Rohrback L.L.P. | | N/A | SuperValu | No | | | Plaintiff is a Tribe and was incorrectly listed by Defendant on Defendant's service and fact sheet list. The Court's 1/3/23 Order (#4801) was directed to "plaintiff-subdivisions" only. Defendant does not contend that it was not served with process. In addition, as Defendant expressly acknowledges (see #4836 at 2), the 6/19/18 Fact Sheet Implementation Order (#638) was applicable to Government Entities only and did not apply to Tribes (see 6/20/18 Order, #642). |
| Chilton County, AL | 1:18-op-45735 | Levin Papantonio Rafferty | Yes | | Winn-Dixie | Yes | Yes | 12/7/2020 | |
| (1) Conejos County, CO; (2) Las Animas County, CO; (3) Chafee County, CO; (4) Otero County, CO; (5) Alamosa County, CO; and (6) City of Alamosa, CO | 1:18-op-45740 | Speights, Worrich, Newcomb, Roth & Mitchell LLC | Yes | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | In Process | | Thought that we had effectuated service, as we did with the other defendants, but it appears that we did not. |
| Pinellas County, FL | 1:18-op-45742 | Levin Papantonio Rafferty | Yes | | Winn-Dixie | Yes | Yes | 11/25/2020 | |
| Seneca Nation | 1:18-op-45746 | Levin Papantonio Rafferty | No | | Value Drug | Yes | Yes | 3/6/2023 | Tribes were not required to submit PFS. |
| Cabarrus County (NC) | 1:18-op-45747 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | JM Smith | No | | | |
| Cabarrus County, NC | 1:18-op-45747 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Associated Pharmacies Inc/American Associated Pharmacies | No | | | |
| The Blackfeet Tribe of The Blackfeet Indian Reservation, MT v. AmerisourceBergen Drug Corp., et al. | 1:18-op-45749 | | | | SuperValu | No | | | The PEC notes the plaintiff is a tribe and was improperly identified by Defendant on its service and fact sheet list. The Court's 1/3/23 Order (#4801) was directed to "plaintiff-subdivisions" only. In addition, the 6/19/18 Fact Sheet Implementation Order (#638) was applicable to Government Entities only and did not apply to plaintiff-tribes (see 6/20/18 Order, #642). |
| Blackfeet Tribe | 1:18-op-45749 | Levin Papantonio Rafferty | No | | SuperValu | Yes | Yes | 8/27/2020 | Tribes were not required to submit PFS. |
| Blackfeet Tribe | 1:18-op-45749 | Levin Papantonio Rafferty | No | | Associated Pharmacies Inc/American Associated Pharmacies | No | | N/A | Tribes were not required to submit PFS. |
| County of Napa, CA | 1:18-op-45750 | Robbins Geller Rudman & Dowd LLP | Yes | | Novartis AG | Yes | Yes | 2/17/2023 | Plaintiff filed its short form complaint on March 12, 2019, naming Novartis AG, Sandoz International GmbH, and Sandoz Inc. On April 18, 2019, it served the domestic entity – Sandoz Inc. – with the short form and operative complaint. See Dkt. No. 57. CMO 1 suspended service of international defendants. Following this Court's recent orders on service, Plaintiff sent a waiver request for Novartis AG to counsel of record, which counsel denied. Plaintiff also served Novartis AG care of Sandoz Inc. on February 17, 2023. Thus, Novartis has been on notice since April 18, 2019, at the latest, and has not been prejudiced. Any procedural service issues related to Novartis AG have been effectively cured. |
| County of Napa, CA | 1:18-op-45750 | Robbins Geller Rudman & Dowd LLP | Yes | | Sandoz International GmbH | Yes | Yes | 2/17/2023 | Plaintiff filed its short form complaint on March 12, 2019, naming Novartis AG, Sandoz International GmbH, and Sandoz Inc. On April 18, 2019, it served the domestic entity – Sandoz Inc. – with the short form and operative complaint. See Dkt. No. 57. CMO 1 suspended service of international defendants. Following this Court's recent orders on service, Plaintiff sent a waiver request for Sandoz International GmbH to counsel of record, which counsel denied. Plaintiff also served Sandoz International GmbH care of Sandoz Inc. on February 17, 2023. Thus, Sandoz has been on notice since April 18, 2019, at the latest, and has not been prejudiced. Any procedural service issues related to Sandoz International GmbH have been effectively cured. |
| Napa County, California | 1:18-op-45750 | Robbins Geller Rudman & Dowd LLP | Yes | | Mylan | Yes | Yes | 2/17/2023 | Plaintiffs filed their short form complaint on March 12, 2019, naming Mylan N.V. f/k/a Mylan Inc. and Mylan Pharmaceuticals Inc. On April 25, 2019, they served the domestic entity – Sandoz Inc. – with the short form and operative complaint. See Dkt. No. 56. CMO 1 suspended service of international defendants. Following this Court's recent orders on service, Plaintiffs sent a waiver request for Mylan N.V. to counsel of record, which counsel denied. Plaintiffs also served Mylan N.V. care of Mylan Pharmaceuticals Inc. on February 17, 2023. Thus, Mylan has been on notice since April 25, 2019, at the latest, and has not been prejudiced. Any procedural service issues related to Mylan N.V. have been effectively cured. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| St. Bernard Parish Government | 1:18-OP-45756 | Law Office of David W. Gernhauser, Jr., LLC | Yes | | 3/27/2023 | TopRx | Yes | In Process | |
| St. Bernard Parish, LA Government | 1:18-op-45756 | Law Office of David W. Gernhauser, Jr., LLC | Yes | | 3/27/2023 | Associated Pharmacies Inc/American Associated Pharmacies | Yes | In Process | |
| St. Bernard Parish Government, LA | 1:18-op-45756 | Law Office of David W. Gernhauser, Jr., LLC | Yes | | 3/27/2023 | Indivior | Yes | In Process | |
| Gwinnett County, Georgia | 1:18-op-45758 | Conley Griggs Partin LLP | Yes | | | Mylan | Yes | In Process | emailed Waiver of Service of Summons on February 14, 2023 to counsel for Mylan Inc.; pending receipt of signed waiver |
| City of Parma Heights, Ohio | 1:18-op-45773 | Napoli Shkolnik | Yes | | | Mylan | Yes | Yes | 2/13/2023 |
| Iredell County (NC) | 1:18-op-45774 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | | JM Smith | Yes | Yes | 5/30/2019 |
| Iredell County, NC | 1:18-op-45774 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | | Associated Pharmacies Inc/American Associated Pharmacies | No | | |
| Stone County (MS) | 1:18-op-45775 | Levin Papantonio Rafferty | Yes | | | JM Smith | Yes | Yes | 10/9/2019 |
| Board of Commissioners of the County of Santa Fe, NM | 1:18-op-45776 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | | KVK-Tech | No | | |
| Perry County (MS) | 1:18-op-45778 | Levin Papantonio Rafferty | Yes | | | Quest Pharmaceuticals | Yes | Yes | 10/9/2019 |
| County of Volusia (FL) | 1:18-op-45782 | Levin Papantonio Rafferty | Yes | | | JM Smith | Yes | Yes | 11/17/2020 |
| County of Volusia, FL | 1:18-op-45782 | Levin Papantonio Rafferty | Yes | | | Winn-Dixie | Yes | Yes | 11/17/2020 |
| Holmes County (MS) | 1:18-op-45793 | Levin Papantonio Rafferty | Yes | | | JM Smith | Yes | Yes | 10/3/2019 |
| Rowan County (NC) | 1:18-op-45799 | Levin Papantonio Rafferty | Yes | | | JM Smith | Yes | Yes | 9/11/2019 |
| Pinellas Park, FL | 1:18-op-45807 | Levin Papantonio Rafferty | Yes | | | Winn-Dixie | Yes | Yes | 12/18/2020 |
| Cobb County (GA) | 1:18-op-45817 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | | JM Smith | No | | |
| (1) Bon Secours Health System, Inc.; (2) Our Lady of Bellefonte Hospital, Inc.; and (3) Bellefonte Physician Services, Inc. | 1:18-op-45819 | The Finnell Firm | No | N/A | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 6/3/2019 |
| (1) Bon Secours Health System, Inc.; (2) Bon Secours – Richmond Community Hospital, Incorporated; (3) Bon Secours DePaul Medical Center, Inc.; (4) Bon Secours – Memorial Regional Medical Center, Inc.; (5) Bon Secours – St. Mary's Hospital of Richmond, Inc.; (6) Bon Secours – Virginia Healthsource, Inc.; (7) Chesapeake Hospital Corporation; (8) Mary Immaculate Hospital, Incorporated; and (9) Maryview Hospital | 1:18-op-45820 | The Finnell Firm | No | N/A | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 6/11/2019 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| (1) Bon Secours Health System, Inc.; (2) Bon Secours - St. Francis Zavier Hospital, Inc.; (3) St. Francis Hospital, Inc.; and (4) St. Francfis Physicia Services, Inc. | 1:18-op-45821 | The Finnell Firm | No | N/A | Associated Pharmacies, Inc. and American Associated Pharmacies | Yes | Yes | 6/11/2019 | |
| Bon Secours Health System, Inc., et al v. Purdue Pharma L.P., et al. | 1:18-op-45822 | The Finnell Firm | No | N/A | Value Drug | Yes | Yes | 2/17/2023 | |
| Chitimacha Tribe of Louisiana | 1:18-op-45825 | | | | Louisiana Wholesale Drug | Yes | | | The PEC notes the plaintiff was a tribe and was improperly identified by Defendant on its service and fact sheet list. The Court's 1/3/23 Order (#4801) was directed to "plaintiff-subdivisions" only. In addition, the 6/19/18 Fact Sheet Implementation Order (#638) was applicable to Government Entities only and did not apply to plaintiff-tribes (see 6/20/18 Order, #642). |
| Morgan County, IN | 1:18-op-45828 | Cohen & Malad, LLP | No | 1/3/2023 | Sandoz/Novartis | No | | | A PFS was originally served on 12/17/2018 |
| Morgan County, Indiana | 1:18-op-45828 | Cohen & Malad, LLP | No | 1/3/2023 | Amneal | No | | | A PFS was originally served on 12/17/2018 |
| Morgan County, Indiana | 1:18-op-45828 | Cohen & Malad, LLP | No | 1/3/2023 | Hikma | No | | | A PFS was originally served on 12/17/2018 |
| Morgan County, IN | 1:18-op-45828 | Cohen & Malad, LLP | No | 1/3/2023 | Indivior | No | | | A PFS was originally served on 12/17/2018 |
| San Juan County, NM | 1:18-op-45829 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Adams County (MS) | 1:18-op-45831 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 7/22/2019 | |
| Green Lake County, WI | 1:18-op-45832 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Dakota Drug | Yes | Yes | 6/3/2019 | |
| Green Lake County, Wisconsin | 1:18-op-45832 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Green Lake County, WI et al | 1:18-op-45832 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Taylor County, WI | 1:18-op-45832 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Dakota Drug | Yes | Yes | 6/3/2019 | |
| Vilas County, WI | 1:18-op-45832 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Dakota Drug | Yes | Yes | 6/3/2019 | |
| Berrien County (GA) | 1:18-op-45834 | Conley Griggs Partin LLP | Yes | | JM Smith | Yes | In Process | | emailed Waiver of Service of Summons on February 14, 2023 to counsel for JM Smith; pending receipt of signed Waiver |
| Berrien County, GA | 1:18-op-45834 | Conley Griggs Partin LLP | Yes | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | In Process | | emailed Waiver of Service of Summons on February 15, 2023 to counsel for Associated Pharmacies; pending receipt of signed waiver |
| Berrien County, Georgia | 1:18-op-45834 | Conley Griggs Partin LLP | Yes | | Mylan | Yes | In Process | | emailed Waiver of Service of Summons on February 14, 2023 to counsel for Mylan Inc.; pending receipt of signed waiver |
| Berrien County, Georgia v. Amerisourcebergen Drug Corporaiton, et al. | 1:18-op-45834 | Conley Griggs Partin LLP | Yes | | Amneal Pharmaceuticals LLC | Yes | In Process | | emailed Waiver of Service of Summons on February 15, 2023 to counsel for Amneal Pharmaceuticals; pending receipt of signed waiver |
| Lowndes County (GA) | 1:18-op-45835 | Conley Griggs Partin LLP | Yes | | JM Smith | Yes | In Process | | emailed Waiver of Service of Summons on February 23, 2023 to counsel for JM Smith; pending receipt of signed waiver |
| Lowndes County, Georgia | 1:18-op-45835 | Conley Griggs Partin LLP | Yes | | Mylan | Yes | In Process | | emailed Waiver of Service of Summons on February 14, 2023 to counsel for Mylan Inc.; pending receipt of signed waiver |
| City of Newburyport, MA | 1:18-op-45837 | Levin Papantonio Rafferty | Yes | | KVK-Tech | Yes | Yes | 12/8/2020 | |
| Lafayette County, MO | 1:18-op-45840 | Wagstaff & Cartmell | Yes | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 7/12/2019 | Executed Waiver of Service filed on 7/12/2019, and refiled on 2/16/2023. |
| Jeffrey F. Wiley (Sheriff of Ascension Parish), Louisiana | 1:18-op-45842 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Hikma | No | | | |

| Entity | Case Number | Law Firm | Col4 | Col5 | Date | Defendant | Col8 | Col9 | Date2 | Notes |
|---|---|---|---|---|---|---|---|---|---|---|
| Jeffrey F. Wiley, Duly Elected Sheriff of Ascension Parish, in His Capacity as Officer Ex Officio of the Ascension Parish Sheriff's Office and the Ascension Parish Law Enforcement District | 1:18-op-45842 | Simmons Hanly Conroy, LLC | No | | 1/3/2023 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Jeffrey F. Wiley, Ascension Parish Sheriff | 1:18-op-45842 | Simmons Hanly Conroy, LLC | No | | 1/3/2023 | Louisiana Wholesale Drug | Yes | Yes | 11/1/2019 | |
| Jeffrey F. Wiley, Duly Elected Sheriff of Ascension Parish, in His Capacity as Officer Ex Officio of the Ascension Parish Sheriff's Office and the Ascension Parish Law Enforcement District (LA) | 1:18-op-45842 | Simmons Hanly Conroy, LLC | No | | 1/3/2023 | JM Smith | No | | | |
| Jeffrey F. Wiley, Sheriff of Ascension Parish, Louisiana | 1:18-op-45842 | Simmons Hanly Conroy, LLC | No | | 1/3/2023 | Mylan | No | | | |
| Wiley (Sheriff of Ascension Parish), LA | 1:18-op-45842 | Simmons Hanly Conroy, LLC | No | | 1/3/2023 | Sandoz/Novartis | No | | | |
| Columbus County, NC | 1:18-op-45847 | Levin Papantonio Rafferty | Yes | | | KVK-Tech | Yes | Yes | 9/10/2019 | |
| Harvey County, Kansas | 1:18-op-45848 | Skikos Crawford Skikos & Joseph Ochs Law Firm | Yes | N/A | | Mylan | Yes | No | N/A | A request for waiver of service pursuant to FRCP Rule 4(d) and CMO-1 was circulated to Mylan on 2/17/23. The request was denied by Mylan. |
| Harvey County, Kansas | 1:18-op-45848 | Skikos Crawford Skikos & Joseph Ochs Law Firm | Yes | N/A | | Hikma | Yes | No | N/A | A request for waiver of service pursuant to FRCP Rule 4(d) and CMO-1 was circulated to Hikma on 2/17/23. The request was denied by Hikma. |
| County of Sonoma, California | 1:18-op-45849 | Robbins Geller Rudman & Dowd LLP | Yes | | | Mylan | Yes | Yes | 3/2/2023 | Plaintiff filed its short form complaint on March 14, 2019, naming Mylan N.V. f/k/a Mylan Inc. and Mylan Pharmaceuticals Inc.  On April 25, 2019, it served the domestic entity – Mylan Pharmaceuticals Inc. – with the short form and operative complaint.  See Dkt. No. 62.  CMO 1 suspended service of international defendants.  Following this Court's recent orders on service, Plaintiff sent a waiver request for Mylan N.V. to counsel of record, which counsel denied.  Plaintiff also served Mylan N.V. care of Mylan Pharmaceuticals Inc. on March 2, 2023.  Thus, Mylan has been on notice since April 25, 2019, at the latest, and has not been prejudiced.  Any procedural service issues related to Mylan N.V. have been effectively cured. |
| Pasco County (FL) | 1:18-op-45851 | Levin Papantonio Rafferty | Yes | | | JM Smith | Yes | Yes | 12/14/2020 | |
| Pasco County, FL | 1:18-op-45851 | Levin Papantonio Rafferty | Yes | | | Winn-Dixie | Yes | Yes | 12/14/2020 | |
| Harford County, Maryland; Caroline County, Maryland; Garrett County, Maryland; Frederick County, Maryland; Talbot County, Maryland; City of Frederick, Maryland; the Mayor and Common Council of Westminster, Maryland; City of Bowie, Maryland; the Mayor and Council of Rockville, Maryland | 1:18-op-45853 | Robbins Geller Rudman & Dowd LLP | Yes | | | Mylan | Yes | Yes | 2/17/2023 | Plaintiff filed its short form complaint on March 15, 2019, naming Mylan N.V. f/k/a Mylan Inc. and Mylan Pharmaceuticals Inc.  On April 11, 2019, it served the domestic entity – Mylan Pharmaceuticals Inc. – with the short form and operative complaint.  See Dkt. No. 26.  CMO 1 suspended service of international defendants.  Following this Court's recent orders on service, Plaintiff sent a waiver request for Mylan N.V. to counsel of record, which counsel denied.  Plaintiff also served Mylan N.V. care of Mylan Pharmaceuticals Inc. on February 17, 2023.  Thus, Mylan has been on notice since April 11, 2019, at the latest, and has not been prejudiced.  Any procedural service issues related to Mylan N.V. have been effectively cured. |
| Harford County, MD | 1:18-op-45853 | Robbins Geller Rudman & Dowd LLP | Yes | | | Koninklijke Ahold Delhaize N.V. | Yes | Yes | 3/2/2023 | Plaintiffs filed their short form complaint on March 15, 2019, naming Koninklijke Ahold Delhaize N.V., Ahold U.S.A., Inc., and American Sales Company, Inc.  On April 11, 2019, they served the domestic entities – Ahold U.S.A., Inc., and American Sales Company, Inc. – with the short form and operative complaint.  See Dkt. Nos. 22, 23.  CMO 1 suspended service of international defendants.  Following this Court's recent orders on service, Plaintiffs sent a waiver request for Koninklijke Ahold Delhaize N.V. to counsel of record.  Plaintiffs also served Koninklijke Ahold Delhaize N.V. care of Ahold Delhaize USA, Inc. on March 2, 2023.  Thus, Koninklijke Ahold Delhaize N.V has been on notice since April 11, 2019 and has not been prejudiced.  Any procedural service issues related to Koninklijke Ahold Delhaize N.V. have been effectively cured. |

| Location | Case No. | Firm | Col4 | Date | Defendant | Col7 | Col8 | Date2 | Notes |
|---|---|---|---|---|---|---|---|---|---|
| Cochise County, Arizona | 1:18-op-45855 | Keller Rohrback L.L.P. | Yes | | Amneal Pharmaceuticals LLC | Yes | Yes | 3/14/2023 | Declaration of Service re personal service filed 3/14/23. Waiver request originally sent 4/7/2020. After multiple follow-ups, Indivior refused to sign waiver. Personal service perfected 3/10/2023. |
| Cochise County, Arizona | 1:18-op-45855 | Keller Rohrback L.L.P. | Yes | | Amneal Pharmaceuticals, Inc. | Yes | Yes | 3/14/2023 | Declaration of Service re personal service filed 3/14/23. Waiver request originally sent 4/7/2020. After multiple follow-ups, Indivior refused to sign waiver. Personal service perfected 3/10/2023. |
| Cochise County, Arizona | 1:18-op-45855 | Keller Rohrback L.L.P. | Yes | | Hikma | Yes | Yes | 3/20/2023 | Declaration of Service re personal service filed 3/20/23. Hikma Pharmaceuticals USA, Inc. not a named defendant. West-Ward Pharmaceutical Corp is a named defendant.  Waiver request originally sent to West-Ward on 1/3/2020. No response received after multiple follow-ups. Personal service perfected 3/8/2023. |
| Cochise County, AZ | 1:18-op-45855 | Keller Rohrback L.L.P. | Yes | | KVK-Tech | Yes | Yes | 3/8/2023 | Waiver filed 3/8/23. Waiver request originally sent 3/4/2020. After multiple follow-ups, waiver signed and returned 3/8/2023. |
| Santa Rosa County (FL) | 1:18-op-45861 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 11/25/2020 | |
| County of Montcalm, MI | 1:18-op-45865 | Weitz & Luxenberg | No | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| County of Montcalm, Michigan | 1:18-op-45865 | Weitz & Luxenberg | No | 12/1/2022 | Mylan | No | | | |
| County of Houghton, MI | 1:18-op-45866 | Weitz & Luxenberg | No | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| County of Houghton, Michigan | 1:18-op-45866 | Weitz & Luxenberg | No | 12/1/2022 | Mylan | No | | | |
| County of Cass, MI | 1:18-op-45868 | Weitz & Luxenberg | No | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| County of Cass, Michigan | 1:18-op-45868 | Weitz & Luxenberg | No | 12/1/2022 | Mylan | No | | | |
| County of Tuscola, MI | 1:18-op-45870 | Weitz & Luxenberg | No | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| County of Tuscola, Michigan | 1:18-op-45870 | Weitz & Luxenberg | No | 12/1/2022 | Mylan | No | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| County of Alpena, MI | 1:18-op-45871 | Weitz & Luxenberg | No | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| County of Alpena, Michigan | 1:18-op-45871 | Weitz & Luxenberg | No | 12/1/2022 | Mylan | No | | | |
| North Miami, FL | 1:18-op-45872 | Levin Papantonio Rafferty | Yes | | Winn-Dixie | Yes | Yes | 12/8/2020 | |
| Miami Gardens, FL | 1:18-op-45873 | Levin Papantonio Rafferty | Yes | | Winn-Dixie | Yes | Yes | 12/7/2020 | |
| Passamaquoddy Tribe-Indian Township | 1:18-op-45876 | Weitz & Luxenberg | No | Not required; Dkt. 638, Dkt. 642 | Zydus | Yes | No | | |
| Passamaquoddy Tribe-Indian Township | 1:18-op-45876 | Weitz & Luxenberg | No | Not required; Dkt. 638, Dkt. 650 | Associated Pharmacies Inc/American Associated Pharmacies | Yes | No | | API/AAP's own status report indicates that waiver was unreasonably withheld. It indicates that the waiver was received by API/AAP, but that it was more than 90 days after API/AAP was named. Given the complete lack of prejudice since API/AAP was stayed, it is unreasonable to refuse to waive service. |
| Passamaquoddy Tribe-Indian Township | 1:18-op-45876 | Weitz & Luxenberg | No | Not required; Dkt. 638, Dkt. 647 | Apotex | No | | | |
| Passamaquoddy Tribe-Indian Township, ME v. Purdue Pharma L.P., et al. | 1:18-op-45876 | Weitz & Luxenberg | No | Not required; Dkt. 638, Dkt. 645 | SuperValu | No | | | |
| County of Riverside, CA | 1:18-op-45878 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Dakota Drug | Yes | | | Not Named in Complaint |
| Town of Clarksburg (MA) | 1:18-op-45882 | Levin Papantonio Rafferty | Yes | | Burlington Drug | Yes | Yes | 4/8/2021 | |
| Michael Tubbs, Duly Elected Sheriff of Morehouse Parish, in His Capacity as Officer Ex Officio of the Morehouse Parish Sheriff's Office and the Morehouse Parish Law Enforcement District | 1:18-op-45884 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Michael Tubbs (Sheriff of Morehouse Parish), Louisiana | 1:18-op-45884 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Hikma | No | | | |
| Michael Tubbs, Duly Elected Sheriff of Morehouse Parish, in his Capacity as Officer Ex Officio of the Morehouse Parish Sheriff's Office and the Morehouse Parish Law Enforcement District (LA) | 1:18-op-45884 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | JM Smith | No | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Michael Tubbs, Morehouse Parish Sheriff | 1:18-op-45884 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Louisiana Wholesale Drug | Yes | Yes | 11/1/2019 | |
| Michael Tubbs, Sheriff of Morehouse Parish, Louisiana | 1:18-op-45884 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Mylan | No | | | |
| Tubbs (Sheriff of Morehouse Parish), LA | 1:18-op-45884 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Sandoz/Novartis | No | | | |
| County of Washtenaw, MI | 1:18-op-45886 | Weitz & Luxenberg | No | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| County of Washtenaw, Michigan | 1:18-op-45886 | Weitz & Luxenberg | No | 12/1/2022 | Mylan | No | | | |
| County of Berrien, MI | 1:18-op-45887 | Weitz & Luxenberg | No | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| County of Berrien, Michigan | 1:18-op-45887 | Weitz & Luxenberg | No | 12/1/2022 | Mylan | No | | | |

| County of Iron, MI | 1:18-op-45888 | Weitz & Luxenberg | No | | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| County of Iron, Michigan | 1:18-op-45888 | Weitz & Luxenberg | No | | 12/1/2022 | Mylan | No | | | |
| County of Clinton, MI | 1:18-op-45889 | Weitz & Luxenberg | No | | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| County of Clinton, Michigan | 1:18-op-45889 | Weitz & Luxenberg | No | | 12/1/2022 | Mylan | No | | | |

| County of Ontongon, MI | 1:18-op-45893 | Weitz & Luxenberg | No | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| County of Ontonagon, Michigan | 1:18-op-45893 | Weitz & Luxenberg | No | 12/1/2022 | Mylan | No | | | |
| County of Presque Isle, MI | 1:18-op-45894 | Weitz & Luxenberg | No | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| County of Presque Isle, Michigan | 1:18-op-45894 | Weitz & Luxenberg | No | 12/1/2022 | Mylan | No | | | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| County of St. Clair, MI | 1:18-op-45896 | Weitz & Luxenberg | No | | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| County of St. Clair, Michigan | 1:18-op-45896 | Weitz & Luxenberg | No | | 12/1/2022 | Mylan | No | | | |
| County of Charlevoix, MI | 1:18-op-45897 | Weitz & Luxenberg | No | | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| County of Charlevoix, Michigan | 1:18-op-45897 | Weitz & Luxenberg | No | | 12/1/2022 | Mylan | No | | | |
| Polk County (NC) | 1:18-op-45900 | Levin Papantonio Rafferty | Yes | | | JM Smith | Yes | Yes | 7/18/2019 | |

| City of Traverse City, MI | 1:18-op-45901 | Weitz & Luxenberg | No | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| City of Traverse City, Michigan | 1:18-op-45901 | Weitz & Luxenberg | No | 12/1/2022 | Mylan | No | | | |
| City of East Lansing, MI | 1:18-op-45902 | Weitz & Luxenberg | No | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| City of East Lansing, Michigan | 1:18-op-45902 | Weitz & Luxenberg | No | 12/1/2022 | Mylan | No | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| City of Westland, MI | 1:18-op-45903 | Weitz & Luxenberg | No | | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| City of Westland, Michigan | 1:18-op-45903 | Weitz & Luxenberg | No | | 12/1/2022 | Mylan | No | | | |
| City of Jackson, MI | 1:18-op-45904 | Weitz & Luxenberg | No | | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| City of Jackson, Michigan | 1:18-op-45904 | Weitz & Luxenberg | No | | 12/1/2022 | Mylan | No | | | |
| Cannon County, Tennessee | 1:18-op-45924 | LCHB | No | | 3/15/2023 | Amneal | No | | | |
| Cannon County, Tennessee | 1:18-op-45924 | LCHB | No | | 3/15/2023 | Mylan | No | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| City of Sault Ste. Marie, MI | 1:18-op-45928 | Weitz & Luxenberg | No | | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| City of Sault Ste. Marie, Michigan | 1:18-op-45928 | Weitz & Luxenberg | No | | 12/1/2022 | Mylan | No | | | |
| City of Gary, Indiana | 1:18-op-45929 | Napoli Shkolnik | Yes | | | Hikma | Yes | Yes | 2/14/2023 | |
| City of Gary, Indiana | 1:18-op-45929 | Napoli Shkolnik | Yes | | | Mylan | Yes | Yes | 2/13/2023 | |
| County of Hudson New Jersey | 1:18-op-45937 | Sanders Phillips Grossman, LLC AKA Milberg Coleman Bryson Phillips Grossman, LLC | Yes | | | Amneal Pharmaceuticals LLC | Yes | In Process | | |
| County of Hudson, New Jersey | 1:18-op-45937 | Sanders Phillips Grossman, LLC AKA Milberg Coleman Bryson Phillips Grossman, LLC | Yes | | | Mylan | Yes | In Process | | |
| County of Hudson, New Jersey | 1:18-op-45937 | Sanders Phillips Grossman, LLC AKA Milberg Coleman Bryson Phillips Grossman, LLC | Yes | | | Hikma | Yes | In Process | | |
| County of Hudson, NJ | 1:18-op-45937 | Sanders Phillips Grossman, LLC AKA Milberg Coleman Bryson Phillips Grossman, LLC | Yes | | | Indivior | Yes | In Process | | |
| Humboldt County, California | 1:18-op-45942 | Keller Rohrback L.L.P. | Yes | | | Hikma | Yes | Yes | 3/20/2023 | Declaration of Service re personal service filed 3/20/23. Hikma Pharmaceuticals USA, Inc. not a named defendant. West-Ward Pharmaceutical Corp is a named defendant.  Waiver request originally sent to West-Ward on 1/3/2020. No response received after multiple follow-ups. Personal service perfected 3/15/2023. |
| Spokane County, Washington | 1:18-op-45943 | Keller Rohrback L.L.P. | Yes | | | Hikma | Yes | Yes | 3/20/2023 | Declaration of Service re personal service filed 3/20/23. Hikma Pharmaceuticals USA, Inc. not a named defendant. West-Ward Pharmaceutical Corp is a named defendant.  Waiver request originally sent to West-Ward on 1/3/2020. No response received after multiple follow-ups. Personal service perfected 3/15/2023. |
| Franklin County, Washington | 1:18-op-45944 | Keller Rohrback L.L.P. | Yes | | | Amneal Pharmaceuticals LLC | Yes | Yes | 3/14/2023 | Declaration of Service re personal service filed 3/14/23. Waiver request originally sent 4/7/2020. After multiple follow-ups, Indivior refused to sign waiver. Personal service perfected 3/10/2023. |
| Franklin County, Washington | 1:18-op-45944 | Keller Rohrback L.L.P. | Yes | | | Amneal Pharmaceuticals, Inc. | Yes | Yes | 3/14/2023 | Declaration of Service re personal service filed 3/14/23. Waiver request originally sent 4/7/2020. After multiple follow-ups, Indivior refused to sign waiver. Personal service perfected 3/10/2023. |

| Location | Case # | Law Firm | | | Defendant | | | | Notes |
|---|---|---|---|---|---|---|---|---|---|
| Franklin County, Washington | 1:18-op-45944 | Keller Rohrback L.L.P. | Yes | | Hikma | Yes | Yes | 3/20/2023 | Declaration of Service re personal service filed 3/20/23. Hikma Pharmaceuticals USA, Inc. not a named defendant. West-Ward Pharmaceutical Corp is a named defendant. Waiver request originally sent to West-Ward on 1/3/2020. No response received after multiple follow-ups. Personal service perfected 3/15/2023. |
| Laurens County (GA) | 1:18-op-45945 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 3/2/2023 | |
| Laurens County, GA | 1:18-op-45945 | Levin Papantonio Rafferty | Yes | | Winn-Dixie | Yes | Yes | 3/15/2021 | |
| Houston County (GA) | 1:18-op-45946 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | JM Smith | No | | | |
| City of Jersey City, NJ | 1:18-op-45948 | Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. | No | 11/18/2022 | Indivior | Yes | In Process | | Provided to Process Servers on 2/24/2023. |
| City of New Albany, MS | 1:18-op-45949 | Levin Papantonio Rafferty | Yes | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 10/8/2019 | |
| Gulf County (FL) | 1:18-op-45953 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 12/29/2020 | |
| Gulf County, FL | 1:18-op-45953 | Levin Papantonio Rafferty | Yes | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 12/29/2020 | |
| Whatcom County, Washington | 1:18-op-45954 | Keller Rohrback L.L.P. | Yes | | Hikma | Yes | Yes | 3/20/2023 | Declaration of Service re personal service filed 3/20/23. Hikma Pharmaceuticals USA, Inc. not a named defendant. West-Ward Pharmaceutical Corp is a named defendant. Waiver request originally sent to West-Ward on 1/3/2020. No response received after multiple follow-ups. Personal service perfected 3/15/2023. |
| Kitsap County, Washington | 1:18-op-45956 | Keller Rohrback L.L.P. | Yes | | Hikma | Yes | Yes | 3/20/2023 | Declaration of Service re personal service filed 3/20/23. Hikma Pharmaceuticals USA, Inc. not a named defendant. West-Ward Pharmaceutical Corp is a named defendant. Waiver request originally sent to West-Ward on 1/3/2020. No response received after multiple follow-ups. Personal service perfected 3/15/2023. |
| Kitsap County, Washington | 1:18-op-45956 | Keller Rohrback L.L.P. | Yes | | Mylan | No | | | |
| Red Lake Band of Chippewa | 1:18-op-45959 | Levin Papantonio Rafferty | No | | Dakota Drug | Yes | Yes | 03/03/23 | Tribes were not required to submit PFS. |
| Delaware County, IN | 1:18-op-45963 | Cohen & Malad, LLP | No | 1/3/2023 | Sandoz/Novartis | No | | | A PFS was originally served on 12/17/2018 |
| Delaware County, Indiana | 1:18-op-45963 | Cohen & Malad, LLP | No | 1/3/2023 | Amneal | No | | | A PFS was originally served on 12/17/2018 |
| Delaware County, Indiana | 1:18-op-45963 | Cohen & Malad, LLP | No | 1/3/2023 | Hikma | Yes | Yes | 2/21/2023 | A waiver of service request was sent to defense counsel originally on 6/7/2019, but we did not receive the signed waiver, even though Defendant returned similar waivers. A renewed waiver of service was emailed to Defense counsel but has not been returned. We perfected service via process server on 2/21/2023 and filed proof of service in the individual case. |
| Delaware County, Indiana | 1:18-op-45963 | Cohen & Malad, LLP | No | 1/3/2023 | Mylan | No | | | A PFS was originally served on 12/17/2018 |
| Delaware County, IN | 1:18-op-45963 | Cohen & Malad, LLP | No | 1/3/2023 | Indivior | No | | | A PFS was originally served on 12/17/2018 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | Waiver. They took a position that API was not a proper defendant based on a previous ruling in a different case, claiming that the MDL court had decided such in a 4/12/19 order. (See Doc 1548). Also, as demonstrated below, our law office has, in good faith, sent additional Waivers to correct any deemed deficiencies. Since an Answer has not been served, Plaintiffs submit there is no prejudice to Defendant API by requesting that the Waivers be signed at the present time.  Per Case Management Order One (Doc No. 232, ¶6c, Service of Summons and Complaint), "Defendants are encouraged to avoid unnecessary expenses associated with serving the summons and, absent good cause, shall grant requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." Since an Answer has not been served, Plaintiff submits there is no prejudice to Defendant API by requesting that the Waivers be signed at the present time. *API - listed as no service of process . (Doc No. 4847)* •On April 14, 2019, an email was sent to Paul Cosgrove, Esq., attaching a Waiver of Service of the Summons for Defendants Amneal Pharmaceuticals, LLC, Amneal Pharmaceuticals, Inc., and Amneal Pharmaceuticals of New York, LLC, along with a copy of the filed Complaint. •On June 7, 2019, another email was forwarded to Attorney Cosgrove requesting again a Waiver of Service of Summons, along with a copy of the complaint, for Defendant Amneal Pharmaceuticals, Inc. •On June 10, 2019, another email was forwarded to Attorney Cosgrove requesting again a Waiver of Service of Summons, along with a copy of the complaint, for Defendant Amneal Pharmaceuticals, Inc. |
| Village of Herkimer, New York v. Purdue Pharma, L.P., et al. | 1:18-op-45964 | Brindisi, Murad & Brindisi Pearlman | Yes | | Amneal Pharmaceuticals, Inc. | Yes | In Process | | •On June 10, 2019, the email was acknowledged by Sarah Miller Benoit, Esq., saying said she would review and get back to us. |
| Jackson County, Missouri | 1:18-op-45965 | Simmons Hanly Conroy, LLC | No | 11/16/2022 | Hikma | No | | | |
| Jackson County, Missouri | 1:18-op-45965 | Simmons Hanly Conroy, LLC | No | 11/16/2022 | Mylan | No | | | |
| City of Covington, KY | 1:18-op-45967 | Brindisi, Murad & Brindisi Pearlman | Yes | | Masters Pharmaceutical | Yes | In Process | | Masters is claiming an issue with service of process, stating they were served at an improper address. To correct any deficiency, in good faith, our law firm has sent Waivers as set forth below. Per Case Management Order One (Doc No. 232, ¶6c, Service of Summons and Complaint), "Defendants are encouraged to avoid unnecessary expenses associated with serving the summons and, absent good cause, shall grant requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." Since an Answer has not been served, Plaintiff submits there is no prejudice to Defendant Masters Pharma by requesting that the Waivers be signed at the present time. *Masters Pharma - listed as no service of process/incorrect address. (Doc No. 4840)*                Per Masters submission, they claim that at times where the docket indicates Masters Pharma was served, they were no longer operating at the address where plaintiff attempted service (3600 Pharma Way, Mason, Ohio 45036). As such, they claim that service was, therefore, improper and untimely. •On May 30, 2019, Masters was served at 3600 Pharma Way, Lebanon, Ohio 45036. The Affidavit of Service dated May 30, 2019 on file for Masters Pharma was filed June 9, 2019. (See Case 1:19-op-45967 Doc No. 90). •On February 13, 2023, emails were forwarded to William J. Aubel, Esq. requesting a Waiver of Service of Summons, along with a copy of the complaint, for Defendant Masters Pharma. |
| Meridian, MS | 1:18-op-45969 | Levin Papantonio Rafferty | Yes | | Winn-Dixie | Yes | Yes | 10/8/2019 | |
| Upper Sioux Community | 1:18-op-45974 | | | | Dakota Drug | No | | | The PEC notes the plaintiff is a tribe and was improperly identified by Defendant on its service and fact sheet list. The Court's 1/3/23 Order (#4801) was directed to "plaintiff-subdivisions" only. In addition, the 6/19/18 Fact Sheet Implementation Order (#638) was applicable to Government Entities only and did not apply to plaintiff-tribes (see 6/20/18 Order, #642). |
| Lower Sioux Community in the State of Minnesota | 1:18-op-45976 | | | | Dakota Drug | No | | | The PEC notes the plaintiff is a tribe and was improperly identified by Defendant on its service and fact sheet list. The Court's 1/3/23 Order (#4801) was directed to "plaintiff-subdivisions" only. In addition, the 6/19/18 Fact Sheet Implementation Order (#638) was applicable to Government Entities only and did not apply to plaintiff-tribes (see 6/20/18 Order, #642). |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Shakopee Mdewakanton Sioux Community | 1:18-op-45977 | | | | Dakota Drug | No | | | The PEC notes the plaintiff is a tribe and was improperly identified by Defendant on its service and fact sheet list. The Court's 1/3/23 Order (#4801) was directed to "plaintiff-subdivisions" only. In addition, the 6/19/18 Fact Sheet Implementation Order (#638) was applicable to Government Entities only and did not apply to plaintiff-tribes (see 6/20/18 Order, #642). |
| Cherokee County (NC) | 1:18-op-45979 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 9/6/2019 | |
| Brooks County, GA | 1:18-op-45981 | Conley Griggs Partin LLP | Yes | | Novartis Pharmaceuticals Corp. | Yes | In Process | | emailed Waiver of Service of Summons on February 15, 2023 to counsel for Novartis Pharmaceuticals; pending receipt of signed waiver |
| Brooks County, Georgia v. Purdue Pharma, L.P., et al. | 1:18-op-45981 | Conley Griggs Partin LLP | Yes | | Amneal Pharmaceuticals LLC | Yes | In Process | | emailed Waiver of Service of Summons on February 15, 2023 to counsel for Amneal Pharmaceuticals; pending receipt of signed waiver |
| Brooks County, Georgia v. Purdue Pharma, L.P., et al. | 1:18-op-45981 | Conley Griggs Partin LLP | Yes | | Amneal Pharmaceuticals, Inc. | Yes | In Process | | emailed Waiver of Service of Summons on February 15, 2023 to counsel for Amneal Pharmaceuticals; pending receipt of signed waiver |
| Island County, WA | 1:18-op-45982 | Keller Rohrback L.L.P. | Yes | | KVK-Tech | No | Yes | 3/8/2023 | Waiver filed 3/8/23. Waiver request originally sent 3/4/2020. After multiple follow-ups, waiver signed and returned 3/8/2023. |
| Island County, Washington | 1:18-op-45982 | Keller Rohrback L.L.P. | Yes | | Hikma | Yes | Yes | 3/20/2023 | Declaration of Service re personal service filed 3/20/23. Hikma Pharmaceuticals USA, Inc. not a named defendant. West-Ward Pharmaceutical Corp is a named defendant.  Waiver request originally sent to West-Ward on 1/3/2020. No response received after multiple follow-ups. Personal service perfected 3/15/2023. |
| Island County, Washington | 1:18-op-45982 | Keller Rohrback L.L.P. | Yes | | Amneal Pharmaceuticals LLC | Yes | Yes | 3/14/2023 | Declaration of Service re personal service filed 3/14/23. Waiver request originally sent 4/7/2020. After multiple follow-ups, Indivior refused to sign waiver. Personal service perfected 3/10/2023. |
| Island County, Washington | 1:18-op-45982 | Keller Rohrback L.L.P. | Yes | | Amneal Pharmaceuticals, Inc. | Yes | Yes | 3/14/2023 | Declaration of Service re personal service filed 3/14/23. Waiver request originally sent 4/7/2020. After multiple follow-ups, Indivior refused to sign waiver. Personal service perfected 3/10/2023. |
| Island County, Washington | 1:18-op-45982 | Keller Rohrback L.L.P. | Yes | | Mylan | No | | | |
| Allamakee County, IA | 1:18-op-45983 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Allamakee County, IA | 1:18-OP-45983 (S.D. Iowa) | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Hy-Vee | Yes | Yes | 6/4/2019 | |
| St. John the Baptist Parish | 1:18-op-45987 | Levin Papantonio Rafferty | Yes | | Louisiana Wholesale Drug | Yes | Yes | 2/2/2023 | |
| St. John the Baptist, LA | 1:18-op-45987 | Levin Papantonio Rafferty | Yes | | Winn-Dixie | Yes | Yes | 02/23/2023 | |
| Walworth County, WI | 1:18-op-45988 | Levin Papantonio Rafferty | Yes | | KVK-Tech | | | 3/25/2021 | |
| Essex County, NJ | 1:18-op-45989 | Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. | No | 11/18/2022 | Indivior | Yes | In Process | | Provided to Process Servers on 2/24/2023. |
| Lenoir County (NC) | 1:18-op-45991 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 9/10/2019 | |
| The Tunica-Biloxi Tribe of Louisiana | 1:18-op-45996 | | | | Louisiana Wholesale Drug | Yes | | | The PEC notes the plaintiff is a tribe and was improperly identified by Defendant on its service and fact sheet list. The Court's 1/3/23 Order (#4801) was directed to "plaintiff-subdivisions" only. In addition, the 6/19/18 Fact Sheet Implementation Order (#638) was applicable to Government Entities only and did not apply to plaintiff-tribes (see 6/20/18 Order, #642). |
| County of Sonoma, California | 1:18-op-45997 | | | | Mylan | Yes | | | incorrect case number - should be 18-45849 - responded to by Robbins Geller under correct case number |
| County of Tulare, California | 1:18-op-45997 | Robbins Geller Rudman & Dowd LLP | Yes | | Mylan | Yes | Yes | 3/2/2023 | Plaintiff filed its short form complaint on March 14, 2019, naming Mylan N.V. f/k/a Mylan Inc. and Mylan Pharmaceuticals Inc. On April 25, 2019, it served the domestic entity – Mylan Pharmaceuticals Inc. – with the short form and operative complaint.  See Dkt. No. 60.  CMO 1 suspended service of international defendants.  Following this Court's recent orders on service, Plaintiff sent a waiver request for Mylan N.V. to counsel of record, which counsel denied.  Plaintiff also served Mylan N.V.care of Mylan Pharmaceuticals Inc. on March 2, 2023.  Thus, Mylan has been on notice since April 25, 2019, at the latest, and has not been prejudiced.  Any procedural service issues related to Mylan N.V. have been effectively cured. |
| City of Garfield Heights, Ohio | 1:18-op-45999 | Napoli Shkolnik | Yes | | Hikma | Yes | Yes | 2/14/2023 | |
| City of Garfield Heights, Ohio | 1:18-op-45999 | Napoli Shkolnik | Yes | | Mylan | Yes | Yes | 2/13/2023 | |
| Town of Sheffield (MA) | 1:18-op-46001 | Levin Papantonio Rafferty | Yes | | Burlington Drug | Yes | Yes | 4/8/2021 | |

| Entity | Case No. | Law Firm | | | Defendant | | | Date | Notes |
|---|---|---|---|---|---|---|---|---|---|
| Town of Lake Providence (LA) | 1:18-op-46002 | Neblett, Beard & Arsenault | Yes | | JM Smith | Yes | Yes | 4/10/2019 | Counsel for Plaintiff received the executed waiver of service from counsel for JM Smith Corporation (John J. Haggerty c/o Stephan A. Cornell; Fox Rothschild LLP) via email on April 10, 2019. The executed waiver form was filed into the case docket on May 29, 2019 (1:18-op-460002; R. Doc. 9, at 4). PFS was re-served pursuant to Court's 10/6/22 Order via email to the PEC/PSC on 10/10/2022. Based on review of the PFS Repository (export data), the PFS was available/uploaded to the PFS repository on or around 10/10/2022 at 11:28am. |
| County of Portage, Ohio, et al. v. Cardinal Health, Inc., et al. | 1:18-op-46006 | Motley Rice | Yes | | Value Drug | Yes | Yes | 4/10/2019 | Waiver of the Service of Summons for the County of Portage, Ohio, case no. 1:18-op-46006, was signed and returned by counsel James Hankle on behalf of Value Drug Co. on 4/10/2019 and filed on case docket as ECF 10 on 7/30/2019, which states on its face that, "If the waiver is signed and returned, [defendant] can still make these and all other defenses and objections, but you cannot object to the absence of a summons or service." |
| Kittitas County, WA | 1:18-op-46008 | Keller Rohrback L.L.P. | Yes | | KVK-Tech | Yes | Yes | 3/8/2023 | Waiver filed 3/8/23. Waiver request originally sent 3/4/2020. After multiple follow-ups, waiver signed and returned 3/8/2023. |
| Kittitas County, Washington | 1:18-op-46008 | Keller Rohrback L.L.P. | Yes | | Hikma | Yes | Yes | 3/20/2023 | Declaration of Service re personal service filed 3/20/23. Hikma Pharmaceuticals USA, Inc. not a named defendant. West-Ward Pharmaceutical Corp is a named defendant. Waiver request originally sent to West-Ward on 1/3/2020. No response received after multiple follow-ups. Personal service perfected 3/15/2023. |
| Whitman County, Washington | 1:18-op-46009 | Keller Rohrback L.L.P. | Yes | | Hikma | Yes | Yes | 3/20/2023 | Declaration of Service re personal service filed 3/20/23. Hikma Pharmaceuticals USA, Inc. not a named defendant. West-Ward Pharmaceutical Corp is a named defendant. Waiver request originally sent to West-Ward on 1/3/2020. No response received after multiple follow-ups. Personal service perfected 3/15/2023. |
| Walla Walla County, Washington | 1:18-op-46010 | Keller Rohrback L.L.P. | Yes | | Amneal Pharmaceuticals LLC | Yes | Yes | 3/14/2023 | Declaration of Service re personal service filed 3/14/23. Waiver request originally sent 4/7/2020. After multiple follow-ups, Indivior refused to sign waiver. Personal service perfected 3/10/2023. |
| Walla Walla County, Washington | 1:18-op-46010 | Keller Rohrback L.L.P. | Yes | | Amneal Pharmaceuticals, Inc. | Yes | Yes | 3/14/2023 | Declaration of Service re personal service filed 3/14/23. Waiver request originally sent 4/7/2020. After multiple follow-ups, Indivior refused to sign waiver. Personal service perfected 3/10/2023. |
| Walla Walla County, Washington | 1:18-op-46010 | Keller Rohrback L.L.P. | Yes | | Hikma | Yes | Yes | 3/20/2023 | Declaration of Service re personal service filed 3/20/23. Hikma Pharmaceuticals USA, Inc. not a named defendant. West-Ward Pharmaceutical Corp is a named defendant. Waiver request originally sent to West-Ward on 1/3/2020. No response received after multiple follow-ups. Personal service perfected 3/15/2023. |
| City of North Olmsted, Ohio | 1:18-op-46012 | Napoli Shkolnik | Yes | | Hikma | Yes | Yes | 2/14/2023 | |
| City of North Olmsted, Ohio | 1:18-op-46012 | Napoli Shkolnik | Yes | | Mylan | Yes | Yes | 2/13/2023 | |
| City of Euclid, Ohio | 1:18-op-46013 | Napoli Shkolnik | No | 12/14/2022 | Hikma | Yes | Yes | 2/14/2023 | |
| City of Euclid, Ohio | 1:18-op-46013 | Napoli Shkolnik | No | 12/14/2022 | Mylan | Yes | Yes | 2/13/2023 | |
| City of Olmsted Falls, Ohio | 1:18-op-46014 | Napoli Shkolnik | Yes | | Hikma | Yes | Yes | 3/13/2023 | |
| City of Olmsted Falls, Ohio | 1:18-op-46014 | Napoli Shkolnik | Yes | | Mylan | Yes | Yes | 2/13/2023 | |
| City of North Ridgeville (OH) | 1:18-op-46015 | Napoli Shkolnik | No | 12/19/2022 | Prescription Supply | Yes | Yes | 2/13/2023 | |
| City of North Ridgeville, Ohio | 1:18-op-46015 | Napoli Shkolnik | No | 12/19/2022 | Mylan | Yes | Yes | 2/13/2023 | |
| City of Olympia, Washington | 1:18-op-46021 | Keller Rohrback L.L.P. | Yes | | Hikma | Yes | Yes | 3/20/2023 | Declaration of Service re personal service filed 3/20/23. Hikma Pharmaceuticals USA, Inc. not a named defendant. West-Ward Pharmaceutical Corp is a named defendant. Waiver request originally sent to West-Ward on 1/3/2020. No response received after multiple follow-ups. Personal service perfected 3/15/2023. |
| Jefferson County, WA | 1:18-op-46023 | Keller Rohrback L.L.P. | Yes | | KVK-Tech | Yes | Yes | 3/8/2023 | Waiver filed 3/8/23. Waiver request originally sent 3/4/2020. After multiple follow-ups, waiver signed and returned 3/8/2023. |
| Jefferson County, Washington | 1:18-op-46023 | Keller Rohrback L.L.P. | Yes | | Hikma | Yes | Yes | 3/20/2023 | Declaration of Service re personal service filed 3/20/23. Hikma Pharmaceuticals USA, Inc. not a named defendant. West-Ward Pharmaceutical Corp is a named defendant. Waiver request originally sent to West-Ward on 1/3/2020. No response received after multiple follow-ups. Personal service perfected 3/15/2023. |
| City of Laredo, Texas | 1:18-op-46026 | Napoli Shkolnik | No | 12/28/2022 | Hikma | Yes | Yes | 2/14/2023 | |
| The City of Laredo, Texas | 1:18-op-46026 | Napoli Shkolnik | No | 12/28/2022 | Amneal Pharmaceuticals LLC | Yes | Yes | 2/22/2023 | waiver also sent 2/17/23 |
| City of Laredo, Texas | 1:18-op-46026 | Napoli Shkolnik | No | 12/28/2022 | Mylan | Yes | Yes | 2/13/2023 | |
| City of Kansas City, Missouri | 1:18-op-46029 | Simmons Hanly Conroy, LLC | No | 11/16/2022 | Mylan | No | | | |
| City of Kansas, Missouri | 1:18-op-46029 | Simmons Hanly Conroy, LLC | No | 11/16/2022 | Hikma | No | | | |
| City of Eagle Pass, Texas | 1:18-op-46033 | Napoli Shkolnik | No | 12/22/2022 | Mylan | Yes | Yes | 2/13/2023 | |

| Entity | Case No. | Firm | | Date | Defendant | | | Date | Notes |
|---|---|---|---|---|---|---|---|---|---|
| Township of Painesville, Ohio | 1:18-op-46035 | Napoli Shkolnik | No | 12/22/2022 | Mylan | Yes | Yes | 2/13/2023 | |
| Berlin County, NH | 1:18-op-46040 | Napoli Shkolnik | Yes | | KVK-Tech | No | | | |
| City of Berlin, New Hampshire | 1:18-op-46040 | Napoli Shkolnik | Yes | | Mylan | Yes | Yes | 2/13/2023 | |
| Northwest Arizona Employee Benefit Trust | 1:18-op-46043 | Keller Rohrback L.L.P. | Yes | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 2/27/2023 | Waiver filed 2/27/23.  Waiver signed and received 4/3/2020. |
| City of Kingman, Arizona | 1:18-op-46057 | Keller Rohrback L.L.P. | Yes | | Amneal Pharmaceuticals LLC | Yes | Yes | 3/14/2023 | Declaration of Service re personal service filed 3/14/23. Waiver request originally sent 4/7/2020. After multiple follow-ups, Indivior refused to sign waiver. Personal service perfected 3/10/2023. |
| City of Kingman, Arizona | 1:18-op-46057 | Keller Rohrback L.L.P. | Yes | | Amneal Pharmaceuticals, Inc. | Yes | Yes | 3/14/2023 | Declaration of Service re personal service filed 3/14/23. Waiver request originally sent 4/7/2020. After multiple follow-ups, Indivior refused to sign waiver. Personal service perfected 3/10/2023. |
| City of Kingman, Arizona | 1:18-op-46057 | Keller Rohrback L.L.P. | Yes | | Hikma | Yes | Yes | 3/20/2023 | Declaration of Service re personal service filed 3/20/23. Hikma Pharmaceuticals USA, Inc. not a named defendant. West-Ward Pharmaceutical Corp is a named defendant.  Waiver request originally sent to West-Ward on 1/3/2020. No response received after multiple follow-ups. Personal service perfected 3/15/2023. |
| City of Kingman, AZ | 1:18-op-46057 | Keller Rohrback L.L.P. | Yes | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 2/27/2023 | Waiver filed 2/27/23.  Waiver signed and received 4/3/2020. |
| St. Charles County, Missouri | 1:18-op-46059 | Simmons Hanly Conroy, LLC | No | 11/16/2022 | Hikma | No | | | |
| St. Charles County, Missouri | 1:18-op-46059 | Simmons Hanly Conroy, LLC | No | 11/16/2022 | Mylan | No | | | |
| Board of County Commissioners | 1:18-op-46060 | Levin Papantonio Rafferty | Yes | | Value Drug | Yes | Yes | 5/5/2020 | |
| (1) Adams County, ID; (2) Blaine County, ID; (3) Boise County, ID; (4) Bonneville County, ID; (5) Caribou County, ID; (6) Cassia County, ID; (7) Elmore County, ID; (8) Latah County, ID; (9) Minidoka County, ID; (10) Owyhee County, ID; and (11) Payette County, ID | 1:18-op-46062 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Associated Pharmacies Inc/American Associated Pharmacies | No | | | |
| Adams County et al., ID | 1:18-op-46062 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| City of Shreveport, Louisiana | 1:18-op-46064 | Napoli Shkolnik | No | 1/3/2023 | Louisiana Wholesale Drug | No | | | |
| Lanier County (GA) | 1:18-op-46066 | Conley Griggs Partin LLP | Yes | | JM Smith | Yes | In Process | | emailed Waiver of Service of Summons on February 14, 2023 to counsel for JM Smith; pending receipt of signed waiver |
| Lanier County, GA | 1:18-op-46066 | Conley Griggs Partin LLP | Yes | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | In Process | | emailed Waiver of Service of Summons on February 15, 2023 to counsel for Associated Pharmacies; pending receipt of signed waiver |
| Lanier County, Georgia | 1:18-op-46066 | Conley Griggs Partin LLP | Yes | | Amneal Pharmaceuticals LLC | Yes | In Process | | emailed Waiver of Service of Summons on February 15, 2023 to counsel for Amneal Pharmaceuticals; pending receipt of signed waiver |
| Lanier County, Georgia | 1:18-op-46066 | Conley Griggs Partin LLP | Yes | | Mylan | Yes | In Process | | emailed Waiver of Service of Summons on February 14, 2023 to counsel for Mylan Inc.; pending receipt of signed waiver |
| Madison County (NC) | 1:18-op-46067 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 9/9/2019 | |
| Yancey County (NC) | 1:18-op-46071 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 9/11/2019 | |
| Scott County Board of Supervisors (VA) | 1:18-op-46074 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 8/20/2019 | |
| Smyth County (VA) | 1:18-op-46077 | Wagstaff & Cartmell | Yes | | JM Smith | Yes | Yes | 7/16/2019 | Executed Waiver of Service filed on 7/16/2019, and refiled on 2/21/2023. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Lafayette General Health System, Inc. | 1:18-op-46082 | Neblett, Beard & Arsenault | No | | Louisiana Wholesale Drug | No | | The MDL Court's June 19, 2018 Fact Sheet Implementation Order (R. Doc. 638) expressly states that "Only Plaintiffs that are Governmental Entities (e.g., Cities, Towns, Counties) shall complete a PFS.  Other entities (e.g., Hosptials, Third-Party-Payors) do not need to complete a PFS. " |
| Opelousas General Hospital, a Louisiana Public Trust | 1:18-op-46083 | Neblett, Beard & Arsenault | No | | Louisiana Wholesale Drug | No | | The MDL Court's June 19, 2018 Fact Sheet Implementation Order (R. Doc. 638) expressly states that "Only Plaintiffs that are Governmental Entities (e.g., Cities, Towns, Counties) shall complete a PFS.  Other entities (e.g., Hosptials, Third-Party-Payors) do not need to complete a PFS. " |
| Clanton, AL | 1:18-op-46084 | Levin Papantonio Rafferty | Yes | | Winn-Dixie | Yes | Yes | 12/2/2020 |
| Town of Kingston, MA | 1:18-op-46090 | Levin Papantonio Rafferty | No | 1/10/2023 | KVK-Tech | No | | N/A | Plaintiff's PFS was uploaded to the repository on 1/10/23. |
| City of Eureka, California, et al. | 1:18-op-46092 | Keller Rohrback L.L.P. | Yes | | Hikma | Yes | Yes | 3/20/2023 | Declaration of Service re personal service filed 3/20/23. Hikma Pharmaceuticals USA, Inc. not a named defendant. West-Ward Pharmaceutical Corp is a named defendant.  Waiver request originally sent to West-Ward on 1/3/2020. No response received after multiple follow-ups. Personal service perfected 3/15/2023. |
| The Fiscal Court of Wolfe County (KY) | 1:18-op-46099 | The Finnell Firm | Yes | | JM Smith | Yes | Yes | 2/16/2023 | |
| City of Rochester, N.H, et al. | 1:18-op-46106 | Andrus Anderson LLP | No | 12/11/2022 | Hikma | No | | | Delay in submitting PFS to repository was inadvertent, has been cured, and is not prejudicial. |
| City of Rochester, New Hampshire, et al. | 1:18-op-46106 | Andrus Anderson LLP | No | 12/11/2022 | Amneal | No | | | Delay in submitting PFS to repository was inadvertent, has been cured, and is not prejudicial. |
| City of Rochester, New Hampshire, et al. | 1:18-op-46106 | Andrus Anderson LLP | No | 12/11/2022 | KVK-Tech | No | | | Delay in submitting PFS to repository was inadvertent, has been cured, and is not prejudicial. |
| City of Rochester, New Hampshire; Merrimack County, New Hampshire | 1:18-op-46106 | Andrus Anderson LLP | No | 12/11/2022 | Mylan | No | | | Delay in submitting PFS to repository was inadvertent, has been cured, and is not prejudicial. |
| Pulaski County, Indiana | 1:18-op-46110 | Cohen & Malad, LLP | No | 1/3/2023 | Hikma | No | | | A PFS was originally served on 12/26/2018 |
| Pulaski County, Indiana | 1:18-op-46110 | Cohen & Malad, LLP | No | 1/3/2023 | Mylan | No | | | A PFS was originally served on 12/26/2018 |
| Pulaski County, Indiana | 1:18-op-46110 | Cohen & Malad, LLP | No | 1/3/2023 | Amneal | No | | | A PFS was originally served on 12/26/2018 |
| Pulaski County, IN | 1:18-op-46110 | Cohen & Malad, LLP | No | 1/3/2023 | Indivior | No | | | A PFS was originally served on 12/26/2018 |
| City of Strongsville, Ohio | 1:18-op-46111 | Napoli Shkolnik | Yes | | Hikma | Yes | Yes | 2/14/2023 | |
| City of Strongsville, Ohio | 1:18-op-46111 | Napoli Shkolnik | Yes | | Mylan | Yes | Yes | 2/13/2023 | |
| Glynn County (GA) | 1:18-op-46115 | Brown, Readdick, Bumgartner, Carter, Strickland & Watkins, LLP | No | 2/20/2023 | JM Smith | No | | | Glynn County's PFS was originally emailed on 1/14/19 to Liaison Counsel. |
| Glynn County, Georgia | 1:18-op-46115 | Brown, Readdick, Bumgartner, Carter, Strickland & Watkins, LLP | No | 2/20/2023 | Hikma | No | | | Glynn County's PFS was originally emailed on 1/14/19 to Liaison Counsel. |

| Plaintiff | Case No. | Law Firm | Waiver | Date | Defendant | Y/N | Status | Date | Notes |
|---|---|---|---|---|---|---|---|---|---|
| Glynn County, Georgia | 1:18-op-46115 | Brown, Readdick, Bumgartner, Carter, Strickland & Watkins, LLP | No | 2/20/2023 | Amneal Pharmaceuticals, Inc. | Yes | In Process | | encouraged to avoid unnecessary expenses associated with serving the summons and, absent good cause, *shall* grant requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." See MDL 2804 ECF No. 232, at 10 (italics supplied). On March 21, 2019, counsel for Glynn County, Georgia mailed the following to Amneal Pharmaceuticals, Inc.'s registered agent: Notice of a Lawsuit and Request to Waive Service of a Summons; Waiver of the Service of Summons (2 copies); Short Form Complaint; and a Self-addressed stamped envelope. On February 19, 2023, counsel for Glynn County, Georgia emailed counsel for Amneal Pharmaceuticals, Inc., identifying the above-referenced materials that were previously transmitted and requested the signed waiver. On March 3, 2023, counsel for Amneal Pharmaceuticals, Inc., responded, "We are in receipt of your email requesting that Amneal Pharmaceuticals, Inc., waive service of an amended complaint that was filed on March 18, 2019. The request for waiver is untimely, as this case was filed nearly four years ago. Setting that issue aside, Amneal Pharmaceuticals, Inc., is an improperly named holding company, and it has not manufactured, promoted, distributed, supplied, or sold any opioid-containing products. As noted in your email, Amneal Pharmaceuticals LLC has already waived service in this case. Accordingly, we request that you dismiss Amneal Pharmaceuticals, Inc. from this case. Please let us know if you would like to discuss this issue further." On March 21, 2023, counsel for Glynn County, Georgia replied, "Thank you for your response. In your email, you write, 'We are in receipt of your email requesting that Amneal Pharmaceuticals, Inc., waive service of an amended complaint that was filed on March 18, 2019. The request for waiver is untimely, as this case was filed nearly four years ago.' The Short Form Complaint adding Amneal Pharmaceuticals, Inc., was filed on March 18, 2019, and I mailed the following on March 21, 2019 (less than one week after adding Amneal Pharmaceuticals, Inc.): Notice of a Lawsuit and Request to Waive Service of a Summons; Waiver of the Service of Summons (2 copies); Short Form Complaint; a self-addressed stamped envelope; and a cover letter from me. Thus, I would respectfully submit that the request for a waiver was timely. Further, I |
| Glynn County, GA | 1:18-op-46115 | Brown, Readdick, Bumgartner, Carter, Strickland & Watkins, LLP | No | 2/20/2023 | Indivior | No | | | Glynn County's PFS was originally emailed on 1/14/19 to Liaison Counsel. |
| Borough of Ridgefield, New Jersey | 1:18-op-46117 | Napoli Shkolnik | Yes | | Mylan | Yes | Yes | 2/13/2023 | |
| Borough of Ridgefield, New Jersey | 1:18-op-46117 | Napoli Shkolnik | Yes | | Hikma | Yes | Yes | 2/14/2023 | |
| Levy County, Florida | 1:18-op-46119 | Napoli Shkolnik | Yes | | Amneal Pharmaceuticals, Inc. | Yes | Yes | 2/22/2023 | waiver also sent 2/17/23 |
| Levy County, Florida | 1:18-op-46119 | Napoli Shkolnik | Yes | | Hikma | Yes | Yes | 2/14/2023 | |
| Letcher County Fiscal Court (KY) | 1:18-op-46124 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 12/23/2020 | |
| Town of Clendenin, WV | 1:18-op-46127 | Motley Rice | Yes | | Masters Pharmaceutical | Yes | In Process | | Curative service and waiver sent to Defense counsel's new Masters signatory. |
| Chelan County, WA | 1:18-op-46139 | Keller Rohrback L.L.P. | Yes | | KVK-Tech | Yes | Yes | 3/8/2023 | Waiver filed 3/8/23. Waiver request originally sent 3/4/2020. After multiple follow-ups, waiver signed and returned 3/8/2023. |
| Chelan County, Washington | 1:18-op-46139 | Keller Rohrback L.L.P. | Yes | | Hikma | Yes | Yes | 3/20/2023 | Declaration of Service re personal service filed 3/20/23. Hikma Pharmaceuticals USA, Inc. not a named defendant. West-Ward Pharmaceutical Corp is a named defendant. Waiver request originally sent to West-Ward on 1/3/2020. No response received after multiple follow-ups. Personal service perfected 3/15/2023. |
| City of Portland, Indiana | 1:18-op-46140 | Cohen & Malad, LLP | No | 1/3/2023 | Amneal Pharmaceuticals LLC | Yes | Yes | 2/28/2023 | A waiver of service request was sent to defense counsel originally on 6/7/2019, but we did not receive the signed waiver, even though Defendant returned similar waivers. A renewed waiver of service has been emailed to Defense counsel but Defendant would not agree to waive service. We perfected service via process server on 2/28/2023 and filed proof of service in the individual case. PFS's originally served on 01/10/2019 |
| City of Portland, Indiana, et al. | 1:18-op-46140 | Cohen & Malad, LLP | No | 1/3/2023 | Hikma | No | | | PFS's originally served on 01/10/2019 |
| City of Portland, Indiana; Jay County, Indiana | 1:18-op-46140 | Cohen & Malad, LLP | No | 1/3/2023 | Mylan | No | | | PFS's originally served on 01/10/2019 |
| City of Portland and Jay County, IN | 1:18-op-46140 | Cohen & Malad, LLP | No | 1/3/2023 | Indivior | No | | | PFS's originally served on 01/10/2019 |
| Robeson County (NC) | 1:18-op-46141 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | JM Smith | No | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Robeson County, NC | 1:18-op-46141 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Associated Pharmacies Inc/American Associated Pharmacies | No | | | |
| Fiscal Court of Montgomery County (KY) | 1:18-op-46144 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 12/23/2020 | |
| Schuyler County, IL v. Purdue Pharma LP et al | 1:18-op-46147 | Levin Papantonio Rafferty | Yes | | Pharmacy Buying Association | Yes | Yes | 8/28/2019 | |
| County of Johnson, IL | 1:18-op-46148 | Levin Papantonio Rafferty | Yes | | JM Smith | | | 8/26/2019 | Defendant error alleging late PFS upload. |
| Hospital Service District No. 1 of the Parish of LaSalle | 1:18-op-46150 | Neblett, Beard & Arsenault | No | | Louisiana Wholesale Drug | No | | | The MDL Court's June 19, 2018 Fact Sheet Implementation Order (R. Doc. 638) expressly states that "Only Plaintiffs that are Governmental Entities (e.g., Cities, Towns, Counties) shall complete a PFS.  Other entities (e.g., Hosptials, Third-Party-Payors) do not need to complete a PFS. " |
| Ripley County, Indiana | 1:18-op-46155 | Cohen & Malad, LLP | No | 1/3/2023 | Amneal | No | | | A PFS was originally served on 01/15/2019 |
| Ripley County, Indiana | 1:18-op-46155 | Cohen & Malad, LLP | No | 1/3/2023 | Hikma | No | | | A PFS was originally served on 01/15/2019 |
| Ripley County, Indiana | 1:18-op-46155 | Cohen & Malad, LLP | No | 1/3/2023 | Mylan | No | | | A PFS was originally served on 01/15/2019 |
| Ripley County, IN | 1:18-op-46155 | Cohen & Malad, LLP | No | 1/3/2023 | Indivior | No | | | A PFS was originally served on 01/15/2019 |
| Town of Upton, MA | 1:18-op-46160 | Levin Papantonio Rafferty | No | 12/9/2023 | KVK-Tech | No | | N/A | PFS was sent to Liaison Counsel on or before 10/14/22. However, Liaison Counsel contracted Plaintiff's Counsel on 12/9/2022 and indicated that a Defense Counsel paralegal could not locate the PFS.  On 12/9/22, the PFS was re-transmitted to Liaison Counsel and uploaded to the repository. |
| Tazewell County (VA) | 1:18-op-46167 | Wagstaff & Cartmell | Yes | | JM Smith | Yes | In Process | | Notice of Lawsuit and Request for Waiver sent to John Haggerty, Fox Rothschild, on 5/28/2019 and on 2/22/2023. |
| Livingston County, MO | 1:18-OP-46168 (W.D. M | Wagstaff & Cartmell | Yes | | Hy-Vee | Yes | In Process | | Notice of Lawsuit and Request for Waiver sent to Michael P. Jurgens, 5820 Westown Parkway, West Des Moines, IA 50266 on 6/14/2019, and to Cameron Grant, Scharnhorst, Ast Kennard Griffin, PC. on 2/17/2023. |
| City of Syracuse, New York v. Purdue Pharma, L.P. | 1:18-op-46169 | Brindisi, Murad & Brindisi Pearlman | Yes | | Amneal Pharmaceuticals, Inc. | Yes | In Process | | Waiver. They took a position that API was not a proper defendant based on a previous ruling in a different case, claiming that the MDL court had decided such in a 4/12/19 order. (See Doc 1548).<br><br>Also, as demonstrated below, our law office has, in good faith, sent additional Waivers to correct any deemed deficiencies. Since an Answer has not been served, Plaintiffs submit there is no prejudice to Defendant API by requesting that the Waivers be signed at the present time.  Per Case Management Order One (Doc No. 232, ¶6c, Service of Summons and Complaint), "Defendants are encouraged to avoid unnecessary expenses associated with serving the summons and, absent good cause, shall grant requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." Since an Answer has not been served, Plaintiff submits there is no prejudice to Defendant API by requesting that the Waivers be signed at the present time.<br>*API - listed as no service of process . (Doc. No. 4847)*<br><br>•On April 6, 2019, an email was sent to Paul Cosgrove, Esq., attaching a Waiver of Service of the Summons for Defendants Amneal Pharmaceuticals, LLC, Amneal Pharmaceuticals, Inc., and Amneal Pharmaceuticals of New York, LLC, along with a copy of the filed Complaint.<br><br>•On May 28, 2019, an email was re-forwarded to Attorney Cosgrove requesting again a Waiver of Service of Summons, along with a copy of the complaint, for Defendant Amneal Pharmaceuticals, Inc.<br><br>•On May 31, 2019, a further email was sent to Sarah Miller Benoit, Esq. regarding our request for Waivers.<br>•On June 9, 2019, Waivers of Service of the Summons were filed for Defendants Amneal Pharmaceuticals, LLC, and Amneal Pharmaceuticals of New York, LLC.  (See Case Doc 1:18-op-46169 Doc Nos. 79 and 80). |
| Lee County (GA) | 1:18-op-46171 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 3/2/2023 | |
| Lee County, GA | 1:18-op-46171 | Levin Papantonio Rafferty | Yes | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 3/15/2021 | |
| Lee County, GA | 1:18-op-46171 | Levin Papantonio Rafferty | Yes | | Winn-Dixie | Yes | Yes | 3/15/2021 | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Board of Commissioners for Lucas County, Ohio; Mental Health and Recovery Services Board of Lucas County, Ohio; Lucas County Children Services Board of Trustees, Ohio | 1:18-op-46177 | Simmons Hanly Conroy, LLC | No | 11/16/2022 | Mylan | No | | | |
| Board of Commissioners of Lucas County (OH) | 1:18-op-46177 | Simmons Hanly Conroy, LLC | No | 11/16/2022 | Prescription Supply | No | | | |
| Board of Commissioners of Lucas County, Ohio, et al. | 1:18-op-46177 | Simmons Hanly Conroy, LLC | No | 11/16/2022 | Hikma | No | | | |
| Lucas County Children Services Board of Trustees (OH) | 1:18-op-46177 | Simmons Hanly Conroy, LLC | No | 11/16/2022 | Prescription Supply | No | | | |
| Mental Health & Recovery Services Board of Lucas County (OH) | 1:18-op-46177 | Simmons Hanly Conroy, LLC | No | 11/16/2022 | Prescription Supply | No | | | |
| County of Ingham, MI | 1:18-op-46178 | Weitz & Luxenberg | No | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| County of Ingham, Michigan | 1:18-op-46178 | Weitz & Luxenberg | No | 12/1/2022 | Mylan | No | | | |
| City of Franklin, Indiana et al. | 1:18-op-46182 | Cohen & Malad, LLP | No | 1/3/2023 | Hikma | No | | | PFS's were originally served on 1/24/2019 |
| City of Franklin, Indiana, et al. | 1:18-op-46182 | Cohen & Malad, LLP | No | 1/3/2023 | Amneal | No | | | PFS's were originally served on 1/24/2019 |
| City of Franklin, Indiana; Town of Pendleton, Indiana; City of Richmond, Indiana | 1:18-op-46182 | Cohen & Malad, LLP | No | 1/3/2023 | Mylan | No | | | PFS's were originally served on 1/24/2019 |
| City of Franklin, IN, et al. | 1:18-op-46182 | Cohen & Malad, LLP | No | 1/3/2023 | Sandoz/Novartis | No | | | |
| City of Franklin, Town of Pendleton, and City of Richmond, IN | 1:18-op-46182 | Cohen & Malad, LLP | No | 1/3/2023 | Indivior | No | | | PFS's were originally served on 1/24/2019 |
| Ashe County (NC) | 1:18-op-46185 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 8/15/2019 | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| County of Newaygo, MI | 1:18-op-46187 | Weitz & Luxenberg | No | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(l)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| County of Newaygo, Michigan | 1:18-op-46187 | Weitz & Luxenberg | No | 12/1/2022 | Mylan | No | | | |
| Lawrence County, IN | 1:18-op-46188 | Cohen & Malad, LLP | No | 1/3/2023 | Sandoz/Novartis | No | | | A PFS was originally served on 01/24/2019 |
| Lawrence County, Indiana | 1:18-op-46188 | Cohen & Malad, LLP | No | 1/3/2023 | Amneal | Yes | Yes | 2/28/2023 | Defendant did not list an alleged service defect in its recent filing.  However, a review of the docket revealed that no waiver of service was filed. A waiver of service request was sent to defense counsel originally on 6/7/2019, but we did not receive the signed waiver, even though Defendant returned similar waivers. A renewed waiver of service was emailed to Defense counsel but Defendant would not agree to waive service. We perfected service via process server on 2/28/2023 and filed proof of service in the individual case. |
| Lawrence County, Indiana | 1:18-op-46188 | Cohen & Malad, LLP | No | 1/3/2023 | Hikma | No | | | A PFS was originally served on 01/24/2019 |
| Lawrence County, Indiana | 1:18-op-46188 | Cohen & Malad, LLP | No | 1/3/2023 | Mylan | No | | | A PFS was originally served on 01/24/2019 |
| Lawrence County, IN | 1:18-op-46188 | Cohen & Malad, LLP | No | 1/3/2023 | Indivior | No | | | A PFS was originally served on 01/24/2019 |
| Cole County, MO | 1:18-op-46189 | Levin Papantonio Rafferty | Yes | | Hy-Vee | Yes | Yes | 2/28/2023 | |
| Reynolds County, MO v. Purdue Pharma LP et al | 1:18-op-46193 | Levin Papantonio Rafferty | Yes | | Pharmacy Buying Association | Yes | Yes | 4/15/2021 | |
| Ozark County (MO) | 1:18-op-46198 | Levin Papantonio Rafferty | No | 1/11/2023 | Hikma | No | | N/A | PFS Uploaded on 1/11/2023. |
| Ozark County (MO) | 1:18-op-46198 | Levin Papantonio Rafferty | No | 1/11/2023 | JM Smith | Yes | Yes | 3/26/2021 | PFS Uploaded on 1/11/2023. |
| Ozark County, Missouri | 1:18-op-46198 | Levin Papantonio Rafferty | No | 1/11/2023 | Mylan | No | | N/A | PFS Uploaded on 1/11/2023. |
| Ozark County, MO v. Purdue Pharma LP et al | 1:18-op-46198 | Levin Papantonio Rafferty | No | 1/11/2023 | Pharmacy Buying Association | Yes | Yes | 4/15/2021 | |
| Ozark County, Missouri | 1:18-op-46198 | Levin Papantonio Rafferty | No | 1/11/2023 | Amneal | No | | N/A | |
| Benton County, IN | 1:18-op-46201 | Cohen & Malad, LLP | No | 1/3/2023 | Sandoz/Novartis | No | | | A PFS was originally served on 01/28/2019 |
| Benton County, Indiana | 1:18-op-46201 | Cohen & Malad, LLP | No | 1/3/2023 | Amneal | No | | | A PFS was originally served on 01/28/2019 |
| Benton County, Indiana | 1:18-op-46201 | Cohen & Malad, LLP | No | 1/3/2023 | Hikma | No | | | A PFS was originally served on 01/28/2019 |
| Benton County, IN | 1:18-op-46201 | Cohen & Malad, LLP | No | 1/3/2023 | Indivior | No | | | A PFS was originally served on 01/28/2019 |
| Alexander County (NC) | 1:18-op-46205 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 9/10/2019 | |
| St. Tammany Parish Government, LA | 1:18-op-46211 | Leger & Shaw | Yes | | Indivior | Yes | Yes | 3/15/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/14/2023. Executed Return of Service filed 3/15/2023. |
| Plains Township, Pennsylvania v | 1:18-op-46215 | Levin Papantonio Rafferty | Yes | | Value Drug | Yes | Yes | 2/7/2023 | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Leon County, FL | 1:18-op-46242 | Levin Papantonio Rafferty | Yes | | Winn-Dixie | Yes | Yes | 12/23/2020 | |
| Tallahassee, FL | 1:18-op-46243 | Levin Papantonio Rafferty | Yes | | Winn-Dixie | Yes | Yes | 12/18/2020 | |
| Ripley County (MO) | 1:18-op-46262 | Levin Papantonio Rafferty | Yes | | Quest Pharmaceuticals | Yes | Yes | 4/1/2021 | |
| Green County Fiscal Court, Kentucky | 1:18-op-46272 | Bahe Cook Cantley & Nefzger PLC / Grabhorn Law | No | 1/10/2023 | Hikma | No | | | |
| Canyon County, ID | 1:18-op-46277 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Associated Pharmacies Inc/American Associated Pharmacies | No | | | |
| Canyon County, ID | 1:18-op-46277 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Town of Gauley Bridge, WV | 1:18-OP-46278 | Motley Rice | Yes | | TopRx | Yes | Yes | 12/14/2018 | Waiver of the Service of Summons for the Town of Gauley Bridge, WV was signed and returned by counsel Allen Lopus on behalf of Top Rx, LLC on 12/14/2018, which states on its face that, "If the waiver is signed and returned, [defendant] can still make these and all other defenses and objections, but you cannot object to the absence of a summons or service." |
| Randy Smith, duly elected Sheriff of St. Tammany Parish, Louisiana, in his capacity as Officer Ex Officio of the St. Tammany Parish Sheriff's Office and the St. Tammany Parish Law Enforcement District, LA | 1:18-op-46280 | Leger & Shaw | Yes | | Indivior | Yes | Yes | 3/15/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/14/2023. Executed Return of Service filed 3/15/2023. |
| Union County (GA) | 1:18-op-46284 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 3/2/2023 | |
| City of Boise, ID | 1:18-op-46289 | Keller Postman LLC | No | 2/21/2023 | Masters Pharmaceutical | Yes | No | | Plaintiff intends to request Defendant waive service pursuant to CMO ¶6c |
| County of San Luis Obispo, California | 1:18-op-46290 | Robbins Geller Rudman & Dowd LLP | Yes | | Mylan | Yes | Yes | 2/17/2023 | Plaintiff filed its short form complaint on March 14, 2019, naming Mylan N.V. f/k/a Mylan Inc. and Mylan Pharmaceuticals Inc.  On April 25, 2019, it served the domestic entity – Mylan Pharmaceuticals Inc. – with the short form and operative complaint.  *See* Dkt. No. 74.  CMO 1 suspended service of international defendants.  Following this Court's recent orders on service, Plaintiff sent a waiver request for Mylan N.V. to counsel of record, which counsel denied.  Plaintiff also served Mylan N.V. care of Mylan Pharmaceuticals Inc. on February 17, 2023.  Thus, Mylan has been on notice since April 25, 2019, at the latest, and has not been prejudiced.  Any procedural service issues related to Mylan N.V. have been effectively cured. |
| San Juan County, WA | 1:18-op-46291 | Keller Rohrback L.L.P. | Yes | | KVK-Tech | Yes | Yes | 3/8/2023 | Waiver filed 3/8/23. Waiver request originally sent 3/4/2020. After multiple follow-ups, waiver signed and returned 3/8/2023. |
| San Juan County, Washington | 1:18-op-46291 | Keller Rohrback L.L.P. | Yes | | Amneal Pharmaceuticals LLC | Yes | Yes | 3/14/2023 | Declaration of Service re personal service filed 3/14/23. Waiver request originally sent 4/7/2020. After multiple follow-ups, Indivior refused to sign waiver. Personal service perfected 3/10/2023. |
| San Juan County, Washington | 1:18-op-46291 | Keller Rohrback L.L.P. | Yes | | Amneal Pharmaceuticals, Inc. | Yes | Yes | 3/14/2023 | Declaration of Service re personal service filed 3/14/23. Waiver request originally sent 4/7/2020. After multiple follow-ups, Indivior refused to sign waiver. Personal service perfected 3/10/2023. |
| San Juan County, Washington | 1:18-op-46291 | Keller Rohrback L.L.P. | Yes | | Hikma | Yes | Yes | 3/20/2023 | Declaration of Service re personal service filed 3/20/23. Hikma Pharmaceuticals USA, Inc. not a named defendant. West-Ward Pharmaceutical Corp is a named defendant.  Waiver request originally sent to West-Ward on 1/3/2020. No response received after multiple follow-ups. Personal service perfected 3/15/2023. |
| Pohlmann, Sheriff of St. Bernard Parish, LA | 1:18-op-46292 | Leger & Shaw | Yes | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 3/14/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/14/2023. Executed Return of Service filed 3/14/2023. (Doc. No. 33) |
| Pohlmann, Sheriff of St. Bernard Parish Louisiana | 1:18-OP-46292 | Leger & Shaw | Yes | | TopRx | Yes | Yes | 3/20/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/20/2023. Executed Return of Service filed 3/20/2023. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| James Pohlmann, duly elected Sheriff of St. Bernard Parish, Louisiana, in his capacity as Officer Ex Officio of the St. Bernard Parish Sheriff's Office and the St. Bernard Parish Law Enforcement District, LA | 1:18-op-46292 | Leger & Shaw | Yes | | Indivior | Yes | Yes | 3/15/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/14/2023. Executed Return of Service filed 3/15/2023. |
| Rockdale County, Georgia | 1:18-op-46296 | Napoli Shkolnik | No | 12/22/2022 | Mylan | Yes | Yes | 2/13/2023 | |
| City of Bogalusa, Louisiana | 1:18-op-46297 | Napoli Shkolnik | No | 12/22/2022 | Louisiana Wholesale Drug | Yes | Yes | 2/9/2023 | |
| City of Bogalusa, Louisiana | 1:18-op-46297 | Napoli Shkolnik | No | 12/22/2022 | Amneal Pharmaceuticals, Inc. | Yes | Yes | 2/22/2023 | waiver also sent 2/17/23 |
| City of Bogalusa, Louisiana | 1:18-op-46297 | Napoli Shkolnik | No | 12/22/2022 | Mylan | Yes | Yes | 2/13/2023 | |
| Clayton County, Georgia | 1:18-op-46298 | Napoli Shkolnik | No | 12/13/2022 | Mylan | Yes | Yes | 2/13/2023 | |
| City of Warrensville Heights, Ohio | 1:18-op-46299 | Napoli Shkolnik | No | 12/19/2022 | Mylan | Yes | Yes | 2/13/2023 | |
| Coos County, Oregon | 1:18-op-46300 | Napoli Shkolnik | Yes | | Mylan | Yes | Yes | 2/13/2023 | |
| Lewis County, WA | 1:18-op-46301 | Napoli Shkolnik | Yes | | KVK-Tech | No | | | |
| Lewis County, Washington | 1:18-op-46301 | Napoli Shkolnik | Yes | | Mylan | Yes | Yes | 3/28/2023 | |
| Board of County Commissioners of McClain County, Oklahoma | 1:18-op-46303 | Napoli Shkolnik | No | 12/19/2022 | Hikma | Yes | Yes | 2/14/2023 | |
| The Board of County Commissioners of McClain County, Oklahoma | 1:18-op-46303 | Napoli Shkolnik | No | 12/19/2022 | Mylan | Yes | Yes | 2/13/2023 | |
| Board of County Commissioners of Garvin County, Oklahoma | 1:18-op-46304 | Napoli Shkolnik | No | 12/30/2022 | Hikma | Yes | Yes | 2/14/2023 | |
| Board of County Commissioners of Garvin County, Oklahoma | 1:18-op-46304 | Napoli Shkolnik | No | 12/30/2022 | Mylan | Yes | Yes | 2/13/2023 | |
| Camden County, NJ | 1:18-op-46306 | Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. | No | 11/18/2022 | Indivior | Yes | In Process | | Provided to Process Servers on 2/24/2023. |
| City of Hickory (NC) | 1:18-op-46307 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 9/10/2019 | |
| City of Atlanta, Georgia | 1:18-op-46308 | Napoli Shkolnik | No | 12/13/2022 | Mylan | Yes | Yes | 2/13/2023 | |
| The City of Atlanta (GA) | 1:18-op-46308 | Napoli Shkolnik | No | 12/13/2022 | JM Smith | No | | | |
| Henry County, Georgia | 1:18-op-46310 | Napoli Shkolnik | No | 12/19/2022 | Hikma | Yes | Yes | 3/8/2023 | |
| Henry County, Georgia | 1:18-op-46310 | Napoli Shkolnik | No | 12/19/2022 | Mylan | Yes | Yes | 2/13/2023 | |
| City of Portland, a municipality in Cumberland County, ME | 1:18-op-46313 | Napoli Shkolnik | Yes | | KVK-Tech | No | | | |
| City of Portland, Maine | 1:18-op-46313 | Napoli Shkolnik | Yes | | Hikma | Yes | Yes | 2/14/2023 | |
| City of Portland, Maine | 1:18-op-46313 | Napoli Shkolnik | Yes | | Mylan | Yes | Yes | 2/13/2023 | |
| City of Bangor, Maine | 1:18-op-46314 | Napoli Shkolnik | Yes | | Hikma | No | | | |
| City of Bangor, Maine | 1:18-op-46314 | Napoli Shkolnik | Yes | | Amneal Pharmaceuticals, Inc. | Yes | Yes | 2/22/2023 | waiver also sent 2/17/23 |
| City of Bangor, Maine | 1:18-op-46314 | Napoli Shkolnik | Yes | | Mylan | Yes | Yes | 2/13/2023 | |
| City of Lewiston, a municipality in Androscoggin County, State of Maine | 1:18-op-46315 | Napoli Shkolnik | No | 12/22/2022 | Amneal Pharmaceuticals, Inc. | Yes | Yes | 2/22/2023 | waiver also sent 2/17/23 |
| City of Lewiston, Maine | 1:18-op-46315 | Napoli Shkolnik | No | 12/22/2022 | Hikma | Yes | Yes | 2/14/2023 | |
| City of Lewiston, Maine | 1:18-op-46315 | Napoli Shkolnik | No | 12/22/2022 | Mylan | Yes | Yes | 2/13/2023 | |
| Washington County (TN) | 1:18-op-46317 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 1/20/2021 | |

| Plaintiff | Case Number | Firm | | Date | Defendant | | | Date | Notes |
|---|---|---|---|---|---|---|---|---|---|
| County of San Mateo, California | 1:18-op-46319 | Cotchett, Pitre & McCarthy, LLP | No | 2/3/2023 | Hikma | No | | | The County of San Mateo previously produced a timely PFS, which we understand was destroyed. Despite trying to monitor the voluminous docket in the MDL we missed the Order to re-submit the PFS. Once we realized the mistake we immediately corrected it. The Spangenberg database reflects upload of the PFS "February 3" with no year, we assume 2023. In other complex cases Liasion Counsel keeps non-leadership firms apprised of deadlines, that does not appear to have happened in October 2022, which would have been helpful. It was only on 2/17/23 that clear instructions were provided. Spangenberg has not provided a copy of the brief they plan to file as of 2/20/2023, despite request. |
| County of San Mateo, California | 1:18-op-46319 | Cotchett, Pitre & McCarthy, LLP | No | 2/3/2023 | Mylan | No | | | The County of San Mateo previously produced a timely PFS, which we understand was destroyed. Despite trying to monitor the voluminous docket in the MDL we missed the Order to re-submit the PFS. Once we realized the mistake we immediately corrected it. The Spangenberg database reflects upload of the PFS "February 3" with no year, we assume 2023. In other complex cases Liasion Counsel keeps non-leadership firms apprised of deadlines, that does not appear to have happened in October 2022, which would have been helpful. It was only on 2/17/23 that clear instructions were provided. Spangenberg has not provided a copy of the brief they plan to file as of 2/20/2023, despite request. |
| Board of County Commissioners of Pawnee County, Oklahoma | 1:18-op-46320 | Napoli Shkolnik | No | 12/19/2022 | Hikma | Yes | Yes | 2/10/2023 | |
| The Board of County Commissioners of Delaware County (OK) | 1:18-op-46321 | Napoli Shkolnik | No | 12/13/2022 | Burlington Drug | Yes | Yes | 3/9/2023 | |
| Board of County Commissioners of Delaware County, Oklahoma | 1:18-op-46321 | Napoli Shkolnik | No | 12/13/2022 | Hikma | Yes | Yes | 2/16/2023 | |
| Board of County Commissioners of Delaware County, Oklahoma | 1:18-op-46321 | Napoli Shkolnik | No | 12/13/2022 | Mylan | Yes | Yes | 2/13/2023 | |
| Board of County Commissioners of Delaware County, State of Oklahoma, OK | 1:18-op-46321 | Napoli Shkolnik | No | 12/13/2022 | KVK-Tech | No | | | |
| The Board of County Commissioners of Delaware County, State of Oklahoma | 1:18-op-46321 | Napoli Shkolnik | No | 12/13/2022 | Amneal Pharmaceuticals LLC | Yes | Yes | 2/22/2023 | waiver also sent 2/17/23 |
| The Board of County Commissioners of Delaware County, State of Oklahoma | 1:18-op-46321 | Napoli Shkolnik | No | 12/13/2022 | Amneal Pharmaceuticals, Inc. | Yes | Yes | 2/22/2023 | waiver also sent 2/17/23 |
| Board of County Commissioners of Osage County, Oklahoma | 1:18-op-46322 | Napoli Shkolnik | No | 1/3/2023 | Hikma | Yes | Yes | 2/14/2023 | |
| Board of County Commissioners of Ottawa County, Oklahoma | 1:18-op-46323 | Napoli Shkolnik | Yes | | Hikma | Yes | Yes | 2/14/2023 | |
| The Board of County Commissioners of Ottawa County, Oklahoma | 1:18-op-46323 | Napoli Shkolnik | Yes | | Mylan | Yes | Yes | 2/13/2023 | |
| City of Ft. Lauderdale, Florida | 1:18-op-46329 | Kopelowitz Ostrow Ferguson Weiselberg Gilbert; Robbins Geller Rudman & Dowd LLP | Yes | | Hikma | No | | | Plaintiff timely sent its PFS to the repository. |
| Davidson County (NC) | 1:18-op-46330 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | JM Smith | No | | | |
| Davidson County, NC | 1:18-op-46330 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Associated Pharmacies Inc/American Associated Pharmacies | No | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Bradenton, FL | 1:18-op-46331 | Levin Papantonio Rafferty | Yes | | Winn-Dixie | Yes | Yes | 12/2/2020 | |
| Commissioners of St. Mary's County (MD) | 1:18-op-46334 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 3/2/2023 | |
| City of Albany (GA) | 1:18-op-46337 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 7/6/2021 | |
| City of Albany, Georgia | 1:18-op-46337 | Levin Papantonio Rafferty | Yes | | Amneal Pharmaceuticals LLC | Yes | Yes | 3/8/2023 | |
| Albany, GA | 1:18-op-46337 | Levin Papantonio Rafferty | Yes | | Winn-Dixie | Yes | Yes | 3/2/2023 | |
| Grady County (GA) | 1:18-op-46338 | Conley Griggs Partin LLP | Yes | | JM Smith | Yes | In Process | | emailed Waiver of Service of Summons on February 14, 2023 to counsel for JM Smith; pending receipt of signed waiver |
| Grady County, Georgia | 1:18-op-46338 | Conley Griggs Partin LLP | Yes | | Mylan | Yes | In Process | | emailed Waiver of Service of Summons on February 14, 2023 to Mylan Inc; pending receipt of signed waiver |
| Grady County, Georgia v. Purdue Pharma, L.P., et al. | 1:18-op-46338 | Conley Griggs Partin LLP | Yes | | Amneal Pharmaceuticals LLC | Yes | In Process | | emailed Waiver of Service of Summons on February 15, 2023 to Amneal Pharmaceuticals; pending receipt of signed waiver |
| Grady County, Georgia v. Purdue Pharma, L.P., et al. | 1:18-op-46338 | Conley Griggs Partin LLP | Yes | | Amneal Pharmaceuticals, Inc. | Yes | In Process | | emailed Waiver of Service of Summons on February 15, 2023 to counsel for Amneal Pharmaceuticals; pending receipt of signed waiver |
| City of Findlay, Ohio | 1:18-op-46339 | Napoli Shkolnik | Yes | | Mylan | Yes | Yes | 2/13/2023 | |
| Forest County Potawatomi Community | 1:18-op-46342 | | | | Dakota Drug | No | | | The PEC notes the plaintiff is a tribe and was improperly identified by Defendant on its service and fact sheet list. The Court's 1/3/23 Order (#4801) was directed to "plaintiff-subdivisions" only. In addition, the 6/19/18 Fact Sheet Implementation Order (#638) was applicable to Government Entities only and did not apply to plaintiff-tribes (see 6/20/18 Order, #642). |
| Roosevelt County, New Mexico | 1:18-op-46343 | Napoli Shkolnik | Yes | | Hikma | Yes | Yes | 2/14/2023 | |
| The County of Roosevelt, New Mexico | 1:18-op-46343 | Napoli Shkolnik | Yes | | Amneal Pharmaceuticals, Inc. | Yes | Yes | 2/22/2023 | waiver also sent 2/17/23 |
| Roosevelt County, New Mexico | 1:18-op-46343 | Napoli Shkolnik | Yes | | Mylan | Yes | Yes | 2/13/2023 | |
| Mental Health & Recovery Services Board of Allen, Auglaize, and Hardin Counties, Ohio | 1:18-op-46344 | Spangenberg Shibley & Liber | No | 1/28/2023 | Amneal | No | | | As owner of the repository, we were the first to submit our clients PFSs.  Due to a technical glitch, this PFS was not transferred into the new repository. |
| City of Kenova, WV | 1:18-OP-46346 | Motley Rice | Yes | | TopRx | Yes | Yes | 1/4/2019 | Waiver of the Service of Summons for the City of Kenova, WV was signed and returned by counsel Allen Lopus on behalf of Top Rx, LLC on 12/14/2018, which states on its face that, "If the waiver is signed and returned, [defendant] can still make these and all other defenses and objections, but you cannot object to the absence of a summons or service." |
| Webster County (MO) | 1:18-op-46350 | Levin Papantonio Rafferty | No | 1/31/2023 | JM Smith | Yes | Yes | 4/1/2021 | |
| Webster County, Missouri | 1:18-op-46350 | Levin Papantonio Rafferty | No | 1/31/2023 | Amneal | No | | N/A | |
| Webster County, MO v. Purdue Pharma LP et al | 1:18-op-46350 | Levin Papantonio Rafferty | No | 1/31/2023 | Pharmacy Buying Association | Yes | Yes | 4/15/2021 | |
| Hillsborough County, New Hampshire | 1:18-op-46353 | Napoli Shkolnik | No | 12/28/2022 | Mylan | Yes | Yes | 2/13/2023 | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | Waiver. They took a position that API was not a proper defendant based on a previous ruling in a different case, claiming that the MDL court had decided such in a 4/12/19 order. (See Doc 1548). Also, as demonstrated below, our law office has, in good faith, sent additional Waivers to correct any deemed deficiencies. Since an Answer has not been served, Plaintiffs submit there is no prejudice to Defendant API by requesting that the Waivers be signed at the present time.  Per Case Management Order One (Doc No. 232, ¶6c, Service of Summons and Complaint), "Defendants are encouraged to avoid unnecessary expenses associated with serving the summons and, absent good cause, shall grant requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." Since an Answer has not been served, Plaintiff submits there is no prejudice to Defendant API by requesting that the Waivers be signed at the present time.<br><br>*API - listed as no service of process. (Doc No. 4847)*<br><br>•On April 1, 2019, an email was sent to Paul Cosgrove, Esq., attaching a Waiver of Service of the Summons for Defendants Amneal Pharmaceuticals, LLC, Amneal Pharmaceuticals, Inc., and Amneal Pharmaceuticals of New York, LLC, along with a copy of the filed Complaint.<br><br>•On April 24, another email was sent to Paul Cosgrove, Esq. requesting him to sign and return the Waivers.<br><br>•On May 19, 2019, Waivers of Service of the Summons were filed for Defendants Amneal Pharmaceuticals, LLC, and Amneal Pharmaceuticals of New York, LLC. (See Case 1:18-op-46359 Doc Nos. 68 and 69).<br><br>•On May 28, 2019, a follow up email was sent to Sarah Miller Benoit, Esq., attaching a Waiver of Service of the Summons for Defendants Amneal Pharmaceuticals, LLC, Amneal Pharmaceuticals, Inc., and Amneal Pharmaceuticals of New York, LLC, along with a copy of the filed Complaint. |
| City of Utica, New York v. Purdue Pharma, L.P. | 1:18-op-46359 | Brindisi, Murad & Brindisi Pearlman | Yes | | | Amneal Pharmaceuticals, Inc. | Yes | In Process | |
| Johnson County, MO v. Purdue Pharma, L.P. et al | 1:19-op- 45363-DAP | Skikos Crawford Skikos & Joseph<br>Wagstaff & Cartmell<br>Bertram & Graf | Yes | N/A | | Pharmacy Buying Association | Yes | Yes | 12/3/2019 | Pharmacy Buying Association states in their submission to the Court that service was effective in 2019. |
| County of Kent, MI | 1:19-op-45000 | Weitz & Luxenberg | No | | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 5/21/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| City of New Orleans, Louisiana | 1:19-op-45003 | Leger & Shaw | Yes | | | Hikma | Yes | Yes | 3/14/2022 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/13/2023. Executed Return of Service filed 3/14/2023. |
| City of New Orleans, Louisiana | 1:19-op-45003 | Leger & Shaw | Yes | | | Mylan | Yes | Yes | 3/16/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/15/2023. Executed Return of Service filed 3/16/2023. |
| City of New Orleans, LA | 1:19-op-45003 | Leger & Shaw | Yes | | | Indivior | Yes | Yes | 3/15/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/14/2023. Executed Return of Service filed 3/15/2023. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Gary Gilley, Duly Elected Sheriff of Richland Parish, in His Capacity as Officer Ex Officio of the Richland Parish Sheriff's Office and the Richland Parish Law Enforcement District | 1:19-op-45007 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Gary Gilley (Sheriff of Richland Parish), Louisiana | 1:19-op-45007 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Hikma | No | | | |
| Gary Gilley, Duly Elected Sheriff of Richland Parish, in His Capacity as Officer Ex Officio of the Richland Parish Sheriff's Office and the Richland Parish Law Enforcement District (LA) | 1:19-op-45007 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | JM Smith | No | | | |
| Gary Gilley, Richland Parish Sheriff | 1:19-op-45007 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Louisiana Wholesale Drug | Yes | Yes | 11/1/2019 | |
| Gary Gilley, Sheriff of Richland Parish, Louisana | 1:19-op-45007 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Mylan | No | | | |
| Gilley (Sheriff of Richland Parish), LA | 1:19-op-45007 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Sandoz/Novartis | No | | | |
| Northern Cheyenne Tribe, MT v. Purdue Pharma L.P., et al. | 1:19-op-45010 | | | | SuperValu | No | | | The PEC notes the plaintiff is a tribe and was improperly identified by Defendant on its service and fact sheet list. The Court's 1/3/23 Order (#4801) was directed to "plaintiff-subdivisions" only. In addition, the 6/19/18 Fact Sheet Implementation Order (#638) was applicable to Government Entities only and did not apply to plaintiff-tribes (see 6/20/18 Order, #642). |
| City of New Roads, Louisiana | 1:19-op-45011 | Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC | No | 1/30/2023 | Hikma | No | | | |
| City of New Roads, Louisiana | 1:19-op-45011 | Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC | No | 1/30/2023 | Mylan | No | | | |
| City of New Roads, Louisiana | 1:19-op-45011 | Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC | No | 1/30/2023 | Amneal | No | | | |
| New Roads, LA | 1:19-op-45011 | Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC | No | 1/30/2023 | Winn-Dixie | No | | | |
| City of New Roads, LA | 1:19-op-45011 | Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC | No | 1/30/2023 | Indivior | No | | | |
| Police Jury of the Parish of Point Coupee, Louisiana | 1:19-op-45012 | Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC | No | 1/30/2023 | Mylan | No | | | |
| Police Jury of the Parish of Pointe Coupee, Louisiana | 1:19-op-45012 | Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC | No | 1/30/2023 | Hikma | No | | | |
| Police Jury of the Parish of Pointe Coupee, Louisiana | 1:19-op-45012 | Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC | No | 1/30/2023 | Amneal | No | | | |
| Police Jury of the Parish of Pointe Coupee, LA | 1:19-op-45012 | Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC | No | 1/30/2023 | Indivior | No | | | |

| Plaintiff | Case No. | Law Firm | | Date | Defendant | | | Date | Notes |
|---|---|---|---|---|---|---|---|---|---|
| Policy Jury of the Parish of Pointe Coupee, LA | 1:19-op-45012 | Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC | No | 1/30/2023 | Winn-Dixie | No | | | |
| City of Saint Martinville, Louisiana | 1:19-op-45013 | Levin Papantonio Rafferty | Yes | | Louisiana Wholesale Drug | Yes | Yes | 2/2/2023 | |
| Saint Martinville, LA | 1:19-op-45013 | Levin Papantonio Rafferty | Yes | | Winn-Dixie | Yes | Yes | 2/2/2023 | |
| Haywood County (NC) | 1:19-op-45014 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 8/15/2019 | |
| County of Maricopa, Arizona | 1:19-op-45020 | Keller Rohrback L.L.P. | Yes | | Hikma | Yes | Yes | 3/20/2023 | Declaration of Service re personal service filed 3/20/23. Hikma Pharmaceuticals USA, Inc. not a named defendant. West-Ward Pharmaceutical Corp is a named defendant.  Waiver request originally sent to West-Ward on 1/3/2020. No response received after multiple follow-ups. Personal service perfected 3/15/2023. |
| Ascension Parish Government | 1:19-op-45027 | Leger & Shaw | Yes | | Louisiana Wholesale Drug | Yes | Yes | 3/20/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/20/2023. Executed Return of Service filed 3/20/2023. (Waiver of Service executed in October 2022 filed 2-13-2022.) |
| Ascension Parish Government, Louisiana | 1:19-op-45027 | Leger & Shaw | Yes | | Mylan | Yes | Yes | 3/16/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/15/2023. Executed Return of Service filed 3/16/2023. |
| Ascension Parish Government, Louisiana | 1:19-op-45027 | Leger & Shaw | Yes | | Hikma | Yes | Yes | 3/14/2022 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/13/2023. Executed Return of Service filed 3/14/2023. |
| Ascension Parish Government, LA | 1:19-op-45027 | Leger & Shaw | Yes | | Indivior | Yes | Yes | 3/15/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/14/2023. Executed Return of Service filed 3/15/2023. |
| City of Donaldsonville, Louisiana | 1:19-op-45028 | Leger & Shaw | Yes | | Hikma | Yes | Yes | 3/14/2022 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/13/2023. Executed Return of Service filed 3/14/2023. |
| City of Donaldsonville, Louisiana | 1:19-op-45028 | Leger & Shaw | Yes | | Louisiana Wholesale Drug | Yes | Yes | 2/13/2023 | Waiver of service executed in October 2022. Filed executed waiver of service into record 2/13/2023. Defendant removed from Amended Notice. |
| City of Donaldsonville, Louisiana | 1:19-op-45028 | Leger & Shaw | Yes | | Mylan | Yes | Yes | 3/16/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/15/2023. Executed Return of Service filed 3/16/2023. |
| City of Donaldsonville, LA | 1:19-op-45028 | Leger & Shaw | Yes | | Indivior | Yes | Yes | 3/15/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/14/2023. Executed Return of Service filed 3/15/2023. |
| City of Anacortes and Sedro-Woolley School District, Washington | 1:19-op-45029 | Keller Rohrback L.L.P. | Yes | | Amneal Pharmaceuticals LLC | Yes | Yes | 3/14/2023 | Declaration of Service re personal service filed 3/14/23. Waiver request originally sent 4/7/2020. After multiple follow-ups, Indivior refused to sign waiver. Personal service perfected 3/10/2023. |
| City of Anacortes and Sedro-Woolley School District, Washington | 1:19-op-45029 | Keller Rohrback L.L.P. | Yes | | Amneal Pharmaceuticals, Inc. | Yes | Yes | 3/14/2023 | Declaration of Service re personal service filed 3/14/23. Waiver request originally sent 4/7/2020. After multiple follow-ups, Indivior refused to sign waiver. Personal service perfected 3/10/2023. |
| City of Anacortes, Washington et al. | 1:19-op-45029 | Keller Rohrback L.L.P. | Yes | | Hikma | Yes | Yes | 3/20/2023 | Declaration of Service re personal service filed 3/20/23. Hikma Pharmaceuticals USA, Inc. not a named defendant. West-Ward Pharmaceutical Corp is a named defendant.  Waiver request originally sent to West-Ward on 1/3/2020. No response received after multiple follow-ups. Personal service perfected 3/15/2023. |
| City of Fitchburg, Massachusetts | 1:19-op-45030 | Napoli Shkolnik | Yes | | Hikma | Yes | Yes | 2/14/2023 | |
| City of Fitchburg, Massachusetts | 1:19-op-45030 | Napoli Shkolnik | Yes | | Mylan | Yes | Yes | 2/13/2023 | |
| Sweetwater County, Wyoming | 1:19-op-45031 | Schwartz Bon | | | Amneal Pharmaceuticals LLC | Yes | Yes | 4/26/2019 | Service waivers were sent to Amneal lead counsel Paul Cosgrove per his request on April 26, 2019. He agreed to waive service on behalf of his client.  Believing Amneal's position on service to be in error, we re-sent service waivers as Cosgrove had requested back in 2019.  Cosgrove's associate responded to advise they would not waive service as they had agreed to do. We believe service has been effected on Amneal Pharmaceuticals, LLC in accordance with federal rules. |
| County of McKinley, NM | 1:19-op-45033 | Levin Papantonio Rafferty | Yes | | KVK-Tech | Yes | Yes | 7/19/2021 | |
| City of Thornton, Colorado | 1:19-op-45034 | Keller Rohrback L.L.P. | Yes | | Hikma | Yes | Yes | 3/20/2023 | Declaration of Service re personal service filed 3/20/23. Hikma Pharmaceuticals USA, Inc. not a named defendant. West-Ward Pharmaceutical Corp is a named defendant.  Waiver request originally sent to West-Ward on 1/3/2020. No response received after multiple follow-ups. Personal service perfected 3/15/2023. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Board of County Commissioners of the County of Jefferson, Colorado | 1:19-op-45035 | Keller Rohrback L.L.P. | Yes | | Hikma | Yes | Yes | 3/20/2023 | Declaration of Service re personal service filed 3/20/23. Hikma Pharmaceuticals USA, Inc. not a named defendant. West-Ward Pharmaceutical Corp is a named defendant. Waiver request originally sent to West-Ward on 1/3/2020. No response received after multiple follow-ups. Personal service perfected 3/15/2023. |
| Board of County Commissioners of the County of Adams, CO | 1:19-op-45036 | Keller Rohrback L.L.P. | Yes | | KVK-Tech | Yes | Yes | 3/8/2023 | Waiver filed 3/8/23. Waiver request originally sent 3/4/2020. After multiple follow-ups, waiver signed and returned 3/8/2023. |
| Board of County Commissioners of the County of Adams, Colorado et al. | 1:19-op-45036 | Keller Rohrback L.L.P. | Yes | | Hikma | Yes | Yes | 3/20/2023 | Declaration of Service re personal service filed 3/20/23. Hikma Pharmaceuticals USA, Inc. not a named defendant. West-Ward Pharmaceutical Corp is a named defendant. Waiver request originally sent to West-Ward on 1/3/2020. No response received after multiple follow-ups. Personal service perfected 3/15/2023. |
| The Board of County Commissioners of the County of Adams, Colorado | 1:19-op-45036 | Keller Rohrback L.L.P. | Yes | | Amneal Pharmaceuticals LLC | Yes | Yes | 3/14/2023 | Declaration of Service re personal service filed 3/14/23. Waiver request originally sent 4/7/2020. After multiple follow-ups, Indivior refused to sign waiver. Personal service perfected 3/10/2023. |
| The Board of County Commissioners of the County of Adams, Colorado | 1:19-op-45036 | Keller Rohrback L.L.P. | Yes | | Amneal Pharmaceuticals, Inc. | Yes | Yes | 3/14/2023 | Declaration of Service re personal service filed 3/14/23. Waiver request originally sent 4/7/2020. After multiple follow-ups, Indivior refused to sign waiver. Personal service perfected 3/10/2023. |
| Bartow County (GA) | 1:19-op-45045 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 3/2/2023 | |
| Polk County (GA) | 1:19-op-45046 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 8/29/2019 | |
| Kentucky River District Health Department | 1:19-op-45050 | The Finnell Firm | No | N/A | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 6/3/2019 | |
| Rio Arriba County, New Mexico | 1:19-op-45054 | Napoli Shkolnik | No | 12/22/2022 | Hikma | Yes | Yes | 2/14/2023 | |
| Town of Scituate, MA | 1:19-op-45063 | Levin Papantonio Rafferty | Yes | | Ahold Delhaize | Yes | Yes | 5/8/2020 | |
| Town of Scituate, MA | 1:19-op-45063 | Levin Papantonio Rafferty | Yes | | American Sales Company, LLC | Yes | Yes | 5/8/2020 | |
| County of Brevard, Florida | 1:19-op-45064 | LCHB | Yes | | Hikma | Yes | In Process | | Waiver sent 3/14/2023. No response. Praecipe to obtain summons filed on 3/21/2023. |
| County of Brevard, Florida | 1:19-op-45064 | LCHB | Yes | | Mylan | Yes | In Process | | Waiver sent 3/14/2023. Defendants replied that they will not waive service. Praecipe to obtain summons filed on 3/20/2023. |
| City of Preston, ID | 1:19-op-45067 | Keller Postman LLC | No | 2/21/2023 | Masters Pharmaceutical | Yes | No | | Plaintiff intends to request Defendant waive service pursuant to CMO 6c |
| County of Douglas, Nebraska | 1:19-op-45068 | Simmons Hanly Conroy, LLC | No | 11/16/2022 | Hikma | No | | | |
| Douglas County, NE | 1:19-OP-45068 (D. Neb) | Simmons Hanly Conroy, LLC | No | 11/16/2022 | Hy-Vee | Yes | Yes | 6/2/2019 | |
| Porter County, Indiana | 1:19-op-45074 | Cohen & Malad, LLP | No | 1/3/2023 | Amneal | No | | | A PFS was originally served on 05/15/2019 |
| Porter County, Indiana | 1:19-op-45074 | Cohen & Malad, LLP | No | 1/3/2023 | Hikma | No | | | A PFS was originally served on 05/15/2019 |
| Porter County, IN | 1:19-op-45075 | Cohen & Malad, LLP | No | 1/3/2023 | Indivior | No | | | A PFS was originally served on 05/15/2019 |
| Morgan County, Tennessee | 1:19-op-45075 | LCHB | No | 3/14/2023 | Mylan | No | | | |
| Casper, Wyoming | 1:19-op-45079 | Skikos Crawford Skikos & Joseph Ochs Law Firm | Yes | N/A | Mylan | Yes | No | N/A | A request for waiver of service pursuant to FRCP Rule 4(d) and CMO-1 was circulated to Mylan on 2/17/23. The request was denied by Mylan. |
| County of Greenbrier, WV | 1:19-op-45080 | Levin Papantonio Rafferty | Yes | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 7/24/2019 | |
| City of Nanticoke, Pennsylvania | 1:19-op-45081 | Levin Papantonio Rafferty | Yes | | Value Drug | Yes | Yes | 4/16/2020 | |
| City of Great Falls, Counties of Anaconda-Deer Lodge, and Lake, and City of Missoula, MT | 1:19-op-45083 | Simon Greenstone Panatier, P.C. | Yes | 10/21/2022 | Indivior | No | | | |
| City of Great Falls, et al., Montana | 1:19-op-45083 | Simon Greenstone Panatier, P.C. | No | 10/21/2022 | Hikma | No | | | |
| City of Great Falls, Montana, et al. | 1:19-op-45083 | Simon Greenstone Panatier, P.C. | No | 10/21/2022 | Amneal | No | | | |
| City of Coconut Creek, Florida | 1:19-op-45089 | LCHB | Yes | | Hikma | Yes | In Process | | Waiver sent 3/14/2023. No response. Praecipe to obtain summons filed on 3/21/2023. |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Noble County, Ohio | 1:19-op-45096 | Marc J. Bern & Partners, LLP | No | | 3/21/2023 | Mylan | No | | | |
| Lincoln County, Nebraska | 1:19-op-45099 | Skikos Crawford Skikos & Joseph Ochs Law Firm | Yes | N/A | | Mylan | Yes | No | N/A | A request for waiver of service pursuant to FRCP Rule 4(d) and CMO-1 was circulated to Mylan on 2/17/23. The request was denied by Mylan. |
| Passamaquoddy Tribe-Pleasant Point | 1:19-op-45100 | Weitz & Luxenberg | No | Not required; Dkt. 638, Dkt. 643 | | Zydus | Yes | No | | |
| Passamaquoddy Tribe-Pleasant Point | 1:19-op-45100 | Weitz & Luxenberg | No | Not required; Dkt. 638, Dkt. 651 | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | No | | API/AAP's own status report indicates that waiver was unreasonably withheld. It indicates that the waiver was received by API/AAP, but that it was more than 90 days after API/AAP was named. Given the complete lack of prejudice since API/AAP was stayed, it is unreasonable to refuse to waive service. |
| Passamaquoddy Tribe-Pleasant Point | 1:19-op-45100 | Weitz & Luxenberg | No | Not required; Dkt. 638, Dkt. 648 | | Apotex | No | | | |
| Passamaquoddy Tribe-Pleasant Point, ME v. Purdue Pharma L.P., et al. | 1:19-op-45100 | Weitz & Luxenberg | No | Not required; Dkt. 638, Dkt. 646 | | SuperValu | No | | | |
| Grant County, New Mexico | 1:19-op-45108 | Napoli Shkolnik | No | | 12/13/2022 | Mylan | Yes | Yes | 2/13/2023 | |
| Grant County, NM | 1:19-op-45108 | Napoli Shkolnik | No | | 12/13/2022 | KVK-Tech | No | | | |
| Missoula County, Montana | 1:19-op-45112 | Keller Rohrback L.L.P. | Yes | | | Hikma | Yes | Yes | 3/20/2023 | Declaration of Service re personal service filed 3/20/23. Hikma Pharmaceuticals USA, Inc. not a named defendant. West-Ward Pharmaceutical Corp is a named defendant.  Waiver request originally sent to West-Ward on 1/3/2020. No response received after multiple follow-ups. Personal service perfected 3/15/2023. |
| Missoula County, MT | 1:19-op-45112 | Keller Rohrback L.L.P. | Yes | | | Dakota Drug | Yes | Yes | 3/3/2023 | Waiver filed 3/3/23. Dakota Drug added on short form. No waiver filed on the docket by Dakota Drug per CTO 1. Waiver request sent 2/15/2023. Waiver returned 3/3/23. |
| Harrison County (MS) | 1:19-op-45113 | Frazer PLC | No | 1/10/2023 | | JM Smith | Yes | In Process | | Request for waiver of service sent; no response. |
| Harrison County, Mississippi | 1:19-op-45113 | Frazer PLC | No | 1/10/2023 | | Hikma | No | | | |
| Harrison County, Mississippi | 1:19-op-45113 | Frazer PLC | No | 1/10/2023 | | Mylan | No | | | |
| Harrison County, Mississippi | 1:19-op-45113 | Frazer PLC | No | 1/10/2023 | | Amneal | No | | | |
| Harrison County, MS | 1:19-op-45113 | Frazer PLC | No | 1/10/2023 | | Indivior | No | | | |
| Cheyenne River Sioux Tribe | 1:19-op-45114 | | | | | Dakota Drug | Yes | | | The PEC notes the plaintiff is a tribe and was improperly identified by Defendant on its service and fact sheet list. The Court's 1/3/23 Order (#4801) was directed to "plaintiff-subdivisions" only. In addition, the 6/19/18 Fact Sheet Implementation Order (#638) was applicable to Government Entities only and did not apply to plaintiff-tribes (see 6/20/18 Order, #642). |
| County of Mohave, Arizona | 1:19-op-45117 | Keller Rohrback L.L.P. | Yes | | | Hikma | Yes | Yes | 3/20/2023 | Declaration of Service re personal service filed 3/20/23. Hikma Pharmaceuticals USA, Inc. not a named defendant. West-Ward Pharmaceutical Corp is a named defendant.  Waiver request originally sent to West-Ward on 1/3/2020. No response received after multiple follow-ups. Personal service perfected 3/15/2023. |
| Mohave County, Arizona | 1:19-op-45117 | Keller Rohrback L.L.P. | Yes | | | Amneal Pharmaceuticals LLC | Yes | Yes | 3/14/2023 | Declaration of Service re personal service filed 3/14/23. Waiver request originally sent 4/7/2020. After multiple follow-ups, Indivior refused to sign waiver. Personal service perfected 3/10/2023. |
| Mohave County, Arizona | 1:19-op-45117 | Keller Rohrback L.L.P. | Yes | | | Amneal Pharmaceuticals, Inc. | Yes | Yes | 3/14/2023 | Declaration of Service re personal service filed 3/14/23. Waiver request originally sent 4/7/2020. After multiple follow-ups, Indivior refused to sign waiver. Personal service perfected 3/10/2023. |
| Mohave County, AZ | 1:19-op-45117 | Keller Rohrback L.L.P. | Yes | | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 2/27/2023 | Waiver filed 2/27/23.  Waiver signed and received 4/3/2020. |
| Atkinson County (GA) | 1:19-op-45118 | Conley Griggs Partin LLP | Yes | | | JM Smith | Yes | In Process | | emailed Waiver of Service of Summons on February 14, 2023 to counsel for JM Smith; pending receipt of signed Waiver |
| Atkinson County, GA | 1:19-op-45118 | Conley Griggs Partin LLP | Yes | | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | In Process | | emailed Waiver of Service of Summons on February 15, 2023 to counsel for Associated Pharmacies; pending receipt of signed Waiver |
| Atkinson County, Georgia | 1:19-op-45118 | Conley Griggs Partin LLP | Yes | | | Mylan | Yes | In Process | | emailed Waiver of Service of Summons on February 14, 2023 to counsel for Mylan Inc.; pending receipt of signed Waiver |
| Atkinson County, Georgia | 1:19-op-45118 | Conley Griggs Partin LLP | Yes | | | Amneal Pharmaceuticals LLC | Yes | In Process | | emailed Waiver of Service of Summons on February 15, 2023 to counsel for Amneal Pharmaceuticals LLC; pending receipt of signed Waiver |
| Town of Dennis (MA) | 1:19-op-45124 | Levin Papantonio Rafferty | Yes | | | KVK-Tech | Yes | Yes | 11/14/2019 | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Town of Provincetown (MA) | 1:19-op-45125 | Levin Papantonio Rafferty | Yes | | KVK-Tech | Yes | Yes | 12/5/2019 | |
| County of San Mateo, California | 1:19-op-45126 | Cotchett, Pitre & McCarthy, LLP | No | 2/3/2023 | Hikma | No | | | The County of San Mateo previously produced a timely PFS, which we understand was destroyed. Despite trying to monitor the voluminous docket in the MDL we missed the Order to re-submit the PFS. Once we realized the mistake we immediately corrected it. The Spangenberg database reflects upload of the PFS "February 3" with no year, we assume 2023. In other complex cases Liasion Counsel keeps non-leadership firms apprised of deadlines, that does not appear to have happened in October 2022, which would have been helpful. It was only on 2/17/23 that clear instructions were provided. Spangenberg has not provided a copy of the brief they plan to file as of 2/20/2023, despite request. |
| County of San Mateo, California | 1:19-op-45126 | Cotchett, Pitre & McCarthy, LLP | No | 2/3/2023 | Mylan | No | | | The County of San Mateo previously produced a timely PFS, which we understand was destroyed. Despite trying to monitor the voluminous docket in the MDL we missed the Order to re-submit the PFS. Once we realized the mistake we immediately corrected it. The Spangenberg database reflects upload of the PFS "February 3" with no year, we assume 2023. In other complex cases Liasion Counsel keeps non-leadership firms apprised of deadlines, that does not appear to have happened in October 2022, which would have been helpful. It was only on 2/17/23 that clear instructions were provided. Spangenberg has not provided a copy of the brief they plan to file as of 2/20/2023, despite request. |
| County of Santa Barbara, California et al. | 1:19-op-45128 | Keller Rohrback L.L.P. | Yes | | Hikma | Yes | Yes | 3/20/2023 | Declaration of Service re personal service filed 3/20/23. Hikma Pharmaceuticals USA, Inc. not a named defendant. West-Ward Pharmaceutical Corp is a named defendant.  Waiver request originally sent to West-Ward on 1/3/2020. No response received after multiple follow-ups. Personal service perfected 3/15/2023. |
| City of Damascus (GA) | 1:19-op-45129 | Friedman, Dazzio & Zulanas, P.C. | No | | JM Smith | Yes | In Process | | |
| City of Arlington (GA) | 1:19-op-45129 | Friedman, Dazzio & Zulanas, P.C. | No | 3/3/2023 | JM Smith | Yes | In Process | | **PFS Explanation:** The PFS for our clients' in Alabama were sent via DropBox.  After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023.  We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss.  Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023. We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents).  We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint.  As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |
| Cities of Blakely, Arlington, and Damascus, Georgia | 1:19-op-45129 | Friedman, Dazzio & Zulanas, P.C. | Yes | | Mylan | Yes | In Process | | |
| City of Blakely (GA) | 1:19-op-45129 | Friedman, Dazzio & Zulanas, P.C. | Yes | | JM Smith | Yes | In Process | | |
| City of Blakely, Georgia, et al. | 1:19-op-45129 | Friedman, Dazzio & Zulanas, P.C. | Yes | | Hikma | Yes | In Process | | |
| The City of Blakely, Georgia, et al., | 1:19-op-45129 | Friedman, Dazzio & Zulanas, P.C. | Yes | | Amneal Pharmaceuticals LLC | Yes | In Process | | |
| The City of Blakely, GA | 1:19-op-45129-DAP | Friedman, Dazzio & Zulanas, P.C. | Yes | | Sandoz Inc. | Yes | In Process | | |
| Heard County, Georgia | 1:19-op-45130 | Friedman, Dazzio & Zulanas, P.C. | Yes | | Hikma | No | | | |
| Blount County (TN) | 1:19-op-45132 | Friedman, Dazzio & Zulanas, P.C. | Yes | | JM Smith | Yes | In Process | | |
| Blount County, Tennessee, et al. | 1:19-op-45132 | Friedman, Dazzio & Zulanas, P.C. | Yes | | Amneal Pharmaceuticals LLC | Yes | In Process | | |
| Blount County, Tennessee; Jefferson County, Tennessee | 1:19-op-45132 | Friedman, Dazzio & Zulanas, P.C. | Yes | | Mylan | Yes | In Process | | |
| Jefferson County (TN) | 1:19-op-45132 | Friedman, Dazzio & Zulanas, P.C. | Yes | | JM Smith | Yes | In Process | | |
| Blount County and Jefferson County, TN | 1:19-op-45132 | Friedman, Dazzio & Zulanas, P.C. | Yes | | Indivior | Yes | In Process | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| City of Rainsville, Alabama et al | 1:19-op-45135 | Friedman, Dazzio & Zulanas, P.C. | No | 3/3/2023 | Hikma | Yes | In Process | **PFS Explaination:** The PFS for our clients' in Alabama were sent via DropBox.  After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023.  We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss.  Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023.  We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents).  We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint.  As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |
| City of Rainsville, Alabama; Town of Hammondville, Alabama | 1:19-op-45135 | Friedman, Dazzio & Zulanas, P.C. | No | 3/3/2023 | Mylan | Yes | In Process | **PFS Explaination:** The PFS for our clients' in Alabama were sent via DropBox.  After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023.  We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss.  Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023.  We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents).  We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint.  As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |
| City of Rainsville, AL and Town of Hammondville, AL | 1:19-op-45135 | Friedman, Dazzio & Zulanas, P.C. | No | 3/3/2023 | Indivior | Yes | In Process | **PFS Explaination:** The PFS for our clients' in Alabama were sent via DropBox.  After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023.  We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss.  Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023.  We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents).  We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint.  As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |
| City of Red Bay, Alabama et al | 1:19-op-45136 | Friedman, Dazzio & Zulanas, P.C. | No | 3/3/2023 | Hikma | Yes | In Process | **PFS Explaination:** The PFS for our clients' in Alabama were sent via DropBox.  After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023.  We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss.  Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023.  We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents).  We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint.  As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |
| City of Red Bay, Alabama; City of Russellville, Alabama, Sheffield, Alabama; and Leighton, Alabama | 1:19-op-45136 | Friedman, Dazzio & Zulanas, P.C. | No | 3/3/2023 | Mylan | Yes | In Process | **PFS Explaination:** The PFS for our clients' in Alabama were sent via DropBox.  After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023.  We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss.  Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023.  We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents).  We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint.  As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| City of Russellville (AL) | 1:19-op-45136 | Friedman, Dazzio & Zulanas, P.C. | No | 3/3/2023 | JM Smith | Yes | In Process | **PFS Explaination:** The PFS for our clients' in Alabama were sent via DropBox.  After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023.  We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss.  Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023.  We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents).  We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint.  As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |
| City of Sheffield (AL) | 1:19-op-45136 | Friedman, Dazzio & Zulanas, P.C. | No | 3/3/2023 | JM Smith | Yes | In Process | **PFS Explaination:** The PFS for our clients' in Alabama were sent via DropBox.  After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023.  We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss.  Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023.  We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents).  We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint.  As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |
| The City of Red Bay (AL) | 1:19-op-45136 | Friedman, Dazzio & Zulanas, P.C. | No | 3/3/2023 | JM Smith | Yes | In Process | **PFS Explaination:** The PFS for our clients' in Alabama were sent via DropBox.  After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023.  We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss.  Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023.  We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents).  We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint.  As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |
| Town of Leighton (AL) | 1:19-op-45136 | Friedman, Dazzio & Zulanas, P.C. | No | 3/3/2023 | JM Smith | Yes | In Process | **PFS Explaination:** The PFS for our clients' in Alabama were sent via DropBox.  After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023.  We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss.  Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023.  We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents).  We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint.  As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |
| Cities of Red Bay, Russellville, and Sheffield, AL, and Town of Leighton, AL | 1:19-op-45136 | Friedman, Dazzio & Zulanas, P.C. | No | 3/3/2023 | Indivior | Yes | In Process | **PFS Explaination:** The PFS for our clients' in Alabama were sent via DropBox.  After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023.  We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss.  Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023.  We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents).  We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint.  As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Iberville Parish Council, LA | 1:19-op-45140 | Pendley, Baudin & Coffin | No | | 2/22/2023 | Michael Babich | Yes | No | | Defendant has been dismissed |
| City of Vestavia Hills, Alabama | 1:19-op-45141 | Friedman, Dazzio & Zulanas, P.C. | No | | 3/3/2023 | Hikma | Yes | In Process | | **PFS Explanation:** The PFS for our clients' in Alabama were sent via DropBox.  After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023.  We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss.  Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023.  We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents).  We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint.  As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |
| City of Vestavia Hills, Alabama | 1:19-op-45141 | Friedman, Dazzio & Zulanas, P.C. | No | | 3/3/2023 | Mylan | Yes | In Process | | **PFS Explanation:** The PFS for our clients' in Alabama were sent via DropBox.  After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023.  We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss.  Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023.  We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents).  We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint.  As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |
| City of Vestavia Hills, AL | 1:19-op-45141 | Friedman, Dazzio & Zulanas, P.C. | No | | 3/3/2023 | Indivior | Yes | In Process | | **PFS Explanation:** The PFS for our clients' in Alabama were sent via DropBox.  After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023.  We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss.  Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023.  We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents).  We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint.  As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |
| Doyle T. Wooten, in his official Capacity as the Sheriff of Coffee County (GA) | 1:19-op-45145 | LCHB | No | | 2/20/2023 | JM Smith | Yes | Yes | 9/16/2019 | Waiver of service filed on docket 2/17/2023. |
| Doyle T. Wooten, Sheriff of Coffee County, Georgia | 1:19-op-45145 | LCHB | No | | 2/20/2023 | Mylan | No | | | |
| Lewis S. Walker in his official Capacity as the Sheriff of Crawford County, Georgia | 1:19-op-45146 | LCHB | No | | 2/20/2023 | Amneal | No | | | |
| Lewis S. Walker, Sheriff of Crawford County, GA | 1:19-op-45146 | LCHB | No | | 2/20/2023 | Sun Pharmaceuticals | Yes | Yes | 9/9/2019 | Waiver of service filed on docket 2/23/2023. |
| Walker (Sheriff of Crawford County), GA | 1:19-op-45146 | LCHB | No | | 2/20/2023 | Sandoz Inc. | Yes | In Process | | Waiver sent 2/23/2023 but not returned. No response to request to waive service (sent 3/17/2023). Praecipe to obtain summons filed on 3/21/2023. |
| Lewis S. Walker, in his official Capacity as the Sheriff of Crawford County (GA) | 1:19-op-45146 | LCHB | No | | 2/20/2023 | JM Smith | No | | | |
| Jolley (Sheriff of Harris County), GA | 1:19-op-45147 | LCHB | No | | 2/20/2023 | Sandoz Inc. | Yes | In Process | | Waiver sent 2/23/2023 but not returned. No response to request to waive service (sent 3/17/2023). Praecipe to obtain summons filed on 3/21/2023. |
| Mike Jolley in his official Capacity as the Sheriff of Harris County  (GA) | 1:19-op-45147 | LCHB | No | | 2/20/2023 | JM Smith | Yes | Yes | 9/16/2019 | Waiver of service filed on docket 2/17/2023. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Mike Jolley in his official Capacity as the Sheriff of Harris County, Georgia | 1:19-op-45147 | LCHB | No | | 2/20/2023 | Amneal | No | | |
| E. Neal Jump, in his official Capacity as the Sheriff of Glynn County (GA) | 1:19-op-45155 | LCHB | No | | 2/20/2023 | JM Smith | Yes | Yes | 9/16/2019 | Waiver of service filed on docket 2/17/2023. |
| E. Neal Jump in his official Capacity as the Sheriff of Glynn County, Georgia | 1:19-op-45155 | LCHB | No | | 2/20/2023 | Amneal | No | | |
| E. Neal Jump, Sheriff of Glynn County, Georgia | 1:19-op-45155 | LCHB | No | | 2/20/2023 | Mylan | No | | |
| Bohannon (Sheriff of Jeff Davis County), GA | 1:19-op-45161 | LCHB | No | | 2/20/2023 | Sandoz Inc. | Yes | In Process | | Waiver sent 2/23/2023 but not returned. No response to request to waive service (sent 3/17/2023). Praecipe to obtain summons filed on 3/21/2023. |
| Preston Bohannon, in his official Capacity as the Sheriff of Jeff Davis County  (GA) | 1:19-op-45161 | LCHB | No | | 2/20/2023 | JM Smith | Yes | Yes | 9/16/2019 | Waiver of service filed on docket 2/23/2023. |
| Preston Bohannon, Sheriff of Jeff Davis County, Georgia | 1:19-op-45161 | LCHB | No | | 2/20/2023 | Mylan | No | | |
| R.N. "Butch" Reece, in his Official Capacity as the Sheriff Of Jones County  (GA) | 1:19-op-45162 | LCHB | No | | 2/20/2023 | JM Smith | Yes | Yes | 9/16/2019 | Waiver of service filed on docket 2/23/2023. |
| Dean (Sheriff of Laurens County), GA | 1:19-op-45163 | LCHB | No | | 2/20/2023 | Sandoz Inc. | Yes | In Process | | Waiver sent 2/23/2023 but not returned. No response to request to waive service (sent 3/17/2023). Praecipe to obtain summons filed on 3/21/2023. |
| Larry H. Dean, in his official Capacity as the Sheriff of Laurens County  (GA) | 1:19-op-45163 | LCHB | No | | 2/20/2023 | JM Smith | Yes | Yes | 9/16/2019 | Waiver of service filed on docket 2/23/2023. |
| Larry H. Dean, Sheriff of Laurens County, Georgia | 1:19-op-45163 | LCHB | No | | 2/20/2023 | Mylan | No | | |
| Gary Langford, in his official Capacity as the Sheriff of Murray County  (GA) | 1:19-op-45164 | LCHB | No | | 2/20/2023 | JM Smith | No | | |
| Gary Langford, Sheriff of Murray County, Georgia | 1:19-op-45164 | LCHB | No | | 2/20/2023 | Mylan | No | | |
| Scott Berry, Sheriff of Oconee County, Georgia | 1:19-op-45165 | LCHB | No | | 2/20/2023 | Mylan | No | | |
| Ramsey Bennett, in his official Capacity as the Sheriff of Pierce County (GA) | 1:19-op-45166 | LCHB | No | | 2/20/2023 | JM Smith | Yes | Yes | 9/16/2019 | Waiver of service filed on docket 2/23/2023. |
| Ramsey Bennett in his official Capacity as the Sheriff of Pierce County, Georgia | 1:19-op-45166 | LCHB | No | | 2/20/2023 | Amneal | No | | |
| Kile (Sheriff of Screven County), GA | 1:19-op-45167 | LCHB | No | | 2/20/2023 | Sandoz Inc. | Yes | In Process | | Waiver sent 2/23/2023 but not returned. No response to request to waive service (sent 3/17/2023). Praecipe to obtain summons filed on 3/21/2023. |
| Mike Kile in his official Capacity as the Sheriff of Screven County, Georgia | 1:19-op-45167 | LCHB | No | | 2/20/2023 | Amneal | No | | |
| Mike Kile, Sheriff of Screven County, Georgia | 1:19-op-45167 | LCHB | No | | 2/20/2023 | Mylan | No | | |
| Gene Scarbrough, in his official Capacity as the Sheriff of Tift County  (GA) | 1:19-op-45168 | LCHB | No | | 2/20/2023 | JM Smith | Yes | Yes | 9/16/2019 | Waiver of service filed on docket 2/23/2023. |
| Gene Scarbrough in his official Capacity as the Sheriff of Tift County, Georgia | 1:19-op-45168 | LCHB | No | | 2/20/2023 | Amneal | No | | |
| Gene Scarbrough, Sheriff of Tift County, Georgia | 1:19-op-45168 | LCHB | No | | 2/20/2023 | Mylan | No | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Randy F. Royal, in his official Capacity as the Sheriff of Ware County (GA) | 1:19-op-45169 | LCHB | No | 2/20/2023 | JM Smith | Yes | Yes | 9/16/2019 | Waiver of service filed on docket 2/23/2023. |
| Randy F. Royal, Sherifff of Ware County, Georgia | 1:19-op-45169 | LCHB | No | 2/20/2023 | Mylan | No | | | |
| John G. Carter, in his official Capacity as the Sheriff of Wayne County (GA) | 1:19-op-45170 | LCHB | No | 2/20/2023 | JM Smith | Yes | Yes | 9/16/2019 | Waiver of service filed on docket 2/23/2023. |
| John G. Carter, Sheriff of Wayne County, Georgia | 1:19-op-45170 | LCHB | No | 2/20/2023 | Mylan | No | | | |
| Wilkes County (GA) | 1:19-op-45171 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | JM Smith | Yes | Yes | 5/6/2019 | Defendant signed and returned the waiver on 5/6/19. Plaintiff filed the waiver with the Court on 2/6/23. |
| Wilkes County, Georgia | 1:19-op-45171 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Mylan | No | | | |
| Wilkes County, Georgia | 1:19-op-45171 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Amneal | No | | | |
| Wilkes County, Georgia | 1:19-op-45171 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Hikma | No | | | |
| Towns County (GA) | 1:19-op-45172 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | JM Smith | Yes | Yes | 5/6/2019 | Defendant signed and returned the waiver on 5/6/19. Plaintiff filed the waiver with the Court on 2/6/23. |
| Towns County, Georgia | 1:19-op-45172 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Mylan | No | | | |
| Towns County, Georgia | 1:19-op-45172 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Amneal | No | | | |
| Towns County, Georgia | 1:19-op-45172 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Hikma | No | | | |
| McIntosh County (GA) | 1:19-op-45173 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | JM Smith | Yes | Yes | 5/6/2019 | Defendant signed and returned the waiver on 5/6/19. Plaintiff filed the waiver with the Court on 2/3/23. |
| McIntosh County, Georgia | 1:19-op-45173 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Amneal | No | | | |
| McIntosh County, Georgia | 1:19-op-45173 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Hikma | No | | | |
| Cherokee County (GA) | 1:19-op-45174 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | JM Smith | Yes | Yes | 5/6/2019 | Defendant signed and returned the waiver on 5/6/19. Plaintiff filed the waiver with the Court on 5/6/20 |
| Cherokee County, Georgia | 1:19-op-45174 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Amneal | No | | | |
| Cherokee County, Georgia | 1:19-op-45174 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Hikma | No | | | |
| Glascock County (GA) | 1:19-op-45175 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | JM Smith | Yes | Yes | 5/6/2019 | Defendant signed and returned the waiver on 5/6/19. Plaintiff filed the waiver with the Court on 2/3/23. |
| Glascock County, Georgia | 1:19-op-45175 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Amneal | No | | | |
| Glascock County, Georgia | 1:19-op-45175 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Hikma | No | | | |
| Pulaski County (GA) | 1:19-op-45176 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | JM Smith | Yes | Yes | 5/6/2019 | Defendant signed and returned the waiver on 5/6/19. Plaintiff filed the waiver with the Court on 2/3/23. |
| Pulaski County, Georgia | 1:19-op-45176 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Mylan | No | | | |
| Pulaski County, Georgia | 1:19-op-45176 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Amneal | No | | | |
| Pulaski County, Georgia | 1:19-op-45176 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Hikma | No | | | |
| Rabun County (GA) | 1:19-op-45177 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | JM Smith | Yes | Yes | 5/6/2019 | Defendant signed and returned the waiver on 5/6/19. Plaintiff filed the waiver with the Court on 2/3/23. |
| Rabun County, Georgia | 1:19-op-45177 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Amneal | No | | | |
| Rabun County, Georgia | 1:19-op-45177 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Hikma | No | | | |
| Effingham County (GA) | 1:19-op-45178 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | JM Smith | Yes | Yes | 5/6/2019 | Defendant signed and returned the waiver on 5/6/19. Plaintiff filed the waiver with the Court on 2/3/23. |
| Effingham County, Georgia | 1:19-op-45178 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Mylan | No | | | |
| Effingham County, Georgia | 1:19-op-45178 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Amneal | No | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Effingham County, Georgia | 1:19-op-45178 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Hikma | No | | |
| Pike County (GA) | 1:19-op-45179 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | JM Smith | Yes | Yes | 5/6/2019 | Defendant signed and returned the waiver on 5/6/19. Plaintiff filed the waiver with the Court on 2/3/23. |
| Pike County, Georgia | 1:19-op-45179 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Amneal | No | | | |
| Pike County, Georgia | 1:19-op-45179 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Hikma | No | | | |
| Early County (GA) | 1:19-op-45180 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | JM Smith | Yes | Yes | 5/6/2019 | Defendant signed and returned the waiver on 5/6/19. Plaintiff filed the waiver with the Court on 2/3/23. |
| Early County, Georgia | 1:19-op-45180 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Amneal | No | | | |
| Early County, Georgia | 1:19-op-45180 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Hikma | No | | | |
| Seminole County (GA) | 1:19-op-45181 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | JM Smith | Yes | Yes | 5/6/2019 | Defendant signed and returned the waiver on 5/6/19. Plaintiff filed the waiver with the Court on 2/3/23. |
| Seminole County, Georgia | 1:19-op-45181 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Amneal | No | | | |
| Seminole County, Georgia | 1:19-op-45181 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Hikma | No | | | |
| Clay County (GA) | 1:19-op-45194 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/13/2022 | JM Smith | Yes | Yes | 5/6/2019 | Defendant signed and returned the waiver on 5/6/19. Plaintiff filed the waiver with the Court on 5/13/20. |
| Clay County, GA | 1:19-op-45194 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/13/2022 | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 9/20/2019 | Defendant signed and returned the waiver on 9/20/19. Plaintiff filed the waiver with the Court on 5/13/20. |
| Clay County, Georgia | 1:19-op-45194 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/13/2022 | Amneal | No | | | |
| Clay County, Georgia | 1:19-op-45194 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/13/2022 | Hikma | No | | | |
| Stephens County (GA) | 1:19-op-45195 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | JM Smith | Yes | Yes | 5/6/2019 | Defendant signed and returned the waiver on 5/6/19. Plaintiff filed the waiver with the Court on 2/3/23. |
| Stephens County, Georgia | 1:19-op-45195 | Blasingame, Burch, Garrard & Ashley, P.C. | | | 12/14/2022 | Amneal Pharmaceuticals LLC | Yes | Yes | 10/4/2019 | Defendant signed and returned the waiver on 10/4/19. Plaintiff filed the waiver with the Court on 2/6/23. |
| Stephens County, Georgia | 1:19-op-45195 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Amneal Pharmaceuticals, Inc. | Yes | Yes | 10/4/2019 | Defendant signed and returned the waiver on 10/4/19. Plaintiff filed the waiver with the Court on 2/6/23. |
| Stephens County, Georgia | 1:19-op-45195 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Hikma | No | | | |
| Long County (GA) | 1:19-op-45196 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | JM Smith | Yes | Yes | 5/6/2019 | Defendant signed and returned the waiver on 5/6/19. Plaintiff filed the waiver with the Court on 2/3/23. |
| Long County, Georgia | 1:19-op-45196 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Hikma | No | | | |
| Long County, Georgia | 1:19-op-45196 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Amneal | No | | | |
| Clinch County (GA) | 1:19-op-45197 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/13/2022 | JM Smith | Yes | Yes | 5/6/2019 | Defendant signed and returned the waiver on 5/6/19. Plaintiff filed the waiver with the Court on 2/1/23. |
| Clinch County, Georgia | 1:19-op-45197 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/13/2022 | Hikma | No | | | |
| Clinch County, Georgia | 1:19-op-45197 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/13/2022 | Amneal | No | | | |
| Screven County (GA) | 1:19-op-45198 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | JM Smith | Yes | Yes | 5/6/2019 | Defendant signed and returned the waiver on 5/6/19. Plaintiff filed the waiver with the Court on 2/3/23. |
| Screven County, Georgia | 1:19-op-45198 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Amneal | No | | | |
| Screven County, Georgia | 1:19-op-45198 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Hikma | No | | | |
| City of Springfield (GA) | 1:19-op-45199 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | JM Smith | Yes | Yes | 5/6/2019 | Defendant signed and returned the waiver on 5/6/19. Plaintiff filed the waiver with the Court on 2/1/23 |
| City of Springfield, Georgia | 1:19-op-45199 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Amneal Pharmaceuticals LLC | Yes | Yes | 10/4/2019 | Defendant signed and returned the waiver on 10/4/19. Plaintiff filed the waiver with the Court on 2/6/23. |
| City of Springfield, Georgia | 1:19-op-45199 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Amneal Pharmaceuticals, Inc. | Yes | Yes | 10/4/2019 | Defendant signed and returned the waiver on 10/4/19. Plaintiff filed the waiver with the Court on 2/6/23. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| City of Springfield, Georgia | 1:19-op-45199 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Hikma | No | | | |
| Liberty County (GA) | 1:19-op-45200 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | JM Smith | Yes | Yes | 5/6/2019 | Defendant signed and returned the waiver on 5/6/19. Plaintiff filed the waiver with the Court on 2/3/23. |
| Liberty County, Georgia | 1:19-op-45200 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Hikma | No | | | |
| Liberty County, Georgia | 1:19-op-45200 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Amneal | No | | | |
| Jefferson County (GA) | 1:19-op-45201 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | JM Smith | Yes | Yes | 5/6/2019 | Defendant signed and returned the waiver on 5/6/19. Plaintiff filed the waiver with the Court on 2/3/23. |
| Jefferson County, Georgia | 1:19-op-45201 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Hikma | No | | | |
| Jefferson County, Georgia | 1:19-op-45201 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Amneal | No | | | |
| Randolph County (GA) | 1:19-op-45202 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | JM Smith | Yes | Yes | 5/6/2019 | Defendant signed and returned the waiver on 5/6/19. Plaintiff filed the waiver with the Court on 2/3/23. |
| Randolph County, GA | 1:19-op-45202 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 9/20/2019 | Defendant signed and returned the waiver on 9/20/19. Plaintiff filed the waiver with the Court on 2/6/23. |
| Randolph County, Georgia | 1:19-op-45202 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Hikma | No | | | |
| Randolph County, Georgia | 1:19-op-45202 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Amneal | No | | | |
| Greene County (GA) | 1:19-op-45203 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | JM Smith | Yes | Yes | 5/6/2019 | Defendant signed and returned the waiver on 5/6/19. Plaintiff filed the waiver with the Court on 2/3/23. |
| Greene County, Georgia | 1:19-op-45203 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Hikma | No | | | |
| Greene County, Georgia | 1:19-op-45203 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Mylan | No | | | |
| Greene County, Georgia | 1:19-op-45203 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Amneal | No | | | |
| Wayne County (GA) | 1:19-op-45204 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | JM Smith | Yes | Yes | 5/6/2019 | Defendant signed and returned the waiver on 5/6/19. Plaintiff filed the waiver with the Court on 2/6/23. |
| Wayne County, Georgia | 1:19-op-45204 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Hikma | No | | | |
| Wayne County, Georgia | 1:19-op-45204 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Amneal | No | | | |
| Burke County (GA) | 1:19-op-45207 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | JM Smith | Yes | Yes | 5/6/2019 | Defendant signed and returned the waiver on 5/6/19. Plaintiff filed the waiver with the Court on 4/3/20. |
| Burke County, Georgia | 1:19-op-45207 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Hikma | No | | | |
| Burke County, Georgia | 1:19-op-45207 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Amneal | No | | | |
| Spalding County (GA) | 1:19-op-45208 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | JM Smith | Yes | Yes | 5/6/2019 | Defendant signed and returned the waiver on 5/6/19. Plaintiff filed the waiver with the Court on 2/3/23. |
| Spalding County, GA | 1:19-op-45208 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 9/20/2019 | Defendant signed and returned the waiver on 9/20/19. Plaintiff filed the waiver with the Court on 2/6/23. |
| Spalding County, Georgia | 1:19-op-45208 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Hikma | No | | | |
| Spalding County, Georgia | 1:19-op-45208 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Amneal | No | | | |
| Emanuel County (GA) | 1:19-op-45209 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | JM Smith | Yes | Yes | 5/6/2019 | Defendant signed and returned the waiver on 5/6/19. Plaintiff filed the waiver with the Court on 2/3/23. |
| Emanuel County, Georgia | 1:19-op-45209 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Hikma | No | | | |
| Emanuel County, Georgia | 1:19-op-45209 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Mylan | No | | | |
| Emanuel County, Georgia | 1:19-op-45209 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Amneal | No | | | |
| Dawson County (GA) | 1:19-op-45210 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | JM Smith | Yes | Yes | 5/6/2019 | Defendant signed and returned the waiver on 5/6/19. Plaintiff filed the waiver with the Court on 2/1/23. |

| Location | Case # | Law Firm | | | | Defendant | | | | Notes |
|---|---|---|---|---|---|---|---|---|---|---|
| Dawson County, Georgia | 1:19-op-45210 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Hikma | No | | | |
| Dawson County, Georgia | 1:19-op-45210 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Amneal | No | | | |
| Lumpkin County (GA) | 1:19-op-45211 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | JM Smith | Yes | Yes | 5/6/2019 | Defendant signed and returned the waiver on 5/6/19. Plaintiff filed the waiver with the Court on 2/3/23. |
| Lumpkin County, Georgia | 1:19-op-45211 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Hikma | No | | | |
| Lumpkin County, Georgia | 1:19-op-45211 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Amneal | No | | | Waiver. They took a position that API was not a proper defendant based on a previous ruling in a different case, claiming that the MDL court had decided such in a 4/12/19 order. (See Doc 1548). Also, as demonstrated below, our law office has, in good faith, sent additional Waivers to correct any deemed deficiencies. Since an Answer has not been served, Plaintiffs submit there is no prejudice to Defendant API by requesting that the Waivers be signed at the present time.  Per Case Management Order One (Doc No. 232, ¶6c, Service of Summons and Complaint), "Defendants are encouraged to avoid unnecessary expenses associated with serving the summons and, absent good cause, shall grant requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." Since an Answer has not been served, Plaintiff submits there is no prejudice to Defendant API by requesting that the Waivers be signed at the present time. |
| City of Geneva, New York v. Purdue Pharma, L.P., et al. | 1:19-op-45214 | Brindisi, Murad & Brindisi Pearlman | Yes | | | Amneal Pharmaceuticals, Inc. | Yes | In Process | | *API - listed as no service of process. (Doc No. 4847)*<br><br>•On June 5, 2019, an email was sent to Paul Cosgrove, Esq., attaching a Waiver of Service of the Summons for Defendants Amneal Pharmaceuticals, LLC, Amneal Pharmaceuticals, Inc., and Amneal Pharmaceuticals of New York, LLC, along with a copy of the filed Complaint.<br><br>•On June 5, 2019, the email was acknowledged by Sarah Miller Benoit, Esq., saying she would review and get back to our law firm.<br><br>•On June 7, 2019, Waivers were returned for Defendants Amneal Pharmaceuticals, LLC, and Amneal Pharmaceuticals of New York, LLC only.<br><br>•On June 9, 2019, Waivers of Service of the Summons were filed for Defendants Amneal Pharmaceuticals, LLC, and Amneal Pharmaceuticals of New York, LLC. (See Case 1:19-op-45214 Doc No. 59 and 60).<br><br>•On February 10, 2023, an email was re-forwarded to Attorney Cosgrove requesting again a Waiver |
| County of Navajo, Arizona | 1:19-op-45217 | Keller Rohrback L.L.P. | Yes | | | Hikma | Yes | Yes | 3/20/2023 | Declaration of Service re personal service filed 3/20/23. Hikma Pharmaceuticals USA, Inc. not a named defendant. West-Ward Pharmaceutical Corp is a named defendant.  Waiver request originally sent to West-Ward on 1/3/2020. No response received after multiple follow-ups. Personal service perfected 3/15/2023. |
| Navajo County, Arizona | 1:19-op-45217 | Keller Rohrback L.L.P. | Yes | | | Amneal Pharmaceuticals LLC | Yes | Yes | 3/14/2023 | Declaration of Service re personal service filed 3/14/23. Waiver request originally sent 4/7/2020. After multiple follow-ups, Indivior refused to sign waiver. Personal service perfected 3/10/2023. |
| Navajo County, Arizona | 1:19-op-45217 | Keller Rohrback L.L.P. | Yes | | | Amneal Pharmaceuticals, Inc. | Yes | Yes | 3/14/2023 | Declaration of Service re personal service filed 3/14/23. Waiver request originally sent 4/7/2020. After multiple follow-ups, Indivior refused to sign waiver. Personal service perfected 3/10/2023. |
| City of Memphis, Tennessee | 1:19-op-45220 | O'Leary, Shelton, Corrigan, Peterson, Dalton & Quillin, LLC | No | | 11/18/2022 | Hikma | Yes | Yes | 2/20/2023 | Emailed waiver request to Defendant on 2/13/23 but no reply was received from Defendant; accordingly, Alias Summons served on 2/20/23 |
| City of Memphis, Tennessee | 1:19-op-45220 | O'Leary, Shelton, Corrigan, Peterson, Dalton & Quillin, LLC | No | | 11/18/2022 | Mylan | No | | | |
| City of Lakewood, Washington | 1:19-op-45221 | Keller Rohrback L.L.P. | Yes | | | Hikma | Yes | Yes | 3/20/2023 | Declaration of Service re personal service filed 3/20/23. Hikma Pharmaceuticals USA, Inc. not a named defendant. West-Ward Pharmaceutical Corp is a named defendant.  Waiver request originally sent to West-Ward on 1/3/2020. No response received after multiple follow-ups. Personal service perfected 3/15/2023. |
| Meigs County, Ohio | 1:19-op-45229 | Marc J. Bern & Partners, LLP | No | | 3/21/2023 | Mylan | No | | | |
| Washington County, Ohio | 1:19-op-45230 | Marc J. Bern & Partners, LLP | No | | 3/21/2023 | Mylan | No | | | |

| Montgomery County, Virginia | 1:19-op-45234 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals of New York, LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. On March 28, 2019, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| Montgomery County, Virginia | 1:19-op-45234 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals, Inc. | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. On March 28, 2019, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Giles County, Virginia v. Purdue Pharma, L.P., et al. | 1:19-op-45236 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals, Inc. | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| City of Galax, Virginia | 1:19-op-45243 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. On March 28, 2019, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| City of Galax, Virginia | 1:19-op-45243 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals of New York, LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. On March 28, 2019, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| City of Galax, Virginia | 1:19-op-45243 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals, Inc. | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. On March 28, 2019, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| City of Galax, VA | 1:19-op-45243 | Sanford Heisler Sharp, LLP | Yes | | KVK-Tech | No | Yes | 2/24/2023 | On March 28, 2019, subdivision counsel requested a waiver of service from the Defendant. Subdivision counsel then filed the executed waiver with the court on February 24, 2023. Because the subdivision obtained an executed waiver of service from Defendant, Defendant has not been prejudiced by the subdivision's delay in filing the executed waiver and this case should not be dismissed. Further, while Defendant initially disputed service in this case in its January 30, 2023 status report, Defendant subsequently filed an amended status report that no longer disputes that it was properly served in this case. Therefore, there is no dispute about proper service and the case should not be dismissed against this Defendant. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Henry County, Virginia | 1:19-op-45245 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. On March 28, 2019, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ⁋ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| Henry County, Virginia | 1:19-op-45245 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals of New York, LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. On March 28, 2019, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ⁋ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Henry County, Virginia | 1:19-op-45245 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals, Inc. | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. On March 28, 2019, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ⁋ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| Henry County, VA | 1:19-op-45245 | Sanford Heisler Sharp, LLP | Yes | | KVK-Tech | No | Yes | 2/24/2023 | On March 28, 2019, subdivision counsel requested a waiver of service from the Defendant. Subdivision counsel then filed the executed waiver with the court on February 24, 2023. Because the subdivision obtained an executed waiver of service from Defendant, Defendant has not been prejudiced by the subdivision's delay in filing the executed waiver and this case should not be dismissed. Further, while Defendant initially disputed service in this case in its January 30, 2023 status report, Defendant subsequently filed an amended status report that no longer disputes that it was properly served in this case. Therefore, there is no dispute about proper service and the case should not be dismissed against this Defendant. |
| City of Alexandria, VA | 1:19-op-45246 | Sanford Heisler Sharp, LLP | Yes | | KVK-Tech | Yes | In Process | | It would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Subdivision counsel continues to search for relevant records documenting service. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant has an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ⁋ 6c, ECF No. 232). Subdivision counsel has also filed a praecipe for a summons with the court and will effect service as soon as the court returns a signed summons. The subdivision's ongoing efforts to perfect service, combined with Defendant's actual notice of this lawsuit, further constitute good cause under Rule 4(m) to provide more time for the subdivision to perfect service. Even if the Court does not find good cause here, the Court should exercise its discretion under Rule 4(m) [JT1] to provide more time for service because there is no prejudice to Defendants, while dismissal without prejudice would prejudice the subdivision. Courts have ordered extensions of time instead of dismissal in similar circumstances where "a defendant is already before the court in a consolidated action and 'presumably the only result of a dismissal would be that the [ ] Plaintiffs would refile their complaint, resulting in a waste of judicial resources.'" In re Suboxone (Buprenorphine |

| City of Alexandria, Virginia | 1:19-op-45246 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals of New York, LLC | Yes | In Process | | it would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Subdivision counsel continues to search for relevant records documenting service. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant has an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Subdivision counsel has also filed a praecipe for a summons with the court and will effect service as soon as the court returns a signed summons. The subdivision's ongoing efforts to perfect service, combined with Defendant's actual notice of this lawsuit, further constitute good cause under Rule 4(m) to provide more time for the subdivision to perfect service. Even if the Court does not find good cause here, the Court should exercise its discretion under Rule 4(m) [JT1] to provide more time for service because there is no prejudice to Defendants, while dismissal without prejudice would prejudice the subdivision. Courts have ordered extensions of time instead of dismissal in similar circumstances where "a defendant is already before the court in a consolidated action and 'presumably the only result of a dismissal would be that the [ ] Plaintiffs would refile their complaint, resulting in a waste of judicial resources.'" In re Suboxone (Buprenorphine |
| City of Alexandria, Virginia | 1:19-op-45246 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals, Inc. | Yes | In Process | | it would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Subdivision counsel continues to search for relevant records documenting service. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant has an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Subdivision counsel has also filed a praecipe for a summons with the court and will effect service as soon as the court returns a signed summons. The subdivision's ongoing efforts to perfect service, combined with Defendant's actual notice of this lawsuit, further constitute good cause under Rule 4(m) to provide more time for the subdivision to perfect service. Even if the Court does not find good cause here, the Court should exercise its discretion under Rule 4(m) [JT1] to provide more time for service because there is no prejudice to Defendants, while dismissal without prejudice would prejudice the subdivision. Courts have ordered extensions of time instead of dismissal in similar circumstances where "a defendant is already before the court in a consolidated action and 'presumably the only result of a dismissal would be that the [ ] Plaintiffs would refile their complaint, resulting in a waste of judicial resources.'" In re Suboxone (Buprenorphine |

| Pittsylvania County, Virginia | 1:19-op-45247 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. On March 28, 2019, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| Pittsylvania County, Virginia | 1:19-op-45247 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals of New York, LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. On March 28, 2019, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Pittsylvania County, Virginia | 1:19-op-45247 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals, Inc. | | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. On March 28, 2019, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| City of Cullman (AL) | 1:19-op-45248 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 10/25/2019 | |
| City of Cullman, AL | 1:19-op-45248 | Levin Papantonio Rafferty | Yes | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 10/25/2019 | |
| City of Norton, Virginia | 1:19-op-45249 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. On March 28, 2019, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| City of Norton, Virginia | 1:19-op-45249 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals of New York, LLC | Yes | In Process | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. On March 28, 2019, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| City of Norton, Virginia | 1:19-op-45249 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals, Inc. | Yes | In Process | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. On March 28, 2019, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| City of Norton, VA | 1:19-op-45249 | Sanford Heisler Sharp, LLP | Yes | | KVK-Tech | No | | Defendant initially disputed service in this case in its January 30, 2023 status report, but Defendant subsequently filed an amended status report that no longer disputes that it was properly served in this case. Therefore, there is no dispute about proper service and the case should not be dismissed against this Defendant. |
| City of Charles Town, West Virginia | 1:19-op-45250 | Skinner law Firm | | | Hikma | No | | This Defendant is not named in the Complaint |
| City of Charles Town, WV | 1:19-op-45250 | Skinner law Firm | | | American Sales Company, Inc. | Yes | | Dismissed 02/28/2023 |
| City of Charles Town, WV | 1:19-op-45250 | Skinner Law Firm | | | Indivior | No | | Dismissed 02/28/2023 |
| City of Charles Town, WV | 1:19-op-45250 | Skinner Law Firm | | | Masters Pharmaceutical | Yes | | Dismissed 03/22/2023 |
| City of Charles Town, WV | 1:19-OP-45250 | Skinner Law Firm | | | TopRx | No | | Dismissed 02/28/2023 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Lee County, Virginia | 1:19-op-45251 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals of New York, LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. On March 28, 2019, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| Lee County, Virginia | 1:19-op-45251 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals, Inc. | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. On March 28, 2019, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Dickenson County, VA | 1:19-op-45252 | Sanford Heisler Sharp, LLP | Yes | | KVK-Tech | Yes | In Process | | it would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Subdivision counsel continues to search for relevant records documenting service. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant has an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Subdivision counsel has also filed a praecipe for a summons with the court and will effect service as soon as the court returns a signed summons. The subdivision's ongoing efforts to perfect service, combined with Defendant's actual notice of this lawsuit, further constitute good cause under Rule 4(m) to provide more time for the subdivision to perfect service. Even if the Court does not find good cause here, the Court should exercise its discretion under Rule 4(m) [JT1] to provide more time for service because there is no prejudice to Defendants, while dismissal without prejudice would prejudice the subdivision. Courts have ordered extensions of time instead of dismissal in similar circumstances where "a defendant is already before the court in a consolidated action and 'presumably the only result of a dismissal would be that the [ ] Plaintiffs would refile their complaint, resulting in a waste of judicial resources.'" In re Suboxone (Buprenorphine |
| Washington County, Virginia | 1:19-op-45254 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. On March 28, 2019, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Washington County, Virginia | 1:19-op-45254 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals of New York, LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. On March 28, 2019, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ₽ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| Washington County, Virginia | 1:19-op-45254 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals, Inc. | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. On March 28, 2019, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ₽ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| Crowley County, Colorado | 1:19-op-45255 | Skikos Crawford Skikos & Joseph Ochs Law Firm | Yes | N/A | Mylan | Yes | No | N/A | A request for waiver of service pursuant to FRCP Rule 4(d) and CMO-1 was circulated to Mylan on 2/17/23. The request was denied by Mylan. |
| City of Seminole, Oklahoma | 1:19-op-45260 | Napoli Shkolnik | No | 1/3/2023 | Mylan | No | | | Ds have this one titled incorrectly, sb County for case 45260 |
| Board of County Commissioners of Seminole County, OK | 1:19-op-45260 | Napoli Shkolnik | No | 1/3/2023 | Indivior | Yes | Yes | 2/14/2023 | |
| Seminole County Board of County Commissioners, Oklahoma | 1:19-op-45260 | Napoli Shkolnik | No | 1/3/2023 | Hikma | No | | | |

| Location | Case No. | Firm | | Date | Defendant | | | Date | Notes |
|---|---|---|---|---|---|---|---|---|---|
| County of Ionia, MI | 1:19-op-45261 | Weitz & Luxenberg | No | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 4/15/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| County of Ionia, Michigan | 1:19-op-45261 | Weitz & Luxenberg | No | 12/1/2022 | Mylan | No | | | |
| County of Livingston, MI | 1:19-op-45262 | Weitz & Luxenberg | No | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 4/15/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| City of Rock Springs, Wyoming | 1:19-op-45265 | Skikos Crawford Skikos & Joseph Ochs Law Firm | Yes | N/A | Amneal Pharmaceuticals LLC | Yes | No | N/A | A request for waiver of service pursuant to Rule 4(d) and CMO-1 was circulated to Amneal on 2/17/23. |
| Rock Springs, Wyoming | 1:19-op-45265 | Skikos Crawford Skikos & Joseph Ochs Law Firm | Yes | N/A | Hikma | Yes | No | N/A | A request for waiver of service pursuant to FRCP Rule 4(d) and CMO-1 was circulated to Hikma on 2/17/23. The request was denied by Hikma. |
| Rock Springs, Wyoming | 1:19-op-45265 | Skikos Crawford Skikos & Joseph Ochs Law Firm | Yes | N/A | Mylan | Yes | No | N/A | A request for waiver of service pursuant to Rule 4(d) and CMO-1 was circulated to Mylan on 2/20/23. The request was denied by Mylan. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Page County, Virginia | 1:19-op-45275 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. On March 28, 2019, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| Page County, Virginia | 1:19-op-45275 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals of New York, LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. On March 28, 2019, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |

| County | Case No. | Law Firm | | | Defendant | | | | Notes |
|---|---|---|---|---|---|---|---|---|---|
| Page County, Virginia | 1:19-op-45275 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals, Inc. | In Process | | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. On March 28, 2019, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| Cheyenne, Wyoming | 1:19-op-45280 | Skikos Crawford Skikos & Joseph Ochs Law Firm | Yes | N/A | Amneal Pharmaceuticals LLC | Yes | No | N/A | A request for waiver of service pursuant to FRCP Rule 4(d) and CMO-1 was circulated to Amneal on 2/17/23. |
| Cheyenne, Wyoming | 1:19-op-45280 | Skikos Crawford Skikos & Joseph Ochs Law Firm | Yes | N/A | Hikma | Yes | No | N/A | A request for waiver of service pursuant to FRCP Rule 4(d) and CMO-1 was circulated to Hikma on 2/17/23. The request was denied by Hikma. |
| City of Cheyenne, Wyoming | 1:19-op-45280 | Skikos Crawford Skikos & Joseph Ochs Law Firm | Yes | N/A | Mylan | Yes | No | N/A | A request for waiver of service pursuant to FRCP Rule 4(d) and CMO-1 was circulated to Mylan on 2/17/23. The request was denied by Mylan. |
| Jackson County, FL | 1:19-op-45283 | Levin Papantonio Rafferty | Yes | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 10/24/2019 | |
| Jackson County, FL | 1:19-op-45283 | Levin Papantonio Rafferty | Yes | | Winn-Dixie | No | | N/A | Defendant error alleging untimely PFS upload. |
| The City of Gulfport (GA) | 1:19-op-45291 | | | | JM Smith | Yes | | | The PEC notes the plaintiff is a tribe and was improperly identified by Defendant on its service and fact sheet list. The Court's 1/3/23 Order (#4801) was directed to "plaintiff-subdivisions" only. In addition, the 6/19/18 Fact Sheet Implementation Order (#638) was applicable to Government Entities only and did not apply to plaintiff-tribes (see 6/20/18 Order, #642). |
| The City of Gulfport, Mississippi | 1:19-op-45291 | Reeves & Mestayer, PLLC | Yes | 7/23/2019 & 12/11/2022 | Amneal | No | | | |
| Montgomery County (GA) | 1:19-op-45292 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/11/2022 | JM Smith | Yes | Yes | 5/6/2019 | Defendant signed and returned the waiver on 5/6/19. Plaintiff filed the waiver with the Court on 2/3/23. |
| Montgomery County, GA | 1:19-op-45292 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/11/2022 | KVK-Tech | No | | | |
| Montgomery County, Georgia | 1:19-op-45292 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/11/2022 | Mylan | No | | | |
| Montgomery County, Georgia | 1:19-op-45292 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/11/2022 | Amneal | No | | | |
| Montgomery County, Georgia | 1:19-op-45292 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/11/2022 | Hikma | No | | | |
| Fayette County (GA) | 1:19-op-45293 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | JM Smith | Yes | Yes | 5/6/2019 | Defendant signed and returned the waiver on 5/6/19. Plaintiff filed the waiver with the Court on 2/3/23. |
| Fayette County, Georgia | 1:19-op-45293 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Mylan | No | | | |
| Fayette County, Georgia | 1:19-op-45293 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Amneal | No | | | |
| Fayette County, Georgia | 1:19-op-45293 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Hikma | No | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| City of Prestonsburg (KY) | 1:19-op-45294 | Bryant Law Center | Yes | | Quest Pharmaceuticals | Yes | | In Process | |
| City of Prestonsburg, KY | 1:19-op-45294 | Bryant Law Center | Yes | | KVK-Tech | Yes | | In Process | |
| The City of Prestonsburg, Kentucky | 1:19-op-45294 | Bryant Law Center | Yes | | Amneal Pharmaceuticals LLC | Yes | | In Process | |
| The City of Prestonsburg (KY) | 1:19-op-45294 | Bryant Law Center | Yes | | JM Smith | Yes | | In Process | |
| City of Prestonsburg, Kentucky | 1:19-op-45294 | Bryant Law Center | Yes | | Mylan | Yes | | In Process | |
| R. Chris Nevils, DA of Winn Parish, Louisiana | 1:19-op-45296 | Neblett, Beard & Arsenault | Yes | | Mylan | Yes | Yes | 7/3/2019 | Request for Waiver of Service was communicated to counsel for Mylan (Rebecca Mandel) on June 5, 2019, along with a copy the pleadings and a waiver form.  Counsel for Plaintiff received the executed waiver form from Rebecca Mandel on July 3, 2019 via email.  The executed waiver form was filed into the case docket on July 15, 2019 (1:19-op-45296; R. Doc. 16, at 4).<br><br>PFS was re-served pursuant to Court's 10/6/22 Order via email to the PEC/PSC on 10/10/2022. Based on review of the PFS Repository (export data), the PFS was available/uploaded to the PFS repository on or around 10/10/2022 at 11:28am. |
| City of Brighton, Colorado | 1:19-op-45298 | Keller Rohrback L.L.P. | Yes | | Hikma | Yes | | 3/20/2023 | Declaration of Service re personal service filed 3/20/23. Hikma Pharmaceuticals USA, Inc. not a named defendant. West-Ward Pharmaceutical Corp is a named defendant.  Waiver request originally sent to West-Ward on 1/3/2020. No response received after multiple follow-ups. Personal service perfected 3/15/2023. |
| City of Lackawanna, New York v. Purdue Pharma, L.P., et al. | 1:19-op-45303 | Brindisi, Murad & Brindisi Pearlman | Yes | | Amneal Pharmaceuticals, Inc. | Yes | | In Process | Waiver. They took a position that API was not a proper defendant based on a previous ruling in a different case, claiming that the MDL court had decided such in a 4/12/19 order. (See Doc 1548). Also, as demonstrated below, our law office has, in good faith, sent additional Waivers to correct any deemed deficiencies. Since an Answer has not been served, Plaintiffs submit there is no prejudice to Defendant API by requesting that the Waivers be signed at the present time.  Per Case Management Order One (Doc No. 232, P6c, Service of Summons and Complaint), "Defendants are encouraged to avoid unnecessary expenses associated with serving the summons and, absent good cause, shall grant requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." Since an Answer has not been served, Plaintiff submits there is no prejudice to Defendant API by requesting that the Waivers be signed at the present time.<br>*API - listed as no service of process. (Doc No. 4847)*<br><br>•On May 11, 2019, an email was sent to Paul Cosgrove, Esq., attaching a Waiver of Service of the Summons for Defendants Amneal Pharmaceuticals, LLC, Amneal Pharmaceuticals, Inc., and Amneal Pharmaceuticals of New York, LLC, along with a copy of the filed Complaint.<br><br>•On June 23, 2019, Waivers of Service of the Summons were filed for Defendants Amneal Pharmaceuticals, LLC, and Amneal Pharmaceuticals of New York, LLC.  (See Case 1:19-op-45303 Doc Nos. 53 and 54).<br><br>•On February 10, 2023, an email was re-forwarded to Attorney Cosgrove requesting again a Waiver of Service of Summons, along with a copy of the complaint, for Defendant Amneal Pharmaceuticals, Inc.<br>(Note: we were aware based on an email exchange with Sarah Miller Benoit, Esq., from Ulmer & Berne, LLP, from May 29, 2019, in connection with a related case, City of Utica, New York (Case No. 18-op-46359), that was filed by this law firm, that they would not agree to execute the Waivers for API, based on as follows: |

| Entity | Case No. | Law Firm | Waiver | Date | Defendant | Served? | Status | Date | Notes |
|---|---|---|---|---|---|---|---|---|---|
| City of Lackawanna, NY | 1:19-op-45303 | Brindisi, Murad & Brindisi Pearlman | Yes | | Masters Pharmaceutical | Yes | In Process | | Masters is claiming an issue with service of process, stating they were served at an improper address. To correct any deficiency, in good faith, our law firm has sent Waivers as set forth below. Per Case Management Order One (Doc No. 232, ¶6c, Service of Summons and Complaint), "Defendants are encouraged to avoid unnecessary expenses associated with serving the summons and, absent good cause, shall grant requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." Since an Answer has not been served, Plaintiff submits there is no prejudice to Defendant Masters Pharma by requesting that the Waivers be signed at the present time. Masters Pharma - listed as no service of process/incorrect address. (Doc No. 4840) Per Masters submission, they claim that at times where the docket indicates Masters Pharma was served, they were no longer operating at the address where plaintiff attempted service (3600 Pharma Way, Mason, Ohio 45036). As such, they claim that service was, therefore, improper and untimely. •On July 9, 2019, Masters was served at 3600 Pharma Way, Mason, Ohio 45036. The Affidavit of Service dated 7/9/19 for Masters Pharma was filed on August 4, 2019. (See Case 1:19-op-45303 Doc No. 81). •On February 13, 2023, an email was forwarded to William J. Aubel, Esq. requesting a Waiver of Service of Summons, along with a copy of the complaint, for Defendant Masters Pharma. |
| City of Duluth, MN | 1:19-op-45304 | Keller Postman LLC | No | 2/21/2023 | Masters Pharmaceutical | Yes | No | | Plaintiff intends to request Defendant waive service pursuant to CMO ¶6c |
| Meriwether County (GA) | 1:19-op-45305 | LCHB | Yes | 2/20/2023 | JM Smith | Yes | Yes | 9/16/2019 | Waiver of service filed on docket 2/23/2023. |
| Meriwether County, Georgia | 1:19-op-45305 | LCHB | No | 2/20/2023 | Mylan | No | | | |
| Sheriff Chuck Smith, in his Official Capacity as Sheriff of Meriwether County (GA) | 1:19-op-45306 | LCHB | No | 3/6/2023 | JM Smith | Yes | Yes | 9/16/2019 | Waiver of service filed on docket 2/23/2023. |
| Melton (Sheriff of Appling County), GA | 1:19-op-45307 | LCHB | No | 2/20/2023 | Sandoz Inc. | Yes | In Process | | Waiver sent 2/23/2023 but not returned. No response to request to waive service (sent 3/17/2023). Praecipe to obtain summons filed on 3/21/2023. |
| Sheriff Mark Melton, in his Official Capacity as Sheriff of Appling County (GA) | 1:19-op-45307 | LCHB | No | 2/20/2023 | JM Smith | Yes | Yes | 9/16/2019 | Waiver of service filed on docket 2/23/2023. |
| Mark Melton, Georgia | 1:19-op-45307 | LCHB | No | 2/20/2023 | Mylan | No | | | |
| Sheriff Mark Melton, in his Official Capacity as Sheriff of Appling County, Georgia | 1:19-op-45307 | LCHB | No | 2/20/2023 | Amneal | No | | | |
| Sheriff Cullen Talton, in his Official Capacity as Sheriff of Houston County (GA) | 1:19-op-45308 | LCHB | No | 2/20/2023 | JM Smith | Yes | Yes | 9/16/2019 | Waiver of service filed on docket 2/23/2023. |
| Cullen Talton, Georgia | 1:19-op-45308 | LCHB | No | 2/20/2023 | Mylan | No | | | |
| Sheriff Chris Steverson, in his Official Capacity as Sheriff of Telfair County (GA) | 1:19-op-45313 | LCHB | No | 2/20/2023 | JM Smith | Yes | Yes | 9/16/2019 | Waiver of service filed on docket 2/23/2023. |
| Steverson (Sheriff of Telfair County), GA | 1:19-op-45313 | LCHB | No | 2/20/2023 | Sandoz Inc. | Yes | In Process | | Waiver sent 2/23/2023 but not returned. No response to request to waive service (sent 3/17/2023). Praecipe to obtain summons filed on 3/21/2023. |
| Chris Steverson, Georgia | 1:19-op-45313 | LCHB | No | 2/20/2023 | Mylan | No | | | |
| Sheriff Terry Deese, in his Official Capacity as Sheriff of Peach County (GA) | 1:19-op-45314 | LCHB | No | 2/20/2023 | JM Smith | Yes | Yes | 9/16/2019 | Waiver of service filed on docket 2/23/2023. |
| Deese, as Sheriff of Peach County, GA | 1:19-op-45314 | LCHB | No | 2/20/2023 | Associated Pharmacies Inc/American Associated Pharmacies | No | | | |
| Sheriff Terry Deese, in his Official Capacity as Sheriff of Peach County, Georgia | 1:19-op-45314 | LCHB | No | 2/20/2023 | Amneal | No | | | |
| Terry Deese, Georgia | 1:19-op-45314 | LCHB | No | 2/20/2023 | Mylan | No | | | |
| Houlton Band of Maliseet, Tribe | 1:19-op-45315 | Levin Papantonio Rafferty | No | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 10/24/2019 | Tribes not required to file a PFS. |

| Case | Case No. | Law Firm | Yes/No | Date | Defendant | Yes | Status | Date | Notes |
|---|---|---|---|---|---|---|---|---|---|
| County of Sierra, NM | 1:19-op-45322 | Levin Papantonio Rafferty | Yes | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 10/25/2019 | |
| Board of County Commissioners | 1:19-op-45323 | Levin Papantonio Rafferty | Yes | | Amneal Pharmaceuticals LLC | Yes | Yes | 10/25/2019 | |
| Wilkes-Barre Township, PA | 1:19-op-45325 | Brindisi, Murad & Brindisi Pearlman | Yes | | Masters Pharmaceutical | Yes | In Process | | Masters is claiming an issue with service of process, stating they were served at an improper address. To correct any deficiency, in good faith, our law firm has sent Waivers as set forth below. Per Case Management Order One (Doc No. 232, ¶6c, Service of Summons and Complaint), "Defendants are encouraged to avoid unnecessary expenses associated with serving the summons and, absent good cause, shall grant requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." Since an Answer has not been served, Plaintiff submits there is no prejudice to Defendant Masters Pharma by requesting that the Waivers be signed at the present time. *Masters Pharma - listed as no service of process/incorrect address. (Doc No. 4840)* Per Masters submission, they claim that at times where the docket indicates Masters Pharma was served, they were no longer operating at the address where plaintiffs attempted service (3600 Pharma Way, Mason, Ohio 45036). As such, they claim that service was, therefore, improper and untimely. •On July 16, 2019, Masters was served at 3600 Pharma Way, Mason, Ohio 45036. The Affidavit of Service dated July 16, 2019 for Masters Pharma was filed on August 4, 2019. (See Case 1:19-op-45325 Doc No. 81). •On February 13, 2023, an email was forwarded to William J. Aubel, Esq. requesting a Waiver of Service of Summons, along with a copy of the complaint, for Defendant Masters Pharma. |
| Wilkes-Barre Township, Pennsylvania v. Purdue Pharma L.P., et al. | 1:19-op-45325 | Brindisi, Murad & Brindisi Pearlman | Yes | | Value Drug | Yes | Yes | 9/8/2019 | As demonstrated below, Plaintiffs have complied with service of process and have filed Waivers in the cases listed below. They were improperly included in Value Drug's submission. *Value Drug - listed as no service of process. (Doc No. 4843)* •The Waivers of Service dated August 26, 2019 were filed on September 8, 2019. (See Case 1:19-op-45325 Doc Nos. 95 and 96). As such, this case should not have been listed in Value Drug's submission in Doc No. 4843. |
| Wilkes-Barre Township, Pennsylvania v. Purdue Pharma, L.P, et al. | 1:19-op-45325 | Brindisi, Murad & Brindisi Pearlman | Yes | | Amneal Pharmaceuticals, Inc. | Yes | In Process | | Waiver. They took a position that API was not a proper defendant based on a previous ruling in a different case, claiming that the MDL court had decided such in a 4/12/19 order. (See Doc 1548). Also, as demonstrated below, our law office has, in good faith, sent additional Waivers to correct any deemed deficiencies. Since an Answer has not been served, Plaintiffs submit there is no prejudice to Defendant API by requesting that the Waivers be signed at the present time.  Per Case Management Order One (Doc No. 232, ¶6c, Service of Summons and Complaint), "Defendants are encouraged to avoid unnecessary expenses associated with serving the summons and, absent good cause, shall grant requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." Since an Answer has not been served, Plaintiff submits there is no prejudice to Defendant API by requesting that the Waivers be signed at the present time. *API - listed as no service of process. (Doc No. 4847)* •On May 19, 2019, an email was sent to Paul Cosgrove, Esq., attaching a Waiver of Service of the Summons for Defendants Amneal Pharmaceuticals, LLC, API Amneal Pharmaceuticals, Inc., and Amneal Pharmaceuticals of New York, LLC, along with a copy of the filed Complaint. •On July 1, 2019, an email was again sent to Attorney Cosgrove requesting signed Waivers for Defendants Amneal Pharmaceuticals, LLC, Amneal Pharmaceuticals, Inc., and Amneal Pharmaceuticals of New York, LLC, along with a copy of the filed Complaint. •On July 1, 2019, Waivers of Service of the Summons were filed for Defendants Amneal Pharmaceuticals, LLC, and Amneal Pharmaceuticals of New York, LLC.  (See Case 1:19-op-45325 Doc Nos. 64 and 70). •On July 1, 2019, an email was received from Sarah Miller Benoit, Esq. returning Waivers for Amneal Pharmaceuticals, LLC, and Amneal Pharmaceuticals of New York, LLC.  However, she did not return a signed Waiver for Amneal Pharmaceuticals, Inc., rather requested a dismissal of same, |
| City of Superior, WI | 1:19-op-45331 | Keller Postman LLC | No | 2/21/2023 | Masters Pharmaceutical | Yes | No | | Plaintiff intends to request Defendant waive service pursuant to CMO ¶6c |

| Entity | Case No. | Law Firm | | | Defendant | | | Date | Notes |
|---|---|---|---|---|---|---|---|---|---|
| Scotland County (NC) | 1:19-op-45336 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 2/19/2020 | |
| Scotland County (NC) | 1:19-op-45336 | Levin Papantonio Rafferty | Yes | | Quest Pharmaceuticals | Yes | Yes | 2/19/2020 | |
| Lafayette County (MS) | 1:19-op-45341 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 12/3/2019 | |
| Roseau County | 1:19-op-45344 | Motley Rice | Yes | | Thrifty Drug Stores | Yes | Yes | 10/17/2019 | Waiver of the Service of Summons for Roseau County, MN was signed and returned by counsel John Haggerty on behalf of Thrifty Drug Stores, Inc. d/b/a Thrifty White Warehouse #899 on 10/17/2019, which states on its face that, "If the waiver is signed and returned, [defendant] can still make these and all other defenses and objections, but you cannot object to the absence of a summons or service." |
| Aroostook Band of Micmacs | 1:19-op-45349 | Levin Papantonio Rafferty | No | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | No | 00/00/00 | Summons issued and awaiting affidavit of service.  Tribes were not required to complete PFS. |
| Lower Brule Sious Tribe | 1:19-op-45350 | Levin Papantonio Rafferty | No | | Dakota Drug | Yes | Yes | 3/3/2023 | Tribes were not required to submit PFS |
| Fairview Township, Pennsylvania | 1:19-op-45355 | Levin Papantonio Rafferty | Yes | | Value Drug | Yes | Yes | 03/06/2019 | |
| White Earth Nation | 1:19-op-45357 | Levin Papantonio Rafferty | No | | Dakota Drug | Yes | Yes | 03/03/23 | Tribes were not required to submit PFS |
| Yellow Medicine County, MN | 1:19-op-45358 | Keller Postman LLC | No | 2/21/2021 | Masters Pharmaceutical | Yes | No | | Plaintiff intends to request Defendant waive service pursuant to CMO 6c |
| Bannock County, ID | 1:19-op-45359 | Keller Postman LLC | No | 2/21/2021 | Masters Pharmaceutical | Yes | No | | Plaintiff intends to request Defendant waive service pursuant to CMO 6c |
| David Davis, Sheriff of Bibb County, Georgia | 1:19-op-45360 | Blasingame, Burch, Garrard & Ashley, P.C. | No | n/a | Mylan | Yes | Yes | 9/13/2019 | Defendant signed and returned the waiver on 9/13/19. Plaintiff filed the waiver with the Court on 3/27/20. |
| David J. Davis, In His Official Capacity as Sheriff of Bibb County (GA) | 1:19-op-45360 | Blasingame, Burch, Garrard & Ashley, P.C. | No | n/a | JM Smith | No | | | |
| David J. Davis, In His Official Capacity as Sheriff of Bibb County, Georgia | 1:19-op-45360 | Blasingame, Burch, Garrard & Ashley, P.C. | No | n/a | Hikma | No | | | |
| David J. Davis, In His Official Capacity as Sheriff of Bibb County, Georgia | 1:19-op-45360 | Blasingame, Burch, Garrard & Ashley, P.C. | No | n/a | Amneal | No | | | |
| William C. Massee, Jr., in his Official Capacity as the Sheriff of Baldwin County (GA) | 1:19-op-45361 | LCHB | No | 3/21/2023 | JM Smith | Yes | Yes | 9/16/2019 | Waiver of service filed on docket 2/17/2023. |
| William C. Massee, Jr., in his Official Capacity as the Sheriff of Baldwin County, Georgia | 1:19-op-45361 | LCHB | No | 2/20/2023 | Amneal | No | | | |
| William C. Massee, Jr., Sheriff of Baldwin County, Georgia | 1:19-op-45361 | LCHB | No | 2/20/2023 | Mylan | No | | | |
| Johnson County, Missouri | 1:19-op-45363 | Skikos Crawford Skikos & Joseph Wagstaff & Cartmell Bertram & Graf | Yes | N/A | Amneal Pharmaceuticals, Inc. | Yes | No | N/A | Service by co-counsel was previously attempted by sending a request for waiver of service. The waiver of service was not executed and returned. A new request for waiver of service pursuant to FRCP Rule 4(d) and CMO-1 was sent to Amneal on 2/17/23. |
| Howell County (MO) | 1:19-op-45368 | Skikos Crawford Skikos & Joseph Wagstaff & Cartmell Bertram & Graf | Yes | N/A | JM Smith | Yes | Yes | 2/14/2023 | Burlington Drug Company (JM Smith) provided executed an executed waiver of service. The executed waiver of service was filed on the docket on 2/14/2023. |
| Howell County, Missouri | 1:19-op-45368 | Skikos Crawford Skikos & Joseph Wagstaff & Cartmell Bertram & Graf | Yes | N/A | Amneal Pharmaceuticals, Inc. | Yes | No | N/A | Service by co-counsel was previously attempted by sending a request for waiver of service. The waiver of service was not executed and returned. A new request for waiver of service pursuant to FRCP Rule 4(d) and CMO-1 was sent to Amneal on 2/17/23. |
| City of Harrisonville, Cass County, Missouri | 1:19-op-45369 | Skikos Crawford Skikos & Joseph Wagstaff & Cartmell Betram & Graf | Yes | N/A | Amneal Pharmaceuticals, Inc. | Yes | No | N/A | Service by co-counsel was previously attempted by sending a request for waiver of service. The waiver of service was not executed and returned. A new request for waiver of service pursuant to FRCP Rule 4(d) and CMO-1 was sent to Amneal on 2/17/23. |
| Snohomish County, WA | 1:19-op-45370 | Goldfarb & Huck Roth Riojas | Yes | | KVK-Tech | No | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Three Affiliated Tribes | 1:19-op-45376 | Skikos Crawford Skikos & Joseph Lister Frost Injury Lawyers Andrews Thornton Higgins Razmara Walkup, Melodia, Kelly & Schoenberger Robins Kaplan | | N/A | Dakota Drug | No | | N/A | Plaintiff is a Tribe and was improperly identified by Defendant on its service and fact sheet list. The Court's 1/3/23 Order (#4801) was directed to "plaintiff-subdivisions" only. In addition, the 6/19/18 Fact Sheet Implementation Order (#638) was applicable to Government Entities only and did not apply to Tribes (see 6/20/18 Order, #642). |
| Wabaunsee County Kansas and Tim Liesmann, Wabaunsee County | 1:19-op-45377 | Skikos Crawford Skikos & Joseph Wagstaff & Cartmell Bertram & Graf | Yes | N/A | Henry Schein | Yes | No | N/A | Service by co-counsel was previously attempted by sending a request for waiver of service. The waiver of service was not executed and returned. A new request for waiver of service pursuant to FRCP Rule 4(d) and CMO-1 was sent to Henry Schein on 2/17/23. The request was denied by Henry Schein. |
| Callaway County, MO | 1:19-op-45378 | Levin Papantonio Rafferty | Yes | | Sandoz/Novartis | No | Yes | N/A | Defendant error alleging untimely PFS upload. |
| Callaway County, MO v. Purdue Pharma L.P. et al | 1:19-op-45378 | Levin Papantonio Rafferty | Yes | | Pharmacy Buying Association | Yes | Yes | 12/6/2019 | |
| The City of Elkhart, Morton County, Kansas | 1:19-op-45380 | Skikos Crawford Skikos & Joseph Wagstaff & Cartmell Bertram & Graf | Yes | N/A | Amneal Pharmaceuticals, Inc. | Yes | No | N/A | Service by co-counsel was previously attempted by sending a request for waiver of service. The waiver of service was not executed and returned. A new request for waiver of service pursuant to FRCP Rule 4(d) and CMO-1 was sent to Amneal on 2/17/23. |
| The Board of County Commissioners for Elk County, Kansas, et al. | 1:19-op-45382 | Skikos Crawford Skikos & Joseph Wagstaff & Cartmell Bertram & Graf | Yes | N/A | Amneal Pharmaceuticals, Inc. | Yes | No | N/A | Service by co-counsel was previously attempted by sending a request for waiver of service. The waiver of service was not executed and returned. A new request for waiver of service pursuant to FRCP Rule 4(d) and CMO-1 was sent to Amneal on 2/17/23. |
| The Board of County Commissioners for Greenwood County, Kansas and Joe Lee, Greenwood County Attorney | 1:19-op-45384 | Skikos Crawford Skikos & Joseph Wagstaff & Cartmell Bertram & Graf | Yes | N/A | Amneal Pharmaceuticals, Inc. | Yes | No | N/A | Service by co-counsel was previously attempted by sending a request for waiver of service. The waiver of service was not executed and returned. A new request for waiver of service pursuant to FRCP Rule 4(d) and CMO-1 was sent to Amneal on 2/17/23. |
| Board of County Commissioners for Greenwood County, KS, et al v. Purdue Pharma L.P. et al | 1:19-op-45384-DAP | Skikos Crawford Skikos & Joseph Wagstaff & Cartmell Bertram & Graf | Yes | N/A | Pharmacy Buying Association | Yes | Yes | 12/9/2023 | Pharmacy Buying Association states in their submission to the Court that service was effective in 2019. |
| Douglas County, MO v. Purdue Pharma L.P. et al | 1:19-op-45386 | Levin Papantonio Rafferty | Yes | | Pharmacy Buying Association | Yes | Yes | 12/6/2019 | |
| Board of County Commissioners of Finney County, Kansas, and Thomas (KS) | 1:19-op-45387 | Skikos Crawford Skikos & Joseph Wagstaff & Cartmell Bertram & Graf | Yes | N/A | JM Smith | Yes | Yes | 2/14/2023 | Burlington Drug Company (JM Smith) provided executed an executed waiver of service. The executed waiver of service was filed on the docket on 2/14/2023. |
| The Board of County Commissioners for Stanton County, Kansas and David Black, Stanton County Attorney | 1:19-op-45388 | Skikos Crawford Skikos & Joseph Wagstaff & Cartmell Bertram & Graf | Yes | N/A | Amneal Pharmaceuticals, Inc. | Yes | No | N/A | Service by co-counsel was previously attempted by sending a request for waiver of service. The waiver of service was not executed and returned. A new request for waiver of service pursuant to FRCP Rule 4(d) and CMO-1 was sent to Amneal on 2/17/23. |
| The City of Manter, Stanton County, Kansas | 1:19-op-45389 | Skikos Crawford Skikos & Joseph Wagstaff & Cartmell Bertram & Graf | Yes | N/A | Amneal Pharmaceuticals LLC | Yes | No | N/A | Service by co-counsel was previously attempted by sending a request for waiver of service. The waiver of service was not executed and returned. A new request for waiver of service pursuant to FRCP Rule 4(d) and CMO-1 was sent to Amneal on 2/17/23. |
| The Board of County Commissioners for Meade County, Kansas and Clay Kuhns, Meade County Attorney | 1:19-op-45390 | Skikos Crawford Skikos & Joseph Wagstaff & Cartmell Bertram & Graf | Yes | N/A | Amneal Pharmaceuticals, Inc. | Yes | No | N/A | Service by co-counsel was previously attempted by sending a request for waiver of service. The waiver of service was not executed and returned. A new request for waiver of service pursuant to FRCP Rule 4(d) and CMO-1 was sent to Amneal on 2/17/23. |
| The City of Ulysses, Grant County, Kansas | 1:19-op-45392 | Skikos Crawford Skikos & Joseph Wagstaff & Cartmell Bertram & Graf | Yes | N/A | Amneal Pharmaceuticals, Inc. | Yes | No | N/A | Service by co-counsel was previously attempted by sending a request for waiver of service. The waiver of service was not executed and returned. A new request for waiver of service pursuant to FRCP Rule 4(d) and CMO-1 was sent to Amneal on 2/17/23. |
| The Board of County Commissioners for Morton County, Kansas and Eric Witcher, Morton County Attorney | 1:19-op-45393 | Skikos Crawford Skikos & Joseph Wagstaff & Cartmell Bertram & Graf | Yes | N/A | Amneal | Yes | No | N/A | Service by co-counsel was previously attempted by sending a request for waiver of service. The waiver of service was not executed and returned. A new request for waiver of service pursuant to FRCP Rule 4(d) and CMO-1 was sent to Amneal on 2/17/23. |

| Plaintiff | Case No. | Firm | Col4 | Col5 | Date | Defendant | Col8 | Col9 | Date2 | Notes |
|---|---|---|---|---|---|---|---|---|---|---|
| The Board of County Commissioners for Grant County, Kansas and Jessica Akers, Grant County Attorney | 1:19-op-45394 | Skikos Crawford Skikos & Joseph Wagstaff & Cartmell Bertram & Graf | Yes | | N/A | Amneal Pharmaceuticals LLC | Yes | No | N/A | Service by co-counsel was previously attempted by sending a request for waiver of service. The waiver of service was not executed and returned. A new request for waiver of service pursuant to FRCP Rule 4(d) and CMO-1 was sent to Amneal on 2/17/23. |
| Chippewa Cree Tribe of the Rocky Boy's Reservation | 1:19-op-45395 | Skikos Crawford Skikos & Joseph Lister Frost Injury Lawyers Andrews Thornton Higgins Razmara Walkup, Melodia, Kelly & Schoenberger Robins Kaplan | | | N/A | Dakota Drug | No | | N/A | Plaintiff is a Tribe and was improperly identified by Defendant on its service and fact sheet list. The Court's 1/3/23 Order (#4801) was directed to "plaintiff-subdivisions" only. In addition, the 6/19/18 Fact Sheet Implementation Order (#638) was applicable to Government Entities only and did not apply to Tribes (see 6/20/18 Order, #642). |
| City of Ada, OK | 1:19-op-45400 | Fulmer Sill | Yes | | | GCP Pharma | Yes | Yes | 3/16/2023 | |
| Gooding County, Idaho | 1:19-op-45404 | Napoli Shkolnik | Yes | | | Hikma | No | | | |
| Gooding County, Idaho | 1:19-op-45404 | Napoli Shkolnik | Yes | | | Mylan | No | | | |
| Knox County, MO v. Purdue Pharma L.P. et al | 1:19-op-45406 | Levin Papantonio Rafferty | Yes | | | Pharmacy Buying Association | Yes | Yes | 4/15/2021 | |
| Camas County, Idaho | 1:19-op-45407 | Napoli Shkolnik | Yes | | | Mylan | No | | | |
| Camas County, Idaho | 1:19-op-45407 | Napoli Shkolnik | Yes | | | Hikma | No | | | |
| Schuyler County (MO) | 1:19-op-45408 | Levin Papantonio Rafferty | Yes | | | Quest Pharmaceuticals | Yes | Yes | 12/6/2019 | |
| Randolph County, MO v. Purdue Pharma L.P. et al | 1:19-op-45409 | Levin Papantonio Rafferty | Yes | | | Pharmacy Buying Association | Yes | Yes | 12/3/2019 | |
| City of Seven Hills, Ohio | 1:19-op-45413 | Napoli Shkolnik | No | | 12/22/2022 | Hikma | No | | | |
| City of Seven Hills, Ohio | 1:19-op-45413 | Napoli Shkolnik | No | | 12/22/2022 | Mylan | No | | | |
| City of Broken Arrow, OK | 1:19-op-45415 | Fulmer Sill | Yes | | | GCP Pharma | Yes | Yes | 3/16/2023 | |
| Pettis County, Missouri | 1:19-op-45416 | Napoli Shkolnik | No | | 12/22/2022 | Hikma | No | | | |
| Pettis County, Missouri | 1:19-op-45416 | Napoli Shkolnik | No | | 12/22/2022 | Mylan | No | | | |
| Covington County, Mississippi | 1:19-op-45417 | Napoli Shkolnik | No | | 12/22/2022 | Hikma | No | | | |
| Covington County, Mississippi | 1:19-op-45417 | Napoli Shkolnik | No | | 12/22/2022 | Mylan | No | | | |
| Town Of Summit, Mississippi | 1:19-op-45418 | Napoli Shkolnik | No | | 1/3/2023 | Hikma | No | | | |
| Town of Summit, Mississippi | 1:19-op-45418 | Napoli Shkolnik | No | | 1/3/2023 | Mylan | No | | | |
| Town Of Arcola, Mississippi | 1:19-op-45419 | Napoli Shkolnik | No | | 12/22/2022 | Hikma | No | | | |
| Town of Arcola, Mississippi | 1:19-op-45419 | Napoli Shkolnik | No | | 12/22/2022 | Mylan | No | | | |
| Forsyth County, Georgia | 1:19-op-45420 | Napoli Shkolnik | No | | 12/19/2022 | Hikma | No | | | |
| Forsyth County, Georgia | 1:19-op-45420 | Napoli Shkolnik | No | | 12/19/2022 | Mylan | No | | | |
| Sandoval County, New Mexico | 1:19-op-45421 | Napoli Shkolnik | No | | 12/22/2022 | Hikma | No | | | |
| Sandoval County, New Mexico | 1:19-op-45421 | Napoli Shkolnik | No | | 12/22/2022 | Mylan | No | | | |
| City Of Mound Bayou, Mississippi | 1:19-op-45422 | Napoli Shkolnik | No | | 1/3/2023 | Hikma | No | | | |
| City of Mound Bayou, Mississippi | 1:19-op-45422 | Napoli Shkolnik | No | | 1/3/2023 | Mylan | No | | | |
| Walton County, Florida | 1:19-op-45423 | Napoli Shkolnik | Yes | | | Hikma | No | | | |
| Walton County, Florida | 1:19-op-45423 | Napoli Shkolnik | Yes | | | Mylan | No | | | |
| City Of Saint Paul, Minnesota | 1:19-op-45424 | Napoli Shkolnik | Yes | | | Hikma | No | | | |
| City of Saint Paul, Minnesota | 1:19-op-45424 | Napoli Shkolnik | Yes | | | Mylan | No | | | |
| Town Of Centerville Tennessee | 1:19-op-45425 | Napoli Shkolnik | No | | 12/29/2022 | Hikma | No | | | |
| Town of Centerville, Tennessee | 1:19-op-45425 | Napoli Shkolnik | No | | 12/29/2022 | Mylan | No | | | |
| Maverick County | 1:19-op-45426 | Napoli Shkolnik | No | | 1/2/2023 | Mylan | No | | | |
| Maverick County, Texas | 1:19-op-45426 | Napoli Shkolnik | No | | 1/2/2023 | Hikma | No | | | |
| Town Of Fort Deposit, Alabama | 1:19-op-45427 | Napoli Shkolnik | No | | 12/28/2022 | Hikma | No | | | |
| Town of Fort Deposit, Alabama | 1:19-op-45427 | Napoli Shkolnik | No | | 12/28/2022 | Mylan | No | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Township Of Saddle Brook, New Jersey | 1:19-op-45431 | Napoli Shkolnik | No | 1/3/2023 | Hikma | No | | | |
| Township of Saddle Brook, New Jersey | 1:19-op-45431 | Napoli Shkolnik | No | 1/3/2023 | Mylan | No | | | |
| City of Hopewell, VA | 1:19-op-45433 | Weitz & Luxenberg | No | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 6/25/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| County of Berkeley, SC | 1:19-op-45436 | Weitz & Luxenberg | No | 12/1/2022 | Masters Pharmaceutical | Yes | Yes | 6/25/2019 | In 2019, each of W&L's clients filed an individual affidavit of service in their respective dockets. In each affidavit of service, it is noted that the person served identified themselves as a representative of Masters Pharmaceutical. Thus, Fed. R. Civ. P. 4(L)(1) is satisfied and W&L's clients' service upon Masters is presumed valid. What's more, in the more than three and a half years since, Masters has failed until now to raise the allegation that W&L's clients' service was improper. In the unlikely event that W&L's clients' service is deemed invalid, Masters' delay in raising this issue more than satisfies the requirements for good cause as to W&L's alleged deficiency in service. In addition, under Ohio law, "for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance[.]" Progressive Direct Ins. Co. v. Williams, 186 N.E.3d 337, 339 (Oh. Ct. App. 2022) (quoting Lincoln Tavern, Inc. v. Snader, 133 N.E.2d 606, 610 (Oh. 1956)). It is undisputed that Masters has entered an appearance, so even if W&L's clients had not properly executed service of process upon Masters, personal jurisdiction is satisfied as if they had. In addition, the fact that W&L's clients needed to serve Masters to begin with is only because Masters unreasonably withheld waiver of service. Both Fed. R. Civ. P. 4(d)(2) and the Court's Case Management Order (Dkt. 232, pg. 10, ¶ 6(c)) obligate defendants to waive service absent good cause. Over a period of many months throughout 2018, Weitz & Luxenberg sought Masters' waiver of service of summons. Masters stonewalled these efforts without cause and forced W&L to serve summons on Masters via process server. This refusal to waive service, Masters' delay in raising the objection despite having actual notice via waiver request that it was named by W&L's clients, and Masters' dispute as to service address despite the affidavit clearly indicating that its representative accepted service each clearly indicate Masters' intent to prejudice plaintiffs. |
| Coushatta Tribe of Louisiana | 1:19-op-45438 | Levin Papantonio Rafferty | No | | Louisiana Wholesale Drug | Yes | Yes | 2/20/2023 | Tribes were not required to complete PFS. |
| Board of Commissioners of Fulton County (OH) | 1:19-op-45440 | Zoll & Kranz LLC | No | 3/22/2023 | Prescription Supply | No | | | |
| Board of Commissioners of Fulton County, Ohio | 1:19-op-45440 | Zoll & Kranz LLC | No | 3/22/2023 | Mylan | No | | | |
| Four County Board of Alcohol, Drug Addiction and Mental Health Services (OH) | 1:19-op-45440 | Zoll & Kranz LLC | No | 3/22/2023 | Prescription Supply | No | | | |
| Town of Monroe, Connecticut | 1:19-op-45441 | Simmons Hanly Conroy, LLC | No | 11/16/2022 | Hikma | No | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Town of Monroe, Connecticut | 1:19-op-45441 | Simmons Hanly Conroy, LLC | No | 11/16/2022 | Mylan | No | | | |
| Johnson County, Kansas | 1:19-op-45443 | Napoli Shkolnik | No | 12/21/2022 | Hikma | No | | | |
| Johnson County, Kansas | 1:19-op-45443 | Napoli Shkolnik | No | 12/21/2022 | Mylan | No | | | |
| Avoyelles Parish Police Jury | 1:19-op-45444 | Simmons Hanly Conroy, LLC | Yes | | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Avoyelles Parish Police Jury | 1:19-op-45444 | Simmons Hanly Conroy, LLC | Yes | | Louisiana Wholesale Drug | Yes | Yes | 9/11/2019 | |
| Avoyelles Parish Police Jury (LA) | 1:19-op-45444 | Simmons Hanly Conroy, LLC | Yes | | JM Smith | Yes | Yes | 9/12/2019 | |
| Avoyelles Parish Police Jury, Louisiana | 1:19-op-45444 | Simmons Hanly Conroy, LLC | Yes | | Mylan | Yes | Yes | 9/11/2019 | |
| Calcasieu Parish Police Jury | 1:19-op-45445 | Simmons Hanly Conroy, LLC | Yes | | Amneal Pharmaceuticals, Inc. | Yes | | | |
| Calcasieu Parish Police Jury | 1:19-op-45445 | Simmons Hanly Conroy, LLC | Yes | | Louisiana Wholesale Drug | Yes | Yes | 9/11/2019 | |
| Calcasieu Parish Police Jury (LA) | 1:19-op-45445 | Simmons Hanly Conroy, LLC | Yes | | JM Smith | Yes | Yes | 9/6/2019 | |
| Ouachita Parish Police Jury | 1:19-op-45446 | Simmons Hanly Conroy, LLC | Yes | | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Ouachita Parish Police Jury | 1:19-op-45446 | Simmons Hanly Conroy, LLC | Yes | | Louisiana Wholesale Drug | Yes | Yes | 9/11/2019 | SHC Not Pursuing |
| Ouachita Parish Police Jury (LA) | 1:19-op-45446 | Simmons Hanly Conroy, LLC | Yes | | JM Smith | Yes | Yes | 9/12/2019 | |
| Ouchita Parish Police Jury, Louisiana | 1:19-op-45446 | Simmons Hanly Conroy, LLC | Yes | | Mylan | Yes | Yes | 9/11/2019 | |
| City of Laguna Beach, California | 1:19-op-45447 | Skikos Crawford Skikos & Joseph Robinson Calcagnie | No | 2/13/2023 | Mylan | No | | | The City of Laguna Beach served its PFS to the PFS repository, and also directly served it upon Mylan's counsel. The City of Laguna Beach previously sent the PFS to the repository on 12/29/22, and again directly to Mylan's counsel on 2/13/23. Below is the email where Mylan's counsel was served the PFS directly.<br><br>From: Darleen Perkins <dperkins@robinsonfirm.com><br>Sent: Wednesday, March 8, 2023 6:48 PM<br>To: rebecca.mandel@hoganlovells.com<br>Cc: Kevin Calcagnie <kcalcagnie@robinsonfirm.com>; Lila Razmara <lrazmara@robinsonfirm.com>; Tracy Hughes <thughes@robinsonfirm.com><br>Subject: IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION (Mylan) - City of Laguna Beach, CA - MDL 2804; Case No. 1:19-op-45447 Government Plaintiff Fact Sheet<br><br>IN RE: NATIONAL OPIATE LITIGATION<br>Case No. 1:17-MD-2804<br>City of Laguna Beach, California<br>Government Plaintiff Fact Sheet<br><br>Dear Ms. Mandel:<br>Attached and served herewith, please find the City of Laguna Beach, California, Government Plaintiff Fact Sheet.<br><br>Very truly yours,<br>Darleen Perkins, Paralegal<br>ROBINSON CALCAGNIE, INC. |
| Sabine Parish Police Jury | 1:19-op-45448 | Simmons Hanly Conroy, LLC | Yes | | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Sabine Parish Police Jury (LA) | 1:19-op-45448 | Simmons Hanly Conroy, LLC | Yes | | JM Smith | Yes | Yes | 9/6/2019 | |
| Sabine Parish Policy Jury | 1:19-op-45448 | Simmons Hanly Conroy, LLC | Yes | | Louisiana Wholesale Drug | Yes | Yes | 9/11/2019 | |
| City of Lake Charles | 1:19-op-45449 | Simmons Hanly Conroy, LLC | Yes | | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| City of Lake Charles | 1:19-op-45449 | Simmons Hanly Conroy, LLC | Yes | | JM Smith | Yes | Yes | 9/12/2019 | |

| Plaintiff | Case No. | Firm | | | Defendant | | | Date | Notes |
|---|---|---|---|---|---|---|---|---|---|
| City of Lake Charles, Louisiana | 1:19-op-45449 | Simmons Hanly Conroy, LLC | Yes | | Louisiana Wholesale Drug | Yes | Yes | 9/11/2019 | |
| Evangeline Parish Police Jury | 1:19-op-45450 | Simmons Hanly Conroy, LLC | Yes | | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Evangeline Parish Police Jury | 1:19-op-45450 | Simmons Hanly Conroy, LLC | Yes | | Louisiana Wholesale Drug | Yes | Yes | 9/11/2019 | |
| Evangeline Parish Police Jury (LA) | 1:19-op-45450 | Simmons Hanly Conroy, LLC | Yes | | JM Smith | Yes | Yes | 9/12/2019 | |
| Vernon Parish Police Jury | 1:19-op-45451 | Simmons Hanly Conroy, LLC | Yes | | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Vernon Parish Police Jury | 1:19-op-45451 | Simmons Hanly Conroy, LLC | Yes | | Louisiana Wholesale Drug | Yes | Yes | 9/11/2019 | |
| Vernon Parish Police Jury (LA) | 1:19-op-45451 | Simmons Hanly Conroy, LLC | Yes | | JM Smith | Yes | Yes | 9/12/2019 | |
| Morehouse Parish Police Jury | 1:19-op-45452 | Simmons Hanly Conroy, LLC | Yes | | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| Morehouse Parish Police Jury | 1:19-op-45452 | Simmons Hanly Conroy, LLC | Yes | | Louisiana Wholesale Drug | Yes | Yes | 9/11/2019 | |
| Morehouse Parish Police Jury (LA) | 1:19-op-45452 | Simmons Hanly Conroy, LLC | Yes | | JM Smith | Yes | Yes | 9/6/2019 | |
| East Carroll Parish Police Jury | 1:19-op-45453 | Simmons Hanly Conroy, LLC | Yes | | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| East Carroll Parish Police Jury, Louisiana | 1:19-op-45453 | Simmons Hanly Conroy, LLC | Yes | | Mylan | Yes | Yes | 9/11/2019 | |
| East Carroll Parish Police Jury (LA) | 1:19-op-45453 | Simmons Hanly Conroy, LLC | Yes | | JM Smith | Yes | Yes | 9/12/2019 | |
| East Carroll Police Jury | 1:19-op-45453 | Simmons Hanly Conroy, LLC | Yes | | Louisiana Wholesale Drug | Yes | Yes | 9/11/2019 | |
| West Carroll Parish Police Jury | 1:19-op-45454 | Simmons Hanly Conroy, LLC | Yes | | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |
| West Carroll Parish Police Jury | 1:19-op-45454 | Simmons Hanly Conroy, LLC | Yes | | Louisiana Wholesale Drug | Yes | Yes | 9/11/2019 | |
| West Carroll Parish Police Jury (LA) | 1:19-op-45454 | Simmons Hanly Conroy, LLC | Yes | | JM Smith | Yes | Yes | 9/6/2019 | |
| Chatham County (NC) | 1:19-op-45462 | The Finnell Firm | Yes | | JM Smith | Yes | Yes | 10/1/2019 | |
| City of Canton (NC) | 1:19-op-45462 | The Finnell Firm | Yes | | JM Smith | Yes | Yes | 10/1/2019 | |
| City of Canton, a municipal corporation, Chatham County, North Carolina, and all other similarly situated v. Purdue Pharma L.P., et al. | 1:19-op-45462 | The Finnell Firm | Yes | | Amneal Pharmaceuticals LLC | Yes | Yes | 2/16/2023 | |
| City of Canton, a municipal corporation, Chatham County, North Carolina, and all other similarly situated v. Purdue Pharma L.P., et al. | 1:19-op-45462 | The Finnell Firm | Yes | | Amneal Pharmaceuticals, Inc. | Yes | Yes | 2/16/2023 | |
| City of Canton, NC | 1:19-op-45462 | The Finnell Firm | Yes | | KVK-Tech | Yes | Yes | 10/3/2019 | |
| Town of Arlington, Tennessee | 1:19-op-45471 | Napoli Shkolnik | No | 12/28/2022 | Hikma | No | | | |
| Town of Arlington, Tennessee | 1:19-op-45471 | Napoli Shkolnik | No | 12/28/2022 | Mylan | No | | | |
| City of Millington, Tennessee | 1:19-op-45474 | Napoli Shkolnik | No | 12/28/2022 | Hikma | No | | | |
| City of Millington, Tennessee | 1:19-op-45474 | Napoli Shkolnik | No | 12/28/2022 | Mylan | No | | | |
| City of Ponca City, OK | 1:19-op-45495 | Fulmer Sill | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 | |
| City of Ponca City, OK | 1:19-op-45495 | Fulmer Sill | Yes | | Sandoz Inc. | Yes | Yes | 3/16/2023 | |
| City of Edmond, OK | 1:19-op-45496 | Fulmer Sill | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 | |
| City of Guthrie, OK | 1:19-op-45497 | Fulmer Sill | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 | |

| Plaintiff | Case No. | Law Firm | | | Defendant | | | Date | Notes |
|---|---|---|---|---|---|---|---|---|---|
| City of Oklahoma City, OK | 1:19-op-45498 | Fulmer Sill | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 | |
| City of Inez (KY) | 1:19-op-45499 | Bryant Law Center | Yes | | Quest Pharmaceuticals | Yes | In Process | | |
| City of Inez, Kentucky | 1:19-op-45499 | Bryant Law Center | Yes | | Mylan | Yes | In Process | | |
| City of Inez, KY | 1:19-op-45499 | Bryant Law Center | Yes | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 3/24/2023 | |
| City of Inez, KY | 1:19-op-45499 | Bryant Law Center | Yes | | KVK-Tech | Yes | In Process | | |
| The City of Inez, Kentucky | 1:19-op-45499 | Bryant Law Center | Yes | | Amneal Pharmaceuticals LLC | Yes | In Process | | |
| City of Lawton, OK | 1:19-op-45500 | Fulmer Sill | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 | |
| City of Lawton, OK | 1:19-op-45500 | Fulmer Sill | Yes | | Sandoz Inc. | Yes | Yes | 3/16/2023 | |
| City of Rochester, MN | 1:19-op-45501 | Keller Postman LLC | No | 2/21/2023 | Masters Pharmaceutical | Yes | No | | Plaintiff intends to request Defendant waive service pursuant to CMO ¶6c |
| County of Curry, OR | 1:19-op-45512 | D'Amore Law Group, P.C. | No | 11/29/2022 - sent to PFS counsel on 11/21/22 | KVK-Tech | No | | | |
| County of Curry, Oregon | 1:19-op-45512 | D'Amore Law Group, P.C. | No | 11/29/2022 - sent to PFS counsel on 11/21/22 | Hikma | No | | | |
| County of Curry, Oregon | 1:19-op-45512 | D'Amore Law Group, P.C. | No | 11/29/2022 - sent to PFS counsel on 11/21/22 | Mylan | No | | | |
| The City of Long Beach, Mississippi | 1:19-op-45517 | Reeves & Mestayer, PLLC | Yes | 10/29/2019 & 12/11/2022 | Amneal Pharmaceuticals, Inc. | Yes | Yes | 12/17/2019 | Executed Waiver by Paul J. Cosgrove |
| Long Beach, MS | 1:19-op-45517 | Reeves & Mestayer, PLLC | Yes | 10/29/2019 & 12/11/2022 | Winn-Dixie | No | | | |
| County of Northumberland v. Purdue Pharma L.P., et al. | 1:19-op-45555 | Brindisi, Murad & Brindisi Pearlman | Yes | | Value Drug | Yes | Yes | 11/8/2019 | As demonstrated below, Plaintiffs have complied with service of process and have filed Waivers in the cases listed below. They were improperly included in Value Drug's submission. *Value Drug - listed as no service of process. (Doc No. 4843)* •The Waivers of Service dated November 6, 2019 were filed on November 8, 2019. (See Case 1:19-op-45555 Doc Nos. 116 and 117). As such, this case should not have been listed in Value Drug's submission in Doc 4843. |
| County of Northumberland, PA | 1:19-op-45555 | Brindisi, Murad & Brindisi Pearlman | Yes | | Masters Pharmaceutical | Yes | In Process | | Masters is claiming an issue with service of process, stating they were served at an improper address. To correct any deficiency, in good faith, our law firm has sent Waivers as set forth below. Per Case Management Order One (Doc No. 232, ¶6c, Service of Summons and Complaint), "Defendants are encouraged to avoid unnecessary expenses associated with serving the summons and, absent good cause, shall grant requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." Since an Answer has not been served, Plaintiff submits there is no prejudice to Defendant Masters Pharma by requesting that the Waivers be signed at the present time. *Masters Pharma - listed as no service of process/incorrect address. (Doc No. 4840)* Per Masters submission, they claim that at times where the docket indicates Masters Pharma was served, they were no longer operating at the address where plaintiffs attempted service (3600 Pharma Way, Mason, Ohio 45036). As such, they claim that service was, therefore, improper and untimely. •On August 26, 2019, Masters was served at 3617 Pharma Way, Mason, Ohio 45052. The Affidavit of Service dated August 26, 2019 for Masters Pharma was filed on October 12, 2019. (See Case 1:19-op-45555 Doc No. 109). •On February 13, 2023, an email was forwarded to William J. Aubel, Esq. requesting a Waiver of Service of Summons, along with a copy of the complaint, for Defendant Masters Pharma. |
| City of Paintsville, Kentucky | 1:19-op-45559 | Bryant Law Center | Yes | | Mylan | Yes | In Process | | |
| City of Paintsville, KY | 1:19-op-45559 | Bryant Law Center | Yes | | KVK-Tech | Yes | In Process | | |
| The City of Paintsville, Kentucky | 1:19-op-45559 | Bryant Law Center | Yes | | Amneal Pharmaceuticals LLC | Yes | In Process | | |
| County of Calhoun (MI) | 1:19-op-45560 | Levin Papantonio Rafferty | Yes | | Quest Pharmaceuticals | Yes | Yes | 1/2/2020 | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| H.W. "Billy" Hancock, in his Official Capacity as the Sheriff of Crisp County  (GA) | 1:19-op-45562 | LCHB | No | 3/6/2023 | JM Smith | Yes | Yes | 9/16/2019 | Waiver of service filed on docket 2/17/2023. |
| H.W. "Billy" Hancock in his Official Capacity as the Sheriff of Crisp County, Georgia | 1:19-op-45562 | LCHB | No | 3/6/2023 | Amneal | No | | | |
| H.W. "Billy" Hancock, Sheriff of Crisp County, Georgia | 1:19-op-45562 | LCHB | No | 3/6/2023 | Mylan | No | | | |
| City of Sheridan, Colorado | 1:19-op-45572 | Keller Rohrback L.L.P. | Yes | | Hikma | Yes | Yes | 3/20/2023 | Declaration of Service re personal service filed 3/20/23. Hikma Pharmaceuticals USA, Inc. not a named defendant. West-Ward Pharmaceutical Corp is a named defendant.  Waiver request originally sent to West-Ward on 1/3/2020. No response received after multiple follow-ups. Personal service perfected 3/15/2023. |
| The City of Federal Heights, Colorado | 1:19-op-45573 | Keller Rohrback L.L.P. | Yes | | Hikma | Yes | Yes | 3/20/2023 | Declaration of Service re personal service filed 3/20/23. Hikma Pharmaceuticals USA, Inc. not a named defendant. West-Ward Pharmaceutical Corp is a named defendant.  Waiver request originally sent to West-Ward on 1/3/2020. No response received after multiple follow-ups. Personal service perfected 3/15/2023. |
| Wright Township, PA | 1:19-op-45574 | Brindisi, Murad & Brindisi Pearlman | Yes | | Masters Pharmaceutical | Yes | In Process | | Masters is claiming an issue with service of process, stating they were served at an improper address. To correct any deficiency, in good faith, our law firm has sent Waivers as set forth below. Per Case Management Order One (Doc No. 232, ¶6c, Service of Summons and Complaint), "Defendants are encouraged to avoid unnecessary expenses associated with serving the summons and, absent good cause, shall grant requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." Since an Answer has not been served, Plaintiff submits there is no prejudice to Defendant Masters Pharma by requesting that the Waivers be signed at the present time. *Masters Pharma - listed as no service of process/incorrect address. (Doc No. 4840)* Per Masters submission, they claim that at times where the docket indicates Masters Pharma was served, they were no longer operating at the address where plaintiffs attempted service (3600 Pharma Way, Mason, Ohio 45036). As such, they claim that service was, therefore, improper and untimely. •On August 29, 2019, Masters was served at 3617 Pharma Way, Mason, Ohio 45036.  The Affidavit of Service dated August 29, 2019 for Masters Pharma was filed on September 8, 2019. (See Case 1:19-op-45574 Doc No. 91). •On February 13, 2023, an email was forwarded to William J. Aubel, Esq. requesting a Waiver of Service of Summons, along with a copy of the complaint, for Defendant Masters Pharma. |
| Wright Township, Pennsylvania v. Purdue Pharma L.P., et al. | 1:19-op-45574 | Brindisi, Murad & Brindisi Pearlman | Yes | | Value Drug | Yes | Yes | 11/8/2019 | As demonstrated below, Plaintiffs have complied with service of process and have filed Waivers in the cases listed below. They were improperly included in Value Drug's submission. *Value Drug - listed as no service of process. (Doc No. 4843)* •The Waivers of Service dated November 6, 2019 were filed on November 8, 2019.  (See Case 1:19-op-45574 Doc Nos. 114 and 115). As such, this case should not have been listed in Value Drug's submission in Doc No. 4843. |
| County of Yuma, Arizona | 1:19-op-45575 | Keller Rohrback L.L.P. | Yes | | Hikma | Yes | Yes | 3/20/2023 | Declaration of Service re personal service filed 3/20/23. Hikma Pharmaceuticals USA, Inc. not a named defendant. West-Ward Pharmaceutical Corp is a named defendant.  Waiver request originally sent to West-Ward on 1/3/2020. No response received after multiple follow-ups. Personal service perfected 3/15/2023. |
| City of Pocatello, ID | 1:19-op-45578 | Keller Postman LLC | No | 2/21/2023 | Masters Pharmaceutical | Yes | No | | Plaintiff intends to request Defendant waive service pursuant to CMO ¶6c |
| Kingston Borough , Pennsylvania | 1:19-op-45585 | Levin Papantonio Rafferty | Yes | | Value Drug | Yes | Yes | 4/16/2020 | Defendant error alleging untimely PFS upload. |
| Alamance County (NC) | 1:19-op-45615 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 2/18/2020 | |
| City of Nashville (GA) | 1:19-op-45617 | Conley Griggs Partin LLP | Yes | | JM Smith | Yes | In Process | | emailed Waiver of Service of Summons on February 14, 2023 to counsel for JM Smith; pending receipt of signed waiver |
| City of Nashville, GA | 1:19-op-45617 | Conley Griggs Partin LLP | Yes | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | In Process | | emailed Waiver of Service of Summons on February 15, 2023 to counsel for Associated Pharmacies; pending receipt of signed waiver |

| Case | Number | Law Firm | | Date | Defendant | | Status | Date | Notes |
|---|---|---|---|---|---|---|---|---|---|
| City of Nashville, Georgia v. Purdue Pharma L.P., et al. | 1:19-op-45617 | Conley Griggs Partin LLP | Yes | | Amneal Pharmaceuticals LLC | Yes | In Process | | emailed Waiver of Service of Summons on February 15, 2023 to counsel for Amneal Pharmaceuticals; pending receipt of signed waiver |
| City of Nashville, Georgia v. Purdue Pharma L.P., et al. | 1:19-op-45617 | Conley Griggs Partin LLP | Yes | | Amneal Pharmaceuticals, Inc. | Yes | In Process | | emailed Waiver of Service of Summons on February 15, 2023 to counsel for Amneal Pharmaceuticals; pending receipt of signed waiver |
| City of Nashville, Georgia | 1:19-op-45617 | Conley Griggs Partin LLP | Yes | | Hikma | Yes | In Process | | emailed Waiver of Service of Summons on February 15, 2023 to counsel for Hikma; pending receipt of signed waiver |
| City of Lakeland (GA) | 1:19-op-45618 | Conley Griggs Partin LLP | Yes | | JM Smith | Yes | In Process | | emailed Waiver of Service of Summons on February 14, 2023 to counsel for JM Smith; pending receipt of signed waiver |
| City of Lakeland, GA | 1:19-op-45618 | Conley Griggs Partin LLP | Yes | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | In Process | | emailed Waiver of Service of Summons on February 15, 2023 to counsel for Associated Pharmacies; pending receipt of signed waiver |
| City of Lakeland, Georgia v. Purdue Pharma L.P., et al. | 1:19-op-45618 | Conley Griggs Partin LLP | Yes | | Amneal Pharmaceuticals LLC | Yes | In Process | | emailed Waiver of Service of Summons on February 15, 2023 to counsel for Amneal Pharmaceuticals; pending receipt of signed waiver |
| City of Lakeland, Georgia v. Purdue Pharma L.P., et al. | 1:19-op-45618 | Conley Griggs Partin LLP | Yes | | Amneal Pharmaceuticals, Inc. | Yes | In Process | | emailed Waiver of Service of Summons on February 15, 2023 to counsel for Amneal Pharmaceuticals; pending receipt of signed waiver |
| Boulder City, NV | 1:19-op-45648 | Keller Postman LLC | No | 2/21/2023 | Masters Pharmaceutical | Yes | No | | Plaintiff intends to request Defendant waive service pursuant to CMO ¶6c |
| City of Mesquite, NV | 1:19-op-45649 | Keller Postman LLC | No | 2/21/2023 | Masters Pharmaceutical | Yes | No | | Plaintiff intends to request Defendant waive service pursuant to CMO ¶6c |
| County Commission of Payne County, OK | 1:19-op-45653 | Napoli Shkolnik | Yes | | Indivior | Yes | Yes | 2/14/2023 | |
| County Commission of Payne County, Oklahoma | 1:19-op-45653 | Napoli Shkolnik | Yes | | Hikma | Yes | Yes | 2/14/2023 | |
| Payne County Commission, Oklahoma | 1:19-op-45653 | Napoli Shkolnik | Yes | | Mylan | Yes | Yes | 2/13/2023 | |
| Hanover Township, PA | 1:19-op-45654 | Brindisi, Murad & Brindisi Pearlman | Yes | | Masters Pharmaceutical | Yes | In Process | | Masters is claiming an issue with service of process, stating they were served at an improper address. To correct any deficiency, in good faith, our law firm has sent Waivers as set forth below. Per Case Management Order One (Doc No. 232, ¶6c, Service of Summons and Complaint), "Defendants are encouraged to avoid unnecessary expenses associated with serving the summons and, absent good cause, shall grant requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." Since an Answer has not been served, Plaintiff submits there is no prejudice to Defendant Masters Pharma by requesting that the Waivers be signed at the present time. *Masters Pharma - listed as no service of process/incorrect address. (Doc No. 4840)* Per Masters submission, they claim that at times where the docket indicates Masters Pharma was served, they were no longer operating at the address where plaintiff attempted service (3600 Pharma Way, Mason, Ohio 45036). As such, they claim that service was, therefore, improper and untimely. •On September 17, 2019, Masters was served at 3617 Pharma Way, Mason, Ohio 45040. The Affidavit of Service dated September 17, 2019 on file for Masters Pharma was filed on October 12, 2019. (See Case 1:19-op-45654 Doc No. 91). •On February 13, 2023, an email was forwarded to William J. Aubel, Esq. requesting a Waiver of Service of Summons, along with a copy of the complaint, for Defendant Masters Pharma. |
| Hanover Township, Pennsylvania v. Purdue Pharma, LP., et al. | 1:19-op-45654 | Brindisi, Murad & Brindisi Pearlman | Yes | | Value Drug | Yes | Yes | 11/12/2019 | As demonstrated below, Plaintiffs have complied with service of process and have filed Waivers in the cases listed below. They were improperly included in Value Drug's submission. *Value Drug - listed as no service of process. (Doc No. 4843)* •The Waivers of Service dated November 11, 2019 were filed on November 12, 2019. (See Case 1:19-op-45654 Doc No. 102 and 103). As such, this case should not have been listed in Value Drug's submission in Doc No. 4843 |
| County of Lycoming v. Purdue Pharma, L.P., et al. | 1:19-op-45655 | Brindisi, Murad & Brindisi Pearlman | Yes | | Value Drug | Yes | Yes | 11/12/2019 | As demonstrated below, Plaintiffs have complied with service of process and have filed Waivers in the cases listed below. They were improperly included in Value Drug's submission. *Value Drug - listed as no service of process. (Doc No. 4843)* • The Waivers of Service dated November 11, 2019 were filed on November 12, 2019. (See Case 1:19-op-45655 Doc Nos. 98 and 99). As such, this case should not have been listed in Value Drug's submission in Doc No. 4843. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| County of Lycoming, PA | 1:19-op-45655 | Brindisi, Murad & Brindisi Pearlman | Yes | | Masters Pharmaceutical | Yes | In Process | | Masters is claiming an issue with service of process, stating they were served at an improper address. To correct any deficiency, in good faith, our law firm has sent Waivers as set forth below. Per Case Management Order One (Doc No. 232, ¶6c, Service of Summons and Complaint), "Defendants are encouraged to avoid unnecessary expenses associated with serving the summons and, absent good cause, shall grant requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." Since an Answer has not been served, Plaintiff submits there is no prejudice to Defendant Masters Pharma by requesting that the Waivers be signed at the present time. *Masters Pharma - listed as no service of process/incorrect address. (Doc. No. 4840)* Per Masters submission, they claim that at times where the docket indicates Masters Pharma was served, they were no longer operating at the address where plaintiff attempted service (3600 Pharma Way, Mason, Ohio 45036). As such, they claim that service was, therefore, improper and untimely. •On September 13, 2019, Masters was served at 3617 Pharma Way, Mason, Ohio, 45040. The Affidavit of Service dated September 13, 2019 for Masters Pharma was filed on October 12, 2019. (See Case 1:19-op-45655 Doc No. 92). •On February 13, 2023, an email was forwarded to William J. Aubel, Esq. requesting a Waiver of Service of Summons, along with a copy of the complaint, for Defendant Masters Pharma. |
| Claiborne County (TN) | 1:19-op-45658 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 1/23/2020 | |
| Claiborne County, TN | 1:19-op-45658 | Levin Papantonio Rafferty | Yes | | TopRx | Yes | Yes | 1/23/2020 | |
| Fauquier County, Virginia v. Mallinckrodt LLC, et al. | 1:19-op-45686 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Fauquier County, Virginia v. Mallinckrodt LLC, et al. | 1:19-op-45686 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals of New York, LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| Fauquier County, Virginia v. Mallinckrodt LLC, et al. | 1:19-op-45686 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals, Inc. | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Board of Supervisors, Prince William County, Virginia | 1:19-op-45687 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| Board of Supervisors, Prince William County, Virginia | 1:19-op-45687 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals of New York, LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |

| Board of Supervisors, Prince William County, Virginia | 1:19-op-45687 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals, Inc. | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| Northumberland County, Virginia | 1:19-op-45688 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Northumberland County, Virginia | 1:19-op-45688 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals of New York, LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| Northumberland County, Virginia | 1:19-op-45688 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals, Inc. | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Halifax County, Virginia | 1:19-op-45692 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| Halifax County, Virginia | 1:19-op-45692 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals of New York, LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Halifax County, Virginia | 1:19-op-45692 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals, Inc. | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| City of Lexington, Virginia | 1:19-op-45693 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| City of Lexington, Virginia | 1:19-op-45693 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals of New York, LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| City of Lexington, Virginia | 1:19-op-45693 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals, Inc. | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Rockbridge County, Virginia | 1:19-op-45694 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| Rockbridge County, Virginia | 1:19-op-45694 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals of New York, LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Rockbridge County, Virginia | 1:19-op-45694 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals, Inc. | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| Roanoke County, Virginia | 1:19-op-45695 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Roanoke County, Virginia | 1:19-op-45695 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals of New York, LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| Roanoke County, Virginia | 1:19-op-45695 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals, Inc. | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| City of Roanoke, Virginia | 1:19-op-45696 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| City of Roanoke, Virginia | 1:19-op-45696 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals of New York, LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| City of Roanoke, Virginia | 1:19-op-45696 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals, Inc. | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| City of Salem, Virginia | 1:19-op-45697 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |

| City of Salem, Virginia | 1:19-op-45697 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals of New York, LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| City of Salem, Virginia | 1:19-op-45697 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals, Inc. | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Floyd County, Virginia | 1:19-op-45698 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| Floyd County, Virginia | 1:19-op-45698 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals of New York, LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Floyd County, Virginia | 1:19-op-45698 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals, Inc. | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| Alleghany County, Virginia | 1:19-op-45700 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Alleghany County, Virginia | 1:19-op-45700 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals of New York, LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| Alleghany County, Virginia | 1:19-op-45700 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals, Inc. | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Franklin County, Virginia | 1:19-op-45701 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| Franklin County, Virginia | 1:19-op-45701 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals of New York, LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Franklin County, Virginia | 1:19-op-45701 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals, Inc. | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| Madison County, Virginia | 1:19-op-45702 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Madison County, Virginia | 1:19-op-45702 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals of New York, LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| Madison County, Virginia | 1:19-op-45702 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals, Inc. | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| City of Mustang, OK | 1:19-op-45708 | Fulmer Sill | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 | |
| City of Midwest City, OK | 1:19-op-45709 | Fulmer Sill | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 | |
| BOCC of Pittsburg County, OK | 1:19-op-45711 | Fulmer Sill | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 | |
| Pittsburg County Board of County Commissioners, OK | 1:19-op-45711 | Fulmer Sill | Yes | | Indivior | Yes | Yes | 3/16/2023 | |
| Pittsburg County Board of County Commissioners, Oklahoma | 1:19-op-45711 | Fulmer Sill | Yes | | Hikma | Yes | Yes | 3/20/2023 | |
| Pittsburg County Board of County Commissioners, Oklahoma | 1:19-op-45711 | Fulmer Sill | Yes | | Mylan | Yes | Yes | 3/16/2023 | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| City of Chesapeake, Virginia v. Actavis, LLC, et al. | 1:19-op-45712 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| City of Chesapeake, Virginia v. Actavis, LLC, et al. | 1:19-op-45712 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals of New York, LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| City of Chesapeake, Virginia v. Actavis, LLC, et al. | 1:19-op-45712 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals, Inc. | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| County of Walker (TX) | 1:19-op-45713 | Law Office of Mark A. Correro | No | N/A | JM Smith | No | | | |
| Accomack County, Virginia | 1:19-op-45715 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service form. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |

| Accomack County, Virginia | 1:19-op-45715 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals of New York, LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| Accomack County, Virginia | 1:19-op-45715 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals, Inc. | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| City of Yukon, OK | 1:19-op-45716 | Fulmer Sill | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 | |
| City of Enid, OK | 1:19-op-45717 | Fulmer Sill | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 | |
| City of Enid, OK | 1:19-op-45717 | Fulmer Sill | Yes | | Sandoz Inc. | Yes | Yes | 3/16/2023 | |
| City of Owasso, OK | 1:19-op-45718 | Fulmer Sill | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 | |
| City of Owasso, Oklahoma | 1:19-op-45718 | Fulmer Sill | Yes | | Mylan | Yes | Yes | 3/16/2023 | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| City of Bristol, Virginia | 1:19-op-45719 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| City of Bristol, Virginia | 1:19-op-45719 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals of New York, LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| City of Bristol, Virginia | 1:19-op-45719 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals, Inc. | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| Louisa County, Virginia | 1:19-op-45720 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Louisa County, Virginia | 1:19-op-45720 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals of New York, LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| Louisa County, Virginia | 1:19-op-45720 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals, Inc. | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| City of St. Albans (VT) | 1:19-op-45721 | Levin Papantonio Rafferty | Yes | | Burlington Drug | Yes | Yes | 2/27/2020 | |
| City of St. Albans (VT) | 1:19-op-45721 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 2/27/2020 | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| City of Hazleton, PA | 1:19-op-45724 | Brindisi, Murad & Brindisi Pearlman | Yes | | Masters Pharmaceutical | Yes | In Process | | Masters is claiming an issue with service of process, stating they were served at an improper address. To correct any deficiency, in good faith, our law firm has sent Waivers as set forth below. Per Case Management Order One (Doc No. 232, ¶6c, Service of Summons and Complaint), "Defendants are encouraged to avoid unnecessary expenses associated with serving the summons and, absent good cause, shall grant requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." Since an Answer has not been served, Plaintiff submits there is no prejudice to Defendant Masters Pharma by requesting that the Waivers be signed at the present time. *Masters Pharma - listed as no service of process/incorrect address. (Doc No. 4840)* •On February 13, 2023, an email was forwarded to William J. Aubel, Esq. requesting a Waiver of Service of Summons, along with a copy of the complaint, for Defendant Masters Pharma. *Please also note that the correct spelling is "Hazleton" not "Hazelton".* |
| City of Hazleton, Pennsylvania | 1:19-op-45724 | Brindisi, Murad & Brindisi Pearlman | Yes | Pharmaceutical, Inc. listed City of Hazleton* as not serving a PFS on repository (as of 10/14/22). (Doc. No. 4847) •Per Judge Polster's order (Doc. #4664), the Government Plaintiff Fact Sheet and First Amended/ supplement thereto for the City of Hazleton, PA was emailed on October 12, 2022. Previous to that it was also filed on June 19, 2018. (See Case: 1:19-op-45724 - Doc No. 638-1).  In response to the deficiency notice, plaintiff's counsel resent the PFS on 2/15/23.  *Please also note that the correct | Amneal Pharmaceuticals, Inc. | No | | | |
| City of Chubbuck, ID | 1:19-op-45729 | Keller Postman LLC | No | 2/21/2023 | Masters Pharmaceutical | Yes | No | Plaintiff intends to request Defendant waive service pursuant to CMO ¶6c |
| City of Danville (VA) | 1:19-op-45730 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 4/14/2020 |
| Pemiscot County (MO) | 1:19-op-45733 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 2/27/2020 |
| Pemiscot County (MO) | 1:19-op-45733 | Levin Papantonio Rafferty | Yes | | Quest Pharmaceuticals | Yes | Yes | 2/27/2020 |
| Pine County, MN | 1:19-op-45738 | Keller Postman LLC | No | 2/21/2023 | Masters Pharmaceutical | Yes | No | Plaintiff intends to request Defendant waive service pursuant to CMO ¶6c |
| City of Austin, IN | 1:19-op-45739 | Frank C Dudeneher, Jr., The Dudenhefer Law Firm LLC | Yes | | Indivior | Yes | In Process | The PFS was submitted on 06/13/20 and again on 10/13/22, bearing the incorrect civil action number of 19-op-00155. Out of abundance of caution, a further PFS was placed in the repository on 02/14/2023, bearing the incorrect civil action number of 1-md-2804. The correct civil action number is shown in Column B. Request for waiver sent by certified mail on 02/21/23, received 02/22/23. |
| City of Austin, Indiana | 1:19-op-45739 | Frank C Dudeneher, Jr., The Dudenhefer Law Firm LLC | Yes | | Mylan | Yes | In Process | The PFS was submitted on 06/13/20 and again on 10/13/22, bearing the incorrect civil action number of 19-op-00155. Out of abundance of caution, a further PFS was placed in the repository on 02/14/2023, bearing the incorrect civil action number of 1-md-2804. The correct civil action number is shown in Column B. Request for waiver sent by certified mail on 02/21/23, received 02/22/23. |
| City of Madison, IN | 1:19-op-45740 | Frank C Dudeneher, Jr., The Dudenhefer Law Firm LLC | Yes | | Indivior | Yes | In Process | The PFS was submitted on 06/13/20 and again on 10/13/22, bearing the incorrect civil action number of 19-op-00156. Out of abundance of caution, a further PFS was placed in the repository on 02/14/2023, bearing the incorrect civil action number of 1-md-2804. The correct civil action number is shown in Column B. Request for waiver sent by certified mail on 02/21/23, received 02/22/23. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| City of Madison, Indiana | 1:19-op-45740 | Frank C Dudeneher, Jr., The Dudenhefer Law Firm LLC | Yes | | Mylan | Yes | In Process | | The PFS was submitted on 06/13/20 and again on 10/13/22, bearing the incorrect civil action number of 19-op-00156. Out of abundance of caution, a further PFS was placed in the repository on 02/14/2023, bearing the incorrect civil action number of 1-md-2804. The correct civil action number is shown in Column B. Request for waiver sent by certified mail on 02/27/23. |
| City of Hoover, AL | 1:19-op-45746 | Wallace Jordan Ratliff & Brandt LLC | No | 10/28/2022 | Associated Pharmacies Inc/American Associated Pharmacies | Yes | In Process | | From review of internal records, waiver of Service sent on November 26, 2019 when filing its short-form amended complaint by regular mail to counsel of record. Upon notice of the deficiency, Waiver of Service again sent on 03.06.2023 to counsel of record by email. Attorney Stewart Alvis indicated willingness to accept service on client's behalf following further rulings related to January 3, 2023 Order of Court. Also sent by certified mail to Company |
| City of Hoover, Alabama | 1:19-op-45746 | Wallace Jordan Ratliff & Brandt LLC | No | 10/28/2022 | Hikma | Yes | In Process | | From review of internal records, waiver of Service sent on November 26, 2019 when filing its short-form amended complaint by regular mail to counsel of record. Upon notice of the deficiency, waiver of Service again sent on 03.08.2023 to counsel of record by email and by certified mail to Company. (Certified, tracking no. 7021197000143107897) |
| City of Hoover, Alabama | 1:19-op-45746 | Wallace Jordan Ratliff & Brandt LLC | No | 10/28/2022 | Mylan | Yes | Yes | 3/14/2023 | From review of internal records, waiver of Service sent on November 26, 2019 when filing its short-form amended complaint by regular mail to counsel of record. Upon notice of the deficiency, waiver of Service sent on 03.08.2023 to counsel of record by email and by certified mail to Company. (Certified, tracking no. 70211970000143107900), signed for by Heather Wheeler. |
| The City of Hoover, AL, a Municipal Corporation of the State of Alabama | 1:19-op-45746 | Wallace Jordan Ratliff & Brandt LLC | No | 10/28/2022 | Indivior | Yes | In Process | | Following amendment of Hoover's complaint on November 26, 2019, Hoover attempted waiver of service by mail to listed counsel of record. Upon notice of the deficiency, Hoover recognizes this waiver was either not sent or received, to wit: waiver of service is now being sought along with notice by certified mail. |
| City of Proctor, MN | 1:19-op-45748 | Keller Postman LLC | No | 2/21/2023 | Masters Pharmaceutical | Yes | No | | Plaintiff intends to request Defendant waive service pursuant to CMO 16c |
| City of Mandeville, LA | 1:19-op-45753 | Leger & Shaw | Yes | | KVK-Tech | Yes | Yes | 3/17/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/16/2023. Executed Return of Service filed 3/17/2023. |
| City of Mandeville, Louisiana | 1:19-op-45753 | Leger & Shaw | Yes | | Louisiana Wholesale Drug | Yes | Yes | 2/13/2023 | Waiver of service executed in October 2022. Filed executed waiver of service into record 2/13/2023. Defendant removed from Amended Notice. |
| Mandeville City, LA | 1:19-op-45753 | Leger & Shaw | Yes | | Novartis Pharmaceuticals Corp. | Yes | Yes | 3/14/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/14/2023. Executed Return of Service filed 3/14/2023. |
| Mandeville City, Louisiana | 1:19-op-45753 | Leger & Shaw | Yes | | Mylan | Yes | Yes | 3/16/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/15/2023. Executed Return of Service filed 3/16/2023. |
| Town of Pearl River, LA | 1:19-op-45754 | Leger & Shaw | Yes | | KVK-Tech | Yes | Yes | 3/17/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/16/2023. Executed Return of Service filed 3/17/2023. |
| Town of Pearl River, Louisiana | 1:19-op-45754 | Leger & Shaw | Yes | | Amneal Pharmaceuticals of New York, LLC | Yes | No | | Not named as Defendant to suit. |
| Board of County Commissioners for Kiowa County, OK | 1:19-op-45755 | Fulmer Sill | Yes | | Sandoz Inc. | Yes | Yes | 3/16/2023 | |
| BOCC of Kiowa County, OK | 1:19-op-45755 | Fulmer Sill | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 | |
| Board of County Commissioners of Stephens County (OK) | 1:19-op-45756 | Fulmer Sill | Yes | | Quest Pharmaceuticals | Yes | Yes | 3/16/2023 | |
| Board of County Commissioners of Stephens County, OK | 1:19-op-45756 | Fulmer Sill | Yes | | Indivior | Yes | Yes | 3/16/2023 | |
| Board of County Commissioners of Stephens County, Oklahoma | 1:19-op-45756 | Fulmer Sill | Yes | | Hikma | Yes | Yes | 3/20/2023 | |
| BOCC of Stephens County, OK | 1:19-op-45756 | Fulmer Sill | Yes | | GCP Pharma | Yes | Yes | 3/21/2023 | |
| Stephens County, Oklahoma | 1:19-op-45756 | Fulmer Sill | Yes | | Mylan | Yes | Yes | 3/16/2023 | |
| BOCC of Harper County, OK | 1:19-op-45757 | | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 | |
| Bingham County, Idaho | 1:19-op-45758 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Amneal Pharmaceuticals, Inc. | Yes | | | SHC Not Pursuing |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Bingham County, ID | 1:19-op-45758 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 11/25/2019 | |
| Bingham County, ID | 1:19-op-45758 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | |
| Bingham County, Idaho | 1:19-op-45758 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Hikma | No | | | |
| Board of County Commissioners of Johnston County, OK | 1:19-op-45765 | Fulmer Sill | Yes | | Indivior | Yes | Yes | 3/16/2023 | |
| BOCC of Johnston County, OK | 1:19-op-45765 | Fulmer Sill | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 | |
| Johnston County, Oklahoma | 1:19-op-45765 | Fulmer Sill | Yes | | Mylan | Yes | Yes | 3/16/2023 | |
| Fairfax County Board of Supervisors | 1:19-op-45766 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Fairfax County Board of Supervisors | 1:19-op-45766 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals of New York, LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| Fairfax County Board of Supervisors | 1:19-op-45766 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals, Inc. | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| City of Slidell, LA | 1:19-op-45769 | Leger & Shaw | Yes | | KVK-Tech | Yes | Yes | 3/17/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/16/2023. Executed Return of Service filed 3/17/2023. |
| City of Slidell, Louisiana | 1:19-op-45769 | Leger & Shaw | Yes | | Amneal Pharmaceuticals of New York, LLC | Yes | No | | Not named as Defendant to suit. |
| Choctaw County, AL | 1:19-op-45770 | DeGaris Law | No | 10/28/2022 | Indivior | No | | | |
| Choctaw County, Alabama | 1:19-op-45770 | DeGaris Law | No | 10/28/2022 | Mylan | No | | | |
| Washington Parish Government v. Purdue Pharma L.P., et al. | 1:19-op-45773 | Leger & Shaw | Yes | | Amneal Pharmaceuticals of New York, LLC | Yes | No | | Not named as Defendant to suit. |
| Washington Parish Government, LA | 1:19-op-45773 | Leger & Shaw | Yes | | KVK-Tech | Yes | Yes | 3/17/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/16/2023. Executed Return of Service filed 3/17/2023. (Doc. No. 48) |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Ada County, ID | 1:19-op-45775 | Keller Rohrback L.L.P. | Yes | | KVK-Tech | Yes | Yes | 3/8/2023 | Waiver filed 3/8/23. Waiver request originally sent 3/4/2020. After multiple follow-ups, waiver signed and returned 3/8/2023. |
| Ada County, ID | 1:19-op-45775 | Keller Rohrback L.L.P. | Yes | | Indivior | Yes | Yes | 3/17/2023 | Declaration of Service re personal service filed 3/17/23. Indivior added on short form. Waiver request sent 2/15/2023. No response received from Indivior after multiple follow-up requests. Personal service perfected 3/15/2023. Indivior declined waiver 3/16/2023. |
| Ada County, Idaho | 1:19-op-45775 | Keller Rohrback L.L.P. | Yes | | Amneal Pharmaceuticals LLC | Yes | Yes | 3/14/2023 | Declaration of Service re personal service filed 3/14/23. Waiver request originally sent 4/7/2020. After multiple follow-ups, Indivior refused to sign waiver. Personal service perfected 3/10/2023. |
| Ada County, Idaho | 1:19-op-45775 | Keller Rohrback L.L.P. | Yes | | Amneal Pharmaceuticals, Inc. | Yes | Yes | 3/14/2023 | Declaration of Service re personal service filed 3/14/23. Waiver request originally sent 4/7/2020. After multiple follow-ups, Indivior refused to sign waiver. Personal service perfected 3/10/2023. |
| Ada County, Idaho | 1:19-op-45775 | Keller Rohrback L.L.P. | Yes | | Hikma | Yes | Yes | 3/20/2023 | Declaration of Service re personal service filed 3/20/23. Hikma Pharmaceuticals USA, Inc. not a named defendant. West-Ward Pharmaceutical Corp is a named defendant.  Waiver request originally sent to West-Ward on 1/3/2020. No response received after multiple follow-ups. Personal service perfected 3/15/2023. |
| Ada County, Idaho | 1:19-op-45775 | Keller Rohrback L.L.P. | Yes | | Mylan | Yes | Yes | 3/14/2023 | Declaration of Service re personal service filed 3/14/23. Mylan added on short form. Waiver request sent 2/15/2023. No waiver received after multiple follow-up requests.  Personal service perfected 3/13/2023. |
| City of Wichita, KS | 1:19-op-45781 | Hutton & Hutton; Bertram & Graf/Edgar Law Firm | Yes | N/A | KVK-Tech | No | | | The City of Wichita was initially included on KVK-Tech's 1/30/23 deficiency list. However, The City of Witchita was removed from KVK-Tech's amended deficiency list filed on 2/6/23. |
| City of Wichita, KS | 1:19-op-45781 | Hutton & Hutton; Bertram & Graf/Edgar Law Firm; Skikos Crawford Skikos & Joseph | Yes | N/A | KVK-Tech | No | | | The City of Wichita was initially included on KVK-Tech's 1/30/23 deficiency list. However, The City of Witchita was removed from KVK-Tech's amended deficiency list filed on 2/6/23. |
| City of Prattville, Alabama | 1:19-op-45783 | Riley & Jackson, P.C. | No | | 10/27/2022 | Hikma | Yes | In Process | In Process | Plaintiff's counsel believes his office submitted a service waiver to defense counsel at the time this case was originally filed. Counsel has confirmed that his legal assistant who was in charge of submitting waivers to defense submitted waivers to other defendants at or around the same time. Counsel cannot confirm with certainty that his legal assistant submitted a waiver to counsel for this defendant as the legal assistant left employment with the firm at the time of COVID outbreak, and her internal electronic files are no longer accessible. Plaintiff's counsel resubmitted the service waiver to defense counsel in March, 2023. Defense counsel did not respond. Plaintiff's counsel then requested and has obtained a summons from the Clerk of Court. Service on this defendant is in process. |
| City of Prattville, Alabama | 1:19-op-45783 | Riley & Jackson, P.C. | No | | 10/27/2022 | Mylan | Yes | In Process | In Process | Plaintiff's counsel believes his office submitted a service waiver to defense counsel at the time this case was originally filed. Counsel has confirmed that his legal assistant who was in charge of submitting waivers to defense submitted waivers to other defendants at or around the same time. Counsel cannot confirm with certainty that his legal assistant submitted a waiver to counsel for this defendant as the legal assistant left employment with the firm at the time of COVID outbreak, and her internal electronic files are no longer accessible. Plaintiff's counsel resubmitted the service waiver to defense counsel in March, 2023. Defense counsel did not respond. Plaintiff's counsel then requested and has obtained a summons from the Clerk of Court. Service on this defendant is in process. |
| City of Orange Beach, Alabama | 1:19-op-45784 | Riley & Jackson, P.C. | No | | 10/27/2022 | Hikma | Yes | In Process | In Process | Plaintiff's counsel believes his office submitted a service waiver to defense counsel at the time this case was originally filed. Counsel has confirmed that his legal assistant who was in charge of submitting waivers to defense submitted waivers to other defendants at or around the same time. Counsel cannot confirm with certainty that his legal assistant submitted a waiver to counsel for this defendant as the legal assistant left employment with the firm at the time of COVID outbreak, and her internal electronic files are no longer accessible. Plaintiff's counsel resubmitted the service waiver to defense counsel in March, 2023. Defense counsel did not respond. Plaintiff's counsel then requested and has obtained a summons from the Clerk of Court. Service on this defendant is in process. |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| City of Orange Beach, Alabama | 1:19-op-45784 | Riley & Jackson, P.C. | No | 10/27/2022 | Mylan | Yes | In Process | In Process | | Plaintiff's counsel believes his office submitted a service waiver to defense counsel at the time this case was originally filed. Counsel has confirmed that his legal assistant who was in charge of submitting waivers to defense submitted waivers to other defendants at or around the same time. Counsel cannot confirm with certainty that his legal assistant submitted a waiver to counsel for this defendant as the legal assistant left employment with the firm at the time of the COVID outbreak, and her internal electronic files are no longer accessible. Plaintiff's counsel resubmitted the service waiver to defense counsel in March, 2023. Defense counsel did not respond. Plaintiff's counsel then requested and has obtained a summons from the Clerk of Court. Service on this defendant is in process. |
| The Klamath Tribes | 1:19-op-45786 | | | | Apotex | No | | | | The PEC notes the plaintiff is a tribe and was improperly identified by Defendant on its service and fact sheet list. The Court's 1/3/23 Order (#4801) was directed to "plaintiff-subdivisions" only. In addition, the 6/19/18 Fact Sheet Implementation Order (#638) was applicable to Government Entities only and did not apply to plaintiff-tribes (see 6/20/18 Order, #642). |
| The Klamath Tribes | 1:19-op-45786 | | | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | | | | The PEC notes the plaintiff is a tribe and was improperly identified by Defendant on its service and fact sheet list. The Court's 1/3/23 Order (#4801) was directed to "plaintiff-subdivisions" only. In addition, the 6/19/18 Fact Sheet Implementation Order (#638) was applicable to Government Entities only and did not apply to plaintiff-tribes (see 6/20/18 Order, #642). |
| Klamath Tribes, NJ | 1:19-op-45786 | Weitz & Luxenberg | No | Not required; Dkt. 638, Dkt. 649 | Auburn Pharmaceutical | Yes | Yes | 12/10/2019 | Proof of service at Dkt. 55. | |
| Klamath Tribes, OR v. Purdue Pharma L.P., et al. | 1:19-op-45786 | Weitz & Luxenberg | No | Not required; Dkt. 638, Dkt. 644 | SuperValu | No | | | | |
| Decatur County, TN | 1:19-op-45789 | LCHB | No | 3/15/2023 | Morris & Dickson | Yes | In Process | | Waiver sent 3/14/2023. No response. Praecipe to obtain summons filed on 3/21/2023. | |
| Decatur County, Tennessee | 1:19-op-45789 | LCHB | No | 3/14/2023 | Amneal | No | | | | |
| Chariton County, MO v. Purdue Pharm L.P. et al | 1:19-op-45790 | Levin Papantonio Rafferty | Yes | | Pharmacy Buying Association | Yes | Yes | 1/3/2020 | | |
| The Town of Bennington, Vermont v. Mallinckrodt PLC, et al. | 1:19-op-45791 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals LLC | Yes | In Process | | | On December 6, 2019, subdivision counsel requested a waiver of service from the Defendant but did not receive a response. Subdivision counsel recently followed up with Defendant and again requested a waiver of service but still has not received a response. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel will file the executed waiver promptly upon receipt from Defendant. |
| The Town of Bennington, Vermont v. Mallinckrodt PLC, et al. | 1:19-op-45791 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals of New York, LLC | Yes | In Process | | | On December 6, 2019, subdivision counsel requested a waiver of service from the Defendant but did not receive a response. Subdivision counsel recently followed up with Defendant and again requested a waiver of service but still has not received a response. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel will file the executed waiver promptly upon receipt from Defendant. |
| The Town of Bennington, Vermont v. Mallinckrodt PLC, et al. | 1:19-op-45791 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals, Inc. | Yes | In Process | | | On December 6, 2019, subdivision counsel requested a waiver of service from the Defendant but did not receive a response. Subdivision counsel recently followed up with Defendant and again requested a waiver of service but still has not received a response. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel will file the executed waiver promptly upon receipt from Defendant. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| City of Covington, Virginia | 1:19-op-45799 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| City of Covington, Virginia | 1:19-op-45799 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals of New York, LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |

| Plaintiff | Case No. | Counsel | Waiver Sent | Date | Defendant | | | Date | Notes |
|---|---|---|---|---|---|---|---|---|---|
| City of Covington, Virginia | 1:19-op-45799 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals, Inc. | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| Board of County Commissioners for Dewey County, OK | 1:19-op-45801 | Fulmer Sill | Yes | | Indivior | Yes | Yes | 3/16/2023 | |
| Board of County Commissioners of Dewey County, Oklahoma | 1:19-op-45801 | Fulmer Sill | Yes | | Hikma | Yes | Yes | 3/20/2023 | |
| BOCC of Dewey County, OK | 1:19-op-45801 | Fulmer Sill | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 | |
| Dewey County Board of County Commissioners, Oklahoma | 1:19-op-45801 | Fulmer Sill | Yes | | Mylan | Yes | Yes | 3/16/2023 | |
| City of Jackson (MS) | 1:19-op-45806 | Bossier & Associates, PLLC | No | 2/14/2023 | JM Smith | Yes | No | | Defendant's counsel was sent Waiver of Service forms, which were not timely returned. We have re-initiated efforts to obtain waiver, however, none have been received to date. NOTE: SOL does not run against this municipal Plaintiff, and thus, the case can be refiled if required. |
| City of Jackson, Mississippi | 1:19-op-45806 | Bossier & Associates, PLLC | No | 2/14/2023 | Amneal Pharmaceuticals LLC | Yes | No | | Defendant's counsel was sent Waiver of Service forms, which were not timely returned. We have re-initiated efforts to obtain waiver, however, none have been received to date. NOTE: SOL does not run against this municipal Plaintiff, and thus, the case can be refiled if required. |
| City of Jackson, Mississippi | 1:19-op-45806 | Bossier & Associates, PLLC | No | 2/14/2023 | Henry Schein | Yes | No | | Defendant's counsel was sent Waiver of Service forms, which were not timely returned. We have re-initiated efforts to obtain waiver, however, none have been received to date. NOTE: SOL does not run against this municipal Plaintiff, and thus, the case can be refiled if required. |
| City of Jackson, Mississippi | 1:19-op-45806 | Bossier & Associates, PLLC | No | 2/14/2023 | Hikma | No | No | | Defendant's counsel was sent Waiver of Service forms, which were not timely returned. We have re-initiated efforts to obtain waiver, however, none have been received to date. NOTE: SOL does not run against this municipal Plaintiff, and thus, the case can be refiled if required. |
| City of Jackson, MS | 1:19-op-45806 | Bossier & Associates, PLLC | No | 2/14/2023 | KVK-Tech | No | No | | Defendant's counsel was sent Waiver of Service forms, which were not timely returned. We have re-initiated efforts to obtain waiver, however, none have been received to date. NOTE: SOL does not run against this municipal Plaintiff, and thus, the case can be refiled if required. |
| Twin Falls County, ID | 1:19-op-45828 | Keller Postman LLC | No | 2/21/2023 | Masters Pharmaceutical | Yes | No | | Plaintiff intends to request Defendant waive service pursuant to CMO ¶6c |
| City of Coon Rapids, MN | 1:19-op-45835 | Keller Postman LLC | No | 2/21/2023 | Masters Pharmaceutical | Yes | No | | Plaintiff intends to request Defendant waive service pursuant to CMO ¶6c |
| Loudoun County, Virginia | 1:19-op-45842 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals LLC | Yes | No | | Defendant is not included as a defendant in the operative complaint for this listed case. Because the Defendant is not listed in the operative complaint, the Defendant did not need to be served. |
| Loudoun County, Virginia | 1:19-op-45842 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals of New York, LLC | Yes | No | | Defendant is not included as a defendant in the operative complaint for this listed case. Because the Defendant is not listed in the operative complaint, the Defendant did not need to be served. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Loudoun County, Virginia | 1:19-op-45842 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals, Inc. | Yes | No | | Defendant is not included as a defendant in the operative complaint for this listed case. Because the Defendant is not listed in the operative complaint, the Defendant did not need to be served. |
| City of Auburn v. Purdue Pharma L.P., et al. | 1:19-op-45843 | Napoli Shkolnik | No | 12/22/2022 | Value Drug | Yes | Yes | 2/15/2023 | |
| City of Auburn, New York | 1:19-op-45843 | Napoli Shkolnik | No | 12/22/2022 | Hikma | No | | | |
| The City of Auburn, New York | 1:19-op-45843 | Napoli Shkolnik | No | 12/22/2022 | Amneal Pharmaceuticals, Inc. | Yes | Yes | 2/22/2023 | waiver also sent 2/17/23 |
| City of Auburn, New York | 1:19-op-45843 | Napoli Shkolnik | No | 12/22/2022 | Mylan | No | | | |
| The City of Auburn (New York) | 1:19-op-45843 | Napoli Shkolnik | No | 12/22/2022 | Henry Schein | No | | | |
| The City of Auburn (NY) | 1:19-op-45843 | Napoli Shkolnik | No | 12/22/2022 | JM Smith | Yes | Yes | 2/15/2023 | |
| Lauderdale County, Alabama | 1:19-op-45845 | Riley & Jackson, P.C. | No | 10/28/2022 | Hikma | Yes | In Process | In Process | Plaintiff's counsel believes his office submitted a service waiver to defense counsel at the time this case was originally filed. Counsel has confirmed that his legal assistant who was in charge of submitting service submitted waivers to other defendants at or around the same time. Counsel cannot confirm with certainty that his legal assistant submitted a waiver to counsel for this defendant as the legal assistant left employment with the firm at the time of COVID outbreak, and her internal electronic files are no longer accessible. Plaintiff's counsel resubmitted the service waiver to defense counsel in March, 2023. Defense counsel did not respond. Plaintiff's counsel then requested and has obtained a summons from the Clerk of Court. Service on this defendant is in process. |
| Lauderdale County, Alabama | 1:19-op-45845 | Riley & Jackson, P.C. | No | 10/28/2022 | Mylan | Yes | In Process | In Process | Plaintiff's counsel believes his office submitted a service waiver to defense counsel at the time this case was originally filed. Counsel has confirmed that his legal assistant who was in charge of submitting service submitted waivers to other defendants at or around the same time. Counsel cannot confirm with certainty that his legal assistant submitted a waiver to counsel for this defendant as the legal assistant left employment with the firm at the time of COVID outbreak, and her internal electronic files are no longer accessible. Plaintiff's counsel resubmitted the service waiver to defense counsel in March, 2023. Defense counsel did not respond. Plaintiff's counsel then requested and has obtained a summons from the Clerk of Court. Service on this defendant is in process. |
| Greensville County, Virginia | 1:19-op-45848 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals LLC | Yes | Yes | 2/24/2023 | Within 90 days of filing the complaint, subdivision counsel requested and received an executed waiver of service from the Defendant. Subdivision counsel filed the executed waiver with the court on February 24, 2023. Because the subdivision obtained an executed waiver of service from Defendant, Defendant has not been prejudiced by the subdivision's delay in filing the executed waiver and this case should not be dismissed. |
| Greensville County, Virginia | 1:19-op-45848 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals of New York, LLC | Yes | Yes | 2/24/2023 | Within 90 days of filing the complaint, subdivision counsel requested and received an executed waiver of service from the Defendant. Subdivision counsel filed the executed waiver with the court on February 24, 2023. Because the subdivision obtained an executed waiver of service from Defendant, Defendant has not been prejudiced by the subdivision's delay in filing the executed waiver and this case should not be dismissed. |
| Greensville County, Virginia | 1:19-op-45848 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals, Inc. | Yes | Yes | 2/24/2023 | Within 90 days of filing the complaint, subdivision counsel requested and received an executed waiver of service from the Defendant. Subdivision counsel filed the executed waiver with the court on February 24, 2023. Because the subdivision obtained an executed waiver of service from Defendant, Defendant has not been prejudiced by the subdivision's delay in filing the executed waiver and this case should not be dismissed. |
| Culpeper County, Virginia | 1:19-op-45849 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals LLC | Yes | Yes | 2/24/2023 | Within 90 days of filing the complaint, subdivision counsel requested and received an executed waiver of service from the Defendant. Subdivision counsel filed the executed waiver with the court on February 24, 2023. Because the subdivision obtained an executed waiver of service from Defendant, Defendant has not been prejudiced by the subdivision's delay in filing the executed waiver and this case should not be dismissed. |
| Culpeper County, Virginia | 1:19-op-45849 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals of New York, LLC | Yes | Yes | 2/24/2023 | Within 90 days of filing the complaint, subdivision counsel requested and received an executed waiver of service from the Defendant. Subdivision counsel filed the executed waiver with the court on February 24, 2023. Because the subdivision obtained an executed waiver of service from Defendant, Defendant has not been prejudiced by the subdivision's delay in filing the executed waiver and this case should not be dismissed. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Culpeper County, Virginia | 1:19-op-45849 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals, Inc. | Yes | Yes | 2/24/2023 | Within 90 days of filing the complaint, subdivision counsel requested and received an executed waiver of service from the Defendant. Subdivision counsel filed the executed waiver with the court on February 24, 2023. Because the subdivision obtained an executed waiver of service from Defendant, Defendant has not been prejudiced by the subdivision's delay in filing the executed waiver and this case should not be dismissed. |
| Charlotte County, Virginia | 1:19-op-45851 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| Charlotte County, Virginia | 1:19-op-45851 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals of New York, LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Charlotte County, Virginia | 1:19-op-45851 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals, Inc. | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| City of Ogdensburg, New York | 1:19-op-45852 | Napoli Shkolnik | No | 12/22/2022 | Hikma | No | | | |
| The City of Ogdensburg, New York  et al. | 1:19-op-45852 | Napoli Shkolnik | No | 12/22/2022 | Amneal Pharmaceuticals, Inc. | Yes | Yes | 2/22/2023 | waiver also sent 2/17/23 |
| City of Ogdensburg, New York | 1:19-op-45852 | Napoli Shkolnik | No | 12/22/2022 | Mylan | No | | | |
| The City of Ogdensburg (NY) | 1:19-op-45852 | Napoli Shkolnik | No | 12/22/2022 | JM Smith | Yes | Yes | 2/15/2023 | |
| The City of Ogdensburg v. Purdue Pharma L.P., et al. | 1:19-op-45852 | Napoli Shkolnik | No | 12/22/2022 | Value Drug | Yes | Yes | 2/15/2023 | |
| City of Rochester, New York | 1:19-op-45853 | Napoli Shkolnik | No | 12/22/2022 | Hikma | No | | | |
| The City of Rochester, New York | 1:19-op-45853 | Napoli Shkolnik | No | 12/22/2022 | Amneal Pharmaceuticals, Inc. | Yes | Yes | 2/22/2023 | waiver also sent 2/17/23 |
| City of Rochester, New York | 1:19-op-45853 | Napoli Shkolnik | No | 12/22/2022 | Mylan | No | | | |
| The City of Rochester (NY) | 1:19-op-45853 | Napoli Shkolnik | No | 12/22/2022 | JM Smith | Yes | Yes | 2/15/2023 | |
| The City of Rochester v. Purdue Pharma L.P., et al. | 1:19-op-45853 | Napoli Shkolnik | No | 12/22/2022 | Value Drug | Yes | Yes | 2/15/2023 | |
| City of Portsmouth, Virginia | 1:19-op-45856 | Scott+Scott Attorneys at Law LLP | Yes | | Hikma | Yes | | | |
| City of Saratoga Springs, New York | 1:19-op-45857 | Napoli Shkolnik | No | 1/3/2023 | Hikma | No | | | |
| The City of Saratoga Springs, New York | 1:19-op-45857 | Napoli Shkolnik | No | 1/3/2023 | Amneal Pharmaceuticals, Inc. | Yes | Yes | 2/22/2023 | waiver also sent 2/17/23 |
| City of Saratoga Springs, New York | 1:19-op-45857 | Napoli Shkolnik | No | 1/3/2023 | Mylan | No | | | |
| The City of Saratoga Springs (NY) | 1:19-op-45857 | Napoli Shkolnik | No | 1/3/2023 | JM Smith | Yes | Yes | 2/15/2023 | |
| The City of Saratoga Springs v. Purdue Pharma L.P., et al | 1:19-op-45857 | Napoli Shkolnik | No | 1/3/2023 | Value Drug | Yes | Yes | 2/15/2023 | |
| The City of Saratoga Springs, NY | 1:19-op-45857 | Napoli Shkolnik | No | 1/3/2023 | Sandoz/Novartis | No | | | |
| City of Jenks, OK | 1:19-op-45858 | Fulmer Sill | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| County of Kauai, political subdivision of the State of Hawaii, for themselves individually, and on behalf of all similarly situated persons, et al. | 1:19-op-45862 | Napoli Shkolnik | No | | 12/13/2022 | Amneal Pharmaceuticals, Inc. | Yes | Yes | 2/22/2023 | waiver also sent 2/17/23 |
| County of Kauai v. CVS Health Corporation, et al. | 1:19-op-45862 | Napoli Shkolnik | No | | 12/13/2022 | Value Drug | Yes | Yes | 2/15/2023 | |
| County of Kaua'i, a Political Subdivision of the State of Hawai'i, for themselves individually, and on behalf of all similarly situated persons, and on behalf of the general public, as a class (Hawaii)[1] | 1:19-op-45862 | Napoli Shkolnik | No | | 12/13/2022 | Henry Schein | No | | | |
| County of Kaua'i, Hawaii | 1:19-op-45862 | Napoli Shkolnik | No | | 12/13/2022 | Hikma | No | | | |
| County of Kauai, Hawaii | 1:19-op-45862 | Napoli Shkolnik | No | | 12/13/2022 | Mylan | No | | | |
| The Fiscal Court of Casey County, Kentucky | 1:19-op-45887 | The Finnell Firm | Yes | | | Amneal Pharmaceuticals LLC | Yes | Yes | 2/16/2023 | |
| Fiscal Court of Lewis County (KY) | 1:19-op-45889 | The Finnell Firm | Yes | | | Quest Pharmaceuticals | Yes | Yes | 2/16/2023 | |
| Okaloosa County, Florida | 1:19-op-45894 | Napoli Shkolnik | No | | 12/22/2022 | Hikma | No | | | |
| Okaloosa County, Florida | 1:19-op-45894 | Napoli Shkolnik | No | | 12/22/2022 | Mylan | No | | | |
| City of Fredericksburg, Virginia | 1:19-op-45898 | Sanford Heisler Sharp, LLP | Yes | | | Amneal Pharmaceuticals LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| City of Fredericksburg, Virginia | 1:19-op-45898 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals of New York, LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| City of Fredericksburg, Virginia | 1:19-op-45898 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals, Inc. | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| City of Sylacauga, Alabama | 1:19-op-45900 | Riley & Jackson, P.C. | No | | 10/27/2022 Hikma | Yes | In Process | In Process | Plaintiff's counsel believes his office submitted a service waiver to defense counsel at the time this case was originally filed. Counsel has confirmed that his legal assistant who was in charge of submitting waivers to defense submitted waivers to other defendants at or around the same time. Counsel cannot confirm with certainty that his legal assistant submitted a waiver to counsel for this defendant as the legal assistant left employment with the firm at the time of the COVID outbreak, and her internal electronic files are no longer accessible. Plaintiff's counsel resubmitted the service waiver to defense counsel in March, 2023. Defense counsel did not respond. Plaintiff's counsel then requested and has obtained a summons from the Clerk of Court. Service on this defendant is in process. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| City of Sylacauga, Alabama | 1:19-op-45900 | Riley & Jackson, P.C. | No | | 10/27/2022 | Mylan | Yes | In Process | In Process | Plaintiff's counsel believes his office submitted a service waiver to defense counsel at the time this case was originally filed. Counsel has confirmed that his legal assistant who was in charge of submitting waivers to defense submitted waivers to other defendants at or around the same time. Counsel cannot confirm with certainty that his legal assistant submitted a waiver to counsel for this defendant as the legal assistant left employment with the firm at the time of the COVID outbreak, and her internal electronic files are no longer accessible. Plaintiff's counsel resubmitted the service waiver to defense counsel in March, 2023. Defense counsel did not respond. Plaintiff's counsel then requested and has obtained a summons from the Clerk of Court. Service on this defendant is in process. |
| City of Vancouver, WA | 1:19-op-45908 | Keller Rohrback L.L.P. | Yes | | | KVK-Tech | Yes | Yes | 3/8/2023 | Waiver filed 3/8/23. Waiver request originally sent 3/4/2020. After multiple follow-ups, waiver signed and returned 3/8/2023. |
| Mesa County, CO | 1:19-op-45923 | Keller Rohrback L.L.P. | Yes | | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 2/27/2023 | Waiver filed 2/27/23.  Waiver signed and received 4/3/2020. |
| The Board of County Commissioners of the County of Mesa, Colorado | 1:19-op-45923 | Keller Rohrback L.L.P. | Yes | | | Amneal Pharmaceuticals LLC | Yes | Yes | 3/14/2023 | Declaration of Service re personal service filed 3/14/23. Waiver request originally sent 4/7/2020. After multiple follow-ups, Indivior refused to sign waiver. Personal service perfected 3/10/2023. |
| The Board of County Commissioners of the County of Mesa, Colorado | 1:19-op-45923 | Keller Rohrback L.L.P. | Yes | | | Amneal Pharmaceuticals, Inc. | Yes | Yes | 3/14/2023 | Declaration of Service re personal service filed 3/14/23. Waiver request originally sent 4/7/2020. After multiple follow-ups, Indivior refused to sign waiver. Personal service perfected 3/10/2023. |
| Township of Barnegat, NJ | 1:19-op-45925 | The Wright Law Firm, LLC | No | 2/20/2023 | | American Sales Company, LLC | Yes | In Process | | |
| Township of Barnegat, NJ | 1:19-OP-45925 | The Wright Law Firm, LLC | No | 2/20/2023 | | TopRx | Yes | In Process | | |
| Township of Barnegat, NJ Police Department | 1:19-op-45925 | The Wright Law Firm, LLC | No | 2/20/2023 | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | In Process | | |
| Prince George County, Virginia | 1:19-op-45929 | Sanford Heisler Sharp, LLP | Yes | | | Amneal Pharmaceuticals LLC | Yes | Yes | 2/24/2023 | Within 90 days of filing the complaint, subdivision counsel requested and received an executed waiver of service from the Defendant. Subdivision counsel filed the executed waiver with the court on February 24, 2023. Because the subdivision obtained an executed waiver of service from Defendant, Defendant has not been prejudiced by the subdivision's delay in filing the executed waiver and this case should not be dismissed. |
| Prince George County, Virginia | 1:19-op-45929 | Sanford Heisler Sharp, LLP | Yes | | | Amneal Pharmaceuticals of New York, LLC | Yes | Yes | 2/24/2023 | Within 90 days of filing the complaint, subdivision counsel requested and received an executed waiver of service from the Defendant. Subdivision counsel filed the executed waiver with the court on February 24, 2023. Because the subdivision obtained an executed waiver of service from Defendant, Defendant has not been prejudiced by the subdivision's delay in filing the executed waiver and this case should not be dismissed. |
| Prince George County, Virginia | 1:19-op-45929 | Sanford Heisler Sharp, LLP | Yes | | | Amneal Pharmaceuticals, Inc. | Yes | Yes | 2/24/2023 | Within 90 days of filing the complaint, subdivision counsel requested and received an executed waiver of service from the Defendant. Subdivision counsel filed the executed waiver with the court on February 24, 2023. Because the subdivision obtained an executed waiver of service from Defendant, Defendant has not been prejudiced by the subdivision's delay in filing the executed waiver and this case should not be dismissed. |
| City of Pascagoula, MS | 1:19-op-45934 | Reeves & Mestayer, PLLC | Yes | 1/17/2020 & 12/11/2022 | | KVK-Tech | No | | | |
| The City of Pascagoula, Mississippi | 1:19-op-45934 | Reeves & Mestayer, PLLC | Yes | 1/17/2020 & 12/11/2022 | | Amneal | No | | | |
| City of Huntsville, Alabama | 1:19-op-45947 | Riley & Jackson, P.C. | No | | 10/27/2022 | Hikma | Yes | In Process | In Process | Plaintiff's counsel believes his office submitted a service waiver to defense counsel at the time this case was originally filed. Counsel has confirmed that his legal assistant who was in charge of submitting waivers to defense submitted waivers to other defendants at or around the same time. Counsel cannot confirm with certainty that his legal assistant submitted a waiver to counsel for this defendant as the legal assistant left employment with the firm at the time of the COVID outbreak, and her internal electronic files are no longer accessible. Plaintiff's counsel resubmitted the service waiver to defense counsel in March, 2023. Defense counsel did not respond. Plaintiff's counsel then requested and has obtained a summons from the Clerk of Court. Service on this defendant is in process. |

| Case | Case No. | Firm | | Date | Defendant | | | | Notes |
|---|---|---|---|---|---|---|---|---|---|
| City of Huntsville, Alabama | 1:19-op-45947 | Riley & Jackson, P.C. | No | 10/27/2022 | Mylan | Yes | In Process | In Process | Plaintiff's counsel believes his office submitted a service waiver to defense counsel at the time this case was originally filed. Counsel has confirmed that his legal assistant who was in charge of submitting waivers to defense submitted waivers to other defendants at or around the same time. Counsel cannot confirm with certainty that his legal assistant submitted a waiver to counsel for this defendant as the legal assistant left employment with the firm at the time of the COVID outbreak, and her internal electronic files are no longer accessible. Plaintiff's counsel resubmitted the service waiver to defense counsel in March, 2023. Defense counsel did not respond. Plaintiff's counsel then requested and has obtained a summons from the Clerk of Court. Service on this defendant is in process. |
| City of Athens, Alabama | 1:19-op-45953 | Riley & Jackson, P.C. | No | 10/27/2022 | Hikma | No | | | |
| City of Athens, Alabama | 1:19-op-45953 | Riley & Jackson, P.C. | No | 10/27/2022 | Mylan | No | | | |
| The Fiscal Court of Grant County (KY) | 1:19-op-45961 | The Finnell Firm | Yes | | JM Smith | Yes | Yes | 2/16/2023 | |
| The Fiscal Court of Grant County, Kentucky v. Teva Pharmaceutical Industries, Ltd., et al. | 1:19-op-45961 | The Finnell Firm | Yes | | Amneal Pharmaceuticals LLC | Yes | Yes | 2/16/2023 | |
| Lincoln County, Washington v. Richard S. Sackler, et al. | 1:19-op-45962 | Keller Rohrback L.L.P. | Yes | | Amneal Pharmaceuticals LLC | Yes | Yes | 3/14/2023 | Declaration of Service re personal service filed 3/14/23. Waiver request originally sent 4/7/2020. After multiple follow-ups, Indivior refused to sign waiver. Personal service perfected 3/10/2023. |
| Lincoln County, Washington v. Richard S. Sackler, et al. | 1:19-op-45962 | Keller Rohrback L.L.P. | Yes | | Amneal Pharmaceuticals, Inc. | Yes | Yes | 3/14/2023 | Declaration of Service re personal service filed 3/14/23. Waiver request originally sent 4/7/2020. After multiple follow-ups, Indivior refused to sign waiver. Personal service perfected 3/10/2023. |
| City of Homewood, Alabama | 1:19-op-45973 | Riley & Jackson, P.C. | No | 10/28/2022 | Hikma | Yes | In Process | In Process | Plaintiff's counsel believes his office submitted a service waiver to defense counsel at the time this case was originally filed. Counsel has confirmed that his legal assistant who was in charge of submitting waivers to defense submitted waivers to other defendants at or around the same time. Counsel cannot confirm with certainty that his legal assistant submitted a waiver to counsel for this defendant as the legal assistant left employment with the firm at the time of the COVID outbreak, and her internal electronic files are no longer accessible. Plaintiff's counsel resubmitted the service waiver to defense counsel in March, 2023. Defense counsel did not respond. Plaintiff's counsel then requested and has obtained a summons from the Clerk of Court. Service on this defendant is in process. |
| City of Homewood, Alabama | 1:19-op-45973 | Riley & Jackson, P.C. | No | 10/28/2022 | Mylan | Yes | In Process | In Process | Plaintiff's counsel believes his office submitted a service waiver to defense counsel at the time this case was originally filed. Counsel has confirmed that his legal assistant who was in charge of submitting waivers to defense submitted waivers to other defendants at or around the same time. Counsel cannot confirm with certainty that his legal assistant submitted a waiver to counsel for this defendant as the legal assistant left employment with the firm at the time of the COVID outbreak, and her internal electronic files are no longer accessible. Plaintiff's counsel resubmitted the service waiver to defense counsel in March, 2023. Defense counsel did not respond. Plaintiff's counsel then requested and has obtained a summons from the Clerk of Court. Service on this defendant is in process. |
| City of Greeley, CO | 1:19-op-45977 | Keller Rohrback L.L.P. | Yes | | KVK-Tech | Yes | Yes | 3/8/2023 | Waiver filed 3/8/23. Waiver request originally sent 3/4/2020. After multiple follow-ups, waiver signed and returned 3/8/2023. |
| City of Greeley, Colorado | 1:19-op-45977 | Keller Rohrback L.L.P. | Yes | | Amneal Pharmaceuticals LLC | Yes | Yes | 3/14/2023 | Declaration of Service re personal service filed 3/14/23. Waiver request originally sent 4/7/2020. After multiple follow-ups, Indivior refused to sign waiver. Personal service perfected 3/10/2023. |
| City of Greeley, Colorado | 1:19-op-45977 | Keller Rohrback L.L.P. | Yes | | Amneal Pharmaceuticals, Inc. | Yes | Yes | 3/14/2023 | Declaration of Service re personal service filed 3/14/23. Waiver request originally sent 4/7/2020. After multiple follow-ups, Indivior refused to sign waiver. Personal service perfected 3/10/2023. |
| City of Bainbridge Island, Washington | 1:19-op-45981 | Keller Rohrback L.L.P. | Yes | | Hikma | Yes | Yes | 3/20/2023 | Declaration of Service re personal service filed 3/20/23. Hikma Pharmaceuticals USA, Inc. not a named defendant. West-Ward Pharmaceutical Corp is a named defendant. Waiver request originally sent to West-Ward on 1/3/2020. No response received after multiple follow-ups. Personal service perfected 3/15/2023. |
| County of Freestone, Texas | 1:19-op-45985 | Simon Greenstone Panatier, P.C. | Yes | | Mylan | Yes | Yes | | Waiver of Service of Summons sent to counsel on 10/24/2019. |
| Board of County Commissioners of Woods County, OK | 1:19-op-45987 | Fulmer Sill | Yes | | Sandoz Inc. | Yes | Yes | 3/16/2023 | |
| Board of County Commissioners of Woods County, OK | 1:19-op-45987 | Fulmer Sill | Yes | | Indivior | Yes | Yes | 3/16/2023 | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| BOCC of Woods County, OK | 1:19-op-45987 | Fulmer Sill | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 | |
| Woods County, Oklahoma | 1:19-op-45987 | Fulmer Sill | Yes | | Mylan | Yes | Yes | 3/16/2023 | |
| BOCC of Pottawatomie County, OK | 1:19-op-45988 | Fulmer Sill | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 | |
| Pottawatomie County Board of Commissioners, OK | 1:19-op-45988 | Fulmer Sill | Yes | | Indivior | Yes | Yes | 3/16/2023 | |
| Pottawatomie County Board of County Commissioners, Oklahoma | 1:19-op-45988 | Fulmer Sill | Yes | | Hikma | Yes | Yes | 3/20/2023 | |
| Pottawatomie County Board of County Commissioners, Oklahoma | 1:19-op-45988 | Fulmer Sill | Yes | | Mylan | Yes | Yes | 3/16/2023 | |
| Board of County Commissioners of Kay County, OK | 1:19-op-45989 | Fulmer Sill | Yes | | Indivior | Yes | Yes | 3/16/2023 | |
| BOCC of Kay County, OK | 1:19-op-45989 | Fulmer Sill | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 | |
| Kay County Board of County Commissioners, Oklahoma | 1:19-op-45989 | Fulmer Sill | Yes | | Hikma | Yes | Yes | 3/20/2023 | |
| Kay County, Oklahoma | 1:19-op-45989 | Fulmer Sill | Yes | | Mylan | Yes | Yes | 3/16/2023 | |
| Board of County Commissioners of Major County, Oklahoma | 1:19-op-45990 | Fulmer Sill | Yes | | Hikma | Yes | Yes | 3/20/2023 | |
| Board of County Commissioners of Major County, OK | 1:19-op-45990 | Fulmer Sill | Yes | | Sandoz Inc. | Yes | Yes | 3/16/2023 | |
| BOCC of Major County, OK | 1:19-op-45990 | Fulmer Sill | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 | |
| Richmond County (VA) | 1:19-op-45993 | The Finnell Firm | Yes | | JM Smith | Yes | Yes | 4/2/2021 | |
| Warren County (VA) | 1:19-op-45993 | The Finnell Firm | Yes | | JM Smith | Yes | Yes | 4/2/2021 | |
| Westmoreland County (VA) | 1:19-op-45993 | The Finnell Firm | Yes | | JM Smith | Yes | Yes | 4/2/2021 | |
| Westmoreland County, Virginia, et al. | 1:19-op-45993 | The Finnell Firm | Yes | | Amneal Pharmaceuticals of New York, LLC | Yes | No | | Amneal Pharmaceuticals of New York, LLC was not named as a Defendant in this case |
| Westmoreland County, Virginia, et al. | 1:19-op-45993 | The Finnell Firm | Yes | | Amneal Pharmaceuticals LLC | Yes | Yes | 4/2/2021 | |
| Westmoreland County, Virginia, et al. | 1:19-op-45993 | The Finnell Firm | Yes | | Amneal Pharmaceuticals, Inc. | Yes | Yes | 2/16/2023 | |
| Westmoreland County VA et al. | 1:19-op-45993 | The Finnell Firm | Yes | | KVK-Tech | Yes | Yes | 4/2/2021 | |
| West Pittston, PA | 1:19-op-45997 | Brindisi, Murad & Brindisi Pearlman | Yes | | KVK-Tech | Yes | In Process | | As demonstrated below, in a good faith attempt to correct the deficiency, a Waiver has been sent to KVK-Tech for signature. Per Case Management Order One (Doc No. 232, ¶6c, Service of Summons and Complaint), "Defendants are encouraged to avoid unnecessary expenses associated with serving the summons and, absent good cause, shall grant requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." Since an Answer has not been served, Plaintiff submits there is no prejudice to Defendant KVK-Tech by requesting that the Waivers be signed at the present time. _KVK-Tech, Inc. – listed as no service of process. (Doc Nos. 4848 and 4876)_ •On _February 10, 2023, a Waiver of Service of Summons along with a copy of the complaint was sent to Attorney Thomas E. Rice.  Inc. – listed as no service of process. (Doc Nos. 4848 and 4876)_ |
| City of Lynn Haven, Florida | 1:19-op-46006 | Riley & Jackson, P.C. | No | | Hikma | Yes | In Process | In Process | Plaintiff's counsel believes his office submitted a service waiver to defense counsel at the time this case was originally filed. Counsel has confirmed that his legal assistant who was in charge of submitting waivers to defense submitted waivers to other defendants at or around the same time. Counsel cannot confirm with certainty that his legal assistant submitted a waiver to counsel for this defendant as the legal assistant left employment with the firm at the time of the COVID outbreak, and her internal electronic files are no longer accessible. Plaintiff's counsel resubmitted the service waiver to defense counsel in March, 2023. Defense counsel did not respond. Plaintiff's counsel then requested and has obtained a summons from the Clerk of Court. Service on this defendant is in process. |
| City of Lynn Haven, Florida | 1:19-op-46006 | Riley & Jackson, P.C. | No | | Mylan | No | | | |
| City of North St. Paul, MN | 1:19-op-46066 | Keller Postman LLC | No | 2/21/2023 | Masters Pharmaceutical | Yes | No | | Plaintiff intends to request Defendant waive service pursuant to CMO ¶6c |

| Jurisdiction | Case No. | Law Firm | | | Defendant | | | | Notes |
|---|---|---|---|---|---|---|---|---|---|
| Atlantic County, New Jersey | 1:19-op-46071 | Weisbrod Matteis & Copley PLLC, Cooper Levenson | Yes | | Hikma | Yes | In Process | | Submitted Complaint as PFS prior to 10/14/2022 |
| Atlantic County, New Jersey | 1:19-op-46071 | Weisbrod Matteis & Copley PLLC, Cooper Levenson | Yes | | Mylan | No | | | Submitted Complaint as PFS prior to 10/14/2022 |
| Atlantic County, New Jersey | 1:19-op-46071 | Weisbrod Matteis & Copley PLLC, Cooper Levenson | Yes | | Amneal Pharmaceuticals LLC | Yes | Yes | 4/12/2019 | Defendant Waiver of Service, Submitted Complaint as PFS prior to 10/14/2022 |
| Atlantic County, NJ | 1:19-op-46071 | Weisbrod Matteis & Copley PLLC, Cooper Levenson | Yes | | Indivior | No | | | Submitted Complaint as PFS prior to 10/14/2022 |
| Atlantic County, NJ | 1:19-op-46071 | Weisbrod Matteis & Copley PLLC, Cooper Levenson | Yes | | KVK-Tech | Yes | Yes | 4/25/2018 | Defendant Waiver of Service, Submitted Complaint as PFS prior to 10/14/2022 |
| City of New Port Richey (FL) | 1:19-op-46073 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 12/30/2020 | |
| City of Spokane, Washington | 1:19-op-46092 | Keller Rohrback L.L.P. | Yes | | Hikma | Yes | Yes | 3/20/2023 | Declaration of Service re personal service filed 3/20/23. Hikma Pharmaceuticals USA, Inc. not a named defendant. West-Ward Pharmaceutical Corp is a named defendant.  Waiver request originally sent to West-Ward on 1/3/2020. No response received after multiple follow-ups. Personal service perfected 3/15/2023. |
| City of Buffalo (NY) | 1:19-op-46104 | Napoli Shkolnik | No | 12/13/2022 | JM Smith | Yes | Yes | 2/15/2023 | |
| City of Buffalo v. Purdue Pharma L.P., et al. | 1:19-op-46104 | Napoli Shkolnik | No | 12/13/2022 | Value Drug | Yes | Yes | 2/15/2023 | |
| City of Buffalo, New York | 1:19-op-46104 | Napoli Shkolnik | No | 12/13/2022 | Hikma | No | | | |
| City of Buffalo, New York | 1:19-op-46104 | Napoli Shkolnik | No | 12/13/2022 | Mylan | No | | | |
| The City of Buffalo, New York | 1:19-op-46104 | Napoli Shkolnik | No | 12/13/2022 | Amneal | No | | | |
| Obion County (TN) | 1:19-op-46115 | LCHB | No | 3/14/2022 | JM Smith | Yes | Yes | 4/23/2020 | Waiver of service filed on docket 3/3/2023. |
| Obion County, Tennessee | 1:19-op-46115 | LCHB | No | 3/14/2022 | Amneal Pharmaceuticals LLC | Yes | In Process | | Waiver sent 4/15/2020 but not returned. Defendants replied that they will not waive service. Praecipe to obtain summons filed on 3/20/2023. |
| City of Haleyville, AL | 1:19-op-46118 | Levin Papantonio Rafferty | Yes | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 4/14/2020 | |
| The City of Ormond Beach (FL) | 1:19-op-46121 | Levin Papantonio Rafferty | Yes | | Winn-Dixie | Yes | Yes | 12/15/2020 | Winn Dixie's filing Notice filed on 1/30/23 (Doc 4846) has case # 1:19-op-45272 incorrectly listed for Ormond.  Case # 1:19-op-45272 is Marion County FL. Ormond Beach case # is correct on the sheet |
| The City of Ormond Beach (FL) | 1:19-op-46121 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 12/30/2020 | |
| City of Brookhaven, MS | 1:19-op-46143 | Levin Papantonio Rafferty | Yes | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 4/14/2020 | |
| City of Bethany, OK | 1:19-op-46148 | Fulmer Sill | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 | |
| Patrick County, Virginia | 1:19-op-46149 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals LLC | Yes | Yes | 2/24/2023 | Within 90 days of filing the complaint, subdivision counsel requested and received an executed waiver of service from the Defendant. Subdivision counsel filed the executed waiver with the court on February 24, 2023. Because the subdivision obtained an executed waiver of service from Defendant, Defendant has not been prejudiced by the subdivision's delay in filing the executed waiver and this case should not be dismissed. |
| Patrick County, Virginia | 1:19-op-46149 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals of New York, LLC | Yes | Yes | 2/24/2023 | Within 90 days of filing the complaint, subdivision counsel requested and received an executed waiver of service from the Defendant. Subdivision counsel filed the executed waiver with the court on February 24, 2023. Because the subdivision obtained an executed waiver of service from Defendant, Defendant has not been prejudiced by the subdivision's delay in filing the executed waiver and this case should not be dismissed. |
| Patrick County, Virginia | 1:19-op-46149 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals, Inc. | Yes | Yes | 2/24/2023 | Within 90 days of filing the complaint, subdivision counsel requested and received an executed waiver of service from the Defendant. Subdivision counsel filed the executed waiver with the court on February 24, 2023. Because the subdivision obtained an executed waiver of service from Defendant, Defendant has not been prejudiced by the subdivision's delay in filing the executed waiver and this case should not be dismissed. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Shenandoah County, Virginia | 1:19-op-46150 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals LLC | Yes | Yes | 2/24/2023 | Within 90 days of filing the complaint, subdivision counsel requested and received an executed waiver of service from the Defendant. Subdivision counsel filed the executed waiver with the court on February 24, 2023. Because the subdivision obtained an executed waiver of service from Defendant, Defendant has not been prejudiced by the subdivision's delay in filing the executed waiver and this case should not be dismissed. |
| Shenandoah County, Virginia | 1:19-op-46150 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals of New York, LLC | Yes | Yes | 2/24/2023 | Within 90 days of filing the complaint, subdivision counsel requested and received an executed waiver of service from the Defendant. Subdivision counsel filed the executed waiver with the court on February 24, 2023. Because the subdivision obtained an executed waiver of service from Defendant, Defendant has not been prejudiced by the subdivision's delay in filing the executed waiver and this case should not be dismissed. |
| Shenandoah County, Virginia | 1:19-op-46150 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals, Inc. | Yes | Yes | 2/24/2023 | Within 90 days of filing the complaint, subdivision counsel requested and received an executed waiver of service from the Defendant. Subdivision counsel filed the executed waiver with the court on February 24, 2023. Because the subdivision obtained an executed waiver of service from Defendant, Defendant has not been prejudiced by the subdivision's delay in filing the executed waiver and this case should not be dismissed. |
| Allegany County, New York | 1:19-op-46151 | Napoli Shkolnik | No | 2/2/2023 | Amneal Pharmaceuticals, Inc. | Yes | Yes | 2/22/2023 | waiver also sent 2/17/23 |
| Allegany County (New York) | 1:19-op-46151 | Napoli Shkolnik | No | 2/2/2023 | Henry Schein | No | | | |
| Allegany County v. Purdue Pharma LP, et al | 1:19-op-46151 | Napoli Shkolnik | No | 2/2/2023 | Value Drug | Yes | Yes | 2/15/2023 | |
| Allegany County, New York | 1:19-op-46151 | Napoli Shkolnik | No | 2/2/2023 | Hikma | No | | | |
| Allegany County, New York | 1:19-op-46151 | Napoli Shkolnik | No | 2/2/2023 | Mylan | Yes | Yes | 2/13/2023 | |
| Allegany County, NY | 1:19-op-46151 | Napoli Shkolnik | No | 2/2/2023 | Sandoz/Novartis | No | | | |
| County of Allegany (NY) | 1:19-op-46151 | Napoli Shkolnik | No | 2/2/2023 | JM Smith | Yes | Yes | 2/15/2023 | |
| The City of Waynesboro, Virginia | 1:19-op-46152 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals LLC | Yes | Yes | 2/24/2023 | Within 90 days of filing the complaint, subdivision counsel requested and received an executed waiver of service from the Defendant. Subdivision counsel filed the executed waiver with the court on February 24, 2023. Because the subdivision obtained an executed waiver of service from Defendant, Defendant has not been prejudiced by the subdivision's delay in filing the executed waiver and this case should not be dismissed. |
| The City of Waynesboro, Virginia | 1:19-op-46152 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals of New York, LLC | Yes | Yes | 2/24/2023 | Within 90 days of filing the complaint, subdivision counsel requested and received an executed waiver of service from the Defendant. Subdivision counsel filed the executed waiver with the court on February 24, 2023. Because the subdivision obtained an executed waiver of service from Defendant, Defendant has not been prejudiced by the subdivision's delay in filing the executed waiver and this case should not be dismissed. |
| The City of Waynesboro, Virginia | 1:19-op-46152 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals, Inc. | Yes | Yes | 2/24/2023 | Within 90 days of filing the complaint, subdivision counsel requested and received an executed waiver of service from the Defendant. Subdivision counsel filed the executed waiver with the court on February 24, 2023. Because the subdivision obtained an executed waiver of service from Defendant, Defendant has not been prejudiced by the subdivision's delay in filing the executed waiver and this case should not be dismissed. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Cumberland County, Virginia | 1:19-op-46153 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| Cumberland County, Virginia | 1:19-op-46153 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals of New York, LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Cumberland County, Virginia | 1:19-op-46153 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals, Inc. | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| City of Radford, Virginia | 1:19-op-46154 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals LLC | Yes | Yes | 2/24/2023 | Within 90 days of filing the complaint, subdivision counsel requested and received an executed waiver of service from the Defendant. Subdivision counsel filed the executed waiver with the court on February 24, 2023. Because the subdivision obtained an executed waiver of service from Defendant, Defendant has not been prejudiced by the subdivision's delay in filing the executed waiver and this case should not be dismissed. |
| City of Radford, Virginia | 1:19-op-46154 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals of New York, LLC | Yes | Yes | 2/24/2023 | Within 90 days of filing the complaint, subdivision counsel requested and received an executed waiver of service from the Defendant. Subdivision counsel filed the executed waiver with the court on February 24, 2023. Because the subdivision obtained an executed waiver of service from Defendant, Defendant has not been prejudiced by the subdivision's delay in filing the executed waiver and this case should not be dismissed. |
| City of Radford, Virginia | 1:19-op-46154 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals, Inc. | Yes | Yes | 2/24/2023 | Within 90 days of filing the complaint, subdivision counsel requested and received an executed waiver of service from the Defendant. Subdivision counsel filed the executed waiver with the court on February 24, 2023. Because the subdivision obtained an executed waiver of service from Defendant, Defendant has not been prejudiced by the subdivision's delay in filing the executed waiver and this case should not be dismissed. |
| City of Shawnee, OK | 1:19-op-46155 | Fulmer Sill | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 | |
| Board of County Commissioners of Caddo County, OK | 1:19-op-46156 | Fulmer Sill | Yes | | Sandoz Inc. | Yes | Yes | 3/16/2023 | |
| Board of County Commissioners of Caddo County, OK | 1:19-op-46156 | Fulmer Sill | Yes | | Indivior | Yes | Yes | 3/16/2023 | |
| BOCC of Caddo County, OK | 1:19-op-46156 | Fulmer Sill | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 | |
| Caddo County, Oklahoma | 1:19-op-46156 | Fulmer Sill | Yes | | Mylan | Yes | Yes | 3/16/2023 | |
| City of Amsterdam (NY) | 1:19-op-46162 | Napoli Shkolnik | No | 12/22/2022 | JM Smith | Yes | Yes | 2/15/2023 | |
| City of Amsterdam v. Purdue Pharma L.P., et al. | 1:19-op-46162 | Napoli Shkolnik | No | 12/22/2022 | Value Drug | Yes | Yes | 2/15/2023 | |
| City of Amsterdam, New York | 1:19-op-46162 | Napoli Shkolnik | No | 12/22/2022 | Mylan | No | | | |
| The City of Amsterdam, New York | 1:19-op-46162 | Napoli Shkolnik | No | 12/22/2022 | Amneal | No | | | |
| The City of Amsterdam, New York | 1:19-op-46162 | Napoli Shkolnik | No | 12/22/2022 | Hikma | No | | | |
| The City of Poughkeepsie, New York, individually, and on behalf of all others similarly-situated | 1:19-op-46163 | Napoli Shkolnik | No | 12/22/2022 | Amneal Pharmaceuticals, Inc. | Yes | Yes | 2/22/2023 | waiver also sent 2/17/23 |

| Case | Number | Firm | | Date | Defendant | | | Date | Notes |
|---|---|---|---|---|---|---|---|---|---|
| City of Poughkeepsie v. Purdue Pharma L.P., et al. | 1:19-op-46163 | Napoli Shkolnik | No | 12/22/2022 | Value Drug | Yes | Yes | 2/15/2023 | |
| City of Poughkeepsie, New York | 1:19-op-46163 | Napoli Shkolnik | No | 12/22/2022 | Hikma | Yes | Yes | 2/14/2023 | |
| City of Poughkeepsie, New York | 1:19-op-46163 | Napoli Shkolnik | No | 12/22/2022 | Mylan | No | | | |
| The City of Poughkeepsie (NY) | 1:19-op-46163 | Napoli Shkolnik | No | 12/22/2022 | JM Smith | Yes | Yes | 2/15/2023 | |
| East Baton Rouge Parish Clerk Of Court Office, Louisiana | 1:19-op-46164 | Kanner & Whiteley, LLC | No | 2/14/2023 | Mylan | No | | | |
| Board of County Commissioners of Grady County, OK | 1:19-op-46167 | Fulmer Sill | Yes | | Indivior | Yes | Yes | 3/16/2023 | |
| Board of County Commissioners of Grady County, Oklahoma | 1:19-op-46167 | Fulmer Sill | Yes | | Hikma | Yes | Yes | 3/20/2023 | |
| Board of County Commissioners of Grady County, Oklahoma | 1:19-op-46167 | Fulmer Sill | Yes | | Mylan | Yes | Yes | 3/16/2023 | |
| BOCC of Grady County, OK | 1:19-op-46167 | Fulmer Sill | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 | |
| Clark County, NV | 1:19-op-46168 | Levin Papantonio Rafferty | Yes | | Masters Pharmaceutical | No | Yes | N/A | Defendant error alleging untimely PFS upload. |
| Board of County Commissioners of Jefferson County, OK | 1:19-op-46170 | Fulmer Sill | Yes | | Sandoz Inc. | Yes | Yes | 3/16/2023 | |
| Board of County Commissioners of Jefferson County, Oklahoma | 1:19-op-46170 | Fulmer Sill | Yes | | Hikma | Yes | Yes | 3/20/2023 | |
| BOCC of Jefferson County, OK | 1:19-op-46170 | Fulmer Sill | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 | |
| Scott County, Missouri | 1:19-op-46174 | Napoli Shkolnik | No | 12/22/2022 | Amneal | No | | | |
| Borough of Edwardsville, Pennsylvania v. AmerisourceBergen Drug Corporation, et al. | 1:19-op-46176 | Levin Papantonio Rafferty | Yes | | Value Drug | Yes | Yes | 4/2/2020 | |
| Forty Fort Borough, Pennsylvania v. AmerisourceBergen Drug Corporation , et al. | 1:19-op-46177 | Levin Papantonio Rafferty | Yes | | Value Drug | Yes | Yes | 4/3/2020 | |
| City of Marinette, WI | 1:19-op-46181 | Keller Postman LLC | No | 2/21/2023 | Masters Pharmaceutical | Yes | No | | Plaintiff intends to request Defendant waive service pursuant to CMO ¶6c |
| City of Pontiac, MI | 1:19-op-46183 | Napoli Shkolnik | No | 12/14/2022 | KVK-Tech | No | | | |
| City of Pontiac, Michigan | 1:19-op-46183 | Napoli Shkolnik | No | 12/14/2022 | Hikma | No | | | |
| City of Pontiac, Michigan | 1:19-op-46183 | Napoli Shkolnik | No | 12/14/2022 | Mylan | No | | | |
| City of Pontiac, Michigan | 1:19-op-46183 | Napoli Shkolnik | No | 12/14/2022 | Amneal | No | | | |
| Lawrence County, Kentucky | 1:19-op-46184 | Napoli Shkolnik | No | 12/14/2022 | Amneal Pharmaceuticals LLC | Yes | Yes | 2/22/2023 | waiver also sent 2/17/23 |
| Lawrence County, Kentucky | 1:19-op-46184 | Napoli Shkolnik | No | 12/14/2022 | Hikma | No | | | |
| Lawrence County, Kentucky | 1:19-op-46184 | Napoli Shkolnik | No | 12/14/2022 | Mylan | No | | | |
| Lawrence County, KY | 1:19-op-46184 | Napoli Shkolnik | No | 12/14/2022 | KVK-Tech | No | | | |
| City of Emporia, Virginia | 1:19-op-46850 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals LLC | Yes | Yes | 2/24/2023 | Within 90 days of filing the complaint, subdivision counsel requested and received an executed waiver of service from the Defendant. Subdivision counsel filed the executed waiver with the court on February 24, 2023. Because the subdivision obtained an executed waiver of service from Defendant, Defendant has not been prejudiced by the subdivision's delay in filing the executed waiver and this case should not be dismissed. |
| City of Emporia, Virginia | 1:19-op-46850 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals of New York, LLC | Yes | Yes | 2/24/2023 | Within 90 days of filing the complaint, subdivision counsel requested and received an executed waiver of service from the Defendant. Subdivision counsel filed the executed waiver with the court on February 24, 2023. Because the subdivision obtained an executed waiver of service from Defendant, Defendant has not been prejudiced by the subdivision's delay in filing the executed waiver and this case should not be dismissed. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| City of Emporia, Virginia | 1:19-op-46850 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals, Inc. | Yes | Yes | 2/24/2023 | Within 90 days of filing the complaint, subdivision counsel requested and received an executed waiver of service from the Defendant. Subdivision counsel filed the executed waiver with the court on February 24, 2023. Because the subdivision obtained an executed waiver of service from Defendant, Defendant has not been prejudiced by the subdivision's delay in filing the executed waiver and this case should not be dismissed. |
| McDonald County (MO) | 1:20- op-44225 | Theodora Oringher PC | Yes | | JM Smith | No | | | |
| City of Toledo, OH | 1:2017op45005 | Napoli Shkolnik | Yes | | Sandoz Inc. | Yes | Yes | 2/22/2023 | waiver also sent 2/17/23 |
| Sunflower County, MS | 1:2018op45020 | Diaz Law Firm, PLLC | No | 1/3/2023 | Sandoz Inc. | Yes | Yes | 2/24/2023 | |
| Washington County, MS | 1:2018op45022 | Diaz Law Firm, PLLC | No | 1/3/2023 | Sandoz Inc. | Yes | Yes | 2/24/2023 | |
| County of Lake, OH | 1:2018op45032 | Napoli Shkolnik | Yes | | Sandoz Inc. | Yes | Yes | 2/22/2023 | waiver also sent 2/17/23 |
| Claiborne County, MS | 1:2018op45035 | Diaz Law Firm, PLLC | No | 1/3/2023 | Sandoz Inc. | Yes | Yes | 2/24/2023 | |
| City of Lansing, MI | 1:2018op45054 | Weitz & Luxenberg | No | 12/1/2022 | Novartis AG | Yes | No | | Served Sandoz, Inc. |
| City of Lansing, MI | 1:2018op45054 | Weitz & Luxenberg | No | 12/1/2022 | Sandoz International GmbH | Yes | No | | Served Sandoz, Inc. |
| County of Delta, MI | 1:2018op45067 | Weitz & Luxenberg | No | 12/1/2022 | Novartis AG | Yes | No | | Served Sandoz, Inc. |
| County of Delta, MI | 1:2018op45067 | Weitz & Luxenberg | No | 12/1/2022 | Sandoz International GmbH | Yes | No | | Served Sandoz, Inc. |
| City of Escanaba, MI | 1:2018op45068 | Weitz & Luxenberg | No | 12/1/2022 | Novartis AG | Yes | No | | Served Sandoz, Inc. |
| City of Escanaba, MI | 1:2018op45068 | Weitz & Luxenberg | No | 12/1/2022 | Sandoz International GmbH | Yes | No | | Served Sandoz, Inc. |
| County of Saginaw, MI | 1:2018op45082 | Weitz & Luxenberg | No | 12/1/2022 | Novartis AG | Yes | No | | Served Sandoz, Inc. |
| County of Saginaw, MI | 1:2018op45082 | Weitz & Luxenberg | No | 12/1/2022 | Sandoz International GmbH | Yes | No | | Served Sandoz, Inc. |
| County of Marquette, MI | 1:2018op45104 | Weitz & Luxenberg | No | 12/1/2022 | Novartis AG | Yes | No | | Served Sandoz, Inc. |
| County of Marquette, MI | 1:2018op45104 | Weitz & Luxenberg | No | 12/1/2022 | Sandoz International GmbH | Yes | No | | Served Sandoz, Inc. |
| County of Leelanau, MI | 1:2018op45111 | Weitz & Luxenberg | No | 12/1/2022 | Novartis AG | Yes | No | | Served Sandoz, Inc. |
| County of Leelanau, MI | 1:2018op45111 | Weitz & Luxenberg | No | 12/1/2022 | Sandoz International GmbH | Yes | No | | Served Sandoz, Inc. |
| Candler County, GA | 1:2018op45165 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| County of Huerfano, CO | 1:2018op45168 | Skikos Crawford Skikos & Joseph Ochs Law Firm | Yes | N/A | Sandoz International GmbH | Yes | No | N/A | A request for waiver of service pursuant to FRCP Rule 4(d) and CMO-1 was circulated to Sandoz International GmbH on 2/17/23. |
| County of Huerfano, CO | 1:2018op45168 | Skikos Crawford Skikos & Joseph Ochs Law Firm | Yes | N/A | Sandoz Inc. | Yes | No | N/A | A request for waiver of service pursuant to FRCP Rule 4(d) and CMO-1 was circulated to Sandoz Inc. on 2/17/23. |
| Marion County, AL, et al. | 1:2018op45171 | Friedman, Dazzio & Zulanas, P.C. | No | 3/3/2023 | Sandoz Inc. | Yes | In Process | | **PFS Explanation:** The PFS for our clients' in Alabama were sent via DropBox.  After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023.  We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss.  Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023.  We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents).  We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint.  As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |
| Talladega County, AL | 1:2018op45190 | Montgomery Ponder, LLC | Yes | | Sandoz Inc. | Yes | Yes | 3/23/2023 | Despite diligent search, Plaintiff's counsel has been unable to locate filed Waiver of Service form for Sandoz, Inc. However, following the filing of the Defendant's deficiency notice, Plaintiff's counsel sent a Notice of Lawsuit and Request for Waiver of Service to Sarah Thompson, attorney for Sandoz Inc. Ms. Thompson refused to sign Waiver of Service. Praecipe for Issuance filed [Doc. 39] and Defendant was personally served on 3/23/2023 [Doc. 41]. |
| Town of Butler, AL | 1:2018op45216 | Frazer PLC | No | 1/10/2023 | Sandoz Inc. | Yes | In Process | | Waiver of Service Requested; No Response |
| Unified Government of Athens-Clarke County, GA | 1:2018op45218 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Oconee County, GA | 1:2018op45219 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |

| Plaintiff | Case No. | Law Firm | Waiver? | Date | Defendant | Served? | Status | Date | PFS Explanation |
|---|---|---|---|---|---|---|---|---|---|
| Marshall County, AL, et al. | 1:2018op45230 | Friedman, Dazzio & Zulanas, P.C. | No | | 3/3/2023 | Sandoz Inc. | Yes | In Process | | **PFS Explaination:** The PFS for our clients' in Alabama were sent via DropBox.  After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023.  We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss.  Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023.  We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents).  We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint.  As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |
| Jeff Davis County, GA | 1:2018op45237 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Crisp County, GA | 1:2018op45238 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/13/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Clay County, AL | 1:2018op45248 | Montgomery Ponder, LLC | Yes | | | Sandoz Inc. | Yes | Yes | 3/23/2023 | Despite diligent search, Plaintiff's counsel has been unable to locate filed Waiver of Service form for Sandoz, Inc. However, following the filing of the Defendant's deficiency notice, Plaintiff's counsel sent a Notice of Lawsuit and Request for Waiver of Service to Sarah Thompson, attorney for Sandoz Inc. Ms. Thompson refused to sign Waiver of Service.  Praecipe for Issuance filed [Doc. 38] and Defendant was personally served on 3/23/2023 [Doc. 40]. |
| Sumter County, GA | 1:2018op45250 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Oglethorpe County, GA | 1:2018op45262 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| City of Rome, GA, et al.* | 1:2018op45282 | The Finnell Firm | Yes | | | Sandoz Inc. | Yes | Yes | 2/16/2023 | |
| Irwin County, GA | 1:2018op45283 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Irwin County, GA | 1:2018op45283 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Sandoz/Novartis | Yes | No | | Sandoz, Inc. has not alleged a service defect.  However, Novartis AG has alleged a service defect. Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Cook County, GA | 1:2018op45284 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/13/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Hall County, GA | 1:2018op45286 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Madison County, GA | 1:2018op45296 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Walton County GA | 1:2018op45297 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Gautreaux (Sheriff of East Baton Rouge Parish), LA | 1:2018op45325 | Simmons Hanly Conroy, LLC | No | | 1/3/2023 | Sandoz/Novartis | No | | | |
| Decatur County, GA | 1:2018op45334 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| County of Gratiot, MI | 1:2018op45339 | Weitz & Luxenberg | No | | 12/1/2022 | Novartis AG | Yes | No | | Served Sandoz, Inc. |
| County of Gratiot, MI | 1:2018op45339 | Weitz & Luxenberg | No | | 12/1/2022 | Sandoz International GmbH | Yes | No | | Served Sandoz, Inc. |
| County of Alcona, MI | 1:2018op45340 | Weitz & Luxenberg | No | | 12/1/2022 | Novartis AG | Yes | No | | Served Sandoz, Inc. |
| County of Alcona, MI | 1:2018op45340 | Weitz & Luxenberg | No | | 12/1/2022 | Sandoz International GmbH | Yes | No | | Served Sandoz, Inc. |
| County of Arenac, MI | 1:2018op45341 | Weitz & Luxenberg | No | | 12/1/2022 | Novartis AG | Yes | No | | Served Sandoz, Inc. |
| County of Arenac, MI | 1:2018op45341 | Weitz & Luxenberg | No | | 12/1/2022 | Sandoz International GmbH | Yes | No | | Served Sandoz, Inc. |
| County of Dickinson, MI | 1:2018op45342 | Weitz & Luxenberg | No | | 12/1/2022 | Novartis AG | Yes | No | | Served Sandoz, Inc. |
| County of Dickinson, MI | 1:2018op45342 | Weitz & Luxenberg | No | | 12/1/2022 | Sandoz International GmbH | Yes | No | | Served Sandoz, Inc. |
| City of Iron Mountain, MI | 1:2018op45344 | Weitz & Luxenberg | No | | 12/1/2022 | Novartis AG | Yes | No | | Served Sandoz, Inc. |
| City of Iron Mountain, MI | 1:2018op45344 | Weitz & Luxenberg | No | | 12/1/2022 | Sandoz International GmbH | Yes | No | | Served Sandoz, Inc. |
| County of Ogemaw, MI | 1:2018op45348 | Weitz & Luxenberg | No | | 12/1/2022 | Novartis AG | Yes | No | | Served Sandoz, Inc. |
| County of Ogemaw, MI | 1:2018op45348 | Weitz & Luxenberg | No | | 12/1/2022 | Sandoz International GmbH | Yes | No | | Served Sandoz, Inc. |
| County of Isabella, MI | 1:2018op45349 | Weitz & Luxenberg | No | | 12/1/2022 | Novartis AG | Yes | No | | Served Sandoz, Inc. |

| Plaintiff | Case Number | Plaintiff Firm | | Date | Defendant | | | Notes |
|---|---|---|---|---|---|---|---|---|
| County of Isabella, MI | 1:2018op45349 | Weitz & Luxenberg | No | 12/1/2022 | Sandoz International GmbH | Yes | No | Served Sandoz, Inc. |
| County of Shiawassee, MI | 1:2018op45350 | Weitz & Luxenberg | No | 12/1/2022 | Novartis AG | Yes | No | Served Sandoz, Inc. |
| County of Shiawassee, MI | 1:2018op45350 | Weitz & Luxenberg | No | 12/1/2022 | Sandoz International GmbH | Yes | No | Served Sandoz, Inc. |
| County of Lenawee, MI | 1:2018op45351 | Weitz & Luxenberg | No | 12/1/2022 | Novartis AG | Yes | No | Served Sandoz, Inc. |
| County of Lenawee, MI | 1:2018op45351 | Weitz & Luxenberg | No | 12/1/2022 | Sandoz International GmbH | Yes | No | Served Sandoz, Inc. |
| County of Sanilac, MI | 1:2018op45352 | Weitz & Luxenberg | No | 12/1/2022 | Novartis AG | Yes | No | Served Sandoz, Inc. |
| County of Sanilac, MI | 1:2018op45352 | Weitz & Luxenberg | No | 12/1/2022 | Sandoz International GmbH | Yes | No | Served Sandoz, Inc. |
| County of Antrim, MI | 1:2018op45354 | Weitz & Luxenberg | No | 12/1/2022 | Novartis AG | Yes | No | Served Sandoz, Inc. |
| County of Antrm, MI | 1:2018op45354 | Weitz & Luxenberg | No | 12/1/2022 | Novartis AG | Yes | No | Served Sandoz, Inc. |
| County of Benzie, MI | 1:2018op45356 | Weitz & Luxenberg | No | 12/1/2022 | Novartis AG | Yes | No | Served Sandoz, Inc. |
| County of Osceola, MI | 1:2018op45357 | Weitz & Luxenberg | No | 12/1/2022 | Sandoz International GmbH | Yes | No | Served Sandoz, Inc. |
| County of Osceola, MI | 1:2018op45357 | Weitz & Luxenberg | No | 12/1/2022 | Novartis AG | Yes | No | Served Sandoz, Inc. |
| County of Oceana, MI | 1:2018op45359 | Weitz & Luxenberg | No | 12/1/2022 | Sandoz International GmbH | Yes | No | Served Sandoz, Inc. |
| County of Oceana, MI | 1:2018op45359 | Weitz & Luxenberg | No | 12/1/2022 | Novartis AG | Yes | No | Served Sandoz, Inc. |
| County of Alger, MI | 1:2018op45360 | Weitz & Luxenberg | No | 12/1/2022 | Sandoz International GmbH | Yes | No | Served Sandoz, Inc. |
| County of Alger, MI | 1:2018op45360 | Weitz & Luxenberg | No | 12/1/2022 | Novartis AG | Yes | No | Served Sandoz, Inc. |
| County of Luce, MI | 1:2018op45362 | Weitz & Luxenberg | No | 12/1/2022 | Sandoz International GmbH | Yes | No | Served Sandoz, Inc. |
| County of Lake, MI | 1:2018op45366 | Weitz & Luxenberg | No | 12/1/2022 | Novartis AG | Yes | No | Served Sandoz, Inc. |
| County of Lake, MI | 1:2018op45366 | Weitz & Luxenberg | No | 12/1/2022 | Sandoz International GmbH | Yes | No | Served Sandoz, Inc. |
| Banks County, GA | 1:2018op45378 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | Novartis AG | Yes | No | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Twiggs County, GA | 1:2018op45379 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Novartis AG | Yes | No | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Elbert County, GA | 1:2018op45381 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Novartis AG | Yes | No | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| City of Bainbridge, GA | 1:2018op45383 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Novartis AG | Yes | No | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| City of Bainbridge, GA | 1:2018op45383 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Sandoz/Novartis | Yes | No | Sandoz, Inc. has not alleged a service defect.  However, Novartis AG has alleged a service defect. Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Bulloch County, GA | 1:2018op45394 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Novartis AG | Yes | No | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| City of Grand Rapids, MI | 1:2018op45406 | Weitz & Luxenberg | No | 12/1/2022 | Novartis AG | Yes | No | Served Sandoz, Inc. |
| City of Grand Rapids, MI | 1:2018op45406 | Weitz & Luxenberg | No | 12/1/2022 | Sandoz International GmbH | Yes | No | Served Sandoz, Inc. |
| Unified Government of Macon Bibb County, GA | 1:2018op45407 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Novartis AG | Yes | No | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Jones County, GA | 1:2018op45424 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Novartis AG | Yes | No | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Warren County, GA | 1:2018op45425 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Novartis AG | Yes | No | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Pocahontas County Commission, WV | 1:2018op45443 | Skinner Law Firm | | | Sandoz/Novartis | No | | Dismissed 02/28/2023 |
| City of Tifton, GA | 1:2018op45454 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Novartis AG | Yes | No | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| City of Gainesville, GA | 1:2018op45486 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Novartis AG | Yes | No | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Butts County, GA | 1:2018op45490 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Novartis AG | Yes | No | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Dougherty County, GA | 1:2018op45491 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Novartis AG | Yes | No | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |

| County/City | Case No. | Law Firm | | | Date | Defendant | | | Date | Explanation |
|---|---|---|---|---|---|---|---|---|---|---|
| City of Milledgeville, GA | 1:2018op45495 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Jasper County, GA | 1:2018op45504 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Ben Hill County, GA | 1:2018op45505 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/13/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| County of Wilcox, GA | 1:2018op45506 | Bryant Law Center | Yes | | | Sandoz Inc. | Yes | Yes | 3/27/2023 | |
| Lincoln County, GA | 1:2018op45508 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 1/4/2023 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| McDuffie County, GA | 1:2018op45509 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Hancock County, GA | 1:2018op45535 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Habersham County, GA | 1:2018op45559 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Taliaferro County, GA | 1:2018op45562 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Washington County, GA | 1:2018op45563 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Tattnall County, GA | 1:2018op45574 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Toombs County, GA | 1:2018op45576 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Macon County, GA | 1:2018op45577 | Bryant Law Center | Yes | | | Sandoz Inc. | Yes | Yes | 3/27/2023 | |
| Newton County, GA | 1:2018op45578 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Schley County, GA | 1:2018op45580 | Bryant Law Center | Yes | | | Sandoz Inc. | Yes | Yes | 3/27/2023 | |
| Jackson County, GA | 1:2018op45581 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| County of Ballard, KY | 1:2018op45593 | Bryant Law Center | Yes | | | Sandoz Inc. | Yes | In Process | | |
| City of Harrisburg, IL | 1:2018op45594 | Sanders Phillips Grossman, LLC AKA Milberg Coleman Bryson Phillips Grossman, LLC | Yes | | | Sandoz Inc. | Yes | In Process | | |
| City of Princeton, IL | 1:2018op45599 | Sanders Phillips Grossman, LLC AKA Milberg Coleman Bryson Phillips Grossman, LLC | Yes | | | Sandoz Inc. | Yes | In Process | | |
| Worth County, GA | 1:2018op45602 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| City of Fitzgerald, GA | 1:2018op45603 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| City of Fitzgerald, GA | 1:2018op45603 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Sandoz/Novartis | Yes | No | | Sandoz, Inc. has not alleged a service defect.  However, Novartis AG has alleged a service defect.  Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Columbia County, GA | 1:2018op45607 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/13/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Jackson County, AL, et al. | 1:2018op45634 | Friedman, Dazzio & Zulanas, P.C. | No | | 3/3/2023 | Sandoz Inc. | Yes | In Process | | **PFS Explanation:** The PFS for our clients' in Alabama were sent via DropBox.  After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023.  We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss.  Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023.  We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents).  We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint.  As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |
| Dooly County, GA | 1:2018op45712 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |

| Location | Case No. | Law Firm | | Date | Defendant | | | Date | Notes |
|---|---|---|---|---|---|---|---|---|---|
| Charlton County, GA | 1:2018op45713 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Brantley County, GA | 1:2018op45714 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Troup County, GA | 1:2018op45715 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Johnson County, GA | 1:2018op45716 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Camden County, GA | 1:2018op45717 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Municipality of Yabucoa, PR* | 1:2018op45731 | Neblett, Beard & Arsenault | Yes | | Sandoz Inc. | Yes | Yes | 5/20/2019 | Summons were issued by the Clerk on or around May 16, 2019.  Service of process on Sandoz, Inc.'s registered agent for service of process in New Jersey (state of incorporation/registered office) was effected on May 28, 2019.  Excuted Proof of Service dated June 3, 2019 was filed into the docket on June 13, 2019 (1:18-op-45731; R. Doc. 20).  PFS was re-served pursuant to Court's 10/6/22 Order via email to the PEC/PSC on 10/10/2022.  Based on review of the PFS Repository (export data), the PFS was available/uploaded to the PFS repository on or around 10/10/2022 at 11:28am. |
| Montgomery County, KS | 1:2018op45780 | Skikos Crawford Skikos & Joseph Wagstaff & Cartmell Bertram & Graf | Yes | N/A | Sandoz International GmbH | Yes | No | N/A | A request for waiver of service pursuant to Rule 4(d) and CMO-1 was circulated to Sandoz International GmbH on 2/17/23. |
| Bourbon County, KS | 1:2018op45781 | Skikos Crawford Skikos & Joseph Wagstaff & Cartmell Bertram & Graf | Yes | N/A | Sandoz International GmbH | Yes | No | N/A | A request for waiver of service pursuant to FRCP Rule 4(d) and CMO-1 was circulated to Sandoz International GmbH on 2/17/23. |
| Town of Munford, AL | 1:2018op45785 | Montgomery Ponder, LLC | Yes | | Sandoz Inc. | Yes | Yes | 3/23/2023 | Despite diligent search, Plaintiff's counsel has been unable to locate filed Waiver of Service form for Sandoz, Inc. However, following the filing of the Defendant's deficiency notice, Plaintiff's counsel sent a Notice of Lawsuit and Request for Waiver of Service to Sarah Thompson, attorney for Sandoz Inc. Ms. Thompson refused to sign Waiver of Service.  Praecipe for Issuance filed [Doc. 40] and Defendant was personally served on 3/23/2023 [Doc. 42]. |
| City of Lincoln, AL | 1:2018op45786 | Montgomery Ponder, LLC | Yes | | Sandoz Inc. | Yes | Yes | 3/23/2023 | Despite diligent search, Plaintiff's counsel has been unable to locate filed Waiver of Service form for Sandoz, Inc. However, following the filing of the Defendant's deficiency notice, Plaintiff's counsel sent a Notice of Lawsuit and Request for Waiver of Service to Sarah Thompson, attorney for Sandoz Inc. Ms. Thompson refused to sign Waiver of Service. Praecipe for Issuance filed [Doc. 43] and Defendant was personally served on 3/23/2023 [Doc. 45]. |
| Nodaway County, MO | 1:2018op45795 | Skikos Crawford Skikos & Joseph Wagstaff & Cartmell Bertram & Graf | Yes | N/A | Sandoz International GmbH | Yes | No | N/A | A request for waiver of service pursuant to Rule 4(d) and CMO-1 was circulated to Sandoz International GmbH on 2/17/23. |
| Atchison County, MO | 1:2018op45797 | Skikos Crawford Skikos & Joseph Wagstaff & Cartmell Bertram & Graf | Yes | N/A | Sandoz International GmbH | Yes | No | N/A | A request for waiver of service pursuant to FRCP Rule 4(d) and CMO-1 was circulated to Sandoz International GmbH on 2/17/23. |
| Lafayette County, MO | 1:2018op45840 | Skikos Crawford Skikos & Joseph Wagstaff & Cartmell Bertram & Graf | Yes | N/A | Sandoz International GmbH | Yes | No | N/A | A request for waiver of service pursuant to Rule 4(d) and CMO-1 was circulated to Sandoz International GmbH on 2/17/23. |
| Harvey County, KS | 1:2018op45848 | Skikos Crawford Skikos & Joseph Ochs Law Firm | Yes | N/A | Sandoz Inc. | Yes | No | N/A | A request for waiver of service pursuant to Rule 4(d) and CMO-1 was circulated to Sandoz Inc. on 2/17/23. |
| Harvey County, KS | 1:2018op45848 | Skikos Crawford Skikos & Joseph Ochs Law Firm | Yes | N/A | Sandoz International GmbH | Yes | No | N/A | A request for waiver of service pursuant to Rule 4(d) and CMO-1 was circulated to Sandoz International GmbH on 2/17/23. |
| Harford County, MD | 1:2018op45853 | Robbins Geller Rudman & Dowd LLP | Yes | | Novartis AG | Yes | Yes | 2/17/2023 | Plaintiffs filed their short form complaint on  March 15, 2019, naming Novartis AG, Sandoz International GmbH, and Sandoz Inc.  On April 11, 2019, they served the domestic entity – Sandoz Inc. – with the short form and operative complaint.  *See* Dkt. No. 27.  CMO 1 suspended service of international defendants.  Following this Court's recent orders on service, Plaintiffs sent a waiver request for Novartis AG to counsel of service, which counsel denied.  Plaintiffs also served Novartis AG care of Sandoz Inc. on February 17, 2023.  Thus, Novartis has been on notice since April 11, 2019, at the latest, and has not been prejudiced.  Any procedural service issues related to Novartis AG have been effectively cured. |

| Location | Case No. | Firm | Waived? | Date | Defendant | | Status | Date | Notes |
|---|---|---|---|---|---|---|---|---|---|
| Harford County, MD, et al | 1:2018op45853 | Robbins Geller Rudman & Dowd LLP | Yes | | Sandoz International GmbH | Yes | Yes | 2/17/2023 | Plaintiffs filed their short form complaint on March 15, 2019, naming Novartis AG, Sandoz International GmbH, and Sandoz Inc. OnApril 11, 2019, they served the domestic entity – Sandoz Inc. – with the short form and operative complaint. See Dkt. No. 27. CMO 1 suspended service of international defendants. Following this Court's recent orders on service, Plaintiffs sent a waiver request for Sandoz International GmbH to counsel of record, which counsel denied. Plaintiffs also served Sandoz International GmbH care of Sandoz Inc. on February 17, 2023. Thus, Sandoz has been on notice since April 11, 2019, at the latest, and has not been prejudiced. Any procedural service issues related to Sandoz International GmbH have been effectively cured. |
| County of Montcalm, MI | 1:2018op45865 | Weitz & Luxenberg | No | 12/1/2022 | Novartis AG | Yes | No | | |
| County of Montcalm, MI | 1:2018op45865 | Weitz & Luxenberg | No | 12/1/2022 | Sandoz International GmbH | Yes | No | | Served Sandoz, Inc. |
| County of Houghton, MI | 1:2018op45866 | Weitz & Luxenberg | No | 12/1/2022 | Novartis AG | Yes | No | | Served Sandoz, Inc. |
| County of Houghton, MI | 1:2018op45866 | Weitz & Luxenberg | No | 12/1/2022 | Sandoz International GmbH | Yes | No | | Served Sandoz, Inc. |
| County of Tuscola, MI | 1:2018op45870 | Weitz & Luxenberg | No | 12/1/2022 | Novartis AG | Yes | No | | Served Sandoz, Inc. |
| County of Tuscola, MI | 1:2018op45870 | Weitz & Luxenberg | No | 12/1/2022 | Sandoz International GmbH | Yes | No | | Served Sandoz, Inc. |
| County of Alpena, MI | 1:2018op45871 | Weitz & Luxenberg | No | 12/1/2022 | Novartis AG | Yes | No | | Served Sandoz, Inc. |
| County of Alpena, MI | 1:2018op45871 | Weitz & Luxenberg | No | 12/1/2022 | Sandoz International GmbH | Yes | No | | Served Sandoz, Inc. |
| County of Washtenaw, MI | 1:2018op45886 | Weitz & Luxenberg | No | 12/1/2022 | Novartis AG | Yes | No | | Served Sandoz, Inc. |
| County of Washtenaw, MI | 1:2018op45886 | Weitz & Luxenberg | No | 12/1/2022 | Sandoz International GmbH | Yes | No | | Served Sandoz, Inc. |
| County of Iron, MI | 1:2018op45888 | Weitz & Luxenberg | No | 12/1/2022 | Novartis AG | Yes | No | | Served Sandoz, Inc. |
| County of Iron, MI | 1:2018op45888 | Weitz & Luxenberg | No | 12/1/2022 | Sandoz International GmbH | Yes | No | | Served Sandoz, Inc. |
| County of Clinton, MI | 1:2018op45889 | Weitz & Luxenberg | No | 12/1/2022 | Novartis AG | Yes | No | | Served Sandoz, Inc. |
| County of Clinton, MI | 1:2018op45889 | Weitz & Luxenberg | No | 12/1/2022 | Sandoz International GmbH | Yes | No | | Served Sandoz, Inc. |
| County of St. Clair, MI | 1:2018op45896 | Weitz & Luxenberg | No | 12/1/2022 | Novartis AG | Yes | No | | Served Sandoz, Inc. |
| County of St. Clair, MI | 1:2018op45896 | Weitz & Luxenberg | No | 12/1/2022 | Sandoz International GmbH | Yes | No | | Served Sandoz, Inc. |
| County of Charlevoix, MI | 1:2018op45897 | Weitz & Luxenberg | No | 12/1/2022 | Novartis AG | Yes | No | | Served Sandoz, Inc. |
| County of Charlevoix, MI | 1:2018op45897 | Weitz & Luxenberg | No | 12/1/2022 | Sandoz International GmbH | Yes | No | | Served Sandoz, Inc. |
| City of East Lansing, MI | 1:2018op45902 | Weitz & Luxenberg | No | 12/1/2022 | Novartis AG | Yes | No | | Served Sandoz, Inc. |
| City of East Lansing, MI | 1:2018op45902 | Weitz & Luxenberg | No | 12/1/2022 | Sandoz International GmbH | Yes | No | | Served Sandoz, Inc. |
| County of Hudson, NJ | 1:2018op45937 | Sanders Phillips Grossman, LLC AKA Milberg Coleman Bryson Phillips Grossman, LLC | Yes | | Sandoz Inc. | Yes | In Process | | |
| Bland County, VA | 1:2018op46065 | Wagstaff & Cartmell | Yes | | Sandoz International GmbH | Yes | In Process | | Notice of Lawsuit and Request for Waiver sent to Lori Cohen, Greenberg Traurig, on 6/10/2019 and on 2/17/2023. |
| Grayson County, VA | 1:2018op46069 | Wagstaff & Cartmell | Yes | | Sandoz International GmbH | Yes | In Process | | Notice of Lawsuit and Request for Waiver sent to Lori Cohen, Greenberg Traurig, on 6/14/2019 and on 2/17/2023. |
| Wythe County, VA | 1:2018op46072 | Wagstaff & Cartmell | Yes | | Sandoz International GmbH | Yes | In Process | | Notice of Lawsuit and Request for Waiver sent to Lori Cohen, Greenberg Traurig, on 6/14/2019 and on 2/17/2023. |
| Tazewell County, VA | 1:2018op46167 | Wagstaff & Cartmell | Yes | | Sandoz International GmbH | Yes | In Process | | Notice of Lawsuit and Request for Waiver sent to Lori Cohen, Greenberg Traurig, on 6/14/2019 and on 2/17/2023. |
| Livingston County, MO | 1:2018op46168 | Skikos Crawford Skikos & Joseph Wagstaff & Cartmell Bertram & Graf | Yes | N/A | Sandoz International GmbH | Yes | No | N/A | A request for waiver of service pursuant to Rule 4(d) and CMO-1 was circulated to Sandoz International GmbH on 2/17/23. |
| County of Ingham, MI | 1:2018op46178 | Weitz & Luxenberg | No | 12/1/2022 | Novartis AG | Yes | No | | Served Sandoz, Inc. |
| County of Ingham, MI | 1:2018op46178 | Weitz & Luxenberg | No | 12/1/2022 | Sandoz International GmbH | Yes | No | | Served Sandoz, Inc. |
| City of Overland Park, KS | 1:2018op46287 | Skikos Crawford Skikos & Joseph Wagstaff & Cartmell Bertram & Graf | Yes | N/A | Sandoz International GmbH | Yes | No | N/A | A request for waiver of service pursuant to FRCP Rule 4(d) and CMO-1 was circulated to Sandoz International GmbH on 2/17/23. |
| Henry County, GA | 1:2018op46310 | Napoli Shkolnik | No | 12/19/2022 | Sandoz Inc. | Yes | Yes | 2/22/2023 | waiver also sent 2/17/23 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Board of County Commissioners of Pawnee County, OK | 1:2018op46320 | Napoli Shkolnik | No | | 12/19/2022 | Sandoz Inc. | Yes | Yes | 2/22/2023 | waiver also sent 2/17/23 |
| Board of County Commissioners of Delaware County, OK | 1:2018op46321 | Napoli Shkolnik | No | | 12/13/2022 | Sandoz Inc. | Yes | Yes | 2/22/2023 | waiver also sent 2/17/23 |
| Board of County Commissioners of Osage County, OK | 1:2018op46322 | Napoli Shkolnik | No | | 1/3/2023 | Sandoz Inc. | Yes | Yes | 2/22/2023 | waiver also sent 2/17/23 |
| Grady County, GA* | 1:2018op46338 | Conley Griggs Partin LLP | Yes | | | Sandoz Inc. | Yes | In Process | | emailed Waiver of Service of Summons on February 15, 2023 to counsel for Sandoz Inc.; pending receipt of signed waiver |
| County of Kent, MI | 1:2019op45000 | Weitz & Luxenberg | No | | 12/1/2022 | Novartis AG | Yes | No | | Served Sandoz, Inc. |
| County of Kent, MI | 1:2019op45000 | Weitz & Luxenberg | No | | 12/1/2022 | Sandoz International GmbH | Yes | No | | Served Sandoz, Inc. |
| Police Jury of the Parish of Pointe Coupee, LA | 1:2019op45012 | Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC | No | | 1/30/2023 | Sandoz/Novartis | No | | | |
| Unified Government of Wyandotte County, KS | 1:2019op45015 | Skikos Crawford Skikos & Joseph Wagstaff & Cartmell Bertram & Graf | Yes | N/A | | Sandoz International GmbH | Yes | No | N/A | A request for waiver of service pursuant to Rule 4(d) and CMO-1 was circulated to Sandoz International GmbH on 2/17/23. |
| Atkinson County, GA | 1:2019op45118 | Conley Griggs Partin LLP | Yes | | | Sandoz Inc. | Yes | In Process | | emailed Waiver of Service of Summons on February 15, 2023 to counsel for Sandoz Inc.; pending receipt of signed Waiver |
| Blount County, TN | 1:2019op45132 | Friedman, Dazzio & Zulanas, P.C. | Yes | | | Sandoz Inc. | Yes | In Process | | |
| City of Rainsville, AL, et al. | 1:2019op45135 | Friedman, Dazzio & Zulanas, P.C. | No | | 3/3/2023 | Sandoz Inc. | Yes | In Process | | **PFS Explanation:** The PFS for our clients' in Alabama were sent via DropBox. After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023. We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss. Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023. We resent the PFS on 3/3/2023, but there has been a glitch with uploading to Sharepoint (due to the native format of some of the documents). We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint. As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |
| Wilkes County, GA | 1:2019op45171 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Towns County, GA | 1:2019op45172 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| McIntosh County, GA | 1:2019op45173 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Cherokee County, GA | 1:2019op45174 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/13/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Glascock County, GA | 1:2019op45175 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Pulaski County, GA | 1:2019op45176 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Rabun County, GA | 1:2019op45177 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Effingham County, GA | 1:2019op45178 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Pike County, GA | 1:2019op45179 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Early County, GA | 1:2019op45180 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Seminole County, GA | 1:2019op45181 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Clay County, GA | 1:2019op45194 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/13/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Clay County, GA | 1:2019op45194 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Sandoz/Novartis | Yes | No | | Sandoz, Inc. has not alleged a service defect.  However, Novartis AG has alleged a service defect. Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Stephens County, GA | 1:2019op45195 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Long County, GA | 1:2019op45196 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Clinch County, GA | 1:2019op45197 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Clinch County, GA | 1:2019op45197 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Sandoz/Novartis | Yes | No | | Sandoz, Inc. has not alleged a service defect.  However, Novartis AG has alleged a service defect. Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Screven County, GA | 1:2019op45198 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| City of Springfield, GA | 1:2019op45199 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Liberty County, GA | 1:2019op45200 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Jefferson County, GA | 1:2019op45201 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Randolph County, GA | 1:2019op45202 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Greene County, GA | 1:2019op45203 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Wayne County, GA | 1:2019op45204 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Burke County, GA | 1:2019op45207 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Spalding County, GA | 1:2019op45208 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Emanuel County, GA | 1:2019op45209 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Dawson County, GA | 1:2019op45210 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Lumpkin County, GA | 1:2019op45211 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| City of Memphis, TN | 1:2019op45220 | O'Leary, Shelton, Corrigan, Peterson, Dalton & Quillin, LLC | No | 11/18/2022 | Sandoz Inc. | Yes | Yes | 2/17/2023 | Emailed Waiver request to Defense Counsel (cohenl@gtlaw.com) on 10/11/19 b but no reply was received from Defendant. Alias Summons served on 2/17/23 |
| Seminole County Board of County Commissioners, OK | 1:2019op45260 | Napoli Shkolnik | No | 1/3/2023 | Sandoz Inc. | Yes | Yes | 2/22/2023 | waiver also sent 2/17/23 |
| Montgomery County, GA | 1:2019op45292 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/11/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Fayette County, GA | 1:2019op45293 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| City of Prestonsburg, KY | 1:2019op45294 | Bryant Law Center | Yes | | Sandoz Inc. | Yes | In Process | | |
| Davis (Sheriff of Bibb County), GA | 1:2019op45360 | Blasingame, Burch, Garrard & Ashley, P.C. | No | n/a | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Board of Commissioners of Fulton County, OH | 1:2019op45440 | Zoll & Kranz LLC | No | 3/22/2023 | Sandoz/Novartis | No | | | |
| Calcasieu Parish Police Jury, LA | 1:2019op45445 | Simmons Hanly Conroy, LLC | | | Sandoz Inc. | Yes | Yes | 9/20/2019 | |
| Ouachita Parish Police Jury, LA | 1:2019op45446 | Simmons Hanly Conroy, LLC | | | Sandoz Inc. | Yes | Yes | 6/13/2019 | |
| Sabine Parish Police Jury, LA | 1:2019op45448 | Simmons Hanly Conroy, LLC | Yes | | Sandoz Inc. | Yes | Yes | 9/20/2019 | |
| City of Lake Charles, LA | 1:2019op45449 | Simmons Hanly Conroy, LLC | Yes | | Sandoz Inc. | Yes | Yes | 6/13/2019 | |
| Evangeline Parish Police Jury, LA | 1:2019op45450 | Simmons Hanly Conroy, LLC | | | Sandoz Inc. | Yes | Yes | 6/13/2019 | |
| Vernon Parish Police Jury, LA | 1:2019op45451 | Simmons Hanly Conroy, LLC | Yes | | Sandoz Inc. | Yes | Yes | 9/20/2019 | |
| Morehouse Parish Police Jury, LA | 1:2019op45452 | Simmons Hanly Conroy, LLC | Yes | | Sandoz Inc. | Yes | Yes | 6/13/2019 | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| East Carroll Parish Police Jury, LA | 1:2019op45453 | Simmons Hanly Conroy, LLC | Yes | | Sandoz Inc. | Yes | Yes | 6/13/2019 | |
| West Carroll Parish Police Jury, LA | 1:2019op45454 | Simmons Hanly Conroy, LLC | Yes | | Sandoz Inc. | Yes | Yes | 6/13/2019 | |
| City of Inez, KY | 1:2019op45499 | Bryant Law Center | Yes | | Sandoz Inc. | Yes | In Process | | |
| County of Curry, OR | 1:2019op45512 | D'Amore Law Group, P.C. | No | 11/29/2022 - sent to PFS counsel on 11/21/22 | Sandoz Inc. | Yes | In Process | | Documents are out for service with the Clerk of the Court. Waiver of service was sent on 9/17/2019 to counsel of record, Lori G. Cohen, but no response was ever received. Service by Clerk. Summons and Complaint addressed to Sandoz Inc. placed in U.S. Mail. Type of service: Certified Mail. Receipt # 9314 7699 0430 0104 6169 68. (F,ML) (Entered: 03/03/2023) - Docket No. 42 |
| City of Hoover, AL | 1:2019op45746 | Wallace Jordan Ratliff & Brandt LLC | No | 10/28/2022 | Sandoz Inc. | Yes | Yes | 3/14/2023 | From review of internal records, waiver of Service sent on November 26, 2019 when filing its short-form amended complaint by regular mail to counsel of record. Upon notice of the deficiency, waiver of service sent on 03.08.2023 to counsel of record by email and by United States Postal Service (certified, tracking no. 70211970000143107917) to Company, signed for by Roger Bousquet on March 14, 2023. |
| Mandeville City, LA | 1:2019op45753 | Leger & Shaw | Yes | | Sandoz Inc. | Yes | Yes | 3/17/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/16/2023. Executed Return of Service filed 3/17/2023. |
| Town of Pearl River, LA | 1:2019op45754 | Leger & Shaw | Yes | | Sandoz Inc. | Yes | Yes | 3/17/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/16/2023. Executed Return of Service filed 3/17/2023. |
| Bingham County, ID | 1:2019op45758 | Simmons Hanly Conroy, LLC | Yes | 11/18/2022 | Sandoz Inc. | Yes | Yes | 11/7/2019 | |
| City of Slidell, LA | 1:2019op45769 | Leger & Shaw | Yes | | Sandoz Inc. | Yes | Yes | 3/17/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/16/2023. Executed Return of Service filed 3/17/2023. |
| Washington Parish Government, LA | 1:2019op45773 | Leger & Shaw | Yes | | Sandoz Inc. | Yes | Yes | 3/17/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/16/2023. Executed Return of Service filed 3/17/2023. |
| Ada County, ID | 1:2019op45775 | Keller Rohrback L.L.P. | Yes | | Sandoz Inc. | Yes | Yes | 3/17/2023 | Declaration of Service re personal service filed 3/17/23. Sandoz added on short form. No waiver filed on the docket by Sandoz per CTO 1. Waiver request sent 2/15/2023. No response received from Sandoz after multiple follow-up requests. Personal service perfected 3/15/2023. Letter received from Sandoz on 3/17/23 declining to sign waiver and claiming Sandoz incorrectly named as there is no comma in Sandoz Inc. |
| The City of Auburn, NY | 1:2019op45843 | Napoli Shkolnik | No | 12/22/2022 | Sandoz Inc. | Yes | Yes | 2/22/2023 | waiver also sent 2/17/23 |
| The City of Ogdensburg, NY | 1:2019op45852 | Napoli Shkolnik | No | 12/22/2022 | Sandoz/Novartis | No | | | |
| The City of Rochester, NY | 1:2019op45853 | Napoli Shkolnik | No | 12/22/2022 | Sandoz/Novartis | No | | | |
| County of Kauai, HI | 1:2019op45862 | Napoli Shkolnik | No | 12/13/2022 | Sandoz/Novartis | No | | | |
| The Fiscal Court of Casey County, KY | 1:2019op45887 | The Finnell Firm | Yes | | Sandoz Inc. | Yes | Yes | 2/16/2023 | |
| The Fiscal Court of Lewis County, KY | 1:2019op45889 | The Finnell Firm | Yes | | Sandoz Inc. | Yes | Yes | 2/16/2023 | |
| The Fiscal Court of Gallatin County, KY | 1:2019op45891 | The Finnell Firm | Yes | | Sandoz Inc. | Yes | Yes | 2/16/2023 | |
| Board of County Commissioners of the County of Mesa, CO | 1:2019op45923 | Keller Rohrback L.L.P. | Yes | | Sandoz Inc. | Yes | Yes | 3/17/2023 | Declaration of Service re personal service filed 3/17/23. Sandoz added on short form. No waiver filed on the docket by Sandoz per CTO 1. Waiver request sent 2/15/2023. No response received from Sandoz after multiple follow-up requests. Personal service perfected 3/15/2023. Letter received from Sandoz on 3/17/23 declining to sign waiver and claiming Sandoz incorrectly named as there is no comma in Sandoz Inc. |
| Lincoln County, WA | 1:2019op45962 | Keller Rohrback L.L.P. | Yes | | Sandoz Inc. | Yes | Yes | 3/17/2023 | Declaration of Service re personal service filed 3/17/23. Sandoz added on short form. No waiver filed on the docket by Sandoz per CTO 1. Waiver request sent 2/15/2023. No response received from Sandoz after multiple follow-up requests. Personal service perfected 3/15/2023. Letter received from Sandoz on 3/17/23 declining to sign waiver and claiming Sandoz incorrectly named as there is no comma in Sandoz Inc. |
| City of Greeley, CO | 1:2019op45977 | Keller Rohrback L.L.P. | Yes | | Sandoz Inc. | Yes | Yes | 3/17/2023 | Declaration of Service re personal service filed 3/17/23. Sandoz added on short form. No waiver filed on the docket by Sandoz per CTO 1. Waiver request sent 2/15/2023. No response received from Sandoz after multiple follow-up requests. Personal service perfected 3/15/2023. Letter received from Sandoz on 3/17/23 declining to sign waiver and claiming Sandoz incorrectly named as there is no comma in Sandoz Inc. |
| Atlantic County, NJ | 1:2019op46071 | Weisbrod Matteis & Copley PLLC, Cooper Levenson | Yes | | Sandoz Inc. | Yes | In Process | | Submitted Complaint as PFS prior to 10/14/2022 |
| City of Buffalo, NY | 1:2019op46104 | Napoli Shkolnik | No | 12/13/2022 | Sandoz/Novartis | No | | | |
| City of Amsterdam, NY | 1:2019op46162 | Napoli Shkolnik | No | 12/22/2022 | Sandoz/Novartis | No | | | |
| City of Poughkeepsie, NY | 1:2019op46163 | Napoli Shkolnik | No | 12/22/2022 | Sandoz/Novartis | No | | | |
| City of Pontiac, MI | 1:2019op46183 | Napoli Shkolnik | No | 12/14/2022 | Sandoz/Novartis | No | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Lawrence County, KY | 1:2019op46184 | Napoli Shkolnik | No | 12/14/2022 | Sandoz/Novartis | No | | | |
| County of Hawaii, HI | 1:2020op45014 | Napoli Shkolnik | Yes | | Sandoz/Novartis | No | | | |
| Fiscal Court of Monroe County, KY | 1:2020op45016 | The Finnell Firm | Yes | | Sandoz Inc. | Yes | Yes | 2/16/2023 | |
| The City of Calais, ME | 1:2020op45051 | Napoli Shkolnik | No | 12/14/2022 | Sandoz/Novartis | No | | | |
| Evans County, GA | 1:2020op45080 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| Appling County, GA | 1:2020op45081 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Novartis AG | Yes | No | | Plaintiff did not serve Novartis AG because CMO 1, ¶ 6.d. states that "[s]ervice on a foreign corporation is suspended until further order of the Court." (Doc. 232). |
| The City of Sedalia, Pettis County, MO | 1:2020op45152 | Skikos Crawford Skikos & Joseph Wagstaff & Cartmell Bertram & Graf | Yes | N/A | Sandoz Inc. | Yes | No | N/A | Service by co-counsel was previously attempted by sending a request for waiver of service. The waiver of service was not executed and returned. A new request for waiver of service pursuant to FRCP Rule 4(d) and CMO-1 was sent to Sandoz Inc. on 2/17/23. |
| Leland Falcon (Sheriff of Assumption Parish), LA | 1:2020op45206 | Leger & Shaw | No | 2/23/2023 | Sandoz/Novartis | No | | | |
| St. Bernard Parish School Board, LA | 1:2021op45014 | Leger & Shaw | No | 2/23/2023 | Novartis Pharmaceuticals Corp. | Yes | Yes | 3/14/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/14/2023. Executed Return of Service filed 3/14/2023. |
| St. Bernard Parish School Board, LA | 1:2021op45014 | Leger & Shaw | No | 2/23/2023 | Sandoz Inc. | Yes | Yes | 3/17/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/16/2023. Executed Return of Service filed 3/17/2023. |
| Town of Gramercy, LA | 1:2021op45031 | Leger & Shaw | No | 3/16/2023 | Sandoz Inc. | Yes | Yes | 3/17/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/16/2023. Executed Return of Service filed 3/17/2023. |
| St. James Parish School Board, LA | 1:2021op45034 | Leger & Shaw | No | 3/17/2023 | Novartis Pharmaceuticals Corp. | Yes | Yes | 3/14/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/14/2023. Executed Return of Service filed 3/14/2023. |
| St. James Parish School Board, LA | 1:2021op45034 | Leger & Shaw | No | 3/17/2023 | Sandoz Inc. | Yes | Yes | 3/17/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/16/2023. Executed Return of Service filed 3/17/2023. |
| Town of Lutcher, LA | 1:2021op45035 | Leger & Shaw | No | 3/15/2023 | Sandoz Inc. | Yes | Yes | 3/17/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/16/2023. Executed Return of Service filed 3/17/2023. |
| Lafourche Parish School Board, LA | 1:2021op45036 | Leger & Shaw | No | 3/20/2023 | Novartis Pharmaceuticals Corp. | Yes | Yes | 3/14/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/14/2023. Executed Return of Service filed 3/14/2023. |
| Lafourche Parish School Board, LA | 1:2021op45036 | Leger & Shaw | No | 3/20/2023 | Sandoz Inc. | Yes | Yes | 3/17/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/16/2023. Executed Return of Service filed 3/17/2023. |
| Hancock County Board of Education, TN, et al. | 1:2022op45027 | Mehri & Skalet PLLC | Yes | | Sandoz Inc. | Yes | In Process | | Inadvertent oversight, without prejudice or harm given D's knowledge of the filing, receipt of the fact sheet, and the Court's stay on ligitation activity. ECF Nos. 23, 3795. Requests for waivers were served on Feb. 23, 2023. |
| Marion County Board of Education, WV, et al. | 1:2022op45028 | Mehri & Skalet PLLC | Yes | | Sandoz Inc. | Yes | In Process | | Inadvertent oversight, without prejudice or harm given D's knowledge of the filing, receipt of the fact sheet, and the Court's stay on ligitation activity. ECF Nos. 23, 3795. Requests for waivers were served on Feb. 23, 2023. |
| Clinton County, MO v. Allergan PLC et al | 1:20-op- 45130-DAP | Theodora Oringher PC | Yes | | Pharmacy Buying Association | Yes | Yes | 1/27/2023 | |
| Pike County, MO v. Allergan PLC et al | 1:20-op- 45131-DAP | Theodora Oringher PC | Yes | | Pharmacy Buying Association | Yes | Yes | 1/27/2023 | |
| Ray County, MO v. Allergan PLC et al | 1:20-op- 45132-DAP | Theodora Oringher PC | Yes | | Pharmacy Buying Association | Yes | Yes | 1/27/2023 | |
| Lawrence County, MO v. Allergan PLC et al | 1:20-op- 45134-DAP | Theodora Oringher PC | Yes | | Pharmacy Buying Association | Yes | Yes | 1/27/2023 | |
| Henry County, MO v. Allergan PLC et al | 1:20-op- 45135-DAP | Theodora Oringher PC | Yes | | Pharmacy Buying Association | Yes | Yes | 1/27/2023 | |
| Dade County, MO v. Allergan PLC et al | 1:20-op- 45224-DAP | Theodora Oringher PC | Yes | | Pharmacy Buying Association | Yes | Yes | 1/27/2023 | |
| McDonald County, MO v. Allergan PLC et al | 1:20-op- 45225-DAP | Theodora Oringher PC | Yes | | Pharmacy Buying Association | Yes | Yes | 1/27/2023 | |
| Catawba Nation v. Endo Health Solutions, Inc. et al. | 1:20-op- 45234-DAP | Fields Han Cunniff PLLC | Yes | | Pharmacy Buying Association | Yes | In Process | | Plaintiff's counsel sent waiver request to Pharmacy Buying Association on 2/21/2023, but did not receive a waiver of service within 30 days. Plaintiff's counsel will serve process via process server. |
| White Mountain Apache Nation et al v. Endo Health Solutions, Inc. et al | 1:20-op- 45243-DAP | Fields Han Cunniff PLLC | Yes | | Pharmacy Buying Association | Yes | In Process | | Plaintiff's counsel sent waiver request to Pharmacy Buying Association on 2/21/2023, but did not receive a waiver of service within 30 days. Plaintiff's counsel will serve process via process server. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Adair Co., MO v. Allergan PLC, et al | 1:20-op- 45297-DAP | Theodora Oringher PC | Yes | | Pharmacy Buying Association | Yes | Yes | 1/27/2023 |
| Andrew Co., MO v. Allergan PLC et al | 1:20-op- 45298-DAP | Theodora Oringher PC | Yes | | Pharmacy Buying Association | Yes | Yes | 1/27/2023 |
| DeKalb County, MO v. Allergan PLC et al | 1:20-op- 45299-DAP | Theodora Oringher PC | Yes | | Pharmacy Buying Association | Yes | Yes | 1/27/2023 |
| Grundy County, MO v. Allergan PLC, et al | 1:20-op- 45300-DAP | Theodora Oringher PC | Yes | | Pharmacy Buying Association | Yes | Yes | 1/27/2023 |
| BOCC of Love County, OK | 1:20-op-45000 | Fulmer Sill | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 |
| Atoka County Board of Commissioners, OK | 1:20-op-45001 | Fulmer Sill | Yes | | Sandoz Inc. | Yes | Yes | 3/16/2023 |
| Board of County Commissioners of Atoka County, Oklahoma | 1:20-op-45001 | Fulmer Sill | Yes | | Mylan | Yes | Yes | 3/16/2023 |
| BOCC of Atoka County, OK | 1:20-op-45001 | Fulmer Sill | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 |
| Board of County Commissioners of Haskell County, Oklahoma | 1:20-op-45002 | Fulmer Sill | Yes | | Mylan | Yes | Yes | 3/16/2023 |
| BOCC of Haskell County, OK | 1:20-op-45002 | Fulmer Sill | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 |
| Haskell County Board of County Commissioners, OK | 1:20-op-45002 | Fulmer Sill | Yes | | Sandoz Inc. | Yes | Yes | 3/16/2023 |
| Haskell County Board of County Commissioners, Oklahoma | 1:20-op-45002 | Fulmer Sill | Yes | | Hikma | Yes | Yes | 3/20/2023 |
| Board of County Commissioners of Latimer County, Oklahoma | 1:20-op-45003 | Fulmer Sill | Yes | | Mylan | Yes | Yes | 3/16/2023 |
| BOCC of Latimer County, OK | 1:20-op-45003 | Fulmer Sill | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 |
| Latimer County Board of County Commissioners, Oklahoma | 1:20-op-45003 | Fulmer Sill | Yes | | Hikma | Yes | Yes | 3/20/2023 |
| City of Seminole, OK | 1:20-op-45004 | Fulmer Sill | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 |
| City of Seminole, Oklahoma | 1:20-op-45004 | Fulmer Sill | Yes | | Mylan | No | | |
| Village of Pleasant Prairie, WI | 1:20-op-45010 | Levin Papantonio Rafferty | Yes | | KVK-Tech | | Yes | 5/8/2020 |
| County of Hawaii | 1:20-op-45014 | Napoli Shkolnik | Yes | | Amneal Pharmaceuticals, Inc. | Yes | Yes | 2/22/2023 | waiver also sent 2/17/23 |
| County of Hawaii, Hawaii | 1:20-op-45014 | Napoli Shkolnik | Yes | | Hikma | No | | |
| County of Hawaii, Hawaii | 1:20-op-45014 | Napoli Shkolnik | Yes | | Mylan | No | | |
| Fiscal Court of Monroe County, Kentucky | 1:20-op-45016 | The Finnell Firm | Yes | | Mylan | Yes | Yes | 2/16/2023 |
| Borough of Exeter v. AmerisourceBergen Drug Corporation, et al. | 1:20-op-45019 | Levin Papantonio Rafferty | Yes | | Value Drug | Yes | Yes | 4/2/2020 |
| BOCC of Cimarron County, OK | 1:20-op-45021 | Fulmer Sill | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 |
| City of Anadarko, OK | 1:20-op-45022 | Fulmer Sill | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 |
| City of Anadarko, OK | 1:20-op-45022 | Fulmer Sill | Yes | | Sandoz Inc. | Yes | Yes | 3/16/2023 |
| City of Milwaukee, Wisconsin | 1:20-op-45044 | Napoli Shkolnik | Yes | | Hikma | No | | |
| City of Milwaukee, Wisconsin | 1:20-op-45044 | Napoli Shkolnik | Yes | | Amneal | No | | |
| Milwaukee, Wisconsin | 1:20-op-45044 | Napoli Shkolnik | Yes | | Mylan | No | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Amherst County, VA | 1:20-op-45046 | Sanford Heisler Sharp, LLP | Yes | | Indivior | Yes | In Process | | Subdivision counsel continues to search for relevant records documenting service. In the meantime, and out of an abundance of caution, subdivision counsel has recently requested waivers of service for this case. As this court has made clear in its Case Management Order, Defendant has an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Subdivision counsel has also filed a praecipe for a summons with the court and will effect service as soon as the court returns a signed summons. The subdivision's ongoing efforts to perfect service, combined with Defendant's actual notice of this lawsuit, constitute good cause under Rule 4(m) to provide more time for the subdivision to perfect service. Even if the Court does not find good cause here, the Court should exercise its discretion under Rule 4(m)  to provide more time for service because there is no prejudice to Defendants, while dismissal without prejudice would prejudice the subdivision. Courts have ordered extensions of time instead of dismissal in similar circumstances where "a defendant is already before the court in a consolidated action and 'presumably the only result of a dismissal would be that the [ ] Plaintiffs would refile their complaint, resulting in a waste of judicial resources.'" In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig., 64 F. Supp. 3d 665, 715 (E.D. Pa. 2014) (collecting cases and ordering Rule 4(m) extension in MDL despite "no attempt to establish good cause for failure to serve"). This lack of prejudice to Defendants contrasts sharply with the great potential for prejudice to the listed subdivision. While subdivision counsel does not concede that any statute of limitations has run for any claims, there is little doubt that Defendants will assert that some of subdivisions' claims are time-barred in the listed case. This fact is "a factor favoring the plaintiff in a Rule 4(m) analysis." AIG Managed Mkt. Neutral Fund v. Askin Cap. Mgmt., L.P., 197 F.R.D. 104, 109 (S.D.N.Y. 2000) (granting Rule 4(m) time extension in consolidated actions because of judicial efficiency concerns, prejudice to plaintiffs, and no prejudice to defendants). Accordingly, the balance of factors weighs in favor of granting the listed subdivision additional time for service. |
| Calais, Maine | 1:20-op-45051 | Napoli Shkolnik | No | 12/14/2022 | Mylan | No | | | |
| City of Calais, Maine | 1:20-op-45051 | Napoli Shkolnik | No | 12/14/2022 | Hikma | No | | | |
| City of Calais, ME | 1:20-op-45051 | Napoli Shkolnik | No | 12/14/2022 | KVK-Tech | No | | | |
| The City of Calais, Maine | 1:20-op-45051 | Napoli Shkolnik | No | 12/14/2022 | Amneal | No | | | |
| Carol County, Michigan | 1:20-op-45052-DAP | Theodora Oringher PC | Yes | | Michael Babich | Yes | | | Notice of Voluntary Dismissal Without Prejudice filed February 24, 2023 |
| County of Angelina, Texas v. Purdue Pharma L.P., et al. | 1:20-op-45053 | Simon Greenstone Panatier, P.C. | No | 2/17/2023 | Amneal Pharmaceuticals LLC | Yes | In Process | | Waiver of Service of Summons sent to counsel on 2/21/2023. |
| County of Angelina, Texas v. Purdue Pharma L.P., et al. | 1:20-op-45053 | Simon Greenstone Panatier, P.C. | No | 2/17/2023 | Amneal Pharmaceuticals, Inc. | Yes | In Process | | Waiver of Service of Summons sent to counsel on 2/21/2023. |
| County of Angelina, Texas v | 1:20-op-45053 | Simon Greenstone Panatier, P.C. | No | 2/17/2023 | Amneal | No | | | |
| County of Alameda, California; City of Costa Mesa, California; City of Anaheim, California; City of Santa Ana, California; City of San Clemente, California; City of Encinitas, California; City of La Habra, California; City of La Mesa, California; City of Oxnard, California; City of Placentia, California | 1:20-op-45055 | Robins Kaplan LLP | Yes | 5/5/2020 and reserved on 2/12/2023 | Mylan | Yes | Yes | 3/27/2023 | |
| County of Alameda, California; City of Costa Mesa, California; City of Anaheim, California; City of Santa Ana, California; City of San Clemente, California; City of Encinitas, California; City of La Habra, California; City of La Mesa, California; City of Oxnard, California; City of Placentia, California | 1:20-op-45055 | Robins Kaplan LLP | Yes | 5/5/2020 and reserved on 2/12/2023 | Mylan | Yes | Yes | 3/27/2023 | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| BOCC of Oklahoma County, OK | 1:20-op-45056 | Fulmer Sill | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 | |
| Board of County Commissioners of Oklahoma County, OK | 1:20-op-45057 | Fulmer Sill | Yes | | Indivior | Yes | Yes | 3/20/2023 | |
| Board of County Commissioners of Oklahoma County, Oklahoma | 1:20-op-45057 | Fulmer Sill | Yes | | Hikma | Yes | Yes | 3/20/2023 | |
| Board of County Commissioners of Logan County, OK | 1:20-op-45058 | Fulmer Sill | Yes | | Indivior | Yes | Yes | 3/20/2023 | |
| Board of County Commissioners of Logan County, OK | 1:20-op-45058 | Fulmer Sill | Yes | | Hikma | Yes | Yes | 3/20/2023 | |
| BOCC of Logan County, OK | 1:20-op-45058 | Fulmer Sill | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 | |
| Logan County, Oklahoma | 1:20-op-45058 | Fulmer Sill | Yes | | Mylan | Yes | Yes | 3/16/2023 | |
| The Fiscal Court of Adair County (KY) | 1:20-op-45059 | Levin Papantonio Rafferty | Yes | | JM Smith | Yes | Yes | 12/30/2020 | |
| The Fiscal Court of Adair County, on Behalf of Adair County, Kentucky | 1:20-op-45059 | Levin Papantonio Rafferty | Yes | | Amneal Pharmaceuticals LLC | Yes | Yes | 03/08/2023 | |
| Board of County Commissioners of Texas County, OK | 1:20-op-45061 | Fulmer Sill | Yes | | Sandoz Inc. | Yes | Yes | 3/16/2023 | |
| BOCC of Texas County, OK | 1:20-op-45061 | Fulmer Sill | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 | |
| City of Henderson et al., KY | 1:20-op-45062 | Bahe Cook Cantley & Nefzger PLC / Grabhorn Law | No | 1/10/2023 | KVK-Tech | No | | | |
| City of Henderson, Kentucky | 1:20-op-45062 | Bahe Cook Cantley & Nefzger PLC / Grabhorn Law | No | 1/10/2023 | Hikma | Yes | Yes | 9/23/2019 | |
| City of Henderson, Kentucky | 1:20-op-45062 | Bahe Cook Cantley & Nefzger PLC / Grabhorn Law | No | 1/10/2023 | Mylan | No | | | |
| City of Henderson, Kentucky, et al. | 1:20-op-45062 | Bahe Cook Cantley & Nefzger PLC / Grabhorn Law | No | 1/10/2023 | Amneal | No | | | |
| Hardin County Fiscal Court et al., KY | 1:20-op-45063 | Bahe Cook Cantley & Nefzger PLC / Grabhorn Law | Yes | | KVK-Tech | No | | | |
| Hardin County Fiscal Court, Kentucky, et al. | 1:20-op-45063 | Bahe Cook Cantley & Nefzger PLC / Grabhorn Law | Yes | | Hikma | Yes | Yes | 9/23/2019 | |
| Hardin County Fiscal Court, Kentucky, et al. | 1:20-op-45063 | Bahe Cook Cantley & Nefzger PLC / Grabhorn Law | Yes | | Amneal | No | | | |
| Hardin County Fiscal Court, Kentucky | 1:20-op-45063 | Bahe Cook Cantley & Nefzger PLC / Grabhorn Law | Yes | | Mylan | No | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Botetourt County, VA | 1:20-op-45064 | Sanford Heisler Sharp, LLP | Yes | | Indivior | Yes | In Process | | Subdivision counsel continues to search for relevant records documenting service. In the meantime, and out of an abundance of caution, subdivision counsel has recently requested waivers of service for this case. As this court has made clear in its Case Management Order, Defendant has an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Subdivision counsel has also filed a praecipe for a summons with the court and will effect service as soon as the court returns a signed summons. The subdivision's ongoing efforts to perfect service, combined with Defendant's actual notice of this lawsuit, constitute good cause under Rule 4(m) to provide more time for the subdivision to perfect service. Even if the Court does not find good cause here, the Court should exercise its discretion under Rule 4(m) to provide more time for service because there is no prejudice to Defendants, while dismissal without prejudice would prejudice the subdivision. Courts have ordered extensions of time instead of dismissal in similar circumstances where "a defendant is already before the court in a consolidated action and 'presumably the only result of a dismissal would be that the [ ] Plaintiffs would refile their complaint, resulting in a waste of judicial resources.'" In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig., 64 F. Supp. 3d 665, 715 (E.D. Pa. 2014) (collecting cases and ordering Rule 4(m) extension in MDL despite "no attempt to establish good cause for failure to serve"). This lack of prejudice to Defendants contrasts sharply with the great potential for prejudice to the listed subdivision. While subdivision counsel does not concede that any statute of limitations has run for any claims, there is little doubt that Defendants will assert that some of subdivisions' claims are time-barred in the listed case. This fact is "a factor favoring the plaintiff in a Rule 4(m) analysis." AIG Managed Mkt. Neutral Fund v. Askin Cap. Mgmt., L.P., 197 F.R.D. 104, 109 (S.D.N.Y. 2000) (granting Rule 4(m) time extension in consolidated actions because of judicial efficiency concerns, prejudice to plaintiffs, and no prejudice to defendants). Accordingly, the balance of factors weighs in favor of granting the listed subdivision additional time for service. |
| Board of County Commissioners of LeFlore County, Oklahoma | 1:20-op-45067 | Fulmer Sill | Yes | | Hikma | Yes | Yes | 3/20/2023 | |
| BOCC of LeFlore County, OK | 1:20-op-45067 | Fulmer Sill | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 | |
| LeFlore County Board of Commissioners, OK | 1:20-op-45067 | Fulmer Sill | Yes | | Morris & Dickson | No | | | |
| Bertucci, as the Coroner of St. Bernard Parish, and St. Bernard Parish Coroner's Office | 1:20-OP-45077 | Porteous, Hainkel & Johnson, | Yes | | TopRx | Yes | In Process | | This Defendant was named in Plaintiff's Short Form Amended Complaint in which electronic notice was provided to all newly named Defendants therein.  Prior to Defendant's recent submission that included Plaintiff on a list of those with service issues, Plaintiff was unaware there was an alleged service defect Plaintiff had also received multiple phone calls from counsel for Defendant requesting to discuss voluntary dismissal for substantive reasons, causing Plaintiff to believe Defendant had either been served or accepted service.  Due to this, perfection of service is being requested/is in process. |
| Bertucci, Dr. Bryan for St. Bernard Parish Coroner's Office, Louisiana | 1:20-op-45077 | Porteous, Hainkel & Johnson, | Yes | | Hikma | Yes | In Process | | This Defendant was named in Plaintiff's Short Form Amended Complaint in which electronic notice was provided to all newly named Defendants therein.  Prior to Defendant's recent submission that included Plaintiff on a list of those with service issues, Plaintiff was unaware there was an alleged service defect Due to this, perfection of service is being requested/is in process. |
| Bryan Bertucci, Coroner; St. Bernard Parish Coroner, Louisiana | 1:20-op-45077 | Porteous, Hainkel & Johnson, | Yes | | Mylan | Yes | In Process | | This Defendant was named in Plaintiff's Short Form Amended Complaint in which electronic notice was provided to all newly named Defendants therein.  Prior to Defendant's recent submission that included Plaintiff on a list of those with service issues, Plaintiff was unaware there was an alleged service defect Due to this, perfection of service is being requested/is in process. |
| Evans County (GA) | 1:20-op-45080 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | JM Smith | Yes | Yes | 3/23/2020 | Defendant signed and returned the waiver on 3/23/20. Plaintiff filed the waiver with the Court on 2/3/23. |
| Evans County, Georgia | 1:20-op-45080 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Hikma | No | | | |
| Evans County, Georgia | 1:20-op-45080 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Mylan | No | | | |
| Evans County, Georgia | 1:20-op-45080 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Amneal | No | | | |
| Appling County (GA) | 1:20-op-45081 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | JM Smith | Yes | Yes | 3/20/2020 | Defendant signed and returned the waiver on 03/20/20. Plaintiff filed the waiver with the Court on 02/01/23. |
| Appling County, Georgia | 1:20-op-45081 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Hikma | No | | | |

| Entity | Case No. | Law Firm | | Date | Defendant | | | Date | Notes |
|---|---|---|---|---|---|---|---|---|---|
| Appling County, Georgia | 1:20-op-45081 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Mylan | No | | | |
| Appling County, Georgia | 1:20-op-45081 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/13/2022 | Amneal | No | | | |
| Polk County, Missouri | 1:20-op-45082 | Theodora Oringher PC | Yes | | Mylan | Yes | Yes | 1/27/2023 1/30/2023 | · Service Perfected on Mylan Institutional, Inc. on 01/27/2023 · Service Perfected on Mylan Pharmaceuticals, Inc. on 01/30/2023 · Notice of Voluntary Dismissal Without Prejudice as to Mylan N.V. Only filed February 24, 2023 |
| Polk County, Missouri | 1:20-op-45082 | Theodora Oringher PC | Yes | | Hikma | Yes | Yes | 1/27/2023 | |
| Polk County, MO | 1:20-op-45082 | Theodora Oringher PC | Yes | | Novartis Pharmaceuticals Corp. | Yes | Yes | 1/27/2023 | |
| Polk County, Missouri | 1:20-op-45082-DAP | Theodora Oringher PC | Yes | | Michael Babich | Yes | No | | Notice of Voluntary Dismissal Without Prejudice filed February 24, 2023 |
| Sugar Notch Borough, Pennsylvania v. AmerisourceBergen Drug Corporation, et al. | 1:20-op-45090 | Levin Papantonio Rafferty | Yes | | Value Drug | Yes | Yes | 03/06/2023 | |
| Acadia-St. Landry Hospital Service District | 1:20-op-45097 | Neblett, Beard & Arsenault | No | | Louisiana Wholesale Drug | No | | | The MDL Court's June 19, 2018 Fact Sheet Implementation Order (R. Doc. 638) expressly states that "Only Plaintiffs that are Governmental Entities (e.g., Cities, Towns, Counties) shall complete a PFS.  Other entities (e.g., Hosptials, Third-Party-Payors) do not need to complete a PFS. " |
| Hospital Service District No. 1 of the Parish of Avoyelles, State of Louisiana | 1:20-op-45098 | Neblett, Beard & Arsenault | No | | Louisiana Wholesale Drug | No | | | The MDL Court's June 19, 2018 Fact Sheet Implementation Order (R. Doc. 638) expressly states that "Only Plaintiffs that are Governmental Entities (e.g., Cities, Towns, Counties) shall complete a PFS.  Other entities (e.g., Hosptials, Third-Party-Payors) do not need to complete a PFS. " |
| Iowa Tribe of Kansas and Nebraska, Kansas | 1:20-op-45099 | Skikos Crawford Skikos & Joseph Bertram & Graf The Popham Law Firm Bryan, Lykins & Hejtmanek | | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | | N/A | Plaintiff is a Tribe and was improperly identified by Defendant on its service and fact sheet list. The Court's 1/3/23 Order (#4801) was directed to "plaintiff-subdivisions" only. In addition, the 6/19/18 Fact Sheet Implementation Order (#638) was applicable to Government Entities only and did not apply to Tribes (see 6/20/18 Order, #642). |
| County of Madison, Mississippi | 1:20-op-45106 | Napoli Shkolnik | No | 1/2/2023 | Hikma | No | | | |
| County of Madison, Mississippi | 1:20-op-45106 | Napoli Shkolnik | No | 1/2/2023 | Mylan | No | | | |
| Patty Carol Leysen | 1:20-op-45107 | Pinto Coates Kyre & Bowers, PLLC | | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | | | THIS IS AN INDIVIDUAL CLAIMANT, NOT A SUBDIVISION OR A GOVERNMENT ENTITY |
| Rapides Parish Police Jury | 1:20-op-45111 | Levin Papantonio Rafferty | Yes | | Louisiana Wholesale Drug | Yes | Yes | 6/5/2020 | |
| City of Kirkland, Washington | 1:20-op-45121 | Keller Rohrback L.L.P. | Yes | | Hikma | Yes | Yes | 3/20/2023 | Declaration of Service re personal service filed 3/20/23. Hikma Pharmaceuticals USA, Inc. not a named defendant. West-Ward Pharmaceutical Corp is a named defendant.  Waiver request originally sent to West-Ward on 1/3/2020. No response received after multiple follow-ups. Personal service perfected 3/15/2023. |
| City of Kirkland, Washington | 1:20-op-45121 | Keller Rohrback L.L.P. | Yes | | Mylan | Yes | Yes | 3/14/2023 | Declaration of Service re personal service filed 3/14/23. Mylan added on short form. Waiver request sent 2/15/2023. No waiver received after multiple follow-up requests.  Personal service perfected 3/13/2023. |
| Phillip Terrell, Rapides Parish District Attorney | 1:20-op-45123 | Levin Papantonio Rafferty | Yes | | KVK-Tech | Yes | | 10/16/2020 | |
| Phillip Terrell, Rapides Parish District Attorney | 1:20-op-45123 | Levin Papantonio Rafferty | Yes | | Louisiana Wholesale Drug | Yes | Yes | 6/8/2020 | |
| City of Stewart, FL | 1:20-op-45124-DAP | The Law Office of Travis W | Yes | | Michael Babich | Yes | In Process | | |
| Board of County Commissioners of Jackson County, OK | 1:20-op-45126 | Fulmer Sill | Yes | | Indivior | Yes | Yes | 3/16/2023 | |
| Board of County Commissioners of Jackson County, Oklahoma | 1:20-op-45126 | Fulmer Sill | Yes | | Hikma | Yes | Yes | 3/20/2023 | |
| BOCC of Jackson County, OK | 1:20-op-45126 | Fulmer Sill | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 | |
| Jackson County, Oklahoma | 1:20-op-45126 | Fulmer Sill | Yes | | Mylan | Yes | Yes | 3/16/2023 | |
| Lincoln County Board of County Commissioners, Oklahoma | 1:20-op-45128 | Napoli Shkolnik | Yes | | Hikma | Yes | Yes | 2/10/2023 | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| BOCC of Noble County, OK | 1:20-op-45129 | Fulmer Sill | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 | |
| Noble County, Oklahoma | 1:20-op-45129 | Fulmer Sill | Yes | | Mylan | Yes | Yes | 3/16/2023 | |
| Clinton County, Missouri | 1:20-op-45130 | Theodora Oringher PC | Yes | | Hikma | Yes | Yes | 1/27/2023 | |
| Clinton County, MO | 1:20-op-45130 | Theodora Oringher PC | Yes | | Novartis Pharmaceuticals Corp. | Yes | Yes | 1/27/2023 | |
| Clinton County, Missouri | 1:20-op-45130 | Theodora Oringher PC | Yes | | Mylan | Yes | Yes | 1/27/2023 1/30/2023 | · Service Perfected on Mylan Institutional, Inc. on 01/27/2023 · Service Perfected on Mylan Pharmaceuticals, Inc. on 01/30/2023 · Notice of Voluntary Dismissal Without Prejudice as to Mylan N.V. Only filed February 24, 2023 |
| Clinton County, Missouri | 1:20-op-45130-DAP | Theodora Oringher PC | Yes | | Michael Babich | Yes | No | | Notice of Voluntary Dismissal Without Prejudice filed February 24, 2023 |
| Pike County, Missouri | 1:20-op-45131 | Theodora Oringher PC | Yes | | Mylan | Yes | Yes | 1/27/2023 1/30/2023 | · Service Perfected on Mylan Institutional, Inc. on 01/27/2023 · Service Perfected on Mylan Pharmaceuticals, Inc. on 01/30/2023 · Notice of Voluntary Dismissal Without Prejudice as to Mylan N.V. Only filed February 24, 2023 |
| Pike County, Missouri | 1:20-op-45131 | Theodora Oringher PC | Yes | | Hikma | Yes | Yes | 1/27/2023 | |
| Pike County, MO | 1:20-op-45131 | Theodora Oringher PC | Yes | | Novartis Pharmaceuticals Corp. | Yes | Yes | 1/27/2023 | |
| Pike County, Missouri | 1:20-op-45131-DAP | Theodora Oringher PC | Yes | | Michael Babich | Yes | No | | Notice of Voluntary Dismissal Without Prejudice filed February 24, 2023 |
| Ray County, Missouri | 1:20-op-45132 | Theodora Oringher PC | Yes | | Mylan | Yes | Yes | 1/27/2023 1/30/2023 | · Service Perfected on Mylan Institutional, Inc. on 01/27/2023 · Service Perfected on Mylan Pharmaceuticals, Inc. on 01/30/2023 · Notice of Voluntary Dismissal Without Prejudice as to Mylan N.V. Only filed February 24, 2023 |
| Ray County, Missouri | 1:20-op-45132 | Theodora Oringher PC | Yes | | Hikma | Yes | Yes | 1/27/2023 | |
| Ray County, MO | 1:20-op-45132 | Theodora Oringher PC | Yes | | Novartis Pharmaceuticals Corp. | Yes | Yes | 1/27/2023 | |
| Vernon County, Missouri | 1:20-op-45133 | Theodora Oringher PC | Yes | | Mylan | Yes | Yes | 1/27/2023 1/30/2023 | · Service Perfected on Mylan Institutional, Inc. on 01/27/2023 · Service Perfected on Mylan Pharmaceuticals, Inc. on 01/30/2023 · Notice of Voluntary Dismissal Without Prejudice as to Mylan N.V. Only filed February 24, 2023 |
| Vernon County, Missouri | 1:20-op-45133 | Theodora Oringher PC | Yes | | Hikma | Yes | Yes | 1/27/2023 | |
| Vernon County, MO | 1:20-op-45133 | Theodora Oringher PC | Yes | | Novartis Pharmaceuticals Corp. | Yes | Yes | 1/27/2023 | |
| Vernon County, Missouri | 1:20-op-45133-DAP | Theodora Oringher PC | Yes | | Michael Babich | Yes | No | | Notice of Voluntary Dismissal Without Prejudice filed February 24, 2023 |
| Lawrence County, Missouri | 1:20-op-45134 | Theodora Oringher PC | Yes | | Hikma | Yes | Yes | 1/27/2023 | |
| Lawrence County, MO | 1:20-op-45134 | Theodora Oringher PC | Yes | | Novartis Pharmaceuticals Corp. | Yes | Yes | 1/27/2023 | |
| Lawrence County, Missouri | 1:20-op-45134 | Theodora Oringher PC | Yes | | Mylan | Yes | Yes | 1/27/2023 1/30/2023 | · Service Perfected on Mylan Institutional, Inc. on 01/27/2023 · Service Perfected on Mylan Pharmaceuticals, Inc. on 01/30/2023 · Notice of Voluntary Dismissal Without Prejudice as to Mylan N.V. Only filed February 24, 2023 |
| Lawrence County, Missouri | 1:20-op-45134-DAP | Theodora Oringher PC | Yes | | Michael Babich | Yes | No | | Notice of Voluntary Dismissal Without Prejudice filed February 24, 2023 |
| Henry County, Missouri | 1:20-op-45135 | Theodora Oringher PC | Yes | | Mylan | Yes | Yes | 1/27/2023 1/30/2023 | · Service Perfected on Mylan Institutional, Inc. on 01/27/2023 · Service Perfected on Mylan Pharmaceuticals, Inc. on 01/30/2023 · Notice of Voluntary Dismissal Without Prejudice as to Mylan N.V. Only filed February 24, 2023 |
| Henry County, Missouri | 1:20-op-45135 | Theodora Oringher PC | Yes | | Hikma | Yes | Yes | 1/27/2023 | |
| Henry County, MO | 1:20-op-45135 | Theodora Oringher PC | Yes | | Novartis Pharmaceuticals Corp. | Yes | Yes | 1/27/2023 | |
| Henry County, Missouri | 1:20-op-45135-DAP | Theodora Oringher PC | Yes | | Michael Babich | Yes | No | | Notice of Voluntary Dismissal Without Prejudice filed February 24, 2023 |
| BOCC of Woodward County, OK | 1:20-op-45141 | Fulmer Sill | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 | |
| Woodward County Board of County Commissioners, OK | 1:20-op-45141 | Fulmer Sill | Yes | | Sandoz Inc. | Yes | Yes | 3/16/2023 | |
| Woodward County Board of County Commissioners, OK | 1:20-op-45141 | Fulmer Sill | Yes | | Indivior | Yes | Yes | 3/16/2023 | |
| Woodward County Board of County Commissioners, Oklahoma | 1:20-op-45141 | Fulmer Sill | Yes | | Hikma | Yes | Yes | 3/20/2023 | |

| Plaintiff | Case No. | Firm | Col4 | Col5 | Defendant | Col7 | Col8 | Col9 | Notes |
|---|---|---|---|---|---|---|---|---|---|
| Woodward County Board of County Commissioners, Oklahoma | 1:20-op-45141 | Fulmer Sill | Yes | | Mylan | Yes | Yes | 3/16/2023 | |
| City of Fullerton, California; City of Westminster, California | 1:20-op-45143 | Robins Kaplan LLP | 6/30/2020 and reserved 2/12/23 | | Mylan | No | | | Fullerton fact sheet submitted on 6/30/20; Westminster fact sheet submitted on 6/30/20 and again on 2/12/23. |
| City of Fullerton, California; City of Westminster, California | 1:20-op-45143 | Robins Kaplan LLP | 6/30/2020 and reserved 2/12/23 | | Mylan | No | | | Fullerton fact sheet submitted on 6/30/20; Westminster fact sheet submitted on 6/30/20 and again on 2/12/23. |
| Board of County Commissioners of Beckham County, OK | 1:20-op-45146 | Fulmer Sill | Yes | | Indivior | Yes | Yes | 3/16/2023 | |
| Board of County Commissioners of Beckham County, OK v. Cephalon, Inc. et al | 1:20-op-45146 | Fulmer Sill | Yes | | Pharmacy Buying Association | Yes | Yes | 3/16/2023 | |
| Board of County Commissioners of Beckham County, Oklahoma | 1:20-op-45146 | Fulmer Sill | Yes | | Hikma | Yes | Yes | 3/20/2023 | |
| Board of County Commissioners of Beckham County, Oklahoma | 1:20-op-45146 | Fulmer Sill | Yes | | Mylan | Yes | Yes | 3/16/2023 | |
| Board of County Commissioners of Coal County, Oklahoma | 1:20-op-45149 | Fulmer Sill | Yes | | Mylan | Yes | Yes | 3/16/2023 | |
| BOCC of Coal County, OK | 1:20-op-45149 | Fulmer Sill | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 | |
| Coal County Board of County Commissioners, OK | 1:20-op-45149 | Fulmer Sill | Yes | | Sandoz Inc. | Yes | Yes | 3/16/2023 | |
| The Board of County Commissioners for Allen County, KS & Jerry Hathaway, Allen County Attorney | 1:20-op-45151 | Skikos Crawford Skikos & Joseph Wagstaff & Cartmell Bertram & Graf | Yes | N/A | KVK-Tech | No | | | Allen County, KS was initially included on KVK-Tech's 1/30/23 deficiency list. However, Allen County was removed from KVK-Tech's amended deficiency list filed on 2/6/23. |
| The Board of County Commissioners for Allen County, Kansas and Jerry Hathaway, Allen County Attorney | 1:20-op-45151 | Skikos Crawford Skikos & Joseph Wagstaff & Cartmell Bertram & Graf | Yes | N/A | Amneal Pharmaceuticals LLC | Yes | No | N/A | Service by co-counsel was previously attempted by sending a request for waiver of service. The waiver of service was not executed and returned. A new request for waiver of service pursuant to FRCP Rule 4(d) and CMO-1 was sent to Amneal on 2/17/23. |
| The City of Sedalia, Pettis County, Missouri | 1:20-op-45152 | Skikos Crawford Skikos & Joseph Wagstaff & Cartmell Bertram & Graf | Yes | N/A | Amneal Pharmaceuticals LLC | Yes | No | N/A | Service by co-counsel was previously attempted by sending a request for waiver of service. The waiver of service was not executed and returned. A new request for waiver of service pursuant to FRCP Rule 4(d) and CMO-1 was sent to Amneal on 2/17/23. |
| Cayuga Nation | 1:20-op-45153 | | | | American Sales Company, LLC | **Yes** | | | The PEC notes the plaintiff is a tribe and was improperly identified by Defendant on its service and fact sheet list. The Court's 1/3/23 Order (#4801) was directed to "plaintiff-subdivisions" only. In addition, the 6/19/18 Fact Sheet Implementation Order (#638) was applicable to Government Entities only and did not apply to plaintiff-tribes (see 6/20/18 Order, #642). |
| Cayuga Nation v. Cephalon, Inc. | 1:20-op-45153 | | | | Value Drug | Yes | | | The PEC notes the plaintiff is a tribe and was improperly identified by Defendant on its service and fact sheet list. The Court's 1/3/23 Order (#4801) was directed to "plaintiff-subdivisions" only. In addition, the 6/19/18 Fact Sheet Implementation Order (#638) was applicable to Government Entities only and did not apply to plaintiff-tribes (see 6/20/18 Order, #642). |
| Board of County Commissioners of Muskogee County, Oklahoma | 1:20-op-45155 | Napoli Shkolnik | Yes | | Mylan | Yes | Yes | 2/13/2023 | |
| Board of Supervisors for Louisiana State University and Agricultural and Mechanical College | 1:20-op-45157 | Irpino Avin Hawkins | No | | Louisiana Wholesale Drug | No | | | This client is not a political subdivision and therefore not subject to submission of a PFS. This plaintiff should not be included on this spreadsheet and is not subject to compliance/issues raised in the Order at Dkt. 4801. |
| City of Muskogee, Oklahoma | 1:20-op-45162 | Fulmer Sill | Yes | | Mylan | Yes | Yes | 3/16/2023 | |
| City of Muskogee, OK | 1:20-op-45162 | Fulmer Sill | Yes | | Indivior | Yes | Yes | 3/16/2023 | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| City of Morganfield, Kentucky | 1:20-op-45167 | Frazer PLC | No | 2/6/2023 | Henry Schein | Yes | In Process | | Waiver of Service Requested; no response. |
| City of Morganfield, Kentucky | 1:20-op-45167 | Frazer PLC | No | 2/6/2023 | Amneal Pharmaceuticals LLC | Yes | In Process | | Waiver of Service Requested; no response. |
| City of Morganfield, Kentucky | 1:20-op-45167 | Frazer PLC | No | 2/6/2023 | Amneal Pharmaceuticals, Inc. | Yes | In Process | | Waiver of Service Requested; no response. |
| Stone County, Mississippi | 1:20-op-45168 | Frazer PLC | | | Henry Schein | Yes | | | Voluntarily Dismissed as Duplicative Action |
| Stone County, Mississippi | 1:20-op-45168 | Frazer PLC | | | Amneal Pharmaceuticals LLC | Yes | | | Voluntarily Dismissed as Duplicative Action |
| Stone County, Mississippi | 1:20-op-45168 | Frazer PLC | | | Amneal Pharmaceuticals, Inc. | Yes | | | Voluntarily Dismissed as Duplicative Action |
| Barton County, Missouri | 1:20-op-45171 | Theodora Oringher PC | Yes | | Mylan | Yes | Yes | 1/27/2023 1/30/2023 | · Service Perfected on Mylan Institutional, Inc. on 01/27/2023 · Service Perfected on Mylan Pharmaceuticals, Inc. on 01/30/2023 · Notice of Voluntary Dismissal Without Prejudice as to Mylan N.V. Only filed February 24, 2023 |
| Barton County, Missouri | 1:20-op-45171 | Theodora Oringher PC | Yes | | Hikma | Yes | Yes | 1/27/2023 | |
| Barton County, MO | 1:20-op-45171 | Theodora Oringher PC | Yes | | Novartis Pharmaceuticals Corp. | Yes | Yes | 1/27/2023 | |
| Barton County, Missouri | 1:20-op-45171-DAP | Theodora Oringher PC | Yes | | Michael Babich | Yes | No | | Notice of Voluntary Dismissal Without Prejudice filed February 24, 2023 |
| Mecklenburg County, VA | 1:20-op-45174 | Sanford Heisler Sharp, LLP | Yes | | Indivior | Yes | In Process | | Subdivision counsel continues to search for relevant records documenting service. In the meantime, and out of an abundance of caution, subdivision counsel has recently requested waivers of service for this case. As this court has made clear in its Case Management Order, Defendant has an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Subdivision counsel has also filed a praecipe for a summons with the court and will effect service as soon as the court returns a signed summons. Even if the Court does not find good cause for subdivision counsel's efforts, the Court should provide more time for service pursuant to Rule 4(m) because there is no prejudice to Defendants and dismissal without prejudice would prejudice subdivisions. Courts have ordered extensions of time instead of dismissal in similar circumstances where "a defendant is already before the court in a consolidated action and 'presumably the only result of a dismissal would be that the [ ] Plaintiffs would refile their complaint, resulting in a waste of judicial resources.'" In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig., 64 F. Supp. 3d 665, 715 (E.D. Pa. 2014) (collecting cases and ordering Rule 4(m) extension in MDL despite "no attempt to establish good cause for failure to serve"). This lack of prejudice to Defendants contrasts sharply with the great potential for prejudice to the listed subdivisions. While subdivision counsel does not concede that any statute of limitations has run for any claims, there is little doubt that Defendants will assert that some of subdivisions' claims are time-barred in the listed cases. This fact is "a factor favoring the plaintiff in a Rule 4(m) analysis." AIG Managed Mkt. Neutral Fund v. Askin Cap. Mgmt., L.P., 197 F.R.D. 104, 109 (S.D.N.Y. 2000) (granting Rule 4(m) time extension in consolidated actions because of judicial efficiency concerns, prejudice to plaintiffs, and no prejudice to defendants). Accordingly, the balance of factors weighs in favor of granting the listed subdivisions additional time for service. |

| Mecklenburg County, Virginia | 1:20-op-45174 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| Mecklenburg County, Virginia | 1:20-op-45174 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals of New York, LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Mecklenburg County, Virginia | 1:20-op-45174 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals, Inc. | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| BOCC of Comanche County, OK | 1:20-op-45180 | Fulmer Sill | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 | |
| Board of County Commissioners of Custer County, Oklahoma | 1:20-op-45182 | Fulmer Sill | Yes | | Mylan | Yes | Yes | 3/16/2023 | |
| BOCC of Custer County, OK | 1:20-op-45182 | Fulmer Sill | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 | |
| Board of County Commissioners of Roger Mills County, Oklahoma | 1:20-op-45183 | Fulmer Sill | Yes | | Mylan | Yes | Yes | 3/16/2023 | |
| BOCC of Roger Mills County, OK | 1:20-op-45183 | Fulmer Sill | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 | |
| Bedford County v. Purdue Pharma L.P., et al. | 1:20-op-45184 | Morgan & Morgan Complex Litigation Group | No | 3/14/2022 | Value Drug | Yes | No | TBD | A copy of the Complaint was mailed via certified mail and delivered on 3/9/20 per the USPS return in my possession. The only basis for Value Drug's continued assertion that service hasn't been perfected is because the complaint was not served via the Blair County Sheriff's department. However, Value Drug did recieve the Complaint on 3/9/202 and I have proof of delivery. |
| Bedford County, Pennsylvania | 1:20-op-45184 | Morgan & Morgan Complex Litigation Group | No | 3/14/2022 | Amneal | No | Yes | | |
| Board of County Commissioners of Tillman County, Oklahoma | 1:20-op-45185 | Fulmer Sill | Yes | | Mylan | Yes | Yes | 3/16/2023 | |
| BOCC Tillman County, OK | 1:20-op-45185 | Fulmer Sill | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 | |
| Hinds County, Mississippi | 1:20-op-45190 | Diaz Law Firm, PLLC | No | 1/3/2023 | Hikma | No | | | |
| Hinds County, MS | 1:20-op-45190 | Diaz Law Firm, PLLC | No | 1/3/2023 | Indivior | No | | | |
| Assumption Parish Police Jury | 1:20-op-45205 | Leger & Shaw | No | 2/23/2023 | Louisiana Wholesale Drug | No | | | n/a |
| Assumption Parish Police Jury | 1:20-op-45205 | Leger & Shaw | No | 2/23/2023 | Amneal Pharmaceuticals LLC | Yes | Yes | 3/15/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/14/2023. Executed Return of Service filed 3/15/2023. |
| Assumption Parish Police Jury | 1:20-op-45205 | Leger & Shaw | No | 2/23/2023 | Amneal Pharmaceuticals, Inc. | Yes | Yes | 3/15/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/14/2023. Executed Return of Service filed 3/15/2023. |
| Assumption Parish, Louisiana | 1:20-op-45205 | Leger & Shaw | No | 2/23/2023 | Mylan | Yes | Yes | 3/16/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/15/2023. Executed Return of Service filed 3/16/2023. |
| Assumption Parish Police Jury, LA | 1:20-op-45205 | Leger & Shaw | No | 2/23/2023 | Sandoz/Novartis | No | | | |
| Assumption Parish Police Jury, LA | 1:20-op-45205 | Leger & Shaw | No | 2/23/2023 | Indivior | No | | | |

| Plaintiff | Case No. | Firm | | Date | Defendant | | | Date | Notes |
|---|---|---|---|---|---|---|---|---|---|
| Assumption Parish Police Jury, Louisiana | 1:20-op-45205 | Leger & Shaw | No | 2/23/2023 | Hikma | No | | | |
| Leland Falcon, Assumption Parish Sheriff | 1:20-op-45206 | Leger & Shaw | No | 2/23/2023 | Louisiana Wholesale Drug | No | | | n/a |
| Leland Falcon, Sheriff of Assumption Parish, Louisiana | 1:20-op-45206 | Leger & Shaw | No | 2/23/2023 | Mylan | Yes | Yes | 3/16/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/15/2023. Executed Return of Service filed 3/16/2023. |
| Leland Falcon, Sheriff of Assumption Parish, Louisiana in his capacity as Officer Ex Officio of the Assumption Parish Sheriff's Office | | Leger & Shaw | No | 2/23/2023 | Amneal Pharmaceuticals LLC | Yes | Yes | 3/15/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/14/2023. Executed Return of Service filed 3/15/2023. |
| Leland Falcon, Sheriff of Assumption Parish, Louisiana in his capacity as Officer Ex Officio of the Assumption Parish Sheriff's Office | 1:20-op-45206 | Leger & Shaw | No | 2/23/2023 | Amneal Pharmaceuticals, Inc. | Yes | Yes | 3/15/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/14/2023. Executed Return of Service filed 3/15/2023. |
| Leland Falcon, Louisiana | 1:20-op-45206 | Leger & Shaw | No | 2/23/2023 | Hikma | No | | | |
| Leland Falcon, Sheriff of Assumption Parish, in his capacity as officer ex officio of the Assumption Parish Sheriff's Office, LA | | Leger & Shaw | No | 2/23/2023 | Indivior | No | | | |
| West Ascension Parish Hospital Service District | 1:20-op-45207 | Leger & Shaw | No | 2/23/2023 | Louisiana Wholesale Drug | No | | | n/a |
| City of Opelika, Alabama | 1:20-op-45208 | Riley & Jackson, P.C. | No | 10/27/2022 | Hikma | No | | | |
| City of Opelika, Alabama; City of Spanish Fort, Alabama; City of Centreville, Alabama; City of Slocomb, Alabama; Town of West Blocton, Alabama | 1:20-op-45208 | Riley & Jackson, P.C. | No | 10/27/2022 | Mylan | No | | | |
| Lafourche Parish Government | 1:20-op-45212 | Leger & Shaw | No | 3/21/2023 | Louisiana Wholesale Drug | No | | | n/a |
| Lafourche Parish Government | 1:20-op-45212 | Leger & Shaw | No | 3/21/2023 | Amneal Pharmaceuticals LLC | Yes | Yes | 3/15/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/14/2023. Executed Return of Service filed 3/15/2023. |
| Lafourche Parish Government | 1:20-op-45212 | Leger & Shaw | No | 3/21/2023 | Amneal Pharmaceuticals, Inc. | Yes | Yes | 3/15/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/14/2023. Executed Return of Service filed 3/15/2023. |
| Lafourche Parish Government, LA | 1:20-op-45212 | Leger & Shaw | No | 3/21/2023 | Sandoz/Novartis | No | | | |
| Lafourche Parish Government, LA | 1:20-op-45212 | Leger & Shaw | No | 3/21/2023 | Indivior | No | | | |
| Lafourche Parish Government, Louisiana | 1:20-op-45212 | Leger & Shaw | No | 3/21/2023 | Hikma | No | | | |
| LaFourche Parish, Louisiana | 1:20-op-45212 | Leger & Shaw | No | 3/21/2023 | Mylan | No | | | |
| Tunica County, Mississippi | 1:20-op-45213 | Diaz Law Firm, PLLC | No | 1/3/2023 | Hikma | No | | | |
| Tunica County, MS | 1:20-op-45213 | Diaz Law Firm, PLLC | No | 1/3/2023 | Indivior | No | | | |
| Bolivar County, Mississippi | 1:20-op-45214 | Diaz Law Firm, PLLC | No | 1/3/2023 | Hikma | No | | | |
| Bolivar County, Mississippi | 1:20-op-45214 | Diaz Law Firm, PLLC | No | 1/3/2023 | Mylan | No | | | |
| Bolivar County, MS | 1:20-op-45214 | Diaz Law Firm, PLLC | No | 1/3/2023 | Indivior | No | | | |
| City of Marion, Illinois, a home unit v. Teva Pharmaceutical Industries, Ltd., et al. | 1:20-op-45215 | Levin Papantonio Rafferty | Yes | | Amneal Pharmaceuticals LLC | Yes | Yes | 3/23/2021 | |
| The City of Orlando, Florida | 1:20-op-45223 | Morgan & Morgan | No | 2/17/2023 | Amneal Pharmaceuticals LLC | Yes | No | | Plaintiff decided not to perfect service for defendant Amneal. |
| The City of Orlando, Florida | 1:20-op-45223 | Morgan & Morgan | No | 2/17/2023 | Amneal Pharmaceuticals, Inc. | Yes | No | | Plaintiff decided not to perfect service for defendant Amneal. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Dade County, Missouri | 1:20-op-45224 | Theodora Oringher PC | Yes | | Mylan | Yes | Yes | 1/27/2023 1/30/2023 | · Service Perfected on Mylan Institutional, Inc. on 01/27/2023 · Service Perfected on Mylan Pharmaceuticals, Inc. on 01/30/2023 · Notice of Voluntary Dismissal Without Prejudice as to Mylan N.V. Only filed February 24, 2023 |
| Dade County, Missouri | 1:20-op-45224 | Theodora Oringher PC | Yes | | Hikma | Yes | Yes | 1/27/2023 | |
| Dade County, MO | 1:20-op-45224 | Theodora Oringher PC | Yes | | Novartis Pharmaceuticals Corp. | Yes | Yes | 1/27/2023 | |
| Dade County, Missouri | 1:20-op-45224-DAP | Theodora Oringher PC | Yes | | Michael Babich | Yes | No | | Notice of Voluntary Dismissal Without Prejudice filed February 24, 2023 |
| McDonald County, Missouri | 1:20-op-45225 | Theodora Oringher PC | Yes | | Mylan | Yes | Yes | 1/27/2023 1/30/2023 | · Service Perfected on Mylan Institutional, Inc. on 01/27/2023 · Service Perfected on Mylan Pharmaceuticals, Inc. on 01/30/2023 · Notice of Voluntary Dismissal Without Prejudice as to Mylan N.V. Only filed February 24, 2023 |
| McDonald County, Missouri | 1:20-op-45225 | Theodora Oringher PC | Yes | | Hikma | Yes | Yes | 1/27/2023 | |
| McDonald County, MO | 1:20-op-45225 | Theodora Oringher PC | Yes | | Novartis Pharmaceuticals Corp. | Yes | Yes | 1/27/2023 | |
| McDonald County, Missouri | 1:20-op-45225-DAP | Theodora Oringher PC | Yes | | Michael Babich | Yes | No | | Notice of Voluntary Dismissal Without Prejudice filed February 24, 2023 |
| Shawnee County, Kansas | 1:20-op-45226 | Theodora Oringher PC | Yes | | Mylan | Yes | Yes | 1/27/2023 1/30/2023 | · Service Perfected on Mylan Institutional, Inc. on 01/27/2023 · Service Perfected on Mylan Pharmaceuticals, Inc. on 01/30/2023 · Notice of Voluntary Dismissal Without Prejudice as to Mylan N.V. Only filed February 24, 2023 |
| Shawnee County, Kansas, | 1:20-op-45226-DAP | Theodora Oringher PC | Yes | | Michael Babich | Yes | No | | Notice of Voluntary Dismissal Without Prejudice filed February 24, 2023 |
| City of Daphne, Alabama | 1:20-op-45227 | Mantiply & Assoc. | No | 10/28/2022 | Henry Schein | No | | | |
| City of Daphne, Alabama | 1:20-op-45227 | Mantiply & Assoc. | No | 10/28/2022 | Amneal | No | | | |
| Town of Cottage City, Maryland | 1:20-op-45235 | Theodora Oringher PC | Yes | | Mylan | Yes | Yes | 1/27/2023 1/31/2023 | · Service Perfected on Mylan Institutional, Inc. on 01/27/2023 · Service Perfected on Mylan Pharmaceuticals, Inc. on 01/31/2023 · Notice of Voluntary Dismissal Without Prejudice as to Mylan N.V. Only filed February 24, 2023 |
| Town of Cottage City, Forest Heights, North Brentwood, Upper Marlboro | 1:20-op-45235 | Theodora Oringher PC | Yes | | Giant Food Stores, LLC | Yes | Yes | 2/20/2023 | |
| Town of Cottage City, Maryland, et al. | 1:20-op-45235 | Theodora Oringher PC | Yes | | Hikma | Yes | Yes | 1/27/2023 | |
| Town of Cottage City, MD, et al. | 1:20-op-45235 | Theodora Oringher PC | Yes | | Novartis Pharmaceuticals Corp. | Yes | Yes | 1/27/2023 | |
| Town of Cottage City, Town of Forest Heights, Town of North Brentwood, and Town of Upper Marlboro, MD | 1:20-op-45235 | Theodora Oringher PC | Yes | | Indivior | No | | | |
| Town of Cottage City, The Town of Forest Heights, Town of North Brentwood, and The Town of Upper Marlboro, MD | 1:20-op-45235-DAP | Theodora Oringher PC | Yes | | Michael Babich | Yes | | | Notice of Voluntary Dismissal Without Prejudice filed February 24, 2023 |
| Scott County, Mississippi | 1:20-op-45238 | Diaz Law Firm, PLLC | No | 1/5/2023 | Hikma | No | | | |
| Scott County, Mississippi | 1:20-op-45238 | Diaz Law Firm, PLLC | No | 1/5/2023 | Mylan | No | | | |
| Scott County, MS | 1:20-op-45238 | Diaz Law Firm, PLLC | No | 1/5/2023 | Indivior | No | | | |
| City of Clearlake, California, et al. | 1:20-op-45251 | Levin Papantonio Rafferty | Yes | | Amneal Pharmaceuticals LLC | Yes | Yes | 3/23/2021 | |
| City of El Reno, OK | 1:20-op-45252 | Fulmer Sill | Yes | | Indivior | Yes | Yes | 3/16/2023 | |
| City of El Reno, Oklahoma | 1:20-op-45252 | Fulmer Sill | Yes | | Mylan | Yes | Yes | 3/16/2023 | |
| City of Dublin, California; City of Murietta, California | 1:20-op-45255 | Robins Kaplan LLP | Yes | 1/4/21 and reserved on 2/12/23 | Mylan | Yes | Yes | 03/272023 | |
| City of Dublin, California; City of Murietta, California | 1:20-op-45255 | Robins Kaplan LLP | Yes | 1/4/21 and reserved on 2/12/23 | Mylan | Yes | Yes | 03/272023 | |
| BOCC of Greer County, OK | 1:20-op-45256 | Fulmer Sill | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 | |
| Board of County Commissioners of Choctaw County, OK | 1:20-op-45257 | Fulmer Sill | Yes | | Sandoz Inc. | Yes | Yes | 3/16/2023 | |
| BOCC of Hughes County, OK | 1:20-op-45258 | Napoli Shkolnik | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| BOCC of McCurtain County, OK | 1:20-op-45259 | Fulmer Sill | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 | |
| Town of Poughkeepsie, NY | 1:20-op-45260 | Napoli Shkolnik | No | 2/2/2023 | Amneal Pharmaceuticals, Inc. | Yes | Yes | 2/22/2023 | waiver also sent 2/17/23 |
| Town of Poughkeepsie, New York | 1:20-op-45260 | Napoli Shkolnik | No | 2/2/2023 | Hikma | Yes | Yes | 2/14/2023 | |
| Town of Poughkeepsie, New York | 1:20-op-45260 | Napoli Shkolnik | No | 2/2/2023 | Mylan | No | | | |
| Town of Poughkeepsie, NY | 1:20-op-45260 | Napoli Shkolnik | No | 2/2/2023 | Sandoz/Novartis | No | | | |
| City of Leesburg, Alabama | 1:20-op-45261 | DeGaris Law | No | 10/28/2022 | Hikma | No | | | |
| City of Leesburg, Alabama; City of Jacksonville, Alabama; City of Rainbow City, Alabama; City of Ashville, Alabama; City of Springville, Alabama; City of Moody, Alabama; City of Ragland, Alabama; City of Thomasville, Alabama | 1:20-op-45261 | DeGaris Law | No | 10/28/2022 | Mylan | No | | | |
| Ford County Kansas | 1:20-op-45263-DAP | Theodora Oringher PC | Yes | | Michael Babich | No | No | | Notice of Voluntary Dismissal Without Prejudice filed February 24, 2023 |
| City of Fultondale, Alabama, et al. | 1:20-op-45265 | Mantiply & Assoc. | No | 10/28/2022 | Amneal | No | | | |
| City of Fultondale, Alabama; City of Graysville, Alabama; City of Centre, Alabama; Town of Cedar Bluff, Alabama; Town of Dadeville, Alabama; Town of Camp Hill, Alabama; Town of Oakman, Alabama; City of Attalla, Alabama; and Town of Gilbertown, Alabama | 1:20-op-45265 | Mantiply & Assoc. | No | 10/28/2022 | Henry Schein | No | | | |
| City of Fultondale, Alabama; City of Graysville, Alabama; City of Centre, Alabama; Town of Cedar Bluff, Alabama; Town of Dadeville, Alabama; Town of Camp Hill, Alabama; Town of Oakman, Alabama; City of Attalla, Alabama; and Town of Gilbertown, Alabama | 1:20-op-45265 | Frazer PLC | Yes | 2/17/23 (Gilbertown) | Henry Schein | No | | | |
| Natchitoches Parish Council | 1:20-op-45270 | Laborde Earles Law Firm | Yes | | Amneal Pharmaceuticals, Inc. | Yes | Yes | 2/1/2021 | Affidavit of Service with Certified Mail Receipt and Tracking filed 3/24/23 |
| Natchitoches Parish Council (LA) | 1:20-op-45270 | Laborde Earles Law Firm | Yes | | JM Smith | Yes | No | | |
| Northport, AL | 1:20-op-45272 | Montgomery Ponder, LLC | Yes | | Winn-Dixie | No | | | |
| City of Auburn, Alabama | 1:20-op-45282 | Levin Papantonio Rafferty | Yes | | Amneal Pharmaceuticals LLC | Yes | Yes | 3/23/2021 | |
| City of Auburn. AL | 1:20-op-45282 | Levin Papantonio Rafferty | Yes | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 03/23/2021 | |
| Lower Makefield Township v. Purdue Pharma L.P., et al. | 1:20-op-45284 | Marc J. Bern & Partners, LLP | No | 3/21/2023 | Value Drug | Yes | No | | Attempting to locate certified mail receipt for proof of service |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Lower Makefield Township | 1:20-op-45284 | Marc J. Bern & Partners, LLP | No | 3/21/2023 | Amneal | No | | | |
| Lower Makefield Township PA | 1:20-op-45284 | Marc J. Bern & Partners, LLP | No | 3/21/2023 | KVK-Tech | Yes | No | | Attempting to locate certified mail receipt for proof of service |
| City of Foley, Alabama | 1:20-op-45287 | Riley & Jackson, P.C. | No | 10/28/2022 | Mylan | No | | | |
| City of Foley, Alabama | 1:20-op-45287 | Riley & Jackson, P.C. | No | 10/28/2022 | Hikma | No | | | |
| Dinwiddie County, Virginia | 1:20-op-45291 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| Dinwiddie County, Virginia | 1:20-op-45291 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals of New York, LLC | Yes | In Process | | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Dinwiddie County, Virginia | 1:20-op-45291 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals, Inc. | Yes | In Process | On January 29, 2019, Defendant and subdivision counsel agreed to terms of service providing that Defendant would accept service via email in subdivision counsel's Virginia cases, including those cases that had not yet been served or filed. The parties further agreed that service would be effective as of the date defendant sent a reply email acknowledging receipt of service, except that if defendant did not reply within ten business days, service would be deemed effective as of the tenth business day following subdivision counsel's email. Within 90 days of filing the complaint, subdivision counsel sent Defendant the complaint in this case, in accordance with the parties' agreement. Defendant did not respond to that email, so, under the parties' agreement, service was effective the tenth business day following subdivision counsel's email. Now, years later, Defendant claims for the first time that it was not properly served, failing to mention that it was served according to the parties' agreement. This alone constitutes good cause to either find that Defendant has been properly served or at least grant subdivision counsel additional time to perfect service. Further, out of an abundance of caution, subdivision counsel also sent Defendant a waiver of service on along with the complaint. However, Defendant did not return an executed the waiver of service form. After Defendant unexpectedly disputed service, subdivision counsel followed up with Defendant and again requested a waiver of service, but Defendant has not responded. As this court has made clear in its Case Management Order, Defendant had an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Defendant has not demonstrated good cause for its failure to return executed waivers of service. Subdivision counsel plans to file the executed waiver promptly upon receipt from Defendant. |
| Dinwiddie County, VA | 1:20-op-45291 | Sanford Heisler Sharp, LLP | Yes | | Indivior | Yes | In Process | Subdivision counsel continues to search for relevant records documenting service. In the meantime, and out of an abundance of caution, subdivision counsel has recently requested waivers of service for this case. As this court has made clear in its Case Management Order, Defendant has an obligation "to avoid unnecessary expenses associated with serving the summons and, absent good cause, . . . [should have] grant[ed] requests to waive service pursuant to Fed. R. Civ. P. 4(d)(1)." (Case Management Order No. 1 ¶ 6c, ECF No. 232). Subdivision counsel has also filed a praecipe for a summons with the court and will effect service as soon as the court returns a signed summons. The subdivision's ongoing efforts to perfect service, combined with Defendant's actual notice of this lawsuit, constitute good cause under Rule 4(m) to provide more time for the subdivision to perfect service. Even if the Court does not find good cause here, the Court should exercise its discretion under Rule 4(m) to provide more time for service because there is no prejudice to Defendants, while dismissal without prejudice would prejudice the subdivision. Courts have ordered extensions of time instead of dismissal in similar circumstances where "a defendant is already before the court in a consolidated action and 'presumably the only result of a dismissal would be that the [ ] Plaintiffs would refile their complaint, resulting in a waste of judicial resources.'" In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig., 64 F. Supp. 3d 665, 715 (E.D. Pa. 2014) (collecting cases and ordering Rule 4(m) extension in MDL despite "no attempt to establish good cause for failure to serve"). This lack of prejudice to Defendants contrasts sharply with the great potential for prejudice to the listed subdivision. While subdivision counsel does not concede that any statute of limitations has run for any claims, there is little doubt that Defendants will assert that some of subdivisions' claims are time-barred in the listed case. This fact is "a factor favoring the plaintiff in a Rule 4(m) analysis." AIG Managed Mkt. Neutral Fund v. Askin Cap. Mgmt., L.P., 197 F.R.D. 104, 109 (S.D.N.Y. 2000) (granting Rule 4(m) time extension in consolidated actions because of judicial efficiency concerns, prejudice to plaintiffs, and no prejudice to defendants). Accordingly, the balance of factors weighs in favor of granting the listed subdivision additional time for service. |
| Ralls County, Missouri | 1:20-op-45292 | Theodora Oringher PC | Yes | | Mylan | Yes | Yes | 1/27/2023 1/30/2023 · Service Perfected on Mylan Institutional, Inc. on 01/27/2023 · Service Perfected on Mylan Pharmaceuticals, Inc. on 01/30/2023 · Notice of Voluntary Dismissal Without Prejudice as to Mylan N.V. Only filed February 24, 2023 |
| Ralls County, Missouri | 1:20-op-45292 | Theodora Oringher PC | Yes | | Hikma | Yes | Yes | 1/31/2023 |
| Ralls County, MO | 1:20-op-45292 | Theodora Oringher PC | Yes | | Novartis Pharmaceuticals Corp. | Yes | Yes | 1/27/2023 |
| Ralls County, MO | 1:20-op-45292 | Theodora Oringher PC | Yes | | Indivior | No | | |
| Ralls County, Missouri | 1:20-op-45292-DAP | Theodora Oringher PC | Yes | | Michael Babich | Yes | No | Notice of Voluntary Dismissal Without Prejudice filed February 24, 2023 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Hickory County, Missouri | 1:20-op-45295 | Theodora Oringher PC | Yes | | Mylan | Yes | Yes | 1/27/2023 1/30/2023 | · Service Perfected on Mylan Institutional, Inc. on 01/27/2023 · Service Perfected on Mylan Pharmaceuticals, Inc. on 01/30/2023 · Notice of Voluntary Dismissal Without Prejudice as to Mylan N.V. Only filed February 24, 2023 |
| Hickory County, Missouri | 1:20-op-45295 | Theodora Oringher PC | Yes | | Hikma | Yes | Yes | 1/27/2023 | |
| Hickory County, MO | 1:20-op-45295 | Theodora Oringher PC | Yes | | Novartis Pharmaceuticals Corp. | Yes | Yes | 1/27/2023 | |
| Hickory County, Missouri | 1:20-op-45295-DAP | Theodora Oringher PC | Yes | | Michael Babich | Yes | No | | Notice of Voluntary Dismissal Without Prejudice filed February 24, 2023 |
| New Madrid, Missouri | 1:20-op-45296 | Theodora Oringher PC | Yes | | Mylan | Yes | Yes | 1/27/2023 1/30/2023 | · Service Perfected on Mylan Institutional, Inc. on 01/27/2023 · Service Perfected on Mylan Pharmaceuticals, Inc. on 01/30/2023 · Notice of Voluntary Dismissal Without Prejudice as to Mylan N.V. Only filed February 24, 2023 |
| New Madrid County (MO) | 1:20-op-45296 | Theodora Oringher PC | Yes | | JM Smith | Yes | Yes | 7/28/2022 | |
| New Madrid County, Missouri | 1:20-op-45296 | Theodora Oringher PC | Yes | | Hikma | Yes | Yes | 1/27/2023 | |
| New Madrid County, MO | 1:20-op-45296 | Theodora Oringher PC | Yes | | Novartis Pharmaceuticals Corp. | Yes | Yes | 1/27/2023 | |
| New Madrid County, MO | 1:20-op-45296 | Theodora Oringher PC | Yes | | Indivior | No | | | |
| New Madrid County, Missouri | 1:20-op-45296-DAP | Theodora Oringher PC | Yes | | Michael Babich | Yes | No | | Notice of Voluntary Dismissal Without Prejudice filed February 24, 2023 |
| Adair County, Missouri | 1:20-op-45297 | Theodora Oringher PC | Yes | | Mylan | Yes | Yes | 1/27/2023 1/30/2023 | · Service Perfected on Mylan Institutional, Inc. on 01/27/2023 · Service Perfected on Mylan Pharmaceuticals, Inc. on 01/30/2023 · Notice of Voluntary Dismissal Without Prejudice as to Mylan N.V. Only filed February 24, 2023 |
| Adair County, Missouri | 1:20-op-45297 | Theodora Oringher PC | Yes | | Hikma | Yes | Yes | 1/27/2023 | |
| Adair County, MO | 1:20-op-45297 | Theodora Oringher PC | Yes | | Novartis Pharmaceuticals Corp. | Yes | Yes | 1/27/2023 | |
| Adair County, Missouri | 1:20-op-45297-DAP | Theodora Oringher PC | Yes | | Michael Babich | Yes | No | | Notice of Voluntary Dismissal Without Prejudice filed February 24, 2023 |
| Andrew County, Missouri | 1:20-op-45298 | Theodora Oringher PC | Yes | | Mylan | Yes | Yes | 1/27/2023 1/30/2023 | · Service Perfected on Mylan Institutional, Inc. on 01/27/2023 · Service Perfected on Mylan Pharmaceuticals, Inc. on 01/30/2023 · Notice of Voluntary Dismissal Without Prejudice as to Mylan N.V. Only filed February 24, 2023 |
| Andrew County, Missouri | 1:20-op-45298 | Theodora Oringher PC | Yes | | Hikma | Yes | Yes | 1/27/2023 | |
| Andrew County, MO | 1:20-op-45298 | Theodora Oringher PC | Yes | | Novartis Pharmaceuticals Corp. | Yes | Yes | 1/27/2023 | |
| Andrew County, MO | 1:20-op-45298 | Theodora Oringher PC | Yes | | Indivior | No | | | |
| Andrew County, Missouri | 1:20-op-45298-DAP | Theodora Oringher PC | Yes | | Michael Babich | Yes | No | | Notice of Voluntary Dismissal Without Prejudice filed February 24, 2023 |
| Dekalb County, Missouri | 1:20-op-45299 | Theodora Oringher PC | Yes | | Mylan | Yes | Yes | 1/27/2023 1/30/2023 | · Service Perfected on Mylan Institutional, Inc. on 01/27/2023 · Service Perfected on Mylan Pharmaceuticals, Inc. on 01/30/2023 · Notice of Voluntary Dismissal Without Prejudice as to Mylan N.V. Only filed February 24, 2023 |
| Dekalb County, Missouri | 1:20-op-45299 | Theodora Oringher PC | Yes | | Hikma | Yes | Yes | 1/27/2023 | |
| DeKalb County, MO | 1:20-op-45299 | Theodora Oringher PC | Yes | | Novartis Pharmaceuticals Corp. | Yes | Yes | 1/27/2023 | |
| DeKalb County, Missouri | 1:20-op-45299-DAP | Theodora Oringher PC | Yes | | Michael Babich | Yes | No | | Notice of Voluntary Dismissal Without Prejudice filed February 24, 2023 |
| Grundy County, Missouri | 1:20-op-45300 | Theodora Oringher PC | Yes | | Mylan | Yes | Yes | 1/27/2023 1/30/2023 | · Service Perfected on Mylan Institutional, Inc. on 01/27/2023 · Service Perfected on Mylan Pharmaceuticals, Inc. on 01/30/2023 · Notice of Voluntary Dismissal Without Prejudice as to Mylan N.V. Only filed February 24, 2023 |
| Grundy County, Missouri | 1:20-op-45300 | Theodora Oringher PC | Yes | | Hikma | Yes | Yes | 1/27/2023 | |
| Grundy County, MO | 1:20-op-45300 | Theodora Oringher PC | Yes | | Novartis Pharmaceuticals Corp. | Yes | Yes | 1/27/2023 | |
| Grundy County, MO | 1:20-OP-45300 (E.D. Mo) | Theodora Oringher PC | Yes | | Hy-Vee | Yes | Yes | 2/14/2023 | |
| Grundy County, MO | 1:20-op-45300 | Theodora Oringher PC | Yes | | Indivior | No | | | |
| Grundy County, Missouri | 1:20-op-45300-DAP | Theodora Oringher PC | Yes | | Michael Babich | Yes | No | | Notice of Voluntary Dismissal Without Prejudice filed February 24, 2023 |
| BOCC of Harmon County, OK | 1:20-op-45388 | Fulmer Sill | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 | |
| Harmon County, Oklahoma | 1:20-op-45388 | Fulmer Sill | Yes | | Mylan | Yes | Yes | 3/16/2023 | |
| Barry County, MO v. Allergan PLC et al | 1:21-op- 45016-DAP | Theodora Oringher PC | Yes | | Pharmacy Buying Association | Yes | Yes | 1/27/2023 | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| St. Clair County, MO v. Allergan PLC et al | 1:21-op- 45044-DAP | Theodora Oringher PC | Yes | | Pharmacy Buying Association | Yes | Yes | 1/27/2023 | |
| Appanoose County et al v. Allergan PLC, et al | 1:21-op- 45051-DAP | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Pharmacy Buying Association | No | Yes | 7/17/2021 | |
| Ascension Parish School Board | 1:21-op-45006 | Leger & Shaw | No | 3/1/2023 | Louisiana Wholesale Drug | No | | | n/a |
| Ascension Parish School Board, Louisiana | 1:21-op-45006 | Leger & Shaw | No | 3/1/2023 | Mylan | Yes | Yes | 3/16/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/15/2023. Executed Return of Service filed 3/16/2023. |
| Ascension Parish School Board, Louisiana | 1:21-op-45006 | Leger & Shaw | No | 3/1/2023 | Hikma | Yes | Yes | 3/14/2022 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/13/2023. Executed Return of Service filed 3/14/2023. |
| Ascension Parish School Board, LA | 1:21-op-45006 | Leger & Shaw | No | 3/1/2023 | Indivior | Yes | Yes | 3/20/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/20/2023. Executed Return of Service filed 3/20/2023. |
| St. Bernard Parish School Board | 1:21-op-45014 | Leger & Shaw | No | 2/23/2023 | Amneal Pharmaceuticals LLC | Yes | Yes | 3/20/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/20/2023. Executed Return of Service filed 3/20/2023. |
| St. Bernard Parish School Board | 1:21-op-45014 | Leger & Shaw | No | 2/23/2023 | Amneal Pharmaceuticals, Inc. | Yes | Yes | 3/20/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/20/2023. Executed Return of Service filed 3/20/2023. |
| St. Bernard Parish School Board, Louisiana | 1:21-op-45014 | Leger & Shaw | No | 2/23/2023 | Mylan | Yes | Yes | 3/16/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/15/2023. Executed Return of Service filed 3/16/2023. |
| St. Bernard Parish School Board, Louisiana | 1:21-op-45014 | Leger & Shaw | No | 2/23/2023 | Hikma | Yes | Yes | 3/14/2022 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/13/2023. Executed Return of Service filed 3/14/2023. |
| St. Bernard Parish, LA School Board | 1:21-op-45014 | Leger & Shaw | No | 2/23/2023 | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 3/14/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/14/2023. Executed Return of Service filed 3/14/2023. |
| St. Bernard Parish School Board, LA | 1:21-op-45014 | Leger & Shaw | No | 2/23/2023 | Indivior | Yes | Yes | 3/20/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/20/2023. Executed Return of Service filed 3/20/2023. |
| Barry County, Missouri | 1:21-op-45016 | Theodora Oringher PC | Yes | | Mylan | Yes | Yes | 1/27/2023 1/30/2023 | · Service Perfected on Mylan Institutional, Inc. on 01/27/2023 · Service Perfected on Mylan Pharmaceuticals, Inc. on 01/30/2023 · Notice of Voluntary Dismissal Without Prejudice as to Mylan N.V. Only filed February 24, 2023 |
| Barry County, Missouri | 1:21-op-45016 | Theodora Oringher PC | Yes | | Hikma | Yes | Yes | 1/27/2023 | |
| Barry County, MO | 1:21-op-45016 | Theodora Oringher PC | Yes | | Novartis Pharmaceuticals Corp. | Yes | Yes | 1/27/2023 | |
| Barry County, MO | 1:21-op-45016 | Theodora Oringher PC | Yes | | Indivior | No | | | |
| Barry County, Missouri | 1:21-op-45016-DAP | Theodora Oringher PC | Yes | | Michael Babich | Yes | No | | Notice of Voluntary Dismissal Without Prejudice filed February 24, 2023 |
| City of Elk City (OK) | 1:21-op-45017 | Fulmer Sill | No | 2/14/2023 | Quest Pharmaceuticals | No | Yes | 3/16/2023 | |
| City of Elk City, OK | 1:21-op-45017 | Fulmer Sill | No | 2/14/2023 | GCP Pharma | Yes | Yes | 3/16/2023 | |
| City of Elk City, OK | 1:21-op-45017 | Fulmer Sill | No | 2/14/2023 | Keysource Medical | No | | | |
| City of Elk City, OK | 1:21-op-45017 | Fulmer Sill | No | 2/14/2023 | Sandoz Inc. | Yes | Yes | 3/16/2023 | |
| City of Elk City, OK | 1:21-op-45017 | Fulmer Sill | No | 2/14/2023 | Morris & Dickson | No | | | |
| City of Elk City, Oklahoma | 1:21-op-45017 | Fulmer Sill | No | 2/14/2023 | Amneal Pharmaceuticals, Inc. | Yes | Yes | 3/16/2023 | |
| Elk City, Oklahoma | 1:21-op-45017 | Fulmer Sill | No | 2/14/2023 | Hikma | Yes | Yes | 3/20/2023 | |
| Elk City, Oklahoma | 1:21-op-45017 | Fulmer Sill | No | 2/14/2023 | Mylan | Yes | Yes | 3/20/2023 | |
| District Attorney of Clearfield County | 1:21-op-45022 | Levy, Baldante, Finney, & | No | n/a | Ahold Delhaize USA, Inc. | Yes | Yes | 9/8/2020 | |
| District Attorney of Clearfield County | 1:21-op-45022 | Levy, Baldante, Finney, & | No | n/a | Giant Company, LLC | Yes | Yes | 9/8/2020 | |
| District Attorney of Clearfield County v. Purdue Pharma L.P., et al | 1:21-op-45022 | Levy, Baldante, Finney, & | No | n/a | Value Drug | Yes | Yes | 9/15/2020 | |
| City of Tulsa, OK | 1:21-op-45024 | Fulmer Sill | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 | |
| Middletown Township PA | 1:21-op-45030 | Marc J. Bern & Partners, LLP | No | 3/21/2023 | KVK-Tech | No | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Middletown Township v. Teva Pharmaceuticals USA, Inc., et al. | 1:21-op-45030 | Marc J. Bern & Partners, LLP | No | | 3/21/2023 | Value Drug | Yes | No | | Attempting to locate certified mail receipt for proof of service |
| Middletown Township, Pennsylvania | 1:21-op-45030 | Marc J. Bern & Partners, LLP | No | | 3/21/2023 | Amneal Pharmaceuticals LLC | Yes | No | | Attempting to locate certified mail receipt for proof of service |
| Town of Gramercy, LA | 1:21-op-45031 | Leger & Shaw | No | | 3/16/2023 | Novartis Pharmaceuticals Corp. | Yes | Yes | 3/14/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/14/2023. Executed Return of Service filed 3/14/2023. |
| Town of Gramercy, Louisiana | 1:21-op-45031 | Leger & Shaw | No | | 3/16/2023 | Amneal Pharmaceuticals LLC | Yes | Yes | 3/15/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/14/2023. Executed Return of Service filed 3/15/2023. |
| Town of Gramercy, Louisiana | 1:21-op-45031 | Leger & Shaw | No | | 3/16/2023 | Amneal Pharmaceuticals, Inc. | Yes | Yes | 3/15/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/14/2023. Executed Return of Service filed 3/15/2023. |
| Town of Gramercy, Louisiana | 1:21-op-45031 | Leger & Shaw | No | | 3/16/2023 | Hikma | Yes | Yes | 3/15/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/13/2023. Executed Return of Service filed 3/15/2023. |
| Town of Gramercy, Louisiana | 1:21-op-45031 | Leger & Shaw | No | | 3/16/2023 | Louisiana Wholesale Drug | No | | | n/a |
| Town of Gramercy, Louisiana | 1:21-op-45031 | Leger & Shaw | No | | 3/16/2023 | Mylan | Yes | Yes | 3/16/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/15/2023. Executed Return of Service filed 3/16/2023. |
| Town of Gramercy, LA | 1:21-op-45031 | Leger & Shaw | No | | 3/16/2023 | Indivior | Yes | Yes | 3/15/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/14/2023. Executed Return of Service filed 3/15/2023. |
| St. James Parish School Board | 1:21-op-45034 | Leger & Shaw | No | | 3/17/2023 | Amneal Pharmaceuticals LLC | Yes | Yes | 3/15/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/14/2023. Executed Return of Service filed 3/15/2023. |
| St. James Parish School Board | 1:21-op-45034 | Leger & Shaw | No | | 3/17/2023 | Amneal Pharmaceuticals, Inc. | Yes | Yes | 3/15/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/14/2023. Executed Return of Service filed 3/15/2023. |
| St. James Parish School Board | 1:21-op-45034 | Leger & Shaw | No | | 3/17/2023 | Louisiana Wholesale Drug | No | | | n/a |
| St. James Parish School Board, LA | 1:21-op-45034 | Leger & Shaw | No | | 3/17/2023 | Indivior | Yes | Yes | 3/20/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/20/2023. Executed Return of Service filed 3/20/2023. |
| St. James Parish School Board, Louisiana | 1:21-op-45034 | Leger & Shaw | No | | 3/17/2023 | Hikma | Yes | Yes | 3/15/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/13/2023. Executed Return of Service filed 3/15/2023. |
| St. James Parish School Board, Louisiana | 1:21-op-45034 | Leger & Shaw | No | | 3/17/2023 | Mylan | Yes | Yes | 3/16/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/15/2023. Executed Return of Service filed 3/16/2023. |
| Town of Lutcher, LA | 1:21-op-45035 | Leger & Shaw | No | | 3/15/2023 | Novartis Pharmaceuticals Corp. | Yes | Yes | 3/14/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/14/2023. Executed Return of Service filed 3/14/2023. |
| Town of Lutcher, Louisiana | 1:21-op-45035 | Leger & Shaw | No | | 3/15/2023 | Amneal Pharmaceuticals LLC | Yes | Yes | 3/15/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/14/2023. Executed Return of Service filed 3/15/2023. |
| Town of Lutcher, Louisiana | 1:21-op-45035 | Leger & Shaw | No | | 3/15/2023 | Amneal Pharmaceuticals, Inc. | Yes | Yes | 3/15/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/14/2023. Executed Return of Service filed 3/15/2023. |
| Town of Lutcher, Louisiana | 1:21-op-45035 | Leger & Shaw | No | | 3/15/2023 | Hikma | Yes | Yes | 3/15/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/13/2023. Executed Return of Service filed 3/15/2023. |
| Town of Lutcher, Louisiana | 1:21-op-45035 | Leger & Shaw | No | | 3/15/2023 | Louisiana Wholesale Drug | No | | | n/a |
| Town of Lutcher, Louisiana | 1:21-op-45035 | Leger & Shaw | No | | 3/15/2023 | Mylan | Yes | Yes | 3/16/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/15/2023. Executed Return of Service filed 3/16/2023. |
| Town of Lutcher, LA | 1:21-op-45035 | Leger & Shaw | No | | 3/15/2023 | Indivior | Yes | Yes | 3/15/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/14/2023. Executed Return of Service filed 3/15/2023. |
| Lafourche Parish School Board | 1:21-op-45036 | Leger & Shaw | No | | 3/20/2023 | Amneal Pharmaceuticals LLC | Yes | Yes | 3/15/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/14/2023. Executed Return of Service filed 3/15/2023. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Lafourche Parish School Board | 1:21-op-45036 | Leger & Shaw | No | | 3/20/2023 | Amneal Pharmaceuticals, Inc. | Yes | Yes | 3/15/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/14/2023. Executed Return of Service filed 3/15/2023. |
| Lafourche Parish School Board | 1:21-op-45036 | Leger & Shaw | No | | 3/20/2023 | Louisiana Wholesale Drug | No | | | n/a |
| Lafourche Parish School Board, Louisiana | 1:21-op-45036 | Leger & Shaw | No | | 3/20/2023 | Hikma | Yes | Yes | 3/15/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/13/2023. Executed Return of Service filed 3/15/2023. |
| Lafourche Parish School Board, Louisiana | 1:21-op-45036 | Leger & Shaw | No | | 3/20/2023 | Mylan | Yes | Yes | 3/16/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/15/2023. Executed Return of Service filed 3/16/2023. |
| Lafourche Parish School Board, LA | 1:21-op-45036 | Leger & Shaw | No | | 3/20/2023 | Indivior | Yes | Yes | 3/15/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/14/2023. Executed Return of Service filed 3/15/2023. |
| St. Clair County, Missouri | 1:21-op-45044 | Theodora Oringher PC | Yes | | | Mylan | Yes | Yes | 1/27/2023 1/30/2023 | · Service Perfected on Mylan Institutional, Inc. on 01/27/2023 · Service Perfected on Mylan Pharmaceuticals, Inc. on 01/30/2023 · Notice of Voluntary Dismissal Without Prejudice as to Mylan N.V. Only filed February 24, 2023 |
| St. Clair County, Missouri | 1:21-op-45044 | Theodora Oringher PC | Yes | | | Hikma | Yes | Yes | 1/27/2023 | |
| St. Clair County, MO | 1:21-op-45044 | Theodora Oringher PC | Yes | | | Novartis Pharmaceuticals Corp. | Yes | Yes | 1/27/2023 | |
| St. Claire County, Missouri | 1:21-op-45044-DAP | Theodora Oringher PC | Yes | | | Michael Babich | Yes | No | | Notice of Voluntary Dismissal Without Prejudice filed February 24, 2023 |
| City of Stillwater, OK | 1:21-op-45045 | Fulmer Sill | Yes | | | Indivior | Yes | Yes | 3/16/2023 | |
| City of Stillwater, Oklahoma | 1:21-op-45045 | Fulmer Sill | Yes | | | Hikma | Yes | Yes | 3/20/2023 | |
| City of Stillwater, Oklahoma | 1:21-op-45045 | Fulmer Sill | Yes | | | Mylan | Yes | Yes | 3/16/2023 | |
| City of Stilwater, OK | 1:21-op-45045 | Fulmer Sill | Yes | | | GCP Pharma | Yes | Yes | 3/16/2023 | |
| City of Altus, OK | 1:21-op-45046 | Fulmer Sill | Yes | | | GCP Pharma | Yes | Yes | 3/16/2023 | |
| City of Altus, Oklahoma | 1:21-op-45046 | Fulmer Sill | Yes | | | Hikma | Yes | Yes | 3/20/2023 | |
| City of Atlus, Oklahoma | 1:21-op-45046 | Fulmer Sill | Yes | | | Mylan | Yes | Yes | 3/16/2023 | |
| City of Atlus, OK | 1:21-op-45046 | Fulmer Sill | Yes | | | Indivior | Yes | Yes | 3/16/2023 | |
| Appanoose County, IA | 1:21op45051 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | | Sandoz Inc. | Yes | Yes | 7/9/2021 | |
| Appanoose County, et al., Iowa | 1:21-op-45051 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | | Hikma | Yes | Yes for West Ward | 7/17/2021 for Westward | We sued West Ward |
| Appanoose County, IA et al. | 1:21-op-45051 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | | KVK-Tech | No | | | |
| Appanoose County, IA | 1:21-OP-45051 (N.D. Io | Simmons Hanly Conroy, LLC | No | 11/18/2022 | | Hy-Vee | Yes | Yes | 7/7/2019 | |
| Board of County Commissioners of the County of Colfax, New Mexico | 1:21-op-45055 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | | Hikma | Yes | Yes | 7/17/2021 | |
| Board of County Commissioners of the County of Colfax, NM | 1:21-op-45055 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | | KVK-Tech | No | | | |
| Board of County Commissioners of the County of Luna, New Mexico | 1:21-op-45056 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | | Hikma | Yes | Yes | 7/17/2021 | |
| Board of County Commissioners of the County of Luna, NM | 1:21-op-45056 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | | KVK-Tech | No | | | |
| Board of County Commissioners of the County of Union, NM | 1:21-op-45057 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | | KVK-Tech | Yes | Yes | 2/28/2023 | KVK also enterred their appearance in this case on 4/29/2021 |
| Board of County Commissioners of The County of Union, New Mexico | 1:21-op-45057 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | | Hikma | Yes | Yes | 7/17/2021 | |
| City of Las Cruces, New Mexico, a municipal corporation | 1:21-op-45059 | Levin Papantonio Rafferty | Yes | | | Amneal Pharmaceuticals LLC | Yes | Yes | 03/08/2023 | |

| Case | Case No. | Law Firm | | Date | Defendant | | Status | | Explanation |
|---|---|---|---|---|---|---|---|---|---|
| City of Calera, Alabama | 1:21-op-45070 | Friedman, Dazzio & Zulanas, P.C. | No | 3/3/2023 | Hikma | Yes | In Process | | **PFS Explanation:** The PFS for our clients' in Alabama were sent via DropBox. After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023. We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss. Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023. We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents). We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint. As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |
| City of Calera, Alabama | 1:21-op-45070 | Friedman, Dazzio & Zulanas, P.C. | No | 3/3/2023 | Mylan | Yes | In Process | | **PFS Explanation:** The PFS for our clients' in Alabama were sent via DropBox. After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023. We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss. Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023. We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents). We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint. As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |
| The City of Calera, AL | 1:21-op-45070 | Friedman, Dazzio & Zulanas, P.C. | No | 3/3/2023 | Indivior | Yes | In Process | | **PFS Explanation:** The PFS for our clients' in Alabama were sent via DropBox. After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023. We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss. Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023. We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents). We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint. As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |
| The City of Gatlinburg, TN | 1:21-op-45071 | Friedman, Dazzio & Zulanas, P.C. | No | | Indivior | Yes | In Process | | **PFS Explanation:** The PFS for our clients' in Alabama were sent via DropBox. After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023. We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss. Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023. We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents). We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint. As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |
| The County Board of Arlington County, Virginia v. Actavis Pharma, Inc., et al. | 1:21-op-45078 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals LLC | Yes | No | | Defendant is not included as a defendant in the operative complaint for this listed case. Because the Defendant is not listed in the operative complaint, the Defendant did not need to be served. |
| The County Board of Arlington County, Virginia v. Actavis Pharma, Inc., et al. | 1:21-op-45078 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals of New York, LLC | Yes | No | | Defendant is not included as a defendant in the operative complaint for this listed case. Because the Defendant is not listed in the operative complaint, the Defendant did not need to be served. |
| The County Board of Arlington County, Virginia v. Actavis Pharma, Inc., et al. | 1:21-op-45078 | Sanford Heisler Sharp, LLP | Yes | | Amneal Pharmaceuticals, Inc. | Yes | No | | Defendant is not included as a defendant in the operative complaint for this listed case. Because the Defendant is not listed in the operative complaint, the Defendant did not need to be served. |
| Texarkana Independent School District, et al. | 1:21-op-45080 | The Coffman Law Firm | Yes | | Amneal Pharmaceuticals LLC | Yes | In Process | | Inadvertent oversight, without prejudice or harm given D's knowledge of the filing, receipt of the fact sheet, and the Court's stay on litigation activity. ECF Nos. 23, 3795. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Texarkana Independent School District, et al. | 1:21-op-45080 | The Coffman Law Firm | Yes | | Amneal Pharmaceuticals of New York, LLC | Yes | In Process | | Inadvertent oversight, without prejudice or harm given D's knowledge of the filing, receipt of the fact sheet, and the Court's stay on litigation activity. ECF Nos. 23, 3795. |
| Texarkana Independent School District, et al. | 1:21-op-45080 | The Coffman Law Firm | Yes | | Amneal Pharmaceuticals, Inc. | Yes | In Process | | Inadvertent oversight, without prejudice or harm given D's knowledge of the filing, receipt of the fact sheet, and the Court's stay on litigation activity. ECF Nos. 23, 3795. |
| City of Niceville, FL | 1:21-op-45081 | Levin Papantonio Rafferty | Yes | | Winn-Dixie | Yes | Yes | 7/21/2021 | Different Case Number Format Used by Defendants - Per Pacer there is no document with case no 21-45801.  The correct Case number for Niceville is 1:21-op-45081 |
| City of Niceville, FL | 1:21-op-45081 | Levin Papantonio Rafferty | Yes | | Amneal Pharmaceuticals LLC | Yes | Yes | 03/10/2023 | |
| City of Niceville, Florida v. Amerisourcebergn Drug Corporation, et al. | 1:21-op-45081 | Levin Papantonio Rafferty | Yes | | Associated Pharmacies Inc/American Associated Pharmacies | Yes | Yes | 02/24/2023 | |
| Niceville, FL | 1:21-op-45081 | Levin Papantonio Rafferty | Yes | | Alvogen | Yes | Yes | 3/8/2023 | Different Case Number Format Used by Defendants - Per Pacer there is no document with case no 3:21-45801 |
| Pinal County, Arizona | 1:21-op-45088 | Theodora Oringher PC | Yes | | Amneal Pharmaceuticals, Inc. | Yes | Yes | 2/14/2023 | |
| Pinal County, AZ | 1:21-op-45088 | Theodora Oringher PC | Yes | | Indivior | No | | | |
| Pinal County, AZ | 1:21-op-45088-DAP | Theodora Oringher PC | Yes | | Sandoz Inc. | Yes | Yes | 1/27/2023 | |
| City of Russell, Kentucky et al. | 1:21-op-45094 | Bahe Cook Cantley & Nefzger PLC / Grabhorn Law | No | 2/1/2023 | Hikma | Yes | Yes | 7/6/2021 | |
| City of Russell, Kentucky, et al. v. Abbott Laboratories, et al. | 1:21-op-45094 | Bahe Cook Cantley & Nefzger PLC / Grabhorn Law | No | 2/1/2023 | Amneal Pharmaceuticals, Inc. | Yes | Yes | 7/2/2021 | |
| City of Russell, Kentucky; City of Jenkins, Kentucky; City of Pineville, Kentucky; City of Worthington, Kentucky; City of Vanceburg, Kentucky; City of Greenup, Kentucky; City of South Shore, Kentucky; City of Bellefonte, Kentucky | 1:21-op-45094 | Bahe Cook Cantley & Nefzger PLC / Grabhorn Law | No | 2/1/23, 1/31/23, 1/31/23, 1/25/23, 1/25/23, 1/31/23, 1/31/23, 1/26/23 | Mylan | Yes | Yes | 7/2/2021 | |
| City of Russell, KY et al. | 1:21-op-45094 | Bahe Cook Cantley & Nefzger PLC / Grabhorn Law | No | 2/1/2023 | KVK-Tech | No | | | |
| City of Brewton, Alabama and City of Semmes, Alabama | 1:21-op-45113 | Riley & Jackson, P.C. | No | 10/27/2022 | Hikma | No | | | |
| City of Brewton; City of Semmes, Alabama | 1:21-op-45113 | Riley & Jackson, P.C. | No | 10/27/2022 | Mylan | No | | | |
| City of Millbrook; City of Wetumpka, Alabama | 1:21-op-45135 | Riley & Jackson, P.C. | No | 10/27/2022 | Mylan | No | | | |
| City of Millbrook, Alabama, and City of Wetumpka, Alabama | 1:21-op-45135 | Riley & Jackson, P.C. | No | 10/27/2022 | Hikma | No | | | |
| City of Fairhope, Alabama | 1:22-op-45002 | Riley & Jackson, P.C. | No | 10/27/2022 | Hikma | Yes | In Process | In Process | Plaintiff's counsel submitted a service waiver to defense counsel on January 11, 2022. Defense counsel did not sign the waiver. Plaintiff's counsel resubmitted the waiver to defense counsel in March, 2023. Defense counsel did not respond. Plaintiff's counsel then requested and has obtained a summons from the Clerk of Court. Service on this defendant is in process. |
| City of Fairhope, Alabama | 1:22-op-45002 | Riley & Jackson, P.C. | No | 10/27/2022 | Mylan | No | | | |
| Elmore County, Alabama and Randolph County, Alabama | 1:22-op-45003 | Riley & Jackson, P.C. | No | 10/28/2022 | Hikma | Yes | In Process | In Process | Plaintiff's counsel submitted a service waiver to defense counsel on January 13, 2022. Defense counsel did not sign the waiver. Plaintiff's counsel resubmitted the waiver to defense counsel in March, 2023. Defense counsel did not respond. Plaintiff's counsel then requested and has obtained a summons from the Clerk of Court. Service on this defendant is in process. |
| Elmore County, Alabama; Randolph County, Alabama | 1:22-op-45003 | Riley & Jackson, P.C. | No | 10/28/2022 | Mylan | No | | | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Board of County Commissioners of the County of Torrance, NM | 1:22-op-45004 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | No | | | | |
| City of East Brewton, Alabama | 1:22-op-45005 | Riley & Jackson, P.C. | No | 10/28/2022 | Hikma | Yes | In Process | In Process | Plaintiff's counsel submitted a service waiver to defense counsel on February 1, 2022. Defense counsel did not sign the waiver. Plaintiff's counsel resubmitted the waiver to defense counsel in March, 2023. Defense counsel did not respond. Plaintiff's counsel then requested and has obtained a summons from the Clerk of Court. Service on this defendant is in process. |
| City of East Brewton, Alabama | 1:22-op-45005 | Riley & Jackson, P.C. | No | 10/28/2022 | Mylan | No | | | |
| County of Coryell, Texas | 1:22-op-45009 | Simon Greenstone Panatier, P.C. | No | 2/17/2023 | Amneal Pharmaceuticals LLC | Yes | In Process | | Waiver of Service of Summons sent to counsel on 2/21/2023. |
| County of Coryell, Texas | 1:22-op-45009 | Simon Greenstone Panatier, P.C. | No | 2/17/2023 | Amneal Pharmaceuticals, Inc. | Yes | In Process | | Waiver of Service of Summons sent to counsel on 2/21/2023. |
| County of Coryell, Texas | 1:22-op-45009 | Simon Greenstone Panatier, P.C. | No | 2/17/2023 | Mylan | No | | | |
| County of Coryell, TX | 1:22-op-45009 | Simon Greenstone Panatier, P.C. | No | 2/17/2023 | Sandoz/Novartis | No | | | |
| County of Kendall, Texas | 1:22-op-45010 | Simon Greenstone Panatier, P.C. | No | 2/17/2023 | Amneal Pharmaceuticals LLC | Yes | Yes | | Served on 9/16/21 |
| County of Kendall, Texas | 1:22-op-45010 | Simon Greenstone Panatier, P.C. | No | 2/17/2023 | Amneal Pharmaceuticals, Inc. | Yes | Yes | | Served on 9/16/21 |
| County of Kendall, Texas | 1:22-op-45010 | Simon Greenstone Panatier, P.C. | No | 2/17/2023 | Mylan | No | | | |
| County of Kendall, TX | 1:22-op-45010 | Simon Greenstone Panatier, P.C. | No | 2/17/2023 | Sandoz/Novartis | No | | | |
| City of Roanoke, Alabama | 1:22-op-45011 | Riley & Jackson, P.C. | No | 10/28/2022 | Hikma | No | | | |
| City of Roanoke, Alabama | 1:22-op-45011 | Riley & Jackson, P.C. | No | 10/28/2022 | Mylan | No | | | |
| City of Irondale, AL | 1:22-op-45012 | Wallace Jordan Ratliff & Brandt LLC | No | 10/28/2022 | Indivior | No | | | |
| City of Irondale, Alabama | 1:22-op-45012 | Wallace Jordan Ratliff & Brandt LLC | No | 10/28/2022 | Mylan | No | | | |
| City of Irondale, Alabama | 1:22-op-45012 | Wallace Jordan Ratliff & Brandt LLC | No | 10/28/2022 | Hikma | No | | | |
| City of Alabaster, AL | 1:22-op-45013 | Wallace Jordan Ratliff & Brandt LLC | No | 10/28/2022 | Indivior | No | | | |
| City of Alabaster, Alabama | 1:22-op-45013 | Wallace Jordan Ratliff & Brandt LLC | No | 10/28/2022 | Hikma | No | | | |
| City of Alabaster, Alabama | 1:22-op-45013 | Wallace Jordan Ratliff & Brandt LLC | No | 10/28/2022 | Mylan | No | | | |
| City of Bessemer, AL | 1:22-op-45014 | Wallace Jordan Ratliff & Brandt LLC | No | 10/28/2022 | Indivior | No | | | |
| City of Bessemer, Alabama | 1:22-op-45014 | Wallace Jordan Ratliff & Brandt LLC | No | 10/28/2022 | Hikma | No | | | |
| City of Bessemer, Alabama | 1:22-op-45014 | Wallace Jordan Ratliff & Brandt LLC | No | 10/28/2022 | Mylan | No | | | |
| Eddy County, NM | 1:22-op-45015 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | KVK-Tech | Yes | Yes | Defendant filed its Notice of Appearance prior to service of the complaint | Defendant filed its Notice of Appearace prior to service of the complaint |
| Eddy County, New Mexico | 1:22-op-45015 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Hikma | Yes | Yes | 5/23/2022 | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| City of Clanton, AL, City of Columbiana, AL, City of Helena, AL, City of Pelham, AL | 1:22-op-45016 | Friedman, Dazzio & Zulanas, P.C. | No | | 3/3/2023 | Indivior | Yes | In Process | **PFS Explaination:** The PFS for our clients' in Alabama were sent via DropBox.  After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023.  We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss.  Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023.  We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents).  We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint.  As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |
| City of Clanton, Alabama; City of Columbiana, Alabama; City of Helena, Alabama; City of Pelham, Alabama | 1:22-op-45016 | Friedman, Dazzio & Zulanas, P.C. | No | | 3/3/2023 | Mylan | Yes | In Process | **PFS Explaination:** The PFS for our clients' in Alabama were sent via DropBox.  After receiving these pleadings from Defendants, we asked for access to the sharepoint (where the PFS are held) on 3/3/2023.  We did not see our clients' PFS's from Alabama in the Sharepoint, so we contacted Sheila Schebek at Spanglaw to discuss.  Apparently, there was some sort of glitch or error with the folder being sent, but this issue was unknown to us until 3/3/2023.  We resent the PFS on 3/3/2023, but there has been a glitch with uploading them to Sharepoint (due to the native format of some of the documents).  We are working through this glitch to get a finalized version (in one pdf) uploaded to the Sharepoint.  As Defendants will be able to see, there are no changes to the PFS (other than the names of the folders being changed to include the case number for easier reference for the Defendants) since April 2022 when these were originally sent to Defendants before the failed attempt was made on October 14, 2022 to resend per Judge Polster's Order. |
| City of Clanton, Alabama | 1:22-op-45016 | Friedman, Dazzio & Zulanas, P.C. | No | | | Hikma | Yes | | |
| City of Saraland, Alabama | 1:22-op-45017 | Riley & Jackson, P.C. | No | | 10/28/2022 | Mylan | No | | |
| City of Saraland, Alabama | 1:22-op-45017 | Riley & Jackson, P.C. | No | | 10/28/2022 | Hikma | No | | |
| City of Bay Minette, Alabama, et al. | 1:22-op-45018 | Montgomery Ponder, LLC | Yes | | | Amneal Pharmaceuticals LLC | Yes | Yes | 3/23/2023 | Sent Request for Wavier of Service to Paul Cosgrove, attorney for Amneal Phramaceuticals LLC, on 05/09/2022, 06/28/2022, 03/01/2023, and 03/15/2023.  No response received. Praecipe for Issuance filed [Doc. 21] and personal service is being attempted. |
| Bay Minette, AL | 1:22-op-45018 | Montgomery Ponder, LLC | Yes | | | Winn-Dixie | No | | |
| City of Gulf Shores, AL | 1:22-op-45019 | Jinks, Crow & Dickson, P.C. | No | | 2/21/2023 | Indivior | Yes | In Process | Transferred to the MDL prior to service being perfected.  Service is being attempted now. |
| City of Gulf Shores, Alabama | 1:22-op-45019 | Jinks, Crow & Dickson, P.C. | No | | 2/21/2023 | Mylan | Yes | In Process | Transferred to the MDL prior to service being perfected.  Service is being attempted now. |
| The City Of Gulf Shores, Alabama | 1:22-op-45019 | Jinks, Crow & Dickson, P.C. | No | | 2/21/2023 | Hikma | Yes | In Process | Transferred to the MDL prior to service being perfected.  Service is being attempted now. |
| City of Childersburg, AL | 1:22-op-45020-DAP | Montgomery Ponder, LLC | Yes | | | Sandoz Inc. | Yes | Yes | | Despite diligent search, Plaintiff's counsel has been unable to locate filed Waiver of Service form for Sandoz, Inc. However, following the filing of the Defendant's deficiency notice, Plaintiff's counsel sent a Notice of Lawsuit and Request for Waiver of Service to Sarah Thompson, attorney for Sandoz Inc. Ms. Thompson refused to sign Waiver of Service. Praecipe for Issuance filed [Doc. 22] and Defendant was personally served on 3/23/2023 [Doc. 24]. |
| Board of Education of Boardman Local Schools and Board of Education of Liberty Local Schools, Individually, And On Behalf of All Others Similarly Situated v. Cephalon Inc., et al. | 1:22-op-45023 | Mehri & Skalet PLLC | Yes | | | KVK-Tech | Yes | In Process | Inadvertent oversight, without prejudice or harm given D's knowledge of the filing, receipt of the fact sheet, and the Court's stay on litigation activity. ECF Nos. 23, 3795.  Requests for waivers were served on Feb. 23, 2023. |
| Board of Education of Boardman Local Schools, Ohio; Board of Education of Liberty Local Schools, Ohio | 1:22-op-45023 | Mehri & Skalet PLLC | Yes | | | Mylan | Yes | In Process | Inadvertent oversight, without prejudice or harm given D's knowledge of the filing, receipt of the fact sheet, and the Court's stay on litigation activity. ECF Nos. 23, 3795.  Requests for waivers were served on Feb. 23, 2023. |
| Southwestern Central School District Individually and On Behalf of All Others Similarly Situated v Cephalon Inc., et al. | 1:22-op-45024 | Mehri & Skalet PLLC | Yes | | | KVK-Tech | Yes | In Process | Inadvertent oversight, without prejudice or harm given D's knowledge of the filing, receipt of the fact sheet, and the Court's stay on litigation activity. ECF Nos. 23, 3795.  Requests for waivers were served on Feb. 23, 2023. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Southwestern Central School District, New York | 1:22-op-45024 | Mehri & Skalet PLLC | Yes | | Mylan | Yes | In Process | | Inadvertent oversight, without prejudice or harm given D's knowledge of the filing, receipt of the fact sheet, and the Court's stay on litigation activity. ECF Nos. 23, 3795.  Requests for waivers were served on Feb. 23, 2023. |
| Putnam County School Board, Florida | 1:22-op-45025 | Mehri & Skalet PLLC | Yes | | Mylan | Yes | In Process | | Inadvertent oversight, without prejudice or harm given D's knowledge of the filing, receipt of the fact sheet, and the Court's stay on litigation activity. ECF Nos. 23, 3795.  Requests for waivers were served on Feb. 23, 2023. |
| Putnam County School Board Individually and On Behalf of All Others Similarly Situated v Cephalon Inc., et al. | 1:22-op-45025 | Mehri & Skalet PLLC | Yes | | KVK-Tech | Yes | In Process | | Inadvertent oversight, without prejudice or harm given D's knowledge of the filing, receipt of the fact sheet, and the Court's stay on litigation activity. ECF Nos. 23, 3795.  Requests for waivers were served on Feb. 23, 2023. |
| Hamblen County Board of Education (TN) | 1:22-op-45027 | Mehri & Skalet PLLC | Yes | | JM Smith | Yes | In Process | | Inadvertent oversight, without prejudice or harm given D's knowledge of the filing, receipt of the fact sheet, and the Court's stay on litigation activity. ECF Nos. 23, 3795.  Requests for waivers were served on Feb. 23, 2023. |
| Hamblen County Board of Education (TN) | 1:22-op-45027 | Mehri & Skalet PLLC | Yes | | Quest Pharmaceuticals | Yes | In Process | | Inadvertent oversight, without prejudice or harm given D's knowledge of the filing, receipt of the fact sheet, and the Court's stay on litigation activity. ECF Nos. 23, 3795.  Requests for waivers were served on Feb. 23, 2023. |
| Hancock County Bd. of Ed, WV | 1:22-op-45027 | Mehri & Skalet PLLC | Yes | | Keysource Medical | Yes | In Process | | Inadvertent oversight, without prejudice or harm given D's knowledge of the filing, receipt of the fact sheet, and the Court's stay on litigation activity. ECF Nos. 23, 3795. |
| Hancock County Board of Education (TN) | 1:22-op-45027 | Mehri & Skalet PLLC | Yes | | JM Smith | Yes | In Process | | Inadvertent oversight, without prejudice or harm given D's knowledge of the filing, receipt of the fact sheet, and the Court's stay on litigation activity. ECF Nos. 23, 3795.  Requests for waivers were served on Feb. 23, 2023. |
| Hancock County Board of Education (TN) | 1:22-op-45027 | Mehri & Skalet PLLC | Yes | | Quest Pharmaceuticals | Yes | In Process | | Inadvertent oversight, without prejudice or harm given D's knowledge of the filing, receipt of the fact sheet, and the Court's stay on litigation activity. ECF Nos. 23, 3795.  Requests for waivers were served on Feb. 23, 2023. |
| Hancock County Board of Education and Hamblen County Board of Education Individually, and On Behalf of All Others Similarly Situated v. Cephalon Inc., et al. | 1:22-op-45027 | Mehri & Skalet PLLC | Yes | | KVK-Tech | Yes | In Process | | Inadvertent oversight, without prejudice or harm given D's knowledge of the filing, receipt of the fact sheet, and the Court's stay on litigation activity. ECF Nos. 23, 3795.  Requests for waivers were served on Feb. 23, 2023. |
| Hancock County Board of Education, Tennessee; Hamblen County Board of Education, Tennessee | 1:22-op-45027 | Mehri & Skalet PLLC | Yes | | Mylan | Yes | In Process | | Inadvertent oversight, without prejudice or harm given D's knowledge of the filing, receipt of the fact sheet, and the Court's stay on litigation activity. ECF Nos. 23, 3795.  Requests for waivers were served on Feb. 23, 2023. |
| Marion County Bd. of Ed, WV | 1:22-op-45028 | Mehri & Skalet PLLC | Yes | | Keysource Medical | Yes | In Process | | Inadvertent oversight, without prejudice or harm given D's knowledge of the filing, receipt of the fact sheet, and the Court's stay on litigation activity. ECF Nos. 23, 3795. |
| Marion County Board of Education, West Virginia; Wyoming County Board of Education, West Virginia; Kanawha County Board of Education, West Virginia; McDowell County Board of Education, West Virginia | 1:22-op-45028 | Mehri & Skalet PLLC | Yes | | Mylan | Yes | In Process | | Inadvertent oversight, without prejudice or harm given D's knowledge of the filing, receipt of the fact sheet, and the Court's stay on litigation activity. ECF Nos. 23, 3795.  Requests for waivers were served on Feb. 23, 2023. |
| Marion County Board of Education, WV | 1:22-op-45028 | Mehri & Skalet PLLC | Yes | | Masters Pharmaceutical | Yes | In Process | | Inadvertent oversight, without prejudice or harm given D's knowledge of the filing, receipt of the fact sheet, and the Court's stay on litigation activity. ECF Nos. 23, 3795.  Requests for waivers were served on Feb. 23, 2023. |
| Marion County Board of Education, Wyoming County Board of Education, Kanawha County Board of Education, McDowell County Board of Education WV, Individually and On Behalf of All Others Similarly Situated v. Cephalon Inc., et al. | 1:22-op-45028 | Mehri & Skalet PLLC | Yes | | KVK-Tech | Yes | In Process | | Inadvertent oversight, without prejudice or harm given D's knowledge of the filing, receipt of the fact sheet, and the Court's stay on litigation activity. ECF Nos. 23, 3795.  Requests for waivers were served on Feb. 23, 2023. |
| Susanville Elementary School District, California; Lassen County Office of Education, California | 1:22-op-45031 | Mehri & Skalet PLLC | No | 1/2/2023 | Mylan | Yes | In Process | | Inadvertent oversight, without prejudice or harm given D's knowledge of the filing, receipt of the fact sheet, and the Court's stay on litigation activity. ECF Nos. 23, 3795.  Requests for waivers were served on Feb. 23, 2023. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Susanville Elementary School District, Lassen County Office of Education CA, Individually and On Behalf of All Others Similarly Situated v. Cephalon Inc., et al. | 1:22-op-45031 | Mehri & Skalet PLLC | No | | 1/2/2023 | KVK-Tech | Yes | In Process | Inadvertent oversight, without prejudice or harm given D's knowledge of the filing, receipt of the fact sheet, and the Court's stay on ligitation activity. ECF Nos. 23, 3795.  Requests for waivers were served on Feb. 23, 2023. |
| McLennan County | 17-OP-45075 | Harrison Davis Morrison Jones | No | | 2/16/2023 | Target Corporation | No | | |
| McLennan County, TX | 17-OP-45075 | Harrison Davis Morrison Jones | No | | 2/16/2023 | Morris & Dickson | No | | |
| Mora County, NM | 17-OP-45080 | Napoli Shkolnik | Yes | | | Hospira | Yes | Yes | 2/14/2023 | |
| Avoyelles Parish Sheriff, LA | 17-OP-45164 | Simmons Hanly Conroy, LLC | No | | 1/3/2023 | Morris & Dickson | No | | |
| Douglas Anderson (Avoyelles Parish Sheriff) | 17-OP-45164 | Simmons Hanly Conroy, LLC | No | | 1/3/2023 | Morris & Dickson | No | | |
| Berkeley County Council, WV | 17-OP-45171 | Skinner Law Firm | | | | Auburn Pharmaceutical | Yes | | Dismissed on 02/21/2023 |
| Hilton (Rapides Parish Sheriff), LA | 17-OP-45178 | Simmons Hanly Conroy, LLC | No | | 1/3/2023 | Morris & Dickson | No | | |
| Mancuso (Calcasieu Parish Sheriff), LA | 17-OP-45179 | Simmons Hanly Conroy, LLC | No | | 1/3/2023 | Morris & Dickson | No | | |
| Garber (Lafayette Parish Sheriff), LA | 17-OP-45180 | Simmons Hanly Conroy, LLC | No | | 1/3/2023 | Morris & Dickson | No | | |
| Humphreys County, MS | 18-OP-45021 | Diaz Law Firm, PLLC | No | | 1/3/2023 | Morris & Dickson | No | | |
| City of Lansing, MI | 18-OP-45054 | Weitz & Luxenberg | No | | 12/1/2022 | Costco | Yes | Yes | 2/7/2018 | Service was timely. The docket shows a proof of service filed, including an affidavit of service perfected on 2/7/18. |
| Grand Traverse County, MI | 18-OP-45056 | Weitz & Luxenberg | No | | 12/1/2022 | Costco | Yes | Yes | 2/7/2018 | Service was timely. The docket shows a proof of service filed, including an affidavit of service perfected on 2/7/18. |
| Nolan County, TX | 18-op-45061 | Harrison Davis Morrison Jones | No | | | Abbott | No | | | On June 12, 2018, a Notice of Non-suit was filed as to Abbott Laboratories, only.  On March 16, 2023, this client refiled a Notice of Non-suit as to Abbott Laboratories, only.  As such, any complaints as to service of process are moot. |
| Mitchell County, TX | 18-op-45063 | Harrison Davis Morrison Jones | No | | | Abbott | No | | | On June 12, 2018, a Notice of Non-suit was filed as to Abbott Laboratories, only.  On March 16, 2023, this client refiled a Notice of Non-suit as to Abbott Laboratories, only.  As such, any complaints as to service of process are moot. |
| County of Wichita, TX | 18-OP-45064 | Harrison Davis Morrison Jones | No | | 2/16/2023 | Morris & Dickson | No | | |
| Chippewa County, MI | 18-OP-45066 | Weitz & Luxenberg | No | | 12/1/2022 | Costco | Yes | Yes | 2/7/2018 | Service was timely. The docket shows a proof of service filed, including an affidavit of service perfected on 2/7/18. |
| Delta County, MI | 18-OP-45067 | Weitz & Luxenberg | No | | 12/1/2022 | Costco | Yes | Yes | 2/7/2018 | Service was timely. The docket shows a proof of service filed, including an affidavit of service perfected on 2/7/18. |
| City of Escanaba, MI | 18-OP-45068 | Weitz & Luxenberg | No | | 12/1/2022 | Costco | Yes | Yes | 2/7/2018 | Service was timely. The docket shows a proof of service filed, including an affidavit of service perfected on 2/7/18. |
| Polk County, TX | 18-OP-45077 | Harrison Davis Morrison Jones | No | | 2/16/2023 | Morris & Dickson | No | | |
| Saginaw County, MI | 18-OP-45082 | Weitz & Luxenberg | No | | 12/1/2022 | Costco | Yes | Yes | 2/7/2018 | Service was timely. The docket shows a proof of service filed, including an affidavit of service perfected on 2/7/18. |
| Genesee County, MI | 18-OP-45083 | Weitz & Luxenberg | No | | 12/1/2022 | Costco | Yes | Yes | 2/7/2018 | Service was timely. The docket shows a proof of service filed, including an affidavit of service perfected on 2/7/18. |
| City of Detroit, MI | 18-OP-45084 | Weitz & Luxenberg | No | | 12/1/2022 | Costco | Yes | Yes | 2/7/2018 | Service was timely. The docket shows a proof of service filed, including an affidavit of service perfected on 2/7/18. |
| Macomb County, MI | 18-OP-45085 | Weitz & Luxenberg | No | | 12/1/2022 | Costco | Yes | Yes | 2/7/2018 | Service was timely. The docket shows a proof of service filed, including an affidavit of service perfected on 2/7/18. |
| Seal (Washington Parish Sheriff), LA | 18-OP-45093 | Simmons Hanly Conroy, LLC | No | | 1/3/2023 | Morris & Dickson | No | | |
| Woods (Jefferson Davis Parish Sheriff), LA | 18-OP-45099 | Simmons Hanly Conroy, LLC | No | | 1/3/2023 | Morris & Dickson | No | | |
| Roscommon County, MI | 18-OP-45102 | Weitz & Luxenberg | No | | 12/1/2022 | Costco | Yes | Yes | 2/7/2018 | Service was timely. The docket shows a proof of service filed, including an affidavit of service perfected on 2/7/18. |
| Marquette County, MI | 18-OP-45104 | Weitz & Luxenberg | No | | 12/1/2022 | Costco | Yes | Yes | 2/7/2018 | Service was timely. The docket shows a proof of service filed, including an affidavit of service perfected on 2/7/18. |
| Crawford County, MI | 18-OP-45105 | Weitz & Luxenberg | No | | 12/1/2022 | Costco | Yes | Yes | 2/7/2018 | Service was timely. The docket shows a proof of service filed, including an affidavit of service perfected on 2/7/18. |
| Leelanau County, MI | 18-OP-45111 | Weitz & Luxenberg | No | | 12/1/2022 | Costco | Yes | Yes | 2/7/2018 | Service was timely. The docket shows a proof of service filed, including an affidavit of service perfected on 2/7/18. |

| Plaintiff | Case No. | Law Firm | | Date | Defendant | | | Date | Notes |
|---|---|---|---|---|---|---|---|---|---|
| Mason County, MI | 18-OP-45112 | Weitz & Luxenberg | No | 12/1/2022 | Costco | Yes | Yes | 2/7/2018 | Service was timely. The docket shows a proof of service filed, including an affidavit of service perfected on 2/7/18. |
| Manistee County, MI | 18-OP-45113 | Weitz & Luxenberg | No | 12/1/2022 | Costco | Yes | Yes | 2/7/2018 | Service was timely. The docket shows a proof of service filed, including an affidavit of service perfected on 2/7/18. |
| Craft (Vernon Parish Sheriff), LA | 18-OP-45140 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Morris & Dickson | No | | | |
| Throckmorton County, TX | 18-op-45141 | Harrison Davis Morrison Jones | No | | Abbott | No | | | On June 12, 2018, a Notice of Non-suit was filed as to Abbott Laboratories, only.  On March 16, 2023, this client refiled a Notice of Non-suit as to Abbott Laboratories, only.  As such, any complaints as to service of process are moot. |
| Hebert (Allen Parish Sheriff), LA | 18-OP-45142 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Morris & Dickson | No | | | |
| Richardson (Sabine Parish Sheriff), LA | 18-OP-45143 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Morris & Dickson | No | | | |
| Russell (Ouachita Parish Sheriff), LA | 18-OP-45154 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Morris & Dickson | No | | | |
| Municipality of Guayanilla, PR | 18-OP-45176 | Sanders Phillips Grossman, LLC AKA Milberg Coleman Bryson Phillips Grossman, LLC | Yes | | Sun Pharmaceuticals | Yes | In Process | | |
| Soileau (Evangeline Parish Sheriff), LA | 18-OP-45189 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Morris & Dickson | No | | | |
| Summers County Commission, MD | 18-OP-45226 | Wooton, Davis, Hussell & | No | N/A | Richie Pharmacal | Yes | No | N/A | Summers County has participated in a global settlement with regard to the State of West Virginia and pursuant to MOA |
| Childress County, TX | 18-OP-45229 | Harrison Davis Morrison Jones | No | 2/16/2023 | Morris & Dickson | No | | | |
| Kinney County, TX | 18-op-45241 | Harrison Davis Morrison Jones | No | | Abbott | Yes | | | On June 12, 2018, a Notice of Non-suit was filed as to Abbott Laboratories, only.  On March 16, 2023, this client refiled a Notice of Non-suit as to Abbott Laboratories, only.  As such, any complaints as to service of process are moot. |
| Williams (East Carroll Parish Sheriff), LA | 18-OP-45259 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Morris & Dickson | No | | | |
| Philley (West Carroll Parish Sheriff), LA | 18-OP-45260 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Morris & Dickson | No | | | |
| County of Tarrant | 18-OP-45274 | Lanier Law Firm | No | 10/28/2022 | Morris & Dickson | No | | | |
| City of Philadelphia, MS | 18-OP-45279 | Bossier & Associates, PLLC | No | 2/14/2023 | Morris & Dickson | No | No | | Defendant's counsel was sent Waiver of Service forms, which were not timely returned. We have re-initiated efforts to obtain waiver, however, none have been received to date. NOTE: SOL does not run against this municipal Plaintiff, and thus, the case can be refiled if required. |
| Gratiot County, MI | 18-OP-45339 | Weitz & Luxenberg | No | 12/1/2022 | Costco | Yes | Yes | 8/30/2018 | A waiver of service was obtained from Costco on 8/30/2018, alongside waivers for 32 other subdivisions. Service was perfected by waiver just over one month after the deadline established by CMO One. Costco was well on notice of the claims against it, given the myriad other plaintiffs bringing the same claims, and Costco was not prejudiced by this delay, especially considering that Costco was stayed as a non-litigating defendant for more than four years after its initial waiver. As such, there is good cause to allow this subdivision's case against Costco to proceed. |
| Alcona County, MI | 18-OP-45340 | Weitz & Luxenberg | No | 12/1/2022 | Costco | Yes | Yes | 8/30/2018 | A waiver of service was obtained from Costco on 8/30/2018, alongside waivers for 32 other subdivisions. Service was perfected by waiver just over one month after the deadline established by CMO One. Costco was well on notice of the claims against it, given the myriad other plaintiffs bringing the same claims, and Costco was not prejudiced by this delay, especially considering that Costco was stayed as a non-litigating defendant for more than four years after its initial waiver. As such, there is good cause to allow this subdivision's case against Costco to proceed. |
| Arenac County, MI | 18-OP-45341 | Weitz & Luxenberg | No | 12/1/2022 | Costco | Yes | Yes | 8/30/2018 | A waiver of service was obtained from Costco on 8/30/2018, alongside waivers for 32 other subdivisions. Service was perfected by waiver just over one month after the deadline established by CMO One. Costco was well on notice of the claims against it, given the myriad other plaintiffs bringing the same claims, and Costco was not prejudiced by this delay, especially considering that Costco was stayed as a non-litigating defendant for more than four years after its initial waiver. As such, there is good cause to allow this subdivision's case against Costco to proceed. |
| Dickinson County, MI | 18-OP-45342 | Weitz & Luxenberg | No | 12/1/2022 | Costco | Yes | Yes | 8/30/2018 | A waiver of service was obtained from Costco on 8/30/2018, alongside waivers for 32 other subdivisions. Service was perfected by waiver just over one month after the deadline established by CMO One. Costco was well on notice of the claims against it, given the myriad other plaintiffs bringing the same claims, and Costco was not prejudiced by this delay, especially considering that Costco was stayed as a non-litigating defendant for more than four years after its initial waiver. As such, there is good cause to allow this subdivision's case against Costco to proceed. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Iosco County, MI | 18-OP-45343 | Weitz & Luxenberg | No | | 12/1/2022 | Costco | Yes | Yes | 8/30/2018 | A waiver of service was obtained from Costco on 8/30/2018, alongside waivers for 32 other subdivisions. Service was perfected by waiver just over one month after the deadline established by CMO One. Costco was well on notice of the claims against it, given the myriad other plaintiffs bringing the same claims, and Costco was not prejudiced by this delay, especially considering that Costco was stayed as a non-litigating defendant for more than four years after its initial waiver. As such, there is good cause to allow this subdivision's case against Costco to proceed. |
| City of Iron Mountain, MI | 18-OP-45344 | Weitz & Luxenberg | No | | 12/1/2022 | Costco | Yes | Yes | 8/30/2018 | A waiver of service was obtained from Costco on 8/30/2018, alongside waivers for 32 other subdivisions. Service was perfected by waiver just over one month after the deadline established by CMO One. Costco was well on notice of the claims against it, given the myriad other plaintiffs bringing the same claims, and Costco was not prejudiced by this delay, especially considering that Costco was stayed as a non-litigating defendant for more than four years after its initial waiver. As such, there is good cause to allow this subdivision's case against Costco to proceed. |
| Ostego County, MI | 18-OP-45345 | Weitz & Luxenberg | No | | 12/1/2022 | Costco | Yes | Yes | 8/30/2018 | A waiver of service was obtained from Costco on 8/30/2018, alongside waivers for 32 other subdivisions. Service was perfected by waiver just over one month after the deadline established by CMO One. Costco was well on notice of the claims against it, given the myriad other plaintiffs bringing the same claims, and Costco was not prejudiced by this delay, especially considering that Costco was stayed as a non-litigating defendant for more than four years after its initial waiver. As such, there is good cause to allow this subdivision's case against Costco to proceed. |
| Montmorency County, MI | 18-OP-45347 | Weitz & Luxenberg | No | | 12/1/2022 | Costco | Yes | Yes | 8/30/2018 | A waiver of service was obtained from Costco on 8/30/2018, alongside waivers for 32 other subdivisions. Service was perfected by waiver just over one month after the deadline established by CMO One. Costco was well on notice of the claims against it, given the myriad other plaintiffs bringing the same claims, and Costco was not prejudiced by this delay, especially considering that Costco was stayed as a non-litigating defendant for more than four years after its initial waiver. As such, there is good cause to allow this subdivision's case against Costco to proceed. |
| Ogemaw County, MI | 18-OP-45348 | Weitz & Luxenberg | No | | 12/1/2022 | Costco | Yes | Yes | 8/30/2018 | A waiver of service was obtained from Costco on 8/30/2018, alongside waivers for 32 other subdivisions. Service was perfected by waiver just over one month after the deadline established by CMO One. Costco was well on notice of the claims against it, given the myriad other plaintiffs bringing the same claims, and Costco was not prejudiced by this delay, especially considering that Costco was stayed as a non-litigating defendant for more than four years after its initial waiver. As such, there is good cause to allow this subdivision's case against Costco to proceed. |
| Isabella County, MI | 18-OP-45349 | Weitz & Luxenberg | No | | 12/1/2022 | Costco | Yes | Yes | 8/30/2018 | A waiver of service was obtained from Costco on 8/30/2018, alongside waivers for 32 other subdivisions. Service was perfected by waiver just over one month after the deadline established by CMO One. Costco was well on notice of the claims against it, given the myriad other plaintiffs bringing the same claims, and Costco was not prejudiced by this delay, especially considering that Costco was stayed as a non-litigating defendant for more than four years after its initial waiver. As such, there is good cause to allow this subdivision's case against Costco to proceed. |
| Shiawassee County, MI | 18-OP-45350 | Weitz & Luxenberg | No | | 12/1/2022 | Costco | Yes | Yes | 8/30/2018 | A waiver of service was obtained from Costco on 8/30/2018, alongside waivers for 32 other subdivisions. Service was perfected by waiver just over one month after the deadline established by CMO One. Costco was well on notice of the claims against it, given the myriad other plaintiffs bringing the same claims, and Costco was not prejudiced by this delay, especially considering that Costco was stayed as a non-litigating defendant for more than four years after its initial waiver. As such, there is good cause to allow this subdivision's case against Costco to proceed. |
| Lenawee County, MI | 18-OP-45351 | Weitz & Luxenberg | No | | 12/1/2022 | Costco | Yes | Yes | 8/30/2018 | A waiver of service was obtained from Costco on 8/30/2018, alongside waivers for 32 other subdivisions. Service was perfected by waiver just over one month after the deadline established by CMO One. Costco was well on notice of the claims against it, given the myriad other plaintiffs bringing the same claims, and Costco was not prejudiced by this delay, especially considering that Costco was stayed as a non-litigating defendant for more than four years after its initial waiver. As such, there is good cause to allow this subdivision's case against Costco to proceed. |
| Sanilac County, MI | 18-OP-45352 | Weitz & Luxenberg | No | | 12/1/2022 | Costco | Yes | Yes | 8/30/2018 | A waiver of service was obtained from Costco on 8/30/2018, alongside waivers for 32 other subdivisions. Service was perfected by waiver just over one month after the deadline established by CMO One. Costco was well on notice of the claims against it, given the myriad other plaintiffs bringing the same claims, and Costco was not prejudiced by this delay, especially considering that Costco was stayed as a non-litigating defendant for more than four years after its initial waiver. As such, there is good cause to allow this subdivision's case against Costco to proceed. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Antrim County, MI | 18-OP-45354 | Weitz & Luxenberg | No | | 12/1/2022 | Costco | Yes | Yes | 8/30/2018 | A waiver of service was obtained from Costco on 8/30/2018, alongside waivers for 32 other subdivisions. Service was perfected by waiver just over one month after the deadline established by CMO One. Costco was well on notice of the claims against it, given the myriad other plaintiffs bringing the same claims, and Costco was not prejudiced by this delay, especially considering that Costco was stayed as a non-litigating defendant for more than four years after its initial waiver. As such, there is good cause to allow this subdivision's case against Costco to proceed. |
| Hillsdale County, MI | 18-OP-45355 | Weitz & Luxenberg | No | | 12/1/2022 | Costco | Yes | Yes | 8/30/2018 | A waiver of service was obtained from Costco on 8/30/2018, alongside waivers for 32 other subdivisions. Service was perfected by waiver just over one month after the deadline established by CMO One. Costco was well on notice of the claims against it, given the myriad other plaintiffs bringing the same claims, and Costco was not prejudiced by this delay, especially considering that Costco was stayed as a non-litigating defendant for more than four years after its initial waiver. As such, there is good cause to allow this subdivision's case against Costco to proceed. |
| Benzie County, MI | 18-OP-45356 | Weitz & Luxenberg | No | | 12/1/2022 | Costco | Yes | Yes | 8/30/2018 | A waiver of service was obtained from Costco on 8/30/2018, alongside waivers for 32 other subdivisions. Service was perfected by waiver just over one month after the deadline established by CMO One. Costco was well on notice of the claims against it, given the myriad other plaintiffs bringing the same claims, and Costco was not prejudiced by this delay, especially considering that Costco was stayed as a non-litigating defendant for more than four years after its initial waiver. As such, there is good cause to allow this subdivision's case against Costco to proceed. |
| Oceana County, MI | 18-OP-45357 | Weitz & Luxenberg | No | | 12/1/2022 | Costco | Yes | Yes | 8/30/2018 | A waiver of service was obtained from Costco on 8/30/2018, alongside waivers for 32 other subdivisions. Service was perfected by waiver just over one month after the deadline established by CMO One. Costco was well on notice of the claims against it, given the myriad other plaintiffs bringing the same claims, and Costco was not prejudiced by this delay, especially considering that Costco was stayed as a non-litigating defendant for more than four years after its initial waiver. As such, there is good cause to allow this subdivision's case against Costco to proceed. |
| Osceola County, MI | 18-OP-45359 | Weitz & Luxenberg | No | | 12/1/2022 | Costco | Yes | Yes | 8/30/2018 | A waiver of service was obtained from Costco on 8/30/2018, alongside waivers for 32 other subdivisions. Service was perfected by waiver just over one month after the deadline established by CMO One. Costco was well on notice of the claims against it, given the myriad other plaintiffs bringing the same claims, and Costco was not prejudiced by this delay, especially considering that Costco was stayed as a non-litigating defendant for more than four years after its initial waiver. As such, there is good cause to allow this subdivision's case against Costco to proceed. |
| Alger County, MI | 18-OP-45360 | Weitz & Luxenberg | No | | 12/1/2022 | Costco | Yes | Yes | 8/30/2018 | A waiver of service was obtained from Costco on 8/30/2018, alongside waivers for 32 other subdivisions. Service was perfected by waiver just over one month after the deadline established by CMO One. Costco was well on notice of the claims against it, given the myriad other plaintiffs bringing the same claims, and Costco was not prejudiced by this delay, especially considering that Costco was stayed as a non-litigating defendant for more than four years after its initial waiver. As such, there is good cause to allow this subdivision's case against Costco to proceed. |
| Baraga County, MI | 18-OP-45361 | Weitz & Luxenberg | No | | 12/1/2022 | Costco | Yes | Yes | 8/30/2018 | A waiver of service was obtained from Costco on 8/30/2018, alongside waivers for 32 other subdivisions. Service was perfected by waiver just over one month after the deadline established by CMO One. Costco was well on notice of the claims against it, given the myriad other plaintiffs bringing the same claims, and Costco was not prejudiced by this delay, especially considering that Costco was stayed as a non-litigating defendant for more than four years after its initial waiver. As such, there is good cause to allow this subdivision's case against Costco to proceed. |
| Luce County, MI | 18-OP-45362 | Weitz & Luxenberg | No | | 12/1/2022 | Costco | Yes | Yes | 8/30/2018 | A waiver of service was obtained from Costco on 8/30/2018, alongside waivers for 32 other subdivisions. Service was perfected by waiver just over one month after the deadline established by CMO One. Costco was well on notice of the claims against it, given the myriad other plaintiffs bringing the same claims, and Costco was not prejudiced by this delay, especially considering that Costco was stayed as a non-litigating defendant for more than four years after its initial waiver. As such, there is good cause to allow this subdivision's case against Costco to proceed. |
| Wexford County, MI | 18-OP-45364 | Weitz & Luxenberg | No | | 12/1/2022 | Costco | Yes | Yes | 8/30/2018 | A waiver of service was obtained from Costco on 8/30/2018, alongside waivers for 32 other subdivisions. Service was perfected by waiver just over one month after the deadline established by CMO One. Costco was well on notice of the claims against it, given the myriad other plaintiffs bringing the same claims, and Costco was not prejudiced by this delay, especially considering that Costco was stayed as a non-litigating defendant for more than four years after its initial waiver. As such, there is good cause to allow this subdivision's case against Costco to proceed. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Lake County, MI | 18-OP-45366 | Weitz & Luxenberg | No | | 12/1/2022 | Costco | Yes | Yes | 8/30/2018 | A waiver of service was obtained from Costco on 8/30/2018, alongside waivers for 32 other subdivisions. Service was perfected by waiver just over one month after the deadline established by CMO One. Costco was well on notice of the claims against it, given the myriad other plaintiffs bringing the same claims, and Costco was not prejudiced by this delay, especially considering that Costco was stayed as a non-litigating defendant for more than four years after its initial waiver. As such, there is good cause to allow this subdivision's case against Costco to proceed. |
| Pike County, KY | 18-OP-45368 | Napoli Shkolnik | Yes | | | Richie Pharmacal | No | | | |
| Floyd County, KY | 18-OP-45369 | Napoli Shkolnik | Yes | | | Richie Pharmacal | No | | | |
| Knott County, KY | 18-OP-45370 | Napoli Shkolnik | Yes | | | Richie Pharmacal | No | | | |
| Multnomah County | 18-OP-45377 | Wiggins Childs Pantazis Fi | No | | 3/27/2023 | Target Corporation | No | | | |
| Family Practice Clinic of Booneville, KY | 18-op-45390 | The Finnell Firm | No | N/A | | Auburn Pharmaceutical | Yes | Yes | 2/16/2023 | Defendant entered an appearance on 10/7/2020 and 12/12/2022 |
| City of Grand Rapids, MI | 18-OP-45406 | Weitz & Luxenberg | No | | 12/1/2022 | Costco | Yes | Yes | 8/30/2018 | A waiver of service was obtained from Costco on 8/30/2018, alongside waivers for 32 other subdivisions. Service was perfected by waiver just over one month after the deadline established by CMO One. Costco was well on notice of the claims against it, given the myriad other plaintiffs bringing the same claims, and Costco was not prejudiced by this delay, especially considering that Costco was stayed as a non-litigating defendant for more than four years after its initial waiver. As such, there is good cause to allow this subdivision's case against Costco to proceed. |
| Clackamas County, OR | 18-OP-45442 | D'Amore Law Group, P.C. | No | 11/29/2022 - sent to PFS counsel on 11/21/22 | | Costco | Yes | Yes | 7/12/2019 | Waiver of Service filed with the court on 7/12/2019. Doc No. 28. |
| County of Clackamas, OR, et al (Yamhill Cty) | 18-op-45442 | D'Amore Law Group, P.C. | No | 2/7/2023 - sent to PFS counsel on 11/21/22 but resent on 2/7/23 after not being place in repository in 11/22 | | SuperValu | No | | | |
| Yamhill County | 18-op-45442 | D'Amore Law Group, P.C. | No | 2/7/2023 -sent to PFS counsel on 11/21/22 but resent on 2/7/23 after not being place in repository in 11/22 | | Target Corporation | No | | | |
| Morgan Cty, WV | 18-op-45444 | Skinner Law Firm | | | | Auburn Pharmaceutical | No | | | Dismissed 02/21/2023 |
| Butts County (GA) | 18-op-45490 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/13/2022 | JM Smith | Yes | Yes | 4/25/2019 | Defendant signed and returned the waiver on 4/25/19. Plaintiff filed the waiver with the Court on 2/13/20. |
| St. Tammany Parish Coroner's Office, LA | 18-OP-45492 | Lillis Law Firm & Tonry, Brinson, & Glorioso | No | | 3/20/2023 | Morris & Dickson | No | | | |
| City of Clarksville, TN | 18-OP-45517 | Friedman, Dazzio & Zulanas, P.C. | Yes | | | Morris & Dickson | Yes | In Process | | |
| County of Ballard, KY | 18-op-45593 | Bryant Law Center | Yes | | | Auburn Pharmaceutical | Yes | In Process | | |
| Bergen County, NJ | 18-op-45616 | Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. | No | | 11/18/2022 | Abbott | Yes | In Process | | Provided to Process Servers on 2/24/2023. |
| Bergen County, NJ | 18-OP-45616 | Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. | No | | 11/18/2022 | Costco | Yes | In Process | | Provided to Process Servers on 2/24/2023. |
| Troup County, GA | 18-OP-45715 | Blasingame, Burch, Garrard & Ashley, P.C. | No | | 12/14/2022 | Morris & Dickson | No | | | |
| St. Bernard Parish Government, LA | 18-OP-45756 | Law Office of David W. Gernhauser, Jr., LLC | Yes | | 3/27/2023 | Morris & Dickson | No | | | |
| Bon Secours Health System, KY | 18-op-45819 | The Finnell Firm | No | N/A | | Auburn Pharmaceutical | Yes | Yes | 2/16/2023 | Defendant entered appearances on 10/7/2020 and 12/12/2022 |
| Bon Secours Health System, Inc., VA, et al | 18-op-45820 | The Finnell Firm | No | N/A | | SuperValu | No | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Bon Secours Health System, Inc.; Bon Secours-Richmond Community Hospital, Incorporated; Bon Secours DePaul Medical Center, Inc.; Bon Secours-Memorial Regional Medical Center, Inc.; Bon Secours-St. Francis Medical Center, Inc.; Bon Secours-St. Mary's Hospital of Richmand, Inc.; Bon Secourse-Virginia Healthsource, Inc.; Chesapeake Hospital Corporation; Mary Immaculate Hospital, Incorporated, Maryview Hospital | 18-op-45820 | The Finnell Firm | No | N/A | Apotex | Yes | Yes | 2/16/2023 | |
| Bon Secours Health System, VA | 18-op-45820 | The Finnell Firm | No | N/A | Auburn Pharmaceutical | Yes | Yes | 2/16/2023 | Defendant enterd appearances on 10/7/2020 and 12/12/2022 |
| Wiley (Ascension Parish Sheriff) | 18-OP-45842 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Morris & Dickson | No | | | |
| Tubbs (Morehouse Parish Sheriff), LA | 18-OP-45884 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Morris & Dickson | No | | | |
| Ontongon County, MI | 18-OP-45893 | Weitz & Luxenberg | No | 12/1/2022 | Costco | Yes | Yes | 9/4/2018 | Service was timely. The complaint was filed on 7/30/18, so the deadline established by CMO One is inapplicable, and the deadline for service under the FRCP 4(m) would be 10/28/18. The docket shows a waiver filed dated 9/4/18. |
| Presque Isle County, MI | 18-OP-45894 | Weitz & Luxenberg | No | 12/1/2022 | Costco | Yes | Yes | 9/4/2018 | Service was timely. The complaint was filed on 7/30/18, so the deadline established by CMO One is inapplicable, and the deadline for service under the FRCP 4(m) would be 10/28/18. The docket shows a waiver filed dated 9/4/18. |
| St. Clair County, MI | 18-OP-45896 | Weitz & Luxenberg | No | 12/1/2022 | Costco | Yes | Yes | 9/4/2018 | Service was timely. The complaint was filed on 7/30/18, so the deadline established by CMO One is inapplicable, and the deadline for service under the FRCP 4(m) would be 10/28/18. The docket shows a waiver filed dated 9/4/18. |
| Traverse City, MI | 18-OP-45901 | Weitz & Luxenberg | No | 12/1/2022 | Costco | Yes | Yes | 9/4/2018 | Service was timely. The complaint was filed on 7/31/18, so the deadline established by CMO One is inapplicable, and the deadline for service under the FRCP 4(m) would be 10/29/18. The docket shows a waiver filed dated 9/4/18. |
| City of East Lansing, MI | 18-OP-45902 | Weitz & Luxenberg | No | 12/1/2022 | Costco | Yes | Yes | 9/4/2018 | Service was timely. The complaint was filed on 7/31/18, so the deadline established by CMO One is inapplicable, and the deadline for service under the FRCP 4(m) would be 10/29/18. The docket shows a waiver filed dated 9/4/18. |
| City of Westland, MI | 18-OP-45903 | Weitz & Luxenberg | No | 12/1/2022 | Costco | Yes | Yes | 9/4/2018 | Service was timely. The complaint was filed on 7/31/18, so the deadline established by CMO One is inapplicable, and the deadline for service under the FRCP 4(m) would be 10/29/18. The docket shows a waiver filed dated 9/4/18. |
| City of Jackson, MI | 18-OP-45904 | Weitz & Luxenberg | No | 12/1/2022 | Costco | Yes | Yes | 9/4/2018 | Service was timely. The complaint was filed on 7/31/18, so the deadline established by CMO One is inapplicable, and the deadline for service under the FRCP 4(m) would be 10/29/18. The docket shows a waiver filed dated 9/4/18. |
| Hudson County, NJ | 18-op-45937 | Sanders Phillips Grossman, LLC AKA Milberg Coleman Bryson Phillips Grossman, LLC | Yes | | Abbott | No | In Process | | |
| Jersey City, NJ | 18-op-45948 | Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. | No | 11/18/2022 | Abbott | Yes | In Process | | Provided to Process Servers on 2/24/2023. |
| Jersey City, NJ | 18-op-45948 | Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. | No | 11/18/2022 | Costco | Yes | In Process | | Provided to Process Servers on 2/24/2023. |
| City of Huntington, WV | 18-op-45984 | Motley Rice | Yes | 3/27/2023 | Target Corporation | Yes | In Process | | Curative service and waiver sent to Defense counsel Amy Fiterman on behalf of Target Stores, Inc. as per the template filed 6/17/2019 (ECF 1687-1) and amended per counsel's currrent contact information as filed on Target's Amended Status Report (ECF No. 4942). |
| Essex County, NJ | 18-op-45989 | Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. | No | 11/18/2022 | Abbott | Yes | In Process | | Provided to Process Servers on 2/24/2023. |

| Entity | OP Number | Law Firm | | Date | Defendant | | | Date | Notes |
|---|---|---|---|---|---|---|---|---|---|
| Essex County, NJ | 18-OP-45989 | Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. | No | 11/18/2022 | Costco | Yes | In Process | | Provided to Process Servers on 2/24/2023. |
| City of Laredo, TX | 18-OP-46026 | Napoli Shkolnik | No | 12/28/2022 | Morris & Dickson | Yes | Yes | 2/9/2023 | |
| Guidroz (St. Landry Parish Sheriff), LA | 18-OP-46051 | Neblett, Beard & Arsenault | Yes | | Morris & Dickson | No | | | PFS was re-served pursuant to Court's 10/6/22 Order via email to the PEC/PSC on 10/10/2022. Based on review of the PFS Repository (export data), the PFS was available/uploaded to the PFS repository on or around 10/10/2022 at 11:28am. |
| Adams Cty, ID | 18-op-46062 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Auburn Pharmaceutical | Yes | Yes | 6/5/2019 | |
| Opelousas General Hospital Authority, LA | 18-OP-46083 | Neblett, Beard & Arsenault | No | | Morris & Dickson | No | | | The MDL Court's June 19, 2018 Fact Sheet Implementation Order (R. Doc. 638) expressly states that "Only Plaintiffs that are Governmental Entities (e.g., Cities, Towns, Counties) shall complete a PFS.  Other entities (e.g., Hosptials, Third-Party-Payors) do not need to complete a PFS. " |
| Wolfe Co., KY | 18-OP-46099 | The Finnell Firm | Yes | | Richie Pharmacal | No | | | |
| Monmouth County, NJ | 18-op-46118 | Kanner & Whiteley, LLC | No | 2/14/2023 | Abbott | No | | | |
| LaSalle Parish Hospital, Hardtner Medical Center, LA | 18-OP-46150 | Neblett, Beard & Arsenault | No | | Morris & Dickson | No | | | The MDL Court's June 19, 2018 Fact Sheet Implementation Order (R. Doc. 638) expressly states that "Only Plaintiffs that are Governmental Entities (e.g., Cities, Towns, Counties) shall complete a PFS.  Other entities (e.g., Hosptials, Third-Party-Payors) do not need to complete a PFS. " |
| Carroll County, GA | 18-op-46269 | The Finnell Firm | Yes | | Assertio | Yes | Yes | 2/17/2023 | Assertio Therapeutics, Inc. and Assertio Holdings, Inc. Assertio is f/k/a Depomed, Inc. and Depomed Waiver was perfected 5/15/2018 |
| Canyon County, ID | 18-op-46277 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Auburn Pharmaceutical | Yes | Yes | 5/31/2019 | |
| City of Bogalusa, LA | 18-OP-46297 | Napoli Shkolnik | No | 12/22/2022 | Morris & Dickson | No | | | |
| City of Eunice, LA | 18-OP-46328 | Neblett, Beard & Arsenault | Yes | | Morris & Dickson | No | | | PFS was re-served pursuant to Court's 10/6/22 Order via email to the PEC/PSC on 10/10/2022. Based on review of the PFS Repository (export data), the PFS was available/uploaded to the PFS repository on or around 10/10/2022 at 11:28am. |
| Mental Health & Recovery Services Board of Allen, Auglaize and Hardin Counties (OH) | 18-op-46344 | Spangenberg Shibley & Liber | No | | Prescription Supply | Yes | | | dismissed 3/27/23 |
| Gilley (Richland Parish Sheriff), LA | 19-OP-45007 | Simmons Hanly Conroy, LLC | No | 1/3/2023 | Morris & Dickson | No | | | |
| City of Donaldsonville, LA | 19-OP-45028 | Leger & Shaw | Yes | | Morris & Dickson | No | | | |
| Kentucky River District Health Department | 19-OP-45050 | The Finnell Firm | No | N/A | UCB | Yes | Yes | 2/16/2023 | Defendant entered an appearance on 1/10/2022 |
| Kentucky River Dist. Health Dept, KY | 19-OP-45050 | The Finnell Firm | No | N/A | Auburn Pharmaceutical | Yes | Yes | 2/16/2023 | Defendant entered an appearance on 10/7/2020 and 12/12/2022 |
| Harrison County, MS | 19-OP-45113 | Frazer PLC | No | 1/10/2023 | Morris & Dickson | No | | | |
| Pulaski County, GA | 19-op-45176 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Apotex | Yes | Yes | 9/4/2019 | Defendant signed and returned the waiver on 9/4/19. Plaintiff filed the waiver with the Court on 2/6/23. |
| Stephens County, GA | 19-op-45195 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Apotex | Yes | Yes | 9/4/2019 | Defendant signed and returned the waiver on 9/4/19. Plaintiff filed the waiver with the Court on 2/6/23. |
| City of Memphis, TN | 19-OP-45220 | O'Leary, Shelton, Corrigan, Peterson, Dalton & Quillin, LLC | No | 11/18/2022 | Sun Pharmaceuticals | Yes | Yes | 2/16/2023 | Waiver Signed by Defendant on 2/16/23 |
| McCain (Grant Parish Sheriff), LA | 19-OP-45244 | Neblett, Beard & Arsenault | Yes | | Morris & Dickson | No | | | PFS was re-served pursuant to Court's 10/6/22 Order via email to the PEC/PSC on 10/10/2022. Based on review of the PFS Repository (export data), the PFS was available/uploaded to the PFS repository on or around 10/10/2022 at 11:28am. |
| Buchanan County, VA | 19-op-45253 | Street Law Firm | Yes | | Abbott | Yes | | | The case was removed pre-service. Once the case was removed to federal court, it was stayed pending transfer to the MDL. Since that time, we have had no communications regarding service of process on Abbott. |
| Ionia County, MI | 19-OP-45261 | Weitz & Luxenberg | No | 12/1/2022 | Costco | Yes | Yes | 7/11/2019 | Service was perfected by waiver only three days late, under the standard 90 days afforded by the FRCP. Costco was well on notice of the claims against it, given the myriad other plaintiffs bringing the same claims, and Costco was not prejudiced by the three day delay. |
| Livingston County, MI | 19-OP-45262 | Weitz & Luxenberg | No | 12/1/2022 | Costco | Yes | Yes | 7/11/2019 | Service was perfected by waiver only three days late, under the standard 90 days afforded by the FRCP. Costco was well on notice of the claims against it, given the myriad other plaintiffs bringing the same claims, and Costco was not prejudiced by the three day delay. |
| Fayette County, GA | 19-OP-45293 | Blasingame, Burch, Garrard & Ashley, P.C. | No | 12/14/2022 | Alvogen | Yes | Yes | 8/2/2019 | Defendant signed and returned the waiver on 8/2/19. Plaintiff filed the waiver with the Court on 2/6/23. |
| City of Prestonburg, KY | 19-OP-45294 | Bryant Law Center | Yes | | Sun Pharmaceuticals | Yes | In Process | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| City of Prestonsburg | 19-op-45294 | Bryant Law Center | Yes | | UCB | Yes | In Process | |
| City of Prestonsburg, KY | 19-op-45294 | Bryant Law Center | Yes | | Alvogen | Yes | In Process | |
| City of Prestonsburg, KY | 19-op-45294 | Bryant Law Center | Yes | | Auburn Pharmaceutical | Yes | In Process | |
| City of Prestonsburg, KY | 19-OP-45294 | Bryant Law Center | Yes | | Richie Pharmacal | Yes | In Process | |
| Butler County, MO; Cape Girardeau County, MO; Christian County, MO; City of Independence, MO; City of Joplin, MO; Crawford County, MO; Dent County, MO; Dunklin County, MO; Greene County, MO; Iron County, MO; Jasper County, MO; Madison County, MO; Perry County, MO; Ste. Genevieve County, MO; Stone County, MO; Taney County, MO; Texas County, MO; Washington County, MO | 19-op-45371 | Stranch, Jennings & Garvey PLLC | No | 2/21/2023 | Assertio | Yes | No | This Defendant has been dismissed. |
| Union County, NJ | 19-op-45374 | Kanner & Whiteley, LLC | No | 2/14/2023 | Abbott | No | | |
| Jefferson County, NY | 19-op-45437 | Sanford Heisler Sharp, LLP | Yes | | Abbott | Yes | Yes | 2/24/2023 | Within 90 days of filing the complaint, subdivision counsel requested a waiver of service from the Defendant but did not receive a response. After conferring with Defendant's counsel, Defendant has recently agreed to waive service, and subdivision counsel has filed an executed waiver. |
| City of Inez | 19-op-454499 | Bryant Law Center | Yes | | Zydus | Yes | In Process | |
| Chatham County, NC; City of Canton, NC | 19-OP-45462 | The Finnell Firm | Yes | | Sun Pharmaceuticals | Yes | Yes | 10/1/2019 |
| City of Canton, NC | 19-OP-45462 | The Finnell Firm | Yes | | Richie Pharmacal | No | | |
| City of Canton, NC | 19-op-45462 | The Finnell Firm | Yes | | Auburn Pharmaceutical | Yes | Yes | 10/10/2019 |
| City of Inez, KY | 19-op-45499 | Bryant Law Center | Yes | | Apotex | Yes | In Process | |
| City of Inez, KY | 19-OP-45499 | Bryant Law Center | Yes | | Richie Pharmacal | Yes | In Process | |
| City of Inez, KY | 19-OP-45499 | Bryant Law Center | Yes | | Sun Pharmaceuticals | Yes | In Process | |
| Cty. of Curry, OR | 19-op-45512 | D'Amore Law Group, P.C. | No | 11/29/2022 - sent to PFS counsel on 11/21/22 | Auburn Pharmaceutical | Yes | In Process | Documents are out for service with the Clerk ofthe Court. Waiver of service was sent on 9/18/2019 to counsel of record, Nicholas Upfal,but no response was ever received. Service by Clerk. Summons and Complaint addressed to Auburn Pharmaceutical Company placed in U.S. Mail. Type of service: Certified Mail. Receipt # 9314 7699 0430 0104 6169 37. (F,ML) (Entered: 03/03/2023) - Docket No. 43 |
| City of Long Beach, MS | 19-OP-45517 | Reeves & Mestayer, PLLC | Yes | 10/29/2019 & 12/11/2022 | Morris & Dickson | No | | |
| City  of  Paintsville, KY | 19-OP-45559 | Bryant Law Center | Yes | | Richie Pharmacal | Yes | In Process | |
| City of Paintsville | 19-OP-45559 | Bryant Law Center | Yes | | Zydus | Yes | In Process | |
| City of Paintsville, KY | 19-OP-45559 | Bryant Law Center | Yes | | Alvogen | Yes | In Process | |
| City of Paintsville, KY | 19-op-45559 | Bryant Law Center | Yes | | Apotex | Yes | In Process | |
| Sussex County, NJ | 19-op-45616 | Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. | No | 11/18/2022 | Abbott | Yes | In Process | Provided to Process Servers on 2/24/2023. |
| Sussex County, NJ | 19-op-45616 | Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. | No | 11/18/2022 | Costco | Yes | In Process | Provided to Process Servers on 2/24/2023. |
| Williamson County, IL | 19-op-45657 | Prince Law Firm | No | N/a | Abbott | No | | Plaintiff's Fact Sheet is being completed. |
| City of Claremont, NH | 19-op-45690 | Napoli Shkolnik | No | 2/2/2023 | Eric Knight MD | Yes | No | response to be provided |
| Sullivan County, NH | 19-op-45704 | Napoli Shkolnik | No | 2/1/2023 | Eric Knight MD | Yes | No | getting dismissed |
| Passaic County, NJ | 19-op-45741 | Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. | No | 11/18/2022 | Abbott | Yes | In Process | Provided to Process Servers on 2/24/2023. |
| Passaic County, NJ | 19-OP-45741 | Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. | No | 11/18/2022 | Costco | Yes | In Process | Provided to Process Servers on 2/24/2023. |
| City of Hoover, AL | 19-op-45746 | Wallace Jordan | No | 10/28/2022 | Target Corporation | Yes | In Process | Waiver of Service sent on November 26, 2019 when filing its short-form amended complaint by regular mail to counsel of record. |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Mandeville City, LA | 19-op-45753 | Leger & Shaw | Yes | | Sun Pharmaceuticals | Yes | Yes | 3/14/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/14/2023. Executed Return of Service filed 3/14/2023. |
| Town of Pearl River, La | 19-op-45754 | Leger & Shaw | Yes | | Sun Pharmaceuticals | Yes | Yes | 3/14/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/14/2023. Executed Return of Service filed 3/14/2023. |
| Bingham County, Idaho | 19-op-45758 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Pfizer | Yes | | | SHC not pursuing |
| Bingham County, ID | 19-op-45758 | Simmons Hanly Conroy, LLC | No | 11/18/2022 | Auburn Pharmaceutical | Yes | Yes | 11/7/2019 | |
| City of Slidell, LA | 19-op-45769 | Leger & Shaw | Yes | | Sun Pharmaceuticals | Yes | Yes | 3/14/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/14/2023. Executed Return of Service filed 3/14/2023. |
| Washington Parish Government, LA | 19-OP-45773 | Leger & Shaw | Yes | | Sun Pharmaceuticals | Yes | Yes | 3/14/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/14/2023. Executed Return of Service filed 3/14/2023. |
| Board of Commissioners of Barber County, KS | 19-OP-45785 | Hutton & Hutton | Yes | N/A | Alvogen | Yes | Yes | 2/15/2023 | Waiver of service was originally sent to Alvogen. Alvogen signed and returned the waiver of service. The executed waiver of service was filed on the docket on 2/15/23. |
| City of Jackson, MS | 19-OP-45806 | Bossier & Associates, PLLC | No | 2/14/2023 | Morris & Dickson | No | No | | Defendant's counsel was sent Waiver of Service forms, which were not timely returned. We have re-initiated efforts to obtain waiver, however, none have been received to date. NOTE: SOL does not run against this municipal Plaintiff, and thus, the case can be refiled if required. |
| City of Jackson, MS | 19-op-45806 | Bossier & Associates, PLLC | No | 2/14/2023 | Pfizer | Yes | No | | Defendant's counsel was sent Waiver of Service forms, which were not timely returned. We have re-initiated efforts to obtain waiver, however, none have been received to date. NOTE: SOL does not run against this municipal Plaintiff, and thus, the case can be refiled if required. |
| Saginaw Chippewa Indian Tribe | 19-op-45841 | | | | Sun Pharmaceutical | Yes | | | The PEC notes the plaintiff is a tribe and was improperly identified by Defendant on its service and fact sheet list. The Court's 1/3/23 Order (#4801) was directed to "plaintiff-subdivisions" only. In addition, the 6/19/18 Fact Sheet Implementation Order (#638) was applicable to Government Entities only and did not apply to plaintiff-tribes (see 6/20/18 Order, #642). |
| Saginaw Chippewa Indian Tribe, OH | 19-op-45841 | Robins Kaplan LLP | | Tribes not required to file PFS. | Auburn Pharmaceutical | Yes | No | | The Saginaw Chippewa Indian Tribe of  Michigan is an Indian Tribe.  Guidance from the MDL Tribal Leadership Committee is that Tribes are not subject to the current Order on PFS/Service issues.  In any event, attempts to secure a Waiver of Service on Auburn in compliance with CMO were undertaken when Complaint was filed and continue today. Auburn has been uncooperative. |
| City of Auburn | 19-OP-45843 | Napoli Shkolnik | No | 12/22/2022 | Morris & Dickson | No | | | |
| St. Francois County, MO | 19-op-45847 | Stranch, Jennings & Garvey PLLC | No | 2/21/2023 | Assertio | Yes | No | | This Defendant has been dismissed. |
| City of Ogdensburg, NY | 19-OP-45852 | Napoli Shkolnik | No | 12/22/2022 | Morris & Dickson | No | | | |
| City of Rochester, NY | 19-OP-45853 | Napoli Shkolnik | No | 12/22/2022 | Morris & Dickson | No | | | |
| City of Saratoga Springs, NY | 19-op-45857 | Napoli Shkolnik | No | 1/3/2023 | Morris & Dickson | No | | | |
| County of Kauai, HI | 19-op-45862 | Napoli Shkolnik | No | 12/13/2022 | Morris & Dickson | No | | | |
| Mayflower Municipal Health Group | 19-op-45897 | Napoli Shkolnik | No | NA | Apotex | Yes | Yes | 11/25/2019 | PFS is not applicable, as per Judge Polster Order (docket #368) dated 6/19/18 Plaintiff Fact Sheet is not required for this Plaintiff |
| Burlington County, NJ | 19-op-45928 | Pogust Millrood, Stampone O'Brien Dilsheimer, Smithbridge | No | Pending | Abbott | No | | | |
| City of Pascagoula, MS | 19-OP-45934 | Reeves & Mestayer, PLLC | Yes | 1/17/2020 & 12/11/2022 | Morris & Dickson | No | | | |
| Lincoln County, WA | 19-OP-45962 | Keller Rohrback L.L.P. | Yes | | Sun Pharmaceuticals | Yes | Yes | 2/21/2023 | Waiver filed 2/21/23.  Only plaintiff client of KR to sue Sun Pharmaceuticals. Service oversight. Waiver request sent 2/15/2023. Waiver returned 2/21/23. |
| Westmoreland   Co., VA | 19-op-45993 | The Finnell Firm | Yes | | Richie Pharmacal | No | | | |
| Westmoreland County, VA | 19-op-45993 | The Finnell Firm | Yes | | Auburn Pharmaceutical | Yes | Yes | 4/12/2021 | |
| Westmoreland County, VA | 19-op-45993 | The Finnell Firm | Yes | | Sun Pharmaceuticals | Yes | Yes | 4/6/2021 | |
| Delaware Nation, OK | 19-op-46011 | | | | GCP Pharma | Yes | | | The PEC notes the plaintiff is a tribe and was improperly identified by Defendant on its service and fact sheet list. The Court's 1/3/23 Order (#4801) was directed to "plaintiff-subdivisions" only. In addition, the 6/19/18 Fact Sheet Implementation Order (#638) was applicable to Government Entities only and did not apply to plaintiff-tribes (see 6/20/18 Order, #642). |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Cumberland County, NJ | 19-op-46016 | Kanner & Whiteley, LLC | No | 2/14/2023 | Abbott | No | | | |
| Atlantic County, NJ | 19-op-46071 | Weisbrod Matteis & Copley PLLC, Cooper Levenson | Yes | | Sun Pharmaceuticals | Yes | Yes | 6/16/2021 | Defendant Waiver of Service, Submitted Complaint as PFS prior to 10/14/2022 |
| Sheet Metal Workers Local 38 Insurance and Welfare Fund | 19-op-46094 | Napoli Shkolnik | No | NA | Apotex | Yes | Yes | 12/6/2019 | PFS is not applicable, as per Judge Polster Order (docket #368) dated 6/19/18 Plaintiff Fact Sheet is not required for this Plaintiff; defendant counsel submitted waiver via email 12/6/19 |
| Pipefitters Local 636 Insurance Fund | 19-op-46095 | Napoli Shkolnik | No | NA | Apotex | Yes | Yes | 12/6/2019 | PFS is not applicable, as per Judge Polster Order (docket #368) dated 6/19/18 Plaintiff Fact Sheet is not required for this Plaintiff; defendant counsel submitted waiver via email 12/6/19 |
| City of Buffalo, NY | 19-OP-46104 | Napoli Shkolnik | No | 12/13/2022 | Morris & Dickson | No | | | |
| County of Allegheny, NY | 19-OP-46151 | Napoli Shkolnik | No | 2/2/2023 | Morris & Dickson | No | | | |
| Ocean County, NJ | 19-op-46157 | Sanders Phillips Grossman, LLC AKA Milberg Coleman Bryson Phillips Grossman, LLC | Yes | | Abbott | No | In Process | | |
| City of Amsterdam, NY | 19-OP-46162 | Napoli Shkolnik | No | 12/22/2022 | Morris & Dickson | No | | | |
| City of Poughkeepsie, NY | 19-OP-46163 | Napoli Shkolnik | No | 12/22/2022 | Morris & Dickson | No | | | |
| E. Baton Rouge Parish Clerk of Court, LA | 19-OP-46164 | Kanner & Whiteley, LLC | No | 2/14/2023 | Morris & Dickson | No | | | |
| East Baton Rouge Parish, LA | 19-op-46164 | Kanner & Whiteley, LLC | No | 2/14/2023 | Abbott | No | | | |
| Town of Gramercy, LA | 20-OP-45031 | Leger & Shaw | No | 3/16/2023 | Morris & Dickson | No | | | |
| City of Henderson, KY | 20-op-45062 | Bahe Cook Cantley & Nefzger PLC / Grabhorn Law | No | 1/10/2023 | Assertio | No | | | |
| Hardin County Fiscal Court, KY; Breckenridge County Fiscal Court, KY; Green County Fiscal Court, KY; Meade County Fiscal Court, KY; Ohio County Fiscal Court, KY | 20-op-45063 | Bahe Cook Cantley & Nefzger PLC / Grabhorn Law | Yes | 1/10/23, 1/10/23, 1/10/23, 1/31/23 | Assertio | No | | | |
| Hardin County, KY, et al. | 20-op-45063 | Bahe Cook Cantley & Nefzger PLC / Grabhorn Law | Yes | | Abbott | No | | | |
| Camden County, MO | 20-op-45068 | Stranch, Jennings & Garvey PLLC | No | 2/21/2023 | Assertio | Yes | No | | This Defendant has been dismissed. |
| Lincoln County, MO | 20-op-45069 | Stranch, Jennings & Garvey PLLC | No | 2/21/2023 | Assertio | Yes | No | | This Defendant has been dismissed. |
| Bunkie General Hospital (Avoyelles Parish), LA | 20-OP-45098 | Neblett, Beard & Arsenault | | | Morris & Dickson | No | | | The MDL Court's June 19, 2018 Fact Sheet Implementation Order (R. Doc. 638) expressly states that "Only Plaintiffs that are Governmental Entities (e.g., Cities, Towns, Counties) shall complete a PFS.  Other entities (e.g., Hosptials, Third-Party-Payors) do not need to complete a PFS. " |
| BOCC of Lincoln County, OK | 20-op-45128 | Napoli Shkolnik | Yes | | GCP Pharma | Yes | Yes | 3/16/2023 | |
| Vernon County, MO | 20-OP-45133 | Theodora Oringher PC | Yes | | Morris & Dickson | No | | | |
| LSU Board of Supervisors, LA | 20-OP-45157 | Irpino Avin Hawkins | No | | Morris & Dickson | No | | | This client is not a political subdivision and therefore not subject to submission of a PFS. Counsel for Plaintiff reached out to counsel representing Morris and Dickson and shared that correspondence with Liaison Counsel once learning that Morris and Dickson erroneously listed this plaintiff on their Exh. A, which responded to Order at Dkt. 4801.  This plaintiff should not be included on Exh. A and is not subject to compliance/issues raised in the Order at Dkt. 4801. |
| City of Morganfield, KY | 20-OP-45167 | Frazer PLC | No | 2/6/2023 | Assertio | Yes | In Process | | Waiver of Service Requested; no response. |
| Stone County, MS | 20-OP-45168 | Frazer PLC | | | Assertio | Yes | | | Voluntarily Dismissed as Duplicative Action |
| Barton County, MO | 20-OP-45171 | Theodora Oringher PC | Yes | | Morris & Dickson | No | | | |
| Assumption Parish Policy Jury | 20-OP-45205 | Leger & Shaw | No | 2/23/2023 | Sun Pharmaceuticals | Yes | Yes | 3/15/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/14/2023. Executed Return of Service filed 3/15/2023. |
| Assumption Parish Police Jury, LA | 20-OP-45205 | Leger & Shaw | No | 2/23/2023 | Morris & Dickson | No | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Leland Falcon, Sheriff of Assumption Parish | 20-OP-45206 | Leger & Shaw | No | | 2/23/2023 | Sun Pharmaceuticals | Yes | Yes | 3/15/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/14/2023. Executed Return of Service filed 3/15/2023. |
| Assumption Parish Sheriff, LA | 20-OP-45206 | Leger & Shaw | No | | 2/23/2023 | Morris & Dickson | No | | | |
| West Ascension Parish Hospital Service District, LA | 20-OP-45207 | Leger & Shaw | No | | 2/23/2023 | Morris & Dickson | No | | | |
| Lafourche Parish Government | 20-OP-45212 | Leger & Shaw | No | | 3/21/2023 | Sun Pharmaceuticals | Yes | Yes | 3/15/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/14/2023. Executed Return of Service filed 3/15/2023. |
| Lafourche Parish Government, LA | 20-OP-45212 | Leger & Shaw | No | | 3/21/2023 | Morris & Dickson | No | | | |
| McDonald County, Missouri | 20-op-45225 | Theodora Oringher PC | Yes | | | UCB | Yes | Yes | 2/15/2023 | |
| City of Daphne, AL | 20-OP-45227 | Mantiply & Assoc. | No | | 10/28/2022 | Morris & Dickson | No | | | |
| Catawba Nation, SC | 20-op-45234 | | | | | GCP Pharma | Yes | | | The PEC notes the plaintiff is a tribe and was improperly identified by Defendant on its service and fact sheet list. The Court's 1/3/23 Order (#4801) was directed to "plaintiff-subdivisions" only. In addition, the 6/19/18 Fact Sheet Implementation Order (#638) was applicable to Government Entities only and did not apply to plaintiff-tribes (see 6/20/18 Order, #642). |
| White Mountain Apache Nation, AZ | 20-op-45243 | | | | | GCP Pharma | Yes | | | The PEC notes the plaintiff is a tribe and was improperly identified by Defendant on its service and fact sheet list. The Court's 1/3/23 Order (#4801) was directed to "plaintiff-subdivisions" only. In addition, the 6/19/18 Fact Sheet Implementation Order (#638) was applicable to Government Entities only and did not apply to plaintiff-tribes (see 6/20/18 Order, #642). |
| Hughes County Board of Commissioners, OK | 20-OP-45258 | Napoli Shkolnik | Yes | | | Morris & Dickson | No | | | |
| City of Fultondale, et al., AL | 20-OP-45265 | Mantiply & Assoc. | No | | 10/28/2022 | Morris & Dickson | No | | | |
| New Madrid County, MO | 20-op-45296 | Theodora Oringher PC | Yes | | | Apotex | Yes | Yes | 2/14/2023 | |
| Andrew County, MO | 20-OP-45298 | Theodora Oringher PC | Yes | | | Morris & Dickson | Yes | Yes | 1/27/2023 | |
| Grundy County, MO* | 20-OP-45300 | Theodora Oringher PC | Yes | | | Morris & Dickson | Yes | Yes | 1/27/2023 | |
| BOCC of Hughes County, OK | 20-op-46258 | Napoli Shkolnik | Yes | | | GCP Pharma | Yes | Yes | 3/16/2023 | |
| Ascension Parish School Board, LA | 21-OP-45006 | Leger & Shaw | No | | 3/1/2023 | Morris & Dickson | No | | | |
| St. Bernard Parish School Board | 21-op-45014 | Leger & Shaw | No | | 2/23/2023 | TopRx | Yes | Yes | 3/20/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/20/2023. Executed Return of Service filed 3/20/2023. |
| St. Bernard Parish School Board | 21-OP-45014 | Leger & Shaw | No | | 2/23/2023 | Sun Pharmaceuticals | Yes | Yes | 3/15/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/14/2023. Executed Return of Service filed 3/15/2023. |
| St. Bernard Parish School Board, LA | 21-OP-45014 | Leger & Shaw | No | | 2/23/2023 | Morris & Dickson | No | | | |
| Barry County, MO | 21-OP-45016 | Theodora Oringher PC | Yes | | | Morris & Dickson | Yes | Yes | 1/27/2023 | |
| Town of Gramercy, LA | 21-OP-45031 | Leger & Shaw | No | | 3/16/2023 | Sun Pharmaceuticals | Yes | Yes | 3/15/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/14/2023. Executed Return of Service filed 3/15/2023. |
| St. James Parish School Board | 21-OP-45034 | Leger & Shaw | No | | 3/17/2023 | Sun Pharmaceuticals | Yes | Yes | 3/15/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/14/2023. Executed Return of Service filed 3/15/2023. |
| St. James Parish School Board, LA | 21-OP-45034 | Leger & Shaw | No | | 3/17/2023 | Morris & Dickson | No | | | |
| Town of Lutcher, LA | 21-OP-45035 | Leger & Shaw | No | | 3/15/2023 | Sun Pharmaceuticals | Yes | Yes | 3/15/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/14/2023. Executed Return of Service filed 3/15/2023. |
| Town of Lutcher, LA | 21-OP-45035 | Leger & Shaw | No | | 3/15/2023 | Morris & Dickson | No | | | |
| Lafourche Parish School Board | 21-OP-45036 | Leger & Shaw | No | | 3/20/2023 | Sun Pharmaceuticals | Yes | Yes | 3/15/2023 | Personal Service of short form amended complaint with state court petition on registered agent for service of process made 3/14/2023. Executed Return of Service filed 3/15/2023. |
| Lafourche Parish School Board, LA | 21-OP-45036 | Leger & Shaw | No | | 3/20/2023 | Morris & Dickson | No | | | |
| Tarrant County Hospital District | 21-OP-45077 | Wick Phillips Gould & Martin | No | By 3/29/2023 | | Target Corporation | Yes | No | By 3/29/2023 | We were waiting for the moratorium to be lifted, and are actively considering any settlements that are presented, but, if necessary, will immediately begin service |
| Tarrant Cty., TX Hosp. Dist. | 21-OP-45077 | Wick Phillips Gould & Martin | No | By 3/29/2023 | | Costco | Yes | No | By 3/29/2023 | We were waiting for the moratorium to be lifted, and are actively considering any settlements that are presented, but, if necessary, will immediately begin service |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| City of Russell, KY; City of Jenkins, KY; City of Pineville, KY; City of Worthington, KY; City of Vanceburg, KY; City of Greenup, KY; City of South Shore, KY; City of Bellefonte, KY | 21-op-45094 | Bahe Cook Cantley & Nefzger PLC / Grabhorn Law | No | 2/1/23, 1/31/23, 1/31/23, 1/25/23, 1/25/23, 1/31/23, 1/31/23, 1/26/23 | Assertio | No | | | |
| Russell City, KY, et al. | 21-op-45094 | Bahe Cook Cantley & Nefzger PLC / Grabhorn Law | No | 2/1/2023 | Abbott | No | | | |
| Marion County Board of Education, WV; Wyoming County Board of Education, WV; Kanawha County Board of Education, WV; McDowell County Board of Education, WV | 22-op-45028 | Mehri & Skalet PLLC | Yes | | Assertio | Yes | In Process | | Inadvertent oversight, without prejudice or harm given D's knowledge of the filing, receipt of the fact sheet, and the Court's stay on litigation activity. ECF Nos. 23, 3795.  Requests for waivers were served on Feb. 23, 2023. |
| City of Jacksonville, FL | 3:18-cv-00751-TJC-PDB | Scott+Scott Attorneys at Law LLP | Yes | | Michael Babich | No | | | A copy of PFS, which was submitted to resubmitted portal on 10/7/22, was sent and received by Babich's counsel on 2/22/23 |
| Muscogee (Creek) Nation, OK v. Purdue Pharma L.P. et al. | N.D. Ohio, 1:18-op-45459-DAP | Sonosky, Chambers, Sachse, Miller & Monkman, LLP; Gilbert LLP; Fields, Han & Cunniff LLC; Boies Schiller Flexner LLP; Keating Muething & Klekamp PLL | N/A: Pursuant to ECF No. 642, Tribes were not required to submit Plaintiff Fact Sheets | | Pharmacy Buying Association | No | | 2020 | ECF No. 4878 acknowledges service as of 2020 |
| Iowa Tribe of Kansas and Nebraska v. Cephalon, Inc. et al. | N.D. Ohio, 1:20-op-45099-DAP | | | | Pharmacy Buying Association | No | | | The PEC notes the plaintiff is a tribe and was improperly identified by Defendant on its service and fact sheet list. The Court's 1/3/23 Order (#4801) was directed to "plaintiff-subdivisions" only. In addition, the 6/19/18 Fact Sheet Implementation Order (#638) was applicable to Government Entities only and did not apply to plaintiff-tribes (see 6/20/18 Order, #642). |
| Sac and Fox Nation of Missouri in Kansas and Nebraska v. Cephalon, Inc., et al | N.D. Ohio, 1:20-op-45161-DAP | | | | Pharmacy Buying Association | Yes | | | The PEC notes the plaintiff is a tribe and was improperly identified by Defendant on its service and fact sheet list. The Court's 1/3/23 Order (#4801) was directed to "plaintiff-subdivisions" only. In addition, the 6/19/18 Fact Sheet Implementation Order (#638) was applicable to Government Entities only and did not apply to plaintiff-tribes (see 6/20/18 Order, #642). |