UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*The Montgomery County Board of County Commissioners et al. v. Cardinal Health, Inc., et al.*<br>Case No. 1:18-op-46326 ("*Track Seven*") | MDL 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster<br><br>**ORDER REGARDING PREVIOUSLY DECIDED ISSUES** |

On March 3, 2023 Plaintiff moved for "a case management order: **(a)** providing that, to the extent not already specifically adopted, this Court's prior MDL rulings, and in particular, its rulings on motions *in limine*, apply with equal force to the instant case, unless the party to be bound shows good cause why the ruling should not apply; and **(b)** setting forth a procedure and deadline for the parties to make such showings." Motion at 1 (docket no. 4930). Kroger filed a response in opposition (docket no. 4953) and Plaintiff filed a reply (docket no. 4957). Having reviewed the record and the parties' arguments, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for an Order regarding previously-decided issues. In particular, the Court **GRANTS** part (a) of Plaintiff's request but **DENIES** part (b).

As Plaintiff properly points out, this Court has always intended that its prior rulings in MDL cases will apply broadly to all other cases in the MDL, unless a party in a subsequent case identifies a changed circumstance that warrants modification of the ruling. This Court has already followed this protocol in the present case, applying substantive law from prior case tracks to *Case Track 7*. *See, e.g.,* Order Denying CT7 Defendants' Mot. to Dismiss at 2 (docket no. 3767)

(collecting and preserving prior rulings as well as plaintiffs' and defendants' arguments and objections thereto; and applying rulings from *Case Tracks 1*, *1B*, and *3* to *Case Track 7*).

Similarly, now before the Court are several *Case Track 7* summary judgment and *Daubert* motions where the parties have asked the Court to adopt, preserve, and apply its rulings from prior MDL case tracks. *See, e.g.,* Kroger's Motion to Preserve Prior *Daubert* Rulings and Objections Thereto (docket no. 4883); and Plaintiff's Motion for Partial Summary Judgment on Defendants' Duties Under the Controlled Substances Act (docket no. 4881). The Court is reviewing the briefing on those motions but anticipates—absent a showing of good cause—continued application of its prior rulings to those motions as well. Thus, Plaintiff's request for an Order confirming the Court will generally apply all of its prior rulings in *Case Track 7* is well-taken.

Plaintiff also requests a case management order and specific briefing schedule that would require both parties, but Kroger in particular, to "submit a memorandum to this Court, identifying each prior order it contends should ***not*** apply in this case and demonstrating good cause why such prior order should not apply." Proposed Order at 4, docket 4930-1 (emphasis added). Kroger responds that such a procedure would be unduly burdensome. Opposition at 2. The Court agrees with Kroger.

Kroger is a relatively new active participant in these MDL proceedings. *See* Order Modifying Certain CT7 CMO Deadlines at 2, docket no. 4631 (describing, in September 2022, "defendant Kroger . . . [as a] 'new defendant' that has not previously participated in fact or expert discovery in this MDL") (cleaned up). This MDL was assigned to the Court on December 8, 2017. In the past five-plus years, the Court has made countless rulings and issued hundreds of written Orders. That number is even larger when Special Master Cohen's rulings are included. There is no reasonable amount of time this Court could give Kroger to identify every ruling it might like to

2

challenge. The only way to proceed fairly is to allow Kroger to identify, as promptly and timely as possible, those rulings it feels obligated to challenge (or preserve) upon the discovery and presumptive application of those rulings as the case proceeds. As described above, many of those rulings have already been identified and applied by the Court in *Case Track 7*. It may be, however, that the need by Kroger or Plaintiff to challenge some prior ruling may only be discovered after the case is remanded to the transferor court, and perhaps even only at trial.

Accordingly, the Court **ORDERS** that all of the Court's Orders and rulings entered in other case tracks of this MDL—including every Order and ruling issued by the undersigned, as well as every written Order and ruling entered on the docket by the Special Master (but excluding any Order or ruling by the Special Master not entered on the docket)[1]—shall apply to and control this

---

[1] In particular, the Court's prior rulings that will apply in *Case Track* 7 and all other cases, absent good cause shown by changed circumstances, include but are not limited to the following *evidentiary* rulings: docket nos. 3058 (CT1 Nunc Pro Tunc Evidentiary Order); 3546 (CT1B Evidentiary Order); 3967 (CT3 Evidentiary Order); and 3988 (CT3 Second Evidentiary Order).

