| | |
|---|---|
| Tina M. Tabacchi (*Pro Hac Vice* pending)<br>Tara A. Fumerton (*Pro Hac Vice* pending)<br>JONES DAY<br>110 North Wacker<br>Suite 4800<br>Chicago, IL 60606<br>Phone: (312) 782-3939<br>Fax: (312) 782-8585<br>E-mail: tmtabacchi@jonesday.com<br>E-mail: tfumerton@jonesday.com<br><br>*Counsel for Walmart Inc.*<br><br>Kelly A. Moore<br>MORGAN, LEWIS & BOCKIUS LLP<br>101 Park Avenue<br>New York, NY 10178<br>Phone: (212) 309-6612<br>kelly.moore@morganlewis.com<br><br>*Counsel for Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc. d/b/a Mid-Atlantic Customer Support Center, Eckerd Corporation d/b/a Liverpool Distribution Center, Rite Aid of Georgia, Inc., Rite Aid of North Carolina, Inc., Rite Aid of Ohio, Inc.*<br><br>Neelum J. Wadhwani (Bar No. 247948)<br>Enu Mainigi<br>Jennifer G. Wicht<br>Williams & Connolly LLP<br>680 Maine Avenue, S.W.<br>Washington, DC 20024<br>Tel. (202) 434-5000<br>Fax (202) 434-5029<br><br>*Counsel for Cardinal Health, Inc.*<br><br>Geoffrey E. Hobart<br>Timothy C. Hester<br>Christian J. Pistilli<br>COVINGTON & BURLING LLP<br>One CityCenter<br>850 Tenth Street NW<br>Washington, DC 20001<br>Tel: (202) 662-5281<br>ghobart@cov.com<br>thester@cov.com<br>cpistilli@cov.com<br><br>*Counsel for McKesson Corporation* | Kaspar J. Stoffelmayr<br>Katherine M. Swift<br>Bartlit Beck LLP<br>54 W. Hubbard St., Suite 300<br>Chicago, IL 60654<br>Phone: (312) 494-4400<br>kaspar.stoffelmayr@bartlitbeck.com<br>kate.swift@bartlitbeck.com<br><br>*Counsel for Walgreen Co., Walgreen Eastern Co., and Walgreens Boots Alliance, Inc.*<br><br>Eric R. Delinsky<br>Alexandra W. Miller<br>Paul B. Hynes, Jr.<br>ZUCKERMAN SPAEDER LLP<br>1800 M Street NW, Suite 1000<br>Washington, DC  20036<br>Tel: (202) 778-1800<br>E-mail: edelinsky@zuckerman.com<br>E-mail: smiller@zuckerman.com<br>E-mail: phynes@zuckerman.com<br><br>*Counsel for CVS Pharmacy, Inc., Ohio CVS Stores, L.L.C., CVS TN Distribution, L.L.C., CVS Rx Services, Inc., and CVS Indiana, L.L.C.*<br><br>Robert A. Nicholas<br>Shannon E. McClure<br>Joseph J. Mahady<br>Anne R. Bohnet<br>REED SMITH LLP<br>Three Logan Square<br>1717 Arch Street, Suite 3100<br>Philadelphia, PA 19103<br>(215) 851-8100<br>Fax: (215) 851-1420<br>rnicholas@reedsmith.com<br>smcclure@reedsmith.com<br>jmahady@reedsmith.com<br>abohnet@reedsmith.com<br><br>*Counsel for AmerisourceBergen Drug Corporation* |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MCKINSEY & CO., INC. NATIONAL PRESCRIPTION OPIATE CONSULTANT LITIGATION | Case No. 21-md-02996-CRB (SK) <br><br> **OBJECTING DEFENDANTS' OBJECTION TO MDL 2996 ORDER REGARDING DISCOVERY LETTER BRIEFS (DOC. 489) ORDERING WHOLESALE PRODUCTION OF MDL 2804 PRODUCTIONS OF 24 MDL 2996 NON-PARTIES** <br><br> Judge: Hon. Charles R. Breyer <br> Magistrate Judge: Hon. Sallie Kim <br><br> Courtroom: 6, 17th Floor |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | Case No. 1:17-md-2804 (DAP) <br><br> Judge: Hon. Dan Aaron Polster |

