# Exhibit B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MCKINSEY & CO., INC. NATIONAL PRESCRIPTION OPIATE CONSULTANT LITIGATION, | Case No. 21-md-02996-CRB (SK) <br><br> **ORDER REGARDING DISCOVERY LETTER BRIEFS** <br><br> Regarding Docket No. 483, 487 |

This matter comes before the Court regarding two discovery letter briefs submitted by parties. (Dkt. Nos. 483, 487.)

**A.    First Discovery Letter Brief**

Parties dispute the production of documents consolidated in another case: *In re: National Prescription Opioid Litigation*, in the Northern District of Ohio ("MDL 2804"). Many Plaintiffs in the present case against McKinsey & Company, Inc. ("McKinsey") previously filed cases against opioid manufacturers and distributors in MDL 2804. (Dkt. No. 283 at 1.) Plaintiffs' Executive Committee in MDL 2804 created a document repository for all documents produced by 51 defendants and third parties. (*Id*.) The depository contains 64.81 terabytes of data. (*Id*.)

McKinsey has requested that Plaintiffs produce documents from the repository from 24 of the 51 producing parties. In November 2021, a vendor discussed and proposed creating a duplicate database for McKinsey and copying the requested documents into this database. (*Id*.) This proposed solution would take two to three months and cost approximately $1.5 million. (*Id*.) At this time, Plaintiff stated they would not bear this cost. The creation of the database and transfer of documents did not occur.

After discovery was opened on December 19, 2022, McKinsey renewed the request for

information pertaining to the MDL 2804 repository and served an RFP requesting "[a]ll documents or data produced in [MDL 2804], including material produce by You, by other parties to that action, or by third-parties" (the "Requested Materials"). (*Id.* at 2) Plaintiffs suggested McKinsey could access the MDL 2804 documents on the public repository maintained by UCSF, but McKinsey later stated that the repository was incomplete, documents could not be downloaded in bulk, and the documents did not contain metadata. (*Id.*) In January 2023, McKinsey proposed a cost-sharing arrangement for production of the MDL 2804 repository. (*Id.*)

In the discovery letter brief before the Court, McKinsey argues that Plaintiffs should be ordered to produce the requested documents or make them available to McKinsey in a duplicate database at Plaintiffs' expense. (*Id.* at 3.) McKinsey argues 1) these documents are necessary for McKinsey's case; 2) Federal Rules of Civil Procedure 34(a) requires Plaintiffs to produce documents in their possession, custody, or control; 3) the protective order in MDL 2804 has been modified to permit McKinsey to access and use relevant documents for its defense; 4) the documents are relevant; and 5) Plaintiffs' access to these documents and McKinsey's lack of access is unfair. (*Id.* at 3-5.) Plaintiffs respond that the Court should deny McKinsey's request, and Plaintiffs argue 1) that McKinsey has not shown that the documents are relevant to the present litigation; 2) that notifying the 24 producing parties is necessary before production can occur; 3) and that requiring Plaintiffs to pay for production of 35.75 terabytes of data is not appropriate or proportional to the needs of the case. (*Id.* at 6-8.)

The Court agrees that the documents are relevant but ORDERS Plaintiffs to share the data, with the costs shared equally by both parties. Plaintiffs and McKinsey may have access to the database that is created. Plaintiffs must provide notice to the 24 producing parties by March 31, 2023, and provide a copy of this Order to those 24 producing parties. Any of the 24 producing parties may file objections to the production to this Court by April 15, 2023.

**B.      Second Discovery Letter Brief:**

Parties next dispute Plaintiffs' requests for discovery "related to any subpoenas, civil investigative demands, or other requests for documents and communications from any government entity, and McKinsey's responses, in connection with McKinsey's opioid-related work." (Dkt.

No. 487 at 2.) As part of Consent Orders and Judgements with attorneys general throughout the United States, McKinsey agreed to make public non-privileged documents it produced in response to government investigations. McKinsey produced 115,000 documents to Plaintiffs that also were included in this public disclosure. Plaintiffs sent three requests for production of documents (Request for Production of Documents, No. 1 (First Set), Requests for Production of Documents, Nos. 1 and 2 (Second Set)) seeking "copies of other productions that McKinsey made to government entities; copies of subpoenas and civil investigative demands (CIDs) issued to McKinsey; and communications between McKinsey and government entities relating to the requests." (*Id*.) McKinsey agreed to produce the following documents related to: "(i) McKinsey's opioid-related work for opioid manufacturers in the United States; (ii) McKinsey's opioid-related work for state governments, non-profits, hospital systems, and governor transition teams; and (iii) allegations concerning the deletion of opioid-related documents." (*Id*.)McKinsey objected to the requests for production to the extent that the request calls for documents outside these categories. (*Id*.)

In the discovery letter before the Court, Plaintiffs argue that their request for discovery is appropriate and the Court should issue an order to compel production of these documents. Plaintiffs argue that the scope of the requests is appropriate, that there is no undue burden to McKinsey because it has already produced these documents for the government, and that the request is not impermissible "cloned discovery." (*Id*. at 3-6.) McKinsey opposes the motion to compel and argues that Plaintiffs' request constitutes impermissible "cloned discovery" from other litigation, is unduly burdensome, and is not relevant and proportional to the current litigation. (*Id*. at 6-9.)

The Court is persuaded that this discovery is appropriate and ORDERS McKinsey to produce the disputed documents by April 15, 2023.

**IT IS SO ORDERED**.

Dated: March 17, 2023

_____
SALLIE KIM
United States Magistrate Judge

3