# Exhibit C

| | | |
|---|---|---|
| 1 | Elizabeth J. Cabraser (SBN 083151) | James L. Bernard (*Pro Hac Vice*) |
| | ecabraser@lchb.com | jbernard@stroock.com |
| 2 | LIEFF CABRASER HEIMANN & BERNSTEIN, LLP | STROOCK & STROOCK & LAVAN LLP |
| | | 180 Maiden Lane |
| 3 | 275 Battery Street, 29th Floor | New York, NY 10038 |
| | San Francisco, CA  94111-3339 | Telephone: 212.806.5400 |
| 4 | Telephone:  415.956.1000 | |
| | Facsimile:  415.956.1008 | Josh A. Cohen (SBN 217853) |
| 5 | | jcohen@clarencedyer.com |
| | *Lead Counsel for Plaintiffs* | CLARENCE DYER & COHEN LLP |
| 6 | | 899 Ellis Street |
| 7 | | San Francisco, CA 94109 |
| | | Telephone: 415.749.1800 |
| 8 | | |
| 9 | | Caitlin Sinclaire Blythe (SBN 265024) |
| | | CBlythe@mofo.com |
| 10 | | MORRISON & FOERSTER LLP |
| | | 425 Market Street |
| 11 | | San Francisco, CA 94105 |
| 12 | | Telephone: 415.268.7000 |
| 13 | | Ingrid S. Martin (*Pro Hac Vice*) |
| | | imartin@toddweld.com |
| 14 | | TODD & WELD LLP |
| 15 | | One Federal Street |
| | | Boston, MA 02110 |
| 16 | | Telephone: 617.720.2626 |
| 17 | | *Attorneys for McKinsey Defendants* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 21 | IN RE: MCKINSEY & CO., INC. NATIONAL PRESCRIPTION OPIATE CONSULTANT LITIGATION | Case No.  21-md-02996-CRB (SK) |
| 22 | | **JOINT STATEMENT REGARDING DISCOVERY DISPUTE CONCERNING MCKINSEY'S ACCESS TO DISCOVERY FROM MDL 2804** |
| 23 | This Document Relates to: | |
| 24 | ALL ACTIONS | |
| 25 | | Judge: Hon. Charles R. Breyer |
| 26 | | Magistrate Judge:  Hon. Sallie Kim |
| 27 | | Courtroom: 6, 17th Floor |

Before filing this letter, the parties met and conferred telephonically and exchanged various redlines of each side's proposal in an effort to narrow the scope of this dispute. The parties further attest that they have complied with section 9 of the Northern District of California's Guidelines for Professional Conduct.

Dated: March 3, 2023

By: /s/_____

Elizabeth J. Cabraser
ecabraser@lchb.com
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Plaintiffs' Lead Counsel and on behalf of the Plaintiffs' Steering Committee*

By: /s/_____

Josh A. Cohen (SBN 217853)
jcohen@clarencedyer.com
CLARENCE DYER & COHEN LLP
899 Ellis Street
San Francisco, CA 94109
Telephone: (415) 749-1800

