UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*The Montgomery County Board of County Commissioners et al. v. Cardinal Health, Inc., et al.,*<br>Case No. 1:18-op-46326 ("*Track Seven*") | MDL 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster<br><br>**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS' DUTIES UNDER THE CONTROLLED SUBSTANCES ACT** |

Before the Court is Plaintiff Montgomery County's Motion for Partial Summary Judgment on Defendants' Duties Under the Controlled Substances Act (docket no. 4881). Kroger filed a response (docket no. 4948) and Plaintiff filed a reply (docket no. 4970). With its motion, Plaintiff merely asks this Court to adopt its own prior legal rulings regarding the Controlled Substances Act ("CSA"). For the reasons stated below, Montgomery County's motion is **GRANTED**.

On March 30, 2023, the Court issued its *Order Regarding Previously Decided Issues* (docket no. 4978), holding that "all of the Court's Orders and rulings entered in other case tracks of this MDL—including every Order and ruling issued by the undersigned . . .—shall apply to and control this *Case Track* 7." *Id.* at 3–4. This included "[docket no.] 2483 (Opinion and Order granting CT1 plaintiffs' Motion for partial Summary Judgment on defendants' duties under the Controlled Substances Act)" ("*Track One CSA Order*"). *Id.* at 3 n.1. The *Order Regarding Previously Decided Issues* expressly identified Plaintiff's present motion as one where the Court

intended, absent a showing of good cause, to apply its prior rulings. *Id*. at 2. Therefore, all that remains is for the Court to evaluate whether Kroger articulated good cause for not applying its prior rulings set forth in its *Track One CSA Order*.

In response, Kroger begins by alleging two procedural improprieties: "First, [plaintiff's motion] seeks resolution of only a portion of a claim – a fragment – which is impermissible under Rule 56. Second, the fragment of the claim on which Plaintiff seeks summary judgment is merely a legal contention, rendering this request one for a declaratory judgment." Response at 1-2 (docket no. 4948).[1] Neither of Kroger's contentions is valid.

The first sentence of Federal Rule of Civil Procedure 56, and the advisory committee notes associated therewith, shows Kroger's first assertion is plainly incorrect. "A party may move for summary judgment, identifying each claim or defense—*or the part of each claim or defense*—on which summary judgment is sought." Fed. R. Civ. P. 56(a) (emphasis added). The advisory committee explains that "the first sentence [was] added to make clear at the beginning that summary judgment may be requested not only as to an entire case but also as to a claim, defense, or part of a claim or defense." *Id.*, advisory committee note to 2010 amendment. The Court finds unseemly Kroger's assertion that, because Plaintiff seeks resolution of only a "portion of a claim," Plaintiff's request is "impermissible," when in fact Rule 56(a) *expressly* permits Plaintiff's approach.[2]

---

[1] Kroger purports to give a third rationale for the alleged procedural impropriety of plaintiff's motion: "Third, because the Motion cannot be sought for a portion of a claim, and Plaintiff does not have standing to seek a declaratory judgment, the Motion is necessarily a request for an advisory opinion, which a federal court may not provide." Response at 2. This conclusion is simply drawn from the first two premises offered by Kroger and, because both underlying premises fail, Kroger's conclusion is likewise invalid.

[2] Kroger cites *Digital Group, LLC v. Hyper Networks, Inc.,* 2022 WL 3142348 at *4 (M.D. Tenn. Aug. 5, 2022), for the proposition that "mere discrete 'issues' are something too fragmentary to be subject to summary judgment," without disclosing that the *Digital Group* court actually **granted** summary judgment after "easily conclud[ing] that Defendant actually is seeking summary judgment as to each of a number of 'parts of the claim,'" *id*. at *5. And the other cases Kroger cites in support of its first argument—*Maples v. Norfolk S. Ry. Co.,* 2007 WL 3020500 (E.D.

