# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | MDL 2804 |
| THIS DOCUMENT RELATES TO: | ) ) | Case No. 1:17-md-2804 |
| *Track Seven* | ) ) ) ) | Judge Dan Aaron Polster  ORDER |

Before the Court is Plaintiff's Motion for Summary Judgment on Certain of Defendants' Affirmative Defenses. Docket no. 4882. Kroger filed a Response, docket no. 4947, and Plaintiffs filed a Reply. Docket no. 4963. Kroger has asserted 88 affirmative defenses in its Amended Answer (docket no. 3958), some of which it now concedes are inapplicable to Plaintiff's claims. Plaintiff contends several other of Kroger's affirmative defenses are inapplicable as a matter of law.

Specifically, Plaintiff identifies 14 of Kroger's 88 affirmative defenses that it asserts are invalid. Plaintiff categorizes these 14 defenses into 3 buckets, as follows:

1. Affirmative Defenses Inapplicable to an Equitable Public Nuisance Claim
   a. Sixth: voluntary payment doctrine
   b. Eighteenth: subrogation
   c. Twenty-Fifth: derivative injury rule and the remoteness doctrine
   d. Fifty-Fifth: the Restatement (Second) of Torts § 402A, Comments j and k, and Restatement (Third) of Torts: Products Liability § 6

2. Equitable Defenses Not Applicable to Government Public Enforcement Claims
   a. Seventh: unclean hands
   b. Eighth: *in pari delicto*
   c. Fortieth: laches, estoppel, and waiver
   d. Eightieth: acquiescence, settlement, or release

    3. Fault- and Cost-Shifting Defenses Based on County's Conduct
        a. Thirteenth: contributory negligence
        b. Fourteenth: comparative fault of others
        c. Forty-First: contributory or comparative fault
        d. Sixty-First: contributory or comparative fault[1]
        e. Sixty-Second: informed consent and assumption of the risk
        f. Seventy-Third: comparative negligence

Because most of Kroger's affirmative defenses will turn on facts to be developed at trial, the Court **DENIES in part**, without prejudice, Plaintiff's motion. Kroger's 55th affirmative defense, however, is not fact-dependent and has already been adjudicated by this Court. Further, in its response in opposition, Kroger concedes the inapplicability of its 7th, 8th, part of its 40th, and 62nd affirmative defenses. The Court **GRANTS** Plaintiff's motion with respect to those.

To explain: the Court has already determined that the Ohio Product Liability Act ("OPLA") does not abrogate Plaintiff's public nuisance claim. *See In re Nat'l Prescription Opiate Litig.*, 2018 WL 6628898, at *12–*15 (N.D. Ohio Dec. 19, 2018) (docket no. 1203). Further, the Court has specifically applied this prior ruling to Track Seven and other future cases. *See* Order Denying CT7 MTD (docket no. 3767); Order Regarding Previously Decided Issues (docket no. 4978). For this reason, Plaintiff's motion for summary judgment on Kroger's 55th affirmative defense is **GRANTED**.

The Court also **GRANTS** Plaintiff's motion for summary judgment on the affirmative defenses Kroger concedes are inapplicable to Plaintiffs' claim—unclean hands, *in pari delicto*, estoppel and waiver—and on informed consent, which Kroger did not address in its response. *See* Opposition at 9 (docket no. 4947) ("Kroger acknowledges that some equitable defenses,

---

[1] Kroger's Forty-First and Sixty-First affirmative defenses appear to assert the same thing. The Sixty-First defense asserts, broadly, "Any injuries and/or damages sustained by Plaintiff were caused, in whole or in part, by its own failure to effectively enforce the law and prosecute violations thereof and any recovery by Plaintiff is barred or, alternatively, should be diminished according to its own fault," whereas the Forty-First defense itemizes eight specific comparative or contributory faults. Answer at 17–18, 22, docket no. 3958.

specifically unclean hands, *in pari delicto*, estoppel, and waiver, generally do not apply to claims by governmental entities."). Accordingly, Plaintiff's motion for summary judgment on Kroger's 7th, 8th, part of Kroger's 40th, and 62nd affirmative defenses is likewise **GRANTED**.

The Court concludes, however, that the remainder of Kroger's affirmative defenses on which Plaintiff has moved for summary judgment are too dependent upon facts to be established at trial. For example, Kroger is correct that Plaintiff asserts both an absolute and a qualified public nuisance claim. *See* Plaintiff's Supplemental and Amended Allegations at 241–251 (docket no. 3738). Virtually all the Court's prior rulings have been made in the context of considering only a claim of absolute public nuisance.[2]

The inclusion of a qualified public nuisance in this context is significant. Kroger is correct that "[a] 'qualified nuisance' is 'a lawful act so **negligently or carelessly done** as to create a potential and unreasonable risk of harm, which in due course results in injury to another.'" Opposition at 14 (quoting *Szuch v. FirstEnergy Nuclear Operating Co.*, 60 N.E.3d 494, 508 (Ohio Ct. App. 2016)) (emphasis added). The Court also agrees with Kroger that, "Because a qualified public nuisance mirrors a negligence tort, it stands to reason a defense to negligence *could* be applied as a defense to qualified nuisance." *Id.* at 15 (emphasis added). The defenses listed above in the "third bucket," then, may be viable, depending on the evidence and whether Plaintiff's qualified nuisance claim survives ongoing litigation. Therefore, this Court concludes the transferor court will be in the best position to determine whether judgment is appropriate on Kroger's fact-dependent defenses at a time closer to or during trial.

---

[2] *See, e.g.*, docket nos. 3403 (Order on CT3 Defendants' MTD); 3913 (Order on Giant Eagle's CT3 MSJ); 4296 (Order Denying CT3 Defendants' Motion for New Trial). The present motion is not the proper vehicle to evaluate the applicability of the Court's prior rulings to a *qualified* public nuisance claim; and in any event, that distinction was not briefed by the parties. As described further below, Plaintiff's motion is denied without prejudice so that it can raise the issue again at the appropriate time and/or upon appropriate briefing.

Accordingly, the Court **GRANTS-IN-PART** Plaintiff's motion with respect to Kroger's 7th, 8th, part of Kroger's 40th (as described above), 55th, and 62nd affirmative defenses. The Court otherwise **DENIES, without prejudice**, Plaintiff's Motion for Summary Judgment on Certain of Defendants' Affirmative Defenses. Docket no. 4882. This ruling should not be construed as an opinion on the viability of any of Kroger's remaining affirmative defenses—an issue this Court expressly declines to address, leaving it to the trial court to make such determinations.

**IT IS SO ORDERED.**

 /s/ Dan Aaron Polster April 20, 2023
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**