UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>"Track 7" | ) MDL 2804<br>)<br>)<br>) Case No. 1:17-md-2804<br>)<br>) Judge Dan Aaron Polster<br>)<br>) <u>**ORDER DENYING KROGER'S MOTION TO STRIKE FINCHAM'S EXPERT REPORT**</u> |

Before the Court is Defendant Kroger's Motion to Strike Dr. Jack Fincham's Expert Report (docket no. 4937). Plaintiff filed a response (docket no 4961) and Defendant filed a reply (docket no. 4974). For the reasons stated below, the Motion is **DENIED**. The parties shall meet and confer and agree on a schedule for the deposition of Fincham and the briefing of any *Daubert* motion Kroger wishes to file.

## Background

On December 12, 2022, Kroger disclosed the expert report of Dr. J. Ann Selzer, who analyzed a 2021 survey conducted by the Ohio Board of Pharmacy. On January 20, 2023, Plaintiff took Selzer's deposition. Less than two weeks later, on February 2, 2023, Plaintiff notified Kroger it intended to serve a rebuttal report. Response at 1 (docket no. 4961). Plaintiff then served Fincham's report on February 17, 2023 – two and a half months after Kroger's disclosure of Selzer's report, but only 28 days after Selzer's deposition. *Id.*

Kroger objects to Fincham's rebuttal report on four grounds: (1) because none of the Court's Case Management Orders expressly provides for rebuttal reports, the report is not

permitted; (2) even if permitted, Fincham's report is not timely under Fed. R. Civ. P. 26; (3) the untimely disclosure of Fincham's report is not substantially justified or harmless under Rule 37(c)(1); and (4) although characterized as rebuttal, Fincham's report improperly offers new opinions that do not respond to Selzer.

**Analysis**

The Court declines to construe the absence of any mention of rebuttal reports in its prior Case Management and Scheduling Orders as a prohibition. In *Lincoln Elec. Co. v. Travelers Cas. & Sur. Co.*, 2013 WL 12131876 (N.D. Ohio June 26, 2013), the defendant moved to strike the plaintiff's expert rebuttal report. As in this case, the relevant scheduling order was silent on rebuttal reports. The court denied the motion, observing that "courts in this circuit have uniformly concluded that when, as here, a scheduling order does not address rebuttal reports, Rule 26(a)(2)(D)'s 30-day rule applies." 2013 WL 12131876 at *1 (N.D. Ohio June 26, 2013). Kroger cites no Sixth Circuit authority to the contrary. Accordingly, the Court concludes that Fincham's rebuttal report is not prohibited by the Court's case management orders.

Kroger next argues that, even if not prohibited by the Court's Orders, Fincham's report is untimely, having been disclosed nearly two months after Kroger's production of the Selzer report. Rule 26(A)(2)(d) provides:

> Absent a stipulation or a court order, [expert] disclosures must be made:
>
> (i) At least 90 days before the date set for trial or for the case to be ready for trial; or
>
> (ii) If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

2

Fed. R. Civ. P. 26(A)(2)(d). Kroger points to subsection (ii) and observes that Fincham's rebuttal report was disclosed more than 30 days after Selzer's report. Kroger also asserts subsection (i) does not apply, because Fincham's report is rebuttal and subsection (ii) is specific and exclusive regarding *rebuttal* reports.

Plaintiff responds with case law – but only from other Circuits – for the proposition that the 90-day rule in subsection (i) can also apply to rebuttal reports. Plaintiff also argues that, even if the 90-day rule does not apply, it did meet the 30-day rule "because [Fincham's report] was served within 30 days of the relevant disclosure to which it responds – Dr. Selzer's Deposition." Response at 6 (docket no. 4961). This latter contention raises the question of when Selzer "disclosed" the opinions that Fincham's report rebuts – in her report or her deposition.

In the end, the Court sidesteps the question of which subsection of Rule 26(A)(2)(d) applies and the issue of when Selzer made her disclosure, because in any event the Rules allow a court to excuse a late disclosure that "was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Sixth Circuit has devised a five-factor test to make this determination:

> (1) The surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe v. City of Akron,* 801 F.3d 718, 757-48 (6th Cir. 2015).

