**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | MDL 2804 |
| THIS DOCUMENT RELATES TO: | ) ) ) | Case No. 1:17-md-2804 |
| *All Cases* | ) ) ) ) ) ) ) | Judge Dan Aaron Polster <br><br> **ORDER DENYING OPTUMRX'S MOTION TO VACATE THE COURT'S APRIL 6, 2023 ORDER AND FOR OTHER RELIEF** |

OptumRx has moved the Court to vacate its April 6, 2023 Order (docket no. 4984) directing Plaintiffs and the two PBM Defendants (OptumRx and Express Scripts) to produce documents in advance of their mid-May mediation with Eric Green. *See* docket no. 5012. The underlying theme of OptumRx's motion is that the Court has acted unfairly in a number of respects, principally in ordering OptumRx to produce documents for the mediation when there has been no formal discovery request or motion from Plaintiffs. For the reasons set forth below, OptumRx's motion is **DENIED**.

First, the Court notes that defendant Express Scripts has not joined the motion. Since the April 6 Order and everything else the Court has said and done about which OptumRx complains applies equally to both Defendants, if there was any merit to OptumRx's motion, Express Scripts would almost certainly have joined it.

Second, and more significantly, there is no basis for the motion, and no reason for OptumRx to file it. The Court did not order or direct the PBM Defendants to mediate with the

PEC; the Defendants voluntarily elected to do so, and they negotiated both the mediator and the mediation dates with the PEC. The Court gave the parties a significant amount of time to meet and confer to come to agreement about what each side needed to produce to make sure the mediation would be meaningful. It was only when the parties could not agree that the Court stepped in, held a conference April 4, and then issued the April 6 Order. The Court does not believe the April 6 Order directed production of documents the PBMs would not be required to produce in bellwether litigation discovery should the mediation prove unsuccessful.

If OptumRx does not want to produce some or all of what the Court ordered to be produced for the mediation, that is their decision to make. The only consequence OptumRx will face is that the PEC may decline to participate in the mediation, or that OptumRx will have to accept that the PEC will make assumptions or extrapolations from the documents OptumRx does produce. For that matter, if OptumRx wants to pull out of the mediation, it is free to do so.

OptumRx next alleges the Court manifested unfairness when it stated OptumRx has two choices: "settlement or trials." OptumRx brazenly concludes this statement somehow "suggests" the Court would not fairly consider any dispositive motion that OptumRx might file. *See* Motion at 8 n.6. This meritless allegation ignores the five-plus years of this MDL. OptumRx and its counsel know that every defendant in every case this Court has handled directly or supervised has had unfettered rein to file whatever dispositive motion it desired, and the Court has addressed each and every one with a detailed opinion after full briefing. For OptumRx to infer that, because the Court used the phrase "settlement or *trials*" instead of "settlement or *litigation*," the Court will not consider a dispositive motion and will not treat any PBM defendant fairly, is simplistic and insulting.

Finally, OptumRx has again raised an *ex parte* communication Plaintiffs' attorney Cicala sent to Special Master Cohen more than four months ago. This communication, which was the product of a misunderstanding, was raised and addressed at a prior conference. Immediately after bringing it to the Court's attention, it was cured – Cicala sent the communication to defendants – and the Court's decisions before and after were in no way affected. The *ex parte* communication had nothing whatsoever to do with the April 6 Order, and the Court made clear this was a singular, aberrant incident. There has not been, nor will there be, any further, substantive *ex parte* communications from either side.

Accordingly, OptumRx's Motion is **DENIED**.

      **IT IS SO ORDERED.**

      /s/ Dan Aaron Polster  April 24, 2023
      **DAN AARON POLSTER**
      **UNITED STATES DISTRICT JUDGE**