# EXHIBIT H



**Attorneys at Law**

125 Granville Square, Suite 400, Morgantown, WV 26501
304.285.2500

**Ashley Hardesty Odell**
ahardestyodell@bowlesrice.com
T 304.285.2522
F 304.285.2575

600 Quarrier Street
Charleston, WV 25301

101 South Queen Street
Martinsburg, WV 25401

501 Avery Street
Parkersburg, WV 26101

Southpointe Town Center
1800 Main Street, Suite 200
Canonsburg, PA 15317

480 West Jubal Early Drive, Suite 130
Winchester, VA 22601

September 30, 2022

**bowlesrice.com**

Special Master David R. Cohen                    **VIA E-MAIL**
david@specialmaster.law

      Re:    <u>Agenda Item 334</u>

Special Master Cohen:

      Kroger fully intends to comply with this Court's discovery orders and has endeavored to do so in the present matter which centers on documents that contain legal advice from and protected work product of Kroger's in-house and outside counsel. The documents were first identified in the New Mexico Attorney General case that went to trial starting September 6, 2022. The judge in that case only recently concluded that Kroger waived privilege for not sufficiently and/or timely describing them on a privilege log, and ordered Kroger to produce these documents over Kroger's strenuous objection. Thereafter, Kroger reasonably interpreted DR-22 to allow it to withhold privileged materials.

      Prior to Plaintiff's submission of Agenda Item 334 on Friday, September 23, Kroger advised Plaintiff's counsel that it was considering various discovery rulings that were only recently shared with Kroger as a new defendant. Given the seriousness of the privilege issues involved, that took some time—but there was no unreasonable delay, and there was no resulting prejudice to Plaintiff. Moreover, Kroger has now produced the documents in dispute to the DR-22 in full pursuant to your February 16, 2021 Order Regarding Production of "Similar" Documents With Privilege Claims (Doc. #3633). This discovery dispute is therefore moot. Therefore, and as more fully explained below, the sanctions proposed in Plaintiff's motion to compel (which were never raised with Kroger in the meet and confer process) are unwarranted and should be rejected.

      Although the issue of Plaintiff's access to these disputed materials is now moot, Kroger will address the background and nature of its privilege claims and Plaintiff's proposed (and previously unmentioned) sanctions in this submission.

Bowles Rice

Special Master David Cohen
September 30, 2022
Page 2

1. *Background of the disputed documents in the MDL*

    A.    <u>The Pharmacy Compliance Committee Meeting Minutes ("PCC Minutes")</u>

The existence of the Pharmacy Compliance Committee has been known to the MDL Plaintiffs since at least January 20, 2022. Kroger claimed privilege over the PCC Minutes on that date as well. *See* Kroger's First Supplemental Responses to CT7 First Discovery Requests. The MDL Plaintiffs proceeded with various other discovery tasks without ever challenging Kroger's privilege claim over the PCC Minutes. Included in this discovery were the depositions of Kroger employees and custodial reviews and productions from dozens of agreed-upon custodians (some of which is ongoing).

The New Mexico Attorney General did, however, challenge Kroger's privilege claim over the PCC Minutes. New Mexico privilege law is narrower than federal common law privilege, and the Attorney General's privilege challenge was primarily rooted in the form of Kroger's privilege log.[1] In the midst of this dispute, Kroger amended its MDL privilege claim over the PCC Minutes on May 28, 2022 to address the NMAG's perceived deficiencies and to make its privilege claim apparent to the MDL Plaintiffs. The MDL Plaintiffs again took no action—despite the fact that the depositions of known PCC committee members were immediately upcoming.[2]

On July 18, 2022, Kroger was ordered to produce the PCC Minutes in the New Mexico Attorney General Action. Kroger made the state court production on July 20, 2022. However, DR-22 indicates, on its face, that privileged documents need not be reproduced. Kroger submitted a privilege log to DR-22 on July 26, 2022. The MDL Plaintiffs did not object to this submission until August 23, 2022

Now the MDL Plaintiffs claim they were entitled to the PCC Minutes on July 26, 2022. As such, this dispute involves a 66-day alleged delay in reproducing the PCC Minutes to the DR-22—all while the MDL Plaintiffs allowed Kroger's MDL privilege claim to go unchallenged.

