# EXHIBIT I

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
8/15/2022 8:24 AM
KATHLEEN VIGIL CLERK OF THE COURT
Johnny Enriquez-Lujan

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

STATE OF NEW MEXICO, EX REL.,
HECTOR BALDERAS, ATTORNEY
GENERAL,

        Plaintiff,

vs.                                        No. D-101-CV-2017-02541

PURDUE PHARMA L.P., et al.,

        Defendants.

## ORDER GRANTING PLAINTIFF STATE OF NEW MEXICO'S
## EXPEDITED MOTION FOR SANCTIONS AND/OR TO
## COMPEL DOCUMENTS IMPROPERLY WITHHELD BY KROGER

        This Matter having come before the Court on Plaintiff State of New Mexico's Expedited Motion for sanctions and/or to Compel Documents Improperly Withheld by Kroger; and the Court, having reviewed the pleadings filed in connection with the Motion and considering all matters of record, has determined that a hearing is unnecessary.

        The Court in its discretion may rely upon the pleadings filed in this matter if the written submissions are sufficient to resolve the matters presented. *See National Excess Insurance Co. v. Bingham*, 1987-NMCA-109, ¶9, 106 N.M. 325, 327, 742 P.2d 537, 539 (Ct App. 1987).

        The Court finds that the Motion is well taken and should be granted.

        Given the timing of the Special Master's original order and this Court's subsequent affirmations of the order, it is not believable that Kroger performed a good faith search for the requested documents at the time of the Plaintiff's First Request for Production, No. 95, or the Special Master's original order and would not have uncovered the documents or known of their

existence. This leads to the logical conclusion that the documents were knowingly withheld without disclosure. This is further evidenced by the unexplained quick discovery of the documents after this Court's last order and the speed by which the privilege log was prepared and served on the Plaintiff. It does not matter that "Kroger's counsel was *not in possession of these documents at until July 29, 2022.*" Which assertion is worded to distract from the real question. The question is: "Were the documents in Kroger's possession, custody or control?" Further, the existence of the documents cannot be allegedly disclosed in discovery and known by the Plaintiff for years and not be discovered by Kroger until July 29, 2022, as asserted by Kroger.

If Kroger had a privilege or immunity with respect to the documents, Kroger waived any such claim by its failure to timely diclose the existence of the documents and properly assert such privilege or immunity claim pursuant to Rule 1-026 NMRA. Kroger was on notice of the lack of a privilege or immunity with respect to the documents by its participation in the National Prescription Opiate Litigation wherein Special Master Cohen addressed and dismissed similar claims.

IT IS THEREFORE ORDERED that Plaintiff State of New Mexico's Expedited Motion for sanctions and/or to Compel Documents Improperly Withheld by Kroger is GRANTED, and Kroger shall immediately, no more than one (1) business day from the date of this Order, produce the withheld SOM and controlled substance compliance audit documents.

IT IS FURTHER ORDERED that an evidentiary finding shall be entered that Kroger's controlled substance compliance and SOM systems were inadequate at the date(s) of the withheld documents.

FRANCIS J. MATHEW
DISTRICT JUDGE

xc:     Counsel, e-served