UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | Case No. 1:17-MD-2804 |
| *APPLIES TO ALL CASES* | Hon. Dan A. Polster |

**PLAINTIFFS' MOTION TO STRIKE KROGER'S OBJECTION TO SPECIAL MASTER COHEN'S DISCOVERY RULING NO. 14, PART 32 REGARDING KROGER'S PRIVILEGE CLAIMS**

Kroger's 5/10/2023 Objection to Special Master Cohen's Discovery Ruling No. 14, Part 32 Regarding Kroger's Privilege Claims ("Kroger Obj.") relies on exhibits, cases, and arguments not previously submitted by Kroger to Special Master Cohen. This is in violation of multiple orders explicitly prohibiting such tactics. *See, e.g.,* Doc. ##: 1349, 1422. The Kroger Obj. must be stricken.

On February 8, 2019, this Court directed that "**going forward, the Court will strike any party's objection to a special master's ruling that raises, for the first time before the Court, new evidence or legal theories not first provided to the special master for consideration**." *See* Doc. #: 1349 at 2 (emphasis added). Further, on March 7, 2019, this Court *reiterated* the bar on submitting new evidence and arguments when a party submits an objection to a special master's ruling. *See* Doc. #: 1422 at 1. Despite the Court's clear prohibition, the Kroger Obj. raises new evidence and new legal theories.

From an evidentiary standpoint, Kroger's opposition letter brief underlying Discovery Ruling No. 14, Part 32 ("DR 14-32") contained no supporting exhibits. *See* Ex. 1 (4/17/2023 Kroger's letter brief response to Special Master Cohen regarding PEC's motion challenging

Kroger's privilege claims).[1]  Kroger did not reference or attach any affidavits, declarations, discovery responses or other materials - indeed no supporting evidence was submitted with Kroger's letter brief.  *Id*.  Other than the actual documents being claimed as privileged, Plaintiffs are unaware of any materials provided by Kroger to Special Master Cohen prior to DR 14-32.  However, Kroger now submits (among other new exhibits) two declarations, one from Kroger's in-house and one from its outside counsel – each dated May 10, 2023, more than two weeks *after* the issuance of DR 14-32.  Moreover, the Kroger Obj. relies heavily on these new declarations.  *See* Kroger Obj. at 2-5, 12-16.  In fact, the newly submitted in-house counsel declaration (a/k/a "Tucker Decl.") is cited in the Kroger Obj. thirty-four times.  *Id*.

The Kroger Obj. also raises new arguments and legal theories.  Kroger's original briefing to Special Master Cohen attempted to argue that "prior MDL rulings support Kroger's privilege regarding the substance of the [Buzzeo Audits]" because "SOM is predominantly a business matter for wholesalers given SOM's synonymity with a wholesaler's business operations."  *See* Ex. 1 at 3.  Kroger's original briefing continued with an alleged "self-distributor" theory that "Kroger's SOM-compliance cannot be 'business' in nature because Kroger is not in the business of distributing controlled substances."  *Id*. at 4.  This theory was rejected for multiple reasons.  *See* DR 14-32 at 5.  As such, Kroger has changed theories, no longer arguing that prior MDL rulings support its privilege claim, but rather now arguing that the prior MDL privilege rulings and DR 14-32 are based on a faulty premise and/or are contrary to the jurisprudence.  *See* Kroger Obj. at

---

[1] Kroger also submitted a 4/19/2023 supplemental letter brief, however, it too lacked any references or supporting exhibits.  Moreover, Kroger's supplemental brief was limited to the issue of waiver, which was not ruled upon by DR 14-32 due to mootness "[b]ecause the reports are not privileged under jurisprudence consistently applied in this MDL".  *See* DR 14-32 at 5-6 fn.9.

6-12. Relatedly, the Kroger Obj. also raises new case law as purported support for its latest (albeit misplaced) theories. *See, e.g.*, Kroger Obj. at ii-iii.

Even with the newly proffered evidence and legal theories, the Kroger Obj. still fails both factually and legally. However, because the Kroger Obj. is procedurally improper briefing on those substantive failures is not currently warranted.[2] "Submitting new evidence, case law, or legal theories to the Court for *de novo* review in an objection to a special master's ruling without first submitting them to the special master undermines th[e] purpose [of the special master appointment] and wastes judicial resources." *See* Doc. #: 1349 at 2. As such, the Court has made clear that it "will strike" any objection to a special master's ruling that raises "new evidence or legal theories not first provided to the special master for consideration." *Id. See also,* Doc. #: 1422 at 1. The Kroger Obj. must be stricken because it violates the Court's prior Orders.

## CONCLUSION

Based on the foregoing, Kroger's Objection to DR 14-32 must be stricken, and DR 14-32 affirmed.

Dated: May 16, 2023

Respectfully submitted,

Jayne Conroy
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
(212) 213-5949 (fax)
jconroy@simmonsfirm.com

---

[2] Plaintiffs will file a substantive opposition to the Kroger Obj. within the deadline (if the Kroger Obj. is not stricken by that time), and file the instant motion to avoid unnecessary briefing and wasting judicial resources.

3

        Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
FARRELL & FULLER LLC
1311 Ponce de Leone Ave., Suite 202
San Juan, PR 00907
(304)654-8281
paul@farrellfuller.com

*Plaintiffs' Co-Lead Counsel*

*/s/Peter H. Weinberger*
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY &LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

## CERTIFICATE OF SERVICE

      I hereby certify that on May 16, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system and may be obtained by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

        */s/Peter H. Weinberger*
        Peter H. Weinberger