**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | MDL No.: 2804 |
| **THIS DOCUMENT RELATES TO:** | Case No.: 17-md-2804 |
| *"All Cases"* | Judge Dan Aaron Polster |

### KROGER'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE KROGER'S OBJECTION TO SPECIAL MASTER COHEN'S DISCOVERY RULING NO. 14, PART 32 REGARDING KROGER'S PRIVILEGE CLAIMS

This Court should deny *Plaintiffs' Motion to Strike Kroger's Objection to Special Master Cohen's Discovery Ruling No. 14, Part 32 Regarding Kroger's Privilege Claims* [Dkt. No. 5032] (the "Motion") because Special Master Cohen extended Kroger's objection deadline so that Kroger could "develop the legal and factual record" and to "present evidence that the Court will need to conduct a de novo review." Ex. A (4.27.23 Ltr.) at 3. When Kroger sought an extension on those grounds, the Plaintiffs did not object. Nor did they object when the Special Master granted the extension on those grounds. This Court should not countenance the Plaintiffs' delayed indignation now that the legal and factual record have now been supplemented. The Motion—which Plaintiffs waited six full days to file—should be denied.

Kroger sought, and the Special Master granted, additional time to object to the Order[1] for the specific purpose of allowing Kroger an opportunity to "present evidence" that would facilitate this Court's de novo review of the Order. Ex. A (4.27.23 Ltr.) at 1. Originally, any objection to the Order due was due May 1. *See* Order [Dkt. No. 5019] at 7. Kroger quickly sought an extension

---

[1] Capitalized terms not otherwise defined shall have the meaning ascribed to them in the Objection [Dkt. No. 5029].

of the objection deadline.  *See generally* Ex. A (4.27.23 Ltr.).  Relevant here, Kroger argued that due to the abbreviated letter-briefing schedule established by the Special Master, and the lack of any evidentiary hearing, the parties had not received an adequate opportunity to present evidence that this Court would need to conduct a de novo review of the Special Master's Order.  *Id.* at 3.  Moreover, Kroger expressly requested the extension to "develop the legal and factual record to aid the Court in ultimately deciding these important privilege issues."  *Id.*  The Plaintiffs did not object, and Special Master Cohen extended Kroger's deadline from May 1 to May 10.  In other words, the Special Master **permitted** Kroger to supplement the record for this Court's review—which is exactly what the Plaintiffs now, belatedly, seek to prevent.

In any event, neither of the orders the Plaintiffs cite should control here.  In its February 8, 2019 order, this Court resubmitted Walgreens' and Cardinal's objections to Special Master Cohen for further consideration and ruling.  *See* Dkt. No. 1349 at 2.  In its March 7, 2019 order, this Court held that the Healthcare Distribution Alliance (the "HDA") failed to identify any portion of Special Master Cohen ruling that it believed was erroneous or contrary to law.  *See* Dkt. No. 1422 at 2.  Therefore, the HDA had not raised any substance objection to any conclusion of law and this Court overruled the objection.  Here, in contrast, Kroger specifically and directly challenges Special Master Cohen's application of the legal "principle" that "compliance with regulations is usually a business matter, not a legal one."  *See* Objection at 1–2, 6–12.  Kroger similarly challenged Special Master Cohen's improper reliance on his reasoning from *DR 14-5* and his incorrect assumption that Kroger was similarly situated to Cardinal.  *See id.* at 12–14.

Moreover, the Plaintiffs misrepresent—and do not actually attach—Kroger's original briefing before the Special Master.  *See* Mot. at 2.  The Plaintiffs claim that Kroger argued that "SOM is predominantly a business matter for wholesalers given SOM's synonymity with a

2

wholesaler's business operations." *Id.* But even a cursory review of Kroger's letter brief reveals the Plaintiffs' deception. As is clear from the plain text, Kroger was ***characterizing*** Special Master Cohen's decisions. *See* Ex. B. (4.17.23 Ltr.) at 3 ("Special Master Cohen reasoned that SOM is predominantly a business matter for wholesalers given SOM's synonymity with a wholesaler's business operations. *See, e.g.*, DR 14-5 and DR 14-8."). Of course, here, the Objection directly challenges the very bases upon Special Master Cohen reached that determination. Furthermore, there is nothing inconsistent about Kroger's original argument that "prior MDL rulings support Kroger's privilege" claim. *See* Ex. B (4.17.23 Ltr.) at 3. As demonstrated in the Objection, Kroger's Q&B Reports are privileged for the exact reasons Cardinal's Dendrite audits were not— in an effort to placate the DEA, Cardinal commissioned those for the sole purpose of sharing them with the DEA. *See* Objection at 12–14. Kroger, on the other hand, commissioned the Q&B Reports to seek legal advice and never shared them with a third party. *See id.* at 4–5, 12–14.

Finally, the Plaintiffs' motion to strike is not supported by law. The "proper use of motions to strike is actually quite narrow." *In re Commercial Money Center, Inc., Equip. Lease Litig.*, 2007 WL 1514292, at *3 (N.D. Ohio May 27, 2007). Rule 12(f)—the only reference to a motion to strike in the Federal Rule of Civil Procedure—"relates only to pleadings and is inapplicable to other filings." *See Dawson v. City of Kent*, 682 F.Supp. 920, 922 (N.D.Ohio 1988), *aff'd*, 865 F.2d 257 (6th Cir. 1988). And while some courts have employed Rule 12(f) to strike other filings— *e.g.*, an affidavit or portions thereof—"there is no basis in the Federal Rules for doing so." *In re Commercial Money Center, Inc., Equip. Lease Litig.*, 2007 WL 1514292, at *3; *see also* 2 James Wm. Moore et. al., *Moore's Federal Practice* § 12.37[2] (3d 2004) ("Only material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly. Motions, briefs, or memoranda, objections, or affidavits may not be attacked by the

motion to strike."). Indeed, as this Court has acknowledged, motions to strike are "generally disfavored and should only be granted when the material at issue has 'no possible relation to the controversy.'" *A Metal Source, LLC v. All Metal Sales, Inc.*, 2016 WL 245981, at *3 (N.D. Ohio Jan. 21, 2016) (Polster, J.) (denying motion to strike). The material at issue here directly relates to Kroger's Objection, the Special Master's Order, and the privilege issues now before this Court.

This Court should deny the Motion because motions to strike are generally disfavored and Kroger's Objection is completely consistent with the Special Master's decision extending Kroger's deadline to object to the Order.

## CONCLUSION

For the forgoing reasons, the Motion should be denied.

| | |
|---|---|
| Dated: May 17, 2023<br>Charleston, West Virginia | Respectfully submitted,<br><br>**The Kroger Co., Kroger Limited Partnership I, Kroger Limited Partnership II,**<br><br>**By counsel,**<br><br>  */s/ Ronda L. Harvey*_____<br>Ronda L. Harvey, Esq. (WVSB 6326)<br>Ashley Hardesty Odell, Esq. (WVSB 9380)<br>Fazal A. Shere, Esq. (WVSB 5433)<br>**BOWLES RICE LLP**<br>600 Quarrier Street<br>Charleston, West Virginia 25301<br>304-347-1100<br>rharvey@bowlesrice.com<br>fshere@bowlesrice.com<br>ahardestyodell@bowlesrice.com |

5

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on May 17, 2023, the foregoing document was filed with the Clerk of Court using the CM/ECF system which will send notice to all counsel of record.

*s/Ronda L. Harvey*
Ronda L. Harvey, Esq. (WVSB 6326)

15743186.1