# Exhibit A



**Attorneys at Law**

501 Avery Street, Parkersburg, WV 26101
P.O. Box 49, Parkersburg, WV 26102
304.485.8500

**Ryan S. Moore**
rmoore@bowlesrice.com
T 304.420.5515
F 304.420.5587

600 Quarrier Street
Charleston, WV 25301

101 South Queen Street
Martinsburg, WV 25401

125 Granville Square, Suite 400
Morgantown, WV 26501

Southpointe Town Center
1800 Main Street, Suite 200
Canonsburg, PA 15317

480 West Jubal Early Drive, Suite 130
Winchester, VA 22601

bowlesrice.com

April 27, 2023

Special Master David Cohen                                        *VIA EMAIL*
David R. Cohen Co. LPA
2400 Chagrin Blvd., Suite 300
Cleveland, OH 44122

Re:     *In re: National Prescription Opiate Litigation*, MDL No. 2804
        Discovery Ruling No. 14, Part 32 Regarding Kroger's Privilege Claims

Dear Special Master Cohen:

Kroger respectfully requests that the deadline imposed by Special Master Cohen be adjusted to conform to the timing requirements mandated by Federal Rule of Civil Procedure 53, that which is consistent with Judge Polster's Appointment Order (Doc. No. 69). In particular, Special Master Cohen issued an order relating to certain privilege claims on April 24, 2023, and ordered that any objection be filed by May 1, 2023—a period of one week. However, Rule 53 provides that parties shall have 21 days to object to a Special Master's order. Accordingly, Kroger requests that its objection deadline be adjusted to May 15 in order to provide it with 21 days to object. Adjusting Kroger's objection deadline to May 15 will not only conform with Rule 53's timing requirements, but also allow Kroger an opportunity to present evidence that will facilitate Judge Polster's de novo review of the order.

It is important to note that Kroger has attempted to resolve this scheduling issue without the Special Master's intervention but was denied its request for an extension to May 15 from the PEC.

*Procedural Background of the Expedited Submissions*

Months ago, the parties engaged in meet-and-confers relating to whether certain Kroger materials were privileged ("Privileged Materials"), and exchanged correspondence with Special Master Cohen in late 2022. This correspondence gave rise to Agenda Item 334 in which Special Master Cohen ordered Kroger to conduct limited custodial discovery of Frances Tucker, an in-house attorney, as well as other Kroger personnel, and produce a 30(b)(6) witness. Two weeks ago—on April 11—the PEC filed a letter brief challenging Kroger's privilege claims to documents withheld

Bowles Rice

Special Master David Cohen
April 27, 2023
Page 2

in productions pursuant to Agenda Item 334.  The PEC advised Special Master Cohen that the 30(b)(6) deposition was scheduled for April 25.

Shortly after noon on April 12, Special Master Cohen ordered Kroger to make an *in camera* submission by 4 p.m. on April 17.  The PEC submitted a reply on April 18 and Kroger submitted a sur-reply on April 19.

On April 24, 2023, the day before the scheduled 30(b)(6) deposition, Special Master Cohen issued an order denying many of Kroger's claims that the materials sought by the PEC were privileged.  *See* Doc. No. 5019 (the "Order"). The 30(b)(6) deposition went forward as scheduled, and because of Kroger's production of documents in compliance with DR-22 (*See* Doc No. 2576, later amended by Doc No. 2712), Plaintiffs were in possession of many of the disputed documents prior to the deposition.

Special Master Cohen also ordered that, "[a]ny party choosing to object to any aspect of this Ruling must do so on or before May 1, 2023."  *Id*. at 7.  He did not provide a citation to any rule or other authority that warrants a departure from the 21-day period that Rule 53 expressly provides for a party to object to an order from a Special Master. At this point, with the 30(b)(6) deposition being completed, coupled with the fact that Plaintiffs are already in possession of many of these disputed documents, there is no justification for an expedited deadline for Kroger to file its objections.

*Rule 53 Governs Kroger's Deadline to Object to the Special Master's Order*

Under Rule 53(f)(2), a party may object to a Special Master's order, report, or recommendations "no later than 21 days after a copy is served, unless *the court* sets a different time." Fed. R. Civ. P. 53(f)(2) (emphasis added).  Here, the Court has not set a different time.  To the contrary, the Appointment Order—which "is the fundamental document that establishes the [Special Masters'] powers, limits, and responsibilities"[1]—states:

> Pursuant to Rule 53(f)(2), any party may file an objection to an order, finding, report, ruling, or recommendation by the Special Masters within 21 calendar days of the date it was filed . . . .

Doc. No. 69 at 4.  The Appointment Order further notes that, although motions for extensions of time to file objections "will not normally be granted unless good cause is shown," Special Masters may provide "some period longer than 21 calendar days, if a longer period appears warranted."  *Id.* at 4

---

[1] *Appointing Special Masters and Other Judicial Adjuncts:  A Benchbook for Judges and Lawyers* (5th ed. 2013); *see also* Fed. R. Civ. P. 53(b)(2) (appointment order "must state the master's duties . . . and any limits on the master's authority").

Bowles Rice

Special Master David Cohen
April 27, 2023
Page 3

n.2.[2]  In other words, Special Masters may extend the deadlines, but not shorten them. Therefore, Kroger's deadline to object to the Order should be adjusted to May 15, 2023.

*Rule 53 Requires an Opportunity for Kroger to Provide Evidence for De Novo Review*

Rule 53 also provides that the Court "must give the parties notice and opportunity to be heard" and "may receive evidence" regarding the Order.  Fed. R. Civ. P. 53(f)(1).  This is particularly significant here because, under the Appointment Order, objections as to both legal conclusions and factual determinations are reviewed by Judge Polster de novo.  *See* Doc. No. 69 at 5.  But due to the abbreviated letter brief schedule established by Special Master Cohen, and the lack of any evidentiary hearing, the parties have not received an adequate opportunity to present evidence that the Court will need to conduct a de novo review.

Kroger therefore respectfully requests the full 21-day objection period provided by Rule 53 so that it may develop the legal and factual record to aid the Court in ultimately deciding these important privilege issues.

Thank you for your attention to this matter.

Sincerely,

Ryan S. Moore

RSM:

cc:  Ronda L. Harvey
     Ashley Hardesty Odell
     William M. Lorensen
     Jeff Gaddy
     Anthony Irpino
     Peal Robertson

---

[2] *See also* Doc. No. 69 at 5 ("To the extent the Special Masters enter an order, finding, report, ruling, or recommendation regarding an issue of fact, the Court shall review such issue de novo, if any party timely objects pursuant to the Rules and within the 21 calendar day time period set forth herein.") (citing Fed. R. Civ. P. 53(f)(3)).

15685774.1