UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | Case No. 1:17-MD-2804 |
| *APPLIES TO ALL CASES* | Hon. Dan A. Polster |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE KROGER'S OBJECTION TO SPECIAL MASTER COHEN'S DISCOVERY RULING NO. 14, PART 32 REGARDING KROGER'S PRIVILEGE CLAIMS**

This Court has ordered on multiple occasions that it "will strike" any objection to a special master's ruling that raises "new evidence or legal theories not first provided to the special master for consideration". *See, e.g.,* Doc. ##: 1349 at 2; 1422 at 1; 3527 at 7 n.12. However, Kroger's Opposition to Plaintiffs' Motion to Strike ("Kroger Opp.") claims that these orders are inapplicable because Special Master Cohen allegedly "***permitted*** Kroger to supplement the record for this Court's review". *See* Kroger Opp. at 2 (emphasis in original). Kroger is incorrect.

In his April 28, 2023 email ruling ("4/28 Ruling"), Special Master Cohen *solely* agreed to "extend the deadline from May 1, 2023 to May 10, 2023" for Kroger to file its objection to Discovery Ruling No. 14, Part 32 ("DR 14-32"). *See* Ex. A (4/28 Ruling). Nothing further is permitted in the 4/28 ruling. It does not mention allowing new exhibits or legal theories. *Id*. Rather, the Kroger Opp. invents permission to do so when none was given.

Additionally, the Kroger Opp. is inconsistent both factually and logically. For example, Kroger asserts it did not have enough time for its letter brief submission, and that there was no hearing, underlying DR 14-32. *See* Kroger Opp. at 2. However, Kroger never sought to extend the letter briefing deadline and never requested a hearing prior to the issuance of DR 14-32. The

Kroger Opp. claims that "Plaintiffs did not object", *id*., even though Kroger's April 27, 2023 letter (requesting additional time to object to DR 14-32) confirmed the opposite is true.[1]  The Kroger Opp. summarizes that "Kroger's Objection is completely consistent with the Special Master's decision extending Kroger's deadline to object to the Order."  *See* Kroger Opp. at 4.  However, the new evidence and legal theories in Kroger's Objection are completely *inconsistent* with the very purpose of the special master appointment as well as this Court's multiple orders prohibiting new evidence and new legal theories in objections to special master rulings.[2]

Finally, Kroger is wrong that "Plaintiffs' motion to strike is not supported by law".  *See* Kroger Opp. at 3.  Kroger ignores the authority for striking non-pleadings pursuant to courts' "inherent power to control their dockets".[3]  Courts grant motions to strike non-pleadings when warranted, including for failures to comply with their orders.[4]  Moreover, and most importantly, *this* Court *repeatedly* ordered the parties not to do what Kroger has done here.  *See, e.g.,* Doc. #: 1422 at 1.  Plaintiffs' motion to strike is supported by the law as well as the law of the case.

---

[1] *See* Ex. A to Kroger Opp. at 1 ("It is important to note that Kroger has attempted to resolve this scheduling issue without the Special Master's intervention but was denied its request for an extension to May 15 from the PEC.").

[2] *See* Doc. #: 1349 at 2 ("Submitting new evidence, case law, or legal theories to the Court for *de novo* review in an objection to a special master's ruling without first submitting them to the special master undermines [the special master appointment] and wastes judicial resources.").

[3] *See, e.g.*, *A Metal Source, LLC v. All Metal Sales, Inc.*, 2016 WL 245981, at *3 (N.D. Ohio Jan. 21, 2016) (Polster, J.) (quoting *Zep Inc. v. Midwest Motor Supply Co.*, 726 F.Supp.2d 818, 822 (S.D.Ohio 2010)).  *See also Bickerstaff v. Cuyahoga Cnty.*, No. 1:18CV1142, 2020 WL 5626692, at *6 (N.D. Ohio Sept. 21, 2020) ("Although Rule 12(f) only applies to pleadings, a court has the inherent authority to strike non-pleadings in order to manage its docket.") (internal quotes and citation omitted).

[4] *See, e.g.*, *Scully v. Hamilton Cnty. Developmental Disabilities Servs.*, No. 1:17-cv-685, 2021 WL 3634700, at *4 (S.D. Ohio Aug. 17, 2021) (granting motion to strike a summary judgment filing that did not comply with the Court's standing order);  *Jones v. Ahmed*, No. 1:14-cv-964, 2019 WL 1433853, at *1 (S.D. Ohio Mar. 31, 2019) (upholding Magistrate Judge's granting of a motion to strike a response brief), *aff'd*, No. 19-3393, 2020 WL 2062280 (6th Cir. Feb. 10, 2020).

Dated: May 18, 2023						Respectfully submitted,

                        Jayne Conroy
                        SIMMONS HANLY CONROY
                        112 Madison Avenue, 7th Floor
                        New York, NY 10016
                        (212) 784-6400
                        (212) 213-5949 (fax)
                        jconroy@simmonsfirm.com


                        Joseph F. Rice
                        MOTLEY RICE LLC
                        28 Bridgeside Blvd.
                        Mt. Pleasant, SC 29464
                        (843) 216-9000
                        (843) 216-9290 (Fax)
                        jrice@motleyrice.com

                        Paul T. Farrell, Jr., Esq.
                        FARRELL & FULLER LLC
                        1311 Ponce de Leone Ave., Suite 202
                        San Juan, PR  00907
                        (304)654-8281
                        paul@farrellfuller.com

                        *Plaintiffs' Co-Lead Counsel*

                        */s/Peter H. Weinberger*
                        Peter H. Weinberger (0022076)
                        SPANGENBERG SHIBLEY &LIBER
                        1001 Lakeside Avenue East, Suite 1700
                        Cleveland, OH 44114
                        (216) 696-3232
                        (216) 696-3924 (Fax)
                        pweinberger@spanglaw.com

                        *Plaintiffs' Liaison Counsel*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system and may be obtained by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

*/s/Peter H. Weinberger*
Peter H. Weinberger