**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** ) ) ) | **CASE NO. 1:17-MD-2804** |
| **THIS DOCUMENT RELATES TO:** ) | **JUDGE POLSTER** |
| *"All Cases"* ) ) | |
| ) | **ORDER REGARDING RECENT** |
| ) | **SETTLEMENT AGREEMENTS** |

About two years ago, defendants McKesson, Cardinal Health, AmerisourceBergen, and Janssen reached global Settlement Agreements with MDL Plaintiffs. The Court then granted a motion to establish a Qualified Settlement Fund, appoint a Fee Panel, and for other, associated action. *See* docket no. 3828 ("*First QSF Order*"). Thereafter, the Court entered a number of subsidiary, related orders. *See, e.g.,* docket no. 4030 (holding the Fee Panel is protected by quasi-judicial immunity).

Recently, five other defendants also announced they reached global Settlement Agreements with MDL plaintiffs – (1) Teva, (2) Allergan, (3) CVS, (4) Walgreens, and (5) Walmart (collectively, "Next Five Settlements"). The Court entered a *Second QSF Order* related to the Teva and Allergan settlements, *see* docket no. 5079, and a *Third QSF Order* related to the three Pharmacy settlements, *see* docket no. 5088. As it did before, the Court concludes it is now appropriate to enter subsidiary, related orders. Accordingly, the Court orders as follows.

**Docket no. 3814 ("*Fee Cap Order*")**

The Court earlier held that "a contingent fee in excess of 15% of the participant's award under the [first two global] Settlement Agreements is presumptively unreasonable." *Fee Cap Order* at 1; *see also id.* (noting that the "fee cap order applies only if counsel seeks to enforce a fee contract" and "does not apply to limit fees that may be received [under] any applicable 'State Back-Stop'").

For all of the reasons stated therein, the Court now holds all of the provisions in the *Fee Cap Order* apply equally to the Next Five Settlements also.

**Docket no. 4030 ("*Immunity Order*")**

Among other things, this Order provided that quasi-judicial immunity would apply to the Fee Panel, the Cost Administrator, and their assistants and retained professionals; and that the relevant QSF would indemnify them and hold them harmless. For all of the reasons stated therein, the Court now holds that all of the provisions in the *Immunity Order* apply equally to the Next Five Settlements also.

**Docket no. 4116 ("*Information Sharing Order*")**

The Court held that "information-sharing, including the sharing of confidential and or proprietary information, in furtherance of implementation of the injunctive relief terms in the Distributor Settlement Agreement, is activity immune from federal antitrust laws." Order at 1-2. For all of the reasons stated therein, the Court now holds that all of the provisions in the *Information Sharing Order* apply equally to the Next Five Settlements also.

**Docket no. 4286 (*"Order Appointing Fee Committee"*)**

The Janssen Settlement Agreement and Distributors Settlement Agreement each incorporated the Court's *Fee and Expense Order* (docket no. 358), which provides there will be a "Fee Committee." Accordingly, the Court appointed a Fee Committee, but further made clear that the Committee would ***not*** "have the responsibility and discretion to allocate any Court-awarded attorneys' fees and expenses to Participating Counsel." *Id.* at 2. Rather, the Fee Committee "shall instead have the responsibility of auditing attorney fee and expense reimbursement requests and then consulting with the Fee Panel as the Panel wishes." Order at 2.

The Next Five Settlement Agreements each also incorporate the Court's Fee and Expense Order. Accordingly, the same Fee Committee shall have the same auditing responsibility. That said, the Court makes clear that it is ***only*** the Fee Panel, and ***not*** the Fee Committee, that has entire discretion to allocate common benefit fees (subject to Court approval); and it is ***only*** the Cost and Expense Fund Administrator, and ***not*** the Fee Committee, that has entire discretion regarding reimbursement of expenses. The Fee Committee shall have no say in the amount of expenses, contingent fees, or common benefit fees awarded to applicants. Consultation by the Fee Panel with the Fee Committee is meant only to allow the Panel to obtain, ***if needed***, accurate understanding of all counsel's work-history in the MDL as context for statements made in fee and expense applications.

The *Order Appointing Fee Committee* further provides that: (1) "the 'recovery of attorneys fees and expense reimbursements' is not limited to 'Participating Counsel,'" *id.* at 3; and (2) "all interviews, submissions, applications, and related documents received by the Fee Panel and/or Fee Committee and/or Fund Administrator in connection with expense and fee awards are confidential

3

and are not subject to discovery by any person, absent extraordinary circumstances," *id.* at 4. The Court now holds that these provisions apply equally to the Next Five Settlements also.

**Docket no. 4297 ("*Start-Up Matters Order*")**

With this Order, the Court approved the form of the Trust Agreement, and approved the Trusts' utilization of "Huntington Bank, and/or any other nationally-recognized financial institution, as the financial institution(s) for the Funds." Order at 2. The Court also noted it would maintain "continuing jurisdiction over the Attorney Fee Fund and Costs Fund and may enter such further Orders as may be necessary and appropriate." *Id.*

The Court now holds that these provisions apply equally to the Next Five Settlements also. The form of the Trust Agreements used may be a Delaware Statutory Trust, Delaware Common Law Trust, or other form of Trust consistent with best practices as determined in the discretion of the Trust Administrator and his counsel.

**Docket no. 4344 ("*Fee Application Protocols Order*")**
**Docket no. 4469 ("*Expense Application Protocols Order*")**

With these Orders, the Court approved various procedures and protocols set by the Fee Panel and the Cost Administrator regarding submission of fee and expense applications, auditing of time and expense reports, Panel and Administrator deliberation and recommendations, and so on. The Court is also aware of additional deadlines, procedures, and protocols set by the Panel in various "Fee Panel Orders." *See, e.g.,* Fee Panel Order No. 20 (docket no. 4813) (modifying a provision regarding court reporters contained in docket no. 4344).

The Court hereby approves the use of similar procedures and protocols in connection with

the Next Five Settlements. To the extent possible, the Court urges the Fee Panel and Cost Administrator to employ procedures and protocols for the Next Five Settlements that are complementary with and even identical to those used in connection with the Janssen and Distributors Settlements, to facilitate (i) ease of application by counsel, and (ii) integrated review by the Panel, the Administrator, and the Court of counsel's various applications for awards from all of the fee and cost funds.

**Docket no. 4543 ("*Back-Stop Order*")**

This Order authorized the Fee Panel to allocate and disburse attorney fees provided for in certain State Back-stop Agreements, contingent upon agreement by the Office of the State Attorney General and all "Contact Counsel" in that State. The Court now holds that the provisions in this Order apply equally to State Back-Stop Agreements applicable to the Next Five Settlements also.

**IT IS SO ORDERED.**

/s/ *Dan Aaron Polster*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

**Dated:** June 27, 2023