UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*APPLIES TO ALL CASES* | No. 1:17-MD-2804<br><br>Judge Dan A. Polster |

**COSTCO WHOLESALE CORPORATION'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF ADDITIONAL ARCOS DATA**

Costco Wholesale Corporation agrees with the Department of Justice that Plaintiffs have not met their burden of showing that additional ARCOS data is relevant and proportional to the needs of the case.[1] Costco writes separately to address an asserted justification for the data the PEC has raised elsewhere but did not include in its letter, and of which the DOJ may not be aware: Plaintiffs' desire to amend their complaints. The Federal Rules make clear that the discovery process may not be used to hunt for new claims, and it is too late for Plaintiffs to amend their complaints in any event. Because Plaintiffs have not offered any persuasive reason the additional data is sufficiently important to their *existing* claims and proportional to the needs of the case, the Court should deny the motion.

**ARGUMENT**

Plaintiffs bear the burden of demonstrating that the additional ARCOS data they seek "is relevant to any party's claim or defense *and* proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) (emphasis added); *see also Curtiss v. Charter Comm'cns, Inc.*, 2022 WL 2209435, at

---

[1] Costco preserves, and does not waive, all defenses and objections, including those related to personal jurisdiction, venue, and service.

*1 (N.D. Ohio 2022) (holding that party moving to compel bears burden of establishing relevance and proportionality). The proportionality requirement means that the Court must limit even relevant discovery "where the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues" *Helena Agri-Enterprises, LLC v. Great Lakes Grain, LLC*, 988 F.3d 260, 274 (6th Cir. 2021). "The key here is careful and realistic assessment of actual need." John G. Roberts, Jr., 2015 Year-End Report on the Federal Judiciary 7 (2015).

Plaintiffs have not met their burden. Their single-paragraph discussion of relevancy asserts that the data is "important for settlement purposes" and contends that because the Court compelled production of the earlier tranche of ARCOS data, they are automatically entitled to more.[2] *See* Dkt. 5072-1 at 2. But Plaintiffs are differently situated now than in 2018 because they already have access to nearly a decade of ARCOS data, and they have used it to successfully resolve dozens of cases, including through numerous settlements reached in the last several months.[3]

---

[2] Plaintiffs make no effort to explain why this discovery is proportional to the needs of the case. Indeed, their letter brief does not even mention proportionality. This is reason alone to deny the motion. *See* Fed. R. Civ. P. 26(b)(1) (requiring party seeking discovery to demonstrate relevance *and* proportionality).

[3] *See, e.g.*, Dkt. 5030 (May 9, 2023 dismissal with prejudice of Illinois, Indiana, Kentucky, Michigan, Ohio, and tribal plaintiffs' claims against Meijer due to settlement); Dkt. 5020 (December 20, 2022 settlement between New Mexico plaintiffs and CVS); Dkt. 5022 (December 8, 2022 settlement between New Mexico plaintiffs and Walmart); Dkt. 5010 (December 7, 2022 settlement between New Mexico plaintiffs and Albertsons); Dkt. 4981 (November 23, 2022 settlement between New Mexico plaintiffs and Kroger); Dkt. 4995 (October 11, 2022 settlement between West Virginia plaintiffs and Johnson & Johnson); Dkt. 4656 (September 30, 2022 settlement between Texas plaintiffs and McKesson, Cardinal, and AmerisourceBergen); Dkt. 4651 (September 29, 2022 order noting settlement between Minnesota subdivisions and various defendants); Dkt. 4682 (August 31, 2022 settlement between New Hampshire plaintiffs and Johnson & Johnson); Dkt. 4668 (July 31, 2022 settlement between West Virginia plaintiffs and McKesson, Cardinal, and AmerisourceBergen); Dkt. 4737 (July 25, 2022 settlement between Oklahoma plaintiffs and Johnson & Johnson); Dkt. 4677 (June 24, 2022 settlement between Oklahoma plaintiffs and McKesson, Cardinal, and AmerisourceBergen); Dkt. 4557-2 (May 4, 2022 settlement between Florida plaintiffs and Walgreens); Dkt. 4672 (May 2, 2022 settlement between Washington plaintiffs and McKesson, Cardinal, and AmerisourceBergen); Dkt. 4938 (April 1, 2022 settlement between Alabama plaintiffs and Johnson & Johnson).

