**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*All Cases* | MDL No. 2804<br><br>Hon. Dan Aaron Polster |

**SETTLED DISTRIBUTOR DEFENDANTS' POSITION STATEMENT IN RESPONSE TO THE COURT'S JUNE 15, 2023 ORDER REGARDING ARCOS SUBPOENA**

Settled Distributor Defendants[1] respectfully submit this Position Statement in Response to the Court's June 15, 2023 Order Regarding ARCOS Subpoena. (ECF No. 5072). For the reasons set forth below, Settled Distributor Defendants oppose any further production of ARCOS data that includes data related to the Settled Distributors.

**I.  RELEVANT BACKGROUND**

**A.  Procedural History**

On May 11, 2023, the Plaintiffs' Executive Committee ("PEC") sent a *Touhy* letter to the Department of Justice ("DOJ") seeking "complete transactional ARCOS data for opioid drug families—for the period January 1, 2015 to December 31, 2019." (ECF No. 5072-1 Ex. A). The PEC did not copy any counsel (including liaison counsel) for Settled Distributor Defendants on this letter request.[2] On May 25, 2023, the DOJ sent a letter in response, objecting to production.

---

[1] The Settled Distributor Defendants are AmerisourceBergen Drug Corporation, McKesson Corporation, and Cardinal Health, Inc. as well as any other of their Released Entities, as that term is defined in the Distributor Settlement Agreement.

[2] Settled Distributor Defendants have consistently and repeatedly asked the PEC to copy them on all correspondence with the DOJ, including *Touhy* letters. The PEC repeatedly has failed to do so.

(ECF No. 5072-2 Ex. A).  The DOJ's letter likewise did not copy any counsel for Settled Distributor Defendants.

On June 8, 2023, the PEC sent a letter to Special Master Cohen, on behalf of "all MDL Plaintiffs," seeking his assistance with their request for additional ARCOS data.  (ECF No. 5072-1) (the "PEC's Letter Brief").  For defendants, the PEC's Letter Brief only purported to copy "tracks6to10defendants@bbhps.com."[3]  Settled Distributor Defendants are not active defendants in any of Tracks 6 to 10 (indeed, they have settled all of those cases), are not members of that email distribution, and did not receive a copy of the PEC's Letter Brief submitted to the Special Master.  On June 15, 2023, the DOJ submitted a response to Special Master Cohen, copying the same "Tracks 6 to 10" email distribution used by the PEC.  (ECF No. 5072-2) (the "DOJ's Letter Brief").

Settled Distributor Defendants first learned of the PEC's May 11, 2023 *Touhy* request and the above-referenced subsequent correspondence, including the correspondence with the Special Master, when the Court filed its June 15, 2023 Order.

B.  **The PEC's Request For Five Additional Years of ARCOS Data**

As set forth in the PEC's Letter Brief, the PEC seeks "complete transactional Automated Records and Consolidated Orders System ('ARCOS') data for all relevant opioid drugs for the years 2015 to 2019."  PEC Letter Brief at 1.  In a single paragraph, the Letter Brief sets forth two purported reasons the 2015-to-2019 ARCOS data is relevant.  *Id.* at 2.

First, the PEC claims that such data is "[r]elevant to [o]ngoing MDL [c]ases."  *Id.* at 1. The PEC's Letter Brief specifically describes the "Plaintiffs in this MDL" as "county and

---

[3] Settled Distributor Defendants are not aware if *any* defendants actually received a copy of the PEC's Letter Brief (or any other related correspondence), despite the PEC having listed this email address as a cc on the Letter itself.

2

municipal governments." *Id.* As to the defendants, the Letter Brief distinguishes between those defendants that have settled and those that have not:

> Since the Court ordered DEA to produce the earlier-period ARCOS data, ***some Defendants have entered into national settlement agreements*** resolving the MDL cases against them. ***Other Defendants have not, however.***

*Id.* at 2 (emphasis added). The Letter Brief then claims the data is relevant to that pending litigation against the non-settled defendants:

> MDL Plaintiffs continue to have claims against certain national retail pharmacy chains, as well as "Tier 2" and "Tier 3" opioid manufacturers, distributors and dispensers and PBM Defendants. ***The 2015 to 2019 transactional ARCOS data is as relevant to the cases against these Defendants being litigated in 2023*** as the earlier-period data was relevant, by DEA's own admission, to cases against other Defendants that were being litigated five years ago in 2018.

