# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*All Cases* | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

## PHARMACY DEFENDANTS' OPPOSITION TO PEC'S ARCOS MOTION

In response to the Court's order inviting defendants to comment on the PEC's request for additional ARCOS data, Defendants CVS Pharmacy, Inc., Walgreen Co., and Walmart Inc. ("Pharmacy Defendants") offer the following additional reasons why the request should not be granted. Pharmacy Defendants take no position here on the government's claimed burdens associated with the PEC's request for additional ARCOS data. Rather, as explained below, Pharmacy Defendants oppose the PEC's ARCOS motion because the requested production would also have little or no value to this MDL.

First, CVS, Walgreens, Walmart and several other defendants have entered into national settlements, resolving the vast majority of cases against them. The remaining cases against the settling defendants and against other defendants represent a tiny fraction of the claims before this Court when it initially ordered the production of ARCOS data. Given the dramatically reduced scope of this MDL, neither national nor industry-wide discovery is appropriate any longer. The parties and the Court should address discovery in a tailored fashion specific to the needs of the individual cases that remain.

8798752.1

Second, the PEC did not seek or purport to need updated ARCOS data in the Track 3 trial, which concluded in May 2022. The PEC tried its case without even requesting additional ARCOS data. The data was not needed in that case and similarly would not be needed in future cases.

Third, throughout the MDL the PEC has advanced the theory that there have been "three waves" of the opioid epidemic: first a prescription-opioid wave, then a heroin wave, and finally a fentanyl wave. The PEC has maintained (and their expert witnesses have so testified) that the prescription-opioid wave had ebbed by 2012, when the heroin wave took over.[1] Because the originally-produced ARCOS data runs through 2014, it covers the so-called prescription-opioid wave in its entirety and, as intended by the Court, already has enabled the PEC to identify defendants in the prescription opioid market who, according to plaintiffs, may have contributed to later stages of the opioid crisis. For this reason as well, updated ARCOS data is not necessary.

Fourth, to the extent the PEC argues for expanded ARCOS data for settlement purposes, the national settlements reached with CVS, Walgreens, Walmart and other major defendants were reached without such data. And, in any event, facilitating settlement discussions does not justify compelling a third-party like DEA to bear the burdens of complying with a subpoena that is far broader than the needs of the litigation itself could support. *See* Fed. R. Civ. P. 26(b)(1) (discovery must be "proportional to the needs of the case").

For all of the foregoing reasons, Pharmacy Defendants respectfully request that the Court deny the PEC's request to compel the production of additional ARCOS data. At a minimum, the Court should limit the production of ARCOS data to the narrowed-scope of opioids agreed to in

---

[1] *See* Anna Lembke Phase I Trial Testimony (Doc.4000) at 648-49; Katherine Keyes Phase I Trial Testimony (Doc. 4065) at 3644; Caleb Alexander Phase I Trial Testimony (Doc. 4064) at 3536; Caleb Alexander Phase II Trial Testimony (Doc. 4446) at 451-55.

Track 3 known as the "MDL 8" instead of the broader scope of opioids requested by the PEC, which is not limited to Schedule II opioids.[2]

Dated:  June 29, 2023  Respectfully submitted,

/s/  *Eric R. Delinsky*
Eric R. Delinsky
Alexandra W. Miller
Paul B. Hynes, Jr.
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC  20036
Tel: (202) 778-1800
E-mail: edelinsky@zuckerman.com
E-mail: smiller@zuckerman.com
E-mail: phynes@zuckerman.com

*Counsel for CVS Pharmacy, Inc.*

/s/  *Kaspar Stoffelmayr*
Kaspar Stoffelmayr
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Phone: (312) 494-4400
Fax: (312) 494-4440
E-mail: kaspar.stoffelmayr@bartlit-beck.com

*Counsel for Walgreen* Co.

---

[2] The MDL 8 opioids are:  fentanyl, oxycodone, hydrocodone, hydromorphone, oxymorphone, morphine, methadone, tapentadol.  *See also* Discovery Ruling No. 2 (Doc. 693) at 3 (limiting discovery to "opioid products that are or ever were classified as Schedule II under the Controlled Substances Act.").

3

8798752.1

/s/  *Tina M. Tabacchi*
Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601
Phone: (312) 269-4335
Fax: (312) 782-8585
E-mail: tmtabacchi@jonesday.com
E-mail: tfumerton@jonesday.com

*Counsel for Walmart Inc.*

4

8798752.1