UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| THIS DOCUMENT RELATES TO: | ) ) ) | JUDGE POLSTER |
| *All Cases* | ) ) ) ) ) | ORDER REGARDING 7.5% COMMON BENEFIT ASSESSMENTS |

    This Court earlier entered an *Ongoing Common Benefit Order* imposing "an MDL Common Benefit assessment of 7.5% of gross recoveries from any Opioid Case that: (1) is not brought by a State Attorney General, and (2) is not otherwise included in a global settlement that has its own negotiated, MDL-Court-approved Common Benefit fee and cost structures." Docket no. 4428 at 18 (clarified by docket no. 4503). The *Ongoing Common Benefit Order* further directed as follows:

> To ensure collection of this Common Benefit Assessment, each Defendant named in any case pending in MDL No. 2804 is hereby **ORDERED** to hold back the 7.5% common benefit percentage from all applicable judgments and settlements entered after the date of this Order and to deposit such amounts into the Court Common Benefit Fund. ***Each Defendant shall report all judgments, settlements, and payments to Special Master Cohen and Co-Lead Counsel, and verify that the holdback is placed into the Court Common Benefit Fund until further Order of this Court.***

*Id.* (emphasis added)

    Special Master Cohen has explained to the Court that, to date, he is aware of 16 different deposits by Defendants into the Court Common Benefit Fund pursuant to the *Ongoing Common*

*Benefit Order*. Further, Special Master Cohen states the settling Defendant sometimes informs him only by email and only of the amount deposited – without supplying other pertinent information, such as the identity of the settling plaintiff or the details of the 7.5% calculation (which is not always straightforward). It is unclear what information the settling Defendant is providing to Co-Lead Counsel.

Accordingly, the Court now **AMENDS** the *Ongoing Common Benefit Order* to make clear that the "report" a settling Defendant must send shall: (1) be sent to both Special Master Cohen and Co-Lead Counsel: (2) be in formal letter form (which may be attached to an email); (3) identify the plaintiff(s) in connection with which the 7.5% assessment is being sent; (4) explain how the 7.5% assessment was calculated (including, for example, how the amount of the plaintiffs' gross recovery was calculated);[1] (5) state whether there are other settlement payments that will be made over time; and (6) supply details regarding the mechanism of deposit (*e.g.,* wire transfer or check number).

Finally, to ensure accurate understanding of past deposits, the Court directs all settling Defendants who conveyed the assessments already paid into the Court Common Benefit Fund to submit reports meeting these requirements.

**IT IS SO ORDERED.**

/s/ *Dan Aaron Polster*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

**Dated:** July 6, 2023

---

[1] *See, e.g., Ongoing Common Benefit Order* at 18 n.11 (noting that, if a settlement resolves claims brought "by both the State Attorney General and governmental subdivisions within that State," the assessment applies to the Subdivisions' portion of that settlement).