

**HOUSTON**
The Lanier Law Firm, PC
10940 W. Sam Houston Pkwy N.
Suite 100
Houston, TX 77064
713.659.5200
Fax 713.659.2204

**NEW YORK**
The Lanier Law Firm, PLLC
Tower 56
126 East 56th Street
6th Floor
New York, NY 10022
212.421.2800
Fax 212.421.2878

**LOS ANGELES**
The Lanier Law Firm, PC
2829 Townsgate Rd.
Suite 100
Westlake Village, CA 91361
310.277.5100
Fax 310.277.5103

July 7, 2023

*Via ECF*

The Honorable Dan Aaron Polster
Carl B. Stokes United States Court House
801 West Superior Avenue, Courtroom 18B
Cleveland, Ohio 44113-1837

    Re:   *In re National Prescription Opiate Litigation,* MDL No. 2804
           Third Party Payor Plaintiffs' Bellwether Trial Structure Proposal

Dear Judge Polster:

Your honor, I personally wanted to supplement the letter the Third Party Payor committee filed earlier which briefed the process believed to be most expedient in resolving the Third Party Payor cases. As I have reviewed notes from the last status conference, and reviewed the letter filed previously, I think the court had wanted to hear from me concerning how I might put on the trial in a way that is both understandable to the jury and workable in a reasonable timeframe.

I do not supplement the briefing, but rather address the practical scheduling and workability concerns you addressed on the Zoom hearing. My purpose is to show the court that the plan presents a trial that is both intelligible to a jury and workable to the court.

I do recognize that the response to our previous briefing is due from the defendants 14 July, but obviously to the extent this letter influences their response, plaintiffs would have no objection to extending their reply deadlines.

I anticipate that the trial would unfold as follows:

<u>**Voir Dire**</u>

This would best be handled as the court has previously, using a questionnaire and in chambers voir dire. It would go no differently with any approach considered by this court.

<u>**Opening**</u>

This should work much as the pharmacy trial did in its jury phase. The court allotted both sides the same amount of time, and the defendants were allowed to divide their time however they wished. It allowed opening to be done in one day.

<u>**Plaintiff's Case**</u>

The plaintiff's case will divide logically into liability and damages. I will attempt to prove the **liability** through two sets of witnesses:

The Honorable Dan Aaron Polster
July 7, 2023
Page 2

- One set will be the defense witnesses adversely called either in person or live via Fed. R. Civ. Pro. 43 and a video hook-up. I anticipate calling one main witness per defendant adversely, and anticipate the cross examination will fall into two tiers. Tier One defendants will likely take 4-5 hours of cross-examination and recross in addition to whatever time the defendants choose to use on those witnesses. Tier two defendants should be 3 hours in cross-examination and recross. If there are 8-10 defendants, I anticipate using 35-40 hours on these witnesses.
- The second set of liability witnesses will be called in direct. I anticipate putting on one to explain generally the case and the interactions of the defendants (4 hours); one to establish the parameters of the DOJ and its prior findings (3 hours); and one for the liability aspects of the particular plaintiff (2-3 hours).

The **damages** will be proven through several experts. Because I do not have abatement damages, nor do I have a damage model based on specifically proven bad prescriptions, I anticipate the need for several experts to compile the RICO damage model.

Two, maybe three experts will opine on their analysis of covered prescription opioids sales as well as opioid addiction treatment data. The opinions will need to compare the data before and during Defendants' RICO enterprise involvement to demonstrate the dramatic increase of these expenditures. It will also need to be adjusted for other applicable variables by experts using accepted methodologies. These experts will take a total of eight hours.

**Defendants Case**

Based on the last trial, we were able to get six hours of testimony each trial day. That translates to six weeks at 30 hours per week, a total of 180 hours. If that time is divided equally, it should access me to 90 hours to prove my case and cross examine the defendants' case.

As I have allocated my time for my case-in-chief, it would consume 58 hours, leaving me 32 for cross-examination of the defendant's witnesses. Crosses can be thorough, but efficient at that number.

**Charge**

I anticipate the jury charge will be clear, concise, and easy to follow.

There are two different ways to violate RICO: (1) conducting the affairs of an enterprise through a pattern of racketeering or (2) conspiring to do so. I think the evidence will support charging the jury to both, under any trial model used. I do believe that the jury instructions will need to detail who I allege constituted the enterprise and conspiracy. This necessitates my evidence detailing behavior and motive for each defendant, whether present in court or an empty chair.

For example, to prove (1) above, I must show: (A) an enterprise existed. (B) that the various parties (or empty chairs) were participants in the enterprise (C) That the enterprise participants conducted

The Honorable Dan Aaron Polster
July 7, 2023
Page 3

or participated, directly or indirectly, in the affairs of the enterprise through a pattern of racketeering activity. And (D) that their conduct or participation in the enterprise was a cause of plaintiff's injury to business or property.

I anticipate a set of appropriate instructions and a corresponding jury question with blanks for each defendant, set out in the categories of the defendants ("Manufacturers," "Distributors," etc.) This should be easy to draft, to argue and to follow in deliberations.

**Conclusion**

As I have set out above, a key obstacle in the RICO case is proving an enterprise. That enterprise must consist of two or more entities that engaged in a pattern of racketeering activities as defined by statute. That level of proof will involve the same witnesses in much the same numbers and time, whether all defendants are in the courtroom or not. It would make no practical timing or complexity difference if all defendants are present. I think the alternative of dividing trials into defendant buckets, like we did for public nuisance actions, becomes more onerous for these reasons:

- The defendants will have empty chairs that are critical parties, and I will have to prove enterprise elements on those empty chairs. That is harder to do without the parties and their witnesses in the courtroom.
- Without the parties present, the jury will wonder why the party is missing. This can lead to confusion with the jury as well as improper speculation about missing parties.
- Additionally, any empty chair witnesses I will have will be solely through depositions, which make any trial harder to endure and follow for jurors.
- The time that I must allocate to those empty-chair defendants will affect equal distribution of time. While I will have to use my time, much as I have outlined above, the empty chair defendants will not be taking up defensive time. It requires me to spend time that the defendants don't fully counter with using time.

For these reasons, I not only believe that the approach the plaintiffs have briefed is workable and sensible, I also believe that the contrary approach is actually more confusing, unworkable, and no more efficient.

Thank you for considering these ideas.

Respectfully,

Mark Lanier

ML/st
cc:    Sadie Turner (via e-mail)
       All Counsel of Record (via e-mail)