

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

July 11, 2023

**Via Email**

The Honorable Dan Aaron Polster
United States District Court for the Northern District of Ohio
Carl B. Stokes United States Court House
801 West Superior Avenue, Courtroom 18B
Cleveland, Ohio 44113

Re: *In re: National Prescription Opiate Litigation*, No. 17-MD-2804

Dear Judge Polster,

This Office writes on behalf of the State of New York ("New York" or the "State"), and is joined by the undersigned States of California, Delaware, Illinois, Oregon, and Virginia, which together have a standing interest in a live dispute before this Court. Specifically, we write with respect to the Court's June 15, 2023 Order regarding the subpoena issued by the Plaintiffs Executive Committee ("PEC") to the DEA for the production of updated ARCOS data (ECF No. 5072). Pursuant to the Opinion and Consolidated ARCOS Protective Order entered by this Court in 2019 (ECF No. 1545), New York, along with the other State Attorneys General and other state and local law enforcement entities, may receive disclosure of ARCOS data for certain designated purposes, namely "to mediate, settle, prosecute, or defend" "Opioid Litigation," or "for law enforcement purposes." New York, California, Delaware, Illinois, Oregon, and Virginia, among others, therefore have a significant interest in whether updated ARCOS data will be produced and writes in support of the PEC's motion to enforce the subpoena for the reasons stated below.

New York strongly urges the Court to grant the PEC's request for ARCOS data through the year 2019, as this data would be invaluable to the State's ongoing opioid-related litigation and investigations. Since the ARCOS data for 2006 through 2014 was made available to New York, it has proven to be an irreplaceable resource in the State's efforts to prosecute and resolve the various matters that it has pursued. The State has found that the ARCOS data available to it is substantially more comprehensive and reliable than much of the data that it receives directly from investigative subjects and defendants. While the State possesses the power to request information directly from opioids market participants via subpoena, and routinely exercises this power, the data that it receives is often at best geographically incomplete, and at worst raises concerns that producing

Hon. D. A. Polster
July 11, 2023

parties are "cherry-picking" certain opioids products about which to provide data. The State has found that data obtained from ARCOS is complete, comprehensive, objective, and reliable in a way that information procured by subpoena often falls short. Moreover, as the Court is aware, the receipt of information via subpoena from opposing parties is frequently piecemeal and slow, delaying the pursuit and resolution of the State's opioids-related matters.

As such, the objective, complete, and verifiable data made available to the State through ARCOS thus far has been instrumental in resolving open investigations and claims efficiently and in a manner that the parties and presiding courts can be confident is as fair and comprehensive as possible. The State's access to ARCOS has played no small part in effective investigations and litigations, as well as successful non-litigation resolutions that have benefitted all parties by efficiently reaching comprehensive settlements.

New York has reviewed the objections submitted by the responding defendants and concludes that they are misguided. The State's access to updated information would not be used as a weapon to, for example, "hunt for some basis to assert new claims" (Costco's Response to Plaintiff's Motion to Compel Production, ECF No. 5092), but rather as a tool to evaluate and develop investigations and claims that New York and other Opioids Litigation plaintiffs *already* have, in a way that is far more efficient and reliable than other means such as individual subpoenas – to the benefit of plaintiffs, defendants, and courts alike. Indeed, as this Court has ruled (*see, e.g.*, ECF No. 2568), and likewise as New York's courts have ruled, a state's public nuisance claim, in particular, remains ripe for litigation so long as the nuisance persists—which there can be no doubt that it does—such that all industry actors who have caused, contributed to, or maintained the nuisance remain properly subject to investigation or suit. Moreover, claims under States' Unfair and Deceptive Acts and Practices ("UDAP") authority or other consumer protection laws are not founded on sales or dispensing data, but rather are based on the deceptive, unfair, or unconscionable *conduct* of marketplace participants. Updated ARCOS data therefore cannot form "some basis to assert new claims," because, among other claims, public nuisance and UDAP and other consumer protection claims remain viable against all culpable industry actors. Rather, the updated ARCOS data would allow New York, other plaintiff States, and all prospective and existing defendants to meaningfully assess the extent of each such actor's contribution, and the amount of any penalties or other relief for which they are liable, including under UDAP statutes or other consumer protection laws.

Put simply, the partial ARCOS data that has already been produced has been an invaluable tool in New York's ability to pursue and resolve its opioid-related litigation and investigations. Supplementing this production with more up-to-date information can only remove obstacles that have slowed the resolution of these matters. The State further recognizes the DEA's concerns about burden and the responding defendants' concerns about allegedly improper use of the data, but the benefits of this discovery to all parties involved in these litigations decisively outweighs any such speculative fear.

New York, joined by the undersigned States of California, Delaware, Illinois, Oregon, and Virginia, therefore urges the Court to grant the PEC's motion to enforce its subpoena to the DEA. We thank the Court for its consideration of the States' position.

Hon. D. A. Polster
July 11, 2023

                                      Respectfully submitted,

                                      /s/ Monica Hanna
                                Monica Hanna
                                *Special Counsel*
                                Matthew Conrad
                                *Assistant Attorney General*
                                New York Office of the Attorney General
                                28 Liberty Street
                                New York, NY 10005
                                monica.hanna@ag.ny.gov
                                matthew.conrad@ag.ny.gov

| /s/ David A. Jones | /s/ Owen P. Lefkon |
|---|---|
| David A. Jones | Owen P. Lefkon |
| *Supervising Deputy Attorney General* | *Deputy Attorney General* |
| California Department of Justice | Delaware Department of Justice |
| 1300 I Street | (302) 683-8899 |
| Sacramento, California 95814 | owen.lefkon@delaware.gov |
| (916) 210-7861 | |
| David.Jones@doj.ca.gov | |
| | |
| /s/ Susan N. Ellis | /s/ David Hart |
| Susan N. Ellis | David Hart |
| *Chief, Consumer Protection Division* | *Senior Assistant Attorney General* |
| Office of the Illinois Attorney General | *Consumer Protection Section* |
| (312) 636-0282 | Oregon Department of Justice |
| susan.ellis@ilag.gov | 100 SW Market Street |
| | Portland, Oregon 97201 |
| | (971) 673-1880 |
| | david.hart@doj.state.or.us |

        /s/ Thomas M. Beshere
Thomas M. Beshere
*Assistant Attorney General*
Office of the Attorney General
202 North 9th Street
Richmond, Virginia 23219
(804) 823-6335
TBeshere@oag.state.va.us