UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL 2804 |
| | CASE NO.: 1:17-md-02804 |
| This document relates to: | JUDGE DAN AARON POLSTER |
| Case No. 1:18-op-46136-DAP | |
| Case Nos. 1:21-op-45092-DAP | |

**SARASOTA COUNTY PUBLIC HOSPITAL DISTRICT AND LEE MEMORIAL HEALTH SYSTEM'S RESPONSE TO SETTLED DEFENDANTS' MOTION TO DISMISS CLAIMS FILED BY NON-PARTICIPATING FLORIDA SUBDIVISIONS AS RELEASED BY THE ATTORNEY GENERAL PURSUANT TO SETTLEMENT**

I. **INTRODUCTION**

Johnson & Johnson, Janssen Pharmaceuticals, Inc., Ortho-McNeil-Janssen, Pharmaceuticals, Inc., Janssen Pharmaceutica, Inc., AmerisourceBergen Corporation, AmerisourceBergen Drug Corporation, McKesson Corporation, and Cardinal Health, Inc. (the "Settled Defendants") filed their Motion to Dismiss the claims filed by Sarasota County Public Hospital District d/b/a Memorial Healthcare System, Inc., Lee Memorial Health System, d/b/a Lee Health, School Board of Miami-Dade, and Putnam County School Board (collectively, the "Florida Subdivisions") following the Florida Attorney General's execution of the Global Settlements which purport to release all of the Florida Subdivisions' claims against the Settled Defendants.

However, the Florida trial court decision of whether the Florida Attorney General has the power to release the claims of the Florida Subdivisions is on appeal. In fact, each of the Florida

Subdivisions appealed the Honorable John Cooper's grant of Summary Judgment in favor of the Florida Attorney General which under the applicable Florida Rule of Appellate Procedure automatically stayed the judgment pending the outcome of the appeal. Therefore, the Settled Defendants' Motion to Dismiss must be denied.

## II. BACKGROUND

1. Sarasota County Public Hospital District, d/b/a Sarasota Memorial Health Care System ("SMH"), is a community hospital chartered and organized under the laws of the State of Florida. Similarly, Lee Memorial Health System d/b/a Lee Health ("Lee Health"), is a community hospital chartered and organized under the laws of the State of Florida. Both SMH and Lee Health are special districts with the right to sue and be sued in their own name.

2. On May 15, 2018, the Attorney General filed an action against numerous opioid manufacturers, distributors, and wholesalers in Pasco County (the "Pasco County Action").

3. On September 10, 2018, SMH filed suit in the United States District Court for the Middle District of Florida against various opioid manufacturers, distributors, and wholesalers seeking recompense for the enormous economic costs incurred battling against the opioid epidemic. The action was thereafter transferred to the National Prescription Opiate Litigation, MDL No. 2804 (the "Opioid MDL"). See Case Nos. 1:18-op-46136, 1:17-md-2804.

4. On July 15, 2021, Lee Health filed suit against various opioid manufacturers, distributors, and wholesalers in the United Stated District Court for the Northern District of Ohio. This action was likewise transferred to the Opioid MDL. See Case Nos. 1:21-op-45092, 1:17-md-2804.

5. SMH and Lee Health seek millions of dollars in damages unrelated to any damages accruing to the State of Florida through its claims against the same opioid defendants.

6.      Despite having full knowledge of the lawsuits filed and diligently prosecuted by the Florida Subdivisions in the Opioid MDL and Florida state court, without any prior consultation, or even notice, the Florida Attorney General signed a series of settlement agreements in which the Florida Attorney General asserts that she will use "best efforts" to persuade non-signatories to join the settlement but – and incongruously – asserts that all the non-signatory claims are nevertheless extinguished.

7.      The Florida Attorney General did not intervene or seek to intervene in Opioid MDL lawsuits filed by SMH and Lee Health.

8.      The Florida Attorney General did not represent SMH or Lee Health in the lawsuits filed in the Opioid MDL or the Florida state court.

9.      Each of the settlement agreements executed by the Florida Attorney General purport to release the Florida Subdivisions' claims against the Settled Defendants, even though the Florida Subdivisions were not involved in the negotiation of the agreements and are not signatories to them. The Florida Attorney General did not inform the Florida Subdivisions of the settlement agreements or provide a copy.

