UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| THIS DOCUMENT RELATES TO: | Case No. 1:17-MD-2804 |
| *All Cases* | Judge Dan Aaron Polster |

### NOTICE OF THIRTY-THIRD AMENDED BANKRUPTCY COURT ORDER GRANTING INJUNCTION AGAINST CONTINUATION OF PROCEEDINGS AS TO RELATED PARTIES TO DEBTOR PURDUE PHARMA L.P. AND AFFILIATED DEBTORS

1. Defendants David A. Sackler, Ilene Sackler Lefcourt, Kathe A. Sackler, Mortimer D.A. Sackler, Richard S. Sackler, Theresa Sackler, Rosebay Medical Company L.P., Rosebay Medical Company, Inc., Beacon Company, and Richard Sackler as alleged trustee of the alleged Trust for the Benefit of Members of the Raymond Sackler Family (collectively, the "**Sackler Parties**")[1] submit this Notice following their previous Notice of Twenty-Eighth Amended Bankruptcy Court Order Granting Injunction (ECF No. 4410), filed on May 3, 2022.

2. On September 15, 2019, Purdue Pharma L.P. and 23 affiliated debtors (collectively, "**Purdue**" or "**Debtors**") each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. The cases are jointly administered under the case captioned as *In re Purdue Pharma L.P.*, Case No. 19-23649 (SHL) (Bankr. S.D.N.Y.) (the "**Purdue Bankruptcy Case**"). Plaintiffs in

---

[1] On October 14, 2019, Defendant Beverly Sackler passed away. *See* Suggestion of Death, *In re Purdue Pharma L.P.*, No. 19-23649 (SHL), ECF No. 301 (Bankr. S.D.N.Y. Oct. 14, 2019). On June 30, 2020, Defendant Jonathan Sackler passed away. *See* Suggestion of Death, *In re Purdue Pharma L.P.*, No. 19-23649 (SHL), ECF No. 1316 (Bankr. S.D.N.Y. June 30, 2020).

1

multiple member actions in this MDL Proceeding are creditors in Purdue's bankruptcy, and the Debtors filed a Notice of Suggestion of Bankruptcy and Automatic Stay of Proceedings in this MDL Proceeding on September 16, 2019 (ECF No. 2609), notifying all Plaintiffs of the bankruptcy filing.

3. On November 6, 2019, the Bankruptcy Court issued an order pursuant to 11 U.S.C. § 105(a) enjoining commencement or continuation of litigation against any Debtor or Related Party, as defined therein, through April 8, 2020. *See* Second Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction, *In re Purdue Pharma L.P.*, Case No. 12-23649 (SHL), Adv. Pro. No. 19-08289 (SHL), ECF No. 105 (Bankr. S.D.N.Y. Nov. 6, 2019). Since March 2020, there have been numerous extensions of the Preliminary Injunction.

4. The key stakeholders to the Debtors' bankruptcy cases agreed to a set of interrelated settlements that provide for a comprehensive resolution of claims relating to the Debtors and the Related Parties. This comprehensive resolution is embodied in the Debtors' plan of reorganization (the "**Plan**"). *See* Twelfth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and its Affiliated Debtors, *In re Purdue Pharma L.P.*, Case No. 19-23649 (SHL), ECF No. 3726 (Bankr. S.D.N.Y. Sept. 2, 2021). The Plan was confirmed by the Bankruptcy Court orally on September 1, 2021 and by written order entered on September 17, 2021. *See* Findings of Fact, Conclusions of Law, and Order Confirming the Twelfth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors, *In re Purdue Pharma L.P.*, Case No. 19-23649 (SHL), ECF No. 3787 (Bankr. S.D.N.Y. Sept. 17, 2021). Following confirmation of the Plan, certain parties appealed the confirmation order. The order confirming the Plan was vacated on appeal by the United States District Court for the Southern District of New York on December 16, 2021, *see In re Purdue Pharma, L.P.*, 635 B.R. 26 (S.D.N.Y. 2021) (the "**District**

**Court Order**"), and that decision was appealed to the United States Court of Appeals for the Second Circuit. *See In re Purdue Pharma L.P. et al.*, No. 22-110-bk(L) (2d Cir.) (the "**Purdue Appeal**").

