# EXHIBIT 1

# IN THE UNITED STATES DISTRICT OHIO
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| This document relates to *Kentucky River District Health Department v. Actavis LLC et al*, 1:19-OP-45050-DAP | Hon. Judge Dan A. Polster |

## UCB, INC.'S MOTION TO DISMISS

Consistent with the Court's April 6, 2023 orders (Dkt Nos. 4985 & 4986), UCB, Inc. ("UCB") moves to dismiss with prejudice all claims against it in *Kentucky River District Health Department v. Actavis LLC et al*, 1:19-op-45050-DAP. UCB has not been properly served in this case, nor has Plaintiff filed a fact sheet, in direct violation of the Court's orders.

**I. Background**

Plaintiff originally filed this case on February 6, 2019, more than four years ago. (Individual Case Dkt. 1). Schwarz Pharma, Inc. n/k/a UCB was added as a defendant in the Amended Complaint filed on March 15, 2019. (Individual Case Dkt. 6). Accordingly, Plaintiff's original deadline to serve UCB was on June 13, 2019. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant."). Plaintiff never served UCB within that time period.

On January 3, 2023, the Court issued its *Order Regarding Plaintiff Fact Sheets and Service of Process* (Dkt. 4801). That order required, among other things, Non-Litigating Defendants ("NLDs")[1] to identify service defects in the cases against them. In response to the Court's order, UCB filed a report identifying those cases against it in which it had not yet been served. (Dkt. 4862). UCB filed an amended report on March 6, 2023. (Dkt. 4936) Both reports indicated that UCB had not been served in the governmental subdivision case *Kentucky River District Health Department v. Actavis LLC et al*, 1:19-op-45050-DAP.

Subsequently, on April 6, 2023, the Court entered an order giving plaintiffs a final chance to correct their errors. (Dkt. 4986). The Court ordered plaintiffs to perfect service within 45 days of the entry of its order, observing that now that plaintiffs had "been made aware of [their] service discrepancies and administrative oversights, those defects should be easily cured within that timeframe." *Id*. at 5. The Court further ordered that those plaintiffs who failed to comply with the order would "have their cases or claims, as appropriate, ***dismissed with prejudice***." *Id*. (emphasis in original). The deadline to comply with the Court's order elapsed on May 22, 2023.

## II. Argument

Plaintiff is a governmental entity to whom both of the Court's orders apply. But it has neither served UCB nor filed the required fact sheet in the repository. Its case should be dismissed.

### A. Plaintiff is a Governmental Entity

Kentucky River District Health Department ("KRDHD") is a governmental entity to which the Court's orders apply. It is listed on the official Kentucky government website of local health departments.[2] And the hiring page for KRDHD directs applicants to a general, government-affiliated

---

[1] NLDs are those defendants listed in Docket Nos. 4380 or 4670. Although UCB is not identified in either order, it nevertheless complied with the Court's January 3 order and filed its response on January 30, 2023. (Dkt. 4862).

[2] *See* https://www.chfs.ky.gov/agencies/dph/dafm/Pages/lhd.aspx.

2

application form that is for the "local health departments of Kentucky."[3] Lastly, Kentucky health departments are granted statutorily delineated powers under the laws of Kentucky. *See* Ky. Rev. Stat. § 212.245. These powers include the ability to "require … persons to execute such orders as it considers expedient to prevent the outbreak and spread of communicable diseases;" and to "[i]ssue written orders directed to … any person, firm, or corporation whatever, commanding, within the time and manner specified in the order, compliance with applicable public health laws of this state." *Id*. Thus, Kentucky local health departments function as agents of the government charged with the enforcement of Kentucky's laws. Plaintiff is accordingly a governmental entity and has no sound basis for its failure to comply with the Court's orders.

### B. Plaintiff Has Not Served UCB

Plaintiff has made no credible attempt to properly serve UCB. On March 24, 2023, Plaintiff entered an erroneous proof service on the docket, purporting to show that Schwarz Pharma n/k/a UCB was served on June 5, 2019. (Individual Case Dkt. 63). That document, however, shows that service was effectuated on "United Collections Bureau" ("UCB") an entity with an address at 6520 Southwyck Blvd, #206, Toledo, OH 4361. *Id*. That entity is completely unaffiliated with UCB, the pharmaceutical company which is headquartered in Smyrna, GA and is a defendant in this lawsuit. UCB has never had any office or location in Toledo, OH. *See* Exhibit A.

Defendant UCB notified Plaintiff of its error by email correspondence on March 28, 2023. UCB informed plaintiff that it had served an Ohio entity known as the United Collection Bureau, which had been defunct since 2019 and had no affiliation with any party in the opioid litigations. (Ex. B). UCB further expressed its surprise that Plaintiff's Atlanta-based process server had been unable to serve UCB, given that UCB's headquarters is in Smyrna, just a few miles away from the process

---

[3] *See* https://www.krdhd.org/site/wp-content/uploads/2021/06/20210602_krdhd_employment_application.pdf.

server's office. *Id*. Indeed, the Georgia Secretary of State's website clearly indicates that UCB's registered agent is located at 289 S Culver St, Lawrenceville, GA, 30046.[4] UCB never received a response to its message.

