United States District Court
Northern District of Ohio

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | Case No 1:17-md-02804-DAP <br><br> RON DELAYNE FLEMING, M.D.'S OBJECTIONS AND MOTION TO QUASH DEFENDANTS SUBPOENA |

**NOW COMES** Ron DeLayne Fleming, M.D. ("Dr. Fleming"), a non-party to this proceeding, by and through undersigned counsel, and pursuant to Rule 45 of the Federal Rules of Civil Procedure, and objects to, and moves the Court to quash, the subpoena issued to Dr. Fleming by Counsel for Track 10 Defendants ("Defendants"). In support of Dr. Fleming's Objections and Motion to Quash, he respectfully shows unto the Court the following:

1.      Dr. Fleming is a non-party to this matter.

2.      On July 12, 2023, Counsel for Defendants issued a subpoena to Dr. Fleming (the "Subpoena"). A true and accurate copy of the Subpoena is attached hereto as Exhibit A and is incorporated by reference.

3.      Defendants' Subpoena purports to command Dr. Fleming to appear for a deposition via Zoom videoconference on August 11, 2023 at 8:00 a.m.

4.      The Subpoena does not indicate in any way, shape, or form the subject matter on which Dr. Fleming is to be deposed, nor whether it will involve questions regarding patients whose medical information is privileged and protected pursuant to The Health Insurance Portability and Accountability Act ("HIPAA").

1

5.      For the reasons detailed below, Dr. Fleming objects to, and moves to quash, Defendants' Subpoena.

6.      As an initial matter, the subpoena issued by Defendants' Counsel is procedurally defective given it violates the requirements of Rule 45(a)(1)(A)(iv) of the Federal Rules of Civil Procedure.

7.      Defendants have failed in their mandatory obligation to set out the text of Rule 45(d) and (e) as required by Rule 45(a)(1)(A)(iv), by attaching the outdated 2007 version of those subdivisions rather than the current version in effect following the 2013 amendments to Rule 45.

8.      Dr. Fleming submits Defendants' Subpoena must also be quashed pursuant to the requirements of Rule 45(d)(3)(A) of the Federal Rules of Civil Procedure.

9.      Rule 45(d)(3)(A) of the Federal Rules of Civil Procedure states:

> **(3)** *Quashing or Modifying a Subpoena.*
>
> > **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
> >
> > > **(i)**      fails to allow a reasonable time to comply;
> > >
> > > **(ii)**      requires a person to comply beyond the geographical limits specified in Rule 45(c);
> > >
> > > **(iii)**      requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> > >
> > > **(iv)**      subjects a person to undue burden.

10.      Dr. Fleming objects to Defendants' Subpoena on the grounds that the Subpoena violates subsections (iii) and (iv) of Rule 45(d)(3)(A).

11. Dr. Fleming submits that Defendants' Subpoena does not indicate in any way, shape, or form the subject matter that is to be addressed the August 11, 2023 deposition, thereby rendering the scope of the deposition effectively limitless.

12. As a consequence, the Subpoena on its face does not foreclose lines of questioning regarding privileged or otherwise protected materials, including, but not limited to, Dr. Fleming's patients' medical records and information which are safeguarded from disclosure absent court order or patient waiver pursuant to HIPAA, as well as the provisions of N.C. Gen. Stat. § 8-53.

13. As a consequence Dr. Fleming respectfully submits the Court "must quash or modify [the] subpoena" as it violates subsection (iii) of Rule 45(d)(3)(A).

14. Indeed, were Dr. Fleming to be required to discuss the treatment of specific patients in the absence of a HIPAA-compliant waiver or Court order, his patients would have grounds upon which to bring a medical malpractice action against him in his home state of North Carolina. See *Jones v. Asheville Radiological Grp., P.A.*, 129 N.C. App. 449, 456, 500 S.E.2d 740, 744 (1998) (holding a medical malpractice claim may be based on the unauthorized disclosure of confidential information, including medical records).

