# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>Case No. 1:20-op-45060 | MDL No. 2804<br><br>Hon. Dan Aaron Polster |

## SETTLED DEFENDANTS' MOTION TO DISMISS
## CLAIMS FILED BY NON-PARTICIPATING KENTUCKY SUBDIVISION
## AS RELEASED BY STATUTE

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION .................................................................................................................. 1
II. BACKGROUND .................................................................................................................... 1
III. ARGUMENT ......................................................................................................................... 4
    A. Plaintiff is a "Public Agency" Within The Meaning Of The Statute ...................... 4
    B. Plaintiffs' Claims Against Settled Defendants Are Expressly Released By The Statute ................................................................................................................. 5
IV. CONCLUSION ...................................................................................................................... 6

## I. INTRODUCTION

Settled Defendants[1] move this Court to dismiss all claims against Settled Defendants filed by Plaintiff Taylor County Hospital District Health Facilities Corporation ("Plaintiff") on the ground that such claims are released by Kentucky statute. In furtherance of statewide opioid settlement agreements entered into by the Kentucky Attorney General, the Kentucky legislature enacted Kentucky Revised Statute § 15.293 (the "Statute"), which releases certain claims against Settled Defendants and their affiliates and subsidiaries. As discussed further below, Plaintiff and the claims it filed against Settled Defendants fall within the scope of the statute.

Because Plaintiff's claims are extinguished by operation of law, Settled Defendants request that the Court enter an order and final judgment, pursuant to Fed. R. Civ. P. 54(b), dismissing the claims against the Settled Defendants.

## II. BACKGROUND

To facilitate settlements between the Kentucky Attorney General and defendants in the opioid litigation, the Kentucky legislature enacted Kentucky Revised Statute § 15.293, effective March 24, 2021.  The statute created an "opioid abatement trust fund" to govern administration and distribution of certain funds collected by the Commonwealth (and its political subdivisions and government agencies) as part of potential opioid litigation–related settlements, among other

---

[1] The Settled Defendants are Johnson & Johnson, Janssen Pharmaceuticals, Inc., Ortho-McNeil-Janssen, Pharmaceuticals, Inc., and Janssen Pharmaceutica, Inc. (collectively, "Janssen"), AmerisourceBergen Corporation, McKesson Corporation, Cardinal Health, Inc., and H. D. Smith, LLC (collectively, "Distributors"), as well as any other Released Entities, as that term is defined in the Settlement Agreements, that have been named as defendants in Plaintiff's Amended Complaint. *See Bowling Green-Warren Cnty. Community Hosp. Corp. et al v. Purdue Pharma L.P., et al*. Case No. 1:20-op-45060 (N.D. Ohio Sept. 5, 2019) (Dkt. No. 1-1) ("Am. Compl."); Janssen Final Consent Judgment and Order of Dismissal (relevant excerpts attached as **Exhibit 1**) at Ex. A p. 8-9 & Ex. J thereto; Distributor Final Consent Judgment and Order of Dismissal (relevant excerpts attached as **Exhibit 2**) at Ex. A p. 8 & Ex. J thereto.  H. D. Smith, LLC is a Released Entity of AmerisourceBergen Corporation.  *See* Exhibit 2 at Ex. A and Ex. J thereto.

1

purposes. *Id.* § 15.293(2) – (4). The Statute specifically contemplated potential settlements between the Commonwealth and Settled Defendants, referring to:

> any settlement . . . against **McKesson Corporation, Cardinal Health 5, LLC,**[2] ***Amerisourcebergen Drug Corporation, Johnson & Johnson***, and any named defendant in In re National Prescription Opiate Litigation, MDL No. 2804, Case No. 1:17-md-02804, in the United States District Court for the Northern District of Ohio, ***and any of their affiliates or subsidiaries*** related to opioid manufacturing or distribution to the extent included in a settlement agreement[.]

*Id.* § 15.293(3)(a), 4(a) (emphasis added). In the event that any such settlements were reached, including with Settled Defendants, the statute provided a release of opioid-related claims:

> To the extent that a settlement has been reached in any litigation against the companies listed in paragraph (a) of this subsection, ***each county, consolidated local government, urban-county government, city, political subdivision, and public agency, as that term is defined in KRS 61.805(2), of the Commonwealth shall be deemed to have released its claims against the companies listed in paragraph (a) of this subsection and their affiliates and subsidiaries*** to the extent referenced in a settlement agreement, consent judgment, order, or other document that reflects the terms of any settlement.

