# EXHIBIT E



**Attorneys at Law**

600 Quarrier Street, Charleston, WV 25301
P.O. Box 1386, Charleston, WV 25325-1386
304.347.1100

**Will Lorensen**
wlorensen@bowlesrice.com
T 304.347.1178
F 304.347.1756

101 South Queen Street
Martinsburg, WV 25401

125 Granville Square, Suite 400
Morgantown, WV 26501

501 Avery Street
Parkersburg, WV 26101

Southpointe Town Center
1800 Main Street, Suite 200
Canonsburg, PA 15317

480 West Jubal Early Drive, Suite 130
Winchester, VA 22601

July 5, 2023

**bowlesrice.com**

Special Master Cohen
24400 Chagrin Blvd. Ste. 300
Cleveland, OH 44122
david@specialmaster.law

Re: Kroger's *Motion for Protective Order Regarding Requested Depositions of Frances Tucker and Bill Shinton*

Special Master Cohen:

    Kroger moves for protective relief in connection with two depositions improperly noticed by Plaintiffs on June 6, 2023.

    Kroger has presented witnesses for thirty-four fact depositions and eight Rule 30(b) depositions in the opioid litigation. As the close of MDL discovery approaches, Kroger has committed to six more fact witness depositions and two additional Rule 30(b) depositions, generally to take place in the month of August.[1]

    This *Motion* concerns two depositions disputed by the parties: those improperly noticed by Plaintiffs on June 6, 2023 of Kroger's Senior In-House Counsel Frances Tucker[2] and Kroger's Vice President of Health & Wellness Operations Bill Shinton.[3] Kroger respectfully requests protective relief with respect to these requested depositions as set forth below.

---

[1] *See* 2023.06.27 Joint Submission to SM Cohen (Gaddy E-Mail at 4:05 PM).

[2] Ex. 1, Notice of Deposition of Frances Tucker.

[3] Ex. 2, Notice of Deposition of Bill Shinton.

Bowles Rice

Special Master Cohen
July 5, 2023
Page 2

## BACKGROUND

On April 24, 2023, Plaintiffs demanded deposition dates and custodial files for six current and former Kroger employees. Plaintiffs made this request based upon these individuals' membership in Kroger's Pharmacy Compliance Committee (PCC)[4]:

- Nicholas Gonzales (Health & Wellness Compliance Officer, 2016 to present)
- Martha Sarra (Chief Ethics and Compliance Officer, 2011 to present)
- Lincoln Lutz (Former Vice President of Pharmacy, until circa 2014)
- Philecia Avery (Former Vice President of Pharmacy, circa 2014-2017)
- Bill Shinton (Vice President of Health & Wellness Operations, 2017-present)
- Frances Tucker (Senior In-House Counsel)

Kroger objected to both the custodial discovery and the depositions.[5] The custodial discovery was late-requested, in excess of CMO provisions, and disproportionate to the needs of the case. The depositions were also in excess of CMO provisions[6], disproportionate to the needs of the case, and in some instances violative of privilege and apex principles.[7]

Given the substantial upfront burden of Plaintiffs' demands for additional custodial discovery, the parties focused their attention on the document requests.[8] Although Kroger sought to confer with Plaintiffs about their bases for this discovery on these six individuals, Plaintiffs indicated that they "don't have time" to "discuss specifics" about any of this requested discovery.[9] Ultimately, Kroger agreed to custodial discovery on 4 of the 6 requested individuals, receiving no concessions in return.[10]

Plaintiffs then unilaterally noticed all six depositions.[11] Plaintiffs claimed that Kroger ignored the deposition requests and therefore "forfeited any right to be involved in coordinating the scheduling."[12] Not true; Kroger had objected both verbally and in writing to the depositions taking

---

[4] See Ex. 3, 2023.04.24 E-Mail from Gaddy.

[5] See Ex. 4, 2023.05.12 Letter from Lorensen.

[6] By scrivener's error, Kroger is treated as a "New Defendant" in the CT8 and CT9 case management orders, despite the fact that Kroger is no longer a New Defendant. Properly construed, Kroger is only required to sit for five (5) fact depositions in each of the later case tracks. Indeed, read literally, Kroger is open to more fact depositions than any other pharmacy defendant. Kroger has nonetheless agreed to more depositions than required by the CMOs in the spirit of compromise.

[7] See supra at n.4; see also Ex. 5 at 2023.06.02 E-Mail from Lorensen.

[8] See id.; see also Ex. 7 to Kroger's June 13, 2023 Opposition to Plaintiffs' Motion to Compel Custodial file of Attorney Frances Tucker (hereafter, "Kroger's Opposition to Attorney Tucker Custodial Search").

