# EXHIBIT H


**Attorneys at Law**

600 Quarrier Street, Charleston, WV 25301
P.O. Box 1386, Charleston, WV 25325-1386
304.347.1100

**William Lorensen**
wlorensen@bowlesrice.com
T 304.347.1178
F 304.347.1756

101 South Queen Street
Martinsburg, WV 25401

125 Granville Square, Suite 400
Morgantown, WV 26501

501 Avery Street
Parkersburg, WV 26101

Southpointe Town Center
1800 Main Street, Suite 200
Canonsburg, PA 15317

480 West Jubal Early Drive, Suite 130
Winchester, VA 22601

June 13, 2023

bowlesrice.com

Special Master David Cohen
24400 Chagrin Blvd. Ste. 300
Cleveland, OH 44122
david@specialmaster.law

    Re:    Kroger's Response to Plaintiffs' *Motion to Compel Custodial File of Frances Tucker Using Kroger National Search Terms*

Special Master Cohen:

    This is the second time that Plaintiffs have requested custodial discovery from Kroger's senior in-house counsel Frances Tucker ("Attorney Tucker"). Plaintiffs rely on the same bases they asserted last time: Kroger's Pharmacy Compliance Committee ("PCC") Minutes and Kroger's ordinary-course-of-business e-mail retention policy. The Special Master essentially already ruled on this issue and did not order the relief Plaintiffs seek, once again, here.

    Kroger has complied with the Special Master's order and has produced discovery requested by Plaintiffs. Indeed, since last time, (i) Kroger's productions, by Plaintiffs' own count, have tripled in volume and (ii) Kroger has agreed, in the spirit of compromise, to take less burdensome and better-tailored steps to address Plaintiffs' stated concerns. Plaintiffs fall well short of their burden to show good cause for more custodial discovery from Kroger's senior in-house counsel.

    Moreover, Plaintiffs' inexplicable delay in prosecuting this issue poses a unique and undue burden. The privilege review and logging necessary to accomplish full custodial discovery on an in-house lawyer is uniquely time-consuming and, based on Kroger's experience with Agenda Item 334, infeasible in this discovery period. As such, Plaintiffs' request poses undue burden and is not proportional to the needs of the case.

    For these reasons, Kroger opposes Plaintiffs' Motion.

## BACKGROUND

### A. National Custodians and PCC Minutes

Contrary to Plaintiffs' Letter Brief, the PCC's existence and subject-matters of its proceedings have been disclosed in MDL written discovery since January of 2022.[1] PCC meeting attendees (and the subject matters of each meeting) have been disclosed in unchallenged MDL privilege logs since May of 2022.[2] On July 19, 2022, over Kroger's objections, Kroger produced the PCC Minutes to the New Mexico Attorney General's counsel Jeff Gaddy.[3]

A few weeks later, Kroger and the MDL Plaintiffs—again through Mr. Gaddy—negotiated Kroger's MDL national custodians.[4] During this negotiation, Plaintiffs actively used PCC membership as grounds for additional national custodians:

> For similar reasons we believe Bob Breetz should be a national custodian. He was a member of the Pharmacy Compliance Committee from 2012 through retirement, and had a national role on the procurement side.

Despite having the PCC Minutes (and using them to angle for more national custodians), Plaintiffs made no mention of Attorney Tucker in August of 2022. Even back then, Kroger was pressing for resolution of national custodians in the interest of "mov[ing] forward given the other track deadlines."[5]

### B. Agenda Item 334

In September of 2022, the parties disputed the form and timing of Kroger's DR-22 production of the Quarles & Brady Reports and the PCC Minutes ("Agenda Item 334"). As a part of that dispute, Plaintiffs asked the Special Master to compel full custodial discovery from Attorney Tucker.[6] Plaintiffs relied upon the same bases they rely on now: the PCC Minutes and Kroger's ordinary-course-of-business e-mail retention policy.[7]

But the Special Master declined to issue Plaintiffs' overbroad remedy and instead issued a targeted one. The Special Master directed Kroger to search the custodial records of Attorney Tucker and "no more than two additional appropriate Kroger custodians" for "all documents in any way

---

[1] *See* Ex. 1, Excerpts of Kroger's 1st Supp. Resp. to CT7 RFPs.

