UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**  ) ) ) **THIS DOCUMENT RELATES TO:**  ) ) *All Cases*  ) ) ) | **CASE NO. 1:17-MD-2804** **JUDGE POLSTER** **MINUTES AND ORDER REGARDING PBM BELLWETHER PROCESS** |

On this date, the Court conducted an on-the-record video status conference with the PEC and the PBM Defendants (OptumRx and Express Scripts). The Court had earlier directed these parties to meet and confer and attempt to reach agreement on a process for selecting bellwether cases. The parties' efforts were unsuccessful. Accordingly, the Court now orders the parties to proceed as follows.

**September 22, 2023, 4:00p EST** – The PEC and the PBM Defendants shall each file a separate document listing their four picks of potential PBM bellwether cases. The parties will pick cases that: (1) are already filed in the MDL; and (2) already name one or both of the PBM Defendants. Further, the four cases picked must have plaintiffs from four different federal circuits.

**October 6, 2023, 4:00p EST** – The PEC and the PBM Defendants shall each file a document listing two strikes of the other side's four picked cases. This will leave four bellwether cases – two plaintiff picks and two defendant picks.[1]

Up to this point, none of the resulting four bellwether cases have been litigated – they have been stayed, and their being picked will occur "before discovery ever started." *In re: Nat'l*

---

[1] It is possible plaintiffs and defendants will pick some of the same cases. The Court will address this eventuality when and if it occurs.

*Prescription Opiate Litig.*, Case No. 21-4051, slip op. at 2 (6th Cir. Nov. 14, 2022) (MDL docket no. 4747). Accordingly, the Court indicated that the plaintiffs in those four cases will be allowed to file amended complaints, as previously approved by the Sixth Circuit.[2] The PBM Defendants opposed any amendment of complaints. The Court ruled the PBM defendants can file objections in the four bellwether cases after the amended complaints are filed.

Finally, the PBM Defendants suggested they might move for recusal of Special Master Cohen, and asked the Court to preclude him from working on PBM cases. The Court denies this request. *See In re Nat'l Prescription Opiate Litig.*, 2019 WL 7482137, at *1 (6th Cir. Oct. 10, 2019) (denying petition by 16 defendants for a writ of mandamus seeking to compel recusal of the undersigned for making "public comments" that defendants believed showed he "prejudged liability" and "believed that settlement was the best option").

**IT IS SO ORDERED.**

/s/ *Dan Aaron Polster*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

**Dated:** August 31, 2023

---

[2] *See id.* at 2 ("When this [Opioid MDL] case was selected as a bellwether, the plaintiffs exercised their right to amend and added Meijer as a defendant. Because [this] district court's scheduling order permitted such amendment from the outset, plaintiffs did not need the district court's leave to amend.") (emphasis added). *See also id.* at 3 ("[This MDL Court's] scheduling order allowed plaintiffs to amend whenever their case was selected as a bellwether, so there was no cutoff date for amendments. That unusual aspect of the scheduling order did not clearly violate Rule 16 because it provided some limit (when a case was selected as a bellwether), although the order went right to the edge of the district court's discretion under Rule 16.").

This Court also indicated it will later set specific deadlines for amendment of complaints, responsive pleadings, motions to dismiss, and so on, with input from the parties, once the bellwethers are chosen.