# EXHIBIT 6

| | |
|---|---|
| **From:** | David R. Cohen (David@SpecialMaster.Law) |
| **To:** | Jeff Gaddy |
| **Cc:** | Peter Mougey; Page Poerschke; Laura Dunning; Mildred Conroy; Anthony Irpino; Pearl Robertson; JYoung@ForThePeople.com; Juan Martinez x2192; Douglas Acklin x6133; Katie Mayo; Ronda Harvey; Ashley Hardesty Odell; Will Lorensen |
| **Subject:** | Re: MDL 2804 - Plaintiffs Motion to Compel Production of Custodial File of Frances Tucker |
| **Date:** | Wednesday, June 28, 2023 10:51:45 AM |
| **Attachments:** | Kroger email ruling on Tucker files-drc.pdf |

A page was cut off from my earlier email, the full ruling is attached here.

-d



========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

---

**From:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Sent:** Wednesday, June 28, 2023 11:45 AM
**To:** Jeff Gaddy <jgaddy@levinlaw.com>
**Cc:** Peter Mougey <pmougey@levinlaw.com>; Page Poerschke <ppoerschke@levinlaw.com>; Laura Dunning <ldunning@levinlaw.com>; Mildred Conroy <mconroy@simmonsfirm.com>; Anthony Irpino <airpino@irpinolaw.com>; Pearl Robertson <probertson@irpinolaw.com>; JYoung@ForThePeople.com <jyoung@forthepeople.com>; Juan Martinez x2192 <juanmartinez@forthepeople.com>; Douglas Acklin x6133 <dacklin@forthepeople.com>; Katie Mayo <kmayo@levinlaw.com>; Ronda Harvey <rharvey@bowlesrice.com>; Ashley Hardesty Odell <ahardestyodell@bowlesrice.com>; Will Lorensen <wlorensen@bowlesrice.com>
**Subject:** Re: MDL 2804 - Plaintiffs Motion to Compel Production of Custodial File of Frances Tucker

Please find my ruling attached.

Note that, if any party wants to object, a request for formalization of this ruling must be submitted by Monday July 3. *See* docket no. 69 at 5.

-d



========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

6/28/2023

Dear Counsel,

For the reasons stated below, the PEC's request for an order requiring Kroger to "run the national Kroger search terms on the custodial file of Frances Tucker, and to produce all responsive, non-privileged documents," is granted.

The PEC asserts this production will certainly yield relevant documents it could not have discovered earlier, and would also provide some relief from the general paucity of Kroger's discovery due to Kroger's relatively draconian 30-day document deletion policy.

In response, Kroger asserts I already denied the PEC's request.  Specifically, Kroger states that, in connection with Agenda Item 334, the PEC already asked me to "compel full custodial discovery" from Frances Tucker, and I responded with a "targeted" ruling in my October 13, 2022 email.  I disagree with this characterization.  First, the PEC did not earlier ask for full custodial discovery from Tucker.  In the concluding paragraph of Anthony Irpino's September 23, 2022 letter brief (the moving letter in Agenda Item 334), the Plaintiffs ultimately requested *only* "an order: a) compelling Kroger to produce into the MDL the PCC Minutes and Buzzeo Audits which Kroger Previously produced in the New Mexico litigation; and b) sanctioning Kroger for its multiple discovery violations outlined herein."  Second, on October 13, 2022, I ordered Kroger to "1) search for and produce from the custodial files of Frances Tucker any and all documents related in any way to the Buzzeo audits and PCC minutes; 2) meet and confer with the PEC to identify no more than two additional appropriate Kroger custodians, regarding whom Kroger will engage in the same search and production; and 3) make available a corporate representative to testify about these documents for 2.0 hours."  My October 13 ruling was tailored toward production of the requested PCC Minutes and Buzzeo Audits; it was certainly not a rejection of a request for a broader order for production of documents from Tucker's custodial file.

Kroger also asserts the PEC already had the PCC minutes on July 19, 2022 (as a result of Kroger turning over those documents to the New Mexico Attorney General, who was represented by PEC Firm member Jeff Gaddy), so the PEC should have made the current request long ago.  But the PEC indicates it understood Gaddy should not "have used his knowledge from the New Mexico case to make arguments on behalf [of] the MDL."  In any event, I will not impute knowledge of the contents of the PCC minutes in July 2022 to the PEC simply because those minutes were turned over at that time to the NM AG.  It appears the minutes were not actually produced in the MDL until February and March of 2023.

As the PEC's letter brief demonstrates, the PCC minutes reveal that Ms. Tucker was intimately involved in controlled substances policies that relate directly to the central issues in this case.  According to Kroger, the PEC asked for the addition of Tucker as a national custodian no later than April 24, 2023.  Although this request came somewhat late in the CT7 discovery timeline, I do not consider this timing to represent an unreasonable delay, especially since the PCC minutes were actually produced only a month or two earlier.  Moreover, as revealed by a joint email from the parties submitted as recently as yesterday, discovery and depositions of current and former

Kroger employees will continue in this case until at least August.  The PEC has not been dilatory and Kroger will suffer no prejudice.

Kroger further argues that various documents from Tucker's files have *already* been produced from the files of other custodians, and the PEC has not met its burden of showing a need for further searching.  The PEC's reply casts real doubt on Kroger's assertions about the nature and provenance of those exemplar documents.  Moreover, it is certain that documents sent and received by Tucker will be more complete from Tucker's own files than from other custodians.  Furthermore, the PEC argues convincingly that the order it seeks would provide some relief from Kroger's 30-day document deletion policy.  Finally, it does not appear that requiring Kroger to apply national search terms to Ms. Tucker's custodial files will cause any undue burden on Kroger.

Ultimately, it appears likely the PEC's request will produce relevant documents not otherwise discovered or discoverable.  Allowing this discovery makes it more likely the parties' dispute will be resolved on the merits, rather than the fortuity of when during the litigation the request was made.

In sum, the PEC's request is appropriate and justifies the modest additional burden on Kroger.  Accordingly, the request is granted.  The parties shall meet and confer to work out any needed scheduling (or re-scheduling) of depositions.

-David