# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*This document relates to:*<br><br>    All Third-Party Payor Cases | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

### DEFENDANTS' RESPONSE TO TPP PLAINTIFFS' "MASTER MOTION" FOR AN EXTENSION OF TIME TO SUBMIT PLAINTIFF FACT SHEETS

Defendants[1] do not object to a two-week extension of time to accommodate certain Third-Party Payor ("TPP") Plaintiffs who, despite their good faith and diligence, were unable to meet the Court's September 5, 2023 deadline to complete Plaintiff Fact Sheets ("PFSs"). At the same time, however, it has become clear that there remain TPP Plaintiffs who are not serious about pursuing their claims, while others may hope to exclude themselves strategically from the bellwether selection process simply by running out the clock. A meaningful bellwether program for the TPP cases in this MDL requires the Court to impose firm deadlines going forward, with real consequences for TPP Plaintiffs who do not comply.

Defendants therefore respectfully request that any order that the Court enters on Plaintiffs' motion for an extension of time to submit PFSs should specify that any TPP Plaintiff who does not comply with the new September 19, 2023 deadline will be dismissed with prejudice unless (1) the TPP files a motion identifying the specific questions on the PFS that it

---

[1] Defendants for purposes of this submission include the undersigned Defendants who have been participating in the TPP bellwether process, including certain parties associated with Allergan, AmerisourceBergen, CVS, Cardinal Health, Janssen, McKesson, Teva, Walgreens, and Walmart. Many TPP complaints also name other, unrelated Defendants.

cannot answer and showing extraordinary circumstances to justify its non-compliance, supported by affidavits or declarations with particularized evidence regarding its efforts to obtain the missing information, including all relevant dates; and (2) the TPP submits a PFS by September 19 that includes complete answers to every other question.

## Background

The Court's February 28, 2023 Bellwether Order (Dkt. 4920) established a bellwether selection process in which a subset of 39 TPP Plaintiffs selected by the parties would submit PFSs by June 23, 2023. The parties negotiated and reached an agreement on the content of the PFS. While Defendants agreed to cut certain questions to which the TPPs objected, counsel for the TPPs never indicated that they would not be able to obtain the information they agreed to provide in time to meet the Court's deadline.

The Court's Bellwether Order assumed that the TPPs chosen to submit PFS would comply with the Court's order. However, a substantial number of the TPPs identified by Defendants elected to dismiss their cases instead. With Plaintiffs' agreement, the Court then ordered each TPP Plaintiff who did not dismiss its claims without prejudice by July 7, 2023, to complete a PFS by September 5, 2023. Order Amending TPP Bellwether Process (Dkt. 5097). TPP Plaintiffs who did not comply would face dismissal with prejudice. *Id.*

On September 1, 2023, the TPP Plaintiffs filed the instant motion, advising that a substantial number of TPPs would be unable to meet the Court's deadline. One issue is that, while some TPPs have apparently been able to obtain all the information they need from their PBM partners, others say that they are still waiting on certain information, that they have served

subpoenas on their PBMs to obtain the information, or that they may yet serve subpoenas. Mem. in Support of Master Mot. Ex. D (Dkt. 5169-5).[2]

That is not the only reason Plaintiffs give for many of the TPPs' non-compliance. They also say, for example, that:

- One TPP has provided "[n]o response" to its own lawyers, *id.* at 3;
- A TPP "and its counsel are" still "reviewing materials," *id*. at 7-8;
- Another TPP has, even now, yet to decide "whether they intend to participate" in the litigation, *id.* at 5;
- Several TPPs are, without explanation, "unable to provide the materials on the short deadline given," *id.* at 13; and
- Plaintiffs who say they are suing as assignees of unidentified TPPs "have reached out" to their assignors "to acquire some missing information," apparently without success, *id.* at 14-15.

Plaintiffs' motion provides no detail about any individual TPP's efforts to obtain the information it still needs to complete a PFS. It is thus impossible to evaluate which TPPs have acted diligently and in good faith, and so may genuinely have good cause for seeking an extension.

Plaintiffs request a two-week extension of time to submit PFSs for some of the TPPs listed on Exhibit D to their motion and an indefinite extension for the others on Exhibit D.[3]

---

[2] Some TPPs report that they have served subpoenas on their PBMs and received objections rather than information. Plaintiffs provide no explanation why these TPPs have taken no steps to enforce their subpoenas so that the TPPs can comply with this Court's orders.

[3] It is unclear to Defendants from Exhibit D how many TPPs fall into each category.

3

**Argument**

If certain TPPs truly need an additional two weeks to comply with the Court's orders on PFSs, Defendants do object to extending their deadline by two weeks to September 19, 2023.

However, the Court should not allow the bellwether selection process to be manipulated and held up by, for instance, a TPP's failure to respond to its lawyers, counsel's failure to make timely inquiries or to review information, or a TPP's unjustified delay in seeking or obtaining necessary information from its PBM partners. The fact that certain TPPs were able to meet the Court's original September 5 deadline indicates that, at least in some cases, non-compliant TPPs could have done the same if they had acted with similar diligence.

