# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION | ) | **CASE NO. 1:17-MD-2804** |
| OPIATE LITIGATION | ) | |
| | ) | **JUDGE POLSTER** |
| **THIS DOCUMENT RELATES TO:** | ) | |
| | ) | |
| *Cases filed by* | ) | **ORDER GRANTING MOTION** |
| *Third Party Payor Plaintiffs ("TPPs")* | ) | **FOR EXTENSION OF TIME AND** |
| | ) | **REVISING BELLWETHER PROCESS** |

This Court has entered several Orders setting "a process for choosing bellwether trials in cases filed by Third Party Payors ('TPPs')."  Docket no. 5060 at 1; *see also* docket nos. 5097, 4920. The process changed as it went forward, ultimately requiring every TPP with a pending case to complete a Plaintiff Fact Sheet ("PFS") no later than September 5, 2023.  The Court ruled that "[a]ny TPP-plaintiff who does not meet the September 5, 2023 PFS deadline shall, upon motion, have their case dismissed with prejudice."  Docket no. 5097 at 1.

TPPs have filed a motion for a two-week extension of time to complete their PFSs.  *See* docket no. 5169.  TPPs explain that some of the information required by the PFS can only be produced by third parties with which each TPP contracted, and the TPPs are having trouble getting these third parties to timely respond.  For example, the PFS directs the TPP to produce: (1) certain "pharmacy data," such as the number of opioid prescriptions the TPP paid for; and (2) certain "medical data," such as the number of claims made for treatment of opioid dependence.  *See* docket

no. 5169-2 at § III.1 & 2. These two types of data are typically kept by third-party PBMs (*e.g.* OptumRx) and "Third-Party Administrators" (*e.g.* Cigna), respectively. The former have sometimes not responded timely to the TPPs' data requests, and the latter have sometimes objected to production of the requested data entirely.

Defendants respond they do not oppose the requested two-week extension of time, but ask that the Court further order that: (1) TPPs must supply PFSs that are as completely filled out as possible, as well as affidavits showing detailed compliance efforts for all incomplete answers; and (2) any TPP that cannot show "extraordinary circumstances" for failure to supply complete answers will have its case dismissed with prejudice.

The Court concludes that the motion for extension of time is well-taken, but further concludes the process of choosing bellwether cases has been delayed long enough – it cannot wait for the entire completion of all PFSs, which may be delayed further by third parties. So long as the PFS is substantially complete (as defined further below), the parties have enough information to go forward with the bellwether selection process. At the same time, however, in any case where the TPP has not substantially completed a PFS by the new deadline, that case deserves dismissal with prejudice. The Court agrees with defendants' concerns, but will take a slightly different approach.

Accordingly, the TPPs now have until **5:00p.m. on September 19, 2023** to submit their PFSs. Liaison Counsel for the TPPs shall then submit to the Court by **noon on September 21, 2023** a list of pending TPP cases where a PFS was *not* submitted; the Court will dismiss those cases with prejudice. Liaison Counsel for the TPPs shall also submit to the Court by **noon on September 21, 2023** a chart of TPP cases where a PFS *was* submitted, and showing for each PFS: (a) whether sections I, II, IV, and V are *entirely* complete (Y/N); (b) whether section III.5 is *entirely* complete

2

(Y/N); and (c) the status of sections III.1-4 and III.6 (including a summary stating from which third parties any information has been requested, what information has so far been produced, and the status of any outstanding information requests).  The TPPs shall also make available to the Court via a file-sharing site a copy of each PFS.  The Court will promptly consider whether to dismiss with prejudice any TPP case where the PFS does not meet the requirements set out in this paragraph, for failure of substantial completion.

Thereafter, and with the benefit of all of the PFSs, the parties will begin anew the process of picking bellwether trial cases, as originally set out in docket no. 4020 but modified as follows. As discussed further below, each bellwether case will go forward against all three industry groups (manufacturers, distributors, and pharmacies).

• **October 6, 2023**: Plaintiffs shall propose six bellwether cases and provide those six selections to opposing counsel; and each defendant industry group shall propose two bellwether cases, and defendants shall provide those six selections to opposing counsel.

• **October 13, 2023**: Each side shall strike four of the opposing side's selections, leaving two defendant selections and two plaintiff selections, for a total of four bellwether cases.  Picks and strikes must be exercised in a manner that results in bellwether cases in at least three federal circuits.  The parties may also simply agree on one or more of the four bellwether cases.

*Pretrial* litigation of each of the four bellwether cases before this MDL Court will proceed against all defendants in all three industry groups.  Whether a single ***trial*** of each bellwether case goes forward against all defendants, or instead certain defendants are severed for trial, will be at the discretion of the transferor court following remand (assuming the case survives summary

3

judgment).[1]  Plaintiffs have agreed to the following conditions if the transferor court chooses to conduct a single trial against all defendants in all three industry groups in a bellwether case: (1) plaintiffs will take no more than about 90 hours of trial time; (2) if there are nine defendants,[2] the defendants will have twice as much total trial time (about 180 hours); and (3) the trial will take no more than three months, total.  All trial conditions remain within the discretion of the trial court.

In light of the foregoing, the TPP status conference scheduled for September 18, 2023 is canceled.

**IT IS SO ORDERED.**

/s/ *Dan Aaron Polster*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

**Dated:** September 13, 2023

---

[1]  Rather than conducting a single trial against all defendants, the transferor court may, for example, choose to sever the defendants and conduct three different trials *seriatim* – the first trial against only the manufacturer defendants, the second against only the distributor defendants, and the third against only the pharmacy defendants.

[2]  The Court discussed these limitations with the parties assuming a single trial goes forward against all of the following "biggest" defendants: (1) manufacturers Janssen, Allergan, and Teva; (2) distributors McKesson, Cardinal Health, and AmerisourceBergen n/k/a Cencora; and (3) pharmacies CVS, Walgreens, and Walmart.  The amounts of time listed above would likely decrease, of course, if the trial did not include all of these defendants.

4