EXHIBIT C

| | |
|---|---|
| **From:** | David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law> |
| **Sent:** | Thursday, September 7, 2023 8:22 PM |
| **To:** | Harder, Bradley; Boone, Brian; Carrie_Roush@ohnd.uscourts.gov |
| **Cc:** | jrice@motleyrice.com; paul@farrellfuller.com; PWeinberger@spanglaw.com; lsinger@motleyrice.com; joanne@cicalapllc.com; Jordan, Bill; Chemerinsky, Kim; McGowan, Emily; Bond, Ethan; Haley Plourde-Cole; jonathancooper@quinnemanuel.com; mikelyle@quinnemanuel.com; Eric Lyttle; Olga Vieira; Patrick King |
| **Subject:** | Re: MDL No. 2804 - PBMs' Status Report for August 30, 2023 Conference Relating to PBMs |
| **Attachments:** | PBM - DRC Affidavit.pdf |

**EXTERNAL SENDER – Proceed with caution**

Dear Mssrs. Boone and Cooper:

This email responds to your request that I "disqualify [my]self from participating in any MDL proceedings related to OptumRx and Express Scripts, as well as any proceedings related to any of their parent or affiliate companies."

I must decline your request because I do not now have, and have never had, any disqualifying personal bias or prejudice toward your clients, or any other party in the MDL.  Nor do I suffer any other failure of impartiality.

Regarding your assertion that my August 28, 2023 email is evidence of "(1) personal bias or prejudice towards OptumRx and Express Scripts, (2) personal knowledge of disputed evidentiary facts, or (3) both," please see the attached affidavit.  This affidavit explains how and why your assertion is incorrect.   I believe you have misapprehended my email.

I hope my explanation makes clear why your request is not well-taken.  Thank you for your consideration.

-David


========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

---

**From:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Sent:** Tuesday, September 5, 2023 8:15 PM

1

**To:** Harder, Bradley <Bradley.Harder@alston.com>; Boone, Brian <Brian.Boone@alston.com>; Carrie_Roush@ohnd.uscourts.gov <Carrie_Roush@ohnd.uscourts.gov>
**Cc:** jrice@motleyrice.com <jrice@motleyrice.com>; paul@farrellfuller.com <paul@farrellfuller.com>; PWeinberger@spanglaw.com <PWeinberger@spanglaw.com>; lsinger@motleyrice.com <lsinger@motleyrice.com>; joanne@cicalapllc.com <joanne@cicalapllc.com>; Jordan, Bill <Bill.Jordan@alston.com>; Chemerinsky, Kim <Kim.Chemerinsky@alston.com>; McGowan, Emily <Emily.McGowan@alston.com>; Bond, Ethan <Ethan.Bond@alston.com>; Haley Plourde-Cole <haleyplourdecole@quinnemanuel.com>; jonathancooper@quinnemanuel.com <jonathancooper@quinnemanuel.com>; mikelyle@quinnemanuel.com <mikelyle@quinnemanuel.com>; Eric Lyttle <ericlyttle@quinnemanuel.com>; Olga Vieira <olgavieira@quinnemanuel.com>; Patrick King <patrickking@quinnemanuel.com>
**Subject:** Re: MDL No. 2804 - PBMs' Status Report for August 30, 2023 Conference Relating to PBMs

Please take notice I have been out of the country since last Friday. I will respond to this request on or before Monday, September 11, 2023.

