EXHIBIT E

# ALSTON & BIRD

Vantage South End
1120 South Tryon Street, Suite 300
Charlotte, NC 28203-6818

**Brian D. Boone**　　　　　Direct Dial: **704-444-1106**　　　　　Email: **brian.boone@alston.com**

August 28, 2023

<u>**By Email**</u>

Honorable Dan Aaron Polster
United States District Court Northern District of Ohio
Carl B. Stokes United States Courthouse
801 West Superior Avenue, Courtroom 18B
Cleveland, Ohio 44113-1837

Sent by email to the following:
Carrie Roush, Esq.
Career Law Clerk to the Honorable Dan Aaron Polster
Carrie_Roush@ohnd.uscourts.gov

Special Master David R. Cohen
david@specialmaster.law

Re:　PBM Status Report for August 30, 2023 Conference Relating to PBMs
　　　*In Re: National Prescription Opiate Litigation*, MDL No. 2804

Dear Judge Polster:

I write on behalf of OptumRx, Inc. and Express Scripts, Inc. (the PBMs), to provide a status report before the PBM-related status conference on August 30, 2023. Shortly after the last status conference on August 8, the parties met and conferred with Special Master Cohen on August 10 to discuss proposals for a PBM bellwether process and the PEC's proposal for amending complaints. The conference concluded with the PEC's agreeing to follow up with a proposal for amending complaints. On August 21, the PEC provided a written proposal for bellwethers (but not for amending complaints), and the PBMs responded on August 25. *See* attached Exhibits A and B.

As described in the letters, a number of issues need to be resolved before any bellwether process could begin:

First, the PEC should provide its position on amending complaints. The PBMs have made clear our position that we will oppose any amendments because they are impermissible, but if

PBM Status Report for August 30, 2023 Conference Relating to PBMs
Page 2

the PEC plans to seek leave to amend other complaints in the MDL despite our opposition,[1] that could affect the pool of cases in the MDL and by extension the bellwether-selection process.

Second, the parties agree that there should be a total of two PBM bellwethers selected through a picks-and-strikes method after each side nominates three cases, but the parties disagree on the number of strikes. The PEC has proposed only one strike per side. We believe that two strikes per side is the fairest process because it ensures that each side chooses one of the bellwethers. It is also the process that the Court proposed at the status conference on February 21, 2023.

Third, the PEC should confirm the scope of claims that it intends to pursue. In prior representations to the Court, Special Master Cohen, and the PBMs, the PEC said that in any PBM bellwether it would pursue claims only against the PBMs in their capacities as PBMs and not against their mail-order pharmacies. *See, e.g.*, March 27, 2023 Letter from the PEC to Counsel for Express Scripts ("[W]e are not pursuing claims regarding the dispensing activities of your mail-order pharmacies[.]"); March 27, 2023 Letter from the PEC to Counsel for OptumRx (same). But certain counsel for the Plaintiffs disavowed those representations during our conference with Special Master Cohen on August 10. If the PEC is now abandoning those representations, that will also affect the bellwether process and may require that the PBMs add other pharmacies as co-defendants.

We also need confirmation of the causes of action at issue in a PBM bellwether. The PEC has previously represented that it would pursue only a public-nuisance claim and possibly a conspiracy claim. Depending on what causes of action the PEC pursues, that too may affect the bellwether process as it may necessitate the PBMs' adding other defendants (including, for instance, putative co-conspirators).

Fourth, the parties should agree to litigate any motions to dismiss within the bellwether cases. The PBMs do not agree with the PEC's proposal of a "motion track" separate from the bellwethers. Tort laws vary from state to state, so it would not be an efficient use of judicial or party resources to litigate a motion to dismiss in one jurisdiction while having the bellwethers in other jurisdictions.

In light of the continued negotiations about a PBM bellwether process, the PBMs respectfully suggest that the Court schedule another status conference at its convenience in four weeks, with the parties submitting status reports two days beforehand. In the meantime, the PBM cases in the MDL should remain stayed.

---

[1] If the PEC seeks leave to amend any MDL complaint, the PBMs will oppose through briefing and argument on the record.

PBM Status Report for August 30, 2023 Conference Relating to PBMs
Page 3

Sincerely,

Brian D. Boone

cc: Counsel from the Plaintiffs' Executive Committee
Counsel from the Cicala Law Firm
Counsel for Express Scripts, Inc.

