EXHIBIT I

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster |

**OPTUMRX, INC. AND EXPRESS SCRIPTS' STATUS REPORT FOR MARCH 22, 2023 STATUS CONFERENCE RELATING TO PBMS**

Following the February 21 status conference with the Court, Plaintiffs (the Plaintiffs' Executive Committee and the Cicala Law Firm) and PBM Defendants (Express Scripts, Inc., and OptumRx, Inc.) have made progress on both mediation and bellwethers, although Plaintiffs have refused to select bellwethers in accordance with the process previously set by the Court and by Special Master Cohen.

On the mediation front, the parties have agreed to mediate with Professor Eric Green, and they had an initial call with Professor Green on March 20. The parties have further agreed that, while mediation proceeds, litigation in the MDL should remain stayed, other than for purposes of selecting bellwethers and initial scheduling, and if progress is not made in the mediation within 60 days, then the parties will resume litigation.

On the bellwether front, Plaintiffs and the PBM Defendants held two teleconferences with Special Master Cohen to discuss the issue. In the first teleconference on February 24, Plaintiffs stated that, in any PBM bellwether, (1) they would not pursue any pharmacy or dispensing claims against the PBM Defendants or any of their affiliated pharmacies; (2) the only Express Scripts entity they would name as a defendant is Express Scripts, Inc.; (3) the only Optum entities they would attempt to name as defendants are OptumRx, Inc., OptumInsight, Inc., and OptumInsight Life Sciences, Inc.; and (4) Plaintiffs' only claims would be for public nuisance and conspiracy. During the parties' next teleconference with Special Master Cohen on March 13, Plaintiffs indicated that they were now planning to drop the conspiracy claim and pursue only a public-nuisance claim, although they would need to confirm that. The PBM Defendants have not yet received that confirmation from Plaintiffs.

The PBM Defendants are also still waiting for Plaintiffs to answer several other outstanding questions that pertain to the claims and parties in a PBM bellwether. These include: (1) whether Plaintiffs will claim that the PBM Defendants are responsible for the entire PBM sector or just their respective portions of it (which is relevant to whether other PBMs should be defendants); (2) if

1

Plaintiffs pursue a conspiracy claim, which third parties (if any) will they claim are co-conspirators (which is relevant to whether those alleged co-conspirators should be defendants); and (3) what is the factual basis for asserting personal jurisdiction over OptumInsight, Inc., and OptumInsight Life Sciences, Inc. And inasmuch as the theories against those OptumInsight entities are "McKinsey-type" theories (as Plaintiffs have described them), any bellwether that included those types of theories may require the inclusion of other third-party service providers and vendors under the Federal Rules.

As for bellwether selection, during the February 24 teleconference, Special Master Cohen instructed the parties to follow the Court-ordered process to select two PBM bellwethers, but Plaintiffs argued in favor of a process that would yield four bellwether cases. Plaintiffs made the same proposal again at the March 13 teleconference. In response, Special Master Cohen instructed that unless the parties could agree on a different process, they must follow the Court's directive: Each side picks three cases and strikes two from the other's list, leaving two bellwethers. He gave the parties until March 17 to agree on the two bellwether cases.

The parties agreed to confer on March 14 regarding bellwether case selection. Consistent with Special Master Cohen's instruction, OptumRx and Express Scripts were ready to nominate bellwethers. But hours before the call, Plaintiffs canceled citing an unspecified conflict. The next day, Plaintiffs advised that they would not engage further on bellwether selection because they "have determined that it is impossible for us pick bellwether cases without knowing who [OptumRx] seek[s] to disqualify and what the disqualifying issue is." Ex. 1 (3.15.2023 Email from J. Rice).[1] Those issues—

