# EXHIBIT A



401 9th St. NW, Suite 630
Washington, DC 20004
**o.** 202.232.5504  **f.** 202.232.5513

www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."

–Ron Motley (1944–2013)

August 28, 2023

Sent via email to david@specialmaster.law
Special Master David R. Cohen
24400 Chagrin Blvd., Suite 300
Beachwood, OH  44122

Sent via email to Carrie_Rousch@ohnd.uscourts.gov
Carrie Rousch, Esq.
801 West Superior Avenue, Ctrm 18B
Cleveland, Ohio  44113

**RE:  PBM Status Report**

Dear Special Master Cohen and Ms. Rousch:

The PEC submits the following as its status report regarding the case against the PBMs. The PEC and PBMs met and conferred, on multiple occasions, without reaching agreement on a bellwether selection process. The PEC recommends the Court adopt the same procedures which resulted in resolution of the cases against the manufacturers, distributors and dispensers as outlined in *Case Management Order One* (Doc. #232) ("*CMO1*"). Specifically, the PEC recommends the following:

1. **"Motion Track":** The PEC believes it will be efficient and informative to proceed with briefing on threshold legal issues raised by the PBMs.  Accordingly, the PEC recommends the Court designate a "Motion Track" bellwether. Plaintiff shall file its amended complaint within **10 days** of the entry of this Order and Defendants shall file a consolidated motion to dismiss within **28 days** thereafter. Plaintiffs may respond to the motion within **15 days** after the motion is filed, and Defendants may reply within **10 days** thereafter.

2. "**Case Track**": The PEC recommends the selection of four (4) bellwethers for purposes of discovery and trial preparation designated as Case Track 12 (CT12), Case Track 13 (CT13), Case Track 14 (CT14), and Case Track 15 (CT15). The PEC and the PBMs will each nominate 4 cases currently pending in the MDL and with plaintiffs from 4 different federal districts. Each side will strike two of the other's nominations. The Court will determine whether the four remaining



Page 2

nominees are proper bellwethers and enter an Order accordingly. Plaintiffs will be afforded an opportunity to amend followed by the entry of a case management order.

To be clear, the PEC recommends the bellwethers be selected from cases pending in the MDL regardless of whether the case currently includes claims against the PBMs.  The bellwether process in MDL2804 includes permissive amendment.  *CMO1* allows a bellwether to amend its initial pleading "including any amendment to add a party to a case." *CMO1*, ¶6.b. Further, "[i]f a case is later designated as a bellwether for motion practice or trial, a separate CMO will be entered that will provide for ***another opportunity to amend***." *Order* (Doc #: 371) (emphasis added). Finally, the Sixth Circuit specifically held this process is "not a judicial usurpation of power nor a clear abuse of discretion." *Order* (Doc. #4747).

The PEC believes this process is fair, efficient and consistent with the procedures utilized by the parties and the Court over the preceding 5 years.  The immediate resolution of the legal issue(s) will propel this phase of litigation toward resolution.


Respectfully,

*/s/ Peter H. Weinberger*                                    */s/Linda Singer*

Peter Weinberger                                             Linda Singer
*Plaintiffs' Liaison Counsel*                          *Motley Rice*

/es


cc:    Kim Chemerinsky, Esq.
       Bill Jordan, Esq.
       Brian Boone, Esq.
       Emily McGowan, Esq.
       Ethan Bond, Esq.
       Jonathan Cooper, Esq.
       Patrick King, Esq.
       Mike Lyle, Esq.
       Eric Lyttle, Esq.
       Olga Vieira, Esq.
       Joseph Rice, Esq.
       Jayne Conroy, Esq.
       Joanne Cicala, Esq.



Page 3

      Paul Farrell, Esq.
      Russell Budd, Esq.
      Peter Mougey, Esq.
      Mark Pifko, Esq.
      Hunter Shkolnik, Esq.