# EXHIBIT 3

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION                                    MDL No. 2804

ORDER DENYING TRANSFER AND VACATING CONDITIONAL TRANSFER ORDER

**Before the Panel:** Two motions are before us in this docket. First, defendant Endo Pharmaceuticals Inc. in an Eastern District of Pennsylvania action (*Taylor*) moves under Section 1407(c) to transfer the action, listed on Schedule A, to the Northern District of Ohio for inclusion in MDL No. 2804. *Pro se* plaintiff Tad Taylor supports the motion to transfer. Second, plaintiff in an action (*City of Holly Springs*) pending in the Northern District of Mississippi moves under Panel Rule 7.1 to vacate the order conditionally transferring its action, listed on Schedule A, to MDL No. 2804. Defendants[1] oppose the motion to vacate the conditional transfer order.

After considering the parties' arguments, we find that transfer of these actions is not appropriate. In our order centralizing this litigation, we held that the Northern District of Ohio was an appropriate Section 1407 forum for actions sharing factual questions regarding the allegedly improper marketing and distribution of various prescription opiate medications into states, cities, and towns across the country. *See In re Nat'l Prescription Opiate Litig.*, 290 F. Supp.3d 1375, 1378-79 (J.P.M.L. 2017). Both actions fall within the MDL's ambit, given that they share a factual core with the MDL actions: the manufacturer, distributor, and/or pharmacist defendants' alleged knowledge of and conduct regarding the diversion of these prescription opiates, as well as the manufacturers' allegedly improper marketing of the drugs.

Multidistrict litigation, however, "is not static." *In re Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig.*, 659 F. Supp. 2d 1371, 1372 (J.P.M.L. 2009). Here, common discovery has largely been completed, several bellwether trials have been prepared, and a bellwether remand process established. And myriad claims have been resolved through substantial settlements. The relative merits of transferring new tag-along actions to an MDL can change over time as the transferee court completes its primary tasks, and at a certain point the "benefits of transfer should not be assumed to continue." *Id*. We are of the view that MDL No. 2804 has reached the point where the benefits are outweighed by the effects of transferring new cases to this mature litigation. Based on our review of the progress of this litigation, we conclude that inclusion of these two actions and any future actions in MDL No. 2804 is no longer necessary to achieve the just and efficient conduct of the litigation. *See* 28 U.S.C. § 1407(a).

---

[1] Amerisourcebergen Drug Corporation, Cardinal Health, Inc., McKesson Corporation, Mississippi CVS Pharmacy, L.L.C., Walgreen Co., and Walmart Inc.

- 2 -

We see no reason why the parties in subsequent actions, subject to the same conditions imposed on the parties to MDL No. 2804, should not be able to avail themselves of the documents and depositions accumulated in this MDL. The involved courts may find useful guidance in the numerous pretrial rulings of the Honorable Dan A. Polster in this docket.

The parties also can employ alternatives to transfer to minimize whatever, if any, possibilities may arise of duplicative discovery or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litigation*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also Manual for Complex Litigation, Fourth*, § 20.14 (2004). Thus, even absent transfer, most of the benefits of the MDL are available to expedite resolution of these cases.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407(c), for transfer of this action is DENIED;

IT IS FURTHER ORDERED that plaintiff City of Holly Springs's motion to vacate the conditional transfer order designated "CTO-211" is GRANTED;

IT IS FURTHER ORDERED that Panel Rule 7.1(a), requiring notification to the Clerk of the Panel of potential tag-along actions, is hereby suspended in this litigation until further notice.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton        Matthew F. Kennelly
David C. Norton            Roger T. Benitez
Dale A. Kimball            Madeline Cox Arleo

IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION          MDL No. 2804

## SCHEDULE A

<u>Northern District of Mississippi</u>

CITY OF HOLLY SPRINGS v. JOHNSON & JOHNSON, ET AL., C.A. No. 3:21−00246

<u>Eastern District of Pennsylvania</u>

TAYLOR v. ENDO PHARMACEUTICALS, INC., C.A. No. 2:21−04276