EXHIBIT 4

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION                MDL No. 2804

ORDER DENYING RECONSIDERATION

**Before the Panel:** Two motions are before us in this docket. First is a motion by pharmacy defendants[1] in a Northern District of Mississippi action (*Holly Springs*), which is listed on Schedule A, to reconsider our April 8, 2022, order that vacated the conditional transfer order covering *Holly Springs* and ceased tag-along transfer to MDL No. 2804. Alternatively, defendants request creation of a separate MDL for pharmacy defendants. The Plaintiffs' Executive Committee of MDL No. 2804 takes no position on reconsideration and opposes a new, pharmacy defendant-only MDL. The Teva defendants[2] support reconsideration of the order vacating the conditional transfer order and request that the Panel reinstate tag-along transfers. Plaintiff in *Holly Springs* opposes both reconsideration and creation of a new MDL for pharmacy defendants.

In the second motion, *pro se* plaintiff Tad Taylor in an Eastern District of Pennsylvania action (*Taylor*), which is listed on Schedule A, moves to reconsider the Panel's decision denying defendant's motion to transfer *Taylor* to MDL No. 2804. Defendant Endo Pharmaceuticals Inc. supports reconsideration of the Panel's order denying its motion to transfer *Taylor* and requests resumption of tag-along transfer.

After considering the parties' arguments, we are not persuaded of the need to reconsider our initial decision and thus will deny both motions. Absent a significant change in circumstances, the Panel only rarely reaches a different result upon reconsideration. *See In re: Fresh Dairy Prods. Antitrust Litig. (No. II)*, 959 F. Supp. 2d 1361, 1362- 63 (J.P.M.L. 2013). Here, the pharmacy defendants and *pro se* defendant Taylor have not demonstrated any significant change in circumstances to justify reconsideration of the Panel's April 8, 2022, order.

At the time of our decision, we were aware of the points stressed by the advocates of reconsideration here: that the MDL bellwether process was underway against the pharmacy defendants (and had not yet begun with respect to several categories of plaintiffs, like school districts,

---

[1] Mississippi CVS Pharmacy, L.L.C., Walgreen Co., and Walmart Inc.

[2] Cephalon, Inc., Teva Pharmaceuticals USA, Inc., Actavis LLC, Actavis Pharma, Inc., and Watson Laboratories, Inc. Additional affiliated entities have been named in other cases, including: Warner Chilcott Company LLC, Actavis South Atlantic LLC, Actavis Elizabeth LLC, Actavis Mid Atlantic LLC, Actavis Totowa LLC, Actavis Kadian LLC, Actavis Laboratories UT, Inc., and Actavis laboratories FL, Inc.

hospitals and third-party payors) and that there were numerous cases remaining against non-settling defendants proceeding in state court (some of which will be tried in the near future) and in the MDL. It was foreseeable at the time of our initial decision that more actions could be filed that would not be transferred to the MDL. Similarly foreseeable was the possibility that defendants and the involved courts would need to coordinate with those newly-filed, non-MDL cases in federal and state court, and that such coordination may require the expenditure of additional court and party resources.

Substantial efficiencies remain attainable by the parties through the existing MDL. Our order ceasing tag-along transfers does not impede litigation or settlement activity in the over 3,000 cases in MDL No. 2804. Nor does it prevent further bellwether trials involving non-settling manufacturer and distributor defendants, the continued progress of the MDL's pharmacy defendant bellwether cases (five of which are being prepared to be trial-ready in late-2022 and 2023), or further proceedings involving categories of plaintiffs not yet subjected to bellwether activity—such as hospitals, school districts and third-party payors.

We also will deny the pharmacy defendants' request for a new MDL containing claims only against pharmacy defendants. Such an arrangement strikes us as unworkable and procedurally improper. Creating a pharmacy defendant-only MDL would require that all MDL No. 2804 actions naming the pharmacy defendants have the claims against those defendants separated and remanded, under Section 1407(a), to their respective transferor courts. Then, those claims would need to be retransferred to a new MDL. While the parties have not supplied a precise number of cases that name a pharmacy defendant, it is estimated to be in the thousands. In addition to the administrative challenges of defendants' proposed transfer, separation and remand also can complicate the finality of any judgment entered by one judge. *See Rollins v. Mortg. Elec. Registration Sys., Inc.*, 737 F.3d 1250 (9th Cir. 2013). Further, as the *Holly Springs* plaintiff notes, creating an MDL through this motion to reconsider is procedurally improper and fails to give notice to and seek input from all involved parties.

IT IS THEREFORE ORDERED that the parties' motions for reconsideration are DENIED;

IT IS FURTHER ORDERED that the pharmacy defendants' request for an MDL comprised solely of claims against pharmacy defendants is DENIED.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton       Matthew F. Kennelly
David C. Norton           Roger T. Benitez
Dale A. Kimball           Madeline Cox Arleo

IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION          MDL No. 2804

## SCHEDULE A

<u>Northern District of Mississippi</u>

CITY OF HOLLY SPRINGS v. JOHNSON & JOHNSON, ET AL., C.A. No. 3:21−00246

<u>Eastern District of Pennsylvania</u>

TAYLOR v. ENDO PHARMACEUTICALS, INC., C.A. No. 2:21−04276