# EXHIBIT B



Page Printed From:
https://www.law.com/2023/09/20/opioid-special-master-facing-disqualification-motion-after-hitting-reply-all-on-email/

 NOT FOR REPRINT

NEWS

 
# Opioid Special Master Facing Disqualification Motion After Hitting 'Reply All' on Email

 David Cohen, the special master in the opioid multidistrict litigation, sent an Aug. 28 email accidentally to lawyers in the cases. Now, two pharmacy benefit managers have moved to disqualify him, insisting the email 'would lead  any reasonable observer to question his impartiality.'

September 20, 2023 at 08:09 PM

Litigation



**Amanda Bronstad**
staff reporter

## What You Need to Know

- David Cohen, who has served as special master in the opioid multidistrict litigation since 2018, said there was no reason to recuse himself.
- The pharmacy benefit managers, OptumRx, part of United HealthCare Services Inc., and Cigna-owned Express Scripts Inc., face 85 opioid lawsuits.
- In an Aug. 31 order, U.S. District Judge Dan Polster denied a disqualification request, concluding that Cohen should decide whether to recuse himself.

The special master in the opioid multidistrict litigation is under pressure to disqualify himself after he hit "reply all" on an email that was meant for himself but, instead, went to lawyers in dozens of cases.

David Cohen, who has served as special master since 2018, intended to forward an Aug. 28 email with notes to himself on the bellwether trial process in the opioid cases against pharmacy benefit managers. But, according to an affidavit, he accidentally replied to all the lawyers in the cases.

Now, lawyers at Alston & Bird and Quinn Emanuel Urquhart & Sullivan, representing two pharmacy benefit managers, have moved to disqualify Cohen on the basis of the email, which "would lead any reasonable observer to question his impartiality."

"We do not raise these issues lightly," they wrote in a disqualification motion filed on Tuesday. "Recusal and disqualification are serious matters. But they are serious matters precisely because the proper functioning of our judicial system depends on

public trust in judicial officers' neutrality."

Cohen, a prominent special master in mass torts, immediately emailed lawyers to apologize, asking them to disregard his earlier email, which was "meant to be to my own files." But on Sept. 1, lawyers for the pharmacy benefit managers requested in an email that he disqualify himself.

In a Sept. 7 email responding to them, Cohen said he found no reason to recuse himself.

"To this day," he wrote in an attached affidavit, "I have never had any disqualifying personal bias or prejudice concerning any party, nor any disqualifying personal knowledge of disputed evidentiary facts concerning any proceeding, in any case where I served as special master."

The private notes were "meant to serve as self-reminders of certain points, and were not meant to be seen or read by anyone else," he wrote, and the pharmacy benefit managers had "seriously misapprehended my email."

In an email to Law.com, Cohen, who is in Cleveland, deferred to his affidavit in lieu of commenting but added, "I think the 'left arrow' for reply all and the 'right arrow' for forward are too close to each other on Outlook!"

## 'He Has Prejudged Merits Issues'

The pharmacy benefit managers, OptumRx, part of United HealthCare Services Inc., and Cigna-owned Express Scripts Inc., are among the smaller group of defendants still remaining in the opioid multidistrict litigation, in which the larger drug manufacturers and distributors, as well as the pharmacies, have settled for tens of billions of dollars. Most recently, Kroger agreed to pay $1.2 billion to settle opioid lawsuits.

About 85 cases name OptumRx and Express Scripts, which provide administrative services to health care plans, sometimes providing mail delivery services to homes. Those cases were stayed for years, but lawyers have been working on a possible bellwether trial plan, in which Cohen would oversee discovery disputes.

Cohen sent his email two days before an Aug. 30 hearing. In his email, he wrote: "PBMs' goal is to complicate and delay (including a request to do nothing and set a status 4 weeks hence). I say Ps add claims against PBMs as mail-order pharmacies. Two reasons: (1) Ps are the master of their own complaint, and (2) claims against PBMs as mail-order pharmacies will show how much PBMs knew (and they knew a lot). And then let PBMs respond as they wish. If that complicates the case, so be it. We are used to that."

The disqualification motion cites that portion of the email, and Cohen's decision to allow each side to pick four bellwether cases, not two, because "it is too easy for Ds to buy off 2 Ps, avoiding any global resolution."

"Special Master Cohen's email shows that he has prejudged merits issues before any evidence has come in and before OptumRx or Express Scripts have had any opportunity to brief and be heard on the question of their purported knowledge," the motion says. "That alone requires disqualification."

Brian Boone, of Alston & Bird in Charlotte, North Carolina, for OptumRx, and Express Scripts' lawyer Jonathan Cooper, at Quinn Emanuel in Washington D.C., did not respond to a request for comment.

Lawyers for the plaintiffs' executive committee in the opioid multidistrict litigation – Motley Rice's Joe Rice and Linda Singer, and Peter Weinberger, of Cleveland's Spangenberg Shibley & Liber – did not respond.

## 'It Was Sent by Mistake'

At the Aug. 30 hearing, U.S. District Judge Dan Polster, who is overseeing the opioid multidistrict litigation in the Northern District of Ohio, was quick to shut down any possibility that he would disqualify Cohen.

"Well, that isn't going to happen," he told Boone, according to a transcript. "You know, he sent something that – it showed – may have shown his thought at the moment, doesn't in any way, shape, or form indicate that he's biased or prejudged anything. All right? No one has a clue what the evidence is. All right? I don't."

Cooper said that if Cohen didn't recuse himself, the defendants "need to take further steps."

"We don't want to be hasty about it, but I've never seen an email like this from a judicial officer, and it raises very serious concerns in our minds and…"

"Well, first of all, it was sent by mistake, all right?" Polster interrupted him. "It's someone's thoughts at the moment."

Polster followed up by denying the disqualification request in an Aug. 31 order, but he also told lawyers at the hearing that Cohen should decide whether to recuse. "It's not up to me," he added.

In his affidavit, Cohen said recusal wasn't necessary.

As to the specifics of the email, he said the pharmacy benefit managers were "flatly incorrect" that he prejudged the merits of the cases. His statement "and they knew a lot" was based on earlier research he did about pharmacy benefit managers.

"There is a maxim in sports that 'the best referee is the one you don't notice,'" he wrote. "I apologize to the parties and the court that my email mistake has caused distraction from the important issues in this case."

NOT FOR REPRINT

Copyright © 2023 ALM Global, LLC. All Rights Reserved.