UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*Case Tracks 2-11* | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**Plaintiffs Executive Committee's Motion Regarding Plaintiff Bellwether Cases**

The Plaintiffs Executive Committee (PEC) hereby moves the Court to allow certain attorney fees generated in the Bellwether Cases in Case Tracks 2-11 (CT 2-11) to be deposited into the QSF designated as the Track One Common Benefit Fund (Doc. 3794, 3810, 4697) and that such fees be segregated for accounting purposes from other fees deposited into that fund and held until further order of the Court.

Following the settlement of Case Track 1 (CT 1), the Court ordered the creation of the Track One Common Benefit Fund to "receive the Summit/Cuyahoga assessment and any appropriate future assessments, to be held pending further Orders of this Court." (Doc. 3794).  The Court appointed the Fee Panel to oversee the Fund (Doc. 4697).

The PEC subsequently determined that it was appropriate and fair to handle future bellwether cases in a manner that would allow the bellwether selection process to properly recognize the PEC's contributions to the litigation of bellwether cases and to fairly select cases for bellwether consideration without regard to retained counsel for the PEC bellwether case.  Therefore, in the CT 2-11 bellwether cases, the PEC entered into written agreements with the PEC bellwether retained counsel in which the PEC agreed to provide litigation funding for all non-held litigation costs and the PEC member firms and

lawyers provided significant work in furtherance of the cases.  In return, the PEC and the PEC bellwether retained counsel agreed to compensate the PEC with a percentage of the contingent fees generated from any settlement of the bellwether's case.

Regarding the fees to the PEC generated from bellwether cases, it is appropriate that those fees be deposited into the Track One Common Benefit Fund QSF Account and accounted for separately from other Track 1 Common Benefit Fund fees until the Court determines how the bellwether PEC fees should be appropriately and fairly allocated among counsel.

The PEC seeks such an order from the Court.

Dated:  October 19, 2023

        Jayne Conroy
        SIMMONS HANLY CONROY
        112 Madison Avenue, 7th Floor
        New York, NY 10016
        (212) 784-6400
        (212) 213-5949 (fax)
        jconroy@simmonsfirm.com

        Joseph F. Rice
        MOTLEY RICE LLC
        28 Bridgeside Blvd.
        Mt. Pleasant, SC
        29464 (843) 216-9000
        (843) 216-9290 (Fax)
        jrice@motleyrice.com

        Paul T. Farrell, Jr., Esq.
        FARRELL & FULLER LLC
        1311 Ponce de Leone Ave., Suite 202
        San Juan, PR  00907
        (304)654-8281
        paul@farrellfuller.com

        *Plaintiffs' Co-Lead Counsel*

>*/s/Peter H. Weinberger*
>Peter H. Weinberger (0022076)
>SPANGENBERG SHIBLEY &LIBER
>1001 Lakeside Avenue East, Suite 1700
>Cleveland, OH 44114
>(216) 696-3232
>(216) 696-3924 (Fax)
>pweinberger@spanglaw.com
>
>*Plaintiffs' Liaison Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

>*/s/Peter H. Weinberger*
>Peter H. Weinberger