# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster |

**PROPOSED CASE MANAGEMENT ORDER**

On October 27, 2023, the Court entered an order identifying four bellwether cases against the PBM Defendants,[1] including *City of Independence, Missouri v. Williams*, No. 1:19-op-45371-DAP, *City of Rochester v. Purdue Pharma, L.P.*, 1:19-op-45853-DAP, *County of Webb, Texas v. Purdue Pharma, L.P.*, 1:18-op-45175-DAP, and *Lincoln County v. Richard Sackler, M.D.*, No. 1:20-op-45069-DAP (**PBM Bellwether cases**). ECF No. 5231. The Court directed the parties to meet and confer with Special Master Cohen[2] regarding proposed case management schedules for the PBM bellwethers. The parties agree that *City of Rochester v. Purdue Pharma, L.P.*, 1:19-op-45853-DAP and *Lincoln County v. Richard Sackler, M.D.*, No. 1:20-op-45069-DAP will proceed together as "Track 12" or "CT12."[3] Plaintiffs and the PBM Defendants each submitted proposed CMOs for CT12. The Court has reviewed the Parties' submissions, and hereby orders that the Track 12 cases proceed as follows:[4]

---

[1] The Court purported to allow discovery and motion practice to proceed against the "OptumRx and Express Scripts Defendant Families." ECF No. 5231. Entities other than OptumRx, Inc. and Express Scripts, Inc. object to the Court's Order and intend to present jurisdictional and other defenses to the bellwether complaints. For purposes of this CMO, the "PBM Defendants" is defined as only OptumRx, Inc. and Express Scripts, Inc.

[2] The PBM Defendants maintain their objection to Special Master Cohen's involvement in any pending or future MDL proceedings involving OptumRx or Express Scripts. *See* ECF No. 5196.

[3] The Parties agree that the remaining two PBM Bellwether cases will proceed simultaneously on a similar schedule, staggered approximately 60 days after the Track 12 schedule. The Parties will meet and confer and submit a second proposed Case Management Order within fifteen (15) days from the date of this Order.

[4] The Court recognizes that the Plaintiffs and the PBM Defendants have not been subject to discovery in this MDL and have not previously participated in fact or expert discovery and that those Parties, and any other party, may seek to modify any provision of this CMO for good cause shown.

A. **Previous Discovery:**

All discovery produced by Defendants in any MDL case or pursuant to DR 22 shall be deemed produced in Track 12. To promote efficiency and consistent with the Court's directives, the Parties will meet and confer regarding how to ensure that discovery requests issued in Track 12 are specific to this case and non-duplicative of the discovery requests already issued in prior MDL case tracks or in related state court action, *Jefferson County v. Dannie E. Williams. M.D., et al.*, Case No. 20JE-CC00029 (Twenty-Third Judicial Circuit, Missouri) (hereinafter, **Jefferson County**), while ensuring that the record is clear as to what discovery is at issue in Track 12, without requiring the Parties to reissue discovery unnecessarily.

Discovery served in Track 12 will be tailored to Track 12 as appropriate.

New discovery requests served upon the PBM Defendants shall be limited to geographic-specific discovery to the extent possible.

The Parties shall not be limited or prejudiced by their lack of participation in prior third-party discovery.

B. **Amended Complaints**

1. Plaintiffs shall file any motion for leave to amend their complaints by **December 8, 2023**. The PBM Defendants shall file any responses by **January 5, 2024**. Plaintiffs shall file their replies in support of their motions for leave to amend by **January 19, 2024**.

C. **Motions to Disqualify Counsel**

1. The Parties shall meet and confer to identify all counsel who will be involved in litigating each bellwether case.

2. The PBM Defendants may file any motions to disqualify counsel in Track 12 based on available information by **January 5, 2024**. Memoranda in support will be limited to 25 pages. Plaintiffs shall have **60 days** to file a response in opposition, limited to 25 pages. The PBM Defendants shall have **30 days** file their replies, which will be limited to 15 pages.

