# EXHIBIT 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*PBM Bellwether Cases* | MDL 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster<br><br>**PBM BELLWETHER CASES**<br>**CASE MANAGEMENT ORDER** |

On October 27, 2023, the Court entered an order identifying four bellwether cases against the Pharmacy Benefit Manager (PBM) defendants which the Court will now assign to case tracks: *City of Rochester v. Purdue Pharma*, *L.P.,* No. 19-op-45853 ("Track 12"), *Lincoln County v. Richard Sackler, M.D.,* No. 20-op-45069 ("Track 13"), *City of Independence, Missouri v. Williams*, No. 19-op-45371 ("Track 14"), and *County of Webb, Texas v. Purdue Pharma, L.P.,* No. 18-op-45175 ("Track 15") (collectively "PBM Bellwether cases"). The Court directed the parties to meet and confer and work with Special Master Cohen as necessary regarding the proposed case management schedules.

The parties have agreed to split the four PBM Bellwether cases in to two groups and stagger the case management schedules for the two groups. The cases in Track 12 and Track 13 will comprise the first group and the cases in Track 14 and Track 15 will comprise the second group. The cases will proceed pursuant to the schedule below.

  **A.**  **Previous Discovery**: All discovery produced by any entity in this MDL, or pursuant to DR 22, or produced in the Purdue Bankruptcy, *In re: Purdue Pharma L.P., et al.,* No. 19-23649(SHL) (S.D.N.Y. Bk.), shall be deemed produced in the PBM Bellwether cases. To promote efficiency and consistent with the Court's and Special Master's directives, the Parties will meet and confer regarding how to ensure that discovery requests issued in the PBM Bellwether cases are specific to this case and non-duplicative of the discovery productions or responses already served in any MDL

case track, while ensuring that the record is clear as to what discovery is at issue in Tracks 12-15, without requiring the Parties to reissue discovery unnecessarily.

**B.** **Amended Complaints:** PBM Bellwether Plaintiffs who wish to amend their complaints must file and serve their amended complaints by **December 15, 2023**.[1] If Defendants choose to move to strike an amended complaint, they must do so pursuant to the timeline for motions to dismiss outlined below. The briefing schedule for opposition briefs and reply briefs on motions to strike an amended complaint is the same as the briefing schedule for motions to dismiss, below.

**C.** **Motions to Disqualify Counsel:** The PBM Defendants may file a single motion to disqualify counsel of no longer than 25 pages by **December 20, 2023**. The PBM Bellwether Plaintiffs and the PEC may file a joint response in opposition of no longer than 25 pages by **January 22, 2024.** The PBM Defendants may file a reply of no longer than 15 pages by **February 5, 2024**. The PBM Bellwether Plaintiffs and the PEC reserve the right to argue that any motion to disqualify has been waived or is barred by the doctrine of laches.

**D.** **Motions to Dismiss**[2]**:**

1. MTDs based on FRCP 12(b)(6) may be filed pursuant to the following schedule:

| Case Track | Motion | Response | Reply |
| --- | --- | --- | --- |
| Tracks 12-13 | January 16, 2024 | March 15, 2024 | April 15, 2024 |
| Tracks 14-15 | March 22, 2024 | May 22, 2024 | June 22, 2024 |

2. The parties shall coordinate and consolidate all briefing on motions to dismiss and avoid duplicative briefing by incorporating similar arguments by reference.

3. Page limits for 12(b)(6) motions to dismiss:

---

[1] Pursuant to the Court's Orders dated May 20, 2018 (Doc. # 371) and October 27, 2023 (Doc. 5231), the selection of these cases as bellwethers permits these plaintiffs to file an amended complaint without seeking further leave of the Court. *See In re: Meijer Inc. et al.,* No. 21-4051 at 2 (6th Cir. 2022).

