UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*All actions* | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Special Master David R. Cohen |

**TRIBAL CONTINGENCY FEE PAYMENT ORDER NO. 1**

Native American Indian Tribes have resolved their Opioid litigation with nine different defendants through the following seven Global Tribal Opioid Master Settlement Agreements: (1) Certain Distributors (McKesson Corporation, AmerisourceBergen Corporation n/k/a Cencora, and Cardinal Health, Inc.) dated October 6, 2022; (2) Janssen Pharmaceuticals, Inc. dated July 11, 2022; (3) Teva Pharmaceuticals, Inc. dated December 19, 2022; (4) Allergan Finance LLC dated December 16, 2022; (5) Walmart Inc. dated November 14, 2022; (6) CVS Health Corporation dated December 22, 2022; and (7) Walgreens Co. dated December 2022 (hereinafter collectively, "Global Tribal Opioid Master Settlement Agreements" or "Agreements"). The Tribes also resolved their Opioid litigation with defendant Mallinckrodt as part of its bankruptcy proceedings, as well as defendant Purdue as part of its bankruptcy proceedings.

For each of the settlements, the distribution of Abatement Funds is governed by various Tribal Abatement Fund Trusts ("TAFT"), starting with Purdue and Mallinckrodt and then one TAFT for each of the various Global Tribal Opioid Master Settlement Agreements identified above. Each of the seven Global Tribal Opioid Master Settlement Agreements are effective and have funded their respective Settlement Trusts up to and including all payments due and owing

2711051.1

through the end of 2023. The Agreements provide that the undersigned is "Special Master" in charge of administering and performing certain functions concerning the Settlement Trusts established in each of the Agreements. Included among those duties: (1) the Special Master reviews, approves, and deducts the costs incurred for the administration of the Settlement Trust and Attorney Fee Fund; (2) the Special Master sets aside specified funds from those Settlement Trusts for the Tribal Abatement Fund Trust (TAFT), and separately for the Attorney Fee Funds for those Agreements; and (3) the Special Master will continue to oversee the administration of the Settlement Trusts as set forth in the Global Tribal Settlement Agreements, including the deduction of the reasonable costs and expenses for the administration of the payment of abatement amounts and attorneys' fees (*see, e.g.*, Global Distributor Tribal Agreement at §§ I.O and V.B.3).

This Order establishes the procedures for the allocation and disbursement of funds from the Attorney Fee Fund pursuant to Section VII.A of the Distributor Global Tribal Opioid Master Settlement Agreement and analogous sections of the other Agreements; and, along with the Attorney Certification Forms signed by Tribal Counsel as set forth herein as an Exhibit, this Order constitutes the "separate document" referenced therein. The Special Master hereby sets forth below the procedures for payment of fees to counsel for those Participating Tribes, as follows:

1. The Tribal Allocation Appointees designated in the Agreements have made their allocation decisions with respect to the Participating Tribes (as defined in the Agreements), and the 2023 annual Abatement Distributions have been and continue to be made to those Participating Tribes, following holdbacks and payment of administrative costs and expenses.

2. The 2023 contingency fee payment shall be paid to each counsel for any Participating Tribe as soon as practicable after: (i) the Participating Tribe has received its 2023

Abatement Payment, and (ii) each Counsel for the Participating Tribe has signed the required Attorney Certification Form, attached as an exhibit hereto.[1]

3. Payment of Attorneys Fees for subsequent years will be made automatically by BrownGreer to each Counsel for the Participating Tribes as soon as practicable after the Participating Tribe has received its Abatement Payment for that year, and pursuant to the latest fee split percentages provided to BrownGreer and agreed to by each Counsel for the Participating Tribe.

4. Each Participating Tribe's Counsel has provided to BrownGreer the attorneys' fee contracts for all Participating Tribes for which they are Counsel, and Counsel for the Participating Tribes has provided to BrownGreer the fee split percentages with and primary contact information for any and all co-counsel for such Participating Tribe. For the purposes of distribution of fees only, Counsel for each Participating Tribe has designated to BrownGreer one firm as Lead Counsel and the remaining firms as Co-Counsel.

5. The amount to be paid from the Attorney Fee Fund as Contingent Fees to Counsel representing the Participating Tribe shall be 7.5% of the Total Allocation to the Participating Tribe, which is equal to roughly 8.8% of the Abatement Payment made to the Participating Tribe.[2]  The same formula shall be used for each subsequent year

---

[1] As of the date of this Order, each Counsel for every Participating Tribe has signed the required Attorney Certification Form.

[2] The following example illustrates this calculation.

| A | Tribe Allocation | $ | 100,000 |
|---|---|---|---|
| B | Fees and Costs (A x 15%) | $ | 15,000 |
| C | Tribe Abatement Payment (A - B) | $ | 85,000 |
| D | Contingent Fee Paid to Counsel (A * 7.5%) | $ | 7,500 |
| E | Contingent Fee as Percentage of Abatement (D/C) | | 8.82% |

in which fee payments are made. For each year in which a fee payment is made, the Participating Tribe's Lead Counsel shall receive a spreadsheet from BrownGreer setting forth the total contingency fee and fee split payment amounts among Counsel for that Participating Tribe ("Fee Split Payment Spreadsheet"). It is every Counsel's responsibility to obtain and review for accuracy the Fee Split Payment Spreadsheet and to verify accuracy with BrownGreer through Lead Counsel. It is Lead Counsel's responsibility to distribute the Fee Split Payment Spreadsheet to all co-counsel for approval.

6. Lead Counsel shall notify BrownGreer of any changes to the fee-split percentages provided to BrownGreer and/or any inaccuracies to the Fee Split Payment Spreadsheet provided by BrownGreer, after conferring with all Co-Counsel and receiving their written consent to such changes. Any new Fee Split Payment Spreadsheet will be provided by BrownGreer to Lead Counsel for further review for accuracy.

7. Once the conditions and requirements of the preceding paragraphs have been met by all counsel for a Participating Tribe, Counsel for the Participating Tribe will receive through BrownGreer payment of their contingency fee share from the Attorney Fee Fund according to and in the amount set forth in the most recent Fee Split Payment Spreadsheet for that Participating Tribe. Counsel shall coordinate with BrownGreer on payment instructions.

8. The Special Master has held back funds for the Common Benefit Assessment as set forth in Judge Polster's May 9, 2022 Order (ECF No. 4428) and provisions of certain other applicable Agreements (*see, e.g.*, Teva 12/19/22 Agreement, section VI.C). Counsel for Participating Tribes who have performed work for the Common Benefit

are and remain eligible to apply to the Common Benefit Funds (including Fees and Costs) pursuant to and as set forth in the MDL Court's Common Benefit Orders, in the Global Tribal Opioid Master Settlement Agreements, and in Exhibit R to the Global Settlements.

Any and all dates and deadlines for the completion of any of the above may be provided by the Special Master by further Order, or by BrownGreer through notice to Counsel.

**IT IS SO ORDERED.**

Dated: November 29, 2023  　　　　　　　　　　*s/ David R. Cohen*　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　　Special Master