**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | **MDL NO. 2804** |
| | **Case No. 17-MD-2804** |
| **THIS DOCUMENT RELATES TO**: | **Judge Dan Aaron Polster** |
| *City of Rochester v. Purdue Pharma, L.P.*, No. 19-op-45853 | |
| *County of Webb, Texas v. Purdue Pharma, L.P.*, No. 18-op-45175 | |
| *City of Independence, Missouri v. Williams*, No. 19-op-45371 | |
| *Lincoln County v. Richard S. Sackler, M.D.*, No. 20-op-45069 | |

## OPTUMRX'S MOTION TO EXCEED PAGE LIMITATIONS

In accordance with Local Rule 7.1, OptumRx, Inc. respectfully moves this Court for leave to exceed page limits in its forthcoming memorandum in support of its motion to disqualify certain counsel. Under Local Rule 7.1(f), the existing page limit is fifteen pages. OptumRx requests an extension to twenty pages. The motion and brief are due Friday, December 15, 2023.

On December 5, 2023, this Court issued a text-only docket order allowing OptumRx to file "any motions to disqualify Plaintiffs' counsel" in the four bellwether cases by December 15. *See also* Dkt. 5265 at 3–6 (parties and Court recognizing that OptumRx may file "motions" to disqualify). Rather than file multiple "motions," OptumRx seeks leave to file one consolidated 20-page motion and brief covering all four bellwethers rather than four separate fifteen-page motions across the four bellwethers.

OptumRx would not oppose the Court's granting Plaintiffs the same number of pages for their opposition.

This Court has granted numerous requests for page extensions in the MDL. *See, e.g.*, July 17, 2018 text-only order granting Cardinal's motion to exceed page limits; January 10, 2019 text-only order granting Ohio Board of Pharmacies' motion to exceed page limits; January 23, 2019 text-only order granting Endo's motion to exceed page limits; Dkt. 832 (granting pharmacies' motion for page extension); January 7, 2020 text-only order granting NAS plaintiffs' motion to exceed page limits; October 5, 2020 text-only order granting Defendants' motion to exceed page limits; November 13, 2020 text-only order granting NAS plaintiffs' motion to exceed page limits.

On December 12, 2023, OptumRx conferred with the PEC about a page extension. In the PEC's earlier proposed case-management order, the PEC proposed to the Court that the PBM Defendants "may file a single motion to disqualify counsel of no longer than 25 pages." Dkt. 5246-2 ¶ C. Despite that earlier proposal, the PEC now does not consent to the requested page extension.

Respectfully submitted,

*/s/ Brian D. Boone*
Brian D. Boone
**ALSTON & BIRD LLP**
Vantage South End
1120 South Tryon Street, Suite 300
Charlotte, NC 28203
Tel: (704) 444-1000
brian.boone@alston.com

William H. Jordan
**ALSTON & BIRD LLP**
1201 West Peachtree Street NW, Suite 4900
Atlanta, GA 30309
Tel.: (404) 881-7000
bill.jordan@alston.com

*Attorneys for Defendant OptumRx, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on December 13, 2023, a copy of the foregoing was served on all counsel of record by filing the same with the Court's ECF system.

*/s/ Brian D. Boone*

Brian D. Boone
