# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>**THIS DOCUMENT RELATES TO**:<br><br>*City of Rochester v. Purdue Pharma, L.P.*, No. 19-op-45853 (Track 12)<br><br>*Lincoln County v. Richard S. Sackler, M.D.*, No. 20-op-45069 (Track 13)<br><br>*City of Independence, Missouri v. Williams*, No. 19-op-45371 (Track 14)<br><br>*County of Webb, Texas v. Purdue Pharma, L.P.*, No. 18-op-45175 (Track 15) | MDL NO. 2804<br><br>Case No. 17-MD-2804<br><br>Judge Dan Aaron Polster |

**DECLARATION OF MATTHEW P. HOOKER IN SUPPORT OF**
**OPTUMRX, INC.'S MOTION TO DISQUALIFY MOTLEY RICE**

## DECLARATION OF MATTHEW P. HOOKER

I, Matthew P. Hooker, declare as follows:

1. I am over eighteen years old, of sound mind, and under no legal disability.

2. I am an associate at Alston & Bird LLP.

3. I submit this declaration in support of OptumRx's Motion to Disqualify Motley Rice.

4. I have personal knowledge of the facts set forth in this declaration, and if called to testify in person about those facts, could competently do so under oath.

5. The following exhibits are true and correct copies of the documents listed below:

**Exhibit A** is a copy of the State of Hawaii's April 29, 2021 Agreement for Special Deputy Attorney General Services with Motley Rice LLC and April 29, 2021 Supplemental Contract No. 1 with Motely Rice LLC.

**Exhibit B** is a copy of the Hawaii Department of the Attorney General's October 15, 2021 subpoena to OptumRx.

**Exhibit C** is a copy of the May 18, 2022 confidentiality agreement between OptumRx and the Hawaii Department of the Attorney General, executed by Linda Singer and Paige Boggs of Motley Rice.

**Exhibit D** is a copy of OptumRx's June 8, 2022 production letter to the Hawaii Department of the Attorney General, addressed to Linda Singer and Paige Boggs at Motley Rice.

**Exhibit E** is a copy of OptumRx's September 1, 2022 production letter to the Hawaii Department of the Attorney General, addressed to Linda Singer and Paige Boggs at Motley Rice.

**Exhibit F** is a copy of the District of Columbia's December 1, 2020 engagement letter with Linda Singer.

**Exhibit G** is a copy of the District of Columbia's Office of the Attorney General's December 28, 2020 investigative subpoena to OptumRx.

**Exhibit H** is a copy of the July 1, 2021 confidentiality agreement between OptumRx and the District of Columbia's Office of the Attorney General, executed by Linda Singer and Paige Boggs of Motley Rice.

**Exhibit I** is a copy of OptumRx's July 13, 2021 production letter to the District of Columbia's Office of the Attorney General, addressed to Linda Singer and Paige Boggs at Motley Rice.

**Exhibit J** is a copy of OptumRx's September 10, 2021 production letter to the District of Columbia's Office of the Attorney General, addressed to Linda Singer and Paige Boggs at Motley Rice.

**Exhibit K** is a copy of OptumRx's November 24, 2021 production letter to the District of Columbia's Office of the Attorney General, addressed to Linda Singer and Paige Boggs at Motley Rice.

**Exhibit L** is a copy of the City of Chicago's November 8, 2018 investigative subpoena to OptumRx.

**Exhibit M** is a copy of the February 19, 2019 confidentiality agreement between OptumRx and the City of Chicago, executed by Mimi Liu of Motley Rice.

6. **Exhibit N** is a copy of the Expert Report and Opinion of Sari W. Montgomery and Wendy J. Muchman.

7. I have reviewed and am familiar with the documents that OptumRx produced to the Minnesota Attorney General's Office in accordance with a 2017 civil investigative demand that are branded with the Bates-number range Optum-MNAG-0000000001 to Optum-MNAG-0000068310.

8. That production consisted of approximately 68,310 pages of unredacted information that OptumRx marked "PROPRIETARY AND CONFIDENTIAL." It contained OptumRx's confidential internal or commercially sensitive documents, including documents relating to opioid and non-opioid medications, covering various aspects of OptumRx's business operations. The documents covered formulary development, rebate negotiations with drug manufacturers, and clinical and formulary offerings to clients. They included charters, policies, and other materials from OptumRx's business strategy and formulary placement committees as well as emails from custodians relating to those and other aspects of OptumRx's business.

9. The vast majority of those documents are not available to the public.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: December 15, 2023

Matthew P. Hooker