# Exhibit A

to Declaration of Matthew Hooker

# STATE OF HAWAII

## AGREEMENT FOR SPECIAL DEPUTY ATTORNEY GENERAL SERVICES

This Agreement, executed on the respective dates indicated below, is effective as of ___April 29___, 2021 between the Department of the Attorney General, State of Hawaii (hereinafter "STATE"), by the Attorney General (hereinafter also referred to as "DIRECTOR"), whose address is _____ 425 Queen Street, 3rd Floor, Honolulu, Hawaii 96813 _____ and Motley Rice LLC, a ___ limited liability company _____

(hereinafter referred to as "CONTRACTOR"), under the laws of the State of _____ South Carolina ___,

by _____ Linda Singer _____ whose business address and taxpayer Identification
    *(its managing partner or authorized designee)*

number are as follows: _____ 401 9th St. NW, Suite 1001, Washington, D.C. 20004

Federal ID# 75-3051732 _____. The member(s) of the firm primarily responsible for this

Agreement shall be Linda Singer.

## RECITALS

A.    The STATE desires to retain and engage the CONTRACTOR to provide the services described in this Agreement and its attachments, and the CONTRACTOR agrees to provide said services.

B.    The authority of the STATE to enter into this Agreement for Special Deputy Attorney General is HRS § 28-8.3.

C.    Money is available to fund this Agreement pursuant to:

(1) _____ N/A _____ or (2) _____ N/A _____
       *(identify state sources)*                    *(identify federal sources)*

or both, in the following amounts: State $ ____ N/A ____    Federal $ ____ N/A ____

NOW, THEREFORE, in consideration of the promises contained in this Agreement, the STATE and the CONTRACTOR agree as follows:

1.    Scope of Services.    The CONTRACTOR shall, in a proper and satisfactory manner as determined by the STATE, provide all the services set forth in Attachment 1, which is hereby made a part of this Agreement.

819081.1

2.    <u>Time of Performance.</u>  The time of performance for this Agreement is contained in Attachment 2, which is hereby made a part of this Agreement.

3.    <u>Compensation.</u>    The CONTRACTOR shall be compensated for services rendered and costs incurred under this Agreement in a total amount not to exceed _____N/A_____ DOLLARS ($__N/A___), including taxes, according to the Compensation and Payment Schedule set forth in Attachment 3, which is hereby made a part of this Agreement. As provided hereafter, the hourly rate of the principal attorney, the maximum fees and costs payable under this Agreement, and the amount of errors and omission insurance required of the law firm are as follows:

| | |
|---|---|
| Hourly rate: | $ N/A |
| Maximum fee cap: | $ N/A |
| Maximum cost cap: | $ N/A |
| Errors & omission insurance: | $10 million |

4.    <u>Standards of Conduct Declaration.</u>  The Standards of Conduct Declaration by the CONTRACTOR is attached hereto and made a part of this Agreement.

5.    <u>Other Terms and Conditions.</u> The General Conditions and any Special Conditions are attached hereto and made a part of this Agreement. In the event of a conflict between the General Conditions and the Special Conditions, the Special Conditions shall control.

IN VIEW OF THE ABOVE, the parties execute this Agreement by their signatures, on the dates below, to be effective as of the date first above written.

**STATE**

By _____
    CLARE E. CONNORS
    ATTORNEY GENERAL

Date ___4/29/2021___

**CONTRACTOR**

By _____
Print Name Linda Singer
Title Member

Date ___4/15/21___

**APPROVED AS TO FORM**

_____
Deputy Attorney General, State of Hawaii

*Evidence of authority of the CONTRACTOR's representative to sign this Agreement for the CONTRACTOR must be attached.

819081.1



## CONTRACTOR'S ACKNOWLEDGMENT

~~STATE~~ Ostrict OF _Columbia_ )
) ss.
COUNTY OF _____ )

On this _15th_ day of _April_, 2021, before me personally appeared _Linda Singer_, to me known, who being by me duly sworn, did say that he/she/they is/are the _member_ of _Motley Rice LLC_, the CONTRACTOR named in the foregoing instrument, and that he/she/they is/are authorized to sign said instrument on behalf of the CONTRACTOR, and acknowledges that he/she/they executed said instrument as the free act and deed of the CONTRACTOR.

(NOTARY SEAL)

**KELLI RENEE YOUNG**
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires October 14, 2022

_____
(Signature)

_Kelli Young_____
(Print Name)
Notary Public, State of _Washington, DC_
My commission expires: _October 14, 2022_

Doc. Date: _4/15/21_____ #Pages: _2_
Notary Name: _____ Circuit
Doc. Description: _Agreement for special Deputy Attorney General Services_____

_____

Notary Signature

NOTARY CERTIFICATION

819081.1                    3                    Form SDAG(1)(03/09)



## CERTIFICATE OF EXEMPTION FROM CIVIL SERVICE

1.  **By Heads of Departments or Agencies as Delegated by the Director of Human Resources Development ("DHRD").**[1]

      Pursuant to a delegation of the authority by the Director of Human Resources Development, I certify that the services provided under this Contract, and the person(s) providing the services under this Contract are exempt from the civil service, pursuant to §76-16, Hawaii Revised Statutes (HRS).

_____
(Signature)

Clare E. Connors
_____
(Print Name)

Attorney General
_____
(Print Title)

4/20/2021
_____
(Date)

---

     [1]This part of the form may be used by all department heads and others to whom the Director of Human Resources Development (DHRD) has delegated authority to certify §76-16, HRS, civil service exemptions. The specific paragraph(s) of §76-16, HRS, upon which an exemption is based should be noted in the contract file. **NOTE:** Authority to certify exemptions under §§ 76-16(2), 76-16(12), and 76-16(15), HRS, has not been delegated; only the Director of DHRD may certify §§76-16(2), 76-16(12), and 76-16(15) exemptions.

2.  **By the Director of DHRD, State of Hawaii.**

      I certify that the services to be provided under this Contract, and the person(s) providing the services under this Contract are exempt from the civil service, pursuant to §76-16, Hawaii Revised Statutes (HRS).

_____        _____
(Signature)                                                              (Date)

_____
(Print Name)

_____
(Print Title, if designee of the Director of DHRD)

Form SDAG(1)(03/09)



# CONTRACTOR'S
# STANDARDS OF CONDUCT DECLARATION

For the purposes of this declaration:

"Agency" means and includes the State, the legislature and its committees, all executive departments, boards, commissions, committees, bureaus, offices; and all independent commissions and other establishments of the state government but excluding the courts.

"Controlling interest" means an interest in a business or other undertaking which is sufficient in fact to control, whether the interest is greater or less than fifty per cent (50%).

"Employee" means any nominated, appointed, or elected officer or employee of the State, including members of boards, commissions, and committees, and employees under contract to the State or of the constitutional convention, but excluding legislators, delegates to the constitutional convention, justices, and judges. (Section 84-3, HRS).

On behalf of Motley Rice LLC, CONTRACTOR, the undersigned does declare as follows:

1.    CONTRACTOR ☐ is* ☑ is not a legislator or an employee or a business in which a legislator or an employee has a controlling interest. (Section 84-15(a), HRS).

2.    CONTRACTOR has not been represented or assisted personally in the matter by an individual who has been an employee of the agency awarding this Contract within the preceding two years and who participated while so employed in the matter with which the Contract is directly concerned.(Section 84-15(b), HRS).

3.    CONTRACTOR has not been assisted or represented by a legislator or employee for a fee or other compensation to obtain this Contract and will not be assisted or represented by a legislator or employee for a fee or other compensation in the performance of this Contract, if the legislator or employee had been involved in the development or award of the Contract. (Section 84-14(d), HRS).

