# Exhibit C

to Declaration of Matthew Hooker

## **CONFIDENTIALITY AGREEMENT**

IT IS HEREBY AGREED BY AND BETWEEN the State of Hawaiʻi Department of the Attorney General ("State") and OptumRx, Inc. ("OptumRx" or "the Company"), through their respective counsel, that:

1. This Confidentiality Agreement is being entered into in connection with an investigation being conducted by the State and the State's outside counsel into certain business practices related to the provision of pharmacy benefits management services ("Investigation"), and the production of any documents or information by OptumRx in response to a subpoena issued by the State dated October 15, 2021 in connection with the Investigation (the "Subpoena").  Neither OptumRx nor the State waives any objections it has to the Subpoena or the response to the Subpoena by entering into this Confidentiality Agreement.  This Agreement shall be binding upon the State and OptumRx ("Parties," referred to singularly as a "Party"), undersigned outside counsel for the State and OptumRx's outside counsel, and all persons and entities signing a copy of the Addendum Regarding Undertaking of Confidentiality attached at Exhibit A ("Addendum").

2. "Confidential Information" means any documentary and/or tangible information of any type, kind or character that contains (a) information of a personal nature where the public disclosure thereof would constitute a clearly unwarranted invasion of personal privacy; or (b) trade secret or commercial or financial information, to the extent disclosure would result in substantial harm to the competitive position of the Company.  To designate a document or information as "Confidential Information," OptumRx shall stamp or place the word "Confidential" on the document or item of information produced to the State.  All copies, whether digital or hard copy, of any "Confidential Information" produced or made available for inspection and copying shall be subject to the terms of this Agreement.  Any interview, deposition or testimony of OptumRx in connection with the Investigation shall presumptively be treated as Confidential Information and subject to this Agreement for a period of 15 days after a transcript is received by counsel for the Parties.  At or before the end of such 15-day period, by written notification to undersigned counsel,

OptumRx may designate any portion(s) of the interview, deposition, or testimony as "Confidential Information."  If OptumRx fails to designate any portion of the interview, deposition, or testimony as "Confidential Information," after the expiration of the 15-day period, that portion(s) shall be treated as non-confidential.  In designating documents or information as "Confidential Information," OptumRx will make such designation only as to those documents and information that it in good faith believes contain Confidential Information.  The State, the State's outside counsel, and all persons and entities signing a copy of the Addendum agree to use Confidential Information solely in connection with the Investigation and any litigation that may arise therefrom, not to use Confidential Information in connection with any other matter, and not to disclose any Confidential Information to any party or the public, except as provided by this Agreement, except as required by law or court order.  The State's outside counsel further agrees not to rely on Confidential Information in pursuing information or claims in any other matters outside of its representation of the State.

3. This Agreement shall not preclude any Party from bringing before a court of competent jurisdiction, at any time, the question of whether any particular information is properly designated as "Confidential Information."  In its request for relief from the Court, the Party disputing the designation of any information shall identify the information that it believes is not properly designated.  The Party making the designation has the burden to defend the designation. Prior to bringing any motion, the Parties shall meet and confer in good faith to attempt to resolve the dispute.  If the dispute cannot be resolved, the Parties shall treat the information consistent with its designation until a ruling by the court.  In the event litigation stems from this Investigation, the Parties will meet and confer at the appropriate time regarding a protective order that will supersede this Agreement.  In the event the Parties cannot agree on a protective order, it shall be OptumRx's duty to seek a protective order.

4. In addition to any applicable protections provided to such materials under Hawaiʻi Uniform Information Practices Act, HRS §§ 92F-13 and 14 or other applicable law, the State and undersigned outside counsel for the State may disclose Confidential Information only as follows:

2

(a) to employees, interns, and staff of the State who are working on the Investigation;

(b) to agents, consultants, or experts of the State, who are working on the Investigation and are bound by this agreement and who agree to be bound by the terms of this agreement by signing the Addendum;

(c) other law enforcement agencies when an employee of the Hawaiʻi Department of the Attorney General determines it is appropriate to disclose Confidential Information to those agencies provided they agree in writing to be bound and comply with this Agreement;

(d) to any witness in the Investigation (not to include disclosures to expert witnesses of the State, which are covered under Section 4(b)), during an interview by the State or during transcribed or otherwise recorded proceedings conducted by the State, as long as the State reasonably believes that disclosure is necessary to further the Investigation;

(e) to any person identified as having received, or who is otherwise known to have received, the document or information;

(f) if the Company first gives written consent to such disclosure;

(g) any person who, at the time of the disclosures, is either employed by OptumRx or retained by OptumRx in connection with this Investigation;

(h) if the information was obtained independently of the Company from a source that (1) does not request confidential treatment for the information and (2) the State believes in good-faith does not have a duty of confidentiality with respect to the information, whether arising from

3

      contract or any other legal source;

  (i)  Motley Rice LLC attorneys (other than the State's undersigned outside counsel), paralegals, contractors, staff, or experts working on behalf of the State in connection with the Investigation who agree to be bound by the terms of this Agreement by signing the Addendum.

5. With respect to the disclosures authorized by paragraph 4(d) or 4(e), the State shall not permit the person or the person's counsel to retain a copy of the Confidential Information unless the State reasonably believes that retention is necessary to further the Investigation and the person has signed the Addendum.

6. With respect to the disclosures authorized by paragraph 4(i), the State and the State's outside counsel shall not share, disclose, or discuss Confidential Information with any Motley Rice LLC attorney, paralegal, contractor, or staff who is not a member of the firm's Public Client practice group, and shall limit access to Confidential Information to members of that practice group.  The State and the State's outside counsel are agreeing to this term solely for purposes of the investigation stage and are not consenting to or agreeing to waive any right to object to this or any similar term in any stipulated protective order in connection with litigation.

