# Exhibit H

to Declaration of Matthew Hooker

## **CONFIDENTIALITY AGREEMENT**

IT IS HEREBY AGREED BY AND BETWEEN the Office of the Attorney General for the District of Columbia ("OAG"), and OptumRx, Inc. ("OptumRx" or "the Company"), through their respective counsel, that:

1. This Confidentiality Agreement is being entered into in connection with an investigation being conducted by the OAG and OAG outside counsel ("Investigation"), and the production of any documents or information by OptumRx in response to a subpoena issued by OAG dated December 28, 2020 in connection with the Investigation (the "Subpoena"). Neither OptumRx nor OAG waives any objections it has to the Subpoena or the response to the Subpoena by entering into this Confidentiality Agreement. This Agreement shall be binding upon OAG and OptumRx ("parties," referred to singularly as a "Party"), undersigned OAG outside counsel and OptumRx outside counsel, and all persons and entities signing a copy of the Addendum Regarding Undertaking of Confidentiality attached at Exhibit A ("Addendum").

2. "Confidential Information" means any documentary and/or tangible information of any type, kind or character that contains (a) information of a personal nature where the public disclosure thereof would constitute a clearly unwarranted invasion of personal privacy; or (b) trade secret or commercial or financial information, to the extent disclosure would result in substantial harm to the competitive position of the Company. To designate a document or information as "Confidential Information," OptumRx shall stamp or place the word "Confidential" on the document or item of information produced to OAG. All copies, whether digital or hard copy, of any "Confidential Information" produced or made available for inspection and copying shall be subject to the terms of this Agreement. Any interview, deposition or testimony of OptumRx in connection with the Investigation shall presumptively be treated as Confidential Information and subject to this Agreement for a period of 15 days after a transcript is received by counsel for the parties. At or before the end of such 15-day period, by written notification to undersigned counsel, OptumRx may designate any portion(s) of the interview, deposition, or testimony as "Confidential Information." If OptumRx fails to designate any portion of the interview, deposition, or testimony

as "Confidential Information," after the expiration of the 15-day period, that portion(s) shall be treated as non-confidential. In designating documents or information as "Confidential Information," OptumRx will make such designation only as to those documents and information that it in good faith believes contain Confidential Information. The OAG, OAG outside counsel, and all persons and entities signing a copy of the Addendum agree to use Confidential Information solely in connection with the Investigation and any litigation that may arise therefrom, not to use Confidential Information in connection with any other matter, and not to disclose any Confidential Information to any party or the public, except as provided by this Agreement provided that the OAG agree with the designation. OAG outside counsel further agrees not to rely on Confidential Material in pursuing information or claims in any other matters outside of its representation of the OAG.

3. This Agreement shall not preclude any Party from bringing before a court of competent jurisdiction, at any time, the question of whether any particular information is properly designated as "Confidential Information." In its request for relief from the Court, the Party disputing the designation of any information shall identify the information that it believes is not properly designated. The Party asserting the proprietary of any designation has the burden to defend the designation. Prior to bringing any motion, the Parties shall meet and confer in good faith to attempt to resolve the dispute. If the dispute cannot be resolved, the Parties shall treat the information consistent with its designation until a ruling by the court. In the event litigation stems from this Investigation, the Parties will meet and confer at the appropriate time regarding a protective order that will supersede this Agreement. In the event the Parties cannot agree on a protective order, it shall be OptumRx's duty to seek a protective order.

4. In addition to any applicable protections provided to such materials under D.C. Code § 2-534(a) or other applicable law, OAG and undersigned OAG outside counsel may disclose Confidential Information only as follows:

(a) to employees, interns, and staff of the OAG;

(b) to agents, consultants, or experts of the OAG, who are

bound by this agreement and who agree to be bound by the terms of this agreement by signing the Addendum;

(c) other law enforcement agencies provided they agree in writing to be bound and comply with this agreement;

(d) to any witness in the investigation (not to include disclosures to expert witnesses of the OAG, which are covered under Section 4(b)), during an interview by the OAG or during transcribed or otherwise recorded proceedings conducted by the OAG, as long as the OAG reasonably believes that disclosure is necessary to further the investigation;

(e) to any person identified as having received, or who is otherwise known to have received, the document or information;

(f) if the Company first gives written consent to such disclosure;

(g) any person who, at the time of the disclosures, is either employed by OptumRx or retained by OptumRx in connection with this investigation;

(h) if the information was obtained independently of the Company even if such information was also produced by the Company, unless that information was obtained from a source known by OAG and/or OAG outside counsel to be bound by a confidentiality obligation to the Company.

