# Exhibit M

to Declaration of Matthew Hooker

LAW DEPARTMENT
CITY OF CHICAGO

IN THE MATTER OF )
)
UNITED HEALTHCARE SERVICES, INC., )
UNITEDHEALTHCARE INSURANCE )
COMPANY, UNITEDHEALTHCARE OF )
ILLINOIS, INC., and OPTUMRX, INC. )
)
COPAY CLAWBACKS )

## CONFIDENTIALITY AGREEMENT

The City of Chicago is conducting a confidential investigation into alleged violations of § 2-25-090 of the Municipal Code of Chicago, including but not limited to potential acts of consumer fraud, deceptive practices, and/or conduct constituting unlawful practices under the Illinois Consumer Fraud and Deceptive Business Practices Act relating to prescription drug copay clawbacks, ("Investigation") and has requested documents and information from United HealthCare Services, Inc., UnitedHealthCare Insurance Company, UnitedHealthCare of Illinois, Inc. and OptumRx, Inc. (collectively, "United"), some of which may be confidential and/or proprietary. To preserve and maintain the confidentiality of certain documents to be produced or made available for inspection and copying by United, the parties have agreed as follows:

1. When used in this Agreement, the word "documents" means all written material, data maintained in electronic or digital format, and all other tangible items. Except as otherwise indicated below, documents marked or otherwise designated by United as "Confidential" or "Highly Confidential" that are or have been produced or made available for inspection and copying by United, to the City of Chicago's attorneys, consultants, agents, or experts, shall be given confidential treatment as described in this Agreement. United shall

mark as Confidential those documents that it reasonably and in good faith believes contain confidential or proprietary or otherwise sensitive non-public business information, information implicating an individual's legitimate expectation of privacy, or "protected health information" as defined in 45 C.F.R. §§ 160.103 and 164.501. United shall mark as "Highly Confidential" those documents that it reasonably and in good faith believes are so highly sensitive that disclosure to the public or a competitor could result in significant competitive or commercial disadvantage. (Together, those documents designated "Confidential" and "Highly Confidential" are considered "Confidential Documents").

2. Both the Confidential Documents and the information contained therein shall be treated as confidential, shall not be disclosed except as provided in this Agreement, and shall not be made available to persons other than those described below. All information produced or made available for inspection and copying by United, including but not limited to information contained in documents or in correspondence between counsel, will be used solely in furtherance of the Investigation and any subsequent litigation brought by the City of Chicago against United that is directly related to this Investigation and will be used for no other purpose whatsoever without the prior written consent from United or by a court order or other applicable law. To the extent that the City of Chicago initiates litigation that is directly related to this Investigation following the Investigation, this Confidentiality Agreement will continue until the court enters a protective order that supersedes it.

3. Documents designated "Confidential" and any information contained therein shall not be shown, disseminated or disclosed to any person other than the following persons, except upon the prior written consent of United or by a court order:

a. The City of Chicago's Law Department and outside counsel in connection with the Investigation and any subsequent litigation directly related to the Investigation brought by the City of Chicago against United, namely Linda Singer, Mimi Liu, and Paige Boggs of Motley Rice LLC, and any lawyers, contractors, or paralegals working on this Investigation or any subsequent litigation directly related to the Investigation brought by the City of Chicago against United with Ms. Singer, Ms. Liu, and Ms. Boggs, with the exception that no attorney, contractor, or paralegal adverse to United in other matters will work on the Investigation or have access to Confidential Documents or attorney work product pertaining to the Investigation;

b. City employees outside of the Law Department who have a need to know the information in furtherance of the Investigation;

c. Experts and consultants retained by the City of Chicago in connection with this Investigation and any subsequent litigation directly related to the Investigation brought by the City of Chicago against United;

d. Any person who authored, modified, sent, or received, a particular Confidential Document and who the City of Chicago interviews or conducts a sworn statement of as part of the Investigation;

e. A third-party employed for the sole purpose of arranging for the copying or storage of the documents pursuant to this Agreement (i.e., a copy service).

4. Access to documents designated "Highly Confidential" shall be limited to those persons listed in paragraphs 3(a), (c), (d), and (e), except upon the prior written consent of United or by a court order.

5. Persons and entities described in any paragraphs 3(a) through 3(e), above, who receive any Confidential Documents or any information contained therein under the terms of this Agreement shall not further disseminate any such Confidential Documents or information contained therein, unless it is disseminated to another person or entity described in paragraph 3(a)-(e) above.

6. All copies, whether digital or hard copy, of any Confidential Documents produced or made available for inspection and copying shall be subject to the terms of this Agreement.

7. Before being given access to any of the Confidential Documents or any information contained therein, each person described in paragraphs 3(b)-(e) above who is neither a participant nor a counsel in the Investigation, shall be advised of the terms of this Agreement, shall be given a copy of this Agreement, and shall sign a document substantially similar to Exhibit A attached hereto, thereby acknowledging and agreeing to be bound by the terms of this Agreement.

