UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster |

### SECOND PROPOSED CASE MANAGEMENT ORDER[1]

On October 27, 2023, the Court entered an order identifying four bellwether cases against the PBM Defendants,[2] including *City of Independence, Missouri v. Williams*, No. 1:19-op-45371-DAP, *City of Rochester v. Purdue Pharma, L.P.*, 1:19-op-45853-DAP, *County of Webb, Texas v. Purdue Pharma, L.P.*, 1:18-op-45175-DAP, and *Lincoln County v. Richard Sackler, M.D.*, No. 1:20-op-45069-DAP (**PBM Bellwether cases**). ECF No. 5231. The Court directed the parties to meet and confer and submit proposed case management orders. *Id.*

The parties submitted competing proposed case management orders to Special Master Cohen on November 17, 2023, and objections and responses to the opposing party's proposed order on November 21, 2023. ECF No. 5246. The Court held a telephone conference with the PEC and PBMs on December 5, 2023 to address the parties' disputes. ECF No. 5265.

Following the conference, the Court entered an order resolving many outstanding issues. ECF No. 5268. The Court determined that the PBM Bellwether cases will proceed as four tracks: **Track 12**, *City of Rochester v. Purdue Pharma, L.P.*, No. 19-op-45853; **Track 13**, *Lincoln County v. Richard Sackler, M.D.*, No. 20-op-45069; **Track 14**, *City of Independence, Missouri v. Williams*, No. 19-op-45371; and **Track 15**, *County of Webb, Texas v. Purdue Pharma, L.P.*, No. 18-op-45175. ECF No. 5268. The Court also adopted the parties' joint proposal to prepare the first cases for trial "simultaneously, following by the second two cases trailing the first two by 60 days." *Id.* Finally, the Court directed the parties to resubmit a joint case management order identifying any outstanding disputes. *Id.*

The PBM Defendants agree to the schedule set forth below if, and only if, the PBM Bellwether cases proceed as bellwethers against the PBM entities only on claims for public nuisance and/or negligence. Until the Court rules on Plaintiffs' motion for leave to amend their complaints, "it would be premature to resolve disputes regarding the scope and timing of

---

[1] In an effort to aid the Court in its resolution of the remaining disputes, the PBM Defendants attach to this proposal a version of Plaintiffs' proposal with comments and responses from the PBM Defendants.

[2] The OptumRx and Express Scripts Defendant Families expressly reserve all rights and Rule 12(b) arguments, including as to jurisdiction and venue.

discovery." *See* PBM Bellwether Plaintiffs' Position Statement Regarding Proposed Initial CMO, November 21, 2023, at 1. "[I]t would be more efficient and would better serve the interests of judicial economy for the Court to defer ruling on the myriad issues raised by the [competing proposed schedules] until after the PBM Bellwether Complaints are amended" pursuant to the Court's decision on Plaintiffs' motion for leave to amend. *See id.* at 2.

The PBM Defendants attempted to work with the PEC to submit a joint proposed CMO, identifying areas of disagreement. The PEC refused to submit a joint proposal, but agreed to mutually exchange draft CMOs and to identify any new provisions prior to the parties' submission of competing proposed CMOs. The PBM Defendants request the opportunity to be heard on any items that the PEC includes in its final proposed CMO that are not addressed in the attachment described at footnote 1.

The Court has reviewed the parties' submission, and hereby orders as follows:

### A. Previous Discovery:

All discovery produced by the PBM Defendants pursuant to DR 22 shall be deemed produced in the PBM Bellwether cases. To promote efficiency and consistent with the Court's directives, the parties will meet and confer regarding how to ensure that discovery requests issued in the PBM Bellwether cases are specific to these cases and non-duplicative of the discovery requests already issued in prior MDL case tracks while ensuring that the record is clear as to what discovery is at issue in Tracks 12–15, without requiring the parties to reissue discovery unnecessarily. Plaintiffs shall, as always, make best efforts to avoid duplicative discovery whether taken in state or federal court. ECF No. 5268 at 3–4.

New discovery requests served upon the PBM Defendants shall be limited to geographic-specific discovery to the extent possible.

### B. Responding to the Complaint

1. **Motions to Dismiss:** The PBM Defendants shall file any motions to dismiss in Tracks 12 and 13 within **30 days** of the Court's ruling on Plaintiffs' motion for leave to amend their complaints. Plaintiffs shall file their responses in opposition **60 days** after the motions to dismiss are filed. The PBM Defendants shall file replies **30 days** after responses are filed.

   The PBM Defendants shall file any motions to dismiss in Tracks 14 and 15 within **60 days** after the motions to dismiss in Tracks 12 and 13 are filed. Plaintiffs shall file their responses in opposition **60 days** after the motions to dismiss are filed. The PBM Defendants shall file replies **30 days** after responses are filed.

