# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL 2804 |
| THIS DOCUMENT RELATES TO: | Case No. 1:17-md-2804 |
| *PBM Bellwether Cases* | Judge Dan Aaron Polster |
| | **PBM DEFENDANTS' RESPONSE TO PLAINTIFFS' SECOND PROPOSED CASE MANAGEMENT ORDER** |

**The PBM Defendants submit the responses and objections below in opposition to Plaintiffs' second proposed case management order, in accordance with the directives from the Court and Special Master Cohen. If the PBM Defendants do not provide a response in red to a paragraph or section, the Court has already ruled on the issue or the PBM Defendants do not object to the proposal.**

On October 27, 2023, the Court entered an order identifying four bellwether cases against the Pharmacy Benefit Manager (PBM) defendants which the Court will now assign to case tracks: *City of Rochester v. Purdue Pharma*, *L.P.,* No. 19-op-45853 ("Track 12"), *Lincoln County v. Richard Sackler, M.D.,* No. 20-op-45069 ("Track 13"), *City of Independence, Missouri v. Williams*, No. 19-op-45371 ("Track 14"), and *County of Webb, Texas v. Purdue Pharma, L.P.,* No. 18-op-45175 ("Track 15") (collectively "PBM Bellwether cases"). The Court directed the parties to meet and confer and work with Special Master Cohen as necessary regarding the proposed case management schedules.

The parties have agreed to split the four PBM Bellwether cases in to two groups and stagger the case management schedules for the two groups. The cases in Track 12 and Track 13 will comprise the first group and the cases in Track 14 and Track 15 will comprise the second group, trailing the first group by sixty days. The Track 12 and 13 cases will proceed pursuant to the schedule below.

A. **Previous Discovery**: All discovery produced by any entity in this MDL, or pursuant to DR 22, or produced in the Purdue Bankruptcy, *In re: Purdue Pharma L.P., et al.,* No. 19-23649(SHL) (S.D.N.Y. Bk.), shall be deemed produced in the PBM Bellwether cases.

As a general principle, discovery that Plaintiffs may seek in these PBM bellwether cases shall not be limited by discovery conducted in any other action, including the Jefferson County case.[1] However, Plaintiffs shall, as always, make best efforts to avoid duplicative discovery, whether taken in state or federal court.

<span style="color:red">**PBM Response:** To the extent any discovery produced in the Purdue Bankruptcy, *In re Purdue Pharma L.P., et al.,* No. 19-23649 (SHL) (S.D.N.Y. Bk.), shall also be deemed produced in the PBM Bellwether cases, Plaintiffs must be directed to provide such discovery to the PBM Defendants.</span>

B. **Motion for Leave to File Amended Complaints:** PBM Bellwether Plaintiffs who wish to amend their complaints must file and serve their amended complaints by Noon on **December 15, 2023**. The PBM defendants may file a joint opposition by Noon on **January 10, 2024**. Plaintiffs' Reply will be due at Noon on **January 22, 2024**. The parties may begin propounding discovery after the Plaintiffs' motions for leave to file amended complaints are filed on December 15, 2023.

C. **Motions to Disqualify Counsel:** The PBM Defendants may file a single motion to disqualify counsel of no longer than 20 pages by **December 20, 2023**. The PBM Bellwether Plaintiffs and the PEC may file a joint response in opposition of no longer than 20 pages by **January 22, 2024.** The PBM Defendants may file a reply of no longer than 10 pages by **February 5, 2024**. The PBM Bellwether Plaintiffs and the PEC reserve the right to argue that any motion to disqualify has been waived or is barred by the doctrine of laches.

