# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** ) ) ) | **MDL 2804** |
| **THIS DOCUMENT RELATES TO:** ) ) | **Case No. 1:17-md-2804** |
| *All Cases* ) ) ) ) | **Judge Dan Aaron Polster** <br><br> **ORDER** |

On October 27, 2023, the Court entered an order identifying four bellwether cases against the Pharmacy Benefit Manager (PBM) defendants, which the Court later assigned to the following case tracks: *City of Rochester v. Purdue Pharma*, L.P., No. 19-op-45853 ("Track 12"); *Lincoln County v. Richard Sackler, M.D.,* No. 20-op-45069 ("Track 13"); *City of Independence, Missouri v. Williams*, No. 19-op-45371 ("Track 14"); and *County of Webb, Texas v. Purdue Pharma, L.P.,* No. 18-op-45175 ("Track 15") (collectively "PBM Bellwether cases"). *See* docket nos. 5231 & 5268. The Court directed the parties to meet and confer and work with Special Master Cohen as necessary regarding the proposed case management schedules.

On November 17, 2023, Plaintiffs and PBM defendants each submitted competing proposed case management orders. On November 21, 2023, the parties submitted objections and responses to the opposing party's proposed order. *See* docket no. 5246. The Court held a telephone conference with the PEC and PBM defendants on December 5, 2023, to address the parties' disputes. Docket no. 5265. Following the conference, the Court entered an order resolving many outstanding issues. Docket no. 5268.

Despite the Court's guidance, the parties still could not reach agreement on a proposed CMO. On December 22, 2023, the parties again submitted separate proposed CMOs. The Court now resolves all remaining disputes and enters the following case management order for the PBM Bellwether cases.

The four PBM Bellwether cases shall be split into two groups and the case management schedules for the two groups shall be staggered as follows. The cases in Track 12 and Track 13 will comprise the first group, and the cases in Track 14 and Track 15 will comprise the second group, trailing the first group by sixty days. The Track 12 and 13 cases will proceed pursuant to the schedule below. As specified in paragraph J, below, the parties shall meet and confer and propose a case management order for Tracks 14 and 15 that closely follows this CMO, but staggered by sixty days.

**A.  Previous Discovery:**

All discovery produced by any entity in this MDL, or pursuant to Discovery Ruling No. 22 (docket no. 2576) (DR 22), or produced in the Purdue Bankruptcy, *In re: Purdue Pharma L.P., et al.,* No. 19-23649(SHL) (S.D.N.Y. Bk.), shall be deemed produced in the PBM Bellwether cases. To the extent discovery produced to or from the MDL Plaintiffs in the Purdue Bankruptcy has not also been produced pursuant to DR 22, Plaintiffs will make that discovery available to PBMs.

As a general principle, discovery that Plaintiffs may seek in these PBM Bellwether cases shall not be limited by discovery conducted in any other action, including the *Jefferson County* case.[1] However, Plaintiffs shall, as always, make best efforts to avoid duplicative discovery, whether taken in state or federal court.

---

[1] *Jefferson County v. Dannie E. Williams. M.D., et al.*, Case No. 20JE-CC00029 (Twenty-Third Judicial Circuit, Missouri).

**B.     Motion for Leave to File Amended Complaints:**

On December 15, 2023, PBM bellwether plaintiffs moved to file amended complaints. The PBM defendants may file a joint opposition by **Noon on January 22, 2024**. Plaintiffs' Reply will be due at **Noon on February 5, 2024**. The parties can and should begin propounding basic discovery.

**C.     Motion to Disqualify Counsel:**

On December 15, 2023, PBM defendant OptumRx filed a motion to disqualify Motley Rice. The PBM bellwether plaintiffs and the PEC may file a joint response of no longer than 20 pages by **Noon on January 22, 2024**. OptumRx may file a reply of no longer than 10 pages by **Noon on February 5, 2024**.

