# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| **THIS DOCUMENT RELATES TO:** *ALL CASES IN THE ATTACHED LIST* | Case No. 17-md-2804 |
| | Judge Dan Aaron Polster |

# MOTION TO DISMISS CASES PENDING IN STATES WHERE KROGER HAS NO STORES

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants The Kroger Co, Kroger Limited Partnership I, Kroger Limited Partnership II (collectively "Kroger")[1] request that the Court dismiss without prejudice nine cases pending in states where Kroger does not have stores, and with prejudice sixteen cases where Kroger does not have stores and has not been served.

## I. BACKGROUND

### A. There Are Twenty-Five Cases Pending Against Kroger in States in Which it Does Not Operate.

Kroger operates approximately 2,719 grocery stores in thirty-five states and the District of Columbia, and only a portion of those grocery stores have a pharmacy.[2] Kroger does not operate any grocery stores or pharmacies in any of the following fifteen states: Connecticut, Hawaii, Iowa, Maine, Massachusetts, Minnesota, New Hampshire, New Jersey, New York, North Dakota, Oklahoma, Pennsylvania, Rhode Island, South Dakota, and Vermont. *See* Declaration of Jaime McDermott.

---

[1] The Kroger Company and Kroger Pharmacy are also named defendants in some cases, but those corporations do not exist.

[2] The Kroger Co. 2022 10-K at 4, available at: https://ir.kroger.com/files/doc_financials/2022/ar/Final-as-printed.pdf.

There is currently litigation pending against Kroger in the MDL brought by subdivisions in four states in which Kroger does not have any grocery store or pharmacy: Iowa (five cases), Minnesota (one case), New Jersey (two cases), and North Dakota (sixteen cases). There is also one case brought against Kroger by a Native American Tribe in Oklahoma, where Kroger also has no pharmacy or grocery store. A list of these twenty-five cases is attached as Appendix A.

**B.    Kroger Has Reached a Settlement Agreement in Principle to Resolve the Majority of the Opioid Litigation Pending Against Kroger in the States in Which it Operates.**

The parties previously provided Notice to this Court that Kroger reached an agreement in principle to settle the majority of the pending and potential future opioid cases brought by states, subdivisions, and Native American Tribes in the states in which it operates for approximately $1.236 billion in abatement to be paid over eleven years.[3] The fifteen states in which Kroger does not operate stores are not eligible to participate in that settlement agreement because Kroger does not have any stores or pharmacies in those states. The pending cases in states in which Kroger does not operate, however, are frustrating the purpose of Kroger's global settlement, which is to resolve the majority of the opioid liability against the company and avoid the significant cost associated with litigating many opioid cases across multiple jurisdictions.

## II.    ARGUMENT

**A.    This Court has Recognized that Defendants "[S]houldn't be in This [C]ase, [P]eriod" in Jurisdictions in Which They Do Not Operate.**

Several Plaintiffs have named Kroger in complaints in jurisdictions where Kroger has no store or pharmacy. Kroger now submits this motion and respectfully asks that this Court dismiss

---

[3] *See also Kroger Reaches Agreement in Principle for Nationwide Opioid Settlement*, PR Newswire (Sep. 8, 2023), https://www.prnewswire.com/news-releases/kroger-reaches-agreement-in-principle-for-nationwide-opioid-settlement-301921919.html.

without prejudice the cases in which Kroger is improperly named because it has no pharmacy in the state where the Plaintiffs are located.

This Court has made clear that pharmacies should be dismissed from cases in the MDL in states where the pharmacies have no store. Tr. of Status Conference Proceedings at 6:6-11, Apr. 7, 2021 (Doc. No. 3685). During the 2021 Status Conference, this Court once again reiterated the importance of dismissing defendants with a zero percent market share, stating, "[i]f the defendants have no market share, they shouldn't be in the case, period." *Id.* This Court further directed that Plaintiffs provide the Court a report on their progress by April 30, 2021, and emphasized that if there was no clear progress on this issue, it would begin to issue show cause orders. *Id*. at 6:21-24, 7:23-25.

