# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL 2804 |
| THIS DOCUMENT RELATES TO: | Case No. 1:17-md-2804 |
| *PBM Bellwether Cases* | Judge Dan Aaron Polster |
| | **[PROPOSED] PBM BELLWETHER TRACKS 14 & 15 CASE MANAGEMENT ORDER** |

On October 27, 2023, the Court entered an order identifying four bellwether cases against the Pharmacy Benefit Manager (PBM) defendants.[1] Following a case management conference with the parties, the Court entered an order resolving many disputed issues. ECF No. 5268. The Court determined that the PBM Bellwether cases will proceed as four tracks: *City of Rochester v. Purdue Pharma, L.P.,* No. 19-op-45853 ("Track 12"), *Lincoln County v. Richard Sackler, M.D.,* No. 20-op-45069 ("Track 13"), *City of Independence, Missouri v. Williams,* No. 19-op-45371 ("Track 14"), and *County of Webb, Texas v. Purdue Pharma, L.P.,* No. 18-op-45175 ("Track 15") (collectively "PBM Bellwether cases").  On December 28, 2023, the Court entered a Case Management Order governing the schedule for PBM Bellwether cases Tracks 12 and 13, and ordering the parties to meet and confer regarding the discovery and motion deadlines for Track 14 and Track 15.  Having met and conferred in compliance with the Court's Order, the parties hereby submit this joint proposed case management order for Track 14 and Track 15.

   A. **Responding to the Complaint**

   1. On December 15, 2023, PBM bellwether plaintiffs moved to file amended

---

[1] The OptumRx and Express Scripts Defendant Families expressly reserve all rights and Rule 12(b) arguments, including as to jurisdiction and venue.

complaints. The PBM defendants filed an opposition on January 22, 2024, and the Plaintiffs' Reply is due at noon on February 5, 2024. The motions to dismiss the Track 12 and 13 cases must be filed **30 days** after the ruling on the motion for leave to amend. The PBM Defendants shall file any motions to dismiss in Tracks 14 and 15 within **60 days** after the motions to dismiss in Tracks 12 and 13 are filed. Plaintiffs shall file their responses in opposition **60 days** after the motions to dismiss are filed. The PBM Defendants shall file replies **30 days** after responses are filed.

2. The Court's instructions on briefing, page limitations, and jurisdictional discovery contained in Section D.2, D.3., D.4, and D.5. of the Court's December 28, 2023 Order shall apply equally to Tracks 14 and 15.

**B. Answers to Amended Complaints**

1. In Tracks 14 and 15, the PBM Defendants shall answer the operative complaint within **30 days** of the Court's ruling on a motion to dismiss or, if no such motion is filed, within **90 days** of the Court's ruling on Plaintiffs' motion for leave to amend their complaints.

2. The PBM Defendants shall file any third-party complaints within **14 days** after service of their answers.

**C. Fact Discovery**

1.

| Plaintiffs' Position | PBM Defendants' Position |
|---|---|
| "Initial document discovery shall proceed while motions for leave to amend and motions to dismiss are pending. The Track 14 and 15 plaintiffs may collectively serve up to 35 requests for production and up to 35 interrogatories | "Initial document discovery shall proceed while motions for leave to amend and motions to dismiss are pending. The parties may object to the scope of discovery pending resolution of any motions to dismiss. The Track 14 and 15 |

