# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

IN RE: NATIONAL PRESCRIPTION )  **MDL 2804**
OPIATE LITIGATION )
)  **Case No. 1:17-md-2804**
THIS DOCUMENT RELATES TO: )
)  **Judge Dan Aaron Polster**
*All Cases* )
)

## ORDER MODIFYING DEC. 28, 2023 ORDER (DKT. 5282)
## AND ENTERING SUPPLEMENTAL PROTECTIVE ORDER

On December 28, 2023, the Court entered a case management order (Dkt. 5282) that, among other things, addressed discovery issues in four bellwether cases involving Pharmacy Benefit Manager (PBM) defendants.[1]  ("PBM Bellwether CMO.")  The PBM Bellwether CMO stated that "all discovery produced by any entity . . . in the Purdue Bankruptcy, *In re: Purdue Pharma L.P.*, No. 19-23649 (SHL) (S.D.N.Y. Bk.) ["Purdue Bankruptcy"] shall be deemed produced" in the PBM Bellwether cases, and "[t]o the extent discovery produced to or from the MDL Plaintiffs in the Purdue Bankruptcy has not also been produced pursuant to DR 22, Plaintiffs will make that discovery available to PBMs."  (PBM Bellwether CMO at 2.)  The next day, Purdue Pharma L.P. ("Purdue") notified the parties and Special Master Cohen of an apparent conflict between the PBM Bellwether CMO and Purdue Bankruptcy operative Third Amended Protective Order (Dkt. 1935) ("Bankruptcy Protective Order"):  whereas the PBM Bellwether CMO required Plaintiffs to produce documents from the Purdue Bankruptcy in the PBM Bellwether cases, the Bankruptcy Protective Order prohibited Plaintiffs from doing so.  (Bankruptcy Protective Order

---

[1] The PBM Bellwether cases are *City of Rochester v. Purdue Pharma, L.P.*, No. 19-op-45853 (N.D. Ohio); *Lincoln County v. Sackler*, No. 20-op-45069 (N.D. Ohio); *City of Independence v. Williams*, No. 19-op-45371 (N.D. Ohio); and *County of Webb v. Purdue Pharma, L.P.*, No. 18-op-45175 (N.D. Ohio) (collectively, "PBM Bellwether cases").  (PBM Bellwether CMO at 1.)

1

¶¶ 45-49, 77-82.)  The Court had not been apprised of the Bankruptcy Protective Order when it entered the PBM Bellwether CMO.

Accordingly, Purdue conferred with Plaintiffs and certain PBM defendants to alleviate this conflict, effectuate the intent behind the above provisions of the PBM Bellwether CMO, and comply with the operative Bankruptcy Protective Order without disrupting the Purdue Bankruptcy. As a result of those discussions, the Court hereby orders as follows:

- Plaintiffs' obligations in the PBM Bellwether CMO regarding the production of documents from the Purdue Bankruptcy shall be satisfied by carrying out the requirements of this Order.

- Plaintiffs will produce in the PBM Bellwether cases documents (with families) that were produced to Plaintiffs by the debtors in the Purdue Bankruptcy (the "Debtors")[2] and that hit on a search string, which is to be agreed to and modified by the Parties (including Purdue) as appropriate (the "Purdue Bankruptcy Production"), together with a copy of any associated log of redactions or withholding for documents in the Purdue Bankruptcy Production.  Though Plaintiffs will "make that discovery available to PBMs," (PBM Bellwether Order at 2), the Purdue Bankruptcy Production will be deemed to have been produced, and the materials therein designated, by Purdue in the MDL pursuant to the Supplemental Protective Order.

---

[2] The Debtors in the Purdue Bankruptcy are as follows: Purdue Pharma L.P., Purdue Pharma Inc., Purdue Transdermal Technologies L.P., Purdue Pharma Manufacturing L.P., Purdue Pharmaceuticals L.P., Imbrium Therapeutics L.P., Adlon Therapeutics L.P., Greenfield BioVentures L.P., Seven Seas Hill Corp., Ophir Green Corp., Purdue Pharma of Puerto Rico, Purdue Products L.P., Purdue Pharmaceutical Products L.P., Purdue Neuroscience Company, Nayatt Cove Lifescience Inc., Button Land L.P., Rhodes Associates L.P., Paul Land Inc., Quidnick Land L.P., Rhodes Pharmaceuticals L.P., Rhodes Technologies, UDF LP, SVC Pharma LP, and SVC Pharma Inc.

- The Purdue Bankruptcy Production shall retain the original confidentiality designations made in the Purdue Bankruptcy and shall be governed in this litigation by the following Supplemental Protective Order, which mirrors the terms of the Bankruptcy Protective Order:

### Supplemental Protective Order
### for Purdue Bankruptcy Production

This Supplemental Protective Order is entered in the above-captioned litigation (the "Proceeding") and applies solely to the Purdue Bankruptcy Production. Nothing herein is intended to alter the substantive protections for the Purdue Bankruptcy Production in the Purdue Bankruptcy or to have any effect on the Purdue Bankruptcy. This Supplemental Protective Order is intended to preserve the confidentiality of sensitive information and to provide protection sufficient to constitute a Qualified Protective Order under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the regulations promulgated thereunder (see 45 C.F.R. § 164.512(e)(1)(ii)).

**A.      Scope of this Supplemental Protective Order**

1.      Diligence, disclosure, and discovery activity related to the Purdue Bankruptcy Production have involved the assembly, aggregation, compilation, synthesis, summary, and production of confidential, proprietary, and/or personal information (including personally identifying information and the financial information of individuals) for which protection from public disclosure would be warranted.

2.      This Supplemental Protective Order shall govern the Purdue Bankruptcy Production. The disclosure of the Purdue Bankruptcy Production pursuant to this Supplemental Protective Order shall not be considered or deemed a concession that such materials contained therein are or could be discoverable under Federal Rule of Civil Procedure 26 or any other rule or

3

statute governing the discoverability of materials. Nothing in this Supplemental Protective Order shall be construed as obligating any Party to provide the Purdue Bankruptcy Production to any other Party, or as restricting any party-in-interest from seeking discovery whether pursuant to court order or otherwise.

