UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*PBM Bellwether Cases* | MDL 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster<br><br>**PBM BELLWETHER TRACKS 14 AND 15 CASE MANAGEMENT ORDER** |

On October 27, 2023, the Court entered an order identifying four bellwether cases against the Pharmacy Benefit Manager (PBM) defendants. *See* docket no. 5231. Following a case management conference with the parties, the Court entered an order resolving many disputed issues. *See* docket no. 5268. The Court determined that the PBM Bellwether cases will proceed as four tracks: *City of Rochester v. Purdue Pharma, L.P.*, No. 19-op-45853 ("Track 12"), *Lincoln County v. Richard Sackler, M.D.*, No. 20-op-45069 ("Track 13"), *City of Independence, Missouri v. Williams*, No. 19-op- 45371 ("Track 14"), and *County of Webb, Texas v. Purdue Pharma, L.P.*, No. 18-op-45175 ("Track 15") (collectively "PBM Bellwether cases").

On December 28, 2023, the Court entered a Case Management Order governing the schedule for PBM Bellwether cases Tracks 12 and 13, and ordered the parties to meet and confer regarding the discovery and motion deadlines for Track 14 and Track 15. The parties have met and conferred and jointly submitted a proposed PBM Bellwether CMO for Tracks 14 and 15. *See* docket no. 5292. The parties agreed on all but four sections of their proposed CMO. Having reviewed the parties' areas of disagreement, the Court now resolves those disputes and orders Tracks 14 and 15 to proceed in accordance with the following Case Management Order.

A. **Responding to the Complaint:**

    1. On December 15, 2023, PBM bellwether plaintiffs moved to file amended complaints. The PBM defendants filed an opposition on January 22, 2024, and the Plaintiffs' Reply is due at **noon on February 5, 2024**. The motions to dismiss the Track 12 and 13 cases must be filed **30 days** after the ruling on the motion for leave to amend. The PBM Defendants shall file any motions to dismiss in Tracks 14 and 15 within **60 days** after the motions to dismiss in Tracks 12 and 13 are filed. Plaintiffs shall file their responses in opposition **60 days** after the motions to dismiss are filed. The PBM Defendants shall file replies **30 days** after responses are filed.

    2. The Court's instructions on briefing, page limitations, and jurisdictional discovery contained in Sections D.2, D.3., D.4, and D.5. of the Court's December 28, 2023 Order, docket no. 5282, shall apply equally to Tracks 14 and 15.

B. **Answers to Amended Complaints:**

    1. In Tracks 14 and 15, the PBM Defendants shall answer the operative complaint within **30 days** of the Court's ruling on a motion to dismiss or, if no such motion is filed, within **90 days** of the Court's ruling on Plaintiffs' motion for leave to amend their complaints.

    2. The PBM Defendants shall file any third-party complaints within **14 days** after service of their answers.

C. **Fact Discovery:**

1. Initial document discovery shall proceed while motions for leave to amend and motions to dismiss are pending. The Track 14 and 15 plaintiffs may collectively serve up to **35 requests for production** and up to **35 interrogatories** on each PBM defendant.

2. PBM defendants collectively may serve up to **35 requests for production** and up to **35 interrogatories** on each Plaintiff. The Parties may seek leave to propound additional requests for production and interrogatories after the Court rules on Plaintiffs' motion for leave to amend their complaints.

3. **January 16, 2024** – PBM defendants shall begin providing to Plaintiffs, on a rolling basis, a list of data fields included in their claims data, rebate and administrative fee data, and mail order pharmacy dispensing data, along with data dictionaries or other available descriptions of databases and each field. In producing lists of data fields, PBM defendants are not required to (but may) create documents that describe the data in each field.

4. **February 2, 2024** – Track 14 and 15 Plaintiffs shall begin providing to the PBM defendants, on a rolling basis, a list of data fields included in: (i) claims data and rebates data they have received, or have access to, from their insurers and/or PBM defendants in their capacities as plan sponsors, (ii) dispensing or prescription data they have received, or have access to, in their capacities as counties and municipalities (*e.g.*, PDMP data, data from other government agencies), and (iii) financial data about their budgets and expenditures, along with data dictionaries or other available descriptions of each field.

5. **March 1, 2024** – The parties shall begin to meet and confer regarding the data fields to be produced by the Track 14 and 15 Plaintiffs from each data set. The parties shall work with Special Master Cohen to address any disagreements. The Track 14 and 15 Plaintiffs shall complete its production of data fields by **April 1, 2024**. Any disputes regarding the production of particular data fields by the Track 14 and 15 Plaintiffs shall be submitted to Special Master Cohen as soon as reasonably possible and no later than **April 15, 2024**. For avoidance of doubt, this provision applies only to the Track 14 and 15 Plaintiffs' data fields. The PBM Defendants' data fields are subject to the dates entered in the Track 12 and Track 13 Case Management Order, docket no. 5282, at Section F.3; *see also* docket no. 5268 at 6.

