UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804<br>Case No. 17-md-2804 |
| THIS DOCUMENT RELATES TO: | |
| "United Food and Commercial Workers Health and Welfare Fund of Northeastern Pennsylvania" | Case No. 1:17-OP-45177 |
| "Sheet Metal Workers Local No. 25 Health & Welfare Fund" | Case No. 1:18-OP-45002 |
| "Louisiana Assessors Insurance Fund" | Case No. 1:18-OP-46223 |
| "Pioneer Telephone Cooperative Inc. Employee Benefits Plan" | Case No. 1:18-OP-46186<br>Judge Dan Aaron Polster |

## AMENDED CASE MANAGEMENT ORDER FOR THIRD PARTY PAYOR BELLWETHER CASES

The TPP Bellwether Plaintiffs have met and conferred with Defendants who consent to a two-week extension within which to file the TPP Amended Complaints (currently due February 1, 2024). The Parties now seek the Court's permission for an extension of time to file their Amended Complaints on **February 15, 2024**. This request is **GRANTED**.

Additionally, the Parties worked together and have agreed to amend the related dates and deadlines in the current CMO, docket no. 5281, in accordance with the requested extension.[1] The Court hereby adopts the Parties' proposed Amended CMO below.

On October 25, 2023, the Court entered an order identifying four bellwether cases involving Third Party Payor plaintiffs ("TPP Bellwether Plaintiffs")[2] against Defendants[3],

---

[1] In addition to the changed dates, the Parties also made a minor change to footnote 4 to be consistent with what was last submitted to the Court by the parties. The Parties assert that the version included in the current CMO was inadvertently included from a prior draft.

[2] As used herein, the term "TPP Bellwether Plaintiffs" refers only to the plaintiffs named in the four federal TPP Bellwether cases.

[3] To the extent named in a case, the "Defendants" are: (1) Janssen Pharmaceuticals, Teva Pharmaceuticals USA, Inc. and its affiliates named as defendants, Cephalon, Inc., Actavis Pharma, Inc., Actavis LLC, and Watson Laboratories, Inc. (Teva Pharmaceutical Industries Ltd. is named as a Defendant in certain TPP Bellwether cases,), and Allergan Finance LLC, f/k/a Actavis, Inc., f/k/a Watson Pharmaceuticals, Inc. (while Allergan PLC, n/k/a Allergan Limited, is named as a Defendant) (collectively, "Manufacturers"); (2) AmerisourceBergen Drug Corporation, Cardinal Health Inc., and McKesson Corp. (collectively, "Distributors"); and (3) Walgreens Boots Alliance, Inc., Walmart

including *United Food and Commercial Workers Health and Welfare Fund of Northeastern Pennsylvania v. Purdue Pharma, LP, et al.,* ("UFCW NEPA")*,* Case No. 1:17-OP-45177; *Local No. 25 Sheet Metal Workers Health & Welfare Fund v. Purdue Pharma, LP, et al.*, ("Local 25"), Case No. 1:18-OP-45002; *Louisiana Assessors Insurance Fund a/k/a The Insurance Committee of the Assessors' Insurance Fund v. AmerisourceBergen Drug Corp., et al.,* ("LAIF"), Case No. 1:18-OP-46223; and *Pioneer Telephone Cooperative Inc. Employee Benefits Plan et al. v. Purdue Pharma, LP, et al*., ("Pioneer"), Case No. 1:18-OP-46186 (collectively, the "TPP Bellwether cases"). Docket No. 5225.

To facilitate administration of these matters, and in keeping with prior practices in this MDL, the Court hereby designates the UFCW NEPA case Track 16 ("CT16"); the Local 25 case is designated Track 17 ("CT17"), the LAIF case is designated Track 18 ("CT18") and the Pioneer case is designated Track 19 ("CT19"). The Court directed the Parties to meet and confer regarding a proposed case management schedule for the TPP Bellwether cases and provided additional guidance through the Court's December 13, 2023 Order. *See* Docket No. 5271. The Court has reviewed the Parties' submission(s) and hereby orders as follows.

    A.    **Amendment of Pleadings and Answers**

        1.    **Amendment of Pleadings**. TPP Bellwether Plaintiffs may amend their complaints, including any amendment to add parties to a TPP Bellwether case, no later than **February 15, 2024** or will inform defendants that no amended pleading will be filed. After that date, no complaint shall be amended by the TPP Bellwether Plaintiffs, absent leave of Court or stipulation of the Parties.

        2.    **Answers to TPP Bellwether Plaintiffs' Amended Complaints.** Defendants shall file answers to the TPP Bellwether Plaintiffs' Amended Complaints by **April 15, 2024** or 30 days after a decision on any motions to dismiss, whichever is later.

