# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION ) ) ) | MDL NO. 2804 |
| THIS DOCUMENT RELATES TO: ) ) | Case No. 1:17-md-2804 |
| *City of Rochester v. Purdue Pharma L.P.*, No. 19-op-45853 (Track 12) ) ) ) | JUDGE DAN AARON POLSTER |
| *Lincoln County v. Richard S. Sackler, M.D.*, No. 20-op-45069 (Track 13) ) ) ) | |
| *City of Independence, Missouri v. Williams*, No. 19-op-45371 (Track 14) ) ) ) | |
| *County of Webb, Texas v. Purdue Pharma, L.P.*, No. 18-op-45175 (Track 15) ) ) ) ) | |

## PLAINTIFFS' AND PEC'S JOINT REQUEST FOR LEAVE TO FILE SUR-REPLY AND DECLARATIONS IN OPPOSITION TO OPTUMRX'S MOTION TO DISQUALIFY MOTLEY RICE

Plaintiffs and the PEC hereby request leave by the Court to file the attached Proposed Sur-Reply and Declarations in Opposition to Defendant OptumRx's Motion to Disqualify Motley Rice. The Proposed Sur-Reply and Declarations respond to and rebut new evidence Optum presented for the first time with its Reply Brief (ECF 5300). *See* Supplemental Declaration of Matthew P. Hooker (ECF 5300-1), ¶¶ 6-17; Supplemental Expert Report of Wendy J. Muchman and Sari Montgomery (ECF 5300-2). Leave to file a sur-reply should be granted when a reply presents new evidence. *Seay v. TVA*, 339 F.3d 454, 481 (6th Cir. 2003) (sur-reply should be permitted "[w]hen new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated[.]"); *Artuso v. Felt*, 2022 WL 17960677, at *7 (N.D. Ohio Dec. 27, 2022) ("While a district court . . . has the discretion to consider an issue raised in a

reply brief, or new evidence submitted with a reply, it must give the opposing party a reasonable opportunity to respond to the new argument. Failure to do so is an abuse of discretion.") (cleaned up). Plaintiffs and the PEC had no opportunity to address these later-filed factual materials in their Opposition. In addition, the Sur-Reply addresses the Court's comments that the February 12th hearing was not helpful to the Court and aims to fill out the factual record relevant to the Court's areas of inquiry.

Dated: February 20, 2024

                Respectfully submitted,

                Jayne Conroy
                SIMMONS HANLY CONROY
                112 Madison Avenue, 7th Floor
                New York, NY 10016
                (212) 784-6400
                (212) 213-5949 (fax)
                jconroy@simmonsfirm.com

                Joseph F. Rice
                MOTLEY RICE LLC
                28 Bridgeside Blvd.
                Mt. Pleasant, SC 29464
                (843) 216-9000
                (843) 216-9290 (fax)
                jrice@motleyrice.com

                Paul T. Farrell, Jr., Esq.
                FARRELL & FULLER LLC
                1311 Ponce de Leone Ave., Suite 202
                San Juan, PR 00907
                (304) 654-8281
                paul@farrellfuller.com

                *MDL Plaintiffs' Co-Lead Counsel*

*s/ Peter H. Weinberger*
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (fax)
pweinberger@spanglaw.com

*MDL Plaintiffs' Liaison Counsel*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on February 20, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

*s/ Peter H. Weinberger*
Peter H. Weinberger