I, Wendy J. Weinberg, declare as follows:

1. I am over eighteen years old, of sound mind, and under no legal disability.

2. I am a Senior Assistant Attorney General in the Office of the Attorney General for the District of Columbia. In this capacity, I have acquired and retain direct personal knowledge of the matters described herein.

3. In its Motion to Disqualify Motley Rice (ECF 5276), Defendant OptumRx, Inc. ("Optum") argues that the representation by Motley Rice LLC ("Motley Rice") of the District of Columbia ("DC") in a civil investigation involving the prescription drug billing practices of pharmacy benefit management ("PBM") companies disqualifies Motley Rice from representing the bellwether plaintiffs with claims against Optum in the above-captioned cases. ECF 5276-1 at 2-3, 5-6, 14-15.

4. In making this argument, Optum attached a copy of the contingency fee retainer agreement between DC and Motley Rice for this investigation (ECF 5276-10) (the "DC-Motley Rice Retainer"). The DC-Motley Rice Retainer vests control over the investigation and any litigation and resolution with DC by providing that:

> The Attorney General shall have final authority over all aspects of this litigation. The litigation may be commenced, conducted, settled, approved and ended only with the express approval and signature of the Attorney General. The Attorney General, at his sole discretion, has the right to appoint a designated assistant ("designated assistant") to oversee the litigation, which appointment the Attorney General may modify at will.
>
> . . .
>
> All substantive pleadings, motions, briefs, and other material which may be filed with the court shall first be approved by the Attorney General and provided to his office in draft form in a reasonable and timely manner for review.

DC-Motley Rice Retainer at 3, ¶ 4.1.6 and 4.1.8.

5. The DC-Motley Rice Retainer also expressly provides that Motley Rice is an "independent contractor" with DC and that Motley Rice and its own employees are not employees of DC. DC-Motley Rice Retainer at 3, ¶ 4.1.10 ("Neither Contractor nor any employee of Contractor shall be regarded as employed by, or as an employee of OAG.").

6. Throughout the investigation and litigation of its PBM prescription drug billing claims, DC exercised control by deciding, for example, whether, when, and to whom it would serve a demand for production of documents for relevant information and whether to initiate litigation. The demand was issued and signed by the OAG.

7. DC retained and exercised control over the PBM prescription drug billing investigation carried out on its behalf by Motley Rice. DC ultimately terminated its agreement with Motley Rice.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: February 16, 2024

DocuSigned by:

*Wendy Weinberg*

3C2B917661A8454...

Wendy J. Weinberg
Senior Assistant Attorney General