**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>**THIS DOCUMENT RELATES TO**:<br><br>*City of Rochester v. Purdue Pharma, L.P.*, No. 19-op-45853 (Track 12)<br><br>*Lincoln County v. Richard S. Sackler, M.D.*, No. 20-op-45069 (Track 13)<br><br>*City of Independence, Missouri v. Williams*, No. 19-op-45371 (Track 14)<br><br>*County of Webb, Texas v. Purdue Pharma, L.P.*, No. 18-op-45175 (Track 15) | **MDL NO. 2804**<br><br>**Case No. 17-MD-2804**<br><br>**Judge Dan Aaron Polster** |

**OPTUMRX, INC.'S MOTION FOR RECONSIDERATION OR, ALTERNATIVELY, FOR LEAVE TO FILE RESPONSE TO PLAINTIFFS' AND PEC'S SUR-REPLY**

Yesterday, Motley Rice (through Plaintiffs and the PEC) requested leave to file a "sur-reply" and supplemental materials (115 pages total) opposing OptumRx's motion to disqualify Motley Rice. Dkt. 5320. Although this Court's rules gave OptumRx the right to file a response (*see* Local Civil Rule 7.1(d)) to Motley Rice's motion, the Court granted the motion hours later without giving OptumRx any opportunity to respond. OptumRx moves for reconsideration of the Court's order granting Motley Rice's motion to file its proposed sur-reply and supplemental materials. Alternatively, if the Court is inclined to consider Motley Rice's purported sur-reply (it should not), the Court should grant OptumRx leave to file a response to the purported sur-reply after deposing Motley Rice's declarants and expert witness to minimize the prejudicial effect of Motley Rice's proposed filings and to address the new arguments raised in the so-called sur-reply and voluminous supplemental materials.

**I.  THE COURT SHOULD RECONSIDER ITS ORDER GRANTING MOTLEY RICE'S SUR-REPLY.**

The Court should reconsider its order granting Motley Rice leave to file a sur-reply and supporting materials. OptumRx was not given any opportunity to respond to that motion, and Motley Rice's sur-reply is inappropriate.

Motley Rice had ample time and space (it used only 18 of the 20 pages allotted for its opposition brief and included more than 650 pages of exhibits) to defend the firm's clear violation of Rule 1.11(c). It couldn't. But then it sought leave to file a sur-reply and declarations two weeks after briefing closed and more than a week after the Court held a hearing on the motion. Why didn't it ask to file the material earlier? Motley Rice doesn't say. But no matter: Its purported sur-reply and supporting materials (all 115 pages of it) offer nothing more than arguments that it could have raised (or did raise) in its opposition brief or at oral argument. In other words, Motley Rice just wants a do-over. Motley Rice's purported sur-reply is just the latest example of the PEC's practice of operating outside of the Rules of Civil Procedure and this Court's rules. The Court should have denied Motley Rice's untimely, improper request.

"'[S]ur-replies . . . are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter.'" *Rose v. Liberty Life Assur. Co. of Bos.*, 2015 WL 10002923, at *1 (W.D. Ky. Oct. 19, 2015) (quoting *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012)). A sur-reply should identify "specific arguments or evidence in the . . . [r]eply that are 'new.'" *Noco Co. v. Shenzhen Valuelink E-Commerce Co.*, 550 F. Supp. 3d 488, 499 (N.D. Ohio 2021). It is not enough that a reply "'shift[ed] focus' to emphasize different issues than those raised" in prior briefing. *Id.* "[A] district court does not abuse its discretion in denying leave to file a sur-reply where the opposing party's

2

reply did not raise any new legal arguments or introduce new evidence." *Liberty Legal*, 875 F. Supp. 2d at 797 (citing *Modesty v. Shockley*, 434 F. App'x 469, 472 (6th Cir. 2011)).

The Court should reconsider its grant of Motley Rice's motion for at least three reasons.

