UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*PBM Bellwether Cases* | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>**Judge Dan Aaron Polster** |

## PLAINTIFFS' REQUEST FOR IMMEDIATE STATUS CONFERENCE

The PBM Bellwether Plaintiffs ask the Court to set an immediate, in person status conference to: (a) affirm the authority of the Special Master to perform his designated function over the discovery process; (b) affirm the precedential value of prior discovery rulings; and (c) mandate immediate compliance with *Discovery Ruling 22* (Doc. 2576) (09.06.2019) and its progeny. The initial discovery process envisioned in this Court's *Order* (Doc #: 5282) (Filed: 12/28/23) ("*PBM CMO-1*") has failed. Plaintiffs served initial discovery on December 29, 2023. Defendant PBMs responded with 485 pages of objections on January 29, 2024.[1]  The lack of substantive answers and absence of responsive documents jeopardizes the March 1, 2024 deadline for the parties to identify proposed document custodians and the orderly progression of the case. There are three (3) primary obstacles this Court must immediately address:

---

[1] The PEC is not asking for the Court (presently) to consider the merits of the requests, objections, answers and/or responses.  That will come in due time if the Court redirects the course of the current discovery process.  The PEC notes that Express Scripts continues to meet and confer in good faith.  While resolution of some Express Scripts related disputes may eventually require the Court's assistance, the PEC is optimistic that certain agreements remain within reach. The same cannot be said for PBM Defendant Optum.

(1) **The Court must reaffirm its intention for MDL 2804 to serve as the primary repository of all investigatory and civil litigation documents that touch upon the manufacture, distribution, and dispensing of opioids and the conduct of any entity that was involved facilitating same from across the country.** *See* CMO-1, at ¶9.k.ii; *Discovery Ruling No. 2* (Doc. 693) (06.30.2018); *Discovery Ruling 3* (Doc. 763) (07.17.2018); *DR-22; Amendment to Discovery Ruling No. 22* (Doc. 2712) (10.03.2019); *Order Regarding Document Production to MDL Repository* (Doc. 3178) (02.21.2020) (holding DR22 "**shall apply to all defendants in all MDL cases**"); *Nunc Pro Tunc Order Regarding Requested Modifications to Discovery Ruling No. 22* (Doc. 3291) (05.08.2020); *Opinion and Order* (Doc. 3333) (06.15.2020); *Order Granting Motions to Compel and for Sanctions*, (Doc. 3700) (04.19.2021).

The PEC demanded PBM Defendant Optum comply with DR-22. *See* **Exhibit 1**, February 14, 2024 letter from PEC. Defendant PBM Defendant responded by calling the PEC's position "frivolous" and engaging in (another) *ad hominem* attack on the Motley Rice law firm (Co-Lead of MDL 2804). *See* **Exhibit 2**, February 21, 2024 letter from Optum counsel. The PEC has notified PBM Defendant Optum that it will no longer meet with PBM Defendant Optum in an unsupervised venue and all future communications must be in writing.

(2) **The Court must re-affirm the precedential weight of its prior discovery rulings.** There are certainly circumstances where this Court allowed different defendants in different tracks to ask for reconsideration of prior factual and/or legal rulings based on different circumstances. However, PBM Defendant Optum has taken the unique position that none of this Court's prior discovery rulings apply at all to Optum because it was not a party to any of those rulings. This belies the procedural history of the case which includes PBM Defendant Optum appearing on the record during the nascent stages of MDL 2804. *See Notice of Appearance* [of

2

Brian Boone for Defendants Optum, Inc. and OptumRx, Inc.] (Doc #: 350) (Filed: 04/30/18).  As this Court has already explained to the PBMs, "the Court intends to rely heavily on its prior rulings," and if the PBMs seek to argue a prior decision should not apply to them, the PBMs must make a showing why the facts and law applicable to the PBMS are "meaningfully different from those raised earlier and resolved in prior Court rulings." *See Order Resolving Disputes Regarding Proposed CMO* (Doc. 5268).

