# EXHIBIT 1

Paul T. Farrell, Jr.                                                                                        Michael J. Fuller, Jr.

**FARRELL & FULLER**

February 14, 2024

paul@farrellfuller.com

*VIA EMAIL*
Brian D. Boone
ALSTON & BIRD LLP
Vantage South End
1120 South Tryon Street, Suite 300
Charlotte, NC 28203
Tel.: (704) 444-1000
brian.boone@alston.com

    Re: In re: National Prescription Opiate Litigation
       MDL2804

Dear Optum,

  You are on notice of DR-22 deficiencies and breach of prior orders of the Court. This is problematic given your recent representations made to the Court in the *Reply Brief Supporting OptumRx, Inc.'s Motion To Disqualify Motley Rice* (Doc. 5300) (02.05.2024) ("*DQ Reply*").

## Procedural History of Prior Productions

  1. *CMO-1* (Doc. 232) (04.11.2018) provides that "[n]o later than Monday, June 11, 2018, all Defendants shall review documents previously produced pursuant to any civil investigation, litigation, and/or administrative action by federal (including Congressional), state, or local government entities *involving the marketing or distribution of opioids* and shall produce to the PEC non-privileged documents relevant to the claims in this MDL proceeding. Defendants shall engage in rolling production of previously-produced documents during this 61-day period, and shall engage in rolling production of privilege logs and lodging of objections." CMO-1 at ¶9.k.ii (emphasis added).

  2. *Discovery Ruling No. 2* (Doc. 693) (06.30.2018) addressed the meaning of "involving the marketing or distribution of opioids." Special Master Cohen determined

**FARRELL & FULLER, LLC**
_____

Paul T. Farrell, Jr., Licensed in: Kentucky, Ohio, and West Virginia
Michael J. Fuller, Jr., Licensed in: Florida, Georgia, Kentucky, Michigan, Mississippi, Missouri, New Hampshire, New York, Ohio,
Pennsylvania, Tennessee, Washington, D.C., West Virginia, and Wisconsin
1311 Ponce de Leon Ave., Suite 202, San Juan, PR 00907
Office 939-293-8244/ Fax 939-293-8245/Mobile 304-654-8281
www.farrellfuller.com

the "above-quoted language in CMO-1 was meant to be *comprehensive*" but did not include documents "that only *tangentially* addressed marketing and distribution of opioids." DR2 at p.6 (emphasis added). Moreover, Special Master Cohen stated:

> The Special Master earlier directed each defendant to produce to plaintiffs a "list of all prior productions in any civil investigation, litigation, and/or administrative action involving the marketing or distribution of opioids," so that the parties and the Court could "understand precisely what is the universe of prior productions at issue." Email to counsel, June 13, 2018. 6:06 pm. However, many of those defendants that responded – some still have not – did not include in their lists prior productions made in private, non-governmental civil litigations. The Special Master now ORDERS every defendant to produce to plaintiffs, on or before July 10, 2018, a list of every prior production in any earlier litigation, investigation, or administrative action **that touches upon the marketing or distribution of opioids,** *without exception*.

DR2 at p.7 (emphasis added). PBM Defendants did not object to DR2 nor join in the numerous requests for reconsideration, which were addressed and rejected, in *Discovery Ruling 3* (Doc. 763) (07.17.2018). [Optum provided no such list].

Both CMO-1 and DR2 created an ongoing obligation to provide a list of pending investigations and litigation and to provide documents, particularly as confirmed by subsequent orders by the Court and Special Master extending these obligations.

3. *Discovery Ruling 22* (Doc. 2576) (09.06.2019) was issued following a Status Conference wherein the Court agreed that MDL2804 should serve as the central repository for "all opioid-related discovery." The Court ruled:

> Defendants shall produce in discovery in this MDL copies of all sworn statements, testimony, video-taped testimony, written responses and discovery, expert reports, and other documents and discovery that they produce in any court case, government investigation, or government hearing, regarding the *marketing, sales, distribution, or dispensing* of Opioids or Opioid Products, including any exhibits referred to in that testimony, on an ongoing basis, for the Track Two cases; except Defendants shall not produce any privileged materials, and instead shall produce privilege logs listing those materials, as has been the existing practice.

