# Exhibit A

| | |
|---|---|
| **From:** | Paul Farrell Jr. <Paul@FarrellFuller.com> |
| **Sent:** | Thursday, January 11, 2024 11:49 AM |
| **To:** | Sage Vanden Heuvel |
| **Cc:** | McGowan, Emily; Tara MacNeill; Boone, Brian; Harder, Bradley; Springer, Brandon; Eric Lyttle; Chemerinsky, Kim; Jordan, Bill; Olga Vieira; Cooper, Jonathan; ESI-Opioids; PBM@listserv.motleyrice.com |
| **Subject:** | RE: MDL2804: PEC initial discovery requests to th PBMs |

**EXTERNAL SENDER – Proceed with caution**

Dear PBM lawyers,

Having not received any response to my last two emails, several possibilities occur to me:

a.  You never received the email;
b.  I sent the email to the wrong lawyers;
c.  You deemed my emails unworthy of a response; or
d.  You ignored my emails because you don't know who I am.

Starting in reverse order, (**option d**), let me introduce myself.  My name is Paul.  I work on behalf of the plaintiffs in MDL2804 and serve alongside a cadre of gifted lawyers attempting to abate the national opioid epidemic.  I have the honor as serving as Co-Lead but the truth is that we function more like the Rebel Alliance in the Star Wars saga with heroes and heroines aplenty.  We communicate on a daily, and sometimes hourly, basis and hold each other accountable.  We fail sometimes to exercise patience in efforts we deem just.  We have a decent track record.

Addressing **option a**, the email went through to our listserve and I checked my sent box so it appears the email was semt.  As for **option b**, I previously asked whether this was the proper email chain to communicate with the PBM lawyers and received a positive response. So that leaves **option c** as the correct answer.  Other defendants in this litigation chose this option in the past.  I actually prefer this option because it immediately discharges my obligation to continue with a "meet and confer" and go directly to the Court (where this issue will be resolved).

So, perhaps we start fresh.  I know that you know that I know that you are going to object to the geographic and temporal scope of discovery.  Let's agree on this simple fact.  I propose we take the matter(s) directly to Special Master Cohen and allow him to resolve the dispute.  There is no justification in delay.

What say you?

**Paul T. Farrell, Jr.**
**FARRELL & FULLER, LC**
270 Muñoz Rivera Ave., Suite 201
San Juan, PR 00918
Office: 939-293-8244
Cell: 304.654.8281

paul@farrellfuller.com

1

*"Facts are stubborn things."*
>    -John Adams
>     President of the United States.
>     Trial lawyer.

---

**From:** Paul Farrell Jr.
**Sent:** Wednesday, January 10, 2024 4:07 PM
**To:** Sage Vanden Heuvel <sagevandenheuvel@quinnemanuel.com>
**Cc:** McGowan, Emily <Emily.McGowan@alston.com>; Tara MacNeill <taramacneill@quinnemanuel.com>; Boone, Brian <Brian.Boone@alston.com>; Harder, Bradley <Bradley.Harder@alston.com>; Springer, Brandon <Brandon.Springer@alston.com>; Eric Lyttle <ericlyttle@quinnemanuel.com>; Chemerinsky, Kim <Kim.Chemerinsky@alston.com>; Jordan, Bill <Bill.Jordan@alston.com>; Olga Vieira <olgavieira@quinnemanuel.com>; Jonathan Cooper <jonathancooper@quinnemanuel.com>; ESI-Opioids <esi-opioids@quinnemanuel.com>; PBM@listserv.motleyrice.com
**Subject:** RE: MDL2804: PEC initial discovery requests to th PBMs

Dear PBM lawyers,

Now that you have had the chance to review PLAINTIFFS' COMBINED DISCOVERY REQUESTS TO DEFENDANT PHARMACY BENEFIT MANAGERS (1ST Set) (RELATING TO INITIAL DISCOVERY), we ask that you respond with ***temporal and geographic objections*** to expedite the meet and confer process.  Doing so does not waive any other objection you may lodge when formal responses are due.  Thank you.



Paul T. Farrell, Jr.
**FARRELL & FULLER, LC**
270 Muñoz Rivera Ave., Suite 201
San Juan, PR 00918
Office: 939-293-8244
Cell: 304.654.8281
paul@farrellfuller.com

*"Facts are stubborn things."*
>    -John Adams
>     President of the United States.
>     Trial lawyer.

