# Exhibit E

| | |
|---|---|
| **From:** | Springer, Brandon |
| **Sent:** | Friday, February 9, 2024 3:23 PM |
| **To:** | David R. Cohen (David@SpecialMaster.Law) |
| **Cc:** | Paul Farrell Jr.; McGowan, Emily; Tara MacNeill; Boone, Brian; Harder, Bradley; Olga Vieira; Sage Vanden Heuvel; Eric Lyttle; Chemerinsky, Kim; Jordan, Bill; Jonathan Cooper; Optum Opioid Team; ESI-Opioids; PBM@listserv.motleyrice.com |
| **Subject:** | RE: MDL2804: PBMs: Deficiency notice for discovery responses |
| **Attachments:** | 2023.12.29 PEC initial discovery to PBMs (1st set).pdf |

Special Master Cohen,

On December 29, each of the four bellwether plaintiffs served a set of "combined discovery requests," consisting of 20 interrogatories and 34 requests for production. We have attached that document here. On January 12, the PEC improperly sought your input on the "temporal limitations and geographic scope" of those requests before the deadline for OptumRx or Express Scripts to respond under the Federal Rules of Civil Procedure. You rightly responded at that time that the issues were "not ripe."

Both OptumRx and Express Scripts served objections and responses to those requests on January 29. Our objections are not limited to just geographic and temporal scope. And as you can see from the documents provided by Mr. Farrell, OptumRx and Express Scripts offered to meet and confer about the scope of many of those discovery requests. We also separately emailed Mr. Farrell to propose to meet and confer about the geographic and temporal scope of those requests. And we have identified potential ways for the parties to work through those questions without court intervention. For example, because the relevance, proportionality, and burden of responding varies by request and by the type of document sought (*e.g.*, contracts vs. emails), we suggested to Mr. Farrell that the parties discuss different discovery timeframes for different categories of documents, as we have found that such discussions have led to timeframe agreements, or at least narrowed timeframe disputes, in other cases.

Instead of taking OptumRx and Express Scripts up on their offers to meet and confer regarding the responses and objections—or even waiting for OptumRx and Express Scripts to respond to Mr. Farrell's February 7 demand that Defendants drop certain objections within 24 hours—the PEC now seeks a blanket ruling as to the geographic and temporal scope of each of its 20 interrogatories and 34 requests for production. We believe that it would be more efficient and productive for the parties to have adequate time to meet and confer about these issues and attempt to resolve them before Court intervention is sought.

Plaintiffs also seek to circumvent the Federal Rules in two ways.  First, Plaintiffs disregard the proportionality and relevance limits set forth by FRCP 26(b)(1) by seeking to impose a blanket nationwide geographic scope and an extremely burdensome 28-year temporal scope regardless of the relevance of particular discovery requests to any claims or defenses, and regardless of the proportionality of such requests to the needs of the case. Second, Plaintiffs ask the Court to address the scope of discovery for parties that have not even been formally named or served. Resolution of those questions is impossible before the Court rules on the pending motion for leave to amend and those parties (if added) are served with discovery requests and object and respond to those requests in the time allotted by the Federal Rules. A ruling on the pending motion for leave to amend will determine which defendants, claims, and allegations are at issue, and it would be premature to settle the issues of geographic and temporal scope until that motion is resolved.

As to the substance of Plaintiffs' requests, the PEC knows from the thousands of documents we already produced and that we cite or reference in our responses that both OptumRx and Express Scripts have produced documents—including contracts with opioid manufacturers—that apply nationwide and that date back before January 1, 2012. So Mr. Farrell's suggestion that "no documents were produced" is incorrect. Instead, the question is what *additional* materials, if any,

should be produced in response to various requests beyond the many documents the PBMs have already produced. OptumRx and Express Scripts believe that it would be more efficient and fruitful for the parties to engage in a proper meet and confer process regarding the discovery requests at issue, including in light of the resolution of the pending motion to amend, before seeking Court intervention to resolve any remaining disputes.

We reserve all rights to object to and respond to the additional discovery requests that Plaintiffs served on February 6 and will do so in accordance with the timing allotted by the Federal Rules.

We also object to any informal discovery rulings. If Plaintiffs believe they have a ripe discovery dispute for resolution by the Court, they should file a motion to compel in accordance with Federal Rule 37.

