# Exhibit F

| | |
|---|---|
| **From:** | Sage Vanden Heuvel <sagevandenheuvel@quinnemanuel.com> |
| **Sent:** | Monday, February 12, 2024 1:02 PM |
| **To:** | Paul Farrell Jr. |
| **Cc:** | Olga Vieira; McGowan, Emily; Tara MacNeill; Boone, Brian; Harder, Bradley; Springer, Brandon; Eric Lyttle; Chemerinsky, Kim; Jordan, Bill; Jonathan Cooper; ESI-Opioids; PBM@listserv.motleyrice.com |
| **Subject:** | RE: MDL2804: PBMs: Deficiency notice for discovery responses |

**EXTERNAL SENDER – Proceed with caution**

Paul,

ESI and Optum are prepared to meet and confer with Plaintiffs to discuss geographic and temporal scope in advance of the tentative conference with Special Master Cohen on Wednesday. Are you available tomorrow at 1 ET?

Best,
Sage

**Sage R. Vanden Heuvel**
*Of Counsel*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3657 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
sagevandenheuvel@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

From: Paul Farrell Jr. <Paul@FarrellFuller.com>
Sent: Thursday, February 8, 2024 3:11 PM
To: Sage Vanden Heuvel <sagevandenheuvel@quinnemanuel.com>
Cc: Olga Vieira <olgavieira@quinnemanuel.com>; McGowan, Emily <Emily.McGowan@alston.com>; Tara MacNeill <taramacneill@quinnemanuel.com>; Boone, Brian <Brian.Boone@alston.com>; Harder, Bradley <Bradley.Harder@alston.com>; Springer, Brandon <Brandon.Springer@alston.com>; Eric Lyttle <ericlyttle@quinnemanuel.com>; Chemerinsky, Kim <Kim.Chemerinsky@alston.com>; Jordan, Bill <Bill.Jordan@alston.com>; Jonathan Cooper <jonathancooper@quinnemanuel.com>; ESI-Opioids <esi-opioids@quinnemanuel.com>; PBM@listserv.motleyrice.com
Subject: Re: MDL2804: PBMs: Deficiency notice for discovery responses

**[EXTERNAL EMAIL from paul@farrellfuller.com]**

With all due respect, there is nothing to discuss related to the initial discovery requests. We believe these requests are Category One Discovery (unless otherwise noted) which have a national geographic scope and a temporal limitation of 01Jan1996 consistent with prior discovery rulings. This is the baseline.

Whether your client has these documents, or can retrieve these documents, or it is unduly burdensome are discussions which stem from the baseline.

You object to the baseline repeatedly in your written responses. Happy to verbally discuss. Are you available now?

**Paul T. Farrell, Jr., Esq.**
Farrell & Fuller, LLC
270 Munoz Rivera Ave., Suite 201
San Juan, Puerto Rico 00918
phone:   304.654.8281
email:      paul@farrellfuller.com
*"Facts are stubborn things."*
          -John Adams
           President of the United States.
           Trial lawyer.


This communication is for use only by the intended recipient and may contain confidential, attorney-client privileged, and/or attorney-work product communications and information.


On Feb 8, 2024, at 6:32 PM, Sage Vanden Heuvel <sagevandenheuvel@quinnemanuel.com> wrote:



Paul,

On January 29, OptumRx and Express Scripts served responses and objections to Plaintiffs' first requests for production and first interrogatories. In those responses, we offered to meet and confer about the scope of several of Plaintiffs' requests. We're surprised that, instead of taking us up on that offer, you

2

now give us an arbitrary one-day deadline as "one last" opportunity to supplement those discovery responses without even taking the time to meet with us.

We are willing to confer about geographic scope and temporal scope with respect to the discovery requests we responded to on January 29. We reserve the right to make all objections to the additional discovery requests that Plaintiffs served on February 6 and will serve objections and responses to those requests in the time allotted by the Federal Rules.

As a starting point for our discussion, we disagree with your characterization of our objections, and we expect that you will take the time to review the thousands of pages of documents that we have produced in *Jefferson County* that we cite to in our January 29 discovery responses. We also want to make clear that certain materials may not exist back in time or would be disproportionate to the needs of the case or unduly burdensome to search for or access. As you know, no opioid lawsuits were filed against OptumRx or Express Scripts before 2018. And there are other documents sought that may be wholly irrelevant depending on the Court's ruling on the pending motion for leave to amend.

To have a fruitful discussion, it would also be helpful to understand whether Plaintiffs are seeking a uniform temporal scope back to 1996 for all documents requested or only certain categories of documents (*e.g.* rebate agreements). The relevance, proportionality, burden, and availability will vary for different categories of documents. We are open to discussing different temporal scopes for different categories of documents as a potential compromise.

Let us know what times might work for you on Wednesday or Thursday of next week, and we can work to get a meet and confer on the calendar.

