UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>**THIS DOCUMENT RELATES TO**:<br><br>*City of Rochester v. Purdue Pharma, L.P.*, No. 19-op-45853 (Track 12)<br><br>*Lincoln County v. Richard S. Sackler, M.D.*, No. 20-op-45069 (Track 13)<br><br>*City of Independence, Missouri v. Williams*, No. 19-op-45371 (Track 14)<br><br>*County of Webb, Texas v. Purdue Pharma, L.P.*, No. 18-op-45175 (Track 15) | MDL NO. 2804<br><br>Case No. 17-MD-2804<br><br>Judge Dan Aaron Polster |

**EXPRESS SCRIPTS' RESPONSE TO PLAINTIFFS'
REQUEST FOR IMMEDIATE STATUS CONFERENCE**

Express Scripts files this response to Plaintiff's Request for Immediate Status Conference. The issues raised in Plaintiff's Request do not require a Status Conference for the reasons set forth below.

With respect to DR-22, the PEC has a discovery dispute with OptumRx that does not involve Express Scripts. That said, Express Scripts agrees with OptumRx's interpretation of DR-22. The PEC's characterization of DR-22 as requiring Defendants to produce all investigatory and civil litigation documents "that touch upon" opioids is inconsistent with this Court's prior rulings. Neither this Court nor Special Master Cohen has taken such an expansive view of the requirements of DR-22. Instead, DR-22 requires Defendants to produce "documents they have produced in any court case, state government investigation, or closed federal government investigation concerning

1

the marketing, sales, distribution, or dispensing *of opioids*." June 15, 2020 Opinion and Order (Dkt. 3333) at 1 (emphasis added). Special Master Cohen has explained that "[i]f a Defendant produces discovery in another *opioid-related forum*, that Defendant must promptly produce those discovery materials to the MDL Repository" (Dkt. 3699) and "defendants are obligated to produce to the MDL Repository documents they earlier produced in any *opioid-related* 'closed federal government investigation.'" (Dkt. 3291) at 2 (emphasis added). Special Master Cohen has repeatedly recognized the limits of DR-22, ruling that "defendants need not produce discovery of prior productions made in cases, such as patent litigation, that only *tangentially* addressed marketing and distribution of opioids," DR-2 (Dkt. 693) at 6 (emphasis added), and that "the obligation posed by DR-22 relates only to discovery 'relevant to the claims in this MDL proceeding,'" Oct. 3, 2019 Amendment to DR-22 (Dkt. 2712) quoting CMO-1 (Dkt. 232). Express Scripts has complied with the requirements of DR-22 and intends to continue to do so. Express Scripts objects to any efforts to expand the application of DR-22 to prior litigation or investigations that are not related to opioids.

With respect to the prior discovery rulings, the Court has already "agreed with the PBM Defendants that they are not bound by prior rulings to which they were not a party." *See* Order Resolving Disputes Regarding CMO (Doc. 5268). There is no need to conduct a status conference to reiterate that this Court will rely on its prior rulings as instructive of how it will rule on future matters. The Court has also made clear that the PBMs are not precluded from arguing that a prior ruling should not apply to them. *Id.*

Finally, with respect to the discovery dispute resolution procedures, it is the Plaintiffs who initially brought Special Master Cohen into a discovery dispute before completing the required "meet and confer process." Since that initial discovery conference with Special Master Cohen,

Express Scripts has continued to meet and confer with Plaintiffs in good faith. Express Scripts expects that a good faith meet and confer process should eliminate the need for court intervention or greatly limit it. Express Scripts agrees with the discovery dispute resolution process described in Section II of OptumRx's separate submission.

While Express Scripts does not object to participating in a status conference should the Court decide that one is necessary, Express Scripts does not see the need to expend judicial resources at this time.

Date: February 26, 2024

Respectfully submitted,

*/s/ Jonathan G. Cooper*
Michael J. Lyle
Jonathan G. Cooper
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
1300 I St. NW, Suite 900
Washington, DC 20005
Tel: (202) 538-8000
mikelyle@quinnemanuel.com
jonathancooper@quinnemanuel.com

Olga Vieira
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
2601 South Bayshore Dr, Suite 1550
Miami, FL 33133
Tel: (305) 402-4880
olgavieira@quinnemanuel.com

*Attorneys for Express Scripts Defendants*