UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION ) ) ) THIS DOCUMENT RELATES TO: ) ) *City of Rochester v. Purdue Pharma L.P.*, ) No. 19-op-45853 (Track 12) ) ) *Lincoln County v. Richard S. Sackler, M.D.*, ) No. 20-op-45069 (Track 13) ) ) *City of Independence, Missouri v. Williams*, ) No. 19-op-45371 (Track 14) ) ) *County of Webb, Texas v. Purdue Pharma, L.P.*, No. 18-op-45175 (Track 15) ) ) | MDL NO. 2804 **Case No. 1:17-md-2804** **JUDGE DAN AARON POLSTER** |

**PLAINTIFFS' AND PEC'S JOINT REQUEST FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY RELATED TO OPTUMRX'S MOTION TO DISQUALIFY MOTLEY RICE**

Plaintiffs and the PEC request leave to file the attached American Bar Association, Standing Committee on Ethics and Professional Responsibility, Formal Opinion 509, *Disqualification to Prevent the Misuse of 'Confidential Government Information'* (Ex. A), issued February 28, 2024, as supplemental authority on their Opposition to Defendant OptumRx's Motion to Disqualify Motley Rice. The ABA Opinion addresses Model Rule of Professional Conduct 1.11(c), which is substantively identical to Ohio Rule of Professional Conduct 1.11(c), *see* Op. at 2, and provides analysis on points raised in Plaintiffs' Opposition.

First, the ABA Opinion concludes that Model Rule 1.11(c)'s coverage of "confidential government information" does not extend to information that a party can obtain through routine discovery:

> Further, Rule 1.11(c) does not apply to all information obtained under government authority, but only to information that, at the time the Rule is applied, . . . is not otherwise publicly available. *Whether government information is publicly available—e.g., whether it can be obtained through routine discovery*—will be a question of fact.  So is the question of whether the information "could be used to [the person's] material disadvantage." Op. at 4 (emphasis added).

This conclusion supports Plaintiffs' arguments that the investigation documents at issue are not confidential government information and that Motley Rice's access cannot materially disadvantage Optum when all Plaintiffs' counsel can access these documents through discovery, and in fact already have accessed many of these documents.  Opposition (ECF 5288) at 9-14; Sur-Reply (ECF 5320-1) at 7-12.

Second, the ABA Opinion finds that Model Rule 1.11(c)'s coverage of a "private client" may include another public entity, but not one that has a right to access and use the confidential information at issue:

> Additionally, the term "private client" also includes *public* entities and officials whom the lawyer represents in private practice, *if those clients are not legally entitled to employ the confidential information.* Op. at 8-9 (first emphasis in original, second added).

> Rule 1.11(c) prefaces its disqualification requirement with the phrase, "Except as law may otherwise expressly permit." Regardless of whether the law specifically authorizes the lawyer's representation, *the Rule should not apply in the situation in which the lawyer's client is legally permitted to use the information in question. Id.* at 9 n.30 (emphasis added).

This conclusion supports Plaintiffs' arguments that the government entity Bellwether Plaintiffs are not covered as private clients, Opposition (ECF 5288) at 14-16; Sur-Reply (ECF 5320-1) at 6-7, where Plaintiffs have the right through discovery to obtain and use the investigation documents at issue, and in fact already have obtained and used many of these documents.  Opposition (ECF 5288) at 9-14; Sur-Reply (ECF 5320-1) at 7-12.

Plaintiffs have refrained from providing further legal argument herein. To the extent Optum does otherwise and raises additional legal argument based on the ABA Opinion, Plaintiffs reserve the right to seek leave to respond.

Dated: March 1, 2024

    Respectfully submitted,

Jayne Conroy
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
(212) 213-5949 (fax)
jconroy@simmonsfirm.com

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000
(843) 216-9290 (fax)
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
FARRELL & FULLER LLC
1311 Ponce de Leone Ave., Suite 202
San Juan, PR 00907
(304) 654-8281
paul@farrellfuller.com

*MDL Plaintiffs' Co-Lead Counsel*

*/s/ Peter H. Weinberger*
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (fax)
pweinberger@spanglaw.com

*MDL Plaintiffs' Liaison Counsel*

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 1, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

                                        */s Peter H. Weinberger*
                                        Peter H. Weinberger (0022076)