# **EXHIBIT A**

# AMERICAN BAR ASSOCIATION
STANDING COMMITTEE ON ETHICS AND PROFESSIONAL RESPONSIBILITY

**Formal Opinion 509**                                                  **February 28, 2024**

**Disqualification to Prevent the Misuse Use of "Confidential Government Information"**

*Model Rule of Professional Conduct 1.11(c) protects a person from the misuse of certain information about the person that the government used its authority to acquire. The confidential information protected by Rule 1.11(c) is defined by the Rule as information obtained under government authority about a person which the government is prohibited from disclosing to the public or has a legal privilege not to disclose and is not otherwise available to the public. The Rule provides that a lawyer who acquired the information while serving as a government officer or employee is disqualified from representing a "private client" whose interests are adverse to prevent the confidential government information from being used to the material disadvantage of that person. The Rule applies regardless of whether the lawyer seeking to represent the private client has left government employ or office or maintains a private law practice (e.g., a part-time practice) while still in government employ or office. The Rule applies to a lawyer representing a "private client," meaning a client whom the lawyer represents in private practice, regardless of whether the client is a public entity or private individual or entity.*

## Introduction

Rule 1.11 of the ABA Model Rules of Professional Conduct is titled "Special Conflicts of Interest for Former and Current Government Officers and Employees."[1] This Opinion clarifies the scope of Rule 1.11(c), a disqualification provision that protects against the misuse of "confidential government information."[2] The Opinion begins by explaining this provision and highlighting how it differs from the ordinary confidentiality obligations that the Model Rules establish for lawyers generally, including but not limited to current and former government lawyers. The opinion then addresses two areas of potential ambiguity: (1) whether the Rule applies to a current government lawyer representing a private client; (2) and the definition of "private client."

---

[1] This opinion is based on the ABA Model Rules of Professional Conduct as amended by the ABA House of Delegates through August 2023. The laws, court rules, regulations, rules of professional conduct, and opinions promulgated in individual jurisdictions are controlling.

[2] When used in this opinion, the phrase "confidential government information" means "information that has been obtained under government authority and which, at the time this Rule is applied, the government is prohibited by law from disclosing to the public or has a legal privilege not to disclose and which is not otherwise available to the public" as defined by Rule 1.11(c). Additional discussion of this concept can be found at section I of this opinion.

## Opinion

### I. Rule 1.11(c)

In general, under the Model Rules, lawyers representing a public or government entity or official[3] have the same confidentiality obligations as lawyers for private individuals and private entities, although statutes and regulations may establish additional confidentiality obligations. Rules 1.6(a), 1.8(b) and 1.9(c) generally provide that both during and after the representation, a lawyer may not reveal information relating to the client's representation or use such information to the client's disadvantage without the client's informed consent, unless an exception applies. Further, to prevent the misuse of such information, a former client's lawyer generally may not represent another person when that person's interest is materially adverse to the former client if the new matter is the same as or substantially related to the earlier one, unless the former client consents. Rule 1.18 imposes similar (although not entirely identical) obligations and restraints when a lawyer learns information from a prospective client.

In the case of a lawyer who serves, or served, in or on behalf of the government, there is an additional confidentiality provision that is the subject of this Opinion. ABA Model Rule of Professional Conduct 1.11(c) provides:

> (c) Except as law may otherwise expressly permit, a lawyer having information that the lawyer knows is confidential government information about a person acquired when the lawyer was a public officer or employee, may not represent a private client whose interests are adverse to that person in a matter in which the information could be used to the material disadvantage of that person. As used in this Rule, the term "confidential government information" means information that has been obtained under governmental authority and which, at the time this Rule is applied, the government is prohibited by law from disclosing to the public or has a legal privilege not to disclose and which is not otherwise available to the public. A firm with which that lawyer is associated may undertake or continue representation in the matter only if the disqualified lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom.

The objective of the Rule is to "prevent the lawyer's improper use of his or her official position" and to protect others from the exploitation of confidential government information, acquired by the lawyer while serving as a public officer or employee.[4]

Rule 1.11(c) differs in several significant respects from the ordinary confidentiality rules. First, Rule 1.11(c) provides for disqualification in some circumstances to protect against the misuse of

---

[3] When used in this opinion, both the adjectives "public" and "government" are used to describe officers and employees to whom this Rule applies. The title of Rule 1.11 uses the adjective "government" while the text of Rule 1.11 uses the term "public" to describe the officers and employees. The Committee believes they mean the same thing.

