UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*City of Rochester v. Purdue Pharma, L.P.*, No. 19-op-45853 (Track 12)<br><br>*Lincoln County v. Richard S. Sackler, M.D.*, No. 20-op-45069 (Track 13)<br><br>*City of Independence, Missouri v. Williams*, No. 19-op-45371 (Track 14)<br><br>*County of Webb, Texas v. Purdue Pharma, L.P.*, No. 18-op-45175 (Track 15) | MDL NO. 2804<br><br>Case No. 17-MD-2804<br><br>Judge Dan Aaron Polster |

**SUPPLEMENTAL DECLARATION OF MICHELLE S. GRANT SUPPORTING <u>OPTUMRX, INC.'S MOTION TO DISQUALIFY MOTLEY RICE</u>**

## **SUPPLEMENTAL DECLARATION OF MICHELLE S. GRANT**

I, Michelle S. Grant, declare as follows:

1. I am over eighteen years old, of sound mind, and under no legal disability.

2. I am a partner at Dorsey & Whitney LLP, and I represented OptumRx, Inc. in responding to an investigative subpoena that the City of Chicago served on OptumRx.

3. I submit this supplemental declaration in support of OptumRx's Response to Motley Rice's Sur-Reply to OptumRx's Motion to Disqualify Motley Rice.

4. I have personal knowledge of the facts set forth in this declaration, and if called to testify in person about those facts, could competently do so under oath.

5. I participated in OptumRx's negotiation and response to the subpoenas that the City of Chicago served on OptumRx.

6. I attended calls with the City of Chicago. Paige Boggs, an attorney from Motley Rice, joined those calls.

7. The City of Chicago subpoena did not mention opioids, and neither Motley Rice nor any other government lawyer from Chicago ever suggested that the investigation was regarding the marketing, sale, promotion, or distribution of opioids.

8. On behalf of OptumRx, I negotiated a confidentiality agreement and the subpoena's document requests with Paige Boggs of Motley Rice as well as in-house counsel for the City of Chicago. Mimi Liu of Motley Rice was copied on correspondence regarding these negotiations and executed the confidentiality agreement.

9. In response to Chicago's subpoena, OptumRx produced confidential material, including prescription drug transaction data. That prescription drug transaction data that was produced is not available to the public and is among OptumRx's sensitive commercial material.

10. OptumRx does not routinely produce those types of documents. OptumRx would never produce those materials without first securing a protective order or entering a confidentiality agreement.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: March 5, 2024.

_____
Michelle S. Grant