# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804<br>Case No. 17-md-2804 |
| THIS DOCUMENT RELATES TO: | |
| "United Food and Commercial Workers Health and Welfare Fund of Northeastern Pennsylvania" | Case No. 1:17-OP-45177 |
| "Sheet Metal Workers Local No. 25 Health & Welfare Fund" | Case No. 1:18-OP-45002 |
| "Louisiana Assessors Insurance Fund" | Case No. 1:18-OP-46223 |
| "Pioneer Telephone Cooperative Inc. Employee Benefits Plan" | Case No. 1:18-OP-46186<br>Judge Dan Aaron Polster |

## AGREED ORDER TO STAY PROCEEDINGS AS TO TEVA PHARMACEUTICAL INDUSTRIES LTD.

By agreement of the parties, the Court hereby orders that the deadlines in the Court's *Nunc Pro Tunc* Amended Case Management Order (ECF 5298) are hereby amended and the case is stayed as to defendant Teva Pharmaceutical Industries Ltd. ("Teva Ltd.") as follows:

1. All deadlines as to Teva Ltd., including Teva Ltd.'s deadline to file a motion to dismiss for lack of personal jurisdiction, are stayed until the conclusion of trial in each of the Track 16 through Track 19 cases.

2. Plaintiffs acknowledge that they only seek to impose liability on Teva Ltd. derivatively, based on the alleged conduct of the direct and indirect subsidiaries of Teva Ltd., including an alter ego or successor theory of liability. Therefore, in the event of a defense verdict for all Teva Ltd.'s subsidiaries that are defendants in any of the Track 16 through 19 trials, Plaintiffs' claims against Teva Ltd. in the specific Track 16 through 19 case where a defense verdict was issued will be dismissed.

3. In the event of a Plaintiffs' verdict against any of Teva Ltd.'s subsidiaries that are defendants in the Track 16 through 19 trials, the Court will subsequently determine whether it has personal jurisdiction over Teva Ltd. in the specific Track 16 through 19 case where a Plaintiffs' verdict was issued, based on the schedule set forth below.

4. Teva Ltd. may file a motion to dismiss on jurisdictional grounds within 30 days after an entry of any final judgment against a subsidiary of Teva Ltd. in any of the Track 16 through 19 cases. Following the filing of a motion to dismiss, the parties shall meet and confer promptly regarding the necessity, scope of, and a schedule for jurisdictional discovery. Any disputes shall be submitted promptly to the Court for resolution. If jurisdictional discovery proceeds, then oppositions will be due within 30 days after said discovery is complete. Replies will be due within 14 days thereafter. The Court will then set a date for an evidentiary hearing.

5. After an evidentiary hearing, if the Court determines that it has personal jurisdiction over Teva Ltd. in any of the Track 16 through 19 cases, Teva Ltd. agrees it will be responsible for its U.S. subsidiaries in any specific Track 16 through 19 case where the Court holds it has personal jurisdiction over Teva Ltd. based on an alter ego, successor, or other appropriate theory of liability.

6. Nothing in this Order shall prevent Plaintiffs from seeking discovery consistent with the Court's prior orders or the Rules of Civil Procedure. Teva Ltd.'s objections to personal jurisdiction are expressly reserved and will be determined as set forth in this Order.

**IT IS SO ORDERED.**

**Dated:  March 13, 2024**

/s/ *Dan Aaron Polster*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**