UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>**THIS DOCUMENT RELATES TO**:<br><br>*City of Rochester v. Purdue Pharma, L.P.*, No. 19-op-45853 (Track 12)<br><br>*Lincoln County v. Richard S. Sackler, M.D.*, No. 20-op-45069 (Track 13)<br><br>*City of Independence, Missouri v. Williams*, No. 19-op-45371 (Track 14)<br><br>*County of Webb, Texas v. Purdue Pharma, L.P.*, No. 18-op-45175 (Track 15) | MDL NO. 2804<br><br>Case No. 17-MD-2804<br><br>Judge Dan Aaron Polster |

**EXPRESS SCRIPTS' [PROPOSED] BRIEF REGARDING NEWLY DISCOVERED EVIDENCE IN SUPPORT OF OPTUMRX'S MOTION TO DISQUALIFY MOTLEY RICE**

Express Scripts, Inc. ("Express Scripts"), submits this brief based on newly-discovered evidence revealing that Linda Singer of Motley Rice, while acting as a government attorney for the City of Chicago, served a subpoena on Express Scripts regarding prescription opioids and thereby obtained confidential information that should disqualify Ms. Singer and Motley Rice from representing Plaintiffs against Express Scripts in this litigation, for the reasons stated below and more fully in OptumRx's disqualification motion.

**BACKGROUND**

On December 15, 2023, Defendant OptumRx, Inc. ("OptumRx"), moved to disqualify Motley Rice and its attorneys "from participating in any pending or future proceedings involving OptumRx or its parents or affiliates." Dkt. 5276. Express Scripts did not join the motion at the

1

time because it was unaware of any prior instance where Motley Rice or its attorneys had used government subpoena power to obtain confidential Express Scripts information relating to prescription opioids. Plaintiffs and the PEC opposed OptumRx's motion on January 22, 2024. Dkt. 5288. OptumRx submitted a reply brief on February 5, 2024. Dkt. 5300. The Court held a hearing on the matter on February 12, 2024. Dkt. 5312. The parties subsequently moved for, and were granted, leave to file sur-replies and supplemental authority on February 20, 2024, March 1, 2024, and March 6, 2024, Dkt. 5320, 5338, 5341.

On March 12, 2024, counsel for Express Scripts, while in the course of reviewing materials to ensure compliance with DR-22, located for the first time a document subpoena served on Express Scripts by the City of Chicago on November 25, 2013, in the matter of *In re Chronic Opioid Therapy Marketing Practices*. Vanden Heuvel Decl. ¶ 2, Ex. A (the "Subpoena"). The cover letter to the Subpoena states as follows:

> The City of Chicago is serving you with a subpoena to provide documents and information in connection with a confidential, civil investigation into false claims that may have been submitted as a result of certain practices in deceptively marketing opioids. The Corporation Counsel for the City of Chicago (the City of Chicago Department of Law) *has appointed Linda Singer, Esq.* and Cohen Milstein Sellers & Toll PLLC *as Special Assistant Corporation counsel, and has directed them to serve this subpoena, receive the documents and information, and manage the production.*

Ex. A at 1 (emphasis added). The Subpoena contains thirteen document requests relating to Express Scripts' contracts with "Pharmaceutical Companies" (largely defined as opioid manufacturers), as well as Express Scripts' reviews, analyses, and reports relating to prescription opioids. *Id*. at 11–12. The Subpoena commanded Express Scripts to produce all requested documents to Linda Singer. *Id*. at 1–2.

Express Scripts collected and produced confidential documents and information to Ms. Singer in response to this Subpoena. Vanden Heuvel Decl. ¶ 3. These documents were designated

2

"Confidential" and included contracts with Purdue and meeting minutes for Express Scripts' Pharmacy & Therapeutics Committee relating to prescription opioids. *Id*. Express Scripts is in the process of determining the full scope of documents that were produced in response to the Subpoena, and it will promptly produce these documents. In addition to the document production, Express Scripts also had phone calls with a Cohen Milstein attorney regarding confidential subjects, including rebate agreements and Express Scripts' formulary committees. *Id*.

