# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | Case No.: 1:17-MD-2804-DAP<br><br>HONORABLE DAN AARON POLSTER |

## AMENDED PROTOCOLS
## FOR COMMON BENEFIT WORK PERFORMED
## AND EXPENSES INCURRED

On May 1, 2018, the Court set specific guidelines and rules for work performed and expenses and costs incurred in this MDL (the "*Protocol Order*"). (Doc.#: 358). To this point, the *Protocol Order* has for the most part served its purpose and achieved the results intended.

The Court recently designated four Pharmacy Benefit Manager (PBM) bellwethers (Doc.# 5231) and four Third Party Payor (TPP) bellwethers (Doc.# 5225). The advent of these new case tracks makes it appropriate for the Court now to emphasize some aspects of the *Protocol Order*, clarify some of the guidelines, and amend some of the rules moving forward. Accordingly, the amendments set out in this Order to the *Protocol Order* take effect immediately and apply to all work performed in this MDL.

I. **Participation Agreement**

All counsel who intend to seek access to MDL work product, or to apply for an award of common benefit fees, or to seek reimbursement of litigation expenses, must sign the Participation Agreement.[1] Failure to sign the Participation Agreement shall disqualify a firm from eligibility for any future award of common benefit fees. (Firms that already signed the Participation Agreement do not need to sign it again.)

II. **Time and Expense Report Submission Requirements**

Effective as of the date of this Order, all counsel who intend to seek an award of common benefit fees, ***including counsel pursuing opioid claims outside of this MDL***, shall submit their common benefit time and expenses each month to Co-Lead Counsel.[2] These submissions shall be sent to the Auditor at:

OpioidTimeReport@amylcollinspc.com.

Submission of time and expenses shall occur no later than the 15th of the month following the month of the reporting period (e.g., March 2024 time and expenses are due no later than April 15, 2024). Late submissions will not be accepted

---

[1] *See* Opioid Litigation Participation Agreement (Doc.#: 3352-3)
[2] This requirement does not *definitively* prohibit counsel who pursues opioid claims *outside* of this MDL from applying for a common benefit award, based on time and expenses that were not timely submitted to the Co-Leads each month. For example, a future settlement agreement may provide otherwise in connection with a contractually-created common benefit fund. The same may be true for counsel who does not sign a Participation Agreement. But counsel pursuing opioid claims outside of this MDL, who may seek a common benefit award based on those claims, is strongly advised to: (1) obtain input from Co-Leads regarding the potential common benefit value of such work; and (2) submit timely to the Co-Leads any such time and expenses. These actions will help to ensure that counsel's efforts inure to the common benefit of all MDL plaintiffs and are considered eligible for any potential common benefit award.

without written authorization from Co-Lead Counsel.  Firms who are not current on their time submissions since June, 2023 are hereby ordered to submit, on or before April 30, 2024, all past due time for work performed after June 2023.  Time for work performed prior to July 1, 2023 will not be accepted nor considered by the Fee Panel or this Court for an award of future common benefit fees.

Counsel shall use the amended template to submit their time and expenses.  The Auditor has prepared a Billing Guide, approved by the Fee Panel and Co-Lead Counsel, to assist counsel in preparing their time and expense submissions.  The amended template and Billing Guide can be downloaded from:

www.amylcollinspc.com/resources/ .

### III.   Co-Lead Authorization

*All* MDL counsel are required to obtain ***from named* Co-Lead Counsel** written authorization to perform common benefit work, using a process Co-Lead Counsel may prescribe.  Counsel shall submit their written authorization to the Auditor along with their time and expense report each month.  The Court encourages Co-Lead Counsel to set forth with particularity the authorized scope of work, the firm member(s) authorized to perform the work, and the amount of hours or time period authorized for the work.

## IV. Document Coding

Initial coding of documents produced and received in discovery has proven to be an enormous and time-consuming task in this litigation. The advanced stage of this litigation now allows Co-Lead Counsel to determine the appropriate qualifications of those selected to perform this initial document coding work, including non-lawyers. Co-Lead Counsel may, in their discretion, assign some or all of this task to an outside vendor(s) as a "shared expense," to be paid from the Litigation Fund. The Court strongly encourages Co-Lead Counsel to carefully provide oversight of this aspect of future litigation. Co-Lead Counsel shall perform a quarterly audit of the volume, time, and expense of initial document coding.

## V. Tier 1 and Tier 2 Document Review

All work performed in this MDL must be specifically pre-approved by Co-Lead Counsel, and that includes all Tier 1 and Tier 2 Document Review. Co-Lead Counsel shall provide oversight and perform a quarterly audit of all Tier 1 and Tier 2 Document Review work to maximize efficiencies, eliminate waste, and ensure compliance with the *Protocol Order* as amended.

## VI. Document Review Audit

The Court has recognized that "[t]he PEC previously retained Amy Collins to serve as Auditor for common benefit time and expenses submitted for work performed in the MDL." (Doc.#: 4344 at 4). The Court now appoints Ms. Collins to perform all of the tasks assigned to the "Auditor" in this Order. The cost for these tasks will continue to be paid by the PEC.

Co-Lead Counsel shall provide authorization and access for the Auditor to the data generated by the document repository system utilized by the PEC. The Auditor shall compare these reports to the time submitted by individual firm members for document review work, and shall promptly notify Co-Lead Counsel of any significant discrepancies. The Auditor shall provide monthly updates and quarterly reports to Co-Lead Counsel regarding the time, volume, and expense of document review, including discrepancies and recommendations.

## VII. Time Audit Process

The Auditor is directed to conduct quarterly audits of the submitted time in consultation with Co-Lead Counsel, and to notify on a rolling basis each firm of its non-compliant time. This audit shall include a determination whether multiple lawyers from the same firm are assigned to the same task resulting in unnecessary duplication of effort. In performing this audit, the Auditor shall conduct a cross-

check to ensure the work was pre-approved by Co-lead counsel and performed within the scope of work authorized. Counsel must respond to an audit notice within 10 days. Failure to timely respond to a time audit notice may result in a firm's time being stricken. Co-Lead Counsel shall have access to the submitted time and expenses, the audit notices, and the audit responses.

### VIII. Time-Keeping for TPP and PBM Bellwether Cases

The Auditor shall segregate, audit, and account separately for the work performed and expenses incurred for the TPP bellwether cases and PBM bellwether cases. These case tracks operate independently and the work performed may be weighted and treated differently for common benefit purposes.

### IX. Conclusion

Nothing in this Order is meant to imply the Court will issue any Common Benefit fee or expense award in the future. This Order simply ensures the Court will have the appropriate level of detail regarding some of the information necessary to do so, if circumstances later make such awards appropriate. This Order also specifically directs Co-Lead Counsel to examine and control more carefully than it has in the past putative Common Benefit time spent on document coding and review,

and other work that is not properly authorized or unnecessarily duplicative.

Co-Lead Counsel should please share this Order as widely as possible amongst plaintiffs' counsel working on Opioid ligitation.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster*
**DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE**

**Dated: March 15, 2024**