UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | MDL NO. 2804 |
| THIS DOCUMENT RELATES TO: | ) ) ) | Case No. 1:17-md-2804 |
| *City of Rochester v. Purdue Pharma L.P.*, No. 19-op-45853 (Track 12) | ) ) ) | JUDGE DAN AARON POLSTER |
| *Lincoln County v. Richard S. Sackler, M.D.*, No. 20-op-45069 (Track 13) | ) ) ) | |
| *City of Independence, Missouri v. Williams*, No. 19-op-45371 (Track 14) | ) ) ) | |
| *County of Webb, Texas v. Purdue Pharma, L.P.*, No. 18-op-45175 (Track 15) | ) ) ) ) | |

**PLAINTIFFS' AND PEC'S RESPONSE TO EXPRESS SCRIPTS' PROPOSED BRIEF IN SUPPORT OF OPTUMRX'S MOTION TO DISQUALIFY MOTLEY RICE**

Plaintiffs and the PEC hereby respond to the points raised in Defendant Express Scripts, Inc.'s brief in support of Defendant OptumRX's motion to disqualify Motley Rice. Express Scripts' arguments are meritless. Its "newly discovered evidence"—a subpoena served more than 10 years ago—was served on behalf of *an MDL plaintiff* for purposes of the opioid litigation *that spawned this MDL*. Far from somehow constituting confidential government information, the City produced Express Scripts' documents into the repository more than six years ago per this Court's direction in CMO-1.

Nothing about this subpoena supports OptumRx's flawed Motion to Disqualify. However, the Express Scripts subpoena underscores the PEC's argument that Motley Rice attorney Linda Singer was not a "public officer or employee," as required by Ohio R. Prof'l Conduct 1.11(c),

when she was private counsel for the City of Chicago in its civil investigations of opioid marketing, including by Express Scripts.

1. **Express Scripts' Production In Response To The City of Chicago's Subpoena to Express Scripts Is Properly Part Of This Proceeding**

Express Scripts cites the City of Chicago's 2013 subpoena as somehow evidencing misconduct. The only thing Express Scripts' argument proves is that it has been in violation of DR-22 for numerous years, given that Express Scripts failed to produce documents into the MDL repository as required by that Order. But Express Scripts' failure is ultimately meaningless because this Court ordered the City of Chicago to produce all of the information it had from Express Scripts into the repository, and the City of Chicago did so, nearly six years ago. There can be no complaint of prejudice arising from Motley Rice's knowledge of information that was equally known to all MDL plaintiffs and defendants pursuant to the Court's order.

Express Scripts' submission therefore gives the Court no basis on which to find that the subpoenaed documents at issue, *see* ECF 5351-2 (Vanden Heuvel Decl.), ¶ 3, are confidential government information and/or that Motley Rice could use these documents to Express Scripts' material disadvantage. *See,* ECF 5338-1 (ABA Formal Op. 509) at 4 ("Whether government information is publicly available—e.g., whether it can be obtained through routine discovery—will be a question of fact. So is the question of whether the information 'could be used to [the person's] material disadvantage.'"). Just the opposite, both findings are clearly precluded because *all the subpoenaed documents were produced into the MDL repository almost six years ago.* Pursuant to CMO-1, which ordered production of civil investigation documents, ECF 232 at 15, § 9.k.2, the City of Chicago produced the subpoenaed Express Scripts documents into the MDL repository as CHI_002327367 – CHI_002328321 on June 8, 2018. *See* Ex. K (production cover letter) at 2 (contents of CHI-MDL008 production). The subpoenaed Express Scripts documents

thus cannot be found to be confidential government information under Rule 1.11(c) when they were already produced in this litigation "through routine discovery."  ECF 5338-1 (ABA Formal Op. 509) at 4.  Likewise, the Court cannot find that Motley Rice's access to these documents could create any material disadvantage to Express Scripts when the documents have been accessible by all MDL counsel since 2018.[1]

Indeed, Express Scripts' argument would lead to nonsensical results because the City of Chicago's case was consolidated into the MDL and therefore part of this very proceeding. There are no distinct matters here, a fact the Court tacitly recognized when directing the City to produce its pre-suit investigative productions into the repository.

