**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Track 8: Cobb County, Georgia* | MDL No. 2804<br><br>Case Nos. 1:17-md-2804<br>1:18-op-45817<br><br>Judge Dan Aaron Polster |

**DEFENDANT PUBLIX SUPER MARKETS, INC.'S MOTION TO FILE A 19-PAGE MOTION TO CERTIFY QUESTIONS TO THE GEORGIA SUPREME COURT**

Defendant Publix Super Markets, Inc. requests leave to file a Motion to Certify Questions to the Georgia Supreme Court and Incorporated Memorandum of Supporting Law and, pursuant to Local Rule 7.1, also requests leave to exceed the 15-page limit for non-dispositive motions.

Publix's Motion to Certify, attached hereto as **Exhibit 1**, highlights significant, unaddressed issues of Georgia law implicated by Plaintiff's public-nuisance claim against Publix and asks that the Court certify questions to Georgia's highest court to allow that court to address these issues for the first time. Granting certification will benefit the Court and the parties in this case as well as numerous other opioid-related public-nuisance cases brought by Georgia local governments and still pending in this MDL. Publix therefore requests that the Court grant leave for Publix to file its motion and consider the motion on its merits.

Publix also asks requests up to 20 pages for its motion, up to 5 more than the standard allowance for non-dispositive motions and memoranda. The issues raised in Publix's motion are significant to the ultimate resolution of this case and warrant thorough analysis necessitating a modest increase beyond the default limit in Local Rule 7.1. This Court has consistently granted

similar requests by other parties in this MDL. (*See, e.g.*, Doc. 5274 (granting OptumRx's motion to exceed page limits by five pages); November 13, 2020 text-only order (granting NAS plaintiffs' motion to exceed page limits); October 5, 2020 text-only order (granting Defendants' motion to exceed page limits); January 7, 2020 text-only order (granting NAS plaintiffs' motion to exceed page limits); Doc. 1528 (granting Endo's motion to exceed page limits); January 23, 2019 text-only order (granting Endo's motion to exceed page limits); January 10, 2019 text-only order (granting Ohio Board of Pharmacies' motion to exceed page limits); Doc. 832 (granting pharmacies' motion for page extension); July 17, 2018 text-only order (granting Cardinal's motion to exceed page limits).) Publix asks for the same outcome here and would not oppose the Court's grant of a similar number of additional pages to Plaintiff for its response.

Publix respectfully requests that the Court grant this motion and allow it to file the attached Motion to Certify.

This 3rd day of April, 2024.

**MILLER & MARTIN PLLC**

By: */s/ Michael P. Kohler*
    Michael P. Kohler
    Georgia Bar No. 427727

1180 West Peachtree Street, N.W., Suite 2100
Atlanta, Georgia 30309-3407
Telephone: (404) 962-6403
Facsimile: (404) 962-6303
Email:  michael.kohler@millermartin.com

***Attorney for Publix Super Markets, Inc.***

## CERTIFICATE OF SERVICE

The undersigned certifies that on the below date the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

This 3rd day of April, 2024

                                **MILLER & MARTIN PLLC**

                                By: */s/ Michael P. Kohler*
                                      Michael P. Kohler
                                      Georgia Bar No. 427727