UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| THIS DOCUMENT RELATES TO: *"PBM Bellwether Cases"* | ) ) ) ) ) | Judge Dan Aaron Polster <br><br> **ORDER REGARDING PLAINTIFFS' DISCOVERY** |

On December 29, 2023, the Plaintiffs Executive Committee ("PEC") served initial discovery on the PBM Bellwether Defendants. *See* docket no. 5383-1. This discovery comprises 35 inquiries, nearly all of which included a request for production. For example, request no. 15 stated:

> Please produce all ***communications*** with ***manufacturers*** of prescription opioids related to your contractual relationships, rebates, fees, placement of prescription opioids on your formularies, suspicious order monitoring, due diligence, prescribing practices, "red flags" and/or dispensing practices related to prescription opioids.

*Id.* at 3 (emphasis in original).

On January 29, 2024, Defendant PBMs responded with a combined 485 pages of objections. In response to request no. 15, defendant OptumRx stated numerous objections, identified ten documents it had previously produced in state court litigation, and indicated it was willing to meet and confer to discuss the request further. Defendant ESI stated numerous objections, identified no documents, and also indicated it was willing to meet and confer. Based on prior MDL bellwether cases, it seems likely each PBM defendant has more than ten documents that are obviously responsive to this request.

The PEC recently filed a motion to serve additional discovery, stating that, since January 29,

2024, "numerous meet and confers have taken place yielding very little in substantive answers and/or responsive documents." Docket no. 5383 at 1. The PEC "seeks leave to serve the attached supplemental discovery" in order to "prioritize and clarify the previously served requests." *Id.* at 2.

The Court has reviewed carefully both the initial discovery at docket no. 5383-1 and the proposed supplemental discovery at 5383-2, as well as the PBMs' responses. It is clear that the proposed supplemental discovery is simply seeking more precise subsets of what the PEC originally requested. For example, the following proposed requests seek a more-targeted segment of what request no. 15 above already asked for:

> 2a. Please produce all *communications* with Purdue Pharma relating to prescription opioids.
>
> 2b. Please produce all communications with Purdue Pharma leading up to the initial placement of *OxyContin* on your national formulary and/or any changes thereto.

Docket no. 5383-2 at 2-3 (emphasis in original).

Accordingly, the Court construes the PEC's submission as a motion to compel production of certain prioritized subsets of documents responsive to its initial discovery requests. Defendant PBMs are hereby instructed to submit a response by April 9, 2019, agreeing to respond fully to the discovery requests posed in docket no. 5383-2, or explaining why they should not be ordered to do so.[1]

Finally, the Court borrows from another MDL Judge the language quoted below, and orders as follows:

---

[1] PBMs filed a notice of intent to respond to the PEC's motion by April 9, 2024. *See* docket no. 5385.

> [R]esponses to written discovery may not contain ONLY objections. Parties are free to raise all appropriate objections. But good faith substantive responses must be included, even in the first round of responses. The court expects that substantive responses will be supplemented through [the] meet and confer process, but to serve responses that contain nothing but objections is not permitted. [Further], every request for documents, after the meet and confer process is complete, must indicate (1) there are no responsive documents; (2) there are responsive documents that are not being produced based on privilege or objections; or (3) documents are provided.

*In re: Hair Relaxer Marketing, Sales Practices, & Prods. Liab. Litig.*, case no. 23-CV-818, docket no. 416 (N.D. Ill. Jan. 25, 2024).

Thus, if (for example) a PBM Defendant *really* believes the terms "manufacturers of prescription opioids" and "contractual relationships" are vague and ambiguous, it may so object; but it may not withhold documents on that basis, and must immediately undertake good faith efforts toward responsive production, and may not defer any or all production pending future meet and confers. Moreover, the duty to supplement such productions is ongoing. *See* Fed. R. Civ. P. 26(e).

Of course, these requirements apply equally to Plaintiffs.

**IT IS SO ORDERED.**

/s/ *Dan Aaron Polster*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

**DATED**: April 4, 2024