**From:** Jeff Gaddy <jgaddy@levinlaw.com>
**Sent:** Friday, April 5, 2024 11:12 AM
**To:** Springer, Brandon <Brandon.Springer@alston.com>
**Cc:** McGowan, Emily <Emily.McGowan@alston.com>; Optum Opioid Team <Optum.Opioid.Team@alston.com>; PBM <PBM@listserv.motleyrice.com>
**Subject:** Re: Geographic Scope of Claims/Rebate/Admin Fee/Mail Order Data

**EXTERNAL SENDER – Proceed with caution**

Brandon,

Thank you for reaching out, but the PEC declines your proposal and OptumRx should comply with Special Master Cohen's Order.

Jeff

> On Apr 4, 2024, at 8:00 AM, Springer, Brandon <Brandon.Springer@alston.com> wrote:
>
> **CAUTION:** This email message is **EXTERNAL.**
>
> Jeff:
>
> In exchange for OptumRx's agreeing not to object to Special Master Cohen's ruling about the geographic scope of OptumRx's data production, OptumRx is willing to offer the following:
>
> 1. Claims data for in-scope prescriptions processed by OptumRx and filled at a pharmacy in the bellwether jurisdiction and the contiguous county or counties (regardless of member zip code), and
> 2. Claims data for in-scope prescriptions processed by OptumRx for residents of each bellwether jurisdiction (based on member zip code) who filled the prescription at any pharmacy in the bellwether state.
>
> The second part of this offer fully addresses the PEC's desire to receive claims data related to prescriptions for residents of each bellwether jurisdiction who traveled elsewhere in the state to fill an in-scope prescription.
>
> We remain willing to produce home-delivery pharmacy dispensing data at the state level for Missouri, Texas, and New York.
>
> Please let us know by noon on Friday if you accept this compromise offer.
>
> Thanks,
>
> **Brandon Springer**
> ALSTON & BIRD LLP
> (704) 444-1007