# EXHIBIT 4

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*APPLIES TO ALL CASES* | Case No. 1:17-MD-2804<br><br>Hon. Dan A. Polster |

**SUPPLEMENTAL GOVERNMENT PLAINTIFF FACT SHEET**

Plaintiff (also referred to as "You" throughout) shall provide information responsive to the questions set forth below. Instructions and Definitions are provided at the end of this document. You shall provide information reasonably available to You and are not excused from providing the requested information for failure to appropriately investigate Your case. Plaintiff shall supplement its responses if it learns that they are incomplete or incorrect in any material respect.

**PLAINTIFF**:  City of Independence, Missouri

Case caption and number**:**
*City of Independence, Missouri v. Dannie E. Williams, M.D., et al*, No. 19-op-45371 (N.D. Ohio)

Contact attorney name for MDL:
John F. Garvey and Joanne Cicala

Firm:
Stranch, Jennings & Garvey, PLLC; The Cicala Law Firm PLLC

Telephone number: 314-374-6306; 512-275-6550

E-mail address: jgarvey@stranchlaw.com; joanne@cicalapllc.com

Description of the citizens and entities that You purport to represent in this lawsuit:

We represent the City of Independence, Missouri, a county with population of 116,925 according to 2019 US Census.  It recorded several opioid overdose hospitalization events between the years 2014-2018.

Claimant is a city organized under the Revised Statutes of Missouri §§46.020 – 46.040.  This county is properly vested with the authority under RSMO §192.300, to bring this claim so as to serve and protect and promote the public health and safety of the county.  This county has the authority to take such action to protect the public health, safety, and welfare of the citizens of the county.

1

## I. CLAIM INFORMATION

A.   **Injuries, Damages, and Persons with Relevant Knowledge:**

1.   To the best of Your knowledge, for each Defendant You name, identify the approximate date (i.e., month and year) when You claim You were first injured and began to incur damages as a result of the Defendant's alleged conduct. This request is not designed to require an expert evaluation and is not intended to limit any expert testimony related to the damages suffered.

     RESPONSE:  On or about 1996, when Oxycontin was released to the market there was an increase in the plaintiff's financial expenses and harm to public health and safety related to the conduct alleged in the Petition filed.

2.   Are You seeking in Your lawsuit any monetary damages based on Your payment for allegedly improper opioid prescription claims? Yes X   No __
     RESPONSE: While Plaintiff seeks monetary damages and other remedies resulting from the inappropriate and harmful prescribing, coverage, reimbursement, and dispensing of prescription opioids, Plaintiff will not seek to prove that any individual prescription was improper but, rather, that Defendants' conduct improperly increased the overall or aggregate use of opioids.

3.   Please identify each category of damages or monetary relief that You allege, including all injunctive relief that You seek.

     RESPONSE: Costs for providing medical care and other treatments, including medical examiners, to determine the cause of overdose and deaths.  The costs for public safety, including law enforcement, paramedics, health services to inmates in jail experiencing withdraw, drug task force, overtime hours, treatment including counseling and drug rehabilitation services. This is in addition to all opioid retardants i.e. Narcan provided and administered to first responders to revive those who have overdosed on opioids.  Also, because opioid addicts have higher incidence for Hepatitis there is a need for public health programs to stem the spread and for treatment of disease.  Family expenses for  costs for child welfare including costs for caring for children taken out of the care of parents and sent to the foster care system portions of which that are administered by the county, court costs for deputy juvenile officers assigned, drug courts, juvenile detention space, health care provided to juvenile delinquents including those for withdrawal while in custody, treatment provided to parents running termination of parental right plans, attorneys for parents, guardians for children, costs of parenting programs for returning children to biological parents, costs for increase in workers' compensation insurance for plaintiffs' employees, costs of work place productivity and tax revenue stemming from that decrease in productivity and costs related to premature mortality and costs in the future to attempt to abate the epidemic/nuisance, as well as other damages to be specified in discovery.  Costs of Public Administrator for Guardianship estates for those incapacitated due to opioid overdoses. This listing

does not preclude further damages being added and amended and represents a non-exclusive list of damages.

4. Have You or has anyone acting on Your behalf had any communication, oral or written, with any Defendants or their representatives, other than communications through Your attorneys? Yes__X____   No____   Don't Know_____

If yes, please identify the date(s), method(s), and nature of the communication(s).

Plaintiff, its broker, and/or third-party administrators may have had communications with Express Scripts and Medco because such Defendants were Plaintiff's pharmacy benefit manager. *See* below charts in response to B.8 and B.9.

