UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>This document relates to:<br><br>*City of Rochester v. Purdue Pharma L.P.*, No. 19-op-45853 (Track 12)<br><br>*Lincoln County v. Richard S. Sackler, M.D.*, No. 20-op-45069 (Track 13)<br><br>*City of Independence, Missouri v. Williams*, No. 19-op-45371 (Track 14)<br><br>*County of Webb, Texas v. Purdue Pharma, L.P.*, No. 18-op-45175 (Track 15) | **MDL No. 2804**<br><br>**Case No. 17-md-2804**<br><br>**Judge Dan Aaron Polster** |

**PLAINTIFFS' RESPONSE TO
PBM DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
TO SERVE ADDITIONAL DISCOVERY (ECF 5397)**

The Court ordered (ECF 5387) the PBM defendants to respond fully to the discovery requests (ECF 5383-2) or explain why they should not be ordered to do so. PBM defendants did neither. (ECF 5397). Instead, PBM defendants reverted to its baseline discovery strategy: (a) limit the world of documents to those produced in the *Jefferson County* litigation pending in a Missouri state court; and (b) object to everything else.

*First*, PBM defendants claim its document production in the *Jefferson County* litigation satisfies its obligations to produce documents in MDL2804. The *Jefferson County* litigation is still in the discovery process. It has a different geographic scope. It has a different temporal limitation. More than half of the documents produced in *Jefferson County* litigation are redacted

or simply blank slip-sheets. The *Jefferson County* record is insufficient to meet the needs of MDL2804. Nonetheless, PBM defendants refuse to engage in MDL2804 discovery. For instance, OptumRx has disclosed 57 unique documents in MDL2804 (as of the date of this filing); all of which are organizational charts. PBM defendants have filed more pages of objections than documents produced in MDL2804.

*Second*, PBM Defendants have neither withdrawn, explained nor justified its boilerplate and repetitive objections to the PEC discovery. Rather, it doubles down by arguing the "objections do not appear to have been filed on the docket or otherwise submitted to the Court." ECF 5397, fn.1. The *non sequitur* comment omits reference to: (a) the avalanche of discovery disputes presented to the Special Master related to the discovery responses; and (b) the PEC email dated February 9, 2024 (attached as Exhibit 1), sending the objections to the Special Master. This Court has full access to the entire underlying discovery dispute proceedings. See also *Appointment Order* (ECF 69) ("The Special Masters may communicate *ex parte* with the Court at their discretion, without providing notice to the parties regarding logistics, the nature of their activities, management of the litigation, and other appropriate procedural matters, and also to assist the Court with legal analysis of the parties' submissions.").

*Third*, PBM defendants argue all four bellwether plaintiffs have already met or exceeded the limits for RFPs set forth in the CMO. This argument belies another defensive strategy: object to a discovery request but then claim the objectionable request counts against a set limit. The PEC requests the Court shut down this argument in its infancy. The CMO allows for "initial document discovery" and expressly notes the "[p]arties may seek to propound additional requests for production and interrogatories after the Court rules on Plaintiffs' motion for leave to amend their complaints." ECF 5282, ¶F.1. The PEC intends to return to the Court, as many times as needed,

2

to create an adequate record for MDL2804. It should be noted that the PBM CMO instructs the PEC to serve discovery "collectively" but the PBM defendants continue to respond <u>separately</u> on behalf of each of its named entities. This defensive tactic attempts to spread the allotment of discovery requests across different corporate entities operating under the same holding company.

*Fourth*, PBM defendants argue they are "in the midst of good faith negotiations with the PEC over search terms and custodians to identify and produce responsive documents" and have "engaged in these good faith negotiations to select custodians and develop search terms designed to identify additional documents responsive to their requests." PBM defendants restate, at least six times, that it is engaged in good faith negotiations regarding search terms for custodial files. This Court has repeatedly reminded the parties, both plaintiffs and defendants, that custodial file production does not <u>replace</u> the obligation to respond fully to written discovery. The production of custodial files is a layer of discovery, not a replacement of Rules 33 and 34.

*Finally*, the PEC has navigated through this process with the manufacturers, distributors, and dispensers of prescription opioids. This Court has addressed discovery intransigence before (ECF 1147) and sanctioned both Plaintiffs and Defendants on occasion. The PBMs are currently in the same posture. This Court has been entrusted with the authority of the entire federal judiciary and given the mandate to conduct consolidated discovery to prepare a record for remand and trial. The PEC requests the Court respond accordingly by requiring that the PBM defendants answer discovery as set forth in the Civil Rules and prior court orders.

Dated: April 15, 2024                           Respectfully submitted,

                                              Jayne Conroy
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
jconroy@simmonsfirm.com

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
FARRELL & FULLER LLC
1311 Ponce de Leone Ave., Suite 202
San Juan, PR  00907
(304)654-8281
paul@farrellfuller.com

*Plaintiffs' Co-Lead Counsel*

*/s/Peter H. Weinberger*
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY &LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

## CERTIFICATE OF SERVICE

    I hereby certify that on April 15, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

                                              */s/Peter H. Weinberger*
                                              Peter H. Weinberger