UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION ) ) ) THIS DOCUMENT RELATES TO: ) ) *PBM Bellwether Cases* ) ) ) ) ) ) ) | MDL 2804 Case No. 1:17-md-2804 Judge Dan Aaron Polster **<u>ORDER REGARDING PBM DEFENDANTS' OBJECTION TO DISCOVERY ORDER RE: TEMPORAL SCOPE</u>** |

On April 8, 2024, PBM Defendants Express Scripts and OptumRx, Inc. filed an objection to Special Master Cohen's discovery order on the temporal scope of PBM data to be produced. Docket no. 5394. The PBM Defendants contend the Court should limit the period of discovery to begin from January 1, 2006, rather than January 1, 1996 as ordered by Special Master Cohen. Plaintiffs filed an opposition to the PBM Defendants' objections on April 15, 2024. Docket no. 5400. Plaintiffs have provided information documented by discovery obtained from other defendants showing early involvement of the PBM Defendants in the opioid crisis. The Court has reviewed the parties' briefs and Special Master Cohen's order. Because the temporal scope of discovery required by Special Master Cohen's ruling (beginning January 1, 1996) is reasonably likely to lead to admissible evidence, the value of which substantially outweighs any increased burden on the PBM Defendants, the Court overrules the PBM Defendants' objection and affirms Special Master Cohen's order as to temporal scope.

Federal Rule of Civil Procedure 26(b) sets forth a broad scope of discovery. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense

and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." District courts, however, have discretion to limit the scope of discovery when the information sought is overly broad or unduly burdensome or when the discovery is not proportional to the needs of the case. Fed. R. Civ. P. 26(b)(2). Here, Special Master Cohen declined to limit the temporal scope of the Plaintiffs' discovery requests because Plaintiffs provided information tending to show that the PBM Defendants are likely to have relevant information dating back to January 1, 1996.

As stated in this Court's contemporaneous order on the issue of geographical scope, much work has already been expended on arriving at the proper scope for the parties' discovery. The parties submitted written submissions and presented oral arguments to Special Master Cohen who issued a ruling. The PBM Defendants complain that Special Master Cohen's temporal scope—from January 1, 1996—represents a broader range of discovery than the temporal scope imposed on other defendants in the MDL. This may be true, but not without good reason. Plaintiffs have submitted documentation tending to show that the PBM Defendants had information relevant to the very early stages of the opioid crisis. If they are correct, this information is extremely important to Plaintiffs' case. The potential burden on the PBM Defendants to produce such information does not outweigh its significance, and it should be produced.

Accordingly, the Court finds that the temporal scope determined by Special Master Cohen is appropriate and the PBM Defendants' objection (docket no. 5394) is **OVERRULED**.

**IT IS SO ORDERED.**

 /s/ Dan Aaron Polster  April 19, 2024
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**