# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | MDL 2804 |
| THIS DOCUMENT RELATES TO: | ) ) ) | Case No. 1:17-md-2804 |
| *PBM Bellwether Cases* | ) ) ) ) ) ) ) ) | Judge Dan Aaron Polster  <br><br>**ORDER REGARDING PBM DEFENDANTS' OBJECTION TO DISCOVERY ORDER RE: GEOGRAPHIC SCOPE** |

On April 8, 2024, PBM Defendants Express Scripts and OptumRx, Inc. filed an objection to Special Master Cohen's discovery order on the geographic scope of PBM data to be produced. Docket no. 5395.  The PBM Defendants contend the Court should limit the scope of discovery to the bellwether jurisdictions and their contiguous in-state counties, rather than the state-wide discovery scope ordered by Special Master Cohen.  Plaintiffs filed an opposition to the PBM Defendants' objections on April 17, 2024.  Docket no. 5402.  Plaintiffs argue that Defendants have failed to demonstrate that state-wide data will create an undue burden disproportionate to the need and relevancy of the requested discovery.  The Court has reviewed the parties' briefs and Special Master Cohen's order.  Because the state-wide discovery required by Special Master Cohen's ruling is reasonably likely to lead to admissible evidence and the potential value of this information outweighs the increased burden (if any) on the PBM Defendants, the Court overrules the PBM Defendants' objection and affirms Special Master Cohen's order as to geographic scope.

Federal Rule of Civil Procedure 26(b) sets forth a broad scope of discovery.  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense

and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." District courts, however, have discretion to limit the scope of discovery when the information sought is overly broad or unduly burdensome or when the discovery is not proportional to the needs of the case. Fed. R. Civ. P. 26(b)(2). Special Master Cohen has exercised this discretion by limiting the geographical scope of discovery to the states in which bellwether trials are to be scheduled.

Here, as indicated in the parties' briefs, much work has already been expended on arriving at the proper geographic scope for the parties' discovery. The parties submitted written submissions and presented oral arguments to Special Master Cohen. The PBM Defendants continue to disagree with Special Master Cohen's ruling, but they have not demonstrated that the alleged burden of producing state-wide discovery outweighs its likely benefit. Moreover, Plaintiffs have cited public statements made by Defendant OptumRx touting its ability to quickly compile pharmacy and medical data. The Court finds it unlikely that the compilation of data for state-wide regions, rather than the jurisdictional scope proposed by Defendants, will significantly increase the burden on the PBM Defendants. State-wide discovery is also consistent with this Court's prior discovery rulings and the Sixth Circuit's guidance.[1]

---

[1] *See* DR-2 at 3–4 (setting a seven-state geographic scope) (docket no. 693); DR-3 at 3–4 (narrowing the geographic scope), *objections overruled* (docket no. 868); Order Re: Scope of CT1-B at 2 (requiring national data production) (docket no. 2976), *upheld on reconsideration* (docket no. 3055); *In re CVS*, 20-3075, Doc. #: 42 at 4 (6th Cir. Feb. 12, 2020) (declining to stay production of state-wide data) ("The burden imposed by producing [state-wide] data is not so onerous as to justify a stay.") (docket no. 3171).

Accordingly, the Court finds that the geographical scope determined by Special Master Cohen is appropriate and the PBM Defendants' objection ([docket no. 5395](#)) is **OVERRULED**.

**IT IS SO ORDERED.**

<u>  /s/ Dan Aaron Polster  April 19, 2024  </u>
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**