**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br>*This document relates to:*<br>All Cases | MDL 2804<br>Case No. 17-md-2804<br>Hon. Dan Aaron Polster |

### MOTION TO LIFT MORATORIUM ON SUBSTANTIVE FILINGS TO PERMIT PLAINTIFFS TO FILE MOTIONS FOR LEAVE TO AMEND TO ADD DEFENDANTS

Pursuant to Case Management Order One ("CMO1"), the Plaintiffs' Executive Committee ("PEC") respectfully seeks to lift the moratorium on substantive filings entered in this MDL in order to permit plaintiffs to file motions for leave to amend to name additional defendants. This motion should be granted because with the moratorium in place, plaintiffs are precluded from demonstrating to this Court that they have good cause to amend their complaints now. The inability to make this showing is highly prejudicial to plaintiffs, especially because the Judicial Panel on Multidistrict Litigation ("JPML") has ceased transferring new actions to this MDL. As a result, any plaintiff that files a *new* action against defendants not named in their MDL complaint will have to litigate their case in two separate courts, with some defendants named here and others in a separate action elsewhere. Plaintiffs should be given the opportunity to show the Court that they can meet the standards of Rules 15 and 16 for leave to amend to add the new defendants to their existing actions.

Plaintiffs are currently precluded from seeking to leave to amend by CMO1, entered by this Court on April 11, 2018. In relevant part, CMO1 provided: (1) plaintiffs in cases other than those selected as bellwethers would have until May 25, 2018 to amend their complaints, after which date subsequent amendments would require leave of Court or stipulation of the parties;

(2) plaintiffs in cases transferred to the MDL after the date of CMO1 could amend their pleadings within 60 days of transfer; and (3) no party could file any motion not expressly authorized by CMO1 absent further Order of this Court or express agreement of the parties.  The May 2018 deadline in CMO1 was subsequently extended to November 16, 2018.  Doc. No. 739.  The moratorium on filings continues to this day.  Also relevant here, in April 2022, the JPML denied a motion to transfer to this MDL two tag-along actions, and stated that, because of the maturity of this litigation, it would cease transferring new actions to this MDL.  No new transfers have occurred since then.  However, some governmental entities with lawsuits pending in the MDL have filed new lawsuits against Prescription Benefit Manager (PBM) defendants, either in federal courts around the country or in state courts.  These cases are proceeding separately from this MDL.  The PEC is aware of at least sixty-three (63) such cases, but many other plaintiffs would add additional defendants, including PBMs, other pending bellwether defendants, or Tier 2/Tier 3 defendants to their existing cases if they were granted leave to do so.[1]

Federal Rule of Civil Procedure 15(a) governs a plaintiff's ability to amend the complaint.  The granting or denial of a motion to amend pursuant to Rule 15(a) is within the discretion of the trial court.  Leave to amend a complaint should be liberally granted, *Foman v. Davis*, 371 U.S. 178 (1962), and a Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure

---

[1] The PEC notes that several defendants have expressed reticence to reach broader settlements because only limited numbers of cases are pending against them in the MDL.  While the PEC has demonstrated that a large percentage of plaintiffs would seek to add these defendants if permitted, Defendants apparently have not been willing to consider that in their approach to resolution.  As a result, Plaintiffs must assert those claims.  If forced to proceed outside the MDL, the very purpose of the MDL will be usurped as multiple jurisdictions will be called upon to address the many issues already resolved by this Court, threatening conflicting rulings from jurists across the country.

deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005).  A plaintiff's time to add additional parties is also governed by Rule 16(b), which requires that the Court limit the time to join other parties, and further provides that the time, once set, "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b); *see also In re National Prescription Opiate Litigation*, 956 F.3d 838, 845 (2020).

The PEC understands that Rules 15 and 16 require plaintiffs to demonstrate a basis for this Court to grant leave to amend.  The PEC also believes that many plaintiffs can meet the requirements of Rule 15 and 16, as interpreted by the Sixth Circuit.  *See In re National Prescription Opiate Litigation*, 956 F.3d at 843-44; *see also In re Nat'l Prescription Opiate Litig.*, No. 21-4051, 2022 WL 20701236, at *1 (6th Cir. Nov. 10, 2022).  However, with the moratorium in place, these plaintiffs are precluded from showing this Court that they can meet these standards.  The PEC respectfully requests that this Court lift the moratorium solely with respect to motions for leave to amend to add new defendants, and set a reasonable deadline for plaintiffs to make their motions.

| | |
|---|---|
| Dated: April 22, 2024 | Respectfully submitted, |
| | Jayne Conroy<br>SIMMONS HANLY CONROY<br>112 Madison Avenue, 7th Floor<br>New York, NY 10016<br>(212) 784-6400<br>jconroy@simmonsfirm.com |
| | Joseph F. Rice<br>MOTLEY RICE LLC<br>28 Bridgeside Blvd.<br>Mt. Pleasant, SC 29464<br>(843) 216-9000<br>(843) 216-9290 (Fax)<br>jrice@motleyrice.com |

        Paul T. Farrell, Jr., Esq.
        FARRELL & FULLER LLC
        270 Munoz Rivera Avenue, Suite 201
        San Juan, PR  00918
        (304) 654-8281
        paul@farrellfuller.com

        *Plaintiffs' Co-Lead Counsel*


        */s/Peter H. Weinberger*
        Peter H. Weinberger (0022076)
        SPANGENBERG SHIBLEY &LIBER
        1001 Lakeside Avenue East, Suite 1700
        Cleveland, OH 44114
        (216) 696-3232
        (216) 696-3924 (Fax)
        pweinberger@spanglaw.com

        *Plaintiffs' Liaison Counsel*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on April 22, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

        */s/Peter H. Weinberger*
        Peter H. Weinberger