# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION <br><br> THIS DOCUMENT RELATES TO: <br><br> *PBM Bellwether Cases* | MDL 2804 <br><br> Case No. 1:17-md-2804 <br><br> Judge Dan Aaron Polster <br><br> <u>**ORDER GRANTING PLAINTIFFS' REQUEST FOR ADDITIONAL DISCOVERY**</u> |

On April 2, 2024, the PBM Bellwether Plaintiffs moved for leave to serve additional discovery on PBM Defendants. Docket no. 5383. On April 4, 2024, the Court: (1) "construe[d] the PEC's submission as a motion to compel production of certain prioritized subsets of documents responsive to its initial discovery requests;" and (2) ordered the PBM Defendants to either agree to respond fully to Plaintiffs' additional requests or explain why they should not be ordered to do so. Docket no. 5387 at 2.

On April 9, 2024, the PBM Defendants responded with four points. First, the PBM Defendants insist they "have responded to the PEC's initial set of document requests." Docket no. 5397 at 2. Second, "It would be unduly burdensome and a waste of resources to require the PBM Defendants to prepare new written responses and objections to these duplicative requests." *Id.* at 2–3. Third, "some of the supplemental discovery requests in Exhibit 2 to the PEC's motion are brand new." *Id.* And fourth, if the Court permits the PEC to serve additional discovery, it should

direct them to do so in a specific and more formalistic manner.[1] *Id.* On April 15, 2024, Plaintiffs filed a reply. Docket no. 5401. For the reasons below, Plaintiffs' motion is **GRANTED**.

The PBM Defendants assert they have been actively engaging with Plaintiffs to respond to their discovery requests in good faith. But their own brief tends to undermine this assertion. The Court finds especially noteworthy that the PBM Defendants never state they have fully responded or attempted to fully respond to any of Plaintiffs' requests. Rather, the PBM Defendants assert: (1) "the PBM Defendants [have] produced tens of thousands of responsive documents through DR-22," and (2) they have "served (or will soon serve) amended or supplemental responses *in which they agree to produce* additional documents responsive to the Initial Requests—beyond the tens of thousands they have already produced." Response at 7 (emphasis added). Put differently, the PBM Defendants do not argue they have produced responsive documents (beyond those re-produced pursuant to the MDL Repository requirements); instead, they assert they will soon serve what, by their own language, appears likely to be non-substantive responses in which they will agree to produce responsive documents at some point in the future.

Plaintiffs contend the "PBM defendants have filed more pages of objections than documents produced in MDL 2804." Reply at 2. "For instance, OptumRx has disclosed 57 unique documents in MDL 2804 (as of the date of [Plaintiffs' Reply]); all of which are organizational charts." *Id.* Beyond pointing to MDL Repository productions, the PBM Defendants do not rebut Plaintiffs' assertion. If the PBM Defendants believe their DR-22 productions are *wholly and completely* responsive to all of Plaintiffs' discovery requests—which seems highly unlikely—they

---

[1] Specifically, the PBM Defendants request that "(i) the PEC be ordered to reissue the supplemental requests as either requests for production or interrogatories pursuant to Rules 33 and 34 and the CMOs, rather than 'combined' requests; (ii) the PEC be ordered to identify which initial discovery request, if any, each supplemental request is intended to clarify; and (iii) the PBM Defendants' be given 30 days under Rules 33 and 34 to provide written responses and objections to the newly served requests." *Id.* at 3–4. As described below, each of these requests is **DENIED**.

should so state. Otherwise, it is long past the time within which the PBM Defendants should have begun rolling out meaningful productions responsive to Plaintiffs' MDL bellwether requests.

The PBM Defendants also assert that construing Plaintiffs' motion as a motion to compel is in error because a motion to compel would be premature. The PBM Defendants are wrong. Federal Rule of Civil Procedure 37 requires parties to meet and confer and attempt to resolve disputes prior to bringing them to the Court. *See* Fed. R. Civ. P. 37(a)(1). The PBM Defendants state no fewer than nine times in their brief that they have met and conferred with Plaintiffs, yet a dispute clearly still remains. Rule 37 also states that, "For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response ***must*** be treated as a failure to disclose, answer, or respond." *Id.* at 37(a)(4). (emphasis added). At this point, the PBM Defendants' responses must be treated as a failure to respond.[2] It is clear from the PBM Defendants' own response to the Court's April 4, 2024 Order that the requirements of Rule 37 are satisfied and the PBM Defendants can and now are being compelled to produce responsive documents and provide answers to Plaintiffs' combined prioritized requests.

Second, the PBM Defendants assert it would be unduly burdensome to respond to additional discovery requests. There is no undue burden. The Court always contemplated that additional discovery requests may be required in a case of this complexity and expressly made that clear to the parties. *See* docket no. 5268 at 5–6 ("The Parties may seek to propound additional requests for production and interrogatories after the Court rules on Plaintiffs' motion for leave to amend their complaints."); docket no. 5282 at 5 (same). The PBM Defendants were on notice that additional requests could be permitted and should remain on notice that still more may be

---

[2] "[R]esponses to written discovery may not contain ONLY objections. . .. [G]ood faith substantive responses must be included, even in the first round of responses." April 4, 2024 Order at 3 (quoting *In re: Hair Relaxer Marketing, Sales Practices, & Prods. Liab. Litig.*, case no. 23-CV-818, docket no. 416 (N.D. Ill. Jan. 25, 2024)).

necessary. To the extent there is some small additional burden in responding to more targeted discovery requests in addition to the original requests, it is a burden the PBM Defendants largely brought upon themselves by failing to respond meaningfully and fully and promptly to Plaintiffs' initial requests.

Third, the PBM Defendants may be correct that some of Plaintiffs' additional requests are brand new. Having reviewed all the discovery Plaintiffs propounded, the Court concludes none of it is excessive. Thus, to the extent there are new requests, the Court **GRANTS** Plaintiffs' request for leave to serve those new requests. To the extent Plaintiffs' motion is—as this Court initially construed it—a motion to compel certain prioritized subsets of prior discovery requests, the Court **GRANTS** Plaintiffs' motion to compel responses to those more targeted requests. The PBM Defendants shall respond to both Plaintiffs' initial and supplemental requests.

Finally, the PBM Defendants seek to dictate the manner in which Plaintiffs must state their additional discovery requests. Specifically, the PBM Defendants ask the Court to direct Plaintiffs to reissue the requests as separate requests for production or interrogatories. The PBM Defendants' request is **DENIED** as unnecessary and inefficient. Similarly, the PBM Defendants' request that the Court direct Plaintiffs to clarify which initial request each supplemental request was intended to refine or prioritize is also **DENIED** as unnecessary.

The PBM Defendants' also assert they should be allowed the full 30 days to respond to the new discovery requests permitted under the Federal Rules. Rules 33 and 34 permit the Court to set a shorter time to respond. *See* Fed. R. Civ. P. 33(b)(2) ("A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court."); 34(b)(2)(A) (same).

Accordingly, the PBM Defendants shall have 21 days to fully respond to Plaintiffs' additional requests and should roll out responses as soon as reasonably possible (that is, PBM

4

Defendants should not wait until the deadline to begin producing responsive documents). Plaintiffs' motion is **GRANTED** and the PBM Defendants' requests are **DENIED**.

    **IT IS SO ORDERED.**

        **/s/ Dan Aaron Polster  April 22, 2024**
        **DAN AARON POLSTER**
        **UNITED STATES DISTRICT JUDGE**