# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | MDL No. 2804 |
| THIS DOCUMENT RELATES TO: | Case Nos. 1:17-md-2804<br>1:18-op-45817 |
| *Track 8: Cobb County, Georgia* | Judge Dan Aaron Polster |

## DEFENDANT PUBLIX SUPER MARKETS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO CERTIFY

Defendant Publix Super Markets, Inc. has asked this Court to certify certain important, case-dispositive questions to the Georgia Supreme Court. Plaintiff Cobb County, Georgia opposes certification (1) by relying on a federal appellate jurisdiction statute that has no application to the certified question process; (2) by claiming Publix has already requested certification of the questions, but it hasn't; (3) by claiming the request is untimely, but it's not, especially since discovery is ongoing and motions for summary judgment are still far off; and (4) by claiming Georgia law has already answered the questions, but it hasn't, which explains why Plaintiff failed to provide this Court with a single case from Georgia that answers *any* of these important questions. Plaintiff's opposition only underscores the appropriateness of certification.

**1.  28 U.S.C. § 1291 is irrelevant.**

As Plaintiff concedes in its response, 28 U.S.C. § 1291 concerns the jurisdiction of federal courts of appeals, and "certification to a state court *does not involve the jurisdiction of the federal Courts of Appeals*." Doc. No. 5405, at 4 (emphasis added). Plaintiff nevertheless

contends the Court should consider § 1291, and cases citing it, in deciding Publix's motion. *Id.* at 4–5. But Plaintiff cites no case, from any jurisdiction, stating that § 1291 controls—or has any bearing at all on—certification decisions.[1] Plaintiff's insistence that certification to the Georgia Supreme Court is effectively the same as substantive review of the merits of this Court's prior decisions is unfounded.

Plaintiff's position is also based on a misunderstanding of Publix's position. Publix does not seek review of this Court's motion-to-dismiss decision. Publix's motion asks the Court to certify questions of Georgia law, which neither it nor the Georgia Supreme Court has yet had opportunity to answer.[2] Nothing in Publix's motion to dismiss asked this Court to decide its proposed questions, and nothing in the Court's rulings on that motion—or the related motion for reconsideration—decided the questions of Georgia law that Publix seeks to have certified.[3] Plaintiff is correct that the Sixth Circuit has expressed a preference for certification before resolution by the district court of the issue sought to be certified. *See, e.g.*, *In re Amazon.com, Inc.*, 942 F.3d 297, 300 (6th Cir. 2019), *certified question answered*, 255 A.3d 191 (Pa. 2021). That is precisely why Publix filed its motion to certify well in advance of the deadline to move

---

[1] The only case Plaintiff cites has nothing to do with certification of state-law questions. *See Ohio Pub. Emps. Ret. Sys. v. Fed. Home Loan Mortg. Corp.*, 64 F.4th 731, 734 (6th Cir. 2023) (considering whether the district court's grant of plaintiff's request for "sua sponte" summary judgment for defendants following unfavorable class certification decision was a final decision creating appellate jurisdiction under 28 U.S.C. § 1291).

[2] The only question Publix previously sought to have certified was a narrowly-scoped preemption question which it has not raised in the instant motion to certify.

[3] In its discussion of Publix's proposed questions, Plaintiff mischaracterizes Publix's arguments. Publix's first question is *not* a preemption question that has already been decided by this Court. That question asks the Georgia Supreme Court to advise on the interplay of Georgia statutory and common law in the nuisance context. This case-determinative state-law question should be answered by the Georgia Supreme Court. *See* Doc. 5388, at 13–15.

for summary judgment, so that this Court and the parties may benefit from the Georgia Supreme Court's direction on these matters *before* this Court is then called upon to consider them without sufficient indicia of what the Georgia Supreme Court would decide.

