**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | ) | **MDL 2804** |
| | ) | |
| | ) | **Case No. 1:17-md-2804** |
| **THIS DOCUMENT RELATES TO:** | ) | |
| | ) | **Judge Dan Aaron Polster** |
| *All Cases* | ) | |
| | ) | **ORDER SETTING BELLWETHER** |
| | ) | **PROCESS FOR ALBERTSONS** |

On April 15, 2024, the Court held a status conference with Albertsons and the PEC. The Court concluded that settlement discussions between Albertsons and the PEC had stalled because of, in part, a lack of information about the strength of plaintiffs' claims against Albertsons. The Court suggested it could therefore be beneficial to schedule up to four additional bellwether trials.[1] The Court directed counsel for Albertsons to meet with its corporate executives and let the Court know how it would like to proceed.

On April 24, 2024, Albertsons provided a status letter to the Court, asserting: (1) it still had not reached a global settlement, but has been actively engaged in good faith mediation with the PEC; (2) it was willing to continue working on agreement regarding injunctive relief;[2] and (3) the single MDL bellwether case that is already scheduled, together with several other, non-MDL cases already being litigated, provide a sufficient number of test cases.

---

[1] Currently, Albertsons is in a single MDL Bellwether Case. *County of Tarrant, Texas v. Purdue Pharma L.P., et al.*, Case No. 1:18-OP-45274 (Track 9) was selected as a bellwether case on April 9, 2021. *See* docket no. 3688.

[2] Albertsons asserts it "believe[s] that an agreement on injunctive relief would advance one of the main goals of the litigation and ***a discussion of monetary terms can be delayed*** while the parties work towards an agreement on injunctive relief." Status Letter at 1 (emphasis added.) The Court strongly disagrees. Albertsons' primary settlement efforts ***must*** be to reach agreement on monetary terms. In every other MDL settlement, reaching agreement on injunctive relief was easier than agreement on monetary terms. Indeed, it is likely Albertsons can simply copy similar injunctive terms from the global settlement with Kroger. Albertsons' suggestion of delaying discussion of monetary terms seriously undermines its assertion that it wants to obtain a global resolution any time soon.

The Court is persuaded by Albertsons' letter that scheduling an additional *four* bellwether cases is unnecessary, but further concludes that *two* additional bellwether cases will provide the Court and the parties with necessary additional information about the strengths of the parties' claims and defenses. Accordingly, the Court now sets forth the following process through which Albertsons and the PEC will select two additional bellwether cases.

**By 4:00PM on May 13, 2024**: Albertsons and the PEC shall each file a separate document listing their picks of two potential bellwether cases. Each side's picks shall be from two different federal Circuits but may not be cases filed in the Fifth or Eleventh Circuits, where there are already pending federal opioid cases filed by subdivisions.

**By 4:00PM on May 20, 2024**: Albertsons and the PEC shall each file a document striking one of the other side's two picked cases.

**By 4:00PM on June 7, 2024**: The parties shall submit a joint proposed case management order for the two bellwether cases.

**IT IS SO ORDERED.**

 **/s/ Dan Aaron Polster  April 29, 2024**
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**