UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*City of Rochester v. Purdue Pharma, L.P.*, No. 19-op-45853 (Track 12)<br>*Lincoln County v. Richard Sackler, M.D.*, No. 20-op-45069 (Track 13)<br>*City of Independence, Missouri v. Williams*, No. 1:19-op-45371<br>*County of Webb v. Purdue Pharma, L.P.*, No. 18-op-45175 (Track 15) | Case No.: 17-MD-2804<br><br>Judge: Dan Aaron Polster<br><br>**PROTECTIVE ORDER REGARDING IDENTITIES OF MEMBERS OF EXPRESS SCRIPTS' PHARMACY AND THERAPEUTICS COMMITTEE** |

Discovery in Tracks 12 15 may involve confidential and private information regarding the identities of members of the Pharmacy & Therapeutics ("P&T") Committee of Defendant Express Scripts, Inc. ("Express Scripts"). The Plaintiffs' Executive Committee in MDL 2804 (the "PEC") and Express Scripts hereby stipulate to and petition the Court to enter the following Protective Order under Federal Rule of Civil Procedure 26(c) regarding the identities of members of Express Scripts' P&T Committee. This Protective Order applies only to members of Express Scripts' P&T Committee; it does not apply to members of the P&T Committee of Medco Health Solutions, Inc., or any predecessor Merck-Medco entities.

1. Express Scripts may redact identifying information of current members of Express Scripts' P&T Committee in documents it produces in this MDL. Express Scripts may also withhold such identifying information from responses to interrogatories or other discovery requests, and Express Scripts may instruct witnesses at depositions not to provide answers that would reveal the identity of current members of Express Scripts' P&T Committee.

2. Any redactions of identifying information under paragraph 1 will either be identified in the production image itself or logged on a redaction log in accordance with the orders governing redaction logs in this MDL (Dkt. No. 2882).

3. At the PEC's request, Express Scripts will provide to the Special Master, for review *in camera*, a list of the current members of Express Scripts' P&T Committee to compare to the lists of key opinion leaders ("KOLs") for opioid manufacturers and/or lists of other similar opioid-related work or affiliations (e.g., work or affiliation with opioid "front groups", identification as a high-prescriber of opioids).

4. If the PEC identifies a particularized need to learn the identity of a specific current member of Express Scripts' P&T Committee, the PEC and Express Scripts will meet and confer to determine whether disclosure of that member's identity is warranted. If the parties cannot agree, the PEC may seek judicial resolution under the normal rules governing discovery disputes in this MDL (namely, disputes may be brought to the Special Master, and parties have the right to object to any ruling by the Special Master and seek *de novo* review by the Court), understanding that the PEC would reference Special Master Cohen's 3/28/2024 ruling (although it would not be binding for purposes of disputes raised pursuant to this paragraph), and that nothing in this paragraph alters the burden of proof. Any disclosure of a current P&T Committee member's identity pursuant to this paragraph (whether as a result of agreement by the parties or as a result of judicial resolution of a dispute) is subject to the confidentiality protections in paragraph 5.

5. Any documents or transcripts produced in the MDL that contain unredacted identifying information of current or former members of Express Scripts' P&T Committee must be held in the strictest of confidence. Such materials may not be filed publicly in the MDL or in any other case in federal or state court unless the identifying information is redacted. Such

materials also may not be placed in the MDL Discovery Repository (as defined in Dkt. 5362), circulated to anyone other than an individual who (i) is actively working on one or more of the Track 12  15 cases or one of the cases covered by paragraph 5.a, (ii) has a need to know, and (iii) otherwise qualifies under the protective orders in this MDL to access "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" materials. To help identify such materials, Express Scripts will apply to such materials a confidentiality designation that reads "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY   P&T MEMBER IDENTIFYING INFORMATION."

  a. Access to documents or transcripts produced in the MDL that contain unredacted identifying information of current or former members of Express Scripts' P&T Committee can be provided to Counsel for claimants in opioid litigation pending outside this Litigation in which Express Scripts is a Defendant in that litigation, provided that said Counsel agrees to be bound by the terms of this Protective Order.  Plaintiffs' Liaison Counsel shall disclose to Express Scripts at the end of each month a cumulative list providing the identity of the counsel who have agreed to the terms of this Protective Order, and such list will include the case name(s), number(s), and jurisdiction(s) in which that counsel represents other claimants. Neither the receipt of information pursuant to this paragraph nor the provision of the certification shall in any way be deemed a submission, by the claimant represented by counsel in such outside litigation, to the jurisdiction of this Court or any other federal court or a waiver of any jurisdictional arguments available to such claimant, provided, however, that any such recipient of documents or information produced under this Order shall submit to the jurisdiction of this Court for any violations of this Order.

6.  This Protective Order supplements the prior protective orders governing confidential information in this MDL (Dkt. Nos. 441, 1357, 2688), and those prior orders apply to materials designated confidential under paragraph 5 of this Order except where they would conflict with paragraph 5 of this Order.

**IT IS SO ORDERED.**

Dated: April 30, 2024

DAN AARON POLSTER
U.S. DISTRICT JUDGE