# EXHIBIT 1

# UNITED STATES DISTRICT
# COURT NORTHERN DISTRICT OF
# OHIO EASTERN DIVISION

|  |  |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br>*Cobb County v. Purdue Pharma, et al.*<br>Case No. 1:18-op-45817-DAP | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster |

## DEFENDANT PUBLIX SUPER MARKETS, INC.'S
## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF COBB COUNTY'S
## SUPPLEMENTAL AND AMENDED ALLEGATIONS TO BE ADDED TO
## "SHORT FORM FOR SUPPLEMENTING COMPLAINT AND AMENDING
## DEFENDANTS AND JURY DEMAND"

Defendant Publix Super Markets, Inc. ("Publix") hereby answers Plaintiff's

Supplemental and Amended Allegations to be Added to "Short Form For Supplementing

Complaint And Amending Defendants And Jury Demand" (the "Complaint") (Doc. 3736)[1]

filed in *Cobb County v. Purdue Pharma, et al.*, No. 1:18-op-45817-DAP (N.D. Ohio).[2]

---

[1] Citations to the docket in this Answer refer to the MDL docket, 1:17-md-2804.

[2] Pursuant to ¶ 4 of the Stipulated Order Regarding Answering the May 1, 2021 Amended Complaints in the Five New Pharmacy Bellwether Cases (the "Answer Stipulation") (Doc. 3853), Publix and Plaintiff have agreed, and the Court has ordered, that Publix shall answer only the allegations set forth in the Complaint (Doc. 3736), and Publix has no obligation to answer any allegations set forth in any prior complaints filed by Plaintiff. By not answering the allegations of any prior complaint, Publix does not admit any of the allegations in those complaints, waive any defenses to the claims in those complaints, or risk a default judgment with respect to any claims in those complaints. Doc. 3853.

1

## PRELIMINARY STATEMENT

The following matters are incorporated by reference into Publix's responses to each paragraph of the Complaint:

A.     Where allegations are made against "Defendants" as a group, however described, Publix's responses apply only to Publix.

B.     Most of the allegations in the Complaint are not directed at Publix and therefore do not require a response.  The responses below are subject to that limitation, regardless of whether expressly stated or not.

C.     The Complaint contains purported references to documents and third-party publications and statements that have often been excerpted, paraphrased, characterized, and otherwise taken out of context.  These documents and third-party publications and statements should be considered, if at all, in context and in unmodified form, and Publix respectfully refers the Court to the respective materials for their true and complete contents.

D.     Except as otherwise expressly stated herein, Publix denies each and every allegation contained in the Complaint, including any allegations contained in the preamble, unnumbered paragraphs, paragraphs, titles, headings, subheadings, table of contents, footnotes, and exhibits, and specifically denies any liability to Plaintiff.  To the extent not expressly denied, all allegations for which Publix denies possessing knowledge or information sufficient to form a belief are denied.

E.     Publix reserves the right to seek to amend and supplement its Answer as may be appropriate or necessary.

## ANSWER

Pursuant to paragraph 5 of the Answer Stipulation, paragraphs 33-78, 170-71, 179, 184, 187-459, 506-09, 512- 528, 537- 38, 542-43, 550, 560-63, 570-91, 593-99, 606-17, and 623-70 of the Complaint are directed solely to other defendants, and Publix has no obligation to answer. To the extent Publix is required to respond to the allegations in those paragraphs, Publix states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies them.

Publix answers the remaining allegations of the Complaint as follows:

1.      Publix admits that Plaintiff purports to bring an action against the listed defendants.  Publix denies the allegations in paragraph 1 insofar as alleged against it.  Publix otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

2.      Paragraph 2 summarizes Plaintiff's claims and does not require a response. Publix denies the allegations in paragraph 2 insofar as alleged against it.  Publix otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

3.      Pursuant to paragraph 4 of the Stipulated Order Regarding Answering The May 19, 2021 Amended Complaints In The Five New Pharmacy Bellwether Cases entered August 17, 2021 (MDL Dkt. 3853), Publix is only required to answer the allegations set forth in this Complaint and does not respond to any allegations in Plaintiff's prior complaints and pleadings including Plaintiff's Original Complaint (ECF 1), its Amended Short Form Complaint

(ECF 6), or any other complaints or pleadings that Plaintiff purports to incorporate herein. Publix does not admit any allegation contained in any of Plaintiff's prior complaints and pleadings. Answering further, to the extent any of Plaintiff's prior pleadings contain allegations of wrongdoing, Publix denies such allegations to the extent they apply to Publix.

4. Paragraph 4 states legal conclusions to which no response is required. To the extent a response is required, Publix denies the legal conclusions stated in paragraph 4. Further, Publix denies the allegations in paragraph 4 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

5. Publix denies the allegations in paragraph 5 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

6. Paragraph 6 states legal conclusions to which no response is required. To the extent a response is required, Publix denies the legal conclusions stated in paragraph 6. Further, Publix denies the allegations in paragraph 6 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

7. Publix lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7; such allegations are deemed denied.

8.      Publix denies the allegations in paragraph 8 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

9.      Publix lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9; such allegations are deemed denied.

10.      Publix lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10; such allegations are deemed denied.

11.      Publix lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11; such allegations are deemed denied.

12.      Publix lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12; such allegations are deemed denied.

13.      Publix lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 except to admit, upon information and belief, that Mr. Anderson has made the quoted statement in news reports, and that the President declared opioid abuse a national public health emergency under federal law on October 26, 2017.  To the extent paragraph 13 refers to documents,[3] those documents speak for themselves and Publix denies any characterizations thereof.  To the extent any further response is required, Publix denies the allegations.

14.      Publix lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14; such allegations are deemed denied.

---

[3] As used by Publix in this Answer, "document" and/or documents" include, without limitation, writings, recordings, photographs, and electronically stored information, as well as websites, message boards, videos, CME presentations and materials, programs, literature, and all other sources used in support of each allegation.

15.    Publix denies the allegations in paragraph 15 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

16.    Publix denies the allegations in paragraph 16 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

17.    Paragraph 17 refers to a document, which speaks for itself, and Publix denies any characterization thereof.  Paragraph 17 also states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 17.  Further, Publix denies the allegations in paragraph 17 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, including to the extent those allegations apply to a defendant; such allegations are deemed denied.

18.    Paragraph 18 states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 18.  Further, Publix denies the allegations in paragraph 18 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

19.    Publix lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19; such allegations are deemed denied.

20.     Paragraph 20 states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 20.  Further, Publix denies the allegations in paragraph 20 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

21.     Paragraph 21 refers to a document, which speaks for itself, and Publix denies any characterization thereof.  Paragraph 21 also states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 21.  Further, Publix denies the allegations in paragraph 21 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, including to the extent those allegations apply to a defendant; such allegations are deemed denied.

22.     Publix denies the allegations in paragraph 22 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

23.     Publix denies the allegations in paragraph 23 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

24.     Publix denies the allegations in paragraph 24 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief about the truth of the

allegations in paragraph 24, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

26. Publix denies the allegations in paragraph 25 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

26. Publix lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26; such allegations are deemed denied.

27. Paragraph 27 states legal conclusions to which no response is required. To the extent a response is required, Publix denies the legal conclusions stated in paragraph 27. Further, Publix denies the allegations in paragraph 27 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

28. Paragraph 28 states legal conclusions to which no response is required. To the extent a response is required, Publix denies the legal conclusions stated in paragraph 28. Further, Publix denies the allegations in paragraph 28 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

29. Paragraph 29 states legal conclusion to which no response is required. To the extent a response is required, Publix denies the legal conclusions stated in paragraph 29. Further, Publix denies the allegations in paragraph 29 insofar as alleged against it. Publix is otherwise

without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

30. Paragraph 30 states legal conclusions to which no response is required. To the extent a response is required, Publix denies the legal conclusions stated in paragraph 30. Further, Publix denies the allegations in paragraph 30 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30; such allegations are deemed denied.

31. Paragraph 31 states legal conclusions to which no response is required. To the extent a response is required, Publix denies the legal conclusions stated in paragraph 31. Further, Publix denies the allegations in paragraph 31 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31; such allegations are deemed denied.

32. Paragraph 32 states legal conclusions to which no response is required. To the extent a response is required, Publix denies the legal conclusions stated in paragraph 32. Further, Publix denies the allegations in paragraph 32 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32; such allegations are deemed denied.

79. Publix admits that Publix Super Markets, Inc. ("Publix") is a Florida corporation with its principal place of business in Lakeland, Florida.

80. Publix denies the allegations in paragraph 80. Publix further states that it operates a central pharmacy warehouse and that prescription drugs are moved via intra-company transfer

from Publix's warehouse to its retail pharmacies and that its warehouse and pharmacies are DEA registrants.

81.     Publix admits that it operates supermarkets across Florida, Georgia, Alabama, North and South Carolina, Tennessee, and Virginia, and that most Publix supermarkets include a pharmacy.  Publix otherwise denies the allegations in paragraph 81.

82.     Publix admits the allegations in paragraph 82.

83.     Publix denies the allegations in paragraph 83 except to admit that Publix sells prescription opioids in some southeastern United States, including in Georgia and Cobb County.

