# EXHIBIT 12

P-PUB-0270

PUBLIX

PHARMACY

Feeling well. Living better. ™

EXHIBIT

Plaintiff's 11

Date:        May 18, 2011

To:          All Pharmacists

From:        Fred Ottolino

Copy:        Division Vice Presidents, Pharmacy Operations Managers, Pharmacy Supervisors,
             Todd Jones

Subject: Prescription Drug Abuse

Prescription drug abuse is the nation's fastest-growing drug problem.  Unfortunately, a good portion of the
problem is right here in Florida.  The Drug Enforcement Agency (DEA) reports that 98 of the top 100
oxycodone prescribers are doctors in Florida.  Florida medical practitioners (prescribers) purchased more
oxycodone pills in the first six months of 2010 than health care practitioners in all other states combined.

There were 5,275 persons who died in Florida during 2009 and another 2,579 in the first half of 2010 with
at least one prescription drug in their system identified as either the cause of death or present in the
decedent.  Currently, an average of 7 people are dying every day from oxycodone overdose in Florida.
Prescription drug abuse claims no territorial boundaries and crosses the age span from drug addicted
newborns to seniors.

As pharmacists, we need to practice the profession of pharmacy using good judgment no matter the state
we are located.  We are healthcare professionals and we play a major role in the public's heath.  In order to
take care of our customers, it is imperative that we use good judgment especially when dispensing
controlled substances.  Publix will always support your decision to dispense or not when based on good,
sound professional judgment.

Please review the following excerpts describing the DEA's guidance to combat prescription abuse.  Also
inserted is a section from the Florida Board of Pharmacy.  The Florida rules are an excellent guideline for
all pharmacists to adhere to regardless of the state you practice.

**The <u>DEA Pharmacist's Manual</u> states in section IX:  Corresponding Responsibility**

> A pharmacist also needs to know there is a corresponding responsibility for the pharmacist who
> fills the prescription. <u>An order purporting to be a prescription issued not in the usual course of
> professional treatment or in legitimate and authorized research is an invalid prescription within the
> meaning and intent of the CSA (21 U.S.C. § 829)</u>. The person knowingly filling such a purported
> prescription, as well as the person issuing it, shall be subject to the penalties provided for
> violations of the provisions of law relating to controlled substances.

> A pharmacist is required to exercise sound professional judgment when making a determination
> about the legitimacy of a controlled substance prescription. Such a determination is made before
> the prescription is dispensed. The law does not require a pharmacist to dispense a prescription of
> doubtful, questionable, or suspicious origin. To the contrary, the pharmacist who deliberately

Page 1

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER



PLAINTIFF TRIAL
EXHIBIT
P-01376

PUBLIX-MDLT8-00118914

ignores a questionable prescription when there is reason to believe it was not issued for a legitimate medical purpose may be prosecuted along with the issuing practitioner, for knowingly and intentionally distributing controlled substances. Such action is a felony offense, which may result in the loss of one's business or professional license (see United States v. Kershman, 555 F.2d 198 [United States Court Of Appeals, Eighth Circuit, 1977]).

**Florida Board of Pharmacy Rule:**
**64B16-27.831 Standards of Practice for the Dispensing of Controlled Substances for Treatment of Pain.**

(1) An order purporting to be a prescription that is not issued for a legitimate medical purpose is not a prescription and the pharmacist knowingly filling such a purported prescription shall be subject to penalties for violations of the law.

(2) The following criteria shall cause a pharmacist to question whether a prescription was issued for a legitimate medical purpose:

(a) Frequent loss of controlled substance medications,
(b) Only controlled substance medications are prescribed for a patient,
(c) One person presents controlled substance prescriptions with different patient names,
(d) Same or similar controlled substance medication is prescribed by two or more prescribers at same time,
(e) Patient always pays cash and always insists on brand name product.

(3) If any of the criteria in (2) is met, the pharmacist shall:

(a) Require that the person to whom the medication is dispensed provide picture identification and the pharmacist should photocopy such picture identification for the pharmacist's records. If a photocopier is not available, the pharmacist should document on the back of the prescription complete descriptive information from the picture identification. If the person to whom medication is dispensed has no picture identification, the pharmacist should confirm the person's identity and document on the back of the prescription complete information on which the confirmation is based.

(b) Verify the prescription with the prescriber. A pharmacist who believes a prescription for a controlled substance medication to be valid, but who has not been able to verify it with the prescriber, may determine not to supply the full quantity and may dispense a partial supply, not to exceed a 72 hour supply. After verification by the prescriber, the pharmacist may dispense the balance of the prescription within a 72 hour time period following the initial partial filling, unless otherwise prohibited by law.

Please contact your Pharmacy Supervisor with questions.

/sb

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER                    PUBLIX-MDLT8-00118915

P-01376_2