UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*All Cases* | Case No.: 17-MD-2804<br><br>Judge: Dan Aaron Polster<br><br>**PBM DEFENDANTS' SUR-REPLY REGARDING PLAINTIFFS' MOTION TO LIFT MORATORIUM ON SUBSTANTIVE FILINGS** |

The PBM Defendants submit this short sur-reply to address the PEC's proposed sequencing of motions to amend, which it proposed for the first time in its reply supporting its motion to lift the moratorium on substantive filings. ECF No. 5434.

*First*, the PEC mischaracterizes the PBM Defendants' original response. In their original response (ECF No. 5423), the PBM Defendants did not take a position on the PEC's motion to lift the moratorium. The PBM Defendants simply proposed a briefing schedule for any motion to amend that might be filed if the Court chose to lift the moratorium. In proposing that schedule, the PBM Defendants did not suggest that an omnibus motion to amend would be appropriate. On the contrary, the PBM Defendants agree with the PEC and with Opposing Defendants[*] that an omnibus motion to amend would *not* be appropriate. *See In Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 841 (6th Cir. 2020) ("[A]s the Supreme Court has made clear, every case in an MDL (other than cases for which there is a consolidated complaint) retains its individual character. That means an MDL court's determination of the parties' rights in an individual case must be based on the same legal rules that apply in other cases, ***as applied to the record in that case alone***." (emphasis added)).

---

[*] "Opposing Defendants" are the defendants that opposed the PEC's motion in ECF No. 5429.

*Second*, for the same reasons that an omnibus motion to amend would be inappropriate, the sequence proposed in the PEC's reply is similarly inappropriate and unworkable. The PEC proposes that the Court indefinitely lift the moratorium on substantive filings, allow a "first phase" of ten plaintiffs' motions to amend, and then establish some "second phase to follow" based on a "categorial approach." ECF No. 5434 at 6–7. That proposed sequencing and "categorial approach" would violate binding precedent from the Sixth Circuit: There can be no representative set of motions to amend that would carry through to hundreds or thousands of other cases because each case retains its own individual character and must be evaluated on its own. *See In Nat'l Prescription Opiate Litig.*, 956 F.3d at 845 ("[T]he Supreme Court—again unanimously—has said that, subject to one exception not relevant here, the cases within an MDL 'retain their separate identities.' That means a district court's decision whether to grant a motion to amend in an individual case depends on the record in that case and not others." (quoting *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 413 (2015))). Just like an omnibus motion to amend, the PEC's proposed sequencing and "categorical approach" would improperly and unlawfully strip each MDL case of its "individual character." *Id.* at 841. Nor should the Court lift the moratorium for some indefinite window for motions to amend. The PEC says "many" plaintiffs "would add additional defendants, including PBMs, other pending bellwether defendants, or Tier 2/Tier 3 defendants to their existing cases if they were granted leave to do so." ECF No. 5411 at 2. If so, the PEC should have no problem filing motions within 30 days of the Court lifting the moratorium (if the Court decides to do so).

Dated: May 15th, 2024

/s/ *Brian D. Boone*
Brian D. Boone
**ALSTON & BIRD LLP**
Vantage South End
1120 South Tryon Street, Suite 300
Charlotte, NC 28203
Tel: (704) 444-1000
brian.boone@alston.com

William H. Jordan
**ALSTON & BIRD LLP**
1201 West Peachtree Street NW, Suite 4900
Atlanta, GA 30309
Tel.: (404) 881-7000
bill.jordan@alston.com

*Attorneys for Defendant OptumRx, Inc.*

/s/ *Jonathan G. Cooper*
Mike Lyle
Jonathan G. Cooper
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
1300 I St. NW, Suite 900
Washington, DC 20005
Tel: (202) 538-8000
mikelyle@quinnemanuel.com
jonathancooper@quinnemanuel.com

Sage R. Vanden Heuvel
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 S. Figueroa St. Floor 10
Los Angeles, CA 90017
Tel: (213) 443-3000
sagevandenheuvel@quinnemanuel.com

*Attorneys for Express Scripts Defendants*