# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*City of Rochester v. Purdue Pharma L.P.*, No. 19-op-45853 (Track 12)<br><br>*Lincoln County v. Richard S. Sackler, M.D.*, No. 20-op-45069 (Track 13)<br><br>*City of Independence, Missouri v. Williams*, No. 19-op-45371 (Track 14)<br><br>*County of Webb, Texas v. Purdue Pharma, L.P.*, No. 18-op-45175 (Track 15) | Case No.: 17-MD-2804<br><br>Judge: Dan Aaron Polster |

**MOTION FOR PROTECTIVE ORDER WITH RESPECT TO PLAINTIFFS' APRIL 16 REQUESTS FOR PRODUCTION TO THE PBM DEFENDANTS**

The Express Scripts Defendants[1] and Optum and United Defendants[2] (collectively, the **PBM Defendants**) respectfully move for a protective order with respect to the requests for production served by Plaintiffs on April 16, 2024.

## INTRODUCTION

This Court set limits on discovery for the PBM bellwether cases through two case management orders. *See* Dkt. No. 5282 (Tracks 12 & 13) and Dkt. No. 5295 (Tracks 14 & 15). The orders provide that Plaintiffs can serve on the PBM Defendants up to 45 requests for production in Tracks 12 and 13 and up to 35 requests for production in Tracks 14 and 15. The orders contemplate additional requests, but only if the requesting party first seeks leave from the Court. Eschewing these orders, Plaintiffs served additional requests for production on April 16, 2024 (**April 16 RFPs**), that exceed the Court-ordered limits.[3] In total, Plaintiffs have now served over 62 requests for production in Tracks 12 and 13 and 56 requests for production in Tracks 14 and 15. Plaintiffs made no attempt to seek the Court's leave before transgressing the limits the Court ordered. The PBM Defendants therefore move this Court to enforce its case management

---

[1] The Express Scripts Defendants are Express Scripts, Inc.; Evernorth Health, Inc.; Express Scripts Administrators, LLC; Medco Health Solutions, Inc.; ESI Mail Order Processing, Inc.; ESI Mail Pharmacy Service, Inc.; Express Scripts Pharmacy, Inc.; and Express Scripts Specialty Distribution Services, Inc.

[2] The Optum and United Defendants are OptumRx, Inc.; UnitedHealth Group Incorporated; Optum, Inc.; OptumInsight, Inc.; OptumInsight Life Sciences, Inc.; OptumRx Discount Card Services, LLC; Optum Perks, LLC; OptumHealth Care Solutions, LLC; OptumHealth Holdings, LLC; and Optum Health Networks, Inc.

[3] The April 16 RFPs are attached as **Exhibit A** to the Declaration of Jonathan Cooper dated **May 16, 2024** (**Cooper Decl.**), which is filed with this motion. The April 16 discovery requests include requests for production and interrogatories; the PBM Defendants seek a protective order only for the excessive requests for production (the interrogatories are within the Court-ordered limits).

orders by issuing a protective order for the excessive requests for production Plaintiffs served on April 16.

## FACTUAL BACKGROUND

On October 27, 2023, this Court entered an order designating four PBM bellwether cases as Tracks 12–15. Dkt. No. 5231. After lengthy negotiations among the parties, and after raising certain disputed issues with the Court, the Court entered case management orders providing that Plaintiffs in Tracks 12 and 13 may collectively "serve up to **45 requests** for production . . . on each PBM defendant," Dkt. No. 5282 at 5, while Plaintiffs in Tracks 14 and 15 "may collectively serve up to **35 requests** for production . . . on each PBM defendant," Dkt. No. 5295 at 3. The orders add that a party "*may seek leave* to propound additional requests for production." Dkt. No. 5295 at 3 (emphasis added); *accord* Dkt. No. 5282 at 5.

On December 29, 2023, Plaintiffs in all four bellwethers served 34 requests for production on the PBM Defendants. *See* Cooper Decl., at **Exhibit B**. On February 6, 2024, Plaintiffs in Tracks 12 and 13 served another 6 requests for production, and Plaintiffs in all four bellwethers served an additional 5 requests for production. *See id*., at **Exhibits C and D**. Plaintiffs have made it clear that all requests were directed to each of the PBM Defendants. Therefore, as of February 6, 2024, Plaintiffs in all four bellwethers had reached (or exceeded) the limit on requests for production set by the case management orders: Plaintiffs in Tracks 12 and 13 had served 45 requests for production, while Plaintiffs in Tracks 14 and 15 had served 39 requests for production.[4]

Nevertheless, on April 16, all four bellwether Plaintiffs served another 17 requests for production on the PBM Defendants without seeking leave from the Court. *See id*., at **Exhibit A.**

---

[4] This tally does not count the additional discovery that Plaintiffs moved for leave to serve on April 2, 2024 (Dkt. No. 5383) and that this Court allowed on April 22, 2024 (Dkt. No. 5412). The numbers would be even higher if those additional discovery requests were included.

