# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Case Tracks 12 and 13* | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**PLAINTIFFS' NATIONAL DATA REQUESTS**

COME now the Plaintiffs in Case Tracks 12 and 13, by counsel, and submit the following discovery requests pursuant to Rule 34 of the Federal Rules of Civil Procedure to the Defendants.

**I.  DEFINITIONS**

1. "Clawbacks" means money or credits PBMs collect from pharmacies after the pharmacy has been paid for a prescription drug. These include any direct or indirect fees or credits or other charges imposed by PBMs on pharmacies after the point-of-sale, changing the final cost of the drug for the payer or the pharmacy. Clawbacks include amounts a PBM collects that exceed the cost of the drug or other payments made to or by the pharmacy.

2. "Cocktail Drugs" means muscle relaxants, stimulants and/or benzodiazepines taken, prescribed, or dispensed in combination with opiate drugs.  Cocktail Drugs will include those drugs listed in Special Master Cohen's January 27, 2020 Dispensing Data Order, docket #3106, p. 5.  List attached as Exhibit A.

3. "Co-Pay" means the out-of-pocket costs that a patient pays at the pharmacy to obtain their prescriptions.

4. "Communications" means the transmittal of information (in the form of facts, ideas, data, inquiries or otherwise) and, with respect to oral communications, includes any document

evidencing such oral communications or in-person meetings. It includes the transmittal of information by any means, including e-mail, SMS, MMS or other "text" messages, messages on messaging apps or communication platforms (e.g. Slack, Microsoft Teams, etc.), messages on "social networking" sites (including, but not limited to, Facebook, Google+, MySpace, Instagram, Snapchat and Twitter), messages through sales platforms (e.g. Salesforce and its partners), shared applications from cell phones or by any other means. "Communications" also shall include, but is not limited to, all originals and copies that are provided by you or to you by others.

  5. "Controlled Substances" shall be defined by the Controlled Substances Act.

  6. "DEA" means the U.S. Drug Enforcement Agency.

  7. "Pharmacy Reimbursement" means the amount paid to a pharmacy by a PBM for dispensing a prescription drug.

  8. "Document" is defined to be synonymous in meaning and equal in scope of the usage of this term in Rule 34. A draft or non-identical copy is a separate document within the meaning of this term. In all events, the definition of "Document" shall include "Communications" as defined above.

  9. "Due Diligence" shall be defined to include any and all efforts or services by You to monitor, track, investigate, or ensure that Opioids or Cocktail Drugs were not placing the health or wellbeing of any covered lives at risk or were not being dispensed or prescribed in an inappropriate manner, and shall include without limitation all information or documents relating to the decision to reimburse or deny reimbursement for any prescription claims involving Opioids or Cocktail Drugs, all documents related to your decision to dispense any prescription for Opioids or Cocktail Drugs, and all research, data analysis, or investigations performed by You related to Opioids or Cocktail Drugs.

2

10. "Formulary" or "Formularies" is a list of prescription drugs covered by a prescription drug plan.

11. "Marketing" refers to any effort undertaken with the goal, at least in part, of increasing sales.

12. "Opioid(s)" means that class of analgesic drugs, legal or illegal, natural or synthetic, including but not limited to the drugs referenced in Plaintiffs' Supplemental and Amended Allegations in the above-referenced matter regardless of schedule designation and whether alone or in combination pill form. Opioid(s) further includes opioid-related products, including coatings, capsule configurations, delivery systems or mechanisms that include, but are not limited to, anti-abuse, tamper resistance and crush-proof mechanisms and mechanisms to deter immediate release. Opioids include both name-brand and generic products.

13. "Person" means any natural person or any business, legal or governmental entity or association.

14. "Pharmacy Network" means pharmacies contracted with and/or designated by PBMs where patients can exercise their prescription benefits coverage.

15. "Plaintiffs" means all the named Plaintiffs in the above-captioned matter.

16. "Plan Sponsor" means the entity that pays for the prescription drug plan managed by the PBM. Plan sponsors can include, but are not limited to, government programs, commercial employers, and retirement plans.

17. "Prior Authorization" means a policy that requires prior authorization of any kind of a medication before dispensing to a patient.

18. "Rebates" means negotiated discounts effectuated through payments or credits offered by drug manufacturers to PBMs, whether or not passed through by PBMs to plan sponsors.

19. "RDUR" refers to any retrospective drug utilization review program.

20. "FWA" refers to any fraud, waste and abuse program, including any such "enhanced" FWA program.

21. "Red Flag" is defined as indicia that a prescription for an Opioid should not be dispensed in the absence of due diligence.

22. "Spread" or "Spread Pricing" refers to any circumstance where a PBM is reimbursed more for a drug than the amount a PBM pays a pharmacy for the drug.

23. "Utilization Management" means any product or program, however titled, that is or can be used to manage the utilization of drugs by plan members, including without limitation step edits, dosage or days supply or quantity limits, any concurrent drug utilization review edits ("CDUR"), Prior Authorizations, hard or soft edits, or drug to drug interaction edits.

