# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Case Tracks 12, 13, 14, and 15* | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**PLAINTIFFS' GEOGRAPHIC SPECIFIC DATA REQUST**

COME now the Plaintiffs in Case Tracks 12, 13, 14, and 15 by counsel, and submit the following discovery requests pursuant to Rule 34 of the Federal Rules of Civil Procedure to the Defendants.

I.      **DEFINITIONS**

1. "Clawbacks" means money or credits PBMs collect from pharmacies after the pharmacy has been paid for a prescription drug. These include any direct or indirect fees or credits or other charges imposed by PBMs on pharmacies after the point-of-sale, changing the final cost of the drug for the payer or the pharmacy. Clawbacks include amounts a PBM collects that exceed the cost of the drug or other payments made to or by the pharmacy.

2. "Cocktail Drugs" means muscle relaxants, stimulants and/or benzodiazepines taken, prescribed, or dispensed in combination with opiate drugs.  Cocktail Drugs will include those drugs listed in Special Master Cohen's January 27, 2020 Dispensing Data Order, docket #3106, p. 5.  List attached as Exhibit A.

3. "Co-Pay" means the out-of-pocket costs that a patient pays at the pharmacy to obtain their prescriptions.

4. "Communications" means the transmittal of information (in the form of facts, ideas, data, inquiries or otherwise) and, with respect to oral communications, includes any document evidencing such oral communications or in-person meetings. It includes the transmittal of information by any means, including e-mail, SMS, MMS or other "text" messages, messages on messaging apps or communication platforms (e.g. Slack, Microsoft Teams, etc.), messages on "social networking" sites (including, but not limited to, Facebook, Google+, MySpace, Instagram, Snapchat and Twitter), messages through sales platforms (e.g. Salesforce and its partners), shared applications from cell phones or by any other means. "Communications" also shall include, but is not limited to, all originals and copies that are provided by you or to you by others.

5. "Controlled Substances" shall be defined by the Controlled Substances Act.

6. "DEA" means the U.S. Drug Enforcement Agency.

7. "Pharmacy Reimbursement" means the amount paid to a pharmacy by a PBM for dispensing a prescription drug.

8. "Document" is defined to be synonymous in meaning and equal in scope of the usage of this term in Rule 34. A draft or non-identical copy is a separate document within the meaning of this term. In all events, the definition of "Document" shall include "Communications" as defined above.

9. "Due Diligence" shall be defined to include any and all efforts or services by You to monitor, track, investigate, or ensure that Opioids or Cocktail Drugs were not placing the health or wellbeing of any covered lives at risk or were not being dispensed or prescribed in an inappropriate manner, and shall include without limitation all information or documents relating to the decision to reimburse or deny reimbursement for any prescription claims involving Opioids or Cocktail Drugs, all documents related to your decision to dispense any prescription for Opioids or Cocktail Drugs,

2

and all research, data analysis, or investigations performed by You related to Opioids or Cocktail Drugs.

10. "Formulary" or "Formularies" is a list of prescription drugs covered by a prescription drug plan.

11. "Marketing" refers to any effort undertaken with the goal, at least in part, of increasing sales.

12. "Opioid(s)" means that class of analgesic drugs, legal or illegal, natural or synthetic, including but not limited to the drugs referenced in Plaintiffs' Supplemental and Amended Allegations in the above-referenced matter regardless of schedule designation and whether alone or in combination pill form. Opioid(s) further includes opioid-related products, including coatings, capsule configurations, delivery systems or mechanisms that include, but are not limited to, anti-abuse, tamper resistance and crush-proof mechanisms and mechanisms to deter immediate release. Opioids include both name-brand and generic products.

13. "Person" means any natural person or any business, legal or governmental entity or association.

14. "Pharmacy Network" means pharmacies contracted with and/or designated by PBMs where patients can exercise their prescription benefits coverage.

15. "Plaintiffs" means all the named Plaintiffs in the above-captioned matter.

16. "Plan Sponsor" means the entity that pays for the prescription drug plan managed by the PBM. Plan sponsors can include, but are not limited to, government programs, commercial employers, and retirement plans.

17. "Prior Authorization" means a policy that requires prior authorization of any kind of a medication before dispensing to a patient.

3

18.     "Rebates" means negotiated discounts effectuated through payments or credits offered by drug manufacturers to PBMs, whether or not passed through by PBMs to plan sponsors.

19.     "RDUR" refers to any retrospective drug utilization review program.

20.     "FWA" refers to any fraud, waste and abuse program, including any such "enhanced" FWA program.

21.     "Red Flag" is defined as indicia that a prescription for an Opioid should not be dispensed in the absence of due diligence.

22.      "Spread" or "Spread Pricing" refers to any circumstance where a PBM is reimbursed more for a drug than the amount a PBM pays a pharmacy for the drug.

23.     "Utilization Management" means any product or program, however titled, that is or can be used to manage the utilization of drugs by plan members, including without limitation step edits, dosage or days supply or quantity limits, any concurrent drug utilization review edits ("CDUR"), Prior Authorizations, hard or soft edits, or drug to drug interaction edits.

