UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION ) ) ) ) THIS DOCUMENT RELATES TO: ) ) ) *Track 8: Cobb County, Georgia* ) ) ) | MDL No. 2804 Case Nos. 1:17-md-2804 1:18-op-45817 Judge Dan Aaron Polster |

**PUBLIX SUPER MARKETS, INC.'S MOTION TO RECONSIDER THE COURT'S ORDER REGARDING DISPOSITIVE MOTION BRIEFING**

Publix Super Markets, Inc. ("Publix") respectfully moves for the Court to reconsider its recent scheduling order, Dkt. 5426, regarding Plaintiff Cobb County's motion for partial summary judgment, Dkt. 5416, which seeks summary judgment on (1) the content of Publix's duties under the federal and Georgia controlled substances acts and (2) Plaintiff's allegation that Publix breached those duties. The Court's revised briefing schedule accelerates the deadline for Publix's opposition by more than three months, from October 10, 2024 to July 2, 2024. *Compare* Dkt. 5329 *with* Dkt. 5426. That new deadline seriously prejudices Publix's ability to effectively oppose Plaintiff's motion, and it does so without achieving any efficiency gains for the Court or the parties.

*First*, Plaintiff's motion heavily relies upon its experts' opinions to establish supposedly "undisputed" facts.[1] Depositions are a critical means of testing such opinions, and it is therefore essential that Publix have enough time to take these experts' depositions, review their testimony, and incorporate that testimony into its opposition. The revised briefing schedule, however,

---

[1] Plaintiff's assertion that the facts are "undisputed" could not have been made in good faith given Plaintiff knows with certainty these facts will be disputed by Publix's experts in reports Plaintiff has not yet received.

severely reduces the time for Publix to incorporate into its opposition the deposition testimony of Plaintiff's experts. That prejudice is both unfair and unnecessary.

***Second***, the revised briefing schedule also significantly reduces the time for Publix to incorporate its own expert reports into its opposition—and makes it impossible to incorporate the testimony from its experts' depositions, which will extend out 20 days after the revised response deadline. Publix will only have one week to incorporate its experts' reports into its opposition. There is no reason and no apparent precedent for imposing such a compressed, one-sided schedule.

For these reasons, Publix requests the Court reconsider its revised briefing schedule and extend the time for it to respond to Plaintiff's summary judgment motion: The Court should return to the original October 10, 2024 deadline, and if not it should at least extend Publix's deadline to August 9, 2024 (the current deadline for Publix's own dispositive and *Daubert* motions).

## I. BACKGROUND

On December 26, 2023, the Court entered a scheduling order—agreed by both parties, *including Plaintiff*—that, among other things, set the deadline for Plaintiff's expert report disclosures as January 24, 2024 and set the deadline for Publix's summary judgment opposition as September 10, 2024. Dkt. 5280. On January 24, 2024, Plaintiff served its Rule 26(a)(2) reports for five expert witnesses, and Plaintiff served an additional sixth report on February 7, 2024. A few weeks later, the parties submitted agreed extended CMO dates to the Court and the Court entered the most recent Case Management Order ("CMO"). *See* Dkt. 5329. This CMO extended each of the former deadlines by a month, setting the following agreed deadlines for the parties to follow for the remaining expert discovery and dispositive motion briefing.

| EVENT | FORMER DEADLINE[1] | REVISED DEADLINE |
|---|---|---|
| Deadline for Deposition of Plaintiff Experts | April 25, 2024 | May 28, 2024 |
| Deadline for Defendant Expert Report Disclosures | May 24, 2024 | June 24, 2024 |
| Deadline for Deposition of Defendant Experts | June 21, 2024 | July 22, 2024 |
| Deadline to file Dispositive and *Daubert* motions | July 10, 2024 | August 9, 2024 |
| Deadline for responses to *Daubert* and dispositive motions. | September 10, 2024 | October 10, 2024 |
| Deadline for replies in support of *Daubert* and dispositive motions | October 11, 2024 | November 12, 2024 |

Dkt. 5329. The Court suggested these dates "were premised on two expectations: first, that the parties would simultaneously file numerous dispositive and *Daubert* motions at the initial deadline; and second, that the parties would not file any such motion before that initial deadline." Dkt. 5426 (the "revised briefing schedule").

Pursuant to this CMO, Publix is currently in the process of deposing each of Plaintiff's experts, with the last of these depositions occurring on May 30, 2024 of Mr. Carmen Catizone and Mr. Joseph Rannazzisi (by agreement of the parties to extend past the deadline due to experts' availability). Publix will disclose its experts and their reports by June 24, 2024, and depositions of Publix's witnesses will go through July 22, 2024.

