UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL 2804 |
| *This document relates to:* | Case No. 17-md-2804 |
| | Hon. Dan Aaron Polster |

*City of Rochester v. Purdue Pharma, L.P.,*
No. 19-op-45853 (Track 12)

*Lincoln County v. Richard S. Sackler, M.D.,*
No. 20-op-45069 (Track 13)

PLAINTIFFS' OPPOSITION TO CERTAIN DEFENDANTS' MOTIONS
TO DISMISS FOR LACK OF PERSONAL JURISDICTION
(DOC. #5368) AND MEMORANDUM OF LAW IN SUPPORT

May 20, 2024

3005518.1

# TABLE OF CONTENTS

**Page**

LEGAL STANDARD ....................................................................................................................2

I. Procedural Standards ........................................................................................................2

ARGUMENT ...............................................................................................................................5

I. The RICO Statute provides a basis for this Court to exercise jurisdiction over the Moving Defendants.................................................................................................................5

    A. RICO Authorizes Personal Jurisdiction over All RICO Defendants So Long as One Defendant has Minimum Contacts with the District. ........................5

    B. This Court Has Personal Jurisdiction over OptumRx, Inc...................................6

    C. Waivers of Service Have Been Filed for all of the Moving Defendants. ..............10

    D. The Ends of Justice Compel This Court to Exercise Personal Jurisdiction Over All Defendants. .......................................................................................10

    E. The Court Also Has Pendent Jurisdiction over Plaintiffs' State Law Claims. .............................................................................................................16

II. In the Alternative, Plaintiffs Respectfully Request that These Motions Be Held In Abeyance until Jurisdictional Discovery is Complete. .....................................................17

CONCLUSION ...........................................................................................................................20

-i-

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Action Embroidery Corp. v. Atlantic Embroidery, Inc.*,
   368 F.3d 1174 (9th Cir. 2004) ...................................................................................17

*AER Advisors, Inc. v. Fid. Brokerage Servs., LLC*,
   921 F.3d 282 (1st Cir. 2019) ......................................................................................2

*Anthony v. Van Over*,
   No. 3:22-cv-416, 2023 WL 6307960 (E.D. Tenn. Sept. 27, 2023).............................11, 12, 15

*Anwar v. Dow Chem. Co.*,
   876 F.3d 841 (6th Cir. 2017) ......................................................................................3

*Bristol-Myers Squibb Co. v. Superior Court*,
   582 U.S. 255 (2017)....................................................................................................3

*Butcher's Union Local No. 498 v. SDC Inv., Inc.*
   788 F.2d 535 (9th Cir. 1986) ...................................................................................11, 12

*C.B. Fleet Co., Inc. v. Colony Specialty Ins. Co.*,
   2011 WL 13131001 (N.D. Ohio. May 10, 2011)....................................................18

*Canaday v. Anthem Co., Inc.*,
   9 F.4th 392 (6th Cir. 2021) ......................................................................................16, 17

*Cory v. Aztec Steel Bldg., Inc.*,
   468 F.3d 1226 (10th Cir. 2006) ...............................................................................11

*Cruz v. Kentucky Action Park*,
   950 F. Supp. 210 (N.D. Ohio 1996).........................................................................2

*Doe v. Varsity Brands, LLC*,
   No. 1:22-cv-02139, 2023 WL 4935933 (N.D. Ohio Aug. 2, 2023)........................10, 11, 13, 15

*Enginetec Corp. v. Boutin*,
   2008 WL 11380215 (N.D. Ohio Dec. 5, 2008) .......................................................12

*Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*,
   592 U.S. 351 (2021)....................................................................................................8

**TABLE OF AUTHORITIES**
(continued)

Page

*Gundaker/Jordan Am. Holdings, Inc. v. Clark*,
2008 WL 4585462 (E.D. Ky Oct. 13, 2008)..........................................................................18

*Hall v. Trivest Partners, L.P.*,
No. 22-12743, 2023 U.S. Dist. LEXIS 161342 (E.D. Mich. Sep. 12, 2023)....................11, 12

*Hall v. Trivest Partners, L.P.*,
No. 22-12743, 2024 U.S. Dist. LEXIS 27859 (E.D. Mich. Feb. 16, 2024)............................12

*High Adventure Ministries, Inc. v. Tayloe*,
309 F. Supp. 3d 461 (W.D. Ky. 2018)..................................................................................12

*In re Nat'l Prescription Opiate Litig.*,
No. 1:17-md-2804 (N.D. Ohio Apr. 3, 2019)..........................................................................17

*In re Nat'l Prescription Opiate Litig.*,
No. 1:17-md-2804 (N.D. Ohio Feb. 24, 2020) .......................................................................17

*Iron Workers Local Union No. 17 Ins. Fund v. Philip Morris Inc.*,
23 F. Supp. 2d 796 (N.D. Ohio 1998)..............................................................................13, 17

*IUE AFL-CIO Pension Fund v. Herrmann*,
9 F.3d 1049 (2d Cir. 1993).....................................................................................................17

*J.M. Smucker Co. v. Promotion in Motion, Inc.*,
420 F. Supp. 3d 646 (N.D. Ohio 2019)...............................................................................4, 16

*Jonna v. GIBF GP, Inc.*,
617 F. Supp. 3d 789 (E.D. Mich. 2022).................................................................................17

*Kerry Steel, Inc. v. Paragon Indus., Inc.*,
106 F.3d 147 (6th Cir. 1997) ...................................................................................................3

*M11 Motors, LLC v UP Trading, LLC*,
2017 WL 6624509 (N.D. Ohio Dec. 28, 2017) ......................................................................12

*Malone v. Stanley Black & Decker, Inc.*,
965 F.3d 499 (6th Cir. 2020) ...............................................................................................3, 9

*Oetiker v. Jurid Werke, G.m.b.H.*,
181 U.S. App. D.C. 124, 556 F.2d 1 (D.C. Cir. 1977) ..........................................................17

-iii-

**TABLE OF AUTHORITIES**
(continued)

Page

*Peters Broad. Eng'g, Inc. v. 24 Cap., LLC*,
    40 F.4th 432 (6th Cir. 2022) ........................................................................ *passim*

*Preferred RX, Inc. v. Am. Prescription Plan, Inc.*,
    46 F.3d 535 (6th Cir. 1995) ...............................................................................6

*Rexam Healthcare Packaging, Inc. v. Osiris Med., Inc.*,
    No. 3:09-cv-1584, 2010 WL 819063 (N.D. Ohio Mar. 9, 2010)...........................11, 12, 14, 15

*Robinson v. Penn Central Co.*,
    484 F.2d 553 (3d Cir. 1973)..............................................................................17

