# EXHIBIT A



401 9th St. NW, Suite 630
Washington, DC 20004
o. 202.232.5504   f. 202.232.5513

**Linda Singer**
*Licensed in DC, NY*
direct:  202.386.9626
lsinger@motleyrice.com

www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

April 5, 2024

<u>VIA ELECTRONIC MAIL</u>
Attn: Brian D. Boone
Alston & Bird
Vantage South End
1120 South Tryon Street
Suite 300
Charlotte, NC 28203-6818

Counsel,

This letter addresses the personal jurisdiction issues discussed during the March 28 discovery conference before Special Master Cohen and the parties' April 2 meet and confer.

### Parent Companies – UnitedHealth Group, Inc. ("UHG") and Optum, Inc.

Based on our review of the limited discovery provided to date and publicly available information, it is clear that UHG is more than simply a holding company, as you suggest, but instead serves an active role in the management of OptumRx's PBM and opioid-related business and operations. UHG's, United HealthCare Services, Inc.'s ("UHC"), and OptumRx's own materials and internal discussions describe UHG as a key player in the overall coordination of the business. OptumRx and the other Optum entities are consistently referenced as part of broader UHG and there is regular crossover of employees between all the UHG entities. *See* OPTUMRX_JEFFCO_0000014386-89; https://www.uhc.com/content/dam/uhcdotcom/en/e-i-articles/pdfs/tri3-enterprise-enabled-caps-article.pdf ("***When clients work with UnitedHealthcare, they tap into the power of UnitedHealth Group***. The enterprise—entrusted to help provide health benefits and services to 250M+ members worldwide—includes Optum, a technology and data-enabled health care services company.") (emphasis added). In the U.S. Department of Justice's challenge of the merger between UnitedHealth and Change Healthcare, the federal government noted that UHG employees consistently moved between the various entities, including CEO Andrew Witty who served as CEO of United and Optum simultaneously for some time. *See* Plaintiffs' Pretrial Brief, *U.S. v. UnitedHealth Group, Inc. & Change Healthcare, Inc.*, No. 1:22-cv-00481 (CJN), ECF No. 101, at 72 (D.D.C. July 22, 2022). Moreover, UHG and Optum executives regularly met to discuss the overall goals and strategies of the business. *Id.* In addition, a white paper the company published indicated that "the integrated nature of UnitedHealth Group brings together a payer (United Healthcare), a technology company (Optum), and a provider (Optum Care) under one roof as innovation collaborators." *See* Accelerating the pace of innovation in health care | Employer | UnitedHealthcare (uhc.com).

MT. PLEASANT, SC | MORGANTOWN, WV | CHARLESTON, WV | PROVIDENCE, RI | WASHINGTON, DC | CHERRY HILL, NJ
PHILADELPHIA, PA | HARTFORD, CT | NEW YORK, NY



April 5, 2024
Page 2

It is also clear that Optum consistently receives and shares data from and with UHG. *See* OPTUMRX_JEFFCO_0000299962. Moreover, studies conducted by OptumInsight and OptumRx for manufacturers utilized UHG data. *See* PPLPC036000014773; OPTUMRX_JEFFCO_0000004463 (touting Optum's ability to user near real time data feeds to integrate claims data and fight opioid epidemic); PPLPC0290000036505. UHG also had an executive steering committee that worked to align the UHC and Optum sides of the business. *See* OPTUMRX_JEFFCO_0000278888. Importantly, albeit late, UHG created an "opioid task force" that was "a culmination of many, many leaders and experts across the entire UHG enterprise." *See* Deposition of Jenna Gilbertson, *Jefferson County v. Dannie E. Williams, MD, et al.*, Case No. 20JE-CC00029 (Mo. Circuit Ct., Mar. 29, 2023); *see also* OPTUMRX_JEFFCO_0000014386-89 (indicating that OptumRx, and other UHG entities are part of the broader UHG Enterprise initiative to reduce opioid misuse and abuse). Employees of both Optum, Inc., OptumRx, and UHG worked on this taskforce. Opioid manufacturers clearly viewed the UHG/Optum entities as one cohesive family. *See* PPLCP018000032491 (acknowledging Ingenix as part of United HealthCare); TEVA_CAOC_13908524; JAN-MS-00672073 (stating that Janssen and Teva have "executive sessions" with UHG which includes executives from UHG, OptumHealth, Ingenix, and numerous other United entities); PPLPC012000057095.

Notably, we have pieced together the extensive involvement of UHG from just the very limited discovery provided to date and publicly available information. We have not yet received any discovery as to Optum, Inc., and are not prepared to agree to limitations on our ability to conduct appropriate discovery of either entity, including jurisdictional discovery.

**<ins>Sibling Companies</ins>**

You have stated in several of our discussions that plaintiffs are not entitled jurisdictional discovery for any sibling companies, including, but not limited to, OptumInsight (Ingenix), OptumInsight Life Sciences, Inc., OptumRx Discount Card Services, LLC, Optum Perks, LLC, OptumHealth Care Solutions, LLC, OptumHealth Holdings, LLC, and Optum Health Networks, Inc. Jurisdictional discovery is appropriate, consistent with Special Master Cohen and Judge Polster's previous rulings as well as 6th Circuit precedent. *See, e.g.*, Dkt. No. 1512, Ruling Regarding Jurisdictional Discovery on Defendants Allergan, Teva, and Mallinckrodt, *In re Nat'l Prescription Opiate Litig.*, No. 1:17-md-2804 (N.D. Ohio Apr. 3, 2019); Dkt. No. 3180, Order Regarding Jurisdictional Discovery of Rite Aid Corp., *In re Nat'l Prescription Opiate Litig.*, No. 1:17-md-2804 (N.D. Ohio Feb. 24, 2020); *Carr v. DJO Inc.*, 2012 WL 325766, at *3 (S.D. Ohio Aug. 8, 2012) (citing *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (finding that courts are instructed to assist plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is clearly frivolous); *C.B. Fleet Co., Inc. v. Colony Specialty Ins. Co.*, 2011 WL 13131001, at *2 (N.D. Ohio. May 10, 2011) (finding that limited discovery relating to jurisdiction



April 5, 2024
Page 3

should be allowed when the evidence relevant to the question of jurisdiction is unclear). Indeed, the Court specifically contemplated that jurisdictional discovery might be necessary in connection with motions to dismiss on jurisdictional grounds. Dkt. No. 5282 at ¶5. Plaintiffs easily meet the standard for obtaining jurisdictional discovery of each of the above Optum sibling companies.

Please confirm by COB on Monday, April 8, 2024 that you will nonetheless not provide jurisdictional discovery from these entities so that Plaintiffs can add this issue to the agenda for the April 15th hearing. If we do not hear from you, we will assume that is the case.

Sincerely,

Linda Singer /AS

Linda Singer