# EXHIBIT F

# do Amaral, Paulina

| | |
|---|---|
| **From:** | owner-pbm@listserv.motleyrice.com on behalf of Hatchett, Andrew <000000d007222360-dmarc-request@LISTSERV.MOTLEYRICE.COM> |
| **Sent:** | Monday, May 6, 2024 3:42 PM |
| **To:** | Peter H. Weinberger; Optum Opioid Team; ESI-Opioids |
| **Cc:** | PBM |
| **Subject:** | [EXT] Re: Stipulation re: PBM defendants |

Pete,

Express Scripts and OptumRx are working on a counterproposal. This is a complex issue, and we are still discussing with our respective clients. We won't be prepared to circulate a response by tomorrow but hope to have something soon.


Andrew Hatchett

ALSTON & BIRD

1201 West Peachtree St. NE

Atlanta, GA 30318

+1 404 881 4826 (O)

+1 601 955 6002 (C)

andrew.hatchett@alston.com

_____

From: Peter H. Weinberger <PWeinberger@spanglaw.com>
Sent: Monday, May 6, 2024 1:43:37 PM
To: Optum Opioid Team <Optum.Opioid.Team@alston.com>; ESI-Opioids <esi-opioids@quinnemanuel.com>
Cc: PBM <PBM@listserv.motleyrice.com>
Subject: FW: Stipulation re: PBM defendants

EXTERNAL SENDER – Proceed with caution
_____


Counsel for PBM's.


Please provide us your response to this proposed stipulation by the close of business on Tuesday 5/7/24.


Thank you.

1

Pete

From: Peter H. Weinberger
Sent: Thursday, April 18, 2024 4:53 PM
To: ESI-Opioids <esi-opioids@quinnemanuel.com<mailto:esi-opioids@quinnemanuel.com>>; Optum Opioid Team <Optum.Opioid.Team@alston.com<mailto:Optum.Opioid.Team@alston.com>>
Cc: PBM <PBM@listserv.motleyrice.com<mailto:PBM@listserv.motleyrice.com>>
Subject: Stipulation re: PBM defendants

Counsel for PBM's.

Attached you will find plaintiffs' proposed stipulation which covers the issues addressed by SM Cohen during our last discovery conference.  Please review and let us know if you concur.

Pete

Peter H. Weinberger
Of Counsel
Spangenberg Shibley & Liber LLP
1001 Lakeside Avenue East, Suite 1700
Cleveland, Ohio 44114
216-696-3232 Office
216-696-3924 Fax
PWeinberger@spanglaw.com<mailto:PWeinberger@spanglaw.com> |
www.spanglaw.com<https://www.spanglaw.com>

CONFIDENTIALITY NOTICE: The information in this e-mail, including any attachments, is for the sole use of the intended recipient(s), and may contain confidential and legally privileged communications. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this communication is strictly prohibited and may be unlawful, and could subject the unlawful user to civil and criminal penalties. Any unintended receipt should be reported to this sender immediately and all copies returned, deleted, and destroyed. TO OUR CLIENTS: Any dissemination of this communication to third-parties may be a waiver of the attorney-client privilege.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*City of Rochester v. Purdue Pharma L.P.*, No. 19-op-45853 (Track 12)<br><br>*Lincoln County v. Richard S. Sackler, M.D.*, No. 20-op-45069 (Track 13)<br><br>*City of Independence, Missouri v. Williams*, No. 19-op-45371 (Track 14)<br><br>*County of Webb, Texas v. Purdue Pharma, L.P.*, No. 18-op-45175 (Track 15) | **MDL No. 2804**<br><br>**Case No. 17-md-2804**<br><br>**Judge Dan Aaron Polster** |

**PROPOSED STIPULATION RE: PBM DEFENDANTS**

The parties stipulate as follows:

1. From the family of UHG/Optum (hereinafter "Optum") and Express Script companies, the parties will select one Optum company and one Express Script company as sole defendants for purposes of the bellwether trials. All other Optum and Express Script companies will be dismissed without prejudice from the bellwether cases.

2. The remaining Optum and Express Script companies are obligated to answer all discovery on behalf of themselves and all related family companies who are dismissed from the case.

3. Plaintiffs may assert any claim against the remaining Optum or Express Script company as if the remaining companies were any of the family related companies who were dismissed.

4. The dismissals of the related family companies cannot be used by any remaining defendants as a defense to any claims against the remaining defendants. By way of

example, if an Optum company that is dismissed from the case is the only company that holds a DEA registration, that fact cannot be used as a defense to a claim that Optum failed to follow DEA requirements or regulations. Nor can the dismissals be used by the dismissed defendants later to justify dismissal of claims later re-asserted against them if this stipulation no longer applies.  For instance, the dismissed defendants may not assert a statute of limitations defense based on the dismissal of claims pursuant to this stipulation.

5. The dismissed Optum and Express Script companies agree to satisfy any judgment rendered against the remaining Optum or Express Script Company if the remaining Optum or Express Script Company is unable to satisfy said judgment. If the judgment results in an order of injunctive relief, the dismissed Optum and Express Script companies agree that said order shall apply to the dismissed companies.

6. The jurisdictional motions to dismiss shall be stayed until a plaintiffs' verdict in any bellwether case.