**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) MDL 2804 ) |
| | ) Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO: | ) ) Judge Dan Aaron Polster |
| *All Cases* | ) |
| | ) **ORDER** |
| | ) |

On April 22, 2024, the PEC filed a motion to lift this Court's moratorium on substantive filings. Docket no. 5411. Specifically, the PEC seeks leave to permit plaintiffs to file motions for leave to amend complaints to add defendants.

Three groups of defendants filed a response to the PEC's motion: (1) the PBM Defendants took no position on the PEC's motion, but proposed a briefing schedule (docket no. 5423); (2) another group of defendants opposed the PEC's motion (docket no. 5429); and (3) certain other defendants responded they had reached global settlements, so the PEC's motion was moot with respect to them (docket no. 5430). The PEC filed a reply (docket no. 5434) and the PBM Defendants filed a sur-reply (docket no. 5439).

On May 22, 2024, the Court held a video conference on the PEC's motion with all interested parties. As stated during the conference on the record, the Court will lift the moratorium to permit plaintiffs to move to amend their complaints; however, the PEC and plaintiffs must adhere to the following directives.

For each defendant the PEC wishes to add to any case, the PEC shall file a ***single*** motion to amend the complaints of ***all*** plaintiffs who wish to add that defendant. Each defendant-specific

motion may be broken into two parts—one part addressing facts that apply to all plaintiffs seeking to add that defendant, and one part addressing plaintiff-specific facts and law against that defendant. In the second part of each of these defendant-specific, omnibus motions, the PEC must supply: (1) a list of *all* cases seeking to add that defendant; (2) any plaintiff-specific factual allegations pertinent to *each individual* case; (3) any jurisdiction-specific claims the plaintiff seeks to add to (or dismiss from) *each individual* case; and (4) good cause for the proposed amendments, stating with particularity the reasons amendment should be permitted in *each individual* case.

The PEC is also ordered to review every case carefully and dismiss any defendant that plaintiffs' counsel does not intend to zealously pursue in litigation. Lead counsel for each plaintiff seeking amendment of any listed complaint shall sign the motion to indicate that—should any of the listed cases be chosen as a bellwether—both counsel and plaintiff-client are prepared to spend the time and money necessary to litigate the case against each defendant. The Court will consider strong sanctions against any counsel and/or plaintiff that seeks to dismiss their case, or their claims against a named defendant, if or when it is chosen as a bellwether.

This will be plaintiffs' final opportunity to amend their complaints.

Finally, the Court will not permit or consider any motion to amend that seeks to add any defendant that has reached a global settlement or settlement in principle.

Briefing of these motions to amend shall be submitted under the following schedule:

By **July 22, 2024, at 4:00 PM**: The PEC shall file the above-described motions to amend complaints.

By **September 23, 2024, at 4:00 PM**: Defendants shall file a response.

By **October 21, 2024, at 4:00 PM**: The PEC shall file a reply.

Because the Court cannot anticipate the number of plaintiffs that may seek to add any particular defendant to its case, page limitations will be waived for these motions, responses, and replies.

**IT IS SO ORDERED.**

<u> /s/ Dan Aaron Polster  May 23, 2024 </u>
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**