**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF OHIO**

**EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*This document relates to:*<br><br>*Track Eight: Cobb County, Georgia Case No. 1:18-op-45817-DAP*<br><br>COBB COUNTY,<br>      *Plaintiff*,<br>    v.<br>PURDUE PHARMA, L.P., et al.,<br>      *Defendants*. | MDL 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO RECONSIDER THE COURT'S ORDER REGARDING DISPOSITIVE MOTION BRIEFING**

Defendant Publix Super Markets, Inc. ("Publix") asks this Court to reconsider its order (Doc #5426, the "Briefing Order") regarding the briefing of Plaintiff Cobb County's motion for partial summary judgment ("MPSJ") to allow Publix *six months* to respond to Plaintiff's motion. Publix fails to demonstrate any need for the extraordinary amount of time it seeks – or even for the fallback proposal it makes, which would provide 105 days for Publix to respond to this limited motion. The motion for reconsideration should be denied in its entirety.

**LEGAL STANDARD**

Reconsideration of an interlocutory order is warranted when there is "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct

1

a clear error or prevent manifest injustice." *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009); *Accord Hayes v. Norfolk S. Corp.*, 25 F. App'x 308, 315 (6th Cir. 2001). "Motions for reconsideration are disfavored, and a motion for reconsideration is unfounded unless it either calls attention to an argument or controlling authority that was overlooked or disregarded in the original ruling, presents evidence or argument that could not previously have been submitted, or successfully points out a manifest error of fact or law." *Jackson v. City of Cleveland*, 219 F. Supp. 3d 639, 642 (N.D. Ohio 2016); *see also Davie v. Mitchell*, 291 F. Supp. 2d 573, 634 (N.D. Ohio 2003), *aff'd*, 547 F.3d 297 (6th Cir. 2008).

## ARGUMENT

Publix makes no attempt to satisfy the requirements for reconsideration. It cites no new facts of which the Court was unaware when it issued the Briefing Order, but rather relies almost exclusively on the Case Management Order ("CMO") previously entered by the Court (Doc. #5329), and the deadlines set forth in that order. Plaintiff recognizes that Publix did not have an opportunity to present its arguments prior the Court's issuance of the Briefing Order. But district courts have "broad discretion" in scheduling matters. *Clarksville-Montgomery Cnty. Sch. Sys. v. U.S. Gypsum Co.*, 925 F.2d 993, 998 (6th Cir. 1991). Publix fails to show that the Court abused that discretion, that the Court overlooked any law or facts, or that the Briefing Order will result in manifest injustice.

Plaintiff filed its MPSJ on April 26, 2024. (Doc. # 5416). On May 2, 2024, this Court issued the Briefing Order requiring Publix to submit its opposition on or before July 2,

2

2024 – that is 67 days after the motion was filed. This is sufficient time (a) under the Local Rules of this Court; (b) under the applicable Case Management Order; and (c) under the circumstances of this case.

First, Plaintiff notes that, under the Local Rules of this Court, the presumptive response time for a dispositive motion is 30 days.  N.D. Ohio Local Civil Rule 7.1(d).  The Briefing Order provides for more than twice that amount of time.  Second, the applicable Case Management Order (Doc. #5329), which envisioned that all dispositive motions would be filed at the same time, on August 9, 2024, provides that the parties will have 62 days to prepare responses to *all Daubert* and dispositive motions.  The current schedule gives Publix 67 days to respond to a single motion, without in any way shortening its time to respond to the remaining motions to be filed in August.  The Briefing Order is thus not manifestly unjust.

Publix fails to demonstrate that the particular circumstances of this case – and, in particular, the status of discovery -- warrant the extension it seeks.  Publix offers three reasons to justify its motion, but none has merit.

First, Publix argues that its opposition will necessarily feature the deposition testimony of Plaintiff's experts and that it is "still in the process" of deposing those experts.  *See* Motion (Doc. # 5444) at 4-5. But Publix also acknowledges that *the depositions of Plaintiff's experts will be complete on May 30, 2024. Id.* at 3. Publix's response to the MPSJ is not due for another 33 days after that.  (Publix has had all but one Plaintiff's expert reports since January 24, 2024, and all of them since February 7, 2024.)  It is thus well

3

aware of the opinions Plaintiff's experts are offering.) Publix argues that 33 days is insufficient time to digest and make use of these expert depositions because the CMO would have given it more time. But Publix ignores that, as noted above, the additional time under the current CMO is for briefing of *all dispositive and* Daubert *motions simultaneously.* This includes motions filed by Publix as well as Publix's opposition to any such motions filed by Plaintiff. By contrast, the 67-day response period under the Briefing Order, including 33 days following the completion of the expert depositions, is the response time for a single, limited motion – and Publix will already have had more than a month to prepare other aspects of its opposition.[1] Publix fails to demonstrate that requiring a response more than a month after the depositions of Plaintiff's experts are complete is in any way prejudicial or unfair.

