UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | |
| THIS DOCUMENT RELATES TO: | MDL No. 2804 |
| *United Food & Commercial Workers Health & Welfare Fund of Northeastern Penn.*, Case No. 17-op-45177 | Case No. 1:17-md-2804 |
| | Judge Dan Aaron Polster |
| *Sheet Metal Workers Local No. 25 Health & Welfare Fund*, Case No. 18-op-45002 | |
| *Louisiana Assessors Ins. Fund*, Case No. 18-op-46223 | |
| *Pioneer Telephone Cooperative Inc. Employee Benefits Plan*, Case No. 18-op-46186 | |

**ORDER GOVERNING PRODUCTION OF MEDICAL AND PHARMACY CLAIMS DATA IN THIRD PARTY PAYOR PLAINTIFF BELLWETHERS – TRACKS 16-19**

WHEREAS, in its Case Management Order for Third Party Payor Bellwether Cases [ECF 5281], this Court authorizes discovery to proceed in the following four actions ("TPP Plaintiff Bellwethers"): (1) *United Food and Commercial Workers Health and Welfare Fund of Northeastern Pennsylvania v. Purdue Pharma, LP*, No. 1:17-op-45177; (2) *Sheet Metal Workers Local No. 25 Health & Welfare Fund v. Purdue Pharma, LP*, No. 1:18-op-45002; (3) *Louisiana Assessors Insurance Fund a/k/a The Insurance Committee of the Assessor's Insurance Fund v. AmerisourceBergen Drug Corp.*, No. 1:18-op-46223; and (4) *Pioneer Telephone Cooperative as Plan Sponsor for the Pioneer Telephone Cooperative, Inc. Employee Benefits Plan v. Purdue Pharma, LP*, No. 1:18-op-46186;

1

WHEREAS, this Court previously entered Orders in this MDL authorizing disclosure of certain Protected Health Information as that term is defined in 45 C.F.R. §160.103 (*see* Case Management Order No. 2: Protective Order [ECF 441], as amended by Order Amending Case Management Order No. 2 (Protective Order ) [ECF 1357]);

WHEREAS, Plaintiffs in the TPP Plaintiff Bellwethers (Tracks 16-19) must produce certain medical and pharmacy claims data ("Claims Data");

WHEREAS, TPP Bellwether Plaintiffs have already produced certain claims-related information as part of the Plaintiff Fact Sheet process to Defendants in this action and will be producing Claims Data in the future;

WHEREAS, TPP Bellwether Plaintiffs have served, and continue to serve, subpoenas on TPP Bellwether Plaintiffs' pharmacy benefit managers ("PBMs"), health providers and/or third-party administrators ("TPAs") (collectively, "Subpoenaed Entities");

WHEREAS, some of the Subpoenaed Entities have raised concerns and objections to the production of the subpoenaed Claims Data on the grounds that the subpoenas call for the production of data in which non-parties have a legitimate expectation or right of privacy;

WHEREAS, the TPP Bellwether Plaintiffs are working with a Data Vendor ("Plaintiffs' Data Vendor") to receive the Claims Data from the Subpoenaed Entities;

WHEREAS, the specific data fields to be included in any production made by the Data Vendor is the subject of ongoing negotiation;

WHEREAS, discovery in the TPP bellwether cases has just commenced, and Defendants reserve their rights as the cases proceed to seek further linking with other data sets, to seek the production of additional Claims Data from Plaintiffs and/or the Subpoenaed Entities, and to seek the production of identified data for all or a subset of the Claims Data; and

WHEREAS, the parties and certain non-parties have met and conferred, and continue to meet and confer, concerning the production of Claims Data, and TPP Bellwether Plaintiffs state that this Order is necessary to facilitate the production of such Claims Data consistent with applicable federal privacy regulations and rules;

IT IS HEREBY ORDERED THAT:

1. The Subpoenaed Entities shall produce Claims Data in response to the subpoenas to Plaintiffs' Data Vendor in identified form.  Plaintiffs' Data Vendor then will de-identify and anonymize the Claims Data as set forth in this Order (the "De-Identified Data"), and will produce said De-Identified Data directly to all parties in the TPP Plaintiff Bellwethers as set forth in this Order and in accordance with the parties' agreements or further Orders of this Court.

2. Plaintiffs' Data Vendor will prepare and produce the Claims Data produced to it in a manner that anonymizes and de-identifies the Claims Data but uses unique identifiers to permit prescription and medical claims to be linked by individual patient across the data of the different TPAs, health providers, and PBMs that were used by each TPP Bellwether Plaintiff during the relevant time period, such that all produced claims for each TPP Bellwether Plaintiff can be linked, to the extent possible, across each of their TPAs, health providers, and PBMs for each individual patient.

3. Plaintiffs' Data Vendor will maintain a list or other document that links the unique identifiers to identifying information for each individual patient.

4. All parties to Tracks 16-19 and their counsel shall not attempt to identify such De-Identified Data, including but not limited to, using information from Defendants' own files to seek to ascertain the identity of de-identified members, absent agreement by the parties or Court order. Defendants may seek agreement by the parties or a Court order for identification of all or a subset

of the De-Identified Data, and nothing in this Order shall preclude defendants from doing so. Similarly, nothing in this Order shall preclude Plaintiffs from opposing such a request.

5. De-Identified Data produced pursuant to this Order shall be produced with the following legend appearing in either the title of the electronic file or on the face of the document: "CONFIDENTIAL HEALTH CARE CLAIMS DATA – ACCESS RESTRICTED TO ATTORNEYS AND EXPERTS".

6. All De-Identified Data produced pursuant to this Order shall be disclosed only to: (1) outside counsel for the parties in this action; (2) in-house counsel for Defendants in this action with responsibility for overseeing this litigation; (3) third-party vendors retained by the parties or counsel for the parties; (4) consulting and testifying experts retained specifically to provide services in this action; (5) Court personnel and staff, including the Special Masters appointed in this action and their assistants; (6) any data vendor(s) selected by Defendants; and (7) witnesses during deposition, who may be shown any Claims Data, as well as any court reporters transcribing such a deposition.

7. No other individual shall be permitted to access De-Identified Data absent agreement by the Parties or authorization from the Court.

8. In the event that any party learns of the unauthorized disclosure of Claims Data or De-Identified Data produced subject to this Order, such party shall provide prompt notification of the unauthorized disclosure to counsel for the TPP Bellwether Plaintiff at issue, such notice to include: (1) the date of the unauthorized disclosure; (2) the circumstances of the unauthorized disclosure; (3) the identity or identities of the unauthorized recipients; and (4) all steps taken or planned to remedy the unauthorized disclosure.

9. All Claims Data and De-Identified Data produced subject to this Order has been or will be produced solely for purposes of this litigation, and shall only be used for purposes of this litigation.

**SO ORDERED.**

 

                HONORABLE DAN AARON POLSTER