UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>**THIS DOCUMENT RELATES TO:**<br><br>*Albertson's Bellwether Cases* | MDL 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster<br><br>[PROPOSED] AMENDED CASE MANAGEMENT ORDER FOR ALBERTSONS BELLWETHER TRACKS |

On April 29, 2024, the Court entered an Order setting forth the process through which Defendant Albertsons Companies, Inc. ("Albertsons" or "Defendant") and the Plaintiffs' Executive Committee ("PEC") would select two additional bellwether cases involving Albertsons.[1] *See* Docket No. 5418. Pursuant to that order, on May 20, 2024, the Parties filed their Joint Bellwether Selection Submission, which identified the following two cases for bellwether selection: (1) *Town of Hull v. AmerisourceBergen Drug Corp., et al.*, Case No. 1:19-op-46172 (D. Mass., 1st Circuit); and (2) *County of Monterey v. Amerisourcebergen Drug Corporation., et al.*, Case No. 1:18-op-45615 (N.D. Cal., 9th Circuit). *See* Docket No. 5445. To facilitate administration of these matters, and in keeping with prior practices in this MDL, the Court hereby designates the *Town of Hull* case as Track 20 ("CT20") and the *County of Monterey* case as Track 21 ("CT21") (collectively, the

---

[1] Currently, Albertsons is in a single MDL Bellwether Case. *County of Tarrant, Texas v. Purdue Pharmacy L.P., et al.*, Case No. 1:18-OP-45274 (Track 9) was selected as a bellwether case on April 9, 2021. *See* Docket No. 3688.

"Albertsons Bellwether cases") (The Town of Hull and the County of Monterey shall be collectively referred to as "Plaintiffs").

In its April 29, 2024 Order, the Court directed the Parties to meet and confer regarding a proposed case management schedule for the Albertsons Bellwether cases. *See* Docket No. 5418. The Court has reviewed the Parties' submission(s) and hereby orders as follows:

### A. Deadline to File Amended Complaints

Pursuant to CMO1, the Albertsons Bellwether Plaintiffs will file and serve Amended Complaints within 60 days of entry of this Order.

### B. Previous Discovery

All discovery produced by Albertsons in any MDL case or pursuant to DR 22 shall be deemed produced in *CT20 and CT21*. To promote efficiency and consistent with the Court's and Special Master's directives, the Parties will meet and confer regarding how to ensure that discovery requests issued in *CT20 and 21* are specific to this case and non-duplicative of the discovery requests already issued in *CT9*, while ensuring that the record is clear as to what discovery is at issue in *CT20* and *CT21*, without requiring the Parties to reissue discovery unnecessarily.

The Parties shall not be limited or prejudiced by their lack of participation in prior third-party discovery.

### C. Motions to Dismiss

Discovery may proceed while the Motions to Dismiss, if any, are pending.

   1.   Motions to Dismiss shall be filed pursuant to the following schedule:

        a.   Motion for CT20 – 30 days after the filing of an amended complaint.

        b.   Response for CT20 – 30 days after motion to dismiss is served.

        c.   Reply for CT20 – 30 days after response is served.

      d. Motion for CT21 – 30 days after the filing of an amended complaint.

      e. Response for CT21 – 60 days after motion to dismiss is served.

      f. Reply for CT21 – 30 days after response is served.

2. The Parties shall coordinate and consolidate all briefing on all motions to dismiss and avoid duplicative briefing by incorporating similar arguments by reference.

3. Albertsons may file a memorandum of up to **30 pages** in length in support of each motion to dismiss the claims against it. Plaintiffs may file a joint response brief of up to **30 pages** addressing Albertsons' memorandum. Albertsons may file a reply of up to **15 pages** in length in support of its memorandum.

4. The Parties may use the pages above as they see fit, though opposition briefs shall not exceed the total number of pages permitted in opening briefs.

5. Albertsons may also file any motions to dismiss the Albertsons Bellwether Complaints on jurisdictional grounds in each case, according to the schedule referred to above in Section C.1. The page limits for the memorandum in support, responses, and replies on any defendant-specific jurisdictional issues shall be subject to the limitations set forth in Local Rule 7.1(f). Albertsons shall avoid raising duplicative arguments previously addressed by the Court in prior case tracks.

    Following the filing of any jurisdictional motions to dismiss, the Parties shall meet and confer promptly to discuss whether jurisdictional discovery is necessary, incorporating the reasoning set out in the Court's Order at Docket No. 3180. The Parties will raise any disputes about the necessity or scope of jurisdictional discovery with Special Master Cohen. If jurisdictional discovery is deemed appropriate, oppositions will be due within **30 days** after said discovery is complete. Replies will follow within **14 days** thereafter.

