# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) | MDL 2804 |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | Case No. 1:17-md-2804 |
| | ) | |
| *Track 12: City of Rochester v. Purdue Pharma, L.P.*, No. 19-op-45853 | ) ) | **Judge Dan Aaron Polster** |
| | ) | |
| *Track 13: Lincoln County v. Richard Sackler, M.D. et al.*, Case No. 20-op-45069 | ) ) | |


# REPLY MEMORANDUM IN SUPPORT OF CERTAIN DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................................. 1

ARGUMENT ...................................................................................................................... 2

     I.    THE COURT LACKS RICO JURISDICTION OVER THE MOVING
          DEFENDANTS. ..................................................................................... 3

    II.    THE COURT LACKS PENDENT JURISDICTION OVER
          PLAINTIFFS' STATE-LAW CLAIMS. .................................................. 6

   III.   THE COURT SHOULD DENY PLAINTIFFS' REQUEST FOR
          JURISDICTIONAL DISCOVERY. ......................................................... 8

CONCLUSION ................................................................................................................. 11

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Anthony v. Over*,
  No. 22-cv-416, 2023 U.S. Dist. LEXIS 176603 (E.D. Tenn. Sep. 27, 2023) ........................3, 6

*Borrás-Borrero v. Corporación del Fondo del Seguro del Estado*,
  958 F.3d 26 (1st Cir. 2020) ......................................................................................................7

*C.H. v. United States*,
  818 F. App'x 481 (6th Cir. 2020) ............................................................................................8

*Canaday v. Anthem Cos.*,
  9 F.4th 392 (6th Cir. 2021) ..................................................................................................6, 7

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) ..................................................................................................................9

*Doe v. Varsity Brands, LLC*,
  No. 22-CV-02139, 2023 U.S. Dist. LEXIS 134515 (N.D. Ohio Aug. 2, 2023) ......................6

*George Moundreas & Co SA v. Jinhai Intelligent Mfg. Co.*,
  No. 20-CV-2626 (VEC), 2021 U.S. Dist. LEXIS 9588 (S.D.N.Y. Jan. 18, 2021) .................11

*Goellner-Grant v. Platinum Equity LLC*,
  341 F. Supp. 3d 1022 (E.D. Mo. 2018) ..................................................................................11

*Graham Med. Techs., LLC v. Vilex in Tenn., Inc.*
  No. 15-13372, 2016 U.S. Dist. LEXIS 71084 (E.D. Mich. June 1, 2016)  ...........................10

*Integrity Express Logistics, LLC v. Borstelmann*,
  No. 1:23-cv-166, 2023 U.S. Dist. LEXIS 188094 (S.D. Ohio Oct. 19, 2023) ........................9

*McLean v. U.S. Conf. of Catholic Bishops*,
  No. 18-cv-3175, 2019 U.S. Dist. LEXIS 76617 (D. Minn. May 7, 2019) ...............................9

*Miller Indus. Towing Equip. v. NRC Indus.*,
  No. 1:19-CV-00095, 2020 U.S. Dist. LEXIS 67365 (E.D. Tenn. Apr. 16, 2020) .................10

*Nottingham-Spirk Design Assocs. v. HALO Innovations, Inc.*,
  603 F. Supp. 3d 561 (N.D. Ohio 2022) ....................................................................................8

*United States v. Botefuhr*,
  309 F.3d 1263 (10th Cir. 2002) ................................................................................................7

*World Depot Corp. v. Onofri*,
  No. 16-12439, 2017 U.S. Dist. LEXIS 198814 (D. Mass. Dec. 4, 2017) ................................5

## INTRODUCTION

Plaintiffs do not—and cannot—argue that the Moving Defendants[1] are at home in New York or Missouri, or otherwise subject to general jurisdiction in either State. Nor do Plaintiffs even try to argue that they have alleged specific jurisdiction over the Moving Defendants consistent with the States' long-arm statutes or the Fourteenth Amendment's Due Process Clause. Instead, foregoing traditional methods of establishing personal jurisdiction, Plaintiffs try to smuggle their claims against the Moving Defendants through a back door. Plaintiffs argue that the Court has personal jurisdiction over their RICO claims against the Moving Defendants because the RICO statute authorizes nationwide service of process. And then, because they claim the Court has personal jurisdiction over their RICO claim, Plaintiffs ask the Court to exercise pendent personal jurisdiction over their various state law-claims. Both arguments are wrong.

