# EXHIBIT 8

quinn emanuel trial lawyers | washington, dc

2601 South Bayshore Dr., Suite 1550, Miami, FL 33133 | TEL (305) 402-4880 FAX (305) 901-2975

WRITER'S DIRECT DIAL NO.
**(786) 850-3615**

WRITER'S EMAIL ADDRESS
**olgavieira@quinnemanuel.com**

March 15, 2024

**VIA EMAIL**
David@SpecialMaster.Law

Re:  *In re: National Prescription Opiate Litigation*, MDL No. 2804
*Lincoln County v. Richard Sackler, M.D.*, No. 20-op-45067 (Track 13)
Disputes Regarding Plaintiff's Proposed Custodians, Search Terms, and Data Fields

Dear Special Master Cohen,

We write on behalf of Express Scripts, Inc. (**Express Scripts**) and OptumRx, Inc. (together, **PBM Defendants**) to identify disputes regarding Plaintiff Lincoln County's proposed custodians, search terms, and data fields as required by the Track 12 and 13 Case Management Order (ECF No. 5282, **CMO**).

As outlined in more detail below, many of these issues are the subject of ongoing and productive meet and confers. The PBM Defendants believe the parties would benefit from additional time to continue to discuss these topics, explain their respective positions, and narrow the issues for your consideration. To allow time for continued discussion and potential compromise, the PBM Defendants proposed that the parties request a joint extension of the March 15 deadline. Plaintiffs rejected the PBM Defendants' proposal. Therefore, in accordance with the CMO, the PBM Defendants set forth the status of the current disputes regarding Plaintiff Lincoln County's (the **County**) proposed custodians, search terms, and data fields. These disputes are based on evaluation of the information and materials that the County has provided to date, which we deem to be deficient, and we reserve the right to submit additional disputes on these topics as we continue our review and receive additional information and materials from Lincoln County.

I.  **LINCOLN COUNTY'S PROPOSED CUSTODIANS**

The County made its initial proposal of custodians on March 1, 2024, proposing fifteen document custodians comprised exclusively of *current* employees in County departments and offices. In light of the County's allegations, publicly-available information about the County showing more personnel, departments and offices with likely relevant information, and stark differences between the County's responses to PBM Defendants First Set of Interrogatories (**County's Responses**) and its proposed custodian list, the parties exchanged letters with the

quinn emanuel urquhart & sullivan, llp
ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE COUNTY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

County between March 12 and 13, 2024 and met and conferred on March 13, 2024. As of today's date however, the following issues remain pending:

    A.    <u>The County Has Not Provided Necessary Information Related to Potential Custodians</u>

The PBM Defendants cannot properly evaluate the County's list of proposed custodians because the County failed to provide full and complete responses to Interrogatory Nos. 1 and 2, which were due on February 26, 2024. These interrogatories ask the County to identify persons with knowledge of the facts and circumstances alleged in the Complaint (Interrogatory No. 1), as well as past and present departments, agencies, and other entities within the County that possess documents or information related to the allegations in the Complaint, including the County's alleged injuries (Interrogatory No. 2). These interrogatories further ask the County to describe the knowledge or information possessed by each person identified. Without sufficient information to ascertain the individuals with knowledge of the allegations in the complaint, the PBM Defendants cannot determine whether the County's list of proposed custodians accurately reflects the proper custodians for relevant documents.

In response to Interrogatory No. 1, the County identified 26 people with knowledge of the facts and circumstances alleged in the complaint, without any description of the specific knowledge or information that they each possess. Fifteen of these individuals were initially omitted from the County's list of proposed custodians but subsequently supplemented in the County's March 13, 2024 letter. Like the County's March 1, 2024 proposed list of custodians, the supplemental list also failed to explain what specific knowledge each custodian possesses relevant to the County's claim in the lawsuit, beyond just providing the proposed custodian's job title, information that was requested in discovery.

Similarly, in response to Interrogatory No. 2, the County initially identified eleven County departments as possessing documents, data, records, or other information relating to the allegations in the Complaint and supplemented this list with five other departments in its March 13, 2024 letter. The County now offers all of these departments as custodians. However, both the County's response to Interrogatory No. 2 and the supplemental list of County departments fail to identify any historical data regarding the individuals responsible for the County departments during the relevant time period.

