# EXHIBIT 9

**quinn emanuel** trial lawyers | miami

2601 S. Bayshore Drive, Suite 1550, Miami, Florida 33133-5417 | TEL (305) 402-4880 FAX (305) 901-2975

WRITER'S DIRECT DIAL NO.
**(786) 850-3615**

WRITER'S EMAIL ADDRESS
**olgavieira@quinnemanuel.com**

April 25, 2024

joanne@cicalapllc.com
shelbi@cicalapllc.com
josh@cicalapllc.com
johan@cicalapllc.com
jgarvey@stranchlaw.com
PBM@listserv.motleyrice.com
Mdl2804discovery@motleyrice.com

Re:   *In re: National Prescription Opiate Litigation*, MDL No. 2804  *Lincoln County v. Richard Sackler, M.D.*, No. 20-op-45067 (Track 13) Letter Memorializing Discovery Deficiencies

Counsel:

We write in response to your letter dated April 19, 2024, regarding the supplemental responses and objections of Lincoln County (**Plaintiff** or the **County**) to PBM Defendants' First Set of Interrogatories (**Interrogatories**), First Requests for Production (**Requests**), and Custodians.

As you know, the parties have met and conferred four times about the County's responses and objections to the above written discovery: March 8 (memorialized in our March 12 letter), April 5 and April 8 (memorialized in our April 9 letter), and April 10 (memorialized in our April 12 letter). At these meetings, the County committed to curing the identified deficiencies and supplementing their responses by April 19 at the latest. As of today, however, the County has not sufficiently supplemented all of its responses. Accordingly, unless otherwise resolved, we consider the parties to be at an impasse on the below issues and plan to raise them with Special Master Cohen at the next available meeting.

## DEFINITIONS AND INSTRUCTIONS

Illicit Drugs. The Parties declared an impasse as to the definition of Illicit Drugs. The County clarified in its April 19 letter that, although it would include "heroin, illicit fentanyl, fentanyl analogs, carefentanil, counterfeit prescription opioids, and prescription opioids" in the

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON |

definition of Illicit Drugs, it would ***not*** include: cocaine, crack cocaine, marijuana, synthetic cannabinoids, methamphetamine, MDMA, hallucinogenic compounds, or any other Schedule I drug.

## INTERROGATORIES & REQUESTS FOR PRODUCTION

The Interrogatories and Requests for Production were served on January 26, and responses were due on February 26. After meeting and conferring four times, the County agreed to supplement its responses to Interrogatories and Requests by April 19 at the latest to address the deficiencies identified by PBM Defendants. Nevertheless, the County has failed to provide sufficient supplements to Interrogatory Nos. 1, 3, 6, 7 and Request Nos. 7, 8.

**Interrogatory No. 1**: The County's description of each individual's knowledge is insufficient to identify what each custodian knows that would be relevant to the claims asserted here.

**Interrogatory Nos. 3, 6, and 7**: Instead of responding with the requested information, the County provided weblinks to entire categories of public County documents. PBM Defendants requested that the County clarify the specific information within the documents located at the weblinks that is responsive to each Interrogatory. The County has not done so.

PBM Defendants also stated at the April 5 and April 8 meet-and-confers that the listing of broad categories of actions taken by the County does not sufficiently answer the interrogatories. The County stated that it would further supplement these Interrogatories by April 19 with the understanding that, as the County learns more information, it will provide further supplements. PBM Defendants requested that the April 19 supplement be fulsome (for example, providing details regarding which relevant topics were discussed at which meetings). The County largely agreed, subject to and without waiving its objections. Nevertheless, the County failed to address these topics in its April 19 supplement.

**Interrogatory Nos. 8, 9, and 10**: The County declared an impasse with respect to Interrogatories 8 and 9, although Special Master Cohen ruled that the County did not have to supplement those Interrogatories at this time, Special Master Cohen did instruct the County to respond to Interrogatory No. 10, which it has not done yet.

**Request No. 7**: Instead of producing responsive documents, the County provided weblinks to entire categories of public County documents. PBM Defendants asked the County to identify which individual documents at the weblinks are responsive. The County stated that it would take the request under advisement and respond by April 10 if it would supplement its response, but it has not done so.

**Request No. 8**: The County initially responded that it would only provide a "sampling" of closed arrests, but it then represented at the April 10 meet-and-confer that it was attempting to locate and determine the total number of closed arrests that were responsive to Request No. 8. The County indicated that it would inform PBM Defendants of the number and determine the burden imposed by providing such documents. The County has not done so.

The County stated that it would clarify if there was an impasse as to open arrests by April 10 but has not done so.

## **CUSTODIANS & DATE RANGES**

Defendants notified the County on April 9 and April 12 that its delay in supplementing the Interrogatories was impeding PBM Defendants' ability to identify custodians in a timely manner, thereby slowing down fact discovery and prejudicing PBM Defendants. The County stated that it would cure the deficiencies identified and agreed to by April 19 at the latest. The County has not sufficiently supplemented their responses, as discussed above.

PBM Defendants also raised the issue that the County has not provided historical information about the individuals that occupied positions in the County prior to the incumbents. The County agreed to provide more details regarding the currently identified individuals' previous positions within the County (if any) as well as the names of the individuals who held each position previously during the relevant time period. In the County's April 19 letter, the County provided a list of supplemental custodians as well as a chart, but this chart does not provide historical information regarding individuals that held positions in the County prior to the current incumbents for the entire temporal period (*i.e.*, dating back to 1996). For individuals who held multiple positions, the chart also fails to identify the time periods during which the individuals held each position (*see, e.g.*, Amy Tippett). Further, for many of the custodians the County has listed, the chart does not identify if the individual's predecessor's custodial documents are maintained in the offered custodian's files. The PBM Defendants need this information in order to adequately determine if additional custodians are necessary, and what time periods are missing for the relevant departments and roles.

The County has indicated that it will not offer Sheriff John Cottle as a custodian, although he was listed in the County's April 19 letter and accompanying chart. If he is not offered as a custodian, we will raise this issue with Special Master Cohen.

Despite the County's representation that it would supplement the descriptions of the custodians' knowledge of the case, the County's supplements are still deficient and fail to describe with specificity what relevant information each custodian possesses. It is not readily apparent from the custodians' job descriptions what their responsibilities were and how those responsibilities relate to the issues in this case.

\* \* \*

Nothing in this letter is intended to limit or waive any of the PBM Defendants' objections, rights, or remedies. PBM Defendants reserve the right to discover information and documents responsive to all of their Requests, Interrogatories, and information required by the Plaintiff Fact Sheets. PBM Defendants also reiterate that, although they appreciate the County's willingness to

3

4

name individuals as custodians and to run search terms across their custodial files, PBM Defendants are not waiving their rights to object to custodians requested by the County.

Sincerely,

/s/ *Olga M. Vieira*

Olga M. Vieira
Partner

OMV