# EXHIBIT 12



401 9th St. NW, Suite 630
Washington, DC 20004
**o.** 202.232.5504  **f.** 202.232.5513

**E. Paige Boggs**
*Licensed in DC, IL, IN*
direct:  202.386.9629
pboggs@motleyrice.com

www.motleyrice.com
*"I will stand for my client's rights.
I am a trial lawyer."*
*–Ron Motley (1944–2013)*

April 30, 2024

**VIA EMAIL**
esi-opioids@quinnemanuel.com
Optum.opioid.team@alston.com

Re:     *In re: National Prescription Opiate Litigation, MDL No. 2804 (N.D. Ohio) Lincoln County
v. Richard Sackler, M.D., No. 20-op-45069 ("Track 13");* Discovery Letter

Counsel,

I write on behalf of Plaintiff Lincoln County (the "County") in response to the Express Scripts and Optum Defendants' ("PBM Defendants") letter dated April 25, 2024 regarding the County's response to the PBM Defendants' First Set of Interrogatories and Requests for Production.  The County is available to meet and confer Wednesday (May 1st) between 10 a.m. and 1 p.m. EST, or Friday (May 3rd) between 11 a.m. and 5 p.m. EST.

## I.       Objections to Definitions

### A.       "Illicit Drugs"

As stated in the County's response to the PBM Defendants' First Set of Requests for Production, the County objects to the definition of "Illicit Drugs" to the extent the PBM Defendants seek to impose obligations on the County beyond those imposed by the Discovery Rules.  The County agrees, as stated in the County's April 19, 2024 letter, to include heroin, illicit fentanyl, fentanyl analogs, carfentanil, counterfeit prescription opioids, and prescription opioids in the definition of "Illicit Drugs."

Nonetheless, the County will not withhold (or redact in relevant part) responsive, non-privileged documents in its possession, custody, or control that hit upon agreed search terms, even if other drugs (beyond the County's modified definition of "Illicit Drugs") are also mentioned. However, the County will not search, collect, review, or produce documents that relate solely to drugs not included in the County's modified definition of "Illicit Drugs."

To the extent the County's proposal does not resolve your concerns, the County agrees we are at impasse as to the definition of "Illicit Drugs."



April 30, 2024
Page 2

## II.     Objections to Interrogatories and Requests for Production

### A.     Interrogatory No. 1

Interrogatory No. 1 seeks the identity of each individual: (1) whom the County may use to support its claims; (2) from whom the County has obtained information; or (3) who has knowledge of the facts and circumstances alleged in the Complaint.  On April 19, 2024, the Government supplemented its prior responses to Interrogatory No. 1 by providing a chart that identifies relevant individuals, including their name, current and (if applicable) former title, their years of employment with the County, and the subject matter of their knowledge.  The PBM Defendants contend the County's description of these individual's knowledge is insufficient to identify what each person knows that would be relevant to the County's claims.  That is simply not true.  First, the connection between certain individual's knowledge and the County's Complaint is obvious based on their title alone, *see, e.g.*, Dan Heavin ("Coroner"); Michael "Mike" L. Wood ("Prosecuting Attorney").  Second, for many individuals, the County expressly states the relevancy of their knowledge, *see, e.g.*, Kevin Bishop ("Knowledge as to the property value impact that the opioid epidemic has had on County property during his almost 40 years at the Lincoln County assessor's office."); Brenda Schulte ("Knowledge of the opioid crisis and its impact on Lincoln County, as well as knowledge of the preparation and filing of certain federal grants awarded to the County related to opioids."); Helen McDonald ("Knowledge of the opioid crisis as the payroll clerk and main point of contact with the County's brokers and TPAs for the health plans and Workers' Compensation offered by the County.").  Lastly, the County's level of detail regarding these individuals matches or exceeds the detail the PBM Defendants have provided in response to corresponding interrogatories.

The PBM Defendants sent the County an email on April 29, 2024 (attached hereto) with specific questions regarding custodians.  The County is willing to further meet and confer with the PBM Defendants within the next two weeks on these questions and, if necessary, supplement Interrogatory No. 1 accordingly.

### B.     Interrogatory Nos. 3, 6, and 10

The County will supplement its response to Interrogatory Nos. 3 and 6 and respond to Interrogatory No. 10 this week.

### C.     Interrogatory No. 7

As the County stated in its April 19, 2024 letter, the County will provide the information sought by Interrogatory No. 7 pursuant to the timetable set by the operative CMO.



April 30, 2024
Page 3

### D.  Interrogatory Nos. 8 and 9

Pursuant to Special Master Cohen ruling, the County will not be supplementing its response to Interrogatory Nos. 8 and 9 at this time.

### E.  Request No. 7

Request No. 7 seeks minutes, agendas, notes, records, and transcripts of or from any public or non-public meeting concerning public health, public safety, Prescription Opioids, Opioids, any prescription drug monitoring program, Illicit Drugs, or the County's budgets.  The County provided weblinks to the Lincoln County Commission's meeting agendas and meeting minutes, which collectively contain about 1,700 documents.  The County will not, as the PBM Defendants have asked, review these documents and identify each responsive document.  The County produced these documents to the PBM Defendants as they are maintained in the ordinary course of business.  Further, given the broad categories of information the PBM Defendants have identified in Request No. 7, it is likely that the PBM Defendants will determine many (if not the majority) of the agendas and meeting minutes are responsive.

### F.  Request No. 8

Request No. 8 seeks documents relating to any wrongful conduct or illegal activity related to Opioids by any Persons in Lincoln County.  The County agreed that it would provide the number of closed arrests and a sampling of closed arrest files.  The County will provide a spreadsheet identifying all closed arrests along with a sampling of arrest files by May 10, 2024.

## III.  Proposed Custodians and Date Ranges

The PBM Defendants claim the County has not sufficiently identified historical information about individuals who occupied positions in the County prior to the proposed custodians and does not span the entire temporal period.  The County disagrees.  On April 19, 2024, the Government provided an updated chart that includes each proposed custodian's current and (if applicable) former title, their years of employment with the County, and the identity of their predecessor (if known).  As noted in the County's chart, multiple proposed custodians have their predecessor's files in their own custodial file, *see, e.g.*, Brenda Schulte, Helen McDonald.  The County also identified the years for which electronic and paper documents are available for each proposed custodian's department, which, in many cases, extends beyond the temporal period.  These records will likely include files of the current proposed custodian's predecessors.  As the County's investigation continues, the County will continue to supplement its discovery responses as appropriate.  In addition, contrary to the PBM Defendants' assertion, the County has not refused to offer Sheriff John Cottle as a custodian.  The County is still trying to locate Sheriff Cottle's files.  It will provide an update by May 10, 2024 on this process.



April 30, 2024
Page 4


Although the County has more than met its obligation to identify potential custodians, the County is willing to supplement its proposed custodian chart by May 10, 2024 to include the dates each proposed custodian held their position (if the proposed custodian held multiple positions) and the relevant dates for any predecessor (if known).  The County is willing to further meet and confer if the PBM Defendants believe they need additional information about any particular proposed custodian or time period.

Sincerely,

*/s/ Paige Boggs*
Paige Boggs

cc:    PBM@listserv.motleyrice.com
       mdl2804discvoery@motleyrice.com
       joanne@cicalapllc.com
       shelbi@cicalapllc.com