# EXHIBIT 14

**quinn emanuel** trial lawyers | washington, dc

2601 South Bayshore Dr., Suite 1550, Miami, FL 33133 | TEL (305) 402-4880 FAX (305) 901-2975

WRITER'S DIRECT DIAL NO.
**(786) 850-3615**

WRITER'S EMAIL ADDRESS
**olgavieira@quinnemanuel.com**

March 6, 2024

VIA EMAIL
jgarvey@stranchlaw.com
cgarvey@stranchlaw.com
ethomas@stranchlaw.com
joanne@cicalapllc.com
josh@cicalapllc.com
johan@cicalapllc.com
dat@hfmlegal.com

Re:     *In re: National Prescription Opiate Litigation*, MDL No. 2804
        *City of Independence, Missouri v. Williams*, No. 19-op-45371 (Track 14)
        Plaintiff City of Independence's Responses and Objections

Counsel:

       We write on behalf of the Express Scripts Defendants ("Express Scripts") and OptumRx, Inc. (collectively, "PBM Defendants" or "Defendants") regarding the February 26, 2024 responses and objections by Plaintiff City of Independence ("the City") to Defendants' First Set of Interrogatories ("the Interrogatories") and First Set of Requests for Production of Documents ("Requests for Production"). The City's responses are deficient for many reasons, including the reasons stated below. We reserve the right to raise additional deficiencies with the City's responses and objections as we continue our review.

       Please confirm that you will serve supplemental responses to address these issues. If the City does not supplement its responses or otherwise resolve the deficiencies noted herein we intend to take these issues up with the Special Master.

## I.     OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

- **"Defendants."** The City objected to this definition as "overly broad, vague, and seeks to extend the requests beyond the Defendant entities that are named as Defendants," and consequently responded that the City "will respond with regard to information and documents as to those Defendants." The City's objection is improper in light of the theories

**quinn emanuel urquhart & sullivan, llp**
ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON |
LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | MISSOURI | PARIS | PERTH | RIYADH | SALT LAKE CITY |
SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

of liability and damages that the City has asserted against OptumRx, Inc. and Express Scripts which extend to other defendants, some of whom are identified in the City's 01/29/2019 complaint. Moreover, the City, in its 12/15/2023 Amended and Supplemental complaint stated that "Plaintiff expressly adopts and incorporates by reference the allegations and claims set forth in its Complaint (Doc. No. 1–2), including all claims and allegations against other Defendants named in that Second Amended Complaint." *See* Am. Compl. at p. 1. Please confirm that you will immediately rectify this issue by serving supplemental responses to accommodate "Defendants" as defined in the Interrogatories and Requests for Production of Documents.

- "**Discovery Time Period**." The City did not object to the definition of "Discovery Time Period." As you are aware, Plaintiffs have taken the position that the temporal scope for discovery in Tracks 12–15 begins on January 1, 1996. The PBM Defendants have objected to this temporal scope as unduly burdensome and not proportionate to the needs of the case, but have agreed to meet and confer with Plaintiffs on this issue. Because any relevant time period agreed by the parties or ordered by the Court would apply equally to Plaintiffs, we would like to meet and confer to determine whether the City has in its possession, custody, and control all relevant discovery for the full Discovery Time Period that is ultimately agreed upon, including discovery dating back to January 1, 1996, if those years are determined to be within the Discovery Time Period.

- "**Document**" and "**Documents**." Please confirm that the City does not intend to withhold any discoverable information based on its boilerplate objections to this definition.

- "**Illicit Drugs**." The City objected to this definition "to the extent that they seek to impose obligations on Plaintiff beyond those imposed by the Discovery Rules," and consequently redefined and self-limited the definition of Illicit Drugs to "heroin, illicit fentanyl, fentanyl analogs, carfentanil, counterfeit prescription opioids, and prescription opioids." This attempt to rewrite and limit the scope of the PBM Defendants' discovery requests is improper. Please confirm that you will immediately rectify this issue by serving supplemental responses to accommodate "Illicit Drugs" as defined in the Interrogatories and Requests for Production of Documents.

- "**You**" and "**Your**." Please confirm that the City is not refusing to produce discoverable information relating to persons acting or purporting to act on behalf of the City including without limitation the City's employees, directors of departments or agencies, agents, contractors, representatives, board members, committees, subcommittees, working groups, and task forces.

## II.   RECURRING SPECIFIC OBJECTIONS

- **Privilege and Attorney Work Product.** To the extent the City withholds any discoverable information on the basis of any form of privilege, the City must provide a privilege log to allow Defendants and the Court to assess the privilege claim.

- **Breadth, burden, relevance, and proportionality.** Please confirm that the City does not intend to withhold discoverable information based on these boilerplate objections. If the City believes such an objection is proper, please supplement your responses to state with specificity the basis for the City's objection.

## III. RESPONSES AND SPECIFIC OBJECTIONS TO THE INTERROGATORIES

### Interrogatory No. 1

This Interrogatory asks the City to identify each individual whom the City "may use to support Your claims against the Defendants," "from whom You have obtained information about the Defendants," or "who has knowledge of the facts and circumstances alleged in the Complaint (including the Confidential Informant referenced in the Complaint)." The Interrogatory also asks the City to describe the knowledge or information such person possesses as well as their present or last known address, telephone number, title or occupation, and their employer.

**City's Response**: In response, the City provided a list of individuals, along with their current job titles, and a stock response of the subject matter of their knowledge: "Knowledge of the opioid crisis relative to their respective City department(s)."

**PBM Defendants' Responses**:

The City provided a list of individuals, as well as some employment information, however, this information is incomplete. We need at least a basic understanding of each individual's connection to the allegations in the City's original and amended complaints. Identifying an individual for their "knowledge of the opioid crisis relative to their respective City department[s]" does not provide any meaningful information connecting the individual to a specific allegation, topic or time period. Please provide a response that identifies the nature and basis of these individuals' knowledge, for example, by providing a brief description or referencing the paragraphs in the original or amended complaints on which they have knowledge.

For the individuals listed, please state their present or last known address; and their telephone number (including area code).

Please also identify by name and contact information (as requested in the Interrogatory), "the current and former employees of Purdue and the PBM Defendants" whom you vaguely reference in response to the Interrogatory.

The City may not "incorporate by reference" unnamed individuals from unidentified discovery responses, disclosures, or depositions in the MDL. Please identify by name all individuals, entities, and witnesses that are responsive to this Interrogatory as well as the "Confidential Informant" referenced in the Complaint.

The City's list of individuals with relevant information is facially incomplete. Officials who head certain of the City's agencies and departments are missing, including: the Emergency Management, Human Resources, Internal Services, Municipal Court, Parks, Recreation and Tourism, and Power and Light departments. Please supplement your answers to include all

3

individuals from these and other departments, agencies, and entities to the extent they have information relevant to the City's claims and alleged injuries in this lawsuit.

## Interrogatory No. 2

This Interrogatory asks the City to identify each of its "past and present" departments, agencies, subdivisions or other constituent entities that possess documents, data, records or other information relating to the allegations in the Complaint, including allegations against the Defendants and City's alleged harm.

**City's Response**: In addition to some objections to the terms "subdivisions," "other constituent entities," and "documents, data, records, or other information," the City provided a list of "City Department[s]."

