# EXHIBIT 15

**quinn emanuel** trial lawyers | washington, dc

2601 South Bayshore Dr., Suite 1550, Miami, FL 33133 | TEL (305) 402-4880 FAX (305) 901-2975

WRITER'S DIRECT DIAL NO.
**(786) 850-3615**

WRITER'S EMAIL ADDRESS
**olgavieira@quinnemanuel.com**

March 12, 2024

VIA EMAIL
joanne@cicalapllc.com
shelbi@cicalapllc.com
josh@cicalapllc.com
johan@cicalapllc.com
jgarvey@stranchlaw.com
PBM@listserv.motleyrice.com
mdl2804discovery@motleyrice.com

Re:     *In re: National Prescription Opiate Litigation*, MDL No. 2804
        *City of Independence, Missouri v. Williams*, No. 19-op-45371 (Track 14)

Counsel,

We write to follow up on our meet-and-confer call on Friday, March 8, 2024. During the conference we discussed the City of Independence's ("Plaintiff" or "the City") responses to PBM Defendants' First Set of Interrogatories and First Set of Requests for Production. As a general matter, the discussion and agreements described below also apply to Lincoln County, though we will address Lincoln County in a separate letter.

### PBM Defendants' Interrogatories to Plaintiff

The conversation began with a discussion of PBM Defendants' March 6, 2024 deficiency letters regarding Plaintiff's Responses to PBM Defendants' First Set of Interrogatories. We discussed the specific Interrogatories and Responses as follows:

**Interrogatory No. 1**: In response to this Interrogatory, Plaintiff provided a list of individuals, their current job titles, and a stock response regarding the subject matter of their knowledge: "Knowledge of the opioid crisis relative to their respective City departments(s)." You confirmed that references to "City" refer to the City of Independence. PBM Defendants requested that Plaintiff supplement these responses to provide greater specificity with respect to the knowledge or information each individual possesses, and you agreed **to supplement your Responses** as necessary.

PBM Defendants inquired as to whether all employees listed are current employees of the City. You confirmed that the employees listed are all current. PBM Defendants followed up by

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON |
06817-00085/14772402.1 LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE COUNTY |
SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

asking whether any former employees are responsive to the Interrogatory. You confirmed that the lack of inclusion of former employees does not mean that there are no former employees who are responsive. You are continuing to investigate the matter and agreed **to supplement your Responses** prior to the meet and confer regarding custodians scheduled for Wednesday, March 13, 2024.

In your Responses to Interrogatory No. 1, Plaintiff also incorporated by reference any individuals or entities disclosed in any party's discovery responses. PBM Defendants asked for clarification regarding what documents Plaintiff incorporated by reference in these Responses. You confirmed that your client would consider providing more specific information as to where the names would be located.

**Interrogatory No. 2**: Plaintiff's responses to this Interrogatory consisted of a list of City departments. PBM Defendants asked whether the list was of current, past, or a mixture of current and past departments. You confirmed that it is a list of present departments, and that this information will be included if and when Plaintiff supplements its responses. You also agreed **to clarify whether your client will identify any past departments that are responsive** to this request prior to the meet and confer regarding custodians.

**Interrogatory No. 4**: In response to this Interrogatory, the City provided the names of certain PBMs, Insurers, and TPAs from 2006 to the present. PBM Defendants confirmed that they are interested in understanding the names of health plans, PBMs, and networks. You confirmed that your client will provide health plan names, and that your client will provide pharmacy network details if it is available.

**Interrogatory No. 9**: Plaintiff made several objections to Interrogatory No. 9 and stated that it delegates day-to-day authority and control over the UM criteria, rules, programs and restrictions to PBMs. After some initial discussion regarding what this Interrogatory requested, PBM Defendants clarified that they were trying to understand the basis for the allegations made in the complaint. You confirmed that **documents undergirding the allegations will be provided** and that there will expert testimony on this issue as well.

**Interrogatory No. 11**: In response to this Interrogatory, Plaintiff provided publicly available information regarding how much money Plaintiff has received in opioid settlements. PBM Defendants clarified that they are also seeking information, including from receipts and other documents, regarding how the money has and will be used. You confirmed that your client plans on supplementing their Responses to this Interrogatory as discovery progresses with information about plans for the use of the funds and information regarding past spending.

The conversation then turned to Interrogatories Nos. 5, 6, and 7.

**Interrogatory No. 5:** In response to this Interrogatory, Plaintiff identified insurance brokers but did not provide information regarding who from the City engaged and worked with those individuals. You agreed **to supplement this information**.

**Interrogatory No. 6**: This Interrogatory requested that Plaintiff identify actions it had taken to limit abuse and divergent supply of opioids. In response to this Interrogatory, Plaintiff

2

stated that it hired PBMs to deal with this issue. PBM Defendants confirmed that they need to know of any other actions taken, and you agreed **to supplement your Responses**.

