# EXHIBIT 16

quinn emanuel trial lawyers | miami, fl

2601 South Bayshore Dr., Suite 1550, Miami, FL 33133 | TEL (305) 402-4880 FAX (305) 901-2975

WRITER'S DIRECT DIAL NO.
**(786) 850-3615**

WRITER'S EMAIL ADDRESS
**olgavieira@quinnemanuel.com**

April 16, 2024

VIA EMAIL
joanne@cicalapllc.com
shelbi@cicalapllc.com
josh@cicalapllc.com
johan@cicalapllc.com
jgarvey@stranchlaw.com
PBM@listserv.motleyrice.com
mdl2804discovery@motleyrice.com

Re:     *In re: National Prescription Opiate Litigation*, MDL No. 2804 (N.D. Ohio)
        *City of Independence, Missouri v. Williams*, No. 19-op-45371 ("Track 14")
        Deficiency Letter Regarding City of Independence's Discovery Responses, Data Fields, and Fact Sheet Responses.

Dear Joanne:

I write on behalf of the Express Scripts Defendants and OptumRx, Inc. (the **PBM Defendants**) regarding certain outstanding discovery items in the Track 14 litigation involving City of Independence (the **City**).

As an initial matter, the City's April 4, 2024 letter, sent in response to the PBM Defendants' March 6, 2024 letter, is inadequate. While the PBM Defendants' letter describes—in extensive detail—the many issues with the City's responses and objections to the PBM Defendants' First Set of Requests for Production (**Requests**) and Interrogatories, the City's response does not properly address these matters or even align with the City's own positions articulated at the parties March 8, 2024 conference. As such, it is impossible for the PBM Defendants to have any understanding of the City's position on each Request and Interrogatory, and the scope of documents it may produce. As is detailed in the section below outlining the deficiencies of the City's responses to individual requests for production and interrogatories, the PBM Defendants request that the City confirm its position, or otherwise amend its responses and objections, **no later than April 19, 2024.**

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON |
LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY |
SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

The City's April 4, 2024 letter also suggests that it seeks to take the same position as Lincoln County and the City of Rochester on at least some of the matters addressed in the PBM Defendants' letter and discussed at the March 8, 2024 meet-and-confer. To the extent that the City intends to take the same position as articulated in the City of Rochester or Lincoln County cases with respect to similar discovery requests, the Plaintiff's fact sheets, and outstanding data field items, the PBM Defendants request that the City promptly confirm as much. Please tell us the City's position on each specific item by **April 19, 2024**.

1. **OBJECTIONS TO DEFINITIONS IN PBM DEFENDANTS' DISCOVERY REQUESTS**

The City stated in its April 4, 2024 letter that with regard to the terms "Defendants," "Discovery Time Period," "Illicit Drugs," and "You" and "Yours," the City is aligned with the positions advanced by Lincoln County and the City of Rochester. The PBM Defendants will assume, unless the City provides otherwise, that the City will continue to align itself with these definitions as agreed to (or ordered) in those proceedings. Please confirm by **April 19, 2024** that the City is not withholding any information or documents on the basis of any objections to the definition of these terms.

Separately, the City has not advised the PBM Defendants of any continuing objections or reliance on the objections in Lincoln County or the City of Rochester with respect to the definition of "Document" or "Documents." Please confirm by **April 19, 2024** that the City has not withheld, and does not plan to withhold any discoverable information or document(s) based on its boilerplate objections to the definition of "Document" or "Documents."

2. **PBM DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION TO CITY OF INDEPENDENCE**

   a. **Request for Production 1**

In the City's April 4, 2024 letter, it stated that the City has "produced the non-privileged documents used in the preparation of Plaintiff's Amended Pleading that were not already cited in the complaint or publicly available." However, you also objected to this request on the grounds that it was "premature" and "ignores key dates set forth in the CMO." Apart from the June 14, 2024 deadline to begin custodial document productions and the September 27, 2024 deadline to identify certain prescriptions, the PBM Defendants are unaware of any limitation in the Court's order directing the timing of productions. The PBM Defendants request that the City withdraw this objection or confirm **by no later than April 19, 2024**, that it has not withheld, and does not intend to withhold, any responsive documents based on the objection. Further, the PBM Defendants request that the City confirm that it will continue to supplement the City's responses as necessary in order to comply with the scope of the request, which is not limited to documents used in the preparation of "Plaintiff's Amended Pleading." Unless the City confirms otherwise, the PBM Defendants will proceed with the understanding that the City intends to withhold documents responsive to this Request. `

