# EXHIBIT 17

**quinn emanuel** trial lawyers | miami, fl

2601 South Bayshore Dr., Suite 1550, Miami, FL 33133 | TEL (305) 402-4880 FAX (305) 901-2975

WRITER'S DIRECT DIAL NO.
**(786) 850-3615**

WRITER'S EMAIL ADDRESS
**olgavieira@quinnemanuel.com**

May 2, 2024

VIA EMAIL
joanne@cicalapllc.com
shelbi@cicalapllc.com
josh@cicalapllc.com
johan@cicalapllc.com
jgarvey@stranchlaw.com
PBM@listserv.motleyrice.com
mdl2804discovery@motleyrice.com

Re: *In re: National Prescription Opiate Litigation*, MDL No. 2804 (N.D. Ohio)
*City of Independence, Missouri v. Williams*, No. 19-op-45371 ("Track 14")
Re: Deficiency Letter Regarding City of Independence's Discovery Responses, Data Fields, and Fact Sheet Responses.

Dear Counsel:

I write on behalf of the Express Scripts Defendants and OptumRx, Inc. (the **PBM Defendants**) in response to your April 30 Supplemental Responses and Objections to the PBM Defendants' First Set of Interrogatories (**Interrogatories**) and First Set of Request for Production (**Requests**) (collectively, **Supplement**), as well as your proposed custodians and search terms.

As an initial matter, the City's Supplement is inadequate. The City has delayed for almost two months addressing the inadequacies that the PBM Defendants first identified on March 6, and again on April 16, and the Supplement still fails to adequately address those issues. Unless the City resolves the deficiencies described below by noon EST on Monday, May 6, 2024, we plan to raise them with Special Master Cohen at the May 13 meeting.

The PBM Defendants served their First Interrogatories and Requests on January 26, 2024, and the City responded on February 26. On March 6, the PBM Defendants notified the City of several deficiencies in the City's responses and, on March 8, engaged in a meet-and-confer call with the City (memorialized in a March 12 letter). Nearly one month after that meet and confer, on April 4, the City finally responded and committed to supplement its responses on or before April 30—an arbitrary date chosen by the City. The City's protracted timeline for supplementing

quinn emanuel urquhart & sullivan, llp
ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

its discovery responses has been prejudicial to the PBM Defendants' efforts to engage in meaningful discovery and comply with the deadlines set forth in the CMO. The inadequacy of the City's April 30 Supplement—still failing to address fundamental deficiencies identified in written and live correspondence on March 6, March 8, March 12, and April 16—is further prejudicial as the PBM Defendants remain unable to make timely decisions on future discovery.

## **CUSTODIANS & DATE RANGES**

First, the PBM Defendants cannot properly evaluate the City's list of proposed custodians because the City failed to provide full and complete responses to Interrogatory Nos. 1 and 2, as discussed below. Without sufficient information to ascertain the individuals with knowledge of the allegations in the complaint, the PBM Defendants cannot determine whether the City's proposed list accurately captures the universe of individuals with relevant documents.

Second, the City's list of proposed custodians is plainly inadequate and contradicts the City's own (albeit also inadequate) written responses. For example, the City identifies 24 individuals with knowledge of the opioid crisis relative to their respective County department(s), in response to Interrogatory No. 1, and it lists approximately 15 city and county departments that "possess documents, data, records, or other information relating to the allegations in the Complaint." However, the City's proposed custodian list excludes many of the individuals on those lists and identifies custodians from just 5 departments. The City's failure to name at least one (or more) proposed custodian from each of the departments you claim to have documents and information relating to the allegations in the complaint is inadequate. Additionally, the City should identify the length of time it has retained documents for each custodian. Finally, Shaun Warren is listed as a custodian as part of the Jackson County Drug Task Force. We understand by his being listed that the City has custodial files of Mr. Warren and those files will be produced if he is selected as a custodian.

Third, the City's list of proposed custodians fails to adhere to the proper temporal scope dating back to 1996. Instead, the City's list only identifies individuals *currently* employed by the City (except for two individuals) and does not include any employee whose employment dates back to 1996. The scope of the City's proposed custodians is especially egregious with respect to the City's Health Department. For that department, which no doubt is the source of many highly relevant materials, the City proposed just one custodian who was first employed by the City in 2021—two years after the City even filed this lawsuit. The City should provide organizational charts or similar documents from 1996 forward across all City departments, sufficient for the PBM Defendants to understand who was employed by the City during that period and to assess the City's proposal.

