# EXHIBIT 19



401 9th St. NW, Suite 630
Washington, DC 20004
o. 202.232.5504   f. 202.232.5513

www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

**E. Paige Boggs**
*Licensed in DC, IL, IN*
direct:  202.386.9629
pboggs@motleyrice.com

May 9, 2024

**VIA EMAIL**
esi-opioids@quinnemanuel.com
Optum.opioid.team@alston.com

Re:     *In re: National Prescription Opiate Litigation,* MDL No. 2804 (N.D. Ohio), *City of Independence, Missouri v. Williams*, No. 19-op-45371 ("Track 14"); Discovery Letter

Counsel,

I write on behalf of Plaintiff the City of Independence, Missouri (the "City") in response to the Express Scripts and Optum Defendants' ("PBM Defendants") letter dated May 2, 2024 regarding the City's April 30, 2024 Supplemental Responses and Objections to the PBM Defendants' First Set of Interrogatories ("Interrogatories") and First Set of Requests for Production ("Requests") (collectively, "Supplement"), as well as the City's proposed custodians and search terms.

The PBM Defendants' demand that the City correct purported deficiencies in its discovery responses by May 6, 2024 or the PBM Defendants will unilaterally declare the parties are at an impasse and take issues to Special Master Cohen is inappropriate and premature. It also does not reflect the procedure by which the PBM Defendants have responded to the City's discovery concerns. Although the City worked expeditiously, it needed more than two business days to meaningfully consider and address, where necessary, the issues the PBM Defendants identified. In addition, the City believes a meet and confer is necessary before we can determine the parties are at an impasse on most of these issues.

**I.      Custodians and Date Ranges**

*First*, the PBM Defendants' contention that certain issues with the City's interrogatory responses are interfering with their ability to assess the City's proposed custodians and delaying discovery is simply not true. The City produced organizational charts contained in its annual



May 9, 2024
Page 2

adopted budgets for all departments on March 1, 2024.[1,2] The City has also been working diligently to provide the information requested by the PBM Defendants. Regardless, the City is a public entity and much of its operations and personnel are a matter of public record. We dispute that the PBM Defendants have been prejudiced by any supposed delay in identifying relevant custodians since the City's efforts to identify the PBM Defendants' custodians are similarly still ongoing.

*Second*, the PBM Defendants are wrong that the City must include every individual in the City with knowledge as a proposed custodian. The City's response to Interrogatory No. 1 identifies numerous individuals who possess varying degrees of relevant knowledge. The City's April 30th list of proposed custodians identifies a reasonable number of individuals who collectively possess the most relevant, non-duplicative, first-hand knowledge of the opioid epidemic and other issues in this case during the relevant time period. Nonetheless, Defendants are welcome to request any custodians they wish, including individuals listed in response to Interrogatory No. 1, or ask questions to ascertain which individuals to select as custodians.

Since the City proposed its initial set of custodians, the City identified the following individuals with relevant knowledge and agrees to offer them as custodians:

- Dante Gliniecki, Emergency Preparedness Division within City Manager's Office, Manager (2014-current)

---

[1] *See e.g.*, INDMO00030008, the 2013-14 Adopted Operating Budget: Mayor and City Council at INDMO0003009 (Mayor-Don Reimal; At-Large Councilmembers-James Schultz and Chris Whiting; District 1- Marci Bragg; District 2-Curt Dougherty; District 3- Myron Paris; District 4- Eileen Weir; City Manager- Robert Heacock); City Council/ Mayor at INDMO0003060; City Clerk at INDMO0003066; Mayor and City Council at INDMO0003075; Municipal Court at INDMO0003098; Finance at INDMO0003111; Human Resources at INDMO0003124; Police Department at INDMO0003159; Fire Department at INDMO0003198; Health Department at INDMO0003222; Parks and Recreation at INDMO0003263.

[2] INDMO0008131, 2005-2006 Adopted Budget; INDMO0008621, 2006-2007 Adopted Budget; INDMO0009121, 2007-2008 Adopted Budget; INDMO0009595, 2008-2009 Adopted Budget; INDMO0010095, 2009-2010 Adopted Budget; INDMO0010596, 2010-2011 Adopted Budget; INDMO0011084, 2011-2012 Adopted Budget; INDMO0011584, 2012-2013 Adopted Budget; INDMO0003008, 2013-2014 Adopted Budget; INDMO0003492, 2014-2015 Adopted Budget; INDMO0003979, 2015-2016 Adopted Budget; INDMO0004450, 2016-2017 Adopted Operating Budget; INDMO0004904, 2017-2018 Adopted Budget; INDMO0007883, 2018-2019 Adopted Budget; INDMO0005250, 2019-2020 Adopted Budget; INDMO0005456, 2020-2021 Adopted Budget; INDMO0005663, 2021-2022 Adopted Budget; INDMO0005942, 2022-2023 Adopted Budget.



