# EXHIBIT 22



401 9th St. NW, Suite 630
Washington, DC 20004
**o.** 202.232.5504  **f.** 202.232.5513

**E. Paige Boggs**
*Licensed in DC, IL, IN*
direct: 202.386.9629
pboggs@motleyrice.com

www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

May 20, 2024

**VIA EMAIL**
David@specialmaster.law

Re:     *In re: National Prescription Opiate Litigation,* MDL No. 2804 (N.D. Ohio), *City of
        Independence, Missouri v. Williams*, No. 19-op-45371 ("Track 14"); Discovery Letter

Dear Special Master Cohen,

        I write on behalf of Plaintiff the City of Independence, Missouri (the "City") in response
to the Express Scripts and Optum Defendants' ("Defendants") letter to you dated May 14, 2024
regarding a purported dispute concerning the City's custodian list.  Over the past few weeks, the
City has disclosed more than 150 current and former City employees and answered numerous
questions about the City's operation.  The parties have not yet met and conferred to determine
what, if any, additional information Defendants believe they may need to select custodians.  Thus,
to the extent a dispute still exists, it is not yet ripe for your intervention.

**The City's Response to Defendants' Allegations**

        Defendants' contention that they lack sufficient information to identify custodians is
baseless.  On March 1, 2024—two months before the City was required to propose custodians—
the City produced organizational charts for all departments.[1, 2]  The City's April 30th list of

---

[1] *See e.g.*, INDMO00030008, the 2013-14 Adopted Operating Budget: Mayor and City Council at
INDMO0003009 (Mayor-Don Reimal; At-Large Councilmembers-James Schultz and Chris
Whiting; District 1- Marci Bragg; District 2-Curt Dougherty; District 3- Myron Paris; District 4-
Eileen Weir; City Manager- Robert Heacock); City Council/ Mayor at INDMO0003060; City
Clerk at INDMO0003066; Mayor and City Council at INDMO0003075; Municipal Court at
INDMO0003098; Finance at INDMO0003111; Human Resources at INDMO0003124; Police
Department at INDMO0003159; Fire Department at INDMO0003198; Health Department at
INDMO0003222; Parks and Recreation at INDMO0003263.

[2] The organizational charts are within the adopted budgets.  *See* INDMO0008131, 2005-2006
Adopted Budget; INDMO0008621, 2006-2007 Adopted Budget; INDMO0009121, 2007-2008
Adopted Budget; INDMO0009595, 2008-2009 Adopted Budget; INDMO0010095, 2009-2010
Adopted Budget; INDMO0010596, 2010-2011 Adopted Budget; INDMO0011084, 2011-2012
Adopted Budget; INDMO0011584, 2012-2013 Adopted Budget; INDMO0003008, 2013-2014
Adopted Budget; INDMO0003492, 2014-2015 Adopted Budget; INDMO0003979, 2015-2016
Adopted Budget; INDMO0004450, 2016-2017 Adopted Operating Budget; INDMO0004904,



May 20, 2024
Page 2

proposed custodians (attached as Exhibit A) identifies a reasonable number of individuals who collectively possess the most relevant, non-duplicative, first-hand knowledge of the opioid epidemic and other issues in this case during the relevant time period. Nonetheless, over the past couple of weeks, the City has been meeting and conferring with Defendants in good faith to disclose additional individuals Defendants may want to consider including as custodians. The City believes many of the representations Defendants made in their May 14, 2024 letter are untrue or lack the necessary context. Specifically:

- The City has disclosed *over 100 former employees* who held various positions in which Defendants expressed an interest—not a "small handful."

- The City identified 9 departments—not 15 departments—that it believes *may* have documents or data related to the allegations in the City's Complaint. *See* City's First Suppl. Resp. to Interrog. No. 2 (attached as Exhibit B). Nonetheless, the City disclosed *over 150 current and former employees* who collectively represent every City department except for the Power and Light Department, including:

  o Mayors from 1994 to present (4 individuals)
  o City Councilmembers from 1994 to present (30 individuals)
  o Chiefs of the Fire Department from 1995 to present (6 individuals)
  o The Battalion Chief for the Fire Department from 1995 to present – (5 individuals)
  o Chiefs of Police Department from 1994 to present (6 individuals)
  o City Managers from 1993 to present (4 individuals)
  o Assistant City Managers from 1972 to present (6 individuals)
  o City Clerks from 1969 to present (4 individuals)
  o Directors of Community Development from 2008 to present (2 individuals)
  o Chief Financial Officers (2 individuals)
  o Finance and Administration Directors from 1996 to present (4 individuals)
  o Presiding Judge of the Municipal Court from 1996 to present (1 individual)
  o Directors of Municipal Services from 1996 to present (4 individuals)
  o Managers of the Emergency Preparedness Division (in City Manager's Office) from 2004 to present (3 individuals)
  o Public Health Specialists from 2001 to present (11 individuals)
  o Directors of Communications from 1994 to present (4 individuals)

2017-2018 Adopted Budget; INDMO0007883, 2018-2019 Adopted Budget; INDMO0005250, 2019-2020 Adopted Budget; INDMO0005456, 2020-2021 Adopted Budget; INDMO0005663, 2021-2022 Adopted Budget; INDMO0005942, 2022-2023 Adopted Budget.



May 20, 2024
Page 3

     o       Police School Resources Officers (15 individuals)
     o       Members of the Jackson County Drug Task Force (24 individuals)
     o       Members of the City of Independence Drug Enforcement Unit (21 individuals)
     o       Members of the interdepartmental Alternative Response for Community Health ("ARCH") program which began in 2022 (3 individuals)

*See* City's May 9, 2024 and May 17, 2024 letters to Defendants (attached as Exhibits C and D, respectively). At Defendants' request, the City even disclosed current and former employees for departments the City believes have no relevance to this litigation like the Municipal Services Department, which is responsible for maintaining the City's infrastructure like stormwater mitigation and drinking water treatment. *See* Ex. D. at 7.

•     Of the 9 relevant departments the City identified, there are two departments for which an individual custodian is not appropriate. Relevant information from the City Clerk and Municipal Court are not found in an individual's emails but in the departments' files. The City has already agreed to search and produce documents from these two departments. The City has also offered 19 individual custodians representing 6 of the 9 relevant departments (see chart below). For the remaining relevant department (Internal Services – Finance Department), the City offers the following former Directors of the Finance Department as custodians: Cindy Gray (2022-2024), Bryan Kidney (2018-2022), and Brian Watson (2015-2018). With these 4 additions, the City has now offered Defendants 22 custodians.

|    | Employee Name and Title | Department | Years |
|----|---|---|---|
| 1. | Dr. Bridget McCandless, City Councilmember At-Large | City Council | 11/2022-present |
| 2. | Dante Gliniecki, Manager | Emergency Preparedness Division within City Manager's Office | 2014-current |
| 3. | Cindy Gray, Director | Internal Services – Finance Department | 2022-2024 |
| 4. | Bryan  Kidney, Director | Internal Services – Finance Department | 2018-2022 |
| 5. | Brian Watson, Director | Internal Services – Finance Department | 2015-2018 |
| 6. | John Borel, Battalion Chief of EMS | Fire Department | 2017-present (in current role since 2020) |



May 20, 2024
Page 4

| 7. | Matt Heffernan, ARCH Program - Community Paramedic | Fire Department | 2010-present (current role 2023-present) |
|----|-----|-----|-----|
| 8. | Michael Veit, Captain/Paramedic, Stay Well Committee Chair | Fire Department | 2009-present |
| 9. | Cyndy  Jackson, ARCH Program - Licensed Clinical Social Worker | Health | 4/2023 - present |
| 10. | Justin Newkirk, ARCH Program - Licensed Clinical Social Worker | Health | 4/2023 - present |
| 11. | Terrell Sage, Public Health Specialist | Health | 2022-present |
| 12. | Halie Smith-Griffin, Public Health Specialist | Health | 2021-present |
| 13. | Christina Heinen, Director | Health/Animal Services | 2007-present (current role 2018-present) |
| 14. | Melissa Balino, Benefits Administrator | Human Resources | 2018-2023 |
| 15. | Terri Covington, Benefits Administrator | Human Resources | 2002-2022 |
| 16. | Bethany Dickey, Benefits Administrator | Human Resources | 2022-present (in current role since 2023) |
| 17. | Mike Hicks, Assistant Director | Parks Recreation Tourism | 1998-present |
| 18. | Justin English, Sergeant | Police Department | 2011-present |
| 19. | Phil Hininger, Sergeant | Police Department | 1998-present (in current role since 2020) |
| 20. | Mark Kelsey, Major | Police Department | 1996-present (in current role since 2021) |
| 21. | Jason Petersen, Deputy Chief - Operations Support | Police Department | 1995-present |
| 22. | Shaun Warren, Detective in Jackson County Drug Task Force | Police Department | 2000-present (current role since 9/2022) |

- Defendants' assertion that the City failed to provide information regarding departmental custodians is false.  The City stated it would provide that information by May 17, 2024,



May 20, 2024
Page 5

and it did.  The City proposed including the City Clerk and Municipal Courts as departmental custodians because those departments do not warrant individual custodians. *See* Ex. C at 3; Ex. D. at 1.  The chart the City produced on May 17, 2024 (attached as Exhibit E) describes with specificity the documents the City proposes to produce for the City Clerk's Office and the Municipal Courts.  *See* Ex. E, Column E.  The chart also states the time period for which each department has retained records; however, the City is still determining dates for which some departments have retained non-email electronic records and paper records.

- Defendants' concerns regarding pre-2014 emails are misplaced.  Every City department has retained emails for current and former employees from 2014 to present.  As the City previously explained to Defendants, the City switched email servers in or around 2014—five years before this litigation commenced.  Although the City saved backup files containing emails prior to 2014, those backup files were lost because of a ransomware attack in 2020.  Many, if not all, City departments possess non-email electronic documents and paper documents prior to 2014.

- Defendants' argument that they cannot identify custodians because the City has not produced a single custodial document is nonsensical.  Defendants must identify custodians before the City can produce their files.  The deadline to begin custodial productions is not until June 14, 2024.  Defendants' complaint that the City has only produced financial, budget-related information and screenshots of publicly available websites rings similarly hollow.  Several of Defendants' requests call for financial, budget-related information.  Moreover, the City is a public entity and therefore much of its operations and personnel are a matter of public record.

In summary, the complaints Defendants raise regarding the City's proposed custodians are unfounded.  Defendants' request for an indefinite extension by which to raise custodial disputes is improper and inappropriate given the City's good-faith efforts described herein.  Nonetheless, the City does not oppose a reasonable extension of the deadline.

Sincerely,

*/s/ Paige Boggs*
Paige Boggs

cc:    PBM@listserv.motleyrice.com
       CT12-15_PBM_PLAINTIFFS_DD_TEAM@LISTSERV.MOTLEYRICE.COM



May 20, 2024
Page 6


esi-opioids@quinnemanuel.com
Optum.opioid.team@alston.com

# Exhibit A



401 9ᵗʰ St. NW, Suite 630
Washington, DC 20004
**o.** 202.232.5504   **f.** 202.232.5513

**E. Paige Boggs**
*Licensed in DC, IL, IN*
direct: 202.386.9629
pboggs@motleyrice.com

www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

April 30, 2024

**VIA EMAIL**
esi-opioids@quinnemanuel.com
Optum.opioid.team@alston.com

Re:     *In re: National Prescription Opiate Litigation,* MDL No. 2804 (N.D. Ohio) *City of Independence, Missouri v. Williams*, No. 19-op-45371 ("Track 14") Proposed Search Terms and Custodians

Counsel,

I write on behalf of the City of Independence to identify its proposed document custodians and search terms per Dkt. No. 5282.

| Name | Current Title | City Employment Timeframe |
|---|---|---|
| Dr. Bridget McCandless | City Councilmember At-Large | 2022-present |
| John Borel | Battalion Chief of EMS, Fire Department | 2017-present |
| Halie Smith-Griffin | Public Health Specialist, Health | 2021-present |
| Christina Heinen | Director, Health and Animal Services | 2007-present |
| Melissa Balino | Benefits Administrator - former, Human Resources | 2018-2023 |
| Terri Covington | Benefits Administrator - former, Human Resources | 2002-2022 |
| Bethany Dickey | Benefits Administrator, Human Resources | 2022-present |
| Mark Kelsey | Major, Police Department | 1996-present |
| Justin English | Sergeant in Jackson County Drug Task Force, Police Department | 2011-present |
| Phil Hininger | Sergeant in Criminal Investigations, Police Department | 1998-present |
| Jason Petersen | Deputy Chief - Operations Support, Police Department | 1995-present |
| Shaun Warren | Detective in Jackson County Drug Task Force, Police Department | 2000-present |



April 30, 2024
Page 2


Please see the attached list of proposed search terms. As you will see, these mirror the terms proposed by the City of Rochester, including those currently in dispute in front of Special Master Cohen, with the exception of the Rochester specific terms. The City will accept the final list of search terms determined as a result of that dispute, with the exception of the Rochester specific terms (*e.g.*, (Lawley w/5 insur*) OR (John w/3 Berger) OR MVP OR Excellus OR Triad OR PMA OR POMCO), and apply them to custodial files agreed to by the parties.


