# EXHIBIT 30

quinn emanuel trial lawyers | houston

700 Louisiana Street, Suite 3900, Houston, TX 77002 | TEL (713) 221-7000 FAX (713) 221-7100

WRITER'S DIRECT DIAL NO.
**(713) 221-7222**

WRITER'S EMAIL ADDRESS
**patrickking@quinnemanuel.com**

May 17, 2024

VIA EMAIL
jhannaway@sanfordheisler.com

Re:   *In re: National Prescription Opiate Litigation*, MDL No. 2804 (N.D. Ohio)
*County of Webb v. Purdue Pharma, L.P. et al.*, Case No. 1:18-op-45175-DAP (Track 15)
May 14, 2024 Meet and Confer

Counsel:

We write on behalf of the Express Scripts Defendants and OptumRx, Inc. (**PBM Defendants**) to follow up on our meet-and-confer call on Tuesday, May 14, 2024 regarding Webb County's (**the County**) discovery responses, proposed custodians, search terms, data fields, and other matters.

1. ***Proposed Custodians***

The PBM Defendants requested that for each individual that the County stated has relevant knowledge or information in response to Interrogatory No. 1, the County identify each of their predecessors.  The PBM Defendants further requested that for each county department which the County asserted has relevant knowledge or information in response to Interrogatory No. 2, the County provide at least one person (and their predecessors) with relevant knowledge or information that could serve as a potential custodian.  The County stated it did not believe it was required to provide all of this information because certain individuals' knowledge may be subsumed within others but indicated it may be willing to fill out a chart that would provide all of this information.[1]  The PBM Defendants reiterated that it needs this information as soon as practicable, given that the County's discovery responses are well past due and the continued delay has prejudiced the PBM Defendants' ability to obtain relevant information, prepare its defenses, and identify appropriate search terms and custodians.

---

[1]   The PBM Defendants sent this chart to the County following the meet and confer on May 14, 2024.  As of the writing of this letter, the PBM Defendants are awaiting a response.

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

Further, the County indicated that Corinne Elizabeth Stern, the County's medical examiner from 2007-present, is the only medical examiner that the County has ever employed. The County stated it would confirm that this is true, and further, would inform the PBM Defendants of how medical examinations were performed in the County prior to 2007.

2. *Interrogatories*

The PBM Defendants raised the County's responses to Interrogatory Nos. 1 and 2 because of their relationship to the list of potential custodians in this case. The PBM Defendants requested that the County supplement their responses to these interrogatories to reflect the information noted in the above section regarding predecessors to employees with relevant knowledge or information, as well as representatives from the county departments with relevant knowledge for which no individual has been provided. While the PBM Defendants indicated that they will appreciate any effort by the County to fill out the chart sent on May 14 seeking this information, the County should formally supplement its interrogatory responses as well.

The PBM Defendants further requested clarification on the County's response to Interrogatory No. 6, which appeared to be a duplicative answer from another discovery response provided by the County. The County indicated that it believes its answer to Interrogatory No. 6 overlapped with another discovery request, but stated that it would confirm whether its April 30th supplemental response to Interrogatory No. 6 accurately reflects the County's current position.

3. *Requests for Production*

<u>RFP 1:</u> The County confirmed that it has already produced all documents that the County used in preparing its Complaint, and is not withholding any documents it used in preparing the Complaint. The County represented it had produced more than financial information but the PBM Defendants' review of Webb Volumes 1 and 2 reveal only financial and budgeting documentation thus far. The County confirmed that its objection that this request was premature is limited to the portion of the request seeking documents provided to testifying expert witnesses, documents the County intends to introduce in support of any dispositive motion, and documents the County intends to introduce at trial.

