EXHIBIT 33

**quinn emanuel** trial lawyers | houston

700 Louisiana Street, Suite 3900, Houston, TX 77002 | TEL (713) 221-7000 FAX (713) 221-7100

WRITER'S DIRECT DIAL NO.
**(713) 221-7222**

WRITER'S EMAIL ADDRESS
**patrickking@quinnemanuel.com**

May 30, 2024

VIA EMAIL
jhannaway@sanfordheisler.com

Re:     *In re: National Prescription Opiate Litigation*, MDL No. 2804 (N.D. Ohio)
        *County of Webb v. Purdue Pharma, L.P. et al.*, Case No. 1:18-op-45175-DAP (Track 15)
        Discovery and Custodians

Counsel:

        We write on behalf of the Express Scripts Defendants and OptumRx, Inc. (**PBM Defendants**) in response to Webb County's (the **County**) recent correspondence.

        1.    The County's Delays

        The County suggested in its May 24th letter that it delayed identifying custodians and individuals with relevant knowledge because the PBM Defendants did not indicate "they wanted historical information about County employees" until May 7.  This is simply incorrect.  The PBM Defendants asked the County to identify all individuals with relevant knowledge or information back in January.  The County's failure to provide that information before the deadline to raise custodial disputes to Special Master Cohen is in no way attributable to the PBM Defendants. The PBM Defendants alerted Special Master Cohen to the County's delays in order to protect their rights.

        The PBM Defendants agree with the County that an extension of the deadline to raise disputes regarding custodians to Special Master Cohen is proper.  The PBM Defendants request an extension of this deadline to Friday, June 21, 2024.

        2.    Custodians Proposed by Webb County on April 30, 2024

        On April 30, 2024, the County identified 13 current employees to serve as proposed custodians.  The PBM Defendants continue to evaluate these proposed custodians and others. At

quinn emanuel urquhart & sullivan, llp

this time, the PBM Defendants are considering selecting Margie Ramirez Ibarra (County Clerk), Corrine Elizabeth Stern (Medical Examiner), Nancy Cadena (Director of Public Health Services and Bruni Public Health Facility), and Martin Cuellar (Sheriff) as custodians. Before the PBM Defendants can make a formal selection, the County must clarify the earliest year for which the County possesses emails for these individuals (and whether those emails are significant, *i.e.*, more than 200). Please look into this issue and get back to us as soon as you are able.

3. <u>Additional Custodians Being Considered by the PBM Defendants</u>

In order to make additional selections of custodians, the County must provide the PBM Defendants with more information.

First, the County must update its response to Interrogatory No. 1 to include the historical personnel it identified in the chart included in its May 24, 2024 letter. From the list of additional people identified in the County's amended response, the County should propose a list of additional custodians because the County is in the best position to know which historical personnel are likely to have a significant number of relevant documents.

Second, the County claims the PBM Defendants must select custodians before the County is able to confirm whether—and how far back—there is available data for those individuals. This is inefficient. The County has repeatedly claimed that only the "best" individuals with knowledge should be custodians. The PBM Defendants cannot begin to evaluate who may be "best" without this information. In order to inform the selection of custodians, the PBM Defendants request that the County clarify, for each individual listed below, the earliest year for which the County possesses emails (and whether those emails are significant, *i.e.*, more than 200):

- Leo Flores (County Auditor; 1998-2018)
- Daniel Valdez (County Judge; 2007-2015)
- Louis Bruni (County Judge; 2003-2007)
- Mercurio Martinez (County Judge; 1996-2003)
- Francisco Sciaraffa (Commissioner, Precinct 1; 2005-2013; 2015-2017)
- Linda Ramirez (Commissioner, Precinct 1; 2014-2015)
- Kristopher Montemayor(Commissioner, Precinct 1; 2013-2014)
- Gerardo Vasquez (Commissioner, Precinct 1; 2001-2005)
- Jorge De La Garza, Jr. (Commissioner, Precinct 1; 1996-2001)
- Judith Gutierrez (Commissioner, Precinct 2; 1999-2007)
- Roque Vela (Commissioner, Precinct 2; 1996-1999)
- Gerardo Garza (Commissioner, Precinct 3; 2005-2013)
- Felix Velasquez Jr. (Commissioner, Precinct 3; 2001-2005)
- Richard Reyes (Commissioner, Precinct 3; 1996-2001)

- Cindy Liendo (Commissioner, Precinct 4; 2019-2023)

- Jamie Canales (Commissioner, Precinct 4; 2011-2019)

- Sergio Martinez (Commissioner, Precinct 4; 2007-2011)

- Cynthia Brunner (Commissioner, Precinct 4; 2005-2007)

- Miguel Urdiales (Commissioner, Precinct 4; 1999-2003)

- David Cortez (Commissioner, Precinct 4; 1996-1998; 2003-2005)

- Carlos Villarreal (Commissioner's Court Executive Administrator; 2000-2006)

- Ricardo Flores (Sheriff; 2005-2009)

- Juan Garza (Sheriff; 1996-2005)

- Delia Perales (Treasurer; 2003-2019)

- William Hall Jr. (Treasurer; 1996-2003)

- Francisco Salinas (Public Health Director; 2003-2012)

- Matilda Smith-Gomez (Public Health Director; 1996-2003)

- Alica Herrera (Medina) (Public Health Director; 2004-2005)

- Braulio Martinez (Public Health Director; 1997-1999)

- Elida Garcia (Public Health Director; 1986-1996)

Third, the PBM Defendants reject the County's position that individuals from *any* department within the County Court System are inappropriate custodians. While the County claims that "the most relevant records" live in centralized files, the PBM Defendants are entitled to obtain relevant, non-privileged information that extends beyond formal records.[1] The PBM Defendants intend to identify custodians from this department once the County provides more information, as requested in this letter.

