# EXHIBIT 38

| | |
|---|---|
| **From:** | Smyer, Brad |
| **Sent:** | Tuesday, June 18, 2024 1:29 PM |
| **To:** | Boggs, Paige; Erica Perdomo; David R. Cohen (David@SpecialMaster.Law); ESI-Opioids; Optum Opioid Team; pbm@listserv.motleyrice.com |
| **Cc:** | Michael Borden; Scott Loge; Smyer, Brad |
| **Subject:** | RE: Follow up on Agenda Items 363/370 |

Special Master Cohen,

The PBM Defendants will comply with the clawback provisions of the protective order but note that we expect to challenge the City's privilege claims in accordance with the procedures set forth in the protective order once we receive a privilege log from the City of Independence. It would be unfairly prejudicial for the PBM Defendants to have to file a sanctions motion before resolving this question, in addition to the other outstanding and interrelated issues highlighted in Ms. Perdomo's email this morning. That further weighs in support of a July 31, 2024 deadline for any sanctions motion with respect to Lincoln County's and the City of Independence's spoliation of evidence.

In any event, any underlying facts related to the ransomware attack and the City of Independence's insurance coverage are not privileged, and the PBM Defendants are entitled to explore those facts through a Rule 30(b)(6) deposition before filing a sanctions motion. The same goes for the facts related to Lincoln County's spoliation of evidence.

Finally, the vast majority of Ms. Perdomo's June 18, 2024 10:00am ET email has nothing to do with the allegedly privileged document. We have copied and pasted that information below, removing references to that document, and reassert our request for additional relief.

Each of the PBM Defendants intends to preserve one copy of the document and Ms. Perdomo's email, consistent with the terms of the protective order.

Regards,

**Brad Smyer**
Partner
**ALSTON & BIRD**
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
+1 214 922 3459 (O)
Brad.Smyer@alston.com

\* \* \*

*Dear Special Master Cohen,*

*Thank you for your assistance with Agenda Items 363/370. The PBM Defendants look forward to receiving Lincoln County's answers to our questions by June 28 and to resolving the serious preservation and spoliation issues in Agenda Item 363 as expeditiously and efficiently as possible. To that end, the PBM Defendants write to (a) provide an update on Agenda Item 373 (The City of Independence's Failure to Provide Answers*

Surrounding a Ransomware Attack), and (b) request that you extend the PBM Defendants' deadline to move for sanctions stemming from spoliation by four weeks, from July 3 to July 31, to allow for comprehensive resolution of these issues, as outlined below.

[Reference removed due to claim of privilege]. But despite the pendency of this case, and without notifying either the PBM Defendants or the Court, the City chose not to pay the ransom, and instead allowed all pre-2014 emails to be "destroyed consistent with the City's standard operating procedure to destroy unusable electronics." See attached June 17, 2024 letter from P. Boggs. The only way this could have occurred was if the City did not implement a litigation hold or failed to abide by it. Had the City timely issued a litigation hold as it was obligated to do, this should never have happened. Despite having promised to the Court and the PBM Defendants that it would provide "full answers" last week, see June 12, 2024 SMC Discovery Conf. Tr. at 15:13-16; see also id. at 15:8-12, the City's June 17 letter reneges on that commitment, now stating it "will provide a final statement on this issue on or before the June 28, 2024 noon deadline that Special Master Cohen set" (for Lincoln County).

In these circumstances, the current deadline of July 3 for the PBM Defendants to seek relief is unworkable and unfairly prejudicial to the PBM Defendants for at least three reasons.

First, the current schedule would allow the PBM Defendants just three business days over a busy holiday week to brief an important motion for sanctions that might implicate at least two bellwethers. Any motion the PBM Defendants file will be based on information provided on June 28, leaving the PBM Defendants a few days to analyze and brief a potential sanctions motion. This extremely compressed schedule is in contrast to the many weeks Lincoln County and the City of Independence have been allowed to investigate their failures and develop their positions. Indeed, the City of Independence seems to be trying to take advantage of the compressed schedule for the PBM Defendants by now withholding information it promised last week until June 28.

