UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*This document relates to:*<br><br>All Cases | MDL 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

MOTION FOR EXTENSION OF TIME TO PERMIT PLAINTIFFS TO FILE MOTIONS FOR LEAVE TO AMEND TO ADD DEFENDANTS RELATED TO PURDUE PHARMA, L.P.

4875-9077-3964.v1

On June 27, 2024, the U.S. Supreme Court issued its long-awaited decision in *Harrington, U.S. Trustee, Region 2 v. Purdue Pharma L.P.*, No. 23-124, Slip Op. (June 27, 2024) ("*Harrington* Slip Op."). In examining the national opioid bankruptcy settlement with Purdue Pharma, L.P. and related parties (collectively, the "Purdue Related Parties"),[1] the Court held that the bankruptcy code does not authorize a release and injunction that, as part of a Chapter 11 reorganization plan, effectively seeks to discharge claims against a nondebtor without the consent of affected claimants. *Id*. at 9. In light of this new development in the law, the Plaintiffs' Executive Committee ("PEC") respectfully seeks to extend the time for plaintiffs to file motions for leave to amend defendants related to the Purdue Related Parties.

By way of background, on April 11, 2018, this Court issued Case Management Order One ("CMO-1") (ECF 232) establishing time limitations for complaint amendment providing that: (1)

---

[1] The Purdue Related Parties include: Purdue Pharma, L.P.; The Purdue Frederick Company Inc.; The P.F. Laboratories Inc.; Purdue Pharma Technologies Inc.; PLP Associates Holdings L.P.; PLP Associates Holdings Inc.; BR Holdings Associates L.P.; BR Holdings Associates Inc.; Rosebay Medical Company L.P.; Rosebay Medical Company, Inc.; Beacon Company; PRA Holdings Inc.; Pharmaceutical Research Associates Inc.; Purdue Holdings L.P.; Rhodes Pharmaceuticals Inc.; Rhodes Technologies Inc.; Coventry Technologies L.P.; MNP Consulting Limited; Richard S. Sackler; the Estate of Jonathan D. Sackler; Jonathan D. Sackler; Mortimer D.A. Sackler; Kathe A. Sackler; Ilene Sackler Lefcourt; the Estate of Beverly Sackler; Beverly Sackler; Theresa Sackler; David A. Sackler; Marianna Sackler; Estate of Mortimer Sackler; Estate of Raymond Sackler; Trust for the Benefit of Members of the Raymond Sackler Family; Raymond Sackler Trust; Beverly Sackler, Richard S. Sackler, and Jonathan D. Sackler, as Trustees Under Trust Agreement Dated November 5, 1964; Beverly Sackler, Richard S. Sackler, and Jonathan D. Sackler, as Trustees Under Trust Agreement Dated November 5, 1974; Paulo Costa; Cecil Pickett; Ralph Snyderman; Judith Lewent; Craig Landau; Mark Timney; Stuart D. Baker; Frank Peter Boer; John Stewart; Russell Gasdia; Marv Kelly; Shelli Liston; Heather Weaver; Doug Powers; Lori Fuller; Rodney Davis; Brandon Worley; Donald Leathers; Wendy Kay; Michael Madden; LeAvis Sullivan; Jeffrey Ward; Beth Taylor; Leigh Varnadore; Paul Kitchin; Mark Waldrop; Mark Radcliffe; Mark Ross; Patty Carnes; Carol Debord; Jeff Waugh; Shane Cook; James David Haddox; Aida Maxsam; Tessa Rios; Amy K. Thompson; Joe Coggins; Lyndsie Fowler; Mitchell "Chip" Fisher; Rebecca Sterling; Vanessa Weatherspoon; Chris Hargrave; Brandon Hassenfuss; Joe Read; Andrew T. Stokes; Nathan C. Grace; Jaclyn P. Gatling; Leslie Roberson; Barbara C. Miller; Briann Parson-Barnes; Becca Beck Harville; Lindsey Bonifacio; Tammy Heyward; James Speed; Damon Storhoff; Diana C. Muller; Draupadi Daley; and any other related trusts and/or entities.

plaintiffs in cases other than those selected as bellwethers would have until May 25, 2018, to amend their complaints, after which date subsequent amendments would require leave of Court or stipulation of the parties; (2) plaintiffs in cases transferred to the MDL after the date of CMO-1 could amend their pleadings within 60 days of transfer; and (3) no party could file any motion not expressly authorized by CMO-1 absent further Order of this Court or express agreement of the parties. CMO-1 at 9, 11. The Court subsequently modified the terms and deadlines under which certain MDL plaintiffs may amend their pleadings. *E.g.*, Order Regarding Plaintiffs' Motion for Modification of CMO-1, ECF 739 at 4 (July 13, 2018) (allowing certain MDL plaintiffs to amend their complaints until Nov. 16, 2018); Opinion and Order, ECF 1282 at 2 (Jan. 18, 2019) (granting an extension for certain MDL plaintiffs to amend pleadings until Mar. 16, 2019).

