UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*All Cases* | MDL 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster<br><br>**<u>FINAL ORDER REGARDING ALLOCATION OF COMMON BENEFIT AWARDS</u>** |

Before the Court are seven appeals from the Fee Panel's Final Recommended Allocation of Common Benefit Fee Awards.[1] Docket no. 5476. The Court has carefully reviewed: (1) the Fee Panel's comprehensive allocation process, exhaustive deliberations, and mathematical calculations; (2) all materials submitted by the appellants in pursuit of their objections, including their hearing transcripts; and (3) the appellants' briefs. The Court now concludes the appeal of Spangenberg, Shibley, & Liber is well-taken and is granted-in-part. The remaining appeals are all denied.

In July of 2021 and November and December of 2022, nine defendants reached global settlements with the subdivision plaintiffs. Each of these Master Settlement Agreements contained largely identical Exhibit Rs that set forth the parties' agreements on attorneys' fees, costs, and expenses.[2] In relevant part, Exhibit R provides for the creation, funding, and administration of an

---

[1] The seven firms that appealed the Fee Panel's final recommendations are: Crueger Dickinson LLC; Goldstein & Russell, P.C. and Kelley & Ferraro LLP (one appeal jointly submitted by both firms); Meyers & Flowers; Motley Rice; Spangenberg, Shibley, & Liber; Stranch, Jennings, and Garvey LLC; and Weisman Kennedy & Berris Co LPA.

[2] As was done in Fee Panel Order 32, the Court's order refers to "Exhibit R" in the singular, but the discussion applies to all such Exhibit Rs collectively.

Attorney Fee Fund, which includes a Common Benefit Fund. To accomplish these functions, Exhibit R provided for the appointment of a three-person Fee Panel and provided the Panel with guidelines for the funds' administration and eventual distribution. The Court then, in accordance with Exhibit R, appointed Judge David R. Herndon (ret.), Randi S. Ellis, and David R. Cohen as the three members of the Fee Panel. *See* docket no. 3828 at 8.

On April 1, 2022, the Court issued an Order Establishing Application Protocols for Reimbursement of Common Benefit Attorney's Fees Under the Janssen and Distributor Settlement Agreements. Docket no. 4344. This protocol order approved and adopted the Fee Panel's recommended processes and procedures for the allocation of Common Benefit Fees pursuant to Exhibit R.[3] In relevant part, the Application Protocols provided that the Court would: (1) set forth a "process by which Fee Applicants may appeal to the Court the final fee allocation recommendation of the Fee Panel," (2) review "any appeal of the Fee Panel's final fee allocation recommendation . . . under an abuse of discretion standard," and (3) have "plenary authority regarding the awarding of common benefit attorneys' fees." *Id.* at 11. The appeal process was provided to appellants in a subsequent order. *See* docket no. 5479.

The Court first offers its thanks to the Fee Panel for the extraordinary job it has done. The Fee Panel predicted that "in all probability [the final fee award] decision will be totally satisfactory to no one." Docket no. 5476-1 (quoting *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 720 (5th Cir. 1974)). Perhaps this is true, but only 7 of the 97 Common Benefit Fee Applicants appealed the Panel's recommendations to this Court. This makes manifest the ultimate reasonableness, fairness, and equity of the Panel's methods and results. Having reviewed the

---

[3] Initially, this Order applied only to the Distributor and Janssen Settlement Agreements. When the next five global settlement agreements were reached in November and December of 2022, the Court directed the established protocols be applied to those settlements as well. *See* docket no. 5090 at 4–5.

2

enormous amounts of information the Panel collected, the intricate and complex weighing processes the Panel undertook, and the careful interim and final decisions the Panel made, the Court is certain the ultimate results are fine-tuned and just.

Turning now to the appeals, the Court agrees with the Fee Panel's recommendations with respect to all but one of the appellants. The Court finds only the appeal of Spangenberg, Shibley, & Liber well-taken. The Court has, therefore, increased the award amount to this firm, but not to the extent sought in their appeal. Spangenberg attorney Peter H. Weinberger's overall contribution and leadership have been incalculable and irreplaceable to this MDL.

Mr. Weinberger has made valuable, substantive contributions at virtually every conference, hearing, and proceeding before this Court. Time and again, he has proven himself to be deeply knowledgeable in all aspects of this MDL, and the Court is convinced that without his leadership and guidance on the PEC, this MDL, among the most complicated in our nation's history, would not have produced these global settlements.

The starting point for the Fee Panel's recommendation was, of course, the lodestar: the number of true common benefit hours each firm billed, multiplied by a suitable hourly rate based upon the experience of counsel. Spangenberg's billed hours were far fewer than many of the other leading firms. In addition, as compared to other leading firms, a disproportionate number of Spangenberg's hours was billed by one attorney, Mr. Weinberger. Mr. Weinberger accounted for approximately two-thirds of common benefit hours billed by all attorneys at his firm. Further, another important consideration for the Court is the fact that, unlike many other leading firms, Spangenberg is receiving relatively little in compensation from any other source besides common benefit (*e.g.*, contingency fees or backstops).

