# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>1:19-op-45812<br>1:19-op-46078<br>1:20-op-45048<br>1:21-op-45116 | MDL No. 2084<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**MOTION BY CVS, WALGREENS, AND WALMART TO DISMISS CLAIMS FILED BY**
**NON-PARTICIPATING NEW YORK SUBDIVISIONS AS BARRED BY STATUTE**

CVS, Walgreens, and Walmart (together, the "Settling Pharmacies") hereby move to dismiss with prejudice the claims brought against them by four New York government entities that are not participating in their national settlements but whose claims were released by the New York Attorney General and are barred by New York Mental Hygiene Law § 25.18(d). The four non-participating New York government entities are Erie County Medical Center, Nassau University Medical Center, Friendship Engine & Hose Co., and Medford Volunteer Ambulance (together, the "Non-Participating NY Government Entities"). This Court already has dismissed with prejudice the claims that the same or similarly situated New York government entities brought against the settling distributor defendants as barred by the same statute. *See* Doc. 4547 (dismissing claims by Nassau University Medical Center);[1] 8/9/2022 Order [non-document] regarding Settling Distributor Defendants' Motion to Dismiss at Doc. 4588 (dismissing claims by Erie County

---

[1] The Court's order at Doc. 4547 dismissed the claims against the settling distributors that were brought by the New York government entities listed in Doc. 4396-1, and those New York government entities include, among others, Nassau University Medical Center.

Medical Center and Friendship Engine & Hose Co.). The Settling Pharmacies seek the same relief here: dismissal with prejudice of the claims that the Non-Participating NY Government Entities have brought against them. Those claims have been released by the New York Attorney General as they fall within the scope of—and thus are extinguished by—New York Mental Hygiene Law § 25.18(d). The Settling Pharmacies have conferred with the New York Attorney General and are authorized to represent that the New York Attorney General does not object to the relief sought in this Motion.

## BACKGROUND

The State of New York is participating in the Settling Pharmacies' national opioid settlements.  As the Court is aware from prior motions practice on this subject, the New York State Legislature enacted New York Mental Hygiene Law § 25.18 to create a statewide opioid settlement fund comprised of proceeds from statewide opioid settlements. That statute extinguishes claims that any New York "government entity" has filed against the Settling Pharmacies after June 13, 2019:

> Limitation on authority of government entities to bring lawsuits. No government entity shall have the authority to assert released claims against entities released by the department of law in a statewide opioid settlement agreement executed by the department of law and the released party on or after June first, two thousand twenty-one. Any action filed by a government entity after June thirtieth, two thousand nineteen asserting released claims against a manufacturer, distributor, or dispenser of opioid products shall be extinguished by operation of law upon being released pursuant to such statewide opioid settlement agreement.

N.Y. Mental Hyg. L. § 25.18(d).[2]

The statute broadly defines a "government entity" to include "departments, agencies, divisions, boards, commissions and/or instrumentalities of the state of New York" and "any

---

[2] The New York Attorney General is the "head of the department of law." N.Y. Exec. Law. § 60.

government subdivision within the boundaries of the state of New York, including, but not limited to, counties, municipalities, districts, towns and/or villages, and any of their subdivisions, special districts and school districts, and any department, agency, division, board, commission and/or instrumentality thereof." *Id.* § 25.18(a)(2). The statute provides that the terms "released claims" and "released entities" are given the same meaning as those terms are defined in the Settling Pharmacies' national opioid settlements. *Id.* § 25.18(a)(5) and (6).

The New York Attorney General has executed and delivered to each Settling Pharmacy a "Release of Opioid-Related Claims Pursuant to [each Settling Pharmacy's] Settlement Agreement and New York Mental Hygiene Law Section 15.18(d)" (the "Releases"). Ex. A (New York Attorney General Releases for CVS, Walgreens, and Walmart). These Releases affirmed that the Settling Pharmacies were released of any opioid-related claims brought by government subdivisions whose claims are barred by New York Mental Hygiene Law § 15.18(d). Critically, the Non-Participating NY Government Entities are listed (in Appendix A of the Releases) among the government subdivisions whose claims are released.

