# EXHIBIT 1

| | |
|---|---|
| **From:** | Peter H. Weinberger <PWeinberger@spanglaw.com> |
| **Sent:** | Monday, July 8, 2024 3:01 PM |
| **To:** | david@specialmaster.law; Boone, Brian; Jonathan Cooper |
| **Cc:** | ESI-Opioids; Optum Opioid Team; pbm@listserv.motleyrice.com |
| **Subject:** | RE: Telecon with Judge Polster - July 9, 11:15a EST |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

**[EXTERNAL EMAIL from pweinberger@spanglaw.com]**

Dear Judge Polster and Special Master Cohen:

The PEC submits this response to SM Cohen's email of July 1, 2024, which seeks our position regarding the PBM's third and fourth proposed remedies in advance of a conference with the court on July 9th.  The prior scheduling order allows the PEC until July 12th to respond to the PBM's position paper regarding bellwethers and the PEC will provide a full response at that time.

The PEC opposes adoption of the PBMs' third and fourth proposed remedies.  The Court should resist those efforts because the PBM's proposals are contrary to Civil Rule 37(e), which states:

<u>Failure to Preserve Electronically Stored Information</u>. *If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it,* ***and it cannot be restored or replaced through additional discovery****, the court:*

 *(1) upon finding* ***prejudice*** *to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or*

 *(2) only upon finding that the party acted with the* ***intent*** *to deprive another party of the information's use in the litigation may:*

*(A) presume that the lost information was unfavorable to the party;*

*(B) instruct the jury that it may or must presume the information was unfavorable to the party; or*

*(C) dismiss the action or enter a default judgment.*

 FRCP 37(e) (***emphasis added***).

The PBM's have not established (a) the missing electronically stored information cannot be restored or replaced through additional discovery, (b) prejudice from the loss of the information and/or (c) an intent to deprive the PBM's of the use of the information.  The remedies sought by the PBM's against the bellwethers are not anchored in the Federal Rules of Civil Procedure.

The PEC has proposed that the court sever Lincoln County (a defense pick) and City of Independence (a plaintiff pick) which would render moot the unwarranted remedies sought by the PBM defendants.   There is no basis for expanding discovery to non-bellwether cases.  That would require that elements of Rule 37 be fully explored and would unnecessarily burden the plaintiffs whose cases have not been selected as a bellwether.  It should also be noted that to amend to add a PBM defendant, a plaintiff subdivision and its counsel will be required to indicate that if selected as a bellwether that they are prepared to zealously pursue the litigation and spend the time and money necessary to litigate the case against the defendant. (Doc. 5455).  Implicitly that requires that the plaintiff possesses the documents necessary to respond to appropriate discovery.

The PEC proposed to Defendants a joint agreement that Defendants could pick two bellwethers to replace those that were severed.  Defendants rejected that request, and instead are proposing a fishing expedition that has nothing to do with the bellwether litigation proceeding before this Court.

Presumably, each of the non-bellwether cases will address discovery obligations upon remand where trial court judges may follow the legal precedent established in the MDL proceedings.   Such an inquiry is fact specific under Rule 37(e).  Indeed, as SM Cohen is aware, determining whether there are retention issues with any entity requires an inquiry into specific relevant custodial and non-custodial sources and document retention policies and practices that requires detailed conversations with each entity's subject matter and IT experts.  It is more than a simple yes/no answer.

Finally, the PBMs' proposal to remedy the three bellwether Plaintiffs' alleged discovery deficiencies by compelling disclosures from 80 or more *other Plaintiffs in other cases* would contravene  *In re CVS Pharmacy, Inc.*, 956 F. 3d 838 (6th Cir. 2020) by subjecting MDL wide discovery on non-bellwether cases based upon an undeveloped factual record in three of the bellwether cases. There is no basis in FRCP 16 or 37 to condition a Plaintiff's ability to file claims on the existence or non-existence of litigation holds.

The PEC therefore requests that the Court deny the PBM's third and fourth remedies.

Respectfully,

Pete Weinberger

PEC liaison counsel

**From:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Sent:** Monday, July 1, 2024 3:57 PM
**To:** Peter H. Weinberger <PWeinberger@spanglaw.com>; Boone, Brian <Brian.Boone@alston.com>; Jonathan Cooper <jonathancooper@quinnemanuel.com>
**Cc:** ESI-Opioids <esi-opioids@quinnemanuel.com>; Optum Opioid Team <Optum.Opioid.Team@alston.com>; pbm@listserv.motleyrice.com
**Subject:** Telecon with Judge Polster - July 9, 11:15a EST

Greetings.  Judge Polster would like to have a telecon with PBMs and PEC on July 9 at 11:15a EST.  Please use these call-in numbers:

216-329-5544,,91218931#

Given the upcoming deadline for motions to amend, the Judge wants to address at this conference the fourth request made by the PBMs in their position statement (docket no. 5503), at page 18 – that is, that "the Court should enter an order compelling any plaintiff that seeks leave to amend its complaint to add claims against the PBM Defendants to confirm in writing, within one week of filing a motion for leave to amend, (a) whether it implemented a legal hold, (b) if so, the date that legal hold was implemented, and (c) whether there are any document preservation issues."

The Court will also address the PBMs' related third request, at page 17, that "the Court should enter an order compelling every plaintiff in each of the 84 cases pending against the PBM Defendants in the MDL to confirm in writing, within two weeks of the Court's order on this issue (a) whether it implemented a legal hold, (b) if so, the date that legal hold was implemented, and (c) whether there are any document preservation issues."

Although the PEC's response to PBMs' position paper is not due until July 12, the Court would like to receive a brief response from the PEC on these two points by 4:00p on July 8.

-d

3

========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

Peter H. Weinberger
Of Counsel
**Spangenberg Shibley & Liber LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, Ohio 44114
216-696-3232 Office
216-696-3924 Fax
PWeinberger@spanglaw.com | www.spanglaw.com

CONFIDENTIALITY NOTICE: The information in this e-mail, including any attachments, is for the sole use of the intended recipient(s), and may contain confidential and legally privileged communications. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this communication is strictly prohibited and may be unlawful, and could subject the unlawful user to civil and criminal penalties. Any unintended receipt should be reported to this sender immediately and all copies returned, deleted, and destroyed. TO OUR CLIENTS: Any dissemination of this communication to third-parties may be a waiver of the attorney-client privilege.

Peter H. Weinberger
Of Counsel
**Spangenberg Shibley & Liber LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, Ohio 44114
216-696-3232 Office
216-696-3924 Fax
PWeinberger@spanglaw.com | www.spanglaw.com



CONFIDENTIALITY NOTICE: The information in this e-mail, including any attachments, is for the sole use of the intended recipient(s), and may contain confidential and legally privileged communications. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this communication is strictly prohibited and may be unlawful, and could subject the unlawful user to civil and criminal penalties. Any unintended receipt should be reported to this sender immediately and all copies returned, deleted, and destroyed. TO OUR CLIENTS: Any dissemination of this communication to third-parties may be a waiver of the attorney-client privilege.