# EXHIBIT E-1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to<br><br>*City of Rochester v. Purdue Pharma, L.P.*, No. 19-op-45853 (Track 12)<br><br>*Lincoln County v. Richard S. Sackler, M.D.*, No. 20-op-45069 (Track 13)<br><br>*City of Independence, Missouri v. Williams*, No. 19-op-45371 (Track 14)<br><br>*County of Webb, Texas v. Purdue Pharma, L.P.*, No. 18-op-45175 (Track 15) | **MDL No. 2804**<br><br>**Case No. 17-md-2804**<br><br>**Judge Dan Aaron Polster** |

**CERTAIN UHG AND OPTUM DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SO-CALLED "JURISDICTIONAL DISCOVERY REQUESTS" FOR <u>ANSWERS TO INTERROGATORIES</u>**

On March 21, 2024, the following nine defendants from among the UHG/Optum family of defendants filed a motion to dismiss for lack of personal jurisdiction: UnitedHealth Group Incorporated; Optum, Inc.; OptumInsight Inc.; OptumInsight Life Sciences, Inc.; OptumRx Discount Card Services, LLC; Optum Perks, LLC; OptumHealth Care Solutions, LLC; OptumHealth Holdings, LLC; and Optum Health Networks, Inc. (collectively, the "Moving Defendants"). *See* ECF No. 5368. On April 17, 2024, Plaintiffs served a set of requests for answers to interrogatories, which they have identified as purported "jurisdictional discovery." In accordance with Federal Rule of Civil Procedure 33, the Moving Defendants hereby serve the following objections and responses to "Plaintiffs' Jurisdictional Discovery Requests for Answers to Interrogatories to Optum Defendants." The Moving Defendants provide these responses and objections consistent with the Stipulation and

1

Order providing that they do not waive jurisdictional defenses by engaging in discovery. ECF No. 5364.

The Moving Defendants' objections are based on their reasonable understanding of the Requests and information known to them today. The Moving Defendants reserve the right to supplement, amend, or correct any or all of their responses as may be necessary based on later discovered facts and evidence. The Moving Defendants also reserve the right to assert additional objections should they discover grounds for new objections. By offering the following responses and objections, the Moving Defendants do not waive any objections about the admissibility of their responses or any produced documents or information.

The Moving Defendants provide these responses solely for use in the above-referenced litigation and subject to Case Management Order No. 2 (ECF No. 441), as amended on February 11, 2019 (ECF No. 1357) (together, "the Protective Order").

**GLOBAL OBJECTIONS AND OBJECTIONS TO DEFINITIONS AND PHRASES**

1. The Moving Defendants object to the definitions of "You," "Your," "Inter-company," "Member data," and "Optum entity" inasmuch as they seek to include in these Requests any entities other than the Moving Defendants. The Moving Defendants also object that the definitions of "You" and "Your" are (1) overbroad in its reference to "officers, directors, employees, partners, representatives, agents, corporate parent, subsidiaries, affiliates, divisions, predecessors, or successors-in-interest, and other persons or entities acting on behalf of or controlled by them" and (2) vague and ambiguous in its reference to "acting on behalf of or controlled by." The Moving Defendants also object that the definition of "Optum entity" is vague and ambiguous in its references to "affiliated with" and "as part of its name." As written, it is unclear what type of relationship would constitute an "affiliation" for purposes of the definition and whether the definition refers to an entity's legal name, trade name, or some other name. The Moving Defendants further object that the definition of "Inter-company" is vague and ambiguous in its references to "strategies" and "interactions." These terms are undefined and, as written, it is unclear to what information, documents, or conduct they refer. The Moving Defendants further object that the definition of

2

"Member data" is overbroad, vague, and ambiguous in its reference to "personal, health, medical, health-related or other information or data." These terms are undefined and, as written, it is unclear to what information or data they refer.

2.  The Moving Defendants object to the Requests because they fail to comply with the orders of this Court. None of the bellwether Plaintiffs has sought leave to propound jurisdictional discovery on the Moving Defendants as required by the Court's December 11, 2023 Order Resolving Disputes Regarding Proposed CMO ("the December 11, 2023 Order") and the bellwether CMOs. *See* ECF No. 5268 at 5–6 ("The parties may seek leave to propound additional requests for production . . . after the Court rules on the motions to amend complaints."); ECF No. 5282 at 5 (same); ECF No. 5295 at 3 (same).

