UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>**THIS DOCUMENT RELATES TO**:<br><br>*All cases* | MDL NO. 2804<br><br>Case No. 17-MD-2804<br><br>Judge Dan Aaron Polster |

## PBM DEFENDANTS' RESPONSE TO PEC'S NOTICE OF LITIGATION HOLD DATA

On July 10, 2024, the Court ordered the PEC and PBM Bellwether Plaintiffs to "file a single, joint notice indicating, for each MDL case where a PBM defendant is named: (1) whether a litigation hold was implemented, and (2) if so, when." Dkt. 5517 at 2. In blatant defiance of the Court's order, the PEC and PBM Bellwether Plaintiffs did not answer for a *single* PBM case—let alone for each case—whether plaintiffs implemented a litigation hold and, if so, when. Instead, they identified the date that counsel executed a "fee contract" with certain plaintiffs, and argue that language in that "fee contract" advised plaintiffs of their preservation obligations. But telling a client they have a duty to preserve documents is not the same as the client instituting a litigation hold; nor does it answer the questions the Court directed the PEC and the PBM Bellwether Plaintiffs to answer. The clear implication is that ***not a single non-bellwether plaintiff with claims pending against the PBM Defendants actually implemented a litigation hold***.

Ignoring the questions actually presented by the Court, the PEC instead (a) questions the Court's authority to issue its order, (b) argues that it did not have enough time to comply (even though the PEC previously agreed that it had enough time[1] and never sought an extension), and

---

[1] Dkt. 5516 at 6:24–7:2 ("[THE COURT:] So how long will it take? It seems to me it shouldn't take that long to get an answer to that. Is ten days reasonable? MR. WEINBERGER: Your Honor, this is Pete Weinberger. I think, I think that two weeks is a reasonable time, . . .").

1

(c) offers misleading and unhelpful information in Exhibit A to create the misimpression that a subset of plaintiffs in fact instituted a litigation hold by virtue of entering into a "fee contract" with their counsel.

There are 84 pending cases in the MDL against the PBM Defendants, 81 of which are not bellwether plaintiffs.[2] Dkt. 5503-42. The PEC fails to provide *any* information about seven of those 81 cases.[3] *See* Dkts. 5538; 5538-1. And, as already explained, the plaintiffs in the remaining 74 cases still do not answer whether and when a litigation hold was actually implemented, as ordered by the Court.

There is no legitimate reason why the PEC and PBM Bellwether Plaintiffs could not comply with the Court's order. The PBM Defendants started requesting the same information months ago. *See* Dkts. 5503-35; 5503-36. And, contrary to the PEC's excuses, there is no reason why the Court's order "require[d] inquiry and responses from multiple departments and custodians." Dkt. 5538 at 1. Either each plaintiff implemented a litigation hold or they did not. Plaintiffs' counsel had a duty to "oversee compliance with the litigation hold" and "monitor[] the party's efforts to retain . . . the relevant documents." *John B. v. Goetz*, 879 F. Supp. 2d 787, 869 (M.D. Tenn. 2010) (citation omitted). If Plaintiffs' counsel were complying with their duties, they

---

[2]  One case, *Jefferson County, et al. v. Dannie E. Williams, M.D., et al.*, No. 1:19-op-45371, includes both a bellwether plaintiff (City of Independence) and non-bellwether plaintiffs.

[3]  The seven non-bellwether MDL cases against the PBM Defendants missing from Exhibit A are: (1) *City of Middletown v. Purdue Pharma, L.P. et al*, No. 1:19-op-45651; (2) *Norwich v. Purdue Pharma, L.P. et al*, No. 1:19-op-45840; (3) *Town of Enfield v. Purdue Pharma, L.P. et al*, No. 1:19-op-45581; (4) *Town of Wethersfield v. Purdue Pharma, L.P. et al*, No. 1:19-op-45663; (5) *City of Paterson v. Purdue Pharma, L.P. et al*, No. 1:18-op-45371; (6) *City of Portsmouth v. McKesson Corporation et al*, No. 1:19-op-45856; and (7) *City of Huntington, WV, et al v. Express Scripts Holding Co. et al*, No. 1:18-op-45984. Exhibit A also fails to provide the requisite information for the four bellwether plaintiffs and for several individual plaintiffs, including City of North Olmsted, City of Strongsville, City of Warrensville Heights, and Painesville Township, which are all plaintiffs in *County of Cuyahoga, et al. v. Mylan Pharmaceuticals*, et al., No. 1:23-op-45003.

would have been able to easily answer whether and when a litigation hold was implemented. The PEC's and PBM Bellwether Plaintiff's notice is merely a continuation of the delay and obfuscation that has been ongoing for months at this point and further confirmation of the need for the steps requested by the PBM Defendants in addition to any other sanction the Court sees fit to ensure compliance with its order.

July 22, 2024

Respectfully submitted,

| | |
|---|---|
| */s/ Brian D. Boone* | */s/ Jonathan G. Cooper* |
| Brian D. Boone | Michael J. Lyle |
| Emily C. McGowan | Jonathan G. Cooper |
| Brandon C.E. Springer | **QUINN EMANUEL URQUHART &** |
| **ALSTON & BIRD LLP** | **SULLIVAN, LLP** |
| Vantage South End | 1300 I St. NW, Suite 900 |
| 1120 South Tryon Street, Suite 300 | Washington, DC 20005 |
| Charlotte, NC 28203 | Tel: (202) 538-8000 |
| Tel: (704) 444-1000 | mikelyle@quinnemanuel.com |
| brian.boone@alston.com | jonathancooper@quinnemanuel.com |
| emily.mcgowan@alston.com | |
| brandon.springer@alston.com | *Attorneys for Express Scripts Defendants* |

William H. Jordan
D. Andrew Hatchett
Bradley Harder
Caroline R. Strumph
**ALSTON & BIRD LLP**
1201 West Peachtree Street NW, Suite 4900
Atlanta, GA 30309
Tel.: (404) 881-7000
bill.jordan@alston.com
andrew.hatchett@alston.com
bradley.harder@alston.com
caroline.strumph@alston.com

Bradley M. Smyer
**ALSTON & BIRD LLP**
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Tel.: (214) 922-3400

3

brad.smyer@alston.com

*Attorneys for OptumRx, Inc., Optum, Inc., UnitedHealth Group Incorporated, OptumInsight, Inc., OptumInsight Life Sciences, Inc., OptumRx Discount Card Services, LLC, Optum Perks, LLC, OptumHealth Care Solutions, LLC, OptumHealth Holdings, LLC, and Optum Health Networks, Inc.*