# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF OHIO

### EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*This document relates to:*<br><br>See cases listed in Exhibit A | MDL 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

# CORRECTED OMNIBUS MOTION FOR LEAVE TO AMEND TO ADD AHOLD DELHAIZE DEFENDANTS AND MEMORANDUM OF LAW IN SUPPORT

3070000.6

# TABLE OF CONTENTS

Page

INTRODUCTION ..................................................................................................................1

FACTUAL BACKGROUND ....................................................................................................2

    Facts Pertaining to the Ahold Delhaize Defendants.................................................... 3

    The Current Motion...................................................................................................... 4

LEGAL STANDARD ..............................................................................................................6

ARGUMENT .........................................................................................................................6

I.    THE AMENDING PLAINTIFFS HAVE "GOOD CAUSE" TO AMEND THE SCHEDULING ORDER TO ADD AHOLD DELHAIZE AS A DEFENDANT. ............6

    A.    Despite Their Diligence, the Amending Plaintiffs Could Not Meet the Original Deadline with Respect to Ahold Delhaize......................................... 6

    B.    Ahold Delhaize Will Not Suffer Any Undue Prejudice If Plaintiffs Are Permitted to Amend. ...................................................................................... 9

II.    AMENDMENT OF THE PLEADINGS IS PROPER UNDER RULE 15.....................12

CONCLUSION .....................................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Brumbalough v. Camelot Care Ctrs., Inc.*,
427 F.3d 996 (6th Cir. 2005) ....................13

*Duggins v. Steak 'N Shake, Inc.*,
195 F.3d 828 (6th Cir. 1999) ....................10

*Fijalkowski v. Belmont Cnty. Bd. of Comm'rs*,
No. 2:17-cv-195, 2018 WL 1835444 (S.D. Ohio Apr. 18, 2018) ....................6, 7, 8

*Fraker v. Marysville Exempted Vill. Sch.*,
696 F. Supp. 2d 887 (S.D. Ohio 2010) ....................10

*Hammock v. Rogers*,
No. 1:17-cv-1939, 2018 WL 8414482 (N.D. Ohio Dec. 17, 2018) ....................9

*In re Nat'l Prescription Opiate Litig.*,
2022 WL 20701236 (6th Cir. Nov. 10, 2022) ....................11

*In re Nat'l Prescription Opiate Litig.*,
589 F. Supp. 3d 790 (N.D. Ohio 2022) ....................11

*In re Nat'l Prescription Opiate Litig.*,
956 F.3d 838 (6th Cir. 2020) ....................10

*In re Nat'l Prescription Opiate Litig.*,
MDL No. 2804, Transfer Order (J.P.M.L. Dec. 5, 2017) ....................12

*J&R Passmore, LLC v. Rice Drilling D, LLC*,
No. 2:18-cv-1587, 2024 WL 111661 (S.D. Ohio January 10, 2024) ....................8, 12

*Joseph v. Joseph*,
No. 1:16-cv-465, 2017 WL 5953119 (S.D. Ohio Jan. 10, 2017) ....................6, 7, 8

*Landstar Ranger, Inc. v. City of Delaware, Ohio*,
No. 2:22-CV-02008, 2022 WL 7322274 (S.D. Ohio Oct. 13, 2022) ....................12

*Leary v. Daeschner*,
349 F.3d 888 (6th Cir. 2003) ....................8

*O'Neal v. Denn-Ohio, LLC*,
No. 3:19-cv-280, 2020 WL 210801 (N.D. Ohio Jan. 14, 2020) ....................9

*Phelps v. McClellan*,
30 F.3d 658 (6th Cir. 1994) ....................10

*Rapp v. Forest City Techs., Inc.*,
No. 1:20-cv-2059, 2021 WL 4713394 (N.D. Ohio June 17, 2021) ....................6, 7, 8

# TABLE OF AUTHORITIES

**Page(s)**

*Salerno v. Fam. Heritage Life Ins. Co. of Am.*,
   No. 1:23-cv-01419, 2024 WL 2235772 (N.D. Ohio May 17, 2024) ........................................7

*York v. Lucas Cnty., Ohio*,
   No. 3:13 cv 1335, 2015 WL 2384096 (N.D. Ohio May 19, 2015) .........................................9

**Statutes**

28 U.S.C. § 1407 ...........................................................................................................................12

**Court Rules**

Fed. R. Civ. P. 15 ..............................................................................................................1, 2, 12, 13

Fed. R. Civ. P. 15(a)(2) .................................................................................................................12

