# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF OHIO

# EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*This document relates to:*<br><br>See cases listed in Exhibit A | MDL 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

## CORRECTED OMNIBUS MOTION FOR LEAVE TO AMEND TO ADD COSTCO WHOLESALE CORPORATION AND MEMORANDUM OF LAW IN SUPPORT

3071280.1

TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................... 1

FACTUAL BACKGROUND ............................................................................................................ 2

      Facts Pertaining to Costco .................................................................................................. 3

      The Current Motion ........................................................................................................... 4

LEGAL STANDARD ..................................................................................................................... 5

ARGUMENT ................................................................................................................................ 5

I.     THE AMENDING PLAINTIFFS HAVE "GOOD CAUSE" TO AMEND THE SCHEDULING ORDER TO ADD COSTCO AS A DEFENDANT. ................................................................. 5

    A.    Despite Their Diligence, the Amending Plaintiffs Could Not Meet the Original Deadline with Respect to Costco. ....................................................... 5

    B.    Costco Will Not Suffer Any Undue Prejudice If Plaintiffs Are Permitted to Amend. .......................................................................................................... 9

II.    AMENDMENT OF THE PLEADINGS IS PROPER UNDER RULE 15 ...................................... 11

CONCLUSION ........................................................................................................................... 12

3071280.1

TABLE OF AUTHORITIES

**Cases**

*Brumbalough v. Camelot Care Ctrs., Inc.*,
   427 F.3d 996 (6th Cir. 2005) ................................................................................................12

*Duggins v. Steak 'N Shake, Inc.*,
   195 F.3d 828 (6th Cir. 1999) ................................................................................................10

*Fijalkowski v. Belmont Cnty. Bd. of Comm'rs*,
   No. 2:17-cv-195, 2018 WL 1835444 (S.D. Ohio Apr. 18, 2018) ..................................6, 7, 8

*Fraker v. Marysville Exempted Vill. Sch.*,
   696 F. Supp. 2d 887 (S.D. Ohio 2010) .................................................................................10

*Hammock v. Rogers*,
   No. 1:17-cv-1939, 2018 WL 8414482 (N.D. Ohio Dec. 17, 2018) ........................................9

*In re Nat'l Prescription Opiate Litig.*,
   2022 WL 20701236 (6th Cir. Nov. 10, 2022) .......................................................................10

*In re Nat'l Prescription Opiate Litig.*,
   589 F. Supp. 3d 790 (N.D. Ohio 2022).................................................................................11

*In re Nat'l Prescription Opiate Litig.*,
   956 F.3d 838 (6th Cir. 2020) ................................................................................................10

*In re Nat'l Prescription Opiate Litig.*,
   MDL No. 2804, Transfer Order (J.P.M.L. Dec. 5, 2017)......................................................11

*J&R Passmore, LLC v. Rice Drilling D, LLC*,
   No. 2:18-cv-1587, 2024 WL 111661 (S.D. Ohio January 10, 2024) ...............................8, 12

*Joseph v. Joseph*,
   No. 1:16-cv-465, 2017 WL 5953119 (S.D. Ohio Jan. 10, 2017)......................................6, 7, 8

*Landstar Ranger, Inc. v. City of Delaware, Ohio*,
   No. 2:22-CV-02008, 2022 WL 7322274 (S.D. Ohio Oct. 13, 2022) ....................................12

*Leary v. Daeschner*,
   349 F.3d 888 (6th Cir. 2003) ..................................................................................................8

*O'Neal v. Denn-Ohio, LLC*,
   No. 3:19-cv-280, 2020 WL 210801 (N.D. Ohio Jan. 14, 2020) .............................................8

*Phelps v. McClellan*,
   30 F.3d 658 (6th Cir. 1994) ....................................................................................................9

*Rapp v. Forest City Techs., Inc.*,
   No. 1:20-cv-2059, 2021 WL 4713394 (N.D. Ohio June 17, 2021) ................................6, 7, 8

*Salerno v. Fam. Heritage Life Ins. Co. of Am.*,
    No. 1:23-cv-01419, 2024 WL 2235772 (N.D. Ohio May 17, 2024) ...................................... 7

