**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*"All Cases"* | CASE NO. 1:17-MD-2804<br><br>David R. Cohen<br>Randi S. Ellis<br>Hon. David R. Herndon<br><br>**FEE PANEL ORDER NO. 35 REGARDING CREDITS AND REBATES TO ALLERGAN, ESTABLISHMENT OF AN ADMINISTRATIVE EXPENSE ACCOUNT, AND A PRUDENT RESERVES HOLDBACK** |

**I. Adjustments to Allergan's Payment Obligations to the Contingency Fee Fund ("CFF")**

Exhibit R §III.H.7 of the Allergan Global Opioid Settlement Agreement states as follows:

> With respect to the Contingency Fee Fund, the Fee Panel shall:
> a. Review the applications of all Attorneys seeking compensation from the Litigating Subdivision Fee Fund, including determining eligibility for each Attorney as set for in Section III.G.
> b. Apply the Mathematical Model in Exhibit A.
> c. Use such allocations to reduce on an annual basis the payment obligations of Allergan … to the Attorney Fee Fund as set forth in paragraph III.F.4, and distributions therefrom, and inform Allergan … and the MDL PEC of all such adjustments.

The Fee Panel completed the requirements of Exhibit R §III.H.7 and informed Allergan and the MDL PEC of the adjustments to Allergan's payment obligations to the Contingency Fee Fund. The Fee Panel allowed Allergan and the MDL PEC an opportunity to review and, if necessary, dispute the calculations related to the amounts Allergan is required to pay. Neither

- 1 -

Allergan nor the MDL PEC disputed the amounts of the credits or rebates. Therefore, the Fee Panel now declares the credits and rebates listed below are no longer subject to objection.

## II. Non-Participating States

Pursuant to Exhibit R §III.F.3, "Allergan shall… be entitled to a pro-rata reduction to their own portion of the Contingency Fee Fund payment(s) in accordance with subsection III.F.4., unless, by the Payment Date for the Initial Year Payment, (i)… 43 states are Settling States for Allergan." In February of 2024, the Directing Administrator notified the Fee Panel that there were 50 Settling States for the Allergan Global Opioid Settlement Agreement. Therefore, the Fee Panel made no reductions to the amounts Allergan is required to pay into the Contingency Fee Fund based on Non-Settling States.

## III. Prior Settling States

Several states previously settled with Allergan before the Allergan Global Opioid Settlement Agreement. Therefore, counsel for Litigating Subdivisions in the following States are not eligible to participate in the national Allergan Contingency Fee Fund: Florida, Louisiana, New York, and West Virginia. Rhode Island also settled with Allergan; however, pursuant to the terms and conditions of the Rhode Island settlement agreement, counsel for Litigating Subdivisions in Rhode Island are eligible to participate in the Allergan National Contingency Fee Fund.[1]

## IV. Non-Participating Litigating Subdivisions in Settling States

Exhibit R §III.F.4.b of the Allergan Global Opioid Settlement Agreement further provides: "Following the calculation in subparagraph III.F.4.a, the Contingency Fee Fund payments shall be

---

[1] *See* Fee Panel Order No. 33. Available at https://opioidfeepaneldocuments.com/home-2/fee-panel-orders/

reduced to reflect the non-joinder of Litigating Subdivisions in Settling States by subtracting the amounts identified by the Fee Panel, pursuant to paragraph III.H.7, that would have been owed to counsel for Non-Participating Litigating Subdivisions in Settling States had such Litigating Subdivisions been Participating Subdivisions."

According to Settlement Participation Form data provided to the Fee Panel by the Directing Administrator, the following Litigating Subdivisions are Non-Participating Litigating Subdivisions in Settling States whose Attorneys would have been eligible to receive awards in the Allergan Contingency Fee Fund, had the Litigating Subdivisions been Participating Subdivisions:

1. City of Baltimore, MD; and
2. District Attorney of Allegheny County, PA.

As required by the Allergan Global Opioid Settlement Agreement, the Fee Panel calculated the credits owed to Allergan for the Non-Settling States and Non-Participating Litigating Subdivisions in the Settling States. The Total Contingency Fee Fund Credits to Allergan from the gross amount of **$70,046,168.84** are **$358,901.00**. Therefore, due to credits owed to Allergan, the total amount that Allergan is required to contribute to the Contingency Fee Fund over the distribution period is **$69,687,267.84**. The revised Contingency Fee Fund payment obligations of Allergan are as follows:

| **Payment Year** | **Original CFF Obligation** | **Revised CFF Obligation** |
|---|---|---|
| Payment Year 1 | $16,311,542.21 | $16,311,542.21 |
| Payment Year 2 | $16,311,542.21 | $16,311,542.21 |
| Payment Year 3 | $18,711,542.21 | $18,448,514.99 |
| Payment Year 4 | $18,711,542.21 | $18,615,668.43 |
| | **$70,046,168.84** | **$69,687,267.84** |

