**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION** | ) ) ) | **CASE NO. 1:17-MD-2804**  David R. Cohen |
| | ) | Randi S. Ellis |
| **THIS DOCUMENT RELATES TO:** | ) ) | Hon. David R. Herndon |
| *"All Cases"* | ) ) ) ) | **FEE PANEL ORDER NO. 36-B REGARDING ADJUSTMENTS TO COMMON BENEFIT AMOUNT TO BE PAID BY ALLERGAN** |

**I. Adjustments to Allergan's Payment Obligations to the Common Benefit Fee Fund**

Exhibit R §III.H.6 of the *Allergan Public Global Opioid Settlement Agreement* states as follows:

> With respect to the Common Benefit Fund, the Fee Panel shall (subject to any applicable MDL Court Order):
>> a. Review the applications of all Applicants seeking compensation from the Common Benefit Fund, including determining eligibility for each Applicant as set forth in Section III.G.
>> b. Reduce, on an annual basis, … Allergan's payment obligations, as set forth in paragraph III.E.7. The Panel shall inform … Allergan and the MDL PEC of all such amounts and adjust payment obligations accordingly.
>> c. Using criteria set forth in subsections III.E and III.H, allocate amounts from the Common Benefit Fund to eligible Attorneys, including payment amounts for each Payment Year. In making such allocations, the Panel shall apply the principles set forth in paragraph III.E.6 and shall allocate any reduction in the payments specified in paragraph III.E.7 to the amounts paid to Applicants with a Common Benefit Fee Entitlement.

The Fee Panel completed the requirements of Exhibit R §III.H.6.a&b and is in the process of completing the requirements of Exhibit R §III.H.6.c. The Fee Panel informed Allergan and the MDL PEC of the adjustments to Allergan's payment obligations to the Common Benefit Fund. The Fee Panel allowed Allergan and the MDL PEC an opportunity to review and, if necessary, dispute the calculations related to the amounts Allergan is required to pay. Neither Allergan nor the MDL PEC disputed the adjustments to the Allergan Common Benefit Fund. Therefore, the Fee Panel now declares the amounts listed below are no longer subject to objection.

## II. Allergan's Obligation to Make Payments Into the Common Benefit Fee Fund

Pursuant to Exhibit R §III.E.1 of the *Allergan Public Global Opioid Settlement Agreement*, Allergan is required to pay $105,069,253.28 into the Allergan Common Benefit Fund. This payment amount is subject to the adjustments set forth in Exhibit R. Pursuant to §III.E.9, "If … Allergan agree[s] to go forward with their … Agreement … they shall pay the full Common Benefit (60%) Fee into the Common Benefit Fund without regard to the number of Settling States or Participating Subdivisions.

## III. Reductions to Common Benefit Amount Allergan is Required to Pay

Pursuant to Exhibit R §III.E.9, "Should … Allergan pay a judgment to, or settle with, a Non-Participating State or a Non-Participating Litigating Subdivision subsequent to the Reference Date, and such settlement or judgment results in a common benefit fee assessment paid into the Common Benefit Fund or the Court Common Benefit Fund, the following [reductions] shall apply…."

A. *Non-Settling States*

According to participation data reported to the Fee Panel by the Directing Administrator, the State of Nevada was the only Non-Settling State as of the Reference Date. Nevada settled with

Allergan after the Reference Date, but the terms and conditions of the Nevada-Allergan settlement do not require a common benefit fee assessment to be paid into the Common Benefit Fund or the Court Common Benefit Fund. Therefore, Allergan is not entitled to a reduction of the amount it is required to contribute based on Non-Settling States.

### B. *Non-Participating Litigating Subdivisions*

According to participation data reported to the Fee Panel by the Directing Administrator, there were two Non-Participating Litigating Subdivisions as of the Reference Date:

1. City of Baltimore, MD; and
2. District Attorney of Allegheny County, PA.

As of the date of this Fee Panel Order, Allergan has settled with the City of Baltimore, MD, but it has not settled with the District Attorney of Allegheny County, PA. If a settlement with either of these two plaintiffs results in a Common Benefit Fund or Court Common Benefit Fund assessment, then, pursuant to Exhibit R §III.E.9, the Fee Panel will revise the amount Allergan is required to pay into the Common Benefit Fund. Consistent with Exhibit R §III.E.7, "Any reduction in payment obligation or credit to be given … [to] Allergan in this Fee Agreement shall be applied against the last Payment Year … and working backwards."

To date, no common benefit assessments have been paid into the Common Benefit Fund or Court Common Benefit Fund as a result of Allergan settling with Non-Participating Litigating Subdivisions. Therefore, as of the date of this Fee Panel Order, Allergan is not entitled to a

- 4 -

reduction of the amount it is required to contribute based on Non-Participating Litigating Subdivisions.[1]

The Fee Panel concludes that no reductions to the Allergan Common Benefit Fund are warranted as of the date of this Fee Panel Order. Allergan shall pay the full $105,069,253.28 over the same period of time as described in Exhibit R §III.E.1.

/s/  *David R. Cohen*
     *Randi S. Ellis*
     *David R. Herndon*
     **FEE PANEL**

**Dated:** August 2, 2024

---

[1] The amount Allergan is required to contribute to the Contingency Fee Fund was reduced due to the two Non-Participating Litigating Subdivisions. *See* FPO 35 available at: https://opioidfeepaneldocuments.com/home-2/fee-panel-orders/