# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*All Tribe Cases* | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Special Master David R. Cohen |

## TRIBAL COST FUND ORDER

Native American Indian Tribes have resolved their Opioid litigation with nine different defendants through the following seven Global Tribal Opioid Master Settlement Agreements: (1) Certain Distributors (McKesson Corporation, AmerisourceBergen Corporation n/k/a Cencora, and Cardinal Health, Inc.), dated October 6, 2022; (2) Janssen Pharmaceuticals, Inc., dated July 11, 2022; (3) Teva Pharmaceuticals, Inc., dated December 19, 2022; (4) Allergan Finance LLC, dated December 16, 2022; (5) Walmart Inc., dated November 14, 2022; (6) CVS Health Corporation, dated December 22, 2022; and (7) Walgreens Co., dated December 2022 (hereinafter collectively, "Settlement Agreements"). In addition, the Tribes resolved their Opioid litigation with defendant Mallinckrodt as part of its bankruptcy proceedings, and defendant Purdue as part of its bankruptcy proceedings.  These 11 defendants are referred to collectively below as the "Settling Defendants."

The Settlement Agreements provide that the undersigned is "Special Master" in charge of administering and performing certain functions concerning the Settlement Trusts established in each of the Settlement Agreements. Included among those duties, the Special Master: (1) sets aside specified funds from those Settlement Trusts for the Tribal Abatement Fund Trust

(TAFT); (2) sets aside specified funds to pay attorneys' fees and litigation costs; and (3) oversees the administration of the Settlement Trusts as set forth in the Global Tribal Settlement Agreements, including the deduction of reasonable costs and expenses (*see, e.g.,* Global Distributor Tribal Settlement Agreement at §§ I.O and V.B.3).

This Order establishes the procedures for the reimbursement of costs and expenses from the Attorney Fee Fund, pursuant to Section VII.A of the Distributor Global Tribal Opioid Master Settlement Agreement and analogous sections of the other Settlement Agreements. Along with Tribal Contingency Fee Payment Order No. 1 (doc. 5258), this Order constitutes the "separate document" referenced therein. The Special Master sets forth below the procedures for reimbursement of costs and expenses to counsel for those Participating Tribes (hereinafter, "Tribal Cost Fund Applicants"), as follows:

1. Counsel for Participating Tribes may be eligible for reimbursement of costs and expenses incurred through June 30, 2024 related to litigation against or settlement with the Settling Defendants.  Costs and expenses incurred for client acquisition are not eligible for reimbursement.

2. By September 1, 2024, Tribal Cost Fund Applicants shall submit to the Special Master a completed Tribal Cost Fund Application.  Counsel may request access to the Application by sending an email to TribalCostFund@amylcollinspc.com.  Late applications will not be permitted without prior leave of the Special Master and only for good cause shown.  All costs and expenses submitted for reimbursement must be entered on the template provided in the Tribal Cost Fund Application.[1]

---

[1] It may be that some tribal costs and expenses were previously deemed *ineligible* for reimbursement from other Cost and Expense Funds, but *are* eligible for reimbursement from the Tribal Cost Fund.  Specifically, Tribal Cost Fund Applicants may have previously submitted tribal costs and expenses to the Distributors/Janssen Litigating

3. To be eligible for reimbursement from the Tribal Cost Fund, costs and expenses must have been incurred on behalf of a Participating Tribe or for the benefit of all Native American Indian Tribes generally, and must comply with the limitations set forth in the Tribal Cost Fund Billing Guide located at www.tribalopioidsettlements.com.

4. The Special Master will review the submitted costs and expenses for eligibility and compliance with the Tribal Cost Fund Billing Guide.  Ineligible or non-compliant entries will be flagged and sent back to the Tribal Cost Fund Applicant for a response.  After reviewing the responses, the Special Master will issue to the Tribal Cost Fund Applicant a Preliminary Award Amount.  Tribal Cost Fund Applicants will be required to review and certify that the costs and expenses awarded in the Preliminary Award Amount have not been previously reimbursed.  Tribal Cost Fund Applicants may also object to their Preliminary Award Amount and will be provided instructions for doing so when they receive their Preliminary Award Amount Notice via Crosslink.  After resolving the objections, or if no objections are raised, the Special Master will issue his Final Award Amount and will direct disbursement to the Tribal Cost Fund Applicant.  There will be no right of appeal as to the Final Award Amount.

**IT IS SO ORDERED.**

Dated: August 2, 2024          *s/ David R. Cohen*
                               Special Master

---

Subdivision Cost fund or the Joint Global Subdivision Cost and Expense Fund that were *not* reimbursed, but which may be eligible for reimbursement from the Tribal Cost Fund. These Applicants will be provided a spreadsheet of those previously submitted, unreimbursed costs and expenses after they request access to the Tribal Cost Fund Application.  Additional instructions for amending those costs and expenses and adding additional costs and expenses can be found in the Tribal Cost Fund Billing Guide.