***In re National Prescription Opiate Litigation*: MDL 2804**
**Summary Sheet of Concise Issues Raised**

**Motion Name:**   (CT8 – Cobb County) Publix's Opposition to Plaintiff's Motion for Partial Summary Judgment that Publix Super Markets, Inc. Breached its Duties under the Controlled Substances Act and the Georgia Controlled Substances Act

This motion relates to Case Track Eight: Case No. 1:18-op-45817

*Issue 1*:   What duties does Publix Super Markets, Inc. have as a distributor and dispenser of controlled substances under the CSA and its Georgia equivalent?

*Answer*:   Publix addresses Cobb County's motion in accordance with "the Court's Orders and rulings entered in other case tracks of this MDL," as to pharmacies' duties as distributors and dispensers under the CSA. ECF 4978 at 3.

As to distributors, the Court has said the CSA's principal requirements include a "reporting requirement" and a "no-shipping requirement." Under the "reporting requirement," a distributor must (a) design and operate a system to identify suspicious orders of controlled substances, and (b) report any identified suspicious orders to DEA (and a distributor may choose from any number of different methods and algorithms when creating this system). Under the "no-shipping requirement," a distributor discovering a suspicious order must either decline to ship it or hold it and conduct some 'due diligence. A distributor can ship an order if its due diligence indicates the order is not likely to be diverted into illegal channels.

As to dispensers, the Court has said that pharmacies must (1) establish corporate procedures and policies that recognize the 'corresponding responsibility' of its pharmacists and require its pharmacists to adhere to it; (2) supply its pharmacists with the tools necessary to enable them to perform their 'corresponding responsibility;' and (3) develop and utilize a system for monitoring the compliance of its pharmacists with their legal duties. And as with distribution duties, the CSA and its regulations do not specify exactly what effective controls and procedures a pharmacy must use to prevent diversion.

*Issue 2*:   Has Cobb County shown that a reasonable jury would be obligated to find that Publix violated its duties as a distributor and dispenser of controlled substances?

*Answer*:   No. Five years ago the *Track One* plaintiffs' summary judgment motion as to *all* defendants, and the case for summary judgment against Publix is demonstrably much weaker for many reasons, not least of which is the disparate treatment the DEA imposed on the *Track One* defendants compared to Publix. Cobb County can't show a jury *must* find Publix failed to "substantially comply" with the CSA. Its arguments rest on out-of-context statements and contradicted expert testimony that a jury can reject.