CONTAINS CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OHIO EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br>Case No. 1:18-op-45274-DAP<br><br>TARRANT COUNTY,<br><br>      Plaintiff,<br><br> vs.<br><br>PURDUE PHARMA, L.P., ET AL.,<br><br>      Defendants. | MDL No. 2804<br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

### DEFENDANT ALBERTSONS' OBJECTIONS AND ANSWERS TO PLAINTIFF'S COMBINED INTERROGATORIES TO CHAIN PHARMACY DEFENDANTS

Defendants Albertsons, Inc., Albertsons, LLC, Safeway, Inc., Randall's Food & Drug, LP, and United Supermarkets, LLC (collectively "Albertsons"), by their undersigned attorneys, hereby submits its objections and answers ("Answer") Plaintiff's Combined Interrogatories to Chain Pharmacy Defendants ("Interrogatories") in accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure.

### PRELIMINARY STATEMENT

Subject to its objections and answers herein, Albertsons has undertaken a reasonable and good faith effort to provide information requested by the Interrogatories that is reasonably accessible and not protected by the attorney-client privilege, work product doctrine, or other applicable protection. Albertsons' efforts are ongoing, as is discovery in this matter. As such, additional information may be identified and provided to this Answer. Furthermore, the following

1

objections and answers are based on information that has been collected and reviewed to date for the purpose of responding to these Interrogatories. Accordingly, the following objections and answers are given without prejudice to, and with the express reservation of, the right to supplement or modify these objections and answers to address additional information, and to rely upon any and all such information and documents at trial or otherwise. Likewise, Albertsons shall not be prejudiced if any of its present objections and answers are based on incomplete knowledge or comprehension of the facts, events, or occurrences involved in this matter. By objecting and answering these Interrogatories, Albertsons does not waive any objections that it may have to the use in motion practice or at any hearings or at trial, or admission into evidence, of any information, documents or things provided in response to the Interrogatories, on any applicable grounds.

## **GENERAL OBJECTIONS**

The following General Objections apply to each Interrogatory whether or not they are specifically stated in the objections and answers to each Interrogatory:

1. Albertsons objects to these Interrogatories, the Definitions, and the Instructions to the extent they fail to comply with or impose obligations or burdens that are in addition to or inconsistent with, the Federal Rules of Civil Procedure, any applicable local rules, any orders that this Court has entered or will enter, any stipulation or agreement of the parties, and any other applicable source or governing law.

2. Albertsons objects to these Interrogatories to the extent that they include multiple subparts and therefore exceed the limits the Court imposed on the parties in CMO No. 1 regarding the total number of Interrogatories permitted. In particular, the Court ordered: "Absent leave of Court, the PEC may serve … up to 35 Interrogatories on each Defendant Family in cases in Track One and subsequent Case Tracks." Counting the subparts included in Plaintiff's Interrogatories

herein, Plaintiff has served more than 35 Interrogatories to Albertsons, in violation of the Court's limitation.

3. Albertsons objects to these Interrogatories to the extent they seek information that is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, protection, or immunity. Albertsons will not provide such information in response to these Interrogatories. Pursuant to the Protective Order and its amendments and Federal Rule of Evidence 502(d), in the event that any such protected information is provided in response to these Interrogatories, the provision of information is inadvertent and does not waive Albertsons' right to assert the applicable privilege, protection, or immunity over such information. Moreover, any order holding that disclosure in connection with this litigation shall not operate to waive any privilege or protection is controlling and applies with equal force in any other federal or state proceeding.

4. Albertsons objects to these Interrogatories to the extent that they purport to impose obligations or burdens on Albertsons that go beyond those imposed by Federal Rules of Civil Procedure 26 and 33, Local Rules, the Case Management Orders, and the Discovery Rulings entered in this action (referred to collectively as "Discovery Rules"). Albertsons will comply with the Discovery Rules but assumes no further obligation in responding to these Interrogatories.

5. Albertsons objects to these Interrogatories to the extent they seek information and documents containing protected health information under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and protected by 42 U.S.C. § 290dd-2. Further, Albertsons objects to these Interrogatories as the process of removing protected health information would be overly burdensome, extensive, and require time-consuming redactions of all protected health information and personal identifying information in order to comply with HIPAA.

6. Albertsons objects to these Interrogatories, and to the Definitions and Instructions included with this set of Interrogatories, to the extent that any Interrogatory, Definition, or Instruction seeks disclosure of information protected by any confidentiality obligation owed to a third party. Albertsons will not disclose such information absent notice to and, if required, consent of the third party or entry of a court order compelling disclosure.

7. Albertsons objects to these Interrogatories as unduly burdensome to the extent they seek information that (i) is in the possession, custody, or control of Plaintiff; (ii) are equally available to Plaintiff; (iii) is publicly available to Plaintiff; or (iv) is available from other sources that are more convenient, less burdensome, or less expensive. This includes, but is not limited to, information produced by the Drug Enforcement Administration ("DEA") pursuant to the Court's orders.

8. Albertsons objects to the Definitions, Instructions, and Interrogatories to the extent they assume that any fact, event, or legal conclusion is true or that any characterization is accurate. No answer to any Interrogatory shall be construed as an admission that any factual characterization or legal conclusion contained therein is true or accurate.

