**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| **This document relates to:** *Track 9* **Case No. 1:18-op-45274-DAP** | Case No. 17-md-2804 |
| | Judge Dan Aaron Polster |
| TARRANT COUNTY, TEXAS, | |
| Plaintiff, | |
| v. | |
| PURDUE PHARMA, et al., | |
| Defendants. | |

**ALBERTSONS' MOTION FOR SUGGESTION OF REMAND**

Albertsons, Inc., Albertsons, LLC, Safeway, Inc., Randall's Food & Drug, LP, and United Supermarkets, LLC (collectively, "Albertsons") file this Motion for Suggestion of Remand ("Motion") in connection with the Track 9 Bellwether Case, with incorporated memorandum of points and authorities in support thereof.

**INTRODUCTION AND RELEVANT BACKGROUND**

Tarrant County has sued Albertsons, which has served and continues to serve the citizens of Texas, for filling prescriptions for opioid medications. On April 9, 2021, this Court added Tarrant County as one of five other bellwether actions to the six bellwether actions already pending. That said, this Court will not ultimately try this matter, and at some point it must be remanded to the district court where it was initially filed (the Northern District of Texas). That time is now. Albertsons therefore requests that this Court suggest to the Judicial Panel on

Multidistrict Litigation ("JPML") that this matter be remanded to the Northern District of Texas,

under JPML Rule 10.3. [1]

## LEGAL ARGUMENT

**I.      REMAND TO THE TRANSFEROR COURT IS REQUIRED, AND APPROPRIATE AT THIS TIME.**

Pursuant to 28 U.S.C. § 1407(a), the statute creating and governing multidistrict litigation

("MDL"), each case transferred by the JPML for coordinated or consolidated pretrial proceedings

"shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the

district from which it was transferred." This Court cannot directly transfer this action; only the

JPML has the authority to remand to a transferor court. *Kalama v. Matson Navigation Co., Inc.*,

875 F.3d 297, 308 (6th Cir. 2017) (citing *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*,

523 U.S. 26, 40 (1998). "Whether Section 1407 remand is appropriate for an action in any

particular multidistrict docket is based upon the totality of circumstances involved in that docket."

*In re: Columbia/HCA Corp. Qui Tam Litigation (No. II)*, 560 F. Supp. 2d 1349, 1350 (Jud. Pan.

Mult. Lit. 2008). The propriety of remand may be addressed by asking whether a case is "so related

to other cases within the MDL that it would benefit from further consolidated proceedings." *In re*

*Commercial Money Ctr., Inc.*, MDL Docket No. 1490, 2008 U.S.Dist. LEXIS 90470, *17-18

(N.D.Ohio Aug. 5, 2008) (suggesting remand where motions for leave to amend the pleadings,

jurisdictional and venue motions, and discovery had concluded, and the party requesting remand

was not a party to any other cases in the MDL).

---

[1] Under JPML Rule 10.3(a)(i), a party moving for remand must present to the JPML an "affidavit reciting whether the movant has requested a suggestion of remand and the judge's response, whether the parties have completed common discovery and other pretrial proceedings, and whether the parties have complied with all transferee court orders." Albertsons believes the final two requirements of this rule have been met, and brings this Motion to obtain this Court's response.

This Court has previously recognized the importance of remand: "[R]esolution of substantial portions of the *Opiate* MDL will be speeded up and aided by strategic remand of certain cases at this time, and very probably additional strategic remands in the future." [ECF No. 2941 at 5.] One month later, the Court expressed a similar sentiment: "[T]he Court continues to believe that strategic remand of certain cases is the best way to advance resolution of various aspects of the *Opiate* MDL." [ECF No. 3029 at 3.]

A strategic remand of this action is appropriate at this time. Track 9 has proceeded through all fact and expert discovery, except for abatement related discovery, and the date of this Motion is also the deadline for the parties to file motions for summary judgment and motions directed at expert witnesses.[2] These motions are directed at the sort of issues that should be determined by the trial judge who will hear this matter, if for no other reason than to introduce and familiarize that judge with the current issues, which will likely carry over into trial. Any narrowing of the triable issues or the scope of expert testimony resulting from those motions will also reshape trial proceedings, and in the interest of judicial economy, should be decided by the trial judge. Although Albertsons is a party to two other bellwether cases in this MDL, both bellwethers (Town of Hull and County of Monterey) are in their infancy.[3] Albertsons remains the only defendant in this bellwether action, with Tarrant County the only plaintiff. Like the movant in *Commercial Money Ctr.*, neither Albertsons nor Tarrant County will benefit from continued coordination or consolidation with any other cases.

---

[2] In addition, this Court has adopted all prior rulings from prior MDL case tracks as effective in subsequent case tracks (ECF No. 4978).  Accordingly,  Albertsons has not repeated multiple arguments but expressly preserves those arguments. (See ECF No. 4978, at fn. 2 ("Whether any party likes it or not, the Court's prior rulings and Orders apply to Case Track 7 and all future trials, absent changed circumstances or appellate reversal.")

[3] Amended Complaints are due on September 9, 2024. [ECF No. 5581.]

Further, as explained in the Memorandum of Law in Support of the Albertsons Defendants'
Motion for Summary Judgment ("MSJ"), filed contemporaneously, the claims here will be
governed by Texas law. As stated in Albertsons' MSJ, Texas Courts have never expanded the tort
of public nuisance beyond two narrow and traditional categories, and unique principles of Texas
law govern over Plaintiff's claims. Therefore, while this Court has authority to apply the law of
Texas, it makes sense to have the MSJ, any other summary judgment motions decided by a judge
sitting in Texas. Finally, as a logistical matter, the parties have always anticipated a lengthy trial.
Having the case remanded now would afford the judge who will ultimately hear this matter an
opportunity to schedule the trial with reasonable notice (while not delaying trial for additional
months or years).

## CONCLUSION

This matter is nearing trial, and the parties, this Court, and the transferor court, the Northern
District of Texas, have fully benefited from consolidation and coordination for which multidistrict
litigation was designed. It is logical and practical for this matter to be remanded to the Northern
District of Texas. For all these reasons, Albertsons requests that this Court suggest remand to the
JPML.

*[Signature follows]*

4

Dated:   August 9, 2024

Respectfully submitted,
By: */s/ Francis A. Citera*
One of Defendants' Attorneys

Francis A. Citera, citeraf@gtlaw.com
Gretchen N. Miller, millerg@gtlaw.com
Greenberg Traurig, LLP
77 W. Wacker Drive, Suite 3100
Chicago, IL  60601
Tel: (312) 456-8400
Fax: (312) 456-8435

*Counsel for Defendants Albertsons, Inc., Albertsons, LLC, Safeway, Inc., Randall's Food & Drug, LP, and United Supermarkets, LLC*

Case: 1:17-md-02804-DAP  Doc #: 5588  Filed:  08/09/24  6 of 6.  PageID #: 642246

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on August 9, 2024, a true and correct copy of the Albertsons Defendants' Motion for Suggestion of Remand was served upon the parties of record using the CM/ECF system.

*/s/ Francis A. Citera*
Francis A. Citera