# EXHIBIT 1

| | |
|---|---|
| **From:** | David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law> |
| **Sent:** | Thursday, August 8, 2024 4:54 PM |
| **To:** | Peter H. Weinberger; White, Meredith Thornburgh; do Amaral, Paulina |
| **Cc:** | Kracht, Torsten M.; 'citeraf@gtlaw.com'; 'millerg@gtlaw.com'; creiser@axinn.com; Duffee, Nicholas D.M.; eyung@axinn.com; 'doakes@axinn.com'; James P. Ellison; Burman, David J. (SEA); Roberts, Tyler (SEA); Gregory E. O'Brien; 'rice@bakersterchi.com'; 'jmatthews@foley.com'; Koski, Katy E.; Kapke, Kara; 'amy.fiterman@faegredrinker.com'; Collins, Rory F.; 'kerry.bundy@faegredrinker.com'; 'brian.deeney@lewisbrisbois.com'; 'thomas.regan@lewisbrisbois.com'; 'cpryor@carrallison.com'; 'toliver@carrallison.com'; dplunkett@mcglinchey.com; Byrd, Timothy; '2804 Discovery, MDL'; ESI-Opioids; 'optum.opiod.team@alston.com'; Jayne Conroy (jconroy@simmonsfirm.com); Joe Rice; paul@farrellfuller.com; pmougey@levinlaw.com; Andrea Bierstein; Tony Majestro; jpresnal@simmonsfirm.com; Sheila Schebek |
| **Subject:** | Re: Opioids - MLAs - Corrected Filings |

**[EXTERNAL EMAIL from david@specialmaster.law]**

Thank you for your emails.

These missives assert arguments and counter-arguments that can be made in the response and reply briefs related to the motions to amend.  The only exception is "Publix['s] request[] that the PEC/Plaintiffs be compelled to immediately identify every plaintiff which did not provide the required authorization as of July 29, 2024."  This request is **denied**.

The PEC states it will "provide updated lists of the Amending Plaintiffs again on September 1, 2024," addressing "authorizing entities [that] have not yet had an opportunity to meet to approve addition of these defendants."  This procedure was contemplated and approved at the hearing before Judge Polster.  *See* transcript at 8-9 (May 30, 2024) (the Court agreeing the PEC could have the month of August to obtain authorizations from dilatory clients, but requiring motions to be filed on July 22 (later, July 29) that addressed the great bulk of plaintiffs).  The PEC's **final deadline** of September 1 to update its list comes three weeks before Publix's response brief is due, which the Court earlier concluded was and is sufficient.  (Note – the PEC must, on September 1, also identify precisely how its updated lists are different from the existing lists.)

The Court will address all of the parties' arguments once the motions to amend are fully briefed.

-d

========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122

216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

---

**From:** Peter H. Weinberger <PWeinberger@spanglaw.com>
**Sent:** Tuesday, August 6, 2024 2:52 PM
**To:** White, Meredith Thornburgh <Meredith.White@btlaw.com>; do Amaral, Paulina <Pdoamaral@lchb.com>; David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>; David Cohen <david@davidrcohen.com>
**Cc:** Kracht, Torsten M. <tkracht@hunton.com>; 'citeraf@gtlaw.com' <citeraf@gtlaw.com>; 'millerg@gtlaw.com' <millerg@gtlaw.com>; creiser@axinn.com <creiser@axinn.com>; Duffee, Nicholas D.M. <nduffee@axinn.com>; eyung@axinn.com <eyung@axinn.com>; 'doakes@axinn.com' <doakes@axinn.com>; James P. Ellison <jellison@hpm.com>; Burman, David J. (SEA) <dburman@perkinscoie.com>; Roberts, Tyler (SEA) <troberts@perkinscoie.com>; Gregory E. O'Brien <gobrien@cavitch.com>; 'rice@bakersterchi.com' <rice@bakersterchi.com>; 'jmatthews@foley.com' <jmatthews@foley.com>; Koski, Katy E. <kkoski@foley.com>; Kapke, Kara <Kara.Kapke@btlaw.com>; 'amy.fiterman@faegredrinker.com' <amy.fiterman@faegredrinker.com>; Collins, Rory F. <rory.collins@faegredrinker.com>; 'kerry.bundy@faegredrinker.com' <kerry.bundy@faegredrinker.com>; 'brian.deeney@lewisbrisbois.com' <brian.deeney@lewisbrisbois.com>; 'thomas.regan@lewisbrisbois.com' <thomas.regan@lewisbrisbois.com>; 'cpryor@carrallison.com' <cpryor@carrallison.com>; 'toliver@carrallison.com' <toliver@carrallison.com>; dplunkett@mcglinchey.com <dplunkett@mcglinchey.com>; Byrd, Timothy <tbyrd@mcglinchey.com>; '2804 Discovery, MDL' <mdl2804discovery@motleyrice.com>; 'esi-opioids@quinnemanuel.com' <esi-opioids@quinnemanuel.com>; 'optum.opiod.team@alston.com' <optum.opiod.team@alston.com>; Jayne Conroy (jconroy@simmonsfirm.com) <jconroy@simmonsfirm.com>; Joe Rice <jrice@motleyrice.com>; paul@farrellfuller.com <paul@farrellfuller.com>; pmougey@levinlaw.com <pmougey@levinlaw.com>; Andrea Bierstein <abierstein@simmonsfirm.com>; Tony Majestro <amajestro@powellmajestro.com>; jpresnal@simmonsfirm.com <jpresnal@simmonsfirm.com>; Sheila Schebek <SMS@spanglaw.com>
**Subject:** Re: Opioids - MLAs - Corrected Filings

