IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCIPTION OPIATE LITIGATION )<br>)<br>**This document relates to:** *Track 9* )<br>**Case No. 1:18-op-45274-DAP** )<br>)<br>TARRANT COUNTY, TEXAS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PURDUE PHARMA, et al., )<br>)<br>Defendants. )<br>) | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**PLAINTIFF TARRANT COUNTY, TEXAS'S OPPOSITION
TO MOTION FOR SUGGESTION OF REMAND**

Plaintiff, Tarrant County, Texas ("Plaintiff"), hereby opposes the Motion for Suggestion of Remand (ECF 5588) of Defendants Albertsons, Inc., *et al.* ("Albertsons") and avers in opposition thereto as follows.

**INTRODUCTION AND RELEVANT BACKGROUND**

The Court designated this case as a bellwether on April 9, 2021.  ECF 3688.  In the three years since, the Court has issued seven Case Management Orders scheduling summary judgment and *Daubert* motions to be filed in this Court for decision before it remands the case for trial.[1] Now, on the day summary judgment and *Daubert* motions were due, Albertsons moved for

---

[1] ECF 3817 (8/10/21) at 8; ECF 4407 (5/2/22) at 2-3; ECF 4932 (3/6/23) at 3; ECF 5143 (8/8/23); ECF 5202 (9/22/23); ECF 5283 (12/28/23); ECF 5330 (2/23/24).

immediate remand, arguing for the first time that "[t]hese motions are directed at the sort of issues that should be determined by the trial judge who will hear this matter[.]" Motion at 3. Albertsons, however, does not even try to demonstrate that there are new facts, changed law, or any other grounds for reconsideration of the Court's repeated rulings that it, and not the trial court, would decide these motions. Absent any such showing, reconsideration is not warranted and the remand motion should be denied.

Instead, Albertsons' apparent strategy is to evade this Court's prior rulings and relitigate on remand many of the summary judgment and *Daubert* issues the Court has already decided. It states that "it makes sense to have the [pending] MSJ [and] *any other summary judgment motions* decided by a judge sitting in Texas." Motion at 4 (emphasis added). It is unclear what Albertsons means by "other summary judgment motions." The deadline for filing these was August 9. Based on this statement, Plaintiff can only assume that Albertsons is holding back summary judgment arguments from this Court to be raised and decided after remand. This sense is underscored by Albertsons' seemingly strategic decision to file no *Daubert* motions within this Court's deadline. Albertsons' desire to have another court decide these issues is not grounds for suggesting remand.

Albertsons' arguments for remand also have no merit in any event. First, remand is not required "before the conclusion of pretrial proceedings" under 28 U.S.C. § 1407(a). Pretrial proceedings include summary judgment motions. *See, e.g., U.S. ex rel. Hockett v. Columbia/HCA Healthcare Corp.*, 498 F. Supp. 2d 25, 37 (D.D.C. 2007) ("[R]ulings on motions for summary judgment . . . are pretrial proceedings that may properly remain before the transferee court.").

Second, immediate remand also would not be an appropriate exercise of the Court's discretion. In considering remand, the Court should be guided by "when remand will best serve the expeditious disposition of litigation." *Manual for Complex Litig. (Fourth)* ("*Manual*") §20.133

2

(2004); *see also In re Comm. Money Ctr., Inc. Equip. Lease Litig.*, 2008 WL 3200279, at *4 (N.D. Ohio Aug. 5, 2008) (question as to remand is "whether this case is so related to other cases within the MDL that it would benefit from further consolidated proceedings").  Here, two other bellwether cases against Albertsons are pending, ECF 5481, and Plaintiffs in 150 MDL cases are seeking leave to amend to add claims against Albertsons. ECF 5567-1.  This Court's consideration of Albertsons' pending summary judgment motion thus will advance the resolution not just of this case, but also of the hundreds of other cases with actual or proposed claims against Albertsons.  The Court thus ruled appropriately that it shall decide summary judgment and *Daubert* motions, and the motion for immediate remand should be denied.

