IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>**This document relates to:** *Track 9* **Case No. 1:18-op-45274-DAP**<br><br>TARRANT COUNTY, TEXAS,<br><br>         Plaintiff,<br><br>   v.<br><br>PURDUE PHARMA, et al.,<br><br>         Defendants. | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

### ALBERTSONS' REPLY IN FURTHER SUPPORT OF MOTION FOR SUGGESTION OF REMAND

Albertsons, Inc., Albertsons, LLC, Safeway, Inc., Randall's Food & Drug, LP, and United Supermarkets, LLC (collectively, "Albertsons") file this Reply in Further Support of Motion for Suggestion of Remand ("Motion") in connection with the Track 9 Bellwether Case, with incorporated memorandum of points and authorities in support thereof.

### INTRODUCTION

Plaintiff's Opposition to Motion for Suggestion of Remand ("Opposition") begs the question – if not now, when? This Court will not try this case, and Plaintiff has not suggested otherwise. Albertsons' Motion for Suggestion of Remand ("Motion") identifies several specific factors which demonstrate why remand is appropriate at this time for *this* case. While Albertsons appreciates the benefits of coordination that an MDL provides, each individual case which is part of an MDL has unique characteristics, in addition to differences in state law, that distinguish it

1

from other cases. Remand now would afford a Texas judge the opportunity to gain familiarity with the issues which will no doubt be raised at trial, promote efficiency in scheduling, and allow a judge sitting in Texas to hear claims brought under Texas law.

## **LEGAL ARGUMENT**

**I. ALBERTSONS HAS NO HIDDEN OR ULTERIOR MOTIVE IN REQUESTING REMAND AT THIS TIME, AND IS NOT SEEKING RECONSIDERATION OF ANY OTHER ORDERS.**

First, Albertsons must address some insinuations in the Opposition that, at best, suggest bad faith on Albertsons' part, and at worst, verge on conspiratorial and insulting. The Opposition repeatedly charges Albertsons with attempting to "evade" and "relitigate" this Court's prior rulings (e.g., Opp., p. 2), and asserts that Albertsons is trying to have this Court reconsider rulings it has made in other contexts, raising inapplicable legal concepts which only apply to reconsideration motions. It accuses Albertsons of "holding back summary judgment arguments from this Court to be raised and decided after remand," because in its Motion, Albertsons referred to "other summary judgment motions." (*Id.*) Despite the fact that Plaintiff also filed no *Daubert* motions, Plaintiff also takes umbrage at "Albertsons' seemingly strategic decision to file no *Daubert* motions within this Court's deadline," without any suggestion as to how remand now versus later has any impact on this decision.

Simply put, Plaintiff's assumptions are wrong. To make Albertsons' position clear: it is **not** trying to play any sort of strategic games. It **is** trying to ensure that this case proceeds as efficiently as possible. Albertsons has filed its summary judgment motion and has made its summary judgment argument, which is predicated on principles of Texas law. Because this Motion was filed on the deadline for summary judgment motions, Albertsons' reference to "other summary judgment motions" was included because it did not know whether the Plaintiff might

2

be filing its own summary judgment motion—as counsel for the Plaintiff have recently done in other pharmacy cases. With respect to *Daubert* motions, this Court has previously entered *Daubert* rulings regarding the same Plaintiff experts and has made clear that the parties shall not file duplicative arguments.  Albertsons request for remand is based on the recognition that discovery is complete and what remains to be decided in this case involves issues of Texas law.

Finally, Plaintiff selected this matter as a bellwether knowing that remand to the United States District Court for the Northern District of Texas was inevitable.[1]  If there is any hidden strategy at play here, it seems that could just as easily be attributed to Plaintiff, which is objecting to returning this matter to the transferor court. Plaintiff itself alleged in its Supplemental and Amended Allegations to be added to "Short Form for Supplementing Complaint and Amending Defendants and Jury Demand" that "Plaintiff Tarrant County has been deeply affected by the opioid crisis." (ECF 3739 (5/19/2021), ¶ 7); who better to decide these motions and interpret central issues of Texas state law than a Texas court? As explained in the Motion, Albertsons' only intention is to do what makes sense for this particular bellwether action, and that is to remand this matter now.

