UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) MDL 2804 ) ) Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO: | ) ) Judge Dan Aaron Polster ) |
| *ALL THIRD PARTY PAYOR ACTIONS* | ) |

**JOINT DECLARATION OF PAUL J. GELLER AND ELIZABETH J. CABRASER IN SUPPORT OF THIRD PARTY PAYOR PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND DIRECTION OF NOTICE UNDER FEDERAL RULE OF CIVIL PROCEDURE 23(e)**

We, Paul J. Geller and Elizabeth J. Cabraser, declare and state as follows:

1. I, Paul J. Geller, am an attorney admitted to practice in the state of Florida. I am the managing partner of Robbins Geller Rudman & Dowd LLP's ("Robbins Geller") Boca Raton, Florida office, a founding partner of the firm, a member of its Executive and Management Committees, and head of the firm's Consumer Practice Group. This declaration is based upon my personal knowledge unless otherwise indicated. If called upon to testify as to the matters stated herein, I could and would competently do so.

2. I, Elizabeth J. Cabraser, am an attorney admitted to practice in the state of California. I am a founding partner of Lieff Cabraser Heimann & Bernstein LLP ("Lieff Cabraser") and a member of the firm's Executive Committee. This declaration is based upon my

- 1 -

personal knowledge unless otherwise indicated. If called upon to testify as to the matters stated herein, I could and would competently do so.

3. We submit this Joint Declaration in support of Third Party Payor ("TPP") Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Direction of Notice Under Federal Rule of Civil Procedure 23(e).

4. We are proposed Co-Lead Settlement Class Counsel in this action. Mr. Geller's firm represents proposed Settlement Class Representatives Cleveland Bakers and Teamsters Health and Welfare Fund ("Cleveland Bakers") and Pipe Fitters Local Union No. 120 Insurance Fund. Ms. Cabraser's firm represents proposed Settlement Class Representatives American Federation of State, County and Municipal Employees District Council 37 Health & Security Plan and Pioneer Telephone Cooperative, Inc. Employee Benefits Plan.

5. We are both members of the Plaintiffs' Executive Committee ("PEC") in this MDL and are both also members of the Court-appointed Settlement Negotiating Committee in this MDL.

I. **Litigation and Settlement History**

6. By the end of 2017, dozens of TPPs filed lawsuits against defendants across the prescription opioid supply chain for their alleged roles in causing the nationwide opioid epidemic. On December 5, 2017, the Judicial Panel on Multidistrict Litigation centralized the federal court cases in this Court, which became MDL 2804, *In re National Prescription Opiate Litigation*.

7. In addition to the scores of actions filed by TPPs, including the above-named proposed Settlement Class Representatives, this MDL consists of thousands of lawsuits filed by cities and counties, Native American tribal governments and related tribal entities ("Tribes"), babies born addicted to opioids, and health care providers. Broadly speaking, Plaintiffs in this MDL allege that opioid manufacturers, distributors, and opioid-dispensing pharmacies acted in

concert to aggressively market prescription opioids and flood the country with inordinate quantities of opioids in order to vastly increase their profits, misleading medical professionals into prescribing – and TPPs into paying for – a massive oversupply of dangerous controlled substances.

8. The TPPs that comprise the proposed Settlement Class are private plans, such as Taft-Hartley funds, that provide health and welfare benefits to their members and their members' families, including reimbursement for some or all of the costs of prescription opioids that were included in their approved formularies, and often for the resulting medical expenses (*e.g.*, opioid use disorder treatment and emergency visits). TPPs claim that hundreds of thousands of individuals in the United States have died from an opioid overdose, and TPPs have spent billions of dollars on their members' opioid prescriptions and resulting medical care. Settling Distributors have denied all alleged wrongdoing.

9. TPP Plaintiffs first filed cases in late 2017 through early 2019, the vast majority of which were centralized in this MDL. On February 21, 2020, the Court denied in part Marketing Defendants', Distributor Defendants', and Pharmacy Defendants' motions to dismiss the Corrected Unredacted Amended Complaint brought by the TPP "briefing bellwether" Plaintiffs: Cleveland Bakers and Pipe Fitters Local Union No. 120 Insurance Fund. *See In re Nat'l Prescription Opioid Litig.*, 440 F. Supp. 3d 773 (N.D. Ohio 2020). The Court also subsequently denied certain Defendants' motions to certify the Cleveland Bakers motion-to-dismiss Order for interlocutory appeal. *See* ECF 3289.

