EXHIBIT B

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**NOTICE OF CLASS ACTION SETTLEMENT**

**If you are a Third-Party Payor that paid or reimbursed costs for
prescription opioids or paid or incurred costs for treatment related to
opioid misuse, addiction, and/or overdose, a class action lawsuit may
affect your rights.**

*This Notice is being provided by Order of the U.S. District Court.
It is not a solicitation from a lawyer. You are not being sued.*

A lawsuit is pending in the United States District Court for the Northern District of Ohio (the "Court") where Third-Party Payor Plaintiffs claim that Defendants played a central role in the opioid crisis. They claim that to sell as many prescription opioids as possible, opioid drug manufacturers misrepresented the risks and safety of long-term prescription opioid use and drug distributors did not properly monitor or report suspicious orders. Defendants deny any wrongdoing.

A settlement has been reached with Cencora, Inc., Cardinal Health, Inc., and McKesson Corporation (the "Settling Distributors"). The settlement for Third-Party Payors ("TPPs") provides for a cash payment of $300,000,000 (the "Settlement"). The Settlement is subject to Court approval.

Your legal rights and options are explained below.

Plaintiffs will ask the Court to certify for Settlement the following TPP Class:

> All entities that paid and/or were reimbursed for (i) opioid prescription drugs manufactured, marketed, sold, distributed, or dispensed by any of the Defendants and/or Opioid Supply Chain Members for purposes other than resale, and/or (ii) paid or incurred costs for treatment related to the misuse, addiction, and/or overdose of opioid drugs, on behalf of individual beneficiaries, insureds, and/or members, during the time period from January 1, 1996 to the date of entry of the Preliminary Approval Order.

> For clarity, the Class includes but is not limited to: (a) private contractors of Federal Health Employee Benefits plans, (b) plans for self-insured local governmental entities that have not settled claims in MDL No. 2804, (c) managed Medicaid plans, (d) plans operating under Medicare Part C and/or D, and (e) Taft-Hartley plans.

> The following are excluded from the Class:

>> (a) all federal governmental entities and all state and local governmental entities whose claims have been released by a prior settlement with the Settling Distributors, (b) PBMs, (c) consumers, (d) fully insured plan sponsors, and (e) Excluded Insurers, including the related entities as listed in the definition of Excluded Insurers.  For the avoidance of doubt, (i) entities that are administered or operated, but not owned, by an Excluded Insurer and (ii) entities that own an

- 1 -

interest, even a controlling interest, in a PBM, are not excluded from the Class, unless they are an Excluded Insurer or are otherwise excluded; and (f) the Settling Distributors and their subsidiaries, affiliates, and controlled persons; officers, directors, agents, servants, or employees of any Settling Distributor, and the immediate family members of any such persons; and persons and entities named as Defendants in any of the Actions coordinated under or parallel to MDL No. 2804.

*As explained more fully below, Excluded Insurers include parents and subsidiaries of the following corporate families: Aetna, Anthem, Cigna, Humana, and UnitedHealth.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **CLAIM YOUR SHARE OF THE SETTLEMENT** | If you are a member of the Class and want to participate in the distribution of the Settlement Fund, you need to complete and return a Claim Form. The Claim Form, and information on how to submit it, are available on the Settlement website. Claim Forms must be postmarked (if mailed) or received (if submitted online) on or before [**Month 00, 2024**]. |
| **EXCLUDE YOURSELF FROM THE TPP CLASS** | This option allows you to exclude yourself from the TPP Class in this Settlement and instead file your own lawsuit against the Settling Distributors that asserts claims related to the allegations or claims in this case. The exclusion deadline is [**Month 00, 2024**]. See Question 13. |
| **OBJECT TO THE SETTLEMENT OR SPEAK AT THE FAIRNESS HEARING** | If you object to all or any part of the Settlement, request for attorneys' fees, reimbursement of expenses, or service awards to the class representatives, or desire to speak in person at the Fairness Hearing, you must file a written letter of objection and/or a notice of intention to speak with the Court by [**Month 00, 2024**]. See Question 18. |

| | |
|---|---|
| **DO NOTHING** | You will not participate in distribution of the Settlement Fund with the Settling Distributors, and you release your claims against the Settling Distributors and give up your rights to be part of any other lawsuit that asserts claims related to the allegations or claims against the Settling Distributors in this case.<br><br>If there are future settlements or judgments with other Defendants, you will be notified about how to participate at that time. |

