UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) MDL 2804 ) ) Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO: | ) ) Judge Dan Aaron Polster |
| *ALL THIRD PARTY PAYOR ACTIONS* | ) ) |

**[PROPOSED] ORDER GRANTING THIRD PARTY PAYOR PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND DIRECTION OF NOTICE UNDER FEDERAL RULE OF CIVIL PROCEDURE 23(e)**

Before the Court is Third Party Payor ("TPP") Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Direction of Notice Under Federal Rule of Civil Procedure 23(e) ("Motion"), which seeks: (1) Preliminary Approval of the Settlement Agreement; (2) preliminary certification, for settlement purposes only, of the Settlement Class; (3) appointment of Interim Settlement Class Counsel and Interim Co-Lead Settlement Class Counsel; (4) appointment of Settlement Class Representatives; (5) approval of the Notice and proposed Notice Plan; (6) scheduling of the Fairness Hearing, to occur after the conclusion of the notice period; (7) appointment of the Escrow Agent; (8) establishment of the Qualified Settlement Fund; (9) appointment of the Notice and Claims Administrator; and (10) an order staying and enjoining Actions against the Settling Distributors, including their subsidiaries and affiliates, as set forth below.

1

WHEREAS, a proposed Class Action Settlement Agreement (the "Settlement") has been reached between Class Counsel for Third Party Payor Plaintiffs, on behalf of a proposed settlement class of TPPs, and Settling Distributors,[1] that resolves certain claims against the Settling Distributors pertaining to their distribution of opioids and alleged contribution to the opioid epidemic;

WHEREAS, the Court, for purposes of this Order, adopts all defined terms as set forth in the Settlement Agreement attached as Exhibit A to the Joint Declaration of Paul J. Geller and Elizabeth J. Cabraser (ECF __), unless otherwise defined herein;

WHEREAS, Settling Distributors do not oppose the Court's entry of the proposed Preliminary Approval Order;

WHEREAS, the Court finds it has jurisdiction over the TPP Actions centralized before this Court in this MDL No. 2804, and the parties to those Actions, for purposes of Settlement and asserts jurisdiction over the Settlement Class Representatives for purposes of considering and effectuating this Settlement;

WHEREAS, this Court has presided over and managed these MDL proceedings since the JPML centralized the Actions before this Court, *In re: Nat'l Prescription Opiate Litig.*, 2017 WL 6031547 (J.P.M.L. Dec. 5, 2017); and

WHEREAS, this Court has considered all of the presentations and submissions related to the Motion, as well as the facts, contentions, claims, and defenses as they have developed in these proceedings, and is otherwise fully advised of all relevant facts in connection therewith;

NOW, THEREFORE, IT IS HEREBY ORDERED:

---

[1] Cencora, Inc. (f/k/a AmerisourceBergen Corporation), Cardinal Health, Inc., and McKesson Corporation (collectively, "Settling Distributors").

The proposed Settlement appears to be the product of intensive, thorough, serious, informed, and non-collusive negotiations; has no obvious deficiencies; does not improperly grant preferential treatment to the Settlement Class Representatives or segments of the Class; and appears to be fair, reasonable, and adequate, such that notice of the Settlement should be directed to Settlement Class Members and a Fairness Hearing should be set.

Accordingly, the Motion is GRANTED.

## I. CLASS DEFINITION, CLASS REPRESENTATIVES, AND CLASS COUNSEL

"Class" or "Settlement Class" includes:

> All entities that paid and/or were reimbursed for (i) opioid prescription drugs manufactured, marketed, sold, distributed, or dispensed by any of the Defendants and/or Opioid Supply Chain Members for purposes other than resale, and/or (ii) paid or incurred costs for treatment related to the misuse, addiction, and/or overdose of opioid drugs, on behalf of individual beneficiaries, insureds, and/or members, during the time period from January 1, 1996 to the date of entry of the Preliminary Approval Order. For clarity, the Settlement Class includes but is not limited to: (a) private contractors of Federal Health Employee Benefits plans, (b) plans for self-insured local governmental entities that have not settled claims in MDL No. 2804, (c) managed Medicaid plans, (d) plans operating under Medicare Part C and/or D, and (e) Taft-Hartley plans. For the avoidance of doubt, all Plaintiffs identified in Exhibit B are included in the Class. Exhibit B is a non-exhaustive list and does not purport to identify all members of the Class.

