# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| | ) | Judge Dan Aaron Polster |
| THIS DOCUMENT RELATES TO: "*Track 9*" | ) ) ) | **ORDER DENYING MOTION FOR SUGGESTION OF REMAND** |

This Court earlier chose *Tarrant County, Texas v. Purdue Pharma*, case no. 18-op-45274, as the Track 9 Bellwether Case. The Court also "bifurcat[ed] the Plaintiffs' public nuisance claims against the Pharmacy Defendants from their remaining claims against those same defendants[,] as well as their claims against other defendants[,] in order to hold initial bellwether trials limited to those claims." *See* case no. 18-op-45274, docket no. 58 at 7 (motion for bifurcation); MDL docket no. 3750 at 2-3 (granting the motion).  All of the Pharmacy Defendants subsequently settled, except for Albertsons.  Thus, this case now presents only Tarrant County's public nuisance claim against Albertsons.  Albertsons recently filed a motion for summary judgment on that claim, *see* case no. 18-op-45274, docket no. 112, and the Court will receive briefing on that motion in the coming weeks.

*Tarrant County* was originally filed in the Northern District of Texas and then transferred to this MDL Court pursuant to 28 U.S.C. § 1407.  Accordingly, this Court will not preside over the trial of *Tarrant County*; rather, the case must at some point be remanded for trial to the transferor court.  This normally happens after the MDL court files a motion for suggestion of remand with the Judicial Panel on Multidistrict Litigation ("JPML").  *See* JPML Rule 7.6(a)(c)(ii) & (d) (199 F.R.D. 425, 437).

Albertsons now moves this Court to suggest to the JPML that *Tarrant County* be remanded.

*See* MDL docket no. 5588. Plaintiffs have responded, and Albertsons has replied. *See* MDL docket nos. 5596, 5611. The parties agree that whether this MDL Court should rule on a pending motion for summary judgment before suggesting remand, or instead suggest remand and leave the motion for decision by the transferor court, is within the MDL Court's discretion. *See U.S. ex rel. Hockett v. Columbia/HCA Healthcare Corp.*, 498 F. Supp. 2d 25, 37 (D.D.C. 2007) ("pretrial proceedings do not conclude until a final pretrial order is entered, and . . . all prior proceedings—including rulings on motions for summary judgment—are pretrial proceedings that may properly remain before the transferee court"); *In re Evergreen Valley Project Litig.*, 435 F.Supp. 923, 924 (Jud. Pan. Mult. Lit. 1977) (the MDL transferee judge "in his discretion will conduct the common pretrial proceedings with respect to the actions and any additional pretrial proceedings as he deems otherwise appropriate").

Albertsons supplies good reasons why the Court should exercise its discretion to suggest remand now, and Tarrant County supplies good reasons why the Court should exercise its discretion to first rule on the pending motion for summary judgment (and possibly other pretrial motions as well). Albertsons' best argument is that remand now will "afford[] the transferor judge an opportunity to become familiar with issues which will inevitably arise at trial, allow time for a trial of this magnitude to be practically and efficiently scheduled, [and] allow[] a Texas judge to decide issues of Texas law." Reply at 6. Tarrant County's best argument is that this Court is in the best position to "decide summary judgment in light of the vast knowledge it has accumulated through almost seven years' experience presiding over opioid distribution and dispensing claims." Response at 7-8; *see In re Integrated Resources, Inc.*, 1995 WL 234975, at *4 (S.D.N.Y. Apr. 21, 1995) ("[A] key principle of the multi-district scheme involves the accrual of judicial expertise. It is a

2

fundamental assumption of the multidistrict system that having only one court sort out the facts of complex and multi-faceted transactions and occurrences which have given rise to many competing legal claims well serves the goal of judicial economy. * * * [Remanding claims before ruling on summary judgment motions] would require another court to make its way up this same learning curve, resulting in just that duplication of efforts that the multidistrict system is designed to avoid.").

The Court concludes that, in the particular circumstances of this case, the considerations identified by Tarrant County preponderate. This Court is equally able to assess questions of Texas state law as is the transferor court, but is far more knowledgeable about the "factual context [that] forms the backdrop, if not the very substance, of" Tarrant County's public nuisance claim. *Id.* Further, this Court is determined to shoulder the burden of all MDL cases as much as reasonably possible, thereby making any chores that necessarily remain for other federal judges as few and easy as reasonably possible.

Accordingly, Albertsons' motion for suggestion of remand is denied.

**IT IS SO ORDERED.**

/s/ *Dan Aaron Polster*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

**DATED**: September 3, 2024