UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*Erie County Medical Center Corporation, et al. v. Teva Pharmaceuticals USA, Inc., et al.,* Case No. 1:21-op-45116 | MDL 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster |

### MEMORANDUM IN SUPPORT OF MOTION OF PLAINTIFF ERIE COUNTY MEDICAL CORP. FOR RECONSIDERATION OF, AND TO VACATE, THREE ORDERS

Plaintiff Erie County Medical Center Corporation ("ECMC"), one of several named plaintiffs in the above-captioned constituent case, respectfully submits this memorandum of law in support of its motion, pursuant to Fed. R. Civ. P. 59(a), and the common law, for reconsideration of three unnumbered orders (docket entries without written orders) dismissing certain claims brought by ECMC – two orders entered on August 9, 2022, and a third order entered on August 8, 2024. For the reasons stated below, all three orders are plainly erroneous and must be vacated.

I.  **Pertinent Procedural History**

   **A.  The Settlement Agreements Entered into by the New York Attorney General**

The Attorney General of the state of New York has entered into settlement agreements and releases (the "Releases") with various categories of defendants in constituent actions, purporting to release, *inter alia*, claims belonging to various subdivisions and special districts within New York.

The Releases purport to release claims belonging to the following categories of persons:

"(a) departments, agencies, divisions, boards, commissions, Subdivisions, districts, instrumentalities of any kind and attorneys, including its Attorney General, and any

> person in their official capacity whether elected or appointed to serve any of the foregoing and any agency, person, or other entity claiming by or through any of the foregoing, (b) any public entities, public instrumentalities, public educational institutions, unincorporated districts, fire districts, irrigation districts, water districts, law enforcement districts, emergency services districts, school districts, hospital districts and other Special Districts in" New York State, and "(c) any person or entity acting in a *parens patriae*, sovereign, quasi-sovereign, private attorney general, qui tam, taxpayer, or other capacity seeking relief on behalf of or generally applicable to the general public with respect to" New York or a New York subdivision, "whether or not any of them participate in this" Settlement

Releases entered into between the Attorney General and Walgreens, CVS and Wal-Mart, included in Exhibit A to the Pharmacies' Motion [Doc. No. 5530-1].[1]

The Releases also purport to release the claims of certain specifically enumerated entities listed in the document attached as "Appendix A" to each of the Releases.[2] Among those entities listed on each "Appendix A" is ECMC. But ECMC (and a few other entities) is listed with an asterix relating to an explanatory note. The note indicates that:

> *New York State is releasing these entities out of an abundance of caution, but by doing so the State is not intending to concede, and should not be construed as conceding, that these entities are "Special Districts" or otherwise fall within the meaning of "Subdivision" as defined under the Agreement.

B. The Operative Motions to Dismiss

On July 20, 2022, certain distributor defendants (the "Settling Distributors") filed a motion [Doc. No. 4588] seeking dismissal of claims brought by various plaintiffs in various separate constituent actions, including ECMC, who were represented by the moving parties to be government entities. The movants argued that the claims were barred by (1) releases entered by

---

[1] The relevant language in the operative releases entered into between the Attorney General and (1) the Settling Distributors, defined below [Doc. No. 4396-2], and (2) Janssen et al. (included in [Doc. No. 4591-1]), is substantially identical.
[2] *See, e.g.*, Appendix A to each of the three releases entered into between the Attorney General and Walgreens, CVS and Wal-Mart, included in Exhibit A to the Pharmacies' Motion [Doc. No. 5530-1].

2

the Attorney General, and (2) by a New York statute, N.Y. Mental Hygiene Law § 25.18(d). On August 9, 2022, the Court granted the motion, entering the following unnumbered docket entry:

> Order [non-document] regarding Settling Distributor Defendants' Motion to Dismiss (Related Doc# 4588). The Motion to Dismiss is granted as to 22-op-45024, 21-op-45116, and 19-op-46078 because the claims in these cases are barred by statute. See Courts Order in Doc.# 4547. Judge Dan Aaron Polster on 8/9/22. (P,R) (Entered: 08/09/2022)

On July 21, 2022, Defendant Janssen Pharmaceuticals, Inc. (and certain affiliated entities) filed a motion [Doc. No. 4591] seeking dismissal of claims brought by various plaintiffs in various separate constituent actions, including ECMC, who were represented by the moving parties to be government entities. The movants argued that the claims were barred by the Releases and § 25.18(d), which effected the release of certain opioid-related claims brought by government entities that were resolved by one or more settlements entered on behalf of government entities. On August 9, 2022, before the time to file opposition papers had expired, the Court granted the motion, entering the following docket entry without order:

