# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>**THIS DOCUMENT RELATES TO**:<br><br>*Town of Hull v. AmerisourceBergen Drug Corp., et al.*, Case No. 1:19-op-46172 (CT 20)<br><br>*County of Monterey v. AmerisourceBergen Drug Corp., et al.*, Case No. 1:18-op-45615 (CT 21) | **MDL NO. 2804**<br><br>**Case No. 17-MD-2804**<br><br>**Judge Dan Aaron Polster** |

### PBM DEFENDANTS' MOTION FOR CLARIFICATION AND TO STRIKE THE AMENDED COMPLAINTS AGAINST THE PBM DEFENDANTS IN THE ALBERTSONS BELLWETHER CASES

Express Scripts, Inc. and OptumRx, Inc. (**PBM Defendants**) jointly move for clarification that the Court's order granting Plaintiffs permission to file complaints under seal against the PBM Defendants in two Albertsons bellwether cases (Dkt. No. 5622) did not authorize those Plaintiffs to circumvent the orders governing motions for leave to amend against the PBM Defendants and to strike the amended complaints filed against the PBM Defendants (Dkt Nos. 5629, 5631).

On May 23, 2024, the Court entered an order governing motions for leave to amend. Dkt. 5455. That Order provided that "[f]or each defendant the PEC wishes to add to any case, the PEC shall file a ***single*** motion to amend complaints of ***all*** plaintiffs who wish to add that defendant." *Id.* at 1 (emphasis in original). The motion for leave to amend would be due by July 22, 2024, *id.* at 2, although the Court later extended that deadline to July 29, 2024, *see* Dkt. 5522, and then to July 30, 2024, for certain defendants (including the PBM Defendants), and August 28, 2024, for other defendants, *see* Dkt. 5545. The May 23 Order emphasized: "This will be plaintiffs' final opportunity to amend their complaints." Dkt. 5455 at 2. The Court's orders thus made plain that

the "final opportunity" for "all" plaintiffs in the MDL to seek to add the PBM Defendants to their complaints was to do so as part of a "single" motion filed by July 30, 2024.

As part of that process, the PEC filed on July 29, 2024, a single motion for leave to amend of all plaintiffs who seek to add the OptumRx Defendants. Dkt. 5547. Likewise, the PEC filed on July 29, 2024, a single motion for leave to amend of all plaintiffs who seek to add the Express Scripts Defendants. Dkt. 5548. Those motions included a request by plaintiff Town of Hull for leave to amend to add the OptumRx and Express Scripts Defendants. Dkt. 5547-1 at PDF page 77 (listing Plaintiff "Hull Town" in case *Town of Hull v. Amerisourcebergen Drug Corp. et. al*, No. 1:19-op-46172-DAP, as among the "Plaintiffs Seeking Leave to Add the OptumRx Defendants"); Dkt. 5548-1 at PDF page 75 (same with respect to Express Scripts Defendants). County of Monterey did not join the motions for leave to add claims against the PBM Defendants (but did join motions for leave to amend claims against other defendants). Dkt. No. 5546-1 at PDF Page 32; Dkt. Nos. 5547-1, 5548-1.

On June 10, 2024, the Court designated *Town of Hull v. AmerisourceBergen Drug Corp., et al.*, Case No. 1:19-op-46172, as Case Track 20, and *County of Monterey v. AmerisourceBergen Drug Corp., et al.*, Case No. 1:18-op-45615, as Case Track 21, and adopted the deadline jointly proposed by Albertsons and the PEC for any amended complaints by the Track 20 and Track 21 plaintiffs. Dkt. No. 5481; *see* Dkt. No. 5478 (joint motion to enter an agreed-upon case management order permitting the PEC to file amended complaints in the Albertsons bellwether cases). On August 8, 2024, pursuant to an agreement between Albertsons and the PEC, the Court extended the deadline to September 9, 2024. Dkt. No. 5581. The PBM Defendants were not parties to that agreement.

2

On September 6, 2024, the PEC filed a motion seeking leave to file amended complaints under seal in the Albertsons bellwether cases because the PEC intended to include "separate supplemental and amended allegations against *the PBMs*." Dkt. No. 5621 (emphasis supplied). The PEC stated that the supplemental allegations against the Albertsons Defendants did not need to be filed under seal; only the allegations against the PBMs must be sealed. *Id.* at 1 n.1. The PEC further noted that it will "sever the non-Albertsons Defendants from the claims to be litigated in Tracks 20 and 21 . . . at the appropriate time." *Id.* The Court granted the PEC's motion for leave to file under seal the following business day, on September 9, 2024 (**September 9 Order**). Dkt. No. 5622. The PEC later filed amended complaints against the PBM Defendants in the Albertsons bellwether cases under seal. Dkt. Nos. 5629, 5631.

