UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Masiowski v. AmerisourceBergen Drug Corporation, et al.*, 1:18-op-45985-DAP | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF MICHAEL MASIOWSKI'S COMPLAINT FOR FAILURE TO SUBMIT A PLAINTIFF FACT SHEET**

Plaintiff Michael Masiowski alleges that he is an emergency room physician who hopes to represent a class of such doctors who, he says, have provided uncompensated or undercompensated medical care to patients with opioid use disorder. Plaintiff did not, however, submit a Plaintiff Fact Sheet by the Court's final deadline for non-hospital healthcare providers. The Court has repeatedly stated that plaintiffs that do not submit a fact sheet will be dismissed with prejudice under Fed. R. Civ. P. 41 for failure to prosecute and for failure to comply with the Court's Orders. Doc. 4985 at 1, 4-6; Doc. 5340 at 1; Doc. 5382 at 1. Accordingly, the Court should dismiss Plaintiff's claims with prejudice.[1]

The Court originally ordered all Hospital Plaintiffs to submit Plaintiff Fact Sheets by January 26, 2024, warning that it would dismiss with prejudice any Hospital Plaintiff that failed to comply. Doc. 5257 at 1.

On March 5, 2024, the Court "clarifie[d] that for the purpose of this MDL, a 'Hospital Plaintiff'" includes any (1) "hospital *or non-hospital healthcare provider*" (2) "whose complaint

---

[1] This Motion is brought by CVS Pharmacy, Inc., Walgreen Co., Walgreen Eastern Co., Inc., and Walmart Inc. ("Moving Defendants").

includes 'claims relating to unreimbursed and/or under-reimbursed care for patients with Opioid Use Disorder.'" Doc. 5340 at 1-2 (emphasis in original). The Court extended the fact sheet deadline for non-hospital healthcare providers to June 3, 2024. *Id.* at 2.

Plaintiff satisfies both of the Court's requirements for a non-hospital healthcare provider to count as a Hospital Plaintiff for purposes of the Court-ordered fact sheet obligations. Plaintiff satisfies the first condition because he alleges that he "is an emergency room physician" (*i.e.* a "healthcare provider") and seeks to represent a class of similarly situated emergency room physicians. *Masiowski v. AmerisourceBergen Drug Corporation, et al.*, 1:18-op-45985-DAP (N.D. Ohio), Doc. 1 ("Complaint") ¶¶ 38, 423. And Plaintiff satisfies the second condition because his Complaint makes clear that he seeks to recover for "claims relating to unreimbursed and/or under-reimbursed care for patients with Opioid Use Disorder." Plaintiff alleges, for example:

- "Plaintiff has incurred and continues to incur costs related to opioid addiction and abuse, including, but not limited to, substantial loss of appropriate compensation for increased emergency and medical care services and lost productivity costs." Complaint ¶ 36.

- "In sum, Plaintiff and the putative class that he seeks to represent have experienced economic costs directly related to the opioid epidemic, including substantial loss of income for having to provide emergency room medical services for either no compensation or payment substantially below market rates." *Id.* ¶ 37.

- "Plaintiff and the Class members bill their full charges to uninsured patients. Typically, where there is no health insurance, Medicare, or Medicaid coverage, these charges are not reimbursed and are lost to emergency room physicians." *Id.* ¶ 314.

- "It was also foreseeable to Defendants that Plaintiff and the Class members would suffer the aforesaid monetary losses because of the opioid epidemic, since emergency room physicians typically are not reimbursed for their treatment of uninsured patients and receive only partial reimbursement for their treatment of patients with health insurance." *Id.* ¶ 319.

- "Plaintiff is obligated to cover medically necessary and reasonably required care; he had no choice but to provide these services although often he was not paid or was paid substantially less than market rates." *Id.* ¶ 514.

Plaintiff, a non-hospital healthcare provider, did not file a Plaintiff Fact Sheet by the Court's June 3, 2024 deadline.

When other "Hospital Plaintiffs" have failed to comply with the Court's orders on Plaintiff Fact Sheets, the Court has dismissed their claims with prejudice. *See, e.g.,* Docs. 5382, 5488. The Court should do the same here and dismiss Plaintiff's case with prejudice under Fed. R. Civ. P. 41.[2]

Dated: September 18, 2024

Respectfully submitted,

/s/ Tina M. Tabacchi
Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
110 North Wacker, Suite 4800
Chicago, IL 60606
Phone: (312) 782-3939
tmtabacchi@jonesday.com
tfumerton@jonesday.com

*Counsel for Walmart Inc.*

/s/ Kaspar J. Stoffelmayr
Kaspar J. Stoffelmayr
Jean K. Tinkham
Michael A. Nance
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Phone: (312) 494-4400
kaspar.stoffelmayr@bartlitbeck.com
jean.tinkham@bartlitbeck.com
michael.nance@bartlitbeck.com

*Counsel for Walgreen Co. and Walgreen Eastern Co., Inc.*

---

[2] The Moving Defendants were unable to bring Dr. Masiowski's case to the Court's attention previously, because they were not named in (and so not served with) his original Complaint. The Moving Defendants only recently became aware of Plaintiff's case in connection with his efforts to amend his Complaint to add additional new parties, including the Moving Defendants.

3

*/s/ Eric R. Delinsky*
Eric R. Delinsky
Alexandra W. Miller
Paul B. Hynes, Jr.
ZUCKERMAN SPAEDER LLP
1800 M. Street NW, Suite 1000
Washington, DC 20036
Phone: (202) 778-1800
edelinsky@zuckerman.com
smiller@zuckerman.com
phynes@zuckerman.com

*Counsel for CVS Pharmacy, Inc.*

4

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 18th day of September, 2024, I electronically filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system, which caused all parties or counsel of record to be served

Dated:  September 18, 2024     Respectfully submitted,

             <u>*/s/   Tina  M. Tabacchi*</u>
             Tina M. Tabacchi
             Tara A. Fumerton
             JONES DAY
             110 North Wacker, Suite 4800
             Chicago, IL 60606
             Phone: (312) 782-3939
             tmtabacchi@jonesday.com
             tfumerton@jonesday.com

             *Counsel for Walmart Inc.*