# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>CT20: *Town of Hull v. AmerisourceBergen Drug Corporation, et al.*<br><br>Case No.: 1:19-op-46172-DAP<br><br>CT21: *County of Monterey v. AmerisourceBergen Drug Corporation, et al.*<br><br>1:18-op-45615-DAP | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster |

## RESPONSE TO PBM DEFENDANTS' MOTION FOR CLARIFICATION AND TO STRIKE THE AMENDED COMPLAINTS AGAINST THE PBM DEFENDANTS IN THE ALBERTSONS BELLWETHER CASES

The PEC files this response to PBM Defendants' Motion for Clarification and to Strike the Amended Complaints Against the PBM Defendants in the Albertsons Bellwether Cases (Doc. 5633). Because Plaintiffs' claims against the PBM Defendants are expressly authorized by CMO-1 as confirmed by the Sixth Circuit in *In re Nat'l Prescription Opiate Litig.*, 2022 U.S. App. LEXIS 31328 (6th Cir. Nov. 19, 2022), the motion should be denied.

### ARGUMENT

On May 20, 2024, the Town of Hull, Massachusetts, and County of Monterey, California, were selected as bellwethers for Defendant Albertsons.[1] On June 10, 2024, this Court entered an Amended Case Management Order for Albertsons Bellwether Tracks which included a deadline

---

[1] Doc. 5445.

3098979.1

to file Amended Complaints "[p]ursuant to CMO1" within 60 days of entry of the Order.[2]  On August 8, 2024, this Court entered the Agreed Amended Case Management Order for Albertsons Bellwether Tracks which extended the deadline to file Amended Complaints to September 9, 2024.[3]

On September 6, 2024, Plaintiffs filed a Motion for Leave to File Complaints Under Seal which advised that they were "filing separate supplemental and amended allegations against the PBMs" and "[c]onsistent with other bellwethers, Plaintiffs will sever the non-Albertsons Defendants from the claims to be litigated in Tracks 20 and 21."[4] On September 9, 2024, Plaintiffs timely filed their Supplemental and Amended Allegations to Be Added to the Complaint.[5]

The PBM Defendants' motion hinges on the fallacy that the Town of Hull and County of Monterey, as bellwethers, were required to file a motion to amend to add the PBM Defendants.[6] It has long been established that Plaintiffs selected as bellwethers in this MDL have the right to amend their Complaints.  The operative CMOs in this case clearly set out rules dictating when pleadings can be amended, including "[i]*f a case is later designated as a bellwether for motion*

---

[2] Doc. 5482.

[3] Doc. 5581.

[4] Doc 5621.

[5] *See* Doc. 5627 (CT20 Plaintiff Town of Hull's Supplemental and Amended Allegations to Be Added to the Complaint); Doc 5629 (CT20 Plaintiff Town of Hull's Sealed Supplemental and Amended Allegations Against the PBM Defendants to be Added to the Complaint); Doc. 5630 (CT21 Plaintiff County of Monterey's Sealed and Supplemental and Amended Allegations Against the PBM Defendants to be Added to the Complaint) and Doc 5631 (CT21 Plaintiff County of Monterey's Supplemental and Amended Allegations Against the PBM Defendants to be Added to the Complaint).

[6] *See* Doc. 5633 at 3-4.

*practice or trial, a separate CMO will be entered that will provide for another opportunity to amend.*"[7]

In responding to a writ to the Sixth Circuit filed by Defendant Meijer, this Court noted that the provisions, as set out in CMO-1, "provided independent bases for amendment" which can be used "to add new allegations and new defendants" – "without leave of Court if its case was chosen as a bellwether."[8]  This Court explained, "amendment of complaints under "rule 4", based on ARCOS data, in no way affected or precluded the Court's original holding under "rule 3" that a plaintiff could also amend its complaint if and when it was later chose as a bellwether."[9] The Sixth Circuit concurred, finding that "[w]hen this case was selected as a bellwether, the plaintiffs exercised their right to amend and added Meijer as a defendant. Because the district court's scheduling order permitted such amendment from the outset, plaintiffs did not need the district court's leave to amend."[10]

Contrary to the PBM Defendants' assertions, the PEC was not required to seek leave to file amended complaints against the PBMs in the Albertsons bellwether cases.[11] Nor did the amended pleadings violate the Court's orders regarding other plaintiffs seeking to add claims against the PBM Defendants.[12]  Under CMO-1, once selected as bellwethers, Plaintiffs had a right to file an amended complaint adding new allegations and new defendants without leave from the Court. Nothing in the Court's Orders pertaining to non-bellwether cases indicated that the Court was

---

[7] *See* Doc. 232 (CMO-1") and Doc. 371 (Order Amending "CMO-1"). (Emphasis added).

[8] *See In re: Meijer, Inc., et al.*, *Response from Honorable Dan A. Polster,* at *3-5, Doc. 8, Case: 21-4051 (6th Cir.).

[9] *Id.*

[10] *In re Nat'l Prescription Opiate Litig.*, 2022 U.S. App. LEXIS 31328 at *2.

[11] Doc. 5633 at 3.

[12] *Id.* (citing Docs. 5455, 5522).

revoking the right to amend for bellwethers as it pertained to PBM Defendants or any other defendants. In filing the Supplemental and Amended Allegations, the PEC followed the long-standing law of the case.

Finally, the PBM Defendants contend that the inclusion of the Town of Hull in the motion to amend to add the PBM Defendants and exclusion of Monterey County amounted to a waiver by Monterey County.[13] The PEC is negotiations with Albertsons regarding replacing or removing the Town of Hull as an Albertsons' bellwether. If those efforts are successful and the Court approves, the Town of Hull will withdraw the supplemental Complaints as it will no longer be a bellwether. If the Town of Hull remains a bellwether, the Town of Hull will withdraw from the motion to amend against the PBM Defendants. The circumstances surrounding the Town of Hull's claims have no bearing on Monterey County's right to amend as a bellwether.[14]

## CONCLUSION

For the forgoing reasons, the PEC respectfully requests that this Court deny the PBM Defendants' motion.

Dated: September 23, 2024        Respectfully submitted,

                                                            Jayne Conroy
                                                            SIMMONS HANLY CONROY
                                                            112 Madison Avenue, 7th Floor
                                                            New York, NY 10016
                                                            Phone: 212-784-6400
                                                            jconroy@simmonsfirm.com

---

[13] *See* Doc. 5633 at 4.

[14] The PBM Defendants also note that Monterey County joined in the PEC's motion for leave to amend to add against the Aurolife Defendants, Doc. 5633 at 4. Subsequently, the County withdrew from the Aurolife motion mooting any objection arising from that motion.

        Joseph F. Rice
        MOTLEY RICE LLC
        28 Bridgeside Blvd.
        Mt. Pleasant, SC 29464
        Office: 843-216-9000
        jrice@motleyrice.com

        Paul T. Farrell, Jr.
        FARRELL & FULLER LLC
        270 Munoz Rivera Avenue
        San Juan, PR 00918
        Phone: 304-654-8281
        paul@farrellfuller.com

        *Plaintiffs' Co-Lead Counsel*

        *Peter H. Weinberger*
        Peter H. Weinberger (0022076)
        SPANGENBERG SHIBLEY & LIBER
        1001 Lakeside Avenue East, Suite 1700
        Cleveland, OH 44114
        Office: 216-696-3232
        pweinberger@spanglaw.com

        *Plaintiffs' Liaison Counsel*


## CERTIFICATE OF SERVICE

    I hereby certify that on September 23, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

        *Peter H. Weinberger*
        Peter H. Weinberger