**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION**  *This Document Relates to:*  **CLEVELAND COUNTY v. PURDUE PHARMA, L.P., ET AL;**  **Case No.: 1:18-o-45304-DAP** | **MDL 2804**  **Case No. 1:17-md-2804**  **Hon. Dan Aaron Polster** |

**MOTION OF PLAINTIFF CLEVELAND COUNTY TO CORRECT INADVERTENT OMISSION AND JOIN OMNIBUS MOTIONS FOR LEAVE TO AMEND TO ADD KVK-TECH, INC. [ECF 5552], EXPRESS SCRIPTS, INC. [ECF 5548] AND OPTUMRX, INC. [ECF 5547]**

Plaintiff Cleveland County (North Carolina) hereby moves to correct its inadvertent omission from and to join Plaintiffs' Omnibus Motion for Leave to Amend to add KVK-Tech, Inc. ("KVK") [ECF 5552], Plaintiffs' Omnibus Motion for Leave to Amend to add Express Scripts, Inc. Defendants ("ESI") [ECF 5548], and Plaintiffs' Omnibus Motion for Leave to Amend to add OptumRx, Inc. Defendants ("Optum") [ECF 5547]. In support, Cleveland County states as follows.

**I.     FACTUAL BACKGROUND**

On July10, 2024, Cleveland County completed and executed through counsel its Authorization for the PEC to File Motions to Amend complaints Against Select Defendants, which included KVK.  *See* Exhibit A at 2.  Cleveland County's authorization was also intended to authorize the PEC to seek leave for Cleveland County to amend its

complaint to add ESI and Optum. *Id.* Cleveland County timely submitted its authorization to the PEC on July 10, 2024.

Cleveland County's counsel inadvertently failed to check three boxes in the authorization – those that would have specifically requested that Cleveland County be added to the PEC's motions for leave to amend with respect to KVK, ESI, and OptumRX. Cleveland County's counsel *did* check those boxes on over two hundred other authorization forms counsel submitted on behalf of its clients in the MDL; it was a simple oversight here. Based on counsel's erroneous submission, the PEC did not include Cleveland County among those plaintiffs seeking leave to amend to add Defendants KVK, ESI, and Optum. Cleveland County now seeks to correct this oversight.

**II. ARGUMENT**

The Court should allow Cleveland County to correct this inadvertent omission and join the respective Omnibus Motions for Leave to amend to Add KVK-Tech, Inc., Express Script, Inc. and Optum, RX, Inc. This relief is warranted for several reasons.

**A. Cleveland County is qualified to join the Omnibus Motion for Leave to Amend to add KVK and its joinder will not prejudice KVK.**

Cleveland County's July 10 Authorization demonstrates that it may appropriately bring claims against KVK. The recently produced 2015-2019 ARCOS data shows that that KVK had a 5.43% opioid market share by dosage unit in Cleveland County during that period, after having had only a 1.32% market share during the 2006-2014 period reflected in the earlier ARCOS data. *See* Ex. A at 2), line 3; *see also* Omnibus Motion for Leave at 1 ("Leave should be granted because . . . in the period 201[5]-2019, KVK had a market share

of 5% or more in each of the Amending Plaintiff[s'] jurisdictions. *See* ECF 5552 at 2. During the earlier period for which ARCOS data had been made available, 2006-2014, KVK had less than a 5% market share in each of the Amending Plaintiffs' jurisdictions."). Cleveland County thus is an appropriate party to amend to bring claims against KVK based on KVK's later-period opioid market share.

Additionally, KVK will not be prejudiced if Cleveland County is permitted to join the Omnibus Motion for Leave. More than 150 other plaintiffs have requested leave to amend their complaints to add claims against KVK, so adding one more plaintiff to that list will have virtually no impact on KVK. *See* ECF 5552-1 (Amending Plaintiffs vs. KVK). Moreover, this marginal addition of one plaintiff will not prejudice KVK in responding to the Omnibus Motion for Leave to Amend since the Court recently granted KVK an extension on its response deadline, giving KVK until December 6, 2024 to respond to the Omnibus Motion. *See* Aug. 30, 2024 Text Order. Finally, KVK will not be prejudiced by Cleveland County being permitted to assert claims against it in this MDL since, if the Court denies this request to join, Cleveland County still would have the option to bring suit against KVK outside of the MDL in state or federal court.

By contrast, if Cleveland County's request to join is denied and it is forced to sue KVK outside of the MDL, Cleveland County will be prejudiced by the loss of the efficiencies created by these coordinated proceedings on claims involving common facts pertaining to KVK's opioid marketing and distribution practices.

For these reasons, the Court should grant Cleveland County's Motion and allow it to join the Omnibus Motion for Leave to Amend to Add KVK Tech, Inc.

**B. Cleveland County is qualified to join the Omnibus Motions for Leave to Amend to add both ESI and Optum and its joinder will not prejudice either defendant.**

Cleveland County's July 10 Authorization demonstrates that it may appropriately bring claims against both ESI and Optum. New information for ESI and Optum, not available to any of the Amending Plaintiffs until long after the deadline for amendment had passed, is central to the allegations against both of those defendants in this MDL. This new information was provided by ESI and Optum in discovery in *Jefferson County v. Dannie E. Williams, M.D., et al.*, litigated in state court in Missouri. The vast majority of document production in that case was made in 2022 and 2023, but was not produced in the MDL until January 2023.

Neither ESI nor Optum will be prejudiced by Cleveland County joining the Omnibus Motions for Leave. More than 1,500 other plaintiffs have requested leave to amend their complaints to add claims against ESI and Optum, so adding one more plaintiff to that list will have virtually no impact on those defendants. *See* ECF 5548-1 (Amending Plaintiffs vs. Express Scripts Defendants) and ECF 5547-1 (Amending Plaintiffs vs. Optum Defendants). Moreover, this marginal addition of one plaintiff will not prejudice ESI or Optum in responding to their respective Omnibus Motions for Leave to Amend since the Court recently granted them extensions on their response deadlines, giving them until December 6 to respond. *See* Aug. 30, 2024 Text Order.

Finally, just as with KVK, ESI and Optum will not be prejudiced by permitting Cleveland County to assert claims against them in this MDL since, if the Court denies this request to join, Cleveland County would still have the option to bring suit against ESI and

Optum outside of the MDL. By contrast, if the request to join is denied and Cleveland County is forced to sue ESI and Optum outside of the MDL, Cleveland County will be prejudiced by the loss of the efficiencies created by these coordinated proceedings on claims involving common facts pertaining to ESI and Optum Defendants' opioid marketing and distribution practices.

For these reasons, the Court should grant Cleveland County's motion and allow it to join the Omnibus Motions for Leave to Amend to Add Express Scripts, Inc. and OptumRX, Inc. Defendants.

### III. CONCLUSION

Cleveland County respectfully requests that this Court grant this motion allowing Cleveland County, North Carolina to correct its inadvertent omission and permit it to join the respective Omnibus Motions for Leave to Amend to Add KVK-Tech, Inc., Express Script, Inc. and Optum, RX, Inc.

Dated: September 24, 2024

Respectfully submitted,

*/s/Jayne Conroy*
Jayne Conroy
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
jconroy@simmonsfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

*/s/ Jayne Conroy*
Jayne Conroy
