## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION | ) | **CASE NO. 1:17-MD-2804** |
| OPIATE LITIGATION | ) | |
| | ) | **Judge Dan Aaron Polster** |
| THIS DOCUMENT RELATES TO: | ) | |
| "*All cases*" | ) | |
| | ) | **ORDER ON MOTION FOR** |
| | ) | **CLARIFICATION AND TO STRIKE** |

PBM Defendants move the Court to: (1) clarify its earlier Orders regarding amendment of complaints; and (2) strike the amended complaints filed by plaintiffs against the PBM Defendants in the two Albertsons bellwether cases.[1]  *See* docket no. 5633. The PEC responded and PBM Defendants replied.  *See* docket nos. 5643, 5654.  The Court denies the motion to strike and clarifies as follows.

Four months ago, the Court entered an Order providing that, "[f]or each defendant the PEC wishes to add to any case, the PEC shall file a single motion to amend complaints of all plaintiffs who wish to add that defendant."  Docket. no. 5455 at 1 ("*Final Amendment Order*").  The Court stated this "will be plaintiffs' final opportunity to amend their complaints." *Id.* at 2.

Following this direction, the PEC filed a single motion to add Optum to certain cases listed in an attached Case List, and a single motion to add ExpressScripts to certain cases listed in a similar Case List.  *See* docket nos. 5547 & 5548.  The PEC's Case Lists did ***not*** include the two Albertsons bellwether cases.

Separately, the CMO for the two Albertsons bellwether cases set a deadline for filing an amended complaint: "**Pursuant to CMO-1**, the Albertsons Bellwether Plaintiffs will file and serve

---

[1] The two cases are *Town of Hull v. AmerisourceBergen Drug Corp.*, case no. 19-op-46172, and *County of Monterey v. AmerisourceBergen Drug Corp.*, case no. 18-op-45615.

Amended Complaints within 60 days of entry of this Order."  Docket no. 5481 at 2 (emphasis added).  When the Plaintiffs filed their amended complaints in the two bellwethers, they named the PBMs.

PBMs argue the bellwether amended complaints are contrary to the *Final Amendment Order*, asserting that, if Plaintiffs wanted to add the PBMs to the Albertsons bellwether cases, Plaintiffs had to do so by including those bellwether cases in their Case Lists.

The PEC responds by noting that CMO-1 provides: "[i]f a case is later designated as a bellwether for motion practice or trial, a separate CMO will be entered that will provide for another opportunity to amend."  Docket no. 371 at 1.  The Sixth Circuit rejected a challenge to this provision in *In re Nat'l Prescription Opiate Litig.*, 2022 WL 20701236 (6th Cir. Nov. 10, 2022).  The PEC further notes, as emphasized above, that the Albertsons bellwether CMO specifically cites CMO-1 in connection with the filing of amended complaints.

To summarize: PBMs argue the *Final Amendment Order* effectively abrogated the above-quoted provision in CMO-1, so Plaintiffs in the Albertsons bellwether cases cannot now amend to add the PBMs; rather, Plaintiffs' "last chance" was to include the bellwether cases in their PBM Case Lists, and Plaintiffs did not do so.  The PEC responds that the CMO-1 provision is and has always been fundamental, the bellwether CMO refers to it, and the bellwether plaintiffs relied upon it, so the provision applies and allows amendment of the Albertson bellwether complaints to name the PBMs.

The Court now clarifies that, in fact, the *Final Amendment Order **did*** set forth the "last chance" procedures for any MDL plaintiff to amend a complaint ***to add a defendant***.  The Court ***may*** later allow amendment of complaints by a newly-chosen bellwether plaintiff to update allegations

or to add claims, but it will not allow any further amendment by any MDL plaintiff to add a new defendant.[2]

That said, the PEC remains correct that the CMO applicable to the Albertsons bellwether cases explicitly created an exception to the process set out in the *Final Amendment Order*, such that the provision in CMO-1 allowing for a bellwether plaintiff to file an amended complaint naming new defendants remained viable in those cases only.  The PEC is entitled to rely on the exception in the Court's Albertsons bellwether CMO.  Accordingly, the PBMs' motion to strike is denied.

Of course, as a practical matter, this ruling will not affect the nature of trial of the bellwether cases upon remand, because the parties and the Court have always understood that plaintiffs' claims in those cases against all defendants except Albertsons will be severed.  *See* docket no. 5621 at 1 n.1 ("Consistent with other bellwethers, Plaintiffs will sever the non-Albertsons Defendants from the claims to be litigated in Tracks 20 and 21.").

**IT IS SO ORDERED.**

/s/ *Dan Aaron Polster*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

**DATED**: September 26, 2024

---

[2] There is one possible exception to this edict.  The Court told MDL plaintiffs they may not amend their complaints, as otherwise allowed under the process set out in the *Final Amendment Order*, to add any defendant that had already reached a settlement in principle.  There were about ten such defendants at that time.  The Court expects all of those settlements to become final; but if one falls apart, then plaintiffs ***may*** be allowed to amend to add that defendant.