UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Cleveland County v. Purdue Pharma, L.P. et al.*, No. 1:18-op-45304-DAP | MDL No. 2804<br><br>Case No. 1:17-md-2804-DAP<br><br>Judge Dan Aaron Polster |

**PBM DEFENDANTS' OPPOSITION TO MOTION OF PLAINTIFF CLEVELAND COUNTY TO CORRECT INADVERTENT OMISSION AND JOIN IN OMNIBUS MOTIONS FOR LEAVE TO AMEND TO ADD KVK-TECH, INC. [ECF 5552], EXPRESS SCRIPTS, INC. [ECF 5548], AND OPTUMRX, INC. [ECF 5547]**

OptumRx, Inc. and Express Scripts, Inc. (the **PBM Defendants**) submit this joint opposition to Cleveland County's motion to join the PEC's omnibus motions for leave to amend. ECF No. 5655. Nearly six years after the CMO's deadline for motions to amend passed, MDL Plaintiffs were given a "final opportunity to amend their complaints" to add new defendants. ECF No. 5455 at 2 (**Final Amendment Order**); *see* ECF No. 5656 (clarifying that "the *Final Amendment Order **did*** set forth the 'last chance' procedures for any MDL plaintiff to amend a complaint ***to add a defendant***") (emphasis in original). But that opportunity had a deadline: July 30, 2024 (after the Court twice extended the deadline). *See* ECF Nos. 5455, 5522, 5545. Cleveland County missed that deadline.

Cleveland County did not (1) include a copy of the authorization form that it claims it "timely submitted" to the PEC or (2) submit an affidavit or other evidence showing that it submitted a completed authorization form to the PEC before the deadline. Nevertheless, Cleveland County says that it should be excused from the Court's deadline because of a scrivener's error, claiming it "inadvertently failed to check three boxes" on the PEC's authorization form. ECF No.

5655 at 2. The PEC form includes instructions in red, bold, capitalized text: "**PLEASE READ THIS FORM CAREFULLY AND CHECK THE APPROPRIATE BOXES**." ECF No. 5655-1. Cleveland County did not follow those instructions. The PEC form also includes an acknowledgement that the submitting plaintiff "understand[s] that the PEC *will not add* the above-captioned Plaintiff to any motion seeking leave to amend *for any defendant that is not listed within this form*." *Id.* (emphasis added). If Cleveland County submitted a form to the PEC that did not list the PBM Defendants, it cannot now be added to "any motion seeking leave to amend." *See* ECF No. 5656 (confirming that, pursuant to the Final Amendment Order, the Court "will not allow any further amendments by any MDL plaintiff to add a new defendant").

Instead, two months after the motions to amend were filed, Cleveland County asks this Court to ignore its own directive (and the Rules of Civil Procedure and Sixth Circuit precedent[*]) to grant it leave to join the motions for leave to amend, claiming that its addition is "marginal" and will have "virtually no impact." ECF No. 5655 at 4. But it is not the PBM Defendants' burden to demonstrate prejudice from Cleveland County's failure to follow this Court's mandated process. And Cleveland County's claim that it "failed to check three boxes" is hard to take seriously when the form itself has only seven boxes and multiple warnings about the consequences of the failure to check the appropriate boxes.

In any event, the PBM Defendants will suffer prejudice if Cleveland County is permitted to belatedly move to amend its complaint to add the PBM Defendants. Cleveland County discounts the burden on the PBM Defendants in opposing the omnibus motions for leave to amend. The Rules of Civil Procedure, the Sixth Circuit precedent, and this Court demand an individual review

---

[*] In their opposition to the omnibus motions for leave to amend, the PBM Defendants will address the MDL Plaintiffs' and the PEC's failures under the law of this case, the Rules of Civil Procedure, and Sixth Circuit precedent as well as the prejudice resulting from the motions for leave to amend.

2

and analysis of *every* case in which a plaintiff seeks to amend its complaint to add the PBM Defendants. Fed. R. Civ. P. 16(b)(4); *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 845 (6th Cir. 2020) ("[A] district court's decision whether to grant a motion to amend in an individual case depends on the record in that case and not others."); ECF No. 5471, May 22, 2024 Hr'g. Tr., at 17:25–18:3 (requiring a case-by-case showing of good cause for any plaintiff seeking leave to amend). The addition of yet another plaintiff, more than two months into the briefing period, would prejudice the PBM Defendants in their ability to oppose Cleveland County's motion for leave.

The Court's Final Amendment Order was clear: "This will be plaintiffs' final opportunity to amend their complaints." ECF No. 5455 at 2. The Court "will not allow any further amendment by any MDL plaintiff to add a new defendant." ECF No. 5656 at 3. Cleveland County missed its "final opportunity" to seek leave to amend and add parties. Its motion must be denied.

Dated: September 30, 2024

/s/ Brian D. Boone
Brian D. Boone
**ALSTON & BIRD LLP**
Vantage South End
1120 South Tryon Street, Suite 300
Charlotte, NC 28203
Tel: (704) 444-1000
brian.boone@alston.com

William H. Jordan
**ALSTON & BIRD LLP**
1201 West Peachtree Street NW, Suite 4900
Atlanta, GA 30309
Tel.: (404) 881-7000
bill.jordan@alston.com

*Attorneys for Defendant OptumRx, Inc.*

/s/ Jonathan G. Cooper
Mike Lyle
Jonathan G. Cooper
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
1300 I St. NW, Suite 900
Washington, DC 20005
Tel: (202) 538-8000
mikelyle@quinnemanuel.com
jonathancooper@quinnemanuel.com

Sage R. Vanden Heuvel
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 S. Figueroa St. Floor 10
Los Angeles, CA 90017
Tel: (213) 443-3000
sagevandenheuvel@quinnemanuel.com

*Attorneys for Express Scripts, Inc.*

3