UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**DEFENDANT TRIS PHARMA, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF LOS ANGELES COUNTY AND THE PEOPLE OF THE STATE OF CALIFORNIA'S MOTION TO JOIN PLAINTIFFS' OMNIBUS MOTION FOR LEAVE TO AMEND TO ADD TRIS PHARMA, INC. (ECF No. 5635)**

Defendant Tris Pharma, Inc., specially appearing[1] by and through undersigned counsel, submits this Response in Opposition to Plaintiff Los Angeles County and the People of the State of California's ("Plaintiff LA County") Motion to Join Plaintiffs' Omnibus Motion for Leave to Amend to Add Tris Pharma, Inc. ECF No. 5635 ("Motion to Join").

**I.     INTRODUCTION**

Nearly *two months* after this Court's already extended deadline passed, Plaintiff LA County now seeks to join Plaintiffs' Omnibus Motion for Leave to Amend to Add Tris Pharma, Inc. ("Omnibus Motion to Amend"). ECF No. 5554. Plaintiff LA County's request is both untimely and unfairly prejudicial.

The interests of justice require eventual finality as to which plaintiffs seek to amend their complaints to add Tris Pharma. This Court set a deadline and it has long since passed. This Court should enforce its deadline so that Tris Pharma can review and prepare responses to the *new* cases

---

[1] Neither the PEC nor any individual Plaintiff has formally served Tris Pharma and it is not an active party in the Opioid MDL.  Plaintiffs' Omnibus Motion for Leave to Amend to Add Tris Pharma, Inc., ECF No. 5554, seeks to add Tris Pharma to cases in this litigation *for the first time*. Tris Pharma specially appears solely to respond to Plaintiff LA County's Motion to Join and reserves all related rights and defenses, including improper service and lack of jurisdiction.

1

to which Plaintiffs ask to add Tris Pharma. Denying Plaintiff LA County's motion is necessary to foreclose the possibility that Plaintiffs will continually add other cases after expiration the deadline.

This is not the first time Plaintiff LA County has ignored the Court's deadlines. Plaintiff LA County is currently pending dismissal in this litigation for previous failures to follow this Court's orders and deadlines. Accordingly, this Court should deny Plaintiff LA County's Motion to Join.

## II.   PROCEDURAL BACKGROUND

On May 23, 2024, this Court issued an Order requiring Plaintiffs' Executive Committee ("PEC") to file its Omnibus Motion to Amend by July 22, 2024. ECF No. 5455. Subsequently, the Court granted PEC *multiple* extensions of time to complete all requisites and file the Omnibus Motion to Amend. *See* ECF Nos. 5522, 5545. The Court designated July 30, 2024, as PEC's final filing deadline. ECF. No. 5545 ("Scheduling Order"). PEC filed its Omnibus Motion to Amend on July 29, 2024. ECF No. 5554. The PEC did not include LA County in its Omnibus Motion to Amend. *Id*. On September 18, 2024, Plaintiff LA County filed the instant Motion to Join the Omnibus Motion to Amend. ECF No. 5635.

## III.  STANDARD

Although not titled as such, Plaintiff LA County's Motion to Join is, in effect, a request for an extension of this Court's Scheduling Order for Plaintiffs' Omnibus Motion to Amend. ECF No. 5554. Plaintiff LA County implicitly seeks an extension of this Court's July 30, 2024, final deadline for plaintiffs to move for leave to amend their complaints to add new defendants, such as Tris Pharma. "Rule 16(b) of the Federal Rules of Civil Procedure provides that **a court's scheduling order shall not be modified except upon a showing of good cause** and by leave of the district judge." *Botnick v. Zimmer Inc*., Civ. A. No. 1:03-cv-1794, 2004 WL 2668803, at *1

(N.D. Ohio Nov. 19, 2004) (citing Fed. R. Civ. P. 16(c)) (internal citations omitted) (emphasis added). In evaluating extension requests, Courts within this jurisdiction consider whether a requested extension would result in unfair prejudice to the non-moving party. *Id*. at *2.

## IV. ARGUMENT

### A. LA County's Motion to Join is Untimely, Prejudicial, and Lacks Good Cause.

LA County had opportunities to timely join the Omnibus Motion to Amend and did not do so, despite extensions granted by this Court. While LA County points its finger at counsel for the mistake, it was nearly two months after this Court's deadline expired before LA County noted the PEC did not include in the PEC's Omnibus Motion to Amend. It was a mistake LA County should have noted in the three weeks between submitting its form to the PEC and the PEC's filing.

While LA County shrugs off the prejudice to Tris Pharma, allowing LA County to join the Omnibus Motion to Amend would cause Tris Pharma substantial prejudice. The Rules of Civil Procedure, Sixth Circuit precedent, and this Court require that Tris Pharma analyze each case in which a plaintiff seeks to amend its complaint to add it as a defendant. Fed. R. Civ. P. 16(b)(4); *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 845 (6th Cir. 2020) ("[A] district court's decision whether to grant a motion to amend in an individual case depends on the record in that case and not others."); ECF No. 5471, May 22, 2024 Hr'g. Tr., at 17:25–18:3 (requiring a case-by-case showing of good cause for any plaintiff seeking leave to amend). Tris Pharma, a *new* party to this MDL, has already undertaken considerable time and expense to review and prepare to respond to the 185 new cases to which Plaintiffs seek to join it. The surprise addition of an entirely new plaintiff two months into Tris Pharma's preparations, significantly hampers Tris Pharma's ability to adequately prepare and respond to Plaintiffs' Omnibus Motion. While LA County attributes its

3

untimely Motion to Join to its own mistaken submission to PEC, its intent behind the delay is irrelevant, does not amount to good cause, and the Court should deny its application.

