# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) ) | MDL 2804 |
| | | Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO: | ) ) | Judge Dan Aaron Polster |
| *ALL THIRD PARTY PAYOR ACTIONS* | ) ) | |

**DECLARATION OF ERIC J. MILLER REGARDING**
**DISSEMINATION OF NOTICE**

I, Eric J. Miller, declare as follows:

1.    I am the Senior Vice President of A.B. Data, Ltd.'s Class Action Administration Company ("A.B. Data"), whose corporate office is located in Milwaukee, Wisconsin. My business address is 5080 PGA Boulevard, Suite 209, Palm Beach Gardens, FL 33418, and my telephone number is 561-336-1801.

2.    I respectfully submit this Declaration in connection with the above-referenced action (the "Action").  This Declaration is based upon my personal knowledge and upon information provided by my associates and staff members.  I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

3.    Pursuant to the Order Granting Third Party Payor Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Direction of Notice Under Federal Rule of Civil Procedure 23(e) (the "Preliminary Approval Order"),  A.B. Data was responsible for preparing and effectuating notice pursuant to the Notice Plan approved by the Court. This Declaration details the steps taken by A.B. Data, which consisted of the following: (i) direct mail to potential third-party payor ("TPP") class members using A.B. Data's proprietary database (the "TPP Database"); (ii) a digital advertising

campaign; (iii) a news release disseminated over *PR Newswire*; and d) a toll-free telephone number and Settlement website to address potential Settlement Class Member inquiries.

## **DIRECT MAIL NOTICE TO TPPS**

4.      On September 17, 2024, A.B. Data mailed the postcard notice (the "Postcard Notice") via USPS First-Class Mail to 42,005 entities in A.B. Data's TPP Database. A copy of the Postcard Notice is attached hereto as **Exhibit A**.

5.      In addition, A.B. Data sent 1,041 emails to TPPs and their representatives where email addresses were available and known to be deliverable.

## **DIGITAL AND SOCIAL MEDIA**

6.      Beginning on September 17, 2024, A.B. Data caused digital banner ads to appear on BenefitNews.com, SHRM.org, and ThinkAdvisor.com/life-health, which are websites that reach insurance agents/brokers and related TPP professionals. A copy of the digital banner ad is attached hereto as **Exhibit B**.

7.      On September 17, 2024, A.B. Data caused the notice formatted as a news release to be disseminated via *PR Newswire*.  This news release was distributed via *PR Newswire* to the news desks of approximately 10,000 newsrooms across the United States, including those in general-market print, broadcast, and digital media. A true and correct copy of the press release is attached hereto as **Exhibit C**.

## **WEBSITE**

8.      On September 17, 2024, A.B. Data opened the Settlement website, www.TPPOpioidSettlement.com, to the public and to assist potential Settlement Class Members. It includes general information regarding this proposed Settlement, including the opt-out, objection, and claim filing deadlines, and the date, time, and location of the Court's Fairness Hearing. A copy of the Long-Form Notice (attached as **Exhibit D**), the Third-Party Payor Claim

Form (attached as **Exhibit E**), the Settlement Agreement, Complaint, Proposed Method of Allocation, the Preliminary Approval Order, and other relevant documents are posted on the website and are available for downloading. In addition, the website provides Settlement Class Members with the ability to submit their Third-Party Payor Claim Form through the website. The website is accessible 24 hours a day, 7 days a week.

## **TOLL-FREE HELPLINE**

9.     On September 17, 2024, A.B. Data opened a case-specific toll-free number, 1-877-411-4860, with an interactive voice response system and live operators, to accommodate potential Settlement Class Members with questions about the Settlement. The automated attendant answers the calls and presents callers with a series of choices to respond to basic questions. If callers need further help, they have the option of being transferred to a live operator during business hours. A.B. Data continues to maintain the telephone helpline and will update the interactive voice response system as necessary through the administration of the Settlement.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 1st day of October 2024 in Palm Beach Gardens, Florida.

Eric J. Miller

# EXHIBIT A

# LEGAL NOTICE

## Third-Party Payors: If you paid or reimbursed costs for prescription opioids, or paid or incurred costs for treatment related to opioid misuse, addiction, and/or overdose,

## You Could Get Money from a Settlement.

Cencora, Inc., Cardinal Health, Inc., and McKesson Corporation (the "Settling Distributors") have agreed to settle a lawsuit that claims opioid drug manufacturers misrepresented the risks and safety of long-term prescription opioid use and distributors did not properly monitor or report suspicious orders. Your rights may be affected by the proposed Settlement. The Settling Distributors deny any wrongdoing.

In re National Prescription Opiate Litigation
c/o A.B. Data, Ltd
P.O. Box 173026
Milwaukee, WI 53217

**Postmaster: Please DO NOT Cover Up Barcode**

54861-Opioids TPP-MH-PST

**Am I included?**  You may be included if you are an entity that paid and/or were reimbursed for (i) opioid prescription drugs manufactured, marketed, sold, distributed, or dispensed by any of the Defendants and/or Opioid Supply Chain Members for purposes other than resale, and/or (ii) paid or incurred costs for treatment related to the misuse, addiction, and/or overdose of opioid drugs, on behalf of individual beneficiaries, insureds, and/or members, during the time period from January 1, 1996 to September 3, 2024.  For clarity, the TPP Class includes but is not limited to: (a) private contractors of Federal Health Employee Benefits plans, (b) plans for self-insured local governmental entities that have not settled claims in MDL No. 2804, (c) managed Medicaid plans, (d) plans operating under Medicare Part C and/or D, and (e) Taft-Hartley plans.  The TPP Class excludes certain governmental entities, Excluded Insurers, pharmacy benefit managers, consumers, and fully insured plan sponsors.  A more detailed notice, including the full class definition and what entities are not included, is available at **www.TPPOpioidSettlement.com**.

**What does the Settlement provide?**  A $300 million Settlement Fund will pay money to eligible TPP Class Members, notice and administration costs, attorneys' fees and expenses, and service awards to class representatives.

**How can I get a payment?**  Submit a claim form online or by mail postmarked by **June 20, 2025**.  If your claim is valid, you will get money from the Settlement.  Detailed instructions about how to submit a claim, and the Proposed Plan of Allocation that will be used to calculate the amount of your payment, are available at **www.TPPOpioidSettlement.com**.

**What are my rights?**  Even if you do nothing, you will be bound by the Court's decisions.  If you want to keep your right to sue the Settling Distributors yourself, you must exclude yourself from the Settlement by **November 4, 2024**.  If you do not exclude yourself, you may object to the Settlement by **November 4, 2024**.  The Court will hold a hearing on **January 13, 2025,** at **1:00 p.m.** to consider whether to approve the Settlement and a request for attorneys' fees not to exceed 20% of the Settlement Fund, plus litigation expenses and service awards up to $10,000 for each of the Class Representatives.  You or your own lawyer may appear and speak at the hearing at your own expense.  The Court may change these deadlines or the hearing date (and time). Check the Settlement website below for updates.

