UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*All TPP Cases* | MDL NO. 2804<br><br>Case No. 17-MD-2804<br><br>Judge Dan Aaron Polster |

### PBM DEFENDANTS' MOTION TO STRIKE THE ALLEGATIONS AND CLAIMS AGAINST THEM IN THE CONSOLIDATED AND AMENDED THIRD PARTY PAYOR CLASS ACTION COMPLAINT

Express Scripts, Inc., OptumRx, Inc., and their affiliates (**PBM Defendants**) jointly move to strike the allegations and claims against them from the Consolidated and Amended Third Party Payor Class Action Complaint and Jury Demand (**Amended TPP Class Complaint**).

On September 20, 2024, the PEC and counsel for plaintiffs in the third-party payor track cases (**TPP Plaintiffs**) filed a Notice of Service related to "All TPP Cases." *See* Dkt. 5638. The Notice stated that the TPP Plaintiffs had "served the Defendants, the Court, and the Special Master" that same day with the Amended TPP Class Complaint in *American Federation of State, County, & Municipal Employees District Council 37 Health & Security Plan, et al. v. Purdue Pharma, L.P., et al.*, Case No. 1:17-cv-2585, 1:18-op-45013-DAP. *Id.* at 1. The Notice further stated that the TPP Plaintiffs "hereby submit the proposed amended complaint and identify this case as an appropriate non-bellwether case in which to state class allegations." *Id.* at 2.

In the Amended TPP Class Complaint, three plaintiffs—the American Federation of State, County, and Municipal Employees District Council 37 Health & Security Plan (**District Council 37**); Bios Companies, Inc. Welfare Plan; and Bios Companies, Inc. as plan sponsor and fiduciary of Bios Companies, Inc. Welfare Plan (together, the **Bios Plaintiffs**)—purport to add the PBM

Defendants as defendants and assert individual and class claims against them. None of those three plaintiffs has previously asserted claims against the PBM Defendants in the MDL.

But on May 23, 2024, the Court entered an order governing motions for leave to amend. Dkt. 5455 (**Final Amendment Order**). That Order provided that "[f]or each defendant the PEC wishes to add to any case, the PEC shall file a *single* motion to amend complaints of *all* plaintiffs who wish to add that defendant." *Id.* at 1 (emphasis in original). After several extensions, the deadline for motions for leave to amend to add the PBM Defendants was set for July 30, 2024. *See* Dkt. 5545. The Final Amendment Order made plain the finality of the amendment process established therein: "This will be plaintiffs' final opportunity to amend their complaints." Dkt. 5455 at 2. This Court recently confirmed once again that "the *Final Amendment Order did* set forth the 'last chance' procedures for any MDL plaintiff to amend a complaint *to add a defendant*. The Court *may* later allow amendment of complaints by a newly-chosen bellwether plaintiff to update allegations or to add claims, but it will not allow any further amendment by any MDL plaintiff to add a new defendant." Dkt. 5656 at 1–2 (emphasis in original).

The Final Amendment Order applies to the TPP Plaintiffs. In fact, the TPP Plaintiffs *requested* to be included in the Final Amendment Order process. *See* Dkt. 5471 (May 22, 2024, Hr'g. Tr.) at 28:18–30:19. Heeding their request, the Court emphasized that every MDL Plaintiff seeking to amend its complaint to add new defendants, including the TPP Plaintiffs, must participate in the omnibus motion process:

> Well, look. One [*sic*] can be a single motion per Defendant. All right? And that will include *any* Plaintiff in this MDL who wants to add a given Defendant to any case. All right? This is the last time I'm doing this so it's not going to happen again. Any goes later, they're going to – I'm just going to simply set it denied and leave to amend.

2

> So if someone wants to add Henry Schein to a case, whether they're a city, a county, a tribe, a hospital, a TP[P], ***it's got to be in that motion***."

*Id.* at 30:9–17 (emphasis supplied).

On July 29, 2024, the PEC filed a single motion for leave to amend on behalf of all plaintiffs seeking to add the OptumRx Defendants to their complaints. Dkt. 5547. It also filed a single motion for leave to amend on behalf of all plaintiffs seeking to add the Express Scripts Defendants to their complaints. Dkt. 5548. Some TPP Plaintiffs joined those motions, including District Council 37. *See, e.g.*, Dkt 5547-1 at 7 (listing the "American Federation of State, County and Municipal Employees District Council 37 Health & Security Plan" as a plaintiff seeking leave to add the OptumRx Defendants to its complaint); Dkt. 5548-1 at 7 (same as to the Express Scripts Defendants). Many TPP Plaintiffs—including the Bios Plaintiffs—did not.

