UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Cleveland County v. Purdue Pharma, L.P. et al.*, No. 1:18-op-45304-DAP | MDL No. 2804<br><br>Case No. 1:17-md-2804-DAP<br><br>Judge Dan Aaron Polster |

### KVK-TECH, INC.'S OPPOSITION TO MOTION OF PLAINTIFF CLEVELAND COUNTY TO CORRECT INADVERTENT OMISSION AND JOIN IN OMNIBUS MOTION FOR LEAVE TO AMEND TO ADD KVK-TECH, INC. [ECF No. 5552]

KVK-Tech, Inc. ("KVK-Tech"), by and through undersigned counsel, submits this Opposition to Cleveland County's Motion to Correct Inadvertent Omission and Join the PEC's omnibus Motion for Leave to Amend to assert claims against KVK. ECF No. 5655 ("Motion to Join"). Nearly six years after the Case Management Order's deadline for motions to amend passed, this Court gave the MDL Plaintiffs a "final opportunity to amend their complaints" to add new defendants. ECF No. 5455 at 2 (Final Amendment Order); *see also* ECF No. 5656 (clarifying that "the *Final Amendment Order **did*** set forth the 'last chance' procedures for any MDL plaintiff to amend a complaint ***to add a defendant***") (emphasis in original). The deadline for that final opportunity, after two additional extensions, was **July 30, 2024**. *See* ECF Nos. 5455, 5522, 5545. Cleveland County missed the July 30th deadline. Now, almost two months after the July 30th deadline, Cleveland County seeks to join the Plaintiffs' Omnibus Motion for Leave to Amend to Add KVK-Tech, Inc. ("Omnibus Motion to Amend"). ECF No. 5552. This late submission is untimely and prejudicial and should be denied.

Cleveland County now asks this Court to ignore its own orders and directives, claiming that its addition to the Omnibus Motion to Amend directed to KVK-Tech is "marginal" and will

have "virtually no impact." ECF No. 5655 at 4. The Motion to Join is, in effect, a request for an extension of this Court's Scheduling Order as to Plaintiffs' Omnibus Motion to Amend. ECF No. 5552. It implicitly seeks an extension of this Court's July 30, 2024, final deadline for plaintiffs to move for leave to amend their complaints to add new defendants, such as KVK-Tech. "Rule 16(b) of the Federal Rules of Civil Procedure provides that **a court's scheduling order shall not be modified except upon a showing of good cause** and by leave of the district judge." *Botnick v. Zimmer Inc.*, Civ. A. No. 1:03-cv-1794, 2004 WL 2668803, at *1 (N.D. Ohio Nov. 19, 2004) (citing Fed. R. Civ. P. 16(c)) (internal citations omitted) (emphasis added). Here, Cleveland County has not shown good cause for such a modification.

Notably, Cleveland County claims it "timely submitted" an authorization form to the PEC yet it failed to include a copy of the "timely submitted" form with its Motion to Join. Nor did Cleveland County submit an affidavit or other evidence supporting its assertion that it had timely-submitted a completed authorization form to the PEC before the deadline. Nevertheless, Cleveland County contends this Court should permit its late filing due to what it contends was essentially a clerical error of "inadvertently fail[ing] to check three boxes" on the PEC's authorization form. ECF No. 5655 at 2. The PEC form, however, contained clear instructions in red, bold, capitalized text: "**PLEASE READ THIS FORM CAREFULLY AND CHECK THE APPROPRIATE BOXES**." ECF No. 5655-1. The PEC form also included an acknowledgement that the submitting plaintiff "understand[s] that the PEC *will not add* the above-captioned Plaintiff to any motion seeking leave to amend *for any defendant that is not listed within this form*." *Id.* (emphasis added). Thus, Cleveland County's Motion to Join essentially concedes not having followed these instructions and acknowledgments.

2

In evaluating extension requests, Courts within this jurisdiction must also consider whether a requested extension would result in unfair prejudice to the non-moving party. *Id*. at *2. KVK-Tech will suffer prejudice if Cleveland County is permitted to belatedly move to amend its complaint to add KVK-Tech. Cleveland County paints its addition as marginal in terms of the burden on KVK-Tech in opposing the Omnibus Motion for Leave to Amend. The Rules of Civil Procedure, Sixth Circuit precedent, and this Court demand an individual review and analysis of *every* case in which a plaintiff seeks to amend its complaint to add a defendant. Fed. R. Civ. P. 16(b)(4); *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 845 (6th Cir. 2020) ("[A] district court's decision whether to grant a motion to amend in an individual case depends on the record in that case and not others."); ECF No. 5471, May 22, 2024 Hr'g. Tr., at 17:25–18:3 (requiring a case-by-case showing of good cause for any plaintiff seeking leave to amend). The addition of yet another amending plaintiff, more than two months into the briefing period, would prejudice KVK-Tech in its ability to oppose Cleveland County's motion for leave. KVK-Tech has already undertaken considerable time and expense to review and prepare to respond to the 400+ new cases to which the Amending Plaintiffs seek to join it. This late, surprise addition of an entirely new plaintiff undermines KVK-Tech's ability to adequately prepare and respond to the Omnibus Motion for Leave to Amend.

The Court's Final Amendment Order was clear: "This will be plaintiffs' final opportunity to amend their complaints." ECF No. 5455 at 2. The Court "will not allow any further amendment by any MDL plaintiff to add a new defendant." ECF No. 5656 at 3. Cleveland County missed its "final opportunity" to amend and add parties. Its stated intent behind the delay is irrelevant and does not amount to good causes under the circumstances of this case and the Order of this Court and the Sixth Circuit. Its motion must be denied.

Respectfully submitted,

*/s/ Thomas E. Rice*
Thomas E. Rice            MO # 29946
BAKER STERCHI COWDEN & RICE LLC
2400 Pershing Road, Suite 500
Kansas City, MO  64108
Telephone:    (816) 471-2121
Facsimile:    (816) 472-0288
rice@bakersterchi.com

**ATTORNEY FOR DEFENDANT
KVK-TECH, INC.**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the above and foregoing was filed with the Clerk of the Court using the CM/ECF system on this 1st day of October, 2024, which will send notification of the same to all counsel of record.

*/s/  Thomas E. Rice*

4