**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804<br>Case No. 17-md-2804 |
| THIS DOCUMENT RELATES TO: | |
| "United Food and Commercial Workers Health and Welfare Fund of Northeastern Pennsylvania" | **Case No. 1:17-OP-45177** |
| "Sheet Metal Workers Local No. 25 Health & Welfare Fund" | **Case No. 1:18-OP-45002** |
| "Louisiana Assessors Insurance Fund" | **Case No. 1:18-OP-46223** |
| "Pioneer Telephone Cooperative Inc. Employee Benefits Plan" | **Case No. 1:18-OP-46186**<br>**Judge Dan Aaron Polster** |

**SECOND AMENDED CASE MANAGEMENT ORDER FOR**
**THIRD PARTY PAYOR BELLWETHER CASES**

On October 25, 2023, the Court entered an order identifying four bellwether cases involving Third Party Payor plaintiffs ("TPP Bellwether Plaintiffs")[1], including *United Food and Commercial Workers Health and Welfare Fund of Northeastern Pennsylvania v. Purdue Pharma, LP, et al.,* ("UFCW NEPA")*,* Case No. 1:17-OP-45177; *Local No. 25 Sheet Metal Workers Health & Welfare Fund v. Purdue Pharma, LP, et al*., ("Local 25"), Case No. 1:18-OP-45002; *Louisiana Assessors Insurance Fund a/k/a The Insurance Committee of the Assessors' Insurance Fund v. AmerisourceBergen Drug Corp., et al.,* ("LAIF"), Case No. 1:18-OP-46223; and *Pioneer Telephone Cooperative Inc. Employee Benefits Plan et al. v. Purdue Pharma, LP, et al*., ("Pioneer"), Case No. 1:18-OP-46186 (collectively, the "TPP Bellwether cases"). ECF 5225.

To facilitate administration of these matters, and in keeping with prior practices in this MDL, the Court hereby designates the UFCW NEPA case Track 16 ("CT16"); the Local 25 case is designated Track 17 ("CT17"), the LAIF case is designated Track 18 ("CT18") and the Pioneer case is designated Track 19 ("CT19").

On February 2, 2024, the Court entered a *Nunc Pro Tunc* Amended Case Management Order for the Third Party Payor Bellwether Cases (the "CMO"). ECF 5298. That CMO had

---

[1] As used herein, the term "TPP Bellwether Plaintiffs" refers only to the plaintiffs named in the four federal TPP Bellwether cases.

deadlines for Plaintiffs to amend their complaints by February 15, 2024. On that date, Plaintiffs served proposed Amended Complaints on Defendants for the purposes of review in connection with applicable protective orders before filing. A dispute between the Parties arose regarding the number and scope of claims asserted by Plaintiffs in the Amended Complaints.

On April 9, 2024, the Court granted the Parties joint request to stay the CMO deadlines from March 15, 2024 forward pending resolution of the Parties' dispute concerning the TPP Bellwether Plaintiffs' proposed Amended Complaints. ECF 5396. The Court issued a ruling on that dispute on July 31, 2024, and the Court directed the Parties to submit a revised case management order for the TPP Bellwether cases. *See* 7/31/24 Order [Non-Document]. The Parties have met and conferred and have agreed to amend the related dates and deadlines in the current CMO. The Court has reviewed the Parties' submission and hereby orders as follows.

    A.    **Amendment of Pleadings and Answers**

        1.    **Amendment of Pleadings**.

Seven days from the entry of the present CMO, each TPP Bellwether Plaintiff will identify in a formal notice filed on the docket, the claims to be litigated as part of the current bellwether proceeding as reflected in Special Master David R. Cohen's email dated September 27, 2024.[2] The remaining claims from each complaint will be severed pursuant to Fed.R.Civ.P. 42(b) and stayed pending further Order. The only claims that defendants will be required to move to dismiss or answer at this time are the claims identified in the notice referenced above. Seven days after the filing on the docket of the placeholder class-action complaint referenced in ECF No. 5638 and subparagraph 4 below, TPP Bellwether Plaintiffs shall file Amended Complaints removing class allegations. Said Amended Complaints will include a reference, citing to the respective docket entries, of the formal notice referenced above.

