**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF OHIO**

**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE | : | MDL 2804 |
| | : | |
| LITIGATION | : | Case No. 17-md-2804 |
| | : | |
| *This document relates to:* | : | Hon. Dan Aaron Polster |
| | : | |
| County of Los Angeles and the | : | |
| People of the State of California | : | |
| v. CVS Health Corporation et al., | : | |
| Case No. 1:22-op-45032-DAP | : | |
| | : | |

**REPLY OF PLAINTIFF LOS ANGELES COUNTY AND THE PEOPLE OF THE STATE OF CALIFORNIA IN SUPPORT OF MOTION TO CORRECT INADVERTENT OMISSION AND JOIN OMNIBUS MOTION FOR LEAVE TO AMEND TO ADD TRIS PHARMA, INC. [ECF 5635]**

Plaintiff County of Los Angeles and the People of the State of California hereby replies to Defendant Tris Pharma, Inc.'s Opposition (ECF 5661) to Plaintiff's Motion (ECF 5635) to correct its inadvertent omission from and to join Plaintiffs' Omnibus Motion for Leave to Amend to add Tris Pharma, Inc. (ECF 5554). In further support of its Motion, Plaintiff states as follows.

In its Opposition, Tris Pharma argues that Plaintiff's Motion should be denied because it is both untimely and unfairly prejudicial. Both arguments are incorrect.

First, Plaintiff's Motion is timely. In arguing it is not, Tris Pharma relies upon Federal Rule of Civil Procedure 16. *See* Opp. at 3. Under the Rule, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin'l Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (cleaned up). Here, Tris Pharma does not and cannot dispute that Plaintiff was diligent in timely

submitting its Authorization to amend naming Tris Pharma on July 9, 2024.  *See* Motion at 1; Pltf's Ex. A (ECF 5635-1).  Instead, Tris Pharma faults Plaintiff for not acting on its counsel's inadvertent withdrawal of the authorization for nearly two months.  Opp. at 3.  However, Tris Pharma's own evidence shows that Plaintiff's counsel first identified this error on September 10, 2024, Tris Pharma Ex. B (ECF 5661-2), and within one week of discovery conferred with Tris Pharma's counsel and sought relief first from Special Master Cohen, *id.*, and then from the Court.  Plaintiff thus acted diligently in seeking to correct counsel's error immediately upon discovery of it.

      Second, Tris Pharma is not prejudiced by Plaintiff's joining the Omnibus Motion for Leave.  In arguing that it is prejudiced, Tris Pharma states that it "has already undertaken considerable time and expense to review and prepare to respond to the 185 new cases to which Plaintiffs seek to join it.  The surprise addition of an entirely new plaintiff two months into Tris Pharma's preparations, significantly hampers Tris Pharma's ability to adequately prepare and respond to Plaintiffs' Omnibus Motion."  Opp. at 3.  However, Tris Pharma submits no evidence showing that addition of *one* new Plaintiff two months before the response deadline would in any way, let alone "significantly," interfere with its response.  Indeed, even if Tris Pharma were working around the clock for the past two months to review each of the 185 other amending Plaintiffs, the addition of this one new Plaintiff would represent less than a half-day's work.  Since Plaintiff demonstrates diligence and Tris Pharma does not show prejudice, good cause is shown under Rule 16(b)(4) and the Motion should be granted.[1]

---

[1] In light of Plaintiff's showings of inadvertent error in counsel's withdrawal of its authorization and of diligence in acting to correct this error upon discovery, Tris Pharma is incorrect in asserting that "[d]enying LA County's motion is necessary to foreclose the possibility that Plaintiffs will continually add other cases after expiration of the deadline."  Opp. at 2.  There is no reason to believe that Plaintiffs will "continually" discover that they inadvertently withdrew timely submitted authorizations.  The Court also should reject Tris Pharma's argument that Plaintiff herein "has shown a pattern of disregard for this Court's orders and deadlines."  Op. at 5.  Its sole basis

For all of the reasons set forth herein and in the Motion, the Court should grant Plaintiff's Motion and allow it to join the Omnibus Motion for Leave to amend to add Tris Pharma, Inc.

Dated: October 3, 2024

                Respectfully submitted,

                */s/Linda Singer*
                Linda Singer
                MOTLEY RICE LLC
                401 9th Street NW, Suite 630
                Washington, D.C. 20004
                (202) 386-9626
                (202) 386-9622 (Fax)
                lsinger@motleyrice.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

                */s/Linda Singer*
                Linda Singer

---

for this accusation is Plaintiff's listing on a motion to dismiss by Rite Aid for alleged failure to prosecute. *Id.* at 4-5. Rite Aid is in bankruptcy and no response has been filed or ruling issued on that motion, which does nothing in any event to demonstrate a "pattern of disregard" by Plaintiff when the unrebutted evidence herein shows an inadvertent error not by Plaintiff, but by counsel, which Plaintiff and counsel immediately sought to remedy upon discovery.