UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*This Document Relates to:*<br><br>**CLEVELAND COUNTY v. PURDUE PHARMA, L.P., ET AL;**<br>**Case No.: 1:18-o-45304-DAP** | MDL 2804<br><br>Case No. 1:17-md-2804<br><br>Hon. Dan Aaron Polster |

**PLAINTIFF CLEVELAND COUNTY'S REPLY IN SUPPORT OF ITS MOTION TO CORRECT INADVERTENT OMISSION AND JOIN OMNIBUS MOTIONS FOR LEAVE TO AMEND TO ADD EXPRESS SCRIPTS, INC. [ECF 5548] AND OPTUMRX, INC. [ECF 5547]**

Plaintiff Cleveland County (North Carolina) hereby replies to Defendants Express Scripts, Inc. Defendants ("ESI"), and OptumRx, Inc. Defendants ("Optum") opposition (ECF 5659) to Plaintiff's Motion (ECF 5655) to correct its inadvertent omission from and to join Plaintiffs' Omnibus Motion for Leave to Amend to add Express Scripts, Inc. Defendants [ECF 5548], and Plaintiffs' Omnibus Motion for Leave to Amend to add OptumRx, Inc. Defendants [ECF 5547].[1] In further support of its motion, Cleveland County states as follows.

ESI and Optum themselves acknowledge the basis for Cleveland County's motion is a mere "scrivener's error."[2] This error is limited in scope to a single plaintiff and only

---

[1] Defendant KVK-Tech filed its opposition separately (ECF 5664) and plaintiff will reply separately to that opposition.

[2] Plaintiff provides as Exhibit B the originally submitted Authorization Form, dated July 10, 2024.

affects the three defendants identified in the motion. In their opposition, ESI and Optum argue that Cleveland County's Motion to correct should be denied because it is both untimely and unfairly prejudicial. But they are incorrect.

First, Cleveland County's Motion is timely. Under the Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin'l Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (cleaned up). Here, ESI and Optum do not and cannot dispute that Cleveland County was diligent in timely seeking to correct the scrivener's error. Cleveland County's counsel first identified this error on August 30, 2024, then notified ESI and Optum's counsel and sought relief first from Special Master Cohen on September 17, and then from the Court one week later. *See* Exhibit C. Cleveland County thus acted diligently in seeking to correct counsel's error upon discovery of it.

ESI and Optum are not prejudiced by Cleveland County's joining the Omnibus Motion for Leave. In arguing that it is prejudiced, ESI and Optum submit no evidence showing that addition of *one* new plaintiff two months before the response deadline would in any way interfere with its response. Instead, ESI and Optum argue the collective burden of "an individual review and analysis of *every* case in which a plaintiff seeks to amend its complaint to add the PBM Defendants." ECF 5659 at 2-3. Defendants' individual review and analysis of the Cleveland County case could likely have been completed in less time than it took ESI and Optum to oppose this motion, and in any case,

can easily be completed in the next two months.

Because Cleveland County acted diligently and ESI and Optum have not shown prejudice, good cause is established under Rule 16(b)(4) and the Motion should be granted.

For these reasons, Cleveland County respectfully requests that the Court grant its motion and allow it to join the Omnibus Motions for Leave to Amend to add Express Scripts, Inc. and Optum, RX, Inc. Defendants.

Dated: October 7, 2024

                                              Respectfully submitted,

                                              /s/ *Jayne Conroy*
                                              Jayne Conroy
                                              SIMMONS HANLY CONROY LLP
                                              112 Madison Avenue, 7th Floor
                                              New York, NY 10016
                                              (212) 784-6400
                                              jconroy@simmonsfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

                                   /s/ Jayne Conroy
                                   Jayne Conroy