**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION,** | MDL No. 2804 |
| | Case No. 17-md-2804 |
| ***This document relates to:*** | Judge Dan Aaron Polster |
| **Case Track 12:** *City of Rochester v. Purdue Pharma, L.P.,* **No. 19-op-45853** | |

**OPTUMRX, INC.'S ANSWER TO
PLAINTIFF THE CITY OF ROCHESTER, NEW YORK'S ORIGINAL AND
SUPPLEMENTAL AND AMENDED ALLEGATIONS TO BE ADDED TO THE
VERIFIED COMPLAINT AND JURY DEMAND**

OptumRx, Inc. answers Plaintiff the City of Rochester, New York's June 5, 2019 Verified Complaint and Jury Demand (Dkt. 1-5) and Plaintiff the City of Rochester, New York's March 6, 2024 Supplemental and Amended Allegations to be Added to the Verified Complaint and Jury Demand (Dkt. 110) as follows.

In this Answer, "OptumRx" will refer only to OptumRx, Inc. Unless expressly admitted, OptumRx denies each and every allegation in the Amended Complaint, including any allegations in the preamble, unnumbered and numbered paragraphs, titles, headings, subheadings, table of contents, footnotes, exhibits, characterization of documents, and stricken paragraphs. OptumRx also denies all allegations for which OptumRx lacks knowledge or information sufficient to form a belief about the allegations. And OptumRx denies any wrongdoing or liability to Plaintiff. Paragraph headings and titles are recited in this Answer only for the purposes of organization and reference. Inasmuch as any headings or titles contain any allegations to which OptumRx must respond, OptumRx denies each allegation. OptumRx reserves the right to amend and supplement its Answer as appropriate or necessary.

## OPTUMRX, INC.'S ANSWER TO
## PLAINTIFF'S VERIFIED COMPLAINT

The unnumbered paragraphs before the introduction do not set forth factual allegations to which a response is required. Inasmuch as a response is required, OptumRx denies the allegations in those unnumbered paragraphs.

## INTRODUCTION

1.      The allegations in Paragraph 1 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 1 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

2.      The allegations in Paragraph 2 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 2 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

3.      OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 and on that basis denies them.

4.      The allegations in Paragraph 4 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 4 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

5.      OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 and on that basis denies them.

6.      Paragraph 6 purports to quote or summarize the Diagnostic and Statistical Manual of Mental Disorders (5th ed. 2013), and that manual speaks for itself. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 and on that basis denies them.

7.      The allegations in Paragraph 7 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 7 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx admits that opioids can be an effective

treatment for individuals suffering from various types of pain and that opioids can be addictive for some individuals. OptumRx otherwise denies the allegations in Paragraph 7.

8.      The allegations in Paragraph 8 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 8 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx admits that opioids can be addictive for some individuals. OptumRx otherwise denies the allegations in Paragraph 8.

9.      Paragraph 9 purports to quote or summarize Opioid Therapy for Chronic Nonmalignant Pain: Current Status and the Diagnostic and Statistical Manual of Mental Disorders (5th ed. 2013), and those materials speak for themselves. Inasmuch as the allegations in Paragraph 9 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

10.      The allegations in Paragraph 10 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 10 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx admits that opioids can be addictive for some individuals. OptumRx otherwise denies the allegations in Paragraph 10.

11.      Paragraph 11 purports to quote or summarize a letter from Janet Woodcock, and that document speaks for itself. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 and on that basis denies them.

12.      Paragraph 12 purports to quote or summarize provisions of the Controlled Substances Act, and that statute speaks for itself. OptumRx admits that certain prescription opioids are narcotic drugs subject to federal regulations governing controlled substances. OptumRx also admits that opioids can be addictive for some individuals. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 and on that basis denies them.

13.      The allegations in Paragraph 13 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 13 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

14.     The allegations in Paragraph 14 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 14 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

15.     The allegations in Paragraph 15 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 15 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

16.     The allegations in Paragraph 16 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 16 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

17.     The allegations in Paragraph 17 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 17 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

18.     The allegations in Paragraph 18 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 18 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

19.     The allegations in Paragraph 19 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 19 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

20.     OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 and on that basis denies them.

21.     The allegations in Paragraph 21 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 21 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

22.     Paragraph 22 purports to quote or summarize an NIH publication, and that publication speaks for itself. Inasmuch as the allegations in Paragraph 22 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

4

23.     Paragraph 23 purports to quote or summarize a CDC publication, and that publication speaks for itself. Inasmuch as the allegations in Paragraph 23 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

24.     OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 and on that basis denies them.

25.     The allegations in Paragraph 25 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 25 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

26.     OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 and on that basis denies them.

27.     OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 and on that basis denies them.

28.     OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 and on that basis denies them.

29.     OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 and on that basis denies them.

30.     OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 and on that basis denies them.

31.     Paragraph 31 purports to quote or summarize a CDC publication, and those materials speak for themselves. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 and on that basis denies them.

32.     OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 and on that basis denies them.

33.     Paragraph 33 purports to quote or summarize a transcript of a radio show, and those materials speak for themselves. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 and on that basis denies them.

34.     The allegations in Paragraph 34 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 34 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

35.     The allegations in Paragraph 35 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 35 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

36.     The allegations in Paragraph 36 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 36 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

37.     Paragraph 37 purports to quote or summarize publications from the CDC, and those materials speak for themselves. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 and on that basis denies them.

38.     Paragraph 38 purports to quote or summarize a CDC publication, and those materials speak for themselves. Inasmuch as the allegations in Paragraph 38 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

39.     Paragraph 39 purports to quote or summarize national health statistics, and those materials speak for themselves. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 and on that basis denies them.

40.     The allegations in Paragraph 40 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 40 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

41.     The allegations in Paragraph 41 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 41 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

42.     OptumRx admits that certain opioid manufacturers engaged in misrepresentations and fraud and that certain opioid distributors lacked functional systems to comply with their legal

6

obligations to report suspicious orders and repeatedly shipped to known pill mills. OptumRx otherwise denies the allegations in Paragraph 42.

43.     The allegations in Paragraph 43 are vaguely and improperly pleaded against "PBMs." Inasmuch as the allegations in Paragraph 43 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

44.     Paragraph 44 purports to quote or summarize a news article, and those materials speak for themselves. OptumRx otherwise denies the allegations in Paragraph 44.

45.     The allegations in Paragraph 45 are vaguely and improperly pleaded against "PBMs." Inasmuch as the allegations in Paragraph 45 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

46.     The allegations in Paragraph 46 are vaguely and improperly pleaded against "PBMs." Inasmuch as the allegations in Paragraph 46 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

47.     The allegations in Paragraph 47 are vaguely and improperly pleaded against "PBMs." Inasmuch as the allegations in Paragraph 47 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

48.     Paragraph 48 purports to quote or summarize an online article, and those materials speak for themselves. OptumRx otherwise denies the allegations in Paragraph 48.

49.     The allegations in Paragraph 49 are vaguely and improperly pleaded against "PBMs." Inasmuch as the allegations in Paragraph 49 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx admits that, in its capacity as a PBM, OptumRx negotiates at arms' length with drug manufacturers over rebate agreements. OptumRx otherwise denies the allegations in Paragraph 49.

50.     Paragraph 50 purports to quote or summarize an online article, and those materials speak for themselves. OptumRx admits that it entered into an agreement to provide pharmacy care services to CalPERS. That agreement speaks for itself. OptumRx otherwise denies the allegations in Paragraph 50.

51.     Paragraph 51 purports to quote or summarize an online article, and those materials speak for themselves. OptumRx otherwise denies the allegations in Paragraph 51.

52.     Paragraph 52 purports to quote or summarize an online article, and those materials speak for themselves. Inasmuch as the allegations in Paragraph 52 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

53.     The allegations in Paragraph 53 are vaguely and improperly pleaded against "PBMs." Inasmuch as the allegations in Paragraph 53 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx admits that, in its capacity as a PBM, OptumRx offers its clients formulary and utilization management products that its clients can accept, reject, or customize. OptumRx otherwise denies the allegations in Paragraph 53.

54.     Paragraph 54 purports to quote or summarize a Huffington Post article, and those materials speak for themselves. OptumRx otherwise denies the allegations in Paragraph 54.

55.     Paragraph 55 purports to quote or summarize MedPageToday, and those materials speak for themselves. OptumRx otherwise denies the allegations in Paragraph 55.

56.     Paragraph 56 purports to quote or summarize a New York Times article, and those materials speak for themselves. OptumRx otherwise denies the allegations in Paragraph 56.

57.     Paragraph 57 purports to quote or summarize a news article, and those materials speak for themselves. OptumRx otherwise denies the allegations in Paragraph 57.

58.     The allegations in Paragraph 58 are vaguely and improperly pleaded against "PBMs." Inasmuch as the allegations in Paragraph 58 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

59.     The allegations in Paragraph 59 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 59 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

## JURISDICTION AND VENUE

60.     Paragraph 60 contains legal conclusions to which no response is required. Inasmuch as a response is required, OptumRx denies the allegations in Paragraph 60.

8

61.     Paragraph 61 contains legal conclusions to which no response is required. Inasmuch as a response is required, OptumRx denies the allegations in Paragraph 61.

62.     Paragraph 62 contains legal conclusions to which no response is required. Inasmuch as a response is required, OptumRx denies the allegations in Paragraph 62.

## PARTIES

### A.     Plaintiff.

63.     OptumRx admits that the City of Rochester is a city within Monroe County, New York. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63 and on that basis denies them.

### B.     Defendants.

64–243.  The allegations in Paragraphs 64–243 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 64–243 and on that basis denies them.

244.    The allegations in Paragraph 244 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 244 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

245–260. The allegations in Paragraphs 245–260 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 245–260 and on that basis denies them.

261.    Plaintiff dismissed its claims against UnitedHealth Group Incorporated on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 261 about UnitedHealth Group Incorporated. OptumRx otherwise denies the allegations in Paragraph 261.

262.     Plaintiff dismissed its claims against UnitedHealth Group Incorporated on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 262 about UnitedHealth Group Incorporated. OptumRx otherwise denies the allegations in Paragraph 262.

263.     Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 263 about Optum, Inc. OptumRx otherwise denies the allegations in Paragraph 263.

264.     Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 264 about Optum, Inc. OptumRx otherwise denies the allegations in Paragraph 264.

265.     Plaintiff dismissed its claims against UnitedHealth Group Incorporated and Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 265 about UnitedHealth Group Incorporated and Optum, Inc. OptumRx otherwise denies the allegations in Paragraph 265.

266.     OptumRx admits that it is registered to do business in the State of New York and that it can be served through its registered agent, CT Corporation System, 28 Liberty St., New York, NY 10005.

267.     OptumRx admits that it provides pharmacy care services in its capacity as a PBM and that it operates home-delivery pharmacies in its capacity as a Home Delivery Pharmacy. OptumRx otherwise denies the allegations in Paragraph 267.

268.     Paragraph 268 purports to summarize a Pharmacy Benefit Management Institute publication, and that document speaks for itself. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 268 and on that basis denies them.

269.     Paragraph 269 purports to summarize or quote a New York Times article, and that material speaks for itself. "UnitedHealthcare" is not a named defendant. OptumRx will not respond to the allegations in Paragraph 269 about "UnitedHealthcare." OptumRx otherwise denies the allegations in Paragraph 269.

270.     Paragraph 270 purports to summarize or quote a New York Times article, and that material speaks for itself. "UnitedHealthcare" is not a named defendant. OptumRx will not respond to the allegations in Paragraph 270 about "UnitedHealthcare." OptumRx otherwise denies the allegations in Paragraph 270.

271–278. The allegations in Paragraphs 271–278 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 271–278 and on that basis denies them.

279.     The allegations in Paragraph 279 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 279 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

280–308.  The allegations in Paragraphs 280–308 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 280–308 and on that basis denies them.

309.     The allegations in Paragraph 309 are vaguely and improperly pleaded against "the defendants." Inasmuch as the allegations in Paragraph 309 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

310–364. The allegations in Paragraphs 310–364 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 310–364 and on that basis denies them.

365.     OptumRx admits that the CDC first published its Guideline for Prescribing Opioids for Chronic Pain in March 2016. OptumRx otherwise denies the allegations in Paragraph 365.

366.     OptumRx admits that in 2017, President Trump declared the opioid crisis to be a public health emergency.

367–474.  The allegations in Paragraphs 367–474 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 367–474 and on that basis denies them.

## FACTS RELEVANT TO ALL CAUSES OF ACTION

A.      **Background on Pain Medicine.**

1.      **Safe and Effective Treatment of Chronic Pain Centers on Informed Risk Management.**

475–478. The allegations in Paragraphs 475–478 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 475–478 and on that basis denies them.

2.      **Opioid Use Is Associated with Known and Substantial Risks.**

479.      OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 479 and on that basis denies them.

480.      Paragraph 480 purports to summarize a 2005 protocol, and that document speaks for itself. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 480 and on that basis denies them.

481.      The allegations in Paragraph 481 are vaguely and improperly pleaded against "PBMs." Inasmuch as the allegations in Paragraph 481 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

482.      OptumRx admits that certain prescription opioids are regulated at the federal level as controlled substances. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 482 and on that basis denies them.

483.      OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 483 and on that basis denies them.

484.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 484 and on that basis denies them.

485.    Paragraph 485 purports to quote a medical publication, and that document speaks for itself. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 485 and on that basis denies them.

486.    Paragraph 486 purports to quote a news article, and that document speaks for itself. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 486 and on that basis denies them.

487.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 487 and on that basis denies them.

488.    Paragraph 488 purports to quote from a 2006 article, and that document speaks for itself. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 488 and on that basis denies them.

489.    Paragraph 489 purports to quote from medical publications, and those documents speak for themselves. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 489 and on that basis denies them.

490.    The allegations in Paragraph 490 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 490 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

491.    The allegations in Paragraph 491 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 491 and on that basis denies them.

492.    The allegations in Paragraph 492 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 492 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

493.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 493 and on that basis denies them.

494.    Paragraph 494 purports to quote OxyContin's label and an FDA publication, and those materials speak for themselves. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 494 and on that basis denies them.

495.    Paragraph 495 purports to quote or summarize a letter from Dr. Janet Woodcock, and those materials speak for themselves. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 495 and on that basis denies them.

496.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 496 and on that basis denies them.

497.    The allegations in Paragraph 497 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 497 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

498.    Paragraph 498 purports to quote or summarize a letter from PROP to the FDA, and those materials speak for themselves. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 498 and on that basis denies them.

499.    Paragraph 499 purports to quote or summarize a letter from PROP to the FDA, and those materials speak for themselves. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 499 and on that basis denies them.

500.    Paragraph 500 purports to quote or summarize a letter from PROP to the FDA, and those materials speak for themselves. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 500 and on that basis denies them.

501.    Paragraph 501 purports to quote or summarize a letter from Dr. Janet Woodcock, and those materials speak for themselves. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 501 and on that basis denies them.

502.    Paragraph 502 purports to quote or summarize an FDA press announcement, and that document speaks for itself. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 502 and on that basis denies them.

503.    The allegations in Paragraph 503 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 503 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

**3.    Long-Term Opioid Use Benefits Are Unproven and Contradicted.**

504.    OptumRx denies the allegations in Paragraph 504.

505.    The allegations in Paragraph 505 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 505 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

506.    Paragraph 506 purports to quote or summarize medical journal publications, and those materials speak for themselves. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 506 and on that basis denies them.

507.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 507 and on that basis denies them.

508.    Paragraph 508 purports to quote or summarize medical journal publications, and those materials speak for themselves. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 508 and on that basis denies them.

509.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 509 and on that basis denies them.

510.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 510 and on that basis denies them.

511.    Paragraph 511 purports to quote or summarize an article, and that material speaks for itself. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 511 and on that basis denies them.

512.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 512 and on that basis denies them.

513.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 513 and on that basis denies them.

514.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 514 and on that basis denies them.

### 4.    Defendants' Impact on the Perception and Prescribing of Opioids.

515.    The allegations in Paragraph 515 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 515 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

516.    Paragraph 516 purports to quote or summarize a World Health Organization publication, and those materials speak for themselves. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 516 and on that basis denies them.

517.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 517 and on that basis denies them.

518.    Paragraph 518 purports to quote or summarize an article from Dr. Russell Portnoy, and those materials speak for themselves. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 518 and on that basis denies them.

519.    Paragraph 519 purports to quote or summarize an article from Dr. Russell Portnoy, and those materials speak for themselves. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 519 and on that basis denies them.

520.    Paragraph 520 purports to quote or summarize a medical publication, and those materials speak for themselves. OptumRx otherwise denies the allegations in Paragraph 520.

**B.    Defendants Promoted Their Branded Products Through Direct Marketing to Prescribers and Consumers.**

521.    The allegations in Paragraph 521 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 521 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

**1.    Defendants Relied Upon Branded Advertisements.**

522.    The allegations in Paragraph 522 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 522 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

523.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 523 and on that basis denies them.

**2.    Defendants Relied Upon Their Sales Forces and Recruited Physician Speakers.**

524.    The allegations in Paragraph 524 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 524 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

525.    The allegations in Paragraph 525 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 525 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

526.    The allegations in Paragraph 526 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 526 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

527.    The allegations in Paragraph 527 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 527 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

528.     The allegations in Paragraph 528 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 528 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

529.     The allegations in Paragraph 529 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 529 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

530.     The allegations in Paragraph 530 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 530 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

531.     The allegations in Paragraph 531 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 531 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

532.     The allegations in Paragraph 532 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 532 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

533.     The allegations in Paragraph 533 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 533 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

534.     The allegations in Paragraph 534 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 534 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

**3.    Defendants Directed These Promotional Efforts Through Detailed Marketing Plans.**

535.     The allegations in Paragraph 535 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 535 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

a. <u>Targeting categories of prescribers</u>

536. The allegations in Paragraph 536 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 536 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

537. The allegations in Paragraph 537 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 537 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

538. The allegations in Paragraph 538 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 538 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

539. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 539 and on that basis denies them.

b. <u>Increasing "direct to consumer" marketing</u>

540. The allegations in Paragraph 540 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 540 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

541. The allegations in Paragraph 541 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 541 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

c. <u>Differentiating each brand</u>

542. The allegations in Paragraph 542 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 542 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

543. The allegations in Paragraph 543 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 543 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

     d.   Moving beyond office visits

544.   The allegations in Paragraph 544 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 544 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

**4.   Defendants Marketed Opioids in the City of Rochester Using the Same Strategies and Messages They Employed Nationwide.**

545.   The allegations in Paragraph 545 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 545 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

546.   The allegations in Paragraph 546 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 546 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

547.   The allegations in Paragraph 547 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 547 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

548.   The allegations in Paragraph 548 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 548 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

549.   The allegations in Paragraph 549 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 549 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

**C.   Defendants Used "Unbranded" Marketing to Evade Regulations and Consumer Protection Laws.**

550.   The allegations in Paragraph 550 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 550 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

### 1. Regulations Governing Branded Promotion Require that it Be Truthful, Balanced, and Supported by Substantial Evidence.

551.    Paragraph 551 contains legal conclusions, to which no response is required. Inasmuch as the allegations in Paragraph 551 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

552.    Paragraph 552 contains legal conclusions to which no response is required. Inasmuch as the allegations in Paragraph 552 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

553.    Paragraph 553 contains legal conclusions to which no response is required. Inasmuch as the allegations in Paragraph 553 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

554.    Paragraph 554 contains legal conclusions to which no response is required. Inasmuch as the allegations in Paragraph 554 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

555.    Paragraph 555 contains legal conclusions to which no response is required. Inasmuch as the allegations in Paragraph 555 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

### 2. Defendants Deployed Front Groups and Doctors to Disseminate Unbranded Information on Their Behalf.

556.    Paragraph 556 purports to quote or summarize FDA draft guidance, and those materials speak for themselves. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 556 and on that basis denies them.

557.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 557 and on that basis denies them.

558.    The allegations in Paragraph 558 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 558 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

559.    The allegations in Paragraph 559 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 559 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

560.    The allegations in Paragraph 560 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 560 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

561.    The allegations in Paragraph 561 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 561 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

562.    The allegations in Paragraph 562 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 562 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

563.    The allegations in Paragraph 563 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 563 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

564.    The allegations in Paragraph 564 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 564 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

a.    Defendants' Use of KOLs

565.    The allegations in Paragraph 565 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 565 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

566.    The allegations in Paragraph 566 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 566 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

567.    The allegations in Paragraph 567 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 567 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

568.    The allegations in Paragraph 568 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 568 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

569.    The allegations in Paragraph 569 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 569 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

570.    The allegations in Paragraph 570 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 570 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

571.    The allegations in Paragraph 571 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 571 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

572.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 572 and on that basis denies them.

573.    The allegations in Paragraph 573 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 573 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

574.    The allegations in Paragraph 574 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 574 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

575.    The allegations in Paragraph 575 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 575 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

576.     Paragraph 576 purports to quote or summarize statements from Dr. Portenoy, and those statements speak for themselves. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 576 and on that basis denies them.

577.     Paragraph 577 purports to quote or summarize statements from Dr. Portenoy, and those statements speak for themselves. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 577 and on that basis denies them.

578.     The allegations in Paragraph 578 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 578 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

579.     OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 579 and on that basis denies them.

580.     Paragraph 580 purports to summarize or quote an article, and that document speaks for itself. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 580 and on that basis denies them.

>    b.    "Research" That Lacked Supporting Evidence

581.     The allegations in Paragraph 581 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 581 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

582.     The allegations in Paragraph 582 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 582 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

583.     The allegations in Paragraph 583 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 583 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

584.    The allegations in Paragraph 584 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 584 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

585.    The allegations in Paragraph 585 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 585 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

586.    The allegations in Paragraph 586 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 586 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

587.    The allegations in Paragraph 587 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 587 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

       c.    <u>Treatment Guidelines</u>

588.    The allegations in Paragraph 588 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 588 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

         i.    FSMB

589.    The allegations in Paragraph 589 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 589 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

590.    Paragraph 590 purports to quote or summarize the "FSMB Guidelines," and those materials speak for themselves. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 590 and on that basis denies them.

591.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 591 and on that basis denies them.

592.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 592 and on that basis denies them.

593. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 593 and on that basis denies them.

594. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 594 and on that basis denies them.

595. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 595 and on that basis denies them.

ii. AAPM/APS Guidelines

596. The allegations in Paragraph 596 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 596 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

597. Paragraph 597 purports to quote or summarize a 1997 publication, and that document speaks for itself. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 597 and on that basis denies them.

598. Paragraph 598 purports to quote or summarize a journal publication, and those materials speak for themselves. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 598 and on that basis denies them.

599. The allegations in Paragraph 599 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 599 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

600. The allegations in Paragraph 600 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 600 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

iii. *American Geriatrics Society*

601. Paragraph 601 purports to quote or summarize a series of AGS Guidelines, and those materials speak for themselves. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 601 and on that basis denies them.

26

602. The allegations in Paragraph 602 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 602 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

603. The allegations in Paragraph 603 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 603 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

### iv. *Guidelines That Did Not Receive Defendants' Support*

604. Paragraph 604 purports to quote or summarize the 2012 Guidelines from the American Society of Interventional Pain Physicians, and those materials speak for themselves. Inasmuch as the allegations in Paragraph 604 are directed against OptumRx or could be construed as directed against OptumRx, they are denied.

605. Paragraph 605 purports to quote or summarize the 2011 Guidelines for the Chronic Use of Opioids, and those materials speak for themselves. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 605 and on that basis denies them.

606. Paragraph 606 purports to quote or summarize a VA/DOD clinical practice guideline, and those materials speak for themselves. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 606 and on that basis denies them.

### d. Continuing Medical Education

607. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 607 and on that basis denies them.

608. The allegations in Paragraph 608 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 608 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

609.    The allegations in Paragraph 609 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 609 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

610.    Paragraph 610 purports to quote or summarize an American Medical Association opinion, and those materials speak for themselves. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 610 and on that basis denies them.

611.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 611 and on that basis denies them.

612.    The allegations in Paragraph 612 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 612 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

613.    The allegations in Paragraph 613 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 613 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

       e.    Unbranded Patient Education

614.    The allegations in Paragraph 614 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 614 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

615.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 615 and on that basis denies them.

       f.    Defendants' Use of Front Groups

616.    The allegations in Paragraph 616 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 616 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

617.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 617 and on that basis denies them.

i.    *American Pain Foundation*

618.    The allegations in Paragraph 618 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 618 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

619.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of those allegations in Paragraph 619 and on that basis denies them.

620.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 620 and on that basis denies them.

621.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 621 and on that basis denies them.

622.    The allegations in Paragraph 622 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 622 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

623.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 623 and on that basis denies them.

624.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 624 and on that basis denies them.

625.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 625 and on that basis denies them.

626.    The allegations in Paragraph 626 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 626 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

627.    The allegations in Paragraph 627 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 627 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

ii.    *The American Academy of Pain Medicine*

628.    The allegations in Paragraph 628 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 628 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

629.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 629 and on that basis denies them.

630.    The allegations in Paragraph 630 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx lacks knowledge or information sufficient to form a belief about the truth of those allegations and on that basis denies them.

631.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 631 and on that basis denies them.

632.    The allegations in Paragraph 632 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 632 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

**3.    Defendants Acted in Concert with KOLs and Front Groups in the Creation, Promotion, and Control of Unbranded Marketing.**

633.    The allegations in Paragraph 633 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 633 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

634.    The allegations in Paragraph 634 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 634 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

635.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 635 and on that basis denies them.

