UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*This Document Relates to:*<br><br>**CLEVELAND COUNTY v. PURDUE PHARMA, L.P., ET AL;**<br>**Case No.: 1:18-o-45304-DAP** | MDL 2804<br><br>Case No. 1:17-md-2804<br><br>Hon. Dan Aaron Polster |

**PLAINTIFF CLEVELAND COUNTY'S REPLY IN SUPPORT OF ITS MOTION TO CORRECT INADVERTENT OMISSION AND JOIN OMNIBUS MOTION FOR LEAVE TO AMEND TO ADD KVK-TECH, INC. [ECF 5552]**

Plaintiff Cleveland County (North Carolina) hereby replies to Defendant KVK-Tech, Inc.'s ("KVK") opposition (ECF 5664) to Plaintiff's Motion (ECF 5655) to correct its inadvertent omission from and to join Plaintiffs' Omnibus Motion for Leave to Amend to add KVK-Tech, Inc. [ECF 5552].[1]  In further support of its motion, Cleveland County states as follows.

KVK itself acknowledges the basis for Cleveland County's motion is a mere "clerical error."[2] This error is limited in scope to a single plaintiff and only affects the three defendants identified in the motion. In its opposition, KVK argues that Cleveland County's Motion to correct should be denied because it is both untimely and unfairly

---

[1] Defendants Express Scripts, Inc. and OptumRX, Inc. filed their opposition separately (ECF 5659) and plaintiff replied separately to that opposition (ECF 5668).

[2] Plaintiff provides as Exhibit B the originally submitted Authorization Form, dated July 10, 2024.

prejudicial. But KVK is incorrect.

First, Cleveland County's Motion is timely. Under the Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin'l Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (cleaned up). Here, KVK doe not and cannot dispute that Cleveland County was diligent in timely seeking to correct the clerical error. Cleveland County's counsel first identified this error on August 30, 2024, then notified KVK's counsel and sought relief first from Special Master Cohen on September 17, and then from the Court one week later. *See* Exhibit C. Cleveland County thus acted diligently in seeking to correct counsel's error upon discovery of it.

KVK is not prejudiced by Cleveland County's joining the Omnibus Motion for Leave. In arguing that it is prejudiced, KVK submits no evidence showing that addition of *one* new plaintiff two months before the response deadline would in any way interfere with its response. Instead, KVK argues the collective burden of "an individual review and analysis of *every* case in which a plaintiff seeks to amend its complaint to add the PBM Defendants." ECF 5664 at 3. KVK is conflating the collective burden of the "400+ new cases" it is already reviewing with the addition of just *one* single case. *Id*. Defendants' individual review and analysis of the Cleveland County case could likely have been completed in less time than it took KVK to oppose this motion, and in any case, can easily be completed in the next two months.

Because Cleveland County acted diligently and KVK has not shown prejudice, good cause is established under Rule 16(b)(4) and the Motion should be granted.

For these reasons, Cleveland County respectfully requests that the Court grant its motion and allow it to join the Omnibus Motion for Leave to Amend to add KVK-Tech, Inc.

Dated: October 8, 2024

                                            Respectfully submitted,

                                            */s/ Jayne Conroy*
                                            Jayne Conroy
                                            SIMMONS HANLY CONROY LLP
                                            112 Madison Avenue, 7th Floor
                                            New York, NY 10016
                                            (212) 784-6400
                                            jconroy@simmonsfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

        /s/ Jayne Conroy
        Jayne Conroy