UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster |

## OPTUMRX, INC. AND EXPRESS SCRIPTS, INC.'S RESPONSE TO THE PEC'S BELLWETHER EMAIL

**I.      Background**

Nearly a year ago, on October 27, 2023, the Court set four PBM Bellwether cases following a picks-and-strikes process:

- *City of Rochester v. Purdue Pharma, L.P.*, No. 19-op-45853-DAP (Track 12)

- *Lincoln County v. Richard S. Sackler, M.D.*, No. 20-op-45069 (Track 13)

- *City of Independence, Missouri v. Williams, et al.*, No. 1:19-op-45371-DAP (Track 14)

- *County of Webb, Texas v. Purdue Pharma, L.P.*, No. 18-op-45175 (Track 15)

ECF No. 5231.

Following the PBM Defendants' discovery that the Track 13 and 14 Plaintiffs failed to timely implement litigation holds and, as a result, destroyed a substantial amount of relevant information while their cases were pending, the Court dropped *Lincoln County* and *City of Independence* as PBM bellwethers. ECF No. 5540 at 20. But Webb County's counsel reassured the Court and the PBM Defendants that there were no spoliation concerns with respect to the *County of Webb* case. *E.g.*, *id.* at 6, 9–10. A Rule 30(b)(6) deposition of the County of Webb, however, proved otherwise. *See* Exhibit A

(Sept. 20, 2024 PBM Defendants' Status Report). As a result, the Court dropped *County of Webb* as a PBM bellwether on September 23, 2024. ECF No. 5464 at 1; ECF No. 5648 at 6–7, 16.

During the September 23 conference, the Court stated that the PBM Defendants would get an additional bellwether selection. ECF No. 5648 at 7. The Court ordered the PEC to "double-check and then certify which of the remaining original PBM cases won't have any document retention [or] destruction issues. And then out of that list, PBMs pick two. The only condition will be, they need to be from circuits other than the Second because the remaining bellwether is in the Second Circuit, Rochester, New York." *Id.* The Court ordered the PEC to file its certification by 4:00 pm on October 7. ECF No. 5648 at 17–18; *see also* ECF No. 5646; Oct. 4, 2024 Non-Document Order.

The PEC emailed (not filed) a submission to the Court and the PBM Defendants on October 7, identifying only *four* cases that they contend do not have any document retention or destruction issues and that could serve as a replacement PBM bellwether:

| Case number | Case Title | State | Complaint Filed | Plaintiff Sent Litigation Hold? | Date Implemented |
|---|---|---|---|---|---|
| 1:19-op-45766-DAP | Fairfax County Board Of Supervisors | VA | 4/30/2019 | Y | 7/11/2019 |
| 1:19-op-45236-DAP | Giles County | VA | 8/27/2018 | Y | 6/6/2018, revised from 6/1/2018 |
| 1:20-op-45172-DAP | Henrico County | VA | 1/23/2020 | Y | 1/22/2020 |
| 1:21-op-45078-DAP | The County Board of Arlington County | VA | 4/8/2019 | Y | 6/9/2020 |

See Exhibit B (Oct. 7, 2024 PEC Submission). Only two of those four cases—Henrico County and Giles County—implemented a litigation hold before suing the PBM Defendants. *Id.* The PEC further wrote that six plaintiffs represented by Scott and Scott "have declined to act as a bellwether":

- City of Middletown, CT

- City of Paterson, NJ

- City of Portsmouth, VA

- Norwich, CT

- Town of Enfield, CT

- Wethersfield, CT

*Id.*

And the PEC wrote that "[a] number of other cases, to wit, cases venued in the 2nd Circuit and venued in Ohio, can be certified as in compliance on the dates reflected in the chart, but would not meet the Court's criteria for bellwether cases." *Id.* The PEC then asked the Court to "postpone selecting additional bellwethers" until after the Court rules on the pending omnibus motions for leave to amend. *Id.*

## II. PBM Defendants' Position

When the Court originally selected four bellwethers, it did so based on a pool of around 90 cases. With the plaintiffs' disclosures yesterday, the pool of cases that they contend are ready to litigate has shrunk to a handful (and the number of plaintiffs willing to serve as a bellwether is even smaller). The Court's basis for ordering bellwethers in the first place has vanished. The PBM cases should no longer be a priority for the MDL court bellwether process or, alternatively, they should be remanded because they no longer warrant MDL treatment when there are only a handful of purportedly ready-to-litigate plaintiffs remaining.

But if the Court does not stay or remand the cases, the PBM Defendants object to the PEC's request to postpone bellwether selection. From a pool of approximately 90 cases pending against the PBM Defendants, the PBM Defendants engaged in a good faith process to choose four bellwethers.

After months of work and substantial expense by the PBM Defendants and the Court, notwithstanding Plaintiffs' counsel's lack of candor regarding the depth and breadth of the document preservation issues, the PBM Defendants uncovered spoliation of significant evidence in three of the original bellwethers, including the two that the PBM Defendants chose. Now, the PEC is improperly attempting to manipulate the pool of existing cases from which the PBM Defendants may choose additional bellwethers to just two cases, because the majority of cases filed against the PBM Defendants did not implement litigation holds prior to filings suit or, we learned for the first time yesterday, "have declined to act as a bellwether." That is unacceptable gamesmanship.

The PBM Defendants should be allowed to choose a new bellwether case from the list of pending cases that purportedly do not have litigation hold issues—including those that now "decline" bellwether status—without allowing the PEC a strike. The Court has repeatedly made clear that any plaintiff who has filed a case should be prepared to proceed as a bellwether. MDL plaintiffs are not entitled to unilaterally "decline" to be bellwethers because they don't feel like it. There is no reason to delay bellwether selection for any reason, never mind to wait for the outcome of the omnibus motions to amend when plaintiffs and the PEC have now riddled the process with defects. There are significant bases for denying the motion to amend, not the least of which is that we now know that more than 60% of the cases where they seek to amend have litigation hold issues. See Exhibit C (Sept. 30, 2024 PEC Submission). We will be seeking appropriate relief.

Alternatively, if the Court is inclined to postpone bellwether selection, it must stay the case filed by the City of Rochester (the bellwether case that the PEC chose) pending resolution of these issues. This Court established four different PBM tracks so that, to promote fairness, one PBM case and one PEC case would go forward at the same time with the other PBM and PEC cases following shortly thereafter (also on parallel tracks). Plaintiffs have upended that structure. It would reward the

PEC and Plaintiffs and prejudice the PBM Defendants if only the PEC's pick went forward before we select a new bellwether.

The PBM Defendants reserve the right to seek all appropriate relief for any of the cases involved.

Date: October 8, 2024

Respectfully submitted,

 _/s/ Brian D. Boone_
Brian D. Boone
**ALSTON & BIRD LLP**
Vantage South End
1120 South Tryon Street, Suite 300
Charlotte, NC 28203
Tel: (704) 444-1000
brian.boone@alston.com

William H. Jordan
**ALSTON & BIRD LLP**
1201 West Peachtree Street NW, Suite 4900
Atlanta, GA 30309
Tel.: (404) 881-7000
bill.jordan@alston.com

*Attorneys for Defendant OptumRx, Inc.*

 _/s/ Jonathan G. Cooper_
Michael J. Lyle
Jonathan G. Cooper
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
1300 I St. NW, Suite 900
Washington, DC 20005
Tel: (202) 538-8000
mikelyle@quinnemanuel.com
jonathancooper@quinnemanuel.com

*Attorneys for Defendant Express Scripts, Inc.*