UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| | ) | **Judge Dan Aaron Polster** |
| THIS DOCUMENT RELATES TO: "*All cases*" | ) ) ) | |
| | ) ) | **ORDER REGARDING MOTIONS TO CORRECT INADVERTENT OMISSIONS** |

The Court has received two similar motions from two MDL Plaintiffs: (1) County of Los Angeles, CA; and (2) Cleveland County, NC. *See* docket nos. 5635 and 5655. The motions seek permission to correct "inadvertent omissions" and to join existing Omnibus Motions for Leave to Amend to add claims against certain defendants. The four defendants at issue oppose. *See* docket nos. 5661, 5659, & 5664. For the reasons stated below, both motions are **GRANTED**.

**I.    Facts.**

The two Plaintiffs explain they participated in the Court-ordered process for global amendment of MDL complaints by timely submitting to the PEC Authorization Forms to add select defendants. *See* docket no. 5455 ("*Final Amendment Order*") (setting forth the required process). The PEC collated all Plaintiffs' Authorization Forms and, on July 29-30, 2024, filed numerous Omnibus Motions for leave to Amend—specifically, an Omnibus Motion for each defendant, with a list of plaintiffs seeking leave to amend to add that defendant. *See, e.g.*, docket no. 5547 ((PEC's Omnibus Motion to Amend to Add OptumRx as a defendant); docket no. 5548 (similar Motion to Add Express Scripts) docket no. 5552 (similar Motion to Add KVK-Tech); docket no. 5554 (similar Motion to Add Tris Pharma).

With its current motion, counsel for Los Angeles County ("LAC") asserts it: (a) originally sent to the PEC an Authorization Form indicating LAC wanted to amend to add defendant Tris Pharma; but (b) later sent to the PEC a notice where it "inadvertently listed [LAC] on an amended form with which counsel meant to remove a different plaintiff" from the list of its clients seeking to sue Tris Pharma. Motion at 1. *See* docket no. 5661-2 (explaining that counsel meant to remove Ventura County but mistakenly referred to LAC). The PEC followed the latter direction from LAC's counsel and, with its Omnibus Motion, did not include LAC on its list of plaintiffs that wanted to add Tris Pharma. Accordingly, LAC now asks the Court to allow it to "correct this inadvertent omission and join the Omnibus Motion for Leave to Amend to Add Tris Pharma, Inc." Motion at 2.

Cleveland County's motion is somewhat similar. Counsel for Cleveland County ("CC") asserts that, when it filled in its original Authorization Form, it "inadvertently failed to check three boxes . . . — those that would have specifically requested that [CC] be added to the PEC's motions for leave to amend with respect to [KVK-Tech, Express Scripts], and OptumRx." Motion at 2. Counsel explains it "did check those boxes on over two hundred other authorization forms counsel submitted on behalf of its clients in the MDL; it was a simple oversight here." *Id.* Accordingly, CC now seeks to "correct this oversight" and asks the Court to allow it to join the three Omnibus Motions addressed to KVK-Tech, Express Scripts, and OptumRx.

Each of the four defendants oppose the two motions, offering these cardinal points:

1. **Plaintiffs missed their "last chance."** In its *Final Amendment Order*, the Court stated: "This will be plaintiffs' final opportunity to amend their complaints." Docket no. 5455 at 2. *See also* docket no. 5656 ("The Court now clarifies that, in fact, the *Final Amendment Order* **did**

set forth the "last chance" procedures for any MDL plaintiff to amend a complaint *to add a defendant*.") (emphasis in original). Accordingly, Defendants argue LAC and CC missed their "last chance" and cannot now ask for yet another chance to amend their complaints.

2. ***Plaintiffs failed to heed the PEC's own warning.*** In order to obtain an accurate list of those plaintiffs that sought leave to amend to add each defendant, the PEC sent every MDL plaintiff an Authorization Form, directing the plaintiff to "**READ THIS FORM CAREFULLY AND CHECK THE APPROPRIATE BOXES.**" Docket no. 5655-1 at 4. By signing the Form, each plaintiff confirmed it "understand[s] that the PEC will not add the above-captioned Plaintiff to any motion seeking leave to amend for any defendant that is not listed within this form." *Id.* The PBMs argue that "Cleveland County's claim that it 'failed to check three boxes' [by mistake] is hard to take seriously when the form itself has only seven boxes and multiple warnings about the consequences of the failure to check the appropriate boxes." Docket no. 5659 at 2. Defendants argue, essentially, that each Plaintiff failed to follow simple directions and made a blunder it should now pay for.

