UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*City of Rochester v. Purdue Pharma, L.P.*, No. 19-op-45853 ("Track 12") | ) MDL 2804<br>)<br>) Case No. 1:17-md-2804<br>)<br>) Judge Dan Aaron Polster<br>)<br>) <u>**PBM BELLWETHER CASE TRACK 12**</u><br>) <u>**SECOND AMENDED CASE MANAGEMENT**</u><br>) <u>**ORDER**</u> |

On October 27, 2023, the Court entered an order identifying four bellwether cases against the Pharmacy Benefit Manager (PBM) Defendants, which the Court later assigned to the following case tracks: *City of Rochester v. Purdue Pharma*, *L.P.,* No. 19-op-45853 ("Track 12"); *Lincoln County v. Richard Sackler, M.D.*, No. 20-op-45069 ("Track 13"); *City of Independence, Missouri v. Williams*, No. 19-op-45371 ("Track 14"); and *County of Webb, Texas v. Purdue Pharma, L.P.*, No. 18-op-45175 ("Track 15"). *See* Dkt. Nos. 5231 & 5268. On December 28, 2023, the Court entered a Case Management Order that governed the proceedings for the cases in Tracks 12 and 13 and on January 31, 2024, the Court entered a Case Management Order that governed the proceedings for the cases in Tracks 14 and 15, to trail by sixty days. Dkt. Nos. 5282 & 5295. On April 4, 2024, the Court granted the Parties' joint motion to amend certain Case Management Order deadlines for Tracks 12 and 13, extending the deadlines for the Parties to negotiate search terms and identify custodians. Dkt. No. 5389. Thereafter, the Parties filed a joint motion to amend certain Case Management Order deadlines for Tracks 12 and 13 on June 13, 2024, to reflect an agreed upon extension regarding the PBM Defendants' production of certain data and Tracks 12 and 13 Plaintiffs' identification of prescriptions they allege caused harm. Dkt. No. 5485.  On July

1

23, 2024, the Court discontinued the bellwether cases in Tracks 13 and 14 due to Plaintiffs' failure to institute a litigation hold, leaving only the cases in Tracks 12 and 15 as PBM bellwethers.

On August 16, 2024, the Parties renewed prior requests for relief related to hard deadlines for custodian selection and the production of custodial and non-custodial files.[1] Specifically, Plaintiffs requested a discovery ruling from Special Master Cohen setting deadlines for custodial selection and completion of custodial production between August 23, 2024 and October 14, 2024 for the first 50 defendant custodians as well as a deadline for non-custodial production on August 30, 2024, among other things.[2] The PBM Defendants opposed Plaintiffs request, and instead requested a custodian selection deadline of August 23, 2024, and alignment of the Tracks 12 and 15 schedules.[3] Over Plaintiffs' objections, Special Master Cohen denied Plaintiffs' request for a shorter schedule, adopting the PBM Defendants' proposed deadlines for custodian selection and the completion of custodial and non-custodial document productions. *See* Transcript of 8/16/2024 Discovery Conference. Special Master Cohen further directed the parties to meet and confer regarding the remaining deadlines to be included in a Second Amended Proposed Case Management Order for Tracks 12 and 15. On September 23, 2024, the Court entered an order discontinuing the bellwether case in Track 15 due to Plaintiff's failure to institute a litigation hold, and set a new bellwether selection process, leaving the case in Track 12 as the sole PBM bellwether

---

[1] On May 29, 2024 and June 12, 2024, the PBM Defendants requested a discovery ruling requiring the Tracks 12 and 13 Plaintiffs to finalize their selection of custodians in light of the July 12, 2024 deadline for completion of custodial document production under the CMO. Plaintiffs simultaneously requested relief from the Court related to custodian selection and custodial production deadlines and setting a hard deadline for the completion of non-custodial productions.

[2] The Parties' positions on their proposed deadlines are memorialized in the materials submitted as part of Discovery Dispute Agenda Item numbers 377, 378, and 386, as well as in the transcript of the discovery conference conducted by Special Master David Cohen on August 16, 2024.

