UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION**<br>*This document relates to:*<br><br>*All TPP Cases* | **MDL 2804**<br>**Case No. 17-md-2804**<br>**Hon. Dan Aaron Polster** |

**PLAINTIFFS' OPPOSITION TO PBM DEFENDANTS' MOTION TO STRIKE THE ALLEGATIONS AND CLAIMS AGAINST THEM IN THE CONSOLIDATED AND AMENDED THIRD PARTY PAYOR CLASS ACTION COMPLAINT**

The PEC files this response to PBM Defendants' Motion to Strike the Allegations and Claims Against Them in the Consolidated and Amended Third Party Payor Class Action Complaint (Doc. 5663). The PBM Defendants incorrectly assert that Third Party Payor ("TPP") Plaintiffs' placeholder class action complaint is untimely because it was filed after the July 29, 2024 deadline for leave to amend complaints to add claims intended for litigation, but that deadline does not apply to this placeholder complaint for class action claims. The Court's order instructing Plaintiffs to file this placeholder complaint issued on July 31, 2024, after the July 29 deadline, so plainly the Court intended for the placeholder complaint to be filed later (specifically, by August 30, 2024, and after an extension by September 20, 2024). The Court's subsequent orders confirm the Court's intent. The PBM Defendants' motion should be denied.

## BACKGROUND

On May 23, 2024, this Court set a deadline and procedure for Plaintiffs to move for leave to amend to add claims against various Defendants. Doc. 5455 ("May 23 Order") at 2. On July 29-30, 2024, Plaintiffs complied with the Court's May 23 Order (and subsequent deadline extensions)

by filing consolidated motions for leave to amend to add claims they intend to litigate against the PBM Defendants and other Defendants. *See* Doc. 5546 (roadmap to motions for leave to amend); Docs. 5547-5548 (motions for leave to amend to add claims against PBMs); Docs. 5550-5554, 5556-5561, 5563 (motions for leave to amend to add claims against other Defendants); *see also* Docs. 5565 (corrected roadmap); Docs. 5567-5572 (corrected motions for leave to amend against certain non-PBM Defendants). Among the Plaintiffs joining those motions was TPP Plaintiff American Federation of State, County and Municipal Employees District Council 37 Health & Security Plan ("DC 37"). *See* Docs. 5546-1, 5547-1, 5548-1, 5550-1, 5551-1, 5552-1, 5553-1, 5554-1, 5556-1, 5557-1, 5558-1, 5559-1, 5560-1, 5561-1, 5563-1, 5565-1, 5567-1, 5568-1, 5569-1, 5570-1, 5571-1, 5572-1.

*After* the July 29, 2024 deadline, on July 31, 2024, the Court conducted a video status conference for the Third Party Payor track cases and entered a non-document order (the "July 31 Order") directing that "on or before 12:00 p.m. on August 30, 2024, Plaintiffs shall identify an appropriate non-bellwether case in which to state class action allegations and shall submit a proposed amended complaint." The purpose of this proposed amended complaint was to serve as a placeholder for Third Party Payor Plaintiffs' non-bellwether class action claims "for purposes of facilitating and approving any potential settlement." Doc. 5666 at 3.

On August 30, 2024, Third Party Payor Plaintiffs filed an unopposed motion to extend the deadline to submit the proposed amended class action complaint. Doc. 5612. This Court granted that motion on the same day in a non-document order (the "August 30 Order") setting Plaintiffs' deadline as "12:00 p.m. on September 20, 2024" to file the "proposed non-bellwether amended class action complaint."

