UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*All Cases* | Case No.: 17-MD-2804<br><br>Judge: Dan Aaron Polster<br><br>**MOVING DEFENDANTS' MOTION FOR SPECIAL MASTER SUMMARY STATEMENTS ITEMIZED BY TRACK** |

OptumRx, Inc., Express Scripts, Inc., Teva Pharmaceuticals USA, Inc., AmerisourceBergen Drug Corporation, Cardinal Health, Inc., McKesson Corporation, Henry Schein, Inc., and Allergan Finance, LLC (the Moving Defendants) move the Court for an order requiring the Special Masters to submit summary statements for payment that specify the volume of work performed for each of the MDL litigation tracks (or in the case of mediation only, the volume of work performed for the mediating parties) and the associated amount billed to facilitate proportionate payment by each defendant group.

On January 11, 2018, the Court entered the Appointment Order, Dkt. 69, appointing Special Masters to assist with this MDL litigation. Pursuant to Federal Rule of Civil Procedure 53(b)(2)(E) and 53(g), the Court has the authority to set the "basis, terms, and procedure for fixing the master's compensation" and to "allocate payment among the parties after considering the nature and amount of the controversy, the parties' means, and the extent to which any party is more responsible than other parties for the reference to a master." Exercising its inherent authority under Rule 53, the Court in the Appointment Order expressly ordered that after the Special Masters transmit a summary statement listing the total amount billed to all parties, the "parties shall then remit to the Special Masters their proportionate share of any Court-approved amount." Dkt. 69 at 6. At the time the Court entered the Appointment Order, litigation tracks did not exist, and only one group of defendants—the manufacturers—were actively litigating. Since that time, however,

1

the Court has established 21 separate litigation tracks, which include bellwether cases against multiple defendants and defendant groups who were not actively litigating when the Court entered the Appointment Order. Several Defendants have reached settlements (or settlements in principal) to resolve substantially all litigation against them in this MDL (in part to reduce ongoing litigation expense), thereby obviating the need for substantial attention by the Special Master. Further, an increasing number of parties to the MDL have engaged the Special Masters to facilitate mediation. As it stands, the parties are unable to ascertain their proportionate share of total billed amounts because the summary statement does not show a breakdown of work performed or total billed amounts by MDL litigation track, or identify the parties participating in mediations with the Special Masters and the amounts billed for time associated with those mediations.

The Court has previously acknowledged that "to effectuate th[e] directive [to make timely and complete payments], Defendants will find it necessary to: . . . (2) come to agreement regarding each Defendant's share." Dkt. 229. Moving Defendants are committed to paying their proportionate share of the Special Masters' invoices. However, it is impossible to do this at this stage of the MDL when the Special Masters' invoices are not itemized by MDL litigation track, as defendants do not have visibility into the work the Special Masters have done in cases and litigation tracks which they are not a part of or in which they are not active participants.

Defendants in the MDL have limited visibility into the Special Masters' work pertaining to litigation tracks that do not involve them. Indeed, each of the Moving Defendants—which include representatives from several different defendant groups with cases pending in the MDL, including representatives of the Manufacturer Defendants (Teva Pharmaceuticals U.S.A., Inc., Allergan Finance, LLC), Distributor Defendants (AmerisourceBergen Drug Corporation, Cardinal Health, Inc., McKesson Corporation, and Henry Schein, Inc.), and the PBM Defendants

2

(OptumRx, Inc. and Express Scripts, Inc.)—agrees that further itemization of the Special Masters' summary statements is necessary to ensure that all defendants can be made aware of their proportionate share of the Special Masters' fees and pay those fees in a timely manner. Specifically, the Moving Defendants request that the Special Masters identify in their summary statements (1) the total volume of work performed for each MDL litigation track and the associated amount billed for that work, and (2) the volume of work performed for each mediation with the Special Master, the parties participating in each such mediation, and the associated amount billed for that work. The Moving Defendants recognize that the Special Masters may perform some tasks—unlike MDL track-specific work or mediation—that applies to and is for the benefit of all MDL litigation tracks. Accordingly, the Moving Defendants believe it is appropriate for the Special Masters also to identify any generally applicable work performed, for which the cost can be borne by all parties participating in the Special Master Fund.

This request should not increase the burden on the Special Masters to record their time. The Court's Appointment Order already directs the Special Masters to "file under seal an Itemized Statement of fees and expenses (not to include overhead)" along with a publicly filed Summary Statement listing only the total amount billed. Dkt. 69 at 6. Moving Defendants simply request that the Special Masters' summary statements also include a breakdown of the total amount billed *by MDL litigation track* and, where appropriate, *by mediation*. This itemization would not include any confidential communications between the Special Masters and the Court or other confidential information that the Court may desire to maintain under seal.

