# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | ) ) ) | **CASE NO. 1:17-MD-2804** |
| | ) | **Judge Dan Aaron Polster** |
| **THIS DOCUMENT RELATES TO:** | ) | |
| "*All cases*" | ) ) | |
| | ) | **ORDER ON MOTION REGARDING** |
| | ) | **SPECIAL MASTER BILLING STATEMENTS** |

Several Defendants have filed a motion asking the Court to "order the Special Masters from today forward to submit summary statements for payment" that include certain itemizations, in order "to facilitate proportionate payment by each defendant group or mediating defendant." Docket no. 5688 at 3-4. For the reasons below, the motion is **DENIED**.

This MDL has been proceeding for seven years, and during that time there have been many Defendants actively involved in the litigation—at least ten major defendants and dozens of other, smaller ones. The Court directed the Plaintiffs and Defendants to split the cost of the Special Masters 50/50, *see* docket no. 69 ("*Appointment Order*") at 5-6,[1] and assumed each side would: (1) determine how to allocate their 50% share among themselves; and (2) submit a single, combined payment to the Special Master. This way, the Special Master would receive just two monthly checks, one from all Plaintiffs and one from all Defendants.

Early on, Defendants apparently had some difficulty with this—in the months following entry of the *Appointment Order*, Defendants did "not ma[ke] timely nor complete payments, and . . . sent numerous partial-payment checks." Docket no. 229 at 1. To correct this, the Court issued an Order

---

[1] At that time, the Court had appointed three Special Masters. Today, only Special Master Cohen remains, but he has a support staff and the Defendants' motion apparently asks for itemization of his staff's bills, as well.

directing Defendants to:

> timely provide each Special Master with a single check for the full amounts owed. The Court assumes that, to effectuate this directive, Defendants will find it necessary to: (1) create a single account for the purpose, into which each Defendant shall periodically deposit amounts certain; and (2) come to agreement regarding each Defendant's share. If Defendants cannot agree on a method and their appropriate shares . . . , they shall notify the Court and the Court will settle the matter.

*Id.*

Happily, the Defendants resolved their issues internally. Thus, during the last six years, Defendants reached a continuing, if possibly occasionally-changing, "agreement regarding each Defendant's share." *Id.* This accord continued even as the amount of the Court's and the Special Masters' attention to a given Defendant varied substantially during different times and phases of the case. As for Plaintiffs, they have never suggested to the Court they had any problem with internal allocation, even though the amount of attention from the Court and the Special Masters given to a particular Plaintiff or an individual PEC member's clients also varied greatly during different times and phases of the litigation.[2]

With their instant motion, the moving Defendants signal they are having trouble continuing to reach agreement. To overcome this apparent problem, Defendants ask the Special Master (and, presumably, his staff) to begin itemizing his monthly summary billing statements to "specify the volume of work performed for each of the MDL litigation tracks (or in the case of mediation only,

---

[2] Each Plaintiff, of course, is a vastly smaller entity with far fewer resources than virtually every Defendant; and the same may be said of each member of the PEC. Neither any individual Plaintiff nor any individual PEC member has ever suggested they need the Special Master to itemize his billing statements "to ensure that all [Plaintiffs and their Counsel] can be made aware of their proportionate share of the Special Masters' fees." Motion at 3.

the volume of work performed for the mediating parties) and the associated amount billed." Motion at 1.[3] Defendants assert that: (1) the Special Master's billing statements currently leave them "unable to ascertain their proportionate share of total billed amounts;" and (2) granting their motion "should not increase the burden on the Special Masters." *Id.* at 2, 3.

The Court finds both of these assertions are not well-taken. Defendants have been able to reach agreement on their internal allocation for nearly seven years. All parties have long been able to, and should continue to be able to, reasonably and fairly ascertain the amount of time the Special Master spends on their particular issues, based on the formal and informal motions filed and hearings held.[4] Further, the amount of work required of the Court and the Special Master in this MDL is often overwhelming, and the Court will not add to that burden unnecessarily by requiring the Special Master to itemize his time.

Accordingly, the motion for itemization is denied.

**IT IS SO ORDERED.**

/s/ *Dan Aaron Polster*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

**DATED**: October 18, 2024

---

[3] Defendants also state they "recognize that the Special Masters may perform some tasks—unlike MDL track-specific work or mediation—that applies to and is for the benefit of all MDL litigation tracks. Accordingly, the Moving Defendants believe it is appropriate for the Special Masters *also* to identify any generally applicable work performed, for which the cost can be borne by all parties participating in the Special Master Fund." Motion at 3 (emphasis added). This request would increase the burden on the Special Master even more.

[4] The only obvious change in circumstances in the last year or so is that litigation activity against the PBMs has increased dramatically. Although the Court denies Defendants' motion, the Court responds to the request for itemization with this lone observation: the great majority of the time spent by the Special Master and the Court over the last year has been on matters tied to the PBMs.