**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | ) | **MDL 2804** |
| | ) | |
| | ) | **Case No. 1:17-md-2804** |
| | ) | |
| **THIS DOCUMENT RELATES TO:** | ) | **Judge Dan Aaron Polster** |
| | ) | |
| *ALL THIRD PARTY PAYOR ACTIONS* | ) | |

**JOINT DECLARATION OF PAUL J. GELLER AND ELIZABETH J. CABRASER IN SUPPORT OF THIRD PARTY PAYOR PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**

We, Paul J. Geller and Elizabeth J. Cabraser, declare and state as follows:

1.     I, Paul J. Geller, am an attorney admitted to practice in the state of Florida.  I am the managing partner of Robbins Geller Rudman & Dowd LLP's ("Robbins Geller") Boca Raton, Florida office, a founding partner of the firm, a member of its Executive and Management Committees, and head of the firm's Consumer Practice Group.  This declaration is based upon my personal knowledge unless otherwise indicated.  If called upon to testify as to the matters stated herein, I could and would competently do so.

2.     I, Elizabeth J. Cabraser, am an attorney admitted to practice in the state of California.  I am a founding partner of Lieff Cabraser Heimann & Bernstein LLP ("Lieff Cabraser") and a member of the firm's Executive Committee.  This declaration is based upon my

- 1 -

- 2 -

personal knowledge unless otherwise indicated.  If called upon to testify as to the matters stated herein, I could and would competently do so.

3.      We submit this Joint Declaration in support of Third Party Payor ("TPP") Plaintiffs' Motion for Final Approval of Class Action Settlement and for Attorneys' Fees, Expenses, and Service Awards.

4.      We are Interim Co-Lead Settlement Class Counsel in this action.  Mr. Geller's firm represents Settlement Class Representatives Cleveland Bakers and Teamsters Health and Welfare Fund ("Cleveland Bakers") and Pipe Fitters Local Union No. 120 Insurance Fund.  Ms. Cabraser's firm represents Settlement Class Representatives American Federation of State, County and Municipal Employees District Council 37 Health & Security Plan and Pioneer Telephone Cooperative, Inc. Employee Benefits Plan.

5.      We are both members of the Plaintiffs' Executive Committee ("PEC") in this MDL and are both also members of the Court-appointed Settlement Negotiating Committee in this MDL.

## I.      Settlement History and Notice Plan

6.      Together with TPP Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Direction of Notice Under Federal Rule of Civil Procedure 23(e) (ECF 5614), we previously filed a declaration containing information about the litigation history and notice program (ECF 5614-1).  Familiarity with that declaration is presumed herein.

7.      This Settlement was the product of extensive arm's-length negotiations.  The parties initially engaged in preliminary settlement negotiations in 2022, leading to an in-person, all-day mediation with the Honorable Layn Phillips on September 12, 2022.  Although that mediation did not succeed, conversations between the parties about settlement structure continued.  On February 14, 2024, Settling Distributors agreed to mediate again with members of the Court-

appointed Settlement Negotiating Committee, who represent TPP Plaintiffs and proposed Settlement Class Representatives in this MDL; the two of us; our partners, including Mark Dearman and Eric Fastiff; Co-Lead Counsel Jayne Conroy; and PEC-member Peter Mougey.  This mediation took place with the assistance of Mr. Fouad Kurdi, who successfully mediated previous opioids and opioids-related settlements, including the TPP class settlement in *In re McKinsey & Co., Inc. National Prescription Opiate Consultant Litigation*, MDL No. 2996 (N.D. Cal.), which has been granted final approval by Judge Breyer.  The parties participated in an intensive series of telephonic discussions and information exchanges, culminating in an all-day, in-person mediation in New York City, New York, with Mr. Kurdi on April 15, 2024.  Following the mediation, Mr. Kurdi issued a double-blind "Mediator's Proposal" which was accepted by all parties to the mediation and which forms the basis of this settlement.

