**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | ) | **MDL 2804** |
| | ) | |
| | ) | **Case No. 1:17-md-2804** |
| | ) | |
| **THIS DOCUMENT RELATES TO:** | ) | **Judge Dan Aaron Polster** |
| | ) | |
| *ALL THIRD PARTY PAYOR ACTIONS* | ) | |

**[PROPOSED] FINAL ORDER AND JUDGMENT GRANTING**
**THIRD PARTY PAYOR PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS**
**ACTION SETTLEMENT, AND AWARD OF ATTORNEYS' FEES AND EXPENSES**
**AND SETTLEMENT CLASS REPRESENTATIVE SERVICE AWARDS**

Before the Court is Third Party Payor ("TPP") Plaintiffs' Motion for Final Approval of

Class Action Settlement, and Award of Attorneys' Fees and Expenses and Settlement Class

Representative Service Awards.  The background, procedural history, and Settlement terms were

summarized in the Court's Order Granting Third Party Payor Plaintiffs' Motion for Preliminary

Approval of Class Action Settlement and Direction of Notice Under Federal Rule of Civil

Procedure 23(e).  *See* ECF 5616 ("Preliminary Approval Order").  In brief, the Settlement between

Interim Settlement Class Counsel for Third Party Payor Plaintiffs, on behalf of a proposed

1

Settlement Class of TPPs, and Settling Distributors[1] provides $300 million to compensate the Settlement Class for harms allegedly incurred as part of the ongoing, nationwide opioid crisis.

## I.        CLASS CERTIFICATION AND SETTLEMENT APPROVAL

When presented with a motion for final approval of a class action settlement, a court first evaluates whether certification of a settlement class is appropriate under Rule 23(a)-(b) of the Federal Rules of Civil Procedure.  Rule 23(a) provides that a class action is proper only if four requirements are met: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation.  *See* Fed. R. Civ. P. 23(a)(1)-(4).  As relevant here, certification of a Rule 23(b)(3) settlement class action requires that: (1) "the questions of law or fact common to class members predominate over any questions affecting only individual members"; and (2) "a class action [be] superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  In its Preliminary Approval Order, the Court concluded that the Settlement Class, as defined therein, and its Settlement Class Representatives were likely to satisfy these requirements and that Interim Settlement Class Counsel met the requirements of Rule 23(g).  *See* ECF 5616.  The Court finds no reason to disturb its earlier conclusions, as the requirements of Rule 23(a), (b)(3), and (g) were satisfied then, and they remain satisfied now.  Accordingly, the Court concludes that certification of the Settlement Class is appropriate.

After finding that the Settlement Class satisfies Rule 23(a) and (b)(3), the Court must determine whether the Settlement is fundamentally "fair, reasonable, and adequate."  Fed. R. Civ. P. 23(e)(2).  The Court is familiar with the standards applicable to certification of a settlement class, having applied these standards in the Preliminary Approval Order to conclude that the Settlement appeared to be "fair, reasonable, and adequate[.]"  ECF 5616; *see also Whitlock v. FSL*

---

[1] Cencora, Inc. (f/k/a AmerisourceBergen Corporation), Cardinal Health, Inc., and McKesson Corporation (collectively, "Settling Distributors").

*Mgmt., LLC*, 843 F.3d 1084, 1093 (6th Cir. 2016) (analyzing the seven factors that govern the "fair, reasonable, and adequate" inquiry in the Sixth Circuit); *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205-06 (6th Cir. 1992) (noting that district courts enjoy broad discretion when applying the Rule 23(e)(2) factors).

Now, in granting final approval of the Settlement, the Court has considered each of the Rule 23(e) factors and finds that the Settlement Class Representatives and Interim Settlement Class Counsel have adequately represented the Settlement Class; the Settlement Agreement was negotiated at arm's length; the relief provided for the Settlement Class is adequate; and the Plan of Allocation treats Settlement Class Members equitably relative to one another. *See* Fed. R. Civ. P. 23(e)(2).

These conclusions are bolstered by the Settlement Class Members' favorable reaction to the Settlement: __ TPPs objected to the settlement, and, out of over 40,000 potential Settlement Class Members that were notified, only __ TPPs (less than __%) excluded themselves from the settlement. This factor supports final approval. *See Whitlock*, 843 F.3d at 1093 (considering as part of the Rule 23(e)(2) seven-factor analysis "the reaction of absent class members").

