UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>Michael Masiowski, MD.,<br><br>On behalf of himself and all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>Amerisourcebergen Drug Corporation et al,<br><br>Defendants. | Member Case #: 1:18-op-45985-DAP<br><br><br><br>Judge Dan Aaron Polster<br>(MDL 2804)<br>Lead case: 1:17-md-02804-DAP |

**PLAINTIFF MICHAEL MASIOWSKI, M.D., PUTATIVE CLASS REPRESENTATIVE'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF MASIOWSKI'S COMPLAINT FOR <u>FAILURE TO SUBMIT A PLAINTIFF FACT SHEET</u>**

## I.     Background

Plaintiff Michael Masiowski, M.D., is an independent emergency room physician who represents a putative national class of similarly situated independent emergency room physicians who have provided uncompensated care to patients with opioid use disorder, and further have suffered increased costs of operations as the result of the opioid crisis.

1

On November 29, 2023, the Court issued an Order directing all Hospital Plaintiffs to complete a Hospital Fact Sheet ("HFS") on or before January 26, 2024. Doc. 5257 at 1. The Court indicated it would dismiss with prejudice those cases where a Hospital Fact Sheet ("HFS") was not timely provided. *Id.*

The Court's order requiring HFS [Doc. 5257] was not without ambiguity. In fact, on February 23, 2024, Defendants sent the Special Master and the Court "a list of approximately 29 additional Hospitals [(Hospital Plaintiffs)] that had not submitted a HFS". See Doc. 5340 at 2. In response, on March 5, 2024, the Court "clarifie[d] that for the purpose of this MDL, a 'Hospital Plaintiff'" includes any (1) "hospital *or non-hospital healthcare provider*" (2) "whose complaint includes 'claims relating to unreimbursed and/or under-reimbursed care for patients with Opioid Use Disorder.'" Doc. 5340 at 1-2 (emphasis in original). In that same order, the Court identified 33 additional Hospital Plaintiffs that "may have been previously unaware of their obligation to complete a HFS, but which meet the Court's clarified definition". The Court extended the fact sheet deadline for these "Hospital Plaintiffs" to June 3, 2024. *Id.* at 2. The Court further identified 37 Hospital plaintiffs that submitted HFSs with material deficiencies and 24 Hospital Plaintiffs that entirely failed to timely submit a HFS. *Id.* at 3-5. Of the 94 Hospital Plaintiffs explicitly identified in the Court's Order, Plaintiff Masiowski was not named therein. Nor was one of the named parties identified as an independent

2

physician, or other type of health care provider, separate and apart from a hospital or medical facility.

Now, before this Court, is Defendants' Motion to Dismiss Plaintiff Michael Masiowski's Complaint for Failure to Submit a Plaintiff Fact Sheet. The Court should deny Defendants' motion because (1) Plaintiff Masiowski neither did or should have reasonably anticipated that he qualified as a "Hospital Plaintiff," (2) The Court never identified with any reasonable specificity that Plaintiff Masiowski bore the burden of filing a fact sheet in its clarifying order, Doc. 5340; (3) The HFS contains a disproportionate number of questions that do not apply to an individual provider similar to Plaintiff Masiowski; and (4) There is no prejudice to defendants for the inadvertent delay in providing a fact sheet, if Plaintiff Masiowski, under the totality of circumstances, should have completed the HFS and did not timely comply.

## II. Legal Standard

"Dismissal under Fed. R. Civ. P. 41(b) is a harsh sanction which the court should order only in extreme situations in which a clear record of delay or contumacious conduct by the plaintiff can be shown." *Bush v. City of Toledo*, No. 3:06 CV 7047, 2008 WL 728368, at *2 (N.D. Ohio Mar. 14, 2008) (citing *Jones v. Schindler Elevator Corporation*, 2007 WL 4556673, *5 (N. D. Ohio 2007)).

Generally, "[t]o be treated as culpable, the conduct of a [party] must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Id.* (quoting *Shepard Claims Service v. William Darrah & Associates*, 796 F.2d 190, 194 (6th Cir.1986)).

Decisions to dismiss under Rule 41(b) are reviewed for abuse of discretion. *See Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 369 (6th Cir. 1997). "[I]n assessing the appropriateness of a district court's decision to dismiss a complaint for failure to prosecute, [the Sixth Circuit considers]: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action." *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001) (citing *Knoll v. American Tel. &* Tel., 176 F.3d 359 (6th Cir.1999)).

