No. 24-3396

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Oct 22, 2024
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| In re: OPTUMRX, INC., | ) | |
| | ) | <u>O R D E R</u> |
| Petitioner. | ) | |

Before: CLAY, GRIFFIN, and STRANCH, Circuit Judges.

OptumRx, Inc. petitions for a writ of mandamus ordering the district court to disqualify Motley Rice LLC and its attorneys from representing plaintiffs in all pending and future lawsuits against OptumRx in this multidistrict litigation ("MDL") arising from the nation's opioid epidemic.

Mandamus "is a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (quoting *Ex parte Fahey*, 332 U.S. 258, 259–60 (1947)). "As the writ is one of the most potent weapons in the judicial arsenal, three conditions must be satisfied before it may issue": (1) the petitioner must "have no other adequate means to attain the relief [it] desires," such as direct appeal; (2) the petitioner must show that its right to the writ is "clear and indisputable;" and (3) "the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Id.* at 380–81 (cleaned up).

As an initial matter, we have held that mandamus is not the appropriate avenue to challenge a district court's disqualification order. *In re Mechem*, 880 F.2d 872, 873–74 (6th Cir. 1989)

(acknowledging that nothing in the Supreme Court's jurisprudence "constitute[s] a bar to mandamus challenges to disqualification orders," but nevertheless concluding "that the writ is not the proper vehicle for voicing such challenges"). To be sure, in massive litigation like the Opioid MDL where re-litigation would be practically impossible, there is a stronger argument for permitting immediate mandamus review of disqualification orders. *See In re Am. Airlines, Inc.*, 972 F.2d 605, 608–09 (5th Cir. 1992) (noting in an antitrust case that "the nature and size of th[e] litigation would seem to preclude effective appellate review upon final judgment"). But OptumRx gives no explanation as to why it did not pursue any of the other avenues available to it below before seeking the "drastic and extraordinary" remedy of mandamus, such as seeking protective orders, moving for reconsideration, or moving to certify the question for interlocutory appeal. *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 378–79 n.13 (1981); *see, e.g.*, *Manning v. Waring, Cox, James, Sklar & Allen*, 849 F.2d 222, 223 (6th Cir. 1988) (reviewing the denial of a motion to disqualify counsel under 28 U.S.C. § 1292(b)). For that reason, OptumRx is not entitled to the writ.

Even assuming that mandamus review is available to OptumRx and that it lacks an adequate alternative, it has not shown that its right to the writ is clear and indisputable. We review disqualification orders for an abuse of discretion and review de novo a district court's interpretation of an ethical rule. *See Gen. Mill Supply Co. v. SCA Servs., Inc.*, 697 F.2d 704, 711 (6th Cir. 1982). Ultimately, we are tasked with balancing OptumRx's interests, the MDL Plaintiffs' interests, and the public interest "in the proper safeguarding of the judicial process." *See id.*

OptumRx challenges two aspects of the district court's analysis: first, that the information at issue does not constitute "confidential government information" under Ohio Rule of

Professional Conduct 1.11(c); and second, that the information could not be used to OptumRx's material disadvantage in the Opioid MDL. We need not address the first issue because the second is dispositive. Even under de novo review, the district court's well-reasoned analysis compels the conclusion that OptumRx faces no material disadvantage from any information Motley Rice obtained in the Chicago, D.C., and Hawaii investigations because it should have already been produced into the MDL discovery repository pursuant to the district court's case management orders and discovery rulings. *Moses v. Sterling Com. (Am.), Inc.*, 122 F. App'x 177, 183–84 (6th Cir. 2005) ("A court should only disqualify an attorney when there is a reasonable possibility that some specifically identifiable impropriety actually occurred." (cleaned up)).

Balancing the interests involved also weighs against Motley Rice's disqualification. As a practical matter, although OptumRx asks us to disqualify Motley Rice only from representing plaintiffs in any cases against OptumRx in the MDL, the leadership structure would require that Joe Rice be disqualified as co-lead counsel. Now, over six years into the MDL, removing one of three co-lead counsel would create a huge burden for the remaining lead counsel and cause massive upheaval in the organization of the MDL.

Further, the timing of OptumRx's request belies its assertion that it faces a material disadvantage. Realistically, any information previously obtained by Motley Rice has already been incorporated into Plaintiffs' general litigation strategies and discovery requests at this point. OptumRx knew or should have known of this alleged conflict since 2018, yet it states that it was not until bellwether selection in 2022 that it knew that Motley Rice was representing opioid plaintiffs against it. That claim strains credulity, considering that Joe Rice has been co-lead counsel since before OptumRx's cases were transferred to the MDL and that the investigations at issue took place after both parties were part of the MDL. OptumRx's failure to raise the issue for

nearly five years presents a serious concern that its efforts to disqualify Motley Rice are merely "disguised harassment" in order to deny Plaintiffs their chosen counsel. *Melamed v. ITT Cont'l Baking Co.*, 592 F.2d 290, 295 (6th Cir. 1979) (quoting Michael W. McConnell, Note, *The Appealability of Orders Denying Motions for Disqualification of Counsel in the Federal Courts*, 45 U. Chi. L. Rev. 450, 450 (1978)); *see Moses*, 122 F. App'x at 183 ("Courts must be vigilant in reviewing motions to disqualify counsel as the ability to deny one's opponent the services of capable counsel is a potent weapon that can be misused as a technique of harassment." (cleaned up)).

Accordingly, the petition for a writ of mandamus is **DENIED**.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk