**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION <br><br> THIS DOCUMENT RELATES TO: <br> *"All Cases"* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. 1:17-MD-2804 <br><br> David R. Cohen <br> Randi S. Ellis <br> Hon. David R. Herndon <br><br> **FEE PANEL ORDER NO. 39 REGARDING CONTINGENT FEE FUND CREDITS AND REBATES TO WALGREENS, ESTABLISHMENT OF AN ADMINISTRATIVE EXPENSE ACCOUNT, AND A PRUDENT RESERVES HOLDBACK** |

**I. Adjustments to Walgreens's Payment Obligations to the Contingency Fee Fund ("CFF")**

Exhibit R §II.H.7 of the Walgreens Settlement Agreement states as follows:

> With respect to the Contingency Fee Fund, the Fee Panel shall:
> a. Review the applications of all Attorneys seeking compensation from the Litigating Subdivision Fee Fund, including determining eligibility for each Attorney as set forth in Section II.G.
> b. Apply the Mathematical Model in Exhibit A.
> c. Use such allocations to refund amounts owed to Walgreens from the Attorney Fee Fund, and inform Walgreens and the MDL PEC of all such adjustments.

The Fee Panel completed the requirements of Exhibit R §II.H.7 and informed Walgreens and the MDL PEC of the adjustments to Walgreens's payment obligations to the Contingency Fee Fund. The Fee Panel provided Walgreens and the MDL PEC an opportunity to review and, if necessary, dispute the calculations related to the amounts Walgreens is required to pay. Neither

Walgreens nor the MDL PEC disputed the amounts of the credits or reductions. Therefore, the Fee Panel now declares the amounts listed below are no longer subject to objection.

## II. Non-Participating States

Pursuant to Exhibit R §II.A.2, "If an Eligible State does not join the Agreement by the State Participation Date and is accordingly not a Settling State, the total attorneys' fees and costs to be paid under this Fee Agreement by Walgreens shall be reduced by twelve point four percent (12.4%) times the Remediation Payment amount that would have been allocated to that Non-Settling State as set forth in Section IV.B of the Walgreens Agreement."

The State of Nevada, State of New Mexico, and State of West Virginia did not participate in the Walgreens Settlement Agreement. In *Fee Panel Order No. 36-G*, the Fee Panel announced the total reduction to the Walgreens Attorney Fee Fund for Non-Settling States.[1] The total reduction for Non-Settling States is $19,524,845.97. Forty Percent (40%) of the total reduction for Non-Settling States was allocated to the Contingency Fee Fund. Therefore, the total reduction to the Walgreens Contingency Fee Fund for Non-Settling States is **$7,809,938.39**.

## III. Prior Settling States & Prior Settling Subdivisions

The State of Florida settled with Walgreens before the Walgreens Settlement Agreement. Therefore, counsel for litigating subdivisions in the State of Florida are not eligible to participate in the national Walgreens Contingency Fee Fund.

Nassau County, NY, and Suffolk County, NY, settled with Walgreens before the Walgreens Settlement Agreement. However, counsel for these counties meet all eligibility criteria to participate in the national Contingency Fee Fund, and the terms and conditions of the national Walgreens Settlement Agreement and the New York-Walgreens settlement do not prohibit counsel

---

[1] Available at https://opioidfeepaneldocuments.com/home-2/fee-panel-orders/

for Nassau County, NY, and Suffolk County, NY from participating in the Walgreens Contingency Fee Fund. Accordingly, counsel for Nassau County, NY, and Suffolk County, NY are eligible to participate in the Walgreens national Contingency Fee Fund.

Pursuant to Section I.GGGG of the Walgreens Settlement Agreement, "Each of Lake and Trumbull Counties of Ohio shall not be considered "Subdivisions" for purposes of this Agreement." Because Lake and Trumbull Counties of Ohio are not Subdivisions, they are not Non-Participating Litigating Subdivisions in a Settling State. Therefore, no credits are owed to Walgreens for Lake County, OH and Trumbull County, OH.

