**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*"All Cases"* | CASE NO. 1:17-MD-2804<br><br>David R. Cohen<br>Randi S. Ellis<br>Hon. David R. Herndon<br><br>**FEE PANEL ORDER NO. 40 REGARDING CONTINGENT FEE FUND CREDITS AND REBATES TO WALMART, ESTABLISHMENT OF AN ADMINISTRATIVE EXPENSE ACCOUNT, AND A PRUDENT RESERVES HOLDBACK** |

**I. Adjustments to Walmart's Payment Obligations to the Contingency Fee Fund ("CFF")**

Exhibit R §II.H.7 of the Walmart Settlement Agreement states as follows:

> With respect to the Contingency Fee Fund, the Fee Panel shall:
> a. Review the applications of all Attorneys seeking compensation from the Litigating Subdivision Fee Fund, including determining eligibility for each Attorney as set forth in Section II.G.
> b. Apply the Mathematical Model in Exhibit A.
> c. Use such allocations to determine refund amounts owed to Walmart from the Attorney Fee Fund, and inform Walmart and the MDL PEC of all such adjustments.

The Fee Panel completed the requirements of Exhibit R §II.H.7 and informed Walmart and the MDL PEC of the adjustments to Walmart's payment obligations to the Contingency Fee Fund. The Fee Panel provided Walmart and the MDL PEC an opportunity to review and, if necessary, dispute the calculations related to the amounts Walmart is required to pay. Neither Walmart nor

the MDL PEC disputed the amounts of the credits or reductions. Therefore, the Fee Panel now declares the amounts listed below are no longer subject to objection.

## II. Non-Participating States

Pursuant to Exhibit R §II.A.2, "If an Eligible State does not join the Agreement by the State Participation Date and is accordingly not a Settling State, the total attorneys' fees and costs to be paid under this Fee Agreement by Walmart shall be reduced by twelve point four percent (12.4%) times the Remediation Payment amount that would have been allocated to that Non-Settling State as set forth in Section IV.B of the Walmart Agreement."

According to reports provided to the Fee Panel by the Directing Administrator, there were no Non-Settling States for the Walmart Settlement Agreement. After reviewing the participation data and applying the terms and conditions of Exhibit R, the Fee Panel determines there are no reductions to the Contingency Fee Fund amounts Walmart is required to pay based on Non-Participating States.

## III. Prior Settling States & Prior Settling Subdivisions

The State of Alabama, State of Florida, State of New Mexico, and State of West Virginia settled with Walmart before the Walmart Settlement Agreement. Therefore, counsel for litigation subdivisions in these states are not eligible to participate in the national Walmart Contingency Fee Fund.

Similarly, Nassau County, NY, and Suffolk County, NY, also settled with Walmart before the Walmart Settlement Agreement. Counsel for Nassau County, NY, and Suffolk County, NY are not participating in the Walmart Contingency Fee Fund.[1]

---

[1] Pursuant to Section I.UUU of the Walmart Settlement Agreement, "Each of Lake and Trumbull Counties of Ohio shall not be considered "Subdivisions" for purposes of this Agreement."

## IV. Non-Participating Litigating Subdivisions in Settling States

Exhibit R §II.D.3 of the Walmart Settlement Agreement further provides: "The amount owed by Walmart to the Contingency Fee Fund shall be reduced to reflect the non-joinder of Litigating Subdivisions in Settling States by subtracting the amounts identified by the Fee Panel … that would have been owed to counsel for Non-Participating Litigating Subdivisions in Settling States had such Litigating Subdivisions been Participating Subdivisions."

According to Settlement Participation Form data provided to the Fee Panel by the Directing Administrator, thirty-seven (37) Subdivisions are Non-Participating Litigating Subdivisions in Settling States. *See* Exhibit A. As required by the Walmart Settlement Agreement, the Fee Panel applied the Mathematical Model to calculate amounts that would have been paid to counsel for Litigating Subdivisions in the Settling States had their subdivision clients participated in the Walmart settlement. The reduction to Walmart for Non-Participating Litigating Subdivisions in the Settling States is **$2,728,535.08**.

The Total Contingency Fee Fund Credits to Walmart from the gross maximum amount of **$107,088,150.77**, in Contingency Fee Funds potentially payable by Walmart, are **$2,728,535.08**. Therefore, due to credits owed to Walmart, the total amount that Walmart is required to contribute to the Contingency Fee Fund over the distribution period is **$104,359,615.70**. The revised Contingency Fee Fund payment obligations of Walmart are as follows:

| Payment Year | Original CFF Obligation | Revised CFF Obligation | Difference |
|---|---|---|---|
| Payment Year 1 | $107,088,150.77 | $104,359,615.70 | $2,728,535.08[2] |
| **Total** | **$107,088,150.77** | **$104,359,615.70** | **$2,728,535.08** |

---

[2] Walmart previously made full payment into the Walmart National Contingency Fee Fund. The Fee Panel will refund $2,728,535.08 to Walmart as soon as the values in this Fee Panel Order are final. The Fee Panel will pay to Walmart the refund owed as soon as the values in this Fee Panel Order are final. This refund and any other payment reduction or credit afforded to a Defendant by this Fee Panel Order is contingent on the Defendant having satisfied all existing payment obligations imposed by the national settlement and/or any applicable Court Order,

