UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Masiowski v. AmerisourceBergen Drug Corporation, et al.*, 1:18-op-45985-DAP | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**THE PHARMACY DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF MICHAEL MASIOWSKI'S COMPLAINT FOR FAILURE TO SUBMIT A PLAINTIFF FACT SHEET**

Defendants CVS Pharmacy, Inc., Walgreen Co., Walgreen Eastern Co., Inc., and Walmart Inc. (the "Pharmacy Defendants") respectfully submit this reply in support of their Motion to Dismiss Plaintiff Michael Masiowski's Complaint for Failure to Submit a Fact Sheet (the "Motion to Dismiss").[1] Doc. 5636.  Plaintiff's Opposition makes clear that there is no dispute either (i) that Plaintiff counts as a "Hospital Plaintiff" required to submit a Plaintiff Fact Sheet under this Court's orders or (ii) that Plaintiff ignored the Court's deadline for producing a Fact Sheet.  Plaintiff admits that the Court's March 5, 2024 Order makes clear that the obligation to provide a Plaintiff Fact Sheet extends to any "Hospital Plaintiff" in the MDL, expressly defined to include any "hospital or **non-hospital healthcare provider** whose complaint includes 'claims relating to unreimbursed and/or under-reimbursed care for patients with Opioid Use Disorder.'"  *See* Doc. 5696 at 1–2 (emphasis in original); *see also* Doc. 5340.  Nonetheless, Plaintiff attempts to justify his failure to comply with the deadline for submitting a Plaintiff Fact Sheet on the grounds that he "neither did

---

[1] Cardinal Health, Inc., AmerisourceBergen Drug Corporation, McKesson Corporation, Actavis LLC, Actavis Pharma, Inc., Cephalon, Inc., Teva Pharmaceuticals USA, Inc., and Watson Laboratories, Inc. also filed motions to join the pending Motion to Dismiss.  Docs. 5639, 5644.

or should have reasonably anticipated that he qualified as a 'Hospital Plaintiff.'" Doc. 5696 at 3. Plaintiff's arguments are unconvincing.

It is simply not possible that Plaintiff could have read the Court's March 5, 2024 Order as anything other than a clear requirement that Plaintiff timely submit a Plaintiff Fact Sheet. Nothing in the Order would permit him to conclude that he was exempted from the same Fact Sheet obligation that the Court imposed on every other non-hospital healthcare provider in the MDL bringing claims related to unreimbursed and/or under-reimbursed care. If Plaintiff read the Order and remained genuinely uncertain about his obligations, the correct course of action would have been the seek clarification from the Court—not to ignore the Order and unilaterally excuse himself from the Fact Sheet process that applies to everyone else.[2]

Nor can Plaintiff rely on alleged "ambiguities" in the Plaintiff Fact Sheet form to justify his noncompliance, noting that some items are not directly relevant to the claims of non-hospital healthcare providers (e.g., the number of beds). If any ambiguity on this point ever existed, the Court resolved it by specifying in its March 5, 2024 Order that all non-hospital healthcare providers were required to file a Plaintiff Fact Sheet by the deadline or else face dismissal of their claims.

Finally, Plaintiff cannot justify his noncompliance by asserting that he was ignorant of the Court's orders filed on the public docket and served on all parties and counsel by the Court's ECF system. *See Bleigh v. Brunsman*, No. 2:11-CV-628, 2012 WL 4087919, at *3 (S.D. Ohio Sept. 17, 2012) ("Bleigh's understanding or lack of understanding of the law and procedural

---

[2] Plaintiff points out he was not one of the "94 Hospital Plaintiffs listed in the Court's March 5, 2024[ ] Order. *Id.* at 8. But nothing in the March 5, 2024 Order exempts Plaintiffs not included on that list from their Fact Sheet obligations. The entities listed in the March 5, 2024 Order were simply those that the Pharmacy Defendants were aware had not filed a Plaintiff Fact Sheet. Plaintiff Masiowski had not previously named the Pharmacy Defendants in his complaint and, thus, the Pharmacy Defendants were unaware of his claims. The fact that Plaintiff later sought leave to amend to add claims against the Pharmacy Defendants has no bearing on whether he was obligated to provide a Plaintiff Fact Sheet by the Court's deadline.

requirements does not establish cause to excuse a procedural default." (citing *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004)). Plaintiff ignored the Court's directives as his own peril.

For all of these reasons, just as this Court has previously dismissed the claims of other Hospital Plaintiffs with prejudice when they did not comply with their Fact Sheet obligations, *see* Docs. 5383, 5488, the Court should do the same here.

Dated: November 1, 2024

Respectfully submitted,

*/s/ Tara A. Fumerton*
Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
110 North Wacker, Suite 4800
Chicago, IL 60606
Phone: (312) 782-3939
tmtabacchi@jonesday.com
tfumerton@jonesday.com

*Counsel for Walmart Inc.*

*/s/ Kaspar J. Stoffelmayr*
Kaspar J. Stoffelmayr
Jean K. Tinkham
Michael A. Nance
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
Phone: (312) 494-4400
kaspar.stoffelmayr@bartlitbeck.com
jean.tinkham@bartlitbeck.com
michael.nance@bartlitbeck.com

*Counsel for Walgreen Co. and Walgreen Eastern Co., Inc.*

*/s/ Eric R. Delinsky*
Eric R. Delinsky

        Alexandra W. Miller
        Paul B. Hynes, Jr.
        ZUCKERMAN SPAEDER LLP
        1800 M. Street NW, Suite 1000
        Washington, DC 20036
        Phone: (202) 778-1800
        edelinsky@zuckerman.com
        smiller@zuckerman.com
        phynes@zuckerman.com

        *Counsel for CVS Pharmacy, Inc.*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 1st day of November, 2024, I electronically filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system, which caused all parties or counsel of record to be served

Dated:  November 1, 2024

    Respectfully submitted,

    */s/   Tara A. Fumerton*
    Tina M. Tabacchi
    Tara A. Fumerton
    JONES DAY
    111 North Wacker, Suite 4800
    Chicago, IL 60606
    Phone: (312) 782-3939
    tmtabacchi@jonesday.com
    tfumerton@jonesday.com

    *Counsel for Walmart Inc.*