**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** ) ) ) | **CASE NO. 1:17-MD-2804** |
| | **Judge Dan Aaron Polster** |
| **THIS DOCUMENT RELATES TO:** ) "*All cases*" ) ) ) | |
| | **ORDER ON MOTION TO DISMISS MASIOWSKI'S COMPLAINT** |

Several defendants move to dismiss plaintiff Michael Masiowski's putative class action complaint, based on Masiowski's failure to submit a "Hospital Fact Sheet." *See* docket no. 5636 (motion to dismiss by CVS, Walgreens, and Walmart); docket nos. 5639, 5644, 5658 (motions for joinder in motion to dismiss filed by Cencora, Teva, and Kroger). For the reasons below, the motion to dismiss is **DENIED**.

On November 29, 2023, the Court issued an Order directing all "Hospital Plaintiffs" to complete a Hospital Fact Sheet ("HFS"). Docket no. 5257 at 1. The Court stated it would dismiss with prejudice cases filed by a Hospital Plaintiff if it did not timely submit a HFS. *Id.*

Defendants later submitted a list of what defendants asserted were Hospital Plaintiffs that had not submitted a HFS; defendants sought dismissal of those plaintiffs' cases. The Court declined to dismiss the cases, however, because the Court found "there was some confusion about which types of entities should be considered 'Hospital Plaintiffs' for the purpose of the Court's prior orders." *HFS Clarification Order* at 1 (docket no. 5340). Specifically, the listed plaintiffs were addiction clinics and treatment centers, not "hospitals" as that term is normally understood. Accordingly, the Court "clarifie[d] that, for the purpose of this MDL, a 'Hospital Plaintiff' is a hospital or non-hospital healthcare provider whose complaint includes claims relating to unreimbursed and/or under-

reimbursed care for patients with Opioid Use Disorder." *Id.* at 2 (cleaned up). The Court then ordered "[t]he Hospital Plaintiffs ***listed below*** that may have previously been unaware of their obligation" to now submit a HFS. *Id.*

Moving defendants argue that the Court's order applied to Masiowski because, as an emergency room doctor, he (along with all of his putative class members) is a non-hospital healthcare provider whose complaint includes claims relating to unreimbursed and/or under-reimbursed care for patients with Opioid Use Disorder. Defendants further assert Masiowski again failed to timely submit a HFS, so his case should be dismissed with prejudice.

Defendants' argument fails for two reasons. First, Masiowski was not "listed below" in the Court's Order, so he was not strictly on notice that he had to file a HFS. Second, even if the *HFS Clarification Order* could be read to apply to additional, unlisted entities, the *Order* did not provide clear notice to Masiowski that it might apply to him. As noted, all 33 of the listed plaintiffs in the Court's *HFS Clarification Order* were facilities, not individuals. Moreover, many of the questions contained in the HFS make no sense when asked of an individual. *See* docket no. 5696 at 7-8 (response brief listing 12 questions from the HFS that do not apply to an individual).

For these reasons, defendants' motion to dismiss is denied. The Court notes this ruling carries no implication regarding whether Masiowski's claims would survive a motion brought pursuant to Fed. R. Civ. P. 12 or 56, or whether those claims merit class treatment under Fed. R. Civ. P. 23.

**IT IS SO ORDERED.**

/s/ *Dan Aaron Polster*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

**DATED**: November 4, 2024

2