UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| This Documents Relates To: | Case No. 17-MD-2804 |
| *All PBM Cases* | Judge Dan Aaron Polster |

**PEC's Reply to PBM's Refusal to Comply with Court's Order to Exercise a Defense Pick of Two Bellwether Subdivisions  (Doc # 5724)**

The PBM Defendants were ordered to select two bellwether subdivisions and they have picked none.  The Court should therefore select a single bellwether from the current list.

There are a number of Ohio subdivisions who have certified that they timely issued notices of a litigation hold and timely implemented that litigation hold at or near the time that the lawsuits against the PBM defendants were filed.  Two of the Counties -  Cuyahoga and Summit - have previously acted as bellwethers in Case Track 1 and have provided extensive deposition and document discovery to the defendant manufacturers, distributors, and pharmacies.   This would jumpstart defensive discovery to which these two plaintiffs have already been subjected and would allow an additional bellwether to catch up to the current PBM litigation.  While  both counties have obtained significant settlements in the CT1 litigation,  abatement plans have already been prepared by plaintiffs' experts and produced in CT1 and they detail the costs of abatement and those costs far exceed any abatement funds that they have already received from these settlements.

The PBM defendants present a litany of complaints and excuses for their failure to comply with the Order that they select two potential bellwether candidates from the current list.  But it is important to note that the Court has never found that any of the missing documents in Independence or Lincoln would have in fact caused undue prejudice to the defendants. Nevertheless, the PEC offered to voluntarily withdraw those cases as bellwethers so as to not bog down the PBM litigation.  And as to Webb County, the PEC expressed confidence that the few documents that were missing would never hinder the defendants' ability to defend themselves.  But the Court determined that as a defense pick, the PBM defendants should have the option to remove Webb County as a bellwether which option the PBM defendants exercised.

The PBM's accuse the plaintiffs of "gerrymandering" the bellwether selection process.  That is not the case; rather it is the PBM's that are unreasonably demanding document retention perfection in an effort to reduce the pool of bellwether candidates and derail the MDL litigation.

Dated: November 5, 2024                      Respectfully submitted,

Jayne Conroy
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
jconroy@simmonsfirm.com

Joseph F. Rice
MOTLEY RICE
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
FARRELL & FULLER LLC
270 Munoz Rivera Ave., Suite 201
San Juan, PR 00918
(304) 654-8281
paul@farrellfuller.com

*Plaintiffs' Co-Lead Counsel*

Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of November, 2024, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through, the Court's CM/ECF System.

s/Peter H. Weinberger
Peter H. Weinberger