# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION </br></br>THIS DOCUMENT RELATES TO:</br>"*All cases*" | ) CASE NO. 1:17-MD-2804</br>)</br>) **Judge Dan Aaron Polster**</br>)</br>)</br>) **ORDER REGARDING ADDITIONAL**</br>) **PBM BELLWETHER CASE** |

Earlier, this Court designated four PBM bellwether cases. *See* docket no. 5231. Due to failures by plaintiffs to implement timely litigation holds, the Court discontinued three of those cases. The Court then decided to designate only one replacement bellwether case, instead of three, to be chosen as follows:

> **[First]**: The PEC shall file a document certifying which of the previously identified PBM defendant cases had litigation holds properly implemented at the time the underlying complaints were filed.
> **[Second]**: The PBMs shall jointly file a document selecting two potential bellwether cases from the list supplied by the PEC. The selected cases may not be cases filed in the Second Circuit, where the other remaining PBM bellwether case was originally filed.
> **[Third]**: The PEC shall file a document striking one of the PBMs' two picked cases.

*Bellwether Replacement Order* at 2 (docket no. 5646).

Neither the PEC nor the PBMs complied with their obligations. First, the PEC did not file a ***single***, all-encompassing document listing all PBM cases that it certifies implemented proper and timely litigation holds, and where plaintiffs are committed to serve as bellwethers. Rather, the Court received from various plaintiffs' attorneys two affidavits (docket nos. 5701 & 5702) that referred to a prior document (docket no. 5589), as well as an email, leaving the Court without a clear, single list

of all cases that met its criteria.

Second, the PBMs refused to choose ***any*** of the potential cases, asserting that "Plaintiffs have made it impossible for the PBM Defendants to select a representative bellwether" because, "through their failure to implement timely litigation holds in most PBM cases and their dismissal of other seemingly viable cases, . . . Plaintiffs have improperly gerrymandered the pool of available bellwether cases to a handful of cases that would serve no bellwether value whatsoever." Docket no. 5724 at 1. The Court rejects this assertion. It appears there are at least several cases that have no litigation hold problems and the plaintiff has certified it is willing to serve as a bellwether. Further, it is highly ironic that PBMs are complaining their success in getting cases against them dismissed or stayed leaves only non-representative cases as potential bellwethers. If anything, the remaining cases are now ***more*** representative of all those cases still remaining in the MDL. Indeed, even if there is only one remaining PBM case in the MDL that meets the Court's required criteria, then by definition it is representative of all remaining cases.

And third, given that the PBMs did not choose two potential bellwether cases, the PEC of course could not then strike one.

The parties' actions are unacceptable. The Court will give the parties one more chance, as follows.

- On or before **noon, November 8, 2024**, the PEC shall file a single, up-to-date document listing all MDL cases that have already named PBM defendants regarding which: (1) plaintiffs' counsel certifies that: (a) they timely notified the plaintiff of the requirement to implement a litigation hold; (b) to the best of counsel's knowledge, the plaintiff received the notice and took action to implement a litigation hold at the time the underlying complaint

was filed; (c) the plaintiff is committed to being a bellwether if chosen; and (2) the plaintiff, plaintiffs' counsel, and the PEC are each prepared and committed to litigate the case.

- On or before **noon, November 12, 2024**, the PBMs shall jointly file a document selecting two potential bellwether cases from the list supplied by the PEC. The selected cases *may* be cases filed in the Second Circuit.[1]

- On or before **noon, November 15, 2024**, the PEC shall file a document striking one of the PBMs' two picked cases.

If this process does not yield a pick for any reason, the Court will choose the replacement bellwether case.[2]

Finally, on or before **noon, November 29, 2024**, the parties shall submit a joint proposed case management order for the new bellwether case.

**IT IS SO ORDERED.**

/s/ *Dan Aaron Polster*
**DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE**

**DATED**: November 5, 2024

---

[1] Given the PBMs' success in forcing cases against them to be stayed or dismissed, the Court concludes it is too restrictive to continue to insist the replacement bellwether case not come from the Second Circuit. The Court also rejects the PBMs' argument that the replacement bellwether would not be representative if it is from "New York, where there is an ongoing PBM bellwether, or Ohio, where the Court has already held a bellwether, and legal issues arising from that bellwether are pending on appeal before the Sixth Circuit and the Supreme Court of Ohio." Docket no. 5724 at 4. Given the universe of remaining cases, a New York or Ohio case will be representative and will also certainly educate the Court and the parties about the facts and law common to all PBM cases.

[2] The Court has done this before when defendants did not follow directions regarding picking and striking bellwether cases. *See* docket no. 3282.