UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*PBM Cases* | MDL 2804<br><br>Case No. 1:17-md-2804<br><br>SPECIAL MASTER COHEN<br><br><u>DISCOVERY RULING NO. 26 REGARDING CONFIDENTIALITY DESIGNATIONS</u> |

This matter is before the Special Master upon the parties' request to resolve disputes regarding whether the PBMs have properly designated as confidential documents referred to in the City of Rochester's supplemental and amended complaint. The parties resolved many confidentiality disputes through the meet and confer process, but ask the undersigned to resolve their remaining disagreements. *See* discovery agenda item no. 392.

The legal standard regarding confidentiality designations is set forth in Discovery Ruling No. 20. *See* docket no. 1650 at 3. In sum, it is insufficient for a party to simply deem its information sensitive. Rather, the party must demonstrate the information qualifies as "confidential business information." Accordingly, the designating party bears the burden of showing good cause that the information should be protected under Fed. R. Civ. P. 26, and good cause is shown by articulating specific facts exhibiting there would be a clearly defined and serious injury if confidentiality is breached. The designating party may not rely merely on conclusory statements.

To reach the rulings set forth below, the undersigned considered several factors, including: (1) whether the information in the document is stale; (2) whether, and the extent to which, the

information was disclosed to other parties, or was otherwise publicly available; and (3) the reasonable possibility for actual, rather than hypothetical, competitive harm.

The undersigned observes that: (a) many of the documents are likely stale; and (b) often, rather than articulating a clearly defined and serious injury, the PBMs offered conclusory, boilerplate recitations that the documents contained "proprietary and sensitive business information that is closely guarded and not publicly disclosed," and "disclosure of [the information] would result in competitive harm." Despite these two general weaknesses in the PBMs' arguments, the undersigned tended to be lenient and erred on the side of protecting the confidentiality of the documents. *Cf. Shane Group, Inc. V. Blue Cross Blue Shield of Michigan*, 825 f.3d 299, 305 (6th Cir. 2016) (distinguishing the standards for placing a document on the public record versus producing documents in discovery, concluding: "secrecy is fine at the discovery stage, before the material enters the judicial record").

Having reviewed the documents and associated materials, the Special Master rules as follows:

| Producing Party | Row | Document Bates # | SM Ruling |
|---|---|---|---|
| **Endo** | 6 | ENDO-OPIOID_MDL-02084872 | Objection overruled. Not confidential. |
| **Express Scripts** | 7 | ESI_JEFFCOMO_000029940 | Objection overruled. Not confidential. |
| **Express Scripts** | 8 | ESI_JEFFCOMO_000032900 | Objection overruled. Not confidential. |
| **Express Scripts** | 12 | ESI_JEFFCOMO_000109001 | Objection sustained. |
| **Express Scripts** | 15 | ESI_JEFFCOMO_000138614 | Objection withdrawn by ESI. |
| **Express Scripts** | 16 | ESI_JEFFCOMO_000146976 | Objection overruled. Not confidential. |
| **Express Scripts** | 18 | ESI_JEFFCOMO_000178613 | Objection overruled. Not confidential. |
| **Express Scripts** | 19 | ESI_JEFFCOMO_000179506 | Objection overruled. Not confidential. |
| **Express Scripts** | 21 | ESI_JEFFCOMO_000225387 & ESI_JEFFCOMO_000225388 | Objection sustained. |
| **Express Scripts** | 22 | ESI_JEFFCOMO_000227510 | Objection sustained. |

