# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re: National Prescription Opiate Litigation | Case No. 1:17-md-2804 |
| This Document Relates to: | MDL Docket No. 2804 |
| *All Third Party Payor Actions* | Judge Dan Aaron Polster |

## DECLARATION OF ALAN D. HALPERIN

I, Alan D. Halperin, being duly sworn, depose and say as follows:

1. I am a partner in the firm Halperin Battaglia Benzija, LLP, a New York-based law firm that specializes in bankruptcy and insolvency matters. I am a graduate of Brandeis University (1987) and Fordham University School of Law (1990) and have been a practicing bankruptcy lawyer since my graduation from law school. I currently serve as the trustee of the Mallinckrodt TPP Trust (defined below).

2. Mallinckrodt PLC ("Mallinckrodt") filed for Chapter 11 protection on October 12, 2020, in the Bankruptcy Court for the District of Delaware (case no. 20-12522, JTD). Mallinckrodt manufactured a number of best-selling generic opioids, and the lawsuits and liabilities related to those products eventually forced it to file for Chapter 11. Over the course of the Chapter 11 case, extensive negotiations were held among the various parties, and the terms of a Chapter 11 plan were agreed upon by the major constituents, including third-party payors ("TPPs") of opioid-related claims. The bankruptcy court confirmed the plan on March 2, 2022, and the plan subsequently went into effect. Pursuant to the plan, a master trust and a series of group-specific trusts were formed for the benefit of the various opioid creditor groups. One of those trusts was

{00347958.1 / 1324-011}

the "Mallinckrodt TPP Trust" which was created to address TPP opioid claims against Mallinckrodt. I was appointed to serve as trustee of the Mallinckrodt TPP Trust.

3. As part of the approved bankruptcy plan, the Mallinckrodt TPP Trust received certain funds dedicated to the opioid-related claims of TPPs. Those funds have largely been distributed to TPP claimants in accordance with the terms of the Mallinckrodt TPP Trust Agreement and Trust Distribution Procedures ("TDPs"), as approved by the bankruptcy court in conjunction with the Chapter 11 plan.

4. The Mallinckrodt plan contained the following definition:

> **"Third-Party Payor Opioid Claims"** means any Opioid Claims (including Opioid Demands) held by a health insurer, an employer-sponsored health plan, a union health and welfare fund or any other provider of health care benefits, and including any third-party administrator or agent on behalf thereof, in each case in its capacity as such (including any Opioid Claim or Opioid Demand based on the subrogation rights of the Holder thereof) and that is not held by a Governmental Unit.

5. The TDPs required each TPP to submit a Third-Party Payor Abatement Claim Form detailing the amount of its claim pursuant to an established formula. Generally speaking, that formula included the sum of: a) the total pharmacy costs incurred by the TPP for Mallinckrodt opioid prescriptions; and b) the total medical costs incurred by the TPP to treat its members who had received a Mallinckrodt prescription and had been diagnosed with opioid use disorder, all over a thirteen year period (2008 – 2020).

6. In the end, the Mallinckrodt TPP Trust received claim filings on behalf of more than 79,000 TPPs totaling roughly $63.3 Billion.

7. The claims process approved by the bankruptcy court allowed for the submission of claims either on behalf of a single claimant or on a consolidated basis, with the latter generally involving third-party administrators filing a claim on behalf of the plans they administered during the claims period. Therefore, this process enabled health insurers that administered both their own

{00347958.1 / 1324-011}

fully-insured plans (whether that be Medicare, Managed Medicaid, fully-insured commercial plans, or the like) as well as self-funded employee health plans, to file a single consolidated claim identifying the amount of the claim in the aggregate, and including additional detail for the self-funded plans consolidated within the claim.

8. The vast majority of the claims submitted to the Mallinckrodt TPP Trust were submitted by third-party administrators as part of consolidated claims. In total, the TPP Trust received 40 consolidated claims, submitted on behalf of more than 79,000 TPPs -- more than 99% of the total number of plans for which claims were asserted. Moreover, those consolidated claims represent more than 74% of the total dollar amount of the claims submitted and ultimately approved.

9. Among the consolidated claims which the TPP Mallinckrodt Trust received were claims from the following TPPs: United HealthCare Services, Inc., Aetna, Inc., Elevance Health, Humana Inc., and Cigna Holding Company. Each of those entities filed consolidated claims. In other words, they filed on behalf of their fully-insured business (whether that be Medicare, Managed Medicaid, or commercial health insurance) and in their capacity as third-party administrators for self-funded plans. The claims filed by these entities were reviewed and approved.

10. I note that while the approved, consolidated claims filed by each of these entities were very sizeable, not all of these five were among the five largest TPP opioid claims approved by the Mallinckrodt TPP Trust. Rather, under the criteria established by the Mallinckrodt TDPs, there were two other TPPs that filed consolidated claims that were among the top five in aggregate dollar amount.

{00347958.1 / 1324-011}

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: November 11, 2024

*/s/ Alan D. Halperin, as Trustee*

Alan D. Halperin, Trustee of the
Mallinckrodt TPP Trust

{00347958.1 / 1324-011}