UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster |

**PBM DEFENDANTS' MOTION TO EXTEND DEADLINE
TO FILE REPLY IN SUPPORT OF THEIR MOTION TO STRIKE
AND TO EXTEND DEADLINE TO OPPOSE MOTIONS FOR LEAVE TO AMEND**

The Express Scripts Defendants[1] and Optum Defendants[2] (collectively **PBM Defendants**), by and through undersigned counsel, jointly move this Court to extend to December 6, 2024, the deadline to file their reply brief in support of their motion to strike plaintiffs that failed to timely implement litigation holds from Plaintiffs' motions for leave to amend, *see* ECF No. 5687. The PBM Defendants filed their motion to strike on October 15, 2024. The PEC requested 30 days to respond because the motion "raises a number of issues that [it] want[s] to address fully and completely." ECF No. 5695 at 9:6–11. That request was granted, making the PEC's deadline to respond November 14. *Id.* at 9:12. Under Local Rule 7.1(e), the PBM Defendants' deadline for their reply is November 21, 2024. In anticipation of the PEC's "full[] and complete[] response," the PBM Defendants request that the deadline for their reply be extended by 15 days to December 6, 2024. This is the PBM Defendants' first request for a briefing extension on the motion to strike.

The PBM Defendants also jointly move this Court to extend to January 16, 2025, the deadline to file their opposition brief to Plaintiffs' motions for leave to amend, *see, e.g.*, ECF Nos. 5546; 5547; 5548; 5565; 5582. The PBM Defendants' opposition is currently due December 6, 2024 (the date on which the PBM Defendants now seek to file their reply to their motion to strike). *See* August 19, 2024, Non-Document Order.

---

[1] The Express Scripts Defendants are Express Scripts, Inc.; Express Scripts Administrators, LLC; Medco Health Solutions, Inc.; ESI Mail Order Processing, Inc.; ESI Mail Pharmacy Service, Inc.; Express Scripts Pharmacy, Inc.; Evernorth Health, Inc. (formerly Express Scripts Holding Company); and Express Scripts Specialty Distribution Services, Inc.

[2] The Optum Defendants are UnitedHealth Group Incorporated, Optum, Inc., OptumInsight, Inc., OptumInsight Life Sciences, Inc., OptumRx, Inc., OptumRx Discount Card Services, LLC, Optum Perks, LLC, OptumHealth Care Solutions, LLC, OptumHealth Holdings, LLC, and Optum Health Networks, Inc.

When this Court established the briefing schedule for Plaintiffs' motions for leave to amend, it expressly contemplated granting requests to extend the deadline to file opposition briefs. ECF No. 5465, Tr. 5/22/2024 Hrg. at 13:8–11 ("I can give [Defendants] 60 days to answer. And if—and if a given Defendant needs more, you know, that's fine."); *id.* at 17:14–17 ("When you see what they've got, you say we need longer, I'll give you an extension."); *id.* at 18:4–8 ("So start out with 60 days but if it turns out you need more time, all you have to do is—if you can't work out an agreement with the Plaintiffs for more time, just file a one-paragraph motion saying why you need more time and I—if it's a reasonable request, I'll grant it."). In keeping with that policy, the Court granted the PBM Defendants' first requested extension to oppose the motions for leave to amend. *See* August 19, 2024 Non-Document Order. The PBM Defendants respectfully request that the Court grant them a further extension now.

Good cause supports granting this request for several reasons. First, notwithstanding certain Plaintiffs' decision to withdraw from the motions for leave to amend, 1,834 Plaintiffs still seek to amend their complaints to name the PBM Defendants as defendants. As the PBM Defendants noted in their first extension request, an MDL court's ruling on "a motion to amend in an individual case depends on the record in that case and not others." *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 845 (6th Cir. 2020). Accordingly, the PBM Defendants intend to substantively respond to the Plaintiffs' motions to amend with respect to *every case* in which Plaintiffs seek to add them. That requires an examination of the record, the facts, and the law relevant to each individual case—a process which takes considerable time.[3] Plaintiffs' exhibits listing the amending plaintiffs were nearly 90 pages long (ECF Nos. 5547-2, 5548-2), demonstrating the extraordinary volume of cases at issue—nearly *half* the cases in the MDL—and the resulting burden to oppose the motions.

---

[3] This is particularly true here because the omnibus motions to amend fail to provide the relevant facts, law, claims, and allegations applicable to each plaintiffs' request for leave to amend.

While the PBM Defendants have been working diligently to meet the current December 6 deadline, more time is needed to conduct the necessary examination for the hundreds upon hundreds of cases implicated by Plaintiffs' motions to amend.

Second, which individual cases are implicated by the motions to amend (and thus, will be addressed in the PBM Defendants' opposition) will depend on the outcome of the PBM Defendants' motion to strike, which seeks to have 1,431 Plaintiffs stricken from the motions for leave to amend for failure to timely implement a litigation hold. If the Court grants the PBM Defendants' request to extend the deadline for their reply brief in support of the motion to strike, briefing on the motion to strike will not conclude until December 6, 2024—the same day that the PBM Defendants' opposition to the motions for leave to amend is currently due. And even if the Court denies the PBM Defendants' requested extension, briefing on the motion to strike would still conclude just over two weeks before the December 6 deadline. Accordingly, an extension to January 16, 2025, of the PBM Defendants' deadline to oppose the motions for leave to amend would promote judicial economy because it would give the parties time to fully brief the motion to strike, give the Court time to consider that briefing and issue a ruling, and give the PBM Defendants time to account for that ruling in their brief opposing the motions to amend.

Finally, Plaintiffs requested and received multiple extensions to prepare their motions to amend. *See* ECF Nos. 5505; 5522; 5545. Even with those extensions, Plaintiffs submitted "corrected" lists of Amending Plaintiffs—adding even more plaintiffs—after the deadline to file their motions, *see* ECF No. 5565, and emailed a list of nearly 200 plaintiffs withdrawing their motions to amend a month and a half later. ECF No. 5687-4. The volume of plaintiffs and cases at issue require an inordinate amount of time to investigate and the PBM Defendants respectfully submit that their second extension request should be granted as well.

Respectfully submitted,

/s/ Brian D. Boone
Brian D. Boone
**ALSTON & BIRD LLP**
Vantage South End
1120 South Tryon Street, Suite 300
Charlotte, NC 28203
Tel: (704) 444-1000
brian.boone@alston.com

William H. Jordan
**ALSTON & BIRD LLP**
1201 West Peachtree Street NW, Suite 4900
Atlanta, GA 30309
Tel.: (404) 881-7000
bill.jordan@alston.com

*Attorneys for UnitedHealth Group
Incorporated, Optum, Inc., OptumInsight, Inc.,
OptumInsight Life Sciences, Inc., OptumRx,
Inc., OptumRx Discount Card Services, LLC,
Optum Perks, LLC, OptumHealth Care
Solutions, LLC, OptumHealth Holdings, LLC,
and Optum Health Networks, Inc.*

/s/ Jonathan G. Cooper
Michael J. Lyle
Jonathan G. Cooper
Christopher G. Michel
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
1300 I St. NW, Suite 900
Washington, DC 20005
Tel: (202) 538-8000
mikelyle@quinnemanuel.com
jonathancooper@quinnemanuel.com
christophermichel@quinnemanuel.com

*Attorneys for Express Scripts Defendants*