UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*APPLIES TO*<br><br>*Am. Fed. of State, County and Mun. Emps. Dist. Council 37 Health & Sec. Plan v. Purdue Pharma, L.P.*, No. 1:18-op-45013 | No. 1:17-MD-2804<br><br>Judge Dan A. Polster |

### COSTCO WHOLESALE CORPORATION'S MOTION TO STRIKE

Costco Wholesale Corporation[1] objects to and moves to strike three plaintiffs' attempts to assert claims against Costco for the first time years after the deadline for doing so, and without notice to Costco, an opportunity for Costco to respond, or a Court order finding good cause to name Costco now.

### BACKGROUND

Federal Rule of Civil Procedure 16 requires courts to set deadlines for plaintiffs to amend their pleadings so that "at some point both the parties and the pleadings will be fixed." *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 843 (6th Cir. 2020) (quoting *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003)). Thus, shortly after these cases were filed, the Court set a deadline for Plaintiffs to amend their complaints. *See* Dkt. 232 ¶ 6(b). After several extensions at

---

[1] Costco specially appears solely for purposes of addressing the purported amended complaint. Costco preserves all defenses and objections, including those related to personal jurisdiction, venue, and service, and Costco expressly contests personal jurisdiction, venue, and service in these cases.

Plaintiffs' request, the deadline for these plaintiffs to amend their complaints passed on March 16, 2019.[2] None of these plaintiffs added Costco.

More than five years after that deadline passed, Plaintiffs requested an opportunity to attempt to demonstrate good cause for adding a host of defendants they chose not to sue earlier. *See* Dkt. 5411. The Court set a briefing schedule and required "***all*** plaintiffs" seeking leave to amend to attempt to demonstrate good cause by July 29, 2024. *See* Dkts. 5455 at 1, 5522; 5471. The Court warned that this "will be plaintiffs' final opportunity to amend their complaints." Dkt. 5455 at 2.

Hundreds of plaintiffs met that deadline, including American Federation of State, County and Municipal Employees District Council 37 Health & Security Plan ("DC 37"), which hopes to add 14 defendants, including Costco. *See* Dkt. 5546-1; 5565-1. Neither Bios Companies, Inc. Welfare Plan nor Bios Companies, Inc. ("the Bios plaintiffs," discussed in note 3 *infra*) moved for leave to amend. *See id.* DC 37's motion remains pending, and Defendants are not required to respond until December 6, 2024. *See* Dkt. 5590 and August 19, 2024 Non-Document Order.

In the meantime, on July 31, 2024, the Court held an off-the-record status conference regarding the third-party payor cases. *See* July 31, 2024 Non-Document Order. That conference addressed the third-party payor bellwether cases, which involve only certain defendants, and not Costco. *See* Roberts Decl. ¶ 3; Dkt. 5225. One of the topics discussed was some third-party payor bellwether plaintiffs' maintenance of class-action allegations in their complaints despite the Court's earlier instruction that the bellwethers would be limited to individual actions. *See* Roberts Decl. ¶ 4. Plaintiffs' counsel requested permission to move their class-action allegations from the bellwether complaints to a separate non-bellwether complaint for purposes of preserving them to potentially use in settling the third-party payor bellwether cases with

---

[2] The deadline for amending complaints pending in the MDL as of November 8, 2018 was March 16, 2019. Dkt. 1106 at 2–3. American Federation of State, County and Municipal Employees District Council 37 Health & Security Plan's complaint was filed in the MDL on December 12, 2017. *See* Complaint, *Am. Fed. of State, County and Mun. Emps. Dist. Council 37 Health & Sec. Plan v. Purdue Pharma, L.P.*, No. 1:18-op-45013 (N.D. Ohio Dec. 12, 2017), ECF No. 1. The Bios Companies, Inc. Welfare Plan and Bios Companies, Inc.'s complaint was filed on October 9, 2018. *See* Complaint, *Pioneer Tel. Co-op, Inc. Emp. Benefits Plan v. Purdue Pharma, L.P.*, No. 1:18-op-46186 (N.D. Ohio Oct. 9, 2018), ECF No. 1.

