UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*All Cases* | ) MDL 2804<br>)<br>) Case No. 1:17-md-2804<br>)<br>) Judge Dan Aaron Polster<br>)<br>) **ORDER DENYING THE PBMS'**<br>) **MOTION TO STRIKE** |

Before the Court is the PBMs' Motion to Strike Plaintiffs that Failed to Timely Implement Litigation Holds from the Omnibus Motions for Leave to Amend. Docket no. 5687. Plaintiffs filed a response. Docket no. 5763. For the reasons below, the PBMs' Motion is **DENIED** in its entirety.

The PBMs' Motion makes four requests. First, the PBMs request the Court prevent nearly 1,400 plaintiffs from seeking leave to amend their complaints, prior to the Court hearing the merits of those plaintiffs' motions to amend. Second, the PBMs seek 30(b)(6) depositions of any plaintiff the Court declines to strike. Third, the PBMs seek initial discovery in the form of a plaintiff fact sheet from over 400 hundred plaintiffs. (The Court notes that the plaintiffs from whom the PBMs seek depositions and fact sheets in their second and third requests have not yet been granted leave to amend, and thus presently have no case pending against the PBMs.) Finally, the PBMs seek an extension of time to respond to the currently pending motions for leave to amend from December 6, 2024, to March 6, 2025.

The PBMs' requests go too far. This Court has already stated that whether a plaintiff implemented a litigation hold is not a precondition to allowing amendment. *See* docket no. 5517. And it is certainly not a precondition to a plaintiff merely seeking leave to do so. If the PBM defendants believe these plaintiffs should not be granted leave to amend their complaints based on

a purported failure to implement a litigation hold, they may make that assertion in their responses to the currently pending motions to amend. The Court will not consider these motions to amend one issue at a time.

Further, on November 12, 2024, before the PEC filed its opposition to the PBMs' Motion to Strike, the PBMs moved for an extension of time to file: (1) their reply in support of the motion to strike; and (2) their responses to the motions to amend. *See* docket no. 5747. The Court promptly granted those requests. *See* November 12, 2024 Non-doc Order.

Upon reconsideration, however, the Court amends its prior rulings as follows. Because the Court now denies the PBMs' Motion to Strike, the need for additional time to further brief the present motion is moot. Further, because briefing on the PBMs' Motion to Strike will no longer interfere with the briefing schedule for the motions to amend, the Court amends the January 16, 2025, deadline recently granted to the PBMs for responses to their motions to amend to **December 20, 2024**. The December 20, 2024, deadline is applicable to all defendants who choose to file a response to a motion to amend.

Accordingly, the PBMs Motion to Strike is **DENIED** in its entirety, and the Court's prior grant of the PBMs' Motion to Extend Deadlines is amended in accordance with this Order.

**IT IS SO ORDERED.**

    **/s/ Dan Aaron Polster  November 15, 2024**
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

2