**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **In re: National Prescription Opiate Litigation** | **MDL No. 2804** |

**SUGGESTION OF REMAND**

***Cobb County v. Purdue Pharma L.P. et al,*** case no. 1:18-op-45817-DAP (N.D. Ohio)

[originally case no. 1:18-cv-02865 (N.D. Ga.), transferred to the MDL Court on June 11, 2018]

The Judicial Panel on Multidistrict Litigation ("JPML") transferred the above-listed action to the undersigned for coordinated or consolidated pretrial proceedings. For the reasons stated below, and pursuant to Rule 10.1(b)(i) of the Rules of Procedure of the JPML, the undersigned transferee judge now **suggests** that this case be remanded to the transferor court.

**GENERAL BACKGROUND**

As the JPML is surely aware, the multidistrict litigation known as *In re: National Prescription Opiate Litigation* is extremely complex. Unlike many MDLs, where the plaintiffs are individuals or businesses, most of the *Opiate* MDL plaintiffs are governmental entities from across America—for example, Cities, Counties, and Indian Tribes. These plaintiffs claim the defendants are directly responsible for creating the nation's ongoing Opioid Crisis and they assert various claims to obtain damages and abatement.

In addition to the governmental entity plaintiffs, there are also other classes of plaintiffs

pressing similar claims—for example: (1) hospitals; and (2) third-party payors ("TPPs") (e.g. Union Health and Welfare Funds).

Just as there are different types of plaintiffs, there are also different categories of defendants, each of which play a role in the supply of prescription drugs in America. These defendants include: (1) opioid manufacturers, (2) opioid distributors, (3) opioid dispensers (e.g. pharmacies), and (4) third-party administrators of prescription drug programs, known as pharmacy benefit managers ("PBMs").[1] Many of these Defendants are Fortune 500 companies.

The undersigned has designated multiple bellwether cases to address the various plaintiff/defendant match-ups. For example, the MDL Court has identified bellwether cases to litigate claims asserted by: (1) a City against the three largest manufacturer defendants; (2) a City against the three largest distributor defendants; (3) a City against the three largest pharmacy defendants; (4) Third-Party Payors against the three largest manufacturer and three largest pharmacy defendants; (5) Hospitals against the three largest distributor defendants; (6) Tribes against various defendants; and so on.

These bellwether cases have helped lead to global settlements totaling nearly $70 Billion. The chart below shows, with an "X", the plaintiff/defendant match-ups that have so far reached a global settlement in full or in principle. The chart does not show numerous smaller distributor or pharmacy defendants, nor defendants in bankruptcy (such as Mallinckrodt, Endo, Purdue, or Rite Aid). As a general matter, the MDL Court has designated (or soon will) one or more bellwether cases for every plaintiff/defendant match-up in the chart that shows a blank cell.

---

[1] Individual members of the Sackler family, who own opioid manufacturer Purdue Pharma, comprise another category of defendant.

| **Manufacturer Defendants** | **Municipalities** | **Tribes** | **TPPs** | **Hospitals** |
|---|---|---|---|---|
| J&J | X | X | | |
| Teva | X | X | | |
| Allergan | X | X | | |
| Eight Smaller Defendants | X | X | N/A | N/A |
| **Distributor Defendants** | **Municipalities** | **Tribes** | **TPPs** | **Hospitals** |
| Cardinal | X | X | X | X |
| McKesson | X | X | X | X |
| Cencora | X | X | X | X |
| **Pharmacy Defendants** | **Municipalities** | **Tribes** | **TPPs** | **Hospitals** |
| Walmart | X | X | | |
| Walgreens | X | X | | |
| CVS | X | X | | |
| Kroger | X | X | N/A | N/A |
| Albertsons | | | N/A | N/A |
| Costco | | | N/A | N/A |
| Publix | | | N/A | N/A |

**THE *COBB COUNTY* CASE**

One cell in the chart above that does not contain an "X" is the one representing claims by a City or County against pharmacy-defendant Publix. In 2021, the MDL Court chose *Cobb County v. Purdue Pharma L.P. et al,* case no. 1:18-op-45817-DAP (N.D. Ohio) (originally case no. 1:18-cv-02865 (N.D. Ga.)), as a bellwether to test that species of claim.

3

The parties in *Cobb County* have completed fact and expert discovery. The MDL Court recently denied plaintiff's motion for summary judgment. The parties elected not to file any *Daubert* motions. There are no remaining deadlines in the operative case management order.

Accordingly, the MDL Court believes all "pretrial proceedings" have been concluded, so the time has come for *Cobb County* to be "remanded by the panel . . . to the district from which it was transferred." *See* 28 U.S.C. §1407(a).

The undersigned, as well as MDL Special Master David R. Cohen, remain available to assist the Panel and the transferor court in any way they might wish.

Respectfully Submitted,

*/s/ Dan Aaron Polster*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**
**(MDL TRANSFEREE COURT)**

**Date:** November 18, 2024