UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | |
| THIS DOCUMENT RELATES TO: | MDL No. 2804 |
| *Masiowski v. AmerisourceBergen Drug Corp., et al.*, No. 18-op-45985 | Case No. 1:17-md-2804 |
| | Judge Dan Aaron Polster |

### PHARMACY DEFENDANTS' OPPOSITION TO PLAINTIFF MICHAEL MASIOWSKI'S MOTION TO AMEND

When Plaintiff Michael Masiowski filed his complaint in July 2018, he elected not to sue any of the Pharmacy Defendants.[1] If Masiowski changed his mind and wanted to assert claims against them, this Court's orders gave him eight months to do so, as well as access to the ARCOS data, before the March 2019 deadline to amend his complaint. Having ignored that deadline, Masioswski's present motion for leave to amend does nothing to show the good cause that this Court's orders and Rule 16(b) require before he could be allowed to add new claims against the Pharmacy Defendants now.

### Background

Masiowski filed his complaint on July 26, 2018 in the District of South Carolina. *See* Doc. 1 in No. 18-op-45895 ("Masiowski Compl."). Masiowski says he is an emergency room doctor in Charleston County, South Carolina. *Id.* ¶ 38. He complains that caring for patients who have opioid use disorder, including patients who receive Medicaid benefits, is less lucrative than caring for other patients who have better insurance. *Id.* ¶¶ 3-4, 36-37,

---

[1] The Pharmacy Defendants include the following parties named in Masiowski's proposed amended complaint: CVS Health Corporation; The Kroger Co.; Walgreen Boots Alliance, Inc.; and Walmart Inc.

312-314. Masiowski's 2018 complaint names 24 separate defendants in 10 distinct corporate families, but it does not assert claims against any of the Pharmacy Defendants.

Following transfer by the JPML, this Court docketed Masiowski's case in the MDL on August 20, 2018. *See* Doc. 8 in No. 18-op-45985. Masiowski initially had 60 days to amend his complaint without leave of the Court. Following release of the ARCOS data, the Court extended the deadline for MDL plaintiffs to amend their complaints to March 16, 2019. *See* Doc. 739; Doc. 1106.

The Court made sure that, well before the deadline for amending complaints, all plaintiffs in the MDL would have access to ARCOS data in a format that makes the information easy to review down to the level of individual counties. No later than November 19, 2018, plaintiffs received access to both (i) "Distributor Reports" identifying distributors with a greater than five percent market share in each county for at least three years, and (ii) "Pharmacy Reports reflecting all opioid shipments to each pharmacy in the relevant county or county equivalent." Doc. 1106 at 1-2. The Court's order gave plaintiffs 120 days to "use this information to amend their complaints" by March 16, 2019. *Id.* at 2-3.

By the time of the March 16, 2019 deadline for Masiowski to amend his complaint, his case had already been pending in the MDL for almost ***seven months***, including at least ***four months*** when he had full access to the ARCOS Distributor Reports and Pharmacy Reports. Nevertheless, Masiowski made no effort to amend his complaint before the deadline.

Earlier this year, the PEC asked the Court to grant plaintiffs leave to file motions to amend their complaints. Doc. 5411. The PEC's motion (and reply brief) recognized that such motions to amend would be subject to Rule 16(b)'s good cause standard, as the

2

motions come after the deadlines the Court set in its scheduling orders. *Id.* at 3; Doc. 5434 at 2-4; *see* Fed. R. Civ. Pro. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

In granting the PEC's motion, the Court laid out procedures regarding "each defendant the PEC wishes to add to any case," it required the PEC to "review every case carefully," and it set a deadline by which "[t]he PEC shall file" motions to amend. Doc. 5455 at 1-2. The Court's order specified that the motions to amend must show "**good cause** for the proposed amendments, stating with particularity the reasons amendment should be permitted . . . ." *Id.* at 2 (emphasis added).

On July 29, 2024, the PEC filed a series of motions seeking leave to add claims against numerous defendants in many pending cases. *See* Doc. 5565 (PEC's "roadmap" to motions to amend). Those motions did not include Masiowski's case or any other case in which a plaintiff seeks to add claims against any of the Pharmacy Defendants. *See id.*[2]

Masiowski alone—in a separate motion that the PEC has declined to sponsor—asks for leave to assert new claims against the Pharmacy Defendants. *See* Pl. Masiowski's Mot. for Leave to Amend, Doc. 33 in No. 18-op-45985 ("Motion").[3]

## Argument

This Court's order permitting motions to amend could not be clearer: each plaintiff asking for permission to amend a complaint must show "good cause for the proposed

---

[2] The PEC's motions are not limited to cases filed by public entities that have participated in the Pharmacy Defendants' settlement programs. The PEC has also moved for leave to amend complaints filed by private hospitals and third-party payors. *See* Doc. 6656 Ex.1.

[3] Despite filing a motion for leave to amend, Masioswki has not complied with the Court's order that "each plaintiff that seeks leave to amend" must notify defendants, through the PEC, "whether a litigation hold was implemented in each case and, if so, when." Doc. 5517 at 2.

3

amendments." Doc. 5455 at 2. A showing of good cause under Rule 16(b) to amend a pleading after the deadline is "not optional." *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 843 (6th Cir. 2020) (quoting *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). It requires that parties moving for leave to amend must "demonstrate[] that 'despite their diligence they could not meet the original deadline.'" *Id.* (quoting *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003)). Whether an opposing party would suffer prejudice is a separate question that comes into play only if the plaintiff seeking to amend can establish good cause in the first place. *See*, *e.g.*, *Gullo v. City of New York*, 540 F. App'x 45, 47 (2d Cir. 2013) ("That defendants suffered no prejudice does not change the fact that plaintiffs failed to pursue amendment with diligence"); *Steuben Foods, Inc. v. GEA Process Eng'g, Inc.*, 2016 WL 8678055, at *3 (W.D.N.Y. 2016) (citing cases), *adopted*, 2016 WL 3876644 (W.D.N.Y. 2016).

