UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: NATIONAL PRESCRIPTION
OPIATE LITIGATION

MDL No. 2804

Case No. 1:17-md-2804

Judge Dan Aaron Polster

**PBM DEFENDANTS' MOTION FOR RECONSIDERATION IN PART
OF ORDER DENYING THEIR MOTION TO STRIKE**

The Express Scripts Defendants[1] and Optum Defendants[2] (collectively **PBM Defendants**), by and through undersigned counsel, jointly move this Court to reconsider in part its November 15, 2024 order that "amend[ed] the January 16, 2025, deadline recently granted to the PBMs for responses to [Plaintiffs'] motions to amend to **December 20, 2024**." ECF No. 5766 at 2.[3]

When this Court established the briefing schedule for the motions for leave to amend, it expressly contemplated granting requests to extend the deadline to file opposition briefs. ECF No. 5465, Tr. 5/22/2024 Hrg. at 13:8–11 ("I can give [Defendants] 60 days to answer. And if—and if a given Defendant needs more, you know, that's fine."); *id.* at 17:14–17 ("When you see what

---

[1] The Express Scripts Defendants are Express Scripts, Inc.; Express Scripts Administrators, LLC; Medco Health Solutions, Inc.; ESI Mail Order Processing, Inc.; ESI Mail Pharmacy Service, Inc.; Express Scripts Pharmacy, Inc.; Evernorth Health, Inc. (formerly Express Scripts Holding Company); and Express Scripts Specialty Distribution Services, Inc.

[2] The Optum Defendants are UnitedHealth Group Incorporated, Optum, Inc., OptumInsight, Inc., OptumInsight Life Sciences, Inc., OptumRx, Inc., OptumRx Discount Card Services, LLC, Optum Perks, LLC, OptumHealth Care Solutions, LLC, OptumHealth Holdings, LLC, and Optum Health Networks, Inc.

[3] While the PBM Defendants disagree with the Court's decision to deny their motion to strike before the PBM Defendants had an opportunity to file a reply and reserve all rights, they **do not** seek reconsideration of that portion of the Court's November 15, 2024 order (ECF No. 5766).

they've got, you say we need longer, I'll give you an extension."); *id.* at 18:4–8 ("So start out with 60 days but if it turns out you need more time, all you have to do is—if you can't work out an agreement with the Plaintiffs for more time, just file a one-paragraph motion saying why you need more time and I—if it's a reasonable request, I'll grant it."). In keeping with that policy, the Court has granted two extension requests by the PBM Defendants, the second of which extended the deadline to January 16, 2025. *See* November 12, 2024 Non-Document Order.

In their motion seeking the second extension, the PBM Defendants explained that they "intend to substantively respond to the Plaintiffs' motions to amend with respect to *every case* in which Plaintiffs seek to add them." ECF No. 5747 at 2. The PBM Defendants also explained that the response to the motions to amend could be affected by the outcome of the motion to strike. For *both* reasons, the PBM Defendants requested an extension to January 16, 2025. *Id.* at 3. On November 12, the Court granted that extension. *See* November 12, 2024 Non-Document Order.

Three days later, the Court denied the PBM Defendants' motion to strike and *sua sponte* reversed course on the deadline extension. ECF No. 5766 at 2. In doing so, the Court stated that "because briefing on the PBMs' Motion to Strike will no longer interfere with the briefing schedule for the motions to amend, the Court amends the January 16, 2025, deadline recently granted to the PBMs for responses to their motions to amend to **December 20, 2024**." ECF No. 5766 at 2.

The PBM Defendants respectfully request that the Court reconsider its decision to amend the PBM Defendants' deadline to oppose the motions for leave to amend and reinstate the January 16, 2025 deadline it previously established.

Good cause supports this request for reconsideration. While the PBM Defendants' request for a January 16, 2025 deadline was based in part on a conflict with briefing the motion to strike, it was *primarily* based on the sheer volume of plaintiffs that have joined the motions for leave to

2

amend. 1,834 Plaintiffs still seek to amend their complaints to name the PBM Defendants as defendants. As the PBM Defendants noted in their extension requests, an MDL court's ruling on "a motion to amend in an individual case depends on the record in that case and not others." *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 845 (6th Cir. 2020). Accordingly, the PBM Defendants intend to substantively respond to the Plaintiffs' motions to amend with respect to each case in which Plaintiffs seek to add them. That requires an examination of the record, the facts, and the law relevant to each individual case—a process which takes considerable time. Plaintiffs' exhibits listing the amending plaintiffs were nearly 90 pages long (ECF Nos. 5547-2, 5548-2), demonstrating the extraordinary volume of cases at issue—nearly *half* the cases in the MDL—and the resulting burden to oppose the motions. That burden is the reason the PBM Defendants raised the scheduling issue regarding the motion to strike in the first instance when requesting the January 16, 2025 deadline: The motion to strike, if granted in full, would have eliminated the need for the PBM Defendants to respond to over 75% of the plaintiffs implicated in the motions to amend.

While the PBM Defendants have been working diligently to meet the Court's chosen deadline, more time is needed to conduct the necessary examination for the hundreds upon hundreds of cases at issue. The Court's order denying the PBM Defendants' motion to strike means that none of the 1,834 plaintiffs were stricken from the motions for leave to amend, so the PBM Defendants must fully examine and respond to the motions for all 1,834 plaintiffs.

Additionally, Plaintiffs requested and received multiple extensions to prepare their motions to amend. *See* ECF Nos. 5505; 5522; 5545. Even with those extensions, Plaintiffs submitted "corrected" lists of Amending Plaintiffs—adding even more plaintiffs—after the deadline to file their motions, *see* ECF No. 5565, and emailed a list of nearly 200 plaintiffs withdrawing their motions to amend a month and a half later. ECF No. 5687-4. The volume of plaintiffs and cases at

issue require an inordinate amount of time to investigate. Because of this extraordinary burden, coupled with the intervening winter holidays, the PBM Defendants respectfully submit that the January 16, 2025 deadline to oppose the motions for leave to amend should be reinstated.

Respectfully submitted,

| | |
|---|---|
| */s/ Brian D. Boone* | */s/ Jonathan G. Cooper* |
| Brian D. Boone | Michael J. Lyle |
| **ALSTON & BIRD LLP** | Jonathan G. Cooper |
| Vantage South End | Christopher G. Michel |
| 1120 South Tryon Street, Suite 300 | **QUINN EMANUEL URQUHART &** |
| Charlotte, NC 28203 | **SULLIVAN, LLP** |
| Tel: (704) 444-1000 | 1300 I St. NW, Suite 900 |
| brian.boone@alston.com | Washington, DC 20005 |
| | Tel: (202) 538-8000 |
| William H. Jordan | mikelyle@quinnemanuel.com |
| **ALSTON & BIRD LLP** | jonathancooper@quinnemanuel.com |
| 1201 West Peachtree Street NW, Suite 4900 | christophermichel@quinnemanuel.com |
| Atlanta, GA 30309 | |
| Tel.: (404) 881-7000 | *Attorneys for Express Scripts Defendants* |
| bill.jordan@alston.com | |

*Attorneys for UnitedHealth Group Incorporated, Optum, Inc., OptumInsight, Inc., OptumInsight Life Sciences, Inc., OptumRx, Inc., OptumRx Discount Card Services, LLC, Optum Perks, LLC, OptumHealth Care Solutions, LLC, OptumHealth Holdings, LLC, and Optum Health Networks, Inc.*