**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*This document relates to:*<br><br>*Track Eight: Cobb County, Georgia Case No. 1:18-op-45817-DAP*<br><br>COBB COUNTY,<br>      *Plaintiff*,<br>    v.<br>PURDUE PHARMA, L.P., et al.,<br>      *Defendants*. | MDL 2804<br><br>Case No. 17-md-2804<br><br>Hon. Dan Aaron Polster<br><br>**PLAINTIFF COBB COUNTY'S MOTION TO CLARIFY THE RECORD ON REMAND AND REQUEST FOR EXPEDITED BRIEFING** |

Plaintiff Cobb County files this Motion to Clarify the Record on Remand. In light of the Court's Suggestion of Remand filed with the Judicial Panel on Multidistrict Litigation on November 18, 2024, the Parties will likely soon be called upon to designate the record on remand. *See* JPML Rule 10.4. To clarify what should be included in that record, Cobb County requests that this Court apply the same procedure it did in Case Track 7 (CT7) and enter a similar order regarding the applicability of this Court's MDL prior orders and rulings in Case Track 8 (CT8).[1]

---

[1] Pursuant to JPML Rule 2(d), neither the filing of a Suggestion of Remand nor entry of a Conditional Remand Order (CRO) divests the Court of the power to address this motion or enter the administrative order sought. That rule states: "The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court. An order to transfer or remand pursuant to 28 U.S.C. § 1407 shall be effective only upon its filing with the clerk of the

1

On March 30, 2023, this Court entered an Order in CT7, holding that:

> all of the Court's Orders and rulings entered in other case tracks of this MDL – including every Order and ruling issued by the undersigned, as well as every written Order and ruling entered on the docket by the Special Master (but excluding any Order or ruling by the Special Master not entered on the docket) – shall apply to and control this Case Track 7, both in this Court and on remand to a transferor court, unless a party bound by such Order or ruling shows good cause why it should not apply.

Dkt. #4978 (footnotes listing rulings omitted) (attached as Exhibit 1). In that Order, the Court identified a partial list of the applicable orders and rulings and articulated the applicable good cause standard. *Id*. at 3 n.1, 4 n.2.

This Court has stated in multiple orders that its prior orders in sister case tracks of the MDL would be applicable to all other case tracks. Emphasizing that point, in footnote 1 of the CT7 Order, the Court stated that the prior rulings would apply not only to CT7 but to "all other cases[.]" *Id*. at 3 n.1; *see also id*. at 1 ("As Plaintiff properly points out, this Court has always intended that its prior rulings in MDL cases will apply broadly to all other cases in the MDL, unless a party in a subsequent case identifies a changed circumstance that warrants modification of the ruling."). The Court has similarly stated its prior orders will apply in CT8. *See* dkt. #5416 at 3 (noting the applicability of prior orders and adopting prior rulings with respect to the legal duties of distributors and dispensers under the Controlled Substances Act). The order Cobb County now seeks

---

transferee district court." *See also* JPML Rule 10.2(f). JPML Rule 10.2 provides that, upon suggestion of remand, the Clerk of the Panel shall issue a CRO, but shall not transmit the CRO to the transferee court for 7 days, or in the event an opposition to the CRO is filed, shall instead notify the parties of a briefing schedule in which case the CRO would not be transmitted until after briefing on the opposition.

enumerates both the rulings previously listed in the CT7 order and adds several opinions, most which have been decided since.[2] For the Court's convenience, Cobb County has submitted a proposed order that mirrors the order entered in CT7.

The reasons supporting the entry of the Court's March 30, 2023 Order in CT7 apply with equal force in CT8. As the Sixth Circuit has stated, "cases within an MDL 'retain their separate identities.'" *In re: Nat'l Prescription Opiate Litigation,* 956 F.3d 838, 845 (6th Cir. 2020) (quoting *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 413 (2015)). Consequently, a similar order should be entered in this case. Given the Court's stated intention, Cobb County's request here is a ministerial one to effectuate the Court's prior orders. For that reason, Cobb County also requests that, to the extent any party objects to entry of such an order, that they be required to do so by Wednesday, November 27, 2024.

Dated:  November 22, 2024              Respectfully submitted,

*Plaintiffs' Co-Lead Counsel*

 /s/ Jayne Conroy
Jayne Conroy
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
jconroy@simmonsfirm.com

---

[2] The Orders not previously listed in the CT7 order which Plaintiff added to the proposed order are as follows: MDL Dkt. 5009 (Opinion and Order denying Kroger's Motion to Strike Dr. Jack Fincham); and 5024 (Opinion and Order denying in part and granting part Kroger's Daubert Motion re: Anna Lemkbe, David Courtright, and James Rafalski); 4611 (Order entering abatement plan in CT3); 5000 (Order granting motion for summary judgment on defendants' duties under the Controlled Substances Act); and in Case No. 1:18-op-46326, (CT7) dkt. No. 61 (Order denying Meijer's Motion to Strike). As in the previous order, the list of rulings contained in the Proposed Order is not meant to be exhaustive.

3137425.2

          Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
FARRELL & FULLER LLC
1311 Ponce de Leone Ave., Suite 202
San Juan, PR  00907
(304) 654-8281
paul@farrellfuller.com


*Plaintiffs' Liaison Counsel*

 /s/ *Peter Weinberger*
Peter Weinberger
SPANGENBERG SHIBLEY & LIBER, LLP
1001 Lakeside Avenue, E, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com



**Counsel for Cobb County, GA (CT8):**

| | |
|---|---|
| Jayne Conroy | Sarah S. Burns |
| SIMMONS HANLY CONROY LLP | Jo Anna Pollock |
| 112 Madison Avenue, 7th Floor | SIMMONS HANLY CONROY LLP |
| New York, NY 10016 | One Court Street |
| (212) 784-6400 | Alton, IL 62002 |
| jconroy@simmonsfirm.com | (618) 259-2222 |
| | sburns@simmonsfirm.com |
| | jpollock@simmonsfirm.com |
| | |
| Erin K. Dickinson | COBB COUNTY ATTORNEY'S OFFICE |
| Charles J. Crueger | H. William Rowling, Jr. |

4

3137425.2

| | |
|---|---|
| CRUEGER DICKINSON LLC | County Attorney |
| 4532 N. Oakland Avenue | Lauren Bruce |
| Whitefish Bay, WI 53211 | Assistant County Attorney |
| (414) 210-3868 | 100 Cherokee Street, Suite 300 |
| ekd@cruegerdickinson.com | Marietta, GA 30090 |
| cjc@cruegerdickinson.com | (770) 528-4000 |
| | H.William.Rowling@cobbcounty.org |
| | Lauren.Bruce@cobbcounty.org |

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court's CM/ECF system.

　　　　　　　　　　　　　　　　　　　　/s/ *Peter Weinberger*
　　　　　　　　　　　　　　　　　　　　Peter Weinberger

3137425.2