UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | ) ) ) | **MDL 2804** |
| **THIS DOCUMENT RELATES TO:** | ) ) ) ) | **Case No. 1:17-md-2804** **Judge Dan Aaron Polster** |
| *Cobb County v. Purdue Pharma, L.P., et al.* Case No. 18-op-45817 (Track 8) | ) ) ) ) ) | **ORDER REGARDING PREVIOUSLY DECIDED ISSUES** |

Plaintiff Cobb County's Motion to Clarify the Record on Remand (docket no. 5780) is **GRANTED**. To the extent any party wishes to object to this Order, their objections are preserved, and they may make them before the transferor court.

As this Court has done in prior case tracks, the Court **ORDERS** that all of the Court's Orders and rulings entered in other case tracks of this MDL—including every Order and ruling issued by the undersigned, as well as every written Order and ruling entered on the docket by the Special Master (but excluding any Order or ruling by the Special Master not entered on the docket)[1]—shall

---

[1] In particular, the Court's prior rulings that will apply in *Case Track 8* and all other cases, absent good cause shown by changed circumstances, include but are not limited to the following *evidentiary* rulings: docket nos. 3058 (CT1 Nunc Pro Tunc Evidentiary Order); 3546 (CT1B Evidentiary Order); 3967 (CT3 Evidentiary Order); and 3988 (CT3 Second Evidentiary Order).

These prior applicable rulings also include, but are not limited to, the following ***Daubert*** rulings: 2492 (Opinion and Order denying CT1 defendants' Daubert Motion re Lacey Keller); 2495 (Opinion and Order denying CT1 defendants' Daubert Motion re Meredith Rosenthal); 2518 (Opinion and Order denying CT1 defendants' Daubert Motion re gateway hypothesis experts); 2519 (Opinion and Order denying CT1 defendants' Daubert Motion re abatement experts); 2542 (Opinion and Order denying CT1 defendants Daubert Motion re David Cutler); 2549 (Opinion and Order granting-in-part defendants Daubert Motion re marketing causation opinions); 3909 (Opinion and Order denying CT3 defendants' Daubert Motion re Daniel Malone); 3929 (Opinion and Order denying CT3 defendants' Daubert Motion re James Rafalski); 3946 (Opinion and Order denying CT3 defendants' Daubert Motion re Katherine Keyes); 3947 (Opinion and Order granting-in-part and denying-in-part CT3 defendants' Daubert Motion re Carmen Catizone); 3948 (Opinion and Order denying CT3 defendants' Daubert Motion re Caleb Alexander); 3949 (Opinion and Order denying CT3 defendants' Daubert Motion re Craig McCann); 3953 (Opinion and Order granting- in-part and denying-in-part CT3 defendants' Daubert Motion re Anna Lembke); 5009 (Opinion

apply to and control this *Case Track 8*, both in this Court and on remand to a transferor court, unless a party bound by such Order or ruling shows good cause why it should not apply.[2]

---

and Order denying Kroger's Motion to Strike Jack Fincham); and 5024 (Opinion and Order denying in part and granting part Kroger's Daubert Motion re: Anna Lemkbe, David Courtright, and James Rafalski).

      Finally, the prior applicable rulings also include, but are not limited to, the following ***substantive*** rulings on motions to dismiss, for summary judgment, and pursuant to Rules 50 and 59, among others: 1025 (Report and Recommendation re CT1 defendants' Motions to Dismiss); 1203 (Opinion and Order adopting-in-part and rejecting-in-part the Report and Recommendation); 1499 (Report and Recommendation re defendants' Motions to Dismiss Muskogee); 1500 (Report and Recommendation re defendants' Motions to Dismiss Blackfeet); 1680 (Opinion and Order adopting the Report and Recommendations of Muskogee and Blackfeet); 2483 (Opinion and Order granting CT1 plaintiffs' Motion for partial Summary Judgment on defendants' duties under the Controlled Substances Act); 2559 (Opinion and Order denying CT1 small distributors' Motion for Summary Judgment); 2565 (Opinion and Order denying CT1 defendants' Motions for Summary Judgment based on preemption); 2561 (Opinion and Order denying CT1 defendants' Motions for Summary Judgment based on causation); 2568 (Opinion and Order denying CT1 defendants' Motions for Summary Judgment based on statutes of limitations); 2572 (Opinion and Order denying CT1 plaintiffs' Motion for Summary Judgment on nuisance and abatement); 2578 (Opinion and Order denying CT1 defendants' Motions for Summary Judgment on public nuisance); 3098 (Opinion and Order denying Discount Drug Mart Inc.'s CT1 Motion for Summary Judgment); 3099 (Opinion and Order denying CVS's CT1 Motion for Summary Judgment); 3100 (Opinion and Order denying Rite Aid's CT1 Motion for Summary Judgment); 3101 (Opinion and Order denying HBC Service Company's CT1 Motion for Summary Judgment); 3102 (Opinion and Order denying Walmart's CT1 Motion for Summary Judgment); 3177 (Opinion and Order denying defendants' Motion to Dismiss Cleveland Bakers); 3253 (Opinion and Order denying defendants' Motion to Dismiss West Boca); 3274 (Opinion and Order denying defendants' Motion to Dismiss Broward); 3285 (Opinion and Order denying defendants' Motion to Dismiss Monroe); 3403 (Opinion and Order denying CT3 defendants' Motion to Dismiss); 3499 (Opinion and Order denying CT3 defendants' Motion for Reconsideration and clarifying the Court's Opinion and Order denying CT3 defendants' Motion to Dismiss); 3913 (Opinion and Order denying Giant Eagles' CT3 Motion for Summary Judgment); 4295 (Opinion and Order denying CT3 defendants' Rule 50(b) Motions); 4296 (Opinion and Order denying CT3 defendants' Motion for New Trial); 4611 (Order entering abatement plan in CT3); 5000 (Order granting motion for summary judgment on defendants' duties under the Controlled Substances Act); and in Case No. 1:18-op-46326, (CT7) dkt. No. 61 (Order denying Meijer's Motion to Strike).

[2]     "Good cause" generally requires changed circumstances. At the risk of sanction, a party should ***NOT*** file a motion—with this Court, or the transferor court on remand—simply asserting this Court's earlier ruling, conclusion, or Order was incorrect. There is no reason for such a motion, as all prior arguments and objections are preserved. Similarly, no party should file a motion offering a frivolous basis for re-examination of a decided issue. Whether any party likes it or not, the Court's prior rulings and Orders apply to *Case Track 8* and all future trials, absent changed circumstances or appellate reversal.

Additionally, the parties' briefing, arguments, and objections submitted in *Case Tracks 1*, *1B*, *3*, and *7* are preserved and applicable to the *Case Track 8* parties, should they choose to adopt them.

**IT IS SO ORDERED.**

<u> /s/ Dan Aaron Polster  November 22, 2024 </u>
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**