**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**CLEVELAND DIVISION**

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION <br><br> THIS DOCUMENT RELATES TO: <br> Masiowski, Michael <br> On behalf of himself and all others <br> similarly situated, <br> Plaintiff <br> v. <br><br> Amerisourcebergen Drug Corporation et al, <br><br> Defendants. | Member Case #: 1:18-op-45985-DAP <br><br><br> Judge Dan Aaron Polster <br> (MDL 2804) <br> Lead case: 1:17-md-02804-DAP |

**PLAINTIFF MASIOWSKI'S REPLY IN SUPPORT OF HIS MOTION FOR LEAVE TO AMEND**

Before the Court is Plaintiff Masiowski's Motion for Leave to Amend[1] to add various Defendants central to Plaintiff Masiowski's claims and sustained damages. The Pharmacy Defendants[2], on November 18, 2024, filed an opposition to Plaintiff Masiowski's Motion stating that Plaintiff does not "show the good cause that this Court's orders and Rule 16(b) require".[3]

However, Plaintiff Masiowski has demonstrated good cause in moving to amend to add the Pharmacy Defendants as the nature and circumstances surrounding the litigation against the Pharmacy Defendants in the MDL has substantively changed since the March 16, 2019, deadline to amend based upon the ARCOS. Moreover, the Pharmacy Defendants cannot, and do not,

---

[1] Pl. Masiowski's Mot. for Leave to Amend, [Doc. 33], No. 18-op-45985-DAP.
[2] The Pharmacy Defendants include CVS Health Corporation; The Kroger Co.; Walgreen Boots Alliance, Inc.; and Walmart Inc.
[3] Pharmacy Defendants' Opposition to Plaintiff Michael Masiowski's Motion to Amend. 1:17-md-02804-DAP, [Doc. 5771]. At Page 1.

argue that they have been, or will be, prejudiced by Plaintiff Masiowski's Motion. For these reasons this Court should grant Plaintiff Masiowski's Motion.

## Argument

'"Good cause" generally requires changed circumstances.' *See* Order Regarding Previously Decided Issues, [Doc. 5783] at Footnote 2. The Pharmacy Defendants state that had Plaintiff Masiowski intended to amend his complaint to include the Pharmacy Defendants based upon ARCOS data he should have done it before the Court's March 16, 2019 deadline. However, Defendants arguments fail to account for the development of the litigation against the Pharmacy Defendants since the Court's deadline. These developments constitute the "changed circumstances" necessary to demonstrate good cause for Plaintiff's motion to amend. Plaintiff Masiowksi has monitored the ongoing litigation against the Pharmacy Defendants, which has informed his decision to amend to add said Defendants, supported by the recently updated ARCOS data.

At the time of the Court's March 16, 2019 deadline Plaintiff Masiowski had not known the extent of the Pharmacy Defendants' negligent and willful failure to monitor and report suspicious orders, efforts to increase the supply of opioids for ill-gotten gains at the expense of the health of the general public, failure to warn the public as to the addictiveness of opioids, and general failure to abate the nuisance they have perpetuated. The grossly negligent conduct of the Pharmacy Defendants in perpetuating the opioid crisis became evident as the litigation and trials against them advanced. Specifically, the trials and verdicts of Lake County (*County of Lake v. Purdue Pharma LP et al.*, case number 1:18-op-45032) and Trumbull County (*County of Trumbull v. Purdue Pharma LP et al.*, case number 1:18-op-45079) of Ohio against the Pharmacy Defendants, as well as the State of Florida's trial against Walgreens (*State of Florida,*

2

*Office of the Attorney General, Department of Legal Affairs v. Purdue Pharma, L.P.*, et al., case number 2018-CA-001438, (Fla. Cir. Ct. Pasco County) (the "Florida AG Action")), revealed the grossly negligent conduct  of the Pharmacy Defendants in contributing to and perpetuating the opioid crisis.[4] These developments occurred long after the Court's March 16, 2019 deadline.

