UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*ALL THIRD PARTY PAYOR ACTIONS* | MDL 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster |

**SETTLING DISTRIBUTORS' RESPONSE TO UNITED OBJECTION TO THIRD PARTY PAYOR PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**

Cardinal Health, Inc., Cencora, Inc., and McKesson Corp. (collectively, the "Settling Distributors") file this response to the objection (ECF No. 5746, "United Objection") filed by United HealthCare Services, Inc. ("United") to Distributors' Class Action Settlement ("Settlement") with Third Party Payors ("TPPs"). In its objection, United makes several incorrect or misleading assertions requiring correction.[1]

To begin, United complains that it was excluded from settlement negotiations and "had no opportunity until now to provide input or voice concerns." United Objection at 1-2. This assertion misses the point. Settling Distributors *never had*

---

[1] Settling Distributors understand that Interim Settlement Class Counsel are responding separately to United's objection. Settling Distributors respond here to United's assertions that it should have been included in the Settlement and that its exclusion is arbitrary and prejudicial.

1

*any intention* of settling with United, because United is situated differently than the TPPs included in the Settlement Class.  Specifically, United's parent, UnitedHealth Group ("UHG"), owns Optum Rx (one of the nation's largest pharmacy benefit managers) and United is itself one of the nation's largest health insurers.  United and its affiliated entities thus may be subject to cross-claims and affirmative defenses by Settling Distributors that differ from those applicable to members of the Settlement Class by virtue, inter alia, of their role in designing benefits and formularies, and in managing prescriptions for more than 100 million Americans.  These legal issues are not merely hypothetical; UHG and its Optum entities are defendants in the MDL, they have been named as defendants in dozens of separate complaints,[2] and they are currently facing an omnibus motion by roughly 1,700 plaintiffs to add them to additional MDL suits, many of which include Settling Distributors as defendants.  *See* Omnibus Motion for Leave to Amend to Add Optum Defendants and Memorandum of Law in Support & Exhibit A, ECF Nos. 5547, 5547-1.  United's inability to "provide input" into the Settlement is by design, as United's own role with respect to opioids led to its exclusion.

United is also wrong that this exclusion was an "eleventh-hour" change.  *See* United Objection at 8.  Settling Distributors have been clear throughout the settlement process that the proposed Settlement would exclude United, its affiliates, and the four other health insurance companies that the Settlement identifies as "Excluded Insurers."  *See* Settlement Agreement §§ I.U, I.AAA.  Throughout the mediation process

---

[2] *See, e.g.*, Complaint at 49-51, *Montgomery County v. Purdue Pharma, L.P.*, 1:19-op-45234-DAP, ECF No. 70 (alleging that UHG, its Optum entities, and other pharmacy benefit managers "managed the reimbursement for the vast majority of opioids at issue," and without their actions these "opioids likely would not have entered the marketplace").

2

between Settling Distributors and now-Interim Settlement Class Counsel that began in February 2024, Settling Distributors made clear that they would only engage in settlement discussions with those TPPs that are now members of the Settlement Class, and Settling Distributors negotiated with Interim Settlement Class Counsel on that basis alone.  Because Settling Distributors decided that they would not pay settlement money to the Excluded Insurers, they carved out businesses such as the Excluded Insurers' fully insured commercial plans from the Settlement.  *See id*.  (It should be noted that none of the other four Excluded Insurers have joined United in its objection, although United's objection sometimes elides this point.)

Nor does the Settlement structure "inequitably target" United.  *See* United Objection at 1.  Courts have held time and again that a defendant may settle, or *not* settle, with whomever it wishes, so long as the non-settling party's claims are left intact.  *See, e.g.*, *In re Fine Paper Litig.*, 632 F.2d 1081, 1087 (3d Cir. 1980) (noting the "general rule that a nonsettling party may not object to the terms of a settlement which do not affect its own rights"); *In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 201 (2d Cir. 2000) (citing *Fine Paper* for the proposition that "a certification order may exclude putative class members as long as they remain free to bring their own lawsuit"); *Weight Watchers of Phila., Inc. v. Weight Watchers Int'l, Inc.*, 455 F.2d 770, 775 (2d Cir. 1972) (noting that a plaintiff cannot object to a defendant's settlement with other class members, even if a defendant settles with "so many [class members] that the court will be forced to deny class action status," so long as the "plaintiff's complaint will remain untouched"). Settling Distributors decided to exclude United from the Settlement Class pursuant to their rights to settle with plaintiffs of their own choosing—and had a rational basis for

3

doing so, as set forth above. Because United is not a Class Member and its rights have been left intact,[3] United has no basis to argue that it should have been permitted to "participate" in shaping the Settlement. *See* United Objection at 7.

United next argues that the Settlement was arbitrary and unfair because it was "only allowed to participate in the Settlement as to [its] Medicare and Medicaid plans," but not as to its fully insured commercial plans. United Objection at 11-12, 14. This distinction is entirely rational. As noted above, United was intentionally excluded because of significant legal issues related to the role United and its affiliates played in the opioid supply chain, both as a benefit designer and a pharmacy benefit manager, with perhaps better insight into opioid prescribing than any other member of the supply chain. But the Medicare and Medicaid plans raise distinct considerations with respect to possible cross-claims and defenses. For example, governmental plans are typically subject to extensive regulation, *see, e.g.*, 42 CFR § 423.150 *et seq.* (Medicare Part D), which may affect Settling Distributors' legal claims and defenses.

