# Exhibit F



**HOUSTON**
The Lanier Law Firm, PC
10940 W. Sam Houston Pkwy N.
Suite 100
Houston, TX 77064
713.659.5200
Fax 713.659.2204

**NEW YORK**
The Lanier Law Firm, PLLC
Tower 56
126 East 56th Street
6th Floor
New York, NY 10022
212.421.2800
Fax 212.421.2878

**LOS ANGELES**
The Lanier Law Firm, PC
21550 Oxnard Street
3rd Floor
Woodland Hills, CA 91367
310.277.5100
310.277.5103

January 28, 2021

*Via Electronic Mail*

Re:  **MDL 2804 – Personnel File Topics**

Dear Special Master Cohen:

The parties spent several weeks negotiating the scope of discovery related to the chain pharmacy's production of compensation information and personnel files in advance of the Track 3 depositions. While some progress has been made, we are now at an impasse. Plaintiffs raised this issue with Defendants on November 4th and Defendants responded on November 11th. Copies of these letters are attached as Exhibit 1. Our discussions were suspended in early December when Defendants' argued that it was premature to raise these issues without informing Defendants of the specific witnesses we intend to depose. Many deponents have now been identified and the issue is sufficiently ripe for decision.

The personnel protocol negotiated in November of 2018 is too narrow to encompass the relevant Track 3 issues. *See* Docket #1163. The scope of discovery has shifted from the Track One topics of sales, marketing, and promotion of opioids and Suspicious Order Monitoring systems to include dispensing-related topics.[1] This shift necessitates a broader view of the personnel topics.

### A.  Compensation and Bonuses

The original protocol included compensation and "opioid related" bonus information. Compensation should now be more broadly construed to include all forms of compensation whether it is an employees' or directors' base salary, bonus, and/or stock compensation and it should include compensation from any of the Defendant corporate entities.

Defendants have agreed to produce compensation information including bonuses and all other forms of compensation. Defendants have also agreed to produce this information whether or not it is in the personnel file.

---

[1] *Id.* at deponent personnel files protocol section 1, p. 1.

Special Master Cohen
January 27, 2021
Page 2

Plaintiffs, however, also requested production of documents which break down and explain the basis of the bonus information. The Chain Pharmacies awarded bonuses to pharmacists based on a series of metrics including, among others, the number of prescriptions filled. In 2006, for CVS, 50% of a pharmacist's bonus was tied to script volume, including controlled substances.[2] The Chain Pharmacies created an incentive to fill every prescription quickly, even opioids. In 2013, after a settlement was reached between Walgreens and the DOJ, Walgreens and CVS removed controlled substances from the script volume metric; nevertheless, a number of metric factors, outside of speed, impact opioid filling decisions including store profitability and customer satisfaction, among others. *See, e.g.*, Trumbull Compl. ¶ 418 (describing pressure placed on Walgreens pharmacists from performance targets). Defendants have agreed to produce a breakdown if it exists in the personnel file, but have otherwise refused to search for such records. Plaintiffs request an order requiring a reasonable search and production of such records.

**B.     Metrics**

The Chain Pharmacies used a variety of metrics to evaluate employee performance. A quick glance at an employee review of a pharmacist and District Leader, produced in CT1B, reveals numerous metric calculations.[3] Each Defendant should be required to produce information describing and explaining the metrics and how they are calculated. The metrics should include all aspects of the pharmacy employee's review and should not be limited to compensation. Plaintiffs should not be forced to waste precious deposition time asking for explanations of each acronym and metric contained in employee reviews. This information should be produced regardless of whether it is contained in a formal personnel file. Defendants have agreed to produce these documents if they are contained in the personnel file, but will not agree to search for these records in any other locations such as human resources, employee manuals and/or accounting, among other potential locations. The Track Three Plaintiffs' claims include allegations that performance metrics imposed pressure on pharmacists and established an environment in which they lacked the time, resources, or support to discharge their duties. *See, e.g.*, Trumbull Compl. ¶¶ 320-322 (explaining that Rite Aid's 15-minute-or-less promise and other tracking of fill speeds ensured pharmacists were unable to discharge their corresponding responsibility); *id.* ¶ 419 (discussing CVS's profit-related performance metrics). This information is relevant and should be produced.

