**PLAINTIFF CITY OF ROCHESTER'S OPPOSITION TO PBM DEFENDANTS'
OBJECTION TO THE SPECIAL MASTER'S ORDER REGARDING
THE PRODUCTION OF PERSONNEL FILES**

# Exhibit 5

3149916.1

```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
                      CAMDEN VICINAGE
```

_____
                                        :
IN RE: BENICAR (OLMESARTAN)             :   Master Docket
                                        :   No. 15-2606 (RBK/JS)
PRODUCTS LIABILITY LITIGATION           :
                                        :
                                        :
                                        :
                                        :
_____  :

**ORDER RE: PERFORMANCE EVALUATIONS**

This Order addresses plaintiffs' March 21, 2016 application requesting copies of the performance evaluations of Daiichi's deponents.[1] Defendants oppose the request. Oral argument is not needed. Fed. R. Civ. 78; L. Civ. R. 78.1. For the reasons to be discussed, good cause exists to grant plaintiffs' request.[2]

The parties are obviously familiar with the background of this matter so only a brief summary will be provided. Plaintiffs recently started deposing Daiichi's current and former employees in this 1200 plus case Multidistrict Litigation ("MDL"). Plaintiffs allege, <u>inter alia</u>, they suffered designated bodily

---

[1] Daiichi's deponents are its present and former employees. The Daiichi defendants named in the Master Long Form Complaint [Doc. No. 49] are Daiichi Sankyo, Inc., Daiichi Sankyo Co., Ltd. and Daiichi Sankyo US Holdings, Inc. (collectively referred to as "Daiichi").

[2] To be clear, this Order only addresses "formal" performance evaluations of the type attached to plaintiffs' submission. The Court assumes, but is not certain, that these evaluations are likely contained in the deponents' personnel files.

injuries from taking defendants' olmesartan prescription drugs. Defendants deny liability. Plaintiffs want copies of the performance evaluations of each Daiichi deponent which are likely located in the deponents' personnel files. Defendants object.

The Court starts with the notion that it is not bound by its earlier decision in the case denying without prejudice plaintiffs' request for production of the entirety of each deponent's personnel file. The Court's January 29, 2016 Order [Doc. No. 272] states at ¶1:

> At defendants' request this Order clarifies that the personnel files of Daiichi deponents are not required to be automatically produced before each deposition. This Order is entered without prejudice to plaintiffs' right to request all or a portion of a deponent's personnel file in discovery.

The Court never ruled on a specific request for performance evaluations. Further, new evidence is available that plaintiffs did not previously know about. Plaintiffs' new request relies on representative documents defendants recently produced along with illustrative deposition testimony from two of the first three Daiichi deponents—Anthony Corrado and Diane Benezra-Kurshan.

It is evident from the representative documents attached to plaintiffs' letter brief that defendants' performance evaluations contain relevant information not previously available. To the extent a higher relevancy burden is required for personnel records, such as the "clearly relevant" standard defendants discuss,

2

plaintiffs have met their burden. The deponents' performance evaluations identify with specificity their job responsibilities and the projects and tasks they worked on. In some instances an estimate of the time spent on each task is included. This identification is significant because otherwise plaintiffs may not know, for example, that the deponents worked on "labeling revisions," "promotional materials," "regulatory counseling," "regulatory guidance," etc. In addition, plaintiffs correctly note the performance evaluations provide more detail regarding the deponents' job responsibilities, duties and tasks compared to their resume or LinkedIn profile.[3]

    The Court is not blind to the fact that targeted deposition questions may reveal what is contained in the deponents' performance evaluations. However, production of the evaluations will lead to more efficient and focused questioning. If plaintiffs are armed with detailed background information, plaintiffs can focus their questions on relevant areas rather than wasting time on irrelevant probing questions. One of the Court's goals in managing discovery is to assure the parties' discovery focuses on

---

[3] Paragraph 6 of the January 14, 2016 Order [Doc. No. 223] states:

> At least two (2) weeks before each Daiichi deposition defendants shall produce a copy of the deponent's latest C.V. or resume, with an updated employment history, if appropriate. Defendants shall also produce a copy of the deponent's current LinkedIn profile.

relevant rather than tangential issues. The deponents' performance evaluations enable plaintiffs to get to the "heart of the matter" without wasting time.

