# MEMORANDUM IN SUPPORT OF MOTION FOR APPROVAL OF OPT OUTS FROM TPP CLASS ACTION SETTLEMENT, OR IN THE ALTERNATIVE, FOR LEAVE TO FILE LATE OBJECTIONS

## I. INTRODUCTION

This Motion is brought only on behalf of the three (3) admittedly late TPP Opt Outs. Immediately, upon learning of the desire of these TPPs to opt out after the deadline, undersigned counsel notified Interim TPP Settlement Class Counsel.

These three late opt outs are part of a larger group of TPP opt outs represented by undersigned counsel. *See* list of TPP Opt Outs attached hereto as **Exhibit "A"** (hereinafter collectively referred to as "**TPP Opt Outs**"). Sixty-two (62) of the sixty-five (65) TPPs listed on Exhibit "A" are *not* part of this Motion because we understand that, despite a typographical error in the email addresses used to communicate the intention to opt out by the November 4, 2024 deadline (extended by agreement to November 11, 2024), both Interim TPP Settlement Class Counsel and counsel for Settling Distributors do not object these 62 opt outs. We also understand, both from their filings with this Court[1] and email and telephone communications, that Interim TPP Settlement Class Counsel intend to file a "Supplemental Notice of Opt Outs" reflecting the fact of these 62 opt outs.

However, on Friday, December 13, 2024, we received word from Interim TPP Settlement Class Counsel that the Settling Distributors will not agree to waive objections to the three Late TPP Opt Outs. Accordingly, this Motion for Leave is required.

As the record will show, undersigned counsel for the TPP Opt Outs inquired of Interim TPP Settlement Class Counsel before the Thanksgiving holiday as to whether they would contest

---

[1] *See* Class Reply Brief at ECF No. 5802, p.2 (reporting on Dec. 2, 2024 that the "parties are continuing to address these opt out requests"); *see also*, ECF No. 5775

*any* of the TPP Opt Outs' requests for exclusion. Undersigned counsel sent a version of the TPP Opt Out list attached hereto as Exhibit "A".  *See* email thread ending on December 2, 2024 at **Exhibit "B"** (attaching Opt Out Forms by OPCIMIA 526 and IBEW 126). In the December 2, email, undersigned counsel wrote, "[w] realize this will require court approval, but we are hoping to garner consent of plaintiff counsel." *Id*. at 1.

Later in the day on December 2, 2024, Interim TPP Settlement Class Counsel responded that "defendants' counsel" did not "receive[] the exclusion notices for the 60 entities listed on your spreadsheet." Dec. 2, 2024 email at **Exhibit "C"** hereto. For that reason, MDL Counsel wrote "we do not believe they should be considered as having opted out." *Id*.

In light of such refusal, undersigned counsel forwarded all 65 Opt Out Requests to the TPP Class Settlement Claims Administrator, via expedited mail electronic mail.  *See* Dec. 4, 2024 letter to TPP Class Settlement Claims Administrator at **Exhibit "D"** hereto. Included with the letter were copies of all 65 Opt Out Forms, including those of OPCIMIA 526 (Tab ), IBEW 126 and Big Spring. *See, e.g*., Big Spring Opt Out Form at **Exhibit "E"** hereto.[2]

However, since December 2, Interim TPP Settlement Class Counsel and Settling Distributors' counsel have agreed to the 62 TPP Opt Outs. But, after weeks of negotiation, as of Friday, December 13, 2024, it was reported that Settling Distributors will not agree to waive objections to the three Late TPP Opt Outs. Accordingly, this Motion seeks leave of Court to have allow these 3 late opt outs.

---

[2] So as to not burden the Court, copies of the 62 Opt Out Forms for which there is no objection are not included with this Motion. They are available upon request and as needed. Undersigned counsel represent that all 65 Opt Out Forms utilized the same format as the 3 at issue in this Motion. *See* Exhibits "B" and "E" hereto.

## II. FACTUAL BACKGROUND

On August 30, 20204, counsel for certain TPPs filed a Motion for Preliminary Approval of Class Action Settlement (ECF No. 5614). The proposed settlement was with three distributor defendants ("Settling Distributors) only.[3] On September 3, 2024, this Court entered an Order Granting Third Party Payor Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Direction of Notice Under Federal Rule of Civil Procedure 23(e) ("Preliminary Approval Order") at ECF No. 5616. Pursuant to the Court's Preliminary Approval Order, the Court established certain deadlines relating to the settlement, including the deadline for settlement class members to exercise their right to opt out. That deadline was set for November 4, 2024. *Id*. at 6.

