UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) ) ) ) ) ) | MDL 2804 |
| | | Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO: | | Judge Dan Aaron Polster |
| *ALL THIRD PARTY PAYOR ACTIONS* | | |

**SETTLING DISTRIBUTORS' RESPONSE TO TWO THIRD-PARTY PAYORS' AND ONE SCHOOL DISTRICT'S MOTION FOR APPROVAL OF OPT OUTS FROM TPP CLASS ACTION SETTLEMENT**

Cardinal Health, Inc., Cencora, Inc. (f/k/a AmerisourceBergen Corporation), and McKesson Corp. (collectively, the "Settling Distributors") submit this response to the motion (ECF No. 5824, "Late Opt-Out Motion" or "Motion") filed by two Third-Party Payors ("TPPs"), OPCMIA 526 Combined Funds and IBEW Local 126 Health & Welfare Fund, and one school district, Big Spring School District (collectively, the "Three Late Opt-Outs"). The Motion asks the Court to declare that the Three Late Opt-Outs have effectively opted out of the Settling Distributors' Class Action Settlement ("Settlement") with TPPs, despite their undisputed untimeliness. Settling Distributors respond here to oppose the Late Opt-Out Motion and to correct numerous misstatements contained

1

therein.[1]

The Three Late Opt-Outs have shown inexcusable neglect in attempting to opt out from the Settlement Class by submitting opt-out forms weeks after the November 11 deadline and failing to comply with other opt-out procedures without any persuasive justification for doing so.[2]  The Three Late Opt-Outs are members of the Delaware Valley Healthcare Coalition ("DVHCC"), a coalition of TPPs that includes most of the other 62 opt-outs referred to in the Motion and is represented by Haviland Hughes ("Moving Counsel").  Motion at 4, 7.  If the Three Late Opt-Outs were themselves not aware of the pending opt-out deadline, they offer no explanation as to why Moving Counsel did not apprise them of the deadline or why that failure to do so is excusable.  *See In re Navistar MaxxForce Engines Mktg., Sales Pracs., & Prod. Liab. Litig.*, 990 F.3d 1048, 1051 (7th Cir. 2021) ("A lawyer's knowledge is imputed to the client.").  Moving Counsel indisputably was both aware of the opt-out deadline and acted to opt out other DVHCC members well before the deadline.[3]

In addition to failing to comply with the opt-out deadline, two of the movants—IBEW Local 126 Health & Welfare Fund and OPCMIA 526 Combined Funds—further

---

[1] Settling Distributors understand that Interim Settlement Class Counsel will also respond to the Late Opt-Out Motion.  Settling Distributors note that Interim Settlement Class Counsel has demonstrated compliance with the notice program ordered by this Court.  *See generally* Declaration of Eric J. Miller Regarding Dissemination of Notice (ECF No. 5662-1).  Settling Distributors believe that the Three Late Opt-Outs had, at a minimum, constructive notice and, as other courts have noted, allowing late opt-outs by "class member[s] [who] received constructive notice before the deadline, would simply defeat the purpose of constructive notice by publication or the creation of the dedicated website and toll free telephone number."  *In re Se. Milk Antitrust Litig.*, 2012 WL 2050865, at *2 (E.D. Tenn. June 6, 2012).

[2] Settling Distributors understand that IBEW Local 126 Health & Welfare Fund and OPCMIA 526 Combined Funds submitted opt-out forms by email and mail on December 2 and December 6, respectively, and that Big Spring School District submitted by email and mail on December 4 and December 6.  *See* Final Opt-Out Report Ex. A at 1-3 (ECF No. 5828-1).

[3] For instance, Asbestos Workers Philadelphia Welfare Fund, a DVHCC member and client of Haviland Hughes, opted out on November 1.  *See* Final Opt-Out Report Ex. A at 1; Motion at 4; Membership Listing, DVHCC, https://www.dvhcc.org/membership-listing/ (last visited December 20, 2024).

failed to comply with the opt-out requirements.  Both funds have yet to email their opt-out forms to the Notice Administrator, as required by the Settlement and the Court-approved Notice.  *See* Preliminary Approval Order at 7 (ECF No. 5616); Notice at 8 (ECF No. 5614-3).  Instead, the two funds have only emailed their forms to TPP Plaintiffs' Executive Committee Representative James Dugan, which is not an approved method for submitting opt-outs under the Settlement, as the Court-approved Notice and Settlement website instructions make clear.  Notice at 8; In re: National Prescription Opiate Litigation, https://tppopioidsettlement.com/home/ (last visited December 20, 2024).

