UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION ) ) ) THIS DOCUMENT RELATES TO: ) ) ALL THIRD PARTY PAYOR ACTIONS ) | **MDL 2804** <br><br> **Case No. 1:17-md-2804** <br> **Judge Dan Aaron Polster** |

**CLASS PLAINTIFFS' RESPONSE TO MOTION FOR APPROVAL OF OPT-OUTS FROM TPP CLASS ACTION SETTLEMENT, OR IN THE ALTERNATIVE, FOR LEAVE TO FILE LATE OBJECTIONS**

Interim Settlement Class Counsel respectfully submit this Response to the motion of three entities that request the Court excuse their tardiness in attempting to opt out of the Third Party Payor ("TPP") class settlement with three distributor defendants (ECF 5824).

As explained in the Final Opt-Out Report filed on December 19, 2024 (ECF 5827), the three entities submitted their opt-out forms well after the deadline, and not in compliance with the Court-ordered opt-out procedures. (No litigating MDL 2804 TPP Plaintiff opted out of or filed an objection to the proposed settlement.[1] There is 100% participation by the MDL TPP Plaintiffs.) [2]

---

[1] As reported in the Reply memorandum in support of the final approval motion (ECF 5802), the Court appointed Notice Administrator fully implemented the Court approved notice program and has begun receiving claims.

[2] The Final Opt-Out Report includes an additional 62 entities, all represented by the same counsel, that were not included in the Opt-Out Report (ECF 5772) or the Supplemental Opt-Out Report (ECF 5775) because of their belated opt-out submissions. Fifty-nine of these additional entities submitted opt-out requests to incorrect email addresses (info@TPPOpiodsettlement.com and OptOut@TPPOpiodSettlement.com) rather than the correct email addresses (info@TPPOpioidsettlement.com and OptOut@TPPOpioidSettlement.com) prior to the extended opt-out deadline, and were not submitted by mail prior to the extended opt-out deadline. Interim Settlement Class Counsel and Settling Distributors agreed to deem these 59 opt-out requests as timely as if they were sent to the correct email addresses and received by mail by the opt-out deadline, but subject to Court approval. As noted in in the Final Opt-Out Report, some of these

-1-

3153132.4

The motion concerns three entities that submitted their forms well after the opt-out deadline.  Two of these entities' opt-out requests (IBEW 126 Health & Welfare Fund and OPCMIA 526 Combined Funds, Inc.) were emailed to TPP Plaintiffs' Executive Committee ("PEC") Representative James Dugan on December 2, 2024, after the extended opt-out deadline, and were not sent to the opt-out email addresses.  The Notice Administrator received the mailed forms on December 6, 2024.  The third opt-out request, by Big Spring School District, was received by the Notice Administrator on December 4, 2024 by email and on December 6, 2024 by U.S. mail.

Movants' tardiness does not meet the standard of "excusable" neglect for which relief should be granted.  They are represented by the same counsel who knew the deadline because they timely (and correctly) submitted opt-out notices for two other entities.

The opt-out decision is an inherently individual one.  *See, e.g., Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1024 (9th Cir. 1998) ("The decision to exercise the right of exclusion in a Rule 23(b)(3) action is an individual decision of each class member . . . .") (quoting Newberg & Conte, *Newberg on Class Actions* § 16.16 at 90 (3d ed. 1992)); *see also In re Centurylink Sales Pract. & Sec. Litig.*, Case No. 17-2822, 2020 WL 3512807, at *3 (D. Minn. June 29, 2020) (Indeed, "mass, unsigned opt outs 'are highly indicative of a conclusion that such counsel did not spend very much time evaluating the merits of whether or not to opt-out in light of the individual circumstances of each of their clients and in consultation with them.'") (quoting *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mex.*, 910 F. Supp. 2d 891, 939 (E.D. La. 2012) *aff'd,* 739 790 (5th Cir. 2014)); 3 *Newberg and Rubenstein on Class Actions* § 9:49 (6th ed. 2022 & Supp. 2024).  It is telling that while the individual opt-outs included in the initial two Opt-Out Reports

---

entities may not be class members and/or may have released their claims in prior settlements; the parties reserve all rights in those and other respects.

did both timely opt-out by the extended deadline and followed correct procedure, all but two of those represented by movants' counsel, who apparently mounted a group opt-out effort, did not.

Opt-out deadlines are important, as they bring certainty to the settling class and settling defendants' knowledge of class membership, including future litigation exposure.  Movants have made no showing why the three entities could not submit their forms before the deadline, let alone by the extended deadline.

Accordingly, as the three entities failed to timely opt-out and show no basis for their extended delay, the Court should deny the motion and deny movants a belated opportunity to opt-out or to object.

DATED: December 20, 2024

Respectfully submitted,

*/s/ Elizabeth J. Cabraser*
Elizabeth J. Cabraser
Eric B. Fastiff
**LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
ecabraser@lchb.com
efastiff@lchb.com

*Interim Settlement Class Counsel; Counsel for Pioneer Telephone Cooperative, Inc. Employee Benefits Plan, and American Federation of State, County and Municipal Employees District Council 37 Health & Security Plan*

*/s/ Paul J. Geller*
Paul J. Geller
Mark J. Dearman
**ROBBINS GELLER RUDMAN & DOWD LLP**
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL 33432
Telephone: (561) 750 3000
pgeller@rgrdlaw.com
mdearman@rgrdlaw.com

*Interim Settlement Class Counsel; Counsel for Cleveland Bakers and Teamsters Health and Welfare Fund, and Pipe Fitters Local Union No. 120 Insurance Fund*

/s/ James R. Dugan, II
James R. Dugan, II
**THE DUGAN LAW FIRM, PC**
One Canal Place, Suite 1000
New Orleans, LA 70130
jdugan@dugan-lawfirm.com

*Interim Settlement Class Counsel; Third Party Payor PEC Representative; Counsel for United Food and Commercial Workers Health and Welfare Fund of Northeastern Pennsylvania, and Sheet Metal Workers Local No. 25 Health and Welfare Fund*

/s/ Peter H. Weinberger
Peter H. Weinberger (0022076)
**SPANGENBERG SHIBLEY & LIBER**
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
Telephone: (216) 696-3232
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

Jayne Conroy
**SIMMONS HANLY CONROY**
112 Madison Avenue, 7th Floor
New York, NY 10016
Telephone: (212) 784-6400
 jconroy@simmonsfirm.com

Joseph F. Rice
**MOTLEY RICE**
28 Bridgeside Boulevard
Mount Pleasant, SC 29464
Telephone: (843) 216-9000
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
**FARRELL & FULLER LLC**
270 Munoz Rivera Avenue, Suite 201
San Juan, PR 00918
Telephone: (304) 654-8281
paul@farrelfuller.com

*Plaintiffs' Co-Lead Counsel*

-5-

**CERTIFICATE OF SERVICE**

I hereby certify that, on December 20, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court's CM/ECF system.

*/s/ Elizabeth J. Cabraser*