UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION  ) ) ) | MDL 2804 |
| | Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO:  ) ) | |
| | Judge Dan Aaron Polster |
| *PBM Cases*  ) ) | |
| ) ) ) ) ) ) | **ORDER OVERRULING EXPRESS SCRIPTS' OBJECTION TO THE SPECIAL MASTER'S RULING REGARDING PRIVILEGE DESIGNATIONS** |

Before the Court is Express Scripts' Objection to Discovery Ruling No. 14, Part 33,[1] Regarding Express Scripts' Privilege Claims and Motion for Interlocutory Appeal (docket no. 5795). Plaintiff filed a Response (docket no. 5808). Express Scripts filed a Reply (docket no. 5826). Express Scripts' Objection is **OVERRULED** and Motion for Interlocutory Appeal is **DENIED**.

This Court, since at least 2019, has consistently applied the same analysis to different defendants' privilege claims. *See, e.g.*, docket nos. 1553 (regarding Cardinal's privilege claims), 3584 (regarding Walgreens' privilege claims), and 5053 (regarding Kroger's privilege claims). Express Scripts begins its Objection by asking this Court to reconsider its long-standing interpretation and application of controlling Sixth Circuit privilege law. The Court declines to do so.

This Court has also long made clear "its prior rulings in MDL cases will apply broadly to all other cases in the MDL unless a party in a subsequent case identifies a changed circumstance

---

[1] Discovery Ruling No. 14, Part 33 is docket no. 5767.

that warrants modification of the ruling." Docket no. 4978 at 1. Although this Court has recognized the PBMs are, at least in some respects, differently situated than prior categories of MDL defendants, it has cautioned that "*new* arguments [should only be made if they] are meaningfully different from those raised earlier and resolved in prior Court rulings." Docket no. 5268 at 2.

Here, in seeking reversal of the Special Master's ruling, Express Scripts makes no new arguments and cites only one new case issued by the Sixth Circuit since this Court ruled on Kroger's privilege objection last year. In *United States v. Roberts*, the Sixth Circuit reiterated that "[w]hen a communication involves both legal and non-legal matters, [the Sixth Circuit] 'consider[s] whether the predominant purpose of the communication is to render or solicit legal advice." 84 F.4th 659, 670 (6th Cir. 2023) (quoting *Alomari v. Ohio Dep't of Pub. Safety*, 626 F. App'x 558, 570 (6th Cir. 2015)). The language from *Alomari* is precisely the language this Court cited to and relied on when it overruled Kroger's privilege objection. *See* docket no. 5053 at 7 (quoting *Alomari*, 626 F. App'x at 570).

The Sixth Circuit opinion in *Roberts* does not change this Court's interpretation or application of binding Sixth Circuit precedent. Accordingly, the Special Master correctly applied the appropriate law.

What remains is for the Court to review the Special Master's conclusions *de novo* and determine whether these Express Scripts audits were predominantly for a business or a legal purpose. In making this determination, the Court does not presume these documents are predominantly business or legal in character. Rather, a factual assessment of the documents must be made to determine their predominant purpose. The Court also notes once again that:

> While the black letter law is clear and easy to recite, it is not easy to apply in this case. The burden is on the proponent to prove that the documents are privileged; and to be privileged, the communication must have the primary purpose of soliciting or receiving legal, as opposed to business, advice. That line is sometimes

> very difficult to draw when, as here, [defendant] operates in a heavily regulated business and regulatory compliance advice from in-house counsel is therefore part of [defendants'] day-to-day business operations.

Docket nos. 3584 at 1, 5053 at 8.[2]

To have succeeded in its Objection, Express Scripts "needed to produce some evidence of 'the [legal] advice being sought or rendered, as well as the relationship between advice that can be rendered only by consulting the legal authorities and advice that can be given by a non-lawyer.'" Docket no. 5053 at 8 (quoting *Alomari*, 626 F. App'x at 570). Express Scripts failed to do so.

After carefully reviewing the documents submitted, *in camera*, to the Special Master and the Court, the Court concludes the predominant purpose of these documents was to guide the day-to-day business practices of the PBM entity. That is, the audits served a predominantly business purpose. Express Scripts did not carry its burden of showing the auditors—or Express Scripts' compliance or legal departments—consulted with or interpreted legal authorities or applied legal principles. Further, in this Court's opinion, the compliance recommendations offered by the auditors could likely have been given just as effectively, if not perhaps more so, by a pharmacist instead of a lawyer.

In summary, the Court agrees with Special Master Cohen's ruling. Accordingly, Express Scripts' Objection is **OVERRULED**.

---

[2] The Court has also noted that if attorney-client privilege "were to be applied broadly to all [regulatory compliance] audits as a general principle, companies in highly regulated industries would effectively be permitted to conduct their normal business operations in complete secrecy behind the veil of attorney-client privilege. Such a result would run afoul of the Sixth Circuit's explicit guidance in *In re Columbia* that claims of attorney-client privilege are narrowly construed because [the privilege] reduces the amount of information discoverable during the course of a lawsuit." Docket no. 5053 at 9–10 (citing *In re Columbia/HCA Healthcare Corp. Billing Pracs. Litig.*, 293 F.3d 289, 294 (6th Cir. 2002) (cleaned up)).

Express Scripts also moves the Court for interlocutory appeal of its order. The Court has considered the relevant factors and concludes interlocutory appeal is not warranted. Express Scripts' request is, therefore, **DENIED**.

      **IT IS SO ORDERED.**

      /s/ Dan Aaron Polster
      **DAN AARON POLSTER**
      **UNITED STATES DISTRICT JUDGE**

**Signed: December 23, 2024**