# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*PBM Cases* | MDL 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster<br><br>**<u>ORDER OVERRULING THE PBMS' OBJECTION TO THE SPECIAL MASTER'S RULING REGARDING PRODUCTION OF DEPONENT PERSONNEL FILES</u>** |

Before the Court is the PBM Defendants' Objection to the Special Master's Order Regarding the Production of Personnel Files (docket no. 5812). Plaintiff, City of Rochester, filed a Response (docket no. 5823) and the PBMs filed a Reply (docket no. 5829). The PBMs' Objection is **OVERRULED**.

The PBMs make two arguments why this Court should overturn the Special Master's oral ruling on the record requiring the production of deponent personnel files. First, the PBMs assert "the Court lacks authority under the Federal Rules of Civil Procedure to compel production of complete personnel files, including compensation and bonus information because they were not formally requested by the City." Objection at 7. Second, the PBMs argue that Plaintiff failed to meet its burden of showing that deponent personnel files are relevant to this litigation under Fed. R. Civ. P. 26(b)(1). Neither of these arguments is persuasive.

The Court has the authority to compel production of the personnel files. On at least two occasions, the Court expressly reserved to the parties the ability to make additional discovery requests. *See* docket no. 5268 at 5–6 ("The parties make seek leave to propound additional requests

for production and interrogatories after the Court rules on the motions to amend complaints."); *see also* docket no. 5282 at 5 (same). Thus, the Court could now either: (1) construe Plaintiff's Response as a motion for leave to serve additional requests for production and grant it because it is well-taken; or (2) allow Plaintiffs to so move, which Plaintiffs have asserted they are prepared to do promptly. *See* Response at 12. And in any event, the Federal Rules give the Court "authority to order discovery of any matter relevant to the subject matter involved in the action for good cause." Fed. R. Civ. P. 26, Committee Notes on 2000 Amendment.

Which brings up the PBMs' second argument: that Plaintiff failed to demonstrate the relevance of the personnel files. This argument also fails.

In their Objection, the PBMs assert that one of the deponents for whom Plaintiff seeks production of their personnel file was employed by a PBM to evaluate continuing medical education and training programs at a PBM family entity. *See* Objection at 11. That concession, alone, is sufficient for this Court to conclude that the deponents' personnel file is relevant to the claims and defenses in this litigation.[1] Moreover, personnel files for all deponents are relevant for the reasons articulated by Magistrate Judge Schneider in *In re: Benicar (Olmesartan) Prods. Liab. Litig.*, Master Docket. no. 15-2606 (D.N.J. March 24, 2016) (Plaintiffs' Response Ex. 5). "If plaintiffs are armed with detailed background information, plaintiffs can focus their questions on relevant areas rather than wasting time on irrelevant probing questions." *Id.* at 3–4.

Finally, the PBMs assert there may be privacy concerns with disclosing the personnel files to Plaintiff, especially in light of the tragic death of a UnitedHealthcare executive. But existing

---

[1] For example, Plaintiff has alleged, among other things, the PBMs: (1) "partnered with various opioid manufacturers to create . . . education programs . . . [to] expand [opioid] use and availability throughout the country, including in New York." Complaint at ¶ 161; and (2) "partnered with Purdue throughout the 2000s to provide 'education' to health care providers, including medical directors, nurse practitioners, case managers, and care advisors throughout the country regarding the so-called 'undertreatment' of pain and expanding the use of opioids." *Id.* at ¶ 188.

2

Court orders already address this concern.[2] The PBMs have produced no evidence that this Court's protective orders or discovery repository orders have been in any way ineffective in maintaining, for nearly seven years, the privacy of each and every individual whose information is presently protected by those orders. The PBMs' deponents' personnel files shall be protected exactly to the same extent as every other deponent personnel file that has been produced in this MDL.[3] There is no reason, and the PBMs do not supply any, to think such protection will be insufficient.

Accordingly, the PBMs Objection is **OVERRULED**.

    **IT IS SO ORDERED.**

                             <u>/s/ Dan Aaron Polster</u>
                             **DAN AARON POLSTER**
                             **UNITED STATES DISTRICT JUDGE**

**Signed: December 23, 2024**

---

[2]  *See* docket no. 441 at 8–9 (¶¶ 29 and 29(i)) ("In order to protect against unauthorized disclosure of Confidential Information and Highly Confidential Information, a Producing Party may redact certain Confidential or Highly Information from produced documents, materials or other things. . . . Specifically, the Producing Party may redact: <u>Personal Identifying Information</u>. The names, home addresses, personal email addresses, home telephone numbers, Social Security or tax identification numbers, and other private information protected by law of (a) current and former employees (other than employees' names and business contact information).")

[3]  To the extent it is not clear in this Court's protective orders and rulings, the Court now clarifies the redactions permitted pursuant to paragraph 29 of Case Management Order 2 (docket no. 441) includes Personal Identifying Information and Protected Health Information of current and former employees as well as the family members of those individuals.