# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*City of Ogdensburg v. Purdue Pharma, L.P.*, No. 19-op-45852 (Track 22) | MDL 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster<br><br>**PBM BELLWETHER CASE TRACK 22 CASE MANAGEMENT ORDER** |

On November 13, 2024, the Court entered an order setting forth the process for selecting a replacement Bellwether case against the Pharmacy Benefit Manager (PBM) Defendants.[1] Therein the Court directed the parties to meet and confer about a proposed a joint case management order ("CMO") for Track 22. The following reflects the parties' agreed upon case management deadlines, as well as the Court's resolution of provisions upon which the parties could not agree. The Court hereby orders as follows for Case Track 22:

**A.  Previous Discovery**

1. All discovery produced by any entity in this MDL, or pursuant to DR 22, or produced in the Purdue Bankruptcy, *In re: Purdue Pharma L.P., et al.,* No. 19-23649(SHL) (S.D.N.Y. Bk.), shall be deemed produced in the PBM Bellwether cases.[2]

---

[1] The Court previously issued Orders governing the selection of a replacement bellwether on September 23, 2024 (ECF No. 5646) November 5, 2024 (ECF No. 5738), and November 13, 2024 (ECF No. 5755).

[2] The PEC agrees to work with the PBM Defendants to ensure that the PBM Defendants have access to all documents described in Paragraph A.1.

    2.      Discovery by Plaintiff in this case is not limited to or by discovery conducted in any other action, including the *Jefferson County* and *City of Rochester* cases.[3]

    3.      Plaintiff shall, as always, make best efforts to avoid duplicative discovery, whether taken in state or federal court. ECF No. 5268 at 3-4.

**B.**    <u>**Motion for Leave to File Amended Complaint**</u>

The Track 22 Bellwether Plaintiff shall file and serve its motion for leave to file an amended complaint and attach a copy of the proposed amended complaint by noon on **January 20, 2025**. The PBM Defendants may file a joint opposition by noon on **February 17, 2025**. Plaintiff's reply shall be due at noon on **March 3, 2025**.

**C.**    <u>**Motions to Dismiss**</u>

    1.      **12(b)(6) Motions to Dismiss:** The PBM Defendants shall file any motions to dismiss within **30 days** of the Court's ruling on Plaintiff's motion for leave to amend its complaint. Plaintiff shall file its response in opposition **30 days** after the motion to dismiss is filed. The PBM Defendants shall file replies **21 days** after responses are filed.

    2.      The PBM Defendants shall coordinate and consolidate all briefing raised in their motion to dismiss and avoid duplicative briefing by incorporating similar arguments by reference. The Court intends to adhere to all formal rulings made in the prior MDL tracks. If a similar issue arises, the Parties shall not simply reassert the same arguments made by prior parties in this MDL. Instead, the parties shall file a simple statement that they adopt those arguments in order to preserve the

---

[3] *Jefferson County v. Dannie E. Williams, M.D., et al.,* Case No. 20JE-CC00029 (Twenty-Third Judicial Circuit, Missouri); *City of Rochester v. Purdue Pharma, L.P.,* No. 19-op-45853 ("Track 12").

record for appeal. If the parties have *new* arguments that are meaningfully different from those raised earlier and resolved in prior Court rulings, they may make them. The Parties may also seek departure from the prior rulings for good cause shown. The Court recognizes that the PBMs are differently situated than the prior categories of MDL defendants and are entitled to make a showing that the facts the Court relied on in making its prior rulings are sufficiently different with respect to the PBM defendants to warrant a different outcome.

3. Page limits for 12(b)(6) motion to dismiss:

(i) PBM defendants may file a joint memorandum of up to **15 pages** in support of their motion to dismiss applicable to issues common to both defendants. Plaintiff may file a response totaling up to **15 pages**. PBM defendants may file a joint reply of up to **7 pages**.

(ii) Each PBM defendant family may also file an individual memorandum of up to **5 pages** concerning issues specific to it. Responses to such memorandum shall be limited **5 pages**, and reply memoranda shall be limited to **3 pages**.

(iii) Nothing in this CMO prevents any party from filing a motion to enlarge the page limits for good cause.

**12(b)(2) Motions to Dismiss.** In addition, and in accordance with the provision set forth in C.2, any party with a jurisdictional defense may file a separate motion to dismiss on jurisdictional or venue grounds according to the same schedule and page limitations established for Rule 12(b)(6) motions. All jurisdictional defenses are preserved, and no party waives jurisdictional defenses

by participating in discovery contemplated in this case management order. The parties shall meet and confer as soon as reasonably possible to discuss whether the PBM defendants expect to file motions to dismiss on jurisdictional grounds and, if so, the extent to which jurisdictional discovery may be required and its appropriate scope. The parties shall use the Court's February 24, 2020 Order Regarding Jurisdictional Discovery of Rite Aid (Docket no. 3180) to guide their discussions. Normal fact discovery will continue during the pendency of any motions to dismiss. The parties will bring any disputes on this issue to Special Master Cohen as soon as possible.

