**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>**THIS DOCUMENT RELATES TO:**<br><br>*ALL THIRD PARTY PAYOR ACTIONS* | MDL 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster |

**DECLARATION OF DONALD E. HAVILAND, JR., ESQUIRE**
**IN SUPPORT OF REPLY MEMORANDUM**

1. Donald E. Haviland, Jr. am the Managing Partner of the law firm of Haviland Hughes headquartered 124 S. Maple Avenue, Suite 220, Ambler, Pennsylvania, 19002.

2. My admission to practice in this Court *pro hac vice* has been granted by this Court.

3. The following facts are based upon my personal knowledge and information. I would testify truthfully in court as to these facts if called upon to do so.

4. My law firm was retained to represent the interests of 3 third-party payors (TPPs) in seeking to belatedly opt out of the class action settlement after the initial deadline for the filing of opt outs had passed.

5. Specifically, Haviland Hughes was retained by OPCMIA 526 Combined Funds on November 11, 2024, IBEW 126 on November 25, 2024, and Big Spring School District on December 3, 2024. The retention of Haviland Hughes is evidenced by an exchange of writings with each client.

6. Haviland Hughes did not have any prior representation of any of the 3 above funds prior to being retained for purposes of this matter.

7. I understand that none of the 3 above TPPs received any notice of the MDL TPP class settlement from the MDL, either in the form of any email for postcard notice sent to addresses for the funds.

8. Haviland Hughes represents the Delaware Valley Healthcare Coalition (DVHCC) located in Pennsylvania.

9. The 3 above funds were all members of the DVHCC at one time.

10. However, neither OPCMIA 526 nor IBEW 126 received any communication from the

DVHCC about the MDL TPP class action settlements. I personally confirmed the same with administrative staff of the DVHCC today.

11. While Big Spring School District received notice of the MDL settlement from the DVHCC, I understand from School District's new Solicitor (as of this year), Thomas King, Esquire, that the school district was unclear as to whether it was a member of the settlement class and whether it needed to act to either opt out or stay in the settlement class.

12. As for Big Spring, it was not until December 2024 that the School District concluded it was a member of the settlement class (by reason of the class definition and exclusion) and made the decision to opt out with appropriate approval by the Solicitor and the School Board.

13. As for OPCMIA 526 and IBEW 126, both TPPs sought and obtained approval of their respective leadership, including their Boards of Trustees, in making the decision to opt out. Such opt out decision was communicated to Haviland Hughes in conjunction with the decision to retain Haviland Hughes.

14. I understand that the opt out decision was made by each of the 3 above TPPs after appropriate discussions with relevant stakeholders (including executives, attorneys and Boards) to determine if opting out was a prudent decision for the TPP. The TPPs immediately took appropriate steps to determine if they were included within the settlement class definition, and therefore needed to make a decision whether to stay or opt out. After such decision was made, they retained Haviland Hughes to assist them in exercising their respective opt-out rights, including filing the Motion for Leave.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

/s/ Donald E. Haviland. Jr., Esquire            .

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>**THIS DOCUMENT RELATES TO:**<br><br>*ALL THIRD PARTY PAYOR ACTIONS* | MDL 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster |

**DECLARATION OF DONALD E. HAVILAND, JR., ESQUIRE
IN SUPPORT OF REPLY MEMORANDUM**

1. Donald E. Haviland, Jr. am the Managing Partner of the law firm of Haviland Hughes headquartered 124 S. Maple Avenue, Suite 220, Ambler, Pennsylvania, 19002.

2. My admission to practice in this Court *pro hac vice* has been granted by this Court.

3. The following facts are based upon my personal knowledge and information. I would testify truthfully in court as to these facts if called upon to do so.

4. My law firm was retained to represent the interests of 3 third-party payors (TPPs) in seeking to belatedly opt out of the class action settlement after the initial deadline for the filing of opt outs had passed.

5. Specifically, Haviland Hughes was retained by OPCMIA 526 Combined Funds on November 11, 2024, IBEW 126 on November 25, 2024, and Big Spring School District on December 3, 2024. The retention of Haviland Hughes is evidenced by an exchange of writings with each client.

6. Haviland Hughes did not have any prior representation of any of the 3 above funds prior to being retained for purposes of this matter.

7. I understand that none of the 3 above TPPs received any notice of the MDL TPP class settlement from the MDL, either in the form of any email for postcard notice sent to addresses for the funds.

8. Haviland Hughes represents the Delaware Valley Healthcare Coalition (DVHCC) located in Pennsylvania.

9. The 3 above funds were all members of the DVHCC at one time.

10. However, neither OPCMIA 526 nor IBEW 126 received any communication from the

DVHCC about the MDL TPP class action settlements. I personally confirmed the same with administrative staff of the DVHCC today.

