UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*City of Rochester v. Purdue Pharma, L.P.*, No. 19-op-45853 (Track 12) | Case No.: 17-MD-2804<br><br>Judge: Dan Aaron Polster |

**PBM DEFENDANTS' MOTION FOR STAY PENDING MANDAMUS PETITION**

Defendants Express Scripts, Inc., ESI Mail Pharmacy Services, Inc., and OptumRx, Inc. and its affiliates[1] ("**Defendants**") respectfully request that the Court stay its orders compelling the disclosure of (1) Express Scripts internal-investigation and audit documents containing legal advice on compliance with federal and state law (Dkt. No. 5832) (the "**Privilege Order**") and (2) documents from all Track 12 deponents' personnel files (Dkt. No. 5833) (the "**Personnel Files Order**"),[2] pending resolution of Defendants' forthcoming mandamus petition. Given the significant legal issues implicated by the orders and the sensitivity of the subject information, Defendants intend to seek a writ of mandamus vacating those orders in the next several days. As

---

[1] In accordance with a stipulation between the parties (Dkt. No. 5364), Defendants OptumInsight, Inc. and OptumInsight Life Sciences, Inc., as well as Non-Parties UnitedHealth Group Incorporated, Optum, Inc., OptumInsight, Inc., OptumInsight Life Sciences, Inc., OptumRx Discount Card Services, LLC, Optum Perks, LLC, OptumHealth Care Solutions, LLC, OptumHealth Holdings, LLC, and Optum Health Networks, Inc. are participating in discovery without waiving any jurisdictional defenses. All of those entities join OptumRx, Inc. in bringing this motion.

[2] Specifically, the Court affirmed Special Master Cohen's ruling that the parties are required to produce the deponent's CV, a list of each position held by the witness (including title, dates of employment, job description, position qualification, education, licenses, prior work experience, salary, bonuses, professional memberships, and an employee manual covering the employee's group or practice area), and all performance reviews, including formal reviews, commendations or awards, training certificates, disciplinary records, employee contracts, and separation agreements.

detailed below, a stay pending resolution of that petition is warranted because (1) Defendants are likely to succeed on the merits of their petition; (2) they will be irreparably injured absent a stay; (3) Plaintiff will not be injured by a stay; and (4) the public interest favors a stay. *Nken v. Holder*, 556 U.S. 418, 433–34 (2009).

Defendants respectfully request that the Court expedite its ruling on this motion and issue a decision by January 3, 2025, since the affected documents will otherwise need to be produced starting on January 7, 2025. At a minimum, Defendants respectfully request that the Court temporarily stay the contested orders until the Sixth Circuit has an opportunity to consider a motion for stay under Federal Rule of Appellate Procedure 8.

I. **ALL FOUR *NKEN* FACTORS WARRANT A STAY PENDING DEFENDANTS' PETITION FOR WRIT OF MANDAMUS**

To determine whether to stay an order pending appellate review, courts consider: (1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Nken*, 556 U.S. at 434. "These factors are balanced; when a greater showing of irreparable harm in the absence of a stay is made, a lesser showing of the likelihood of success on the merits is necessary to support a stay." *Nwakanma v. Ashcroft*, 352 F.3d 325, 327–28 (6th Cir. 2003); *see also Sierra Club v. Tenn. Dep't of Env't & Conservation*, 2024 WL 4472048, at *3 (6th Cir. Oct. 11, 2024) (same). All four factors favor staying the Privilege Order and the Personnel Files Order until the Sixth Circuit has considered the forthcoming petition for writ of mandamus.

A. **Defendants Are Likely To Succeed On The Merits Of Their Forthcoming Mandamus Petition.**

For a stay to issue, Defendants must "show, at a minimum, serious questions going to the merits." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th

2

Cir. 1991) (citation omitted). That factor is satisfied here because Defendants have shown—at the very least—serious questions going to the merits of this Court's orders regarding the scope of attorney-client privilege and the production of deponent personnel files.

