# EXHIBIT A



December 30, 2024

**VIA ELECTRONIC MAIL**
Counsel for Express Scripts (esi-opioids@quinnemanuel.com)

Re:     *In re: National Prescription Opiate Litigation*, MDL No. 2804
         PEC's Challenges to Express Scripts' Privilege Claims

Dear Counsel for Express Scripts:

This letter serves as a reminder of Express Scripts' duty to downgrade its privilege claims which are similar to or emblematic of those privilege claims that were overruled as the result of DR 14-33 (Doc. #: 5767), and the Order overruling ESI's objection to DR 14-33 (Doc. #: 5832).

As set forth in the 10/29/2019 Privilege Order:

To the extent that any such claims or redactions are downgraded, modified, or withdrawn by the Designating Party, as a result of the meet-and-confer process outlined in Paragraph B.1 or on its own accord, the Designating Party shall, within fifteen (15) days, or within a time frame as agreed to by the Challenging and Designating Parties, or as ordered by the Special Master or the Court, apply any such downgrades, modifications, or withdraws to any other similar or emblematic claims or redactions, and provide written notice to the Challenging Party regarding which other privilege claims, privilege redactions, other redactions, or work product claims have been downgraded, modified, or withdrawn by the Designating Party.  *See* Doc. #: 2882 at p. 5, ⁋ B.2.

Various other orders and rulings confirm that Express Scripts must apply the determinations from DR 14-33 across ESI's privilege logs and downgrade privilege claims accordingly.  *See, e.g.,* Doc. #: 3633.  As such, it is incumbent upon Express Scripts to "self-

downgrade" its other similar or emblematic privilege claims consistent with the findings of DR 14-33 and the Order overruling ESI's objection to DR 14-33.  *Id.*

The PEC hereby further advises that Express Scripts' self-downgrading needs to account for the fact that, as found by the Court, ESI has in a significant respect misapplied privilege.  *See* Doc. #: 5832 at p. 1 ("Express Scripts begins its Objection by asking this Court to reconsider its long-standing interpretation and application of controlling Sixth Circuit privilege law. The Court declines to do so.").  Similarly, Express Scripts must also consider the Court's confirmations that documents/communications which serve a primary purpose of guiding the regular business practices of the entity are not privileged, and that compliance recommendations from attorneys which can otherwise be given by a non-lawyer should not be redacted/withheld as privileged.  *Id.* at p. 3.  Considering the findings of DR 14-33 and the Order overruling Express Scripts' objection to same, the PEC expects ESI to be self-downgrading hundreds if not thousands of privilege claims it has made.

The PEC requests a written update from Express Scripts regarding the status and timeline for ESI to downgrade, modify and/or withdraw its privilege claims (and produce the underlying documents by 1/7) which are similar to and/or emblematic of the privilege claims as outlined above.

Sincerely,

/s/ Anthony D. Irpino

Anthony D. Irpino

cc: (via e-mail)
Plaintiffs' Counsel