UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| This Documents Relates To: | Case No. 17-MD-2804 |
| *City of Rochester v. Purdue Pharma, L.P.*, No. 19-op-45853 (Track 12) | Judge Dan Aaron Polster |

### PEC'S RESPONSE TO MOTION TO STAY DISCOVERY ORDERS PENDING MANDAMUS PETITION

The PBMs motion to stay discovery pending resolution of a writ they have not yet filed is nothing short of harassment. This stay motion, filed at 9:00 pm on New Year's Eve and asking for a ruling two business days later without the courtesy of any pre-filing notice, claims defendants will be irreparably harmed because the Court's Orders require them to produce documents by January 7, 2025.

First, there is no basis for the Court to assess the likelihood of success on the merits of a writ that does not yet exist. Second, the urgency upon which the motion is based is of the PBMs' own making: the Court issued the subject rulings on December 23, 2024 and the PBMs *waited* until 9pm on December 31, 2024 (technically on January 2, 2025 since the Court was closed on December 31, and January 1, 2025), to file their motion to stay. If they were actually concerned about irreparable harm, it stands to reason that they would have filed the motion to stay and the "forthcoming mandamus petition" that they plan to file "in the next several days" right away. It is telling that the PBMs have chosen to start a New Year with this level of discourtesy and disruption, lacking any sound legal basis for the relief sought. With the PBMs, this has become par for the course, but

the Court should not tolerate this attempt to delay the discovery process, particularly when its rulings are based on established precedent.

For these reasons, Plaintiff asks that the Court reject Defendants' Motion to Stay and reiterate the January 7, 2025 discovery deadline.  If the Court would prefer full briefing on the issues raised, Plaintiff requests until January 9, 2025 to respond.

Dated: January 2, 2025						Respectfully submitted,

> Jayne Conroy
> SIMMONS HANLY CONROY
> 112 Madison Avenue, 7th Floor
> New York, NY 10016
> (212) 784-6400
> jconroy@simmonsfirm.com
>
> Joseph F. Rice
> MOTLEY RICE
> 28 Bridgeside Blvd.
> Mt. Pleasant, SC 29464
> (843) 216-9000
> (843) 216-9290 (Fax)
> jrice@motleyrice.com
>
> Paul T. Farrell, Jr., Esq.
> FARRELL & FULLER LLC
> 270 Munoz Rivera Ave., Suite 201
> San Juan, PR 00918
> (304) 654-8281
> paul@farrellfuller.com
>
> *Plaintiffs' Co-Lead Counsel*
>
> Peter H. Weinberger (0022076)
> SPANGENBERG SHIBLEY & LIBER
> 1001 Lakeside Avenue East, Suite 1700
> Cleveland, OH 44114
> (216) 696-3232
> (216) 696-3924 (Fax)
> pweinberger@spanglaw.com
>
> *Plaintiffs' Liaison Counsel*

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on this 2nd day of January, 2025, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through, the Court's CM/ECF System.

                                           s/Peter H. Weinberger
                                           Peter H. Weinberger