# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | **CASE NO. 1:17-MD-2804** |
| THIS DOCUMENT RELATES TO: | ) ) | **Judge Dan Aaron Polster** |
| *All Cases* | ) ) ) ) ) ) | **ORDER REGARDING** **PBM DEFENDANTS' MOTION FOR STAY** |

Recently, Special Master David R. Cohen issued two discovery rulings: (1) Discovery Ruling No. 14, Part 33 (docket no. 5767), which overruled ESI's claims of privilege regarding 14 internal regulatory compliance audit documents; and (2) an oral ruling on the record overruling the PBM defendants' objection to production of personnel files for certain deponents.  The PBMs objected to each of these Rulings, asking the undersigned to reverse the Special Master's conclusions.  *See* docket nos. 5795 & 5807. The Court overruled each of the objections and affirmed the Special Master. *See Order Overruling Express Scripts' Objection to the Special Master's Ruling Regarding Privilege Designations* (docket no. 5832) ("Privilege Order");  *Order Overruling the PBM's Objection to the Special Master's Ruling Regarding Production of Deponent Personnel Files* (docket no. 5833) ("Personnel Files Order").

The PBMs now ask the Court to "stay its orders compelling the disclosure of . . . [ESI's] audit documents  . . . and documents from all Track 12 deponents' personnel files . . . pending resolution of Defendants' forthcoming mandamus petition." Motion at 1 (docket no. 5838).  The PBMs explain they "intend to seek a writ of mandamus vacating [both the Privilege Order and Personnel Files Order] in the next several days," *id.*, and ask the Court "to issue a stay [of their

obligation to produce the documents at issue] pending resolution of Defendants' forthcoming mandamus petition," *id.* at 9.  The PBMs add that, in the alternative, "[i]f the Court is not inclined to issue a stay pending resolution of Defendants' forthcoming mandamus petition, Defendants respectfully request that the court temporarily stay the orders until the Sixth Circuit has an opportunity to consider a motion for stay under Federal Rule of Appellate Procedure 8."  *Id.*

For the reasons below, the Court **DENIES** the motion to stay the Personnel Files Order.  The Court **GRANTS** the motion to temporarily stay the Privilege Order until **noon on Tuesday, January 14, 2025.**  This short delay should give the Sixth Circuit an opportunity to consider a motion for stay, which the PBMs state they intend to file.

## I.      Analysis.

When determining whether to stay an order pending appellate review, a district court should consider four factors: (1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Nken v. Holder*, 556 U.S. 418, 434 (2009).  "The first two factors of the traditional standard are the most critical."  *Id.*

Regarding the first factor, the likelihood of success on the merits must be "strong"—"[i]t is not enough that the chance of success on the merits be 'better than negligible.'"  *Id.* The PBMs must "show, at a minimum, serious questions going to the merits." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991) (citation omitted). "In essence, a party seeking a stay must ordinarily demonstrate to a reviewing court that there is a likelihood of reversal."

*Id.* at 153.

Regarding the second factor, it is not enough to "simply show[] some 'possibility of irreparable injury.'" *Nken*, 556 U.S. at 434. "In evaluating the harm that will occur depending upon whether or not the stay is granted, [courts] generally look to three factors: (1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided." *Griepentrog*, 945 F.2d at 154. "The key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough." *Id.* (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)). Further, "the harm alleged must be both certain and immediate, rather than speculative or theoretical." *Id.*

In addition, the first two factors "are balanced; when a greater showing of irreparable harm in the absence of a stay is made, a lesser showing of the likelihood of success on the merits is necessary to support a stay." *Nwakanma v. Ashcroft*, 352 F.3d 325, 327–28 (6th Cir. 2003). Put differently, "[t]he probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiffs will suffer absent the stay. Simply stated, more of one excuses less of the other." *Griepentrog*, 945 F.2d at 153 (citation omitted).

### A.     Personnel Files Order

Regarding their objection to producing personnel files of deponents, the PBMs do not make a strong showing they are likely to succeed on the merits. As this Court noted, "the Federal Rules give the Court 'authority to order discovery of any matter relevant to the subject matter involved in the action for good cause.'" Personnel Files Order at 2 (quoting Fed. R. Civ. P. 26, Committee Notes on 2000 Amendment). Plaintiffs seek personnel files of the PBMs' employees and former employees

prior to their deposition. It cannot reasonably be argued that these files have ***no*** relevance; as another

MDL Court concluded, in a broad MDL-wide order, "If plaintiffs are armed with detailed

background information [contained in a deponent's personnel file], plaintiffs can focus their

questions on relevant areas rather than wasting time on irrelevant probing questions." *Id.* at 2

