# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*City of Rochester v. Purdue Pharma, L.P.*, No. 19-op-45853 (Track 12) | MDL No. 2804<br><br>Case No. 1:17-md-02804-DAP<br><br>Judge Dan Aaron Polster |

### PBM DEFENDANTS' MOTION FOR CLARIFICATION REGARDING DECEMBER 23 ORDER OVERRULING OBJECTION TO PERSONNEL FILES ORDER

The PBM Defendants respectfully seek clarification as to whether they can redact two types of information in personnel files when it does not relate to prescription opioids: (1) compensation information and (2) "Performance Reviews" (as defined below). The PBM Defendants seek clarification of this issue because it affects whether they will seek mandamus.

The Special Master ordered the PBM Defendants to produce certain information from within personnel files, including (1) compensation information, and (2) "Performance Reviews," defined to include formal reviews, commendations or awards, training certificates, disciplinary records, and employee contracts and/or separation agreements. *See* Dkt. 5807-1 at 32:3–5 ("The short answer, Mr. Wasserman, is yes, compensation information has to be produced."); *id.* at 27:19–24 ("And so I'm ordering that the bullet points on Lanier page 3 [referring to page 3 of Dkt. 5807-6, which lists various types of materials, including "Performance Reviews"] . . . have to be produced."). And the Special Master ordered the information produced *even if it does not relate to opioids*. *Id.* at 27:19–24 ("not restricted by if they're talking about opioids"); *id.* at 29:20–30:2 (OptumRx counsel: "But the order that you're making is that we're not allowed to review those to assess whether or not any of his reviews related to opioid-related issues, but that we have to produce all performance reviews that he ever received during his 20-year tenure at the company,

and that's true for all employees? SPECIAL MASTER COHEN: Correct."). While the Special Master stated that the parties may redact "Social Security numbers, things like that," he was clear that "[t]here will be no redaction for relevance." *Id.* at 15:15–18; 27:19–24.

The PBM Defendants objected to the Special Master's ruling, and this Court overruled the PBM Defendants' objection without limitation on December 23. Dkt. 5833. As a result, the PBM Defendants understood that the Court's December 23 Order, like the Special Master's ruling, requires them to produce from within personnel files, among other things, compensation information and Performance Reviews that do not relate to prescription opioids.

But this morning, in ruling on the PBM Defendants' stay motion, the Court indicated that the PBM Defendants could redact such information. Specifically, the Court distinguished its ruling from the Sixth Circuit's decision in *Knoll v. AT&T*, 176 F.3d 359, 365 (6th Cir. 1999), observing that "the information in personnel files that the *Knoll* court recognized as private is 'highly personal information such as an individual's unlisted address and telephone number, marital status, **wage information**, medical background, credit history (such as requests for garnishment of wages), and **other work-related problems** unrelated to plaintiff's claims.'" Dkt. No. 5842 at 5 (emphasis added) (quoting *Knoll*, 176 F.3d at 365). The Court stated that "[t]his is precisely the sort of information this Court has long stated could be redacted before production." *Id.*

The PBM Defendants respectfully seek clarification of the Court's December 23 Order. Before today, the PBM Defendants understood that they could redact only protected health information and personal identifying information (like Social Security numbers). If, however, the PBM Defendants may also redact "wage information . . . and other work-related [information]" unrelated to prescription opioids, then the PBM Defendants will not seek mandamus relief or request an emergency stay from the Sixth Circuit with respect to the personnel file ruling.

2

Dated: January 3, 2025

| | |
|---|---|
| */s/ Brian Boone* | */s/ Jonathan Cooper* |
| Brian D. Boone | Jonathan G. Cooper |
| Emily McGowan | Michael J. Lyle |
| Brandon C.E. Springer | **QUINN EMANUEL URQUHART &** |
| **ALSTON & BIRD LLP** | **SULLIVAN, LLP** |
| Vantage South End | 1300 I St. NW, Suite 900 |
| 1120 South Tryon Street, Suite 300 | Washington, DC 20005 |
| Charlotte, NC 28203 | Tel: (202) 538-8000 |
| Tel: (704) 444-1000 | jonathancooper@quinnemanuel.com |
| brian.boone@alston.com | mikelyle@quinnemanuel.com |

*Attorneys for Express Scripts, Inc., Medco Health Solutions, Inc., and Express Scripts Administrators, LLC*

William H. Jordan
D. Andrew Hatchett
**ALSTON & BIRD LLP**
1201 West Peachtree Street NW, Suite 4900
Atlanta, GA 30309
Tel.: (404) 881-7000
bill.jordan@alston.com

*Attorneys for Defendant OptumRx, Inc.*