**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | |
| THIS DOCUMENT RELATES TO: | MDL No. 2804 |
| *Masiowski v. AmerisourceBergen Drug Corp., et al.*, No. 18-op-45985 | Case No. 1:17-md-2804 |
| | Judge Dan Aaron Polster |

**PHARMACY DEFENDANTS' MOTION TO STRIKE PLAINTIFF MASIOWSKI'S AMENDED EXHIBIT A TO HIS MOTION FOR LEAVE TO AMEND**[1]

Plaintiff Michael Masiowski's unauthorized "Notice of Filing Amended Exhibit A in Support of Plaintiff's Motion for Leave to Amend" (Doc. 5827) attempts to end-run this Court's multiple orders setting a firm and final deadline for all motions for leave to amend complaints by July 29, 2024. Without bothering to seek the Court's permission and without any attempt at an explanation, Masiowski's filing offers a wholesale revision of his original proposed amended complaint almost five months after the deadline.

The Court should strike this improper filing.

## Background

This Court set a final deadline for motions seeking leave to amend of July 29, 2024. Doc. 5522. Masiowski requested a 60-day extension to that deadline, which the Court denied. Doc. 5537.

---

[1] The Pharmacy Defendants for purposes of this motion include the following parties named in Masiowski's proposed amended complaint: CVS Health Corporation; The Kroger Co.; Walgreens Boots Alliance, Inc.; and Walmart Inc. This Court lacks personal jurisdiction over CVS Health Corporation (as opposed to other CVS entities), which joins this motion preserving and without waiving its personal jurisdiction defense. If this case were to proceed to Rule 12 motions, CVS Health Corporation will file a motion to dismiss for lack of personal jurisdiction as it has in other cases in the MDL. Walgreens Boots Alliance, Inc. likewise joins this motion subject to, and without waiving, its personal jurisdiction defenses.

Masiowski proceeded to file his motion for leave to amend, including a proposed amended complaint, on July 29. *See* Doc. 5582 & Doc. 33 in No. 18-45985. The Pharmacy Defendants have opposed Masiowski's motion, explaining that he cannot meet Rule 16(b)'s requirement that he show good cause for amending his complaint after the deadlines set forth in the Court's scheduling orders. *See* Doc. 5771. Masiowski filed his reply brief on November 25, 2024 (Doc. 5790).

On December 19, 2024, weeks after the conclusion of briefing on Masiowski's motion for leave to amend with respect to the Pharmacy Defendants—and almost five months after the deadline for filing such motions—Masiowski filed a new document captioned "Notice of Filing Amended Exhibit A." Doc. 5827. Masiowski's "Amended Exhibit A" would rewrite the substance of the proposed amended complaint that was the subject of Masiowski's motion for leave to amend. It includes **over 100 pages** of new matter, a new RICO cause of action, and a new co-Plaintiff, Simon Clark, whose name appears nowhere in Masiowski's original proposed amended complaint. *See id.*

## Argument

*First*, the Court made it as clear as possible to Masiowski and all other plaintiffs that the July 29, 2024 deadline represented "plaintiffs' final opportunity to amend their complaints." Doc. 5455 at 2. The Court's Order denying Masiowski's request for an extension specifically advised him that the Court was giving "all plaintiffs one, final opportunity to amend complaints in this MDL" by July 29, 2024. Doc. 5537 at 1; *see also id.* ("this will be plaintiffs' final opportunity").

Those orders would be meaningless if the July 29, 2024 deadline required only a placeholder proposed amended complaint, which a plaintiff is then free to overhaul months

2

later, even after the parties have fully briefed that plaintiff's motion for leave to amend based on the originally proposed amendment. Especially after the Court previously denied Masiowski's request for a 60-day extension of time to file his motion to amend, it should not allow Masiowski to help himself to a 143-day extension. *Bartels v. S. Motors of Savannah, Inc.*, 2015 WL 4111894, at *2 (S.D. Ga. 2015) ("the old adage that 'it is better to ask for forgiveness than permission' has no place in federal practice").

  **Second**, Masiowski's "Amended Exhibit A" cannot stand in light of the Court's order with respect to two other plaintiffs who filed motions seeking leave to correct scrivener's errors in their motions to amend. In contrast to Masiowski's unsanctioned attempt to make wide-ranging substantive revisions, those plaintiffs acted much more quickly to ask the Court's permission to correct discrete errors, and they explained the circumstances that excused their mistakes. Docs. 5635, 5655. The Court determined that "the mistakes were unintentional scrivener's errors, the type of excusable slip-up that the Court normally forgives." Doc. 5682 at 5. Even then, however, the Court "conclude[d] the facts and law preponderate ***barely*** in Plaintiffs' favor." *Id.* (emphasis in original).

