No.  24-3486

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jan 6, 2025
KELLY L. STEPHENS, Clerk

In re:  PUBLIX SUPER MARKETS, INC., )
) O R D E R
Petitioner. )

Before:  GILMAN, GIBBONS, and THAPAR, Circuit Judges.

Publix Super Markets, Inc.—a defendant in the multi-district litigation *In re National Prescription Opiate Litigation* scheduled to participate in a bellwether trial—petitions for a writ of mandamus, asking us to compel the district court to certify four questions of law to the Georgia Supreme Court related to the scope of public-nuisance claims under Georgia law, each containing multiple subparts or follow-up questions:

1. Under Georgia law, can a licensed health care provider's failure to satisfy a statutory professional practice standard constitute a public nuisance under O.C.G.A. § 41-1-2?  If so, does such a claim require proof that the provider committed malpractice?

2. Under O.C.G.A. § 41-1-2, "[a] public nuisance is one which damages all persons who come within the sphere of its operation, though it may vary in its effects on individuals."  What constitutes the "sphere of operation" of a public nuisance for purposes of § 41-1-2?

   Can the distribution and/or dispensing of prescription medications without proper controls against diversion "damage[e] all persons who come within the sphere of its operation" within the meaning of O.C.G.A. § 41-1-2 where:

   (i)   the medication has recognized medical benefits, and

   (ii)  the pharmacy is alleged to have filled only *some* prescriptions for that medication under suspicion of diversion?

3. What establishes that a nuisance interferes with the *public* health as opposed to merely the *personal* health of some individuals?  Is the personal health or sickness

No. 24-3486
-2-

of an individual an inherently private right that a local government may not seek to vindicate via public-nuisance action under O.C.G.A. § 41-2-2?

4. Does a public-nuisance claim filed under O.C.G.A. § 41-2-2 allow recovery of only injunctive relief and the direct costs associated with complying with the injunction?

   a. If the answer is <u>yes</u>, is a claimant pursuing abatement of a public nuisance under O.C.G.A. § 41-2-2 required to show that an injunction enjoining the defendant's conduct would actually result in the abatement of the nuisance?

   b. If the answer is <u>no</u>,

      (i) Does Georgia law nevertheless preclude a local government from recovering monies to pay for the provision of free public services—*e.g.*, emergency, law-enforcement, criminal-justice, foster-care, and other like services—as a form of "abatement" of a public nuisance?  And

      (ii) Does Georgia preclude a local government from recovering monies to treat injuries personal to only some members of the public—*e.g.*, drug addiction, withdrawal, and overdose—as a form of "abatement" of a public nuisance?

Mandamus "is a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (quoting *Ex parte Fahey*, 332 U.S. 258, 259−60 (1947)).  Consequently, we will issue the writ only when three conditions are satisfied:  first, that the petitioner has "no other adequate means to attain the relief" desired; second, that petitioner's right to the writ is "clear and indisputable"; and finally, that we, in our discretion, are "satisfied that the writ is appropriate under the circumstances."  *Id.* at 380−81(cleaned up).  "Only exceptional circumstances amounting to a clear usurpation of power or a judicial abuse of discretion" justify invoking the writ.  *Id.* at 380 (cleaned up).

Publix acknowledges that it has other remedies.  It may appeal the denial of its motion to certify from any adverse final judgment, *see Watson v. Cartee*, 817 F.3d 299, 306 (6th Cir. 2016), and we may certify a state-law question "on a party's motion, or sua sponte," *In re Nat'l Prescription Opiate Litig.*, 82 F.4th 455, 461 (6th Cir. 2023).  And we previously concluded—in this MDL litigation in a prior writ of mandamus brought by Publix—that these remedies suffice.

*In re Publix Super Markets, Inc.*, No. 22-3157 (6th Cir. May 16, 2022). Publix nonetheless asserts that these remedies are inadequate. We disagree.

Certification may preserve "time, energy, and resources" and further "cooperative judicial federalism." *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974). But, conversely, the Supreme Court has cautioned that "[p]ermitting piecemeal, prejudgment appeals . . . undermines efficient judicial administration and encroaches upon the prerogatives of district court judges, who play a special role in managing ongoing litigation." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) (cleaned up). For that reason, mandamus "is not to be used as a substitute for appeal, even though hardship may result from delay and perhaps unnecessary trial." *Schlagenhauf v. Holder*, 379 U.S. 104, 110 (1964) (cleaned up). This concern is amplified where, as here, the Georgia Supreme Court is not obligated to answer a question certified to it, *see* O.C.G.A. § 15-2-9, and there is no obligation for a state court to act quickly on a federal court's request.

