UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*THIS DOCUMENT RELATES TO*<br><br>CASE NO.     1:18-OP-45240-DAP | MDL 2804<br><br>CASE NO. 1:17-MD-2804-DAP<br><br>HON. DAN AARON POLSTER |

**DISCOUNT DRUG MART, INC.'S MOTION TO DISMISS CITY OF LAKEWOOD'S ACTION AGAINST DISCOUNT DRUG MART, INC. WITH PREJUDICE FOR FAILURE OF SERVICE OF PROCESS**

Pursuant to Federal Rules of Civil Procedure 4(m), 12(b)(4), 12(b)(5), 41(b), and this Court's April 6, 2023 Order Regarding Service of Process,[1] Discount Drug Mart, Inc. ("***DDM***") respectfully moves[2] to dismiss *City of Lakewood v. Purdue Pharma, L.P., et al.*, No. 1:18-op-45240-DAP (N.D. Ohio) (the "***Action***") with prejudice for failure of service of process.

---

[1] *See In re National Prescription Opiate Litigation*, No. 1:17-md-2804-DAP, Order Regarding Service of Process, ECF No. 4986 (N.D. Ohio Apr. 6, 2023) (the "***Order***").

[2] While this Court issued a general moratorium on substantive motion practice (*see id.*, Case Management Order One at 11, ECF No. 232 (N.D. Ohio Apr. 11, 2018)), the Court subsequently clarified that leave is not required to file a motion to dismiss for failure to prosecute pursuant to the Order. (*See id.*, Order [non-document] (N.D. Ohio July 21, 2023)).

1

Plaintiff City of Lakewood ("*Lakewood*") filed its Action almost seven (7) years ago.[3] On March 14, 2019, Lakewood filed its Amended Complaint, which joined and added claims against DDM.[4]

Pursuant to Fed.R.Civ.P. 4(m), Lakewood had ninety (90) days from the filing of its Amended Complaint—*i.e.*, until June 12, 2019—to serve DDM. *See* Fed.R.Civ.P. 4(m). Lakewood failed to serve DDM within the required ninety (90) day period. In fact, Lakewood has not served DDM at all.[5]

Where a plaintiff fails to make service within the ninety (90) day period imposed by Rule 4(m), the Court is required to either "dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed.R.Civ. P. 4(m). To that end, this Court issued its Order on April 6, 2023. In that Order, the Court stated, "[t]here is no question that service was not made in many MDL cases against many defendants within 90 days after the complaint was filed." (Order at 3). Rather than dismiss the claims filed against unserved defendants, the Court instead ordered that service be made within forty-five (45) days from the date of its Order—*i.e.*, that service be made on or before May 22, 2023. (*Id.* at 5). The Court emphasized that "failure to

---

[3] *See id.*, Compl., ECF No. 1 (N.D. Ohio Mar. 5, 2018).

[4] *See id.*, Am. Compl. at 2, ECF No. 44 (N.D. Ohio Mar. 14, 2019).

[5] *See* Thomas McConnell Decl. ¶ 4, attached hereto as **Exhibit "A"**.

2

comply [with that deadline] . . . will result in ***dismissal with prejudice*** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute." (*Id*.) (emphasis in original).

In violation of the Court's Order, Lakewood failed to serve DDM by the Court-imposed May 22, 2023 deadline. Either through oversight or an attempt to disguise its failure to abide by this Court's Order, Lakewood has improperly joined in with other plaintiffs who seek leave to amend their complaints to add DDM as a defendant.[6] Since Lakewood has already sought leave to join DDM in its Action, its efforts to amend its Complaint to "add DDM as a party" should be stricken, and the Court should dismiss Lakewood's claims against DDM because - as this Court has already ruled - the consequence for failing to comply with the Order is dismissal with prejudice. (*See* Order at 5).

---

[6] *In re National Prescription Opiate Litigation*, No. 1:17-md-2804-DAP, Corrected Omnibus Mot. for Leave to Am. to Add DDM and Mem. in Supp. at Ex. A, ECF No. 5569 (N.D. Ohio Aug. 1, 2024).

Therefore, DDM respectfully requests that the Court dismiss Lakewood's claims against DDM with prejudice under Federal Rules of Civil Procedure 4(m), 12(b)(4), 12(b)(5), 41(b), and this Court's Order.

Respectfully submitted,

/s/ Gregory E. O'Brien
Gregory E. O'Brien (0037073)
Derek P. Hartman (0104987)
CAVITCH FAMILO & DURKIN CO., L.P.A.
1300 East Ninth Street, 20th Floor
Cleveland, Ohio 44114
Telephone    (216) 621-7860
Facsimile     (216) 621-3415
gobrien@cavitch.com
dhartman@cavitch.com
*One of the Attorneys for Defendant*
*Discount Drug Mart, Inc.*

## CERTIFICATE OF SERVICE

A copy of the foregoing **DISCOUNT DRUG MART, INC.'S MOTION TO DISMISS CITY OF LAKEWOOD'S ACTION AGAINST DISCOUNT DRUG MART, INC. WITH PREJUDICE FOR FAILURE OF SERVICE OF PROCESS** was filed and served this 15th day of January, 2025 via the Court's ECF system.

/s/ Gregory E. O'Brien
*One of the Attorneys for Defendant*
*Discount Drug Mart, Inc.*

4