**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** ) ) ) **THIS DOCUMENT RELATES TO:** ) ) *Masiowski v. AmerisourceBergen Drug Corp. et al.*, No. 1:18-op-45985 ) ) ) | **MDL 2804** **Case No. 1:17-md-2804** **Judge Dan Aaron Polster** **ORDER GRANTING** **MOTION TO STRIKE** |

On August 8, 2024, plaintiff Masiowski filed a motion to amend his complaint, together with a 302-page proposed amended complaint. Docket no. 5582, 5582-1. On December 19, 2024, Masiowski filed a Notice of Filing Amended Exhibit A, together with "Exhibit - Amended and Supplemental Allegations." Docket no. 5827, 5827-1. Masiowski did not say so in his Notice, but the "Exhibit A" is a 407-page complaint that he apparently wants to substitute for the 302-page proposed amended complaint he filed on August 8.

The Pharmacy Defendants and the PBM Defendants each filed motions to strike Masiowski's Exhibit A. Docket nos. 5845, 5878.[1] For the reasons set forth below, the motions to strike are **GRANTED**.

**I.  Procedural History**

In May 2024, the Court gave all MDL plaintiffs a "final opportunity" to seek leave to amend their complaints to add new defendants. Docket no. 5455 at 2. The Court set a deadline of July 29, 2024, for filing these motions. Docket no. 5522. Masiowski requested a 60-day extension of this deadline, but the Court denied it. *See* docket no. 5537. Masiowski then timely filed a motion

---

[1] The PBMs' joint motion to strike Exhibit A also includes their joint opposition to Masiowski's motion for leave to amend. This Order only addresses the portion of the motion relating to striking Exhibit A. The Court reserves ruling on the motion for leave to amend.

for leave to amend, together with a proposed amended complaint. *See* case no. 18-op-45985, docket no. 33 & 33-2 (July 29, 2024).[2] Briefing on this motion concluded on November 25, 2024 when Masiowski filed his reply brief, docket no. 5790.

On December 19, 2024, nearly four weeks later, Masiowski filed a Notice of Filing Amended Exhibit A, together with Exhibit A. Docket no. 5827, 5827-1. The Notice itself contained no explanation or request; rather, with a single sentence, Masiowski simply notified the Court and the parties that he was filing this new Exhibit A "in support of his [earlier] motion for leave to amend." Docket no. 5827 at 1 (capitalization changed). Exhibit A itself was an entirely new amended complaint containing over 100 pages of new matter, including a new cause of action and a new co-plaintiff.

In response, the Pharmacy Defendants and the PBMs filed their motions to strike. Masiowski filed a response to the Pharmacy Defendants' motion, docket no. 5915, and the Pharmacy Defendants filed a reply, docket no. 5925.

**II.    Analysis**

This Court made very clear to all plaintiffs—including Masiowski—that July 29, 2024, was a final deadline for moving to amend their complaints. Indeed, the Court affirmed this deadline more than once. *See, e.g.*, docket no. 5455 at 2 (Order lifting moratorium on filing motions for leave to amend, stating "[t]his will be plaintiffs' final opportunity to amend their complaints"); docket no. 5537 (noting that the Order at docket no. 5455 worked to "permit all plaintiffs one, final opportunity to amend complaints," and denying Masiowski's motion for extension of time); *id.* ("this will be plaintiffs' final opportunity").

---

[2] Ten days later, on August 8, 2024, Masiowski filed a motion for leave to file a "corrected" proposed amended complaint, and the corrected proposed amended complaint. Docket no. 5582, 5582-1. This Order does not address the timeliness *vel non* of those two documents.

Despite this clear deadline, Masiowski filed his "Notice" and "Exhibit A" many months later, and Exhibit A is quite clearly a replacement proposed amended complaint. This remains true even though Masiowski scrupulously avoided using the word "complaint" in his Notice and in the title of his Exhibit A.

The Pharmacy Defendants and PBM Defendants correctly note it would be meaningless to set a "final" deadline to file a document, if a party could file that document but then later replace it at will with a different one. Masiowski's tactic is even more egregious given that: (1) the Court previously denied his motion for 60-day extension of time; (2) Masiowski had already moved to file a "corrected" amended complaint ten days after the July 29 deadline; and (3) the parties had already fully briefed his earlier motion for leave to amend.

Masiowski offers two flimsy arguments in response to the motions to strike. First, he notes the Court allowed another plaintiff to file a late "correction" to a proposed amended complaint. Specifically, nearly two months after the July 29 deadline, two different plaintiffs filed motions to correct "scrivener's errors." Docket nos. 5635, 5655. Both motions were aimed at correcting discrete errors that occurred as counsel completed and processed hundreds of similar authorization forms at once. The Court characterized these errors as the "unintentional missteps and omissions that are almost unavoidable" in these situations. Docket no. 5682 at 5. Even then, the Court found "the facts and law preponderate *barely* in Plaintiffs' favor," *id.* (emphasis in original), and stated any similar motions in the future would be denied, *id.* at 6; *see also* docket no. 5749 (denying a similar, later motion to correct scrivener's error). Masiowski is not seeking merely to correct a scrivener's error, and even if he was, the Court already stated earlier it would not allow him or any other plaintiff to do so.

Second, Masiowski notes that, after setting the July 29 deadline, the Court later issued a clarifying Order stating it "*may* later allow amendment of complaints by a newly-chosen bellwether plaintiff to update allegations or to add claims." Docket no. 5656 (underlined emphasis added). Masiowski contends this statement shows the July 29 deadline was not fully "final." This argument is entirely hollow. Masiowski is not a "newly-chosen bellwether plaintiff," so there is no basis for an argument that the clarifying Order gave him room to ignore the July 29 deadline. And even if he was a "newly-chosen bellwether plaintiff," he would still have to move for leave to amend—not simply file a covert notice with a mis-titled "exhibit."

### III.  Conclusion

The Court is displeased with Masiowski's counsel, Paul S. Rothstein. He used his "Notice"-filing tactic to avoid at least two clear orders of the Court—one setting a final deadline and one denying his motion for extension of time. The arguments he offers to excuse this gambit are vain. Accordingly, the Motions to Strike are **GRANTED** and Plaintiff's Notice of Amended Exhibit A is hereby **STRICKEN**.

This Order takes no position on Masiowski's motion to amend (docket no. 5582), which the Court will address at the same time as the other MDL plaintiffs' pending omnibus motions to amend.

**IT IS SO ORDERED.**

 /s/ Dan Aaron Polster  February 3, 2025  
**DAN AARON POLSTER**  
**UNITED STATES DISTRICT JUDGE**