UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | |
| **THIS DOCUMENT RELATES TO**: | MDL 2804 |
| *City of Rochester, NY v. Purdue Pharma, L.P.*, No. 19-op-45853 (Track 12) | Case No. 1:17-md-2804 |
| | **Judge Dan Aaron Polster** |
| *County of Ogdensburg, NY v. Purdue Pharma, L.P.*, No. 19-op-45825 (Track 22) | |

**PBMS' MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION FOR LEAVE TO SERVE SUPPLEMENTAL DISCOVERY**

OptumRx and Express Scripts (**PBMs**) respectfully request that the Court extend by four days—from Noon on February 10 to Noon on February 14—the deadline the Court recently set, *see* Order (Feb. 5, 2025), to respond to the PEC's motion for leave to serve supplemental discovery on the PBMs, *see* ECF No. 5938, so that the PBMs can fully respond to the motion, lest the Court be left with a one-sided, inaccurate portrayal of the discovery record.

The PBMs require the extra time because the six pages of proposed supplemental discovery requests attached to the PEC's motion as Exhibit A (which the PBMs had never seen until the PEC filed its motion today) appear, based on the limited time the PBMs have had to review them, to be:

- duplicative of discovery already produced by the PBMs;
- duplicative of discovery the PBMs are in the process of producing;
- inconsistent with discovery rulings by Special Master Cohen;
- inconsistent with discovery agreements made by the parties over the past year;
- wildly overbroad and disproportionate to the needs of the case; and/or
- unduly burdensome to answer.

It is especially important that the PBMs have adequate time to brief these issues—and that the Court have adequate time to consider them—because allowing the PEC to serve such sweeping

1

discovery requests this late in the discovery process would render the current discovery schedule unworkable and significantly delay resolution of these cases.

Further, the PBMs require the extra time to correct the misstatements in the PEC's motion, which accuses the PBMs of a lack of transparency, of improperly construing Plaintiffs' discovery requests, of word parsing, and of intentionally concealing relevant information. Those allegations are false and contradicted by the discovery record, which the PBMs have not yet had an opportunity to share with the Court.

Indeed, the PEC incorrectly states that the PBMs have not adequately responded to "remuneration" discovery to date. The PBMs have not only produced to Plaintiffs all such responsive information that they have located through extensive searches—collectively, the PBMs have produced over 10,000,000 pages of documents and millions of lines of data—but have also engaged in a process overseen by Special Master Cohen to provide direct answers to questions posed by the PEC regarding the sources and amounts of "remuneration" received by the PBMs from opioids manufacturers and provided to the PBMs' clients. The PBMs are also prepared to sit for 30(b)(6) depositions concerning their written responses. The PEC is dissatisfied with the answers to its questions not because they are deficient, but because the answers undermine the PEC's fledgling theories against the PBMs. The answers confirm that the PBMs provided to their clients nearly all "remuneration" they received from opioid manufacturers, thereby lowering their clients' costs of care. The PBM clients who benefited include Plaintiff City of Rochester, which sponsored health plans that received rebates from opioid manufacturers.

The PBMs respectfully submit that the extra time they seek is warranted so that they can provide the Court with the full and proper discovery record on these issues.

Respectfully submitted,

| | |
|---|---|
| */s/ Brian D. Boone* | */s/ Jonathan G. Cooper* |
| Brian D. Boone | Mike Lyle |
| **ALSTON & BIRD LLP** | Jonathan G. Cooper |
| Vantage South End | **QUINN EMANUEL URQUHART &** |
| 1120 South Tryon Street, Suite 300 | **SULLIVAN, LLP** |
| Charlotte, NC 28203 | 1300 I St. NW, Suite 900 |
| Tel: (704) 444-1000 | Washington, DC 20005 |
| brian.boone@alston.com | Tel: (202) 538-8000 |
| | mikelyle@quinnemanuel.com |
| *Attorney for Defendant OptumRx, Inc.* | jonathancooper@quinnemanuel.com |
| | *Attorneys for Express Scripts Defendants* |

## CERTIFICATE OF SERVICE

I certify that on February 5, 2025, a copy of the foregoing was served on all counsel of record by filing the same with the Court's ECF system.

*/s/ Jonathan G. Cooper*
Jonathan G. Cooper
