# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| | Case No. 1:17-md-02804-DAP |
| THIS DOCUMENT RELATES TO: | |
| OptumRx and Express Scripts cases listed in ECF Nos. 5546-1; 5547-1; 5548-1; 5565-1; 5918-1 | Judge Dan Aaron Polster |

## THE PBMS' MOTION TO STRIKE CERTAIN PLAINTIFFS FROM THE OMNIBUS MOTIONS FOR LEAVE TO AMEND AND FOR SWORN CERTIFICATIONS REGARDING JOINDER TO THE OMNIBUS MOTIONS

OptumRx, Inc., Express Scripts, Inc., and sixteen other affiliated entities[1] (the **PBMs**)[2] have recently learned that dozens if not hundreds of plaintiffs that "joined" the PEC's omnibus motions for leave to amend to add the PBMs (ECF Nos. 5547; 5548) did not in fact authorize their counsel to join those motions. The PBMs' investigation is just beginning, but immediate, targeted relief is necessary to determine which plaintiffs are actually seeking leave to amend. The PBMs respectfully move the Court to (1) strike from the omnibus motions the 66 plaintiffs already known to lack authorization, and (2) order each *moving plaintiff* (not their counsel) to provide a sworn affidavit certifying (i) whether it authorized joining the omnibus motions for leave to add the

---

[1] The sixteen other entities are UnitedHealth Group Incorporated; Optum, Inc.; OptumInsight, Inc.; OptumInsight Life Sciences, Inc.; OptumRx Discount Card Services, LLC (which is inaccurately identified in the omnibus motions as "Optum Discount Card Services, LLC"); Optum Perks, LLC; OptumHealth Care Solutions, LLC; OptumHealth Holdings, LLC; Optum Health Networks, Inc.; Express Scripts Administrators, LLC; Medco Health Solutions, Inc.; ESI Mail Order Processing, Inc.; ESI Mail Pharmacy Service, Inc.; Express Scripts Pharmacy, Inc.; Evernorth Health, Inc. (formerly Express Scripts Holding Company); and Express Scripts Specialty Distribution Services, Inc.

[2] We use the term "PBMs" to refer collectively to all eighteen entities even though most of those entities are not pharmacy benefit managers.

PBMs, (ii) if so, whether that authorization occurred before July 30, 2024, and (iii) if not before July 30, 2024, then when that authorization occurred.[3]

## THE PBMS' INVESTIGATION

For centuries, it has been a central tenet of the legal profession that an attorney "representing another in Court, and prosecuting or defending a suit in his name" must have the "power" to do so. *Osborn v. Bank of the U.S.*, 22 U.S. (9 Wheat.) 738, 830 (1824); *see also Doraleh Container Terminal*, 109 F.4th at 613 ("An attorney's authority to represent his client 'must indeed exist.'" (quoting *Osborn*, 22 U.S. at 830)).

Consistent with this legal tenant, this Court has repeatedly emphasized the necessity of client authorization and further emphasized that each client must be committed to litigate before seeking leave to amend in this MDL. During a May 2024 status conference to address the amendment process, the Court stated that "any subdivision that is proposing to add a given Defendant may only do so if they're prepared to litigate against that Defendant." ECF No. 5471 at 6:2–4. The Court's direction to all plaintiffs was clear: "[O]nly add someone, add a Defendant if . . . that lawyer *and that client* is prepared to litigate if necessary." *Id.* at 6:14–16 (emphasis added). In the Final Amendment Order that followed, the Court ordered that "[l]ead counsel for each plaintiff seeking amendment of any listed complaint shall sign the motion [for leave to amend] to indicate that . . . both counsel *and plaintiff-client* are prepared to spend the time and money necessary to litigate the case against each defendant." ECF No. 5455 at 2 (emphasis added).

---

[3] The PBMs reserve all rights to seek additional appropriate relief. *See, e.g.*, *Doraleh Container Terminal SA v. Republic of Djibouti*, 109 F.4th 608, 611 (D.C. Cir. 2024) ("[T]he issue of a lawyer's authority can be challenged at any point in litigation."); *Meredith v. The Ionian Trader*, 279 F.2d 471, 473–74 (2d Cir. 1960) ("A suit initiated without authority from the party named as plaintiff is a nullity and any judgment obtained in such a suit is void.").

The PEC understood that counsel would need to secure each plaintiff's authorization to join the omnibus motions for leave to amend. When the Court asked how much time the PEC needed to file the motions, a PEC attorney, Mr. Weinberger, responded that "[o]bviously, each of the Plaintiffs' counsel has to have a conversation with their subdivision clients [about] this matter." ECF No. 5471 at 7:17–19 (emphasis added). Shortly after, another PEC attorney, Mr. Mougey, asked for clarification on the timing for filing the motions to ensure that each municipal plaintiff had an opportunity to hold council meetings to vote on the decision to join the motions. *Id.* at 8:23–9:16.

But in a brief filed on January 16, 2025, Publix Super Markets, Inc., provided evidence that certain plaintiffs that purportedly joined the omnibus motion to add Publix had not in fact authorized joinder or had withdrawn from the motion, including the City of Sandy Springs, Georgia; Shelby County, Alabama; the City of Oviedo, Florida; and Okaloosa County, Florida. ECF No. 5881 at 5–6, 8–10. Those plaintiffs are also purportedly seeking leave to add the PBMs as defendants. ECF Nos. 5547-1; 5548-1. The attorneys representing those plaintiffs also represent hundreds of other plaintiffs purportedly seeking leave to add the PBMs as defendants. *See id.*

Based on the information revealed through Publix's brief, the PBMs began their own investigation into these issues. The PBMs have sent public-records requests to many municipal plaintiffs represented by those attorneys and others, seeking public documents reflecting each plaintiff's authorization to seek leave to add claims against the PBMs. Early returns confirm that the issues Publix identified are not isolated.

A.     **Plaintiffs Represented By Jeffrey Price**

Jeffrey Price, counsel for Shelby County, Alabama, signed the omnibus motions for leave to add the PBMs on behalf of 65 plaintiffs in Alabama, South Carolina, Tennessee, and Ohio. *See*

ECF Nos. 5547-1; 5548-1. After Mr. Price learned of the PBMs' public-records requests, he contacted one of the PBMs' attorneys to inquire why the requests were being sent. During a call and in two follow-up email exchanges, Mr. Price confirmed that his 65 clients are not suing, or seeking leave to sue, the PBMs. *See* Exhibit A (email from Jeffrey Price confirming that his clients "are not seeking any new claims against Optum RX thru the mdl amendment process"); Exhibit B (same as to Express Scripts).

### B.    Plaintiff Represented By John Suthers

John Suthers signed the omnibus motions for leave to add the PBMs on behalf of the City of Savannah, Georgia. *See* ECF Nos. 5547-1; 5548-1. Upon receipt of the PBMs' public-records request, Mr. Suthers emailed PBM counsel:

> My firm, along with Motley Rice, LLC, has been representing the City of Savannah in the opioid litigation since its inception. . . . I have no recollection and can find no pleading in which the City of Savannah brought claims against any of the parties, most of whom appear to be Pharmacy Benefit Managers, listed in your Georgia Open Records Act request.[4] If you have any pleading or evidence, reflecting that the City of Savannah has sued any of the entities named in your request in the opioid litigation, please provide such documentation to me promptly.

Exhibit C.

### C.    Plaintiffs Represented By Matt Conn

Matt Conn, counsel for the City of Sandy Springs, Georgia, signed the motions for leave to add the PBMs on behalf of 80 plaintiffs in Alabama, Georgia, Kentucky, and Tennessee. *See* ECF Nos. 5547-1; 5548-1. The PBMs sent public-records requests to many municipalities represented by Mr. Conn. To date, several of those municipalities have provided responses

---

[4] The PBMs' public-records request named all eighteen entities bringing this motion.

indicating that they did not authorize joining the omnibus motions to add the PBMs, and none has provided responses confirming that they in fact authorized joinder.

For example, in response to one of those requests, the city attorney for the City of Woodbury, Georgia—who served in that role throughout all of 2024—wrote to the PBMs' counsel that the question of authorizing claims against the PBMs "never came to [his] attention." *See* Exhibit D. Similarly, Macon County, Georgia, responded by producing documents reflecting authorization to sue McKinsey—but the records custodian stated that she could not identify any similar authorization to bring claims against the PBMs. *See* Exhibit E (litigation authorization from Macon County to file claims against McKinsey & Company, Inc.); Exhibit F (email from Macon County stating that it "gave all documentation" in its possession). And Fannin County, Georgia, responded to the PBMs' public-records request by producing an agreement from February 2018 retaining counsel "for the purpose of seeking recovery on behalf of Fannin County against" several specifically named parties, including manufacturers (Purdue, Teva, Cephalon, Johnson & Johnson, Endo, and Allergan), distributors (McKesson, Cardinal, and AmerisourceBergen), and retail pharmacies (Rite Aid). Exhibit G. The agreement does not name the PBMs. *Id.* The county clerk has confirmed that she does not have additional documents. Exhibit H.

Counsel for the PBMs has called Mr. Conn and sent him multiple emails inquiring about his authorization to seek leave to amend. The last of those emails noted as follows: "At this point, it seems clear to us that you did not obtain authorization for many of your subdivision clients before agreeing, on their behalf, for them to join motion for leave to amend to sue the PBMs." Exhibit I. Counsel invited Mr. Conn to correct the record if he disagreed with the PBMs' understanding of the facts. *Id.* Mr. Conn has not responded.

### D.     Plaintiffs Represented By Paul Scott

Paul Scott represents 21 sheriffs in Georgia that joined the omnibus motions for leave to add the PBMs. Those sheriffs' retainer agreements authorize only claims against opioid manufacturers and distributors, not PBMs. *See* Exhibit J; Exhibit K; Exhibit L; Exhibit M; Exhibit N. To date, none of the Georgia sheriffs has produced documents showing that they authorized motions for leave to add the PBMs.

### E.     St. Lucie County, Florida

Publix also identified St. Lucie County in its brief, pointing to evidence that St. Lucie County did not authorize claims against Publix until November 2024. St. Lucie County's untimely authorization to seek to amend was limited to just Publix. *See* St. Lucie County, Fla., *Board of County Commissioners Regular Meeting - November 12, 2024* at 6:51:40 (Nov. 12, 2024), https://stluciecofl.portal.civicclerk.com/event/2917/media (county commission considering request to add Publix). St. Lucie County has not yet responded to the PBMs' public-records request, but the PBMs have been unable to locate any similar publicly available meeting minutes, agendas, or videos evidencing that St. Lucie County ever authorized the motion to add the PBMs. St. Lucie County's counsel signed the omnibus motions for leave to add the PBMs on behalf of 28 other plaintiffs.

### REQUESTED RELIEF

Those revelations are astonishing. The PBMs have already identified dozens of plaintiffs that are improper parties to the omnibus motions—and the PBMs' investigation is only beginning. The extent to which the same issues plague the hundreds of other plaintiffs seeking leave to add claims against the PBMs remains unclear. The revelations above suggest a widespread problem— whether each counsel was authorized to list each plaintiff that purportedly joined the PEC's

omnibus motions seeking leave to add the PBMs. When, as here, a party requests an "inquir[y] into [a] lawyer's authority and presents evidence showing 'sufficient ground to question the authority,' the request is 'always granted.'" *Doraleh Container Terminal*, 109 F.4th at 614 (quoting *W.A. Gage & Co. v. Bell*, 124 F. 371, 380 (W.D. Tenn. 1903)). Accordingly, at least two remedies are warranted (for now).

*First*, the Court should strike the 66 plaintiffs represented by Jeffrey Price and John Suthers, listed in Exhibit O, from the omnibus motions for leave to add the PBMs. Based on the statements from Mr. Price and Mr. Suthers, *see* Exhibits A, B, C, none of those plaintiffs is a proper party to the omnibus motions.[5]

*Second*, the Court should order that *every* plaintiff seeking leave to add the PBMs—*and not just their outside counsel*—must provide a sworn affidavit certifying (i) whether it authorized joining the omnibus motions for leave to add the PBMs, (ii) if so, whether that authorization occurred before July 30, 2024, and (iii) if not before July 30, 2024, then when that authorization occurred. Those certifications are necessary for the PBMs and the Court to understand which plaintiffs are proper parties to the omnibus motions. And given the nature of the potential transgressions at issue, certifications from plaintiffs' outside litigation counsel are not enough.

---

[5] The PBMs reserve their right to seek additional relief related to costs incurred responding to motions to leave on behalf of those 66 municipalities.

Respectfully submitted this 11th day of February, 2025.

 _/s/ Brian D. Boone_____
Brian D. Boone
Matthew P. Hooker
William W. Metcalf
**ALSTON & BIRD LLP**
1120 South Tryon Street, Suite 300
Charlotte, NC 28203
T: (704) 444-1000
brian.boone@alston.com
matthew.hooker@alston.com
will.metcalf@alston.com

Andrew Hatchett
Grace Assaye
**ALSTON & BIRD LLP**
1201 W. Peachtree St. NW, Suite 4900
Atlanta, GA 30309
T: (404) 881-7000
andrew.hatchett@alston.com
grace.assaye@alston.com

*Attorneys for UnitedHealth Group
Incorporated; Optum, Inc.; OptumInsight,
Inc.; OptumInsight Life Sciences, Inc.;
OptumRx, Inc.; OptumRx Discount Card
Services, LLC; Optum Perks, LLC;
OptumHealth Care Solutions, LLC;
OptumHealth Holdings, LLC; and Optum
Health Networks, Inc.*

 _/s/ Jonathan G. Cooper_____
Michael J. Lyle
Jonathan G. Cooper
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
1300 I St. NW, Suite 900
Washington, DC 20005
T: (202) 538-8000
mikelyle@quinnemanuel.com
jonathancooper@quinnemanuel.com

Sage R. Vanden Heuvel
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
T: (213) 443-3000
sagevandenheuvel@quinnemanuel.com

Tara MacNeill
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
2601 South Bayshore Dr, Suite 1550
Miami, FL 33133
T: (305) 402-4880
taramacneill@quinnemanuel.com

*Attorneys for Express Scripts, Inc.; Express
Scripts Administrators, LLC; Medco Health
Solutions, Inc.; ESI Mail Order Processing,
Inc.; ESI Mail Pharmacy Service, Inc.;
Express Scripts Pharmacy, Inc.; Evernorth
Health, Inc. (formerly Express Scripts
Holding Company); and Express Scripts
Specialty Distribution Services, Inc.*