UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>OptumRx and Express Scripts cases listed in ECF Nos. 5546-1; 5547-1; 5548-1; 5565-1; 5918-1 | MDL No. 2804<br><br>Case No. 1:17-md-02804-DAP<br><br>Judge Dan Aaron Polster |

**THE PBMS' FIRST SUPPLEMENTAL MOTION TO STRIKE CERTAIN PLAINTIFFS FROM THE OMNIBUS MOTIONS FOR LEAVE TO AMEND**

The PBMs[1] submit this first supplement to their previously filed motion to strike following the results of an ongoing public-records investigation. The PBMs will file additional supplements as more facts come in.

On February 11, 2025, OptumRx, Inc., Express Scripts, Inc., and sixteen other affiliated entities (the **PBMs**) moved the Court to strike 66 plaintiffs from the omnibus motions for leave to amend to add the PBMs after discovering that those plaintiffs had not authorized their counsel to join motions for leave to add the PBMs. ECF No. 5941. In addition to the plaintiffs that the PBMs sought to strike in the original motion, the PBMs now seek to strike an additional 143 plaintiffs

---

[1] For purposes of this motion, "PBMs" refers to OptumRx, Inc., Express Scripts, Inc., and sixteen other entities that are affiliated with one of those companies, including UnitedHealth Group Incorporated; Optum, Inc.; OptumInsight, Inc.; OptumInsight Life Sciences, Inc.; OptumRx Discount Card Services, LLC (which is inaccurately identified in the omnibus motions as "Optum Discount Card Services, LLC"); Optum Perks, LLC; OptumHealth Care Solutions, LLC; OptumHealth Holdings, LLC; Optum Health Networks, Inc.; Express Scripts Administrators, LLC; Medco Health Solutions, Inc.; ESI Mail Order Processing, Inc.; ESI Mail Pharmacy Service, Inc.; Express Scripts Pharmacy, Inc.; Evernorth Health, Inc. (formerly Express Scripts Holding Company); and Express Scripts Specialty Distribution Services, Inc. We use the term "PBMs" to refer collectively to all eighteen entities even though most of those entities are not pharmacy benefit managers.

represented by attorneys Anderson Davis, Roe Frazer, and Matt Conn from the omnibus motions. *See* Exhibit A (appendix of all 143 plaintiffs).

### A. Plaintiffs Represented by Anderson Davis

Anderson Davis signed the omnibus motions for leave to add the PBMs on behalf of 26 plaintiffs in Georgia. *See* ECF Nos. 5547-1; 5548-1. The PBMs submitted public-records requests to several municipalities represented by Mr. Davis in the MDL seeking documents related to the municipalities' purported authorization to counsel to assert claims against the PBMs. In response to one of those requests, the City of Snellville, Georgia, responded that the City had no responsive records. Exhibit B. Following multiple phone calls to discuss the PBMs' public-records requests, Mr. Davis confirmed by email (copying PEC attorneys Pete Weinberger and Peter Mougey) that his "26 Georgia clients . . . are withdrawing from the motions for leave to amend against the PBM Defendants." Exhibit C.

### B. Plaintiffs Represented by Roe Frazer

Roe Frazer signed the omnibus motions for leave to add the PBMs on behalf of 37 native tribe plaintiffs located in Wisconsin, Nevada, California, Louisiana, New York, Minnesota, Oklahoma, Massachusetts, Oregon, Utah, New Mexico, Texas, Connecticut, Alabama, and Ohio.[2] *See* ECF Nos. 5547-1; 5548-1. PBM counsel spoke with Mr. Frazer on February 12 to describe their public-records investigation and their concerns about client authorization issues. During multiple phone calls and a follow-up email exchange, Mr. Frazer represented to PBM counsel that

---

[2] The charts that the PEC submitted with its omnibus motions for leave to amend include several duplicate entries for Mr. Frazer's native-tribe clients. For example, the PEC's charts include three entries for the Bad River Band of Lake Superior Chippewa, two entries for Cheyenne and Arapaho Tribes, two entries for Fond du Lac Band of Lake Superior Chippewa, four entries for Poarch Band of Creek Indians, and two entries for Wampanoag Tribe of Gay Head (Aquinnah). *See* ECF Nos. 5547-1, 5548-1. In total, the PEC's charts include 45 entries of tribes represented by Mr. Frazer. All should be stricken.

2

his client tribes were "accidentally included" in the omnibus motions and confirmed that "all may be withdrawn." Exhibit D.

### C. Plaintiffs Represented by Matt Conn

As explained in the PBMs' original motion to strike, Matt Conn signed the omnibus motions for leave to add the PBMs on behalf of 80 plaintiffs in Alabama, Georgia, Kentucky, and Tennessee. *See* ECF Nos. 5547-1; 5548-1. The PBMs sent public-records requests to many municipalities represented by Mr. Conn in the MDL and have since received responses from several municipalities indicating that they did not authorize their counsel to join the omnibus motions. The PBMs first communicated with Mr. Conn directly by email on Friday January 31, discussing a public-records request sent to the City of Guntersville, Alabama. *See* Exhibit E. Mr. Conn responded on Monday, February 3 that the PBMs' request for non-privileged documents "should not be an issue." *Id*. Mr. Conn instructed the City Clerk of Guntersville to provide the PBMs with a copy of a contingency fee agreement between the City and the law firm Beard and Beard Attorneys. *See* Exhibit F. Not only is that retention agreement between the City and another firm entirely, but that 2018 agreement to pursue "damages incurred as a result of the illegal sale distribution and marketing of opioids and opioid derivative drugs" does not name the PBMs or contemplate the claims brought against the PBMs in the omnibus motions. *See* Exhibit G.

Because Mr. Conn confirmed that he was not retained to respond to the PBMs public-records requests, the PBMs continued to submit the public-records requests directly to the municipalities. Yet on February 4, counsel for the City of Dunwoody, another client of Mr. Conn's, directed the PBMs to submit the request to Mr. Conn. *See* Exhibit H. Because it appeared that Mr. Conn's clients believed that he was handling these public-records requests on their behalf, the same day the PBMs sent Mr. Conn a list of municipalities to which the PBMs had sent or prepared

3

to send public-records requests. *See id*. The PBMs also requested to speak with Mr. Conn about the scope of the requests. *Id*. Mr. Conn did not respond to that outreach.

Responses from Mr. Conn's clients continued to trickle in. For example, on February 5, a representative of Macon County, Georgia, provided an incomplete response to the PBMs' public-records request. Despite the PBMs' request for documentation of Macon County's authorization or retention of Mr. Conn's firm to pursue claims against the PBMs, the County produced only a "Legal Services Agreement" nearly identical to the one provided by the City of Guntersville. *See* Exhibit I. This retention agreement similarly does not name the PBMs or contemplate the City joining the omnibus motions for leave to add the PBMs. *See id*. The PBMs explained the deficiency of Macon County's response and again invited Mr. Conn to discuss the scope of the public-records requests. *See* Exhibit J (email again asking Macon County for "any engagement letters or agreements with Matt Conn and/or Friedman, Dazzio, Zulanas & Bowling, P.C. in connection with the Opioid Litigation" or otherwise asking for confirmation that the Legal Services Agreement provided was the only such agreement). On February 6, Macon County's representative confirmed she did not have additional documents and "emailed Matt to see if [Macon County] authorized OptumRx." *Id.* The same day the PBMs again requested to speak with Mr. Conn at his earliest availability. *Id*. Again, Mr. Conn declined to respond.

As represented to the Court in the PBMs' original motion to strike, in a final effort to confer, the PBMs raised their concerns to Mr. Conn about his clients' apparent ignorance of their involvement in the ongoing opioid MDL in an email on February 8:

> At this point, it is clear to us that you did not obtain authorization for many of your subdivision clients before agreeing, on their behalf, for them to join motions for leave to amend to sue the PBMs. We'd be surprised if many of your clients even know what a PBM [is] or that they are being sued in the opioid MDL. But, at minimum, it appears to us that you never discussed the matter with them. We

4

> suspect that, if we are forced to submit and litigate open-records request for all 80 of your clients, we will find that this is true for all of them. . . . If you think we have the facts wrong, we invite you to correct the record.

Exhibit K. Nearly one week later, despite being given ample opportunities to speak with the PBMs and correct the record, Mr. Conn has remained silent. The PBMs even forwarded a copy of their original motion to strike to Mr. Conn, noting that they were willing to discuss the matter if he was interested. *Id.* Mr. Conn has not responded.

Given his continued silence and the substantial evidence that the PBMs have now presented to the Court in multiple filings, the Court should strike the 80 plaintiffs represented by Mr. Conn from the omnibus motions for leave to amend to add the PBMs.

## **REQUESTED RELIEF**

The PBMs have now identified at least 209 improper parties to the omnibus motions for leave to amend, and the PBMs' investigation has just begun. Already, the investigation has revealed concerning deficiencies in the authorization process for the omnibus motions for leave to amend. In addition to the relief already requested in the PBMs' original motion to strike, the Court should also strike the 143 plaintiffs represented by Anderson Davis, Roe Frazer, and Matt Conn, listed in Exhibit A, from the omnibus motions for leave to add the PBMs.

The PBMs reserve all rights to seek additional relief, including fees and costs incurred responding to the omnibus motions. The PBMs will continue filing supplements as new facts come in.

5

Respectfully submitted this 18th day of February, 2025.

| | |
|---|---|
| /s/ Brian D. Boone<br>Brian D. Boone<br>Matthew P. Hooker<br>William W. Metcalf<br>**ALSTON & BIRD LLP**<br>1120 South Tryon Street, Suite 300<br>Charlotte, NC 28203<br>T: (704) 444-1000<br>brian.boone@alston.com<br>matthew.hooker@alston.com<br>will.metcalf@alston.com<br><br>Andrew Hatchett<br>Grace Assaye<br>**ALSTON & BIRD LLP**<br>1201 W. Peachtree St. NW, Suite 4900<br>Atlanta, GA 30309<br>T: (404) 881-7000<br>andrew.hatchett@alston.com<br>grace.assaye@alston.com<br><br>*Attorneys for UnitedHealth Group Incorporated; Optum, Inc.; OptumInsight, Inc.; OptumInsight Life Sciences, Inc.; OptumRx, Inc.; OptumRx Discount Card Services, LLC; Optum Perks, LLC; OptumHealth Care Solutions, LLC; OptumHealth Holdings, LLC; and Optum Health Networks, Inc.* | /s/ Jonathan G. Cooper<br>Michael J. Lyle<br>Jonathan G. Cooper<br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>1300 I St. NW, Suite 900<br>Washington, DC 20005<br>T: (202) 538-8000<br>mikelyle@quinnemanuel.com<br>jonathancooper@quinnemanuel.com<br><br>Sage R. Vanden Heuvel<br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, CA 90017<br>T: (213) 443-3000<br>sagevandenheuvel@quinnemanuel.com<br><br>Tara MacNeill<br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>2601 South Bayshore Dr, Suite 1550<br>Miami, FL 33133<br>T: (305) 402-4880<br>taramacneill@quinnemanuel.com<br><br>*Attorneys for Express Scripts, Inc.; Express Scripts Administrators, LLC; Medco Health Solutions, Inc.; ESI Mail Order Processing, Inc.; ESI Mail Pharmacy Service, Inc.; Express Scripts Pharmacy, Inc.; Evernorth Health, Inc. (formerly Express Scripts Holding Company); and Express Scripts Specialty Distribution Services, Inc.* |