IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| **This document relates to:** | Case No. 17-md-2804 |
| **"All Cases"** | Judge Dan Aaron Polster |

**EMERGENCY MOTION SEEKING DISCLOSURE OF HEARING ZOOM LINK TO ALL DEFENDANTS FOR FEBRUARY 25, 2025 HEARING ON PEC'S EMERGENCY MOTION FOR RELIEF**

Publix Super Markets, Inc. ("Publix") hereby seeks an expedited Order from this Court disclosing the Zoom link and other information regarding the February 25, 2025, 9:30 a.m. hearing and permitting any Defendant in this MDL to attend (if it so chooses).

On February 11, 2025, OptumRx, Inc., Express Scripts, Inc., and other affiliated entities (the "PBMs") moved the Court to strike 66 plaintiffs from the omnibus motions for leave to amend to add the PBMs after public records requests unveiled that those plaintiffs had not authorized their counsel to join the motions for leave. ECF No. 5941. On February 18, 2025, the PBMs filed their First Supplemental Motion to Strike Certain Plaintiffs from the Omnibus Motions for Leave to Amend seeking to strike an additional 143 plaintiffs based on additional records obtained in response to public records requests demonstrating a similar lack of proper authorization. ECF No. 5952. Both filings by the PBMs indicated that their investigation into this serious issue was ongoing. *See, e.g.*, *id.* at 1. To date, the PBMs have identified more than 150 local governments included in the motions to amend that did not authorize the addition of claims against the PBMs.

Without even acknowledging that stunning finding, let alone confronting the difficult facts head on or providing any explanation for how that could happen, on Friday February 21, 2025, the

1

PEC filed its Emergency Motion for Relief Regarding PBM Counsel's Public Records Requests to Plaintiffs and Other Direct Communications With Plaintiffs (the "PEC Motion"). ECF No. 5958. The PEC Motion asks the Court to deprive all Defendants in this MDL of their First Amendment right to petition the government, despite no legal basis to do so. *See id.* at 15.

Approximately 90 minutes after the PEC Motion was filed, the Court issued an Order as follows:

> (1) the PBMs are directed to temporarily cease pursuit of existing or additional public records requests; (2) the PBMs may file a response to the Motion by 2:00 p.m. on Monday, February 24, 2025; and (3) the Court will conduct a hearing at 9:30 a.m. on Tuesday, February 25, 2025. The Court will provide Zoom information for the hearing separately.

Text Order re ECF No. 5958 (Feb. 21, 2025).

Despite the PEC Motion's request for relief impacting all parties, only the PBMs were permitted to submit an opposition (with one business days' notice) and, upon information and belief, only the PBMs and the PEC have been provided the Zoom information to attend tomorrow's hearing. And despite the presumption that court proceedings are open to the public, Publix (a named defendant) has not been provided any Zoom information or further details on the hearing. *See, e.g.*, *Waller v. Corder*, 178 F.3d 1297, 1999 WL 107946, at *1 (6th Cir. 1999) ("A presumed right of access exists to court proceedings and documents . . . ."); *Civil Beat Law Ctr. v. Maile*, 117 F.4th 1200, 1204 (9th Cir. 2024) ("Under the First Amendment, the press and the public have a presumed right of access to court proceedings and documents." (cleaned up)); *In re Demetriades*, 58 F.4th 37, 47 (2d Cir. 2023) ("The First Amendment affords the public a qualified right of access to a wide array of judicial proceedings in both criminal and civil matters.").

Publix therefore submits this Motion seeking disclosure of the hearing's Zoom information to all Defendants so that they may attend the hearing if they so choose. In light of the relief requested and already provided by this Court, it is not appropriate to limit tomorrow's hearing to

2

only the PBMs given the PEC seeks to enjoin *all* Defendants (including Publix) from submitting valid public records requests.

WHEREFORE, Publix Super Markets, Inc. requests that the hearing information be immediately disseminated to all MDL Defendants to permit them to attend the hearing if desired.

Dated:  February 24, 2025 Respectfully submitted,

*/s/ Kara Kapke*
Meredith Thornburgh White (IN 28094-49)
Kara M. Kapke (IN 25906-49)
**BARNES & THORNBURG LLP**
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone: (317) 236-1313
Facsimile: (317) 231-7433
mwhite@btlaw.com
kkapke@btlaw.com

Michael P. Kohler
Georgia Bar No. 427727
**MILLER & MARTIN**
1180 W. Peachtree Street, NW
Suite 2100
Atlanta, GA 30309
Telephone: (404) 962-6403
Michael.kohler@millermartin.com

*Attorneys for Defendant Publix Super Markets, Inc.*