IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION  **This document relates to:**  **"All Cases"** | MDL No. 2804  Case No. 17-md-2804  Judge Dan Aaron Polster |

### CERTAIN DEFENDANTS' JOINT MOTION FOR ORDER TO SHOW CAUSE

Albertsons, Inc., Albertsons, LLC, Safeway, Inc., Randall's Food & Drug, LP, and United Supermarkets, LLC (collectively, "Albertsons"); and Publix Supermarkets, Inc. ("Publix"); hereby move for entry of an order to show cause as to why the MDL Plaintiffs' various motions to amend should not be summarily denied Corrected Omnibus Motions for Leave to Amend [ECF Nos. 5567 (Albertsons) and 5570 (Publix)]. In the alternative, the Plaintiffs seeking to amend should ordered to show cause why they should not be required to provide evidence regarding their authorization to file their motions to amend. An appropriate order to show cause is required, in light of the material, incurable defects in Plaintiffs' motions conclusively revealed in the PBMs' Motion to Strike Certain Plaintiffs from the Omnibus Motions for Leave to Amend and for Sworn Certifications Regarding Joinder to the Omnibus Motions [ECF No. 5941], the PBMs' First Supplemental Motion to Strike Certain Plaintiffs from the Omnibus Motions for Leave to Amend [ECF No. 5952], and Publix's Opposition to Omnibus Motion for Leave to Amend [ECF No. 5581].

This Court ordered in no uncertain terms that "[l]ead counsel for each plaintiff seeking amendment of any listed complaint shall sign the motion [for leave to amend] to indicate that … both counsel and plaintiff-client are prepared to spend the time and money necessary to litigate the

case against each defendant." [ECF No. 5455, at 2].  This Court emphasized the need for such certification was to ensure that "any subdivision that is proposing to add a given Defendant may only do so if they're prepared to litigate against that Defendant."  [ECF No. 5471, at 6:2-4]. Plaintiffs have the burden to prove they are so prepared and have not come close to doing so.

First, lead counsel did not sign the motions as required. Second, it is easy to see why they did not, given the investigation by Publix and the PBMs to date have revealed vast numbers of Plaintiffs have not even authorized the amendments brought forth in the Omnibus Motions to Amend, let alone confirmed they are prepared to litigate against the named Defendants.  Given these inexcusable failures, Plaintiffs cannot meet their burden and the Court cannot assume the validity of the amendments being sought in the Omnibus Motions to Amend.

The Court has repeatedly commented that this litigation presents significant burdens for all involved.  That burden becomes unjustly shifted to Defendants when claims are brought forth in this MDL on behalf of Plaintiffs who have not authorized them to the point those Plaintiffs are unaware they are being pursued on their behalf and obviously have no legitimate desire to pursue them.  Despite this Court's efforts to provide some guardrails to prevent this type of litigation abuse, it has persisted, and this is on top of the already stunning revelation that the majority of Plaintiffs surveyed to date admit to never having implemented a legal hold in their now many years' old cases.

It is indisputable that Plaintiffs seeking to amend have disregarded the Court's orders. The undersigned Defendants request that this Court summarily deny the Corrected Omnibus Motions for Leave to Amend due to (i) blatant disregard of the Court's orders; and (ii) filing the Corrected Omnibus Motions for Leave to Amend without client authorization in violation of applicable rules of professional practice and the Court's orders. If the Court is still willing to entertain the ruse of

the Plaintiffs' Corrected Omnibus Motions for Leave to Amend, it should not do so as to any Plaintiff unless and until that Plaintiff directly provides conclusive proof that it authorized its participation therein and did so no later than July 30, 2024. Proof should include, at a minimum, a sworn affidavit from the head of that Plaintiff's governing body (not outside counsel) stating the following:

1) Prior to July 30, 2024, the governing body took all steps necessary to authorize an amendment adding Albertsons and Publix to its operative complaint;
2) The governing body still authorizes the Motion on its behalf;
3) The subdivision is prepared to spend whatever time and money are necessary to litigate its case against Albertsons and Publix when called upon to do so; and
4) Attached to the affidavit are true and complete copies of (a) the minutes of the meeting at which the governing body approved the addition of Albertsons and Publix to its MDL lawsuit, (b) the agreement pursuant to which the Plaintiff engaged its law firm(s) to represent it in a lawsuit against Albertsons and Publix on its behalf, and (c) a copy of the litigation hold notice, if any, first issued by the Movant for the case to which it now seeks to add Albertsons and Publix and bearing the original issue date or an explanation of how any existing hold or procedures has effectively preserved records for this matter.

Dated:  February 24, 2025

Respectfully submitted,
By: /s/ Francis A. Citera
One of Defendants' Attorneys

Francis A. Citera, citeraf@gtlaw.com
Gretchen N. Miller, millerg@gtlaw.com
GREENBERG TRAURIG, LLP
77 W. Wacker Drive, Suite 3100
Chicago, IL  60601
Tel: (312) 456-8400
Fax: (312) 456-8435

*Counsel for Defendants Albertsons, Inc., Albertsons, LLC, Safeway, Inc., Randall's Food & Drug, LP, and United Supermarkets, LLC*

/s/ Kara M. Kapke
Meredith Thornburgh White (IN 28094-49)
Kara M. Kapke (IN 25906-49)

BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone: (317) 236-1313
Facsimile: (317) 231-7433
mwhite@btlaw.com

*Counsel for Publix Super Markets, Inc*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 24, 2025, a true and correct copy of the "Certain Defendants' Motion to Strike Certain Plaintiffs from the Corrected Omnibus Motion for Leave to Amend" was served upon the parties of record using the CM/ECF system.

       */s/ Francis A. Citera*
       Francis A. Citera

ACTIVE 707748727v4