**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| This document relates to: | Case No. 1:17-OP-45177 |
| "United Food and Commercial Workers Health and Welfare Fund of Northeastern Pennsylvania" | Case No. 1:18-OP-45002 |
| | Case No. 1:18-OP-46223 |
| "Sheet Metal Workers Local No. 25 Health & Welfare Fund" | Case No. 1:18-OP-46186 |
| "Louisiana Assessors Insurance Fund" | Hon. Dan Aaron Polster |
| "Pioneer Telephone Cooperative Inc. Employee Benefits Plan" | |

## DEFENDANT NORAMCO, LLC'S MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Noramco LLC, formerly known as Noramco, Inc. ("Noramco"), respectfully requests that the Court dismiss Noramco from the above-captioned Third-Party Payor ("TPP") Bellwether Cases[1] with prejudice because: (1) the amended TPP Complaints make no factual or substantive allegations *at all* about Noramco, and (2) Plaintiffs have no good cause for this failure and should not be allowed at this late date to attempt to amend their complaints.

---

[1] Noramco was served and named in the Original Complaints and Amended Complaints in *Pioneer Telephone Cooperative Inc. Employee Benefits Plan* (*see* Dkt. Nos. 1, 48, Case No. 1:18-op-46186-DAP) ("Pioneer") and *Louisiana Assessors Insurance Fund* (*see* Dkt. Nos. 1, 20, Case No. 1:18-op-46223-DAP) ("Louisiana Assessors"). Noramco was neither served nor named in the Original Complaint or the Amended Complaint in *Sheet Metal Workers Local No. 25 Health & Welfare Fund* (*see* Dkt. Nos. 1, 27, Case No. 1:18-op-45002-DAP) ("Sheet Metal Workers"). Noramco was not served or named in the Original Complaint in *United Food and Commercial Workers Health and Welfare Fund of Northeastern Pennsylvania* (*see* Dkt. No. 1, Case No. 1:17-op-45177) ("United Food"), but was named in the Amended Complaint (*see* Dkt. No. 34, Case No. 1:17-op-45177). However, Noramco has not yet been served in *United Food*, warranting dismissal pursuant to Fed. R. Civ. P. 4(m).  Alternatively, Noramco should be dismissed under Fed. R. Civ. P. 12(b)(6) for the same reasons stated herein.

## I.        INTRODUCTION

As this Court recognized years ago when severing Noramco from the Track 1 bellwether trial, Noramco is unlike any other defendant in the federal opioids MDL.  MDL Dkt. No. 2399, August 15, 2019 Order at 3.  Noramco does not manufacture prescription opioid medications.  It does not distribute prescription opioid medications.  It is not a retail pharmacy seller of prescription opioid medications.  It also does not market prescription opioid medications.  Rather, Noramco's role in the prescription opioid supply chain is limited to manufacturing active pharmaceutical ingredients ("ingredients") only.   These ingredients are not themselves finished opioid medications—they can neither be consumed by patients nor prescribed by doctors.   Instead, Noramco's ingredients are sold to manufacturers of prescription opioid medications, who then use these ingredients as they see fit—including to make finished opioid medications.

Given Noramco's limited role as a manufacturer of ingredients used in medications manufactured, marketed, distributed, prescribed, and dispensed by others, it is perhaps unsurprising that the TPP Plaintiffs assert ***no allegations*** against Noramco.  Noramco is neither mentioned nor referenced anywhere in the TPP Complaints except the case captions and in the list of defendants in the opening unnumbered paragraphs preceding the numbered allegations.[2]  Under Sixth Circuit law, merely naming an entity in a case caption and listing it as a defendant is insufficient to state a claim against that entity.  This total absence of any allegations against Noramco entitles it to dismissal.

And this dismissal should be with prejudice.  The TPP Plaintiffs cannot show the "good cause" required by Fed. R. Civ. P. 16(b) to permit amendment.  Under this Court's scheduling

---

[2] The *Sheet Metal Workers* and *United Foods* bellwether complaints also list Noramco in a footnote to their unnumbered initial paragraphs (fn. 4) identifying it as one of the "newly added defendants in this pleading," again without any accompanying factual or substantive allegations.

order, the TPP Plaintiffs' operative bellwether complaints were due February 15, 2024.  There is

no good reason why the TPP Plaintiffs could not have met that amendment deadline to attempt to

make substantive allegations against Noramco.  To the contrary, the TPP Plaintiffs have known

for years of Noramco's existence and its role as a manufacturer of ingredients for opioid

medications.

The TPP Plaintiffs have no excuse for their deficient Complaints and Noramco should be

dismissed with prejudice.

## II.     LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Put another way, "the complaint must contain either direct or inferential allegations respecting all

material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411

F.3d 712, 716 (6th Cir. 2005).

## III.    ARGUMENT & AUTHORITY

### A.      The Complaints are Subject to Dismissal Under Rule 12(b)(6)

Here, the TPP Complaints must be dismissed because there are no allegations whatsoever,

let alone "direct or inferential" ones, pled against Noramco.  *Mezibov*, 411 F.3d at 716.  The law

in the Sixth Circuit is clear: "It is a basic pleading essential that a plaintiff attribute factual

allegations to particular defendants."  *Catanzaro v. Harry*, 848 F. Supp. 2d 780, 791 (W.D. Mich.

2012) (citing *Twombly*, 550 U.S. at 544).  So when an entity "is named as a defendant without an

allegation of specific conduct, the complaint is subject to dismissal" as to that defendant.  *Id.*; *see*

*McGuire v. Tennessee*, No. 22-5614, 2023 U.S. App. LEXIS 6497, at *8 (6th Cir. Mar. 17, 2023)

(finding that "all claims against [defendant] were subject to dismissal because [plaintiff's] second amended complaint asserted no allegations against her"); *Farmer v. Phillips*, No. 20-5730, 2021 U.S. App. LEXIS 31448, at *14 (6th Cir. Oct. 19, 2021) (finding claims against the defendant warden were "properly dismissed" when the plaintiff named the warden "as a defendant, but [] set[] forth no allegations against him"), *cert. denied*, 144 S. Ct. 218 (2023); *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery . . .").[3] As required by Sixth Circuit law, Noramco must be dismissed because the TPP Complaints contain no allegations against it.

### B. The TPP Plaintiffs Should Not be Given Leave to Amend

Noramco should be dismissed with prejudice: to the extent the TPP Plaintiffs seek leave to amend their complaints again to add substantive allegations against Noramco, this request should be denied under Fed. R. Civ. P. 16(b). This rule provides that a deadline set by a scheduling order can be modified only for "good cause" and with the Court's consent. *See* Fed. R. Civ. P. 16(b)(4); *Profitt v. Highlands Hosp. Corp.*, No. 23-5965, 2024 U.S. App. LEXIS 19401, at *10 (6th Cir. Aug. 1, 2024). This means that, to obtain leave to amend now, the TPP Plaintiffs must show "that despite their diligence they could not meet the original deadline" set by this Court to amend the pleadings. *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003). But Sixth Circuit law is again clear: "A plaintiff does not establish 'good cause' to modify a case schedule to extend the deadline

---

[3] *See also Akil Childress v. City of Cincinnati*, No. 1:24-cv-214, 2025 U.S. Dist. LEXIS 23385, at *39 (S.D. Ohio Feb. 10, 2025) (finding that plaintiffs' claims against certain defendants failed under Rule 12(b)(6) because "[o]ther than naming them in the Complaint's caption and listing them in the 'Parties' section, Plaintiffs make no reference to (much less any allegation about) any actions that [these] Defendants allegedly took."); *Kinsey v. County of Lorain*, No. 1:17 CV 2412, 2018 U.S. Dist. LEXIS 145417, at *6 (N.D. Ohio Aug. 27, 2018) (dismissing plaintiffs' complaint against three defendants under 12(b)(6) when "the Second Amended Complaint names them only in the caption. They are not mentioned anywhere else in the pleading.").

to amend the pleadings where she was aware of the facts underlying the proposed amendment to her pleading but failed, without explanation, to move to amend the complaint before the deadline." *Ross v. Am. Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014); *see also Leary*, 349 F.3d at 908-9 (similar).

That is exactly the case here.  There is no good reason why the TPP Plaintiffs could not have met the Court's amendment deadline to make substantive allegations against Noramco.  To the contrary, the TPP Plaintiffs have been on notice of Noramco's existence and its role as a supplier of ingredients for opioid medications for years.  Noramco was first named as a defendant in 2017.  In fact, two of the bellwether TPP Plaintiffs (Sheet Metal Workers and United Foods) first sued Noramco over seven years ago, in November 2017.  The other two (Pioneer and Louisiana Assessors) filed their Complaints over six years ago, in October 2018.  More than four years later, in December 2023, this Court entered the initial Case Management Order in this case, ordering the TPP Plaintiffs to amend their complaints by February 1, 2024.  *See* MDL Dkt. No. 5281.  This deadline was later extended to February 15, 2024.  *See* MDL Dkt. No. 5298.  The Court confirmed that this was a firm deadline: "No complaint shall be further amended by the TPP Bellwether Plaintiffs, beyond the Amended Complaints served on Defendants on February 15, 2024, and the actions contemplated by this paragraph absent leave of Court or stipulation of the Parties."  MDL Dkt. No. 5666.

In short, there is no cause at all to allow amendment now at this late stage, let alone "good cause."

## IV.   CONCLUSION

For all the reasons stated above, the Court should dismiss the TPP Plaintiffs' Complaints with prejudice as to Noramco.

Respectfully submitted this 25th day of February, 2025.

/s/ *Jenny A. Hergenrother*
Cari K. Dawson
Jenny A. Hergenrother
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309
404-881-7766
cari.dawson@alston.com
jenny.hergenrother@alston.com

Daniel G. Jarcho
**ALSTON & BIRD LLP**
950 F Street, NW
Washington, DC 20004
202-239-3254
daniel.jarcho@alston.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 25th day of February, 2025, the foregoing was filed using the Court's CM/ECF filing system and will be served via the Court's CM/ECF filing system on all attorneys of record.

/s/ *Jenny A. Hergenrother*
Jenny A. Hergenrother

*Counsel for Noramco, Inc.*