# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>This document relates to:<br><br>*PBM Bellwether Cases* | **MDL No. 2804**<br><br>**Case No. 17-md-2804**<br><br>**Judge Dan Aaron Polster** |

# PLAINTIFFS' COMBINED DISCOVERY REQUESTS TO DEFENDANT PHARMACY BENEFIT MANAGERS (1<u>ST</u> Set) (RELATING TO INITIAL DISCOVERY)

COME NOW the PBM Bellwether Plaintiffs and request the PBM Bellwether Defendants, individually and separately ("You"[1]), answer and respond to the following discovery requests pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure. For purposes of these discovery request, the ***geographic scope*** is nationwide and the ***temporal scope*** is January 1, 1996 to the present. In best efforts to ***avoid duplicative discovery*** (see Doc #: 5282), the term "produce" does not require the production of previously produced documents. In lieu of reproducing any previously produced documents, it is sufficient to specifically identify the Bates numbers that are responsive to a particular request. In addition to the specific identification of the Bates numbers from previous productions that are responsive to a particular request, all other documents not previously produced, that are necessary for a complete response to each request, should be produced.

---

[1] "You" or "Your" refers to each defendant named in the "PBM Bellwether cases" (Doc #: 5282) including its predecessors and/or successors in interest by way or merger, acquisition or otherwise. To the extent you contend the named corporate entities should be treated separately, you must answer separately sufficient to distinguish the differences between the same.

1

**Organizational**

1. Please *identify yourself* and your relationship with all corporate parents, subsidiaries, and sibling corporations and produce all documents which describe the inter-relationships of the same including, but not limited to, any such "organization chart."

2. Please identify your *officers and board members* and produce all documents which define the respective job responsibilities including, but not limited to, any "organization chart" which depicts your internal structure and chain of command related to pharmacy benefit services.

3. Please identify all corporate parents, subsidiaries, and sibling corporations with which you *share the same officers and/or board members* presently, and in the past, and produce all documents related thereto.

4. Please identify all *services* you offer to clients related to prescription opioids and produce all marketing and/or promotional materials related those services.

5. Please identify all your corporate parents, subsidiaries, and sibling corporations *not named in this civil action* which engage in services offered to clients related to prescription opioids.

6. Please produce all *policies, procedures and/or protocols* related to services you offer related to prescription opioids.

7. Please produce all *board agendas, "pre-read" materials provided to board members, and board minutes* discussing prescription opioids and your services related thereto.

8. Please produce all documents and communications provided to, relied upon, and/or produced by your *formulary committees* related to prescription opioids.

9. Please identify each *merger or acquisition* with businesses engaged in services related to prescription opioids.  Please produce all documents related thereto sufficient to identify any indemnification agreement related to civil liability.

**Regulatory**

10. Please identify all federal, state, and/or local government civil *investigations, litigations, administrative actions, and/or enforcement actions* taken against you related to pharmacy benefit management services which included, in whole or in part, services related to prescription opioids and produce all documents related thereto (including but not limited to all documents you produced to such government entities and/or agencies).

11. Please identify all public and/or *government hearings* you have participated in which involve or relate to prescription opioids and produce all documents elated thereto.

12. Please produce all communications with state and/or federal regulators regarding *rule-making* which impact the management of pharmacy benefits related to prescription opioids.

13. Please produce all documents and communications related to any federal, state, and/or local government reports, call letters, guidances, civil investigations, litigations, administrative actions, and/or enforcement actions (collectively, "*government action*") related to prescription opioids, whether or not such government action was taken against you. This request includes but is not limited to:

a. July 2001 FDA OxyContin relabeling;

b. January 2003 FDA warning letter to Purdue for misleading advertisements;

c. December 2003 United States General Accounting Office, Report to Congressional Requesters, *Prescription Drugs: OxyContin Abuse and Diversion and Efforts to Address the* Problem;

d. 2007 Purdue guilty plea resolving federal criminal and civil charges and agreeing to pay $630 million in fines related to the "misbranding" of OxyContin;

e. May 27, 2009 and December 4, 2009 FDA/Industry Working Group Public Meeting on Risk Evaluation and Mitigation Strategies for Certain Opioids;

f. 2009 Department of Justice National Prescription Drug Threat Assessment;

g. 2010 FDA approval of new formulation of OxyContin;

h. 2011 President Obama's administration report titled "Epidemic: Responding to America's Prescription Drug Abuse Crisis;"

i. March 2013 FDA open letter to prescribers seeking help curtailing the U.S. opioid epidemic; and

j. "Dear Registrant" letters from the DEA related to prescription opioids.

**Contracts**

14. Please identify in chronological order and produce all contractual agreements with all *manufacturers* of prescription opioids as well as all internal documents related thereto such as negotiations, re-negotiations, interpretation and/or enforcement.

15. Please produce all *communications* with *manufacturers* of prescription opioids related to your contractual relationships, rebates, fees, placement of prescription opioids on your formularies, suspicious order monitoring, due diligence, prescribing practices, "red flags" and/or dispensing practices related to prescription opioids.

16. Please identify in chronological order and produce all contractual agreements with all *distributors* of prescription opioids as well as all internal documents related thereto such as negotiations, re-negotiations, interpretation and/or enforcement.

3

17. Please produce all *communications* with all *distributors* of prescription opioids related to your contractual relationships, rebates, fees, placement of prescription opioids on your formularies, suspicious order monitoring, due diligence, prescribing practices, "red flags" and/or dispensing practices related to prescription opioids.

18. Please identify in chronological order and produce all contractual agreements with all *dispensers* of prescription opioids as well as all internal documents related thereto such as negotiations, re-negotiations, interpretation and/or enforcement.

19. Please produce all *communications* with all *dispensers* of prescription opioids related to your contractual relationships, rebates, fees, placement of prescription opioids on your formularies, suspicious order monitoring, due diligence, prescribing practices, "red flags" and/or dispensing practices related to prescription opioids.

20. Please identify in chronological order and produce all contractual agreements with all *benefit plans* which provide coverage to *members* residing within the bellwether jurisdictions.

21. Please produce all *communications* with all *benefit plans*, which provide coverage to *members* residing within the bellwether jurisdictions, related to prescription opioids, the opioid epidemic, dispensing practices and/or prescribing practices.

22. Please identify in chronological order and produce all contractual agreements with *Medicare and/or Medicaid* related to prescription opioids.

23. Please produce all *communications* with the Medicare, Medicaid and/or the U.S. Department of Justice related to rebates, administrative fees and/or kickbacks related to services you provide.

24. Please identify all parties to whom you have bought or sold any *data* pertaining to prescription drugs. For each such party, please identify in chronological order and produce all contractual agreements between you and that party (including their predecessors and/or subsidiaries)

25. Please identify in chronological order and produce all contractual agreements with any other *third party* related to prescription opioids, suspicious order monitoring of prescription opioids, auditing of your dispensing practices, and/or prescription opioid risk management.

26. Please produce all *marketing and/or promotional* materials, including presentations or slide decks, which relate to your services and prescription opioids.

*Opioid Epidemic*

27. Please identify all *reviews, studies, or analyses* you have conducted related to the opioid epidemic and/or opioid utilization, abuse, and/or diversion and produce all documents related thereto.

4

28. Please identify all ***presentations*** you have given related to the opioid epidemic and/or opioid utilization, abuse, and/or diversion and produce a copy of the same.

29. Please identify and produce all document relating to measures you have taken to ***combat the opioid epidemic***.

30. Please identify and produce all documents relating to measures you have taken to ***prevent diversion*** of prescription opioids and produce all documents related thereto.

31. Please produce all documents related to ***prescription opioid risk management***.

32. Please identify and produce all documents related to your ***lobbying efforts*** related to prescription opioid prescribing and/or dispensing.

33. Please produce all ***communications with health care providers and/or dispensers*** related to prescription opioid prescribing and/or dispensing practices.

34. Please produce all ***medical educational materials*** you provided to health care providers and/or dispensers related to prescription opioid prescribing and/or dispensing practices.

35. Please produce all communications to and/or from the Pharmaceutical Care Management Association (**PCMA**) related to prescription opioids.

Dated: December 29, 2023                               Respectfully submitted

*s/ Paul T. Farrell, Jr.*                                              *s/ Peter H. Weinberger*
Paul T. Farrell, Jr.                                                    Peter H. Weinberger (0022076)
FARRELL & FULLER                                            SPANGENBERG SHIBLEY & LIBER
1311 Ponce de Leone Ave., Suite 202                 1001 Lakeside Avenue East, Suite 1700
San Juan, PR  00907                                            Cleveland, OH 44114
(304) 654-8281                                                      (216) 696-3232
paul@farrellfuller.com                                          (216) 696-3924 (Fax)
*Plaintiffs' Co-Lead Counsel*                                pweinberger@spanglaw.com
                                                                              *Plaintiffs' Liaison Counsel*


Jayne Conroy                                                        Joseph F. Rice
SIMMONS HANLY CONROY                               MOTLEY RICE LLC
112 Madison Avenue, 7th Floor                          28 Bridgeside Blvd.
New York, NY 10016                                           Mt. Pleasant, SC  29464
(212) 784-6400                                                      (843) 216-9000
jconroy@simmonsfirm.com                                 (843) 216-9290 (Fax)
*Plaintiffs' Co-Lead Counsel*                                jrice@motleyrice.com
                                                                              *Plaintiffs' Co-Lead Counsel*

5

**Counsel for City of Rochester:**

*/s/Hunter J. Shkolnik*
Hunter J. Shkolnik
Paul J. Napoli
NSPR Law Services LLC
1302 Avenida Ponce de Leon
Santurce, Puerto Rico  00907
(833) 271-4502
hunter@nsprlaw.com
pnapoli@nsprlaw.com

Salvatore C. Badala
Shayna E. Sacks
Joseph L. Ciaccio
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY  10017
(212) 397-1000
sbadala@napolilaw.com
ssacks@napolilawcom
jciaccio@napolilaw.com

*Counsel for Plaintiff City of Rochester*

**Counsel for Lincoln County, MO:**

*/s/ John F. Garvey*
**STRANCH, JENNINGS & GARVEY, PLLC**
John F. Garvey
Colleen Garvey
Ellen A. Thomas
Peabody Plaza
701 Market Street, Suite 1510
St. Louis, MO 63101
Tel: (314) 390-6750
jgarvey@stranchlaw.com
cgarvey@stranchlaw.com
ethomas@stranchlaw.com

6

/s/ *Joanne M. Cicala*
**THE CICALA LAW FIRM PLLC**
Joanne M. Cicala
Joshua Wackerly
R. Johan Conrod
Shelbi Flood
101 College Street
Dripping Springs, TX 78620
Tel: (512) 275-6550
Fax: (512) 858-1801
joanne@cicalapllc.com
josh@cicalapllc.com
johan@cicalapllc.com
shelbi@cicalapllc.com

/s/ *Patrick A. Hamacher*
**NIEMEYER, GREBEL & KRUSE, LLC**
Patrick A. Hamacher
Mark R. Niemeyer
211 N. Broadway, Suite 2950
St. Louis, MO 63102
Tel: (314) 241-1919
Fax: (314) 665-3017
hamacher@ngklawfirm.com
Niemeyer@ngklawfirm.com

*Counsel for Plaintiff Lincoln County, MO*


**Counsel for City of Independence, Missouri:**

/s/ *John F. Garvey*
**STRANCH, JENNINGS & GARVEY, PLLC**
John F. Garvey
Colleen Garvey
Ellen A. Thomas
Peabody Plaza
701 Market Street, Suite 1510
St. Louis, MO 63101
Tel: (314) 390-6750
jgarvey@stranchlaw.com
cgarvey@stranchlaw.com
ethomas@stranchlaw.com

7

*/s/ Joanne M. Cicala*
THE CICALA LAW FIRM PLLC
Joanne M. Cicala
Joshua Wackerly
R. Johan Conrod
Shelbi Flood
101 College Street
Dripping Springs, TX 78620
Tel: (512) 275-6550
Fax: (512) 858-1801
joanne@cicalapllc.com
josh@cicalapllc.com
johan@cicalapllc.com
shelbi@cicalapllc.com

*/s/ Daniel A. Thomas*
HUMPHREY FARRINGTON MCCLAIN
Daniel A. Thomas
221 W. Lexington Ave. Ste 400
Independence, MO 64050
Tel: (816) 836-5050
DAT@hfmlegal.com

*Counsel for Plaintiff City of Independence, MO*

**Counsel for County of Webb, Texas:**

*/s/ Joanne M. Cicala*
THE CICALA LAW FIRM PLLC
Joanne M. Cicala
Joshua Wackerly
R. Johan Conrod
Shelbi Flood
101 College Street
Dripping Springs, TX 78620
Tel: (512) 275-6550
Fax: (512) 858-1801
joanne@cicalapllc.com
josh@cicalapllc.com
johan@cicalapllc.com
shelbi@cicalapllc.com

8

*/s/ Kevin Sharp*
**SANFORD HEISLER SHARP, LLP**
Kevin Sharp
Christine Dunn
611 Commerce Street, Suite 3100
Nashville, Tennessee 37203
Tel: (615) 434-7000
Fax: (615) 434-7020
ksharp@sanfordheisler.com
cdunn@sanfordheisler.com

*Counsel for Plaintiff Webb County, TX*