**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) MDL 2804 ) |
| | ) Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO: | ) ) Judge Dan Aaron Polster |
| *The City of Lakewood, Ohio, v. Purdue Pharma L.P., et al.* | ) ) **ORDER GRANTING** |
| Case no. 1:18-op-45240 | ) **DISCOUNT DRUG MART'S** ) **MOTION TO DISMISS** ) |

Before the Court is Discount Drug Mart's ("DDM") motion to dismiss The City of Lakewood's ("Lakewood") claims against DDM (docket no. 5871). Lakewood filed a response (docket no. 5912), and DDM filed a reply (case no. 18-op-45240; docket no. 60).[1] For the following reasons, DDM's motion to dismiss is **GRANTED**.

On April 6, 2023, the Court issued its *Order Regarding Service of Process* (docket no. 4986) ("*Service Order*"). The Order was intended to help winnow and resolve remaining cases and claims against various non-litigating defendants, including DDM. In the Order, the Court was exceedingly clear that "all governmental subdivision plaintiffs that have not perfected service must do so within 45 days of the date of this [Service] Order or have their cases or claims, as appropriate, ***dismissed with prejudice***." *Service Order* at 5 (emphasis in original). The Court further provided: "At the appropriate time, any defendant may move for dismissal with prejudice of any claim against them filed by a plaintiff that fails to comply with this Order." *Id.* at 5–6.

---

[1] DDM's Reply brief was only filed on the member case docket.

On March 14, 2019, Lakewood amended its complaint to add DDM as a defendant. *See* case no. 18-op-45240; docket no. 44. In its January 15, 2025 Motion, DDM asserts "Lakewood failed to serve DDM within the required ninety (90) day period [from the filing of Lakewood's 2019 amendment]. In fact, **Lakewood has not served DDM at all**." Motion at 2 (emphasis added). DDM seeks to have Lakewood's claims against it dismissed with prejudice for failure to comply with the Court's April 6, 2023 *Service Order*, and also requests Lakewood be stricken from the PEC's omnibus motion to amend to add DDM.[2]

In its response, Lakewood does not dispute that it failed to serve DDM. Rather, Lakewood suggests that it *would* serve DDM if the PEC's omnibus motion to amend to add DDM is granted. *See* Response at 2 ("if the PEC's Motion [to amend] is granted, the named plaintiffs would file their Amended Complaints and serve [DDM] as may be required.").

Lakewood's obligation to properly serve DDM is not now, nor was it ever, contingent on whether this Court decides to grant or deny the PEC's omnibus motions to amend. Rather Lakewood's obligation to properly serve DDM began in 2019 when it added DDM as a party. For the reasons stated in the *Service Order*, the Court extended the deadline for Lakewood to perfect service on DDM from June 12, 2019, to May 22, 2023; far beyond the ninety days provided under the Federal Rules. Lakewood's failure to serve DDM, even within that greatly extended timeframe, amounts to a failure to comply with the *Service Order* and requires dismissal with prejudice.

---

[2] On August 1, 2024, Lakewood joined approximately 32 other plaintiffs/cases in seeking to add DDM as a defendant. *See* docket no. 5569-1.

Accordingly, DDM's motion to dismiss is **GRANTED**. Lakewood's claims against DDM are dismissed with prejudice. Further, Lakewood is **STRICKEN** from the PEC's omnibus motion to amend to add DDM (docket no. 5569).

**IT IS SO ORDERED.**

<u>/s/ Dan Aaron Polster March 10, 2025</u>
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**