UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) MDL No. 2804 ) ) Case No. 1:17-MD-2804 ) ) Judge Dan Aaron Polster ) ) ) |
| This document relates to: *All MDL Tribal Cases* | |

## ORDER TO ESTABLISH QUALIFIED SETTLEMENT FUND FOR TRIBAL ALLOCATION AND APPOINT TRUSTEE AND QSF ADMINISTRATOR

The Plaintiff Tribal Leadership Committee ("TLC") appointed by this Court, on behalf of the Participating Tribes, have reached a settlement-in-principle (the "Zydus Tribal Settlement") with Zydus[1], which will be more specifically described in that certain Zydus Tribal Settlement Agreement[2]. The Zydus Tribal Settlement requires that Zydus make payment into a Zydus Settlement Trust, which such trust will hold and distribute certain sub-funds as will be provided for by the Zydus Tribal Settlement Agreement. In order to facilitate the consummation of the Zydus Tribal Settlement, as well as certain other similar settlements currently being negotiated by the TLC on behalf of the tribes with various defendants (each such settlement, an "Additional 2025 Tribal Settlement"), the TLC has asked the Court to establish a qualified settlement fund (the "Tribal QSF") within the meaning of section 468B of the Internal Revenue Code of 1986, as

---

[1] "Zydus" means Zydus Pharmaceuticals (USA) Inc., Nesher Pharmaceuticals (USA) LLC, and Zydus Lifesciences Limited, and any and all respective past and present direct or indirect parents, subsidiaries, divisions, affiliates, joint ventures, predecessors, successors, insurers, assigns, or shareholders related to each such entity.

[2] The term "Zydus Tribal Settlement Agreement" shall refer to the Zydus Settlement Agreement between and among Zydus and Participating Tribes (as to be defined in the Zydus Tribal Settlement Agreement). Zydus and the TLC are currently working productively towards drafting the Zydus Settlement Agreement, which has not yet been finalized or executed. Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them by the Zydus Tribal Settlement Agreement.

amended, and Treasury Regulation Sections 1.468B-1, *et seq.*, that will hold and distribute the funds held within the Zydus Settlement Trust as well as each such other Additional 2025 Tribal Settlement fund that the Court directs to be held therein by subsequent order.

Therefore, by entry of this Order, the Court desires to establish such Tribal QSF, which shall be called the "2025 Multi Defendant Tribal Opioid Settlement Trust", and which such Tribal QSF shall hold and distribute the funds held within the Zydus Settlement Trust as well as any Additional 2025 Tribal Settlement fund that the Court directs to be held therein by subsequent order. Further, the Court desires to appoint Special Master David R. Cohen as trustee and QSF administrator of the Tribal QSF for purposes of Treasury Regulations Section 1.468B-2(k)(3) (in such capacities, the "Trustee/QSF Administrator") to oversee administration of the Tribal QSF. In such capacity, Mr. Cohen shall take such actions he determines to be necessary and appropriate in connection with the establishment and administration of the Tribal QSF and the Zydus Settlement Trust funds to be held therein, including (without limitation) the creation of a trust to serve as the legal entity that operates and administers the Tribal QSF and the establishment of bank accounts[3] to hold and distribute the funds held within the Zydus Settlement Trust and its sub-funds in accordance with the Zydus Settlement Agreement. The fees of the Trustee/QSF Administrator and any fee panel members, advisors, vendors and services he determines to be necessary and appropriate to conduct and complete his work (including, without limitation, those incurred prior to the fulfillment of the conditions precedent of the Zydus Tribal Settlement Agreement), shall be paid for or reimbursed from the interest generated by the funds held within the Zydus Settlement Trust, or, thereafter, from the Zydus Settlement Trust funds.

---

[3] Such accounts to be opened at Huntington Bank, or at another financial institution to be selected by the Trustee/QSF Administrator in his discretion and approved by the Court

Accordingly, as set forth in detail above and consistent with the foregoing, the Court hereby ORDERS as follows:

1. The 2025 Multi Defendant Tribal Opioid Settlement Trust is established as a qualified settlement fund within the meaning of Section 1.468B-1 *et seq.* of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, as amended, for the purpose of holding and distributing the funds held within the Zydus Settlement Trust in accordance with the Zydus Tribal Settlement Agreement.

2. The 2025 Multi Defendant Tribal Opioid Settlement Trust qualified settlement fund established by this Order may be used to hold and distribute certain Additional 2025 Tribal Settlement funds subject to subsequent orders of this Court.

3. The 2025 Multi Defendant Tribal Opioid Settlement Trust qualified settlement fund established by this Order is established to resolve or satisfy one or more claims raised in this matter and the Court will have continuing jurisdiction over the 2025 Multi Defendant Tribal Opioid Settlement Trust qualified settlement fund (including, without limitation, the Zydus Settlement Trust to be contained therein).

4. Special Master David R. Cohen is hereby appointed to serve as Trustee and QSF Administrator for the 2025 Multi Defendant Tribal Opioid Settlement Trust qualified settlement fund established by this Order as further set forth above in this Order.

**IT IS SO ORDERED.**

/s/ *Dan Aaron Polster*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

**Dated: March 11, 2025**