UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*All Cases Naming Zydus Pharmaceuticals (USA) Inc. or Nesher Pharmaceuticals (USA) LLC as Defendant(s)* | MDL 2804<br><br>Case No. 1:17-MD-2804<br><br>Hon. Dan A. Polster |

**ORDER TO ESTABLISH CONFIDENTIAL QUALIFIED SETTLEMENT FUND AND APPOINT SETTLEMENT REFEREE FOR ZYDUS SETTLEMENT AGREEMENT**

Zydus Pharmaceuticals (USA) Inc. ("Zydus") and Nesher Pharmaceuticals (USA) LLC ("Nesher") (together, "Zydus"), along with the Plaintiffs' Executive Committee ("PEC") appointed by this Court, on behalf of the states, subdivisions and tribes that have reached settlement-in-principle with Zydus,[1] seek entry of an order: (i) approving the establishment, under this Court's continuing jurisdiction, of a qualified settlement fund within the meaning of section 468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation Sections 1.468B-1, *et seq.*, which will be more specifically described in the Zydus Settlement Agreement[2] and which shall be called the Zydus Settlement Fund; and (ii) appointing a Settlement Referee for

---

[1] "Zydus" means Zydus Pharmaceuticals (USA) Inc., Nesher Pharmaceuticals (USA) LLC, and Zydus Lifesciences Limited, and any and all respective past and present direct or indirect parents, subsidiaries, divisions, affiliates, joint ventures, predecessors, successors, insurers, assigns, or shareholders related to each such entity.

[2] The term "Zydus Settlement Agreement" shall refer to the Zydus Settlement Agreement between and among Zydus and Participating States, Subdivisions and Tribes (as to be defined in the Zydus Settlement Agreement). Zydus and the PEC are currently working productively towards drafting the Zydus Settlement Agreement, which has not yet been finalized or executed. As set forth herein, no money shall be distributed from the Zydus Settlement Fund unless and until the parties execute the Zydus Settlement Agreement. The parties, at present, do not anticipate any barriers to agreement and fully expect the Zydus Settlement Agreement to be executed in the coming months. Nevertheless, to the extent the parties are unable to reach an agreement on the terms of the Zydus Settlement Agreement by September 1, 2025, the Zydus Payment shall be returned to Zydus by September 30, 2025.

the Zydus Settlement Fund. This Order is intended to facilitate and be wholly consistent with the Zydus Settlement Agreement, and in the event of any inconsistency between this Order and the Zydus Settlement Agreement, the Zydus Settlement Agreement shall control.

**I.**     **Creation of the Zydus Settlement Fund Under MDL Court Jurisdiction**

Zydus has reached a global settlement-in-principle to resolve all actual or potential government claims against it in the MDL, in addition to the actual or potential claims of State Attorney Generals, subdivisions, and the Native American Tribes. Zydus and the PEC are currently working productively on the terms of a written settlement agreement. While the parties negotiate and finalize the terms of the written settlement agreement, Zydus has agreed to make payments into the Zydus Settlement Fund, pursuant to its settlement-in-principle. All payments made into the Zydus Settlement Fund, including any accrued interest, shall revert to Zydus if the following conditions are not satisfied on or before September 1, 2025: execution of the Zydus Settlement Agreement and satisfaction of all conditions set forth in and to be more specifically described in the Zydus Settlement Agreement; at least a certain percentage—to be defined in the Zydus Settlement Agreement—of States, Subdivisions and Tribes sign Participation Forms to settle with Zydus for all pending and threatened future claims; and eligible States, Subdivisions, and Tribes shall cease all litigation activity against Zydus and shall not file any new cases against Zydus.

The Court establishes the Zydus Settlement Fund, and, conditioned upon the Court approving and entering this Order on or before March 24, 2025, Zydus shall pay into the Zydus Settlement Fund the confidential settlement amount agreed upon by the parties and memorialized by electronic mail dated March 5, 2025 (the "Zydus Payment") on or before April 23, 2025. Should the Zydus Settlement Agreement not become effective (including but not limited to the conditions not being satisfied to commence the Effective Date), or should the conditions for making payments

set forth in the Zydus Settlement Agreement or set forth herein not be satisfied by September 1, 2025, the Zydus Payment shall revert in whole from the Zydus Settlement Fund to Zydus consistent with the provisions in the Zydus Settlement Agreement,[3] and the Settlement Referee shall promptly return the Zydus Payment, plus any accrued interest less the costs of administering the Zydus Settlement Fund, to Zydus in whole by September 30, 2025.

## II. Appointment of Settlement Referee

The Zydus Settlement Fund shall be structured and operated in a manner so that it qualifies as a "qualified settlement fund" as described in Treasury Regulations Section 1.468B-1, and shall remain subject to the continuing jurisdiction of this Court.

The Court appoints BrownGreer PLC (the "Settlement Referee") to serve as Trustee, Administrator, and/or Settlement Referee of this qualified settlement fund for purposes of Treasury Regulations Section 1.468B-2(k)(3) and for purposes of performing the role of the Settlement Referee as to be set forth in the Zydus Settlement Agreement. The Settlement Referee shall be responsible for making any necessary tax filings and payments of taxes, estimated taxes, and associated interest and penalties, if any, by the Zydus Settlement Fund. The Settlement Referee shall be responsible for responding to any questions from, or audits regarding, such taxes by the Internal Revenue Service or any state or local tax authority, as well as questions from the Department of Labor.

The Settlement Referee shall also be responsible for complying with all tax information reporting and withholding requirements with respect to payments made by the Zydus Settlement Fund, as well as paying any associated interest and penalties. All such tax, interest, and penalty

---

[3] Alternatively, if the parties do not finalize and execute the Zydus Settlement Agreement before September 1, 2025, the Zydus Payment shall revert in whole from the Zydus Settlement Fund to Zydus by September 30, 2025, notwithstanding the terms of the unexecuted Zydus Settlement Agreement.

payments and all expenses and costs incurred in connection with taxation of the Zydus Settlement Fund (including, without limitation, expenses of tax attorneys and accountants) shall be paid from the Zydus Settlement Fund and shall be considered administrative costs of the settlement.

With respect to work undertaken by the Settlement Referee prior to the fulfillment of the conditions precedent of the Zydus Settlement Agreement, such costs shall be paid from the first interest generated by the Zydus Settlement Fund, or from the Zydus Settlement Fund.

No bond shall be required. The Zydus Settlement Fund shall be held under this Court's ongoing jurisdiction at The Huntington National Bank, or at another financial institution selected by the Settlement Referee in its discretion and approved by the Court. All amounts deposited in the Zydus Settlement Fund shall be invested conservatively in a manner designed to assure timely availability of funds, protection of principal, and avoidance of concentration risk. The services of the Settlement Referee, and any vendors and services it determines to be necessary and appropriate to conduct and complete its work, shall be paid or reimbursed from the interest earned or from the Zydus Settlement Fund.

The Settlement Referee will obtain a Federal Taxpayer Identification Number for the Zydus Settlement Fund upon entry of this Order by this Court establishing the Zydus Settlement Fund, and the Settlement Referee will also take such other actions it determines to be necessary and appropriate in connection with the establishment of the Zydus Settlement Fund. The Settlement Referee shall be authorized, upon final distribution of all monies paid into the Zydus Settlement Fund, to take appropriate steps to wind down the Zydus Settlement Fund and thereafter be discharged from any further responsibility with respect to the Zydus Settlement Fund.

WHEREFORE, as set forth in detail above, the Court grants the request of the PEC and Zydus, and hereby:

A. Consents to take continuing jurisdiction over the Zydus Settlement Fund pursuant to Treasury Regulation Section 1.46B-1(c)(1); and

B. Establishes the Zydus Settlement Fund, pursuant to the Zydus Settlement Agreement, and appoints BrownGreer PLC as Trustee, Administrator, and/or Settlement Referee consistent with the terms of the Zydus Settlement Agreement.

The Court will enter such further Orders as may be necessary and appropriate regarding all of the matters addressed herein.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

**Dated: March 11, 2025**