UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804<br><br>Case Nos. 1:17-md-2804<br>　　　　　1:18-op-45817<br><br>Judge Dan Aaron Polster |

**PUBLIX SUPER MARKETS, INC'S MEMORANDUM IN SUPPORT OF
MOTION TO ENFORCE THE COURT'S ORDERS AND
DISMISS "ZERO-PERCENT MARKET SHARE" CLAIMS**

In no uncertain terms, this Court has instructed government plaintiffs in this MDL to dismiss defendants who operate no pharmacies and thus have no opioid market share within plaintiffs' jurisdictions. Yet there remain at least nine plaintiffs with claims against Publix in jurisdictions where Publix had no pharmacies during the period covered by the ARCOS data (2006–2019).[1] Since Plaintiffs refuse to comply with the Court's numerous orders and dismiss these deficient claims voluntarily, the Court should do it for them.

## BACKGROUND

As early as January 2019—*more than six years ago*—the Court directed plaintiffs in this MDL to carefully review the reports from the ARCOS data (2006–2019) and begin removing defendants who had no opioid market share within plaintiffs' jurisdictions. *See* ECF No. 1282 (approving the Short Form Complaint and permitting plaintiffs to "add or *dismiss*" defendants "based on plaintiffs' review of the ARCOS data" (emphasis added)); *see also* ECF No. 1429

---

[1] These nine plaintiffs (referred collectively herein as "Plaintiffs") are: Miami Gardens, Florida; Peach County, Georgia; Bay Minette, Alabama; Brookwood, Alabama; Hartselle, Alabama; Loxley, Alabama; Summerdale, Alabama; Robertsdale, Alabama; and Prichard City, Alabama.

(explaining "[t]he parties and the Court contemplated that Plaintiffs would not only add, ***but also remove*** defendants based on Plaintiffs' analysis of the ARCOS data" (emphasis added)).

At its April 7, 2021 hearing, the Court observed that it "learned for the first time that there are a number of cases in the MDL including pharmacies when they have a zero percent market share[.]" ECF No. 3685 at 3:15-4:2. Expressing its disappointment, the Court reminded plaintiffs it had "issued prior orders to clean up the docket to take care of this," but that "[i]t obviously hasn't happened." *Id.* The Court ordered the parties to identify cases in which pharmacy-defendants "have zero market share" and to dismiss those claims with prejudice: "[I]n my view it shouldn't just be dismissal without prejudice. If the defendants have no market share, they shouldn't be in the case, period." *Id.* at 6:6-11.

To facilitate the timely dismissal of these zero-percent market share cases, the Court directed the parties file a status report on the dismissals by April 30, 2021, stressing that failure to comply would result in "a show cause order and [requiring] each one of these lawyers come into court and say why their case should be maintained against these pharmacies." *Id.* at 6:15-23; ECF No. 3688 at 2. The Court then reiterated its requirements to identify and dismiss pending zero-percent market share cases in its subsequent written order: "[P]laintiffs shall begin dismissal of [cases] with prejudice" where "Pharmacy Defendants have zero-percent market share in the relevant jurisdictions." ECF No. 3688 at 2.

In compliance with the Court's directive, on April 27, 2021, Publix identified four cases where Publix had zero-percent market share. *See* ECF No. 3709 at 3 n.3. By June 2021, however, Plaintiffs had yet to dismiss any of these zero-percent market share cases. ECF No. 3745 at 3 n.4 ("To date, plaintiffs . . . have taken no action in response to the Court's order as far as Publix is aware."). In response, the PEC did not mention, let alone attempt to explain, justify, or defend, the

2

zero-percent market share cases Publix had identified. *See* ECF No. 3748. Nearly *four years* later, all of these cases remain pending on the Court's docket and continue to name Publix as a defendant. In addition, five additional plaintiffs filed and/or served cases after the April 2021 submission naming Publix as a defendant where Publix has zero-percent market share, taking the total to nine Plaintiffs pursuing claims against Publix despite Publix having no pharmacies and a zero-percent market share within their territories.

Finally, in May 2024, the Court lifted the moratorium on substantive filings and permitted the PEC to file motions to amend to add defendants. The Court conditioned this permission, however, ordering the plaintiffs to "to review every case carefully and ***dismiss*** any defendant that plaintiffs' counsel does not intend to zealously pursue in litigation." ECF No. 5455 at 2 (emphasis added). Yet none of the plaintiffs with "zero-percent market share" claims against Publix amended their complaints to dismiss Publix, despite the Court having previously explained "that no jury's going to find [a defendant] responsible under RICO or public nuisance if they have no pharmacies in the jurisdiction." ECF No. 3685 at 6:2–23.

To date, there are no fewer than nine existing MDL plaintiffs maintaining claims against Publix in jurisdictions where it ***never*** operated a pharmacy during the period covered by the ARCOS data (2006–2019) [2]:

1. Miami Gardens, Florida (Miami-Dade County), 1:18-op-45873-DAP;
2. Bay Minette, Alabama (Baldwin County), 1:22-op-45018-DAP;
3. Loxley, Alabama (Baldwin County), 1:22-op-45018-DAP;
4. Summerdale, Alabama (Baldwin County), 1:22-op-45018-DAP;
5. Robertsdale, Alabama (Baldwin County), 1:20-op-45272-DAP;
6. Brookwood, Alabama (Tuscaloosa County), 1:20-op-45272-DAP;
7. Hartselle, Alabama (Morgan County), 1:18-op-45736-DAP;

---

[2] This list does not include plaintiffs who have not yet named Publix but have moved to add Publix despite it having never operated a pharmacy within their jurisdictions: *i.e.*, Sheriff of Peach County, Georgia; 1:19-op-45314-DAP; Russell County, Alabama, 1:19-op-45826-DAP; Columbiana, Alabama, 1:22-op-45016-DAP; and Florida City, Florida, 1:19-op-45594-DAP.

3

8. Prichard City, Alabama (Mobile County), 1:18-op-45690-DAP; and
9. Peach County, Georgia, 1:18-op-45579-DAP.[3]

Because Plaintiffs have disregarded the Court's numerous orders to review the ARCOS data and dismiss zero-percent market share claims against Publix, the Court should enforce its orders and dismiss these claims with prejudice.

## STANDARD

This Court has the inherent authority to dismiss claims when a plaintiff fails to comply with its orders. *Pharmacy Records v. Nassar*, 379 F. App'x 522, 523 (6th Cir. 2010) (citing *First Bank of Marietta v. Hartford Underwriters Ins.*, 307 F.3d 501, 512 (6th Cir. 2002)); *see also Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999) (holding that the inherent authority to dismiss a case "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties"). This Court is further empowered by Federal Rule of Civil Procedure 41(b) to dismiss claims when a plaintiff fails to comply with a court order.

When evaluating whether to involuntarily dismiss a plaintiff's claims, the Court considers the following non-dispositive factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead

---

[3] *See* ARCOS 2006–2019 data. *See also Opioids Data*, SLCG Economic Consulting, https://www.slcg.com/opioid-data/ (containing Plaintiffs' expert SLCG's Pharmacy Reports for Miami-Dade County, Florida, Baldwin County, Alabama, Tuscaloosa County, Alabama, Morgan County, Alabama, and Mobile County, Alabama, which show no Publix pharmacies within these Plaintiffs' jurisdictions receiving any opioid drug shipments from 2006–2019). The ARCOS Data and SLGC pharmacy report for Peach County, Georgia, contains one Publix Pharmacy location at 6015 Watson Blvd., Byron, Georgia 31008. Public records and the legal description of the property, however, confirm this pharmacy is actually located in Houston County, Georgia, not Peach County, Georgia. *See* Exh. 1 (Durkee Declaration). Omitting this erroneous pharmacy listing from the Peach County report leaves no Publix Pharmacies in the Peach County ARCOS data or reports, meaning it is a zero-percent market share Plaintiff.

4

to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). Dismissal is particularly appropriate when "there is a clear record of delay or contumacious conduct." *Id.* (cleaned up); *see also United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002). All these factors support the Court enforcing its prior orders and dismissing Plaintiffs' claims against Publix.

## ARGUMENT

The Court's prior orders gave clear direction to plaintiffs: dismiss cases against pharmacy-defendants where those defendants had no pharmacies within the plaintiff's jurisdiction. Plaintiffs have refused to comply with that unambiguous command. Plaintiffs have had more than enough time to comply with this Court's numerous orders. Their delayed compliance warrants involuntary dismissal with prejudice.

The Court has directed the Plaintiffs to dismiss these zero-percent market share claims no fewer than four times since 2019. Despite the Court giving Plaintiffs numerous instructions and opportunities to remedy their pleadings, there remain cases alleging claims against Publix in jurisdictions where it did not operate a pharmacy during the period covered by the ARCOS data (2006–2019). *Cf. Blount v. Patterson House*, No. 24-5049, 2024 U.S. App. LEXIS 16901, at *3-4 (6th Cir. July 10, 2024) (affirming district court's involuntary dismissal under Rule 41 after "the district court gave [the plaintiff] two opportunities to conform her complaint to Rule 8, but she failed to do so"); *Marshall Hill, LLC v. Compass Ventures, LLC*, No. 3:24-CV-292-KAC-DCP, 2024 U.S. Dist. LEXIS 227921, at *3-4 (E.D. Tenn. Dec. 17, 2024) (dismissing plaintiffs' complaint "[g]iven [their] failure to comply with two of the Court's orders and general

5

unresponsiveness with opposing counsel"). Plaintiffs' "disregard of the graciousness" of this Court is the kind of contumacious behavior that warrants dismissal. *Reyes*, 307 F.3d at 457.

The continued existence of these zero-percent market share claims harms both the Court and Publix. Plaintiffs' delay has prejudiced Publix, which has been forced to devote resources to seeking Plaintiffs' compliance—and, if these deficient claims are not dismissed, will incur future fees defending against them. *See Harmon v. CSX Transp.*, 110 F.3d 364, 368 (6th Cir. 1997) (finding dismissal appropriate where defendant "waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide"). The Plaintiffs' noncompliance has also hindered the Court's goal to "clean up the docket" from these zero-percent market share claims. ECF No. 3685 at 3:15-4:2. Dismissing these claims now would further the Court's objective and "ensure that [these] cases do not languish on [the Court's] docket." *Marshall Hill*, 2024 U.S. Dist. LEXIS 227921, at *2-4 (citing *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962)); *see also Knoll v. AT&T Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (describing Rule 41(b) as "a tool to effect management of [the district court's] docket and" to avoid "unnecessary burdens on the tax-supported courts [and] opposing parties." (citation and quotation marks omitted). Moreover, Plaintiffs' failure here continues a disturbing pattern of non-compliance with the Court's orders in this MDL. *See, e.g.,* Exh. 2 (failure to implement litigation-related documentation retention holds for years notwithstanding the Court's direction to do so); ECF No. 4801 (failure to file basic fact sheets); ECF Nos. 5881, 5941, 5952 (failure to obtain client authorization to amend complaints).

Finally, there is no less drastic measure available here to remedy Plaintiffs' non-compliance. The Court has repeatedly ordered Plaintiffs to dismiss these deficient claims—the ***minimum*** remedy for Plaintiffs' failure to comply with their obligations to review the evidence and ensure they are not naming defendants against whom they have no hope of recovery. By

dismissing Plaintiffs' claims against Publix, the Court would merely be enforcing what the law plainly requires and what it has repeatedly ordered Plaintiffs themselves to do. *See Robinson v. City of Middletown Police Dep't*, No. 1:24-cv-286, 2024 U.S. Dist. LEXIS 224184, at *3 (S.D. Ohio Dec. 11, 2024) (finding "no alternative" to dismissal "would protect the integrity of the pretrial process" after the plaintiff's "failure to timely comply with the clear orders of the Court, which established reasonable deadlines for compliance"); *see also Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal").

## CONCLUSION

Plaintiffs' repeated non-compliance with this Court's orders, the interest of managing this Court's docket, and the prejudice Publix has incurred and will incur defending these facially deficient claims all warrant the dismissal of Plaintiffs' zero-percent market share claims. Publix requests that the Court enforce its prior orders and dismiss with prejudice all existing MDL claims as to Publix where it did not operate a pharmacy in the applicable jurisdiction during the period covered by the ARCOS data (2006–2019), including the cases brought against Publix on behalf of the following plaintiffs:

1. Miami Gardens, FL, 1:18-op-45873-DAP
2. Peach County, GA, 1:18-op-45579-DAP
3. Bay Minette, AL, 1:22-op-45018-DAP
4. Brookwood, AL, 1:20-op-45272-DAP
5. Hartselle, AL, 1:18-op-45736-DAP
6. Loxley, AL, 1:22-op-45018-DAP
7. Summerdale, AL, 1:22-op-45018-DAP
8. Robertsdale, AL, 1:20-op-45272-DAP, and
9. Prichard City, AL, 1:18-op-45690-DAP.

7

Dated: March 13, 2025,	Respectfully submitted,

                                                     */s/ Kara M. Kapke*
Meredith Thornburgh White (IN 28094-49)
Kara M. Kapke (IN 25906-49)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone: (317) 236-1313
Facsimile: (317) 231-7433
mwhite@btlaw.com
kkapke@btlaw.com

Michael P. Kohler
MILLER & MARTIN PLLC
1180 West Peachtree Street, N.W.
Ste. 2100
Atlanta, GA 30309-3407
Telephone: 404-962-6403
Facsimile: 404-962-6300
michael.kohler@millermartin.com

*Attorneys for Defendant Publix Super Markets, Inc.*