# UNITED STATES JUDICIAL PANEL
# on
# MULTIDISTRICT LITIGATION

IN RE: NATIONAL PRESCRIPTION
OPIATE LITIGATION                                                                          MDL No. 2804

## REMAND ORDER

**Before the Panel:**[*]  Defendant Publix Super Markets, Inc. ("Publix") in the *Cobb County* action and Defendants Albertsons, Inc., Albertsons, LLC, Safeway, Inc., Randall's Food & Drug, LP, and United Supermarkets, LLC (collectively, "Albertsons") in the *Tarrant County* action listed on Schedule A move under Panel Rule 10.2 to vacate orders conditionally separating and remanding the public nuisance claims from those MDL actions to their respective transferor courts. Publix further moves to vacate our February 19, 2025 order vacating our November 22, 2024 Conditional Remand Order, which was finalized on December 3, 2024.  Publix and Albertsons argue that we should remand *Cobb County* and *Tarrant County* to their respective transferor courts in their entirety.  Plaintiffs in both actions oppose the motions and support remanding their public nuisance claims.

## I. Statutory Authority

A civil action transferred by the Panel "shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated." 28 U.S.C. § 1407(a).  A typical Section 1407 remand will encompass an entire civil action, but Section 1407(a) also allows the Panel to "separate any claim, cross-claim, counter-claim, or third-party claim and remand any of such claims before the remainder of the action is remanded." *Id.*

## II. Procedural History

The transferee court in this unusually complex MDL has implemented a novel bellwether remand plan.  It "has identified bellwether cases to litigate claims asserted by: (1) a City against the three largest manufacturer defendants; (2) a City against the three largest distributor defendants; (3) a City against the three largest pharmacy defendants; (4) Third-Party Payors against the three largest manufacturer and three largest pharmacy defendants; (5) Hospitals against the three largest distributor defendants; (6) Hospitals against the three largest pharmacies; (7) Tribes against various defendants; and so on." Suggestion of Remand at 2, *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804 (J.P.M.L. Feb. 10, 2020), ECF No. 9624.  As part of this plan, the transferee court selected five bellwether cases, including the *Tarrant County* and *Cobb County*

---

[*] Judge Dale A. Kimball took no part in the decision of this matter.

actions, to try public nuisance claims against pharmacy defendants alleged to have wrongfully distributed and dispensed opioid prescriptions. *See* Order Regarding Telephone Conference Held on 4/7/21, *In re Nat'l Prescription Opiate Litig.*, No. 17-02804 (N.D. Ohio Apr. 9, 2021), ECF No. 3688.  Shortly after selecting those bellwethers the transferee court bifurcated the public nuisance claims and stayed plaintiffs' other claims.  *See* Order Regarding Track Three Telephone Conference Held on 6/2/21 at 3, *In re Nat'l Prescription Opiate Litig.*, No. 17-02804 (N.D. Ohio June 3, 2021) ("proceeding only against Pharmacy Defendants on the public nuisance cause of action in the five new bellwether trials will allow the parties to provide a more coherent presentation of the legal issues specific to the Pharmacy Defendants' alleged liability for creating an opioid public nuisance."), ECF No. 3750.  Thus, since 2021, the parties in *Tarrant County* and *Cobb County* have been litigating only the public nuisance claims in those actions.  *See* Order Denying Albertsons' Motion for Summary Judgment, *In re Nat'l Prescription Opiate Litig.*, No. 17-02804 (N.D. Ohio Jan. 28, 2025), ECF No. 5921.

The transferee court has resolved dispositive motions in both actions and issued suggestions of remand.  Most recently, in January 2025, the transferee court suggested remanding select claims from *Tarrant County* after it denied the defendants' motion for summary judgment:

> [T]his Court earlier "bifurcat[ed] the Plaintiffs' public nuisance claims against the Pharmacy Defendants from their remaining claims against those same defendants[,] as well as their claims against other defendants[,] in order to hold initial bellwether trials limited to those claims." *See* case no. 18-op-45274, docket no. 58 at 7 (motion for bifurcation); MDL docket no. 3750 at 2-3 (granting the motion).  All the Pharmacy Defendants subsequently settled, except for Albertsons.  Thus, *Tarrant County* now presents only Tarrant County's public nuisance claim against Albertsons.
>
> This Suggestion of Remand is only intended to remand claims by Tarrant County against Albertsons.  Accordingly, for the avoidance of doubt, the Court now severs and stays all claims against all non-Albertsons entities

Suggestion of Remand at 4 n.2, *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804 (J.P.M.L. Feb. 10, 2020), ECF No. 9624.  We then issued a conditional remand order providing that the public nuisance claims against Albertsons would be separated and remanded to the transferor court.  *See* Separation of Certain Claims and Conditional Remand Order, *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804 (J.P.M.L. Feb. 12, 2025), ECF No. 9625.

The *Cobb County* action has a more complicated procedural history.  We previously ordered remand of the entire *Cobb County* action following the transferee judge's first suggestion of remand.  *See* Suggestion of Remand at 4, *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804 (J.P.M.L. Nov. 20, 2024), ECF No. 9620; Conditional Remand Order, *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804 (J.P.M.L. Nov. 22, 2024), ECF No. 9621.  Unbeknownst to us, however, the transferee court had revised its suggestion of remand to make the following clarification:

> The Court now makes clear that its Suggestion of Remand was only intended to remand claims by Cobb County against Publix.
>
> Accordingly, for the avoidance of doubt, the Court now severs and stays claims against all non-Publix entities.

Order Clarifying Suggestion of Remand and Severing Certain Defendants, *Cobb County v. Purdue Pharma, L.P.*, No. 18-45817 (N.D. Ohio Nov. 22, 2024), ECF No. 93. This order revising the suggestion of remand was, through inadvertence, not sent to the Panel, and the conditional remand order was not revised to reflect the transferee court's revision. After neither party moved to vacate the conditional remand order returning the entire *Cobb County* action to the Northern District of Georgia, it was finalized on December 3, 2024.

The Panel first became aware of the transferee judge's clarification order after receiving the suggestion of remand in *Tarrant County* in February 2025. Upon comparing the suggestions of remand in the two cases, we consulted with the transferee court as to the best path forward to effectuate the transferee court's intended plan for remand of *Cobb County*, consistent with its order clarifying the scope of remand in that action. The transferee judge requested that the *Cobb County* remand order be vacated and a new order issue that remands solely plaintiff's public nuisance claim against Publix, as in *Tarrant County*. The transferee judge advised that the parties should not be confused because they were aware that it was his intention to remand only Cobb County's public nuisance claim against Publix.

On February 19, 2025, we vacated the *Cobb County* remand order that was finalized on December 3, 2024. *See* Order Vacating Conditional Remand Order, *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804 (J.P.M.L. Feb. 19, 2025), ECF No. 9629. Later that day, we issued a new conditional remand order that separated and remanded Cobb County's public nuisance claim against Publix. *See* Separation of Certain Claims and Conditional Remand Order, *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804 (J.P.M.L. Feb. 19, 2025), ECF No. 9530. Our new remand order briefly explained that the first remand order was vacated because it did not accurately reflect the transferee judge's intention to limit the remand's scope to plaintiff's public nuisance claim against Publix. *Id.* Based on the transferee judge's assurance that the parties understood his intention to remand only the public nuisance claim (as well as our review of the transferee court's June 2021 order bifurcating the public nuisance bellwether claims and the subsequent proceedings), our new order noted that "the parties and the courts have proceeded with the understanding that the remand order was so limited." *Id.*

### III. *Tarrant County*

In opposing remand of Tarrant County's public nuisance claims, Albertsons argues that (1) Tarrant County pled only public nuisance claims against Albertsons, leaving no other claims for the transferee court to retain; and (2) piecemeal remand will slow the MDL's progress and unfairly give plaintiff multiple bites at the apple. We find these arguments unpersuasive. The transferee judge carefully structured the *Tarrant County* litigation with the end-goal of remanding only the public nuisance claims. Shortly after selecting *Tarrant County* as a bellwether, the transferee court bifurcated the public nuisance claims and stayed plaintiff's other claims. *See*

Order Regarding Track Three Telephone Conference Held on 6/2/21 at 2, *In re Nat'l Prescription Opiate Litig.*, No. 17-02804 (N.D. Ohio June 3, 2021), ECF No. 3750. The parties then spent nearly four years litigating the public nuisance claims only. *See* Order Denying Albertsons' Motion for Summary Judgment, *In re Nat'l Prescription Opiate Litig.*, No. 17-02804 (N.D. Ohio Jan. 28, 2025), ECF No. 5921. We are not persuaded that we should thwart the transferee judge's considered approach and remand claims that were stayed much earlier in this litigation. *See In re Nat'l Prescription Opiate Litig.*, MDL No. 2804, 2020 WL 582151, at *2 (J.P.M.L. Feb. 5, 2020) (declining "to second-guess the transferee judge's elaborate bellwether remand plan").

Moreover, if, as Albertsons argues, Tarrant County has pled only public nuisance claims in its series of amended complaints, the transferor court has jurisdiction over those claims and can fully resolve them. If Albertsons wishes to challenge the sufficiency of any claims other than public nuisance that Tarrant County has pled, it must address those insufficiencies with the transferee judge because the Panel may not "decide questions going to the jurisdiction or the merits of a case." *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990).

## IV. *Cobb County*

The same factors that guide our decision in *Tarrant County* similarly apply to *Cobb County* because the two bellwether cases proceeded alongside each other on the same litigation track. *See* Order Regarding Telephone Conference Held on 4/7/21, *In re Nat'l Prescription Opiate Litig.*, No. 17-02804 (N.D. Ohio Apr. 9, 2021), ECF No. 3688. That does not end our inquiry because, unlike *Tarrant County*, *Cobb County* does not reach us on a blank slate. The remand-related proceedings in *Cobb County* have taken an atypical path, albeit one intertwined with that of *Tarrant County*.

Publix argues that the Panel must reinstate its initial remand order, thereby remanding Cobb County's entire action, because (1) the Panel lacks authority to vacate a finalized remand order, (2) Cobb County has a single cause of action which the Panel may not separate and partially remand, and (3) partial remand as contemplated by the conditional remand order will preclude quick appellate review of proceedings in the transferor court. These arguments are not persuasive.

The Panel has long exercised its authority to vacate finalized orders where necessary to carry out its statutory responsibilities. *See, e.g.*, Transfer Order, *In re Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, MDL No. 2327 (J.P.M.L. June 9, 2014) (vacating a transfer order because the Panel learned that the action had been remanded to state court three days before the Panel's transfer order), ECF No. 1584; *In re Petroleum Prods. Antitrust Litig.*, 419 F. Supp. 712, 715 (J.P.M.L. 1976) (vacating order centralizing cases in the District of Connecticut and entering new order centralizing cases in the Central District of California). As the Ninth Circuit has explained, "the statutory prohibition on 'proceedings for review of any order of the [JPML] . . . except by extraordinary writ,'" confirms that the Panel has broad discretion to carry out its functions under the MDL statute. *Uber Techs., Inc. v. U.S. Jud. Panel on Multidistrict Litig.*, 131 F.4th 661, 673 (9th Cir. 2025) (quoting 28 U.S.C. § 1407(e)).

It is of no moment that the Panel's Rules do not include a provision for vacating finalized remand orders. Section 1407 authorizes the Panel to "prescribe rules for the conduct of its business

not inconsistent with Acts of Congress and the Federal Rules of Civil Procedure." 28 U.S.C. § 1407(f). When Section 1407 and the Panel's Rules are silent on a matter, as here, "[t]he Panel's customary practice shall govern." JPML Rule 2.1(a). The lack of a Panel Rule for vacating final remand orders does not preclude the Panel from doing so.

Publix's jurisdictional arguments fare no better. Citing *In re Upjohn Co. Antibiotic Cleocin Products Liability Litigation*, 508 F. Supp. 1020, 1021 (E.D. Mich. 1981), Publix argues that once a remand order is finalized, the Panel cannot divest the transferor court of jurisdiction. But *Upjohn* merely held that a transferee court cannot modify its suggestion of remand after a Section 1407 transfer is finalized. That is not the situation presented here. The Panel itself vacated its own remand order after discovering the order clarifying the transferee judge's suggestion of remand (which inadvertently was not sent to the Panel) and after consulting with the transferee judge.

Publix next compares remand under Section 1407 to transfer under 28 U.S.C. § 1404. It suggests that because a district court may not reconsider a Section 1404 transfer once the transferred case is docketed in the destination forum, the Panel is likewise precluded from reconsidering a finalized Section 1407 remand. This analogy rests on the mistaken premise that the Panel exercises jurisdiction over individual actions in the same sense as district courts. It does not. *Cf. In re Delta Dental Antitrust Litig.*, 509 F. Supp. 3d 1377, 1379 (J.P.M.L. 2020) (explaining that personal jurisdiction and venue concerns do not limit Panel action under Section 1407, and that a transferee judge exercises all the jurisdiction and powers over pretrial proceedings that the transferor judge would have had because Section 1407 transfer is essentially a change of venue for pretrial purposes). Remand finalization does not divest the Panel of its broad authority under Section 1407 to transfer cases to promote the just and efficient conduct of multidistrict litigation. Indeed, the Panel could have accomplished the same result by re-transferring the action to MDL No. 2804 with simultaneous separation and remand of the public nuisance claims. Publix's argument thus exalts form over substance.

We are also not persuaded by Publix's argument that our revised conditional remand order improperly splits a single claim. Notably, Publix stated to the transferor court that, in addition to Cobb County's public nuisance claim, "there are, I think, four other claims in this case." Publix's Motion to Vacate CRO Exhibit A at 10:16–19, *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804 (J.P.M.L. Mar. 12, 2025), ECF No. 9648-3. To the extent Publix now contends Cobb County effectively has only one claim because it inadequately pled those other claims, that is a question for the transferee court. *See In re Kauffman Mut. Fund Actions*, 337 F. Supp. 1337, 1339–40 (J.P.M.L. 1972) ("The framers of Section 1407 did not contemplate that the Panel would decide the merits of the actions before it and neither the statute nor the implementing Rules of the Panel are drafted to allow for such determinations."). We give significant deference to a transferee judge's suggestion of remand. *In re Brand-Name Prescription Drugs Antitrust Litig.*, 264 F. Supp. 2d 1372, 1376 (J.P.M.L. 2003). The transferee judge in this inordinately complex, protracted litigation is best positioned to define the bellwether claims at issue to be tried and suggest remand of only public nuisance claims, which he earlier had bifurcated. We see no reason to second guess this strategy.

Finally, Publix's concerns about delayed appellate review are not well taken, as demonstrated by another set of bellwether cases in this MDL. As he did in these two pharmacy

bellwether cases, the transferee judge bifurcated the public nuisance claims in the *Lake County* and *Trumbull County* pharmacy bellwether actions. *See* Order Granting Motion to Bifurcate, *In re Nat'l Prescription Opiate Litig.*, No. 17-2804 (N.D. Ohio June 2, 2020), ECF No. 3315. After plaintiffs prevailed at trial, the transferee court entered final judgment pursuant to Rule 54(b). *See* Judgment Order at 1, *In re Nat'l Prescription Opiate Litig.*, No. 17-2804 (N.D. Ohio Aug. 22, 2022), ECF No. 4614. The Sixth Circuit then exercised jurisdiction over the defendants' appeals of those judgments. *See In re Nat'l Prescription Opiate Litig.*, No. 22-3750, 2025 WL 354758, at *1 (6th Cir. Jan. 31, 2025). Likewise, remand of the public nuisance claim in *Cobb County* need not result in delayed appellate review.

## V. Conclusion

After considering the argument of counsel, we find that remand of the public nuisance claims in these actions under 28 U.S.C. § 1407 is warranted. "In considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings." *In re Holiday Magic Sec. & Antitrust Litig.*, 433 F. Supp. 1125, 1126 (J.P.M.L. 1977). Based on his suggestions of remand in both cases, our further consultation with the transferee judge, and our review of the transferee court's bellwether remand plan, we are of the opinion that effecting the bellwether remand plan and solely remanding the public nuisance claims against defendants Albertsons and Publix is the appropriate course for this litigation at this time. Accordingly, we also deny Publix's motion to vacate our February 19, 2025 order vacating our November 22, 2024 Conditional Remand Order.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the public nuisance claim against pharmacy-defendant Publix in the *Cobb County* action listed on Schedule A is remanded from the Northern District of Ohio to the Northern District of Georgia, and the public nuisance claims against Albertson's LLC, Albertsons Companies, Inc., Randall's Food & Drug L.P., Safeway Inc., and United Supermarkets LLC in the *Tarrant County* action listed on Schedule A are remanded from the Northern District of Ohio to the Northern District of Texas.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Nathaniel M. Gorton  Matthew F. Kennelly
David C. Norton  Roger T. Benitez
Madeline Cox Arleo

**IN RE: NATIONAL PRESCRIPTION**
**OPIATE LITIGATION**                                                          MDL No. 2804

## SCHEDULE A

<u>Northern District of Ohio</u>

COBB COUNTY v. PURDUE PHARMA L.P., ET AL.
    C.A. No. 1:18-45817 (N.D. Georgia, C.A. No. 1:18-02865)

COUNTY OF TARRANT v. PURDUE PHARMA L.P., ET AL.
    C.A. No. 1:18-45274 (N.D. Texas, C.A. No. 3:18-00518)