UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Saint Elizabeth Medical Center, Inc. d/b/a St. Elizabeth Healthcare v. AmerisourceBergen Drug Corp., et al.*; Case No. 18-op-46046 | MDL No. 2804<br>Case No. 17-md-2804<br><br><br><br>Judge Dan Aaron Polster |

**PLAINTIFF SAINT ELIZABETH'S MEMORANDUM IN SUPPORT OF MOTION TO VACATE JUNE 16, 2025 ORDER AND FOR CLARIFICATION OF MARCH 11, 2025 AND JUNE 16, 2025 ORDERS**

Plaintiff Saint Elizabeth Medical Center, Inc. d/b/a St. Elizabeth Healthcare ("St. Elizabeth") respectfully submits this memorandum in support of its Motion to Vacate Order entered June 16, 2025, opposition to Pharmacy Defendants' Motion to Strike RICO Allegations [Master Dkt. No. 6157], and for Clarification of CMO entered March 11, 2025.  For the reasons stated below, the Court should vacate its non-document order entered June 16, 2025[1] pending further briefing, and enter an order clarifying that the claims not to be tried in the Hospital Bellwether Trial are to be severed and stayed (and not dismissed). Two proposed orders are submitted herewith – (1) a proposed order vacating the June 16, 2025 Order, and (2) a proposed order that denies Pharmacy Defendants' Motion to Strike RICO Allegations and orders that the

---

[1] The non-document order ("the June 16 Order") provides as follows:

> Order [non-document] regarding Wal-Mart Defendants' Motion to strike RICO Allegations from Saint Elizabeth Second Amended Complaint (Related Doc # 6157). Plaintiff requested 21 days to file a response, but has not filed one. Accordingly, for the reasons stated in the motion, and because it is unopposed, the motion is Granted. Entered on behalf of Judge Dan Aaron Polster on 6/16/2025. Associated Cases: 1:17-md-02804-DAP, 1:18-op-46046-DAP. (M,CE) (Entered: 06/16/2025).

non-bellwether claims are severed and stayed. Plaintiff's arguments opposing Defendants' Motion to Strike RICO Allegations are stated herein, as well as its argument supporting vacating of the Court's June 16, 2025, Order.

I.   **INTRODUCTION**

A Case Management Order [Master Dkt. No. 6012][2] ("the CMO") in this bellwether provides—based on Defendants' insistence and against Plaintiff's objection—that all prior MDL rulings apply to this proceeding. Defendants moved to strike (tantamount to obtaining dismissal of) Plaintiff's RICO claim, which are not to be tried in this bellwether, when the prior MDL Orders, even those which Defendants rely upon, state that non-bellwether claims are "severed" and "stayed," not dismissed. Defendants baselessly asserted that they are entitled to dismissal of Plaintiff's claims—which would deprive Plaintiff of their due process and procedural rights—merely by way of a bellwether decision on which of Plaintiff's claims are to be now tried. Defendants' assertions are (1) contrary to prior MDL Orders, (2) violative of Plaintiff's due process rights and the requirements of the Federal Rules of Civil Procedure, and (3) defeated by the precedent upon which Defendants rely. Defendants' motion to strike should be denied.

In the June 16 Order, the Court granted the Motion to Strike as unopposed. Plaintiff inadvertently miscalendared the due date for the motion and seeks to have the June 16 Order vacated pending full briefing, on grounds of excusable neglect. Plaintiffs also seek to have the June 16 Order vacated on the alternative grounds that it is clearly erroneous, and will create a manifest injustice, by (apparently) disposing of Plaintiff's RICO claim on the merits just because it was not selected for inclusion in the Hospital Bellwether Trial.

---

[2] Also entered in this specific preceding [Dkt. No. 44 in No. 18-op-46046].

2

## II.     PERTINENT PROCEDURAL HISTORY

### A.  This Action, No 18-op-46046

This action, initially styled as *Saint Elizabeth Medical Center, Inc. et al v. Amerisourcebergen Drug Corporation et al.*, No. 18-cv-00146 (E.D. Ky.), was commenced in this Court by Plaintiffs St. Elizabeth, St. Claire Medical Center, Inc. d/b/a St. Claire Regional Medical Center ("St. Claire") and Highlands Hospital Corporation d/b/a Highlands Regional Medical Center ("Highlands") (St. Elizabeth, St. Claire, and Highlands are collectively referred to as "Plaintiffs") with the filing of the initial Complaint on or about August 17, 2018. Plaintiffs asserted claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 et seq. ("RICO") (Counts I, II), Kentucky statutory claims (Counts III-IV),[3] as well as common law claims of Negligence (Counts V-IX), Nuisance (Count X) and Unjust Enrichment (Count XI). Among the various manufacturers, distributors and retailers named as defendants were those persons presently moving as the "Pharmacy Defendants."

On or about September 6, 2018, the action was transferred into the MDL for further pretrial proceedings, and assigned Case No. 18-op-46046.

On or about March 16, 2019, Plaintiffs filed a "First Amended Complaint," asserting claims under RICO (Counts I-II), Kentucky statutory claims (Counts III-IV),[4] as well as common law claims of Negligence (Count V), Nuisance (Count VI), Unjust Enrichment (Count VII) and Fraud (Count VIII). Again, among the various manufacturers, distributors and retailers named as defendants were those persons presently moving as the "Pharmacy Defendants."

---

[3] The state statutory claims were (1) a claim under the Kentucky Consumer Protection Act, KRS 367.170 (the "KCPA"), and (2) a claim of breach of warranty under Breach of Implied Warranty of Fitness For a Particular Purpose under KRS 355.2-315.

[4] The state statutory claims were the same as those asserted in the earlier initial Complaint.

3

### B. No. 20-op-45060

On or about August 21, 2019, St. Elizabeth, with several other operators of hospitals in Kentucky, commenced the action styled *Bowling Green-Warren County Community Hosp. Corp., et al.* v. *Purdue Pharma L.P., et al.*, No. 19-Cl-01146 (Warren Cnty. Cir. Ct., Ky.) in the Circuit Court for Warren County, Kentucky. On or about September 5, 2019, a "First Amended Complaint" was filed in that action, asserting various state law claims, including KCPA violation (Count I), Negligence (Count II), Nuisance (Count III), Unjust Enrichment (Count IV) and Fraud (Count V).

On or about October 17 2019, certain defendants removed the case to the United States District Court for the Western District of Kentucky, Case No. 1:19-cv-00148-JHM (W.D. Ky.). On or about February 7, 2020, the action was transferred into the MDL for further pretrial proceedings and assigned Case No.20-op-45060.

On or about January 14, 2024, St. Elizabeth submitted a "Certified Plaintiff Fact Sheet" pertaining to Action No. 20-op-45060, wherein St. Elizabeth also indicated that it was also a named plaintiff in No. 18-op-46046. St. Elizabeth identified as three claims from 20-op-45060 to be tried in a Bellwether trial(if it were to be selected as bellwether hospital plaintiff) as the claims of nuisance, KCPA violations, and unjust enrichment.

### C. Bellwether Selection and the CMO

On January 13, 2025—pursuant to the Court's Order setting bellwether process for Hospitals (*see* [Master Dkt. No. 5754] (setting deadlines) and Non-Document Order entered Nov. 26, 2024 (extending deadlines))—the parties submitted a joint letter to the Court with an agreed selection of St. Elizabeth Medical Center, Inc. d/b/a St. Elizabeth Healthcare as the bellwether

selection.

On March 11, 2025, the court entered the aforementioned CMO, selecting this action, No. 18-op-46046, as the hospital bellwether case, with St. Elizabeth[5] as the bellwether hospital plaintiff, in a trial (the "Hospital Bellwether Trial") against defendants CVS Pharmacy, Inc., Walgreens Boots Alliance, Inc., and Walmart Inc.

The CMO further indicated that St. Elizabeth "may" file a Second Amended Complaint (to be defined as the "Hospital Bellwether Complaint").

The CMO further provided —at Defendants' request, and against Plaintiff's objections— that "all prior orders in the TPP bellwether apply [in this bellwether]." *See* CMO, ¶ D. Pertinent here, the Court had previously ordered in the TPP bellwether that claims not to be tried in the bellwether would be severed and stayed.[6] That CMO further indicated that claims asserted against defendants other than the Pharmacy Defendants would be severed and stayed. CMO, ¶ A(1).

St. Elizabeth subsequently requested leave to allow its RICO claims to be litigated within the bellwether. Defendants—in their response to the Special Master—relied upon the holding of the prior TPP bellwether to argue that Plaintiff here could not litigate its RICO claim in the bellwether. (*See* Exhibit 1, at 15-16, Walmart Counsel to Special Master Cohen (Apr. 11, 2025)).

---

[5] The CMO indicated that St. Clare and Highlands had dismissed their claims in the action. CMO, at 1n.1. This statement was incorrect. St. Clare and Highlands never voluntarily dismissed any claims in No. 18-op-46046.

[6] The Second Amended Case Management Order for Third Party Bellwether Cases, pertaining to the TPP Bellwether, provided as follows:
> The remaining claims [those not to be tried in the bellwether] from each complaint will be severed pursuant to Fed. R. Civ. P. 42(b) and stayed pending further Order. The only claims that defendants will be required to move to dismiss or answer at this time are the claims identified in the notice referenced above.

[Master Dkt. No. 5666], ¶ A(1). It further stated that "[t]he Court intends to adhere to all rulings made in prior MDL tracks." *Id*., ¶ D(citing Order Resolving Disputes Regarding Proposed CMO, dated December 13, 2023 [Master Dkt. No. 5271]).

5

Responding to that position, the Special Master noted to the Parties the prior TPP bellwether decision, that the TPP non-bellwether claims were "severed and stayed," with the Special Master relying on the Court's decision in that matter on September 27, 2024, via email, which provided:

> [e]ach TPP Bellwether Plaintiff will identify a formal notice filed on the docket, the claims to be litigated as part of the current bellwether proceeding. The remaining claims from each complaint will be severed. The only claims that defendants will be required to answer at this time are the claims identified by each TPP Bellwether Plaintiff.

(Exh. 1, at 8-9 citing Sept. 27, 2024 email SM Cohen to Parties).

On April 16, 2025, the Special Master addressed that request and noted that Judge Polster believed that it would not prejudice any defendant if St. Elizabeth were to litigate a RICO claim instead of a KCPA claim in the bellwether trial. But the Special Master, however, indicated that the inclusion of the RICO claim to be litigated in the bellwether if the Pharmacy Defendants agreed to that claim being within the bellwether.

### D. St. Elizabeth's Second Amended Complaint in This Action, No. 18-op-46046

On April 30, 2025, St. Elizabeth filed a "Second Amended Complaint" (the "SAC") in this action, No. 18-op-46046. St. Elizabeth noted in the SAC that the document only applied to its own claims, and not the claims of St. Claire or Highlands:

> Also named as plaintiffs in this action are (1) St. Claire Medical Center, Inc. d/b/a St. Claire Regional Medical Center ("St. Claire") and (2) Highlands Hospital Corporation d/b/a Highlands Regional Medical Center ("Highlands"). This amended complaint is brought solely on behalf of St. Elizabeth and serves solely to amend the claims brought by St. Elizabeth, a bellwether plaintiff. The claims of St. Claire and Highlands remain pending and are governed by the previously operative complaint that they filed.

SAC, at ¶ 36 n.10.

St. Elizabeth's asserted claims of Nuisance, KCPA violations and Unjust Enrichment. St. Elizabeth also asserted its RICO claim, understanding—pursuant to the TPP bellwether

6

litigation—that it would not be *tried* in the bellwether trial. St. Elizabeth expressly stated:

> As is detailed in the Counts *infra*, Plaintiff is litigating its causes of action for Civil Conspiracy (other than RICO) and Nuisance in the bellwether action for Plaintiff in *In re: National Prescription Opioid Litigation*, Case No. 1:17-md-02804-DAP, Track 23. Plaintiff's claims against Defendants for RICO are severed from said bellwether action and are stayed. Defendants are not required to answer the RICO allegations in said bellwether action.

SAC, at ¶ 3 n.3.[7] St. Elizabeth's statement that the RICO claim was stayed is consistent with the prior Orders entered in the MDL providing that claims not litigated in bellwether trials were severed and stayed.

### E. Pharmacy Defendants' Motion to Strike

On or about May 20, 2025, Pharmacy Defendants filed a "Motion to Strike RICO Allegations from Saint Elizabeth Hospital's Second Amended Complaint" [Master Dkt. 6157] (the "Motion to Strike"). In the Motion to Strike the Pharmacy Defendants moved, pursuant to Fed. R. Civ. P. 12(f), to strike the RICO claim from the SAC.

Subsequent to the filing of the motion, counsel conferred with the Special Master. Plaintiffs' counsel indicated that they would only need 21 days to respond to the motion. The special master responded with en email indicating that "Judge Polster stated the defendants' reply will be due on June 20th." (Exhibit 2, at 2, Special Master Cohen (May 21, 2025)).

Plaintiff's counsel inadvertently misread the email from the Special Master and calendared June 20 as the date that Plaintiffs' opposition papers were due. Plaintiffs had intended at all times to oppose the Motion to Strike and to file today (June 20, 2025) both an opposition to the Motion to Strike, as well as a cross-motion for clarification of the CMO.

On June 16, 2025, the Court entered the June 16 Order, granting as unopposed the Motion

---

[7] Similar notations appear elsewhere in the SAC where factual allegations or claims appear that pertain only to the RICO claim.

7

to Strike.

Today, June 20, 2025, the undersigned became aware of their clerical, docketing error, as well as the Court's entry of June 16, 2025, order granting the Motion to Strike.

### III. ARGUMENT

#### A. The Court Should Vacate its June 16 Order

Plaintiff moves, pursuant to Fed. R. Civ. P. 59, for an order vacating the order granting the motion to strike, and asserts two independent grounds for doing so.

First, the Court should vacate the order pending further briefing, and permit, on grounds of excusable neglect, the late filing of papers in opposition to the Motion to Strike, and also afford the Pharmacy Defendants an opportunity to file reply papers. Section III(B) of this brief, in addition to serving as a second ground for vacating the Order, also contains the arguments opposing the Motion to Strike itself.

Second, the Court should vacate the June 16 Order because it is clearly erroneous and would effect a manifest injustice.

##### 1. A Late Filing of Papers Opposing the Motion to Strike, Due to Excusable Neglect, Should Be Permitted

When a party fails to meet a deadline, excusable neglect is analyzed through a balancing of five factors: (1) the danger of prejudice to nonmoving party; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay; (4) whether the delay was within the filing party's reasonable control; and (5) whether the filing party acted in good faith. *Howard v. Nationwide Prop. & Cas. Ins. Co.*, 306 F. App'x 265, 266-67 (6th Cir. 2009) (*citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Eng'g & Mfg. Servs., LLC v. Ashton*, 387 Fed. Appx. 575, 583 (6th Cir. 2010). (reversing district court order which struck untimely opposition on grounds of abuse of discretion and the late filing did not delay

the proceedings or substantively prejudice the opposing party). Courts within the Sixth Circuit have accepted late-filed opposition memorandum in circumstances in which there was no material delay of the proceedings, or of prejudice to the opposing party *Neal v. Metro Regional Transit Authority*, 2019 WL 3753605 *1 fn. 1 (N.D. Ohio Aug. 8, 2019) (declining to strike opposition brief filed two days late because defendant was able to timely file its reply, a two-day delay did not impact the proceedings and defendant was not prejudiced). Moreover, in *Smith-Murrey*, the court accepted the plaintiff's summary judgment opposition that was filed 12 days late. *Smith-Murrey v. Marsh*, 2013 WL 1296827 *4 (E.D. Mich. Mar. 30, 2013) (finding excusable neglect when counsel averred to unspecific weather-related power outages and unexpected unavailability of staff members).

Here, the *Pioneer* factors strongly favor permitting late-filed opposition papers to be filed. There will be no prejudice to the opposing party, the delay is nominal (nine days), and counsel acted in good faith. The only countervailing factor is that the delay was admittedly in Plaintiffs' counsel's control. On balance, these factors strongly favor construing this filing as an opposition memorandum, and vacating the Order pending further briefing.

## 2. The Order Should Be Vacated Regardless of Whether It Is Opposed.

A party moving to reconsider under Fed. R. Civ. P. 59(a) must show: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quotation omitted). Two grounds applicable in this instance are (1) a clear error of law, and (2) the need to prevent manifest injustice.

### a. The Court Committed a Clear Error of Law In Granting the Motion to Strike

Regardless of whether it is construed as unopposed, there was no basis for granting the

Motion to Strike.

### i. The Striking of the RICO Claim Was Contrary to Earlier Controlling Decisions in this MDL

As noted by the Special Master in a September 27, 2024, Email concerning the TPP bellwether, the MDL Court previously held in that proceeding that:

> remaining claims [i.e., those not proceeding in the bellwether] will be severed. The only claims that defendants will be required to answer at this time ae the claims identified by each TPP Bellwether Plaintiff."

*See* Exh. 1, at 9 citing Sept. 27, 2024 email SM Cohen to Parties; *see also* Master Dkt. No. 5666, ¶ A.1.

A provision in the CMO specifically applicable to this case (entered on Defendants' requests, and against Plaintiff's objections) provides that prior rulings in the TPP track are fully applicable in this action:

> [t]he Court intends to adhere to all rulings made in prior MDL tracks. See TPP Order, Dkt. 5271 at 4…. The Parties may only seek departure from prior rulings for good cause shown.

CMO, ¶D. The CMO further provides that that claims against *defendants* that were not to be tried in the bellwether trial were to be "severed." *Id*. at ¶ A(1). This further supports that the bellwether CMO states which claims are to now be tried, with the remaining claims to be severed and stayed.

Plaintiff's Second Amended Complaint is completely compliant with the foregoing directives of the Court It pleads Plaintiff's causes of action against Pharmacy Defendants, including RICO claims. And it details that, based on the bellwether process, Pharmacy Defendants are not now required to, within the bellwether, answer and defend against the RICO claims. *See* SAC, at ¶ 3 n.3. There was no reason to strike any claims from that document.

The Court's June 16 Order, summarily *striking* claims that are not to be litigated in the Hospital Bellwether Trial, is entirely inconsistent with the Court's prior orders.

### ii. The Apparent Dismissal of the RICO Claim Had No Plausible Legal Basis

In addition to being contrary to many orders entered in this MDL, the Order has no plausible legal basis for (apparently) disposing of an entire claim with prejudice.

A district court has broad discretion as to the order in which it tries claims and may direct that certain claims be severed and/or stayed. Federal Rule of Civil Procedure 42(b) allows a court to bifurcate a trial "[f]or convenience, to avoid prejudice, or to expedite and economize." District courts have broad discretion over bifurcation. *In re Bendectin Litig.*, 857 F.2d 290, 307 (6th Cir. 1988).

But a district has no authority to summarily *dismiss*[8] a claim merely because it is not presently scheduled to be tried.

In the Motion to Strike, Pharmacy Defendants offered *no* plausible explanation as what happened to the RICO claim, other than summarily concluding that St. Elizabeth is not allowed even to *plead* it. No doubt, a court can strike a claim that had been previously been dismissed pursuant to Fed. R. Civ. P. 12(b)(6), but there has been no such dismissal of the RICO claim.

### b. It Would Be a Manifest Injustice for a Claim to be Dismissed With Prejudice Due to the Effect of a Series of Procedural Orders

In addition to being error, it would certainly be *inequitable* for the RICO claim to be disposed of with prejudice due to some combination of the CMO and/or the June 16 Order, neither of which addressed in any way, shape or form whether the claim had been satisfactorily pleaded

---

[8] If St. Elizabeth is conclusively prohibited from even *pleading* the RICO claim, that is tantamount to a dismissal, since an amended complaint replaces its predecessors for all purposes, and claims not renewed are dismissed. *See Drake v. City of Detroit*, 266 Fed. Appx. 444, 448 (6th Cir.2008) (amended pleading supersedes the original, rendering the latter a legal nullity); *see also* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (2nd ed.) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified.")

11

under Fed. R. Civ. P. 8(a) or was subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

### B. The Court Should Clarify the Status of the RICO Claim

The only plausible construction of the CMO was that the Court intended for the RICO claim to be severed and stayed, pursuant to standing orders in this MDL.

And the June 16 Order "striking" the RICO claim also does not clarify the status of the claim. Was it stricken because it had been previously dismissed with prejudice? Or was it previously severed and stayed?

Accordingly, St. Elizabeth cross-moves for an order clarifying the status of the RICO claim in light of the CMO and the June 16 Order. The Court should enter an order clarifying that the claim is presently severed and stayed. A proposed order is submitted herewith.

### IV. CONCLUSION

Consistent with the MDL Court's prior orders in other MDL bellwether cases—which are to be applied pursuant to the CMO (Dkt. 6012)—the Court should clarify that Plaintiff's RICO claim is stayed and severed. This is the very process utilized in the TPP litigation and contemplated by the CMO. Plaintiff St. Elizabeth Healthcare respectfully prays that the Court (1) vacate its June 16, 2016 order, (2) deny the Pharmacy Defendants' Motion to Strike, and (3) enter an order clarifying that Plaintiff's RICO claims ae severed and stayed, with Defendants not now required to answer those claims within this bellwether proceeding.

Dated: June 21, 2025

Respectfully Submitted,

*/s/ Don Barrett*
John W. ("Don") Barrett
David McMullan, Jr.
Richard Barrett
Sterling Aldridge
Barrett Law Group, P.A.
P.O. Box 927
404 Court Square North

Lexington, Mississippi 39095
Tel: (662) 834-2488
Fax: (662) 834-2628
dbarrett@barrettlawgroup.com
dmcmullan@barrettlawgroup.com
rrb@rrblawfirm.net
saldridge@barrettlawgroup.com

Mathew Klein
Richard G. Meyer
Joey Kramer
DRESSMAN BENZINGER LAVELLE PSC
109 East Fourth Street
Covington, KY 41011
Tel: (859) 426-2109
Fax: (859) 788-2011
mklein@dbllaw.com
rmeyer@dbllaw.com
jkramer@dbllaw.com

Warren Burns
Darren Nicholson
BURNS CHAREST, LLP
900 Jackson St., Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002
wburns@burnscharest.com
dnicholson@burnscharest.com

Charles J. LaDuca
David L. Black
Monica Miller
Jennifer E. Kelly
Evelyn Riley
CUNEO GILBERT & LADUCA, LLP
2445 M Street, NW, Ste. 740
Washington, DC 20037
Telephone: (202)789-3960
charles@cuneolaw.com
dblack@cuneolaw.com
monica@cuneolaw.com
jkelly@cuneolaw.com
evelyn@cuneolaw.com

> Steve Martino
> TAYLOR MARTINO, P.C.
> 51 St. Joseph St.
> Mobile, AL 36602
> Telephone: (251) 433-3131
> SteveMartino@taylormartino.com
>
> *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

> */s/ Don Barrett*
> John W. ("Don") Barrett