# Exhibit 1



Gary Yarborough <gary@yarboroughlaw.co>

---

## Re: Hospital Bellwether Second Amended Complaint

**Gary Yarborough** <gary@yarboroughlaw.co>  Mon, Apr 28, 2025 at 10:11 PM
To: "Manning, Elizabeth E." <emanning@jonesday.com>
Cc: Kaspar Stoffelmayr <kaspar.stoffelmayr@bartlitbeck.com>, Don Barrett <donbarrettpa@gmail.com>, "Shannon M. McNulty" <smm@cliffordlaw.com>, Kevin Coleman <DKColeman@fcclaw.net>, "Fumerton, Tara A." <tfumerton@jonesday.com>, "saintelizabeth@barrettlawgroup.com" <saintelizabeth@barrettlawgroup.com>, Xternal User - Paul Hynes <phynes@zuckerman.com>, Michael Nance <michael.nance@bartlitbeck.com>, "Tabacchi, Tina M." <tmtabacchi@jonesday.com>, "D'Aquila, Dennis A." <ddaquila@jonesday.com>, Xternal User - Sasha Miller <smiller@zuckerman.com>, Xternal User - Anthony Ruiz <aruiz@zuckerman.com>, "Zhou, Jason Z." <jzhou@jonesday.com>, Gary Yarborough <gary@yarboroughlaw.co>

Beth,

Plaintiff understands that it does not have leave to amend its SAC and does not now seek to amend the allegations of the SAC it filed on March 10. As stated in my prior email, Plaintiff will refile the amended complaint, which--consistent with Special Master Cohen's email below--will indicate which claims will be litigated in the bellwether.  And, as stated in my prior email, the amended complaint will indicate which claims will be litigated in the current bellwether proceeding. Those claims will be consistent with the Special Master's decision below. The amended complaint will also specifically reference which claims are to be severed from the bellwether. Defendants will not now (in the current bellwether proceeding) be required to answer those severed claims. This is consistent with both Ms. Fumerton's 9.27.24 email and the Special Master's email below. We do not agree that this would include (as you state) Plaintiff "remov[ing] the RICO causes of action" and "references to RICO." We do understand, however, that these RICO claims (1) are severed from the bellwether, (2) are not claims to be litigated in the bellwether, and (3) are ones that Defendants are not now required to answer in the bellwether. The filing on Wednesday will be clear on these points.

Thanks,

Gary

On Mon, Apr 28, 2025 at 12:31 PM Manning, Elizabeth E. <emanning@jonesday.com> wrote:

> Gary,
>
> We have not received a response to our email below and the date for Plaintiff to file an Amended Complaint consistent with the CMO for Hospital Bellwether Case (Dkt. 6012) and the Court's April 16 ruling is Wednesday.  Please confirm that Plaintiff will not modify its March 10 complaint beyond removing the RICO cause of action and removing any references to RICO. If Plaintiff cannot provide this confirmation today, Defendants will seek the Court's assistance so this issue can be addressed before the April 30 filing date.
>
> Thank you,
>
> Beth
>
> Elizabeth E. Manning
> Partner
> **JONES DAY® - One Firm Worldwide®**
> 110 North Wacker Drive
>
> Suite 4800

Chicago, IL 60606
Office +1.312.269.4396

---

**From:** Manning, Elizabeth E.
**Sent:** Thursday, April 24, 2025 2:24 PM
**To:** Gary Yarborough <gary@yarboroughlaw.co>
**Cc:** Kaspar Stoffelmayr <kaspar.stoffelmayr@bartlitbeck.com>; Don Barrett <donbarrettpa@gmail.com>; Shannon M. McNulty <smm@cliffordlaw.com>; Kevin Coleman <DKColeman@fcclaw.net>; Fumerton, Tara A. <tfumerton@JonesDay.com>; saintelizabeth@barrettlawgroup.com; Xternal User - Paul Hynes <phynes@zuckerman.com>; Michael Nance <michael.nance@bartlitbeck.com>; Tabacchi, Tina M. <tmtabacchi@JonesDay.com>; D'Aquila, Dennis A. <ddaquila@jonesday.com>; Xternal User - Sasha Miller <smiller@zuckerman.com>; Xternal User - Anthony Ruiz <aruiz@zuckerman.com>; Zhou, Jason Z. <jzhou@Jonesday.com>
**Subject:** RE: Hospital Bellwether Second Amended Complaint

Gary,

Thank you for confirming the timeline below.  Your email, however, raises some questions as to the scope of the amendment Plaintiff contemplates.  Plaintiff does not have leave to amend its March 10 complaint beyond removing the RICO cause of action and removing any references to RICO in order to bring the complaint into conformity with the CMO for Hospital Bellwether Case (Dkt. 6012) and the Court's ruling below.  Defendants do not consent to any additional modifications or amendments to the March 10 complaint.

Please confirm by tomorrow (April 25) that Plaintiff will not modify its March 10 complaint beyond removing the RICO cause of action and removing any references to RICO.

Thank you,

Beth

Elizabeth E. Manning
Partner
**JONES DAY® - One Firm Worldwide®**
110 North Wacker Drive

Suite 4800

Chicago, IL 60606
Office +1.312.269.4396

---

**From:** Gary Yarborough <gary@yarboroughlaw.co>
**Sent:** Monday, April 21, 2025 9:51 PM
**To:** Manning, Elizabeth E. <emanning@jonesday.com>
**Cc:** Kaspar Stoffelmayr <kaspar.stoffelmayr@bartlitbeck.com>; Don Barrett <donbarrettpa@gmail.com>; Shannon M. McNulty <smm@cliffordlaw.com>; Kevin Coleman <DKColeman@fcclaw.net>; Fumerton, Tara A.

<tfumerton@jonesday.com>; saintelizabeth@barrettlawgroup.com; Xternal User - Paul Hynes <phynes@zuckerman.com>; Michael Nance <michael.nance@bartlitbeck.com>; Tabacchi, Tina M. <tmtabacchi@jonesday.com>; D'Aquila, Dennis A. <ddaquila@jonesday.com>; Xternal User - Sasha Miller <smiller@zuckerman.com>; Xternal User - Anthony Ruiz <aruiz@zuckerman.com>; Zhou, Jason Z. <jzhou@jonesday.com>; Gary Yarborough <gary@yarboroughlaw.co>
**Subject:** Re: Hospital Bellwether Second Amended Complaint

Beth,

Plaintiff's are agreeable to the timeline you provided in your email below. Plaintiff will file its amended complaint by April 30. The amended complaint will indicate which claims will be litigated as the current bellwether proceeding and it will also specifically reference which claims are to be severed from the current bellwether. Defendants will not now (in the current bellwether proceeding) be required to answer those severed claims. Also, to the extent Plaintiff intends to dismiss any causes of action with prejudice, we will provide a proposed stipulation to Defendants of those claims.

Thanks,

Gary

On Fri, Apr 18, 2025 at 10:11 AM Manning, Elizabeth E. <emanning@jonesday.com> wrote:

> Counsel,
>
> I have removed Special Master Cohen from this chain.
>
> In response to the Court's ruling below, Pharmacy Defendants notify Plaintiff that they do not consent to the inclusion of a RICO claim in Plaintiff's Amended Complaint for this bellwether case.  Since Plaintiff will need to file a new Amended Complaint, we propose the following revised schedule for the filing of the Amended Complaint and Pharmacy Defendants' responses:
>
> - Plaintiff will file an Amended Complaint consistent with the CMO for Hospital Bellwether Case (Dkt. 6012) and the Court's ruling below by April 30.
> - Defendants shall file answers to the Hospital Bellwether Complaint within 30 days after a decision by the Court on any motions to dismiss. If no motions to dismiss are filed, answers will be due by August 11, 2025.
> - Defendants shall file any motions to dismiss the Hospital Bellwether Complaint by July 2, 2025. Hospital Bellwether Plaintiff shall file any responses by August 27, 2025. Defendants shall file their replies in support of their motions to dismiss by September 4, 2025.
>
> Please let us know by COB Monday, April 21 whether this proposed schedule is acceptable and we will prepare a proposed order modifying these deadlines in the CMO.
>
> Thank you,
>
> Beth

Elizabeth E. Manning
Partner
**JONES DAY® - One Firm Worldwide®**
110 North Wacker Drive

Suite 4800

Chicago, IL 60606
Office +1.312.269.4396

---

**From:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Sent:** Wednesday, April 16, 2025 2:30 PM
**To:** Kaspar Stoffelmayr <kaspar.stoffelmayr@bartlitbeck.com>; Don Barrett <donbarrettpa@gmail.com>
**Cc:** Shannon M. McNulty <smm@cliffordlaw.com>; Kevin Coleman <DKColeman@fcclaw.net>; Fumerton, Tara A. <tfumerton@jonesday.com>; saintelizabeth@barrettlawgroup.com; Xternal User - Paul Hynes <phynes@zuckerman.com>; Michael Nance <michael.nance@bartlitbeck.com>; Tabacchi, Tina M. <tmtabacchi@jonesday.com>; D'Aquila, Dennis A. <ddaquila@jonesday.com>; Xternal User - Sasha Miller <smiller@zuckerman.com>; Xternal User - Anthony Ruiz <aruiz@zuckerman.com>; Zhou, Jason Z. <jzhou@jonesday.com>; Manning, Elizabeth E. <emanning@jonesday.com>
**Subject:** Re: Hospital Bellwether Second Amended Complaint

Dear Counsel:

I shared all of your position statements with Judge Polster, who asked me to convey the following.

The Judge agrees that allowing SEH to drop the Kentucky state law claim and instead pursue a RICO claim would make the SEH bellwether more representative of all MDL hospital cases, and would not cause Pharmacies any undue prejudice.

That said, it is clear that Hospitals agreed with Pharmacies on which case would be the bellwether, and explicitly agreed on which claims would be tried.  (I believe Hospitals also agreed we only needed one BW, not two, because of the pendency of the Florida case.)

Thus, absent agreement now by the Pharmacies to SEH's request to add a RICO claim, SEH is bound by its prior agreement.

The parties should please proceed accordingly, including submission by SEH of an appropriate SAC.

-d

========================
This email sent from:
David R. Cohen Co. LPA

24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

**From:** Kaspar Stoffelmayr <kaspar.stoffelmayr@bartlitbeck.com>
**Sent:** Wednesday, April 16, 2025 11:49 AM
**To:** Don Barrett <donbarrettpa@gmail.com>
**Cc:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>; Shannon M. McNulty <smm@cliffordlaw.com>; Kevin Coleman <DKColeman@fcclaw.net>; Xternal User - Tara Fumerton <tfumerton@JonesDay.com>; saintelizabeth@barrettlawgroup.com <saintelizabeth@barrettlawgroup.com>; Xternal User - Paul Hynes <phynes@zuckerman.com>; Michael Nance <michael.nance@bartlitbeck.com>; Xternal User - Tina Tabacchi <tmtabacchi@jonesday.com>; Xternal User - Dennis D'Aquila <ddaquila@jonesday.com>; Xternal User - Sasha Miller <smiller@zuckerman.com>; Xternal User - Anthony Ruiz <aruiz@zuckerman.com>; Xternal User - Jason Zhou <jzhou@jonesday.com>; Xternal User - Elizabeth Manning <emanning@jonesday.com>
**Subject:** RE: Hospital Bellwether Second Amended Complaint

David,

If I can bother you with one more email while Tara is in a deposition: The question here isn't whether Plaintiff can come up with an argument to reconsider its own prior decision not to pursue a RICO claim. The issue has already been conclusively resolved by agreement of the parties and by an order of the Court. There is no reason for the Court to reopen the question with a new round of briefing.

It was also for good reason that everyone agreed that a RICO claim does not make sense in this particular case. Unlike the TPP cases, hospital plaintiffs represented by the same lawyers have already brought RICO claims against the same Defendants in multiple other courts, including the Florida case set for trial in September. It would serve little purpose for the parties and the Court to devote resources to testing the same claims again in this Court's bellwether rather than claims that are not already being litigated elsewhere. In the TPP cases, by contrast, there are no other TPP cases proceeding outside the MDL, and the TPP Plaintiffs represented from the outset (in both their PFSs and at hearings) that they intended to proceed primarily on a RICO theory, which is the opposite of the circumstances here.

Thank you.

Kaspar

**BartlitBeck** LLP

Kaspar Stoffelmayr | p: 312.494.4434 | c: 312.391.1721 | Kaspar.Stoffelmayr@BartlitBeck.com

Courthouse Place, 54 West Hubbard Street, Chicago, IL 60654

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message

**From:** Don Barrett <donbarrettpa@gmail.com>
**Sent:** Wednesday, April 16, 2025 9:14 AM
**To:** Don Barrett <donbarrettpa@gmail.com>
**Cc:** David R. Cohen <david@specialmaster.law>; Shannon M. McNulty <smm@cliffordlaw.com>; Kevin Coleman <DKColeman@fcclaw.net>; Xternal User - Tara Fumerton <tfumerton@JonesDay.com>; saintelizabeth@barrettlawgroup.com; Xternal User - Paul Hynes <phynes@zuckerman.com>; Michael Nance <michael.nance@bartlitbeck.com>; Xternal User - Tina Tabacchi <tmtabacchi@jonesday.com>; Xternal User - Dennis D'Aquila <ddaquila@jonesday.com>; Xternal User - Sasha Miller <smiller@zuckerman.com>; Xternal User - Anthony Ruiz <aruiz@zuckerman.com>; Kaspar Stoffelmayr <kaspar.stoffelmayr@bartlitbeck.com>
**Subject:** Re: Hospital Bellwether Second Amended Complaint

**Caution:** External Message

Dear David,

May I please weigh in with a thought about this which I think is practical and

sensible, a modest proposal, if you will.

Bellwethers are supposed to advance the litigation toward resolution. The hospitals' RICO claims are very important to us. (In our upcoming September trial in Broward County, Florida, for 26 Florida hospitals, our RICO count is the only count we are proceeding on.)

Were we to be prevented from trying our RICO count in this bellwether, and happen to lose on our other counts, then we simply would move to go forward with another trial on our severed RICO count. Defendants would have gained nothing, and both sides would have wasted a lot of time and money, having reached a judgment but no resolution.

If Judge Polster meant his ruling to apply beyond the TPP cases, there is no rule preventing the Court from amending the ruling to allow the hospitals to add the RICO count, in order to have a bellwether case which can perform its intended  purpose.

The Defendants cannot (with a straight face, anyway) claim prejudice; they have been preparing their RICO defense against us for a couple of years already. However, if they claim they will need extra time, we will give it to them.

Most respectfully,

Don

Don Barrett

Barrett Law Group, P.A.

404 Court Square North

Lexington, MS 39095-0927

Office 662.834.9168

Home 662.834.3044

Cell 850.797.2574

donbarrettpa@gmail.com

On Apr 16, 2025, at 7:24 AM, Don Barrett <donbarrettpa@gmail.com> wrote:

Don Barrett

Barrett Law Group, P.A.

404 Court Square North

Lexington, MS 39095-0927

Office 662.834.9168

Home 662.834.3044

Cell 850.797.2574

donbarrettpa@gmail.com

On Wed, Apr 16, 2025 at 7:13 AM David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law> wrote:

> I think the answer to my question may be the 9/27/24 email set forth below, but LMK if I am missing something.

> **From:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
> **Sent:** Friday, September 27, 2024 11:02 AM
> **To:** Laura Fitzpatrick <lfitzpatrick@simmonsfirm.com>
> **Cc:** Fumerton, Tara A. <tfumerton@jonesday.com>
> **Subject:** Re: TPP CMO Langage change

> Greetings.  Judge Polster has asked me to convey the following.

> Plaintiffs will be allowed to litigate only the claims highlighted in yellow below.

> As for the language at section A.1 in the proposed CMO, consistent with this ruling, please use the following:

Seven days from the entry of the present CMO, each TPP Bellwether Plaintiff will identify in a formal notice filed on the docket, the claims to be litigated as part of the current bellwether proceeding. The remaining claims from each complaint will be severed. The only claims that defendants will be required to answer at this time are the claims identified by each TPP Bellwether Plaintiff. Seven days after the filing on the docket of the placeholder class-action complaint referenced in ECF No. 5638 and subparagraph 4 below, TPP Bellwether Plaintiffs shall file Amended Complaints removing class allegations. Said Amended Complaints will include a reference, citing to the respective docket entries, of the formal notice referenced above.

**Claims Pled in TPP Amended Complaints:**

Local 25:

1. RICO Claims
2. Negligence
3. Unjust Enrichment
4. Civil Conspiracy

UFCW

1. RICO Claims
2. Public Nuisance
3. Negligence
4. Consumer Fraud Claim
5. Civil Conspiracy

Pioneer

1. RICO Claims
2. Negligence
3. Unjust Enrichment
4. Civil Conspiracy
5. ERISA Equitable Relief

LAIF

1. RICO Claims
2. LA State Racketeering Claims
3. Redhibition
4. Negligence
5. Civil Conspiracy
6. LA Unfair Trade Practices/Consumer Protection Claim

=======================
This email sent from:

David R. Cohen Co. LPA
[24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122](#)
216-831-0001 tel
866-357-3535 fax
[www.SpecialMaster.law](#)

---

**From:** David R. Cohen ([David@SpecialMaster.Law](#)) <[david@specialmaster.law](#)>
**Sent:** Wednesday, April 16, 2025 7:16 AM
**To:** Shannon M. McNulty <[smm@cliffordlaw.com](#)>; Kevin Coleman <[DKColeman@fcclaw.net](#)>; Fumerton, Tara A. <[tfumerton@jonesday.com](#)>
**Cc:** [saintelizabeth@barrettlawgroup.com](#) <[saintelizabeth@barrettlawgroup.com](#)>; Hynes, Paul B. <[phynes@zuckerman.com](#)>; Michael Nance <[michael.nance@bartlitbeck.com](#)>; Tabacchi, Tina M. <[tmtabacchi@jonesday.com](#)>; D'Aquila, Dennis A. <[ddaquila@jonesday.com](#)>; Miller, Sasha <[smiller@zuckerman.com](#)>; Xternal User - Anthony Ruiz <[aruiz@zuckerman.com](#)>; Kaspar Stoffelmayr <[kaspar.stoffelmayr@bartlitbeck.com](#)>
**Subject:** Re: Hospital Bellwether Second Amended Complaint

Good morning.  Question for Tara:

Your email below contains this observation: "When the TPP bellwether plaintiffs attempted to add causes of action in amended complaints that were not included in their fact sheets submitted for purposes of bellwether selection, the Court did not allow it."

Can you identify for me the ruling disallowing?  I think it was made during a telecon or Zoom, but I cannot find it.

Thanks.

-d

========================
This email sent from:
David R. Cohen Co. LPA
[24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122](#)
216-831-0001 tel
866-357-3535 fax
[www.SpecialMaster.law](#)

**From:** Shannon M. McNulty <smm@cliffordlaw.com>
**Sent:** Monday, April 14, 2025 6:52 PM
**To:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>; Kevin Coleman <DKColeman@fcclaw.net>; Fumerton, Tara A. <tfumerton@jonesday.com>
**Cc:** saintelizabeth@barrettlawgroup.com <saintelizabeth@barrettlawgroup.com>; Hynes, Paul B. <phynes@zuckerman.com>; Michael Nance <michael.nance@bartlitbeck.com>; Tabacchi, Tina M. <tmtabacchi@jonesday.com>; D'Aquila, Dennis A. <ddaquila@jonesday.com>; Miller, Sasha <smiller@zuckerman.com>; Xternal User - Anthony Ruiz <aruiz@zuckerman.com>; Kaspar Stoffelmayr <kaspar.stoffelmayr@bartlitbeck.com>
**Subject:** RE: Hospital Bellwether Second Amended Complaint

Good evening, Special Master Cohen,

Kevin is again on-the-road but, on his behalf, Plaintiff submits its position as set forth in the email dated April 7th. Ms. Fumerton also supplied the same response in an email attachment sent Friday afternoon subsequent to Kevin's observation that Plaintiff's position had not been transmitted. For convenience to all, I've simply pasted it below:

> **From:** D. Kevin Coleman <DKColeman@fcclaw.net>
> **Sent:** Monday, April 7, 2025 2:42 PM
> **To:** Manning, Elizabeth E. <emanning@jonesday.com>; Fumerton, Tara A. <tfumerton@jonesday.com>
> **Cc:** Hynes, Paul B. <PHynes@zuckerman.com>; Michael Nance <michael.nance@bartlitbeck.com>; saintelizabeth@barrettlawgroup.com; Tabacchi, Tina M. <tmtabacchi@jonesday.com>; D'Aquila, Dennis A. <ddaquila@jonesday.com>
> **Subject:** St. Elizabeth bellwether
>
> Dear Counsel,
>
> This will respond to your request that St. Elizabeth agree to dismiss its recently amended RICO claim due to its absence from St. Elizabeth's original fact sheet. This is not a new claim, as you suggest. St. Elizabeth alleged a RICO cause of action in its First Amended Complaint (FAC) in 2019. Because (1) the inclusion of St. Elizabth's RICO claim, coupled with the removal of its Kentucky Consumer Protection Act (CPA) claim, would be more representative of the hospital plaintiffs' claims as a whole, and (2) because defendants would not be prejudiced by the inclusion of St. Elizabeth's RICO claim in the bellwether, Plaintiff must respectfully decline defendants' request.
>
> St. Elizabeth amended its fact sheet on February 24, 2025 to reflect the Plaintiff's intention to pursue its RICO claim against the defendants and abandon its CPA claim. On March 10, 2025 St. Elizabeth filed its Second Amended Complaint (SAC) which maintained its RICO claim and dropped its CPA claim, with the RICO claim being the underlying violation intertwined with Plaintiff's conspiracy claim, which is consistent with the Plaintiff Fact Sheet.
>
> As Judge Polster has noted "'the whole purpose of bellwether litigation…is to enable other litigants to learn from the experience and reassess their tactics and strategy (and,hopefully, settle).'" *In re Nat'l Prescription Opioid Litig.*, Nunc Pro

Tunc Order, p. 2 (August 15, 2019)(Doc. 2438), quoting *In re Cox Enters., Inc. Set-top Cable Television Box Antitrust Litig.*, 835 F.3d 1195, 1208 (10th Cir. 2016).  "A bellwether trial is where a small number of class-action plaintiffs, ***who can adequately represent the class, test their claims and legal theories first***, before proceeding with the rest of the class." *Abrams v. Nucor Steel Marion, Inc.* 2017 U.S. App. LEXIS 9323, *4, n. 2 (6th Cir. 2017)(emphasis added).  "For bellwether trials to fulfill their purpose, the selected plaintiffs ***and their claims 'should be representative of the range of cases***.'" *Adams v. Deva Concepts*, LLC, 2023 U.S. Dist. LEXIS 179559, *10 (S.D.N.Y. 2023) quoting MANUAL FOR COMPLEX LITIGATION (Fourth) §22.315 (Fed. Jud. Ctr. 20040 (emphasis added).  In order to fulfill the bellwether's "informational" mission, the parties must litigate the RICO claim which predominates over CPA claims in the hospital cases.

The amendment of St. Elizabeth's fact sheet and the maintenance of its RICO claim in the SAC was necessitated by the fact that many more hospitals have asserted RICO claims than CPA claims.  137 hospital plaintiffs have asserted RICO claims against the defendants while only 91 hospitals have asserted claims under their respective state's CPAs.  The inclusion of the RICO claim in the bellwether trial thus supports the "core element of representativeness".  *In re Chevron U.S.A., Inc.*, 109 F.3d 1016, 1019 (5th Cir. 1997).  Conversely, testing the Kentucky CPA claim would be less helpful to the defendants and other hospitals because both liability and recoverable damages under any CPA are more likely to vary from state to state.  Adjudicating St. Elizabeth's RICO claim in the bellwether would provide more information for settlement purposes for both the defendants and the non-bellwether hospitals.  Such clarity of result would support the overall purpose of a bellwether case.

The defendants are not prejudiced in any way by the inclusion of St. Elizabeth's RICO claim in the bellwether.  The RICO claim was alleged in St. Elizabeth's FAC in 2019.  The defendants have defended against RICO claims in opioid cases in multiple jurisdictions throughout the country.  The defendants are currently defending against RICO claims brought by Florida hospitals in an opioid action set for trial in September. Discovery has been completed, the Plaintiffs have provided expert reports and the parties are currently deposing experts. Further, the development of the record in Florida, focused on RICO, will allow the parties to utilize more of that developed record in this case by deeming documents and testimony on those issues produced here, subject to appropriate limitations and reservation of all rights.

The parties' January 13, 2025 letter to Judge Polster identifying St. Elizabeth as the bellwether plaintiff does not include an agreement between the parties that St. Elizabeth's selection was contingent on its prosecution of the three claims identified in the original fact sheet. Even if it were the case that defendants only agreed to St. Elizabeth as the bellwether plaintiff because it had not asserted a RICO claim in its original fact sheet, such an expectation must give way to the purpose of a bellwether trial – to enable other litigants to learn from the bellwether experience.  If the RICO claim is excluded from the bellwether, both the defendants and the non-bellwether hospitals will be left without a basis for gauging the value of the RICO claims.  The value of the bellwether would be diminished significantly as a result.

While the CMO does identify the three fact sheet claims to be prosecuted, the CMO also acknowledges that plaintiff was expected to file an amended complaint.  The CMO also sets forth a briefing schedule for defendants' anticipated motions to dismiss.  If the defendants believe they have legal grounds for the dismissal of Plaintiff's RICO cause of action, they should address them in motions to dismiss as set forth in the CMO.

> D. Kevin Coleman
>
> Attorney
>
> Cell 304.281.4426
>
> Office 304.225.5990
>
> Fax 304.225.5980
>
> Charleston | Morgantown | Beckley
>
> farmerclinecampbell.com



<image001.png>

Some combination of us can be available for a call this evening or tomorrow, if helpful.

Many thanks,

Shannon

<image002.png>

Shannon M. McNulty

Partner

120 N. LaSalle Street

Suite 3700

Chicago, IL 60602

Phone: 312-899-9090

smm@cliffordlaw.com

www.CliffordLaw.com

<image003.png>

<image004.png>

<image005.png>

&lt;image006.png&gt;

&lt;image007.png&gt;

**From:** David R. Cohen (David@SpecialMaster.Law) &lt;david@specialmaster.law&gt;
**Sent:** Monday, April 14, 2025 4:54 PM
**To:** Kevin Coleman &lt;DKColeman@fcclaw.net&gt;; Fumerton, Tara A. &lt;tfumerton@jonesday.com&gt;
**Cc:** saintelizabeth@barrettlawgroup.com; Hynes, Paul B. &lt;phynes@zuckerman.com&gt;; Michael Nance &lt;michael.nance@bartlitbeck.com&gt;; Tabacchi, Tina M. &lt;tmtabacchi@jonesday.com&gt;; D'Aquila, Dennis A. &lt;ddaquila@jonesday.com&gt;; Miller, Sasha &lt;smiller@zuckerman.com&gt;; Xternal User - Anthony Ruiz &lt;aruiz@zuckerman.com&gt;; Kaspar Stoffelmayr &lt;kaspar.stoffelmayr@bartlitbeck.com&gt;
**Subject:** Re: Hospital Bellwether Second Amended Complaint

**CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Kevin, you indicated below that I should expect an additional response, is that still forthcoming?

-d

========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

**From:** D. Kevin Coleman &lt;DKColeman@fcclaw.net&gt;
**Sent:** Friday, April 11, 2025 3:14 PM
**To:** Fumerton, Tara A. &lt;tfumerton@jonesday.com&gt;; David R. Cohen (David@SpecialMaster.Law) &lt;david@specialmaster.law&gt;
**Cc:** saintelizabeth@barrettlawgroup.com &lt;saintelizabeth@barrettlawgroup.com&gt;; Hynes,

Paul B. <phynes@zuckerman.com>; Michael Nance <michael.nance@bartlitbeck.com>; Tabacchi, Tina M. <tmtabacchi@jonesday.com>; D'Aquila, Dennis A. <ddaquila@jonesday.com>; Miller, Sasha <smiller@zuckerman.com>; Xternal User - Anthony Ruiz <aruiz@zuckerman.com>; Kaspar Stoffelmayr <kaspar.stoffelmayr@bartlitbeck.com>
**Subject:** RE: Hospital Bellwether Second Amended Complaint

Special Master Cohen,

We note that Ms. Fumerton has not provided to you the Hospital's position (which we understood to be part of the process described after our first session with you). Due to press of other matters this afternoon, we will respond more substantively by early this evening.

D. Kevin Coleman

Attorney

Cell 304.281.4426

Office 304.225.5990

Fax 304.225.5980

Charleston | Morgantown | Beckley

farmerclinecampbell.com

<image001.png>

CONFIDENTIALITY NOTE: This e-mail message from the law offices of Farmer, Cline & Campbell, PLLC is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, distribution, or other dissemination of this e-mail message and/or the information contained therein is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

**From:** Fumerton, Tara A. <tfumerton@jonesday.com>
**Sent:** Friday, April 11, 2025 2:32 PM
**To:** David R. Cohen <david@specialmaster.law>
**Cc:** saintelizabeth@barrettlawgroup.com; Hynes, Paul B. <phynes@zuckerman.com>; Michael Nance <michael.nance@bartlitbeck.com>; Tabacchi, Tina M. <tmtabacchi@jonesday.com>; D'Aquila, Dennis A. <ddaquila@jonesday.com>; Miller, Sasha <smiller@zuckerman.com>; Xternal User - Anthony Ruiz <aruiz@zuckerman.com>; Kaspar Stoffelmayr <kaspar.stoffelmayr@bartlitbeck.com>
**Subject:** Hospital Bellwether Second Amended Complaint

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Dear Special Master Cohen,

We write on behalf of the Pharmacy Defendants named in the Hospital Bellwether (St. Elizabeth) case. We need your immediate guidance on one issue: St. Elizabeth's Second Amended Complaint purports to assert different causes of action than those authorized by St. Elizabeth's sworn Plaintiff Fact Sheet and the Court's Case Management Order.

As you know, Judge Polster required Hospital Plaintiffs to prepare and submit a Hospital Plaintiff Fact Sheet as a key part of the bellwether selection process. The Hospital Plaintiff Fact Sheet, the form of which was agreed to by Hospital Liaison Counsel, Don Barrett (also counsel for St. Elizabeth), required each Hospital Plaintiff to identify three or fewer causes of action on which Plaintiff intended to proceed in a Bellwether Case if selected. Plaintiff identified the following three causes of action in its certified PFS: 1. Public Nuisance; 2. Conspiracy; 3. Kentucky's Consumer Protection Act (K.R.S. 367.120). *See* St. Elizabeth's January 14, 2024 Hospital Plaintiff Fact Sheet at 14-15 (attached).

The parties then negotiated a proposed Case Management Order, which the Court entered (attached). That Case Management Order provides:

1. **Pleadings and Answers**

    1. **Pleadings.** Hospital Bellwether Plaintiff filed an Amended Complaint on March 16, 2019 in Case No. 1:18-OP-46046.1. To the extent Hospital Bellwether Plaintiff intends to amend its complaint further, it shall file a **Second Amended Complaint** (the "Hospital Bellwether Complaint") by no later than March 10, 2025, **which shall be consistent with Hospital Bellwether Plaintiff's January 14, 2024 certified Plaintiff Fact Sheet and the Parties' January 13, 2025 letter to the Court, including that the claims to be litigated in Plaintiff's Hospital Bellwether Complaint against Defendants will be on an individual basis and will be limited to public nuisance, conspiracy and Kentucky's Consumer Protection Act (K.R.S. 367.120)**. (emphasis added).

This language in the Court's order, which was *agreed* to by the parties (correspondence to you attached for your convenience), also requires that Plaintiff's claims will be limited to public nuisance, conspiracy and the Kentucky Consumer Protection Act (K.R.S. 367.120).

Plaintiffs' Second Amended Complaint, however, violates both this provision of the Court's Case Management Order and St. Elizabeth's certified Plaintiff Fact Sheet that St. Elizabeth submitted in advance of bellwether selection by improperly including a RICO claim.

When the TPP bellwether plaintiffs attempted to add causes of action in amended complaints that were not included in their fact sheets submitted for purposes of bellwether selection, the Court did not allow it. St. Elizabeth's attempt to do the same thing is even more improper, as it violates express language in a Court order that St. Elizabeth agreed should be included in the order.

> Plaintiff should be required to re-plead its Second Amended Complaint in compliance with the Court's order and its fact sheet, without a RICO cause of action (or any references to it).
>
> We have conferred with Plaintiff's counsel on this issue but have been unable to reach any agreement.
>
> Please let us know if we should file a formal motion or how the Court would like us to address this issue.
>
> Respectfully,
>
> Tara
>
> ***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***
>
> ---
>
> CONFIDENTIALITY NOTE: The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in the communication or any attachments.

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

--

Gary M. Yarborough, Jr.

YARBOROUGH LAW FIRM, PLLC

P.O. Box 4168

Bay Saint Louis, MS 39521

T. (228) 688-0708

C. (228) 342-7987

E. gary@yarboroughlaw.co
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

--
Gary M. Yarborough, Jr.
YARBOROUGH LAW FIRM, PLLC
P.O. Box 4168
Bay Saint Louis, MS 39521
T. (228) 688-0708
C. (228) 342-7987
E. gary@yarboroughlaw.co