UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| THIS DOCUMENT RELATES TO: | Case No. 1:17-MD-2804 |
| *All Cases* | Judge Dan Aaron Polster |

**NOTICE OF FORTY-SIXTH AMENDED BANKRUPTCY COURT ORDER GRANTING INJUNCTION AGAINST CONTINUATION OF PROCEEDINGS AS TO RELATED PARTIES TO DEBTOR PURDUE PHARMA, L.P. AND AFFILIATED DEBTORS**

Defendants David A. Sackler, Ilene Sackler Lefcourt, Kathe A. Sackler, Mortimer D.A. Sackler, Richard S. Sackler, Theresa Sackler, Rosebay Medical Company L.P., Rosebay Medical Company, Inc., Beacon Company, and Richard Sackler as alleged trustee of the alleged Trust for the Benefit of Members of the Raymond Sackler Family (collectively, the "**Sackler Parties**")[1] submit this Notice following their previous Notice of Forty-Fifth Amended Bankruptcy Court Order Granting Injunction filed June 18, 2025, ECF No. 6166.

1. On September 15, 2019, Purdue Pharma L.P. and several affiliated debtors (collectively, "**Purdue**" or "**Debtors**") each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. The cases are jointly administered under the case captioned *In re Purdue Pharma L.P.*, Case No. 19-23649 (SHL) (Bankr. S.D.N.Y.) (the "**Purdue Bankruptcy Case**").

---

[1] On October 14, 2019, Defendant Beverly Sackler passed away. *See* Suggestion of Death, *In re Purdue Pharma L.P.*, No. 19-23649 (SHL), ECF No. 301 (Bankr. S.D.N.Y. Oct. 14, 2019). On June 30, 2020, Defendant Jonathan Sackler passed away. *See* Suggestion of Death, *In re Purdue Pharma L.P.*, No. 19-23649 (SHL), ECF No. 1316 (Bankr. S.D.N.Y. June 30, 2020).

1

Plaintiffs in multiple member actions in this MDL Proceeding are creditors in the Purdue Bankruptcy Case, and the Debtors filed a Notice of Suggestion of Bankruptcy and Automatic Stay of Proceedings in this MDL Proceeding on September 16, 2019 (ECF No. 2609), notifying all Plaintiffs of the bankruptcy filing.

2. On November 6, 2019, the Bankruptcy Court in the Purdue Bankruptcy Case issued an order pursuant to 11 U.S.C. § 105(a) enjoining commencement or continuation of litigation against any Debtor or Related Party, as defined therein, through April 8, 2020. *See* Second Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction, *In re Purdue Pharma L.P.*, Case No. 12-23649 (SHL), Adv. Pro. No. 19-08289 (SHL), ECF No. 105 (Bankr. S.D.N.Y. Nov. 6, 2019) (the "**Preliminary Injunction**"). Since March 2020, there have been numerous extensions of the Preliminary Injunction.

3. The Sackler Parties are Related Parties as defined in the Preliminary Injunction. Plaintiffs asserting claims against the Sackler Parties in this MDL Proceeding have been subject to the Preliminary Injunction, as amended, and those MDL member actions against the Sackler Parties are included on the schedule of enjoined cases.

4. Following the United States Supreme Court's decision in *Harrington, U.S. Trustee, Region 2 v. Purdue Pharma L.P.*, No. 23-124, Slip Op. (June 27, 2024), the Bankruptcy Court entered an order extending the Preliminary Injunction, including as to claims against the Sackler Parties, through and including September 9, 2024. *See* July 16, 2024 MDL Notice at ¶¶ 8-9, ECF No. 5526.

5. The Bankruptcy Court subsequently entered additional orders regarding ongoing mediation efforts and extending the Preliminary Injunction through and including June 25, 2025. *See* MDL ECF Nos. 5628, 5660, 5732, 5799, 5835, 5922, 5988, 6054 and 6166.

6. On June 18, 2025, the Bankruptcy Court entered further orders regarding ongoing mediation efforts and extended the Preliminary Injunction through and including the earlier of (a) the date that is three business days after entry of an order confirming the Debtors' Plan of Reorganization and the expiration of any stay order, including the stay provided by Rule 3020(e) of the Federal Rules of Bankruptcy Procedure, or (b) November 20, 2025. *See* Forty-Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction at 17, *In re Purdue Pharma L.P., et al.*, Case No. 19-23649 (SHL), Adv. Pro. No. 19-08289, ECF No. 701 (Bankr. S.D.N.Y. June 18, 2025), a copy of which is attached to this Notice as **Exhibit 1**.

7. Unlike previous orders extending the Preliminary Injunction, the most recent Injunction Order allows the filing of certain pleadings necessary to effectuate certain opt-out class action settlements that are not relevant to this Action.[2]

8. Notwithstanding the filing of this Notice, the Sackler Parties expressly preserve all of their defenses, including, but not limited to, lack of personal jurisdiction.

                              Respectfully submitted,

                              /s/ Stuart G. Parsell
                              Stuart G. Parsell (Ohio Bar No. 0063510)
                              ZEIGER, TIGGES & LITTLE LLP
                              8000 Walton Parkway, Suite 260
                              New Albany, Ohio 43054
                              Telephone: (614) 365-9900
                              Facsimile: (614) 365-7900
                              parsell@litohio.com

---

[2] *See* Ex. 1 at 18 n.6 ("This Order does not enjoin the filing of pleadings necessary to effectuate the (i) Public School District Shareholder Direct Settlement, (ii) Hospital Shareholder Direct Settlement, or (iii) ER Physician Shareholder Direct Settlement, in each case as defined in Section 1.1 of the Debtors Thirteenth Amended Plan [ECF No. 7508], and as described on page 146 of the Disclosure Statement [ECF No. 7509]. **For the avoidance of doubt, nothing in the foregoing shall permit any party to commence any litigation against any Related Party, or to continue any litigation against any Related Party, other than for the sole, exclusive, and limited purpose of effectuating the Opt-Out Class Action Settlements contemplated under the plan**." (emphasis added)).

          Attorneys for Defendants Richard S. Sackler, Mortimer D.A. Sackler, Kathe Sackler, Ilene Sackler Lefcourt, Theresa Sackler, David Sackler, the Estate of Raymond Sackler, Rosebay Medical Company L.P., Rosebay Medical Company, Inc., Beacon Company, and Richard Sackler as alleged Trustee of the alleged Trust for the Benefit of Members of the Raymond Sackler Family, and Former Attorneys to Jonathan Sackler (now deceased), individually and as alleged Trustee of the alleged Trust for the Benefit of Members of the Raymond Sackler Family, and Beverly Sackler (now deceased)

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of June, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

          /s/ Stuart G. Parsell
          Stuart G. Parsell (0063510)