UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Saint Elizabeth Medical Center, Inc. d/b/a St. Elizabeth Healthcare v. AmerisourceBergen Drug Corp., et al.*; Case No. 18-op-46046 | MDL No. 2804<br>Case No. 17-md-2804<br><br><br><br>Judge Dan Aaron Polster |

**PLAINTIFF SAINT ELIZABETH'S MEMORANDUM IN OPPOSITION TO MOTION TO STRIKE RICO ALLEGATIONS FROM SECOND AMENDED COMPLAINT**

Plaintiff Saint Elizabeth Medical Center, Inc. d/b/a St. Elizabeth Healthcare ("St. Elizabeth" or the singular "Plaintiff") respectfully submits this memorandum in opposition to "Pharmacy Defendants' Motion to Strike RICO Allegations from Saint Elizabeth Hospital's Second Amended Complaint" [Master Dkt. No. 6157] (the "Motion to Strike"). For the reasons stated below, the Motion to Strike should be denied, and the Court should enter an order holding that St. Elizabeth's RICO claim is presently stayed and severed.[1]

**I.     INTRODUCTION**

A Case Management Order [Master Dkt. No. 6012] (the "CMO") in this bellwether provides—based on Defendants' insistence and against Plaintiff's objection—that all prior MDL rulings apply to this proceeding. Notably, Defendants here seek to strike (tantamount to obtaining dismissal of) Plaintiff's RICO claims, which are not to be tried in this bellwether, when the prior MDL Orders, even those which Defendants rely upon, state that non-bellwether claims are

---

[1] On June 21, 2025, Plaintiff filed its Motion to Vacate the June 16, 2025, Order, and to Clarify the March 11, 2025, and June 16, 2025, Orders of the Court. *See* Bellwether Dkt. No. 48. On June 23, 2025, the Court entered a Non-Document Order to vacate the June 16, 2025, Order on June 23, 2025.

"severed" and "stayed," not dismissed. Defendants baselessly assert that they are entitled to dismissal of Plaintiff's claims—which would deprive Plaintiff of their due process and procedural rights—merely by way of a bellwether decision on which of Plaintiff's claims are to be now tried. Defendants' assertions are (1) contrary to prior MDL Orders, (2) violative of Plaintiff's due process rights and the requirements of the Federal Rules of Civil Procedure, and (3) defeated by the precedent upon which Defendants rely. Defendants' motion to strike should be denied.

## II.     PERTINENT PROCEDURAL HISTORY

### A.     This Action, No 18-op-46046

This action, initially styled as *Saint Elizabeth Medical Center, Inc., et al v. AmerisourceBergen Drug Corporation, et al.*, No. 18-cv-00146 (E.D. Ky.), was commenced in this Court by Plaintiffs St. Elizabeth, St. Claire Medical Center, Inc. d/b/a St. Claire Regional Medical Center ("St. Claire") and Highlands Hospital Corporation d/b/a Highlands Regional Medical Center ("Highlands") (St. Elizabeth, St. Claire, and Highlands are collectively referred to as "Plaintiffs" in the plural) with the filing of the initial Complaint on or about August 17, 2018. Plaintiffs asserted claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 et seq. ("RICO") (Counts I, II), Kentucky statutory claims (Counts III-IV),[2] as well as common law claims of Negligence (Counts V-IX), Nuisance (Count X) and Unjust Enrichment (Count XI). Among the various manufacturers, distributors and retailers named as defendants were those persons presently moving as the "Pharmacy Defendants."

On or about September 6, 2018, the action was transferred into the MDL for further pretrial proceedings and assigned Case No. 18-op-46046.

---

[2] The state statutory claims were (1) a claim under the Kentucky Consumer Protection Act, KRS 367.170 (the "KCPA"), and (2) a claim of breach of warranty under Breach of Implied Warranty of Fitness For a Particular Purpose under KRS 355.2-315.

2

On or about March 16, 2019, Plaintiffs filed a "First Amended Complaint," asserting claims under RICO (Counts I-II), Kentucky statutory claims (Counts III-IV),[3] as well as common law claims of Negligence (Count V), Nuisance (Count VI), Unjust Enrichment (Count VII) and Fraud (Count VIII). Again, among the various manufacturers, distributors and retailers named as defendants were those persons presently moving as the "Pharmacy Defendants."

B. **No. 20-op-45060**

On or about August 21, 2019, St. Elizabeth, with several other operators of hospitals in Kentucky, commenced the action styled *Bowling Green-Warren County Community Hosp. Corp., et al.* v. *Purdue Pharma L.P., et al.*, No. 19-Cl-01146 (Warren Cnty. Cir. Ct., Ky.) in the Circuit Court for Warren County, Kentucky. On or about September 5, 2019, a "First Amended Complaint" was filed in that action, asserting various state law claims, including KCPA violation (Count I), Negligence (Count II), Nuisance (Count III), Unjust Enrichment (Count IV) and Fraud (Count V).

On or about October 17, 2019, certain defendants removed the case to the United States District Court for the Western District of Kentucky, Case No. 1:19-cv-00148-JHM (W.D. Ky.). On or about February 7, 2020, the action was transferred into the MDL for further pretrial proceedings and assigned Case No. 20-op-45060.

On or about January 14, 2024, St. Elizabeth submitted a "Certified Plaintiff Fact Sheet" pertaining to Action No. 20-op-45060, wherein St. Elizabeth also indicated that it was also a named plaintiff in No. 18-op-46046. St. Elizabeth identified as three claims from 20-op-45060 to be tried in a Bellwether trial (if it were to be selected as bellwether hospital plaintiff) as the claims of nuisance, KCPA violations, and unjust enrichment.

---

[3] The state statutory claims were the same as those asserted in the earlier initial Complaint.

3

### C.  Bellwether Selection and the CMO

On January 13, 2025—pursuant to the Court's Order setting bellwether process for Hospitals (*see* [Master Dkt. No. 5754] (setting deadlines) and Non-Document Order entered Nov. 26, 2024 (extending deadlines))—the parties submitted a joint letter to the Court with an agreed selection of St. Elizabeth Medical Center, Inc. d/b/a St. Elizabeth Healthcare as the bellwether selection.

On March 11, 2025, the court entered the aforementioned CMO) selecting this action, No. 18-op-46046, as the hospital bellwether case, with St. Elizabeth[4] as the bellwether hospital plaintiff, in a trial (the "Hospital Bellwether Trial") against defendants CVS Pharmacy, Inc., Walgreens Boots Alliance, Inc., and Walmart Inc. The CMO further indicated that St. Elizabeth "may" file a Second Amended Complaint (to be defined as the "Hospital Bellwether Complaint").

The CMO further provided —at Defendants' request, and against Plaintiff's objections— that "all prior orders in the TPP bellwether apply [in this bellwether]." *See* CMO, ¶ D. Pertinent here, the Court had previously ordered in the TPP bellwether that claims not to be tried in the bellwether would be severed and stayed.[5] That CMO further indicated that claims asserted against defendants other than the Pharmacy Defendants would be severed and stayed. CMO, ¶ A(1).

St. Elizabeth subsequently requested leave to allow its RICO claims to be litigated within

---

[4] The CMO indicated that St. Clare and Highlands had dismissed their claims in the action. CMO, at 1n.1. This statement was incorrect. St. Clare and Highlands never voluntarily dismissed any claims in No. 18-op-46046.

[5] The Second Amended Case Management Order for Third Party Bellwether Cases, pertaining to the TPP Bellwether, provided as follows:
> The remaining claims [those not to be tried in the bellwether] from each complaint will be severed pursuant to Fed. R. Civ. P. 42(b) and stayed pending further Order. The only claims that defendants will be required to move to dismiss or answer at this time are the claims identified in the notice referenced above.

[Master Dkt. No. 5666], ¶ A(1). It further stated that "[t]he Court intends to adhere to all rulings made in prior MDL tracks." *Id*., ¶ D (citing Order Resolving Disputes Regarding Proposed CMO, dated December 13, 2023 [Master Dkt. No. 5271]).

4

the bellwether. Defendants—in their response to the Special Master—relied upon the holding of the prior TPP bellwether to argue that Plaintiff here could not litigate its RICO claim in the bellwether. *See* Bellwether Dkt. No. 49-1, at 15-16, Walmart Counsel to Special Master Cohen (Apr. 11, 2025). Responding to that position, the Special Master noted to the Parties the prior TPP bellwether decision, that the TPP non-bellwether claims were "severed and stayed," with the Special Master relying on the Court's decision in that matter on September 27, 2024, via email, which provided:

> [e]ach TPP Bellwether Plaintiff will identify a formal notice filed on the docket, the claims to be litigated as part of the current bellwether proceeding. The remaining claims from each complaint will be severed. The only claims that defendants will be required to answer at this time are the claims identified by each TPP Bellwether Plaintiff.

*Id.*, at 8-9 citing Sept. 27, 2024 email SM Cohen to Parties.

On April 16, 2025, the Special Master addressed that request and noted that Judge Polster believed that it would not prejudice any defendant if St. Elizabeth were to litigate a RICO claim instead of a KCPA claim in the bellwether trial. The Special Master indicated, however, that the inclusion of the RICO claim to be litigated in the bellwether if the Pharmacy Defendants agreed to that claim being within the bellwether; Pharmacy Defendants did not agree to the inclusion.

**D.    St. Elizabeth's Second Amended Complaint in This Action, No. 18-op-46046**

On April 30, 2025, St. Elizabeth filed a "Second Amended Complaint" (the "SAC") in this action, No. 18-op-46046. St. Elizabeth noted in the SAC that the document only applied to its own claims, and not the claims of St. Claire or Highlands:

> Also named as plaintiffs in this action are (1) St. Claire Medical Center, Inc. d/b/a St. Claire Regional Medical Center ("St. Claire") and (2) Highlands Hospital Corporation d/b/a Highlands Regional Medical Center ("Highlands"). This amended complaint is brought solely on behalf of St. Elizabeth and serves solely to amend the claims brought by St. Elizabeth, a bellwether plaintiff. The claims of St. Claire and Highlands remain pending and are governed by the previously operative complaint that they filed.

5

SAC, at ¶ 36 n.10.

St. Elizabeth's asserted claims of Nuisance, KCPA violations and Unjust Enrichment. St. Elizabeth also asserted its RICO claim, in order to preserve it, with the understanding —based on several prior orders of the Court— that it would not be *tried* in the bellwether trial. St. Elizabeth expressly stated:

> As is detailed in the Counts *infra*, Plaintiff is litigating its causes of action for Civil Conspiracy (other than RICO) and Nuisance in the bellwether action for Plaintiff in *In re: National Prescription Opioid Litigation*, Case No. 1:17-md-02804-DAP, Track 23. Plaintiff's claims against Defendants for RICO are severed from said bellwether action and are stayed. Defendants are not required to answer the RICO allegations in said bellwether action.

SAC, at ¶ 3 n.3.[6] St. Elizabeth's statement that the RICO claim was stayed is consistent with prior Orders entered in the MDL providing that claims not litigated in bellwether trials were severed and stayed.

### III. ARGUMENT

Pharmacy Defendants have moved, pursuant to Fed. R. Civ. P. 12(f), to strike the RICO claim from the SAC. St. Elizabeth opposes Pharmacy Defendants' request to effectively dismiss Plaintiff's RICO claims. The Court should deny Pharmacy Defendants' Motion to Strike, and hold that the RICO claims are severed and stayed, with Defendants not now within the bellwether required to answer or defend the RICO claims.

Defendants—after relying on the Cout's prior orders on the TPP litigation, which provided for severance of non-bellwether claims—conflate the matter of "pleading" claims with the matter of "trying" claims. So the record is absolutely clear, as noted by the Special Master in his September 27, 2024, Email concerning the TPP bellwether, the MDL Court held in that proceeding

---

[6] Similar notations appear elsewhere in the SAC where factual allegations or claims appear that pertain only to the RICO claim.

6

that "remaining claims [i.e., those not proceeding in the bellwether] will be severed. The only claims that defendants will be required to answer at this time are the claims identified by each TPP Bellwether Plaintiff." [*See* Bellwether Dkt. No. 49-1, September 27, 2024, Email SM Cohen to Parties; *see also* Dkt. No. 566, ¶A.1].

Plaintiff's Second Amended Complaint is completely compliant with that directive. It pleads Plaintiff's causes of action against Pharmacy Defendants, including RICO claims. And it details that, based on the bellwether process, Pharmacy Defendants are not now required to, within the bellwether, answer and defend the RICO claims. *See* SAC, at ¶ 3 n.3.

Pertinent to this prior MDL order from the TPP litigation, and defeating of Defendants' assertions, the CMO provides (based on Defendants' demand, which overrode Plaintiff's objections) that "[t]he Court intends to adhere to all rulings made in prior MDL tracks. *See* TPP Order, Master Dkt. No. 5271 at 4…. The Parties may only seek departure from prior rulings for good cause shown." [Master Dkt. No. 6021 at ¶ D].

Defendants, here, have failed to demonstrate any good cause for their argument that Plaintiff's claims should be dismissed and stricken, rather than (per prior MDL Court's Orders) the non-bellwether claims being severed and stayed. To the contrary, Defendants simply seek to utilize procedural attacks to obtain dismissal of Plaintiff's viable claims.

Defendants' argument is at odds with its own arguments to the Special Master and are contrary to their assertions that prior MDL orders. The Court has been clear that claims not to be litigated in the bellwether are stayed and severed, not dismissed, as Defendants seek.

Prior MDL Orders and logic indicate that the bellwether selection dictates only which of Plaintiff's claims are to be litigated in the bellwether, not which claims are viable or can be pleaded.

7

In addition to the prior MDL Orders dictating this analysis, the Court also stated that claims against *defendants* that were not to be tried in the bellwether trial were to be severed and stayed. This plainly suggests that claims that were not to be tried were intended to be severed and stayed.

Further, and more fundamentally, it is the only legally permissible, or plausible, construction of the CMO. A district court has broad discretion as to the order in which it tries claims and may direct that certain claims be severed and/or stayed. But a district has no authority to summarily *dismiss*[7] claims (in excess of an arbitrary number of claims to be tried) asserted in a particular action just because they are not scheduled to be tried. The Court has not dismissed Plaintiff's well-pleaded claims, which have been maintained in each of its pleadings.

Interestingly, Pharmacy Defendants offer *no* plausible explanation as what happened to the claim, other than summarily concluding that St. Elizabeth is not allowed even to *plead* it.

Notably, Defendants' arguments in front of the Court and Special Master are both telling and self-defeating of their argument for dismissal. Plaintiff has repeatedly properly pleaded a RICO cause of action; the Court can procedurally sever and stay those claims, but not summarily dismiss them without due process of law and compliance with the Federal Rules of Civil Procedure. The claims being severed are the only plausible explanation, which does not run afoul of those due process and procedural rights afforded to Plaintiff. The Court should deny Defendants' motion to strike those allegations.

The Court should enter an order denying Pharmacy Defendants' Motion to Strike and

---

[7] If St. Elizabeth is conclusively prohibited from even *pleading* the RICO claim, that is tantamount to a dismissal, since an amended complaint replaces its predecessors for all purposes and claims not renewed are dismissed. *See Drake v. City of Detroit*, 266 Fed. Appx. 444, 448 (6th Cir.2008) (amended pleading supersedes the original, rendering the latter a legal nullity); *see also* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (2nd ed.) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified.")

8

clarifying that the RICO claim is severed and stayed by operation of the CMO.[8]

## IV. CONCLUSION

Consistent with the MDL Court's prior orders in other MDL bellwether cases—which are to be applied pursuant to the CMO (Master Dkt. No. 6012)—Plaintiff's RICO claims against Defendants should be stayed and severed. This is the very process utilized in the TPP litigation and contemplated by the CMO. Plaintiff St. Elizabeth Healthcare respectfully prays that the Pharmacy Defendants' Motion to Strike be denied, St. Elizabeth's motion for clarification [Bellwether Dkt. No. 49] be granted, and the Court enter an order providing that Plaintiff's RICO claims are severed and stayed, with Defendants not now required to answer those claims within this bellwether proceeding.

Dated: June 27, 2025

Respectfully Submitted,

/s/ Don Barrett
John W. ("Don") Barrett
David McMullan, Jr.
Richard Barrett
Sterling Aldridge
Barrett Law Group, P.A.
P.O. Box 927
404 Court Square North
Lexington, Mississippi 39095
Tel: (662) 834-2488
Fax: (662) 834-2628
dbarrett@barrettlawgroup.com
dmcmullan@barrettlawgroup.com
rrb@rrblawfirm.net
saldridge@barrettlawgroup.com

Mathew Klein
Richard G. Meyer
Joey Kramer
DRESSMAN BENZINGER LAVELLE PSC
109 East Fourth Street

---

[8] To the extent Defendants' motion is accepted by the Court, the only appropriate procedure would be via an order indicating that the RICO claim is dismissed pursuant to Fed. R. Civ. P. 12(b)(6), which will preserve Plaintiff's right to appeal that dismissal.

9

Covington, KY 41011
Tel: (859) 426-2109
Fax: (859) 788-2011
mklein@dbllaw.com
rmeyer@dbllaw.com
jkramer@dbllaw.com

Warren Burns
Darren Nicholson
BURNS CHAREST, LLP
900 Jackson St., Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002
wburns@burnscharest.com
dnicholson@burnscharest.com

Charles J. LaDuca
David L. Black
Monica Miller
Jennifer E. Kelly
Evelyn Riley
CUNEO GILBERT & LADUCA, LLP
2445 M Street, NW, Ste. 740
Washington, DC 20037
Telephone: (202)789-3960
charles@cuneolaw.com
dblack@cuneolaw.com
monica@cuneolaw.com
jkelly@cuneolaw.com
evelyn@cuneolaw.com

Steve Martino
TAYLOR MARTINO, P.C.
51 St. Joseph St.
Mobile, AL 36602
Telephone: (251) 433-3131
SteveMartino@taylormartino.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

/s/ Don Barrett
John W. ("Don") Barrett