**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) | **MDL No. 2804** |
| | ) | |
| | ) | **Case No. 1:17-MD-2804** |
| This document relates to: | ) | |
| | ) | **Judge Dan Aaron Polster** |
| *All MDL Tribal Cases* | ) | |
| | ) | |
| | ) | |

### ORDER DIRECTING ADDITIONAL TRIBAL SETTLEMENT PAYMENTS TO PREVIOUSLY ESTABLISHED QUALIFIED SETTLEMENT FUND

The Plaintiff Tribal Leadership Committee ("TLC") appointed by this Court, on behalf of the Participating Tribes, has recently reached settlements-in-principle (the "Additional Tribal Settlements") with: (1) Amneal Pharmaceuticals, Inc. ("Amneal"); (2) Apotex Inc. ("Apotex"); (3) Indivior PLC ("Indivior"); (4) Sun Pharmaceutical Industries Limited ("Sun"); (5) Hikma Pharmaceuticals USA Inc. ("Hikma"); (6) Mylan/Viatris ("Mylan"); and (7) Alvogen, Inc. ("Alvogen") (collectively the "Settling Defendants").[1]  The Additional Tribal Settlements are or will be more specifically described in certain Tribal Settlement Agreements[2] specific to each Settling Defendant. Each of the Additional Tribal Settlements require that each of the Settling Defendants will make payment into a Settlement Trust, which Trust will hold and distribute certain sub-funds as provided by the applicable Tribal Settlement Agreement.

---

[1] Wherever referenced, the term "Settling Defendants" shall include any related entities and affiliates named under each Settlement Agreement, and any and all respective past and present direct or indirect parents, subsidiaries, divisions, affiliates, joint ventures, predecessors, successors, insurers, assigns, or shareholders related to each entity.

[2] The term "Tribal Settlement Agreement" refers to the Settlement Agreements between and among each Settling Defendant and Participating Tribes (as defined in the respective Tribal Settlement Agreement). Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them by the Tribal Settlement Agreements.

Previously, the TLC asked the Court to establish a qualified settlement fund (the "Tribal QSF") within the meaning of section 468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation Sections 1.468B-1, *et seq*., to hold and distribute the funds arising from various tribal settlements being negotiated in 2025 (including, without limitation, the Additional Tribal Settlements). The Court granted this request on March 11, 2025, by entry of its "*Order to Establish Qualified Settlement Fund for Tribal Allocation and Appoint Trustee and QSF Administrator*" (docket no. 6009) ("*Tribal QSF Order*").  This *Tribal QSF Order* established the Tribal QSF, known formally as the "2025 Multi Defendant Tribal Opioid Settlement Trust," and appointed Special Master David R. Cohen as Trustee and QSF administrator for purposes of Treasury Regulations Section 1.468B-2(k)(3).

The Court now **ORDERS** that the Settlement Trust funds for the Settling Defendants arising from the Additional Tribal Settlements shall be held in and distributed from the 2025 Multi Defendant Tribal Opioid Settlement Trust.

The fees of the Trustee/QSF Administrator and any fee panel members, advisors, vendors, and services he determines to be necessary and appropriate to conduct and complete his work (including, without limitation, those incurred prior to the fulfillment of the conditions precedent of the Tribal Settlement Agreements), shall be paid for or reimbursed from the interest generated by the funds held within the Settlement Trusts, or, thereafter, from the Settlement Trust funds.

Accordingly, as set forth in detail above and consistent with the foregoing, the Court hereby **ORDERS** as follows:

1. The Settlement Trust funds created pursuant to the Additional Tribal Settlements with the Settling Defendants shall be held in and distributed from The 2025 Multi Defendant Tribal Opioid Settlement Trust established by this Court pursuant to the Prior Establishing Order.

2. The 2025 Multi Defendant Tribal Opioid Settlement Trust qualified settlement fund was established by this Court pursuant to the *Tribal QSF Order* (docket no. 6009) to resolve or satisfy one or more claims raised in this matter, and the Court retains continuing jurisdiction over the 2025 Multi Defendant Tribal Opioid Settlement Trust qualified settlement fund (including, without limitation, the Settling Defendant-specific funds to be contained therein).

3. Special Master David R. Cohen shall serve as Trustee and QSF Administrator for the 2025 Multi Defendant Tribal Opioid Settlement Trust qualified settlement fund established by and as set forth in the Prior Establishing Order and this Order.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

**Dated:** June 30, 2025