UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) MDL 2804 ) |
| | ) Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO: | ) ) Judge Dan Aaron Polster |
| *Masiowski v. AmerisourceBergen Drug Corp., et al.*, Case No. 18-op-45985 | ) ) **ORDER DENYING EXTENSION OF TIME** ) ) |

On June 30, 2025, Plaintiff Masiowski filed a motion for extension of time to reply to the PBM Defendants' opposition to his motion for leave to amend. Docket no. 6207. For the following reasons, Plaintiff Masiowski's Motion is **DENIED**.

On January 28, 2025, Masiowski filed a motion "to extend deadline to reply to defendants' oppositions to plaintiff Masiowski's motion for leave to amend, and response to the PBM Defendants' motion to strike." Docket no. 5923 at 1. At the time, Masiowski's reply briefs were due on January 31, 2025. In his January 28th motion, Plaintiff asked for a two-week extension to February 13, 2025.

Instead of the requested extension, the Court granted Masiowski a much longer extension to July 2, 2025. The longer extension was granted to make uniform the briefing schedules for all the pending motions to amend. *See* January 31, 2025 Docket Order.

Later, as part of an agreement *only* between the PEC—on behalf of a large number of municipality plaintiffs—and the PBM Defendants, the PEC and PBMs stipulated to and the Court ordered an extension of the briefing schedule for the PEC's motions seeking to amend complaints to add the PBM Defendants. Docket no. 6143.

Plaintiff Masiowski was not a party to the dispute that led to the stipulated agreement concerning the PBM-specific briefing schedule. The deadline for all other non-PBM Defendants, who were also not party to the stipulation, remained unchanged. The PEC's replies to the motions to amend to add **non-PBM** Defendants remain due on July 2, 2025, and the Court sees no reason to further adjust the briefing schedule just for Masiowski.

In the present motion, Masiowski does not offer any explanation of why he needs an additional extension beyond the four-and-a-half months the Court already granted. Masiowski's only justification is that an extension will "preserve judicial economy by allowing the Court to consider all briefs concerning amendments to add the PBMs concurrently." Motion at 1. Without more, that is an insufficient reason to grant the additional extension Plaintiff seeks.

Accordingly, Masiowski's motion for extension of time is **DENIED**.

**IT IS SO ORDERED.**

        **/s/ Dan Aaron Polster  July 1, 2025**
        **DAN AARON POLSTER**
        **UNITED STATES DISTRICT JUDGE**