## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF OHIO

## EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION | MDL 2804 |
| OPIATE LITIGATION | Case No. 17-md-2804 |
| *This document relates to:* | Hon. Dan Aaron Polster |
| Cases listed in Exhibit 1 | |

**REPLY IN RESPONSE TO COSTCO WHOLESALE CORPORATION'S
OPPOSITION TO PLAINTIFFS' OMNIBUS MOTION FOR LEAVE TO AMEND**

# TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................. 1

ARGUMENT ....................................................................................................................... 3

    I.    County of Butte, California Has Good Cause to Amend. ............................ 3

        A.    Butte County was Diligent Because It Had No Access to ARCOS Data Until After Its Amendment Deadline. ........................ 3

        B.    Butte County was Diligent Because It Gained Critical Information from Bellwether Discovery on Dispensing Claims After Its Amendment Deadline. ............................................. 6

    II.    The City of Chico, California Has Good Cause to Amend. ......................... 7

        A.    Chico was Diligent Because It Gained Critical Information from Bellwether Discovery on Dispensing Claims After Its Amendment Deadline. .................................................................. 7

    III.    The MSPA Plaintiffs Have Good Cause to Amend. ................................... 10

        A.    The MSPA Plaintiffs Were Diligent Because They Gained Critical Information from Bellwether Discovery on Dispensing Claims After Their Amendment Deadline. ................. 10

        B.    Neither a Scriveners' Error Nor Any Potential Defects in Service on Other Defendants Provides a Basis to Deny the MSPA Plaintiffs' Motion. ..................................................... 11

        C.    MSPA Plaintiffs' Motion Is Not Futile Despite Costco's Mistaken Challenge to Personal Jurisdiction. ................................... 13

    IV.    Costco's Other Arguments, Addressed to All Plaintiffs, Also Fail............ 15

        A.    Costco Identifies No Cognizable Prejudice It Would Suffer If the Court Permits the Amendments. .................................................. 15

        B.    Plaintiffs Have Fully Complied with the Court's May 2024 Order and Rule 7.................................................................................. 17

        C.    Plaintiffs' Motion Is Based on the Factual Record............................ 20

CONCLUSION .................................................................................................................. 21

3270801.1

## TABLE OF AUTHORITIES

Page

**Cases**

*Armatas v. Haws*,
    No. 21-3190, 2021 WL 5356028 (6th Cir. Nov. 17, 2021)...................................................20

*Clayton v. White Hall Sch. Dist.*,
    778 F.2d 457 (8th Cir. 1985) ...............................................................................................19

*DeBolt v. Cassens Transp. Co.*,
    No. 4:11CV1227, 2012 WL 2250136 (N.D. Ohio June 15, 2012) .......................................19

*Garza v. Lansing Sch. Dist.*,
    972 F.3d 853 (6th Cir. 2020) .........................................................................................16, 20

*Johnson v. Metro. Gov't of Nashville & Davidson County*,
    502 F. App'x 523 (6th Cir. 2012) ........................................................................................20

*Leary v. Daeschner*,
    349 F.3d 888 (6th Cir. 2003) ............................................................................................4, 12

*MSPA Claims 1, LLC v. Purdue Pharma L.P.*,
    No. 1:18-op-45057, Dkt. #1 (N.D. Ohio Jan. 17, 2018) ..........................................10, 13, 14

*In re Nat'l Prescription Opiate Litig.*,
    No. 21-4051, 2022 WL 20701236 (6th Cir. Nov. 10, 2022).................................................15

*In re Nat'l Prescription Opiate Litig.*,
    956 F.3d 838 (6th Cir. 2020) .....................................................................................9, 16, 20

*Newberry v. Silverman*,
    789 F.3d 636 (6th Cir. 2015) ...............................................................................................10

*Odish v. Peregrine Semiconductor, Inc.*,
    No. 2:13-CV-14026, 2014 WL 12659591 (E.D. Mich. Nov. 17, 2014). .............................20

*In re Onglyza (Saxagliptin) & Kombiglyze (Saxagliptin & Metformin) Prods.
Liab. Litig.*,
    93 F.4th 339 (6th Cir. 2024) .................................................................................................16

**TABLE OF AUTHORITIES**
(continued)

Page

*Peters Broad. Eng'g, Inc. v. 24 Cap., LLC,*
    40 F.4th 432 (6th Cir. 2022) ................................................................................14

*Profitt v. Highlands Hosp. Corp.,*
    No. 23-5965, 2024 WL 3622448 (6th Cir. Aug. 1, 2024)....................................16

*Roskam Baking Co. v. Lanham Mach. Co.,*
    288 F.3d 895 (6th Cir. 2002) ................................................................................19

*Roth Steel Prods. v. Sharon Steel Corp.,*
    705 F.2d 134 (6th Cir. 1983) .........................................................................13, 19

*Simplicean v. SSI (US), Inc.,*
    No. 18-CV-11297, 2018 WL 6499476 (E.D. Mich. Dec. 11, 2018) ....................10

*Spadafore v. Gardner,*
    330 F.3d 849 (6th Cir. 2003) ................................................................................19

*Sullivan v. LG Chem, Ltd.,*
    79 F.4th 651 (6th Cir. 2023) ................................................................................13

*Tahfs v. Proctor,*
    316 F.3d 584 (6th Cir. 2003) ................................................................................10

*Tipton v. Swanson,*
    No. 1:20-cv-02346, 2021 WL 12320652 (N.D. Ohio Nov. 16, 2021) ................10

3270801.1

Amending Plaintiffs, (1) County of Butte, California; (2) City of Chico, California; and (3) three plaintiffs assigned claims by third party payors (the "MSPA Plaintiffs"[1]), submit this reply in response to Costco Wholesale Corporation ("Costco")'s Opposition (Dkt. 5883, "Costco Opp.") to Plaintiffs' omnibus motion for leave to amend to add Costco (Dkt. 5568, "Mot. to Add Costco").  The remaining Plaintiffs that joined the motion to add Costco have withdrawn from this motion.[2]  Amending Plaintiffs respectfully request that the Court grant their omnibus motion.[3]

## INTRODUCTION

Each Amending Plaintiff's motion for leave to amend should be granted.  Each has shown good cause to amend because, after their deadlines to amend, each learned new information about Costco's dispensing conduct that they could not have, with reasonable diligence, learned in time to meet their original deadline.[4]  Butte County had no access to

---

[1] The MSPA Plaintiffs are MSPA Claims 1, LLC; MAO-MSO Recovery II, LLC; and MSP Recovery Claims, Series LLC.  *MSPA Claims 1, LLC v. Purdue Pharma, L.P.*, No. 1:18-op-45057, Dkt. #1 (N.D. Ohio Jan. 17, 2018).

[2] The updated list of Plaintiffs seeking leave to amend to add Costco is attached as Exhibit 1. This revised list replaces the chart attached as Exhibit A to the motion for leave to add Costco.  *See* Dkt. #5568-1.  Additionally, attached as Exhibit 2 is the updated list of plaintiffs withdrawing from the Costco motion.  This updated list includes some additional plaintiffs that have withdrawn since the PEC filed its April 25, 2025 Submission.  *See* Dkt. #6121.

[3] Unless otherwise indicated, terms and abbreviations are retained from Plaintiffs' opening brief, all emphasis has been added, and all internal citations and quotation marks have been omitted.

[4] As the Court is well aware, plaintiffs in this MDL were given until March 16, 2019, or 90 days after transfer into the MDL, whichever was later, to file an amended complaint without leave of Court.  Butte County and the MSPA Plaintiffs had until March 16, 2019,

1

ARCOS data about Costco's dispensing market share until after its deadline of March 16, 2019.  The City of Chico and the MSPA Plaintiffs each learned critical information from bellwether discovery about dispensing claims after their respective deadlines of September 23, 2020, and March 16, 2019.  Costco's arguments that Plaintiffs were not diligent are unpersuasive for the reasons explained below and in Plaintiffs' Reply to the Jointly Opposing Chain Pharmacies ("JOCP Reply"[5]), Dkt. #6211.  This brief adopts the applicable arguments in the JOCP Reply by reference and does not repeat them in full here for efficiency's sake.

As explained below, Costco also fails to identify any cognizable prejudice it would suffer from Plaintiffs adding these claims to their cases, which have all been stayed since before the Amendment Deadlines.  There has been no discovery and no motion practice; after amendment, Costco will be in exactly the same position it would have been in today if Plaintiffs had amended by their applicable Amendment Deadlines.  And Plaintiffs fully complied with the Court's May 2024 Order and with Rule 7 by identifying which Plaintiffs are seeking leave; identifying the existing *Cobb County* complaint as an exemplar of the allegations Plaintiffs seek leave to add with respect to Costco; and explaining why good cause exists to permit these amendments.

For these reasons, as discussed in more detail below, Plaintiffs respectfully request

---

to amend; the City of Chico had until September 23, 2020.  The applicable deadlines are referred to together as the "Amendment Deadlines."

[5] The JOCP Reply responds to the joint and individual oppositions of pharmacy defendants Ahold Delhaize, Albertsons, Target, and Winn-Dixie.

that the Court grant their omnibus motion for leave to amend their complaints to add Costco.

## ARGUMENT

### I.  County of Butte, California Has Good Cause to Amend.

#### A.  Butte County was Diligent Because It Had No Access to ARCOS Data Until After Its Amendment Deadline.

Butte County filed its complaint on May 9, 2018, and amended its complaint once on March 8, 2019.  *County of Butte v. AmerisourceBergen Drug Corp.*, No. 1:18-op-45627, Dkts. #1, #13 (N.D. Ohio).  Butte County's amendment deadline was March 16, 2019.  Dkt. #1106 (Nov. 8, 2018 Order extending amendment deadline).  As explained in the JOCP Reply (and like all other plaintiffs), Butte County did not have access to ARCOS data regarding Costco's dispensing activity before May 7, 2019 — after Butte County's March 16, 2019, amendment deadline.  *See* JOCP Reply at 2-3, 6-12 (detailing timeline and facts of ARCOS productions and PEC reports).[6]  Without this information, Butte County was unable to identify Costco as one of the parties sufficiently responsible for the opioid epidemic in Butte County to be held responsible.  This lack of access to information necessary to identify Costco as a defendant prior to Butte County's amendment deadline demonstrates good cause to amend.  *See id.* at 10; Dkt. #5565 (Corrected Roadmap

---

[6] As explained in the JOCP Reply, the ARCOS data did not contain dispensing information. It did, however, contain information about shipments received by dispensers, from which it was possible to approximate the total volume of a pharmacy's dispensing, and its market share, by assuming that each pharmacy in a particular jurisdiction dispensed all or nearly all of the opioids it received.  But the information necessary to make this computation was not available to plaintiffs until May 7, 2019.

Overview for Motions for Leave to Amend) at 5-10; *see also Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) ("[M]odification is permitted under Rule 16 if Plaintiffs can demonstrate 'good cause' for their failure to comply with the original schedule, by showing that despite their diligence they could not meet the original deadline.")

Costco makes four primary arguments that Butte County was not diligent and could have identified Costco as a defendant in time to meet its deadline. First, Costco asserts, based on an erroneous interpretation of the original ARCOS protective order, that governmental plaintiffs could "examine the [ARCOS] data" themselves before May 2019. Costco Opp. at 11-12 (citing Dkt. #167). Costco is mistaken. *See* JOCP Reply at 9 n.8. The original ARCOS protective order (Dkt. #167) was entered in March 2018, before any ARCOS production occurred, and before the Court resolved ongoing DEA objections to the production protocol. A month later, in April 2018, the Court noted that DEA had objected to plaintiffs having "open access" to ARCOS data and that the DEA's objection had been resolved by having data access siloed with a "secure third-party consultant," "who would house the data on a computer not connected to the internet." Dkt. #233 at 4, 15; *see also* Dkt. #397 at 2-3 (requiring same protocols for subsequent ARCOS production); Dkt. #668 at 2 (same). Instead of requiring "that every MDL Plaintiff must review ARCOS data" themselves as Costco suggests occurred—"a logistical nightmare" that would "dramatically increase the likelihood that ARCOS data would be leaked"— the Court in fact directed the PEC to provide MDL Plaintiffs with reports containing limited subsets of ARCOS data. Dkt. #739 at 3-4. The Court did not permit those reports to contain *dispensing* market share information until April 2019, and the PEC was not

4

ready to provide such information until May 7, 2019.  JOCP Reply at 9-10.  Butte County thus had no access to this information before its Amendment Deadline.

Second, Costco argues that, because Butte County is represented by PEC member Peter Mougey, it must have had access to the ARCOS data before March 16, 2019, even if other Plaintiffs and their counsel did not.  Costco Opp. at 14, 22.  But when acting in his PEC role, including when analyzing ARCOS data for PEC reports, Mr. Mougey was obligated to act for the common benefit of all Plaintiffs in the MDL and to follow the Court's orders limiting the protocol for providing MDL Plaintiffs with ARCOS data.  The PEC did not favor its own clients over other Plaintiffs, nor was it permitted to do so.  Prior to the time the PEC was permitted and able to provide reports with dispensing information, Butte County had no more access to ARCOS data concerning Costco's dispensing activity than any other plaintiff.

Third, Costco suggests that because the PEC argued in 2018 that (earlier, more limited) ARCOS data was important enough to merit an amendment extension, Plaintiffs are now estopped from arguing that the more detailed ARCOS data that was eventually provided was necessary to amend.  Costco Opp. at 13 n.6.  Estoppel bars parties from taking contradictory positions in some circumstances, but Plaintiffs have not changed their position: the ARCOS data has always been important to enabling Plaintiffs to identify defendants responsible for the opioid crisis.  But in 2018 and early 2019, the parties and the Court were focused on the initial sale, by manufacturers, and the distribution, by wholesalers, of opioids.  The original ARCOS reports provided more detailed information about manufacturers and distributors that, in many cases, permitted

5

plaintiffs to identify relevant defendants.  But those reports did not contain the same kind of information about dispensers; rather as already discussed, prior to May 2019, by Court order, the PEC was permitted to include only the *identities* of pharmacies that received opioids in Plaintiffs' jurisdictions.  *See* JOCP Reply at 8 & n.7.  Plaintiffs' argument that the more detailed information that became available later was necessary to identify Costco as a defendant is in no way inconsistent with any arguments made by the PEC that extending the initial amendment deadlines to allow plaintiffs time to review ARCOS data would allow plaintiffs to identify at least some manufacturer and distributor defendants before the Amendment Deadlines.

Finally, Costco argues that Butte County has no good cause to amend now because Costco's market share from 2015-2019 was lower than its market share in 2006-2014.  Costco Opp. at 22.  Putting aside whether that is true, it is irrelevant to Butte County because Butte County could not have learned about Costco's market share for *any* time period—including the market share shown in the original 2006-2014 ARCOS data—until May 2019, after its March 2019 amendment deadline.

## B. Butte County was Diligent Because It Gained Critical Information from Bellwether Discovery on Dispensing Claims After Its Amendment Deadline.

That the ARCOS data required to compute dispensing market share may have been *necessary* for a plaintiff to identify Costco as a defendant does not mean it was *sufficient* for that purpose.  Besides learning of Costco's market share after its Amendment Deadline, Butte County also learned additional information from MDL discovery into the dispensing claims in CT3 and CT4.  This information, too, was unavailable on March 16,

6

2019, and provides a further basis for finding that Butte County could not, with reasonable diligence, have met that deadline.  The specifics of this information, and its significance for plaintiffs seeking to identify parties responsible for the opioid epidemic, is discussed below, in Sections II and III, in connection with the City of Chico and the MSPA Plaintiffs.

For these reasons, Butte County, in the exercise of reasonable diligence, could not have met its original Amendment Deadline.

## II.     The City of Chico, California Has Good Cause to Amend.

### A.     Chico was Diligent Because It Gained Critical Information from Bellwether Discovery on Dispensing Claims After Its Amendment Deadline.

The City of Chico filed its complaint on April 29, 2020, its case was transferred to the MDL on June 25, 2020, and it amended its complaint once on September 23, 2020.  *City of Chico v. Amerisourcebergen Drug Corp.*, No. 1:20-op-45189, Dkts. #1, #9, #12 (N.D. Ohio).  Chico's amendment deadline was September 23, 2020, 90 days after its case was transferred into the MDL.

Chico has shown good cause to amend because it could not, in the exercise of reasonable diligence, have met the original deadline.  This is so because only after its last opportunity to amend in September 2020 did Chico gain critical information from discovery and trial against chain pharmacies for dispensing misconduct.  *See* JOCP Reply

at 14-16.[7] For example, the analysis of red flags in the dispensing data produced by national chain pharmacies allowed Plaintiffs to understand how this information (which has not been produced by Costco) could be used to establish liability of other chain pharmacies. *See id.*[8] As explained in the JOCP Reply, the fact that this information about pharmacies' liability for dispensing claims was unavailable in September 2020 when Chico could last amend provides good cause for Chico to amend now.[9]

Costco makes two primary arguments that Chico was not diligent. First, Costco argues that Chico amended its complaint in September 2020 to add other pharmacy defendants but not Costco. Costco Opp. at 22. But Chico's September 2020 amendment added only *distribution* claims against other pharmacies, not dispensing claims. *See City of Chico v. Amerisourcebergen Drug Corp.*, No. 1:20-op-45189, Dkt. #12 ¶¶ 1.1.1-1.1.5 (N.D. Ohio Sept. 23, 2020) (describing new defendants' distribution activity and omitting any reference to dispensing). In the opening of Chico's amended short form complaint, Chico states that it is adopting the common factual allegations in the second amended complaint in the *Summit County* case. *Id.* at 1. As explained in the JOCP Reply, that complaint included distribution claims but *not* dispensing claims against pharmacies. *See*

---

[7] The JOCP Reply sets out in detail the nature of this information and the reason it was critical to formulating the case against pharmacies like Costco. The argument set forth there is incorporated here.

[8] Plaintiffs would, of course, expect to receive similar information in discovery from Costco where Costco is named as a defendant, allowing them to perform the same type of analysis.

[9] Chico does not rely on the availability of market share information as a basis for its diligence.

8

JOCP Reply at 17-18.  Chico's September 2020 amendment adding distribution claims thus does not show it had knowledge then of the *dispensing* claim information that was developed through the pharmacy bellwether litigation in the following years.  By contrast, Chico now seeks to adopt the allegations of the July 14, 2021 complaint in the *Cobb County* case (Dkt. #3787), which contains detailed dispensing allegations based on information that emerged after September 2020.  *See* JOCP Reply at 18-21 (detailing *Cobb County* dispensing allegations and discussing how they illustrate the new information Plaintiffs had gained from discovery on dispensing claims).

Second, Costco argues that the bellwether Plaintiffs' ability to add claims against other pharmacies earlier shows Chico lacked diligence in not adding Costco when it had the chance to amend.  *See* Costco Opp. at 15-16.  But the pharmacy defendants in the bellwether litigation are both distributors and dispensers, and their distribution conduct (including self-distribution) and distribution market share information created independent bases to pursue them earlier.  *See* JOCP Reply at 15 & n.13.  By contrast, Costco is only an opioids dispenser, not a distributor.  Costco Opp. at 7 n.4 ("Costco has never . . . distributed opioids[.]").  Chico's good-faith basis to pursue dispensing-only claims against Costco did not become clear until dispensing-specific discovery became available through the bellwether litigation.

Moreover, whether some plaintiffs in other cases chose to bring claims (dispensing or otherwise) against other pharmacies earlier is not determinative of whether there is

good cause to allow Chico to amend now based on more recent information.[10]  The applicable standard is not whether Chico could have brought *any* possible claim—no matter how well or poorly supported—by its amendment deadline.  Rather, the Court must assess whether Chico exercised reasonable diligence in asserting the claims and allegations it presently proposes.  *See, e.g.*, *Tipton v. Swanson*, No. 1:20-cv-02346, 2021 WL 12320652, at *1 (N.D. Ohio Nov. 16, 2021) ("Plaintiff had good cause for being unable to make this amendment until he received his medical records through discovery.").  The JOCP Reply explains in detail how the July 2021 *Cobb County* complaint, which Chico's motion to add Costco relies on (Mot. to Add Costco at 1), illustrates the material dispensing information that emerged from bellwether discovery.  *See* JOCP Reply at 18-21.[11]

---

[10] Costco asserts that many plaintiffs included dispensing allegations in early complaints (*see* Costco Opp. at 14-15), but those cases were all stayed before any discovery, and the CT1 plaintiffs expressly disclaimed their dispensing claims (and the Sixth Circuit did not allow them to re-assert them after discovery).  *See In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 843 (6th Cir. 2020); *see also* JOCP Reply at 14-15.  Thus, even if dispensing allegations existed in some early complaints, they went unpursued (and in CT1 disclaimed) and no dispensing discovery from pharmacy defendants was acquired or developed until the CT3 and CT4 discovery (which Costco admits did not *begin* until June 2020).  Costco Opp. at 15.

[11] Costco's suggestion that Chico could be diligent in not adding Costco earlier only if earlier claims against Costco violated Rule 11 (Costco Opp. at 11, 15) is also wrong, as the standards for amending a complaint and for sanctions are not commensurate.  *Compare Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) ("The case law in this Circuit manifests liberality in allowing amendments to a complaint."), *with Tahfs v. Proctor*, 316 F.3d 584, 594 (6th Cir. 2003) ("[A] district court should be hesitant to determine that a party's complaint is in violation of Rule 11(b)" at the pleadings stage.); *see also Simplicean v. SSI (US), Inc.*, No. 18-CV-11297, 2018 WL 6499476, at *6 (E.D. Mich. Dec. 11, 2018) (denying motion for leave to amend to add allegation that was "not substantiated," but

For these reasons, Chico's motion for leave to amend was diligent.

### III.   The MSPA Plaintiffs Have Good Cause to Amend.

#### A.   The MSPA Plaintiffs Were Diligent Because They Gained Critical Information from Bellwether Discovery on Dispensing Claims After Their Amendment Deadline.

The MSPA Plaintiffs filed their joint complaint on January 17, 2018, and have never amended it. *MSPA Claims 1, LLC v. Purdue Pharma L.P.*, No. 1:18-op-45057, Dkt. #1 (N.D. Ohio Jan. 17, 2018) (hereinafter "MSPA Compl."). The MSPA Plaintiffs' amendment deadline was March 16, 2019. Dkt. #1092. The MSPA Plaintiffs were diligent in moving for leave to amend to add Costco for the same reasons explained above (and in the JOCP Reply) for Chico: only after their last opportunity to amend did the MSPA Plaintiffs gain critical information from discovery and trial against chain pharmacies for dispensing misconduct. *See supra*, Part II; *see also* JOCP Reply at 14-21. In fact, the MSPA Plaintiffs' March 2019 amendment deadline was even before the CT1 Plaintiffs moved to assert dispensing claims in November 2019 (ultimately unsuccessfully). The development of dispensing claim discovery after the MSPA Plaintiffs' March 2019 deadline provides good cause for the MSPA Plaintiffs' amendment now.[12]

---

also denying motion for sanctions because proposed allegation was not so "fanatical that Plaintiff's attorneys were objectively unreasonable in bringing it or that Plaintiff's attorneys brought it in bad faith").

[12] The MSPA Plaintiffs do not rely on market share information as an additional basis for diligence, and this brief does not address arguments related to market share.

**B.**    **Neither a Scriveners' Error Nor Any Potential Defects in Service on Other Defendants Provides a Basis to Deny the MSPA Plaintiffs' Motion.**

Costco makes two additional arguments why the MSPA Plaintiffs should not be given leave to amend. Although Costco characterizes these arguments as demonstrating a "lack of diligence," the issues Costco raises have nothing to do with the MSPA's diligence and are irrelevant to the Rule 16 analysis of "good cause." Neither argument merits denying the MSPA Plaintiffs' motion. Costco Opp. at 30. First, Costco argues that the MSPA Plaintiffs cannot amend their complaints because the PEC included them in the exhibit attached to the corrected motion for leave to amend against Costco filed on August 1, 2024 (Dkt. #5568-1), but not the version filed on July 30, 2024 (Dkt. #5560-1). The omission of the MSPA Plaintiffs from the July 30 filing was a scrivener's error by the PEC that should not be held against these Plaintiffs. The PEC identified the issue on its own and corrected it within two days. Costco took more than six months to oppose Plaintiffs' motion. Costco plainly suffered no prejudice by the two-day delay in learning that the MSPA Plaintiffs were among the Plaintiffs that joined this motion. Especially in the context of this litigation and this motion, which the Court ordered the PEC to file on behalf of hundreds of Plaintiffs, this non-prejudicial scrivener's error provides no basis to effectively sanction the MSPA Plaintiffs with pre-emptive dismissal of their proposed claims.

Second, Costco argues that the MSPA Plaintiffs failed to prosecute their cases, based on allegedly incomplete service against some (but not all) other defendants. Costco Opp. at 30. Costco does not explain how it has standing to complain about any failure to

serve other defendants, or how that would bear on whether Plaintiffs have good cause to amend their complaints to add Costco.  Good cause to amend is based on showing a plaintiff could not, with reasonable diligence, have met the original deadline, *see Leary*, 349 F.3d at 906, not on some general concept of "diligence" in pursuing other claims against other defendants. The MSPA Plaintiffs' cases have not been dismissed (even against the defendants supposedly not served), and even if those defendants *had* been dismissed, the MSPA Plaintiffs' cases would still be extant against other defendants. Service on other defendants is simply irrelevant to the present motion.

### C. MSPA Plaintiffs' Motion Is Not Futile Despite Costco's Mistaken Challenge to Personal Jurisdiction.

Costco argues that the MSPA Plaintiffs' amendments would be futile because this Court does not have personal jurisdiction over Costco with respect to MSPA's claims, which were filed directly in this Court.  *See* Costco Opp. at 27-28, 31.  But whether this Court has personal jurisdiction over the MSPA Plaintiffs' claims against Costco is a factual dispute that should be resolved in Plaintiffs' favor at this stage.  *See Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983) (courts must "resolve all factual ambiguities in favor of the party who sought the amendment").  The MSPA Plaintiffs have been assigned the claims of more than 70 providers of health care services and Medicare benefits, whose covered lives and Costco-related injuries may be across the country, including Ohio.  *See* MSPA Compl. ¶¶ 49-122 (listing assignments of rights, including one governed by Ohio law at ¶ 108).  Costco's dispensing conduct in Ohio or affecting covered lives in Ohio paid for by the MSPA Plaintiffs' assignors would provide

13

the basis for specific jurisdiction in this Court.  *See Sullivan v. LG Chem, Ltd.*, 79 F.4th 651, 672 (6th Cir. 2023) (specific jurisdiction requires that "the suit arise out of *or relate* to the defendant's contacts with the forum").  The factual details of the Costco-related injuries asserted by the MSPA Plaintiffs would be more properly assessed through comprehensive briefing on a motion to dismiss for lack of jurisdiction, should Costco file one after it is added to this case.  Jurisdictional discovery might be appropriate.

Alternatively, this Court will be able to exercise personal jurisdiction over Plaintiffs' proposed claims pursuant to § 1965(b) of the RICO statute, which provides for nationwide service of process and personal jurisdiction in this Court, and pendant jurisdiction.  *See* Dkt. #5449 (Rochester's opposition to motion to dismiss for lack of personal jurisdiction); Dkt. #6188 (Ogdensburg's opposition to motion to dismiss for lack of personal jurisdiction, filed under seal).  As explained in those briefs, RICO permits personal jurisdiction over any defendant served with process so long as one other defendant that is a member of the RICO enterprise is subject to personal jurisdiction there and the ends of justice require it.  *See Peters Broad. Eng'g, Inc. v. 24 Cap., LLC*, 40 F.4th 432, 440 (6th Cir. 2022).  Here, the MSPA Plaintiffs have sued Cardinal Health, Inc., an Ohio corporation and one of the nation's three largest opioid distributors.  *See* MSPA Compl. ¶¶ 40, 139.  As the MSPA Plaintiffs would argue fully in briefing opposing any motion to dismiss, the ends of justice require trying all alleged participants in the single nationwide RICO enterprise together in one Court, rather than pursuing different participants in different forums for the same RICO claims, especially given the interrelated role of distributors and dispensers.  The MSPA Plaintiffs would also argue that defending this

14

lawsuit in this MDL would impose minimal burden on Costco—likely less burden than defending a new lawsuit elsewhere. *See* Dkt. #5449 at 15 (Rochester brief citing cases on burden).

Because it is far from clear that Costco could prevail on a motion to dismiss for lack of personal jurisdiction (and indeed jurisdictional discovery may be required to resolve the issue), MSPA's amendment to add Costco is not futile, and Costco's jurisdictional challenge provides no basis to deny leave to amend.

## IV. Costco's Other Arguments, Addressed to All Plaintiffs, Also Fail.

### A. Costco Identifies No Cognizable Prejudice It Would Suffer If the Court Permits the Amendments.

For the reasons explained in the JOCP Reply, Costco identifies no unique harm it would suffer from these amendments to justify denying Plaintiffs' motion. *See* JOCP Reply at 28-34. Most importantly, because Plaintiffs' cases have been stayed for years, the parties have engaged in zero discovery or motion practice in these cases, and Costco will be in the same position having these claims added now as it would have been at Plaintiffs' amendment deadlines. *See id.* at 28-29. The only "prejudice" Costco will face is the need to participate in discovery (whenever the stay is lifted) and otherwise defend against Plaintiffs' claims. These are the same burdens any defendant faces in litigation, and the same burdens Costco would have faced had the amendments been filed by the amendment deadlines, and thus not the type of unique harm that might preclude amendment now. *See In re Nat'l Prescription Opiate Litig.*, No. 21-4051, 2022 WL 20701236, at *1 (6th Cir. Nov. 10, 2022) (no cognizable prejudice where "the only prejudice

15

3270801.1

[proposed defendant] identifies is its litigation costs," which the proposed defendant "has known it could suffer since it was added to the MDL in 2019").  Costco's argument that the MSPA Plaintiffs' claims would be extra prejudicial because they involve a different type of party and thus would require their own discovery fails for the same reason.  Since discovery has not yet begun, bringing these claims now imposes no extra cost on Costco compared to the cost Costco would have faced had these claims been brought from the outset.

The cases Costco cites for prejudice all involve requests to modify schedules *after* significant discovery, not before *any* discovery has begun.  *See In re Onglyza (Saxagliptin) & Kombiglyze (Saxagliptin & Metformin) Prods. Liab. Litig.*, 93 F.4th 339, 350 (6th Cir. 2024) ("[P]laintiffs' request would essentially restart [years of] expert discovery, requiring [another round of] depositions, briefing, hearings, and motions on plaintiffs' new expert."); *Profitt v. Highlands Hosp. Corp.*, No. 23-5965, 2024 WL 3622448, at *4 (6th Cir. Aug. 1, 2024) ("[A]mendment would have required re-opening discovery and extensive further legal briefing."); *Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 880 (6th Cir. 2020) (amendment "could require new depositions of individuals who had already been deposed"); *In re Nat'l Prescription Opiate Litig.*, 956 F.3d at 845 (amendment sought after "discovery as to the claims that the Counties actually did plead was already complete").  Unlike in those cases, Plaintiffs do not seek to force Costco to duplicate any work, because it has not yet done any.

Costco's argument that allowing these Plaintiffs to add dispensing claims against it would delay resolution is contrary to its argument that it already faces dispensing

16

allegations in this MDL (in cases which have also been stayed and undergone no discovery yet).  Rather than impeding resolution, allowing Plaintiffs to assert their claims in the MDL (as opposed to elsewhere) will provide more specificity to Costco's potential exposure within the MDL, which could help the parties define the contours of any global resolution.[13]

Finally, Costco claims that it may be prejudiced by some (speculative) plaintiffs' (hypothetical) failure fully to implement a litigation hold because "critical evidence may have been lost," Costco Opp. at 18.  This argument fails for the reasons explained in the JOCP Reply.  *See* JOCP Reply at 30-32 (citing caselaw and Dkt. #5763 (PEC's Opp. to PBMs' Mot. to Strike)).  Most importantly, denying leave to amend based on Costco's baseless hypothetical would impose the ultimate sanction on Plaintiffs—effectively dismissal of their claims—without any finding regarding the existence and extent of any spoliation or the degree of any fault.

### B.    Plaintiffs Have Fully Complied with the Court's May 2024 Order and Rule 7.

As this Court instructed and Rule 7 requires, the PEC and Plaintiffs have identified which Plaintiff is requesting to add Costco to which case, which bellwether allegations and claims Plaintiffs propose to assert against Costco, the specific ARCOS dispensing data analysis for Costco in the jurisdiction of each Plaintiff relying on market share

_____

[13] Unlike the CT1 plaintiffs, no Plaintiff here has ever made any express disclaimer of dispensing claims, making Costco's reference to the Sixth Circuit's suggestion of potential waiver completely inapplicable here.  *See* Costco Opp. at 18 (quoting *In re Nat'l Prescription Opiate Litig.*, 956 F.3d at 843).  There has been no waiver of claims here that would prevent these Plaintiffs from suing Costco outside the MDL.

3270801.1

information, and why good cause exists to permit these amendments.  *See* Ex. 1 (modified Plaintiff chart for Costco amendments); Dkt. #5568-1 (original chart).  The Court prohibited plaintiffs from filing separate motions, requiring them instead to file one consolidated motion for each defendant family that plaintiffs sought to add.  For the same reasons explained in the JOCP Reply, Plaintiffs' motion provides sufficient specificity to inform Costco and the Court of who is requesting to add which allegations against Costco.  *See* JOCP Reply at 38-40, 42-43.

Costco's argument to the contrary retreads an argument the PBMs made—and lost—before this Court.  According to Costco, "Plaintiffs' failure to provide their proposed amendments means their motions fail at the outset."  Costco Opp. at 1.  At a May 22, 2024, hearing with this Court, the PBMs argued that each plaintiff seeking leave to amend had to file a proposed amended complaint with its motion.  This Court directly rejected that argument: "I don't need to have the complaints filed."  Dkt. #5471 at 24:22-23.  Remarkably, Costco quotes the Court's very next sentence without acknowledging this context.  Costco Opp. at 7.  The Court explained that proposed amendments were not required because "everyone sees and knows what the claims look like.  We've got plenty of public nuisance claims, we've got plenty of RICO claims."  Dkt. #5471 at 24:12-14.  The Court then clearly instructed the parties on what the focus of these motions should be:

> It's not, you know, the specific allegations in the complaint. We're not addressing a motion to dismiss any particular complaint or a defect in any particular complaint.  We're addressing what is the good cause for adding a given Defendant in 2024 when the case has been pending for four or five or six or more years.  That's the focus that I have to

> decide, and that's what we don't need, to see the exact
> wording of the complaint.

*Id.* at 26:6-13.

This Court was right: there is no mystery to what Plaintiffs are proposing to allege. Costco argues each Plaintiff's allegations will differ based on their state and the type of Plaintiff, but all their allegations about Costco will be substantially the same as each other and the bellwether complaint they rely on from the *Cobb County* case (Dkt. #3787).[14] Plaintiffs will allege Costco engaged in similar dispensing misconduct as other *Cobb County* dispensers, and caused the same types of injuries as the *Cobb County* plaintiffs (plus, for the MSPA Plaintiffs, the types of misconduct injuries alleged in the placeholder TPP Class Action Complaint, which was served on Costco and the Court as reflected in Dkt. #5638).  Moreover, all of the Plaintiffs already have a complaint on file in this litigation, asserting state-law claims relevant to their jurisdictions.  The proposed amendments will supplement those complaints, rather than supersede them.  Nothing will be a surprise.

Costco's caselaw about insufficiently specific proposals to amend is all distinguishable.  In *Roskam Baking Co. v. Lanham Machinery Co.*, the plaintiff "presented nothing more than a bare naming" of the claim he sought to add, leaving the court "completely unclear" of the basis for the proposed claim.  288 F.3d 895, 907 (6th Cir. 2002);

---

[14] Costco's factual disputes that some allegations in the *Cobb County* complaint "could not even conceivably apply to Costco" (Costco Opp. at 7 & n.4) must be resolved in favor of the Plaintiffs seeking amendment at this stage.  *See Roth Steel*, 705 F.2d at 155.

accord *DeBolt v. Cassens Transp. Co.*, No. 4:11CV1227, 2012 WL 2250136, at *4 (N.D. Ohio June 15, 2012) (plaintiffs "merely named the claim they intend to include" in a "single sentence").  Here, Plaintiffs rely on the *Cobb County* complaint's detailed dispensing allegations (*see* JOCP Reply at 18-21), and, in the context of this developed litigation, "everyone sees and knows what the claims look like" (*see* Dkt. #5471 at 24:12 (the Court speaking at May 22, 2024 hearing)).  In *Spadafore v. Gardner*, "[n]o motion for leave to amend was ever filed."  330 F.3d 849, 853 (6th Cir. 2003); *accord Clayton v. White Hall Sch. Dist.*, 778 F.2d 457, 460 (8th Cir. 1985).  In *Odish v. Peregrine Semiconductor, Inc.*, the plaintiff "provide[d] *no* information" on the allegations they intended to raise, and failed "to provide a copy of a proposed amended complaint or otherwise provide the grounds for amendment."  No. 2:13-CV-14026, 2014 WL 12659591, at *1 (E.D. Mich. Nov. 18, 2014).  None of these cases has any bearing on Plaintiffs' motion.

## C.    Plaintiffs' Motion Is Based on the Factual Record.

Costco argues that Plaintiffs have not submitted the proper form of proof to show they were "in fact" diligent through a "record," claiming Plaintiffs have submitted "no declarations."  Costco Opp. at 9.  In actuality, Plaintiffs present a detailed factual accounting of the history of this case, supported by orders of this Court and by the declaration of Peter Mougey.  Dkt. #5568-2.  Moreover, Costco does not cite any caselaw requiring particular *forms* of proof for leave to amend.  Costco merely cites stray words like "demonstrated" and "show" from distinguishable orders.  Costco Opp. at 9; *see also In re Nat'l Prescription Opiate Litig.*, 956 F.3d at 845 (amendments improper because plaintiffs had "affirmatively disavowed" those claims and discovery was already

completed, not because of failure to submit declarations); *Armatas v. Haws*, No. 21-3190, 2021 WL 5356028, at *3 (6th Cir. Nov. 17, 2021) (plaintiff "failed to provide any *explanation*," not declaration, for failure to amend despite knowledge of relevant facts before deadline, on top of prejudice from completed briefing and discovery); *Garza*, 972 F.3d at 879 (plaintiff's prior complaint already detailed the allegations she sought to bring through a new claim after initial claims dismissed); *Johnson v. Metro. Gov't of Nashville & Davidson County*, 502 F. App'x 523, 541 (6th Cir. 2012) (unlike here, plaintiffs "never state[d] with any specificity when the evidence was received or why they could not have met" the deadline).[15]

## CONCLUSION

For the above reasons and those detailed in Plaintiffs' opening brief, the Court should grant the motion for leave to amend to add Costco (Dkt. #5568) for the Plaintiffs listed in Exhibit 1 attached to this Reply.  To implement such leave, Plaintiffs respectfully request that the Court issue an order directing that:

1) Each Plaintiff is permitted to amend its respective Complaint to add Costco as a defendant;

2) After the Court rules on Plaintiffs' other pending motions for leave to amend, each Plaintiff will, within 30 days of the Court's final motion-to-

---

[15] Costco also seems to suggest that plaintiffs have to show prior attempts to add Costco, but cite no basis for that assertion.  Plaintiffs must show, and have shown, that they could not have obtained key evidence relating to their claims against Costco until after their Amendment Deadlines.

amend ruling, submit to the Court a proposed order identifying all defendants against which the Plaintiff has been granted leave to amend (the "Proposed Order Deadline");

3) Within 14 days of the Proposed Order Deadline, Plaintiffs and the additional defendants will meet and confer regarding a process for the form and submission of amended pleadings to incorporate the additional defendants and claims, and will submit a proposal (or, if necessary, competing proposals) to the Court; and

4) The Court will then issue an order setting the form of amended pleadings and a deadline to file them.

Dated:  July 2, 2025                               Respectfully submitted,

                                                   */s/ Jayne Conroy*
                                                   Jayne Conroy
                                                   SIMMONS HANLY CONROY
                                                   112 Madison Avenue, 7th Floor
                                                   New York, NY 10016
                                                   (212) 784-6400
                                                   jconroy@simmonsfirm.com

                                                   Joseph F. Rice
                                                   MOTLEY RICE LLC
                                                   28 Bridgeside Blvd.
                                                   Mt. Pleasant, SC 29464
                                                   (843) 216-9000
                                                   (843) 216-9290 (Fax)
                                                   jrice@motleyrice.com

                                                   Paul T. Farrell, Jr., Esq.
                                                   FARRELL & FULLER LLC
                                                   270 Munoz Rivera Avenue, Suite 201
                                                   San Juan, PR  00918
                                                   (304)654-8281
                                                   paul@farrellfuller.com

3270801.1

*Plaintiffs' Co-Lead Counsel*

*/s/ Peter H. Weinberger*
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

23

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 2, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

*/s/ Peter H. Weinberger*
Peter H. Weinberger

24

3270801.1