# EXHIBIT 8
## TO

**PLAINTIFF'S OPPOSITION TO CERTAIN DEFENDANTS'
MOTIONS TO DISMISS
FOR LACK OF PERSONAL JURISDICTION**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE NATIONAL PRESCRIPTION
OPIATE LITIGATION

This document relates to

*City of Rochester v. Purdue Pharma, L.P.*,
No. 19-op-45853 (Track 12)

*Lincoln County v. Richard S. Sackler, M.D.*,
No. 20-op-45069 (Track 13)

*City of Independence, Missouri v. Williams*,
No. 19-op-45371 (Track 14)

*County of Webb, Texas v. Purdue Pharma, L.P.*,
No. 18-op-45175 (Track 15)

MDL No. 2804

Case No. 17-md-2804

Judge Dan Aaron Polster

## CERTAIN UHG AND OPTUM DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SO-CALLED "JURISDICTIONAL DISCOVERY REQUESTS" FOR PRODUCTION OF DOCUMENTS

On March 21, 2024, the following nine defendants from among the UHG/Optum family of defendants filed a motion to dismiss for lack of personal jurisdiction: UnitedHealth Group Incorporated; Optum, Inc.; OptumInsight Inc.; OptumInsight Life Sciences, Inc.; OptumRx Discount Card Services, LLC; Optum Perks, LLC; OptumHealth Care Solutions, LLC; OptumHealth Holdings, LLC; and Optum Health Networks, Inc. (collectively, the "Moving Defendants"). *See* ECF No. 5368. On April 17, 2024, Plaintiffs served a set of requests for production of documents, which they have identified as purported "jurisdictional discovery." In accordance with Federal Rule of Civil Procedure 34, the Moving Defendants hereby serve the following objections and responses to "Plaintiffs' Jurisdictional Discovery Requests for Production of Documents to Optum Defendants." The Moving Defendants provide these responses and objections consistent with the Stipulation and Order providing that they do not waive jurisdictional defenses by engaging in discovery. ECF No. 5364.

1

The Moving Defendants' objections are based on their reasonable understanding of the Requests and information known to them today. The Moving Defendants reserve the right to supplement, amend, or correct any or all of their responses as may be necessary based on later discovered facts and evidence. The Moving Defendants also reserve the right to assert additional objections should they discover grounds for new objections. By offering the following responses and objections, the Moving Defendants do not waive any objections about the admissibility of their responses or any produced documents or information.

The Moving Defendants provide these responses solely for use in the above-referenced litigation and subject to Case Management Order No. 2 (ECF No. 441), as amended on February 11, 2019 (ECF No. 1357) (together, "the Protective Order").

## GLOBAL OBJECTIONS AND OBJECTIONS TO DEFINITIONS AND PHRASES

1.      The Moving Defendants object to the definitions of "You," "Your," "UHG Enterprise," and "Optum entities" inasmuch as they seek to include in these Requests any entities other than the Moving Defendants. The Moving Defendants also object that the definitions of "You" and "Your" are (1) overbroad in its reference to "officers, directors, employees, partners, representatives, agents, corporate parent, subsidiaries, affiliates, divisions, predecessors, or successors-in-interest, and other persons or entities acting on behalf of or controlled by them" and (2) vague and ambiguous in its reference to "acting on behalf of or controlled by." The Moving Defendants also object that the definition of "Optum entities" is vague and ambiguous in its references to "affiliated with" and "as part of its name." As written, it is unclear what type of relationship would constitute an "affiliation" for purposes of the definition and whether the definition refers to an entity's legal name, trade name, or some other name.

2.      The Moving Defendants object to Plaintiffs' definitions of the terms "Communication," "communications," "Document" and "documents" because they are vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the litigation's needs.

2

3.      The Moving Defendants object to the Requests because they fail to comply with the orders of this Court. Under the December 11, 2023 Order and the bellwether CMOs, Plaintiffs are allowed to collectively serve "up to 45 requests for production" in Tracks 12 and 13 and "up to 35 requests for production" in Tracks 14 and 15. ECF No. 5268 at 5; ECF No. 5282 at 5; ECF No. 5295 at 3. Plaintiffs had already exceeded those allowances in all four tracks prior to their service of these Requests to the Moving Defendants on April 17, 2024.  And none of the bellwether Plaintiffs has sought leave to propound jurisdictional discovery on the Moving Defendants as required by the Court's December 11, 2023 Order Resolving Disputes Regarding Proposed CMO ("the December 11, 2023 Order") and the bellwether CMOs. *See* ECF No. 5268 at 5–6 ("The parties may seek leave to propound additional requests for production . . . after the Court rules on the motions to amend complaints."); ECF No. 5282 at 5 (same); ECF No. 5295 at 3 (same).

4.      The Moving Defendants object to the Requests as premature. Plaintiffs are not entitled to jurisdictional discovery whenever they want it; rather, they must first "'offer a[ ] factual basis for [their] allegations' and give the district court 'a reasonable basis to expect that . . . discovery would reveal' evidence that supports the claimed jurisdiction." *See, e.g., C.H. v. United States*, 818 Fed. App'x 481, 484 (6th Cir. 2020) (collecting cases); *Nottingham-Spirk Design Assocs. v. HALO Innovations, Inc.*, 603 F. Supp. 3d 561, 571 (N.D. Ohio 2022). No such showing has been made here. As to Tracks 12 and 13, Plaintiffs have not yet opposed the Moving Defendants motion' to dismiss. *See Pinson v. U.S. Dept. of Justice*, 2021 U.S. Dist. LEXIS 146546, at *14 (D.D.C. Aug. 5, 2021) ("[Plaintiff] has not yet opposed Defendants' motion to dismiss. Perhaps after she files her opposition and presents the evidence she possesses supporting her claim concerning this Court's personal jurisdiction . . . the Court may reconsider whether jurisdictional discovery is appropriate. At this time, however, it is premature."). As to Tracks 14 and 15, the Moving Defendants have not yet moved to dismiss. Jurisdictional discovery is appropriate only in limited circumstances but in no event before a jurisdictional challenge is before the Court. *See, e.g., Theunissen v. Matthews*, 935 F.2d 1454, 1465 (6th Cir. 1991) ("[A] district court *faced with a motion to dismiss for lack of personal jurisdiction over the defendant* may permit the plaintiff further discovery to investigate jurisdictional facts." (emphasis added)); *Chrysler Corp. v. Fedders Corp.*, 643 F.2d

3

1229, 1240 (6th Cir. 1981) ("[Jurisdictional] discovery may be appropriate *when a defendant moves to dismiss for lack of jurisdiction.*" (emphasis added)); *Sunview Condo. Ass'n v. Flexel Int'l*, 116 F.3d 962, 964 (1st Cir. 1997) ("[A] diligent plaintiff who sues an out-of-state corporation . . . may well be entitled to a modicum of jurisdictional discovery *if the corporation interposes a jurisdictional defense.*" (emphasis added)); *Hallisey v. Zuckerberg*, 2018 U.S. Dist. LEXIS 121051, at *6 (N.D. Cal. July 19, 2018) ("Plaintiffs' request for jurisdictional discovery is premature. Plaintiffs' request anticipates a [jurisdictional] motion . . . for which discovery may or may not be warranted."); Endorsed Order, *D'Jamoos v. Atlas Aircraft Ctr., Inc.*, No. 1:8-cv-108 (D.N.H. July 21, 2008) (denying request for jurisdictional discovery before defendant responded to the complaint as "premature").

5.      The Moving Defendants object to the Requests because they seek—under the guise of jurisdictional discovery—information that could be (and in most cases, already is being) sought through merits discovery. Plaintiffs cannot use so-called "jurisdictional discovery" to circumvent the discovery limits established in the CMOs. Many of the requests are improperly cumulative or duplicative of existing merits requests.

6.      The Moving Defendants object to the Requests because they are not properly tailored to address the Moving Defendants' motion to dismiss for lack of personal jurisdiction. It is well established that jurisdictional discovery must be "narrowly tailored to the issue" of personal jurisdiction. *See e.g.*, *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 109 (3d Cir. 2015); *Grynberg v. Ivanhoe Energy, Inc.*, 490 Fed. App'x 86, 104 (10th Cir. 2012) ("[P]laintiffs' broad discovery requests '[we]re not tailored to address the limited question of personal jurisdiction.'" (citation omitted)); *Maharishi Found. U.S. v. Love*, 2017 U.S. Dist. LEXIS 231614, at *23 (S.D. Iowa Feb. 21, 2017) ("Plaintiff's request is not reasonably tailored, and rests on a bare assertion that given the voluminous nature of Defendant's activities, Iowans are likely in the mix somewhere."); *McLean v. U.S. Conf. of Catholic Bishops*, 2019 U.S. Dist. LEXIS 76617, at *11–12 (denying jurisdictional discovery where plaintiffs' requests were not "specific, focused and tailored to their assertions concerning general and specific personal jurisdiction," and instead demonstrated that plaintiffs were "simply casting about for contacts with Minnesota"). That means the discovery must be "targeted at information pertinent to

4

the well established factors involved in a jurisdictional inquiry." *Rose v. Continental Aktiengesellschaft*, 2001 U.S. Dist. LEXIS 2354, at *10 (E.D. Pa. Mar. 2, 2001); *see also One Media IP Ltd. v. Henry Hadaway Organisation, Ltd.*, 2017 U.S. Dist. LEXIS 4098, at *6–7 (M.D. Tenn. Jan. 11, 2017) ("None of the items sought in the Discovery requests pertains to factors that could establish that the defendants are at home in Tennessee . . . Accordingly, the Discovery Requests are not relevant to developing the record as to the jurisdictional question at issue in this case.").

In their motion to dismiss for lack of personal jurisdiction, the Moving Defendants explain that the Tracks 12 and 13 Plaintiffs have not alleged that the Moving Defendants are "at home in New York or Missouri or otherwise subject to general jurisdiction in either State." ECF No. 5368-1 at 10. The Moving Defendants have also argued that the Tracks 12 and 13 Plaintiffs have not alleged facts establishing that the Court has specific personal jurisdiction over the Moving Defendants because the complaints fail to allege any of the Moving Defendants engaged in suit-related contacts with the forum state that create a substantial connection to the forum. ECF No. 5368-1 at 12–21. The Requests are not sufficiently tailored to those issues. None would establish that the Moving Defendants are at home in New York or Missouri, and the few that seek "suit-related" information are subsumed by ongoing merits discovery.

7.      The Moving Defendants object to the Requests inasmuch as they seek information related to geographic areas outside the bellwether jurisdictions, without regard for the jurisdiction to which the information sought relates.

Subject to the Moving Defendants' Global Objections and Objections to Definitions and Phrases, which apply to each of Plaintiffs' Requests, the Moving Defendants further object and respond as follows:

## OBJECTIONS AND RESPONSES TO SO-CALLED "JURISDICTIONAL DISCOVERY REQUESTS" FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1

All Documents, including but not limited to marketing materials, describing, referring to, or related to the collaboration, coordination, or integration between any of Your parent, subsidiary, or sibling companies as part of the larger UHG Enterprise. Please see April 5, 2024 letter from the PEC to Optum for illustrative examples of documents that relate to collaboration, coordination, or integration between the various Optum entities as part of the "UHG enterprise." We provide these examples only as clarification, the examples are not meant to limit the scope of your searches and/or production with respect to this request.

### OBJECTIONS AND RESPONSE:

The Moving Defendants incorporate their "Global Objections and Objections to Definitions and Phrases," specifically Global Objection Nos. 1 through 7.

The Moving Defendants object to this Request inasmuch as it seeks information protected by the attorney-client, litigation, or joint-defense privileges or the work-product or common-interest doctrines. The Moving Defendants will not describe or produce information that is privileged or otherwise protected.

The Moving Defendants also object to this Request as vague and ambiguous because it contains many unclear or undefined terms or phrases, including "collaboration," "coordination," "integration," "materials," and "as part of the larger UHG Enterprise."

The Moving Defendants object to this Request because it is not narrowly tailored to the jurisdictional challenge before the court. As written, this Request does not target the Moving Defendants' suit-related contacts with New York or Missouri (or Texas, even though no motion to dismiss has yet to be filed in Track 15). Rather, it targets "All Documents"—regardless of the jurisdiction to which they relate. It targets documents "including but not limited to marketing materials, describing, referring to, or related to the collaboration, coordination, or integration between

6

any of Your parent, subsidiary, or sibling companies"—regardless of whether those materials are suit-related or demonstrate contact with a bellwether jurisdiction. Even if the Moving Defendants produced the documents sought, those documents would not indicate whether the Moving Defendants are at home in New York or Missouri or whether any of the Moving Defendants engaged in suit-related contacts with either state that create a substantial connection to the forum. Consequently, the information this Request would elicit would not be helpful in resolving the jurisdictional challenge before the Court. For the same reasons, the request for "All Documents" otherwise falling within the scope of the Request would sweep in an enormous amount of information unrelated to any jurisdictional challenge (or even plaintiffs' claims) and thus is overbroad, unduly burdensome, disproportionate to the litigation's needs.

The Moving Defendants object to this Request because it is duplicative and overlaps with discovery Plaintiffs are already seeking through merits discovery. For example, Plaintiffs have previously asked for "all documents" that describe "the inter-relationships" of Defendants' "corporate parents, subsidiaries, and sibling corporations." Pls.' Combined Discovery Requests (1st Set) at 2 (¶ 1). Plaintiffs cannot re-request the information they seek through merits discovery under the guise of jurisdictional discovery.

Subject to and without waiving any objections, the Moving Defendants decline to produce documents. The Moving Defendants are, however, willing to meet and confer to discuss their objections and to understand (1) why Plaintiffs believe this Request seeks information that is relevant to the Moving Defendants' personal jurisdiction challenge and (2) why Plaintiffs do not believe this Request constitutes improper merits discovery.

**REQUEST FOR PRODUCTION NO. 2**

All Documents reflecting or relating to any data sharing between any parent or sibling entity or the use of, or promotion of access to, data owned, controlled, or managed by UnitedHealth Group, Inc.

7

**OBJECTIONS AND RESPONSE:**

The Moving Defendants incorporate their "Global Objections and Objections to Definitions and Phrases," specifically Global Objection Nos. 2 through 7.

The Moving Defendants object to this Request inasmuch as it seeks information protected by the attorney-client, litigation, or joint-defense privileges or the work-product or common-interest doctrines. The Moving Defendants will not describe or produce information that is privileged or otherwise protected.

The Moving Defendants also object to this Request as vague and ambiguous because it contains many unclear or undefined terms or phrases, including "reflecting," "data sharing," "use of," "promotion of access to," and "owned, controlled, or managed by."

The Moving Defendants object to this Request because it is not narrowly tailored to the jurisdictional challenge before the court. As written, this Request does not target the Moving Defendants' suit-related contacts with New York or Missouri (or Texas, even though no motion to dismiss has yet to be filed in Track 15). Rather, it targets "All Documents"—regardless of the jurisdiction to which they relate. It targets documents "reflecting or relating to any data sharing between any parent or sibling entity or the use of, or promotion of access to, data owned, controlled, or managed by UnitedHealth Group, Inc."—regardless of whether those materials are suit-related or demonstrate contact with a bellwether jurisdiction. Even if the Moving Defendants produced the documents sought, those documents would not indicate whether the Moving Defendants are at home in New York or Missouri or whether any of the Moving Defendants engaged in suit-related contacts with either state that create a substantial connection to the forum. Consequently, the information this Request would elicit would not be helpful in resolving the jurisdictional challenge before the Court. For the same reasons, the request for "All Documents" otherwise falling within the scope of the Request would sweep in an enormous amount of information unrelated to any jurisdictional challenge (or even plaintiffs' claims) and thus is overbroad, unduly burdensome, disproportionate to the litigation's needs.

The Moving Defendants object to this Request because it is duplicative and overlaps with discovery Plaintiffs are already seeking through merits discovery. For example, Plaintiffs have previously asked for "All Documents concerning the sale or sharing of data from You and/or any of Your affiliated companies." Pls.' Dispensing & Pharmacy Practice Discovery Requests at 8 (¶ 16). Plaintiffs cannot re-request the information they seek through merits discovery under the guise of jurisdictional discovery.

Subject to and without waiving any objections, the Moving Defendants decline to produce documents. The Moving Defendants are, however, willing to meet and confer to discuss their objections and to understand (1) why Plaintiffs believe this Request seeks information that is relevant to the Moving Defendants' personal jurisdiction challenge and (2) why Plaintiffs do not believe this Request constitutes improper merits discovery.

## REQUEST FOR PRODUCTION NO. 3

All Documents describing or referencing the "UHG Enterprise."

## OBJECTIONS AND RESPONSE:

The Moving Defendants incorporate their "Global Objections and Objections to Definitions and Phrases," specifically Global Objection Nos. 1 through 7.

The Moving Defendants object to this Request inasmuch as it seeks information protected by the attorney-client, litigation, or joint-defense privileges or the work-product or common-interest doctrines. The Moving Defendants will not describe or produce information that is privileged or otherwise protected.

The Moving Defendants object to this Request because it is not narrowly tailored to the jurisdictional challenge before the court. As written, this Request does not target the Moving Defendants' suit-related contacts with New York or Missouri (or Texas, even though no motion to dismiss has yet to be filed in Track 15). Rather, it targets "All Documents"—regardless of the jurisdiction to which they relate. It targets documents "describing or referencing the 'UHG Enterprise'"—regardless of whether those materials are suit-related or demonstrate contact with a bellwether jurisdiction. Even if the Moving Defendants produced the documents sought, those

9

documents would not indicate whether the Moving Defendants are at home in New York or Missouri or whether any of the Moving Defendants engaged in suit-related contacts with either state that create a substantial connection to the forum. Consequently, the information this Request would elicit would not be helpful in resolving the jurisdictional challenge before the Court. For the same reasons, the request for "All Documents" otherwise falling within the scope of the Request would sweep in an enormous amount of information unrelated to any jurisdictional challenge (or even plaintiffs' claims) and thus is overbroad, unduly burdensome, disproportionate to the litigation's needs.

The Moving Defendants object to this Request because it is duplicative and overlaps with discovery Plaintiffs are already seeking through merits discovery. Plaintiffs have previously asked for countless documents that might so much as "referenc[e] the 'UHG Enterprise'"—for example, "any 'organization chart' which depicts your internal structure and chain of command[.]" Pls.' Combined Discovery Requests (1st Set) at 2 (¶ 2). Plaintiffs cannot re-request the information they seek through merits discovery under the guise of jurisdictional discovery.

Subject to and without waiving any objections, the Moving Defendants decline to produce documents. The Moving Defendants are, however, willing to meet and confer to discuss their objections and to understand (1) why Plaintiffs believe this Request seeks information that is relevant to the Moving Defendants' personal jurisdiction challenge and (2) why Plaintiffs do not believe this Request constitutes improper merits discovery.

## REQUEST FOR PRODUCTION NO. 4

All Documents reflecting Communications related to opioid products between You and the following:

i.     Any person or entity in the bellwether states, including their employees, agents or anyone working on their behalf;

ii.    Any state agencies for any of the bellwether states, including their employees, agents or anyone working on their behalf;

iii.   Health care providers, pharmacies, pharmacists, or medical- and/or pharmacy-related trade organizations located in any of the bellwether.

10

**OBJECTIONS AND RESPONSE:**

The Moving Defendants incorporate their "Global Objections and Objections to Definitions and Phrases," specifically Global Objection Nos. 1 through 6.

The Moving Defendants object to this Request inasmuch as it seeks information protected by the attorney-client, litigation, or joint-defense privileges or the work-product or common-interest doctrines. The Moving Defendants will not describe or produce information that is privileged or otherwise protected.

The Moving Defendants also object to this Request as vague and ambiguous because it contains many unclear or undefined terms or phrases, including "reflecting Communications," "products," "state agencies," "Health care providers," "pharmacies," "pharmacists," "medical- and/or pharmacy-related trade organizations," and "located in."

The Moving Defendants object to this Request because it is not narrowly tailored to the jurisdictional challenge before the court. As written, this Request does not target the Moving Defendants' suit-related contacts with New York or Missouri (or Texas, even though no motion to dismiss has yet to be filed in Track 15). Rather, it targets communications "related to opioid products between You and . . . Any person or entity in the bellwether states . . . Any state agencies for any of the bellwether states" and individuals and entities associated with healthcare that are "located in any of the bellwether [states]"—regardless of whether those materials are suit-related. Even if the Moving Defendants produced the documents sought, those documents would not indicate whether the Moving Defendants are at home in New York or Missouri or whether any of the Moving Defendants engaged in suit-related contacts with either state that create a substantial connection to the forum. Consequently, the information this Request would elicit would not be helpful in resolving the jurisdictional challenge before the Court. For the same reasons, the request for "All Documents" otherwise falling within the scope of the Request would sweep in an enormous amount of information unrelated to any jurisdictional challenge (or even plaintiffs' claims) and thus is overbroad, unduly burdensome, disproportionate to the litigation's needs.

The Moving Defendants object to this Request because it is duplicative and overlaps with discovery Plaintiffs are already seeking through merits discovery. For example, Plaintiffs have previously asked for "all Documents or Communications to patients, clients, third party administrators, prescribers or pharmacies regarding the appropriate use, prescribing and or dispensing of Opioids or Cocktails in Tracks 12 - 15." Pls.' Dispensing & Pharmacy Practice Discovery Requests at 3 (¶ 6). Plaintiffs cannot re-request the information they seek through merits discovery under the guise of jurisdictional discovery.

Subject to and without waiving any objections, the Moving Defendants decline to produce documents. The Moving Defendants are, however, willing to meet and confer to discuss their objections and to understand (1) why Plaintiffs believe this Request seeks information that is relevant to the Moving Defendants' personal jurisdiction challenge and (2) why Plaintiffs do not believe this Request constitutes improper merits discovery.

## REQUEST FOR PRODUCTION NO. 5

All Documents concerning or reflecting any analysis you conducted of opioid prescribing, dispensing, addiction, overdose or other opioid-related harms in any of the bellwether states.

### OBJECTIONS AND RESPONSE:

The Moving Defendants incorporate their "Global Objections and Objections to Definitions and Phrases," specifically Global Objection Nos. 1 through 6.

The Moving Defendants object to this Request inasmuch as it seeks information protected by the attorney-client, litigation, or joint-defense privileges or the work-product or common-interest doctrines. The Moving Defendants will not describe or produce information that is privileged or otherwise protected.

The Moving Defendants also object to this Request as vague and ambiguous because it contains many unclear or undefined terms or phrases, including "reflecting," "analysis," and "opioid-related harms."

The Moving Defendants object to this Request because it is not narrowly tailored to the jurisdictional challenge before the court. As written, this Request does not target the Moving

Defendants' suit-related contacts with New York or Missouri (or Texas, even though no motion to dismiss has yet to be filed in Track 15). Rather, it targets documents "concerning or reflecting any analysis you conducted of opioid prescribing, dispensing, addiction, overdose or other opioid-related harms in any of the bellwether states"—regardless of whether those materials are suit-related or demonstrate contact with a bellwether jurisdiction. Even if the Moving Defendants produced the documents sought, those documents would not indicate whether the Moving Defendants are at home in New York or Missouri or whether any of the Moving Defendants engaged in suit-related contacts with either state that create a substantial connection to the forum. Consequently, the information this Request would elicit would not be helpful in resolving the jurisdictional challenge before the Court. For the same reasons, the request for "All Documents" otherwise falling within the scope of the Request would sweep in an enormous amount of information unrelated to any jurisdictional challenge (or even plaintiffs' claims) and thus is overbroad, unduly burdensome, disproportionate to the litigation's needs.

The Moving Defendants object to this Request because it is duplicative and overlaps with discovery Plaintiffs are already seeking through merits discovery. For example, Plaintiffs have previously asked for "All Documents," including any "analysis or reports" related to the "illicit prescribing, dispensing, or potential misuse of Opioids and/or Cocktail Drugs." Pls.' Dispensing & Pharmacy Practice Discovery Requests at 8 (¶ 12). Plaintiffs cannot re-request the information they seek through merits discovery under the guise of jurisdictional discovery.

Subject to and without waiving any objections, the Moving Defendants decline to produce documents. The Moving Defendants are, however, willing to meet and confer to discuss their objections and to understand (1) why Plaintiffs believe this Request seeks information that is relevant to the Moving Defendants' personal jurisdiction challenge and (2) why Plaintiffs do not believe this Request constitutes improper merits discovery.

## REQUEST FOR PRODUCTION NO. 6

All Documents concerning or reflecting Your agreements and/or Communications with or regarding any pharmacy in any of the bellwether states.

**OBJECTIONS AND RESPONSE:**

The Moving Defendants incorporate their "Global Objections and Objections to Definitions and Phrases," specifically Global Objection Nos. 1 through 6.

The Moving Defendants object to this Request inasmuch as it seeks information protected by the attorney-client, litigation, or joint-defense privileges or the work-product or common-interest doctrines. The Moving Defendants will not describe or produce information that is privileged or otherwise protected.

The Moving Defendants also object to this Request as vague and ambiguous because it contains many unclear or undefined terms or phrases, including "reflecting," "agreements," and "pharmacy."

The Moving Defendants object to this Request because it is not narrowly tailored to the jurisdictional challenge before the court. As written, this Request does not target the Moving Defendants' suit-related contacts with New York or Missouri (or Texas, even though no motion to dismiss has yet to be filed in Track 15). Rather, it targets documents "concerning or reflecting Your agreements and/or Communications with or regarding any pharmacy in any of the bellwether states"—regardless of whether those materials are suit-related or demonstrate contact with a bellwether jurisdiction. Even if the Moving Defendants produced the documents sought, those documents would not indicate whether the Moving Defendants are at home in New York or Missouri or whether any of the Moving Defendants engaged in suit-related contacts with either state that create a substantial connection to the forum. Consequently, the information this Request would elicit would not be helpful in resolving the jurisdictional challenge before the Court. For the same reasons, the request for "All Documents" otherwise falling within the scope of the Request would sweep in an enormous amount of information unrelated to any jurisdictional challenge (or even plaintiffs' claims) and thus is overbroad, unduly burdensome, disproportionate to the litigation's needs.

The Moving Defendants object to this Request because it is duplicative and overlaps with discovery Plaintiffs are already seeking through merits discovery. For example, Plaintiffs have previously asked for "all Documents or Communications to . . . pharmacies regarding the appropriate

14

use, prescribing and or dispensing of Opioids or Cocktails in Tracks 12 - 15." Pls.' Dispensing & Pharmacy Practice Discovery Requests at 3 (¶ 6). Plaintiffs cannot re-request the information they seek through merits discovery under the guise of jurisdictional discovery.

Subject to and without waiving any objections, the Moving Defendants decline to produce documents. The Moving Defendants are, however, willing to meet and confer to discuss their objections and to understand (1) why Plaintiffs believe this Request seeks information that is relevant to the Moving Defendants' personal jurisdiction challenge and (2) why Plaintiffs do not believe this Request constitutes improper merits discovery.

## REQUEST FOR PRODUCTION NO. 7

All Documents and Communications related to educational programs, series, round tables, seminars, continuing medical education programs (CMEs), and/or continuing nursing education programs (CNEs) that any Optum entity engaged in related to opioids in any of the bellwether states.

### OBJECTIONS AND RESPONSE:

The Moving Defendants incorporate their "Global Objections and Objections to Definitions and Phrases," specifically Global Objection Nos. 1 through 6.

The Moving Defendants object to this Request inasmuch as it seeks information protected by the attorney-client, litigation, or joint-defense privileges or the work-product or common-interest doctrines. The Moving Defendants will not describe or produce information that is privileged or otherwise protected.

The Moving Defendants also object to this Request as vague and ambiguous because it contains many unclear or undefined terms or phrases, including "educational programs," "series," "round tables," "seminars," "continuing medical education programs (CMEs)," "continuing nursing education programs (CNEs)," and "engaged in."

The Moving Defendants object to this Request because it is not narrowly tailored to the jurisdictional challenge before the court. As written, this Request does not target the Moving Defendants' suit-related contacts with New York or Missouri (or Texas, even though no motion to dismiss has yet to be filed in Track 15). Rather, it targets documents "concerning or reflecting Your

15

agreements and/or Communications with or regarding any pharmacy in any of the bellwether states"—regardless of whether those materials are suit-related. Even if the Moving Defendants produced the documents sought, those documents would not indicate whether the Moving Defendants are at home in New York or Missouri or whether any of the Moving Defendants engaged in suit-related contacts with either state that create a substantial connection to the forum. Consequently, the information this Request would elicit would not be helpful in resolving the jurisdictional challenge before the Court. For the same reasons, the request for "All Documents and Communications" otherwise falling within the scope of the Request would sweep in an enormous amount of information unrelated to any jurisdictional challenge (or even plaintiffs' claims) and thus is overbroad, unduly burdensome, disproportionate to the litigation's needs.

The Moving Defendants object to this Request because it is duplicative and overlaps with discovery Plaintiffs are already seeking through merits discovery. For example, Plaintiffs have previously asked for "all medical educational materials you provided to health care providers and/or dispensers related to prescription opioid prescribing and/or dispensing practices." Pls.' Combined Discovery Requests (1st Set) at 5 (¶ 34). Plaintiffs cannot re-request the information they seek through merits discovery under the guise of jurisdictional discovery.

Subject to and without waiving any objections, the Moving Defendants decline to produce documents. The Moving Defendants are, however, willing to meet and confer to discuss their objections and to understand (1) why Plaintiffs believe this Request seeks information that is relevant to the Moving Defendants' personal jurisdiction challenge and (2) why Plaintiffs do not believe this Request constitutes improper merits discovery.

## REQUEST FOR PRODUCTION NO. 8

All Documents and Communications related to any study, research, consulting, and/or marketing work that any Optum entity performed on behalf of any opioid manufacturer that involved data, physicians, patients, and/or employees from any of the bellwether states.

**OBJECTIONS AND RESPONSE:**

The Moving Defendants incorporate their "Global Objections and Objections to Definitions and Phrases," specifically Global Objection Nos. 1 through 6.

The Moving Defendants object to this Request inasmuch as it seeks information protected by the attorney-client, litigation, or joint-defense privileges or the work-product or common-interest doctrines. The Moving Defendants will not describe or produce information that is privileged or otherwise protected.

The Moving Defendants also object to this Request as vague and ambiguous because it contains many unclear or undefined terms or phrases, including "study," "research," "consulting," "marketing work," "performed," "on behalf of," "opioid manufacturer," "involved," "data," "physicians," "patients," and "employees."

The Moving Defendants object to this Request because it is not narrowly tailored to the jurisdictional challenge before the court. As written, this Request does not target the Moving Defendants' suit-related contacts with New York or Missouri (or Texas, even though no motion to dismiss has yet to be filed in Track 15). Rather, it targets documents "related to any study, research, consulting, and/or marketing work that any Optum entity performed on behalf of any opioid manufacturer that involved data, physicians, patients, and/or employees from any of the bellwether states"—regardless of whether those materials are suit-related or demonstrate contact with a bellwether jurisdiction. Even if the Moving Defendants produced the documents sought, those documents would not indicate whether the Moving Defendants are at home in New York or Missouri or whether any of the Moving Defendants engaged in suit-related contacts with either state that create a substantial connection to the forum. Consequently, the information this Request would elicit would not be helpful in resolving the jurisdictional challenge before the Court. For the same reasons, the request for "All Documents and Communications" otherwise falling within the scope of the Request would sweep in an enormous amount of information unrelated to any jurisdictional challenge (or even plaintiffs' claims) and thus is overbroad, unduly burdensome, disproportionate to the litigation's needs.

17

The Moving Defendants object to this Request because it is duplicative and overlaps with discovery Plaintiffs are already seeking through merits discovery. For example, Plaintiffs have previously asked for "all documents" that relate to "studies (whether proposed, undertaken or completed) related to prescription opioids in which you participated with Purdue Pharma." Pls.' Combined Discovery Requests (2nd Set) at 2 (¶ 2m). Plaintiffs cannot re-request the information they seek through merits discovery under the guise of jurisdictional discovery.

Subject to and without waiving any objections, the Moving Defendants decline to produce documents. The Moving Defendants are, however, willing to meet and confer to discuss their objections and to understand (1) why Plaintiffs believe this Request seeks information that is relevant to the Moving Defendants' personal jurisdiction challenge and (2) why Plaintiffs do not believe this Request constitutes improper merits discovery.

## REQUEST FOR PRODUCTION NO. 9

All Documents and Communications related to any study, research, consulting, and/or marketing work that any Optum entity performed on behalf of any opioid manufacturer that was distributed and/or presented in any bellwether state.

### OBJECTIONS AND RESPONSE:

The Moving Defendants incorporate their "Global Objections and Objections to Definitions and Phrases," specifically Global Objection Nos. 1 through 6.

The Moving Defendants object to this Request inasmuch as it seeks information protected by the attorney-client, litigation, or joint-defense privileges or the work-product or common-interest doctrines. The Moving Defendants will not describe or produce information that is privileged or otherwise protected.

The Moving Defendants also object to this Request as vague and ambiguous because it contains many unclear or undefined terms or phrases, including "study," "research," "consulting," "marketing work," "performed," "on behalf of," "opioid manufacturer," "distributed," and "presented."

18

The Moving Defendants object to this Request because it is not narrowly tailored to the jurisdictional challenge before the court. As written, this Request does not target the Moving Defendants' suit-related contacts with New York or Missouri (or Texas, even though no motion to dismiss has yet to be filed in Track 15). Rather, it targets documents "related to any study, research, consulting, and/or marketing work that any Optum entity performed on behalf of any opioid manufacturer that was distributed and/or presented in any bellwether state"—regardless of whether those materials are suit-related or demonstrate contact with a bellwether jurisdiction. Even if the Moving Defendants produced the documents sought, those documents would not indicate whether the Moving Defendants are at home in New York or Missouri or whether any of the Moving Defendants engaged in suit-related contacts with either state that create a substantial connection to the forum. Consequently, the information this Request would elicit would not be helpful in resolving the jurisdictional challenge before the Court. For the same reasons, the request for "All Documents and Communications" otherwise falling within the scope of the Request would sweep in an enormous amount of information unrelated to any jurisdictional challenge (or even plaintiffs' claims) and thus is overbroad, unduly burdensome, disproportionate to the litigation's needs.

The Moving Defendants object to this Request because it is duplicative and overlaps with discovery Plaintiffs are already seeking through merits discovery. For example, Plaintiffs have previously asked for "all documents" that relate to "studies (whether proposed, undertaken or completed) related to prescription opioids in which you participated with Purdue Pharma." Pls.' Combined Discovery Requests (2nd Set) at 2 (¶ 2m). They have also asked for copies of "all presentations you have given related to the opioid epidemic and/or opioid utilization, abuse, and/or diversion[.]" Pls.' Combined Discovery Requests (1st Set) at 5 (¶ 28). Plaintiffs cannot re-request the information they seek through merits discovery under the guise of jurisdictional discovery.

Subject to and without waiving any objections, the Moving Defendants decline to produce documents. The Moving Defendants are, however, willing to meet and confer to discuss their objections and to understand (1) why Plaintiffs believe this Request seeks information that is relevant

19

to the Moving Defendants' personal jurisdiction challenge and (2) why Plaintiffs do not believe this Request constitutes improper merits discovery.

## REQUEST FOR PRODUCTION NO. 10

All Documents related to cash card claims administered by any Optum cash card entity (including Optum Discount Card Services and Optum Perks) related to opioids in each bellwether state.

### OBJECTIONS AND RESPONSE:

The Moving Defendants incorporate their "Global Objections and Objections to Definitions and Phrases," specifically Global Objection Nos. 1 through 6.

The Moving Defendants object to this Request inasmuch as it seeks information protected by the attorney-client, litigation, or joint-defense privileges or the work-product or common-interest doctrines. The Moving Defendants will not describe or produce information that is privileged or otherwise protected.

The Moving Defendants also object to this Request as vague and ambiguous because it contains many unclear or undefined terms or phrases, including "cash card claims" and "administered by."

The Moving Defendants object to this Request because it is not narrowly tailored to the jurisdictional challenge before the court. As written, this Request does not target the Moving Defendants' suit-related contacts with New York or Missouri (or Texas, even though no motion to dismiss has yet to be filed in Track 15). Rather, it targets documents "related to cash card claims administered by any Optum cash card entity (including Optum Discount Card Services and Optum Perks) related to opioids in each bellwether state"—regardless of whether those materials are suit-related or demonstrate contact with a bellwether jurisdiction. Even if the Moving Defendants produced the documents sought, those documents would not indicate whether the Moving Defendants are at home in New York or Missouri or whether any of the Moving Defendants engaged in suit-related contacts with either state that create a substantial connection to the forum. Consequently, the information this Request would elicit would not be helpful in resolving the

20

jurisdictional challenge before the Court. For the same reasons, the request for "All Documents" otherwise falling within the scope of the Request would sweep in an enormous amount of information unrelated to any jurisdictional challenge (or even plaintiffs' claims) and thus is overbroad, unduly burdensome, disproportionate to the litigation's needs.

The Moving Defendants object to this Request because it is duplicative and overlaps with discovery Plaintiffs are already seeking through merits discovery. For example, Plaintiffs have previously asked for "All Documents related to all agreements . . . [and] credits . . . related to . . . discounts[.]" Pls.' Dispensing & Pharmacy Practice Discovery Requests at 8 (¶ 11). Plaintiffs cannot re-request the information they seek through merits discovery under the guise of jurisdictional discovery.

Subject to and without waiving any objections, the Moving Defendants decline to produce documents. The Moving Defendants are, however, willing to meet and confer to discuss their objections and to understand (1) why Plaintiffs believe this Request seeks information that is relevant to the Moving Defendants' personal jurisdiction challenge and (2) why Plaintiffs do not believe this Request constitutes improper merits discovery.

**REQUEST FOR PRODUCTION NO. 11**

All Documents relied on or supporting Your responses to the Jurisdictional Discovery Interrogatories to Optum Defendants.

**OBJECTIONS AND RESPONSE:**

The Moving Defendants incorporate their "Global Objections and Objections to Definitions and Phrases," specifically Global Objection Nos. 1 through 7.

The Moving Defendants object to this Request inasmuch as it seeks information protected by the attorney-client, litigation, or joint-defense privileges or the work-product or common-interest doctrines. The Moving Defendants will not describe or produce information that is privileged or otherwise protected.

The Moving Defendants also object to this Request as vague and ambiguous because it contains the unclear and undefined phrase "relied on."

The Moving Defendants object to this Request because it is not narrowly tailored to the jurisdictional challenge before the court. As written, this Request does not target the Moving Defendants' suit-related contacts with New York or Missouri (or Texas, even though no motion to dismiss has yet to be filed in Track 15). Rather, it targets "All Documents"—regardless of the jurisdiction to which they relate. It targets documents "relied on or supporting Your responses to the Jurisdictional Discovery Interrogatories to Optum Defendants"—regardless of whether those materials are suit-related or demonstrate contact with a bellwether jurisdiction. Even if the Moving Defendants produced the documents sought, those documents would not indicate whether the Moving Defendants are at home in New York or Missouri or whether any of the Moving Defendants engaged in suit-related contacts with either state that create a substantial connection to the forum. Consequently, the information this Request would elicit would not be helpful in resolving the jurisdictional challenge before the Court. For the same reasons, the request for "All Documents" otherwise falling within the scope of the Request would sweep in an enormous amount of information unrelated to any jurisdictional challenge (or even plaintiffs' claims) and thus is overbroad, unduly burdensome, disproportionate to the litigation's needs.

Subject to and without waiving any objections, the Moving Defendants decline to produce documents. The Moving Defendants are, however, willing to meet and confer to discuss their objections and to understand (1) why Plaintiffs believe this Request seeks information that is relevant to the Moving Defendants' personal jurisdiction challenge and (2) why Plaintiffs do not believe this Request constitutes improper merits discovery.

Dated:  May 17, 2024

Respectfully submitted,

*/s/ Brian D. Boone*
Brian D. Boone
**ALSTON & BIRD LLP**
Vantage South End

22

1120 South Tryon Street, Suite 300
Charlotte, NC 28203
Tel: (704) 444-1000
brian.boone@alston.com

William H. Jordan
**ALSTON & BIRD LLP**
1201 West Peachtree Street NW, Suite 4900
Atlanta, GA 30309
Tel.: (404) 881-7000
bill.jordan@alston.com

*Attorneys for UnitedHealth Group Incorporated, Optum, Inc., OptumInsight Inc., OptumInsight Life Sciences, Inc., OptumRx Discount Card Services, LLC, Optum Perks, LLC, OptumHealth Care Solutions, LLC, OptumHealth Holdings, LLC, and Optum Health Networks, Inc.*