# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION

| | |
|---|---|
| THIS DOCUMENT RELATES TO: *Masiowski v. AmerisourceBergen Drug Corp., et al.*, No. 18-op-45985 | MDL No. 2804 <br><br> Case No. 1:17-md-2804 <br><br> Judge Dan Aaron Polster |

## PLAINTIFF MASIOWSKI'S MOTION FOR LEAVE TO FILE CORRECTED OMNIBUS REPLY AND MEMORANDUM IN SUPPORT THEREOF

Plaintiff, Michael Masiowski, pursuant to Fed. R. Civ. P. 7 (b)(1) moves this court for leave to file a corrected Omnibus Reply to Defendants' Opposition and motion for leave to reply to Defendant's J M Smith a/k/a Smith Drug Company's ("Smith") Opposition to Michael Masiowski's Motion for Leave to Amend. Plaintiff Masiowski, through a scrivener's error titled the omnibus reply incorrectly. Plaintiff Masiowski titled the reply as "PLAINTIFF MASIOWSKI'S OMNIBUS REPLY TO DEFENDANTS' OPPOSITION TO MICHAEL MASIOWSKI'S MOTION FOR LEAVE TO AMEND; AND MOTION TO ADOPT ARGUMENTS TO BE RAISED BY THE PEC IN THEIR REPLY BRIEFS IN SUPPORT OF THEIR MOTIONS TO ADD THE PBM DEFENDANTS." The title of the document however, should have been simply "PLAINTIFF MASIOWSKI'S OMNIBUS REPLY TO DEFENDANTS' OPPOSITION TO MICHAEL MASIOWSKI'S MOTION FOR LEAVE TO AMEND." Plaintiff Masiowski requests leave to allow the document to be retitled as "PLAINTIFF MASIOWSKI'S OMNIBUS REPLY TO DEFENDANTS' OPPOSITION TO

1

MICHAEL MASIOWSKI'S MOTION FOR LEAVE TO AMEND," or to allow a refiled version with the correct title.

In addition, Plaintiff Masiowski respectfully states that through inadvertent and excusable neglect, he did not take into account that Defendant J M Smith a/k/a Smith Drug Company had filed an opposition for Plaintiff M Motion to Leave to Amend. On January 16, 2025 [Dk. 5882], Defendant J M Smith a/k/a Smith Drug Company had filed an opposition to Plaintiff Masiowski's Motion to Leave to Amend. As a result, Plaintiff Masiowski's statement that Defendant J M Smith a/k/a Smith Drug Company had not filed an opposition was wrong. Plaintiff Masiowski now corrects that error and seeks leave to reply to Defendant J M Smith a/k/a Smith Drug Company Opposition to Plaintiff Masiowski's Motion to Leave to Amend.

## I. ARGUMENT

When a party fails to meet a deadline, excusable neglect is analyzed through a balancing of five factors: (1) the danger of prejudice to nonmoving party; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay; (4) whether the delay was within the filing party's reasonable control; and (5) whether the filing party acted in good faith. *Howard v. Nationwide Prop. & Cas. Ins. Co.*, 306 F. App'x 265, 266-67 (6th Cir. 2009) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Eng'g & Mfg. Servs., LLC v. Ashton*, 387 Fed. Appx. 575, 583 (6th Cir. 2010). (reversing district court order which struck untimely opposition on grounds of abuse of discretion and the late filing did not delay the proceedings or substantively prejudice the opposing party). Courts within the Sixth Circuit have accepted late-filed briefs in circumstances in which there was no material delay of the proceedings, or of prejudice to the opposing party. *Neal v. Metro Regional Transit Authority*,

2

2019 WL 3753605 *1 fn. 1 (N.D. Ohio Aug. 8, 2019) (declining to strike opposition brief filed two days late because defendant was able to timely file its reply, a two-day delay did not impact the proceedings and defendant was not prejudiced). Moreover, in *Smith-Murrey*, the court accepted the plaintiff's summary judgment opposition that was filed 12 days late. *Smith Murrey v. Marsh*, 2013 WL 1296827 *4 (E.D. Mich. Mar. 30, 2013) (finding excusable neglect when counsel averred to unspecific weather-related power outages and unexpected unavailability of staff members). Here, the Pioneer factors strongly favor permitting late-filed reply papers to be filed. Defendants did not file their Opposition in Plaintiff's member case. The Court should consider this a significant mitigating factor. There will be no legal prejudice to the opposing party, as Defendant notes in their Opposition Smith has been a named Defendant in Opioid litigations since 2018 [*See* Dkt. 5882 at Ftn. 4]. The delay is nominal, and Counsel acted in good faith in meeting the Court's deadlines regarding briefing on Motions for Leave to Amend to this point. On balance, these factors strongly favor permitting Plaintiff's late filing.

Similarly, this Court has previously granted parties relief where failure to meet deadlines was due to excusable neglect. *See* the Court's June 23, 2025, Order Granting Plaintiff Saint Elizabeth Medical Center, Inc.**'s** Motion to vacate *June 16, 2025 Order and for Clarification of March 11, 2025* ("The Court finds that Plaintiff's failure to timely respond to Walmart's Motion to Strike was due to excusable neglect.")

II. CONCLUSION

Plaintiff Masiowski requests that this court grant the following relief:

a) Either strike the words "AND MOTION TO ADOPT ARGUMENTS TO BE RAISED BY THE PEC IN THEIR REPLY BRIEFS IN SUPPORT OF THEIR MOTIONS TO

3

ADD THE PBM DEFENDANTS" or allow Plaintiff Masiowski leave to file a corrected omnibus reply with that part of the title to be omitted, and;

b) Allow Plaintiff Masiowski leave to respond to Defendant J M Smith a/k/a Smith Drug Company's Opposition to Masiowski's Motion for Leave to Amend due to Plaintiff's oversight and excusable neglect in not knowing that Defendant J M Smith a/k/a Smith Drug Company had, in fact, filed an opposition.

Dated: July 3rd, 2025.

Respectfully submitted,

*/s/ Paul S. Rothstein*
Attorney Paul S. Rothstein
Florida Bar Number: 310123
Attorney Paul S. Rothstein, P.A.
626 N.E. 1st Street
Gainesville, FL 32601
(352) 376-7650
(352) 374-7133
E-Mail: psr@rothsteinforjustice.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 3, 2025, I electronically filed the foregoing PLAINTIFF MASIOWSKI'S MOTION FOR LEAVE TO FILE CORRECTED OMNIBUS REPLY AND MEMORANDUM IN SUPPORT THEREOF with the Clerk of Court by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

*/s/ Paul S. Rothstein*
Paul S. Rothstein

4