UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION ) ) ) THIS DOCUMENT RELATES TO: ) ) *Tudhope, et al. v.* ) *AmerisourceBergen Drug Corporation, et* ) *al.* ) Case No. 1:19-op-45235 ) ) *All Cases* ) | MDL 2804 Case No. 1:17-md-2804 Judge Dan Aaron Polster **ORDER GRANTING IN PART MOTION FOR SEVERANCE AND REMAND** |

Before the Court is Plaintiffs Carole and John Tudhope's March 5, 2025 Motion to Sever and Remand Plaintiffs' Claims Against Medical Malpractice Defendants. Docket no. 61. Defendants Gregory Buhler, D.O. and Kathryn McConnaughey, N.P. ("Medical Providers") filed a Response. Docket no. 64. Plaintiffs filed a Reply. Docket no. 66. After briefing was complete, another defendant, University of Kansas Hospital Authority ("UK-Hospital"), requested and was granted leave to file a Sur-Reply, which it filed. Docket no. 69.

For the following reasons, Plaintiffs' Motion is **DENIED** with respect to severance of parties or claims but **GRANTED** with respect to remand. Plaintiffs' other remand-related motions[2] are **DENIED AS MOOT**.

---

[2] There are three separate and pending remand motions filed by Plaintiffs Carole and John Tudhope: (1) a November 30, 2018 Motion to Remand ("Original Remand Motion") (docket no. 16); the March 5, 2025 Motion to Sever and Remand ("Motion") (docket no. 61); and (3) a June 30, 2025 Renewed Motion to Remand ("Renewed Remand Motion") (docket no. 72). The instant ruling—on the March 5 Motion to Sever and Remand, docket no. 61—moots the issues presented in the other two remand motions.
   In addition to the motions themselves, Plaintiffs separately filed memoranda in support. *See* docket no. 62 (in support of the March 5 Motion to Sever and Remand) and docket no. 73 (in support of the June 30 Renewed Motion to Remand). Citations to "Motion" and "Renewed Remand Motion" in this Order refer to the respective memoranda in support.

**Procedural History**

In 2018, Plaintiffs filed a case in Missouri state court against opioid manufacturers, opioid distributors, Plaintiff Carole's treating physicians, and the pharmacy where Carole filled her opioid prescriptions. Shortly after it was filed, defendant AmerisourceBergen removed Plaintiffs' case to federal court in the Western District of Missouri.[3]

On November 30, 2018, Plaintiffs filed their Original Remand Motion, seeking remand back to state court. Docket no. 16. Before the Missouri federal district court ruled on Plaintiffs' Original Remand Motion, the case was transferred to this MDL. *See* docket no. 30. Plaintiffs' case has been stayed ever since, and Plaintiffs' Original Remand Motion remains pending.

Recently, the Court began to encourage plaintiffs to reevaluate their cases and pursue only their strongest claims. As part of that effort, in 2024, the Court asked the PEC to "encourage all MDL plaintiffs to streamline their complaints by dismissing all defendants except those the plaintiff truly intends to pursue." *See* docket no. 5836 at 1 ("Remnant Defendant Order"). As part of that process, the Tudhopes dismissed or settled with many, but not all, of the Core MDL Defendants.[4]

On March 5, 2025, Plaintiffs filed the instant Motion seeking to:

(1) Sever[] Plaintiffs' medical malpractice claims against Defendant Gregory Buhler, D.O., Defendant Kathryn McConnaughey, N.P. and University of Kansas

---

[3]  As the primary basis for removal, AmerisourceBergen asserted that Plaintiffs' claims necessarily depend on alleged violations of distributor duties under the federal Controlled Substances Act, 21 U.S.C. § 801, *et seq.* ("CSA"), and thus present a federal question under 28 U.S.C. § 1331. Because, as discussed below, AmerisourceBergen has been dismissed from Plaintiffs' case, *see* docket no. 71, the Court need not and does not reach any conclusions regarding whether alleged violations of the CSA support jurisdiction over this action under the Federal Question Doctrine.

[4]  For the purposes of this Order, the term "Core MDL Defendants" refers broadly to national and/or large regional manufacturers, distributors, pharmacies, or pharmacy benefits managers who market, manufacture, distribute, sell, or otherwise profit from the Nation's closed opioid-distribution system. Similarly, the term "Core MDL Claims" refers broadly to claims sounding in public nuisance, violations of the federal RICO statute, 18 U.S.C. § 1961, *et seq.*, or various consumer-protection claims closely associated with the same common nucleus of alleged opioid-related conduct.

2

  Hospital Authority d/b/a Cancer Pharmacy East (collectively "Medical Malpractice Defendants"); and

  (2) Remand[] said severed claims to the Circuit Court of Jackson County, Missouri.

Motion at 1. The effect of granting these requests would be to **keep in the MDL** Plaintiffs' Core MDL Claims against the following defendants: (1) Michael L. Babich, (2) John N. Kapoor, (3) AmerisourceBergen Drug Corporation, and (4) Morris & Dickson Co. LLC.

  Subsequently, however, Plaintiffs noticed the voluntary dismissal of Michael Babich, AmerisourceBergen, and Morris & Dickson.  *See* docket no. 71. Then, on June 30, 2025, Plaintiffs filed their Renewed Remand Motion, indicating they no longer seek severance of any party or claim.  In other words, Plaintiffs now seek remand to state court of their *entire* case; Plaintiffs no longer assert a Core MDL Claim against any Core MDL Defendant.

  To be more specific: Plaintiffs' complaint, generally, asserts two categories of claims against two categories of defendants. First, Plaintiffs allege "opioid manufacturers and distributors engaged in a fraudulent marketing scheme to increase demand for prescription opioids." Motion at 3 (citing Petition at ¶283). These are Plaintiffs' Core MDL Claims against the Core MDL Defendants.

  Second, Plaintiff Carole Tudhope also alleges "she was unnecessarily prescribed high dosages of extremely addictive opiates—in particular Subsys"—by her medical providers. *Id.* (citing Petition at ¶207). Plaintiff further alleges: (1) her medical providers "negligently prescribed opioids to Plaintiff for no legitimate medical purpose," *id.* at 4 (citing Petition at ¶¶179–80); (2) her local pharmacy "negligently filled the opioid Subsys prescriptions written by Plaintiff's medical providers," *id.* (citing Petition at ¶¶165–70); and (3) Plaintiff suffered injuries as a result. *Id.* Plaintiff refers to these as her "Medical Malpractice Claims"—sounding in traditional negligence—against "Medical Malpractice Defendants." Plaintiff correctly asserts the Medical

3

Malpractice Claims "are fundamentally distinct from the broader issues of manufacturer liability, distribution practices, and public nuisance central to the Multi-District Litigation ("MDL") pending in the Northern District of Ohio."[5] *Id.* at 2.

**Analysis**

There were two briefs in opposition to Plaintiffs' March 5 Motion: one from the Medical Providers and one from UK-Hospital.

The Medical Providers' Response was primarily concerned with Plaintiffs' request for severance. As indicated in Plaintiffs' Renewed Remand Motion, this request is no longer before the Court. The Medical Providers did also address the question of remand, suggesting only that "transfer to the Western District [of Missouri] for resolution of the motions to dismiss and motions for remand would be a more efficient and less prejudicial option than severing and remanding the claims against Dr. Buhler and N.P. McConnaughey." *Id.* But transfer to the Western District of Missouri is inappropriate for two reasons. First, this Court cannot unilaterally remand MDL cases back to federal transferor courts. It can only suggest to the Judicial Panel on Multidistrict Litigation that a case be remanded "at or before the conclusion of . . . pretrial proceedings." 28 U.S.C. § 1407. Second, and more fundamentally, because this Court concludes (below) it lacks federal subject matter jurisdiction, no other federal district court would have it either.

UK-Hospital's Sur-Reply also does not address whether this case should be remanded to Missouri State Court. In fact, UK-Hospital simply asserts it "is entitled to have a ruling on its motion to dismiss . . . ***wherever*** that occurs." Sur-Reply at 3 (emphasis added). This strongly

---

[5] Carole Tudhope's status as an individual further distinguishes her case from those of other typical MDL Plaintiffs, such as cities, counties, Indian tribes, third-party payors, and private hospitals.

implies UK-Hospital does not oppose remand and will be content to argue its motion to dismiss in Missouri state court.

Because Plaintiffs no longer seek severance of any claims or defendants, the only thing for this Court to decide is whether this case should be remanded to Missouri state court.

The Court incorporates the standard of review it previously set forth in its *Louisiana Health Services* Remand Order. *See* Docket no. 4919 at 4–5. Most significantly, 28 U.S.C. § 1332 requires, *inter alia*, complete diversity of citizenship. Here, Plaintiffs and Defendants Buhler and UK-Hospital are all citizens of Missouri. *See* Motion at 5 (citing Petition at ¶¶ 1, 10, 14). This case plainly lacks complete diversity of citizenship, and no party challenges this lack of diversity. Nor does any party attempt to raise any other bases for this Court's jurisdiction. Accordingly, the Court concludes it lacks subject matter jurisdiction and hereby **REMANDS** this case to the Sixteenth Circuit Court of Jackson County, Missouri, where it was originally filed.

The Court also notes that, going forward, the Court will entertain motions to remand cases to state court if the plaintiffs: (1) are individuals; (2) dismissed all Core MDL Claims against all Core MDL Defendants; and (3) have remaining only state-law claims sounding in medical malpractice against non-diverse individual or medical provider defendants.

**Conclusion**

Accordingly, Plaintiffs' present Motion to Sever and Remand (docket no. 61) is **GRANTED** with respect to Plaintiffs' request for remand. Plaintiffs' request for severance is **DENIED** as moot. Plaintiffs' Renewed Motion for Remand (docket no. 72) is **DENIED** as moot.

Plaintiffs' Original Remand Motion (docket no. 16) is **DENIED** as moot. The Clerk shall ensure a certified copy of this order is mailed to the clerk of the Missouri State court.

        **IT IS SO ORDERED.**

        **/s/ Dan Aaron Polster  July 8, 2025**
        **DAN AARON POLSTER**
        **UNITED STATES DISTRICT JUDGE**