UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Saint Elizabeth Medical Center, Inc. d/b/a St. Elizabeth Healthcare v. AmerisourceBergen Drug Corp., et al.*; Case No. 18-op-46046 | MDL No. 2804<br>Case No. 17-md-2804<br><br><br><br>Judge Dan Aaron Polster |

**PLAINTIFF SAINT ELIZABETH'S MOTION TO COMPEL DISPENSING DATA FROM DEFENDANT WALMART AND TO EXTEND PLAINTIFF'S DEADLINE FOR IDENTIFICATION OF "RED FLAG" PRESCRIPTIONS CONCERNING DEFENDANT WALMART**

Plaintiff Saint Elizabeth Medical Center, Inc. d/b/a St. Elizabeth Healthcare ("St. Elizabeth" or the singular "Plaintiff") files this Motion to Compel Additional Dispensing Data from Defendant Walmart and to Extend Plaintiff's Deadline for Identification of "Red Flag" Prescriptions Concerning Walmart. in support of this Motion, Plaintiff states as follows:

**I.  Introduction**

The Court entered a Case Management Order [Master Dkt. No. 6012] (the "CMO") in this bellwether that provides that "Defendants shall produce their state-wide transactional dispensing data for Kentucky" by May 9, 2025, though—following a request from Defendants to extend that deadline—the Parties agreed to move the deadline for the production to May 30, 2025. The CMO further provides that all prior MDL rulings apply to this proceeding.

In making its May 30, 2025, data production, the Walmart Defendants failed to comply with applicable MDL Rulings and failed to provide data that is pertinent to Plaintiff's claims concerning Walmart's improper conduct, including without limitation allegations that Walmart failed to comply with the Controlled Substances Act and failed to properly evaluate "red flag"

prescriptions. Specifically, contrary to MDL Orders, Walmart failed to: (1) produce its data dispensing data with a beginning date range of January 1, 2006; and (2) produce the dispensing data for the 14 benzodiazepines and 4 muscle relaxers required by MDL Orders. *See* Master Dkt. Nos. 3106 and 3170. Walmart, rather, only produced data from January 1, 2010 to April 25, 2018, and only produced data for the CII Opioids (namely, fentanyl, oxycodone, hydrocodone, hydromorphone, oxymorphone, morphine, methadone, and tapentadol, the "MDL 8") excluding those benzodiazepines and muscle relaxers required by MDL Orders. *See* Master Dkt. Nos. 3106 and 3170.

Notably, the other Defendants in this bellwether, CVS and Walgreens, produced data with time period beginning January 1, 2006 and extending through 2021 and 2022, respectively. Both of those Defendants also produced prescription data for the 14 benzodiazepines and 4 muscle relaxers required by MDL Order [Master Dkt. Nos. 3106 and 3170]. Even after meet and confer sessions between Plaintiff and Walmart, Walmart failed to provide the data required by MDL Orders and for the time period required.

Plaintiff respectfully asks that the Court enter an order requiring Walmart to promptly:

1) supplement its statewide Kentucky dispensing data production to provide data for the time period of January 1, 2006 to January 1, 2025, to comply with the time period required by Master Dkt. Nos. 693, 762, and 868; and

2) to produce its statewide Kentucky data for the 14 benzodiazepines and 4 muscle relaxers required by Master Dkt. Nos. 3106 and 3170.

Plaintiff also requests that it be granted an extension until sixty (60) days from the completion of Walmart's data supplementation to complete its "Red Flag" Prescription identification as to Walmart.

## II.  PERTINENT PROCEDURAL HISTORY

### A. Bellwether Selection and the CMO

On March 11, 2025, the Court entered the aforementioned CMO, with St. Elizabeth as the bellwether hospital plaintiff, in a trial (the "Hospital Bellwether Trial") against defendants CVS Pharmacy, Inc., Walgreens Boots Alliance, Inc., and Walmart Inc.

The CMO further provided —at Defendants' request, and against Plaintiff's objections— that "[t]he Court intends to adhere to all rulings made in prior MDL Tracks… and the Parties shall not simply reassert the same arguments made by prior parties in the MDL. … If the Parties have any new arguments that are meaningfully different from those earlier and resolved in prior Court rulings, the Parties may make them. The Parties may also seek departure from prior rulings for good cause shown." *See* CMO, ¶ D.

Concerning Defendants' production of dispensing data, the CMO requires that "[s]imultaneous to the Plaintiff's production of Hospital Data [on May 9, 2025], Defendants shall produce their state-wide transactional dispensing data for Kentucky in a deidentified format." *See* CMO, ¶ F.1.ii. On May 5, 2025, Defendant Walmart requested a mutual extension of that deadline to May 30, 2025, and Plaintiff consented to that request.

The CMO also provides a deadline of September 5, 2025, by when Plaintiff must identify "red flag" prescriptions, the methodologies to identify those prescriptions, and the code or analytical programs utilized to implement those methodologies. (CMO, ¶ F.3).

### B. Prior MDL Orders Regarding Temporal Scope and Drug Data Required in Pharmacy Defendants' Data Productions.

Given the CMO's provision that prior MDL orders would be followed, the following orders are pertinent to this motion pertaining to Walmart's dispensing data production.

First, concerning the time period for Pharmacy Defendants' dispensing data productions,

3

the MDL Court has ordered that Pharmacy Defendants produce dispensing data for the time period beginning January 1, 2006, and the Court upheld the Special Master's decision—over the objections of the Pharmacy Defendants—concerning the time period required for these productions. *See* Master Dkt. Nos. 693, 762, and 868.

Second, concerning the drug data to be produced, the MDL Court has ordered that the Pharmacy Defendants produce—in addition to producing the 34 fields of transactional dispensing data for the opioid drugs—data for the 14 benzodiazepines and 4 muscle relaxers, which are listed on Exhibit B to Master Dkt. No. 3106. *See* Master Dkt. Nos. 3106 and 3170 (wherein the Court upheld the Special Master's determination that the 14 benzodiazepines and 4 muscle relaxers data must be produced).

> C. **Defendants CVS and Walgreens produced dispensing data back to January 1, 2006, and produced the Benzodiazepines and Muscle Relaxers. Walmart, However, Failed to Comply with these Requirements.**

On May 30, 2025, the agreed upon extended deadline for data production, CVS and Walgreens produced dispensing data for the time periods beginning January 1, 2006, to 2021 and 2022, respectively. Those Defendants also produced prescription data that includes production of data for the 14 benzodiazepines and 4 muscle relaxers.

On that deadline, however, Walmart failed to comply with those requirements of the MDL orders. Walmart only produced dispensing data for the time period of January 1, 2010 to April 2018, and failed to produce its data for the 14 benzodiazepines and 4 muscle relaxers. Walmart also failed to seek leave from those requirements prior to the May 30, 2025, deadline.

During meet and confer sessions concerning these matters, Plaintiff reiterated that the benzodiazepines and muscle relaxers pertain directly to Walmart's conduct that is at issue in this litigation, including Plaintiff's allegations that Walmart failed to comply with the CSA and evaluate red flags. Walmart repeatedly attempted to divert the issue with queries concerning

4

Plaintiff's damage model, without regard to the clear and plain purpose of the data production, being to allow Plaintiff to evaluate Walmart's compliance, *vel non*, with the Controlled Substances Act and red flag review. Benzodiazepines and muscle relaxers (often part of drug "cocktails") are an important part of that review. *See* Master Dkt. No. 3106, at 5-6 and fn. 7. Walmart's attempt to limit the time period of its data to 2010 to 2018 also violates the well-reasoned MDL orders and seeks to undermine Plaintiff's ability to prove its allegations with baseline and historical information concerning Walmart's dispensing practices. It also ignores Plaintiff's allegations that Walmart's wrongful actions continue and that the nuisance remains unabated.[1]

Walmart's failures and delays will also impact Plaintiff's ability to comply with the September 5, 2025, red flag identification deadline.

Hence, Plaintiff brings the instant motion seeking an order to compel Walmart to produce its Kentucky statewide dispensing data: (1) for all prescription drugs required by Master Dkt. Nos. 3106 and 3170, including without limitation the 14 benzodiazepines and 4 muscle relaxers; and (2) for the time periods including January 1, 2006 to January 1, 2025. Plaintiff also requests an extension of up to sixty (60) days following Walmart's completion of its production to identify red flags concerning Walmart.

---

[1] Walmart intimated during a meet and confer session that the time period for its production should be limited because of the time period of Plaintiff's data production. Plaintiff, however, has produced prescription data for the time periods for which it maintains that data. The temporal scope of Plaintiff's production (based on the data it maintains) is irrelevant to the requirement that Walmart produce data beginning January 1, 2006, which is required so as to allow Plaintiff to develop its claims against Walmart for failing to comply with the CSA. Plaintiff needs an earlier temporal baseline for Walmart's dispensing activities to properly evaluate its conduct. This is consistent with the Special Master's reasoning in Master Dkt. No. 693, at 9.

III.     **ARGUMENT**

    D.   **Walmart Should be Compelled to Produce the 14 Benzodiazepines and 4 Muscle Relaxers Required by Master Dkt. Nos. 3106 and 3170.**

Plaintiff brings claims against the Pharmacy Defendants, which include extensive allegations that the Pharmacy Defendants failed to review and analyze red flags (including improper dispensing of benzodiazepines, muscle relaxers, and "cocktails") and failed to comply with the Controlled Substances Act. *See* Plaintiff's Second Amended Complaint, Dkt. No. 45 at ¶¶ 14, 382-393, and 452-501. Plaintiff's ability to review Pharmacy Defendants' dispensing practices for opioid prescriptions, benzodiazepines, and muscle relaxers is an important aspect of Plaintiff's claims concerning Pharmacy Defendants' liability causing conduct.

The facts here that necessitate Pharmacy Defendants' production of benzodiazepine and muscle relaxer data mirror those facts that formed the basis of the Special Master and Court's requirement that the Pharmacy Defendants produce the 14 benzodiazepines and 4 muscle relaxers in prior MDL litigation. *See* Master Dkt. Nos. 3106 and 3170. And, notably, CVS and Walgreens provided this benzodiazepine and muscle relaxer prescription data without dispute in this bellwether; Walmart has failed in this regard.

Without this benzodiazepine and muscle relaxer prescription data, Plaintiff cannot conduct a meaningful analysis of Walmart's dispensing practices, its compliance with the CSA, and red flag review, *vel non*. This analysis is crucial to Plaintiff's ability to prepare its claims. Rather than produce this obviously pertinent data, Walmart resisted and turned meet and confer sessions into queries about Plaintiff's damage models. Plaintiff repeatedly reiterated the fact that this prescription data pertains directly to allegations concerning Walmart's wrongful conduct, irrespective of damage models. Plaintiff's position on this is wholly consistent with the prior MDL orders of this Court.

6

Walmart failed to comply with MDL Orders and has deprived Plaintiff of information necessary for Plaintiff to perform red flag review and analysis of Walmart's dispensing practices. This materially undermines Plaintiff's ability to prepare its case and meet deadlines imposed by the Court. Walmart committed these failures without seeking relief from the prior MDL rulings, though no good cause exists for the deviation.

Walmart should be compelled to promptly produce the Kentucky statewide dispensing data for the 14 benzodiazepines and 4 muscle relaxers required by Master Dkt. Nos. 3106 and 3170.

### A. Walmart Should be Required to Produce Data from January 1, 2006 to Present.

To allow Plaintiff to establish a better baseline for Walmart's dispensing practices and, also, pertaining to Plaintiff's allegations that Walmart's improper dispensing conduct and CSA violations continue, Walmart should be compelled to supplement its dispensing data to produce Kentucky statewide data for all required fields for the time period of January 1, 2006 to January 1, 2025.

Plaintiff's Second Amended Complaint asserts that Walmart has engaged (along with its co-conspirators) in unlawful dispensing practices and misrepresentations dating back to the late 1990's. The SAC also asserts that Walmart has entered settlements for CSA violations dating back to 2007 and has other documented dispensing violations dating back to 2000. *See* Dkt. No. 45 at ¶¶ 451-467; 489-501). Accordingly, it is necessary that Walmart be required to produce dispensing data back to at least 2006 to allow Plaintiff to better establish a yardstick or baseline to review Walmart's dispensing practices.

Further, Plaintiff alleges that Pharmacy Defendants' improper dispensing conduct continues, and that the nuisance alleged continues and remains unabated. This necessitates that the Pharmacy Defendants be required to produce up-to-date dispensing data, with Walmart's 2018

7

cutoff (a time period now 7 years stale) wholly inadequate to allow Plaintiff to litigate these assertions that are pertinent to its bellwether nuisance claim. Accordingly, Walmart should be required to produce data to January 1, 2025.

Walmart should be compelled to supplement its statewide Kentucky data production to produce all required data for the time period January 1, 2006 to January 1, 2025.

### B. Plaintiff Should Be Granted an Extension of Time to Identify Red Flags as To Walmart Under the CMO.

Because the data at issue in this motion pertains directly to Plaintiff's review and identification of red flags, Plaintiff should be granted an extension of time from the CMO's September 5, 2025, deadline to identify "red flags" as to Walmart. The deadline for Plaintiff to identify "red flags" under the CMO should be extended to the date sixty (60) days following Walmart's completion of the production compelled pursuant to any order stemming from this motion.

### IV.  CONCLUSION

Plaintiff respectfully asks that the Court enter an order requiring the Walmart Defendants to promptly:

(1) supplement its statewide Kentucky dispensing data production to provide data for the time period of January 1, 2006 to January 1, 2025; and

(2) produce their statewide Kentucky data for the 14 benzodiazepines and 4 muscle relaxers required by Master Dkt. Nos. 3106 and 3170.

Plaintiff also requests that it be granted an extension of the deadline to identify "red flags" as to Walmart, with that deadline extended to sixty (60) days from the date Walmart completes its data supplementation compelled by the Court under this motion.

Dated: July 9, 2025                                        Respectfully Submitted,

                                                           /s/ Don Barrett

8

John W. ("Don") Barrett
David McMullan, Jr.
Richard Barrett
Sterling Aldridge
Barrett Law Group, P.A.
P.O. Box 927
404 Court Square North
Lexington, Mississippi 39095
Tel: (662) 834-2488
Fax: (662) 834-2628
dbarrett@barrettlawgroup.com
dmcmullan@barrettlawgroup.com
rrb@rrblawfirm.net
saldridge@barrettlawgroup.com

Mathew Klein
Richard G. Meyer
Joey Kramer
DRESSMAN BENZINGER LAVELLE PSC
109 East Fourth Street
Covington, KY 41011
Tel: (859) 426-2109
Fax: (859) 788-2011
mklein@dbllaw.com
rmeyer@dbllaw.com
jkramer@dbllaw.com

Warren Burns
Darren Nicholson
BURNS CHAREST, LLP
900 Jackson St., Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002
wburns@burnscharest.com
dnicholson@burnscharest.com

Charles J. LaDuca
David L. Black
Monica Miller
Jennifer E. Kelly
Evelyn Riley
CUNEO GILBERT & LADUCA, LLP
2445 M Street, NW, Ste. 740
Washington, DC 20037
Telephone: (202)789-3960

charles@cuneolaw.com
dblack@cuneolaw.com
monica@cuneolaw.com
jkelly@cuneolaw.com
evelyn@cuneolaw.com

Steve Martino
TAYLOR MARTINO, P.C.
51 St. Joseph St.
Mobile, AL 36602
Telephone: (251) 433-3131
SteveMartino@taylormartino.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

*/s/ Don Barrett*
John W. ("Don") Barrett