UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL 2804<br>Case No. 17-md-2804<br>Hon. Dan Aaron Polster |

## OPPOSITION TO GENERIC MANUFACTURERS' MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO OMNIBUS MOTIONS FOR LEAVE TO AMEND

Amending Plaintiffs respectfully submit this opposition to the Motion for Leave to File Sur-Reply in Opposition to Omnibus Motions for Leave to Amend submitted late yesterday by the "Jointly Opposing Generic Manufacturers" or "JOGMs," consisting of (a) Aurobindo Pharma USA, Inc. and Aurolife Pharma LLC; (b) KVK-Tech, Inc.; (c) Lupin Pharmaceuticals, Inc.; and (d) Tris Pharma Inc. (Doc. #6221, "Mot."). The Motion should be denied.

Local Rule 7.1 contemplates that when a party files a motion, the non-moving party must file an opposition, and the moving party may then file a reply. LR 7.1(c)–(e). "No additional briefing is authorized." *Sec'y of Dep't of Lab. v. United Transp. Union*, 2020 WL 13505569, at *3 (N.D. Ohio Mar. 27, 2020). Courts in the Sixth Circuit "rarely grant" leave to file sur-replies "and usually do so only in circumstances '[w]hen new submissions and/or arguments are included in a reply brief, and a non-movant's ability to respond to the new evidence has been vitiated.'" *Daisy Inv. Corp. v. City of Seven Hills*,

2024 WL 3759648, at *3 (N.D. Ohio Aug. 12, 2024) (quoting *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003)).  Indeed, sur-replies "are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter." *Vanocur Refractories LLC v. Fosbel, Inc.*, 2024 WL 4567282, at *5 (N.D. Ohio Oct. 24, 2024) (quoting *Loomis v. Unum Grp. Corp.*, 539 F. Supp. 3d 898, 904-05 (E.D. Tenn. 2021)).  The JOGMs' one-paragraph Motion is an improper attempt to give themselves—rather than Amending Plaintiffs—the advantage of the last brief.  It should be denied for at least two reasons.

*First*, the JOGMs' Motion is devoid of any argument whatsoever that even *attempts* to explain why their proposed sur-reply is necessary.  Nowhere in their perfunctory one-paragraph Motion—nor in their proposed sur-reply brief—do the JOGMs identify any new legal or factual arguments purportedly raised by Amending Plaintiffs in their reply brief that would warrant sur-reply consideration.  This fundamental deficiency alone mandates denial of their Motion.  *W. Bend Mut. Ins. Co. v. Osmic, Inc.*, 2024 WL 2784341, at *4–5 (N.D. Ohio May 30, 2024) (denying leave to file sur-reply where defendant "fail[ed] to identify any new arguments, issues, or assertions that he believes West Bend raised for the first time in its Reply.").

*Second*, even if had the JOGMs attempted to identify any purported new legal or factual issues in Amending Plaintiffs' reply brief, none exist.  *See* Doc. #6171.  Amending Plaintiffs' reply properly "expounded on arguments raised" in the initial Motion for Leave to Amend and "provided counterpoints to arguments raised" in JOGMs' Opposition.  *Demers v. Ohio C.R. Comm'n*, 2023 WL 7222842, at *1 (S.D. Ohio Nov. 1, 2023).

2

Accordingly, there is no legitimate need for any sur-reply beyond the JOGMs' transparent desire to "re-hash theories or facts which were already addressed" in prior briefing.  *Bell v. Toledo Gaming Ventures, LLC*, 2023 WL 6383627, at *11 (N.D. Ohio Sept. 30, 2023).  *Compare* Doc. #6221-1 (JOGMs' proposed sur-reply), *with* Doc. #5899 (JOGMs' Opposition).  But "the purpose of a sur-reply is not to permit re-argument after additional reflection."  *Baran v. Med. Device Techs., Inc.*, 666 F. Supp. 2d 776, 778 n.2 (N.D. Ohio 2009).  Absent any "new arguments or evidence," the JOGMs' proposed sur-reply constitutes nothing more than "an impermissible attempt to have the last word."  *Attractive Surgical, LLC v. Cleveland Clinic Found.*, 2019 WL 11075734 at *4 (N.D. Ohio Oct. 31, 2019) (internal quotation omitted).

Here, Amending Plaintiffs' Motion for Leave to Amend to Add the JOGMs was filed nearly one year ago.  *See* Doc. #550-54.  JOGMs had more than five months to prepare and submit their Opposition.  *See* Doc. #5765, 5899.  Moreover, Amending Plaintiffs filed their Reply on June 3, 2025 (Doc. #6171) – one month *early*—yet the JOGMs waited until yesterday to seek further briefing.  But their cursory Motion and accompanying proposed sur-reply fail to explain why such further briefing is warranted.  No such justification exists, and their Motion should be denied.

Dated:  July 10, 2025

Respectfully submitted,

Jayne Conroy
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
jconroy@simmonsfirm.com

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
FARRELL & FULLER LLC
270 Munoz Rivera Avenue, Suite 201
San Juan, PR  00918
(304)654-8281
paul@farrellfuller.com

*Plaintiffs' Co-Lead Counsel*

*/s/ Peter H. Weinberger*
Peter H. Weinberger (0022076)
SPANGENBERG SHIBLEY &LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

*/s/ Peter H. Weinberger*
Peter H. Weinberger