# Exhibit A

# Aranyi, Rachel

| | |
|---|---|
| **From:** | David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law> |
| **Sent:** | Wednesday, April 30, 2025 9:50 AM |
| **To:** | Gary Yarborough; Fumerton, Tara A. |
| **Cc:** | Kaspar Stoffelmayr; Don Barrett; Shannon M. McNulty; Kevin Coleman; saintelizabeth@barrettlawgroup.com; Xternal User - Paul Hynes; Michael Nance; Tabacchi, Tina M.; D'Aquila, Dennis A.; Xternal User - Sasha Miller; Xternal User - Anthony Ruiz; Zhou, Jason Z.; Manning, Elizabeth E. |
| **Subject:** | Re: Hospital Bellwether Second Amended Complaint (Urgent) |

**This Message Is From an External Sender**

If you are concerned about the message's content, highlight the email in your inbox and click "Report Suspicious" in the Outlook ribbon -or- contact 6Help.

Report Suspicious

Hi thanks for your emails.

I will not be issuing any directive on this. Ps should file their complaint and we will deal with it thereafter.

-d


========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

---

**From:** Gary Yarborough <gary@yarboroughlaw.co>
**Sent:** Wednesday, April 30, 2025 10:14 AM
**To:** Fumerton, Tara A. <tfumerton@jonesday.com>; David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Cc:** Kaspar Stoffelmayr <kaspar.stoffelmayr@bartlitbeck.com>; Don Barrett <donbarrettpa@gmail.com>; Shannon M. McNulty <smm@cliffordlaw.com>; Kevin Coleman <DKColeman@fcclaw.net>; saintelizabeth@barrettlawgroup.com <saintelizabeth@barrettlawgroup.com>; Xternal User - Paul Hynes <phynes@zuckerman.com>; Michael Nance <michael.nance@bartlitbeck.com>; Tabacchi, Tina M. <tmtabacchi@jonesday.com>; D'Aquila, Dennis A. <ddaquila@jonesday.com>; Xternal User - Sasha Miller <smiller@zuckerman.com>; Xternal User - Anthony Ruiz <aruiz@zuckerman.com>; Zhou, Jason Z. <jzhou@jonesday.com>; Manning, Elizabeth E. <emanning@jonesday.com>;

Gary Yarborough <gary@yarboroughlaw.co>
**Subject:** Re: Hospital Bellwether Second Amended Complaint (Urgent)

Special Master Cohen,

Consistent with Judge Polster's decision on April 16, 2025, our operative complaint (due to be filed today) sets aside the RICO claim that was part of our original complaint, but not identified in Plaintiff's fact sheet. As you likely recall, however, from the discussion of this issue earlier this month, Defendants argued against litigation of Plaintiff's RICO claim in the bellwether relying on similar decisions from Judge Polster and positions taken by Defendants in the TPP litigation. (See attached emails of April 16, 2025 and attached September 27, 2024 Email of Defendants in the TPP Litigation). In that TPP litigation, the Court determined:

> Plaintiff will identify in a formal notice filed on the docket, the claims to be litigated as part of the current bellwether proceeding. <u>The remaining claims from each complaint will be severed. The only claims that defendants will be required to answer at this time are the claims identified by each TPP Bellwether Plaintiff.</u>)
>
> (See attached September 27, 2024, Email<u>; see also </u>Dkt. No. 5666, ¶A.1 "The remaining claims from each complaint will be severed pursuant to Fed.R.Civ.P. 42(b) and stayed pending further Order. The only claims that defendants will be required to move to dismiss or answer at this time are the claims identified in the notice referenced above.").

Since receiving your email clarifying Judge Polster's April 16, 2025 decision concerning which claims will move forward in this bellwether, Plaintiff has mirrored the TPP holding by Judge Polster and reiterated to Defendants that it will--consistent with this TPP prior decision and Judge Polster's directive--state specifically in its amended complaint which claims are to be litigated in this bellwether (those being conspiracy, nuisance and Kentucky Consumer Protection Act based on Plaintiff's fact sheet). Plaintiff has also reiterated to Defendants that Plaintiff acknowledges -- consistent with the TPP decision and Judge Polster's directive—that the other claims are severed and stayed, and that Defendants do not now have to answer those claims in this bellwether. (See email of April 28, 2025 Yarborough - Manning).

Defendants' ongoing efforts to convert a decision on which claims will be litigated in the bellwether into a dismissal of Plaintiff's well-pleaded RICO cause of action, however, is both improper and inconsistent with the Court's prior orders concerning this issue, including the TPP order on which Defendants relied. That order requires "severance" (not dismissal) of claims not identified in the bellwether. (Dkt. No. 5666). Plaintiff Saint Elizabeth filed a RICO cause of action in its original Complaint (Case No. 1:18-op-46046,Dkt. No. 1), First Amended Complaint (Case No. 1:18-op-46046, Dkt. No. 33), and the Second Amended Complaint (now a nullity) (Case No. 1:18-op-46046, Dkt. No. 43), which Plaintiff is set to refile today. Defendants' insistence on effectuating a dismissal of Plaintiff's well-pleaded RICO causes of action, without motions, is violative of due process, circumvents the Federal Rules of Civil Procedure, and wholly ignores the case management order entered in this case which specifies (at Defendants' own insistence) that all prior orders in the TPP bellwether apply in the case at bar (See Case No. 1:18-op-46046, Dkt. No. 44, " The Court intends to adhere to all rulings made in prior MDL tracks. See TPP Order, Dkt. 5271 at 4."). Needless to say, all of these improper efforts are unwarranted, inappropriate under the Rules, and only serve to unnecessarily create controversy and waste time.

To be clear, Plaintiff understands that the only claims for which Defendants must answer now are those identified in the bellwether Plaintiff's fact sheet. This ministerial function of advancing the bellwether is not the equivalent of a substantive ruling and does not cause Plaintiff to lose its other causes of action. That procedural distinction is obvious to the Court as well, and consistent with the Court's directive concerning severance of claims. Plaintiff respectfully submits that the remaining claims should be severed, akin to the process specified in the TPP litigation referenced above and in this Court's prior orders.

With kind regards,

Gary M. Yarborough, Jr.
Barrett Law Group, P.A.
Yarborough Law Firm, PLLC
P.O. Box 4168
Bay Saint Louis, MS 39521
T. (228) 342-7987
E. gary@yarboroughlaw.co


On Tue, Apr 29, 2025 at 6:24 PM Fumerton, Tara A. <tfumerton@jonesday.com> wrote:
> Dear Special Master Cohen,
> Pharmacy Defendants in the St. Elizabeth Hospital Bellwether case (Track 23) respectfully request your assistance in advance of the refiling of Plaintiff's Second Amended Complaint slated for **tomorrow**. Following the Court's April 16 ruling, Defendants notified Plaintiff that they do not consent to the inclusion of a RICO claim in Plaintiff's Second Amended Complaint for this bellwether case and proposed a revised schedule for applicable CMO deadlines related to refiling the complaint.  Plaintiff's response and subsequent correspondence, however, suggests that Plaintiff intends to do more than simply refile its March 10 Second Amended Complaint without the RICO cause of action or any references to it.
> Despite the Court's ruling, Plaintiff appears to be unwilling to remove the RICO cause of action and references to RICO or limit its complaint to the three causes of action agreed to for this bellwether case.  To be clear, Defendants do not consent to the inclusion of RICO, or references to RICO, in the refiled Second Amended Complaint, object to the filing of a further amended complaint that does more than remove the unauthorized claims and language, and object to any effort by Plaintiff to expand the scope of the complaint to include claims beyond those that were expressly agreed to by the parties.  In addition, Defendants object to any efforts by Plaintiffs to plead claims beyond the three agreed upon claims and sever claims to be held for a later date.
> Defendants respectfully request that you direct that Plaintiff comply with the Court's order by simply removing the RICO cause of action and references to RICO from its March 10 Second Amended Complaint and refiling the complaint so the parties can proceed with this bellwether case in the manner agreed upon and ordered by the Court.
> Respectfully submitted,
> Tara
>
> **From:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
> **Sent:** Wednesday, April 16, 2025 2:30 PM
> **To:** Kaspar Stoffelmayr <kaspar.stoffelmayr@bartlitbeck.com>; Don Barrett <donbarrettpa@gmail.com>
> **Cc:** Shannon M. McNulty <smm@cliffordlaw.com>; Kevin Coleman <DKColeman@fcclaw.net>; Fumerton, Tara A.

<tfumerton@jonesday.com>; saintelizabeth@barrettlawgroup.com; Xternal User - Paul Hynes <phynes@zuckerman.com>; Michael Nance <michael.nance@bartlitbeck.com>; Tabacchi, Tina M. <tmtabacchi@jonesday.com>; D'Aquila, Dennis A. <ddaquila@jonesday.com>; Xternal User - Sasha Miller <smiller@zuckerman.com>; Xternal User - Anthony Ruiz <aruiz@zuckerman.com>; Zhou, Jason Z. <jzhou@jonesday.com>; Manning, Elizabeth E. <emanning@jonesday.com>
**Subject:** Re: Hospital Bellwether Second Amended Complaint

Dear Counsel:

I shared all of your position statements with Judge Polster, who asked me to convey the following.

The Judge agrees that allowing SEH to drop the Kentucky state law claim and instead pursue a RICO claim would make the SEH bellwether more representative of all MDL hospital cases, and would not cause Pharmacies any undue prejudice.

That said, it is clear that Hospitals agreed with Pharmacies on which case would be the bellwether, and explicitly agreed on which claims would be tried.  (I believe Hospitals also agreed we only needed one BW, not two, because of the pendency of the Florida case.)

Thus, absent agreement now by the Pharmacies to SEH's request to add a RICO claim, SEH is bound by its prior agreement.

The parties should please proceed accordingly, including submission by SEH of an appropriate SAC.

-d

=======================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

---

**From:** Kaspar Stoffelmayr <kaspar.stoffelmayr@bartlitbeck.com>
**Sent:** Wednesday, April 16, 2025 11:49 AM
**To:** Don Barrett <donbarrettpa@gmail.com>
**Cc:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>; Shannon M. McNulty <smm@cliffordlaw.com>; Kevin Coleman <DKColeman@fcclaw.net>; Xternal User - Tara Fumerton <tfumerton@JonesDay.com>; saintelizabeth@barrettlawgroup.com <saintelizabeth@barrettlawgroup.com>; Xternal User - Paul Hynes <phynes@zuckerman.com>; Michael Nance <michael.nance@bartlitbeck.com>; Xternal User - Tina Tabacchi <tmtabacchi@jonesday.com>; Xternal User - Dennis D'Aquila <ddaquila@jonesday.com>; Xternal User - Sasha Miller <smiller@zuckerman.com>; Xternal User - Anthony Ruiz <aruiz@zuckerman.com>; Xternal User - Jason Zhou <jzhou@jonesday.com>; Xternal User - Elizabeth Manning <emanning@jonesday.com>
**Subject:** RE: Hospital Bellwether Second Amended Complaint

David,

If I can bother you with one more email while Tara is in a deposition: The question here isn't whether Plaintiff can come up with an argument to reconsider its own prior decision not to pursue a RICO claim. The issue has already been conclusively resolved by agreement of the parties and by an order of the Court. There is no reason for the Court to reopen the question with a new round of briefing.

It was also for good reason that everyone agreed that a RICO claim does not make sense in this particular case. Unlike the TPP cases, hospital plaintiffs represented by the same lawyers have already brought RICO claims against the same Defendants in multiple other courts, including the Florida case set for trial in September. It would serve little purpose for the parties and the Court to devote resources to testing the same claims again in this Court's bellwether rather than claims that are not already being litigated elsewhere. In the TPP cases, by contrast, there are no other TPP cases proceeding outside the MDL, and the TPP Plaintiffs represented from the outset (in both their PFSs and at hearings) that they intended to proceed primarily on a RICO theory, which is the opposite of the circumstances here.

Thank you.

Kaspar

**BartlitBeck** LLP
Kaspar Stoffelmayr | p: 312.494.4434 | c: 312.391.1721 | Kaspar.Stoffelmayr@BartlitBeck.com
Courthouse Place, 54 West Hubbard Street, Chicago, IL 60654

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

---

**From:** Don Barrett <donbarrettpa@gmail.com>
**Sent:** Wednesday, April 16, 2025 9:14 AM
**To:** Don Barrett <donbarrettpa@gmail.com>
**Cc:** David R. Cohen <david@specialmaster.law>; Shannon M. McNulty <smm@cliffordlaw.com>; Kevin Coleman <DKColeman@fcclaw.net>; Xternal User - Tara Fumerton <tfumerton@JonesDay.com>; saintelizabeth@barrettlawgroup.com; Xternal User - Paul Hynes <phynes@zuckerman.com>; Michael Nance <michael.nance@bartlitbeck.com>; Xternal User - Tina Tabacchi <tmtabacchi@jonesday.com>; Xternal User - Dennis D'Aquila <ddaquila@jonesday.com>; Xternal User - Sasha Miller <smiller@zuckerman.com>; Xternal User - Anthony Ruiz <aruiz@zuckerman.com>; Kaspar Stoffelmayr <kaspar.stoffelmayr@bartlitbeck.com>
**Subject:** Re: Hospital Bellwether Second Amended Complaint

**Caution: External Message**
Dear David,

May I please weigh in with a thought about this which I think is practical and sensible, a modest proposal, if you will.

Bellwethers are supposed to advance the litigation toward resolution. The hospitals' RICO claims are very important to us. (In our upcoming September trial in Broward County, Florida, for 26 Florida hospitals, our RICO count is the only count we are proceeding on.)

Were we to be prevented from trying our RICO count in this bellwether, and happen to lose on our other counts, then we simply would move to go forward with another trial on our severed RICO count.

5

Defendants would have gained nothing, and both sides would have wasted a lot of time and money, having reached a judgment but no resolution.

If Judge Polster meant his ruling to apply beyond the TPP cases, there is no rule preventing the Court from amending the ruling to allow the hospitals to add the RICO count, in order to have a bellwether case which can perform its intended purpose.

The Defendants cannot (with a straight face, anyway) claim prejudice; they have been preparing their RICO defense against us for a couple of years already. However, if they claim they will need extra time, we will give it to them.

Most respectfully,

Don
Don Barrett
Barrett Law Group, P.A.
404 Court Square North
Lexington, MS 39095-0927
Office 662.834.9168
Home 662.834.3044
Cell 850.797.2574
donbarrettpa@gmail.com


> On Apr 16, 2025, at 7:24 AM, Don Barrett <donbarrettpa@gmail.com> wrote:

Don Barrett
Barrett Law Group, P.A.
404 Court Square North
Lexington, MS 39095-0927
Office 662.834.9168
Home 662.834.3044
Cell 850.797.2574
donbarrettpa@gmail.com


On Wed, Apr 16, 2025 at 7:13 AM David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law> wrote:
I think the answer to my question may be the 9/27/24 email set forth below, but LMK if I am missing something.

**From:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Sent:** Friday, September 27, 2024 11:02 AM
**To:** Laura Fitzpatrick <lfitzpatrick@simmonsfirm.com>

**Cc:** Fumerton, Tara A. <tfumerton@jonesday.com>

**Subject:** Re: TPP CMO Langage change

Greetings.  Judge Polster has asked me to convey the following.

Plaintiffs will be allowed to litigate only the claims ==highlighted in yellow== below.

As for the language at section A.1 in the proposed CMO, consistent with this ruling, please use the following:

Seven days from the entry of the present CMO, each TPP Bellwether Plaintiff will identify in a formal notice filed on the docket, the claims to be litigated as part of the current bellwether proceeding.  The remaining claims from each complaint will be severed. The only claims that defendants will be required to answer at this time are the claims identified by each TPP Bellwether Plaintiff. Seven days after the filing on the docket of the placeholder class-action complaint referenced in ECF No. 5638 and subparagraph 4 below, TPP Bellwether Plaintiffs shall file Amended Complaints removing class allegations. Said Amended Complaints will include a reference, citing to the respective docket entries, of the formal notice referenced above.

**Claims Pled in TPP Amended Complaints:**

Local 25:

1. ==RICO Claims==
2. Negligence
3. Unjust Enrichment
4. ==Civil Conspiracy==


UFCW

1. ==RICO Claims==
2. Public Nuisance
3. Negligence
4. ==Consumer Fraud Claim==
5. ==Civil Conspiracy==


Pioneer

1. ==RICO Claims==
2. Negligence
3. Unjust Enrichment
4. ==Civil Conspiracy==
5. ERISA Equitable Relief


LAIF

1. ==RICO Claims==
2. ==LA State Racketeering Claims==
3. Redhibition
4. Negligence
5. ==Civil Conspiracy==
6. ==LA Unfair Trade Practices/Consumer Protection Claim==

========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

**From:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Sent:** Wednesday, April 16, 2025 7:16 AM
**To:** Shannon M. McNulty <smm@cliffordlaw.com>; Kevin Coleman <DKColeman@fcclaw.net>; Fumerton, Tara A. <tfumerton@jonesday.com>
**Cc:** saintelizabeth@barrettlawgroup.com <saintelizabeth@barrettlawgroup.com>; Hynes, Paul B. <phynes@zuckerman.com>; Michael Nance <michael.nance@bartlitbeck.com>; Tabacchi, Tina M. <tmtabacchi@jonesday.com>; D'Aquila, Dennis A. <ddaquila@jonesday.com>; Miller, Sasha <smiller@zuckerman.com>; Xternal User - Anthony Ruiz <aruiz@zuckerman.com>; Kaspar Stoffelmayr <kaspar.stoffelmayr@bartlitbeck.com>
**Subject:** Re: Hospital Bellwether Second Amended Complaint

Good morning.  Question for Tara:

Your email below contains this observation: "When the TPP bellwether plaintiffs attempted to add causes of action in amended complaints that were not included in their fact sheets submitted for purposes of bellwether selection, the Court did not allow it."

Can you identify for me the ruling disallowing?  I think it was made during a telecon or Zoom, but I cannot find it.

Thanks.

-d

8

========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

---

**From:** Shannon M. McNulty <smm@cliffordlaw.com>
**Sent:** Monday, April 14, 2025 6:52 PM
**To:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>; Kevin Coleman <DKColeman@fcclaw.net>; Fumerton, Tara A. <tfumerton@jonesday.com>
**Cc:** saintelizabeth@barrettlawgroup.com <saintelizabeth@barrettlawgroup.com>; Hynes, Paul B. <phynes@zuckerman.com>; Michael Nance <michael.nance@bartlitbeck.com>; Tabacchi, Tina M. <tmtabacchi@jonesday.com>; D'Aquila, Dennis A. <ddaquila@jonesday.com>; Miller, Sasha <smiller@zuckerman.com>; Xternal User - Anthony Ruiz <aruiz@zuckerman.com>; Kaspar Stoffelmayr <kaspar.stoffelmayr@bartlitbeck.com>
**Subject:** RE: Hospital Bellwether Second Amended Complaint

Good evening, Special Master Cohen,

Kevin is again on-the-road but, on his behalf, Plaintiff submits its position as set forth in the email dated April 7th. Ms. Fumerton also supplied the same response in an email attachment sent Friday afternoon subsequent to Kevin's observation that Plaintiff's position had not been transmitted. For convenience to all, I've simply pasted it below:

> **From:** D. Kevin Coleman <DKColeman@fcclaw.net>
> **Sent:** Monday, April 7, 2025 2:42 PM
> **To:** Manning, Elizabeth E. <emanning@jonesday.com>; Fumerton, Tara A. <tfumerton@jonesday.com>
> **Cc:** Hynes, Paul B. <PHynes@zuckerman.com>; Michael Nance <michael.nance@bartlitbeck.com>; saintelizabeth@barrettlawgroup.com; Tabacchi, Tina M. <tmtabacchi@jonesday.com>; D'Aquila, Dennis A. <ddaquila@jonesday.com>
> **Subject:** St. Elizabeth bellwether
>
> Dear Counsel,
> This will respond to your request that St. Elizabeth agree to dismiss its recently amended RICO claim due to its absence from St. Elizabeth's original fact sheet.  This is not a new claim, as you suggest.  St. Elizabeth alleged a RICO cause of action in its First Amended Complaint (FAC) in 2019.  Because (1) the inclusion of St. Elizabth's RICO claim, coupled with the removal of its Kentucky Consumer Protection Act (CPA) claim, would be more representative of the hospital plaintiffs' claims as a whole, and (2) because defendants would not be prejudiced by the inclusion of St. Elizabeth's RICO claim in the bellwether, Plaintiff must respectfully decline defendants' request.
> St. Elizabeth amended its fact sheet on February 24, 2025 to reflect the Plaintiff's intention to pursue its RICO claim against the defendants and abandon its CPA claim.  On March 10, 2025 St. Elizabeth filed its Second Amended Complaint (SAC) which maintained its RICO claim and dropped its CPA claim, with the RICO claim being the underlying violation intertwined with Plaintiff's conspiracy claim, which is consistent with the Plaintiff Fact Sheet.

As Judge Polster has noted "'the whole purpose of bellwether litigation…is to enable other litigants to learn from the experience and reassess their tactics and strategy (and, hopefully, settle).'" *In re Nat'l Prescription Opioid Litig.*, Nunc Pro Tunc Order, p. 2 (August 15, 2019)(Doc. 2438), quoting *In re Cox Enters., Inc. Set-top Cable Television Box Antitrust Litig.*, 835 F.3d 1195, 1208 (10th Cir. 2016). "A bellwether trial is where a small number of class-action plaintiffs, **who can adequately represent the class, test their claims and legal theories first**, before proceeding with the rest of the class." *Abrams v. Nucor Steel Marion, Inc.* 2017 U.S. App. LEXIS 9323, *4, n. 2 (6th Cir. 2017)(emphasis added). "For bellwether trials to fulfill their purpose, the selected plaintiffs **and their claims 'should be representative of the range of cases**.'" *Adams v. Deva Concepts*, LLC, 2023 U.S. Dist. LEXIS 179559, *10 (S.D.N.Y. 2023) quoting MANUAL FOR COMPLEX LITIGATION (Fourth) §22.315 (Fed. Jud. Ctr. 20040 (emphasis added). In order to fulfill the bellwether's "informational" mission, the parties must litigate the RICO claim which predominates over CPA claims in the hospital cases.

The amendment of St. Elizabeth's fact sheet and the maintenance of its RICO claim in the SAC was necessitated by the fact that many more hospitals have asserted RICO claims than CPA claims. 137 hospital plaintiffs have asserted RICO claims against the defendants while only 91 hospitals have asserted claims under their respective state's CPAs. The inclusion of the RICO claim in the bellwether trial thus supports the "core element of representativeness". *In re Chevron U.S.A., Inc.*, 109 F.3d 1016, 1019 (5th Cir. 1997). Conversely, testing the Kentucky CPA claim would be less helpful to the defendants and other hospitals because both liability and recoverable damages under any CPA are more likely to vary from state to state. Adjudicating St. Elizabeth's RICO claim in the bellwether would provide more information for settlement purposes for both the defendants and the non-bellwether hospitals. Such clarity of result would support the overall purpose of a bellwether case.

The defendants are not prejudiced in any way by the inclusion of St. Elizabeth's RICO claim in the bellwether. The RICO claim was alleged in St. Elizabeth's FAC in 2019. The defendants have defended against RICO claims in opioid cases in multiple jurisdictions throughout the country. The defendants are currently defending against RICO claims brought by Florida hospitals in an opioid action set for trial in September. Discovery has been completed, the Plaintiffs have provided expert reports and the parties are currently deposing experts. Further, the development of the record in Florida, focused on RICO, will allow the parties to utilize more of that developed record in this case by deeming documents and testimony on those issues produced here, subject to appropriate limitations and reservation of all rights.

The parties' January 13, 2025 letter to Judge Polster identifying St. Elizabeth as the bellwether plaintiff does not include an agreement between the parties that St. Elizabeth's selection was contingent on its prosecution of the three claims identified in the original fact sheet. Even if it were the case that defendants only agreed to St. Elizabeth as the bellwether plaintiff because it had not asserted a RICO claim in its original fact sheet, such an expectation must give way to the purpose of a bellwether trial – to enable other litigants to learn from the bellwether experience. If the RICO claim is excluded from the bellwether, both the defendants and the non-bellwether hospitals will be left without a basis for gauging the value of the RICO claims. The value of the bellwether would be diminished significantly as a result.

While the CMO does identify the three fact sheet claims to be prosecuted, the CMO also acknowledges that plaintiff was expected to file an amended complaint. The CMO also sets forth a briefing schedule for defendants' anticipated motions to dismiss. If the defendants believe they have legal grounds for the dismissal of Plaintiff's RICO cause of action, they should address them in motions to dismiss as set forth in the CMO.

D. Kevin Coleman
Attorney

Cell 304.281.4426
Office 304.225.5990
Fax 304.225.5980
Charleston | Morgantown | Beckley
farmerclinecampbell.com

\<image001.png\>

Some combination of us can be available for a call this evening or tomorrow, if helpful.

Many thanks,
Shannon

\<image002.png\>
Shannon M. McNulty
Partner
120 N. LaSalle Street
Suite 3700
Chicago, IL 60602
Phone: 312-899-9090
smm@cliffordlaw.com
www.CliffordLaw.com

\<image003.png\>

\<image004.png\>

\<image005.png\>

\<image006.png\>

\<image007.png\>

**From:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Sent:** Monday, April 14, 2025 4:54 PM
**To:** Kevin Coleman <DKColeman@fcclaw.net>; Fumerton, Tara A. <tfumerton@jonesday.com>
**Cc:** saintelizabeth@barrettlawgroup.com; Hynes, Paul B. <phynes@zuckerman.com>; Michael Nance <michael.nance@bartlitbeck.com>; Tabacchi, Tina M. <tmtabacchi@jonesday.com>; D'Aquila, Dennis A. <ddaquila@jonesday.com>; Miller, Sasha <smiller@zuckerman.com>; Xternal User - Anthony Ruiz <aruiz@zuckerman.com>; Kaspar Stoffelmayr <kaspar.stoffelmayr@bartlitbeck.com>
**Subject:** Re: Hospital Bellwether Second Amended Complaint

**CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Kevin, you indicated below that I should expect an additional response, is that still forthcoming?
-d


======================
This email sent from:

11

David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

---

**From:** D. Kevin Coleman <DKColeman@fcclaw.net>
**Sent:** Friday, April 11, 2025 3:14 PM
**To:** Fumerton, Tara A. <tfumerton@jonesday.com>; David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Cc:** saintelizabeth@barrettlawgroup.com <saintelizabeth@barrettlawgroup.com>; Hynes, Paul B. <phynes@zuckerman.com>; Michael Nance <michael.nance@bartlitbeck.com>; Tabacchi, Tina M. <tmtabacchi@jonesday.com>; D'Aquila, Dennis A. <ddaquila@jonesday.com>; Miller, Sasha <smiller@zuckerman.com>; Xternal User - Anthony Ruiz <aruiz@zuckerman.com>; Kaspar Stoffelmayr <kaspar.stoffelmayr@bartlitbeck.com>
**Subject:** RE: Hospital Bellwether Second Amended Complaint

Special Master Cohen,

We note that Ms. Fumerton has not provided to you the Hospital's position (which we understood to be part of the process described after our first session with you). Due to press of other matters this afternoon, ==we will respond more substantively by early this evening.==

## D. Kevin Coleman
Attorney

Cell 304.281.4426
Office 304.225.5990
Fax 304.225.5980
Charleston | Morgantown | Beckley
farmerclinecampbell.com


<image001.png>

CONFIDENTIALITY NOTE: This e-mail message from the law offices of Farmer, Cline & Campbell, PLLC is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, distribution, or other dissemination of this e-mail message and/or the information contained therein is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.


**From:** Fumerton, Tara A. <tfumerton@jonesday.com>
**Sent:** Friday, April 11, 2025 2:32 PM
**To:** David R. Cohen <david@specialmaster.law>
**Cc:** saintelizabeth@barrettlawgroup.com; Hynes, Paul B. <phynes@zuckerman.com>; Michael Nance <michael.nance@bartlitbeck.com>; Tabacchi, Tina M. <tmtabacchi@jonesday.com>; D'Aquila, Dennis A. <ddaquila@jonesday.com>; Miller, Sasha <smiller@zuckerman.com>; Xternal User - Anthony Ruiz

<aruiz@zuckerman.com>; Kaspar Stoffelmayr <kaspar.stoffelmayr@bartlitbeck.com>

**Subject:** Hospital Bellwether Second Amended Complaint

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Dear Special Master Cohen,

We write on behalf of the Pharmacy Defendants named in the Hospital Bellwether (St. Elizabeth) case. We need your immediate guidance on one issue: St. Elizabeth's Second Amended Complaint purports to assert different causes of action than those authorized by St. Elizabeth's sworn Plaintiff Fact Sheet and the Court's Case Management Order.

As you know, Judge Polster required Hospital Plaintiffs to prepare and submit a Hospital Plaintiff Fact Sheet as a key part of the bellwether selection process. The Hospital Plaintiff Fact Sheet, the form of which was agreed to by Hospital Liaison Counsel, Don Barrett (also counsel for St. Elizabeth), required each Hospital Plaintiff to identify three or fewer causes of action on which Plaintiff intended to proceed in a Bellwether Case if selected. Plaintiff identified the following three causes of action in its certified PFS: 1. Public Nuisance; 2. Conspiracy; 3. Kentucky's Consumer Protection Act (K.R.S. 367.120). *See* St. Elizabeth's January 14, 2024 Hospital Plaintiff Fact Sheet at 14-15 (attached).

The parties then negotiated a proposed Case Management Order, which the Court entered (attached). That Case Management Order provides:

1. **Pleadings and Answers**

    1. **Pleadings.** Hospital Bellwether Plaintiff filed an Amended Complaint on March 16, 2019 in Case No. 1:18-OP-46046.1. To the extent Hospital Bellwether Plaintiff intends to amend its complaint further, it shall file a **Second Amended Complaint** (the "Hospital Bellwether Complaint") by no later than March 10, 2025, **which shall be consistent with Hospital Bellwether Plaintiff's January 14, 2024 certified Plaintiff Fact Sheet and the Parties' January 13, 2025 letter to the Court, including that the claims to be litigated in Plaintiff's Hospital Bellwether Complaint against Defendants will be on an individual basis and will be limited to public nuisance, conspiracy and Kentucky's Consumer Protection Act (K.R.S. 367.120)**. (emphasis added).

This language in the Court's order, which was *agreed* to by the parties (correspondence to you attached for your convenience), also requires that Plaintiff's claims will be limited to public nuisance, conspiracy and the Kentucky Consumer Protection Act (K.R.S. 367.120).

Plaintiffs' Second Amended Complaint, however, violates both this provision of the Court's Case Management Order and St. Elizabeth's certified Plaintiff Fact Sheet that St. Elizabeth submitted in advance of bellwether selection by improperly including a RICO claim.

When the TPP bellwether plaintiffs attempted to add causes of action in amended complaints that were not included in their fact sheets submitted for purposes of bellwether selection, the Court did not allow it. St. Elizabeth's attempt to do the same thing is even more improper, as it violates express language in a Court order that St. Elizabeth agreed should be included in the order.

Plaintiff should be required to re-plead its Second Amended Complaint in compliance with the Court's order and its fact sheet, without a RICO cause of action (or any references to it).

We have conferred with Plaintiff's counsel on this issue but have been unable to reach any agreement.

Please let us know if we should file a formal motion or how the Court would like us to address this issue.

Respectfully,

Tara

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

---

CONFIDENTIALITY NOTE: The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in the communication or any attachments.

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***