IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
|---|---|
| This document relates to: *Member Case # 1:18-op-45985-DAP* | Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

### J M SMITH CORPORATION'S OPPOSITION TO PLAINTIFF MICHAEL MASIOWSKI'S MOTION FOR LEAVE TO FILE AN UNTIMELY REPLACEMENT REPLY

After the July 29, 2024 deadline to move for leave to amend passed, Plaintiff Michael Masiowski filed four documents without leave on the master MDL docket: a corrected motion and pleading (ECF 5582; 5582-1), and a notice and second corrected pleading (ECF 5827; 5827-1).  The Court has yet to consider the timeliness of the former but has already struck the latter. (ECF 5933).  Undeterred, Masiowski now seeks to file yet another late replacement document because he neglected to respond to the opposition of Defendant J M Smith Corporation ("Smith").  (ECF 6217).  Although Masiowski was served with Smith's opposition nearly six months ago, (ECF 5882), he provides no explanation for why it went unheeded until now.  For failing to demonstrate *excusable* neglect, Masiowski's latest do-over attempt should be rejected.

### ARGUMENT

Whether a missed deadline should be excused is an equitable determination made in the Court's discretion.  *Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 522 (6th Cir. 2006).[1]

---

[1] Two rules potentially govern Masiowski's extension request.  First, Rule 16(b) authorizes modification to scheduling orders "only for good cause and with the judge's consent[,]"  Fed. R. Civ. P. 16(b)(4) (emphasis added), and requires the party to demonstrate "diligence in attempting to meet the case management order's requirements."  *See Wheatt v. City of East Cleveland*, No. 1:17-CV-377, 2017 WL 5466653, at *1 (N.D. Ohio Nov. 14, 2017).  Second, Rule 6(b)(1)

Courts weigh the following factors: (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith.  *Id.*  These factors are evaluated against "all relevant circumstances" including a history of neglect or dilatory conduct.  *Nafziger*, 467 F.3d at 523 (cleaned up).  Masiowski has the burden of showing his neglect should be excused under the circumstances.  *See Wilkerson v. Jones*, 211 F.Supp.2d 856, 858 (E.D. Mich. 2002).

**Length of Delay (factor 2).**  Smith filed its opposition to Masiowski's motion for leave to amend on January 16, 2025, (ECF 5882), as did several other defendant groups.  (*See* ECF 5878 (PBMs); ECF 5901 (large distributors); ECF 5909 (manufacturers)).[2]  While Masiowski requested an extension of the deadlines to reply to the oppositions filed by the large distributors, PBMs, and manufacturers, (ECF 5923), no similar extension request was made for the deadline to reply to Smith's opposition.  In a Text Order entered January 31, 2025, the Court granted his *targeted* extension request and generously set a new reply deadline of July 2, 2025.  This left the reply to Smith's opposition still due January 23, 2025.[3]  His after-the-fact request to file an

---

generally provides that courts "may" extend a deadline "for good cause[,]"  Fed. R. Civ. P. 6(b)(1) (emphasis added).  While both rules require the moving party to demonstrate good cause, Masiowski elected to move only under Rule 6(b), which requires an additional requirement of demonstrating excusable neglect where, as here, the extension request is made after the applicable deadline.  Fed. R. Civ. P. 6(b)(1)(B).  The excusable neglect requirement is "more stringent."  *First Tech. Cap., Inc. v. BancTec, Inc.*, No. 5:16-CV-138-REW, 2017 WL 2735516, at *5 (E.D. Ky. June 26, 2017).

[2] A group of large pharmacy defendants had previously filed an opposition to Masiowski's effort to add them.  (ECF 5771).

[3] The reply deadline was never reset by court order after the opposition deadlines were extended. (*See* Nov. 20, 2024 Text Order).  Accordingly, the deadline was governed by Local Rule 7.1(e).

untimely reply comes *162 days* after the deadline.[4]  Contrary to Masiowski's breezy assertion, this is not a "nominal" delay.  (ECF 6217 at 3).  *See Washington v. Miami Cnty.*, 2022 WL 22715101, at *3 (S.D. Ohio 2022) (17-day delay "significant").  Allowing an untimely reply would only further delay resolution of a motion that has been pending for nearly 11 months.  Indeed, this Court determined an extension of the July 2 deadline unwarranted.  (ECF 6208).

Even if the applicable deadline were July 2, 2025, it would still weigh against excusing Masiowski's delay.  *See Washington*, 2022 WL 22715101, at *3 ("the Court already, *sua sponte*, gave Washington a generous extension—more than double the amount of time typically allowed to respond to the motions.").  *See also Preserve Partners, Inc. v. Sawmill Park Properties, LLC*, No. 2:22-cv-477, 2024 WL 469318, at *1 (S.D. Ohio Feb. 7, 2024) ("And as the Sixth Circuit has observed, overly discounting short delays would deprive the term 'deadline' of much of its meaning.") (cleaned up).

***Reason for the delay and reasonable control (factors 3 & 4).***  In the excusable-neglect analysis, "the reason for the delay is given the most weight."  *U.S. v. Elenniss*, 729 F. App'x. 422, 425 (6th Cir. 2018).  Indeed, "[c]ourts have routinely rejected untimely filings" where only this single factor weighs in favor of doing so—even when the reason is a mistake by counsel.  *Gohl v. Livonia Public Schools*, No. 12-cv-15199, 2016 WL 2848421, at *2 (E.D.Mich. May 16, 2016) (citing *Jarvis v. Parker*, 13 F. Supp. 3d 74, 79 (D.D.C. 2014)).  Strange, then, that Masiowski's only "excuse" is a single sentence observing that Smith's opposition was filed on

---

[4] Smith's opposition was filed on January 16, 2025.  Accordingly, Masiowski's reply was due on January 23, 2025.  *See* Local Rule 7.1(e).  His first extension request for the deadline as to Smith was filed 162 days later on July 3, 2025.  (ECF 6217).

the master MDL docket only. (ECF 6217 at 3). But filing on the master MDL docket unquestionably "constitute[d] proper service[,]" (ECF 232 at ¶ 4), and Masiowski does not claim otherwise. Yet, he makes no attempt to demonstrate that he overlooked the filing despite exercising reasonable diligence. For example, Masiowski's counsel neither discloses when he first saw Smith's opposition nor asserts that there was a delay in reviewing it—and if so, for how long it went unreviewed and why. This silence is even more glaring given that Masiowski managed to timely review, seek an extension for, and reply to, a different opposition that was also filed only on the master MDL docket. (*See* ECF 5901; ECF 5923; ECF 6215). At most, Masiowski implies that he ***inadvertently*** neglected to review Smith's opposition, but that does not establish ***excusable*** neglect. *See Hank v. Great Lakes Constr. Co.*, No. 1:16-cv-02104, 2017 WL 10127362, at *1 (N.D. Ohio Aug. 2, 2017) ("inadvertence does not usually constitute excusable neglect") (cleaned up) (quoting *Howard v. Nationwide Prop. and Cas. Ins. Co.*, 306 F. App'x. 265, 267 (6th Cir. 2009). As for reasonable control, "meeting time deadlines" clearly fell within his counsel's ambit. *See Marsh v. Richardson*, 873 F.2d 129, 131 (6th Cir. 1989).

***Good faith conduct (factor 5).*** Masiowski offers no evidence of his good faith beyond his own conclusory statement that "Counsel acted in good faith in meeting the Court's deadlines regarding briefing on Motions for Leave to Amend to this point." (ECF 6217 at 3). That stands in stark contrast to the displeasure expressed by this Court over the tactics employed by Masiowski's counsel "to avoid at least two clear orders of the Court—one setting a final deadline [to file motions for leave to amend] and one denying his motion for extension of time." (ECF 5933 at 4).

Masiowski twice deployed this procedural tactic to cure several missteps even though "[t]his Court made very clear to all plaintiffs—including Masiowski—that July 29, 2024, was a

4

final deadline for moving to amend their complaints." (ECF 5933 at 2). First, on August 8, 2024, Masiowski filed a corrected motion for leave to amend and corrected pleading on the master MDL docket without permission. (ECF 5582; 5582-1). This unauthorized effort was filed on the master MDL docket—the original motion for leave to amend was filed on the case-specific docket *only* and was thus never served on Smith, (*see* ECF 33, 1:18-op-45985)—and belatedly sought leave to add two defendants that were purportedly "erroneously omitted" from his original pleading including Smith Drug Company, an unincorporated division of Smith. (ECF 5582 at 1). Second, on December 19, 2024, Masiowski filed a notice attaching a replacement proposed amended complaint (ECF 5827; 5827-1), which the Court already struck as untimely. (ECF 5933 at 4).[5]

This is now the ***third*** time over the course of this motion practice that Masiowski has sought to file a replacement document after the deadline. This "consistent pattern of waiting until after the deadline" to cure deficiencies, coupled with his failure to adequately explain the circumstances for missing this latest deadline, exposes Masiowski's failure to demonstrate excusable neglect. *See Jones*, 211 F.Supp.2d at 860.

***Danger of prejudice to Smith (factor 1).*** Masiowski's claim that Smith is in no danger of being prejudiced by an extension (the first factor) is also conclusory. Yet, although still woefully inadequate, his omnibus reply demonstrates that Masiowski may have tactically

---

[5] The order striking the second authorized filings also noted the existence of the first unauthorized filings but did not address them because the parties to the motion to strike were unaffected by them and so did not ask for that relief. (ECF 5933 at 2, n.2). Smith was affected and argued in its opposition that the first unauthorized replacement filings—Masiowski's corrected motion for leave to amend and proposed pleading—were untimely. (ECF 5882 at 4-6)

withheld evidence from his unauthorized, corrected motion to be used in his reply. (*Compare* ECF 5582 at 4, n.3 *with* ECF 6215 at 2-7). Sandbagging tactics are highly prejudicial, designed to deprive opposing parties a fair chance to respond, and further militates in favor of excusing Masiowski's own neglect. *See, e.g.*, *Barber v. Comm'r of Soc. Sec.*, 2019 WL 2353420, at *3 (S.D.Ohio 2019) ("The [movant] cannot be permitted to reserve argument and evidence until the reply brief and thereby sandbag the [non-movant] who has no opportunity to respond.").[6]

## CONCLUSION

Masiowski has failed to demonstrate good cause to extend the reply deadline. Although his neglect is apparent, he offers no sufficient justification for excusing it. He did not act reasonably or diligently in filing a reply or seeking a timely extension of the reply deadline. For these reasons, Masiowski's request for leave to file a reply to Smith's opposition should be denied.

Dated: July 17, 2025                                            Respectfully submitted,

                                                                                     **FOX ROTHSCHILD LLP**

*/s/ John J. Haggerty*
John J. Haggerty (Ohio Bar No. 0073572)
Fox Rothschild LLP
2800 Kelly Road, Suite 200
Warrington, PA 18976
Tel: (215) 345-7500
Fax: (215) 345-7507
jhaggerty@foxrothschild.com

*Counsel for J M Smith Corporation*

---

[6] Masiowski's four-page motion for leave to file a reply, which is littered with vague and conclusory statements, appears ripe for the same trojan-horse tactic.

## CERTIFICATE OF SERVICE

I certify that, on this July 17, 2025, I electronically filed a copy of the foregoing with the Clerk of Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

                                          **FOX ROTHSCHILD LLP**

By: */s/ John J. Haggerty*
      John J. Haggerty, Esquire