UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION

| THIS DOCUMENT RELATES TO: | MDL No. 2804 |
|---|---|
| *Masiowski v. AmerisourceBergen Drug Corp., et al.*, No. 18-op-45985 | Case No. 1:17-md-2804 |
|  | Judge Dan Aaron Polster |

**PLAINTIFF MASIOWSKI'S REPLY IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE CORRECTED OMNIBUS REPLY**

On July 3, 2025, Plaintiff Michael Masiowski requested leave from this Court [Doc. 6217] to file a corrected Omnibus Reply to Defendants' Opposition in order to cure scrivener's error and moved for leave to reply to Defendant's J M Smith a/k/a Smith Drug Company's ("Smith") Opposition to Michael Masiowski's Motion for Leave to Amend [Doc. 5882], citing excusable neglect in overlooking Defendant J M Smith a/k/a Smith Drug Company's filed opposition.

On July 17, 2025, Smith filed an Opposition to Plaintiff's Motion [Doc. 6232]. Defendant Smith argues that Plaintiff Masiowski has not demonstrated good cause to extend the deadline to reply. Defendant Smith's arguments are unpersuasive, and this Court should grant Plaintiff's motion.

1

I.  BACKGROUND

On May 23, 2024, this Court lifted the moratorium on substantive filings, allowing Plaintiffs to seek leave to amend to add defendants and set forth a corresponding briefing schedule. [Doc. 5455].

On July 15, 2024, the Court amended the briefing schedule by one week and set the following deadlines: "**July 29, 2024, at 4:00 PM**: The PEC shall file motions to amend complaints. **September 30, 2024, at 4:00 PM**: Defendants shall file a response. **October 28, 2024, at 4:00 PM**: The PEC shall file a reply." [Doc. 5522]. (Emphasis in original.)

On July 29, 2024, the Court entered its SECOND ORDER AMENDING DATES RE DOCKET NOS. 5455 AND 5522 [Doc. 5545], which amended the briefing schedule for specific defendants in order to "finalize several settlements".[1]

On August 16, 2024, various defendants filed a joint unopposed motion for extension of time to file opposition briefs to Plaintiffs' Motions for Leave to Amend until December 6, 2024. [Doc. 5590].[2] Defendant Smith did not join said motion. On August 19, 2024, the Court granted various defendants' motion, and thus amended the deadline to file opposition briefs for only moving defendants. Similarly, Defendants Tris Pharma, Inc. and Ahold Delhaize filed

---

[1] To the best of Plaintiff's knowledge, Defendant Smith was not a defendant to which this order applied.
[2] These defendants were: Acme Markets, Inc., Albertson's LLC, Albertsons Companies, Inc., Alvogen Inc., Aurolife Pharma LLC, Costco Wholesale Corporation, Discount Drug Mart, Inc., Evernorth Health, Inc., Express Scripts Inc., Express Scripts Pharmacy, Inc., KVK-Tech, Inc., Lupin Pharmaceuticals, Inc., Optum, Inc., Publix Supermarkets, Inc., Randall's Food & Drug LP, Safeway Inc., Target Corporation, United Supermarkets LLC, UnitedHealth Group Incorporated, Winn-Dixie Logistics, Inc., Winn-Dixie Stores, Inc., Express Scripts Administrators, LLC, Express Scripts Specialty Distribution Services, Inc., Medco Health Solutions, Inc., Optum Health Networks, Inc., Optum Perks, LLC, OptumHealth Care Solutions, LLC, OptumHealth Holdings, LLC, OptumInsight Life Sciences, Inc., OptumInsight, Inc., OptumRx Discount Card Services, LLC, OptumRx, Inc. Aurobindo Pharma USA, Inc., ESI Mail Order Processing, Inc., ESI Mail Pharmacy Service, Inc., Southeastern Grocers, Inc.

2

motions for extension of Deadline to Oppose Plaintiffs' Motion for Leave to Amend until December 6, 2024. [Docs. 5600, 5604]. The Court granted these requests on August 30, 2024.

On September 18, 2024, Defendants CVS Pharmacy, Inc., Walgreen Co., Walgreen Eastern Co., Inc., and Walmart Inc. ("Pharmacy Defendants") filed a Motion To Dismiss Plaintiff Masiowski's Complaint For Failure To Submit A Plaintiff Fact Sheet. [Doc. 5636]. On September 20, 2024, Defendants Cardinal Health, Inc., AmerisourceBergen Drug Corporation, and McKesson Corporation ("Distributor Defendants") filed a joinder to the Pharmacy Defendants' Motion. [Doc. 5639]. On September 23, 2024, Defendants Teva Pharmaceuticals USA, Inc., Cephalon, Inc., Actavis Pharma, Inc., Actavis LLC, and Watson Laboratories, Inc. (the "Teva Defendants") similarly joined the Pharmacy Defendants' Motion. [Doc. 5644]. On September 27, 2024, the Pharmacy Defendants filed an Unopposed Motion Regarding Deadlines to Brief Plaintiff Michael Masiowski's Motion to Amend [Doc. 5657]. The Pharmacy Defendants requested that the Court stay Defendants' September 30, 2024 deadline to file opposition briefs to Plaintiff Masiowski's Motion for Leave to Amend "to ten (10) business days after the Court issues a decision on [Defendants'] Motion to Dismiss." *Id* at page 2. The Court granted the Pharmacy Defendants' Motion on September 27, 2024. On September 30, 2024, Defendant The Kroger Co. ("Kroger") filed an Unopposed Motion To Join [Doc. 5658] the Pharmacy Defendants' Motion regarding deadlines to brief Plaintiff Masiowski's Motion for Leave to Amend, which the Court granted on October 2, 2024.

Plaintiff's Counsel is unaware of any request by Defendant Smith to the Court to extend its September 30, 2024, deadline to oppose Plaintiff Masiowski's Motion for Leave to Amend.

3

On November 4, 2024, the Court denied Defendants' Motion to Dismiss Plaintiff Masiowski's Complaint. On November 18, 2024, the Pharmacy Defendants filed their Opposition [Doc. 5771] to Plaintiff Masiowski's Motion for Leave to Amend.

On November, 15, 2024, certain Defendants[3], not including Smith, filed a Motion to Join Extended Deadline To Oppose Motions For Leave To Amend. [Doc. 5765]. On November 15, 2024, the Court granted said Defendants' Motion and amended their deadline until December 20, 2024. Then on November 20, 2024, the Court entered an Order stating: "Responses to the omnibus motions to amend are due **January 16, 2025**, and for the reasons articulated in Defendants' joint motion for extension of time (doc. 5765), the January 16 deadline applies to all defendants." (Emphasis in original).

On January 16, 2025, Smith filed its Opposition [5882]. On January 24, 2025, the PEC filed a Motion To Extend Time To Reply [Doc. 5918] to July 2, 2025. The Court granted the PEC's motion. [Doc. 5919]. On January 31, 2025, the Court granted Plaintiff Masiowski's motion for extension of time [Doc. 5923] to file reply briefs and stated "Response Due 7/2/2025".

II.     ARGUMENT

As stated in Plaintiff's motion, when a party fails to meet a deadline, excusable neglect is analyzed through a balancing of five factors: (1) the danger of prejudice to nonmoving party; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the

---

[3] The defendants are Aurobindo Pharma USA, Inc., and Aurolife Pharma LLC, Winn-Dixie Stores, Inc., Southeastern Grocers, Inc., and Winn-Dixie Logistics, LLC (f/k/a Winn-Dixie Logistics, Inc.), Albertsons Companies, Inc, Albertson's LLC, Acme Markets, Inc., Randall's Food & Drug, LP, Safeway Inc., and United Supermarkets, LLC, KVK-Tech, Inc., Publix Super Markets, Inc., Lupin Pharmaceuticals, Inc., Alvogen, Inc., Target Corporation, Discount Drug Mart, Inc., Costco Wholesale Corporation, Tris Pharma, Inc. and the Ahold Delhaize Defendants.

4

delay; (4) whether the delay was within the filing party's reasonable control; and (5) whether the filing party acted in good faith. *Howard v. Nationwide Prop. & Cas. Ins. Co.*, 306 F. App'x 265, 266-67 (6th Cir. 2009) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

      Defendant Smith argues that factor 2, length of delay, weighs against this Court granting Plaintiff's motion. However, Defendant Smith makes no attempt to reconcile its own deficiencies in meeting the deadline to oppose Plaintiff Masiowski's Motion for Leave to Amend. Smith, unlike other defendants as referenced above, never sought permission from this Court to extend its original September 30, 2024, deadline to oppose Plaintiff Masiowski's motion to amend. Nor had Smith ever contacted Plaintiff's Counsel seeking his position on extending its deadline to oppose Plaintiff Masiowski's motion to amend, despite it being freely given as evidenced by the MDL docket. As such, Plaintiff Masiowski was never on notice as to Defendant Smith's intention to oppose his motion as its September 30, 2024, deadline had long lapsed by the time Smith finally filed its opposition on January 16, 2025. Defendant Smith also references the Court's November 20, 2024 text order amending the opposition deadlines to January 16, 2025, as necessarily setting Plaintiff's reply deadline to January 23, 2025. *See* Ftn. 3. However, the Court's Nov. 20, 2024 Text Order stated that "[r]esponses to the **omnibus motions** to amend are due **January 16, 2025**". (Emphasis added). Plaintiff Masiowski filed a stand-alone Motion for Leave to Amend and was not included in the PEC's omnibus motions. Defendant could not have reasonably interpreted the Court's Order to extend its long overdue deadline, and therefore have obligated Plaintiff Masiowski to file his reply on January 23, 2025. In this light, the majority of Defendant Smith's case citations read as being entirely hypocritical.

5

Defendant Smith argues that Plaintiff Masiowski's reason for the delay (factor 3) and demonstration that the delay was outside of his control (factor 4) are unpersuasive. Smith argues that Plaintiff's assessment that Smith's filed Opposition was not similarly filed in Plaintiff's member case is not a mitigating factor that would support a finding of excusable neglect. Smith argues that Plaintiff Masiowski should have reasonably replied to Smith's Opposition because Plaintiff Masiowski replied to an Opposition [Doc. 5901] (filed by AmerisourceBergen Drug Corporation, Cardinal Health, Inc., and McKesson Corporation "Distributor Defendants") that was also only filed on the master MDL docket. However, Plaintiff Masiowski had been on notice as to the Distributor Defendants intention to file opposition briefs to Plaintiff Masiowski's motion as they filed a Joinder [Doc. 5639] to the Pharmacy Defendants' Motion to Dismiss Plaintiff Masiowski's Complaint.

Nonetheless, Plaintiff Masiowski as previously argued, had not been on notice as to Defendant Smith's intent to file opposition briefs to his motion as Smith had, to his knowledge, failed to meet or request an extension from the Court's original September 30, 2024, deadline to file opposition briefs to motions for leave to amend. Plaintiff Masiowski's Counsel became aware of Defendant Smith's Opposition on July 3, 2025, and promptly sought to correct his filing and requested leave to file a reply. *See* Declaration of Paul S. Rothstein. In sum, these circumstances constitute excusable neglect and the Court should grant Plaintiff's motion.

Last, Defendant Smith attempts to distract the Court with vague, hollow, and unbecoming assertions of "sandbagging tactics". These accusations have no merit and are intended only to distract the Court from the merits of Plaintiff's arguments and good faith attempts to meet the Court's deadlines.

### III. CONCLUSION

The *Pioneer* factors weigh heavily in favor of permitting Plaintiff to file a brief in response to Defendant's Opposition. Plaintiff Masiowski has demonstrated excusable neglect in overlooking Defendant Smith's Opposition, and there is no prejudice to Defendant Smith as the Court has yet to rule on any amending Plaintiffs' motions. The Court should grant Plaintiff's motion.

Dated: July 24th, 2025.

                Respectfully submitted,

                */s/ Paul S. Rothstein*
                Attorney Paul S. Rothstein
                Florida Bar Number: 310123
                Attorney Paul S. Rothstein, P.A.
                626 N.E. 1st Street
                Gainesville, FL 32601
                (352) 376-7650
                (352) 374-7133
                E-Mail: psr@rothsteinforjustice.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 24, 2025, I electronically filed the foregoing PLAINTIFF MASIOWSKI'S REPLY IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE CORRECTED OMNIBUS REPLY with the Clerk of Court by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

                */s/ Paul S. Rothstein*
                Paul S. Rothstein