No. 25-3118

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jul 25, 2025
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| In re: NATIONAL PRESCRIPTION OPIATE LITIGATION | )<br>)<br>)<br>) |
| THIRD PARTY PAYORS, et al., | ) |
| Plaintiffs-Appellees, | ) |
| CENCORA, INC., f/k/a AmerisourceBergen Corporation; et al., | ) |
| Defendants-Appellees, | ) |
| v. | ) |
| UNITED HEALTHCARE SERVICES, INC., | ) |
| Objector-Appellant. | ) |

O R D E R

Before: MOORE, COLE, and GRIFFIN, Circuit Judges.

Objector United HealthCare Services, Inc. ("United") appeals the district court's final order and judgment granting the motion by third party payor plaintiffs for final approval of a class action settlement in the underlying multidistrict National Prescription Opiate Litigation. United, Plaintiffs, and defendants Cencora, Inc. (formerly known as AmerisourceBergen Corporation), Cardinal Health, Inc., and McKesson Corporation jointly move for a limited remand so that the district court can approve a settlement the parties reached while on appeal. The parties also jointly

move to expedite their motion for a limited remand. Finally, United moves for leave to file its principal and reply briefs under seal, in the event they are filed, because it anticipates the briefs will reference testimony that is under seal in the district court.

If a timely motion is made for relief that the district court lacks authority to grant because of a pending appeal, the district court may state "that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a)(3). If the district court makes either statement, we "may remand for further proceedings but retain[] jurisdiction unless [we] expressly dismiss[] the appeal." Fed. R. App. P. 12.1(b); *see also* Fed. R. App. P. 12.1 advisory committee's note (stating that "[r]emand is in the court of appeals' discretion").

The parties state that they cannot complete their settlement unless it is approved by the district court, and the district court has issued an indicative ruling stating that it will grant approval of the settlement if we remand for that purpose. Accordingly, it is appropriate to grant a limited remand to allow the district court to approve the parties' settlement.

"[O]nly the most compelling reasons can justify non-disclosure of judicial records." *Grae v. Corrs. Corp. of Am.*, 134 F.4th 927, 930 (6th Cir. 2025) (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016)). There is a "strong presumption in favor of openness," *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983), and "[t]he public has an interest in ascertaining what evidence and records the District Court and this Court have relied upon in reaching [their] decisions," *Shane Grp., Inc.*, 825 F.3d at 305 (first alteration in original) (quoting *Brown & Williamson*, 710 F.2d at 1181). Sixth Circuit Rule 25(h)(5), however, requires that "[d]ocuments sealed in the lower court or agency must continue to be filed under seal in [the circuit] court."

If United ultimately files briefs in this appeal, it is appropriate for the briefs to be filed under seal to the extent they reference testimony from proceedings that are sealed in the district court.  But "even when 'a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason.'"  *Grae*, 134 F.4th at 932 (quoting *Shane Grp., Inc.*, 825 F.3d at 305).

Accordingly, the motion for a limited remand is **GRANTED** but we retain jurisdiction over the appeal.  The parties shall promptly notify the circuit clerk once the district court has resolved their motion for approval of their settlement.  *See* Fed. R. App. P. 12.1(b).  In addition, the parties shall file a joint status report within thirty days of the date of this order and every thirty days thereafter if the district court has not yet resolved their motion.

The motion to seal is **GRANTED**.  If United files a principal brief or reply brief in this appeal, it is **ORDERED** to simultaneously file sealed versions and publicly available redacted versions of its briefs.  If we later determine that any of the redacted information in the briefs should be made available to the public, we may reconsider this ruling.  *See Carter v. Welles-Bowen Realty, Inc.*, 628 F.3d 790, 791 (6th Cir. 2010) (order).  Should any party wish for this court's opinion to be sealed or redacted, either in whole or in part, a separate motion must be filed which will be considered by the panel that is assigned to decide the merits of the appeal.

The motion to expedite the motion for a limited remand is **DENIED AS MOOT**.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk