# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| This document relates to: | Case No. 17-md-2804 |
| Member Case # 1:18-op-45985-DAP | Judge Dan Aaron Polster |

## J M SMITH CORPORATION'S SUR-REPLY IN RESPONSE TO PLAINTIFF MICHAEL MASIOWSKI'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AN UNTIMELY REPLACEMENT REPLY (ECF 6233)

Smith[1] respectfully submits this Sur-reply in Response to Masiowski's Reply in Support of his Motion for Leave to File an Untimely Replacement Reply (ECF No. 6233, the "Reply"). Masiowski's Reply concocts a new excuse for neglecting to include Smith in his omnibus reply that he could have made—but failed to make—previously. Smith submits this Sur-reply in order to briefly address that argument and the egregious misstatements on which it is based.

### ARGUMENT

Masiowski has not (and cannot) deny that he was served with Smith's opposition to his unauthorized replacement motion for leave to amend and pleading. (*See* ECF 5882). Instead, and for the first time, Masiowski claims he should be excused from monitoring the master MDL docket because he "was never on notice as to Defendant Smith's intention to oppose his motion" before Smith filed its opposition. (Reply at 5). That argument is both legally and factually wrong for four reasons.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in Smith's opposition to a replacement omnibus reply (ECF 6232).

*First*, whether or not additional notice was provided is irrelevant. Parties unquestionably "have a duty to monitor the court's docket." *Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012). Rather than attempt to "explain why or how" Masiowski was "prevented []from monitoring the case docket or checking h[is] email for notice[,]" *Watson v. Ohio Ambulance Sols., LLC*, No. 24-3046, 2024 WL 5340668, at *3 (6th Cir. Aug. 8, 2024), the Reply argues that Masiowski was relieved of this independent duty because of Smith's purported failure to secure an extension of the original opposition deadline of September 30, 2024. The Reply cites no authority for this novel argument, which runs counter to the strict continuation of the duty adopted by the Sixth Circuit. *See Yeschick*, 675 F.3d at 630 (duty to monitor continues even where there is a breakdown in the method by which notice is usually provided).

*Second*, the Reply's assertion that Smith allowed the original September 30, 2024 opposition deadline to lapse is flat wrong. (Reply at 5). After filing a potentially dispositive motion against Masiowski's case, the Pharmacy Defendants requested, "for purposes of economy and judicial efficiency," that the Court "extend the deadline ***for defendants*** to respond, if necessary, to Plaintiff's Motion for Leave to Amend and Corrected Motion for Leave to Amend to ten (10) business days after the Court issues a decision on the [then-pending] Motion to Dismiss" Masiowski's case for failure to submit plaintiff fact sheets. (ECF 5657 at 2 (emphasis added)).[2] That request, which Masiowski did not oppose, was granted in a Text Order entered on September 27, 2024. The motion to dismiss was denied on November 4, 2024, (ECF 5733), which set the deadline to oppose Masiowski's motions for leave to amend to November 19,

---

[2] The extension request was filed by four pharmacy defendants, defined in their request as the "Pharmacy Defendants," but the request to extend the deadline itself broadly extended to all "defendants" given the dispositive nature of their pending motion. (ECF 5657 at 2).

2

2024.³ Before then, on November 12, 2024, the PBM Defendants requested their own extension of the deadline to oppose the motions for leave to amend filed by Masiowski and other plaintiffs, (ECF 5747).  The Court granted this request in a Text Order entered the same day and extended their opposition deadline to January 16, 2025. Certain other defendants then moved, on November 15, 2024, to request the same extension of their opposition deadlines, because some of the same plaintiffs seeking to add the PBM Defendants "have also sought to add [other defendants]" and "[b]y granting this request, these parties' briefing as to each individual case subject to a motion to amend will be on a concurrent track[.]" (ECF 5765 at 1-2). Before the Court could consider that request, it decided another motion filed by the PBM Defendants. (ECF 5766). As part of that ruling, the Court amended "the January 16, 2025, deadline recently extended for the PBM Defendants' responses to their motions to amend to December 20, 2024" and further ordered that "[t]he December 20, 2024, deadline is applicable to ***all defendants who choose to file a response to a motion to amend***." (*Id.* at 2 (emphasis added)). After the PBM Defendants asked the Court to reconsider its decision to move up the opposition deadline, the Court relented and reset the deadline for January 16, 2025. (Text Order entered Nov. 20, 2024). Although the Reply quotes this Text Order while arguing that it did not apply to Smith, (Reply at 5), tellingly, it fails to include the language expressly stating that "***the January 16 deadline applies to all defendants***." (Text Order entered Nov. 20, 2024 (emphasis added)). The reason, as the Order communicated, was to keep all case-specific briefing on a concurrent track. (*Id.* (noting extension for all defendants was for the reasons expressed in ECF 5765)).  Masiowski was clearly on notice that the opposition deadline for all defendants opposing his motion was

---

³ November 11, 2024 was Veterans Day and so was excluded from determining the 10-business-day deadline granted by the Court.

January 16, 2025.  Indeed, in multiple, related documents filed *after* that date, he never once claimed that his motion for leave to amend was subject to a different opposition deadline—until now. (*See* ECF 5915, 5923, 6207, 6215, 6217).  His new argument is clearly a post hoc rationalization, unsupported by the record.

*Third*, Masiowski claims he had no notice of Smith's intention to oppose his motion for leave to amend because "Smith had, to his knowledge, failed to meet or request an extension from the Court's original September 30, 2024[.]" (Reply at 6). Not so. Smith's counsel contacted Masiowski's counsel by phone and email prior to the original September 30 deadline to communicate their belief that the Court had extended the deadline by its September 27, 2024 Order while asking whether Masiowski would oppose a joinder motion to extend the deadline by Smith, which was under consideration out of an abundance of caution. (*See* Ex. 1, Helgerson Decl., ¶¶ 3-5). Smith's counsel was told that Masiowski did not oppose such an extension. (*Id.* ¶ 6). However, Smith ultimately chose not to file a joinder request to avoid cluttering the master MDL docket because, as demonstrated above, the deadline had already been extended.  (*Id.* ¶ 7).

*Finally*, the claim that Masiowski needed explicit notice at all is completely unfounded. The very act of seeking to add Smith as a defendant to a case in a sprawling, high-stakes MDL—one that has generated years of litigation and significant defense costs—was itself ample notice that Smith would oppose the motion. It is neither credible nor excusable for Masiowski to claim surprise at Smith's opposition.

## CONCLUSION

For the reasons set forth above and in Smith's opposition (ECF 6232), Masiowski's request for leave to file a replacement omnibus reply should be denied.

4

Dated: July 28, 2025

Respectfully submitted,

**FOX ROTHSCHILD LLP**

*/s/ John J. Haggerty*
John J. Haggerty (Ohio Bar No. 0073572)
Fox Rothschild LLP
2800 Kelly Road, Suite 200
Warrington, PA 18976
Tel: (215) 345-7500
Fax: (215) 345-7507
jhaggerty@foxrothschild.com

*Counsel for J M Smith Corporation*

# EXHIBIT 1

#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE NORTHERN DISTRICT OF OHIO
#### EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| This document relates to: | Case No. 17-md-2804 |
| *Member Case # 1:18-op-45985-DAP* | **Judge Dan Aaron Polster** |

### DECLARATION OF KARL C. HELGERSON

I, Karl C. Helgerson, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a partner in the law firm of Fox Rothschild LLP, which represents Defendant Smith Drug Company ("Smith") in connection with the MDL proceedings. I submit this Declaration in Support of Smith's Motion for Leave to file a Sur-reply in Response to Plaintiff Michael Masiowski's ("Masiowski") Reply in Support of his Motion for Leave to File an Untimely Replacement Reply.

2. The facts set forth herein are known to me personally, and if called upon to testify, I could and would do so competently.

3. On September 30, 2024, I called Attorney Paul Rothstein, counsel for Masiowski, and left a message with an assistant who identified herself as "Jennifer." I told Jennifer that Smith was considering filing a request to extend the September 30, 2024 deadline to file an opposition to Masiowski's motion and corrected motion for leave to amend.

4. On the same day, after I left the message with Jennifer, I followed up by sending an email to Mr. Rothstein. A true and correct copy of the email is attached as **Exhibit a**. I never received any notification that my September 30, 2024 email was not received. Although Mr. Rothstein did not respond in writing to my email, I have received other emails from Mr. Rothstein from this email address.

5. As stated in the email, I communicated our belief that the opposition deadline had already been extended by the Court's Text Order entered on September 27, 2024, which granted the Pharmacy Defendants' request to "extend the deadline *for defendants* to respond, if necessary, to Plaintiff's Motion for Leave to Amend and Corrected Motion for Leave to Amend to ten (10) business days after the Court issues a decision on the [then-pending] Motion to Dismiss" Masiowski's case for failure to submit plaintiff fact sheets. (ECF 5657 at 2 (emphasis added)).[1] I communicated to Mr. Rothstein that, out of an abundance of caution, we were considering filing a joinder request.

6. Later that day, Jennifer returned my call and stated that Mr. Rothstein would not oppose a joinder request by Smith.

7. Ultimately, we determined that filing a joinder request was unnecessary and would needlessly clutter the master MDL docket.

I declare under penalty of perjury under the laws of the United States and the State of Ohio that the foregoing is true and correct.

Executed on July 28, 2025 at Warrington, Pennsylvania.

_Karl C. Helgerson_

---

[1] The extension request was filed by four pharmacy defendants, defined in their request as the "Pharmacy Defendants," but the request to extend the deadline itself broadly extended to all "defendants[.]" (ECF 5657 at 2). As detailed in Smith's proposed sur-reply, that deadline was ultimately extended to January 16, 2025.

2

# Exhibit a

| | |
|---|---|
| **From:** | Helgerson, Karl C. |
| **To:** | psr@rothsteinforjustice.com |
| **Subject:** | Opioid MDL - extension of deadline to respond to Masiowski"s motions |
| **Date:** | Monday, September 30, 2024 12:07:00 PM |

Hi Paul:

Following up on my call just now.  I represent J M Smith Corporation in the opioid MDL, which has a business division known as Smith Drug Company that your client, Michael Masiowski, is seeking to add to his opioid complaint.  Our understanding is that Judge Polster's non-document order last Friday (9/27) granting the Pharmacy Defendants' unopposed motion extended the deadline for all defendants to respond to the motion to amend complaint and corrected motion to amend.  However, since Kroger just filed an unopposed joinder motion, we may also file a joinder motion for clarity's sake.

Can you please let me know as soon as possible whether you oppose J M Smith joining the Pharmacy Defendants' Unopposed Motion that Judge Polster granted this past Friday?

Many thanks,
Karl


Fox Logo

**Karl C Helgerson**
Partner
2800 Kelly Road, Suite 200
Warrington, PA 18976
(215) 918-3591
(215) 345-7507
khelgerson@foxrothschild.com