UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| | ) | SPECIAL MASTER COHEN |
| THIS DOCUMENT RELATES TO: "*PBM Bellwether Cases*" | ) ) ) | |
| | ) ) | DISCOVERY RULING REGARDING AGENDA ITEM NO. 431 |

    During the weeks leading up to a PBM Bellwether Case discovery conference held on July 11, 2025, the undersigned received written submissions from Plaintiffs and the PBMs regarding a number of contested issues. One issue, denominated "Agenda Item No. 431," was the PBM Defendants' request for an order compelling the City of Rochester to respond fully to Interrogatory Nos. 7, 22, and 28. The Special Master ran out of time and did not address this issue during the discovery conference. One week later, however, on July 18, 2025, the undersigned issued a written ruling via email granting the PBMs' request in part.

    The Court has written that, "[i]f a Special Master issues an informal ruling or order that is not on the record (such as the resolution of a discovery dispute) either orally, via email, or through other writing, and a party wishes to object to that ruling or order, the party shall ask the Special Master to formalize the ruling or order by filing it on the docket or appearing before a court reporter." *Appointment Order* at 5 (docket no. 69). Thus, on July 25, 2025, one week after the Special Master issued the email ruling, Plaintiff asked the Special Master to formalize it. Plaintiff

added it had not yet decided whether to object.[1]

Accordingly, the Special Master now formally sets forth below his ruling on Agenda Item No. 431.

**Interrogatory No. 28**

I conclude the PBMs' motion for an order compelling supplementation is well-taken. The City writes that it will "supplement its response to this Interrogatory to provide a more comprehensive list of Defendants' deceptive and misleading statements, omissions, and actions" "[a]fter discovery is complete." Exh 431-G at 12;, exh. 431-J at 2. Discovery has proceeded to the point that the City should supplement its response now. If the City also believes if still needs to further supplement its response after the close of discovery, that is fine; but the City must supplement now to give the PBMs a more complete list before discovery closes.

**Interrogatory Nos. 7 & 22**

I believe both of these interrogatories are dramatically overbroad as drafted. I also believe the information requested has only marginal evidentiary value, despite the PBMs' insistence that without it, they cannot "prepare their defenses." Exh. 431-B at 1. Indeed, although I ordered Plaintiffs to supply a sample of similar information in Track 3, I do not believe the Track 3 Defendants ever actually used that information at trial. Nonetheless, I conclude PBMs are entitled

---

[1] It appears plaintiff's request for formalization came too late. *See Appointment Order* at 5 ("Such request shall be made within ***three days*** of issuance of the informal order or ruling, else the opportunity to object shall be waived.") (emphasis added). The Special Master leaves the question of waiver for decision by the Court, if it becomes ripe through the filing of an objection by plaintiff.

2

to an order directing Rochester to produce a *sample* of the information requested. Accordingly, Rochester must answer Interrogatories 7 & 22 as rewritten below; I conclude that, as rewritten, this discovery meets the requirements of Fed. R. Civ. P. 26(b)(1).

<u>No. 7</u>: For 250 prescriptions (at least 100 authorized by each PBM) that You contend were improper and upon which You base Your claims in the Litigation, or that you contend caused or led to Your alleged harm in the Litigation, identify: the specific prescription; the name, national drug code, dosage, and quantity of the controlled substance dispensed; the dispensing pharmacy; the dispensing pharmacist; the dispensing date; the amount and method of payment; and an explanation for how the prescription supports Your claims.

<u>No. 22</u>: Identify 100 individuals in the City who, as a result of the PBMs' alleged actions, (a) became addicted to Prescription Opioids or Illicit Drugs; (b) was injured as a result of consuming Prescription Opioids; and/or (c) died as a result of consuming Prescription Opioids, and identify the Document(s) from which such identification was made.

Any objections to this *Ruling* must be filed on or before August 19, 2025.

**RESPECTFULLY SUBMITTED,**

                                                      /s/ **David R. Cohen**
                                                     **David R. Cohen**
                                                     **Special Master**

**Dated:** July 29, 2025