UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) ) ) ) ) ) | MDL 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster |
| THIS DOCUMENT RELATES TO: | | |
| *ALL THIRD PARTY PAYOR ACTIONS* | | |

**ORDER**

THIS MATTER having come before the Court by way of motion under Fed. R. Civ. P. Rule 23(e)(5)(B) for approval of a settlement of: (1) Third Party Payor Plaintiffs and Settlement Class Representatives Cleveland Bakers and Teamsters Health and Welfare Fund, Pipe Fitters Local Union No. 120 Insurance Fund, Pioneer Telephone Cooperative, Inc. Employee Benefits Plan, American Federation of State, County and Municipal Employees District Council 37 Health & Security Plan, Louisiana Assessors' Insurance Fund, Flint Plumbing and Pipefitting Industry Health Care Fund, United Food and Commercial Workers Health and Welfare Fund of Northeastern Pennsylvania, and Sheet Metal Workers Local No. 25 Health & Welfare Fund ("TPP Plaintiffs"), on behalf of themselves and the Settlement Class they represent; and (2) Cencora, Inc., Cardinal Health, Inc., and McKesson Corporation ("Settling Distributors"), with (3) Objector United HealthCare Services, Inc. ("United" or "Objector") (collectively with TPP Plaintiffs and Settling Distributors, "Parties");

WHEREAS, on November 11, 2024, United, by and through its counsel, filed an objection to the Class Settlement preliminarily approved by this Court (ECF 5746) (the "Objection");

WHEREAS, the Parties briefed the Objection for the Court prior to the final approval hearing on the Class Settlement (ECF 5746, 5802, 5803, 5853, 5854, 5857, 5867);

WHEREAS, the Court conducted a final fairness hearing regarding the TPP Class Settlement and United's Objection on January 13, 2025 (*see* ECF 5910, 5911);

WHEREAS, on January 15, 2025, this Court granted the TPP Plaintiffs' Motion for Final Approval of Class Action Settlement and for Attorneys' Fees, Expenses, and Service Awards (ECF 5869), wherein it: certified the TPP Settlement Class; appointed the undersigned Settlement Class Counsel; appointed the TPP Plaintiffs as Settlement Class Representatives; granted the requested fees, expenses, and service awards; overruled the objections of the Objector, denied United's request to take discovery (*see* ECF 5854); and held that the TPP Class Settlement met each of Fed. R. Civ. P. Rule 23(e) factors;

WHEREAS, on February 13, 2025, Objector filed a notice of its intent to appeal this Court's order granting final approval to the Class Settlement to the United States Sixth Circuit Court of Appeals (ECF 5944), which appeal is docketed as case number 25-3118;

WHEREAS, during the pendency of the appeal and prior to United filing its opening brief, Settlement Class Counsel, United's counsel, and Settling Distributors' counsel participated in settlement discussions under the auspices of mediator Fouad Kurdi, and reached a settlement, subject to the approval of this Court, under which, amongst other terms, payment would be made to Objector and Objector would dismiss its appeal ("Objector Settlement");

WHEREAS, on June 12, 2025, the Parties filed a Motion for Indicative Ruling (ECF 6183), requesting a ruling from this Court pursuant to Fed. R. Civ. Pro. 62.1 whether this Court would approve the Objector Settlement;

WHEREAS, a copy of the Objector Settlement was previously provided to this Court for *in camera* review in connection with the Motion for Indicative Ruling;

WHEREAS, this Court entered an Order on June 16, 2025 (ECF 6186) indicating pursuant to Fed. R. Civ. P. Rule 62.1 that, if the Sixth Circuit remanded this action to it for the purposes of ruling on whether the Objector Settlement should be approved, it will grant such approval;

WHEREAS, the Sixth Circuit entered an Order for Limited Remand on July 25, 2025 (Dist. Ct. ECF 6234; 6th Cir. Case No. 25-3118, ECF 51), remanding this action to this Court for further proceedings, including relating to the approval of the Objector Settlement;

WHEREAS, the Court held a fairness hearing on August 6, 2025 to evaluate the Objector Settlement pursuant to Fed. R. Civ. P. Rule 23(e)(5)(B);

WHEREAS, the Court finds that all provisions of the Objector Settlement are consistent with the terms of the Class Settlement approved by this Court.  While the Objector Settlement calls for payment to be made to Objector, the Objector Settlement does not detract from and does not reduce or otherwise affect the recovery of Settlement Class members under the TPP Class Settlement approved by this Court on January 15, 2025, except to eliminate any risk or delay in the payment of TPP Settlement Class Members' claims thereunder.  Nothing in the Objector Settlement affects the Judgment and Orders issued in this matter, the Class Settlement, and any finding that the Class Settlement is fair, reasonable, and adequate; and

WHEREAS, settlement of the Objection and Appeal is in the best interests of all TPP Settlement Class Members and Settling Distributors;

- 4 -

**IT IS ORDERED and ADJUDGED as follows:**

The Court having considered the stipulated request, pursuant to Fed. R. Civ. P. Rule 23(e)(5)(B), for approval of a payment to Objector, pursuant to the terms and conditions of the Objector Settlement previously provided to this Court (ECF 6183), and for good cause shown, the Stipulation for approval of the Objector Settlement, and all relief requested therein, is hereby GRANTED.

**IT IS SO ORDERED.**

DATED:  8/8/2025                                                     *s/Dan Aaron Polster*
                                                                                      THE HONORABLE DAN A. POLSTER
                                                                                      UNITED STATES DISTRICT JUDGE