# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>PBM Cases | MDL No. 2804<br><br>Case No. 1:17-md-02804-DAP<br><br>Judge Dan Aaron Polster |

### OPTUMRX'S MOTION TO PROHIBIT *EX PARTE* COMMUNICATIONS REGARDING SPECIAL MASTER RULINGS

In accordance with the Special Master Appointment Order (ECF No. 69), Federal Rule of Civil Procedure 53, Canon 3 of the Code of Conduct for United States Judges, the Court's inherent authority, and principles of due process and fundamental fairness, OptumRx, Inc. moves the Court to enter an order prohibiting *ex parte* communications between the Special Masters and the Court regarding the Special Masters' rulings.

### DISCUSSION

"Ex parte communications between a master and the court present troubling questions." Fed. R. Civ. P. 53 advisory committee's notes to 2003 amendments. They "undermine[] confidence in the impartiality of the court" (*United States v. Minsky*, 963 F.2d 870, 874 (6th Cir. 1992))—which is why special masters and district judges alike "should not initiate, permit, or consider *ex parte* communications or consider other communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers." Code of Conduct for United States Judges, Canon 3(A)(4); *see also* Fed. R. Civ. P. 53 advisory committee's notes to 2003 amendments ("Masters are subject to the Code of Conduct for United States Judges, with exceptions spelled out in the Code."). Those principles apply with special force when parties are entitled to submit objections to the special masters' rulings that the district court must review.

*See* Fed. R. Civ. P. 53(f)(3)–(4). Just as appellate panels must "be constituted of judges uncommitted and uninfluenced by having expressed or formed an opinion" in the trial court (*Moran v. Dillingham*, 174 U.S. 153, 157 (1899)),* so too must district judges consider objections to special masters' rulings free of previous involvement with the issues under review. *See* Fed. R. Civ. P. 53 advisory committee's notes to 2003 amendments (*ex parte* communications between Special Masters and the court "[o]rdinarily" are "prohibited" so that "parties know where authority is lodged at each step of the proceedings"). The "requirement of neutrality in adjudicative proceedings" is absolute. *Anderson v. Sheppard*, 856 F.2d 741, 745–46 (6th Cir. 1988).

Recently, Special Master Cohen inadvertently sent plaintiffs' counsel and OptumRx's counsel an email meant for Judge Polster regarding a discovery ruling that Special Master Cohen issued against OptumRx. In the misdirected email, Special Master Cohen wrote the following: "I am happy to report that my gambit worked. See thread below. We will not be receiving an objection to my ruling directing Optum to produce various materials." Hatchett Decl. Exhibit A. Special Master Cohen later sent a follow-up message: "Sorry, that email was meant for JP [Judge Polster]. Please delete." *Id.*

That communication, like any other that likely preceded it on the same topic, is improper. The parties are entitled to have their claims adjudicated by an unbiased arbiter, and that right does not allow for any *ex parte* communications between the Court and the Special Masters regarding the Special Masters' rulings.

---

* *See also Rexford v. Brunswick-Balke-Collender Co.*, 228 U.S. 339, 344 (1913) (it is improper for a judge to preside over an appeal "when he has tried or heard any question therein which it is the duty of the [appellate judge] to consider and pass upon").

For these reasons, OptumRx requests a standing order prohibiting *ex parte* communications between the Special Masters and the Court regarding the Special Masters' rulings. OptumRx does not consent—and expressly objects—to any *ex parte* communications.

Dated: August 12, 2025

Respectfully submitted,

*/s/ Brian D. Boone*
Brian D. Boone
**ALSTON & BIRD LLP**
1120 South Tryon Street, Suite 300
Charlotte, NC 28203
(704) 444-1000
brian.boone@alston.com

D. Andrew Hatchett
**ALSTON & BIRD LLP**
1201 West Peachtree Street NW, Suite 4900
Atlanta, GA 30309
(404) 881-7000
andrew.hatchett@alston.com

*Attorneys for OptumRx, Inc.*