**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | ) ) ) | **CASE NO. 1:17-MD-2804** |
| | ) | **JUDGE POLSTER** |
| **THIS DOCUMENT RELATES TO:** | ) ) | |
| *All Cases* | ) ) | **AFFIDAVIT OF DAVID R. COHEN** |


I, David R. Cohen, hereby declare under oath and subject to the penalties of perjury as follows:

1.  On August 15, 2025, OptumRx, Inc. filed a Motion to Prohibit Ex Parte Communications Regarding Special Master Rulings.  *See* docket no. 6246 (hereinafter, "*Motion*").  That *Motion* refers to my "ruling directing Optum to produce various materials," which addressed a topic known as Agenda Item 442. *See* docket no. 6222 (July 10, 2025) (hereinafter, "*Ruling*"). I submit this affidavit to provide context and background that the *Motion* does not supply.

2.  Immediately after I issued the *Ruling*, counsel for OptumRx, Andrew Hatchett, informed me via email on July 10, 2025 that OptumRx had "no choice but to file an objection." *See* docket no. 6246-2 at 5.  Mr. Hatchett suggested, however, that perhaps I would "reconsider and modify aspects of [the *Ruling*] to eliminate our need to file an objection (or to otherwise narrow the issues about which we would need to object)." *Id.*

3.  The next day, July 11, 2025, I engaged in a teleconference on the record with Mr. Hatchett and Michael Elsner, counsel for plaintiffs, to hear Mr. Hatchett's suggestions.

4.  OptumRx did not submit to the Court, with its *Motion*, the transcript of the July 11, 2025 teleconference (hereinafter, "*Transcript*"). I attach it to this affidavit, to ensure a complete record.

5.  As reflected in the *Transcript*, during the teleconference Mr. Hatchett asked me to modify various aspects of my *Ruling*.  I ultimately declined to change the substance of my *Ruling*. But I did agree to Mr. Hatchett's request to extend the deadline for objection to the *Ruling*, from Monday, July 14, 2025 to Thursday, July 17. 2025. *Transcript* at 137.  Further, I asked

plaintiffs' counsel, Mr. Elsner, to try to voluntarily come to an agreement with OptumRx *before* July 17, so that OptumRx would not need to file an objection:

> I'm inclined to leave the order as is, but I also think that it might be worth a discussion, Andrew, you and Michael—you know, Michael, . . . if you can see a way to figure out how not to have to burden the Court with an argument over it, because maybe you can come to some sort of compromise . . . , that would be something the Court would appreciate.

*Transcript* at 117.  *See also id.* at 134-35 ("Michael, I want you to listen to this. I do want to give you time to chat and see if you can come to some understanding that will make it less likely that the Defendants object or that the objection is more narrow, in particular with respect to this one bullet point that we're discussing, because I would frankly like to keep this off the Judge's plate.").

6.      My suggestion to Mr. Elsner was a "gambit" to obtain *for OptumRx* what it wanted ("eliminate our need to file an objection"), and also to prevent the Court from having to spend scarce judicial resources on considering an objection.

7.      Mr. Hatchett seemed to appreciate this gambit at the time; indeed, I believed the strategy was essentially *his*, since my request to plaintiffs was to seek agreement that could "eliminate" or "narrow" OptumRx's objection:

> MR. HATCHETT: * * * But I also just want to be clear that I appreciate, Special Master Cohen, that you've [extended the objection] deadline to Thursday. We will work with haste to meet with Mike Elsner, but I don't—as it stands, I mean, we will have to object.
>
> SPECIAL MASTER COHEN: I understand. * * * Look, I'm hopeful that in light of the order being where it is and my statement that I'm not going to withdraw it, but that the Judge usually, easily can decide to change it, that given that state of play, the parties will try and come up with something that allows Optum not to have to object. But if you can't do that, then, you know, the process is waiting for us.

*Transcript* at 138-39.

8.      Since the date of my appointment in 2017 as Special Master in the Opioids MDL, I have routinely notified the Court whenever a party: (1) files any brief related to a motion; (2) indicates an intention to object to one of my rulings; or (3) files any brief related to an objection. I provide these prompt notifications as a service to the Court because the only case I work on is the MDL, while the Court has an entire docket of cases to track.

9.      In accord with this routine, I notified the Court after the teleconference that: (a) OptumRx had stated on the record that it intended to object to my *Ruling*; but (b) I had urged the parties

on the record to come to agreement instead, so it was still possible OptumRx would not file an objection.[1]

10.    I was gratified and pleased when Mr. Hatchett reported to me via email on July 15, 2025 that the parties had "reached an agreement that will eliminate OptumRx's need to file an objection at this time." Docket no. 6246-2 at 4. My (misdirected) email to Judge Polster, also sent on July 15, 2025, was a "happy" report that "my gambit" of urging agreement had worked, so that—as hoped for by Mr. Hatchett—OptumRx no longer felt a need to file an objection.

11.    As explained above, my (misdirected) email to the Court, as well as my prior notification, addressed only "the nature of [my] activities" and "appropriate procedural matters," and did not touch upon any "substantive matter." *Appointment Order* at 3 (docket no. 69).

12.    The facts stated in this affidavit are within my personal knowledge and are true and correct. I am over 18 years of age, have never been convicted of a felony, and am competent to make this affidavit.

Executed on August 19, 2025

David Cohen

_____

David R. Cohen
Special Master

---

[1]  None of the averments in this affidavit, including paragraph 9, reveal my deliberative process beyond what I stated on the record in the *Transcript*. Out of an abundance of caution, however, I hereby invoke and do not waive all applicable privileges, including the deliberative-process privilege.