# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | : : : | MDL No. 2804 |
| THIS DOCUMENT RELATES TO: | : : | Case No. 1:17-md-02804-DAP |
| PBM Cases | : : : | Judge Dan Aaron Polster |

### PLAINTIFFS' OPPOSITION TO OPTUMRX'S MOTION TO PROHIBIT
### *EX PARTE* COMMUNICATIONS REGARDING SPECIAL MASTER RULINGS

Plaintiffs hereby oppose Defendant OptumRx's motion to prohibit *ex parte* communications regarding Special Master rulings (Dkt. #6246). Optum seeks to prohibit communications that the Federal Rules of Civil Procedure and the Code of Conduct for United States Judges expressly authorize. Optum selectively quotes these authorities while leaving out their provisions that allow the communications it seeks to prohibit. In short, this motion is just another attempt by Optum to distract from its own conduct in fueling the opioid epidemic by baselessly impugning the integrity of the Court and these proceedings. Like those before it, this motion should be denied.

### DISCUSSION

Under Rule 53, an order appointing a special master must state, *inter alia*, "the circumstances, if any, in which the master may communicate ex parte with the court or a party[.]" Fed. R. Civ. P. 53(b)(2)(B). The Court's Appointment Order (Dkt. #69) did exactly that, directing that:

3298748.1

> The Special Masters may communicate *ex parte* with the Court at their discretion, without providing notice to the parties, regarding logistics, the nature of their activities, management of the litigation, and other appropriate procedural matters, and also to assist the Court with legal analysis of the parties' submissions. . . . The Special Masters shall not communicate to the Court any substantive matter the Special Master learned during an *ex parte* communication between the Special Master and any party.

*Id.* at 3, § II.B. This alone suffices to deny the relief Optum seeks.[1]

In so instructing the Special Masters, the Court also acted in accordance with applicable ethics rules and guidelines. The Code of Conduct for United States Judges ("U.S. Judges Code") generally prohibits *ex parte* communications, Canon 3A(4), but provides an express exception for communications with court personnel who are aiding the judge in carrying out adjudicative responsibilities:

> **Canon 3A(4).** The proscription against communications concerning a proceeding includes communications from lawyers, law teachers, and other persons *who are not participants in the proceeding*, except to the limited extent permitted. *It does not preclude a judge from consulting with other judges, or with court personnel whose function is to aid the judge in carrying out adjudicative responsibilities.*

U.S. Judges Code, Canon 3 commentary (emphasis added); *see also* Model Code of Jud'l Conduct, Canon 2.9(A)(3) ("A judge may consult with court staff and court officials

---

[1] Optum omits the actual text of Rule 53 from its motion, providing instead misleading snippets from the Advisory Committee Notes. *See* Mot. 1-2. Even at that, Optum leaves out the Advisory Committee's recognition that "there may be circumstances in which the master's role is enhanced by the opportunity for ex parte communications with the court. *A master assigned to help coordinate multiple proceedings, for example, may benefit from off-the-record exchanges with the court about logistical matters.*" Fed. R. Civ. P. 53, adv. comm. notes to 2003 amendments (emphasis added). More fundamentally, Optum omits the Advisory Committee's conclusion that "[t]he rule does not directly regulate these matters. It requires only that the court exercise its discretion and address the topic in the order of appointment." *Id.* The Court did so.

2

3298748.1

whose functions are to aid the judge in carrying out the judge's adjudicative responsibilities . . . .").[2] These judicial ethics provisions underscore that the Court acted appropriately, if not out of necessity, in allowing the Special Masters to communicate *ex parte* about the administration of these most extensive and complex proceedings.

Substantial judicial authority further underscores that the Court appropriately permitted *ex parte* communications by the Special Masters. This Court and other federal courts in and beyond the Sixth Circuit have repeatedly entered appointment orders allowing special masters to communicate *ex parte* with the appointing court.[3] Federal courts permit such communications even in the face of opposition by parties based on arguments identical to those Optum makes here. *See, e.g., In re World Trade Center Disaster Site Litig.*, 2006 WL 3627760, at *4 (S.D.N.Y. Dec. 12, 2006) ("In their objection, defendants

---

[2] Here again, Optum selectively cites and quotes only the general rule, Mot. 1, while omitting the rule's allowance of judges to consult with court personnel who are aiding them in carrying out their adjudicative responsibilities.

[3] *See, e.g., In re Welding Rod Prods. Liab. Litig.*, MDL No. 1535, 2004 WL 3711622, at *3 (N.D. Ohio Nov. 10, 2004) ("The Special Master may communicate ex parte with the Court at the Special Master's discretion, without providing notice to the parties, in order to assist the Court with legal analysis of the parties' submissions[.] The Special Master may also communicate ex parte with the Court, without providing notice to the parties, regarding logistics, the nature of his activities, management of the litigation, and other appropriate procedural matters.") (cleaned up); *In re Flint Water Cases*, 2018 WL 11290659, at *2 (E.D. Mich. July 31, 2018) ("Pursuant to Rule 53(b)(2), the Special Master may communicate *ex parte* with the Court at any time."); *United States ex rel. Taylor v. Healthcare Assocs. of Tex. LLC*, 2023 WL 11987209, at *2 (N.D. Tex. Sept. 14, 2023) ("In this matter, the Special Master may communicate with the Court, Judge Ramirez, and Court staff, without providing notice to the parties, regarding any matter . . . ."); *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542, 2020 WL 1364961, at *2 (S.D.N.Y. Dec. 29, 2020) ("As the Special Master, Judge Farnan may communicate with the parties or the Court on an *ex parte* basis as he deems appropriate."); *Moussouris v. Microsoft Corp.*, 2017 WL 1652910, at *1 (W.D. Wash. May 2, 2017) ("Pursuant to Rule 53(b)(2)(B), the Special Master may communicate *ex parte* with the court without restriction.").

3298748.1

quote the advisory notes to Rule 53 of the Federal Rules of Civil Procedure, which warns that '[e]x parte communications between a master and the court present troubling questions.' . . . Having considered the Code of Conduct for United States Judges, relevant case law, *the needs of this litigation*, and the tasks assigned to the Special Masters, I find that ex parte contact between the Masters and the Court is appropriate and beneficial to all involved.") (emphasis added).  Indeed, just a week before Optum filed its motion, another federal court rejected as "frivolous" a party's objection to a special master's billing for time spent on *ex parte* communication with the court.  *See Johnson v. Smithkline Beecham Corp.*, 2025 WL 2233676, at *8 (E.D. Pa. Aug. 5, 2025) (counsel "for the first time objects to two actions described in [the special master's] bills: an 'extra-judicial investigation,' and ex parte communications with the Court.  Both Objections are frivolous.").  So it is here that Optum's objection raised, over seven-and-a-half years after the Court's Appointment Order authorized *ex parte* communication by special masters to the Court, is patently frivolous and should be rejected.

Finally, the specific communication Special Master Cohen made to the Court that triggered Optum's motion comports with all of the foregoing.  Special Master Cohen's email message states: "I am happy to report that my gambit worked.  See thread below.  We will not be receiving an objection to my ruling directing Optum to produce various materials."  Optum Ex. A (Dkt. #6246-2) at 2.  This email reports on the status, not the substance, of one of Special Master Cohen's rulings, stating that there will be no objection to it.  The Appointment Order expressly permits special masters' communications "regarding logistics, the nature of their activities, management of the litigation, and other

4

appropriate procedural matters[.]"  Appointment Order (Dkt. #69) at 3, § II.B.  Nothing in the specific subject matter here counseled against this communication.  Special Master Cohen's discovery ruling at issue ("Agenda Item 442") was made on the Court's public docket (Dkt. #6222) and so was known or knowable to the Court before the filing of any objection.  The objection was obviated in any event by the parties' agreement on the issue, which appears to have satisfied Optum's own concerns that were driving its intent to object.  *See* Optum Ex. A (Dkt. #6246-2) at 2-3 (emails of parties' counsel describing and confirming agreement).  Thus, even a party as determined as Optum is to find prejudice to its interests can find nothing here.[4]  The Appointment Order expressly authorized Special Master Cohen's communication consistent with Rule 53 and Canon 3A(4).  Optum's motion to prohibit any future *ex parte* communication between Special Master Cohen and the Court thus is factually and legally baseless and should be denied.

## CONCLUSION

For all of the reasons set forth, Optum's motion to prohibit *ex parte* communications regarding Special Master rulings should be denied.

---

[4] The judicial authority on which Optum relies is inapposite, as none of the cases it cites involved communication between a court and its appointed special master.  *See United States v. Minsky*, 963 F.2d 870, 871 (6th Cir. 1992) (district court's *ex parte* bench conference with prosecutor during criminal trial); *Anderson v. Sheppard*, 856 F.2d 741, 742-47 (6th Cir. 1988) (district court's in-court statements disparaging the strength of plaintiff's case); *Moran v. Dillingham*, 174 U.S. 153, 157-58 (1899) (application or non-application of statutory prohibition of circuit court judge sitting in appellate review of matters he decided as trial court judge); *Rexford v. Brunswick-Balke-Collender Co.*, 228 U.S. 339, 344-45 (1913) (same).

5

3298748.1

Dated:  August 20, 2025                          Respectfully submitted,

          Jayne Conroy
          SIMMONS HANLY CONROY
          112 Madison Avenue, 7th Floor
          New York, NY 10016
          (212) 784-6400
          jconroy@simmonsfirm.com

          Joseph F. Rice
          MOTLEY RICE LLC
          28 Bridgeside Blvd.
          Mt. Pleasant, SC 29464
          (843) 216-9000
          jrice@motleyrice.com

          Paul T. Farrell, Jr., Esq.
          FARRELL & FULLER LLC
          270 Munoz Rivera Avenue, Suite 201
          San Juan, PR  00918
          (304) 654-8281
          paul@farrellfuller.com

          *Plaintiffs' Co-Lead Counsel*

          */s/ Peter H. Weinberger*
          Peter H. Weinberger (0022076)
          SPANGENBERG SHIBLEY & LIBER
          1001 Lakeside Avenue East, Suite 1700
          Cleveland, OH 44114
          (216) 696-3232
          (216) 696-3924 (Fax)
          pweinberger@spanglaw.com

          *Plaintiffs' Liaison Counsel*

3298748.1

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 20, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

                                                */s/ Peter H. Weinberger*
                                                Peter H. Weinberger

3298748.1