These prior applicable rulings also include, but are not limited to, the following ***Daubert*** rulings: 2492 (Opinion and Order denying CT1 defendants' Daubert Motion re Lacey Keller); 2495 (Opinion and Order denying CT1 defendants' Daubert Motion re Meredith Rosenthal); 2518 (Opinion and Order denying CT1 defendants' Daubert Motion re gateway hypothesis experts); 2519 (Opinion and Order denying CT1 defendants' Daubert Motion re abatement experts); 2542 (Opinion and Order denying CT1 defendants Daubert Motion re David Cutler); 2549 (Opinion and Order granting-in-part defendants Daubert Motion re marketing causation opinions); 3909 (Opinion and Order denying CT3 defendants' Daubert Motion re Daniel Malone); 3929 (Opinion and Order denying CT3 defendants' Daubert Motion re James Rafalski); 3946 (Opinion and Order denying CT3 defendants' Daubert Motion re Katherine Keyes); 3947 (Opinion and Order granting-in-part and denying-in-part CT3 defendants' Daubert Motion re Carmen Catizone); 3948 (Opinion and Order denying CT3 defendants' Daubert Motion re Caleb Alexander); 3949 (Opinion and Order denying CT3 defendants' Daubert Motion re Craig McCann); and 3953 (Opinion and Order granting-in-part and denying-in-part CT3 defendants' Daubert Motion re Anna Lembke).

Finally, the prior applicable rulings also include, but are not limited to, the following ***substantive*** rulings on motions to dismiss, for summary judgment, and pursuant to Rules 50 and 59: 1025 (Report and Recommendation re CT1 defendants' Motions to Dismiss); 1203 (Opinion and Order adopting-in-part and rejecting-in-part the Report and Recommendation); 1499 (Report and Recommendation re defendants' Motions to Dismiss Muskogee); 1500 (Report and Recommendation re defendants' Motions to Dismiss Blackfeet); 1680 (Opinion and Order adopting the Report and Recommendations of Muskogee and Blackfeet); 2483 (Opinion and Order granting CT1 plaintiffs' Motion for partial Summary Judgment on defendants' duties under the Controlled Substances Act); 2559 (Opinion and Order denying CT1 small distributors' Motion for Summary Judgment); 2565 (Opinion and Order denying CT1 defendants' Motions for Summary Judgment based on preemption); 2561 (Opinion and Order denying CT1 defendants' Motions for Summary Judgment based on causation); 2568 (Opinion and Order denying CT1 defendants' Motions for Summary Judgment based on statutes of limitations); 2572 (Opinion and Order denying CT1 plaintiffs' Motion for Summary Judgment on nuisance and abatement); 2578 (Opinion and Order denying CT1

*Case Track* 7, both in this Court and on remand to a transferor court, unless a party bound by such Order or ruling shows good cause why it should not apply.[2]

Additionally, the parties' briefing, arguments, and objections submitted in *Case Tracks 1, 1B*, and *3* are preserved and applicable to the *Case Track 7* parties, should they choose to adopt them.

**IT IS SO ORDERED.**

    /s/ Dan Aaron Polster  March 30, 2023
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

defendants' Motions for Summary Judgment on public nuisance); 3098 (Opinion and Order denying Discount Drug Mart Inc.'s CT1 Motion for Summary Judgment);; 3099 (Opinion and Order denying CVS's CT1 Motion for Summary Judgment); 3100 (Opinion and Order denying Rite Aid's CT1 Motion for Summary Judgment); 3101 (Opinion and Order denying HBC Service Company's CT1 Motion for Summary Judgment); 3102 (Opinion and Order denying Walmart's CT1 Motion for Summary Judgment); 3177 (Opinion and Order denying defendants' Motion to Dismiss Cleveland Bakers); 3253 (Opinion and Order denying defendants' Motion to Dismiss West Boca); 3274 (Opinion and Order denying defendants' Motion to Dismiss Broward); 3285 (Opinion and Order denying defendants' Motion to Dismiss Monroe); 3403 (Opinion and Order denying CT3 defendants' Motion to Dismiss); 3499 (Opinion and Order denying CT3 defendants' Motion for Reconsideration and clarifying the Court's Opinion and Order denying CT3 defendants' Motion to Dismiss); 3913 (Opinion and Order denying Giant Eagles' CT3 Motion for Summary Judgment); 4295 (Opinion and Order denying CT3 defendants' Rule 50(b) Motions); and 4296 (Opinion and Order denying CT3 defendants' Motion for New Trial).

[2] "Good cause" generally requires changed circumstances. At the risk of sanction, a party should ***NOT*** file a motion—with this Court, or the transferor court on remand—simply asserting this Court's earlier ruling, conclusion, or Order was incorrect. There is no reason for such a motion, as all prior arguments and objections are preserved. Similarly, no party should file a motion offering a frivolous basis for re-examination of a decided issue. Whether any party likes it or not, the Court's prior rulings and Orders apply to *Case Track 7* and all future trials, absent changed circumstances or appellate reversal.