**OBJECTING DEFENDANTS' OBJECTION TO MDL 2996 ORDER REGARDING DISCOVERY LETTER BRIEFS (DOC. 489) ORDERING WHOLESALE PRODUCTION OF MDL 2804 PRODUCTIONS OF 24 MDL 2996 NON-PARTIES**

On the heels of a $600 million multistate attorney general settlement of opioid-related claims, McKinsey faced a wave of additional litigation.[1] Rather than allow those claims to be consolidated for pre-trial proceedings before the existing opioid MDL proceeding in the Northern District of Ohio ("MDL 2804"), McKinsey insisted that the claims against it were "new" and "unique," and asked the JPML to create a separate MDL for McKinsey opioid litigation. In seeking a separate MDL, McKinsey argued that the MDL should be set where the claims related to McKinsey's work for Purdue and other opioid manufacturers were centered. *See* Ex. A at 1-2.

After demanding that its cases be consolidated in a separate MDL, which was established as MDL 2996 ("MDL 2996"), McKinsey served discovery on plaintiffs seeking the production of *all* documents produced by *all* defendants (including pharmacy and distributor defendants) in MDL 2804. *See* Exhibit B (MDL 2996 Court's Order Regarding Discovery Letter Briefs, Case 3:21-md-02996, Doc. 489 (the "MDL 2996 Discovery Order")) at 1-2 (McKinsey requested that plaintiffs produce "[a]ll documents or data produced in [MDL 2804], including material produced by You, by other parties to that action, or by third-parties.").[2] But McKinsey has not even tried to establish that *any* such documents are relevant to the claims against it, despite receiving guidance from the MDL 2804 Special Master that McKinsey needed to file a noticed motion doing exactly that.[3]

---

[1] Per McKinsey, the "principal theory of liability advanced by the states was that, by providing advice requested by Purdue about how Purdue could more effectively sell OxyContin, McKinsey improperly assisted Purdue and thereby was liable for harm caused by the opioid epidemic." Exhibit A (Brief in Support of Defendants' Motion for Transfer of Actions Pursuant to 28 U.S.C. § 1407 For Coordinated or Consolidated Pretrial Proceedings, Case MDL No. 2996, Doc 1-1) at 3.

[2] While McKinsey's discovery request sought "all documents or data produced in [MDL 2804]," the submissions and MDL 2996 Discovery Order also reference a "repository" or "database." To the extent those references are intended to include any materials beyond document productions made in response to discovery requests served in MDL 2804, Objecting Parties respectfully ask that those materials be specifically identified and that they be given an opportunity to further respond.

[3] Specifically, MDL 2804 Special Master David Cohen directed McKinsey "that the necessary course to seek relief from the MDL 2804 protective orders is for McKinsey to file a *noticed motion specifying the documents and information they seek*, and *making a specific showing of their*

Instead, in a classic attempt at forum shopping, McKinsey ultimately sought and obtained an Order from the MDL 2996 Magistrate Judge for the wholesale reproduction of documents produced by 24 defendants and third-parties in MDL 2804, including the Objecting Defendants here. *Id.*[4]

Importantly, and contrary to McKinsey's suggestions to the MDL 2996 Magistrate Judge, the discovery relief it requested (granting wholesale access to defendants' productions in MDL 2804) is not permitted under the MDL 2804 Protective Order. *See* Exhibit D (MDL 2804 Amended Case Management Order No. 2: Protective Order, Case 1:17-md-02804, Doc. 4028 (the "MDL 2804 Protective Order")). Plaintiffs had obtained a limited revision to the MDL 2804 Protective Order to allow the use in MDL 2996 of certain documents produced in MDL 2804 relating to McKinsey's "opioid-related consulting work."[5] That exception is narrow for good reason. As McKinsey itself has explained, the "McKinsey Actions focus on McKinsey's work for Purdue. They do not allege any claims against McKinsey based on the activity of any distributor or pharmacy." Ex. A at 4. Indeed, McKinsey has represented to the MDL 2996 Court that "McKinsey did not perform any opioid-related work for distributors, pharmacies or other entities in the opioid supply chain." Exhibit E (Joint Statement Regarding Discovery Dispute Concerning McKinsey Government Investigation Documents, Case 3:21-md-02996, Doc. 487) at 3, fn. 2. Yet, the MDL 2996 Discovery Order would give McKinsey access to millions of confidential and sensitive documents and data (including those containing sensitive patient health information) produced by

---

*relevance to the McKinsey MDL."* *See* Exhibit C (Joint Statement Regarding Discovery Dispute Concerning McKinsey's Access to Discovery from MDL 2804, Case 3:21-md-02996, Doc. 483) at 10 (emphasis added).

[4] The MDL 2996 Discovery Order required plaintiffs to notify the 24 non-parties, and allowed for any of those parties to file an objection to the production by April 15, 2023. Ex. B at 2.

[5] The impetus for Plaintiffs' request was apparently to draft their master complaint against McKinsey. Notably, none of the documents relied on by Plaintiffs in drafting that complaint were produced in MDL 2804 by Objecting Defendants, further calling into question the relevance of those productions to MDL 2996.

distributor and pharmacy defendants who are not parties to MDL 2996 and are not alleged to have received any opioid-related advice from McKinsey, which (in McKinsey's own words) is the focus of Plaintiffs' allegations in MDL 2996.[6]  The MDL 2996 Discovery Order, premised on incorrect representations about the MDL 2804 Protective Order, is facially overbroad in giving McKinsey access to all productions made by 24 MDL 2996 non-parties.

For these reasons, as well as those explained below, the undersigned distributor and pharmacy defendants in MDL 2804 (the "Objecting Defendants")[7] object to the MDL 2996 Discovery Order permitting McKinsey to access all of the documents they produced in MDL 2804. Given the implications for the MDL 2804 Protective Order, the Objecting Defendant are filing this objection in both MDL 2996 and MDL 2804 and ask the Courts to (1) uphold the terms of the MDL 2804 Protective Order and related direction provided by that Court and (2) vacate the MDL 2996 Discovery Order to the extent it would give access to any documents produced by the Objecting Defendants.

---

[6] The Objecting Defendants further oppose the Discovery Order to the extent it requires the production in MDL 2996 of documents produced in MDL 2804 by third-parties who performed work in the ordinary course of business for one or more of the Objecting Defendants.  There can be no reasonable argument that work performed for the Objecting Defendants by other third-parties, not McKinsey, has any relevance to the claims in MDL 2996.

[7] The Objecting Defendants are Walmart, Inc.; Walgreen Co.; Walgreen Eastern Co.; Walgreens Boots Alliance, Inc.; CVS Indiana L.L.C.; CVS Rx Services, Inc.; CVS TN Distribution, LLC; CVS Pharmacy, Inc.; Ohio CVS Stores, LLC; Rite Aid Headquarters Corporation; Rite Aid of Ohio, Inc; Rite Aid of Maryland, Inc. d/b/a Rite Aid Mid-Atlantic Customer Support Center; Eckerd Corporation d/b/a Rite Aid Liverpool Distribution Center; Rite Aid of Georgia, Inc.; Rite Aid of North Carolina, Inc.; AmerisourceBergen Drug Corporation; McKesson Corporation; and Cardinal Health, Inc..

Counsel for Walmart, Inc. has filed *pro hac vice* applications that are pending with this Court. Given the limited purposes of this filing, counsel for the other Objecting Defendants have not presently filed such applications, but can do so upon the request of the Court.

# ARGUMENT

## I. THE ORDER SHOULD BE VACATED BECAUSE MCKINSEY'S REQUESTED RELIEF VIOLATES THE MDL 2804 PROTECTIVE ORDER AND PRIOR DIRECTIONS OF THE MDL 2804 COURT

As set forth below, the MDL 2996 Discovery Order is inconsistent with the MDL 2804 Protective Order, and McKinsey's request violates the prior direction of the MDL 2804 Court. The MDL 2996 Discovery Order should be vacated for that reason, alone.

### A. THE MDL 2804 PROTECTIVE ORDER DOES NOT PERMIT MCKINSEY TO ACCESS "ALL DISCOVERY MATERIAL FROM MDL 2804"

In securing the MDL 2996 Discovery Order, McKinsey represented to the MDL 2996 Court that "the protective order in MDL 2804 ha[d] already been modified, at Plaintiffs' request, to permit McKinsey to access and use in MDL 2996 all discovery material from MDL 2804 that is relevant to the claims and defenses in these [MDL 2996] matters." That is not true. In reality, the MDL 2804 Protective Order does not permit Plaintiffs' wholesale reproduction of Objecting Defendants' documents to the parties in MDL 2996. *See* Ex. D. Rather, only "McKinsey Discovery Material," defined in the Protective Order as "any Discovery Material *related to opioid-related consulting work performed by McKinsey* . . . whether produced by McKinsey or by any other party" is permitted to be shared under the MDL 2804 Protective Order. *Id.* at ¶¶ 9, 34.m, 35.k (emphasis added).

While McKinsey sought to broaden the definition of McKinsey Discovery Material in the MDL 2804 Protective Order to mean "any and all Discovery Material relevant to the litigation of claims asserted in [MDL 2996]," the MDL 2804 Court never entered a further amended protective order to include the broader definition.[8] The MDL 2804 Protective Order does not permit the

---

[8] Even the language requested but not obtained by McKinsey required a showing that the Discovery Material be "relevant to the litigation of claims asserted" in MDL 2996. Exhibit F ([Proposed Second] Amended Case Management Order No. 2: Protective Order, Case 1:17-md-02804, Doc. 4080-1) at 3.

wholesale reproduction of the Objecting Defendants' documents. *See* Ex. D (operative MDL 2804 Protective Order, allowing access to "McKinsey Discovery Material," defined only to include "any Discovery Material related to opioid-related consulting work performed by McKinsey . . . whether produced by McKinsey or by any other party").

> **B. MCKINSEY IGNORED THE MDL 2804 COURT'S DIRECTION THAT MCKINSEY FILE A NOTICED MOTION IN MDL 2804 SPECIFYING THE DOCUMENTS IT SOUGHT AND MAKING A SPECIFIC SHOWING OF THEIR RELEVANCE**

Notably, both McKinsey, in arguing for an expanded definition of McKinsey Discovery Material, and the MDL 2804 Court, in considering McKinsey's request, contemplated that there would be a process through which specific documents would be identified and determined to be relevant and appropriate to produce. *See* Exhibit G (McKinsey's Reply Brief in Support of Motion to Modify Amended Case Management Order No. 2: Protective Order, Case 1:17-md-02804, Doc. 4152) at 4 ("It will then be up to the parties to MDL 2996 to *identify relevant materials* and make them available to both sides on a mutually agreeable timetable.") (emphasis added); Exhibit H (MDL 2804 Order Regarding MDL 2996 Discovery, Case 1:17-md-2804, Doc. 4160) at 3 ("The parties have noted they continue to confer to reach an agreement *on the proper scope of the documents that will be relevant* for these purposes. . . . The Court encourages the parties to continue these efforts and come to full agreement.  *If the parties are still unable to reach a resolution, they may return to this Court for assistance or additional ruling.*") (emphasis added).

Indeed, in connection with this very MDL 2996 discovery dispute, MDL 2804 Special Master David Cohen was asked about and expressly weighed in on McKinsey's request, and "advised them that the necessary course to seek relief from the MDL 2804 protective orders is for McKinsey to file a *noticed motion specifying the documents and information they seek*, and *making a specific showing of their relevance to the McKinsey MDL*." Ex. C at 10 (emphasis added).

McKinsey never did so. Instead, it ignored the MDL 2804 Court's directives that it specify

the documents and information sought, make a specific showing of relevance, and give notice to the parties in MDL 2804. These failures are not merely procedural—the documents that McKinsey now seeks via MDL 2996 contain, among other things, sensitive patient prescription information from pharmacy defendants' pharmacies (*e.g.*, copies of individual patient prescriptions and notes about diagnoses and other personal information) that are subject to federal and state privacy laws, including the Health Insurance Portability and Accountability Act of 1996 (HIPAA).[9] 42 U.S.C. § 1320d *et seq*. They also contain millions of confidential company documents that have absolutely nothing to do with Plaintiffs' claims against McKinsey. The Objecting Defendants' documents deserve the protection of the MDL 2804 Protective Order under which they were produced. For this reason also, the MDL 2996 Discovery Order should be vacated.

## II. REQUIRING WHOLESALE PRODUCTION OF OBJECTING DEFENDANT'S DOCUMENTS IS INAPPROPRIATE ABSENT A SHOWING OF RELEVANCE

Even absent a conflict with the MDL 2804 Protective Order, disregard for the MDL 2804 Court's directives, and McKinsey's actions in forum shopping a discovery dispute, it would be inappropriate to issue an order requiring blanket reproduction of all of Objecting Defendants' documents from MDL 2804 absent a showing of relevance, which has not occurred here.

In similar cases involving requests for reproduction of a party's entire production in a related case, courts have repeatedly held that such requests are facially overbroad and must be limited to the specific documents or categories of documents identified to be relevant to the parties' claims and defenses. *See, e.g.*, *King Cnty. v. Merrill Lynch & Co.*, No. C10-1156-RSM, 2011 WL 3438491, at *3 (W.D. Wash. Aug. 5, 2011) ("[A] discovery request that demands the production of 'cloned discovery' from another matter, however related the other matter may be, is necessarily

---

[9] While certain patient-identifying information (e.g. names, address and social security numbers) were deidentified or redacted in these productions, other potentially-identifying information remains, which is why they were marked highly confidential and their production has been restricted to only certain individuals.

overbroad and improper. . . . This is because, without more, the Court cannot ascertain whether the documents requested actually relate to Plaintiffs' claims and defenses. . . .") (citations omitted); *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, No. MDL 2672 CRB (JSC), 2017 WL 4680242, at *1 (N.D. Cal. Oct. 18, 2017) ("The ADR Plaintiffs . . . contend that 'efficiencies ... would result from ... immediate access to the MDL Production[.]' As Volkswagen correctly notes, it would almost always be more efficient for a defendant to 'open up [its] document repositories for the opposing side to rifle through[.]' But such a practice would expand the scope of discovery beyond that allowed by the Federal Rules.") (citations omitted) (ellipses and alterations in original); *Ludlow v. Flowers Foods, Inc.*, No. 18-CV-01190-JLS-JLB, 2019 WL 6252926, at *18 (S.D. Cal. Nov. 22, 2019) ("Asking for all documents produced in another matter is not generally proper. The propounding party cannot meet its burden to establish relevance, as the propounding party is not in a position to even know what they are actually asking for.").

The argument against blanket reproduction is even stronger when the production at issue is that of non-parties—like the distributor and pharmacy defendants here—and where the requesting party (McKinsey) has conceded that the non-parties' documents were produced in a case based on "different theories of [] liability," with "fundamental legal, factual, and procedural differences," and involving a different "species of claims" (Ex. A), where the requesting party repeatedly argued there were no efficiencies to be gained from joining the other case (*see id.*), and where the productions at issue contain confidential irrelevant materials and highly sensitive health information.

### A. MCKINSEY HAS FAILED TO SHOW THAT <u>ANY</u> OF THE OBJECTING DEFENDANTS' DOCUMENTS ARE RELEVANT TO THE CLAIMS ASSERTED AGAINST MCKINSEY

It is axiomatic that "[d]iscovery is limited [to] that which is 'relevant to any party's claim or defense.'" *Wayne Tseng v. PeopleConnect, Inc.*, No. 20-CV-09203-EMC, 2023 WL 2655920,

at *1 (N.D. Cal. Mar. 27, 2023); *see also Hurry v. Fin. Indus. Regul. Auth., Inc.*, No. 17-MC-80026-LB, 2017 WL 3701955, at *2 (N.D. Cal. Apr. 7, 2017) ("[D]iscovery must be relevant to the claims and proportional to the needs of the case."). Here, McKinsey seeks (among other things) production of distributor and pharmacy defendants' documents and information that have no bearing or relation to Plaintiffs' claims against McKinsey, which focus exclusively on McKinsey's opioid-related consultant work for opioid manufacturers. Indeed, McKinsey argued to the MDL 2996 Court that the materials it was requesting were (1) produced by the "very [opioid] manufacturers" that it advised or (2) "were produced by outside advisers to the manufacturers." Ex. C at 5. The Objecting Defendants do not fall into either category. And, as McKinsey represented to the MDL 2996 Court: "McKinsey did not perform any opioid-related work for distributors, pharmacies or other entities in the opioid supply chain." Ex. E at 3, fn 2. Indeed, in McKinsey's own words, the "McKinsey Actions focus on McKinsey's work for Purdue. They do not allege *any* claims against McKinsey based on the activity of *any distributor or pharmacy*." Ex. A at 4 (emphasis added). McKinsey has never argued to the Court, much less demonstrated, that any of the Objecting Defendants' documents (or those of any other pharmacy or distributor) are relevant to Plaintiffs' claims in MDL 2996 or McKinsey's defenses against those claims.

As there has been no showing, nor even an attempt to show, how the Objecting Defendants' documents produced in MDL 2804 are relevant to the claims or defenses in MDL 2996, it would be inappropriate to require production of the Objecting Defendants' MDL 2804 documents to MDL 2996.

### B. MCKINSEY HAS FAILED TO SHOW THAT <u>ALL</u> OBJECTING DEFENDANT DOCUMENTS ARE RELEVANT TO THE CLAIMS ASSERTED AGAINST MCKINSEY

Even assuming it is possible that some Objecting Defendants' documents produced in MDL 2804 may be relevant to Plaintiffs' claims in MDL 2996, it is implausible to suggest that *all*, or

- 8 -

Objection to MDL 2996 Order
CASE NO. 3:21-MD-02996-CRB (SK)

even most, such documents meet that criteria. As McKinsey, itself, has represented "McKinsey did not perform any opioid-related work for distributors, pharmacies or other entities in the opioid supply chain." Exhibit E (Doc. 487) at 3, fn. 2. Rather, the pharmacy defendants' productions include, among other things, prescription fill data and hardcopy prescription records for individual prescriptions dispensed to patients by pharmacists in certain jurisdictions, corporate policies relating to the distribution and dispensing of controlled substances (which McKinsey acknowledges have nothing to do with Plaintiff's claims against McKinsey, see Ex. A), and personnel records for relevant corporate, pharmacy, and warehouse employees. Likewise, the distributor defendants' productions are replete with due diligence about their pharmacy customers, corporate policies and procedures, and personnel files. These categories of documents, in addition to being clearly irrelevant to Plaintiffs claims against McKinsey or McKinsey's defenses against such claims, are reflective of the types of highly sensitive, confidential, and proprietary information contained in MDL 2804 productions. Requiring those productions to be reproduced wholesale to MDL 2996 merely because some small fraction of the documents therein may have some remote connection to the claims or defenses related to McKinsey—which McKinsey has not even tried to establish—is clearly disproportionate to the needs of the case. See *Altamirano-Santiago v. Better Produce, Inc.*, No. CV193964DDPFFMX, 2020 WL 2303086, at *1 (C.D. Cal. Feb. 20, 2020) ("[F]ederal courts generally balance privacy interests against the relevance and need for the information sought in determining whether the information is discoverable."); *Zaustinsky v. Univ. of California*, 96 F.R.D. 622, 625 (N.D. Cal. 1983), aff'd, 782 F.2d 1055 (9th Cir. 1985) ("[A] claim of relevance must be closely scrutinized to ensure that the substantial interest in confidentiality is 'weighed carefully in striking the proper balance.'"); *Gardias v. California State Univ.*, No. C07-06242 HRL, 2008 WL 4334701, at *1 (N.D. Cal. Sept. 22, 2008) ("[W]hen determining whether to permit discovery of personnel records, federal courts balance the requesting party's need for the

information against the employee's claims of confidentiality or privacy.").

Accordingly, even if some documents produced by the Objecting Defendants in MDL 2804 were somehow relevant to Plaintiffs claims against McKinsey in MDL 2996 (and there has been no showing that any are), it would still be inappropriate to require wholesale reproduction of the Objecting Defendants' MDL 2804 productions, which contain confidential, proprietary, and sensitive information.

\* \* \*

## CONCLUSION

For these reasons, the Objecting Defendants respectfully request that (1) the MDL 2996 Court vacate or amend its Order Regarding Discovery Letter Briefs (Doc. 489) to not require production of the Objecting Defendants' MDL 2804 documents; and (2) any future Order comply with the narrow exception permitting sharing of relevant documents as set forth in the existing MDL 2804 Protective Order. Ex. D.

Dated: April 14, 2023

/s/ *Tara A. Fumerton*
Tina M. Tabacchi (*Pro Hac Vice* pending)
Tara A. Fumerton (*Pro Hac Vice* pending)
JONES DAY
110 North Wacker
Suite 4800
Chicago, IL 60606
Phone: (312) 782-3939
Fax: (312) 782-8585
E-mail: tmtabacchi@jonesday.com
E-mail: tfumerton@jonesday.com

*Counsel for Walmart Inc.*

/s/ *Kelly A. Moore*
Kelly A. Moore
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Phone: (212) 309-6612
kelly.moore@morganlewis.com

*Counsel for Rite Aid Hdqtrs. Corp., Rite Aid of Maryland, Inc. d/b/a Mid-Atlantic Customer Support Center, Eckerd Corporation d/b/a Liverpool Distribution Center, Rite Aid of Georgia, Inc., Rite Aid of North Carolina, Inc., Rite Aid of Ohio, Inc.*

/s/ *Kaspar J. Stoffelmayr*
Kaspar J. Stoffelmayr
Katherine M. Swift
Bartlit Beck LLP
54 W. Hubbard St., Suite 300
Chicago, IL 60654
Phone: (312) 494-4400
kaspar.stoffelmayr@bartlitbeck.com
kate.swift@bartlitbeck.com

*Counsel for Walgreen Co., Walgreen Eastern Co., and Walgreens Boots Alliance, Inc.*

/s/ *Eric R. Delinsky*
Eric R. Delinsky
Alexandra W. Miller
Paul B. Hynes, Jr.
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC  20036
Tel: (202) 778-1800
E-mail: edelinsky@zuckerman.com
E-mail: smiller@zuckerman.com
E-mail: phynes@zuckerman.com

*Counsel for CVS Pharmacy, Inc., Ohio CVS Stores, L.L.C., CVS TN Distribution, L.L.C., CVS Rx Services, Inc., and CVS Indiana, L.L.C.*

/s/ *Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
Joseph J. Mahady
Anne R. Bohnet
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
(215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com
jmahady@reedsmith.com
abohnet@reedsmith.com

*Counsel for AmerisourceBergen Drug Corporation*

/s/ *Geoffrey Hobart*
Geoffrey E. Hobart
Timothy C. Hester
Christian J. Pistilli
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
thester@cov.com
cpistilli@cov.com

*Counsel for McKesson Corporation*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

/s/ *Neelum J. Wadhwani*
Neelum J. Wadhwani (Bar No. 247948)
Enu Mainigi
Jennifer G. Wicht
Williams & Connolly LLP
680 Maine Avenue, S.W.
Washington, DC 20024
Tel. (202) 434-5000
Fax (202) 434-5029

*Counsel for Cardinal Health, Inc.*

**LOCAL RULE 5-1 ATTESTATION**

In accordance with Civil Local Rule 5-1(h)(3), I attest that the above signatories concur in the contents of this document and have authorized its filing.

Dated: April 14, 2023               /s/ Tara Fumerton

*Attorney for Walmart, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on 14th day of April, 2023, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send notification of such filing to all counsel of record at their e-mail addresses on file with the Court.

Dated: April 14, 2023                    /s/ Tara Fumerton

*Attorney for Walmart, Inc.*