*Attorney for McKinsey Defendants*

1    The parties respectfully seek the Court's assistance to resolve disputes related to
2  McKinsey's access to documents produced by defendants and third-parties in *In re: National*
3  *Prescription Opiate Litig.*, MDL 2804. *See* Discovery Schedule, at 3 (Dkt. 440).
4    Many of the plaintiffs who have filed claims against McKinsey in MDL 2996 previously
5  filed claims against opioid manufacturers and distributors. Those claims were consolidated in
6  MDL 2804 and assigned to Judge Polster in the Northern District of Ohio. The MDL 2804
7  Plaintiffs' Executive Committee ("PEC") created a document repository ("Repository") for all
8  documents produced by defendants and third-parties (including McKinsey, which produced
9  materials into MDL 2804 in response to a third-party subpoena) in response to written discovery
10 in MDL 2804, as well as documents that are required to be produced in MDL 2804 from related
11 litigation pursuant to "Discovery Ruling 22". *See* Order Regarding Requested Modifications to
12 Discovery Ruling No. 22, *In re: Nat'l Prescription Opiate Litig.*, 17-md-02804, Dkt. 3286 (N.D.
13 Ohio April 30, 2020). To date, the Repository contains approximately 64.81 terabytes of data.
14   In November 2021, Plaintiffs provided McKinsey with a list of 51 entities that produced
15 discovery into MDL 2804 ("Producing Parties"). McKinsey identified 24 of those Producing
16 Parties whose documents it deems relevant to the claims and defenses in MDL 2996 and asked
17 Plaintiffs to produce those entities' documents to McKinsey.[1] After arranging a discussion
18 between McKinsey and Plaintiffs' discovery vendor, the vendor proposed an alternative to
19 exporting the requested documents: the vendor would create a duplicate database for McKinsey
20 on the vendor's discovery platform and copy the requested documents into the new database. This
21 alternative would take less time (two to three months) and cost less (approximately $1.5 million)
22 than exporting the documents.[2] Plaintiffs said that they would not bear the cost because, unlike
23 the normal course of discovery, the documents were produced in MDL 2804 by other entities, not
24 Plaintiffs.

---

[1] The requested Producing Parties include defendant producers AmerisourceBergen, Cardinal Health, CVS, ENDO, Janssen, Joint Defense, Mallinckrodt, McKesson, Par, Par-Endo Joint Production, Purdue, Purdue – Sackler, RiteAid, Walgreens, and Walmart; and third-party producers Deloitte, FDA, Arnab Ghatak, Grunenthal, IQVIA, Jeff Jacobs, KMK, Andrew Labunka, and ZS Associates. Each of these parties made their productions of documents before the protective order was modified to authorize sharing with MDL 2996.

[2] Since these initial discussions in the fall of 2021, the volume of data produced from the Producing Parties of interest has grown to 35.75 terabytes.

- 1 -                                JOINT STATEMENT
                                     CASE NO. 3: 21-MD-02996-CRB (SK)

1    On December 19, 2022, after the Court lifted a stay on formal discovery, McKinsey served RFPs on the Third-Party Payor and Neonatal Abstinence Syndrome (NAS) Plaintiffs.³ Among other materials, McKinsey requested "[a]ll documents or data produced in [MDL 2804], including material produce by You, by other parties to that action, or by third-parties" (the "Requested Materials").

That same day, the parties renewed their discussions regarding access to the Repository. On December 20, 2022, Plaintiffs suggested the most efficient use of MDL 2804 documents would be for McKinsey to access and review the over 2.3 million documents that have been uploaded to a public repository maintained by UCSF as a result of the various opioids-related trials or otherwise (*e.g.* San Francisco Walgreens Litig. (CT4 trial before Judge Breyer); Ohio Pharmacy Litig. (CT3 trial); Purdue Pharma House Oversight Committee Investigation).⁴ In Plaintiffs' view, these documents reflect those that both plaintiffs and defendants regard as the most relevant to the claims and defenses in the opioids-related litigations. McKinsey agreed to consider this proposal. In January, McKinsey inspected the UCSF repository and determined that (a) the UCSF repository is incomplete, in that it does not contain all of the documents in the MDL 2804 Repository; (b) McKinsey cannot ascertain which of the MDL 2804 documents are in the UCSF repository and which are not; (c) documents from the UCSF repository cannot be downloaded in bulk, such that McKinsey would have to download them one at a time at tremendous time and cost; and (d) documents from the UCSF repository cannot be downloaded with their original metadata, severely limiting the documents' utility for purposes of litigation.

Also in January 2023, McKinsey proposed that the parties discuss a cost-sharing arrangement. Plaintiffs declined this proposal. After further consultation with the MDL 2804 PEC (the party responsible for maintaining the Repository), the PEC advised that the MDL 2996 Plaintiffs have no authority to produce 2804 discovery to McKinsey under the terms of the 2804 protective order without notifying the Producing Parties, providing them an opportunity to object.

---

³ There are a total of five plaintiff groups in the MDL: Third-Party Payors, NAS Plaintiffs, Tribes, Subdivisions, and School Districts. McKinsey and the Subdivision and School District Plaintiffs have reached a resolution. McKinsey and the Tribes have agreed to conduct initial discovery by means of plaintiff fact sheets rather than RFPs and interrogatories.

⁴ *See* UCSF, Opioid Industry Documents, https://www.industrydocuments.ucsf.edu/opioids.

- 2 -    JOINT STATEMENT
CASE NO. 3: 21-MD-02996-CRB (SK)

A.     **McKinsey's Position**

McKinsey respectfully submits that Plaintiffs should be ordered to produce the Requested Materials to McKinsey forthwith – or, in the alternative, make them available to McKinsey through a duplicate database at Plaintiffs' expense.[5] This is so for several reasons.

First, McKinsey needs the Requested Materials to defend itself against Plaintiffs' various causes of action arising from McKinsey's role as an adviser to opioid manufacturers. Most of the Requested Materials were produced by those very manufacturers and thus go to whether, how, and to what extent McKinsey's advice influenced the manufacturers' opioid-related strategies and operations. Other Requested Materials were produced by outside advisers to the manufacturers, including advisers who devised marketing materials and promotional messaging for opioids. These advisers' productions are essential to show that certain allegations Plaintiffs have leveled against McKinsey are misplaced.

Second, Federal Rule of Civil Procedure 34(a) requires Plaintiffs to produce, upon request, relevant materials in their possession, custody, or control. It is undisputed that Plaintiffs possess the requested materials; indeed, Plaintiffs have already secured permission to *use* the materials to prosecute their claims in this MDL – and Plaintiffs have actually used some of them to plead their master complaints. It is no answer to say, as Plaintiffs might, that McKinsey can obtain the same materials directly from the entities that produced them into MDL 2804. Under the circumstances presented here, Plaintiffs cannot reasonably contend that it would be more efficient for McKinsey to issue 24 subpoenas to the entities that produced the Requested Materials and for those entities to duplicate their prior productions, when Plaintiffs have the documents at the ready in an easily searchable electronic database.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).

Third, the protective order in MDL 2804 has already been modified, at Plaintiffs' request, to permit McKinsey to access and use in MDL 2996 all discovery material from MDL 2804 that is relevant to the claims and defenses in these matters. In or around October 2021, Plaintiffs in MDL 2996 sought to use materials they received in discovery in MDL 2804 to plead their master

---

[5] McKinsey understands that once a database is created and populated with the requested documents, there will be ongoing costs to host and review the data.  McKinsey does not contend that Plaintiffs are responsible for these ongoing costs; McKinsey contends only that Plaintiffs are responsible for the costs of creating and populating the database (if, in the interest of efficiency, Plaintiffs elect that route in lieu of producing the documents directly to McKinsey).

- 3 -

JOINT STATEMENT
CASE NO. 3: 21-MD-02996-CRB (SK)

1 complaints. Those materials were covered by a protective order in MDL 2804 that (a) restricted
2 the materials' distribution to parties to MDL 2804, and (b) limited the materials' use to litigation
3 of the claims in MDL 2804. Accordingly, Plaintiffs filed a motion in MDL 2804 to modify the
4 protective order to permit the parties to MDL 2996 to access and use a portion of the discovery
5 from MDL 2804 to litigate the claims in MDL 2996. Specifically, Plaintiffs sought permission to
6 use "McKinsey Discovery Material," which Plaintiffs initially defined to mean "any and all
7 Discovery Material related to opioid-related consulting work performed by McKinsey … whether
8 produced by McKinsey or any other party." Thereafter, Plaintiffs agreed to McKinsey's request
9 that the definition be broadened to mean "any and all Discovery Material relevant to the litigation
10 of claims asserted in [MDL 2996]."[6] Judge Polster granted Plaintiffs' motion and entered a
11 modified protective order authorizing the parties to MDL 2996 (and their counsel and agents) to
12 access and use "McKinsey Discovery Material" from MDL 2804 to litigate their claims and
13 defenses in MDL 2996. Thus, contrary to Plaintiffs' suggestion, there is no legal barrier to
14 McKinsey's immediate receipt of such materials. In particular, the protective order in MDL 2804,
15 as modified per Plaintiffs' request, does not require McKinsey to obtain consent from the entities
16 that produced the materials into MDL 2804. Moreover, there is a separate protective order in
17 place in MDL 2996 that affords protection to any documents the parties access and/or use in this
18 MDL. Notably, despite several months of discussions about 2804 discovery, Plaintiffs did not
19 interpose this ostensible objection to producing the Requested Materials until the eleventh hour,
20 in late January 2023.

21       Fourth, Plaintiffs cannot seriously argue that they are excused from producing the
22 Requested Materials because McKinsey has not shown the materials are relevant. Under Rule 26,
23 a relevant matter is "any matter that bears on, or that reasonably could lead to other matters that
24 could bear on, any issue that is or may be in the case." *Soto v. City of Concord*, 162 F.R.D. 603,
25 610 (N.D. Cal. 1995). Here, the documents McKinsey has requested were produced in response to
26 subpoenas and document requests in a parallel MDL involving opioid-related claims against

---

[6] After the MDL 2804 Court amended the 2804 protective order to permit the use in MDL 2996 of "McKinsey Discovery Material" as Plaintiffs originally defined the term, McKinsey sought to modify the amended protective order to use the broader definition. Plaintiffs represented to the Court that they had no opposition to the broader definition – and Judge Polster thus denied McKinsey's request as moot.

1  manufacturers whom McKinsey advised. Given that the Requested Materials are plainly relevant
2  on their face, it is Plaintiffs – not McKinsey – who bear the burden of establishing irrelevance.
3  *See Medina v. County of San Diego*, 2014 WL 4793026, at *5 (S.D. Cal. 2014) (citation omitted)
4  ("When the discovery sought appears relevant on its face, the party resisting discovery bears the
5  burden of establishing lack of relevance[.]") (citation and internal quotes omitted). Plaintiffs
6  never questioned the relevance of the Requested Materials before January 2023, some 14 months
7  after McKinsey first asked for them; however, if Plaintiffs believe they can show that certain of
8  the Producing Parties' materials are not relevant to the claims and defenses in this action,
9  McKinsey remains willing to meet and confer about whether those materials should be produced
10  and how best to identify and exclude them.

11        Finally, the current state of affairs – whereby Plaintiffs can access millions of relevant
12  documents and McKinsey can access none – is fundamentally unfair. Until recently, Plaintiffs
13  purported to acknowledge the unevenness of the field, assuring Judge Polster that they would
14  facilitate McKinsey's access to discovery from MDL 2804 (while disclaiming any obligation to
15  pay for it). *See*, *e.g.*, MDL 2804 Dkt. 4129, at 1 ("Plaintiffs have been actively working with
16  McKinsey to facilitate its requested access."). Plaintiffs' current claim that they lack authority to
17  produce the Requested Materials is not only at odds with their prior position, but irreconcilable
18  with the principle that discovery is a search for the truth. *See Epstein v. MCA, Inc.*, 54 F.3d 1422,
19  1423 (9th Cir. 1995) ("[W]ide access to relevant facts serves the integrity and fairness of the
20  judicial process by promoting the search for truth."). Plaintiffs should not be permitted to use
21  millions of relevant documents to prosecute their claims while preventing McKinsey from
22  accessing those documents in support of its defense.

23        For all of these reasons, the Court should order Plaintiffs to produce (or make available),
24  at Plaintiffs' expense, the Requested Materials from MDL 2804. If Plaintiffs believe that only a
25  subset of the Requested Materials are relevant to the claims and defenses in this MDL, Plaintiffs
26  should be required to identify that subset and, subject to further meeting and conferring with
27  McKinsey, produce it.
28

### B. Plaintiffs' Position

There are at least 3 separate issues at play that need to be resolved before any production of MDL 2804 materials to McKinsey: 1) a determination whether the requested information constitutes "McKinsey Discovery Material" under the revised definition in the MDL 2804 protective order (*see* Dkt. 280-1 (Proposed Amended Protective Order, at ¶ 9)); 2) whether and how to notify the Producing Parties of McKinsey's request for the information in order to give them an opportunity to object to production, especially of confidential and highly confidential materials; 3) who pays for the cost of production.

First, no determination has yet been made about whether the materials produced by the 24 Producing Parties (15 parties and 9 third-party producers) identified by McKinsey are "relevant to the litigation of claims asserted in" this MDL. *See* Polster Order, at 1, 3 (Dkt. 289-1). In or around October 2021, Plaintiffs in MDL 2996 sought relief from Judge Polster to use documents produced in MDL 2804 to plead their master complaints. Judge Polster allowed Plaintiffs to do so and to make such documents available to McKinsey after submitting their master complaints (which Plaintiffs did). *See* Polster Order, at 1 (Dkt. 289-1). The MDL 2804 protective order was modified to allow use of "McKinsey Discovery Material"—as defined as "any and all Discovery Material relevant to the litigation of claims asserted in *In re McKinsey & Co., Inc., National Prescription Opiate Consultant Litigation*, MDL No. 2996 (N.D. Cal.)" —to be used in MDL 2996. *Id.*

Fundamental to any discovery is that it must be relevant and proportional to the needs of the case.[7] *See* Fed. R. Civ. P. 26(b). McKinsey has not shown that the wholesale reproduction of 35.75 terabytes of data (over half of the documents produced in 2804) are relevant or proportional to the needs of MDL 2996. Plaintiffs reject McKinsey's about-face that the requested documents are "plainly relevant on their face." For example, much of the discovery conducted in MDL 2804 was focused on the defendants' reporting and regulatory requirements under the Controlled Substance Act and knowledge of drug diversion.[8] *See, e.g.*, *City & Cnty. of San Francisco v.*

---

[7] Plaintiffs first questioned the relevance of McKinsey's request in October 2021, contrary to McKinsey's representation that Plaintiffs did not do so until January 2023.
[8] Importantly, the majority of the discovery conducted also concerned the claims of political subdivisions—a different type of plaintiff with unique claims—who have now settled their claims against McKinsey.

1  *Purdue Pharma L.P.*, No. 18-CV-07591-CRB, 2022 WL 3224463, at *42 n.22 (N.D. Cal. Aug.
2  10, 2022) (Breyer, J.) (noting discovery produced by Walgreens included production of
3  prescriptions and related due diligence materials). McKinsey itself previously opposed
4  consolidation in 2804 (where it presumably would have gained access to the prior productions as
5  a defendant in that MDL) because the actions against McKinsey presented "a new species of
6  claims not previously part of No. 2804" and the relevant discovery was "underdeveloped in No.
7  2804 because of the [Purdue] bankruptcy stay" (which has not changed). McKinsey Br. at 5, Case
8  MDL No. 2996, Dkt. 1-1 (Mar. 5, 2021). McKinsey specifically *rejected* MDL 2804 PEC's
9  arguments about the benefit of the existing Repository, arguing that the materials in the
10 Repository "were not compiled with an eye specifically toward the claims asserted in the
11 McKinsey Actions or (of critical importance to McKinsey) with an eye toward McKinsey's
12 defenses to the claims." McKinsey Reply Br. at 4, Case MDL No. 2996, Dkt. 75 (Apr. 9, 2021).
13 Now, McKinsey changes course and demands Plaintiffs pay for it. This request is unreasonable.
14 And to the extent Plaintiffs have used documents produced in 2804 (which amount to less than
15 100 documents), they have produced them to McKinsey.

16       Second, McKinsey opposes notifying the original Producing Parties of McKinsey's
17 request to access the Producing Parties' data. Notification is required under the 2804 protective
18 order and would give the Producing Party an opportunity to object (for example, Plaintiffs
19 anticipate that McKinsey's competitors who produced documents as third-parties in MDL 2804
20 would object to producing certain confidential information to McKinsey). *See* Dkt. 280-1,
21 Proposed Amended Protective Order at ¶¶ 67-69. Plaintiff are willing to work with McKinsey to
22 put the Producing Parties on notice.

23       Third, McKinsey's demand that Plaintiffs in MDL 2996 pay for McKinsey's access to the
24 35.75 terabytes of data is not appropriate. Setting aside that McKinsey has not yet shown why the
25 extraordinary volume of data requested is relevant to MDL 2996, the request is not proportional
26 to the needs of the case. *See Norbert v. San Francisco Sheriff's Dep't*, No. 19-CV-02724-SK,
27 2020 WL 8675992, at *4 (N.D. Cal. Jan. 23, 2020) (Kim, J.) (finding a party moving to compel
28 discovery "must detail the basis for the party's contention that it is entitled to the requested

1  discovery and must show how the proportionality and other requirements of Fed. R. Civ. P.
2  26(b)(2) are satisfied"). The MDL 2804 PEC's vendor estimates a cost of approximately $1.67
3  million to transfer the 35.75 terabytes of data into a separate McKinsey workspace, a timeframe
4  of 2-5 months to complete the transfer, and a monthly hosting cost of just under $100,000. The
5  MDL 2804 PEC's duty to supplement the productions would create additional and ongoing
6  burdens given the Repository serves as a central database for all discovery produced in federal and
7  state court actions and investigations arising out of the opioid epidemic. *See, e.g.*, Order Regarding
8  Requested Modifications to Discovery Ruling No. 22, *In re: Nat'l Prescription Opiate Litig.*, 17-md-
9  02804, Dkt. 3286 (N.D. Ohio Apr. 30, 2020) (Special Master Cohen) (outlining various obligations of
10 the "Repository Orders" and the scope of the Repository). There is nothing easy, cheap, or quick
11 about producing these documents as McKinsey would have this Court believe. "[T]he court and
12 the parties have a 'collective responsibility' to consider proportionality and tailor discovery to
13 the needs of the case." *Norbert*, 2020 WL 8675992, at *4; *see also* Fed. R. Civ. P. 1 (mandating
14 the Rules "be construed, administered, and employed by the court and the parties to secure the
15 just, speedy, and inexpensive determination of every action and proceeding"). McKinsey has not
16 do so here and its request should be denied.[9]

17       MDL 2996 PSC members Joe Rice and Jayne Conroy, in their positions as Co-Lead
18 Counsel in MDL 2804, sought the guidance of MDL 2804 Discovery Special Master David
19 Cohen on the issue of sharing 2804 documents with McKinsey, having sought throughout
20 reasonable means to facilitate this process of sharing documents across MDLs. Special Master
21 Cohen advised them that the necessary course to seek relief from the MDL 2804 protective orders
22 is for McKinsey to file a noticed motion specifying the documents and information they seek, and
23 making a specific showing of their relevance to the McKinsey MDL. This process is necessary to
24 give notice to and protect the rights of the defendants and third-parties in MDL 2804 who relied
25 upon the protective orders in making their productions in those proceedings.

---

[9] Plaintiffs maintain that they are willing to continue conferring with McKinsey on ways to narrow the scope of data to that which is relevant and proportional. Plaintiffs proposed use of search terms or contacting the Producing Parties for further discussion of what they produced in 2804 to determine what, if anything, would be relevant to 2996. McKinsey has rejected these approaches and has not provided any alternatives.

| | | |
|---|---|---|
| 1 | Dated: March 3, 2023 | By: _____/s/_____ |
| 2 | | Elizabeth J. Cabraser |
| 3 | | ecabraser@lchb.com<br>LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP |
| 4 | | 275 Battery Street, 29th Floor<br>San Francisco, CA 94111-3339 |
| 5 | | Telephone: (415) 956-1000<br>Facsimile: (415) 956-1008 |
| 6 | | |
| 7 | | *Plaintiffs' Lead Counsel and on behalf of the Plaintiffs' Steering Committee* |
| 8 | | |
| 9 | | By: _____/s/_____ |
| 10 | | |
| 11 | | Josh A. Cohen (SBN 217853)<br>jcohen@clarencedyer.com |
| 12 | | CLARENCE DYER & COHEN LLP<br>899 Ellis Street |
| 13 | | San Francisco, CA 94117<br>Telephone: 415.749.1800 |
| 14 | | |
| 15 | | *Attorney for McKinsey Defendants* |