Kroger's reliability does not improve with its second assertion. Plaintiff's motion simply asks the Court to adhere to its prior rulings regarding the duties created by the CSA. The Court's prior rulings required interpretation of a federal statute and the duties it imposes on pharmacies and other defendants. *See, e.g., In re Nat'l Prescription Opiate Litig.*, 2019 WL 3917575, at *1 (N.D. Ohio Aug. 19, 2019) (docket no. 2483) ("determin[ing] that, as a matter of law, the Controlled Substances Act . . . and its implementing regulations . . . [impose certain] require[ments] upon] defendants who are 'registrants'"). Kroger argues plaintiff is therefore seeking summary judgment of "merely a legal contention, rendering this request one for a declaratory judgment." Response at 1. This argument makes no sense. Whether Kroger violated the CSA is undoubtedly an element of Plaintiff's public nuisance claim.[3] Therefore, what the CSA requires of Kroger is a pure question of law appropriate for adjudication on summary judgment. *See Thomas v. Metro. Life Ins. Co.*, 631 F.3d 1153, 1160 (10th Cir. 2011) ("Statutory interpretation is a matter of law appropriate for resolution on summary judgment."); *see also United States v. Dedman*, 527 F.3d 577, 584–85 (6th Cir. 2008) ("A matter requiring statutory interpretation is a question of law.") (quoting *United States v. Caldwell*, 49 F.3d 251, 251 (6th Cir.1995)); *Marbury v. Madison*, 5 U.S. 137, 177 (1803) ("It is emphatically the province and duty of the judicial department to say what the law is."). Indeed, Kroger's argument that the CSA does *not* impose any duties upon it is no less a valid topic for decision by the Court than Plaintiffs' argument that it does.

Finally, Kroger asserts a litany of reasons—each of which the Court previously rejected— why its duties as a distributor or dispenser of opioids do not exist. (As just noted, this is the direct

---

Tenn. Oct. 11, 2007), and *Biggins v. Oltmer Iron Works*, 154 F.2d 214, 216–17 (7th Cir. 1946)—predate the 2010 amendment to Fed. R. Civ. P. making clear that summary judgment **may** be granted on a "part of each claim or defense."

[3] This Court has ruled that a pharmacy's failure to comply with the CSA may constitute unlawful conduct that is an unreasonable interference with public health or safety. *See In re Nat'l Prescription Opiate Litig.*, 589 F. Supp. 3d 739, 776–87 (N.D. Ohio 2022) (docket no. 4296) (describing and justifying the Court's CT3 Jury Instruction).

flipside of Plaintiff's argument.) This Court has, over the past five years, carefully reviewed extensive briefing on these issues and has thoughtfully and meticulously laid out its opinions in dozens of orders and other rulings. Kroger ***does have*** duties under the CSA as a ***distributor*** of opioids. *See In re Nat'l Prescription Opiate Litig.*, 2019 WL 3917575, at *9 (N.D. Ohio Aug. 19, 2019) (docket no. 2483) ("the Court concludes that the CSA statutory and regulatory duties to maintain effective controls against diversion includes a duty not to ship suspicious orders."). Kroger also ***does have*** duties under the CSA as a ***dispenser*** of opioids. *See In re Nat'l Prescription Opiate Litig.*, 477 F. Supp. 3d 613, 625 (N.D. Ohio 2020) (docket no. 3403) ("the CSA makes clear that any person, which includes a pharmacy itself, who knowingly fills or allows to be filled an illegitimate prescription is in violation of the Act"), *clarified on reconsideration, In re Nat'l Prescription Opiate Litig.*, 2020 WL 5642173, at *2 (N.D. Ohio Sept. 22, 2020) (docket no. 3499).[4] And, of course, the Court has consistently relied on the applicable Code of Federal Regulations, which state, "All applicants and registrants shall provide effective controls and procedures to guard against theft and diversion of controlled substances." 21 C.F.R. § 1301.71(a).

      Kroger's recitation of previously rejected arguments fails to persuade this Court to alter its prior rulings. Kroger cites no new circumstance nor articulates any good cause why the Court's prior rulings should not apply in this *Case Track Seven*.

---

[4] All three of these cited prior orders have been expressly incorporated into the present case by the Court's *Order Regarding Previously Decided Issues*. *See* docket no. 4978 at 3 n.1.

Accordingly, Plaintiff Montgomery County's Motion for Partial Summary Judgment on Defendants' Duties Under the Controlled Substances Act (docket no. 4881) is **GRANTED**.

**IT IS SO ORDERED.**

 /s/ Dan Aaron Polster April 17, 2023
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**