The Court finds the first two factors weigh in favor of excusing the delay, as Kroger's only claim of surprise is that a rebuttal report should be allowed at all, given the CMO's silence on the question. Motion at 9 (docket no 4937). Moreover, as addressed below, the Court will grant extensions to its discovery schedule to allow Kroger to depose Fincham and file a *Daubert* motion

3

if it wishes. The third factor also weighs in Plaintiff's favor because there is no date set for trial. The importance of the evidence, though not obviously central to the case, seems to weigh somewhat in Plaintiff's favor, for if the BOP survey was important enough to warrant an expert report from Kroger, it is surely important enough for Plaintiff to rebut it.[1] Finally, Plaintiff's explanation for its failure to disclose – it did not perceive the need for a rebuttal report until it heard Seltzer's deposition testimony – is sufficient to tilt the fifth factor in Plaintiff's favor.

Based on this analysis, even assuming Plaintiff's disclosure of the Fincham Report was untimely, the Court concludes any tardiness was "substantially justified" or "harmless." The considerations underlying factors two and three, however, raise an issue of fairness to Kroger. Given that the deadlines for Plaintiff expert depositions and the filing of *Daubert* motions have expired, the Court must provide an extension. The Court, therefore, directs the parties to meet and confer to agree upon a schedule for deposition of Fincham and the briefing of a *Daubert* motion, if needed.

\* \* \*

Finally, Kroger argues that Fincham's report is not a true rebuttal report, because it goes beyond merely rebutting Selzer's analysis and "delves deeply into pharmacy practices and pharmacy standards of care." Motion at 7-8 (docket no. 4937). For example, Kroger objects to Fincham's statements that: (1) "[i]t has long been known and appreciated in the practice of pharmacy that workloads can impact patient safety;" and (2) "questions concerning safe and effective patient care invoke for a pharmacist their obligations in dispensing controlled

---

[1] It could be, however, that the transferor court on remand concludes that neither Selzer's nor Fincham's opinions are admissible under Fed. R. Evid. 403, because their "probative value is substantially outweighed by a danger of ... undue delay, wasting time, or needlessly presenting cumulative evidence." It is not obvious that expert opinion is necessary for a jury to understand the limitations of the OBOP survey, and other opinions the two experts express may be cumulative.

4

substances." Exhibit A to Motion at 9, 15 (docket no. 4937-1). Kroger also objects to Fincham's discussion of dispensing practices under the Controlled Substances Act and his description of how the CSA helps create a "closed system to protect the public from misuse and diversion of dangerous drugs." *Id.* at 13-14.

Plaintiff responds that the passages to which Kroger objects concern the same subject matter as, and respond to, Selzer's opinions. The Court has reviewed Fincham's report and agrees broadly with Plaintiff. A rebuttal expert report is one that "solely contradict[s] or rebut[s] evidence on the same subject matter offered by another party." Fed. R. Civ. P. 26(A)(2)(d)(ii); *R.G. Barry Corporations v. Olivet Int'l, Inc.*, 2017 WL 4349067, at *11-12 (S.D. Ohio Sept. 29, 2017). Inevitably, in rebutting Selzer's opinions, Fincham must provide background and context to present a persuasive rebuttal. Moreover, some of the offending material seems so obvious and innocuous as to verge on the banal. Although some of the content of Fincham's report overlaps with Plaintiff's case-in-chief, the Court finds those passages ultimately address the same subject matter as Selzer's report, and their inclusion does not transform Fincham's rebuttal report into an initial expert report.

Accordingly, Kroger's motion is **DENIED**. The Court directs the parties to meet and confer to agree upon a schedule for the deposition of Fincham and the briefing of any *Daubert*

motion Kroger wishes to file. If the parties are unable to agree on these matters by April 27, 2023, they shall submit the matter to Special Master Cohen, who will set appropriate deadlines.

    **IT IS SO ORDERED.**

<u>/s/ Dan Aaron Polster   April 21, 2023</u>
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**