If Kroger's withholding from the DR-22 was unjustified, it was certainly not as harmful as the degree of prejudice the MDL Plaintiffs claim in their submission. Virtually no relevant deposition discovery took place in this 66 day interim period.[3]

---

[1]    The NMAG argued that Kroger improperly failed to disclose the names of committee members on its privilege log.

[2]    The MDL Plaintiffs in Track 7 took depositions of known current and former PCC members on June 28, 2022 (Jaime McDermott) and July 7, 2022 (Jeff Loesch) without any challenge whatsoever to Kroger's PCC Minutes privilege claim.

[3]    The MDL Plaintiffs took several depositions of local Kroger employees in this time period, none of whom attended any PCC Meetings.

Rather, the MDL Plaintiffs took all of their relevant discovery of Kroger's corporate witnesses in the spring and early summer of 2022—back when Kroger's PCC Minutes privilege claim was live in New Mexico and completely unchallenged in the MDL. The prejudice claimed by the MDL Plaintiffs is overblown.

  B. <u>The Quarles & Brady Reports</u>

The Quarles & Brady Reports are reports prepared by BuzzeoPDMA at the direction of Kroger's external counsel (Quarles & Brady LLP) regarding Kroger's suspicious order monitoring program in March of 2013. The MDL Plaintiffs did not serve any discovery requests to which the Quarles & Brady Reports are responsive.[4]

The Quarles & Brady Reports were not included in the documents electronically or manually collected by Kroger in the course of discovery in the NMAG case or the MDL. The PCC Minutes reference *reviews* conducted by Quarles & Brady, but the Minutes do not indicate that *reports* from those reviews were generated. In fact, nobody at Kroger remembered that there were ever reports.[5] Kroger first discovered that the Quarles & Brady Reports survived Kroger's purge schedule on July 29, 2022 upon determining that a senior attorney in Kroger's legal department had unknowingly retained the documents that she had forgotten existed, given the passage of nearly ten years. Upon discovery, the Quarles & Brady Reports were promptly disclosed on a privilege log to the MDL Plaintiffs on August 5, 2022.

Kroger likewise immediately disclosed the existence of the Quarles & Brady Reports to the NMAG—and yet another privilege challenge followed. On August 15, 2022, the New Mexico court ordered Kroger to produce the Quarles & Brady Reports to the NMAG. The next day, Kroger produced the Quarles & Brady Reports to the NMAG, and Kroger—maintaining that these records are privileged under federal common law—submitted a privilege log regarding the same to DR-22 on August 22, 2022.[6] As such, presently in dispute is a mere 39 days of alleged delay in submitting the Quarles & Brady Reports in DR-22.

---

[4] Following the CT3 trial, the MDL Plaintiffs' distribution discovery has been quite limited. The MDL Plaintiffs have requested "documents related to orders . . . that were triggered" by Kroger's suspicious order monitoring system and "organizational charts for all employees with relevant knowledge" about Kroger's suspicious order monitoring system. The Quarles & Brady Reports are responsive to neither request, and Kroger is not aware of any CT7-CT10 discovery requests to which the Quarles & Brady Reports are responsive. Indeed, on August 5, 2022, shortly after the Quarles & Brady Reports were discovered by Kroger, Kroger's counsel asked Plaintiff's counsel to identify the discovery request(s) that sought certain "audit reports" that were identified in a July 28, 2022 letter to all MDL defendants. Plaintiff's counsel did not respond. *See* attached July 28, 2022 email from A. Irpino, and August 5, 2022 email from W. Lorensen.

[5] *See* Affidavits of F. Tucker, A. Hardesty Odell, attached.

Special Master David Cohen
September 30, 2022
Page 4

## 2. *The MDL Plaintiffs proposed sanctions are unwarranted*

Kroger's withholding of privileged documents from DR-22 was reasonable based on the language of that ruling. Even so, upon learning about later discovery rulings, Kroger reconsidered its position as quickly as possible, taking into account the seriousness of Kroger's right to maintain its privilege. There was no unreasonable delay and no prejudice to Plaintiff, and therefore Plaintiff's request for sanctions should be denied.

Moreover, the MDL Plaintiffs failed to raise any of these sanctions with Kroger and failed to meet and confer with Kroger following the NMAG's publication of the relevant materials. Instead, the MDL Plaintiffs seek alarming sanctions for what amounts, at worst, to a short delay of reproduction to the DR-22 while serious privilege issues were litigated in a state court opioid case that was headed to trial. It must be noted that each and every one of the disputed documents involves Kroger's internal legal counsel and was watermarked "attorney-client privileged" long before this opioid litigation was filed. It cannot be said that Kroger claimed privilege vexatiously.

Given that (1) the PCC Minutes have long been disclosed on an unchallenged privilege log in the MDL, (2) the Quarles & Brady Reports were not requested in written MDL discovery, (3) Kroger reasonably believed it was complying with DR-22, and (4) this discovery dispute is a matter of delayed production to the DR-22 while privilege claims were fully litigated in a state court opioid case, the sanctions proposed by the MDL Plaintiffs are alarmingly unwarranted.

### A. Additional 30(b) Testimony

As contemplated by the case management orders, Kroger already has been subject to multiple substantive 30(b) deposition notices. The MDL Plaintiffs took dispensing 30(b) testimony on June 30, 2022 and distribution 30(b) testimony on July 14, 2022. At the time of those depositions, the existence, membership, and privilege claim over the PCC Minutes were all known to the MDL Plaintiffs. The MDL Plaintiffs took no action to challenge the privilege claim and made no effort to reserve time in these depositions for further questioning.

The NMAG attorneys, however, did reserve time to question Kroger's 30(b)(6) representative on dispensing during the pendency of their privilege challenge. Once the PCC Minutes were ordered produced in New Mexico, the NMAG attorneys were permitted to use their reserved time to question a corporate representative on the PCC Minutes. The MDL Plaintiffs should not be allowed a third bite at the apple under these circumstances.

---

[6] At that time, the MDL Plaintiffs had made no mention of the PCC Minutes/DR-22 issue to Kroger, and Kroger had no reason to believe that any of its privilege claims were being challenged by the MDL Plaintiffs.

Bowles Rice

Special Master David Cohen
September 30, 2022
Page 5

As for the Quarles & Brady Reports, because those documents were not requested in written discovery prior to when the MDL Plaintiffs chose to proceed with substantive 30(b)(6) depositions, and they were not produced in New Mexico until August 5, 2022, there is no basis for them to demand additional 30(b)(6) testimony now. They should not be rewarded with additional discovery now.

      B.      <u>Custodial Discovery for Frances Tucker and "compliance personnel" not subject to Kroger's email deletion policies</u>

All of Kroger's "compliance personnel" have already been subject to nationwide custodial discovery.[7] Kroger presumes the MDL Plaintiffs are asking the Special Master to order custodial discovery for Kroger's in-house legal department. This request does not resemble the sort of targeted discovery necessary to comply with condensed case schedules; rather, it more resembles a vehicle for the MDL Plaintiffs to find new ways to challenge privilege.

Again, the 2013 Quarles & Brady Reports *are not responsive to any request of the MDL Plaintiffs*. To the extent Plaintiffs are asking Kroger to search for more unrequested documents that might be privileged and might only be possession of Kroger's in-house counsel, this is nothing more than a fishing expedition that will only create more privilege disputes and disruption of the already-tight deadlines in this case. The addition of more, previously-unrequested custodians on the basis of Kroger's discovery of documents (in a state court case) that were not even requested in the MDL is unfounded.

To summarize, Kroger has produced the documents at issue in DR-22, subject to its reservation of privilege, mooting this dispute. Plaintiff's request for sanction is unwarranted because (1) Kroger reasonably believed it was complying with DR-22, (2) Kroger promptly reconsidered its position following meet and confer with Plaintiff's counsel during which discovery rulings unknown to Kroger were referenced, (3) there was no prejudice to Plaintiff resulting from the short delay in producing the documents to DR-22, and (4) Plaintiff should not be rewarded for not requesting the material at issue sooner.

Thank you for your attention to this matter. If you have any questions or concerns, please do not hesitate to contact me.

                Sincerely,

                Ashley Hardesty Odell

---

[7] The Special Master may recall this issue being raised in Agenda Item 238. After the Special Master asked the parties to confer further, Kroger agreed to nationwide custodial discovery for all compliance personnel requested by the MDL Plaintiffs.