At a June 14, 2023 status conference, the PEC reported that there is more to come: another settlement is imminent, and the PEC will begin mediation with other defendants soon. In the face of this track record, Plaintiffs' unexplained assertion that the additional data is "important for settlement purposes" does not suffice. *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment ("A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them.").

Given Plaintiffs' demonstrated ability to resolve cases using the existing ARCOS data, why do they suddenly claim to need more? Although they have thus far declined to admit it on the record, a member of the PEC stated at a June 14, 2023 status conference with the Tier 2 and Tier 3 defendants that Plaintiffs seek the additional data so that they can amend their complaints.[4] But that is not an appropriate basis for compelling the production of more data.

First, Plaintiffs must demonstrate that the discovery they seek is relevant to their *existing* claims. They are not entitled to use the discovery process to fish for a basis to bring *new* claims. *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2000 amendment (parties "have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings"); *Hutt v. Greenix Pest Control, LLC*, 2023 WL 2726357, at *5 (S.D. Ohio 2023) (same); *Papineau v. Brake Supply Co., Inc.*, 2020 WL 7249629, at *4 (W.D. Ky. 2020) (plaintiffs "may not employ discovery as a means of investigating whether additional claims might be available"); *All. Energy & Eng'g Corp. v. Rodgers*, 2018 WL 2746581, at *4 (W.D. Ky. 2018) ("This limitation ensured that discovery would no longer be used to troll for new claims or causes of action, but that the requested discovery was relevant to the specific claims and defenses before the court.") (citation omitted); *Braxton v. Heritier*, 2015 WL 5123613, at *2 (E.D. Mich. 2015) ("[]Rule 26(b) was amended in 2000 specifically to curtail these kinds of fishing expeditions."). Indeed, the bar on using the discovery process to seek out new claims is

---

[4] That representation was repeated by another member of the PEC at a June 27, 2023 status conference in *Palm Beach County, FL v. Mylan Pharms., Inc.*, 9:23-cv-80431-RLR (S.D. Fla. 2023).

so clearly established that the Ninth Circuit issued a writ of mandamus reversing a district court's order compelling the production of discovery so that the plaintiff's counsel could identify additional plaintiffs. *See In re Williams-Sonoma, Inc.*, 947 F.3d 535 (9th Cir. 2020).

Second, it is too late for Plaintiffs to amend their complaints. Federal Rule of Civil Procedure 16 requires courts to set a deadline for the parties to amend the pleadings so that "at some point both the parties and the pleadings will be fixed." *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 843 (6th Cir. 2020) (quoting *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003)). That deadline passed four years ago for most plaintiffs and at least a year ago for all others.[5] Dkt. 1106 at 2-3 & n.7. Further, the Court already ordered Plaintiffs to review the 2006–2014 ARCOS data when they amended their complaints the last time. *See Id.* Plaintiffs either examined that data and chose not to assert claims against defendants that appeared in it or ignored the Court's order. Either way, they cannot assert claims against those defendants now. *In re Prescription Opiate Litig.*, 956 F.3d at 843 (granting mandamus vacating improper leave to amend and holding that a plaintiff cannot establish good cause to assert new claims after the amendment deadline when the plaintiff simply "chose not to bring them" and that Plaintiffs have likely waived such claims).

Finally, adding new claims now is flatly inconsistent with the Court's stated goal of "winnow[ing] and resolv[ing] remaining cases and claims," Dkt. 4742, and the JPML's conclusion that the drawbacks of adding additional claims to the MDL outweigh the benefits. *See* Order Denying Transfer at 1, *In re Nat'l Prescription Opiate Litig.*, No. 3:21-cv-246 (J.P.M.L. April 8, 2022), ECF 39. Plaintiffs should not be permitted to hijack a process that was designed to cull the remaining claims and turn it into one that could dramatically expand the scope and duration of the MDL.

---

[5] The deadline for amending complaints pending in the MDL as of November 8, 2018—the bulk of all complaints—was March 16, 2019. Dkt. 1106 at 2-3. The deadline for amending the complaints in cases later transferred to the MDL was 90 days from transfer. *Id.* at n.7. The Judicial Panel on Multidistrict Litigation's final transfer into the MDL was on March 21, 2022, so the deadline passed for all Plaintiffs no later than June 21, 2022. *See* Dkt. 4318 (final transfer into MDL).

One reason for the Court's initial order compelling production of the 2006–2014 ARCOS data was for Plaintiffs to use the data to identify defendants "who should *not* be named" and to dismiss them. Dkt. 397 at 2; *see also* Dkt. 1429 at 2 (noting that the "parties and the Court contemplated that Plaintiffs would . . . remove defendants based on Plaintiffs' analysis of the ARCOS data"). Since then, the Court has reminded Plaintiffs of their obligation to dismiss these defendants on several occasions. *See* Dkt. 3709 at 2 (noting at a status conference that the Court has "already 'issued prior orders to clean up the docket to take care of this' and that '[i]f defendants have no market share, they shouldn't be in the case, period'"); Dkt. 3688 at 2 (ordering that "plaintiffs shall begin dismissal of those Defendants [with no market share] with prejudice"). Although Plaintiffs have conceded that they "need neither bellwether discovery nor a trial to acknowledge that causation will be difficult to prove where a chain has nominal market share," Dkt. 3672 at 3, they have flouted the Court's orders at every turn.

Indeed, years after the ARCOS data was produced, several Pharmacy Defendants identified *hundreds* of cases maintained by jurisdictions in which they had no market share at all. *See* Dkt. 3745 at 1-3 (383 for CVS, 507 for Rite Aid, 434 for Walgreens, and 535 for Walmart). And those defendants are not alone. At least 60 jurisdictions in the MDL have maintained claims against Costco even though the ARCOS data and Costco's website make clear that there is no Costco warehouse in the jurisdiction. Plaintiffs' pattern of ignoring the ARCOS data continues to this day. In April, for example, a member of the PEC added Costco to 35 cases pending in New York state court even though the ARCOS data shows that Costco has never operated in 33 of the 35 jurisdictions and its market share is *de minimis* in the other two. Costco understands that nearly every defendant remaining in the MDL faces such cases, and that numerous claims remain pending where the ARCOS data shows *de minimis* or zero market share. Plaintiffs' failure to make a good-faith effort to use the ARCOS data they already have belies their contention that they need more.

## CONCLUSION

Plaintiffs have not met their burden of showing that the additional ARCOS data is relevant to their existing claims and proportional to the needs of the case. Their assertion that the 2015–2019 data is "important for settlement purposes" is largely unexplained and is inconsistent with the record showing that they have had no trouble settling cases using the data they already have. And their desire to use the ARCOS data to hunt for some basis to assert new claims is directly contrary to the Federal Rules and this Court's and the Sixth's Circuit's orders regarding amendment. Therefore, the Court should deny the motion to compel. Should the Court identify some other reason that justifies compelling production of the data, it should make clear that Plaintiffs may not use the data to assert new claims. The Court should also enforce its previous orders requiring Plaintiffs to dismiss claims against defendants with *de minimis* market shares.

DATED this 29th day of June, 2023

*s/David J. Burman*
David J. Burman, WSBA No. 10611
Tyler S. Roberts, WSBA No. 52688

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: DBurman@perkinscoie.com
Email: TRoberts@perkinscoie.com

*Attorneys for Costco Wholesale Corporation*