*Id.* (emphasis added). Thus, the Letter Brief's claim of relevance appears to be limited to government subdivision claims filed against non-settled defendants.

Second, the PEC claims that "[t]he updated ARCOS data is also important for settlement purposes with regard to the remaining Defendants, as it provides both Defendants and the PEC with a more current view of their relative market shares." *Id.* Nowhere does the PEC's Letter Brief set forth any reason the PEC believes the ARCOS data is relevant as to Settled Distributor Defendants, either specifically or in concept.

      **C.**     **The DOJ's Objection to Production of Additional ARCOS Data**

Despite the PEC's representations to the contrary, the DOJ has objected outright to any further production of ARCOS data. The DOJ's Letter Brief explained that the Court's original decision to order production of ARCOS data from 2006 to 2014 set the appropriate balance between "the needs of the Plaintiffs for this data against the government's law enforcement and resource concerns." DOJ Letter Brief at 2-3. The new request, however, would impose an undue

3

burden on the government that is disproportionate with the needs of the litigation, according to the DOJ.  *Id.* at 3-5.

Specifically, the DOJ asserted that the PEC had not explained how the updated data would be relevant to the ongoing litigation. *Id.* at 3-4.  To the contrary, the DOJ asserted:

> The PEC has already received nine years of ARCOS data, which was sufficient for Plaintiffs to successfully litigate numerous cases in federal and state courts, and to secure tens of billions of dollars in settlements against national opioid manufacturers, distributors, and retail pharmacies. Additional ARCOS data will not enhance the PEC's litigating posture or leverage in settlement negotiations.

*Id.* at 4.

Moreover, DOJ explained that the request is unduly burdensome.  *Id.* at 3-5.  It would "divert significant resources from DEA," including "at the expense of other mission-critical tasks." *Id.* at 4.  This would involve diverting government resources from efforts related to:  "combat[ting] the diversion of controlled substances;" "active criminal, civil, and administrative cases;" ongoing DEA audits; and preparing reports for "all state Attorneys General for their use in state law enforcement efforts." *Id.* at 4.

The DOJ further emphasized that DEA already is responding to numerous requests in active litigation around the country:  "The agency is facing a substantial number of requests from other parties in the MDL, in multiple other state court proceedings, and by parties seeking documents from High Intensity Drug Trafficking Area programs." *Id.* at 5.  "The cumulative burden imposed on DEA by all of these requests . . . is considerable." *Id.*

The DOJ objected on still additional grounds, including that the PEC's requested deadline for compliance was unreasonable.

4

## II. FURTHER PRODUCTION OF ARCOS DATA RELATED TO SETTLED DISTRIBUTOR DEFENDANTS IS UNWARRANTED

In addition to the grounds set forth in DOJ's Letter Brief, production of additional ARCOS data is unnecessary and unwarranted—in general and especially as to Settled Distributor Defendants—for several other reasons.

***The request is not proportional to the needs of the ongoing litigation as to Settled Distributor Defendants.*** As DOJ noted in its Letter Brief, the PEC has made no real effort to explain why they need this data, other than an entirely cursory assertion that it is "relevant." This justification is even more glaringly inadequate in light of the extensive and invasive nature of the request—five more years of detailed, business-competitive and law enforcement confidential data. This is especially true for Settled Distributor Defendants, as nearly all of the government subdivisions on whose behalf the PEC claims it is seeking this data have participated in the Distributor Settlement.[4] Indeed, Settled Distributor Defendants currently have no active cases in the MDL at all. The PEC's Letter Brief itself recognizes this, directly prefacing the threadbare assertion of relevance with the acknowledgement and distinction that "some Defendants have entered into national settlement agreements resolving the MDL cases against them." PEC Letter Brief at 2.

***Release of Settled Distributor Defendants' data will result in competitive harm and can hamper efforts to combat diversion.*** Settled Distributor Defendants have consistently explained that public release of the ARCOS data—which is a compilation of their and other companies' customer-by-customer controlled substances transactional data—can result in competitive harm to

---

[4] The PEC's Letter Brief makes no mention of any other types of litigation, including TPP and Hospital cases. As the Court is aware, there are no active TPP or Hospital cases in the MDL at this time, and it is not clear when there will be. If and when either track becomes active, those plaintiffs can seek discovery in those cases, in the normal course, which requests can and should be evaluated at that time, based on the proportional needs of those cases.

them and could hamper their anti-diversion efforts.  For these reasons, Settled Distributor Defendants would never publicly share this information in the normal course and, instead, go to great lengths to maintain confidentiality.  Without conceding that staleness is ever a sufficient basis for production, Settled Distributor Defendants specifically disagree that the 2015 to 2019 data is so old as to have lost either its competitive value or potential relevance to anti-diversion efforts.

***The data is not needed to amend or file new complaints against Settled Distributor Defendants.***  While not asserted in the PEC's Letter Brief, Settled Distributor Defendants have learned that the PEC may be seeking additional ARCOS data for the purpose of amending complaints to assert new claims against new defendants.  In the first instance, and in the context of the sixth year of this MDL, Settled Distributor Defendants do not concede that any such amendments would be timely or procedurally appropriate.  But even if the Court were to entertain a motion by the PEC to amend any particular complaint, the PEC certainly does not need more recent ARCOS data to do so vis-à-vis Settled Distributor Defendants.  Settled Distributor Defendants are well known to the PEC, have been named in, practically speaking, every single lawsuit that has been filed and consolidated in this MDL, and have settled the vast majority of them.

***The Settled Distributor Defendant data is not needed for settlement.***  The PEC's second stated reason for requesting the data was that it is "important for settlement purposes."  PEC Letter Brief at 2.  On its face this does not apply to parties that already have settled.  Settled Distributor Defendants already have resolved via settlement the claims of 49 States and their subdivisions and public entities, along with those of several U.S. territories.  Nor would additional ARCOS data be necessary for settlement negotiations in other categories of cases.  Indeed, subsequent to the Global Settlement, Settled Distributor Defendants have also resolved the claims of the Native American Tribes and the West Virginia subdivisions, without the need for additional ARCOS data.  Having

6

done so, Settled Distributor Defendants' confidential business information should not be subject to ongoing extensive discovery in response to a request that appears to be, essentially, nothing more than a whim.

### III. CONCLUSION

For the reasons set forth above, Settled Distributor Defendants object to production of additional ARCOS data, and respectfully submit that if the Court does order the production of additional ARCOS data it should expressly exclude data relating to the Settled Distributor Defendants.

Dated:  June 29, 2023

                                            Respectfully submitted,

                                            */s/ Robert A. Nicholas*
                                            Robert A. Nicholas
                                            Shannon E. McClure
                                            Joseph J. Mahady
                                            Anne R. Bohnet
                                            REED SMITH LLP
                                            Three Logan Square
                                            1717 Arch Street, Suite 3100
                                            Philadelphia, PA 19103
                                            Telephone:  (215) 851-8100
                                            Fax: (215) 851-1420
                                            rnicholas@reedsmith.com
                                            smcclure@reedsmith.com
                                            jmahady@reedsmith.com
                                            arollins@reedsmith.com

                                            *Counsel for AmerisourceBergen Corporation*

                                            */s/ Enu A. Mainigi*
                                            Enu A. Mainigi
                                            Jennifer G. Wicht
                                            Steven Pyser
                                            Ashley Hardin
                                            WILLIAMS & CONNOLLY LLP
                                            680 Maine Ave SW
                                            Washington, DC  20024
                                             (202) 434-5000 / tel.

(202) 434-5029/ fax
emainigi@wc.com

*Attorneys for Defendant Cardinal Health, Inc.*

<u>*/s/ Geoffrey E. Hobart*</u>
Geoffrey E. Hobart
Timothy  C. Hester
Christian J. Pistilli
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
thester@cov.com
cpistilli@cov.com

*Counsel for Defendant McKesson Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that, on June 29, 2023, Settled Distributor Defendants' Position Statement in Response to the Court's June 15, 2023 Order Regarding ARCOS Subpoena was served on all counsel of record via the CM/ECF system.

/s/ *Robert A. Nicholas*
Robert A. Nicholas