10.     Once the Florida Subdivisions discovered the settlement agreements, they immediately sought relief.

11.     On March 30, 2022, SMH and Lee Health filed an Emergency Motion to Intervene and Stay Approval of Settlement in the Pasco County Action.

12.     On April 6, 2022, before the Emergency Motion to Intervene and Stay Approval of Settlement in the Pasco County Action was heard and decided, the Florida Attorney General filed a Complaint for Declaratory Relief in Leon County, Florida, asking the Court to determine whether she had the power to release the Florida Subdivisions claims through the settlement agreements

3

("Leon County Action"). The Florida Attorney General later filed an Amended Complaint for Declaratory Relief on June 2, 2022.

13. On April 19, 2022, the Honorable Kimberly Sharpe Byrd in the Pasco County Action entered an order denying the Emergency Motion to Intervene and Stay Approval of Settlement noting that the arguments were better addressed in the Leon County Action.

14. Thereafter, the Florida Subdivisions filed Counterclaims in the Leon County Action and the Florida Attorney General later filed a Motion for Summary Judgment.

15. SMH and Lee Health filed their joint Response in Opposition to the Florida Attorney General's Motion for Summary Judgment on November 23, 2022.

16. On December 19, 2022, Judge Cooper held a hearing on the Attorney General's Motion for Summary Judgment.

17. While waiting for Judge Cooper's ruling, McKesson Corporation, Cardinal Health, Inc., AmerisourceBergen Corporation, Johnson & Johnson, Janssen Pharmaceuticals, Inc., and Janssen Pharmaceutica, Inc. stipulated with SMH and Lee Health that:

> Plaintiffs' respective actions are stayed and the … parties are relieved from all discovery and production obligations…until 30 days following a final ruling, *after exhaustion of all appeals,* regarding the applicability of the [Florida] Attorney General's release in the Global Settlement to the Plaintiffs' claims by the Circuit Court of the Second Judicial Circuit for Leon County Florida (Case No. 2022 CA 000541) in the pending declaratory action between Plaintiffs and the Florida Attorney General. (*emphasis added*)[1]

(the "Stay Stipulation"). *The Second Stipulation and Order Staying Action is attached as Exhibit A.*

18. The Stay Stipulation was filed in the Opioid MDL on February 24, 2023.

---

[1] Although the Stay Stipulation was filed February 24, 2023 (ECF # 4911), the parties have been unable to locate an Order on the Stipulation.

19. All of the Settled Defendants were parties to the Stay Stipulation.

20. On April 6, 2023, Judge Cooper held a hearing to announce his ruling granting summary judgment in favor of the Florida Attorney General.

21. During the hearing itself and while articulating his ruling, Judge Cooper recognized that the issue presented required review by the Florida First District Court of Appeal ("First DCA") as well as perhaps the Supreme Court of Florida and said so during the hearings. *Excerpts from the December 19, 2022, Hearing Transcript is attached as Exhibit B ("Motion Trans.") and Excerpts from the April 6, 2023, Hearing Transcript is attached as Exhibit C ("Ruling Trans.").*

22. For example, Judge Cooper, stated:

    a. "Why shouldn't we get a read on this from the First District? Which you know we're going to get no matter what I do." (Motion Trans. 36:9-11).

    b. "…this is a practical answer, not a legal answer." (Motion Trans. 57:5-6)

    c. "What I think is, no matter what I do this case is going to be before the First District Court of Appeal and probably the Florida Supreme Court." (Motion Trans. 62:22-25).

    d. "This needs to get up to the First District right away to get a more detailed determination." (Ruling Trans. 15:11-12).

23. Judge Cooper asked the Florida Attorney General to prepare a proposed final judgment as well as permitted the Florida Subdivisions to submit any response to the proposed final judgment.

24. SMH and Lee Health, along with the other Florida Subdivisions, noted numerous issues with the proposed final judgment including but not limited to its inclusion of inaccurate information relating to SMH and Lee Health's compliance with the Florida Rules of Civil Procedure, the final judgment's failure to include pertinent procedural history and the status of outstanding discovery, the final judgment's failure to address disputed material facts, the final

5

judgment's failure to address affirmative defenses, and the final judgment's failure to address the taking counterclaim.

25. The Florida Attorney General then filed a response to the Florida Subdivisions comments.

26. In the end, on May 26, 2023, Judge Cooper entered final judgment that was nearly identical to the proposed final judgment submitted by the Florida Attorney General ("Final Judgment").

27. Consistent with Judge Cooper's insistence that the issue needed to be resolved by the First DCA, all Florida Subdivisions appealed the Final Judgment to the First DCA.

28. SMH filed its Amended Notice of Appeal on June 23, 2023, with Case No. 1D23-1500. *SMH's Amended Notice of Appeal is attached as Exhibit D.*

29. Lee Health filed its Notice of Appeal on June 21, 2023, with Case No. 1D23-1570. *Lee Health's Notice of Appeal is attached as Exhibit E.*

30. On June 15, 2023, the Settled Defendants filed the instant Motion to Dismiss Claims Filed by Non-Participating Florida Subdivisions as Released by the Attorney General Pursuant to Settlement (the "Motion to Dismiss").

31. In the Motion to Dismiss, the Settled Defendants acknowledge the appeals, but incorrectly state that there is no stay on appeal.

32. As more fully discussed below, pursuant to Florida Rule of Appellate Procedure 9.310(b)(2), the filing of a notice of appeal operates as an automatic stay of the Final Judgment because SMH and Lee Health are public bodies.

### III. ARGUMENT

SMH and Lee Health, along with the other Florida Subdivisions, timely appealed the Final Judgment entered in the Leon County Action. Therefore, the Florida trial court decision of whether the Florida Attorney General has the power to release the Florida Subdivisions is not final and dismissal in this Court in advance of decisions on appeal would be error.

Dismissal based on an appealed and stayed decision must be denied. First, the Final Judgment is automatically stayed by operation of Florida Rule of Appellate Procedure 9.310. Second, the Settled Defendants, SMH, and Lee Health stipulated to a stay of the Opioid MDL as to SMH and Lee Health. Third, the Final Judgment does not address all the claims and arguments presented by the Florida Subdivisions but instead represents a practical decision knowing that the Final Judgment would be appealed to the First DCA no matter the decision at the Florida trial court. There is no basis for dismissal until all appeals are exhausted and the automatic stay is lifted.

**A. Final Judgment is Subject to an Automatic Stay Pursuant to Florida Rule of Appellate Procedure 9.310.**

The Motion to Dismiss based on the findings of an appealed and automatically stayed Final Judgment in the Leon County Action must be denied. SMH and Lee Health, along with the other Florida Subdivisions, enjoy the benefit of an automatic stay as public bodies who filed a timely notice of appeal. Fla. R. App. P. 9.310(b)(2).

The Settled Defendants relegate this issue of the appeals and stays, perhaps the most important part of their Motion to Dismiss, to a short footnote acknowledging the appeals of the Florida Subdivisions and a possible stay. Footnote six states that "[c]ertain of the defendant subdivisions (including certain of the Plaintiffs here) have appealed the Florida Court's Order to the First District Court of Appeal. As of the date of filing this Motion, the Florida Court's Order

has not been stayed pending appeal." The Settled Defendants are incorrect. The Final Judgment is automatically stayed pursuant to Florida Rule of Appellate Procedure 9.310(b)(2).

At this time, all Florida Subdivisions who the Settled Defendants seek to dismiss from the Opioid MDL have appealed the Florida Court's Order to the First District Court of Appeal. Under Florida Rule of Appellate Procedure 9.310(b)(2):

> Public Bodies; Public Officers. *The timely filing of a notice will automatically operate as a stay pending review*, except in criminal cases, in administrative actions under the Administrative Procedure Act, or as otherwise provided by chapter 120, Florida Statutes, when the state, any public officer in an official capacity, board, commission, or other public body seeks review; provided that an automatic stay will exist for 48 hours after the filing of the notice of appeal for public records and public meeting cases. On motion, the lower tribunal or the court may extend a stay, impose any lawful conditions, or vacate the stay. (*emphasis added*).

All Florida Subdivisions are public governmental bodies and are not required to seek a stay. The stay is self-executing and automatic upon the filing of a notice of appeal, without the filing of a motion to stay. As explained in *Phillip J. Padovano, Florida Appellate Practice*:

> Rule 9.310(b)(2) of the Florida Rules of Appellate Procedure provides for an automatic stay without bond when an appeal is filed by a governmental body or its authorized representative. A public party is not required to file a motion in the lower tribunal, because *the automatic stay provision of the rule is self-executing on the filing of a notice of appeal*. In the language of the rule, "[t]he timely filing of a notice shall automatically operate as a stay pending review." (*emphasis added*).

§ 11:5. Review by public parties, 2 Fla. Prac., Appellate Practice § 11:5 (2023 ed.). Moreover, the stay remains in effect until the appellate court issues its mandate. Fla. R. App. P. 9.310(e) ("A stay entered by a lower tribunal will remain in effect during the pendency of all review proceedings in Florida courts until a mandate issues, or unless otherwise modified or vacated."). The Final Judgment in the Leon County Action was automatically stayed by operation of Florida Rule of Appellate Procedure 9.310.

8

**B. Final Judgment is Subject to the Stipulation Between the Parties**

In addition to the automatic stay discussed above, the Settled Defendants stipulated with SMH and Lee Health to stay the Opioid MDL cases pending the outcome of any appeals in the Leon County Action. On February 24, 2023, the Settled Defendants, SMH, and Lee Health agreed to and filed the Stay Stipulation which stayed the MDL Opioid actions of SMH and Lee Health until 30 days following the exhaustion of all appeals in the Leon County Action. *See Exhibit A.* The Settled Defendants acknowledged and even expected that an appeal would follow a decision in the Leon County Action. The Settled Defendants cannot now ask this Court to dismiss SMH and Lee Health from the Opioid MDL based on the Florida trial court's decision which has, as expected by the Settled Defendants, been appealed to the First DCA.

**IV. CONCLUSION**

The Settled Defendants seek dismissal of the Florida Subdivisions in the Opioid MDL based on a Final Judgment in the Leon County Action purporting to release the claims of the Florida Subdivisions. SMH and Lee Health, along with the School Board of Miami Dade and Putnam County School Board, have appealed the Final Judgment to the First DCA resulting in an automatic stay during the pendency of all review proceedings until a mandate issues. Dismissal is improper while the decision is being reviewed. For the foregoing reasons, SMH and Lee Health respectfully request that this Court deny the Settled Defendants' Motion to Dismiss.

Dated: July 14, 2023.

| | |
|---|---|
| **HARTLEY LAW OFFICES, PLC** | **BENTLEY GOODRICH KISON, P.A.** |
| By: /s/ Timothy M. Hartley, Esq. | /s/ David A. Wallace, Esq |
| **TIMOTHY M. HARTLEY** | **MORGAN R. BENTLEY, ESQ.** |
| FL BAR NO. 979066 | Florida Bar No. 0962287 |
| 12 Southeast Seventh Street, Suite 610 | mbentley@bgk.law |
| Fort Lauderdale, Florida 33301 | **DAVID A. WALLACE, ESQ.** |
| Facsimile: (954) 357-2275 | Florida Bar No. 0608386 |
| Telephone: (954) 357-9973 | dwallace@bgk.law |
| Email: hartley@hartleylaw.net | 783 South Orange Avenue, Third Floor |
| *Counsel for Lee Health Memorial Health System d/b/a Lee Health* | Sarasota, Florida 34236 |
| | Telephone: (941) 556-9030 |
| | Facsimile: (941) 312-5316 |
| | Secondary Email: jbradley@bgk.law |
| | *Counsel for Sarasota County Public Hospital District d/b/a Sarasota Memorial Health Care System* |

**THE ROBERTSON LAW FIRM, P.A.**
William E. Robertson, Jr., Esq.
Florida Bar No. 436607
bill@robertsonlaw.com
P.O. Box 49405
Sarasota, Florida 34230-6405
Telephone: (941) 374-9008
Facsimile: (941) 365-5828
*Co-Counsel for Sarasota County Public Hospital District d/b/a Sarasota Memorial Health Care System*

**MANDELBAUM BARRETT PC**
Steven W. Teppler, Esq.
Florida Bar No. 14787
steppler@mblawfirm.com
3 Becker Farm Rd Ste 105
Roseland, NJ 07068-1726
Telephone: (646) 946-5659
Facsimile: (973) 325-7467
*Co-Counsel for Sarasota County Public Hospital District d/b/a Sarasota Memorial Health Care System*

10