5. On April 29, 2022, oral argument was heard in the Purdue Appeal, and on the same day Bankruptcy Court extended the Preliminary Injunction "until and including the day that is 30 days after the date on which the Second Circuit issues a decision in the appeals from the District Court's December 16, 2021 order vacating the Bankruptcy Court's order confirming the Debtors' plan of reorganization" in the Purdue Appeal. *See* The Twenty-Eighth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction at 10–11, *In re Purdue Pharma L.P.*, Case No. 12-23649 (SHL), Adv. Pro. No. 19-08289 (SHL), ECF No. 356 (Bankr. S.D.N.Y. Apr. 29, 2022). The Bankruptcy Court has entered further orders on the Preliminary Injunction, with the same termination date, the last of which was on February 7, 2023. *See* The Thirty-Second Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction at 10–11, *In re Purdue Pharma L.P.*, Case No. 12-23649 (SHL), Adv. Pro. No. 19-08289 (SHL), ECF No. 410 (Bankr. S.D.N.Y. Feb. 7, 2023).

6. On May 30, 2023, the United States Court of Appeals for the Second Circuit issued its decision in the Purdue Appeal (the "**Purdue Appeal Decision**"), which is attached to this Notice for ease of references as **Exhibit A**. The Purdue Appeal Decision reverses the U.S. District Court Order holding that the Bankruptcy Code does not permit nonconsensual releases of third-party direct claims against non-debtors, affirms the U.S. Bankruptcy Court's Order entered in the Purdue Bankruptcy Case approving the Plan, and remands the case to the U.S. District Court "for such further proceedings as may be required, consistent with this opinion." *See* **Ex. A** at 13–14.

7. On July 12, 2023 the Bankruptcy Court entered an order extending the preliminary injunction "through and including the date that is the earlier of (1) the date that an order confirming a plan of reorganization is entered and not subject to any stay, including the stay pursuant to Federal Rule of Bankruptcy Procedure 3020(e); and (2) the date 30 days after entry of an opinion or order vacating or reversing the May 30, 2023 judgment of the United States Court of Appeals for the Second Circuit . . . provided, however, if the Preliminary Injunction remains in effect pursuant to this Order on December 15, 2023, any party in interest, for cause shown and upon proper notice, may thereafter move to shorten or terminate the Preliminary Injunction." *See* Thirty-Third Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction at 12, *In re Purdue Pharma L.P.*, Case No. 12-23649 (SHL), Adv. Pro. No. 19-08289 (SHL), ECF No. 432 (Bankr. S.D.N.Y. July 12, 2023) (the "**July 12, 2023 Order**").  The July 12, 2023 Order is attached to this Notice for ease of reference as **Exhibit B**.

8. The Sackler Parties are within the definition of Related Parties. *See id.* at 2 n.2. Plaintiffs asserting claims against the Sackler Parties in this MDL Proceeding have been subject to the Preliminary Injunction, as amended, and those MDL member actions against the Sackler Parties are included on the schedule of enjoined cases. *See id.*, App'x II at 5, 37-41; *id.*, App'x III at 11-19, 26, 148-50, 164-208.

9. The Sackler Parties will update this Court regarding rulings or proceedings related to the Purdue Bankruptcy Case that may further impact this action.

10. Notwithstanding the filing of this Notice, the Sackler Parties expressly preserve all of their defenses, including, but not limited to, lack of personal jurisdiction.

4

Respectfully submitted,

/s/ Stuart G. Parsell
Stuart G. Parsell (Ohio Bar No. 0063510)
ZEIGER, TIGGES & LITTLE LLP
41 South High Street, Suite 3500
Columbus, Ohio 43215
Tel: (614) 365-9900
Fax: (614) 365-7900
parsell@litohio.com

Attorneys for Defendants Richard S. Sackler, Mortimer D.A. Sackler, Kathe Sackler, Ilene Sackler Lefcourt, Theresa Sackler, David Sackler, the Estate of Raymond Sackler, Rosebay Medical Company L.P., Rosebay Medical Company, Inc., Beacon Company, and Richard Sackler as alleged Trustee of the alleged Trust for the Benefit of Members of the Raymond Sackler Family, and Former Attorneys to Jonathan Sackler (now deceased), individually and as alleged Trustee of the alleged Trust for the Benefit of Members of the Raymond Sackler Family, and Beverly Sackler (now deceased)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of July, 2023, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

      /s/ Stuart G. Parell
      Stuart G. Parsell (0063510)

1004792