Shortly after UCB's email to Plaintiff, the Court entered the April 6 order giving plaintiffs 45 days to cure any service defects. But Plaintiff took no additional actions to properly serve UCB.[5] Plaintiff apparently has chosen to rely on its service of the Ohio entity, which has no connection to UCB, despite having been specifically notified of its error.

### C. Plaintiff Has Not Filed a Fact Sheet

The Court's *Order Regarding Failures to Submit Plaintiff Fact Sheets* (Dkt. 4985) similarly stated that "[g]overnmental subdivision plaintiffs who fail to comply with this Order," by failing to file a fact sheet within 45 days of its entry, would have their cases dismissed with prejudice. *Id*. at 1.

Plaintiff has conceded that it failed to file the required fact sheet in this matter. *See* Dkt. 4977, Ex. 1. Plaintiff has failed to correct that error. As of the filing of this motion, no fact sheet was available in the repository. Again, the deadline for compliance was May 22, 2023. That provides an independent basis for the dismissal of all claims with prejudice.

## III. Conclusion

The time for plaintiff to rectify its mistakes has now passed. The deadline for compliance with the Court's order was May 22, 2023. Plaintiff has not properly served UCB, nor has Plaintiff filed and served the required fact sheet, as of May 22. Indeed, it has still not done so, nearly a month after the expiry of the deadline. Accordingly, all claims against UCB should be dismissed with prejudice.

---

[4] *See Georgia Corporations Division website*, available at https://ecorp.sos.ga.gov/BusinessSearch/BusinessInformation?businessId=1002966&businessType=Foreign%20Profit%20Corporation&fromSearch=True.

[5] Plaintiff emailed a waiver of service request to attorneys for UCB on February 16, 2023. But rather than wait for UCB's response, Plaintiff instead chose to file the erroneous proof of service on March 24.

4

Dated: July 20, 2023

                                                    Respectfully submitted,

                                                    */s/ Rachel Sherman*
                                                    Rachel B. Sherman
                                                    **PATTERSON BELKNAP WEBB & TYLER LLP**
                                                    1133 Avenue of the Americas
                                                    New York, NY 10036
                                                    (212) 336-2147
                                                    rsherman@pbwt.com

## CERTIFICATE OF SERVICE

    I hereby certify that on July 20, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send an electronic notification of such filing to all counsel of record in this action.

                                                                                          _/s/ Rachel Sherman_

# EXHIBIT A

IN THE UNITED STATES DISTRICT OHIO
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to<br><u>**Kentucky River District Health Department v. Actavis LLC et al**, 1:19-OP-45050-DAP</u> | MDL No. 2804<br><br>Hon. Judge Dan A. Polster |

**<u>Declaration of Robert Lockery In Support of UCB, Inc.'s Motion to Dismiss</u>**

I, Robert Lockery, being duly sworn, hereby state as follows, under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am the Group Insurance Lead at UCB, Inc. ("UCB").

2. I submit this declaration in support of UCB's motion to dismiss the Plaintiff's claims against UCB on the grounds that Plaintiff has failed to serve UCB or file the required fact sheet.

3. I have personal knowledge of the facts set forth in this declaration. I base this knowledge upon information obtained from various sources, including my own experience as the Group Insurance Lead UCB, my review of UCB's corporate records, documents maintained by UCB in the regular course of its business, and other information obtained by me in the regular course of UCB's business.

4. UCB is incorporated under the laws of the State of Delaware and has its principal place of business in Smyrna, Georgia.

5. UCB does not have an office in Ohio.

6. UCB does not own any real property in Ohio.

7. UCB has no affiliation with, and has never had any affiliation with, the entity known as the United Collections Bureau with its address at 6520 Southwyck Blvd, #206, Toledo, OH 4361.

Dated: July 19, 2023          By:     _____

# EXHIBIT B

# Rao, Gautam (x2253)

| | |
|---|---|
| **From:** | Rao, Gautam (x2253) |
| **Sent:** | Tuesday, March 28, 2023 9:11 AM |
| **To:** | bob@finnellfirm.com |
| **Cc:** | paula@finnellfirm.com |
| **Subject:** | UCB Proofs of Service |

Dear Mr. Finnell,

You have erroneously filed proofs of service on the docket in *Family Practice Clinic of Booneville vs. Purdue Pharma L.P., et al.* 18-op-45390 and *Kentucky River District Health Department vs. Actavis LLC, et al* 19-op-45050.

Not only are the proofs of service you filed nearly four years late, but they are also for the wrong entity. In both cases, you served an Ohio entity known as the United Collection Bureau, Inc. ("UCB") which has been defunct since 2019 and has no affiliation with any party in these cases.

This lack of diligence or carelessness on the part of your process server, whose offices are located less than five miles from UCB's offices in Georgia, has greatly concerned our client. Please be advised that our client intends to file a complaint against your process server with the Georgia Administrative Office of the Courts and the  Georgia Sheriffs' Association pursuant to O.C.G.A. § 9-11-4.1(c)

We additionally note that you have not filed proofs of service for UCB in *Bon Secours Health System, Inc. et al v. Purdue Pharma L.P. et al* 1:18-op-45819-DAP or for Kremers Urban in *Mennonite General Hospital, Inc. et al v. Purdue Pharma, L.P. et al* 1:19-op-45109-DAP.

Best,
Gautam

**Gautam Rao**
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036-6710
212.336.2253 | 212.336.2461 (Fax)
grao@pbwt.com
www.pbwt.com

1