15. Pursuant Rules 45(d)(1) and 45(3)(A)(iv), Defendants' Subpoena also subjects Dr. Fleming to undue burden and expense. The deposition necessarily requires Dr. Fleming to clear at least the entire morning of his patient schedule for August 11, 2023, necessitating that patients who have had appointments scheduled for weeks, if not months, will have to be rescheduled and experience a delay in their medical care and treatment.[1]

---

[1] Although Defense Counsel has indicated in a phone conversation that she is willing to work with Dr. Fleming on a different date and time, Dr. Fleming will inevitably have to block time from his patient schedule even if the deposition is rescheduled.

16.     Of note, Defense Counsel did not consult with Dr. Fleming in advance of issuing the Subpoena in order to make a good faith effort to determine a time and place convenient to Dr. Fleming for the deposition.

17.     In addition, the subpoena not only effectively requires Dr. Fleming to forego significant time from work to attend the deposition, but also to prepare for the deposition, which, for the reasons noted above, is not even realistically feasible given the unlimited scope of the possible subject matter of the deposition.

18.      In addition, Dr. Fleming, in complying with the Subpoena, will incur costs and fees in preparing for and attending the deposition.

19.     Rule 45(d)(1) of the Federal Rules of Civil Procedure states:

> **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

20.     Furthermore, as noted above, Rule 45(d)(3)(A)(iv) requires a subpoena to be quashed or modified where it subjects a person to undue burden.

21.     Defense Counsel's attempt to comply with the requirements of Rule 45(d)(1) entailed sending a check to Dr. Fleming in the amount of forty dollars ($40.00). This does not remotely approach alleviating the undue burden Defense Counsel is imposing on Dr. Fleming by virtue of issuing him the Subpoena.

22.     Dr. Fleming's fees, lost time from work – not to mention the loss of good will with his patients who are scheduled to be seen by him on August 11, 2023, and whose appointments he

will have to cancel – amount to thousands of dollars of expenses on the part of Dr. Fleming in order to comply with Defendants' Subpoena.

23.     Dr. Fleming is entitled to the protections afforded it by Rule 45(d). He respectfully submits that Defendants have failed to "take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena" and therefore "[t]he court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply." Fed. R. Civ. P. 45(d)(1)

24.     Further, Defendants' Subpoena, by virtue of its unlimited scope, necessarily implicates Fed. R. Civ. P. 45(d)(3)(A)(iii), which requires the Court to quash or modify any subpoena "seeking disclosure of privileged or other protected matter[s.]"

25.     In addition, as noted above, Defendants have failed in their mandatory obligation to set out the text of Rule 45(d) and (e) by attaching the outdated 2007 version of those subdivisions rather than the current version in effect following the 2013 amendments to Rule 45. As such the subpoena, in addition to violating the various provisions of Fed. R. Civ. P. 45(d) noted above, is also procedurally defective pursuant to the requirements of Fed. R. Civ. P. 45(a)(1)(A)(iv).

**WHEREFORE**, Ron DeLayne Fleming, M.D., a non-party to this action, objects to and respectfully moves the Court to quash Defendants' Subpoena, and to grant Ron DeLayne Fleming, M.D., all such other and further relief that the Court deems just and proper, including without limitation an award, entered as a sanction, for Ron DeLayne Fleming, M.D.'s reasonable attorneys' fees and costs incurred as a direct consequence of the issuance of Defendants' Subpoena.

[SIGNATURE BLOCK ON FOLLOWING PAGE]

This the 25 day of July, 2023.

s/ Karen H. Stiles
Karen H. Stiles
101 South Tryon Street, Suite 2200
Charlotte NC 28280
P:  704-375-0057
F:  704-332-1197
E-mail: kstiles@shumaker.com
NC State Bar #:  28588
*Attorney for Ron DeLayne Fleming, M.D.*