*Id.* § 15.293(4)(d) (emphasis added).

On February 25, 2022, the Kentucky Attorney General announced Kentucky's participation in nationwide opioid settlements with Settled Defendants, which resolved the vast majority of the myriad lawsuits brought by states, territories, and local governmental entities against Settled Defendants.[3]

Plaintiff Taylor County Hospital District Health Facilities Corporation is a Kentucky nonprofit corporation with its principal business office located in Campbellsville, Kentucky. Am. Compl. ❡ 88. Plaintiff was formed as a nonprofit corporation by the Taylor County Hospital

---

[2] Cardinal Health 5, LLC is a subsidiary of Cardinal Health, Inc. Accordingly, Cardinal Health, Inc. is an "affiliate[]" of Cardinal Health 5, LLC within the meaning of the Statute. K.R.S. § 15.293(3)(a).

[3] *See* Summary of Proposed Opioid Settlements, The Office of Attorney General Daniel Cameron, https://www.ag.ky.gov/Priorities/Tackling-the-Drug-Epidemic/Pages/Opioid-Settlement.aspx (last visited August 1, 2023).

2

District pursuant to Articles of Incorporation maintained by the Kentucky Secretary of State. *See* **Exhibit 3**.[4] As set forth in the Articles of Incorporation, the purpose of the corporation (i.e., Plaintiff) "is solely to cooperate with the Taylor County Hospital District, a political subdivision of the Commonwealth of Kentucky organized under the provisions of KRS 216.310 to 216.360 . . . and to act as an agency and instrumentality thereof." Exhibit 3 art. II.[5] Each of the five individuals that incorporated Plaintiff were "the present members of the Board of Trustees of the Taylor County Hospital District." *Id.* art. VI. These five individuals were to serve as Plaintiff's board of directors, to be "succeeded automatically" by their "duly appointed successor[s] . . . in public office." *Id*. Accordingly, pursuant to the Articles of Incorporation, Taylor County Hospital District would always maintain exclusive control over Plaintiff.[6]

Plaintiff filed its Amended Complaint in the Circuit Court of Warren County, Kentucky on September 5, 2019, asserting opioid-related claims against the Settled Defendants. *See generally id*. (asserting claims for, *inter alia*, violation of Kentucky's Consumer Protection Act, nuisance, and negligence based on allegations related to prescription opioid manufacturing and

---

[4] The Articles of Incorporation are available on the Kentucky Secretary of State's website: https://web.sos.ky.gov/BusSearchNProfile/genpdf.aspx?ctr=5309813.

[5] The Court may take judicial notice of public records, including articles of incorporation, when considering a motion to dismiss. *See Ashland, Inc. v. Oppenheimer & Co.*, 648 F.3d 461, 467 (6th Cir. 2011) ("In addition to the allegations in the complaint, [we] may also consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice.") (citation omitted); *Gomba Music, Inc. v. Clarence Avant & Interior Music Corp.*, 62 F. Supp. 3d 632, 636 (E.D. Mich. 2014) (taking judicial notice of articles of incorporation in resolving a motion to dismiss).

[6] *See id.* (providing that the individuals serving in public office as Board of Trustees of Taylor County Hospital District would serve as Plaintiffs' directors in an ongoing and continuous fashion and that Plaintiff, as a corporation, would have no members).

3

distribution).[7] The case was removed to the Western District of Kentucky on October 17, 2019, and subsequently transferred to the national MDL on February 10, 2020.

After finalizing its settlements with Settled Defendants, the Kentucky Attorney General's Office issued a notice to local political subdivisions detailing the steps necessary to participate in the settlements and to receive funds.[8] Both hospital districts and other entities controlled by hospital districts—like the Plaintiff here—fall within the meaning of "public agency" under the relevant statute. *See* K.R.S. § 61.805(2); *see also* Ky. OAG 78-128, 1978 Ky. AG LEXIS 589 (Ky. Off. Att'y Gen. Feb. 28, 1978). Nevertheless, Plaintiff did not participate in the settlements and has not dismissed its complaint.

## III. ARGUMENT

Kentucky Revised Statute § 15.293(4)(d) provides that "[t]o the extent that a settlement has been reached in any litigation against [Settled Defendants], each county, consolidated local government, urban-county government, city, political subdivision, and public agency, as that term is defined in KRS 61.805(2), of the Commonwealth shall be deemed to have released its claims." As outlined below, dismissal of Plaintiff's claims is required because Plaintiff is a "public agency" as defined by K.R.S. § 61.805(2) and the Settled Defendants are covered by the Statute.

### A. Plaintiff is a "Public Agency" Within The Meaning Of The Statute

Because Plaintiff is a public agency, its claims are released by the Statute. The Statute incorporates the definition of "public agency" from the Kentucky "Open Meetings" law. K.R.S. § 15.293(4)(d). The Open Meetings law defines a public agency as one that is "created by or

---

[7] The Amended Complaint includes other Plaintiffs whose claims are not the subject of this Motion.

[8] Notice to Local Political Subdivisions, The Office of Attorney General Daniel Cameron, https://www.ag.ky.gov/Documents/v2_NPD_KY_Notice_092121.pdf (last visited August 1, 2023).

4

pursuant to state or local statute, executive order, ordinance, resolution, or other legislative act" K.R.S. § 61.805(2)(d).  The Open Meetings law further defines a public agency as "[a]ny entity when the majority of its governing body is appointed by a 'public agency.'"  *Id.* § 61.805(2)(f).  Both Plaintiff and Taylor County Health District are public agencies pursuant to statute.

In an Attorney General Opinion interpreting the Open Meetings law, the Kentucky Attorney General previously concluded that a hospital district created under K.R.S. §§ 216.310 to 216.360 is a public agency.  *See* Ky. OAG 78-128, 1978 Ky. AG LEXIS 589 (Ky. Off. Att'y Gen. Feb. 28, 1978) ("A hospital district created under the above cited statute [K.R.S. §§ 216.310-216.360] is therefore a public agency within the meaning of the open meetings law.").[9]  Plaintiff's Articles of Incorporation reflect that Taylor County Hospital District was organized pursuant to the provisions of K.R.S. §§ 216.310 to 216.360.  *See* Exhibit 3 art. II..[10]  Taylor County Hospital District is a public agency as defined by K.R.S. § 61.805(2)(d).  Plaintiff was formed by Taylor County Hospital District and is exclusively controlled by Taylor County Hospital District's Board of Trustees.  *See* Exhibit 3 art. II, VI.  Because Taylor County Hospital District is a public agency, Plaintiff also is a public agency pursuant to K.R.S. § 61.805(2)(f).  Plaintiff's opioid-related claims are therefore released pursuant to the Statute.

    **B.**    **Plaintiffs' Claims Against Settled Defendants Are Expressly Released By The Statute**

The Settled Defendants each are released under § 15.293, which expressly applies to "McKesson Corporation, Cardinal Health 5, LLC, Amerisourcebergen Drug Corporation, [and]

---

[9] "Opinions of the Attorney General are not binding on courts, but are instead considered to be highly persuasive and are accorded great weight." *Bentley v. Commonwealth*, 497 S.W.3d 253, 255 (Ky. Ct. App. 2016).

[10] The Articles of Incorporation also described Taylor County Hospital District as a "political subdivision." Exhibit 3 art. II.  The claims of political subdivisions likewise are released by statute.  *See* K.R.S. § 15.293(4)(d).

5

Johnson & Johnson" and "any of their affiliates or subsidiaries," as well as "any named defendant in In re National Prescription Opiate Litigation, MDL No. 2804" more generally.[11] K.R.S. § 15.293(3)(a), 4(a).  In addition to being specifically identified by statute, each of the Settled Defendants are named defendants in this MDL.

The release contained in the Statute became effective as to Settled Defendants when the Kentucky Attorney General entered into statewide settlement agreements resolving claims against Settled Defendants.  The Kentucky settlement agreements were subsequently embodied in Final Consent Judgments and Orders of Dismissal. The Janssen Consent Judgment and Dismissal with Prejudice was entered on July 29, 2022 in the McCracken Circuit Court Division II.  *See* Exhibit 1.  The Distributor Final Consent Judgment and Dismissal with Prejudice was entered on August 18, 2022 in the Franklin Circuit Court Division II.  *See* Exhibit 2.

The Settlement Agreements include broad releases of all opioid-related claims.  *See* Exhibit 1 at Ex. A p. 8 (definition of "Released Claims") & p. 14-18 (release provision); Exhibit 2 at Ex. A p. 7-8 (definition of "Released Claims") & p. 44-49 (release provision).).  These releases cover the opioid-related claims asserted in Plaintiff's Amended Complaint.  Plaintiffs' claims likewise are released pursuant to statute and must now be dismissed.

IV. **CONCLUSION**

For the foregoing reasons, Settled Defendants respectfully request that this Court dismiss all claims by Plaintiff against Settled Defendants.

---

[11] H. D. Smith, LLC is a subsidiary and "Released Entity" of AmerisourceBergen Corporation.  *See* Exhibit 2 at Ex. A at Ex. J thereto page J-3.

6

Dated: August 18, 2023

Respectfully submitted,

/s/ Robert A. Nicholas
Robert A. Nicholas
Shannon E. McClure
Joseph J. Mahady
Anne R. Bohnet
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Telephone:  (215) 851-8100
Fax: (215) 851-1420
smcclure@reedsmith.com

*Counsel for AmerisourceBergen Corporation*

/s/ Enu A. Mainigi
Enu A. Mainigi
Jennifer G. Wicht
Steven Pyser
Ashley Hardin
WILLIAMS & CONNOLLY LLP
680 Maine Ave SW
Washington, DC  20024
 (202) 434-5000 / tel.
(202) 434-5029/ fax
emainigi@wc.com

*Attorneys for Defendant Cardinal Health, Inc.*

/s/ Timothy C. Hester
Geoffrey E. Hobart
Timothy C. Hester
Christian J. Pistilli
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
thester@cov.com
cpistilli@cov.com

*Counsel for Defendant McKesson Corporation*

/s/ Charles C. Lifland
Charles C. Lifland
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Tel: (213) 430-6000
Fax: (213) 430-6407
clifland@omm.com

*Counsel for Defendants Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; and Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.*

/s/ Brian T. Himmel
Brian T. Himmel
REED SMITH LLP
225 Fifth Avenue
Pittsburgh, PA 15222
Telephone: 412.288.4058
Facsimile: 414.288.3063
bhimmel@reedsmith.com

Louis W. Schack
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Telephone: (215) 851-8100
Fax: (215) 851-1420
lschack@reedsmith.com

*Counsel for Defendant H. D. Smith, LLC, f/k/a. H. D. Smith Wholesale Drug Co.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>Case No. 1:20-op-45060 | MDL No. 2804<br><br>Hon. Dan Aaron Polster |

### [PROPOSED] ORDER GRANTING SETTLED DEFENDANTS' MOTION TO DISMISS CLAIMS FILED BY NON-PARTICIPATING KENTUCKY SUBDIVISION AS BARRED BY STATUTE

Upon consideration of Settled Defendants' Motion to Dismiss Claims Filed By Non-Participating Kentucky Subdivision As Barred By Statute ("Settled Defendants' Motion"), and any opposition thereto, and as there is no just reason for delay, it is hereby ORDERED that Settled Defendants' Motion is GRANTED. It is further ORDERED that the claims asserted against Settled Defendants[1] in the above-captioned lawsuit filed by Plaintiff Taylor County Hospital District Health Facilities Corporation are hereby DISMISSED WITH PREJUDICE.

_____
Hon. Dan A. Polster
United States District Judge

---

[1] The Settled Defendants are Johnson & Johnson, Janssen Pharmaceuticals, Inc., Ortho-McNeil-Janssen, Pharmaceuticals, Inc., Janssen Pharmaceutica, Inc. (collectively, "Janssen"), AmerisourceBergen Corporation, McKesson Corporation, Cardinal Health, Inc., and H. D. Smith, LLC (collectively, "Distributors") as well as any other Released Entities, as that term is defined in the Settlement Agreements, that have been named as defendants in Plaintiff's Amended Complaint. *See Bowling Green-Warren Cnty. Community Hosp. Corp. et al v. Purdue Pharma L.P., et al*. Case No. 1:20-op-45060 (N.D. Ohio Sept. 5, 2019) (Dkt. No. 1-1) ("Am. Compl."); Janssen Final Consent Judgment and Order of Dismissal (relevant excerpts attached as Exhibit 1 to Settled Defendants' Motion) at Ex. A p. 8-9 & Ex. J thereto; Distributor Final Consent Judgment and Order of Dismissal (relevant excerpts attached as Exhibit 2 to Settled Defendants' Motion) at Exhibit A p. 8 & Exhibit J thereto.

## CERTIFICATE OF SERVICE

I hereby certify that, on August 18, 2023, the Settling Distributors' Motion To Dismiss Claims Filed By Non-Participating Kentucky Subdivision As Barred By Statute was served on all counsel of record via the CM/ECF system.

/s/ *Robert A. Nicholas*
Robert A. Nicholas