[9] See Ex. 7 to Kroger's Opposition to Attorney Tucker Custodial Search.

[10] See Kroger's Opposition to Attorney Tucker Custodial Search.

[11] See Ex. 5 at 2023.06.06 E-Mail from Gaddy.

[12] See id.

place.[13] Plaintiffs would later unilaterally notice two Rule 30(b) depositions[14] and request deposition dates for a total of 13 other potential deponents in CT9 and CT10.

Kroger scheduled an immediate meet and confer to discuss Plaintiffs' unilateral behavior. In the meet and confer, Kroger agreed to participate in both of the newly-requested Rule 30(b) depositions, the jurisdiction-specific depositions, and asked Plaintiffs to withdraw the six (6) deposition notices of the "national" witnesses so the parties can first assess the custodial files that Kroger had agreed to produce. Plaintiffs refused, reiterating their (false) assertion that Kroger had not communicated its objections to the depositions.

On June 23, 2023, Kroger nonetheless provided dates for all but two of these requested depositions.[15] On June 29, 2023, Plaintiffs' counsel indicated they still intend to depose Mr. Shinton and Ms. Tucker. Having met and conferred in good faith, and now at an impasse, Kroger hereby seeks protective relief with respect to the requested depositions of Kroger's Vice President of Health & Wellness Operations Bill Shinton and Senior In-House Counsel Frances Tucker.

## ARGUMENT

### I. Kroger is entitled to protective relief for the noticed deposition of Vice President of Health & Wellness Operations Bill Shinton.

Federal Rule of Civil Procedure 26(c)(1) provides protective relief for depositions that pose an undue burden, expense, or harassment. While courts do not merely "assume" that "harassment and abuse are inherent in depositions of high-level corporate officers,"[16] that "doesn't mean that all high-level executives must sit for discovery depositions at the whim of counsel."[17]

Courts applying Rule 26(c)(1) and Sixth Circuit precedent find that a party is entitled to protective relief by demonstrating that (1) the employee has no unique personal knowledge about the litigation, (2) other employees are better suited to provide the sought-after discovery, and (3) the employee will be unduly burdened by sitting for a deposition.[18] In other words, a protective order should issue to restrain discovery that is "unreasonably cumulative or duplicative, or can be obtained from other sources that is more convenient, less burdensome, or less expensive."[19]

---

[13] *See* Ex. 4, 2023.05.12 Letter from Lorensen.

[14] *See* Ex. 6, 2023.06.02 E-Mail from Irpino.

[15] *See* Ex. 7 2023.06.23 E-Mail from Lorensen.

[16] *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012).

[17] *Davis v. SIG Sauer, Inc.*, Case No. 3:22-cv-00010, 2023 WL 3292869, *2 (E.D. Ky. May 5, 2023).

[18] *See e.g., Davis v. SIG Sauer, Inc.*, Case No. 3:22-cv-00010, 2023 WL 3292869, *2 (E.D. Ky. May 5, 2023); *Duncan v. Husted*, No. 2:13-cv-1157, 2015 WL 631103, *4 (S.D. Oh. Feb. 12, 2015) ("Defendant has amply demonstrated here that it is actually more likely that [other deponents] will be able to answer the questions which Plaintiff wishes to ask.").

[19] Fed. R. Civ. P. 26(b)(2)(C)(1).

Bowles Rice

Special Master Cohen
July 5, 2023
Page 4

Here, Plaintiffs have declined to disclose "specific reasons" for deposing Kroger's Vice President of Health & Wellness Operations. Kroger is entitled to protective relief.

*First,* Mr. Shinton has no unique, personal knowledge relevant to this litigation. As the Vice President of Health & Wellness Operations, Mr. Shinton is not in Kroger's compliance department.[20] If an issue of controlled substance compliance arises, Mr. Shinton relies on the expertise of subject matter experts.[21] For the most part, these compliance employees have been deposed—often multiple times. Those who have not been deposed are tentatively scheduled for depositions in August.

Plaintiffs' favorite documents confirm that Mr. Shinton relies on the compliance-expertise of others, and therefore, does not have unique personal knowledge here. In a prior request for Mr. Shinton's custodial file—which Plaintiffs later dropped—Plaintiffs cited e-mails in which Mr. Shinton passed along controlled substance-related questions to Jeff Loesch and Jaime McDermott[22], both of whom are longtime custodians and repeat-deponents.[23]

The PCC Minutes also establish Mr. Shinton's reliance on subject matter experts. In roughly six (6) years of PCC Minutes (i.e., 25 meetings), Mr. Shinton's name comes up only 3 times in the "Controlled Substances" portion of the meeting.[24] Each time, Mr. Shinton asks other committee members to provide more information. Plaintiffs have little reason to depose Mr. Shinton—and if they do, they have decided for strategic reasons to hide the ball rather than conferring in good faith with Kroger about it.

*Second*, for similar reasons, other employees are better suited to answer—and indeed, have already answered—whatever questions Plaintiffs could have for Mr. Shinton. Kroger's compliance personnel have been subject to depositions already—some of them repeatedly. On a go-forward basis, Kroger has agreed to depositions for two former Vice Presidents of Pharmacy (Lincoln Lutz and Philecia Avery) who cover the historical periods of Plaintiffs' focus.[25] Virtually all PCC members that are even remotely relevant have been or will be deposed, and Kroger has presented two Rule 30(b) witnesses specifically relating to the PCC. Because Plaintiffs have declined to disclose why they want to depose Mr. Shinton specifically, they have forgone any opportunity to request substitute discovery above and beyond what Kroger has already agreed to do.

*Third* and finally, Mr. Shinton would be unduly burdened by sitting for a deposition. "[E]ven very slight inconvenience may be unreasonable if there is no occasion for the inquiry and it cannot

---

[20] *See* Ex. 8, Shinton Declaration at ¶¶ 1-3.

[21] *See* Ex. 8, Shinton Declaration at ¶ 4.

[22] *See* Ex. 9, 2022.10.28 Letter from R. Cook (citing Ex. 10, KrogerMDL00010101).

[23] Mr. Loesch has been deposed three times. Ms. McDermott has been deposed four times.

[24] *See* Ex. 11, Shinton PCC References.

[25] *See generally* Plaintiffs' Motion to Compel Frances Tucker's Custodial File.

Special Master Cohen
July 5, 2023
Page 5

benefit the party making it."[26] Mr. Shinton is responsible for Kroger's Health & Wellness Operations in thirty-five states—including multiple substantial, time-consuming operational projects and responsibilities[27]:

- Temporarily serving as an advisory in PBM negotiations due to a recent departure on the Kroger Health team;
- Overseeing multiple net new central fill facilities, both recently opened and under construction;
- Planning fiscal budgets, capital projects and ROIs for 2024;
- Onboarding a new executive to take over for a 34-year veteran on his team; and
- Serving as integration lead for an upcoming pending merger.

The burden to Mr. Shinton's schedule is amplified by Plaintiffs' practice in recent depositions. Plaintiffs run the clock with redundant[28], irrelevant[29], or "did I read that correctly?"[30] questions, often spanning all 7 hours allowable under applicable CMOs. These are precisely the circumstances where protective relief ought to lie.

## II. Kroger is entitled to protective relief for the noticed deposition of Senior In-House Counsel Frances Tucker.

The requested deposition of Kroger's Senior In-House Counsel Frances Tucker is harassing, abusive, and duplicative under Federal Rule of Civil Procedure 26(b)(2)(C)(1)-(c)(1). Kroger has presented for two separate Rule 30(b) depositions targeted towards the PCC Minutes specifically. Kroger has repeatedly answered questions, over its privilege assertions, about portions of the Minutes expressly designated as being protected by the attorney-client privilege.[31]

Plaintiffs have identified no testimony from these prior Rule 30(b) depositions that they deem unsatisfactory or needing further clarification. Indeed, Plaintiffs have refused to disclose any "specific reasons" for Attorney Tucker's deposition at all.

---

[26] *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012) (quoting Wright & Miller, Federal Practice and Procedure § 2036).

[27] *See* Ex. 8, Shinton Declaration at ¶ 5.

[28] Kroger deponents have been repeatedly asked to describe certain performance metrics despite prior explanations on the record. For example, at least four Kroger deponents have been asked what 'clinical queue' is, four others what 'OSAT' stands for, three others what 'MTM' stands for, *et cetera*.

[29] Five recent deponents were subject to pages of questioning about e-mail foldering despite Kroger participating a Rule 30(b) deposition on focusing on that exact topic in July of 2022.

[30] One recent Kroger deponent was asked 26 times whether the questioning attorney was reading documents correctly.

[31] *See, e.g.,* Ex. 12, Gonzales Dep. at 41:10-42:10, 64:21-67:24.

Special Master Cohen
July 5, 2023
Page 6

      Independently, the Sixth Circuit has adopted the *Shelton* rule, which provides that a party can depose an opposing in-house lawyer only where it has "shown that (1) no other means exist to obtain the information; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case."[32]

      To start, *Shelton* applies here. The rule is not limited to outside counsel.[33] It also applies to in-house attorneys who are involved in the litigation.[34] As Attorney Tucker explains in the attached declaration, Attorney Tucker has been involved in identifying and gathering documents for discovery, compiling and providing background information for discovery, and litigation strategy.[35] Her deposition would risk the improper disclosure of litigation strategy and would undermine the attorney-client relationship.[36] *Shelton* applies.

      Plaintiffs cannot satisfy the rule. ***First***, Plaintiffs obviously cannot show that "no other means exist to obtain the information" they seek from Attorney Tucker. The foundation for this request (the PCC) has been subject to multiple rounds of discovery from all conceivable angles:

- Custodial[37] and noncustodial[38] document productions;
- Two (2) Rule 30(b) depositions[39]; and
- Roughly a dozen fact witness depositions.[40]

      The PCC is an interdisciplinary cross-section of Kroger's pharmacy team.[41] Certain compliance personnel—like Martha Sarra, Nick Gonzales, Jeff Loesch, and Laura Raney—are required members of the PCC. Every single one has been subject to custodial and deposition discovery already.[42] Given the abundant discovery afforded to the PCC and PCC-related topics,

---

[32] *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 628 (6th Cir. 2002) (adopting *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986)).

[33] *Alomari v. Ohio Dept. of Public Safety*, 626 F. App'x 558 (6th Cir. 2015) ("[I]t could not be clearer that the standard was intended to apply to in-house attorneys engaged by the opposing party with involvement in the matter being litigated.").

[34] *See, e.g., Alomari*, 626 F. App'x 558; *Shelton*, 805 F.2d 1323.

[35] *See* Ex. 13, Tucker Declaration at ¶ 5.

[36] *See id.*

[37] *See* Agenda Item 334.

[38] *See* Kroger's Opposition to Attorney Tucker Custodial Search.at 7.

[39] *See* 2022.08.10 McDermott Depo; 2023.04.26 Gonzales Depo.

[40] *See infra*.

[41] *See* Ex. 14, PCC Charter ("The Committee includes representation from a multidisciplinary cross-section group of employees . . . . The membership of the Committee will provide for different viewpoints and perspectives, and the experiences of the members will be diverse."); Ex. 11, Gonzales Depo. at 22:11-24; Ex. 13, Declaration of Frances Tucker at ¶ 4.

[42] Kroger has to date produced over 11,000 custodial documents from PCC members.

Bowles Rice

Special Master Cohen
July 5, 2023
Page 7

Plaintiffs cannot show that Attorney Tucker's deposition is necessary to obtain new information. This is well-trodden ground.

*Second*, the information sought is privileged. Attorney Tucker is not a member of the PCC to add yet-another pharmacy compliance or business voice to the PCC's ranks. The Committee relies on the expertise of other compliance-personnel—like Kroger's Health & Wellness Compliance Officer or Manager of Pharmacy Regulatory Compliance & Government Relations—for compliance-related advice. Again—all of those individuals have been subject to depositions and custodial discovery already. Attorney Tucker, on the other hand, is a member of the PCC precisely because of her legal background.[43] Per the PCC Charter, "[a]ny communication between the Committee and legal counsel in the course of obtaining legal advice will be considered privileged and confidential."[44] Plaintiffs' selective quotations to the PCC Minutes are expressly marked privileged on the face of the PCC Minutes. Indeed, Attorney Tucker's impressions and opinions have already been affirmed as protected by the attorney-client privilege by Judge Polster.[45]

And *third*, Plaintiffs cannot show that the information sought is crucial to the preparation of their case. Plaintiffs have generally refused to discuss "specific details" about their request for Attorney Tucker's deposition.[46] Given that Kroger has presented two Rule 30(b) depositions regarding the PCC specifically—not to mention roughly a dozen other fact depositions of PCC members—it would shock the conscience to suggest that Plaintiffs still haven't asked "crucial" questions that they have not asked multiple times already.

Plaintiffs have demonstrated little reason at all to depose Attorney Tucker, let alone reason enough to overcome principles against deposing in-house lawyers. For these reasons, Kroger requests protective relief with respect to the Notice of Deposition of Frances Tucker.

## CONCLUSION

For these reasons, Kroger requests a protective order regarding the requested depositions of Frances Tucker and Bill Shinton.

Regards,

Will Lorensen

---

[43] *See* Ex. 14, PCC Charter at Kroger-MDL0002858.

[44] *See id.* at Kroger-MDL00028961.

[45] *See Order Regarding Kroger's Objections to SM Ruling 14 Part 32*, CM/ECF 5053 at 11.

[46] *See* Ex. 7 to Kroger's Opposition to Attorney Tucker Custodial Search.