[2] *See* Ex. 2, 2022.05.28 Privilege Log.

[3] *See* Ex. 3, 2022.07.20 NM Production Letter of PCC Minutes.

[4] *See* Ex. 4, 2022.08.12 E-mail from J. Gaddy.

[5] *Id.*

[6] *See* Agenda Item 334 Briefing (2022.09.23 Letter Brief from A. Irpino at n.2; October 3, 2022 Letter Brief from A. Irpino at 2).

[7] *See id.*

Bowles Rice

Special Master Cohen
June 13, 2023
Page 3

related" to the PCC Minutes and the Quarles & Brady Reports.[8]  Special Master Cohen also directed two hours of 30(b) testimony in connection with these documents.[9]  Kroger has since unquestionably complied with Agenda Item 334's directive.

In order to identify "two additional" Agenda Item 334 custodians, Kroger collected data from several candidates:

- Nicholas Gonzales (Manager of Rx Compliance, 2016 to present), a member of the PCC since joining Kroger in 2016.

- Martha Sarra (Chief Ethics and Compliance Officer, 2011 to present), a member of the PCC since 2012.

- Lincoln Lutz (Vice President of Pharmacy, until circa 2014), and member of the PCC until 2014.

- Philecia Avery (Vice President of Pharmacy, circa 2014-2017), a member of the PCC until 2017.

During this due diligence, Kroger discovered that it had retained substantial e-mail data for each of these current and former employees.  Much of the data is historical.  Kroger therefore had several viable candidates for the Agenda Item 334 project.

Ultimately, the parties agreed to Martha Sarra and Philecia Avery to fulfill Special Master Cohen's directive on identifying "no more than two additional appropriate Kroger custodians." Kroger negotiated with Plaintiffs on Agenda Item 334 search terms that would identify all documents related to the PPC Minutes and Quarles & Brady Reports.[10]  Kroger made rolling productions of such materials in February and March of 2023, and ultimately participated in additional 30(b) deposition time in connection with these documents and the productions.

In the nearly 9 months since Agenda Item 334, Kroger's aggregate productions have (by Plaintiffs' own count) tripled in volume.[11]  In the 7 weeks since the stay has lifted, Kroger has produced over ten thousand documents, including approximately one thousand documents pre-dating 2013.[12]  Kroger has complied with Plaintiffs' discovery requests and has agreed to more custodians than required by applicable CMOs.

---

[8] *See* Agenda Item 334 Decision (2022.10.13 E-mail from Special Master Cohen).

[9] *See id.*

[10] *See* Ex. 6 to Plaintiffs' Letter Brief (search terms).

[11] *Compare* Plaintiffs' Letter Brief at 4 *with* Agenda Item 334 Briefing (2022.09.23 A. Irpino Letter at n.2).

[12] As explained later, Plaintiffs' Letter Brief significantly misconstrues Kroger's production volumes and their timeframes.

Special Master Cohen
June 13, 2023
Page 4

### C. Plaintiffs' current request

On April 24, 2023—one day before the Agenda Item 334 30(b) deposition—Plaintiffs e-mailed Kroger's counsel seeking six additional "national" custodians: Nicholas Gonzales, Martha Sarra, Lincoln Lutz, Philecia Avery, Frances Tucker, and Bill Shinton.[13] The basis, yet again, was the timing of Kroger's production of PCC Minutes. Plaintiffs demanded that Kroger run "full search terms" on each of these individuals' custodial records.

Plaintiffs' request posed several problems. Agenda Item 334 already addressed Plaintiffs' claimed prejudice in connection with the timing of the PCC Minutes' disclosure. Further, Plaintiffs' newly-requested discovery is in excess of the custodian limits in CT8-CT10—which are intended to streamline discovery in later tracks.[14] Worse, Plaintiffs' request came inexplicably late. Plaintiffs did not request any of these individuals when the parties negotiated other national custodians in August of 2022; nor did Plaintiffs object to the Special Master's prior, targeted Attorney Tucker relief in October of 2022; nor did Plaintiffs request these new national custodians at any time before or during the stay.[15] Plaintiffs' delay is inexplicable.

Still, Kroger did not reject the late request out of hand. Kroger sought to confer about Plaintiffs' bases for the six individuals they sought—but Plaintiffs refused, claiming that they "don't have time" to discuss "specific details."[16] Despite Plaintiffs' unwillingness to negotiate, Kroger agreed to 4 of the 6 newly requested custodians. Kroger received no concessions in return.

Kroger assured Plaintiffs, and can assure the Special Master here, that this additional custodial discovery is a voluminous task that will result in substantial e-mail productions spanning historical periods. Custodian Gonzales has a substantial custodial file from 2016 to the present. Custodian Sarra has a substantial file that goes back to 2011. Custodian Lutz has a substantial file spanning the 2011-2013 period. Custodian Avery has a substantial file spanning the 2011-2017 period.

---

[13] Bill Shinton is Kroger's current Vice President of Pharmacy (circa 2017 to the present). As Plaintiffs indicate, Kroger has not completed a data collection from Mr. Shinton. Moreover, Plaintiffs previously sought Mr. Shinton as a national custodian on different grounds entirely (*see, e.g.,* Ex. 5, 2022.11.11 W. Lorensen Letter) but seemingly dropped the inquiry after a few correspondences with Kroger. *See, e.g.,* Ex. 6, 2023.3.24 W. Lorensen Letter.

[14] Outside of CT7, where discovery is closed, Kroger is required to identify no more than five (5) custodians, and each of those custodians must be "local." Kroger has already complied with the CMO's custodial requirements

[15] Plaintiffs imply that the stay was a full stop on MDL discovery. Not true. Plaintiffs prosecuted a number of discovery issues against Kroger during the stay: Ethics Point; third party subpoenas; search terms and custodians for Agenda Item 334, case track specific custodians, and even an unrelated request for other national custodians. *See, e.g.,* Ex. 5., 2023.3.24 W. Lorensen Letter. Kroger did not refuse to discuss any discovery issues during the stay. There is no reason why Plaintiffs could not have raised this issue at an earlier time.

[16] *See* Ex. 7, 2023.05.11 J. Gaddy Letter at 2.

Special Master Cohen
June 13, 2023
Page 5

## ARGUMENT

The Special Master has already refused the relief sought by Plaintiffs here. Since last time, Kroger has only taken on more discovery burdens and has only produced more historical e-mail. Even so, under the CMOs, Kroger is required to identify five (5) custodians in each case track in which it not a new defendant—i.e., CT8 through CT10. "[N]one of those custodians may be national custodians without leave of Court for good cause shown."[17] Not only do Plaintiffs fail to show good cause, this request for full custodial discovery on Kroger's in-house counsel is uniquely burdensome and uniquely disproportional to the needs of the case.

### A. Plaintiffs lack good cause for this request.

Plaintiffs' overarching (and oft-repeated) concern is the volume and timeframe of Kroger's e-mail productions.[18] Plaintiffs blame Kroger's ordinary-course-of-business e-mail retention policy for this perceived dearth in e-mail production.[19] Plaintiffs focus on historical e-mails from 2013 or earlier—long before Kroger could have reasonably anticipated litigation.

Plaintiffs have not met their burden to show that more searching of Attorney Tucker's file is warranted. *First*, Plaintiffs' argument that "highly relevant" documents "would not have been produced to Plaintiffs" absent custodial discovery from Attorney Tucker is both circular and untrue. Every single one of the documents cited in the Letter Brief is available from sources outside of Attorney Tucker's e-mail file. *Second*, Plaintiffs' representations about Kroger's production volumes are inaccurate, outdated, misleading, or some combination thereof. And *third*, Plaintiffs ignore the less burdensome methods of discovery that Kroger is taking to address Plaintiffs' stated concerns.

> 1. *Plaintiffs fail to show that searching Attorney Tucker is the "only way" (or for that matter, a proportional way) to obtain relevant documents.*

A party moving to compel additional custodians must demonstrate that the additional custodians would provide unique relevant information not already obtained.[20] Plaintiffs' Letter Brief cites to a series of documents produced in Agenda Item 334 that supposedly justify more custodial discovery from Attorney Tucker.

As a threshold matter, this is circular. The purpose of Agenda Item 334 was to search for documents in Attorney Tucker's custody relating to the PCC Minutes and the Quarles & Brady Reports. Seeking to justify more searching, Plaintiffs point to documents that relate to the PCC Minutes and the Quarles & Brady Reports. Plaintiffs' grounds are no different today than they were

---

[17] *See* ECF 3817; 3818; 3819.

[18] *See* Plaintiffs' Letter Brief at 4-5.

[19] *See id.*

[20] *See, e.g., Harris v. Union Pacific Railroad Co.*, 2018 WL 2729131, at *1 (D. Neb. June 6, 2018); *Fort Worth Employees' Ret. Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 107 (S.D.N.Y. 2013).

Bowles Rice

Special Master Cohen
June 13, 2023
Page 6

last time and they have not satisfied their burden for a broader search from Kroger's senior in-house counsel.[21]

And factually, Plaintiffs are mistaken: every single document cited in Plaintiffs' Letter Brief can be found in other productions (past or ongoing) outside of Attorney Tucker's file:

- Exhibit 9 is not even from Attorney Tucker's custodial file. It is from Martha Sarra's.

| # | | Prod - Begbates | Prod - Endbates | Produced Volume | Custodian |
|---|---|---|---|---|---|
| 1 | ☐ | Kroger-MDL00062111 | Kroger-MDL00062112 | Kroger-MDL069 | Sarra, Martha |

- Exhibit 10 is a Buzzeo project proposal that is almost word-for-word identical with a final, executed schedule of services.[22] This is one of the first documents Kroger produced in the opioid litigation back in December of 2020.

- Exhibit 11 is a duplicate of an e-mail retained in Lincoln Lutz's custodial file that is currently subject to ongoing searching and production.[23]

- Exhibit 12 is a Buzzeo presentation was also produced by IQVIA pursuant to third party subpoena.[24] Attorney Tucker's copy is a duplicate.

Plaintiffs' assertion that "th[ese] document[s] would not have been produced to Plaintiffs" without searching Attorney Tucker's file is simply not true. None of the documents cited in Plaintiffs' Letter Brief support more custodial discovery from Attorney Tucker. Instead, these documents illustrate the less burdensome, more proportional avenues of discovery that encompass these subject matters and timeframes.

2. *Plaintiffs' representations about Kroger's production volumes are inaccurate, outdated, misleading, or some combination thereof.*

Plaintiffs' claim that "produc[ing] Ms. Tucker's documents is the only way Plaintiffs will get access to relevant and responsive emails for a broader scope of the relevant timeframe" is not just mistaken in the specifics—it is inaccurate in the aggregate.

---

[21] *See, e.g., Harris*, 2018 WL 2729131, at *1 (denying motion to compel production of CEO's custodial file, finding there was not "a sufficient showing that this information is necessary and not cumulative of other materials"); *Fort Worth Emp. Ret. Fund*, 297 F.R.D. at 107 (party moving to compel additional proposed custodians "must demonstrate that the additional requested custodians would provide unique relevant information not already obtained").

[22] Ex. 8, Relevant Excerpt of Kroger/Buzzeo Customer Service Agreement.

[23] Plaintiffs' Letter Brief offers four sentences of analysis relating to a single sentence e-mail written by Mr. Lutz. Attorney Tucker responded that he (and others) should "handle without [her]." Because related e-mails were not located in Attorney Tucker's file, Mr. Lutz is the obvious and best custodian for any related data.

[24] *Compare id. with* Ex. 9, Kroger-MDL00058810 (produced in Kroger-MDL067).

Special Master Cohen
June 13, 2023
Page 7

      Contrary to Plaintiffs' representations, Kroger's "pre-2013 material" production is far more than 179 documents.[25] Kroger has produced 983 documents with pre-2013 metadata (at least[26]). Plaintiffs' Letter also states that "more than a third" of Kroger's pre-2013 material comes from Attorney Tucker.[27] Not true; Attorney Tucker accounts for less than a tenth of Kroger's pre-2013 production volume.

      Even so, it is not unusual for e-mail productions to be weighted towards more recent data rather than historical, 10+ year old data that may have existed long before the party could have reasonably anticipated litigation.

      3.    *Plaintiffs ignore the less burdensome methods of discovery that Kroger is taking to address Plaintiffs' stated concerns.*

      Moving forward, Kroger has agreed to 4 new national custodians in the spirit of compromise. Kroger has retained significant volumes of historical e-mail data from these four custodians. As explained above, several of the so-called "highly relevant" documents cited in Plaintiffs' Letter Brief are in the custody of agreed-to custodians. This project will result in substantial e-mail production spanning from 2011 to the present. While Kroger objects to this discovery, Kroger has agreed that the benefits and the burdens to these 4 new custodians are proportional to the needs of the case.

      Likewise, the PCC Minutes reflect the proceedings at quarterly meetings that have taken place since February of 2012. Plaintiffs have made (and likely will continue to make) specific requests relating to subject matters reflected in the PCC Minutes. Kroger has always complied with those requests. For example, the Quarles & Brady Reports themselves came from targeted questions arising from the PCC Minutes. Further, Plaintiffs have requested PCC materials that were provided Kroger's Audit Committee, and Kroger is currently making rolling productions of those materials. Moreover, Plaintiffs have requested information regarding Ethics Point (a regular agenda item in the PCC) and Kroger has provided Plaintiffs access to that information as well.

      Put simply, Kroger has engaged, and would continue to engage, in proportional discovery.[28] But full custodial discovery on Attorney Tucker is not that. Plaintiffs have failed to demonstrate that stopping short of full custodial discovery on Kroger's senior in-house lawyer poses any real prejudice at all. Put another way, Kroger has already agreed to do exactly what Plaintiffs claim to want Kroger to do: search historical e-mail sources for relevant documents and investigate specific issues. All that

---

[25] Plaintiffs' Letter Brief at n.23.

[26] Even this is an underestimate; historical data sometimes lack representative master dates. (For example, scanned-in hard copies and certain non-email ESI revert to current-day master dates although they reflect historical content.)

[27] *Id.*

[28] *See Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec.*, 685 F. Supp. 2d 456, 461 (S.D.N.Y. 2010) ("[T]here is no obligation on the part of a responding party to examine every scrap of paper in its potentially voluminous files") ("In an era where vast amounts of electronic information is available for review, ... [c]ourts cannot and do not expect that any party can meet a standard of perfection.").

Bowles Rice

Special Master Cohen
June 13, 2023
Page 8

Kroger has declined to do is search the records of its senior in-house counsel. For these reasons, Plaintiffs lack good cause for more custodial discovery from Attorney Tucker.

**B.     Plaintiffs' late-requested discovery is infeasible in the discovery period anyways.**

Plaintiffs' late requests poses a uniquely undue burden. It took several months (from roughly January to March of 2023) to run search terms, complete privilege review and logging, and finalize the production of Attorney Tucker's Agenda Item 334 custodial file. It took several more months for privilege disputes to arise, and be resolved, through meet and confers and briefing.

The privilege issues arising from full custodial discovery from Attorney Tucker would take much longer. This discovery cannot be completed within the discovery schedule. Plaintiffs' hopes that this discovery be completed for "depositions that will occur throughout July" is not even remotely realistic.[29]

Plaintiffs did not request this discovery in the fall of 2022, nor at any point during the stay. Throughout this time period, Kroger and Plaintiffs remained in regular contact on other closely related subject matters.[30] The burden, infeasibility, and disproportionality of this late-requested discovery falls on Plaintiffs.

### CONCLUSION

For the reasons stated above, Kroger opposes *Motion to Compel Custodial File of Frances Tucker Using Kroger National Search Terms*.

Regards,

Will Lorensen

CC:     Kroger Counsel
        Plaintiffs' Counsel

---

[29] *See* 2023.06.06 J. Gaddy E-Mail to Special Master Cohen.

[30] *See supra* at n.15.