Accordingly, in ruling on Plaintiffs' motion for an extension of time, the Court's order should explain that it will grant additional extensions beyond September 19 only on a case-by-case basis and under extraordinary circumstances to TPPs who can demonstrate their good faith and diligence in attempting to meet the Court's deadlines. To that end, the Court should require any TPP asking for a further extension to (1) identify which specific questions on the PFS the TPP still cannot answer and what specific information it still needs to answer those questions, and (2) provide a declaration and other evidence demonstrating all of the steps the TPP and its counsel have taken to obtain the missing information, including relevant dates and an explanation why those efforts have not been successful.

In addition, even if a TPP receives an extension beyond September 19 to provide responses to particular questions on the PFS, the Court should still require the TPP to submit a PFS by September 19 with complete responses to every other question.

Finally, as the Court set out in its Order Amending TPP Bellwether Process (Dkt. 5097), the consequence of non-compliance should continue to be dismissal with prejudice. Any TPP

who does not submit a PFS by September 19 and cannot make the required showing has demonstrated an unwillingness to prosecute its case diligently and in good faith. Such TPPs already declined the opportunity the Court previously gave them to dismiss their cases without prejudice by July 7, 2023 without penalty. The consequence now must be dismissal with prejudice.

## Conclusion

If the Court is inclined to grant the TPP Plaintiffs' request for an extension until September 19, 2023 to complete PFSs, Defendants respectfully request that the Court's order further specify that any TPP Plaintiff who does not meet the September 19 deadline will be dismissed with prejudice unless the TPP:

- Files a motion identifying the specific questions on the PFS that it cannot answer and showing extraordinary circumstances to justify its non-compliance, supported by a declaration and particularized evidence regarding its efforts to obtain the missing information, including all relevant dates; and

- Submits a PFS by September 19 that includes complete answers to every other question.

Dated: September 11, 2023      Respectfully submitted,

/s/ Kaspar J. Stoffelmayr
Kaspar J. Stoffelmayr
Katherine M. Swift
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Tel.: (312) 494-4400
kaspar.stoffelmayr@bartlitbeck.com
kate.swift@bartlitbeck.com

*Counsel for Walgreen Co.*

5

/s/ Eric R. Delinsky
Eric R. Delinsky
Alexandra W. Miller
Paul B. Hynes, Jr.
Steven N. Herman
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC 20036
Tel.: (202) 778-1800
edelinsky@zuckerman.com
smiller@zuckerman.com
phynes@zuckerman.com
sherman@zuckerman.com

*Counsel for CVS Pharmacy, Inc.*


/s/ Tina M. Tabacchi
Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
110 North Wacker
Suite 4800
Chicago, IL 60606
Tel.: (312) 782-3939
tmtabacchi@jonesday.com
tfumerton@jonesday.com

*Counsel for Walmart Inc.*


/s/ Robert A. Nicholas
Robert A. Nicholas
Shannon E. McClure
Joseph J. Mahady
Anne Rollins Bohnet
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel.: (215) 851-8100
rnicholas@reedsmith.com
smcclure@reedsmith.com
jmahady@reedsmith.com
abohnet@reedsmith.com

6

*Counsel for AmerisourceBergen Corporation and AmerisourceBergen Drug Corporation*

*/s/ Enu A. Mainigi*
Enu A. Mainigi
Jennifer G. Wicht
Steven Pyser
Ashley Hardin
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, SW
Washington, DC 20024
Tel.: (202) 434-5000
emainigi@wc.com

*Attorneys for Defendant Cardinal Health, Inc.*

*/s/ Geoffrey E. Hobart*
Geoffrey E. Hobart
Timothy C. Hester
Christian J. Pistilli
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel.: (202) 662-5281
ghobart@cov.com
thester@cov.com
cpistilli@cov.com

*Counsel for McKesson Corporation*

*/s/ Rebecca Fitzpatrick*
Rebecca Fitzpatrick, P.C.
KIRKLAND & ELLIS LLP
300 N LaSalle
Chicago, IL 60654
Tel.: (312) 862-2690
rebecca.fitzpatrick@kirkland.com

*Counsel for Allergan Finance, LLC, Allergan Limited, Allergan Sales, LLC, and Allergan USA, Inc.*

7

/s/ Charles C. Lifland
Charles C. Lifland
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Tel.: (213) 430-6000
clifland@omm.com

*Counsel for Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; and Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.*


/s/ Evan K. Jacobs
Evan K. Jacobs
Rebecca J. Hillyer
Eric W. Sitarchuk
MORGAN LEWIS & BOCKIUS LLP
1701 Market St.
Philadelphia, PA 19103
Tel.: (215) 963-5000
evan.jacobs@morganlewis.com
rebecca.hillyer@morganlewis.com
eric.sitarchuk@morganlewis.com

*Counsel for the Teva Entities*

## CERTIFICATE OF SERVICE

      I, the undersigned, hereby certify that the foregoing document was served via the Court's ECF system on all counsel of record on September 11, 2023.

                                                */s/ Kaspar J. Stoffelmayr*
                                                Kaspar J. Stoffelmayr

                                                *Counsel for Walgreen Co.*