Thanks,
David


========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

---

**From:** David Cohen <david@davidrcohen.com>
**Sent:** Friday, September 1, 2023 10:11 PM
**To:** Harder, Bradley <Bradley.Harder@alston.com>; Boone, Brian <Brian.Boone@alston.com>; Carrie_Roush@ohnd.uscourts.gov <Carrie_Roush@ohnd.uscourts.gov>
**Cc:** jrice@motleyrice.com <jrice@motleyrice.com>; paul@farrellfuller.com <paul@farrellfuller.com>; PWeinberger@spanglaw.com <PWeinberger@spanglaw.com>; lsinger@motleyrice.com <lsinger@motleyrice.com>; joanne@cicalapllc.com <joanne@cicalapllc.com>; Jordan, Bill <Bill.Jordan@alston.com>; Chemerinsky, Kim <Kim.Chemerinsky@alston.com>; McGowan, Emily <Emily.McGowan@alston.com>; Bond, Ethan <Ethan.Bond@alston.com>; Haley Plourde-Cole <haleyplourdecole@quinnemanuel.com>; jonathancooper@quinnemanuel.com <jonathancooper@quinnemanuel.com>; mikelyle@quinnemanuel.com <mikelyle@quinnemanuel.com>; Eric Lyttle <ericlyttle@quinnemanuel.com>; Olga Vieira <olgavieira@quinnemanuel.com>; Patrick King <patrickking@quinnemanuel.com>
**Subject:** Re: MDL No. 2804 - PBMs' Status Report for August 30, 2023 Conference Relating to PBMs

I will take this under advisement. Have a nice weekend.

Sent from my Verizon, Samsung Galaxy smartphone
Get Outlook for Android

---

**From:** Harder, Bradley <Bradley.Harder@alston.com>
**Sent:** Friday, September 1, 2023 8:02:39 PM
**To:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>; Boone, Brian <Brian.Boone@alston.com>; Carrie_Roush@ohnd.uscourts.gov <Carrie_Roush@ohnd.uscourts.gov>

2

**Cc:** jrice@motleyrice.com <jrice@motleyrice.com>; paul@farrellfuller.com <paul@farrellfuller.com>; PWeinberger@spanglaw.com <PWeinberger@spanglaw.com>; lsinger@motleyrice.com <lsinger@motleyrice.com>; joanne@cicalapllc.com <joanne@cicalapllc.com>; Jordan, Bill <Bill.Jordan@alston.com>; Chemerinsky, Kim <Kim.Chemerinsky@alston.com>; McGowan, Emily <Emily.McGowan@alston.com>; Bond, Ethan <Ethan.Bond@alston.com>; Haley Plourde-Cole <haleyplourdecole@quinnemanuel.com>; jonathancooper@quinnemanuel.com <jonathancooper@quinnemanuel.com>; mikelyle@quinnemanuel.com <mikelyle@quinnemanuel.com>; Eric Lyttle <ericlyttle@quinnemanuel.com>; Olga Vieira <olgavieira@quinnemanuel.com>; Patrick King <patrickking@quinnemanuel.com>
**Subject:** RE: MDL No. 2804 - PBMs' Status Report for August 30, 2023 Conference Relating to PBMs

Special Master Cohen,

In accordance with 28 U.S.C. §§ 455(a) and (b)(1), Federal Rule of Civil Procedure 53(a)(2), and the Special Master Appointment Order (MDL 2804-69), OptumRx, Inc. and Express Scripts, Inc. request that you disqualify yourself from participating in any MDL proceedings related to OptumRx and Express Scripts, as well as any proceedings related to any of their parent or affiliate companies. Your August 28, 2023 email sent at 12:50pm leads us to reasonably question your impartiality and evidences (1) personal bias or prejudice towards OptumRx and Express Scripts, (2) personal knowledge of disputed evidentiary facts, or (3) both.

OptumRx and Express Scripts reserve all rights, including the right to move for your disqualification if you do not voluntarily recuse.

Thank you,

Brian Boone and Jonathan Cooper

*/s/ Brian D. Boone*
ALSTON & BIRD LLP
Vantage South End
1120 S. Tryon Street, Suite 300
Charlotte, NC 28203
Tel: (704) 444-1000
brian.boone@alston.com
Counsel for OptumRx, Inc.

*/s/ Jonathan G. Cooper*
QUINN EMANUEL URQUHART & SULLIVAN LLP
1300 I St. NW, Suite 900
Washington, DC 20005
Tel: 202-538 8000
jonathancooper@quinnemanuel.com
Counsel for Express Scripts, Inc.

---

**From:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Sent:** Tuesday, August 29, 2023 8:51 PM
**To:** Boone, Brian <Brian.Boone@alston.com>; Harder, Bradley <Bradley.Harder@alston.com>; Carrie_Roush@ohnd.uscourts.gov
**Cc:** jrice@motleyrice.com; paul@farrellfuller.com; PWeinberger@spanglaw.com; lsinger@motleyrice.com; joanne@cicalapllc.com; Jordan, Bill <Bill.Jordan@alston.com>; Chemerinsky, Kim <Kim.Chemerinsky@alston.com>; McGowan, Emily <Emily.McGowan@alston.com>; Bond, Ethan <Ethan.Bond@alston.com>; Haley Plourde-Cole <haleyplourdecole@quinnemanuel.com>; jonathancooper@quinnemanuel.com; mikelyle@quinnemanuel.com; Eric

Lyttle <ericlyttle@quinnemanuel.com>; Olga Vieira <olgavieira@quinnemanuel.com>; Patrick King <patrickking@quinnemanuel.com>
**Subject:** Re: MDL No. 2804 - PBMs' Status Report for August 30, 2023 Conference Relating to PBMs

**EXTERNAL SENDER – Proceed with caution**

---

Brian and Jonathan:

Thank you for letting me know.  I have informed Judge Polster you may raise this issue at tomorrow's conference.

-d


========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

---

**From:** Boone, Brian <Brian.Boone@alston.com>
**Sent:** Tuesday, August 29, 2023 5:43 PM
**To:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>; Harder, Bradley <Bradley.Harder@alston.com>; Carrie_Roush@ohnd.uscourts.gov <Carrie_Roush@ohnd.uscourts.gov>
**Cc:** jrice@motleyrice.com <jrice@motleyrice.com>; paul@farrellfuller.com <paul@farrellfuller.com>; PWeinberger@spanglaw.com <PWeinberger@spanglaw.com>; lsinger@motleyrice.com <lsinger@motleyrice.com>; joanne@cicalapllc.com <joanne@cicalapllc.com>; Jordan, Bill <Bill.Jordan@alston.com>; Chemerinsky, Kim <Kim.Chemerinsky@alston.com>; McGowan, Emily <Emily.McGowan@alston.com>; Bond, Ethan <Ethan.Bond@alston.com>; Haley Plourde-Cole <haleyplourdecole@quinnemanuel.com>; jonathancooper@quinnemanuel.com <jonathancooper@quinnemanuel.com>; mikelyle@quinnemanuel.com <mikelyle@quinnemanuel.com>; Eric Lyttle <ericlyttle@quinnemanuel.com>; Olga Vieira <olgavieira@quinnemanuel.com>; Patrick King <patrickking@quinnemanuel.com>
**Subject:** RE: MDL No. 2804 - PBMs' Status Report for August 30, 2023 Conference Relating to PBMs

Special Master Cohen:

We write for both OptumRx, Inc. and Express Scripts, Inc. We received the emails you sent yesterday (August 28) at 12:50 p.m. (ET) and 1:11 p.m. (ET). We're not aware of any order or rule requiring us to discard or disregard your 12:50 p.m. email. Given the content of that email, we cannot agree to your request to discard or disregard it.

Your 12:50 p.m. email raises serious questions about your impartiality vis-à-vis OptumRx and Express Scripts in the MDL proceedings. As one example, you asserted in your email that "claims against the PBMs as mail-order pharmacies will show how much PBMs knew (and they knew a lot)."  There is no evidence in the record before you to support that assertion; indeed, there has been no discovery in the MDL (or any opioid case) relating to the PBMs' mail-order pharmacies. Nor have OptumRx or Express Scripts had an opportunity to brief or be heard on those issues, including merits issues about what they allegedly "knew" or did not know. Yet your email demonstrates that

4

you have already prejudged the merits ("they knew a lot"). That is just one example; other statements in your email also raise serious concerns about your impartiality and the integrity of the process.

We are evaluating the appropriate next steps to take and reserve all rights. We also plan to raise these issues at tomorrow's status conference with Judge Polster.

Brian Boone and Jonathan Cooper

*/s/ Brian D. Boone*
ALSTON & BIRD LLP
Bank of America Plaza, Suite 4000
101 S. Tryon St.
Charlotte, NC 28280
Tel: (704) 444-1000
brian.boone@alston.com
Counsel for OptumRx, Inc.

*/s/ Jonathan G. Cooper*
QUINN EMANUEL URQUHART & SULLIVAN LLP
1300 I St. NW, Suite 900
Washington, DC 20005
Tel: 202-538 8000
jonathancooper@quinnemanuel.com
Counsel for Express Scripts, Inc.

---

**From:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Sent:** Monday, August 28, 2023 1:12 PM
**To:** Harder, Bradley <Bradley.Harder@alston.com>; Carrie_Roush@ohnd.uscourts.gov; David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Cc:** jrice@motleyrice.com; paul@farrellfuller.com; PWeinberger@spanglaw.com; lsinger@motleyrice.com; joanne@cicalapllc.com; Boone, Brian <Brian.Boone@alston.com>; Jordan, Bill <Bill.Jordan@alston.com>; Chemerinsky, Kim <Kim.Chemerinsky@alston.com>; McGowan, Emily <Emily.McGowan@alston.com>; Bond, Ethan <Ethan.Bond@alston.com>; Haley Plourde-Cole <haleyplourdecole@quinnemanuel.com>; jonathancooper@quinnemanuel.com; mikelyle@quinnemanuel.com; Eric Lyttle <ericlyttle@quinnemanuel.com>; Olga Vieira <olgavieira@quinnemanuel.com>; Patrick King <patrickking@quinnemanuel.com>
**Subject:** Re: MDL No. 2804 - PBMs' Status Report for August 30, 2023 Conference Relating to PBMs

**EXTERNAL SENDER – Proceed with caution**

---

Dear Counsel:

This email was meant to be to my own files, and not to counsel.  Please discard and disregard.  I apologize.

-d


=======================
This email sent from:
David R. Cohen Co. LPA

5

24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

---

**From:** David Cohen <david@davidrcohen.com>
**Sent:** Monday, August 28, 2023 12:50 PM
**To:** Harder, Bradley <Bradley.Harder@alston.com>; Carrie_Roush@ohnd.uscourts.gov <Carrie_Roush@ohnd.uscourts.gov>; David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Cc:** jrice@motleyrice.com <jrice@motleyrice.com>; paul@farrellfuller.com <paul@farrellfuller.com>; PWeinberger@spanglaw.com <PWeinberger@spanglaw.com>; lsinger@motleyrice.com <lsinger@motleyrice.com>; joanne@cicalapllc.com <joanne@cicalapllc.com>; Boone, Brian <Brian.Boone@alston.com>; Jordan, Bill <Bill.Jordan@alston.com>; Chemerinsky, Kim <Kim.Chemerinsky@alston.com>; McGowan, Emily <Emily.McGowan@alston.com>; Bond, Ethan <Ethan.Bond@alston.com>; Haley Plourde-Cole <haleyplourdecole@quinnemanuel.com>; jonathancooper@quinnemanuel.com <jonathancooper@quinnemanuel.com>; mikelyle@quinnemanuel.com <mikelyle@quinnemanuel.com>; Eric Lyttle <ericlyttle@quinnemanuel.com>; Olga Vieira <olgavieira@quinnemanuel.com>; Patrick King <patrickking@quinnemanuel.com>
**Subject:** Re: MDL No. 2804 - PBMs' Status Report for August 30, 2023 Conference Relating to PBMs

Notes on D's position:

I disagree that there should be briefing on whether amendment is allowed; just allow it. Let them mandamus you, CTA6 has said that is allowed.

I have some sympathy for PBMs' argument that a briefing track should be in a different case, separate from the litigating cases. But perhaps there are some truly overreaching threshold issues we should tee up more quickly. Need to see what Ps are thinking.

I think we need 4 bellwethers, not 2 -- it is too easy for Ds to buy off 2 Ps, avoiding any global resolution.

The Pharmacies also sought to add third parties, like PBMs do here. PBMs' goal is to complicate and delay (including a request to do nothing and set a status 4 weeks hence). I say let Ps add claims against PBMs as mail-order pharmacies. Two reasons: (1) Ps are the master of their own complaint, and (2) claims against PBMs as mail-order pharmacies will show how much PBMs knew (and they knew a lot). And then let PBMs respond as they wish. If that complicates the case, so be it. We are used to that.


-d




=======================
This email sent from:
David R. Cohen Co. LPA

24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

**From:** Harder, Bradley <Bradley.Harder@alston.com>
**Sent:** Monday, August 28, 2023 11:58 AM
**To:** Carrie_Roush@ohnd.uscourts.gov <Carrie_Roush@ohnd.uscourts.gov>; David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Cc:** jrice@motleyrice.com <jrice@motleyrice.com>; paul@farrellfuller.com <paul@farrellfuller.com>; PWeinberger@spanglaw.com <PWeinberger@spanglaw.com>; lsinger@motleyrice.com <lsinger@motleyrice.com>; joanne@cicalapllc.com <joanne@cicalapllc.com>; Boone, Brian <Brian.Boone@alston.com>; Jordan, Bill <Bill.Jordan@alston.com>; Chemerinsky, Kim <Kim.Chemerinsky@alston.com>; McGowan, Emily <Emily.McGowan@alston.com>; Bond, Ethan <Ethan.Bond@alston.com>; Haley Plourde-Cole <haleyplourdecole@quinnemanuel.com>; jonathancooper@quinnemanuel.com <jonathancooper@quinnemanuel.com>; mikelyle@quinnemanuel.com <mikelyle@quinnemanuel.com>; Eric Lyttle <ericlyttle@quinnemanuel.com>; Olga Vieira <olgavieira@quinnemanuel.com>; Patrick King <patrickking@quinnemanuel.com>
**Subject:** MDL No. 2804 - PBMs' Status Report for August 30, 2023 Conference Relating to PBMs

Dear Ms. Roush and Special Master Cohen,

Please find attached the PBMs' status report for the August 30th status conference.

Thank you,
Brad Harder

Bradley D. Harder
Senior Associate
**ALSTON & BIRD**
1201 West Peachtree Street
Atlanta, GA 30309
+1 404 881 7829 (O)
Bradley.Harder@alston.com

NOTICE: This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If you have received this message in error, please notify the sender by email and delete all copies of the message immediately.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| THIS DOCUMENT RELATES TO: | ) ) ) | JUDGE POLSTER |
| *All Cases* | ) ) ) | AFFIDAVIT OF DAVID R. COHEN |

I, David R. Cohen, hereby declare under oath and subject to the penalties of perjury as follows:

1. During the last 19 years of my career, I have worked exclusively as a Special Master to Federal Judges.  Specifically, beginning in 2004, I have been appointed as Special Master by 19 different Federal Judges in over 30 different cases, including 8 Multidistrict Litigations ("MDLs").

2. The Honorable Dan Aaron Polster appointed me as Special Master in the instant case ("the Opioid MDL") in January of 2018, over five and a half years ago.  I am informed I was recommended unanimously by counsel for both plaintiffs and defendants, which included many of the largest and most sophisticated law firms in America.  During my tenure, I have served as discovery referee, mediator, counselor, and drafter of opinions.  I have ruled on countless issues, both formally and informally.  The parties have not objected to or challenged the vast majority of my rulings; but when they do, it is Judge Polster who has final say.  *See* Fed. R. Civ. P. 53(f).  Judge Polster has overruled some objections to my rulings and sustained others.  No party has ever objected that a ruling I made was the product of bias or prejudice.

3. In each of those cases where I was appointed as Special Master, including the Opioid MDL, I filed "an affidavit disclosing whether there is any ground for [my] disqualification under 28 U.S.C. §455," as required by Fed. R. Civ. P. 53(b)(3)(A).  *See, e.g.*, docket no. 69-2.  I am extremely familiar with 28 U.S.C. §455, including its provision at subsection (b)(1) requiring a Special Master to disqualify himself if "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

4. To this day, I have never had any disqualifying personal bias or prejudice concerning any

party, nor any disqualifying personal knowledge of disputed evidentiary facts concerning any proceeding, in any case where I served as Special Master.

5. As a Special Master, I work hard to 'refresh my neutrality' *every day*. It may sound hokey, but it is true: I begin every workday by reminding myself that it is an honor and privilege to serve as a Special Master; that each and every party appearing before me deserves a fair and neutral arbiter; that each discrete dispute in a case must be addressed on its own merits; and that I must do my very best to disregard any past or present statements or conduct by counsel or a party that is not relevant. My supreme guiding principle is that a Special Master must not harbor any personal bias or prejudice toward any party; and this is an *ongoing* requirement that applies not only at the time of appointment, but also as the case progresses.

6. In the Opioid MDL, Judge Polster directed the Plaintiffs' Executive Committee ("PEC") and defendants OptumRx and Express Scripts – both of which are Pharmacy Benefit Managers, or "PBMs" – to attend a status conference on August 30, 2023. The conference was set to discuss proposals for a PBM bellwether process and amending complaints in PBM bellwether cases. Judge Polster also directed each side to email to me and counsel a status report on August 28, 2023, which they did.

7. After I reviewed the PBMs' status report, I forwarded it to Judge Polster without comment. I also intended to email myself some notes, along with the PBMs' status report, for later reference. Unfortunately, I clicked on "reply all" instead of "forward," so that I sent my own, private notes to counsel instead of only to myself. These notes were purposefully very brief, were meant to serve as self-reminders of certain points, and were not meant to be seen or read by anyone else. Upon realizing my mistake, I immediately sent another email asking counsel to discard and disregard the first email.

8. Counsel for PBMs responded that they would not discard or disregard my private email, and asserted it "raises serious questions about your impartiality vis-à-vis OptumRx and Express Scripts in the MDL proceedings." At the Wednesday, August 30, 2023 status conference with Judge Polster, counsel for PBMs asked the Court to recuse me. The Court stated it is up to me whether I recuse myself, and declined the PBMs' request to preclude me from working on any PBM case. *See* Transcript at 41 (docket no. 5168) (Aug. 31, 2023).

9. The PBMs then sent me an email at about 8:00 Friday night, September 1, 2023 (Labor Day Weekend), requesting that I "disqualify [my]self from participating in any MDL proceedings related to OptumRx and Express Scripts." The PBMs added they reserve "the right to move for your disqualification if you do not voluntarily recuse."

10. I responded to the PBMs that I would not voluntarily recuse, because I did not then have, do not now have, and have never had, any disqualifying personal bias or prejudice toward them (or any other party in the Opioid MDL); nor do I suffer any other failure of impartiality. Moreover, as explained below, the private email I sent by mistake to counsel does not demonstrate otherwise in any way.

11. The PBMs take strongest issue with the following note I wrote to myself in my private email:
    > I say let Ps add claims against PBMs as mail-order pharmacies. Two reasons: (1) Ps are the master of their own complaint, and (2) claims against PBMs as mail-order pharmacies will show how much PBMs knew **(and they knew a lot)**. And then let PBMs respond as they wish. If that complicates the case, so be it. We are used to that." (Emphasis added).

    In response to this private note to myself, in their email to me, the PBMs write:
    > There is no evidence in the record before you to support that assertion; indeed, there has been no discovery in the MDL (or any opioid case) relating to the PBMs' mail-order pharmacies. Nor have OptumRx or Express Scripts had an opportunity to brief or be heard on those issues, including merits issues about what they allegedly "knew" or did not know. Yet your email demonstrates that you have already prejudged the merits ("they knew a lot").

12. The PBMs are flatly incorrect that I have prejudged the merits of any part of the plaintiffs' cases against them. It is fundamental that an allegation in a complaint is only that – an allegation – and the merits of plaintiffs' claims must be decided based on the facts, after discovery. As explained in the next paragraph, my note was a shorthand "reminder to self" of some earlier research I did, *not* an indication that I had already accepted as true any position or allegation made by plaintiffs, or had personal knowledge of disputed evidentiary facts.

13. When I began working on the PBM cases, I did not know what a PBM was. In a status report submitted to the Court via email on December 10, 2022, plaintiffs included two citations to documents explaining the multipartite role PBMs play in the drug distribution chain. As part of my research, I looked up these citations. The first refers to a statement made by an Express Scripts executive to a Senate Committee, describing his own company:
    > Our services include providing network-pharmacy claims processing, home delivery pharmacy care, specialty pharmacy care, benefit-design consultation, drug utilization review, formulary management, and medical and drug data analysis services.
    > Because Express Scripts interacts with patients, pharmacies, prescribers, and payers, our company is uniquely situated to collect data when patients receive and fill a prescription for an opioid under their pharmacy benefit.[1]

    The second citation referred to a statement published by the United States Federal Trade

---

[1] *See* https://www.help.senate.gov/imo/media/doc/Mahon.pdf

3

    Commission, describing PBMs:

> Pharmacy benefit managers are the middlemen who are hired to negotiate rebates and fees with drug manufacturers, create drug formularies and surrounding policies, and reimburse pharmacies for patients' prescriptions. The largest pharmacy benefits managers are now vertically integrated with the largest health insurance companies and wholly owned mail order and specialty pharmacies.
>
> In these roles, pharmacy benefit managers often have enormous influence on which drugs are prescribed to patients, which pharmacies patients can use, and how much patients ultimately pay at the pharmacy counter. Many of these functions depend on highly complicated, opaque contractual relationships that are difficult or impossible to understand for patients and independent businesses across the prescription drug system.[2]

    These two statements are the ***only*** things I was referring to when I wrote "and they knew a lot." My note was a reminder to myself of the descriptions I had read earlier explaining the breadth of what PBMs do. It was a quick jotting, not intended for a broader audience, echoing Express Script's own observation that PBMs have unique, large collections of prescription opioid data. My note was not and is not an indication that I have accepted as true any allegation by plaintiffs, nor that I was or am biased against PBMs, nor that I had personal knowledge of disputed evidentiary facts.

14. Other notes I wrote to myself in my private email actually demonstrate my ***lack*** of bias toward PBMs. For example, the PEC suggested the Court should choose a separate and additional bellwether case solely for the purpose of briefing certain issues. The PBMs objected to this approach. I wrote: "I have some sympathy for PBMs' argument that a briefing track should be in a different case, separate from the litigating cases. But perhaps there are some truly overreaching threshold issues we should tee up more quickly. Need to see what Ps are thinking." The point of this note was that I agreed with the PBMs' position, unless the PEC could show their suggested approach would yield quicker and more efficient resolution of threshold issues.

15. Similarly, I noted to myself that: (a) the PBMs asserted they will need "to add third parties" if plaintiffs are allowed to amend their complaints; and (b) it appears the PBMs' goal, in doing so, would be to "complicate and delay" the process for amending all pleadings and picking bellwether cases. Nonetheless, I then noted I thought we should *allow* PBMs to add third parties, and "If that complicates the case, so be it." The point of my note was to record the following thought: if the PBMs file a motion to bring third-party claims, the Court should strongly consider granting it, because, having granted plaintiffs' motion to amend

---

[2] *See* www.ftc.gov/news-events/news/press-releases/2022/06/ftc-launches-inquiry-prescription-drug-middlemen-industry

4

        complaints, that is what would be fair – even though granting the PBMs' motion would further complicate the cases. If anything, this note demonstrates my *lack* of bias toward the PBMs.

16.    In sum, my shorthand email notes to myself do not demonstrate any personal bias or prejudice toward PBMs. To construe my notes to appear otherwise is to add connotations that do not exist. I believe the PBMs have seriously misapprehended my email.

17.    There is a maxim in sports that "the best referee is the one you don't notice." I apologize to the parties and the Court that my email mistake has caused a distraction from the important issues in this case.

18.    The facts stated in this affidavit are within my personal knowledge and are true and correct. I am over 18 years of age, have never been convicted of a felony, and am competent to make this affidavit.

Executed on September 7, 2023

*David Cohen*

David R. Cohen
Special Master

5