# Exhibit A

# SPANGENBERG
## SHIBLEY & LIBER
### TRIAL LAWYERS

—COMMITMENT. INTEGRITY. RESULTS.—

PETER H. WEINBERGER, OF COUNSEL
WILLIAM HAWAL, OF COUNSEL
PETER J. BRODHEAD, OF COUNSEL
DENNIS R. LANSDOWNE
STUART E. SCOTT
NICHOLAS A. DICELLO
JEREMY A. TOR, LICENSED IN NY, OH
DUSTIN B. HERMAN
MICHAEL P. LEWIS, LICENSED IN CA, OH
KEVIN C. HULICK

CRAIG SPANGENBERG
(1914-1998)

NORMAN W. SHIBLEY
(1921-1992)

JOHN D. LIBER
(1938-2013)

August 21, 2023

Alston & Bird:
Kim Chemerinsky, Esq.
*Kim.chemerinsky@alston.com*
Brian Boone, Esq.
*Brian.boone@alston.com*
Bill Jordan, Esq.
*Bill.jordan@alston.com*
Emily McGowan, Esq.
*Emily.mcgowan@alston.com*
Ethan Bond, Esq.
*Ethan.bond@alston.com*

Quinn Emanuel:
Jonathan Cooper, Esq.
*Jonathancooper@quinnemanuel.com*
Patrick King, Esq.
*patrickking@quinnemanuel.com*
Mike Lyle, Esq.
*mikelyle@quinnemanuel.com*
Eric Lyttle, Esq.
*ericlyttle@quinnemanuel.com*
Olga Vieira, Esq.
*olgavieira@quinnemanuel.com*

**RE: PBM Bellwether Process**

Dear Counsel:

The PEC and PBMs met and conferred, on multiple occasions, without reaching agreement on a bellwether selection process. The PEC recommends the Court adopt the same procedures which resulted in resolution of the cases against the manufacturers, distributors and dispensers as outlined in *Case Management Order One* (Doc. #232) ("*CMO1*"). Specifically, the PEC recommends the following:

Alston & Bird
Quinn Emanuel
August 21, 2023
Page 2

1. **"Motion Track":** The PEC believes it will be efficient and informative to proceed with briefing on threshold legal issues raised by the PBMs. Accordingly, the PEC recommends the Court designate *The County of Summit, Ohio. v. Purdue Pharma L.P.*, Case No. 18-OP-45090 (N.D. Ohio) as a "Motion Track" bellwether. Plaintiff shall file its amended complaint within **10 days** of the entry of this Order and Defendants shall file a consolidated motion to dismiss within **28 days** thereafter. Plaintiffs may respond to the motion within **28 days** after the motion is filed, and Defendants may reply within **21 days** thereafter.

2. "**Case Track**": The PEC recommends the selection of two (2) bellwethers for purposes of discovery and trial preparation designated as Case Track 12 (CT12) and Case Track 13 (CT13). The PEC and the PBMs will each nominate 3 cases currently pending in the MDL. Each side will strike one of the other's nominations. The Court will determine which of the four remaining nominees are proper bellwethers and enter an Order accordingly. Plaintiffs will be afforded an opportunity to amend followed by the entry of a case management order.

The PEC believes this process is fair, efficient and consistent with the procedures utilized by the parties and the Court over the preceding 5 years. To be clear, *CMO1* allowed bellwethers to amend its initial pleading "including any amendment to add a party to a case." *CMO1*, ¶6.b. Further, the Court noted that "[i]f a case is later designated as a bellwether for motion practice or trial, a separate CMO will be entered that will provide for *another opportunity to amend*." *Order* (Doc #: 371) (emphasis added). Finally, the Sixth Circuit specifically held this process is "not a judicial usurpation of power nor a clear abuse of discretion." *Order* (Doc. #4747).

Very truly yours,

*/s/Peter H. Weinberger*

Peter H. Weinberger
*Plaintiffs' Liaison Counsel*

PHW/ss

cc: Joseph Rice, Esq.
  Paul Farrell, Esq.
  Jayne Conroy, Esq.
  Russell Budd, Esq.
  Peter Mougey, Esq.
  Jeff Gaddy, Esq.
  Mark Pifko, Esq.
  Mildred Conroy, Esq.
  Joanne Cicala, Esq.
  Josh Wackerly, Esq.
  Linda Singer, Esq.
  Elizabeth Smith, Esq.

# Exhibit B

**quinn emanuel** trial lawyers | washington, dc

1300 I Street NW, Suite 900, Washington, District of Columbia 20005-3314 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 538-8146**
WRITER'S EMAIL ADDRESS
jonathancooper@quinnemanuel.com

August 25, 2023

BY EMAIL

Peter Weinberger
Spangenberg Shibley & Liber, LLP
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
PWeinberger@spanglaw.com

Re: *In re: National Prescription Opiate Litigation*, MDL No. 2804 – PBM Bellwether Process

Counsel:

We write on behalf of Express Scripts, Inc. and OptumRx, Inc. in response to the PEC's August 21, 2023 letter regarding the PBM bellwether process.

**Amended Complaints**: During our August 10, 2023 call with Special Master Cohen, the PEC said that it would provide the PBMs with a proposal regarding amending complaints in other MDL cases, but your letter includes no such proposal. To be clear, we do not believe that any amendments would be permissible and will oppose any amendments. If the PEC plans to seek leave to amend other complaints in the MDL to raise claims against the PBMs despite our objections, that could substantially affect the pool of cases in the MDL and thus would affect the bellwether selection process. Please let us know your position on amending complaints.

**Bellwether Selection**: We can agree to a total of two PBM bellwethers and agree that a picks-and-strikes method is the appropriate method for selecting those two bellwethers. We also agree that each side—Plaintiffs and the PBMs—should nominate three cases. But we disagree that the parties may strike only one of the other side's nominations; our position is that each side should have two strikes. That is the fairest process because it ensures that each side chooses one of the bellwethers.

**Motion Track**: We do not agree with the PEC's proposal of a "motion track" separate from the bellwethers. Tort laws vary from state to state, so it would not be an efficient use of judicial or party resources to litigate a motion to dismiss in one jurisdiction while having the bellwethers in other jurisdictions. Any motions to dismiss should be litigated within the actual bellwether cases.

quinn emanuel urquhart & sullivan, llp
ATLANTA | AUSTIN | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

In any case, we also would oppose the selection of Summit County as a "motion track" bellwether for multiple reasons, not least of which is that there are only four Ohio cases against the PBMs in the MDL, so resolving a motion to dismiss in that case would not properly serve as a bellwether for the bulk of PBM cases in the MDL.[1] And the Sixth Circuit appeal from the pharmacy verdict may resolve certain issues under Ohio law, so it doesn't make sense to create a new Ohio bellwether in the meantime.

**Scope of Claims**: Finally, we need to confirm the scope of claims that the PEC intends to pursue in a PBM bellwether. The PEC previously represented to Judge Polster, Special Master Cohen, and the PBMs in multiple separate conferences and conversations that in any PBM bellwether it would pursue claims only against the PBMs and not against their mail-order pharmacies. *See, e.g.*, March 27, 2023 Letter from L. Singer to J. Cooper ("[W]e are not pursuing claims regarding the dispensing activities of your mail-order pharmacies[.]"); March 27, 2023 Letter from L. Singer to K. Chemerinsky (same); Feb. 21, 2023 Status Conf. before Judge Polster; Feb. 24, 2023 Status Conf. before Special Master Cohen. But during our August 10 call with Special Master Cohen, certain counsel for the Plaintiffs disavowed those prior representations. Please confirm that you are adhering to your prior representations. If you are now abandoning those representations, that will also affect the bellwether process. You will recall that Judge Polster agreed during the status conference on February 21, 2023 that if pharmacy claims are included in a PBM bellwether, then the PBMs can add other pharmacies as co-defendants.

For similar reasons, we need confirmation of what causes of action the PEC intends to pursue in a PBM bellwether. Previously, the PEC represented that it would pursue only a public nuisance claim and possibly a conspiracy claim. Please confirm whether the PEC intends to pursue only a public nuisance claim or whether it also intends to pursue conspiracy or other claims. Depending on which claims the PEC intends to press in any bellwether, we may need to add other entities as defendants (including, for instance, putative co-conspirators).

We believe that each of the above issues need to be resolved before going through the bellwether-selection process.

---

[1] Although your letter cites Case Number 18-OP-45090 (a case that does not include any PBM defendants), we assume that you meant *The County of Summit, Ohio v. Express Scripts, Inc., et al.*, Case No. 23-OP-45001 (N.D. Ohio). If we are wrong in our assumption, please let us know. If your citation to Case Number 18-OP-45090 was not a mistake, then we would of course oppose any effort to make the old *Summit County* a bellwether of any type and would oppose any effort to amend the complaint in that case.

Sincerely,

Jonathan G. Cooper
QUINN EMANUEL URQUHART
& SULLIVAN LLP
1300 I St. NW, Suite 900
Washington, DC 20005
Tel: (202) 538-8000
jonathancooper@quinnemanuel.com

*Counsel for Express Scripts, Inc.*

Brian D. Boone
ALSTON & BIRD LLP
Bank of America Plaza, Suite 4000
101 S. Tryon St.
Charlotte, NC 28280
Tel: (704) 444-1000
brian.boone@alston.com

*Counsel for OptumRx, Inc.*

CC: Joe Rice, Jayne Conroy, Linda Singer, and Joanne Cicala