---

[1] As the Court is aware, OptumRx plans to move to disqualify the Plaintiffs' Executive Committee from pursuing claims against OptumRx as a defendant in opioid litigation while representing the interests of its parent company United HealthCare Services, Inc. as a third-party-payor plaintiff in opioid litigation. OptumRx also plans to move to disqualify the Cicala Law Firm and Motley Rice because attorneys at those firms acquired information about OptumRx through their service as Special Assistant Attorneys General in certain State investigations that they could use to OptumRx's material disadvantage in this litigation. Ohio R. Prof. Conduct 1.11(c) ("[A] lawyer having information that the lawyer knows is confidential government information about a person acquired when the lawyer was a

2

which will likely present in any proposed bellwether—shouldn't stop the parties from choosing which cases to litigate. On the contrary, parties raise disqualification issues only in the context of a particular case, not in the abstract, so it makes sense that OptumRx would move to disqualify only after the two bellwethers are in place.

Finally, OptumRx and Express Scripts continue to be concerned about *ex parte* communications between Plaintiffs and the Court and Special Master Cohen. Just last week, Plaintiffs argued that the submission of their December 7, 2022 status report was "consistent with the MDL Order Appointing the Special Masters." See MDL 2804, Dkt. 60. That Order identifies two categories of permissible *ex parte* communications between the Special Master and attorneys: "[t]he Special Masters may communicate *ex parte* with any party or its attorney, as each Special Master deems appropriate, for the purposes of ensuring the efficient administration and management and oversight of this case, and for the purpose of mediating or negotiating a resolution of part or all of any dispute related to this case." *Id.* at 3. Plaintiffs' December 7, 2022 *ex parte* status report—which makes substantive arguments about the merits of the case not related to mediation—does not fall within either of those categories. Plaintiffs should have shared that submission with OptumRx and Express Scripts. To that end, OptumRx and Express Scripts ask that the Court instruct Plaintiffs to refrain from substantive *ex parte* communications with this Court and Special Master Cohen.

\*   \*   \*

We look forward to discussing these issues with the Court at the March 22, 2023 status conference.

---

public officer or employee, may not represent a private client whose interests are adverse to that person in a matter in which the information could be used to the material disadvantage of that person.") (emphasis omitted); *id.* ("'[C]onfidential government information' means information that has been obtained under governmental authority and that, at the time this rule is applied, the government is prohibited by law from disclosing to the public or has a legal privilege not to disclose and that is not otherwise available to the public."). Express Scripts also reserves all rights on these issues.

3

Dated: March 21, 2023

*/s/ Brian D. Boone*
ALSTON & BIRD LLP

Brian D. Boone
**ALSTON & BIRD LLP**
Bank of America Plaza, Suite 4000
101 S. Tryon St.
Charlotte, NC 28280
Tel: (704) 444-1000
brian.boone@alston.com

William H. Jordan
Caroline R. Strumph
**ALSTON & BIRD LLP**
1201 West Peachtree Street NW, Suite 4900
Atlanta, GA 30309
Tel.: (404) 881-7000
bill.jordan@alston.com
caroline.strumph@alston.com

Kimberly K. Chemerinsky
Ethan J. Bond
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071-1410
Tel: (213) 576-1000
kim.chemerinsky@alston.com
ethan.bond@alston.com

*Attorneys for Defendant OptumRx, Inc.*

*/s/ Jonathan G. Cooper*
QUINN EMANUEL URQUHART &
SULLIVAN, LLP

Michael J. Lyle
Jonathan G. Cooper
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
1300 I St. NW, Suite 900
Washington, DC 20005
Tel: (202) 538-8000
mikelyle@quinnemanuel.com
jonathancooper@quinnemanuel.com

*Attorneys for Defendant Express Scripts, Inc.*

4

EXHIBIT 1

| | |
|---|---|
| **Subject:** | FW: MDL: PBM Bellwether meet & confer |

**From:** Rice, Joe <jrice@motleyrice.com>
**Sent:** Wednesday, March 15, 2023 11:37 AM
**To:** Boone, Brian <Brian.Boone@alston.com>; Singer, Linda <lsinger@motleyrice.com>
**Cc:** Bond, Ethan <Ethan.Bond@alston.com>; Joanne Cicala <joanne@cicalapllc.com>; Weinberger, Peter H. <PWeinberger@spanglaw.com>; Eric Lyttle <ericlyttle@quinnemanuel.com>; Patrick King <patrickking@quinnemanuel.com>; Olga Vieira <olgavieira@quinnemanuel.com>; Haley Plourde-Cole <haleyplourdecole@quinnemanuel.com>; Chemerinsky, Kim <Kim.Chemerinsky@alston.com>; Jonathan Cooper <jonathancooper@quinnemanuel.com>; Jordan, Bill <Bill.Jordan@alston.com>; McGowan, Emily <Emily.McGowan@alston.com>
**Subject:** RE: MDL: PBM Bellwether meet & confer

**EXTERNAL SENDER – Proceed with caution**

Brian,

We have your email from last night.  After our last conversation with Special Master Cohen, we consulted counsel because you continue to infer that there is some type of disqualifying issue.  We have determined that it is impossible for us to pick bellwether cases without knowing who you seek to disqualify and what the disqualifying issue is.  We believe that any motion to disqualify needs to be presented to the court prior to the bellwether selection so we do not waste a lot of time and money starting to work on bellwether cases where there is some type of disqualifying issue.

We are asking your consent to this process, if not then we will seek judicial advice.  We will not be further responding to your email until we get this issue resolved.

**Joseph Rice** | Attorney at Law | Motley Rice LLC
28 Bridgeside Blvd. | Mt. Pleasant, SC 29464
o. 843.216.9159 | f. 843.216.9290 | jrice@motleyrice.com



**Joseph Rice**  Attorney at Law

28 Bridgeside Blvd., Mt. Pleasant, SC 29464
**o.** 843.216.9159 **f.** 843.216.9290
jrice@motleyrice.com

**From:** Boone, Brian <Brian.Boone@alston.com>
**Sent:** Tuesday, March 14, 2023 6:40 PM
**To:** Singer, Linda <lsinger@motleyrice.com>
**Cc:** Bond, Ethan <Ethan.Bond@alston.com>; Rice, Joe <jrice@motleyrice.com>; Joanne Cicala <joanne@cicalapllc.com>; Weinberger, Peter H. <PWeinberger@spanglaw.com>; Eric Lyttle <ericlyttle@quinnemanuel.com>; Patrick King <patrickking@quinnemanuel.com>; Olga Vieira <olgavieira@quinnemanuel.com>; Haley Plourde-Cole <haleyplourdecole@quinnemanuel.com>; Chemerinsky, Kim <Kim.Chemerinsky@alston.com>; Jonathan Cooper

1

<jonathancooper@quinnemanuel.com>; Jordan, Bill <Bill.Jordan@alston.com>; McGowan, Emily <Emily.McGowan@alston.com>
**Subject:** RE: MDL: PBM Bellwether meet & confer

> CAUTION:EXTERNAL

Linda:

Given that you all can't talk until Thursday, we think that it's important to confirm the process that we're going to use for selecting the two bellwethers. Consistent with Judge Polster's direction and Special Master Cohen's comments on the call yesterday, we will agree to the following process:

1. By Thursday at noon ET, each side will propose three cases.
2. By Friday at noon ET, each side will strike two of the other side's proposed three cases, leaving a total of two cases.
3. We will then present those two cases to Special Master Cohen on our call Friday afternoon.

Please confirm that you all agree to that process. If you don't, we need to get on the phone with Special Master Cohen ASAP.

Thanks.

Brian D. Boone
Partner
**ALSTON & BIRD**
101 South Tryon Street, Suite 4000
Charlotte, NC 28280
+1 704 444 1106 (O)
+1 704 441 1959 (M)
Brian.Boone@alston.com

---

**From:** Singer, Linda <lsinger@motleyrice.com>
**Sent:** Tuesday, March 14, 2023 3:32 PM
**To:** Boone, Brian <Brian.Boone@alston.com>
**Cc:** Bond, Ethan <Ethan.Bond@alston.com>; Rice, Joe <jrice@motleyrice.com>; Joanne Cicala <joanne@cicalapllc.com>; Weinberger, Peter H. <PWeinberger@spanglaw.com>; Eric Lyttle <ericlyttle@quinnemanuel.com>; Patrick King <patrickking@quinnemanuel.com>; Olga Vieira <olgavieira@quinnemanuel.com>; Haley Plourde-Cole <haleyplourdecole@quinnemanuel.com>; Chemerinsky, Kim <Kim.Chemerinsky@alston.com>; Jonathan Cooper <jonathancooper@quinnemanuel.com>; Jordan, Bill <Bill.Jordan@alston.com>; McGowan, Emily <Emily.McGowan@alston.com>
**Subject:** Re: MDL: PBM Bellwether meet & confer

**EXTERNAL SENDER – Proceed with caution**

---

I'm in a deposition tomorrow.  Given we didn't hear from you all until Friday/Monday, the back-loading seems unavoidable.


**Linda Singer** Attorney at Law

401 9th St. NW, Suite 630, Washington, DC 20004
**o.** 202.386.9626 **f.** 202.386.9622
lsinger@motleyrice.com

On Mar 14, 2023, at 3:22 PM, Boone, Brian <Brian.Boone@alston.com> wrote:

| CAUTION:EXTERNAL |

Linda:

Seeing how we have a Friday call with Special Master Cohen, Thursday morning seems a little late.  Could you all do tomorrow?

Brian D. Boone
Partner
**ALSTON & BIRD**
101 South Tryon Street, Suite 4000
Charlotte, NC 28280
+1 704 444 1106 (O)
+1 704 441 1959 (M)
Brian.Boone@alston.com

**From:** Singer, Linda <lsinger@motleyrice.com>
**Sent:** Tuesday, March 14, 2023 3:11 PM
**To:** Bond, Ethan <Ethan.Bond@alston.com>; Rice, Joe <jrice@motleyrice.com>; Joanne Cicala <joanne@cicalapllc.com>; Weinberger, Peter H. <PWeinberger@spanglaw.com>; Eric Lyttle <ericlyttle@quinnemanuel.com>; Patrick King <patrickking@quinnemanuel.com>; Olga Vieira <olgavieira@quinnemanuel.com>; Haley Plourde-Cole <haleyplourdecole@quinnemanuel.com>; Chemerinsky, Kim <Kim.Chemerinsky@alston.com>; Jonathan Cooper <jonathancooper@quinnemanuel.com>; Boone, Brian <Brian.Boone@alston.com>; Jordan, Bill <Bill.Jordan@alston.com>; McGowan, Emily <Emily.McGowan@alston.com>
**Subject:** RE: MDL: PBM Bellwether meet & confer

**EXTERNAL SENDER – Proceed with caution**

All – with apologies (and a storm in NYC), we've developed a conflict for this afternoon's M&C.  Can we talk Thursday morning?  I'll throw out 9:30 to open bidding.  Best, Linda

**Linda Singer** Attorney at Law

401 9th St. NW, Suite 630, Washington, DC 20004
**o.** 202.386.9626 **f.** 202.386.9622
lsinger@motleyrice.com

-----Original Appointment-----
**From:** Bond, Ethan <Ethan.Bond@alston.com>
**Sent:** Monday, March 13, 2023 3:06 PM
**To:** Singer, Linda; Rice, Joe; Joanne Cicala; Weinberger, Peter H.; Eric Lyttle; Patrick King; Olga Vieira; Haley Plourde-Cole; Chemerinsky, Kim; Jonathan Cooper; Boone, Brian; Jordan, Bill; McGowan, Emily
**Subject:** MDL: PBM Bellwether meet & confer
**When:** Tuesday, March 14, 2023 1:00 PM-2:00 PM (UTC-08:00) Pacific Time (US & Canada).
**Where:** (888) 525-7866; passcode: 2135761170

NOTICE: This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If you have received this message in error, please notify the sender by email and delete all copies of the message immediately.

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.