3. The foregoing does not prevent the PBM Defendants from filing any motion to disqualify based on information learned after January 5, 2024 at a later date.

D. **Responding to the Complaint**

1. **Answers or Responses:** The PBM Defendants may answer or otherwise respond to the operative complaints in each case within **45 days** of the Court's ruling on the Plaintiffs' forthcoming motions for leave to amend their complaints.

2

2. **Motions to Dismiss on Substantive Issues:** Plaintiffs shall file their responses in opposition to any motions to dismiss within **60 days** after the motions are filed. The PBM Defendants shall file any replies in further support of their motions to dismiss **30 days** thereafter.

    i. The Parties shall coordinate and consolidate all briefing on any motions to dismiss and avoid duplicative briefing by incorporating similar arguments by reference.

    ii. In each case, the PBM Defendants may file a joint memorandum of up to **30 pages** in length on common issues in support of their motions to dismiss the claims against them. Each Plaintiff may file a response brief of up to **30 pages** addressing the PBM Defendants' joint memorandum on common issues. The PBM Defendants may file a joint reply of up to **15 pages** in length in support of their joint memorandum in each case.

    iii. Each of the PBM Defendants may also file an individual memorandum of up to **10 pages** concerning issues specific to it in each case. Responses to such memoranda shall also be limited to **10 pages**, and reply memoranda shall be limited to **5 pages**.

    iv. The Parties may use the pages above as they see fit, though opposition briefs shall not exceed the total number of pages permitted in opening briefs.

3. **Motions to Dismiss on Jurisdictional and Venue Grounds:**

    i. The PBM Defendants may also file any motions to dismiss on jurisdictional and venue grounds in each case according to the schedule referred to above in Section D.1. Plaintiffs shall have **60 days** to file a response in opposition. The PBM Defendants shall have **30 days** to file their replies in further support of their motions to dismiss. The page limits for the memoranda in support, responses, and replies on any defendant-specific jurisdictional issues shall be subject to the limitations set forth in Local Rule 7.1(f).

4. Discovery may proceed before answers are filed or while any Motions to Dismiss are pending. For any party that files a jurisdictional motion, there may be limited jurisdictional discovery according to the process referred to above in Section D.3., but there will be no other discovery for the moving party until resolution of that motion. Discovery for all other parties shall proceed.

5. If the Court denies a PBM Defendants' motion to dismiss, the PBM Defendant shall answer the operative complaint within **30 days**.

6. **Joinder of Parties.** The PBM Defendants shall join any additional parties within **90** days after service of their answers.

E. **Fact Discovery**

1. PBM Data:

    i. **February 1, 2024** – The Parties shall meet and confer regarding the PBM data to be produced for all four PBM Bellwether cases, including data fields and geographic scope.

    ii. **August 6, 2024** – The PBM Defendants shall produce PBM data for both Track 12 cases pursuant to the terms and scope agreed upon by the Parties.

2. **Plaintiffs' identification of Prescriptions that Plaintiffs Claim Caused their harm and for which they seek relief:** For each Track 12 case, Plaintiffs and their experts shall identify for the PBM Defendants (i) the prescriptions they contend caused the harm for which each Plaintiff seeks relief; (ii) the methodology or methodologies they used to reach such a contention; and (iii) the electronic scripts, code and analytical programs used by each Plaintiff and/or its experts to implement that methodology.

    **Deadline:** Within **21 days** after production of the PBM Defendants' PBM data referred to above in Section E.1.

3. **February 1, 2024** – Identification of Plaintiffs' Document Custodians

    i. Plaintiffs shall identify their proposed document custodians for all four PBM Bellwether cases, including titles and timeframes of employment in their relevant position(s).

    ii. The Parties will negotiate search terms for Plaintiffs' custodians.

    iii. The Parties shall meet and confer regarding any disputes regarding Plaintiffs' document custodians or the PBM's search terms within **14 days** of identification.

4. **March 1, 2024** – Identification of PBM Defendants' Document Custodians

    i. The PBM Defendants shall identify their proposed document custodians for all four PBM Bellwether cases, including titles and timeframes of employment in their relative position(s).

    ii. The Parties will negotiate search terms for the PBM custodians.

4

      iii.    The Parties shall meet and confer regarding any disputes regarding the PBM's document custodians or Plaintiffs' search terms within **14 days** of identification.

5. Deadlines for parties to serve written discovery: **November 4, 2024.**

6. Document production by all Parties will be substantially completed for each case by **December 13, 2024**. Document production leading up to these deadlines should occur on a rolling basis.

7. Close of fact discovery will be **June 2, 2025.**

### F. Depositions

1. **Depositions of PBM Defendants - Fact Witnesses:** Plaintiffs may collectively depose no more than **20** party-defendant fact witnesses for the PBM Defendants, with a maximum of 10 witnesses per PBM Defendant. Depositions of fact witnesses previously deposed in *Jefferson County* shall not be allowed absent good cause shown.

2. **Depositions of Plaintiffs - Fact Witnesses:** The PBM Defendants may depose 30 fact witnesses affiliated with each Plaintiff.

3. **All Party-Fact-Witness Depositions:** Depositions of party fact witnesses who have already been deposed in *Jefferson County* shall not be re-taken in Track 12 absent: (1) agreement of the Parties, or (2) order of the Court, upon good cause shown. The Parties should presume that, if re-deposition of such a witness is necessary, the additional deposition will be limited to **2 hours** absent good cause shown, and the Parties should endeavor to agree to less time. Re-deposition of a witness should be principally focused upon (but is not strictly limited to) geographic-specific issues. Depositions of fact witnesses who have not been previously deposed in *Jefferson County* shall be limited to 7 hours each.

    The PBM Defendants reserve the right to object to the redeposition of any fact witnesses previously deposed in any opioid-related court proceeding.

4. **Rule 30(b)(6) Depositions:** Plaintiffs collectively may depose one 30(b)(6) witness from the each of the PBM Defendants regarding data, and one 30(b)(6) witness from each of the PBM Defendants regarding substantive topics. The PBM Defendants may depose one 30(b)(6) witness from each Plaintiff regarding data, and one 30(b)(6) witness from each Plaintiff regarding substantive topics.

    **Duration of Rule 30(b)(6) Depositions**: All 30(b)(6) depositions of the PBM Defendants will be limited to 7 hours for each corporate designee and may not be repetitive of 30(b)(6) depositions of the

5

    PBM Defendants taken in *Jefferson County*. All 30(b)(6) depositions of Plaintiffs will be limited to 7 hours for each designee. The Parties shall meet and confer and seek to identify topics where the 30(b)(6) deponent will not be questioned and instead the PBM Defendants will provide written responses.

  5. The foregoing limitations do not apply to the depositions of third Parties or place a limit on the number of depositions the Parties may take of third Parties.

  6. The Deposition Protocol Order (Doc. #643) and Revised Remote Deposition Protocol (Doc. #3589) continue to apply, except as modified by this Order.

  7. The Parties may seek leave to depose additional fact witnesses upon good cause shown.

G. **Expert Discovery Deadlines**

  1. Except for expert witnesses who will testify *only* in the abatement-phase of the Track 12 trials, Plaintiffs shall serve expert reports on **June 16, 2025**.

    i. For each expert, Plaintiffs shall provide three proposed deposition dates between **July 14, 2025 and September 12, 2025**.

  2. Except for expert witnesses who will testify *only* in the abatement-phase of the Track 12 trials, the PBM Defendants shall serve expert reports on **September 29, 2025**.

    i. For each expert, the PBM Defendants shall provide three proposed deposition dates between **October 27, 2025 and December 22, 2025**.

H. **Remand**

  1. The Court shall remand the Track 12 cases to the transferor jurisdictions in **December 2025** for *Daubert* and dispositive motions, other evidentiary and trial-related motion practice, and (if necessary) trial.

**IT IS SO ORDERED.**

Dated: November __, 2023

                  _____
                  DAN AARON POLSTER
                  UNITED STATES DISTRICT JUDGE