[2] When preparing pleadings, dispositive motions, motions to dismiss, pretrial motions, and other submissions, the parties should be mindful that the Court intends to adhere to all rulings made in prior MDL Tracks absent a showing as to why the prior rulings should not apply. *See In re: Prescription Opioid Lit.,* Case No. 1:17-md-02804-DAP, Doc #: 4978 (N.D. Oh Mar. 30, 2023). If a prior formal ruling in MDL 2804 exists (whether entered on the docket by the Court or SM Cohen) that is related to an issue presented to the Court in the PBM Bellwether cases, the party seeking to depart from that ruling or to assert that it does not apply must indicate why that ruling should not be followed in a one-page summary sheet presented with the memorandum in support of the party's briefing. The party may also address the issue in greater depth in its permitted briefing. The one-page summary will not count against the party's page limits.

      (i)    Defendants may file a joint memorandum of up to **30 pages** in length on common issues in support of their motions to dismiss the claims against them. Plaintiff may file response briefs collectively totaling up to **30 pages** addressing Defendants' joint memorandum on common issues. Defendants may file a joint reply of up to **15 pages** in length in support of their joint memorandum.

      (ii)    Each Defendant may also file an individual memorandum of up to **5 pages** concerning issues specific to it. Responses to such memorandum shall be limited to **5 pages**, and reply memoranda shall be limited to **3 pages**.

6.    The parties may use the pages above as they see fit, though opposition briefs shall not exceed the number of pages permitted in opening briefs.

7.    **MTDs based on FRCP 12(b)(2):** Each Defendant may also file individual motions to dismiss on jurisdictional grounds. The page limits for the memorandum in support, responses, and replies on these defendant-specific jurisdictional issues shall be subject to the limitations set forth in Local Rule 7.1(f). The parties shall meet and confer as soon as possible to discuss whether and the extent to which jurisdictional discovery may be necessary, and shall incorporate the reasoning set out in the Court's Order at docket no. 3180.

8.    **Answers to Amended Complaints.** Defendants shall file their answers to any claims that survive Defendants' motions to dismiss within **ten (10)** days of the date the Court issues its ruling on the motions to dismiss.

E.    **Third Party Complaints.** Defendants shall file any third-party complaints on the same day their answers are filed.

F.    **Fact Discovery for Track 12 and Track 13**

1.    Parties may serve discovery at any time after the entry of this CMO. Discovery may procced while motions to dismiss are pending. Each group of Defendants named in a case (e.g., the Pharmacy Benefit Manager ("PBM") Defendants) may serve up to 35 Requests for Production and up to 35 Interrogatories on each Plaintiff in cases in Tracks 12 and 13 and subsequent Case Tracks.

2.    **March 1, 2024** – Defendants shall provide to Plaintiff a list of data fields included in their claims data, rebate and administrative fee data, and mail order pharmacy dispensing data, along with data dictionaries or other available descriptions of each field.

3

        The parties shall meet and confer regarding the data fields to be produced from each data set. The parties shall work with Special Master Cohen to address any disagreements. Any motions regarding the production of particular data fields shall be submitted to Special Master Cohen by **March 15, 2024.**

3. **March 1, 2024 –** Parties shall identify their proposed document custodians, including titles and timeframes of employment in their relevant position, and shall exchange proposed search terms. **Motions regarding search terms and custodians shall be submitted to Special Master Cohen by March 15, 2024.**[3]

4. **April 15, 2024** – Custodial document production must commence, and must continue on a rolling basis. The parties shall meet and confer regarding the priority of production of custodian files.

5. **May 16, 2024** – Defendants shall produce claims data, rebate and administrative fee data, and mail order pharmacy dispensing data.

6. **May 30, 2024 –** Other than as noted below, document production by all parties will be essentially complete. Document production leading up to this deadline should occur on a rolling basis.

7. **July 15, 2024** – Plaintiff shall identify for Defendants (i) the prescriptions they (and their experts) conclude caused them the harm for which they seek relief; (ii) the methodology or methodologies they (and their experts) used to reach such a conclusion; and (iii) the electronic scripts or analytical programs used by Plaintiff and/or their experts to implement that methodology.

8. **August 15, 2024**. Defendants shall produce due diligence information, including but not limited to notes field data, checklists, and documents as described in Special Master Cohen's ruling concerning notes field information in Track 3.

    Defendants expressly reserve their right to object to the production of any additional notes fields or due diligence information, and Plaintiff expressly reserves its right to ask for any notes fields or due diligence information.

9. **September 13, 2024 –** Close of fact discovery.[4]

---

[3] The parties may submit additional motions regarding custodians to Special Master Cohen in the event that disputes arise regarding requests to add custodians identified through subsequent document productions.

[4] It is the intent of the Court that the parties have the opportunity to depose all trial witnesses. Notwithstanding the close of fact discovery, if a party lists a witness for trial in its Rule 26(a)(3) disclosures who has not been deposed prior to trial, any opposing party shall be afforded to the right to depose the witness prior to the witnesses' trial testimony.

4

G.  **Depositions for Track 12 and Track 13.**

1. Plaintiff may depose **50 fact witnesses** of Defendants.

2. Defendants may depose **25 Plaintiff fact witnesses**.

3. In addition to the fact witnesses above, Plaintiff may conduct **14 hours** of 30(b)(6) witness depositions of each individual Defendant. Defendants collectively may conduct **14 hours** of 30(b)(6) witness depositions of each Plaintiff.

4. Depositions of party fact witnesses shall be limited to 7 hours each.

5. The parties will make a good faith effort to limit their deposition questions of all witnesses, including experts who have previously been deposed in the opioid litigation to matters that were not inquired into or adequately addressed in the witness's prior depositions.

6. Depositions may begin before the deadline for document production in Section E.7 above. To the extent a deposition will be taken before the custodial file has been produced pursuant to Section F.6 above, production of the deponent's custodial file must be substantially completed 14 days before the deposition, and fully completed 7 days before the deposition.

7. Plaintiff may take up to 15 third party depositions **in each track**. Defendants may collectively take up to 15 third party depositions. Depositions of third parties shall be limited to 7 hours each.

8. The **Revised Deposition Protocol Order (Doc. #: 3589)** continues to apply except as modified by this Order, unless otherwise agreed or ordered by the Court. The noticing party shall have the right to determine if it will take any deposition it notices in-person or remotely. Such determination shall not impact whether the defending party defends the deposition in-person or remotely.

H.  **Expert Discovery Deadlines for Track 12 and Track 13**

1. **October 14, 2024** – Plaintiff shall serve expert reports on all issues except abatement and other remedies and, for each expert, provide two proposed deposition dates between **November 4, 2024** and **November 25, 2024**.

2. **January 6, 2024** – Defendants shall serve expert reports on all issues except abatement and other remedies and, for each expert, provide two proposed deposition dates between **January 27, 2025** and **February 19, 2025**.

3. Expert reports rebutting responsive reports shall be served **21 days** after the deposition of the responsive expert. **Any materials relied on by the rebutting expert shall be produced within 7 days of serving the rebuttal reports.**

I. *Daubert* and Dispositive Motions for Track 12 and Track 13

1. **March 5, 2025** – Deadline for *Daubert* and dispositive motions.

2. **May 5, 2025** – Deadline for responses to *Daubert* and dispositive motions.

3. **June 5, 2025** – Deadline for replies in support of *Daubert* and dispositive motions.

With respect to Daubert and dispositive motions, the Parties will meet and confer on page limits and mechanisms to further avoid unnecessarily lengthy or duplicative briefing while preserving the record based on motions filed in separate tracks of the MDL.

J. **Schedule for Discovery, Dispositive and Daubert Motions for Track 14 and Track 15.** The parties will meet and confer regarding dates for discovery, dispositive and *Daubert* motions for Track 14 and Track 15 with the intent to stagger the remaining deadlines for Track 15 and Track 15 approximately two months after the deadlines for Track 12 and Track 13.

K. **Motions *in limine*.** Prior to remand, the parties shall meet and confer regarding the applicability of prior rulings on Motions *in Limine* (MILs) submitted in other MDL bellwether cases. To the extent that there is disagreement about the applicability of any rulings on prior MILs to this action, such issues must be raised with this Court and ruled upon prior to remand.

L. **Remand - The Court shall remand the PBM Bellwether Cases with issuance of any orders on Daubert and Dispositive motions if necessary.**

    IT IS SO ORDERED.

                                                    **DAN AARON POLSTER**
                                                    **UNITED STATES DISTRICT JUDGE**