4.    CONTRACTOR has not been represented on matters related to this Contract, for a fee or other consideration by an individual who, within the past twelve (12) months, has been an agency employee, or in the case of the Legislature, a legislator, and participated while an employee or legislator on matters related to this Contract. (Section 84-18(b) and (c), HRS).

*Reminder to Agency: If the "is" block is checked and if the Contract involves goods or services of a value in excess of $10,000, the Contract must be awarded by competitive sealed bidding under section 103D-302, HRS, or a competitive sealed proposal under section 103D-303, HRS. Otherwise, the Agency may not award the Contract unless it posts a notice of its intent to award it and files a copy of the notice with the State Ethics Commission. (Section 84-15(a), HRS).

Form SDAG(1)(03/09)

CONTRACTOR understands that the Contract to which this document is attached is voidable on behalf of the STATE if this Contract was entered into in violation of any provision of chapter 84, Hawaii Revised Statutes, commonly referred to as the Code of Ethics, including the provisions which are the source of the declarations above. Additionally, any fee, compensation, gift, or profit received by any person as a result of a violation of the Code of Ethics may be recovered by the STATE.

CONTRACTOR

By _____
                    *(signature)*

Print Name ___Linda Singer___

Print Title ___Member___

Name of Contractor __Motley Rice LLC__

Date ___4/15/21___



Attachment 1

# SCOPE OF SERVICES

I.    The Two Phases of CONTRACTOR's Duties and Responsibilities

Work under this contract, and the CONTRACTOR's responsibilities thereunder, shall proceed in two phases: Phase 1 (Investigation) and, if the Attorney General is her sole and absolute discretion to proceed with litigation, Phase 2 (Litigation).

1.    Phase 1: Investigation

The STATE retains CONTRACTOR to represent the Department of the Attorney General ("Department") in an investigation into the billing practices of pharmacy benefit managers ("PBMs") that have contracts with, or that provide services affecting, the Hawai'i Employer-Union Health Benefits Trust Fund ("EUTF") and the State's Med-QUEST Division ("Med-QUEST"), which administers the State's Medicaid program. The temporal scope of such investigation shall extend back in time until at least 2014. With respect to each PBM investigated, CONTRACTOR shall investigate, at a minimum, (1) whether the PBM is properly crediting moneys that may be payable to the State or a managed care organization ("MCO") for rebates for prescription drugs; and (2) whether the PBMs are properly charging the State or MCOs for prescription drugs by (a) maintaining pricing discount and dispensing fee guarantees, (b) properly classifying generic and brand-name drugs, and (c) timely adjusting pricing lists. With respect to PBMs that have contracts with the EUTF, CONTRACTOR shall investigate whether the PBMs are complying with their contractual obligations regarding their billing practices for services rendered.

When performing the investigation, CONTRACTOR agrees to take all reasonable steps to minimize any burdens upon EUTF and Med-QUEST in seeking information and data. CONTRACTOR understands that any Medicaid or other information provided that may contain protected health information or personally identifiable information is subject to 42 C.F.R. § 431, Subpart F, and the Health Insurance Portability and Accountability Act of 1996, Public Law 104-191 ("HIPAA"), as amended, and its implementing regulations at 45 C.F.R. parts 160 and 164.

At the conclusion of the investigation, CONTRACTOR shall submit a report to the Attorney General of Hawai'i, as an attorney-client privilege/work-product communication, which shall set forth, at a minimum: (1) the facts or data considered in formulating the report; (2) a complete statement of investigative findings  and the bases of such findings; (3) an analysis of the propriety of the PBMs' billing practices, including whether a given PBM has violated the Hawai'i False Claims Act (HRS § 661-21 *et seq.*), the Hawai'i Unfair and Deceptive Trade Practices Act (Chapter 480, HRS), or breached any contract with a State agency; and (4) a recommendation on whether or not to proceed with civil litigation against any

Form SDAG(1)(03/09)

PBM. If CONTRACTOR recommends proceeding with litigation, the report shall identify the potential parties, claims, and range of monetary recoveries, and a proposed litigation plan of how CONTRACTOR would proceed with discovery and litigating the claims, taking into account the need to minimize any burdens upon the EUTF and Med-QUEST, to the extent possible.

The Attorney General shall have the sole and absolute discretion to determine whether or not to authorize CONTRACTOR to proceed with litigation, including the scope of such litigation.

If the Attorney General decides NOT to authorize CONTRACTOR to proceed with litigation (Phase 2), then this agreement shall terminate immediately, with no payment whatsoever to CONTRACTOR.

If the Attorney General authorizes CONTRACTOR to proceed with litigation, then Phase 2 shall come into effect.

2.    Phase 2: Litigation

If the Attorney General authorizes CONTRACTOR to proceed with litigation, CONTRACTOR shall proceed with the prosecution of any authorized claims, which may include claims for damages, penalties, injunctive relief, interest, attorneys' fees and costs, and any other appropriate relief (the "Litigation"). CONTRACTOR is authorized and directed to assist the STATE in making such claims for the State of Hawai'i, and to prosecute such claims through assessment, enforcement, collection, the defense against appeals and collateral proceedings, and all necessary and reasonable appeals as the STATE shall direct, and to enforce all judgments and settlements as shall be obtained. CONTRACTOR shall provide all legal services that are reasonably necessary for such representation and assistance, including without limitation, the preparation and filing of all claims, pleadings, responses, motions, petitions, memoranda, briefs, notices, and other documents. CONTRACTOR shall also conduct discovery, negotiations, and provide representation at all hearings, depositions, trials, appeals, and other appearances as may be required in said actions. CONTRACTOR shall be responsible for all filing fees and costs, including for service of process and other documents and the fees of court reporters and transcriptionists. In the event that a defendant declares bankruptcy at any time prior to final payment to the State of moneys owed by that defendant, CONTRACTOR shall also provide representation in bankruptcy proceedings, or contract with bankruptcy counsel, as may be necessary. CONTRACTOR agrees to perform such other duties or undertake such other activities as may be necessary even if such duties or activities are not expressly set forth in this Scope of Services, when required by a court as part of the litigation or appeals of such claims, or as directed by the Attorney General.

///

///

///

II.     Provisions that Govern Phase II, If Authorized

        1.      Attorney General Has Final Authority

        The Attorney General shall have final authority over all aspects of the Litigation.  If the
        Attorney General authorizes CONTRACTOR to proceed with litigation, the Litigation can
        only be commenced, conducted, settled, approved, and ended with the express approval
        and signature of the Attorney General.  The Attorney General at her sole discretion has the
        right to appoint a designated deputy ("designated deputy") to oversee the Litigation, which
        appointment the Attorney General may modify at will.  The Attorney General must approve
        in advance all aspects of this Litigation and shall be included in any settlement discussions.
        CONTRACTOR shall confer with the Attorney General as early as practicable in any
        settlement negotiation process.

        2.      Coordination of Legal Services

        If the Attorney General authorizes CONTRACTOR to proceed with litigation,
        CONTRACTOR shall coordinate the provision of the legal services with the Attorney
        General or his designated deputy, other personnel of the Department of the Attorney
        General, and such others as the Attorney General may appoint as counsel.  All pleadings,
        motions, briefs, and other material which may be filed with the court shall first be
        approved by the Attorney General and provided to his office in draft form in a reasonable
        and timely manner for review.  Regular status meetings shall be held as requested by the
        Attorney General.

        3.      Document Review and Discovery

        CONTRACTOR shall advance all costs and expenses and provide all necessary
        personnel in order to comply with any discovery request made by anyone related to this
        Litigation.  This includes but is not limited to:

        a.      Working directly with State personnel who may be tasked with responding to
                discovery requests;

        b.      Gathering, reviewing, analyzing, and storing paper documents to determine if
                they should be produced to opposing parties;

        c.      Gathering, reviewing, and analyzing relevant information contained in electronic
                form in order to comply with e-discovery requests or the discovery of
                electronically stored information;

        d.      Creating electronic databases designed to extract and convert data files in order to
                facilitate the automated and manual analysis of documents;

        e.      Preparing production, privilege, and redaction logs; and

        f.      Implementing processes to address the inadvertent disclosure of privileged
                information.

4.    Communication to State Entities

Except as provided in Paragraph 3.a. above, CONTRACTOR shall communicate with state entities through the Department of the Attorney General unless otherwise authorized by the Attorney General.

5.    Outside Assistance

CONTRACTOR shall, with the prior written approval of the Attorney General, retain other attorneys, consultants, experts, and investigators (collectively referred to as "Professionals"), as necessary, to diligently prosecute the claims and causes of action hereunder.  Additionally, it may be necessary for CONTRACTOR to retain special outside counsel to assist on matters.  STATE agrees that CONTRACTOR may, with the approval of the Attorney General, retain such special outside counsel to assist CONTRACTOR when CONTRACTOR deems such assistance to be reasonably necessary.  Any fees or costs due to outside counsel and other Professionals resulting from representing the STATE in this matter shall be the sole responsibility of CONTRACTOR.

6.    Key Person Requirement

In providing services under Phase 2 of this Agreement, CONTRACTOR shall associate itself with a local law firm approved by the Attorney General, and shall utilize the services of those persons identified in its response to the Notice to Attorney Interested in Providing Legal Services on Behalf of the State of Hawaii.  Contractor may change the firm it is associated with and the particular individuals assigned to this matter only with the consent of the Attorney General.

7.    Communication with the Attorney General

CONTRACTOR agrees to consult in advance, by telephone, electronic means, or in writing, with the Attorney General promptly on all matters that may be precedential, controversial, of particular public interest, or otherwise noteworthy or important, and to keep the Attorney General fully informed at all times.

CONTRACTOR shall give timely written notice to the Attorney General of any and all of the following legal events in this Litigation:

1.    Pleadings
2.    Dispositive motions
3.    Hearings
4.    Rulings
5.    Trials
6.    Settlement negotiations
7.    Appeals or Notice of Appeals
8.    Briefs filed by any party or entity
9.    Appellate arguments or decisions
10.   Enforcement efforts

819081.1
A1-4                                              Form SDAG(1)(03/09)

CONTRACTOR agrees to meet with Attorney General's office personnel when and where requested by the Attorney General in furtherance of this Litigation.

Form SDAG(1)(03/09)

Attachment 2

## TIME OF PERFORMANCE

The CONTRACTOR shall begin performance on the effective date of this Agreement. With respect to Phase 1, the CONTRACTOR shall submit to the Attorney General the report referenced in Section I.1 of the Scope of Services within twelve (12) months of the effective date of this Agreement. Upon request, extensions of time to submit the report may be granted by the STATE in writing.

If the Attorney General authorizes Phase II, CONTRACTOR shall provide the services described in this Agreement until the complete, full and final completion or resolution of the suit or suits CONTRACTOR prepares and files on the State of Hawaii's behalf, and all matters related to them, including appeals (as provided in Section 1.2 of the Scope of Services).

Form SDAG(1)(03/098)

Attachment 3

## COMPENSATION AND PAYMENT SCHEDULE

The following provisions shall apply to all compensation and reimbursements under this Agreement.

If the Attorney General does not authorize CONTRACTOR to proceed with litigation at the conclusion of Phase 1, CONTRACTOR agrees and expressly acknowledges that the STATE owes CONTRACTOR no monetary payment of any kind for any work performed or costs expended.

The following terms govern if the Attorney General authorizes the CONTRACTOR to proceed with litigation (Phase 2).

1.   This is a contingent fee case. CONTRACTOR shall receive no compensation for any services rendered unless the State of Hawaii recovers civil penalties, compensatory or punitive damages, attorneys' fees, and/or other monetary relief in connection with this Litigation. If the State receives such a recovery, CONTRACTOR will be compensated for its services as follows:

   a.   The costs and expenses necessary for conducting this Litigation, as defined by this Agreement, shall initially be advanced by CONTRACTOR and shall be deducted from the Litigation's gross or total recovery, if any, before any further distribution is made;

   b.   Of the monies remaining from any settlement or recovery after deduction of costs and expenses, CONTRACTOR shall receive a contingent fee of twenty percent (20%) from the first $10 million of net proceeds of any judgment or settlement received from each target/defendant, and eighteen percent (18%) from any net proceeds of any judgment or settlement in excess of $10 million received from each target/defendant.

2.   CONTRACTOR shall be paid its contingent fee solely out of any proceeds received as a result of a settlement or judgment in this Litigation. All settlement or judgment proceeds shall be paid by or on behalf of the defendant(s) to the Department of the Attorney General, which shall distribute them or have them distributed.

3.   CONTRACTOR shall advance all costs, expenses, and disbursements, including but not limited to costs for service of process, expert witness fees and costs, deposition costs, and costs of document review and production. CONTRACTOR's agreement to advance all Litigation expenses and costs, as well as its agreement to defer claiming entitlement to moneys owed, while any and all Litigation (including appeals and enforcement actions) is pending, has been taken into consideration in establishing the fee schedule above.

4.   CONTRACTOR shall be reimbursed for its expenses and costs solely from the Litigation's gross recovery as approved by the Attorney General for certain reasonable expenses and costs enumerated below. Proper documentation by receipts or otherwise shall be submitted

A3-1

with all invoices and all documentation shall be retained by CONTRACTOR for a least one full year following this Agreement's termination. All expenses must be itemized, and no reimbursement may be applied for or requested for "miscellaneous" listings. The Attorney General in her sole discretion may decline to reimburse CONTRACTOR for improperly documented, unnecessary, or unreasonable costs or expenses.

5.  The STATE will not pay for attorney or paralegal time spent performing clerical tasks, such as filing, indexing, or page numbering.

6.  Reimbursable expenses.

   a.  Extraordinary expenses. Unless prior written approval of the ATTORNEY GENERAL is obtained, the STATE shall have no obligation to reimburse CONTRACTOR for any extraordinary expenses incurred by CONTRACTOR, including without limitation, expenses for investigative services, computer litigation support services, videotaping of depositions, meals (other than meals in connection with travel as discussed in Paragraph 13), and services of experts and consultants which exceed $25,000 per expert or consultant.

   b.  Ordinary expenses. Expenses, such as the following, incurred by CONTRACTOR will be eligible for reimbursement from the STATE at actual cost, provided that written substantiation or verification (such as invoices and billings, and the taxpayer identification number of the entity to which payment was made) is submitted by CONTRACTOR and the expenses are deemed reasonable and necessary by the STATE:

      (1)  Depositions and transcripts;

      (2)  Long-distance telephone calls;

      (3)  Postage;

      (4)  Photo copying;

      (5)  Outside messenger service; or

      (6)  Outgoing faxes.

   In addition, Contractor will be entitled to reimbursement for those costs and expenses set forth in the "General Conditions", Paragraph 13.

7.  No State obligation to pay. Notwithstanding any other provision of this Agreement, the STATE shall have no duty to pay CONTRACTOR, nor any of its attorneys, legal assistants, paralegals, and any other staff, nor any other person performing services on behalf of CONTRACTOR, unless the requirements described in this Compensation and Payment Schedule are first met to the STATE's satisfaction. The STATE will not be required to pay for any services it determines to be unreasonable, unnecessary, or duplicative.

Form SDAG(1)(03/09)



# GENERAL CONDITIONS FOR AGREEMENT FOR
# SPECIAL DEPUTY ATTORNEY GENERAL SERVICES

## TABLE OF CONTENTS

Page(s)

1. Coordination with and Reporting to the State ........................................................................ 1

2. Relationship of Parties: Independent Contractor Status and Responsibilities, Including Tax Responsibilities ........................................................ 1

3. Personnel Requirements ........................................................................................................ 2

4. Errors and Omissions Insurance and Indemnity ................................................................... 2

5. Nondiscrimination .................................................................................................................. 3

6. Conflicts of Interest ............................................................................................................... 3

7. Subcontracts and Assignments .............................................................................................. 3

8. Cost of Litigation ................................................................................................................... 4

9. STATE's Right to Offset ........................................................................................................ 4

10. Disputes ................................................................................................................................. 5

11. Termination, Generally ......................................................................................................... 5

12. Termination by Contractor ..................................................................................................... 5

13. Costs and Expenses ................................................................................................................ 5

14. Payment Procedures: Final Payment; Tax Clearance .......................................................... 5

15. Federal Funds ......................................................................................................................... 6

16. Modification of Agreement ................................................................................................... 6

17. Confidentiality of Material ................................................................................................... 7

18. Publicity ................................................................................................................................. 7

Page(s)

19.  Records Retention ................................................................................................ 7

20.  Antitrust Claims .................................................................................................. 7

21.  Governing Law .................................................................................................... 8

22.  Compliance with Laws ........................................................................................ 8

23.  Conflict between General Conditions and Procurement Rules ........................... 8

24.  Entire Agreement ................................................................................................. 8

25.  Severability ......................................................................................................... 8

26.  Waiver ................................................................................................................. 8

27.  Notices ................................................................................................................ 8

28.  Ethics of Attorneys ............................................................................................. 9

29.  Campaign Contributions ..................................................................................... 9

30.  Confidentiality of Personal Information ............................................................. 9

## GENERAL CONDITIONS

1.  Coordination with and Reporting to the State.  The DIRECTOR, by letter or in the Scope of Services, may designate a member of the DIRECTOR's staff to coordinate the services to be provided by the CONTRACTOR in order to complete the performance required in the Agreement.  The CONTRACTOR shall maintain communications with the person so designated at all stages of the CONTRACTOR's work, and submit to that person for resolution any questions which may arise as to the performance of this Agreement.  The CONTRCTOR shall make periodic status reports to the DIRECTOR every three (3) months or at such other times as may be reasonably requested by the DIRECTOR.  If the DIRECTOR does not designate a member of the DIRECTOR's staff to coordinate this Agreement, the DIRECTOR will be the coordinator of services.

2.  Relationship of Parties:  Independent Contractor Status and Responsibilities, Including Tax Responsibilities.

    a.  In the performance of services required under this Agreement, the CONTRACTOR is an "independent contractor" with the authority and responsibility to control and direct the performance and details of the work and services required under this Agreement; however, the STATE shall have a general right to inspect work in progress to determine whether, in the STATE's opinion, the services are being performed by the CONTRACTOR in compliance with this Agreement.  Unless otherwise provided by special condition, it is understood that the STATE does not agree to use the CONTRACTOR exclusively, and that the CONTRACTOR is free to contract to provide services to other individuals or entities while under contract with the STATE.

    b.  The CONTRACTOR and the CONTRACTOR's employees and agents are not by reason of this Agreement, agents or employees of the State for any purpose, and the CONTRCTOR and the CONTRACTOR's employees and agents shall not be entitled to claim or receive from the State any vacation, sick leave, retirement, workers' compensation, unemployment insurance, or other benefits provided to state employees.

    c.  The CONTRACTOR shall be responsible for the accuracy, completeness, and adequacy of the CONTRACTOR's performance under this Agreement. Furthermore, the CONTRACTOR intentionally, voluntarily, and knowingly assumes the sole and entire liability to the CONTRACTOR's employees and agents, and to any individual not a party to this Agreement, for all loss, damage, or injury caused by the CONTRACTOR, or the CONTRACTOR's employees or agents in the course of their employment.

    d.  The CONTRACTOR shall be responsible for payment of all applicable federal, state, and county taxes and fees which may become due and owing by the CONTRACTOR by reason of this Agreement, including but not limited to (i) income taxes, (ii) employment related fees, assessments, and taxes, and (iii)

general excise taxes. The CONTRACTOR also is responsible for obtaining all licenses, permits, and certificates that may be required in order to perform this Agreement.

e.    The CONTRACTOR, if subject to the tax imposed by section 237-9, HRS, shall obtain a general excise tax license from the Department of Taxation, State of Hawaii, in accordance with section 237-9, HRS, and shall comply with all requirements thereof. The CONTRACTOR shall obtain a tax clearance certificate from the Director of Taxation, State of Hawaii, and the Internal Revenue Service, showing that all delinquent taxes, if any, levied or accrued against the CONTRACTOR have been paid and submit the same to the STATE prior to commencing any performance under this Agreement. The CONTRACTOR shall also be solely responsible for meeting all requirements necessary to obtain the tax clearance certificate required for final payment under sections 103-53 and 103D-328, HRS, and paragraph 14 of these General Conditions.

f.    The CONTRACTOR is responsible for securing all employee-related insurance coverage for the CONTRACTOR and the CONTRACTOR's employees and agents that is or may be required by law, and for payment of all premiums, costs, and other liabilities associated with securing the insurance coverage.

3.    <u>Personnel Requirements</u>.

a.    The CONTRACTOR shall secure, at the CONTRACTOR's own expense, all personnel required to perform this Agreement.

b.    The CONTRACTOR shall ensure that the CONTRACTOR's employees or agents are experienced and fully qualified to engage in the activities and perform the services required under this Agreement, and that all applicable licensing and operating requirements imposed or required under federal, state, or county law, and all applicable accreditation and other standards of quality generally accepted in the field of the activities of such employees and agents are complied with.

c.    The CONTRACTOR shall promptly inform the STATE when any personnel assigned to this project leaves the employment of the CONTRACTOR, whereupon the STATE may enter into separate new agreements with any former personnel of CONTRACTOR to work on this project.

4.    <u>Errors and Omissions Insurance and Indemnity</u>. The CONTRACTOR shall obtain and keep in force throughout the term of this Agreement a standard professional liability insurance policy that covers claims resulting from errors or omission in providing legal services under this Agreement. The policy shall provide a minimum aggregate coverage in the amount of at least FIVE MILLION AND NO/100 DOLLARS ($5,000,000.00), subject to applicable deductibles, unless otherwise justified by CONTRACTOR and approved by the STATE. In such instance, the CONTRACTOR shall justify to the satisfaction of the STATE a coverage amount appropriate to the legal services provided

in this Agreement. Any amount less than $5,000,000 shall be set forth as a special condition. Upon request, the CONTRACTOR shall provide the State proof of such insurance policy. In addition, and to the extent not covered by the insurance policy (for example, claims exceeding the coverage limits, or claims within the CONTRACTOR's self insured retention), the CONTRACTOR agrees to defend and indemnify the State, the contracting agency, and their officers, employees, and agents from and against all liability, loss, damages, costs and expenses, including all attorneys' fees, and all claims, suits, and demands therefor, arising out of or resulting from the acts or omissions of the CONTRACTOR or the CONTRACTOR's employees, officers, agents, or subcontractors under this Agreement; provided, however, that no obligation to defend or indemnify the State shall have the effect of (i) rendering inapplicable (in whole or in part) any professional liability insurance maintained by the CONTRACTOR, (ii) extending any statute of limitations governing any claim arising from the CONTRACTOR's acts or omissions, or (iii) waiving any claims or defenses that CONTRACTOR may have against the State or any other party.

5.    Nondiscrimination. No person performing work under this Agreement, including any subcontractor, employee, or agent of the CONTRCTOR, shall engage in any discrimination that is prohibited by any applicable federal, state, or county law.

6.    Conflicts of Interest.

   a.    With regard to the CONTRACTOR's current clients, CONTRACTOR hereby discloses on Exhibit 1, attached hereto, a list of such clients who have interests adverse to the STATE in pending administrative actions or litigation and the nature of those interests, if any. The execution of the Agreement by the STATE constitutes the STATE's consent to the CONTRACTOR's representation identified in Exhibit 1, but such consent is limited to the extent the representation is identified and disclosed.

   b.    With regard to potential clients whom the CONTRACTOR wishes to represent during the duration of this Agreement who have interests adverse to the STATE in then pending administrative actions or litigation, the CONTRACTOR agrees to consult with the STATE prior to representing the clients. Following consultation, the STATE shall grant or withhold its consent to the proposed representation.

7.    Subcontracts and Assignments. The CONTRACTOR shall not assign or subcontract any of the CONTRACTOR's duties, obligations, or interests under this Agreement and no such assignment or subcontract shall be effective unless (i) the CONTRACTOR obtains the prior written consent of the STATE and (ii) the CONTRACTOR's assignee or subcontractor submits to the STATE a tax clearance certificate from the Director of Taxation State of Hawaii, showing that all delinquent taxes, if any, levied or accrued under state law against the CONTRACTOR's assignee or subcontractor have been paid. Additionally, no assignment by the CONTRACTOR of the CONTRACTOR's right to compensation under this Agreement shall be effective unless and until the assignment is approved by the Comptroller of the State of Hawaii, as provided in section 40-58, HRS.

a. Recognition of a successor in interest. When in the best interest of the STATE, a successor in interest may be recognized in an assignment agreement in which the STATE, the CONTRACTOR and the assignee or transferee (hereinafter referred to as the "Assignee") agree that:

    (1) The Assignee assumes all of the CONTRACTOR's obligations;

    (2) The CONTRACTOR remains liable for all obligations under this Agreement but waives all rights under this Agreement as against the STATE; and

    (3) The CONTRACTOR shall continue to furnish, and the Assignee shall also furnish, all required insurance.

b. Change of Name. When the CONTRACTOR asks to change the name in which it holds this Agreement with the STATE, the DIRECTOR or the DIRECTOR's designee shall, upon receipt of a document satisfactory to the DIRECTOR or the DIRECTOR's designee indicating such change of name (for example, an amendment to the CONTRACTOR's articles of incorporation), enter into an amendment of this Agreement with the CONTRACTOR to effect such a change of name. The amendment to this Agreement changing the CONTRACTOR's name shall specifically indicate that no other terms and conditions of this Agreement are thereby changed.

c. Reports. All assignment contracts and amendments to this Agreement effecting changes of the CONTRACTOR's name or novation hereunder shall be reported to the chief procurement officer as defined in section 103D-203(a), HRS, within thirty days of the date that the assignment contract or amendment becomes effective.

8. Cost of Litigation. In case the STATE shall, without any fault on its part, be made a party to any litigation commenced by or against the CONTRACTOR in connection with this Agreement, the CONTRACTOR shall pay all costs and expenses incurred by or imposed on the STATE, including reasonable attorneys' fees.

9. STATE's Right to Offset. The STATE may offset against any monies or other obligations the STATE owes to the CONTRACTOR under this Agreement, any amounts owed to the State of Hawaii by the CONTRACTOR under this Agreement or any other agreements or pursuant to any law or other obligation owed to the State of Hawaii by the CONTRACTOR, including, without limitation, the payment of any taxes or levies of any kind or nature. The STATE will notify the CONTRACTOR in writing of any offset and the nature of such offset. For purposes of this paragraph, amounts owed to the State of Hawaii shall not include debts or obligations which have been liquidated, agreed to by the CONTRACTOR, and are covered by an installment payment or other settlement plan approved by the State of Hawaii, provided, however, that the CONTRACTOR shall be

Form SDAG(1)(03/09)

entitled to such exclusion only to the extent that the CONTRACTOR is current with, and not delinquent on, any payments or obligations owed to the State of Hawaii under such payment or other settlement plan.

10. Disputes. Disputes shall be resolved in accordance with section 103D-703, HRS, and chapter 3-126, Hawaii Administrative Rules ("the Procurement Rules"), chapter 126, as the same may be amended from time to time.

11. Termination, Generally. This Agreement may be terminated at the option of the STATE upon ten (10) days written notice to the CONTRACTOR. If the STATE elects to terminate, the CONTRACTOR shall be entitled to reasonable payment as determined by the STATE for satisfactory services rendered under the Agreement up to the time of termination.

12. Termination by Contractor. The CONTRACTOR may withdraw from this Agreement with the consent to the STATE. Any such withdrawal must comply with the ethics standards applicable to the practice of law. The STATE's consent shall not be withheld unreasonably. The STATE and the CONTRACTOR, upon the CONTRACTOR's withdrawal, will determine whether payment is due to the CONTRACTOR.

.
13. Costs and Expenses. Any reimbursement due the CONTRACTOR for per diem and transportation expenses under this Agreement shall be subject to chapter 3-123 (Cost Principles) of the Procurement Rules and the following guidelines:

   a. Reimbursement for air transportation shall be for actual cost or coach class air fare, whichever is less.

   b. Reimbursement for ground transportation costs shall not exceed the actual cost of renting an intermediate-size vehicle.

   c. Unless prior written approval of the DIRECTOR is obtained, reimbursement for subsistence allowance (i.e., hotel and meals, etc.) shall not exceed the applicable daily authorized rates for interisland or out-of-state travel that are set forth in the current Governor's Executive Order authorizing adjustments in salaries and benefits for state officers and employees in the executive branch who are excluded from collective bargaining coverage.

   d. If travel is undertaken for more than one client, the CONTRACTOR shall be reimbursed only the STATE's share of all subsistence and transportation costs. The STATE will compensate for time spent in transit only if work is done for the STATE during such transit.

14. Payment Procedures: Final Payment; Tax Clearance.

   a. Original invoices required. All payments under this Agreement shall be made only upon submission by the CONTRACTOR of original invoices specifying the

amount due and certifying that services requested under the Agreement have been performed by the CONTRACTOR according to the Agreement.

b. <u>Subject to available funds</u>. Such payments are subject to availability of funds and allotment by the Director of Finance in accordance with chapter 37, HRS. Further, all payments shall be made in accordance with and subject to chapter 40, HRS.

c. <u>Prompt payment</u>.

   (1) Any money, other than retainage, paid to the CONTRACTOR shall be dispersed to subcontractors within ten days after receipt of the money in accordance with the terms of the subcontract; provided that the subcontractor has met all the terms and conditions of the subcontract and there are no bona fide disputes; and

   (2) Upon final payment to the CONTRACTOR, full payment to the subcontractor, including retainage, shall be made within ten days after receipt of the money; provided that there are no bona fide disputes over the subcontractor's performance under the subcontract.

d. <u>Final payment</u>. Final payment under this Agreement shall be subject to sections 103-53 and 103D-328, HRS, which require a tax clearance from the Director of Taxation, State of Hawaii, showing that all delinquent taxes, if any, levied or accrued under state law against the CONTRACTOR have been paid.

15. <u>Federal Funds</u>. If this Agreement is payable in whole or in part from federal funds, CONTRACTOR agrees that, as to the portion of the compensation under this Agreement to be payable from federal funds, the CONTRACTOR shall be paid only from such funds received from the federal government, and shall not be paid from any other funds. Failure of the STATE to receive anticipated federal funds shall not be considered a breach by the STATE or an excuse for nonperformance by the CONTRACTOR.

16. <u>Modification of Agreement</u>.

a. <u>In writing</u>. Any modification, alteration, amendment, change, or extension of any term, provision, or condition of this Agreement permitted by this Agreement shall be made by written amendment to this Agreement, signed by the CONTRACTOR and the STATE.

b. <u>No oral modification</u>. No oral modification, alteration, amendment, change, or extension of any term, provision or condition of this Agreement shall be permitted.

c. <u>Tax clearance</u>. The STATE may, at its discretion, require the CONTRACTOR to submit to the STATE, prior to the STATE's approval of any modification,

alteration, amendment, change, or extension of any term, provision, or condition of this Agreement, a tax clearance from the Director of Taxation, State of Hawaii, showing that all delinquent taxes, if any, levied or accrued under state law against the CONTRACTOR have been paid.

17. Confidentiality of Material.

   a. All material given to or made available to the CONTRACTOR by virtue of this Agreement, which is identified as proprietary or confidential information, will be safeguarded by the CONTRACTOR and shall not be disclosed to any individual or organization without the prior written approval of the STATE.

   b. All information, data, or other material provided by the CONTRACTOR to the STATE shall be subject to the Uniform Information Practices Act, chapter 92F, HRS.

18. Publicity. The CONTRACTOR shall not refer to the STATE, or any office, agency, or officer thereof, or any State employee, including the DIRECTOR, or to the services or goods, or both, provided under this Agreement, in any of the CONTRACTOR's brochures, advertisements, or other publicity of the CONTRACTOR. All media contacts with the CONTRACTOR about the subject matter of this Agreement shall be referred to the DIRECTOR or the DIRECTOR's designee.

19. Records Retention.

   a. Upon any termination of this Contract or as otherwise required by applicable law, CONTRACTOR shall, pursuant to chapter 487R, HRS, destroy all copies (paper or electronic form) of personal information received from the STATE.

   b. The CONTRACTOR and any subcontractors shall maintain the files, books, and records, that relate to the Contract, including any personal information created or received by the CONTRACTOR on behalf of the STATE, and any cost or pricing data, for at least seven (7) years after the date of final payment under the Contract. The personal information shall continue to be confidential and shall only be disclosed as permitted or required by law. After the seven (7) year, or other retention period as required by law has ended, the files, books, and records that contain personal information shall be destroyed pursuant to chapter 487R, HRS, or returned to the STATE at the request of the STATE.

20. Antitrust Claims. The STATE and the CONTRACTOR recognize that in actual economic practice, overcharges resulting from antitrust violations are in fact usually borne by the purchaser. Therefore, the CONTRACTOR hereby assigns to the STATE any and all claims for overcharges as to goods and materials purchased in connection with this Agreement, except as to overcharges which result from violations commencing after the price is established under this Agreement and which were not passed on to the STATE under an escalation clause.

21.     Governing Law.  The validity of this Agreement and any of its terms or provisions, as well as the rights and duties of the parties to this Agreement, shall be governed by the laws of the State of Hawaii.  Any action at law or in equity to enforce or interpret the provisions of this Agreement shall be brought in a state court of competent jurisdiction in Honolulu, Hawaii.

22.     Compliance with Laws.  The CONTRACTOR shall comply with all federal, state, and county laws, ordinances, codes, rules, and regulations, as the same may be amended from time to time, that in any way affect the CONTRACTOR's performance of this Agreement.

23.     Conflict between General Conditions and Procurement Rules.  In the event of a conflict between the General Conditions and the Procurement Rules, the Procurement Rules in effect on the date this Agreement became effective shall control.

24.     Entire Agreement.  This Agreement sets forth all of the agreements, conditions, understandings, promises, warranties, and representations between the STATE and the CONTRACTOR relative to this Agreement.  This Agreement supersedes all prior agreements, conditions, understandings, promises, warranties, and representations, which shall have no further force or effect.  There are no agreements, conditions, understandings, promises, warranties, or representations oral or written, express or implied, between the STATE and the CONTRACTOR other than as set forth or as referred to herein.

25.     Severability.  In the event that any provision of this Agreement is declared invalid or unenforceable by a court, such invalidity or unenforceability shall not affect the validity or enforceability of the remaining terms of this Agreement.

26.     Waiver.  The failure of the STATE to insist upon the strict compliance with any term, provision, or condition of this Agreement shall not constitute or be deemed to constitute a waiver or relinquishment of the STATE's right to enforce the same in accordance with this Agreement.  The fact that the STATE specifically refers to one provision of the Procurement Rules or one section of the Hawaii Revised Statutes, and does not include other provisions or statutory sections in this Agreement shall not constitute a waiver or relinquishment of the STATE's rights or the CONTRACTOR's obligations under the Procurement Rules or statutes.

27.     Notices.  Any written notice required to be given by a party to this Agreement shall be (a) delivered personally, or (b) sent by United States first class mail, postage prepaid.  Notice to the STATE shall be sent to the DIRECTOR at the DIRECTOR's address as indicated in the Agreement.  Notice to the CONTRACTOR shall be sent to the CONTRACTOR at the CONTRACTOR's address as indicated in the Agreement.  A notice shall be deemed to have been received three (3) days after mailing or at the time of actual receipt, whichever is earlier.  The CONTRACTOR is responsible for notifying the STATE in writing of any change of address.

Form SDAG(1)(03/09)

28.  Ethics of Attorneys.  CONTRACTOR shall abide by and perform the CONTRACTOR's duties under and pursuant to this Agreement in accordance with the ethics of the legal profession and all federal, state, and municipal laws, regulations, and ordinances regulating the practice of law.

29.  Campaign Contributions.  The CONTRACTOR is hereby notified of the applicability of section 11-355, HRS, which states that campaign contributions are prohibited from specified state or county government contractors during the terms of their contracts if the contractors are paid with funds appropriated by a legislative body.

30.  Confidentiality of Personal Information.

a.  Definitions.

"Personal information" means an individual's first name or first initial and last name in combination with any one or more of the following data elements, when either name or data elements are not encrypted:

(1)  Social security number;

(2)  Driver's license number or Hawaii identification card number; or

(3)  Account number, credit or debit card number, access code, or password that would permit access to an individual's financial information.

Personal information does not include publicly available information that is lawfully made available to the general public from federal, state, or local government records.

"Technological safeguards" means the technology and the policy and procedures for use of the technology to protect and control access to personal information.

b.  Confidentiality of Material.

(1)  All material given to or made available to the CONTRACTOR by the STATE by virtue of this Contract which is identified as personal information, shall be safeguarded by the CONTRACTOR and shall not be disclosed without prior written approval of the STATE.

(2)  CONTRACTOR agrees not to retain, use, or disclose personal information for any purpose other than as permitted or required by this Contract.

GC-9

(3)    CONTRACTOR agrees to implement appropriate "technological safeguards" that are acceptable to the STATE to reduce the risk of unauthorized access to personal information.

(4)    CONTRACTOR shall report to the STATE in a prompt and complete manner any security breaches involving personal information.

(5)    CONTRACTOR agrees to mitigate, to the extent practicable, any harmful effect that is known to CONTRACTOR because of a use or disclosure of personal information by CONTRACTOR in violation of the requirements of this paragraph.

(6)    CONTRACTOR shall complete and retain a log of all disclosures made of personal information received from the STATE, or personal information created or received by CONTRACTOR on behalf of the STATE.

c.    Security Awareness Training and Confidentiality Agreements.

(1)    CONTRACTOR certifies that all of its employees who will have access to the personal information have completed training on security awareness topics relating to protecting personal information.

(2)    CONTRACTOR certifies that confidentiality agreements have been signed by all of its employees who will have access to the personal information acknowledging that:

    (A)    The personal information collected, used, or maintained by the CONTRACTOR will be treated as confidential;

    (B)    Access to the personal information will be allowed only as necessary to perform the Contract; and

    (C)    Use of the personal information will be restricted to uses consistent with the services subject to this Contract.

d.    Termination for Cause.  In addition to any other remedies provided for by this Contract, if the STATE learns of a material breach by CONTRACTOR of this paragraph by CONTRACTOR, the STATE may at its sole discretion:

(1)    Provide an opportunity for the CONTRACTOR to cure the breach or end the violation; or

(2)    Immediately terminate this Contract.

In either instance, the CONTRACTOR and the STATE shall follow chapter 487N, HRS, with respect to notification of a security breach of personal information.

e.   Records Retention.

   (1)   Upon any termination of this Contract, or as otherwise required by applicable law, CONTRACTOR shall, pursuant to chapter 487R, HRS destroy all copies (paper or electronic form) of personal information received from the STATE.

   (2)   The CONTRACTOR and any subcontractors shall maintain the files, books, and records, that relate to the Contract, including any personal information created or received by the CONTRACTOR on behalf of the STATE, and any cost or pricing data, for at least seven (7) years after the date of final payment under the Contract.  The personal information shall continue to be confidential and shall only be disclosed as permitted or required by law.  After the seven (7) year, or other retention period as required by law has ended, the files, books, and records that contain personal information shall be destroyed pursuant to chapter 487R, HRS, or returned to the STATE at the request of the STATE.



ATTORNEYS AT LAW ℒℒ𝒞

www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

401 9ᵗʰ St. NW, Suite 1001
Washington, DC 20004
**o.** 202.232.5504  **f.** 202.384.9622

**Linda Singer**
*Licensed in DC, NY*
direct: 202.386.9626
lsinger@motleyrice.com

## Exhibit 1

Motley Rice certifies that it is not representing any clients who have interests adverse to

the State of Hawai'i in pending administrative actions or litigation.

Motley Rice is representing the District of Columbia, which is not adverse to the State of

Hawai'i, in a similar investigation of pharmaceutical benefit managers relating to prescription

drug rebates.

Linda Singer
Motley Rice, LLC
Member

## MOTLEY RICE LLC

### Written Consent in Lieu of a Special Meeting of the Managers

The undersigned, being all of the Managers of Motley Rice LLC, a manager-managed South Carolina limited liability company, do hereby adopt the following resolutions, this action in lieu of a special meeting of the Managers for such purpose:

RESOLVED, that Motley Rice LLC is and shall be authorized to enter into the attached State Of Hawaii Agreement For Special Deputy Attorney General Services ("Agreement") with the Department of the Attorney General, State of Hawaii.

FURTHER RESOLVED, that the person whose name, title and signature appears below is duly authorized, empowered and directed to execute and deliver the Agreement on behalf of Motley Rice LLC and that such execution shall be solely effective to bind Motley Rice LLC under the terms thereof.

| Name | Title | Actual Signature |
|------|-------|------------------|
| Linda J. Singer | Member Attorney | |

Executed and effective as of April ___, 2021.

_____
Joseph F. Rice

## MOTLEY RICE LLC

### Written Consent in Lieu of a Special Meeting of the Managers

The undersigned, being all of the Managers of Motley Rice LLC, a manager-managed South Carolina limited liability company, do hereby adopt the following resolutions, this action in lieu of a special meeting of the Managers for such purpose:

RESOLVED, that Motley Rice LLC is and shall be authorized to enter into the attached State Of Hawaii Agreement For Special Deputy Attorney General Services ("Agreement") with the Department of the Attorney General, State of Hawaii.

FURTHER RESOLVED, that the person whose name, title and signature appears below is duly authorized, empowered and directed to execute and deliver the Agreement on behalf of Motley Rice LLC and that such execution shall be solely effective to bind Motley Rice LLC under the terms thereof.

| Name | Title | Actual Signature |
|------|-------|------------------|
| Linda J. Singer | Member Attorney | |

Executed and effective as of April 19, 2021.

Joseph F. Rice



**STATE OF HAWAII**
**STATE PROCUREMENT OFFICE**

# CERTIFICATE OF VENDOR COMPLIANCE

This document presents the compliance status of the vendor identified below on the issue date with respect to certificates required from the Hawaii Department of Taxation (DOTAX), the Internal Revenue Service, the Hawaii Department of Labor and Industrial Relations (DLIR), and the Hawaii Department of Commerce and Consumer

**Vendor Name:**   **Motley Rice LLC**

**Issue Date:**   **03/04/2021**

**Status:**   **Compliant**

Hawaii Tax#:
New Hawaii Tax#:
FEIN/SSN#:          XX-XXX1732
UI#:                    No record
DCCA FILE#:

**Status of Compliance for this Vendor on issue date:**

| Form | Department(s) | Status |
|------|---------------|--------|
| A-6 | Hawaii Department of Taxation | Compliant |
| | Internal Revenue Service | Compliant |
| COGS | Hawaii Department of Commerce & Consumer Affairs | Exempt |
| LIR27 | Hawaii Department of Labor & Industrial Relations | Compliant |

**Status Legend:**

| Status | Description |
|--------|-------------|
| Exempt | The entity is exempt from this requirement |
| Compliant | The entity is compliant with this requirement or the entity is in agreement with agency and actively working towards compliance |
| Pending | The entity is compliant with DLIR requirement |
| Submitted | The entity has applied for the certificate but it is awaiting approval |
| Not Compliant | The entity is not in compliance with the requirement and should contact the issuing agency for more information |



**STATE OF HAWAII**

# SUPPLEMENTAL CONTRACT  NO. __1__

## TO CONTRACT Special DAG Contract w/ Motley Rice LLC, effective April 29, 2021

*(Insert contract number or other identifying information)*

This Supplemental Contract No. _____1_____ , executed on the respective dates
indicated below, is effective as of _____April 29_____ , ____2021____ , between the
Department of the Attorney General _____ , State of Hawaii ,

*(Insert name of state department, agency, board or commission)*

("STATE"), by its _____Attorney General_____ ,

*(Insert title of state officer executing contract)*

(hereafter also referred to as the HEAD OF THE PURCHASING AGENCY or designee ("HOPA")),

whose address is _____425 Queen Street, 3rd Floor, Honolulu, Hawaii, 96813_____ , and

_____Motley Rice LLC_____

_____ ("CONTRACTOR"),

a _____limited liability company_____

*(Insert corporation, partnership, joint venture, sole proprietorship, or other legal form of the CONTRACTOR)*

under the laws of the State of _____South Carolina_____ , whose business address and federal
and state taxpayer identification numbers are as follows: _____

_____401 9th Street NW, Suite 1001, Washington DC, 20004; Federal ID # 75-3051732_____

## RECITALS

A.  WHEREAS, the STATE and the CONTRACTOR entered into Contract
_____Special DAG Contract w/ Motley Rice LLC, effective April 29, 2021_____

*(Insert contract number or other identifying information)*

dated _____April 29_____ , ___2021___ , which was amended by Supplemental Contract  No(s). _____
dated _____ , _____ , which was amended by Supplemental Contract  No(s). _____
dated _____ , _____ , which was amended by Supplemental Contract  No(s). _____
dated _____ , _____ (hereafter collectively referred to as "Contract "), whereby the
CONTRACTOR agreed to provide the goods or services, or both, described in the Contract; and

B.  WHEREAS, the parties now desire to amend the Contract.

NOW, THEREFORE, the STATE and the CONTRACTOR mutually agree to
amend the Contract as follows:  (Check Applicable box(es))

☐ Amend the SCOPE OF SERVICES according to the terms set forth in Attachment-S1,
which is made a part of the Contract.

☐ Amend the COMPENSATION AND PAYMENT SCHEDULE according to the terms
set forth in Attachment-S2, which is made a part of the Contract.

☑ Amend the TIME OF PERFORMANCE according to the terms set forth in
Attachment-S3, which is made a part of the Contract.

☐ Amend the SPECIAL CONDITIONS according to the terms set forth in
Attachment-S6 SUPPLEMENTAL SPECIAL CONDITIONS, which is made a part of
the Contract.

☐ Recognize the CONTRACTOR'S change of name.
FROM: _____

_____

_____

_____

TO: _____
_____
_____
_____

     As set forth in the documents attached hereto as Exhibit _____ , and incorporated herein.

     A tax clearance certificate from the State of Hawaii ☐ is ☑ is not required to be submitted to the STATE prior to commencing any performance under this Supplemental Contract.

     A tax clearance certificate from the Internal Revenue Service ☐ is ☑ is not required to be submitted to the STATE prior to commencing any performance under this Supplemental Contract.

     The entire Contract, as amended herein, shall remain in full force and effect.

     IN VIEW OF THE ABOVE, the parties execute this Contract by their signatures, on the dates below, to be effective as of the date first above written.

FUNDING AGENCY: (if other than contracting agency)

By _____
          Signature

PRINT NAME: _____

DIRECTOR OF _____

DATE: _____

CORPORATE SEAL
(If available)

**STATE**

_Valent H...._
*(Signature)*
Holly T. Shikada
*(Print Name)*
Attorney General, State of Hawaii
*(Print Title)*
Apr 29, 2022
*(Date)*

**CONTRACTOR**

Motley Rice LLC
*(Name of Contractor)*
_Joseph Rice_
*(Signature)*
JOSEPH F. RICE
*(Print Name)*
MANAGER               *
*(Print Title)*
4/28/22
*(Date)*

**APPROVED AS TO FORM:**

*Mana Moriarty*

_____
Deputy Attorney General

* Evidence of authority of the CONTRACTOR'S representative to sign this Contract for the CONTRACTOR must be attached.

Attachment-S3



## STATE OF HAWAII

## TIME OF PERFORMANCE

The contractor's time of performance with respect to Phase I is extended. CONTRACTOR shall submit to the Attorney General the report referenced in Section I.1 of the original Scope of Services on or before April 28, 2023.



### STATE OF HAWAII

### CONTRACTOR'S
### STANDARDS OF CONDUCT DECLARATION

For the purposes of this declaration:

"Agency" means and includes the State, the legislature and its committees, all executive departments, boards, commissions, committees, bureaus, offices; and all independent commissions and other establishments of the state government but excluding the courts.

"Controlling interest" means an interest in a business or other undertaking which is sufficient in fact to control, whether the interest is greater or less than fifty per cent (50%).

"Employee" means any nominated, appointed, or elected officer or employee of the State, including members of boards, commissions, and committees, and employees under contract to the State or of the constitutional convention, but excluding legislators, delegates to the constitutional convention, justices, and judges. (Section 84-3, HRS).

On behalf of __Motley Rice LLC__, CONTRACTOR, the undersigned does declare as follows:

1. CONTRACTOR ☐ is* ☑ is not a legislator or an employee or a business in which a legislator or an employee has a controlling interest. (Section 84-15(a), HRS).

2. CONTRACTOR has not been represented or assisted personally in the matter by an individual who has been an employee of the agency awarding this Contract within the preceding two years and who participated while so employed in the matter with which the Contract is directly concerned.(Section 84-15(b), HRS).

3. CONTRACTOR has not been assisted or represented by a legislator or employee for a fee or other compensation to obtain this Contract and will not be assisted or represented by a legislator or employee for a fee or other compensation in the performance of this Contract, if the legislator or employee had been involved in the development or award of the Contract. (Section 84-14(d), HRS).

4. CONTRACTOR has not been represented on matters related to this Contract, for a fee or other consideration by an individual who, within the past twelve (12) months, has been an agency employee, or in the case of the Legislature, a legislator, and participated while an employee or legislator on matters related to this Contract. (Section 84-18(b) and (c), HRS).

*Reminder to Agency: If the "is" block is checked and if the Contract involves goods or services of a value in excess of $10,000, the Contract must be awarded by competitive sealed bidding under section 103D-302, HRS, or a competitive sealed proposal under section 103D-303, HRS. Otherwise, the Agency may not award the Contract unless it posts a notice of its intent to award it and files a copy of the notice with the State Ethics Commission. (Section 84-15(a), HRS).

CONTRACTOR understands that the Contract to which this document is attached is voidable on behalf of the STATE if this Contract was entered into in violation of any provision of chapter 84, Hawaii Revised Statutes, commonly referred to as the Code of Ethics, including the provisions which are the source of the declarations above. Additionally, any fee, compensation, gift, or profit received by any person as a result of a violation of the Code of Ethics may be recovered by the STATE.

CONTRACTOR

By _Joseph F. Rice_

*(signature)*

Print Name  JOSEPH  F.  RICE

Print Title  MANAGER

Name of Contractor  Motley Rice LLC

Date  4|28|22



**STATE OF HAWAII**

**CONTRACTOR'S ACKNOWLEDGMENT**

STATE OF _____ SOUTH CAROLINA )
                                                    ) ss.
COUNTY OF _____ CHARLESTON     )

On this __28th__ day of __April__, 2022, before me personally appeared
__Joseph F. Rice__, to me known, who being by me duly sworn, did say that
he/she/they is/are the __Manager__ of __Motley Rice LLC__,
the CONTRACTOR named in the foregoing instrument, and that he/she/they is/are authorized to
sign said instrument on behalf of the CONTRACTOR, and acknowledges that he/she/they
executed said instrument as the free act and deed of the CONTRACTOR.

(NOTARY SEAL)

_____
(Signature)
__Gwendolyn Worthington__
(Print Name)
Notary Public, State of __South Carolina__
My commission expires: __1 | 3 | 2029__

GWENDOLYN WORTHINGTON
Notary Public, State of South Carolina
My Commission Expires 1/3/2029

Doc. Date: __April 28, 2022__                    #Pages: __5__
Notary Name: __Gwendolyn Worthington__                    _____ Circuit
Doc. Description: __Supplemental Contract No. 1 to Contract Special DAG__
__Contract w/Motley Rice LLC, effective April 29, 2021.__

_____

_____          __4/28/22__
Notary Signature                              Date

NOTARY CERTIFICATION