7. Any document or information that may contain Confidential Information that has been inadvertently produced without being designated as Confidential Information shall not be a waiver, in whole or in part, of a claim of confidentiality as to any such document or information. OptumRx may designate the inadvertently produced document or information as "Confidential Information" by written notice to the State within a reasonable time following discovery of the inadvertent production.  Unless the State challenges the designation pursuant to paragraph 3, the State shall confirm the designation of the Confidential Information within ten (10) days of receipt of notice from OptumRx, and shall make reasonable efforts to retrieve such improperly designated documents from persons not entitled to receive them.

8.       The State and/or the State's outside counsel shall not attach documents or information designated as "Confidential Information" to any filing with a court or administrative tribunal ("State filing") unless the State and/or the State's outside counsel complies with one of the following provisions:

(a) resolves any dispute with OptumRx regarding designation of such documents or information as "Confidential Information;"

(b) files the documents or information designated "Confidential Information" with a court or administrative tribunal conditionally under seal; following the State filing, the confidentiality or non-confidentiality of documents or information will be determined by the terms of a protective order entered in the case either by stipulation or order, or by the absence of any such order (i.e. if OptumRx takes no action to seek a protective order within ten (10) days of the State filing, the documents or information attached to the State filing will be deemed non-confidential); or

(c) notifies OptumRx at least ten (10) days in advance that the State or the State's outside counsel intends to attach materials designated "Confidential Information" in the State filing, provided that the State or the State's outside counsel shall not attach such documents or information designated "Confidential Information" until either:

   i.   the court or administrative tribunal rules on OptumRx's request for a protective order or in camera treatment in favor of disclosure of the documents or information designated Confidential Information; or

5

        ii.        OptumRx has not sought such order within the ten (10) day period of time which the State or the State's outside counsel provided to OptumRx for it to seek such order.

9. In the event that the State receives a written request from a person or entity for Confidential Information under the Hawai'i Uniform Information Practices Act, HRS §§ 92F-1 *et seq.*, either during or after the pendency of the Investigation and the State determines in good faith that disclosure of Confidential Information is required and that no exemption reasonably applies, the State will provide ten (10) business days advance notice before any disclosure in response to such a request so that the Company is afforded an opportunity to obtain a court order prohibiting or limiting such disclosure and/or requiring the recipient(s) of such Confidential Information to take steps to maintain the confidentiality thereof.  Any notice to OptumRx under this paragraph or paragraph 10 shall be made to: John Kokkinen, Senior Associate General Counsel – Optum Litigation, via electronic mail at john.kokkinen@optum.com and to Allison Caplis, Hogan Lovells, via electronic mail at allison.caplis@hoganlovells.com.

10. If any person or entity possessing designated Confidential Information is subpoenaed in another civil action or civil proceeding or served with a document demand or other civil legal process that requests production of designated Confidential Information ("civil process"), and the State determines in good faith that the Confidential Information must be disclosed, the State shall, to the extent permitted by law, court rule, and court order, inform OptumRx within 15 days of receiving notice of the civil process.

11. If documents or information subject to a claim of attorney-client privilege or work product immunity or any other privilege or immunity are inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such documents or information as provided under applicable law, including Federal Rule of Evidence 502 or any Hawai'i counterpart or similar rule.

If OptumRx has inadvertently produced documents or information subject to a claim of immunity or privilege, the Parties shall follow the so-called "clawback" provisions of Federal Rule of Civil Procedure 26(b)(5)(B) or any other Hawai'i counterpart or similar rule.

12. At the conclusion of the investigation, or the final conclusion of all litigation if any is initiated, all documents produced by the Company, including all Confidential Information, shall be retained by the State pursuant to Hawai'i public records laws and policies, with the limitations of use of Confidential Information described in Paragraph 2 remaining in full effect. All documents in the possession of Motley Rice that OptumRx produced and designated as "Confidential" during the course of this Investigation shall be returned to the State or OptumRx, or destroyed within 30 days, and Motley Rice shall so certify in writing.

13. Nothing contained in this Agreement shall alter or limit the obligations of the State under Hawai'i law, including the Hawai'i Uniform Information Practices Act, HRS §§ 92F-1 *et seq*.

14. This Agreement shall apply to all documents and information produced by the Company to the State pursuant to this Investigation, including any amendments to the Subpoena.

Dated: 05/18/2022

**OPTUM RX**

By: _____
Attorneys for the Company

**STATE OF HAWAIʻI**
**DEPARTMENT OF THE ATTORNEY GENERAL**

Counsel for the State of Hawaiʻi Department of the Attorney General

By:

_____
Linda Singer
Motley Rice LLC

_____
Paige Boggs
Motley Rice LLC

8

Dated:

**OPTUM RX**

By: _____
     Attorneys for the Company

**STATE OF HAWAIʻI**
**DEPARTMENT OF THE ATTORNEY GENERAL**

By: */s/ Mana Moriarty*
Mana Moriarty
Department of the Attorney General
State of Hawaiʻi
425 Queen St.
Honolulu, HI 96813
mana.moriarty@hawaii.gov

Counsel for the State of Hawaiʻi Department of the Attorney General

By: */s/ Linda Singer*
Linda Singer
Motley Rice LLC

*/s/ Paige Boggs*
Paige Boggs
Motley Rice LLC

9

## ADDENDUM REGARDING
## UNDERTAKING OF CONFIDENTIALITY

By signing this acknowledgement, I certify that I have read the Confidentiality Agreement to which this acknowledgement is attached ("Agreement") in its entirety, I fully understand the obligations under the Agreement, and I hereby agree that _____ [insert name of person or entity] will be bound by its terms to the extent permitted by law.

DATE:_____

NAME: _____

SIGNATURE: _____