(i) Motley Rice LLC attorneys (other than undersigned OAG outside counsel), paralegals, contractors, staff, or experts working on behalf of OAG in connection with the Investigation who agree to be bound by the terms of this Agreement by signing the Addendum.

5. With respect to the disclosures authorized by paragraph 4(d) or 4(e), the OAG shall not permit the person or the person's counsel to retain a copy of the Confidential Information unless the OAG reasonably believes that retention is necessary to further the investigation and the person has signed the Addendum.

6. With respect to the disclosures authorized by paragraph 4(i), the OAG and OAG outside counsel shall not share, disclose, or discuss Confidential Information with any Motley Rice LLC attorney, paralegal, contractor, or staff who is not a member of the firm's Public Client practice group, and shall limit access to Confidential Information to members of that practice group. The OAG and OAG outside counsel are agreeing to this term solely for purposes of the investigation stage and are not consenting to or agreeing to waive any right to object to this or any similar term in any stipulated protective order following litigation.

7. Any document or information that may contain Confidential Information that has been inadvertently produced without being designated as Confidential Information shall not be a waiver, in whole or in part, of a claim of confidentiality as to any such document or information. OptumRx may designate the inadvertently produced document or information as "Confidential Information" by written notice to OAG within a reasonable time following discovery of the inadvertent production. Unless the OAG challenges the designation pursuant to paragraph 3, the OAG shall confirm the designation of the Confidential Information within ten (10) days of receipt of notice from OptumRx, and shall make reasonable efforts to retrieve such improperly designated documents from persons not entitled to receive them.

8. The OAG and/or OAG outside counsel shall not attach documents or information designated as "Confidential Information" to any filing with a court or administrative tribunal ("OAG filing") unless OAG and/or OAG outside counsel complies with one of the following provisions:

(i) resolves any dispute with OptumRx regarding designation of such documents or information as "Confidential Information;"

(ii) files the documents or information designated "Confidential Information" with a court or administrative tribunal conditionally under seal; following the OAG filing, the confidentiality or non-confidentiality of documents or information will be determined by the terms of a protective order entered in the case either by stipulation or order, or by the absence of any such order (i.e. if OptumRx takes no action to seek a protective order within ten (10) days of the OAG filing, the documents or information attached to the OAG filing will be deemed non-confidential); or

(iii) notifies OptumRx at least ten (10) days in advance that OAG or OAG outside counsel intends to attach materials designated "Confidential Information" in the OAG filing, provided that OAG or OAG outside counsel shall not attach such documents or information designated "Confidential Information" until either:

(a) the court or administrative tribunal rules on OptumRx's request for a protective order or in camera treatment in favor of disclosure of the documents or information designated Confidential Information; or

(b) OptumRx has not sought such order within

the ten (10) day period of time which OAG or OAG outside counsel provided to OptumRx for it to seek such order.

9. In the event that the OAG receives a written request from a person or entity for Confidential Information under District of Columbia Freedom of Information Act, D.C. Code §§ 2-531 through 2-540, and the OAG determines in good faith that disclosure of Confidential Information is required, the OAG will provide 10 business days advance notice before any production in response to such a request so that the Company is afforded an opportunity to obtain a court order prohibiting or limiting such disclosure and/or requiring the recipient(s) of such Confidential Information to take steps to maintain the confidentiality thereof. During the pendency of this Investigation the OAG agrees that it will, pursuant to § 2-534(a) of the Freedom of Information Act, deny public inspection of the records the Company produces in response to the Subpoena. Both during and after the pendency of the investigation, the OAG will also deny inspection of any Confidential Information to the extent authorized by the District of Columbia's Freedom of Information Act. To the extent the OAG disagrees with the designation of documents or information as Confidential Information and determines in good faith that it must be disclosed under the District of Columbia Freedom of Information Act, OAG will provide the Company with at least 10 business days advance notice of the production.

10. If any person or entity possessing designated Confidential Information is subpoenaed in another civil action or civil proceeding or served with a document demand or other civil legal process that requests production of designated Confidential Information ("civil process"), and the OAG determines in good faith that the Confidential Information must be disclosed, the OAG shall, to the extent permitted by law, court rule, and court order, inform OptumRx within 15 days of receiving notice of the civil process. Any notice to OptumRx shall be made to: John Kokkinen, Senior Associate General Counsel – Optum Litigation, via electronic mail at john.kokkinen@optum.com, and to Michelle Kisloff, Hogan Lovells, via electronic mail at michelle.kisloff@hoganlovells.com.

11. If documents or information subject to a claim of attorney-client privilege or work product immunity or any other privilege or immunity are inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such documents or information as provided under applicable law, including Federal Rule of Evidence 502, DC Superior Court Civil Rule 25(b)(5)(C), or any other District of Columbia or State counterpart or similar rule. If OptumRx has inadvertently produced documents or information subject to a claim of immunity or privilege, the Parties shall follow the so-called "clawback" provisions of Federal Rule of Civil Procedure 26(b)(5)(B), DC Superior Court Civil Rule 26(b)(5)(B), or any other District of Columbia or State counterpart or similar rule.

12. At the conclusion of the Investigation, or the final conclusion of all litigation in connection with the Investigation, if any is initiated, upon written request, all documents produced by the Company, including all Confidential Information, shall be promptly returned to the Company or destroyed. The OAG shall not be required to return or destroy copies of documents marked as "Confidential" that are not readily accessible, such as copies on computer system backup tapes or in email archives. In addition, upon written request, OAG shall notify persons pursuant to paragraphs 4(b), (c), (d), (e), (f), or (i) of the Company's request under this subsection. At the Company's request, OAG shall confirm that it has complied with its obligation under this subsection.

13. Nothing contained in this Agreement shall alter or limit the obligations of the OAG under District of Columbia law, including the District of Columbia's Freedom of Information Act, D.C. Code to §§ 2-531 *et seq.* Nothing in this Agreement shall be construed to waive applicable protections under D.C. Code § 2-534(a) for any materials produced in response to the Subpoena, regardless of whether such materials are designated "Confidential Information."

14. This Agreement shall apply to all documents and information produced pursuant to this Investigation, including any amendments to the Subpoena.

Dated: 7/1/2021

OptumRx

By:

*[signature]*

John Kokkinen

Attorneys for the Company


Counsel for OptumRx

By:

*[signature]*

Michelle Kisloff
Hogan Lovells US LLP


Office of the Attorney General for the District of Columbia

/s/ *Benjamin Wiseman*

Benjamin Wiseman, Director
Office of Consumer Protection
Public Advocacy Division


Counsel for the Attorney General for the District of Columbia

By:

/s/ *Linda Singer*

Linda Singer
Motley Rice LLC

/s/ *Paige Boggs*

Paige Boggs
Motley Rice LLC

OptumRx

By:

_____

Attorneys for the Company


Counsel for OptumRx

By:

_____

Michelle Kisloff
Hogan Lovells US LLP


Office of the Attorney General for the District of Columbia

_____

Benjamin Wiseman, Director
Office of Consumer Protection
Public Advocacy Division


Counsel for the Attorney General for the District of Columbia

By:

*Linda Singer /AS*
_____
Linda Singer
Motley Rice LLC


*Paige Boggs*
_____
Paige Boggs
Motley Rice LLC

# ADDENDUM REGARDING
# UNDERTAKING OF CONFIDENTIALITY

By signing this acknowledgement, I certify that I have read the Confidentiality Agreement to which this acknowledgement is attached ("Agreement") in its entirety, I fully understand the obligations under the Agreement, and I hereby agree that _____ [insert name of person or entity] will be bound by its terms to the extent permitted by law.

DATE:_____

NAME: _____

SIGNATURE: _____