8. No Motley Rice LLC attorney, contractor, paralegal, or expert adverse to United in other matters shall have access to any Confidential Documents or information contained therein relating to this Investigation and his/her electronic access to such Documents and information shall be restricted by permissions and any hard copies of Confidential Documents will be maintained in such a way that persons adverse to United in another matter (including other Motley Rice attorneys, paralegals, contractors, or experts) cannot review or access the hard

copies unless otherwise agreed to by the parties or by court order. The City of Chicago and its outside counsel in this Investigation shall not share, disclose, or discuss Confidential Documents or the information contained therein with any Motley Rice attorneys, paralegals, contractors, or experts adverse to United in another matter. For purposes of enforcement of this Agreement, The City of Chicago's outside counsel submit themselves to the jurisdiction of the U.S. District Court for the Northern District of Illinois or the Circuit Court of Cook County.

9. If the City of Chicago deems it necessary to use or disclose Confidential Documents or any information contained therein in connection with any court submission, it shall either first obtain the prior written consent of United or the City of Chicago's papers, including but not limited to memoranda, affidavits, and exhibits that contain or reference information contained in Confidential Documents, shall be filed with the Confidential Documents and information redacted. Copies to the court and to counsel of record can be unredacted, but shall note each place where the documents contain confidential information subject to the protections of this Agreement.

10. In the event that United inadvertently produces or discloses any document or information produced in this Investigation without intending to waive a claim that it is confidential, such production or disclosure shall not be a waiver, in whole or in part, of a claim of confidentiality as to any such document or information. United shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately designated documents. The City of Chicago shall confirm the designation of the specified documents and information, as "Confidential," or "Highly Confidential" within ten (10) days of receipt of United's notice and shall make reasonable efforts to retrieve such improperly designated documents from persons not entitled to receive them and, upon receipt of the

substitute documents, shall sequester, return or destroy the improperly designated original production.

11. If the City or any of its departments receives a request under the Illinois Freedom of Information Act ("FOIA"), subpoena, or court order, or has an obligation under other applicable law that it believes requires disclosure of a portion or all of the Confidential Documents, the City shall notify United upon receipt of such request, subpoena, order, or recognition of an obligation imposed by law as to afford United the opportunity to take steps to prevent disclosure. The City acknowledges that the Confidential Documents may be exempt from disclosure under Section 7(1)(g) of FOIA, 5 ILCS 140/7(1)(g), because they contain trade secrets or commercial or financial information, the disclosure of which would cause competitive harm to United. In addition, some data or materials may be exempt from disclosure under FOIA for other reasons. The City will use its best efforts to prevent the release of such information under FOIA; provided, however, that nothing in this Confidentiality Agreement shall be read to conflict with the City or any of its departments' duties to comply with the law, including FOIA. In the event of a dispute between United and the City as to whether a portion or all of the Confidential Documents must be disclosed, United and the City shall make a good faith attempt to resolve such dispute through negotiation. In any such negotiation, each party will provide a good-faith explanation regarding the basis of its belief as to why the Confidential Documents may or may not be held confidential. If the parties are unable to resolve the dispute, the City will not release the Confidential Documents until an order requiring the disclosure has been entered in a judicial proceeding in which United has been given the opportunity to intervene to demonstrate that the Confidential Documents in fact may be withheld, unless United provides its written consent to disclosure and/or fails to intervene in the judicial proceeding.

12. By entering into this Agreement, the parties do not intend in any way to limit any protections provided to United information afforded by any applicable state or federal laws or regulations.

13. This Agreement shall be binding upon the parties to this Investigation and their counsels of record, and all persons and entities signing a copy of the attached Exhibit A, and upon their attorneys, employees and agents. All parties so bound by this Agreement agree to promptly notify United in writing of any unauthorized use or disclosure of Confidential Documents or any information contained therein of which they become aware.

14. Nothing in this Agreement constitutes a finding or admission that any Confidential Document is in fact confidential or otherwise not subject to disclosure. In the event of a dispute as to the propriety or correctness of the designation as a Confidential Document, the parties shall attempt to resolve the dispute by negotiation. In any such negotiation, each party will provide a good-faith explanation regarding the basis of its belief as to the confidentiality of the Confidential Document.

/ / /

Dated this 19th day of February, 2019.

/s/ Mimi Liu
Mimi Liu
MOTLEY RICE LLC
401 9th Street NW, Suite 1001
Washington, D.C. 20004
as Special Assistant Corporation Counsel

DORSEY & WHITNEY LLP

By /s/ Michelle Grant
Michelle S. Grant (311170)
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600
Facsimile: (612) 340-2868
grant.michelle@dorsey.com

Attorneys for United Healthcare Services, Inc., UnitedHealthCare Insurance Company, UnitedHealthCare of Illinois, Inc., and OptumRx, Inc.

## EXHIBIT A

The undersigned hereby acknowledges that he/she has been advised of the terms of the Confidentiality Agreement, has been given a copy of the Confidentiality Agreement, and acknowledges and agrees to be bound by the terms of the Confidentiality Agreement.

**Name:** _____

**Job Title:** _____

**Employer:** _____

**Business Address:** _____

_____

_____

**Date:** _____

**Signature:** _____