   (i) The PBM Defendants may file a joint memorandum of up to **50 pages** in length on common issues in support of their motions to dismiss the claims against them in each Track. The plaintiff in each Track may file a response brief of up to **50 pages** addressing the PBM Defendants' joint memorandum on common issues.

2

        The PBM Defendants may file a joint reply of up to **15 pages** in length in support of their joint memorandum.

    (ii)    Each PBM Defendant Family may also file an individual memorandum of up to **10 pages** concerning issues specific to it in each Track. Responses to such memorandum shall be limited to **10 pages**, and reply memoranda shall be limited to **5 pages**.

    (iii)    The parties may use the pages above as they see fit, though opposition briefs shall not exceed the number of pages permitted in opening briefs.

2. **Jurisdictional Motions to Dismiss:** The parties shall meet and confer as soon as reasonably possible after Plaintiffs file their proposed amended complaints to discuss whether the PBM Defendants expect to file motions to dismiss on jurisdictional grounds and, if so, the extent to which jurisdictional discovery may be required and its appropriate scope. The PBM Defendants are not bound by any prior orders on jurisdictional discovery that were briefed by other defendants.

    i. All Defendants in each Track that choose to file a motion to dismiss on jurisdictional grounds in that Track may submit a joint memorandum for each Defendant Family in that Track in support of up to **50 pages** in length. The plaintiff in each Track may file a response brief of up to **50 pages** addressing the jurisdictional memorandum. The moving Defendants may file a joint reply of up to **25 pages** in length in support of their joint memorandum. These briefing limits do not apply to Section B.1.

3. **Answers:** In Tracks 12 and 13, the PBM Defendants shall answer the operative complaints within **30 days** of the Court's ruling on a motion to dismiss or, if no such motion is filed, within **30 days** of the Court's ruling on Plaintiffs' motion for leave to amend their complaints. In Tracks 14 and 15, the PBM Defendants shall answer the operative complaints within **30 days** of the Court's ruling on a motion to dismiss or, if no such motion is filed, within **90 days** of the Court's ruling on Plaintiffs' motion for leave to amend their complaints.

4. Discovery may proceed before answers are filed or while any Motions to Dismiss are pending. The parties may object to the scope of discovery pending resolution of any motions to dismiss.

5. **Joinder of Parties.** The PBM Defendants shall file third-party complaints or other pleadings to join additional parties or prevent the severance of additional parties within **14 days** after service of their answers.

C. **Fact Discovery**

1. Initial document discovery shall proceed while motions for leave to amend and motions to dismiss are pending. The parties may object to the scope of discovery pending resolution of any motions to dismiss.

2. In Tracks 12 and 13, the two Plaintiffs may collectively serve up to **45** requests for production and up to **45** interrogatories on each PBM Defendant Family.

3. In Tracks 14 and 15, the two Plaintiffs may collectively serve up to **25** requests for production and up to **25** interrogatories on each PBM Defendant Family.

4. In Tracks 12 and 13, the PBM Defendants may collectively serve up to **35** requests for production and up to **35** interrogatories on each Plaintiff.

5. In Tracks 14 and 15, the PBM Defendants may collectively serve up to **35** requests for production and up to **35** interrogatories on each Plaintiff.

6. The parties may seek leave to propound additional requests for production or interrogatories after the Court rules on Plaintiffs' motion for leave to their amend complaints.

7. **PBM Data**:

   i. **February 1, 2024** – The parties shall meet and confer regarding the PBM data to be produced for all four PBM Bellwether cases, including data fields and geographic scope.

   ii. **March 1, 2024** – The PBM Defendants shall provide to Plaintiffs a list of data fields included in their claims data, rebate and administrative fee data, and mail order pharmacy dispensing data,[3] along with data dictionaries or other available description of each field.

   iii. The parties shall meet and confer regarding the data fields to be produced from each data set. The parties shall work with Special Master Cohen to address any disagreements. Any motions regarding the production of particular data fields shall be submitted to Special Master Cohen by **March 15, 2024**.

   iv. The PBM Defendants shall produce PBM data for Tracks 12 and 13 pursuant to the terms and scope agreed upon by the

---

[3] After the Court rules on Plaintiffs' motion for leave to amend their complaints, and the PBM Defendants' motions to dismiss, the PBM Defendants may object to producing certain data based on those rulings and expressly reserve their rights to do so.

    parties by **June 14, 2024**. The PBM Defendants shall produce PBM data for Tracks 14 and 15 by **August 16, 2024**.

8. **Plaintiffs' Data**:

    i. **February 1, 2024** – The parties shall meet and confer regarding the data to be produced by Plaintiffs for all four PBM Bellwether cases, including data fields and geographic scope. Plaintiffs shall also identify every insurer and PBM they have contracted with or received services from in their capacities as plan sponsors.

    ii. **March 1, 2024** – The Plaintiffs shall provide to the PBM Defendants a list of data fields included in (i) claims data and rebates data they have received, or have access to, from their insurers and/or PBMs in their capacities as plan sponsors, (ii) dispensing or prescription data they have received, or have access to, in their capacities as counties and municipalities (e.g., PDMP data, data from other government agencies), and (iii) financial data about their budgets and expenditures. Plaintiffs shall also provide data dictionaries or other available descriptions of each field.

    iii. The parties shall meet and confer regarding the data fields to be produced from each data set. The parties shall work with Special Master Cohen to address any disagreements. Any motions regarding the production of particular data fields shall be submitted to Special Master Cohen by **March 15, 2024**.

    iv. The Plaintiffs shall produce data for Tracks 12 and 13 pursuant to the terms and scope agreed upon by the parties by **June 14, 2024**. The Plaintiffs shall produce data for Tracks 14 and 15 by **August 16, 2024**.

9. **Plaintiffs' identification of Prescriptions that Plaintiffs Claim Caused their harm and for which they seek relief:** Plaintiffs and their experts shall identify for the PBM Defendants (i) the prescriptions they contend caused the harm for which each Plaintiff seeks relief; (ii) the methodology or methodologies they used to reach such a contention; and (iii) the electronic scripts, code and analytical programs used by each Plaintiff and/or its experts to implement that methodology.

    **Deadline:** Within **45 days** after production of the PBM Defendants' PBM data referred to above in Section E.7. The parties may negotiate different data production deadlines.

10. **Identification of Document Custodians Tracks 12 and 13:**
    i. **March 1, 2024** – The parties shall identify their proposed document custodians for Tracks 12 and 13 based on the discovery requests propounded by the other side, including titles and timeframes of employment in their relevant position(s).
    ii. The parties will negotiate search terms for custodians.
    iii. The parties shall meet and confer regarding any disputes regarding document custodians or the search terms in Tracks 12 and 13 within **14 days** of identification.
    iv. Custodial document production in Tracks 12 and 13 must begin by **April 15, 2024**.

11. **Identification of Document Custodians Tracks 14 and 15:**
    i. **April 30, 2024** – The parties shall identify their proposed document custodians for Tracks 14 and 15 based on the discovery requests propounded by the other side, including titles and timeframes of employment in their relevant position(s).
    ii. The parties will negotiate search terms for custodians.
    iii. The parties shall meet and confer regarding any disputes regarding document custodians or the search terms in Tracks 14 and 15 within **14 days** of identification.
    iv. Any disputes about the scope of custodians and search terms in Tracks 14 and 15 must be submitted to the Court by **June 14, 2024**.

12. Deadlines for parties to serve written discovery in Tracks 12 and 13: **July 19, 2024.**

13. Deadlines for parties to serve written discovery in Tracks 14 and 15: **September 20, 2024.**

14. Document production by all parties will be substantially completed for Tracks 12 and 13 by **December 11, 2024**. Document production leading up to these deadlines should occur on a rolling basis.

15. Document production by all Parties will be substantially completed for Tracks 14 and 15 by **February 6, 2025**. Document production leading up to these deadlines should occur on a rolling basis.

16. Close of fact discovery in Tracks 12 and 13 will be **April 11, 2025.**

17. Close of fact discovery in Tracks 14 and 15 will be **June 6, 2025.**

    **D.**     <u>**Depositions**</u>

1. **Depositions of PBM Defendants - Fact Witnesses:** In Tracks 12 and 13, Plaintiffs may collectively depose no more than **25** party-defendant fact witnesses for the PBM Defendants. In Tracks 14 and 15, Plaintiffs may collectively depose **5** additional party-defendant fact witnesses for each PBM Defendant. Track 14 and 15 Plaintiffs may not re-depose party-defendant fact witnesses deposed in Tracks 12 and 13 unless approved by the Court upon a showing of good cause.

2. **Depositions of Plaintiffs - Fact Witnesses:** In each Track, the PBM Defendants may collectively depose **30** fact witnesses affiliated with each Plaintiff.

3. The parties will make a good faith effort to limit their deposition questions of all witnesses, including experts who have previously been deposed in the opioid litigation to matters that were not inquired into or adequately addressed in the witness's prior depositions.

4. Depositions of party fact witnesses shall be limited to 7 hours each.[4]

5. In addition to the fact witnesses above, Tracks 12 and 13 Plaintiffs may collectively conduct **14 hours** of 30(b)(6) witness depositions of each PBM Defendant Family. The PBM Defendants collectively may conduct **14 hours** of 30(b)(6) witness depositions of each individual Plaintiff in Tracks 12 and 13.

6. Tracks 14 and 15 Plaintiffs may collectively conduct an additional **7 hours** of 30(b)(6) witness depositions of each PBM Defendant Family. The PBM Defendants collectively may conduct **14 hours** of 30(b)(6) witness depositions of each individual Plaintiff in Tracks 14 and 15.

7. The foregoing limitations do not apply to the depositions of third parties or place a limit on the number of depositions the parties may take of third parties.

8. The Revised Deposition Protocol Order (ECF No. 3589) continues to apply except as modified by this Order, unless otherwise agreed or ordered by the Court. The noticing party shall have the right to determine if it will take any deposition it notices in-person or remotely. Such determination shall be independent from any determination whether the defending party defends the deposition in-person or remotely.

---

[4] The PBM Defendants expressly reserve the right to object to the redeposition of any fact witnesses previously deposed in any opioid-related court proceeding.

9. The parties may seek leave to depose additional fact witnesses upon good cause shown. ECF No. 5268 at 7–8.

E. **Expert Discovery Deadlines Tracks 12 and 13**

1. Except for expert witnesses who will testify *only* in the abatement-phase of the Tracks 12 and 13 trials, Plaintiffs shall serve expert reports on **April 25, 2025**.

    i. For each expert, Plaintiffs shall propose two deposition dates between **May 5, 2025 and June 9, 2025**.[5] To the maximum extent possible, Plaintiffs should propose three deposition dates.

2. Except for expert witnesses who will testify *only* in the abatement-phase of the Tracks 12 and 13 trials, the PBM Defendants shall serve expert reports on **July 18, 2025**.

    i. For each expert, the PBM Defendants shall propose two deposition dates between **July 28, 2025 and September 8, 2025**. To the maximum extent possible, the PBM Defendants should propose three deposition dates.

F. **Expert Discovery Deadlines Tracks 14 and 15**

1. Except for expert witnesses who will testify *only* in the abatement-phase of the Tracks 14 and 15 trials, Plaintiffs shall serve expert reports on **June 20, 2025**.

    i. For each expert, Plaintiffs shall propose two deposition dates between **July 7, 2025 and August 11, 2025**. To the maximum extent possible, Plaintiffs should propose three deposition dates.

2. Except for expert witnesses who will testify *only* in the abatement-phase of the Tracks 14 and 15 trials, the PBM Defendants shall serve expert reports on **September 12, 2025**.

    i. For each expert, the PBM Defendants shall propose two deposition dates between **September 26, 2025 and November 7, 2025**. To the maximum extent possible, the PBM Defendants should propose three deposition dates.

G. **Prior Rulings**

1. The PBM Defendants are not bound by prior rulings in this MDL to which

---

5 The Court previously directed the parties to agree upon a five week window to depose experts.

they were not a party. If an issue arises that is the subject of a prior ruling in this MDL from this Court, excluding decisions made off-docket by Special Master Cohen, the PBM Defendants may: 1) file a statement adopting the same arguments made by prior defendants in this MDL; 2) raise new arguments as may be applicable; or 3) make a showing that they are differently situated from prior defendants in this MDL and the facts applicable to the PBM Defendants warrant a different outcome.

H. *Daubert* **and Dispositive Motions**

1. The Court declines to make definitive decision at this time on whether this Court or the transferor courts will decide *Daubert* motions and dispositive motions.

I. **Motions *in Limine***

1. Motions *in limine* and trial-specific evidentiary rulings will be made by the transferor courts.

J. **Redactions**

1. For any filings to be made under seal or with redactions, the parties shall follow the process previously outlined in Docket No. 1719 (June 24, 2019), with two exceptions:

    i. Paragraph 4 will be replaced as follows: "Any Party or Non-Party whose Confidentiality information is contained in a filing shall have seven (7) days to inform the Filing Party whether they request any redaction or filing under seal, and by that time will provide the information required by paragraph 3 (on page 2) of Docket No. 1719"; and

    ii. PBM Defendants will not be bound by the standards outlined in Docket No. 1719, including footnote 4 and the restriction regarding "bona fide trade secrets." The parties will meet and confer regarding redactions and, to the extent the parties disagree on whether material should be redacted and sealed, the parties will have an opportunity to brief the issue for the Court's resolution.

**IT IS SO ORDERED.**

Dated: December __, 2023

                                                                                                                                           _____
                                                                 DAN AARON POLSTER
                                                                 UNITED STATES DISTRICT JUDGE