<span style="color:red">**PBM Response:** The PBM Defendants agree to extend the briefing schedule for the motion to disqualify counsel as reflected in paragraph C, provided that the Court similarly extend the briefing schedule for the motion for leave to amend in paragraph B.</span>

D. **Motions to Dismiss:**

  1. MTDs may be filed pursuant to the following schedule:

| Case Track | Motion | Response | Reply |
|---|---|---|---|
| Tracks 12-13 | 30 days after ruling on motion for leave to amend | 60 days after Track 12/13 MTD served | 30 days after Track 12/13 Response served |

---

[1] *Jefferson County v. Dannie E. Williams. M.D., et al.,* Case No. 20JE-CC00029 (Twenty-Third Judicial Circuit, Missouri).

| Tracks 14-15 | 60 days after Track 12/13 MTD served | 60 days after Track 14/15 MTD served | 30 days after Track 14/15 Response served |

**The PBMs agree to this schedule.**

2. The parties shall coordinate and consolidate all briefing on motions to dismiss and avoid duplicative briefing by incorporating similar arguments by reference. The Court intends to adhere to all formal rulings made in the prior MDL tracks. If a similar issue arises, the Parties shall not simply reassert the same arguments made by prior parties in this MDL. Instead, the parties shall file a simple statement that they adopt those arguments in order to preserve the record for appeal. If the parties have *new* arguments that are meaningfully different from those raised earlier and resolved in prior Court rulings, they may make them. The Parties may also seek departure from the prior rulings for good cause shown. The Court recognizes that the PBMs are differently situated than the prior categories of MDL defendants and are entitled to make a showing that the facts the Court relied on in making its prior rulings are sufficiently different with respect to the PBM defendants to warrant a different outcome.

**PBM Response:** The Court has already held that the PBM Defendants "are not bound by prior rulings to which they were not a party" and set forth explicit instructions on how the PBM Defendants should address issues that may be similar to those previously reviewed by the Court. (ECF No. 5268). Plaintiffs' attempt to impose a "good cause" requirement for the PBM Defendants to overcome any prior decision to which they were not a party should be rejected by this Court because it is inconsistent with the federal rules and due process.

3. Page limits for 12(b)(6) motions to dismiss:

   (i) Defendants may file a joint memorandum of up to **30 pages** in length on common issues in support of their motions to dismiss the claims against them. Plaintiff may file response briefs collectively totaling up to **30 pages** addressing Defendants' joint memorandum on common issues. Defendants may file a joint reply of up to **15 pages** in length in support of their joint memorandum.

   (ii) Each Defendant family may also file an individual memorandum of up to **10 pages** concerning issues specific to it. Responses to such memorandum shall be limited to **10 pages**, and reply memoranda shall be limited to **5 pages**.

3

6. The parties may use the pages above as they see fit, though opposition briefs shall not exceed the number of pages permitted in opening briefs.

7. **MTDs on Jurisdictional and Venue Grounds:** Defendants may also file motions to dismiss on jurisdictional or venue grounds in each case according to the schedule referred to above in Section D1. Plaintiffs shall have 60 days to file their oppositions. The PBM Defendants shall have 30 days to file their replies. To the extent, these motions to dismiss involve multiple individual defendant entities, the parties are instructed to combine their motions and arguments to the extent possible to avoid duplicative briefing. Each Defendant family may file a memorandum of up to **50** pages. Plaintiff may file response briefs collectively totaling up to **50** pages. Each Defendant family may file a reply of up to **25** pages.

    **Jurisdictional Discovery:** The parties shall meet and confer as soon as possible to discuss whether the PBMs expect to file jurisdictional motions to dismiss; and, if so, the extent to which jurisdictional discovery may be necessary and its proper scope. The parties shall use the Court's February 24, 2020 Order Regarding Jurisdictional Discovery of Rite Aid (Docket No. 3180 to guide their discussions.

    As noted above, normal fact discovery will continue during the pendency of any motions to dismiss.

    <span style="color:red">**PBM Response**: As set forth in the Court's December 11, 2023 Order, the PBM Defendants are not bound by any prior decisions in this MDL to which they were not a party and did not have an opportunity to be heard, including the Court's February 24, 2020 Order Regarding Jurisdictional Discovery of Rite Aid (Doc. No. 3180).</span>

8. **Answers to Amended Complaints.** Defendants shall file their answers to any claims that survive Defendants' motions to dismiss within **thirty (30)** days of the date the Court issues its ruling on the motions to dismiss.

E. **Third Party Complaints.** Defendants shall file any third-party complaints fourteen (14) days after service of their answers.

F. **Fact Discovery for Track 12 and Track 13**

1. Parties may serve initial document discovery at any time after the entry of this CMO. Initial document discovery shall procced while motions to dismiss are pending. In tracks, 12 & 13, the two Plaintiffs collectively may serve up to 45 requests for production and up to 45 interrogatories on each Defendant. In tracks 12 & 13 Defendants can serve collectively 35 requests for production and 35 interrogatories on Plaintiff. The Parties may seek to propound additional requests for production and interrogatories after the Court rules on motions to dismiss.

2. **January 16, 2024 -** Defendants shall provide to Plaintiff on a rolling basis a list of data fields included in their claims data, rebate and administrative fee data, and mail order pharmacy dispensing data, along with data dictionaries or other available descriptions of each field.  They shall also provide any documents which reflect the sale of said data to third parties by the defendants and/or entities to whom the defendants allow to control the data for said purposes.

   **PBM Response**: Plaintiffs' proposal to impose a January 16, 2024 interim deadline is inconsistent with the Court's prior order (ECF No. 5268), unreasonable, and would impose an undue burden on the PBM Defendants.

   The Court already identified **March 1, 2023** as the deadline for the PBM Defendants to "provide to Plaintiff a list of data fields included in their claims data." The PBM Defendants do not agree to modify the Court's prior order.

   In any event, the January 16, 2023 deadline is not feasible. Plaintiffs seek an immense amount of information about complex data systems. Data dictionaries or descriptions for most of the data at issue are not kept in the ordinary course of business.  If ordered to do so by the Court, the creation of these descriptive documents will be a labor-intensive and time-consuming process that will take many weeks, particularly in light of holiday vacations.

   Plaintiffs' January 16, 2023 proposal is also premature given that the PBM Defendants do not know what claims will ultimately proceed to discovery in the case. For example, briefing on Plaintiffs' motion for leave to file amended complaints will not be complete until late January or February, with an order to follow at a later date.

   Finally, Plaintiffs have not yet served Requests for Production of Documents on the PBM Defendants. Their request that the Court compel disclosure of contract documents before discovery requests have been served is improper. Federal Rule of Civil Procedure 34 allows the PBM Defendants thirty days to review document requests and assert any applicable objections. While the PBM Defendants recognize that the MDL is designed to create efficiencies, the Federal Rules of Civil Procedure continue to apply. *See In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 845 (6th Cir. 2020) ("But an MDL court must find efficiencies within the Civil Rules, rather than in violation of them.").

3. **January 23, 2024 -** Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iv), the parties shall produce any insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment in Track 12 or Track 13, or to indemnify or reimburse for payments made to satisfy any judgment. This includes agreements insuring against general liability, product liability, druggist liability, directors and officers liability, and any other applicable agreements.

> The parties shall also produce charts that depict the insurance coverage that is or may be applicable to the claims in Track 12 and/or Track 13.
>
> **PBM Response:** The PBM Defendants should not be compelled to produce insurance agreements until after the motions for leave to amend and motions to dismiss are resolved by the Court. The Court's decisions on these motions may dramatically affect which insurance agreements are subject to disclosure and there is no pressing need for them.

4. **February 1, 2024** – The parties shall begin to meet and confer regarding the data fields to be produced from each data set. The parties shall work with Special Master Cohen to address any disagreements. Any motions regarding the production of particular data fields shall be submitted to Special Master Cohen by **February 15, 2024.**

   **PBM Response**: The Court previously ordered that the PBM Defendants must produce data fields by **March 1, 2024**. Accordingly, the deadline to submit disputes regarding particular data fields to Special Master Cohen should be **March 15, 2024**.

5. **May 15, 2024 -** PBM data production shall be essentially complete.

   **PBM Response:** The Court previously granted the PBM Defendants 90 days to produce after March 1, 2024 (June 13, 2024). Accordingly, the substantial completion deadline for data production should be in July or August. Plaintiffs continue to insist on an abbreviated production schedule, yet recently filed proposed amended complaints that dramatically expand the scope of these cases.

6. **March 1, 2024** – Parties shall identify their proposed document custodians, including titles and timeframes of employment in their relevant position, and shall exchange proposed search terms. **Motions regarding search terms and custodians shall be submitted to Special Master Cohen by March 15, 2024.**[2]

   **The PBM Defendants agree to these deadlines.**

7. **April 15, 2024** – Custodial document production must commence and must continue on a rolling basis. The parties shall meet and confer regarding the priority of production of custodian files.

   **The PBM Defendants agree to this deadline and agree to meet and confer with Plaintiffs to streamline discovery for all parties.**

---

[2] The parties may submit additional motions regarding custodians to Special Master Cohen in the event that disputes arise regarding requests to add custodians identified through subsequent document productions.

6

8. **May 30, 2024 –** Other than as noted below, document production by all parties will be essentially complete. Document production leading up to this deadline should occur on a rolling basis.

    **PBM Response:** As of December 22, 2023, no party has served any discovery requests. Further, the Court ordered the parties to identify document custodians and proposed search terms on March 1, 2023 and to begin custodian document production on April 15, 2023. Plaintiffs' proposed substantial completion deadline for all document production is just five months away, two months after the parties identify custodians and *propose* search terms, and just six weeks after the date the Court ordered the parties to *commence* custodian production. Moreover, the parties will likely still be litigating the discovery disputes brought to Special Master Cohen just weeks before. Plaintiffs' proposed substantial completion deadline is unreasonable and will only result in unnecessary motion practice, readjusted schedules, and a waste of judicial resources.

9. **July 1, 2024** – Plaintiff shall identify for Defendants (i) the prescriptions they (and their experts) conclude caused them the harm for which they seek relief; (ii) the methodology or methodologies they (and their experts) used to reach such a conclusion; and (iii) the electronic scripts or analytical programs used by Plaintiff and/or their experts to implement that methodology.

    **PBM Response:** The Court granted Plaintiffs 45 days to identify the prescriptions described in this paragraph. (ECF No. 5268 at 6).

10. **August 15, 2024**. Defendants shall produce due diligence information, including but not limited to notes field data, checklists, and documents as described in Special Master Cohen's ruling concerning notes field information in Track 3.

    **PBM Response:** The PBM Defendants object to this deadline and requirement. Plaintiffs have not cited to a formal order or ruling by the Court related to due diligence discovery and the PBM Defendants are not aware of the relevant decision from Special Master Cohen. Further, the PBM Defendants were not a party to the motion practice that resulted in the Special Master's order. The PBM Defendants must be provided an opportunity to review the relevant ruling and briefing, at a minimum, before they can agree to be governed by it or raise a proper objection in accordance with the Court's directive regarding prior rulings.

    Defendants expressly reserve their right to object to the production of any additional notes fields or due diligence information, and Plaintiff expressly reserves its right to ask for any notes fields or due diligence information.

11. **September 13, 2024** – Close of fact discovery.[3]

**PBM Response**: The PBM Defendants agree with the position asserted by Plaintiffs in their Position Statement Regarding Proposed Initial CMO dated November 21, 2023: "[I]t would be more efficient and would better serve the interests of judicial economy for the Court to defer ruling on the myriad issues raised by the [competing proposed schedules] until after the PBM Bellwether Complaints are amended" pursuant to the Court's decision on Plaintiffs' motion for leave to amend. Until the Court decides the scope of these bellwether cases, any attempt to set a definitive case schedule is an exercise in futility.

If the Court decides to set a schedule at this time, the schedule must account for the extensive discovery Plaintiffs seek, as well as anticipated third party discovery, and potential third party complaints. Plaintiffs' proposed schedule will only result in repeated requests for extensions, unnecessary motion practice, and delay. The PBM Defendants respectfully request that the Court adopt a schedule that allows the parties to work cooperatively and efficiently, without having to frequently request the Court's intervention.

**G.    Depositions for Track 12 and Track 13.**

1. Track 12 & 13 collectively can take 25 depositions of each PBM defendant. The Court will consider motions for leave to take additional depositions for good cause.

2. The PBM Defendants can take 30 depositions of each plaintiff. The Court will consider motions for leave to take additional depositions for good cause.

3. In addition to the fact witnesses above, Plaintiff may conduct **14 hours** of 30(b)(6) witness depositions of each individual Defendant. Defendants collectively may conduct **14 hours** of 30(b)(6) witness depositions of each Plaintiff.

**PBM Response**: The PBM Defendants object to paragraphs G.1, G.2, and G.3 to the extent Plaintiffs suggest they may depose *each* PBM Defendant entity. The PBM Defendants agree that the Track 12 and 13 Plaintiffs can each take 25 party fact depositions of **each PBM Defendant Family** and may conduct 14 hours of 30(b)(6) witnesses depositions of **each PBM Defendant Family**. This approach is consistent with the Court's December 11, 2023 order and prior practice in this MDL.

4. Depositions of party fact witnesses shall be limited to 7 hours each.

---

[3] It is the intent of the Court that the parties have the opportunity to depose all trial witnesses. Notwithstanding the close of fact discovery, if a party lists a witness for trial in its Rule 26(a)(3) disclosures who has not been deposed prior to trial, any opposing party shall be afforded to the right to depose the witness prior to the witnesses' trial testimony.

5. The parties will make a good faith effort to limit their deposition questions of all witnesses, including experts who have previously been deposed in the opioid litigation to matters that were not inquired into or adequately addressed in the witness's prior depositions.

6. Depositions may begin before the deadline for document production in Section F.6 above. To the extent a deposition will be taken before the custodial file has been produced pursuant to Section F.7 above, production of the deponent's custodial file must be substantially completed 14 days before the deposition, and fully completed 7 days before the deposition.

   **PBM Response**: The PBM Defendants object to this provision to the extent it attempts to provide Plaintiffs with unilateral control over the timing and prioritization of discovery. The PBM Defendants will work cooperatively with Plaintiffs to produce custodial documents in a timely and efficient manner and to avoid any need for additional or duplicative depositions. However, this provision would purport to allow Plaintiffs to notice depositions and demand the full production of custodial files in advance of other Court-ordered production deadlines.

7. Given the likely complexity of this case, the Court will not limit the number of third-party depositions the parties may take. This does not prohibit the parties from coming to agreement on a limit, but the Court will not impose one at this time.

   **The PBM Defendants agree to this paragraph.**

8. The **Revised Deposition Protocol Order (Doc. #: 3589)** continues to apply except as modified by this Order, unless otherwise agreed or ordered by the Court. The noticing party shall have the right to determine if it will take any deposition it notices in-person or remotely. Such determination shall not impact whether the defending party defends the deposition in-person or remotely.

   **PBM Response:** The PBM Defendants agree to this paragraph with one small exception. The PBM Defendants propose that the last sentence be modified as follows: "Such determination shall be independent from any determination whether the defending party defends the deposition in-person or remotely."

9

H.   **Expert Discovery Deadlines for Track 12 and Track 13**

   1. **October 14, 2024** – Plaintiff shall serve expert reports on all issues except abatement and other remedies and, for each expert, provide two proposed deposition dates between **November 4, 2024** and **December 9, 2024**.

      **PBM Response**: The PBM Defendants refer the Court to their position regarding the overall case schedule above and as reflected in Plaintiffs' Position Statement Regarding Proposed Initial CMO dated November 21, 2023

   2. **January 6, 2025** – Defendants shall serve expert reports on all issues except abatement and other remedies and, for each expert, provide two proposed deposition dates between **January 27, 2025** and **March 3, 2025**.

      **PBM Response**: The PBM Defendants refer the Court to their position regarding the overall case schedule above and as reflected in Plaintiffs' Position Statement Regarding Proposed Initial CMO dated November 21, 2023.

   3. Expert reports rebutting responsive reports shall be served **21 days** after the deposition of the responsive expert. **Any materials relied on by the rebutting expert shall be produced within 7 days of serving the rebuttal reports.**

      **PBM Response**: The PBM Defendants do not object to Plaintiffs' proposal in paragraph H.3, provided that all rebuttal experts may be subject to deposition before the end of the expert discovery period.

I.   *Daubert* **and Dispositive Motions for Track 12 and Track 13**

   1. March 17, 2025 - Deadline for *Daubert* and dispositive motions.

   2. **May 17, 2025** – Deadline for responses to *Daubert* and dispositive motions.

   3. **June 17, 2025** – Deadline for replies in support of *Daubert* and dispositive motions.

With respect to Daubert and dispositive motions, the Parties will meet and confer on page limits and mechanisms to further avoid unnecessarily lengthy or duplicative briefing while preserving the record based on motions filed in separate tracks of the MDL.

**PBM Response**: As set forth in the Court's December 11, 2023 Order, the PBM Defendants are not bound by any prior decisions in this MDL to which they were not a party and did not have an opportunity to be heard. Moreover, the Court expressly declined to determine whether it would rule on *Daubert* and dispositive motions at this time.

J.   **Schedule for Discovery, Dispositive and Daubert Motions for Track 14 and Track 15.** Upon issuance of this CMO, the parties will promptly meet and confer regarding

dates for discovery, dispositive and *Daubert* motions for Track 14 and Track 15 with the intent to stagger the remaining deadlines for Track 14 and Track 15 60 days after the deadlines for Track 12 and Track 13.

**PBM Response**: The PBM Defendants propose that the Court enter one case management order governing all four PBM Bellwether cases to ensure consistency and adherence to the parties' agreed-upon two-by-two schedule. Furthermore, the Court's December 11, 2023 order already addressed numerous aspects of Tracks 14 and 15, including the overall timing of the case schedule behind Tracks 12 and 13, answers, and data production. There is no reason to delay entering a case management order governing Tracks 14 and 15.

K.     **Motions *in limine*.** This Court does not intend to rule on motions *in limine* prior to remand. However, this Court will provide prior evidentiary rulings to the transferee court for that court's adoption or rejection as it deems appropriate. This Court however may make certain evidentiary rulings while addressing other pretrial motions that could control or impact subsequent motions *in limine.*

**PBM Response**: As the Court has already held, the PBM Defendants are not bound by prior orders in the MDL that they did not have an opportunity to participate in, and the transferee court is solely responsible for making evidentiary rulings for trial.

L.     **Filings Under Seal** - For any filings to be made under seal (or with redactions) the parties shall follow the process and adhere to the standards previously outlined in docket nos. 1719 and 1813, with the exception that any Party or Non-Party whose Confidential information is contained in a filing shall have seven (7) days to inform the Filing Party whether they request any redaction or filing under seal, and by that time will provide the information required by paragraph 3 (on page 2) of docket no. 1719.

**PBM Response:** The PBM Defendants propose the following changes to Plaintiffs' proposal:

**Filings Under Seal** - For any filings to be made under seal (or with redactions) the parties shall follow the process and adhere to the standards previously outlined in docket nos. 1719 and 1813, with the exception that following exceptions: (1) that any Party or Non-Party whose Confidential information is contained in a filing shall have seven (7) days to inform the Filing Party whether they request any redaction or filing under seal, and by that time will provide the information required by paragraph 3 (on page 2) of docket no. 1719; and (2) that the parties will not be bound by the standards outlined in Docket No. 1719, including footnote 4 and the restriction regarding "bona fide trade secrets." The parties will meet and confer regarding redactions and, to the extent the parties disagree on whether material should be redacted and sealed, the parties will have an opportunity to brief the issue for the Court's resolution.

11

**M.**     **Remand -** The Court shall remand the PBM Bellwether Cases with issuance of any orders on Daubert and Dispositive motions if necessary.

**IT IS SO ORDERED.**

_____
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**