**D.     Motions to Dismiss:**

1. Motions to dismiss shall be filed pursuant to the following schedule:
    - (i)    Motion – 30 days after ruling on motion for leave to amend.
    - (ii)   Response – 60 days after motion to dismiss is served.
    - (iii)  Reply – 30 days after response is served.
2. The parties shall coordinate and consolidate all briefing on motions to dismiss and avoid duplicative briefing by incorporating similar arguments by reference. The Court intends to adhere to all formal rulings made in the prior MDL tracks. If a similar issue arises, the Parties shall not simply reassert the same arguments made by prior parties in this MDL. Instead, the parties shall file a simple statement that they adopt those arguments to preserve the record for appeal. If the parties have *new* arguments that are meaningfully different from those raised earlier and resolved in prior Court rulings, they may make them. The

Court recognizes that the PBM defendants are differently situated than the prior categories of MDL defendants and are entitled to make a showing that the facts or law the Court relied on in making its prior rulings are sufficiently different with respect to the PBM defendants to warrant a different outcome.

3. Page limits for 12(b)(6) motions to dismiss:

    (i) PBM defendants may file a single, joint memorandum of up to 30 pages in support of their motions to dismiss across both Track 12 and Track 13 cases, and applicable to issues common to both defendants. Plaintiffs may file a joint response totaling up to **30 pages**. PBM defendants may file a joint reply of up to **15 pages**.

    (ii) Each PBM defendant family may also file an individual memorandum of up to **15 pages**, concerning issues specific to it, across Track 12 and Track 13, of up to **15 pages**. Track 12 and Track 13 Plaintiffs collectively may file a separate response brief to each PBM defendant's individual memorandum. Responses shall be limited to **15 pages**. Reply memoranda shall be limited to **8 pages**.

4. Motions to dismiss on jurisdictional and venue grounds:

    In addition, PBM defendants may also file separate motions to dismiss on jurisdictional or venue grounds in each case, according to the schedule referred to above in Section D.1. Plaintiffs shall have 60 days to file their oppositions. The PBM defendants shall have 30 days to file their replies. To the extent these motions to dismiss involve multiple individual defendant entities, the parties are instructed to combine their motions and arguments to avoid duplicative briefing. Each PBM defendant family may file a

4

    memorandum of up to **30 pages**. Plaintiff may file response briefs collectively totaling up to **30 pages**. Each PBM defendant family may file a reply of up to **15 pages**.

5. Jurisdictional discovery:

    The parties shall meet and confer as soon as reasonably possible to discuss whether the PBM defendants expect to file motions to dismiss on jurisdictional grounds and, if so, the extent to which jurisdictional discovery may be required and its appropriate scope. The parties shall use the Court's February 24, 2020 Order Regarding Jurisdictional Discovery of Rite Aid (Docket no. 3180) to guide their discussions. Normal fact discovery will continue during the pendency of any motions to dismiss. The parties will bring any disputes on this issue to Special Master Cohen as soon as possible.

**E.**    **Answers to Amended Complaints**

PBM defendants shall file their answers to any claims that survive defendants' motions to dismiss within **30 days** of the date the Court issues its ruling on the motions to dismiss.

PBM defendants shall file any third-party complaints within fourteen days after service of their answers.

**F.**    **Fact Discovery**

1. Initial document discovery shall procced while motions to dismiss are pending. The two Plaintiffs collectively may serve up to 45 requests for production and up to 45 interrogatories on each PBM defendant. PBM defendants collectively may serve 35 requests for production and 35 interrogatories on each Plaintiff. The Parties may seek to propound additional requests for production and interrogatories after the Court rules on Plaintiffs' motion for leave to amend their complaints.

2. **January 16, 2024** – PBM defendants shall begin providing to Plaintiff, on a rolling basis, a list of data fields included in their claims data, rebate and administrative fee data, and mail order pharmacy dispensing data, along with data dictionaries or other available descriptions of databases and each field.

    The Court previously set a March 1, 2024 deadline for the production of these lists of data fields to be completed. The January 16, 2024 deadline above is not a modification of the March deadline. Rather, it is a recognition of the fact that it will be challenging to meet the March deadline if the PBM defendants do not begin producing those lists as soon as possible.

    In producing lists of data fields, PBM defendants are not required to (but may) *create* documents that describe the data in each field. To the extent data fields and other data-related information exist without any producible documents showing titles, description, or definitions, Plaintiffs may seek additional 30(b)(6) depositions of the PBM defendants' data managers or other personnel in order to understand data fields and related data issues.

    This data-field production requirement shall be reciprocal. Plaintiffs shall also begin to produce, starting on **January 16, 2024**, on a rolling basis, a list of data fields included in: (i) claims data and rebates data they have received, or have access to, from their insurers and/or PBM defendants in their capacities as plan sponsors, (ii) dispensing or prescription data they have received, or have access to, in their capacities as counties and municipalities (*e.g.*, PDMP data, data from other government agencies), and (iii) financial data about their budgets and expenditures, along with data dictionaries or other available descriptions of each field.

The Court observes that, although the parties have not yet begun propounding formal discovery requests, a list of available data fields is certainly discoverable and falls into the category of "basic" discovery contemplated in the Court's December 11, 2023 Order. *See* Docket no. 5286 at 3. There is no reason to wait for this Court's ruling on Plaintiffs' motion to amend their complaints when the information will be discoverable regardless of that ruling.

3. **February 1, 2024** – The parties shall begin to meet and confer regarding the data fields to be produced from each data set. The parties shall work with Special Master Cohen to address any disagreements. Any disputes regarding the production of particular data fields shall be submitted to Special Master Cohen as soon as reasonably possible and no later than **March 15, 2024.**

4. **March 1, 2024** – Parties shall identify their proposed document custodians, including titles and timeframes of employment in their relevant position, and shall exchange proposed search terms. Disputes regarding search terms and custodians shall be submitted to Special Master Cohen as soon as reasonably possible and no later than **March 15, 2024**.[2]

5. **April 15, 2024** – Custodial document production must commence and must continue on a rolling basis. The parties shall meet and confer regarding the priority of production of custodian files.

6. **June 14, 2024** – Other than as noted below, data production by all parties shall be complete. Data production leading up to this deadline should occur on a rolling basis.

---

[2] The parties may submit additional disputes regarding custodians to Special Master Cohen in the event that disputes arise regarding requests to add custodians identified through subsequent discovery.

7. **July 12, 2024** – Other than as noted below, custodial document production by all parties shall be complete. Document production leading up to this deadline should occur on a rolling basis.

8. **July 29, 2024** – Plaintiff shall identify for PBM defendants: (i) the prescriptions they (and their experts) conclude caused them the harm for which they seek relief; (ii) the methodology or methodologies they (and their experts) used to reach such a conclusion; and (iii) the electronic scripts or analytical programs used by Plaintiff and/or their experts to implement that methodology.

9. **September 12, 2024** – PBM defendants shall produce "notes fields" data as defined in this Court's May 10, 2021 Amended Order Regarding Red Flag Prescriptions and Associated Notes Field Data. *See* docket no. 3726 at 2 n.1 ("'notes fields' [means] 'any information that is associated with the particular [red flagged prescriptions], including transactional prescription data fields, hard- copy scans of the front or back of paper [prescriptions], and anything else that a Defendant asserts was a part of its documentation of due diligence for [red-flagged prescriptions].'"). The parties shall raise any disputes regarding notes fields with Special Master Cohen as soon as reasonably possible.

10. **December 23, 2024 –** Close of fact discovery.[3]

G. **Depositions**

1. Track 12 & 13 Plaintiffs collectively may take 25 depositions of each PBM defendant family. The Court will consider motions for leave to take additional depositions for good cause.

---

[3] Notwithstanding the close of fact discovery, if a party lists a witness for trial who has not been deposed prior to trial, any opposing party may seek leave to depose the witness prior to the witness's trial testimony.

2. The PBM defendants collectively may take 30 depositions of each plaintiff. The Court will consider motions for leave to take additional depositions for good cause.

3. In addition to the fact witnesses above, Plaintiff may conduct **14 hours** of 30(b)(6) witness depositions of each individual PBM defendant family, but subject to increase pursuant to paragraph F.2 above. PBM defendants collectively may conduct **14 hours** of 30(b)(6) witness depositions of each Plaintiff.

4. Depositions of party fact witnesses shall be limited to 7 hours each.

5. The parties will make a good faith effort to limit their deposition questions of all witnesses, including experts who have previously been deposed in the opioid litigation, to matters that were not inquired into or adequately addressed in the witness's prior depositions.

6. Given the likely complexity of this case, the Court will not limit the number of third-party depositions the parties may take at this time. This does not prohibit the parties from coming to agreement on a limit, or the Court from later imposing a limit.

7. The **Revised Deposition Protocol Order (docket no. 3589)** continues to apply except as modified by this Order, unless otherwise agreed or as ordered by the Court. The noticing party shall have the right to determine if it will take any deposition it notices in-person or remotely. Such determination shall be independent from any determination whether the defending party defends the deposition in-person or remotely.

H. **Expert Discovery**

1. **January 30, 2025** – Plaintiff shall serve expert reports on all issues except abatement and other remedies and, for each expert, provide two proposed deposition dates between **February 20, 2025** and **March 27, 2025**.

9

2. **April 24, 2025** – PBM defendants shall serve expert reports on all issues except abatement and other remedies and, for each expert, provide two proposed deposition dates between **May 15, 2025** and **June 19, 2025**.

3. Expert reports rebutting responsive reports shall be served **21 days** after the deposition of the responsive expert. Any materials relied on by the rebutting expert shall be produced within 7 days of serving the rebuttal reports. The parties shall meet and confer and come to agreement on whether rebuttal expert depositions will be required and if so when they will occur.

I. *Daubert* **and Dispositive Motions**

1. **June 20, 2025** – The Parties shall meet and confer on page limits for *Daubert* and dispositive motions, and mechanisms to avoid unnecessarily lengthy or duplicative briefing. If the parties do not reach full agreement, they will submit their positions to the Court by this deadline.

2. **July 3, 2025** – Deadline for *Daubert* and dispositive motions.

3. **September 2, 2025** – Deadline for responses to *Daubert* and dispositive motions.

4. **October 3, 2025** – Deadline for replies in support of *Daubert* and dispositive motions.

J. **Schedule for Discovery and Dispositive and Daubert Motions for Track 14 and Track 15**

Upon issuance of this CMO, the parties shall promptly meet and confer regarding dates for discovery and dispositive and *Daubert* motions for Track 14 and Track 15. Generally, these deadlines should be staggered by sixty days after the deadlines for Track 12 and Track 13. As stated above, in proposing deadlines for Track 14 and Track 15, the parties' proposals shall take into

account that: (1) the Court will have ruled on most of the common issues in the Track 12 and 13 motions, and (2) much of the discovery of the PBM defendants will have already been requested and/or produced. On or before **January 28, 2024**, the parties shall submit a joint proposed CMO for Tracks 14 and 15. If there is disagreement, the parties shall also submit a chart identifying each dispute and each side's position.

K.   **Motions in limine**

This Court does not intend to rule on motions *in limine* prior to remand. However, this Court will provide prior evidentiary rulings to the transferee court for that court's adoption or rejection as it deems appropriate. This Court may make certain evidentiary rulings while addressing other pretrial motions that could control or impact subsequent motions *in limine*.

L.   **Filings Under Seal**

For any filings to be made under seal (or with redactions) the parties shall follow the process and adhere to the standards previously outlined in docket nos. 1719 and 1813, with the exception that any Party or Non-Party whose Confidential information is contained in a filing shall have seven days to inform the Filing Party whether they request any redaction or filing under seal, and by that time will provide the information required by paragraph 3 (on page 2) of docket no. 1719.

       **IT IS SO ORDERED.**

       /s/ Dan Aaron Polster  December 28, 2023
       **DAN AARON POLSTER**
       **UNITED STATES DISTRICT JUDGE**