As of the date of this filing, there are still at least twenty-five cases pending against Kroger in the MDL brought by Plaintiffs in states where Kroger does not have a store. With a settlement in principle between and among Kroger, State Attorney Generals, Tribes, and MDL Plaintiffs in the states in which Kroger does have pharmacies in place, there is even more reason to dismiss these cases. The preservation of these cases in the MDL frustrates the spirit of the settlement process to resolve the potential opioid liability against Kroger and spare Kroger the significant cost of continuing the litigate these cases across multiple jurisdictions.

Kroger conferred with representatives from Plaintiffs' Executive Committee ("PEC") on January 10, 2024, and the PEC indicated that it does not object to the dismissal without prejudice of these twenty-five cases. Kroger attempted to meet and confer with the jurisdictions not represented by PEC counsel, including counsel for the sixteen pending cases in North Dakota and counsel for the two pending cases in New Jersey, but did not receive a response regarding their positions on potential dismissal.

3

**B.     The Sixteen Cases Pending in North Dakota Should be Dismissed with Prejudice Because Kroger Was Never Served.**

The sixteen cases listed on Appendix A brought by subdivisions in North Dakota should be dismissed *with prejudice* for the separate and independent reason that Kroger was never served in any of these cases.  On April 6, 2023, this Court ordered that MDL plaintiffs had forty-five days from the date of the Order to perfect service on any defendant who had not been served.  Order Regarding Service of Process at 5, Apr. 6, 2023 (Doc. No. 4986).  The Court indicated that a failure to comply with the Order by the deadline would result in a dismissal with prejudice.  *Id*.  The Court's deadline to serve Kroger has long passed, and to the best of Kroger's knowledge it was never served in any of the sixteen North Dakota cases listed on Appendix A.  Accordingly, these cases should be dismissed with prejudice.

## II.     CONCLUSION

Kroger is named in twenty-five pending MDL cases brought by subdivisions and Native American Tribes in states where Kroger has no stores.  Sixteen of those cases are in North Dakota where Kroger has never been served.  Kroger moves the Court for an Order dismissing Kroger from the sixteen North Dakota cases with prejudice, and for an Order dismissing Kroger without prejudice from the other nine cases, all of which are listed in the attachment to this Motion.

Date:

                                                    Respectfully submitted,

*/s/ Ronda L. Harvey*
Ronda L. Harvey, Esq. (WVSB 6326)
Ashley Hardesty Odell, Esq. (WVSB 9380)
Fazal A. Shere, Esq. (WVSB 5433)
Jennifer B. Hagedorn (WVSB 8879)
**BOWLES RICE LLP**
600 Quarrier Street

4

>Charleston, West Virginia 25301
>304-347-1100
>rharvey@bowlesrice.com
>ahardestyodell@bowlesrice.com
>fshere@bowlesrice.com
>jhagedorn@bowlesrice.com
>*Counsel for The Kroger Co., Kroger Limited Partnership I, Kroger Limited Partnership II*

# APPENDIX A

## List of Pending MDL Complaints in States with No Kroger Grocery Store or Pharmacy

| No. | Plaintiff | Jurisdiction | Kroger Defendant | Case No. | Plaintiff Counsel |
|---|---|---|---|---|---|
| 1 | Adair County, Iowa | Iowa | The Kroger Co. | 1:18-op-45122-DAP | Jayne Conroy (Simmons Hanly Conroy)<br>Paul James Hanly, Jr. (Simmons Hanly Conroy)<br>Erin K. Dickinson (Crueger Dickinson)<br>Nicholas J. Mauro (Crawford & Mauro) |
| 2 | Allamakee County, Iowa | Iowa | The Kroger Co. | 1:18-op-45983-DAP | Jayne Conroy (Simmons Hanly Conroy)<br>Paul James Hanly, Jr. (Simmons Hanly Conroy)<br>Erin K. Dickinson (Crueger Dickinson)<br>Nicholas J. Mauro (Crawford & Mauro) |
| 3 | Black Hawk County, Iowa | Iowa | The Kroger Co. | 1:18-op-45303-DAP | Jayne Conroy (Simmons Hanly Conroy)<br>Paul James Hanly, Jr. (Simmons Hanly Conroy)<br>Erin K. Dickinson (Crueger Dickinson)<br>Nicholas J. Mauro (Crawford & Mauro) |
| 4 | Polk County, Iowa | Iowa | The Kroger Co. | 1:18-op-45116-DAP | Jayne Conroy (Simmons Hanly Conroy)<br>Paul James Hanly, Jr. (Simmons Hanly Conroy)<br>Erin K. Dickinson (Crueger Dickinson)<br>Nicholas J. Mauro (Crawford & Mauro) |

| No. | Plaintiff | Jurisdiction | Kroger Defendant | Case No. | Plaintiff Counsel |
|---|---|---|---|---|---|
| 5 | Appanoose County, Cerro Gordo County, Cherokee County, Chickasaw County, Emmet County, Fremont County, Hancock County, Henry County, Ida County, Jones County, Keokuk County, Madison County, Muscatine County, Osceola County, Pocahontas County, Poweshiek Co | Iowa | The Kroger Co. | 1:21-op-45051-DAP | Jayne Conroy (Simmons Hanly Conroy) Nicholas J. Mauro (Crawford & Mauro) |
| 6 | County of Anoka, Minnesota | Minnesota | The Kroger Co. | 1:18-op-45101-DAP | Paul James Hanly, Jr. (Simmons Hanly Conroy) Erin K. Dickinson (Crueger Dickinson) Donald R. McNeil, Jr. (Heley, Duncan & Melander) Seth A. Nielsen (Heley, Duncan & Melander) |
| 7 | County of Burlington, New Jersey | New Jersey | The Kroger Co. | 1:19-op-45928-DAP | Gabriel C. Magee (Levy Baldante Funney & Rubenstein) Harris L. Pogust (Pogust Millrood) Kevin Patrick O'Brien (Stampone) Tobias L. Millrood (Pogust Millrood) |
| 8 | Ocean County, New Jersey | New Jersey | The Kroger Co. | 1:19-op-46157-DAP | Marc D. Grossman (Sanders Viener Grossman) |

2

| No. | Plaintiff | Jurisdiction | Kroger Defendant | Case No. | Plaintiff Counsel |
|---|---|---|---|---|---|
| | | | | | Judith S. Scolnick (Scott & Scott) |
| 9 | Barnes County, ND | North Dakota | The Kroger Company | 1:19-op-45640-DAP | McLain J. Schneider (Schneider, Schneider & Schneider) <br> John W. Raggio (Nachawati Law) |
| 10 | Benson County, ND | North Dakota | The Kroger Company | 1:19-op-45643-DAP | McLain J. Schneider (Schneider, Schneider & Schneider) <br> John W. Raggio (Nachawati Law) |
| 11 | Burleigh County, ND | North Dakota | The Kroger Company | 1:19-op-45630-DAP | McLain J. Schneider (Schneider, Schneider & Schneider) <br> John W. Raggio (Nachawati Law) |
| 12 | City of Bismark, ND | North Dakota | The Kroger Company | 1:19-op-45629-DAP | McLain J. Schneider (Schneider, Schneider & Schneider) <br> John W. Raggio (Nachawati Law) |
| 13 | City of Devils Lake, ND | North Dakota | The Kroger Company | 1:19-op-45637-DAP | McLain J. Schneider (Schneider, Schneider & Schneider) <br> John W. Raggio (Nachawati Law) |
| 14 | Grand Forks County, ND | North Dakota | The Kroger Company | 1:19-op-45647-DAP | McLain J. Schneider (Schneider, Schneider & Schneider) <br> John W. Raggio (Nachawati Law) |
| 15 | McKenzie County, ND | North Dakota | The Kroger Company | 1:19-op-46134-DAP | McLain J. Schneider (Schneider, Schneider & Schneider) <br> John W. Raggio (Nachawati Law) <br> Matthew R. McCarley (Forester Haynie) |
| 16 | McLean County, ND | North Dakota | The Kroger Company | 1:19-op-45632-DAP | McLain J. Schneider (Schneider, Schneider & Schneider) <br> John W. Raggio (Nachawati Law) |
| 17 | Mountrail County, ND | North Dakota | The Kroger Company | 1:19-op-45634-DAP | McLain J. Schneider (Schneider, Schneider & Schneider) <br> John W. Raggio (Nachawati Law) |

| No. | Plaintiff | Jurisdiction | Kroger Defendant | Case No. | Plaintiff Counsel |
|---|---|---|---|---|---|
| 18 | Ramsey County, ND | North Dakota | The Kroger Company | 1:19-op-45641-DAP | McLain J. Schneider (Schneider, Schneider & Schneider)<br>John W. Raggio (Nachawati Law) |
| 19 | Ransom County, ND | North Dakota | The Kroger Company | 1:19-op-45645-DAP | McLain J. Schneider (Schneider, Schneider & Schneider)<br>John W. Raggio (Nachawati Law) |
| 20 | Rolette County, ND | North Dakota | The Kroger Company | 1:19-op-45646-DAP | McLain J. Schneider (Schneider, Schneider & Schneider)<br>John W. Raggio (Nachawati Law) |
| 21 | Sargent County, ND | North Dakota | The Kroger Company | 1:19-op-45642-DAP | McLain J. Schneider (Schneider, Schneider & Schneider)<br>John W. Raggio (Nachawati Law) |
| 22 | Towner County, ND | North Dakota | The Kroger Company | 1:19-op-45639-DAP | McLain J. Schneider (Schneider, Schneider & Schneider)<br>John W. Raggio (Nachawati Law) |
| 23 | Wash County, ND | North Dakota | The Kroger Company | 1:19-op-45638-DAP | McLain J. Schneider (Schneider, Schneider & Schneider)<br>John W. Raggio (Nachawati Law) |
| 24 | Pembina County, ND | North Dakota | The Kroger Company | 1:19-op-45674-DAP | McLain J. Schneider (Schneider, Schneider & Schneider)<br>John W. Raggio (Nachawati Law)<br>Matthew R. McCarley (Forester Haynie) |
| 25 | Modoc Nation f/k/a the Modoc Tribe of Oklahoma | Oklahoma | Kroger Co. | 1:19-op-45439-DAP | Steven J. Skikos (Skikos Crawford Skikos & Joseph)<br>Blake Follis<br>Brendan V. Johnson (Robins Kaplan)<br>Patrick R. Bergin (Fredericks Peebbles & Patterson)<br>Tara D. Sutton (Robins Kaplan)<br>Thomasina Real Bird (Fredericks Peebbles & Patterson) |

| No. | Plaintiff | Jurisdiction | Kroger Defendant | Case No. | Plaintiff Counsel |
|---|---|---|---|---|---|
| | | | | | Timothy Q. Purdon (Robins Kaplan) Holly H. Dolejsi (Robins Kaplan) |

16422385.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE PRESCRIPTION OPIATE LITIGATION<br><br>***THIS DOCUMENT RELATES TO:***<br>*ALL CASES IN THE ATTACHED LIST* | MDL No. 2804<br>Case No. 17-md-2804<br>Judge Dan Aaron Polster |

## DECLARATION OF JAIME MCDERMOTT

1. My name is Jaime McDermott. I am over the age of twenty-one years and of sound mind. The statements set forth in this declaration are true and within my personal knowledge. If called as a witness, I would and could competently testify to the matters set forth herein.

2. I am the Controlled Substance & Pharmacy Practice Compliance Leader within Kroger Health, and have been in that role or a similar role since 2013. In that capacity, I have knowledge of Kroger's pharmacy locations in the United States, including knowledge of the pharmacy locations of any Kroger-owned entities in the United States.

3. Kroger and its subsidiaries do not currently own or operate any pharmacy that is located in any of the following 15 states: Connecticut, Hawaii, Iowa, Maine, Massachusetts, Minnesota, New Hampshire, New Jersey, New York, North Dakota, Oklahoma, Pennsylvania, Rhode Island, South Dakota, or Vermont.

4. To the best of my knowledge, Kroger has since at least 2006 not owned or operated any pharmacy that is located in any of the 15 states listed in paragraph 3.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on January 23, 2024, in Cincinnati, OH.

By. _____
Jaime McDermott
The Kroger Co.

2