| | |
|---|---|
| on each PBM defendant."<br><br>Explanation:<br><br>Plaintiffs' proposal of 35 additional RFPs and ROGs is consistent with the history of this MDL, and is appropriate for what is just the second discovery track within the MDL against the PBM Defendants. Plaintiffs' request is consistent with CMO 1 (Doc. 232) which permitted 35 ROGs and 35 RFPs per defendant family in Track One and subsequent Case Tracks without leave of Court.<br><br>Plaintiffs' proposal is also reasonable when evaluating the written discovery served on Walgreens, a CT7 defendant. Prior to the CT7 CMO being entered, MDL Plaintiffs had issued 94 ROGs and 136 RFPs to Walgreens.  Taking into account the complexity of the PBM Defendants, the number of affiliated entities, the claims raised in the Amended Complaints, and history of this MDL, Plaintiffs' proposal should be entered here. | plaintiffs may collectively serve up to 25 requests for production and up to 25 interrogatories on each PBM defendant."<br><br>Explanation: 35 additional requests for production and 35 additional interrogatories on the same defendants, without any jurisdiction-specific tie, on top of the 45 requests for production and interrogatories that the Track 12 and Track 13 plaintiffs were given, is excessive. In negotiating this Case Management Order, this Court ordered the parties to account for the fact that "much of the discovery of the PBM defendants will have already been requested and/or produced." Dkt. 5282 at 11. Plaintiffs' proposal does not take the Court's instruction into account. Plaintiffs' proposal also does not appear to account for the fact that Plaintiffs have a discovery record from *Jefferson County v. Dannie E. Williams*, which was reproduced in the MDL via Discovery Ruling 22. |

2. PBM defendants collectively may serve up to 35 requests for production and up to 35 interrogatories on each Plaintiff.  The Parties may seek leave to propound additional requests for production and interrogatories after the Court rules on Plaintiffs' motion for leave to amend their complaints.

3. **January 16, 2024** – PBM defendants shall begin providing to Plaintiffs, on a rolling basis, a list of data fields included in their claims data, rebate and administrative fee data, and mail order pharmacy dispensing data, along with data dictionaries or other available descriptions of databases and each field. In producing lists of data fields,

PBM defendants are not required to (but may) create documents that describe the data in each field.

4. **February 2, 2024** – Track 14 and 15 Plaintiffs shall begin providing to the PBM defendants, on a rolling basis, a list of data fields included in: (i) claims data and rebates data they have received, or have access to, from their insurers and/or PBM defendants in their capacities as plan sponsors, (ii) dispensing or prescription data they have received, or have access to, in their capacities as counties and municipalities (e.g., PDMP data, data from other government agencies), and (iii) financial data about their budgets and expenditures, along with data dictionaries or other available descriptions of each field.

5. **March 1, 2024** – The parties shall begin to meet and confer regarding the data fields to be produced by the Track 14 and 15 Plaintiffs from each data set. The parties shall work with Special Master Cohen to address any disagreements.  The Track 14 and 15 Plaintiffs shall complete its production of data fields by **April 1, 2024**. Any disputes regarding the production of particular data fields by the Track 14 and 15 Plaintiffs shall be submitted to Special Master Cohen as soon as reasonably possible and no later than **April 15, 2024**. For avoidance of doubt, this provision applies only to the CT 14 and 15 Plaintiffs' data fields. The PBM Defendants' data fields are subject to the dates entered in the Track 12 and Track 13 Case Management Order, Dkt. No. 5282, at Section F.3; *see also* Dkt. No. 5268 at p. 6.

6. **April 30, 2024** – The CT 14 and 15 Plaintiffs shall identify their proposed document custodians, including titles and timeframes of employment in their relevant position, and the CT 14 and 15 Plaintiffs shall send the PBM Defendants proposed search

terms. Disputes regarding the CT 14 and 15 Plaintiffs' search terms and custodians shall be submitted to Special Master Cohen as soon as reasonably possible and no later than **May 14, 2024**. For avoidance of doubt, these dates apply only to the CT 14 and 15 Plaintiffs' custodians and search terms. The PBM Defendants' custodians and search terms will be negotiated at the same time across all four bellwethers, which will track the dates entered in the Track 12 and Track 13 Case Management Order, Dkt. No. 5282, at Section F.4. The negotiations regarding custodians and search terms are occurring before discovery is underway, and therefore the parties may request additional custodians or search terms as discovery progresses. The parties must meet and confer about any such request, and may submit additional disputes regarding custodians to Special Master Cohen in the event that disputes arise regarding requests to add custodians or search terms identified through subsequent discovery.

7. **June 14, 2024** – Custodial document production for Tracks 14 and 15 must commence and continue on a rolling basis. The parties shall meet and confer regarding the priority of production of custodian files.

8. **August 16, 2024** – Other than as noted below, data production by all parties shall be complete. Data production leading up to this deadline should occur on a rolling basis.

9. **September 13, 2024** – Other than as noted elsewhere herein, custodial document production by all parties shall be complete. Document production up to this deadline should occur on a rolling basis.

10. **September 27, 2024** – Track 14 and 15 Plaintiffs shall identify for PBM defendants: (i) the prescriptions they (and their experts) conclude caused them harm for which they seek relief, (ii) the methodology or methodologies they (and their experts) used

to reach such a conclusion; and (iii) the electronic scripts or analytical programs used by Plaintiff and/or their experts to implement that methodology.

11. **November 15, 2024** – PBM defendants shall produce for Tracks 14 and 15 "notes fields" data as defined in this Court's May 10, 2021 Amended Order Regarding Red Flag Prescriptions and Associated Notes Field Data.  *See* docket no. 3726 at 2 n.1 ("'notes fields' [means] 'any information that is associated with the particular [red flagged prescriptions], including transactional prescription data fields, hard-copy scans of the front or back of paper [prescriptions], and anything else that a Defendant asserts was a part of its documentation of due diligence for [red-flagged prescriptions].'"). The parties shall raise any disputes regarding notes fields with Special Master Cohen as soon as reasonably possible.

12. **February 21, 2025** – Close of fact discovery.[2]

**D.  Depositions**

1.

| Plaintiffs' Position | PBM Defendants' Position |
|---|---|
| "Track 14 and 15 Plaintiffs collectively may take 17 depositions of each PBM defendant family.  The Court will consider motions for leave to take additional depositions for good cause."<br><br>Explanation:<br><br>Plaintiffs' proposal for 17 additional depositions is in line with the history of this MDL, and PBM Defendants' reliance on CT7-11 limitations is misplaced.  Prior | "Track 14 and 15 Plaintiffs collectively may take 5 depositions of each PBM defendant family.  The Court will consider motions for leave to take additional depositions for good cause."<br><br>Explanation: 17 additional depositions for the same defendants, without any jurisdiction-specific tie, on top of the 25 depositions that the Track 12 and Track 13 plaintiffs were given, is excessive. In negotiating this Case Management Order, |

---

[2] Notwithstanding the close of fact discovery, if a party lists a witness for trial who has not been deposed in the MDL prior to trial, any opposing party may seek leave to depose the witness prior to the witness's trial testimony.

| | |
|---|---|
| to the entry of the CT7-11 CMO that contained the 5 deposition limitation, MDL plaintiffs had already taken 102 depositions of the CT7 defendants in Tracks 1 and 3.  Additionally, the MDL plaintiffs had access to depositions taken of CT7 defendants in numerous state court actions (cases in Florida, New York, New Mexico, and Massachusetts) and in CT4 (Walgreens only).<br><br>Plaintiffs' proposal is also supported by the complexity of the PBM Defendants. The CT7-11 Defendants were single entities, whereas the PBM Defendants are comprised of multiple affiliated and subsidiary entities.  In addition to the parent company, Express Scripts includes Express Scripts Administrators, Medco Health Solutions, ESI Mail Order Processing, ESI Mail Pharmacy Service, Express Scripts Pharmacy, Inc., Evernorth Health, Inc., and Express Scripts Specialty Distribution Services, Inc.  In addition to Optum, Inc., relevant Optum entities include OptumInsight, OptumInsight Life Sciences, Optum Discount Card Services, Optum Perks, Optum Health Care Solutions, OptumHealth Holdings, and Optum Health Networks.<br><br>As the PEC has yet to take a single deposition of either ESI or Optum, Plaintiffs' proposed initial deposition limitations are eminently reasonable. | this Court ordered the parties to account for the fact that "much of the discovery of the PBM defendants will have already been requested and/or produced." Dkt. 5282 at 11. Plaintiffs' proposal does not take the Court's instruction into account. Plaintiffs' proposal also does not appear to account for the fact that Plaintiffs have a discovery record from *Jefferson County v. Dannie E. Williams*, which was reproduced in the MDL via Discovery Ruling 22. PBM Defendants' proposal is also consistent with this Court's order in the Track 7-11 bellwethers awarding plaintiffs only 5 additional depositions of prior MDL defendants. *See, e.g.*, Dkt. 3769 (Track 7 Case Management Order) ("Plaintiff may depose no more than . . . 5 witnesses per Track 3 Defendant Family."); Dkt. 3819 (Track 10 Case Management Order) at 5 ("Plaintiff may depose no more than . . . 5 witnesses per Defendant Family."). |

2. The PBM Defendants collectively may take 30 fact witness depositions of each Plaintiff.  The Court will consider motions for leave to take additional depositions for good cause.

3.

| Plaintiffs' Position | PBM Defendants' Position |
|---|---|
| "In addition to the fact witnesses above, Plaintiff may conduct **10 hours** of 30(b)(6) witness depositions of each individual PBM defendant family.<br><br>Explanation:<br><br>Plaintiffs' proposal of 10 hours in Tracks 14 and 15 are consistent with the history of the MDL, particularly when dealing with new, complex defendants on whom the PEC has never before conducted discovery. For the CT7 defendants, once the CT7 CMO was entered Plaintiffs were entitled to 20.5 hours of 30(b)(6) depositions (14 hours in CT1, 4.5 hours in CT3, and 2 hours in CT7). Plaintiffs here request a total of 24 hours based on the complexity of the defendants, the additional claims included within the complaints, and the number of members of each defendant family. *See* Plaintiffs' Position, Section D.1., *supra*.<br><br>PBM Defendants' engage in gamesmanship by backtracking from their formal proposal to the Court and Plaintiffs made December 22, 2023. (ECF No. 5279). In that submission to the Court, PBM Defendants proposed Track 12 and 13 Plaintiffs be permitted to conduct 14 hours of 30(b)(6) depositions, and Track 14 and 15 Plaintiffs be permitted to "conduct an additional **<u>7 hours</u>** of 30(b)(6) witness depositions of each PBM Defendant Family" for a total of 21 hours of 30(b)(6) testimony. | "In addition to the fact witnesses above, the Track 14 and Track 15 Plaintiffs may depose one 30(b)(6) witness from each PBM Defendant family. The 30(b)(6) depositions of the PBM Defendant families will be limited to **5 hours** and three (3) topics and may not be repetitive of 30(b)(6) depositions in Tracks 12 and 13."<br><br>Explanation:<br><br>An additional 10 hours of 30(b)(6) depositions for the same defendants, on top of the 14 hours of 30(b)(6) depositions that the Track 12 and Track 13 plaintiffs were given, is excessive. In negotiating this Case Management Order, this Court ordered the parties to account for the fact that "much of the discovery of the PBM defendants will have already been requested and/or produced." Dkt. 5282 at 11. Plaintiffs' proposal does not take the Court's instruction into account. Plaintiffs' proposal also does not appear to account for the fact that Plaintiffs have a discovery record from *Jefferson County v. Dannie E. Williams*, which was reproduced in the MDL via Discovery Ruling 22. Plaintiffs' counsel has already taken hours of testimony from the PBM Defendants' corporate representatives in *Jefferson County*. PBM Defendants' proposal is also consistent with this Court's order in other bellwethers awarding plaintiffs limited additional hours of 30(b)(6) depositions of prior MDL defendants. *See, e.g.*, Dkt. 3325 (allowing 4.5 hours of 30(b)(6) testimony from each defendant family in Track 3); Dkt. 3769 (Track 7 Case Management Order) ("The 30(b) deposition of Track 3 |

|  | Defendants will be limited to 2 hours and three (3) topics and may not be repetitive of 30(b)(6) depositions of Track 3 Defendants taken in other MDL cases."); Dkt. 3819 (Track 10 Case Management Order) at 6 ("If Special Master Cohen finds good cause and orders and 30(b)(6) deposition of any Defendant Family, such deposition will be limited to the time and scope necessary to address the topic for which good cause was shown. The presumption will be that any such deposition will be no more than 2 hours."). |
|---|---|
|  | To the extent Plaintiffs point to the PBM Defendants' December 22, 2023 proposed case management order (ECF No. 5279), PBM Defendants note that Plaintiffs expressly declined to negotiate a single case management order for all four PBM bellwether cases collectively. Instead, Plaintiffs agreed to negotiate just Tracks 12 and 13 at first, noting that the Court's order resolving any disputes in those tracks would inform future negotiations for Tracks 14 and 15. Thereafter, the Court explicitly directed the parties to account for the fact that "much of the discovery of the PBM defendants will already have been requested and/or produced" when negotiating the Track 14/15 case management order. ECF No. 5282 at 11. In accordance with the Court's instruction, the PBM Defendants propose that more than 5 additional hours of 30(b)(6) testimony is unnecessary, duplicative, and burdensome for the PBM Defendants and their corporate witnesses. |

4. The PBM defendants collectively may conduct **14 hours** of 30(b)(6) witness depositions of each Plaintiff.

5. The Court's instructions on deposition length, questioning, third party depositions, and the deposition protocol contained in Section G.4., G.5., G.6., and G.7. of the Court's December 28, 2023 Order shall apply equally to Tracks 14 and 15.

**E. Expert Discovery**

1. **April 4, 2025** – Plaintiffs shall serve expert reports on all issues except abatement and other remedies and, for each expert, provide two proposed deposition dates between **April 25, 2025** and **May 30, 2025**.

2. **June 27, 2025** – PBM defendants shall serve expert reports on all issues except abatement and other remedies and, for each expert, provide two proposed deposition dates between **July 18, 2025** and **August 22, 2025**.

3. Expert reports rebutting responsive reports shall be served **21 days** after the deposition of the responsive expert. Any materials relied on by the rebutting expert shall be produced within 7 days of serving the rebuttal reports. The parties shall meet and confer and come to agreement on whether rebuttal expert depositions will be required and if so when they will occur.

**F.** *Daubert* **and Dispositive Motions**

1. **August 22, 2025** – The Parties shall meet and confer on page limits for Daubert and dispositive motions, and mechanisms to avoid unnecessarily lengthy or duplicative briefing. If the parties do not reach full agreement, they will submit their positions to the Court by this deadline.

2. **September 12, 2025** – Deadline for Daubert and dispositive motions.

3. **November 14, 2025** – Deadline for responses to Daubert and dispositive motions.

    4. **December 12, 2025** – Deadline for replies in support of Daubert and dispositive motions

G. **Motions *in limine*.**  This Court does not intend to rule on motions in limine prior to remand. However, this Court will provide prior evidentiary rulings to the transferee court for that court's adoption or rejection as it deems appropriate. This Court may make certain evidentiary rulings while addressing other pretrial motions that could control or impact subsequent motions in limine.

H.

| Plaintiffs' Position | PBM Defendants' Position |
|---|---|
| **"Remand - The Court shall remand the PBM Bellwether Cases with issuance of any orders on Daubert and Dispositive motions if necessary."**<br><br>Explanation:<br><br>Once *Daubert* and dispositive motions have been ruled upon, it is appropriate that the cases be remanded for trial. | The case management order need not address this issue.<br><br>Explanation:<br><br>The Court previously "decline[d] to make a definitive decision at this time on which court will rule on [*Daubert* and dispositive motions]." ECF No. 5268 at 2. |

**IT IS SO ORDERED.**

                                                    _____
                                                    **DAN AARON POLSTER**
                                                    **UNITED STATES DISTRICT JUDGE**