3.     This Supplemental Protective Order shall not govern or apply to any information, documents, or materials obtained by any Party (as defined herein) outside of the Proceeding, including, but not limited to, information, documents, or other materials: (i) in the possession of such Party at the time this Proceeding was initiated through no wrongful act on the part of the entity or the individual who caused the information to come into the possession of such Party; (ii) produced in any other litigation and not re-produced in this Proceeding; (iii) produced in response to an investigative demand or administrative subpoena; or (iv) publicly available through no wrongful act or violation of this Supplemental Protective Order on the part of the entity or the individual who caused the information to become generally available to the public through publication or otherwise. Nothing in this Supplemental Protective Order is meant to modify, alter, or otherwise change any protections, restrictions, or similar limitations related to any information, documents, or materials obtained by any Party outside of the Proceeding, except as otherwise provided herein. This Supplemental Protective Order is binding upon all the Parties to the Proceeding, including their respective corporate parents, subsidiaries, and affiliates and their respective attorneys, principals, agents, experts, consultants, representatives, directors, officers, and employees, as well as, to the maximum extent permitted by law, their Related Parties (as defined herein) as set forth in this Supplemental Protective Order.

4.     The entry of this Supplemental Protective Order does not preclude any Party from seeking, where applicable, a further protective order from this Court pursuant to Federal Rule of Civil Procedure 26(c).

5.     Nothing herein shall be construed to affect in any manner the admissibility at hearing, trial, or any other court proceeding of any Discovery Material.

**B.     Certain Definitions**

6.     "**Confidential Information**" means any Discovery Material designated as Confidential on the basis that it constitutes, reflects, discloses, or contains information that is or could be protected from disclosure by law as (i) personally identifying information, (ii) personal information relating to a Family Member, (iii) medical or psychiatric information, (iv) personnel records, (v) law enforcement materials, (vi) research, technical, commercial, financial, banking, or investment information that the Producing Party has maintained as confidential, (vii) such other proprietary or sensitive business or commercial information that is not publicly available, or (viii) other such information that would be entitled to protection on a motion for a protective order pursuant to Federal Rule of Civil Procedure 26(c).  Discovery Material with a 'Confidential' designation from other litigations that is reproduced in the Proceeding is governed by this Supplemental Protective Order without any need to re-designate such Discovery Material.

7.     "**Counsel**," without another qualifier, means Outside Counsel, and In-House Counsel.

8.     "**Discovery Material**" means any information; document; electronically stored information, such as matter stored or recorded in the form of electronic or magnetic media (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, Internet sites, discs, networks, or tapes) ("**ESI**"); or tangible thing,

including, but not limited to, all copies, excerpts, summaries, or compilations thereof, whether revealed in a document, deposition, other testimony, discovery response, or otherwise, that is produced, adduced, delivered, or disclosed in or pursuant to the Purdue Bankruptcy Production to any Receiving Party, including in the course of diligence and/or discovery and/or pursuant to an order of the Court.

9.      "**Family Entity**" means (i) Beacon Company, (ii) Rosebay Medical Company L.P., and (iii) each other entity or person that directly or indirectly owns equity in, or has voting control over, any of the Debtors.

10.     "**Family Member**" means (i) Named Family Members and (to the extent not already listed) any descendants in any degree of Mortimer Sackler or Raymond Sackler, (ii) the spouse of any of the foregoing, (iii) any estate of the foregoing and executors thereof (solely in their capacities as such), and (iv) any trusts of which any Family Member is a beneficiary and the trustees thereof (solely in their capacity as such).

11.     "**Highly Confidential Information**" means any Discovery Material designated as Highly Confidential that constitutes, reflects, discloses, or contains information the Producing Party has maintained as confidential and (i) the disclosure of which would allow a Market Participant to gain a material advantage in the marketplace such that it qualifies as a trade secret under applicable law, or (ii) the disclosure of which would be likely to cause commercial harm to the Producing Party or to the business partners or counterparties of the Producing Party.  Discovery Material with a 'Highly Confidential' designation from other litigations that is reproduced in the Proceeding is governed by this Supplemental Protective Order without any need to re-designate such Discovery Material.

12.    "**In-House Counsel**" means any attorney employees of any Party, including any attorneys who are employees of any governmental entity that is a Party for purposes of the Proceeding.

13.    "**Market Participant**" means, without limitation, any person or entity, other than the applicable Producing Party, that is engaged in the pharmaceutical or healthcare business including, but not limited to, pharmaceutical manufacturers, pharmaceutical distributors, any current or potential commercial counterparty of the Debtors, hospitals, insurers, and healthcare providers. Market Participant does not include the Debtors, any individual person who is a claimant in the Proceeding, or any governmental entity.

14.    "**Named Family Member**" means Beverly Sackler, David A. Sackler, Ilene Sackler, Jonathan D. Sackler, Kathe Sackler, Mortimer D.A. Sackler, Richard S. Sackler, and Theresa Sackler.

15.    "**Outside Counsel**" means any law firm, law office, or non-employee attorney who has appeared for any Party in the Proceeding who is not In-House Counsel.

16.    "**Outside Professionals' Eyes Only**" means any Discovery Material designated by a Family Member or a Family Entity as Outside Professionals' Eyes Only that constitutes, reflects, discloses, or contains (i) voluntarily produced (by stipulation, agreement, or otherwise) Personally Identifying Information of any Family Member or Family Entity to the extent not redacted, (ii) information that the applicable Producing Party and each applicable Receiving Party has agreed should be treated as Outside Professionals' Eyes Only (solely with respect to the production to each such Receiving Party), or (iii) information that the Court determines should be afforded treatment as Outside Professionals' Eyes Only. If a Producing Party is compelled on an involuntary basis to provide Discovery Material (including Discovery Material previously

7

voluntarily produced (by stipulation, agreement, or otherwise) as Outside Professionals' Eyes Only Information), such Producing Party reserves the right to request that the Court afford such Discovery Material treatment as Outside Professionals' Eyes Only (including by requesting a modification of the definition hereof), and each Receiving Party of such Discovery Materials reserves the right to object to or otherwise challenge such request.

17.     "**Party**" means any party-in-interest in the Proceeding who is bound to this Supplemental Protective Order (including all parties to the Proceeding) and each and every Related Party to any such party-in-interest.

18.     "**Personally Identifying Information**" means the names, home addresses, personal e-mail addresses, home telephone numbers, Social Security or tax identification numbers, and other information protected by law from disclosure of any person, but shall not include the name of any Named Family Member.

19.     "**Privileged Information**" means Discovery Material protected from disclosure by the attorney-client privilege, attorney work product protection, common-interest privilege, or any other legal privilege, immunity, or protection from production or disclosure.

20.     "**Producing Party**" means the Debtors.

21.     "**Professional**" means any person or entity retained by a Party or by Counsel for a Party that is providing advice or services to such Party with respect to the Proceeding, including, for example, a financial advisor, provided that the person or entity is bound by Case Management Order No. 2:  Protective Order (Dkt. 441) (the "MDL Protective Order") or agrees to be bound by this Supplemental Protective Order and completes the certification contained in Appendix I, Acknowledgement and Agreement to Be Bound by Supplemental Protective Order.

22.   **Professionals' Eyes Only Information**" means any Discovery Material designated as Professionals' Eyes Only that constitutes, reflects discloses, or contains

i.      information that could give rise to a safety or similar risk to any person or entity, or

ii.     commercially or personally sensitive information the disclosure of which to non-Counsel or non-Professionals is likely to adversely impact the goals of the Bankruptcy Code and the likelihood of success of the restructuring contemplated in the Purdue Bankruptcy. Any Discovery Material designated as Professionals' Eyes Only Information will also be designated as either Confidential Information ("**Professionals' Eyes Only/Confidential Information**") or Highly Confidential Information ("**Professionals' Eyes Only/Highly Confidential Information**") as set forth in this Supplemental Protective Order.  Discovery Material with a 'Professionals Eyes Only' or 'Attorneys Eyes Only' designation from other litigations, without a corresponding "/Confidential" or "/Highly Confidential" designation, that is reproduced in the Proceeding is governed by this Supplemental Protective Order as Professionals Eyes Only/Highly Confidential Information without any need to re-designate such Discovery Material.

23.   "**Protected Information**" means any information that is designated as Confidential Information, Highly Confidential Information, Professionals' Eyes Only/Confidential Information, Professionals' Eyes Only/Highly Confidential Information, or Outside Professionals' Eyes Only Information in accordance with the Supplemental Protective Order.

24.   "**Receiving Party**" means a Party that receives Discovery Material that was produced by the Producing Party.

25.   "**Related Party**" means, with respect to any Party, such Party's principals, members, agents, consultants, directors, officers, and employees; and such Party's corporate

9

parents, subsidiaries, and affiliates, and their principals, agents, consultants, directors, officers, and employees.

## C.     Designation and Redaction of Protected Information

26.     The Producing Party may designate any Discovery Material produced by itself, or testimony given by a witness offered by itself, that the Producing Party believes in good faith qualifies as Protected Information of the Producing Party.  In designating Discovery Materials as Protected Information, the Producing Party shall do so in good faith consistent with the provisions of this Protective Order.  Nothing herein shall be construed as restricting a Producing Party from waiving, as confirmed in writing to any applicable Receiving Party, the designation of any Discovery Material as Protected Information with respect to any, all, or certain Receiving Parties. Notwithstanding the possible prior designation of Discovery Material under one label, a Producing Party may always designate or redesignate such Discovery Material with any designation it believes is appropriate.  The designation or potential for designation under one label shall not be construed to mean that designation under another label would not also be appropriate.

27.     For each document that contains or constitutes Protected Information, each page, to the extent practicable, will be explicitly marked by the Producing Party at the time of production, as relevant, "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER", "HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER", "PROFESSIONALS' EYES ONLY/CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER", "PROFESSIONALS' EYES ONLY/HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER," "OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION— SUBJECT TO PROTECTIVE ORDER", or comparable notices.  To the extent that ESI that contains or constitutes Protected Information is produced in any electronic form, the Producing Party may

designate such matters by a designation on the media.  To the extent that ESI that contains or constitutes Protected Information is produced by the Producing Party in a native form, the Producing Party may designate the file by including the appropriate label in the file name.  The Producing Party will identify in a log the different categories or groups of Discovery Materials that have been designated as Outside Professionals' Eyes Only.  Such log will be produced as soon as reasonably practicable following the production of such Protected Information.

28.    The Producing Party may redact certain portions of Protected Information from Discovery Material to the extent necessary to protect Personally Identifying Information (other than Personally Identifying Information of Family Members and Family Entities in Discovery Material designated as Outside Professionals' Eyes Only Information) and Privileged Information from disclosure.  The basis for any such redaction, as between Personally Identifying Information and Privileged Information, shall be provided in a log. With respect to redactions of Privileged Information, the log identifies the privilege or privileges asserted. Redactions may be challenged at any time by a Receiving Party as set forth in paragraph 52.  If a challenge is made in accordance with paragraph 52 or if a Producing Party is compelled on an involuntary basis to produce Discovery Material in the Proceeding, and such Discovery Material contains Personally Identifying Information, such Producing Party reserves the right to seek an order from the Court permitting redactions of such Personally Identifying Information, to which all other Parties shall have the right to object or otherwise challenge.  Nothing in this Supplemental Protective Order shall create any presumptions or shift any burdens with respect to whether Discovery Material is discoverable or is entitled to protection from disclosure.

29.    Discovery Material disclosed through testimony at a deposition may be designated as Protected Information by the Party who put forth the witness, which Party will be treated as the

Producing Party for purposes of the testimony and transcript of such testimony, either (i) on the record at the time of testimony or (ii) by notifying the court reporter in writing and any applicable Receiving Parties by a Notice of Designation on the Court's docket of such designation within seven days of the Producing Party's receipt of the initial rough transcript of a deposition. The court reporter will indicate the portions designated as Protected Information as appropriate. Designations of transcripts will apply to audio, video, or other recordings of the testimony. Any transcripts released prior to the expiration of the seven-day period shall be marked with the highest designation of any portion of the transcript designated on the record, and all Parties shall treat the transcript in accordance with such designation for the duration of the seven-day period. If the Producing Party does not provide notice of any designation of a transcript either (i) on the record at the time of testimony or (ii) in writing within the seven-day period, then the entire transcript will be deemed not to contain Protected Information.

30.    In accordance with this Supplemental Protective Order, the only persons who may be present at a deposition for the period during which any questions regarding Protected Information are asked are those, with respect to each designation of Protected Information, who are identified in Section E below.  No failure to exclude any persons from such deposition shall prejudice the Producing Party's right to subsequently designate such information as Protected Information.  This paragraph shall not be deemed to authorize disclosure of any Protected Information to any person to whom disclosure is prohibited under this Supplemental Protective Order.

**D.    Means of Access to Professionals' Eyes Only Information**

31.    Professionals' Eyes Only Information shall be produced by ordinary course means to Outside Counsel for a Receiving Party and to Professionals and vendor agents for such

Receiving Party who are entitled to receive such Professionals' Eyes Only Information as set forth in Section E below.

32.     In-House Counsel, other than In-House Counsel for any Market Participant, shall be permitted to seek view-only access to Professionals' Eyes Only Information ("**Requesting Counsel**") for which Outside Counsel for the same Party has been provided ordinary course access by making a request to the Producing Party which: (i) specifies the Professionals' Eyes Only Information to which access is sought and (ii) sets forth the reasonable basis for the request and the steps Requesting Counsel has taken or commits to take to protect the Professionals' Eyes Only Information (the "**Access Request**"). If the Producing Party does not grant the Access Request within three days, Requesting Counsel and the Producing Party will meet and confer within five days of the Access Request. If the Access Request has been neither rescinded nor granted at the conclusion of the meet and confer, Requesting Counsel will have the right to request a Special Master conference regarding the Access Request.

E.     **Access to Protected Information**

33.     No person or entity subject to the Supplemental Protective Order shall disclose or permit the disclosure of any information designated as Protected Information to any person or entity except as expressly set forth in this Supplemental Protective Order.  No Receiving Party (including the Receiving Party's Counsel) may share any Protected Information received by it from the Producing Party with any other Party in the absence of written permission from the Producing Party or an order of the Court.

34.     **Confidential Information.** In the absence of written permission from the Producing Party or an order of the Court, a Receiving Party to whom Confidential Information designated in accordance with the provisions of this Supplemental Protective

Order is produced shall use such Confidential Information solely for purposes of the Proceeding and such Receiving Party shall not disclose the contents of such Confidential Information to any person or entity unless such person or entity falls within at least one of the following categories:

       i.        Such Receiving Party;

      ii.      Counsel for such Receiving Party, and the attorneys, paralegals, stenographic, and clerical staff employed by such Counsel;

     iii.     Professionals for such Receiving Party (whether retained by the Receiving Party or such Party's Counsel);

     iv.     Vendor agents for such Receiving Party (whether retained by the Receiving Party or such Party's Counsel);

      v.      Stenographic employees and court reporters recording or transcribing testimony in the Proceeding;

     vi.     Any deponent or witness, and his/her counsel, who may be shown, but shall not be permitted to retain, Confidential Information only to the extent necessary to prepare for deposition or testimony or during such deposition or testimony; and

    vii.     The Court, any trial or appellate court to which an appeal of a decision of the Court is taken, and any members of the courts' staff to whom it is necessary to disclose the information; provided that no such information shall be publicly filed unless required by an order of the Court.

Before any Confidential Information is reviewed or inspected by or otherwise disclosed to any person listed in (i)-(iv) above, the Receiving Party shall be responsible for providing such

14

persons with a copy of this Supplemental Protective Order and instructing such persons to comply with the terms of the Supplemental Protective Order.

35. **Highly Confidential Information.** In the absence of written permission from the Producing Party or an order of the Court, a Receiving Party to whom Highly Confidential Information designated in accordance with the provisions of this Supplemental Protective Order is produced shall use such Highly Confidential Information solely for purposes of the Proceeding and such Receiving Party shall not disclose the contents of such Highly Confidential Information to any person or entity unless such person or entity falls within at least one of the following categories:

      i.      Such Receiving Party, unless such Party is a Market Participant;

      ii.      Outside Counsel for such Receiving Party, In-House Counsel for such Receiving Party unless such Party is a Market Participant, and the attorneys, paralegals, stenographic, and clerical staff employed by such Counsel;

      iii.      Professionals for such Receiving Party (whether retained by the Receiving Party or such Party's Counsel), unless such Party is a Market Participant or such Party's Counsel is acting solely on behalf of a Market Participant;

      iv.      Vendor agents for such Receiving Party (whether retained by the Receiving Party or such Party's Counsel), unless such Party is a Market Participant or such Party's Counsel is acting solely on behalf of a Market Participant;

      v.      Stenographic employees and court reporters recording or transcribing testimony in the Proceeding;

      vi.      Any deponent or witness, and his/her counsel, who may be shown Highly Confidential Information only to the extent necessary to prepare for deposition or testimony or

during such deposition or testimony; provided that such deponent or witness shall not be permitted to retain Highly Confidential Information and further provided that, unless otherwise agreed by the Producing Party or ordered by the Court, no Highly Confidential Information may be shown to any witness who is a current employee of a Market Participant; and

       vii.      The Court, any trial or appellate court to which an appeal of a decision of the Court is taken, and any members of the courts' staff to whom it is necessary to disclose the information; provided that no such information shall be publicly filed unless required by an order of the Court.

Before any Highly Confidential Information is reviewed or inspected by or otherwise disclosed to any person listed in (i)-(iv) above, the Receiving Party shall be responsible for providing such persons with a copy of this Supplemental Protective Order and instructing such persons to comply with the terms of the Supplemental Protective Order.

36.     **Professionals' Eyes Only/Confidential Information.** In the absence of written permission from the Producing Party or an order of the Court, a Receiving Party to whom Protected Information designated in accordance with the provisions of this Supplemental Protective Order as both Professionals' Eyes Only Information and Confidential Information is produced shall use such Protected Information solely for purposes of the Proceeding and such Receiving Party shall not disclose the contents of such Protected Information to any person or entity unless such person or entity falls within at least one of the following categories:

     i.      Outside Counsel for the Receiving Party, and the attorneys, paralegals, stenographic, and clerical staff employed by such Outside Counsel;

     ii.     Professionals for such Receiving Party (whether retained by the Receiving Party or such Party's Counsel);

iii.        Vendor agents for such Receiving Party (whether retained by the Receiving Party or such Party's Counsel);

iv.        Stenographic employees and court reporters recording or transcribing testimony in the Proceeding;

v.        Any deponent or witness, and his/her counsel, who may be shown, but shall not be permitted to retain, Professionals' Eyes Only/Confidential Information only to the extent necessary to prepare for deposition or testimony or during such deposition or testimony provided that such deponent or witness shall not be permitted to retain Professionals' Eyes Only/Confidential Information and further provided that, unless otherwise agreed by the Producing Party or ordered by the Court, no Professionals' Eyes Only/Confidential Information may be shown to any witness who is a current employee of a Market Participant; and

vi.        The Court, any trial or appellate court to which an appeal of a decision of the Court is taken, and any members of the courts' staff to whom it is necessary to disclose the information; provided that no such information shall be publicly filed unless required by an order of the Court.

Before any Professionals' Eyes Only/Confidential Information is reviewed or inspected by or otherwise disclosed to any person listed in (i)-(iii) above, the Receiving Party shall be responsible for providing such persons with a copy of this Supplemental Protective Order and instructing such persons to comply with the terms of the Supplemental Protective Order.

37.      **Professionals' Eyes Only/Highly Confidential Information.** In the absence of written permission from the Producing Party or an order of the Court, a Receiving Party to whom Protected Information designated in accordance with the provisions of this Supplemental Protective Order as both Professionals' Eyes Only Information and Highly Confidential Information is produced shall use such Protected Information solely for purposes of the

17

Proceeding and such Receiving Party shall not disclose the contents of such Protected Information to any person or entity unless such person or entity falls within at least one of the categories set forth in paragraph 35 and at least one of the categories set forth in paragraph 36.

38.     **Outside Professionals' Eyes Only Information**. In the absence of written permission from the Producing Party or an order of the Court, a Receiving Party to whom Outside Professionals' Eyes Only Information designated in accordance with the provisions of this Supplemental Protective Order is produced shall use such Outside Professionals' Eyes Only Information solely for purposes of the Proceeding and such Receiving Party shall not disclose the contents of such Outside Professionals' Eyes Only Information to any person or entity unless such person or entity falls within at least one of the following categories:

i.      Outside Counsel for the Receiving Party, and the attorneys, paralegals, stenographic, and clerical staff employed by such Outside Counsel;

ii.     Professionals for such Receiving Party (whether retained by the Receiving Party or such Party's Counsel), unless such Party is a Market Participant or such Party's Counsel is acting solely on behalf of a Market Participant;

iii.    Vendor agents for such Receiving Party (whether retained by the Receiving Party or such Party's Counsel), unless such Party is a Market Participant or such Party's Counsel is acting solely on behalf of a Market Participant;

iv.     Stenographic employees and court reporters recording or transcribing testimony in the Proceeding;

v.      Any deponent or witness, and his/her counsel, who may be shown, but shall not be permitted to retain, Outside Professionals' Eyes Only Information only to the extent necessary to prepare for deposition or testimony or during such deposition or testimony provided that such

deponent or witness shall not be permitted to retain Outside Professionals' Eyes Only Information and further provided that, unless otherwise agreed by the Producing Party or ordered by the Court, no Outside Professionals' Eyes Only Information may be shown to any witness who is a current employee of a Market Participant; and

vi.     The Court, any trial or appellate court to which an appeal of a decision of the Court is taken, and any members of the courts' staff to whom it is necessary to disclose the information; provided that no such information shall be publicly filed unless required by an order of the Court.

Before any Outside Professionals' Eyes Only Information is reviewed or inspected by or otherwise disclosed to any person listed in (i)-(iii) above, the Receiving Party shall be responsible for providing such persons with a copy of this Supplemental Protective Order and instructing such persons to comply with the terms of the Supplemental Protective Order.

**F.     Confidentiality Acknowledgement**

39.     Any party who (i) is bound by the MDL Protective Order and is a Receiving Party or (ii) executes the attached Acknowledgement and Agreement to be Bound by Supplemental Protective Order, is deemed to be bound by this Supplemental Protective Order.

40.     In the event of a suspected unauthorized disclosure of Protected Information, the Producing Party will have the right to request a conference with the Special Master or the Court, who will be asked to determine (i) whether an unauthorized disclosure occurred and (ii) the appropriate remedy therefor, which shall be within the Court's discretion.

**G.     Protection and Use of Protected Information**

41.     Counsel to any applicable Receiving Party shall take reasonable steps to assure the security of any Protected Information and will limit access to such material to those persons authorized by this Supplemental Protective Order.

42.     Nothing herein shall restrict any Party, Counsel, or Professional who is permitted to receive certain Protected Information pursuant to this Supplemental Protective Order from making working copies, abstracts, digests, or analyses of such Protected Information for use in connection with the Proceeding and such working copies, abstracts, digests, and analyses shall be deemed to have the same level of protection as the derived-from Protected Information under the terms of this Supplemental Protective Order. Further, nothing herein shall restrict any Party, Counsel, or Professional who receives such Protected Information by ordinary course means from converting or translating such Protected Information into machine-readable form for incorporation in a data retrieval system used in connection with the Proceeding, provided that access to such Protected Information, in whatever form stored or reproduced, shall be deemed to have the same level of protection under the terms of this Supplemental Protective Order as at the time of production.  To the extent certain Protected Information is provided to any person on a view-only basis, no person or entity with any access to such Protected Information will engage in any behavior that would render the purpose of the view-only restriction a nullity.

43.     Any Party, Counsel, or Professional who is permitted to receive certain Protected Information shall at all times, including after the conclusion of the Proceeding, keep all notes, abstractions, or other work product derived from or containing such Protected Information in a manner to prevent any unauthorized disclosure of such Protected Information. Nothing in this Supplemental Protective Order shall be construed as requiring the disclosure of any such work product at the conclusion of the Proceeding.

44.     Nothing herein shall restrict any Party's Counsel who is permitted to receive certain Protected Information from rendering advice to such Party with respect to the Proceeding and, in the course thereof, relying upon such Protected Information, provided that in rendering such

advice, Counsel shall not engage in any behavior that would render the purpose, effect, or terms of the Supplemental Protective Order a nullity.

45. Nothing herein shall prejudice in any way the rights of any Party to object to the relevance, authenticity, or admissibility into evidence of any Discovery Material subject to this Supplemental Protective Order, or otherwise constitute or operate as an admission by any Party that any particular Discovery Material is or is not relevant, authentic, or admissible into evidence at any deposition, hearing, or trial related to the Proceeding.

46. Nothing contained in this Supplemental Protective Order shall preclude the Producing Party from using its own Protected Information in any manner it sees fit, without prior consent of any other Party or the Court.

47. If a Receiving Party learns of any unauthorized disclosure of Protected Information for which the Receiving Party may be, in whole or in part, responsible, it shall immediately (i) inform the Producing Party in writing of all pertinent facts relating to such disclosure, (ii) make reasonable best efforts to retrieve all copies of the Protected Information that was disclosed without authorization, (iii) inform the person or persons to whom unauthorized disclosures were made of the terms of this Supplemental Protective Order, (iv) request such person or persons execute the attached Acknowledgement and Agreement to be Bound by Supplemental Protective Order, and (v) as soon as reasonably practicable, certify to the Producing Party that the steps in (i)-(iv) above are being undertaken or have been completed. Nothing herein shall prevent a Producing Party from requesting that a Receiving Party take other reasonable additional steps to mitigate or remediate an unauthorized disclosure, or from seeking Court intervention with respect to such unauthorized disclosure.

48.     Unless otherwise agreed or ordered, this Supplemental Protective Order shall remain in force after the closing of the Proceeding, and the Court shall retain jurisdiction after such closing to modify or enforce the provisions of this Supplemental Protective Order. Each Party consents to the ongoing jurisdiction of the Court to modify or enforce the provisions of this Supplemental Protective Order.

49.     Within ninety days of the request of a Producing Party made after the closing of the Proceeding, or as soon as reasonably practicable after such request, or such other time as the Producing Party may agree in writing, each applicable Receiving Party shall use commercially reasonable efforts to return or to destroy, at the option of the Receiving Party, all Protected Information under this Supplemental Protective Order unless the Protected Information has been offered into evidence, filed without restriction as to disclosure, or otherwise been made publicly available without a violation of the terms of the Supplemental Protective Order. At the Request of the Producing Party, as soon as practicable thereafter, each applicable Receiving Party shall certify in writing (which may be by e-mail), to the best of such Party's knowledge after reasonable inquiry, the return or destruction of Discovery Material containing Protected Information to the Producing Party. The Receiving Party shall not be required to locate, isolate, and return or destroy e-mails (including attachments to e-mails) that may include Protected Information contained in deposition transcripts or drafts or final expert reports.

50.     Notwithstanding the above requirements to return or destroy Discovery Material, any applicable Receiving Party, Counsel, and Professionals may retain (i) such Discovery Material as it reasonably believes (and at all times continues to reasonably believe) are required in order to satisfy applicable law, ethical or professional obligations, and rules or commercially reasonable, bona fide internal record-keeping or retention policies or procedures, (ii) any

analyses, compilations, abstracts, studies, summaries, or other documents, reports, or records prepared by the Receiving Party or its Counsel or Professionals based on, containing, or reflecting Protected Information, (iii) any portions of the Protected Information that are publicly available through no wrongful act or violation of this Supplemental Protective Order on the part of the entity or the individual who caused the information to become generally available to the public through publication or otherwise, and (iv) any portions of Protected Information that it reasonably believes cannot be practicably destroyed (such as oral communications, e-mail back-up records, bank-up server tapes, and any records of similar such automated record-keeping or other retention systems). Any retained Protected Information shall continue to be protected under this Supplemental Protective Order.

## H.    Changes in Designation of Information

51.    If the Producing Party inadvertently produces any Protected Information without labeling or marking or otherwise designating it as such in accordance with the provisions of this Supplemental Protective Order, the Producing Party shall give written notice to any applicable Receiving Party that the Discovery Material produced is deemed designated and should be treated as such in accordance with the provisions of this Supplemental Protective Order, and shall provide replacement media, images, and any associated production information to conform the Discovery Material to the appropriate designation and facilitate use of the revised designation in the production. Such Receiving Party must treat such Discovery Material with the noticed level of protection from the date such notice is received, unless such Discovery Material has become publicly available through no wrongful act or violation of this Supplemental Protective Order on the part of the entity or the individual who caused the information to become generally available to the public through publication or otherwise. Disclosure of such Protected Information, prior

to the receipt of such notice, to persons not authorized to receive such Protected Information shall not be deemed a violation of this Supplemental Protective Order. A Producing Party may designate, change the designation of, or withdraw a designation from any Discovery Material that it has produced consistent with this Supplemental Protective Order, provided, however, that such redesignation shall be effective only as of the date that notice of such redesignation is received. Such redesignation shall be accomplished by notifying Counsel for each applicable Receiving Party in writing of such redesignation and providing replacement images bearing the appropriate description, along with the replacement media, images, and associated production information referenced above. Upon receipt of any redesignation and replacement image, each Receiving Party shall (i) treat such Discovery Material in accordance with this Supplemental Protective Order; (ii) take reasonable steps to notify any persons known to have possession of any such Discovery Material of such redesignation under this Supplemental Protective Order; and (iii) promptly endeavor to procure all copies of such Discovery Material from any persons known to have possession of such Discovery Material who are not entitled to receipt under this Supplemental Protective Order. It is understood that each Receiving Party's good faith efforts to procure all such Discovery Material may not result in the actual return of all such Discovery Material.

52.     A Receiving Party may challenge a designation or a redaction at any time with respect to Discovery Material that is or would be discoverable. pursuant to the process set out in the MDL Protective Order ¶ 52.

**I.     Inadvertent Production of Documents**

53.     The Parties agree that no Party intends to disclose Privileged Information, except as specifically provided for and protected by a common interest privilege, joint defense privilege,

or similar protection. If, nevertheless, the Producing Party discloses Privileged Information, such disclosure shall be deemed inadvertent without any need of further showing under Federal Rule of Evidence 502(d) and shall not constitute or be deemed a waiver or forfeiture of the privilege or protection from discovery by such Producing Party in this case or in any other federal or state proceeding. This section shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

54.     If the Producing Party discovers that it has produced Privileged Information, it shall promptly notify any applicable Receiving Parties of the production in writing, shall identify the produced Privileged Information, and may demand that such Receiving Parties return or destroy the Privileged Information. In the event that any Receiving Party receives Discovery Material that it believes is Privileged Information, such Receiving Party shall immediately refrain from examining the Discovery Material and shall promptly notify the Producing Party in writing that the Receiving Party possesses potentially Privileged Information. The Producing Party shall have five days after receiving such notice to assert privilege over the identified Discovery Material. If the Producing Party does not assert a claim of privilege within the five-day period, the Discovery Material in question shall be deemed not privileged.

55.     If the Producing Party has notified any Receiving Party of production of Privileged Information, or has confirmed the production of Privileged Information called to its attention by a Receiving Party, each such Receiving Party shall within five days of receiving such notification or confirmation: (i) return, sequester, or destroy all copies of the Privileged Information in its possession, custody, or control (the "Clawed-Back Information"); (ii) neither use nor disclose the Clawed-Back Information until any dispute over the claim of privilege resolved; (iii) take reasonably steps to retrieve any Clawed-Back Information that may have been disclosed by such

Receiving Party prior to the notification; and (iv) ensure that the Clawed-Back Information is not disclosed in any manner by the Receiving Party.

56.     Within ten days of the notification that such Clawed-Back Information has been returned, destroyed, sequestered, or deleted, the Producing Party shall produce a privilege log with respect to the Clawed-Back Information. Within seven days after receiving the privilege log(s) with respect to such Clawed-Back Information, a Receiving Party may notify the Producing Party in writing of an objection to a claim of privilege or work-product protection with respect to the Clawed-Back Information. Within five days of the receipt of such notification, the Producing Party and any applicable Receiving Parties shall meet and confer in an effort to resolve any disagreement concerning the privilege or work-product claim with respect to such Clawed-Back Information.

57.     A Receiving Party shall not use any Clawed-Back Information for any purpose other than to dispute the claim of privilege until the Court has ruled on such dispute (if any). If a Receiving Party files a motion disputing the claim of privilege following the meet and confer, the Producing Party bears the burden of establishing the attorney-client privilege, attorney work product protection, common-interest privilege, or any other privilege, immunity, or protection from production or disclosure of any Clawed-Back Information and may oppose such motion, including on the grounds that inadvertent disclosure does not waive privilege.

58.     Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of Discovery Material for relevance, responsiveness, and segregation of either privileged or protected information before production. Nothing in this Supplemental Protective Order shall limit the Court's right or any Party's right to request an in-camera review of any Privileged Information.

59.     In the event any prior order or agreement between any Parties or between any Party and any non-Party concerning the disclosure of either privileged or work product protected materials conflicts with any of the provisions of the Supplemental Protective Order, the provisions of the Supplemental Protective Order shall control the treatment of such privilege issues with respect to all Discovery Material.

**J.      Filing and Use at any Hearing or Trial of Protected Information**

60.     If any Receiving Party determines to file or to otherwise submit to the Court any Discovery Material containing or disclosing the content of Protected Information, including, but not limited to, briefs, pleadings, memoranda, transcripts, and discovery responses, such Protected Information must be filed under seal or in redacted form, unless such Receiving Party first either (i) obtains from the Producing Party (a) consent to the filing without sealing or redaction, or (b) a waiver of the prohibition against filing, referencing, submitting, or otherwise using such Protected Information in unredacted form, or (ii) obtains, through a motion on notice to the Producing Party, an order of the Court (a) allowing the filing without sealing or redaction or (b) modifying or eliminating the aforementioned prohibition.

61.     To the extent that a brief, memorandum, pleading or other filing references any Protected Information, the filing Party shall file a redacted version on the public docket on the date such filing is due to be filed and may concurrently file an unredacted version under seal. Only portions of Discovery Materials containing Protected Information are subject to redaction. All filings made under seal shall be submitted electronically and shall be linked to this Supplemental Protective Order or other relevant authorizing order. If both redacted and unredacted versions are being submitted for filing, each version shall be clearly named so there is no confusion as to why there are two entries on the docket for the same filing.

62.     A Receiving Party that intends to present Protected Information at a hearing or trial shall use reasonable best efforts to bring that issue to the Producing Party's and the Court's attention without disclosing the Protected Information no later than one day prior to the hearing or trial. No later than the morning of the hearing or trial, the Receiving Party that intends to present Protected Information and the Producing Party shall meet and confer regarding procedures for the use of the Protected Information at the hearing or trial. If necessary, the Court may thereafter make such orders, including any stipulated orders, as are necessary to govern the use of Protected Information at the hearing or trial.

## K.     Protected Information Requested by Third Party; Procedure Following Request

63.     If any Receiving Party is served with a subpoena, a request for information, including a request under any public records act, or any similar federal, state, or municipal law (collectively, the "Public Disclosure Laws"), or any other form of legal process that purports to compel disclosure of any Protected Information covered by this Supplemental Protective Order ("Request"), and determined that the Receiving Party may be required to produce Protected Information in response to the Request, the Receiving Party must so notify the Producing Party, in writing, as soon as reasonably possible following the Request. In the event the Receiving Party determines it is required to disclose Protected Information in response to the Request, any notice of such Request must include a copy of the Request, or, to the extent the Request cannot be shared, information sufficient to identify the name of the party who made the request (the "Requestor") and the particular materials sought. The Receiving Party will make reasonable best efforts to provide such notice no more than five days after determining it must comply with the Request in order to enable the Producing Party to seek a court order protecting the Protected Information, provided that notice of a Request made under Public Disclosure Laws will be provided in

28

accordance with applicable law. Unless otherwise required by law or by an order of a court of competent jurisdiction, the Receiving Party will reasonably await the Producing Party's intervention to seek a court order protecting the Protected Information prior to the disclosure of any Protected Information in response to a Request.

64.     In the event the Receiving Party determines it is required to disclose Protected Information in response to the Request, the Receiving Party will make reasonable best efforts to inform the Requestor in writing that some or all the requested material is the subject of this Supplemental Protective Order, and to provide information regarding where to obtain a copy of this Supplemental Protective Order if requested by the Requestor. Any Party or Requestor who seeks disclosure of Protected Information by requesting relief from this Court shall bear the burden and expense of requesting such relief.

65.     The purpose of this section is to alert the Requestor to the existence of this Supplemental Protective Order and to afford the Producing Party an opportunity to protect such Protected Information. The Producing Party may seek to protect its Protected Information from disclosure in response to a Request by making a motion to this Court for a protective order, to quash a subpoena, or for similar relief. The Court shall have jurisdiction to grant all appropriate relief to protect the Protected Information from disclosure to the Requestor and otherwise to further the purposes of this Supplemental Protective Order. The Producing Party shall bear the burden and the expense of seeking protection of its Protected Information. The obligations set forth in this section remain in effect while the Receiving Party has Protected Information in its possession, custody, or control.

66.     If the Producing Party seeks a protective order or other similar relief from any court of competent jurisdiction, including from this Court, in response to a Request, the Receiving Party

shall not disclose such Protected Information until such court of competent jurisdiction has ruled on the request for a protective order or other similar relief, except to the extent required by applicable law. The restrictions in this paragraph shall not apply to Protected Information (i) for which the Producing Party expressly consents in writing to disclosure to the Requestor; or (ii) that this Court has determined, pursuant to an order of the Court, to have been improperly designated as Protected Information.

67.     The provisions of this section shall apply to any entity in receipt of Protected Information governed by this Supplemental Protective Order. Notwithstanding anything herein that could be interpreted as to the contrary, nothing in this Supplemental Protective Order shall be deemed to (1) foreclose any Party from arguing that Protected Information is not a public record for purposes of the Public Disclosure Laws; (2) prevent any Party from claiming any applicable exemption to the Public Disclosure Laws; (3) limit any arguments that a Party may make as to why Projected Information is exempt from disclosure, (4) limit any arguments that a Party or Requestor may make as to why Protected Information should be disclosed pursuant to an order of the Court; or (5) prevent any Party from complying with Public Disclosure Laws or an order of a court of competent jurisdiction.

**L.     Information Protected Pursuant to HIPAA**

68.     The Purdue Bankruptcy Production may include production of Protected Health Information (as defined in 45 C.F.R. § 160.103) for which special protection from public disclosure and from any purpose other than use in the Proceeding is warranted.

69.     Pursuant to 45 C.F.R. § 164.512(e)(1), all Covered Entities and their Business Associates (as defined in 45 C.F.R. § 160.103), or entities in receipt of information from such entities, are hereby authorized to disclose Protected Health Information relevant to the Proceeding

to: (i) Parties in the Proceeding, (ii) Counsel and Professionals; (iii) the Court and its personnel, and (iv) court reporters; provided, however, that such disclosure shall be expressly limited to those persons who reasonably need to receive such information in connection with the Proceeding and for no other purpose (collectively, "PHI Recipients"), and for such purposes as designated in paragraph 70. Further, all Parties that are entities subject to state privacy law requirements, or entities in receipt of information from such entities, are hereby authorized to disclose Protected Health Information relevant to the Proceeding to PHI Recipients and for such purposes as designated in paragraph 70. The Court has determined that disclosure of such Protected Health Information is necessary for the conduct of proceedings before it and that failure to make the disclosure would be contrary to public interest or to the detriment of one or more Parties to the Proceeding.

70.     The Parties shall not use or disclose Protected Health Information for any purpose other than the Proceeding. PHI Recipients may use Protected Health Information for purposes of the Proceeding. PHI Recipients may disclose Protected Health Information to other PHI Recipients; provided, however, that such disclosure shall be expressly limited to those persons who reasonably need to receive such information in connection with the Proceeding and for no other purpose.

71.     The Parties shall make all necessary efforts and take all necessary precautions to limit the uses and disclosures of, and requests for, Protected Health Information to the minimum necessary to accomplish the intended purpose of the use, disclosure, or request pursuant to 45 C.F.R. § 164.502(b). PHI Recipients shall implement reasonable security measures in maintaining any documents containing Protected Health Information. PHI Recipients shall return or destroy, in each instance in a manner consistent with guidance from the U.S. Department of

31

Health and Human Services, any Protected Health Information (including all copies made) received pursuant to this Supplemental Protective Order as soon as reasonably practicable after the closing of the Proceeding, subject to the exceptions set forth in paragraph 50, including those covering "Protected Information."

**M.    Miscellaneous Provisions**

72.    The Parties referenced in a particular paragraph may agree in writing to extend the time periods set forth in such paragraph; provided that such agreement will only cover the particular instance for which the agreement was made.

73.    Nothing in this Supplemental Protective Order or any action or agreement of a Party under this Supplemental Protective Order limits the Court's power to make any orders that it deems appropriate with respect to the protection afforded to the Purdue Bankruptcy Production or the use and disclosure of the Purdue Bankruptcy Production in discovery or at hearing or trial.

74.    Nothing in this Supplemental Protective Order shall abridge the right of any Party to seek judicial review or to pursue other appropriate judicial action to seek a modification or amendment of this Supplemental Protective Order.

75.    In the event that any Party shall violate or threaten to violate the terms of this Supplemental Protective Order, the applicable Producing Party may immediately apply to obtain injunctive relief against any Party violating or threatening to violate any of the terms of this Supplemental Protective Order, and in the event the Producing Party shall do so, the respondent Party, subject to the provisions of this Supplemental Protective Order, shall not employ as a defense thereto the claim that the Producing Party possesses an adequate remedy at law. Without limiting the foregoing, violations of the terms of this Supplemental Protective Order may result in

sanctions, including without limitation contempt, adverse inferences, or any other remedies or punishments that the Court considers just and proper under the circumstances.

76.    This Supplemental Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, or other grounds for not producing Discovery Material called for, and access to such Discovery Material shall be only as provided for by separate agreement of the Parties or by the Court.

77.    The Supplemental Protective Order shall continue in force until amended or superseded by express order of the Court, and shall survive and remain in effect after the closing of the Proceeding.

78.    This Supplemental Protective Order is entered for the purpose of facilitating the Proceeding. Nothing herein shall be construed or presented as a judicial determination that any Discovery Material designated as Protected Information is subject to protection under Federal Rule of Civil Procedure 26(c) until such time as the Court may rule on a specific document or issue. This Supplemental Protective Order is not intended to create, expand, or contract substantive rights or privileges, nor to modify the scope of protection available under Federal Rule of Civil Procedure 26(c) It imposes no production or disclosure obligations on any Party. It is intended solely to provide a procedural mechanism to enable the Parties to raise claims and preserve issues in a format which facilitates the disclosure process.

79.    This Supplemental Protective Order shall become effective upon being so ordered by the Court.

**IT IS SO ORDERED**

Dated:   1/30/2024              _s/Dan Aaron Polster_

                               Honorable Dan Aaron Polster
                               United States District Judge

33

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION | ) | **MDL 2804** |
| OPIATE LITIGATION | ) | |
| | ) | **Case No. 1:17-md-2804** |
| THIS DOCUMENT RELATES TO: | ) | |
| | ) | **Judge Dan Aaron Polster** |
| *All Cases* | ) | |

**ACKNOWLEDGMENT AND AGREEMENT**
**TO BE BOUND BY SUPPLEMENTAL PROTECTIVE ORDER**

The undersigned agrees:

On behalf of the party named below (the "**Party**"), I declare under penalty of perjury that the Party has read in its entirety and understands the Supplemental Protective Order that was issued by the United States District Court for the Northern District of Ohio in the above-captioned cases (the "**Proceeding**").

The Party agrees to comply with and to be bound by all the terms of the Supplemental Protective Order, and the Party understands and acknowledges that failure to so comply, and failure by counsel or other professionals employed or retained by such Party to so comply, could expose the Party to sanctions and punishment in the nature of contempt.  The Party solemnly promises that it will not disclose in any manner any discovery material that is subject to the Supplemental Protective Order to any person or entity except in strict compliance with the provisions of the Supplemental Protective Order.

The Party further agrees to submit to the jurisdiction of the United States District Court for the Northern District of Ohio for the purposes of enforcing terms of the Supplemental Protective Order, even if such enforcement proceedings occur after the closing of the Proceeding.

Name of the Party: _____

Name of Party Representative: _____

Title of Party Representative: _____

By: _____
Signature

Signed in _____, _____, on this _____ day of _____, 20__

34