6. **April 30, 2024** – The Track 14 and 15 Plaintiffs shall identify their proposed document custodians, including titles and timeframes of employment in their relevant position, and the Track 14 and 15 Plaintiffs shall send the PBM Defendants proposed search terms. Disputes regarding the Track 14 and 15 Plaintiffs' search terms and custodians shall be submitted to Special Master Cohen as soon as reasonably possible and no later than **May 14, 2024**. For avoidance of doubt, these dates apply only to the Track 14 and 15 Plaintiffs' custodians and search terms. The PBM Defendants' custodians and search terms will be negotiated at the same time across all four bellwethers, which will track the dates entered in the Track 12 and Track 13 Case Management Order, docket no. 5282, at Section F.4. The negotiations regarding custodians and search terms are occurring before discovery is underway, and therefore the parties may request additional custodians or search terms as discovery progresses. The parties must meet and confer about any such request, and may submit

additional disputes regarding custodians to Special Master Cohen in the event that disputes arise regarding requests to add custodians or search terms identified through subsequent discovery.

7. **June 14, 2024** – Custodial document production for Tracks 14 and 15 must commence and continue on a rolling basis. The parties shall meet and confer regarding the priority of production of custodian files.

8. **August 16, 2024** – Other than as noted below, data production by all parties shall be complete. Data production leading up to this deadline should occur on a rolling basis.

9. **September 13, 2024** – Other than as noted elsewhere herein, custodial document production by all parties shall be complete. Document production up to this deadline should occur on a rolling basis.

10. **September 27, 2024** – Track 14 and 15 Plaintiffs shall identify for PBM defendants: (i) the prescriptions they (and their experts) conclude caused them harm for which they seek relief, (ii) the methodology or methodologies they (and their experts) used to reach such a conclusion; and (iii) the electronic scripts or analytical programs used by Plaintiff and/or their experts to implement that methodology.

11. **November 15, 2024** – PBM defendants shall produce for Tracks 14 and 15 "notes fields" data as defined in the Court's May 10, 2021 Amended Order Regarding Red Flag Prescriptions and Associated Notes Field Data. *See* docket no. 3726 at 2 n.1 ("'notes fields' [means] 'any information that is associated with the particular [red flagged prescriptions], including transactional prescription data fields, hard-copy scans of the front or back of paper [prescriptions], and anything else that a Defendant asserts was a part of its documentation of due diligence for [red-flagged

prescriptions].'"). The parties shall raise any disputes regarding notes fields with Special Master Cohen as soon as reasonably possible.

12. **February 21, 2025** – Close of fact discovery.[1]

**D.    Depositions:**

1. Track 14 and 15 Plaintiffs collectively may take **17 depositions** of each PBM defendant family. The Court will consider motions for leave to take additional depositions for good cause.

2. The PBM Defendants collectively may take **30 fact witness depositions** of each Plaintiff. The Court will consider motions for leave to take additional depositions for good cause.

3. In addition to the fact witnesses above, Plaintiff may conduct **10 hours** of 30(b)(6) witness depositions of each individual PBM defendant family.

4. The PBM defendants collectively may conduct **14 hours** of 30(b)(6) witness depositions of each Plaintiff.

5. The Court's instructions on deposition length, questioning, third party depositions, and the deposition protocol contained in Sections G.4., G.5., G.6., and G.7. of the Court's December 28, 2023 Order, docket no. 5282, shall apply equally to Tracks 14 and 15.

---

[1] Notwithstanding the close of fact discovery, if a party lists a witness for trial who has not been deposed in the MDL prior to trial, any opposing party may seek leave to depose the witness prior to the witness's trial testimony.

E. **Expert Discovery:**

  1. **April 4, 2025** – Plaintiffs shall serve expert reports on all issues except abatement and other remedies and, for each expert, provide two proposed deposition dates between **April 25, 2025**, and **May 30, 2025**.

  2. **June 27, 2025** – PBM defendants shall serve expert reports on all issues except abatement and other remedies and, for each expert, provide two proposed deposition dates between **July 18, 2025**, and **August 22, 2025**.

  3. Expert reports rebutting responsive reports shall be served **21 days** after the deposition of the responsive expert. Any materials relied on by the rebutting expert shall be produced within 7 days of serving the rebuttal reports. The parties shall meet and confer and come to agreement on whether rebuttal expert depositions will be required and if so when they will occur.

F. *Daubert* **and Dispositive Motions:**

  1. **August 22, 2025** – The Parties shall meet and confer on page limits for Daubert and dispositive motions, and mechanisms to avoid unnecessarily lengthy or duplicative briefing. If the parties do not reach full agreement, they will submit their positions to the Court by this deadline.

  2. **September 12, 2025** – Deadline for *Daubert* and dispositive motions.

  3. **November 14, 2025** – Deadline for responses to *Daubert* and dispositive motions.

  4. **December 12, 2025** – Deadline for replies in support of *Daubert* and dispositive motions.

G.     **Motions** *in limine*:

This Court does not intend to rule on motions in limine prior to remand. However, this Court will provide prior evidentiary rulings to the transferee court for that court's adoption or rejection as it deems appropriate. This Court may make certain evidentiary rulings while addressing other pretrial motions that could control or impact subsequent motions in limine.

**IT IS SO ORDERED.**

 /s/ Dan Aaron Polster  January 31, 2024
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**