        3.    **Third-Party Complaints**. Defendants shall file any third-party complaints within fourteen (14) days after service of their answers.

    B.    **Treatment of Defendant Corporate Families**

TPP Bellwether Plaintiffs have named, or intend to name, as defendants certain defendant families previously named in prior case tracks in this MDL. Consistent with prior directives, the Parties shall meet and confer by no later than **February 29, 2024** and seek to reach agreement to streamline the case as to the treatment of multiple named defendants that are part of a single corporate family. The Parties shall file any stipulations as to the dismissals or other treatment of named defendants that are part of a single corporate family by **March 15,**

---

Inc. and CVS Pharmacy, Inc. (collectively, "Pharmacies"). The Manufacturers, Distributors and Pharmacies comprise the three "Defendant Industry Groups." By submitting this case management order, the parties agree that all defenses and arguments are reserved, and no party has waived any rights, including the right to raise jurisdictional defenses.

**2024**. Defendants are required to accept service on behalf of any foreign defendant that is their parent or subsidiary and waive service under the Hague Convention pursuant to ECF 1108; *see also City & Cnty. of San Francisco v. Purdue Pharma L.P.*, 491 F. Supp. 3d 610, 645 (N.D. Cal. 2020) ("The Court DENIES Foreign Defendants' motions to dismiss for insufficient service. In accordance with the MDL court's order, domestic defendants must accept service on behalf of any Foreign Defendant that is their parent or subsidiary." (citing ECF 1108; emphasis in original)).

      C.      **Previous Discovery**

All discovery produced by any entity in this MDL, or pursuant to DR 22, shall be deemed produced in the TPP Bellwether cases. To promote efficiency and consistent with the Court's and Special Master's directives, the Parties will meet and confer regarding how to ensure that discovery requests issued in the TPP Bellwether cases are specific to this case and non-duplicative of the discovery requests already issued in any MDL case track while ensuring that the record is clear as to what discovery is at issue in Tracks 16-19, without requiring the Parties to reissue discovery unnecessarily. However, if the discovery requests were previously issued, but responses were not provided, or were provided with limitations, the requests may be re-issued for good cause shown. All objections to any such discovery are reserved. The burden of avoiding non-duplicative discovery applies equally to all parties. Discovery served in Tracks 16-19 will be tailored to Tracks 16-19, as appropriate.

      D.      **Prior Rulings**

The Court intends to adhere to all rulings made in prior MDL tracks. *See* Order Resolving Disputes Regarding Proposed CMO, dated December 13, 2023 [ECF No. 5271]. If a similar issue arises, the parties shall not simply reassert the same arguments made by prior parties in this MDL. Instead, the Parties shall file a simple statement that they adopt those arguments in order to preserve the record for appeal. If the Parties have any new arguments that are meaningfully different from those raised earlier and resolved in prior Court rulings, the Parties may make them. The Parties may also seek departure from prior rulings for good cause shown. The Court also recognizes that the TPPs are differently situated than the prior categories of MDL plaintiffs and the Parties are entitled to make a showing that the facts the Court relied on in making its prior rulings are sufficiently different with respect to the TPP Plaintiffs to warrant a different outcome.

      E.      **Motions to Dismiss** - Discovery may proceed while the Motions to Dismiss, if any, are pending.

        1.    **Motions to Dismiss on Substantive Issues**: Defendants shall file any motions to dismiss the TPP Bellwether Amended Complaints by **Friday, March 29, 2024**. TPP Bellwether Plaintiffs shall file any responses by **Friday, May 17, 2024**. Defendants shall file their replies in support of their motions to dismiss by **Friday, June 7, 2024**.

        2.    **Page Limitations for Motion to Dismiss on Substantive Issues:**

3

    i.     The Parties shall coordinate and consolidate all briefing on all motions to dismiss and avoid duplicative briefing by incorporating similar arguments by reference.

    ii.     Defendant Industry Groups may each file a single omnibus motion to dismiss applicable across all four case tracks of up to **30 pages** in length on common issues relevant across all four TPP Bellwether cases.

    iii.     TPP Plaintiffs may file a response brief of up to **30 pages** addressing each Defendant Industry Group's joint memorandum on common issues. Defendant Industry Groups may each file a single joint reply memorandum of up to **15 pages** in length in support of their motions to dismiss the claims against them.

    iv.     Each of the Defendant Families may also file an individual memorandum of up to **5 pages** concerning issues specific to it. Responses to such memoranda shall also be limited to **5 pages**, and reply memoranda shall be limited to **3 pages.**

    v.     The parties may request additional pages upon good cause shown, if, for example, the TPP's claims are not identical across the four bellwethers or if the applicable law is more divergent than anticipated.

    vi.     The Parties may use the pages above as they see fit, though opposition briefs shall not exceed the total number of pages permitted in opening briefs.

3. **Motions to Dismiss on Jurisdictional Grounds:** Defendants shall file any motions to dismiss the TPP Bellwether Amended Complaints on jurisdictional grounds by **March 15, 2024**. TPP Plaintiffs shall file any responses by **April 19, 2024**. Defendants shall file their replies in support of their motions to dismiss by **May 10, 2024.** The page limits for the memorandum in support, responses, and replies on any defendant-specific jurisdictional issues shall be subject to the limitations set forth in Local Rule 7.1(f).

    Following the filing of any jurisdictional motions to dismiss, the Parties shall meet and confer promptly to discuss whether jurisdictional discovery is necessary, incorporating the reasoning set out in the Court's Order at Docket No. 3180. The Parties will raise any disputes about the necessity or scope of jurisdictional discovery with Special Master Cohen by **Friday, March 29, 2024**. If jurisdictional discovery is deemed appropriate, oppositions will be due within 30 days after said discovery is complete. Replies will follow within 14 days thereafter.

F. **Fact Discovery**

    1. **Data Productions**

        **TPP Bellwether Plaintiffs' Claims Data:** The parties shall meet and confer by January 19, 2024, on the scope, format, and fields for TPP Bellwether Plaintiffs' production of prescription and medical reimbursement claims data ("TPP Claims Data") and other issues to be included in a specific CMO relating to the TPP Claims Data. To facilitate those discussions, by January 12, 2024, Plaintiffs shall provide to Defendants a list of the TPP Claims Data fields as well as data dictionaries defining the fields. Any disagreement as to the type of data and the format and fields for same shall be raised promptly with Special Master Cohen.

        TPP Bellwether Plaintiffs shall use their best efforts to obtain and produce TPP Claims Data, by no later than **May 1, 2024**. To the extent such data is maintained or controlled by third parties, the Plaintiffs and Defendants shall work cooperatively to obtain it.

        The foregoing shall not act as a limitation on additional TPP Bellwether Plaintiff or Defendant data being sought through appropriate discovery methods in the TPP Bellwether cases.

    2. **Document Custodians, Search Terms, and Productions**

        i. **March 1, 2024 – Identification of Document Custodians**

            a) TPP Bellwether Plaintiffs shall identify their proposed document custodians, including titles and timeframes of employment in the custodian's position(s).

            b) Defendants shall identify their proposed document custodians, including titles and timeframes of employment in the custodian's position(s). Defendants shall also identify prior MDL and state court opioid litigation custodians, including their titles and timeframes of employment in the custodian's position(s), where previously provided.

        ii. **March 15, 2024 -- Identification of Search Terms**

            a) Defendants shall identify the proposed search terms for TPP Bellwether Plaintiffs' custodians.

            b) Defendants' previously agreed-upon MDL search terms

       shall serve as the starting point for their custodians and TPP Bellwether Plaintiffs may propose modifications to those search terms.

    iii. **April 29, 2024** -- The Parties will meet and confer to reach agreement on custodians and to tailor the previously agreed upon MDL 2804 search terms to the TPP Bellwether Cases. If agreement cannot be reached by **April 29, 2024**, the matter shall be brought to the attention of the Special Master for resolution.

    iv. **June 28, 2024** – Custodial document production must commence, and must continue on a rolling basis.

    v. **December 13, 2024** – Deadline to serve written discovery on parties.

    vi. **January 17, 2025** – Document production by all Parties shall be completed.

    vii. **January 31, 2025** – Deadline to serve third-party subpoenas.

    viii. **April 11, 2025** – Close of party fact discovery and third-party discovery.

4. **Privilege**

For the avoidance of doubt, the parties acknowledge that the Agreed Order Governing Privilege (Docket No. 2882) continues to apply in the TPP Bellwether cases.

**G. Depositions**

1. **Depositions of Defendants – Fact Witnesses:** TPP Bellwether Plaintiffs may collectively depose no more than seven (7) witnesses per Defendant Family.

2. **Depositions of Plaintiffs - Fact Witnesses:** Defendants may collectively depose no more than twenty-five (25) witnesses per TPP Bellwether Plaintiff.

3. **All Party Fact and Expert Witness Depositions:** Depositions of witnesses who have already been deposed in this MDL shall not be re-taken in the TPP Bellwether cases, except to the extent that fact witnesses have not been deposed regarding TPP issues and in the case of experts, if the expert presents new opinions or supports previous opinions with facts specific to the TPP cases, absent: (1) agreement of the Parties, or (2) order of the Special Master or the

6

    Court, upon good cause shown. Any such agreement or order shall include a specific limitation as to the number of hours to be allowed for such deposition. Depositions of witnesses who have not been previously deposed in this MDL shall be limited to 7 hours each. Depositions of witnesses previously deposed shall not exceed 3 hours absent good cause shown.

4. **Rule 30(b)(6) Depositions:** In addition to the above, TPP Bellwether Plaintiffs collectively may serve one Rule 30(b)(6) notice on each Defendant Family, which may include both substantive topics as well as topics related to data and document production.

    Also, in addition to the above, Defendants collectively may serve one Rule 30(b)(6) notice on each TPP Bellwether Plaintiff regarding data and document production, and one Rule 30(b)(6) notice on each TPP Bellwether Plaintiff regarding substantive topics.

5. **Duration of Rule 30(b)(6) Depositions:** Each Rule 30(b)(6) deposition of TPP Bellwether Plaintiffs will be limited to 7 hours, to be divided among the Defendant Industry Groups. Each Rule 30(b)(6) deposition of each Defendant Family will be limited to 7 hours, to be divided among the TPP Bellwether Plaintiffs.

6. **All Depositions:** The Parties shall endeavor to ensure that deposition questioning of any witness (including a Rule 30(b)(6) witness) who was already deposed in any MDL opioid litigation or non-MDL opioid litigation will not be unnecessarily repetitive. As per the Order Resolving Disputes Regarding Proposed CMO, TPP Bellwether Plaintiffs shall endeavor not to unnecessarily address repetitive topics or ask repetitive questions of deponents who have already been deposed in conjunction with this MDL.

7. The Deposition Protocol Order (Docket No. 643) and Revised Remote Deposition Protocol (Docket No. 3589) continue to apply, except as modified by this Order.

8. The Parties may seek leave to depose additional fact witnesses upon good cause shown.

H. **Expert Discovery Deadlines**

1. **May 16, 2025** – TPP Plaintiffs shall serve expert reports and, for each expert, provide two proposed deposition dates between **June 6, 2025 and June 27, 2025.** Any materials relied on by the expert, not previously produced in the MDL, shall be produced within 7 days of serving the reports.

    2.    **July 17, 2025** – Defendants shall serve expert reports and, for each expert, provide two proposed deposition dates between **August 8, 2025 – August 28, 2025.** Any materials relied on by the expert, not previously produced in the MDL, shall be produced within 7 days of serving the reports.

    3.    Expert reports rebutting responsive reports shall be served **21 days** after the deposition of the responsive expert. Any materials relied on by the rebutting expert, not previously produced in the MDL, shall be produced within 7 days of serving the rebuttal reports.  Any expert providing a rebuttal report shall be subject to an additional deposition limited to the scope of the rebuttal report within 30 days of serving the expert rebuttal report.

## I. *Daubert* and Dispositive Motions

As stated, in the Court's 12/13/23 Order [Dkt. 5271], the Court is inclined to rule on Daubert and Dispositive Motions prior to suggesting remand. However, the Court declines to make a definitive decision at this time on which court will rule on those motions.[4]  If the Court decides to rule on such motions, the following briefing schedule shall apply:

    1.    Dispositive and Daubert motions shall be due **September 19, 2025**. Any responses shall be filed by **October 24, 2025**.  Replies in support of such motions shall be filed by **November 14, 2025**.

    2.    With respect to Daubert and dispositive motions, the Parties will meet and confer on mechanisms to further avoid unnecessarily lengthy or duplicative briefing while preserving the record based on motions filed in separate tracks of the MDL and will make proposals with regard to page limits.

---

[4] The Parties previously submitted on 11/13/23 and 11/17/23 letter briefs stating their respective positions on this issue.

### J.     Remand to Transferor Courts

Discovery in the four bellwether cases should proceed apace, and any extensions of the deadlines set forth herein shall apply to all four bellwether cases equally. At the appropriate time, this Court shall certify that each of the TPP Bellwether Cases is ready to transfer back to the federal district court to which it was pending prior to transfer to this MDL. Each case shall be stayed upon entry of a remand or transfer order until such time as the transferor court enters a scheduling order.

**IT IS SO ORDERED.**

**Dated: February 1, 2024**              *s/ Dan Aaron Polster*
                                          **DAN AARON POLSTER**
                                          **UNITED STATES DISTRICT JUDGE**