*First*, Motley Rice's proposed sur-reply came far too late—two weeks after briefing closed and more than a week after the Court held a hearing on OptumRx's motion. Motley Rice "had a full opportunity to raise its arguments before the court" in its briefing and at last week's hearing, and it offered no justification for its delay. *Yale New Haven Hosp. v. Azar*, 409 F. Supp. 3d 3, 18 n.7 (D. Conn. 2019) (denying motion to file a sur-reply).

Motley Rice is not entitled to re-brief the motion and introduce new evidence in support of its arguments after the Court has already considered the record and held a hearing on the motion. Indeed, at last week's hearing, Motley Rice never once claimed that anything in OptumRx's reply warranted a sur-reply, and it did not ask for the opportunity to submit further briefing. *See generally* Dkt. 5312. Nor did the Court ask for further briefing. *See id.* On the contrary, the Court emphasized that the matter was fully submitted. *Id.* at 29:19–22 ("I will make my decision, and that will be that. I'm not sure how helpful this has been, but I've asked the questions I've asked, and I'll make a decision. All right."). Nor is Motley Rice entitled to more briefing now that it (evidently) thinks that its earlier briefing was insufficient.[1]

*Second*, Motley Rice failed to identify any new evidence or new legal arguments in OptumRx's reply that Motley Rice didn't have the chance to address earlier. *See Noco Co.*, 550 F.

---

[1] Motley Rice's request came only after the Court expressed skepticism about Motley Rice's position. *E.g.*, Dkt. 5312 at 18:6–11 ("I can't understand why you [Motley Rice] don't see that there is a difference between your work for these -- your firm's work for these three entities and your work for all of your other clients, and particularly the four -- you know, the four bellwether clients that you're representing."). But a party is not entitled to a sur-reply—and certainly not 115 pages of briefing and supplemental declarations—simply because a hearing does not go as well for the party as expected.

3

Supp. 3d at 499 (a sur-reply must identify "specific arguments or evidence in the . . . [r]eply that are 'new'"). That is because OptumRx's reply brief and supporting materials did not raise anything new. OptumRx responded to specific arguments in Motley Rice's opposition brief—namely, Motley Rice's arguments that (1) the investigation productions could not be used to OptumRx's material disadvantage (*compare* Opp. at 6–11, *with* Reply at 3–8), (2) the productions are not confidential government information (*compare* Opp. at 12–14, *with* Reply at 8–11), and (3) the bellwether plaintiffs are not "private clients" under the rule (*compare* Opp. at 14–18, *with* Reply at 12–13). That is the purpose of a reply. *See Rose*, 2015 WL 10002923, at *2 (denying motion to file sur-reply because "Defendant's reply actually responds to arguments raised in Plaintiff's response, which is in keeping with the nature and purpose of a response" and because the argument on reply "is not a new argument but rather a counterpoint in response to Plaintiff's theory" (cleaned up); *Noco Co.*, 550 F. Supp. 3d at 499 (denying motion to file sur-reply because defendant's reply was "proper rebuttal to arguments raised by Plaintiff" and observing that when a party "put[s] . . . issues in play through its Response brief" the other party may address them on reply).

In the motion for leave to file a sur-reply, Motley Rice gestured vaguely to Mr. Hooker's supplemental declaration and Professor Muchman and Ms. Montgomery's supplemental expert report as supposed "new evidence." Dkt. 5320 at 1. Neither is. Those supplemental filings responded only to specific arguments and factual assertions in Motley Rice's opposition and Ms. Boggs's declaration. *See Key v. Shelby County*, 551 F. App'x 262, 264–65 (6th Cir. 2014) (denying motion to file sur-reply and holding that defendant's "reply affidavits . . . merely responded to [plaintiff's] arguments presented in her response brief; the affidavits did not supply new evidence"). Mr. Hooker as well as Professor Muchman and Ms. Montgomery were all declarants supporting OptumRx's original motion; they were not new declarants on reply. Mr. Hooker's

4

supplemental declaration provided details about the contents of the investigation productions to rebut factual errors and mischaracterizations in Ms. Boggs's initial declaration and Motley Rice's opposition. And Professor Muchman and Ms. Montgomery's supplemental expert report responded to Motley Rice's mischaracterizations of their report, providing analysis limited to the arguments in Motley Rice's opposition. None of OptumRx's filings contained "new evidence" inviting 115 pages of sur-reply materials. *See also EGRSCO, LLC v. Evans Garment Restoration, LLC*, 2009 WL 3259423, at *2–3 (S.D. Ohio Oct. 8, 2009) (holding that a party's citation to new legal authority on reply to address arguments in a response brief should not be a surprise and is not unfair).

*Third*, Motley Rice improperly sought to introduce *new* evidence through four fact declarants and an expert report. In addition, instead of discretely responding to OptumRx's reply, Motley Rice's sur-reply *adds* legal arguments that weren't in its opposition. For example, Motley Rice argues that it was not a "public officer or employee" when it investigated OptumRx on behalf of Hawaii, D.C., and Chicago. *See* Sur-Reply at 1–5. And it argues that the investigation productions are not "confidential government information" because *some* of the documents have already been produced in the MDL. *See id.* at 10–12. Both are arguments that Motley Rice could have raised in its opposition but didn't. *See Conteers LLC v. City of Akron*, 2021 WL 252540, at *5 (N.D. Ohio, Jan. 26, 2021) ("The Court finds that, in large part, Defendants' proposed Sur-Reply sets forth arguments that could have been raised in their Opposition, and the Court will therefore not consider those portions of the Sur-Reply."); *see also MTB Servs., Inc. v. Tuckman-Barbee Constr. Co.*, 2013 WL 1224484, at *6 (D. Md. Mar. 26, 2013) (striking sur-reply when party "could have raised and argued both of the[] issues in its initial opposition"). And both are issues that were discussed during questioning at the hearing. Motley Rice may wish that it had

5

answered the Court's questions differently at the hearing or that it had framed its arguments differently in its opposition. But a sur-reply "is not the appropriate vehicle to shore up arguments or present evidence that could have been presented in a timely fashion. It is not an opportunity for a do-over." *Muslow v. Bd. of Supervisors*, 2022 WL 3445716, at *4 (E.D. La. Aug. 17, 2022).

II. **MOTLEY RICE'S SUR-REPLY CHANGES NOTHING, BUT IF THE COURT CONSIDERS IT, THE COURT SHOULD GRANT OPTUMRX LEAVE TO FILE A RESPONSE TO THE SUR-REPLY AFTER DEPOSING MOTLEY RICE'S DECLARANTS AND EXPERT.**

Nothing in Motley Rice's sur-reply changes the legal analysis. Motley Rice should still be disqualified under Rule 1.11(c), and the two new arguments that Motley Rice advances in its purported sur-reply are meritless.

For example, the firm argues that it was not a "public officer or employee" when it investigated OptumRx on behalf of Hawaii, D.C., and Chicago, characterizing its representations of those governments as merely outside counsel arrangements. Sur-Reply at 1–5. That ignores reality. Motley Rice does not deny that it investigated OptumRx by wielding government authority (including as "Special Deputy Attorney General" in Hawaii and "Special Assistant Corporation Counsel" for Chicago[2])—authority that it could not have wielded *but for* its special role as government lawyers. That the government heads may have retained ultimate control over the investigations is of no moment (and of course is true even when a full-time deputy attorney general serves the same role that Motley Rice served as special deputy attorney general): Motley Rice still possessed unique, government-derived power to investigate OptumRx in a way that a lawyer representing a client in traditional civil litigation could not. Motley Rice's argument to the contrary would gut the rule entirely. Motley Rice attempted to make the same argument at the hearing, but the Court recognized that there was "no question that they [Motley Rice] were performing public

---

[2] *See* Dkt. 5276-6 at 1; Dkt. 5276-17 at 9; Ex. A (February 12, 2024 email from L. Singer).

6

functions." Dkt. 5312 at 6–7; *see also id.* at 16–17 (recognizing that Motley Rice's service was as a "public lawyer" for Hawaii and engaged in a "standard private representation" in the bellwether litigations).

As another example, Motley Rice argues that the investigation productions are not "confidential government information" because *some* of the documents purportedly have already been produced in the MDL. Sur-Reply at 10–12. If anything, that proves OptumRx's point. Motley Rice concedes that hundreds of the documents described in Mr. Hooker's supplemental declaration have *not* been produced in opioid litigation—and Motley Rice says nothing about thousands of other documents produced by OptumRx in the investigations. Boggs Suppl. Decl. (Dkt. 5320-6) ¶¶ 9(c), 10. And in her supplemental declaration, Ms. Boggs explains exactly why those are the types of documents that could be used to OptumRx's material disadvantage. Those documents include rebate agreements with drug manufacturers (providing a window into OptumRx's negotiations across its business), Business Implementation Committee grids "that contain detailed information about formulary placement for drugs and related internal recommendations and decisions," "slide decks from OptumRx's Industry Relations team analyzing formulary and rebate strategy for numerous drugs including insulins and opioids," and other "high-level documents that discuss OptumRx's rebate strategy, formulary management, and drug pricing generally." *Id.* ¶ 10. Those documents give Motley Rice broad strategic insights into OptumRx's business to help it develop a litigation roadmap. What is more, Motley Rice fails to acknowledge that the documents it contends were produced in the opioid litigation would have been redacted whereas they were produced in the investigations unredacted—again giving Motley Rice broader strategic insights.[3]

---

[3] OptumRx's productions also constitute only a portion of the confidential government information that Motley Rice had access to. Anything the firm gathered about OptumRx from any other target,

Motley Rice's other arguments are equally meritless. But if the Court intends to consider any of the new arguments and evidence in any way, the Court should allow OptumRx to file a response to the sur-reply after deposing Motley Rice's four declarants and expert. Although the new evidence and arguments do not—indeed, cannot—change the reality of Motley Rice's continuing ethical violations, it would be manifestly unjust to allow Motley Rice to ambush OptumRx with 115 pages of new briefing and declarations weeks after briefing was closed and more than a week after the hearing on OptumRx's motion without allowing OptumRx sufficient time to fully respond to those new materials. *See, e.g.*, *Brooks v. Caterpillar Glob. Mining Am., Inc.*, 2017 WL 1424804, at *3 (W.D. Ky. Apr. 20, 2018) (allowing defendants to take additional depositions after plaintiffs untimely supplemented their discovery responses and expert opinions); *Grigorian v. FCA US, LLC*, 2019 WL 2754154, at *6 (S.D. Fla. July 2, 2019) ("[T]o the extent that Plaintiff was surprised [by the disclosure of two new witnesses], the Court may cure the surprise by permitting her to take the depositions of the two witnesses.").

Accordingly, if the Court considers Motley Rice's sur-reply, it should order Motley Rice to make its new declarants—Wendy Weinberg, John Price, and Stephen Kane—and its expert, Nathan Crystal, available for deposition within the next 14 days. OptumRx also asks for leave to file a response to Motley Rice's sur-reply along with accompanying evidence within 14 days of taking those depositions. If the Court denies the request to take depositions, OptumRx asks for leave to file a response to Motley Rice's sur-reply along with accompanying evidence within 14 days of the Court's order on OptumRx's motion for reconsideration. Given the PEC and Motley

---

subject, or witness in any other government investigation would be confidential government information too.

Rice's disregard for the Federal Rules of Civil Procedure and local rules, basic fairness requires that relief.

February 21, 2024.	Respectfully submitted,

*/s/ Brian D. Boone*
Brian D. Boone
**ALSTON & BIRD LLP**
Vantage South End
1120 South Tryon Street, Suite 300
Charlotte, NC 28203
Tel.: (704) 444-1000
brian.boone@alston.com

William H. Jordan
**ALSTON & BIRD LLP**
1201 West Peachtree Street NW, Suite 4900
Atlanta, GA 30309
Tel.: (404) 881-7000
bill.jordan@alston.com

*Attorneys for OptumRx, Inc.*

## CERTIFICATE OF SERVICE

I certify that on February 21, 2024, a copy of the foregoing was served on all counsel of record by filing the same with the Court's ECF system.

                                                          */s/ Brian D. Boone*
                                                           Brian D. Boone