(3) **The Court must re-affirm the authority of the Special Master to perform his designated functions set forth in the** *Appointment Order* (Doc. #69) (Filed: 01/11/18) which describes the duties of the special master to include: (1) meet separately and together with various groups to facilitate communications between and amongst (a) the parties, (b) any relevant outside entities, and (c) the Court; (2) assist the Court with mediating resolution of any part of the parties' disputes; (3) provide legal analysis of the parties' submissions; (4) ensure coordination with any related litigation or governmental action; (5) assist with preparation for attorney conferences (including formulating agendas), court scheduling, and case management; (6) interpret any agreements reached by the parties; and (7) direct, supervise, monitor, and report upon implementation and compliance with the Court's Orders. The Special Masters shall organize their activity to ensure non-duplication of effort and appropriate attention to the various groups of interested parties and counsel. The Court expressly stated as follows: "If a Special Master issues an *informal ruling* or order that is not on the record (such as the resolution of a discovery dispute) either orally, via email, or through other writing, and a party wishes to object to that ruling or order, the party shall ask the Special Master to formalize the ruling or order by filing it on the docket or appearing before a court reporter. Such request shall be made within three days of

3

issuance of the informal order or ruling, else the opportunity to object shall be waived. The procedures and deadlines outlined in this section shall then apply." *Appointment Order*, p.5.

This Court has acknowledged the "Herculean efforts" of Special Master Cohen in performing his function during the administration of the pretrial proceedings of this MDL over the past six years:

> Generally, the procedure now works as follows: The parties first engage each other in a collaborative meet and confer process. Disputes that cannot be resolved between the parties are raised to the Special Master via telephone, email, position paper, letter brief, or orally at a discovery hearing. The Special Master attempts to resolve these disputes quickly and may, if he is able, resolve smaller disputes as they are raised.
>
> When disputes involve issues that are too complicated or time consuming for immediate resolution, the party raising the dispute can add it to an electronic "discovery agenda" spreadsheet. Those agenda items are then briefed by the parties either orally at discovery hearings and teleconferences or via emails and letter briefs to the Special Master; frequently both. The Special Master then issues rulings to resolve these agenda-item disputes either informally (orally or via email), or formally with a filed discovery ruling.
>
> If a ruling is made informally, that ruling may, pursuant to the Appointment Order, Doc. #: 69, be formalized at the request of an objecting party within three days and then finally brought before the Court by way of a filed objection. *See* Appointment Order at 4-5; *see* also cf. Order re Objections to Discovery Ruling No. 14, Part 1, Doc. #: 1349 (stating that "the Court will strike any party's objection to a special master's ruling that raises, for the first time before the Court, new evidence or legal theories not first provided to the special master for consideration.").

Opinion and Order, fn. 12 (Doc #: 3527) (Filed: 10/13/20).

This process has been derailed over the past thirty (30) days with repeated demands for strict compliance with formal motion practice under FRCP 37. *See* **Exhibit 3**, Statements from Optum counsel in Transcript of Status Conference Held Before Special Master Cohen, at pp. 24 and 50 ("If they think there's a ripe dispute… then they can file a motion to compel, and we can brief it. That's what Rule 37 requires."); **Exhibit 4**, February 13, 2024 Email from ESI counsel ("[T]he PBMs object to informal discovery rulings. If counsel for the Plaintiffs believe that a

4

discovery issue is ripe, they must bring a motion to compel, as Federal Rule of Civil Procedure 37 contemplates.").

**WHEREFORE**, the PBM Bellwether Plaintiffs ask the Court to set a status conference as soon as practicable to affirm the discovery process which has resolved discovery issues in Case Tracks 1 through 13 and/or provide any other guidance to move this matter forward.

Respectfully submitted,

| | |
|---|---|
| *s/ Paul T. Farrell, Jr.* | *s/ Peter H. Weinberger* |
| Paul T. Farrell, Jr. | Peter H. Weinberger (0022076) |
| FARRELL & FULLER | SPANGENBERG SHIBLEY & LIBER |
| 270 Munoz Rivera Ave, Suite201 | 1001 Lakeside Avenue East, Suite 1700 |
| San Juan, PR 00918 | Cleveland, OH 44114 |
| (304) 654-8281 | (216) 696-3232 |
| paul@farrellfuller.com | (216) 696-3924 (Fax) |
| *Plaintiffs' Co-Lead Counsel* | pweinberger@spanglaw.com |
| | *Plaintiffs' Liaison Counsel* |

## CERTIFICATE OF SERVICE

I hereby certify that this 23nd day of February 2024, I electronically filed a copy of the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

*s/ Peter H. Weinberger*
Peter H. Weinberger