*DR22* at p.4 (emphasis added). Defendants were ordered to "roll out" production of this discovery beginning as soon as reasonably possible, rather than collect it all and produce it all at once." OptumRx produced no such documents and no privilege log.

4. Special Master Cohen issued a clarification of *DR22* at the request of the U.S. Department of Justice, Plaintiffs and Defendants. The corpus of the clarification is noted in the emphasized language below:

> Defendants shall produce in discovery in this MDL copies of all sworn statements, testimony, video-taped testimony, written responses and discovery, expert reports, and other documents and discovery that they produce in any court case, *state government investigation, closed federal government investigation, or public government hearing*, regarding the marketing, sales, distribution, or dispensing of Opioids or Opioid Products, including any exhibits referred to in that testimony, on an ongoing basis, for the Track Two cases; except Defendants shall not produce any privileged materials, and instead shall produce privilege logs listing those materials, as has been the existing practice.

*Amendment to Discovery Ruling No. 22* (Doc. 2712) (10.03.2019) at p.3 (emphasis added). Importantly, the Court also clarified several other aspects of DR22 including:

> *Production of documents in connection with an ongoing investigation does not inoculate those documents from discovery if production is otherwise appropriate (p.1);
>
> *The obligation posed by DR-22 relates to discovery "relevant to the claims in this MDL proceeding" (p.2);
>
> *"No State Attorney General has asked to limit production in the MDL of discovery provided by Defendants responsive to CIDs; moreover, defendants have, in fact, produced such discovery in the MDL." (fn.1)

Finally, the Court noted that "[n]othing in this Order shall preclude Plaintiffs from requesting from Defendants any document that they produce or disclose in any criminal or civil action filed by a governmental entity, even if the same document was previously provided by the Defendant to the government entity during the course of a government investigation." *Amended DR22* at p.3.

5. Some Defendants argued DR22 didn't apply to them. Judge Polster disabused them of the notion declaring that DR22 "**shall apply to all defendants in all MDL cases**" and directed immediate compliance. See *Order Regarding Document Production to MDL Repository* (Doc. 3178) (02.21.2020) at p.2 (emphasis added).

6. Other Defendants simply demanded the Court vacate DR-22. Special Master Cohen ruled that "[h]aving committed to and engaged in this reasonable course of action from the beginning of the MDL, including as clarified and amended by subsequent Repository Orders, defendants cannot now avoid it; indeed, waiver of any argument otherwise is clear." *Nunc Pro Tunc Order Regarding Requested Modifications to Discovery Ruling No. 22* (Doc. 3291) (05.08.2020) at p.4 (emphasis in original). Judge Polster likewise refused to vacate. *Opinion and Order* (Doc. 3333) (06.15.2020) ("Defendants long ago waived this objection and therefore it is overruled."). Notably, OptumRx references each of these orders in its January 29, 2024 discovery responses. *See, e.g.*, OptumRx's 01.29.2024 responses to RFPs at pp. 28, 29, 35.

7. Finally, Defendants once again sought reconsideration of DR-22 resulting in another rebuke: "[T]he Court has rejected all attempts by Defendants to read DR-22 narrowly." *Order Granting Motions to Compel and for Sanctions*, (Doc. 3700) (04.19.2021) at p.1. The sanction order arose out of Walmart's argument that a shareholder lawsuit is not a proceeding "regarding the marketing, sales, distribution or dispensing of Opioids or Opioid Products." Walmart argued, the "primary" issue in the shareholder lawsuit was the "desire for records concerning potential governance failures and/or potential corporate mismanagement." *Id.* at pp. 6-7. Special Master Cohen rejected the "primary issue" argument, reconfirmed that "Defendants' obligation [to re-produce documents into the MDL from other litigation in any way involving opioids] has been set forth with clear language for three years", *id.* at p. 7, and sanctioned Walmart accordingly. *Id.* at pp. 8-12.

### OptumRx's Deficiencies

OptumRx represented to the Court that it previously produced "a stockpile of documents that are not specific to any prescription drug but nonetheless provide a wide-ranging view into OptumRx's overall business strategies, including about rebate negotiations, formulary development, clinical programs, and client relationships. ***These opioid litigations focus on the very same aspects of OptumRx's business***, so Motley Rice undoubtedly could use that information to OptumRx's material disadvantage in the litigations." *DQ Reply*, at p.2 (emphasis added). OptumRx argued that DR-22 is "irrelevant" because none of the subpoenaed documents were previously produced in "opioid investigations." *DQ Reply*, at p.2 (emphasis added). OptumRx's narrow reading of DR-22 blatantly ignores the prior rulings of this Court.

The Court ordered Optum Rx to produce to plaintiffs, on or before July 10, 2018, a list of every prior production in any earlier litigation, investigation, or administrative action that ***touches*** upon the marketing or distribution of opioids**,** *without exception***.** DR2 at p.7 (emphasis added). This order was entered more than 5 years ago. No list was

provided despite the fact that OptumRx represented to the Court recently that the "subpoenaed information includes thousands of documents that describe OptumRx's work relating to opioids and opioid manufacturers." *DQ Reply*, at p.3. OptumRx goes further, telling the Court that the subpoenaed information includes.

> * 3,835 documents which include "information" about OxyContin, Opana, Nucynta, Duragesic, Subsys, Actiq, or Fentora;
>
> * Approximately 2,400 documents include information about generic opiates (hydrocodone, oxycodone, fentanyl, hydromorphone, morphine, methadone, tapentadol, or oxymorphone); and
>
> * More than 2,000 documents include information about the opioid manufacturers named in the bellwether proposed amended complaints, including at least 1,375 documents that mention Purdue.

*DQ Reply*, at p.5. OptumRx also represents to the Court that the subpoenaed documents include "national-level documents" including:

> * slide decks and spreadsheets for OptumRx's Business Implementation Committee's (BIC) monthly meetings describing the BIC's analysis for numerous drugs, ***including opioids***;
>
> * slide decks from OptumRx's Industry Relations (IR) team containing hundredsof slides analyzing formulary and rebate strategy (including projected financial scenarios) for numerous drugs, ***including opioids***;
>
> * manufacturer intelligence sheets for numerous manufacturers, including ***opioid manufacturers*** Purdue, Johnson & Johnson, and Teva

*Id.* We cannot fathom how you construe DR-22 to apply only to "opioid-related investigations" (p.7) or an "opioid-related forum" (p.7) given the procedural history and precedent of MDL2804. The representations made in your disqualification motion require, at a minimum, that you should have identified the prior productions as early as 2018 pursuant to DR2 and produced the same in 2019 based on DR-22 and its progeny.

Moreover, you are on notice that the PEC served discovery on OptumRx on December 29, 2023 which included the following:

> Request 10: Please identify all federal, state, and/or local government civil investigations, litigations, administrative actions, and/or enforcement actions taken

against you related to pharmacy benefit management services which included, in whole or in part, services related to prescription opioids and produce all documents related thereto (including but not limited to all documents you produced to such government entities and/or agencies).

Plaintiffs' Combined Discovery Requests To Defendant Pharmacy Benefit Managers (1st Set) (Relating To Initial Discovery) (12.29.2023). OptumRx's January 29, 2024 responses set forth three (3) pages of objections which include the refusal to identify and/or produce responsive documents arising from civil investigations, litigations, administrative actions, and/or enforcement actions that did not *primarily* involve prescription opioids as "irrelevant." Your legal position is not well taken.

The PEC demands that you immediately notify the Court that you are in default of your obligations to identify and produce documents referenced in your disqualification motion and take corrective action to remedy the same.

Very truly yours,

Paul T. Farrell, Jr.