---

**From:** Paul Farrell Jr. <Paul@FarrellFuller.com>
**Sent:** Tuesday, January 9, 2024 6:37 PM
**To:** Sage Vanden Heuvel <sagevandenheuvel@quinnemanuel.com>
**Cc:** McGowan, Emily <Emily.McGowan@alston.com>; Tara MacNeill <taramacneill@quinnemanuel.com>; Boone, Brian <Brian.Boone@alston.com>; Harder, Bradley <Bradley.Harder@alston.com>; Springer, Brandon <Brandon.Springer@alston.com>; Eric Lyttle <ericlyttle@quinnemanuel.com>; Chemerinsky, Kim <Kim.Chemerinsky@alston.com>; Jordan, Bill <Bill.Jordan@alston.com>; Olga Vieira <olgavieira@quinnemanuel.com>; Jonathan Cooper <jonathancooper@quinnemanuel.com>; ESI-Opioids <esi-opioids@quinnemanuel.com>; PBM@listserv.motleyrice.com
**Subject:** Re: MDL2804: PEC initial discovery requests to th PBMs

That was our intention. Makes more sense than sending a RFP which says "produce all documents referenced in ROG [insert #]." We have not gone back and looked but your maths seem right.

Not sure what you mean by "improper." If you mean "not allowed" then we disagree. Perhaps you meant "irregular" instead. We have found that framing discovery requests directed toward certain defendants have been "effective."

Finally, your selective recitation of the CMO implies there exists a finite number of discovery requests allowed. We do not infer the same. In fact, the CMO envisions an initial set of disclosures followed by opportunities for deeper dives. We don't expect you to agree, but thanks for reaching out. We should continue this dialogue.

**Paul T. Farrell, Jr., Esq.**
Farrell & Fuller, LLC
270 Munoz Rivera Ave., Suite 201
San Juan, Puerto Rico 00918
phone:     304.654.8281
email:        paul@farrellfuller.com
*"Facts are stubborn things."*
          -John Adams
           President of the United States.
           Trial lawyer.

**This communication is for use only by the intended recipient and may contain confidential, attorney-client privileged, and/or attorney-work product communications and information.**

On Jan 9, 2024, at 4:55 PM, Sage Vanden Heuvel <sagevandenheuvel@quinnemanuel.com> wrote:

Counsel,

The initial discovery served by Plaintiffs does not identify which of the 35 requests are interrogatories under FRCP 33 and which are requests for production under FRCP 34. In many instances, the discovery requests improperly contain a combination of both, asking the PBM Defendants to both "identify" certain information and "produce" certain documents. The Case Management Order states that Plaintiffs "may serve up to 45 requests for production and up to 45 interrogatories on each PBM defendant." ECF No. 5282. Plaintiffs' decision to combine the two types of requests into a single set of discovery will result in unnecessary confusion as the parties seek compliance with the Case Management Order's limits on discovery.

The PBM Defendants intend to take the position that each request seeking information (Request Nos. 1-5, 9-11, 14, 16, 18, 20, 22, 24-25, 27-30, 32) counts against Plaintiffs' 45 interrogatories, and each request seeking the production of documents (Request Nos. 1-4, 6-35) counts against Plaintiffs' 45 RFPs. If you disagree, please reissue your initial discovery requests as separate interrogatories and RFPs. This email is not intended to reflect the PBM Defendants' full list of objections to the discovery requests, and we reserve our right to make those objections and seek other relief at the appropriate time.

Best,
Sage

**Sage R. Vanden Heuvel**
*Of Counsel*

3

Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3657 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
sagevandenheuvel@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Paul Farrell Jr. <Paul@FarrellFuller.com>
**Sent:** Friday, December 29, 2023 11:01 AM
**To:** McGowan, Emily <Emily.McGowan@alston.com>; Tara MacNeill <taramacneill@quinnemanuel.com>; Sage Vanden Heuvel <sagevandenheuvel@quinnemanuel.com>; Boone, Brian <Brian.Boone@alston.com>; Harder, Bradley <Bradley.Harder@alston.com>; Springer, Brandon <Brandon.Springer@alston.com>; Eric Lyttle <ericlyttle@quinnemanuel.com>; Chemerinsky, Kim <Kim.Chemerinsky@alston.com>; Jordan, Bill <Bill.Jordan@alston.com>; Olga Vieira <olgavieira@quinnemanuel.com>; Jonathan Cooper <jonathancooper@quinnemanuel.com>; ESI-Opioids <esi-opioids@quinnemanuel.com>
**Cc:** pbm@listserv.motleyrice.com
**Subject:** MDL2804: PEC initial discovery requests to th PBMs

**[EXTERNAL EMAIL from paul@farrellfuller.com]**

PBM Defendants,

Please see initial discovery served by the Bellwether Plaintiffs attached.

Please advise if there is anybody else who should receive service.

## Paul T. Farrell, Jr., Esq.

FARRELL & FULLER, LLC

270 Munoz Rivera Ave., Suite 201

San Juan, Puerto Rico 00918

phone:     304.654.8281

email:       paul@farrellfuller.com

*"Facts are stubborn things."*

    -John Adams

    President of the United States.

    Trial lawyer.

**This communication is for use only by the intended recipient and may contain confidential, attorney-client privileged, and/or attorney-work product communications and information.**