Thanks,

**Brandon Springer**
ALSTON & BIRD LLP
(704) 444-1007

---

**From:** Paul Farrell Jr. <Paul@FarrellFuller.com>
**Sent:** Friday, February 9, 2024 9:59 AM
**To:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>; Springer, Brandon <Brandon.Springer@alston.com>
**Cc:** McGowan, Emily <Emily.McGowan@alston.com>; Tara MacNeill <taramacneill@quinnemanuel.com>; Boone, Brian <Brian.Boone@alston.com>; Harder, Bradley <Bradley.Harder@alston.com>; Olga Vieira <olgavieira@quinnemanuel.com>; Sage Vanden Heuvel <sagevandenheuvel@quinnemanuel.com>; Eric Lyttle <ericlyttle@quinnemanuel.com>; Chemerinsky, Kim <Kim.Chemerinsky@alston.com>; Jordan, Bill <Bill.Jordan@alston.com>; Jonathan Cooper <jonathancooper@quinnemanuel.com>; Optum Opioid Team <Optum.Opioid.Team@alston.com>; ESI-Opioids <esi-opioids@quinnemanuel.com>; PBM@listserv.motleyrice.com
**Subject:** RE: MDL2804: PBMs: Deficiency notice for discovery responses

**EXTERNAL SENDER – Proceed with caution**

---

Link to documents: PBM Discovery Responses 1-29-24 | Powered by Box

# Paul T. Farrell, Jr., Esq.
FARRELL & FULLER, LLC
270 Munoz Rivera Ave., Suite 201
San Juan, Puerto Rico 00918
phone:     304.654.8281
email:         paul@farrellfuller.com
*"Facts are stubborn things."*
            -John Adams
              President of the United States.
              Trial lawyer.

**This communication is for use only by the intended recipient and may contain confidential, attorney-client privileged, and/or attorney-work product communications and information.**

2

From: David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
Sent: Friday, February 9, 2024 2:17 AM
To: Springer, Brandon <Brandon.Springer@alston.com>
Cc: Paul Farrell Jr. <Paul@FarrellFuller.com>; McGowan, Emily <Emily.McGowan@alston.com>; Tara MacNeill <taramacneill@quinnemanuel.com>; Boone, Brian <Brian.Boone@alston.com>; Harder, Bradley <Bradley.Harder@alston.com>; Olga Vieira <olgavieira@quinnemanuel.com>; Sage Vanden Heuvel <sagevandenheuvel@quinnemanuel.com>; Eric Lyttle <ericlyttle@quinnemanuel.com>; Chemerinsky, Kim <Kim.Chemerinsky@alston.com>; Jordan, Bill <Bill.Jordan@alston.com>; Jonathan Cooper <jonathancooper@quinnemanuel.com>; Optum Opioid Team <Optum.Opioid.Team@alston.com>; ESI-Opioids <esi-opioids@quinnemanuel.com>; PBM@listserv.motleyrice.com
Subject: Re: MDL2804: PBMs: Deficiency notice for discovery responses

 External (david@specialmaster.law) 

Dear Counsel:

First, Mr. Farrell should please promptly send to me all of the written discovery requests and responses at issue.

Second, Mr. Springer should please promptly explain the basis for his statements that "The PEC is once again trying to operate outside the Federal Rules of Civil Procedure," and "There is no 'ripe' dispute for the Court to resolve, and at this point, it would be procedurally improper and an inefficient use of the Court's resources for the Court to do so."

Third, the parties should please reserve 2:00p EST on Wednesday 2/14 for a teleconference to address discovery issues, and should meet and confer before then to narrow and ripen any disputes that, in any party's view, are not yet narrowed or ripe.  (This teleconference is tentative pending items 1 and 2 above, but currently appears likely to go forward.)

Please note that, consistent with my past protocol, I intend to record the 2/14 telecon and provide that recording to counsel for subsequent transcription.  If counsel wishes to obtain a different or additional mechanism of documentation, they may do so.

-d


========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

**From:** Springer, Brandon <Brandon.Springer@alston.com>
**Sent:** Thursday, February 8, 2024 6:07 PM
**To:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Cc:** Paul Farrell Jr. <Paul@FarrellFuller.com>; McGowan, Emily <Emily.McGowan@alston.com>; Tara MacNeill <taramacneill@quinnemanuel.com>; Boone, Brian <Brian.Boone@alston.com>; Harder, Bradley <Bradley.Harder@alston.com>; Olga Vieira <olgavieira@quinnemanuel.com>; Sage Vanden Heuvel <sagevandenheuvel@quinnemanuel.com>; Eric Lyttle <ericlyttle@quinnemanuel.com>; Chemerinsky, Kim <Kim.Chemerinsky@alston.com>; Jordan, Bill <Bill.Jordan@alston.com>; Jonathan Cooper <jonathancooper@quinnemanuel.com>; Optum Opioid Team <Optum.Opioid.Team@alston.com>; ESI-Opioids <esi-opioids@quinnemanuel.com>; PBM@listserv.motleyrice.com <PBM@listserv.motleyrice.com>
**Subject:** RE: MDL2804: PBMs: Deficiency notice for discovery responses

Special Master Cohen,

Plaintiffs' outreach to you is improper and premature. There has been no "discussion" between the parties. Mr. Farrell sent an email late yesterday demanding a response to his demands with 24 hours even though the parties have never even discussed the PBM Defendants' objections and responses to Plaintiffs' initial discovery requests. The PEC is once again trying to operate outside the Federal Rules of Civil Procedure.

In our objections and responses to Plaintiffs' initial discovery requests (served January 29), we offered to meet and confer with them on a number of topics. The PEC didn't respond to that offer until Mr. Farrell's email last night. We have informed the PEC that we're willing to meet and confer with them about geographic scope and temporal scope with respect to their initial discovery requests. There is no "ripe" dispute for the Court to resolve, and at this point, it would be procedurally improper and an inefficient use of the Court's resources for the Court to do so.

Thanks,

**Brandon Springer**

ALSTON & BIRD LLP
(704) 444-1007

---

**From:** Paul Farrell Jr. <Paul@FarrellFuller.com>
**Sent:** Thursday, February 8, 2024 5:10 PM
**To:** David R. Cohen <David@SpecialMaster.Law>
**Cc:** McGowan, Emily <Emily.McGowan@alston.com>; Tara MacNeill <taramacneill@quinnemanuel.com>; Boone, Brian <Brian.Boone@alston.com>; Harder, Bradley <Bradley.Harder@alston.com>; Springer, Brandon <Brandon.Springer@alston.com>; Olga Vieira <olgavieira@quinnemanuel.com>; Sage Vanden Heuvel <sagevandenheuvel@quinnemanuel.com>; Eric Lyttle <ericlyttle@quinnemanuel.com>; Chemerinsky, Kim <Kim.Chemerinsky@alston.com>; Jordan, Bill <Bill.Jordan@alston.com>; Jonathan Cooper

<jonathancooper@quinnemanuel.com>; ESI-Opioids <esi-opioids@quinnemanuel.com>; PBM@listserv.motleyrice.com
**Subject:** Re: MDL2804: PBMs: Deficiency notice for discovery responses

**EXTERNAL SENDER – Proceed with caution**

Special Master Cohen,

Please see below. The PEC believe the dispute with the PBMs regarding geographic scope and temporal limitation is ripe. Further discussion with PBM counsel will not be helpful. We ask for your guidance on how best to proceed.

## Paul T. Farrell, Jr., Esq.

Farrell & Fuller, LLC

270 Munoz Rivera Ave., Suite 201

San Juan, Puerto Rico 00918

phone:    304.654.8281

email:       paul@farrellfuller.com

*"Facts are stubborn things."*

    -John Adams

     President of the United States.

     Trial lawyer.

**This communication is for use only by the intended recipient and may contain confidential, attorney-client privileged, and/or attorney-work product communications and information.**

    On Feb 7, 2024, at 5:47 PM, Paul Farrell Jr. <Paul@farrellfuller.com> wrote:

Dear ESI and Optum,

We received and reviewed the discovery responses from ESI and Optum related to *Plaintiffs' Combined Discovery Requests to Defendant Pharmacy Benefit Managers (1st Set) (Relating to Initial Discovery* (served on December 29, 2023) and deem them wholly unacceptable. Unless you promptly agree to withdraw the improper objections noted below, we intend to immediately forward your responses to Special Master Cohen and request an in-person meeting to discuss the following:

1. ESI and Optum objected to a ***national geographic scope*** despite each discovery request falling squarely within *Category One Discovery*, which is defined as:

> "Defendants must produce on a national basis documents related to marketing and promotion, brand planning and strategy, sales training and sales bulletins, prescriber educational materials, distribution monitoring, advocacy groups, speakers bureau programs, continuing medical education, diversion, suspicious order reports, adverse event reports, and regulatory activity. The defendants' policies and actions regarding all of these subjects are (and were) primarily centralized and over-arching, applying broadly to their opioid products."

*DR-3* (Doc #: 762) (Filed: 07/17/18). Each discovery request was carefully drafted to implicate a national geographic scope except where otherwise noted (Combined Discovery Request Nos. 20 and 21 are specifically limited to the bellwether jurisdictions).

2. ESI and Optum limit the ***temporal scope*** to January 1, 2012. We believe the proper temporal scope is January 1, 1996, consistent with the temporal scope imposed on the manufacturers. (DR-3) (Doc #: 762). We allege ESI and Optum are deeply imbedded with the opioid manufacturers dating back to the launch of OxyContin. See e.g., *Plaintiff The City Of Rochester, New York's Supplemental And Amended Allegations To Be Added To The Verified Complaint And Jury Demand*, ¶19 (Medco initially sent letters in 1996 to prescribers stating that it "would not pay for prescriptions for non-cancer pain treatment"); ¶266 (by May 1997, Medco reversed course and began "partnering with Purdue" on pain assessment and management) (PPLPC025000003668); see also PDD1701198993 (service and rebate agreement between Purdue Pharma, LP and Express Scripts dated April 17, 1997 relating specifically to OxyContin). Likewise, we note that Prescription Solutions, Optum's predecessor company, had Oxycontin on its formulary in 1997 subject to a step edit requiring the use of other opioids first due to Prescription Solution's concerns of Oxycontin being used as a first line drug to treat non-malignant pain. (PKY180241332). The step edit was subsequently eliminated and in 2000 Optum was working with Purdue to develop an algorithm and studies to identify chronic pain patients using health care plan data. (PPLPC028000016640).

Your objections regarding geographic scope and temporal scope are not well-founded and profoundly impact the discovery process. For example, Combined Discovery Request No. 14 states: **Please identify in chronological order and produce all contractual agreements with all manufacturers of prescription opioids as well as all internal documents related thereto such as negotiations, re-negotiations, interpretation and/or enforcement.** No documents were produced. Instead, ESI limited the geographic scope to the bellwether jurisdictions and temporal limitations (post-2012) followed by reliance on prior DR-22 productions (which also included similar geographic scope and temporal limitations). ESI then recites a string list of 304 documents by Bates number from the Jefferson County litigation. We pulled each and every document and found the list incomplete. By way of example, we note your

Purdue rebate contracts and service agreements only date back to 2005. There is evidence in the record that your contracts with Purdue relating to OxyContin date back to at least 1996 and your wholly owned subsidiary, Phoenix Marketing Group, directly contracted with and performed services for Purdue Pharma in 1999. We also note from the record that ESI contracted with Purdue related to Data Access Agreements (PPLP004478913), Patient Assistance Program Agreements (PKY181288633) and Administrative Fee Agreements (PPLPC018000800775) (PPLPC036000128286) (PPLPC012000067696). None of these documents are referenced in your discovery response and presumably were withheld based on your objections to geographic scope and temporal limitation.

While this is not a promising start to the discovery process, we wanted to give you one last opportunity to rectify the responses. Please advise us by the close of business tomorrow, Thursday, February 8, 2024, whether you are willing to withdraw these objections and promptly provide actual answers to our initial discovery requests.

**Paul T. Farrell, Jr.**

**Farrell & Fuller, LC**

270 Muñoz Rivera Ave., Suite 201

San Juan, PR 00918

Office: 939-293-8244

Cell: 304.654.8281

paul@farrellfuller.com


*"Facts are stubborn things."*

    -John Adams

     President of the United States.

     Trial lawyer.

---

NOTICE: This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If you have received this message in error, please notify the sender by email and delete all copies of the message immediately.