Thanks,
Sage

**Sage R. Vanden Heuvel**
*Of Counsel*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3657 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
sagevandenheuvel@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Paul Farrell Jr. <Paul@FarrellFuller.com>
**Sent:** Wednesday, February 7, 2024 4:47 PM
**To:** Olga Vieira <olgavieira@quinnemanuel.com>; Sage Vanden Heuvel <sagevandenheuvel@quinnemanuel.com>
**Cc:** McGowan, Emily <Emily.McGowan@alston.com>; Tara MacNeill <taramacneill@quinnemanuel.com>; Boone, Brian <Brian.Boone@alston.com>; Harder, Bradley <Bradley.Harder@alston.com>; Springer, Brandon <Brandon.Springer@alston.com>; Eric Lyttle <ericlyttle@quinnemanuel.com>; Chemerinsky, Kim <Kim.Chemerinsky@alston.com>; Jordan, Bill <Bill.Jordan@alston.com>; Jonathan Cooper <jonathancooper@quinnemanuel.com>; ESI-Opioids <esi-

opioids@quinnemanuel.com>; PBM@listserv.motleyrice.com
**Subject:** MDL2804: PBMs: Deficiency notice for discovery responses

[EXTERNAL EMAIL from paul@farrellfuller.com]

Dear ESI and Optum,

We received and reviewed the discovery responses from ESI and Optum related to *Plaintiffs' Combined Discovery Requests to Defendant Pharmacy Benefit Managers (1st Set) (Relating to Initial Discovery* (served on December 29, 2023) and deem them wholly unacceptable. Unless you promptly agree to withdraw the improper objections noted below, we intend to immediately forward your responses to Special Master Cohen and request an in-person meeting to discuss the following:

    1.    ESI and Optum objected to a ***national geographic scope*** despite each discovery request falling squarely within *Category One Discovery*, which is defined as:

> "Defendants must produce on a national basis documents related to marketing and promotion, brand planning and strategy, sales training and sales bulletins, prescriber educational materials, distribution monitoring, advocacy groups, speakers bureau programs, continuing medical education, diversion, suspicious order reports, adverse event reports, and regulatory activity. The defendants' policies and actions regarding all of these subjects are (and were) primarily centralized and over-arching, applying broadly to their opioid products."

*DR-3* (Doc #: 762) (Filed: 07/17/18). Each discovery request was carefully drafted to implicate a national geographic scope except where otherwise noted (Combined Discovery Request Nos. 20 and 21 are specifically limited to the bellwether jurisdictions).

    2.    ESI and Optum limit the ***temporal scope*** to January 1, 2012. We believe the proper temporal scope is January 1, 1996, consistent with the temporal scope imposed on the manufacturers. (DR-3) (Doc #: 762). We allege ESI and Optum are deeply imbedded with the opioid manufacturers dating back to the launch of OxyContin. See e.g., *Plaintiff The City Of Rochester, New York's Supplemental And Amended Allegations To Be Added To The Verified Complaint And Jury Demand*, ¶19 (Medco initially sent letters in 1996 to prescribers stating that it "would not pay for prescriptions for non-cancer pain treatment"); ¶266 (by May 1997, Medco reversed course and began "partnering with Purdue" on pain assessment and management) (PPLPC025000003668); see also PDD1701198993 (service and rebate agreement between Purdue Pharma, LP and Express Scripts dated April 17, 1997 relating specifically to OxyContin). Likewise, we note that Prescription Solutions, Optum's predecessor company, had Oxycontin on its formulary in 1997 subject to a step edit requiring the use of other opioids first due to Prescription Solution's concerns of Oxycontin being used as a first line drug to treat non-malignant pain. (PKY180241332). The step edit was subsequently eliminated and in 2000 Optum was working with Purdue to develop an algorithm and studies to identify chronic pain patients using health care plan data. (PPLPC028000016640).

Your objections regarding geographic scope and temporal scope are not well-founded and profoundly impact the discovery process. For example, Combined Discovery Request No. 14 states: **Please identify in chronological order and produce all contractual agreements**

with all manufacturers of prescription opioids as well as all internal documents related thereto such as negotiations, re-negotiations, interpretation and/or enforcement. <u>No documents were produced</u>. Instead, ESI limited the geographic scope to the bellwether jurisdictions and temporal limitations (post-2012) followed by reliance on prior DR-22 productions (which also included similar geographic scope and temporal limitations). ESI then recites a string list of 304 documents by Bates number from the Jefferson County litigation. We pulled each and every document and found the list incomplete. By way of example, we note your Purdue rebate contracts and service agreements only date back to 2005. There is evidence in the record that your contracts with Purdue relating to OxyContin date back to at least 1996 and your wholly owned subsidiary, Phoenix Marketing Group, directly contracted with and performed services for Purdue Pharma in 1999. We also note from the record that ESI contracted with Purdue related to Data Access Agreements (PPLP004478913), Patient Assistance Program Agreements (PKY181288633) and Administrative Fee Agreements (PPLPC018000800775) (PPLPC036000128286) (PPLPC012000067696). None of these documents are referenced in your discovery response and presumably were withheld based on your objections to geographic scope and temporal limitation.

While this is not a promising start to the discovery process, we wanted to give you one last opportunity to rectify the responses. Please advise us by the close of business tomorrow, Thursday, February 8, 2024, whether you are willing to withdraw these objections and promptly provide actual answers to our initial discovery requests.

**Paul T. Farrell, Jr.**

**FARRELL & FULLER, LC**

270 Muñoz Rivera Ave., Suite 201

San Juan, PR 00918

Office: 939-293-8244

Cell: 304.654.8281

paul@farrellfuller.com


*"Facts are stubborn things."*

      -John Adams

       President of the United States.

       Trial lawyer.