[4] ART GARWIN, A LEGISLATIVE HISTORY: THE DEVELOPMENT OF THE ABA MODEL RULES OF PROFESSIONAL CONDUCT 1983-2013, 279 (2013).

certain government information adversely to any "person" (i.e., an individual or an entity)[5] to whom the information relates (which may or may not be the person from whom the government obtained the information), rather than adversely only to a former client.[6]

Second, Rule 1.11(c) refers to confidential government information about a person "acquired when the lawyer was *a public officer or employee*," indicating that the rule applies irrespective of whether lawyers served in a representational capacity when they acquired the confidential government information. This furthers the Rule's objective because there is the same need to protect the information from misuse regardless of the lawyer's role or status in the government when the lawyer obtained the information. For instance, a lawyer who also is a police officer is a public officer for purposes of Rule 1.11(c).[7] That lawyer is subject to Rule 1.11(c) when that lawyer possesses information, acquired when serving as a police officer, that the lawyer knows is confidential government information that could be used to the material disadvantage of a person whose interests are adverse to the lawyer's private client in a matter.[8]
Accordingly, the Rule applies to lawyers who acquire confidential government information while serving as legislators, public executives, and other public officers who are not representing the government as legal counsel.[9]

Third, Rule 1.11(c) does not protect all government information but only protects certain information about a person acquired by the lawyer while serving as a public officer or employee. In particular, it protects "information that has been obtained under governmental authority and which . . . the government is prohibited by law from disclosing to the public or has a legal privilege not to disclose and which is not otherwise available to the public." Comment [4] to Rule 1.11 explains that government lawyers are prohibited from disclosing or using "confidential

---

[5] In general, the Model Rules use the term "person" to refer to anyone—e.g., an individual or an entity (such as a corporation or a public entity)—and not exclusively to an individual. *See, e.g.*, MODEL RULES OF PROF'L CONDUCT R. 4.2 & 4.4(a).

[6] Typically, Rule 1.11(c) applies when a lawyer, having acquired confidential government information while in government service, seeks to use the information adversely to a party other than the government. But the Rule can apply equally if the lawyer were to seek to use the information adversely to the government. For example, if a lawyer serving in public office were to learn confidential government information, the Rule would apply if the lawyer were to seek to use the information on behalf of a private client in litigation against the government, assuming the other requirements of the Rule were met.

[7] Whether a practicing lawyer who is also a police officer has a conflict of interest that would prohibit that lawyer from representing particular clients, such as criminal defendants, will depend on the facts and is not the subject of this opinion.

[8] N.Y.S. Bar Ass'n Comm. on Prof'l Ethics Op. 1187 (2020) ¶ 8 ("If the police officer-lawyer is aware of confidential government information such as unfavorable employment reviews or non-public job discipline imposed on another police officer who is a witness in a traffic court matter against the police officer-lawyer's private client and if that information "could be used to the material disadvantage" of the officer-witness in plea negotiations or for impeachment purposes, then the police officer-lawyer may not represent the traffic court defendant in that matter.")

[9] *See* N.Y.S. Bar Ass'n Comm. on Prof'l Ethics Op. 1169 (2019) (Rule 1.11(c) applies to a lawyer who gains confidential government information in the position of Town Supervisor, even when he did not work on the matter and came across the information by happenstance); Utah State Bar, Ethics Advisory Comm. Op. 15-01, 2015 WL 3513297, at *3 (2015) (opining that Rule 1.11(a)(2) applied to a lawyer who formerly served as a member of the Utah Board of Pardons and Parole; Philadelphia Bar Ass'n, Prof'l Guidance Comm. 2012-2, 2012 WL 7148213, at *1 (2012) ("Rule 1.11 does not contemplate whether the specific duties of the public officer or employee are categorized as attorney/non-attorney.").

government information about a person," as defined in the Rule, because the government itself has an obligation to protect such information.[10]

A lawyer serving as a government officer or employee may learn this information in various ways, whether because the lawyer is working on the particular matter or because another public officer or employee shares it with the lawyer in the course of the lawyer's work.[11] If the lawyer was serving in a representative capacity, Rule 1.11(c) protects information also protected by Rule 1.6. Rule 1.11(c) also may extend to information not protected under 1.6 if the information was acquired by a lawyer while serving as a public officer or employee, but not as a lawyer representing the government, meaning the lawyer learned the information in a nonrepresentational capacity.[12]

Fourth, Rule 1.11(c) limits confidential government information to information "obtained under government authority." This includes information obtained pursuant to a grand jury subpoena, a search warrant, a regulatory subpoena, or other government power. Further, Rule 1.11(c) does not apply to all information obtained under government authority, but only to information that, at the time the Rule is applied, the government is legally prohibited from disclosing to the public or has a legal privilege not to disclose if the information is not otherwise publicly available.[13] Whether government information is publicly available—e.g., whether it can be obtained through routine discovery—will be a question of fact. So is the question of whether the information "could be used to [the person's] material disadvantage."[14] The Rule does not require that the confidential

---

[10] MODEL RULES OF PROF'L CONDUCT R. 1.11 cmt. [4].
[11] *See* N.Y.S. Bar Ass'n Comm. on Prof'l Ethics Op. 1169 (2019) ¶ 16 & 17.
[12] *Id.*
[13] *See* Or. State Bar Formal Op. 2005-120 (2015) at 13. This conceptualization of "confidential government information" is analogous to the definition of "nonpublic information" in 5 C.F.R. § 2635.703(b) ("Use of nonpublic information"). This regulation stipulates that a federal government employee "shall not engage in a financial transaction using nonpublic information or allow the improper use of nonpublic information to further his own private interest or that of another[.]" Section 2635.703(b) defines "nonpublic information" as information that an employee obtains due to Federal employment and that he knows or reasonably should know: "(1) Is routinely exempt from disclosure under 5 U.S.C. 552 or is protected from disclosure by statute, Executive order or regulation; (2) Is designated as confidential by an agency; or (3) has not actually been disseminated to the general public and is not authorized to be made available to the public on request."
[14] In some circumstances courts have found that confidential government information providing "strategic insights" or "roadmaps" is disqualifying. *See, e.g.*, *In re Nat'l Prescription Opiate Litigation*, 2019 WL 1274555 (N.D. Ohio, E.D. 2019) (under 1.11(c) court disqualified former Executive Assistant United States Attorney from participation as plaintiff's private counsel in portions of Opioid Multi District Litigation where that attorney had previously received confidential government information shared in the "spirit of confidence and trust" that could now materially disadvantage the third-party); N.Y. State Bar Ethics Op. 1148 (2018) (knowing how agency usually handles child support enforcement matters, untethered to personal and substantial involvement in or confidential information about specific mater, insufficient to disqualify former agency lawyer from representing respondents against agency); *United States v. Villaspring Health Care Ctr.*, 2011 WL 5330790 (E.D. KY. C.D. 2011) (based in part on Rule 1.11(c), disqualifying lawyer from defending facility (Villaspring) because as assistant attorney general he gained "strategic insights such as knowledge of the strengths and weaknesses of the evidence" by interviewing facility's former employees); *but see* Baltimore County v. Barnhart, 30 A. 3d 291 (Md. Ct. Spec. App. 2011) (former county attorney who dealt with county's pension obligations did not acquire confidential information she could use to county's detriment in representing county retiree in pension dispute); *Kronberg v. LaRouche*, 2010 U.S. Dist. Lexis 35050,*16, (E.D. Va. Apr. 9, 2010) (disqualification necessary to protect the integrity of the judicial system where former prosecutor obtained confidential government information that could be used to the material disadvantage of

government information has been or will be used by the lawyer, only that it *could* be used to the material disadvantage of a person.[15]

## II. ABA Model Rule of Professional Conduct 1.11(c) applies to lawyers currently serving and those who formerly served as public officers or employees.

It is sometimes observed that Rule 1.11(c) applies to lawyers who are former public officers and employees, which is true. But the Rule does not apply *exclusively* to lawyers who formerly served as public officers or employees. Rule 1.11(c) applies equally to a full or part time lawyer who currently serves or formerly served as a government officer or employee when the lawyer (1) represents a private client outside of the lawyer's government employment and (2) possesses information, acquired when the lawyer was a government officer or employee, that the lawyer knows is confidential government information that could be used to the material disadvantage of a person whose interests are adverse to the lawyer's private client in a matter.

When proposed in 1983 by the Kutak Commission, Model Rule 1.11 initially aimed to establish guidelines for addressing conflicts of interest relating to the "revolving door" – i.e., lawyers moving from government service to private practice.[16] The original Rule 1.11 was titled, "Successive Government and Private Employment."[17] The Ethics 2000 Commission, however, recommended expanding the Rule's scope to address conflicts for lawyers *currently and formerly* serving the government as well as those "moving from one government agency to another."[18] In its report to the ABA House of Delegates the Ethics 2000 Commission explained, "an expanded Rule 1.11 … combines for the first time in a single rule a lawyer's duties when opposing a former client, and the special obligations of a government employee not to abuse the power of public office."[19] The Ethics 2000 Commission recommended, and the ABA House of Delegates adopted, the Rule's re-title to "Special Conflicts of Interest for Former and Current Government Officers and Employees" along with amendments to the text of the Rule.[20]

The wording of Model Rule 1.11(c) differs from that of the other provisions of Model Rule 1.11. Rules 1.11(a) and (b) apply explicitly and exclusively to "a lawyer who has *formerly* served as a

---

one or more defendants in spite of the passage of 20 years, because the information provided him at minimum with a "mental roadmap").

[15] Comment [8] explains that the disqualification requirement of Rule 1.11(c) applies only when the lawyer has "actual knowledge" of the confidential government information, not when the information merely can be imputed to the lawyer. *See* Babineaux v. Foster, 2005 WL 711604 (E.D. La. 2005) (defendant's motion to disqualify plaintiff's counsel from lawsuit against City based on counsel's previous employment as Assistant City Attorney denied in part because absent actual knowledge of confidential government information, presumption that attorney acquired confidential government information not sufficient to result in disqualification); N.Y.S. Bar Ass'n Comm. on Prof'l Ethics Op. 1169 (2019), para. 17.

[16] The Commission on the Evaluation of Professional Standards (Kutak Commission) was appointed in 1997 to review and revise the Model Code of Professional Responsibility. The 1983 Model Rules of Professional Conduct was its product. Garwin, *supra* note 4, at xii.

[17] *Id.* at 278.

[18] *Id.* at 291.

[19] ETHICS 2000 REPORT 401, ABA HOUSE OF DELEGATES, at 5 www.americanbar.org/content/dam/aba/administrative/professional_responsibility/report_hod_082001.pdf.

[20] Garwin, *supra* note 4, at 288 (2013); PREAMBLE AND SCOPE REPORTER'S EXPLANATION OF CHANGES, https://www.americanbar.org/content/dam/aba/administrative/professional_responsibility/e2k_migated/10_85rem.pdf (see Ethics 2000 Commission Reporters Explanation of Changes at 40).

public officer or employee of the government."[21] These provisions require the former government lawyer to adhere to the confidentiality duty of Model Rule of Professional Conduct 1.9(c), governing the preservation of information relating to the representation of a former client. Paragraphs (a) and (b) also set out when the lawyer who formerly served as a public officer or employee of the government is disqualified from representing a client in a matter in which the lawyer participated personally and substantially as a government officer or employee and when the conflict is imputed to other lawyers in the personally disqualified lawyer's firm.[22]

Rule 1.11(d) applies explicitly to "a lawyer *currently* serving as a public officer or employee."[23] It subjects the currently serving lawyer to other conflict rules (Model Rules 1.7 and 1.9) and imposes other conflict-of-interest restrictions.[24]

---

[21] ABA Model Rule of Professional Conduct, Rule 1.11(a) and (b) provides:
    (a) Except as law may otherwise expressly permit, a lawyer who has formerly served as a public officer or employee of the government:
        (1) is subject to Rule 1.9(c); and
        (2) shall not otherwise represent a client in connection with a matter in which the lawyer participated personally and substantially as a public officer or employee, unless the appropriate government agency gives its informed consent, confirmed in writing, to the representation.
    (b) When a lawyer is disqualified from representation under paragraph (a), no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in such a matter unless:
        (1) the disqualified lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom; and
        (2) written notice is promptly given to the appropriate government agency to enable it to ascertain compliance with the provisions of this rule.

[22] In general, to encourage lawyers to enter government service, the disqualification standards in these provisions are less restrictive than the standards for lawyers who move between private law firms. Comment [4] to Rule 1.11 explains, "a former government lawyer is disqualified only from particular matters in which the lawyer participated personally and substantially … The limitation of disqualification in paragraphs (a)(2) and (d)(2) to matters involving a specific party or parties, rather than extending disqualification to all substative issues on which the lawyer worked, serves a similar function." *See* Douglas R. Richmond, *As the Revolving Door Turns: Government Lawyers Entering or Returning to Private Practice and Conflicts of Interest*, 65 ST. LOUIS U. L.J. 325, 350 (2021).

[23] ABA Model Rule of Professional Conduct 1.11(d) provides:
    (d) Except as law may otherwise expressly permit, a lawyer currently serving as a public office or employee:
        (1) is subject to Rules 1.7 and 1.9; and
        (2) shall not:
            (i) participate in a matter in which the lawyer participated personally and substantially while in private practice or nongovernmental employment, unless the appropriate government agency gives its informed consent, confirmed in writing; or
            (ii) negotiate for private employment with any person who is involved as a party or as lawyer for a party in a matter in which the lawyer is participating personally and substantially, except that a lawyer serving as a law clerk to a judge, other adjudicative officer or arbitrator may negotiate for private employment as permitted by Rule 1.12(b) and subject to the conditions stated in Rule 1.12(b).

[24] Notably, another difference between Rule 1.11 (a) and (d) and Rule 1.11(c) is that the conflict under Rule 1.11(c) is not consentable. Rule 1.11(c) does not authorize the government, the client, or person against whom the information might be used to waive the conflict arising under the Rule. *See, e.g.*, Pa. Bar Ass'n Legal Ethics and Prof'l Responsibility Comm. Op. 94-132 (1994) (former government lawyer who obtains confidential government information while employed by the Department of Justice may not represent a client in a matter in which she was involved as government lawyer, even with government consent); S.C. Bar Ethics Advisory Op. 97-41 (1998) (former special prosecutor may represent victims in civil suit against criminal defendant being prosecuted by solicitor's

Against this background, and for several reasons, the Committee reads the phrase "a lawyer having information that the lawyer knows is confidential government information about a person" to include not only lawyers formerly serving as public officers or employees but also lawyers who are *currently* serving as public officers or employees.

To begin with, unlike Rules 1.11(a), (b) and (d), the language of Rule 1.11(c) does not expressly limit the paragraph's application to lawyers who currently or formerly served as government officers or employees. Rather it provides, in pertinent part:

> [A] lawyer having information that the lawyer knows is confidential government information about a person acquired when the lawyer was a public officer or employee, may not represent a private client whose interests are adverse to that person in a matter in which the information could be used to the material disadvantage of that person.

By its terms, the rule applies to any "lawyer having information that the lawyer knows is confidential government information about a person," without regard to whether that lawyer is currently or formerly in government service.

The phrase "acquired when the lawyer was a public officer or employee" refers to a lawyer who was in government service at the time the lawyer acquired the confidential government information, not to a lawyer who is no longer in service with the government when the information would be used for a private client's benefit. In other words, the clause in context does not refer to the lawyer's employment status when seeking to "represent a private client." Rather, it refers to the lawyer's employment status with the government at the time the lawyer "acquired" the confidential government information.

Further, this reading accomplishes the objective of the Rule and leads to the soundest result. There is no less need to restrict the misuse of confidential government information for private clients when the lawyer is still employed by the government or serving as an official of the government even if part-time. We do not perceive any countervailing considerations that would justify exempting current public officers and employees from a disqualification provision designed to prevent that lawyer from misusing confidential government information for a private client's benefit.

Other authorities have similarly concluded that Rule 1.11(c) applies not only to lawyers after they leave government service but also to lawyers currently serving as public officers or employees who, outside their government service, represent private clients. For example, the New York State Bar Association's ethics committee applied Rule 1.11(c) to a lawyer who concurrently served as a town supervisor and maintained a private law practice.[25] Citing an earlier opinion of its own, that ethics committee observed that the Rule is designed to disqualify even part-time public officers from accepting private clients. This application, the opinion recognized, would prevent

---

office if solicitor's office consents, unless she had access to confidential information that could lead to unfair advantage).
[25] *See* N.Y. State Bar Ethics Op. 1169 (2019), *supra* note 8.

the private client from retaining the lawyer to gain an improper advantage through the lawyer's public office and would also avoid public suspicion about the client gaining such an advantage.[26]

Likewise, the Nebraska State Bar Association's ethics committee concluded that part-time county attorneys may not represent private clients in family law matters that involve support of a minor where, through their public office, those part-time county attorneys have access to systems that contain a wealth of confidential government information that could be used against an adverse party.[27]

In sum, lawyers currently serving as public officers or employees are not exempt from Rule 1.11(c). Rule 1.11(c) applies, for example, to lawyers in private practice who are appointed to be special prosecutors and continue to represent private clients, to lawyers who represent private clients and are also part-time prosecutors or attorneys general, and to lawyers who represent private clients and are also hired as counsel for a town or municipality.

### III. Defining "private client" as used in ABA Model Rule of Professional Conduct 1.11(c)

Model Rule 1.11(c) applies to "a lawyer having information that the lawyer knows is confidential government information about a person acquired when the lawyer was a public officer or employee" when that lawyer represents a "private client." This raises the question of whether a "private client" is a client whom the lawyer represents in the lawyer's private practice (i.e., outside the scope of the lawyer's public employment), or a client who is a private person or entity (as opposed to a government entity or public official), or both.

Rule 1.11(c) applies in the very least to private persons and entities whom a lawyer represents in private practice, whether that practice follows government service or is concurrent with it. This interpretation is consistent with the ABA Formal Opinion 342 (1975) in which the Committee determined that the term "private employment" in the text of ABA Model Code of Professional Responsibility Disciplinary Rule 9-101(B), the predesessor to Model Rule 1.11(a)'s disqualification provision, "refers to employment as a private practitioner."[28] The opinion explained, "If one underlying consideration is to avoid the situation where government lawyers may be tempted to handle assignments so as to encourage their own future employment in regard to those matters, the danger is that a lawyer may attempt to derive undue financial benefit from fees in connection with subsequent employment, and not that he may change from one salaried government position to another."[29]

Additionally, the term "private client" also includes *public* entities and officials whom the lawyer represents in private practice, if those clients are not legally entitled to employ the confidential

---

[26] *Id.*
[27] *See* Neb. Lawyers' Advisory Comm. Op. 22-01 (2022); *see also* R.I. Ethics Advisory Panel Op. 2016-03 (2016) (although "the rationale of the Rule applies as well to concurrent government and private employment," Rule 1.11 is inapplicable because "the inquiring attorney [who served as a part-time judge] has not acquired disqualifying confidential information about City in his role as municipal court judge").
[28] *See* ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 342 (1975) (issued to interpret DR 9-101(B) after the Model Code was amended to incorporate imputed disqualification. DR 9-101(B) read: "A lawyer shall not accept private employment in a matter in which he had substantial responsibility while he was a public employee.").
[29] *Id.* at 2.

information.[30] This conclusion is consistent not only with the Rule's purpose but also with a federal appellate decision, General Motors Corp. v. City of New York,[31] which was well-known to the Ethics 2000 Commission when it drafted Rule 1.11. Applying New York's version of the Code of Professional Responsibility, the court disqualified a former United States Department of Justice lawyer—who had transitioned from government service to private practice in a law firm—from representing the city of New York. The city was suing General Motors and wanted to hire the lawyer and his firm. While assigned to the Department's Antitrust Division, the lawyer had substantial responsibility in a Department of Justice antitrust suit against General Motors. The Court, interpreting New York's Code of Professional Responsibility and Canon 9, found that the lawyer was engaged in "private employment" for purposes of DR 9-101(B) because the lawyer was practicing in a private firm.

The Rule is plainly intended, in part, to prevent a lawyer from using confidential government information on behalf of a private (i.e., non-governmental) individual or entity whom the lawyer represents in full-time or part-time private practice and who is not entitled to exploit the information. However, as the *General Motors* case illustrates, there is no less need to protect against the misuse of confidential government information on behalf of a *public* entity that differs from the one to whom the information belongs and that is not entitled to use the information.

Accordingly, a lawyer who served as a public officer or employee, and who obtained confidential government information about a person while working for the government, would be subject to the Rule when the lawyer, in private employment, represents any client that is not entitled to use the information. Typically, the new client will be a private person whom the lawyer represents in private practice, but the Rule is not limited to this scenario.[32]

The Rule does not apply, however, when a current government lawyer represents a party, including a private individual, in the lawyer's role as a government lawyer. For example, as permitted by law, a government lawyer may represent a government employee in the employee's personal capacity.[33] Likewise, the Rule by its terms does not apply to lawyers who transfer from one

---

[30] Rule 1.11(c) prefaces its disqualification requirement with the phrase, "Except as law may otherwise expressly permit." Regardless of whether the law specifically authorizes the lawyer's representation, the Rule should not apply in the situation in which the lawyer's client is legally permitted to use the information in question. When the law permits the client to use the confidential government information that the lawyer acquired while in government service, the reason for the disqualification provision – i.e., to prevent the improper use of confidential government information – is inapplicable, and the client's countervailing interest in counsel of choice outweighs any conceivable interest in a wooden application of the rule. *Cf.* MODEL RULES OF PROF'L CONDUCT, Scope, para. [14] ("The Rules of Professional Conduct are rules of reason.").
[31] 501 F.2d 639 (2d Cir. 1974).
[32] The Rule does not, however, apply to a lawyer who served as a public officer or employee, obtained confidential government information about a person while working for the government, and transitioned to work in private practice where the lawyer represents the same government entity (e.g., an agency, commission, bureau or board) as a client. Although the term "private client" might be read broadly to include any client whom the lawyer represents in private practice, it would not serve the Rule's purpose to disqualify a lawyer from representing a public entity that is legally entitled to use the information in question.
[33] *See, e.g.*, Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971); 28 C.F.R. §§ 50.15, 50.16.

government position to another and undertake a representation in their role as a government lawyer.[34]

## Conclusion

Model Rule of Professional Conduct 1.11(c) applies to a lawyer who acquired confidential government information while the lawyer was employed by or an official of the government, regardless of whether the lawyer seeking to represent the private client has now left government employ or office or maintains a private law practice (e.g., a part-time practice) while still in government employ or office. The Rule applies to the representation of a "private client," which can be any client represented in the lawyer's private practice that is not legally entitled to use the confidential government information in question.

_____

**AMERICAN BAR ASSOCIATION STANDING COMMITTEE ON
ETHICS AND PROFESSIONAL RESPONSIBILITY**

321 N. Clark Street, Chicago, Illinois 60654-4714 Telephone (312) 988-5328
CHAIR: Bruce Green, New York, NY ■ Mark A. Armitage, Detroit, MI ■ Matthew Corbin, Olathe, KS ■ Robinjit Kaur Eagleson, Lansing, MI ■ Brian Shannon Faughnan, Memphis, TN ■ Hilary P. Gerzhoy, Washington, D.C. ■ Wendy Muchman, Chicago, IL ■ Hon. Jennifer A. Rymell, Fort Worth, TX ■ Tim Pierce, Madison, WI ■ Charles Vigil, Albuquerque, NM

**CENTER FOR PROFESSIONAL RESPONSIBILITY:** Mary McDermott, Lead Senior Counsel

**©2024 by the American Bar Association. All rights reserved.**

---

[34] Where the particular government lawyer possesses relevant "confidential government information" that the lawyer is not permitted to use, then wholly apart from the Rule, the government may opt to assign a different lawyer to the matter to protect against misuse of the information. Further, regardless of whether the disqualification rule applies, courts have discretion to disqualify lawyers as necessary to prevent the misuse of confidential information. *See, e,g.*, MODEL RULES OF PROF'L CONDUCT R. 1.10, cmt. 7 (recognizing that even when a law firm satisfies the rule's screening requirement for a personally disqualified lawyer who moved to the firm, "tribunals may consider additional factors in ruling upon motions to disqualify a lawyer from pending litigation"). And, of course, there are potential remedies, including employment sanctions and civil liability, if a lawyer were to misuse confidential government information.