At the time of the Subpoena, Ms. Singer was a partner at Cohen Milstein, but she later moved to Motley Rice, and "representation of the City [of Chicago] then transitioned to Motley Rice." Dkt. 5320-1 at 4 n.5; Kane Decl. (Dkt. 5320-4) at ¶¶ 11–12. At Motley Rice, Ms. Singer has not been walled off from opioid litigation against Express Scripts. Instead, Ms. Singer has been heavily involved in the litigation against Express Scripts. *See, e.g.*, Dkt. 5196-7 (August 28, 2023 PEC Status Report signed by Ms. Singer regarding cases against Express Scripts and OptumRx).

The declaration of Stephen J. Kane in support of Motley Rice's sur-reply disclosed that Ms. Singer had been retained by Chicago as government counsel in April 2013 to represent it "in a civil investigation and potential litigation of claims regarding the marketing of opioids." Dkt 5320-4 ¶¶ 11–12. But neither Mr. Kane nor Motley Rice disclosed that, as part of that engagement, Ms. Singer had subpoenaed Express Scripts about prescription opioids and received confidential information in response.

To correct that misimpression, and to ensure the Court has a full record before ruling on OptumRx's pending disqualification motion, Express Scripts prepared this submission as soon as it discovered the November 2013 Subpoena from Ms. Singer.

## ARGUMENT

This newly-discovered evidence supports disqualification of Motley Rice for the reasons stated in OptumRx's disqualification motion and supporting briefs. *See* Dkt. 5276-1, 5300, 5341.

3

Namely, in violation of Ohio Rule of Professional Conduct 1.11(c) and Local Rule 83.7(a), Motley Rice could use in this litigation to Express Scripts' material disadvantage confidential information obtained through Ms. Singer's exercise of government power as Special Assistant Corporation Counsel for Chicago. Despite mentioning in its sur-reply Ms. Singer's work on prescription opioids as a Special Assistant Corporation Counsel for Chicago, *see* Dkt. 5320-4 ¶¶ 11–12, Motley Rice did not disclose that Ms. Singer served a subpoena on Express Scripts as part of that work or that she received confidential documents in response to that subpoena.

> Rule 1.11(c) contains four requirements, each of which are met here:
>
> Except as law may otherwise expressly permit, a lawyer [1] having information that the lawyer *knows* is confidential government information about a person [2] acquired when the lawyer was a public officer or employee, may not [3] represent a private client whose interests are adverse to that person [4] in a matter in which the information could be used to the material disadvantage of that person. As used in this rule, the term 'confidential government information' means information that has been obtained under governmental authority and that, at the time this rule is applied, the government is prohibited by law from disclosing to the public or has a legal privilege not to disclose and that is not otherwise available to the public. A *firm* with which that lawyer is associated may undertake or continue representation in the matter only if the disqualified lawyer is timely *screened* from any participation in the matter and is apportioned no part of the fee therefrom.

Ohio R. Prof'l Conduct 1.11(c) (emphasis in original). Ms. Singer sought and obtained confidential information regarding Express Scripts relating to prescription opioids. *See* Ex. A at 11–12; Vanden Heuvel Decl. ¶ 3. Ms. Singer was Special Assistant Corporation Counsel for Chicago at the time. *See* Ex. A at 1; Dkt 5320-4, ¶¶ 11–12. And while Ms. Singer did not work at Motley Rice at that time, she later transitioned to Motley Rice, *see* Dkt. 5320-1 at 4 n.5, and she has not been walled from Express Scripts opioid cases, *see, e.g.*, Dkt. 5196-7. Indeed, Ms. Singer and Motley Rice now represent multiple clients adverse to Express Scripts, in a matter where the confidential information Ms. Singer previously obtained—regarding prescription opioids—could be used to the material disadvantage of Express Scripts. *See* Dkt. 5276-1 at 16–18.

4

Thus, for the reasons stated here and more fully in OptumRx's disqualification motion, Express Scripts requests that the Court disqualify Motley Rice and Ms. Singer.

Date: March 13, 2024

Respectfully submitted,

*/s/ Jonathan G. Cooper*
Michael J. Lyle
Jonathan G. Cooper
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
1300 I St. NW, Suite 900
Washington, DC 20005
Tel: (202) 538-8000
mikelyle@quinnemanuel.com
jonathancooper@quinnemanuel.com

*Attorneys for Express Scripts, Inc.*