**2. Express Scripts' Submission Confirms That Linda Singer Was Not A "Public Officer or Employee" Within The Meaning Of Rule 1.11(c)**

Not only are Express Scripts' underlying arguments flawed, their submission underscores that Motley Rice attorney Linda Singer was not a "public officer or employee," as required by Ohio R. Prof'l Conduct 1.11(c), when she was private counsel for the City of Chicago in its civil investigations of opioid marketing, including by Express Scripts.  Express Scripts argues that Ms. Singer was a public officer or employee because the City's cover letter to its subpoena identified her as "Special Assistant Corporation Counsel."  Brief at 4.  Plaintiffs already have shown, however, that Motley Rice, Ms. Singer, and Ms. Singer's prior firm (Cohen Milstein Sellers & Toll, PLLC) were not public officers or employees when representing Chicago in civil

---

[1] In this respect, Express Scripts' and Optum's motion submissions present a distinction but no difference with respect to the lack of evidence of possible material disadvantage. Whereas Express Scripts' submission enables Plaintiffs and the Court to determine that all of its documents at issue were already produced into the MDL, Optum has intentionally withheld this type of information from Plaintiffs and the Court.  *See* ECF 5341 (Optum Response to Sur-Reply) at 12 n.5 ("OptumRx has never claimed that *none* of the documents produced in the investigations were produced in this MDL.").  Neither submission allows the Court to conclude that either Defendant could be materially disadvantaged.

investigations regarding opioids.  ECF 5320-4 (Decl. of Stephen J. Kane, Deputy Corporation Counsel), ¶¶ 3-13.

Indeed, the U.S. District Court in Chicago's civil action against opioid manufacturers expressly held that Ms. Singer and Cohen Milstein were not City employees or officials, but private contractors, in these representations.  *City of Chicago v. Purdue Pharma L.P.*, 2015 WL 920719, at *3-4 (N.D. Ill. March 2, 2015) ("'In short, not one of the relevant factors that establish that an individual is an 'employee' for purposes of the [City Ethics] Ordinance is present here.  Rather, the nature of the work being done by [Cohen] and the manner in which the firm is to be compensated establish that its attorneys are independent contractors under a personal services contract.'  The Court agrees with the Ethics Board's reasoning.") (quoting Chicago Board of Ethics Advisory Op.); *id.* at *4 ("Further, the Court rejects defendants' assertion that Cohen is a City official for purposes of the Ethics Ordinance. . . . Cohen was neither elected nor appointed to the City's Law Department, and thus by the plain language of the Ordinance is not a City Official.").  Since Ms. Singer and her former firm were not public officers or employees in representing the City of Chicago, Rule 1.11(c) does not apply to this representation as to Express Scripts or Optum and the motion to disqualify should be denied.

## CONCLUSION

Express Scripts' filing takes the disqualification motion to its *reductio ad absurdum* conclusion.  Motley Rice represents the City of Chicago in MDL2804, which was named as a "motion track bellwether" in *Case Management Order One*, ¶2b (Doc #: 232) (Filed: 04/11/18) and "all documents … previously produced by any Defendant in City of Chicago v. Purdue Pharma L.P., Case No. 14-CV-04361 (N.D. Ill.), shall be deemed produced to all Plaintiffs in MDL 2804 […]." *CMO-1*, ¶9.k.1.  This is the same the case referenced by Express Scripts.

4

Express Scripts' position underscores the legal fallacy of the disqualification motion. Ohio R. Prof'l Conduct 1.11(c) applies to "confidential government information about a person acquired when the lawyer was a public officer or employee." The primary factual issue is whether Motley Rice "was a public officer or employee." If so, then this Court must make further factual findings about confidential information, which neither Express Scripts nor OptumRx can or have sustained. Therefore, the disqualification motion must be denied.

Dated: March 15, 2024                                Respectfully submitted,


                                                     Jayne Conroy
                                                     SIMMONS HANLY CONROY
                                                     112 Madison Avenue, 7th Floor
                                                     New York, NY 10016
                                                     (212) 784-6400
                                                     (212) 213-5949 (fax)
                                                     jconroy@simmonsfirm.com

                                                     Joseph F. Rice
                                                     MOTLEY RICE LLC
                                                     28 Bridgeside Blvd.
                                                     Mt. Pleasant, SC 29464
                                                     (843) 216-9000
                                                     (843) 216-9290 (fax)
                                                     jrice@motleyrice.com

                                                     Paul T. Farrell, Jr., Esq.
                                                     FARRELL & FULLER LLC
                                                     1311 Ponce de Leone Ave., Suite 202
                                                     San Juan, PR 00907
                                                     (304) 654-8281
                                                     paul@farrellfuller.com

                                                     *MDL Plaintiffs' Co-Lead Counsel*

        *s/ Peter H. Weinberger*
        Peter H. Weinberger (0022076)
        SPANGENBERG SHIBLEY & LIBER
        1001 Lakeside Avenue East, Suite 1700
        Cleveland, OH 44114
        (216) 696-3232
        (216) 696-3924 (fax)
        pweinberger@spanglaw.com

        *MDL Plaintiffs' Liaison Counsel*

## **CERTIFICATE OF SERVICE**

     I hereby certify that on March 15, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

        *s/ Peter H. Weinberger*
        Peter H. Weinberger