5. Have You been involved in opioid-related civil litigation in the past?
Yes_____   No__X____   Don't Know_____

6. List / **ALL** Your Departments or Divisions and the current head of each Department/Division.

| Department | Name | Current Title |
|---|---|---|
| City Council | Rory Rowland | Mayor |
| City Council | Bridget McCandless | City Councilmember At-Large |
| City Council | Jared Fears | City Councilmember At-Large |
| City Council | John Perkins | City Councilmember – 1st District Councilmember |
| City Council | Brice Stewart | City Councilmember – 2nd District |
| City Council | Dan Hobart | Mayor Pro Tem / City Councilmember – 4th District |
| City Clerk | Becky Behrens | City Clerk |
| City Manager | Zach Walker | City Manager |
| Communications Department | Meg Lewis | Communications Manager |
| Community Development | Tom Scannell | Director |
| Finance Department | Cindy Gray | Director |
| Fire Department | Charles E. Lauss | Fire Chief |
| Health Department | Christina Heinen | Director |
| Municipal Services | Lisa Reynolds | Director / Interim Assistant City Manager |
| Parks and Recreation Tourism | Morris Heide | Director |
| Police Department | Adam Dustman | Police Chief |
| Technology Services | Jason Newkirk | Chief Information Officer |
| Municipal Court | Garry L. Helm | Presiding Judge, |
| Procurement | Jamie Rouch | Finance Operations Manager |

3

| Department | Name | Current Title |
|---|---|---|
| Medical Examiner | Lindsey Haldiman | Chief Medical Examiner |
| Power and Light | Joseph Hegendeffer | Director |

7. Identify by name, title, and dates of employment Your current employees or representatives with knowledge regarding the abuse, use, misuse, addiction to, and/or diversion of Prescription Opioids, or the possession, abuse, illegal sale, or addiction to other opioids by Your residents.

| Name | Current Title | Dates of Employment |
|---|---|---|
| Rory Rowland | Mayor, City Council | 2022- Present |
| Bridget McCandless | City Councilmember At-Large, City Council | 2022-Present |
| Jared Fears | City Councilmember At-Large, City Council | 2022-Present |
| Brice Stewart | City Councilmember – 2nd District, City Council | 2020-Present |
| Dan Hobart | Mayor Pro Tem / City Councilmember – 4th District, City Council | 2020-Present |
| Becky Behrens | City Clerk, City Clerk's Office | Ended employment 2023 |
| Zach Walker | City Manager, City Manager's Office | 2016-Present |
| Meg Lewis | Communications Manager, Communications Department | 2021-Present |
| Tom Scannell | Director, Community Development | 2013-Present |
| Cindy Gray | Director, Finance Department | 2019-Present |
| Charles E. Lauss | Fire Chief, Fire Department | 2023-Present |
| Christina Heinen | Director, Health Department | 2018-Present |
| Lisa Reynolds | Municipal Services Director, Municipal Services | 2015-Present |
| Adam Dustman | Police Chief, Police Department | 2008-Present |

8. Identify the person(s) who held the following position(s) or their equivalent, since January 1, 2008:

| Name | Title | Dates of Employment |
|---|---|---|
| Don B. Reimal | Mayor | 2006- 2014 |
| Eileen Weir | Mayor | 2014-2022 |
| Rory Rowland | Mayor | 2022-Present |

4

| Dan Hobart | Mayor Pro Tem 4th District Councilmember | 2020-Present |
|---|---|---|
| James Page | 4th District Councilmember | 2008-2012 |
| Eileen Weir | 4th District Councilmember | 2012-2013 |
| Tom Van Camp | 4th District Councilmember | 2016-2020 |
| Bridget McCandless | At-Large Councilmember | 2022-Present |
| Vacant | At-Large Councilmember | 2021 |
| Jared Fears | At-Large Councilmember | 2021-Present |
| Mike Huff | At-Large Councilmember | 2018-2022 |
| Karen DeLuccie | At-Large Councilmember | 2014-2022 |
| Chris Whiting | At-Large Councilmember | 2012-2018 |
| Jim Schultz | At-Large Councilmember | 2007-2013 |
| Lucy Young | At-Large Councilmember | 2007-2011 |
| John Perkins | 1st District Councilmember | 2016-Present |
| Marcie Gragg | 1st District Councilmember | 2008-2016 |
| Brice Stewart | 2nd District Councilmember | 2020-Present |
| Willard Swoffer | 2nd District Councilmember | 2008-2011 |
| James Engelman | 2nd District Councilmember | 2011-2012 |
| Curt Dougherty | 2nd District Councilmember | 2012-2020 |
| Myron Paris | 3rd District Councilmember | 2008-2013 |
| Roxann Thorley | 3rd District Councilmember | 2013-2016 |
| Scott Roberson | 3rd District Councilmember | 2014-2019 |
| Mike Steinmeyer | 3rd District Councilmember | 2020-2023 |
| Vacant | 3rd District Councilmember | Present |
| Tom Dailey | Chief of Police | 2008-2016 |
| Ken Jarnagin | Interim Chief of Police | 2021-2022 |
| Brad Halsey | Chief of Police | 2016-2021 |
| Adam Dustman | Chief of Police | 2022-Present |
| Cindy Grey | Finance and Administration Director | 2021-Present |

| Bryan Kidney | Finance and Administration Director | 2017-2021 |
| Brian C. Watson | Finance and Administration Director | 2014-2017 |
| Sandra Scheiss | Fire Chief | 2005-2014 |
| Doug Short | Fire Chief | 2018-2023 |
| Joseph Luna | Fire Chief | 2023-Present |
| The Chief of Police oversees the Administrative and Support Services Division which is where the Department's Communications Unit provides 24-hour coverage for enhanced 9-1-1. | Director of Emergency Services 911 | |

9. Identify Your annual budget and the actual expenditure You made since January 1, 2008 with respect to each category of damages You claim, as to the following:
   a. Law enforcement expenditures
   b. Court expenditures
   c. Prison/corrections/incarceration expenditures
   d. Public health expenditures
   e. Child/family services
   f. Workers compensation
   g. Health insurance

   Below are bates numbered documents which contain such information:

   | Begin Bates |
   |---|
   | INDMO0003008 |
   | INDMO0003492 |
   | INDMO0003979 |
   | INDMO0004450 |
   | INDMO0004904 |
   | INDMO0005250 |
   | INDMO0005456 |
   | INDMO0005663 |
   | INDMO0005942 |
   | INDMO0006248 |
   | INDMO0006418 |
   | INDMO0006596 |

6

| |
|---|
| INDMO0006774 |
| INDMO0006954 |
| INDMO0007134 |
| INDMO0007312 |
| INDMO0007498 |
| INDMO0007690 |
| INDMO0007883 |
| INDMO0008131 |
| INDMO0008621 |
| INDMO0009121 |
| INDMO0009595 |
| INDMO0010095 |
| INDMO0010596 |
| INDMO0011084 |
| INDMO0011584 |

10. Identify any specific grant, donation, or other funding designated for or allocated to addressing issues related to Prescription Opioids.

Below are bates numbered documents which contain such information:

| Begin Bates |
|---|
| INDMO0003008 |
| INDMO0003492 |
| INDMO0003979 |
| INDMO0004450 |
| INDMO0004904 |
| INDMO0005250 |
| INDMO0005456 |
| INDMO0005663 |
| INDMO0005942 |
| INDMO0006248 |
| INDMO0006418 |
| INDMO0006596 |
| INDMO0006774 |
| INDMO0006954 |
| INDMO0007134 |
| INDMO0007312 |
| INDMO0007498 |
| INDMO0007690 |
| INDMO0007883 |

7

| |
|---|
| INDMO0008131 |
| INDMO0008621 |
| INDMO0009121 |
| INDMO0009595 |
| INDMO0010095 |
| INDMO0010596 |
| INDMO0011084 |
| INDMO0011584 |

**B.     Claim-Specific Information**

1. Identify each physician or other healthcare provider within Your boundaries who, based on information reasonably available to You, has been the target of a law enforcement or administrative investigation You conducted concerning the physician's or provider's prescribing or dispensing Prescription Opioids since January 1, 2008 (this request is only intended to pertain to closed investigations). See also Section II, question 3.

   Plaintiff is currently unaware of any performed specifically by Plaintiff.

2. Do You identify, track, or otherwise have in Your possession, custody, or control, information concerning physicians or other healthcare providers who wrote Medically Unnecessary Opioid prescriptions in Your geographical boundaries? Yes_____   No__X___

3. Do You identify, track, or otherwise have in Your possession, custody, or control, information concerning whether a Pharmacy receives Prescription Opioids as a result of a Suspicious Order? Yes_____   No__X

4. Identify each Pharmacy within Your boundaries, based on information reasonably available to You, that has been the target of a law enforcement or administrative investigation You conducted concerning the Pharmacy's dispensing of Prescription Opioids since January 1, 2008 (this request is only intended to pertain to closed investigations). See also Section II, question 3.

   Plaintiff is currently unaware of any performed specifically by Plaintiff.

5. Do You identify, track, or otherwise have in Your possession, custody, or control, information concerning whether a Pharmacy filled suspicious orders for Opioids into Your geographic area since January 1, 2008? Yes_____ No__X___

8

6. Based on information reasonably available to You: (a) provide the number of overdose deaths of Your residents since January 1, 2008 on a year-by-year basis; and (b) for each such death, identify the drug(s) on which Your resident overdosed. Deaths:

Jackson County, Missouri, Opioid Deaths from 2017-2022:[1]

| Year | Opioid Overdose Deaths |
|---|---|
| 2017 | 56 |
| 2018 | 65 |
| 2019 | 61 |
| 2020 | 84 |
| 2021 | 124 |
| 2022 | 182 |

Additionally, there were 188 additional opioid overdose deaths in Jackson County from 2014-2016.[2]

7. Did You ever notify any State or Federal agency (e.g., Board of Pharmacy, Department of Medicaid, Department of Public Safety, Drug Enforcement Agency, etc.) of suspected wrongful conduct related to Prescription Opioids since January 1, 2008? If yes, please identify the date of the notification, the subject of the conduct, and the general nature of the suspected wrongdoing.

Plaintiff is currently unaware of any performed specifically by Plaintiff.

8. Identify every medical insurance plan or carrier, behavioral health carriers, or workers' compensation program used for any of Your employees since January 1, 2008. For each response, please provide the following information:

**Health Plan:**

| PBM | TPA | Dates |
|---|---|---|
| Medco (PPO) Coventry (HMO) | FMH Benefit Solutions (PPO) Coventry Health Care of Kansas (HMO) | 2006 |
| Medco | FMH Benefit Solutions (PPO) Coventry Health Care of Kansas (HMO) | 2007-2010 |
| Medco | Cigna | 2010-2013 |
| Express Scripts | Cigna | 2014-Present |

---

[1] https://health.mo.gov/data/opioids/index.php
[2] https://health.mo.gov/data/opioids/mortality-map.php

9

**Workers' Compensation:**

| PBM | TPA | Dates |
|---|---|---|
| None | Cannon Cochran Management, Inc. | 2005-2007 |
| Express Scripts | Cannon Cochran Management, Inc. | 2008-2018 |
| | Thomas McGee Group | 2020 |
| CompPBM | | 2023 |

9. Identify every Pharmacy Benefit Manager and other third-party administrator You used since <u>January 1, 2006</u>. For each response, please provide the following information:

**Health Plan:**

| PBM | TPA | Dates |
|---|---|---|
| Medco (PPO) Coventry (HMO) | FMH Benefit Solutions (PPO) Coventry Health Care of Kansas (HMO) | 2006 |
| Medco | FMH Benefit Solutions (PPO) Coventry Health Care of Kansas (HMO) | 2007-2010 |
| Medco | Cigna | 2010-2013 |
| Express Scripts | Cigna | 2014-Present |

**Workers' Compensation:**

| PBM | TPA | Dates |
|---|---|---|
| None | Cannon Cochran Management, Inc. | 2005-2007 |
| Express Scripts | Cannon Cochran Management, Inc. | 2008-2018 |
| | Thomas McGee Group | 2020 |
| CompPBM | | 2023 |

C. **Opioid-Related Services and Programs:**

For the following questions, please provide information since January 1, 2008.

1. Have You formed or participated in an Opioid Task Force or other program or group to address opioid use or diversion? If yes, provide the name, members, and dates.

10

> Alternative Response for Community Health Program (ARCH) addresses the needs of persons with substance use and mental health conditions who are involved in or are at risk of becoming involved in the criminal justice system. The program started in 2023. Additionally, the Independence City Police Force has participated in the Jackson County Drug Task Force since 2008.

2. Have You had a prescription disposal program? If yes, provide the name and dates.

> The Independence Police Department has operated yearly drug take back events. For example, in 2019 the IPD's drug take back event resulted in the proper disposal of 513 pounds of unused prescription medications.

3. Have You operated any addiction treatment programs related to Prescription Opioids? If yes, provide the name and dates.

> The ARCH program, mentioned above, specifically addresses the needs of substance abuse and mental health patients throughout the city.

4. Have You provided any drug abuse prevention or education programs related to Prescription Opioids? If yes, provide the name and dates.

- Actions by law enforcement, the court system, and public safety
- August 19, 2023 the City on International Overdose Day did a public outreach program that included handing out free Narcan across the city.
- Bill 16-122 Ordinance 18680
- Beyond DARE program done by Independence Police Department to do drug use prevention education to over 8,000 students in 2023.
- The Controlled Substances Act and Missouri law
- Actions by emergency responders
- Actions by public health and community development programs
- Actions by medical services and hospitals
- Actions by social service programs
- Education programs; community outreach programs; equipment and supplies; victim services supports; drug abuse prevention programs in schools; inmate services including housing, health and support staff; intervention programs.

## II. **DOCUMENTS**

Please produce the following documents for the period of January 1, 2008 to present, to the extent that these documents are in Your possession, custody, or control.

1. Documents you maintain that refer or relate to the volume of Prescription Opioids prescribed, dispensed, sold, distributed, diverted, or used in Your geographical boundaries.

Plaintiff identifies the following bates stamped documents:

| Begin Bates |
| --- |
| INDMO0000001 |
| INDMO0000007 |
| INDMO0000013 |
| INDMO0000019 |
| INDMO0000025 |
| INDMO0000028 |
| INDMO0000031 |
| INDMO0000034 |
| INDMO0000038 |
| INDMO0000041 |
| INDMO0000044 |
| INDMO0000047 |
| INDMO0000050 |
| INDMO0000053 |
| INDMO0000056 |
| INDMO0000059 |
| INDMO0000062 |
| INDMO0000065 |
| INDMO0000068 |
| INDMO0000071 |
| INDMO0000074 |
| INDMO0000078 |
| INDMO0000082 |
| INDMO0000088 |
| INDMO0000098 |
| INDMO0000100 |
| INDMO0000104 |
| INDMO0000108 |
| INDMO0000112 |
| INDMO0000116 |
| INDMO0000120 |
| INDMO0000124 |
| INDMO0000128 |
| INDMO0000132 |
| INDMO0000246 |
| INDMO0000247 |
| INDMO0000248 |

| |
|---|
| INDMO0000250 |
| INDMO0000252 |
| INDMO0000254 |
| INDMO0000256 |
| INDMO0000258 |
| INDMO0000260 |
| INDMO0000262 |
| INDMO0000263 |
| INDMO0000264 |
| INDMO0000265 |
| INDMO0000267 |
| INDMO0000269 |
| INDMO0000271 |
| INDMO0000273 |
| INDMO0000274 |
| INDMO0000275 |
| INDMO0000277 |
| INDMO0000279 |
| INDMO0000280 |
| INDMO0000283 |
| INDMO0000343 |
| INDMO0000348 |
| INDMO0000349 |
| INDMO0000350 |
| INDMO0000353 |
| INDMO0000356 |
| INDMO0000416 |
| INDMO0000420 |
| INDMO0000427 |
| INDMO0000429 |
| INDMO0000433 |
| INDMO0000434 |
| INDMO0000437 |
| INDMO0000506 |
| INDMO0000575 |
| INDMO0000644 |
| INDMO0000713 |
| INDMO0000714 |
| INDMO0000716 |
| INDMO0000717 |

| |
|---|
| INDMO0000718 |
| INDMO0000719 |
| INDMO0000720 |
| INDMO0000722 |
| INDMO0000723 |
| INDMO0000725 |
| INDMO0000727 |
| INDMO0000729 |
| INDMO0000731 |
| INDMO0000733 |
| INDMO0000738 |
| INDMO0000741 |
| INDMO0000744 |
| INDMO0000885 |
| INDMO0001024 |
| INDMO0001164 |
| INDMO0001304 |
| INDMO0001443 |
| INDMO0001583 |
| INDMO0001723 |
| INDMO0001863 |
| INDMO0002003 |
| INDMO0002143 |
| INDMO0002283 |
| INDMO0002415 |
| INDMO0002544 |
| INDMO0002682 |
| INDMO0002790 |
| INDMO0002807 |
| INDMO0002811 |
| INDMO0002815 |
| INDMO0002819 |
| INDMO0002823 |
| INDMO0002827 |
| INDMO0002831 |
| INDMO0002835 |
| INDMO0002839 |
| INDMO0002843 |
| INDMO0002847 |
| INDMO0002851 |

| |
|---|
| INDMO0002855 |
| INDMO0002859 |
| INDMO0002863 |
| INDMO0002864 |
| INDMO0002960 |
| INDMO0002966 |
| INDMO0002972 |
| INDMO0002978 |
| INDMO0002984 |
| INDMO0002990 |
| INDMO0002996 |
| INDMO0003002 |

2. Meeting agendas for any City Council, County Commission, County Health Board/Commission, or their equivalent that reference Prescription Opioids, the misuse of opioids, or related topics.

   The City of Independence City Council maintains City Council Agendas and related meeting documents publicly back to August 2007 on the following website: https://independence.novusagenda.com/agendapublic/

3. To the extent that You identified any physician, healthcare provider, or Pharmacy in response to questions I.B.1 and I.B.4 above, please provide that investigation file for those physicians, healthcare providers, or Pharmacies.

## III. **CERTIFICATION**

I declare under penalty of perjury that all of the information provided in this Plaintiff's Fact Sheet is complete, true, and correct to the best of my knowledge and information, and that I have provided all of the requested documents that are reasonably accessible to me and/or my attorneys, to the best of my knowledge.

| /s/Joanne Cicala | Joanne Cicala | 03/20/2024 |
|---|---|---|
| Signature | Print Name | Date |

## INSTRUCTIONS

1. The Fact Sheet shall be completed in accordance with the requirements and guidelines set forth in the applicable implementing Order.

2. Each Plaintiff must complete this separate form by electronically inserting the responsive information. The electronic version of this Fact Sheet can expand to accommodate as much information as is necessary to fully answer any of these questions. If you are completing this document in a representative capacity, please answer the questions provided herein on behalf of the Plaintiff you represent.

3. All the responses in this Fact Sheet or an amendment thereto are binding upon Plaintiffs as if they were contained in answers to interrogatories. Any responses, however, are without prejudice to future supplementation.

4. In completing this Fact Sheet, you are under oath and must provide information that is true and correct. You must answer every question as specifically as possible. If you cannot recall or locate the details requested, please provide as much information as you can after making a good-faith inquiry and search. For example, if a question asks for a date and the exact date is not known or capable of being ascertained, an approximate date should be provided (e.g., "approximately mid-2001"). You may and should consult records in your possession that contain responsive information to assist you in responding.

5. You must promptly supplement your responses if you learn that they are incomplete or incorrect in any material respect. Each question in this Fact Sheet is continuing in nature and requires supplemental answers if you obtain further information between the time of answering and the trial.

6. Each question in this Fact Sheet should be construed independently, unless otherwise noted. No question should be construed by reference to any other question if the result is a limitation of the scope of the answer to such question.

7. The questions herein do not seek the discovery of information protected by the attorney-client privilege.

8. The words "and" and "or" should be construed as necessary to bring within the scope of the request all responses and information that might otherwise be construed to be outside its scope.

## DEFINITIONS

1. "Pharmacy Benefit Manager(s)" means the person or agency that manages Plaintiff's pharmacy network management, drug utilization review, and disease management programs for Plaintiff or on Plaintiff's behalf.

16

2. "Prescription Opioids" refers to FDA-approved pain-reducing medications consisting of natural, synthetic, or semisynthetic chemicals that bind to opioid receptors in a patient's brain or body to produce an analgesic effect, including, but not limited to, the Prescription Opioids referenced in the Complaint for the wholesale distribution of which You seek to hold Defendants liable.

3. "Medically Unnecessary Opioid" refers to (i) FDA-approved pain-reducing medications consisting of natural or synthetic chemicals that bind to opioid receptors in a patient's brain or body to produce an analgesic effect that (ii) were not prescribed or used for a medically appropriate indication, dosage, or method of administration.

4. "You" and "Your" means each individual Plaintiff named in this action, including, its departments, divisions, agents, and/or employees.

5. "Pharmacy" means a pharmacy located within Plaintiff's geographical boundaries.

7. "Suspicious Order" means any order of Prescription Opioids placed by any source that Plaintiff contends should have been reported to the DEA or State authorities, including the Board of Pharmacy or equivalent. Suspicious Orders are not limited to those placed with the Distributor Defendants, but include those placed with any entity that has a regulatory reporting obligation.

8. "Opioid Task Force" means any group organized for the purpose of studying, evaluating, reporting about, investigating, making recommendations concerning, or otherwise considering the existence, origins, causes, responsible entities, effects, remedies, corrective measures for, or ways of combating the abuse, misuse, or addiction to opioids in Your geographical boundaries.