Courts in this Circuit routinely grant certification in anticipation of or even after summary judgment. *See, e.g.*, *LeBeau v. Lembo Corp.*, No. 5:06-CV-00502, 2008 WL 4317835, at *1 (N.D. Ohio Sept. 15, 2008) (refraining from ruling on summary judgment until the Ohio Supreme Court resolved certified questions); *Jerkins v. Lincoln Elec. Co.*, No. 1:04-CV-18810, 2010 WL 4922508, at *5 (N.D. Ohio Aug. 6, 2010), *certified question answered*, 103 So. 3d 1 (Ala. 2011) (granting certification after summary judgment and after trial); *see also Am. Booksellers Found. for Free Expression v. Strickland*, 560 F.3d 443, 444 (6th Cir. 2009), *certified question answered sub nom. Am. Booksellers Found. for Free Expression v. Cordray*, 922 N.E.2d 192 (Ohio 2010) (sua sponte certifying question after the court decided the parties' summary-judgment motions and permanently enjoined application of the statute at the center of the certified question).[4] Publix's motion is timely.

**2.    The Georgia Supreme Court has not answered the certified questions.**

The most glaring deficit in Plaintiff's response is the lack of relevant Georgia caselaw. In addressing Publix's specific proposed questions, Plaintiff states that all the issues raised in its motion have been addressed "by this and other courts." Doc. 5405, at 10; *see also id.* at 11

---

[4] Plaintiff quotes *In re Amazon.com* in support of its argument that Publix cannot seek certification since Publix's motion to dismiss was already decided. (Doc. 5405, at 6 n.4.) But *Amazon* does not hold—nor does any other case—that certification is not appropriate if the party seeking certification could have conceivably raised arguments triggering the certification request earlier in the litigation. *See* 942 F.3d at 300 ("The appropriate time to request certification of a state-law issue is before, not after, the district court has *resolved* it.") (emphasis added). The Court has not resolved the questions Publix raised. Consequently, there is nothing inappropriate about the timing of Publix's motion.

(stating "[n]umerous courts have . . . rejected this argument" but citing no cases at all let alone any controlling Georgia cases); *id.* at 12 (citing Track One case deciding unrelated issues under federal law and "other courts" applying New Hampshire, New York, and Ohio law). But Plaintiff cites no Georgia cases that resolve any of Publix's questions. *See id.* at 9–13. In fact, the only Georgia case Plaintiff cites merely parrots the statutory language that Publix's proposed question asks the Georgia Supreme Court to interpret. *See* Doc. 5405, at 13 (quoting *Burgess v. Johnson*, 156 S.E.2d 78, 79 (Ga. 1967) for the proposition that "[a] public nuisance is one which damages all persons who come within the sphere of its operation"). *Burgess* does not answer any of Publix's proposed questions. *See* 156 S.E.2d at 79. Plaintiff's inability to cite to any Georgia precedent addressing Publix's proposed questions, let alone decisions of Georgia's Supreme Court, despite having every incentive to do so, reinforces Publix's position that Georgia's highest court has not yet addressed these important issues.

Finally, contrary to Plaintiff's contentions, Publix is not seeking certification on the grounds that its proposed questions have never been decided in the opioid context. Rather, the proposed questions have not been decided by the Georgia Supreme Court in *any* context. Again, Plaintiff's inability to point to a single Georgia case showing otherwise furthers Publix's point that these questions remain unanswered.

### 3. Conclusion

Plaintiff fails to support its own argument, and its response brief does not defeat (but only reinforces) the merits of Publix's arguments in favor of certification. The Court, therefore, should grant Publix's motion and certify each of the questions identified to the Georgia Supreme Court for review.

This 25th day of April, 2024.

                        **MILLER & MARTIN PLLC**

                    By:  */s/ Michael P. Kohler*
                          Michael P. Kohler
                          Georgia Bar No. 427727

                    1180 West Peachtree Street, N.W., Suite 2100
                    Atlanta, Georgia 30309-3407
                    Telephone: (404) 962-6403
                    Facsimile: (404) 962-6303
                    Email:  michael.kohler@millermartin.com

                    ***Attorney for Publix Super Markets, Inc.***

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on the below date the foregoing document was electronically filed with the Clerk of the Court using the *CM/ECF* system, which will send notification of such filing to counsel of record.

This 25th day of April, 2024

        **MILLER & MARTIN PLLC**

        By: */s/ Michael P. Kohler*
           Michael P. Kohler
           Georgia Bar No. 427727