84.     Paragraph 84 states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 84.  Further, Publix denies the allegations in paragraph 84 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

85.     Publix denies the allegations in paragraph 85 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

86.     Publix denies the allegations in paragraph 86 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

87.     Publix lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 87; such allegations are deemed denied.

88.     Publix lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 88; such allegations are deemed denied.

89.     Publix lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 89; such allegations are deemed denied.

90.     Publix lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 90; such allegations are deemed denied.

91.     Publix lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 91; such allegations are deemed denied.

92.     Publix lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 92; such allegations are deemed denied.

93.     Publix lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 93; such allegations are deemed denied.

94.     Publix lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 94; such allegations are deemed denied.

95.     Publix lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 95; such allegations are deemed denied.

96.     Publix denies the allegations in paragraph 96 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

97.    Publix denies the allegations in paragraph 97 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

98.    Paragraph 98 states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 98.  Further, Publix denies the allegations in paragraph 98 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

99.    Publix denies the allegations in paragraph 99 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

100.    Publix denies the allegations in paragraph 100 insofar as alleged against it except to admit that Publix performs intra-company transfers of prescription opioids from its central warehouse to its pharmacies, which dispense them.  Publix is otherwise without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 100, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

101.    Paragraph 101 purports to compile governmentally-disclosed ARCOS data, which speaks for itself, and Publix denies any characterization thereof.  Further, paragraph 101 states legal conclusions to which no response is required.  To the extent a response is required, Publix

denies the legal conclusions stated in paragraph 101. Further, Publix denies the allegations in paragraph 101 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

102. Publix admits it possessed certain data on prescription medication it dispensed. Further, Publix denies the allegations in paragraph 102 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

103. Paragraph 103 states legal conclusions to which no response is required. To the extent a response is required, Publix denies the legal conclusions stated in paragraph 103. Further, Publix denies the allegations in paragraph 103 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

104. Paragraph 104 states legal conclusions to which no response is required. To the extent a response is required, Publix denies the legal conclusions stated in paragraph 104. Further, Publix denies the allegations in paragraph 104 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

105.     Paragraph 105 states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 105.  Further, Publix denies the allegations in paragraph 105 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

106.     Publix denies the allegations in paragraph 106 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

107.     Publix denies the allegations in paragraph 107 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

108.     Publix denies the allegations in paragraph 108 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

109.     Publix denies the allegations in paragraph 109 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

110.     Publix denies the allegations in paragraph 110 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

111.     Paragraph 111 states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 111.  Further, Publix denies the allegations in paragraph 111 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

112.     Paragraph 112 states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 112.  Further, Publix denies the allegations in paragraph 112 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

113.     Paragraph 113 states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 113.  Further, Publix denies the allegations in paragraph 113 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

114.     Paragraph 114 refers to law that speaks for itself, and Publix denies any characterizations thereof.  Publix respectfully refers the Court to the cited statutes and regulations for their true and correct contents.  Paragraph 114 also states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 114.  Further, Publix denies the allegations in paragraph 114 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

115.     Paragraph 115 refers to law that speaks for itself, and Publix denies any characterizations thereof.  Paragraph 115 also states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 115.  Further, Publix denies the allegations in paragraph 115 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

116.     Paragraph 116 refers to law that speaks for itself, and Publix denies any characterizations thereof.  Paragraph 116 also states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 116.  Further, Publix denies the allegations in paragraph 116 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

117.     Paragraph 117 refers to documents, which speak for themselves, and Publix denies any characterization thereof.  Paragraph 117 also states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 117.  Further, Publix denies the allegations in paragraph 117 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117, including to the extent those allegations apply to a defendant; such allegations are deemed denied.

118. Paragraph 118 refers to law that speaks for itself, and Publix denies any characterizations thereof.  Paragraph 118 also states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 118.  Further, Publix denies the allegations in paragraph 118 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

119.     Paragraph 119 states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 119.  Further, Publix denies the allegations in paragraph 119 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

120.     Paragraph 120 states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 120.  Further, Publix denies the allegations in paragraph 120 insofar as alleged against it.  Publix is

17

otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

121.    Paragraph 121 states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 121. Further, Publix denies the allegations in paragraph 121 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

122.    Paragraph 122 refers to law that speaks for itself, and Publix denies any characterizations thereof.  Paragraph 122 also states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 122.  Further, Publix denies the allegations in paragraph 122 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

123.    Paragraph 123 refers to law that speaks for itself, and Publix denies any characterizations thereof.  Paragraph 123 also states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 123.  Further, Publix denies the allegations in paragraph 123 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

124.     Paragraph 124 refers to a document, which speaks for itself, and Publix denies any characterization thereof.  Further, Publix denies the allegations in paragraph 124 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

125.     Paragraph 125 refers to law that speaks for itself, and Publix denies any characterizations thereof.  Paragraph 125 also states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 125.  Further, Publix denies the allegations in paragraph 125 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

126.     Paragraph 126 refers to law that speaks for itself, and Publix denies any characterizations thereof.  Paragraph 126 also states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 126.  Further, Publix denies the allegations in paragraph 126 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

127.     Publix denies the allegations in paragraph 127 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

128.    Paragraph 128 refers to a document, which speaks for itself, and Publix denies any characterization thereof.  Further, Publix denies the allegations in paragraph 128 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

129.    Paragraph 129 refers to documents, which speak for themselves, and Publix denies any characterization thereof.  Further, Publix denies the allegations in paragraph 129 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

130.    Paragraph 130 states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 130.  Further, Publix denies the allegations in paragraph 130 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

131.    Paragraph 131 refers to law that speaks for itself, and Publix denies any characterizations thereof.  Paragraph 131 also states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 131.  Further, Publix denies the allegations in paragraph 131 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

132.     Paragraph 132 refers to law that speaks for itself, and Publix denies any characterizations thereof.  Paragraph 132 also states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 132.  Further, Publix denies the allegations in paragraph 132 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

133.     Paragraph 133 refers to law that speaks for itself, and Publix denies any characterizations thereof.  Paragraph 133 also states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the allegations in paragraph 133.

134.     Paragraph 134 states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 134.  Further, Publix denies the allegations in paragraph 134 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

135.     Paragraph 135 states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 135.  Further, Publix denies the allegations in paragraph 135 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

136.     Paragraph 136 states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 136.  Further, Publix denies the allegations in paragraph 136 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

137.     Paragraph 137 refers to law that speaks for itself, and Publix denies any characterizations thereof.  Paragraph 137 also states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 137.  Further, Publix denies the allegations in paragraph 137 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

138.     Paragraph 138 refers to law and to documents that speak for themselves, and Publix denies any characterization.  Paragraph 138 also states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 138.  Further, Publix denies the allegations in paragraph 138 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

139.     Publix admits that Georgia participates in a Prescription Monitoring Program.  Publix lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 139; such allegations are deemed denied.

140. Publix admits that PMDPs provide certain information. Paragraph 140 refers to documents, which speak for themselves, and Publix denies any characterization thereof. Further, Publix denies the allegations in paragraph 140 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

141. Publix denies the allegations in paragraph 141 insofar as alleged against it except to admit that Publix possessed or had access to certain data concerning Publix pharmacies' dispensing of controlled substances and other prescription drugs. Paragraph 141 states legal conclusions to which no response is required. To the extent a response is required, Publix denies the legal conclusions stated in paragraph 141. Further, Publix denies the allegations in paragraph 141 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

142. Paragraph 142 states legal conclusions to which no response is required. To the extent a response is required, Publix denies the legal conclusions stated in paragraph 142. Further, Publix denies the allegations in paragraph 142 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 142, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

143. Paragraph 143 states legal conclusions to which no response is required. To the extent a response is required, Publix denies the legal conclusions stated in paragraph 143. Further, Publix denies the allegations in paragraph 143 insofar as alleged against it. Publix is

otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 143, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

144. Paragraph 144 refers to documents, which speak for themselves, and Publix denies any characterization thereof. Paragraph 144 also states legal conclusions to which no response is required. To the extent a response is required, Publix denies the legal conclusions stated in paragraph 144. Further, Publix denies the allegations in paragraph 144 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

145. Paragraph 145 states legal conclusions to which no response is required. To the extent a response is required, Publix denies the legal conclusions stated in paragraph 145. Further, Publix denies the allegations in paragraph 145 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

146. Paragraph 146 refers to a document, which speaks for itself, and Publix denies any characterization thereof. Further, Publix denies the allegations in paragraph 146 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146; such allegations are deemed denied.

147. Publix denies the allegations in paragraph 147 insofar as alleged against it. Further, Publix denies the allegations in paragraph 147 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the

24

allegations in paragraph 147, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

148.     Publix admits it was a member of NACDS.  Publix denies the allegations in paragraph 148 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148; such allegations are deemed denied.

149.     Publix admits that HDA is a trade association of distributors.  Publix also admits that HDA has at certain times worked together with NACDS on certain issues.  Publix denies that it is or was a member of HDA and/or its predecessors HDMA and NWDA.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

150.     Paragraph 150 refers to a document, which speaks for itself, and Publix denies any characterization thereof.  Further, Publix denies the allegations in paragraph 150 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 150, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

151.     Paragraph 151 refers to a document, which speaks for itself, and Publix denies any characterization thereof.  Further, Publix denies the allegations in paragraph 151 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 151, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

152.     Paragraph 152 refers to a document, which speaks for itself, and Publix denies any characterization thereof.  Further, Publix denies the allegations in paragraph 152 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 152, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

153.     Paragraph 153 refers to a document, which speaks for itself, and Publix denies any characterizations thereof.  Paragraph 153 also states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 153.  Further, Publix denies the allegations in paragraph 153 insofar as alleged against it, including that Publix is or was a member of HDA and/or its predecessors HDMA and NWDA.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 153, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

154.     Paragraph 154 refers to a document, which speaks for itself, and Publix denies any characterization thereof.  Further, Publix denies the allegations in paragraph 154 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 154, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

155.     Paragraph 155 refers to a document, which speaks for itself, and Publix denies any characterization thereof.  Further, Publix denies the allegations in paragraph 155 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155; such allegations are deemed denied.

156.     Publix denies the allegations in paragraph 156 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 156, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

157.     Paragraph 157 refers to documents and ARCOS data, which speak for themselves, and Publix denies any characterization thereof.  Paragraph 157 also states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 157.  Further, Publix denies the allegations in paragraph 157 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 157, including to the extent those allegations apply to a defendant; such allegations are deemed denied.

158.     Paragraph 158 refers to a document, which speaks for itself, and Publix denies any characterization thereof.  Further, Publix denies the allegations in paragraph 158 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 158, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

159.     Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 159, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

160.     Paragraph 160 refers to documents, which speak for themselves, and Publix denies any characterization thereof.  Further, Publix denies the allegations in paragraph 160 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to

form a belief as to the truth of the allegations in paragraph 160, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

161.    Paragraph 161 refers to a document, which speaks for itself, and Publix denies any characterization thereof.  Further, Publix denies the allegations in paragraph 161 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 161, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

162.    Paragraph 162 refers to a document, which speaks for itself, and Publix denies any characterization thereof.  Further, Publix denies the allegations in paragraph 162 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 162, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

163.    Paragraph 163 refers to a document, which speaks for itself, and Publix denies any characterization thereof.  Further, Publix denies the allegations in paragraph 163 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 163, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

164.    Publix lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 164, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

165.    Publix denies the allegations in paragraph 165 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 165, including to the extent those allegations apply to another defendant or third party; such allegations are deemed denied.

166.     Paragraph 166 refers to documents, which speak for themselves, and Publix denies any characterization thereof.  Paragraph 166 also states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 166.  Further, Publix denies the allegations in paragraph 166 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 166, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

167.     Paragraph 167 refers to law that speaks for itself, and Publix denies any characterizations thereof.  Paragraph 167 also states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 167.  Further, Publix denies the allegations in paragraph 167 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 167, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

168.     Paragraph 168 refers to a document and law that speak for themselves, and Publix denies any characterizations thereof.  Paragraph 168 also states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 168.  Publix denies the remaining allegations in paragraph 168 to the extent they apply to Publix.  Further, Publix denies the allegations in paragraph 168 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 168, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

169.    Paragraph 169 refers to a document, which speaks for itself, and Publix denies any characterization thereof.  Paragraph 169 also states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 169.  Further, Publix denies the allegations in paragraph 169 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 169, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

172.    Paragraph 172 refers to a document, which speaks for itself, and Publix denies any characterization thereof.  Paragraph 172 also states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 172.  Further, Publix denies the allegations in paragraph 172 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 172, including to the extent those allegations apply to a defendant; such allegations are deemed denied.

173.    Paragraph 173 refers to documents, which speak for themselves, and Publix denies any characterization thereof.  Further, Publix denies the allegations in paragraph 173 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 173, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

174.    Paragraph 174 refers to documents, which speak for themselves, and Publix denies any characterizations thereof.  Publix denies the allegations in paragraph 174 insofar as

alleged against it, including that Publix is or was a member of HDA and/or its predecessor HDMA. Further, Publix denies the allegations in paragraph 174 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 174, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

175.    Paragraph 175 refers to documents, which speak for themselves, and Publix denies any characterization thereof. Paragraph 175 also states legal conclusions to which no response is required. To the extent a response is required, Publix denies the legal conclusions stated in paragraph 175. Further, Publix denies the allegations in paragraph 175 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 175, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

176.    Paragraph 176 states legal conclusions to which no response is required. To the extent a response is required, Publix denies the legal conclusions stated in paragraph 176. Further, Publix denies the allegations in paragraph 176 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 176, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

177.    Paragraph 177 states legal conclusions to which no response is required. To the extent a response is required, Publix denies the legal conclusions stated in paragraph 177. Further, Publix denies the allegations in paragraph 177 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 177, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

178.    Publix denies the allegations in paragraph 178 insofar as alleged against it except to admit that Publix possessed or had access to data concerning Publix pharmacies' dispensing of controlled and non-controlled substances.  Paragraph 178 states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 178.  Further, Publix denies the allegations in paragraph 178 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 178, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

180.    Publix denies the allegations in paragraph 180 insofar as alleged against it except to admit that Publix possessed or had access to data concerning Publix pharmacies' dispensing of controlled and non-controlled substances.  Paragraph 180 also states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 180.  Further, Publix denies the allegations in paragraph 180 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 180, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

181.    Paragraph 181 states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 181. Further, Publix denies the allegations in paragraph 181 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 181, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

182.    Paragraph 182 states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 182.  Further, Publix denies the allegations in paragraph 182 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 182, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

183.    Paragraph 183 refers to a document, which speaks for itself, and Publix denies any characterization thereof.  Publix denies the allegations in paragraph 183 insofar as alleged against it except to admit that Publix possessed or had access to data concerning Publix pharmacies' dispensing of controlled substances.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 183, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

185.    Publix possessed certain data on prescription medication it dispensed, including both controlled and non-controlled substances.  Publix denies the allegations in paragraph 185 insofar as alleged against it.  Further, Publix denies the allegations in paragraph 185 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 185, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

186.    Paragraph 186 states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 186.

Further, Publix denies the allegations in paragraph 186 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 186, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

460    Publix denies the allegations in paragraph 460.

461.    Paragraph 461 states legal conclusions to which no response is required. To the extent a response is required, Publix denies the legal conclusions stated in paragraph 461. Publix denies the allegations in paragraph 461, except that Publix admits that at certain times it engaged in intra-company transfers of controlled substances, including opioids, from its central warehouses in Orlando, Florida, to its own pharmacies.

462.    Publix denies the allegations in paragraph 462.

463.    Publix denies the allegations in paragraph 463, except that Publix admits that at certain times it engaged and continues to engage in intra-company transfers of controlled substances, including opioids, to its own pharmacies in Cobb County. Publix further admits its intra-company transfers were through its Orlando warehouse, a DEA registrant, to its own pharmacies.

464.    Publix denies the allegations in paragraph 464, except that it admits that at certain times, its pharmacies did and could obtain products, including opioids, from wholesale distributors, including McKesson and AmerisourceBergen.

465.    Publix denies the allegations in paragraph 465.

466.    Paragraph 466 refers to a document, which speaks for itself, and Publix denies any characterization thereof. Paragraph 466 also states legal conclusions to which no response is required. To the extent a response is required, Publix denies the legal conclusions stated in

paragraph 466. Further, Publix denies the allegations in paragraph 466 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 466, including to the extent those allegations apply to a third party; such allegations are deemed denied.

467. Paragraph 467 refers to a document, which speaks for itself, and Publix denies any characterization thereof. Further paragraph 467 states legal conclusions to which no response is required. To the extent a response is required, Publix denies the legal conclusions stated in paragraph 467. Further, Publix denies the allegations in paragraph 467 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 467, including to the extent those allegations apply to a third party; such allegations are deemed denied.

468. Paragraph 468 refers to a document, which speaks for itself, and Publix denies any characterization thereof. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 468, including to the extent those allegations apply to a third party; such allegations are deemed denied.

469. Paragraph 469 refers to a document, which speaks for itself, and Publix denies any characterization thereof. Further, Publix denies the allegations in paragraph 469 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 469, including to the extent those allegations apply to a third party; such allegations are deemed denied.

470. Publix denies the allegations in paragraph 470.

471. Paragraph 471 refers to a document, which speaks for itself, and Publix denies any characterization thereof. Further, Publix denies the allegations in paragraph 471 insofar as

alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 471, including to the extent those allegations apply to a third party; such allegations are deemed denied.

472. Paragraph 472 states legal conclusions to which no response is required. To the extent a response is required, Publix denies the legal conclusions stated in paragraph 472. Further, Publix denies the allegations in paragraph 472 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 472; such allegations are deemed denied.

473. Paragraph 473 states legal conclusions to which no response is required. To the extent a response is required, Publix denies the legal conclusions in paragraph 473. Paragraph 473 also refers to ARCOS data, which speaks for itself, and Publix denies any characterization thereof. Further, Publix denies the allegations in paragraph 473 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 473, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

474. Paragraph 474 states legal conclusions to which no response is required. To the extent a response is required, Publix denies the legal conclusions in paragraph 474. Further, Publix denies the allegations in paragraph 474 insofar as alleged against it.

475. Paragraph 475 states legal conclusions to which no response is required. To the extent a response is required, Publix denies the legal conclusions in paragraph 475. Further, Publix denies the allegations in paragraph 475 insofar as alleged against it.

476. Publix denies the allegations in paragraph 476.

477. Publix denies the allegations in paragraph 477.

478.    Publix denies the allegations in paragraph 478.

479.    Paragraph 479 states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 479.  Further, Publix denies the allegations in paragraph 479 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 479; such allegations are deemed denied.

480.    Paragraph 480 states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 480.  Further, Publix denies the allegations in paragraph 480 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 480; such allegations are deemed denied.

481.    Paragraph 481 states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions in paragraph 481.  Further, Publix denies the allegations in paragraph 481 insofar as alleged against it.

482.    Publix denies the allegations in paragraph 482.

483.    Publix denies the allegations in paragraph 483.

484.    Paragraph 484 states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 484.  Publix further denies that FDA Schedule II and FDA Schedule III controlled substances are known as "opiate narcotics or opioids."  Publix admits that its pharmacies sold controlled substances, including FDA Schedule II and FDA Schedule III controlled substances.

485.    Publix denies the allegations in Paragraph 485.

486.     Publix denies the allegations in Paragraph 486 except to admit that at certain times it would order and receive opioids from outside vendors or its own warehouses.

487.     Publix denies the allegations in paragraph 487.

488.     Publix denies the allegations in paragraph 488.

489.     Publix denies the allegations in paragraph 489.

490.     Paragraph 490 states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions in paragraph 490.  Further, Publix denies the allegations in paragraph 490.

491.     Publix denies the allegations in paragraph 491.

492.     Paragraph 492 states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions in paragraph 492.  Further, Publix denies the allegations in paragraph 492.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 492; such allegations are deemed denied.

493.     Publix denies the allegations in paragraph 493.

494.     Publix denies the allegations in paragraph 494.

495.     Publix denies the allegations in paragraph 495.

496.     Paragraph 496 refers to a document, which speaks for itself, and Publix denies any characterization thereof.  Publix denies the remaining allegations in Paragraph 496.

497.     Paragraph 497 refers to a document, which speaks for itself, and Publix denies any characterization thereof.  Publix denies the remaining allegations in Paragraph 497.

498.     Publix denies the allegations in paragraph 498.

499.     Publix denies the allegations in paragraph 499.

500.    Publix denies the allegations in paragraph 500.

501.    Paragraph 501 refers to a document, which speaks for itself, and Publix denies any characterization thereof.  Publix denies the remaining allegations in Paragraph 501.

502.    Publix denies the allegations in paragraph 502.

503.    Publix denies the allegations in paragraph 503 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 503, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

504.    Paragraph 504 refers to a document, which speaks for itself, and Publix denies any characterization thereof.  Paragraph 504 also states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 504.  Further, Publix denies the allegations in paragraph 504 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 504, including to the extent those allegations apply to a defendant; such allegations are deemed denied.

505.    Paragraph 505 refers to a document, which speaks for itself, and Publix denies any characterization thereof.  Paragraph 505 also states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 505.  Further, Publix denies the allegations in paragraph 505 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 505, including to the extent those allegations apply to a defendant; such allegations are deemed denied.

510.     Paragraph 510 states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 510. Further, Publix denies the allegations in paragraph 510 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 510, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

511.     Paragraph 511 refers to a document, which speaks for itself, and Publix denies any characterization thereof.  Further, Publix denies the allegations in paragraph 511 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 511, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

529.     Publix denies the allegations in paragraph 529 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 529, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

530.     Paragraph 530 refers to a document, which speaks for itself, and Publix denies any characterization thereof.  Further, Publix denies the allegations in paragraph 530 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 530, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

531.     Paragraph 531 refers to a document, which speaks for itself, and Publix denies any characterization thereof.  Further, Publix denies the allegations in paragraph 531 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 531, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

532.    Paragraph 532 refers to a document, which speaks for itself, and Publix denies any characterization thereof.  Further, Publix denies the allegations in paragraph 532 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 532, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

533.    Paragraph 533 refers to a document, which speaks for itself, and Publix denies any characterization thereof.  Further, Publix denies the allegations in paragraph 533 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 533, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

534.    Paragraph 534 refers to a document, which speaks for itself, and Publix denies any characterization thereof.  Further, Publix denies the allegations in paragraph 534 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 534, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

535.    Paragraph 535 refers to a document, which speaks for itself, and Publix denies any characterization thereof.  Further, Publix denies the allegations in paragraph 535 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 535, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

536.    Paragraph 536 refers to a document, which speaks for itself, and Publix denies any characterization thereof.  Further, Publix denies the allegations in paragraph 536 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 536, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

539.    Paragraph 539 refers to a document, which speaks for itself, and Publix denies any characterization thereof.  Further, Publix denies the allegations in paragraph 539 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 539, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

540.    Paragraph 540 refers to a document, which speaks for itself, and Publix denies any characterization thereof.  Further, Publix denies the allegations in paragraph 540 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 540, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

541.    Paragraph 541 refers to a document, which speaks for itself, and Publix denies any characterization thereof.  Further, Publix denies the allegations in paragraph 541 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 541, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

544.    Paragraph 544 refers to a document, which speaks for itself, and Publix denies any characterization thereof.  Further Publix denies the allegations in paragraph 544 insofar as alleged against it, including that Publix is or was a member of HDA and/or its predecessors

HDMA and NWDA.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 544, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

545.    Publix denies the allegations in paragraph 545 insofar as alleged against it, including that Publix is or was a member of HDA and/or its predecessors HDMA and NWDA.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 545, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

546.    Paragraph 546 refers to a document, which speaks for itself, and Publix denies any characterization thereof.  Further, Publix denies the allegations in paragraph 546 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 546, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

547.    Publix denies the allegations in paragraph 547 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 547, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

548.    Paragraph 548 refers to documents that speak for themselves, and Publix denies any characterizations thereof.  Publix admits that NACDS provided support for S. 483, including NACDS signing a letter supporting the bill that was sent to Senators Hatch and White.  Publix denies the remaining allegations in Paragraph 548 to the extent they apply to Publix, including that Publix is or was a member of HDA and/or its predecessors HDMA and NWDA.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 548, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

549.     Paragraph 549 refers to a document that speaks for itself, and Publix denies any characterizations thereof.  Paragraph 549 also states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 549.  Further, Publix denies the allegations in paragraph 549 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to their truth, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

551.     Paragraph 551 refers to a document, which speaks for itself, and Publix denies any characterization thereof.  Further, Publix denies the allegations in paragraph 551 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 551, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

552.     Paragraph 552 refers to a document, which speaks for itself, and Publix denies any characterization thereof.  Further Publix denies the allegations in paragraph 552 insofar as alleged against it, including that Publix is or was a member of APAM, HDA and/or its predecessors HDMA and NWDA.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 552, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

553.     Paragraph 553 refers to a document, which speaks for itself, and Publix denies any characterization thereof.  Publix is otherwise without knowledge or information sufficient to

form a belief as to the truth of the allegations in paragraph 553, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

554.     Paragraph 554 refers to a document, which speaks for itself, and Publix denies any characterization thereof.  Further, Publix denies the allegations in paragraph 554 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 554, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

555.     Paragraph 555 refers to a document, which speaks for itself, and Publix denies any characterization thereof.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 555, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

556.     Paragraph 556 refers to a document, which speaks for itself, and Publix denies any characterization thereof.  Further Publix denies the allegations in paragraph 556 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 556, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

557.     Paragraph 557 refers to a document, which speaks for itself, and Publix denies any characterization thereof.  Further Publix denies the allegations in paragraph 557 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 557, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

558.     Paragraph 558 refers to a document, which speaks for itself, and Publix denies any characterization thereof.  Further Publix denies the allegations in paragraph 558 insofar as

alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 558, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

559.    Publix denies the allegations in paragraph 559 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 559, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

564.    Publix denies the allegations in paragraph 564 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 564, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

565.    Publix denies the allegations in paragraph 565 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 565, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

566.    Paragraph 566 refers to a document, which speaks for itself, and Publix denies any characterization thereof.  Further, Publix denies the allegations in paragraph 566 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 566, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

567.    Publix denies the allegations in paragraph 567 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 567, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

568. Publix denies the allegations in paragraph 568 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 568, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

569. Publix denies the allegations in paragraph 569 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 569, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

592. Publix denies the allegations in paragraph 592 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 592, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

600. Publix denies the allegations in paragraph 600 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 600, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

601. Paragraph 601 refers to documents, which speak for themselves, and Publix denies any characterization thereof. Further, Publix denies the allegations in paragraph 601 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 601, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

602.     Publix denies the allegations in paragraph 602 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 602, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

603.     Publix denies the allegations in paragraph 603 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 603, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

604.     Publix denies the allegations in paragraph 604 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 604, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

605.     Publix denies the allegations in paragraph 605 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 605, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

618.     Paragraph 618 refers to a document, which speaks for itself, and Publix denies any characterization thereof.  Further Publix denies the allegations in paragraph 618 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 618, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

619.     Paragraph 619 refers to a document, which speaks for itself, and Publix denies any characterization thereof.  Further Publix denies the allegations in paragraph 619 insofar as

48

alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 619, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

620.     Paragraph 620 refers to a document, which speaks for itself, and Publix denies any characterization thereof. Further, Publix denies the allegations in paragraph 620 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 620, including to the extent those allegations apply to another defendant or a third party; such allegations are deemed denied.

621.     Paragraph 621 states legal conclusions to which no response is required. To the extent a response is required, Publix denies the legal conclusions stated in paragraph 621. Further Publix denies the allegations in paragraph 621 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 621, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

622.     Publix denies the allegations in paragraph 622 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 622, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

671.     Publix lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 671; such allegations are deemed denied.

672.     Publix lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 672; such allegations are deemed denied.

673.     Publix lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 673; such allegations are deemed denied.

674.     Paragraph 674 refers to documents, which speak for themselves, and Publix denies any characterization thereof.  Further, Publix denies the allegations in paragraph 674 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 674; such allegations are deemed denied.

675.     Publix lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 675; such allegations are deemed denied.

676.     Paragraph 676 refers to a document, which speaks for itself, and Publix denies any characterization thereof.  Further, Publix denies the allegations in paragraph 676 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 676; such allegations are deemed denied.

677.     Publix lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 677; such allegations are deemed denied.

678.     Paragraph 678 refers to a document, which speaks for itself, and Publix denies any characterization thereof.  Further, Publix denies the allegations in paragraph 678 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 678; such allegations are deemed denied.

679.     Publix lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 679; such allegations are deemed denied.

680.     Publix lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 680; such allegations are deemed denied.

681.     Publix lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 681; such allegations are deemed denied.

682.     Publix denies the allegations in paragraph 682 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 682; such allegations are deemed denied.

683.     Publix denies the allegations in paragraph 683 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 683, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

684.     Publix denies the allegations in paragraph 684 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 684, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

685.     Publix denies the allegations in paragraph 685 insofar as alleged against it, including that Publix is or was a member of HDA and/or its predecessors HDMA and NWDA. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 685, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

686.     Publix denies the allegations in paragraph 686 insofar as alleged against it, including that Publix is or was a member of HDA and/or its predecessors HDMA and NWDA. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 686, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

687.    Publix denies the allegations in paragraph 687 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 687, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

688.    Publix denies the allegations in paragraph 688 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 688, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

689.    Publix denies the allegations in paragraph 689 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 689, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

690.    Paragraph 690 states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 690. Further, Publix denies the allegations in paragraph 690 insofar as alleged against it except as to admit that at various times it engaged in intra-company transfers of prescription opioids from its warehouses to its pharmacies in Georgia and that it dispensed prescription opioids in those pharmacies.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 690, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

691.    Paragraph 691 states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 691. Further, Publix denies the allegations in paragraph 691 insofar as alleged against it. Publix is

otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 691, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

692.    Paragraph 692 states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 692.  Further, Publix denies the allegations in paragraph 692 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 692; such allegations are deemed denied.

693.    Paragraph 693 states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 693.  Further, Publix denies the allegations in paragraph 693 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 693, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

694.    Paragraph 694 states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 694.  Further, Publix denies the allegations in paragraph 694 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 694, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

695.    Paragraph 695 states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 695.  Further, Publix denies the allegations in paragraph 695 insofar as alleged against it.  Publix is

otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 695, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

696.    Publix lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 696; such allegations are deemed denied.

697.    Paragraph 697 states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 697.  Further, Publix denies the allegations in paragraph 697 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 697, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

698.    Publix denies the allegations in paragraph 698 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 698, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

699.    Paragraph 699 states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 699.  Further, Publix denies the allegations in paragraph 699 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 699, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

700.    Paragraph 700 states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 700.

Further, Publix denies the allegations in paragraph 700 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 700, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

701.    Publix denies the allegations in paragraph 701 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 701, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

702.    Publix denies the allegations in paragraph 702 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 702, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

703.    Publix lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 703; such allegations are deemed denied.

704.    Publix lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 704; such allegations are deemed denied.

705.    Publix lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 705; such allegations are deemed denied.

706.    Paragraph 706 refers to documents, which speak for themselves, and Publix denies any characterization thereof. Further, Publix denies the allegations in paragraph 706 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 706; such allegations are deemed denied.

55

707. Paragraph 707 refers to documents, which speak for themselves, and Publix denies any characterization thereof. Further, Publix denies the allegations in paragraph 707 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 707; such allegations are deemed denied.

708. Publix lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 708; such allegations are deemed denied.

709. Paragraph 709 refers to documents, which speak for themselves, and Publix denies any characterization thereof. Further, Publix denies the allegations in paragraph 709 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 709; such allegations are deemed denied.

710. Publix lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 710; such allegations are deemed denied.

711. Publix lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 711; such allegations are deemed denied.

712. Paragraph 712 refers to documents, which speak for themselves, and Publix denies any characterization thereof. Further, Publix denies the allegations in paragraph 712 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 712, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

713. Publix lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 713; such allegations are deemed denied.

714.     Publix lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 714; such allegations are deemed denied.

715.     Publix lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 715; such allegations are deemed denied.

716.     Publix lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 716; such allegations are deemed denied.

717.     Publix lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 717; such allegations are deemed denied.

718.     Publix lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 718; such allegations are deemed denied.

719.     Publix lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 719; such allegations are deemed denied.

720.     Paragraph 720 states legal conclusions to which no response is required. To the extent a response is required, Publix denies the legal conclusions stated in paragraph 720. Further, Publix denies the allegations in paragraph 720 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 720, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

721.     Paragraph 721 states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 721. Further, Publix denies the allegations in paragraph 721 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 721, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

722.     Paragraph 722 states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 722. Further, Publix denies the allegations in paragraph 722 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 722, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

723.     Paragraph 723 states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 723. Further, Publix denies the allegations in paragraph 723 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 723, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

724.     Paragraph 724 states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 724. Further, Publix denies the allegations in paragraph 724 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 724, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

725.     Paragraph 725 states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 725. Further, Publix denies the allegations in paragraph 725 insofar as alleged against it.  Publix is

otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 725, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

726. Publix lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 726; such allegations are deemed denied.

727. Paragraph 727 states legal conclusions to which no response is required. To the extent a response is required, Publix denies the legal conclusions stated in paragraph 727. Further, Publix denies the allegations in paragraph 727 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 727, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

728. Paragraph 728 states legal conclusions to which no response is required. To the extent a response is required, Publix denies the legal conclusions stated in paragraph 728. Further, Publix denies the allegations in paragraph 728 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 728, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

729. Publix incorporates by reference its answers to all other allegations contained in this Answer as if fully set forth herein. Pursuant to paragraph 4 of the Stipulated Order Regarding Answering The May 19, 2021 Amended Complaints In The Five New Pharmacy Bellwether Cases entered August 17, 2021 (MDL Dkt. 3853), Publix is only required to answer the allegations set forth in this Complaint and does not respond to any allegations in Plaintiff's prior complaints and pleadings including Plaintiff's Original Complaint (ECF 1), its Amended

Short Form Complaint (ECF 6), or any other complaints or pleadings that Plaintiff purports to incorporate herein. Publix does not admit any allegation contained in any of Plaintiff's prior complaints and pleadings. Answering further, to the extent any of Plaintiff's prior pleadings contain allegations of wrongdoing, Publix denies such allegations to the extent they apply to Publix.

730. Pursuant to paragraph 4 of the Stipulated Order Regarding Answering The May 19, 2021 Amended Complaints In The Five New Pharmacy Bellwether Cases entered August 17, 2021 (MDL Dkt. 3853), Publix is only required to answer the allegations set forth in this Complaint and does not respond to any allegations in Plaintiff's prior complaints and pleadings including Plaintiff's Original Complaint (ECF 1), its Amended Short Form Complaint (ECF 6), or any other complaints or pleadings that Plaintiff purports to incorporate herein. Publix does not admit any allegation contained in any of Plaintiff's prior complaints and pleadings. Answering further, to the extent any of Plaintiff's prior pleadings contain allegations of wrongdoing, Publix denies such allegations to the extent they apply to Publix.

731. The allegations contained within paragraph 731 do not contain factual allegations requiring a response. To the extent any further response is required, Publix denies the allegations.

732. The allegations contained within paragraph 732 do not contain factual allegations requiring a response. To the extent any further response is required, Publix denies the allegations.

733. Publix incorporates by reference its answers to all other allegations contained in this Answer as if fully set forth herein. Pursuant to paragraph 4 of the Stipulated Order Regarding Answering The May 19, 2021 Amended Complaints In The Five New Pharmacy

Bellwether Cases entered August 17, 2021 (MDL Dkt. 3853), Publix is only required to answer the allegations set forth in this Complaint and does not respond to any allegations in Plaintiff's prior complaints and pleadings including Plaintiff's Original Complaint (ECF 1), its Amended Short Form Complaint (ECF 6), or any other complaints or pleadings that Plaintiff purports to incorporate herein. Publix does not admit any allegation contained in any of Plaintiff's prior complaints and pleadings. Answering further, to the extent any of Plaintiff's prior pleadings contain allegations of wrongdoing, Publix denies such allegations to the extent they apply to Publix.

734. Paragraph 734 states legal conclusions to which no response is required. To the extent a response is required, Publix denies the legal conclusions stated in paragraph 734. Further, Publix denies the allegations in paragraph 734 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 734, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

735. Paragraph 735 refers to law that speaks for itself, and Publix denies any characterizations thereof. To the extent paragraph 735 contains allegations of wrongdoing, Publix denies such allegations to the extent they apply to Publix.

736. Paragraph 736 refers to law that speaks for itself, and Publix denies any characterizations thereof. To the extent paragraph 736 contains allegations of wrongdoing, Publix denies such allegations to the extent they apply to Publix.

737. Paragraph 737 states legal conclusions to which no response is required. To the extent a response is required, Publix denies the legal conclusions stated in paragraph 737. Further, Publix denies the allegations in paragraph 737 insofar as alleged against it. Publix is

otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 737, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

738.    The allegations in paragraph 738 state legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 738.  Further, Publix denies the allegations in paragraph 738 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 738, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

739.    Publix admits that it at certain times it engaged in intra-company transfers of opioids to its pharmacies.  Publix also admits that it dispensed certain prescription opioids to customers.  Publix denies the remaining allegations in Paragraph 739 to the extent they apply to Publix.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 739, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

740.    Publix admits that it at certain times it engaged in intra-company transfers of opioids to its pharmacies.  Publix also admits that it dispensed certain prescription opioids to customers.  Publix denies the remaining allegations in Paragraph 740 to the extent they apply to Publix.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 740, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

741.    Publix admits that at certain times it engaged in intra-company transfers of opioids to its pharmacies.  Publix also admits that it dispensed certain prescription opioids to

customers. Publix denies the remaining allegations in Paragraph 741 to the extent they apply to Publix. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 741, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

742. Publix admits it possessed certain data on prescription medication it transferred and dispensed. Publix denies the allegations in paragraph 742 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 742, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

743. Paragraph 743 states legal conclusions to which no response is required. To the extent a response is required, Publix denies the legal conclusions stated in paragraph 743. Further, Publix denies the allegations in paragraph 743 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 743, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

744. Publix denies the allegations in paragraph 744 to the extent they apply to Publix. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 744, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

745. Paragraph 745 states legal conclusions to which no response is required. To the extent a response is required, Publix denies the legal conclusions stated in paragraph 745. Further, Publix denies the allegations in paragraph 745 insofar as alleged against it. Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 745, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

746.    Paragraph 746 states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 746. Further, Publix denies the allegations in paragraph 746 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 746, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

747.    Paragraph 747 states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 747. Further, Publix denies the allegations in paragraph 747 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 747, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

748.    Paragraph 748 states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 748. Further, Publix denies the allegations in paragraph 748 insofar as alleged against it.  Publix is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 748, including to the extent those allegations apply to another defendant; such allegations are deemed denied.

749.    Paragraph 749 states legal conclusions to which no response is required.  To the extent a response is required, Publix denies the legal conclusions stated in paragraph 749. Further, Publix denies the allegations in paragraph 749 insofar as alleged against it.  Publix is

otherwise without knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 749, including to the extent those allegations apply to another defendant;

such allegations are deemed denied.

750.    Paragraph 750 states legal conclusions to which no response is required.  To the

extent a response is required, Publix denies the legal conclusions stated in paragraph 750.

Further, Publix denies the allegations in paragraph 750 insofar as alleged against it.  Publix is

otherwise without knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 750, including to the extent those allegations apply to another defendant;

such allegations are deemed denied.

751.    Paragraph 751 states legal conclusions to which no response is required.  To the

extent a response is required, Publix denies the legal conclusions stated in paragraph 751.

Further, Publix denies the allegations in paragraph 751 insofar as alleged against it.  Publix is

otherwise without knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 751, including to the extent those allegations apply to another defendant;

such allegations are deemed denied.

752.    Paragraph 752 summarizes Plaintiff's claims and does not require a response.  To

the extent paragraph752 contains allegations of wrongdoing, Publix denies such allegations.

Paragraph 752 states legal conclusions to which no response is required.  To the extent a

response is required, Publix denies the legal conclusions stated in paragraph 752.  Further, Publix

denies the allegations in paragraph 752 insofar as alleged against it.  Publix is otherwise without

knowledge or information sufficient to form a belief as to the truth of the allegations in

paragraph 752, including to the extent those allegations apply to another defendant; such

allegations are deemed denied.

753.     Publix denies that Plaintiff is entitled to the relief described in paragraph 753.

754.     Paragraph 754 summarizes Plaintiff's request for a jury and does not require a response.

## AFFIRMATIVE DEFENSES

Publix raises the following affirmative defenses to the Complaint.  By designating the following defenses as affirmative defenses, Publix does not concede that it bears the burden of proof and/or the burden of persuasion as to any such defense.  Publix reserves the right to (1) rely on any other applicable defenses that may become apparent during fact or expert discovery; (2) rely on any other applicable defenses set forth in any Answer or list of affirmative defenses filed or submitted by any other Defendant in this action; and (3) amend this document and/or its Answer to assert any such defenses.

1.     The Complaint fails to state a claim upon which relief may be granted, fails to state facts sufficient to constitute the purported causes of action, and fails to plead a legally cognizable injury.

2.     This Court lacks personal jurisdiction over Publix.

3.     Plaintiff's claims are barred by the doctrine of primary jurisdiction.

4.     Venue may be improper and/or inconvenient in this Court.

5.     Plaintiff's claims are barred by the applicable statutes of limitation.

6.     Plaintiff's claims are barred by the doctrine of laches.

7.     Plaintiff's claims are barred by the applicable statutes of repose.

8.     Plaintiff lacks standing to bring all or some of its claims.

9.     Plaintiff's claims are barred by the voluntary payment doctrine.

10.     Plaintiff's claims are barred by the doctrine of unclean hands.

11.     Plaintiff's claims are barred by the doctrine of in pari delicto.

12.     Plaintiff's claims are not ripe and/or have been mooted.

13.     To the extent applicable, the Court lacks subject matter jurisdiction to address any violations of the Georgia Pharmacy Practice Act, either (1) for failure to comply with any administrative remedies under the Act, (2) because the Georgia Pharmacy Practice Act does not give rise to a private cause of action, and/or (3) because the Court has already dismissed any claims or cause of action arising from or related to the Georgia Pharmacy Practice Act.

14.     Plaintiff's claims and damages are barred or limited, in whole or in part, by common law, statutory, and state constitutional constraints on the exercise of police powers by a municipality.

15.     Plaintiff's claims and damages are barred or limited by the political question and separation of powers doctrines and because its claims implicate issues of statewide importance that are reserved for state regulation.

16.     Plaintiff's claims are barred because Plaintiff is not the real party in interest.

17.     Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity to bring its claims.

18.     Plaintiff's claims are barred to the extent Publix has valid defenses which would bar recovery by those persons on whose behalf Plaintiff seeks recovery.

19.     Plaintiff's claims are subject to all defenses that could be asserted if Plaintiff's claims were properly made by individuals on whose behalf Plaintiff seeks to recover.

20.     Plaintiff has failed to comply with the requirement that it identify each patient in whose claim(s) it has a subrogation interest and on whose behalf it has incurred costs.

21.     Plaintiff fails to plead that it reimbursed any prescriptions for any opioid dispensed by Publix that harmed patients and should not have been written, or that Publix's allegedly improper conduct caused any health care provider to write any ineffective or harmful opioid prescriptions, or that any specific prescription was unauthorized, medically unnecessary, ineffective, or harmful.

22.     Plaintiff's claims are barred by the doctrines of estoppel, waiver, and/or ratification.

23.     Plaintiff's claims against Publix do not arise from the same transactions or occurrences as its claims against other defendants, as required for joinder of parties.

24.     Plaintiff failed to join all necessary parties, including without limitation health care providers, prescribers, patients, and other third parties whom Plaintiff alleged engaged in the unauthorized, improper, or illicit prescription, dispensing, diversion, or use of opioids.

25.     Plaintiff's claims against Publix are improperly joined with Plaintiff's claims against other Defendants and must be severed.

26.     Publix denies all types of causation, including without limitation cause in fact, proximate cause, and producing cause, as to the claims asserted against Publix.

27.     Plaintiff's claims are barred, in whole or in part, because the alleged injuries and damages resulted from intervening and/or superceding causes and any alleged act or omission by Publix was not the proximate and/or producing cause of Plaintiff's alleged injuries and damages.

28.     Plaintiff's claims are barred, in whole or in part, because Publix has no legal duty to protect Plaintiff from the intentional criminal acts of third persons. Such criminal acts are superseding and/or intervening causes that extinguish any liability.

29.     Plaintiff's claims are barred, in whole or in part, because its alleged injuries or damages were due to illicit use or abuse of medications.

30.     Plaintiff's claims are barred to the extent their alleged injuries and damages were caused or contributed to by the negligence, gross negligence, intentional and malicious acts or conduct of Plaintiff and/or third parties over whom Publix had no control and for whom it is not responsible.

31.     Plaintiff's claims are barred, in whole or in part, because the derivative injury rule and the remoteness doctrine bar Plaintiff from recovering payments that it allegedly made on behalf of its residents to reimburse any expenses for health care, pharmaceutical care, and other public services.

32.     Plaintiff's claims are barred because Plaintiff suffered no injuries or damages as a result of any action by Publix.

33.     Plaintiff's claims are barred, in whole or in part, because its alleged injuries or damages were caused by unforeseeable or uncontrollable forces over which Publix had no control, including without limitation pre-existing or unrelated medical conditions.

34.     Plaintiff's claims are barred, in whole or in part, because its alleged injuries or damages were caused by the misuse of the medications involved, by failure to use the medications properly, and/or by the alteration or modification of, or criminal misuse of medications, and/or the improper prescription of medications by third parties over whom Publix had no control, for whom Publix is not responsible, and that operated as superseding causes that extinguish any liability.

35.     Plaintiff's claims are barred, in whole or in part, because neither the users of the subject prescription medications nor their prescribers of medications dispensed by Publix, nor

Plaintiff itself relied to their detriment upon any statement by Publix in determining to use or prescribe the subject prescription medications.

36.     Any and all of the injuries or damages suffered by Plaintiff resulted solely from conduct and/or conditions for which Publix is not responsible and for which it cannot be held liable.

37.     Any injuries and/or damages sustained by Plaintiff were caused, in whole or part, by its own failure to effectively enforce the law and prosecute violations thereof and any recovery by Plaintiff is barred or, alternatively, should be diminished according to its own fault.

38.     Any recovery by Plaintiff is barred or limited by the principle of comparative or contributory fault.

39.     Any recovery by Plaintiff may be barred or limited by the principles of informed consent and assumption of the risk, whether primary, express, or implied.

40.     Publix asserts its right to a proportionate reduction, based on the negligence or other conduct of any settling tortfeasor, responsible third party, or Plaintiff, of any damages found against Publix.

41.     Plaintiff's claims are barred to the extent its alleged damages are speculative, uncertain, hypothetical, and remote; and because of the impossibility of ascertaining and allocating the alleged damages.

42.     The alleged injuries and damages asserted by Plaintiff are too remote and/or speculative from the alleged conduct of Publix to be a basis for liability as a matter of law and due process and derive solely from the claims of others.

43.     In the event of liability against Publix (which liability is specifically denied), a specific percentage of the tortious conduct that proximately caused Plaintiff's injury or loss is

70

attributable to (1) Plaintiff; (2) other parties from whom Plaintiff seeks recovery; and (3) persons

from whom Plaintiff does not seek recovery in this action, including but not limited to

prescribers of opioids, their associates, and employers, including hospitals; non-party

manufacturers of prescription opioids; non-party distributors of prescription opioids; non-Publix

pharmacies and pharmacists employed or formerly employed at those pharmacies; individuals

and entities involved in the distribution and/or sale of illegal opioids; individuals involved in

procuring diverted prescription opioids and/or illegal drugs; delivery services; federal, state, and

local government entities; and any other person identified by Plaintiff or any other defendant as a

non-party whose tortious conduct proximately caused Plaintiff's injury or loss. *See* O.C.G.A.

§§ 51-11-7 and § 51-12-33.

44.     In the event of liability against Publix (which liability is specifically denied),

Publix is liable only for its proportionate share of damages according to its percentage of fault.

*See* O.C.G.A. § 51– 12–33(b).  Any recovery by Plaintiff must be reduced pursuant to O.C.G.A.

§ 51-12-33(a) in proportion to Plaintiff's percentage of fault. In the event Plaintiff is fifty percent

or more responsible for its claimed injury or loss, Plaintiff shall not be entitled to receive any

damages. *See* O.C.G.A. § 51-12-33(g).

45.     Plaintiff may have failed or refused to exercise reasonable care and diligence to

avoid loss and minimize damages and, therefore, may not recover for losses that could have been

prevented by reasonable efforts on its part, or by expenditures which might reasonably have been

made.  *See* O.C.G.A. § 51-11-7. Recovery, if any, should therefore be reduced by Plaintiff's

failure to mitigate damages, if any.

46.     Plaintiff's claims are barred or limited by the economic loss rule.

47.     Plaintiff's claims are barred or limited by the free public services and/or municipal cost recovery doctrines.

48.     Plaintiff's claims are barred to the extent they relate to Publix's or other defendants' alleged advertising, public statements, lobbying, or other activities protected by the First Amendment to the Constitution of the United States or by the Constitution of the State of Georgia or that of any other state whose laws may apply.

49.     The damages which Plaintiff may be entitled to recover if liability is established (which liability is specifically denied) are capped pursuant to O.C.G.A. §§ 51-12-5.1 and 51-13-1, and pursuant to all federal and Georgia constitutional limitations on the assessment of punitive or exemplary damages.

50.     Any damages that Plaintiff may recover against Publix must be reduced to the extent that Plaintiff is seeking damages for alleged injuries or expenses related to the same user(s) of the subject prescription medications, or damages recovered or recoverable by other actual or potential plaintiffs.  Any damages that Plaintiff may recover against Publix must be reduced to the extent they unjustly enrich Plaintiff.

51.     Plaintiff's claims are barred to the extent they rely, explicitly or implicitly, on a theory of market-share liability.

52.     To the extent Plaintiff attempts to seek equitable relief, Plaintiff is not entitled to such relief because Plaintiff has an adequate remedy at law.

53.     Plaintiff's claims are barred, in whole or in part, to the extent that they violate the Due Process or Ex Post Facto clauses of the United States or Georgia constitutions.

54.     Defendant's rights under the Due Process Clause of the U.S. Constitution and applicable state Constitution or statute are violated by any financial or other arrangement that

72

might distort a government attorney's duty to pursue justice rather than his or her personal interests, financial or otherwise, in the context of a civil enforcement proceeding, including by Plaintiff's use of a contingency fee contract with private counsel.

55.     Plaintiff's claims are barred, in whole or in part, to the extent that they violate the Dormant Commerce Clause of the United States Constitution.

56.     Plaintiff's claims are barred, in whole or in part, because federal agencies have exclusive or primary jurisdiction over the matters asserted in the Complaint.

57.     Plaintiff's claims are preempted by federal law, including (without limitation) the federal Controlled Substances Act and the Food, Drug, and Cosmetic Act ("FDCA").

58.     Publix's conduct conformed with the FDCA and the requirements of the FDA, and the activities of Publix alleged in the Complaint conformed with all state and federal statutes, regulations, and industry standards based on the state of knowledge at the relevant time(s) alleged in the Complaint.

59.     Plaintiff's claims are barred, in whole or in part, by conflict preemption as set forth in the United States Supreme Court's decisions in *PLIVA, Inc. v. Mensing*, 131 S. Ct. 2567 (2011), and *Mutual Pharm. Co. v. Bartlett*, 133 S. Ct. 2466 (2013).

60.     Plaintiff's claims are preempted insofar as they conflict with Congress's purposes and objectives in enacting relevant federal legislation and authorizing regulations, including the Hatch- Waxman Amendments to the FDCA and implementing regulations.  *See Geier v. Am. Honda Co.*, 529 U.S. 861 (2000).

61.     To the extent Plaintiff asserts claims that depend solely on violations of federal law, including any claims of a "fraud on the FDA" with respect to the manufacturers' disclosure

of information related to the safety of their medications at issue, such claims are barred and should be dismissed.  *See Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001).

62.     To the extent Plaintiff asserts claims that depend solely on violations of federal law, including any claims of "fraud on the DEA" with respect to Publix's compliance with statutes or regulations administered and/or enforced by the DEA, such claims are barred and should be dismissed.  *See Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001).

63.     Plaintiff's claims are barred, in whole or in part, by the deference that common law accords discretionary actions by the FDA under the FDCA and discretionary actions by the DEA under the Controlled Substances Act.

64.     Plaintiff's claims are barred, in whole or in part, for failure to exhaust administrative remedies or to satisfy other procedural prerequisites.

65.     If Plaintiff incurred the damages alleged, which is expressly denied, Publix is not liable for damages because the methods, standards, or techniques of designing, manufacturing, labeling, and distributing of the prescription medications at issue complied with and were in conformity with the laws and regulations of the Controlled Substances Act, the FDCA, and the generally recognized state of the art in the industry at the time the product was designed, manufactured, labeled, and dispensed.

66.     Plaintiff's claims are barred to the extent they are based on any allegations involving failure to provide adequate warnings or information because all warnings or information that accompanied the allegedly dispensed products were approved by the United States Food & Drug Administration for a product approved under the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 301 et seq.), as amended, or Section 351, Public Health Service Act (42 U.S.C. § 262), as amended, or the warnings and information provided were those stated in

monographs developed by the United States Food & Drug Administration for pharmaceutical products that may be dispensed without an approved new drug application.

67.     Plaintiff's claims are barred in whole or in part under the learned intermediary doctrine.

68.     Publix did not owe or breach any statutory or common law duty to Plaintiff.

69.     Publix appropriately, completely, and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint.

70.     Plaintiff's claims are barred, in whole or in part, because Publix complied at all relevant times with all applicable laws, including all legal, regulatory and professional duties.

71.     To the extent that Plaintiff relies on letters or other informal guidance from the DEA to establish Publix's regulatory duties, such informal guidance cannot enlarge Publix's regulatory duties in the absence of compliance by DEA with the requirements by the Administrative Procedure Act, 5 U.S.C. § 551 et seq.

72.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has no private right of action under the relevant laws and regulations.

73.     Plaintiff's claims are barred, in whole or in part, by the Restatement (Second) of Torts § 402A, Comments j and k, and Restatement (Third) of Torts: Products Liability § 6.

74.     Publix is not liable for any statements in the manufacturers' branded or unbranded materials.

75.     Plaintiff's claims are barred in whole or in part, or are subject to other limitations, by the Georgia products liability statute, O.C.G.A. § 51-1-11 et seq.

76.     Plaintiff's nuisance claims are barred to the extent that it lacks the statutory authority to bring a nuisance claim under Georgia law or its own applicable county or municipal codes or regulations.

77.     Plaintiff's common law and statutory public nuisance claims are barred or limited by the Georgia products liability statute.

78.     Plaintiff's public nuisance claims are barred or limited to the extent that they have been abrogated or otherwise curtailed by Georgia statutes.  *See* O.C.G.A. § 26-4-20(b).

79.     Plaintiff's claim of public nuisance is barred or limited because no action of Publix involved interference with real property; illegal conduct perpetrated by third parties involving the use of an otherwise legal product does not involve a public right against the distributor sufficient to state a claim for public nuisance; the alleged public nuisance would have impermissible extraterritorial reach; and the alleged conduct of Publix is too remote from the alleged injury as a matter of law and due process.

80.     Plaintiff's public nuisance claim is barred or limited to the extent that it has been abrogated or otherwise curtailed by Georgia Code Section 51.1.11, *et seq*.

81.     Plaintiff's public nuisance claim is barred because there is no enforceable duty to monitor and halt apparently suspicious orders before shipping.

82.     Plaintiff's public nuisance claim is barred to the extent it seeks to establish liability based on unlawful conduct with respect to the dispensing of prescription opioid medications because neither the Controlled Substances Act nor equivalent Georgia law imposes relevant corporate-level dispensing duties.

83. Plaintiff's public nuisance claim is barred because the alleged conduct of Publix's distribution and dispensing activity was not alleged to have harmed all or even most people who came into contact with it.

84. Plaintiff's public nuisance claim is barred because Plaintiff fails to allege a common right of all members of the public that is alleged to have been infringed upon.

85. Plaintiff's claim for unjust enrichment is barred or limited because Publix did not receive and retain any alleged benefit from Plaintiff.

86. Plaintiff's claims are barred, reduced, and/or limited pursuant to the applicable Georgia statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

87. Plaintiff's claims are barred, reduced, and/or limited to the extent that Publix is entitled to a credit or setoff for any and all sums Plaintiff has received in the way of any and all settlements.

88. To the extent that Plaintiff is alleging fraud, fraudulent concealment, or similar conduct, Plaintiff has failed to plead fraud with sufficient particularity.

89. Plaintiff fails to plead any actionable misrepresentation or omission made by or attributable to Publix.

90. Plaintiff's claims are barred in whole or in part because no conduct of Publix was misleading, unfair, or deceptive.

91. Plaintiff's claims are barred, in whole or in part, because neither the users, nor their prescribers of the medications dispensed by Publix, nor Plaintiff itself, relied to their detriment upon any statement by Publix in determining to use the medications at issue.

92.     Plaintiff's claims for punitive or exemplary damages or other civil penalties are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the Due Process clauses of the United States Constitution, the Excessive Fines Clause of the Eighth Amendment of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, the Sixth Amendment to the United States Constitution, and applicable provisions of the Constitution of Georgia or that of any other state whose laws may apply. Any law, statute or other authority purporting to permit the recovery of punitive damages or civil penalties in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages or civil penalties and/or the amount, if any; (2) is void for vagueness in that it fails to provide adequate advance notice as to what conduct will result in punitive damages or civil penalties; (3) unconstitutionally may permit recovery of punitive damages or civil penalties based on harms to third parties, out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff (4) unconstitutionally may permit recovery of punitive damages or civil penalties in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5) permits the imposition of punitive damages where the burden of proof is less than clear and convincing evidence; (6) permits the imposition of punitive damages without bifurcating the trial and trying all punitive damages issues separately, only if and after a finding on the merits of the liability of the Defendants; (7) permits the imposition of punitive damages without any

predetermined limit on any such award; (8) permits an imposition of punitive damages that allows for multiple punishments for the same alleged act(s) or omission(s); (9) unconstitutionally may permit jury consideration of net worth or other financial information relating to Defendants; (10) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any award of punitive damages or civil penalties; (11) lacks constitutionally sufficient standards for appellate review of any award of punitive damages or civil penalties; (12) would unconstitutionally impose a penalty, criminal in nature, without according to Defendants the same procedural protections that are accorded to criminal defendants under the constitutions of the United States, this State, and any other state whose laws may apply; and (13) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996); *State Farm Ins. Co. v. Campbell*, 538 U.S. 408 (2003); and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

93. To the extent that Plaintiff seeks punitive, exemplary, or aggravated damages, any such damages are barred because the product at issue, and its labeling, were subject to and received pre- market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

94. Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity to assert their claims, including claims indirectly maintained on behalf of their citizens and claims brought as parens patriae.

95. Publix followed good faith dispensing practices and its pharmacists properly fulfilled their corresponding responsibility to review prescriptions for indications that they were not issued in the usual course of professional treatment. 21 C.F.R. § 1306.04(a). Publix pharmacists did not knowingly fill any prescriptions that they knew were not legitimate.

96. Publix and its pharmacists reasonably relied upon the prescribers who issued the prescriptions and have the primary "responsibility for the proper prescribing and dispensing of controlled substances." 21 C.F.R. § 1306.04(a).

97. Publix and its pharmacists reasonably relied upon the DEA which set annual national quotas for controlled substances based upon the country's legitimate medical needs and is responsible for the enforcement of the CSA.

98. Publix cannot control and is not responsible for what patients do with prescription drugs after they are dispensed by pharmacists. Patients have a duty to use the drugs properly and store them safely.

99. Plaintiff's public nuisance claim is precluded by O.C.G.A. § 26-4-1 et seq. and the Georgia Legislature's comprehensive regulation of drugs of abuse.

100. To the extent that Plaintiff pleads punitive or exemplary damages, any such damages are barred because Plaintiff cannot prove by clear and convincing evidence that Publix was grossly negligent and Publix has neither acted nor failed to act in a manner that entitles Plaintiff to recover punitive or exemplary damages.

101. Plaintiff cannot obtain relief on its claims based on actions undertaken by Publix of which Publix provided notice of all material facts.

102. Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel.

103. Plaintiff's damages, if any, were caused by the active, direct and proximate negligence or other conduct of entities or persons other than Publix, and in the event Publix is found liable to Plaintiff, Publix will be entitled to indemnification, contribution, and/or apportionment.

104. Any verdict or judgment that might be recovered by Plaintiff must be reduced by those amounts that already have indemnified or with reasonable certainty will indemnify Plaintiff in whole or in part for any past or future claimed economic loss from any collateral source or any other applicable law.

105. Plaintiff's claims are barred, in whole or in part, by the doctrines of acquiescence, settlement, or release.

106. Publix is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from Georgia rule of law, statutes, Georgia common law, the Georgia Constitution and/or any other state constitution, statute or regulation that may apply.

107. Publix asserts all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b) and/or O.C.G.A. §§ 9-11-8(c) and -12(b) as investigation and discovery proceeds.

108. To the extent they are not otherwise incorporated herein, Publix incorporates as a defense the defenses and arguments raised in the motions to dismiss of the Pharmacy Defendants in this case.

109. To the extent they are not otherwise incorporated herein, Publix incorporates as a defense the defenses and arguments raised in Publix Super Markets, Inc.'s Motion to Dismiss (Dkt. No. 28). Plaintiff's claim is barred because, as interpreted in *State ex rel. Boykin v. Ball Inv. Co.*, 191 Ga. 382 (Ga. 1940), Georgia law does not recognize a public nuisance claim when the statute governing the relevant activity does not include such a cause of action.

110. Plaintiff's claims are barred to the extent they are based on alleged violations of industry customs because purported industry customs do not create legal duties on Publix.

111. Plaintiff's claims are barred or limited by the terms and effect of any applicable Consent Judgment or settlement, including by operation of the doctrines of res judicata and

81

collateral estoppel, failure to fulfill conditions precedent, failure to provide requisite notice, payment, accord and satisfaction, and compromise and settlement.

112.    Publix's liability, if any, will not result from its conduct but is solely the result of an obligation imposed by law, and thus Publix is entitled to complete indemnity, express or implied, by other parties.

113.    To the extent that Plaintiff pleads punitive or exemplary damages, any such damages are barred because Plaintiff cannot prove by clear and convincing evidence that Publix was grossly negligent and Publix has neither acted nor failed to act in a manner that entitles Plaintiff to recover punitive or exemplary damages.

114.    Plaintiff's request, if any, for punitive or exemplary damages is barred because Plaintiff cannot prove by clear and convincing evidence that Publix's actions showed willful misconduct, malice, fraud, wantonness, oppression, or entire want of care which would raise the presumption of conscious indifference to consequences, and Publix has neither acted nor failed to act in a manner that entitles Plaintiff to recover punitive or exemplary damages.

115.    To the extent Plaintiff has made a civil conspiracy claim against these Answering Defendants, and such claim has not been dismissed by the Court, there is no basis for joint and several liability among the Defendants, and Plaintiff's civil conspiracy should be dismissed, as it is an improper attempt to obtain such a result.

116.    The Complaint fails to state a claim against Publix because Plaintiff cannot establish a right common to the general public with which Publix unreasonably interfered.

117.    To the extent applicable, Publix is not a Wholesale Distributor as alleged in the Complaint and, hence, the Complaint is premised on a mistaken allegation against Publix and should be dismissed against Publix for that reason.

118.     Plaintiff's claims against Publix are barred because Publix has complied with all applicable laws or regulations of the federal government and the State of Georgia.

119.     Plaintiff's claims are barred, in whole or in part, by the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution as well as Article I, Sec. I of the Georgia Constitution, because substantive due process forbids the retroactive imposition and unclear legal interpretations of the Georgia Uniform Controlled Substances Act and its federal counterpart, including, without limitation, the federal Controlled Substances Act and the Food, Drug, and Cosmetic Act ("FDCA").

120.     Plaintiff's claims are barred, in whole or in part, because the State of Georgia specifically licensed Publix to dispense the controlled substances referred to in the Complaint to purchasers with valid prescriptions within the relevant Counties in Georgia.

121.     Plaintiff's commencement and prosecution of this action is arbitrary and capricious, and its claims are contrary to the Georgia Controlled Substances Act, Georgia Code Ann. § 16-13-20, *et seq.*, and rules and regulations promulgated pursuant to that Act and its federal counterpart.

122.     Plaintiff's claims against Publix are barred, in whole or in part, because it has suffered no damages because of the matters alleged in the Complaint.

123.     The Plaintiff is not entitled to the asserted damages, as it seeks as damages the costs it allegedly incurred in providing public services, to the extent there is no express statutory provision establishing such a remedy.

124.     Plaintiff's claims for unjust enrichment are barred because Plaintiff has no authority to bring such claims on behalf of itself or the citizens of Georgia.

125. Plaintiff's claims are barred, in whole or in part, because Publix did not engage in misleading, unfair, actionable misrepresentation, or deceptive conduct.

126. Plaintiff has not suffered, and will not suffer, any injury to a legally protected or cognizable interest because of the conduct of Publix as alleged in the Complaint.

127. Plaintiff fails to assert claims and allege facts specific to Publix sufficient to imply its participation in a civil conspiracy.

128. Plaintiff has failed to state its damages with specificity as required under Georgia Code Ann. § 9-11-9(g).

129. Publix reserves the right to assert any other defense available under Georgia statutes, Georgia common law, the Georgia Constitution, and/or any other state constitution, statute, or regulation that may apply.

130. Publix adopts by reference any additional applicable defense pled by any other defendants not otherwise pled herein.

## DEMAND FOR JURY TRIAL

Publix hereby demands a jury trial as to all issues or claims for which a jury trial is allowed.

## PRAYER FOR RELIEF

Publix prays that (a) judgment be entered dismissing Plaintiff's Complaint with

prejudice, and (b) this Court grant it such other relief as it deems just and appropriate including

costs and reasonable attorney's fees.


Dated: December 9, 2021           HOLLINGSWORTH LLP


By: */s/ Gregory S. Chernack*
      Gregory S. Chernack
      Kathryn S. Jensen
      1350 I Street NW
      Washington, DC 20005
      202-898-5800
      gchernack@hollingsworthllp.com
      kjensen@hollingsworthllp.com

      *Attorneys for Defendant*
      *Publix Super Markets, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 9, 2021, the foregoing was filed using the Court's CM/ECF filing system and will be served via the Court's CM/ECF filing system on all attorneys of record.

*/s/ Gregory S. Chernack*
Gregory S. Chernack