2

## COMPLIANCE WITH LOCAL RULE 37.1

In accordance with Local Rule 37.1(a), the parties met and conferred regarding this dispute by email and by phone on May 14, but the parties were unable to reach resolution.

## ARGUMENT

The April 16 RFPs exceed the limits on requests for production set by this Court in the case management orders. Dkt. No. 5295 at 3; Dkt. No. 5282 at 5. Because Plaintiffs did not seek leave from the Court before serving the April 16 RFPs—as is required by the case management orders—the PBM Defendants respectfully request that the Court enforce its orders by issuing an order under Federal Rule of Civil Procedure 26(c) that protects the PBM Defendants from the April 16 RFPs.[5]

Courts consistently issue protective orders and other orders to enforce discovery limits set by prior court orders or by the rules. *See, e.g.*, *Kitchen v. Corizon Health Inc.*, 2017 WL 5099892, at *2 (W.D. Mich. Nov. 5, 2017) (granting protective order to enforce case management order's limitations on scope of discovery); *Cage v. Harry*, 2010 WL 3909473, at *4–5 (W.D. Mich. Sept. 30, 2010) (granting protective order where discovery requests "exceed plaintiff's allotted total"); *see also, e.g.*, *Adkins v. Marathon Petroleum Co., LP*, 2019 WL 6528018, at *7–8 (S.D. Ohio Dec. 4, 2019) (granting motion to quash subpoena because it "exceeds limits which the Court has previously placed on the scope of discovery in this case"); *Snyder v. Fleetwood RV, Inc.*, 2016 WL 339972, at *8 (S.D. Ohio Jan. 28, 2016) (denying motion to compel because "her requests for admission exceed the maximum allowable"); *SAFECO Surplus Lines Ins. Co. v. Citizens Bank of*

---

[5] The PBM Defendants' responses to the April 16 RFPs are due May 16. The PBM Defendants will fully respond to the April 16 RFPs on that date and will not withhold responsive documents based on the pendency of this motion. A live dispute remains because issuing a protective order would relieve the PBM Defendants of the ongoing burden of producing documents responsive to the April 16 RFPs.

3

*Tri-Cities*, 2005 WL 8162538, at *1 (S.D. Ohio Sept. 28, 2005) (denying motion to "exceed the number of interrogatories that may be propounded on defendant").

There is good cause to issue a protective order here. This Court entered the case management orders to set appropriate limits on discovery so that the bellwether cases would proceed fairly and efficiently. Plaintiffs ignored those orders and served discovery requests in excess of the Court-ordered limits without first seeking leave of Court, even though the case management orders expressly provide that a party must seek the Court's permission before serving discovery requests that exceed the ordered limits. *See* Dkt. No. 5295 at 3 ("The Parties *may seek leave* to propound additional requests for production . . . .") (emphasis added); Dkt. No. 5282 at 5 ("The Parties *may seek* to propound additional requests for production . . . .") (emphasis added). The April 16 RFPs were not served in accordance with those orders, so a protective order should issue.

Moreover, the PBM Defendants' motion is timely. Although Federal Rule 26(c) does not contain an explicit time limit for seeking a protective order, courts routinely find motions filed on or before the date the discovery is due to be timely. *See, e.g.*, *Hayes v. Liberty Mut. Grp. Inc.*, No. 11-15520, 2012 U.S. Dist. LEXIS 61419, at *17 n.2 (E.D. Mich. May 2, 2012).

## CONCLUSION

For these reasons, the PBM Defendants respectfully request that the Court enter an order under Rule 26(c) protecting them from Plaintiffs' April 16 RFPs.

4

Dated: May 16, 2024

| | |
|---|---|
| */s/ Jonathan G. Cooper* | */s/ Brian D. Boone* |
| Mike Lyle | Brian D. Boone |
| Jonathan G. Cooper | **ALSTON & BIRD LLP** |
| **QUINN EMANUEL URQUHART &** | Vantage South End |
| **SULLIVAN, LLP** | 1120 South Tryon Street, Suite 300 |
| 1300 I St. NW, Suite 900 | Charlotte, NC 28203 |
| Washington, DC 20005 | Tel: (704) 444-1000 |
| Tel: (202) 538-8000 | brian.boone@alston.com |
| mikelyle@quinnemanuel.com | |
| jonathancooper@quinnemanuel.com | William H. Jordan |
| | **ALSTON & BIRD LLP** |
| *Attorneys for Express Scripts Defendants* | 1201 West Peachtree Street NW, Suite 4900 |
| | Atlanta, GA 30309 |
| | Tel.: (404) 881-7000 |
| | bill.jordan@alston.com |
| | |
| | *Attorneys for the Optum and United Defendants* |

5