24. "Plan Sponsor Payments" means any and all payments received by You from a plan sponsor, however denominated, including without limitation any and all fees, payments or reimbursements for drugs dispensed to plan members, or any other payments for services rendered or products purchased.

25. "You" or "Your" means Defendant and its officers, directors, employees, partners, representatives, agents, divisions, predecessors or successors-in- interest and other persons or entities acting on their behalf or controlled by them. These terms also include any pharmacies providing Defendant with income.

II. **INSTRUCTIONS**

1. **Relevant time-period:** These requests seek information from January 1, 1996 to the present.

2. **Relevant geographic area**: Nationwide.

4

3.     **Non-duplication of prior discovery or production**: Plaintiffs do not intend to seek duplicative discovery to the discovery previously propounded in previous MDL Tracks or pursuant to DR 22.

### NATIONAL DATA REQUESTS FOR PRODUCTION

**Request for Production No. 1:** Please produce all Documents and data available to You to administer prescription drug benefits, to assess eligibility, to determine cost sharing, and/or to adjudicate claims, including both data in Your custody, possession or control and/or data which You otherwise have the ability to access in making such determination from January 1, 1996 to the present, including all data dictionaries or other documents which define or describe the data fields that You maintain or can access for this data.

**Request for Production No. 2:**  Please produce all Documents, data and analysis in Your possession, custody, or control, or otherwise available to You tracking the prescribing, dispensing, and/or potential or known diversion, overutilization, and/or abuse of Opioids and Cocktail Drugs, including the potential or known financial and/or health impact of the same, such as the potential or actual number of lives lost, the cost to You, the "cost of doing nothing", the impact of the opioid epidemic, the "Burden of Opioids," Opioid Claim Utilization Heat Maps,[1] and any other data, calculation, research, analysis, or investigation performed as to the impact of Opioid and Cocktail Drugs, and all data dictionaries or other documents which define or describe the data fields that You maintain or can access related to any responsive data.

**Request for Production No. 3:**  Please produce all Documents and data in Your possession, custody, or control, or otherwise available to You reflecting the payment of Rebates, administrative fees, credits, and any other fee or direct or indirect remuneration from manufacturers of Opioids and

---

[1] *See*, ESIJeffCoMO000178893.

5

Cocktail Drugs, all data dictionaries or other documents which define or describe the data fields that You maintain or can access for this data.

**Request for Production No. 4:**  Please produce all Documents and data in Your possession, custody, or control, or otherwise available to You related to Spread or Spread Pricing (as defined above) relating to Opioids and Cocktail Drugs, including but not limited to all Data showing the amounts paid to You by Plan Sponsors or others for such drugs and the amounts paid by You to pharmacies for such drugs, and all data dictionaries or other documents which define or describe the data fields that You maintain or can access for this data..

**Request for Production No. 5:**  Please produce Documents and data in Your possession, custody, or control, or otherwise available to You related to the systems and programs utilized by You to administer prescription drug benefits, to assess eligibility, to administrate cost sharing, and to adjudicate and/or dispense claims. Include all Documents concerning any programs or systems used by You to determine whether patients prescribed Opioids and/or Cocktail drugs are using multiple prescribers or pharmacies, are obtaining doses or days' supply which exceed recommended CDC guidelines, are refilling their prescriptions early, are paying for prescriptions in cash, are traveling long distances to see prescribers or have their prescriptions filled in pharmacies, obtaining prescriptions for Opioids, Muscle relaxers and/or benzodiazepines with overlapping days' supply, or other Red Flags of diversion, overutilization, and/or abuse.

**Request for Production No. 6:**  Please produce all Documents and data in Your possession, custody, or control, or otherwise available to You concerning the sale or sharing of data and/or databases from You and any of Your affiliated companies including, but not limited to claims data, cash card claims, sales data, rebate data, direct and indirect remuneration ("DIR") data, distribution data, dispensing data, prescribing data, among other data sets. Responsive documents should include all drafts and correspondence concerning the terms of the agreements, information concerning the

6

potential uses for the data and the reasons that the data may be acquired, all marketing materials related to the data and all documents concerning remuneration for the data including money, services, access to databases, information or data provided in exchange, and all data dictionaries or other documents which define or describe the data fields that You maintain or can access for this data.

## NATIONAL DATA INTERROGATORIES

**Interrogatory No. 1:** Identify each data set maintained by You, the source of such data, the location and format in which the data is stored, and the years for which the data exists.

**Interrogatory No. 2:** Identify and describe each data field for each data set contained in Interrogatory 1and the purpose of each data field.

**Interrogatory No. 3:** Identify and describe by year all Due Diligence efforts, programs, investigations, projects, or services related to Opioids or Cocktail Drugs.

Dated: February 6, 2024                           Respectfully Submitted,

*s/ Paul T. Farrell, Jr.*                                              *s/ Peter H. Weinberger*
Paul T. Farrell, Jr.                                                  Peter H. Weinberger (0022076)
**FARRELL & FULLER**                                                  **SPANGENBERG SHIBLEY & LIBER**
1311 Ponce de Leone Ave., Suite 202                                   1001 Lakeside Avenue East, Suite 1700
San Juan, PR  00907                                                   Cleveland, OH 44114
(304) 654-8281                                                        (216) 696-3232
paul@farrellfuller.com                                                (216) 696-3924 (Fax)
*Plaintiffs' Co-Lead Counsel*                                         pweinberger@spanglaw.com
                                                                      *Plaintiffs' Liaison Counsel*


Jayne Conroy                                                          Joseph F. Rice
**SIMMONS HANLY CONROY**                                              **MOTLEY RICE LLC**
112 Madison Avenue, 7th Floor                                         28 Bridgeside Blvd.
New York, NY 10016                                                    Mt. Pleasant, SC  29464
(212) 784-6400                                                        (843) 216-9000
jconroy@simmonsfirm.com                                               (843) 216-9290 (Fax)
*Plaintiffs' Co-Lead Counsel*                                         jrice@motleyrice.com
                                                                      *Plaintiffs' Co-Lead Counsel*

7

**Counsel for City of Rochester:**

*/s/Hunter J. Shkolnik*
Hunter J. Shkolnik
Paul J. Napoli

NSPR Law Services LLC
1302 Avenida Ponce de Leon
Santurce, Puerto Rico 00907
(833) 271-4502
hunter@nsprlaw.com
pnapoli@nsprlaw.com

Salvatore C. Badala
Shayna E. Sacks
Joseph L. Ciaccio
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
(212) 397-1000
sbadala@napolilaw.com
ssacks@napolilawcom
jciaccio@napolilaw.com

*Counsel for Plaintiff City of Rochester*

**Counsel for Lincoln County, MO:**

*/s/ John F. Garvey*

STRANCH, JENNINGS & GARVEY, PLLC
John F. Garvey
Colleen Garvey
Ellen A. Thomas
Peabody Plaza
701 Market Street, Suite 1510
St. Louis, MO 63101
Tel: (314) 390-6750
jgarvey@stranchlaw.com
cgarvey@stranchlaw.com
ethomas@stranchlaw.com

8

/s/ *Joanne M. Cicala*

**THE CICALA LAW FIRM PLLC**
Joanne M. Cicala
Joshua Wackerly
R. Johan Conrod
Shelbi Flood
101 College Street
Dripping Springs, TX 78620
Tel: (512) 275-6550
Fax: (512) 858-1801
joanne@cicalapllc.com
josh@cicalapllc.com
johan@cicalapllc.com
shelbi@cicalapllc.com

/s/ *Patrick A. Hamacher*

**NIEMEYER, GREBEL & KRUSE, LLC**
Patrick A. Hamacher
Mark R. Niemeyer
211 N. Broadway, Suite 2950
St. Louis, MO  63102
Tel: (314) 241-1919
Fax: (314) 665-3017
hamacher@ngklawfirm.com
Niemeyer@ngklawfirm.com

*Counsel for Plaintiff Lincoln County, MO*

**Counsel for City of Independence, Missouri:**

/s/ *John F. Garvey*

**STRANCH, JENNINGS & GARVEY, PLLC**
John F. Garvey
Colleen Garvey
Ellen A. Thomas
Peabody Plaza
701 Market Street, Suite 1510
St. Louis, MO 63101
Tel: (314) 390-6750
jgarvey@stranchlaw.com
cgarvey@stranchlaw.com
ethomas@stranchlaw.com

9

*/s/ Joanne M. Cicala*

**THE CICALA LAW FIRM PLLC**
Joanne M. Cicala
Joshua Wackerly
R. Johan Conrod
Shelbi Flood
101 College Street
Dripping Springs, TX 78620
Tel: (512) 275-6550
Fax: (512) 858-1801
joanne@cicalapllc.com
josh@cicalapllc.com
johan@cicalapllc.com
shelbi@cicalapllc.com

*/s/ Daniel A. Thomas*

**HUMPHREY FARRINGTON MCCLAIN**
Daniel A. Thomas
221 W. Lexington Ave. Ste 400
Independence, MO 64050
Tel: (816) 836-5050
DAT@hfmlegal.com

*Counsel for Plaintiff City of Independence, MO*

**Counsel for County of Webb, Texas:**

*/s/ Joanne M. Cicala*

**THE CICALA LAW FIRM PLLC**
Joanne M. Cicala
Joshua Wackerly
R. Johan Conrod
Shelbi Flood
101 College Street
Dripping Springs, TX 78620
Tel: (512) 275-6550
Fax: (512) 858-1801
joanne@cicalapllc.com
josh@cicalapllc.com
johan@cicalapllc.com
shelbi@cicalapllc.com

10

*/s/ Kevin Sharp*

**SANFORD HEISLER SHARP, LLP**
Kevin Sharp
Christine Dunn
611 Commerce Street, Suite 3100
Nashville, Tennessee 37203
Tel: (615) 434-7000
Fax: (615) 434-7020
ksharp@sanfordheisler.com
cdunn@sanfordheisler.com

*Counsel for Plaintiff Webb County, TX*