24.     "Plan Sponsor Payments" means any and all payments received by You from a plan sponsor, however denominated, including without limitation any and all fees, payments or reimbursements for drugs dispensed to plan members, or any other payments for services rendered or products purchased.

25.     "You" or "Your" means Defendant and its officers, directors, employees, partners, representatives, agents, divisions, predecessors or successors-in- interest and other persons or entities acting on their behalf or controlled by them. These terms also include any pharmacies providing Defendant with income.

II. **INSTRUCTIONS**

4

1.     **Relevant time-period:** These requests seek information from January 1, 1996 to the present.

2.     **Relevant geographic area**: The states of Missouri, New York, and Texas.

3.     **Non-duplication of prior discovery or production**: Plaintiffs do not intend to seek duplicative discovery to the discovery previously propounded in previous MDL Tracks or pursuant to DR 22.

## GEOGRAPHIC SPECIFIC REQUESTS FOR PRODUCTION

**Request for Production No. 1:** Please produce all *transactional or claims data* in Your possession, custody, or control or otherwise available to You that refer or relate to Pharmacy Reimbursement, Clawbacks, cash card claims, dispensing claims, and/or prescription claim payments for Opioids and Cocktail Drugs for the relevant geographic area from January 1, 1996 to the present, including all data dictionaries or other documents which define or describe the data fields that You maintain or can access for this data.

**Request for Production No. 2:** Please produce all Documents and data in Your possession, custody, or control or otherwise available to You that refer or relate to *Due Diligence* including without limitation all such Documents and data examining the validity, legitimacy, necessity or appropriateness of each Opioid and Cocktail Drug prescription submitted for Pharmacy Reimbursement, cash card claims, and/or dispensing for covered lives in the relevant geographic area from January 1, 1996 to the present.  Such Documents and Data should include any Prior Authorization or Utilization Management information related to such reimbursements, and any CDUR, RDUR, RationalMed, FWA, or EFWA information related to such submitted reimbursements. Please provide sufficient identifying information such that Due Diligence records can be linked to individual prescription claims, and all data dictionaries or other documents which define or describe the data fields that You maintain or can access for this data.

5

**Request for Production No. 3:** Please produce all Documents and data in Your possession, custody, or control or otherwise available to You that refer or relate to any Opioid and/or Cocktail Drug prescription that You refused to reimburse and/or dispense for covered lives in the relevant geographic area from January 1, 1996 to the present.  Such data fields shall include any notation concerning why the prescription was not reimbursed or dispensed, any evidence of Due Diligence regarding the validity and legitimacy of the prescription, as well as any fields related to internal investigations, reviews, prior authorization or utilization management tools, audits, or analysis of the number, volume and/or percentage of prescriptions that You refused to fill and/or reimburse for any Opioid and/or Cocktail Drug. Please provide sufficient identifying information such that records can be linked to individual prescription claims, and all data dictionaries or other documents which define or describe the data fields that You maintain or can access for this data.

**Request for Production No. 4:** Please produce all Documents and data in Your possession, custody, or control or otherwise available to You that refer or relate to any Plan Sponsor Payments from plan sponsors in the relevant geographic area in connection with Opioids or Cocktail Drugs, including without limitation any such payments that are at least in part related to opioids or opioid utilization, and all data dictionaries or other documents which define or describe the data fields that You maintain or can access for this data..

**Request for Production No. 5:** Please produce Documents and data in Your possession, custody, or control or otherwise available to You that refer or relate to pharmacy reimbursement rates, direct and indirect remuneration ("DIR"), Clawbacks, audits, or any other adjustments or practices impacting pharmacy practice and profitability, including, but not limited to, data related to audits and/or investigations performed of network pharmacies  and documents and data related to any investigations performed of prescribers in the relevant geographic area from 1996 to date, including

6

all data dictionaries or other documents which define or describe the data fields that You maintain or can access for this data.

## GEOGRAPHIC SPECIFIC INTERROGATORIES

**Interrogatory No. 1:** Please identify each Opioid or Cocktail Drug claim in the relevant geographic area that You refused to reimburse.

**Interrogatory No. 2:** Identify by name, address and DEA numbers each physician in the relevant geographic area that You identified as a high prescriber or prescriber with other "red flag" prescribing practices or that You included on any "do not fill" lists, "refusal to fill" lists, "blanket refusal to fill lists," or other similar such lists or were subject to investigations, including to but not limited to RDUR and/or FWA/eFWA investigations or red flags. For each such physician, identify every prescription such physician wrote that You determined was doubtful, questionable, of suspicious origin, potentially related to diversion, invalid, and/or not issued for a legitimate medical purpose for a covered person in the relevant geographic area.

Dated: February 6, 2024                                    Respectfully Submitted,

*s/ Paul T. Farrell, Jr.*                                  *s/ Peter H. Weinberger*
Paul T. Farrell, Jr.                                       Peter H. Weinberger (0022076)
**FARRELL & FULLER**                                       **SPANGENBERG SHIBLEY & LIBER**
1311 Ponce de Leone Ave., Suite 202                        1001 Lakeside Avenue East, Suite 1700
San Juan, PR  00907                                        Cleveland, OH 44114
(304) 654-8281                                             (216) 696-3232
paul@farrellfuller.com                                     (216) 696-3924 (Fax)
*Plaintiffs' Co-Lead Counsel*                              pweinberger@spanglaw.com
                                                           *Plaintiffs' Liaison Counsel*

Jayne Conroy                                               Joseph F. Rice
**SIMMONS HANLY CONROY**                                   **MOTLEY RICE LLC**
112 Madison Avenue, 7th Floor                              28 Bridgeside Blvd.
New York, NY 10016                                         Mt. Pleasant, SC  29464
(212) 784-6400                                             (843) 216-9000
jconroy@simmonsfirm.com                                    (843) 216-9290 (Fax)
*Plaintiffs' Co-Lead Counsel*                              jrice@motleyrice.com
                                                           *Plaintiffs' Co-Lead Counsel*

7

**Counsel for City of Rochester:**

*/s/Hunter J. Shkolnik*
Hunter J. Shkolnik
Paul J. Napoli

NSPR Law Services LLC
1302 Avenida Ponce de Leon
Santurce, Puerto Rico 00907
(833) 271-4502
hunter@nsprlaw.com
pnapoli@nsprlaw.com

Salvatore C. Badala
Shayna E. Sacks
Joseph L. Ciaccio
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
(212) 397-1000
sbadala@napolilaw.com
ssacks@napolilawcom
jciaccio@napolilaw.com

*Counsel for Plaintiff City of Rochester*

**Counsel for Lincoln County, MO:**

*/s/ John F. Garvey*

STRANCH, JENNINGS & GARVEY, PLLC
John F. Garvey
Colleen Garvey
Ellen A. Thomas
Peabody Plaza
701 Market Street, Suite 1510
St. Louis, MO 63101
Tel: (314) 390-6750
jgarvey@stranchlaw.com
cgarvey@stranchlaw.com
ethomas@stranchlaw.com

8

/s/ *Joanne M. Cicala*

**THE CICALA LAW FIRM PLLC**
Joanne M. Cicala
Joshua Wackerly
R. Johan Conrod
Shelbi Flood
101 College Street
Dripping Springs, TX 78620
Tel: (512) 275-6550
Fax: (512) 858-1801
joanne@cicalapllc.com
josh@cicalapllc.com
johan@cicalapllc.com
shelbi@cicalapllc.com

/s/ *Patrick A. Hamacher*

**NIEMEYER, GREBEL & KRUSE, LLC**
Patrick A. Hamacher
Mark R. Niemeyer
211 N. Broadway, Suite 2950
St. Louis, MO  63102
Tel: (314) 241-1919
Fax: (314) 665-3017
hamacher@ngklawfirm.com
Niemeyer@ngklawfirm.com

*Counsel for Plaintiff Lincoln County, MO*

**Counsel for City of Independence, Missouri:**

/s/ *John F. Garvey*

**STRANCH, JENNINGS & GARVEY, PLLC**
John F. Garvey
Colleen Garvey
Ellen A. Thomas
Peabody Plaza
701 Market Street, Suite 1510
St. Louis, MO 63101
Tel: (314) 390-6750
jgarvey@stranchlaw.com
cgarvey@stranchlaw.com
ethomas@stranchlaw.com

9

*/s/ Joanne M. Cicala*

**THE CICALA LAW FIRM PLLC**
Joanne M. Cicala
Joshua Wackerly
R. Johan Conrod
Shelbi Flood
101 College Street
Dripping Springs, TX 78620
Tel: (512) 275-6550
Fax: (512) 858-1801
joanne@cicalapllc.com
josh@cicalapllc.com
johan@cicalapllc.com
shelbi@cicalapllc.com

*/s/ Daniel A. Thomas*

**HUMPHREY FARRINGTON MCCLAIN**
Daniel A. Thomas
221 W. Lexington Ave. Ste 400
Independence, MO 64050
Tel: (816) 836-5050
DAT@hfmlegal.com

*Counsel for Plaintiff City of Independence, MO*

**Counsel for County of Webb, Texas:**

*/s/ Joanne M. Cicala*

**THE CICALA LAW FIRM PLLC**
Joanne M. Cicala
Joshua Wackerly
R. Johan Conrod
Shelbi Flood
101 College Street
Dripping Springs, TX 78620
Tel: (512) 275-6550
Fax: (512) 858-1801
joanne@cicalapllc.com
josh@cicalapllc.com
johan@cicalapllc.com
shelbi@cicalapllc.com

10

*/s/ Kevin Sharp*

**SANFORD HEISLER SHARP, LLP**
Kevin Sharp
Christine Dunn
611 Commerce Street, Suite 3100
Nashville, Tennessee 37203
Tel: (615) 434-7000
Fax: (615) 434-7020
ksharp@sanfordheisler.com
cdunn@sanfordheisler.com

*Counsel for Plaintiff Webb County, TX*

11