Having consented to the briefing schedule which Plaintiff knew had Publix filing its opposition in fall 2024, Plaintiff nevertheless chose to jump the gun: It filed its summary judgment motion on April 26, 2024, more than three months before the August 9, 2024 date that Plaintiff agreed to and was entered by the Court. *Compare* Dkt. 5416 *with* Dkt. 5426. And Plaintiff did so even though its motion relies heavily on the very experts Publix is currently deposing and to which Publix's own experts will be supplying rebuttal opinions. Consistent with the briefing schedule to which it had consented, Plaintiff sought no change to that schedule, including <u>no</u> change to the response date for Publix's opposition.

Although Plaintiff's motion did not ask the Court to push up the due date for Publix's opposition, the Court did so *sua sponte* on May 2, 2024. Dkt. 5426. The Court ordered Publix to respond to Plaintiff's motion by July 2, 2024, declaring without elaboration that "it is appropriate to require submission of response and reply briefs to this motion well before the [previously set] dates." *Id.* The Court's order did not revise any of the other dates in the CMO (including, for example, the parties' *Daubert* motions, which remain due on August 9, 2024).

## II. ARGUMENT

A motion to reconsider is appropriate where it presents "evidence or argument that could not previously have been submitted[.]" *Davie v. Mitchell*, 291 F. Supp. 2d 57, 6433 (N.D. Ohio 2003), *aff'd*, 547 F.3d 297 (6th Cir. 2008)). Because the Court entered its revised briefing schedule *sua sponte*, Publix had no opportunity to present any argument prior to the Court's order, which makes the reconsideration process especially appropriate. And here, reconsideration is warranted because the Court's revised briefing schedule will significantly and unnecessarily prejudice Publix's ability to oppose Plaintiff's motion. *Cf. Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003) (holding, in context of modifying a Rule 16 scheduling order, that district courts are "required to evaluate prejudice" to a non-moving party before "modifying the scheduling order").

### A. Plaintiff's "undisputed facts" rest on the opinions of its experts, whom Publix is still in the process of deposing and against whom Publix will be disclosing rebuttal experts.

Like plaintiffs in prior tracks, where Publix was not a party and had no opportunity to oppose substantive motions, Plaintiff's motion for partial summary judgment begins by asking this Court to adopt its prior rulings regarding the nature and scope of chain pharmacy duties regarding the distribution and dispensing of opioids under the Controlled Substances Act ("CSA") and its state counterpart, the Georgia Controlled Substances Act ("GCSA"). *Cf.* Dkt. 4881 (Track 7, Montgomery County's motion for partial summary judgment). But unlike those prior motions and

orders, Plaintiff's motion requests the Court go a step further: It asks the Court to conclusively hold that Publix breached its duties under the CSA and the GCSA. *See* Dkt. 5416; Dkt. 5437-1, Plaintiff's Brief in Support, at 2 ("Plaintiff also asks the Court to find that Publix violated its duties under the CSA . . . ."); *id.* at 4–25 (listing purported facts as to which Plaintiff claims there is "no genuine dispute"). This is a dispositive question that, as of yet in this MDL, has been reserved for the trier of fact.

But Plaintiff's "undisputed" facts are, in fact, in dispute: Indeed, Plaintiff's factual recitation is largely supported by its experts, all of whom Publix is in the process of deposing. *See, e.g.*, Plaintiff's Brief in Support at 7 & n.12, 23 & n.87 (citing report prepared by Plaintiff's expert Craig McCann); *id.* at 12 & nn.37-38, 25 & n.95 (citing Plaintiff's expert Joseph Rannazzisi); *id.* at 16 & nn.54–57, 23–25 & nn.89–92, 29 & n.97, 30 & n.99, 31 & n.101 (citing Plaintiff's expert Carmen Catizone); *id.* at 25 & n.95 (citing Plaintiff's expert Anna Lembke). And Plaintiff knows the opinions of is experts will be opposed and disputed by those of Publix's own experts. That expert testimony will be provided in reports Plaintiff has not yet received (consistent with the schedule), let alone had the opportunity to consider.

Because Plaintiff's summary judgment motion relies heavily on these experts, Publix's opposition will necessarily feature these experts' deposition testimony as well as the reports and deposition testimony of Publix's own experts. Yet Publix will have little time to incorporate this testimony into its opposition: While the opposition is now due July 2, 2024, Publix will not depose two of Plaintiff's key experts (Carmen Catizone and Joseph Rannazzisi) until just 33 days earlier— May 30, 2024. In contrast, the Court's most recent CMO gave Publix more than 60 days from the last deposition of Plaintiff's experts to the filing of any dispositive motion; Publix would have then had any additional 60 days to oppose Plaintiff's dispositive motion. *See* Dkt. 5329 (listing May

28, 2024 deadline to depose Plaintiff's Experts, August 9, 2024 deadline to file dispositive and *Daubert* motions, and October 10 deadline to respond to dispositive and *Daubert* motions). The Court and the parties previously agreed that this amount of time is appropriate to allow the parties to fully review the experts' testimony and incorporate it into their motions and oppositions to dispositive motions. It is unfair to alter that agreement now, especially because the Court's *sua sponte* order only shortens Publix's time to incorporate expert testimony; the other CMO deadlines, including those affecting Plaintiff, remain intact.

Nor is there any discernible reason to change course now. The Court's revised briefing schedule did not change any of the other remaining deadlines—Publix's deadline to file a dispositive motion and the parties' deadline to file *Daubert* motions remains August 9, 2024, the response deadline remains October 10, 2024, and the reply deadline remains November 12, 2024. Accelerating the briefing on Plaintiff's early-filed motion will not expedite the Court's resolution of these interrelated motions. Instead, the *only* effect of the Court's revised briefing schedule is to make it hard for Publix to oppose Plaintiff's motion, as Plaintiff's reply deadline comes after all expert discovery has concluded in Track 8. *See* Dkt. 5426 (listing July 23, 2024 as Plaintiff's reply deadline).

### B. Plaintiff's "undisputed facts" will also be contested by Publix's expert reports, which are not due until June 24, 2024.

Further aggravating the prejudice to Publix, during the 33 days it is incorporating Plaintiff's experts' depositions into its opposition, Publix must also prepare and serve its own expert reports—which are the first set Publix has ever created for this MDL or any opioid litigation. Dkt. 5329 (listing June 24 deadline to serve Publix's expert reports).

Under the CMO, Publix had 46 days following the disclosure of its expert reports to prepare briefing incorporating its experts' testimony. The revised briefing schedule, however, has reduced

Publix's time to only one week. Publix now has only six business days to incorporate its expert reports to both rebut Plaintiff's "undisputed facts" and prepare its own experts for depositions throughout the month of July.

The CMO appropriately set the parties up to be working in stages of litigation—expert discovery finished first and then briefing (which would critically rely on that discovery) followed after. Plaintiff's early briefing and the revised briefing schedule force Publix to conduct interconnected expert discovery and motions practice simultaneously. This time pressure is one-sided, prejudicial, and unnecessary.

### C. The Court should grant Publix more time to respond to Plaintiff's motion because the revised briefing schedule would prejudice Publix's defense.

Publix requests the Court reconsider its revised briefing schedule and return to the October 10, 2024 opposition deadline previously set in the Court's CMO—and the deadline that still applies to Plaintiff.

In the alternative, the Court should at the very least grant Publix until August 9, 2024 to submit its brief opposing Plaintiff's summary judgment motion. This would allow Publix at least 60 days to review and incorporate Plaintiff's experts' testimony, 45 days to review and incorporate its expert reports, and 18 days to review and incorporate the deposition testimony of its own experts. This schedule is more consistent with the timeline originally contemplated in the CMO and would reduce the otherwise-severe prejudice to Publix. *Cf. Leary*, 349 F.3d at 909 (district courts must "evaluate prejudice" before "modifying the scheduling order"). At the same time, it would not slow down the litigation and would not prejudice Plaintiff. And it would align with the Court's and the parties' original plan to brief dispositive and *Daubert* motions simultaneously—in contrast to the staggered and disjointed briefing caused by Plaintiff's early filing. *See* Dkt. 5426

(expressing the court's original "premise" for the CMO and not amending the CMO's August 9, 2024 deadline for Rule 702 motions from both parties).

### III.     CONCLUSION

To avoid prejudice and for good cause, Publix requests the Court reconsider its revised briefing schedule and extend the time for it to respond to Plaintiff's motion until October 10, 2024 (the original due date for oppositions to dispositive motions) or August 9, 2024 (the deadline for the parties to submit dispositive motions and *Daubert* motions).

Dated: May 20, 2024                             Respectfully submitted,

*/s/ Kara M. Kapke*
Meredith Thornburgh White (IN 28094-49)
Kara M. Kapke (IN 25906-49)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone:  (317) 236-1313
Facsimile:   (317) 231-7433
mwhite@btlaw.com
kkapke@btlaw.com

*Attorneys for Defendant Publix Super Markets, Inc.*