*Schneider v. Hardesty*,
    669 F.3d 693 (6th Cir. 2012) ..............................................................................2

*Scroggins o/b/o Walton v. Imerys Talc Am., Inc.*,
    2023 WL 8627629 (D.N.J. Dec. 7, 2023) ...............................................................2

*Smith v. Swaffer*,
    No. 1:21-CV-2095, 2023 WL 35151 (N.D. Ohio Jan. 4, 2023) .............................................16

*Suarez Corp. Indus. v. McGraw*,
    71 F. Supp. 2d 769 (N.D. Ohio 1999)........................................................................13, 14, 15

*Sullivan v. LG Chem, Ltd.*,
    79 F.4th 651 (6th Cir. 2023) ..............................................................................2, 3

*Theunissen v. Matthews*,
    935 F.2d 1454 (6th Cir. 1991) ...........................................................................3, 17

*Travis v. Anthes Imperial Ltd.*,
    473 F.2d 515 (8th Cir. 1973) ..............................................................................17

*Welsh v. Gibbs*,
    631 F.2d 436 (6th Cir. 1980) ..............................................................................2

*Wuliger v. Positive Living Resources*,
    410 F. Supp. 2d 701 (N.D. Ohio 2006)..................................................................3

-iv-

**TABLE OF AUTHORITIES**
(continued)

Page

**Statutes**

18 U.S.C. § 1965(a) ................................................................................5

Fair Labor Standards Act ........................................................................17

Mo. Rev. Stat. § 506.500 .........................................................................8

RICO ...........................................................................9, 10, 12, 14

RICO § 1965(b) ............................................................................ *passim*

**Court Rules**

CPLR § 302...............................................................................................8

Fed. R. Civ. P. 4 ................................................................................3, 4

Fed. R. Civ. P. 4(k)(1)(C) ...............................................................4, 5, 10

Fed.R.Civ.P. 12 .......................................................................................6

Federal Rule of Civil Procedure 4(k)(1) ................................................5

Federal Rule of Civil Procedure 4(k)(1)(A)...........................................5

Federal Rule of Civil Procedure 12(b)(2) ..............................................1

FRCP 12(b)(6) .........................................................................................1

FRCP 12(h)(1) .........................................................................................1

A group of the Optum defendants (the Moving Defendants)[1] bring these motions pursuant to Federal Rule of Civil Procedure 12(b)(2) to dismiss for lack of personal jurisdiction in both the CT12 (*City of Rochester*) and CT13 (*Lincoln County*) PBM bellwether cases.  Doc. 5368.[2]  The Moving Defendants' motions should either be denied outright or held in abeyance pending the completion of jurisdictional discovery.

The Moving Defendants contend that this Court lacks a basis to assert personal jurisdiction over them because they lack minimum contacts with New York (CT12) and with Missouri (CT13), the two transferor jurisdictions.  But the Moving Defendants ignore that, as Plaintiffs have pleaded, Doc. 5296-2 at para. 97 (Rochester); Doc. 5296-3 at para. 79 (Lincoln)**,** this Court can exercise personal jurisdiction over them pursuant to § 1965(b) of the RICO statute which provides for nationwide service of process and personal jurisdiction in the transferor courts and, accordingly, in this Court.  Moreover, under the principles of pendant jurisdiction, this Court can also exercise personal jurisdiction over Plaintiffs' state-law claims because those claims arise from the same nucleus of facts.  Thus, § 1965(b) provides sufficient basis for this Court to deny the motions outright.

---

[1] The Moving Defendants are UnitedHealth Group Incorporated; Optum, Inc.; OptumInsight, Inc.; OptumInsight Life Sciences, Inc.; OptumRx Discount Card Services, LLC; Optum Perks, LLC; OptumHealth Care Solutions, LLC; OptumHealth Holdings, LLC; and Optum Health Networks, Inc., which were joined to the case as part of the amendment process based on the revelation of information demonstrating the myriad ways in which these entities were involved in the RICO enterprises alleged and other malfeasance which form the bases of Plaintiffs' claims.  Neither OptumRx, Inc., the parent company of the other Optum Entities and CSA Registrant, nor the ESI defendants challenged the Court's personal jurisdiction over them and instead have asserted motions to dismiss under FRCP 12(b)(6), thereby waiving that defense.  FRCP 12(h)(1).

[2] The Moving Defendants have filed a single motion entitled Certain Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, Dkt. 5368, but included both CT12 and CT13 in the caption.  Plaintiffs therefore treat the Moving Defendants' submission as two motions.

Alternatively, the Court should hold the motions in abeyance until jurisdictional discovery has been completed.  While Plaintiffs contend that these motions may be denied on their face, Plaintiffs, seeking to avoid unnecessary further delay, served written jurisdictional discovery on April 17, 2024.  As described below, Defendants have so far refused to respond substantively to these requests.  Nonetheless, Plaintiffs believe that discovery will confirm that the Moving Defendants have sufficient contacts with the transferor forum states to provide an alternative basis for personal jurisdiction over them.  If the Court has any doubt that Moving Defendants' motions should be denied at this time, the Court should hold resolution of the motions in abeyance until this discovery is complete.

## LEGAL STANDARD

### I.    Procedural Standards

A plaintiff bears the burden of demonstrating that personal jurisdiction exists.  *Schneider v. Hardesty*, 669 F.3d 693, 697 (6th Cir. 2012).[3]  Where the complaint makes out a *prima facie* case of personal jurisdiction, however, the burden shifts to the defendant and "[t]he defendant's motion to dismiss must be supported by evidence. . . " *Peters Broad. Eng'g, Inc. v. 24 Cap., LLC*, 40 F.4th 432, 437 (6th Cir. 2022); *accord Sullivan v. LG Chem, Ltd*., 79 F.4th 651, 660 (6th Cir. 2023).  If the defendant meets that burden and supports its motion with evidence, the burden shifts back to the plaintiff who "must, by affidavit or otherwise, set forth specific facts showing that the court

---

[3] Sixth Circuit law governs the procedure the Court should use in determining how it resolves a motion to dismiss for lack of personal jurisdiction.  *See, e.g.*, *Cruz v. Kentucky Action Park*, 950 F. Supp. 210, 212-213 (N.D. Ohio 1996); *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980); *AER Advisors, Inc. v. Fid. Brokerage Servs., LLC*, 921 F.3d 282, 288 (1st Cir. 2019) ("When one district court transfers a case to another, the norm is that the transferee court applies its own Circuit's cases on the meaning of federal law."); *Scroggins o/b/o Walton v. Imerys Talc Am., Inc.*, 2023 WL 8627629, at *2 (D.N.J. Dec. 7, 2023) ("On issues of federal law or federal procedure, . . . the transferee court applies the law of the circuit where it sits.") (cleaned up).

has jurisdiction." *Sullivan*, 79 F.4th at 660; *Peters*, 40 F.4th at 437-38.   Here, the Moving Defendants have failed to submit evidence of any kind.  Accordingly, Plaintiffs are not required to submit any evidence and need only show that their pleadings make out a *prima facie* case for personal jurisdiction.  *Id.*; *see also Anwar v. Dow Chem. Co.*, 876 F.3d 841, 847 (6th Cir. 2017).[4]

In this context, the plaintiff's burden is slight.  *Anwar,*, 876 F.3d at 847; *Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499, 504-05 (6th Cir. 2020) ("relatively slight burden of a prima facie showing"); *accord Wuliger v. Positive Living Resources*, 410 F. Supp. 2d 701, 704 (N.D. Ohio 2006) (standard "is minimal").   Moreover, in assessing whether a plaintiff has met this burden, the district court must read the pleadings in the light most favorable to plaintiff.  *Peters,* 40 F.3th at 438; *Theunissen,* 935 F.2d at 1459.  "Dismissal [without an evidentiary hearing] is proper only if *all* the specific facts which the plaintiff . . . alleges collectively fail to state a *prima facie* case for jurisdiction.'"  *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 149 (6th Cir. 1997) (emphasis in original).

When service of process is based on the law of the forum state, a plaintiff must demonstrate that the requirements of the forum state's long-arm statute have been met and that the exercise of personal jurisdiction comports with due process.  *See* Fed. R. Civ. P. 4;  *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 282 (2017).  But service of process, and thus personal jurisdiction,

---

[4] Where a defendant does meet its burden to present evidence in support of its motion, the Court "has three procedural alternatives: it may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions. . . .The court has discretion to select which method it will follow, and will only be reversed for abuse of that discretion."  *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).  Here, as noted above, there are not factual issues to resolve because the Moving Defendants have failed to meet their burden to controvert the allegations of the pleadings with evidence.  Nonetheless, as discussed below, should the Court find the pleadings insufficient to establish jurisdiction at this juncture, Plaintiffs should be given the opportunity to complete jurisdictional discovery in order to establish the jurisdictional facts.

may also be based on a federal statute.  *See* Fed. R. Civ. P. 4(k)(1)(C) ("[s]erving a summons or filing a waiver of service establishes personal jurisdiction over a defendant . . . when authorized by a federal statute").  Here, the federal RICO statute provides for nationwide service of process:

> In any action under section 1964 of this chapter in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof.

18 U.S.C. § 1965(b).

Construing Rule 4 and the RICO jurisdictional provision, the Sixth Circuit has explained that, if at least one defendant that is a member of the RICO enterprise has minimum contacts with the forum state such that the court may exercise personal jurisdiction over that initial defendant, "[t]hen § 1965(b) extends personal jurisdiction through nationwide service of process over 'other parties residing in any other district,' as long as . . . the 'ends of justice' require it."  *Peters Broad. Eng'g, Inc. v. 24 Cap., LLC,* 40 F.4th 432, 440 (6th Cir. 2022).  And, a court that has personal jurisdiction over one claim may also generally exercise personal jurisdiction over related state-law claims arising from the same nucleus of facts under the doctrine of pendent personal jurisdiction. *J.M. Smucker Co. v. Promotion in Motion, Inc.,* 420 F. Supp. 3d 646, 658–59 (N.D. Ohio 2019).

As discussed below, in this case, the requirements for state law jurisdiction (including the requirements of due process) are met with respect to at least one Defendant and the requirements of § 1965(b) for personal jurisdiction over all the other Defendants are satisfied.  No more is required.

-4-

## ARGUMENT

I. **The RICO Statute provides a basis for this Court to exercise jurisdiction over the Moving Defendants.**

    A. **RICO Authorizes Personal Jurisdiction over All RICO Defendants So Long as One Defendant has Minimum Contacts with the District.**

Federal Rule of Civil Procedure 4(k)(1) provides that either serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant "when authorized by a federal statute."  Fed. R. Civ. P. 4(k)(1)(C).  "Congress can authorize nationwide service of process in a regulatory statute permitting claimants to sue a defendant in any of the federal district courts in the country."  *Peters,* 40 F.4th at 438.  In *Peters,* the Sixth Circuit held that 18 U.S.C. § 1965(b) of the RICO statute provides that authorization.  *Id*. at 440.

In reaching this decision, the court examined § 1965 as a whole.  *Id*. at 440-441.  Looking first to § 1965(a), the court noted that it provides that: "[a]ny civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs."  18 U.S.C. § 1965(a).  In *Peters,* the Sixth Circuit interpreted this requirement in § 1965(b) holding that "[b]ecause subsection (a) is not jurisdictional, another rule—such as Federal Rule of Civil Procedure 4(k)(1)(A) and the relevant state's long-arm statute—is required to establish personal jurisdiction over an initial defendant."  40 F.4th at 440.  "In other words, a civil RICO action can only be brought in a district court where personal jurisdiction based on minimum contacts is established as to at least one defendant."  *Id*. at 439 (quoting *PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65, 71 (2d Cir. 1998)).

Once jurisdiction under the state's long-arm statute is established over one defendant in the RICO enterprise, § 1965(b) extends personal jurisdiction through nationwide service of process

-5-

over other parties residing in *any* other district, as long as venue over the initial defendant is proper under section1965(a) and the assertion of personal jurisdiction comports with the "ends of justice." *Id*. at 440.  Consequently, "[w]hen a plaintiff brings a civil RICO action in a district court where personal jurisdiction can be established over at least one defendant, nationwide summonses can be served on other defendants if required by the ends of justice." *Id*. (citing *Cory v. Aztec Steel Bldg., Inc.,* 468 F.3d 1226, 1230 (10th Cir. 2006)).

### B.        This Court Has Personal Jurisdiction over OptumRx, Inc.

Here, OptumRx, Inc. ("OptumRx") has never argued that this Court lacks personal jurisdiction over it.  And by omitting any such argument from its own motion to dismiss, OptumRx has waived any objection to this Court's exercise of personal jurisdiction.  *See, e.g.*, *Preferred RX, Inc. v. Am. Prescription Plan, Inc*., 46 F.3d 535, 550 (6th Cir. 1995) ("The defense of lack of personal jurisdiction is waived if omitted from a motion to dismiss under Fed.R.Civ.P. 12").  OptumRx, therefore, has conceded this Court's exercise of personal jurisdiction over it complies with the New York and Missouri long-arm statutes and federal due process.

Even if Optum Rx had not conceded that jurisdiction exists (and surely the reason that it did concede it), there is no doubt that Plaintiffs' complaints plead a *prima facie* case of personal jurisdiction over OptumRx.  For example, Lincoln pleads in its Amended Complaint:

> This Court also has personal jurisdiction over all Defendants because the causes of action alleged in this Complaint arise out of Defendants' transacting business in Missouri, contracting to supply services or goods in this state, causing tortious injury by an act or omission in this state, and because Defendants regularly do or solicit business or engage in a persistent course of conduct or derive substantial revenue from goods used or consumed or services rendered in this state. Defendants have purposefully directed their actions towards Missouri and/or have the requisite minimum contacts with Missouri to satisfy any statutory or constitutional requirements for personal jurisdiction.

Doc. 5296-3 at ¶ 79.  With respect to OptumRx, Lincoln specifically alleges:

-6-

OptumRx, Inc. is registered to do business in Missouri and may be served through is registered Agent CT Corporation System, at 120 South Central Avenue, Clayton, Missouri 63105.

OptumRx, Inc. holds one active Third Party Administrator license with the Missouri State Board of Pharmacy, an active Pharmacy Benefits Manager license with the Missouri State Department of Insurance, and is registered with the DEA to dispense controlled substances, including opioids.

[. . .]

OptumRx now provides both PBM and mail-order dispensing services,At all relevant times, OptumRx provided PBM services for entities in Plaintiff's Community.

[. . .]

OptumRx offered pharmacy benefit management services nationwide and maintained standard, national formularies that were offered to and used OptumRx's clients both across the country and in Plaintiff's Community. At all times relevant hereto, those formularies included opioids, including those at issue in this case. OptumRx national formularies include the Essential Health Benefits, Generic Centric, Core Standard, Core Choice, Select Standard, Select Choice, Premium Standard, and Premium Choice.

Optum (and/or its predecessors) processed claims for opioids dispensed pursuant to Optum's standard, national formularies and utilization management guidelines in Plaintiff's Community throughout the opioid epidemic.

*Id.* at ¶¶ 146-48, 151, 177-78. Rochester's Amended Complaint contains nearly identical allegation with respect to OptumRx and New York. Doc. 5296-2 at ¶¶ 97, 147-48, 151, 192-94.

OptumRx's connection with the transferor forum states is significant. OptumRx covers over 2.2 million commercial lives in New York[5] and has contracts with approximately 5,000

---

[5]     *MMIT     PBM     Profile     OptumRx*, MMIT, 5 (September 2023), https://info.mmitnetwork.com/hubfs/Marketing%20Content/Infographics/PBM%20Profile%20Sample.pdf.

pharmacies in New York.[6]  In Missouri, as of 2022, OptumRx covers over 900,000 lives and provides pharmacy benefit and mail order pharmacy services to these Missouri residents.[7]

These allegations are more than sufficient to meet Plaintiffs' burden to make a *prima facie* showing of facts sufficient to permit this Court to exercise personal jurisdiction over OptumRx based on the applicable long-arm statutes.  New York's long-arm statute states that a court may exercise personal jurisdiction over any non-domiciliary who, *inter alia*, transacts any business within the state or contracts anywhere to supply goods or services in the state; or commits a tortious act within the state.  NY CLS CPLR § 302.  Likewise, Missouri's long-arm statute provides a court can exercise personal jurisdiction over any non-domiciliary who transacts business in Missouri, contracts in Missouri, and/or commits a tortious act within Missouri as to "any cause of action arising from the doing of any such acts."  Mo. Rev. Stat. § 506.500.  The factual allegations detailed above meet the requirements of these two long-arm statutes.

In addition to satisfying the long-arm statutes, the exercise of personal jurisdiction satisfies due process if the claims "arise out of or relate to the defendant's contacts with the forum."  *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 592 U.S. 351, 359 (2021) (citations omitted).  A defendant's "contacts" are "some action by which it purposefully avails itself of the privilege of conducting activities within the forum state."  *Id.*  The factual allegations in the amended complaint noted above also satisfy the constitutional requirements for asserting personal jurisdiction.

---

[6] N.Y. State S. Comm. on Investigations and Gov. Operations, Final Investigative Rep.: Pharmacy Benefit Managers in New York 34 (May 31, 2019), https://www.nysenate.gov/sites/default/files/article/attachment/final_investigatory_report_pharmacy_benefit_managers_in_new_york.pdf

[7] *See MMIT Profile Report*, *supra*, at 19–21.

-8-

Again, Plaintiffs' burden here is not substantial.  In *Malone v. Stanley Black & Decker, Inc.*, the Sixth Circuit, faced with factual allegations that were "sparse on detail," reversed the district court's personal jurisdiction dismissal: "Taken together with the rest of the complaint, and in a light most favorable to the Malones, these allegations are enough to satisfy the relatively slight burden of a *prima facie* showing. " 965 F.3d 499, 504-05 (6th Cir. 2020) (internal quotation omitted).  The allegations against OptumRx in this case are much more robust and easily are sufficient to meet the Plaintiffs' slight burden.

Notably, the same is true of the ESI Defendants, none of which have challenged personal jurisdiction.  The ESI Defendants are part of the same RICO enterprise as the Optum Defendants.  *See* Rochester Amended Complaint, Doc. 5296-2 at ¶¶ 275-85; Lincoln Amended Complaint, Doc. 5296-3 at ¶¶ 263-74.  As is the case with OptumRx, the Amended Complaints also allege sufficient facts to allow the Court to conclude that Plaintiffs have made a *prima facie* case of personal jurisdiction over the ESI Defendants.  Doc. 5296-2 at ¶¶ 97, 106-42 (Rochester); Doc. 5296-3  at ¶¶ 79, 88-121 (Lincoln).  Thus, any of the ESI Defendants could also serve as a proper "initial defendant" for purposes of 18 U.S.C. § 1965(b).

As Plaintiffs have met their *prima faci*e burden with respect to OptumRx and the ESI defendants, the burden now shifts to the Moving Defendants "whose motion to dismiss must be properly supported with evidence."  *Malone*, 965 F.3d at 504.  The Moving Defendants fail to meet that burden because they have not challenged Plaintiffs' claims of personal jurisdiction over OptumRx or the ESI Defendnats with evidence or even argument.  This failure is especially striking given that the two amended complaints specifically plead personal jurisdiction under § 1965(c).  Doc. 5296-2at ¶ 97; (Rochester); Doc. 5296-3at ¶ 79 (Lincoln).

-9-

Plaintiffs have established a *prima facie* showing of personal jurisdiction over OptumRx and the ESI Defendants. Accordingly, OptumRx qualifies as a proper "initial defendant" for purposes of 18 U.S.C. § 1965(b). *Peters*, 40 F.4th at 440.

### C. Waivers of Service Have Been Filed for all of the Moving Defendants.

As the Sixth Circuit has recognized, Federal Rule of Civil Procedure 4(k)(1)(C) provides that: "[s]erving a summons *or* filing a waiver of service will establish personal jurisdiction over a defendant . . . when authorized by federal statute." *Peters*, 40 F.4th at 438 (emphasis added); *see also Doe v. Varsity Brands, LLC*, No. 1:22-cv-02139, 2023 WL 4935933, at *12 (N.D. Ohio Aug. 2, 2023). Here, all of the Moving Defendants have executed waivers of service. *See* Doc. 48 (waivers for Lincoln County); Docs. 122-131 (waivers for Rochester). Thus, pursuant to Rule 4(k)(1)(C), those waivers suffice under § 1965(b) to justify the exercise of this Court's personal jurisdiction over the non-resident Moving Defendants, so long as the ends of justice require it.

### D. The Ends of Justice Compel This Court to Exercise Personal Jurisdiction Over All Defendants.

When a RICO action has been properly instituted in a district court over an "initial defendant"—as is the case here—that court may exercise jurisdiction over the other non-resident enterprise member defendants if the ends of justice so require. 18 U.S.C. § 1965(b). The "ends of justice" require this Court to exercise personal jurisdiction over the Moving Defendants in this RICO action because: (1) Plaintiffs' RICO claims should be tried against all RICO Defendants in one forum; (2) transfer to another forum would result in delay; and (3) the Moving Defendants— all of whom are corporate entities related to OptumRx and share the same counsel—will not be meaningfully burdened or inconvenienced by litigating in this Court (or in New York or Missouri, pursuant to an eventual remand).

-10-

Although the Sixth Circuit has not articulated precisely what is required to demonstrate the "ends of justice" for establishing personal jurisdiction over nonresident defendants pursuant to section 1965(b), *Peters,* 40 F.4th at 440 n.4, a number of district courts in this circuit (and elsewhere) have adopted the test set by the Tenth Circuit in *Cory v. Aztec Steel Bldg., Inc.*, 468 F.3d 1226 (10th Cir. 2006). *See, e.g., Rexam Healthcare Packaging, Inc. v. Osiris Med., Inc.*, No. 3:09-cv-1584, 2010 WL 819063, at *5 (N.D. Ohio Mar. 9, 2010); *Doe v. Varsity Brands, LLC*, No. 1:22-cv-02139, 2023 WL 4935933, at *16 (N.D. Ohio Aug. 2, 2023); *Anthony v. Van Over*, No. 3:22-cv-416, 2023 WL 6307960, at *3-4 (E.D. Tenn. Sept. 27, 2023); *Hall v. Trivest Partners, L.P.*, No. 22-12743, 2023 U.S. Dist. LEXIS 161342, at *24 (E.D. Mich. Sep. 12, 2023).

Under *Cory,* "the 'ends of justice' is a flexible concept uniquely tailored to the facts of each case." 468 F.3d at 1232. As the Tenth Circuit explained, "RICO was intended as a means to eradicate organized crime," and that such purpose would be constrained if nationwide service of process was disallowed. *Cory*, 468 F.3d at 1232. To the contrary, such a limit would "mean that some RICO violations would go unpunished whenever organized criminals operate within the same locale and cause harm in a distant state." *Id. Cory* further observed that such a limit would also be contrary to antitrust law, which incorporates a similar "ends of justice" analysis, and for which "[t]he Supreme Court has rejected the notion that a confluence of defendants within a single judicial district" is controlling.[8] *Id.*

---

[8] In *Butcher's Union Local No. 498 v. SDC Inv., Inc.,* the Ninth Circuit adopted a narrow interpretation of the "ends of justice" test requiring a RICO plaintiff to "show that there is no other district in which a court will have personal jurisdiction over all of the alleged co-conspirators." 788 F.2d 535, 539 (9th Cir. 1986). The district court in *Rexam* persuasively characterized the *Butcher's Union* rule as "arbitrary," noting that the Ninth Circuit "did not explain . . . this crabbed and inflexible interpretation." *Rexam*, 2010 WL 819063, at *4. Some cases decided by courts in this Circuit (all decided prior to the 6th Circuit's ruling in *Peters*) have cited *Butcher's Union. See High Adventure Ministries, Inc. v. Tayloe,* 309 F. Supp. 3d 461 (W.D. Ky. 2018) (finding "'the ends

In determining whether the Tenth Circuit's flexible interpretation of the "ends of justice" is satisfied, courts within the Sixth Circuit look to: (1) the preference for having the entire action litigated in one court, (2) the cost of delay in transferring the case to another forum, and (3) the balance of hardships between plaintiffs and defendants. *See Rexam*, 2010 WL 819063, at *5; *accord Anthony*, 2023 WL 6307960, at *4. Here, each of these factors counsels in favor of exercising personal jurisdiction over the Moving Defendants.

First, this Court should exercise personal jurisdiction over the nonresident Moving Defendants because each Plaintiff's RICO claims can be litigated against all RICO defendants in one court. That is an important factor here, given that all of the Defendants are alleged to have participated in a single nationwide RICO enterprise. *See, e.g.*, *Iron Workers Local Union No. 17 Ins. Fund v. Philip Morris Inc.*, 23 F. Supp. 2d 796, 803 (N.D. Ohio 1998) (Congress intended the

---

of justice' do not warrant utilizing the RICO jurisdictional provision to hale two individual defendants across the country to a venue already deemed improper under the traditional specific jurisdiction analysis, . . . especially considering the fact that venue would presumably be proper for both Defendants elsewhere"); *M11 Motors, LLC v UP Trading, LLC*, 2017 WL 6624509 (N.D. Ohio Dec. 28, 2017) (citing *Butchers Union* in dicta without considering the Tenth Circuit's approach after holding RICO defendant, over which the court lacked traditional personal jurisdiction existed); *Enginetec Corp. v. Boutin*, 2008 WL 11380215 (N.D. Ohio Dec. 5, 2008) (citing *Butcher's Union* rule in dicta after refusing to find jurisdiction proper under section 1965(b) because argument raised for first time in motion for reconsideration was deemed untimely). Thus, the cases citing *Butcher's Union* are all distinguishable on the facts and all pre-date the 6th Circuit's recognition of the availability of national service of process pursuant to section 1965(b) in *Peters* in 2022. The Court in *Hall, supra*, however, granted a motion to certify the question of whether the ends of justice test in § 1965(b) requires that there be no other jurisdiction where all of the defendants are subject to personal jurisdiction under the traditional minimum contacts test. *Hall v. Trivest Partners, L.P.*, No. 22-12743, 2024 U.S. Dist. LEXIS 27859 (E.D. Mich. Feb. 16, 2024). The Sixth Circuit has not decided whether to accept the interlocutory appeal in *Hall*. Resolution of this legal issue will not be dispositive, however, because as noted below, *infra* n.10 and accompanying text, there does not appear to be a jurisdiction where all the of the participants in the enterprise (both Optum and ESI defendants) are subject to personal jurisdiction. The Optum Defendants do not contend otherwise.

-12-

"ends of justice" language to provide a means for plaintiffs to bring all RICO defendants before the court in a single trial.).  Thus, "[i]t would not serve the ends of justice to require separate trials in different fora against parties who . . . have close involvement in the events underlying the plaintiff's case." *Suarez Corp. Indus. v. McGraw*, 71 F. Supp. 2d 769, 778 (N.D. Ohio 1999); *Doe*, 2023 WL 4935933, at *16 ("[r]equiring the plaintiff to file multiple identical actions against" nonresident defendants in different forums "in addition to maintaining the instant action, does not serve the ends of justice").

The Moving Defendants (and the ESI Defendants) are key players in the RICO enterprise alleged in the Complaint. OptumInsight contracted with Purdue beginning (at least) in the early 2000s to create and disseminate misinformation about the efficacy and safety of opioids.  This included conducting "research" and utilization reports that Purdue used to convince the market that OxyContin was effective for long term chronic pain treatment.  OptumInsight also created and presented physician "education" programs targeted at increasing OxyContin prescriptions. (Lincoln, Doc. 5296-3 at ¶¶ 326-29, 340-55; Roch., Doc. 5296-2 at ¶¶ 342-45, 357-72). This "research" and "education" directly benefitted opioid manufacturers' and PBMs' efforts to inappropriately reshape the pain treatment market and maximize opioid usage.  Optum's cash card entities (Optum Discount Card Services, LLC and Optum Perks, LLC) provided an avenue for patients to more easily pay for opioids while avoiding opioid-specific restrictions put in place to ensure safe and appropriate prescribing and dispensing. (Lincoln, Doc. 5296-3 at ¶¶ 485-91; Roch., Doc. 5296-2 at ¶¶ 372-78).  Other Optum entities, such as OptumHealth, Inc., also played key roles in facilitating widespread opioid use through additional "education programs" aimed at increasing opioid sales for chronic pain treatment.  (Lincoln, Doc. 5296-3 at ¶¶ 357-61; Roch., ¶¶ 501-506).  Including these Optum sister companies in this litigation is essential to understanding

-13-

the full scope of Optums' role in creating and fueling the opioid epidemic, to say nothing of the judicial efficiencies provided by litigating this case with each of the responsible companies at the table

If personal jurisdiction is not exercised over the Moving Defendants, Plaintiffs could only proceed in this Court against OptumRx and the ESI defendants; the Moving Defendants would be dismissed, and Plaintiffs would have to pursue their RICO claims against two sets of defendants split between at least two different forums. *Rexam*, 2010 WL 819063, at *5. Indeed, given the numerous states where the Moving Defendants, OptumRx, and the ESI Defendants reside, it does not appear that there is any district where all the RICO defendants are subject to personal jurisdiction under the traditional minimum contacts test.[9] "It would not serve the ends of justice to require separate trials in different fora against parties who . . . have close involvement in the events underlying the plaintiff's case." *Suarez Corp. Indus. v. McGraw*, 71 F. Supp. 2d 769, 778 (N.D. Ohio 1999); *Doe*, 2023 WL 4935933, at *16 ("[r]equiring the plaintiff to file multiple identical actions against" nonresident defendants in different forums "in addition to maintaining

---

[9] The RICO Defendants are alleged to be located in at least six different states: Missouri, New Jersey, Minnesota, California, South Carolina, Michigan. Missouri Defendants: Evernorth Health, Inc. (f/k/a Express Scripts Holding Company), Express Scripts, Inc., Express Scripts Administrators, LLC, ESI Mail Order Processing, Inc., Express Scripts Pharmacy, Inc., Express Scripts Specialty Distribution Services, Inc. *See* Rochester Amended Complaint, Doc. 5296-2 at ¶¶ 106, 109, 112, 117, 119; Lincoln Amended Complaint, Doc. 5296-3 at ¶¶ 88, 91, 96, 102, 114. New Jersey Defendant: Medco Health Solutions, Inc. *See* Doc. 5296-2 at ¶ 115; Doc. 5296-3 at ¶ 100. Minnesota Defendants: UnitedHealth Group, Inc., Optum, Inc., OptumInsight, Inc. (f/k/a Ingenix, Inc.), OptumInsight Life Sciences, Inc. (f/k/a QualityMetric, Inc.), OptumHealth Care Solutions, LLC, OptumHealth Holdings, LLC, Optum Health Networks, Inc. *See* Doc. 5296-2 at ¶¶ 144, 150, 155, 158, 178, 182, 183; Doc. 5296-3 at ¶¶ 130, 136, 140, 142, 161, 165, 166. California Defendant: OptumRx, Inc. *See* Doc. 5296-2 at ¶ 162; Doc. 5296-3 at ¶ 146. South Carolina Defendant: OptumRx Discount Card Services, LLC. *See* Doc. 5296-2 at ¶ 171; Doc. 5296-3 at ¶ 155. Michigan Defendant: Optum Perks, LLC. *See* Doc. 5296-2 at ¶ 174; Doc. 5296-3 at ¶ 158.

the instant action, does not serve the ends of justice"); *compare Anthony*, 2023 WL 6307960, at *5 (where nonresident defendant was *not* alleged to be part of the RICO scheme, "ends of justice" did not require exercise of personal jurisdiction).

Second, in the event this Court dismissed the Moving Defendants, Plaintiffs could refile their RICO claims in the districts where the Moving Defendants are residents, but starting such actions anew would result in substantial delay. Such delay weighs in favor of this Court extending personal jurisdiction over the Moving Defendants. *Rexam*, 2010 WL 819063, at *5; *Doe*, 2023 WL 4935933, at *17.

Finally, requiring the Moving Defendants to defend these actions in this Court (and eventually in New York and Missouri) imposes a minimal burden. The Moving Defendants are all corporate entities related to OptumRx, which is subject to personal jurisdiction, and all of which share the same counsel. *See Rexam*, 2010 WL 819063, *6 (finding balance of hardships favored jurisdiction under § 1965(b) where nonresident defendants were resident defendant's alter ego and wife); *Doe*, 2023 WL 4935933, at *17 (finding balance of hardships weighed in favor of jurisdiction where nonresident defendants "have retained competent local counsel and can easily conduct most of their litigation via electronic means"). "The burden is on the defendants to show that asserting jurisdiction in this forum will make litigation 'so gravely difficult and inconvenient' that they are unfairly at a 'severe disadvantage' in comparison to [plaintiff]." *Suarez*, 71 F. Supp. 2d at 778. The Moving Defendants do not attempt to satisfy this standard, having failed even to acknowledge the Plaintiffs' Amended Complaints allege personal jurisdiction over Defendants under § 1965(b), and make no argument that litigating in this forum would be either inconvenient or burdensome. Thus, this Court should conclude that the "ends of justice" require it to exercise personal jurisdiction over the Moving Defendants.

-15-

E.     **The Court Also Has Pendent Jurisdiction over Plaintiffs' State Law Claims.**

Because this Court has jurisdiction over Defendants with respect to Plaintiffs' RICO claim, it also may exercise jurisdiction over Plaintiffs' state-law claims under the doctrine of pendent personal jurisdiction.  "Pendent personal jurisdiction is a common law doctrine that recognizes the inherent fairness of exercising personal jurisdiction over claims asserted against a Defendant over whom the Court already has personal jurisdiction with respect to another claim or claims arising out of the same nucleus of operative facts."  *J.M. Smucker Co. v. Promotion in Motion, Inc.*, 420 F. Supp. 3d 646, 658 (N.D. Ohio 2019) (citation omitted).  "Under those circumstances, it makes little sense to dismiss or transfer such claims because doing so would not relieve the defendant from the obligation to appear and defend against other related claims, and would create inefficiencies by forcing claims arising out of a common nucleus of operative facts to be tried in different jurisdictions."  *Id.* at 659 (citation omitted).  Plaintiffs have pled that the state law claims arise out of the same common nucleus of operative facts as Plaintiffs' RICO claims, Doc. 5296-2 at ¶ 97 (Rochester); Doc. 5296-3 at ¶ 79 (Lincoln), and Moving Defendants do not contend otherwise.

The Sixth Circuit has recognized that pendant jurisdiction has been applied by courts in these circumstances.  *Canaday v. Anthem Co., Inc.*, 9 F.4th 392, 401 (6th Cir. 2021).  And district courts within this Circuit exercising personal jurisdiction over a federal claim have routinely exercised pendent personal jurisdiction over related state claims arising from the same nucleus of facts.  *See, e.g., J.M. Smucker Co.,* 420 F. Supp. 3d at 658–59 (N.D. Ohio 2019) (citing cases); *Smith v. Swaffer*, No. 1:21-CV-2095, 2023 WL 35151, at *3 (N.D. Ohio Jan. 4, 2023); *Iron Workers Loc. Union No. 17 Ins. Fund,* 23 F. Supp. 2d at 804–06 (applying pendent personal jurisdiction in case with RICO claims); *Jonna v. GIBF GP, Inc.,* 617 F. Supp. 3d 789, 799 (E.D.

-16-

Mich. 2022).  As the requirements for pendant personal jurisdiction are met, this Court should exercise jurisdiction over Plaintiffs' state law claims.[10]

## II.  In the Alternative, Plaintiffs Respectfully Request that These Motions Be Held In Abeyance until Jurisdictional Discovery is Complete.

If the Court is hesitant to deny the Moving Defendants' Motions outright, the Court should hold these Motions in abeyance while personal jurisdiction discovery proceeds, consistent with this Court's prior rulings and Sixth Circuit precedent.  *See* Doc. 1512, Ruling Regarding Jurisdictional Discovery on Defendants Allergan, Teva, and Mallinckrodt, *In re Nat'l Prescription Opiate Litig.*, No. 1:17-md-2804 (N.D. Ohio Apr. 3, 2019); Dkt. No. 3180, Order Regarding Jurisdictional Discovery of Rite Aid Corp., *In re Nat'l Prescription Opiate Litig.*, No. 1:17-md-2804 (N.D. Ohio Feb. 24, 2020); *Theunissen*, 935 F.2d at 1459; *Conn*, 667 F.3d at 711; *Carr.*, 2012 WL 325766, at *3 (finding that courts should allow jurisdictional discovery unless the plaintiff's claim is clearly frivolous); *C.B. Fleet Co., Inc. v. Colony Specialty Ins. Co.*, 2011 WL 13131001,

---

[10] In *Canaday,* the Sixth Circuit observed that it "has never recognized" pendent personal jurisdiction and declined to recognize the doctrine in the case before it based on the particular circumstances of that case.  9 F.4th at 401. The court did acknowledge, however, that pendent personal jurisdiction was usually applied in cases involving a nationwide service of process provision, *such as RICO*, whereas the claims in *Canaday* were under the Fair Labor Standards Act, which did not include such a provision.  *Id*. at 399 ("[t]hat silence rings loudly when juxtaposed with the many other instances in which Congress included nationwide service of process provisions").  In addition, *Canaday* involved nonresident plaintiffs who were seeking to opt in to a collective action, and the court held it did not have jurisdiction over them under the pendent *party* personal jurisdiction doctrine. *Id*. at 401. Other circuit courts have expressly recognized pendent personal jurisdiction when a federal statute authorizes nationwide service of process, and the federal and state claims derive from a common nucleus of operative facts. *See Action Embroidery Corp. v. Atlantic Embroidery, Inc.*, 368 F.3d 1174, 1181 (9th Cir. 2004); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1056 (2d Cir. 1993); *Oetiker v. Jurid Werke, G.m.b.H.*, 181 U.S. App. D.C. 124, 556 F.2d 1, 4-5 (D.C. Cir. 1977); *Robinson v. Penn Central Co.*, 484 F.2d 553, 555-56 (3d Cir. 1973); *Travis v. Anthes Imperial Ltd.*, 473 F.2d 515, 528 (8th Cir. 1973).

-17-

at *2 (N.D. Ohio. May 10, 2011) (finding that limited jurisdictional discovery should be allowed when evidence relevant to jurisdiction is unclear) *Gundaker/Jordan Am. Holdings, Inc. v. Clark*, 2008 WL 4585462, at *2 (E.D. Ky Oct. 13, 2008) ("Courts do not distinguish between facial and factual challenges in personal jurisdiction disputes.").[11]

Plaintiffs attempted to reach agreement with the Moving Defendants to develop an efficient process to conduct jurisdictional discovery. On April 2, 2024, the parties met and conferred to discuss personal jurisdictional issues, pursuant to Special Master Cohen's directive during the March 28, 2024, discovery conference. Ex. A. Defendants asserted during the call, as they had asserted in a previous meet and confer, that jurisdictional discovery was not warranted because their Motions raise a facial challenge to personal jurisdiction. Ex. B. On April 5, 2024, Plaintiffs sent the Moving Defendants a letter outlining the legal and factual support for jurisdictional discovery. Ex. A. The parties met and conferred again on April 10, 2024. Defendants contended during this conference that ongoing merits discovery (which the Moving Defendants have agreed to participate in) would be relevant to personal jurisdiction, and questioned whether Plaintiffs needed or were entitled to separate jurisdictional discovery. Ex. C. Merits discovery, however, does not close until December 23, 2024.

---

[11] Defendants' argument about group pleading provides no basis to grant Defendants' motion or to reject Plaintiffs' request for jurisdictional discovery. This Court previously rejected an argument about group pleading raised by manufacturer defendants in this MDL. Doc. #1680 (*Muscogee/Blackfeet* MTD Order) at 4-5. In that instance, the manufacturer defendants argued for dismissal of the complaint for failure to state a claim because, they contended, the plaintiffs had failed sufficiently to differentiate among the defendants. The Court found the allegations sufficient to state a claim against each defendant. If the same kind of allegations were sufficient to state a claim, they are more than sufficient to warrant the jurisdictional discovery that will allow Plaintiffs to state with more specificity the minimum contacts with the forum state for each defendant (assuming any such analysis is required).

-18-

On April 17, 2024, Plaintiffs served the Optum Defendant family with limited jurisdictional discovery requests, consisting of five Interrogatories and eleven Requests for Production, including requests such as "Identify all Optum entity offices, employees, physicians, medical directors, and/or case managers in the bellwether states during the relevant time period and describe any work that these office/employees engaged in related to opioids."  Ex. D1, D2.

Defendants' responses to these requests were due on May 17, 2024.  Late that evening, the Moving Defendants served their "Objections and Responses [sic] to Plaintiffs' So-Called "Jurisdictional Discovery Requests."  Ex. E1, E2.  As is typical for the Optum Defendants, (*see* Plaintiffs' Motion for Sanctions, Doc. 5443), in their 34-pages of "objections and [so called] responses," the Moving Defendants objected to every interrogatory and document production request without providing *any* substantive response or producing a single document.[12]  *Id.* Defendants' refusal to respond to Plaintiffs' narrowly tailored personal jurisdiction requests is further justification for the Court to hold Defendants' Motions in abeyance while Plaintiffs meet and confer with Defendants and, if necessary, move to compel responses to these (and other) requests related to personal jurisdiction.

---

[12] Their response to each request propounds objections and states:

> Subject to and without waiving any objections, the Moving Defendants decline to answer this interrogatory [decline to produce documents].  The Moving Defendants are, however, willing to meet and confer to discuss their objections and to understand (1) why Plaintiffs believe this Request seeks information that is relevant to the Moving Defendants' personal jurisdiction challenge and (2) why Plaintiffs do not believe this request constitutes improper merits discovery.

*See, e.g.,* E1 at 7.

-19-

In addition, in keeping with Special Master Cohen's request during the March 28 Discovery Conference, Plaintiffs proposed a stipulation that could resolve the personal jurisdiction issues. On April 18, 2024, Plaintiffs provided Defendants with a draft stipulation stating, in pertinent part, that the parties would agree to dismiss all but one of the Optum (and Express Scripts) Defendants if the remaining Defendant agreed to respond to discovery on behalf of the dismissed Defendants. Ex. F  When on May 6, 2024, Plaintiffs requested a response from Defendants, they stated only that they were working on a counterproposal.  *Id.*  However, no counterproposal has yet been forthcoming.

As Defendants have acknowledged, discovery that is relevant to personal jurisdiction is ongoing, as are the parties' attempts to resolve the personal jurisdiction issues through a stipulation. Defendants have refused to substantively respond to any of Plaintiffs' jurisdictional discovery requests.  Thus, Plaintiffs respectfully request that, if the Court does not deny the Moving Defendants' Motions on the grounds discussed in Section I above, it hold the motions in abeyance until jurisdictional discovery is completed.

## **CONCLUSION**

For the foregoing reasons, the Moving Defendants' Motions should be denied in their entirety.

Dated: May 20, 2024                     Respectfully submitted,


                                        *Plaintiffs' Co-Lead Counsel*

                                        Jayne Conroy
                                        SIMMONS HANLY CONROY
                                        112 Madison Avenue, 7th Floor
                                        New York, NY 10016
                                        (212) 784-6400
                                        jconroy@simmonsfirm.com

-20-

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
(843) 216-9000
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
FARRELL & FULLER LLC
270 Munoz Rivera Avenue
San Juan, PR  00918
(304) 654-8281
paul@farrellfuller.com

*Plaintiffs' Liaison Counsel*

*/s/ Peter H. Weinberger*
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
(216) 696-3232
pweinberger@spanglaw.com

*Counsel for City of Rochester*

*/s/ Hunter J. Shkolnik*
Hunter J. Shkolnik
Paul J. Napoli
NSPR LAW SERVICES LLC
1302 Avenida Ponce de Leon
Santurce, Puerto Rico 00907
(833) 271-4502
hunter@nsprlaw.com
pnapoli@nsprlaw.com

-21-

Salvatore C. Badala
Shayna E. Sacks
Joseph L. Ciaccio
NAPOLI SHKOLNIK PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
(212) 397-1000
sbadala@napolilaw.com
ssacks@napolilaw.com
jciaccio@napolilaw.com


*Counsel for Lincoln County, MO*

*/s/ John F. Garvey*
John F. Garvey
Colleen Garvey
Ellen A. Thomas
STRANCH, JENNINGS & GARVEY, PLLC
Peabody Plaza
701 Market Street, Suite 1510
St. Louis, MO 63101
(314) 390-6750
jgarvey@stranchlaw.com
cgarvey@stranchlaw.com
ethomas@stranchlaw.com

*/s/ Joanne M. Cicala*
Joanne M. Cicala
Joshua Wackerly
R. Johan Conrod
Shelbi Flood
THE CICALA LAW FIRM PLLC
101 College Street
Dripping Springs, TX 78620
(512) 275-6550
joanne@cicalapllc.com
josh@cicalapllc.com
johan@cicalapllc.com
shelbi@cicalapllc.com

-22-

/s/ Patrick A. Hamacher
Patrick A. Hamacher
Mark R. Niemeyer
NIEMEYER, GREBEL & KRUSE, LLC
211 N. Broadway, Suite 2950
St. Louis, MO 63102
(314) 241-1919
hamacher@ngklawfirm.com
Niemeyer@ngklawfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

/s/Peter H. Weinberger
Peter H. Weinberger

-23-