Second, Publix argues that, under the current schedule, it has only one week to incorporate the content of its own expert reports into its opposition. This is nonsense. Although it is true that *Plaintiff* will not see Publix's expert reports until June 24, 2024, Publix will, of course, be aware of their content well before the reports are finalized and served. It can obtain declarations of its experts, for use in response to the motion, simultaneously with finishing the reports. Indeed, Plaintiff's service of its MPSJ in April

---

[1] Much of the motion – and thus, presumably, of Publix's response – does not depend on expert evidence, but rather on the underlying facts concerning the suspicious order management policies maintained (or not) by Publix. These facts are all known to Publix. Publix offers no reason that it cannot prepare this portion of its response now.

4

has made Publix's job easier, because it can tailor its expert reports to the responses it wishes to make in opposition to the MPSJ.

Third, Publix argues that, at a minimum, it should be given until August 9, 2024, to respond to the MPSJ because any shorter time will prejudice its defense. No doubt the schedule Publix proposes would be more comfortable and allow for more leisurely preparation of Publix's opposition. But, as noted above, Publix fails to demonstrate that the existing schedule is in any way inadequate.[2]

Publix also suggests that an August 9 deadline would "align with the . . . original plan to brief dispositive and *Daubert* motion simultaneously. . . " Motion (Doc. # 5444) at 7. But this is neither correct nor a reason to adopt Publix's revised schedule. Under this proposal, Publix's opposition would be due on the same day as the remaining motions are due to be filed, so the briefing schedules would still be different. Nor is simultaneous briefing of all dispositive and *Daubert* motions in and of itself desirable. Because the parties are not usually in a position to prepare any of these motions until the close of all discovery, to avoid delay, courts typically provide for simultaneous briefing during a limited window after that. But here, because Plaintiff was in possession of sufficient evidence to support its motion in advance of the deadline, its early filing of its MPSJ means that the parties will have more time between August 9 and November 12 to focus on the remaining motions. The Court, too, will benefit from earlier briefing of this

---

[2] If the Court is nonetheless inclined to extend the deadline for Publix's response, Plaintiff respectfully suggests that the extension should be for no more than two weeks, until July 16, 2024.

5

motion, which will lighten the Court's load later in the year when all the rest of the motions will need to be decided. In short, the staggered nature of the briefing is an advantage, not a detriment, to the parties and to the Court.

## CONCLUSION

For the foregoing reasons, this Court should deny Publix's motion for reconsideration in its entirety.

Dated: May 24, 2024

                                                              Respectfully submitted,

                                                              */s/ Jayne Conroy*
                                                                   Jayne Conroy
                                                              Thomas I. Sheridan, III
                                                             Justin Presnel
                                                             Sarah Burns
                                                             Laura Fitzpatrick
                                                             Jo Anna Pollock
                                                             Sanford Smokler
                                                            **SIMMONS HANLY CONROY LLC**
                                                             112 Madison Avenue
                                                             New York, NY 10016
                                                             (212) 784-6401
                                                             jconroy@simmonsfirm.com
                                                             tsheridan@simmonsfirm.com
                                                             jpresnel@simmonsfirm.com
                                                             sburns@simmonsfirm.com
                                                             lfitzpatrick@simmonsfirm.com
                                                             jpollock@simmonsfirm.com
                                                             ssmokler@simmonsfirm.com


                                                             */s/ Erin K. Dickinson*
                                                                 Erin K. Dickinson
                                                             Charles J. Crueger
                                                            **CRUEGER DICKINSON LLC**
                                                             4532 N Oakland Avenue
                                                             Whitefish Bay, WI 53211

(414) 210-3868
cjc@cruegerdickinson.com
ekd@cruegerdickinson.com

Cobb County Attorney's Office

*/s/ H. William Rowling, Jr.*
      H. William Rowling, Jr.
County Attorney
State Bar No.: 617225
H.William.Rowling@cobbcounty.org
Lauren S. Bruce
Assistant County Attorney
State Bar No.: 796642
Lauren.Bruce@cobbcounty.org

100 Cherokee Street, Suite 350
Marietta, Georgia, 30090
Tel. No.:  (770) 528-4000
Fax. No.:  (770) 528-4010

*Counsel for Cobb County, GA*

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2024, I caused the foregoing to be served via electronic mail on Defendants via Tracks6to10Defendants@bbhps.com.

*/s/ Jayne Conroy*
      Jayne Conroy

7