    Consistent with prior directives, the Parties shall also meet and confer and seek to reach agreement to streamline the case as to the treatment of multiple named defendants that are part of a single corporate family (*i.e.*, the "Albertsons Defendant Family"). The Parties shall file any stipulations as to the dismissals or other treatment of named defendants that are part of a

      single corporate family within 30 days after service of Plaintiffs' Amended Albertsons Bellwether Complaints.

6. **Answers to *Track 20 and 21* Complaints**: Due to length of the complaints and this Court's desire to move these cases forward efficiently, the Parties shall meet and confer and propose to the Court a method of answering, which Albertsons may choose to employ, that promotes efficiency and avoids needless duplication of answers in this case and earlier cases. If necessary, the Parties shall involve Special Master Cohen in these discussions and, if the Parties reach an impasse, competing proposals shall be submitted to Special Master Cohen. Such proposals shall include a deadline for when the Answers will be due; but in no event shall a party have less than **90 days** from the entry of this Order to answer, unless an earlier deadline is agreed to by the Parties. Albertsons expressly preserves, and will not be deemed to have waived, any defenses while the Parties work on the best way for them to respond to Plaintiffs' complaint(s).

7. **Third Party Complaints**: Albertsons shall file any third-party complaints within fourteen (14) days after service of their answers. To the extent defendants seek to assert Third Party Complaints against Doe doctors, as was done in *Track 3*, Plaintiffs may file *pro forma* motions to strike incorporating the *Track 3* motion to strike (*see* Docket No. 3542) and identifying the briefing in support and in opposition as well as the Court's ruling by docket number and date.

D. **Fact Discovery Deadlines for CT20**

1. Dispensing Data:

    a. **Albertsons' Due Diligence/Notes Fields Production:** The Parties shall meet and confer by no later than **Thursday, June 27, 2024** regarding a process and protocol concerning Albertsons' production of due diligence information, including notes field data, checklists, and documents as described in Special Master Cohen's ruling concerning notes field information in Track 3, but specific to prescriptions in the Town of Hull.

    b. **Monday, September 9, 2024** - Albertsons shall produce transactional dispensing data for all stores located within the State of Massachusetts, consistent with the Special Master's Discovery Ruling Regarding Pharmacy Data Production for Track One-B Cases, dated January 27, 2020 (Docket No. 3106).

4

2. **Plaintiff's Identification of "Red Flagged" Prescriptions**: Plaintiff and its experts shall identify for Albertsons (i) the prescriptions they conclude caused the harm for which Plaintiff seeks relief; (ii) the methodology or methodologies they used to reach such a conclusion; and (iii) the electronic scripts, code and analytical programs used by Plaintiff and/or its experts to implement that methodology.
**Deadline**: Within two (2) weeks after complete production of Albertsons' transactional dispensing data referred to above in Section D.1.

3. **Monday, September 30, 2024: Identification of Defendant Document Custodians**

    a. Albertsons shall identify its proposed custodians, including title and timeframes of employment in the custodian's relevant position, and the parties shall meet and confer to arrive at a final list of custodians.

    b. Albertsons' previously agreed-upon search terms shall serve as the starting point for their custodians and the Plaintiff may propose modifications to those search terms.[2] The parties shall meet and confer to arrive at a final list of search terms.

4. **Monday, September 30, 2024: Identification of Plaintiff Document custodians**

    a. Plaintiff shall identify its proposed document custodians, including titles and timeframes of employment in their relevant position(s), and the parties shall meet and confer to arrive at a final list of custodians.

    b. Defendants shall identify the proposed search terms for Plaintiff's custodians within fourteen days. The parties shall meet and confer to arrive at a final list of search terms.

5. **Tuesday, December 31, 2024**: Deadline to serve written discovery.

---

[2] The Parties may amend search terms as necessary to address new, relevant matters that could not reasonably have been addressed earlier, such as: (1) jurisdiction-specific issues (*e.g.*, jurisdiction-specific prescribers and pharmacy store numbers); (2) newly-identified relevant nomenclature (*e.g.*, names of newly-identified red-flag programs not earlier included in search terms); and (3) other new information. Any disagreements over amendments to search terms shall be resolved by the Special Master.

5

6. **Friday, May 9, 2025**: Document production by all Parties will be substantially completed. Document production leading up to this deadline should occur on a rolling basis.

7. **Friday, June 6, 2025**: Deadline to serve third-party subpoenas.

8. **Friday, July 11, 2025**: Close of party fact discovery.

9. **Friday, July 25, 2025**: Close of third-party discovery.

E. **Fact Discovery Deadlines for CT21**

1. Dispensing Data:

    a. **Albertsons' Due Diligence/Notes Fields Production:** The Parties shall meet and confer by no later than **Wednesday, September 25, 2024** regarding Albertsons' production of due diligence information, including notes field data, checklists, and documents as described in Special Master Cohen's ruling concerning notes field information in Track 3, but specific to prescriptions in the County of Monterey.

    b. **Monday, December 8, 2024 -** Albertsons shall produce transactional dispensing data for all stores located within the State of California, consistent with the Special Master's Discovery Ruling Regarding Pharmacy Data Production for Track One-B Cases, dated January 27, 2020 (Docket No. 3106).

2. **Plaintiff's Identification of "Red Flagged" Prescriptions**: Plaintiff and its experts shall identify for Albertsons (i) the prescriptions they conclude caused the harm for which Plaintiff seeks relief; (ii) the methodology or methodologies they used to reach such a conclusion; and (iii) the electronic scripts, code and analytical programs used by Plaintiff and/or their experts to implement that methodology.
**Deadline**: Within two (2) weeks after complete production of Albertsons' transactional dispensing data referred to above in Section E.1.

3. **Monday, December 30, 2024: Identification of Defendant Document Custodians**

    a. Albertsons shall identify its proposed custodians, including title and timeframes of employment in the custodian's relevant position, and the parties shall meet and confer to arrive at a final list of custodians.

      b.      Albertsons' previously agreed-upon search terms shall serve as the starting point for their custodians and the Plaintiffs may propose modifications to those search terms.[3] The parties shall meet and confer to arrive at a final list of search terms.

4. **Monday, December 30, 2025: Identification of Plaintiff Document Custodians**:

   a. Plaintiff shall identify its proposed document custodians, including titles and timeframes of employment in their relevant position(s), and the parties shall meet and confer to arrive at a final list of custodians.

   b. Defendants shall identify the proposed search terms for Plaintiff's custodians within fourteen days. The parties shall meet and confer to arrive at a final list of search terms.

5. **Monday, March 31, 2025**: Deadline to serve written discovery.

6. **Friday, August 15, 2025**: Document production by all Parties will be substantially completed. Document production leading up to this deadline should occur on a rolling basis.

7. **Friday, September 5, 2025**: Deadline to serve third-party subpoenas.

8. **Friday, October 10, 2025**: Close of party fact discovery.

9. **Friday, October 24, 2025**: Close of third-party discovery.

F. **Depositions**

   1. **Depositions of Defendants - Fact Witnesses:** The parties shall meet and confer to arrive at an appropriate number of depositions of witnesses affiliated with Albertsons, with the understanding that the parties will make best efforts to avoid the duplication of prior testimony wherever possible.

---

[3] The Parties may amend search terms as necessary to address new, relevant matters that could not reasonably have been addressed earlier, such as: (1) jurisdiction-specific issues (*e.g.*, jurisdiction-specific prescribers and pharmacy store numbers); (2) newly-identified relevant nomenclature (*e.g.*, names of newly-identified red-flag programs not earlier included in search terms); and (3) other new information. Any disagreements over amendments to search terms shall be resolved by the Special Master.

2. **Depositions of Plaintiff - Fact Witnesses:** Defendants may depose 15 fact witnesses affiliated with Plaintiff in CT20, and 15 fact witnesses affiliated with Plaintiff in CT21.

3. **All Party-Fact-Witness Depositions:** Depositions of party fact witnesses who have already been deposed in this MDL shall be limited to issues that were not covered in that witness's prior testimony. Depositions of fact witnesses shall be limited to 7 hours each. Albertsons reserves the right to object to the re-deposition of any fact witnesses previously deposed in any opioid-related state court proceeding.

4. **Rule 30(b)(6) Depositions:** Plaintiffs may depose 30(b)(6) witnesses of Albertsons for each of CT20 and CT21, with the understanding that the parties will avoid the duplication of prior testimony topics wherever possible. Defendants may depose one 30(b)(6) witness from each Plaintiff regarding data or document production, and one 30(b)(6) witness from each Plaintiff regarding substantive topics.

   All 30(b)(6) depositions of each Plaintiff will be limited to 7 hours each. As occurred in Track 3, the Parties shall meet and confer and seek to identify topics where the 30(b)(6) deponent will not be questioned and instead will provide written responses. To the extent a Plaintiff notices a 30(b)(6) deposition of an Albertsons witness, Plaintiff and Defendant may confer and agree to a written response.

5. **All Depositions:** The Parties shall endeavor to ensure that deposition questioning of any witness (including a 30(b)(6) witness) who was already deposed in any MDL or non-MDL opioid litigation will not be repetitive. The Parties shall also endeavor to agree to limit re-deposition of expert witnesses and third-party witnesses who were deposed in this MDL. Re-deposition of a witness should be principally focused upon (but is not strictly limited to) geographic-specific issues.

6. The foregoing limitations do not apply to the depositions of third Parties or place a limit on the number of depositions the Parties may take of third Parties.

7. The Deposition Protocol Order (Docket No. #643) and Revised Remote Deposition Protocol (Docket No. #3589) continue to apply, except as modified by this Order.

8. The Parties may seek leave to depose additional fact witnesses upon good cause shown.

G. **Expert Discovery Deadlines for CT20**

1. **Thursday, September 25, 2025** - Except for expert witnesses who will testify *only* in the abatement-phase of the CT20 trial, Plaintiffs shall serve expert reports and, for each expert, provide two proposed deposition dates between **Monday, October 13, 2025 and Friday, October 31, 2025.**

2. **Wednesday, November 26, 2025** - Except for expert witnesses who will testify *only* in the abatement-phase of the CT20 trial, Defendants shall serve expert reports and, for each expert, provide two proposed deposition dates between **Monday, December 15, 2025 – Friday,  January 9, 2026.**

H. **Expert Discovery Deadlines for CT21**

1. **Wednesday, December 24, 2025** - Except for expert witnesses who will testify *only* in the abatement-phase of the CT21 trial, Plaintiffs shall serve expert reports and, for each expert, provide two proposed deposition dates between **Monday, January 12, 2026 and Friday, February 13, 2026.**

2. **Monday, March 2, 2026** - Except for expert witnesses who will testify *only* in the abatement-phase of the CT21 trial, Defendants shall serve expert reports and, for each expert, provide two proposed deposition dates between **Monday, March 16, 2026 – Friday, April 3, 2026.**

I. **Briefing**

1. *Daubert* and Dispositive Motions for CT20:

    a. **Friday, March 27, 2026** – Deadline for *Daubert* and dispositive motions.

    b. **Friday, April 24, 2026** – Deadline for responses to *Daubert* and dispositive motions.

    c. **Friday, May 8, 2026** – Deadline for replies in support of *Daubert* and dispositive motions.

2. *Daubert* and Dispositive Motions for CT21:

    a. **Friday, June 26, 2026** – Deadline for *Daubert* and dispositive motions.

      b.      **Monday, August 3, 2026** – Deadline for responses to *Daubert* and dispositive motions.

      c.      **Friday, August 14, 2026** – Deadline for replies in support of *Daubert* and dispositive motions.

3. With respect to *Daubert* and dispositive motions, the Parties will meet and confer on mechanisms to further avoid unnecessarily lengthy or duplicative briefing while preserving the record based on motions filed in separate tracks of the MDL and will make a separate proposal with regard to page limits.

**IT IS SO ORDERED.**

June ___, 2024

                                                  **DAN AARON POLSTER**
                                                  **UNITED STATES DISTRICT JUDGE**

Date:  June 10,  2024                         Respectfully submitted,

                                                   Jayne Conroy
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
Phone:  (212) 784-6400
(212) 213-5949 (fax)
jconroy@simmonsfirm.com

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Phone:  (843) 216-9000
(843) 216-9290 (fax)
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
FARRELL & FULLER LLC
270 Munoz Rivera Avenue, Suite 201
San Juan, PR 00918
(304) 654-8281
paul@farrellfuller.com

*MDL Plaintiffs' Co-Lead Counsel*

*/s/ Peter H. Weinberger*
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (fax)
pweinberger@spanglaw.com

*MDL Plaintiffs' Liaison Counsel*

                    */s/Francis A. Citera*
                    Francis A. Citera
                    Gretchen N. Miller
                    Greenberg Traurig, LLP
                    77 W. Wacker Drive, Suite 3100
                    Chicago, IL  60601
                    Tel: (312) 456-8400
                    Fax: (312) 456-8435
                    citeraf@gtlaw.com
                    millerg@gtlaw.com

*Counsel for Albertsons Companies, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on June 10, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

                    */s/Peter H. Weinberger*
                    Peter H. Weinberger