Plaintiffs' reliance on RICO's nationwide-service-of-process provision fails because they do not include a single allegation plausibly connecting any of the Moving Defendants to the alleged RICO enterprise, let alone allege that any Moving Defendant engaged in conduct that constitutes a pattern of racketeering. On the contrary, Plaintiffs' RICO allegations focus exclusively on formulary, utilization management, and dispensing activities that have nothing to do with the Moving Defendants. Of the ten UHG-affiliated defendants, only OptumRx offers formulary services or engages in dispensing activities. OptumRx, however, has not challenged whether this Court has personal jurisdiction over it. As for the others, Plaintiffs offer nothing to justify applying RICO's nationwide-service-of-process provision to any of the Moving Defendants.

Plaintiffs' reliance on pendent-personal jurisdiction for its state-law claims also fails for

---

[1] UnitedHealth Group Incorporated (**UHG**), Optum, Inc., OptumInsight, Inc., OptumInsight Life Sciences, Inc., OptumRx Discount Card Services, LLC, Optum Perks, LLC, OptumHealth Care Solutions, LLC, OptumHealth Holdings, LLC, and Optum Health Networks, Inc. are referred to collectively as the **Moving Defendants**.

multiple reasons. The Sixth Circuit did not mince words when it recently explained that it has never authorized the exercise of pendent jurisdiction. But even if the Sixth Circuit recognized the doctrine, pendent jurisdiction would not cover Plaintiffs' state-law claims because the RICO claim fails and does not share a common nucleus of operative fact with their state-law claims against the Moving Defendants.

Recognizing the flaws in its first two arguments, Plaintiffs close by asking the Court for "jurisdictional discovery." But Plaintiffs offer no good reason why they should be allowed to fish for a basis to exercise jurisdiction over the Moving Defendants. Plaintiffs' own briefing shows that they are relying exclusively on RICO's nationwide-service-of-process provision, which has nothing to do with jurisdictional discovery. The Court can resolve (and reject) that argument as a matter of law; additional discovery will not change the analysis. Otherwise, Plaintiffs offer nothing to explain how jurisdictional discovery will help the Court assess whether exercising jurisdiction comports with traditional notions of due process.

Because there are no allegations suggesting even the possibility that any of the Moving Defendants has suit-related contacts creating a substantial connection with New York or Missouri, this Court should deny Plaintiffs' request for jurisdictional discovery and dismiss the claims against Moving Defendants for lack of personal jurisdiction.

## **ARGUMENT**

Plaintiffs' efforts to cobble together personal jurisdiction over their claims against the Moving Defendants fail. The Moving Defendants are not subject to RICO jurisdiction because Plaintiffs do not allege that the Moving Defendants participated in the alleged "Formulary & UM Enterprise" that is central to their RICO claim. Without that anchor, Plaintiffs' request that the Court exercise pendent jurisdiction—a judge-made doctrine that the Sixth Circuit has never

authorized—also fails. Finally, Plaintiffs' speculation that they might identify evidence proving jurisdiction through discovery is not enough to justify jurisdictional discovery. Plaintiffs needed to present facts suggesting that discovery might reveal suit-related contacts with New York and Missouri that would satisfy due process requirements. They have not done so.

## I.   THE COURT LACKS RICO JURISDICTION OVER THE MOVING DEFENDANTS.

Plaintiffs do not even try to defend their (nonexistent) jurisdictional allegations under the traditional minimum-contacts framework. Instead, Plaintiffs rely exclusively on RICO's nationwide-service-of-process provision, a theory that Plaintiffs originally pleaded only "[i]n the alternative." *See* Rochester Am. Compl ¶ 97 ("In the alternative, the Court has personal jurisdiction over all Defendants under 18 U.S.C. § 1965(b) as to Plaintiff's RICO claims and pendant personal jurisdiction over all Defendants as to Plaintiff's other claims, all of which arise out of a common nucleus of operative facts."); Lincoln Am. Compl. ¶ 79 (same). But to meet their burden under that "alternative" RICO-jurisdiction theory, Plaintiffs must show that "'the ends of justice' require an exercise of personal jurisdiction." *Anthony v. Over*, No. 22-cv-416, 2023 U.S. Dist. LEXIS 176603, at *10 (E.D. Tenn. Sep. 27, 2023). "An inadequately pleaded RICO claim against an out-of-district Defendant cannot support a finding that the 'ends of justice' require exercising personal jurisdiction." *Id.* Here, Plaintiffs' RICO allegations are inadequate to justify the exercise of jurisdiction over any Moving Defendant.

In their opposition brief, Plaintiffs argue that the Moving Defendants "are key players in the RICO enterprise alleged in the Complaint" and therefore subject to RICO jurisdiction. Opp. at 13. But it is not enough for Plaintiffs to make that argument in a brief. The argument fails because it is not supported by the allegations in Plaintiffs' Complaints. Although Plaintiffs cite to a handful of allegations concerning the Moving Defendants (discussed further below), none has anything to

do with their RICO claim. On the contrary, in their RICO Count, Plaintiffs allege that the "PBM Defendants" (undifferentiated) formed a so-called "Formulary & UM Enterprise" with opioid manufacturers. Rochester Am. Compl. ¶ 786; Lincoln Am. Compl. ¶ 782. Although Plaintiffs lump the Moving Defendants in with the other so-called "PBM Defendants," none of the Moving Defendants is a PBM and none offers "Formulary" or "UM" services. Instead, the allegations concerning the so-called "Formulary & UM Enterprise" focus only on alleged conduct by OptumRx, which has not challenged the Court's jurisdiction.

Plaintiffs allege the conduct of the Formulary & UM Enterprise to include negotiating and contracting for rebates from opioid manufacturers, giving those manufacturers' products favorable placement on standard formularies, foregoing utilization management controls limiting how opioids are used by plan members, and dispensing opioids through mail-order pharmacies without investigating potentially fraudulent claims. *See* Rochester Am. Compl. ¶ 638; Lincoln Am. Compl ¶ 648. Plaintiffs allege that the racketeering activity include communicating about formulary placement and preferred formulary status, rebates, and utilization management by U.S. Mail and interstate wire (*see* Rochester Am. Compl. ¶¶ 678–82; Lincoln Am. Compl. ¶¶ 688–90) and violating the controlled substances act through their mail order pharmacies. *See* Rochester Am. Compl. ¶ 690; Lincoln Am. Compl. ¶ 700. Of the UHG and Optum Defendants, however, only OptumRx negotiates for rebates from manufacturers. Only OptumRx offers formularies to its clients. Only OptumRx offers its clients utilization-management controls. And only OptumRx dispenses opioids through its mail-order pharmacy. Plaintiffs do not allege that the Moving Defendants engaged in *any* of that conduct.

By its very name, the Formulary & UM Enterprise speaks of traditional PBM services (like formulary services and utilization management) not offered by any of the Moving Defendants.

And Plaintiffs' own allegations—including the allegations they cite in their opposition brief—confirm that the Moving Defendants did not engage in the activities captured by the alleged "Formulary & UM Enterprise." For instance, Plaintiffs allege that Moving Defendants OptumInsight, Inc. and OptumInsight Life Sciences, Inc. provide "data, research, and consulting sector" services, including for Opioid manufacturer Purdue. Rochester Am. Compl. ¶¶ 191, 342–45, 357–72; Lincoln Am. Compl. ¶ 175, 326–29, 340–55. Plaintiffs allege that Moving Defendants Optum Perks, LLC and Optum Discount Card Services, LLC administer cash cards. Rochester Am. Compl. ¶ 501–06; Lincoln Am. Compl. ¶¶ 485–91. Plaintiffs allege that Moving Defendants OptumHealth Care Solutions, LLC, OptumHealth Networks, Inc., and OptumHealth Holdings, LLC provide various "specialty health services" like "health banking," "ancillary care," and "health education and information services to both individuals and health care professionals," and developed educational programs for opioid manufacturers. Rochester Am. Compl. ¶ 187, 372–78; Lincoln Am. Compl. ¶ 171, 357–61. And for Moving Defendants UHG and Optum, Inc., Plaintiffs allege only that they own one or more of the other Defendants. Rochester Am. Compl. ¶¶ 147, 152, 191; Lincoln Am. Compl. ¶¶ 133, 137, 175.[2] Those allegations cannot invoke RICO's nationwide-service-of-process provision because they have nothing to do with the RICO claim.

As one federal court warned, "[b]ecause of the broad jurisdictional reach of the RICO statute, the courts should be particularly vigilant not to permit a plaintiff to assert a spurious RICO claim in order to try to obtain personal jurisdiction over other defendants . . . ." *World Depot Corp. v. Onofri*, No. 16-12439, 2017 U.S. Dist. LEXIS 198814, at *14–15 (D. Mass. Dec. 4, 2017). That is exactly what Plaintiffs are trying to do here. Other than grouping all defendants together under

---

[2] As the Moving Defendants explained their opening brief, a company's mere status as the parent of a defendant is insufficient to establish personal jurisdiction over the parent. *See generally*, Mem. Supporting Mot. to Dismiss at 1–2, 13, 16 (ECF No. 5368). Plaintiffs offer no response to those arguments.

a single "PBM Defendant" label and alleging that the "PBM Defendants formed . . . the Formulary & UM Enterprise," there is no connection between the Moving Defendants and the alleged RICO enterprise. But grouping Defendants together under a single label does not establish RICO jurisdiction over each of them individually. To hold otherwise would jettison due process and the limits on this Court's exercise of jurisdiction. Because Plaintiffs fail to allege any facts showing that the Moving Defendants were members in the "Formulary & UM Enterprise" or participated in the conduct and pattern of racketeering activity underlying the purported RICO claim, Plaintiffs cannot invoke RICO's personal jurisdiction provision. *See Anthony*, 2023 U.S. Dist. LEXIS 176603, at *14–15 ("[I]n the entirety of their 191 page Amended Complaint, Plaintiffs never specifically allege any single act of racketeering engaged in by [Defendant]" so "it is difficult to understand . . . how exercising personal jurisdiction over Defendant [] under the RICO SOP is required by the 'ends of justice.'").

## II.   THE COURT LACKS PENDENT JURISDICTION OVER PLAINTIFFS' STATE-LAW CLAIMS.

Plaintiffs' suggestion that the Court should exercise pendent-personal jurisdiction over their state-law claims also fails.

As an initial matter, the Sixth Circuit has not authorized the exercise of pendent personal jurisdiction: "[O]ur court has never recognized this exception to these due-process limitations" and "[w]e see no good reason to do so now." *Canaday v. Anthem Cos.*, 9 F.4th 392, 401 (6th Cir. 2021). As the Court observed in *Canaday*, "[n]o federal statute or rule authorizes pendent claim or pendent party personal jurisdiction." *Id.* at 402. Indeed, "[n]o such law exists—not in 28 U.S.C. § 1367, the supplemental jurisdiction statute, not in the Federal Rules of Civil Procedure." *Id.* Plaintiffs nevertheless argue that in *Canaday*, the Sixth Circuit "did acknowledge, however, that pendent personal jurisdiction was usually applied in cases involving a nationwide service of

process provision, such as RICO." Opp. at 17 n.10 (emphasis omitted). But the Court's comment about situations where *other* courts have recognized the doctrine was not an endorsement of the practice. On the contrary, while "[s]everal Circuit Courts of Appeals, as well as district courts, have adopted th[e] doctrine" of pendent jurisdiction and applied it in cases involving federal laws with nationwide-service-of-process provisions, "[t]he Sixth Circuit" simply "is not one of them." *Doe v. Varsity Brands, LLC*, No. 22-CV-02139, 2023 U.S. Dist. LEXIS 134515, at *50 (N.D. Ohio Aug. 2, 2023). Pendent jurisdiction does not exist in the Sixth Circuit.

Second, even if the Sixth Circuit had authorized pendent-personal jurisdiction, that would not save Plaintiffs' state-law claims. If Plaintiffs' RICO claim fails (*see generally*, Mem. Supporting Mot. to Dismiss (ECF No. 5370)) or the Court finds that Plaintiffs have not alleged facts sufficient to justify nationwide service of process (*see* Argument Section I, above), then there is no federal anchor to which Plaintiffs' other claims can "append." *See Canaday*, 9 F.4th at 402 (explaining that where recognized, pendent-claim jurisdiction requires a viable federal anchor claim); *Borrás-Borrero v. Corporación del Fondo del Seguro del Estado*, 958 F.3d 26, 37 (1st Cir. 2020) ("[W]hen the federal-law claims [anchoring pendent jurisdiction] have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice"); *United States v. Botefuhr*, 309 F.3d 1263, 1274 (10th Cir. 2002) (finding that the district court abused its discretion by retaining pendent jurisdiction over claims after the anchor claim was dismissed).

Third, where the doctrine is recognized, district courts have discretion not to apply it when the pendent claim turns on different facts. *Botefuhr*, 309 F.3d at 1272. Plaintiffs' state-law claim against the Moving Defendants and their RICO claim against OptumRx rest on entirely separate— not common—factual allegations. As discussed above, Plaintiffs' alleged RICO enterprise

7

concerns PBM-related activities, including rebate negotiations with drug manufacturers and formulary tiering decisions. *See, e.g.*, Rochester Am. Compl. ¶ 678; Lincoln Am. Compl. ¶ 688. Plaintiffs do not allege that any of the Moving Defendants is a PBM. They do not allege that any of the Moving Defendants negotiated rebates with opioid manufacturers. They do not allege that any of the Moving Defendants offered formularies that included opioids. Indeed, with respect to the cash card services offered by certain of the Moving Defendants, Plaintiffs allege that they "do *not* have to adhere to formularies, nor do they have traditional utilization management controls." Rochester Am. Compl. ¶ 501; Lincoln Am. Compl. ¶ 485. On the contrary, Plaintiffs' claims against the Moving Defendants focus on alleged studies or educational programs that the Moving Defendants supposedly conducted for opioid manufacturers, administration of cash card services, or the alleged relationship with subsidiaries. By Plaintiffs' own allegations, those services are not part of the alleged "Formulary & UM Enterprise." Even if Plaintiffs' RICO claim survives, pendent jurisdiction would not attach to their state-law claims against the Moving Defendants.

## III.  THE COURT SHOULD DENY PLAINTIFFS' REQUEST FOR JURISDICTIONAL DISCOVERY.

Recognizing the weakness in their jurisdictional arguments, Plaintiffs ask the Court to "hold these motions in abeyance while personal jurisdiction discovery proceeds." Opp. at 17. Plaintiffs' request is meritless.

A plaintiff does not get jurisdictional discovery as a matter of right. The Sixth Circuit has made clear that "[a] plaintiff is not entitled to discovery if [it] cannot, at a minimum, offer any factual basis for [its] allegations and give the district court a reasonable basis to expect that discovery would reveal evidence that supports the claimed jurisdiction." *C.H. v. United States*, 818 F. App'x 481, 484 (6th Cir. 2020) (cleaned up) (collecting cases); *see also Nottingham-Spirk Design Assocs. v. HALO Innovations, Inc.*, 603 F. Supp. 3d 561, 571 (N.D. Ohio 2022) (applying

*C.H. v. United States* to a request for personal jurisdiction-related discovery and denying request for jurisdictional discovery where "Plaintiff has not identified with any specificity how discovery might support a finding of personal jurisdiction"). Here, Plaintiffs don't even try to argue that their allegations establish a substantial connection between the Moving Defendants and the forum states or otherwise satisfy traditional due-process requirements. Instead, Plaintiffs rely solely on their alternative RICO and pendent-jurisdiction theories—theories that are not affected by jurisdictional discovery. Plaintiffs offer this Court no reason to believe jurisdictional discovery will change the jurisdictional analysis in any way.

A review of the "jurisdictional discovery" requests that Plaintiffs are contemplating confirms that they cannot identify a need for discovery that is reasonably tailored to the jurisdictional issues raised in the Moving Defendants' motion. *See Integrity Express Logistics, LLC v. Borstelmann*, No. 1:23-cv-166, 2023 U.S. Dist. LEXIS 188094, at *6 (S.D. Ohio Oct. 19, 2023) ("a plaintiff may not engage in a fishing expedition untethered from the legal claims at issue"; instead "jurisdictional discovery requests must relate to jurisdictional questions"); *McLean v. U.S. Conf. of Catholic Bishops*, No. 18-cv-3175, 2019 U.S. Dist. LEXIS 76617, at *11–12 (D. Minn. May 7, 2019) (denying jurisdictional discovery where plaintiffs' requests were not "specific, focused and tailored to their assertions concerning general and specific personal jurisdiction," and instead demonstrated that plaintiffs were "simply casting about for contacts with Minnesota").

Many of the requests seek to establish *any* connection with the forum, regardless how small or whether that connection is related in any way to the underlying claims. For example, Plaintiffs propose asking each of the Moving Defendants to identify all "offices, employees, physicians, medical directors and/or case managers in the bellwether states." Opp, Ex. D-1, Interrogatory No. 2 & 5. But those kinds of requests would not have any impact on the Court's analysis. Plaintiffs

9

have never argued that the Moving Defendants are "at home" in New York and Missouri or otherwise subject to general jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (in most cases, a company's "place of incorporation or principal place of business" are the only things that satisfy general jurisdiction). They aren't. *See* Rochester Am. Compl. ¶¶ 143, 150, 155, 158, 171, 174, 178, 182–83; Lincoln Am. Compl. ¶¶ 130, 136, 140, 142, 155, 158, 161, 165–66. And the fact that a Moving Defendant might have a single employee (or even many employees) in the state is irrelevant to whether they have contacts with the State that give rise to the opioid-related public-nuisance claims.

Inasmuch as Plaintiffs are trying to establish suit-related contacts with the forum, they have not explained why additional discovery might reveal that the Moving Defendants are subject to specific jurisdiction. At best, Plaintiffs speculate that "discovery will confirm that the Moving Defendants have sufficient contacts with the transferor forum states to provide a[] . . . basis for jurisdiction over them." Opp. at 2. "But it is well within the Court's discretion to deny a plaintiff's request for jurisdictional discovery where . . . the plaintiff makes only speculative allegations," or argument, about contacts with the forum. *Miller Indus. Towing Equip. v. NRC Indus.*, No. 1:19-CV-00095, 2020 U.S. Dist. LEXIS 67365, at *15 (E.D. Tenn. Apr. 16, 2020). Here, Plaintiffs offer no allegations suggesting possible suit-related contacts between the Moving Defendants and the transferor states. Because Plaintiffs' argument that discovery might reveal such contacts is pure speculation disconnected to any plausible allegations, the request for jurisdictional discovery should be denied. *See Graham Med. Techs., LLC v. Vilex in Tenn., Inc.*, No. 15-13372, 2016 U.S. Dist. LEXIS 71084, at *5-6 (E.D. Mich. June 1, 2016) ("Plaintiff's contention that discovery may reveal a basis for jurisdiction is mere speculation and falls short of the showing required.").

Even if the Court is inclined to overlook that threshold failure, Plaintiffs do not need jurisdictional discovery to investigate suit-related contacts. The parties are already engaged in full-on merits discovery. The few requests that seek "suit-related" information are subsumed by ongoing merits discovery—which the Moving Defendants are participating in under the protection of a court-ordered stipulation ensuring that they do not waive their jurisdictional arguments by doing so. *See* ECF No. 5364. Jurisdictional discovery is a tool that allows limited discovery from a party that is not otherwise participating in discovery. That is not the case here. There is no other discovery the Court could require that the Moving Defendants are not already engaged in.[3]

There is no need to hold the jurisdictional motions in abeyance. Plaintiffs' own briefing confirms that they have not made a threshold showing that any of the Moving Defendants may have contacts with the New York or Missouri that could give rise to the Plaintiffs' claims. The claims against the Moving Defendants should be dismissed.

## CONCLUSION

The Court should dismiss Plaintiffs' amended complaints against UHG, Optum, Inc., OptumInsight, Inc., OptumInsight Life Sciences, Inc., OptumRx Discount Card Services, LLC, Optum Perks, LLC, OptumHealth Care Solutions, LLC, OptumHealth Holdings, LLC, and Optum Health Networks, Inc. for lack of personal jurisdiction.

Dated:  June 20, 2024

Respectfully submitted,

*/s/ Brian D. Boone*
Brian D. Boone

---

[3] Plaintiffs do not argue in their opposition that the Moving Defendants are subject to jurisdiction as the alter-egos of OptumRx. They couldn't. A company must "truly dominate[] another so that the two are indistinguishable for practical purposes" to establish alter-ego jurisdiction. *George Moundreas & Co SA v. Jinhai Intelligent Mfg. Co.*, No. 20-CV-2626 (VEC), 2021 U.S. Dist. LEXIS 9588, at *21 (S.D.N.Y. Jan. 18, 2021) (citation and internal quotation marks omitted); *Goellner-Grant v. Platinum Equity LLC*, 341 F. Supp. 3d 1022, 1029 (E.D. Mo. 2018) ("Indeed, it has been said that the alter-ego doctrine is an 'extraordinary measure' reserved for 'exceptional circumstances.'"). Plaintiffs haven't come close to presenting facts like that for the Moving Defendants.

11

Emily C. McGowan
Brandon C.E. Springer
**ALSTON & BIRD LLP**
Vantage South End
1120 South Tryon Street, Suite 300
Charlotte, NC 28203
Tel: (704) 444-1000
brian.boone@alston.com
emily.mcgowan@alston.com
brandon.springer@alston.com

William H. Jordan
D. Andrew Hatchett
Bradley Harder
Caroline R. Strumph
**ALSTON & BIRD LLP**
1201 West Peachtree Street NW, Suite 4900
Atlanta, GA 30309
Tel.: (404) 881-7000
bill.jordan@alston.com
andrew.hatchett@alston.com
bradley.harder@alston.com
caroline.strumph@alston.com

*Attorneys for UnitedHealth
Group Incorporated, Optum, Inc.,
OptumInsight, Inc., OptumInsight Life
Sciences, Inc., OptumRx Discount Card
Services, LLC, Optum Perks, LLC,
OptumHealth Care Solutions, LLC,
OptumHealth Holdings, LLC, and Optum
Health Networks, Inc.*