In its most recent correspondence with the PBM Defendants on March 14, 2024, the County suggested that it does not intend to supplement the County's Responses to Interrogatory Nos. 1 and 2. Regarding Interrogatory No. 1, the County referred the PBM Defendants to the identified individuals' "titles" which "reveal[s] the subjects on which they will have knowledge." This response is deficient because job titles alone are insufficient descriptions of an individual's knowledge of the facts and circumstances alleged in the Complaint. With respect to the County's Response to Interrogatory No. 2, the County's March 14, 2024 letter advised that the County's proposed custodians "will possess the relevant available historic files for their respective positions." This perfunctory statement does little to assure the PBM Defendants that searching the custodial files of one individual custodian from a particular department will produce documents from the custodial files of other individuals, historic or present within the same department.

Notably, the County's Fact Sheet, last submitted on February 20, 2023, would have been a source for the PBM Defendants to obtain information regarding potential custodians, but that is also deficient. The County's Fact Sheet does not provide substantive responses to the questions seeking identification of all departments or divisions and the current head of each or the persons who held the positions of mayor, county commissioners, auditors, recorders, sheriffs or police chiefs, coroners or medical examiners, chief financial officer, and others. The County has also failed to produce any documents responsive to several document requests set forth in the Fact Sheet, including the meeting agendas that reference Prescription Opioids, the misuse of opioids, or related topics.

The County has, at the date of this letter, failed to advise the PBM Defendants if the County retained documents for any of the identified individuals and County departments/offices and agencies, and if so, the temporal scope of the retained documents.

The PBM Defendants cannot evaluate whether the County's proposed custodian list is sufficient without a full list of persons with knowledge of the facts and circumstances alleged in the complaint and an understanding of the scope of each such individual's knowledge, as requested in discovery, as well as the date range for which the County has retained documents. Despite repeated demands to supplement this information, including by means of a letter instead of a formal supplemental response to discovery, the County has failed to provide the additional information required, offering only that they are making meaningful efforts to respond to the deficiencies and to get the information to PBM Defendants as quickly as they can. The PBM Defendants request that the Special Master impose a deadline for the County to supplement its responses to Interrogatories 1 and 2 so that the PBM Defendants may have the information needed to choose custodians.

### B.  The County Has Failed To Designate Relevant Individuals As Custodians

The PBM Defendants have identified, through publicly-available information and review of the County's claims in both its original and amended complaint, 15 additional County departments, agencies or divisions that may have documents and records relevant to the claims in this litigation that were not specifically identified by the County as potential custodians:

- Sheriff's Office, Patrol Division
- Sheriff's Office, Criminal Intelligence Analysis Unit– (CIAU)
- Sheriff's Office, Crime Investigations Division
- Sheriff's Office, Narcotics Enforcement Division
- Sheriff's Office, Community Division
- Sheriff's Office, Records Division
- Sheriff's Office, Jail Division
- Sheriff's Office, School Resource Officers
- Office of the County Assessor
- Office of the County Collector
- Office of the County Coroner
- Office of the County Surveyor
- Office of the County Recorder of Deeds

3

- Lincoln County Missouri Economic Development Office
- Lincoln County Project Coordinator

On March 14, the County agreed to identify appropriate custodians for the Sheriff's Office, Jail Division, the Sheriff's Office, and the School Resource Officers division, but has not done so as of today. The County "is evaluating defendants' specific requests for custodians" from the Lincoln County Economic Development Office, the Office of the County Assessor, the Office of the County Collector, the Office of the County Surveyor, and the Office of the County Recorder of Deeds, but has not agreed to identify any custodians for those departments as of today.

The PBM Defendants have also identified two individuals that they expected the County to designate as document custodians but whom, despite the County's latest correspondence on this issue, are not listed as proposed custodians:

- Nurse Colleen Freeland, Sheriff's Office, Jail Division
- Pat Hamlin, Sherriff's Office, Jail Finances

The PBM Defendants request that the Special Master impose a deadline for the County to identify the custodians in the relevant departments and notify the PBM Defendants if the County will agree to add the identified individuals and departments as custodians.

Relevant correspondence on these issues include:

- The PBM Defendants' First Set of Interrogatories to Plaintiff Lincoln County
- The County's Responses and Objections to the PBM Defendants' First Set of Interrogatories
- The PBM Defendants' February 28, 2024 Letter re Plaintiff Lincoln County Fact Sheet
- The PBM Defendants' March 6, 2024 Deficiency Letter re Lincoln County's Discovery Responses and Objections
- The PBM Defendants' March 12, 2024 Letter re the March 8, 2024 Meet and Confer on Lincoln County's Deficient Discovery Responses and Objections
- The County's March 1, 2024 Letter re Proposed Custodians and Data Fields
- The County's March 1, 2024 Letter re: Proposed Search Terms
- The PBM Defendants' March 12, 2024 Letter re Proposed Custodians and Search Terms
- The County's March 13, 2024 Custodial Information Supplement
- The PBM Defendants' March 14, 2024 Letter re March 13, 2024 Meet and Confer on Proposed Custodians and Search Terms
- The County's March 14, 2024 Letter in response to PBM Defendants' March 12 Letter re: Proposed Custodians and Search Terms; and PBM Defendants' March 14 Letter re: March 13, 2024 Meet and Confer on Proposed Custodians and Search Terms.

4

## II. LINCOLN COUNTY'S SEARCH TERMS

On March 1, 2024, the County provided the PBM Defendants with a list of proposed search terms for use in searching custodial and non-custodial files within the County's document repository. In a letter dated March 12, 2024, the PBM Defendants responded to and suggested revisions to the County's proposed search terms. At the March 13, 2024 meet-and-confer, the County represented that it was not ready to have a conversation about the proposed revised search terms. The County has since advised the PBM Defendants that it is aligned with the City of Rochester on the issues raised concerning the PBM Defendants' proposed revised search terms.

The PBM Defendants hereby incorporate their position as stated within the Notice of Dispute Regarding the City of Rochester's Proposed Search Terms and Custodians (section B) in this Notice of Dispute Regarding Lincoln County's Proposed Custodians and Search Terms.

## III. LINCOLN COUNTY'S DATA FIELDS

The parties have exchanged letters and met and conferred on the County's production of data fields on January 16 and March 1, 2024. The PBM Defendants requested additional information and clarification from the County regarding its claims and rebates data and data fields in a letter dated March 12, 2024.

The CMO requires the County to identify data fields included in "claims data and rebates data they have received, or *have access to*." In its March 1 letter, the County provided data fields for claims data it has access to from Script Care, its PBM since 2023. The County also agreed to produce the "aggregate rebate reports in pdf format" it receives from ScriptCare. However, the County has not provided the data fields included in those aggregate reports or confirmed that the County does not have access to rebate data from ScriptCare beyond what is provided in those reports.

The parties met and conferred on March 13, where the County advised the PBM Defendants that the County is still trying to obtain information regarding the data included in the "object line items" fields in the budget. The missing "object line items" or "Object" field, encompasses a numerical range of "01200 – 84000**." *See* Attach. A at 4 ("** See the Segment Schemas for ExpObject for full list."), Mar. 1, 2024 Letter from Lincoln County re "Custodians and Supplemental Data Fields." While the County agreed to produce this information, the PBM Defendants cannot make a selection of fields for which they request the corresponding data without knowing the meaning of the fields. Therefore, the PBM Defendants request that the Special Master impose a deadline for the County to provide the missing information regarding these fields and allow the PBM Defendants additional time thereafter to choose the fields for which they will request data.

Relevant correspondence on these issues include:

- January 16, 2024 Lincoln County Financial Data Fields
- March 1, 2024 Lincoln County Custodians and Data Fields
- March 12, 2024 The PBM Defendants Letter to Lincoln County re: Data Fields
- March 13, 2024 Lincoln County Workers' Compensation and Financial Data Fields

5

- The PBM Defendants' March 14, 2024 Letter re March 13, 2024 Meet and Confer on Proposed Custodians and Search Terms

\* \* \* \*

While the PBM Defendants believe many of these issues may be resolved or narrowed through further meet and confer sessions, the PBM Defendants ask that the Special Master impose deadlines on the County to provide the past due information needed for the PBM Defendants to select custodians and data fields.

Thank you for your attention.

Sincerely,

*/s Olga M. Vieira*
Olga Vieira