**PBM Defendants' Responses**:

We disagree that the terms "subdivisions," "other constituent entities," and "documents, data, records, or other information," as used in the Interrogatory are overly broad, vague, or ambiguous. If the City believes that these terms are ambiguous, please explain how the City has interpreted them in responding to this Interrogatory.

The City has not described whether the identified departments are current, past, or a mixture of both. Please supplement your response to provide this information.

Your response identifies only twelve "City Departments" as responsive to this Interrogatory. Please confirm—and supplement your response to confirm—that those are the only departments that the City claims have been harmed or are entitled to any relief in this litigation.

## Interrogatory No. 3

This Interrogatory asks the City to "identify every action" taken during the Discovery Time Period to limit the abuse, misuse, diversion, supply, or availability of Opioids in City of Independence, Missouri," including by way of example, "resolutions, regulations, legislation, ordinances, rules, enforcement actions, prosecutions, and investigations."

**City's Response:** In addition to some boilerplate objections, you identified 14 "ongoing efforts" to respond to the opioid epidemic in the City.

**PBM Defendants' Responses:**

Please define what you mean by "aggregate proof" or "statistical evidence."

The City's objection that "[i]ndividual proof is not relevant here," is improper and disregards the scope of the City's allegations. The Interrogatory is relevant to the City's theory that a causal relationship exists between Defendants' actions and the harm to the City. *See* Am. Compl. ¶¶ 530–569 (describing certain claims about red flags and "suspicious activities" relating to individual prescription opioids dispensed in the City); *see also id*. ¶¶ 31, 59, 580–590 (alleging

harms to individuals from opioids). Please withdraw this objection and confirm that you will supplement your responses to identify every action the City has taken to limit the abuse, misuse, diversion, supply, or availability of opioids in City of Independence, Missouri.

The City's response is incomplete and vague. The City's response does not provide sufficient details to identify the specific actions taken, who took the actions, what the actions entailed, or the time period of the actions. For example, "Actions by law enforcement and public safety" is so broad and vague that it is impossible to determine what those "[a]ctions" actually entail or how they are different from other actions listed by the City such as "[e]mergency response to opioid overdoses." Further, the City's response includes actions that were not taken by the City. For example, the City's response identifies "The Controlled Substances Act," which is a federal law and not an action taken by the City. The City's response also vaguely identifies "Missouri law," which appears to be a reference to state-wide laws and not laws passed by the City. Please supplement your responses to provide complete answers to this Interrogatory. Please amend your response to identify actions the City (as defined in the requests) has taken.

**Interrogatory No. 4**

This Interrogatory asks the City to identify each health plan and pharmacy benefit plan the City offered, provided, or sponsored during the Discovery Time Period; and the name and timeframe of every insurer, pharmacy benefit manager, and third-party administrator that worked for each plan, as well as the name and timeframe of each plan's pharmacy networks.

**City's Response:** In addition to some objections to the Interrogatory "to the extent it seeks information in Defendants' possession, custody, or control," the City provided the names of certain PBMs, Insurers, and TPAs from 2006 through the present.

**PBM Defendants' Responses:**

We disagree that the Interrogatory seeks information that is not within the City's possession, custody, or control. To the extent the City has or previously had a contract with any third party insurer, pharmacy benefit manager, or third-party administrator, the City has control over this information and that information must be disclosed. Please confirm that you have provided and will supplement your responses to this Interrogatory with all information within your possession, custody, or control.

The City does not identify the name and timeframe of each plan's pharmacy networks. Please provide this information.

The City's response provides information back to 2006. Please confirm that you have provided all information requested in this Interrogatory throughout the Discovery Time Period.

**Interrogatory No. 5**

This Interrogatory asks that for each plan identified in Interrogatory 4, the City "identify each individual with knowledge of the plan's administration or management, including any plan representative, plan employee, plan affiliate, broker, third-party administrator, or consultant, and

describe the knowledge or information that they possess, their present or last known address, their telephone number (including area code), their title or occupation, and their employer."

**City's Response:** In addition to some objections to the Interrogatory "to the extent that Defendants seek information that is in Defendants' possession, custody, or control, because Defendants … administer plans for the City of Independence," the City identified two individuals as benefits manager of the City's Department of Human Resources and partner at an insurance company.

**PBM Defendants' Responses**:

The City's response is deficient, and fails to identify a single individual "with knowledge of the plan's administration or management." Please identify all City officers, employees, consultants or other individuals during the Discovery Time Period who had knowledge of the administration and management of the City's health plans and pharmacy benefit plans.

We disagree that the Interrogatory seeks information that is not within the City's possession, custody, or control. The City provided some information regarding its contracts with third party insurers, pharmacy benefit managers, and third-party administrator in response to Interrogatory No. 4. The City therefore has information within its possession, custody, or control responsive to this Interrogatory. Please supplement your response.

While the City provided some information relating to three companies presumably with knowledge of the plan's administration or management, this information is incomplete. First, you have not identified the specific plan(s) of which these companies have knowledge. Second, you have not identified any individuals at these companies with relevant knowledge. Third, you have not "describe[d] the knowledge or information that they possess, their present or last known address, their telephone number (including area code), their title or occupation, and their employer." Please supplement your response.

## Interrogatory No. 6

This Interrogatory asks that for each plan identified in Interrogatory No. 4, the City "identify and describe in detail every action You have taken during the Discovery Time Period to limit the abuse, misuse, diversion, supply, or availability of Opioids by members or beneficiaries of that plan, including any actions taken with respect to the plan's benefits, coverage, formulary, utilization management, and clinical programs."

**City's Response:** The City objected to the Interrogatory (1) as overly broad as drafted and specifically objects to the term "every action You have taken"; and (2) to the extent it seeks information that is in Defendants' possession, custody, or control. The City also responded that the City relied on its PBMs to administer their plans in the safest and most efficacious manner.

**PBM Defendants' Responses:**

This Interrogatory is not overly broad and relates directly to the City's allegations set forth in its Amended Complaint, where the City alleges that the PBM Defendants' actions relating to

benefits, coverage, formulary, utilization management, and clinical programs contributed to a public nuisance. *See* Am. Compl. ¶¶ 571–703. The PBM Defendants are entitled to know what actions the City took during the Discovery Time Period to with respect to its own health plans to "limit the abuse, misuse, diversion, supply, or availability of Opioids." Please supplement your response.

The City's response is vague and nonresponsive. The City responds that it "did the same [as other PBM clients] and relied on their PBMs to administer their plans in the safest and most efficacious manner." As a plan sponsor, the City undoubtedly had the ability to choose its formularies, choose its benefit design, choose which TPA(s) and PBM(s) it would contract with, choose the utilization management and clinical programs that would apply to its prescription drug benefit plans, and communicate with its insurance brokers, benefit consultants, TPA(s) and PBM(s) regarding "the abuse, misuse, diversion, supply, or availability of Opioids." Please supplement your response to identify every responsive action the City has taken during the Discovery Time Period, if any.

We disagree with City's suggestion that the information requested seeks information in Defendants' possession, custody, or control. The City's knowledge of its own actions is within the City's possession, custody, or control and should be identified in response to this Interrogatory.

## Interrogatory No. 7

This Interrogatory asks the City to "[f]or each prescription that You contend was improper and upon which You base Your claims in the Litigation or that You contend caused or led to Your alleged harm in the Litigation, identify: the specific prescription; the name, national drug code, dosage, and quantity of the controlled substance dispensed; the dispensing pharmacy; the dispensing pharmacist; the dispensing date; the amount and method of payment; and an explanation for how the prescription supports Your claims."

**City's Response:** The City objected to this Interrogatory to the extent: (1) the City has not yet received adequate discovery from Defendants; (2) Defendants seek individual proof; (3) it seeks information required to be provided on the timeline described in Case Management Order, Docket No. 5295 ("CMO").

**PBM Defendants' Responses:**

This Interrogatory seeks information within the City's knowledge, including those derived from documents within the City's possession, custody or control. This Interrogatory seeks information relating to the allegations in the City's own original and amended complaints and there is no reason the City would have to wait for OptumRx, Inc. and/or Express Scripts materials to disclose information in its own possession, custody, or within its control, about its own allegations.

We disagree with the City's objection that this Interrogatory seeks individual proof which is "neither relevant nor admissible." The Interrogatory is relevant to the City's theory that a causal relationship exists between Defendants' actions and alleged harm to the City and individuals within the City. *See* Am. Compl. ¶¶ 528–568 (describing certain claims about red flags and "suspicious activities" relating to individual prescription opioids dispensed in the City); *see also*

*id.* ¶¶ 31, 59, 580–590 (alleging harms to individuals from opioids). Please withdraw this improper objection and supplement your responses to identify every action the City has taken to limit the abuse, misuse, diversion, supply, or availability of Opioids in City of Independence, Missouri as it affects each resident of City of Independence, Defendants' clients, and the general public.

## Interrogatory No. 8

This Interrogatory asks the City to "[f]or each Prescription Opioid (by trade name and NDC number) state whether You contend it should have been included on or excluded from formularies offered or administered by OptumRx, Inc. and Express Scripts, Inc. during the Discovery Time Period, and, if included, where on the formulary it should have been placed, including by tier."

**City's Response:** The City objected to this Interrogatory on four grounds: (1) that the Interrogatory is contention discovery more appropriately answered once discovery is complete; (2) as calling for an expert opinion that will be the subject of a fully-supported and detailed expert opinion(s); (3) that Plaintiff has not yet received adequate discovery from Defendants; and (4) as conflicting with the dates identified in the CMO.

**PBM Defendants' Responses:**

The City's objection to this Interrogatory as a contention interrogatory is improper. The City has alleged in the Amended Complaint that the PBM Defendants contributed to a public nuisance in part through by giving prescription opioids "favorable formulary placement" and "preferred" status on formularies. *See, e.g.*, Am. Compl. ¶¶ 10, 11, 20, 24, 35, 199, 262–270. In order for the PBM Defendants to understand the basis of the City's allegations and to prepare their defenses, the PBM Defendants are entitled to a response to this Interrogatory. This Interrogatory requests basic factual information, based on the City's current knowledge, regarding where (if at all) prescription opioids should be placed on formularies offered by the PBM Defendants. The Interrogatory does not call for legal conclusions. *See Andersen v. Thompson*, No. 1:22-cv-00627, 2023 WL 2987827, at *3 (N.D. Ohio Feb. 21, 2023). Please supplement your response.

The City improperly objects to the Interrogatory as calling for an expert opinion. Not so. As stated above, this Interrogatory simply asks for information to clarify and understand the City's allegation that formularies offered or provided by the PBM Defendants caused or contributed to an alleged public nuisance. The City cannot allege that the placement of opioids on a formulary contributed to a public nuisance, then refuse to respond to an interrogatory exploring this exact issue. Under the Federal Rules, the City is required to have a reasonable factual basis for every allegation in its complaint and every cause of action pleaded. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–57 (2007). While the PBM Defendants fully expect that the City may later amend or supplement this response during expert discovery (*see, e.g.*, CMO at 8 ("Plaintiff shall identify . . . the prescriptions they (and their experts) conclude cause them the harm for which they seek relief . . . .")), the PBM Defendants are entitled to a response based on the City's current knowledge or understanding. Please supplement your response.

We disagree with the City's objection that it needs adequate discovery from the PBM Defendants in order to respond to this Interrogatory. Plaintiff has access to millions of documents

in the MDL Repository, including tens of thousands of documents produced by the PBM Defendants. Moreover, this Interrogatory seeks information within the City's knowledge, including those derived from documents within the City's possession, custody or control. The City has alleged that the placement of opioids on the PBM Defendants' formularies harmed the City. The PBM Defendants are entitled to a specific response regarding those allegations. Please supplement your response.

We further disagree with the City's objection that this Interrogatory is premature under the CMO. As stated above, this Interrogatory seeks information currently known to the City and is not limited to information or materials required to be produced under the CMO.

Finally, we object to the City's complete refusal to respond to this Interrogatory.

**Interrogatory No. 9**

This Interrogatory asks the City to "identify and describe in detail" the UM criteria, rules, programs, and restriction that the City contends OptumRx, Inc. and Express Scripts, Inc. should have applied to each Prescription Opioid during the Discovery Time Period.

**City's Response:** The City objected to this Interrogatory on three grounds: (1) that the Interrogatory is contention discovery more appropriately answered once discovery is complete; (2) as calling for an expert opinion that will be the subject of a fully-supported and detailed expert opinion(s); and (3) that Plaintiff has not yet received adequate discovery from Defendants. The City also responded that the "PBMs on behalf of Plaintiff were delegated day-to-day authority and control" over the UM criteria, rules, programs and restrictions.

**PBM Defendants' Responses:**

The City's objection to this Interrogatory as a contention interrogatory is improper. The City has alleged in the Amended Complaint that the PBM Defendants' UM rules, criteria, programs, and restrictions are inadequate, and contributed to a public nuisance (amongst other causes of action) in the City. *See* Am. Compl. ¶¶ 3, 4, 224–229, 278–294, 466–486. In order for the PBM Defendants to understand the basis of the City's allegations and to prepare their defenses, the PBM Defendants are entitled to a response to this Interrogatory. This Interrogatory requests basic factual information, based on the City's current knowledge, what UM criteria, rules, programs, and restrictions which you claim throughout your original and amended complaints should have been implemented, and which again you claim PBM Defendants failed to implement because they were allegedly "conspiring" with other defendants. This Interrogatory requests basic factual information and does not in fact call for legal conclusions. *See Andersen v. Thompson*, No. 1:22-cv-00627, 2023 WL 2987827, at *3 (N.D. Ohio Feb. 21, 2023). Please confirm that you are not withholding any responsive information on the basis of this objection.

We disagree with the City's objection that this Interrogatory calls for expert opinion. Not so. The appropriateness or not of certain UM criteria is a leading theme of the City's allegation against Defendants. And Defendants are allowed to inquire about the factual basis for this allegation *See e.g.*, Am. Compl. ¶ 3 (accusing Defendants of colluding to eliminate or limit utilization management measures on national formularies that would have restricted opioid

prescribing); ¶ 4 (stating that PBM Defendants are legally responsible for their role in causing, contributing to, and maintaining the opioid epidemic because, *inter alia* they knowingly failed and/or negligently failed to offer UM protocols that would ensure safe and appropriate use of opioid medications). In fact, the City repeatedly highlighted UM programs by PBM Defendants in their amended complaints which they argued were appropriate (or inappropriate). *See* Am. Compl. ¶¶ 224–229, 278–294, 466–486.

We also disagree with the City's response that they need adequate discovery from Defendants to respond to this Interrogatory. With over 840 paragraphs of allegations, more than a third of which relate to formulary and UM policies; and discussing their adequacy and inadequacy, the City has sufficient knowledge to respond to this Interrogatory. This Interrogatory seeks information relating to the allegations in the City's own original and amended complaints and there is no reason the City would have to wait for OptumRx, Inc. and/or Express Scripts materials to disclose information in its own possession, custody, or within its control, about its own allegations.

The City's response that "PBMs on behalf of Plaintiff were delegated day-to-day authority and control" over the UM criteria, rules, programs and restrictions is an improper response to this Interrogatory. The Interrogatory is clear as it seeks information about what *the City* contends is a proper UM criteria, rule, program or restriction. Please confirm that you will supplement your response to provide a complete answer to this Interrogatory.

## Interrogatory No. 10

This Interrogatory asks the City to "identify and describe in detail the specific actions that You contend the PBM Defendants must take to abate the public nuisance alleged in the Complaint."

**City's Response:** In response to this Interrogatory, the City stated that "this Interrogatory is contention discovery more appropriately answered once discovery is complete," and that "this interrogatory [calls] for an expert opinion." The City also responded to the Interrogatory by rehashing and incorporating the factual allegations and Counts in the Amended Complaint.

### PBM Defendants' Responses:

The City's objection to this Interrogatory as contention interrogatory is improper. The City has alleged in the Amended Complaint that the PBM Defendants contributed to a public nuisance in part by failing to take certain action to abate the public nuisance so alleged in the Amended Complaint. *See, e.g.*, Am. Compl. ¶¶ 70, 735. In order for the PBM Defendants to understand the basis of the City's allegations and to prepare their defenses, the PBM Defendants are entitled to a response to this Interrogatory. This Interrogatory requests basic factual information, based on the City's current knowledge about steps, specific programs, which you claim throughout your original and amended complaints should have been implemented, and which again you claim PBM Defendants failed to do because they were allegedly "conspiring" with other defendants. This Interrogatory does not call for legal conclusions. *See Andersen v. Thompson*, No. 1:22-cv-00627, 2023 WL 2987827, at *3 (N.D. Ohio Feb. 21, 2023). Please supplement your response.

The City also improperly objects to the Interrogatory as calling for expert opinion. Defendants are entitled to seek discoverable information from the City about what specific actions they contend PBM Defendants must take to abate the public nuisance alleged in the Complaint. This Interrogatory simply asks for information to clarify and understand the City's allegation. The City cannot allege on the one hand that PBM Defendants must abate the ongoing public nuisance and on the other hand, allege that PBM Defendants do not have the infrastructure to abate the public nuisance, without saying what this abatement entails, based on current knowledge that is the factual basis for these allegations. While the PBM Defendants fully expect that the City may amend or supplement this response during expert discovery, the PBM Defendants are entitled to a response based on the City's current knowledge or understanding.

The City's incorporation of the same allegations and counts from their Amended Complaint now under examination and exploration by Defendants' interrogatories, as response to this Interrogatory is improper under the Federal Rules. The City has alleged that "Express Scripts and Optum each caused, contributed to, and maintained the opioid crisis and ***now must abate the ongoing public nuisance they created*** in communities across America." Am. Compl. ¶ 70. The City has also alleged that Defendants have the ability to "help abate the opioid epidemic if they elect[.] to use their power for good, instead of profit." *Id*. at 735. This Interrogatory simply asks the City to explain what those steps are. Please supplement your response.

**Interrogatory No. 11**

This Interrogatory asks the City to "[i]dentify how much money You received to date from manufacturers, distributors, pharmacies, and others through bankruptcy settlements or settlements of lawsuits related to Prescription Opioids, how much You are scheduled to receive in future years, how you have used or plan to use any money already received, and how You intend to use any money received in the future."

**City's Response:** In response to this Interrogatory, the City provided two web links which contain national opioid settlement documents and information; and those specific to Missouri and the City.

**PBM Defendants' Response:**

The City's response, to provide weblinks to information about the national opioid settlements and New York State's opioid settlements is deficient and not responsive to the Interrogatory, which specifically asks the City to identify specific monetary amounts that the City has received and is scheduled to receive.  Please supplement your response to this Interrogatory by providing the requested information pertaining to the City, including how much money it has received to date from opioid settlements, how much it is scheduled to receive, how it has used or plans to use the money already received, and how it intends to use any money received in the future.

## IV.  RESPONSES AND SPECIFIC OBJECTIONS TO THE REQUESTS FOR PRODUCTION

**RFP No. 1**

11

This Request asks the City to produce "[a]ll Documents referring to, relating to, or supporting Your claims or allegations against the Defendants, including all Documents used in preparing the Complaint, all Documents You provide to any testifying expert witnesses that You retain, all Documents You intend to introduce in support of any dispositive motion, and all Documents You intend to introduce at trial."

**City's Response:** The City responded to this Request by stating five objections that (1) the Request prematurely seeks expert opinion; (2) Plaintiff has not yet received adequate discovery from Defendants; (3) the Request is overly broad, unduly burdensome as it seeks "All Documents;" (4) the Request seeks information that is propriety or confidential or otherwise protected by attorney work product, attorney-client communications or other forms of privilege; and (5) the Request seeks information prior to the dates set forth in the CMO.

**PBM Defendants' Responses:**

We disagree with your objection that this Request prematurely seeks expert opinion. This Request is straightforward and clear: Defendants require the City to produce all documents referring to or supporting the City's claims in this lawsuit. Throughout the City's original and amended complaints, the City references many documents including emails, marketing materials, agreements, costs, expenses, opioid epidemic data, etc. that the City presumably gathered to prepare its complaints. These documents are not expert opinions or reports and are properly discoverable under the Federal Rules.

We also disagree with the City's objection that it is unable to respond to this Request because the City has not yet received adequate discovery from Defendants. First, the PBM Defendants have already produced tens of thousands of documents through DR-22. Moreover, as clearly stated in the Instructions to the Requests, the Request calls for documents in *the City's* possession, custody or control and, in particular, seeks documents relating to the allegations in the City's own original and amended complaints. There is no reason the City would have to wait for Defendants' materials to produce documents in its own possession about its own allegations.

We further disagree with the City's objection that this Request is overly broad and unduly burdensome because it seeks "All Documents." Per Instruction No. 12 to the Request, please explain why you believe that responding would be overly burdensome. We are also prepared to meet and confer about search terms and custodians that will provide results of documents responsive to this Request.

The City's objection that this Request seeks proprietary or confidential or otherwise protected attorney work product or attorney client communications is improper. First, proprietary and confidential information are properly discoverable in this litigation under the terms of the Protective Order in this case. *See* Dkt. No. 4028. Second, documents that form the basis for the City's allegations are not privileged.

We also disagree with the City's objection to this Request about the timeline for disclosure of this information. This is not a proper objection under the Federal Rules. The requested information is relevant to the factual basis for the City's allegations in their Complaint.

We understand from your responses that the City will search for and will not withhold non-privileged documents responsive to these Requests. However, Defendants requests to meet and confer regarding the search terms and custodian list to be used for the purposes of this Request.

## RFP No. 2

This Request asks the City to produce "[a]ll Documents relating to Your calculation of the monetary relief You seek (whether damages, abatement, or otherwise), including all Documents that describe, refer, evidence, or relate to any cost, expenditure, damage, loss, or harm for which You seek monetary relief, including any analysis or computation of the amount of such cost, expenditure, damage, loss, or harm or the inputs into any such analysis or computation. This request includes all annual and periodic budgets, draft budgets, budget proposals, financial statements, financial audit reports, and records of costs and expenditures for You and for each of Your departments, agencies, and other constituent entities that have incurred costs for which you seek monetary relief."

**City's Response:** The City responded to this Request by stating four objections that (1) the Request prematurely seeks expert opinion; (2) the Request is a compound Request; (3) the Request is overly broad, unduly burdensome as it seeks "All Documents;" (4) the Request seeks information that is not within the City's possession, custody, or control, or which purports to require a response by Plaintiff on behalf of an entity or individual other than Plaintiff. The City also responded that it will produce the City's annual financial reports and the annual approved budget maintained in the ordinary course of business and that could be located following a reasonable diligent search as are within Plaintiff's possession, custody, or control.

**PBM Defendants' Responses:**

We disagree with your objection that this Request prematurely seeks expert opinion. This Request is straightforward and clear: Defendants require the City to produce all documents that relate to the City's calculation of the monetary relief it seeks including those that describe the City's expenditure, damage, loss, or harm, etc. The Request also provides sufficient examples of the types of documents responsive to this Request including those within the City's departments, agencies, other constituent entities, and in the possession, custody or control of its employees. These documents are not expert opinions or reports and are properly discoverable under the Federal Rules.

The City's compound objection to this Request is unsupported and improper under the Federal Rules. The documents that "[t]his request includes" are provided as examples of "Documents relating to Your calculation of the monetary relief You seek."

We also disagree with the City's objection that this Request is overly broad and unduly burdensome because it seeks "All Documents." *Per* Instruction No. 12 to the Request, please explain why you believe that responding would be overly burdensome. We are also prepared to meet and confer about search terms and custodians that will provide results of documents responsive to this Request.

13

The City's objection that this Request seeks information that is not within its possession, custody, or control because they may "require a response by Plaintiff on behalf of an entity or individual other than Plaintiff" is improper. To the extent that the City seeks monetary relief for costs, damages, or expenditures incurred by any of these departments or agencies which altogether they represent as a public entity in this lawsuit, the City must provide such document or strike any allegations relating to the actions of these departments or agencies from the Complaint. Further, to the extent that the City has access to documents responsive to this Request from other entities, agencies, or departments directly or based on other authority, such documents are within the City's possession, custody or *control* and must be produced immediately.

We understand from your responses that the City will produce its annual financial statements and annual approved budget. Please confirm that the City will produce historical data for all of these documents. However, Defendants request to meet and confer regarding search terms and custodians to be used for the purposes of this Request. Please also confirm that the City will produce periodic budgets, draft budgets, budget proposals, financial statements, records of costs and expenditures for the City, audit reports; and all the other records for each and every of its departments, agencies, and other constituent entities.

## RFP No. 3

This Request asks the City to produce "[a]ll Documents relating to grants, disbursements, donations, charitable giving, bequests, judgments, settlements, or any other funds received by You, or that You anticipate receiving in the future, related to Opioids, Prescription Opioids, MAT Drugs, Illicit Drugs, or any other substance, including alcohol. This request includes Documents that describe how You used or intend to use the funds you have received or that you anticipate receiving in the future."

**City's Response:** The City responded to this Request by stating three objections that (1) the Request is a compound; (2) the Request is overly broad, unduly burdensome in that it seeks all documents; (3) it seeks information that is not within Plaintiff's possession, custody or control. The City also refused to produce any documents related to any other substance or alcohol "absent a showing of relevance" and even with such a showing, self-evaluate the burden of producing the documents. The City further responded to the Request by referring Defendants to two weblinks information about the national opioid settlements and New York State's opioid settlements and agreeing to produce responsive grants, annual financial statements and annual approved budgets within the City's possession, custody, or control.

**PBM Defendants' Responses:**

The City's compound objection to this Request is unsupported and improper under the Federal Rules. The documents that "[t]his request includes" are provided as examples of "Documents relating to . . . funds received by You, or that You anticipate receiving in the future," as described in the Request. To the extent the City finds this Request ambiguous in anyway, *per* Instruction No. 9 to the Requests, please explain how the City has interpreted this Request in providing its objections and answers.

14

We also disagree with the City's objection that this Request is overly broad and unduly burdensome because it seeks "All Documents." Per Instruction No. 12 to the Request, please explain why you believe that responding would be overly burdensome. We are also prepared to meet and confer about search terms and custodians that will provide results of documents responsive to this Request.

The City's objection that this Request seeks information that is not within its possession, custody, or control because they may "require a response by Plaintiff on behalf of an entity or individual other than Plaintiff" is improper. The Request relates to funds the City itself has received or intends to receive; it is specifically directed at the City and presumes that documents related to the City's funds would be in the City's possession. To the extent that the City has access to documents responsive to this Request from other entities, agencies, or departments directly or based on other authority, such documents are also within the City's possession, custody or *control* and must be produced immediately.

This Request is directed at the City and funds it has received through a variety of channels, including settlement. Weblinks to national and state opioid settlement data are not sufficient responses to requests for production of documents from the City related to the City's receipt of settlement funds. Please produce financial records, correspondence, and contracts or agreements responsive to this Request,  including documents that reflect how much the City is scheduled to receive, how the City has used or plan to use the money already received, and how the City intends to use any money received in the future.

The City's categorical refusal to produce any documents related to any other substance or alcohol "absent a showing of relevance" and even with such a showing, self-evaluate the burden of producing the documents is improper. We ask therefore that the City immediately produce all documents responsive to this Request, including documents related to Opioids, Prescription Opioids, MAT Drugs, Illicit Drugs and other substances, including alcohol. We are prepared to meet and confer on search terms and custodians to provide targeted results to this Request.

## RFP No. 4

This Request asks the City to produce "[a]ll Documents that describe, analyze, or refer to the impact of the use, misuse, or abuse of Opioids on Plaintiff City of Independence, Missouri, including any harm suffered by any individuals residing within the City of Independence, Missouri, that You attribute, in whole or in part, to the use, misuse, or abuse of Opioids or Prescription Opioids."

**City's Response:** The City responded to this Request by stating five objections that the Request (1) is overly broad, unduly burdensome as it seeks "All Documents;" (2) prematurely seeks expert opinion; (3) seeks information that is not within the City's possession, custody, or control; (4) seeks individual proof of matters that are neither relevant nor admissible; (5) seeks information regarding open law enforcement matters. The City further responded to this Request by sharing 14 weblinks to arguably relevant information.

**PBM Defendants' Responses:**

15

We disagree with the City's objection that this Request is overly broad and unduly burdensome because it seeks "All Documents." *Per* Instruction No. 12 to the Request, please explain why you believe that responding would be overly burdensome. We are also prepared to meet and confer about search terms and custodians that will provide results of documents responsive to this Request.

We also disagree with your objection that this Request prematurely seeks expert opinion. This Request is straightforward and clear: Defendants require the City to produce all documents that describe or refer to the impact of the use, misuse, or abuse of Opioids in the City; such impact which is the crux of this litigation. We expect that many documents within your possession, custody, or control exist that are responsive to this Request, such as mortality data, overdose statistics, opioid-related crime data, opioid-related hospitalization data, Community Profiles, threat assessments, and public health reports, to name a few. These documents are not expert opinions or reports and are properly discoverable under the Federal Rules. Please identify any responsive documents or state that the City has no such documents in its possession, custody, or control.

Please define what you mean by aggregate proof or statistical evidence.

We disagree with the City's objection that this Request seeks individualized proof which is "neither relevant nor admissible." The Request is relevant to the City's theory that a causal relationship exists between Defendants' actions and alleged harm to the City and individuals within in the City. In the Amended Complaint, for example the City made several references to the damages suffered by the individual members of your City. *See* Am. Compl. ¶¶ 530–569 (describing certain claims about red flags and "suspicious activities" relating to individual prescription opioids dispensed in the City); *see also id*. ¶¶ 31, 59, 580–590 (alleging harms to individuals from opioids). As the City also points out, different individuals had different forms of access to Illicit Drugs or Prescription Opioids, and became addicted to different types of Illicit Drugs or Prescription Opioids through different methods. Defendants' experts, at a minimum, need this discovery information to analyze Defendants' theory of defense for example to the City's negligence claims, that Defendants' actions did not cause in fact, proximately cause, or contribute to the opioid epidemic. Please withdraw this objection and confirm that you will supplement your responses to identify responsive documents to this Request or state that the City has no such documents in its possession, custody, or control.

We are prepared to meet and confer about search terms that will provide results responsive to this Request.

## RFP No. 5

This Request asks the City to produce "[a]ll Documents constituting or relating to any communications between You and any federal, state, or local official or agency (including but not limited to, the DEA, the Federal Bureau of Investigation, a United States Attorney or representative thereof, Your State Department of Health (and its constituent providers), State Boards of Registration (and any constituent boards), Your Coroner/Medical Examiner's Office, other cities, counties, or agencies in Your State, or any city, City, or agency of any other State), insurer, third-

party administrator, or pharmacy benefit manager that refer or relate to claimed Suspicious Orders or suspicious Opioid prescriptions, diversion, improper or excessive dispensing, improper prescribing, unlawful sale, or other suspected wrongdoing relating to Prescription Opioids, or the possession, abuse, illegal sale, or addiction to other Opioids."

**City's Response:** The City responded to this Request by stating five objections that (1) the Request is overly broad and unduly burdensome in that it seeks "All Documents;" (2) the words "Suspicious Orders" and "suspicious opioid prescriptions" are undefined; (3) the Request seeks documents or information that are equally or more readily available from sources other than Plaintiff and/or can be obtained from other sources that are more convenient, less burdensome and less expensive; (4) the Request seeks documents or information that are in Defendants' possession, custody, or control; and (5) the Request seeks information regarding open law enforcement matters. The City further responded that it is not in possession of any documents related to Suspicious Orders or suspicious prescriptions because it is not a function of City government but are willing to meet and confer to better understand the scope of this Request.

**PBM Defendants' Responses:**

We disagree with the City's objection that this Request is overly broad and unduly burdensome because it seeks "All Documents." Per Instruction No. 12 to the Request, please explain why you believe that responding would be overly burdensome. We are also prepared to meet and confer about search terms and custodians that will provide results of documents responsive to this Request.

We also disagree with the City's objections that this Request does not define Suspicious Orders and suspicious opioid prescriptions. Both terms are directly sourced from the City's own original and amended complaints. *See e.g.* Compl. at p.9, ¶¶ 233–240, 611–643 644–665; Am. Compl. ¶¶ 530–555 (describing certain claims about red flags and "suspicious activities" relating to individual prescription opioids dispensed in the City).

The City's objection that the Request seeks documents or information that are equally or more readily available from sources other than Plaintiff and/or can be obtained from other sources that are more convenient, less burdensome and less expensive; is improper. The City has not specified which documents or information it contends are in Defendants' possession. Defendants have asked about documents reflecting *communications between the City* and all of these entities. These documents are within the City's possession, custody, or control, and mere convenience/less expensive is not a valid objection under the Federal Rules. Please confirm that the City will provide all responsive documents to this Request or state that no such communications happened or exist. We are also prepared to meet and confer about search terms and custodians that will provide results of documents responsive to this Request.

We are prepared to meet and confer about search terms that will provide results responsive to this Request.

**RFP No. 6**

This Request asks the City to produce "[a]ll Documents constituting or relating to any communications between You and any State Attorneys General, the National Association of Attorneys General, the Republican Attorneys General Association, or the Democratic Attorneys General Association that refer or relate to any alleged activity by pharmacy benefit managers related to Prescription Opioids."

**City's Response:** The City responded to this Request by stating that (1) the Request is overly broad and unduly burdensome because it seeks "All Documents," and (2) it seeks information protected by the common interest privilege. The City indicated however that it would produce non-privileged documents after a reasonable search after running agreed upon search terms within custodial files.

**PBM Defendants' Responses:**

We disagree with the City's objection that this Request is overly broad and unduly burdensome because it seeks "All Documents." Per Instruction No. 12 to the Request, please explain why you believe that responding would be overly burdensome. We are also prepared to meet and confer about search terms and custodians that will provide results of documents responsive to this Request.

Please state the basis for your assertion of common interest privilege.

We understand from your responses that the City will search for and will not withhold non-privileged documents responsive to these Requests. However, Defendants requests to meet and confer regarding the search terms and custodian list to be used for the purposes of this Request.

## RFP No. 7

This Request asks the City to produce "[a]ll minutes, agendas, notes, records, and transcripts, including audio or visual recordings, of or from any public or non-public meeting concerning public health, public safety, Prescription Opioids, Opioids, any prescription drug monitoring program, Illicit Drugs, or Your budgets."

**City's Response:** In response to this Request, the City objected to the Request as overly broad and unduly burdensome in that it seeks "All" minutes, agenda, notes, etc. but responded that the City will produce City of Independence Council minutes, worksheets, etc. regarding opioids following a diligent search.

**PBM Defendants' Responses:**

We disagree with the City's objection that this Request is overly broad and unduly burdensome because it seeks "All" minutes, agendas, notes, transcripts, etc. concerning public health, public safety, Prescription Opioids, Opioids, any PDMP, Illicit Drugs, or the City's budgets. *Per* Instruction No. 12 to the Request, please explain why you believe that responding would be overly burdensome. We are also prepared to meet and confer about search terms and custodians that will provide targeted results of documents responsive to this Request.

18

We understand from your responses that the City will search for and will not withhold non-privileged documents responsive to this Request. However, Defendants request to meet and confer regarding the search parameters to be used for the purposes of this Request.

**RFP No. 8**

This Request asks the City to produce "[a]ll Documents relating to any wrongful conduct or illegal activity related to Opioids by any Persons in the City of Independence, Missouri, during the Discovery Time Period, including Documents relating to suspected, charged, alleged, or proven violations of state or federal law or regulations; law enforcement or administrative investigations; and prosecutions, enforcement actions, or other legal proceedings."

**City's Response:** The City responded to this Request by stating four objections that (1) the Request is overly broad and unduly burdensome in that it seeks "All Documents;" (2) the Request seeks documents or information that are equally or more readily available from sources other than Plaintiff and/or can be obtained from other sources that are more convenient, less burdensome and less expensive; (3) the Request seeks documents or information that are in Defendants' possession, custody, or control; and (4) the Request seeks information regarding open law enforcement matters. The City further responded that it will meet and confer with Defendants on the production of a "sampling of non-privileged documents regarding closed arrests related to Opioids" located following a reasonable diligent search.

**PBM Defendants' Responses:**

We disagree with the City's objection that this Request is overly broad and unduly burdensome because it seeks "All Documents." Per Instruction No. 12 to the Request, please explain why you believe that responding would be overly burdensome. We are also prepared to meet and confer about search terms and custodians that will provide results of documents responsive to this Request.

The City's objection that the Request seeks documents or information that are equally or more readily available from sources other than Plaintiff and/or can be obtained from other sources that are more convenient, less burdensome and less expensive; is improper. The City has not specified which documents or information it contends are in Defendants' possession. Defendants have asked about documents relating to key allegations in the City's original and amended complaints including the rise in wrongful conduct and illegal activity related to Opioids, etc. All of these documents are within the City's possession, custody, or control, and mere convenience/less expensive is not a valid objection under the Federal Rules. Please confirm that the City will provide all responsive documents to this Request or state that no such communications happened or exist. We are also prepared to meet and confer about search terms and custodians that will provide results of documents responsive to this Request.

We are prepared to meet and confer about search terms that will provide results responsive to this Request.

Regarding your offer to meet and confer with counsel to agree on the production of a sampling of non-privileged documents regarding closed arrests, we propose as follows: (1) the

parties may meet and confer about search terms and custodians for the production of *all* relevant closed arrests; and (2) meet and confer about a sampling of non-privileged ongoing arrests, prosecutions, enforcement actions, or other legal proceedings.

**RFP No. 9**

This Request asks the City to produce "[a]ll Documents relating to insurance coverage of Prescription Opioids in any health plan or pharmacy benefit plan You provided, offered, or sponsored during the Discovery Time Period, including benefits, coverage, formularies, rebates, restrictions, utilization management, and clinical programs relating to Prescription Opioids."

**City's Response:** The City responded to this Request by stating five objections that (1) the Request is unreasonably burdensome and not proportional to the needs of the case for requesting personal medical files or relating to individuals; (2) the Request seek irrelevant and inadmissible individualized prescription information; (3) the Request is overly broad and unduly burdensome in that it seeks "All Documents;" (4) the Request seeks documents or information that are equally or more readily available from sources other than Plaintiff and/or can be obtained from other sources that are more convenient, less burdensome and less expensive; and (5) the Request seeks documents or information that are in Defendants' possession, custody, or control.

**PBM Defendants' Responses:**

The City's objection that this Request is unduly burdensome and not proportional to the needs of the case is improper. *First*, the City has not identified how many and what kind of document they need to search, where those documents are located, and the time and cost required to search for those documents. *Second*, contrary to the City's objection, this Request does not request personal medical files of individuals. *Third*, this Request is relevant and proportional to the needs of the case because the City seeks to recover reimbursements for its "[l]osses caused by purchasing and/or paying reimbursements for the Formulary & UM Enterprise Defendants' prescription opioids, that Plaintiff would not have paid for or purchased but for the Formulary & UM Enterprise Defendants' conduct." Am. Compl. ¶ 801 (a). Moreover, the protective order in this litigation, including necessary redaction of confidential individual identifiable information, protects the privacy interests of any individual resident. Therefore, please confirm that you will produce all responsive documents in your possession, custody, or control.

We disagree with the City's objection that this Request seeks individualized proof which is "neither relevant nor admissible." The Request is relevant to the City's theory that a causal relationship exists between Defendants' actions and alleged harm to the City and individuals within the City. *See* Am. Compl. ¶¶ 530–569 (describing certain claims about red flags and "suspicious activities" relating to individual prescription opioids dispensed in the City); *see also id.* ¶¶ 31, 59, 580–590 (alleging harms to individuals from opioids). It is also relevant for the assessment of individual cases of reimbursement based on the health plans that the City sponsored or provided to its employees. Please withdraw this objection and confirm that the City will provide all responsive documents to this Request in its possession, custody, or control. We are prepared to meet and confer about search terms that will provide results responsive to this Request.

We also disagree with the City's objection that this Request is overly broad and unduly burdensome because it seeks "All Documents." Per Instruction No. 12 to the Request, please explain why you believe that responding would be overly burdensome. We are also prepared to meet and confer about search terms and custodians that will provide results of documents responsive to this Request.

The rest of the City's objection that the Request seeks documents or information that are equally or more readily available from sources other than Plaintiff and/or can be obtained from other sources that are more convenient, less burdensome, and less expensive is improper. Defendants have asked about documents relating to insurance coverage for Prescription Opioids in any health plan or pharmacy benefit plan that *the City provided, offered or sponsored*. This includes internal City communications and documents relating to such insurance coverage and health plans. These documents are within the City's possession, custody, or control, and mere convenience/less expensive is not a valid objection under the Federal Rules. To the extent there are third parties with whom the City has contracted for insurance, health plan or pharmacy benefit plan coverage, the City as party to that contract has *control* of the document. Please confirm that the City will provide all responsive documents to this Request or state that no such communications happened or exist.  We are also prepared to meet and confer about search terms and custodians that will provide results of documents responsive to this Request.

## RFP No. 10

This Request asks the City to produce "[d]ata (at the transactional level where available) reflecting every Prescription Opioid dispensed to a member or beneficiary of any health plan or pharmacy benefit plan You provided, offered, or sponsored during the Discovery Time Period and reflecting all rebates, fees, or other monies You received in connection with those Prescription Opioids."

**City's Response:** The City responded to this Request by stating four objections that (1) the Request is unreasonably burdensome and not proportional to the needs of the case for requesting personal medical files or relating to individuals; (2) the Request seek irrelevant and inadmissible individualized prescription information; (3) the Request seeks documents or information that are equally or more readily available from sources other than Plaintiff and/or can be obtained from other sources that are more convenient, less burdensome and less expensive; and (4) the Request seeks documents or information that are in Defendants' possession, custody, or control.

**PBM Defendants' Responses:**

The City's objection that this Request is unduly burdensome and not proportional to the needs of the case is improper. *First*, the City has not identified how many and what kind of document they need to search, where those documents are located, and the time and cost required to search for those documents. *Second*, contrary to the City's objection, this Request does not request personal medical files of individuals. *Third*, this Request is relevant and proportional to the needs of the case because the City seeks to recover reimbursements for its "[l]osses caused by purchasing and/or paying reimbursements for the Formulary & UM Enterprise Defendants'

prescription opioids, that Plaintiff would not have paid for or purchased but for the Formulary & UM Enterprise Defendants' conduct." Am. Compl. ¶ 801 (a). Moreover, the protective order in this litigation, including necessary redaction of confidential individual identifiable information, protects the privacy interests of any individual resident. Therefore, please confirm that you will produce all responsive documents in your possession, custody, or control.

We disagree with the City's objection that this Request seeks individualized proof which is "neither relevant nor admissible." The Request is relevant to the City's theory that a causal relationship exists between Defendants' actions and alleged harm to the City and individuals living in the City. *See* Am. Compl. ¶¶ 530–569 (describing certain claims about red flags and "suspicious activities" relating to individual prescription opioids dispensed in the City); *see also id.* ¶¶ 31, 59, 580–590 (alleging harms to individuals from opioids). Please withdraw this objection and supplement your responses to identify responsive documents to this Request or state that the City has no such documents in its possession, custody, or control.

We also disagree with the City's objection that this Request is overly broad and unduly burdensome because it seeks "Data." Per Instruction No. 12 to the Request, please explain why you believe that responding would be overly burdensome. We are also prepared to meet and confer about search terms and custodians that will provide results of documents responsive to this Request.

The rest of the City's objection that the Request seeks documents or information that are equally or more readily available from sources other than Plaintiff and/or can be obtained from other sources that are more convenient, less burdensome, and less expensive is improper. Defendants have asked about documents relating to data on a transactional level (where available) reflecting every Prescription Opioid dispensed to a member or beneficiary of any health plan or pharmacy benefit plan that *the City provided, offered or sponsored* and reflecting all rebates, fees, or other monies the City received with those Prescription Opioids. These documents are within the City's possession, custody, or control, and mere convenience/less expensive is not a valid objection under the Federal Rules. As the City knows, these health plans and pharmacy benefit plans provide this type of information periodically to plan sponsors. A copy is always shared with the plan sponsor, here, the City for example. To the extent there are third parties with whom the City has contracted for insurance, health plan or pharmacy benefit plan coverage, the City as party to that contract has *control* of the document. Please confirm that the City will provide all responsive documents to this Request or state that no such communications happened or exist.  We are also prepared to meet and confer about search terms and custodians that will provide results of documents responsive to this Request.

## RFP No. 11

This Request asks the City to produce "[a]ll Documents constituting or relating to any contracts, negotiations, communications, or transactions between You (or any consultant, broker, or other third-party acting on Your behalf) and any health care insurer, health plan, workers' compensation provider, government payor (such as Medicare or Medicaid), third-party administrator, or pharmacy benefit manager relating to the provision of health insurance, health

benefits, formulary management services, or utilization management services to Your employees or any person in the City of Independence, Missouri, during the Discovery Time Period."

**City's Response:** The City responded to this Request by stating three objections that (1) the Request is overbroad and unreasonably burdensome in that it seeks "All Documents" and "Data"; (2) the Request seeks documents or information that are equally or more readily available from sources other than Plaintiff and/or can be obtained from other sources that are more convenient, less burdensome and less expensive; and (3) the Request seeks documents or information that are in Defendants' possession, custody, or control. The City further responds that it will produce non-privileged documents maintained in the ordinary course of business after running agreed upon search terms within custodial files.

**PBM Defendants' Responses:**

We disagree with the City's objection that this Request is overly broad and unduly burdensome because it seeks "All Documents" and "Data." *Per* Instruction No. 12 to the Request, please explain why you believe that responding would be overly burdensome. We are also prepared to meet and confer about search terms and custodians that will provide results of documents responsive to this Request.

The City's objection that the Request seeks documents or information that are equally or more readily available from sources other than Plaintiff and/or can be obtained from other sources that are more convenient, less burdensome, and less expensive is improper. The City has not specified which documents or information it contends are in Defendants' possession. All of these documents are within the City's possession, custody, or control, and mere convenience/less expensive is not a valid objection under the Federal Rules. Please confirm that the City will provide all responsive documents to this Request or state that no such communications happened or exist. We are also prepared to meet and confer about search terms and custodians that will provide results of documents responsive to this Request.

We understand from your responses that the City will search for and will not withhold non-privileged documents responsive to these Requests. However, Defendants request to meet and confer regarding the search terms and custodian list to be used for the purposes of this Request.

## RFP No. 12

This Request asks the City to produce "[a]ll Documents relating to the overdose of any individual as a result of any Illicit Drug, Opioid, or Prescription Opioid in City of Independence, Missouri, during the Discovery Time Period, including reports and records from any health care provider, medical examiner, coroner, forensic pathologist, toxicologist, or law enforcement agency related to the circumstances of each overdose event, reflecting the medical condition of any individual who experienced the overdose event, or showing a claimed connection between any Defendant and the overdose event. For any overdose of Illicit Drugs, Opioids, or Prescription Opioids in the City of Independence, Missouri, during the Discovery Time Period for which there are no Documents showing a connection between any Defendant and the overdose, You must so state."

**City's Response:** The City responded to this Request by objecting to the Request as: (1) overly broad and unduly burdensome in that it seeks "All Documents;" (2) seeking overdose information regarding individuals; (3) requiring confidential information protected by applicable privacy statutes; (4) imposing an unreasonable cost on the City and would cause substantial harm to the strong privacy interests held by the individuals whose private medical files are the subject of the Request; (5) seeking irrelevant and inadmissible individualized prescription information; (6) seeking documents or information that are equally or more readily available from sources other than Plaintiff and/or can be obtained from other sources that are more convenient, less burdensome and less expensive; (7) the Request seeks documents or information that are in Defendants' possession, custody, or control; and (8) the Request prematurely seeks expert opinions. Notwithstanding these objections, the City stated that it would produce non-privileged documents maintained in the ordinary course of business after diligent search of custodial files.

**PBM Defendants' Responses:**

We disagree with the City's objection that this Request is overly broad and unduly burdensome because it seeks "All Documents" and "Data." Per Instruction No. 12 to the Request, please explain why you believe that responding would be overly burdensome. We are also prepared to meet and confer about search terms and custodians that will provide results of documents responsive to this Request.

We also disagree with the City's objection to this Request because it seeks information regarding individuals. The Request is relevant because it seeks discovery information relating to the City's claim about the causes of overdose and overdose deaths within the City, and the injuries caused to the City as a result of having to provide individualized services to its residents; e.g. housing, provision of family expenses, increase in workers' compensation insurance, etc. Please confirm that you will supplement your responses to identify responsive documents to this Request or state that the City has no such documents in its possession, custody, or control.

We further disagree with the City's objection that this Request imposes an unreasonable cost on the City and would cause substantial harm to the strong privacy interests held by the individuals whose private medical files are the subject of the Request. While on the one hand the City has not shown the unreasonableness in the cost of searching for and producing responsive documents, on the other hand, the protective order in this litigation, including necessary redaction of confidential individual identifiable information, protects the privacy interests of any individual resident. Therefore, please confirm that you will product all responsive documents in your possession, custody, or control.

The City's objection that the Request seeks documents or information that are equally or more readily available from sources other than Plaintiff and/or can be obtained from other sources that are more convenient, less burdensome, and less expensive is improper. All of these documents are within the City's possession, custody, or control, and mere convenience/less expensive is not a valid objection under the Federal Rules. Please confirm that the City will provide all responsive documents to this Request or state that no such communications happened or exist. We are also prepared to meet and confer about search terms and custodians that will provide results of documents responsive to this Request.

We understand from your responses that the City will search for and will not withhold non-privileged documents responsive to this Request. However, Defendants requests to meet and confer regarding the search terms and custodian list to be used for the purposes of this Request.

*       *       *

Finally, the City committed to supplement its responses to Interrogatories, produce additional documents responsive to certain Requests for Production, and provide all non-privileged documents in response to certain Requests. Please provide that material and information, and address the deficiencies in the responses listed above, by March 16, 2024, or at least provide us with dates when you anticipate completing those commitments and requests.

Regarding the temporal scope of many of your responses to Interrogatories and Requests for Production, we have observed that Your responses date back to 2006, which is inconsistent with Plaintiff's request that Defendants produce information dating back to 1996.

Defendants are prepared to meet and confer regarding any of these issues.


Sincerely,

*/s/ Olga Vieira*
Olga Vieira


CC:    Plaintiff's Counsel