**Interrogatory No. 7**: This Interrogatory requested information regarding opioid prescriptions that Plaintiff contends were improper. PBM Defendants asked you to confirm that your clients' position is that they do not have factual information responsive to this Interrogatory. You responded that this information is covered by the CMO and that any responsive information will be provided according to the timeline set forth in the CMO.

### PBM Defendants' Requests for Production to Plaintiff

The parties also discussed PBM Defendants' March 6, 2024 deficiency letter regarding the City's Responses to PBM Defendants' First Set of Requests for Production. We discussed the specific Requests and Responses as follows:

**Request No. 2**: This Requests asks for documents relating to or supporting the City's calculation of monetary relief and specifically "each of Your departments, agencies, and other constituent entities that have incurred costs for which you seek monetary relief." PBM Defendants requested that the City verify the full list of departments, agencies, and other entities relevant to this Request, and you agreed to reach out to your client to confirm that the list provided is complete, and **to supplement your Response** as necessary.

**Request No. 3**: This Request asks for documents relating to funds the City received or will receive related to Opioids, Prescription Opioids, MAT Drugs, Illicit Drugs, or any other substances, including how such funds were expended. You agreed to produce all documents relevant to this Request and **to supplement your Response** to reflect that agreement.

**Request No. 4**: This Request asks for documents relating to opioid abuse in the City and related harms. You agreed to produce all documents responsive to this Request and **to supplement your Response** to reflect that agreement.

**Request No. 5**: This Request asks for communications between the City and any federal, state, or local official or agency that "refer or relate to claimed Suspicious Orders or suspicious Opioid prescriptions," among other topics. We clarified that the terms "Suspicious Orders" and "suspicious Opioid prescriptions" reference the same terms included in the City's complaints and hold the same meaning as they do in the complaints. You represented that the City is not withholding any documents on the basis of its objections to this Request. You also represented that the City does not have any objections relating to the scope of this Request.

**Request No. 6**: This Request asks for certain communications between the City and "any State Attorneys General, the National Association of Attorneys General, the Republican Attorneys General Association, or the Democratic Attorneys General Association." The City objected to this Request on the basis of the common interest privilege. However, you confirmed that the City's assertion of the common interest privilege is out of an abundance of caution and that the City is not withholding any documents on this basis in response to this Request.

**Request No. 7**: This Request asks for certain documents from any public or non-public meeting concerning public health, public safety, Prescription Opioids, Opioids, any prescription

3

drug monitoring program, Illicit Drugs, or the City's budgets. You agreed to search all custodial and non-custodial documents—including both electronic and paper files—for responsive documents.

**Request No. 8**: This Request asks for documents relating to any wrongful conduct or illegal activity related to Opioids by any Persons in the City of Independence, Missouri, during the Discovery Time Period. We confirmed our position that PBM Defendants are entitled to all relevant closed arrests and investigations, not just a sampling. You agreed to confer with your client about providing all relevant documents, and **to supplement your Response** accordingly.

**Request No. 9**: This Request asks for documents relating to the City's insurance coverage of Prescription Opioids in any of its own health plans or pharmacy benefit plans. You agreed to produce all relevant documents.

**Request No. 11**: This Request asks for documents relating to contracts, negotiations, communications, or transactions between the City and certain healthcare-related entities. You agreed to produce all relevant documents after a reasonable search of all custodial and non-custodial files.

**Request No. 12**: This Request asks for certain documents relating to the overdose of any individual as a result of any Illicit Drug, Opioid, or Prescription Opioid in the City of Independence, Missouri. In response, the City raised certain privacy concerns. We noted that the MDL Protective Order should address any privacy concerns related to the disclosure of confidential information, and that HIPAA does not protect the confidential medical information of deceased individuals. You agreed to confer with your client to understand the nature of the privacy interests and concerns at issue, and for the parties to then meet and confer again regarding what documents the City has and how it proposes to protect the information at issue.

*   *   *

The parties also discussed the Temporal Scope for the Interrogatories and Requests. The parties agreed to abide by the Court's determination of this issue or to reach a later agreement if necessary.

We request that the Citysupplement its Responses to Interrogatory No. 1, Interrogatory No. 2, and Request No. 2 as soon as possible given that these Requests relate directly to custodians for document searches. We need this information to participate in a productive meet-and-confer on search terms and custodians on Wednesday, March 13, 2024. We also request that the Citypromptly supplement all of the Responses as indicated above so that PBM Defendants can promptly raise any disputes that require the Court's intervention by end of the week.

Sincerely,

*/s Olga M. Vieira*
Olga M. Vieira