2

b. **Request for Production 2, 3, and 4**

In the City's April 4, 2024 letter, it stated that with respect to Request Nos. 2, 3, and 4, you had already started production of "budget and grant related documents and other responsive discovery," and that you would supplement further as discovery progresses. However, the City's letter fails to respond, in any capacity, to any of the issues raised in the PBM Defendants' March 6, 2024 letter pointing out multiple flaws in the City's responses and objections. The PBM Defendants seek clarification on the scope of the City's objections, and whether it intends to withhold any documents on those grounds.

With regard to Request 2, the City has failed to, despite representing to do so at the March 8, 2024 conference, verify the full list of departments, agencies, and other entities relevant to this Request. The City has also failed to confirm whether or not it will "produce periodic budgets, draft budgets, budget proposals, financial statements, records of costs and expenditures for City of Independence, and all the other records for each and every one of its departments, agencies, and other constituent entities." Unless City of Independence supplements its position, the PBM Defendants will construe City of Independence's position to be that it will not produce any documents beyond those already produced[1] in response to Request 2.

With regard to Request 3, at the March 8, 2024 meet-and-confer the City represented it will produce all documents relevant to this Request and supplement its response to reflect this agreement. Please confirm by **April 19, 2024** that this production will include documents related to grants, disbursements, donations, charitable giving, bequests, judgments, settlements, or any other funds related to other substances, including alcohol. Relatedly, the City never addressed the fact that its response is otherwise inadequate in that it provided weblinks about opioid settlements generally, rather than documents that show the amounts that the City of Independence specifically received. Please confirm by **April 19, 2024** that the City intends to produce this information. The PBM Defendants request that the City articulate its position on both of these matters, or otherwise supplement or amend its response **no later than April 19, 2024**, or the PBM Defendants will proceed with the understanding that the County intends to withhold relevant information.

Like Request 3, the City, at the March 8, 2024 meet-and-confer, agreed to produce all documents responsive to Request 4. Please confirm by **no later than April 19, 2024**, that notwithstanding the objections the City states in its April 4, 2024 letter, the City will produce all responsive documents to this Request.

c. **Request for Production 5, 6, 7, 8, and 12**

In the City's April 4, 2024 letter, it stated that with respect to Requests 5, 6, 7, 8, and 12, you would produce documents, but failed to address any of the points raised in the PBM

---

[1] The documents produced to date include an incomplete series of annual budgets and proposed budgets. The PBM Defendants have requested in other correspondence that the City provide the missing budgets.

3

Defendants' March 6, 2024 correspondence or confirm the City's representations at the March 8, 2024 conference with respect to these Requests. Accordingly, the PBM Defendants have no way of ascertaining the scope of documents the City intends to produce, which is problematic given the broad and unjustified objections made in the City's responses and objections. More so, the City's statement that it "provided the public links to the City Council Meeting agendas from 2007 to the present" is non-specific to indicate the Request to which it responds.

With regard to Request 8, at the March 8, 2024 meet-and-confer, the City represented that it would confer internally over the PBM Defendants position that the City must produce all relevant closed arrests and investigations, and not just a sampling. The City has failed to address this representation in its April 4, 2024 letter. The PBM Defendants request that the City confirm its position or supplement its responses **no later than April 19, 2024.**

Similarly, with regard to Request 12, which asks for certain documents relating to the overdose of any individual as a result of any Illicit Drug, Opioid, or Prescription Opioid in the City of Independence, counsel to the City agreed to confer with the City to understand the nature of the privacy interests and concerns at issue that form the basis of the City's objections to this Request. Nothing in the City's April 4, 2024 letter addresses this issue or makes any further representation. Please supplement or amend the City's response by **no later than April 19, 2024** with the nature of any and all HIPAA or other privacy concerns that the City alleges about this Request, or agree in writing that the City will produce all responsive documents.

### d. **Requests for Production 9, 10, and 11**

In the City's April 4, 2024 letter, it stated that the City has provided certain claims and rebate data, but otherwise failed to address any of the points raised in the PBM Defendants' March 6 letter which outlined in detail the deficiencies in the City's responses and objections. The City also failed to properly address its other representations at the March 8, 2024 meet-and-confer.

With regard to Request 9 which asks the City to produce "[a]ll Documents relating to insurance coverage of Prescription Opioids in any health plan or pharmacy benefit plan The City provided, offered, or sponsored during the Discovery Time Period, including benefits, coverage, formularies, rebates, restrictions, utilization management, and clinical programs relating to Prescription Opioids," please supplement or amend the City's response by **no later than April 19, 2024** to show that the City will produce all relevant documents. The City's provision of data fields for its health plan claims and rebate data alone does not satisfy this Request.

With respect to Request 10 which asks the City to produce "[d]ata (at the transactional level where available) reflecting every Prescription Opioid dispensed to a member or beneficiary of any health plan or pharmacy benefit plan The City provided, offered, or sponsored during the Discovery Time Period and reflecting all rebates, fees, or other monies The City received in connection with those Prescription Opioids," please supplement or amend the City's response by **April 19, 2024** to show that the City will produce documents responsive to this Request.

4

With regard to Request 11, the City agreed to produce responsive documents. Please confirm that the City is not and will not withhold any responsive documents on the basis of any objection stated in its response, other than a privilege objection.

3. **PBM DEFENDANTS' FIRST SET OF INTERROGATORIES TO CITY OF INDEPENDENCE**

   a. **Interrogatories 1 and 2**

In the City's April 4, 2024 correspondence, it stated that the City would supplement its response to interrogatories 1 and 2 on April 30, 2024 when it serves its list of custodians, and that responsive information may also be found in the City's supplemental fact sheet.

With regard to Interrogatory 1, at the March 8, 2024 meet-and-confer, the City agreed to provide greater specificity with respect to the knowledge or information that each individual the City so identifies possesses. Neither the referenced fact sheet nor the City's April 4, 2024 letter address this point. The City also represented that it would confirm whether there are former employees of the City who may have knowledge or information relevant to the City's claims. Please supplement by **April 19, 2024** the City's response to Interrogatory 1 to provide greater specificity with respect to individuals with knowledge or information about the City's claims; and the specific nature of such knowledge or information. These responses should also identify the "confidential informant" referenced in the Amended Complaint, as well as any "current and former employees of Purdue and the PBM Defendants" whom you vaguely reference in the Amended Complaint.

With regard to Interrogatory 2, the PBM Defendants expect that the City will provide a comprehensive list of every "department[], agenc[y[, subdivision[] or other constituent entit[y]" that the City claims have been harmed or are entitled to any relief in this litigation. Please confirm by **April 19, 2024** that the list of City departments, agencies, subdivisions and constituents in the Plaintiff Fact Sheet are exhaustive. The PBM Defendants anticipate that the City's list of proposed custodians due April 30, 2024 will be complete and not subject to further revision.

   b. **Interrogatories 4 and 5**

In the City's April 4, 2024 correspondence, it stated that the City has provided responses concerning City health plans, and that it will include any further information in an April 30, 2024 supplement. The PBM Defendants note that while the City stated that it will provide further information in an April 30, 2024 supplement, that timeline is improper and causes an extended delay to the PBM Defendants who immediately require this information. The deadline to respond to the PBM Defendants' discovery requests has already passed, and neither the CMO nor the applicable discovery rules permit the PBM Defendants to ignore discovery deadlines. Please amend or supplement your responses **by no later than April 19, 2024** to reflect that the City will, as the City represented at the March 8, 2024 conference, provide health plan names and pharmacy network details; and provide information about who from the City engaged and worked with insurance brokers. The PBM Defendants anticipate that the City's supplemental response will

5

comprehensively respond to the interrogatories, and that the answers provided will be complete and not subject to further revision.

### c. All Other Interrogatories (3, 6, 8, 9, and 10)

In the City's April 4, 2024 correspondence, it stated that the City would stand by its initial answers, but would also supplement by April 30, 2024 as appropriate. The PBM Defendants note that while the City stated that it will provide further information in an April 30, 2024 supplement, that timeline is improper and causes an extended delay to the PBM Defendants who immediately require this information. Given that the deadline to respond to the PBM Defendants' interrogatories has now passed, the City must specify which responses it intends to supplement, and which responses it does not intend to amend by April 19, 2024. Without this information, it is impossible for the PBM Defendants to determine the status of these interrogatories and where the parties stand. Unless the City clarifies this promptly, the PBM Defendants will assume that there is an impasse with regard to Interrogatories 3, 6, 8, 9, and 10.

With regard to Interrogatory 3, the City's response did not provide sufficient details to identify the actions taken to address the opioid crisis, who took the actions, and what the actions entailed. By failing to elaborate on the City's cursory answer in response to the PBM Defendants' March 6 correspondence, it appears the City is refusing to cooperate and provide a complete response to this interrogatory based on its current knowledge. Unless the City intends to provide a supplemental answer **by no later than April 19, 2024**, that adequately addresses the information sought based on its current knowledge, the PBM Defendants will assume that there is an impasse.

With regard to Interrogatory 6, the City's response is inadequate. Even though the PBM Defendants requested specific information regarding the City's actions for its healthcare members or beneficiaries, formularies, and utilization management criteria, the City's general and non-specific answers do not meaningfully respond to the interrogatory. Compounded by the City's failure to address the issues raised in the PBM Defendant's March 6 correspondence, the PBM Defendants are unable to ascertain the City's position. The PBM Defendants request that the City supplement or amend its response **no later than April 19, 2024**, or the PBM Defendants will assume that the parties are at an impasse.

With regard to Interrogatories 8 and 9, the City's responses are incomplete. In light of Special Master Cohen's ruling on April 15, 2024 regarding a similar interrogatory to the City of Rochester, the PBM Defendants assume that the City will supplement its answer at a later date consistent with Special Master Cohen's Order.

With regard to Interrogatory 10, the City simply referred the PBM Defendants to paragraphs in the Amended Complaint rather than actually respond to the interrogatory. This response, even when considering those paragraphs of the Amended Complaint, fails to explain the specific steps that the City alleges the PBM Defendants must take to abate the public nuisance alleged. Again, by failing to address the issues raised in the PBM Defendant's March 6 correspondence, the PBM Defendants are unable to ascertain the City's position. However, in light of Special Master Cohen's finding on April 15, 2024 that the City of Rochester will be required to respond to Interrogatory 10, the PBM Defendants expect that the City will amend its answer

consistent with Special Master Cohen's Order as soon as practicable, but no later than April 30, 2024.

With regard to Interrogatory 11, the City's response was limited to weblinks reflecting national opioid settlement figures. This response is inadequate because the interrogatory seeks specific information about the amount of settlement dollars that the City of Independence received, not just national opioid settlement figures. The PBM Defendants have also clarified that they seek information, including from receipts and other documents, regarding how any settlement money has and will be spent. The City must provide a response to the interrogatory which seeks more than the generic information provided to date. The PBM Defendants request that the City amend its answer to this interrogatory by **no later than April 19, 2024**, or the PBM Defendants will assume that the parties have reached an impasse.

### 4. CITY OF INDEPENDENCE'S OVERDUE DATA FIELD PRODUCTION

The CMO provides that the production of all data fields was due on April 1, 2024. At the parties' April 5, 2024 meet-and-confer, the City represented that it is working to determine if there are fields that its third party administrators had access to, for example, relating to Workers' Compensation data by Friday April 12, 2024. Please confirm by **April 19, 2024** whether the City has this information and when the City will complete its disclosure of all available data fields. Please also confirm the City's representation that there are no prescription or dispensing data fields within the City's possession, custody, or control. The PBM Defendants reserve all rights with respect to the City's delayed production of data fields while they await those disclosures from the City.

\*     \*     \*

We look forward to the City's response and scheduling a meet and confer as necessary.

Sincerely,

/s/ *Olga Vieira*
Olga Vieira