Fourth, the City listed Rory Rowland, Jared Fears, Brice Stewart, Dan Hobart, Becky Behrens, Zach Walker, Meg Lewis, Tom Scannell, Cindy Gray, Charles E. Lauss, Lisa Reynolds, and Adam Dustman as witnesses with knowledge of the facts and circumstances of the City's claims and injuries, but none of these individuals are listed as proposed custodians. The City should have identified these individuals as custodians for the City, or otherwise explained why they are not proper custodians.

Fifth, the City listed current officials of certain City departments as custodians of documents.  However, the PBM Defendants requested historical data of all individuals who have held these positions within each City department so identified.  They include: City Council, Fire Department, Human Resources, and Police Department.

Sixth, from our review of available information, we expect the City to name current and past officials of the following City departments as potential custodians, but the City has failed to do so.  Please explain why the City has not retained documents for each of these positions:

- Chief Medical Examiner
- Mayor
- City Manager
- Assistant City Manager
- Director of Community Development
- Emergency Management Department
- Chief of Fire Department
- Chief Financial Officer
- Finance and Administration Director
- Presiding Judge of Municipal Court
- Director of Municipal Services

Please correct the above-identified deficiencies as soon as possible but no later than noon on May 6, 2024.

## OBJECTIONS TO DEFINITIONS IN PBM DEFENDANTS' DISCOVERY REQUESTS

- "**You**" and "**Your**."  Please confirm that the City is not refusing to produce discoverable information relating to persons acting or purporting to act on behalf of the City including without limitation the City's employees, directors of departments or agencies, agents, contractors, representatives, board members, committees, subcommittees, working groups, and task forces.

- "**Defendants**." The City objected to this definition as "overly broad, vague, and seeks to extend the requests beyond the Defendant entities that are named as Defendants," and consequently responded that the City "will respond with regard to information and documents as to those Defendants."  The City's objection is improper because the City's theories of liability and damages against OptumRx, Inc. and Express Scripts extend to other defendant groups sued in the MDL.  Indeed, an entire section of the City's Amended Complaint is titled "The PBM Defendants and the *Opioid Manufacturers* Colluded to Ensure Virtually Unfettered Access to Opioids."  *See* Am. Compl. at p. I (emphasis added).  Moreover, the City, in its December 15, 2023 proposed Amended and Supplemental Complaint stated that "Plaintiff expressly adopts and incorporates by reference the allegations and claims set forth in its Complaint (Doc. No. 1), including all claims and

3

allegations against other Defendants named in that Second Amended Complaint." *See* Am. Compl. at p. 1.

- "**Financial Harm**."  The City objected to this definition "to the extent that they seek to impose obligations on Plaintiff beyond those imposed by the Discovery Rules and the scope of the Complaint at issue," and then responded that "Plaintiff will respond in accordance with the applicable Discovery Rules and CMO deadlines and assumes no further obligation."  This response is improper under the Federal Rules.  First, the definition is clear: "includes all costs, expenses, damages, or other monetary relief—past, present, or future—that You seek to recover through this Litigation."  *See* Interrogatories at p. 3; Requests for Production at p. 2.[1]  Second, the City is obligated to respond to the Requests as defined unless a privilege or other valid excuse under the Federal Rules exists.

- "**Illicit Drugs**."  The City objected to this definition "to the extent that they seek to impose obligations on Plaintiff beyond those imposed by the Discovery Rules," and consequently redefined and self-limited the definition of Illicit Drugs to "heroin, illicit fentanyl, fentanyl analogs, carfentanil, counterfeit prescription opioids, and prescription opioids."  The PBM Defendants note that the Parties are actively meeting-and-conferring regarding the Drug Scope Search Term and expect that the result of that negotiation will resolve this objection.  To the extent it does not, the parties are at an impasse.

### PBM DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION TO CITY OF INDEPENDENCE

a. **Request for Production No. 1**

In the City's April 4, 2024 letter, it stated that the City has "produced the non-privileged documents used in the preparation of Plaintiff's Amended Pleading that were not already cited in the complaint or publicly available."  The City also objected to this request on the grounds that it was "premature" and "ignores key dates set forth in the CMO."

In the City's Supplement, it states that it is withdrawing its objection based on the Request being over broad and unduly burdensome and lists bates numbered documents, but "incorporates its previous response and objections."  Accordingly, the PBM Defendants understand that the City is standing on its objection that the Request is premature.  As we made clear in our April 16 Letter, apart from the June 14, 2024 deadline to begin custodial document productions and the September 27, 2024 deadline to identify certain prescriptions, there is no limitation in the Court's order directing the timing of productions.  Accordingly, unless advised otherwise on or before noon, EST on May 6, 2024, we will assume the City is withholding documents and declare an impasse.

---

[1] The PBM Defendants note that the City did not object to this definition in its Supplemental Responses and Objections to PBM Defendants First Request for Production.  Accordingly, we assume the City takes no issue with this definition as it pertains to the Requests.

4

      b. **Request for Production Nos. 2, 3, and 4**

  In the City's April 4, 2024 letter, it stated that with respect to Request Nos. 2, 3, and 4, the City had already started production of "budget and grant related documents and other responsive discovery," and that the City would supplement further as discovery progresses. However, the City's letter fails to respond, in any capacity, to any of the issues raised in the PBM Defendants' March 6 letter describing several deficiencies in the City's responses and objections. The City's April 30 Supplement failed to alleviate these deficiencies by not addressing or correcting the deficiencies identified in the PBM Defendants' March 6 letter. For example:

  With regard to Request 2, the City has failed to, despite representing to do so at the March 8, 2024 conference, verify the full list of departments, agencies, and other entities relevant to this Request. The City has also failed to confirm whether or not it will "produce periodic budgets, draft budgets, budget proposals, financial statements, records of costs and expenditures for City of Independence, and all the other records for each and every one of its departments, agencies, and other constituent entities." Unless City of Independence supplements its position, the PBM Defendants will construe City of Independence's position to be that it will not produce any documents beyond those already produced[2] in response to Request 2.

  With regard to Request 3, at the March 8, 2024 meet-and-confer the City represented it will produce all documents relevant to this Request and supplement its response to reflect this agreement. Despite its representations, it did not include documents related to grants, disbursements, donations, charitable giving, bequests, judgments, settlements, or any other funds related to other substances, including alcohol. The PBM Defendants request that the City articulate its position, or otherwise supplement or amend its response noon on May 6, 2024, or the PBM Defendants will proceed with the understanding that the parties are at an impasse and the City intends to withhold relevant information.

      c. **Request for Production Nos. 5, 6, 7, 8, and 12**

  In the City's April 4, 2024 letter, it stated that with respect to Requests 5, 6, 7, 8, and 12, the City would produce documents, but failed to address any of the points raised in the PBM Defendants' March 6, 2024 correspondence or confirm the City's representations at the March 8, 2024 conference with respect to these Requests. The City's Supplement likewise failed to correct these deficiencies. Accordingly, the PBM Defendants are unable to determine the scope of documents the City intends to produce, which causes prejudice because of the broad and unjustified objections made in the City's responses and objections.

  With regard to Request 8, at the March 8 meet-and-confer, the City represented that it would confer internally over the PBM Defendants' position that the City must produce all relevant closed arrests and investigations, and not just a sampling. The City has failed to address this representation in its April 4, 2024 letter. Likewise, the Supplement failed to resolve this

---

[2] The documents produced to date include an incomplete series of annual budgets and proposed budgets. The PBM Defendants have requested in other correspondence that the City provide the missing budgets.

5

deficiency. The City should advise no later than noon on May 6, 2024 if the City will produce all relevant closed arrests and investigations, not just a sampling, otherwise the PBM Defendants will proceed with the understanding that the parties are at an impasse.

Similarly, with regard to Request 12, which asks for certain documents relating to the overdose of any individual as a result of any Illicit Drug, Opioid, or Prescription Opioid in the City of Independence, the City previously agreed to provide a clearer understanding of the privacy issues it claimed were at issue. But the City's Supplement simply incorporated its previous response and objections and fails to clarify this deficiency or the privacy interests the City claims are at issue. The City should supplement or amend the City's response by noon, EST on May 6, 2024 with the nature of any and all privacy concerns that the City alleges about this Request, or agree in writing that the City will produce all responsive documents, otherwise the PBM Defendants will proceed with the understanding that the parties are at an impasse.

### d. **Request for Production Nos. 10 and 11**

In the City's April 4, 2024 letter, it stated that the City has provided certain claims and rebate data, but otherwise failed to address any of the points raised in the PBM Defendants' March 6 letter which outlined in detail the deficiencies in the City's responses and objections. The City also failed to properly address its other representations at the March 8, 2024 meet-and-confer. Likewise, the Supplement fails to address any of the PBM Defendants' concerns.

Request 10 asks the City to produce "[d]ata (at the transactional level where available) reflecting every Prescription Opioid dispensed to a member or beneficiary of any health plan or pharmacy benefit plan The City provided, offered, or sponsored during the Discovery Time Period and reflecting all rebates, fees, or other monies the City received in connection with those Prescription Opioids." The City's Supplement did not expand on its response to Request 10, so the City has failed to demonstrate that it will produce all relevant documents and appears to stand on its objections. Accordingly, the Parties are at an impasse.

With regard to Request 11, the City agreed to produce responsive documents, but the Supplement failed to confirm that the City is not withholding any responsive documents on the basis of any objection stated in its response, other than a privilege objection. Please confirm the City is not withholding any documents based on its objections by noon EST, May 6, otherwise the PBM Defendants will proceed with the understanding the parties are at an impasse.

### **PBM DEFENDANTS' FIRST SET OF INTERROGATORIES TO CITY OF INDEPENDENCE**

### a. **Interrogatory Nos. 1 and 2**

In the City's April 4, 2024 letter, it stated that the City would supplement its response to Interrogatory Nos. 1 and 2 on April 30, 2024 when it served its list of custodians, and that responsive information may also be found in the City's supplemental fact sheet.

With regard to Interrogatory No. 1, at the March 8, 2024 meet-and-confer, the City represented that it would confirm by April 30 whether any former employees of the City may have

6

knowledge or information relevant to the City's claims.  The City's Supplement, however, failed to provide specific information regarding past employees of the City with knowledge of the City's claims.

With regard to Interrogatory No. 2, although the City appears to have provided a high-level list of all of the City's "departments," this Interrogatory seeks a list of the City's "departments, *agencies, subdivisions, or other constituent entities*."  Thus, the City's Supplement is still incomplete.

### b. All Other Interrogatories (Nos. 3, 6, 8, 9, and 10)

With regard to Interrogatory No. 3, the City's supplemental response fails to identify specific actions taken by the City, the persons responsible for taking the actions, and what the actions entailed.  Instead, the supplemental response continues to list vague "efforts" including a "Police Drug Take Back," without any context of what such effort entails, who undertook those efforts or programs, and when they took place.  By failing to elaborate on the City's cursory answer in response to the PBM Defendants' March 6 letter, it appears the City is refusing to cooperate and provide a complete response to this interrogatory based on its current knowledge.

With regard to Interrogatory No. 6, the City's response is inadequate.  The PBM Defendants requested specific information regarding the City's actions regarding its healthcare members or beneficiaries, formularies, and utilization management criteria.  The City's supplement simply states that Express Scripts and Medco have administered plans for the City from 2006 through the present and incorporates its response to Interrogatory 3.  The City's response therefore fails to provide any examples of actions taken by the City to prevent the abuse, misuse, diversion, supply, or availability of Opioids by members or beneficiaries of the City's health plan.  With regard to Interrogatory Nos. 8 and 9, the City's responses are incomplete.  In light of Special Master Cohen's ruling on April 15, 2024 regarding a similar interrogatory to the City of Rochester, the PBM Defendants expect the City to supplement its answer consistent with that ruling.  The City knew of that April 15 ruling when it served the April 30 Supplement, so the City's failure to respond consistent with the ruling further evidences the City's intentional delay in providing compliant responses.

With regard to Interrogatory No. 10, the City's supplement remains deficient and fails to identify which activities the City is seeking to be funded; it only adds a vague and generic paragraph about settlement funds funding certain programs.  Again, by failing to address the issues raised in the PBM Defendant's March 6 correspondence, the PBM Defendants are unable to ascertain the City's position.

\*     \*     \*

The City's discovery responses are well past due and the City's continued delay in supplementing its responses have prejudiced and continue to prejudice the PBM Defendants' right to relevant information to better assess the City's claims, prepare their defenses, investigate ongoing discovery responses, and identify appropriate search terms and custodians. The City should supplement its responses and objections to these Interrogatories and Requests by no later

than noon on May 6, 2024, otherwise the PBM Defendants will proceed with the understanding that the parties are at an impasse.

      We continue to reserve our rights.

Sincerely,

/s/ Olga M. Vieira
Olga Vieira


CC: David@SpecialMaster.Law