May 9, 2024
Page 3

- Matt Heffernan, Fire Department, ARCH Program - Community Paramedic (2010-present, with a leave of absence January – August 2023)
- Cyndy Jackson, Health, ARCH Program - Licensed Clinical Social Worker (April 2023-present)
- Justin Newkirk, Health, ARCH Program - Licensed Clinical Social Worker (April 2023-present)

The PBM Defendants' concern that the City has not identified custodians from every department is misplaced. Some departments do not warrant individual custodians. In those instances, the City will include the department itself as a custodian, which is proportional to the needs of the case. For example, the City will include the Municipal Court as a departmental custodian and will conduct a reasonable search for and produce any relevant, non-privileged documents in the Municipal Court's database of court files.

The City is in the process of determining the earliest documents available for each custodian and will update Defendants when we have that information. The City does not have emails for any employee (current or former) prior to 2014; however, the City has emails for its employees (regardless of current employment status) from 2014 to present. In regard to your question about Shaun Warren, Mr. Warren is an employee of the City of Independence Police Department. The City will search Mr. Warren's custodial documents that are within its possession, custody or control, but the Jackson County Drug Task Force is not a City task force and therefore its emails and documents are not within the City's possession, custody, or control.

*Third*, the City's list of proposed custodians does adhere to the proper temporal scope. Many of the City's proposed custodians have worked at the City for decades, including—as the PBM Defendants concede—two employees whose careers span the entire temporal scope (Mark Kelsey (1996-present), Jason Petersen (1995-present)). Further, the City lists two individuals from the Health Department, not one as defendants misstate (Christina Heinen (2007–present) and Halie Smith Griffin (2021–present)). Christina Heinen is the current Director of Health and has been in that role (or as Interim Director) since 2018. The prior Directors of Health and their dates in that role are as follows: Bruce Dart (8/2/1999-7/23/2001); Larry Jones (12/3/2001-1/5/2015); and Andrew Warlen (1/6/2015-2/28/2018). Also, as stated above, the City produced organizational charts contained in its annual adopted budgets for all departments on March 1, 2024.

*Fourth*, as stated above, it is not reasonable to expect the City to propose every individual with knowledge as a custodian. The City's April 30th list of proposed custodians identifies a reasonable number of individuals who collectively possess the most relevant, non-duplicative, first-hand knowledge of the opioid epidemic and other issues relevant to this case during the relevant time period. If the PBM Defendants would like to choose other custodians (*e.g.*, Rory Rowland, Jared Fears, Brice Stewart), they are free to do so.



May 9, 2024
Page 4

*Fifth*, although the City does not agree with the PBM Defendants' suggestion that every former City of Independence official from 1996 to present from the City Council, Fire Department, Human Resources, and Police Department is a relevant custodian, the City states the following:

<u>City Council</u>

The City's website[3] lists every City Councilmember from 1962 to present. Based on the City's investigation to date, the City Councilmember with the knowledge most relevant to the issues in this case is Dr. Bridget McCandless. The City Councilmembers from 1996 to present are as follows:

At Large Councilmembers:

- Jared Fears (elected 2022)
- Dr. Bridget McCandless (2023 Special Election)
- Karen DeLuccie (elected 2014, 2018)
- Mike Huff (elected 2018)
- Chris Whiting (elected 2012 Special Election, 2014)
- Lucy Young (elected 1998, 2006, 2010)
- Jim Schultz (elected 2002, 2006, 2010)
- Jason White (elected 2002)
- William (Bill) McDonald (elected 1994, 1998)

District Councilmembers:

- John Perkins – 1st District (elected 2016, June 2020 Special Election)
- Marcie Gragg – 1st District (elected 2006 Special Election, 2008, 2012)
- Don B. Reimal – 1st District (elected 1996, 2000, 2004)
- Brice Stewart – 2nd District (June 2020 Special Election)
- Curt Dougherty – 2nd District (elected 2012, 2016)
- James (Jim) Engelman - 2nd District (elected 2011 Special Election)
- Willard Swoffer – 2nd District (elected 2004, 2008)
- John Perkins – 2nd District (elected 1996, 2000)
- Mike Steinmeyer – 3rd District (June 2020 Special Election, Resigned 2023)
- Scott Roberson – 3rd District (elected 2014 Special Election, 2016)
- Roxann Thorley - 3rd District (elected 2013 Special Election)

---

[3] https://www.independencemo.gov/government/city-departments/city-councilcity-clerk/history-city-council.



May 9, 2024
Page 5

- Myron Paris – 3rd District (elected 2008, 2012)
- Renee Paluka – 3rd District (elected 2000, 2004)
- Al Vanlten – 3rd District (elected 1997 Special Election)
- Susan P. Block – 3rd District (elected 1996)
- Daniel Hobart – 4th District (June 2020 Special Election)
- Tom Van Camp – 4th District (elected 2016)
- Eileen Weir – 4th District (elected 2012)
- James (Jim) Page – 4th District (elected 2004, 2008)
- Charlie Rich – 4th District (elected 2000)
- Bill Baker – 4th District (elected 1996)

<u>Fire Department</u>

The City identified the Battalion Chief of EMS for the Fire Department from 2017-present. Chief Borel started the ARCH program (Alternative Response for Community Health[4]) in 2022. The ARCH team is an emergency community response unit that is designed to place community paramedics with clinical social workers to respond to emergency requests alongside and sometimes in place of traditional first responders. One of the main goals of this program is to support community members experiencing issues with substance abuse. Additional members of the ARCH program are as follows:

- Matt Heffernan, Fire Department, ARCH Program - Community Paramedic (2010-present)
- Cyndy Jackson, Health, ARCH Program - Licensed Clinical Social Worker (April 2023-present)
- Justin Newkirk, Health, ARCH Program - Licensed Clinical Social Worker (April 2023 - present)

Additionally, the City has agreed to add the following proposed custodian:

- Dante Gliniecki, Manager of the Emergency Preparedness Division which is currently within the City Manager's Office (2024) but was within the Fire Department (2014-2024)

The Battalion Chief position did not exist in 1996. The Community Paramedic position within the ARCH program was created in 2023. The City will conduct a reasonable search to identify additional individuals with relevant knowledge.

---

[4] https://www.independencemo.gov/government/city-departments/health/alternative-response-community-health-program



May 9, 2024
Page 6

### Human Resources

The City identified the current and former Benefits Administrators from 2002-present. The City will conduct a reasonable search to identify individuals who served as Benefits Administrator from 1996-2001.

### Police Department

The City has already identified individuals from the Police Department with relevant knowledge for the entire temporal period. To the extent there is a particular position for which the PBM Defendants believe additional information is needed, please identify that position.

*Sixth*, contrary to the PBM Defendants' assertion, the City has not made any representations about whether it retained or did not retain documents for the positions the PBM Defendants identified (Chief Medical Officer, Mayor, City Manager, Assistant City Manager, Director of Community Development, Emergency Management Department, Chief of Fire Department, Chief Financial Officer, Finance and Administration Director, Presiding Judge of Municipal Court, and Director of Municipal Services). The City possesses emails for current and former City employees back to 2014.

### Chief Medical Examiner

The City does not have a Medical Examiner's Office or a Chief Medical Examiner.

### Mayor

- Rory Rowland (elected 2022)
- Eileen Weir (elected 2014, 2018)
- Don B. Reimal (elected 2006, 2010)
- Rondell Stewart (elected 1994, 1998, 2002)

### City Manager

- Zachary Walker (2016-present)
- John Pinch (2015 - 2016 acting city manager)
- Robert Heacock (2004-2015)
- Larry Blick (1993-2004)



May 9, 2024
Page 7

The City will conduct a reasonable search to identify any additional people who served in this role.

<u>Assistant City Manager</u>

- Position currently filled as follows:
    - Jaime Rehmsmeyer serves as Interim Assistant City Manager for Internal Operations. Rehmsmeyer is currently the Director of Human Resources for the City of Independence and continues to oversee Human Resources as well as provide oversight for the departments of Finance, Technology Services, Communications and the City Clerk's office.
    - Lisa Reynolds serves as the Interim Assistant City Manager for Community Services. Reynolds is currently the Director of Municipal Services for the City of Independence and will continue to oversee the Municipal Services department along with Independence Power & Light, Parks, Recreation & Tourism and Community Development.
- Adam Norris (2018-2024)
- Lauren Palmer (2016–2018)
- Mark Randall (2016)

The City did not have an Assistant City Manager position in 1996. The City will conduct a reasonable search to identify when this position was implemented and any additional individuals who served in it.

<u>Director of Community Development</u>

- Tom Scannell (2013-present)
- Jennifer Clark (pre-2013)

The City did not have a Director of Community Development position in 1996. The City will conduct a reasonable search to identify when this position was implemented and individuals who served in it.

<u>Manager of the Emergency Preparedness Division</u>

The division you refer to as the "Emergency Management Department" is called the "Emergency Preparedness Division" and is within the City Manager's Office. The Emergency Preparedness Division serves as the city's designated disaster response agency and emergency operations center with the responsibility for all disaster and emergency management and response coordination. The Division coordinates overdose prevention efforts, including classes and learning



May 9, 2024
Page 8

events on overdose prevention, as well as providing free Narcan. The Division was within the Fire Department until 2023, then it transitioned to the City Manager's Office.

- Dante Gliniecki (2014-present)
- Mark Widner (1996)

The City will conduct a reasonable search to identify when this position was implemented and the individuals who served in it.

### Chief of Fire Department

- Charles E. Lauss (August 2023-present)
- Doug Short (January 2018-July 2023)
- John Greene (2014-2017)
- Sandy Schiess (2005- 2014)
- Sandy Schiess (2004 interim fire chief)
- Larry Hodge (1995-2004)

### Chief Financial Officer

- Cindy Gray (2019-2022)
- Brian Watson (pre-2019)

The Chief Financial Officer position existed for only a few years. It has not existed since Cindy Gray became the Finance Director. The City will conduct a reasonable search to identify the years Brian Watson served in this role and if the position existed at other times and which individuals served in it.

### Finance and Administration Director

- Cindy Gray (January 2022-2024)
- Bryan Kidney (2018-2022)
- Brian Watson (2105-2018)
- James Harlow (1996)

The City will conduct a reasonable search to identify additional individuals who served as the Finance and Administration Director.



May 9, 2024
Page 9

<u>Presiding Judge of Municipal Court</u>

- Garry L Helm (1996-present)

<u>Director of Municipal Services</u>

This department maintains City infrastructure items and functions, such as streets, sanitary sewer, stormwater mitigation, water distribution, drinking water treatment, and wastewater treatment. The City does not believe this agency has relevant information.

- Lisa Reynolds (current)

The City did not have a Director of Municipal Services position in 1996. The City will conduct a reasonable search to identify any additional individuals who served as Director of Municipal Services.

**II.     Definitions in PBM Defendants' Discovery Requests**

- **"You" and "Your."** As previously explained, the City objects to the definition of "You" and "Your" on the grounds that it is overly broad, vague, and seeks to extend the requests beyond the parties to this litigation. Nonetheless, the City will search the custodial files for all agreed upon custodians (including departmental custodians) and produce any relevant, non-privileged documents. The City will not withhold (or redact in relevant part) responsive, non-privileged documents in its possession, custody, or control based on its objection to the definition of "You" and "Your." To the extent you have concerns about the inclusion of any specific individual or entity, the City is willing to meet and confer.

- **"Defendants."** The City objects to the PBM Defendants' definition of "Defendants" on the grounds that it is overly broad, vague, and seeks to extend the requests beyond the parties to this litigation. The City will not answer discovery requests about non-PBM Defendants. Nonetheless, the City will search agreed upon search terms. To the extent those searches produce documents relating to entities beyond the PBM Defendants, the City will not withhold (or redact in relevant part) responsive, non-privileged documents in its possession, custody, or control based on its objection to the definition of "Defendants."

- **"Financial Harm."** As the City previously noted, the PBM Defendants did not even issue a request for documents that includes the term "Financial Harm." The PBM Defendants represented to the City of Rochester that they would go back and confirm that the term "Financial Harm" does not appear in their requests. The City understands that the PBM



May 9, 2024
Page 10

Defendants have not yet done that. In order for the City to respond further on this issue, it needs the PBM Defendants to explain the relevancy of this term.

- **"Illicit Drugs."** As the PBM Defendants note, the City agreed to include heroin, illicit fentanyl, fentanyl analogs, carfentanil, counterfeit prescription opioids, and prescription opioids in the definition of "Illicit Drugs." The City continues to object to the inclusion of and will not search for any other drug in the PBM Defendants' definition of "Illicit Drugs." If the meet and confer discussions with the City of Rochester regarding the Drug Scope Search Terms, which the City has agreed to adopt, do not resolve this issue, the City agrees we are at an impasse.

**III.    PBM Defendants' First Set of Requests for Production**

    **a.    Request for Production No. 1**

Request for Production No. 1 seeks all documents referring to, relating to, or supporting the City's claims or allegations against the Defendants, including all Documents used in preparing the Complaint, all Documents the City provides to any testifying expert witnesses that the City retains, all Documents the City intends to introduce in support of any dispositive motion, and all Documents the City intends to introduce at trial. As the PBM Defendants note, the City has already produced the non-privileged documents used in the preparation of the Plaintiff's Amended Complaint that were not already cited in the complaint or publicly available. In its Supplement, the City also identified additional responsive documents. The City continues to object to the remainder of Request for Production No. 1 as premature. The City has not yet identified all documents that support its claims, the City's testifying expert witnesses, or documents the City will introduce in support of dispositive motions or at trial. The City will supplement its response to Request for Production No. 1 with this information according to the deadlines specified in the CMO.

    **b.    Request for Production Nos. 2, 3, and 4**

Request for Production No. 2 seeks all documents relating to the City's calculation of the monetary relief the City seeks, including all annual and periodic budgets, draft budgets, budget proposals, financial statements, financial audit reports, and records of costs and expenditures for the City and for each of the City's departments, agencies, and other constituent entities that have incurred costs for which the City seeks monetary relief. The relevant departments, agencies, or other entities relevant to this request are:

- City Clerk
- City Council



May 9, 2024
Page 11

- City Manager
- Fire Department
- Health
- Human Resources
- Internal Services
- Municipal Court
- Parks, Recreation and Tourism
- Police Department

The City has already produced its operating budgets for 2005-2023 and comprehensive annual financial reports for 2013-2023 for all divisions, INDMO0003008 - INDMO0012066, *see supra* note 2. The City will conduct a reasonable search for and produce any additional annual and periodic budgets, draft budgets, budget proposals, financial statements, financial audit reports, and records of costs and expenditures. The City will appropriately log any documents withheld or redacted due to privilege.

In regard to Request for Production No. 3, the PBM Defendants claim the City has not supplemented its response to reflect its agreement to produce documents related to grants, disbursements, donations, charitable giving, bequests, judgments, settlements, or any other funds related to other substance, including alcohol. That is simply not true. In its Supplement, the City refers the PBM Defendants to a website with information regarding opioid-related settlements. The City also states it will produce documents reflecting responsive grants, the City's Comprehensive Annual Financial Reports, and annual approval budgets maintained in the course of business that can be located through a reasonable, diligent search, and are within the City's possession, custody, or control. The City also states further information responsive to this request will be contained in the financial data that the City will produce by the deadlines contemplated by the CMO.

The City believes its Supplement sufficiently addresses previous concerns related to Request for Production No. 4 raised by the PBM Defendants. If the PBM Defendants disagree, the City is willing to meet and confer regarding this request after the PBM Defendants identify their specific concerns.

c. **Request for Production Nos. 5, 6, 7, 8 and 12**

The City believes its Supplement sufficiently address previous concerns related to Requests 5-7 raised by the PBM Defendants. If the PBM Defendants disagree, the City is willing to meet and confer regarding this request after the PBM Defendants identify their specific concerns.



May 9, 2024
Page 12

Request 8 seeks documents relating to any wrongful conduct or illegal activity related to Opioids by any Person in the City. The PBM Defendants now ask the City whether it will agree to produce all relevant closed arrests and investigations rather than a sampling of closed arrests. The City will produce a spreadsheet identifying all closed arrests along with one closed arrest report. After the PBM Defendants review that information, the City is willing to further meet and confer regarding a sampling protocol for closed arrest reports.

Request No. 12 seeks documents relating to the overdose of any individual as a result of any Illicit Drug, Opioid or Prescription Opioid in the City of Independence. The City objects to this request to the extent it seeks Substance Use Disorder Patient Records, which are protected from disclosure pursuant to 42 C.F.R. § 2.64, and will not produce these records. Subject to that limitation, the City will produce responsive, non-privileged documents in its possession, custody, or control.

### d. Request for Production Nos. 10 and 11

Request 10 seeks data reflecting every prescription opioid dispensed to a member or beneficiary of the City's health plan. Request 11 seeks documents constituting or relating to any contracts, negotiations, communications, or transactions between the City and any health care insurer, health plan, workers' compensation provider, government payor, third-party administrator, or pharmacy benefit manager relating to the provision of health insurance, health benefits, formulary management services, or utilization management services to the City. Although the City made certain objections in response to Requests 10 and 11, it is not withholding documents based on any objection other than privilege. The City will conduct a reasonable search for and produce responsive, non-privileged documents in its possession, custody, or control related to these requests.

## IV. PBM Defendants' First Set of Interrogatories

### a. Interrogatory Nos. 1 and 2

Interrogatory No. 1 requests the identity of individuals whom the City may use to support its claims or who have knowledge of the facts and circumstances alleged in the City's Complaint, including the individuals' contact information. In its April 30, 2024 supplemental response to Interrogatory No. 1, the City provided additional information on twelve individuals, including two former employees (Melissa Balino and Terri Covington). The City also identified numerous former employees above. Since the City supplemented its response to Interrogatory No. 1, the City has also identified an additional person with knowledge from the Emergency Preparedness Division of the City Manager's Office: Dante Gliniecki, Manager, 2014-2024. The Emergency Preparedness Division serves as the city's designated disaster response agency and emergency



May 9, 2024
Page 13

operations center with the responsibility for all disaster and emergency management and response coordination. The Division coordinates overdose prevention efforts, including classes and learning events on overdose prevention, as well as providing free Narcan. The Division was within the Fire Department until 2023, then it transitioned to the City Manager's Office. The organizational charts produced within the Annual Proposed Budgets identify additional divisions within the Fire Department, *see* s*upra* notes 1, 2. For example, in 2017 and 2018, the divisions included: Emergency Medical Services, Emergency Preparedness, Fire Operations, Fire Prevention and Training/Professional Development (INDMO0004977). The City will further supplement its response as discovery proceeds.

Interrogatory No. 2 requests that the City identify each of its past and present departments, agencies, subdivisions or other constituent entities that possess documents, data, records, or other information relating to the allegations in the Complaint. The City identified each of its departments in its supplemental response to Interrogatory No. 2. Additional entities like the Emergency Preparedness Division and ARCH program are explained herein. The City will supplement Interrogatory No. 2 with these two entities and any others it discovers as discovery proceeds. The City also produced organization charts that show the various structure of the City and its various departments. *See supra* notes 1, 2.

### b. All Other Interrogatories (Nos. 3, 6, 8, 9, and 10)

Interrogatory No. 3 requests that the City identify every action taken in the Discovery Time Period to limit the abuse, misuse, diversion, supply or availability of Opioids in the City of Independence. The City has done just that in its Supplement. However, the PBM Defendants' May 2, 2024 letter requests additional information beyond the scope of Interrogatory No. 3. For example, the PBM Defendants ask the City to not only identify the specific actions taken but go on to create new demands, including the persons responsible for taking the actions and what the actions entailed. Nonetheless, the City refers the PBM Defendants to its response to Interrogatory No. 1 which identifies the relevant individuals and includes a description of their relevant knowledge. In addition, the City will supplement Interrogatory No. 3 with more detailed information about each action as discovery proceeds.

Interrogatory No. 6 asks the City to identify and describe in detail every action the City has taken during the Discovery Time Period to limit the abuse, misuse, diversion, supply, or availability of Opioids by members or beneficiaries. The City refers the PBM Defendants to its response to Interrogatory No. 3. For all the same reasons stated above, the City's response to Interrogatory No. 6 is sufficient. In addition, the City will supplement Interrogatory No. 6 with more detailed information about each action as discovery proceeds.



May 9, 2024
Page 14

In regard to Interrogatory Nos. 8 and 9, Special Master Cohen ruled on April 15, 2024 that the City of Rochester was not required to amend or supplement its nearly identical responses to Interrogatory Nos. 8-9 at this juncture. Thus, the City will not supplement its responses at this time.

Interrogatory No. 10 asks the City to identify and describe in detail the specific actions that the City contends the PBM Defendants must take to abate the public nuisance alleged in the Complaint. The PBM Defendants claim the City's April 30, 2024 supplement to Interrogatory No. 10 is deficient because it fails to identify which activities the City is seeking to be funded. The City disagrees. The City's supplemental response is consistent with Special Master Cohen's April 15, 2024 ruling regarding the City of Rochester's response to Interrogatory No. 10. The City will further supplement its response as discovery proceeds.

Sincerely,

*/s/ Paige Boggs*
Paige Boggs

cc:     PBM@listserv.motleyrice.com
        CT12-15_PBM_PLAINTIFFS_DD_TEAM@LISTSERV.MOTLEYRICE.COM