Sincerely,

*/s/ Paige Boggs*
Paige Boggs

cc:     PBM@listserv.motleyrice.com
        CT12-15_PBM_PLAINTIFFS_DD_TEAM@LISTSERV.MOTLEYRICE.COM
        joanne@cicalapllc.com
        shelbi@cicalapllc.com



April 30, 2024
Page 3

**City of Independence Search Terms for Plaintiff Documents**
**MDL CT14 – Opioids PBM**
**April 30, 2024**

| No. | Terms |
|---|---|
| 1. | Optum* or "Express Scripts" or "ExpressScripts" OR Evernorth or Medco or "ESI Mail" OR (ESI w/2 Pharma*) OR (Express w/2 Script*) OR (ESI w/2 Process*) OR "United Health" OR UnitedHealth |
| 2. | (AWPRx OR "CVS Caremark" OR Purdue OR Actavis OR Allergan OR "Watson Laboratories" OR "Watson Pharma*" OR Cephalon OR Teva OR Janssen OR "J&J" OR "J & J" OR "Johnson and Johnson" OR "Johnson & Johnson" OR "Ortho-McNeil-Janssen" OR Endo OR Mallin* OR Malin* OR "SpecGX" OR "Spec GX" OR Sackler* OR Mylan OR Insys OR "Rhodes Technologies" OR "Rhodes Technolog*" OR "Rhodes Pharma*" OR "P.F. Laboratories" OR "Par Pharma*" OR Sandoz OR "West Pharma*" OR Hikma OR Amneal OR Noramco OR "Miami-Luken" OR Sackler OR "Cardinal Health" OR "Cardinal distrib*" OR McKesson OR Amerisource* OR ABDC OR Bergen OR "American Medical Distributors" OR Bellco OR Blenheim OR Darby OR "Eveready Wholesal*" OR Kinray OR "PSS World Medical" OR "Rochester Cooperative" OR Publix OR "SAJ Distrib*" OR "Value Drug" OR "Smith Drug" OR Kroger OR "Henry Schein" OR "Prime Therapeut*" OR Navitus OR CVS OR HBC OR RiteAid OR "Rite Aid" OR Walgreen* OR Walmart OR "Wal-Mart" OR "Wal*Mart" OR Caremark OR "Stuart Baker" OR "John Kapoor") AND [DRUG BLOCK] |
| 3. | OxyContin OR Oxy OR Oxys OR "MS Contin" OR Dilaudid* OR Butrans OR Hysingla* OR Targin OR Kadian OR Norco OR Actiq OR Fentora OR Duragesic OR Nucynta* OR Opana OR Percodan OR Percocet OR Zydone OR Subsys OR Exalgo OR Roxicodone OR Xartemis* OR Roxy OR Roxi or Roxis OR Zohydro OR Lortab* OR Lorcet |
| 4. | opioid* OR opiate* OR heroin OR fentanyl OR herin OR herion OR heroine OR morphine OR carfent* OR opiod* OR opoid* OR opium* |
| 5. | oxycodone OR morphine OR hydrocodone OR hydromorphone OR buprenorphine OR tapentadol OR oxymorphone OR carfentanil OR dihydrocodeine OR meperidine OR TIRF OR transmucosal OR Vicodin OR Oxyco* or oxymo* OR hydroco* or hydromo* OR hydromorphine OR hydros |
| 6. | narcan OR naltrexone OR naloxone OR Revia OR Vivitrol OR Bunavail OR Zubsolv OR methadone OR suboxone OR Sublocade OR Probuphine OR (overdos* and (antidote w/3 kit*)) OR Methadose OR LAAM OR levomethadyl |
| 7. | overdos* OR (Opioid w/5 epidemic) OR (pill w/2 mill*) OR "pill mill" OR pillmill* OR (over w/2 dose*) OR (suspicious w/10 prescrib*) |
| 8. | ((drug OR drugs) /2 (dispos* OR "take back" OR takeback)) OR "needle |



April 30, 2024
Page 4

| No. | Terms |
|---|---|
| | exchange" OR "substance abuse prevention" OR "medication assisted treatment" OR MAT) |
| 9. | (DBT OR "drug reclamation" OR Deterra OR "needle exchange" OR "syringe exchange" OR "syringe service" OR "harm reduction" OR "substance abuse prevention" OR (drug* w/3 court) OR "diversion court" OR "diversion program" OR "intervention court" OR "Substance Use Disorder" OR "polysubstance abuse") <br> AND DRUG BLOCK |
| 10. | ("peer recovery" OR "peer-based support" OR (peer w/2 coach*) OR (peer w/2 counsel*) OR "recovery housing" OR "transitional housing" OR "recovery residence*" OR "narcotics anonymous" OR "recovery coach*" or "recovery support" or "recovery services" or "recovery community center" OR ("mobile unit" w/10 (drug* OR treat* OR addict* OR OUD OR opioid OR abuse OR substance))) <br> AND DRUG BLOCK |
| 11. | ((("task force" OR taskforce OR committee* OR subcommittee* OR group* OR board* OR panel* OR legislat* OR lobby*) w/10 (narcotic* OR drug* OR heroin OR fentanyl OR opioid OR opiate OR diversion))) <br> AND DRUG BLOCK |
| 12. | ("Neonatal Abstinence Syndrome" or NAS or "neonatal opioid withdrawal syndrome" or NOWS OR "substance-exposed" OR "prenatal drug exposure" OR "prenatally-exposed" OR "substance affected" OR "prenatal exposure" OR "affected infant" OR "Neonatal Opi* withdrawal syndrome") <br> AND DRUG BLOCK |
| 13. | (pain w/2 (chronic* OR "long term" OR extend* OR treat* OR doctor* OR Dr OR prescrib* OR prescript* OR nurse* OR physician* OR specialist* OR provider* OR HCP* OR PCP*)) OR painkiller* OR "pain-killer*" OR "pain killer*" OR "pain medic*" OR analgesic* OR (pain w/3 pill*) |
| 14. | ("Formulary" OR "Drug List" OR "Preferred Drug List" OR "day* supply" OR "dosing-limit" OR "dos* limit*" OR "dose-limit" OR "dosage-limit" OR "utilization management" OR TPA OR ("third party" w/2 admin*) OR (pharmac* w/3 benefit*) OR PBM OR "prior authorization" OR rebat*) <br> AND [DRUG BLOCK] |
| 15. | ((prescriber* OR physician* OR doctor*) w/4 (monitor* OR validat* OR review* OR outlier* OR suspic* OR concern* OR highest OR "high quantity" OR "high volume" OR "high prescribing" OR overprescri* OR indict* OR complaint* OR misconduct OR disciplin* OR investig* OR questionabl* OR license OR terminat* OR escalat* OR revoke* OR suspend* OR probation OR "shut off" OR "shutting off" OR "cutting off" OR "cut off" OR "hard stop" OR "no longer fill" OR "will not fill")) <br> AND <br> ([AGENCY BLOCK] OR [DRUG BLOCK]) |



April 30, 2024
Page 5

| No. | Terms |
|---|---|
| 16. | PMP OR "prescription monitoring program" OR PDMP OR "prescription drug monitoring program" OR (prescription w/5 monitor*) OR "patient monitoring database*" OR "Rx monitoring" OR (("drug" or "substance*" OR prescri*) w/5 ("monitoring program*")) |
| 17. | (cost* OR budget* OR expen* OR grant* OR fund* OR money OR monies* OR monetar* OR dollar* OR financ* OR revenue OR account* OR price OR abat* OR prevent OR program OR initiative OR tax* OR recover OR redress OR interdict OR ameliorat* OR financ* OR forecast OR emergenc* OR ambulance OR "first respond*" OR polic* OR "Medical Examiner" OR coroner* OR toxicolog* OR forensic OR patholog* OR "Medic facil*" OR harm OR damag* OR injur* OR loss OR devastat* OR toll OR impact OR hospit* OR patient* OR death OR die OR kill OR action OR nuisance OR proceeding OR discipline OR punish OR fine OR settle OR prosecut* OR (juvenile w/3 court)) AND [DRUG BLOCK] |
| 18. | (pain w/2 (control* OR assess* OR treat* OR interven*)) OR (pain w/5 (stigma* OR bias*)) OR (addict* w/5 (stigma* OR bias*)) OR ("substance use" w/5 (stigma* OR bias*)) OR ("substance abuse" w/5 (stigma* OR bias*)) |
| 19. | (FDA OR DEA OR CSA OR "controlled substance*") w/10 (manufactur* or distribut* or doctor* or pharmac* or dentist* or prescri* or veterinar* or nurse* or physician*) AND [DRUG BLOCK] |
| 20. | ((Grant* OR Fund* or donat*) w/10 (SAMSHA OR "substance abuse" OR SOR) |

**SEARCH TERM BLOCKS**

**[DRUG BLOCK]:**
Abstral OR Alor OR Anexsia OR Apadaz OR Arymo OR Avinza OR Azdone OR Bancap OR Benzhydrocodone OR Combunox OR Contin OR damason OR dazidox OR Delaud* OR Dilaud* OR Dolophine OR embeda OR Endocet OR Endocodone OR Endodan OR ETH-Oxydose OR Exalg* OR fentin* OR HCP OR Hising* OR Hycet OR hydro* OR hydromorph* OR Hysing* OR Ibudone OR Ionsys OR LAO OR Lazanda OR Lynox OR Magnacet OR Maxidone OR Morphabond OR "MSContin" OR MS-Contin OR Nalocet OR Narvox OR  Numorphan OR Numorphone OR onsolis OR Oramorph OR Oxaydo OR Oxecta OR oxy* Palladone OR Panasal OR Percolone OR Perloxx OR Primlev OR Reprexain OR Roxanol OR Roxecodone OR Roxibond OR Roxicet OR Roxico* OR Roxilox OR Roxiprin OR Ryzolt OR SAO OR Sublimaze OR tapent* OR Targin* OR tapentadol OR Targiniq OR Taxadone OR Tylox OR Verdrocet OR Vicoprofen OR Xodol OR Xolox OR Xtampza OR Xylon OR Zamicet OR c2 OR CII OR "schedule II" OR "schedule 2" OR opiat* OR Narcotic*



April 30, 2024
Page 6

**[AGENCY BLOCK]:**
("Board of Pharmacy" OR "Pharmacy Board" OR "Department of Justice" OR DOJ OR FDA OR "Federal Drug Administration" OR police OR "state authorities" OR "Federal authorities" OR "law enforcement" OR "regulatory authorities" OR regulators)

# Exhibit B

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804<br>Case No. 17-md-2804<br>Judge Dan Aaron Polster |
| **This document relates to:** | |
| *City of Independence, Missouri,*<br>Case No. 19-op-45371 (Track 14) | |

**PLAINTIFF THE CITY OF INDEPENDENCE'S FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS OPTUMRX, INC.'S AND EXPRESS SCRIPTS, INC.'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Case Management Order in *In re National Prescription Opiate Litigation*, No. 1:17-cv-2804 (Dkt. No. 5295), the City of Independence ("Plaintiff") hereby provides its first supplemental response to the Defendants' OptumRx, Inc. and Express Scripts, Inc.'s ("PBM Defendants") First Set of Interrogatories (the "Interrogatories" and, each individually, a "Interrogatory"), as follows:

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      Plaintiff objects to the Definitions of "You" and "Your" on the grounds that they are overly broad, vague, and seek to extend the requests beyond the Plaintiff entities that are named as Plaintiffs in this litigation. For purposes of its Responses, Plaintiffs will consider "You" and "Your" to mean The City of Independence and will respond with regard to information and documents in its possession, custody, or control.

2.      Plaintiff objects to the Definition of "Defendants" on the ground that it is overly broad, vague, and seeks to extend the requests beyond the Defendant entities that are named as Defendants in Plaintiff The City of Independence, Missouri's Supplemental and Amended Allegations to be Added to the Verified Complaint and Jury Demand. Specifically, Defendants' definition of "Defendants" broadly refers to each defendant named in Plaintiff City of Independence, Missouri's

Complaint, including any Defendant that Plaintiff City of Independence, Missouri, has settled with, severed, or dismissed as of the date of Plaintiff's responses to these Requests. For purposes of its Responses, Plaintiff will consider "Defendants" to mean Express Scripts, Inc., Express Scripts Administrators, LLC, Medco Health Solutions, Inc., ESI Mail Order Processing, Inc., ESI Mail Pharmacy Service, Inc., Express Scripts Pharmacy, Inc., Evernorth Health, Inc. (formerly Express Scripts Holding Company), and Express Scripts Specialty Distribution Services, Inc. (collectively, "Express Scripts"); and UnitedHealth Group, Inc., Optum, Inc., OptumInsight, Inc., OptumInsight Life Sciences, Inc., OptumRx, Inc., Optum Discount Card Services, LLC; Optum Perks, LLC; OptumHealth Care Solutions, LLC; OptumHealth Holdings, LLC; and Optum Health Networks, Inc., (collectively "Optum") and will respond with regard to information and documents as to those Defendants.

3.      Plaintiff objects to the Definition of "Financial Harm" to the extent that they seek to impose obligations on Plaintiff beyond those imposed by the Discovery Rules and the scope of the Complaint at issue. Plaintiff will respond in accordance with the applicable Discovery Rules and CMO deadlines and assumes no further obligation.

4.      Plaintiff objects to the Definition of "Illicit Drugs" to the extent that they seek to impose obligations on Plaintiff beyond those imposed by the Discovery Rules. Plaintiff will respond in accordance with the applicable Discovery Rules and assumes no further obligation. Plaintiff will respond to "Illicit Drugs" to mean heroin, illicit fentanyl, fentanyl analogs, carfentanil, counterfeit prescription opioids, and prescription opioids.

**SPECIFIC RESPONSES AND OBJECTIONS**

**Interrogatory No. 1:**

Identify each individual whom You may use to support Your claims against the Defendants, from whom You have obtained information about the Defendants, or who has knowledge of the facts

and circumstances alleged in the Complaint (including the Confidential Informant referenced in the Complaint) and describe the knowledge or information that they possess, their present or last known address, their telephone number (including area code), their title or occupation, and their employer.

**Response to Interrogatory No. 1:**

Plaintiff objects to this Interrogatory to the extent Plaintiff has not yet received adequate discovery from Defendants. As a result, Plaintiff has not completed its investigation of the facts relating to this action and have not yet completed its preparation for trial. Accordingly, this response is necessarily limited in nature, and reflect only that information known to Plaintiff at this time.

Plaintiff objects to this Interrogatory to the extent it prematurely seeks expert opinion(s).  All expert opinions will be disclosed on the dates set forth in the Case Management Order.

Subject to and without waiving objections, Plaintiff identifies the following individuals.

**City of Independence employees**:

| Name | Current Title | Subject Matter |
|---|---|---|
| Rory Rowland | Mayor, City Council | Knowledge of the opioid crisis relative to their respective City department(s). |
| Bridget McCandless | City Councilmember At-Large, City Council | Knowledge of the opioid crisis relative to their respective City department(s). |
| Jared Fears | City Councilmember At-Large, City Council | Knowledge of the opioid crisis relative to their respective City department(s). |
| Brice Stewart | City Councilmember – 2nd District, City Council | Knowledge of the opioid crisis relative to their respective City department(s). |
| Dan Hobart | Mayor Pro Tem / City Councilmember – 4th District, City Council | Knowledge of the opioid crisis relative to their respective City department(s). |
| Becky Behrens | City Clerk, City Clerk's Office | Knowledge of the opioid crisis relative to their respective City department(s). |
| Zach Walker | City Manager, City Manager's Office | Knowledge of the opioid crisis relative to their respective City department(s). |

| Meg Lewis | Communications Manager, Communications Department | Knowledge of the opioid crisis relative to their respective City department(s). |
|---|---|---|
| Tom Scannell | Director, Community Development | Knowledge of the opioid crisis relative to their respective City department(s). |
| Cindy Gray | Director, Finance Department | Knowledge of the opioid crisis relative to their respective City department(s). |
| Charles E. Lauss | Fire Chief, Fire Department | Knowledge of the opioid crisis relative to their respective City department(s). |
| Christina Heinen | Director, Health Department | Knowledge of the opioid crisis relative to their respective City department(s). |
| Lisa Reynolds | Municipal Services Director, Municipal Services | Knowledge of the opioid crisis relative to their respective City department(s). |
| Adam Dustman | Police Chief, Police Department | Knowledge of the opioid crisis relative to their respective City department(s). |

By indicating the general subject matter(s) of information these individuals may possess, Plaintiff is in no way limiting potential testimony and/or its right to call other individuals (or entities) to testify concerning other subjects.

Plaintiff also identifies current and former employees of Purdue and the PBM Defendants who were or will be disclosed in discovery.

Plaintiff also incorporates by reference: (i) any individuals or entities disclosed in its or any other party's discovery responses, in MDL 2804 or other federal or state court opioid actions; (ii) identification of persons or entities with knowledge disclosed by other parties, including Defendants, in MDL 2804 or other federal or state court opioid actions; and (iii) each witness who has been or will be noticed or subpoenaed by any party for a deposition, in MDL 2804 or other federal or state court opioid actions.

Plaintiff reserves its right to identify experts according to the CMO schedule.

Further, Plaintiff reserves its right to amend or supplement this response based on facts learned in expert discovery, third party discovery, or otherwise discoverable in this litigation prior to trial.

Plaintiff reserves its right to supplement and amend this response as discovery proceeds.

**First Supplemental Response to Interrogatory No. 1:**

Plaintiff incorporates its previous response and objections. Plaintiff provides the following supplemental response:

Plaintiff identifies the following individuals:

| Name | Current Title | Subject Matter |
|---|---|---|
| Dr. Bridget McCandless | City Councilmember At-Large | Knowledge of the City of Independence City Council's efforts to address the opioid epidemic. |
| John Borel | Battalion Chief of EMS, Fire Department | Knowledge of the City of Independence Fire Department's efforts to address the opioid epidemic, including Emergency Medical Service's emergency responses to overdoses, and the ARCH program ("Alternative Response for Community Health"). |
| Halie Smith-Griffin | Public Health Specialist, Health | Knowledge of the City of Independence Health Department's efforts to address the opioids epidemic, including the Eastern Jackson County Youth Overdose Prevention Task Force, Independence Mental Health Task Force, and the COMBAT Grant. |
| Christina Heinen | Director, Health and Animal Services | Knowledge of the City of Independence Health Department's efforts to address the opioids epidemic, including Eastern Jackson County Youth Overdose Prevention Task Force, free Narcan program, Alternative Response for Community Health (ARCH), and the department's community health assessments. |
| Melissa Balino | Benefits Administrator - former, Human Resources | Knowledge of City of Independence prior health care plans offered to city employees and retirees. |
| Terri Covington | Benefits Administrator - former, Human Resources | Knowledge of City of Independence prior health care plans offered to city employees and retirees. |
| Bethany Dickey | Benefits Administrator, Human Resources | Knowledge of City of Independence health care plans offered to city employees and retirees. |
| Mark Kelsey | Major, Police Department | Knowledge of the City of Independence Police Departments efforts to address the opioids epidemic, including the Eastern Jackson County Youth Opioid Task Force, Jackson County Drug Task Force, overdoses in schools, and police engagement with unhoused population. |

| Justin English | Sergeant in Jackson County Drug Task Force, Police Department | Knowledge of City of Independence Police Department's efforts to combat the opioids epidemic, including work on the Jackson County Drug Task Force and at Fort Osage High School. |
| Phil Hininger | Sergeant in Criminal Investigations, Police Department | Knowledge of City of Independence Police Department's efforts to combat the opioids epidemic, including Drug Take Backs, and tracking overdoses. |
| Jason Petersen | Deputy Chief - Operations Support, Police Department | Knowledge of City of Independence Police Department's efforts to combat the opioids epidemic, including drug investigations as part of the patrol unit, emergency responses to overdoses, Narcan use, recognizing drug impairment, and police resources. |
| Shaun Warren | Detective in Jackson County Drug Task Force, Police Department | Knowledge of City of Independence Police Department's efforts to combat the opioids epidemic, including work on the Jackson County Drug Task Force, Independence Police Department Patrol Unit emergency responses to overdoses, and drug investigations. |

By indicating the general subject matter(s) of information these individuals may possess, Plaintiff is in no way limiting potential testimony and/or its right to call other individuals (or entities) to testify concerning other subjects.

In addition, pursuant to Fed. Rule Civ. Proc. 33(d), Plaintiff refers Defendants to the following bates stamped documents contained in the CT12–15 Plaintiffs' production made on February 26, 2024, that are responsive to Defendants' Request for Production No. 1:

| Beg Control |
| --- |
| 7003178877 |
| 7003178881 |
| 7003178889 |
| 7006607303 |
| 7006622039 |
| 7007850486 |
| CAH_MDL2804_01524873 |
| E01_00004716 |

6

| Beg Control |
| --- |
| E513_00006452 |
| E513_00022558 |
| E513_00045035 |
| ENDO_AR-00064089 |
| ENDO_AR-00147922 |
| ENDO_MA_00234858 |
| ENDO_NMAG-00096205 |
| ENDO_OPIOID_OHAG-00030138 |
| ENDO_OPIOID_OHAG-00180024 |
| ENDO_SF-00314196 |
| ENDO_SF-00544115 |
| ENDO_SF-00544833 |
| ENDO_TXMDL_00405956 |
| ENDO_TXMDL_00412927 |
| ENDO_TXMDL_00421074 |
| ENDO_TXMDL_00431395 |
| ENDO_TXMDL_00437485 |
| ENDO_TXMDL_00448419 |
| ENDO_TXMDL_00448429 |
| ENDO_TXMDL_00448969 |
| ENDO_TXMDL_00460561 |
| ENDO_UTAH_00064654 |

| Beg Control |
|---|
| ENDO-CHI_LIT-00046378 |
| ENDO-CHI_LIT-00046379 |
| ENDO-CHI_LIT-00049404 |
| ENDO-CHI_LIT-01192986 |
| ENDO-OPIOID_MDL-00719759 |
| ENDO-OPIOID_MDL-02084872 |
| ENDO-OPIOID_MDL-02875114 |
| ENDO-OPIOID_MDL-03132966 |
| ENDO-OPIOID_MDL-06200835 |
| ENDO-OPIOID_MDL-07228036 |
| ESI_JEFFCOMO_000003092 |
| ESI_JEFFCOMO_000012632 |
| ESI_JEFFCOMO_000022947 |
| ESI_JEFFCOMO_000028723 |
| ESI_JEFFCOMO_000029922 |
| ESI_JEFFCOMO_000029940 |
| ESI_JEFFCOMO_000032900 |
| ESI_JEFFCOMO_000035317 |
| ESI_JEFFCOMO_000057794 |
| ESI_JEFFCOMO_000095166 |
| ESI_JEFFCOMO_000109001 |
| ESI_JEFFCOMO_000112612 |

| Beg Control |
| --- |
| ESI_JEFFCOMO_000123995 |
| ESI_JEFFCOMO_000135448 |
| ESI_JEFFCOMO_000138614 |
| ESI_JEFFCOMO_000146976 |
| ESI_JEFFCOMO_000146978 |
| ESI_JEFFCOMO_000169781 |
| ESI_JEFFCOMO_000178613 |
| ESI_JEFFCOMO_000179506 |
| ESI_JEFFCOMO_000203517 |
| ESI_JEFFCOMO_000203553 |
| ESI_JEFFCOMO_000225227 |
| ESI_JEFFCOMO_000225387 |
| ESI_JEFFCOMO_000227510 |
| ESI_JEFFCOMO_000231588 |
| ESI_JEFFCOMO_000250248 |
| ESI_JEFFCOMO_000259907 |
| ESI_JEFFCOMO_000260226 |
| ESI_JEFFCOMO_000262220 |
| ESI_JEFFCOMO_000262863 |
| ESI_JEFFCOMO_000265250 |
| ESI_JEFFCOMO_000273099 |
| ESI_JEFFCOMO_000273100 |

| Beg Control |
| --- |
| ESI_JEFFCOMO_000273681 |
| ESI_JEFFCOMO_000278190 |
| ESI_JEFFCOMO_000278192 |
| ESI_JEFFCOMO_000280354 |
| ESI_JEFFCOMO_000294896 |
| ESI_JEFFCOMO_000299137 |
| ESI_JEFFCOMO_000306081 |
| JAN-MS-01469882 |
| JAN-MS-01487978 |
| JAN-MS-01503622 |
| JAN-MS-01504291 |
| JAN-NYDFS-00001455181 |
| OPTUMRX_JEFFCO_0000004463 |
| OPTUMRX_JEFFCO_0000006804 |
| OPTUMRX_JEFFCO_0000011106 |
| OPTUMRX_JEFFCO_0000014268 |
| OPTUMRX_JEFFCO_0000014980 |
| OPTUMRX_JEFFCO_0000016352 |
| OPTUMRX_JEFFCO_0000017909 |
| OPTUMRX_JEFFCO_0000017988 |
| OPTUMRX_JEFFCO_0000026040 |

| Beg Control |
| --- |
| OPTUMRX_JEFFCO_0000041763 |
| OPTUMRX_JEFFCO_0000089527 |
| OPTUMRX_JEFFCO_0000097357 |
| OPTUMRX_JEFFCO_0000097369 |
| OPTUMRX_JEFFCO_0000107098 |
| OPTUMRX_JEFFCO_0000140266 |
| OPTUMRX_JEFFCO_0000184280 |
| OPTUMRX_JEFFCO_0000184961 |
| OPTUMRX_JEFFCO_0000206377 |
| OPTUMRX_JEFFCO_0000206573 |
| OPTUMRX_JEFFCO_0000221190 |
| OPTUMRX_JEFFCO_0000235659 |
| OPTUMRX_JEFFCO_0000236339 |
| OPTUMRX_JEFFCO_0000236830 |
| OPTUMRX_JEFFCO_0000261777 |
| OPTUMRX_JEFFCO_0000261976 |
| OPTUMRX_JEFFCO_0000280447 |
| OPTUMRX_JEFFCO_0000296152 |
| OPTUMRX_JEFFCO_0000314905 |
| OPTUMRX_JEFFCO_0000341787 |

| Beg Control |
| --- |
| OPTUMRX_JEFFCO_0000350470 |
| OPTUMRX_JEFFCO_0000360057 |
| OPTUMRX_JEFFCO_0000360074 |
| OPTUMRX_JEFFCO_0000366595 |
| OPTUMRX_JEFFCO_0000366858 |
| OPTUMRX_JEFFCO_0000374488 |
| OPTUMRX_JEFFCO_0000376666 |
| OPTUMRX_JEFFCO_0000376672 |
| OPTUMRX_JEFFCO_0000382075 |
| OPTUMRX_JEFFCO_0000385779 |
| OPTUMRX_JEFFCO_0000390555 |
| OPTUMRX_JEFFCO_0000392019 |
| OPTUMRX_JEFFCO_0000399766 |
| OPTUMRX_JEFFCO_0000399768 |
| OPTUMRX_JEFFCO_0000399770 |
| OPTUMRX_JEFFCO_0000407867 |
| OPTUMRX_JEFFCO_0000418885 |
| OPTUMRX_JEFFCO_0000430032 |
| OPTUMRX_JEFFCO_0000440961 |
| OPTUMRX_JEFFCO_0000443821 |

| Beg Control |
| --- |
| OPTUMRX_JEFFCO_0000444499 |
| OPTUMRX_JEFFCO_0000446761 |
| OPTUMRX_JEFFCO_0000450138 |
| OPTUMRX_JEFFCO_0000450143 |
| OPTUMRX_JEFFCO_0000450145 |
| OPTUMRX_JEFFCO_0000450631 |
| OPTUMRX_JEFFCO_0000473712 |
| OPTUMRX_JEFFCO_0000475440 |
| OPTUMRX_JEFFCO_0000502380 |
| OPTUMRX_JEFFCO_0000506200 |
| OPTUMRX_JEFFCO_0000516126 |
| OPTUMRX_JEFFCO_0000535494 |
| OPTUMRX_JEFFCO_0000604271 |
| OPTUMRX_JEFFCO_0000604618 |
| OPTUMRX_JEFFCO_0000616539 |
| OPTUMRX_JEFFCO_0000661986 |
| OPTUMRX_JEFFCO_0000683936 |
| OPTUMRX_JEFFCO_0590661 |
| OPTUMRX_JEFFCO_0594849 |
| OPTUMRX_JEFFCO_0602133 |
| OPTUMRX_JEFFCO_0603451 |

| Beg Control |
|---|
| PDD1503490547 |
| PDD1701811132 |
| PDD1715057333 |
| PDD8801103934 |
| PDD8801105525 |
| PDD8801134968 |
| PDD9316506319 |
| PDD9520815001 |
| PKY180265920 |
| PKY180313267 |
| PKY180313884 |
| PKY180314568 |
| PKY181047060 |
| PKY181591037 |
| PKY181977016 |
| PPLP003790152 |
| PPLP004148287 |
| PPLP004148372 |
| PPLPC001000139198 |
| PPLPC008000000530 |
| PPLPC009000021694 |
| PPLPC009000021695 |

| Beg Control |
|---|
| PPLPC012000057093 |
| PPLPC012000057095 |
| PPLPC012000061345 |
| PPLPC012000061348 |
| PPLPC012000064343 |
| PPLPC012000064369 |
| PPLPC012000067648 |
| PPLPC012000096551 |
| PPLPC012000105112 |
| PPLPC012000341683 |
| PPLPC012000355642 |
| PPLPC012000368687 |
| PPLPC012000368690 |
| PPLPC012000373022 |
| PPLPC012000475266 |
| PPLPC018000065660 |
| PPLPC018000592593 |
| PPLPC018000689541 |
| PPLPC018000697326 |
| PPLPC018000742542 |
| PPLPC018000829180 |
| PPLPC018001107944 |

15

| Beg Control |
|---|
| PPLPC019000052895 |
| PPLPC019000665555 |
| PPLPC019000665974 |
| PPLPC019000666914 |
| PPLPC019000857218 |
| PPLPC019000862211 |
| PPLPC019001019651 |
| PPLPC019001024496 |
| PPLPC019001069664 |
| PPLPC019001069666 |
| PPLPC019001100901 |
| PPLPC019001100905 |
| PPLPC019001100919 |
| PPLPC019001100921 |
| PPLPC020000038112 |
| PPLPC020000042605 |
| PPLPC020000073686 |
| PPLPC020000610710 |
| PPLPC020000804293 |
| PPLPC020001100133 |
| PPLPC021000012726 |
| PPLPC021000066876 |

| Beg Control |
| --- |
| PPLPC021000108846 |
| PPLPC021000238804 |
| PPLPC022000050740 |
| PPLPC022000050741 |
| PPLPC022000051750 |
| PPLPC022000059801 |
| PPLPC022000105414 |
| PPLPC022000105415 |
| PPLPC022000260832 |
| PPLPC023000053775 |
| PPLPC023000064255 |
| PPLPC024000005167 |
| PPLPC024000005168 |
| PPLPC024000012498 |
| PPLPC024000037108 |
| PPLPC024000541251 |
| PPLPC025000003668 |
| PPLPC028000016640 |
| PPLPC028000022351 |
| PPLPC028000031679 |
| PPLPC028000078492 |
| PPLPC028000118921 |

| Beg Control |
| --- |
| PPLPC028000120866 |
| PPLPC028000124995 |
| PPLPC028000130521 |
| PPLPC028000245007 |
| PPLPC028000301286 |
| PPLPC029000016774 |
| PPLPC029000020703 |
| PPLPC029000037102 |
| PPLPC029000040028 |
| PPLPC029000040033 |
| PPLPC029000045118 |
| PPLPC029000046332 |
| PPLPC029000046334 |
| PPLPC029000046335 |
| PPLPC029000063491 |
| PPLPC029000064034 |
| PPLPC029000075352 |
| PPLPC029000087372 |
| PPLPC029000135814 |
| PPLPC029000207366 |
| PPLPC029000290059 |
| PPLPC029000290095 |

| Beg Control |
| --- |
| PPLPC030000269252 |
| PPLPC030000773368 |
| PPLPC030000966286 |
| PPLPC030000973442 |
| PPLPC034000383800 |
| PPLPC035000032658 |
| PPLPC035000217128 |
| PPLPC036000005057 |
| PPLPC036000005058 |
| PPLPC036000014773 |
| PPLPC037000063843 |
| PPLPC037000063845 |
| PPLPC049000001360 |
| PPLPR001000287899 |
| PPLPR001000288590 |
| RBP-00030919 |
| TEVA_CAOC_08826718 |
| TEVA_WV_00077495 |

Plaintiff also incorporates by reference the April 19, 2024, joint supplemental response to this Interrogatory.

Plaintiff reserves its right to supplement and amend this response as discovery proceeds.

**Interrogatory No. 2:**

Identify each of Your past and present departments, agencies, subdivisions or other constituent entities that possess documents, data, records, or other information relating to the allegations in the Complaint, including Your allegations against the Defendants and Your alleged harm.

**Response to Interrogatory No. 2:**

Plaintiff objects to this Interrogatory as overly broad, vague, and ambiguous as to the terms "subdivisions," "other constituent entities," and "documents, data, records, or other information."

Subject to and without waiving objections, Plaintiff identifies the following City of Independence departments:

| City Department |
| --- |
| City Clerk |
| City Council |
| City Manager |
| Community Development |
| Emergency Management |
| Finance Department |
| Fire Department |
| Health Department |
| Mayor |
| Municipal Court |
| Municipal Services |
| Police Department |

Plaintiff reserves its right to supplement and amend this response as discovery proceeds.

**First Supplemental Response to Interrogatory No. 2:**

Plaintiff incorporates its previous response and objections.  Plaintiff provides the following supplemental response:

After conducting a reasonable search, Plaintiff believes the following departments may possess documents, data, records, or other information relating to the allegations in the City's Complaint:

- City Clerk
- City Council
- City Manager
- Fire Department
- Health
- Human Resources
- Internal Services
- Municipal Court
- Parks, Recreation, Tourism
- Police Department

Although the following departments are part of the City of Independence, Plaintiff does not believe they possess documents, data, records, or other information relating to the allegations in the City's Complaint:[1]

- Animal Services
- Community Development
- Municipal Services
- Newsroom
- Power & Light

Plaintiff reserves its right to supplement and amend this response as discovery proceeds.

**Interrogatory No. 3:**

Identify every action You have taken during the Discovery Time Period to limit the abuse, misuse, diversion, supply, or availability of Opioids in The City of Independence, Missouri, including resolutions, regulations, legislation, ordinances, orders, rules, enforcement actions, prosecutions, and investigations.

---

[1] A description of the City's departments and their various roles and responsibilities can be found on the City's website (https://www.independencemo.gov/government/city-departments).

**Response to Interrogatory No. 3:**

Responding to this Interrogatory does not waive Plaintiff's right to prove its claims, in whole or in part, through aggregate proof or statistical evidence. Plaintiff reserves its right to assert that the use of any individualized prescription information is inappropriate, irrelevant, or inadmissible. *See* Report and Recommendation, *In re: National Prescription Opiate Litig.*, Case No. 1:17-MD-2804 (DAP), Doc. 1025 (N.D. Ohio) (Magistrate Judge David A. Ruiz); *In re Neurontin Litigation*, 712 F.3d 21, 29-39 (1st Cir. 2013); *United States v. Life Care Centers of Am., Inc.*, 114 F. Supp. 3d 549 (E.D. Tenn. 2014); *United States v. Life Care Centers of Am., Inc.*, 1:08-CV-251, 2015 WL 10987029, at *3 (E.D. Tenn. Feb. 18, 2015); Order Regarding Discovery Ruling No. 5, *In re: National Prescription Opiate Litig., Case No.*, 1:17-MD-2804 (DAP), Doc. 1047 (N.D. Ohio). In short, by responding, Plaintiff does not concede that this information is relevant or admissible.

Plaintiff objects to this Interrogatory to the extent it seeks individual proof. Individual proof is not relevant here. Defendants misapprehend the nature of the case at hand. This is not an individual case, nor a series of individual cases; it is brought by public entities. Individual proof is neither relevant nor admissible. The burden is totally disproportional to the needs of the case.

Subject to and without waiving objections, Plaintiff has been involved in an ongoing effort to respond to the opioid epidemic in the City through efforts including but not limited to the following:

- Litigation against the PBMs Defendants

- Litigation against opioid manufacturers, distributors, and pharmacies

- Naloxone/Narcan boxes available from City Hall

- Narcan training

- Emergency response to opioid overdoses

- International Overdose Awareness Day outreach

- Actions by law enforcement, the court system, and public safety

- Bill 16-122 Ordinance 18680

- The Controlled Substances Act and Missouri law

- Actions by emergency responders

- Actions by public health and community development programs

- Actions by medical services and hospitals

- Actions by social service programs

- Education programs; community outreach programs; equipment and supplies; victim services supports; drug abuse prevention programs in schools; inmate services including housing, health and support staff; intervention programs.

**First Amended and Supplemental Response to Interrogatory No. 3**:

Plaintiff incorporates its previous response and objections.  Plaintiff further objects to this Interrogatory as overly broad, vague, and ambiguous as to the terms "every action" and "limit." Plaintiff provides the following supplemental response:

Plaintiff has been involved in an ongoing effort to respond to the opioid epidemic in the City through efforts including but not limited to the following:

- SAMHSA grant, "First Responders Comprehensive and Addiction Recovery Act"

- Jackson County "COMBAT" (Community Backed Anti-Drug and Anti-Violence Tax) Grant

- Health Department's Independence Mental Health Task Force

- Free Narcan program – available at City's health department, public libraries, special events, and community partners' locations

- ARCH – Alternative Response for Community Health

23

- Police Drug Take Back

- Police School Resource Officers

- Police work including investigations of drug offenses, Jackson County Drug Task Force, and City of Independence Drug Enforcement Unit.

Plaintiff reserves its right to supplement and amend this response as discovery proceeds.

**Interrogatory No. 4:**

Identify each health plan and pharmacy benefit plan that You provided, offered, or sponsored during the Discovery Time Period and the name and timeframe of every insurer, pharmacy benefit manager, and third-party administrator that worked with each plan, as well as the name and timeframe of each plan's pharmacy network(s).

**Response to Interrogatory No. 4:**

Plaintiff objects to the Interrogatory to the extent it seeks information in Defendants' possession, custody, or control.

Subject to and without waiving objections, Plaintiff identifies the following health plan and PBM information:

**Health Plan:**

| PBM | TPA | Dates |
|-----|-----|-------|
| Medco (PPO) Coventry (HMO) | FMH Benefit Solutions (PPO) Coventry Health Care of Kansas (HMO) | 2006 |
| Medco | FMH Benefit Solutions (PPO) Coventry Health Care of Kansas (HMO) | 2007-2010 |
| Medco | Cigna | 2010-2013 |
| Express Scripts | Cigna | 2014-Present |

**Workers' Compensation:**

| PBM | TPA | Dates |
|-----|-----|-------|
| None | Cannon Cochran Management, Inc. | 2005-2007 |

24

| Express Scripts | Cannon Cochran Management, Inc. | 2008-2018 |
|---|---|---|
|  | Thomas McGee Group | 2020 |
| CompPBM |  | 2023 |

Plaintiff reserves its right to supplement and amend this response as discovery proceeds.

**First Amended and Supplemental Response to Interrogatory No. 4:**

Plaintiff incorporates its previous response and objections.  Plaintiff further objects to this Interrogatory to the extent it seeks information in third parties' possession, custody, or control. Plaintiff provides the following supplemental response:

Plaintiff provides the following additional information regarding health plans for Workers' Compensation:

**Workers' Compensation:**

| PBM | TPA | Dates |
|---|---|---|
| None | Cannon Cochran Management Services, Inc. | 2005-2007 |
| Express Scripts | Cannon Cochran Management Services, Inc. | 2008-2018 |
| MyMatrixx | Canon Cochran Management Services, Inc. | 2019 |
| MyMatrixx | Thomas McGee Group | 2020 |
| MyMatrixx & CompPBM | Thomas McGee Group | 2021-2022 |
| CompPBM | Thomas McGee Group | 2023-2024 |

Plaintiff reserves its right to supplement and amend this response as discovery proceeds.

**Interrogatory No. 5:**

For each plan identified in response to Interrogatory 4, identify each individual with knowledge of the plan's administration or management, including any plan representative, plan employee, plan affiliate, broker, third-party administrator, or consultant, and describe the knowledge

or information that they possess, their present or last known address, their telephone number (including area code), their title or occupation, and their employer.

**Response to Interrogatory No. 5:**

Plaintiff objects to this Interrogatory, to the extent that Defendants seek information that is in Defendants' possession, custody, or control, because Defendants, Express Scripts, Medco, and United administer plans for The City of Independence.

Subject to and without waiving any objections, Plaintiff responds as follows:

| Name | Current Title | Subject Matter |
|------|---------------|----------------|
| The Kansas City Series of Lockton Companies, LLC | Insurance Broker for the City of Independence | Knowledge of the plans, TPA and identity of PBM. |
| CBiz Benefits & Insurances Services, Inc. | Benefit Consultant for the City of Independence | Knowledge of the plans, TPA and identity of PBM. |
| Charlesworth Consulting | Benefit Consultant for the City of Independence | Knowledge of the plans, TPA and identity of PBM. |

Plaintiff reserves the right to supplement and amend this response as discovery proceeds.

**First Supplemental Response to Interrogatory No. 5:**

Plaintiff incorporates its previous response and objections.  Plaintiff provides the following supplemental response:

Plaintiff identifies the following:

| Name | Current Title | Subject Matter |
|------|---------------|----------------|
| The Kansas City Series of Lockton Companies, LLC | Insurance Broker for the City of Independence | Knowledge of the plans, TPA and identity of PBM. |
| CBiz Benefits & Insurances Services, Inc. | Benefit Consultant for the City of Independence | Knowledge of the plans, TPA and identity of PBM. |
| Charlesworth Consulting | Benefit Consultant for the City of Independence | Knowledge of the plans, TPA and identity of PBM. |
| Melissa Balino | City of Independence Benefits Administrator - former, Human Resources | Knowledge of City of Independence prior health care plans offered to city employees and retirees. |
| Terri Covington | City of Independence Benefits Administrator - former, Human Resources | Knowledge of City of Independence prior health care plans offered to city employees and retirees. |

26

| Name | Current Title | Subject Matter |
|------|---------------|----------------|
| Bethany Dickey | City of Independence Benefits Administrator, Human Resources | Knowledge of City of Independence health care plans offered to city employees and retirees. |

Defendants Express Scripts, and Medco served as the City's health plan PBM from 2006 to the present, and Express Scripts served as the City's Workers' Compensation PBM from 2008 to 2018.

To date the, PBM Defendants refuse to provide Plaintiff with the identity of the individuals with knowledge of the City of Independence's plan's administration or management.

Plaintiff reserves its right to supplement and amend this response as discovery proceeds and after Defendants have provided information in their possession responsive to this request.

**Interrogatory No. 6:**

For each plan identified in response to Interrogatory 4, identify and describe in detail every action You have taken during the Discovery Time Period to limit the abuse, misuse, diversion, supply, or availability of Opioids by members or beneficiaries of that plan, including any actions taken with respect to the plan's benefits, coverage, formulary, utilization management, and clinical programs.

**Response to Interrogatory No. 6:**

Plaintiff objects to this interrogatory as overly broad as drafted and specifically objects to the term "every action You have taken."

Plaintiff objects to this Interrogatory, to the extent that Defendants seek information that is in Defendants' possession, custody, or control, because Defendants, Express Scripts, Medco, and United administer plans for The City of Independence. Plaintiff further objects to this Request because it seeks information that is in Defendants' possession, custody, or control.

Subject to and without waiving any objections, Plaintiff responds as follows: The PBM Defendants are hired by different entities (such as private and public health plans, insurers and employers who offer health-plans to their employees) to provide prescription benefit management

services for patients. The PBMs generally refer to these entities as being their "clients." The vast majority of the PBMs' clients hire PBMs and have delegated to them day-to-day authority and control over various tasks that impact which drugs are covered, including the structure and composition of formularies.

Here, Plaintiff did the same and relied on their PBMs to administer their plans in the safest and most efficacious manner.

Plaintiff reserves its right to supplement and amend this response as discovery proceeds.

**First Amended and Supplemental Response to Interrogatory No. 6:**

Plaintiff incorporates its previous response and objections.  Plaintiff no longer asserts objections based on this Interrogatory being overly broad or the tern "every action You have taken." Plaintiff provides the following supplemental response:

Defendants Express Scripts and Medco have administered plans for the City of Independence from 2006-present.

In addition, Plaintiff incorporates and refers the PBM Defendants to its First Supplemental Response to Interrogatory No. 3.

Plaintiff reserves its right to supplement and amend this response as discovery proceeds.

**Interrogatory No. 7:**

For each prescription that You contend was improper and upon which You base Your claims in the Litigation or that you contend caused or led to Your alleged harm in the Litigation, identify: the specific prescription; the name, national drug code, dosage, and quantity of the controlled substance dispensed; the dispensing pharmacy; the dispensing pharmacist; the dispensing date; the amount and method of payment; and an explanation for how the prescription supports Your claims.

**Response to Interrogatory No. 7:**

Plaintiff objects to this Interrogatory to the extent Plaintiff has not yet received adequate discovery from Defendants. Plaintiff objects to this Interrogatory, to the extent that Defendants seek information that is in Defendants' possession, custody, or control.

Responding to this Interrogatory does not waive Plaintiff's right to prove its claims, in whole or in part, through aggregate proof or statistical evidence. Plaintiff reserves its right to assert that the use of any individualized prescription information is inappropriate, irrelevant, or inadmissible. *See* Report and Recommendation, *In re: National Prescription Opiate Litig.*, Case No. 1:17-MD-2804 (DAP), Doc. 1025 (N.D. Ohio) (Magistrate Judge David A. Ruiz); *In re Neurontin Litigation*, 712 F.3d 21, 29-39 (1st Cir. 2013); *United States v. Life Care Centers of Am., Inc.*, 114 F. Supp. 3d 549 (E.D. Tenn. 2014); *United States v. Life Care Centers of Am., Inc.*, 1:08-CV-251, 2015 WL 10987029, at *3 (E.D. Tenn. Feb. 18, 2015); Order Regarding Discovery Ruling No. 5, *In re: National Prescription Opiate Litig., Case No.*, 1:17-MD-2804 (DAP), Doc. 1047 (N.D. Ohio). In short, by responding, Plaintiff does not concede that this information is relevant or admissible.

Plaintiff objects to this Interrogatory to the extent it seeks individual proof. Individual proof is not relevant here. Defendants misapprehend the nature of the case at hand. This is not an individual case, nor a series of individual cases; it is brought by public entities. Individual proof is neither relevant nor admissible. The burden is totally disproportional to the needs of the case.

Subject to and without waiving any objections, Plaintiff objects to this interrogatory due to the dates identified in CMO (Dkt. No. 5295), specifically the dates identified in Sections C.10 and 11. Specifically, the CMO provides:

> 10. September 27, 2024 – Track 14 and 15 Plaintiffs shall identify for PBM defendants: (i) the prescriptions they (and their experts) conclude caused them the harm for which they seek relief; (ii) the methodology or methodologies they (and their experts) used to reach such a conclusion; and (iii) the electronic scripts or analytical programs used by Plaintiff and/or their experts to implement that methodology.

11.    November 15, 2024 – PBM defendants shall produce for Tracks 14 and 15 "notes fields" data as defined in this Court's May 10, 2021 Amended Order Regarding Red Flag Prescriptions and Associated Notes Field Data. *See* docket no. 3726 at 2 n.1 ("'notes fields' [means] 'any information that is associated with the particular [red flagged prescriptions], including transactional prescription data fields, hard- copy scans of the front or back of paper [prescriptions], and anything else that a Defendant asserts was a part of its documentation of due diligence for [red-flagged prescriptions].'"). The parties shall raise any disputes regarding notes fields with Special Master Cohen as soon as reasonably possible.

Plaintiff reserves its right to supplement and amend this response as discovery proceeds.

**Interrogatory No. 8:**

For each Prescription Opioid (by trade name and NDC number), state whether You contend it should have been included on or excluded from formularies offered or administered by OptumRx, Inc. and Express Scripts, Inc. during the Discovery Time Period and, if included, where on the formulary it should have been placed, including by tier.

**Response to Interrogatory No. 8:**

Plaintiff responds that this Interrogatory is contention discovery more appropriately answered once discovery is complete. *See* Fed. R. Civ. P. 33(a)(2).

Plaintiff objects to this interrogatory as calling for an expert opinion that will be the subject of a fully-supported and detailed expert opinion(s) that will be disclosed in accordance with the CMO and the Federal Rules of Civil Procedure.

Plaintiff objects to this Interrogatory to the extent Plaintiff has not yet received adequate discovery from Defendants. Plaintiff objects to this Interrogatory, to the extent that Defendants seek information that is in Defendants' possession, custody, or control.

Subject to and without waiving any objections, Plaintiff objects to this interrogatory to the extent it conflicts with the dates identified in CMO (Dkt. No. 5295).

Further, Plaintiff reserves its right to amend or supplement this response based on facts learned in expert discovery, third party discovery, or otherwise discoverable in this litigation prior to trial.

Plaintiff reserves the right to supplement and amend this response as discovery proceeds.

**First Supplemental Response to Interrogatory No. 8:**

Plaintiff incorporates its previous response and objections. Plaintiff provides the following supplemental response:

Defendants' inclusion, exclusion or imposition of limitations, including Utilization Management Criteria, on its formularies is the subject of discovery and: (1) dependent upon information solely in the Defendants' possession that has not yet been produced to Plaintiffs, including the evaluations made and criteria applied by Defendants' employees and advisers (such as through its P&T Committees); and (2) the subject of expert testimony as noted above. As alleged, Defendants also had access to voluminous data that provided them with insights on the use and abuse of opioids as a class and specific NDCs, including through their DUR and risk management programs. Defendants failed to act on that knowledge, instead continuing to profit from the overuse and abuse of opioids, which has resulted in the public nuisance alleged in the Complaint.

Plaintiff reserves its right to supplement and amend this response as discovery proceeds.

**Interrogatory No. 9:**

Identify and describe in detail the Utilization Management criteria, rules, programs, and restrictions that You contend OptumRx, Inc. and Express Scripts, Inc. should have applied to each Prescription Opioid (by trade name and NDC number) during the Discovery Time Period. For example, if You contend that the PBM Defendants should have imposed prior authorization requirements, describe (i) which Prescription Opioid(s) this requirement should have applied to, (ii) the circumstances in which this requirement should have been applied, and (iii) any other criteria,

31

rules, restrictions, or exceptions that You contend should have been applied to claims for that Prescription Opioid.

**Response to Interrogatory No. 9:**

Plaintiff responds that this Interrogatory is contention discovery more appropriately answered once discovery is complete. *See* Fed. R. Civ. P. 33(a)(2).

Plaintiff objects to this interrogatory as calling for an expert opinion that will be the subject of a fully-supported and detailed expert opinion(s) that will be disclosed in accordance with the CMO and the Federal Rules of Civil Procedure.

Plaintiff objects to this Interrogatory to the extent Plaintiff has not yet received adequate discovery from Defendants. Plaintiff objects to this Interrogatory, to the extent that Defendants seek information that is in Defendants' possession, custody, or control.

Subject to and without waiving any objections, Plaintiff responds as follows: Plaintiff hired PBMs to provide relevant services to the plan and its members. The PBMs on behalf of Plaintiff were delegated day-to-day authority and control over various tasks that impact which drugs are covered, including the structure and composition of formularies, the Utilization Management criteria, rules, programs, and restrictions that should have applied to each prescription opioids.

Further, Plaintiff reserves its right to amend or supplement this response based on facts learned in expert discovery, third party discovery, or otherwise discoverable in this litigation prior to trial.

Plaintiff reserves the right to supplement and amend this response as discovery proceeds.

**Interrogatory No. 10:**

Identify and describe in detail the specific actions that You contend the PBM Defendants must take to abate the public nuisance alleged in the Complaint.

**Response to Interrogatory No. 10:**

Plaintiff responds that this Interrogatory is contention discovery more appropriately answered once discovery is complete. *See* Fed. R. Civ. P. 33(a)(2).

For purposes of responding to this contention interrogatory, Plaintiff incorporates the factual allegations and Counts in the Complaint.

Subject to and without waiving any objections, Plaintiff refers to paragraphs 758, 759, 760 and 765 of the City of Independence, Missouri's Supplemental and Amended Allegations to be Added to the Verified Complaint and Jury Demand, specifically:

758.    The public nuisance in Plaintiff's Community—i.e., the opioid epidemic—created, perpetuated, and maintained by Defendants can be abated and further recurrence of such harm and inconvenience can be prevented. However, Defendants lack the infrastructure and expertise needed to abate the public nuisance they created, contributed to, and/or maintained in Plaintiff's Community. Defendants' conduct – including their lack of regard for the well-being of the citizens of Plaintiff's Community by elevating their own business interests and profit over the safety and health of the communities in which they marketed, promoted, dispensed, and sold opioids – also renders them unfit to oversee the abatement of the public nuisance they created, contributed to, and/or maintained.

759.    Plaintiff seeks a judgment that Defendants fund the abatement of the ongoing public nuisance caused by their unreasonable, unlawful, intentional and/or negligent, reckless, ongoing, continuing, and persistent actions and omissions and their substantial and unreasonable interference with rights common to the general public.

760.    Each Defendant created or assisted in creating the opioid epidemic, and each Defendant is jointly and severally liable for its abatement. Furthermore, each Defendant should be enjoined from continuing to create, perpetuate, or maintain said public nuisance in Plaintiff's Community. Additionally, Defendants should compensate Plaintiff for the funds it has expended and continues to expend for increased costs of, *inter alia*, social services, health systems, law enforcement, judicial system, and treatment facilities.

765.    Defendants' conduct was intentional, willful, wanton and/or reckless was directed at the public generally, constituted a gross and wanton fraud upon the public, and/or constituted gross negligence. Defendants acted with conscious disregard of the rights of the Plaintiff and its residents. For this reason, Plaintiff seeks to recover punitive/exemplary damages.

Plaintiff objects to this interrogatory as calling for an expert opinion that will be the subject of a fully-supported and detailed expert opinion(s) that will be disclosed in accordance with the CMO and the Federal Rules of Civil Procedure.

Plaintiff reserves its right to supplement and amend this response as discovery proceeds.

**First Amended and Supplemental Response to Interrogatory No. 10:**

Plaintiff incorporates its previous response and objections.  Plaintiff no longer asserts objections based on this Interrogatory being contention discovery.  Plaintiff provides the following supplemental response:

At this juncture, Plaintiff contends the PBM Defendants must take steps to abate the public nuisance as alleged in the Complaint by funding abatement activities that are similar to those identified in CT3 Lake and Trumbull at docket nos. 4592-5 and 4592-6, which Judge Polster ordered the CT3 Defendants to fund, *see* 4611 and 4611-1 (including injunctive relief).

In addition, manufacturer, distributor, and pharmacy defendants have executed national settlements in which they agreed to fund care, treatment, and other programs and expenditures, which is defined as "Opioid Remediation," in addition to injunctive relief. Abatement activities may also include one or more of the remedial measures identified in those settlement agreements.

Plaintiff reserves its right to supplement and amend this response as discovery proceeds.

**Interrogatory No. 11:**

Identify how much money You have received to date from manufacturers, distributors, pharmacies, and others through bankruptcy settlements or settlements of lawsuits related to Prescription Opioids, how much You are scheduled to receive in future years, how you have used or plan to use any money already received, and how You intend to use any money received in the future.

**Response to Interrogatory No. 11:**

Subject to and without waiving its objections, Plaintiff refers Defendants to https://nationalopioidsettlement.com/ which contains national opioid settlement documents and information, and https://kffhealthnews.org/news/article/lookup-how-much-opioid-settlement-cash-by-locality/ which contains specific information regarding Missouri and the City of Independence.

Plaintiff reserves its right to supplement and amend this response as discovery proceeds.

**First Supplemental Response to Interrogatory No. 11:**

Plaintiff incorporates its previous response and objections.  Plaintiff provides the following supplemental response:

Plaintiff refers Defendants to https://nationalopioidsettlement.com/ which contains national opioid settlement documents and information, https://kffhealthnews.org/news/article/lookup-how-much-opioid-settlement-cash-by-locality/, which contains specific information regarding Missouri and the City of Independence, and https://moopioidsettlements.dmh.mo.gov/, which contains official opioid settlement reporting by Missouri Cities and Counties.

In 2023, Plaintiff the City of Independence reported receiving $210,006.36 to date from settlements related to Prescription Opioids manufacturers and distributors. Plaintiff expects to receive additional payments from settlements related to Prescription Opioids but details as to timing and projections are not available at this time.

Plaintiff reserves its right to supplement and amend this response as discovery proceeds.

Dated:  April 30, 2024

Respectfully submitted,

*/s/ John F. Garvey*
**STRANCH, JENNINGS & GARVEY, PLLC**
John F. Garvey
Colleen Garvey

Ellen A. Thomas
Peabody Plaza
701 Market Street, Suite 1510
St. Louis, MO 63101
Tel: (314) 390-6750
jgarvey@stranchlaw.com
cgarvey@stranchlaw.com
ethomas@stranchlaw.com

*/s/ Joanne M. Cicala*

**THE CICALA LAW FIRM PLLC**
Joanne M. Cicala
Joshua Wackerly
R. Johan Conrod
Shelbi Flood
101 College Street
Dripping Springs, TX 78620
Tel: (512) 275-6550
Fax: (512) 858-1801
joanne@cicalapllc.com
josh@cicalapllc.com
johan@cicalapllc.com
shelbi@cicalapllc.com

/s/ Daniel A. Thomas

**HUMPHREY FARRINGTON
MCCLAIN**
Daniel A. Thomas
221 W. Lexington Ave. Ste 400
Independence, MO 64050
Tel: (816) 836-5050
DAT@hfmlegal.com

*Counsel for Plaintiff City of Independence, MO*

## **CERTIFICATE OF SERVICE**

I, Joanne M. Cicala, certify that on this 30th day of April 2024, I caused the foregoing to be served via electronic mail on Defendants via esi-opioids@quinnemanuel.com and Optum.opioid.team@alston.com.


*/s/ Joanne M. Cicala*

# Exhibit C



401 9th St. NW, Suite 630
Washington, DC 20004
**o.** 202.232.5504  **f.** 202.232.5513

**E. Paige Boggs**
*Licensed in DC, IL, IN*
direct: 202.386.9629
pboggs@motleyrice.com

www.motleyrice.com

*"I will stand for my client's rights.
I am a trial lawyer."*
*–Ron Motley (1944–2013)*

May 9, 2024

**VIA EMAIL**
esi-opioids@quinnemanuel.com
Optum.opioid.team@alston.com

Re:      *In re: National Prescription Opiate Litigation,* MDL No. 2804 (N.D. Ohio), *City of Independence, Missouri v. Williams*, No. 19-op-45371 ("Track 14"); Discovery Letter

Counsel,

I write on behalf of Plaintiff the City of Independence, Missouri (the "City") in response to the Express Scripts and Optum Defendants' ("PBM Defendants") letter dated May 2, 2024 regarding the City's April 30, 2024 Supplemental Responses and Objections to the PBM Defendants' First Set of Interrogatories ("Interrogatories") and First Set of Requests for Production ("Requests") (collectively, "Supplement"), as well as the City's proposed custodians and search terms.

The PBM Defendants' demand that the City correct purported deficiencies in its discovery responses by May 6, 2024 or the PBM Defendants will unilaterally declare the parties are at an impasse and take issues to Special Master Cohen is inappropriate and premature. It also does not reflect the procedure by which the PBM Defendants have responded to the City's discovery concerns. Although the City worked expeditiously, it needed more than two business days to meaningfully consider and address, where necessary, the issues the PBM Defendants identified. In addition, the City believes a meet and confer is necessary before we can determine the parties are at an impasse on most of these issues.

**I.      Custodians and Date Ranges**

*First*, the PBM Defendants' contention that certain issues with the City's interrogatory responses are interfering with their ability to assess the City's proposed custodians and delaying discovery is simply not true. The City produced organizational charts contained in its annual



May 9, 2024
Page 2

adopted budgets for all departments on March 1, 2024.[1,2] The City has also been working diligently to provide the information requested by the PBM Defendants. Regardless, the City is a public entity and much of its operations and personnel are a matter of public record.  We dispute that the PBM Defendants have been prejudiced by any supposed delay in identifying relevant custodians since the City's efforts to identify the PBM Defendants' custodians are similarly still ongoing.

  ***Second***, the PBM Defendants are wrong that the City must include every individual in the City with knowledge as a proposed custodian. The City's response to Interrogatory No. 1 identifies numerous individuals who possess varying degrees of relevant knowledge. The City's April 30th list of proposed custodians identifies a reasonable number of individuals who collectively possess the most relevant, non-duplicative, first-hand knowledge of the opioid epidemic and other issues in this case during the relevant time period. Nonetheless, Defendants are welcome to request any custodians they wish, including individuals listed in response to Interrogatory No. 1, or ask questions to ascertain which individuals to select as custodians.

  Since the City proposed its initial set of custodians, the City identified the following individuals with relevant knowledge and agrees to offer them as custodians:

- Dante Gliniecki, Emergency Preparedness Division within City Manager's Office, Manager (2014-current)

---

[1] *See e.g.*, INDMO00030008, the 2013-14 Adopted Operating Budget: Mayor and City Council at INDMO0003009 (Mayor-Don Reimal; At-Large Councilmembers-James Schultz and Chris Whiting; District 1- Marci Bragg; District 2-Curt Dougherty; District 3- Myron Paris; District 4- Eileen Weir; City Manager- Robert Heacock); City Council/ Mayor at INDMO0003060; City Clerk at INDMO0003066; Mayor and City Council at INDMO0003075; Municipal Court at INDMO0003098; Finance at INDMO0003111; Human Resources at INDMO0003124; Police Department at INDMO0003159; Fire Department at INDMO0003198; Health Department at INDMO0003222; Parks and Recreation at INDMO0003263.

[2] INDMO0008131, 2005-2006 Adopted Budget; INDMO0008621, 2006-2007 Adopted Budget; INDMO0009121, 2007-2008 Adopted Budget; INDMO0009595, 2008-2009 Adopted Budget; INDMO0010095, 2009-2010 Adopted Budget; INDMO0010596, 2010-2011 Adopted Budget; INDMO0011084, 2011-2012 Adopted Budget; INDMO0011584, 2012-2013 Adopted Budget; INDMO0003008, 2013-2014 Adopted Budget; INDMO0003492, 2014-2015 Adopted Budget; INDMO0003979, 2015-2016 Adopted Budget; INDMO0004450, 2016-2017 Adopted Operating Budget; INDMO0004904, 2017-2018 Adopted Budget; INDMO0007883, 2018-2019 Adopted Budget; INDMO0005250, 2019-2020 Adopted Budget; INDMO0005456, 2020-2021 Adopted Budget; INDMO0005663, 2021-2022 Adopted Budget; INDMO0005942, 2022-2023 Adopted Budget.



May 9, 2024
Page 3

- Matt Heffernan, Fire Department, ARCH Program - Community Paramedic  (2010-present, with a leave of absence January – August 2023)
- Cyndy Jackson, Health, ARCH Program - Licensed Clinical Social Worker (April 2023-present)
- Justin Newkirk, Health, ARCH Program - Licensed Clinical Social Worker (April 2023-present)

The PBM Defendants' concern that the City has not identified custodians from every department is misplaced. Some departments do not warrant individual custodians. In those instances, the City will include the department itself as a custodian, which is proportional to the needs of the case. For example, the City will include the Municipal Court as a departmental custodian and will conduct a reasonable search for and produce any relevant, non-privileged documents in the Municipal Court's database of court files.

The City is in the process of determining the earliest documents available for each custodian and will update Defendants when we have that information. The City does not have emails for any employee (current or former) prior to 2014; however, the City has emails for its employees (regardless of current employment status) from 2014 to present. In regard to your question about Shaun Warren, Mr. Warren is an employee of the City of Independence Police Department. The City will search Mr. Warren's custodial documents that are within its possession, custody or control, but the Jackson County Drug Task Force is not a City task force and therefore its emails and documents are not within the City's possession, custody, or control.

*Third*, the City's list of proposed custodians does adhere to the proper temporal scope. Many of the City's proposed custodians have worked at the City for decades, including—as the PBM Defendants concede—two employees whose careers span the entire temporal scope (Mark Kelsey (1996-present), Jason Petersen (1995-present)). Further, the City lists two individuals from the Health Department, not one as defendants misstate (Christina Heinen (2007–present) and Halie Smith Griffin (2021–present)). Christina Heinen is the current Director of Health and has been in that role (or as Interim Director) since 2018. The prior Directors of Health and their dates in that role are as follows: Bruce Dart (8/2/1999-7/23/2001); Larry Jones (12/3/2001-1/5/2015); and Andrew Warlen (1/6/2015-2/28/2018). Also, as stated above, the City produced organizational charts contained in its annual adopted budgets for all departments on March 1, 2024.

*Fourth*, as stated above, it is not reasonable to expect the City to propose every individual with knowledge as a custodian. The City's April 30th list of proposed custodians identifies a reasonable number of individuals who collectively possess the most relevant, non-duplicative, first-hand knowledge of the opioid epidemic and other issues relevant to this case during the relevant time period. If the PBM Defendants would like to choose other custodians (*e.g.*, Rory Rowland, Jared Fears, Brice Stewart), they are free to do so.



May 9, 2024
Page 4

**Fifth**, although the City does not agree with the PBM Defendants' suggestion that every former City of Independence official from 1996 to present from the City Council, Fire Department, Human Resources, and Police Department is a relevant custodian, the City states the following:

<u>City Council</u>

The City's website[3] lists every City Councilmember from 1962 to present. Based on the City's investigation to date, the City Councilmember with the knowledge most relevant to the issues in this case is Dr. Bridget McCandless. The City Councilmembers from 1996 to present are as follows:

At Large Councilmembers:

- Jared Fears (elected 2022)
- Dr. Bridget McCandless (2023 Special Election)
- Karen DeLuccie (elected 2014, 2018)
- Mike Huff (elected 2018)
- Chris Whiting (elected 2012 Special Election, 2014)
- Lucy Young (elected 1998, 2006, 2010)
- Jim Schultz (elected 2002, 2006, 2010)
- Jason White (elected 2002)
- William (Bill) McDonald (elected 1994, 1998)

District Councilmembers:

- John Perkins – 1st District (elected 2016, June 2020 Special Election)
- Marcie Gragg – 1st District (elected 2006 Special Election, 2008, 2012)
- Don B. Reimal – 1st District (elected 1996, 2000, 2004)
- Brice Stewart – 2nd District (June 2020 Special Election)
- Curt Dougherty – 2nd District (elected 2012, 2016)
- James (Jim) Engelman - 2nd District (elected 2011 Special Election)
- Willard Swoffer – 2nd District (elected 2004, 2008)
- John Perkins – 2nd District (elected 1996, 2000)
- Mike Steinmeyer – 3rd District (June 2020 Special Election, Resigned 2023)
- Scott Roberson – 3rd District (elected 2014 Special Election, 2016)
- Roxann Thorley - 3rd District (elected 2013 Special Election)

---

[3]  https://www.independencemo.gov/government/city-departments/city-councilcity-clerk/history-city-council.



May 9, 2024
Page 5

- Myron Paris – 3rd District (elected 2008, 2012)
- Renee Paluka – 3rd District (elected 2000, 2004)
- Al Vanlten – 3rd District (elected 1997 Special Election)
- Susan P. Block – 3rd District (elected 1996)
- Daniel Hobart – 4th District (June 2020 Special Election)
- Tom Van Camp – 4th District (elected 2016)
- Eileen Weir – 4th District (elected 2012)
- James (Jim) Page – 4th District (elected 2004, 2008)
- Charlie Rich – 4th District (elected 2000)
- Bill Baker – 4th District (elected 1996)

<u>Fire Department</u>

The City identified the Battalion Chief of EMS for the Fire Department from 2017-present. Chief Borel started the ARCH program (Alternative Response for Community Health[4]) in 2022. The ARCH team is an emergency community response unit that is designed to place community paramedics with clinical social workers to respond to emergency requests alongside and sometimes in place of traditional first responders. One of the main goals of this program is to support community members experiencing issues with substance abuse. Additional members of the ARCH program are as follows:

- Matt Heffernan, Fire Department, ARCH Program - Community Paramedic (2010-present)
- Cyndy Jackson, Health, ARCH Program - Licensed Clinical Social Worker (April 2023-present)
- Justin Newkirk, Health, ARCH Program - Licensed Clinical Social Worker (April 2023 -present)

Additionally, the City has agreed to add the following proposed custodian:

- Dante Gliniecki, Manager of the Emergency Preparedness Division which is currently within the City Manager's Office (2024) but was within the Fire Department (2014-2024)

The Battalion Chief position did not exist in 1996. The Community Paramedic position within the ARCH program was created in 2023. The City will conduct a reasonable search to identify additional individuals with relevant knowledge.

---

[4]     https://www.independencemo.gov/government/city-departments/health/alternative-response-community-health-program



May 9, 2024
Page 6

<u>Human Resources</u>

The City identified the current and former Benefits Administrators from 2002-present. The City will conduct a reasonable search to identify individuals who served as Benefits Administrator from 1996-2001.

<u>Police Department</u>

The City has already identified individuals from the Police Department with relevant knowledge for the entire temporal period. To the extent there is a particular position for which the PBM Defendants believe additional information is needed, please identify that position.

*Sixth*, contrary to the PBM Defendants' assertion, the City has not made any representations about whether it retained or did not retain documents for the positions the PBM Defendants identified (Chief Medical Officer, Mayor, City Manager, Assistant City Manager, Director of Community Development, Emergency Management Department, Chief of Fire Department, Chief Financial Officer, Finance and Administration Director, Presiding Judge of Municipal Court, and Director of Municipal Services). The City possesses emails for current and former City employees back to 2014.

<u>Chief Medical Examiner</u>

The City does not have a Medical Examiner's Office or a Chief Medical Examiner.

<u>Mayor</u>

- Rory Rowland **(**elected 2022)
- Eileen Weir (elected 2014, 2018)
- Don B. Reimal (elected 2006, 2010)
- Rondell Stewart (elected 1994, 1998, 2002)

<u>City Manager</u>

- Zachary Walker (2016-present)
- John Pinch (2015 - 2016 acting city manager)
- Robert Heacock (2004-2015)
- Larry Blick (1993-2004)



May 9, 2024
Page 7

The City will conduct a reasonable search to identify any additional people who served in this role.

<u>Assistant City Manager</u>

- Position currently filled as follows:
    - Jaime Rehmsmeyer serves as Interim Assistant City Manager for Internal Operations. Rehmsmeyer is currently the Director of Human Resources for the City of Independence and continues to oversee Human Resources as well as provide oversight for the departments of Finance, Technology Services, Communications and the City Clerk's office.
    - Lisa Reynolds serves as the Interim Assistant City Manager for Community Services. Reynolds is currently the Director of Municipal Services for the City of Independence and will continue to oversee the Municipal Services department along with Independence Power & Light, Parks, Recreation & Tourism and Community Development.
- Adam Norris (2018-2024)
- Lauren Palmer (2016–2018)
- Mark Randall (2016)

The City did not have an Assistant City Manager position in 1996. The City will conduct a reasonable search to identify when this position was implemented and any additional individuals who served in it.

<u>Director of Community Development</u>

- Tom Scannell (2013-present)
- Jennifer Clark (pre-2013)

The City did not have a Director of Community Development position in 1996. The City will conduct a reasonable search to identify when this position was implemented and individuals who served in it.

<u>Manager of the Emergency Preparedness Division</u>

The division you refer to as the "Emergency Management Department" is called the "Emergency Preparedness Division" and is within the City Manager's Office. The Emergency Preparedness Division serves as the city's designated disaster response agency and emergency operations center with the responsibility for all disaster and emergency management and response coordination. The Division coordinates overdose prevention efforts, including classes and learning



May 9, 2024
Page 8

events on overdose prevention, as well as providing free Narcan. The Division was within the Fire Department until 2023, then it transitioned to the City Manager's Office.

- Dante Gliniecki (2014-present)
- Mark Widner (1996)

The City will conduct a reasonable search to identify when this position was implemented and the individuals who served in it.

Chief of Fire Department

- Charles E. Lauss (August 2023-present)
- Doug Short (January 2018-July 2023)
- John Greene (2014-2017)
- Sandy Schiess (2005- 2014)
- Sandy Schiess (2004 interim fire chief)
- Larry Hodge (1995-2004)

Chief Financial Officer

- Cindy Gray (2019-2022)
- Brian Watson (pre-2019)

The Chief Financial Officer position existed for only a few years. It has not existed since Cindy Gray became the Finance Director. The City will conduct a reasonable search to identify the years Brian Watson served in this role and if the position existed at other times and which individuals served in it.

Finance and Administration Director

- Cindy Gray (January 2022-2024)
- Bryan Kidney (2018-2022)
- Brian Watson (2105-2018)
- James Harlow (1996)

The City will conduct a reasonable search to identify additional individuals who served as the Finance and Administration Director.



May 9, 2024
Page 9

<u>Presiding Judge of Municipal Court</u>

- Garry L Helm (1996-present)

<u>Director of Municipal Services</u>

This department maintains City infrastructure items and functions, such as streets, sanitary sewer, stormwater mitigation, water distribution, drinking water treatment, and wastewater treatment. The City does not believe this agency has relevant information.

- Lisa Reynolds (current)

The City did not have a Director of Municipal Services position in 1996. The City will conduct a reasonable search to identify any additional individuals who served as Director of Municipal Services.

## II. Definitions in PBM Defendants' Discovery Requests

- **"You" and "Your."** As previously explained, the City objects to the definition of "You" and "Your" on the grounds that it is overly broad, vague, and seeks to extend the requests beyond the parties to this litigation. Nonetheless, the City will search the custodial files for all agreed upon custodians (including departmental custodians) and produce any relevant, non-privileged documents. The City will not withhold (or redact in relevant part) responsive, non-privileged documents in its possession, custody, or control based on its objection to the definition of "You" and "Your." To the extent you have concerns about the inclusion of any specific individual or entity, the City is willing to meet and confer.

- **"Defendants."** The City objects to the PBM Defendants' definition of "Defendants" on the grounds that it is overly broad, vague, and seeks to extend the requests beyond the parties to this litigation. The City will not answer discovery requests about non-PBM Defendants. Nonetheless, the City will search agreed upon search terms. To the extent those searches produce documents relating to entities beyond the PBM Defendants, the City will not withhold (or redact in relevant part) responsive, non-privileged documents in its possession, custody, or control based on its objection to the definition of "Defendants."

- **"Financial Harm."** As the City previously noted, the PBM Defendants did not even issue a request for documents that includes the term "Financial Harm." The PBM Defendants represented to the City of Rochester that they would go back and confirm that the term "Financial Harm" does not appear in their requests. The City understands that the PBM



May 9, 2024
Page 10

Defendants have not yet done that. In order for the City to respond further on this issue, it needs the PBM Defendants to explain the relevancy of this term.

- **"Illicit Drugs."** As the PBM Defendants note, the City agreed to include heroin, illicit fentanyl, fentanyl analogs, carfentanil, counterfeit prescription opioids, and prescription opioids in the definition of "Illicit Drugs." The City continues to object to the inclusion of and will not search for any other drug in the PBM Defendants' definition of "Illicit Drugs." If the meet and confer discussions with the City of Rochester regarding the Drug Scope Search Terms, which the City has agreed to adopt, do not resolve this issue, the City agrees we are at an impasse.

## III.    PBM Defendants' First Set of Requests for Production

### a.    Request for Production No. 1

Request for Production No. 1 seeks all documents referring to, relating to, or supporting the City's claims or allegations against the Defendants, including all Documents used in preparing the Complaint, all Documents the City provides to any testifying expert witnesses that the City retains, all Documents the City intends to introduce in support of any dispositive motion, and all Documents the City intends to introduce at trial. As the PBM Defendants note, the City has already produced the non-privileged documents used in the preparation of the Plaintiff's Amended Complaint that were not already cited in the complaint or publicly available. In its Supplement, the City also identified additional responsive documents. The City continues to object to the remainder of Request for Production No. 1 as premature. The City has not yet identified all documents that support its claims, the City's testifying expert witnesses, or documents the City will introduce in support of dispositive motions or at trial. The City will supplement its response to Request for Production No. 1 with this information according to the deadlines specified in the CMO.

### b.    Request for Production Nos. 2, 3, and 4

Request for Production No. 2 seeks all documents relating to the City's calculation of the monetary relief the City seeks, including all annual and periodic budgets, draft budgets, budget proposals, financial statements, financial audit reports, and records of costs and expenditures for the City and for each of the City's departments, agencies, and other constituent entities that have incurred costs for which the City seeks monetary relief. The relevant departments, agencies, or other entities relevant to this request are:

- City Clerk
- City Council



May 9, 2024
Page 11

- City Manager
- Fire Department
- Health
- Human Resources
- Internal Services
- Municipal Court
- Parks, Recreation and Tourism
- Police Department

The City has already produced its operating budgets for 2005-2023 and comprehensive annual financial reports for 2013-2023 for all divisions, INDMO0003008 - INDMO0012066, *see supra* note 2. The City will conduct a reasonable search for and produce any additional annual and periodic budgets, draft budgets, budget proposals, financial statements, financial audit reports, and records of costs and expenditures. The City will appropriately log any documents withheld or redacted due to privilege.

In regard to Request for Production No. 3, the PBM Defendants claim the City has not supplemented its response to reflect its agreement to produce documents related to grants, disbursements, donations, charitable giving, bequests, judgments, settlements, or any other funds related to other substance, including alcohol. That is simply not true. In its Supplement, the City refers the PBM Defendants to a website with information regarding opioid-related settlements. The City also states it will produce documents reflecting responsive grants, the City's Comprehensive Annual Financial Reports, and annual approval budgets maintained in the course of business that can be located through a reasonable, diligent search, and are within the City's possession, custody, or control. The City also states further information responsive to this request will be contained in the financial data that the City will produce by the deadlines contemplated by the CMO.

The City believes its Supplement sufficiently addresses previous concerns related to Request for Production No. 4 raised by the PBM Defendants. If the PBM Defendants disagree, the City is willing to meet and confer regarding this request after the PBM Defendants identify their specific concerns.

### c.  Request for Production Nos. 5, 6, 7, 8 and 12

The City believes its Supplement sufficiently address previous concerns related to Requests 5-7 raised by the PBM Defendants. If the PBM Defendants disagree, the City is willing to meet and confer regarding this request after the PBM Defendants identify their specific concerns.



May 9, 2024
Page 12

Request 8 seeks documents relating to any wrongful conduct or illegal activity related to Opioids by any Person in the City. The PBM Defendants now ask the City whether it will agree to produce all relevant closed arrests and investigations rather than a sampling of closed arrests. The City will produce a spreadsheet identifying all closed arrests along with one closed arrest report. After the PBM Defendants review that information, the City is willing to further meet and confer regarding a sampling protocol for closed arrest reports.

Request No. 12 seeks documents relating to the overdose of any individual as a result of any Illicit Drug, Opioid or Prescription Opioid in the City of Independence. The City objects to this request to the extent it seeks Substance Use Disorder Patient Records, which are protected from disclosure pursuant to 42 C.F.R. § 2.64, and will not produce these records. Subject to that limitation, the City will produce responsive, non-privileged documents in its possession, custody, or control.

### d. Request for Production Nos. 10 and 11

Request 10 seeks data reflecting every prescription opioid dispensed to a member or beneficiary of the City's health plan. Request 11 seeks documents constituting or relating to any contracts, negotiations, communications, or transactions between the City and any health care insurer, health plan, workers' compensation provider, government payor, third-party administrator, or pharmacy benefit manager relating to the provision of health insurance, health benefits, formulary management services, or utilization management services to the City. Although the City made certain objections in response to Requests 10 and 11, it is not withholding documents based on any objection other than privilege. The City will conduct a reasonable search for and produce responsive, non-privileged documents in its possession, custody, or control related to these requests.

## IV.  PBM Defendants' First Set of Interrogatories

### a. Interrogatory Nos. 1 and 2

Interrogatory No. 1 requests the identity of individuals whom the City may use to support its claims or who have knowledge of the facts and circumstances alleged in the City's Complaint, including the individuals' contact information. In its April 30, 2024 supplemental response to Interrogatory No. 1, the City provided additional information on twelve individuals, including two former employees (Melissa Balino and Terri Covington). The City also identified numerous former employees above. Since the City supplemented its response to Interrogatory No. 1, the City has also identified an additional person with knowledge from the Emergency Preparedness Division of the City Manager's Office: Dante Gliniecki, Manager, 2014-2024. The Emergency Preparedness Division serves as the city's designated disaster response agency and emergency



May 9, 2024
Page 13

operations center with the responsibility for all disaster and emergency management and response coordination. The Division coordinates overdose prevention efforts, including classes and learning events on overdose prevention, as well as providing free Narcan. The Division was within the Fire Department until 2023, then it transitioned to the City Manager's Office. The organizational charts produced within the Annual Proposed Budgets identify additional divisions within the Fire Department, *see supra* notes 1, 2. For example, in 2017 and 2018, the divisions included: Emergency Medical Services, Emergency Preparedness, Fire Operations, Fire Prevention and Training/Professional Development (INDMO0004977). The City will further supplement its response as discovery proceeds.

Interrogatory No. 2 requests that the City identify each of its past and present departments, agencies, subdivisions or other constituent entities that possess documents, data, records, or other information relating to the allegations in the Complaint. The City identified each of its departments in its supplemental response to Interrogatory No. 2. Additional entities like the Emergency Preparedness Division and ARCH program are explained herein. The City will supplement Interrogatory No. 2 with these two entities and any others it discovers as discovery proceeds. The City also produced organization charts that show the various structure of the City and its various departments. *See supra* notes 1, 2.

### b.  All Other Interrogatories (Nos. 3, 6, 8, 9, and 10)

Interrogatory No. 3 requests that the City identify every action taken in the Discovery Time Period to limit the abuse, misuse, diversion, supply or availability of Opioids in the City of Independence. The City has done just that in its Supplement. However, the PBM Defendants' May 2, 2024 letter requests additional information beyond the scope of Interrogatory No. 3. For example, the PBM Defendants ask the City to not only identify the specific actions taken but go on to create new demands, including the persons responsible for taking the actions and what the actions entailed. Nonetheless, the City refers the PBM Defendants to its response to Interrogatory No. 1 which identifies the relevant individuals and includes a description of their relevant knowledge. In addition, the City will supplement Interrogatory No. 3 with more detailed information about each action as discovery proceeds.

Interrogatory No. 6 asks the City to identify and describe in detail every action the City has taken during the Discovery Time Period to limit the abuse, misuse, diversion, supply, or availability of Opioids by members or beneficiaries. The City refers the PBM Defendants to its response to Interrogatory No. 3. For all the same reasons stated above, the City's response to Interrogatory No. 6 is sufficient. In addition, the City will supplement Interrogatory No. 6 with more detailed information about each action as discovery proceeds.



May 9, 2024
Page 14

        In regard to Interrogatory Nos. 8 and 9, Special Master Cohen ruled on April 15, 2024 that the City of Rochester was not required to amend or supplement its nearly identical responses to Interrogatory Nos. 8-9 at this juncture. Thus, the City will not supplement its responses at this time.

        Interrogatory No. 10 asks the City to identify and describe in detail the specific actions that the City contends the PBM Defendants must take to abate the public nuisance alleged in the Complaint. The PBM Defendants claim the City's April 30, 2024 supplement to Interrogatory No. 10 is deficient because it fails to identify which activities the City is seeking to be funded. The City disagrees. The City's supplemental response is consistent with Special Master Cohen's April 15, 2024 ruling regarding the City of Rochester's response to Interrogatory No. 10. The City will further supplement its response as discovery proceeds.

                                        Sincerely,

                                        */s/ Paige Boggs*
                                        Paige Boggs

cc:     PBM@listserv.motleyrice.com
        CT12-15_PBM_PLAINTIFFS_DD_TEAM@LISTSERV.MOTLEYRICE.COM

# Exhibit D



MotleyRice®
LLC
ATTORNEYS AT LAW
www.motleyrice.com
"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

401 9th St. NW, Suite 630
Washington, DC 20004
**o.** 202.232.5504  **f.** 202.232.5513

**E. Paige Boggs**
*Licensed in DC, IL, IN*
direct: 202.386.9629
pboggs@motleyrice.com

May 17, 2024

**VIA EMAIL**
esi-opioids@quinnemanuel.com
Optum.opioid.team@alston.com

Re:     *In re: National Prescription Opiate Litigation,* MDL No. 2804 (N.D. Ohio), *City of Independence, Missouri v. Williams*, No. 19-op-45371 ("Track 14"); Discovery Letter

Counsel,

I write on behalf of Plaintiff the City of Independence, Missouri (the "City") in response to the Express Scripts and Optum Defendants' ("PBM Defendants") letter dated May 2, 2024 regarding the City's discovery responses and the PBM Defendants' May 8, 2024 email to Special Master Cohen. The information contained herein supplements the City's prior response concerning these issues on May 9, 2024.

## I.     Supplemental Response to the PBM Defendants' May 2, 2024 Letter

In regard to custodians, the City will add the City Clerk and the Municipal Court as departmental custodians.  Please see the attached chart for information on dates available for agency documents.  For the Parks, Recreation and Tourism Department, the City offers Mike Hicks, Assistant Director, as a custodian.  Mr. Hicks has been the Assistant Director since 2022 but has worked for the City since 1996.  He served as Parks and Grounds Manager for 5 years, Maintenance Supervisor for 3 years, and had various  roles prior to that including Cemetery Sexton, Assistant Foreman, Equipment Operator, Construction Aide, and Seasonal Maintenance Worker.

In the PBM Defendants' May 2, 2024 letter, they asked the City to identify the individuals who held the following positions from 1996 to present:

### City Council

The City identified City Council Members from 1996 to present in its May 9, 2024 letter.

### Fire Department

The City identified the Battalion Chief for the Fire Department from 2017 to present and the members of the Fire Department's ARCH program in its May 9, 2024 response.



May 17, 2024
Page 2

In addition, the City has identified the following Battalion Chiefs or equivalent:

| Name | Title | Dates Title Held |
|---|---|---|
| Blystone, Jason Lee | Battalion Chief | 1995-2018, in this role starting 2015 |
| Murphy, Brian Patrick | Battalion Chief | 1987-2019, in this role starting 2016 |
| Perry, Charles Dana | Battalion Chief | 1984-2015, in this role starting 2012 |
| Waterworth, Bradley K | Battalion Chief | 1987-2015, in this role starting 2010 |

### Human Resources

The City identified the current and former Benefits Administrators from 2002-present. The City conducted a reasonable search but has not been able to identify the individuals who served as Benefits Administrator from 1996-2001.

### Police Department

The City responded to this inquiry in its May 9, 2024 response.

### Chief Medical Examiner

The City responded to this inquiry in its May 9, 2024 response.

### Mayor

The City identified the City's Mayors from 1996 to present in its May 9, 2024 response.

### City Manager

The City identified the City Managers from 1996 to present in its May 9, 2024 response.

### Assistant City Manager

The City responded to this inquiry in its May 9, 2024 response.

In addition, the City has identified the following individuals who served as Assistant City Manager:



May 17, 2024
Page 3

| First Name | Last Name | Title | Dates Title Held | Notes |
|---|---|---|---|---|
| Lawrence | Kaufman | Deputy City Manager | 1972-2016 | |
| Lauren | Palmer | Assistant City Mgr | 2016-2018 | |
| Mark | Randall | Assistant City Mgr | 2016-2021 | |
| Adam | Norris | Assistant City Mgr | 2018-2024 | |
| Jaime | Rhemsmeyer | Assistant City Mgr | 2024-Current in this position, hired 2023 | *Also holds HR Director role since 2023 |
| Lisa | Reynolds | Assistant City Mgr | 2024-Current in this position, hired 2015 | *Also holds Municipal Services Director role |

### Director of Community Development

The City responded to this inquiry in its May 9, 2024 letter.

In addition, the City has identified the following individuals who served as Director of Community Development:

| First Name | Last Name | Title | Dates Title Held |
|---|---|---|---|
| Jennifer | Clark | Director of Comm Dev | 2008-2013 |
| Thomas | Scannel | Director of Comm Dev | 2013-Current in this position, hired 2009 |

The City conducted a reasonable search but has not been able to identify additional individuals who held this role.

### Manager of the Emergency Preparedness Division

The City provided a response to this inquiry in its May 9, 2024 letter.

As a correction to its May 9, 2024 letter, Joseph Mark Widner was hired in 2004, not 1996. Mr. Widner started as the Emergency Preparedness Manager on April 19, 2004 and served in this role until 2011. Frank Coots served as Emergency Preparedness Manager from 2012-2014. The City conducted a reasonable search but was not able to identify any additional individuals who served in this position.



May 17, 2024
Page 4

### Chief of Fire Department

The City identified the City's Fire Department Chiefs from 1996 to present in its May 9, 2024 response.

### Chief Financial Officer

The City provided a response to this inquiry in its May 9, 2024 letter explaining that this role has not always existed. The City conducted a reasonable search but has not been able to identify additional individuals who held this role.

### Finance and Administration Director

The City provided a response to this inquiry in its May 9, 2024 letter.

In addition, the City states that Brian Watson held this role from 2015-2018 and James Harlow held this role from 1996-2014.

### Presiding Judge of Municipal Court

The City identified the Presiding Judge of Municipal Court from 1996 to present in its May 9, 2024 letter.

### Director of Municipal Services

The City responded to this inquiry in its May 9, 2024 letter. The City is still searching for the identity of any individuals who held this role prior to Lisa Reynolds. However, as the City stated in its May 9, 2024 letter, the City does not believe this department or role are relevant to this litigation.

**II.     Response to the PBM Defendants' May 8, 2024 Email to Special Master Cohen**

**1.     Provide the names of any individual dating back to 1996 that held the following positions:**

      **a. Mayor**

The City identified the City's Mayors from 1996 to present in its May 9, 2024 response.



May 17, 2024
Page 5

    **b.  City Councilmember (including any at-large or district seats)**

The City identified City Council Members from 1996 to present in its May 9, 2024 letter.

    **c.  City Clerk**

| First Name | Last Name | Title | Dates Title Held |
|---|---|---|---|
| Bruce | Lowery | City Clerk | 1969-2008 |
| Sharon | Pickett | City Clerk | 2008-2015 |
| Rebecca | Behrens | City Clerk | 2014-2023 |
| Susanne | Holland | City Clerk | 2023-Current |

    **d.  Battalion Chief of EMS or equivalent**

The City responded to this inquiry in its May 9, 2024 letter and has provided additional information above.

    **e.  Public Health Specialist**

The City responded to this inquiry in its May 9, 2024 letter.

In addition, the City states the only employee of the Department of Health from 2018-2020 was Christina Heinen.  Below are the Public Health Specialists prior to 2018:

| First Name | Last Name | Title | Dates Title Held |
|---|---|---|---|
| Lien | Le | Public Health Specialist | 2017 - 2018 |
| Gina | Conde | Public Health Specialist | 2017 - 2017 |
| Dana | Tracy | Public Health Specialist | 2016 - 2016 |
| Selena | Good | Public Health Specialist | 2015 - 2018 |
| Cindy R | Calender | Public Health Specialist | 2015 - 2017 |
| Nathan | Matney | Public Health Specialist | 2014 - 2015 |
| Megan | McClure | Public Health Specialist | 2013 - 2018 |
| Cynthia L | Epp | Public Health Specialist | 2012 - 2013 |
| Irene | Baltrusaitis | Public Health Specialist | 2001 - 2015 |

    **f.  Director of Health Department**

The City responded to this inquiry in its May 9, 2024 letter.



May 17, 2024
Page 6

In addition, the City identified the following Directors of the Health Department:

| First Name | Last Name | Title | Dates Title Held |
|---|---|---|---|
| John | Amadio | Director of Public Health | 1979-1998 |
| Bruce | Dart | Director of Public Health | 1999-2001 |

### g.  Human Resources/Benefits Administrator (or equivalent)

The City responded to this inquiry in its May 9, 2024 letter.  The City conducted a reasonable search but was unable to identify individuals who held this position prior to 1999.

### h.  Chief of Police Department

| First Name | Last Name | Title | Dates Title Held |
|---|---|---|---|
| Donald | Carey | Police Chief | 1994-1997 |
| Gary | George | Police Chief | 1970-2001 [Chief 1997-2001] |
| Frederick | Mills | Police Chief | 2001-2008 |
| Thomas | Dailey | Police Chief | 2008-2016 |
| Brad | Halsey | Police Chief | 1992-2021 [Police Chief 2016-2021] |
| Adam | Dustman | Police Chief | 2022-Current |

### i.  All City Employees that are members of Jackson County Drug Task Force

See response to question 6.h below.

### j.  City Manager (or equivalent)

| Name | Title | Dates Title Held |
|---|---|---|
| Larry Blick | City Manager | 8/1/1993-4/1/2004 |
| Robert Heacock | City Manager | 8/20/1998-10/05/2015, in role 2004-2015 |
| John Pinch | City Manager | 03/17/2003-09/03/2016, in role 2015-2016 |
| Zack Walker | City Manager | 3/30/2012-Present, in role 2016-present |



May 17, 2024
Page 7

**k. Director of Finance Department (or equivalent)**

| First Name | Last Name | Title | Dates Title Held |
|---|---|---|---|
| James | Harlow | Director of Finance and Administration | 1996-2014 |
| Brian | Watson | Chief Financial Officer | 2014-2018 |
| Cynthia | Gray | Chief Financial Officer | 2018-2024 |
| Megan | Borth | Interim Finance Director | 2024-Current |

**l. Fire Chief**

The City identified the current and prior Fire Chiefs in its May 9, 2024 letter.

**m. Municipal Services Director (or equivalent)**

Lisa Reynolds is the current Assistant City Manager and also serves as the Director of Municipal Services. She became the Interim/Acting Director of Municipal Services on March 13, 2018 and was moved to the Director position on January 1, 2019. Municipal Services was previously known as Public Works. Tim Gramling served as the Director prior to Lisa Reynolds (2015-2019). John Powell was the Director from 2008-2015, preceded by Howard Penrod, who was the Director in 1996. The City does not believe this role or this department are relevant to this litigation.

**n. Director of Communications/Newsroom (or equivalent)**

| First Name | Last Name | Title | Dates Title Held |
|---|---|---|---|
| Londia | Wright | Communications Director | 1994-2000 |
| Craig | Brenner | Director of Comm/PIO | 2014-2017 |
| Meghan | Lewis | Director of Comm/PIO | 2017-2024 |
| Rebecca | Gegg | Director of Comm/PIO | 5/2024-present |

The City conducted a reasonable search but was unable to identify additional individuals who held this position.

**2. Identify who within the City has been primarily responsible for the day-to-day operations of the City dating back to 1996.**

The City Managers handle the day-to-day operations of the City.



May 17, 2024
Page 8

3. **Identify the City departments currently and historically responsible for identifying grant opportunities.**

Each department is responsible for identifying grant opportunities.

4. **Identify the individual(s) currently and historically responsible for determining which health plans or PBMs the City will offer to its employees.**

The City Manager's Stay Well Committee was created on November 15, 1990 as an advisory committee to the City Manager for the City's health insurance program. The Stay Well Committee forms a request for proposals sub-committee to review health insurance and pharmacy benefit manager proposals and make recommendations to the City Manager. The City Manager makes a recommendation on the health plan and PBM to the City Council. The City Council has the final approval.

Representatives from each of the following employee groups serve as voting members on the Stay Well Committee.

- 1- International Association of Firefighters, Local #781
- 2- International Brotherhood of Electrical Workers (Main & Clerical)
- 1- United Steelworkers
- 2- International Brotherhood of Electrical Workers (IPL/WPC)
- 1- Fraternal Order of Police
- 1- Communication Workers of America
- 2- Non-bargaining Group Employees

Michael Veit, Captain/Paramedic in the City of Independence Fire Department serves as the Chair of the Stay Well Committee. He has been on the Stay Well Committee for 13 years, including as the Committee Chair for the last 6 years. The Committee Chair prior to Captain Veit was Cindy Culp, who served in that role about 20 years. The City offers Michael Veit as a custodian in this case.

The City also hires a broker to communicate directly with the health care companies and pharmacy benefit managers. CBIZ Benefits & Insurances Services, Inc. is the current broker with Jonathan Krauss as the representative. The prior broker was The Kansas City Series of Lockton Companies, LLC with representatives Deena Schaffer and Amber Philips Burgess.



May 17, 2024
Page 9

5.  **Identify the individual in the City that currently and historically negotiated the terms of contracts with health plans or PBMs.**

The City hires a broker to communicate directly with the insurance companies and pharmacy benefit managers.  As stated above, CBIZ is the current broker with Jonathan Krauss as the representative.  The prior broker was Lockton with the representatives Deena Schaffer and Amber Philips Burgess.

6.  **Identify the individuals within the City (and historically) that have worked on, coordinated with, or have personal knowledge of the following initiatives or programs:**

a.  **SAMHSA Grant, "First Responders Comprehensive and Addiction Recovery Act"**

- Christina Heinen, 2007-present
- Terrell Sage, public health specialist, 2022-present. The City offers Terrell Sage as a custodian in this case.

b.  **Jackson County "COMBAT"**

- Christina Heinen
- Terrell Sage
- Halie Smith-Griffin, 2021-present

c.  **Health Department's Independence Mental Health Task Force**

- Halie Smith-Griffin

d.  **Free Narcan Program**

- Christina Heinen
- Dante Gliniecki, 2014-present

e.  **ARCH—Alternative Response for Community Health**

- John Borel, 2017-present



May 17, 2024
Page 10

    **f.   Police Drug Takeback**

- Phil Hininger, 1998-present
- Captain Justice Marriott

    **g.   Police School Resources Officers**

Police School Resources Officers (SRO) includes Sergeants who directly supervise the SRO Program, Captains of Community Services Unit who supervise the Sergeants, and the Special Operations Majors whose duties include supervision of Community Services Unit.

- Major Mark Kelsey (current Special Operations Major)
- Sgt. Jeff Pagel (current direct SRO Sergeant)
- Sgt. Matt Shull (former SRO Sergeant)
- Captain Scott Durst (former SRO Sergeant, former Captain of Community Services Unit)
- Sgt. Don Fowler (former SRO Sergeant)
- Captain Scott Durst (current Community Services Unit Captain)
- Captain Neil Tanis (former Community Services Unit Captain)
- Captain Joe Christiansen (former Community Services Unit Captain)
- Major Mike Onka (former Community Services Unit Captain)
- Captain Bill Vaughan (former Community Services Unit Captain)
- Major Ed Turner (former Special Operations Major)
- Major John Cato (former Special Operations Major)
- Major Terry Storey (former Special Operations Major)
- Major Doug Thompson (former Special Operations Major)
- Major Dennie Jensen (former Special Operations Major)

    **h.   Jackson County Drug Task Force and City of Independence Drug Enforcement Unit**

Jackson County Drug Task Force:

- Major Mark Kelsey
- Major Steve McVay
- Major Paul Thurman (former)
- Captain Kris Poletis
- Captain Dan Cummings (retired from IPD but currently the lead director for the Task Force)



May 17, 2024
Page 11

- Sgt. Kevin Freeman (former)
- Sgt. Justin English (still assigned to Task Force)
- Sgt. Joe Gentile
- Sgt. Gary Tucker (former)
- Sgt. Chris Summers (former)
- Sgt. Rob Romey (former)
- Sgt. Becky Edwards (former)
- Sgt. Mike Fowler
- Det. Steve Cook
- Det. Jeff Seever (former)
- PO Bob Sorensen (former)
- PO Mike Hicks (former)
- PO Shaun Warren (still assigned to Task Force)
- PO Mike Cano (former)
- PO Harold Echols
- Det. Brice Minter
- Det. Logan Waterworth
- Det. Wendi Winans
- Det. Keith Rosewaren (former)

City of Independence Drug Enforcement Unit:

- Chief Brad Halsey (former)
- Deputy Chief Gordon Abraham (former)
- Major Keith Leap (former)
- Major Terry Storey (former)
- Major Doug Thompson (former)
- Captain Ken Bergman (former)
- Captain Neil Tanis (former)
- Captain Dave Jackson (deceased)
- Sgt. Steve Myers (former)
- Sgt. Jim Cox (deceased)
- Sgt. Gary Tucker (former)
- Sgt. Phil Hininger
- Det. Just Leach (current)
- Det. Barry Huwar (current)
- Det. Roger Bunney (former)
- Det. Kevin Nightingale (former)



May 17, 2024
Page 12

- Det. Mike Hosack (retired but still a reserve)
- Det. Dave Gilgour (former)
- Det. Bill Sweeney (former)
- Det. Brad Slaybaugh (former)
- Det. Aaron Gietzen (former)

7.    **For each of the individuals identified in response to the questions above, provide the date range for which the City has custodial files.**

To the extent the PBM Defendants are interested in any of these particular individuals, the City will search for the date ranges for which the City has their custodial files.

Sincerely,

*/s/ Paige Boggs*
Paige Boggs

cc:    PBM@listserv.motleyrice.com
CT12-15_PBM_PLAINTIFFS_DD_TEAM@LISTSERV.MOTLEYRICE.COM

# Exhibit E

| Department | Emails | Years of Electronic Documents (e.g., Network/Databases) | Years of Paper Docs | Notes |
|---|---|---|---|---|
| City Clerk | 2014 to present | 1996 to present | no relevant paper documents identified | The City proposes pulling all relevant records including ordinances, resolutions, agenda and minutes for City Council, rather than offering an individual custodian. |
| City Council | 2014 to present | see City Clerk who keeps City Council records | see City Clerk | |
| City Manager | 2014 to present | TBD | TBD | |
| Fire Department | 2014 to present | "New World Fire" database reliable back to 2010; older data from prior system, "Firehouse Reporting", back to 2001 is less reliable. | TBD | |
| Health | 2014 to present | TBD | TBD | |
| Human Resources - Benefits | 2014 to present | TBD | TBD | |
| Internal Services - Finance | 2014 to present | 1996 to present | no relevant paper documents identified | |
| Municipal Courts | 2014 to present | 2018-present [Prior to 2018 the Courts used the Comain database, which can no longer run reports, but can only be searched for a specific individual case. Starting in 2018, the Court starting using inCode, which is still fully functioning. Starting in 2022, the court moved to ShowMe Courts database as mandated by the State of MO. The City proposes searching for all cases involving a drug offense for 2018-present.] | Held per MO Court Operating Rule 8.04.6 * | The City proposes searching the court databases, inCode and ShowMe Courts, for all drug offenses for the Municipal Courts rather than offering an individual custodian. |
| Parks, Recreation, Tourism | 2014 to present | TBD | TBD | |
| Police Department | 2014 to present | TBD | TBD | |

*as a rule, the City maintains documents per Missouri Court Operating Rule 8.04.6

The fact that we have identified documents back to a certain date does not mean that these agencies have documents responsive to discovery requests or that documents going back in time exist in any significant quantities. As with any organization, the availability of records becomes more sparse the farther back in time you go.