<u>RFP 2:</u> The County represented that the County does not have any substantive objection to the documents requested, other than that some of the "terms" used in the request do not reflect the terms used internally by the County. The County stated it would confirm that it is not withholding any documents in response to this request and that it did not oppose production of the information requested. The County also stated they would provide a description of the Commissioner Court's function as an administrative and legislative body in the County. This description would explain, among other things, how the Commissioner Court works with an "Auditor" to create and approve budgets, assess and estimate expenditures and revenues, and manage and appropriate grants or funds received by the County. The County also represented they are working to get the PBM Defendants more organizational charts.

<u>RFP 3:</u> The County took the position that with regard to all documents relating to opioid and substance-related grants, disbursements, settlements, etc., all relevant information is either

2

included in the budgets that the County has already produced,[2] or will otherwise be included in custodial document productions. Further, with regard to the portion of the request seeking documents describing how the County intends to use these funds (or any future funds it receives), the County indicated it would not produce any documents but would defer to the response to its interrogatory responses. First, the PBM Defendants request that the County specify which interrogatory responses will contain the information sought. Second, the PBM Defendants believe that an interrogatory response would not be sufficient to respond to this RFP. The PBM Defendants will conclude that the parties are at an impasse on this portion of the request unless the County changes its position.

*RFP 4:* The County stated that it intends to rest on its objection to the documents sought in this request on the grounds that it seeks individual proof, and that it would provide aggregate arrest information rather than individual incident reports citing burden concerns. However, the Request is not limited as the County suggests. The Request seeks documents that "describe, analyze, or refer to the impact of the use, misuse, or abuse of Opioids on Webb County, Texas," meaning it is not limited to documents about arrest records, and does not seek "individual proof." To the extent the County insists that it will not produce additional documents in response to this request, the PBM Defendants will proceed with the understanding that the parties are at an impasse.

*RFP 5:* The County asserted that it will not withhold any documents based on its objections listed in its responses and objections. The County asserted that its objections simply reflect that "it is not the County's role" to monitor suspicious orders and the other information requested.

*RFPs 10 and 11:* The County stated that it does not intend to withhold any documents responsive to these requests based on its objections, other than those documents which are protected from disclosure under 42 C.F.R. § 2.64. The County confirmed that it would provide an update to the PBM Defendants on its position regarding the scope of information protected by the statute.

First, RFP 10 does not seek any "patient records or testimony," bringing it outside the scope of 42 C.F.R. § 2.64. The request seeks data regarding prescription opioids dispensed under the County's health plan or pharmacy benefit plan, which can be accomplished without disclosing patient records or their identities. The County should therefore have no objection to this Request.

Second, RFP 11 does not seek any "patient records or testimony," bringing it outside the scope of 42 C.F.R. § 2.64. The request seeks documents relating to any contracts, negotiations, communications, or transactions between the County and any TPA or PBM relating to the County's health plans and benefits. None of this information falls under the umbrella of 42 C.F.R. § 2.64, meaning the County should have no objection to this Request.

When the County provides its update regarding 42 C.F.R. § 2.64, the PBM Defendants request that the County confirm it will not withhold any documents on the grounds that disclosure

---

[2] The County is still collecting missing budgets that were not included in Production Vols. 001 or 002.

3

of the information requested is protected by 42 C.F.R. § 2.64. Otherwise, the PBM Defendants will proceed with the understanding that the parties are at an impasse.

*RFPs 12, 13, and 15:* The County took the position that it believes the information sought in requests 12, 13, and 15 is protected from disclosure under medical privacy laws, including HIPAA. While the County stated it would produce documents that it believed were not subject to medical privacy laws, it stated it intends to withhold documents in full to the extent they are protected by these laws. However, the protective order in this case is sufficient to protect against the disclosure of any information covered by HIPPA. The County should accordingly confirm that it will not withhold any documents on this basis.

*RFP 14*: Regarding arrest records, the PBM Defendants shared that the parties are in the process of negotiating in other bellwethers a spreadsheet of all closed arrest records provided by Plaintiffs to help the PBM Defendants better assess the volume that is being characterized as "burdensome" without requiring the County to review the specific records. The other bellwether counties are also considering whether they are able to provide a similar spreadsheet of open arrest records. The County expressed that it is aligned with the other MDL's on this point and would be open to discussing this process further.

*Reservation of Rights Regarding Second Set of Requests for Production.* The PBM Defendants represented that they will advise the County whether a future meet and confer is needed to address the remaining requests contained in the PBM Defendants' Second Set of Requests for Production.

4. ***Missing Documents in Production Vols. 001 and 002***

The County indicated that it is in the process of gathering the documents that were omitted from the County's first two productions, which the PBM Defendants identified as missing in correspondence dated March 27, 2024 (noting items missing from Production Vol. 001) and May 2, 2024 (noting items missing from Production Vol. 002). The County represented that it will produce these items as soon as they are collected, and that the PBM Defendants can expect missing County budgets, as well as historical agendas and meeting minutes from the Commissioner's Court during the week of May 20, 2024.

5. ***Data Fields***

The PBM Defendants identified the missing data fields that the County has yet to produce despite the CMO deadline of April 1, 2024 to complete the production of data fields.

The PBM Defendants noted the following as entities which the County has yet to identify, and the County confirmed it continues to search for this information:

- No County PBM identified from 1996-2005;

- No County Insurer identified from 1996-2005;

- No County Third Party Administration identified from 1996-1999 and 2017-2019.

4

The PBM Defendants noted that the following claims and data fields have not been provided by the County, and the County confirmed it continues to search for this information:

- No health insurance claims data fields have been provided from 1996-2008;

- No health insurance rebate data fields[3] have been provided from 1996-Current;

- No worker's compensation claims data fields have been provided from 1996-2020;

- No worker's compensation rebate data fields have been provided from 1996-Current;

- No Indigent Health Services Program claims data fields have been provided from 1996-2004;

- No Indigent Health Services Program claims data fields have been provided from 1996-2005 or 2013-Current.

Further, the County stated that with regard to the handwritten prescription records maintained by the County Jail, it would confirm whether these records are available dating back to 1996.

6. *Search Terms*

The County indicated that it was agreeable to using the same search terms procedure and approach utilized in the *City of Rochester* bellwether action. The parties agreed that the case-specific search term strings would need to be updated to account for the proper parties and entities, and that the search terms will be finalized once the County provides the missing identities of the County's insurers, third-party administrators, and pharmacy benefit managers for the relevant time period.

7. *Document Retention*

The County indicated that it generally believes that emails and documents from current and former County employees have been preserved. However, the County indicated it has not confirmed for certain that all of this information has in fact been preserved. Further, the County indicated that it is not certain how far back emails have been preserved for potential custodians. The County stated that it would provide confirmation on these items.

\* \* \*

---

[3] The County has represented it does not have transaction-level rebate data fields for certain time periods, but has not provided any rebate data fields from any source.

5

Nothing in this letter is intended to limit or waive any of the PBM Defendants' objections, rights, or remedies. The PBM Defendants reserve the right to discover information and documents responsive to all of their Requests, Interrogatories, and other information mentioned in this letter.

Sincerely,

*/s/ Patrick King*                  */s/ Debolina Das*

| | |
|---|---|
| Patrick King | Debolina Das |
| **Quinn Emanuel Urquhart & Sullivan, LLP** | **Alston & Bird LLP** |
| 700 Louisiana St., Suite 3900 | 90 Park Avenue |
| Houston, TX 77002 | New York, NY 10016 |
| Tel: 713-221-7222 | Tel.: (212) 905-9040 |
| patrickking@quinnemanuel.com | Debolina.das@alston.com |
| | |
| *Attorneys for Express Scripts, Inc. and Express Scripts Holding Company, n/k/a Evernorth Health, Inc.* | *Attorneys for OptumRx, Inc.* |

CC: Plaintiff's Counsel