The PBM Defendants reserve their rights to select additional custodians upon the receipt of the necessary information from the County.

4. <u>Explanations Regarding County Government Functions</u>

To streamline the selection of custodians, the PBM Defendants request that the County provide brief explanations in response to the following questions:

---

[1] For example, policies relating to the charging and prosecuting of drug-related offenses, including how the County prioritized or approached such charges, would not be in the possession of a clerk.

- Which County departments are responsible for identifying grant opportunities, preparing grant applications, and allocating grant funding?

- Who (currently and historically) within the County government coordinates or works with the City of Laredo's Public Health Department on opioid, illicit drug, and addiction-related issues?

- Who (currently and historically) within the County government coordinates or works with the City of Laredo Police Department on opioid, illicit drug, and addiction-related issues?

- Who (currently and historically) within the County government communicates or coordinates with the DEA, FBI, or any other relevant law enforcement agency on opioid, illicit drug, and addiction-related issues in Webb County?

- Who (currently and historically) within the County government communicates or coordinates with the DEA, FBI, the U.S. Border Patrol, or any other relevant law enforcement regarding illegal drug smuggling and trafficking across the U.S.-Mexico border into Webb County?

- Who (currently and historically) within the County government has relevant documents regarding the role of Mexican drug cartels in trafficking illegal drugs into and through Webb County?

- Who (currently and historically) within the County government has relevant documents regarding the transit, distribution, and use of illegal fentanyl in Webb County?

- Who (currently and historically) within the County has relevant documents regarding the County's efforts to combat illegal drug trafficking across the U.S.-Mexico border?

- Who (currently and historically) within the County has relevant documents regarding people crossing the U.S-Mexico border in Webb County to obtain opioids from Mexican pharmacies?

- Who (currently and historically) within the County has relevant documents regarding the County's efforts to combat or prevent people from crossing the U.S.-Mexico border in Webb County to obtain opioids from Mexican pharmacies?

- Which County departments and individuals (currently or historically) regularly coordinates or works with the Bruni Public Health Facility?

4

- What are the areas of responsibility for the Auditor's Office, Business Office and Treasurer?

- Who (currently and historically) within the County government determines which health plans or PBMs the County will offer to its employees? How is this decision made and who is involved in making recommendations?

- Who (currently and historically) within the County government negotiates the terms of contracts with health plans or PBMs or interfaces with the County's TPAs for negotiation of contracts with health plans or PBMs?

5.  <u>Data Fields and Search Terms</u>

The County indicated in its May 24 letter that it is still in the process of identifying various PBMs, insurers, and other information relevant to data fields.  While the County agreed to supplement its responses to Interrogatory Nos. 4 and 5 by June 6, which seek similar information, the PBM Defendants again reiterate that this information is necessary to keep the discovery process moving forward in a timely and CMO-compliant manner.

Relatedly, the PBM Defendants agree that the search terms negotiated in the CT-12 bellwether should be applied to the Webb County action.  However, the PBM Defendants note that two strings should be updated.

First, String 1(b) should be updated to account for the proper defendants, as follows:

**String 1(b): Names of Defendants:** Caremark OR Purdue OR Sackler OR ((OR "CVS Caremark" OR Purdue OR Actavis OR Allergan OR "Watson Laboratories" OR "Watson Pharma*" OR Cephalon OR Teva OR Janssen OR "J&J" OR "J & J" OR "Johnson and Johnson" OR "Johnson & Johnson" OR Endo OR Mallin* OR Malin* OR "SpecGX" OR "Spec GX" OR Sackler* OR Mylan OR Insys OR "Rhodes Technologies" OR "Rhodes Technolog*" OR "Rhodes Pharma*" OR "P.F. Laboratories" OR "Par Pharma*" OR Hikma OR Amneal OR Sackler OR "Cardinal Health" OR "Cardinal distrib*" OR McKesson OR Amerisource* OR ABDC OR Bergen OR CVS OR Walgreen* OR Walmart OR "Wal-Mart" OR "Wal*Mart" OR Caremark OR (John w/3 Stewart) OR (Mark w/3 Timney) OR (Craig w/3 Landau) OR (Russell w/3 Gasdia) OR ("Abbott Laboratories") OR Abbvie OR KVK) AND DRUG BLOCK)

Second, the PBM defendants intend to propose additional search terms to String 1(b) for other relevant prescribers and dispensers within Webb County and will follow-up with that information soon.

Third, String 9 can only be updated when the County provides the full list of PBMs, TPAs, brokers, etc. The PBM Defendants will propose an updated search term block when this information is made available.

*     *     *

In order to facilitate an efficient selection of custodians, the PBM Defendants are able to meet and confer to discuss any of the items referenced above.

5

Sincerely,

_/s/ Patrick King_

Patrick King
**Quinn Emanuel Urquhart &**
**Sullivan, LLP**
700 Louisiana St., Suite 3900
Houston, TX 77002
Tel: 713-221-7222
patrickking@quinnemanuel.com

_Attorneys for Express Scripts, Inc. and_
_Express Scripts Holding Company, n/k/a_
_Evernorth Health, Inc._


_/s/ Debolina Das_

Debolina Das
**Alston & Bird LLP**
90 Park Avenue
New York, NY 10016
Tel.: (212) 905-9040
Debolina.das@alston.com

_Attorneys for OptumRx, Inc._


CC:     Plaintiff's Counsel

6