Second, the current schedule will not allow the PBM Defendants to validate any information in Lincoln County's and the City of Independence's forthcoming statements or conduct 30(b)(6) depositions, which courts regularly authorize in spoliation situations like these. The PBM Defendants must understand the scope of the preservation and spoliation issue to be able to evaluate and move for an appropriate remedy, and the current schedule does not permit the PBM Defendants sufficient opportunity to do either. At a minimum, the PBM Defendants must be allowed to take 30(b)(6) depositions of Lincoln County and the City of Independence, which should not count against the deposition limits in the case management order and should extend the deadline for the PBM Defendants to seek relief.

Third, the current deadline of July 3 for the PBM Defendants' submission will not allow for proper assessment and briefing because the Lincoln County spoliation issue is intertwined with resolution of Items 370 and 373. The PBM Defendants have serious concerns that Lincoln County is not an outlier and that the preservation and spoliation issues in Lincoln County are much broader and may affect some or all of the three other bellwethers. In fact, it now appears the City of Independence also did not issue a litigation hold or failed to comply with it. Adding to our concerns, the same firm that filed the lawsuits in Lincoln County and the City of Independence represents **75%** of the 84 pending cases against the PBM Defendants in the MDL and has refused to state whether or when it implemented a litigation hold in any of those cases, even though the PBM Defendants posed this question more than a month ago. For the PBM Defendants to be able to evaluate and seek appropriate relief, we need to understand the scope of potential spoliation—and prejudice to the PBM Defendants—across all four bellwethers. See Doc. 5487 at 10 ("Special Master: . . . And that question is going to be equally true for any other case, specifically the lit hold issue with Rochester. We need to know what it is that the Defendants think is the problem and what they think they need, if anything, in response to that."). That is why we seek in Agenda Item 370 to have the other bellwether plaintiffs answer two simple questions aimed at expediting resolution of these issues: (1) whether a litigation hold is in place and (2) if so, when it was implemented. The PEC's refusal to provide this information and to confirm that documents were properly and timely preserved in

*the other bellwethers is surprising and concerning, given what we now know about the preservation failures in Lincoln County and the City of Independence.*

*As set out in the documents accompanying Agenda Item 370, there are objective reasons to suspect that issues regarding the timing of litigation holds and preservation extend beyond Lincoln County. Without belaboring the point, some of the more salient reasons include:*

1. *The admitted spoliation by Lincoln County;*
2. *The Cicala Law Firm's years'-long representation not only of Lincoln County (Track 13), but also of the City of Independence (Track 14), and the County of Webb (Track 15);*
3. *The destruction of pre-2014 emails in the City of Independence purportedly under a destruction policy that had not been suspended for this litigation;*
4. *The failure by the County of Webb to identify the period for which it has retained responsive documents; and*
5. *The PEC's refusal to state whether and when any bellwether plaintiff other than Lincoln County implemented a litigation hold or otherwise properly preserved documents.*

*For these reasons, to ensure comprehensive and efficient resolution of these matters, the PBM Defendants respectfully request the following additional relief:*

1. *That the Tracks 12, 14, and 15 plaintiffs be required to answer, by Friday, June 21, whether and when each implemented a litigation hold, as raised in Agenda Item 370;*
2. *That the City of Independence answer all of the PBM Defendants' remaining questions about the destruction of pre-2014 emails, including when the emails were destroyed, how, and why its "standard operating procedures" were not suspended for this litigation, by Friday June 21;*
3. *That the PBM Defendants be authorized to take, by July 24, 30(b)(6) depositions of Lincoln County, the City of Independence, and each other bellwether plaintiff that did not timely implement a litigation hold, and that these depositions do not count against the deposition limits in the case management order; and*
4. *That the deadline for the PBM Defendants to file a motion seeking relief against Lincoln County, the City of Independence, and any other bellwether (to the extent necessary and possible by that time) be instead set for Wednesday, July 31.*

*Regards,*

**Erica Perdomo**
*Of Counsel*
**Quinn Emanuel Urquhart & Sullivan, LLP**

---

**From:** Boggs, Paige <pboggs@motleyrice.com>
**Sent:** Tuesday, June 18, 2024 10:44 AM
**To:** Erica Perdomo <000000b8184dca69-dmarc-request@LISTSERV.MOTLEYRICE.COM>; David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>; ESI-Opioids <esi-opioids@quinnemanuel.com>; Optum Opioid Team <Optum.Opioid.Team@alston.com>; pbm@listserv.motleyrice.com
**Cc:** Michael Borden <michael@bordenadr.com>; Scott Loge <andrew.scott.loge@outlook.com>
**Subject:** RE: Follow up on Agenda Items 363/370
**Importance:** High

**EXTERNAL SENDER – Proceed with caution**

Special Master Cohen,

The City will substantively respond to the email from Express Scripts' counsel later today but wanted to immediately address an urgent issue.  The City of Independence ("City") issued a claw back notice a few minutes ago notifying counsel that certain documents, including document (INDMO0073552) which Express Scripts' counsel attached to and summarized in her email to you at approximately 10 a.m. today, contain sensitive attorney client privileged information and should be destroyed.  **All individuals who received this email should delete the email and document INDMO0073552 immediately**.  Counsel should have been on notice that document INDMO0073552 contains sensitive attorney client privileged information.  It contains minutes from a closed Executive Session of the City Council in which a law firm (Mullen Law) and the City's lawyer (Ryan Loughlin) were in attendance and where legal advice was given and discussed.

Thank you,

Paige Boggs



**Paige Boggs** (she / her)
Attorney at Law

401 9th St. NW, Suite 630, Washington, DC 20004
**o.** 202.386.9629 **c.** 202.538.0540 **f.** 202.386.9622
pboggs@motleyrice.com

---

**From:** owner-pbm@listserv.motleyrice.com <owner-pbm@listserv.motleyrice.com> **On Behalf Of** Erica Perdomo
**Sent:** Tuesday, June 18, 2024 10:00 AM
**To:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>; ESI-Opioids <esi-opioids@quinnemanuel.com>; Optum Opioid Team <Optum.Opioid.Team@alston.com>; pbm@listserv.motleyrice.com
**Cc:** Michael Borden <michael@bordenadr.com>; Scott Loge <andrew.scott.loge@outlook.com>
**Subject:** RE: Follow up on Agenda Items 363/370

Dear Special Master Cohen,

[Content of email removed due to privilege concerns discussed above]


Regards,

*Erica Perdomo*
*Of Counsel*
**Quinn Emanuel Urquhart & Sullivan, LLP**

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Sent:** Friday, June 14, 2024 2:00 PM
**To:** ESI-Opioids <esi-opioids@quinnemanuel.com>; Optum Opioid Team <Optum.Opioid.Team@alston.com>; pbm@listserv.motleyrice.com
**Cc:** Michael Borden <michael@bordenadr.com>; Scott Loge <andrew.scott.loge@outlook.com>
**Subject:** Follow up on Agenda Items 363/370

**[EXTERNAL EMAIL from david@specialmaster.law]**

Greetings.  As discussed during our conference, Judge Polster would like to reach resolution as soon as reasonably possible on the questions surrounding the Lincoln County Lit-Hold Issue.  Accordingly, the parties should please proceed as follows:

Lincoln shall supply to the Special Master and Defendants a "final written position statement," providing a fulsome report on what potential discovery material was lost, what was recovered, and what was *not* lost, as a result of the litigation hold being implemented late.  The statement should also provide suggestions on what actions Lincoln or the Court can take to ameliorate any possible prejudice caused by lost discovery material.  This statement shall be produced as soon as reasonably possible, but not later than **noon on June 28**.  Between now and then, the parties will continue to meet and confer and discuss possible agreed resolutions short of a request for Court-ordered relief.

If the parties cannot come to full agreement, then PBMs shall file a motion stating the relief they seek, not to exceed 15 pages, on or before **noon on July 3**.  Lincoln shall respond within seven days of PBMs' motion.

Please let me know if you have any questions.

-d


========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

To unsubscribe from the PBM list, click the following link:
https://LISTSERV.MOTLEYRICE.COM/scripts/wa-MOTLEYRICE.exe?SUBED1=PBM&A=1

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.