On April 22, 2024, the PEC moved this Court to lift the moratorium on substantive filings to permit plaintiffs to file motions for leave to amend to add additional defendants ("Motion to Lift Moratorium") (ECF 5411). On May 23, 2024, this Court issued an Order granting the PEC's motion to lift said moratorium finding that "[f]or each defendant the PEC wishes to add to any case, the PEC shall file a single motion to amend the complaints of all plaintiffs who wish to add that defendant." ECF 5455 at 1. The Court set July 22, 2024, as the deadline for Plaintiffs' motions to amend complaints to add defendants. *Id*. at 2.

Meanwhile, since September 18, 2019, all proceedings against the Purdue Related Parties in this MDL have been enjoined by order of the bankruptcy court overseeing the national opioid bankruptcy settlement with the Purdue Related Parties. Second Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction, *Purdue Pharma L.P. v. Commonwealth of Mass.*, Adv. Proc. No. 19-08289, ECF 105 (Bankr. S.D.N.Y. Nov. 6, 2019) ("Purdue Bankruptcy Proceeding"). As amended most recently on May 30, 2024, this injunction is

set to extend until "the date 30 days after entry of an opinion or order vacating or reversing the May 30, 2023 judgment", or, in other words, until 30 days after the U.S. Supreme Court's order in *Harrington*.  Thirty-Fifth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction, ECF 484 at 11-12, Purdue Bankruptcy Proceeding (Bankr. S.D.N.Y. May 31, 2024).

On June 27, 2024, the debtors filed a motion to extend the preliminary injunction by 60 days following the date the Court enters an order appointing mediators.  Motion to Extend the Preliminary Injunction, ECF 489 at 1, Purdue Bankruptcy Proceeding (June 27, 2024).  It is anticipated that the injunction will be extended for another 60 days or longer, through at least late August or September 2024, in order for a mediation to occur, as requested by the debtors, with the goal of reaching a resolution with the Purdue Related Parties.  Even without such extension, the current deadline for amending complaints to, *inter alia*, add additional parties, will expire prior to the expiration of the bankruptcy injunction.  ECF 5455 at 2.

As a result of *Harrington*, the settlement posture of the plaintiffs' claims against the Purdue Related Parties has significantly changed.  Extending the amendment deadline until 30 days after any injunctions are lifted in the Purdue Bankruptcy Proceeding will allow plaintiffs who have not yet named Purdue Related Parties to move for leave to amend their complaints in light of the U.S. Supreme Court's decision this week.

Because this Court has directed that the upcoming July 22, 2024 deadline "will be plaintiffs' final opportunity to amend their complaints," *Id*., if this extension is not granted, the MDL plaintiffs will suffer the irreparable prejudice of losing the opportunity to seek leave to amend complaints to add the Purdue Related Parties, who "sit at the center" of the national opioid epidemic for their role in marketing and selling OxyContin, an opioid prescription pain reliever that became "the most

- 3 -

prescribed brand-name narcotic medication in the United States." *Harrington*, Slip Op. at 2 (internal quotations omitted).  The extension of time sought here is thus for good cause and meets the requirements of Rule 16(b) of the Federal Rules of Civil Procedure, which requires that the Court limit the time to join other parties and further provides that the time, once set, "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 15, 16(b).

In seeking this extension, the PEC reiterates its understanding that under Rules 15 and 16, plaintiffs must adequately demonstrate a basis for this Court to grant leave to amend.  Fed. R. Civ. P. 15-16; Motion to Lift Moratorium at 3.  As asserted in the Motion to Lift Moratorium, the PEC is confident that many plaintiffs will be able to meet these requirements with regard to the Purdue Related Parties, as interpreted by the Sixth Circuit.  *Id.*  For the foregoing reasons, the PEC respectfully requests that this Court extend the time by which plaintiffs may bring motions solely with respect to the Purdue Related Parties until 30 days after any and all injunctions regarding such parties are lifted.

Dated: July 2, 2024          Respectfully submitted,

Jayne Conroy
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
(212) 213-5949 (fax)
jconroy@simmonsfirm.com

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000
(843) 216-9290 (fax)
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
FARRELL & FULLER LLC
270 Munoz Rivera Avenue, Suite 201
San Juan, PR  00918
(304) 654-8281
paul@farrellfuller.com

*MDL Plaintiffs' Co-Lead Counsel*

*/s/ Peter H. Weinberger*
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (fax)
pweinberger@spanglaw.com

*MDL Plaintiffs' Liaison Counsel*

## CERTIFICATE OF SERVICE

    I hereby certify that on July 2, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

*/s/Peter H. Weinberger*
Peter H. Weinberger