The Court also finds noteworthy that Mr. Weinberger's efforts to appeal his common benefit award has the support of many members of the PEC. This is particularly persuasive to the Court given that their support is effectively a statement against interest—any increase to Spangenberg's award will necessarily come out of their own. The Court believes Mr. Weinberger has demonstrated that his efforts are worthy of some additional compensation, but not the full amount contemplated in his appeal.

Finally, the Court adds the following observation. Exhibit R, in the Master Settlement Agreements, has proven to be reasonable, fair, and equitable. Exhibit R was negotiated by numerous individuals, including various members of the PEC, the Multi-State Government Entity group (MSGE), and State Attorneys General. These different counsel factions agreed to abide by decisions of the Fee Panel, to the membership of the Panel, and to the factors the Panel should weigh.

Since then, the Defendants, the PEC, the States, and the Tribes relied on this system as a critical component to successfully reach master settlement agreements worth approximately fifty billion dollars. The Fee Panel is now uniquely and best positioned to continue to evaluate further common benefit efforts. It makes little sense to abandon this approach and design something different—and likely to be equally unsatisfying—for future deals. The Court strongly believes the Fee Panel model should be maintained for future settlements, and all parties should continue to rely on the established system as they negotiate additional resolutions.

Accordingly, the Court orders the Fee Panel to direct disbursement of Common Benefit Funds in accordance with the chart below.

**IT IS SO ORDERED.**

       /s/ Dan Aaron Polster  July 11, 2024
**DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE**

| Rubris Claim No. | Firm | Final Award |
|---|---|---|
| CL-162475 | Andrus Anderson, LLP | 0.3089078% |
| CL-163974 | Baird, Mandalas, Brockstedt Federico Cardea, LLC | 0.0037667% |
| CL-166272 | Bertram & Graf, L.L.C. | 0.0016698% |
| CL-162481 | Blasingame, Burch, Garrard & Ashley, PC | 0.0228822% |
| CL-162565 | Boies Schiller Flexner LLP | 0.2397896% |
| CL-162684 | Boni, Zack & Snyder, LLC | 0.0000000% |
| CL-163969 | Brown Rudnick LLP | 0.0747140% |
| CL-166364 | Bryant Law Center | 0.0000000% |
| CL-162575 | Carella, Byrne, Cecchi, Olstein, Brody & Agnello P.C. | 1.7320715% |
| CL-162436 | Carey Danis & Lowe | 0.1505380% |
| CL-162476 | Casey Gerry Schenk Francavilla Blatt & Penfield LLP | 0.0751649% |
| CL-166361 | Cates Law Firm, LLC | 0.0000000% |
| CL-163666 | Chadwick and Associates, PLLC | 0.0003443% |
| CL-162577 | Cicala Law Firm PLLC | 0.2318814% |
| CL-162438 | Cohen & Malad, LLP | 0.1510577% |
| CL-163664 | Cohen Milstein Sellers & Toll PLLC | 0.2850381% |
| CL-162681 | Crueger Dickinson, LLC | 1.1337668% |
| CL-166362 | Danenhower Law Firm, LLC | 0.0000000% |
| CL-166271 | Dewsnup, King, Olsen, Worel, Havas, Mortensen, Milne | 0.0000000% |
| CL-164963 | Dicello, Levitt, Gutzler | 0.0000000% |
| CL-166274 | Dugan Law Firm | 0.2817554% |
| CL-162432 | Fields Han Cunniff PLLC | 0.0975073% |
| CL-162437 | Fitzsimmons Law Firm, PLLC | 0.1827537% |
| CL-166294 | Frazer PLC | 0.1741979% |
| CL-164721 | Friedman, Dazzio & Zulanas, P.C. | 0.0000000% |
| CL-163667 | Gilbert LLP | 0.2246521% |
| CL-163972 | Goldstein & Russell, P.C. | 0.0000000% |
| CL-163971 | Gray and White | 0.2036872% |
| CL-166273 | Hagens Berman Sobol Shapiro LLP | 0.1624112% |
| CL-162490 | Hendy Johnson Vaughn Emery | 0.0160135% |
| CL-163962 | Henrichsen Law Group | 0.0004132% |
| CL-166201 | Hobbs Straus Dean & Walker, LLP | 0.1734952% |
| CL-163970 | Holland Law Firm | 0.0094925% |
| CL-163539 | Irpino Law Firm | 2.2188777% |
| CL-166276 | Jinks, Crow & Dickson | 0.0179914% |
| CL-166385 | John Young Law Firm | 0.0024356% |
| CL-162474 | Kaufman & Canoles, P.C. | 0.0316750% |
| CL-163968 | Keating Muething & Klekamp PLL | 0.0517968% |
| CL-162480 | Keller Postman LLC | 0.0059230% |
| CL-162309 | Keller Rohrback L.L.P. | 2.9528010% |
| CL-162431 | Kopelowitz Ostrow Ferguson Weiselberg Gilbert | 0.0269589% |
| CL-166293 | Laborde Earles Law Firm | 0.0141724% |
| CL-165902 | Lanier Law Firm | 4.9489527% |
| CL-581156 | Law Offices of Travis R. Walker, P.A. | 0.0000000% |
| CL-163963 | Leger & Shaw | 0.0248549% |
| CL-162608 | Levin Sedran & Berman | 0.0000000% |
| CL-163554 | Lieff Cabraser Heimann & Bernstein, LLP | 5.5699374% |
| CL-166200 | Magleby Cataxinos & Greenwood | 0.0000000% |
| CL-166258 | Matthew Cate | 0.0000000% |
| CL-162693 | Mehri & Skalet | 0.0000000% |
| CL-163967 | Meyers & Flowers, LLC | 0.0000000% |
| CL-162571 | Milberg Coleman Bryson Phillips Grossman, LLC | 0.0049237% |
| CL-163957 | Miller Law Firm, P.C. | 0.5416192% |

| Rubris Claim No. | Firm | Final Award |
|---|---|---|
| CL-166261 | Mitchell & Speights LLC | 0.0000000% |
| CL-163668 | Mooney Wieland PLLC | 0.0000000% |
| CL-162683 | Morgan & Morgan Complex Litigation Group | 2.2105724% |
| CL-171482 | Moskowitz Law Firm, PLLC | 0.0000000% |
| CL-162308 | Motley Rice LLC | 18.6091362% |
| CL-163537 | Napoli Shkolnik, PLLC | 8.3150460% |
| CL-162497 | National Consortium[1] | 11.3285056% |
| CL-162570 | Ochs Law Firm, LLP | 0.0144716% |
| CL-163960 | Oths, Heiser, Miller, Waigand & Clagg, LLC | 0.0004123% |
| CL-166275 | Phipps Ortiz Talafuse, PLLC | 0.0000000% |
| CL-163964 | Plevin & Gallucci Co, LPA | 0.6306453% |
| CL-166277 | Prince, Glover & Hayes | 0.0035827% |
| CL-163538 | Renne Public Law Group | 0.0097101% |
| CL-162435 | Robbins Geller Rudman & Dowd LLP | 8.0571280% |
| CL-162439 | Robins Kaplan LLP | 0.7118164% |
| CL-162312 | Robinson Calcagnie, Inc. | 0.7238127% |
| CL-164038 | Robles, Rael & Anaya P.C. | 0.0000000% |
| CL-165031 | Romano Law Group | 0.0000000% |
| CL-163954 | Sam Bernstein Law Firm PLLC | 0.0168077% |
| CL-163549 | Sanford Heisler Sharp, LLP | 0.0079670% |
| CL-162498 | Scott & Scott Attorneys at Law, LLP | 0.0840018% |
| CL-163973 | Seeger Weiss LLP | 3.2560924% |
| CL-163961 | Seif & McNamee, LLC | 0.0011658% |
| CL-162430 | Simmons Hanly Conroy, LLC | 11.3004162% |
| CL-162434 | Skikos, Crawford, Skikos & Joseph | 3.8474125% |
| CL-166363 | Smith & Fawer, LLC | 0.0000000% |
| CL-162310 | Sonosky, Chambers, Sachse, Miller, & Monkman, LLP | 0.7250574% |
| CL-162473 | Spangenberg Shibley & Liber | 3.0000000% |
| CL-163557 | Stranch, Jennings & Garvey, PLLC | 0.6474710% |
| CL-166292 | Taft Stettinius & Hollister LLP | 0.0559475% |
| CL-162682 | Tate Law Group, LLC. | 0.0057441% |
| CL-172149 | Texas PSC 1 | 0.8470293% |
| CL-163959 | von Briesen & Roper, s.c. | 0.0061794% |
| CL-164026 | Wagstaff & Cartmell, LLP | 0.6709014% |
| CL-162433 | Weisman Kennedy & Berris Co., LPA | 1.1711449% |
| CL-162313 | Weitz & Luxenberg, P.C. | 0.8744816% |
| CL-162576 | Wexler, Boley & Elgersma LLP | 0.3198118% |
| CL-166287 | Woelfel & Woelfel, LLP | 0.0735842% |
| CL-164027 | Zarzaur Law, LLC | 0.0788660% |
| CL-162477 | Zashin & Rich | 0.0441871% |

[1] The National Consortium is comprised of the following firms: Baron & Budd; Farrell & Fuller LLC; Hill, Peterson, Carper, Bee & Deitzler, PLLC; Levin, Papantonio, Rafferty, Proctor, Buchanan, O'Brien, Barr and Mougey, P.A; and Powell & Majestro, PLLC.  These firms agreed to receive a single award, to be split amongst them according to their own agreement.