This Court previously has dismissed claims filed by New York government entities that did not participate in national opioid settlements based on New York Mental Hygiene Law § 25.18(d). On June 21, 2022, this Court granted the settling distributor defendants' motion to dismiss claims brought by Nassau University Medical Center and other New York government entities. Doc. 4547. The Court held that those claims were extinguished by New York Mental Hygiene Law § 25.18(d), and that the New York Attorney General—which submitted a position statement in support of dismissal, Doc. 4480—"articulated several justifications for the NYMHL that are fair, well-reasoned, and support the Legislature's decision to terminate Plaintiffs' claims." Doc. 4547 at 3-5. The settling distributors subsequently moved to dismiss with prejudice

the claims brought by Erie County Medical Center and Friendship Engine & Hose Company as extinguished by New York Mental Hygiene Law § 25.18(d), Doc. 4588, and the Court granted that motion as well. 8/9/2022 Order [non-document] regarding Settling Distributor Defendants' Motion to Dismiss at Doc. 4588.

## ARGUMENT

**A.  The Non-Participating NY Government Entities' Claims Were Released by the New York Attorney General.**

The Non-Participating NY Government Entities' claims should be dismissed because they were released by the New York Attorney General. The Releases were "intended to be broad . . . and to give Released Entities the broadest possible bar against any liability relating in any way to any Released Claims, and extend to the full extent of the power of New York State and its Attorney General to release claims." Ex. A (p. 2 of each Release). The Releases apply to "**ANY AND ALL RELEASED CLAIMS OF THE GOVERNMENT ENTITY RELEASORS LISTED IN SECTION I.MMM OF THE SETTLEMENT, INCLUDING THE SUBDIVISIONS AND SPECIAL DISTRICT RELEASORS LISTED IN APPENDIX A.**" *Id.* (emphasis in original) (pp. 1-2 of each Release). Confirming that their claims have been released, the Non-Participating NY Government Entities are specifically listed as Releasors in Appendix A of the Releases. Accordingly, the Non-Participating NY Government Entities' claims have been released and should be dismissed.

**B.  The Non-Participating NY Government Entities' Claims Were Extinguished by the New York Bar Statute.**

The Non-Participating NY Government Entities' claims also should be dismissed because they were extinguished by New York Mental Hygiene Law § 25.18(d). This statutory provision extinguishes claims against the Settling Pharmacies if three elements are met: "(1) the action was

filed by a government entity; (2) the action was filed after June 30, 2019; and (3) the action asserts 'released claims.'" Doc. 4547 at 5 (citing N.Y. Mental Hyg. L. 25.18(d)). The claims by the Non-Participating NY Government Entities satisfy each of these elements.

       1.    The Non-Participating NY Government Entities Are Government Entities for Purposes of the New York Bar Statute.

The Non-Participating NY Government Entities fall within the broad definition of "government entity" in New York Mental Hygiene Law § 25.18(a)(2).

Erie County Medical Center ("ECMC") describes itself as a "public entity" in its plaintiff fact sheet.[3] *See also Vanbrocklen v. Gupta*, No. 09-CV-00897(A)(M), 2012 WL 7801682, at *3 (W.D.N.Y. Sept. 20, 2012) (stating that ECMC is a "public hospital"). ECMC is a "public benefit corporation formed and existing under the laws of the state of New York." Compl. ¶ 17, Doc. 1-2, No. 21-op-45116. It was reorganized as a public benefit corporation in 2004 to "provid[e] health care services and health facilities for the benefit of the residents of the state of New York and the county of Erie"; to serve a "state, county, and public purpose"; and to perform "an essential public and government function." N.Y. Pub. Auth. Law § 3626(6). ECMC previously was "a public hospital owned and operated by the county of Erie," and in reorganizing ECMC as a public benefit corporation, the New York legislature "intended that the hospital continue as a general, municipal hospital available to the residents of the city of Buffalo, county of Erie, and western New York state generally." *Id.* § 3626(1), (7). ECMC is governed by a board of directors appointed by the governor of New York and the county executive of Erie County. *Id.* § 3628. As a public benefit

---

[3] Pursuant to the Order Regarding Hospital Plaintiff Fact Sheets (Doc. 5257), the fact sheets were provided to defendants and the Court. Because ECMC designated its fact sheet as highly confidential under the Protective Order, a copy is not attached to this motion. But should the Court not have a copy, the Settling Pharmacies will provide one to Special Master Cohen.

corporation, ECMC is considered under New York law to be both a "state authority" and a "local authority."  *Civil Service Employees Ass'n, Inc., Local 1000, AFSCME, AFL-CIO, Erie Unit of Local 815 v. County of Erie*, 63 A.D.3d 1536, 1537 (N.Y. App. Div. 2009) ("Pursuant to Public Authorities Law § 2(1) and 2(a), a 'public benefit corporation' such as ECMC[] that was created under that or any other New York State law is included under the definitions for both a 'state authority' and a 'local authority.'").

Nassau University Medical Center ("NUMC") also describes itself as a "public entity" in its plaintiff fact sheet.[4] NUMC is "part of the Nassau Health Care Corporation, a New York State public benefit corporation." *Saji v. Nassau Univ. Med. Ctr.*, 724 F. App'x 11, 13 n.1 (2d Cir. 2018). Nassau Health Care Corporation was created in 1997 "to provide health care services and health facilities for the benefit of the residents of the state of New York and the county of Nassau"; to serve "a state, county and public purpose"; and to perform "an essential public and government function." N.Y. Pub. Auth. Law § 3401(2). It is governed by a board of directors that is appointed by the governor of New York, the county executive of Nassau County, and the county legislature of Nassau County. *Id.* § 3402(b). When NUMC is a party to a lawsuit, courts construe it to be Nassau Health Care Corporation. *Leshore v. Commissioner of Long Beach P.D.*, No. 10-CV-6067 (SJF)(ARL), 2012 WL 1032643, *7 n.4 (E.D.N.Y. Mar. 21, 2012); *McIntyre v. NuHealth--Nassau Univ. Med. Ctr.*, No. 11-CV-3934(SJF)(AKT), 2011 WL 4434227, *1 n.1 (E.D.N.Y. Sept. 19, 2011); *Vaughan v. Nassau Cnty. Corr. Ctr.*, No. 11-CV-3097 (SJF)(ARL), 2011 WL 4047489, *1 n.1 (E.D.N.Y. Sept. 8, 2011).

---

[4] NUMC also designated its fact sheet as highly confidential. Should the Court not have a copy, the Settling Pharmacies will provide one to Special Master Cohen.

8

Friendship Engine & Hose Company is a special district. It is "a fire district organized and operating pursuant to New York State Town Law."  Compl. ¶ 1, Doc. 1, No. 19-op-46078. Medford Volunteer Ambulance provides health, welfare, and other benefits to employees of the Medford, New York Fire Department and their families.  Compl. ¶ 11, Doc. 1, No. 1:20-op-45048. As with ECMC and NUMC, the New York Attorney General released the claims of Friendship Engine & Hose and Medford Volunteer Ambulance pursuant to New York Mental Hygiene Law § 25.18(d), which gives the Attorney General the authority "to release opioid-related claims filed by such New York *government entities* after June 30, 2019 against chain pharmacies." Ex. A (p. 1 of each release) (emphasis added).

Therefore, the first element of New York Mental Hygiene Law § 25.18(d)—that the actions were filed by a "government entity"—is met.

> ### 2.    The Non-Participating NY Government Entities Filed Their Actions after the Cutoff Date in the New York Bar Statute.

The Non-Participating NY Government Entities filed their actions after the June 30, 2019, cutoff date in New York Mental Hygiene Law § 25.18(d). ECMC filed its action on May 11, 2021. Compl., Doc. 1-2, No. 1:21-op-45116. NUMC filed its action on August 30, 2019. Compl., Doc. 1, No. 1:19-op-45812. Friendship Engine & Hose filed its action on November 22, 2019. Compl., Doc. 1, No. 1:19-op-46078. And Medford Volunteer Ambulance filed its action on February 5, 2020. Compl., Doc. 1, No. 1:20-op-45048. Accordingly, the second statutory element is met.

> ### 3.    The Non-Participating NY Government Entities Assert Released Claims against the Settling Pharmacies.

The Non-Participating NY Government Entities assert released claims against the Settling Pharmacies. ECMC and NUMC assert claims related to the Settling Pharmacies' distribution and dispensing of prescription opioids. ECMC Compl. ¶¶ 1007-1178, Doc. 1-2, No. 1:21-op-45116;

9

NUMC Compl. ¶¶ 603-666, Doc. 1, No. 1:19-op-45812. Friendship Engine & Hose and Medford Volunteer Ambulance assert claims related to the Settling Pharmacies' distribution of prescription opioids. Friendship Engine & Hose Compl. ¶¶ 18, 22, 24, 25, 54-87, Doc. 1, No. 19-op-46078; Medford Volunteer Ambulance Compl. ¶¶ 24, 26-27, 85-140, Doc. 1, No. 1:20-op-45048. The Non-Participating NY Government Entities' Claims related to the Settling Pharmacies' distribution and dispensing of prescription opioids clearly fall within the broad definition of "Released Claims" in the Settling Pharmacies' national opioid settlements.

Thus, the third and final statutory element is met, and the Non-Participating NY Government Entities' claims against the Settling Pharmacies are extinguished by New York Mental Hygiene Law § 25.18(d) and should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the Settling Pharmacies respectfully request that the Court dismiss with prejudice all claims brought against them by ECMC, NUMC, Friendship Engine & Hose Co., and Medford Volunteer Ambulance on the grounds that those claims have been released by the New York Attorney General and are barred by New York Mental Hygiene Law § 25.18(d).

Date:  July 18, 2024                    Respectfully submitted,

*/s/ Eric R. Delinsky*
Eric R. Delinsky
Alexandra W. Miller
Paul B. Hynes, Jr.
ZUCKERMAN SDAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202 822-4106
Email: edelinsky@zuckerman.com
Email: smiller@zuckerman.com
Email: phynes@zuckerman.com

*Counsel for CVS Pharmacy, Inc., Ohio CVS Stores, L.L.C., CVS TN Distribution, L.L.C., CVS Rx Services, Inc., and CVS Indiana, L.L.C.*

*Kaspar J. Stoffelmayr*

Kaspar J. Stoffelmayr
Katherine M. Swift
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, Illinois 60654
Tel: (312) 494-4400
Email: kaspar.stoffelmayr@bartlitbeck.com
E-mail: kate.swift@bartlitbeck.com

*Counsel for Walgreens Boots Alliance, Inc., Walgreen Co., and Walgreen Eastern Co., Inc.*

*/s/ Tina M. Tabacchi*

Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
110 North Wacker Drive
Suite 4800
Chicago, Illinois 60606
Tel: (312) 269-4335
Email: tmtabacchi@jonesday.com
Email: tfumerton@jonesday.com

*Counsel for Walmart, Inc.*

11

# EXHIBIT A

## Release of Opioid-Related Claims Pursuant to the Walgreens Settlement Agreement and New York Mental Hygiene Law Section 25.18(d)

**WHEREAS** pursuant to the Walgreens Settlement Agreement (the "Settlement"), the State of New York and other Releasors have released their Released Claims against Walgreen Co. and the related Released Entities;[1] and

**WHEREAS** the Settlement provides in Section X.A that, as of the Effective Date of the Settlement, Walgreen Co. and the related Released Entities are hereby released and forever discharged from all of the Releasors' Released Claims; and

**WHEREAS** the Settlement provides in Section I.NNN that Releasors (as defined in the Settlement) who are releasing claims under Section X.A include "without limitation and to the maximum extent of the power of [the New York State Attorney General] . . . to release Claims," New York State's and Participating Subdivisions': "(a) . . . departments, agencies, divisions, boards, commissions, Subdivisions, districts, instrumentalities of any kind and attorneys, including its Attorney General, and any person in his or her official capacity whether elected or appointed to serve any of the foregoing and any agency, person, or other entity claiming by or through any of the foregoing, (b) any public entities, public instrumentalities, public educational institutions, unincorporated districts, fire districts, irrigation districts, and other Special Districts in" New York State, and "(c) any person or entity acting in a *parens patriae*, sovereign, quasi-sovereign, private attorney general, *qui tam*, taxpayer, or other capacity seeking relief on behalf of or generally applicable to the general public with respect to" New York or a New York subdivision, "whether or not any of them participate in this" Settlement; and

**WHEREAS** Section 25.18(d) of the Mental Hygiene Law provides the New York Attorney General with authority, through the release of opioid-related claims in a "statewide opioid settlement agreement" executed after June 1, 2021, to: (i) release the unfiled opioid-related claims of New York government entities like those identified in Section I.NNN against chain pharmacies like Walgreen Co., and (ii) to release opioid-related claims filed by such New York government entities after June 30, 2019 against chain pharmacies like Walgreen Co.; and

**WHEREAS** the Settlement constitutes a "statewide opioid settlement agreement" under Section 25.18(d) of the Mental Hygiene Law; and

**THEREFORE**, pursuant to the foregoing provisions of the Settlement and to the maximum extent of the power and authority of the New York Attorney General, including under Section 25.18(d) of the Mental Hygiene Law, Walgreen Co. and the other Released Entities are, as of the Effective Date, **HEREBY RELEASED OF ANY AND ALL RELEASED CLAIMS OF THE GOVERNMENT ENTITY RELEASORS LISTED IN SECTION I.NNN OF THE SETTLEMENT, INCLUDING THE SUBDIVISIONS AND SPECIAL DISTRICT**

---

[1] Capitalized terms used herein and defined in the Settlement have the meanings given to them in the Settlement.

**RELEASORS LISTED IN APPENDIX A**.  New York State (for itself and the Releasors, including the Subdivisions and Special Districts listed in Appendix A), absolutely, unconditionally, and irrevocably covenants not to bring, file, or claim, or to cause, assist or permit to be brought, filed, or claimed, or to otherwise seek to establish liability for any Released Claims against any Released Entity in any forum whatsoever. This release is intended to be broad and shall be interpreted so as to give the Released Entities the broadest possible bar against any liability relating in any way to Released Claims and extend to the full extent of the power of New York State and its Attorney General to release claims. This release shall be a complete bar to any Released Claim.

**LETITIA JAMES**
**Attorney General of the State of New York**

By: _____                DATE:___11/22/2023_____
Jennifer Levy, First Deputy Attorney General
Office of the New York State Attorney General
28 Liberty Street, 23rd Floor
New York, NY 10006
Tel: 212-416-8450
Jennifer.Levy@ag.ny.gov

# Appendix A

Amityville, Village of
Babylon, Town of
Babylon, Village of
Bellmore Fire District
Bellport, Village of
Board of Education of Rochester City School District
Brookhaven, Town of
Buffalo, City of
Centereach Fire District
Centerport Fire District
Clarkstown, Town of
East Hampton, Village of
East Rockaway, Village of
Erie County Medical Center Corporation*
Farmingdale, Village of
Floral Park, Village of
Friendship Engine & Hose Co.*
Garden City, Village of
Great Neck, Village of
Greenport, Village of
Hauppauge Fire District
Haverstraw, Town of
Hempstead, Town of
Hempstead, Village of
Hicksville Water District
Huntington, Town of
Island Park, Village of
Islandia, Village of
Islip Terrace Fire District
Islip, Town of
Kingston, City of
Lake Grove, Village of
Lawrence, Village of
Levittown Fire District
Lindenhurst, Village of
Lloyd Harbor, Village of
Long Beach, City of
Lynbrook, Village of
Massapequa Park, Village of
Medford Volunteer Ambulance*
Melville Fire District

Merrick Library
Mill Neck, Village of
Miller Place Fire District
Mount Sinai Fire District
Nassau County Medical Center*
Nesconset Fire District
New Hyde Park, Village of
Nissequogue, Village of
North Hempstead, Town of
North Merrick Fire District
North Patchogue Fire District
Northport, Village of
Old Westbury, Village of
Orangetown, Town of
Oyster Bay, Town of
Patchogue, Village of
Plainview - Old Bethpage Public Library
Poquott, Village of,
Port Washington North, Village of
Port Washington Water District
Poughkeepsie, Town of
Ramapo, Town of
Ridge Fire District
Riverhead, Town of
Rockville Centre Public Library
Rosalyn Water District
Saltaire, Village of
Smithtown Fire District
Smithtown, Town of
South Farmingdale Fire District
Southampton, Town of
Southwestern Central School District
Southold, Town of
St. James Fire District
Stewart Manor, Village of
Stony Brook Fire District
Stony Point, Town of
Suffern, Village of
The Branch, Village of
Uniondale Fire District
Valley Stream, Village of
West Hampton Dunes, Village of
West Haverstraw, Village of

West Hempstead Public Library
Westbury, Village of

*New York State is releasing these entities out of an abundance of caution, but by doing so the State is not intending to concede, and should not be construed as conceding, that these entities are "Special Districts" or otherwise fall within the meaning of "Subdivision" as defined under the Agreement.

## Release of Opioid-Related Claims Pursuant to the Walmart Settlement Agreement and New York Mental Hygiene Law Section 25.18(d)

**WHEREAS** pursuant to the Walmart Settlement Agreement (the "Settlement"), the State of New York and other Releasors have released their Released Claims against Walmart Inc. and the related Released Entities;[1] and

**WHEREAS** the Settlement provides in Section X.A that, as of the Threshold Subdivision Participation Date of the Settlement, Walmart Inc. and the related Released Entities are hereby released and forever discharged from all of the Releasors' Released Claims; and

**WHEREAS** the Settlement provides in Section I.EEE that Releasors (as defined in the Settlement) who are releasing claims under Section X.A include "without limitation and to the maximum extent of the power of [the New York State Attorney General] . . . to release Claims," New York State's and Participating Subdivisions': "(a) . . . departments, agencies, divisions, boards, commissions, Subdivisions, districts, instrumentalities of any kind and attorneys, including its Attorney General, and any person in their official capacity whether elected or appointed to serve any of the foregoing and any agency, person, or other entity claiming by or through any of the foregoing, (b) any public entities, public instrumentalities, public educational institutions, unincorporated districts, fire districts, irrigation districts, water districts, law enforcement districts, emergency services districts, school districts, hospital districts and other Special Districts in" New York State, and "(c) any person or entity acting in a *parens patriae*, sovereign, quasi-sovereign, private attorney general, qui tam, taxpayer, or other capacity seeking relief on behalf of or generally applicable to the general public with respect to" New York or a New York subdivision, "whether or not any of them participate in the" Settlement; and

**WHEREAS** Section 25.18(d) of the Mental Hygiene Law provides the New York Attorney General with authority, through the release of opioid-related claims in a "statewide opioid settlement agreement" executed after June 1, 2021, to: (i) release the unfiled opioid-related claims of New York government entities like those identified in Section I.EEE against chain pharmacies like Walmart Inc., and (ii) to release opioid-related claims filed by such New York government entities after June 30, 2019 against chain pharmacies like Walmart Inc.; and

**WHEREAS** the Settlement constitutes a "statewide opioid settlement agreement" under Section 25.18(d) of the Mental Hygiene Law; and

**THEREFORE**, pursuant to the foregoing provisions of the Settlement and to the maximum extent of the power and authority of the New York Attorney General, including under Section 25.18(d) of the Mental Hygiene Law, Walmart Inc. and the other Released Entities are, as of the Threshold Subdivision Participation Date, **HEREBY RELEASED OF ANY AND ALL RELEASED CLAIMS OF THE GOVERNMENT ENTITY RELEASORS LISTED**

---

[1] Capitalized terms used herein and defined in the Settlement have the meanings given to them in the Settlement.

**IN SECTION II.EEE OF THE SETTLEMENT, INCLUDING THE SUBDIVISIONS AND SPECIAL DISTRICT RELEASORS LISTED IN APPENDIX A**.  New York State (for itself and the Releasors, including the Subdivisions and Special Districts listed in Appendix A), absolutely, unconditionally, and irrevocably covenants not to bring, file, or claim; or to cause, assist in bringing or permit to be brought, filed, or claimed; or to otherwise seek to establish liability for any Released Claims against any Released Entity in any forum whatsoever. This release is intended to be broad, shall be interpreted so as to give the Released Entities the broadest possible bar against any liability relating in any way to any Released Claim, and extend to the full extent of the power of New York State and its Attorney General to release claims. This release shall be a complete bar to any Released Claim.

**LETITIA JAMES**
**Attorney General of the State of New York**

By: _____          DATE:___11/22/2023_____

Jennifer Levy, First Deputy Attorney General
Office of the New York State Attorney General
28 Liberty Street, 23rd Floor
New York, NY 10006
Tel: 212-416-8450
Jennifer.Levy@ag.ny.gov

# Appendix A

Amityville, Village of
Babylon, Town of
Babylon, Village of
Bellmore Fire District
Bellport, Village of
Board of Education of Rochester City School District
Brookhaven, Town of
Buffalo, City of
Centereach Fire District
Centerport Fire District
Clarkstown, Town of
East Hampton, Village of
East Rockaway, Village of
Erie County Medical Center Corporation*
Farmingdale, Village of
Floral Park, Village of
Friendship Engine & Hose Co.*
Garden City, Village of
Great Neck, Village of
Greenport, Village of
Hauppauge Fire District
Haverstraw, Town of
Hempstead, Town of
Hempstead, Village of
Hicksville Water District
Huntington, Town of
Island Park, Village of
Islandia, Village of
Islip Terrace Fire District
Islip, Town of
Kingston, City of
Lake Grove, Village of
Lawrence, Village of
Levittown Fire District
Lindenhurst, Village of
Lloyd Harbor, Village of
Long Beach, City of
Lynbrook, Village of
Massapequa Park, Village of
Medford Volunteer Ambulance*
Melville Fire District

Merrick Library
Mill Neck, Village of
Miller Place Fire District
Mount Sinai Fire District
Nassau County Medical Center*
Nesconset Fire District
New Hyde Park, Village of
Nissequogue, Village of
North Hempstead, Town of
North Merrick Fire District
North Patchogue Fire District
Northport, Village of
Old Westbury, Village of
Orangetown, Town of
Oyster Bay, Town of
Patchogue, Village of
Plainview - Old Bethpage Public Library
Poquott, Village of,
Port Washington North, Village of
Port Washington Water District
Poughkeepsie, Town of
Ramapo, Town of
Ridge Fire District
Riverhead, Town of
Rockville Centre Public Library
Rosalyn Water District
Saltaire, Village of
Smithtown Fire District
Smithtown, Town of
South Farmingdale Fire District
Southampton, Town of
Southwestern Central School District
Southold, Town of
St. James Fire District
Stewart Manor, Village of
Stony Brook Fire District
Stony Point, Town of
Suffern, Village of
The Branch, Village of
Uniondale Fire District
Valley Stream, Village of
West Hampton Dunes, Village of
West Haverstraw, Village of

West Hempstead Public Library
Westbury, Village of

*New York State is releasing these entities out of an abundance of caution, but by doing so the State is not intending to concede, and should not be construed as conceding, that these entities are "Special Districts" or otherwise fall within the meaning of "Subdivision" as defined under the Agreement.

## Release of Opioid-Related Claims Pursuant to the CVS Settlement Agreement and New York Mental Hygiene Law Section 25.18(d)

**WHEREAS** pursuant to the CVS Settlement Agreement (the "Settlement"), the State of New York and other Releasors have released their Released Claims against CVS (as defined in that Settlement) and the related Released Entities;[1] and

**WHEREAS** the Settlement provides in Section XI.A that, as of the Effective Date of the Settlement, CVS and the related Released Entities are hereby released and forever discharged from all of the Releasors' Released Claims, as the terms "Effective Date," "Released Entities," "Releasors" and "Released Claims" are defined in the Settlement; and

**WHEREAS** the Settlement provides in Section I.MMM that Releasors (as defined in the Settlement) who are releasing claims under Section XI.A include "without limitation and to the maximum extent of the power of [the New York State Attorney General] . . . to release Claims," New York State's and Participating Subdivisions': "(a) . . . departments, agencies, divisions, boards, commissions, Subdivisions, districts, instrumentalities of any kind and attorneys, including its Attorney General, and any person in their official capacity whether elected or appointed to serve any of the foregoing and any agency, person, or other entity claiming by or through any of the foregoing, (b) any public entities, public instrumentalities, public educational institutions, unincorporated districts, fire districts, irrigation districts, water districts, law enforcement districts, emergency services districts, school districts, hospital districts and other Special Districts in" New York State, and "(c) any person or entity acting in a *parens patriae*, sovereign, quasi-sovereign, private attorney general, qui tam, taxpayer, or other capacity seeking relief on behalf of or generally applicable to the general public with respect to" New York or a New York subdivision, "whether or not any of them participate in this" Settlement; and

**WHEREAS** Section 25.18(d) of the Mental Hygiene Law provides the New York Attorney General with authority, through the release of opioid-related claims in a "statewide opioid settlement agreement" executed after June 1, 2021, to: (i) release the unfiled opioid-related claims of New York government entities like those identified in Section I.MMM against chain pharmacies like CVS, and (ii) to release opioid-related claims filed by such New York government entities after June 30, 2019 against chain pharmacies like CVS; and

**WHEREAS** the Settlement constitutes a "statewide opioid settlement agreement" under Section 25.18(d) of the Mental Hygiene Law; and

**THEREFORE**, pursuant to the foregoing provisions of the Settlement and to the maximum extent of the power and authority of the New York Attorney General, including under Section 25.18(d) of the Mental Hygiene Law, CVS and the other Released Entities are, as of the Effective Date, **HEREBY RELEASED OF ANY AND ALL RELEASED CLAIMS OF THE**

---

[1] Capitalized terms used herein and defined in the Settlement have the meanings given to them in the Settlement.

**GOVERNMENT ENTITY RELEASORS LISTED IN SECTION I.MMM OF THE SETTLEMENT, INCLUDING THE SUBDIVISIONS AND SPECIAL DISTRICT RELEASORS LISTED IN APPENDIX A**.  New York State (for itself and the Releasors, including the Subdivisions and Special Districts listed in Appendix A), absolutely, unconditionally, and irrevocably covenants not to bring, file, or claim; or to cause, assist in bringing or permit to be brought, filed, or claimed; or to otherwise seek to establish liability for any Released Claims against any Released Entity in any forum whatsoever. This release is intended to be broad and shall be interpreted so as to give the Released Entities the broadest possible bar against any liability relating in any way to any Released Claim, and extend to the full extent of the power of New York State and its Attorney General to release claims. This release shall be a complete bar to any Released Claim.


**LETITIA JAMES**
**Attorney General of the State of New York**

By: _____       DATE:___11/22/2023_____

Jennifer Levy, First Deputy Attorney General
Office of the New York State Attorney General
28 Liberty Street, 23rd Floor
New York, NY 10006
Tel: 212-416-8450
Jennifer.Levy@ag.ny.gov

# Appendix A

Amityville, Village of
Babylon, Town of
Babylon, Village of
Bellmore Fire District
Bellport, Village of
Board of Education of Rochester City School District
Brookhaven, Town of
Buffalo, City of
Centereach Fire District
Centerport Fire District
Clarkstown, Town of
East Hampton, Village of
East Rockaway, Village of
Erie County Medical Center Corporation*
Farmingdale, Village of
Floral Park, Village of
Friendship Engine & Hose Co.*
Garden City, Village of
Great Neck, Village of
Greenport, Village of
Hauppauge Fire District
Haverstraw, Town of
Hempstead, Town of
Hempstead, Village of
Hicksville Water District
Huntington, Town of
Island Park, Village of
Islandia, Village of
Islip Terrace Fire District
Islip, Town of
Kingston, City of
Lake Grove, Village of
Lawrence, Village of
Levittown Fire District
Lindenhurst, Village of
Lloyd Harbor, Village of
Long Beach, City of
Lynbrook, Village of
Massapequa Park, Village of
Medford Volunteer Ambulance*
Melville Fire District

Merrick Library
Mill Neck, Village of
Miller Place Fire District
Mount Sinai Fire District
Nassau County Medical Center*
Nesconset Fire District
New Hyde Park, Village of
Nissequogue, Village of
North Hempstead, Town of
North Merrick Fire District
North Patchogue Fire District
Northport, Village of
Old Westbury, Village of
Orangetown, Town of
Oyster Bay, Town of
Patchogue, Village of
Plainview - Old Bethpage Public Library
Poquott, Village of,
Port Washington North, Village of
Port Washington Water District
Poughkeepsie, Town of
Ramapo, Town of
Ridge Fire District
Riverhead, Town of
Rockville Centre Public Library
Rosalyn Water District
Saltaire, Village of
Smithtown Fire District
Smithtown, Town of
South Farmingdale Fire District
Southampton, Town of
Southwestern Central School District
Southold, Town of
St. James Fire District
Stewart Manor, Village of
Stony Brook Fire District
Stony Point, Town of
Suffern, Village of
The Branch, Village of
Uniondale Fire District
Valley Stream, Village of
West Hampton Dunes, Village of
West Haverstraw, Village of

West Hempstead Public Library
Westbury, Village of

*New York State is releasing these entities out of an abundance of caution, but by doing so the State is not intending to concede, and should not be construed as conceding, that these entities are "Special Districts" or otherwise fall within the meaning of "Subdivision" as defined under the Agreement.