3.  The Moving Defendants object to the Requests as premature. Plaintiffs are not entitled to jurisdictional discovery whenever they want it; rather, they must first "'offer a[ ] factual basis for [their] allegations' and give the district court 'a reasonable basis to expect that . . . discovery would reveal' evidence that supports the claimed jurisdiction." *See, e.g.*, *C.H. v. United States*, 818 Fed. App'x 481, 484 (6th Cir. 2020) (collecting cases); *Nottingham-Spirk Design Assocs. v. HALO Innovations, Inc.*, 603 F. Supp. 3d 561, 571 (N.D. Ohio 2022). No such showing has been made here. As to Tracks 12 and 13, Plaintiffs have not yet opposed the Moving Defendants motion' to dismiss. *See Pinson v. U.S. Dept. of Justice*, 2021 U.S. Dist. LEXIS 146546, at *14 (D.D.C. Aug. 5, 2021) ("[Plaintiff] has not yet opposed Defendants' motion to dismiss. Perhaps after she files her opposition and presents the evidence she possesses supporting her claim concerning this Court's personal jurisdiction . . . the Court may reconsider whether jurisdictional discovery is appropriate. At this time, however, it is premature."). As to Tracks 14 and 15, the Moving Defendants have not yet moved to dismiss. Jurisdictional discovery is appropriate only in limited circumstances but in no event before a jurisdictional challenge is before the Court. *See, e.g.*, *Theunissen v. Matthews*, 935 F.2d 1454, 1465 (6th Cir. 1991) ("[A] district court *faced with a motion to dismiss for lack of personal jurisdiction over the defendant* may permit the plaintiff further discovery to investigate jurisdictional facts." (emphasis added)); *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981) ("[Jurisdictional] discovery may be appropriate *when a defendant moves to*

3

*dismiss for lack of jurisdiction.*" (emphasis added)); *Sunview Condo. Ass'n v. Flexel Int'l*, 116 F.3d 962, 964 (1st Cir. 1997) ("[A] diligent plaintiff who sues an out-of-state corporation . . . may well be entitled to a modicum of jurisdictional discovery *if the corporation interposes a jurisdictional defense.*" (emphasis added)); *Hallisey v. Zuckerberg*, 2018 U.S. Dist. LEXIS 121051, at *6 (N.D. Cal. July 19, 2018) ("Plaintiffs' request for jurisdictional discovery is premature. Plaintiffs' request anticipates a [jurisdictional] motion . . . for which discovery may or may not be warranted."); Endorsed Order, *D'Jamoos v. Atlas Aircraft Ctr., Inc.*, No. 1:8-cv-108 (D.N.H. July 21, 2008) (denying request for jurisdictional discovery before defendant responded to the complaint as "premature").

4. The Moving Defendants object to the Requests because they seek—under the guise of jurisdictional discovery—information that could be (and in most cases, already is being) sought through merits discovery. Plaintiffs cannot use so-called "jurisdictional discovery" to circumvent the discovery limits established in the CMOs. Many of the requests are improperly cumulative or duplicative of existing merits requests.

5. The Moving Defendants object to the Requests because they are not properly tailored to address the Moving Defendants' motion to dismiss for lack of personal jurisdiction. It is well established that jurisdictional discovery must be "narrowly tailored to the issue" of personal jurisdiction. *See e.g.*, *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 109 (3d Cir. 2015); *Grynberg v. Ivanhoe Energy, Inc.*, 490 Fed. App'x 86, 104 (10th Cir. 2012) ("[P]laintiffs' broad discovery requests '[we]re not tailored to address the limited question of personal jurisdiction.'" (citation omitted)); *Maharishi Found. U.S. v. Love*, 2017 U.S. Dist. LEXIS 231614, at *23 (S.D. Iowa Feb. 21, 2017) ("Plaintiff's request is not reasonably tailored, and rests on a bare assertion that given the voluminous nature of Defendant's activities, Iowans are likely in the mix somewhere."); *McLean v. U.S. Conf. of Catholic Bishops*, 2019 U.S. Dist. LEXIS 76617, at *11–12 (denying jurisdictional discovery where plaintiffs' requests were not "specific, focused and tailored to their assertions concerning general and specific personal jurisdiction," and instead demonstrated that plaintiffs were "simply casting about for contacts with Minnesota"). That means the discovery must be "targeted at information pertinent to the well established factors involved in a jurisdictional inquiry." *Rose v. Continental Aktiengesellschaft*,

4

2001 U.S. Dist. LEXIS 2354, at *10 (E.D. Pa. Mar. 2, 2001); *see also One Media IP Ltd. v. Henry Hadaway Organisation, Ltd.*, 2017 U.S. Dist. LEXIS 4098, at *6–7 (M.D. Tenn. Jan. 11, 2017) ("None of the items sought in the Discovery requests pertains to factors that could establish that the defendants are at home in Tennessee . . . Accordingly, the Discovery Requests are not relevant to developing the record as to the jurisdictional question at issue in this case.").

In their motion to dismiss for lack of personal jurisdiction, the Moving Defendants explain that the Tracks 12 and 13 Plaintiffs have not alleged that the Moving Defendants are "at home in New York or Missouri or otherwise subject to general jurisdiction in either State." ECF No. 5368-1 at 10. The Moving Defendants have also argued that the Tracks 12 and 13 Plaintiffs have not alleged facts establishing that the Court has specific personal jurisdiction over the Moving Defendants because the complaints fail to allege any of the Moving Defendants engaged in suit-related contacts with the forum state that create a substantial connection to the forum. ECF No. 5368-1 at 12–21. The Requests are not sufficiently tailored to those issues. None would establish that the Moving Defendants are at home in New York or Missouri, and the few that seek "suit-related" information are subsumed by ongoing merits discovery.

6. The Moving Defendants object to the Requests inasmuch as they seek information related to geographic areas outside the bellwether jurisdictions, without regard for the jurisdiction to which the information sought relates.

Subject to the Moving Defendants' Global Objections and Objections to Definitions and Phrases, which apply to each of Plaintiffs' Requests, the Moving Defendants further object and respond as follows:

5

# OBJECTIONS AND RESPONSES TO SO-CALLED "JURISDICTIONAL DISCOVERY REQUESTS" FOR ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1**

Identify all individuals who are employed by You and concurrently hold or have held another position at any of Your parent, subsidiary, or sibling companies.

**OBJECTIONS AND RESPONSE:**

The Moving Defendants incorporate their "Global Objections and Objections to Definitions and Phrases," specifically Global Objection Nos. 1 through 6.

The Moving Defendants object to this Request because it is not narrowly tailored to the jurisdictional challenge before the court. As written, this Request does not target the Moving Defendants' suit-related contacts with New York or Missouri (or Texas, even though no motion to dismiss has yet to be filed in Track 15). Rather, it targets identification of "all individuals"—regardless of the jurisdiction to which their employment relates. It targets identification of individuals "who are employed by You and concurrently hold or have held another position at any of Your parent, subsidiary, or sibling companies"—regardless of whether those individuals' employment is suit-related or demonstrates contact with a bellwether jurisdiction. Even if the Moving Defendants provided the information sought, that information would not indicate whether the Moving Defendants are at home in New York or Missouri or whether any of the Moving Defendants engaged in suit-related contacts with either state that create a substantial connection to the forum. Consequently, the information this Request would elicit would not be helpful in resolving the jurisdictional challenge before the Court. For the same reasons, the request for "all individuals" otherwise falling within the scope of the Request would sweep in an enormous amount of information unrelated to any jurisdictional challenge (or even plaintiffs' claims) and thus is overbroad, unduly burdensome, disproportionate to the litigation's needs.

The Moving Defendants object to this Request because it is duplicative and overlaps with discovery Plaintiffs are already seeking through merits discovery. Plaintiffs have previously asked for

6

identification of the Moving Defendants' employees. *See, e.g.*, Pls.' Dispensing & Pharmacy Practice Discovery Requests at 10 (¶ 1(d)) ("All employees' names, address and years worked at each mail order pharmacy identified . . ."); *id.* at 10 (¶ 2) ("Please identify the name and title of each of Your employees, by year, who had compliance responsibilities . . ."); *id.* at 10 (¶ 4(d), (g)) ("Please identify by year for each algorithm, program or system . . . the individuals employed by You . . ."). Plaintiffs cannot re-request the information they seek through merits discovery under the guise of jurisdictional discovery.

Subject to and without waiving any objections, the Moving Defendants decline to answer this interrogatory. The Moving Defendants are, however, willing to meet and confer to discuss their objections and to understand (1) why Plaintiffs believe this Request seeks information that is relevant to the Moving Defendants' personal jurisdiction challenge and (2) why Plaintiffs do not believe this Request constitutes improper merits discovery.

**INTERROGATORY NO. 2**

Identify all Optum entities' offices, employees, physicians, medical directors, and/or case managers in the bellwether states during the relevant time period and describe any work that these offices/employees engaged in related to opioids.

**OBJECTIONS AND RESPONSE:**

The Moving Defendants incorporate their "Global Objections and Objections to Definitions and Phrases," specifically Global Objection Nos. 1 through 5.

The Moving Defendants also object to this Request as vague and ambiguous because it contains many unclear or undefined terms or phrases, including "offices," "employees," "physicians," "medical directors," "case managers," "in the bellwether states," "relevant time period," "offices/employees," "engaged in," "related to" and "opioids." The Moving Defendants construe the term "opioid" or "opioids" consistent with the Court's prior orders about drug scope and construe the term "relevant time period" consistent with the Court's prior orders about the temporal scope of discovery.

The Moving Defendants also object to this Request as overbroad and disproportionate to the litigation's needs inasmuch as it seeks the identification of all "offices," "employees," "physicians,"

7

and so forth in the bellwether states even if they had no involvement with any subject matter relevant to this case.

The Moving Defendants object to this Request because it is not narrowly tailored to the jurisdictional challenge before the court. As written, this Request does not target the Moving Defendants' suit-related contacts with New York or Missouri (or Texas, even though no motion to dismiss has yet to be filed in Track 15). Rather, it targets identification of "all Optum entities' offices, employees, physicians, medical directors, and/or case managers in the bellwether states"—regardless of whether those offices or individuals' employment engaged in suit-related conduct. The request for "all Optum entities' offices, employees, physicians, medical directors, and/or case managers" otherwise falling within the scope of the Request would sweep in an enormous amount of information unrelated to any jurisdictional challenge (or even plaintiffs' claims) and thus is overbroad, unduly burdensome, disproportionate to the litigation's needs.

The Moving Defendants object to this Request because it is duplicative and overlaps with discovery Plaintiffs are already seeking through merits discovery. Plaintiffs have previously asked for identification of the Moving Defendants' employees. *See, e.g.*, Pls.' Dispensing & Pharmacy Practice Discovery Requests at 10 (¶ 1(d)) ("All employees' names, address and years worked at each mail order pharmacy identified . . ."); *id.* at 10 (¶ 2) ("Please identify the name and title of each of Your employees, by year, who had compliance responsibilities . . ."); *id.* at 10 (¶ 4(d), (g)) ("Please identify by year for each algorithm, program or system . . . the individuals employed by You . . ."). Plaintiffs cannot re-request the information they seek through merits discovery under the guise of jurisdictional discovery.

Subject to and without waiving any objections, the Moving Defendants decline to answer this interrogatory. The Moving Defendants are, however, willing to meet and confer to discuss their objections and to understand (1) why Plaintiffs believe this Request seeks information that is relevant to the Moving Defendants' personal jurisdiction challenge and (2) why Plaintiffs do not believe this Request constitutes improper merits discovery.

**INTERROGATORY NO. 3**

Identify all inter-company work groups, committees, or task forces regarding or including the following:

      i.      Inter-company strategies or coordination;

      ii.     Opioids or treatment of pain;

      iii.    Drug formularies;

      iv.    Utilization management;

      v.     Rebates and other fees or revenue from manufacturers;

      vi.    Use of member data; or

      vii.   Clinical studies of prescription drugs, drug marketing, or medical education.

**OBJECTIONS AND RESPONSE:**

The Moving Defendants incorporate their "Global Objections and Objections to Definitions and Phrases," specifically Global Objection Nos. 1 through 6.

The Moving Defendants also object to this Request as vague and ambiguous because it contains many unclear or undefined terms or phrases, including "inter-company," "work groups," "committees," "task forces," "strategies or coordination," "Opioids," "treatment of pain," "Drug formularies," "Utilization management," "Rebates," "other fees or revenue," "manufacturers," "Use of," "Clinical studies of prescription drugs," "drug marketing," and "medical education." The Moving Defendants construe the term "opioid" or "opioids" consistent with the Court's prior orders about drug scope.

The Moving Defendants object to this Request because it is not narrowly tailored to the jurisdictional challenge before the court. As written, this Request does not target the Moving Defendants' suit-related contacts with New York or Missouri (or Texas, even though no motion to dismiss has yet to be filed in Track 15). Rather, it targets identification of "all inter-company work groups, committees, or task forces"—regardless of the jurisdiction to which those work groups, committees, or task forces relate. It targets work groups, committees, and task forces related to seven broad categories of information—regardless of whether those categories or the work of any related

9

work group, committee, or task force are suit-related or demonstrate contact with a bellwether jurisdiction. Even if the Moving Defendants provided the information sought, that information would not indicate whether the Moving Defendants are at home in New York or Missouri or whether any of the Moving Defendants engaged in suit-related contacts with either state that create a substantial connection to the forum. Consequently, the information this Request would elicit would not be helpful in resolving the jurisdictional challenge before the Court. For the same reasons, the request for "all inter-company work groups, committees, or task forces" otherwise falling within the scope of the Request would sweep in an enormous amount of information unrelated to any jurisdictional challenge (or even plaintiffs' claims) and thus is overbroad, unduly burdensome, disproportionate to the litigation's needs.

The Moving Defendants object to this Request because it is duplicative and overlaps with discovery Plaintiffs are already seeking through merits discovery. For example, Plaintiffs have previously asked the Moving Defendants to "identify members or persons involved" in many committees related to the same topics targeted by this Request, and for each committee "produce all . . . materials relied upon, intra-committee/group/team communications, inter-committee/group/team communications (with other committees), communications with prescription opioid manufacturers, emails (internal and external), minutes (or other summary documents), agendas, Committee/group/team work product and/or reports generated therefrom." Pls.' Dispensing & Pharmacy Practice Discovery Requests at 4 (¶ 3). Plaintiffs cannot re-request the information they seek through merits discovery under the guise of jurisdictional discovery.

Subject to and without waiving any objections, the Moving Defendants decline to answer this interrogatory. The Moving Defendants are, however, willing to meet and confer to discuss their objections and to understand (1) why Plaintiffs believe this Request seeks information that is relevant to the Moving Defendants' personal jurisdiction challenge and (2) why Plaintiffs do not believe this Request constitutes improper merits discovery.

**INTERROGATORY NO. 4**

Identify all members of the Optum Opioid Task Force, along with the titles of each member, their company affiliation, as well as the timeframe in which the individual served on the task force. *See, e.g.*, OPTUMRX_JEFFCO_0000014386-89 (discussing OptumRx, and other UHG and Optum entities as part of the broader UHG Enterprise initiative to reduce opioid misuse and abuse)

**OBJECTIONS AND RESPONSE:**

The Moving Defendants incorporate their "Global Objections and Objections to Definitions and Phrases," specifically Global Objection Nos. 1 through 6.

The Moving Defendants object to this Request inasmuch as it seeks information protected by the attorney-client, litigation, or joint-defense privileges or the work-product or common-interest doctrines. The Moving Defendants will not describe or produce information that is privileged or otherwise protected.

The Moving Defendants also object to this Request as vague and ambiguous because it contains many unclear or undefined terms or phrases, including "Optum Opioid Task Force," "broader UHG Enterprise," "initiative," and "opioid misuse and abuse." The Moving Defendants construe the term "opioid" or "opioids" consistent with the Court's prior orders about drug scope.

The Moving Defendants object to this Request because it is not narrowly tailored to the jurisdictional challenge before the court. As written, this Request does not target the Moving Defendants' suit-related contacts with New York or Missouri (or Texas, even though no motion to dismiss has yet to be filed in Track 15). Rather, it targets identification of "all members of the Optum Opioid Task Force"—regardless of whether those individual members, the "Optum Opioid Task Force," or the members' service on any such task force are suit-related or demonstrate contact with a bellwether jurisdiction. Even if the Moving Defendants provided the information sought, that information would not indicate whether the Moving Defendants are at home in New York or Missouri or whether any of the Moving Defendants engaged in suit-related contacts with either state that create a substantial connection to the forum. Consequently, the information this Request would elicit would not be helpful in resolving the jurisdictional challenge before the Court. For the same reasons, the

11

request for "all members" otherwise falling within the scope of the Request would sweep in an enormous amount of information unrelated to any jurisdictional challenge (or even plaintiffs' claims) and thus is overbroad, unduly burdensome, disproportionate to the litigation's needs.

The Moving Defendants object to this Request because it is duplicative and overlaps with discovery Plaintiffs are already seeking through merits discovery. Plaintiffs have previously asked the Moving Defendants to "identify members or persons involved" in many committees related to opioids, and for each committee "produce all . . . materials relied upon, intra-committee/group/team communications, inter-committee/group/team communications (with other committees), communications with prescription opioid manufacturers, emails (internal and external), minutes (or other summary documents), agendas, Committee/group/team work product and/or reports generated therefrom." Pls.' Dispensing & Pharmacy Practice Discovery Requests at 4 (¶ 3). Plaintiffs cannot re-request the information they seek through merits discovery under the guise of jurisdictional discovery.

Subject to and without waiving any objections, the Moving Defendants decline to answer this interrogatory. The Moving Defendants are, however, willing to meet and confer to discuss their objections and to understand (1) why Plaintiffs believe this Request seeks information that is relevant to the Moving Defendants' personal jurisdiction challenge and (2) why Plaintiffs do not believe this Request constitutes improper merits discovery.

**INTERROGATORY NO. 5**

Identify all Optum entity offices, employees, physicians, medical directors, and/or case managers in the bellwether states during the relevant time period and describe any work that these office/employees engaged in related to opioids.

**OBJECTIONS AND RESPONSE:**

The Moving Defendants incorporate their "Global Objections and Objections to Definitions and Phrases," specifically Global Objection Nos. 1 through 5.

The Moving Defendants also object to this Request as vague and ambiguous because it contains many unclear or undefined terms or phrases, including "offices," "employees," "physicians,"

12

"medical directors," "case managers," "in the bellwether states," "relevant time period," "offices/employees," "engaged in," "related to" and "opioids." The Moving Defendants construe the term "opioid" or "opioids" consistent with the Court's prior orders about drug scope and construe the term "relevant time period" consistent with the Court's prior orders about the temporal scope of discovery.

The Moving Defendants object to this Request because it is not narrowly tailored to the jurisdictional challenge before the court. As written, this Request does not target the Moving Defendants' suit-related contacts with New York or Missouri (or Texas, even though no motion to dismiss has yet to be filed in Track 15). Rather, it targets identification of "all Optum entity offices, employees, physicians, medical directors, and/or case managers in the bellwether states"—regardless of whether those offices or individuals' employment are suit-related or demonstrate contact with a bellwether jurisdiction. Even if the Moving Defendants provided the information sought, that information would not indicate whether the Moving Defendants are at home in New York or Missouri or whether any of the Moving Defendants engaged in suit-related contacts with either state that create a substantial connection to the forum. Consequently, the information this Request would elicit would not be helpful in resolving the jurisdictional challenge before the Court. For the same reasons, the request for "all Optum entity offices, employees, physicians, medical directors, and/or case managers" otherwise falling within the scope of the Request would sweep in an enormous amount of information unrelated to any jurisdictional challenge (or even plaintiffs' claims) and thus is overbroad, unduly burdensome, disproportionate to the litigation's needs.

The Moving Defendants object to this Request because it is duplicative and overlaps with discovery Plaintiffs are already seeking through merits discovery. Plaintiffs have previously asked for identification of the Moving Defendants' employees. *See, e.g.*, Pls.' Dispensing & Pharmacy Practice Discovery Requests at 10 (¶ 1(d)) ("All employees' names, address and years worked at each mail order pharmacy identified . . ."); *id.* at 10 (¶ 2) ("Please identify the name and title of each of Your employees, by year, who had compliance responsibilities . . ."); *id.* at 10 (¶ 4(d), (g)) ("Please identify by year for

13

each algorithm, program or system . . . the individuals employed by You . . ."). Plaintiffs cannot re-request the information they seek through merits discovery under the guise of jurisdictional discovery.

Subject to and without waiving any objections, the Moving Defendants decline to answer this interrogatory. The Moving Defendants are, however, willing to meet and confer to discuss their objections and to understand (1) why Plaintiffs believe this Request seeks information that is relevant to the Moving Defendants' personal jurisdiction challenge and (2) why Plaintiffs do not believe this Request constitutes improper merits discovery.

Dated: May 17, 2024

Respectfully submitted,

*/s/ Brian D. Boone*
Brian D. Boone
**ALSTON & BIRD LLP**
Vantage South End
1120 South Tryon Street, Suite 300
Charlotte, NC 28203
Tel: (704) 444-1000
brian.boone@alston.com

William H. Jordan
**ALSTON & BIRD LLP**
1201 West Peachtree Street NW, Suite 4900
Atlanta, GA 30309
Tel.: (404) 881-7000
bill.jordan@alston.com

*Attorneys for UnitedHealth Group Incorporated, Optum, Inc., OptumInsight Inc., OptumInsight Life Sciences, Inc., OptumRx Discount Card Services, LLC, Optum Perks, LLC, OptumHealth Care Solutions, LLC, OptumHealth Holdings, LLC, and Optum Health Networks, Inc.*