Fed. R. Civ. P. 16 ................................................................................................................. *passim*

Fed. R. Civ. P. 16(b) .......................................................................................................................6

## INTRODUCTION

In accordance with this Court's Order dated May 23, 2024, Doc. #5455, the Plaintiffs listed in Exhibit A ("Amending Plaintiffs") hereby move for leave to amend their operative complaints pursuant to Federal Rules of Civil Procedure 15 and 16 to add the Ahold Delhaize Defendants[1] beyond the deadline for amendment of pleadings set forth in this Court's case management orders and submit this Memorandum of Law in support thereof.  If permitted to amend, Plaintiffs here would supplement their existing pleadings with claims substantially similar to those asserted against chain pharmacies in the first amended CT8 bellwether complaint in *Cobb County v. Purdue Pharma, LP, et al*, No. 1:18-op-45817-DAP, Doc. #3787 July 14, 2021) (adjusted for the law of their particular jurisdiction), and add additional defendant specific facts, including those detailed herein. None of the Amending Plaintiffs have sued Ahold Delhaize in their currently operative pleadings.

Leave should be granted for two reasons.  First, more fully described below, the most recent ARCOS data obtained from the federal Drug Enforcement Administration (DEA) shows that, in the period 2006-2019, Ahold Delhaize had a dispensing market share of 5% or more in each of the Amending Plaintiff's jurisdictions.  ARCOS information on volume and market share for dispensers in *any* year was not available to

---

[1] The Ahold Delhaize Defendants are: Koninklijke Ahold Delhaize N.V.; Ahold Delhaize USA, Inc.; Ahold U.S.A., Inc.; American Sales Company LLC; ADUSA Distribution, LLC f/k/a Delhaize America Distribution LLC; Food Lion, LLC; The Giant Company LLC f/k/a Giant Food Stores, LLC; The Stop & Shop Supermarket Company LLC; and Hannaford Bros. Co., LLC. This motion refers to these three Defendants collectively as "Ahold Delhaize" or the Ahold Delhaize Defendants.

1

the Amending Plaintiffs with respect to Ahold Delhaize prior to May 7, 2019, when expanded reports containing dispensing market share information created from the 2006 – 2014 ARCOS data were made available to MDL Plaintiffs who signed a protective order. Doc. #1612. This disclosure was well after the deadline for many of these plaintiffs to amend their pleadings under the applicable case management orders in this MDL.[2] Second, prior to the CMO deadline for amendment, sufficient information about the improper dispensing practices of the chain pharmacies like Ahold Delhaize, was not known, since discovery into the dispensing practices of chain pharmacies had not been undertaken. These two grounds independently establish that, even with the exercise of due diligence, the Amending Plaintiffs could not have met the deadline for adding Ahold Delhaize because the information on which they are basing their claims was not available to them.

Because they could not, even with due diligence, have met the deadline to amend their complaints to add these claims against Ahold Delhaize, and because, as discussed below, Ahold Delhaize will not be prejudiced by these amendments, this Court should find that each of the Amending Plaintiffs has shown "good cause" within the meaning of Rule 16, and that amendment is proper under Rule 15, and should grant their motions to amend their pleadings to add Ahold Delhaize.

## FACTUAL BACKGROUND

The facts pertaining generally to the procedural history of these cases and the

---

[2] As discussed below, MDL plaintiffs were required to amend their pleadings by the later of: (1) March 16, 2019 or (2) 90 days after transfer into the MDL.

3070000.6

deadlines set by the Court for the amendment of pleadings, as well as the development of the dispensing case over the course of the litigation, are set forth in the PEC's Roadmap Overview for Motions for Leave to Amend, which Amending Plaintiffs incorporate by reference herein and to which the Court is respectfully referred.

*Facts Pertaining to the Ahold Delhaize Defendants*

If granted leave to amend, the Amending Plaintiffs would plead the following facts among others.

Ahold Delhaize is one of the world's largest food retail groups.  In the United States, Ahold Delhaize operates more than 2,000 stores across 23 states under the banners Stop & Shop, the Giant Company, Giant, Food Lion, Martin's, Hannaford, FreshDirect and Peapod.  Ahold Delhaize companies act as opioid distributors and dispensers.

Atop the Ahold Delhaize corporate pyramid is the Dutch company Koninklijke Ahold Delhaize N.V., based in Zaandam, Netherlands.  Ahold Delhaize USA, Inc. is a subsidiary of Koninklijke Ahold Delhaize N.V. and the parent company for all the corporate family's U.S. subsidiaries.  Ahold Delhaize USA Inc. operates as a licensed wholesale pharmaceutical distributor under the following two named entities: Ahold U.S.A., Inc. and American Sales Company LLC.  ADUSA Distribution, LLC (f/k/a Delhaize America Distribution LLC) is listed in the ARCOS data as the reporter family for these distributors.  Subsidiaries of Ahold Delhaize USA, Inc. operate stores with pharmacies, including the Defendants:  Food Lion, LLC, which operates more than 1,100 stores in the Southeast under the Food Lion banner; The Giant Company LLC f/k/a Giant Food Stores, LLC, which operates more than 150 stores with pharmacies in Delaware,

3

Maryland, Virginia and Washington, D.C. under the Giant Food brand; The Stop & Shop Supermarket Company LLC, which operates more than 395 stores under the Stop & Shop brand, including in Massachusetts, New Jersey, New York and Rhode Island; and Hannaford Bros. Co., LLC, which operates more than 180 stores in the Northeast.  This motion refers to all of these Defendants collectively as "Ahold Delhaize."

Ahold Delhaize dispensed more than 1.4 billion dosage units (DUs) and 31.7 billion MME of opioid products from 2006 to 2019, with hydrocodone and oxycodone accounting for the largest portion of drugs it dispensed.  In 2011 alone, Ahold Delhaize dispensed more than 120 million DUs of opioids products.  In 2019, Ahold Delhaize dispensed more than 2.6 billion MME of opioids products, a 38% increase from 2006.[3]

Ahold Delhaize has not been named in a bellwether case, or to the best of counsel's knowledge, been a defendant in an opioid case in state court.  Consequently, no discovery has been undertaken with respect to Amending Plaintiffs' dispensing claims.

*The Current Motion*

On May 24, 2024, this Court granted the PEC's motion to lift the moratorium on motion practice to allow non-bellwether MDL plaintiffs to seek leave to amend their pleadings in order to add defendants they had not previously named.  The Amending Plaintiffs—none of whom previously sued Ahold Delhaize—now seek leave to amend to add claims against Ahold Delhaize based on two grounds.

First, Amending Plaintiffs whose amendment deadline expired before the PEC's

---

[3] Details pertaining to Ahold Delhaize's market share in each Amending Plaintiff's jurisdiction are set forth in Exhibit A.

4

release of ARCOS data in 2019 seek to amend based on data that is now available to them about the extent of Ahold's dispensing in their jurisdiction.  Second, all Amending Plaintiffs seek leave to amend based on the discovery of new facts regarding the improper dispensing practices of the chain pharmacies like Ahold, which was not previously known prior to the discovery and proceedings in CT3, CT4, and in the case brought by the State of New Mexico.  *See* Corrected Roadmap Br. at 16-21.  Sufficient information was not available to bring pharmacy dispensing claims until after the last deadline to amend for any of the Amending Plaintiffs adding Ahold, which was in mid-2019, long before the basis for the dispensing claims was developed.

Each Amending Plaintiff is a jurisdiction or operates within a jurisdiction in which Ahold Delhaize has a 5% or greater market share as a dispenser (dosage unit or MME) over the entire ARCOS period of 2006-2019.  The jurisdiction-specific facts pertaining to each Amending Plaintiff's jurisdiction claims are shown on Exhibit A.  The Amending Plaintiffs seek to assert the same causes of action against Ahold arising out of its role as a dispenser of controlled substances that they asserted against the same category of defendants – chain pharmacies – in their currently operative complaints, adding dispensing allegations from the currently operative CT8 complaint as set forth above.

As described below, none of the Amending Plaintiffs could have met the existing deadline for amendment with respect to Ahold because the information on which they seek to base their claims was not available by the applicable deadline to amend. Moreover, as further discussed below, amendment of these cases to include Ahold Delhaize will not prejudice those defendants because the Amending Plaintiffs' actions

5

have all been stayed since the CMO amendment deadline passed.

## LEGAL STANDARD

The legal standards applicable to this motion are set forth in the PEC's Roadmap Overview for Motions for Leave to Amend, which Amending Plaintiffs incorporate by reference herein and to which the Court is respectfully referred.

## ARGUMENT

I. **THE AMENDING PLAINTIFFS HAVE "GOOD CAUSE" TO AMEND THE SCHEDULING ORDER TO ADD AHOLD DELHAIZE AS A DEFENDANT.**

   A. **Despite Their Diligence, the Amending Plaintiffs Could Not Meet the Original Deadline with Respect to Ahold Delhaize.**

The Amending Plaintiffs meet the diligence test for amending the scheduling order to permit amended pleadings: the information on which they seek to based their amended pleadings was not available until after the deadline for plaintiffs to amend had passed. *See Rapp v. Forest City Techs., Inc.*, No. 1:20-cv-2059, 2021 WL 4713394, at *3–4 (N.D. Ohio June 17, 2021) ("Because this evidence was not reasonably available to Rapp until well after the deadline date passed, Rapp could not reasonably have met the deadline despite due diligence."); *Fijalkowski v. Belmont Cnty. Bd. of Comm'rs*, No. 2:17-cv-195, 2018 WL 1835444, at *2 (S.D. Ohio Apr. 18, 2018) ("New information can constitute good cause under Rule 16(b)."); *Joseph v. Joseph*, No. 1:16-cv-465, 2017 WL 5953119, at *2 (S.D. Ohio Jan. 10, 2017) (finding good cause existed when "the documents upon which the proposed amendment [was] largely based were not produced until more than two months after the . . . motion to amend deadline").

For Amending Plaintiffs with an amendment deadline before May 7, 2019, there was no data whatsoever available about Ahold's market share as a dispenser of opioids.

6

That is because ARCOS data does not contain dispensing information. Thus even after the DEA began producing that data in 2018, expert analysis was required to determine, from the distribution data that was provided, what a particular pharmacy's dispensing market share was. *See* Corrected Roadmap Br. at 20-21; Mougey Dec. at ¶ 14.  But the PEC was originally not permitted to disclose the results of this analysis.  Rather, prior to May 7, 2019, the Amending Plaintiffs were provided only with the identity of the pharmacies who dispensed *any* amount of opioids in their jurisdiction; the PEC was precluded from providing plaintiffs with the amounts of opioids sent to pharmacies by other distributors. *See* Doc. #1106.  As a result, Amending Plaintiffs were unable to determine the extent of Ahold's dispensing activities in their jurisdictions at any time prior to May 7, 2019, when the PEC made available for the first time dispensing market share information for the period 2006-2014.  Doc. #1612.  Updated information, showing the extent of Ahold's dispensing in each jurisdiction through 2019 did not become available until 2023..

These facts support a finding of "good cause" for each Amending Plaintiff with an amendment deadline prior to release of ARCOS market share data in 2019 to amend its complaint to add Ahold Delhaize.  *See Salerno v. Fam. Heritage Life Ins. Co. of Am.*, No. 1:23-cv-01419, 2024 WL 2235772, at *2 (N.D. Ohio May 17, 2024) ("Sixth Circuit courts regularly grant leave for a party to amend its pleadings when discovery 'apparently confirmed [the party's] suspicions so that the company could assert [additional] claims.'"); *see also Rapp*, 2021 WL 4713394, at *3–4 ; *Fijalkowski*, 2018 WL 1835444, at *2 ; *Joseph*, 2017 WL 5953119, at *2.

While the ARCOS data made available in 2019 is by itself sufficient to constitute

7

3070000.6

good cause, the development of the cases against pharmacy dispensers in the previous pharmacy bellwethers provides an additional basis to allow the amendments for all Amending Plaintiffs.  Prior to CT1B/CT3, MDL plaintiffs did not pursue dispensing claims – indeed, the lead bellwether plaintiffs in CT1 expressly disclaimed them.  No discovery was undertaken on dispensing claims against chain pharmacies until the after the CT3 amendments.  Without this discovery, especially the dispensing data disclosing "red flag" prescriptions produced and analyzed in those cases, Amending Plaintiffs had no reason to undertake the considerable time and expense of prosecuting dispensing claims against large corporations, such as Ahold Delhaize.  Once liability based on the dispensing theories was confirmed by both the CT3 jury verdict and further discovery and by verdicts in the other bellwether pharmacy cases in jurisdictions across the county, Amending Plaintiffs possessed the necessary information to bring the dispensing claims against Ahold Delhaize.

The fact that the information on which the proposed amended pleading will be based was not available until months or years after the amendment deadlines shows that the Amending Plaintiffs could not, even with the exercise of diligence, have met the original CMO deadlines.  This is sufficient to meet the "diligence" prong of the "good cause" analysis.  *See Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003); *see also J&R Passmore, LLC v. Rice Drilling D, LLC,* No. 2:18-cv-1587, 2024 WL 111661, *2 (S.D. Ohio January 10, 2024) ("Diligence can be established when the information supporting an amendment is not disclosed until after the amendment deadline set in the scheduling order."); *Rapp* 2021 WL 4713394, at *3–4; *Fijalkowski*, 2018 WL 1835444, at *2; *Joseph*, 2017

8

3070000.6

WL 5953119, at *2.[4]

This Court has held that a diligent plaintiff may reasonably wait for the fruits of discovery to identify additional defendants. *O'Neal v. Denn-Ohio, LLC*, No. 3:19-cv-280, 2020 WL 210801, at *2 (N.D. Ohio Jan. 14, 2020); *Hammock v. Rogers*, No. 1:17-cv-1939, 2018 WL 8414482, at *6 (N.D. Ohio Dec. 17, 2018) (good cause shown where plaintiff's "ability to name new parties was somewhat hamstrung by the amount of time it took to get the names of the proposed additional defendants through discovery"); *York v. Lucas Cnty., Ohio*, No. 3:13 cv 1335, 2015 WL 2384096, at *4 (N.D. Ohio May 19, 2015) (plaintiff was sufficiently diligent in waiting to obtain the names of new defendants in discovery "rather than to take a shotgun approach and seek dismissal of unnecessary parties later"). Given the limited nature of information concerning the chain pharmacies' market share and dispensing practices prior to the deadline in CMO1, none of the Amending Plaintiffs lacked diligence in waiting to seek leave to amend until the facts demonstrating the full basis of claims against them became available.

### B. Ahold Delhaize Will Not Suffer Any Undue Prejudice If Plaintiffs Are Permitted to Amend.

It is clear that Ahold Delhaize will not suffer any prejudice from the filing of the

---

[4] The PEC moved this Court to lift the moratorium on motion practice to allow MDL plaintiffs to seek leave to amend on April 22, 2024. *See* Doc. #5411. That the Amending Plaintiffs did not seek leave to amend before that time does not indicate a lack of diligence because, as described above, all a showing of "good cause" under Rule 16 requires is an explanation of why the party could not, even with the exercise of diligence, have met the original deadline. The passage of additional time after that is relevant to the question of prejudice to the opposing party, *see* Point I-B, *infra*, but not to the reason the Amending Plaintiffs could not have met the March 16, 2019, deadline in the first place.

9

amended complaints at issue here.  That is because each of the Amending Plaintiffs' cases has been stayed since the original deadline for the filing of amended pleadings.  There has been no discovery, no motion practice, no litigation of any kind.  Ahold Delhaize will be in the exact same position, with respect to each of the Amending Plaintiffs' cases, that it would have been in had the cases been stayed with Ahold Delhaize already in them.  *See Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994) (among the factors considered in assessing prejudice from a delayed amended pleading are "whether the assertion of the new claim or defense would . . . require the opponent to expend significant additional resources to conduct discovery and prepare for trial [or] significantly delay the resolution of the dispute. . . .").  *Cf. Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (where discovery and dispositive motion deadlines had passed, and a motion for summary judgment had been filed, amendment to add a different claim would create significant prejudice to defendants); *Fraker v. Marysville Exempted Vill. Sch.*, 696 F. Supp. 2d 887, 893 (S.D. Ohio 2010) (plaintiff could not amend to add new defendants after close of discovery and briefing of motion for summary judgment; new defendants would be "severely prejudiced if they were added at this late juncture, having been deprived of their right to conduct discovery and file dispositive motions").[5]

This is especially true because Ahold Delhaize has known since the formation of the MDL that it was a defendant in some cases before this Court.  In that circumstance,

---

[5] *Cf. In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838 (6th Cir. 2020) (precluding amendment of scheduling order where defendants had been subject to discovery and briefing on substantive motions, and where plaintiffs had previously disavowed claims they later sought to add).

the need to defend additional cases does not constitute undue prejudice. *See In re Nat'l Prescription Opiate Litig.*, 2022 WL 20701236 (6th Cir. Nov. 10, 2022) (litigation costs of being named in additional cases not undue prejudice because defendants knew that they could face these costs from the time they were added to the MDL."). Nor could Ahold Delhaize rely on the number of cases in this MDL in which it was named to estimate the likely scope of its liability. In most instances, for governmental plaintiffs, the primary claim is for abatement of a public nuisance, and the underlying nuisance of the opioid epidemic is an ongoing condition such that, with respect to most jurisdictions, the statute of limitations does not bar the claim.[6] Consequently, Ahold Delhaize has always known that governmental entities—whether plaintiffs in this MDL or not—could file new cases against it.

Indeed, if leave to amend is not granted, the Amending Plaintiffs can simply file their claims against Ahold Delhaize in new stand-alone cases. Thus, the question is not *whether* the new claims against Ahold Delhaize will be brought; the question is *where* these claims will be brought. The issue, then, is whether these claims arising from the same opioid crisis are coordinated for discovery and management with other claims against the same defendant and/or the same category of defendant. In this context, Rule 1's command that the Federal Rules be construed and administered to secure the "just, speedy, and inexpensive determination of every action and proceeding" counsels in favor

---

[6] *See, e.g., In re Nat'l Prescription Opiate Litig.*, 589 F. Supp. 3d 790, 825-26 (N.D. Ohio 2022) (holding under Ohio law that "absolute and statutory public nuisance claims are exempt from a statute of limitations," and that defendants may remain "subject to liability for abatement of any ongoing consequential effects of the nuisance").

11

3070000.6

of permitting the addition of Ahold Delhaize. In any event, Ahold Delhaize cannot demonstrate that it will be prejudiced by having the claims against it coordinated in these proceedings rather than scattered around the country. *See* 28 U.S.C. § 1407 (actions may be transferred and coordinated upon determination such transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions."); *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804, Transfer Order at 3 (J.P.M.L. Dec. 5, 2017) (finding that centralization and coordination of opioid cases "will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.").

Because the Amending Plaintiffs have shown both diligence and lack of prejudice, this Court should find "good cause" under Rule 16 to amend the scheduling order to permit the filing of amending pleadings against Ahold Delhaize.

## II. AMENDMENT OF THE PLEADINGS IS PROPER UNDER RULE 15

The requirements of Rule 15 are also satisfied. Under Rule 15, "the court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Because the Rule 16 standard is recognized to be more "stringent," *see Landstar Ranger, Inc. v. City of Delaware, Ohio*, No. 2:22-CV-02008, 2022 WL 7322274, at *4 (S.D. Ohio Oct. 13, 2022), and to set a "higher threshold," *see J&R Passmore*, 2024 WL 111661, at *1, a party that can establish diligence and lack of prejudice under Rule 16 can generally satisfy the broader, more liberal standard of Rule 15. In this case, leave to amend should be granted in the interests of justice.

Only two of the Rule 15 factors—bad faith and futility of amendment—are not

12

subsumed within the Rule 16 "good cause" analysis. *See Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) (identifying "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment" as factors to be considered under Rule 15).[7] Neither is applicable here. As noted above, the Amending Plaintiffs seek to add claims against Ahold Delhaize similar to those they have asserted against other manufacturers—and similar to claims this Court previously found sufficiently stated to preclude dismissal under Rule 12. Nor is there, nor could there be, any suggestion of bad faith with respect to any of the Amending Plaintiffs. Because the Amending Plaintiffs have shown good cause under Rule 16 and because it is in the interest of justice to permit them to amend their pleadings in order to add Ahold Delhaize, the requirements of Rule 15 are also satisfied.

## CONCLUSION

For the foregoing, reasons, this Court should grant leave to all of the Amending Plaintiffs to amend their complaints in order to add the Ahold Delhaize Defendants.

Dated: August 1, 2024                                     Respectfully submitted,

                                                          Jayne Conroy
                                                          SIMMONS HANLY CONROY
                                                          112 Madison Avenue, 7th Floor

---

[7] A finding of sufficient diligence will satisfy the requirement that there was no undue delay; lack of notice and undue prejudice both fall within the prejudice analysis of Rule 16. Repeated failures to cure deficiencies would presumably negate good cause, but in any event is entirely inapplicable here, as the Amending Plaintiffs have not previously attempted to cure deficiencies, nor have any deficiencies in their pleadings been identified.

13

3070000.6

      New York, NY 10016
      (212) 784-6400
      jconroy@simmonsfirm.com

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
FARRELL & FULLER LLC
270 Munoz Rivera Avenue, Suite 201
San Juan, PR 00918
(304)654-8281
paul@farrellfuller.com

*Plaintiffs' Co-Lead Counsel*

*/s/ Peter H. Weinberger*
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY &LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

14

3070000.6

## CERTIFICATE OF SERVICE

    I hereby certify that on August 1, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

                                    */s/ Peter H. Weinberger*
                                      Peter H. Weinberger

3070000.6