*York v. Lucas Cnty., Ohio*,
    No. 3:13 cv 1335, 2015 WL 2384096 (N.D. Ohio May 19, 2015) ........................................ 9

**Statutes**

28 U.S.C. § 1407 ............................................................................................................................ 11

**Court Rules**

Fed. R. Civ. P. 15 ................................................................................................................. 2, 12, 13

Fed. R. Civ. P. 15(a)(2) ................................................................................................................. 12

Fed. R. Civ. P. 16 ............................................................................................................. 2, 8, 12, 13

3071280.1

**INTRODUCTION**

In accordance with this Court's Order dated May 23, 2024, Doc. #5455, the Plaintiffs listed in Exhibit A ("Amending Plaintiffs") hereby move for leave to amend their operative complaints pursuant to Federal Rules of Civil Procedure 15 and 16 to add the add Costco Wholesale Corporation[1] beyond the deadline for amendment of pleadings set forth in this Court's case management orders and submit this Memorandum of Law in support thereof.  If permitted to amend, Plaintiffs here would supplement their existing pleadings with claims substantially similar to those asserted against manufacturers in the first amended CT8 bellwether complaint in *Cobb County v. Purdue Pharma, LP, et al*, No. 1:18-op-45817-DAP, Doc. #3787 July 14, 2021) (adjusted for the law of their particular jurisdiction), and add additional defendant specific facts, including those detailed herein.  None of the Amending Plaintiffs have sued Costco in their currently operative pleadings.

Leave should be granted for two reasons.  First, more fully described below, the most recent ARCOS data obtained from the federal Drug Enforcement Administration (DEA) shows that, in the period 2006-2019, Costco had a dispensing market share of 5% or more in each of the Amending Plaintiff's jurisdictions.  ARCOS information on volume and market share for dispensers in *any* year was not available to the Amending Plaintiffs with respect to Costco prior to May, 7 2019 when expanded reports containing dispensing

---

[1] Amending Plaintiffs seek to add as a defendant Costco Wholesale Corporation f/k/a/ PriceCostco, f/k/a Price Club ("Costco").   Costco is a Washington corporation, with its principal place of business in Issaquah, Washington.

1

market share information created from the 2006 – 2014 ARCOS data were made available to MDL Plaintiffs who signed a protective order. Doc. 1612. This disclosure was well after the deadline for many of these plaintiffs to amend their pleadings under the applicable case management orders in this MDL.[2] Second, prior to the CMO deadline for amendment, sufficient information about the improper dispensing practices of the chain pharmacies like Costco, was not known, since discovery into the dispensing practices of chain pharmacies had not been undertaken. These two grounds independently establish that, even with the exercise of due diligence, the Amending Plaintiffs could not have met the deadline for adding Costco because the information on which they are basing their claims was not available to them.

Because they could not, even with due diligence, have met the deadline to amend their complaints to add claims against Costco, and because, as discussed below, Costco will not be prejudiced by these amendments, this Court should find that each of the Amending Plaintiffs has shown "good cause" within the meaning of Rule 16, and that amendment is proper under Rule 15, and should grant their motions to amend their pleadings to add Costco.

**FACTUAL BACKGROUND**

The facts pertaining generally to the procedural history of these cases and the

---

[2] As discussed below, MDL plaintiffs were required to amend their pleadings by the later of: (1) March 16, 2019 or (2) 90 days after transfer into the MDL. The latest transferred Amending Plaintiff was *Frederick County, Virginia v. Mallinckrodt PLC et al.*, No. 1:20-op-45233-DAP which was transferred into the MDL on August, 17, 2020 making its amendment deadline, November 15, 2020.

2

deadlines set by the Court for the amendment of pleadings, as well as the development of the dispensing case over the course of the litigation, are set forth in the PEC's Roadmap Overview for Motions for Leave to Amend ("PEC Roadmap"), which Amending Plaintiffs incorporate by reference herein and to which the Court is respectfully referred.

*Facts Pertaining to Costco*

If given leave to amend, the Amending Plaintiffs would plead the facts that follow, among others.  Costco, a Washington corporation, with its principal place of business in Issaquah, Washington, is a publicly traded company and is one of the largest warehouse clubs in the United States.  Costco, which operates globally, owns 609 warehouses in the United States.  Costco opened its first location in 1976 as Price Club.  Ten years later, in 1986, just 3 years after launching the first Costco Wholesale warehouse, the first Costco Pharmacy was opened.  By 2014 – the first year covered by the newly available ARCOS data – Costco operated 589 pharmacies.  Unlike some of the other chain pharmacy defendants in this litigation, Costco did not act as a distributor.  During the 2006 – 2019 period, Costco dispensed over 1 billion dosage units of opioids amounting to over 19 billion MME.

Costco has not been named in a bellwether case, or to the best of counsel's knowledge, been a defendant in an opioid case in state court.  Consequently, no discovery has been undertaken with respect to Amending Plaintiffs' dispensing claims.  Throughout the 2006 – 2019 ARCOS period, Costco had more than 5% of the dispensing

3

market share in each of the Amending Plaintiffs' jurisdictions.[3]   *See* Exhibit A.

*The Current Motion*

On May 24, 2024, this Court granted the PEC's motion to lift the moratorium on motion practice to allow non-bellwether MDL plaintiffs to seek leave to amend their pleadings in order to add defendants they had not previously named.  The Amending Plaintiffs—none of whom previously sued Costco—now seek leave to amend to add claims against Costco based on two grounds.

First, Amending Plaintiffs whose amendment deadline expired before the PEC's release of ARCOS data in 2019 seek to amend based on data that is now available to them about the extent of Costco's dispensing in their jurisdiction.  Second, all Amending Plaintiffs seek leave to amend based on the discovery of new facts regarding the improper dispensing practices of the chain pharmacies like Costco, which  was not previously known prior to the discovery and proceedings in CT3, CT4, and in the case brought by the State of New Mexico.  *See* Corrected Roadmap Br. at 16-21.  As set forth in the PEC Roadmap, it was not until well after November 16, 2020 (the latest amendment for any of the Amending Plaintiffs) that sufficient information was available to bring pharmacy dispensing claims.

As described below, none of the Amending Plaintiffs could have met the existing deadline for amendment with respect to Costco because information on which they seek

---

[3] Two of the Amending Plaintiffs are Third Party Payers asserting national, classwide RICO claims against Costco based its participation in a RICO enterprise through an ongoing pattern of violative acts, evidenced by a number of factors including a greater than 5% market share in a multiplicity of jurisdictions.  *See* Exhibit A.

4

3071280.1

to base their claims was not available by the applicable deadline to amend. Moreover, as discussed below, amendment of these cases to include Costco will not prejudice those defendants because the Amending Plaintiffs' actions have all been stayed since the CMO amendment deadline passed.

## LEGAL STANDARD

The legal standards applicable to this motion are set forth in the PEC's Roadmap Overview for Motions for Leave to Amend, which Amending Plaintiffs incorporate by reference herein and to which the Court is respectfully referred.

## ARGUMENT

I. **THE AMENDING PLAINTIFFS HAVE "GOOD CAUSE" TO AMEND THE SCHEDULING ORDER TO ADD COSTCO AS A DEFENDANT.**

   A. **Despite Their Diligence, the Amending Plaintiffs Could Not Meet the Original Deadline with Respect to Costco.**

The Amending Plaintiffs meet the diligence test for amending the scheduling order to permit amended pleadings: the information on which they seek to based their amended pleadings was not available until after the deadline for plaintiffs to amend had passed. *See Rapp v. Forest City Techs., Inc.*, No. 1:20-cv-2059, 2021 WL 4713394, at *3–4 (N.D. Ohio June 17, 2021) ("Because this evidence was not reasonably available to Rapp until well after the deadline date passed, Rapp could not reasonably have met the deadline despite due diligence."); *Fijalkowski v. Belmont Cnty. Bd. of Comm'rs*, No. 2:17-cv-195, 2018 WL 1835444, at *2 (S.D. Ohio Apr. 18, 2018) ("New information can constitute good cause under Rule 16(b)."); *Joseph v. Joseph*, No. 1:16-cv-465, 2017 WL 5953119, at *2 (S.D. Ohio Jan. 10, 2017) (finding good cause existed when "the documents upon which the proposed amendment [was] largely based were not produced until more than two

5

3071280.1

months after the . . . motion to amend deadline").

For Amending Plaintiffs with an amendment deadline before May 7, 2019, there was no data whatsoever available about Costco's market share as a dispenser of opioids. That is because ARCOS data does not contain dispensing information. Thus even after the DEA began producing that data in 2018, expert analysis was required to determine, from the distribution data that was provided, what a particular pharmacy's dispensing market share was. *See* Corrected Roadmap Br. at 20-21; Mougey Dec at ¶ 14.  But the PEC was originally not permitted to disclose the results of this analysis.  Rather, prior to May 7, 2019. Rather, prior to May 7, 2019, the Amending Plaintiffs were provided only with the identity of the pharmacies who dispensed any amount of opioids in their jurisdiction; the PEC was precluded from providing plaintiffs with the amounts of opioids sent to pharmacies by other distributors.  *See* Doc. 1106.  As a result, Amending Plaintiffs were unable to determine the extent of Costco's dispensing activities in their jurisdictions at any time prior to May 7, 2019, when the PEC made available for the first time dispensing market share information for the period 2006-2014.  Doc. 1612. Updated information, showing the extent of Costco's dispensing in each jurisdiction through 2019 did not become available until 2023.

These facts support a finding of "good cause" for each Amending Plaintiff with an amendment deadline prior to release of ARCOS market share data in 2019 to amend its complaint to add Costco.  *See Salerno v. Fam. Heritage Life Ins. Co. of Am.*, No. 1:23-cv-01419, 2024 WL 2235772, at *2 (N.D. Ohio May 17, 2024) ("Sixth Circuit courts regularly grant leave for a party to amend its pleadings when discovery 'apparently confirmed [the

6

party's] suspicions so that the company could assert [additional] claims.'"); *see also Rapp*, 2021 WL 4713394, at *3–4 ; *Fijalkowski*, 2018 WL 1835444, at *2 ; *Joseph*, 2017 WL 5953119, at *2).

While the ARCOS data made available in 2019 is by itself sufficient to constitute good cause, the development of the cases against pharmacy dispensers in the previous pharmacy bellwethers provides an additional basis to allow the amendments for all Amending Plaintiffs. Prior to CT1B/CT3, MDL plaintiffs did not pursue dispensing claims – indeed, the lead bellwether plaintiffs in CT1 expressly disclaimed them. No discovery was undertaken on dispensing claims against chain pharmacies until the after the CT3 amendments. Without this discovery, especially the dispensing data disclosing "red flag" prescriptions produced and analyzed in those cases, Amending Plaintiffs had no reason to undertake the considerable time and expense of prosecuting dispensing claims against large corporations, such as Costco. Once liability based on the dispensing theories was confirmed by both the CT3 jury verdict and further discovery and by verdicts in the other bellwether pharmacy cases in jurisdictions across the county, Amending Plaintiffs possessed the necessary information to bring the dispensing claims against Costco.

The fact that the information on which the proposed amended pleading will be based was not available until months or years after the amendment deadlines shows that the Amending Plaintiffs could not, even with the exercise of diligence, have met the original CMO deadlines. This is sufficient to meet the "diligence" prong of the "good cause" analysis. *See Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003); *see also J&R*

7

*Passmore, LLC v. Rice Drilling D, LLC,* No. 2:18-cv-1587, 2024 WL 111661, *2 (S.D. Ohio January 10, 2024) ("Diligence can be established when the information supporting an amendment is not disclosed until after the amendment deadline set in the scheduling order."); *Rapp* 2021 WL 4713394, at *3–4; *Fijalkowski*, 2018 WL 1835444, at *2; *Joseph*, 2017 WL 5953119, at *2.[4]

This Court has held that a diligent plaintiff may reasonably wait for the fruits of discovery to identify additional defendants. *O'Neal v. Denn-Ohio, LLC*, No. 3:19-cv-280, 2020 WL 210801, at *2 (N.D. Ohio Jan. 14, 2020); *Hammock v. Rogers*, No. 1:17-cv-1939, 2018 WL 8414482, at *6 (N.D. Ohio Dec. 17, 2018) (good cause shown where plaintiff's "ability to name new parties was somewhat hamstrung by the amount of time it took to get the names of the proposed additional defendants through discovery"); *York v. Lucas Cnty., Ohio*, No. 3:13 cv 1335, 2015 WL 2384096, at *4 (N.D. Ohio May 19, 2015) (plaintiff was sufficiently diligent in waiting to obtain the names of new defendants in discovery "rather than to take a shotgun approach and seek dismissal of unnecessary parties later"). Given the limited nature of information concerning the chain pharmacies' market share and dispensing practices prior to the deadline in CMO1, none of the Amending Plaintiffs lacked diligence in waiting to seek leave to amend until the facts demonstrating the full

---

[4] The PEC moved this Court to lift the moratorium on motion practice to allow MDL plaintiffs to seek leave to amend on April 22, 2024. *See* Doc. #5411. That the Amending Plaintiffs did not seek leave to amend before that time does not indicate a lack of diligence because, as described above, all a showing of "good cause" under Rule 16 requires is an explanation of why the party could not, even with the exercise of diligence, have met the original deadline. The passage of additional time after that is relevant to the question of prejudice to the opposing party, *see* Point I-B, *infra*, but not to the reason the Amending Plaintiffs could not have met the March 16, 2019, deadline in the first place.

8

basis of claims against them became available.

### B. Costco Will Not Suffer Any Undue Prejudice If Plaintiffs Are Permitted to Amend.

It is clear that Costco will not suffer any prejudice from the filing of the amended complaints at issue here.  That is because each of the Amending Plaintiffs' cases has been stayed since the original deadline for the filing of amended pleadings.  There has been no discovery, no motion practice, no litigation of any kind.  Costco will be in the exact same position, with respect to each of the Amending Plaintiffs' cases, that it would have been in had the cases been stayed with Costco already in them.  *See Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994) (among the factors considered in assessing prejudice from a delayed amended pleading are "whether the assertion of the new claim or defense would . . . require the opponent to expend significant additional resources to conduct discovery and prepare for trial [or] significantly delay the resolution of the dispute. . . ."). *Cf. Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (where discovery and dispositive motion deadlines had passed, and a motion for summary judgment had been filed, amendment to add a different claim would create significant prejudice to defendants); *Fraker v. Marysville Exempted Vill. Sch.*, 696 F. Supp. 2d 887, 893 (S.D. Ohio 2010) (plaintiff could not amend to add new defendants after close of discovery and briefing of motion for summary judgment; new defendants would be "severely prejudiced if they were added at this late juncture, having been deprived of their right to conduct discovery and file dispositive motions").[5]

---

[5] *Cf. In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838 (6th Cir. 2020) (precluding amendment of scheduling order where defendants had been subject to discovery and

9

This is especially true because Costco has known for years that it was a defendant in some cases before this Court. In that circumstance, the need to defend additional cases does not constitute undue prejudice. *See In re Nat'l Prescription Opiate Litig.*, 2022 WL 20701236 (6th Cir. Nov. 10, 2022) (litigation costs of being named in additional cases not undue prejudice because defendants knew that they could face these costs from the time they were added to the MDL.") Nor could Costco rely on the number of cases in this MDL in which it was named to estimate the likely scope of its liability. In most instances, for governmental plaintiffs, the primary claim is for abatement of a public nuisance, and the underlying nuisance of the opioid epidemic is an ongoing condition such that, with respect to most jurisdictions, the statute of limitations does not bar the claim.[6] Consequently, Costco has always known that governmental entities—whether plaintiffs in this MDL or not—could file new cases against it.

Indeed, if leave to amend is not granted, the Amending Plaintiffs can simply file their claims against Costco in new stand-alone cases. Thus, the question is not *whether* the new claims against Costco will be brought; the question is *where* these claims will be brought. The issue, then, is whether these claims arising from the same opioid crisis are coordinated for discovery and management with other claims against the same defendant

---

briefing on substantive motions, and where plaintiffs had previously disavowed claims they later sought to add).

[6] *See, e.g.*, *In re Nat'l Prescription Opiate Litig.*, 589 F. Supp. 3d 790, 825-26 (N.D. Ohio 2022) (holding under Ohio law that "absolute and statutory public nuisance claims are exempt from a statute of limitations," and that defendants may remain "subject to liability for abatement of any ongoing consequential effects of the nuisance").

and/or the same category of defendant.  In this context, Rule 1's command that the Federal Rules be construed and administered to secure the "just, speedy, and inexpensive determination of every action and proceeding" counsels in favor of permitting the addition of Costco.  In any event, Costco cannot demonstrate that it will be prejudiced by having the claims against it coordinated in these proceedings rather than scattered around the country.  *See* 28 U.S.C. § 1407 (actions may be transferred and coordinated upon determination such transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions."); *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804, Transfer Order at 3 (J.P.M.L. Dec. 5, 2017) (finding that centralization and coordination of opioid cases "will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.").

Because the Amending Plaintiffs have shown both diligence and lack of prejudice, this Court should find "good cause" under Rule 16 to amend the scheduling order to permit the filing of amending pleadings against Costco.

**II.**     **AMENDMENT OF THE PLEADINGS IS PROPER UNDER RULE 15**

The requirements of Rule 15 are also satisfied.  Under Rule 15, "the court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Because the Rule 16 standard is recognized to be more "stringent," *see Landstar Ranger, Inc. v. City of Delaware, Ohio*, No. 2:22-CV-02008, 2022 WL 7322274, at *4 (S.D. Ohio Oct. 13, 2022), and to set a "higher threshold," *see J&R Passmore*, 2024 WL 111661, at *1, a party that can establish diligence and lack of prejudice under Rule 16 can generally satisfy the broader, more liberal standard of Rule 15.  In this case, leave to amend should be granted in the

11

3071280.1

interests of justice.

Only two of the Rule 15 factors—bad faith and futility of amendment—are not subsumed within the Rule 16 "good cause" analysis. *See Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) (identifying "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment" as factors to be considered under Rule 15).[7]  Neither is applicable here. As noted above, the Amending Plaintiffs seek to add claims against Costco similar to those they have asserted against other manufacturers—and similar to claims this Court previously found sufficiently stated to preclude dismissal under Rule 12.  Nor is there, nor could there be, any suggestion of bad faith with respect to any of the Amending Plaintiffs.  Because the Amending Plaintiffs have shown good cause under Rule 16 and because it is in the interest of justice to permit them to amend their pleadings in order to add Costco, the requirements of Rule 15 are also satisfied.

## CONCLUSION

For the foregoing, reasons, this Court should grant leave to all of the Amending Plaintiffs to amend their complaints in order to add Costco.

Dated:  August 1, 2024                                             Respectfully submitted,

---

[7] A finding of sufficient diligence will satisfy the requirement that there was no undue delay; lack of notice and undue prejudice both fall within the prejudice analysis of Rule 16. Repeated failures to cure deficiencies would presumably negate good cause, but in any event is entirely inapplicable here, as the Amending Plaintiffs have not previously attempted to cure deficiencies, nor have any deficiencies in their pleadings been identified.

12

3071280.1

Jayne Conroy
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
jconroy@simmonsfirm.com

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
FARRELL & FULLER LLC
270 Munoz Rivera Avenue, Suite 201
San Juan, PR  00918
(304)654-8281
paul@farrellfuller.com

*Plaintiffs' Co-Lead Counsel*

*/s/ Peter H. Weinberger*
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY &LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

13

3071280.1

## CERTIFICATE OF SERVICE

      I hereby certify that on August 1, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

                                            */s/ Peter H. Weinberger*  
                                              Peter H. Weinberger