## V. Prior Settling Subdivisions

In addition to the States that previously settled with Allergan, several subdivisions settled with Allergan before the Allergan Global Opioid Settlement Agreement. Therefore, counsel for these Litigating Subdivisions are not eligible to participate in the national Allergan Contingency Fee Fund:

1. City and County of San Francisco, CA;
2. Cuyahoga County, OH; and
3. Summit County, OH.

## VI. Administrative Expense Account

Exhibit R §III.I.1 of the Allergan Global Opioid Settlement Agreement provides that the cost of the Fee Panel Post-Effective Date shall be charged against the applicable Fee Fund, based on allocation by the Fee Panel, and shall not be otherwise funded by Allergan. The Fee Panel hereby deems it necessary and appropriate to withhold 1.5% of the total contributions made by Allergan into the Contingency Fee Fund for administrative expenses incurred by the Fee Panel and its agents and representatives. The full 1.5% contribution will be effectuated in Payment Year 1 to establish the Administrative Expense Account.[2] The Fee Panel will draw on the Administrative Expense Account as expenses are incurred. Any unused funds from the Administrative Expense Account remaining at the end of the six-year distribution period will be awarded pro rata to Fund participants before the closure of the Fund.

| Settlement | Total Amount Contributed to CFF by Defendant | Administrative Expense Percentage | Total Administrative Expense Account |
|---|---|---|---|
| Allergan Settlement Agreement | $69,687,267.84 | 1.50% | $1,045,309.02 |

---

[2] The Fee Panel reserves the right to adjust (upwards or downwards) the percentage allocated to the Administrative Expense Account if it determines, in its discretion, that such adjustments are prudent and in the best interests of the Fund.

After applying credits to Allergan for Non-Settling States and Non-Participating Litigating Subdivisions in Settling States, and accounting for the 1.5% contribution to the Administrative Expense Account, the remaining funds are available to pay eligible Fund participants.

### VII. Prudent Reserves Holdback

Due to the complexity and uncertainty involved in administering a Fund with hundreds of Applicants and thousands of Applications, 1% of funds available each year to pay eligible Fund participants will be held in reserve to address potential claims on the Fund and/or objections to the calculated Contingency Fee Fund Award amounts.[3] Unused funds from the Prudent Reserves Holdback remaining at the end of the six-year distribution period will be awarded pro rata to Fund participants before the closure of the Fund.

| Description | Allergan Settlement |
|---|---|
| Gross Amount of Fund | $70,046,168.84 |
| Credits to Defendants | $358,901.00 |
| Administrative Expense Account (1.5%) | $1,045,309.02 |
| Prudent Reserves Holdback (1.0%) | $686,419.59 |
| **Net Funds Available for CFF Awards** | **$67,955,539.23** |

### VIII. Appeals and Disputes

Pursuant to Exhibit R §III.D.4 of the Allergan Global Opioid Settlement Agreement, "as to awards from the Contingency Fee Fund, there shall be no right of appeal." However, the Fee Panel is empowered to hear disputes concerning the accuracy of mathematical calculations used

---

[3] The Fee Panel reserves the right to adjust (upwards or downwards) the Prudent Reserves Holdback percentage if it determines, in its discretion, that such adjustments are prudent and in the best interests of the Fund.

in the model.[4] Therefore, Contact Counsel has 28 days from the date of this Order to provide a written statement to dispute the accuracy of a mathematical calculation. The written statement may be provided to the Fee Panel by sending an email with an attachment to the following email address: contingentfeefund@opioidfeepaneldocuments.com. The email attachment must be in .PDF format and limited to 3 pages, double-spaced, with standard margins, and 12-point font.

/s/ *David R. Cohen*
*Randi S. Ellis*
*David R. Herndon*
**FEE PANEL**

**Dated:** August 2, 2024

---

[4] In the interests of efficient fund administration, the Fee Panel will not hear disputes concerning the accuracy of mathematical calculations involving an amount in controversy that is less than one hundred dollars. The Fee Panel reserves the right to assess costs and expenses associated with defending a meritless and/or frivolous challenge directly to the Contact Counsel who initiates the challenge.