9. Albertsons objects to the Definitions, Instructions, and Interrogatories that require it to identify "all" or "each" of something when doing so would be unduly burdensome and not proportional to the needs of this case.

10. Albertsons objects to these Interrogatories to the extent they seek discovery concerning any ongoing government investigation or ongoing cooperation with law enforcement, including but not limited to any ongoing federal investigation. *See, e.g.*, Amendment to Discovery Ruling 22 (Dkt. No. 2712); Order Regarding Requested Modifications to Discovery Ruling No. 22 (Dkt. No. 3286).

**CONTAINS CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER**

11. Albertsons objects to these Interrogatories to the extent they seek discovery beyond the scope of discovery set by Judge Polster or Special Master Cohen in orders, rulings, hearings, and conferences applicable to discovery in this case. Albertsons further objects to these Interrogatories to the extent they contradict (i) any agreements reached with Plaintiff's counsel or meet-and-confer discussions with Plaintiff's counsel concerning the scope of discovery; or (ii) the Track 9 Case Management Order entered by the Court on August 10, 2021 (Dkt. No. 3817).

12. Albertsons objects to these Interrogatories to the extent they seek information or documents beyond Tarrant County because they impose burdens on Albertsons that are not proportional to the needs of the case. Only Tarrant County has sued Albertsons in the Track 9 case.

## OBJECTIONS TO DEFINITIONS

The following Objections to the Definitions apply to each Interrogatory that uses or incorporates by reference the definitions that are the subject of the objections whether or not the objections are specifically stated in the response to each Interrogatory:

13. Albertsons objects to the definition of "You" and "Your" because it is overly broad, unduly burdensome, vague, and ambiguous because the terms "partners," "representatives," "agents," "divisions," "predecessors or successors-in-interest," "other persons or entities acting on their behalf or controlled by them," and "pharmacies providing Defendant with income" are not defined, are subject to multiple interpretations, and call for a legal conclusion, and, based on Plaintiff's definition, the Interrogatories seek information from separate and distinct entities and persons that are not parties to this litigation. Albertsons will interpret the definition of "You" and "Your" to mean (a) Albertsons, Inc., Albertsons, LLC, Safeway, Inc., Randall's Food & Drug, LP, and United Supermarkets, LLC (collectively "Albertsons") (b) Albertsons' Distribution Center

No. 8720 at 2500 Industrial Boulevard, Ponca City, Oklahoma 74601 (the "Ponca City Distribution Center"), which distributed Opioids to Albertsons' company-owned pharmacies in Tarrant County during the Time Period, and (c) Albertsons' pharmacies located in the Tarrant County.

14. Albertsons objects to the definition of "Opioid(s)" as vague, ambiguous, and incapable of precise meaning. Albertsons also objects to the definition of that term as overly broad, unduly burdensome, and not proportional to the needs of the case as it would call for the production of information or documents that are not relevant to any claim or defense in this action. Albertsons only distributed generic opioids to Albertsons-owned pharmacies. For purposes of responding to these Interrogatories, Albertsons will interpret the term "Opioid(s)" to refer to the following generic opioids that were distributed by Albertsons to its company-owned pharmacies: morphine, morphine sulfate, hydromorphone hydrochloride, methadone hydrochloride, hydrocodone/acetaminophen, acetaminophen/oxycodone, fentanyl, buprenorphine/naxolone, butalbital compound with codeine, oxycodone hydrochloride, acetaminophen/codeine, hydrocodone/chlorpheniramine, hydrocodone compound syrup, buprenorphine, acetaminophen/butalbital/caffeine/codeine, and hydrocodone/ibuprofen.

15. Albertsons objects to the definition of "Cocktail Drugs" as vague and ambiguous because the terms "muscle relaxants," "stimulants," and "benzodiazepines" are not defined and are subject to multiple interpretations. Albertsons interprets "Cocktail Drugs" consistent with the rulings of the Court and Special Master Cohen. *See, e.g.*, Dkt. No. 3106, Special Master Cohen's "Discovery Ruling Regarding Pharmacy Data Production" dated January 27, 2020 (the "Dispensing Data Order").

16. Albertsons objects to the definition of "Communications" as overly broad and unduly burdensome to the extent it purports to seek documents that are not in Albertsons'

6

CONTAINS CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER

Dated: Feb. 17, 2022

Respectfully submitted,

By: /s/ *Peter E. Wahby*
Peter E. Wahby

Francis A. Citera (SBN IL 6185263)
citeraf@gtlaw.com
Gretchen N. Miller (SBN IL 6273075)
millerg@gtlaw.com

GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Telephone: (312) 456-8400
Facsimile: (312) 456-8435

Peter S. Wahby
State Bar No. 24011171
wahbyp@gtlaw.com

GREENBERG TRAURIG, LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75210
Telephone: (214) 665-3600
Facsimile: (214) 665-3601

CONTAINS CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of February 2022, I caused the foregoing to be served via electronic mail on counsel of record in this case to the following:

mdl2804discovery@motleyrice.com

tracks6to10defendants@bbhps.com

By: <i>/s/ Peter S. Wahby</i><br>Peter S. Wahby