Dear Special Master Cohen:

The PEC has diligently and appropriately followed the court's order lifting the moratorium on filing amended complaints in preparing and filing the motions for leave to file amended complaints adding defendants to already existing cases.  The civil rules and the court's scheduling order provide Publix the opportunity to respond in a reply brief.  This email to SM Cohen is inappropriate and unnecessarily nasty in both tone and content.

One of Publix's complaints concerns our assertion that some of the plaintiff's counsel have not yet obtained permission from some of their clients to file the amended complaints.  Publix ignores the fact that at the hearing on May 22, 2024,  Judge Polster specifically addressed this issue and allowed for official  permission to file be obtained after the deadline.  The colloquy was as follows:

*MR. MOUGEY: Your Honor, this is Peter Mougey. Our group represents about 750 cities and counties, and the only caveat I have, I think 60 days is reasonable but over the summer, a lot of cities and counties cancel board and council meetings, and just with the caveat that I think Pete is right, 60 days is sufficient, with the caveat that a lot of cities and counties go dark over the summer. And I just want to give that, like I said, a caveat out there in the event --*

*THE COURT: All right. Well, look. What you can do, I mean if -- Peter, if you have a situation like that, say we come to July 20th and a given subdivision doesn't have any meetings until August, just say, you can include them in the motion and say that, you know, that the officials want to add*

2

*Defendant X. And so you're adding to the list. But this has to be formally done at the council meeting or whatever in August. So I mean I think that's the way to do it.*

The PEC will respond to Publix's filed response in its reply brief at the appropriate time.

We also request that Ms. White's email be stricken or ignored in its entirety.

Respectfully,
Pete Weinberger, PEC liaison counsel

---

**From:** White, Meredith Thornburgh <Meredith.White@btlaw.com>
**Sent:** Monday, August 5, 2024 5:47 PM
**To:** do Amaral, Paulina <Pdoamaral@lchb.com>; david@specialmaster.law <david@specialmaster.law>; David Cohen <david@davidrcohen.com>
**Cc:** Kracht, Torsten M. <tkracht@hunton.com>; 'citeraf@gtlaw.com' <citeraf@gtlaw.com>; 'millerg@gtlaw.com' <millerg@gtlaw.com>; creiser@axinn.com <creiser@axinn.com>; Duffee, Nicholas D.M. <nduffee@axinn.com>; eyung@axinn.com <eyung@axinn.com>; 'doakes@axinn.com' <doakes@axinn.com>; James P. Ellison <jellison@hpm.com>; Burman, David J. (SEA) <dburman@perkinscoie.com>; Roberts, Tyler (SEA) <troberts@perkinscoie.com>; Gregory E. O'Brien <gobrien@cavitch.com>; 'rice@bakersterchi.com' <rice@bakersterchi.com>; 'jmatthews@foley.com' <jmatthews@foley.com>; Koski, Katy E. <kkoski@foley.com>; Kapke, Kara <Kara.Kapke@btlaw.com>; 'amy.fiterman@faegredrinker.com' <amy.fiterman@faegredrinker.com>; Collins, Rory F. <rory.collins@faegredrinker.com>; 'kerry.bundy@faegredrinker.com' <kerry.bundy@faegredrinker.com>; 'brian.deeney@lewisbrisbois.com' <brian.deeney@lewisbrisbois.com>; 'thomas.regan@lewisbrisbois.com' <thomas.regan@lewisbrisbois.com>; 'cpryor@carrallison.com' <cpryor@carrallison.com>; 'toliver@carrallison.com' <toliver@carrallison.com>; dplunkett@mcglinchey.com <dplunkett@mcglinchey.com>; Byrd, Timothy <tbyrd@mcglinchey.com>; '2804 Discovery, MDL' <mdl2804discovery@motleyrice.com>; 'esi-opioids@quinnemanuel.com' <esi-opioids@quinnemanuel.com>; 'optum.opiod.team@alston.com' <optum.opiod.team@alston.com>; Peter H. Weinberger <PWeinberger@spanglaw.com>; Jayne Conroy (jconroy@simmonsfirm.com) <jconroy@simmonsfirm.com>; Joe Rice <jrice@motleyrice.com>; paul@farrellfuller.com <paul@farrellfuller.com>; pmougey@levinlaw.com <pmougey@levinlaw.com>; Andrea Bierstein <abierstein@simmonsfirm.com>; Tony Majestro <amajestro@powellmajestro.com>; jpresnal@simmonsfirm.com <jpresnal@simmonsfirm.com>; Sheila Schebek <SMS@spanglaw.com>
**Subject:** RE: Opioids - MLAs - Corrected Filings

Special Master Cohen,

While preserving all of its rights to oppose the Motion to Amend, Publix is compelled to respond to the email below.  The PEC continues to ignore and mock the Court and JPML in dragging out this now almost 7-year old MDL with new claims.  As one example, the Court previously directed the PEC to dismiss claims brought on behalf of territories where a defendant did not operate. See, e.g., Dkt. 3685 (4/7/2021).  Yet, years later claims against Publix involving territories where Publix has <u>never</u> operated a single pharmacy remain docketed (as examples, Peach County, Georgia, and Bay Minette, Loxley, Robertsdale, Summerdale, Hartselle and Prichard in Alabama).  Worse yet, the PEC's latest filing now seeks to add still more of the same (for example, Sheriff of Peach County, Georgia, Russell County and Columbiana in Alabama, and Florida City in Florida).

As another example, more than two years ago the JPML closed the MDL to new claims.  See JPML No. 2804, Dkt. ## 9586 (4/8/22) ("… inclusion of these two actions and any future actions in MDL No. 2804 is no longer necessary to achieve the just and efficient conduct of the litigation.").  Yet, new claims were later added against Publix anyway (for example, City of Sarasota, Florida, 1:22-op-45021-DAP).  Now, despite late-added complaints against Publix – which incorporated dispensing-based claims -- the PEC seeks to add still more new claims on behalf of overlapping territories covering conduct by the same pharmacies.  For example, the PEC impermissibly late-filed its ***City*** of Sarasota, Florida claim against Publix based on dispensing conduct of Publix's Sarasota pharmacies.  In its latest filing, the PEC now seeks to add a claim

3

against Publix on behalf of the *County* of Sarasota, Florida which likewise is based on dispensing conduct of Publix's Sarasota pharmacies. It is disingenuous to claim on the one hand a good faith basis to bring an action more than two years ago on behalf of the City of Sarasota based on the dispensing conduct of Publix's Sarasota pharmacies while on the other hand claiming the County of Sarasota (where the City of Sarasota is the County seat) could only just now seek to do the same thing.

Most recently, through multiple extensions, the Court granted the PEC more than two months to file motions to amend, including a last-minute additional 24-hour extension on July 29, 2024 sought by the PEC so it could ensure the filings complied with the Court's orders, Dkt. ## 5455 and 5522. See 7/29/2024 email from do Amaral, Paulina to Special Master Cohen, *et al*.  The Court's main order on this issue (Dkt. # 5455) communicated simple and clear directions:
- "… review every case carefully and dismiss any defendant that plaintiff's counsel does not intend to zealously pursue in litigation."  No claims appear to have been dismissed pursuant to this direction, not even claims where a defendant like Publix has never operated a single pharmacy.
- "Lead counsel for each plaintiff seeking amendment of any listed complaint shall sign the motion to indicate that-should any of the listed cases be chosen as a bellwether-both counsel and plaintiff-client are prepared to spend the time and money necessary to litigate the case against each defendant."

Two days **after** the extended deadline for filing the motions to amend, the PEC, without requesting or receiving the Court's permission:
- late-filed another iteration of its motion in which it seeks to add still more new claims as to Publix,
- made clear even this post-deadline filing was still only tentative because the PEC hasn't obtained all of its clients' permissions to assert new claims against Publix, and
- unilaterally granted itself an extension until September 1st in order to comply with the Court's order and provide another version of its motion which purportedly will delete the clients which have not authorized a claim against Publix.  See 8/1/2024 email from do Amaral, Paulina to Special Master Cohen, *et al.*

Enough is enough.

The PEC concedes in writing below that its motion against Publix does not satisfy basic requirements of the Court's Order (Dkt. # 5455).  The PEC cannot claim in good faith clients, which have not even authorized a claim against Publix, "are prepared to spend the time and money necessary to litigate the case against [Publix]."  Because the PEC has been intentionally vague about it, Publix requests that the PEC/Plaintiffs be compelled to immediately identify every plaintiff which did not provide the required authorization as of July 29, 2024 (the date it filed its motion as to Publix).  At a minimum, Publix should not be expected to spend the time and incur the expense associated with responding to the PEC's blatantly deficient filing as to those plaintiffs.  Regardless, Publix also will address this flagrant violation in greater detail in its Opposition and in connection therewith expects the Court will adhere to its Order (Dkt. # 5455) and issue appropriate sanctions at that time if it has not done so sooner.

Thank you,
Meredith, Counsel for Publix

**Meredith Thornburgh White** | Partner
Barnes & Thornburg LLP
11 South Meridian Street, Indianapolis, IN 46204
Direct: (317) 231-6417 | Mobile: (317) 697-3588



Atlanta | Boston | California | Chicago | Delaware | Indiana | Michigan | Minneapolis | Nashville | New Jersey
New York | Ohio | Philadelphia | Raleigh | Salt Lake City | South Florida | Texas | Washington, D.C.

Visit our Subscription Center to sign up for legal insights and events.

**From:** do Amaral, Paulina <Pdoamaral@lchb.com>
**Sent:** Thursday, August 1, 2024 5:39 PM
**To:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>; 'David Cohen' <david@davidrcohen.com>
**Cc:** tkracht-External <tkracht@hunton.com>; 'citeraf@gtlaw.com' <citeraf@gtlaw.com>; 'millerg@gtlaw.com' <millerg@gtlaw.com>; 'creiser@axinn.com' <creiser@axinn.com>; 'nduffee@axinn.com' <nduffee@axinn.com>; 'eyung@axinn.com' <eyung@axinn.com>; 'doakes@axinn.com' <doakes@axinn.com>; 'jellison@hpm.com' <jellison@hpm.com>; 'dburman@perkinscoie.com' <dburman@perkinscoie.com>; 'troberts@perkinscoie.com' <troberts@perkinscoie.com>; 'gobrien@cavitch.com' <gobrien@cavitch.com>; 'rice@bakersterchi.com' <rice@bakersterchi.com>; 'jmatthews@foley.com' <jmatthews@foley.com>; 'kkoski@foley.com' <kkoski@foley.com>; Kapke, Kara <Kara.Kapke@btlaw.com>; White, Meredith Thornburgh <Meredith.White@btlaw.com>; 'gregory.franklin@btlaw.com' <gregory.franklin@btlaw.com>; 'monica.brownwell@btlaw.com' <monica.brownwell@btlaw.com>; 'amy.fiterman@faegredrinker.com' <amy.fiterman@faegredrinker.com>; 'rory.collins@faegredrinker.com' <rory.collins@faegredrinker.com>; 'kerry.bundy@faegredrinker.com' <kerry.bundy@faegredrinker.com>; 'brian.deeney@lewisbrisbois.com' <brian.deeney@lewisbrisbois.com>; 'thomas.regan@lewisbrisbois.com' <thomas.regan@lewisbrisbois.com>; 'cpryor@carrallison.com' <cpryor@carrallison.com>; 'toliver@carrallison.com' <toliver@carrallison.com>; 'dplunkett@mcglinchey.com' <dplunkett@mcglinchey.com>; 'tbyrd@mcglinchey.com' <tbyrd@mcglinchey.com>; '2804 Discovery, MDL' <mdl2804discovery@motleyrice.com>; 'esi-opioids@quinnemanuel.com' <esi-opioids@quinnemanuel.com>; 'optum.opiod.team@alston.com' <optum.opiod.team@alston.com>; Pete Weinberger <PWeinberger@spanglaw.com>; Jayne Conroy (jconroy@simmonsfirm.com) <jconroy@simmonsfirm.com>; Joe Rice <jrice@motleyrice.com>; paul@farrellfuller.com; pmougey@levinlaw.com; Andrea Bierstein <abierstein@simmonsfirm.com>; Tony Majestro <amajestro@powellmajestro.com>; jpresnal@simmonsfirm.com; Sheila Schebek (SMS@spanglaw.com) <SMS@spanglaw.com>
**Subject:** [EXTERNAL] Opioids - MLAs - Corrected Filings

**Caution: This email originated from outside the Firm.**

Dear Special Master Cohen,

The PEC today has filed corrected versions of 8 of the 15 briefs we filed on July 29 and 30, 2024.

The first brief filed today is the PEC's Corrected Roadmap Overview For Motions for Leave to Amend.  Two substantive changes were made to the brief and two changes were made to Exhibit 1.  The first substantive change to the brief corrects the list of defendants contained in footnote 2 for which the parties jointly sought, and the Court has granted, extensions of the deadline to amend.  *See* Doc. #5545. The second change to the brief adds three sentences at pages 14-15 related to the motions seeking to add the pharmacy defendants, which were filed the day after the original Roadmap was filed.  Beyond these two corrections, there are a number of non-substantive corrections that were made to the Roadmap brief, which are noted in the attached comparison document provided to the Court and the parties for their convenience.

The changes to the Roadmap's Exhibit 1 include corrections to the list of plaintiffs, including the deletion of one case, and the addition of three cases that were inadvertently omitted from the initial charts, all identified below.  We note that, because there are some plaintiffs whose authorizing entities have not yet had an opportunity to meet to approve addition of these defendants, it is possible that there may be some additional deletions to the list of Amending

5

Plaintiffs.  Unless the Court prefers otherwise, to avoid repetitive submissions, the PEC will provide updated lists of the Amending Plaintiffs again on September 1, 2024, if there are any further deletions.

The remaining seven briefs for which corrections have been filed on the docket are the pharmacy briefs.  The PEC provides the following list of errata identifying scrivener's errors that were inadvertently included in the versions of those documents filed on July 30, 2024.  For three of the seven briefs, the only change is to correct the page number reference to the Corrected Roadmap brief.

In addition to the below, for each brief, "Corrected" was added to the title and the date in the signature block and certificate of service was updated.

| DEFENDANT/CORRECTED DOCUMENT page/line | CHANGE |
|---|---|
| **Corrected Roadmap** | |
| Brief | See attached comparison |
| Exhibit 1 | Deleted No. 1:18-op-45892-DAP, Swinomish Tribe v. Purdue Pharma L.P. et al from ESI, Optum and Publix charts |
| Exhibit 1 | Added Plaintiffs<br>1.  No. 1:18-op-45057 (N.D. Ohio), *MSP Recovery Claims, Series LLC et al. v. Purdue Pharma L.P. et al.*, to Albertsons, Alvogen, Costco, DDM, ESI, KVK Tech, Lupin, Publix, Tris, and Winn Dixie charts<br>2.  No. 1:18-op-45526 (N.D. Ohio), *MSPA Claims 1, LLC, et al. v. Anda, Inc., et al.,* to Alvogen, ESI, and Publix charts<br>3.  No. 1:21-op-45079 (N.D. Ohio), *Series 17-03-615, a designated series of MSP Recovery Claims, Series LLC v. Par Pharmaceutical et al.* to Alvogen, ESI, and Publix charts |
| **Ahold** | |
| p. 5, line 6 | replaced reference to Corrected Roadmap "18-22" with "16-21" |
| p. 7, line 4 | replaced reference to Corrected Roadmap "21-22" with "20-21" |
| **Albertsons** | |
| i-iii | Added Table of Contents and Table of Authorities |
| p. 11, line 4 | replaced reference to Corrected Roadmap "18-22" with "16-21" |
| p. 13, line 3 | replaced reference to Corrected Roadmap "21-22" with "20-21" |
| p. 13, FN5 | Added footnote |
| **Costco** | |
| p. 4, line 14 | replaced reference to Corrected Roadmap "18-22" with "16-21" |
| p. 6, line 7 | replaced reference to Corrected Roadmap "21-22" with "20-21" |
| **DDM** | |
| p. 5, line 11 | capitalized "amending" before Plaintiffs |
| p. 5 line 15 | replaced reference to Corrected Roadmap "18-22" with "16-21" |
| p. 7 line 13 | replaced reference to Corrected Roadmap "21-22" with "20-21" |
| p. 7, line 19 | replaced "Winn-Dixie" with "DDM" |

| | |
|---|---|
| p. 8, line 2 | replaced "Winn-Dixie" with "DDM" |
| p. 8, FN2, line 1 | replaced "three" with "four" |
| p. 8, FN2, line 2 | replaced "Winn-Dixie" with "DDM" |
| p. 8, FN2, line 5 | replaced "Winn-Dixie" with "DDM" |
| | |
| **Publix** | |
| p. 8, line 9 | replaced "Winn-Dixie" with "Publix" |
| p. 8, line 13 | replaced "18-22" with "16-21" |
| p. 10, line 21 | deleted duplicate "what" |
| p. 10, line 22 | replaced "21-22" with "20-21" |
| p. 11, line 5 | replaced "Winn-Dixie" with "Publix" |
| p. 11, line 7 | replaced "Winn-Dixie" with "Publix" |
| p. 11, FN4, line 1 | replaced "three" with "twelve" |
| p. 11, FN4, line 2 | replaced "Winn-Dixie" with "Publix" |
| p. 11, FN4, line 5 | replaced "Winn-Dixie" with "Publix" |
| | |
| **Target** | |
| p. 4, line 14 | replaced "18-22" with "16-21" |
| p. 6, line 7 | replaced "21-22" with "20-21" |
| | |
| **Winn-Dixie** | |
| p. 4, line 9 | replaced "DDM" with "Winn-Dixie" |
| p. 4, line 13 | replaced "18-22" with "16-21" |
| p. 6, line 18 | replaced "21-22" with "20-21" |
| | |

Our apologies to the Court and the parties for these errors.

**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

**Paulina do Amaral**
**Partner**
pdoamaral@lchb.com
t 212.355.9500
f 212.355.9592
Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
www.lieffcabraser.com

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

**CONFIDENTIALITY NOTICE:** This email and any attachments are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

Peter H. Weinberger
Of Counsel
**Spangenberg Shibley & Liber LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, Ohio 44114
216-696-3232 Office
216-407-5033 Cell
216-696-3924 Fax
PWeinberger@spanglaw.com | www.spanglaw.com

CONFIDENTIALITY NOTICE: The information in this e-mail, including any attachments, is for the sole use of the intended recipient(s), and may contain confidential and legally privileged communications. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this communication is strictly prohibited and may be unlawful, and could subject the unlawful user to civil and criminal penalties. Any unintended receipt should be reported to this sender immediately and all copies returned, deleted, and destroyed. TO OUR CLIENTS: Any dissemination of this communication to third-parties may be a waiver of the attorney-client privilege.

Peter H. Weinberger
Of Counsel
**Spangenberg Shibley & Liber LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, Ohio 44114
216-696-3232 Office
216-696-3924 Fax
PWeinberger@spanglaw.com | www.spanglaw.com



CONFIDENTIALITY NOTICE: The information in this e-mail, including any attachments, is for the sole use of the intended recipient(s), and may contain confidential and legally privileged communications. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this communication is strictly prohibited and may be unlawful, and could subject the unlawful user to civil and criminal penalties. Any unintended receipt should be reported to this sender immediately and all copies returned, deleted, and destroyed. TO OUR CLIENTS: Any dissemination of this communication to third-parties may be a waiver of the attorney-client privilege.