## LEGAL ARGUMENT

### I. Reconsideration of the Court's Orders That It Shall Decide Summary Judgment and *Daubert* Motions is Not Warranted.

The Court has on multiple occasions articulated the standards for considering a motion seeking reconsideration of prior orders as follows:

> "Traditionally, courts will find justification for reconsidering interlocutory orders [only] when there is . . . a need to correct a clear error or prevent manifest injustice." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed. Appx. 949, 959 (6th Cir. 2004).  "Motions for reconsideration are disfavored, and a motion for reconsideration is unfounded unless it either calls . . . attention to an argument or controlling authority that was overlooked or disregarded in the original ruling, presents evidence or argument that could not previously have been submitted, or successfully points out a manifest error of fact or law."  *Davie v. Mitchell*, 291 F. Supp. 2d 573, 624 (N.D. Ohio 2003).

ECF 3499 (CT3 Order Denying Motion for Reconsideration or Certification) at 2-3; ECF 3644 (Op. and Order Regarding NAS Guardians' Motion for Reconsideration) at 2 (quoting ECF 3644).

Albertsons ignores these standards altogether and could not satisfy them in any event. There is no new law in the remand motion.  Every statute and case Albertsons cites predates this Court's seven Orders directing that summary judgment and *Daubert* motions be decided herein.

3

Nor does the remand motion identify any new facts that were outside the Court's contemplation when it issued the seven Orders. Albertsons notes that "Track 9 has proceeded through all fact and expert discovery, except for abatement discovery[.]" Motion at 3. This, of course, is exactly as the Court directed when it set fact and expert discovery deadlines, *e.g.*, ECF 3817 at 4-7, before the deadlines for it to receive summary judgement and *Daubert* motions. *Id.* at 8. Albertsons also points out that it is "a party to two other bellwether cases in this MDL," which "are in their infancy." Motion at 3. This, however, only underscores that the Court should decide the summary judgment motion herein since this case and the two other bellwethers involve common facts concerning Albertsons' opioid distribution and dispensing practices. Lastly, Albertsons emphasizes that Plaintiff's claims at issue in its summary judgment motion "will be governed by Texas law." Motion at 4. This, too, is nothing new. Plaintiff's Complaint filed before any of the seven Case Management Orders were issued repeatedly referenced Texas law supporting Plaintiff's claims. *See* ECF 3789 (Plaintiff Tarrant County's Supplemental and Added Allegations, filed 7/14/21), ¶¶633-637, 643, 645, 653, 668, 680, 684, 702-703, 730, 734, 752-753, 756, 782. This is not grounds for remand in any event. *See, e.g., In re McKinsey & Co.*, 2024 WL 2845529, at *3 (N.D. Cal. June 4, 2024) ("[T]he fact that issues of New York law are important to resolving the New York cases is not a persuasive reason for remand. MDL courts routinely decide pretrial motions under the laws of multiple states.").

Finally, Albertsons identifies no manifest error of fact or law in the Court's seven Orders directing that summary judgment and *Daubert* motions be decided herein. Nor could it. Where, as here, pretrial proceedings are not concluded, remand is "discretionary." *Hockett*, 498 F. Supp. 2d at 37. As set forth below, *supra* at 6-10, the Court is well within its discretion to decide summary judgment before remand. Albertsons could not show that this is a manifest error even if it had

4

tried, which it did not.  Reconsideration of the Court's Orders thus is not warranted and the motion to suggest immediate remand should be denied.

## II.     Immediate Remand is Neither Required Nor Warranted in Any Event.

Under 28 U.S.C. § 1407(a), a case "shall be remanded by the [Judicial Panel on Multidistrict Litigation] at or before the conclusion of such [coordinated or consolidated] pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated."  28 U.S.C. § 1407(a).  Remand thus is mandatory only when "(1) the case has not been previously terminated and (2) coordinated or consolidated pretrial proceedings have concluded."  *Hockett*, 498 F. Supp. 2d at 37.  "In all other cases, it is discretionary."  *Id.*  "The party seeking remand bears the burden of establishing that remand is warranted."  *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 2019 WL 117302, at *2 (S.D.N.Y. Jan. 7, 2019).  Where a case is not trial-ready, as here, a movant must demonstrate "good cause" for remand.  *Id.*

Here, immediate remand is not required because pretrial proceedings are not concluded.  Albertsons' summary judgment motion, and the Court's ruling on it, are "pretrial proceedings" under Section 1407(a).  *See, e.g., In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006) (transferee judge has "authority to decide all pretrial motions, including dispositive motions such as motions to dismiss [and] motions for summary judgment"); *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2021 WL 2983141, at *2 (S.D.N.Y. July 15, 2021) ("There is nothing in the text of Section 1407(a) that indicates that 'pretrial proceedings' could not include summary judgment and *Daubert* motions that are being briefed and decided before trial."); *In re Photochromic Lens Antitrust Litig.*, 2014 WL 12618105, at *2 (M.D. Fla. July 9, 2014) ("The disposition of summary judgment motions is part of the 'pretrial proceedings' for which a case is transferred."); *see also* 15 Wright & Miller, *Federal Practice and*

5

*Procedure* § 3866 (4th ed. 2024) ("Courts interpret the phrase 'pretrial proceedings' broadly, to give the transferee judge control over any and all proceedings before trial. . . . Transferee courts can rule on . . . motions for summary judgment."). It is thus beyond serious dispute that the Court is not required to suggest immediate remand.

Albertsons does not clearly argue otherwise. It tries, however, to blur the question of whether immediate remand is mandatory here. *See* Motion at 1 ("That said, this Court will not ultimately try this matter, and *at some point it must be remanded* to the district court where it was initially filed (the Northern District of Texas). *That time is now.*") (emphasis added); *see also id.* at 2 ("Remand to the transferor court is required, and appropriate at this time."). There is no ambiguity or uncertainty in the law on this point. "[R]ulings on motions for summary judgment . . . are pretrial proceedings that may properly remain before the transferee court." *Hockett*, 498 F. Supp. 2d at 37. The Court thus is not required to suggest immediate remand.

The Court also is well within its discretion to rule on summary judgment before remanding this case for trial. In deciding when to suggest remand, the "transferee court should consider when remand will best serve the expeditious disposition *of the litigation*." Manual § 20.133 (emphasis added). The focus on expeditious disposition of the litigation as a whole requires the Court to consider remand of this case not in isolation, but in relation to the many other pending MDL cases. *See Hockett*, 498 F. Supp. 2d at 38 ("[T]he decision of whether to suggest remand should be guided in large part by whether one option is more likely to 'insure the maximum efficiency for all parties and the judiciary.'") (quoting *In re IBM Peripheral EDP Devices Antitrust Litig.*, 407 F. Supp. 254, 256 (J.P.M.L 1976)); *In re Comm. Money Ctr.*, 2008 WL 3200279, at *4 (in assessing remand, the "question before the Court is whether this case is so related to other cases within the MDL that it would benefit from further consolidated proceedings").

6

Here, there are two other bellwethers and 73 other MDL cases by 158 Plaintiffs with claims against Albertsons, and potentially 150 more such cases via amendment, and the Court has not yet addressed these cases' common facts concerning Albertson's opioid distribution and dispensing. There also is another bellwether case (CT15, *County of Webb, Texas v. Purdue Pharma, L.P. et al.*) with public nuisance and other claims arising under Texas law. Thus, a ruling on Albertsons' summary judgment motion may impact the disposition of not just this case, but also the hundreds of other MDL cases with claims against Albertsons and/or arising under Texas law. In this setting, the Court's Orders scheduling summary judgment before remand for trial are well within its considerable discretion. *See, e.g., McKinsey*, 2024 WL 2845529, at *2 (denying plaintiffs' request to remand two cases where claims of 77 other political subdivision plaintiffs and additional personal injury plaintiffs still were pending and "[a]ll of these actions concern the same common issues of fact related to McKinsey's conduct"). The common facts and issues between this case and those of hundreds of other MDL Plaintiffs demonstrate that the Court's Orders scheduling summary judgment before remand will further the expeditious resolution of this litigation.

Albertsons' arguments seeking a contrary conclusion and immediate remand have no merit. First, Albertsons significantly understates the scope of the MDL cases that are potentially impacted by a summary judgment ruling in this case. *See* Motion at 3 ("Although Albertsons is a party to two other bellwether cases in this MDL, both bellwethers (Town of Hull and County of Monterey) are in their infancy."). This assessment ignores the 70+ other MDL non-bellwether cases by 150+ Plaintiffs with pending claims against Albertsons, as well as the 150 cases in which Plaintiffs seek to amend to add such claims. Moreover, even if there were only two other MDL cases with claims against Albertsons, that still would not warrant remand before this Court can decide summary judgment in light of the vast knowledge it has accumulated through almost seven years' experience

7

presiding over opioid distribution and dispensing claims. As another MDL court explained in denying a remand request after "virtually all" of the cases before it had been settled:

> [A] key principle of the multi-district scheme involves the accrual of judicial expertise. It is a fundamental assumption of the multidistrict system that having only one court sort out the facts of complex and multi-faceted transactions and occurrences which have given rise to many competing legal claims well serves the goal of judicial economy. The Integrated cases have indeed presented a complex set of facts and theories. This factual context forms the backdrop, if not the very substance, of Plaintiffs' remaining claims and to remand them at this point would require another court to make its way up this same learning curve, resulting in just that duplication of efforts that the multidistrict system is designed to avoid.

*In re Integrated Resources, Inc. Real Estate Ltd. P'ships Secs. Litig.*, 1995 WL 234975, at *4 (S.D.N.Y. April 21, 1995) (citation omitted). Thus, deciding summary judgment before remand would be warranted even putting aside the hundreds of MDL cases with claims or potential claims against Albertsons involving common facts, which only underscore the wisdom of so proceeding.

Second, Albertsons' argument for immediate remand based on the application of Texas substantive law likewise has no merit and should be rejected. Albertsons argues that "unique principles of Texas law govern over Plaintiff's claims[,]" so that, "while this Court has authority to apply the law of Texas, it makes sense to have the MSJ [and] any other summary judgment motions decided by a judge sitting in Texas." Motion at 4 (emphasis added). The application of different states' substantive law to the claims of different MDL Plaintiffs is anything but unique, which this Court has demonstrated. *See, e.g.,* ECF 3253 (Op. and Order on Motions to Dismiss West Boca Medical Ctr. claims) at 8-12, 29-60 (applying Florida law); ECF 3274 (Op. and Order on Motions to Dismiss Broward County claims) at 9-31 (same); ECF 3285 (Op. and Order on Motions to Dismiss Monroe County claims) at 7-8, 9-27, 30-52 (applying Michigan law); *see also* ECF 5370 (CT12 Defendants' pending Motion to Dismiss City of Rochester claims) at 19-28 (arguments under New York law). As the JPML long has recognized,

8

> [T]he presence of state law claims or statewide putative classes . . . has not presented an impediment to centralization, as it is "within the very nature of coordinated or consolidated pretrial proceedings in multidistrict litigation for the transferee judge to be called upon to apply the law of more than one state."

*In re CVS Caremark Corp. Wage & Hour Emp. Pracs Litig.*, 684 F. Supp. 2d 1377, 1378 (J.P.M.L. 2010) (quoting *In re Air Crash Disaster at John F. Kennedy Int'l Airport on June 24, 1975*, 407 F. Supp. 244, 246-47 (J.P.M.L. 1976)).  The application of state law thus is not reason to remand before the end of pretrial proceedings.  *McKinsey*, 2024 WL 2845529, at *3 ("Finally, the fact that issues of New York law are important to resolving the New York cases is not a persuasive reason for remand.  MDL courts routinely decide pretrial motions under the laws of multiple states.").[2]

Finally, Albertsons misconstrues this MDL's procedural history in arguing that the Court's use of "strategic remand" makes remand of *this case* "appropriate at this time."  *See* Motion at 3.  It does not.  Where the Court has remanded cases before pretrial proceedings were complete, it did so early in the litigation (before any Defendants reached nationwide settlements) as part of a "parallel processing" strategy to allow transferor courts to handle pretrial discovery and motion practice in cases with claims against Defendants that this Court *already* had addressed.  *See* ECF 2941 (Suggestions of Remand) at 3 and n.3; ECF 3059 (Suggestions of Remand) at 2.  Those cases

---

[2] Nor does Albertsons identify anything in Texas law that supports remand before summary judgment.  It argues that "Texas courts have never expanded the tort of public nuisance beyond two narrow and traditional categories[.]"  Motion at 4; *see also* Memo. of Law in Support of MSJ (ECF 5587) ("MSJ Memo.") at 4 (describing categories involving property interests and legislative designation).  It also recognizes, however, that common law public nuisance in Texas is based on the *Restatement 2d of Torts*, § 821B (1979), MSJ Memo. at 14, which this Court has addressed at length in applying Ohio law.  *See* ECF 3177 (*Cleveland Bakers* Op. and Order) at 41-47.  To the extent Albertsons means to suggest that summary judgment turns solely on legal questions shorn of common facts, this is incorrect.  *Compare* MSJ Memo. at 15-16 (attempted legal argument based on absence of duty), *with Davis-Lynch, Inc. v. Asgard Techs., LLC*, 472 S.W.3d 50, 64 (Tex. Ct. App. 2015) ("Determining whether a legal duty exists, including the foreseeability element, is typically a legal question.  However, if the essential facts about foreseeability as an element of the defendant's duty are disputed, the question is a fact issue for the jury.") (citations omitted).

all involved claims against Defendants (CT2—Distributors; CT4—Manufacturers; Distributors; Walgreens; CT5—Tribal claims against Manufacturers and Distributors; CT6—Manufacturers) for which this Court had presided over full pretrial proceedings in CT1. *See* ECF 2941 at 4 ("As it happened, however, all but the pharmacy defendant in the Track One bellwether trial settled less than 10 hours before opening statements."). *By contrast*, when the Court established this and the other CT7-11 bellwethers involving claims against additional Pharmacy Defendants like Albertsons over which the Court has not yet presided, it scheduled these cases so that it would retain jurisdiction through the completion of pretrial proceedings. *See* ECF 3769, 3817-3820 (CT7-11 Case Management Orders). Albertsons' argument thus ignores the "strategic" component of this Court's strategic remands, which does not support discretionary remand here.

In sum, the Court was and is well within its discretion in ordering that summary judgment motions be decided herein before this case is remanded for trial.

## CONCLUSION

For all of the reasons set forth, Albertsons' Motion for Suggestion of Remand should be denied.

Dated: August 21, 2024

Respectfully submitted,

Jayne Conroy
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
jconroy@simmonsfirm.com

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

10

Paul T. Farrell, Jr., Esq.
FARRELL & FULLER LLC
270 Munoz Rivera Avenue
San Juan, PR  00918
(304) 654-8281
paul@farrellfuller.com

*Plaintiffs' Co-Lead Counsel*

*/s/Peter H. Weinberger*
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY &LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

*/s/Peter H. Weinberger*
Peter H. Weinberger