**II.  THE SEVEN OTHER ORDERS PLAINTIFF RELIES UPON ARE NOT CONTROLLING, AND EVEN IF THEY WERE, ALBERTSONS DOES NOT SEEK RECONSIDERATION OR TO RELITIGATE THEM.**

Plaintiff listed seven other orders in the MDL that it purports dictate that *Daubert* motions and summary judgment motions be decided by this Court, rather than the transferor court. For the

---

[1] Although styled as Plaintiff's Opposition, the Lanier Law Firm, lead counsel for Tarrant County and the only law firm to sign Plaintiff Tarrant County's Supplemental and Amended Allegations to be added to "Short Form for Supplementing Complaint and Amending Defendants and Jury Demand" did not sign the opposition and does not appear in the list of firms opposing the suggestion of remand.

3

reasons below, Plaintiff's reasoning is misguided.

In its Opposition, Plaintiff identified the first case management order in Track 9, and the subsequent amended case management order. (Opp., p. 1, fn.1; *see* ECF 3817 (8/10/21) at 8; ECF 4407 (5/2/22) at 2-3.) Neither were entered in a context where remand was requested, and remand, including at what point it might be appropriate, is not mentioned in either order. Plaintiff appears to be relying on the fact that the orders set forth a briefing schedule for *Daubert* and dispositive motions, and in connection therewith directs the parties to coordinate on page limits and to avoid duplicative briefing based on what had already been raised in other bellwether cases. Albertsons is not seeking to change the briefing schedule, and nothing about remand will prevent the parties from adhering to that schedule.[2] The fact that the Court directed the parties to avoid unnecessarily lengthy or duplicative briefing arguably contemplates that this Court would hear similar motions to those heard in the other Tracks, but it does not expressly state or opine about whether that is necessary or appropriate. Furthermore, the first case management order was entered over three years ago (ECF 3817 (8/10/21)), and the amended case management order was entered over two years ago (ECF 4407 (5/2/22)). Absent any clear and express holding that remand would not be appropriate until after *Daubert* and dispositive motions were decided by this Court, there is nothing in the case management orders to prevent this Court from addressing, now for the first time, the issue of when remand will be appropriate for *this* case.

Three of the other orders Plaintiff cites are single-page modifications of the Track 9 deadlines, and provide no implication that the Court intended to rule on *Daubert* and dispositive motions before remand. (ECF 5143 (8/8/23); ECF 5283 (12/28/23); ECF 5330 (2/23/24).) The

---

[2] Neither case management order contains a hearing date for *Daubert* or dispositive motions, and so no adjustment of a hearing date is required.

4

remaining two orders are directed at several Tracks. The first is an order staying proceedings in Tracks 7-11 against certain of the pharmacy defendants to accommodate settlement discussions. (ECF 04932 (3/6/23).) Remand, and when it would be appropriate for any of the Tracks (including Track 9), is not mentioned. The final single-page order referenced by Plaintiff is directed only at Tracks 8 and 10. (ECF 5202 (9/22/23).) Its only potential relevance is that it sets forth briefing deadlines for *Daubert* and dispositive motions, though it also makes no indication that this Court intended to hear those motions, let alone that the issue of remand had been settled.

As reflected above, this is Albertsons' first request for remand. None of the "seven Orders" (Opp., p. 4) were entered in the context of any discussion regarding remand. Plaintiff's reliance on the legal standard for reconsideration is misplaced. Albertsons has no burden to identify "new law," "new facts," or any "manifest error in fact or law" (*id.* at pp. 3-4) to justify remand, and remand would not require reconsideration of any previously entered order.

### III. REMAND IS APPROPRIATE AND IN ACCORD WITH THE APPLICABLE LEGAL PRINCIPLES.

Plaintiff is correct that a suggestion for remand is discretionary. (*See* Opp., p. 5.) However, while Plaintiff cites a handful of cases which recognize that a transferee court can hear summary judgment motions, none of them expressly held that a transferee court ***must*** hear them. (See Opp., p. 5); *see also In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006) ("When remand occurs depends upon the circumstances of the litigation and the recommendation of the transferee court."); *United States ex rel. Debra Hockett v. Columbia/HCA Healthcare Corp.*, 498 F. Supp. 2d 25, 37-38 (D.C. Cir. 2007) ("rulings on motions for summary judgment – are pretrial proceedings that ***may*** properly remain before the transferee court… the decision whether to suggest remand is in the Court's sound discretion." (emphasis added).) Nor did Albertsons argue that remand is "mandatory" as a legal matter in its Motion, as Plaintiff

5

suggests. (*See* Opp., p. 6.) Rather, Albertsons argues that, under the circumstances and current posture of this case, it is appropriate for this particular bellwether to be remanded now, for all the reasons stated in Albertsons' Motion. (Mot., pp. 3-4) (affording the transferor judge an opportunity to become familiar with issues which will inevitably arise at trial, allow time for a trial of this magnitude to be practically and efficiently scheduled, allowing a Texas judge to decide issues of Texas law).

During the bellwether selection process, this Court even explained, "Obviously, if the cases need trial, they will need to be remanded to those Districts. Whether or not I keep them also for dispositive motions and Daubert motions, that's something I would probably discuss with Judge Caldwell who chairs the JPML." (Trans. of Status Conference, Mar. 10, 2021, 6:7-12; see also Trans. of Status Conference, April 7, 2021, 11:25-12:4 ("[M]y plan is to keep these cases, at least through discovery. I think it's more efficient that way. I will discuss with Judge Caldwell, who shares [sic] the JPML, her preference on whether I keep the cases all the way through dispositive motions.") (true and accurate copies of the foregoing transcripts are attached hereto as **Group Ex. A**).) [3]

Plaintiff asserts that because there are two bellwethers and 73 other potential non-bellwether cases which involve Albertsons, that "the Court's Orders scheduling summary judgment before remand will further the expeditious resolution of this litigation." (Opp,, p. 7.) [4]

---

[3] These statements also reflect why Plaintiff's reliance on the scheduling orders to suggest that this Court has conclusively ruled that it would hear *Daubert* and dispositive motions before remand is misplaced.

[4] Plaintiff also references Track 15, a bellwether case that may involve Texas law but does not involve Albertsons. Therefore, it is speculative whether the defendants in Track 15 will be in a position to raise the same arguments that Albertsons has in this matter. Since Albertsons is not a party to Track 15 it is less familiar with that bellwether action, but a review of the docket suggests that the claims are exclusively or primarily against pharmacy benefits managers

This statement mischaracterizes the procedural posture in several ways. As explained above, the referenced "Court's Orders" do not "schedul[e]" summary judgment before remand, but merely set briefing dates which the parties can still adhere to regardless of remand. Additionally, neither bellwether involving Albertsons raise issues under Texas law, and of the 73 other MDL cases which do involve Albertsons, only two involve Texas law. Therefore, the utility of having this Court decide summary judgment is outweighed by the other practical and logical reasons for remand to the transferor court at this time.

Plaintiff also asserts that the Court's intention when it established the Tracks 7-11 bellwethers was to "retain jurisdiction through the completion of pretrial proceedings." (*Id.* at p. 10.) First, as with the above Orders, Plaintiff cites no orders from Tracks 7-8 or 10-11 which expressly rule that the Court would hear and rule on summary judgment and Daubert motions before remand. Second, since the Court entered scheduling orders for those Tracks, many pharmacy defendants have settled. It is therefore less useful to require that Albertsons have its summary judgment motion heard by this Court, rather than remanding to the transferor court as the case moves towards trial.

## **CONCLUSION**

Albertsons' summary judgment motion rests on issues of Texas law that have not been previously interpreted or decided by this Court, and which are best addressed by the judge sitting in Texas which will hold a trial on any issues which may survive summary judgment. For these reasons, and the reasons set forth in the Motion, Albertsons requests that this Court suggest remand to the JPML.

---

("PBMs"), and such claims against PBMs are fundamentally different than claims against retail pharmacies.

[*Signature follows*]

Dated:   August 28, 2024  Respectfully submitted,
By: */s/ Francis A. Citera*
One of Defendants' Attorneys

Francis A. Citera, citeraf@gtlaw.com
Gretchen N. Miller, millerg@gtlaw.com
Greenberg Traurig, LLP
77 W. Wacker Drive, Suite 3100
Chicago, IL  60601
Tel: (312) 456-8400
Fax: (312) 456-8435

*Counsel for Defendants Albertsons, Inc., Albertsons, LLC, Safeway, Inc., Randall's Food & Drug, LP, and United Supermarkets, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 28, 2024, a true and correct copy of the Albertsons Defendants' Reply in Further Support of Motion for Suggestion of Remand was served upon the parties of record using the CM/ECF system.

*/s/ Francis A. Citera*
Francis A. Citera