10. For several years after that, the Court activated and adjudicated other cases in this MDL before turning again to the long-stayed claims by the TPPs. Following a months-long bellwether selection process, on October 25, 2023, the Court entered an Order identifying four bellwether cases brought by TPP Plaintiffs ("TPP Bellwether Plaintiffs"), which cases were

designated CT16 through CT19.  *See* ECF 5225.  On December 26, 2023, the Court issued the Case Management Order for Third Party Payor Bellwether Cases, which set certain deadlines governing TPP Bellwether Plaintiffs' amendment of their pleadings.  ECF 5281.  On February 15, 2024, TPP Bellwether Plaintiffs served their Amended Complaints.  *See* ECF 5313-5316.  On April 9, 2024, the Court granted Defendants' Joint Motion to Stay Deadlines in the *Nunc Pro Tunc* Amended Case Management Order for Tracks 16-19.  ECF 5396.  On May 30, 2024, Settling Distributors filed a Joint Motion to Sever and Stay proceedings in order to negotiate settlement documentation, which the Court granted.  ECF 5470.

11.	The parties to the proposed TPP Class Settlement initially engaged in preliminary settlement negotiations in 2022, leading to an in-person, all-day mediation with the Honorable Layn Phillips on September 12, 2022.  Although that mediation did not succeed, conversations between the parties about settlement structure continued.  On February 14, 2024, Settling Distributors agreed to mediate again with members of the Court-appointed Settlement Negotiating Committee, who represent TPP Plaintiffs and proposed Settlement Class Representatives in this MDL; the two of us (Paul Geller and Elizabeth Cabraser); our partners Mark Dearman and Eric Fastiff; and Co-Lead Counsel Jayne Conroy and PEC member Peter Mougey.  This mediation took place with the assistance of Mr. Fouad Kurdi, who successfully mediated previous opioids settlements and has become a "go-to" mediator in this MDL and related opioid litigation, including the TPP class settlement in *In re: McKinsey & Co., Inc. Nat'l Prescription Opiate Consultant Litig.*, MDL No. 2996 (N.D. Cal.) ("*McKinsey*"), which has been granted final approval by Judge Breyer.  The parties participated in an intensive series of telephonic discussions and information exchanges, culminating in an all-day, in-person mediation in New York City, New York, with Mr. Kurdi on April 15, 2024.

12. The 2024 mediation proved successful only after hard-fought negotiations, which began months prior to the day of the in-person mediation and continued for the next three months as part of the process of reducing the settlement to writing. This Settlement is the result of those extensive, informed, and arm's-length negotiations.

## II. Settlement Benefits and Anticipated Recovery

13. Attached hereto as **Exhibit A** is a true and correct copy of the Settlement Agreement Among Third Party Payors and Settling Distributors.

14. The Settlement benefits are discussed at length in the accompanying memorandum of points and authorities, and in the proposed Notice, among other places.

15. In short, Settling Distributors have agreed to pay $300 million into a Settlement Fund.

16. Attached as **Exhibit F** is the Declaration of Dr. Meredith Rosenthal. Dr. Rosenthal is a Professor of Health Economics and Policy at the Harvard T.H. Chan School of Public Health. Dr. Rosenthal's Declaration sets out TPP Plaintiffs' proposed Plan of Allocation among members of the proposed Settlement Class.

## III. Selection of Notice and Claims Administrator

17. Attached hereto as **Exhibit B** is a Proposed Long-Form Notice, which substantially reflects the notice to be disseminated.

18. Attached hereto as **Exhibit C** is a Proposed Postcard Notice, which substantially reflects the notice to be disseminated.

19. Attached hereto as **Exhibit D** is a Proposed Claim Form, which substantially reflects the claim form to be disseminated.

20. A.B. Data, Ltd. ("A.B. Data") is a nationally recognized, highly experienced notice and claims administrator that has in over 20 TPP class actions provided claim administration and email and direct mail notice to TPPs, including recently in the TPP class settlement in *McKinsey*. A.B. Data will provide direct notice to Class members through a combination of mail, email, and internet publication of the Settlement and of every Class member's right to participate or opt out. The proposed Notice will also be posted on a TPP-Distributor Settlement website, which will be cross-linked from the master National Opioids Settlement website (http://nationalopioidsettlement.com). The content of the proposed Notice clearly articulates the terms of the Settlement and Class members' rights and options in plain, easily understood language.

21. Attached hereto as **Exhibit E** is the Declaration of Eric J. Miller, Senior Vice President of Case Management at A.B. Data, which describes A.B. Data's qualifications and experience in administering complex settlements, including those involving TPP Class members.

## IV. Proposed Settlement Class Representatives

22. The proposed Settlement Class Representatives are Cleveland Bakers and Teamsters Health and Welfare Fund; Pipe Fitters Local Union No. 120 Insurance Fund; Pioneer Telephone Cooperative, Inc. Employee Benefits Plan; American Federation of State, County and Municipal Employees District Council 37 Health & Security Plan; Louisiana Assessors' Insurance Fund; and Flint Plumbing and Pipefitting Industry Health Care Fund.

23. The proposed Settlement Class Representatives, which include named Plaintiffs in actions centralized in this MDL, two TPP briefing bellwethers, and two TPP litigation bellwethers, understand their duties, have agreed to consider the interests of absent Settlement Class members, and have reviewed and uniformly endorse the Settlement terms. Each Representative has also

expressed its continued willingness to protect the Settlement Class until the Settlement is approved and its administration completed.

24. The proposed Settlement Class Representatives have participated actively in the case, including: filing complaints and amended complaints; complying with the TPP bellwether selection process and engaging in Plaintiff-side discovery by producing sensitive documents, information, and claims data; and communicating with their counsel regarding the strategy, status, and settlement of the litigation. The Settlement Class Representatives who serve as TPP Bellwether Plaintiffs or briefing bellwethers have also amended their complaints to conform with the best new evidence in the MDL, briefed important issues, served numerous subpoenas, and/or negotiated production of claims data with third parties and Defendants.

## V. Proposed Settlement Class Counsel and Co-Lead Settlement Class Counsel

25. Mr. Geller, Ms. Cabraser, Mr. Dearman, and Mr. Fastiff are proposed Settlement Class Counsel based on our collective experience in TPP litigation, including opioid litigation. Mr. Geller and Ms. Cabraser, both of whom have served since its inception as members of the Court-appointed Plaintiffs' Negotiating Committee are proposed Co-Lead Settlement Class Counsel given our active and ongoing efforts to prosecute and resolve opioid cases against many defendant groups in this MDL, and in the related MDL 2996, *McKinsey*. Together, our two firms have undertaken an enormous amount of work, effort, and expense in this MDL on behalf of the proposed TPP Settlement Class.

26. Mr. Geller is a founding partner of Robbins Geller, where he has handled cases in each of the firm's practice areas for nearly 30 years. Mr. Geller and his firm have held lead roles in some of the country's most impactful class actions and MDLs, including TPP class actions. For example, Mr. Geller was Lead Counsel in *In re Facebook Biometric Info. Privacy Litig.*, No. 3:15-

cv-03747 (N.D. Cal.) ($650 million all-cash settlement), which at the time was the largest-ever, cash-funded privacy settlement and achieved a record-breaking claim rate.  Mr. Geller is currently a member of the PEC and Settlement Negotiating Committee in this MDL, in which he played a significant role in helping to negotiate and implement each of the national settlements that have been reached thus far.  With respect to recent TPP class actions, Mr. Geller was appointed as Co-Class Counsel for TPPs in the *McKinsey* MDL and was Lead Counsel in *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, MDL No. 2785 (D. Kan.) ($609 million class settlement fully approved with no objections).

27.  Mark J. Dearman is a partner in Robbins Geller's consumer group, where his practice focuses on consumer fraud, securities fraud, mass torts, antitrust, and whistleblower litigation.  He shares responsibility with Mr. Geller for litigating on behalf of cities, counties, and TPPs in this MDL, and he has been instrumental in the recent settlement of TPP litigation in *McKinsey*.  Most recently, Mr. Dearman is leading the charge where Robbins Geller was appointed Interim Co-Lead Class Counsel in a class action against major boating brokerages and yacht broker associations, *Ya Mon Expeditions, LLC v. Int'l Yacht Brokers Ass'n., Inc.*, No. 1:24-cv-20805-KMM (S.D. Fla).  He was appointed to the Plaintiffs' Steering Committee and serves as Chair of the class action track in *In re Zantac (Ranitidine) Prods. Liab. Litig.*, No. 9:20-md-02924-RLR (S.D. Fla.), representing consumers and TPPs, and was Chair of the Plaintiffs' Executive Committee in *In re Apple Inc. Device Performance Litig.*, No. 5:18-md-02827-EJD (N.D. Cal.) ($310 million settlement).

28.  Robbins Geller is one of the nation's largest plaintiffs' side MDL, aggregate litigation, and class action law firms in the country.  Robbins Geller has a long history of achieving record- and precedent-setting recoveries across multiple class action practice areas.  The firm's

attorneys have secured the largest-ever antitrust class action recovery (*In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.*, MDL No. 1720 (E.D.N.Y.) ($5.7 billion as co-lead counsel)); largest-ever securities fraud class action recovery (*In re Enron Corp. Sec. Litig.*, MDL No. 1446 (S.D. Tex.) (as sole lead counsel)); and then-largest-ever privacy class action recovery (*In re Facebook Biometric Info. Privacy Litig.*, No. 3:15-cv-03747-JD (N.D. Cal.) ($650 million as co-lead counsel)).

29. Ms. Cabraser, a founding partner of Lieff Cabraser, has served as Court-appointed lead, co-lead, or class counsel in scores of federal multi-district and state coordinated proceedings. She has 46 years' experience representing plaintiffs in aggregate litigation and has served in Court-appointed roles in numerous MDLs, recently as Lead Counsel in: *In re Chrysler-Dodge-Jeep EcoDiesel Mktg., Sales Pracs. & Prod. Liab. Litig.*, MDL No. 2777 (N.D. Cal.); Lead Counsel in *In re: Volkswagen "Clean Diesel" Mktg., Sales Pracs. & Prod. Liab. Litig.*, MDL No. 2672 (N.D. Cal.); Co-Lead Counsel in *In re Gen. Motors, LLC Ignition Switch Litig.*, MDL No. 2543 (S.D.N.Y.), and *Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs. & Prod. Liab. Litig.*, MDL No. 2151 (C.D. Cal.); and PSC/Class Counsel in *In re Oil Spill by the Oil Rig Deepwater Horizon*, MDL No. 2179 (E.D. La.). She is currently a member of the PEC and Settlement Negotiating Committee in this MDL and serves as Plaintiffs' Lead Counsel in *McKinsey*, MDL No. 2996 (N.D. Cal.), in which national settlements for cities and counties, school districts, Tribes, and TPPs have been reached and approved. To date, the cities/counties' and schools' settlements have been granted final approval as class settlements with distribution underway; the Tribes settlement has been completed and distributed; and the TPP class settlement was granted final approval on August 2, 2024. Ms. Cabraser is an emeritus member of the American Law Institute Council and a Fellow of the American Academy of Arts and Sciences,

served from 2010-2017 on the Federal Civil Rules Advisory Committee, and currently serves on the Federal Committee for Rules of Practice and Procedure.  Ms. Cabraser lectures on multi-district and aggregate litigation at Berkeley and Yale Law Schools, is Editor-in-Chief of *California Class Action Practice and Procedure*, Executive Editor of the ABA's annual *The Law of Class Actions* (current ed. 2024), and frequently writes on class action, MDL, and complex litigation topics.

30. Eric B. Fastiff is a partner in Lieff Cabraser's San Francisco office, where he has 27 years' experience in litigating on behalf of TPPs, consumers, large and small businesses, governments, and Native American tribes and their health providers.  Mr. Fastiff previously chaired the firm's Antitrust and Intellectual Property practice group, and founded and currently chairs the firm's Native American Tribal practice group.  He has proven instrumental in the nearly final settlement of TPP litigation in *McKinsey*.  In that case, in addition, he works with Ms. Cabraser to oversee all aspects of litigation and the various settlements.  Mr. Fastiff also served as co-lead counsel in the California *Cipro* litigation, representing consumers and TPPs in a 17-year-long antitrust case that resulted in settlements totaling $399 million, and in *In re Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litig.*, MDL 2819 (E.D.N.Y.) ($29.2 million consumer and TPP settlement).

31. Lieff Cabraser has participated in many of the most important class and complex cases in the country, helping recover over $124 billion in verdicts and settlements nationwide.  The firm's service as court-appointed counsel includes more than 83 cases with verdicts or settlements valued of at least $100 million, and 28 cases in excess of $1 billion, including $42 billion in tobacco settlements (for several state AGs and 18 California cities and counties); over $14 billion in settlements of the Volkswagen "clean diesel" emissions fraud; over $11 billion in the Deepwater Horizon class settlement; $6.25 billion in reparations to Holocaust victims in the Swiss Banks,

Austrian, and German Holocaust Cases; and over $5 billion in the Silicone Gel Breast Implants class action settlements and Dow Corning bankruptcy.

## VI. Common Benefit and Hours, and Costs Incurred

32. Proposed Class Counsel intend to seek attorneys' fees not to exceed 20% of the Settlement Fund, plus all reimbursable costs and service awards. TPP Plaintiffs' forthcoming fee motion, to be filed with the motion for final approval and heard in conjunction with the Fairness Hearing, will include the rationale and necessary details in support of their request.

33. Proposed Class Counsel will provide additional information regarding time, expenses, and rationale for their request in the fee application so that Class members have the opportunity to comment on or object to the requested fees prior to the Fairness Hearing.

34. The amount awarded by the Court as fees and costs will be paid from the $300 million Settlement Funds and will include the common benefit obligations due under the Court's common benefit-related Orders. The common benefit attorneys' fee shall be allocated by the Fee Panel among qualified applicants: firms that: (1) represent litigating TPPs against the Settling Distributors (parallel to requirements in prior governmental entity settlements); and (2) did work that inured to the common benefit. The fee award net of the common benefit assessment shall be allocated by Co-Lead Settlement Class Counsel among counsel who have performed authorized work for the benefit of the Settlement Class, with any appeals to such allocation going to Special Master Cohen.

- 12 -

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on August 29, 2024 in Aspen, Colorado.

_____
Paul J. Geller

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on August 29, 2024 in San Francisco, California.

_____
Elizabeth J. Cabraser