**THESE RIGHTS AND OPTIONS AND THE DEADLINES TO EXERCISE THEM ARE EXPLAINED IN THIS NOTICE.**

**PLEASE VISIT THE TPP CLASS SETTLEMENT WEBSITE ON AN ONGOING BASIS FOR IMPORTANT SETTLEMENT AND CLAIMS-RELATED UPDATES, INFORMATION, AND FILINGS: [www.XXXXXXX.com].**

**TABLE OF CONTENTS**

**Page**

BASIC INFORMATION ABOUT THE LAWSUIT ..................................................... 4
  1.   Why did I get this Notice? ....................................................................... 4
  2.   What is the lawsuit about? ....................................................................... 4
  3.   Who are the Settling Defendants?............................................................ 4
  4.   What is the current status of the lawsuit? ............................................... 5
  5.   Why is the lawsuit continuing if there is a Settlement?.......................... 5
  6.   What is a class action, and who is involved?........................................... 5
DETERMINING IF YOU ARE A MEMBER OF THE TPP CLASS .......................... 5
  7.   I am a Third-Party Payor that has purchased or reimbursed costs of prescription opioids, or paid or reimbursed for opioid-caused addiction treatment; how do I know if I am a member of the TPP Class? ........................... 5
  8.   What does the Settlement provide?.......................................................... 7
  9.   How does a TPP make a claim for its share of the Settlement Fund? .................. 7
  10.  How much money can a TPP receive? ..................................................... 7
  11.  When will the TPPs receive payment? .................................................... 8
  12.  What happens if there are funds remaining after distribution?.............................. 8
EXCLUSION PROCESS............................................................................................. 8
  13.  What does it mean to request to be excluded from the Settlement? ...................... 8
  14.  What is the Exclusion Process? ............................................................... 8
  15.  What is the legal significance of excluding myself? ............................................ 9
  16.  If I don't exclude myself, can I sue later?.............................................................. 9
IF YOU DO NOTHING ............................................................................................. 9

17.    What happens if I do nothing at all? ................................................................. 9
OBJECTIONS OR COMMENTS ............................................................................................. 10
18.    How do I object to or comment on the Settlement?.......................................... 10
THE LAWYERS REPRESENTING YOU ............................................................................. 11
19.    As a member of the TPP Class, do I have a lawyer representing my
       interests in this class action?........................................................................... 11
20.    How will the lawyers be compensated? Will the class representatives
       receive a service award? ................................................................................. 12
21.    Do I have to attend the Fairness Hearing? ...................................................... 12
22.    May I appear through my own lawyer? ............................................................ 12
THE TRIALS............................................................................................................................ 12
23.    When and where will the trials against the Non-Settling Defendants take
       place? ............................................................................................................... 12
24.    Will I get money after the trials? ..................................................................... 12
GETTING MORE INFORMATION...................................................................................... 12
25.    Where do I get more information?.................................................................... 12

## BASIC INFORMATION ABOUT THE LAWSUIT

**1.    Why did I get this Notice?**
You received this Notice because you requested it or records show that you may be a member of the TPP Class. On [Month 00, 2024], the Court granted preliminary approval to the Settlement and will decide at the Fairness Hearing whether to certify for settlement the TPP Class. The Settling Distributors deny any wrongdoing. You are not being sued. This Notice describes the lawsuit and the rights and options you have.

**2.    What is the lawsuit about?**
Plaintiffs claim that Defendants played a central role in the opioid crisis. They claim that to sell as many prescription opioids as possible, manufacturers misrepresented the risks and safety of long-term prescription opioid use and distributors did not properly monitor or report suspicious orders.

Plaintiffs claim that Defendants' conduct caused substantial, direct, and proximate harm to Third-Party Payor Plaintiffs. Because of the opioid crisis, TPPs claim they have wrongfully had to pay large costs for opioid prescriptions and opioid use disorder treatment.

Defendants deny these claims and that they did anything wrong. The litigation is proceeding, and, at this point, the Court has not decided who is right.

**3.    Who are the Settling Defendants?**
The Settling Defendants are Cencora, Inc., Cardinal Health, Inc., and McKesson Corporation (referred to as the "Settling Distributors").

4.  **What is the current status of the lawsuit?**
    The lawsuit is currently pending in the United States District Court for the Northern District of Ohio before United States District Judge Dan A. Polster. The case name and number are *In Re: National Prescription Opiate Litigation*, No. 1:17-md-2804. Third-Party Payor Plaintiffs have reached a Settlement Agreement with Defendants Cencora, Cardinal, and McKesson (the "Settling Distributors") where the Settling Distributors will pay $300,000,000 if the Court approves the Settlement. If the Court approves this Settlement, it will resolve the claims against the Settling Distributors.

5.  **Why is the lawsuit continuing if there is a Settlement?**
    Only the Settling Distributors listed above in Question 3 have agreed to settle the lawsuit. The case is continuing against the remaining Defendants in the action ("Non-Settling Defendants"). Additional money or benefits may become available in the future as a result of a trial or future settlements, but there is no guarantee that this will happen.

6.  **What is a class action, and who is involved?**
    In class actions, one or more people (or businesses) called the "class representatives" sue on behalf of themselves and other people with similar claims in the specific class action. All of these people together are the "class" or "class members." In a class action, one court may resolve the issues for all class members, except for those who exclude themselves from the class.

## DETERMINING IF YOU ARE A MEMBER OF THE TPP CLASS

7.  **I am a Third-Party Payor that has purchased or reimbursed costs of prescription opioids, or paid or reimbursed for opioid-caused addiction treatment; how do I know if I am a member of the TPP Class?**
    As a **Third-Party Payor**, you may be a member of the TPP Class if you are included in the definitions below:

    Third-Party Payors generally include health insurance companies, third-party administrators, health maintenance organizations, health and welfare plans that make payments from their own funds, and other health benefit providers and entities with self-funded plans that contract with a health insurer or administrator to administer their prescription drug benefits.

    Third-Party Payors also generally include private entities that may provide prescription drug benefits for current or former public employees and/or public benefits programs, but only to the extent that such a private entity purchased or reimbursed costs of prescription opioids or paid or reimbursed for opioid-caused addiction treatment for consumption by its members, employees, insureds, participants, or beneficiaries.

    In this case, you are in the TPP Class if you are an entity that paid and/or were reimbursed for (i) opioid prescription drugs manufactured, marketed, sold, distributed, or dispensed by any of the Defendants and/or Opioid Supply Chain Members for purposes other than resale, and/or (ii) paid or incurred costs for treatment related to the misuse, addiction,

and/or overdose of opioid drugs, on behalf of individual beneficiaries, insureds, and/or members, during the time period from January 1, 1996 to [Month 00, 2024].

The TPP Class includes (a) private contractors of Federal Health Employee Benefits plans, (b) plans for self-insured local governmental entities that have not settled claims in MDL No. 2804, (c) managed Medicaid plans, (d) plans operating under Medicare Part C and/or D, and (e) Taft-Hartley plans.

The TPP Class does not include (a) federal governmental entities and state and local governmental entities, (b) PBMs, (c) consumers, (d) fully insured plan sponsors, and (e) Excluded Insurers, including all related entities listed below.  For the avoidance of doubt, (i) entities that are administered or operated, but not owned, by an Excluded Insurer and (ii) entities that own an interest, including a controlling interest, in a PBM, are not excluded from the Class, unless they are an Excluded Insurer or are otherwise excluded.

Excluded Insurers and their related entities are:

**Aetna** (CVS Pharmacy, Inc., CVS Health Corporation, Aetna Inc., Aetna Life Insurance Company, Aetna Health and Life Insurance Company, and Aetna Health Inc. and (a) all past and present subsidiaries, divisions, predecessors, successors, and assigns (in each case, whether direct or indirect); and (b) all past and present subsidiaries and divisions (in each case, whether direct or indirect) of any entity described in clause (a));

**Anthem** (Elevance Health, Inc. and Anthem Insurance Companies, Inc. and includes:  (a) all past and present subsidiaries, divisions, predecessors, successors, and assigns (in each case, whether direct or indirect); and  (b) all past and present subsidiaries and divisions (in each case, whether direct or indirect) of any entity described in clause (a));

**Cigna** (The Cigna Group, Cigna Health and Life Insurance Company, and Connecticut General Life Insurance Company, and includes:  (a) all past and present subsidiaries, divisions, predecessors, successors, and assigns (in each case, whether direct or indirect); and (b) all past and present subsidiaries and divisions (in each case, whether direct or indirect) of any entity described in clause (a));

**Humana** (Humana Inc., Humana Medical Plan, Inc., Humana Health Plan, Inc., Humana Insurance Company, and includes:  (a) all past and present subsidiaries, divisions, predecessors, successors, and assigns (in each case, whether direct or indirect); and (b) all past and present subsidiaries and divisions (in each case, whether direct or indirect) of any entity described in clause (a));

**UnitedHealth** (UnitedHealth Group, Inc., UnitedHealthcare Insurance Company, and UnitedHealthcare, Inc., and includes:  (a) all past and present subsidiaries, divisions, predecessors, successors, and assigns (in each case, whether direct or indirect); and (b) all past and present subsidiaries and divisions (in each case, whether direct or indirect) of any entity described in clause (a)).

These also include: (1) the respective past and present officers, directors, members, trustees, and employees of any of the Excluded; (2) all past and present joint ventures (whether direct or indirect) of each Excluded Insurer, including in any Excluded Insurer's capacity as a participating member in such joint venture; (3) all direct or indirect parents and shareholders of the Excluded Insurer (solely in their capacity as parents or shareholders of the applicable Excluded Insurer); and (4) any insurer of any Excluded Insurer or any person or entity otherwise described in the definitions for Aetna, Anthem, Cigna, Humana, and UnitedHealth (solely in its role as insurer of such person or entity).

If you are not sure whether you are included in the TPP Class, you may call **1-800-000-0000**, email info@XXXXXX.com, write to XXXXXX Settlement, c/o A.B. Data, Ltd., P.O. Box 173000, Milwaukee, WI 53217-8042, or contact the lawyers in this case at the telephone numbers or addresses listed in Question 19 below. The full TPP Class definition and lists of some entities known to be in the TPP Class can also be found in the Settlement Agreement posted on the Settlement website at **www.XXXXXXXXX.com**.

8. **What does the Settlement provide?**
The Settlement Fund, if approved by the Court, will total $300 million.

| Settling Distributor Defendant | Settlement Amount |
| --- | --- |
| Cardinal | $92,700,000 |
| Cencora | $93,000,000 |
| McKesson | $114,300,000 |
| **Total** | **$300,000,000** |

Any interest earned will be added to the Settlement Fund**.** After deduction of attorneys' fees, reimbursement of litigation expenses, service awards to the class representatives, and notice and claims administration costs, as approved by the Court, the remaining Settlement Fund will be available for distribution to members of the TPP Class that timely file valid claims.

More details about the Settlement are provided in the Settlement Agreement, available at www.**XXXXXXXXXX**.com.

9. **How does a TPP make a claim for its share of the Settlement Fund?**
To make a claim for your share of the Settlement, you must complete and submit a valid Claim Form. You can obtain a Claim Form at **www.XXXXXXX.com or by calling 1-800-000-0000**. Claim Forms must be received (if submitted online) or postmarked (if mailed) by [**Month 00, 2024].**

10. **How much money can a TPP receive?**
At this time, it is unknown how much each eligible TPP Class Member that submits a valid claim will receive. Payments to qualified claimants will be calculated on a proportional (or *pro rata*) basis. The amount of your payment will be calculated based on the Proposed Plan of Allocation available at **www.XXXXXXXXXX.com**.

**11.    When will the TPPs receive payment?**
The Court must approve the Settlement, and any appeals of that decision must be resolved, before any money is distributed to TPP Class Members. The Notice and Claims Administrator must also complete processing of all the Claim Forms and determine distribution amounts. This process can take several months.

**12.    What happens if there are funds remaining after distribution?**
If there are any funds remaining after distribution is complete, those funds will be distributed as the Court orders. No remaining funds will be returned to the Settling Distributors.

**EXCLUSION PROCESS**

**13.    What does it mean to request to be excluded from the Settlement?**
If the TPP does not want to be part of the TPP Class in this Settlement, does not want to file a claim for a Settlement payment, and wants to keep its right to sue the Settling Distributors for the allegations in *In Re: National Prescription Opiate Litigation*, No. 1:17-md-2804, then it must take steps to remove itself. This is called excluding yourself, or "opting out." If you exclude yourself, you may not make a claim for a Settlement payment described in this Notice, and may pursue your own lawsuit.

**14.    What is the Exclusion Process?**
Your decision to stay in, or exclude yourself from, the Settlement is an individual one that must be made, signed, and submitted by you or your representative who is expressly authorized to do so.

Third-Party Payors that want to be excluded from the TPP Class must submit a written request for exclusion to the Notice and Claims Administrator, Co-Lead Settlement Class Counsel, and Settling Distributors. Your request for exclusion must include:

- The title "Opt-Out Form;"
- The name and number of this case, *In Re: National Prescription Opiate Litigation*, No. 1:17-md-2804;
- Your name, address, telephone number, and email address (if available);
- A statement that, under penalty of perjury, you are a legally authorized representative of the TPP Class Member who has the authority to exclude this entity from the Settlement;
- The entity's name, address, telephone number, and email address (if available);
- A statement or other proof showing that the entity would be a TPP Class Member if it does not exclude itself;
- A statement that the entity wishes to be excluded from the TPP Class;
- The complaint and docket number of any case in which entity is a plaintiff against the Settling Distributors related to the allegations in this litigation; and
- Your signature.

Signed exclusion requests must be received by the Notice and Claims Administrator at the following address no later than [**Month 00, 2024**]:

XXXXXX XXXXX
EXCLUSIONS
P.O. Box 173001
Milwaukee, WI 53217

A copy of the signed exclusion request must also be emailed to Co-Lead Settlement Class Counsel and the Settling Distributors at the following email address no later than [**Month 00, 2024**]:

XXXXXX XXXXX

A separate, signed exclusion request must be submitted by each Third-Party Payor choosing to be excluded from the TPP Class. Any Third-Party Payor included in the TPP Class that does not submit a valid request for exclusion providing all necessary information will be bound by the outcome of the case.

**15.**    **What is the legal significance of excluding myself?**
If you exclude yourself, you will not be able to claim any of the Settlement Fund and will not be legally bound by the outcome of the case. You may be able to sue the Settling Distributors for the same conduct alleged in the lawsuit.

**16.**    **If I don't exclude myself, can I sue later?**
No. If you do not exclude yourself (that is, if you remain in the TPP Class and are eligible to receive a distribution from the Settlement Fund), you give up the right to sue the Settling Distributors for the claims in this case. You must exclude yourself from the TPP Class to be able to bring your own, separate lawsuit(s) against the Settling Distributors. Remember, the exclusion deadline is **[Month 00, 2024]**.

**IF YOU DO NOTHING**

**17.**    **What happens if I do nothing at all?**
If you are a TPP Class Member and you do nothing, you will remain in the TPP Class and be bound by the decisions in this lawsuit and about the Settlement. However, if the Settlement is approved, you may be able to participate in the Settlement as described in this Notice. To participate in the Settlement and be eligible to receive a payment, you must complete, sign, and return the Claim Form before the claims filing deadline, [**Month 00, 2024**].

If there are future settlements or judgments with other Non-Settling Defendants, you will be notified about how to participate at that time.

| OBJECTIONS OR COMMENTS |
|---|

**18.** **How do I object to or comment on the Settlement?**
If you are a member of the TPP Class as defined above, and if you did not request to be excluded, you may object to any aspect of the Settlement, including the fairness of the Settlement, the Plan of Allocation, and/or the Class's requests for attorneys' fees and costs, reimbursement of expenses, or service awards to the class representatives.

To object to the Settlement, you (or your lawyer if you have one) must file a written objection with the Court and send the objection to the Notice and Claims Administrator, Co-Lead Settlement Class Counsel, and Settling Distributors at the addresses listed below. You must submit your objection on or before **[Month 00, 2024]**.

Your objection must include:

- Your full name, address, telephone number, and email;
- The case name and number: *In Re: National Prescription Opiate Litigation*, No. 1:17-md-2804;
- A statement that you are objecting to the Settlement, Plan of Allocation, application for attorneys' fees and expenses, and/or application for service awards to class representatives;
- A statement describing your objection(s);
- Any legal support or evidence, such as documents, materials, papers, or briefs, you want the Court to consider;
- A statement saying whether your objection(s) relate(s) only to you, to part of the TPP Class, or to the entire TPP Class;
- Documents proving that you are a TPP Class Member;
- The name, address, telephone number, and email address (if available) of all attorneys representing you (if any);
- A list of all class actions to which you and the attorney(s) representing you (if any) have previously objected;
- A statement saying whether you and/or your attorney intend to appear at the Fairness Hearing;
- A statement confirming that you will submit to the jurisdiction of the Court and agree to follow all Court decisions, including about your objection, your request to be heard, and the Settlement; and
- Your signature.

You <u>must</u> submit your objection to the Court and to the Notice and Claims Administrator postmarked or filed by **[Month 00, 2024]**.

| Clerk of Court | Notice and Claims Administrator |
|---|---|
| Office of the Clerk of Court U.S. District Court for the Northern District of Ohio, Eastern Division Carl B. Stokes U.S. Courthouse 801 West Superior Avenue Cleveland, OH 44113 | XXXXXX P.O. Box 173000 Milwaukee, WI 53217  info@XXXXXXX.com |

You must also email a copy of your objection to Co-Lead Settlement Class Counsel and Settling Distributors at the following address:

XXXXXX XXXXX

A Fairness Hearing will be held on [**Month 00, 2024, at 00:00 X.m.**], as subject to change by the Court. If you would like to attend the Fairness Hearing, please monitor the Settlement website for information on how to attend and for information regarding any changes in time or date.

## THE LAWYERS REPRESENTING YOU

19. **As a member of the TPP Class, do I have a lawyer representing my interests in this class action?**
Yes. The Court has appointed lawyers to represent you and other TPP Class Members. These lawyers are called Co-Lead Settlement Class Counsel. You will not be charged individually for these lawyers. They will ask the Court to approve an award for attorneys' fees and expenses. The following lawyers represent the Class:

Paul J. Geller
**ROBBINS GELLER RUDMAN & DOWD LLP**
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
(561) 750-3000
Co-Lead Settlement Class Counsel

Elizabeth J. Cabraser
**LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
275 Battery Street, Suite 2900
San Francisco, CA  94111
(415) 956-1000
Co-Lead Settlement Class Counsel

**20.** **How will the lawyers be compensated? Will the class representatives receive a service award?**

Class Counsel may seek up to 20% of the Settlement Fund for reimbursement of their fees, in addition to reimbursement of expenses and service awards for the class representatives.

The class representatives are the Cleveland Bakers and Teamsters Health and Welfare Fund; Pipe Fitters Local Union No. 120 Insurance Fund; Pioneer Telephone Cooperative, Inc. Employee Benefits Plan; American Federation of State, County, and Municipal Employees District Council 37 Health & Security Plan; Louisiana Assessors' Insurance Fund; and Flint Plumbing and Pipefitting Industry Health Care Fund.

Any fees and expenses awarded to Class Counsel must be approved by the Court. Class Counsel will ask the Court to award each class representative a service award not to exceed $10,000. The application for attorneys' fees and expenses and service awards will be posted on the Settlement website.

**21.** **Do I have to attend the Fairness Hearing?**

No. Class Counsel will answer any questions the Court may have. But you may attend at your expense. If you send an objection or comment, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also hire your own lawyer at your own expense to attend on your behalf, but you are not required to do so.

**22.** **May I appear through my own lawyer?**

You may appear through your own lawyer, pursuant to Federal Rule of Civil Procedure 23(c)(2). Every lawyer appearing in this case is subject to the Orders of the Court, and you may be responsible for paying your lawyer's fees. If you hire a lawyer to speak for you or appear in Court, your lawyer must file a Notice of Appearance.

## THE TRIALS

**23.** **When and where will the trials against the Non-Settling Defendants take place?**

The TPP Plaintiffs will have to prove their claims against the Non-Settling Defendants. Trial dates have not been set. At the trial, a decision will be reached about whether the Plaintiffs or the Non-Settling Defendants are right about the claims in the lawsuits. There is no guarantee that the TPP Plaintiffs will win any money or other benefits at trial.

**24.** **Will I get money after the trials?**

If the TPP Plaintiffs obtain money or benefits as a result of a trial or settlement, TPP Class Members will be notified about how to file a claim and what their options are.

## GETTING MORE INFORMATION

**25.** **Where do I get more information?**

Important information, including the Settlement Agreement, Plan of Allocation, Claim Form, Court Orders, and other important documents, dates, and deadlines are posted for

your review on the Settlement website: **www.XXXXXXX.com**. **Please refer to the Settlement website for ongoing and updated information, or you can call the Notice and Claims Administrator toll-free at 1-800-000-0000.**

Complete copies of public pleadings, Court rulings, and other filings are also available for review and copying at the Clerk's office. The address is Carl B. Stokes U.S. Courthouse, 801 West Superior Avenue, Cleveland, OH 44113. Judge Dan A. Polster of the United States District Court for the Northern District of Ohio is overseeing the Class Action. *Please do not contact the Court or Judge Polster*.

**For more information, call the Notice and Claims Administrator at 1-800-000-0000, email info@XXXXXXX.com, or go to www.XXXXXXXXX.com.**

DATED: MONTH 00, 2024        BY ORDER OF THE UNITED STATES DISTRICT
COURT NORTHERN DISTRICT OF OHIO
EASTERN DIVISION