Excluded from the Class are:

> 1. (a) all federal governmental entities and all state and local governmental entities whose claims have been released by a prior settlement with the Settling Distributors, (b) Pharmacy Benefit Managers ("PBMs"), (c) consumers, (d) fully insured plan sponsors, and (e) Excluded Insurers, including the related entities as listed in the definition of Excluded Insurers. For the avoidance of doubt, (i) entities that are administered or operated, but not owned, by an Excluded Insurer and (ii) entities that own an interest, even a controlling interest, in a PBM, are not excluded from the Class, unless they are an Excluded Insurer or are otherwise excluded; and

    2. (a) the Settling Distributors and their subsidiaries, affiliates, and controlled persons; (b) officers, directors, agents, servants, or employees of any Settling Distributor, and the immediate family members of any such persons; and (c) persons and entities named as Defendants in any of the Actions coordinated under or parallel to MDL No. 2804.

Paul J. Geller, Elizabeth J. Cabraser, Mark J. Dearman, and Eric B. Fastiff are hereby appointed as Interim Settlement Class Counsel, and Paul J. Geller and Elizabeth J. Cabraser are also hereby appointed as Interim Co-Lead Settlement Class Counsel, under Rule 23(g)(3) of the Federal Rules of Civil Procedure. Interim Co-Lead Settlement Class Counsel and Settling Distributors are authorized to take, without further Court approval, all necessary and appropriate steps to implement the Settlement, including the approved notice program.

The following TPP Plaintiffs are appointed as Settlement Class Representatives: Cleveland Bakers and Teamsters Health and Welfare Fund; Pipe Fitters Local Union No. 120 Insurance Fund; Pioneer Telephone Cooperative, Inc. Employee Benefits Plan; American Federation of State, County and Municipal Employees District Council 37 Health & Security Plan; Louisiana Assessors' Insurance Fund; and Flint Plumbing and Pipefitting Industry Health Care Fund.

## II. **PRELIMINARY FINDINGS**

The Court is familiar with the standards applicable to certification of a settlement class. *See* Fed. R. Civ. P. 23(e); *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997); *Whitlock v. FSL Mgmt., LLC*, 843 F.3d 1084, 1093 (6th Cir. 2016) (analyzing the seven factors that govern the "fair, reasonable, and adequate" inquiry in the Sixth Circuit); Order Granting Plaintiff's Unopposed Motion for Preliminary Approval of Settlement and Notice to Settlement Class, *Wiley v. TravelCenters of Am., LLC*, No. 1:21-cv-01093 (N.D. Ohio Aug. 25, 2022), ECF 19 (Polster, J.).

Applying these standards, the Court finds it will likely be able to certify, under Rule 23(e)(2), the proposed Settlement Class as defined above, for settlement purposes only,

4

because the Class and its representatives likely meet all relevant requirements of Fed. R. Civ. P. 23(a) and (b)(3).

## III.   NOTICE TO SETTLEMENT CLASS MEMBERS

The Court is also familiar with evolving methods of class notice. As applied here, the Court finds the content, format, and method of disseminating Notice—set forth in the Motion (ECF __), the Joint Declaration of Paul J. Geller and Elizabeth J. Cabraser in support of the Motion (ECF __-1), and the exhibits attached thereto—satisfy Rule 23(c)(2) and contemporary notice standards. The Court approves the notice program and directs that notice substantially in the form of the revised Proposed Notice be disseminated in the manner set forth in the proposed Settlement and Motion, the Joint Declaration of Paul J. Geller and Elizabeth J. Cabraser, and the Declaration of Eric J. Miller to Settlement Class Members under Rule 23(e)(1). No later than fourteen (14) calendar days following the commencement of the dissemination of the Notice, Settlement Class Counsel shall serve on the Settling Distributors and file with the Court proof, by affidavit or declaration, of such distribution.

## IV.   PROPOSED SCHEDULE

Interim Settlement Class Counsel propose the below schedule for disseminating Notice, filing objections to the Settlement, requesting exclusion from the Class, and filing TPP Plaintiffs' Motion for Final Approval and for Attorneys' Fees and Expenses:

| Event | Proposed Date (unless specified otherwise, days herein are calendar days) | Court-Adopted Date (if altered) |
|---|---|---|
| Deadline for Settling Distributors to provide Class Action Fairness Act notice to appropriate federal and state officials. | 10 days after the filing of the Settlement with the Court | |
| Deadline for Notice and Claims Administrator to commence dissemination of Notice to Settlement Class Members via email and/or U.S. mail (the "Notice Date"). | 14 days following entry of Preliminary Approval Order | |

5

| Event | Proposed Date (unless specified otherwise, days herein are calendar days) | Court-Adopted Date (if altered) |
|---|---|---|
| Deadline for Interim Settlement Class Counsel to serve on Settling Distributors and file with the Court proof, by affidavit or declaration, of the dissemination of the Notice. | 14 days following the Notice Date | |
| Deadline to submit opening briefs and supporting materials in support of Final Approval of Settlement and motion for attorneys' fees and expenses. | 30 days after the Notice Date | |
| Deadline for objectors to file Objections with the Court, and for Settlement Class Members to deliver written and signed Opt-Out Forms to Notice and Claims Administrator and to email same to Interim Settlement Class Counsel and Settling Distributors. For the avoidance of doubt, Opt-Out Forms must be received by Notice and Claims Administrator, Interim Settlement Class Counsel, and Settling Distributors by such date. | 45 days after the Notice Date | |
| Reply Memoranda in Support of Final Approval and Fee and Expense Application filed. | 75 days after the Notice Date | |
| **Fairness Hearing** | No earlier than the later of: (1) 120 days following submission of the Motion for Preliminary Approval; or (2) 5 days following the Settling Distributors' deadline to exercise their Walk-Away Right. | |

The Fairness Hearing shall take place on [day] _____, **2024**, at __:__ _.m. at the United States District Court for the Northern District of Ohio, Carl B. Stokes United States Court House, 801 West Superior Avenue, Courtroom 18B, Cleveland, Ohio 44113-1837, before the Honorable Dan Aaron Polster, to determine whether the proposed Settlement is fair, reasonable, and adequate;

6

whether it should be finally approved by the Court; and whether the Actions as to the Settling Distributors and Released Claims should be dismissed with prejudice under the Settlement and the notice program.  Any application for Attorneys' Fees and Expenses submitted by Interim Settlement Class Counsel and any application for a Service Award to the Settlement Class Representatives will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

## V. STAY OF ACTIONS AS TO THE SETTLING DISTRIBUTORS

The stay of all MDL 2804 TPP Actions as to the Settling Distributors, including their subsidiaries and affiliates, shall continue until this Court has made its final settlement approval determination.  The Court hereby severs and stays the Class Representatives' and TPP Bellwether Plaintiffs' cases as to the Settling Distributors, including their subsidiaries and affiliates, during the same period.  In aid of the Court's jurisdiction over this Action, all Settlement Class Members are hereby enjoined from filing, commencing, prosecuting, continuing, litigating, intervening in, or participating as class members in any action asserting Released Claims against any Released Entities in any forum or jurisdiction, unless and until such Settlement Class Member has timely excluded itself from the Settlement Class.

## VI. PROCEDURE FOR OPT-OUTS AND OBJECTIONS

The procedure for Opt-Outs set forth in Section V.G. of the Settlement Agreement, and the instructions in the Notice regarding the procedures that must be followed to opt out of the Settlement Class and Settlement, as set forth in the Settlement Agreement and proposed Notices attached thereto, are approved.  Opt Out forms must be received by the Notice and Claims Administrator no later than the date designated for such purpose in the Notice and set forth in the chart above.

No "mass," "class," "group," or otherwise combined Opt-Out Forms shall be valid, and no entity may submit an Opt-Out Form on behalf of any other entity that is included in the Class definition including, but not limited to, subsidiaries, affiliated or related companies or business entities, divisions, partnerships, or joint ventures, clients, customers, or administrative services organization.

Any Settlement Class Member that does not submit a timely and valid Opt-Out Form in accordance with Section V.G.1. of the Settlement Agreement submits to the jurisdiction of the Court and, unless the Settlement Class Member submits an Objection that complies with the provisions of Section V.F., shall waive and forfeit any and all Objections to the Settlement or the Agreement the Settlement Class Member may have asserted.

The procedure for Objections to the Settlement or to an award of fees or expenses to Settlement Class Counsel, as set forth in Section V.F. of the Settlement Agreement, is approved.

The assertion of an Objection does not operate to opt the Third Party Payor asserting it out of, or otherwise exclude that Third Party Payor from, the Settlement Class. A Third Party Payor within the Settlement Class can opt out of the Settlement Class and Settlement only by submitting a valid and timely Opt-Out Form in accordance with the Settlement Agreement and this Order.

No later than seven (7) calendar days following the deadline set by the Court for Settlement Class Members to opt out from the Class, Interim Settlement Class Counsel shall provide Settling Distributors' counsel with the Opt-Out Report identifying all requests to be excluded from the certified Class, and whether any such requests were deemed untimely and/or failed to provide any of the information required in Section V.G.1. or were otherwise inadequate.

Pursuant to Section VI.C. of the Settlement Agreement, the Settling Distributors may, in their sole discretion, terminate the Agreement by serving written notice, by email and overnight courier, to Interim Settlement Class Counsel within fifteen (15) business days following receipt by

Settling Distributors from Interim Settlement Class Counsel of the Opt-Out Report (the "Walk-Away Right"), unless such date is extended by mutual agreement of Interim Settlement Class Counsel and Settling Distributors.

## VII. SETTLEMENT ADMINISTRATION, NOTICE, AND CONTINUING JURISDICTION

The dates and deadlines set forth in this Preliminary Approval Order, including, but not limited to, the Fairness Hearing, may be extended by Order of the Court without further notice to Settlement Class Members, except that notice of any such extensions shall be included on the Settlement website.  Settlement Class Members should check the Settlement website regularly for updates and further details regarding extensions of these deadlines.  Opt-Out Forms and Objections must meet the deadlines and follow the requirements set forth in the approved Notice in order to be valid.

Interim Co-Lead Settlement Class Counsel and Settling Distributors are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement not materially inconsistent with the Preliminary Approval Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the Settlement Agreement, the form or content of the Notice, or any other exhibits the Settlement Class Representatives and Settling Distributors jointly agree are reasonable or necessary, except as otherwise provided in the Settlement Agreement.

The Court appoints A.B. Data to serve as the Notice and Claims Administrator, and authorizes A.B. Data, through data aggregators or otherwise, to request, obtain, and use Settlement Class Members' information for notice purposes.

Settlement Class Members that wish to participate in the Settlement shall complete and submit Claim Forms in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be submitted no later than _____, 2024. Any

Settlement Class Member that submits a Claim Form shall reasonably cooperate with the Notice and Claims Administrator, including by promptly responding to any inquiry made by the Notice and Claims Administrator. Any Settlement Class Member that does not timely submit a Claim Form within the time provided shall be barred from sharing in the distribution of the proceeds of the Settlement but shall nonetheless be bound by the Settlement Agreement, the Final Judgment, and the releases therein, unless otherwise ordered by the Court. The Claim Form shall comply with the requirements set forth in the Settlement Agreement and any further requirements described in the form attached as Exhibit H to the Settlement Agreement.

The Court appoints Citibank, N.A. as Escrow Agent, which shall control and administer an Escrow Account to be established as set forth in the Settlement. Within the later of fourteen (14) days of the entry of this Order or the Settling Distributors' receipt of information and instructions required to effectuate a wire transfer in satisfaction of this paragraph, the Settling Distributors shall pay by wire transfer a portion of the Settlement Amount sufficient to cover the Notice and Administrative Costs, and any Taxes and Tax Expenses as they become due, but in no event greater than $1,000,000.00. The Escrow Agent may direct payment of up to $1,000,000.00 for reasonable Notice and Administrative Costs, including Taxes or Tax Expenses, as approved by this Court.

Any portion of the Escrow Account not used for Notice and Administrative Costs and Taxes or Tax Expenses paid, incurred, or due and owing shall be returned to the Settling Distributors, less interested accrued, if, for any reason, the Effective Date does not occur.

All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement and/or further order(s) of the Court.

The Court also authorizes that the Escrow Account be established as a "qualified settlement fund" within the meaning of Treasury Regulations §1.468B-1.  Such account shall constitute the Qualified Settlement Fund as defined in the Settlement Agreement.

The Court shall maintain continuing jurisdiction over these proceedings (including over the administration of the Qualified Settlement Fund) for the benefit of the Settlement Class.

Neither this Preliminary Approval Order, the Settlement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be considered, construed or represented to be: (1) an admission, concession, or evidence of liability or wrongdoing; or (2) a waiver or any limitation of any defense otherwise available to the Settling Distributors.

If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante* [[as of May 1, 2024]] as set forth in Section VI.D.1. of the Settlement, except as otherwise expressly provided in the Settlement Agreement.  In such event, Settling Distributors will not be deemed to have consented to certification of any class, and will retain all rights to oppose, appeal, or otherwise challenge, legally or procedurally, class certification or any other issue in the Actions.  Likewise, if the Settlement does not reach Final Judgment, then the participation in the Settlement by any Settlement Class Representative or Settlement Class Member cannot be raised as a defense to their claims.

**IT IS SO ORDERED.**

DATED: _____     _____
                                                                    THE HONORABLE DAN A. POLSTER
                                                                    UNITED STATES DISTRICT JUDGE