> Order [non-document] regarding Janssen Defendants' Amended Motion to Dismiss (Related Doc# 4591). The Motion to Dismiss is granted with respect to the cases listed in Exhibit B of the motion because the claims in these cases are barred by statute. See Courts Order in Doc.# 4547. Judge Dan Aaron Polster on 8/9/22. (P,R) (Entered: 08/09/2022)

More recently, on July 30, 2024, certain retail pharmacy defendants filed a motion [Doc. No. 5562] (the "Pharmacies' Motion") seeking dismissal of claims brought by various plaintiffs in various separate constituent actions, including ECMC, who were represented by the moving parties to be government entities. The movants argued that the claims were barred by the Releases and § 25.18(d). On August 8, 2022, well before the time to file papers in response to the Pharmacies' Motion were due, the Court granted the motion, entering the following unnumbered docket entry:

3

> Order [non-document]: For the reasons stated in this Court's Order at docket no. [4547], and also the reasons stated in *Town of Babylon v. James*, 2023 WL 8734201 (Sept. 19, 2023), the Motion to Dismiss Claims Filed By Non-Participating New York Subdivisions (docket no. [5562]) is GRANTED. Entered on behalf of Judge Dan Aaron Polster on 8/8/2024. (M,CE)

We refer to the three foregoing motions collectively as "the Motions," and the three foregoing orders collectively as "the Orders."

## II.  Argument

### A. The Court Has the Authority to Reconsider Any Order Prior to the Entry of Final Judgment, Which Has Not Occurred in No. 1:21-op-45116

It is well settled that "[d]istrict courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment. A district court may modify, or even rescind, such interlocutory orders." *Leelanau Wine Cellars Ltd. v. Black & Red, Inc.*, 118 F. App'x 942, 945 (6th Cir. 2004).

No "final judgment" has been entered in No. 21-op-45116. The action remains pending as to many parties and claims. The Orders are all interlocutory as to ECMC (this may or may not be true as to alleged government entity plaintiffs in other affected constituent actions), and the Court may vacate those Orders as to ECMC regardless of whether any express remedy (such as those provided by Fed. R. Civ. P. 59 or 60) is available to ECMC. ECMC moves to vacate all three orders under the Court's common law authority to reconsider any interlocutory order prior to final judgment.

Additionally, with respect to the most recent of the three Orders, entered on August 8, 2024, ECMC also moves under Fed. R. Civ. P. 59(a) for a new trial as to the dismissal of its claims against the retail pharmacies who filed the subject motion.

### B. The Orders Were Plainly Erroneous, at Least as to ECMC, and Must Be Vacated

The three motions were all premised on (1) releases entered by the Attorney General that were purported to encompass claims belonging to ECMC, and (2) the effect of the above-referenced New York statute which effects dismissal of claims brought by "government entit[ies]" that were released in certain settlements designed to benefit government litigants. N.Y. Mental Hygiene Law § 25.18(d).

But the Attorney General had no authority to release the claims belonging to ECMC, and ECMC is plainly outside the scope of N.Y. Mental Hygiene Law § 25.18(d). And the reasons are substantially the same – because ECMC is not a state agency or a subdivision of the state.

We start with a discussion of what ECMC actually *is* before we address what it is *not*.

ECMC is a "public benefit corporation" (a "PBC"). So much is stated and conceded in the moving defendants' motion papers. More importantly, it is pleaded, and the Court must accept that allegation as true for present purposes.

A PBC is "a corporation organized to construct or operate a public improvement wholly or partly within the state, the profits from which inure to the benefit of this or other states, or to the people thereof." N.Y. Gen. Construction Law § 66[4]. PBCs were designed as "a new vehicle for funding public works projects" that "insulate[d] the State from the burden of long-term debt." *Schulz v. State of New York*, 84 N.Y.2d 231, 244 (1994). *See also Matter of Plumbing, Heating, Piping & A.C. Contrs. Ass'n. v. New York State Thruway Auth.*, 5 N.Y.2d 420, 423 (1959) (two purposes of PBCs are to "protect the State from liability" and to "enable public projects to be carried on free from restrictions otherwise applicable"); N.Y. Public Authorities Law § 3638 ("The state does hereby pledge . . . that the state will not alter, limit, or impair the rights vested in the corporation to purchase, construct, own and operate … any part or parts thereof, for which bonds of the corporation shall have been issued . . . [.]"). Public benefit corporations are able to issue

5

debt for which the State itself is not liable *See* N.Y. Const. Art. X, § 5; N.Y. Public Authorities Law § 3635 ("the state [and] …count[ies] shall not be liable on the bonds or notes of the corporation").

PBCs are created by the government and are created to carry out purposes in the public interest. But they are not government entities or part of the government. As explained by New York's Court of Appeals, "[a]lthough created by the State and subject to dissolution by the State, these public corporations *are independent and autonomous*, deliberately designed to be able to function with a freedom and flexibility not permitted to an ordinary State board, department or commission" *Matter of Plumbing, Heating, Piping & A.C. Contrs. Ass'n.*, 5 N.Y.2d at 423 (emphasis added). Accordingly, the Court of Appeals has repeatedly made it quite clear that PBCs are *not* state or local government agencies:

> We have consistently recognized public authorities as legal entities separate from the State, enjoying an existence separate and apart from the State, its agencies and political subdivisions. (*see*, *e.g.*, *Matter of New York Pub. Interest Research Group v. New York State Thruway Auth.*, 77 N.Y.2d 86, 92-93 [(1990)]; *Methodist Hosp. v. State Ins. Fund*, 64 NY2d 365 [(1985)]; *Collins [v. Manhattan & Bronx Surface Tr. Operating Auth.]*, 62 N.Y.2d 361, 367 [(1984)]; *Grace & Co. v. State Univ. Constr. Fund*, 44 N.Y.2d 84, 88 [(1978)]; *Patterson v. Carey*, 41 N.Y.2d 714 [(1977)]; *Matter of Dormitory Auth. [Span Elec. Corp.]*, 18 N.Y.2d 114 ([1966]); *Matter of Plumbing, Heating, Piping & Air Conditioning Contrs. Ass'n. []*, 5 N.Y.2d [at] 423-424[].

*See also Roberts v. Paterson*, 19 N.Y.3d 524, 531 (2012) ("As a public benefit corporation created by the State, … NYC OTB was never a 'department or agency' of the City"); *Bordeleau v. State*, 18 N.Y.3d 305, 317 (2011) ("Thus, plaintiffs cannot challenge the grants at issue by a public benefit corporation, like the UDC, under article VII, § 8(1) of the State Constitution").

Guided by the foregoing inescapable mountain of controlling authority from the Court of Appeals, federal courts have concurred. *Mancuso v. New York State Thruway Authority*, 86 F.3d 289, 297 (2d Cir.1996) (the New York State Thruway Authority was not an "arm of the state");

*Blumberg v. Nassau Health Care Corp.*, 378 F. Supp. 2d 122 (E.D.N.Y. 2005) (Nassau University Medical Center was not an arm of the state, and, thus, was not entitled to Eleventh Amendment immunity).

### 1. The Releases are Ambiguous as to Whether the Attorney General Actually Released Claims Belonging to ECMC, Something She Had No Authority to Do

The Releases are fraught with ambiguities and uncertainties as to ECMC. ECMC is plainly not among those enumerated categories of entities the Releases are designed to encompass. ECMC is *not* the state itself, an executive department, state agency, division, board, or commissions. ECMC is *not* a subdivision of the state, and no one is contending it is. It is also not a "special district" as that term is defined in the Releases.[3] And no person is suggesting that ECMC acts as a sovereign in any respect.

The Releases *could* have been drafted to at least *attempt* to include PBCs among those categories of persons whose claims were to be released. The omission is particularly conspicuous since Appendix A lists at least two PBCs – ECMC and Nassau University Medical Center. PBCs were not included in the laundry list of releasing categories of releasing entities because the Attorney General *did not have authority* to include them, and plainly knew that.

Appendix A itself is ambiguous. The explanatory note rather curiously expresses serious doubt as to whether ECMC (and a handful of other entities) fits within any of the included categories of releasing persons. The version of the explanatory in the recent pharmacy agreements states that the Attorney General does "is not intending to concede, and should not be construed as

---

[3] The Releases provide that "'Special District' means a formal and legally recognized sub-entity of the State that is authorized by State law to provide one or a limited number of designated functions, including but not limited to school districts, fire districts, healthcare & hospital districts, and emergency services districts. Special Districts do not include sub-entities of the State that provide general governance for a defined area that would qualify as a Subdivision." ECMC is not a "sub-entity" of the State.

7

conceding" that ECMC *is* a "special district" or "subdivision,"[4] but was releasing their claims anyway "out of an abundance of caution." But nowhere in the explanatory note, or anywhere else in the Releases, does the Attorney General make any attempt to take a position as to what ECMC actually *is* or why the Attorney General can release its claims. Similarly, none of the moving defendants makes any attempt to expressly argue that ECMC actually fits into any of the categories of releasing persons.

While the Court can, no doubt, take judicial notice of the contents of the Releases for purposes of a motion to dismiss, the interpretation of an ambiguous contract is plainly out of bounds. The Court should defer construing these ambiguous contracts until after some discovery, including at least one deposition of the Attorney General to explain the parties' intentions as to ECMC and other PBCs, and need not reach the question of whether the Releases do encompass ECMC.

If the Court endeavors to construe this ambiguous contract on a motion to dismiss, and construes the Releases as including ECMC, it must find that the releases are plainly illegal to the extent they include ECMC, regardless of whether such inclusion was intended.

As noted above, ECMC is *not* an arm of the state. Controlling authority holds that PBCs like ECMC are "legal entities separate from the State, enjoying an existence separate and apart from the State, its agencies and political subdivisions." *Schulz*, 84 N.Y.2d at 246 n. 4. They "*are independent and autonomous*, deliberately designed to be able to function with a freedom and

---

[4] The explanatory notes in the earlier Distributors and Janssen agreements only state that the Attorney General "is not intending to concede, and should not be construed as conceding" that ECMC is a "special district." It similarly provides that its claims are being released "out of an abundance of caution."

flexibility not permitted to an ordinary State board, department or commission" *Matter of Plumbing, Heating, Piping & A.C. Contrs. Ass'n.*, 5 N.Y.2d at 423.

Notably, the Attorney General can (and, in fact, must) represent a public authority, but only "[a]t the request of the authority…" N.Y. Public Authorities Law § 362. If such assistance is *not* requested, the Attorney General cannot do *anything* on behalf of a public authority, even as much as accepting service of process. *Bonaventure v. New York State Thruway Authority*, 108 A.D.2d 1002, 1003 (3rd Dept. 1985); *Cantor v. State*, 43 A.D.2d 872, 872 (3rd Dept. 1974).

There is nothing in the four corners of the Complaint to suggest that ECMC requested that the Attorney General represent it, nor has any of the movants proffered a document of which the Court might take judicial notice that reflects such a request. There is none.

### 2. ECMC is Outside the Scope of Section 25.18(d)

The statute defines a "government entity" to include "departments, agencies, divisions, boards, commissions and/or instrumentalities of the state of New York" and "any government subdivision within the boundaries of the state of New York, including, but not limited to, counties, municipalities, districts, towns and/or villages, and any of their subdivisions, special districts, and school districts, and any department, agency, division, board, commission, and/or instrumentality thereof." *Id*.

Much like the Releases, the statute does *not* expressly include "public benefit corporations" or "public authorities." These are notable omissions. Public benefit corporations are hardly obscure in New York – this category of entities includes many prominent institutions, which is reflected in how many times their status has been at issue before the Court of Appeals. If the legislature intended to include them in its definition of "government entities," it would have done so. It did not, notwithstanding the rather prodigious length of the laundry list of categories of entities that are expressly included ("departments, agencies, divisions, boards, commissions and/or

9

instrumentalities of the state of New York" and "any government subdivision within the boundaries of the state of New York, including, but not limited to, counties, municipalities, districts, towns and/or villages, and any of their subdivisions, special districts, and school districts, and any department, agency, division, board, commission, and/or instrumentality thereof").

Defendants do not mention, much less distinguish, the considerable body of controlling authority from New York's Court of Appeals holding that PBCs are not part of the state or any municipality. Instead, they rely heavily on a case construing county civil service rules decided by an intermediate appellate court, *Matter of Civ. Serv. Empls. Ass'n., Inc. v. County of Erie*, 63 A.D.3d 1536 (4th Dept. 2009). But that case never reaches the question of whether ECMC (or any other PBC) is a government entity. The court held only that ECMC was a "local" and "state" "authority" as those terms are defined in the Erie County civil service rules that expressly encompassed "authorities." ECMC probably is a "public authority." But that is irrelevant, since "authorities" are not included in N.Y. Mental Hygiene Law § 25.18(d). The fact that they are included in Erie County's civil service rules is irrelevant.

### III. Conclusion

For the reasons stated above, Plaintiff Erie County Medical Center Corporation respectfully prays that the Court vacate the specified unnumbered orders (two entered August 9, 2022 and one entered August 8, 2024) dismissing certain of its claims.

Dated: September 6, 2024                                  Respectfully submitted,

By:*/s/ Don Barrett*
John W. ("Don") Barrett
**BARRETT LAW GROUP, P.A.**
P.O. Box 927
404 Court Square North
Lexington, Mississippi 39095-0927
(662) 834-2488
dbarrett@barrettlawgroup.com

10

**RUPP BAASE PFALZGRAF CUNNINGHAM LLC**
Marco Cercone
Arthur N. Bailey
1600 Liberty Building
Buffalo, NY 14202
(716)854-3400
cercone@ruppbaase.com
bailey@ruppbaase.com

**CUNEO GILBERT & LADUCA, LLP**
Charles J. LaDuca
Monica Miller
Jennifer E. Kelly
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Telephone: (202)789-3960
charlesl@cuneolaw.com
monica@cuneolaw.com
jkelly@cuneolaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ *Don Barrett*
John W. ("Don") Barrett

11