Although the Court's September 9 Order granted the PEC's request to file materials under seal, the PEC did not seek leave—and the Court did not address—whether the PEC could file amended complaints against the PBMs in the Albertsons bellwether cases. Those amended pleadings violate the Court's clear orders that "all" plaintiffs seeking to add claims against the PBM Defendants had to file a "single" motion by July 30, 2024. Dkt. 5455; Dkt. 5522. The Court should clarify that its September 9 Order did not authorize the PEC to file amended complaints adding the PBM Defendants in the Albertsons bellwethers outside of the court-ordered process for bringing motions for leave to amend to add the PBM Defendants.[1] The Court should also strike the amended complaints filed against the PBM Defendants in the Albertson bellwether cases (Dkt. Nos. 5629, 5631).

---

[1] To the extent the Court permits the PEC to file amended allegations against the PBM Defendants in the Albertsons bellwether cases, the PBM Defendants agree those allegations should be filed under seal. The PBM Defendants do not seek clarification of that portion of the September 9 Order and do not oppose the PEC's request to protect confidential information.

3

***First***, this Court already created a process for all plaintiffs—including the plaintiffs in the Albertsons bellwethers—to seek leave to amend their complaints to add new defendants. Dkt. No. 5455. On May 23, 2024, the Court directed the PEC to file a "***single*** motion to amend the complaints of ***all*** plaintiffs who wish to add [a defendant]." *Id.* at 1 (emphasis in original). The Court made clear this would be the "final opportunity" for plaintiffs to amend their complaints to add new defendants. *Id.* at 2. The Court further explained that the PEC must provide "good cause for the proposed amendments, stating with particularity the reasons amendment should be permitted in ***each individual*** case." *Id.* at 2 (emphasis in original).

***Second***, both the Town of Hull and the County of Monterey took advantage of this "final opportunity" and sought leave to amend to add certain defendants. The Town of Hull joined the PEC's motions to add the PBM Defendants. Dkt. No. 5547-1 at PDF Page 77; Dkt. No. 5548-1 at PDF Page 75. The County of Monterey joined the PEC's motion to amend against the Aurolife Defendants, but it elected not to join the motions seeking leave to add the PBM Defendants. Dkt. No. 5546-1 at PDF Page 32; Dkt. Nos. 5547-1, 5548-1.

Thus, under the Court's clear orders, the Town of Hull and the County of Monterey cannot now file amended complaints against the PBM Defendants; rather, they must await resolution of the motion-for-leave-to-amend process that is currently in the midst of briefing. Dkt. 5455. Specifically, the Town of Hull must await resolution of its pending motions for leave to add the PBM Defendants. *See* Dkt. 5547 & 5548. The County of Monterey made a conscious decision not to join the motions for leave directed at the PBM Defendants and thus it forfeited its "final opportunity" for leave to amend with respect to adding the PBM Defendants. Dkt. 5455 at 2.

The PBM Defendants respectfully request that the Court: (1) clarify that its September 9 Order did not authorize the PEC to circumvent its prior orders governing motions for leave to

4

amend by filing amended complaints against the PBM Defendants in the Albertsons bellwether cases; and (2) strike the amended complaints filed against the PBM Defendants (Dkt. Nos. 5629, 5631).

Date: September 10, 2024

Respectfully submitted,

| | |
|---|---|
| */s/  Brian D. Boone* | */s/ Jonathan G. Cooper* |
| Brian D. Boone | Michael J. Lyle |
| **ALSTON & BIRD LLP** | Jonathan G. Cooper |
| Vantage South End | **QUINN EMANUEL URQUHART &** |
| 1120 South Tryon Street, Suite 300 | **SULLIVAN, LLP** |
| Charlotte, NC 28203 | 1300 I St. NW, Suite 900 |
| Tel: (704) 444-1000 | Washington, DC 20005 |
| brian.boone@alston.com | Tel: (202) 538-8000 |
| | mikelyle@quinnemanuel.com |
| William H. Jordan | jonathancooper@quinnemanuel.com |
| **ALSTON & BIRD LLP** | |
| 1201 West Peachtree Street NW, Suite 4900 | *Attorneys for Express Scripts, Inc.* |
| Atlanta, GA 30309 | |
| Tel.: (404) 881-7000 | |
| bill.jordan@alston.com | |

*Attorneys for OptumRx, Inc.*