Plaintiff LA County readily admits that it has an alternative forum that it has not chosen because a denial here would require it to spend resources pursuing its claims outside the MDL. LA County's Motion, ECF 5635, page 3. That does not excuse its delay or provide a rational for granting its motion. Rather, it argues the clear ease to add Tris Pharma to its existing case here relieves it of the added time and expense it would incur bringing a separate action. But where LA County asserts that Tris Pharma's market share in LA County was a mere 1.7% morphine milligram equivalent for the *entire* 2015-2019 period (ECF 5635, Exhibit A), LA County could clearly not sustain a separate action against Tris Pharma. That is not 'good cause' and the only party that will suffer prejudice is Tris Pharma.

The Court's Final Amendment Order was clear: "This will be plaintiffs' final opportunity to amend their complaints." ECF No. 5455 at 2. The Court "will not allow any further amendment by any MDL plaintiff to add a new defendant." ECF No. 5656 at 3. LA County missed its "final opportunity" to amend and add parties. This Court should deny LA County's untimely Motion.

**B.** **Plaintiff LA County is Pending Dismissal for Failure to Comply with this Court's Orders.**

While Plaintiff LA County styles this missed deadline as an "inadvertent omission," its alleged oversight is not its first failure to follow this Court's orders and deadlines in this litigation. Plaintiff LA County is currently pending dismissal for other failures to follow this Court's orders. *See* Rite Aid Defendants' Motion to Dismiss for Failure to Prosecute ("Rite Aid Defendants' Motion to Dismiss"), attached hereto as **Exhibit A**. As Rite Aid explains, Plaintiff LA County (1) did not serve a Plaintiff Fact Sheet as required by the Court's Order Regarding Failures to Submit Plaintiff Fact Sheets (ECF 4985), and (2) did not perfect service of its complaint as required by

4

the Order Regarding Service of Process (ECF 4986). *See* Rite Aid Defendants' Motion to Dismiss, Ex. A at 1. Accordingly, "[b]y failing to serve [its] complaints and/or failing to serve Plaintiff Fact Sheets, [Plaintiff LA County] ha[s] failed to timely prosecute [its] claims[.]" Rite Aid Defendants' Motion to Dismiss at 14.

Plaintiff LA County has shown a pattern of disregard for this Court's orders and deadlines. Plaintiff LA County did not serve its Complaint, did not submit a fact sheet, has not filed a response to the Rite Aid Defendant's Motion to Dismiss, and it has not denied that it did not follow this Court's orders and deadlines. As such, Plaintiff LA County is currently pending dismissal for failure to prosecute its claims, a motion that is due to be granted. Other courts in this Circuit have denied similar requests for extensions of missed deadlines by parties who have shown a disregard for court orders. *See Phoenix Process Equip. Co. v. Cap. Equip. & Trading Corp.*, No. 3:16-CV-00024-CHB, 2021 WL 1062553, at *16 (W.D. Ky. Mar. 19, 2021) ("[W]hile the Court cannot say that [Plaintiff] was acting in bad faith by filing its motion six days late, [Plaintiff]'s behavior throughout the litigation has raised questions as to its abilities to conform to the scheduling order deadlines. . . For these reasons, Plaintiff's request to extend its . . . deadline is denied."); *see also Botnick*, 2004 WL 2668803, at *2 (denying plaintiffs' request for extension of missed deadline because extension was due to lack of diligence and would result in prejudice to defendants).

"Deadlines are set for a reason." *Botnick*, 2004 WL 2668803, at *2. Parties to this litigation are equally bound to follow this Court's orders and deadlines. The interests of fairness and justice require that the Court allow no party to routinely flout its orders and deadlines. *See id.* ("Parties cannot do nothing until deadlines have passed, and then expect that the deadlines will be automatically altered to accommodate their own lack of diligence."). Tris Pharma opposes the untimely joinder of a plaintiff that has already shown failures to prosecute its alleged claims in this

5

litigation. To this point, in their September 16, 2024 email to this Court, Plaintiff LA County's counsel noted that in the span of almost two months following the filing of the Omnibus Motion to Amend, Plaintiff LA County *failed to notice* its alleged omission from the Omnibus Motion to Dismiss until September 10, 2024. *See*, **Exhibit B**. Accordingly, the Court should deny LA County's Motion to Join.

## V.  CONCLUSION

For these reasons, Tris Pharma respectfully asks that this Court deny Plaintiff LA County's Motion to Join Plaintiffs' Omnibus Motion for Leave to Amend to Add Tris Pharma, Inc. ECF No. 5635.

Respectfully submitted,

**BLANK ROME LLP**

Dated: October 1, 2024      BY: */s/ Terry M. Henry*
Terry M. Henry
Fiona Steele
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5500
Email: Terry.Henry@blankrome.com
Email: Fiona.Steele@blankrome.com
*Attorneys for Defendant,*
*Tris Pharma, Inc.*