For more information:  **1-877-411-4860 or visit www.TPPOpioidSettlement.com**

# EXHIBIT B



# EXHIBIT C

# Robbins Geller Rudman & Dowd LLP and Lieff Cabraser Heimann & Bernstein LLP Announce a $300 Million Class Action Settlement for Third Party Payors That Paid or Reimbursed Costs for Prescription Opioids or Treatment Related to Opioid Misuse, Addiction, and/or Overdose

---

NEWS PROVIDED BY

**Robbins Geller Rudman & Dowd LLP and Lieff Cabraser Heimann & Bernstein LLP** →

Sep 17, 2024, 17:00 ET

---

SAN FRANCISCO, Sept. 17, 2024 /PRNewswire/ --

**LEGAL NOTICE**

**Third-Party Payors: If you paid or reimbursed costs for prescription opioids, or paid or incurred costs for treatment related to opioid misuse, addiction, and/or overdose,**

**You Could Get Money from a Settlement.**

Cencora, Inc., Cardinal Health, Inc., and McKesson Corporation (the "Settling Distributors") have agreed to settle a lawsuit that claims opioid drug manufacturers misrepresented the risks and safety of long-term prescription opioid use and distributors did not properly monitor or report suspicious orders. Your rights

may be affected by the proposed Settlement. The Settling Distributors deny any wrongdoing.

**Am I included?**  You may be included if you are an entity that paid and/or were reimbursed for (i) opioid prescription drugs manufactured, marketed, sold, distributed, or dispensed by any of the Defendants and/or Opioid Supply Chain Members for purposes other than resale, and/or (ii) paid or incurred costs for treatment related to the misuse, addiction, and/or overdose of opioid drugs, on behalf of individual beneficiaries, insureds, and/or members, during the time period from January 1, 1996 to September 3, 2024.  For clarity, the TPP Class includes but is not limited to: (a) private contractors of Federal Health Employee Benefits plans, (b) plans for self-insured local governmental entities that have not settled claims in MDL No. 2804, (c) managed Medicaid plans, (d) plans operating under Medicare Part C and/or D, and (e) Taft-Hartley plans.  The TPP Class excludes certain governmental entities, Excluded Insurers, pharmacy benefit managers, consumers, and fully insured plan sponsors.  A more detailed notice, including the full class definition and what entities are not included, is available at **www.TPPOpioidSettlement.com**.

**What does the Settlement provide?**  A $300 million Settlement Fund will pay money to eligible TPP Class Members, notice and administration costs, attorneys' fees and expenses, and service awards to class representatives.

**How can I get a payment?**  Submit a claim form online or by mail postmarked by **June 20, 2025**.  If your claim is valid, you will get money from the Settlement.  Detailed instructions about how to submit a claim, and the Proposed Plan of Allocation that will be used to calculate the amount of your payment, are available at **www.TPPOpioidSettlement.com**.

**What are my rights?**  Even if you do nothing, you will be bound by the Court's decisions.  If you want to keep your right to sue the Settling Distributors yourself, you must exclude yourself from the Settlement by **November 4, 2024**.  If you do not exclude yourself, you may object to the Settlement by **November 4, 2024**.  The Court will hold a hearing on **January 13, 2025**, at **1:00 p.m.** to consider whether to approve the Settlement and a request for attorneys' fees not to exceed 20% of the Settlement Fund, plus litigation expenses and service awards up to $10,000 for each of the Class Representatives.  You or your own lawyer may appear and speak at the hearing at your own expense.  The Court may change these deadlines or the hearing date (and time).  Check the Settlement website below for updates.

For more information: **1-877-411-4860 or visit www.TPPOpioidSettlement.com**

SOURCE Robbins Geller Rudman & Dowd LLP and Lieff Cabraser Heimann & Bernstein LLP

WANT YOUR COMPANY'S NEWS

## FEATURED ON PRNEWSWIRE.COM?

## GET STARTED

**440k+**
**Newsrooms &**
**Influencers**

**9k+**
**Digital Media**
**Outlets**

**270k+**
**Journalists**
**Opted In**

# EXHIBIT D

<u>UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION</u>

**NOTICE OF CLASS ACTION SETTLEMENT**

**If you are a Third-Party Payor that paid or reimbursed costs for
prescription opioids or paid or incurred costs for treatment related to
opioid misuse, addiction, and/or overdose, a class action lawsuit may
affect your rights.**

*This Notice is being provided by Order of the U.S. District Court.
It is not a solicitation from a lawyer. You are not being sued.*

A lawsuit is pending in the United States District Court for the Northern District of Ohio (the
"Court") where Third-Party Payor Plaintiffs claim that Defendants played a central role in the
opioid crisis. They claim that to sell as many prescription opioids as possible, opioid drug
manufacturers misrepresented the risks and safety of long-term prescription opioid use and drug
distributors did not properly monitor or report suspicious orders. Defendants deny any
wrongdoing.

A settlement has been reached with Cencora, Inc., Cardinal Health, Inc., and McKesson
Corporation (the "Settling Distributors"). The settlement for Third-Party Payors ("TPPs") provides
for a cash payment of $300,000,000 (the "Settlement"). The Settlement is subject to Court
approval.

Your legal rights and options are explained below.

Plaintiffs will ask the Court to certify for Settlement the following TPP Class:

> All entities that paid and/or were reimbursed for (i) opioid prescription drugs
> manufactured, marketed, sold, distributed, or dispensed by any of the Defendants and/or
> Opioid Supply Chain Members for purposes other than resale, and/or (ii) paid or incurred
> costs for treatment related to the misuse, addiction, and/or overdose of opioid drugs, on
> behalf of individual beneficiaries, insureds, and/or members, during the time period from
> January 1, 1996 to the date of entry of the Preliminary Approval Order.

> For clarity, the Class includes but is not limited to: (a) private contractors of Federal
> Health Employee Benefits plans, (b) plans for self-insured local governmental entities
> that have not settled claims in MDL No. 2804, (c) managed Medicaid plans, (d) plans
> operating under Medicare Part C and/or D, and (e) Taft-Hartley plans.

> The following are excluded from the Class:

>> (a) all federal governmental entities and all state and local governmental entities
>> whose claims have been released by a prior settlement with the Settling
>> Distributors, (b) PBMs, (c) consumers, (d) fully insured plan sponsors, and
>> (e) Excluded Insurers, including the related entities as listed in the definition of
>> Excluded Insurers.  For the avoidance of doubt, (i) entities that are administered
>> or operated, but not owned, by an Excluded Insurer and (ii) entities that own an

interest, even a controlling interest, in a PBM, are not excluded from the Class, unless they are an Excluded Insurer or are otherwise excluded; and (f) the Settling Distributors and their subsidiaries, affiliates, and controlled persons; officers, directors, agents, servants, or employees of any Settling Distributor, and the immediate family members of any such persons; and persons and entities named as Defendants in any of the Actions coordinated under or parallel to MDL No. 2804.

\*As explained more fully below, Excluded Insurers include parents and subsidiaries of the following corporate families: Aetna, Anthem, Cigna, Humana, and UnitedHealth.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **CLAIM YOUR SHARE OF THE SETTLEMENT** | If you are a member of the Class and want to participate in the distribution of the Settlement Fund, you need to complete and return a Claim Form. The Claim Form, and information on how to submit it, are available on the Settlement website. Claim Forms must be postmarked (if mailed) or received (if submitted online) on or before **June 20, 2025**. |
| **EXCLUDE YOURSELF FROM THE TPP CLASS** | This option allows you to exclude yourself from the TPP Class in this Settlement and instead file your own lawsuit against the Settling Distributors that asserts claims related to the allegations or claims in this case. The exclusion deadline is **November 4, 2024**. See Question 13. |
| **OBJECT TO THE SETTLEMENT OR SPEAK AT THE FAIRNESS HEARING** | If you object to all or any part of the Settlement, request for attorneys' fees, reimbursement of expenses, or service awards to the class representatives, or desire to speak in person at the Fairness Hearing, you must file a written  objection and/or a notice of intention to speak with the Court by **November 4, 2024**. See Question 18. |

| | |
|---|---|
| **DO NOTHING** | You will not participate in distribution of the Settlement Fund with the Settling Distributors, and you release your claims against the Settling Distributors and give up your rights to be part of any other lawsuit that asserts claims related to the allegations or claims against the Settling Distributors in this case.<br><br>If there are future settlements or judgments with other Defendants, you will be notified about how to participate at that time. |

**THESE RIGHTS AND OPTIONS AND THE DEADLINES TO EXERCISE THEM ARE EXPLAINED IN THIS NOTICE.**

**PLEASE VISIT THE TPP CLASS SETTLEMENT WEBSITE ON AN ONGOING BASIS FOR IMPORTANT SETTLEMENT AND CLAIMS-RELATED UPDATES, INFORMATION, AND FILINGS: www.TPPOpioidSettlement.com.**

**TABLE OF CONTENTS**

**Page**

BASIC INFORMATION ABOUT THE LAWSUIT ................................................................. 4
  1.   Why did I get this Notice? ................................................................................... 4
  2.   What is the lawsuit about? ................................................................................... 4
  3.   Who are the Settling Defendants? ....................................................................... 4
  4.   What is the current status of the lawsuit? ........................................................... 5
  5.   Why is the lawsuit continuing if there is a Settlement? ...................................... 5
  6.   What is a class action, and who is involved? ...................................................... 5
DETERMINING IF YOU ARE A MEMBER OF THE TPP CLASS ...................................... 5
  7.   I am a Third-Party Payor that has purchased or reimbursed costs of prescription opioids, or paid or reimbursed for opioid-caused addiction treatment; how do I know if I am a member of the TPP Class? ........................... 5
  8.   What does the Settlement provide? ..................................................................... 7
  9.   How does a TPP make a claim for its share of the Settlement Fund? ................. 7
  10.  How much money can a TPP receive? ................................................................ 7
  11.  When will the TPPs receive payment? ................................................................ 8
  12.  What happens if there are funds remaining after distribution? ........................... 8
EXCLUSION PROCESS ....................................................................................................... 8
  13.  What does it mean to request to be excluded from the Settlement? .................... 8
  14.  What is the Exclusion Process? .......................................................................... 8
  15.  What is the legal significance of excluding myself? ........................................... 9
  16.  If I don't exclude myself, can I sue later? .......................................................... 9
IF YOU DO NOTHING .......................................................................................................... 9

17. What happens if I do nothing at all? ........................................................ 9

OBJECTIONS OR COMMENTS ........................................................................ 10

18. How do I object to or comment on the Settlement? ................................ 10

THE LAWYERS REPRESENTING YOU ............................................................ 11

19. As a member of the TPP Class, do I have a lawyer representing my interests in this class action? ....................................................................... 11

20. How will the lawyers be compensated? Will the class representatives receive a service award? ........................................................................... 12

21. Do I have to attend the Fairness Hearing? ............................................... 12

22. May I appear through my own lawyer? ..................................................... 12

THE TRIALS ....................................................................................................... 12

23. When and where will the trials against the Non-Settling Defendants take place? ........................................................................................................ 12

24. Will I get money after the trials? .............................................................. 12

GETTING MORE INFORMATION .................................................................... 12

25. Where do I get more information? ............................................................ 12

## BASIC INFORMATION ABOUT THE LAWSUIT

**1.  Why did I get this Notice?**

You received this Notice because you requested it or records show that you may be a member of the TPP Class. On September 3, 2024, the Court granted preliminary approval to the Settlement and will decide at the Fairness Hearing whether to certify for settlement the TPP Class. The Settling Distributors deny any wrongdoing. You are not being sued. This Notice describes the lawsuit and the rights and options you have.

**2.  What is the lawsuit about?**

Plaintiffs claim that Defendants played a central role in the opioid crisis. They claim that to sell as many prescription opioids as possible, manufacturers misrepresented the risks and safety of long-term prescription opioid use and distributors did not properly monitor or report suspicious orders.

Plaintiffs claim that Defendants' conduct caused substantial, direct, and proximate harm to Third-Party Payor Plaintiffs. Because of the opioid crisis, TPPs claim they have wrongfully had to pay large costs for opioid prescriptions and opioid use disorder treatment.

Defendants deny these claims and that they did anything wrong. The litigation is proceeding, and, at this point, the Court has not decided who is right.

**3.  Who are the Settling Defendants?**

The Settling Defendants are Cencora, Inc., Cardinal Health, Inc., and McKesson Corporation (referred to as the "Settling Distributors").

4. **What is the current status of the lawsuit?**

The lawsuit is currently pending in the United States District Court for the Northern District of Ohio before United States District Judge Dan A. Polster. The case name and number are *In Re: National Prescription Opiate Litigation*, No. 1:17-md-2804. Third-Party Payor Plaintiffs have reached a Settlement Agreement with Defendants Cencora, Cardinal, and McKesson (the "Settling Distributors") where the Settling Distributors will pay $300,000,000 if the Court approves the Settlement. If the Court approves this Settlement, it will resolve the claims against the Settling Distributors.

5. **Why is the lawsuit continuing if there is a Settlement?**

Only the Settling Distributors listed above in Question 3 have agreed to settle the lawsuit. The case is continuing against the remaining Defendants in the action ("Non-Settling Defendants"). Additional money or benefits may become available in the future as a result of a trial or future settlements, but there is no guarantee that this will happen.

6. **What is a class action, and who is involved?**

In class actions, one or more people (or businesses) called the "class representatives" sue on behalf of themselves and other people with similar claims in the specific class action. All of these people together are the "class" or "class members." In a class action, one court may resolve the issues for all class members, except for those who exclude themselves from the class.

## DETERMINING IF YOU ARE A MEMBER OF THE TPP CLASS

7. **I am a Third-Party Payor that has purchased or reimbursed costs of prescription opioids, or paid or reimbursed for opioid-caused addiction treatment; how do I know if I am a member of the TPP Class?**

As a **Third-Party Payor**, you may be a member of the TPP Class if you are included in the definitions below:

Third-Party Payors generally include health insurance companies, third-party administrators, health maintenance organizations, health and welfare plans that make payments from their own funds, and other health benefit providers and entities with self-funded plans that contract with a health insurer or administrator to administer their prescription drug benefits.

Third-Party Payors also generally include private entities that may provide prescription drug benefits for current or former public employees and/or public benefits programs, but only to the extent that such a private entity purchased or reimbursed costs of prescription opioids or paid or reimbursed for opioid-caused addiction treatment for consumption by its members, employees, insureds, participants, or beneficiaries.

In this case, you are in the TPP Class if you are an entity that paid and/or were reimbursed for (i) opioid prescription drugs manufactured, marketed, sold, distributed, or dispensed by any of the Defendants and/or Opioid Supply Chain Members for purposes other than resale, and/or (ii) paid or incurred costs for treatment related to the misuse, addiction,

and/or overdose of opioid drugs, on behalf of individual beneficiaries, insureds, and/or members, during the time period from January 1, 1996 to September 3, 2024.

The TPP Class includes (a) private contractors of Federal Health Employee Benefits plans, (b) plans for self-insured local governmental entities that have not settled claims in MDL No. 2804, (c) managed Medicaid plans, (d) plans operating under Medicare Part C and/or D, and (e) Taft-Hartley plans.

The TPP Class does not include (a) federal governmental entities and state and local governmental entities, (b) PBMs, (c) consumers, (d) fully insured plan sponsors, and (e) Excluded Insurers, including all related entities listed below. For the avoidance of doubt, (i) entities that are administered or operated, but not owned, by an Excluded Insurer and (ii) entities that own an interest, including a controlling interest, in a PBM, are not excluded from the Class, unless they are an Excluded Insurer or are otherwise excluded.

Excluded Insurers and their related entities are:

**Aetna** (CVS Pharmacy, Inc., CVS Health Corporation, Aetna Inc., Aetna Life Insurance Company, Aetna Health and Life Insurance Company, and Aetna Health Inc. and (a) all past and present subsidiaries, divisions, predecessors, successors, and assigns (in each case, whether direct or indirect); and (b) all past and present subsidiaries and divisions (in each case, whether direct or indirect) of any entity described in clause (a));

**Anthem** (Elevance Health, Inc. and Anthem Insurance Companies, Inc. and includes: (a) all past and present subsidiaries, divisions, predecessors, successors, and assigns (in each case, whether direct or indirect); and (b) all past and present subsidiaries and divisions (in each case, whether direct or indirect) of any entity described in clause (a));

**Cigna** (The Cigna Group, Cigna Health and Life Insurance Company, and Connecticut General Life Insurance Company, and includes: (a) all past and present subsidiaries, divisions, predecessors, successors, and assigns (in each case, whether direct or indirect); and (b) all past and present subsidiaries and divisions (in each case, whether direct or indirect) of any entity described in clause (a));

**Humana** (Humana Inc., Humana Medical Plan, Inc., Humana Health Plan, Inc., Humana Insurance Company, and includes: (a) all past and present subsidiaries, divisions, predecessors, successors, and assigns (in each case, whether direct or indirect); and (b) all past and present subsidiaries and divisions (in each case, whether direct or indirect) of any entity described in clause (a));

**UnitedHealth** (UnitedHealth Group, Inc., UnitedHealthcare Insurance Company, and UnitedHealthcare, Inc., and includes: (a) all past and present subsidiaries, divisions, predecessors, successors, and assigns (in each case, whether direct or indirect); and (b) all past and present subsidiaries and divisions (in each case, whether direct or indirect) of any entity described in clause (a)).

These also include: (1) the respective past and present officers, directors, members, trustees, and employees of any of the Excluded; (2) all past and present joint ventures (whether direct or indirect) of each Excluded Insurer, including in any Excluded Insurer's capacity as a participating member in such joint venture; (3) all direct or indirect parents and shareholders of the Excluded Insurer (solely in their capacity as parents or shareholders of the applicable Excluded Insurer); and (4) any insurer of any Excluded Insurer or any person or entity otherwise described in the definitions for Aetna, Anthem, Cigna, Humana, and UnitedHealth (solely in its role as insurer of such person or entity).

If you are not sure whether you are included in the TPP Class, you may call **1-877-411-4860**, email info@TPPOpioidSettlement.com, write to National Prescription Opiate TPP Settlement, c/o A.B. Data, Ltd., P.O. Box 173026, Milwaukee, WI 53217, or contact the lawyers in this case at the telephone numbers or addresses listed in Question 19 below. The full TPP Class definition and lists of some entities known to be in the TPP Class can also be found in the Settlement Agreement posted on the Settlement website at **www.TPPOpioidSettlement.com**.

**8. What does the Settlement provide?**
The Settlement Fund, if approved by the Court, will total $300 million.

| Settling Distributor Defendant | Settlement Amount |
|---|---|
| Cardinal | $92,700,000 |
| Cencora | $93,000,000 |
| McKesson | $114,300,000 |
| **Total** | **$300,000,000** |

Any interest earned will be added to the Settlement Fund**.** After deduction of attorneys' fees, reimbursement of litigation expenses, service awards to the class representatives, and notice and claims administration costs, as approved by the Court, the remaining Settlement Fund will be available for distribution to members of the TPP Class that timely file valid claims.

More details about the Settlement are provided in the Settlement Agreement, available at **www.TPPOpioidSettlement.com**.

**9. How does a TPP make a claim for its share of the Settlement Fund?**
To make a claim for your share of the Settlement, you must complete and submit a valid Claim Form. You can obtain a Claim Form at **www.TPPOpioidSettlement.com or by calling 1-877-411-4860**. Claim Forms must be received (if submitted online) or postmarked (if mailed) by **June 20, 2025.**

**10. How much money can a TPP receive?**
At this time, it is unknown how much each eligible TPP Class Member that submits a valid claim will receive. Payments to qualified claimants will be calculated on a

proportional (or *pro rata*) basis. The amount of your payment will be calculated based on the Proposed Plan of Allocation available at **www.TPPOpioidSettlement.com**.

**11.    When will the TPPs receive payment?**

The Court must approve the Settlement, and any appeals of that decision must be resolved, before any money is distributed to TPP Class Members. The Notice and Claims Administrator must also complete processing of all the Claim Forms and determine distribution amounts. This process can take several months.

**12.    What happens if there are funds remaining after distribution?**

If there are any funds remaining after distribution is complete, those funds will be distributed as the Court orders. No remaining funds will be returned to the Settling Distributors.

## EXCLUSION PROCESS

**13.    What does it mean to request to be excluded from the Settlement?**

If the TPP does not want to be part of the TPP Class in this Settlement, does not want to file a claim for a Settlement payment, and wants to keep its right to sue the Settling Distributors for the allegations in *In Re: National Prescription Opiate Litigation*, No. 1:17-md-2804, then it must take steps to remove itself. This is called excluding yourself, or "opting out." If you exclude yourself, you may not make a claim for a Settlement payment described in this Notice, and may pursue your own lawsuit.

**14.    What is the Exclusion Process?**

Your decision to stay in, or exclude yourself from, the Settlement is an individual one that must be made, signed, and submitted by you or your representative who is expressly authorized to do so.

Third-Party Payors that want to be excluded from the TPP Class must submit a written request for exclusion to the Notice and Claims Administrator, Co-Lead Settlement Class Counsel, and Settling Distributors. Your request for exclusion must include:

- The title "Opt-Out Form;"
- The name and number of this case, *In Re: National Prescription Opiate Litigation*, No. 1:17-md-2804;
- Your name, address, telephone number, and email address (if available);
- A statement that, under penalty of perjury, you are a legally authorized representative of the TPP Class Member who has the authority to exclude this entity from the Settlement;
- The entity's name, address, telephone number, and email address (if available);
- A statement or other proof showing that the entity would be a TPP Class Member if it does not exclude itself;
- A statement that the entity wishes to be excluded from the TPP Class;

- The complaint and docket number of any case in which entity is a plaintiff against the Settling Distributors related to the allegations in this litigation; and
- Your signature.

Signed exclusion requests must be received by the Notice and Claims Administrator at the following address no later than **November 4, 2024**:

In re National Prescription Opiate Litigation
EXCLUSIONS
P.O. Box 173001
Milwaukee, WI 53217

A copy of the signed exclusion request must also be emailed to Co-Lead Settlement Class Counsel and the Settling Distributors at the following email address no later than **November 4, 2024:**

OptOut@TPPOpioidSettlement.com

A separate, signed exclusion request must be submitted by each Third-Party Payor choosing to be excluded from the TPP Class. Any Third-Party Payor included in the TPP Class that does not submit a valid request for exclusion providing all necessary information will be bound by the outcome of the case.

**15.   What is the legal significance of excluding myself?**

If you exclude yourself, you will not be able to claim any of the Settlement Fund and will not be legally bound by the outcome of the case. You may be able to sue the Settling Distributors for the same conduct alleged in the lawsuit.

**16.   If I don't exclude myself, can I sue later?**

No. If you do not exclude yourself (that is, if you remain in the TPP Class and are eligible to receive a distribution from the Settlement Fund), you give up the right to sue the Settling Distributors for the claims in this case. You must exclude yourself from the TPP Class to be able to bring your own, separate lawsuit(s) against the Settling Distributors. Remember, the exclusion deadline is **November 4, 2024**.

| IF YOU DO NOTHING |
|:---:|

**17.   What happens if I do nothing at all?**

If you are a TPP Class Member and you do nothing, you will remain in the TPP Class and be bound by the decisions in this lawsuit and about the Settlement. However, if the Settlement is approved, you may be able to participate in the Settlement as described in this Notice. To participate in the Settlement and be eligible to receive a payment, you must complete, sign, and return the Claim Form before the claims filing deadline, **June 20, 2025**.

If there are future settlements or judgments with other Non-Settling Defendants, you will be notified about how to participate at that time.

**OBJECTIONS OR COMMENTS**

18. **How do I object to or comment on the Settlement?**

If you are a member of the TPP Class as defined above, and if you did not request to be excluded, you may object to any aspect of the Settlement, including the fairness of the Settlement, the Plan of Allocation, and/or the Class's requests for attorneys' fees and costs, reimbursement of expenses, or service awards to the class representatives.

To object to the Settlement, you (or your lawyer if you have one) must file a written objection with the Court and send the objection to the Notice and Claims Administrator, Co-Lead Settlement Class Counsel, and Settling Distributors at the addresses listed below. You must submit your objection on or before **November 4, 2024**.

Your objection must include:

- Your full name, address, telephone number, and email;
- The case name and number: *In Re: National Prescription Opiate Litigation*, No. 1:17-md-2804;
- A statement that you are objecting to the Settlement, Plan of Allocation, application for attorneys' fees and expenses, and/or application for service awards to class representatives;
- A statement describing your objection(s);
- Any legal support or evidence, such as documents, materials, papers, or briefs, you want the Court to consider;
- A statement saying whether your objection(s) relate(s) only to you, to part of the TPP Class, or to the entire TPP Class;
- Documents proving that you are a TPP Class Member;
- The name, address, telephone number, and email address (if available) of all attorneys representing you (if any);
- A list of all class actions to which you and the attorney(s) representing you (if any) have previously objected;
- A statement saying whether you and/or your attorney intend to appear at the Fairness Hearing;
- A statement confirming that you will submit to the jurisdiction of the Court and agree to follow all Court decisions, including about your objection, your request to be heard, and the Settlement; and
- Your signature.

You <u>must</u> submit your objection to the Court and to the Notice and Claims Administrator received by **November 4, 2024**.

| Clerk of Court | Notice and Claims Administrator |
|---|---|
| Office of the Clerk of Court<br>U.S. District Court for the Northern<br>District of Ohio, Eastern Division<br>Carl B. Stokes U.S. Courthouse<br>801 West Superior Avenue<br>Cleveland, OH 44113 | In re National Prescription Opiate Litigation<br><br>c/o A.B. Data, Ltd.<br>P.O. Box 173026<br>Milwaukee, WI 53217<br><br>info@TPPOpioidSettlement.com |

You must also email a copy of your objection to Co-Lead Settlement Class Counsel and Settling Distributors at the following address:

Objections@TPPOpioidSettlement.com

A Fairness Hearing will be held on **January 13, 2025, at 1:00 p.m.**, as subject to change by the Court. If you would like to attend the Fairness Hearing, please monitor the Settlement website for information on how to attend and for information regarding any changes in time or date.

## THE LAWYERS REPRESENTING YOU

**19.** **As a member of the TPP Class, do I have a lawyer representing my interests in this class action?**

Yes. The Court has appointed lawyers to represent you and other TPP Class Members. These lawyers are called Co-Lead Settlement Class Counsel. You will not be charged individually for these lawyers. They will ask the Court to approve an award for attorneys' fees and expenses. The following lawyers represent the Class:

Paul J. Geller
**ROBBINS GELLER RUDMAN & DOWD LLP**
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
(561) 750-3000
Co-Lead Settlement Class Counsel


Elizabeth J. Cabraser
**LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
275 Battery Street, Suite 2900
San Francisco, CA  94111
(415) 956-1000
Co-Lead Settlement Class Counsel

20. **How will the lawyers be compensated? Will the class representatives receive a service award?**

Class Counsel may seek up to 20% of the Settlement Fund for reimbursement of their fees, in addition to reimbursement of expenses and service awards for the class representatives.

The class representatives are the Cleveland Bakers and Teamsters Health and Welfare Fund; Pipe Fitters Local Union No. 120 Insurance Fund; Pioneer Telephone Cooperative, Inc. Employee Benefits Plan; American Federation of State, County, and Municipal Employees District Council 37 Health & Security Plan; Louisiana Assessors' Insurance Fund; and Flint Plumbing and Pipefitting Industry Health Care Fund.

Any fees and expenses awarded to Class Counsel must be approved by the Court. Class Counsel will ask the Court to award each class representative a service award not to exceed $10,000. The application for attorneys' fees and expenses and service awards will be posted on the Settlement website.

21. **Do I have to attend the Fairness Hearing?**

No. Class Counsel will answer any questions the Court may have. But you may attend at your expense. If you send an objection or comment, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also hire your own lawyer at your own expense to attend on your behalf, but you are not required to do so.

22. **May I appear through my own lawyer?**

You may appear through your own lawyer, pursuant to Federal Rule of Civil Procedure 23(c)(2). Every lawyer appearing in this case is subject to the Orders of the Court, and you may be responsible for paying your lawyer's fees. If you hire a lawyer to speak for you or appear in Court, your lawyer must file a Notice of Appearance.

## THE TRIALS

23. **When and where will the trials against the Non-Settling Defendants take place?**

The TPP Plaintiffs will have to prove their claims against the Non-Settling Defendants. Trial dates have not been set. At the trial, a decision will be reached about whether the Plaintiffs or the Non-Settling Defendants are right about the claims in the lawsuits. There is no guarantee that the TPP Plaintiffs will win any money or other benefits at trial.

24. **Will I get money after the trials?**

If the TPP Plaintiffs obtain money or benefits as a result of a trial or settlement, TPP Class Members will be notified about how to file a claim and what their options are.

## GETTING MORE INFORMATION

25. **Where do I get more information?**

Important information, including the Settlement Agreement, Plan of Allocation, Claim Form, Court Orders, and other important documents, dates, and deadlines are posted for

your review on the Settlement website: **www.TPPOpioidSettlement.com**. **Please refer to the Settlement website for ongoing and updated information, or you can call the Notice and Claims Administrator toll-free at 1-877-411-4860.**

Complete copies of public pleadings, Court rulings, and other filings are also available for review and copying at the Clerk's office. The address is Carl B. Stokes U.S. Courthouse, 801 West Superior Avenue, Cleveland, OH 44113. Judge Dan A. Polster of the United States District Court for the Northern District of Ohio is overseeing the Class Action. *Please do not contact the Court or Judge Polster.*

**For more information, call the Notice and Claims Administrator at 1-877-411-4860, email info@TPPOpioidSettlement.com, or go to www.TPPOpioidSettlement.com.**

DATED: SEPTEMBER 17, 2024

BY ORDER OF THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF OHIO EASTERN DIVISION

# EXHIBIT E

**United States District Court for the Northern District of Ohio**
**Eastern Division**

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL 2804 |
| | Case No. 1:17-md-2804 |

## <u>INSTRUCTIONS FOR SUBMITTING YOUR CLAIM FORM</u>

A Third-Party Payor (TPP) Class Member or an authorized agent for a TPP Class Member may complete this Claim Form. The Notice and Claims Administrator may request supporting documentation in addition to the documentation and information requested below. The Notice and Claims Administrator may reject a claim if the TPP Class Member or its authorized agent does not provide all requested documentation and information in a timely manner. If both a TPP Class Member and its authorized agent submit a Claim Form, the Notice and Claims Administrator will review both and determine which is controlling, as well as the amount of the Claim, giving consideration to the extent to which the claims overlap or supplement one another.

If you are a TPP Class Member submitting a Claim Form on your own behalf, you must provide the information requested in "**Section A – COMPANY OR HEALTH PLAN TPP CLASS MEMBER ONLY**," in addition to the other information requested in this Claim Form.

If you are an **authorized agent** of one or more TPP Class Members, you must provide the information requested in "**Section B – AUTHORIZED AGENT ONLY**," in addition to the other information requested in this Claim Form.

If you are submitting a Claim Form only as an authorized agent of two or more TPP Class Members, you may submit a separate Claim Form for each TPP Class Member OR you may submit a "Consolidated Claim" via a single Claim Form for all such TPP Class Members.

For those Consolidated Claims that are being submitted for multiple TPP Class Members, the filer shall provide **aggregate** information as directed in Sections C or D of this Claim Form, and submit along with this Claim Form a chart identifying the TPP Class Members included in the Consolidated Claim, as directed in Section B. For each TPP Class Member included in the Consolidated Claim, the chart shall provide: (i) the name of the TPP Class Member claimant and (ii) the TPP Class Member's Federal Tax Identification Number (FEIN).

The "TPP Methodology NDCs" and "TPP Methodology ICD Codes" necessary to complete Section C are available at **www.TPPOpioidSettlement.com.**

To qualify to receive a payment from the Settlement, you must complete and submit this Claim Form either on paper or electronically on the Settlement website, **www.TPPOpioidSettlement.com**, and you may need to provide certain requested documentation to substantiate your Claim.

Your failure to complete and submit the Claim Form postmarked (if mailed) or received (if submitted online) on or before **June 20, 2025,** will prevent you from receiving any payment from the Settlement. Submission of this Claim Form does not ensure that you will share in the payments related to the Settlement. If the Notice and Claims Administrator rejects or reduces your Claim, you may invoke the dispute resolution process described on page 7.

*In Re: National Prescription Opiate Litigation*

No. 1:17-md-2804 (N.D. Ohio)

**MUST BE POSTMARKED ON OR BEFORE, OR SUBMITTED ONLINE BY**
**JUNE 20, 2025**

**THIRD-PARTY PAYOR CLAIM FORM**

Use Blue or Black Ink Only

**ATTENTION: THIS FORM IS ONLY TO BE FILLED OUT ON BEHALF OF A THIRD-PARTY PAYOR (OR AN AUTHORIZED AGENT) AND NOT INDIVIDUAL CONSUMERS.**

- Complete Section A only if you are filing as an individual TPP Class Member.
- Complete Section B only if you are an authorized agent filing on behalf of one or more TPP Class Members.

**Section A: Company or Health Plan TPP Class Member Only**

TPP Class Member Name

Contact Name

Care of (if applicable)

Street Address                                                                    Floor/Suite

City                                                  State                  Zip Code

Area Code - Telephone Number                        Tax Identification Number (FEIN)

Email Address

List other names by which your company or health plan has been known or other Federal Employer Identification Numbers ("FEINs") it has used since January 1, 1996.

☐ Health Insurance Company/HMO        ☐ Self-Insured Employee Health or Pharmacy Benefit Plan

☐ Self-Insured Health & Welfare Fund

☐ Other (Explain)

## Section B: Authorized Agent Only

As an authorized agent, please check how your relationship with the TPP Class Member(s) is best described (you may be required to provide documentation demonstrating this relationship):

☐ Third-Party Administrator or Administrative Services Only Provider

☐ Pharmacy Benefit Manager

☐ Other (Explain): _____

Authorized Agent's Company Name
_____

Contact Name
_____

Street Address _____ Floor/Suite _____

City _____ State _____ Zip Code _____

Area Code - Telephone Number _____ Authorized Agent's Tax Identification Number _____

Email Address
_____

Please list the name and FEIN of every TPP Class Member (*i.e.,* Company or Health Plan) for whom you are submitting this Claim Form (attach additional sheets to this Claim Form as necessary). Alternatively, you may submit the requested list of TPP Class Member names and FEINs in an electronic format, such as Excel or a tab-delimited text file. Contact the Notice and Claims Administrator to determine what formats are acceptable. Claim Forms submitted on behalf of two or more TPP Class Members are referred to as Consolidated Claims. In either case, the list shall be maintained as confidential by the Notice and Claims Administrator.

TPP CLASS MEMBER'S NAME          TPP CLASS MEMBER'S FEIN
_____          _____

_____          _____

_____          _____

_____          _____

**Section C: TPP Claims Methodology 1 - Transactional Claims Data Available**

TPP Class Members that are able to access pharmacy and medical transactional claims data from 1996 - 2024 must utilize the methodology outlined in this Section C to complete this Claim Form.

For the TPP Class Member(s) on whose behalf you are submitting this Claim Form, please provide the following information or utilize the forms for both individual and Consolidated Claims provided by the Notice and Claims Administrator at **www.TPPOpioidSettlement.com**.

i. By state, *on an aggregated basis for entities filing Consolidated Claims*, identify: the total dollar amount paid or reimbursed by the TPP Class Member(s) for the TPP Methodology NDCs from January 1, 1996 to September 3, 2024.

ii. By state, *on an aggregated basis for entities filing Consolidated Claims*, identify the number of member-years with an opioid use disorder (OUD) diagnosis based on the TPP Methodology ICD Codes from January 1, 1996 to September 3, 2024. Member-years with OUD diagnosis is the sum of the number of unique individuals with an OUD diagnosis within each year, totaled for the 28 years of the damage period. (For example, if you had 10 people per year with OUD in each year for 5 years, that would equal 50 member-years with OUD diagnosis.)

iii. By state, *on an aggregated basis for entities filing Consolidated Claims*, identify the number of Covered Lives* as of January 1, 2024.

iv. The TPP Claim amounts for TPP Class Members that provide the information identified above in this Section C will be calculated as follows:

    a. The estimated medical cost of OUD ($XX,XXX) will be multiplied by the number of member-years with OUD identified in Section C.ii.; and

    b. The dollar value provided in Section C.i. will be combined with the dollar value derived in Section C.iv.a.

*"Covered Lives" means the number of enrollees or beneficiaries covered by the TPP.

---

**What should I do if I have transactional data available for some years but not others?**

You **must** follow Methodology 1 outlined in Section C to complete the Claim Form for **all** the years for which you have transactional data available. You may use Methodology 2 outlined in Section D to complete the Claim Form for any remaining years for which you do not have transactional data available.

*Please note, if you use Methodology 2 to submit a Claim Form for years that you have or could obtain data for, your entire claim may be rejected.*

---

| State | Total Dollar Amount Paid | Member-Years with OUD Diagnosis | Covered Lives as of January 1, 2024 |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

## Section D: TPP Claims Methodology 2 - Transactional Claims Data Unavailable

A TPP Class Member that is unable to access pharmacy and medical transactional claims data from 1996 – 2024, as necessary to complete Section C above, should utilize the methodology outlined in this Section D to complete this Claim Form. TPP Class Members electing to utilize TPP Methodology 2 must attest below that they do not have access to the necessary transactional claims data for completing TPP Methodology 1.

For each TPP Class Member on whose behalf you are submitting this Claim Form, and on an *aggregated basis for entities filing Consolidated Claims*, list the number of Covered Lives* for each year in the applicable group of states. Spreadsheet templates of this chart are also available on the Settlement website for both individual and Consolidated Claims, **www.TPPOpioidSettlement.com**.

The Notice and Claims Administrator may request documents or other information from you to support your response below regarding your membership.
*"Covered Lives" means the number of enrollees or beneficiaries covered by the TPP.

| | Covered Lives | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **States** | **1996** | **1997** | **1998** | **1999** | **2000** | **2001** | **2002** | **2003** | **2004** | **2005** | **2006** | **2007** | **2008** | **2009** | **2010** |
| Group 1: AK, AZ, CA, CO, GA, HI, ID, IL, MN, NV, NM, NY, SC, TX, UT, VT, VA, WA, WY | | | | | | | | | | | | | | | |
| Group 2: CT, IN, KS, LA, MD, MI, MS, MT, NE, NH, NC, ND, OR, SD, WI | | | | | | | | | | | | | | | |
| Group 3: AL, AR, DE, DC, FL, IA, KY, ME, MA, MO, NJ, OH, OK, PA, RI, TN, WV | | | | | | | | | | | | | | | |

| | Covered Lives | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **States** | **2011** | **2012** | **2013** | **2014** | **2015** | **2016** | **2017** | **2018** | **2019** | **2020** | **2021** | **2022** | **2023** | **2024** |
| Group 1: AK, AZ, CA, CO, GA, HI, ID, IL, MN, NV, NM, NY, SC, TX, UT, VT, VA, WA, WY | | | | | | | | | | | | | | |

| States | Covered Lives | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 2011 | 2012 | 2013 | 2014 | 2015 | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
| Group 2: CT, IN, KS, LA, MD, MI, MS, MT, NE, NH, NC, ND, OR, SD, WI | | | | | | | | | | | | | | |
| Group 3: AL, AR, DE, DC, FL, IA, KY, ME, MA, MO, NJ, OH, OK, PA, RI, TN, WV | | | | | | | | | | | | | | |

If you are unable to break down the number of covered lives by state, please complete the chart below with the number of covered lives by year.  You may receive less than you may have otherwise been eligible for in accordance with the Plan of Allocation.

| States | Covered Lives | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 1996 | 1997 | 1998 | 1999 | 2000 | 2001 | 2002 | 2003 | 2004 | 2005 | 2006 | 2007 | 2008 | 2009 | 2010 |
| All states | | | | | | | | | | | | | | |

| States | Covered Lives | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 2011 | 2012 | 2013 | 2014 | 2015 | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
| All states | | | | | | | | | | | | | | |

For TPP Class Members electing to utilize TPP Methodology 2: After all Claims have been filed, the Notice and Claims Administrator will calculate an average dollar value per covered life, based on all TPP information accumulated from submissions pursuant to Section C. The Notice and Claims Administrator will apply this average dollar value to the information provided above in this Section D.

## Section E: Proof of Payment and Disputes Regarding Claim Amounts

Please provide as much of the information requested above as possible. Pharmacy transaction data supporting claims submitted pursuant to Section C above is mandatory for Section C.i. amounts of $300,000 or more, although the Notice and Claims Administrator may also require pharmacy transaction data for claims of less than $300,000, so keep related transaction data and any other claim documentation supporting your Claim (*e.g.*, invoices) in case the Notice and Claims Administrator requests it later. If the Section C.i. amount is less than $300,000, you should still provide the pharmacy transaction data with your Claim submission if you can.

While not required to be submitted along with your initial Claim Form, please also retain all medical transaction data supporting your Section C.ii. amounts in case the Notice and Claims Administrator requests it later.

If, after an audit of your Claim, the Notice and Claims Administrator still has questions about your Claim and you have not provided sufficient substantiation of your Claim, the Notice and Claims Administrator may reject your Claim.

If the Notice and Claims Administrator rejects or reduces your Claim and you believe the rejection or reduction is in error, you may contact the Notice and Claims Administrator to request further review. If the dispute concerning your Claim cannot be resolved by the Notice and Claims Administrator and Settlement Class Counsel, you may request that the Court review your Claim.

## Section F: Certification

I/We have read and am/are familiar with the contents of the Instructions accompanying this Claim Form. I/We certify that the information I/we have set forth in the above Claim Form and in any documents attached by me/us are true, correct, and complete to the best of my/our knowledge. I/We certify that I/we, or the TPP Class Member(s) I/we represent:

a. During the period January 1, 1996 to September 3, 2024, (i) paid and/or were reimbursed for any or all of the opioid prescription drugs identified in the TPP Methodology NDCs (which were manufactured, marketed, sold, distributed, or dispensed by any of the Defendants and/or Opioid Supply Chain Members), for purposes other than resale, **and/or** (ii) paid or incurred costs for treatment related to the misuse, addiction, and/or overdose of opioid drugs, as identified in the TPP Methodology ICD Codes, on behalf of individual beneficiaries, insureds, and/or members; and

b. Is not one of the following excluded parties: (1) all federal governmental entities and all state and local governmental entities whose claims have been released by a prior settlement with the Settling Distributors; (2) Pharmacy Benefit Managers ("PBMs"); (3) consumers; (4) fully insured plan sponsors; (5) Excluded Insurers (Aetna, Anthem, Cigna, Humana, and UnitedHealth), including all related entities; (6) Settling Distributors and their subsidiaries, affiliates, and controlled persons; (7) officers, directors, agents, servants, or employees of any Settling Distributor, and the immediate family members of any such persons; (8) persons and entities named as Defendants in any of the actions centralized in MDL No. 2804; and (9) anyone that excluded themselves from the TPP Class.

I/We further certify that I/we have provided all of the information requested above to the extent I/we have it.

I/We further certify that to the extent I/we am/are submitting this Claim Form pursuant to Section D, TPP Claims Methodology 2, above, I/we do not reasonably have access to the transactional claims data necessary to complete and submit this Claim Form pursuant to Section C, TPP Methodology 1.

To the extent I/we have been given authority to submit this Claim Form by one or more TPP Class Members on their behalf, and accordingly am/are submitting this Claim Form in the capacity of an authorized agent with

authority to submit it, and to the extent I/we have been authorized to receive on behalf of the TPP Class Member(s) any and all amounts that may be allocated to them from the Settlement Fund, I/we certify that such authority has been properly vested in me/us and that I/we will fulfill all duties I/we may owe the TPP Class Member(s).  If amounts from the Net Settlement Fund are distributed to me/us and a TPP Class Member later claims that I/we did not have the authority to claim and/or receive such amounts on its behalf, I/we and/or my/our employer will hold the Class, Settlement Class Counsel, Settling Distributors, and the Notice and Claims Administrator harmless with respect to any claims made by the TPP Class Member.

I/We further certify that that I/we, or the TPP Class Member(s) I/we represent, have authority to release all Released Claims on behalf of the TPP Class Member(s) and all other entities who are Releasors by virtue of their relationship or association with it/them.

I/We hereby submit to the jurisdiction of the United States District Court for the Northern District of Ohio for all purposes connected with this Claim Form, including resolution of disputes relating to this Claim Form.  I/We acknowledge that any false information or representations contained herein may subject me/us to sanctions, including the possibility of criminal prosecution.  I/We agree to supplement this Claim Form by furnishing documentary backup for the information provided herein, upon request of the Notice and Claims Administrator.

**I certify that the above information supplied by the undersigned is true and correct to the best of my knowledge and that this Claim Form was executed this _____ day of _____ 2024.**

Signature

Position/Title

Print Name

Date

Mail the completed Claim Form to the address below, postmarked on or before **June 20, 2025**, or submit the information online at the Settlement website below by that date:

In re National Prescription Opiate Litigation

c/o A.B. Data, Ltd.

P.O. Box 173026

Milwaukee, WI 53217

Toll-Free Telephone: 1-877-411-4860

Website: www.TPPOpioidSettlement.com

Email: info@TPPOpioidSettlement.com

### REMINDER CHECKLIST:

1. Please complete and sign the above Claim Form. Attach or upload any documentation supporting your claim.
2. Keep a copy of your Claim Form and supporting documentation for your records.
3. If you would also like acknowledgement of receipt of your Claim Form, please complete the form online or mail this form via Certified Mail, Return Receipt Requested.
4. If you move and/or your name changes, please send your new address and/or your new name or contact information to the Notice and Claims Administrator at info@TPPOpioidSettlement.com or via U.S. Mail at the address listed above.