The Amended TPP Class Complaint violates the Court's clear directive in the Final Amendment Order that "all" plaintiffs seeking to amend their complaints to add the PBM Defendants had to file a "single" motion by July 30, 2024. Dkt. 5455; Dkt. 5545. As the Court recently confirmed, that was the "last chance" for "any MDL plaintiff to amend a complaint ***to add a defendant***." Dkt. 5656 at 2 (emphasis in original). Accordingly, if the Bios Plaintiffs wanted to try to add the PBM Defendants to their complaints, their "final opportunity" to do so was by joining the motions for leave to amend to add the PBM Defendants filed on July 29, 2024. Dkt. No. 5455 at 2. They chose to not take advantage of that opportunity, so they cannot seek to amend their complaints to add the PBM Defendants now. Likewise, District Council 37 cannot seize *yet another* opportunity to amend its complaint to add claims against the PBM Defendants because, under the Court's clear orders, it must await resolution of the motion-for-leave-to-amend process.

Further, while the Court recognized a limited "exception to the process set out in the *Final Amendment Order*" in the Albertsons bellwether cases (Dkt. 5656 at 3), that "exception"—

3

grounded in a provision in CMO-1—does not apply here. The CMO-1 provision at issue provides that "[i]f a case is later designated as a bellwether for motion practice or trial, a separate CMO will be entered that will provide for another opportunity to amend." Dkt. 371 at 1. That provision was incorporated by reference in the CMO applicable to the Albertsons' bellwether cases (Dkt. 5481 at 2), which, in the Court's view, "entitled [the PEC] to rely on" the CMO-1 exception. Dkt. 5656 at 3.

The Court made clear that the reference to the CMO-1 exception in the Albertsons bellwethers' CMO made that exception "viable in [the Albertsons bellwether] cases only." *Id.* For that reason, the exception does not, and could not, apply here. But in any event, the Amended TPP Class Complaint was not filed in a bellwether case. *See* Dkt. 5638 at 2 ("TPP Plaintiffs hereby . . . identify this case as an appropriate *non-bellwether case* in which to state class allegations." (emphasis supplied)). Nor was the Amended TPP Class Complaint filed pursuant to an authorization in the CMO for the TPP bellwether cases. *See* Dkt. 5298 (requiring amendment of pleadings in the TPP bellwether cases by February 15, 2024). Rather, it was filed pursuant to the Court's July 31, 2024, non-document order directing the TPP Plaintiffs to, by August 30, 2024, "identify an appropriate non-bellwether case in which to state class action allegations" and "submit a proposed amended complaint." *See* July 31, 2024, Non-Document Order. That Order does not reference CMO-1 or otherwise exempt the plaintiffs that joined the Amended TPP Class Complaint from the process set out in the Final Amendment Order. Accordingly, the "last chance" for the TPP Plaintiffs to amend their complaints to add the PBM Defendants was to join the PEC's motions for leave to amend as set out in the Final Amendment Order. Dkt. 5656 at 2. The deadline for doing so has passed, and it is too late to do so now.

4

The PBM Defendants respectfully request that the Court strike the allegations and claims against them from the Amended TPP Class Complaint.

Date: October 1, 2024

Respectfully submitted,

/s/ Brian D. Boone
Brian D. Boone
**ALSTON & BIRD LLP**
Vantage South End
1120 South Tryon Street, Suite 300
Charlotte, NC 28203
Tel: (704) 444-1000
brian.boone@alston.com

William H. Jordan
**ALSTON & BIRD LLP**
1201 West Peachtree Street NW, Suite 4900
Atlanta, GA 30309
Tel.: (404) 881-7000
bill.jordan@alston.com

*Attorneys for OptumRx, Inc.*

/s/ Jonathan G. Cooper
Michael J. Lyle
Jonathan G. Cooper
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
1300 I St. NW, Suite 900
Washington, DC 20005
Tel: (202) 538-8000
mikelyle@quinnemanuel.com
jonathancooper@quinnemanuel.com

*Attorneys for Express Scripts, Inc.*