No complaint shall be further amended by the TPP Bellwether Plaintiffs, beyond the Amended Complaints served on Defendants on February 15, 2024, and the actions contemplated by this paragraph absent leave of Court or stipulation of the Parties.

        2.    **Answers to TPP Bellwether Plaintiffs' Amended Complaints**. Defendants shall file answers to the TPP Bellwether Plaintiffs' Amended Complaints within 30 days after a decision by the Court on any motions to dismiss. If no motions to dismiss are filed by the deadline set forth in

---

[2] TPP Bellwether Plaintiffs' Amended Complaints assert a variety of claims against Defendants. TPP Bellwether Plaintiffs requested that their unjust enrichment claims (Local 25 and Pioneer) and ERISA claim (Pioneer) be included in the claims to be litigated in their respective bellwether tracks. The Court made a case management decision to sever the TPP Bellwether Plaintiffs' claims other than (1) Federal RICO and state law analogs; (2) Conspiracy; and (3) Consumer Fraud, as reflected in Special Master Cohen's email dated September 27, 2024.

       Section E of this Case Management Order, answers will be due by **February 24, 2025**.

3. **Third-Party Complaints**. Defendants shall file any third-party complaints within twenty-one (21) days after service of their answers.

4. **Placeholder Class Action Complaint**. On September 20, 2024, Plaintiffs filed Notice of Service (ECF No. 5638] and served a placeholder class action complaint on Defendants. Defendants shall have until **October 4, 2024** to request any redaction or filing under seal of the placeholder complaint. Any disputes regarding redactions shall be promptly raised with Special Master David Cohen and Plaintiffs shall file the placeholder complaint with agreed-upon/ordered redactions by **October 11, 2024** (with reference to this CMO and ECF No. 5638). That placeholder complaint will not be litigated pending further Court Order (after due notice and an opportunity to be heard), such as for purposes of facilitating and approving any potential settlement. The placeholder complaint need not be responded to by Defendants.

B. **Treatment of Defendant Corporate Families**

    TPP Bellwether Plaintiffs have named as defendants certain defendant families previously named in prior case tracks in this MDL. Consistent with prior directives, the Parties shall meet and confer by no later than **October 4, 2024** and seek to reach agreement to streamline the case as to the treatment of multiple named defendants that are part of a single corporate family. The Parties shall file any stipulations as to the dismissals or other treatment of named defendants that are part of a single corporate family by **October 18, 2024**. Defendants are required to accept service on behalf of any foreign defendant that is their parent or subsidiary and waive service under the Hague Convention pursuant to ECF 1108; *see also City & Cnty. of San Francisco v. Purdue Pharma L.P.*, 491 F. Supp. 3d 610, 645 (N.D. Cal. 2020) ("The Court DENIES Foreign Defendants' motions to dismiss for insufficient service. In accordance with the MDL court's order, domestic defendants must accept service on behalf of any Foreign Defendant that is their parent or subsidiary." (citing ECF 1108; emphasis in original)).

C. **Previous Discovery**

    All discovery produced by any entity in this MDL, or pursuant to DR 22, shall be deemed produced in the TPP Bellwether cases. To promote efficiency and consistent with the Court's and Special Master's directives, the Parties will meet and confer regarding how to ensure that discovery requests issued in the TPP Bellwether cases are specific to this case and non-duplicative of the discovery requests already issued in any MDL case track while ensuring that the record is clear as to what discovery is at issue in Tracks 16-19, without requiring the Parties to reissue discovery unnecessarily. However, if the discovery requests were previously issued, but responses were not provided, or were provided with limitations, the requests may be re-issued for good cause shown. All objections to any such discovery are reserved. The burden of avoiding non-duplicative discovery applies equally to all parties. Discovery served in Tracks 16-

19 will be tailored to Tracks 16-19, as appropriate.

### D. Prior Rulings

The Court intends to adhere to all rulings made in prior MDL tracks. *See* Order Resolving Disputes Regarding Proposed CMO, dated December 13, 2023 [ECF 5271]. If a similar issue arises, the parties shall not simply reassert the same arguments made by prior parties in this MDL. Instead, the Parties shall file a simple statement that they adopt those arguments in order to preserve the record for appeal. If the Parties have any new arguments that are meaningfully different from those raised earlier and resolved in prior Court rulings, the Parties may make them. The Parties may also seek departure from prior rulings for good cause shown. The Court also recognizes that the TPPs are differently situated than the prior categories of MDL plaintiffs and the Parties are entitled to make a showing that the facts the Court relied on in making its prior rulings are sufficiently different with respect to the TPP Plaintiffs to warrant a different outcome.

### E. Motions to Dismiss - Discovery may proceed while the Motions to Dismiss, if any, are pending.

1. **Motions to Dismiss on Substantive Issues**: Defendants shall file any motions to dismiss the TPP Bellwether Amended Complaints by **January 24, 2025**. TPP Bellwether Plaintiffs shall file any responses by **March 25, 2025**. Defendants shall file their replies in support of their motions to dismiss by **April 15, 2025**.

2. **Page Limitations for Motion to Dismiss on Substantive Issues:**

    i. The Parties shall coordinate and consolidate all briefing on all motions to dismiss and avoid duplicative briefing by incorporating similar arguments by reference.

    ii. Defendant Industry Groups[3] may file a single omnibus motion to dismiss applicable across all four case tracks of up to **30 pages** in length on common issues relevant across all four TPP Bellwether cases.

    iii. TPP Plaintiffs may file a response brief of up to **30 pages** addressing each Defendant Industry Group's joint memorandum on common issues**.** Defendant Industry Groups may each file a single joint reply memorandum of up to **15 pages** in length in support of their motions to dismiss the claims against them.

    iv. Each of the Defendant Families may also file an individual memorandum of up to **5 pages** concerning issues specific to it.

---

[3] "Defendant Industry Groups" for purposes of this CMO refer to (1) the Manufacturer Defendants and (2) the Pharmacy Defendants.

4

          Responses to such memoranda shall also be limited to **5 pages**, and reply memoranda shall be limited to **3 pages.**

    v.    The Parties may request additional pages upon good cause shown, if, for example, the TPP Bellwether Plaintiffs' claims are not identical across the four TPP Bellwether cases or if the applicable law is more divergent than anticipated.

    vi.    The Parties may use the pages above as they see fit, though opposition briefs shall not exceed the total number of pages permitted in opening briefs.

    vii.    **Motions to Dismiss on Jurisdictional Grounds**: The deadline for Defendants to file motions to dismiss the TPP Bellwether Amended Complaints on jurisdictional grounds has passed.

**F.**    **Fact Discovery**

    1.    **Data Productions**

**TPP Bellwether Plaintiffs' Claims Data.** The Court previously ordered, among other deadlines reflected in the prior CMO (ECF 5298), that the Parties meet and confer on the scope, format and fields for the TPP Bellwether Plaintiffs' production of prescription and medical claims data ("TPP Claims Data"). On May 29, 2024, the Court entered an Order Governing Production of Medical and Pharmacy Claims Data in Third Party Payor Plaintiff Bellwethers [ECF 5468] to help facilitate those discussions and Plaintiffs' initial productions of data.

On September 16, 2024, Special Master David Cohen ordered the TPP Bellwether Plaintiffs to inform all relevant third parties to produce or authorize the production of all of the underlying data for the agreed upon data fields within the next 14 days, and directed Plaintiffs to move to compel production and request any and all necessary relief from the Court should the relevant third parties fail to do so.

Plaintiffs shall endeavor to complete production of TPP Claims Data by **November 8, 2024**. It shall be TPP Bellwether Plaintiffs' obligation to notify Defendants when the production is complete, including a report identifying any years and requested agreed upon fields for which claims data was not obtained and the reason(s) why the TPAs or PBMs state it cannot be produced.

The foregoing shall not act as a limitation on additional TPP Bellwether Plaintiff or Defendant data being sought through appropriate discovery methods in the TPP Bellwether cases.

Any disagreement as to the type of data and the format and fields for same shall be raised with Special Master Cohen.

2. **Document Custodians, Search Terms, and Productions**

   i. **Identification of Document Custodians**

   a) The Court previously ordered that the TPP Bellwether Plaintiffs shall identify their proposed document custodians, including titles and timeframes of employment in the custodian's position(s) by March 1, 2024.

   b) The Court previously ordered that the Defendants shall identify their proposed document custodians, including titles and timeframes of employment in the custodian's position(s) by March 1, 2024.[4] The Court also ordered that the Defendants identify prior MDL and state court opioid litigation custodians, including their titles and timeframes of employment in the custodian's position(s), where previously provided.

   ii. **Identification of Search Terms - November 1, 2024**

   a) Defendants shall identify the proposed search terms for TPP Bellwether Plaintiffs' custodians.

   b) Defendants' previously agreed-upon MDL search terms shall serve as the starting point for their custodians and TPP Bellwether Plaintiffs may propose modifications to those search terms.

   iii. **December 16, 2024** -- The Parties will meet and confer to reach agreement on custodians and to tailor the previously agreed upon MDL 2804 search terms to the TPP Bellwether cases. If agreement cannot be reached by **December 16, 2024** the matter shall be brought to the attention of the Special Master for resolution.

   iv. **January 31, 2025** – Custodial document production must commence, and must continue on a rolling basis.

   v. **July 31, 2025** – Deadline to serve written discovery on parties.

---

[4] The Pharmacy Defendants have not yet identified proposed custodians specific to the TPP Bellwether cases due to the delay in the production of the TPP Claims Data. The Parties shall meet and confer regarding a deadline for identification of those custodians. To the extent the Parties cannot agree, they will raise the issue with Special Master Cohen.

    vi.    **August 29, 2025** – Document production by all Parties shall be completed.

    vii.    **September 12, 2025** – Deadline to serve third-party subpoenas.

    viii.    **December 12, 2025** – Close of party fact discovery and third-party discovery.

3. **Privilege**

   For the avoidance of doubt, the parties acknowledge that the Agreed Order Governing Privilege (ECF 2882) continues to apply in the TPP Bellwether cases.

G. **Depositions**

1. **Depositions of Defendants – Fact Witnesses:** TPP Bellwether Plaintiffs may collectively depose no more than seven (7) witnesses per Defendant Family.

2. **Depositions of Plaintiffs - Fact Witnesses:** Defendants may collectively depose no more than twenty-five (25) witnesses per TPP Bellwether Plaintiff.

3. **All Party Fact and Expert Witness Depositions:** Depositions of witnesses who have already been deposed in this MDL shall not be re-taken in the TPP Bellwether cases, except to the extent that fact witnesses have not been deposed regarding TPP issues and in the case of experts, if the expert presents new opinions or supports previous opinions with facts specific to the TPP cases, absent: (1) agreement of the Parties, or (2) order of the Special Master or the Court, upon good cause shown.   Any such agreement or order shall include a specific limitation as to the number of hours to be allowed for such deposition.  Depositions of witnesses who have not been previously deposed in this MDL shall be limited to 7 hours each.  Depositions of witnesses previously deposed shall not exceed 3 hours absent good cause shown.

4. **Rule 30(b)(6) Depositions:** In addition to the above, TPP Bellwether Plaintiffs collectively may serve one Rule 30(b)(6) notice on each Defendant Family, which may include both substantive topics as well as topics related to data and document production.

   Also, in addition to the above, Defendants collectively may serve one Rule 30(b)(6) notice on each TPP Bellwether Plaintiff regarding data and document production, and one Rule 30(b)(6) notice on each TPP Bellwether Plaintiff regarding substantive topics.

5. **Duration of Rule 30(b)(6) Depositions:** Each Rule 30(b)(6) deposition of TPP Bellwether Plaintiffs will be limited to 7 hours, to be divided among the Defendant Industry Groups.  Each Rule 30(b)(6) deposition of each Defendant Family will be limited to 7 hours, to be divided among the TPP Bellwether Plaintiffs.

6. **All Depositions:** The Parties shall endeavor to ensure that deposition questioning of any witness (including a Rule 30(b)(6) witness) who was already deposed in any MDL opioid litigation or non-MDL opioid litigation will not be unnecessarily repetitive.  As per the Order Resolving Disputes Regarding Proposed CMO, TPP Bellwether Plaintiffs shall endeavor not to unnecessarily address repetitive topics or ask repetitive questions of deponents who have already been deposed in conjunction with this MDL.

7. The Deposition Protocol Order (ECF 643) and Revised Remote Deposition Protocol (ECF 3589) continue to apply, except as modified by this Order.

8. The Parties may seek leave to depose additional fact witnesses upon good cause shown.

H. **Expert Discovery Deadlines**

1. **January 30, 2026**– TPP Plaintiffs shall serve expert reports and, for each expert, provide two proposed deposition dates between **February 20 – March 13, 2026.**  Any materials relied on by the expert, not previously produced in the MDL, shall be produced within **7 days** of serving the reports.

2. **March 31, 2026**– Defendants shall serve expert reports and, for each expert, provide two proposed deposition dates between **April 21 – May 12, 2026.**  Any materials relied on by the expert, not previously produced in the MDL, shall be produced within **7 days** of serving the reports.

3. Expert reports rebutting responsive reports shall be served **21 days** after the deposition of the responsive expert.  Any materials relied on by the rebutting expert, not previously produced in the MDL, shall be produced within **7 days** of serving the rebuttal reports.  Any expert providing a rebuttal report shall be subject to an additional deposition limited to the scope of the rebuttal report within **30 days** of serving the expert rebuttal report.

I. *Daubert* **and Dispositive Motions**

As stated, in the Court's 12/13/23 Order [ECF 5271], the Court is inclined to rule on Daubert and Dispositive Motions prior to suggesting remand.  However, the Court declines to

make a definitive decision at this time on which court will rule on those motions.[5]   If the Court decides to rule on such motions, the following briefing schedule shall apply:

1. Dispositive and *Daubert* motions shall be due **June 2, 2026**. Any responses shall be filed by **August 3, 2026.** Replies in support of such motions shall be filed by **September 2, 2026**.

2. With respect to *Daubert* and dispositive motions, the Parties will meet and confer on mechanisms to further avoid unnecessarily lengthy or duplicative briefing while preserving the record based on motions filed in separate tracks of the MDL and will make proposals with regard to page limits.

### J. Remand to Transferor Courts

Discovery in the four bellwether cases should proceed apace, and any extensions of the deadlines set forth herein shall apply to all four bellwether cases equally.  At the appropriate time, this Court shall certify that each of the TPP Bellwether Cases is ready to transfer back to the federal district court to which it was pending prior to transfer to this MDL. Each case shall be stayed upon entry of a remand or transfer order until such time as the transferor court enters a scheduling order.

**IT IS SO ORDERED.**

**October 2, 2024**

/s/ Dan Aaron Polster          .
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[5] The Parties previously submitted on 11/13/23 and 11/17/23 letter briefs stating their respective positions on this issue.