636.    The allegations in Paragraph 636 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 636 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

637.    The allegations in Paragraph 637 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 637 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

### 4.    Defendants Targeted Vulnerable and Lucrative Populations.

#### a.    The Elderly

638.    The allegations in Paragraph 638 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 638 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

639.    The allegations in Paragraph 639 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 639 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

640.    The allegations in Paragraph 640 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 640 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

#### b.    Veterans

641.    The allegations in Paragraph 641 are vaguely and improperly pleaded against "Defendants." Paragraph 641 also purports to quote or summarize surveys about targeted marketing, and those materials speak for themselves. Inasmuch as the allegations in Paragraph 641 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

642.    The City OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 642 and on that basis denies them.

643.    The last sentence in Paragraph 643 is vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in that sentence are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them. OptumRx otherwise lacks

knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 643 and on that basis denies them.

644. The last sentence in Paragraph 644 is vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in that sentence are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 644 and on that basis denies them.

645. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 645 and on that basis denies them.

646. The allegations in Paragraph 646 are not directed against OptumRx. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 646 and on that basis denies them.

647. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 647 and on that basis denies them.

648. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 648 and on that basis denies them.

**D.    Why Defendants' Marketing Messages Are Misleading and Unfair**

649. The allegations in Paragraph 649 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 649 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

650. The allegations in Paragraph 650 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 650 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

651. The allegations in Paragraph 651 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 651 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

652. The allegations in Paragraph 652 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx lacks knowledge or information sufficient to form a belief about the truth of those allegations and on that basis denies them.

653. The allegations in Paragraph 653 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 653 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1. **Defendants and Their Third-Party Allies Misrepresented that Opioids Improve Function**

654. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 654 and on that basis denies them.

655. The allegations in Paragraph 655 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx lacks knowledge or information sufficient to form a belief about the truth of those allegations and on that basis denies them.

656. The allegations in Paragraph 656 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 656 are directed against OptumRx or could be construed as directed against OptumRx, denies them.

657. The allegations in Paragraph 657 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx lacks knowledge or information sufficient to form a belief about the truth of those allegations and on that basis denies them.

2. **Defendants and Their Third-Party Allies Concealed the Truth About the Risk of Addiction from Long-Term Opioid Use**

658. The allegations in Paragraph 658 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 658 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

659. The allegations in Paragraph 659 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 659 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

33

660.     The allegations in Paragraph 660 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 660 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

661.     Paragraph 661 purports to quote or summarize a publication, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 661 and on that basis denies them.

662.     The allegations in Paragraph 662 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 662 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

663.     Paragraph 663 purports to quote or summarize FDA publications, and those materials speak for themselves. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 663 and on that basis denies them.

664.     The allegations in Paragraph 664 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 664 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

665.     The allegations in Paragraph 665 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx lacks knowledge or information sufficient to form a belief about the truth of those allegations and on that basis denies them.

666.     The allegations in Paragraph 666 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 666 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

667.     The allegations in Paragraph 667 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 667 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

668.     The allegations in Paragraph 668 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx lacks knowledge or information sufficient to form a belief about the truth of those allegations and on that basis denies them.

669.    The allegations in Paragraph 669 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx lacks knowledge or information sufficient to form a belief about the truth of those allegations and on that basis denies them.

### 3.    Defendants and Their Third-Party Allies Misrepresented that Addiction Risk Can Be Avoided or Managed

670.    The allegations in Paragraph 670 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 670 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

671.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 671 and on that basis denies them.

672.    Paragraph 672 purports to quote or summarize a report, and those materials speak for themselves. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 672 and on that basis denies them.

673.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 673 and on that basis denies them.

674.    The allegations in Paragraph 674 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx lacks knowledge or information sufficient to form a belief about the truth of those allegations and on that basis denies them.

### 4.    Defendants and Their Third-Party Allies Created Confusion By Promoting the Misleading Term "Pseudoaddiction."

675.    The allegations in Paragraph 675 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 675 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

676.    The allegations in Paragraph 676 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx lacks knowledge or information sufficient to form a belief about the truth of those allegations and on that basis denies them.

### 5.    Defendants and Their Third-Party Allies Claimed Withdrawal is Simply Managed

677.    The allegations in Paragraph 677 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 677 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

678.    The allegations in Paragraph 678 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 678 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

679.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 679 and on that basis denies them.

680.    The allegations in Paragraph 680 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx lacks knowledge or information sufficient to form a belief about the truth of those allegations and on that basis denies them.

### 6.    Defendants and Their Third-Party Allies Misrepresented that Increased Doses Pose No Significant Additional Risks

681.    The allegations in Paragraph 681 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx lacks knowledge or information sufficient to form a belief about the truth of those allegations and on that basis denies them.

682.    The allegations in Paragraph 682 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 682 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

683.    The allegations in Paragraph 683 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx lacks knowledge or information sufficient to form a belief about the truth of those allegations and on that basis denies them.

684.    The allegations in Paragraph 684 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx lacks knowledge or information sufficient to form a belief about the truth of those allegations and on that basis denies them.

**7.  Defendants and Their Third-Party Allies Deceptively Omitted or Minimized Adverse Effects of Opioids and Overstated the Risks of Alternative Forms of Pain Treatment.**

685.    The allegations in Paragraph 685 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 685 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

686.    The allegations in Paragraph 686 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 686 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

687.    The allegations in Paragraph 687 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 687 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

688.    The allegations in Paragraph 688 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx lacks knowledge or information sufficient to form a belief about the truth of those allegations and on that basis denies them.

**8.  Purdue Misleadingly Promoted OxyContin as Providing 12 Hours of Relief**

689–695.  The allegations in Paragraphs 689–695 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx lacks knowledge or information sufficient to form a belief about the truth of those allegations and on that basis denies them.

**E.   Each Defendant Engaged in Deceptive Marketing, Both Branded and Unbranded, that Targeted and Reached City prescribers.**

696.    The allegations in Paragraph 696 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 696 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

697.    The allegations in Paragraph 697 are vaguely and improperly pleaded against "Defendants." Paragraph 697 also contains legal conclusions to which no response is required. Inasmuch as a response is required, OptumRx denies the allegations in Paragraph 697.

698.    The allegations in Paragraph 698 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 698 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

**1.   Actavis**

a.   Actavis' Deceptive Direct Marketing

699–704.   Paragraphs 699–704 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 699–704 and on that basis denies them.

i.    *Actavis' Deceptive Sales Training*

705–717. Paragraphs 705–717 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 705–717 and on that basis denies them.

ii.    *Actavis' Deceptive Speaking Training*

718–723.   Paragraphs 718–723 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 718–723 and on that basis denies them.

b.   Actavis's Deceptive Statements to Prescribers and Patients in the City of Rochester

724–726.   Paragraphs 724–726 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 724–726 and on that basis denies them.

### 2. Cephalon

727–729.    Paragraphs 727–729 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 727–729 and on that basis denies them.

### a.    Cephalon's Deceptive Direct Marketing

730.    Paragraph 730 is not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 730 and on that basis denies them.

#### i.    *Cephalon's Fraudulent Off-Label Marketing of Actiq and Fentora*

731.    Paragraph 731 is not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 731 and on that basis denies them.

##### a)    *Cephalon launched its fraudulent marketing scheme for Actiq*

732–737.    Paragraphs 732–737 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 732–737 and on that basis denies them.

##### b)    *October 1, 2006 – Cephalon fraudulently marked Actiq's successor drug, Fentora*

738–742.    Paragraphs 738–742 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 738–742 and on that basis denies them.

c)     *September 2007 – Reports of death and serious side effects led the FDA to issue a public health warning for Fentora*

743–745.   Paragraphs 743–745 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 743–745 and on that basis denies them.

d)     *May 6, 2008 – The FDA rejected Cephalon's request for expanded approval of Fentora*

746–747.   Paragraphs 746–747 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 746–747 and on that basis denies them.

e)     *March 26, 2009 – the FDA's Division of Drug Marketing, Advertising and Communications ("DDMAC") warned Cephalon about its misleading advertising of Fentora*

748–750.   Paragraphs 748–750 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 748–750 and on that basis denies them.

f)     *Cephalon continues to knowingly, deceptively, and illegally promote Fenotra for off-label uses*

751–754.   Paragraphs 751–754 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 751–754 and on that basis denies them.

ii.     *Cephalon's Misrepresentation of the Risks Associated with the Use of Opioids for the Long-Term Treatment of Chronic Pain*

755–762.   Paragraphs 755–762 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or

information sufficient to form a belief about the truth of the allegations in Paragraphs 755–762 and on that basis denies them.

        b.   <u>Cephalon's Deceptive Third-Party Statements</u>

763–764.   Paragraphs 763–764 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 763–764 and on that basis denies them.

i.    FSMB – <i>Responsible Opioid Prescribing</i>

765–768.   Paragraphs 765–768 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 765–768 and on that basis denies them.

ii.    <i>APF – Treatment Options: A Guide for People Living with Pain</i>

769–779.   Paragraphs 769–779 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 769–779 and on that basis denies them.

iii.    <i>Key Opinion Leaders and Misleading Science</i>

780–783.   Paragraphs 780–783 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 780–783 and on that basis denies them.

iv.    <i>Misleading Continuing Medical Education</i>

784–794.   Paragraphs 784–794 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 784–794 and on that basis denies them.

c.   Cephalon's Deceptive Third-Party Statements to City prescribers and Patients

795–799.   Paragraphs 795–799 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 795–799 and on that basis denies them.

**3.   Endo**

800–802.   Paragraphs 800–802 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 800–802 and on that basis denies them.

a.   Endo's Deceptive Direct Marketing

803.   Paragraph 803 is not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 803 and on that basis denies them.

i.   *Endo's Sales Force and Deceptive Sales Training*

804–813.   Paragraphs 804–813 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 780–783 and on that basis denies them.

a)   *Endo's Sales Force Deceptively Minimized the Risks of Addiction Associated with Chronic Opioid Therapy.*

814–821.   Paragraphs 814–821 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 814–821 and on that basis denies them.

b)   *Endo's Sales Force Deceptively Implied that Chronic Opioid Therapy Would Improve Patients' Ability to Function.*

822–827.  Paragraphs 822–827 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 822–827 and on that basis denies them.

        c)      *Endo's Sales Force Deceptively presented the Risks and Benefits of Opioids to Make Them Appear Safer Than Other Analgesics*

828–829.  Paragraphs 828–829 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 828–829 and on that basis denies them.

        ii.      *Endo's Speakers Bureau Programs Deceptively Minimized the Risks of Addiction Associated with Chronic Opioid Therapy*

830–836.  Paragraphs 830–836 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 830–836 and on that basis denies them.

        iii.      *Endo's Misleading Journal Supplement*

837.  Paragraph 837 is not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 837 and on that basis denies them.

        iv.      *Endo's Deceptive Unbranded Advertising*

838.  Paragraph 838 is not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 838 and on that basis denies them.

        b.      <u>Endo's Deceptive Third-Party Statements</u>

839–842.  Paragraphs 839–842 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or

information sufficient to form a belief about the truth of the allegations in Paragraphs 839–842 and on that basis denies them.

        i.      *APF*

843–852.   Paragraphs 843–852 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 843–852 and on that basis denies them.

        a)      *Misleading Medical Education*

853–855.   Paragraphs 853–855 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 853–855 and on that basis denies them.

        b)      *Painknowledge.com*

856–860.   Paragraphs 856–860 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 856–860 and on that basis denies them.

        c)      *Exit Wounds*

861–865.   Paragraphs 861–865 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 861–865 and on that basis denies them.

        ii.     *Other Front Groups: FSMB, AAPM, and AGS*

866–872.   Paragraphs 866–872 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 866–872 and on that basis denies them.

iii.     *Key Opinion Leaders and Misleading Science*

873–885.   Paragraphs 873–885 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 873–885 and on that basis denies them.

c.    Endo's Deceptive Statements to City prescribers and Patients

886–890.   Paragraphs 886–890 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 886–890 and on that basis denies them.

**4.  Janssen**

891–893.   Paragraphs 891–893 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 891–893 and on that basis denies them.

a.    Janssen's Deceptive Direct Marketing

894–895.   Paragraphs 894–895 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 894–895 and on that basis denies them.

i.     *Janssen's Deceptive Sales Training*

896–903.   Paragraphs 896–903 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 896–903 and on that basis denies them.

ii.      *Janssen's Deceptive Speakers Bureau Programs*

904–907.    Paragraphs 904–907 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 904–907 and on that basis denies them.

iii.     *Janssen's Deceptive Unbranded Advertising*

908–909.    Paragraphs 908–909 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 908–909 and on that basis denies them

b.    Janssen's Deceptive Third-Party Statements

910.  Paragraph 910 is not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 910 and on that basis denies them.

i.      *AAPM and AGS – Finding Relief: Pain Management for Older Adults*

911–919.    Paragraphs 911–919 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 911–919 and on that basis denies them.

ii.     *AGS – Misleading Medical Education*

920.  Paragraph 920 is not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 920 and on that basis denies them.

iii.    *APF*

921–922.    Paragraphs 921–922 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or

information sufficient to form a belief about the truth of the allegations in Paragraphs 921–922 and on that basis denies them.

a)  *Let's Talk Pain*

923–935.   Paragraphs 923–935 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 923–935 and on that basis denies them.

b)  *Exit Wounds*

936–937.   Paragraphs 936–937 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 936–937 and on that basis denies them.

c.   <u>Janssen's Deceptive Statements to Prescribers and Patients in the City of Rochester</u>

938.  Paragraph 938 is not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 938 and on that basis denies them.

i.   *Janssen's Deceptive Medical Education Programs in the City of Rochester*

939.  Paragraph 939 is not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 939 and on that basis denies them.

ii.   *Janssen's Deceptive Detailing Practices in the City of Rochester*

940.  Paragraph 940 is not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 940 and on that basis denies them.

47

5. **Purdue**

941–942.   Paragraphs 941–942 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 941–942 and on that basis denies them.

a.   Purdue's Deceptive Direct Marketing

943–962.   Paragraphs 943–962 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 943–962 and on that basis denies them.

b.   Purdue's Deceptive Third-Party Statements

963.  Paragraph 963 is not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 963 and on that basis denies them.

i.   *APF*

a)   *Purdue's Control of APF*

964–979.   Paragraphs 964–979 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 964–979 and on that basis denies them.

b)   *A Policymaker's Guide*

980–986.   Paragraphs 980–986 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 980–986 and on that basis denies them.

c)   *Treatment Options: A Guide for People Living with Pain*

48

987–992. Paragraphs 987–992 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 987–992 and on that basis denies them.

ii. *Purdue's Work with Other Third Party Front Groups and KOLs*

993. Paragraph 993 is not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 993 and on that basis denies them.

a) *FSMB – Responsible Opioid Prescribing*

994–995. Paragraphs 994–995 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 994–995 and on that basis denies them.

b) *AGS – Pharmacological Management of Persistent Pain in Older Persons*

996–998. Paragraphs 996–998 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 996–998 and on that basis denies them.

c) *Chronic Pain Management and Opioid Use: Easing Fears, Managing Risks, and Improving Outcomes*

999. Paragraph 999 is not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 999 and on that basis denies them.

d) *Managing Patient's Opioid Use: Balancing the Need and Risk*

1000. Paragraph 1000 is not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information

sufficient to form a belief about the truth of the allegations in Paragraph 1000 and on that basis denies them.

e)   *Path of the Patient, Managing Chronic Pain in Younger Adults at Risk for Abuse*

1001–1003.  Paragraphs 1001–1003 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 1001–1003 and on that basis denies them.

f)   *Overview of Management Options*

1004.  Paragraph 1004 is not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1004 and on that basis denies them.

iii.   *Purdue's Misleading Science*

1005.  Paragraph 1005 is not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1005 and on that basis denies them.

a)   *Purdue's Deceptive Statements to Prescribers and Patients in the City of Rochester*

1006–1012.  Paragraphs 1006–1012 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 1006–1012 and on that basis denies them.

**6.  Insys**

1013–1035.  Paragraphs 1013–1035 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or

50

information sufficient to form a belief about the truth of the allegations in Paragraphs 1013–1035 and on that basis denies them.

**F.      The Result of Defendants' Fraudulent Scheme**

1036–1037.      Paragraphs 1036–1037 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraphs 1036–1037 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

> **1.    Defendants' Fraudulent and Deceptive Marketing of Opioids Directly Caused Harm to the City of Rochester.**

1038.    OptumRx denies the allegations in Paragraph 1038.

1039.    The allegations in Paragraph 1039 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 1039 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1040.    The allegations in Paragraph 1040 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 1040 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

> a.    Increase in Opioid Prescribing Nationally

1041.    Paragraph 1041 purports to cite a 2011 drug abuse prevention plan, and that document speaks for itself. OptumRx otherwise denies the allegations in Paragraph 1041.

1042.    Paragraph 1042 purports to quote or summarize a medical publications, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

1043.    Paragraph 1043 purports to quote or summarize a medical publication, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

1044.    The allegations in Paragraph 1044 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 1044 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

51

1045.  The allegations in Paragraph 1045 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 1045 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1046.  The allegations in Paragraph 1046 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1046 and on that basis denies them.

b.  The City's Increased Spending on Opioids

1047.  The allegations in Paragraph 1047 are vaguely and improperly pleaded against "Defendants." Paragraph 1047 also contains legal conclusions to which no response is required. Inasmuch as the allegations in Paragraph 1047 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

i.  *Defendants' Misrepresentations Were Material*

1048.  The allegations in Paragraph 1048 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 1048 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1049.  The allegations in Paragraph 1049 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 1049 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1050.  The allegations in Paragraph 1050 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 1050 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

ii.  *The City's Increased Costs Correlate with Defendants' Promotion*

1051.  The allegations in Paragraph 1051 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 1051 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1052.   The allegations in Paragraph 1052 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 1052 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

## 2. Defendants' Fraudulent and Deceptive Marketing of Opioids Directly Caused Harm to Consumers in the City of Rochester.

### a. Increased Opioid Use Has Led to an Increase in Opioid Abuse, Addiction, and Death

1053.   OptumRx admits that opioids can be addictive for some individuals. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1053 and on that basis denies them.

1054.   The first sentence in Paragraph 1054 is vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in that sentence are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them. otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1054 and on that basis denies them.

1055.   OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1055 and on that basis denies them.

1056.   OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1056 and on that basis denies them.

1057.   OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1057 and on that basis denies them.

1058.   The allegations in Paragraph 1058 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 1058 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

### b. Increased Opioid Use Has Increased Costs Related to Addiction Treatment

1059.   OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1059 and on that basis denies them.

1060.   OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

      c.  <u>Increased Opioid Use Has Fueled An Illegal Secondary Market for Narcotics and the Criminals Who Support It</u>

1061.   The allegations in Paragraph 1061 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 1061 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1062.   OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1062 and on that basis denies them.

1063.   OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1063 and on that basis denies them.

1064.   OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1064 and on that basis denies them.

**3.   Defendants' Fraudulent Marketing Has Led to Record Profits**

1065.   The allegations in Paragraph 1065 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 1065 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1066.   The allegations in Paragraph 1066 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 1066 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

**4.   Defendants Fraudulently Concealed Their Misrepresentations**

1067.   The allegations in Paragraph 1067 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 1067 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1068.   The allegations in Paragraph 1068 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 1068 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1069.   The allegations in Paragraph 1069 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 1069 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1070.   The allegations in Paragraph 1070 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 1070 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1071.   The allegations in Paragraph 1071 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 1071 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1072.   The allegations in Paragraph 1072 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 1072 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

**G.      Defendants Entered into and Engaged in a Civil Conspiracy**

1073.   The allegations in Paragraph 1073 are vaguely and improperly pleaded against "Defendants." Paragraph 1073 also contains legal conclusions, to which no response is required. Inasmuch as the allegations in Paragraph 1073 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1074.   The allegations in Paragraph 1074 are vaguely and improperly pleaded against "the PBM Defendants." Paragraph 1074 also contains legal conclusions, to which no response is required. Inasmuch as the allegations in Paragraph 1074 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1075.   The allegations in Paragraph 1075 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 1075 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1076.   The allegations in Paragraph 1076 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 1076 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1077. The allegations in Paragraph 1077 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 1077 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1078. The allegations in Paragraph 1078 are vaguely and improperly pleaded against "Defendants." Paragraph 1078 also contains legal conclusions, to which no response is required. Inasmuch as the allegations in Paragraph 1078 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

**H.     PBMs Ensured that Opioids Were Regularly Prescribed and Flooded the Market**

1079. The allegations in Paragraph 1079 are vaguely and improperly pleaded against "PBMs." Inasmuch as the allegations in Paragraph 1079 are directed against OptumRx, OptumRx admits that it contracts with certain drug manufacturers, certain pharmacies, and certain third-party payors. OptumRx otherwise denies the allegations in Paragraph 1079.

1080. Paragraph 1080 purports to quote or summarize several articles, and those materials speak for themselves. The allegations in Paragraph 1080 are also vaguely and improperly pleaded against "PBMs." Inasmuch as the allegations in Paragraph 1080 are directed against OptumRx, OptumRx denies them.

1081. Paragraph 1081 purports to quote or summarize an article, and that material speaks for itself. The allegations in Paragraph 1081 are also vaguely and improperly pleaded against "PBMs." Inasmuch as the allegations in Paragraph 1081 are directed against OptumRx, OptumRx denies them.

1082. Paragraph 1082 purports to quote or summarize a "Health Policy Brief," and that document speaks for itself. The allegations in Paragraph 1081 are also vaguely and improperly pleaded against "PBMs." Inasmuch as the allegations in Paragraph 1081 are directed against OptumRx, OptumRx denies them.

1083. Paragraph 1083 purports to quote or summarize an article, and that material speaks for itself. The allegations in Paragraph 1083 are also vaguely and improperly pleaded against

"PBMs." Inasmuch as the allegations in Paragraph 1083 are directed against OptumRx, OptumRx denies them.

1084.   The allegations in Paragraph 1084 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 1084 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1085.   The allegations in Paragraph 1085 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 1085 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1086.   Paragraph 1086 purports to quote or summarize a "StatNews" article, and those materials speak for themselves The allegations in Paragraph 1086 are also vaguely and improperly pleaded against "PBMs." Inasmuch as the allegations in Paragraph 1086 are directed against OptumRx, OptumRx denies them.

1087.   The allegations in Paragraph 1087 are also vaguely and improperly pleaded against "PBMs." Inasmuch as the allegations in Paragraph 1087 are directed against OptumRx, OptumRx denies them.

1088.   The allegations in Paragraph 1088 are also vaguely and improperly pleaded against "PBMs." Inasmuch as the allegations in Paragraph 1088 are directed against OptumRx, OptumRx denies them.

1089.   The allegations in Paragraph 1089 are also vaguely and improperly pleaded against "PBMs." Inasmuch as the allegations in Paragraph 1089 are directed against OptumRx, OptumRx denies them.

1090.   The allegations in Paragraph 1090 are also vaguely and improperly pleaded against "PBMs." Inasmuch as the allegations in Paragraph 1090 are directed against OptumRx, OptumRx denies them.

1091.   Paragraph 1091 purports to quote or summarize a 2008 Mayo Clinic study, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information

sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

1092.    The allegations in Paragraph 1092 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 1092 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1093.    The allegations in Paragraph 1093 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 1093 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1094.    The allegations in Paragraph 1094 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 1094 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1095.    The allegations in Paragraph 1095 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 1095 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1096.    The allegations in Paragraph 1096 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 1096 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1097.    The allegations in Paragraph 1097 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 1097 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1098.    The allegations in Paragraph 1098 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 1098 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1099.    The allegations in Paragraph 1099 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 1099 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1100. The allegations in Paragraph 1100 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 1100 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1101. Paragraph 1101 purports to quote or summarize a 2016 CDC publication, and that document speaks for itself. The allegations in Paragraph 1101 are also vaguely and improperly pleaded against "PBMs." Inasmuch as the allegations in Paragraph 1101 are directed against OptumRx, OptumRx denies them.

1102. The allegations in Paragraph 1102 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 1102 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1103. The allegations in Paragraph 1103 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 1103 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1104. The allegations in Paragraph 1104 are vaguely and improperly pleaded against "the PBMs." Inasmuch as the allegations in Paragraph 1104 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

## I. Defendants Flooded Plaintiff the City of Rochester with Suspiciously Large Amounts of Opioids.

1105–1107. The allegations in Paragraphs 1105–1107 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 1105–1107 and on that basis denies them.

1108. The allegations in Paragraph 1108 are vaguely and improperly pleaded against "Defendants." Paragraph 1108 also contains legal conclusions to which no response is required. Inasmuch as the allegations in Paragraph 1108 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1109.   The allegations in Paragraph 1109 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 1109 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1110.   The allegations in Paragraph 1110 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 1110 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1111.   The allegations in Paragraph 1111 are vaguely and improperly pleaded against "Defendants." Paragraph 1111 also contains legal conclusions to which no response is required. Inasmuch as the allegations in Paragraph 1111 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1112.   The allegations in Paragraph 1112 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 1112 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1113.   The allegations in Paragraph 1113 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 1113 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1114.   The allegations in Paragraph 1114 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 1114 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1115.   The allegations in Paragraph 1115 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 1115 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1116.   The allegations in Paragraph 1116 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 1116 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1117.   The allegations in Paragraph 1117 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 1117 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1118.   Paragraph 1118 purports to quote or summarize an internet article, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

1119.   OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1119 and on that basis denies them.

1120.   Paragraph 1120 purports to quote or summarize a Justice Department press release, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

1121.   Paragraph 1121 purports to quote or summarize a Justice Department press release, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

1122.   Paragraph 1122 purports to quote or summarize a Justice Department press release, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

1123.   Paragraph 1123 purports to quote or summarize a Washington Post article, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

1124.   The allegations in Paragraph 1124 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx lacks knowledge or

information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

1125.  The allegations in Paragraph 1125 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

1126.  The allegations in Paragraph 1126 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

1127.  The allegations in Paragraph 1127 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

1128.  OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1128 and on that basis denies them.

1129.  The allegations in Paragraph 1129 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 1129 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1130.  The allegations in Paragraph 1130 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 1130 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1131.  The allegations in Paragraph 1131 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 1131 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1132.   The allegations in Paragraph 1132 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 1132 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1133.   The allegations in Paragraph 1133 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 1133 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1134.   The allegations in Paragraph 1134 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 1134 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1135.   The allegations in Paragraph 1135 are vaguely and improperly pleaded against "Defendants." Paragraph 1135 also contains legal conclusions to which no response is required. Inasmuch as the allegations in Paragraph 1135 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1136.   The allegations in Paragraph 1136 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 1136 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1137.   The allegations in Paragraph 1137 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 1137 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

1138.   Paragraph 1138 to quote or summarize a letter from the DEA, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

1139.   OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1139 and on that basis denies them.

1140.   Paragraph 1140 purports to quote or summarize a letter from the DEA, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

1141.   Paragraph 1141 purports to quote or summarize a letter from the DEA, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

1142.   The allegations in Paragraph 1142 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

1143.   The allegations in Paragraph 1143 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

## FIRST CAUSE OF ACTION
## DECEPTIVE ACTS AND PRACTICES
## NEW YORK GENERAL BUSINESS LAW §349
## (AGAINST ALL DEFENDANTS)

1144.   OptumRx incorporates by reference its responses to all prior paragraphs as if set forth fully herein. OptumRx denies the allegations in Paragraph 1144.

1145–1152.   Paragraphs 1145–1152 assert legal conclusions to which no response is required. Inasmuch as a response is required, OptumRx denies the allegations in Paragraphs 1145–1152.

## SECOND CAUSE OF ACTION
## FALSE ADVERTISING
## NEW YORK GENERAL BUSINESS LAW §350
## (AGAINST ALL DEFENDANTS)

1153.   OptumRx incorporates by reference its responses to all prior paragraphs as if set forth fully herein. OptumRx denies the allegations in Paragraph 1153.

1154–1160.   Paragraphs 1154–1160 assert legal conclusions to which no response is required. Inasmuch as a response is required, OptumRx denies the allegations in Paragraphs 1154–1160.

### THIRD CAUSE OF ACTION
### PUBLIC NUISANCE
### (AGAINST ALL DEFENDANTS)

1161.   OptumRx incorporates by reference its responses to all prior paragraphs as if set forth fully herein. OptumRx denies the allegations in Paragraph 1161.

1161–1169.   Paragraphs 1161–1169 assert legal conclusions to which no response is required. Inasmuch as a response is required, OptumRx denies the allegations in Paragraphs 1161–1169.

### FOURTH CAUSE OF ACTION
### VIOLATION OF NEW YORK SOCIAL SERVICES LAW § 145-B
### (AGAINST ALL DEFENDANTS)

1170.   OptumRx incorporates by reference its responses to all prior paragraphs as if set forth fully herein. OptumRx denies the allegations in Paragraph 1170.

1171–1175.   Paragraphs 1171–1175 assert legal conclusions to which no response is required. Inasmuch as a response is required, OptumRx denies the allegations in Paragraphs 1171–1175.

### FIFTH CAUSE OF ACTION
### FRAUD
### (AGAINST ALL DEFENDANTS)

1176.   OptumRx incorporates by reference its responses to all prior paragraphs as if set forth fully herein. OptumRx denies the allegations in Paragraph 1176.

1177–1184.  Plaintiff has withdrawn its Fraud claim against OptumRx, so no response is required. Paragraphs 1177–1184 also assert legal conclusions to which no response is required. Inasmuch as a response is required, OptumRx denies the allegations in Paragraphs 1177–1184.

### SIXTH CAUSE OF ACTION
### UNJUST ENRICHMENT
### (AGAINST ALL DEFENDANTS)

1185.   OptumRx incorporates by reference its responses to all prior paragraphs as if set forth fully herein. OptumRx denies the allegations in Paragraph 1185.

1186–1191.  Plaintiff has withdrawn its Unjust Enrichment claim against OptumRx, so no response is required. Paragraphs 1186–1191 also assert legal conclusions to which no response is

required. Inasmuch as a response is required, OptumRx denies the allegations in Paragraphs 1186–1191.

### SEVENTH CAUSE OF ACTION
### NEGLIGENCE
### (AGAINST ALL DEFENDANTS)

1192.   OptumRx incorporates by reference its responses to all prior paragraphs as if set forth fully herein. OptumRx denies the allegations in Paragraph 1192.

1193–1207.   Paragraphs 1193–1207 assert legal conclusions to which no response is required. Inasmuch as a response is required, OptumRx denies the allegations in Paragraphs 1193–1207.

**OPTUMRX, INC.'S ANSWER TO**
**THE CITY OF ROCHESTER, NEW YORK'S SUPPLEMENTAL AND AMENDED**
**ALLEGATIONS TO BE ADDED TO THE VERIFIED COMPLAINT**

The unnumbered paragraphs before the introduction (including footnote 1) do not set forth factual allegations to which a response is required. Inasmuch as a response is required, OptumRx denies the allegations in those unnumbered paragraphs and in footnote 1.

## I.     Introduction

1.     Paragraph 1 contains assertions about the Amended Complaint itself to which no response is required. Inasmuch as a response is required, OptumRx denies the allegations in Paragraph 1 and footnote 2.

2.     The allegations in Paragraph 2 are vaguely and improperly pleaded against "opioid manufacturers, distributors, and pharmacies" and "the PBM Defendants." Inasmuch as the allegations in Paragraph 2 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

3.     The allegations in Paragraph 3 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 3 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies the allegations in Paragraph 3.

4.     The allegations in Paragraph 4 are vaguely and improperly pleaded against "the PBM Defendants." Paragraph 4 also contains legal conclusions to which no response is required. Inasmuch as the allegations in Paragraph 4 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

5.     The allegations in Paragraph 5 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 5 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

6.     Paragraph 6 purports to summarize or quote a document OptumRx has produced in this litigation, which speaks for itself, and OptumRx denies the allegations in Paragraph 6

inasmuch as Plaintiff mischaracterizes that document. OptumRx otherwise denies the allegations in Paragraph 6.

7.      Paragraph 7 purports to summarize or quote a document OptumRx has produced in this litigation, which speaks for itself, and OptumRx denies the allegations in Paragraph 7 inasmuch as Plaintiff mischaracterizes that document. OptumRx otherwise denies the allegations in Paragraph 7.

8.      The allegations in Paragraph 8 are vaguely and improperly pleaded against "PBMs" or "the PBM Defendants." Inasmuch as the allegations in Paragraph 8 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies the allegations in Paragraph 8.

9.      The allegations in Paragraph 9 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 9 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

10.     The allegations in Paragraph 10 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 10 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

11.     The allegations in Paragraph 11 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 11 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

12.     OptumRx denies the allegations in Paragraph 12.

13.     OptumRx admits that its ultimate corporate parent is UnitedHealth Group Incorporated. OptumRx otherwise denies the allegations in Paragraph 13.

14.     The allegations in Paragraph 14 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 14 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

15.     The allegations in Paragraph 15 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 15 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

16.     The allegations in Paragraph 16 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 16 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

17.     The allegations in Paragraph 17 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx admits that Purdue Pharma introduced OxyContin in 1996. OptumRx also admits that Purdue Pharma pleaded guilty to misbranding of OxyContin in 2007. OptumRx otherwise denies the allegations in Paragraph 17.

18.     OptumRx denies the allegations in Paragraph 18.

19.     OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 and on that basis denies them.

20.     OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 and on that basis denies them.

21.     The allegations in Paragraph 21 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 21 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

22.     Paragraph 22 purports to quote or summarize a Purdue email, which speaks for itself, and OptumRx denies the allegations in Paragraph 22 inasmuch as Plaintiff mischaracterizes that document. OptumRx otherwise denies the allegations in Paragraph 22.

23.     OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 and on that basis denies them.

24.     The allegations in Paragraph 24 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 24 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

25.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 and on that basis denies them.

26.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 and on that basis denies them.

27.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 and on that basis denies them.

28.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 and on that basis denies them.

29.    OptumRx denies the allegations in Paragraph 29.

30.    Plaintiff dismissed its claims against OptumHealth Care Solutions, LLC, Optum Health Holdings, LLC, and OptumHealth Networks, Inc. on July 19, 2024. OptumRx will not respond to the allegations about OptumHealth Care Solutions, LLC, Optum Health Holdings, LLC, and OptumHealth Networks, Inc. in Paragraph 30. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. have moved to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. That motion is pending. OptumRx will not respond to the allegations in Paragraph 30 about OptumInsight, Inc. and OptumInsight Life Sciences, Inc. OptumRx otherwise denies the allegations in Paragraph 30.

31.    The allegations in Paragraph 31 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 31 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx admits that opioids can be addictive for some individuals. OptumRx otherwise denies the allegations in Paragraph 31.

32.    The allegations in Paragraph 32 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 32 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations about Purdue's sales numbers in Paragraph 32 and on that basis denies them. OptumRx otherwise denies the allegations in Paragraph 32.

33.     The allegations in Paragraph 33 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 33 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

34.     The allegations in Paragraph 34 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 34 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

35.     The allegations in Paragraph 35 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 35 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

36.     The allegations in Paragraph 36 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 36 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

37.     The allegations in Paragraph 37 are vaguely and improperly pleaded against "the PBM Defendants." The allegations in Paragraph 37 also purport to quote or summarize uncited documents. Inasmuch as the allegations in Paragraph 37 purport to quote or summarize statements from OptumRx employees or representatives, those materials speak for themselves, and OptumRx denies the allegations in Paragraph 37 inasmuch as Plaintiff mischaracterizes those statements. OptumRx otherwise denies the allegations in Paragraph 37

38.     The allegations in Paragraph 38 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 38 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

39.     The allegations in Paragraph 39 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 39 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

40.     OptumRx admits that Purdue pleaded guilty to misbranding OxyContin in 2007, agreed to pay a $635 million fine, and entered into a Corporate Integrity Agreement. Inasmuch as the allegations in Paragraph 40 purport to quote or summarize portions of Purdue's plea agreement,

those materials speak for themselves. Inasmuch as any allegations in Paragraph 40 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

41.     The allegations in Paragraph 41 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 41 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

42.     The allegations in Paragraph 42 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 42 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

43.     The allegations in Paragraph 43 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 43 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

44.     The allegations in Paragraph 44 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 44 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

45.     OptumRx, in its capacity as a Home Delivery Pharmacy, admits that it has operated home-delivery pharmacies that are registered with the DEA. OptumRx otherwise denies the allegations in Paragraph 45.

46.     The allegations in Paragraph 46 are not directed against OptumRx, so no response is required. Inasmuch as any allegations in Paragraph 46 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

47.     The allegations in Paragraph 47 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 47 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

48.     OptumRx denies the allegations in Paragraph 48.

49.     The allegations in Paragraph 49 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 49 about Optum, Inc. Inasmuch as the allegations in

Paragraph 49 are directed against OptumRx, OptumRx denies them. OptumRx has been offering opioid risk management solutions to its clients for years.

50.     The allegations in Paragraph 50 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 50 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

51.     Paragraph 51 purports to quote or summarize an Express Scripts PowerPoint, and that document speaks for itself. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 and on that basis denies them.

52.     OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 and on that basis denies them.

53.     The allegations in Paragraph 53 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 53 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

54.     OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54 and on that basis denies them.

55.     OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55 and on that basis denies them.

56.     OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56 and on that basis denies them.

57.     The allegations in Paragraph 57 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx denies them.

58.     OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58 and on that basis denies them.

59.     OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59 and on that basis denies them.

60.     Paragraph 60 purports to quote or summarize statements made by public officials, and those materials speak for themselves. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60 and on that basis denies them.

61.     Paragraph 61 purports to quote or summarize census materials, and those materials speak for themselves. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 and on that basis denies them.

62.     Paragraph 62 purports to quote or summarize national health statistics, and those materials speak for themselves. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62 and on that basis denies them.

63.     Paragraph 63 purports to quote or summarize national health statistics, and those materials speak for themselves. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63 and on that basis denies them.

64.     Paragraph 64 purports to quote or summarize national health statistics, and those materials speak for themselves. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64 and on that basis denies them.

65.     Paragraph 65 purports to quote or summarize national health statistics, and those materials speak for themselves. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65 and on that basis denies them.

66.     Paragraph 66 purports to quote or summarize national health statistics, and those materials speak for themselves. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66 and on that basis denies them.

67.     Paragraph 67 purports to quote or summarize national health statistics, and those materials speak for themselves. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67 and on that basis denies them.

68.     Paragraph 68 purports to quote or summarize national health statistics, and those materials speak for themselves. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68 and on that basis denies them.

69.     Paragraph 69 purports to quote or summarize national health statistics, and those materials speak for themselves. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69 and on that basis denies them.

70.     Paragraph 70 purports to quote or summarize national health statistics, and those materials speak for themselves. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70 and on that basis denies them.

71.     Paragraph 71 purports to quote or summarize national health statistics, and those materials speak for themselves. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71 and on that basis denies them.

72.     Inasmuch as Paragraph 72 purports to quote or summarize a news article, that material speaks for itself. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72 and on that basis denies them.

73.     OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73 and on that basis denies them.

74.     Paragraph 74 purports to quote or summarize public health data and reports, and those materials speak for themselves. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74 and on that basis denies them.

75.     Paragraph 75 purports to quote or summarize public health data and reports, and those materials speak for themselves. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75 and on that basis denies them.

76.     Paragraph 76 purports to quote or summarize public health data and reports, and those materials speak for themselves. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76 and on that basis denies them.

77.     Paragraph 77 purports to quote or summarize public health data and reports, and those materials speak for themselves. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77 and on that basis denies them.

78.     Paragraph 78 purports to quote or summarize public health data and reports, and those materials speak for themselves. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78 and on that basis denies them.

79.     Paragraph 79 purports to quote or summarize public health data and reports, and those materials speak for themselves. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79 and on that basis denies them.

80.     Paragraph 80 purports to quote or summarize public health data and reports, and those materials speak for themselves. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 80 and on that basis denies them.

81.     Paragraph 81 purports to quote or summarize public health data and reports, and those materials speak for themselves. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 81 and on that basis denies them.

82.     OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82 and on that basis denies them.

83.     The allegations in Paragraph 83 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 83 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

84.     The allegations in Paragraph 84 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 44 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

85.     OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85 and on that basis denies them.

86.     Paragraph 86 purports to quote or summarize public health data and reports, and those materials speak for themselves. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 86 and on that basis denies them.

87.     The allegations in Paragraph 87 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not

respond to the allegations in Paragraph 87 about Optum, Inc. Inasmuch as the allegations in Paragraph 87 are directed against OptumRx, OptumRx denies them.

88.     The allegations in Paragraph 88 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 88 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

89.     The allegations in Paragraph 89 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 89 about Optum, Inc. Paragraph 89 also contains legal conclusions to which no response is required. Inasmuch as the allegations in Paragraph 89 are directed against OptumRx, OptumRx denies them.

90.     The allegations in Paragraph 90 are vaguely and improperly pleaded against "the PBM Defendants" and "Optum." Inasmuch as the allegations in Paragraph 90 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

91.     The allegations in Paragraph 91 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 91 about Optum, Inc. Inasmuch as the allegations in Paragraph 91 are directed against OptumRx, OptumRx denies them.

92.     The allegations in Paragraph 92 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 92 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

93.     The allegations in Paragraph 93 are vaguely and improperly pleaded against "the PBM Defendants." Paragraph 93 also contains legal conclusions to which no response is required. Inasmuch as the allegations in Paragraph 93 require a response and are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

94.     The allegations in Paragraph 94 are vaguely and improperly pleaded against "Defendants." Paragraph 94 also contains legal conclusions to which no response is required. Inasmuch as the allegations in Paragraph 94 require a response and are directed against OptumRx

or could be construed as directed against OptumRx, OptumRx denies them. OptumRx denies any wrongdoing and denies that Plaintiff is entitled to any relief from OptumRx.

## II.    Jurisdiction and Venue

95.    Paragraph 95 contains legal conclusions to which no response is required. Inasmuch as a response is requited, OptumRx denies the allegations in Paragraph 95 and denies any liability.

96.    Paragraph 96 contains legal conclusions to which no response is required. Inasmuch as a response is requited, OptumRx denies the allegations in Paragraph 96 and denies any liability.

97.    Paragraph 97 contains legal conclusions to which no response is required. Inasmuch as a response is requited, OptumRx denies the allegations in Paragraph 97 and denies any liability.

98.    Paragraph 98 contains legal conclusions to which no response is required. Inasmuch as a response is requited, OptumRx denies the allegations in Paragraph 98 and denies any liability.

## III.    Parties

## A.    Plaintiff

99.    OptumRx denies the allegations in Paragraph 99.

100.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 100 and on that basis denies them.

101.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 101 and on that basis denies them.

102.    Paragraph 102 contains legal conclusions to which no response is required. Inasmuch as a response is required, OptumRx denies the allegations in Paragraph 102.

103.    The allegations in Paragraph 103 are vaguely and improperly pleaded against "Defendants." Paragraph 103 also contains legal conclusions to which no response is required. Inasmuch as the allegations in Paragraph 103 require a response and are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

104.    The allegations in Paragraph 104 are vaguely and improperly pleaded against "Defendants." Paragraph 104 also contains legal conclusions to which no response is required.

78

Inasmuch as the allegations in Paragraph 104 require a response and are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

105.    The allegations in Paragraph 105 are vaguely and improperly pleaded against "Defendants." Paragraph 105 also contains legal conclusions to which no response is required. Inasmuch as the allegations in Paragraph 105 require a response and are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them. OptumRx denies any wrongdoing and denies that Plaintiff is entitled to any relief from OptumRx.

**B.    Defendants**

**1.    The Express Scripts Defendants**

106.    Paragraphs 106–142 are not directed against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 106–142 and on that basis denies them.

**2.    The Optum Defendants**

143.    Plaintiff dismissed its claims against UnitedHealth Group Incorporated on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 143 about UnitedHealth Group Incorporated. OptumRx otherwise denies the allegations in Paragraph 143.

144.    Plaintiff dismissed its claims against UnitedHealth Group Incorporated on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 144 about UnitedHealth Group Incorporated. OptumRx otherwise denies the allegations in Paragraph 144.

145.    Plaintiff dismissed its claims against UnitedHealth Group Incorporated on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 145 about UnitedHealth Group Incorporated. OptumRx otherwise denies the allegations in Paragraph 145.

146.    Plaintiff dismissed its claims against UnitedHealth Group Incorporated on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 146 about UnitedHealth Group Incorporated. OptumRx otherwise denies the allegations in Paragraph 146.

147.     Plaintiff dismissed its claims against UnitedHealth Group Incorporated on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 147 about UnitedHealth Group Incorporated. OptumRx otherwise denies the allegations in Paragraph 147.

148.     Plaintiff dismissed its claims against UnitedHealth Group Incorporated on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 148 about UnitedHealth Group Incorporated. OptumRx otherwise denies the allegations in Paragraph 148.

149.     Plaintiff dismissed its claims against UnitedHealth Group Incorporated on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 149 about UnitedHealth Group Incorporated. OptumRx otherwise denies the allegations in Paragraph 149.

150.     Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 150 about Optum, Inc. OptumRx otherwise denies the allegations in Paragraph 150.

151.     Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 151 about Optum, Inc. OptumRx otherwise denies the allegations in Paragraph 151.

152.     Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 151 about Optum, Inc. OptumRx admits that it is a subsidiary of Optum, Inc. OptumRx otherwise denies the allegations in Paragraph 152.

153.     Plaintiff dismissed its claims against UnitedHealth Group Incorporated and Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 153 about UnitedHealth Group Incorporated and Optum, Inc. OptumRx otherwise denies the allegations in Paragraph 153.

154.     Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 154 about Optum, Inc. OptumRx otherwise denies the allegations in Paragraph 154.

155.     OptumInsight, Inc. has moved to dismiss the claims against it under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. That motion is pending. OptumRx

will not respond to the allegations in Paragraph 155 about OptumInsight, Inc. OptumRx otherwise denies the allegations in Paragraph 155.

156.     OptumInsight, Inc. has moved to dismiss the claims against it under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. That motion is pending. OptumRx will not respond to the allegations in Paragraph 156 about OptumInsight, Inc. OptumRx otherwise denies the allegations in Paragraph 156.

157.     OptumInsight, Inc. has moved to dismiss the claims against it under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. That motion is pending. OptumRx will not respond to the allegations in Paragraph 157 about OptumInsight, Inc. OptumRx otherwise denies the allegations in Paragraph 157.

158.     OptumInsight Life Sciences, Inc. has moved to dismiss the claims against it under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. That motion is pending. OptumRx will not respond to the allegations in Paragraph 158 about OptumInsight Life Sciences, Inc. OptumRx otherwise denies the allegations in Paragraph 158.

159.     Paragraph 159 does not contain any allegations that require a response. Inasmuch as a response in required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. have moved to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. That motion is pending. OptumRx will not respond to the allegations in Paragraph 159 about OptumInsight, Inc. and OptumInsight Life Sciences, Inc. OptumRx otherwise denies the allegations in Paragraph 159.

160.     OptumInsight, Inc. and OptumInsight Life Sciences, Inc. have moved to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. That motion is pending. OptumRx will not respond to the allegations in Paragraph 160 about OptumInsight, Inc. and OptumInsight Life Sciences, Inc. OptumRx otherwise denies the allegations in Paragraph 160.

161.     OptumInsight, Inc. and OptumInsight Life Sciences, Inc. have moved to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(2) for lack of personal

jurisdiction. That motion is pending. OptumRx will not respond to the allegations in Paragraph 161 about OptumInsight, Inc. and OptumInsight Life Sciences, Inc. OptumRx otherwise denies the allegations in Paragraph 161.

162.    OptumRx admits that it is a California company. OptumRx admits that it provides pharmacy care services in its capacity as a PBM and that it operates home-delivery pharmacies in its capacity as a Home Delivery Pharmacy. OptumRx otherwise denies the allegations in Paragraph 162.

163.    OptumRx admits that it is registered to do business in the State of New York and that it can be served through its registered agent, CT Corporation System, 28 Liberty St., New York, NY 10005.

164.    Plaintiff dismissed its claims against OptumHealth Care Solutions, LLC on July 19, 2024. OptumInsight, Inc. has moved to dismiss the claims against it under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. That motion is pending. OptumRx will not respond to the allegations in Paragraph 164 about OptumHealth Care Solutions, LLC and OptumInsight, Inc. OptumRx otherwise denies the allegations in Paragraph 164.

165.    OptumRx admits that it was previously known as Prescription Solutions, Inc. OptumRx admits that SXC Health Solutions Corporation was renamed Catamaran Corporation. OptumRx admits that UnitedHealth Group purchased Catamaran Corporation in 2015. OptumRx otherwise denies the allegations in Paragraph 165.

166.    OptumRx denies the allegations in Paragraph 166.

167.    OptumRx admits that it provides pharmacy care services in its capacity as a PBM and that it operates home-delivery pharmacies in its capacity as a Home Delivery Pharmacy. OptumRx otherwise denies the allegations in Paragraph 167.

168.    OptumRx denies the allegations in Paragraph 168.

169.    Paragraph 169 does not contain any allegations that require a response. Inasmuch as a response in required, OptumRx denies the allegations in Paragraph 169. In this Answer, "OptumRx" will refer only to OptumRx, Inc.

170.    OptumRx denies that the PBM Consolidation Chart in Paragraph 170 is accurate.

171.    Plaintiff dismissed its claims against Optum Discount Card Services, LLC on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 171 about Optum Discount Card Services, LLC. OptumRx otherwise denies the allegations in Paragraph 171.

172.    Plaintiff dismissed its claims against Optum Discount Card Services, LLC on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 172 about Optum Discount Card Services, LLC. OptumRx otherwise denies the allegations in Paragraph 172.

173.    Plaintiff dismissed its claims against Optum Discount Card Services, LLC on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 173 about Optum Discount Card Services, LLC. OptumRx otherwise denies the allegations in Paragraph 173.

174.    Plaintiff dismissed its claims against Optum Perks, LLC on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 174 about Optum Perks, LLC. OptumRx otherwise denies the allegations in Paragraph 174.

175.    Plaintiff dismissed its claims against Optum Perks, LLC on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 175 about Optum Perks, LLC. OptumRx otherwise denies the allegations in Paragraph 175.

176.    Plaintiff dismissed its claims against Optum Perks, LLC on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 176 about Optum Perks, LLC. OptumRx otherwise denies the allegations in Paragraph 176.

177.    Plaintiff dismissed its claims against Optum Perks, LLC on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 177 about Optum Perks, LLC. OptumRx otherwise denies the allegations in Paragraph 177.

178.    Plaintiff dismissed its claims against OptumHealth Care Solutions, LLC on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 178 about OptumHealth Care Solutions, LLC. OptumRx otherwise denies the allegations in Paragraph 178.

179.     Plaintiff dismissed its claims against OptumHealth Care Solutions, LLC on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 179 about OptumHealth Care Solutions, LLC. OptumRx otherwise denies the allegations in Paragraph 179.

180.     Plaintiff dismissed its claims against OptumHealth Care Solutions, LLC on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 180 about OptumHealth Care Solutions, LLC. OptumRx otherwise denies the allegations in Paragraph 180.

181.     Plaintiff dismissed its claims against OptumHealth Care Solutions, LLC on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 181 about OptumHealth Care Solutions, LLC. OptumRx otherwise denies the allegations in Paragraph 181.

182.     Plaintiff dismissed its claims against OptumHealth Holdings, LLC on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 182 about OptumHealth Holdings, LLC. OptumRx otherwise denies the allegations in Paragraph 182.

183.     Plaintiff dismissed its claims against Optum Health Networks, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 183 about Optum Health Networks, Inc. OptumRx otherwise denies the allegations in Paragraph 183.

184.     Plaintiff dismissed its claims against Optum Health Networks, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 184 about Optum Health Networks, Inc. OptumRx otherwise denies the allegations in Paragraph 184.

185.     Plaintiff dismissed its claims against Optum Health Networks, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 185 about Optum Health Networks, Inc. OptumRx otherwise denies the allegations in Paragraph 185.

186.     Paragraph 186 does not contain any allegations that require a response. Inasmuch as a response in required, Plaintiff dismissed its claims against OptumHealth Care Solutions, LLC, Optum Health Holdings, LLC, and OptumHealth Networks, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 186 about OptumHealth Care Solutions, LLC, Optum Health Holdings, LLC, and OptumHealth Networks, Inc. OptumRx otherwise denies the allegations in Paragraph 186.

187.    Plaintiff dismissed its claims against OptumHealth Care Solutions, LLC, Optum Health Holdings, LLC, and OptumHealth Networks, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 187 about OptumHealth Care Solutions, LLC, Optum Health Holdings, LLC, and OptumHealth Networks, Inc. OptumRx otherwise denies the allegations in Paragraph 187.

188.    Plaintiff dismissed its claims against OptumHealth Care Solutions, LLC, Optum Health Holdings, LLC, and OptumHealth Networks, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 188 about OptumHealth Care Solutions, LLC, Optum Health Holdings, LLC, and OptumHealth Networks, Inc. OptumRx otherwise denies the allegations in Paragraph 188.

189.    Paragraph 189 does not contain any allegations that require a response. Inasmuch as a response in required, OptumRx denies the allegations in Paragraph 189. In this Answer, "OptumRx" will refer only to OptumRx, Inc. and not to any predecessors, subsidiaries, or affiliates. OptumRx answers only for itself, and not for any other party.

190.    The allegations in Paragraph 190 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 190 about Optum, Inc. Inasmuch as the allegations in Paragraph 190 are directed against OptumRx, OptumRx denies them.

191.    The allegations in Paragraph 191 are directed against Optum, Inc. Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. Inasmuch as the allegations in Paragraph 191 are directed against OptumRx, OptumRx denies them.

192.    OptumRx denies the allegations in Paragraph 192.

193.    OptumRx admits that it offers its clients formulary and utilization management products that its clients can accept, reject, or customize. OptumRx otherwise denies the allegations in Paragraph 193.

194.    The allegations in Paragraph 194 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not

respond to the allegations in Paragraph 194 about Optum, Inc. Inasmuch as the allegations in Paragraph 194 are directed against OptumRx, OptumRx denies them.

195.    The allegations in Paragraph 195 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 195 about Optum, Inc. Inasmuch as the allegations in Paragraph 195 are directed against OptumRx, OptumRx denies them.

196.    The allegations in Paragraph 196 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 195 about Optum, Inc. Inasmuch as the allegations in Paragraph 195 are directed against OptumRx, OptumRx denies them.

197.    The allegations in Paragraph 197 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 197 about Optum, Inc. Inasmuch as the allegations in Paragraph 197 are directed against OptumRx, OptumRx denies them.

198.    The allegations in Paragraph 198 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 198 about Optum, Inc. Inasmuch as the allegations in Paragraph 198 are directed against OptumRx, OptumRx denies them.

199.    OptumInsight, Inc. and OptumInsight Life Sciences, Inc. have moved to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. That motion is pending. OptumRx will not respond to the allegations in Paragraph 199 about OptumInsight, Inc. and OptumInsight Life Sciences, Inc. OptumRx otherwise denies the allegations in Paragraph 199.

200.    OptumInsight, Inc. and OptumInsight Life Sciences, Inc. have moved to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. That motion is pending. OptumRx will not respond to the allegations in Paragraph

200 about OptumInsight, Inc. and OptumInsight Life Sciences, Inc. OptumRx otherwise denies the allegations in Paragraph 200.

201.    OptumInsight, Inc. and OptumInsight Life Sciences, Inc. have moved to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. That motion is pending. OptumRx will not respond to the allegations in Paragraph 201 about OptumInsight, Inc. and OptumInsight Life Sciences, Inc. OptumRx otherwise denies the allegations in Paragraph 201.

202.    OptumInsight, Inc. and OptumInsight Life Sciences, Inc. have moved to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. That motion is pending. OptumRx will not respond to the allegations in Paragraph 202 about OptumInsight, Inc. and OptumInsight Life Sciences, Inc. OptumRx otherwise denies the allegations in Paragraph 202.

## IV.    The Role of PBMs in Prescription Drug Transactions

## A.    PBMs Operate on All Sides of Prescription Drug Transactions

203.    The allegations in Paragraph 203 are vaguely and improperly pleaded against "PBMs." Inasmuch as the allegations in Paragraph 203 are directed against OptumRx, OptumRx admits that it provides pharmacy care services to its clients, which include various entities from different business sectors and the government. OptumRx admits that it offers its clients formulary and utilization management products (including retrospective drug utilization review products) that its clients can accept, reject, or customize. OptumRx admits that it receives limited data from pharmacies as part of adjudicating prescription claims according to its clients' benefit designs. OptumRx otherwise denies the allegations in Paragraph 203.

204.    The allegations in Paragraph 204 are vaguely and improperly pleaded against "PBMs." Inasmuch as the allegations in Paragraph 204 are directed against OptumRx, OptumRx admits that it contracts with certain drug manufacturers, certain pharmacies, and certain third-party payors. OptumRx otherwise denies the allegations in Paragraph 204.

205.    The allegations in Paragraph 205 are vaguely and improperly pleaded against "PBMs" or "the PBM Defendants." Inasmuch as the allegations in Paragraph 205 are directed against OptumRx, OptumRx denies them.

206.    Paragraph 206 purports to quote or summarize an article from The Commonwealth Fund, and those materials speak for themselves. OptumRx otherwise denies the allegations in Paragraph 206.

207.    The allegations in Paragraph 207 are vaguely and improperly pleaded against "PBMs." Inasmuch as the allegations in Paragraph 207 are directed against OptumRx, OptumRx denies them.

208.    The allegations in Paragraph 208 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 208 are directed against OptumRx, OptumRx denies them.

**B.    PBMs Use Their Formularies as Leverage to Negotiate with Drug Manufacturers**

209.    The allegations in Paragraph 209 are vaguely and improperly pleaded against "PBMs." Inasmuch as the allegations in Paragraph 209 are directed against OptumRx, OptumRx admits that it offers its clients formulary and utilization management products that its clients can accept, reject, or customize. OptumRx otherwise denies the allegations in Paragraph 209.

210.    The allegations in Paragraph 210 are vaguely and improperly pleaded against "PBMs" or "the PBM Defendants." Paragraph 210 also purports to quote or summarize any statements from the PCMA, and those materials speak for themselves. OptumRx otherwise denies the allegations in Paragraph 210.

211.    The allegations in Paragraph 211 are vaguely and improperly pleaded against "PBMs" or "the PBM Defendants." Inasmuch as the allegations in Paragraph 211 are directed against OptumRx, OptumRx denies them.

212.    The allegations in Paragraph 212 are vaguely and improperly pleaded against "PBMs." Inasmuch as the allegations in Paragraph 212 are directed against OptumRx, OptumRx's contracts with manufacturers speak for themselves; inasmuch as the allegations in Paragraph 212

are inconsistent with those contracts, they are denied. OptumRx otherwise denies the allegations in Paragraph 212.

213.    The allegations in Paragraph 213 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 213 are directed against OptumRx, OptumRx denies them.

214.    The allegations in Paragraph 214 are vaguely and improperly pleaded against "PBMs" or "the PBM Defendants." Inasmuch as the allegations in Paragraph 214 are directed against OptumRx, OptumRx denies them.

215.    The allegations in Paragraph 215 are vaguely and improperly pleaded against a "PBM." Inasmuch as the allegations in Paragraph 215 are directed against OptumRx, OptumRx denies them.

216.    The allegations in Paragraph 216 are vaguely and improperly pleaded against "PBMs." Inasmuch as the allegations in Paragraph 216 are directed against OptumRx, OptumRx denies them.

217.    The allegations in Paragraph 217 are vaguely and improperly pleaded against "PBMs." Inasmuch as the allegations in Paragraph 217 are directed against OptumRx, OptumRx denies them.

218.    The allegations in Paragraph 218 are vaguely and improperly pleaded against "PBMs" or "Defendants." Inasmuch as the allegations in Paragraph 218 are directed against OptumRx, OptumRx denies them.

219.    The allegations in Paragraph 219 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 219 are directed against OptumRx, OptumRx denies them.

220.    The allegations in Paragraph 220 are vaguely and improperly pleaded against "PBMs." Inasmuch as the allegations in Paragraph 220 are directed against OptumRx, OptumRx denies them.

221.    The allegations in Paragraph 221 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 221 are directed against OptumRx, denies them.

222.    The allegations in Paragraph 222 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 222 are directed against OptumRx, OptumRx denies them.

223.    The allegations in Paragraph 223 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 223 are directed against OptumRx, OptumRx denies them.

224.    The allegations in Paragraph 224 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 224 are directed against OptumRx, OptumRx admits that it enters into rebate agreements with certain manufacturers. Those agreements speak for themselves, and inasmuch as the allegations in Paragraph 224 are inconsistent with those agreements, OptumRx denies them. OptumRx otherwise denies the allegations in Paragraph 224.

225.    The allegations in Paragraph 225 purport to summarize and quote an Express Scripts document. That document speaks for itself, and inasmuch as the allegations in Paragraph 225 are inconsistent with that document, they are denied. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 225 and on that basis denies them.

226.    The allegations in Paragraph 226 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 226 are directed against OptumRx, OptumRx denies them.

227.    Paragraph 227 purports to quote or summarize statements made by Linda Cahn, and those statements speak for themselves. OptumRx otherwise denies the allegations in Paragraph 227.

228.    Paragraph 228 purports to quote or summarize statements by David Dross, and those statements speak for themselves. OptumRx otherwise denies the allegations in Paragraph 228.

### 1.    Express Scripts' Formularies

229.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 229 and on that basis denies them.

230.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 230 and on that basis denies them.

231.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 231 and on that basis denies them.

232.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 232 and on that basis denies them.

### 2.    Optum's Formularies

233.    OptumRx admits that its Drug Intelligence team, Clinical Programs Subcommittee, National Pharmacy and Therapeutics Committee, and Business Implementation Committee have been involved in the formulary development process at certain points in time. OptumRx otherwise denies the allegations in Paragraph 233.

234.    OptumRx admits that its Clinical Programs Subcommittee was a subcommittee of the independent P&T Committee. OptumRx otherwise denies the allegations in Paragraph 234.

235.    OptumRx admits that its independent Pharmacy and Therapeutics Committee is comprised of physicians and pharmacists who are not employed by OptumRx and who provide clinical drug evaluations and recommendations regarding the inclusion of certain drugs on OptumRx's formulary offerings to its clients. OptumRx otherwise denies the allegations in Paragraph 235.

236.    OptumRx admits that its independent Pharmacy and Therapeutics Committee is comprised of physicians and pharmacists who are not employed by OptumRx and who provide clinical drug evaluations and recommendations regarding the inclusion of certain drugs on

OptumRx's formulary offerings to its clients. OptumRx otherwise denies the allegations in Paragraph 236.

237.    OptumRx denies the allegations in Paragraph 237.

**C.    PBMs' Drug UM Programs**

238.    The allegations in Paragraph 238 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 238 are directed against OptumRx, OptumRx denies them.

239.    The allegations in Paragraph 239 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 239 are directed against OptumRx, OptumRx denies them.

240.    The allegations in Paragraph 240 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 240 purport to summarize findings from alleged "studies" that OptumRx has conducted, any such studies speak for themselves. OptumRx otherwise denies the allegations in Paragraph 240.

241.    OptumRx denies the allegations in Paragraph 241.

242.    The allegations in Paragraph 242 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 242 are directed against OptumRx, OptumRx denies them.

243.    The allegations in Paragraph 243 are vaguely and improperly pleaded against "the PBM Defendants" and "Optum." Inasmuch as the allegations in Paragraph 243 are directed against OptumRx, OptumRx denies them.

244.    OptumRx admits that it has been offering opioid risk management solutions to its clients for years. OptumRx otherwise denies the allegations in Paragraph 244.

**D.    PBMs Contract with Pharmacies**

245.    The allegations in Paragraph 245 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 245 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx admits that it enters into pharmacy

network agreements with retail pharmacies. OptumRx otherwise denies the allegations in Paragraph 245.

246.    The allegations in Paragraph 246 are not directed at OptumRx, so no response is required.

247.    The allegations in Paragraph 247 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 247 about Optum, Inc. Inasmuch as the allegations in Paragraph 247 are directed against OptumRx, OptumRx denies them.

248.    The allegations in Paragraph 248 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 248 about Optum, Inc. Inasmuch as the allegations in Paragraph 248 are directed against OptumRx, OptumRx admits that it contracts with a network of retail pharmacies. OptumRx admits that the cost to a member seeking to fill a prescription at a network pharmacy depends on the prescription benefit plan that the member's health plan designed and elected. OptumRx also admits that it may reimburse a network pharmacy for some or all of the cost of a prescription. OptumRx denies the remaining allegations in Paragraph 248.

249.    The allegations in Paragraph 249 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 249 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

250.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 250 and on that basis denies them.

251.    The allegations in Paragraph 251 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 251 about Optum, Inc. Inasmuch as the allegations in Paragraph 251 are directed against OptumRx, OptumRx denies them.

## V.    The PBM Defendants' Role in Causing the Opioid Crisis

## A.    The PBM Defendants and the Opioid Manufacturers Colluded to Ensure Virtually Unfettered Access to Opioids

### 1.    The PBM Defendants Negotiated with the Opioid Manufacturers to Give Opioids Favorable Placement on National Formularies in Exchange for Rebates and Other Fees

252.    The allegations in Paragraph 252 are vaguely and improperly pleaded against "PBMs" and "the PBM Defendants." Inasmuch as the allegations in Paragraph 252 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

253.    The allegations in Paragraph 253 are vaguely and improperly pleaded against "the PBM Defendants." OptumRx's rebate contracts speak for themselves; inasmuch as the allegations of Paragraph 253 are inconsistent with those contracts, they are denied. OptumRx otherwise denies the allegations in Paragraph 253.

254.    Paragraph 254 purports to quote or summarize materials from Purdue, and those materials speak for themselves. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 254 and on that basis denies them.

255.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 255 and on that basis denies them.

256.    Paragraph 256 purports to quote or summarize materials from Purdue, and those materials speak for themselves. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 256 and on that basis denies them.

257.    Paragraph 257 purports to quote or summarize materials from Purdue, and those materials speak for themselves. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 257 and on that basis denies them.

258.    Paragraph 258 purports to quote or summarize materials from Purdue or Medco, and those materials speak for themselves. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 258 and on that basis denies them.

259.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 259 and on that basis denies them.

260.    Paragraph 260 purports to quote or summarize materials from Purdue, and those materials speak for themselves. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 260 and on that basis denies them.

261.    Paragraph 261 purports to quote or summarize materials from Medco or Purdue, and those materials speak for themselves. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 261 and on that basis denies them.

262.    Paragraph 262 purports to quote or summarize materials from Medco or Purdue, and those materials speak for themselves. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 262 and on that basis denies them.

263.    Paragraph 263 purports to quote or summarize materials from Purdue, and those materials speak for themselves. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 263 and on that basis denies them.

264.    Paragraph 264 purports to quote or summarize materials from Medco or Purdue, and those materials speak for themselves. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 264 and on that basis denies them. Inasmuch as the allegations of Paragraph 264 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

265.    OptumRx admits it was formerly known as Prescription Solutions. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 265 and on that basis denies them.

266.    Paragraph 266 purports to quote or summarize materials from Purdue, and those materials speak for themselves. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 266 and on that basis denies them.

267.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 267 and on that basis denies them.

268.    Paragraph 268 purports to quote or summarize materials from Purdue, and those materials speak for themselves. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 268 and on that basis denies them.

269.    The allegations in Paragraph 269 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 269 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

270.    The allegations in Paragraph 270 are vaguely and improperly pleaded against "the PBM Defendants." Paragraph 270 also purports to quote or summarize materials prepared by Cottingham & Butler, and those materials speak for themselves. Inasmuch as the allegations in Paragraph 270 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

271.    The allegations in Paragraph 271 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 271 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

272.    The allegations in Paragraph 272 are improperly and vaguely directed against "the PBM Defendants" and "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 272 about Optum, Inc. Inasmuch as the allegations in Paragraph 272 are directed against OptumRx, OptumRx denies them.

273.    The allegations in Paragraph 273 are vaguely and improperly pleaded against "PBMs." Inasmuch as the allegations in Paragraph 273 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

274.    The allegations in Paragraph 274 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 274 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

275.    The allegations in Paragraph 275 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 275 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

276.    The allegations in Paragraph 276 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 276 about Optum, Inc. Inasmuch as the allegations in Paragraph 276 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

277.    Paragraph 277 purports to quote or summarize materials from Purdue, and those materials speak for themselves. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 277 and on that basis denies them.

278.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 278 and on that basis denies them.

279.    Paragraph 279 purports to quote or summarize materials from Express Scripts, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 279 and on that basis denies them.

280.    Paragraph 280 purports to quote or summarize materials from Purdue, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 280 and on that basis denies them .

281.    Paragraph 281 purports to quote or summarize materials from Purdue or deposition transcripts, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 281 and on that basis denies them.

282.    Paragraph 282 purports to quote or summarize deposition transcripts, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 282 and on that basis denies them.

283. Paragraph 283 purports to quote or summarize deposition transcripts, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 283 and on that basis denies them.

284. OptumRx denies the allegations in Paragraph 284.

285. OptumRx denies the allegations in Paragraph 285.

286. OptumRx denies the allegations in Paragraph 286.

287. OptumRx denies the allegations in Paragraph 287.

288. Paragraph 288 purports to quote or summarize documents produced by OptumRx, and those materials speak for themselves; inasmuch as the allegations of Paragraph 288 are inconsistent with those materials, they are denied. OptumRx otherwise denies the allegations in Paragraph 288.

289. OptumRx denies the allegations in Paragraph 289.

290. The allegations in Paragraph 290 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 290 about Optum, Inc. Paragraph 290 also purports to quote or summarize materials produced by OptumRx; those materials speak for themselves, and inasmuch as the allegations of Paragraph 290 are inconsistent with those materials, they are denied. OptumRx otherwise denies the allegations in Paragraph 290.

291. The allegations in Paragraph 291 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 291 about Optum, Inc. Inasmuch as the allegations in Paragraph 291 are directed against OptumRx or could be construed as directed against OptumRx. OptumRx denies them.

2. **The PBM Defendants and the Opioid Manufacturers Used Parity to Limit the Use of Utilization Management Measures for Opioids**

292. The allegations in Paragraph 292 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 292 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

293. The allegations in Paragraph 293 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 293 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

294. The allegations in Paragraph 294 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 294 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

295. The allegations in Paragraph 295 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 295 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

296. Paragraph 296 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 296 and on that basis denies them.

297. The allegations in Paragraph 297 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 297 about Optum, Inc. Paragraph 297 also purports to quote and summarize a rebate contract produced by OptumRx. OptumRx's rebate contracts speak for themselves; inasmuch as the allegations of Paragraph 297 are inconsistent with those contracts, they are denied. OptumRx otherwise denies the allegations in Paragraph 297.

298. Paragraph 298 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or

information sufficient to form a belief about the truth of the allegations in Paragraph 298 and on that basis denies them.

299.     Paragraph 299 purports to quote or summarize materials produced by Janssen, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 299 and on that basis denies them.

300.     Paragraph 300 purports to quote or summarize materials produced by Endo Pharmaceuticals, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 300 and on that basis denies them.

301.     The allegations in Paragraph 301 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 301 about Optum, Inc. Paragraph 301 also purports to quote and summarize a rebate contract produced by OptumRx. OptumRx's rebate contracts speak for themselves; inasmuch as the allegations of Paragraph 301 are inconsistent with those contracts, they are denied. OptumRx otherwise denies the allegations in Paragraph 301.

302.     Paragraph 302 purports to quote and summarize a rebate contract produced by OptumRx. OptumRx's rebate contracts speak for themselves; inasmuch as the allegations of Paragraph 302 are inconsistent with those contracts, they are denied. OptumRx otherwise denies the allegations in Paragraph 302.

303.     Paragraph 303 purports to quote and summarize materials produced by OptumRx. Those materials speak for themselves; inasmuch as the allegations of Paragraph 303 are inconsistent with those materials, they are denied. OptumRx otherwise denies the allegations in Paragraph 303.

304.     Paragraph 304 purports to quote and summarize a rebate contract produced by Teva. OptumRx's rebate contracts speak for themselves; inasmuch as the allegations of Paragraph

100

304 are inconsistent with those contracts, they are denied. OptumRx otherwise denies the allegations in Paragraph 304.

305.    Paragraph 305 also purports to quote and summarize a rebate contract produced by OptumRx. OptumRx's rebate contracts speak for themselves; inasmuch as the allegations of Paragraph 305 are inconsistent with those contracts, they are denied. OptumRx otherwise denies the allegations in Paragraph 305.

306.    The allegations in Paragraph 306 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 306 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

307.    Paragraph 307 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 307 and on that basis denies them.

308.    OptumRx denies the allegations in Paragraph 308.

**3.    The PBM Defendants Misrepresented that They Were Using Their Formularies to Promote Safe Use and Appropriate Prescribing of Opioids**

309.    The allegations in Paragraph 309 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 309 about Optum, Inc. Inasmuch as the allegations in Paragraph 309 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

310.    Plaintiff dismissed its claims against UnitedHealth Group Incorporated on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 310 about UnitedHealth Group Incorporated. Inasmuch as Paragraph 310 purports to quote or summarize public statements or annual reports published by Express Scripts or OptumRx, those materials speak for themselves; inasmuch as the allegations of Paragraph 310 are inconsistent with those materials, they are denied. OptumRx otherwise denies the allegations in Paragraph 310.

311.     Paragraph 311 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 311 and on that basis denies them.

312.     Likewise Plaintiff dismissed its claims against UnitedHealth Group Incorporated on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 312 about UnitedHealth Group Incorporated. OptumRx admits that its ultimate parent is UnitedHealth Group Incorporated. OptumRx otherwise denies the allegations in Paragraph 312.

313.     Paragraph 313 purports to quote or summarize statements made by Express Scripts representatives, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 313 and on that basis denies them.

314.     The allegations in Paragraph 314 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 314 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

**B.      During the Early Years of the Epidemic, the PBM Defendants Conspired with the Opioid Manufacturers to Expand the Opioid Market and Increase Opioid Utilization**

315.     The allegations in Paragraph 315 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 315 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

316.     Paragraph 316 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 316 and on that basis denies them.

317.     Paragraph 317 purports to quote or summarize materials produced by Purdue Pharma, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or

information sufficient to form a belief about the truth of the allegations in Paragraph 317 and on that basis denies them.

318.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 318 and on that basis denies them.

319.    Paragraph 319 purports to quote or summarize materials produced by Purdue Pharma, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 319 and on that basis denies them.

320.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 320 and on that basis denies them.

321.    The allegations in Paragraph 321 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 321 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

**C.    For Two Decades after the PBM Defendants Knew the Opioid Epidemic Was Occurring, the PBM Defendants Continued to Conspire with the Opioid Manufacturers in the Deceptive Marketing of Opioids**

322.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 322 and on that basis denies them.

323.    The allegations in Paragraph 323 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 323 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

324.    Paragraph 324 purports to quote or summarize an online news article, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 324 and on that basis denies them.

325.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 325 and on that basis denies them.

326. Paragraph 326 purports to quote or summarize materials produced by Purdue Pharmaceuticals, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 326 and on that basis denies them.

327. The allegations in Paragraph 327 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 327 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

328. The allegations in Paragraph 328 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 328 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

329. The allegations in Paragraph 329 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 329 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

**1.    The PBM Defendants Disseminated the Opioid Manufacturers' Deceptive Propaganda**

330. The allegations in Paragraph 330 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 330 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

331. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 331 and on that basis denies them.

332. Paragraph 332 purports to quote or summarize materials produced by Purdue Pharma, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 332 and on that basis denies them.

333. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 333 and on that basis denies them.

334.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 334 and on that basis denies them.

335.    Paragraph 335 purports to quote or summarize materials produced by Purdue Pharmaceuticals, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 335 and on that basis denies them.

336.    Paragraph 336 purports to quote or summarize materials produced by Purdue Pharma, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 336 and on that basis denies them.

337.    Paragraph 337 purports to quote or summarize materials produced by Purdue Pharma, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 337 and on that basis denies them.

338.    Paragraph 338 purports to quote or summarize materials produced by Purdue Pharma, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 338 and on that basis denies them.

339.    Paragraph 339 purports to quote or summarize materials produced by Purdue Pharma, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 339 and on that basis denies them.

340.    Paragraph 340 purports to quote or summarize materials produced by Purdue Pharma, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 340 and on that basis denies them.

341.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 341 and on that basis denies them.

342.    OptumInsight, Inc. and OptumInsight Life Sciences, Inc. have moved to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. That motion is pending. OptumRx will not respond to the allegations in Paragraph 342 about OptumInsight, Inc. and OptumInsight Life Sciences, Inc. Inasmuch as the allegations in Paragraph 342 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

343.    OptumInsight, Inc. and OptumInsight Life Sciences, Inc. have moved to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. That motion is pending. OptumRx will not respond to the allegations in Paragraph 343 about OptumInsight, Inc. and OptumInsight Life Sciences, Inc. OptumRx otherwise denies the allegations in Paragraph 343.

344.    OptumInsight, Inc. and OptumInsight Life Sciences, Inc. have moved to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. That motion is pending. OptumRx will not respond to the allegations in Paragraph 344 about OptumInsight, Inc. and OptumInsight Life Sciences, Inc. OptumRx otherwise denies the allegations in Paragraph 344.

345.    OptumInsight, Inc. and OptumInsight Life Sciences, Inc. have moved to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. That motion is pending. OptumRx will not respond to the allegations in Paragraph 345 about OptumInsight, Inc. and OptumInsight Life Sciences, Inc. OptumRx otherwise denies the allegations in Paragraph 345.

346.    The allegations in Paragraph 346 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 346 about Optum, Inc. Inasmuch as the allegations in

Paragraph 346 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

347.    Paragraph 347 purports to quote and summarize materials produced by Endo; those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 347 and on that basis denies them.

348.    Paragraph 348 purports to quote and summarize materials produced by Endo; those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 348 and on that basis denies them.

349.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 349 and on that basis denies them.

350.    Paragraph 350 purports to quote or summarize materials produced by Purdue Pharma, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 350 and on that basis denies them.

351.    Paragraph 351 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 351 and on that basis denies them.

352.    OptumRx denies the allegations in Paragraph 352.

353.    The allegations in Paragraph 353 are improperly and vaguely directed against "OptumRx affiliates." Inasmuch as the allegations in Paragraph 353 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

**2.      The PBM Defendants' Affiliated Entities Provided Research, Data, and Consulting to the Opioid Manufacturers to Expand the Opioid Market**

354.    The allegations in Paragraph 354 are improperly and vaguely directed against "the PBM Defendants and their affiliated companies." Inasmuch as the allegations in Paragraph 354

are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

355.    Paragraph 355 purports to quote or summarize materials produced by Purdue Pharma, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 355 and on that basis denies them.

356.    OptumInsight, Inc. and OptumInsight Life Sciences, Inc. have moved to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. That motion is pending. OptumRx will not respond to the allegations in Paragraph 356 about OptumInsight, Inc. and OptumInsight Life Sciences, Inc. OptumRx otherwise denies the allegations in Paragraph 356.

357.    OptumInsight, Inc. and OptumInsight Life Sciences, Inc. have moved to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. That motion is pending. OptumRx will not respond to the allegations in Paragraph 357 about OptumInsight, Inc. and OptumInsight Life Sciences, Inc. OptumRx otherwise denies the allegations in Paragraph 357.

358.    OptumInsight, Inc. and OptumInsight Life Sciences, Inc. have moved to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. That motion is pending. OptumRx will not respond to the allegations in Paragraph 358 about OptumInsight, Inc. and OptumInsight Life Sciences, Inc. OptumRx otherwise denies the allegations in Paragraph 358.

359.    OptumInsight, Inc. and OptumInsight Life Sciences, Inc. have moved to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. That motion is pending. OptumRx will not respond to the allegations in Paragraph 359 about OptumInsight, Inc. and OptumInsight Life Sciences, Inc. OptumRx otherwise denies the allegations in Paragraph 359.

360.     Plaintiff dismissed its claims against UnitedHealth Group Incorporated on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 360 about UnitedHealth Group Incorporated. OptumRx otherwise denies the allegations in Paragraph 360.

361.     OptumInsight, Inc. and OptumInsight Life Sciences, Inc. have moved to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. That motion is pending. OptumRx will not respond to the allegations in Paragraph 361 about OptumInsight, Inc. and OptumInsight Life Sciences, Inc. OptumRx otherwise denies the allegations in Paragraph 361.

362.     OptumInsight, Inc. and OptumInsight Life Sciences, Inc. have moved to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. That motion is pending. OptumRx will not respond to the allegations in Paragraph 362 about OptumInsight, Inc. and OptumInsight Life Sciences, Inc. OptumRx otherwise denies the allegations in Paragraph 362.

363.     OptumInsight, Inc. and OptumInsight Life Sciences, Inc. have moved to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. That motion is pending. OptumRx will not respond to the allegations in Paragraph 363 about OptumInsight, Inc. and OptumInsight Life Sciences, Inc. OptumRx otherwise denies the allegations in Paragraph 363.

364.     OptumInsight, Inc. and OptumInsight Life Sciences, Inc. have moved to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. That motion is pending. OptumRx will not respond to the allegations in Paragraph 364 about OptumInsight, Inc. and OptumInsight Life Sciences, Inc. OptumRx otherwise denies the allegations in Paragraph 364.

365.     OptumInsight, Inc. and OptumInsight Life Sciences, Inc. have moved to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. That motion is pending. OptumRx will not respond to the allegations in Paragraph

365 about OptumInsight, Inc. and OptumInsight Life Sciences, Inc. OptumRx otherwise denies the allegations in Paragraph 365.

366. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. have moved to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. That motion is pending. OptumRx will not respond to the allegations in Paragraph 366 about OptumInsight, Inc. and OptumInsight Life Sciences, Inc. OptumRx otherwise denies the allegations in Paragraph 366.

367. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. have moved to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. That motion is pending. OptumRx will not respond to the allegations in Paragraph 367 about OptumInsight, Inc. and OptumInsight Life Sciences, Inc. OptumRx otherwise denies the allegations in Paragraph 367.

368. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. have moved to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. That motion is pending. OptumRx will not respond to the allegations in Paragraph 368 about OptumInsight, Inc. and OptumInsight Life Sciences, Inc. OptumRx otherwise denies the allegations in Paragraph 368.

369. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. have moved to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. That motion is pending. OptumRx will not respond to the allegations in Paragraph 369 about OptumInsight, Inc. and OptumInsight Life Sciences, Inc. OptumRx otherwise denies the allegations in Paragraph 369.

370. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. have moved to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. That motion is pending. OptumRx will not respond to the allegations in Paragraph 370 about OptumInsight, Inc. and OptumInsight Life Sciences, Inc. OptumRx otherwise denies the allegations in Paragraph 370.

371.    OptumInsight, Inc. and OptumInsight Life Sciences, Inc. have moved to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. That motion is pending. OptumRx will not respond to the allegations in Paragraph 371 about OptumInsight, Inc. and OptumInsight Life Sciences, Inc. OptumRx otherwise denies the allegations in Paragraph 371.

372.    Plaintiff dismissed its claims against OptumHealth Care Solutions, LLC, Optum Health Holdings, LLC, and OptumHealth Networks, Inc. on July 19, 2024. OptumRx will not respond to the allegations about OptumHealth Care Solutions, LLC, Optum Health Holdings, LLC, and OptumHealth Networks, Inc. in Paragraph 372. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. have moved to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. That motion is pending. OptumRx will not respond to the allegations in Paragraph 372 about OptumHealth Care Solutions, LLC, Optum Health Holdings, LLC, OptumHealth Networks, Inc., OptumInsight, Inc., and OptumInsight Life Sciences, Inc. OptumRx otherwise denies the allegations in Paragraph 372.

373.    Plaintiff dismissed its claims against OptumHealth Care Solutions, LLC, Optum Health Holdings, LLC, and OptumHealth Networks, Inc. on July 19, 2024. OptumRx will not respond to the allegations about OptumHealth Care Solutions, LLC, Optum Health Holdings, LLC, and OptumHealth Networks, Inc. in Paragraph 373. OptumRx will not respond to the allegations in Paragraph 373 about OptumHealth Care Solutions, LLC, Optum Health Holdings, LLC, and OptumHealth Networks, Inc. OptumRx otherwise denies the allegations in Paragraph 373.

374.    Plaintiff dismissed its claims against OptumHealth Care Solutions, LLC, Optum Health Holdings, LLC, and OptumHealth Networks, Inc. on July 19, 2024. OptumRx will not respond to the allegations about OptumHealth Care Solutions, LLC, Optum Health Holdings, LLC, and OptumHealth Networks, Inc. in Paragraph 374. OptumRx will not respond to the allegations in Paragraph 374 about OptumHealth Care Solutions, LLC, Optum Health Holdings, LLC, and OptumHealth Networks, Inc. OptumRx otherwise denies the allegations in Paragraph 374.

375.     Plaintiff dismissed its claims against OptumHealth Care Solutions, LLC, Optum Health Holdings, LLC, and OptumHealth Networks, Inc. on July 19, 2024. OptumRx will not respond to the allegations about OptumHealth Care Solutions, LLC, Optum Health Holdings, LLC, and OptumHealth Networks, Inc. in Paragraph 375. OptumRx will not respond to the allegations in Paragraph 375 about OptumHealth Care Solutions, LLC, Optum Health Holdings, LLC, and OptumHealth Networks, Inc. OptumRx otherwise denies the allegations in Paragraph 375.

376.     Plaintiff dismissed its claims against OptumHealth Care Solutions, LLC, Optum Health Holdings, LLC, and OptumHealth Networks, Inc. on July 19, 2024. OptumRx will not respond to the allegations about OptumHealth Care Solutions, LLC, Optum Health Holdings, LLC, and OptumHealth Networks, Inc. in Paragraph 376. OptumRx will not respond to the allegations in Paragraph 376 about OptumHealth Care Solutions, LLC, Optum Health Holdings, LLC, and OptumHealth Networks, Inc. OptumRx otherwise denies the allegations in Paragraph 376.

377.     Plaintiff dismissed its claims against OptumHealth Care Solutions, LLC, Optum Health Holdings, LLC, and OptumHealth Networks, Inc. on July 19, 2024. OptumRx will not respond to the allegations about OptumHealth Care Solutions, LLC, Optum Health Holdings, LLC, and OptumHealth Networks, Inc. in Paragraph 377. OptumRx will not respond to the allegations in Paragraph 377 about OptumHealth Care Solutions, LLC, Optum Health Holdings, LLC, and OptumHealth Networks, Inc. OptumRx otherwise denies the allegations in Paragraph 377.

378.     The allegations in Paragraph 378 are vaguely and improperly pleaded against "the PBM Defendants." Paragraph 378 also purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. OptumRx otherwise denies the allegations in Paragraph 378.

**D.     The PBM Defendants Had Access to Real-Time Data Regarding Drug Utilization Which Gave Them a Unique Vantage Point into the Opioid Epidemic**

379.     The allegations in Paragraph 379 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 379 about Optum, Inc. Inasmuch as the allegations in

Paragraph 379 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

**D.      The PBM Defendants track every prescription claim they process across all the health plans they service which provided them with uniquely granular and comprehensive data.**

380.    The allegations in Paragraph 380 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 380 about Optum, Inc. Inasmuch as the allegations in Paragraph 380 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

381.    The allegations in Paragraph 381 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 381 about Optum, Inc. Inasmuch as the allegations in Paragraph 381 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx admits that in its capacity as a Home Delivery Pharmacy, it maintains certain data. OptumRx otherwise denies the allegations in Paragraph 381.

382.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 382 and on that basis denies them.

383.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 383 and on that basis denies them.

384.    Paragraph 384 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 384 and on that basis denies them.

385.    The allegations in Paragraph 385 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 385 about Optum, Inc. Inasmuch as the allegations in

Paragraph 385 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

386.   The allegations in Paragraph 386 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 386 about Optum, Inc. Paragraph 386 also purports to quote or summarize a deposition transcript; those materials speak for themselves, and inasmuch as the allegations in Paragraph 386 are inconsistent with those materials, they are denied. OptumRx otherwise denies the allegations in Paragraph 386.

387.   The allegations in Paragraph 387 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 387 about Optum, Inc. Paragraph 387 also purports to quote or summarize materials produced by OptumRx; those materials speak for themselves, and inasmuch as the allegations in Paragraph 387 are inconsistent with those materials, they are denied. OptumRx otherwise denies the allegations in Paragraph 387.

388.   Paragraph 388 purports to quote or summarize materials produced by OptumRx. Those materials speak for themselves, and inasmuch as the allegations in Paragraph 388 are inconsistent with those materials, they are denied. OptumRx otherwise denies the allegations in Paragraph 388.

389.   Paragraph 389 purports to quote or summarize materials produced by OptumRx. Those materials speak for themselves, and inasmuch as the allegations in Paragraph 389 are inconsistent with those materials, they are denied. OptumRx otherwise denies the allegations in Paragraph 389.

390.   The allegations in Paragraph 390 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 390 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

391.    The allegations in Paragraph 391 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 391 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

392.    The allegations in Paragraph 392 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 392 about Optum, Inc. Inasmuch as the allegations in Paragraph 392 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

**2.      The PBM Defendants had knowledge about the opioid epidemic and about abuse and diversion.**

393.    Paragraph 393 purports to quote or summarize a CDC report. Those materials speak for themselves, and inasmuch as the allegations in Paragraph 393 are inconsistent with those materials, they are denied. OptumRx otherwise denies the allegations in Paragraph 393.

394.    Paragraph 394 purports to quote or summarize research completed by University of California Los Angeles, and those materials speak for themselves. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 394 and on that basis denies them.

395.    Paragraph 395 purports to quote or summarize research materials or charts, and those materials speak for themselves. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 395 and on that basis denies them.

396.    Paragraph 396 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, the allegations in Paragraph 396 are not directed at OptumRx, and OptumRx denies them on that basis.

397.    The allegations in Paragraph 397 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 398 about Optum, Inc. Paragraph 397 purports to quote or

115

summarize materials produced by OptumRx. Those materials speak for themselves, and inasmuch as the allegations in Paragraph 397 are inconsistent with those materials, they are denied. OptumRx otherwise denies the allegations in Paragraph 397.

398.     The allegations in Paragraph 398 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 398 about Optum, Inc. Inasmuch as the allegations in Paragraph 398 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx admits that opioids can be addictive for some people. OptumRx otherwise denies the allegations in Paragraph 398.

399.     The allegations in Paragraph 399 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 399 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx admits that opioids can be addictive for some people. OptumRx otherwise denies the allegations in Paragraph 399.

400.     The allegations in Paragraph 400 are improperly and vaguely directed against "Optum/UHG." Plaintiff dismissed its claims against UnitedHealth Group Incorporated on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 400 about UnitedHealth Group Incorporated. Paragraph 400 also purports to quote or summarize materials produced by Purdue Pharma, and those materials speak for themselves. Inasmuch as the allegations in Paragraph 400 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

401.     The allegations in Paragraph 401 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 401 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

402.     Paragraph 402 purports to quote or summarize materials produced by Purdue Pharmaceutical, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 402 and on that basis denies them.

403.     Paragraph 403 purports to quote or summarize materials produced by Express Scripts or Purdue Pharmaceutical, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 403 and on that basis denies them.

404.     Paragraph 404 purports to quote or summarize materials produced by Purdue Pharma, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 404 and on that basis denies them.

405.     The allegations in Paragraph 405 are vaguely and improperly pleaded against "the PBM Defendants." Paragraph 405 also purports to quote or summarize materials produced by Purdue Pharmaceutical, and those materials speak for themselves. Inasmuch as the allegations in Paragraph 405 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

406.     The allegations in Paragraph 406 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 406 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx admits that Purdue pleaded guilty to misbranding of OxyContin in 2007. OptumRx otherwise denies the allegations in Paragraph 406.

407.     Paragraph 407 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 407 and on that basis denies them.

408.     Paragraph 408 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 408 and on that basis denies them.

409.     Paragraph 409 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or

information sufficient to form a belief about the truth of the allegations in Paragraph 409 and on that basis denies them.

410.    Paragraph 410 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 410 and on that basis denies them.

411.    Paragraph 411 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 411 and on that basis denies them.

412.    The allegations in Paragraph 412 are vaguely and improperly pleaded against "the PBM Defendants." Paragraph 412 also purports to quote or summarize materials produced by OptumRx, and those materials speak for themselves; inasmuch as the allegations in Paragraph 412 are inconsistent with those materials, they are denied. OptumRx otherwise denies the allegations in Paragraph 412.

413.    Paragraph 413 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 413 and on that basis denies them.

414.    Paragraph 414 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 414 and on that basis denies them.

415.    Paragraph 415 purports to quote or summarize third-party articles and an Express Scripts SEC filing, and those materials speak for themselves. OptumRx admits that its Pharmacy and Therapeutics Committee is an independent committee of physicians and pharmacists that

reviews the safety and efficacy of prescription drugs. OptumRx otherwise denies the allegations in Paragraph 415.

416. Paragraph 416 purports to quote or summarize materials published by the University of Wisconsin, and those materials speak for themselves. Paragraph 416 does not contain any allegations against OptumRx, so no response is required. Inasmuch as a response is required, OptumRx denies the allegations in Paragraph 416.

417. The allegations in Paragraph 417 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 417 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

### 3. The PBM Defendants Failed to Timely Undertake Actions to Address the Opioid Epidemic that They Helped Create.

418. The allegations in Paragraph 418 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 418 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

419. OptumRx admits that it offered a Narcotic DUR program for years. OptumRx otherwise denies the allegations in Paragraph 419.

420. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. have moved to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. That motion is pending. OptumRx will not respond to the allegations in Paragraph 420 about OptumInsight, Inc. and OptumInsight Life Sciences, Inc. OptumRx otherwise denies the allegations in Paragraph 420.

421. Paragraph 421 purports to quote or summarize materials produced by OptumRx, and those materials speak for themselves. Inasmuch as the allegations in Paragraph 421 are inconsistent with those materials, they are denied. OptumRx otherwise denies the allegations in Paragraph 421.

a. **The PBM Defendants chose not to use their claims data and their formulary and UM offerings to address overprescribing, abuse, and diversion**

422. The allegations in Paragraph 422 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 422 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

423. The allegations in Paragraph 423 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 423 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

424. Paragraph 424 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 424 and on that basis denies them.

425. Paragraph 425 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 425 and on that basis denies them.

426. Paragraph 426 purports to quote or summarize a deposition transcript, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 426 and on that basis denies them.

427. Paragraph 427 purports to quote or summarize materials produced by Purdue Pharma, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 427 and on that basis denies them.

428. Paragraph 428 purports to quote or summarize materials produced by Purdue Pharma, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 428 and on that basis denies them.

429.    Paragraph 429 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 429 and on that basis denies them.

430.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 430 and on that basis denies them.

431.    Paragraph 431 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 431 and on that basis denies them.

432.    Paragraph 432 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 432 and on that basis denies them.

433.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 433 and on that basis denies them.

434.    Paragraph 434 purports to quote or summarize a deposition transcript, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 434 and on that basis denies them.

435.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 435 and on that basis denies them.

436.    Paragraph 436 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 436 and on that basis denies them.

437.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 437 and on that basis denies them.

438.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 438 and on that basis denies them.

439.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 439 and on that basis denies them.

440.    Paragraph 440 purports to quote or summarize a deposition transcript, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 440 and on that basis denies them.

441.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 441 and on that basis denies them.

442.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 442 and on that basis denies them.

443.    OptumRx denies the allegations in Paragraph 443.

444.    OptumRx denies the allegations in Paragraph 444.

445.    Paragraph 445 purports to quote or summarize materials produced by OptumRx. Those materials speak for themselves, and inasmuch as the allegations in Paragraph 445 are inconsistent with those materials, they are denied. OptumRx otherwise denies the allegations in Paragraph 445.

446.    Paragraph 446 purports to quote or summarize materials produced by Purdue Pharma. Those materials speak for themselves, and inasmuch as the allegations in Paragraph 446 are inconsistent with those materials, they are denied. OptumRx otherwise denies the allegations in Paragraph 446.

447.    OptumRx denies the allegations in Paragraph 447.

448.    The allegations in Paragraph 448 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 448 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

449. Paragraph 449 purports to quote or summarize a CMS memorandum. That document speaks for itself, and inasmuch as the allegations in Paragraph 449 are inconsistent with that document, they are denied. OptumRx otherwise denies the allegations in Paragraph 449.

450. Paragraph 450 purports to quote or summarize a CMS notice. That document speaks for itself, and inasmuch as the allegations in Paragraph 450 are inconsistent with that document, they are denied. OptumRx otherwise denies the allegations in Paragraph 450.

451. Paragraph 451 purports to quote or summarize CMS guidance. That document speaks for itself, and inasmuch as the allegations in Paragraph 451 are inconsistent with that document, they are denied. OptumRx otherwise denies the allegations in Paragraph 451.

452. Paragraph 452 purports to quote or summarize CMS guidance. That document speaks for itself, and inasmuch as the allegations in Paragraph 452 are inconsistent with that document, they are denied. OptumRx otherwise denies the allegations in Paragraph 452.

453. Paragraph 453 purports to quote or summarize materials produced by OptumRx. Those materials speak for themselves, and inasmuch as the allegations in Paragraph 453 are inconsistent with those materials, they are denied. OptumRx otherwise denies the allegations in Paragraph 453.

454. Paragraph 454 purports to quote or summarize materials produced by OptumRx. Those materials speak for themselves, and inasmuch as the allegations in Paragraph 454 are inconsistent with those materials, they are denied. OptumRx otherwise denies the allegations in Paragraph 454.

455. Paragraph 455 purports to quote or summarize materials produced by OptumRx. Those materials speak for themselves, and inasmuch as the allegations in Paragraph 455 are inconsistent with those materials, they are denied. OptumRx otherwise denies the allegations in Paragraph 455.

456. Paragraph 456 purports to quote or summarize materials produced by OptumRx. Those materials speak for themselves, and inasmuch as the allegations in Paragraph 456 are

inconsistent with those materials, they are denied. OptumRx otherwise denies the allegations in Paragraph 456.

457.    Paragraph 457 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 457 and on that basis denies them.

458.    Paragraph 458 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 458 and on that basis denies them.

459.    The allegations in Paragraph 459 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 459 about Optum, Inc. Inasmuch as the allegations in Paragraph 459 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

460.    The allegations in Paragraph 460 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 460 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

461.    Paragraph 461 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 461 and on that basis denies them.

462.    Paragraph 462 purports to quote or summarize online materials on OptumRx's website. Those materials speak for themselves, and inasmuch as the allegations in Paragraph 462 are inconsistent with those materials, they are denied. OptumRx otherwise denies the allegations in Paragraph 462.

463.     Paragraph 463 purports to quote or summarize statements made by David Calabrese, OptumRx's Chief Pharmacy Officer. Those statements speak for themselves, and inasmuch as the allegations in Paragraph 463 are inconsistent with those statements, they are denied. OptumRx otherwise denies the allegations in Paragraph 463.

464.     Paragraph 464 purports to quote or summarize materials produced by OptumRx. Those materials speak for themselves, and inasmuch as the allegations in Paragraph 464 are inconsistent with those materials, they are denied. OptumRx otherwise denies the allegations in Paragraph 464.

465.     Paragraph 465 purports to quote or summarize materials produced by OptumRx. Those materials speak for themselves, and inasmuch as the allegations in Paragraph 465 are inconsistent with those materials, they are denied. OptumRx otherwise denies the allegations in Paragraph 465.

466.     Paragraph 466 purports to quote or summarize materials produced by OptumRx. Those materials speak for themselves, and inasmuch as the allegations in Paragraph 466 are inconsistent with those materials, they are denied. OptumRx otherwise denies the allegations in Paragraph 466.

467.     Paragraph 467 purports to quote or summarize materials produced by OptumRx. Those materials speak for themselves, and inasmuch as the allegations in Paragraph 467 are inconsistent with those materials, they are denied. OptumRx otherwise denies the allegations in Paragraph 467.

468.     Paragraph 468 purports to quote or summarize materials produced by OptumRx. Those materials speak for themselves, and inasmuch as the allegations in Paragraph 468 are inconsistent with those materials, they are denied. OptumRx otherwise denies the allegations in Paragraph 468.

469.     The allegations in Paragraph 469 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 469 about Optum, Inc. Inasmuch as the allegations in

Paragraph 469 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

### b. The PBM Defendants chose not to use their "Drug Utilization Review" tools to address overprescribing, abuse and diversion

470. The allegations in Paragraph 470 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 470 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx admits that it offers retrospective and concurrent drug utilization review programs for its clients (rDUR and cDUR). OptumRx otherwise denies the allegations in Paragraph 470.

471. OptumRx denies the allegations in Paragraph 471.

472. The allegations in Paragraph 472 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 472 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

473. The allegations in Paragraph 473 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 473 about Optum, Inc. Inasmuch as the allegations in Paragraph 473 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

474. Paragraph 474 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 474 and on that basis denies them.

475. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 475 and on that basis denies them.

476. The allegations in Paragraph 476 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 476 about Optum, Inc. Paragraph 476 purports to quote or

summarize materials produced by OptumRx. Those materials speak for themselves, and inasmuch as the allegations in Paragraph 476 are inconsistent with those materials, they are denied. OptumRx otherwise denies the allegations in Paragraph 476.

477. Paragraph 477 purports to quote or summarize materials produced by OptumRx. Those materials speak for themselves, and inasmuch as the allegations in Paragraph 477 are inconsistent with those materials, they are denied. OptumRx otherwise denies the allegations in Paragraph 477.

478. Paragraph 478 purports to quote or summarize materials produced by OptumRx. Those materials speak for themselves, and inasmuch as the allegations in Paragraph 478 are inconsistent with those materials, they are denied. OptumRx otherwise denies the allegations in Paragraph 478.

479. Paragraph 479 purports to quote or summarize materials produced by OptumRx. Those materials speak for themselves, and inasmuch as the allegations in Paragraph 479 are inconsistent with those materials, they are denied. OptumRx otherwise denies the allegations in Paragraph 479.

          **c.**      **The PBM Defendants failed to use their vast stores of data, their formulary and UM offerings, and their DURs to provide effective controls against diversion and/or to prevent the diversion and abuse of opioids**

480. The allegations in Paragraph 480 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 480 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

481. Paragraph 481 contains legal conclusions to which no response is required. Inasmuch as a response is required, OptumRx denies the allegations in Paragraph 481.

482. OptumRx denies the allegations in Paragraph 482.

483. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 483 and on that basis denies them.

**E.      Two Decades After They Knew Opioids Were Causing a Public Health Crisis, Express Scripts and Optum Finally Implemented Protocols to Address the Opioid Epidemic**

484.      OptumRx denies the allegations in Paragraph 484.

485.      The allegations in Paragraph 485 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 485 about Optum, Inc. Inasmuch as the allegations in Paragraph 485 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

486.      Paragraph 486 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. The allegations in Paragraph 485 are also improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 486 about Optum, Inc. Inasmuch as the allegations in Paragraph 486 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

487.      Paragraph 487 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 487 and on that basis denies them.

488.      Paragraph 488 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 488 and on that basis denies them.

489.      Paragraph 489 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 489 and on that basis denies them.

490.    Paragraph 490 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 490 and on that basis denies them.

491.    Paragraph 491 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 491 and on that basis denies them.

492.    Paragraph 492 purports to quote or summarize materials produced by Express Scripts and deposition transcripts, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 492 and on that basis denies them.

493.    Paragraph 493 purports to quote or summarize deposition transcripts, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 493 and on that basis denies them.

494.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 494 and on that basis denies them.

495.    The allegations in Paragraph 495 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 495 about Optum, Inc. Paragraph 495 also purports to quote or summarize materials produced by OptumRx. Those materials speak for themselves, and inasmuch as the allegations in Paragraph 495 are inconsistent with those materials, they are denied. OptumRx otherwise denies the allegations in Paragraph 495.

496.    Paragraph 496 purports to quote or summarize materials produced by OptumRx. Those materials speak for themselves, and inasmuch as the allegations in Paragraph 496 are inconsistent with those materials, they are denied. OptumRx otherwise denies the allegations in Paragraph 496.

497.    Paragraph 497 purports to quote or summarize materials produced by OptumRx. Those materials speak for themselves, and inasmuch as the allegations in Paragraph 497 are inconsistent with those materials, they are denied. OptumRx otherwise denies the allegations in Paragraph 497.

498.    Paragraph 498 purports to quote or summarize materials produced by OptumRx. Those materials speak for themselves, and inasmuch as the allegations in Paragraph 498 are inconsistent with those materials, they are denied. OptumRx otherwise denies the allegations in Paragraph 498.

499.    The allegations in Paragraph 499 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 499 about Optum, Inc. Inasmuch as the allegations in Paragraph 499 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

500.    The allegations in Paragraph 500 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 500 about Optum, Inc. Inasmuch as the allegations in Paragraph 500 are directed against OptumRx or could be construed as directed against OptumRx.

**F.    Even After Implementing its Opioid Risk Management Program, Optum Continued Promoting Uncontrolled Opioid Sales Through Its Cash Card and Discount Card Businesses**

501.    Plaintiff dismissed its claims against Optum Discount Card Services, LLC and Optum Perks, LLC on July 19, 2024. OptumRx will not respond to the allegations about Optum Discount Card Services, LLC and Optum Perks, LLC in Paragraph 501. OptumRx otherwise denies the allegations in Paragraph 501.

502.    Plaintiff dismissed its claims against Optum Discount Card Services, LLC and Optum Perks, LLC on July 19, 2024. OptumRx will not respond to the allegations about Optum

Discount Card Services, LLC and Optum Perks, LLC in Paragraph 502. OptumRx otherwise denies the allegations in Paragraph 502.

503.    Plaintiff dismissed its claims against Optum Discount Card Services, LLC and Optum Perks, LLC on July 19, 2024. OptumRx will not respond to the allegations about Optum Discount Card Services, LLC and Optum Perks, LLC in Paragraph 503. OptumRx otherwise denies the allegations in Paragraph 503.

504.    Plaintiff dismissed its claims against Optum Discount Card Services, LLC and Optum Perks, LLC on July 19, 2024. OptumRx will not respond to the allegations about Optum Discount Card Services, LLC and Optum Perks, LLC in Paragraph 504. OptumRx otherwise denies the allegations in Paragraph 504.

505.    Plaintiff dismissed its claims against Optum Discount Card Services, LLC and Optum Perks, LLC on July 19, 2024. OptumRx will not respond to the allegations about Optum Discount Card Services, LLC and Optum Perks, LLC in Paragraph 505. OptumRx otherwise denies the allegations in Paragraph 505.

506.    Plaintiff dismissed its claims against Optum Discount Card Services, LLC and Optum Perks, LLC on July 19, 2024. OptumRx will not respond to the allegations about Optum Discount Card Services, LLC and Optum Perks, LLC in Paragraph 506. OptumRx otherwise denies the allegations in Paragraph 506.

## VI.    As Mail Order Pharmacies, Express Scripts and Optum Dispensed Opioids in Violation of the Controlled Substances Act.

### A.    The Applicable Statutes

507.    Paragraph 507 purports to quote or summarize materials describing the March 2016 CDC Guideline for Prescribing Opioids for Chronic Pain. Those materials speak for themselves, and inasmuch as the allegations in Paragraph 507 are inconsistent with those materials, they are denied. OptumRx otherwise denies the allegations in Paragraph 507.

508.    Paragraph 508 purports to quote or summarize materials or reports produced to the U.S. Senate. Those materials speak for themselves, and inasmuch as the allegations in Paragraph

508 are inconsistent with those materials, they are denied. OptumRx otherwise denies the allegations in Paragraph 508.

509.    Paragraph 509 cites statutes and regulations that speak for themselves. The allegations in Paragraph 509 are also improperly and vaguely directed against "Defendants." Inasmuch as the allegations in Paragraph 509 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

**1.      The Controlled Substances Act**

510.    Paragraph 510 purports to contain Plaintiff's interpretation of federal law, so no response is required. Otherwise, OptumRx denies the allegations in Paragraph 510.

511.    Paragraph 511 purports to contain Plaintiff's interpretation of federal law, so no response is required. Otherwise, OptumRx denies the allegations in Paragraph 511.

512.    Paragraph 512 purports to quote federal law, so no response is required. Those statutes speak for themselves. Otherwise, OptumRx denies the allegations in Paragraph 512.

513.    Paragraph 513 purports to quote federal law, so no response is required. Those statutes speak for themselves. Otherwise, OptumRx denies the allegations in Paragraph 513.

514.    Paragraph 514 purports to summarize federal law, so no response is required. Those statutes speak for themselves. Otherwise, OptumRx denies the allegations in Paragraph 514.

515.    Paragraph 515 purports to summarize federal law, so no response is required. Those statutes speak for themselves. Otherwise, OptumRx denies the allegations in Paragraph 515.

516.    Paragraph 516 purports to quote federal law, so no response is required. Those statutes speak for themselves. Otherwise, OptumRx denies the allegations in Paragraph 516.

517.    Paragraph 517 purports to quote and summarize federal law, so no response is required. Those statutes speak for themselves. Otherwise, OptumRx denies the allegations in Paragraph 517.

518.    This Paragraph asserts Plaintiff's interpretation of federal law, so no response is required. OptumRx also lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 518 and on that basis denies them.

132

519. Paragraph 519 purports to quote and summarize federal law, so no response is required. Those statutes speak for themselves. Inasmuch as a response is required, OptumRx denies the allegations in Paragraph 519.

520. The allegations in Paragraph 520 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 520 about Optum, Inc. Inasmuch as the allegations in Paragraph 520 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx admits that it is the registered entity for its Home Delivery Pharmacy services. OptumRx otherwise denies the allegations in Paragraph 520.

521. Paragraph 521 purports to quote and summarize federal law, so no response is required. Those statutes speak for themselves. Inasmuch as a response is required, OptumRx denies the allegations in Paragraph 521.

522. Paragraph 522 purports to summarize federal law, so no response is required. Those statutes speak for themselves. Inasmuch as a response is required, OptumRx denies the allegations in Paragraph 522.

523. Paragraph 523 purports to summarize federal law, so no response is required. Those statutes speak for themselves. Inasmuch as a response is required, OptumRx denies the allegations in Paragraph 523.

524. Paragraph 524 purports to quote and summarize federal law, so no response is required. Those statutes speak for themselves. Inasmuch as a response is required, OptumRx denies the allegations in Paragraph 524.

525. Paragraph 525 purports to quote and summarize federal law, so no response is required. Those statutes speak for themselves. Inasmuch as a response is required, OptumRx denies the allegations in Paragraph 525.

526. Paragraph 526 purports to quote and summarize federal law, so no response is required. Those statutes speak for themselves. Inasmuch as a response is required, OptumRx denies the allegations in Paragraph 526.

527.     Paragraph 527 purports to quote and summarize federal law, so no response is required. Those statutes speak for themselves. Inasmuch as a response is required, OptumRx denies the allegations in Paragraph 527.

528.     Paragraph 528 purports to quote and summarize federal law, so no response is required. Those statutes speak for themselves. Inasmuch as a response is required, OptumRx denies the allegations in Paragraph 528.

529.     Paragraph 529 purports to summarize federal law, so no response is required. Those statutes speak for themselves. Inasmuch as a response is required, OptumRx denies the allegations in Paragraph 529.

530.     Paragraph 530 purports to summarize federal law, so no response is required. Those statutes speak for themselves. Inasmuch as a response is required, OptumRx denies the allegations in Paragraph 530.

531.     This Paragraph asserts Plaintiff's interpretation of federal law, so no response is required. Inasmuch as a response is required, OptumRx denies the allegations in Paragraph 531.

532.     This Paragraph asserts Plaintiff's interpretation of federal law, so no response is required. Inasmuch as a response is required, OptumRx denies the allegations in Paragraph 531.

533.     OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 533 and on that basis denies them.

**2.     Pharmacies Are Obligated Not to Fill Prescriptions Until All Red Flags Are Resolved**

534.     This Paragraph asserts Plaintiff's interpretation of federal law, so no response is required. OptumRx also lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 534 and on that basis denies them.

535.     Paragraph 535 purports to quote or summarize court decisions, and those materials speak for themselves. Paragraph 535 also cites the CSA and 21 C.F.R. § 1306.04. Those statutes and regulations speak for themselves. Otherwise, Paragraph 535 asserts Plaintiff's interpretation

134

of federal law, so no response is required. Inasmuch as a response is required, OptumRx denies the allegations in Paragraph 535.

536. Paragraph 536 purports to quote or summarize previous orders from the MDL Court, and those materials speak for themselves. Inasmuch as a response is required, OptumRx denies the allegations in Paragraph 536.

537. Paragraph 537 purports to quote or summarize previous orders from the MDL Court, and those materials speak for themselves. Inasmuch as a response is required, OptumRx denies the allegations in Paragraph 537.

### 3. The CSA Applies to All Persons Who Dispense Controlled Substances

538. This Paragraph asserts Plaintiff's interpretation of federal law, so no response is required. OptumRx also lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 538 and on that basis denies them.

539. This Paragraph asserts Plaintiff's interpretation of federal law, so no response is required. OptumRx also lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 539 and on that basis denies them.

540. This Paragraph asserts Plaintiff's interpretation of federal law, so no response is required. OptumRx also lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 540 and on that basis denies them.

541. Inasmuch as Paragraph 541 purports to quote or summarize court decisions, those materials speak for themselves. Otherwise, this Paragraph asserts Plaintiff's interpretation of federal law, so no response is required. Inasmuch as a response is required, OptumRx denies the allegations in Paragraph 541.

542. The allegations in Paragraph 542 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 542 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx admits that it operates home-delivery pharmacies in its capacity as a Home Delivery Pharmacy. OptumRx otherwise denies the allegations in Paragraph 542.

**B.      Defendants Violated the Controlled Substances Act**

543.     This Paragraph asserts Plaintiff's interpretation of federal law, so no response is required. Inasmuch as a response is required, OptumRx denies the allegations in Paragraph 543.

544.     Paragraph 544 purports to quote or summarize an article, and those materials speak for themselves. Otherwise, this Paragraph asserts Plaintiff's interpretation of federal law, so no response is required. OptumRx also lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 544 and on that basis denies them.

545.     This Paragraph asserts Plaintiff's interpretation of federal law, so no response is required. OptumRx also lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 545 and on that basis denies them.

546.     OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 546 and on that basis denies them.

547.     OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 547 and on that basis denies them.

548.     This Paragraph asserts Plaintiff's interpretation of federal law, so no response is required. OptumRx also lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 548 and on that basis denies them.

549.     The allegations in Paragraph 549 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 549 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

550.     The allegations in Paragraph 550 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 550 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

551.     The allegations in Paragraph 551 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 551 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

552.    The allegations in Paragraph 552 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 552 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

553.    The allegations in Paragraph 553 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 553 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

554.    The allegations in Paragraph 554 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 554 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

555.    The allegations in Paragraph 555 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 555 about Optum, Inc. Inasmuch as the allegations in Paragraph 555 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

556.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 556 and on that basis denies them.

557.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 557 and on that basis denies them.

558.    The allegations in Paragraph 558 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 558 about Optum, Inc. Inasmuch as the allegations in Paragraph 558 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

559.    The allegations in Paragraph 559 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 559 about Optum, Inc. Inasmuch as the allegations in

Paragraph 559 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

560. The allegations in Paragraph 560 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 560 about Optum, Inc. Inasmuch as the allegations in Paragraph 560 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

561. The allegations in Paragraph 561 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 561 about Optum, Inc. Inasmuch as the allegations in Paragraph 561 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

562. Paragraph 562 purports to quote or summarize materials produced by OptumRx. Those materials speak for themselves, and inasmuch as the allegations in Paragraph 562 are inconsistent with those materials, they are denied. OptumRx otherwise denies the allegations in Paragraph 562.

563. Paragraph 563 purports to quote or summarize materials produced by OptumRx. Those materials speak for themselves, and inasmuch as the allegations in Paragraph 563 are inconsistent with those materials, they are denied. OptumRx otherwise denies the allegations in Paragraph 563.

564. The allegations in Paragraph 564 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 564 about Optum, Inc. Inasmuch as the allegations in Paragraph 564 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

565. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 565 and on that basis denies them.

566.     OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 566 and on that basis denies them.

567.     OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 567 and on that basis denies them.

568.     OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 568 and on that basis denies them.

569.     OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 569 and on that basis denies them.

570.     OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 570 and on that basis denies them.

571.     Paragraph 571 purports to quote or summarize materials from Purdue, and those materials speak for themselves. Otherwise, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 571 and on that basis denies them.

572.     OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 572 and on that basis denies them.

573.     The allegations in Paragraph 573 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 573 about Optum, Inc. Inasmuch as the allegations in Paragraph 573 are directed against OptumRx, OptumRx denies them.

574.     OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 574 and on that basis denies them.

575.     OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 575 and on that basis denies them.

576.     OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 576 and on that basis denies them.

577.     The allegations in Paragraph 577 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not

respond to the allegations in Paragraph 577 about Optum, Inc. Inasmuch as the allegations in Paragraph 577 are directed against OptumRx, OptumRx denies them.

578. The allegations in Paragraph 578 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 578 about Optum, Inc. Inasmuch as the allegations in Paragraph 577 are directed against OptumRx, OptumRx denies them.

579. The allegations in Paragraph 579 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 579 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

580. The allegations in Paragraph 580 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 580 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

581. The allegations in Paragraph 581 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 581 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

582. The allegations in Paragraph 582 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 582 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

583. The allegations in Paragraph 583 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 583 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

## VII.  Express Scripts and Optum Contributed to the Public Health Crisis in Plaintiff's Community

584. The allegations in Paragraph 584 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 584 about Optum, Inc. Inasmuch as the allegations in

Paragraph 584 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

585. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 585 and on that basis denies them.

586. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 586 and on that basis denies them.

587. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 587 and on that basis denies them.

588. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 588 and on that basis denies them.

589. The allegations in Paragraph 589 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 589 about Optum, Inc. Inasmuch as the allegations in Paragraph 589 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

590. OptumRx denies that it is the cause of Plaintiff's alleged harm. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 590 and on that basis denies them.

591. OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 591 and on that basis denies them.

**VIII. Facts Pertaining to the Formulary & UM Enterprise**

592. The allegations in Paragraph 592 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 592 about Optum, Inc. Inasmuch as the allegations in Paragraph 592 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

593.    The allegations in Paragraph 593 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 593 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

594.    OptumRx denies the allegations in Paragraph 594.

595.    The allegations in Paragraph 595 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 595 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

596.    OptumRx denies the allegations in Paragraph 596.

597.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 597 and on that basis denies them.

598.    The allegations in Paragraph 598 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 598 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

599.    The allegations in Paragraph 599 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 599 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

600.    The allegations in Paragraph 600 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 600 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

601.    The allegations in Paragraph 601 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 601 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

602.    The allegations in Paragraph 602 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 602 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

603.    The allegations in Paragraph 603 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 603 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

604.    The allegations in Paragraph 604 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 604 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

605.    The allegations in Paragraph 605 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 605 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

606.    Inasmuch as the allegations in Paragraph 606 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

A.    **Formation of the Formulary & UM Enterprise**

607.    Inasmuch as the allegations in Paragraph 607 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

608.    The allegations in Paragraph 608 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 608 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

609.    The allegations in Paragraph 609 are vaguely and improperly pleaded against "PBMs." Inasmuch as the allegations in Paragraph 609 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

610.    The allegations in Paragraph 610 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 610 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

611.    The allegations in Paragraph 611 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 611 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

612.    The allegations in Paragraph 612 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 612 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

613.    The allegations in Paragraph 613 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 613 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

614.    Paragraph 614 purports to quote or summarize online articles, and those materials speak for themselves. The allegations in Paragraph 614 are vaguely and improperly pleaded against "PBMs." Inasmuch as the allegations in Paragraph 614 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

615.    Paragraph 615 purports to quote or summarize online websites, and those materials speak for themselves. The allegations in Paragraph 615 are vaguely and improperly pleaded against "PBMs." Inasmuch as the allegations in Paragraph 615 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

616.    Paragraph 616 purports to quote or summarize online websites, and those materials speak for themselves. The allegations in Paragraph 616 are vaguely and improperly pleaded against "PBMs." Inasmuch as the allegations in Paragraph 616 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

617.    Paragraph 617 purports to quote or summarize materials from the PCMA, and those materials speak for themselves. The allegations in Paragraph 617 are vaguely and improperly pleaded against "PBMs." Inasmuch as the allegations in Paragraph 617 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

618.    OptumRx admits that it is a member of PCMA and that Dr. Patrick Conway is the CEO of OptumRx. OptumRx otherwise denies the allegations in Paragraph 618.

619.    Paragraph 619 purports to quote or summarize materials from the PCMA, and those materials speak for themselves. OptumRx otherwise denies the allegations in Paragraph 619.

620.    The allegations in Paragraph 620 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 620 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

621.    OptumRx admits that PCMA holds meetings and conferences. OptumRx otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 621 and on that basis denies them.

622.    The allegations in Paragraph 622 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 622 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx admits that certain of its employees attended some PCMA conferences. OptumRx otherwise denies the allegations in Paragraph 622.

623.    The allegations in Paragraph 623 are not directed at OptumRx, and OptumRx denies them on that basis.

624.    Paragraph 624 purports to quote or summarize materials from PCMA, and those materials speak for themselves. Otherwise, the allegations in Paragraph 624 are not directed at OptumRx, and OptumRx denies them on that basis.

625.    The allegations in Paragraph 625 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 625 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx admits that certain of its employees attended some PCMA conferences and met with other representatives in the healthcare industry. OptumRx otherwise denies the allegations in Paragraph 625.

626.    OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 626 and on that basis denies them.

627.    The allegations in Paragraph 627 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 627 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

628.     The allegations in Paragraph 628 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 628 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

629.     The allegations in Paragraph 629 are vaguely and improperly pleaded against "PBMs." Inasmuch as the allegations in Paragraph 629 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

630.     OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 630 and on that basis denies them.

631.     Inasmuch as Paragraph 631 purports to quote or summarize materials from Purdue, those materials speak for themselves. Otherwise, the allegations in Paragraph 641 are not directed at OptumRx, and OptumRx denies them on that basis.

632.     The allegations in Paragraph 632 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 632 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

633.     Inasmuch as Paragraph 633 purports to quote or summarize materials from Purdue, those materials speak for themselves. The allegations in Paragraph 633 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 633 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

634.     OptumRx denies the allegations in Paragraph 634. As to any other Defendant, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 634 and on that basis denies them.

635.     Inasmuch as Paragraph 635 purports to quote or summarize materials from Purdue, those materials speak for themselves. OptumRx denies the allegations in Paragraph 635. As to any other Defendant, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 635 and on that basis denies them.

636.     Inasmuch as Paragraph 636 purports to quote or summarize materials from Purdue, those materials speak for themselves. The allegations in Paragraph 636 are vaguely and improperly

pleaded against "PBMs." Inasmuch as the allegations in Paragraph 636 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

637.    OptumRx denies the allegations in Paragraph 637. As to any other Defendant, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 637 and on that basis denies them.

**B.    The Common Purpose and Fraudulent Scheme of the Formulary & UM Enterprise**

638.    The allegations in Paragraph 638 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 638 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

639.    OptumRx denies the allegations in Paragraph 639. As to any other Defendant, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 639 and on that basis denies them.

640.    OptumRx denies the allegations in Paragraph 640. As to any other Defendant, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 640 and on that basis denies them.

641.    The allegations in Paragraph 641 are not directed at OptumRx, and OptumRx denies them on that basis.

642.    The allegations in Paragraph 642 are not directed at OptumRx, and OptumRx denies them on that basis.

643.    The allegations in Paragraph 643 are not directed at OptumRx, and OptumRx denies them on that basis.

644.    The allegations in Paragraph 644 are not directed at OptumRx, and OptumRx denies them on that basis.

645.    The allegations in Paragraph 645 are not directed at OptumRx, and OptumRx denies them on that basis.

646.    The allegations in Paragraph 646 are not directed at OptumRx, and OptumRx denies them on that basis.

647.    Inasmuch as Paragraph 647 purports to quote or summarize materials from Purdue, those materials speak for themselves. The allegations in Paragraph 647 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 647 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

648.    OptumRx denies the allegations in Paragraph 648. As to any other Defendant, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 648 and on that basis denies them.

649.    The allegations in Paragraph 649 are not directed at OptumRx, and OptumRx denies them on that basis.

650.    The allegations in Paragraph 650 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 650 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

651.    The allegations in Paragraph 651 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 651 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

652.    The allegations in Paragraph 652 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 652 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

653.    Inasmuch as Paragraph 653 purports to quote or summarize materials from Endo Pharmaceuticals, those materials speak for themselves. OptumRx otherwise denies the allegations in Paragraph 653. As to any other Defendant, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 653 and on that basis denies them.

654.    Inasmuch as Paragraph 654 purports to quote or summarize materials from Endo Pharmaceuticals, those materials speak for themselves. Otherwise, the allegations in Paragraph 654 are not directed at OptumRx, and OptumRx denies them on that basis.

655.    The allegations in Paragraph 655 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 655 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

656.    The allegations in Paragraph 656 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 656 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

657.    Paragraph 657 purports to quote or summarize materials produced by Purdue Pharma and a publication, and those materials speak for themselves. Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumRx will not respond to the allegations in Paragraph 657 about Optum, Inc. Inasmuch as the allegations in Paragraph 657 are directed against OptumRx or could be construed as directed against OptumRx, denies them.

658.    Inasmuch as Paragraph 658 purports to quote or summarize statements made by alleged former Express Scripts employees, those materials speak for themselves. The allegations in Paragraph 658 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 658 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

659.    Inasmuch as Paragraph 659 purports to quote or summarize statements made by alleged former Express Scripts employees, those materials speak for themselves. Otherwise, the allegations in Paragraph 659 are not directed at OptumRx, and OptumRx denies them on that basis.

660.    Inasmuch as Paragraph 660 purports to quote or summarize statements made by alleged former Express Scripts employees, those materials speak for themselves. Otherwise, the allegations in Paragraph 660 are not directed at OptumRx, and OptumRx denies them on that basis.

661.    Paragraph 661 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. The allegations in Paragraph 661 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 661 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

662.    The allegations in Paragraph 662 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 662 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

663.    The allegations in Paragraph 663 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 663 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

664.    Inasmuch as Paragraph 664 purports to quote or summarize materials produced by OptumRx, those materials speak for themselves. The allegations in Paragraph 664 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 664 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

665.    Inasmuch as Paragraph 665 purports to quote or summarize materials produced by OptumRx, those materials speak for themselves. Insofar as allegations are made against OptumRx based on those materials, OptumRx denies them.

666.    Inasmuch as Paragraph 666 purports to quote or summarize materials produced by OptumRx, those materials speak for themselves. Insofar as allegations are made against OptumRx based on those materials, OptumRx denies them.

667.    OptumRx denies the allegations in Paragraph 667.

668.    OptumRx denies the allegations in Paragraph 668.

669.    Inasmuch as Paragraph 669 purports to quote or summarize materials produced by OptumRx, those materials speak for themselves. Insofar as allegations are made against OptumRx based on those materials, OptumRx denies them.

670.    OptumRx denies the allegations in Paragraph 670.

671.    Inasmuch as Paragraph 671 purports to quote or summarize materials produced by Express Scripts, those materials speak for themselves. Otherwise, the allegations in Paragraph 671 are not directed at OptumRx, and OptumRx denies them on that basis.

672.    OptumRx denies the allegations in Paragraph 672.

673.    The allegations in Paragraph 673 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 673 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

674.    Inasmuch as the allegations in Paragraph 674 are directed against or could be construed as directed against OptumRx, OptumRx denies them.

C.    **Conduct and Participation of the Formulary & UM Enterprise Through a Pattern of Racketeering Activity**

675.    The allegations in Paragraph 675 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 675 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

676.    The allegations in Paragraph 676 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 676 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

677.    OptumRx denies the allegations in Paragraph 677. As to any other Defendant, OptumRx lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 677 and on that basis denies them.

678.    The allegations in Paragraph 678 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 678 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

679.    The allegations in Paragraph 679 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 679 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

680.    The allegations in Paragraph 680 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 680 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

681.    The allegations in Paragraph 681 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 681 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

682.    The allegations in Paragraph 682 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 682 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

683.    The allegations in Paragraph 683 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 683 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

684.    The allegations in Paragraph 684 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 684 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

685.    The allegations in Paragraph 685 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 685 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

686.    The allegations in Paragraph 686 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 686 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

687.    The allegations in Paragraph 687 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 687 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

688.    The allegations in Paragraph 688 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 688 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

689.    The allegations in Paragraph 689 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 689 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

690.    The allegations in Paragraph 690 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 690 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

691.    The allegations in Paragraph 691 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 691 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

## IX.    Plaintiff's Claims Are Timely

692.    Paragraph 692 contains legal conclusions to which no response is required. Inasmuch as a response is required, OptumRx denies the allegations in Paragraph 692.

693.    Paragraph 693 contains legal conclusions to which no response is required. Inasmuch as a response is required, OptumRx denies the allegations in Paragraph 693.

694.    Paragraph 694 contains legal conclusions to which no response is required. Inasmuch as a response is required, OptumRx denies the allegations in Paragraph 694.

695.    Paragraph 695 contains legal conclusions to which no response is required. Inasmuch as a response is required, OptumRx denies the allegations in Paragraph 695.

696.    Paragraph 696 contains legal conclusions to which no response is required. Inasmuch as a response is required, OptumRx denies the allegations in Paragraph 696.

697.    Paragraph 697 contains legal conclusions to which no response is required. Inasmuch as a response is required, OptumRx denies the allegations in Paragraph 697.

698.    OptumRx denies the allegations in Paragraph 698.

699.    OptumRx denies the allegations in Paragraph 699.

700.    The allegations in Paragraph 700 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 700 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

701.    Paragraph 701 contains legal conclusions to which no response is required. Inasmuch as a response is required, OptumRx denies the allegations in Paragraph 701.

702.    Paragraph 702 contains legal conclusions to which no response is required. The allegations in Paragraph 702 are also vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as a response is required, OptumRx denies the allegations in Paragraph 702.

703.    Paragraph 703 contains legal conclusions to which no response is required. Inasmuch as a response is required, OptumRx denies the allegations in Paragraph 703.

704.    Paragraph 704 contains legal conclusions to which no response is required. Inasmuch as a response is required, OptumRx denies the allegations in Paragraph 704.

705.    OptumRx denies the allegations in Paragraph 705.

706.    Paragraph 706 contains legal conclusions to which no response is required. Inasmuch as a response is required, OptumRx denies the allegations in Paragraph 706.

## X.    Defendants Entered into and Engaged in a Civil Conspiracy

707.    Paragraph 707 improperly purports to "incorporate[]" allegations from a prior complaint. Paragraph 707 does not set forth any factual allegations to which a response is required. Inasmuch as a response is required, OptumRx denies the allegations in Paragraph 707 and each and every allegation in the June 5, 2019 Verified Complaint.

708.    Paragraph 708 contains legal conclusions to which no response is required. The allegations in Paragraph 708 are also vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as a response is required, OptumRx denies the allegations in Paragraph 708.

709.    The allegations in Paragraph 709 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 709 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

710.    Paragraph 710 contains legal conclusions to which no response is required. The allegations in Paragraph 710 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as a response is required, OptumRx denies the allegations in Paragraph 710 and each and every allegation in the June 5, 2019 Verified Complaint.

711.    The allegations in Paragraph 711 are vaguely and improperly pleaded against "Defendant[s]." Inasmuch as the allegations in Paragraph 711 are directed against OptumRx or could be construed as directed against OptumRx, OptumRx denies them.

712.    Paragraph 712 contains legal conclusions to which no response is required. Inasmuch as a response is required, OptumRx denies the allegations in Paragraph 712.

713.    Paragraph 713 contains legal conclusions to which no response is required. The allegations in Paragraph 713 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as a response is required, OptumRx denies the allegations in Paragraph 713.

714.    Paragraph 714 contains legal conclusions to which no response is required. The allegations in Paragraph 714 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as a response is required, OptumRx denies the allegations in Paragraph 714.

715.    Paragraph 715 contains legal conclusions to which no response is required. The allegations in Paragraph 715 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as a response is required, OptumRx denies the allegations in Paragraph 715.

716.    Paragraph 716 contains legal conclusions to which no response is required. Inasmuch as a response is required, OptumRx denies the allegations in Paragraph 716 and each and every allegation in the June 5, 2019 Verified Complaint.

## XI.    Successor Liability

717.    Paragraph 717 contains legal conclusions to which no response is required. Inasmuch as a response is required, OptumRx denies the allegations in Paragraph 717.

## XII.    Alter Ego Liability

718.    Paragraph 718 contains legal conclusions to which no response is required. Inasmuch as a response is required, OptumRx denies the allegations in Paragraph 718.

## XIII.   Claims for Relief

### FIRST CLAIM FOR RELIEF—CREATION OF A PUBLIC NUISANCE
### (Brought by Plaintiff against All Defendants)

719.  OptumRx incorporates by reference its responses to all prior paragraphs as if set forth fully herein. OptumRx denies the allegations in Paragraph 719.

720–783.  Paragraphs 720–783 assert legal conclusions to which no response is required. Inasmuch as a response is required, OptumRx denies the allegations in Paragraphs 720–783.

### SECOND CLAIM FOR RELIEF—VIOLATION OF FEDERAL CIVIL RICO,
### 18 U.S.C. 1961, ET SEQ.; 1964(c)
### (Brought by Plaintiff against All Defendants)

784.  OptumRx incorporates by reference its responses to all prior paragraphs as if set forth fully herein. OptumRx denies the allegations in Paragraph 784.

785–817.  Paragraphs 785–817 assert legal conclusions to which no response is required. Inasmuch as a response is required, OptumRx denies the allegations in Paragraphs 785–817.

### THIRD CLAIM FOR RELIEF—NEGLIGENCE AND GROSS NEGLIGENCE

### (Brought by Plaintiff against All Defendants)

818.  OptumRx incorporates by reference its responses to all prior paragraphs as if set forth fully herein. OptumRx denies the allegations in Paragraph 818.

819–840.  Paragraphs 819–840 assert legal conclusions to which no response is required. Inasmuch as a response is required, OptumRx denies the allegations in Paragraphs 819–840.

### FOURTH CLAIM FOR RELIEF – DECEPTIVE ACTS AND PRACTICES: NEW YORK
### GENERAL BUSINESS LAW § 349
### (Brought by Plaintiff against All Defendants)

841.  OptumRx incorporates by reference its responses to all prior paragraphs as if set forth fully herein. OptumRx denies the allegations in Paragraph 841.

842–852.  Paragraphs 842–852 assert legal conclusions to which no response is required. Inasmuch as a response is required, OptumRx denies the allegations in Paragraphs 842–852.

**FIFTH CLAIM FOR RELIEF— FALSE ADVERTISING: NEW YORK GENERAL
BUSINESS LAW §350
(Brought by Plaintiff against All Defendants)**

853.  OptumRx incorporates by reference its responses to all prior paragraphs as if set forth fully herein. OptumRx denies the allegations in Paragraph 853.

854–863.  Paragraphs 854–863 assert legal conclusions to which no response is required. Inasmuch as a response is required, OptumRx denies the allegations in Paragraphs 854–863.

**SIXTH CLAIM FOR RELIEF— VIOLATION OF NEW YORK
SOCIAL SERVICES LAW § 145-B
(Brought by Plaintiff against All Defendants)**

864.  OptumRx incorporates by reference its responses to all prior paragraphs as if set forth fully herein. OptumRx denies the allegations in Paragraph 864.

865–869.  Paragraphs 865–869 assert legal conclusions to which no response is required. Inasmuch as a response is required, OptumRx denies the allegations in Paragraphs 865–869.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof that it would not otherwise bear, OptumRx asserts the following affirmative and other defenses to the allegations and claims in the Supplemental and Amended Allegations to be Added to the Verified Complaint ("Amended Complaint" OR "SAC"). OptumRx denies wrongdoing or liability of any kind; no defense constitutes an admission that OptumRx is liable to the City, that the City has been or will be injured or damaged, or that the City is entitled to relief from OptumRx.

OptumRx reserves the right to add or amend its affirmative and other defenses as facts develop through discovery.

## FIRST DEFENSE

The City's claims against OptumRx are barred, in whole or in part, by the applicable statutes of limitation, including but not limited to:

  a.  The City's negligence and public nuisance claims are subject to a three-year limitations period. N.Y. Gen. Bus. Law §§ 349–50; N.Y. CPLR §§ 214, 214-c. The City filed suit against OptumRx on June 5, 2019. The City's alleged damages were

sustained and capable of ascertainment more than three years before the City filed suit against OptumRx. By that point, a reasonable person would have been put on notice that an injury and substantial damages may have occurred and would have undertaken to ascertain the extent of alleged damages. Accordingly, the limitations period had already expired before the City sued OptumRx.

b. The applicable statute of limitations, N.Y. CPLR § 213, bars the City's fraud claims and unjust enrichment claims (which the City has now withdrawn). The limitations period for fraud claims is the greater of six years from the date the cause of action accrued or two years from the time the plaintiff or the person under whom the plaintiff claims discovered the fraud, or could with reasonable diligence have discovered it." N.Y. CPLR § 213. The City filed suit against OptumRx on June 5, 2019. The City discovered, or should have discovered with the exercise of reasonable diligence, any alleged fraud or wrongful acts more than six years prior to June 5, 2019. *See* Orig. Compl. ¶¶ 1092, 1176-91.

c. The City's RICO claims are barred by the four-year statute of limitation. *See Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143 (U.S. 1987). The City knew, or with the exercise of reasonable diligence should have known, facts sufficient to trigger this claim more than four years prior to when the City filed suit on June 5, 2019.

By the City's own allegations, the City was aware of, on notice of, or discovered or ascertained (or in the exercise of due diligence should have discovered or ascertained) the facts underlying all of its claims against OptumRx—including its alleged injuries and damages and the facts constituting the alleged fraud—long enough ago such that the limitations periods applicable to each of the City's claims against OptumRx had already expired before the City filed suit against OptumRx. *See, e.g.*, SAC ¶¶ 17, 18, 29, 30, 32, 33, 38, 41, 50, 62, 265, 276, 277, 284, 286, 287,

290, 291, 301, 302, 303, 310, 330, 342, 352, 353, 356, 358-362, 385, 400, 405, 419, 445, 579, 612. All of the City's claims against OptumRx are time-barred.

## SECOND DEFENSE

The equitable doctrine of laches bars the City's claims. Based on the City's own allegations, its claimed injuries began in the late 1990s (*see, e.g.*, SAC ¶¶ 32, 33, 57, 255, 291, 330, 393, 585, 587), yet it waited more than fifteen years to sue OptumRx. The City failed to sue OptumRx until 2019, years after a wave of similar litigation began in 2014. More than fifteen years passed between when the City became aware of its alleged injuries and when it ultimately sued OptumRx. The City's unreasonable delay in filing suit has prejudiced OptumRx in various ways.

## THIRD DEFENSE

The equitable doctrines of estoppel, unclean hands, *in pari delicto*, and waiver bar the City's claims.

a. The City's delay and failure to engage in protective measures bar its claims under the equitable doctrines of estoppel, unclean hands, or waiver.

b. Those equitable doctrines also bar the City from arguing that having opioids on a formulary somehow contributed to its damages. Health-plan sponsors—including the City—design the benefits offered to their members. That includes choosing formularies and selecting restrictions on opioids.

c. Those equitable doctrines further bar the City from pursuing its claims in this lawsuit because the City provided loans to local pharmacies to purchase drug inventory from Rochester Drug Co-Operative, Inc., an organization which the City knew, or reasonably should have known, unlawfully distributed opioids to pharmacy customers that were being sold and used illicitly.

d. Those equitable doctrines bar the City from pursuing its claims in this lawsuit because despite the City's knowledge of the Purdue guilty plea relating to the marketing of OxyContin in 2007, the addictive nature of OxyContin, and the alleged "harms" of OxyContin, the City of Rochester had OxyContin on its own chosen and controlled

159

Commercial and Medicare Part D Formularies at least until 2022. The City's Medicare Part D Formulary, for example, allows the dispensing and adjudication of claims for 90 tabs of OxyContin for 30 days without Prior Authorization.

## FOURTH DEFENSE

The City lacks standing to pursue its claims.

a. The City does not, and cannot, plead a concrete, particularized injury.

b. The City does not, and cannot, show that its alleged injuries are fairly traceable to OptumRx's alleged misconduct.

c. The City does not, and cannot, show that any relief against OptumRx would redress its claimed injuries because the only damages it allegedly suffered—the costs of providing certain public services—are speculative and have no connection to OptumRx's offering administrative and formulary services to its clients.

## FIFTH DEFENSE

The City's claims and damages are barred or limited because they intrude on and overlap with claims that the State of New York pressed in a separate litigation. In August of 2018, the State of New York brought a *parens patriae* action asserting substantially similar claims on behalf of both the State and its citizens and political subdivisions. *See State of New York, ex rel. Letitia James v. Purdue Pharma, L.P., et al.*, Index No. 40016/2018 (Sup. Ct. Suffolk Cnty). The City seeks the same damages as the State.

## SIXTH DEFENSE

The City cannot recover for alleged harms that flow from a product or activity subject to various forms of regulatory control or oversight. For instance, Congress tasked the Drug Enforcement Agency ("DEA") with regulating opioids and opioid prescribers and gave it the ability to strip problematic prescribers of their authority to prescribe opioids and other controlled substances. The City's claims are barred inasmuch as various agencies or regulators (including, but not limited to, Centers for Medicare and Medicaid Services ("CMS"), the DEA and the U.S. Food

and Drug Administration ("FDA")) regulate or control the product or activity that allegedly gave rise to the claimed harms.

## SEVENTH DEFENSE

The political-question and separation-of-powers doctrines bar the City's claims and damages. The City's claims are non-justiciable because they would require the Court to make policy-based determinations—such as balancing the benefits and utility of prescription opioid medications (including for treating chronic pain)—against the risks of their misuse and abuse. The City's claims would also require the Court to decide what quantity of prescription opioids should be available to the City's residents and what opioids should appear on health plans' formularies and what restrictions or utilization management options those opioids should be subject to.

## EIGHTH DEFENSE

The following statutes and their implementing regulations preempt the City's claims: the Medicare Act (42 U.S.C. § 1395), the Medicaid statutes, the Employee Retirement Income Security Act ("ERISA") (29 U.S.C. § 1144), TRICARE, (10 U.S.C. § 1103(a)), the Federal Employee Health Benefits Act ("FEHBA"), (5 U.S.C. § 8902(m)(1)), the Patient Protection and Affordable Care Act (the "ACA"). (*see, e.g.*, 42 U.S.C. § 18000 *et seq.*, 42 U.S.C. § 300gg), and the Food, Drug, and Cosmetic Act, (21 U.S.C. § 355(b)(1)(d); (j)(2)(A)(v); (j)(4)(G)). In particular:

a. The Federal Medicare Act, 42 U.S.C. § 1395, *et seq.*, and its implementing regulations and the federal Medicaid laws and their implementing regulations preempt the City's claims and alleged damages relating to health-plan formularies, including Medicare or Medicaid plans. The City's claims in the Amended Complaint implicate Medicare plans and Part D formularies. *See, e.g.*, SAC ¶¶ 353, 426, 427, 449. Under the Medicare Act, "the standards established under this part shall supersede any State law or regulation . . . with respect to [Part D prescription drug] plans which are offered by [Part D sponsors] under this part." 42 U.S.C. § 1395w–26(b)(3); *see also* 42 C.F.R. § 432.440(a) (2005) (same). Those federal standards

161

preempt the City's claims against OptumRx that relate to Medicare plans, Medicare Part D formularies, or other aspects of Medicare. *See, e.g.*, SAC ¶¶ 448-459. When implementing the Medicare Act, CMS established standards governing Part D formularies. *See* 42 C.F.R. § 423.120(b)(2)(ii)–(iv); Medicare Modernization Act Final Guidelines—Formularies §§ 30.2, 30.2.1, 30.1.5. Those federal standards preempt the City's claims against OptumRx because the City attempts to impose liability based on how prescription drugs, including opioids, are selected and priced on Medicare Part D formularies that CMS has approved. The City cannot use New York state law and causes of action to second-guess CMS's decisions.

b.  ERISA preempts "any and all" state laws that "relate to [an] employee benefit plan," barring or limiting the City's claims. 29 U.S.C. § 1144(a); 29 U.S.C. § 1002(1). ERISA preempts the City's claims because they relate to employer-sponsored health plans and the drugs covered and dispensed through those plans. *See, e.g.*, SAC ¶¶ 34, 253, 279, 317, 358, 391, 550. ERISA also preempts the City's claims against OptumRx because they relate to plans' decisions about whether to adopt, reject, or customize OptumRx's offered formularies in reimbursing for FDA-approved, physician-prescribed opioids. *See, e.g.*, SAC ¶¶ 212, 275, 284, 638. Through its claims, the City also seeks to mandate employee benefit structures and their administration by influencing plan decisions about how to cover and reimburse prescription opioids. *See, e.g.*, SAC ¶¶ 195, 275, 284–86.

c.  FEHBA preempts some or all of the City's claims and alleged damages. FEHBA establishes a program that provides health benefits for civilian federal employees, their families, and federal retirees and expressly preempts State and local law. *See* 5 U.S.C.§ 8902(m)(1). The U.S. Office of Personnel Management's contracts with insurance carriers for health benefit plans authorized by FEHBA establish specific standards for PBM arrangements. State claims, such as those here, that attempt to

162

dictate the terms of such arrangements would interfere with nationally uniform FEHBA plan administration and are expressly preempted. *See, e.g.*, SAC ¶¶ 34, 253, 279, 317, 358, 391, 550.

d.  The ACA, 42 U.S.C. § 18000 *et seq.*, 42 U.S.C. § 300gg, and its implementing regulations, *see* 45 C.F.R. § 156.100 *et seq.*, preempt the City's claims and alleged damages. Under the ACA, Congress required that all insurance plans offered to individuals and small groups must include an "essential health benefits package." *Schmitt v. Kaiser Found. Health Plan of Washington*, 965 F.3d 945, 949 (9th Cir. 2020) (*quoting* 42 U.S.C. § 300gg-6(a); see also 45 C.F.R. § 147.150(a)). The Department of Health and Human Services (DHHS) prepared a series of regulations specifying the requirements for "essential health benefits." (*See* 45 C.F.R. § 156.100 *et seq.*). These regulations require each state to select a benchmark plan that covers a minimum set of essential health benefits ("EHB benchmark plan"). (*See id.* §§ 156.100, 156.110, 156.115, 156.122). Those regulations state that a health plan "does not provide essential health benefits unless it . . . covers at least the greater of: (i) one drug in every [USP] category and class; or (ii) the same number of prescription drugs in each category and class as the EHB-benchmark plan[.]" (*Id.* § 156.122(a).) New York's EHB benchmark plan contains multiple long-acting and short-acting opioid medications. As a result, every individual or small group plan administered by OptumRx in New York is required to cover at least as many opioids in each category and class as New York's EHB benchmark plan. The ACA preempts the City's claims because the City seeks to impose liability based on actions required by federal law, and will frustrate Congressional intent to reduce the cost of prescription medication, including prescription opioids.

e.  The Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 355(b)(1),(d), (j)(2)(A)(v), (j)(4)(G), and its implementing regulations, 21 C.F.R. §§ 314.94(a)(8), 314.127(a)(7), preempt the City's claims and alleged damages. As a PBM, OptumRx has no authority to alter

the labels of prescription opioids, which are designed by the manufacturers and approved by the FDA. OptumRx reasonably relied on the FDA's determinations.

f.   The City's claims are barred or limited because they are preempted by TRICARE. 10 U.S.C. § 1103(a). The TRICARE program, established by the Department of Defense ("DOD"), provides medical and dental care for current and certain former military members, and their dependents. 10 U.S.C. § 1071. It has a sweeping preemption clause: "[A]ny State or local law relating to health insurance, prepaid health plans, or other health care delivery or financing methods is preempted and does not apply in connection with TRICARE pharmacy contracts." 32 C.F.R. § 199.21(o)(2); see also 10 U.S.C. § 1103(a). Pursuant to TRICARE, DOD established "a uniform formulary" that encompasses "the complete range of therapeutic classes" for the pharmacy benefits program administered by OptumRx as a PBM. The DOD is required by law to enter into contracts to provide healthcare services to TRICARE members. *See* 10 U.S.C. § 1073a. The DOD is also statutorily required to establish an "effective, efficient, integrated pharmacy benefits program" for TRICARE. 10 U.S.C. § 1074g. TRICARE, and the regulations promulgated thereunder, 32 C.F.R. §§ 199.17(a)(7)(iii), 199.21(o), preempt the City's claims and alleged injuries because, for example, the contract between OptumRx and the DOD, as well as the relevant related regulations and statutes, establish specific standards for the administration of TRICARE pharmacy benefit management and mail order pharmacy services. State law claims, such as those here, that attempt to dictate or alter the terms of this arrangement would interfere with nationally uniform TRICARE plan administration and therefore are expressly preempted.

The City's claims are also barred or limited because they conflict with Congress's purposes and objectives in enacting the federal statutes and authorizing regulations listed above. For purposes of conflict preemption, a conflict exists not only when it is impossible to comply with both state and federal law, but also when the state law stands as an obstacle to the accomplishment

164

and execution or the full purposes and objectives of Congress. For the reasons stated above, the City's claims are preempted because they conflict with Congress's intent regarding the administration of Medicare, Medicaid, ERISA, FEHBA, ACA, and TRICARE programs and the implementing regulations.

## NINTH DEFENSE

The government-contractor defense bars or limits the City's claims. Inasmuch as OptumRx provides pharmacy care services to any federal agency or entity, OptumRx complied with the government's reasonably precise specifications for providing those services.

## TENTH DEFENSE

The City's alleged damages were not caused by any purported OptumRx acts or omissions but instead by intervening or superseding causes or by the acts of third parties over whom OptumRx has no responsibility or control. As a PBM, OptumRx's role is limited; it does not, for example, perform the functions or services of manufacturers (who manufacture, market, and advertise opioids), distributors (who distribute opioids), physicians (who prescribe opioids to patients), or insurers (who make coverage determinations about opioid medications). Instead, it offers formulary products that a plan sponsor can accept, reject, or modify. SAC ¶ 14. As the City concedes in the Amended Complaint, plan sponsors (*i.e.*, government entities, employers, unions, trusts, health plans, and other customers)—not PBMs—decide which drugs appear on a health plan's covered prescription drug list. *Id*. Nowhere in the Amended Complaint does the City allege that any physician chose to prescribe opioids that the physician believed were not medically appropriate because the medications appeared on a particular formulary (or were less expensive than alternative medications). Nowhere in the Amended Complaint does the City allege that OptumRx made any statements that misled anyone about prescription opioids.

The independent acts of third parties whom OptumRx does not control—including, but not limited to, manufacturers who created and marketed opioids, distributors who distributed opioids, pharmacies that violated federal or state laws in filling certain opioid prescriptions, prescribers

who prescribed medically unnecessary or otherwise improper prescriptions for opioids, diverters who broke the legal supply chain of prescription drugs, regulators responsible for regulating controlled substances (such as the DEA) who failed to properly monitor and regulate opioids or monitor, regulate, and discipline doctors and pharmacies for violating state or federal law, criminal traffickers and dealers of illicit narcotics (such as heroin and counterfeit synthetic opioids), and patients who acquired opioids without a medical purpose—are intervening or superseding causes that extinguish any alleged OptumRx liability. Further, the City's claims are barred, in whole or in part, because its alleged injuries or damages were caused by unforeseeable and uncontrollable forces over which OptumRx had no control and for which OptumRx is not responsible, including without limitation pre-existing or unrelated medical conditions. In any event, if OptumRx is ever somehow found liable in part for the City's alleged harms, OptumRx is entitled to an assessment of the relative degree of fault for damages caused by parties over whom OptumRx has no control.

## ELEVENTH DEFENSE

The City's alleged damages stem from the abuse or misuse of prescription opioids by third parties over whom OptumRx does not have responsibility or control; that break any alleged causal chain in the City's claims against OptumRx. *See e.g.*, SAC ¶¶ 422, 478, 584 (discussing overprescribing); ¶ 751 (discussing the "black market" and availability of heroin and synthetic opioids); ¶ 813 (discussing street-level drug dealers). This includes (1) the entities identified in the City's response to Interrogatory 16 as parties who "contributed to the alleged public nuisance in the City," (2) the individuals identified in the City's response to Interrogatory 14 as parties who "have engaged in inappropriate, unnecessary, or illicit prescribing, dispensing, diversion, or use of Prescription Opioids in the state of New York," and (3) individuals in the City's September 27, 2024 "Red Flag" submission and exhibits.

## TWELFTH DEFENSE

The learned-intermediary doctrine bars the City's claims against OptumRx. OptumRx does not examine patients, diagnose patients, or write opioid prescriptions. Here, various physicians'

decisions to prescribe opioids based on clinical assessments of medical appropriateness and necessity sever any link between OptumRx's alleged conduct and the City's alleged injuries. Further, as the Amended Complaint asserts, the prescribers themselves had independent knowledge of the risks of opioids, and any alleged act or omission by OptumRx is not the but-for or proximate cause of any patient's alleged injury. *See, e.g.*, SAC ¶¶ 39, 42.

## THIRTEENTH DEFENSE

Dillon's Rule bars the City's claims in whole or in part. Under Dillon's Rule, without legislative authorization, local governments cannot recover in tort costs for providing emergency and public services. In the Amended Complaint, the City seeks to recover its alleged increased costs for medical care, law enforcement, and other public services in response to a long-standing social condition. It also asserts that those alleged costs were or will be incurred as part of the abatement of a claimed public nuisance. For example, the City seeks damages for "the handling of emergency responses to overdoses, providing addiction treatment, handling opioid-related investigations, arrests, adjudications, and incarcerations, treating opioid-dependent newborns in neonatal intensive care units, burying the dead, and placing thousands of children in foster care placement, among other." *See* SAC ¶ 83; *see also id.* ¶¶ 768, 773, 813. The New York General Assembly has not authorized cities to sue to recover those costs, so Dillon's Rule bars the City's claims.

## FOURTEENTH DEFENSE

The municipal-cost-recovery rule (otherwise known as the free-public-services doctrine) bars the City's claims. Under the municipal-cost-recovery rule, a political subdivision cannot recover its costs for responding to an alleged tortfeasor's conduct—including for police and emergency response services. In the Amended Complaint, the City seeks to recover costs associated with municipal services that the City is duty-bound to provide, including "increased costs of police, emergency, health, prosecution, corrections, rehabilitation, and other services." *See* SAC ¶ 768; *see also id.* ¶¶ 83, 773, 813. The New York General Assembly has not authorized a political subdivision to recover for municipal costs through a tort action.

167

**FIFTEENTH DEFENSE**

The economic-loss doctrine bars the City's claims and damages. The economic-loss doctrine "prohibits recovery in tort for purely economic losses" and is intended to "maintain the fundamental distinction between tort law and contract law." 1 Minzer, et al., Damages in Tort Actions § 1.02 (Matthew Bender 1986). The economic-loss doctrine bars the City's claims and damages because the Amended Complaint alleges no physical injury or property damage but instead seeks economic damages in the form of emergency, social, medical, and police services. *See, e.g.*, SAC ¶¶ 83, 768, 773, 813.

**SIXTEENTH DEFENSE**

The City's claims and damages are barred by the voluntary-payment doctrine. The City seeks to recover damages for voluntary payments made without contractual or other legal obligation.

**SEVENTEENTH DEFENSE**

The Due Process Clauses of the U.S. and New York Constitutions bar or limit the City's claims. Imposing liability for a local government's police expenditures under the guise of "abatement" damages, *see, e.g.*, SAC ¶¶ 83, 768, 773, 813, violates due process because there was no prior legal notice that these costs could be recovered in a tort action, nor was there prior notice or opportunity for OptumRx to abate the alleged nuisance.

**EIGHTEENTH DEFENSE**

Common law, statutory, and state constitutional constraints on the exercise of police powers by a municipality bar or limit the City's claims.

**NINETEENTH DEFENSE**

OptumRx's rights under the Due Process Clauses of the U.S. Constitution, the New York Constitution, and any other applicable state constitution are violated by any financial or other arrangement that might distort an attorney's duty to pursue justice, such as the City's use of contingency fee contracts with private counsel, including Motley Rice.

**TWENTIETH DEFENSE**

The City's claims are barred, in whole or in part, inasmuch as they violate the Dormant Commerce Clause of the U.S. Constitution.

## TWENTY-FIRST DEFENSE

The City's claims are barred, in whole or in part, inasmuch as they violate the *Ex Post Facto* clauses of the U.S. or New York constitutions.

## TWENTY-SECOND DEFENSE

The derivative-injury rule and the remoteness doctrine bar the City from recovering payments that it allegedly made on behalf of its residents to reimburse any expenses for health care, pharmaceutical care, or other public services. *See, e.g.*, SAC ¶¶ 83, 768, 773, 813.

## TWENTY-THIRD DEFENSE

The City's failure to mitigate its alleged damages bars or limits its claims. The City failed or refused to exercise reasonable care and diligence to avoid loss and minimize alleged damages and cannot recover for losses that it could have prevented with reasonable efforts or expenditures.

a. Despite alleged concerns over opioid abuse and misuse, the City failed to implement programs targeted at reducing opioid abuse or misuse, including for its own employees under the health care plan in which the City participated.

b. Despite the fact that various states and counties had already acted, the City failed to notify OptumRx or any other PBMs or pharmacies that any of their practices were allegedly contributing to an alleged injury to the City, and delayed for years in bringing a lawsuit.

c. Despite knowledge of Purdue's guilty plea in 2007 for criminal conspiracy and improper marketing of OxyContin, the City failed to act, directly or indirectly through its third party administrators or brokers, to curb the oversupply of prescription opioids in the City.

d. Despite knowledge of the utilization rate of prescription opioids within the City's own sponsored health plan, the City failed to act, directly or indirectly through its third party administrators or brokers, to limit the use of prescription opioids.

169

e.   Despite the availability of public information about the addictive nature of opioids, the City failed to act, directly or indirectly through its third party administrators or brokers, to limit the supply, distribution, prescribing, or dispensing of opioids.

f.   Despite knowledge that Rochester Drug Co-Operative, Inc. was violating federal narcotics laws by distributing controlled substances, including dangerous opioids, such as oxycodone and fentanyl, that the company knew were being sold and used illicitly, the City failed to investigate, prosecute, sue, or otherwise take action against Rochester Drug Co-Operative, Inc.

*g.*  These are illustrative examples only. Discovery or other facts may demonstrate other bases for the City's culpability.

## TWENTY-FOURTH DEFENSE

The doctrines of contributory or comparative negligence and comparative fault bar or limit the City's claim against OptumRx for its alleged damages. N.Y. CPLR § 1411. The City contributed directly and proximately to any alleged injuries or damages. Among other things, despite alleged concerns over opioid abuse and misuse, the City failed to implement programs targeted at reducing opioid abuse or misuse.

## TWENTY-FIFTH DEFENSE

Any verdict or judgment that the City might recover must be reduced under N.Y. CPLR § 1402 by amounts that the City has or will receive as indemnification for any past or future claims for economic loss.

## TWENTY-SIXTH DEFENSE

Any damages claimed by the City must be reduced by the amount of funding received, or to be received, for healthcare and other services from the federal government or other non-City sources.

## TWENTY-SEVENTH DEFENSE

The City's claims are barred or limited because the City seeks funds for programs paid for by other entities. The City seeks economic damages to pay for abatement costs. The abatement

programs, however, are funded and administered by federal and state governments, as well as plan sponsors. The City cannot recover for those funds insofar as it is not the City's function to pay for those programs, the City has no obligation to pay for such programs, and the City had never paid for the programs before filing the Amended Complaint.

### TWENTY-EIGHTH DEFENSE

The City has failed to identify each patient in whose claim(s) it has a subrogation interest and on whose behalf it has incurred costs. Inasmuch as the City seeks to recover harm as a PBM client, it cannot seek to recover from Optum Rx. OptumRx was never a PBM for a health plan offered or sponsored by the City.

### TWENTY-NINTH DEFENSE

Inasmuch as the City suffered the harms alleged in the Amended Complaint, named or unnamed entities and individuals (including the City itself) over whom OptumRx has no control or responsibility are responsible for 50% or more of those alleged injuries or expenses. As a result, at most, OptumRx, which denies wrongdoing of any kind, could be only severally liable for any verdict or judgment in the City's favor. N.Y. CPLR §§ 1411, 1412.

### THIRTIETH DEFENSE

Applicable laws bar or reduce the City's claims for punitive or exemplary damages or other civil penalties. Alternatively, the City's claims for those damages are unconstitutional insofar as they violate the due process protections afforded by the U.S. Constitution, the excessive fines clause of the Eighth Amendment of the U.S. Constitution, the Full Faith and Credit Clause of the U.S. Constitution, Article I, Section 6 of the New York Constitution, and other applicable provisions of the New York Constitution.

### THIRTY-FIRST DEFENSE

The City's claims and damages are barred or limited because its claims against OptumRx do not arise from the same transaction or occurrences as its claims against other defendants, as required for joinder of parties. In the alternative, the City's claims and damages are barred or limited because the City failed to join all necessary and indispensable parties, including health care

providers, prescribers, patients, and other third parties who the City alleges engaged in the unauthorized or illicit prescription, dispensing, diversion, or use of prescription opioid products. *See* N.Y. CPLR § 1001. For example, the Amended Complaint includes allegations about unnamed physicians who operated so-called pill mills and about drug dealers, but those physicians and individuals are not named as defendants. *See, e.g.*, SAC ¶¶ 422, 478, 584 (discussing overprescribing), ¶ 751 (discussing the "black market" and availability of heroin and synthetic opioids); ¶ 813 (discussing street-level drug dealers); *see also* City's Resp. and Obj. to Second Set of Interrogatories, Interrogatory Resp. 14 (identifying several "prescribers, pharmacies, pharmacists, and drug dealers who have engaged in inappropriate, unnecessary, or illicit prescribing, dispensing, diversion, or use of Prescription Opioids in the state of New York"); *id.* Interrogatory Resp. 16 (identifying parties who "contributed to the alleged public nuisance in the City").

## THIRTY-SECOND DEFENSE

The doctrines of waiver and ratification bar the City's claims. The City's claims are based on alleged conduct from as early as the 1990s. In the intervening decades, the City participated in several healthcare plans. Inasmuch as the City alleges that including opioids on a formulary somehow contributed to its damages, health-plan sponsors—including the City—design the benefits offered to their members. That includes choosing formularies and selecting restrictions on opioids.

## THIRTY-THIRD DEFENSE

The City's claims and damages are barred or limited inasmuch as the City asserts that OptumRx is liable because of its advocacy to governmental entities. That advocacy is protected by the First Amendment.

## THIRTY-FOURTH DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted as to OptumRx. *See* PBM Defs.' Mot. to Dismiss Supp. Am. Compl. (which OptumRx incorporates by reference, including all briefs incorporated into that motion).

## THIRTY-FIFTH DEFENSE

The City fails to state a RICO claim upon which relief may be granted in that it fails to allege how and why OptumRx's contractual negotiations of rebates, administrative fees, and/or spreads for its service to clients is an unlawful conduct or unlawful enterprise. More so, inasmuch as OptumRx recovers such rebates, administrative fees, and/or spreads for services to clients who are not the City, the City has no standing and lacks privity of contract to challenge the contract terms. *See Bd. of Managers of Trump Tower at City Ctr. Condo. by Neiditch v. Palazzolo*, 346 F. Supp. 3d 432, 472 (S.D.N.Y. 2018) (citing *McCaffery v. McCaffery*, No. 11-CV-703, 2012 WL 3260299, at *6 (E.D.N.Y. Aug. 8, 2012) ("[I]t is well settled that the failure-to-state-a-claim defense is a perfectly appropriate affirmative defense to include in the answer.")); *Erickson Beamon Ltd. v. CMG Worldwide, Inc.*, No. 12-CV-5105, 2014 WL 3950897, at *4 (S.D.N.Y. Aug. 13, 2014) (same).

## THIRTY-SIXTH DEFENSE

The City's claims are barred or limited by the sophisticated user doctrine. Because of their training and expertise, prescribers who prescribed opioid medications knew or should have known of the potential risks. Moreover, the City had personnel trained in benefit management and also hired brokers and third party administrators to help manage the City's health plans. Under the sophisticated user doctrine, OptumRx had no duty to warn the City of the risks and complications of which members of the medical community and/or other trained professionals knew or should have known.

### THIRTY-SEVENTH DEFENSE

The City's claims against OptumRx are barred, in whole or in part, because OptumRx did not owe the City any statutory or common-law duty and otherwise did not breach any such duty to the City.

### THIRTY-EIGHTH DEFENSE

The City's claims are subject to all defenses that could be asserted if the City's claims were properly made by individuals on whose behalf or for whose alleged damages the City seeks to recover.

### THIRTY-NINTH DEFENSE

Any recovery by the City is barred inasmuch as OptumRx has valid defenses that bar recovery by those persons on whose behalf the City purportedly seeks recovery.

### FORTIETH DEFENSE

The City's public-nuisance claim is barred, in whole or in part, because OptumRx did not interfere with a public right.

### FORTY-FIRST DEFENSE

The City's public-nuisance claim is barred, in whole or in part, because OptumRx does not control the instrumentality of the claimed nuisance. As a PBM, OptumRx does not control manufacturers' marketing, distributors' distribution, doctors' prescribing, pharmacies' dispensing, or the illegal diversion or misuse of opioids.

### FORTY-SECOND DEFENSE

The City's claims are barred, in whole or in part, inasmuch as the prescription medications in question were misused, modified, altered, or changed from the condition in which they were sold.

### FORTY-THIRD DEFENSE

The City's public nuisance claims are barred, in whole or in part, because none of the state or federal laws cited in the Amended Complaint apply to OptumRx in its capacity as a PBM.

### FORTY-FOURTH DEFENSE

174

The City's public nuisance claims are barred, in whole or in part, because the City has not shown that OptumRx violated a statute or engaged in any intentional wrongdoing.

### FORTY-FIFTH DEFENSE

The City's claims are barred because OptumRx did not control and is not liable for statements or omissions in the Manufacturer Defendants branded or unbranded materials.

### FORTY-SIXTH DEFENSE

Inasmuch as the City attempts to seek equitable relief, the City's claim is barred, in whole or in part, because there is an adequate remedy at law for a proper plaintiff.

### FORTY-SEVENTH DEFENSE

The City's claims are barred, in whole or in part, because OptumRx's conduct comported with generally recognized industry standards and applicable statutes and regulations.

### FORTY-EIGHTH DEFENSE

The City's claims are barred, in whole or in part, inasmuch as the City relies explicitly or implicitly on a theory of market-share liability.

### FORTY-NINTH DEFENSE

Inasmuch as the City alleges that OptumRx fraudulently concealed facts, the City failed to establish fraudulent concealment under New York law because it has not alleged a special or fiduciary relationship between the City and OptumRx.

### FIFTIETH DEFENSE

OptumRx appropriately, completely, and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the Amended Complaint.

### FIFTY-FIRST DEFENSE

The City's claims against OptumRx and damages are barred or limited to the extent that (i) OptumRx is entitled to a credit or setoff for any and all sums the City has received in the way of any and all settlements or from any other entity to abate the alleged nuisance, including if the City settled with one or more tortfeasors, then OptumRx is entitled to a monetary offset against the amount of any verdict or judgment that the City may recover against it pursuant to N.Y. Gen.

Oblig. L. § 15-108; specifically, any verdict or judgment must be reduced against OptumRx by the highest of the amount stipulated in the release, the consideration paid for the release, or the settling tortfeasor's equitable share of the damages as found by the jury or trier of fact; (ii) New York law requires apportionment of liability on the City's claims based on fault; (iii) the City seeks to recover multiple times for the same harm and the New York legislature has developed statutes to avoid double recovery; (iv) the City's claims fall within the scope of any applicable judgment, consent decree, or settlement under the doctrines of res judicata and/or collateral estoppel; or (v) the City is precluded by the doctrines of accord and satisfaction, release, failure to fulfill conditions precedent, and failure to provide requisite notice; (vi) OptumRx is entitled to apportion fault, including but not limited to:

    a.  Other PBMs that manage prescription drug benefits for numerous health plans and persons in the City. Inasmuch as OptumRx can be held liable on the City's theories, they apply with equal force to those PBMs.

    b.  Opioid manufacturers who improperly marketed and sold prescription opioids must also bear an equitable share of fault. This includes, but is not limited to, one or more of the drug manufacturers (or individuals who controlled, owned, or were related to them) identified by the City in its allegations and Responses and Objections to the PBM Defendants' Second Set of Interrogatories as parties who "contributed to the alleged public nuisance in the City[.]" City's Resp. and Obj. to Second Set of Interrogatories, Interrogatory Resp. 16.

    c.  Distributors who sold prescription opioids to retailers and contributed to the City's harm by failing to prevent diversion and to detect obvious pill mills. This includes, but is not limited to, one or more of the distributors identified by the City in its allegations and Responses and Objections to the PBM Defendants' Second Set of Interrogatories as parties who "contributed to the alleged public nuisance in the

City[.]" City's Resp. and Obj. to Second Set of Interrogatories, Interrogatory Resp. 16.

d. Pharmacies and hospitals who dispensed opioids in-person to patients in the City despite known risks must also be considered. Unlike a mail-order pharmacy, retail pharmacies service patients in person and establish relationships with customers. Inasmuch as OptumRx can be held liable on the City's "red flag" theory, which OptumRx maintains is invalid, it applies with even more force to the pharmacies in the City that actually dispensed prescription opioids and had a legal duty to do so responsibly under the CSA—a legal duty OptumRx's PBM business does not have. This includes, but is not limited to, one or more of the pharmacies and hospitals identified by the City in its allegations and Responses and Objections to the PBM Defendants' Second Set of Interrogatories as parties who "contributed to the alleged public nuisance in the City[.]" City's Resp. and Obj. to Second Set of Interrogatories, Interrogatory Resp. 16.

e. As ongoing discovery will reveal, drug cartels and drug traffickers played and continue to play a substantial role in importing and distributing opioids into the City. Each must bear their equitable share of fault. The City identified "Drug Cartels" in its allegations and Responses and Objections to the PBM Defendants' Second Set of Interrogatories as parties "who contributed to the alleged public nuisance in the City[.]" City's Resp. and Obj. to Second Set of Interrogatories, Interrogatory Resp. 16.

f. As ongoing discovery will reveal, pill mills, rogue pain clinics, and the doctors and other health professionals who work there played and continue to play a substantial role in the alleged inappropriate prescribing and misuse of opioids in the City. Each must bear their equitable share of fault. The City identified "Pill Mills" in its allegations and Responses and Objections to the PBM Defendants' Second Set of

Interrogatories as parties "who contributed to the alleged public nuisance in the City[.]" City's Resp. and Obj. to Second Set of Interrogatories, Interrogatory Resp. 16.

g.  All state and federal government agencies such as the DEA, FDA, CDC, New York State Department of Health, New York State Department of Education, among others, that encouraged using prescription opioids to treat pain—as ongoing discovery will reveal—played and continue to play a substantial role in the alleged inappropriate prescribing and misuse of opioids in the City. Each must bear their equitable share of fault.

h.  The City identified other categories of parties "who contributed to the alleged public nuisance in the City[,]" including working groups, trade associations, professional organizations, and insurers. City's Resp. and Obj. to Second Set of Interrogatories, Interrogatory Resp. 16. OptumRx is entitled to apportion fault and liability to any of these parties.

i.  Finally, the City, in its August 9, 2024 discovery responses to OptumRx' Second Set of Interrogatories, provided a list of all prescribers, pharmacies, pharmacists, and drug dealers who have engaged in illicit prescribing, dispensing, diversion, and use of prescription opioids in the state of New York and a list of all persons, companies, groups, organizations, and government entities who contributed to the alleged public nuisance. Each must bear their equitable share of fault. City's Resp. and Obj. to Second Set of Interrogatories, Interrogatory Resp. 14.

**FIFTY-SECOND DEFENSE**

Any recovery by the City may be barred or limited by the principles of informed consent or assumption of the risk, whether primary, express, or implied.

**FIFTY-THIRD DEFENSE**

The City's claims are barred, in whole or in part, by the doctrines of acquiescence, settlement, and release.

### FIFTY-FOURTH DEFENSE

The City's claims against OptumRx in its capacity as a mail-order pharmacy are barred, in whole or in part, by the deference that the common law accords to discretionary actions by the FDA (under the federal Food, Drug, and Cosmetic Act) and the DEA (under the Controlled Substances Act).

### FIFTY-FIFTH DEFENSE

The City's claims against OptumRx in its capacity as a mail-order pharmacy are barred inasmuch as they are based on any allegations involving failure to provide adequate warnings or information because all warnings or information that accompanied the allegedly distributed products were approved by the FDA under the Food, Drug, and Cosmetic Act (21 U.S.C. § 301 *et seq*.), as amended, or Section 351 of the Public Health Service Act (42 U.S.C. § 262), as amended.

### FIFTY-SIXTH DEFENSE

The City's claims against OptumRx in its capacity as a mail-order pharmacy are barred, in whole or in part, because there is no private right of action available to the City to enforce the federal Controlled Substances Act or applicable New York law.

### FIFTY-SEVENTH DEFENSE

The City's claims against OptumRx in its capacity as a mail-order pharmacy are barred or limited inasmuch as the City relies on letters or other informal guidance from the DEA to establish regulatory duties because such informal guidance cannot enlarge regulatory duties in the absence of compliance by the DEA with the requirements of the Administrative Procedure Act, 5 U.S.C. § 551 *et seq*.

### FIFTY-EIGHTH DEFENSE

The City's claims against OptumRx in its capacity as a mail-order pharmacy are barred inasmuch as they are based on alleged violations of industry customs because purported industry customs do not create legal duties.

### FIFTY-NINTH DEFENSE

The City's claims against OptumRx in its capacity as a mail-order pharmacy are barred, in whole in part, by the RESTATEMENT (SECOND) OF TORTS § 402A, cmts. j and k, and RESTATEMENT (THIRD) OF TORTS: PRODUCTS LIABILITY § 6.

### SIXTIETH DEFENSE

The City's claims of public nuisance against OptumRx in its capacity as a mail-order pharmacy are barred or limited because no alleged act or omission by OptumRx involved interference with real property; illegal conduct perpetrated by third parties involving the use of an otherwise legal product does not involve a public right against the distributor sufficient to state a claim for public nuisance; the alleged public nuisance would have impermissible extraterritorial reach; and the alleged conduct of OptumRx is too remote from the alleged injury as a matter of law and due process.

### SIXTY-FIRST DEFENSE

The City's claims against OptumRx in its capacity as a mail-order pharmacy are preempted by New York law, which regulates pharmacies and their distribution of prescription opioids. For example, New York-licensed pharmacies are subject to oversight and regulation by the New York Board of Pharmacy, N.Y. CLS Educ. § 6804, the New York State Education Department through its Office of the Professions, N.Y. CLS Educ. § 6808, and the New York Department of Health, N.Y. CLS Pub. Health Article 33. The City cannot usurp authority granted by the state legislature to regulatory agencies.

## SIXTY-SECOND DEFENSE

The City's lawsuit is barred, in whole or part, or limited by arbitration provisions in contracts relating to the City's health plan or plans.  According to the Amended Complaint, the City's claims are based on conduct from as early as the 1990s. In the intervening decades, the City has participated in several healthcare plans. Inasmuch as the City alleges that any services provided under agreements with the City caused its alleged injuries, the City's claims must be brought, if at all, in arbitration.

## SIXTY-THIRD DEFENSE

The City's claims are barred, in whole or part, or limited by indemnity provisions or limitation-of-liability provisions in contracts relating to the City's health plan or plans. According to the Amended Complaint, the City's claims are based on conduct from as early as the 1990s. In the intervening decades, the City has participated in several healthcare plans. Inasmuch as the City alleges that any services provided under agreements with the City caused its alleged injuries, the City's claims are barred or limited by provisions in those agreements.

## SIXTY-FOURTH DEFENSE

The City's claims are barred, in whole or in part, by any of the defenses set forth in the answers of the other Defendants.

## SIXTY-FIFTH DEFENSE

OptumRx asserts all applicable defenses under N.Y. CPLR § 3018, as investigation and discovery proceed.

## SIXTY-SIXTH DEFENSE

OptumRx reserves the right to add additional defenses as it learns more about the City's liability and damages theories or as the City's liability or damages theories change.

## SIXTY-SEVENTH DEFENSE

Additional facts that support additional defenses may come to light through discovery or further investigation. OptumRx reserves the right to assert new affirmative or other defenses in the future.

## SIXTY-EIGHTH DEFENSE

OptumRx's liability, if any, is limited by operation of N.Y. CPLR Art. 16.

## DEMAND FOR JURY TRIAL

OptumRx hereby demands a jury trial as to all issues or claims for which a jury trial is allowed.

## DEMAND FOR RELIEF

OptumRx prays that (a) judgment be entered dismissing each of the City's claims with prejudice, and (b) this Court grant it such other relief as it deems just and appropriate including costs and reasonable attorneys' fees.

Dated: October 7, 2024

Respectfully submitted,

*/s/ Brian D. Boone*
Brian D. Boone
Emily C. McGowan
**ALSTON&BIRD LLP**
Vantage South End
1120 South Tryon Street, Suite 300
Charlotte, NC 28203
Tel: (704) 444-1000
brian.boone@alston.com
emily.mcgowan@alston.com

William H. Jordan
**ALSTON&BIRD LLP**
1201 West Peachtree Street NW, Suite 4900
Atlanta, GA 30309
Tel: (404) 881-7000
bill.jordan@alston.com

Bradley M. Smyer
**Alston & Bird LLP**
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Tel: (214) 922-3459

brad.smyer@alston.com

*Attorneys for OptumRx., Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court's CM/ECF system.

*/s/ Brian D. Boone*
Brian D. Boone