3. ***Plaintiffs took too long to file their motions.*** Defendants accept that Plaintiffs' mistakes were "inadvertent," but Defendants contend Plaintiffs' motions to correct these mistakes are untimely. For example, Tris Pharma argues: "it was nearly two months after this Court's deadline expired before LA County noted the PEC did not include [Tris Pharma] in the PEC's Omnibus Motion to Amend. It was a mistake LA County should have noted in the three weeks between submitting its form to the PEC and the PEC's filing." Docket no. 5661 at 3. Defendants argue the Plaintiffs' motions must be denied because each Plaintiff did not take prompt action to correct its mistakes.

4. ***Granting Plaintiffs' motions will open the door.*** Defendants assert that denying the Plaintiffs' motions "is necessary to foreclose the possibility that Plaintiffs will continually add other cases after expiration [of] the deadline." Docket no. 5661 at 2.

5. ***Defendants will suffer substantial prejudice.*** As noted, the PEC filed numerous Omnibus Motions—one against each Defendant—seeking leave to amend MDL complaints to add that Defendant. For example, the PEC's Omnibus Motion seeks leave to amend to add Tris Pharma to 185 MDL cases. Tris Pharma argues it "has already undertaken considerable time and expense to review and prepare to respond to the 185 new cases to which Plaintiffs seek to join it. The surprise addition of an entirely new plaintiff two months into Tris Pharma's preparations, significantly hampers Tris Pharma's ability to adequately prepare and respond to Plaintiffs' Omnibus Motion." Docket no. 5661 at 3. *See also* docket no. 5664 at 3 (KVK-Tech making the same argument regarding the "400+ new cases to which the Amending Plaintiffs seek to join it").

**II.      Analysis.**

Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that a court's scheduling order "may be modified only for good cause and with the judge's consent." A principal factor in determining whether good cause exists is "the potential prejudice the other party would suffer if the amendment [to the scheduling order is] allowed." *Lampkin v. UBS Fin. Servs., Inc.*, 925 F.3d 727, 741 (5th Cir. 2019). "Almost every amendment [to a scheduling order] will result in *some* prejudice to the non-moving party, therefore the question is whether the prejudice is *undue*." *Matter of Crosby Transportation, LLC*, 2020 WL 14011491, at *4 (E.D. La. Oct. 1, 2020) (emphasis added).

Ultimately, when undertaking an analysis under Rule 16(b)(4), "district courts have broad discretion to manage their dockets." *A. Bauer Mechanical,, Inc. v. Joint Arb. Bd. of Plumbing Contractors' Ass'n*, 562 F.3d 784, 790 (7th Cir. 2009).

In response to all of the cardinal points listed above made by Defendants, Plaintiffs LAC and CC offer two main arguments.  First, the mistakes it made were scrivener's errors—unintentional missteps and omissions that are almost unavoidable when counsel are filling in hundreds of similar forms at once.  And second, Defendants already asked for and received an extension of their deadline to respond to the PECs' Omnibus Motions to Amend—their responses are due December 6, 2024—so granting the instant motions would cause virtually no prejudice, much less undue prejudice, to Defendants.

The Court concludes the facts and law preponderate ***barely*** in Plaintiffs' favor.  Defendants' first three points are well-taken. The Court did clearly warn Plaintiffs that the process of timely submission of Authorization Forms to join the PEC's Omnibus Motions would be their last chance to move to amend to add Defendants; and the PEC did warn Plaintiffs to make sure they filled in the Authorization Forms accurately; and it did take two months before Plaintiffs realized they had made mistakes and moved to correct them.

Ultimately, however, the Court agrees the mistakes were unintentional scrivener's errors, the type of excusable slip-up that the Court normally forgives, whether made by plaintiff or defendant. Here, the Plaintiffs ***did*** participate in the "last chance" procedures to seek leave to amend complaints, but committed unintentional, clerical errors in the process.  And, most important, these scrivener's errors do not cause substantial prejudice to Defendants.  It is this last factor that really drives the Court's final conclusion.  Defendants have over seven weeks from now before they have to respond

to the PEC's Omnibus Motions for Leave to Amend; this is more than enough time to analyze and address the merits of the Plaintiffs' two motions for leave to amend—whether measured alone or together with all of the other moving Plaintiffs. That it took Plaintiffs two months to discover their mistakes does not change this. The Court finds unconvincing Defendants' bare assertion that granting the instant motions will cause them unfair prejudice.

Finally, with regard to Defendants' argument that granting these two motions will open the door to yet additional, similar motions: that door is closed.  The motions by LAC and CC certainly provided notice to all other MDL Plaintiffs that they should double-check their Authorization Forms for similar scrivener's errors. Going forward, any similar motion to correct an "inadvertent omission" in an Authorization Form will be denied.

**IT IS SO ORDERED.**

/s/ *Dan Aaron Polster*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

**DATED**: October 15, 2024