[3] PBM Defendants' proposal requested an additional 12-16 weeks within which to complete production of custodial files, proposing a November 13, 2024 deadline for completion of custodial production, and a deadline for completion of non-custodial production on December 6, 2024 (an additional 14 weeks on top of Plaintiffs' proposal) aligning the Track 12 deadlines with the existing Track 15 deadlines.

case until a new bellwether case is selected. The following reflects the Parties' agreed upon case management deadlines for Track 12:

- A. **Fact Discovery**

    1. **September 27, 2024** – Deadline for Track 12 Plaintiff to identify initial set of prescriptions they allege caused harm, the methodologies, and the electronic scripts for programs used to identify them.

    2. **October 15, 2024** – Deadline for Parties to substantially complete production of documents for custodians agreed to before August 16, 2024.

    3. **October 25, 2024** – Deadline for Parties to select "holdback" custodians.

    4. **November 15, 2024** – Deadline for Parties to substantially complete production of documents for custodians selected by August 30, 2024.

    5. **November 15, 2024** – Deadline for PBM Defendants to produce "notes fields" for CT12 data.

    6. **December 6, 2024** – Deadline for Parties to complete production of non-custodial documents and materials.

    7. **December 6, 2024** – Deadline for Parties to substantially complete rolling production of documents for remaining custodians selected by October 25, 2024.

    8. **December 20, 2024** – Deadline for Track 12 Plaintiff to identify any additional sets of prescriptions they allege caused harm, the methodologies, and the electronic scripts for programs used to identify them.

    9. **April 25, 2025** – Close of Fact Discovery.

B. **Expert Discovery**[4]

1. **June 6, 2025**[5] – Track 12 Plaintiff's Deadline to serve expert reports.

2. **June 27, 2025 - August 1, 2025** – Window for PBM Defendants to depose Track 12 Plaintiff's experts.

3. **August 29, 2025**[6] – PBM Defendants' Deadline to serve expert reports.

4. **September 19, 2025 - October 24, 2025** – Window for Track 12 Plaintiff to depose PBM Defendants' experts.

5. If any expert reports rebutting responsive reports are served, they shall be served **21 days** after the deposition of the responsive expert, any materials relied on by the rebutting expert shall be produced within **7 days** of serving the rebuttal reports, and the Parties shall meet and confer regarding the timing of rebuttal expert depositions and an extension of the deadlines to file dispositive and *Daubert* motions.

C. **Dispositive and *Daubert* Motions**

1. **August 22, 2025** – Deadline to meet and confer on page limits for dispositive and *Daubert* motions.

2. **November 14, 2025** – Deadline to file dispositive and *Daubert* motions.

3. **January 23, 2026 –** Deadline to file Responses to dispositive and *Daubert* motions.

---

[4] During the Parties' negotiations concerning the revised CMO, the PBM Defendants raised concerns about whether the CMO allows sufficient time for the PBM Defendants to prepare responsive expert reports given their uncertainty concerning the scope of expert discovery. The PBM Defendants asked the PEC to consider a stipulation to extend the time for preparing responsive expert reports by four weeks. The PEC took the position that the current schedule provides more than sufficient time within which to conduct expert discovery and is based upon the expert discovery schedule set forth and previously ordered by this Court in the PBM case tracks. Under the current schedule defendants have 12 weeks from the date of service of Plaintiff's expert reports to provide responsive expert reports. After meeting and conferring with the PEC, the PBM Defendants agreed not to seek an extension of the expert discovery period at this time in exchange for the PEC agreeing that it will not later oppose a request for an extension of the expert discovery period (if the PBM Defendants later conclude such a request is warranted) on the grounds that the PBM Defendants did not make their request earlier.

[5] Track 12 Plaintiff shall serve expert reports on all issues except abatement remedies and, for each expert, provide two proposed depositions dates.

[6] PBM Defendants shall serve expert reports on all issues except abatement remedies and, for each expert, provide two proposed depositions dates.

    4.    **February 20, 2026 –** Deadline for Replies in support of such dispositive and *Daubert* motions.

With respect to *Daubert* and dispositive motions, the Parties will meet and confer on page limits and mechanisms to further avoid unnecessarily lengthy or duplicative briefing while preserving the record based on motions filed in separate tracks of the MDL.

**IT IS SO ORDERED.**

          */s/Dan Aaron Polster*      10/15/2024
          **DAN AARON POLSTER**
          **UNITED STATES DISTRICT JUDGE**