On September 20, 2024, Plaintiffs identified DC 37's case (No. 1:17-cv-2585) "as an appropriate non-bellwether case in which to state class allegations," and filed a Consolidated and Amended Third Party Payor Class Action Complaint and Jury Demand proposed to be filed in that case, as this Court had ordered. *See* Doc. 5638. The proposed placeholder class action complaint is brought by Plaintiffs DC 37 and Bios[1] (together, the "TPP Plaintiffs") and adds all Defendants against which DC 37 moved for leave to amend in response to the Court's May 23 Order (including the PBM Defendants). In their Notice of Service, TPP Plaintiffs stated that "[t]his placeholder class action complaint will not be litigated pending further Court Order (after due notice and an opportunity to be heard), such as for purposes of facilitating and approving any potential settlement. The placeholder complaint need not be responded to by Defendants." *Id.*

The PBM Defendants did not respond or object to the Court's July 31 or August 30 Orders at any time prior to TPP Plaintiffs filing their proposed amended complaint on September 20. On October 1, 2024, the PBM Defendants filed the motion to strike these class claims against them. Doc. 5663.

On October 2, 2024, this Court entered the Second Amended Case Management Order for Third Party Payor Bellwether Cases. Doc. 5666 ("October 2 CMO"). The October 2 CMO recognized the TPP Plaintiffs' "placeholder class action complaint" as filed and served on September 20, 2024, confirming that it was timely. *Id.* at 3. The Court further recognized the placeholder class action complaint's purpose and impact, ordering that within seven days of its

---

[1] TPP Plaintiffs (1) Bios Companies, Inc. Welfare Plan and (2) Bios Companies, Inc. as Plan Sponsor and Fiduciary of Bios Companies, Inc. Welfare Plan (collectively, "Bios") were added to the placeholder complaint for the reasons discussed below. Bios had filed their original class action complaint in case No. 1:18-op-46186; they will dismiss that complaint without prejudice upon filing of the proposed placeholder class action complaint. *See* Consolidated and Amended Third Party Payor Class Action Complaint and Jury Demand (submitted September 20, 2024) at 1 n.1.

3

filing the TPP Bellwether Plaintiffs "file Amended Complaints removing class allegations," ordering that the "placeholder complaint will not be litigated pending further Court Order" and "need not be responded to by Defendants," and stating that the placeholder complaint was "for purposes of facilitating and approving any potential settlement." *Id.* at 2-3.

## ARGUMENT

The PBM Defendants cite no law or rule that would support striking the TPP Plaintiffs' class action claims against them. Rather, their motion is based entirely on an incorrect and illogical application of this Court's docket management orders. The PBM Defendants argue that the TPP Plaintiffs' placeholder class action complaint is untimely under this Court's May 23 Order, but the motions for leave to amend in response to the May 23 Order were due on July 29, 2024. *See, e.g.*, Docs. 5547, 5548 (motions for leave to amend to add PBMs filed on July 29). Plaintiffs did not propose, and this Court did not order, the filing of a placeholder class action complaint until two days later on July 31, 2024. *See* July 31 Order. Obviously, the Court's *July 31* Order did not require Plaintiffs to file the placeholder class action complaint by the *July 29* deadline related to the May 23 Order—a date that had already passed by that time. The PBM Defendants offer no explanation for how this impossibility could make sense.

The PBM Defendants also ignore the Court's August 30 Order granting Plaintiffs' unopposed motion to extend the "deadline to submit [the] proposed non-bellwether class action complaint" to September 20, 2024. The August 30 Order removes any doubt that this Court authorized the filing of the placeholder class action complaint by September 20 (the date it was filed). The Court's October 2 CMO further reinforces this Court's recognition that the placeholder class action complaint was timely filed and is intended to promote potential settlement, unlike the claims proposed in Plaintiffs' July 29 motions for leave to amend, which are expressly intended

4

for litigation. *See* Doc. 5455 at 2 (May 23 Order applies to claims Plaintiffs "intend to zealously pursue in litigation").[2]

Although the TPP Plaintiffs were not selected as bellwethers, the placeholder class action complaint plays a similar role to bellwether complaints by serving as a clearly defined vehicle for a narrow subset of the numerous TPPs to navigate toward settlement for the benefit of all parties. By preserving TPP claims within the MDL and forestalling new non-MDL cases, the placeholder class action complaint, like the bellwether complaints, "is intended to conserve judicial resources, reduce duplicative service, avoid duplicative discovery, serve the convenience of the parties and witnesses, and promote the just and efficient conduct of this litigation." Doc. 232 (CMO 1, citing Fed. R. Civ. P. 1). Thus, not only was the TPP Plaintiffs' placeholder class action complaint timely per the Court's July 31 and August 30 Orders (as confirmed by the October 2 CMO), but also the Court's decision to permit the placeholder class action complaint amendment after the July 29 deadline is in accord with the sound efficiency and settlement-promotion principles embodied in CMO 1 and its amendment process for bellwether complaints. *See* Doc. 5656 at 2-3 (explaining amendments permitted in bellwether cases under CMO 1).

The placeholder class action complaint will not prejudice the PBM Defendants in any way, because it "will not be litigated pending further Court Order (after due notice and an opportunity to be heard)," and it "need not be responded to by Defendants." Doc. 5666 at 3. The purpose and

---

[2] Even if the May 23 Order somehow applied to the placeholder complaint (despite the Court's multiple subsequent orders that the placeholder complaint was due months after the July 29 deadline for other motions for leave to amend), DC 37 *complied* with the May 23 order and joined the motions for leave to amend as to all Defendants, including the PBMs. *See, e.g.*, Docs. 5547, 5548. The PBMs' argument that DC 37 "must await resolution of the motion-for-leave-to-amend process" (Doc. 5663 at 3) directly conflicts with this Court's July 31 and August 30 Orders requiring Plaintiffs to file the placeholder class action complaint before a ruling on the July 29 motions for leave to amend.

effect of the placeholder class action complaint is to preserve TPP Plaintiffs' class action claims within the MDL, and to avoid TPP Plaintiffs potentially filing new class action cases against the PBM Defendants.

Plaintiffs identified DC 37 and Bios as appropriate TPP Plaintiffs to preserve the proposed class's class action allegations, including because they were not selected as TPP bellwethers, they have agreed to serve as class representatives if appointed, and they collectively represent the proposed Third Party Payor Class. *See* Consolidated and Amended Third Party Payor Class Action Complaint and Jury Demand (submitted September 20, 2024) at 3, ¶¶ 1383, ¶¶ 1602-1613. The proposed Third Party Payor Class includes health plans for self-insured entities similarly situated to DC 37, as well as ERISA plans and fiduciaries similarly situated to Bios. *See id.* at ¶¶ 14-22, 1383. Plaintiffs added Bios to DC 37's placeholder class action complaint in order to preserve ERISA equitable relief (the eighth claim for relief), and to avoid new cases by similarly situated ERISA plans and fiduciaries outside of the MDL. *See id.* at ¶¶ 1602-1613. In addition, Bios covers both pharmacy and medical claims while DC 37 covers only pharmacy claims. The addition of Bios to the placeholder complaint thus ensures that all claims of TPPs are preserved.

## CONCLUSION

For the foregoing reasons, the PEC respectfully requests that this Court deny the PBM Defendants' motion to strike the placeholder class action complaint's claims against them.

Dated: October 15, 2024  Respectfully submitted,

Jayne Conroy
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
jconroy@simmonsfirm.com

6

>Joseph F. Rice
>MOTLEY RICE LLC
>28 Bridgeside Blvd.
>Mt. Pleasant, SC  29464
>(843) 216-9000
>jrice@motleyrice.com
>
>Paul T. Farrell, Jr., Esq.
>FARRELL & FULLER LLC
>270 Munoz Rivera Avenue
>San Juan, PR  00918
>(304) 654-8281
>paul@farrellfuller.com
>
>*Plaintiffs' Co-Lead Counsel*
>
>*/s/ Peter H. Weinberger*
>Peter H. Weinberger (0022076)
>SPANGENBERG SHIBLEY & LIBER
>1001 Lakeside Avenue East, Suite 1700
>Cleveland, OH  44114
>(216) 696-3232
>pweinberger@spanglaw.com
>
>*Plaintiffs' Liaison Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

>*/s/Peter H. Weinberger*
>Peter H. Weinberger