Accordingly, the Moving Defendants hereby request that the Court order the Special Masters from today forward to submit summary statements for payment, as contemplated by the Appointment Order, that specify (1) the volume of work performed for each of the MDL litigation

3

tracks and the associated amount billed for each of the tracks, and (2) the volume of work performed for mediation, the parties participating in those mediations, and the associated amount billed for each mediation, to facilitate proportionate payment by each defendant group or mediating defendant.

Dated: October 16, 2024

| | |
|---|---|
| /s/ Brian D. Boone | /s/ Jonathan G. Cooper |
| Brian D. Boone | Mike Lyle |
| Emily C. McGowan | Jonathan G. Cooper |
| Brandon C.E. Springer | **QUINN EMANUEL URQUHART &** |
| **ALSTON & BIRD LLP** | **SULLIVAN, LLP** |
| Vantage South End | 1300 I St. NW, Suite 900 |
| 1120 South Tryon Street, Suite 300 | Washington, DC 20005 |
| Charlotte, NC 28203 | Tel: (202) 538-8000 |
| Tel: (704) 444-1000 | mikelyle@quinnemanuel.com |
| brian.boone@alston.com | jonathancooper@quinnemanuel.com |
| emily.mcgowan@alston.com | |
| brandon.springer@alston.com | Sage R. Vanden Heuvel |
| | **QUINN EMANUEL URQUHART &** |
| William H. Jordan | **SULLIVAN, LLP** |
| D. Andrew Hatchett | 865 S. Figueroa St. Floor 10 |
| Bradley Harder | Los Angeles, CA 90017 |
| Caroline R. Strumph | Tel: (213) 443-3000 |
| **ALSTON & BIRD LLP** | sagevandenheuvel@quinnemanuel.com |
| 1201 West Peachtree Street NW, Suite 4900 | |
| Atlanta, GA 30309 | *Attorneys for Express Scripts Defendants* |
| Tel.: (404) 881-7000 | |
| bill.jordan@alston.com | |
| andrew.hatchett@alston.com | |
| bradley.harder@alston.com | |
| caroline.strumph@alston.com | |

*Attorneys for OptumRx, Inc.*

4

*/s/ Brandan J. Montminy*
**C. Scott Jones**
Texas Bar No. 24012922
sjones@lockelord.com
**Brandan J. Montminy**
Texas Bar No. 24088080
brandan.montminy@lockelord.com
**Lauren M. Fincher**
Texas Bar No. 24069718
lfincher@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

**John P. McDonald**
Texas Bar No. 13549090
jpmcdonald.law@outlook.com
**Law Offices of John P. McDonald**
6867 Avalon Avenue
Dallas TX 75214
Telephone: 214-673-7476

*Attorneys for Henry Schein, Inc.*

*/s/ Christian J. Pistilli*
Geoffrey E. Hobart
Timothy C. Hester
Christian J. Pistilli
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
thester@cov.com
cpistilli@cov.com

*Attorneys for McKesson Corporation*

*/s/ Steven Pyser*
Enu A. Mainigi
Jennifer G. Wicht
Steven Pyser
WILLIAMS & CONNOLLY LLP

680 Maine Ave SW
Washington, DC  20024
Telephone:  (202) 434-5000
Fax:  (202) 434-5029
emainigi@wc.com

*Attorneys for Cardinal Health, Inc.*

*/s/ Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
Joseph J. Mahady
Anne Rollins Bohnet
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Telephone: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com
jmahady@reedsmith.com
abohnet@reedsmith.com

*Attorneys for AmerisourceBergen Corporation (n/k/a Cencora, Inc.) and AmerisourceBergen Drug Corporation*

*/s/ Evan K. Jacobs*
Eric W. Sitarchuk
Evan K. Jacobs
MORGAN, LEWIS & BOCKIUS LLP
2222 Market Street
Philadelphia, PA 19103
Tel.: (215) 963-5000
eric.sitarchuk@morganlewis.com
evan.jacobs@morganlewis.com

*Attorneys for Teva Pharmaceuticals USA, Inc.*

*/s/ Rebecca Fitzpatrick*
Rebecca Fitzpatrick, P.C.
Maria Pellegrino Rivera
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, Illinois 60654
(312) 862-2000

rebecca.fitzpatrick@kirkland.com
mrivera@kirkland.com

*Attorneys for the Allergan Defendants*