8.      On September 3, 2024, the Court preliminarily approved the class Settlement between TPP Plaintiffs and Settling Distributors ("Preliminary Approval Order") (ECF 5616).  The Court appointed us (Paul Geller and Elizabeth Cabraser) as Interim Co-Lead Settlement Class Counsel, and the two of us, as well as our colleagues Mark Dearman of Robbins Geller and Eric Fastiff of Lieff Cabraser, as Interim Settlement Class Counsel.  The Court also approved A.B. Data, Ltd. as Notice and Claims Administrator for the Settlement.  In the interim, we have proposed James R. Dugan, II of The Dugan Law Firm, APLC as additional Co-Lead Settlement Class Counsel.

9.      Attached hereto as **Exhibit A** is the Declaration of Professor William B. Rubenstein.  Professor Rubenstein is a Professor at Harvard Law School and leading national expert on class action law.  His declaration describes the MDL 2804 allocation formula and its use in the *McKinsey* political subdivision class action settlement, and explains how the prior MDL

2804 settlements informed the instant Settlement and offers further support for the legitimacy of the proposed allocation formula.

## II.     Progress on Court-Approved Notice Program

10.     On October 1, 2024, pursuant to the Preliminary Approval Order, Interim Settlement Class Counsel filed the Declaration of Eric J. Miller Regarding Dissemination of Notice ("Miller Declaration") (ECF 5662, 5662-1).  As stated in the Miller Declaration, A.B. Data timely completed the Court-approved notice program by the notice date of September 17, 2024.  The Miller Declaration describes implementation of the notice program to potential TPP Class Members.

11.     To date, ahead of the objection and opt-out deadline of November 4, 2024, A.B. Data has received just two non-litigating opt-out requests and no objections.

12.     In our opinion, the Court-approved notice program, as implemented by A.B. Data, satisfies due process and gives ample opportunity for TPPs to decide whether to opt out or object to the Settlement by the November 4, 2024 deadline.

13.     Interim Co-Lead Settlement Class Counsel will oversee the completion of the notice program, keep the settlement website current, and report to the Court on completion of the notice program prior to the Fairness Hearing.

## III.     Interim Settlement Class Counsel

14.     Throughout this litigation, the vast majority of the work to represent TPP plaintiffs in this case and with respect to this particular Settlement has been performed by our two firms, Lieff Cabraser and Robbins Geller, as well The Dugan Law Firm, APLC.  We (Paul Geller and Elizabeth Cabraser) are Court-appointed members of both the PEC and the Settlement Negotiating Committee (*see* ECF 37, 118), and we have worked together (along with others) to negotiate and

implement at least nine global settlements in this MDL thus far, which will bring over $50 billion in abatement funds to communities throughout the country.

15.      James R. Dugan, II of The Dugan Law Firm, APLC, who Plaintiffs now move the Court to appoint as an additional Settlement Class Counsel – and to designate as another Co-Lead Settlement Class Counsel – is also a Court-appointed member of the PEC who was "designated to exclusively represent the interests of Third-Party Payor cases." *See* ECF 34, 37.

16.      Interim Settlement Class Counsel and Mr. Dugan have significant experience in TPP litigation and opioid litigation, and we have undertaken substantial work to prosecute opioid cases against many defendant groups.  We have collectively undertaken an enormous amount of work, effort, and expense in this MDL on behalf of the TPP Settlement Class, and we will continue to do so through administration of the Settlement and any appeals.

**IV.      Common Benefit and Hours, Lodestar, and Expenses**

17.      For this case, Class Counsel and The Dugan Law Firm, APLC worked entirely on contingency and advanced both their time and the required expenses.  We, and others in our firms, devoted thousands of hours and advanced whatever expenses were necessary to investigate and successfully resolve this case, all with no guarantee of reimbursement.  In so doing, Class Counsel and The Dugan Law Firm declined opportunities to work on other cases in order to devote the necessary time, resources, and energy to this case.

18.      Interim Settlement Class Counsel are applying for attorneys' fees of up to 20% of the $300 million Settlement Fund, with this application inclusive of the common benefit assessment due under the Court's Ongoing Common Benefit Order (ECF 4428).  Any attorneys' fees and expenses awarded by the Court will be paid from the Settlement Fund only if, and after, the Court grants Final Approval and the judgment becomes final.

19.     The common benefit portion of any fees awarded shall be allocated by the existing Fee Panel among applicant firms that it determines did work that inured to the common benefit of the TPPs.  The remaining amount awarded shall be allocated by Co-Lead Settlement Class Counsel among firms actively litigating on behalf of the TPP Class, with any appeals to such allocation going to Special Master Cohen – an approach consistent with the prior common benefit fee allocation protocol and commonly permitted in this Circuit.

20.     The information in this Joint Declaration regarding Class Counsel's time and expenses is taken from time and expense reports and supporting documentation prepared and/or maintained each firm in their ordinary course of business.

21.     Settlement Class Counsel and their firms have spearheaded the litigation of TPP claims in MDL 2804 since its inception seven years ago.  Throughout the course of this MDL, they have advanced substantial TPP costs and invested thousands of hours in TPP-specific work.

22.     These hours were spent on work that includes the drafting, amendment, and defense of the TPP briefing bellwether complaint; TPP discovery; commencing and completing the TPP bellwether selection process; designing the TPP bellwether case tracks; negotiating, mediating, and settling the instant case with the three large distributors and their sophisticated counsel; and preserving the TPPs' class allegations.

23.     As of October 18, 2024, Interim Settlement Class Counsel and counsel working for the benefit of TPPs in this MDL have incurred, or expect to incur shortly, expenses in the amount of $750,000.00 while prosecuting this case on behalf of the TPP Settlement Class.  These expenses have included, for example, filing fees, telephone and messenger charges, expert costs, eDiscovery database hosting, data vendor costs, and online legal research.

24.    We believe the time reflected in the calculation and the expenses for which payment is sought herein are reasonable and were necessary for the effective and efficient prosecution and resolution of the TPP cases as to Settling Distributors.

**V.    Settlement Class Representative Service Awards**

25.    The six appointed Settlement Class Representatives – Cleveland Bakers and Teamsters Health and Welfare Fund; Pipe Fitters Local Union No. 120 Insurance Fund; Pioneer Telephone Cooperative, Inc. Employee Benefits Plan; American Federation of State, County and Municipal Employees District Council 37 Health & Security Plan; Louisiana Assessors' Insurance Fund; and Flint Plumbing and Pipefitting Industry Health Care Fund – together with the two newly proposed Settlement Class Representatives, United Food and Commercial Workers Health and Welfare Fund of Northeastern Pennsylvania ("UFCW") and Sheet Metal Workers Local No. 25 Health & Welfare Fund ("SMW"), include named Plaintiffs in actions centralized in this MDL, and six of them are TPP briefing or trial bellwether Plaintiffs.  The TPP Settlement Class Representatives, UFCW, and SMW played an integral role in the litigation by closely consulting with counsel throughout the process.

26.    The Settlement Class Representatives, UFCW, and SMW have no interests antagonistic to Settlement Class Members and will continue to protect the Class's interests in overseeing administration of the Settlement and through any appeals.  They each understand their duties, have agreed to consider the interests of absent Settlement Class Members, and reviewed and uniformly endorsed the Settlement terms.  They have further demonstrated their adequacy by participating actively in the case, and each has expressed continued willingness to protect the Class until the Settlement is approved and its administration completed, and through any appeals.

- 8 -

27.     Each Settlement Class Representative, together with UFCW and SMW, accordingly seeks a $10,000 service award.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on October 18, 2024 in Aspen, Colorado.

*/s/ Paul J. Geller*
Paul J. Geller

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on October 18, 2024 in San Francisco, California.

*/s/ Elizabeth J. Cabraser*
Elizabeth J. Cabraser