In addition, the Court finds that the Court-approved notice provided to the Settlement Class pursuant to the Settlement Agreement and the Preliminary Approval Order fully complied in all respects with the requirements of Fed. R. Civ. P. 23 and due process, and the notice was reasonably calculated under the circumstances to apprise the Settlement Class Members of the pendency of this Action, their right to object to or exclude themselves from the Settlement, and their right to appear at the Fairness Hearing.

The Court also finds that the Settling Distributors have complied with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, 1711-1715, and its notice requirements by providing appropriate federal and state officials with information about the Settlement Agreement.

## II.    REQUESTED ATTORNEYS' FEES AND EXPENSES AND SERVICE AWARDS

"The determination of a reasonable fee must be reached through an evaluation of a myriad of factors, all within the knowledge of the trial court, examined in light of the congressional policy underlying the substantive portions of the statute providing for the award of fees." *United Slate, Tile & Composition Roofer, Damp & Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir. 1984); *see also Feiertag v. DDP Holdings, LLC*, 2016 WL 4721208, at \*6 (S.D. Ohio Sept. 9, 2016) (applying factors to determine a reasonable attorneys' fee).  Attorneys' fees may be properly awarded as a "percentage of the fund method." *Rawlings v. Prudential-Bache Props., Inc.*, 9 F.3d 513, 516 (6th Cir. 1993).

Interim Co-Lead Settlement Class Counsel request a fee award of 20% of the Settlement Funds, plus all reimbursable costs and service awards (*see* ECF __).  The fee amount includes the common benefit obligations due under the Court's common benefit-related Orders (*see* ECF 4428, May 9, 2022 Ongoing Common Benefit Order).

## III.    CONCLUSION

Accordingly, the Court hereby orders, adjudges, finds, and decrees as follows:

The Court **DISMISSES** the Actions coordinated under MDL No. 2804 and all claims contained therein, as well as all of the Released Claims with prejudice as to the Released Entities only.  The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

Only those entities listed in the Opt-Out Report appended to Exhibit 1 of the Supplemental Joint Declaration of Elizabeth J. Cabraser and Paul J. Geller (ECF __) that timely submitted valid requests to opt out of the Settlement Class are not bound by this Order.  Those entities are not entitled to any recovery from the Settlement.

The Court **GRANTS** class certification for settlement purposes only.

The Court **CONFIRMS** the appointment of Interim Settlement Class Counsel Paul J. Geller, Elizabeth J. Cabraser, Mark J. Dearman, and Eric B. Fastiff as Settlement Class Counsel and further appoints James R. Dugan, II of The Dugan Law Firm, APLC as Settlement Class Counsel.  The Court also **CONFIRMS** the appointment of Interim Co-Lead Settlement Class Counsel Paul J. Geller and Elizabeth J. Cabraser as Co-Lead Settlement Class Counsel and additionally appoints James R. Dugan as Co-Lead Settlement Class Counsel.

The Court **CONFIRMS** the appointment of Settlement Class Representatives Cleveland Bakers and Teamsters Health and Welfare Fund; Pipe Fitters Local Union No. 120 Insurance Fund; Pioneer Telephone Cooperative, Inc. Employee Benefits Plan; American Federation of State, County and Municipal Employees District Council 37 Health & Security Plan; Louisiana Assessors' Insurance Fund; and Flint Plumbing and Pipefitting Industry Health Care Fund, and further appoints United Food and Commercial Workers Health and Welfare Fund of Northeastern Pennsylvania and Sheet Metal Workers Local No. 25 Health & Welfare Fund as additional Settlement Class Representatives.

The Court **GRANTS** Co-Lead Settlement Class Counsel's request for attorneys' fees and costs, subject to the Court's common benefit-related Orders. The Court hereby **AWARDS**: notice and administration costs, expert costs, and Settlement Class Counsel expenses; attorneys' fees of 20% of the Settlement Funds; and the below service awards.  The attorneys' fee award includes the common benefit obligations due under the Court's common benefit-related Orders, which shall be allocated by the existing Fee Panel among qualified applicants firms that that it determines did work that inured to the common benefit of the TPPs.  The fee award net of the common benefit assessment shall be allocated by Co-Lead Settlement Class Counsel firms actively litigating on behalf of the TPP Class, with any appeals to such allocation going to Special Master Cohen.

The Court **GRANTS** Settlement Class Counsel's request for service awards of $10,000 to each of the Settlement Class Representatives.

The Court hereby discharges and releases the Released Claims as to the Released Entities, as those terms are used and defined in the Settlement Agreement.

The Court hereby permanently bars and enjoins the institution and prosecution by any Settlement Class Representative, Settlement Class Member, Releasor, and anyone claiming through or on behalf of any of them, of any other action against the Released Entities in any court or other forum asserting any of the Released Claims, or any claim related in any way to the Released Claims, as those terms are used and defined in the Settlement Agreement.

All Settlement Class Members, Releasors, and anyone claiming through or on behalf of any of them, shall cooperate with the Settling Distributors to promptly dismiss with prejudice as to any of the Released Entities the Actions listed on Exhibit A to the Settlement Agreement that are not coordinated under MDL No. 2804 and all other pending litigation asserting any Released Claims against any of the Released Entities.

The Court hereby discharges and releases all Settlement Class Representatives, Settlement Class Members, and their counsel of the claims provided in Section IX.L. of the Settlement Agreement.

Neither the Settlement Agreement nor any act performed or document executed pursuant to or in furtherance of the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim or of any wrongdoing or liability of the Settling Distributors or Released Entities; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Settling Distributors or Released Entities in any civil, criminal, or administrative proceeding in any court or other forum. Notwithstanding the foregoing, the Settling Distributors and/or the Released Entities may file the

Settlement Agreement and/or this Final Judgment in any other action that may be brought against them to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, or any theory of claim preclusion or issue preclusion or similar defense.

Therefore, pursuant to, and in accordance with, Fed. R. Civ. P. Rule 23, the Court hereby fully and finally approves the Settlement Agreement in its entirety and finds that the Settlement Agreement is fair, reasonable, and adequate. The Court also finds that the Settlement Agreement is in the best interests of the Settlement Class Representatives and all Settlement Class Members, and is consistent and in compliance with all applicable laws and rules. The Court further finds that the Settlement Agreement is the product of intensive, thorough, serious, informed, and non-collusive negotiations overseen by the mediator. The Court further finds that the Parties have evidenced full compliance with the Preliminary Approval Order.

All objections to the Settlement Agreement are found to be without merit and are overruled.

Without further approval from the Court, and without the express written consent of Settlement Class Counsel and Settling Distributors, the Settlement is not subject to any material modification.

The terms of the Settlement and of this Final Order and Judgment are forever binding on the Settling Parties and Settlement Class Members, as well as their respective heirs, executors, administrators, predecessors, successors, affiliates, and assigns. Settlement Class Members include all entities within the Class definition in Section III.A.1.(a). of the Settlement Agreement that did not submit a timely and valid Opt-Out in accordance with the procedures in the Settlement Agreement and the Preliminary Approval Order.

The Court finds that the Settlement is a good-faith settlement that bars any Claim by any Non-Released Entity against any Released Entities for contribution, indemnification, or otherwise

seeking to recover all or a portion of any amounts paid by or awarded against that Non-Released Entity to any Settlement Class Member or Releasor by way of settlement, judgment, or otherwise on any Claim that would be a Released Claim were such Non-Released Entity a Settling Distributor, to the extent that a good-faith settlement (or release thereunder) has such an effect under applicable law, including, without limitation, O.H. Code § 2307.28 and similar laws in other states or jurisdictions.

The Court further reserves and retains exclusive and continuing jurisdiction over the Settlement, including the Escrow Account, the Escrow Agent as its administrator, and all future proceedings concerning the administration and enforcement of the Settlement Agreement and to effectuate its terms.

In the event that, for any reason, the Effective Date does not occur in accordance with the terms of the Settlement Agreement then: (i) this Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated; (ii) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement; and (iii) the Settlement Funds shall be returned to Settling Distributors in accordance with the Settlement Agreement.

The Court finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay, and directs immediate entry of this Final Judgment by the Clerk of the Court.

**IT IS SO ORDERED.**

DATED: _____     _____

THE HONORABLE DAN A. POLSTER
UNITED STATES DISTRICT JUDGE

8