### III.  Argument

Dismissal under Rule 41(b) is entirely inappropriate in this instance as Defendants cannot demonstrate willfulness or bad faith, prejudice by Plaintiffs' conduct, nor that Plaintiff Masiowski was appropriately cautioned of potential

4

deficiencies in assessing whether dismissal is appropriate for failure to prosecute under Rule 41(b).[1]

### i. Plaintiff Masiowski Was Not Identified By The Court In Its March 5, 2024, Order And Therefore Cannot Be Deemed To Be In Violation Of The Court's June 3, 2024, Deadline.

Plaintiff Masiowski could not have reasonably known of his own potential deficiency or fault with respect to the Court's Orders requiring Hospital Plaintiffs to submit plaintiff fact sheets ("PFS"). The Court never identified Plaintiff Masiowski as a Hospital Plaintiff with an unfulfilled, or ongoing requirement to submit a PFS. *See* Order Regarding Hospital Fact Sheets, Doc. 5340. Moreover, Defendants, in their Motion to Dismiss, do not argue that they identified Plaintiff Masiowski among the "list [of] approximately 29 additional Hospitals that had not submitted a HFS" provided to the Special Master and the Court on February 23, 2024. Doc. 5340 at 1.

Further, in the Court's March 5, 2024 Order Regarding Hospital Fact Sheets [Doc. 5340], the Court provided a list of 33 Hospital Plaintiffs "that may have been previously unaware of their obligation to complete a HFS, but which meet the Court's clarified definition, shall have until Monday, June 3, 2024, to complete and submit a HFS". *Id* at 2. Defendants argue that Plaintiff Masiowski falls within the

---

[1] The Court has previously discussed whether less drastic sanction could be considered in such instances. *See* ORDER REGARDING FAILURES TO SUBMIT PLAINTIFF FACT SHEETS. Doc. 4985 at 6.

5

Court's clarified definition and therefore was subject to the Court's June 3, 2024, deadline. However, there is no language in the Court's Order that would suggest that the list of 33 Hospital Plaintiffs subject to the Court's June 3rd deadline was not comprehensive or exhaustive. Defendants cannot demonstrate willfulness or bad faith on the part of Plaintiff Masiowski. Yet, despite the ambiguity as to Plaintiff Masiowski's obligation to complete a HFS, in the interest of demonstrating good faith and the pursuit of judicial economy and efficiency Plaintiff Masiowski has served Defendants with his HFS on October 2, 2024.

### ii. The HFS Did Not Anticipate an Individual Provider Such as Plaintiff Masiowski.

The interested Parties, in constructing the HFS, sought to address medical facilities, specifically hospitals, in order to aid in the discovery process and promote judicial efficiency; and did not intend to address independent [emergency room] physicians, separate from any hospital entity, that are contracted to provide professional medical services similar to Plaintiff Masiowski, and the Putative Class he seeks to represent. The nature of the questions posed in the HFS, as well as the medical facilities listed in the Court's March 5, 2024 Order support this view.

Many of the questions posed in the HFS are entirely inapplicable to Plaintiff Masiowski as an independent emergency room physician, and instead contemplate

6

a response from a representative of a hospital or medical facility.[2] Such questions include:

> Are You part of a hospital district? If yes, please identify.
>
> If You are a subsidiary, identify your parent or equivalent entities.
>
> Do any pharmacies operate in any of Your facilities? If yes, please identify (a) their name and (b) the patient base they serve (e.g. inpatient, outpatient and/or long-term care).
>
> How many beds do You operate at each of your locations/facilities?
>
> Do You operate any neonatal intensive care units?
>
> Do any pain management clinic(s) or practice(s) operate in Your facilities? If yes, please identify the name(s) of the clinic and/or practice.
> What is Your annual operating margin?
>
> Do You identify, track, or otherwise have in Your possession, custody, or control, information regarding physicians or other healthcare providers credentialed for Your facility(ies) who wrote medically unnecessary opioid prescriptions?
>
> Identify each pharmacy operating at Your facilities, based on information reasonably available to You, that has been the target of a law enforcement or administrative investigation concerning the pharmacy's dispensing of prescription opioids during any year in which You allege that You suffered an injury for which You seek relief. (This request is not intended to pertain to current ongoing investigations or routine regulatory oversight).

---

[2] In the Court's March 5, 2024, Order [Doc. 5340], the Court stated that Plaintiffs listed as deficient "may also provide a written addendum to its HFS explaining why its HFS is not deficient. For example, while a hospital's failure to provide the number of beds available would constitute a material deficiency, an out-patient clinic's would not." *Id* at Footnote 1. The Court indicates that it anticipates responses from non-hospital medical facilities; however, a plain reading of the Court's guidance would not indicate that it expects HFS submissions from Plaintiffs similarly situated to Plaintiff Masiowski.

Do You identify, track, or otherwise have in Your possession, custody, or control, information concerning whether a pharmacy operating at Your facilities dispensed medically unnecessary opioids for any year in which You allege that You suffered an injury for which You seek relief ?

Have You had an opioid prescription disposal program? If yes, provide the name and dates.

Have You operated any addiction treatment facilities or programs that address prescription opioids? If yes, provide the name and dates.

Do you have a dedicated Opioid Use Disorder program? If yes, provide the name and dates.

A plain reading of the above listed questions would indicate that the HFS was not intended for Plaintiffs such as Plaintiff Masiowski, as Plaintiff Masiowski does not own or operate a medical center, facility or clinic; and therefore he was not subject to the Court's Orders Regarding Hospital Plaintiff Fact Sheets [Docs. 5257, 5340].

Further, among the 94 Hospital Plaintiffs listed in the Court's March 5, 2024, Order, there were no individual Physicians or non-medical facility Plaintiffs listed. As such, Plaintiff Masiowski could not have reasonably known or believed he would be subject to the Court's clarified definition of Hospital Plaintiffs and the subsequent June 3, 2024, deadline.

### iii. Defendants Have Not Been Prejudiced By Plaintiff Masiowski's Failure To Submit A HFS.

On September 27, 2024, Defendants filed an unopposed Motion requesting the Court first decide "Defendants' Motions to Dismiss and extend the deadline for defendants to respond, if necessary, to Plaintiff's Motion for Leave to Amend and Corrected Motion for Leave to Amend to ten (10) business days after the Court issues a decision on the Motion to Dismiss." Doc. 5657 at 2. The Court granted Defendants unopposed motion on the same day.

Plaintiff Masiowski, in the interest of demonstrating good faith, provided Defendants with a completed HFS on October 2, 2024, despite ongoing ambiguity as to Plaintiff Masiowski's obligation to provide Defendants with a HFS. As a result, Defendants cannot demonstrate that they have suffered any prejudice by Plaintiff Masiowski's conduct as the deadline for Defendants to respond to Plaintiff Masiowski's Motion for Leave to Amend has been extended well beyond the Court's original September 30, 2024 deadline.

This alone should be dispositive as to Defendants Motion to Dismiss Plaintiff Masiowski pursuant to Rule 41(b).

### IV. Conclusion

Defendants cannot demonstrate any of the elements necessary to dismiss Plaintiff Masiowski's complaint with prejudice under Rule 41(b). Plaintiff Masiowski cannot be deemed to be at fault, litigating in bad faith, nor willfully noncompliant. Further, Plaintiff Masiowski has demonstrated good faith by

9

subsequently providing Defendants with a completed HFS following Defendants' Motion to Dismiss. Moreover, Defendants cannot demonstrate that they have been prejudiced by Plaintiff Masiowski as the Court has extended Defendants' deadline to respond to his Motion for Leave to Amend well beyond the Court's original deadline. Last, Defendants cannot demonstrate that Plaintiff Masiowski was adequately warned of his deficiency with respect to the Court's Orders Regarding Hospital Fact Sheets [Doc. 5257, 5340] as neither Defendants nor the Court identified Plaintiff Masiowski as being obligated to provide a HFS. Moreover, a reasonable individual would not have anticipated that a Plaintiff similarly situated to Plaintiff Masiowski would have been obligated to provide a HFS. For these reasons, the Court should deny Defendants' Motion.

Dated: October 18th, 2024.

              Respectfully submitted,

              /s/ Paul S. Rothstein
              Attorney Paul S. Rothstein
              Florida Bar Number: 310123
              Attorney Paul S. Rothstein, P.A.
              626 N.E. 1st Street
              Gainesville, FL 32601
              (352) 376-7650
              (352) 374-7133
              E-Mail:  psr@rothsteinforjustice.com

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on October 18th, 2024, I electronically filed the foregoing PLAINTIFF MICHAEL MASIOWSKI, M.D., PUTATIVE CLASS REPRESENTATIVE'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF MASIOWSKI'S COMPLAINT FOR FAILURE TO SUBMIT A PLAINTIFF FACT SHEET with the Clerk of Court by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

                                                  /s/ Paul S. Rothstein
                                                  Paul S. Rothstein