In 2023, the City and County of San Francisco, CA entered into a confidential settlement with Walgreens. Pursuant to Exhibit R §II.D.4 of the Walgreens Settlement Agreement, "In the event that after the date of the Walgreens Agreement, Walgreens, prior to the Effective Date of the Walgreens Agreement, settles with any Litigating Subdivision that would have been eligible to participate in the Settlement Agreement, and, under such settlement agreement pays attorneys' fees, the Fee Panel shall treat those Litigating Subdivisions as Participating Litigating Subdivisions and, applying the same criteria applicable to all Attorneys for Participating Litigating Subdivisions, determine what amount they would have been paid from the Contingency Fee Fund if they had become Participating Subdivisions under the Walgreens Agreement without such prior settlement. That sum, rather than being paid to the Attorney for the previously settling Litigating Subdivision, shall be returned to Walgreens, except that such refund shall not be greater than the amount paid to the Attorneys under the Litigating Subdivision's prior settlement agreement."

The amount Contact Counsel for San Francisco would have been paid from the Contingency Fee Fund had San Francisco become a Participating Subdivisions under the Walgreens Agreement without such prior settlement is $832,537.56. This amount will be paid to

Walgreens in the same percentages and over the same time period as it would have been paid to Contact Counsel for San Francisco if San Francisco had been a Participating Litigating Subdivision.

### IV. Non-Participating Litigating Subdivisions in Settling States

Exhibit R §II.D.3 of the Walgreens Settlement Agreement further provides: "The amount owed by Walgreens to the Contingency Fee Fund shall be reduced to reflect the non-joinder of Litigating Subdivisions in Settling States by subtracting the amounts identified by the Fee Panel … that would have been owed to counsel for Non-Participating Litigating Subdivisions in Settling States had such Litigating Subdivisions been Participating Subdivisions."

According to Settlement Participation Form data provided to the Fee Panel by the Directing Administrator, thirty (30) Subdivisions are Non-Participating Litigating Subdivisions in Settling States. *See* Exhibit A. As required by the Walgreens Settlement Agreement, the Fee Panel applied the Mathematical Model to calculate amounts that would have been paid to counsel for Litigating Subdivisions in the Settling States had their subdivision clients participated in the Walgreens settlement. The reduction to Walgreens for Non-Participating Litigating Subdivisions in the Settling States is **$10,171,135.47.**

The Total Contingency Fee Fund Credits to Walgreens from the gross maximum amount of **$225,493,007.20**, in Contingency Fee Funds potentially payable by Walgreens, are **$17,981,073.87**. Therefore, due to credits owed to Walgreens, the total amount that Walgreens is required to contribute to the Contingency Fee Fund over the distribution period is **$207,511,933.33**. The revised Contingency Fee Fund payment obligations of Walgreens are as follows:

| Payment Year | Original CFF Obligation | Revised CFF Obligation | Difference |
|---|---|---|---|
| Payment Year 2 | $33,582,167.60 | $30,904,286.67 | $2,677,880.93[2] |
| Payment Year 3 | $33,582,167.60 | $30,904,286.67 | $2,677,880.93 |
| Payment Year 4 | $39,582,168.00 | $36,425,839.72 | $3,156,328.28 |
| Payment Year 5 | $39,582,168.00 | $36,425,840.09 | $3,156,327.91 |
| Payment Year 6 | $39,582,168.00 | $36,425,840.09 | $3,156,327.91 |
| Payment Year 7 | $39,582,168.00 | $36,425,840.09 | $3,156,327.91 |
| **Total** | **$225,493,007.20** | **$207,511,933.33** | **$17,981,073.87** |

## V. Administrative Expense Account

Exhibit R §II.I.1 of the Walgreens Settlement Agreement provides that the cost of the Fee Panel Post-Effective Date shall be charged against the applicable Fee Fund, based on allocation by the Fee Panel, and shall not be otherwise funded by Walgreens. The Fee Panel hereby deems it necessary and appropriate to withhold 1.5% of the total contributions made by Walgreens into the Contingency Fee Fund for administrative expenses incurred by the Fee Panel and its agents and representatives. The full 1.5% contribution will be effectuated in Payment Year 1 to establish the Administrative Expense Account.[3] The Fee Panel will draw on the Administrative Expense Account as expenses are incurred. Any unused funds from the Administrative Expense Account remaining at the end of the six-year distribution period will be awarded pro rata to Fund participants before the closure of the Fund.

---

[2] Walgreens previously made full payment into the Walgreens National Contingency Fee Fund for Payment Year 2. The Fee Panel will pay to Walgreens the refund owed as soon as the values in this Fee Panel Order are final. This refund and any other payment reduction or credit afforded to a Defendant by this Fee Panel Order is contingent on the Defendant having satisfied all existing payment obligations imposed by the national settlement and/or any applicable Court Order, including but not limited to Defendant's obligations to make deposits into the Court Common Benefit Fund.

[3] The Fee Panel reserves the right to adjust (upwards or downwards) the percentage allocated to the Administrative Expense Account if it determines, in its discretion, that such adjustments are prudent and in the best interests of the Fund.

| Settlement | Total Amount Contributed to CFF by Defendant | Administrative Expense Percentage | Total Administrative Expense Account |
|---|---|---|---|
| Walgreens Global Settlement Agreement | $207,511,933.34 | 1.50% | $3,112,679.00 |

After applying credits to Walgreens for Non-Settling States and Non-Participating Litigating Subdivisions in Settling States, and accounting for the 1.5% contribution to the Administrative Expense Account, the remaining funds are available to pay eligible Fund participants.

## VI. Prudent Reserves Holdback

Due to the complexity and uncertainty involved in administering a Fund with hundreds of Applicants and thousands of Applications, 1% of funds available each year to pay eligible Fund participants will be held in reserve to address potential claims on the Fund and/or objections to the calculated Contingency Fee Fund Award amounts.[4] Unused funds from the Prudent Reserves Holdback remaining at the end of the six-year distribution period will be awarded pro rata to Fund participants before the closure of the Fund.

| Description | Walgreens Settlement |
|---|---|
| Gross Amount of Contingency Fee Fund | $225,493,007.20 |
| Non-Participation Credits/Refunds to Defendants | $17,981,073.86 |
| Administrative Expense Account (1.5%) | $3,112,679.00 |
| Prudent Reserves Holdback (1.0%) | $2,043,992.54 |
| **Net Funds Available for CFF Awards** | **$202,355,261.80[5]** |

---

[4] The Fee Panel reserves the right to adjust (upwards or downwards) the Prudent Reserves Holdback percentage if it determines, in its discretion, that such adjustments are prudent and in the best interests of the Fund.
[5] The amount includes $832,537.56 for San Francisco to be paid to Walgreens.

## VII. Appeals and Disputes

Pursuant to Exhibit R §II.B.7 of the Walgreens Settlement Agreement, "[a]s to awards from the Contingency Fee Fund, there shall be no right of appeal." However, the Fee Panel is empowered to hear disputes concerning the accuracy of mathematical calculations used in the model.[6] Therefore, Contact Counsel has 28 days from the date of this Order to provide a written statement to dispute the accuracy of a mathematical calculation. The written statement may be provided to the Fee Panel by sending an email with an attachment to the following email address: contingentfeefund@opioidfeepaneldocuments.com. The email attachment must be in .PDF format and limited to 3 pages, double-spaced, with standard margins, and 12-point font.

/s/ *David R. Cohen*
*Randi S. Ellis*
*David R. Herndon*
**FEE PANEL**

**Dated:** October 25, 2024

---

[6] In the interests of efficient fund administration, the Fee Panel will not hear disputes concerning the accuracy of mathematical calculations involving an amount in controversy that is less than one hundred dollars. The Fee Panel reserves the right to assess costs and expenses associated with defending a meritless and/or frivolous challenge directly to the Contact Counsel who initiates the challenge.

**Exhibit A: Non-Participating Litigating Subdivisions in Settling States**

| Number | Subdivision Name | State |
|---|---|---|
| 1 | Baltimore City | Maryland |
| 2 | Philadelphia City | Pennsylvania |
| 3 | Angelina County | Texas |
| 4 | Bailey County | Texas |
| 5 | Bexar County | Texas |
| 6 | Bowie County | Texas |
| 7 | Brazos County | Texas |
| 8 | Clay County | Texas |
| 9 | Coryell County | Texas |
| 10 | Dallas County | Texas |
| 11 | Duval County | Texas |
| 12 | Ellis County | Texas |
| 13 | Freestone County | Texas |
| 14 | Henderson County | Texas |
| 15 | Jim Hogg County | Texas |
| 16 | Jim Wells County | Texas |
| 17 | Johnson County | Texas |
| 18 | Kaufman County | Texas |
| 19 | Kendall County | Texas |
| 20 | Kleberg County | Texas |
| 21 | Lamar County | Texas |
| 22 | Mclennan County | Texas |
| 23 | Montgomery County | Texas |
| 24 | Rockwall County | Texas |
| 25 | Rusk County | Texas |
| 26 | Smith County | Texas |
| 27 | Titus County | Texas |
| 28 | Webb County | Texas |
| 29 | Wichita County | Texas |
| 30 | Williamson County | Texas |