## V. Administrative Expense Account

Exhibit R §II.I.1 of the Walmart Settlement Agreement provides that the cost of the Fee Panel Post-Effective Date shall be charged against the applicable Fee Fund, based on allocation by the Fee Panel, and shall not be otherwise funded by Walmart. The Fee Panel hereby deems it necessary and appropriate to withhold 1.5% of the total contributions made by Walmart into the Contingency Fee Fund for administrative expenses incurred by the Fee Panel and its agents and representatives.[3] The Fee Panel will draw on the Administrative Expense Account as expenses are incurred. Any unused funds from the Administrative Expense Account remaining at the end of the one-year distribution period will be awarded pro rata to Fund participants before the closure of the Fund.

| Settlement | Total Amount Contributed to CFF by Defendant | Administrative Expense Percentage | Total Administrative Expense Account |
|---|---|---|---|
| Walmart Global Settlement Agreement | $104,359,615.70 | 1.50% | $1,565,394.24 |

After applying credits to Walmart for Non-Participating Litigating Subdivisions in Settling States, and accounting for the 1.5% contribution to the Administrative Expense Account, the remaining funds are available to pay eligible Fund participants.

## VI. Prudent Reserves Holdback

Due to the complexity and uncertainty involved in administering a Fund with hundreds of Applicants and thousands of Applications, 1% of funds available to pay eligible Fund participants will be held in reserve to address potential claims on the Fund and/or objections to the calculated

---

[3] The Fee Panel reserves the right to adjust (upwards or downwards) the percentage allocated to the Administrative Expense Account if it determines, in its discretion, that such adjustments are prudent and in the best interests of the Fund.

Contingency Fee Fund Award amounts.[4] Unused funds from the Prudent Reserves Holdback remaining at the end of the one-year distribution period will be awarded pro rata to Fund participants before the closure of the Fund.

| Description | Walmart Settlement |
|---|---|
| Gross Amount of Contingency Fee Fund | $107,088,150.77 |
| Credits/Refunds to Defendants | $2,728,535.08 |
| Administrative Expense Account (1.5%) | $1,565,394.24 |
| Prudent Reserves Holdback (1.0%) | $1,027,942.21 |
| **Net Funds Available for CFF Awards** | **$101,766,279.25** |

## VII. Appeals and Disputes

Pursuant to Exhibit R §II.B.7 of the Walmart Settlement Agreement, "[a]s to awards from the Contingency Fee Fund, there shall be no right of appeal." However, the Fee Panel is empowered to hear disputes concerning the accuracy of mathematical calculations used in the model.[5] Therefore, Contact Counsel has 28 days from the date of this Order to provide a written statement to dispute the accuracy of a mathematical calculation. The written statement may be provided to the Fee Panel by sending an email with an attachment to the following email address: contingentfeefund@opioidfeepaneldocuments.com. The email attachment must be in .PDF format and limited to 3 pages, double-spaced, with standard margins, and 12-point font.

/s/ *David R. Cohen*
*Randi S. Ellis*
*David R. Herndon*
**FEE PANEL**

**Dated:** October 28, 2024

---

[4] The Fee Panel reserves the right to adjust (upwards or downwards) the Prudent Reserves Holdback percentage if it determines, in its discretion, that such adjustments are prudent and in the best interests of the Fund.

[5] In the interests of efficient fund administration, the Fee Panel will not hear disputes concerning the accuracy of mathematical calculations involving an amount in controversy that is less than one hundred dollars. The Fee Panel reserves the right to assess costs and expenses associated with defending a meritless and/or frivolous challenge directly to the Contact Counsel who initiates the challenge.

**Exhibit A: Non-Participating Litigating Subdivisions in Settling States**

| Number | Subdivision Name | State |
|---|---|---|
| 1 | District Attorney of Allegheny County | Pennsylvania |
| 2 | Angelina County | Texas |
| 3 | Bailey County | Texas |
| 4 | Bexar County | Texas |
| 5 | Bowie County | Texas |
| 6 | Brazos County | Texas |
| 7 | Burleson County | Texas |
| 8 | Cherokee County | Texas |
| 9 | Childress County | Texas |
| 10 | Clay County | Texas |
| 11 | Coryell County | Texas |
| 12 | Dallas County | Texas |
| 13 | Duval County | Texas |
| 14 | Ellis County | Texas |
| 15 | Freestone County | Texas |
| 16 | Henderson County | Texas |
| 17 | Jim Hogg County | Texas |
| 18 | Jim Wells County | Texas |
| 19 | Johnson County | Texas |
| 20 | Jones County | Texas |
| 21 | Kaufman County | Texas |
| 22 | Kendall County | Texas |
| 23 | Kleberg County | Texas |
| 24 | Lamar County | Texas |
| 25 | Mclennan County | Texas |
| 26 | Montgomery County | Texas |
| 27 | Nolan County | Texas |
| 28 | Polk County | Texas |
| 29 | Rockwall County | Texas |
| 30 | Rusk County | Texas |
| 31 | Smith County | Texas |
| 32 | Stephens County | Texas |
| 33 | Titus County | Texas |
| 34 | Upshur County | Texas |
| 35 | Webb County | Texas |
| 36 | Wichita County | Texas |
| 37 | Williamson County | Texas |