| Producing Party | Row | Document Bates # | SM Ruling |
|---|---|---|---|
| **Express Scripts** | 25 | ESI_JEFFCOMO_000259907 | Objection overruled. Not confidential. |
| **Express Scripts** | 26 | ESI_JEFFCOMO_000260226 | Objection overruled. Not confidential. |
| **Express Scripts** | 29 | ESI_JEFFCOMO_000265250 | Objection overruled. Not confidential. |
| **Express Scripts** | 31 | ESI_JEFFCOMO_000273100 | Objection sustained. |
| **Express Scripts** | 35 | ESI_MDL_001069728 | Objection sustained. |
| **Express Scripts** | 38 | ESI_JEFFCOMO_000299137 | Objection sustained. |
| **Janssen** | 3 | JAN-MS-01469882 | Objection overruled. Not confidential. |
| **Janssen** | 4 | JAN-MS-01487978 | Objection sustained. |
| **Janssen** | 5 | JAN-MS-01503622 | Objection sustained. |
| **OptumRx** | 4 | OPTUMRX_JEFFCO_0000444499 | Objection sustained. |
| **OptumRx** | 5 | OPTUMRX_JEFFCO_0000280447 | Objection sustained. |
| **OptumRx** | 6 | OPTUMRX_JEFFCO_0000443821 | Objection sustained. |
| **OptumRx** | 7 | OPTUMRX_JEFFCO_0000616539 | Objection sustained. |
| **OptumRx** | 9 | OPTUMRX_JEFFCO_0000184280 | Objection sustained. |
| **OptumRx** | 12 | OPTUMRX_JEFFCO_0000661986 | Objection sustained. |
| **OptumRx** | 13 | OPTUMRX_JEFFCO_0594849 | Objection overruled. Not confidential. |
| **OptumRx** | 16 | OPTUMRX_JEFFCO_0000140266 | Objection sustained. |
| **OptumRx** | 18 | OPTUMRX_JEFFCO_0000041763 | Objection sustained. |
| **OptumRx** | 19 | OPTUMRX_JEFFCO_0000390555 | Objection sustained. |
| **OptumRx** | 26 | OPTUMRX_JEFFCO_0000184961 | Objection sustained. |
| **OptumRx** | 29 | OPTUMRX_JEFFCO_0000366595 | Objection overruled. Not confidential. |
| **OptumRx** | 32 | OPTUMRX_JEFFCO_0000017988 | Objection overruled. Not confidential. |
| **OptumRx** | 38 | OPTUMRX_JEFFCO_00006830936 | Objection overruled. Not confidential. |
| **OptumRx** | 43 | OPTUMRX_JEFFCO_0000407867 | Objection sustained. |
| **OptumRx** | 44 | OPTUMRX_JEFFCO_0590661 | Objection sustained. |
| **OptumRx** | 45 | OPTUMRX_JEFFCO_0000314905 | Objection sustained. |
| **OptumRx** | 50 | OPTUMRX_JEFFCO_0000236339 | Objection sustained. |
| **OptumRx** | 51 | OPTUMRX_JEFFCO_0000604618 | Objection overruled. Not confidential. |
| **OptumRx** | 53 | OPTUMRX_JEFFCO_0000366858 | Objection sustained. |
| **OptumRx** | 54 | OPTUMRX_JEFFCO_0000385779 | Objection sustained. |
| **OptumRx** | 69 | OPTUMRX_JEFFCO_0000446761 | Objection overruled. Not confidential. |
| **OptumRx** | 70 | OPTUMRX_JEFFCO_0000206377 | Objection sustained. |
| **OptumRx** | 72 | OPTUMRX_JEFFCO_0000089527 | Objection overruled. Not confidential. |

| Producing Party | Row | Document Bates # | SM Ruling |
|---|---|---|---|
| Purdue | 28 | PPLP003790152 | Objection sustained. |
| Purdue | 29 | PPLP004148287 | Objection sustained. |
| Purdue | 30 | PPLP004148372 | Objection overruled. Not confidential. |
| Purdue | 44 | PPLPC012000341683 | Objection sustained. |
| Purdue | 45 | PPLPC012000355642 | Objection sustained. |
| Purdue | 50 | PPLPC018000065660 | Objection sustained. |
| Purdue | 51 | PPLPC018000592593 | Objection sustained. |
| Purdue | 52 | PPLPC018000689541 | Objection sustained. |
| Purdue | 53 | PPLPC018000697326 | Objection sustained. |
| Purdue | 54 | PPLPC018000742542 | Objection overruled. Not confidential. |
| Purdue | 55 | PPLPC018000829180 | Objection sustained. |
| Purdue | 59 | PPLPC019000665974 | Objection overruled. Not confidential. |
| Purdue | 60 | PPLPC019000666914 | Objection overruled. Not confidential. |
| Purdue | 74 | PPLPC020000610710 | Objection overruled. Not confidential. |
| Purdue | 75 | PPLPC020000804293 | Objection sustained. |
| Purdue | 123 | PPLPC030000269252 | Objection overruled. Not confidential. |
| Purdue | 126 | PPLPC030000973442 | Objection sustained. |
| Purdue | 128 | PPLPC035000032658 | Objection overruled. Not confidential. |
| Purdue | 131 | PPLPC036000005058 | Objection sustained. |
| Purdue | 132 | PPLPC036000014773 | Objection overruled. Not confidential. |

The Special Master adds two observations. First, regarding any documents the Special Master has ruled are not confidential, the parties should still ensure that any personally identifiable information within those documents is redacted.  Second, the Special Master is aware that the New York Times Company has requested City of Rochester to provide it with access to all of the above-listed documents, pursuant to the New York Freedom of Information Law ("FOIL"). The Special Master's analysis did not include examination of the standards that might apply if the Court is required to adjudicate a formal request pursuant to FOIL or FOIA.

4

Any party choosing to object to any aspect of this Ruling must do so on or before November 20, 2024.

**Respectfully submitted,**

    /s/ David R. Cohen
**David R. Cohen**
**Special Master**

**Dated: November 6, 2024**