2

defendants that are interested in doing so via a class action settlement. *See id.* ¶ 5. Plaintiffs' counsel represented that the amended complaint would be for settlement purposes, and that plaintiffs had no intention of using that amended complaint to attempt to force a defendant to litigate a class action. *See id.* ¶ 6. The Court questioned whether a separate complaint was necessary for willing defendants to settle on a classwide basis, but ultimately acquiesced in Plaintiffs' request. *See id.* ¶ 7. No plaintiff requested leave to add new defendants, and the Court did not address the matter. *See id.* ¶ 8. Costco was not mentioned at the conference. *See id.* ¶ 9.

After the status conference, the Court entered a non-document minute order allowing the third-party payor plaintiffs to "identify an appropriate non-bellwether case in which to state class action allegations." *See* July 31, 2024 Non-Document Order. The order does not mention additional defendants or causes of action, nor does it rule on the pending motions for leave to amend. *See id.*

Two months later, Plaintiffs emailed a proposed complaint to several Defendants. *See* Roberts Decl. ¶ 10, Ex. 1. That document revealed for the first time that all three Plaintiffs intended to attempt to add a host of defendants and several new causes of action to their complaints.[3] *See id.* Shortly afterward, more than 15 defendants objected to Plaintiffs' attempt to add them without notice, an opportunity to respond, or a ruling on the pending motions for leave to amend. *See id.* ¶ 11, Ex. 2. These defendants also requested that the Special Master advise on what procedure defendants should use to contest the filing of the proposed amended complaint. *See id.* Neither Plaintiffs nor the Special Master responded to that message. *See id.* ¶ 12. Plaintiffs would later request additional time to "remove allegations pertaining to certain defendants prior to filing the complaint on the docket" based on Plaintiffs' views of "ongoing settlement discussions with a number of defendants." *See id.* ¶ 13, Ex. 3. Plaintiffs did not identify the defendants they intended to remove. *See id.* The Special Master promptly granted Plaintiffs' request. *See id.*

---

[3] Plaintiffs have moved the Bios Plaintiffs from the *Pioneer Tel. Co-op, Inc. Emp. Benefits Plan v. Purdue Pharma, L.P.*, No. 1:18-op-46186 case to DC 37's case. By doing so, both DC 37's claims and the Bios Plaintiffs' claims have now been amended to add new defendants, new causes of action, and new class action allegations.

3

Because neither Plaintiffs nor the Special Master had responded to Defendants' objection, Defendants objected for a second time to Plaintiffs filing the complaint, and requested "clarity as to whether this complaint will continue to seek to add these new defendants outside of the motion to amend process." Roberts Decl. ¶ 14, Ex. 4. Plaintiffs responded that they were still "in the process of determining which entities will be removed as defendants" and would "be in touch with you as soon as that determination has been made." Roberts Decl. ¶ 15, Ex. 5. Plaintiffs filed their amended complaint three business days later, without providing the additional information they had promised, and without awaiting a response or ruling from the Special Master on Defendants' objections.

The amended complaint adds at least 18 defendants, six causes of action, and nearly 400 pages of allegations to DC 37's complaint. *Compare* Dkt. 5697, *with* Complaint, *Am. Fed. of State, County and Mun. Emps. Dist. Council 37 Health & Sec. Plan v. Purdue Pharma, L.P.*, No. 1:18-op-45013 (N.D. Ohio Dec. 12, 2017), ECF No. 1. It similarly expands on the Bios Plaintiffs' complaint. *Compare* Dkt. 5697, *with* Complaint, *Pioneer Tel. Co-op, Inc. Emp. Benefits Plan v. Purdue Pharma, L.P.*, No. 1:18-op-46186 (N.D. Ohio Oct. 9, 2018), ECF No. 1. But the vast majority of the new allegations have little to do with class certification; in fact, only 5 of the 399 pages added to the complaint are class action allegations. *See* Dkt. 5697 at 396–400.

**LEGAL STANDARD**

Plaintiffs hoping to amend their complaints more than five years after the deadline must establish "good cause" for doing so. *In re Nat'l Prescription Opiate Litig.*, 956 F.3d at 843. That means they must "demonstrat[e] that 'despite their diligence, they could not meet the original deadline,'" *id.* (citation omitted), and that the defendants will not be prejudiced by the untimely amendments, *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Johnson v. Mammoth Recs., Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

If a plaintiff can clear those hurdles, the Court must then consider whether other circumstances counsel against amendment, "such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment, etc.'" *Stanley v. W. Mich. Univ.*, 105 F.4th 856, 867 (6th Cir. 2024) (citation omitted).

When a plaintiff unilaterally amends its complaint without leave—or exceeds the Court's leave—the Court may strike the improper amendments. *See, e.g.*, *Graves v. Mahoning County*, 821 F.3d 772, 777 (6th Cir. 2016) (affirming striking of amendments that exceeded the court's leave "by, for example, adding new claims, new plaintiffs, and scores of new defendants when the court's orders allowed only for clarification of the existing complaint"); *Patterson v. HG Ohio Emp. Holding Corp.*, No. 1:23-cv-681, 2024 WL 2022088, at *3 (N.D. Ohio May 7, 2024) (striking amendments adding "two additional parties not mentioned or referenced in either the joint stipulation or the Court's order granting leave to amend"); *Harmon v. Honeywell Intelligrated*, No. 1:19-cv-670, 2021 WL 5198454, at *3–4 (S.D. Ohio Nov. 9, 2021) (striking new causes of action that were not mentioned in the court's order granting leave to amend).[4] Striking improper allegations is especially appropriate here, where Plaintiffs attempt to "take a shortcut around the Federal Rules of Civil Procedure and unilaterally add . . . party defendants." *Patterson*, 2024 WL 2022088 at *3.

## ARGUMENT

The fact that motions for leave to amend are pending does not allow Plaintiffs to add new defendants and claims to their complaints now, before the Court has ruled on the motions. The very purpose of those motions is for the Court to determine whether Plaintiffs' attempts to

---

[4] *Schmidt v. United States*, 749 F.3d 1064, 1069 (D.C. Cir. 2014) ("The District Court rightly disallowed his amended complaint, which, absent consent or leave of court, was without legal effect."); *Lizza v. Deutsche Bank Nat'l Tr. Co.*, 714 F. App'x 620, 622 (9th Cir. 2017) (unpublished) ("The district court also did not abuse its discretion when it struck the Lizza Plaintiffs' Second Amended Complaint for exceeding the scope of amendment permitted in the court's first dismissal order."); *Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) (unpublished) ("District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted.").

demonstrate good cause satisfy the Sixth Circuit's requirements. Defendants' responses to those motions are not yet due, and the Court has not ruled on them. Absent a ruling on those motions finding good cause, the existing scheduling order remains in force and amendments to add new parties are not permitted. *See In re Nat'l Prescription Opiate Litig.*, 956 F.3d at 843. Further, the Bios Plaintiffs did not join any of the motions for leave to amend, and the fact that other plaintiffs moved for leave to amend does not somehow entitle the Bios Plaintiffs to amend their complaints. *See id.* at 841 ("[A]n MDL court's determination of the parties' rights in an individual case must be based on . . . the record in that case alone.").

Second, the Court did not grant leave to amend to add new defendants at the off-the-record status conference. Plaintiffs did not express any intention to add new defendants at the status conference, did not request leave to do so, and did not attempt to demonstrate good cause for doing so. Nor did Plaintiffs identify the complaint(s) they sought to amend. The request Plaintiffs made was to move their class action allegations from the third-party payor bellwether complaints to an unidentified non-bellwether complaint in case any of the defendants in the third-party payor bellwethers later wished to settle those cases on a classwide basis. Given the limited nature of the request and the lack of notice to the defendants proposed to be added or an opportunity for those defendants to respond, the Court could not grant an off-the-record motion for leave to add new defendants at the status conference, and it did not do so. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion," and must "state with particularity the grounds for seeking the order" and "the relief sought."); *Evans v. Pearson Enters., Inc.*, 434 F.3d 839, 853 (6th Cir. 2006) ("Requesting leave to amend under Fed. R. Civ. P. 15(a) is governed by Fed. R. Civ. P. 7(b), which requires that a motion 'shall state with particularity the grounds therefor . . . .'") (citation omitted); *Spadafore v. Gardner*, 330 F.3d 849, 853 (6th Cir. 2003) ("Without viewing the proposed amendment, it [is] impossible for the district court to determine whether leave to amend should [be] granted.").

Recognizing this, Plaintiffs' position seems to be that the Court's permission to move the class-action allegations from the third-party payor bellwether complaints to a non-bellwether

6

case gave them free rein to make any other amendments they want—even amendments that the Sixth Circuit has held require a finding of good cause under Federal Rule of Civil Procedure 16. That is incorrect. Leave to amend is limited to the topics actually addressed, and that is doubly true for amendments the Sixth Circuit has already held are impermissible absent a court order finding good cause. *See, e.g.*, *Graves v. Mahoning County*, No. 4:10-cv-2821, 2011 WL 3703950, at *4 (N.D. Ohio Aug. 23, 2011) ("Having sought and received leave to amend on the basis of [certain] representations . . . Plaintiffs may not then entirely alter the landscape of the litigation by filing an amended pleading that raises new claims and joins new parties . . . ."), *aff'd* 821 F.3d 772 (6th Cir. 2016); *Patterson*, 2024 WL 2022088 at *3 (same); *Helms v. Nationwide Ins. Co. of Am.*, 280 F.R.D. 354, 359 (S.D. Ohio 2012) ("[I]t is mistaken, if not misleading, for Plaintiffs to interpret the Court's ruling as *carte blanche* . . . to present amendments not discussed, including new claims against Nationwide.").

Whatever the merits of Plaintiffs' arguments regarding these amendments for *other* defendants, they have not demonstrated good cause to add *Costco*. *See In re Nat'l Prescription Opiate Litig.*, 956 F.3d at 845 (holding that "a party's rights in one case [cannot] be impinged to create efficiencies in the MDL generally"). Costco is not involved in the third-party payor bellwether cases, and it has been named as a defendant in only a single third-party payor case, which is not a class action. If Costco wishes to settle that case, it can do so without the need to resort to a class action settlement. And if Costco later wishes to settle third-party payor claims as part of a class action settlement (and it is determined that a separate complaint is necessary), Costco can consent to Plaintiffs' amendment and the Court can assess good cause and the propriety of such a settlement class at that time. *See* Fed. R. Civ. P. 15(a)(2). Plaintiffs have offered no persuasive reason for why being added as a defendant to cases brought by three entirely new plaintiffs asserting several new causes of action based on laws of states in which Costco has no third-party payor cases is necessary or helpful for Costco to settle its single third-party payor case.

7

Further, Costco will be prejudiced by being added to complaints that seek to litigate class actions on behalf of potentially hundreds of third-party payors when it is in only a single third-party payor case. *See In re Onglyza (Saxagliptin) & Kombiglyze (Saxagliptin & Metformin) Prods. Liab. Litig.*, 93 F.4th 339, 350 (6th Cir. 2024) (holding that defendant was prejudiced when "granting the motion would likely impose significant costs on defendants in the form of substantial legal expenses and years of delay"); *Nichols v. Dwyer*, No. 23-1476, 2024 WL 991871, at *4 (6th Cir. Mar. 7, 2024) ("[A]dding a new cause of action at this late stage would prejudice Defendants . . . .").

Costco does not bring this motion lightly, but the allegations of this complaint are inconsistent with plaintiffs' representations that the complaint will be used only to facilitate settlements with consenting defendants, not to litigate class claims against nonconsenting defendants. Although Plaintiffs were supposed to place the class-action allegations in a non-bellwether complaint, they chose to put them in a case as to which they already seek leave to amend for litigation purposes, and Plaintiffs go out of their way to note that they "are willing to serve as additional bellwether plaintiffs" and "to serve as class representatives." Dkt. 5679 at 12 n.1. Further, the complaint states that its purpose is to "preserve, state, *and determine or resolve* class action allegations on behalf of the proposed TPP class," *id.* at 14 (emphasis added), and Plaintiffs admit that they "will seek, at an early practical time, when and as directed or authorized by the Court, to certify this action or specific claims or issues raised by this complaint for class treatment," *id.* ¶ 1350. That Plaintiffs selected defendants for inclusion based on Plaintiffs' views of ongoing settlement discussions, and their insistence on filing the amended complaint over the objections of the newly named defendants is also inconsistent with an intent to use the complaint only to settle with consenting defendants. Plaintiffs have exceeded the Court's leave, and the improper amendments should be stricken.

//

//

//

## CONCLUSION

For the reasons set forth above, Costco Wholesale Corporation respectfully requests that the Court strike Costco from the caption and paragraphs 277–278 of Plaintiffs' amended complaint filed at Dkt. 5697.

DATED this 12th day of November, 2024

*s/David J. Burman*
David J. Burman, WSBA No. 10611
Tyler S. Roberts, WSBA No. 52688

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile:  206.359.9000
Email: DBurman@perkinscoie.com
Email: TRoberts@perkinscoie.com

*Attorneys for Costco Wholesale Corporation*