  Masioswki is simply wrong when he says that he has "until now been precluded from seeking leave to amend by CMO 1." Motion at 4. Unlike some of the other plaintiffs who may wish to amend, Masiowski's case was transferred to the MDL long before the Court's deadline for amendments. Accordingly, the Court's moratorium on substantive filings had no bearing on Masiowski's ability to amend his complaint in a timely fashion. As described above, there was nothing to stop Masiowski from amending his complaint during the seven-month period that his case was pending in the MDL before the Court's deadline. If Masiowski needed ARCOS data, he had access to it four months before the deadline. And even without ARCOS data, any practicing physician like Masiowski, who regularly writes prescriptions, is well aware of the major pharmacies in his or her own community.

4

It likewise does Masiowski no good to recite ARCOS market shares in certain counties around the country where Masiowski says he practiced "intermittently" at unspecified points of time between 2006 and 2019. Motion at 5-9. Again, Masiowski had this information months before the Court's deadline to amend his complaint. Beyond that, Masiowski's motion does not include any ARCOS data on the Pharmacy Defendants' presence in Charleston County, South Carolina, where Masioswki has practiced medicine since April 2000. Masiowski Compl. ¶ 38; *see also* Masiowski Proposed Am. Compl., Motion Ex. B, ¶ 64 (alleging that Masiowski "practiced in Charleston County in South Carolina for the relevant timeframe herein"). That is, Masiowski does not even purport to show that any of the Pharmacy Defendants had sufficient market share to justify his claims against them in the one county where he worked continuously during the entire time period he alleges to be at issue.[4]

Finally, Masiowski does not—because he could not—claim that before March 2019 he had insufficient information to make his new allegations against the Pharmacy Defendants. The allegations regarding the Pharmacy Defendants in Masiowski's proposed amended complaint repeat almost verbatim the allegations set out in other plaintiffs' complaints filed in early 2018, even before Masiowski filed his original complaint. *Compare* Masiowski Proposed Am. Compl., Motion Ex. B, ¶¶ 488-489, 491-542 *with*, *e.g.*, Am. Compl., *Adair County, et al. v. Purdue Pharma, L.P., et al.*, Doc. 7 in No. 18-op-45122, ¶¶ 536-578, 582-588 (filed May 25, 2018).[5] Unfounded as they may be, there is nothing "new"

---

[4] On this point, Masiowski is correct: Other companies accounted for the vast majority of both the distribution and dispensing of prescription opioid medications in Charleston County, SC.

[5] *See also*, *e.g.*, Compl., *Cobb County v. Purdue Pharma L.P., et al.*, Doc. 1 in No. 18-op-45817, ¶¶ 536-578, 582-588 (filed June 12, 2018); Am. Compl., *Shawano County v. Purdue Pharma*

5

about the allegations of Masiowski's proposed amended complaint regarding the Pharmacy Defendants that would have prevented him from making the same allegations in plenty of time to meet the Court's March 2019 deadline to amend.

## Conclusion

For all of these reasons, the Court should deny Plaintiff Masiowski's motion for leave to amend his complaint with respect to the Pharmacy Defendants.[6]

Dated: November 18, 2024                                        Respectfully submitted,

/s/ Kaspar J. Stoffelmayr
Kaspar J. Stoffelmayr
Jean K. Tinkham
Michael A. Nance
Jordan G. Golds
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
(312) 494-4400
kaspar.stoffelmayr@bartlitbeck.com
jean.tinkham@bartlitbeck.com
michael.nance@bartlitbeck.com
jordan.golds@bartlitbeck.com

*Counsel for Walgreen Boots Alliance, Inc.*

---

*L.P., et al.*, Doc. 6 in No. 17-op-45119, ¶¶ 536-578, 582-588 (filed May 25, 2018); Am. Compl., *County of Anoka v. Purdue Pharma L.P., et al.*, Doc. 10 in No. 18-op-45101, ¶¶ 536-578, 582-588 (filed May 25, 2018).

[6] The Pharmacy Defendants take no position on Masiowski's motion to amend as it concerns other parties.

*/s/ Tina M. Tabacchi*
Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
111 North Wacker, Suite 4800
Chicago, IL 60606
(312) 782-3939
tmtabacchi@jonesday.com
tfumerton@jonesday.com

*Counsel for Walmart Inc.*


*/s/ Eric R. Delinsky*
Eric R. Delinsky
Alexandra W. Miller
Paul B. Hynes, Jr.
ZUCKERMAN SPAEDER LLP
1800 M. Street NW, Suite 1000
Washington, DC 20036
(202) 778-1800
edelinsky@zuckerman.com
smiller@zuckerman.com
phynes@zuckerman.com

*Counsel for CVS Health Corporation*


*/s/ Ronda L. Harvey*
Ronda L. Harvey
Ashley Hardesty Odell
STEPTOE & JOHNSON PLLC
Chase Tower, 17th Floor
707 Virginia Street, East
Charleston, WV 25301
(304) 353-8000
Ronda.Harvey@Steptoe-Johnson.com
Ashley.Odell@Steptoe-Johnson.com

*Counsel for The Kroger Co.*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing document was served via the Court's ECF system on all counsel of record on November 18, 2024.

/s/ *Kaspar J. Stoffelmayr*
Kaspar J. Stoffelmayr

*Counsel for Walgreens Boots Alliance, Inc.*