The overt and malicious acts of the Pharmacy Defendants caused Plaintiff Masiowski, and the putative national class of independent emergency room physicians, to sustain significant damages. Moreover, there is no better representative of the medical industry to pursue claims against Defendants as independent emergency room physicians comprise the majority of emergency room physicians nationally; and individuals with opioid use disorder disproportionally seek emergency medical treatment.

Plaintiff Masiowski used the recently updated ARCOS data to accurately assess which pharmacy defendants specifically contributed to the opioid crisis in the counties in which Plaintiff Masiowski has worked as an independent emergency room physician. As such, Plaintiff Masiowski has demonstrated good cause for the court to grant his motion for leave to amend pursuant to F.R.C.P. 16(b) and this Court's Orders.  His claims against the Pharmacy Defendants should be heard on the merits.

Further, under Federal Rule of Civil Procedure 15, leave to amend "shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citing Fed. R. Civ. P. 15(a)). Accordingly, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be

---

[4] Plaintiff Masiowski and independent emergency room physicians were not members of the PEC(Plaintiffs Executive Committee). In August of 2018, Counsel for Plaintiff Masiowski requested appointment to the PEC which was not accepted.

a proper subject of relief, [it] ought to be afforded an opportunity to test his claim on the merits."

*Id*. The grant or denial of leave to amend is within this Court's discretion, and:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

Id. The Rules are to be construed "to secure the just, speedy, and inexpensive determination of every action," Fed. R. Civ. P. 1, and Federal Rule of Civil Procedure 42 allows the Court to order a separate trial of one or more claims, or to issue "other orders to avoid unnecessary cost and delay." Fed. R. Civ. P. 42(a) & (b). Additionally, this Court has inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Dietz v. Bouldin,* 136 S. Ct. 1885, 1891–92 (2016).

Defendants have not argued, and are incapable of demonstrating, dilatory motive, bad faith, undue delay, or repeated failure to cure deficiencies by amendments previously allowed. Granting leave to amend would result in no prejudice to Defendants, and is appropriate to address the evolving circumstances in these complex cases. *See Empire Title Services, Inc. v. Fifth Third Mortg. Co.,* 298 F.R.D. 528, 531 (N.D. Ohio 2014) ("[I]n order to deny leave to amend for undue delay, Defendants must show prejudice. . . . Since Defendants do not demonstrate prejudice, the delay in filing the amendment is not a proper ground for denial of leave to amend."); *Morataya v. Metro RTA*, 5:17-CV-1133, 2017 WL 5495123, at *2 (N.D. Ohio Nov. 16, 2017) ("In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution

4

of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.")
(internal quotation marks omitted).

Last, the breadth and complexity of the ongoing litigation in the MDL, as well as
Plaintiff's case having been stayed for nearly 5 years, makes litigating Plaintiff's claims
challenging. At the time of Plaintiff's case docketed in the MDL there had been over 800 docket
entries. At the time of the Court's Order amending CMO1 [Doc. 1106] there were over 1100
docket entries, and nearly 5800 docket entries exist at the time of filing this Reply. Several
thousand cases are pending in the MDL. The breadth and scope of the MDL litigation also
factors in favor of granting Plaintiff's motion.

## Conclusion

For the above reasons, this Court should grant Plaintiff's Motion for Leave to Amend.

Dated: November 25th, 2024.

Respectfully submitted,

/s/ Paul S. Rothstein
Attorney Paul S. Rothstein
Florida Bar Number: 310123
Attorney Paul S. Rothstein, P.A.
626 N.E. 1st Street
Gainesville, FL 32601
(352) 376-7650
(352) 374-7133
E-Mail:  psr@rothsteinforjustice.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on November 25th, 2024, I electronically filed the foregoing PLAINTIFF MASIOWSKI'S REPLY IN SUPPORT OF HIS MOTION FOR LEAVE TO AMEND with the Clerk of Court by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

/s/ Paul S. Rothstein
Paul S. Rothstein