United further suggests that it should have been included in the Settlement Class because it was a member of the putative classes pled in various TPP complaints starting in 2017. United Objection at 7-8. But again, United does not have a *right* to settle with defendants, regardless of how the TPP classes were originally pled. *See, e.g.*,

---

[3] United appears to argue that *all* of its claims will be released in the Settlement, not just its claims with respect to the Medicare and Medicaid plans it administers. *See* United Objection at 13-14. That interpretation is contrary to the intent of Settling Distributors and conflicts with the plain language of the Settlement. "Releasor" is defined to include Class Members, but it excludes any entity excluded from the Class, including United and the other Excluded Insurers. Settlement Agreement §§ I.TT, III.A.1.b.1 and Exhibit G thereto. Hence, the Settlement releases United's claims as to "managed Medicaid plans" and "plans operating under Medicare Part C and/or D" because these plans are Class Members, *see id.* § III.A.1.a, but United releases no other claims. United cannot cherry-pick discrete provisions in support of its objection, as "the intention of the parties, to be gathered from the whole instrument, must prevail." *Tackett v. M & G Polymers USA, LLC*, 811 F.3d 204, 208 (6th Cir. 2016) (citing *M & G Polymers USA, LLC v. Tackett*, 574 U.S. 427, 443 (2015) (Ginsburg, J., concurring)).

*Authors Guild v. Google, Inc.*, 2009 WL 3617732, at *4 (S.D.N.Y. Nov. 4, 2009) ("'The broad language of a complaint does not vest in putative class members a right to be part of the class ultimately certified by the District Court.'") (quoting *In re Holocaust Victim Assets Litig.*, 225 F.3d at 202).  A ruling to the contrary would essentially "lock in" the class as originally pled on day one, precluding all potential for modification based on practical, factual, or legal considerations.  That is not the law.

Finally, United has not suffered legal prejudice.  United argues, for example, that it "will now have to file a series of new cases from scratch, even though those cases would involve the same legal and factual questions purportedly resolved in the Settlement and that have already been litigated for more than seven years."  United Objection at 7.  But "courts have repeatedly held that a settlement which does not prevent the later assertion of a non-settling party's claims, *although it may force a second lawsuit against the dismissed parties*, does not cause plain legal prejudice to the non-settling party."  *Ball ex rel. Burba v. Dewine*, 2021 WL 4047032, at *3 (6th Cir. June 30, 2021) (emphasis added) (quoting *Agretti v. ANR Freight Sys., Inc.*, 982 F.2d 242, 247 (7th Cir. 1992)); *see also, e.g.*, *In re Packaged Ice Antitrust Litig.*, 2010 WL 3070161, at *5 (E.D. Mich. Aug. 2, 2010) ("[W]ith respect to the preliminary approval of a settlement class in a proposed partial settlement, there is no prejudice to the non-settling defendants' right to challenge certification of a litigation class at a later stage of the case.").  Courts have also rejected the premise that a settlement creates prejudice merely because it "may spawn additional litigation to vindicate [] claims."  *See Bhatia v. Piedrahita*, 756 F.3d 211, 219 (2d Cir. 2014).  Because United is excluded from the Settlement Class, it remains free to assert claims (other than for Medicare and Medicaid plans) and is not prejudiced by the

5

Settlement.

For the aforementioned reasons, the Court should overrule United's objection to Settling Distributors' Class Action Settlement with Third Party Payors.

Dated:  December 9, 2024

Respectfully submitted,

By: */s/ Michael T. Reynolds*
Michael T. Reynolds
CRAVATH, SWAINE & MOORE LLP
Two Manhattan West
375 Ninth Avenue
New York, NY  10001
Telephone: (212) 474-1552
Facsimile:  (212) 474-3700
MReynolds@cravath.com

*Counsel for Cencora, Inc. (f/k/a AmerisourceBergen Corporation)*

By: */s/ Elaine P. Golin*
Elaine P. Golin
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY  10019
Telephone: (212) 403-1118
EPGolin@wlrk.com

*Counsel for Cardinal Health, Inc.*

By: */s/ Geoffrey E. Hobart*
Geoffrey E. Hobart
Timothy C. Hester
Christian J. Pistilli
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC  20001
Telephone: (202) 662-5281
ghobart@cov.com
thester@cov.com
cpistilli@cov.com

*Counsel for McKesson Corporation*

7

## CERTIFICATE OF SERVICE

I hereby certify that, on December 9, 2024, a copy of the foregoing was filed with the Court's electronic case filing system and served upon all those participating therein.

Respectfully submitted,

By: */s/ Michael T. Reynolds*
Michael T. Reynolds

*Counsel for Cencora, Inc. (f/k/a AmerisourceBergen Corporation)*