---

[2]    2006 Pharmacist Incentive Plan: CVS-MDLT1-000060949 attached as Exhibit 2.
[3]    *See, e.g.*, Exhibit 3, CVS Year End review for 2013, CVS-MDLT1B-000018775-18781.

Special Master Cohen
January 27, 2021
Page 3

    **C.**    **Complete Personnel Files**

Plaintiffs request production of **complete** personnel files for all testifying witnesses 72 hours before each deposition. There is no obligation to create a personnel file; however, we seek production of the whole file including, but not limited to, the information listed below from within the personnel file:

- CV (current and, if available, the CV submitted with the employee's application);
- A list of each position held by the witness in the Company including the following for each position:

    - Title;
    - Dates of Employment;
    - The Company issued job description – which should include primary duties and responsibilities, position qualifications such as education, licenses, prior work experience and salary range (including bonuses, if any)[4];
    - Employee manual covering the employee's group or practice area;
    - Professional Memberships.

- **Performance Reviews**

    - All formal reviews;
    - Any commendations or awards;
    - Training Certificates including continuing education and DEA seminars;
    - Any disciplinary records related to dispensing and/or alleged violations of the Controlled Substances Act;
    - Any employee contracts and/or separation agreements.

Defendants have offered to produce portions of the personnel file and seek to preserve the right to redact information which they deem irrelevant. Plaintiffs should be entitled to the complete file. Defendants agreed to produce from the personnel file all formal reviews, commendations and awards and disciplinary records if related to dispensing

---

[4] Examples of CVS "Position Descriptions" for SOM Analyst I, SOM Analyst II and a Manager of Suspicious Order Monitoring is attached hereto as Exhibit 4, CVSMDLT1-000022056- 0000220561.

Special Master Cohen
January 27, 2021
Page 4

of opioids and cocktail drugs.[5] There is no reason to limit production to these discreet topics. The information which is not in the personnel file may be as valuable as the information contained in the personnel file. Production of limited topics from within the file prevents Plaintiffs from understanding the full or potentially limited scope of the file. *See e.g., In re State St. Bank & Tr. Co. Fixed Income Funds Inv. Litig.*, No. 08 Civ. 0333(RJH)(DFE), 2009 WL 1026013, at *1 (S.D.N.Y. Apr. 8, 2009) (directing parties not to "redact any portion of a document on the ground that the portion is non-responsive and irrelevant" because such redactions "breed suspicions" and "may deprive the reader of context").

Defendants also seek the right to redact information from the reviews and personnel file. They have offered to produce the redacted documents five days before the deposition in order that such documents may be raised with the Court in advance of the deposition. This procedure concerns Plaintiffs based on the redactions undertaken by certain Chain Pharmacy Defendants in Track 1. For some witnesses, Walgreens redacted all information contained in annual reviews that did not specifically relate to opioids. *See*, Exhibit 5, WAGMDL00771052.

While Plaintiffs recognize that there may be an unusual circumstance where the personnel file contains sensitive information such as a non-opioid related medical condition. In these types of unique circumstances, Plaintiffs remain willing to work through these issues with Defense counsel, but this should be a rare occasion and the presumption should be complete production of the personnel file.

The Case Management Order in Track Three provides for a discreet number of witnesses and places time restrictions on certain depositions. Each of the items discussed above should be readily available and should be produced. Production of these materials is not burdensome and will significantly streamline depositions.

Respectfully submitted,

W. Mark Lanier

cc: All Track Three Parties

---

[5] Plaintiffs are willing to limit disciplinary records to those related to the dispensing of all controlled substances including opioids and cocktail drugs.