The "proportionality" concerns the Court has to evaluate under amended Fed. R. Civ. P. 26(b)(1) do not justify a different result. If there is any burden to produce the requested documents, it is likely to be minimal. The responsive evaluations are likely contained in the deponents' personnel files which already have to be checked. Moreover, defendants' opposition did not document any material burden they would endure to search for, locate and produce the requested evaluations. See Younes v. 7-Eleven, Inc., __ F.R.D. __, 2015 WL 8543639, at *10 (D.N.J. 2015)(striking unsupported burdensomeness objections)(citing cases).

Defendants' opposition misses the mark. Plaintiffs are not, in defendants' words, asking for sweeping discovery or overly broad personnel records. March 22, 2016 Letter Brief ("LB") at 3. Instead, plaintiffs' request is pinpointed to only easily identifiable performance evaluations. Further, defendants overstate their case when they rely upon case law addressing the general discovery of personnel files. Plaintiffs are not requesting, nor is the Court directing, the production of the deponents' entire personnel file. In addition, while the Court acknowledges privacy concerns, in this context they are not compelling and on balance plaintiffs' interests outweigh those of

4

defendants. Defendants are not disputing plaintiffs can question Daiichi deponents about their job duties and evaluations. The relevancy equation does not change because the same information is in writing. In any event, the produced performance evaluations will be marked Confidential and their distribution and use will be limited pursuant to the Discovery Confidentiality Order entered in the case. See June 10, 2015 Order, Doc. No. 46.[4]

The case law defendants rely upon is not compelling. None of the cases address the situation we have here where the requesting party's application is supported by references to specific documents and deposition testimony.  Unlike the cases defendants rely upon, plaintiffs cite to "real life" examples of why the requested evaluations are relevant and important. Even defendants agree courts permit discovery of "records where the need for their production is clear." LB at 3. This is the situation here.

---

[4] To the extent defendants argue this discovery will have a chilling effect on performance evaluations, the Court disagrees. See id. at 8-9. ("[I]t is hard to see how the possibility of discovery years later by a third party will inhibit a person from writing a critical endorsement when the employee whose work is evaluated has an unqualified right to see the evaluation right after it is written."). Further, the Court agrees with defendants that an "individualized" review should be done to decide whether personnel records are relevant. LB at 6-7. Since this Order only requires the production of "formal" performance evaluations, which presumably have the same or a similar format to the forms the Court reviewed, there is no need to separately review the evaluations of each deponent. The Court, therefore, will not review in camera the performance evaluations of each Daiichi deponent.

5

The Special Master's February 18, 2015 decision in the Zoloft MDL (see LB at Exhibit A) is distinguishable. In that case the plaintiffs sought the production of entire personnel or employment files.[5] Also, the Master's in camera review of one ex-employee's records did "not contain any records that are pertinent to the purpose for which plaintiffs seek the records." Exhibit A at 1. Further, the Zoloft plaintiffs wanted personnel records to examine their deponent's disciplinary history, and to find out if he/she was rewarded for withholding information or disciplined for criticizing their employer. Id. at 4-5. This is not why plaintiffs want defendants' performance evaluations.

The January 26, 2016 decision of the Magistrate Judge in the Xarelto MDL is also distinguishable. LB at Exhibit B. In that case the plaintiffs also sought production of their deponents' entire personnel file. Further, the file was requested to bolster plaintiffs' "rush to the market" theory of liability and to demonstrate bias, not to understand in greater depth the deponent's job responsibilities and duties. Notably, the decision ruled that personnel records are discoverable when they are "highly relevant" and when they are requested with particularity [.]" Id. at 9-10. This is precisely the situation here.

Accordingly, for the foregoing reasons,

---

[5] Notably, this is the request the Court denied on January 29, 2016. See Doc. No.272 at ¶1.

6

IT IS HEREBY ORDERED this 24th day of March, 2016, that plaintiffs' request for the performance evaluations of the Daiichi deponents is GRANTED. The evaluations shall be produced at least two (2) weeks before each Daiichi deposition. All personal identifying information in the evaluations such as social security numbers shall be redacted; and it is further

ORDERED that this Order only addresses completed "formal" performance evaluations akin to the samples attached to plaintiffs' March 21, 2016 letter brief. This Order is not applicable to informal evaluations that may be contained in a letter or email; and it is further

ORDERED that defendants' performance evaluations shall be marked Confidential pursuant to the Discovery Confidentiality Order.

s/Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge

7