The day of the opt out deadline, the settling parties mutually agreed to an extension of one week, moving the opt out deadline to November 11, 2024. This Court adopted the parties' stipulation as an Order of the Court. *See* ECF No. 5735 (Nov. 4, 2024 "Joint Stipulation and Order Modifying Schedule") (agreeing to "an extension of the November 4, 2024 event deadline for one week, to November 11, 2024"). No reason was provided for the requested extension. The Settling Distributors then further agreed to extend the deadline to respond to the one objection filed in the case by United Healthcare Services, Inc. ("United"). *See* ECF No. 5797 ("Joint Stipulation and Order Modifying Schedule") (agreeing to extend deadline from December 2 to December 9, 2024). The Stipulation was entered as an Order of the Court on November 27, 2024. *See id*. By this extension, "the December 2, 2024 event deadline" was extended "by one week, to December 9, 2024." Presumably, that extension applies to the deadline for "Reply Memoranda in Support of

---

[3] To underscore the limited scope of the settlement, the Pharmacy Defendants filed a "Statement Regarding TPP Plaintiffs' Motion to Certify Settlement Classes" on November 4, 2024. ECF No. 5736 ("expressly reserve[ing] all rights and arguments").

3

Final Approval and Fee and Expense Application" to be filed, per this Court's Preliminary Approval Order at ECF No. 5616, p.6.

The Court's Preliminary Approval Order directed that notice be disseminated to the members of the putative settlement class within 14 days, or beginning September 17, 2024. *Id*. at 5. On October 1, 2024, Interim Settlement Class Counsel filed a Notice of Filing Declaration of Dissemination of Notice. ECF No. 5662. Attached to the Notice was the Declaration of Eric J. Miller. *Id*. at Exhibit 1. Mr. Miller's Declaration reported that a postcard notice was mailed on September 17, 2024. In addition, "1,041 emails to TPPs and their representatives" were sent. *Id*. at ¶¶ 4-5.

Despite the purported postcard notice, the 3 Late TPP Opt Outs were not informed of the TPP Class Settlement via direct mail. To their knowledge, they did not receive or read any postcard or email from the TPP Settlement Claims Administrator. Instead, they were only informed about the TPP Class Settlement through correspondence from the President of the Delaware Valey Healthcare Coalition ("DVHCC"), and follow-up communications by the DVHCC and its representatives. The 3 Late TPP Opt Outs are current members of the DVHCC. *See* dvhcc.org/membership-listing/

Once they learned about the TPP Class Settlement, the Late TPP Opt Outs advised their counsel[4] to contact undersigned counsel about preparing the requisite "Opt Out Form" for their execution. Each one of the Late TPP Opt Outs signed a TPP Opt Out Form, in the form proscribed by the settlement documents and the TPP Settlement Claims Administrator. *See generally*, tppopioidsettlement.com/home. Undersigned counsel for the Late TPP Opt Outs forwarded the

---

[4] Big Spring is separately represented by its Solicitor, while OPCMIA 526 and IBEW 126 are represented by fund counsel.

4

Late TPP Opt Out Forms to the TPP Claims Administrator at AB Data and Counsel for the TPP Class and Settling Distributors via the email addresses provided and by first class mail. *See* Exhibit "E" hereto.

### *Steps to Timely Submit Late and Erroneous TPP Opt Outs*

On the evening of Tuesday, November 26, 2024, at 6:10p.m. EST, Mr. Haviland received an unsolicited email contact from the law office of Attorney James Dugan. *See* **Exhibit "B"** at Nov. 26 email at pp. 8-9 (stating "James was trying to reach you … please give him a call re in re opioids – his cell is []"). Mr. Haviland responded at 7:07p.m. EST asking for a response "on this thread", as he had left the office. Attorney Dugan then asked for a call the next day, Wednesday, November 27, 2024 at 11:00 a.m., est. *Id*. at pp. 6-7. That call took place between Attorneys Haviland and Dugan on November 27. Attorney Dugan reported that he had only received three (3) opt outs of Haviland Hughes' clients. Attorney Haviland advised Attorney Dugan that there were many more, perhaps as many as 70. *Id*. at 5. Before the Thanksgiving holiday, Attorney Haviland asked Dugan, "let us know as soon as you can if we need to do anything further to ensure these opt outs are honored. … If we need to file with the Court, we will." *Id*. at 4-5. Attorney Haviland received no further, substantive response from Interim TPP Settlement Class Counsel prior to Thanksgiving.

Undersigned counsel sent Interim TPP Settlement Class Counsel the list of TPP Opt Outs on November 27, 2024. *Id*. at 3 ("I have attached an excel spreadsheet with the full list of the plans that have elected to opt out.") Dugan acknowledged receipt. *Id*. at p. 2. On November 18, 2024, unbeknownst to undersigned counsel – because they are not in the MDL and do not receive service of filed pleadings – Interim Settlement Class Counsel filed their Initial Opt Out Report. ECF No. 5772. The Report attached as Exhibit "A" a list of six entities. Two such entities – Asbestos

5

Workers of Philadelphia Welfare Fund and Avon Grove School District – are clients of Haviland Hughes for whom Attorney Platt of Haviland Hughes transmitted the opt out emails. The Report listed the dates of receipt as November 1, 2024, and November 4, 2024, respectively.

Despite knowing that two of the six opt outs were represented by Haviland Hughes, counsel did not serve ECF No. 5772 on the TPP Opt Outs' counsel at Haviland Hughes.  None of the 63 other TPP Out Outs were listed.  Upon further investigation, Haviland Hughes discovered the filing of a Supplemental Opt Out Report on November 19, 2024.  *See* ECF No. 5775. In that Supplemental Report, Interim Settlement Class Counsel reported as follows:

> This report includes an additional entity that, on November 4, 2024, submitted its opt-out request to incorrect email addresses (info@TPPOpiodsettlement.com and OptOut@TPPOpiodSettlement.com) rather than the correct email addresses (info@TPPOpioidsettlement.com and OptOut@TPPOpioidSettlement.com). The parties have agreed to deem this a timely and complete opt out despite the typographical error.

*Id*. at 2. Exhibit "A" to the Supplemental Report listed a seventh opt out, filed by Plumbers' Local Union No. 690 Health Plan. The Exhibit listed the "postmark date" as November 4, 2024.

Despite knowing that now three opt outs were represented by Haviland Hughes, counsel did not serve ECF No. 5775 on TPP Opt Out counsel at Haviland Hughes.  While the Supplemental Report (ECF No. 5775) explains that the Plumbers Local 690 opt out was "submitted … to incorrect email addresses" it fails to explain how Interim Settlement Class Counsel *received* such opt out request when the emails used to transmit such request were erroneous.  Importantly, for purposes of the instant Motion, the parties reported to this Court that, despite the use of erroneous email addresses, "[t]he parties have agreed to deem this a timely and complete opt out…". *Id*.

It took additional weeks before Interim Settlement Class Counsel and Settling distributor counsel agreed to accept the balance of 60 plus TPP Opt Outs which utilized the same "incorrect

6

email addresses". For this reason, the Court need not rule on the 62 TPP Opt Outs. On December 4, 2024, TPP Opt Outs' counsel forwarded each of the 62 Opt Out forms to both Info@TPPOpioidsettlement.com and OptOut@TPPOpioidsettlement.com, the correct email addresses in an effort to cure the Opt Outs sent previously to the incorrect email addresses. *See* **Exhibit "F"** hereto.

On December 4, 2024, in furtherance of TPP Opt Out counsels' remediation of the inadvertent email issue and late opt outs, Attorney Haviland wrote to all counsel known to Haviland in the TPP Distributor Settlement and informed them of the inadvertent emails and included a list of all TPP Opt Outs. A copy of the letter, which was forwarded to this Court by Liaison Counsel, Attorney Peter Weinberger, Esquire is attached hereto as **Exhibit "G".**

### III. ARGUMENT

The undersigned counsel for movants from Haviland Hughes represent the DVHCC, headquartered in Philadelphia Pennsylvania, the largest coalition of self-funded TPPs in the country. The membership of the DVHCC is comprised of hundreds of self-funded TPPs located in multiple states. *See* dvhcc.org/membership. Most of the TPP Opt Outs are current or former members of the DVHCC. After the TPP Opt Outs received notice of the TPP class action settlement from the DVHCC, they promptly took steps to review and consider the settlement and decide whether to remain in the class or opt out. Such decisions took substantial time as they required the involvement of TPP Plan Administrators, the Board of Trustees, fund counsel and others.

Not all DVHCC members received such communication. Instead, it took follow-on communications by the DVHCC and its representatives to contact the membership. The 3 Late TPP Opt Outs did not receive or read the initial communications. It was only through follow on

communications after the opt-out deadline passed that they learned of the TPP settlements and elected to opt out, through appropriate decision of their respective Boards. Since learning of the opt out decisions of the 3 Late TPP Opt Outs, undersigned counsel immediately notified Interim TPP Settlement Class Counsel. *E.g.*, Ex B.  Undersigned counsel have attempted in good faith to garner the consent of Interim TPP Settlement Class Counsel and Settling Distributors' counsel even after their initial December 3 refusal at Ex. "C". **As a result of the steps taken, as of early December, notice of the 3 Late TPP Opt Outs has been provided to all the requisite parties.**

A district court has discretion under Federal Rule of Civil Procedure 6(b) to allow a class member to opt out of a proposed settlement after the deadline to do so. *In re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1209, 356 U.S. App. D.C. 70 (D.C. Cir. 2003). The question is whether "the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Factors that are relevant to this question include "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993).

Here, movants only failed to act because of excusable neglect on the part of the 3 Late TPP Opt Outs. They acted in a timely manner as to 62 TPP Opt Outs, but a failure of notice (which was corrected), these 3 Late TPP Opt Outs acted quickly to convene Board discussions about the opt out decision.

<u>First</u>, through no fault of their own, movants were unable to provide notice of the 3 Late TPP Opt Outs' opt out decisions by the November 11, 2024 deadline. The lack of notice was not

8

within the reasonable control of the movants as they were unaware of pending settlements until they learned through alternate means.

<u>Second</u>, as soon movants were alerted to pending settlements, they acted in good faith and with due diligence to ensure that the opt out decision was communicated to the TPP Settlement Claims Administrator and counsel for the parties.

<u>Third</u>, the length of delay is minimal, as the deadline to opt out (November 11) was less than one month prior to notice being provided in early December when MDL counsel reached out. *See* Ex. B.

The intervening delay in filing the instant Motion was occasioned by the parties' good faith attempts to work through the issues of the 65 TPP Opt Outs, which timeframe included the lengthy Thanksgiving holiday. The delay from the time of discovery of the Late TPP Opt Outs and this filing is a few weeks. In the intervening days, undersigned counsel have had multiple telephonic and email exchanges with Interim TPP Settlement Class Counsel in an effort to garner consent to the relief requested, to no avail.

Movants understand that the problem lies with the Defendants, not the Plaintiffs. Specifically, Defendants are unwilling to treat the 3 Late TPP Opt Outs the same as the 62 other TPP Opt Outs, despite the facts that the entire group of 65 TPP Opt Outs are similarly situated. Interim TPP Settlement Class Counsel were advised of the 3 Late TPP Opt Outs prior to filing their reply papers in support of the settlement on December 9. Undersigned counsel did not learn of the disagreement of Defendants until last Friday.

Movants understand that the deadline to "walk away" from the settlement has not passed. Movants also understand that the Defendants are not looking to walk away, despite their awareness of all 65 TPP Opt Outs, including the 3 Late TPP Opt Outs. For these reasons, movants

9

respectfully submit that the delay of a few weeks is not unreasonable under the circumstances. The potential impact on the judicial proceedings is minimal as no deadline has passed.

Fourth, and finally, the danger of prejudice to the opposing party, the Settling Distributors, is equally minimal. The following reasons support such conclusion:

- The settlement has not been finally approved by the Court.

- The final Fairness Hearing to approve the settlement is not scheduled until January 2025 . *See* Preliminary Approval Order at 6 (ECF No. 5616).

- All litigation pending against the Settling Defendants is presently stayed, by this Court's Preliminary Approval Order. *Id*. at 7.

- Settling Defendants have agreed to several extensions of deadlines relating to the settlement.[5] Should the parties require additional time to assess the potential impact of these additional opt outs, they can and should seek relief from the Court.

- The deadline for submission of Claim Forms is not until June 20, 2025. *Id*. at 9.

Additionally, under the Settlement Agreement and this Court's Preliminary Approval Order, the deadline for the Settling Defendants to exercise their right to "walk away" from the settlement has not yet passed. *Id*. at 8-9.[6]

---

[5] *See, e.g.*, ECF No. 5735 (Nov. 4, 2024 "Joint Stipulation and Order Modifying Schedule") (agreeing to "an extension of the November 4, 2024 event deadline for one week, to November 11, 2024"); ECF No. 5797 ("Joint Stipulation and Order Modifying Schedule") (agreeing to extend deadline from December 2 to December 9, 2024).

[6] As stated in the Court's Order, the Settling Distributors have "fifteen (15) business days following receipt by Settling Distributors from Interim Settlement Class Counsel of the Opt-Out Report (the "Walk-Away Right")" to exercise their walk away option. Preliminary Approval Order at 8-9 (ECF No. 5616).By our calculation, that date is December 16, 2024. Of course, even this date may be extended by the parties' mutual agreement. *Id*. at 9.

Thus, there is no imminent "danger of prejudice" to the Settling Distributors, or any other interested party, by the TPP Opt Outs coming within weeks of the opt out deadline.[7] *See, e.g., In re Vitamins Antitrust Class Actions,* 327 F.3d at 1209 (affirming allowance of late opt out where "length of delay was short and would not impact judicial proceedings"); *Snyder v. Ocwen Local Servicing, LLC*, 2019 U.S.Dist. LEXIS 80926 * 33-35 (allowing 178 late opt out requests because "they were submitted near enough" to the Court's opt out deadline "to make any neglect in their submission excusable").

Six Rules of Civil Procedure incorporate an "excusable neglect" standard that governs whether a missed deadline should be excused. In *Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380 (1993) the Supreme Court explained that "excusable neglect" under the Federal Rules requires a "flexible" and "elastic" approach to balancing the equities. *Id*. at 389, 392. The Court also made clear that a party seeking relief need not make a threshold showing of blamelessness, for that would read the word "excusable" out of the phrase "excusable neglect." *Id*. at 395 & n.14.

Applying *Pioneer*, the circuit courts for the First, Fourth, Fifth, Ninth and Tenth Circuits all have found that continued exposure to litigation does not constitute cognizable prejudice.[8] *See also*, *Fox v. Iowa Health Sys*., 2021 U.S.Dist. LEXIS 36880 (W.D. Wisc. Feb. 26, 2021) (allowing

---

[7] While Interim TPP Settlement Class Counsel certainly is interested in the outcome of the settlement with the Settling Distributors, neither the amount of the settlement nor their share of fees and cost reimbursement is impacted by the number of opt outs. Accordingly, there is no prejudice by the instant request. Indeed, by having two less opt outs, the pool of settlement funds is arguably greater for the remaining members of the Settlement Class represented by Interim Settlement Class Counsel.

[8] *Pratt v. Philbrook,* 109 F.3d 18, 22 (1st Cir. 1997) ("Of course, it is always prejudicial for a party to have a case reopened after it has been closed advantageously by an opponent's default. But we do not think that is the sense in which the term 'prejudice' is used in *Pioneer*.". Rather, the type of prejudice cognizable under *Pioneer* must consist of a newly created difficulty in litigating the case "in the sense, for example, of lost evidence.");

11

late opt out because, while defendant "may face some prejudice, because there are now 68 rather than 67 class members who will not be bound by the settlement[,] [a] single opt-out form a class of 1.4 million members does not impose undue burden").

Here, 64 of the 65 TPP Opt Outs has no pending litigation against any Settling Distributor in any court. Only Plumbers Local 690 has a case pending in the Pennsylvania Coordinated Proceedings overseen by the Honorable Barry Dozor. That case was filed back in 2018 and was stayed until December 6, awaiting the Plumbers' opt out decision. There is no prejudice, and this Court should find excusable neglect and allow the 3 Late TPP Opt Outs.

## IV. CONCLUSION

For all these reasons, movants respectfully requests that this Honorable Court permit the late 3 Late TPP Opt Outs. In the alternative, movants respectfully request the Court grant them leave to either present further evidence in support of their request file a belated objection to the class settlement as it pertains to the adequacy of the notice disseminated to TPPs and the circumstances of the TPP Opt Outs, including the awareness of Settling Distributors form the proceedings in the Plumbers Local 690 case.

Respectfully submitted,

December 16, 2024

/s/Donald E. Haviland
Donald E. Haviland, Jr. (PA Bar No. 66615)
William H. Platt II (PA Bar No. 83585)
**HAVILAND HUGHES**
124 S. Maple Way, Suite 220
Ambler, PA 19002
Ph:   (215) 609-4661
Fax: (215) 392-4400
haviland@havilandhughes.com
platt@havilandhughes.com

*And*

12

/s/Angela M. Lavin
Angela M. Lavin (0069604)
Wegman Hessler Valore
6055 Rockside Woods Blvd., #200
Cleveland, Ohio 44131
Ph: 216-642-3342
Fax: 216-642-8826
amlavin@wegmanlaw.com

13