This neglect goes beyond the confirmed inattention that characterized the opt-out attempts of the other 62 entities listed as opt-outs in the Motion, which provides important context for the Motion in light of the shared counsel.  Moving Counsel, in their capacity as counsel for these 62 opt-outs, submitted opt-out forms to incorrect email addresses.[4] Motion Ex. D at 2 (ECF No. 5824-5).  Moving Counsel also failed to mail physical copies of these 62 opt-out forms to the Notice and Claims Administrator until nearly a month after the deadline to do so.  *Id.*; Motion at 2.  Moving Counsel offers no reason why it took weeks to correct these issues or alert Settling Distributors, Interim Settlement Class Counsel, or this Court to the error.

The record shows that Moving Counsel had ample reason to be aware of these issues: An initial Opt-Out Report, which included just three of these 62 entities, became a matter of public record on November 19.  *See* Opt-Out Report (ECF No. 5775-1).  And

---

[4] Counsel submitted 60 opt-out forms to "OptOut@TPP**Opiod**Settlement.com" and "info@TPP**Opiod**settlement.com" rather than at "OptOut@TPP**Opioid**Settlement.com" and "info@TPP**Opioid**settlement.com" (emphasis added).  For one of these, Plumbers' Local Union No. 690 Health Plan, Haviland Hughes *also* emailed the opt-out form directly to counsel for one of the Settling Distributors before the opt-out deadline, which is how Settling Distributors first became aware of it.

Moving Counsel acknowledges receiving confirmation of receipt by the Notice and Claims Administrator for only "a few" of the entities that he attempted to opt out, *see* Motion Ex. C at 6 (ECF No. 5824-4),[5] and thus should have been aware that some issue caused no confirmations to be received for the other 59 entities.

With this backdrop, the subsequent additional failures associated with the Three Late Opt-Outs are undeniably inexcusable: failure to meet a deadline for which the movants had notice and failure to submit the required opt-out information to the required email address. This neglect is inexcusable: Opting out was within the control of the three movants, they did not attempt to do so diligently, and when they did submit opt-out forms they did not comply with the opt-out requirements. These factors all counsel against finding excusable neglect. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 895 F.3d 597, 618 (9th Cir. 2018).

Further, even if these circumstances could be deemed "excusable neglect," which they cannot, the Court has discretion to deny the Late Opt-Out Motion. Fed. R. Civ. P. 6(b)(1)(B), 60(b)(1); *Mitrani v. Aesthetech Corp.*, 2001 WL 1097889, at *2 (S.D.N.Y. Sept. 10, 2001) ("[E]ven when a court finds excusable neglect, the decision to allow an opt out after the deadline is discretionary."). Here, the Court should deny the Late Opt-Out Motion, as have other courts faced with similar failures to comply with the required deadlines and procedures for opting out. *See, e.g.*, *In re Volkswagen*, 895 F.3d at 618 (affirming denial of motion for exclusion for opt-out submitted a month after the deadline where movant

---

[5] Moving Counsel submitted opt-out requests on behalf of two TPP entities to the *correct* email addresses prior to the original November 4 deadline, demonstrating awareness of the proper procedure. *See* Opt-Out Report Ex. A at 2 (ECF No. 5772-1).

failed to follow "the correct procedure to exclude herself from the class [and] seemingly misunderstood clear directions"); *Georgine v. Amchem Prods., Inc.*, 1995 WL 251402, at *5 (E.D. Pa. Apr. 26, 1995) (denying motion for exclusion by movants who timely sent opt-out forms to the wrong location and by movants who untimely sent opt-out forms within two weeks after the opt-out deadline).

Notwithstanding their neglect, the Three Late Opt-Outs argue that they should be permitted to belatedly exclude themselves from the Settlement Class because they are "similarly situated" to 62 opt-outs to which "Settling Distributors do not object." Motion at 1, 9 (emphasis removed). *First*, this is incorrect on its face: The Three Late Opt-Outs are categorically different from the 62 opt-outs because an attempt was made to submit these 62 opt-outs before the deadline, whereas the Three Late Opt-Outs are "admittedly late." Motion at 1. *Second*, it is false that Settling Distributors do not object to the 62 opt-outs. Settling Distributors and Interim Settlement Class Counsel have only agreed that they would not challenge those 62 opt-outs on the basis of timeliness, but they reserved all other rights with respect to these opt-outs. Final Opt-Out Report at 2. For instance, a substantial number of the 62 opt-outs are school districts or other government entities, and such entities may not be class members and/or may have released their claims in prior settlements, including under the Distributors' Global Settlement.

The movants also suggest that they should be permitted to exclude themselves after the deadline because none of them is presently litigating against the Settling Distributors and because Settling Distributors' "walk-away" deadline has not passed. Motion at 9, 12. This misunderstands class action procedure, which does not turn on whether any particular

class member has already filed a lawsuit.[6]  If the movants can exclude themselves on such grounds after the opt-out deadline, others may be permitted to do likewise, eliminating *any* opt-out deadline.  That is not the basis on which Settling Distributors agreed to this Settlement: They bargained for a degree of certainty that only an opt-out deadline can afford.  And to the extent that the movants comment on the Settling Distributors' intent with respect to the exercise of their walk-away right, those comments are entirely without basis: Settling Distributors have had no discussions on this subject with movants' counsel, and they are completing their processes on the agreed-upon schedule and will communicate with Interim Class Counsel at the agreed-upon time.

Finally, the Three Late Opt-Outs move, in the alternative, to object to the Settlement.  The Court should deny this motion.  *First*, the Preliminary Approval Order instituted the same opt-out and objection deadlines, and for the reasons given above, any objection would be untimely.  Preliminary Approval Order at 6, 8.  *Second*, the movants misunderstand the relationship of opting out and objecting—it is "either/or," not one and then the other.  *See In re Nat'l Football League Players' Concussion Inj. Litig.*, 307 F.R.D. 351, 423 (E.D. Pa. 2015) ("It is well established that 'class members may either object or opt out, but they cannot do both.'") (quoting Newberg on Class Actions § 13:23 (5th ed.)), *aff'd*, 821 F.3d 410 (3d Cir. 2016).

*   *   *

For the foregoing reasons, the Court should deny the Late Opt-Out Motion.

---

[6] In addition, the three movants and the other 62 late opt-outs have indicated that they may attempt to join a putative class action being litigated by one of the original opt-outs, as reflected in the two forms submitted with the pending Motion, and at least some of them appear to be potential members of that putative class. *See* Motion Ex. B at 10-11 (ECF No. 5824-3).

Dated:  December 20, 2024

Respectfully submitted,

*/s/ Elaine P. Golin*

Elaine P. Golin
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY  10019
Telephone: (212) 403-1118
EPGolin@wlrk.com

*Counsel for Cardinal Health, Inc.*

*/s/ Michael T. Reynolds*

Michael T. Reynolds
CRAVATH, SWAINE & MOORE LLP
Two Manhattan West
375 Ninth Avenue
New York, NY  10001
Telephone: (212) 474-1552
Facsimile:  (212) 474-1000
MReynolds@cravath.com

*Counsel for Cencora, Inc. (f/k/a
AmerisourceBergen Corporation)*

*/s/ Geoffrey E. Hobart*

Geoffrey E. Hobart
Timothy C. Hester
Christian J. Pistilli
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC  20001
Telephone: (202) 662-5281
ghobart@cov.com
thester@cov.com
cpistilli@cov.com

*Counsel for McKesson Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that, on December 20, 2024, a copy of the foregoing was filed with the Court's electronic case filing system and served upon all those participating therein.

Respectfully submitted,

*/s/ Elaine P. Golin*
_____