**D.** **Answers to Amended Complaints**

1. The PBM Defendants shall file their answers to any claims that survive defendants' motions to dismiss within **30 days** of the date the Court issues its ruling on the motions to dismiss.

2. Any defendant that does not file a motion to dismiss shall file its answer on or before the deadline provided above for filing motions to dismiss.

3. Any PBM Defendant that is required to answer Plaintiff's complaint will be required to answer only the allegations set forth in Plaintiff's Amended Complaint (if leave to amend is granted) and will have no obligation to answer any prior complaints and pleadings incorporated by reference into the Amended Complaint.

4. By not answering such prior complaints and pleadings, the PBM Defendants do not admit any of the allegations in those prior complaints or pleadings and reserve all defenses to the claims and allegations of the prior complaints or pleadings. The parties agree that the PBM Defendants' failure to answer any prior complaint or

        pleading in responding to the allegations of the Amended Complaint will not be construed as an admission of any allegation in those prior complaints or pleadings and will not be a basis for a default judgment with respect to any claims asserted in those prior complaints or pleadings.

5. The PBM Defendants shall file any third-party complaints within **14 days** after service of their answers.

**E.** **Fact Discovery**

1. Initial document discovery should commence upon the entry of this case management order.

2. The PBM Defendants have already participated in extensive discovery in the Track 12 case (also a New York bellwether) and previously responded to discovery served by the Track 13, 14, and 15 bellwether plaintiffs that have been set aside. Much of that discovery will apply to the Track 22 case.

3. The PBM Defendants shall supplement their interrogatory responses served in Tracks 12-15 to include responsive documents or information relevant to Track 22, if not previously provided, within **60 days** of the date of this order.

4. The PBM Defendants shall supplement their responses to requests for production served in Tracks 12 and 15 to include responsive documents related to client and/or pharmacies specific to the City of Ogdensburg, if not previously produced, within **60 days** of the date of this order.

5. The Plaintiff may seek leave of Court to serve additional written discovery on the PBM Defendants, including but not limited to, Interrogatories and Requests for Production, for good cause shown.

    6.    The PBM Defendants collectively may serve up to 30 requests for production and 30 interrogatories on Track 22 Plaintiff.

**F.**   **Data:**

    1.    The PBM Defendants have already completed their production of PBM data for the State of New York, which includes the City of Ogdensburg, in Track 12.

    2.    **January 24, 2025** – Plaintiff shall provide to the PBM Defendants a list of data fields included in (i) claims data and rebates data it has received, or has access to, from its insurers and/or PBMs in its capacity as a plan sponsor, (ii) dispensing or prescription data it has received, or has access to, in its capacity as a municipality (e.g., PDMP data, data from other government agencies), and (iii) financial data about its budgets and expenditures. Plaintiff shall also provide data dictionaries or other available descriptions of each field.

    3.    The parties shall meet and confer regarding the data fields to be produced from Plaintiff's data set. The parties shall work with Special Master Cohen to address any disagreements. Any motions regarding Plaintiff's production of particular data fields shall be submitted to Special Master Cohen by **February 28, 2025.**

    4.    Plaintiff shall produce data pursuant to the terms and scope agreed upon by the parties by **March 28, 2025**.

**G.**   **Custodians and Production Deadlines:**

    1.    **March 12, 2025 –** Track 22 Plaintiff shall identify its proposed document custodians, including titles and timeframes of employment in their relevant position, and the Track 22 Plaintiff shall send the PBM defendants proposed search terms. PBM Defendants shall identify client-facing custodians for Track

6

22. Disputes regarding Track 22 Plaintiff search terms and custodians and Defendants' client-facing custodians shall be submitted to Special Master Cohen as soon as reasonably possible and no later than **March 26, 2025**.

2. **May 9, 2025** – Track 22 Plaintiff may request a limited number of additional national and jurisdiction specific custodians and/or search terms as the negotiations regarding custodians and search terms for Tracks 12-15 previously occurred before discovery was underway. The parties must meet and confer about and such requests and may submit additional disputes regarding custodians to Special Master Cohen in the event that disputes arise regarding requests to add custodians or search terms identified through subsequent discovery.

3. **March 28, 2025** – Custodial and non-custodial document production must commence and must continue on a rolling basis. The parties shall meet and confer regarding the priority of production of custodial and non-custodial files.

4. **July 9, 2025** – Data production by all parties shall be complete. Data production leading up to this deadline should occur on a rolling basis.

5. **August 6, 2025** – Custodial and non-custodial document production by all parties shall be complete. Document production leading up to this deadline should occur on a rolling basis.

6. **July 18, 2025** – Deadline for Track 22 Plaintiff to identify (i) the prescriptions it (and its experts) conclude caused it the harm for which it seeks relief; (ii) the methodology or methodologies it (and its experts) used to reach such a conclusion; and (iii) the electronic scripts or analytical programs used by Plaintiff and/or its experts to implement that methodology.

    7.    **October 29, 2025** – To the extent not already produced, PBM defendants shall produce "notes fields" data as defined in this Court's May 10, 2021 Amended Order Regarding Red Flag Prescriptions and Associated Notes Field Data. *See* Rec. Doc. No. 3726 at 2 n.1. The parties shall raise any disputes regarding notes fields with Special Master Cohen as soon as reasonably possible.

    8.    **January 21, 2026** – Close of fact discovery.[7]

**H.**    **Depositions**

    1.    Track 22 Plaintiff may take **17 depositions** of each PBM defendant family. The Court will consider motions for leave to take additional depositions for good cause.

    2.    The PBM Defendants collectively may take **20 fact witness depositions** of Track 22 Plaintiff. The Court will consider motions for leave to take additional depositions for good cause.

    3.    In addition to the fact witnesses above, Plaintiff may conduct **10 hours** of 30(b)(6) witness depositions of each individual PBM defendant family. The Court will consider motions for leave to take additional 30(b)(6) depositions for good cause.

    4.    The PBM Defendants collectively may conduct **14 hours** of 30(b)(6) witness depositions of Track 22 Plaintiff.

    5.    The Court's instructions on deposition length, questioning, third party depositions, and the deposition protocol contained in Sections G.4, G.5., G.6., and

---

[7] Notwithstanding the close of fact discovery, if a party lists a witness for trial who has not been deposed prior to trial, any opposing party may seek leave to depose the witness prior to the witness's trial testimony.

8

G.7. of the Court's December 28, 2023 Order, Rec. Doc. No. 5282, shall apply equally to Track 22.

**I.** **Expert Discovery**

1. **March 4, 2026** – Track 22 Plaintiff's Deadline to serve expert reports on all issues except abatement remedies, and, for each expert, provide two proposed deposition dates between **March 25, 2026** and **April 29, 2026**.

2. **June 3, 2026** – The PBM Defendants shall serve expert reports on all issues except abatement, and, for each expert, provide two proposed deposition dates between **June 24, 2026** and **August 5, 2026**.

3. If any expert reports rebutting responsive reports are served, they shall be served **21 days** after the deposition of the responsive expert, and any materials relied on by the rebutting expert shall be produced within 7 days of serving the rebuttal reports, and the parties shall meet and confer regarding the timing of rebuttal expert depositions and an extension of the deadlines to file dispositive and *Daubert* motions.

**J.** **Dispositive and *Daubert* Motions**

1. **August 5, 2026** – Deadline to meet and confer on page limits for dispositive and *Daubert* motions, and mechanisms to avoid unnecessarily lengthy or duplicative briefing. If the parties do not reach full agreement, they will submit their positions to the Court by this deadline.

2. **August 26, 2026** – Deadline to file *Daubert* and dispositive motions.

3. **October 5, 2026** – Deadline to file responses to *Daubert* and dispositive motions.

9

    4.      **October 19, 2026** – Deadline for replies in support of *Daubert* and dispositive motions

**K.**    <u>**Motions *in limine*:**</u>

This Court does not intend to rule on motions in limine prior to remand. However, this Court may provide evidentiary rulings to the transferee court for that court's adoption or rejection as it deems appropriate. This Court may make certain evidentiary rulings while addressing other pretrial motions that could control or impact subsequent motions *in limine.*

**L.**    <u>**Filings Under Seal**</u>

For any filings to be made under seal (or with redactions) the parties shall follow the process and adhere to the standards previously outlined in docket numbers 1719 and 1813, with the exception that any party or non-party whose Confidential Information is contained in a filing shall have seven days to inform the filing party whether they request any redaction or filing under seal, and by that time will provide the information required by paragraph 3 (on page 2) of docket number 1719.

    **IT IS SO ORDERED.**

                                                <u>*/s/ Dan Aaron Polster*</u>
                                                **DAN AARON POLSTER**
                                                **UNITED STATES DISTRICT JUDGE**

**DATED**: December 23, 2024