11.  While Big Spring School District received notice of the MDL settlement from the DVHCC, I understand from School District's new Solicitor (as of this year), Thomas King, Esquire, that the school district was unclear as to whether it was a member of the settlement class and whether it needed to act to either opt out or stay in the settlement class.

12.  As for Big Spring, it was not until December 2024 that the School District concluded it was a member of the settlement class (by reason of the class definition and exclusion) and made the decision to opt out with appropriate approval by the Solicitor and the School Board.

13.  As for OPCMIA 526 and IBEW 126, both TPPs sought and obtained approval of their respective leadership, including their Boards of Trustees, in making the decision to opt out. Such opt out decision was communicated to Haviland Hughes in conjunction with the decision to retain Haviland Hughes.

14.  I understand that the opt out decision was made by each of the 3 above TPPs after appropriate discussions with relevant stakeholders (including executives, attorneys and Boards) to determine if opting out was a prudent decision for the TPP. The TPPs immediately took appropriate steps to determine if they were included within the settlement class definition, and therefore needed to make a decision whether to stay or opt out. After such decision was made, they retained Haviland Hughes to assist them in exercising their respective opt-out rights, including filing the Motion for Leave.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

/s/ Donald E. Haviland. Jr., Esquire             .

# EXHIBIT B

**OPT-OUT FORM**
*In re: National Prescription Opiate Litigation*, No. 1:17-md-2804

I, Ken Harmon, is Business Manager of OPCMIA 526 Combined Funds, Inc. (the "Fund"). Under penalty of perjury, I am a legally authorized representative of the below-identified Fund, a TPP Class Member, who has authority to exclude the Fund from the Settlement:

> OPCMIA 526 Combined Funds, Inc.
> 1900 Andrew Street
> Munhall, PA 15120

The Fund is a TPP Class Member by reason of having satisfied the prerequisites of the TPP Class definition, including having paid and/or reimbursed for opioid prescription drugs manufactured, marketed, sold, distributed, or dispensed by any of the Defendants and/or Opioid Supply Chain Members for purposes other than resale during the time period from January 1, 1996 through September 2024. The Fund wishes to be excluded from the TPP Class. The Fund is, or may become, a part of the case filed by Plumbers Local Union No. 690 Health Plan in the Court of Common Pleas of Delaware County, Pennsylvania, Case No. CV-2019-007625. Any further contact about this Opt-Out Form should be directed to Fund counsel identified below.

By: _____
Ken Harmon
Business Manager
OPCMIA 526 Combined Funds, Inc.
1900 Andrew Street
Munhall, PA 15120

> Counsel for the Fund
> Donald E. Haviland, Jr., Esquire
> haviland@havilandhughes.com
> William H. Platt II, Esquire
> platt@havilandhughes.com
> **Haviland Hughes**
> 124 S. Maple Ave., Suite 220
> Ambler, Pa. 19002
> 215·609·4661 telephone
>
> Elizabeth F. Charles, Esq.
> **Stephen J. O'Brien & Associates**
> 650 Ridge Road, Suite 400
> Pittsburgh, PA 15205
> liz@sobrienlaw.com
> 412-788-7560 (office)
> 412-788-7563 (fax)

## OPT-OUT FORM
### *In re: National Prescription Opiate Litigation*, No. 1:17-md-2804

      I, Richard I. Muttik, am the Fund Administrator of the IBEW 126 Health & Welfare Fund (the "Fund"). Under penalty of perjury, I am a legally authorized representative of the below-identified Fund, a TPP Class Member, who has authority to exclude the Fund from the Settlement:

IBEW 126 Health & Welfare Fund
3455 Germantown Pike
Collegeville, PA 19426

      The Fund is a TPP Class Member by reason of having satisfied the prerequisites of the TPP Class definition, including having paid and/or reimbursed for opioid prescription drugs manufactured, marketed, sold, distributed, or dispensed by any of the Defendants and/or Opioid Supply Chain Members for purposes other than resale during the time period from January 1, 1996 through September 2024. The Fund wishes to be excluded from the TPP Class. The Fund is, or may become, a part of the case filed by Plumbers Local Union No. 690 Health Plan in the Court of Common Pleas of Delaware County, Pennsylvania, Case No. CV-2019-007625. Any further contact about this Opt-Out Form should be directed to Fund counsel identified below.

_[signature]_

Richardd I. Muttik, Business Manager/
Financial Secretary
IBEW 126 Health & Welfare Fund
3455 Germantown Pike
Collegeville, PA 19426
Local126@ibewlu126.com
610-489-1185

Outside Counsel for the Fund:
Donald E. Haviland, Jr., Esquire
haviland@havilandhughes.com
William H. Platt II, Esquire
platt@havilandhughes.com
**Haviland Hughes**
124 S. Maple Ave., Suite 220
Ambler, Pa. 19002
215-609-4661 telephone