1. <u>Express Scripts' Challenge To The Privilege Order Is Likely To Succeed.</u>

Express Scripts is likely to prevail on the merits. This Court's Privilege Order is inconsistent with *Upjohn Co. v. United States*, which held that attorney-client communications occurring during a corporate internal investigation "concerning compliance with securities and tax laws, foreign laws, currency regulations, duties to shareholders, and potential litigation in each of these areas" were privileged. 449 U.S. 383, 392, 394 (1981). The D.C. Circuit applied *Upjohn* to attorney-client communications indistinguishable from those here, recognizing that they may have both legal and business purposes but holding that they were privileged in light of the significant legal purposes. *In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 759–60 (D.C. Cir. 2014). Although this Court rejected the D.C. Circuit's reasoning, Dkt. No. 5053 at 7, multiple district courts in this Circuit have followed it and held that the attorney-client privilege protects advice from counsel regarding regulatory compliance. *Myers v. City of Centerville*, 2023 WL 195427, at *4 (S.D. Ohio Jan. 17, 2023) ("It is well-established that 'the attorney-client privilege protects confidential employee communications made during a business's internal investigation led by company lawyers.'") (quoting *Kellogg*, 756 F.3d at 756); *Lee v. EUSA Pharma US LLC*, 2024 WL 250064, at *4 (E.D. Mich. Jan. 23, 2024) (applying *Kellogg* to find privilege applied to internal investigation); *Edwards v. Scripps Media, Inc.*, 2019 WL 2448654, at *1–2 (E.D. Mich. June 10, 2019) (same). This Court's Privilege Order thus presents an intra-circuit split among Sixth Circuit district courts that—at the very least—raises serious questions about the merits of the Order.

Although the presence of that serious question alone suffices to support a stay under *Nken*, *Antonio v. Garland*, 38 F.4th 524, 527 (6th Cir. 2022), there is also a strong prospect that the Sixth Circuit will agree with the D.C. Circuit and the other district courts in the Circuit on this issue. The Sixth Circuit has not yet had the opportunity to address *Kellogg*, but it adopted the "predominant purpose" test from *In re County of Erie*, which held that "[w]hen a lawyer has been asked to assess compliance with a legal obligation, the lawyer's recommendation of a policy that complies (or better complies) with the legal obligation—or that advocates and promotes compliance, or oversees implementation of compliance measures—is legal advice." 473 F.3d 413, 423 (2d Cir. 2007); *see also Cooey v. Strickland*, 269 F.R.D. 643, 650 (S.D. Ohio 2010) (same). That reasoning is inconsistent with this Court's reasoning that legal advice provided primarily to guide compliance with legal obligations is not privileged. Express Scripts therefore has a likelihood of success sufficient to warrant a stay of the Privilege Order.

    2.  <u>Defendants' Challenge To The Personnel Files Order Is Likely To Succeed.</u>

The Personnel Files Order also raises serious legal questions about (1) whether a Court can compel production of nonparty witness personnel files absent a formal discovery request for those documents; (2) what standard governs requests for nonparty personnel files in the Sixth Circuit; and (3) whether a party seeking personnel files of a nonparty must establish relevance for each individual whose files are requested or whether a blanket order requiring production of personnel files for every deponent in a case (before the deponents are even determined) is ever appropriate.

The Sixth Circuit and district courts within the Circuit have held that courts cannot compel the production of documents unless the documents are first sought through a formal Rule 34 request. *McDermott v. Cont'l Airlines, Inc.*, 339 F. App'x 552, 560 (6th Cir. 2009) (holding that a party may move to compel the production of documents "only if [the opposing party] failed to produce documents 'requested under Rule 34'") (quoting Fed. R. Civ. P. 37(a)(3)(B)(iv)); *Ward*

4

*v. Am. Pizza Co.*, 279 F.R.D. 451, 454 (S.D. Ohio 2012) ("Before moving the Court for an order directing [defendant] to produce any discovery, [plaintiff] must first serve [defendant] with a request for discovery."); *Nilavar v. Mercy Health Sys. W. Ohio*, 210 F.R.D. 597, 610 (S.D. Ohio 2002) (similar). There is no dispute that Plaintiffs never served a Rule 34 request for deponent personnel files. The Court nevertheless excused that failing on the grounds that it "could" allow Plaintiffs to serve a request. Personnel Files Order at 2. But even now, no request for personnel files has been served. The Sixth Circuit is likely to hold the Personnel Files Order violates the processes established by the Federal Rules.

The Sixth Circuit is also likely to hold that Plaintiffs failed to meet their burden of establishing the relevance of personnel files for every deponent in this case, including deponents not yet identified. In briefing, the parties disagreed about the standard governing requests for nonparty personnel files, with the PBM Defendants arguing the personnel files of non-parties "should not be ordered produced except upon a *compelling showing* of relevance" by the requesting party. *Johnson v. Guardsmark LLC*, 2008 WL 11380093, at *2 (N.D. Ohio Jan. 14, 2008) (emphasis added) (quoting *Miller v. Fed. Express Corp.*, 186 F.R.D. 376, 384 (W.D. Tenn. 1999)). The Court applied a lesser standard, finding that personnel files "for all deponents are relevant" because it will expedite the questioning at depositions and help determine witness bias. Personnel Files Order at 2. That holding conflicts with the standard applied by other courts within the Sixth Circuit, as well as decisions by other MDL courts holding that a request for personnel files requires "an individualized showing of relevancy, proportionality, and particularity," and that a "broadly sketched" theory of relevance and "the ever-present search for evidence of witness bias" are insufficient to compel disclosure of complete personnel files for all deponents across the board. *In re: Xarelto Prods. Liab. Litig.*, 313 F.R.D. 32, 36–38 (E.D. La. 2016); *see also In re:*

5

*Zoloft Prods. Liab. Litig.*, 12-md-02342, slip op. at 2, Dkt. No. 1148 (E.D. Pa. Feb. 18, 2015) (denying motion to compel personnel files because plaintiff failed to make an "individualized review of the circumstances related to the particular employees or ex-employees and of the issues to which the facts of their employment relate").

> **B. Defendants Will Be Irreparably Harmed By Forced Disclosure Of Privileged And Private Documents.**

Defendants will be irreparably harmed by the disclosure of the privileged and confidential documents at issue. The Sixth Circuit "has noted . . . the inherent harmfulness resulting from the discovery of privileged communications" and has stayed discovery orders pending mandamus review on just that basis. *In re Lott*, 139 F. App'x 658, 662 (6th Cir. 2005) (granting immediate stay of discovery pending further consideration of a mandamus petition); *see also In re Perrigo Co.*, 128 F.3d 430, 437 (6th Cir. 1997) ("We find, as have several courts, that forced disclosure of privileged material may bring about irreparable harm."). Because the attorney-client privilege "operates to prevent the disclosure itself," a "[m]andatory disclosure of the communications" causes "the exact harm the privilege is meant to guard against." *In re Lott*, 424 F.3d 446, 451 (6th Cir. 2005). And adequate relief after the disclosure is not possible; "[t]he damage to the attorney-client relationship will have already been done by the disclosure itself," *id.*, because there "is no way to unscramble the egg scrambled by the disclosure," *Lott*, 139 F. App'x at 662 (citation omitted).

The inherent injury posed by forced disclosure of privileged materials, moreover, is not limited to the 14 documents referenced in the Privilege Order. Spurred by this Court's order, the PEC transmitted a letter to Express Scripts on December 30, 2024, demanding that Express Scripts "self-downgrad[e] hundreds if not thousands of" privileged documents and produce those documents by January 7, 2025. Letter from Anthony D. Irpino to Express Scripts (Dec. 30, 2024)

6

(attached as **Exhibit A**). Although Express Scripts disputes the assertions in that letter, the PEC's increasing demands illustrate the breadth of the Privilege Order and the propriety of a brief stay pending review of the mandamus petition.

Defendants, and their current and former employees noticed for deposition, will also be irreparably harmed by the disclosure of sensitive documents from deponent personnel files before the Sixth Circuit has considered the forthcoming petition for writ of mandamus. The Sixth Circuit has recognized that "defendants ha[ve] a valid interest in the privacy of nonparty personnel files." *Knoll v. AT&T*, 176 F.3d 359, 365 (6th Cir. 1999). Like with the disclosure of privilege materials, the infringement of that privacy interest will occur as soon as the personnel files are disclosed, particularly in a case like this one where hundreds of attorneys have access to the MDL repository and the ability to review documents even with the highest confidentiality designations.

### C. Plaintiff Will Not Suffer Injury From A Stay.

Plaintiff will not suffer injury if the Court stays the discovery orders at issue. As to the Privilege Order, Plaintiff has largely failed to explain why or how the disputed documents will support its claims. Dkt. 5508 at 17–18. In fact, Plaintiff has admitted that "it is hard to imagine that the fourteen documents the Special Master ordered produced will lengthen the proceedings (summary judgment or trial) in any material manner in this complex case." Dkt. No. 5808 at 17. And Plaintiff concedes that it is entirely speculative at this point whether they will even rely on the disputed documents. *Id.* at 18. Accordingly, Plaintiff will not suffer any injury if this Court issues a stay. In contrast, the harm to the attorney-client privilege is immediate and concrete. *Lott*, 424 F.3d at 451.

Plaintiff will also not suffer prejudice if the Court stays the Personnel Files Order pending the Sixth Circuit's review. As the Special Master observed, the witnesses currently scheduled for deposition are not individuals who were compensated based on any opioid-related work. On the

7

contrary, this Court held that producing personnel files would simply streamline the deposition by helping Plaintiffs "focus their questions" and avoid "wasting time on irrelevant probing questions." Personnel Files Order at 2. The only consequence of staying enforcement of the Personnel Files Order is that Plaintiffs would simply have to ask the sorts of questions that plaintiffs routinely ask in depositions when the examiner does not have the deponent's personnel file.

        **D.**       **The Public Interest Warrants A Stay.**

The public interest in protecting the attorney-client privilege and the confidentiality of private personnel records also warrants a stay. "It is not hyperbole to suggest that the attorney-client privilege is a necessary foundation for the adversarial system of justice." *Lott*, 424 F.3d at 450. "[T]he scope of the attorney-client privilege is a matter that is inherently linked to the 'public end' of adequate legal representation." *Lott*, 139 F. App'x at 662. In light of the public interests involved, the Sixth Circuit has granted the extraordinary relief of mandamus to clarify the scope of the privilege: "An uncertain privilege—or one which purports to be certain, but rests in widely varying applications by the courts—is little better than no privilege." *Lott*, 424 F.3d at 450 (citation omitted). As discussed, *supra*, the Court's privilege ruling identified an area of uncertainty in the law, Dkt. No. 5053 at 7, and it perpetuates an intra-circuit split among Sixth Circuit district courts. *See, e.g.*, *Edwards*, 2019 WL 2448654, at *1; *Myers*, 2023 WL 195427, at *4; *Lee*, 2024 WL 250064, at *4. In light of the public interest in a clear and predictable attorney-client privilege, the Sixth Circuit will want an opportunity to "[a]ddress[] these issues now . . . to provide district courts with guidance on such matters in the future." *John B. v. Goetz*, 531 F.3d 448, 461 (6th Cir. 2008) (granting mandamus). The public interest therefore warrants a stay of the Privilege Order.

As already noted, the Sixth Circuit recognizes that "defendants ha[ve] a valid interest in the privacy of nonparty personnel files." *Knoll*, 176 F.3d at 365. Defendants' current and former employees who may be deposed—individuals who are not parties to the litigation—also have an

8

interest in prohibiting the disclosure of sensitive information from their personnel files. Staying the Personnel Files Order ensures those interests are protected until the Sixth Circuit can determine whether the Court's blanket order compelling production of those materials was proper.

## II. AT A MINIMUM, THE COURT SHOULD GRANT AN ADMINISTRATIVE STAY TO ALLOW THE SIXTH CIRCUIT TO CONSIDER A STAY.

If the Court is not inclined to issue a stay pending resolution of Defendants' forthcoming mandamus petition, Defendants respectfully request that the court temporarily stay the orders until the Sixth Circuit has an opportunity to consider a motion for stay under Federal Rule of Appellate Procedure 8. That limited step would ensure that the Sixth Circuit is afforded sufficient time to address Defendants' stay request before the documents are produced on January 7, 2025, in advance of the depositions scheduled for January 10, 2025.

## CONCLUSION

For the reasons stated herein Defendants respectfully request an expedited stay of the Court's Privilege and Personnel File Orders by January 3, 2025.

9

Dated: December 31, 2024

*/s/ Jonathan G. Cooper*
Jonathan G. Cooper
Christopher G. Michel
Michael J. Lyle
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
1300 I St. NW, Suite 900
Washington, DC 20005
Tel: (202) 538-8000
jonathancooper@quinnemanuel.com
chrismichel@quinnemanuel.com
mikelyle@quinnemanuel.com

*Attorneys for Express Scripts Inc. and ESI Mail Pharmacy Services, Inc.*

*/s/ Brian D. Boone*
Brian D. Boone
**ALSTON & BIRD LLP**
Vantage South End
1120 South Tryon Street
Suite 300
Charlotte, NC 28203
Tel: (704) 444-1000
brian.boone@alston.com

*Attorneys for Defendants OptumRx, Inc., OptumInsight, Inc., and OptumInsight Life Sciences, Inc. and for Non-Parties UnitedHealth Group Incorporated; Optum, Inc.; OptumInsight, Inc.; OptumInsight Life Sciences, Inc.; OptumRx Discount Card Services, LLC; Optum Perks, LLC; OptumHealth Care Solutions, LLC; OptumHealth Holdings, LLC; and Optum Health Networks, Inc.*