(quoting *In re: Benicar (Olmesartan) Prods. Liab. Litig.*, Master Docket. no. 15-2606 (D.N.J. March

24, 2016)). The PBMs' citation to a district court opinion sustaining objections to the production of

personnel files is of no moment. That some other courts have, in their discretion, weighed matters

differently and sustained objections to discovery requests for personnel files in other circumstances

does not remotely suggest the Sixth Circuit Court of Appeals is likely to reverse this Court's

discretionary Personnel Files Order. It is also worth noting two things: (1) the Court has repeatedly

seen meaningful and relevant evidence adduced in bellwether cases that was earlier produced as

discovery from personnel files; and (2) ***the same personnel file discovery obligation applies to***

***plaintiffs***.[1]

Further, the PBMs have not shown they or the deponents will suffer irreparable injury absent

a stay.  The PBMs note the Sixth Circuit has recognized that "defendants ha[ve] a valid interest in

---

[1] The PBMs also argue the Personnel Files Order is faulty because the Special Master excused plaintiffs' failure to "formally request" each deponent's personnel file pursuant to Fed. R. Civ. P. 34, and this Court affirmed.  *See* Motion at 5.  But "[t]here is a well-recognized common law maxim that 'the law will not indulge in idle formalities, or do vain or futile acts." *Kile v. Int'l Truck & Engine Corp.*, 399 F. Supp. 2d 829, 834 (M.D. Tenn. 2005); *see Bd. of Sup'rs of La. State Univ. v. Fleming*, 265 F.2d 736, 738 (5th Cir. 1959 ("[t]he law does not require the doing of a vain and useless thing").  Plaintiffs stated that, if necessary, they would seek leave to promulgate an additional discovery request for the personnel files. The Court ruled it "could now either: (1) construe Plaintiff's Response as a motion for leave to serve additional requests for production and grant it because it is well-taken; or (2) allow Plaintiffs to so move, which Plaintiffs have asserted they are prepared to do promptly."  Personnel Files Order at 2. The Court did the former, rather than require plaintiffs to file a formal discovery request. Thus, the PBMs' argument that they need not produce personnel files because of a procedural defect is not well-taken.

the privacy of nonparty personnel files." Motion at 7 (quoting *Knoll v. AT&T*, 176 F.3d 359, 365 (6th Cir. 1999)). But the information in personnel files that the *Knoll* court recognized as private is "highly personal information such as an individual's unlisted address and telephone number, marital status, wage information, medical background, credit history (such as requests for garnishment of wages), and other work-related problems unrelated to plaintiff's claims." *Id.* This is precisely the sort of information this Court has long stated could be redacted before production. *See* Personnel Files Order at 3 n.2 and n.3 (quoting similar provisions in existing protective orders, and clarifying that permitted redactions also include "Personal Identifying Information and Protected Health Information of current and former employees as well as the family members of those individuals").

Ultimately, the PBMs' request for emergency intervention by the Sixth Circuit regarding an everyday discovery matter borders on frivolous. The Court believes the PBMs are wasting this Court's and the Sixth Circuit's time with a mandamus petition regarding the discoverability of current and former employees' work background regarding compensation, discipline and commendations, job history, and so on.

In sum, the PBMs have not shown they are entitled to a stay of their discovery obligations imposed by the Personnel Files Order. Accordingly, their motion to stay the Personnel Files Order is **denied**.

### B.    Privilege Order

The PBMs' motion to stay the Court's Privilege Order is not frivolous, but the motion remains unconvincing. As described in the Privilege Order, the Special Master and the Court have

spent **the last seven years** weighing numerous claims of attorney-client privilege, advanced by several sophisticated defendants similarly-situated to the PBMs, regarding documents that incorporate communications about both legal and non-legal matters. *See* Privilege Order at 1-3. No other defendant sought any form of appellate review of those rulings. And as recently as 2023, the Sixth Circuit confirmed that the standard this Court has used repeatedly is the correct one. *Id.* at 2 (quoting *United States v. Roberts*, 84 F.4th 659, 670 (6th Cir. 2023), and *Alomari v. Ohio Dep't of Pub. Safety*, 626 F. App'x 558, 570 (6th Cir. 2015)). Other MDL Courts have also recognized that surgical application of privilege analysis is especially necessary in litigation involving the pharmaceutical industry. *Id.* at 3-4 (citing *In re Seroquel Prod. Liab. Litig.*, 2008 WL 1995058 at *7 (M.D. Fla. May 7, 2008) (Baker, M.J.); and *In re Vioxx Prod. Liab. Litig.*, 501 F.Supp.2d 789, 797 (E.D. La. 2007) (Fallon, J.)).

Moreover, the discrete legal rule the PBMs assert they will ask the Sixth Circuit to confirm on mandamus—that is, attorney-client privilege **always** protects advice regarding **regulatory compliance**, because it is always **legal** advice[2]—has been repeatedly rejected by other Courts, not just this MDL Court, as prior orders have made clear. *See, e.g., Fed. Trade Comm'n v. Abbvie, Inc.*, 2015 WL 8623076 at *9 (E.D. Pa. Dec. 14, 2015) ("attorney-client privilege does not apply . . . if the client seeks regulatory advice for a business purpose"). And "[w]hether the privilege exists is a fact-intensive inquiry." Personnel Files Order at 2 (quoting *BankDirect Cap. Fin., LLC v. Cap. Premium Fin., Inc.*, 326 F.R.D. 176, 180 (N.D. Ill. 2018)). All of this goes to highlight that the PBMs' likelihood of success on the merits of a future mandamus petition reversing the Privilege

---

[2] The PBMs' do not use this language, of course, but their arguments make clear that is their actual position.

Order is not "strong."  The PBMs are unlikely to show the Court employed an incorrect legal standard, and unlikely to show the Court abused its discretion as it undertook a careful document-by-document privilege analysis.[3]

That said, the PBMs do fare better on the second factor going to whether a stay should issue. The Sixth Circuit has "noted . . . the inherent harmfulness resulting from the discovery of privileged communications," finding that "forced disclosure of privileged material may bring about irreparable harm." *In re Lott*, 139 F. App'x 658, 662 (6th Cir. 2005) (quoting *In re Perrigo Co.*, 128 F.3d 430, 437 (6th Cir.1997)). If the PBMs' claim of privilege over the 14 documents at issue is actually correct (contrary to this Court's findings on both fact and law), but the PBMs must produce the documents, then the PBMs ***may*** suffer irreparable harm. And, as noted above, "when a greater showing of irreparable harm in the absence of a stay is made, a lesser showing of the likelihood of success on the merits is necessary to support a stay." *Nwakanma*, 352 F.3d at 327–28 (6th Cir. 2003). Nonetheless, "[a] stay is not a matter of right, ***even if*** irreparable injury might otherwise result." *Virginian R. Co. v. United States*, 272 U.S. 658, 672 (1926) (emphasis added).  It is instead "an exercise of judicial discretion," and "[t]he propriety of its issue is dependent upon the circumstances of the particular case." *Id.* at 672-73.

---

[3]  This is especially true with regard to the Special Master's conclusion, affirmed by the Court, that ESI did not carry its burden of making "a clear showing that counsel is acting in a professional legal capacity and that the document reflects legal, as opposed to business, advice." *Graff v. Haverhill N. Coke Co.*, 2012 WL 5495514 at *3-6 (S.D. Ohio Nov. 13, 2012). *See* Discovery Ruling at 7 (docket no. 5767) ("conclusory statements in a letter brief, or boilerplate phrases in a chart, do not carry the proponent's burden"). Even if the PBMs are correct that the Court employed the wrong legal standard for privilege when examining a document addressing both business and legal matters, appellate courts generally defer to a district court's ***factual*** assessment that, regardless of the standard, the movant failed to carry its burden of proof.

Even assuming that the third and fourth factors both weigh against a stay,[4] this Court concludes it is politic to grant a ***short*** stay of the Privilege Order.  Candidly, this conclusion is premised more than anything on this Court's respect for the Sixth Circuit Court of Appeals—this Court prefers that the Sixth Circuit receive the PBMs' future submission without the word "emergency" in the caption. Accordingly, the undersigned **GRANTS** the PBMs' motion for stay as follows:

The Privilege Order is stayed, and ESI is not required to produce the 14 documents at issue therein, until **noon on Tuesday, January 14, 2025.**  That deadline gives the PBMs enough time to file a motion for stay under Federal Rule of Appellate Procedure 8; and for the Sixth Circuit to consider it.

**IT IS SO ORDERED.**

/s/ ***Dan Aaron Polster***
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

**Dated:** January 3, 2025

---

[4] The third factor—whether issuance of the stay will substantially injure other parties—is either neutral or weighs against a stay, since delay in discovery will prevent the plaintiff from speedily obtaining the trial it seeks.  The fourth factor—where the public interest lies—is also either neutral or weighs against a stay, given "the great public interest in solving the opioid crisis."  *In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 937 (6th Cir. 2019) (cleaned up).