  If those scrivener's errors were a close call, then there is no room for debate over Masiowski's improper attempt to rework the substance of his proposed amended complaint.

  **Third**, Masiowski cannot respond that revising his proposed amended complaint was necessary to meet the Pharmacy Defendants' objection to his motion for leave to amend. The Court should decide the motion that Masiowski actually filed according to the Court's orders, not an untimely revised version of the motion that he came up with after the conclusion of briefing.

Moreover, Masiowski's "Amended Exhibit A" could not save his motion for leave to amend in any event. The problem for Masiowski is that, after his case was transferred to the MDL, he still had seven months before the Court's original March 2019 deadline for amending complaints, including four months during which he had access to complete ARCOS data. *See* Doc. 5771 at 2, 4. He thus cannot make the showing of good cause to amend after the deadline that Rule 16(b), this Court's order on amendments, Doc. 5455 at 2, and the case law all require. *See* Doc. 5771 at 3-4.

There is nothing to Masiowski's suggestion, made for the first time in a reply brief (Doc. 5790), that he was not previously aware of the Pharmacy Defendants' supposed misconduct. The allegations he proposes to assert against the Pharmacy Defendants in an amended complaint are cribbed almost verbatim from pleadings filed by other plaintiffs long before the Court's original March 2019 for amendments. *See* Doc. 5771 at 5 & n.5. If Masiowski can copy another plaintiff's complaint to make these allegations today, he could have done so in March 2019.

Indeed, as this Court has explained, "under Sixth Circuit precedent, 'the ***primary measure*** of Rule 16's "good cause" standard is the moving party's ***diligence*** in attempting to meet'" deadlines in the Court's scheduling orders. *In re Nat'l Prescription Opiate Litig.*, 2020 WL 6041830, at *6 (N.D. Ohio 2020) (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)) (cleaned up and emphasis added). There could be no better evidence of Masiowski's lack of diligence than his insistence that he and his lawyers somehow had no idea about his potential claims against the Pharmacy Defendants until recently. If true, that means Masiowski's efforts to comply with the Court's 2019 deadline for amending complaints did not include even the most minimal steps of looking at the ARCOS data showing the Pharmacy Defendants'

4

distribution and dispensing activity and reviewing the allegations that other plaintiffs had already made against the Pharmacy Defendants based on their pre-suit investigations. It is hard to imagine a less diligent attempt to meet the Court's original deadline for amendments.

## Conclusion

The Court should strike Plaintiff Masiowski's "Notice of Filing Amended Exhibit A in Support of Plaintiff's Motion for Leave to Amend" (Doc. 5827).

Dated: January 6, 2025                               Respectfully submitted,

*/s/ Kaspar J. Stoffelmayr*
Kaspar J. Stoffelmayr
Jean K. Tinkham
Michael A. Nance
Jordan G. Golds
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, IL 60654
(312) 494-4400
kaspar.stoffelmayr@bartlitbeck.com
jean.tinkham@bartlitbeck.com
michael.nance@bartlitbeck.com
jordan.golds@bartlitbeck.com

*Counsel for Walgreens Boots Alliance, Inc.*

*/s/ Tina M. Tabacchi*
Tina M. Tabacchi
Tara A. Fumerton
JONES DAY
111 North Wacker, Suite 4800
Chicago, IL 60606
(312) 782-3939
tmtabacchi@jonesday.com
tfumerton@jonesday.com

*Counsel for Walmart Inc.*

5

*/s/ Eric R. Delinsky*
Eric R. Delinsky
Alexandra W. Miller
Paul B. Hynes, Jr.
ZUCKERMAN SPAEDER LLP
1800 M. Street NW, Suite 1000
Washington, DC 20036
(202) 778-1800
edelinsky@zuckerman.com
smiller@zuckerman.com
phynes@zuckerman.com

*Counsel for CVS Health Corporation*


*/s/ Ronda L. Harvey*
Ronda L. Harvey
Ashley Hardesty Odell
STEPTOE & JOHNSON PLLC
Chase Tower, 17th Floor
707 Virginia Street, East
Charleston, WV 25301
(304) 353-8000
Ronda.Harvey@Steptoe-Johnson.com
Ashley.Odell@Steptoe-Johnson.com

*Counsel for The Kroger Co.*

6

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing document was served via the Court's ECF system on all counsel of record on January 6, 2025.

*/s/ Kaspar J. Stoffelmayr*
Kaspar J. Stoffelmayr

*Counsel for Walgreens Boots Alliance, Inc.*