Given the broad discretion afforded the district court in deciding whether to certify a state-law question, Publix has also not shown that its right to the writ is clear and indisputable. "Although courts have not confined themselves to an arbitrary and technical definition of jurisdiction, only exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion" justify issuing the writ. *Cheney*, 542 U.S. at 380 (cleaned up). Put another way, writs are intended to answer whether the district court's exercise of power was proper, not to review an interlocutory order. *La Buy v. Howes Leather Co.*, 352 U.S. 249, 257–58 (1957).

The Supreme Court has never suggested that "where the certification procedure is available, resort to it is obligatory." *Lehman Bros.*, 416 U.S. at 390−91. And whether to certify a question of state law to a state's highest court "lies within the sound discretion of the district court." *Transam. Ins. Co. v. Duro Bag Mfg. Co.*, 50 F.3d 370, 372 (6th Cir. 1995). Having reviewed the district court's denial of certification, the record, the parties' positions below, and Publix's

arguments now before us, we cannot conclude that the extraordinary remedy of mandamus is warranted.

As an initial matter, the district court found Publix's request untimely. Publix does not adequately explain why it did not raise the current questions when it previously moved the district court to certify a question of law. Instead, it asserts that district courts routinely certify issues to state supreme courts at different points in the underlying litigation. But this does not counter the district court's reasoning. *See In re Whole Woman's Health*, 142 S. Ct. 701, 704 (2022) (Sotomayor, J., dissenting) (opining that a request for certification is untimely when a party failed to request certification "despite being on notice from the moment suit was filed that the scope of the licensing officials' state-law duties would be at issue").

The district court also concluded that the questions were inappropriate to certify. District courts may certify questions of law to the Georgia Supreme Court if they "are determinative of the case and there are no clear controlling precedents." O.C.G.A. § 15-2-9(a). The decision "whether to certify is not always straightforward" and "entails a difficult analysis of several competing considerations." *Lindenberg v. Jackson Nat'l Life Ins. Co.*, 919 F.3d 992, 993 (6th Cir. 2019) (order) (en banc) (Clay, J., concurring).

Certification "is most appropriate when the question is new and state law is unsettled," *Transam.*, 50 F.3d at 372, or "where the law at issue is from 'a distant State' outside of the circuit presented with the question," *In re Amazon.com, Inc.*, 942 F.3d 297, 300 (6th Cir. 2019) (order) (quoting *Lehman Bros.*, 416 U.S. at 391). Nonetheless, federal courts will generally not certify questions to state courts "every time an arguably unsettled question of state law" arises, "even if the [state] Supreme Court has not addressed the exact question at issue so long as [its] law provides well-established principles to govern the outcome of the case." *Smith v. Joy Techs., Inc.*, 828 F.3d 391, 397 (6th Cir. 2016) (cleaned up); *see Lindenberg*, 919 F.3d at 994 (Clay, J., concurring) (opining that federal courts, when diversity jurisdiction is properly invoked, have a duty "where

the state law supplies the rule of decision, to ascertain and apply that law even though it has not been expounded by the highest court of the State" (quoting *Fid. Union Tr. Co. v. Field*, 311 U.S. 169, 177 (1940))).

The Georgia Supreme Court has not answered the precise questions that Publix poses. And the parties dispute whether Georgia's public-nuisance laws encompass Cobb County's claims. But the Georgia courts have expounded on what constitutes a public nuisance in numerous cases that, at this juncture, appear to offer a principled course for the district court to follow. Mandamus "is not available as a means of reviewing unresolved and difficult questions of law." *State Bd. of Educ. v. Fox*, 620 F.2d 578, 579 (6th Cir. 1980); *see also Lindenberg*, 919 F.3d at 993 (Clay, J. concurring) ("Certainly, the decision concerning whether to certify is not always straightforward . . . . But the mere fact that ceding our discretion would be easier, and perhaps even more expedient, is not an adequate reason for us to shirk from our judicial obligations.").

Accordingly, the petition for a writ of mandamus is **DENIED**.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk