## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION <br><br> THIS DOCUMENT RELATES TO: <br><br> Case Track 12: *City of Rochester v. Purdue Pharma, L.P.*, No. 19-op-45853 | MDL No. 2804 <br><br> Case No. 1:17-md-2804-DAP <br><br> Judge Dan Aaron Polster |

**OPTUMINSIGHT, INC. AND OPTUMINSIGHT LIFE SCIENCES, INC.'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF THE CITY OF ROCHESTER, NEW YORK'S VERIFIED COMPLAINT AND SUPPLEMENTAL AND AMENDED ALLEGATIONS TO BE ADDED TO THE <u>VERIFIED COMPLAINT AND JURY DEMAND</u>**

OptumInsight, Inc. and OptumInsight Life Sciences, Inc. answer Plaintiff the City of Rochester, New York's June 5, 2019 Verified Complaint and Jury Demand (Dkt. 1-5) and Plaintiff the City of Rochester, New York's March 6, 2024 Supplemental and Amended Allegations to be Added to the Verified Complaint and Jury Demand (Dkt. 110) as follows.

Unless expressly admitted, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny each and every allegation in the Complaint, including any allegations in the preamble, unnumbered and numbered paragraphs, titles, headings, subheadings, table of contents, footnotes, exhibits, characterization of documents, and stricken paragraphs. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. also deny that the Court has personal jurisdiction over either entity. Neither OptumInsight, Inc. nor OptumInsight Life Science, Inc. waives its jurisdictional defenses by responding to Plaintiff's Complaint. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. also deny all allegations for which OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the allegations. And OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny any wrongdoing or liability to Plaintiff.

1

Paragraph headings and titles are recited in this Answer only for the purposes of organization and reference. Inasmuch as any headings or titles contain any allegations to which OptumInsight, Inc. or OptumInsight Life Sciences, Inc. must respond, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny each allegation.

OptumInsight, Inc. and OptumInsight Life Sciences, Inc. reserve the right to amend and supplement its Answer as appropriate or necessary.

**OPTUMINSIGHT, INC. AND OPTUMINSIGHT LIFE SCIENCES, INC.'S ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT**

OptumInsight, Inc. and OptumInsight Life Sciences Inc. were not named as defendants in the 2019 Verified Complaint and therefore no response to the allegations in the 2019 Verified Complaint is required. To the extent a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. respond to the allegations in the 2019 Verified Complaint as follows.

The unnumbered paragraphs before the introduction do not set forth factual allegations to which a response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in those unnumbered paragraphs.

## <u>INTRODUCTION</u>

1.      Denied.

2.      Denied.

3.      Denied.

4.      Denied.

5.      Denied.

6.      Denied.

7.      Denied.

8.      Denied.

9.      Denied.

10.     Denied.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     OptumInsight, Inc. and OptumInsight Life Sciences, Inc. admit that certain opioid manufacturers engaged in misrepresentations and fraud and that certain opioid distributors lacked functional systems to comply with their legal obligations to report suspicious orders and repeatedly shipped to known pill mills. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 42.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

## JURISDICTION AND VENUE

60.     Paragraph 60 contains legal conclusions to which no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 60.

61.     Paragraph 61 contains legal conclusions to which no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 61.

62.     Paragraph 62 contains legal conclusions to which no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 62.

## PARTIES

**A.     Plaintiff.**

63.     OptumInsight, Inc. and OptumInsight Life Sciences, Inc. admit that the City of Rochester is a city within Monroe County, New York. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63 and on that basis deny them.

**B.     Defendants.**

64–243.  The allegations in Paragraphs 64–243 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 64–243 and on that basis deny them.

244.    Denied.

245–260. The allegations in Paragraphs 245–260 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information

sufficient to form a belief about the truth of the allegations in Paragraphs 245–260 and on that basis deny them.

261–265. Plaintiff dismissed its claims against UnitedHealth Group Incorporated and Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraphs 261–265 about UnitedHealth Group Incorporated and Optum, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraphs 261–265.

266–67. OptumRx, Inc. filed its answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraphs 266–267 about OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraphs 266–67.

268.    Denied.

269.    Denied.

270.    Denied.

271–278. The allegations in Paragraphs 271–278 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc, so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 271–278 and on that basis deny them.

279.    Denied.

280–308.  The allegations in Paragraphs 280–308 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 280–308 and on that basis denies them.

309.    Denied.

310–364. The allegations in Paragraphs 310–364 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 310–364 and on that basis deny them.

365.     OptumInsight, Inc. and OptumInsight Life Sciences, Inc. admit that the CDC first published its Guideline for Prescribing Opioids for Chronic Pain in March 2016. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 365.

366.     OptumInsight, Inc. and OptumInsight Life Sciences, Inc. admit that in 2017, President Trump declared the opioid crisis to be a public health emergency.

367–474.  The allegations in Paragraphs 367–474 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 367–474 and on that basis deny them.

## FACTS RELEVANT TO ALL CAUSES OF ACTION

A.     **Background on Pain Medicine.**

1.     **Safe and Effective Treatment of Chronic Pain Centers on Informed Risk Management.**

475–478. The allegations in Paragraphs 475–478 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 475–478 and on that basis deny them.

2.     **Opioid Use Is Associated with Known and Substantial Risks.**

479.     Denied.

480.    Denied.

481.    Denied.

482.    OptumInsight, Inc. and OptumInsight Life Sciences, Inc. admit that certain prescription opioids are regulated at the federal level as controlled substances. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 482 and on that basis deny them.

483.    Denied.

484.    Denied.

485.    Denied.

486.    Denied.

487.    Denied.

488.    Denied.

489.    Denied.

490.    Denied.

491.    Denied.

492.    Denied.

493.    Denied.

494.    Denied.

495.    Denied.

496.    Denied .

497.    Denied.

498.    Denied.

499.    Denied.

500.    Denied.

501.    Denied.

502.    Denied.

503.    Denied.

**3.    Long-Term Opioid Use Benefits Are Unproven and Contradicted.**

504.    Denied.

505.    Denied.

506.    Denied.

507.    Denied.

508.    Denied.

509.    Denied.

510.    Denied.

511.    Denied.

512.    Denied.

513.    Denied.

514.    Denied.

**4.    Defendants' Impact on the Perception and Prescribing of Opioids.**

515.    Denied.

516.    Denied.

517.    Denied.

518.    Denied.

519.    Denied.

520.    Denied.

**B.    Defendants Promoted Their Branded Products Through Direct Marketing to Prescribers and Consumers.**

521.    Denied.

**1.    Defendants Relied Upon Branded Advertisements.**

522.    Denied.

523.    Denied.

**2.    Defendants Relied Upon Their Sales Forces and Recruited Physician Speakers.**

524.    Denied.

525.    Denied.

526.    Denied.

527.    Denied.

528.    Denied.

529.    Denied.

530.    Denied.

531.    Denied.

532.    Denied.

533.    Denied.

534.    Denied.

**3.    Defendants Directed These Promotional Efforts Through Detailed Marketing Plans.**

535.    Denied.

a.    <u>Targeting categories of prescribers</u>

536.    Denied.

537.    Denied.

538.    Denied.

539.    Denied.

b.    <u>Increasing "direct to consumer" marketing</u>

540.    Denied.

541.    Denied.

c.    <u>Differentiating each brand</u>

542.    Denied.

543.    Denied.

d.    <u>Moving beyond office visits</u>

544.    Denied.

    **4.**    **Defendants Marketed Opioids in the City of Rochester Using the Same Strategies and Messages They Employed Nationwide.**

545.    Denied.

546.    Denied.

547.    Denied.

548.    Denied.

549.    Denied.

**C.**    **Defendants Used "Unbranded" Marketing to Evade Regulations and Consumer Protection Laws.**

550.    Denied.

    **1.**    **Regulations Governing Branded Promotion Require that it Be Truthful, Balanced, and Supported by Substantial Evidence.**

551.    Denied.

552.    Denied.

553.    Denied.

554.    Denied.

555.    Denied.

    **2.**    **Defendants Deployed Front Groups and Doctors to Disseminate Unbranded Information on Their Behalf.**

556.    Denied.

557.    Denied.

558.    Denied.

559.    Denied.

560.    Denied.

561.    Denied.

562.    Denied.

563.    Denied.

564.    Denied.

       a.   <u>Defendants' Use of KOLs</u>

565.   Denied.

566.   Denied.

567.   Denied.

568.   Denied.

569.   Denied.

570.   Denied.

571.   Denied.

572.   Denied.

573.   Denied.

574.   Denied.

575.   Denied.

576.   Denied.

577.   Denied

578.   Denied.

579.   Denied.

580.   Denied.

       b.   <u>"Research" That Lacked Supporting Evidence</u>

581.   Denied.

582.   Denied.

583.   Denied.

584.   Denied.

585.   Denied.

586.   Denied.

587.   Denied.

       c.   <u>Treatment Guidelines</u>

588.   Denied.

          i.         FSMB

589. Denied.

590. Denied.

591. Denied.

592. Denied.

593. Denied.

594. Denied.

595. Denied.

          ii.        AAPM/APS Guidelines

596. Denied.

597. Denied.

598. Denied.

599. Denied.

600. Denied.

          iii.      *American Geriatrics Society*

601. Denied.

602. Denied.

603. Denied.

          iv.      *Guidelines That Did Not Receive Defendants' Support*

604. Denied.

605. Denied.

606. Denied.

        d.  <u>Continuing Medical Education</u>

607. Denied.

608. Denied.

609. Denied.

610. Denied.

611.    Denied.

612.    Denied.

613.    Denied.

      e.    <u>Unbranded Patient Education</u>

614.    Denied.

615.    Denied.

      f.    <u>Defendants' Use of Front Groups</u>

616.    Denied.

617.    Denied.

      i.    *American Pain Foundation*

618.    Denied.

619.    Denied.

620.    Denied.

621.    Denied.

622.    Denied.

623.    Denied.

624.    Denied.

625.    Denied.

626.    Denied.

627.    Denied.

      ii.    *The American Academy of Pain Medicine*

628.    Denied.

629.    Denied.

630.    Denied.

631.    Denied.

632.    Denied.

14

3.  **Defendants Acted in Concert with KOLs and Front Groups in the Creation, Promotion, and Control of Unbranded Marketing.**

633.  Denied.

634.  Denied.

635.  Denied.

636.  Denied.

637.  Denied.

4.  **Defendants Targeted Vulnerable and Lucrative Populations.**

a.  <u>The Elderly</u>

638.  Denied.

639.  Denied.

640.  Denied.

b.  <u>Veterans</u>

641.  Denied.

642.  Denied.

643.  Denied.

644.  Denied.

645.  Denied.

646.  Denied.

647.  Denied.

648.  Denied.

D.  **Why Defendants' Marketing Messages Are Misleading and Unfair**

649.  Denied.

650.  Denied.

651.  Denied.

652.  Denied.

653.  Denied.

1. **Defendants and Their Third-Party Allies Misrepresented that Opioids Improve Function**

654. Denied.

655. Denied.

656. Denied.

657. Denied.

2. **Defendants and Their Third-Party Allies Concealed the Truth About the Risk of Addiction from Long-Term Opioid Use**

658. Denied.

659. Denied.

660. Denied.

661. Denied.

662. Denied.

663. Denied.

664. Denied.

665. Denied.

666. Denied.

667. Denied.

668. Denied.

669. Denied.

3. **Defendants and Their Third-Party Allies Misrepresented that Addiction Risk Can Be Avoided or Managed**

670. Denied.

671. Denied.

672. Denied.

673. Denied.

674. Denied.

### 4. Defendants and Their Third-Party Allies Created Confusion By Promoting the Misleading Term "Pseudoaddiction."

675.  Denied.

676.  Denied.

### 5. Defendants and Their Third-Party Allies Claimed Withdrawal is Simply Managed

677.  Denied.

678.  Denied.

679.  Denied.

680.  Denied.

### 6. Defendants and Their Third-Party Allies Misrepresented that Increased Doses Pose No Significant Additional Risks

681.  Denied.

682.  Denied.

683.  Denied.

684.  Denied.

### 7. Defendants and Their Third-Party Allies Deceptively Omitted or Minimized Adverse Effects of Opioids and Overstated the Risks of Alternative Forms of Pain Treatment.

685.  Denied.

686.  Denied.

687.  Denied.

688.  Denied.

### 8. Purdue Misleadingly Promoted OxyContin as Providing 12 Hours of Relief

689–695.  The allegations in Paragraphs 689–695 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of those allegations and on that basis denies them.

17

E. **Each Defendant Engaged in Deceptive Marketing, Both Branded and Unbranded, that Targeted and Reached City prescribers.**

696.    Denied.

697.    Denied.

698.    Denied.

1. **Actavis**

a. <u>Actavis' Deceptive Direct Marketing</u>

699–704.    Paragraphs 699–704 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 699–704 and on that basis deny them.

i. *Actavis' Deceptive Sales Training*

705–717. Paragraphs 705–717 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 705–717 and on that basis deny them.

ii. *Actavis' Deceptive Speaking Training*

718–723.    Paragraphs 718–723 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 718–723 and on that basis deny them.

b. <u>Actavis's Deceptive Statements to Prescribers and Patients in the City of Rochester</u>

724–726.    Paragraphs 724–726 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient

18

to form a belief about the truth of the allegations in Paragraphs 724–726 and on that basis deny them.

### 2.  Cephalon

727–729.    Paragraphs 727–729 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 727–729 and on that basis deny them.

#### a.  Cephalon's Deceptive Direct Marketing

730.    Paragraph 730 is not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 730 and on that basis deny them.

##### i.    *Cephalon's Fraudulent Off-Label Marketing of Actiq and Fentora*

731.    Paragraph 731 is not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 731 and on that basis deny them.

###### a)    *Cephalon launched its fraudulent marketing scheme for Actiq*

732–737.    Paragraphs 732–737 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. or OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 732–737 and on that basis deny them.

###### b)    *October 1, 2006 – Cephalon fraudulently marked Actiq's successor drug, Fentora*

738–742.    Paragraphs  738–742  are  not  directed  against  OptumInsight,  Inc.  or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. or OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 738–742 and on that basis deny them.

       c)     *September 2007 – Reports of death and serious side effects led the FDA to issue a public health warning for Fentora*

743–745.    Paragraphs  743–745  are  not  directed  against  OptumInsight,  Inc.  or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 743–745 and on that basis deny them.

       d)     *May 6, 2008 – The FDA rejected Cephalon's request for expanded approval of Fentora*

746–747.    Paragraphs  746–747  are  not  directed  against  OptumInsight,  Inc.  or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 746–747 and on that basis deny them.

       e)     *March 26, 2009 – the FDA's Division of Drug Marketing, Advertising and Communications ("DDMAC") warned Cephalon about its misleading advertising of Fentora*

748–750.    Paragraphs  748–750  are  not  directed  against  OptumInsight,  Inc.  or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 748–750 and on that basis deny them.

       f)     *Cephalon continues to knowingly, deceptively, and illegally promote Fenotra for off-label uses*

751–754. Paragraphs 751–754 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. or OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 751–754 and on that basis deny them.

    ii. *Cephalon's Misrepresentation of the Risks Associated with the Use of Opioids for the Long-Term Treatment of Chronic Pain*

755–762. Paragraphs 755–762 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 755–762 and on that basis deny them.

    b. <u>Cephalon's Deceptive Third-Party Statements</u>

763–764. Paragraphs 763–764 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. or OptumInsight Life Sciences, Inc. knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 763–764 and on that basis deny them.

    i. FSMB – *Responsible Opioid Prescribing*

765–768. Paragraphs 765–768 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 765–768 and on that basis deny them.

    ii. *APF – Treatment Options: A Guide for People Living with Pain*

769–779. Paragraphs 769–779 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient

to form a belief about the truth of the allegations in Paragraphs 769–779 and on that basis deny them.

###### iii. *Key Opinion Leaders and Misleading Science*

780–783.    Paragraphs 780–783 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 780–783 and on that basis deny them.

###### iv. *Misleading Continuing Medical Education*

784–794.    Paragraphs 784–794 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 784–794 and on that basis deny them.

##### c.   Cephalon's Deceptive Third-Party Statements to City prescribers and Patients

795–799.    Paragraphs 795–799 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 795–799 and on that basis deny them.

#### 3.   Endo

800–802.    Paragraphs 800–802 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. or OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 800–802 and on that basis deny them.

a.  Endo's Deceptive Direct Marketing

803.    Paragraph 803 is not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 803 and on that basis deny them.

i.    *Endo's Sales Force and Deceptive Sales Training*

804–813.    Paragraphs 804–813 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 804–813 and on that basis deny them.

a)    *Endo's Sales Force Deceptively Minimized the Risks of Addiction Associated with Chronic Opioid Therapy.*

814–821.    Paragraphs 814–821 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 814–821 and on that basis deny them.

b)    *Endo's Sales Force Deceptively Implied that Chronic Opioid Therapy Would Improve Patients' Ability to Function.*

822–827.    Paragraphs 822–827 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 822–827 and on that basis deny them.

c)    *Endo's Sales Force Deceptively presented the Risks and Benefits of Opioids to Make Them Appear Safer Than Other Analgesics*

23

828–829.    Paragraphs 828–829 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 828–829 and on that basis deny them.

ii.    *Endo's Speakers Bureau Programs Deceptively Minimized the Risks of Addiction Associated with Chronic Opioid Therapy*

830–836.    Paragraphs 830–836 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 830–836 and on that basis deny them.

iii.    *Endo's Misleading Journal Supplement*

837.    Paragraph 837 is not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 837 and on that basis deny them.

iv.    *Endo's Deceptive Unbranded Advertising*

838. Paragraph 838 is not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 838 and on that basis deny them.

b.    Endo's Deceptive Third-Party Statements

839–842.    Paragraphs 839–842 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient

24

to form a belief about the truth of the allegations in Paragraphs 839–842 and on that basis deny them.

                i.        *APF*

843–852.    Paragraphs 843–852 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 843–852 and on that basis deny them.

                a)        *Misleading Medical Education*

853–855.    Paragraphs 853–855 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 853–855 and on that basis deny them.

                b)        *Painknowledge.com*

856–860.    Paragraphs 856–860 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 856–860 and on that basis deny them.

                c)        *Exit Wounds*

861–865.    Paragraphs 861–865 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 861–865 and on that basis deny them.

     ii.     *Other Front Groups: FSMB, AAPM, and AGS*

866–872.    Paragraphs 866–872 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 866–872 and on that basis deny them.

     iii.     *Key Opinion Leaders and Misleading Science*

873–885.    Paragraphs 873–885 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. or OptumInsight Life Sciences, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 873–885 and on that basis deny them.

     c.    <u>Endo's Deceptive Statements to City prescribers and Patients</u>

886–890.    Paragraphs 886–890 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 886–890 and on that basis deny them.

**4.   Janssen**

891–893.    Paragraphs 891–893 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 891–893 and on that basis deny them.

     a.    <u>Janssen's Deceptive Direct Marketing</u>

894–895.    Paragraphs 894–895 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required,

OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 894–895 and on that basis deny them.

### i.  *Janssen's Deceptive Sales Training*

896–903.    Paragraphs 896–903 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 896–903 and on that basis deny them.

### ii.  *Janssen's Deceptive Speakers Bureau Programs*

904–907.    Paragraphs 904–907 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 904–907 and on that basis deny them.

### iii.  *Janssen's Deceptive Unbranded Advertising*

908–909.    Paragraphs 908–909 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 908–909 and on that basis deny them

### b.  Janssen's Deceptive Third-Party Statements

910. Paragraph 910 is not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 910 and on that basis deny them.

i.      *AAPM and AGS – Finding Relief: Pain Management for Older Adults*

911–919.    Paragraphs 911–919 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 911–919 and on that basis deny them.

ii.      *AGS – Misleading Medical Education*

920. Paragraph 920 is not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 920 and on that basis deny them.

iii.      *APF*

921–922.    Paragraphs 921–922 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 921–922 and on that basis deny them.

a)      *Let's Talk Pain*

923–935.    Paragraphs 923–935 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 923–935 and on that basis deny them.

b)      *Exit Wounds*

936–937.    Paragraphs 936–937 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient

to form a belief about the truth of the allegations in Paragraphs 936–937 and on that basis deny them.

    c. <u>Janssen's Deceptive Statements to Prescribers and Patients in the City of Rochester</u>

938. Paragraph 938 is not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 938 and on that basis deny them.

    i. *Janssen's Deceptive Medical Education Programs in the City of Rochester*

939. Paragraph 939 is not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 939 and on that basis deny them.

    ii. *Janssen's Deceptive Detailing Practices in the City of Rochester*

940. Paragraph 940 is not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 940 and on that basis deny them.

**5. Purdue**

941–942. Paragraphs 941–942 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 941–942 and on that basis deny them.

a.   Purdue's Deceptive Direct Marketing

943–962.   Paragraphs 943–962 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 943–962 and on that basis deny them.

b.   Purdue's Deceptive Third-Party Statements

963. Paragraph 963 is not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 963 and on that basis deny them.

i.   *APF*

a)   *Purdue's Control of APF*

964–979.   Paragraphs 964–979 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 964–979 and on that basis deny them.

b)   *A Policymaker's Guide*

980–986.   Paragraphs 980–986 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 980–986 and on that basis deny them.

c)   *Treatment Options: A Guide for People Living with Pain*

987–992. Paragraphs 987–992 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight,

Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 987–992 and on that basis deny them.

ii.  *Purdue's Work with Other Third Party Front Groups and KOLs*

993. Paragraph 993 is not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 993 and on that basis deny them.

a)  *FSMB – Responsible Opioid Prescribing*

994–995. Paragraphs 994–995 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. or OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 994–995 and on that basis deny them.

b)  *AGS – Pharmacological Management of Persistent Pain in Older Persons*

996–998. Paragraphs 996–998 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 996–998 and on that basis deny them.

c)  *Chronic Pain Management and Opioid Use: Easing Fears, Managing Risks, and Improving Outcomes*

999. Paragraph 999 is not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 999 and on that basis deny them.

d)  *Managing Patient's Opioid Use: Balancing the Need and Risk*

1000. Paragraph 1000 is not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc.

and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1000 and on that basis deny them.

        e)     *Path of the Patient, Managing Chronic Pain in Younger Adults at Risk for Abuse*

1001–1003.   Paragraphs 1001–1003 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 1001–1003 and on that basis deny them.

        f)     *Overview of Management Options*

1004. Paragraph 1004 is not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1004 and on that basis deny them.

        iii.     *Purdue's Misleading Science*

1005. Paragraph 1005 is not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1005 and on that basis deny them.

        a)     *Purdue's Deceptive Statements to Prescribers and Patients in the City of Rochester*

1006–1012.   Paragraphs 1006–1012 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 1006–1012 and on that basis deny them.

32

### 6. Insys

1013–1035.   Paragraphs 1013–1035 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 1013–1035 and on that basis deny them.

### F.    The Result of Defendants' Fraudulent Scheme

1036–1037.   Paragraphs 1036–1037 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraphs 1036–1037 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc. or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

### 1.   Defendants' Fraudulent and Deceptive Marketing of Opioids Directly Caused Harm to the City of Rochester.

1038.  Denied.

1039.  Denied.

1040.  Denied.

    a.   Increase in Opioid Prescribing Nationally

1041.  Denied.

1042.  Denied.

1043.  Denied.

1044.  Denied.

1045.  Denied.

1046.  Denied.

    b.   The City's Increased Spending on Opioids

1047.  Denied.

            i.    *Defendants' Misrepresentations Were Material*

1048. Denied.

1049. Denied.

1050. Denied.

            ii.    *The City's Increased Costs Correlate with Defendants' Promotion*

1051. Denied.

1052. Denied.

**2. Defendants' Fraudulent and Deceptive Marketing of Opioids Directly Caused Harm to Consumers in the City of Rochester.**

      a.    Increased Opioid Use Has Led to an Increase in Opioid Abuse, Addiction, and Death

1053. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. admit that opioids can be addictive for some individuals. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1053 and on that basis deny them.

1054. Denied.

1055. Denied.

1056. Denied.

1057. Denied.

1058. Denied.

      b.    Increased Opioid Use Has Increased Costs Related to Addiction Treatment

1059. Denied.

1060. Denied.

      c.    Increased Opioid Use Has Fueled An Illegal Secondary Market for Narcotics and the Criminals Who Support It

1061. Denied.

1062. Denied.

1063. Denied.

1064.  Denied.

**3.  Defendants' Fraudulent Marketing Has Led to Record Profits**

1065.  Denied.

1066.  Denied.

**4.  Defendants Fraudulently Concealed Their Misrepresentations**

1067.  Denied.

1068.  Denied.

1069.  Denied.

1070.  Denied.

1071.  Denied.

1072.  Denied.

**G.  Defendants Entered into and Engaged in a Civil Conspiracy**

1073.  Denied.

1074.  Denied.

1075.  Denied.

1076.  Denied.

1077.  Denied.

1078.  Denied.

**H.  PBMs Ensured that Opioids Were Regularly Prescribed and Flooded the Market**

1079.  Denied.

1080.  Denied.

1081.  Denied.

1082.  Denied.

1083.  Denied.

1084.  Denied.

1085.  Denied.

1086.   Denied.

1087.   Denied.

1088.   Denied.

1089.   Denied.

1090.   Denied.

1091.   Denied.

1092.   Denied.

1093.   Denied.

1094.   Denied.

1095.   Denied.

1096.   Denied.

1097.   Denied.

1098.   Denied.

1099.   Denied.

1100.   Denied.

1101.   Denied.

1102.   Denied.

1103.   Denied.

1104.   Denied.

**I.      Defendants Flooded Plaintiff the City of Rochester with Suspiciously Large Amounts of Opioids.**

1105–1107.    The allegations in Paragraphs 1105–1107 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 1105–1107 and on that basis deny them.

1108.  Denied.

1109.  Denied.

1110.  Denied.

1111.  Denied.

1112.  Denied.

1113.  Denied.

1114.  Denied.

1115.  Denied.

1116.  Denied.

1117.  Denied.

1118.  Denied.

1119.  Denied.

1120.  Denied.

1121.  Denied.

1122.  Denied.

1123.  Denied.

1124.  Denied.

1125.  Denied.

1126.  Denied.

1127.  Denied.

1128.  Denied.

1129.  Denied.

1130.  Denied.

1131.  Denied.

1132.  Denied.

1133.  Denied.

1134.  Denied.

1135.   Denied.

1136.   Denied.

1137.   Denied.

1138.   Denied.

1139.   Denied.

1140.   Denied.

1141.   Denied.

1142.   Denied.

1143.   Denied.

**FIRST CAUSE OF ACTION**
**DECEPTIVE ACTS AND PRACTICES**
**NEW YORK GENERAL BUSINESS LAW §349**
**(AGAINST ALL DEFENDANTS)**

1144.   OptumInsight, Inc. and OptumInsight Life Sciences, Inc. incorporate by reference their responses to all prior paragraphs as if set forth fully herein. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 1144.

1145–1152.   Paragraphs 1145–1152 assert legal conclusions to which no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraphs 1145–1152.

**SECOND CAUSE OF ACTION**
**FALSE ADVERTISING**
**NEW YORK GENERAL BUSINESS LAW §350**
**(AGAINST ALL DEFENDANTS)**

1153.   OptumInsight, Inc. and OptumInsight Life Sciences, Inc. incorporate by reference their responses to all prior paragraphs as if set forth fully herein. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 1153.

1154–1160.   Paragraphs 1154–1160 assert legal conclusions to which no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraphs 1154–1160.

### THIRD CAUSE OF ACTION
### PUBLIC NUISANCE
### (AGAINST ALL DEFENDANTS)

1161.  OptumInsight, Inc. and OptumInsight Life Sciences, Inc. incorporate by reference its responses to all prior paragraphs as if set forth fully herein. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 1161.

1161–1169.  Paragraphs 1161–1169 assert legal conclusions to which no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraphs 1161–1169.

### FOURTH CAUSE OF ACTION
### VIOLATION OF NEW YORK SOCIAL SERVICES LAW § 145-B
### (AGAINST ALL DEFENDANTS)

1170.  OptumInsight, Inc. and OptumInsight Life Sciences, Inc. incorporate by reference its responses to all prior paragraphs as if set forth fully herein. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 1170.

1171–1175.  Paragraphs 1171–1175 assert legal conclusions to which no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraphs 1171–1175.

### FIFTH CAUSE OF ACTION
### FRAUD
### (AGAINST ALL DEFENDANTS)

1176.  OptumInsight, Inc. and OptumInsight Life Sciences, Inc. incorporate by reference its responses to all prior paragraphs as if set forth fully herein. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 1176.

1177–1184.  Plaintiff has withdrawn its Fraud claim, so no response is required. Paragraphs 1177–1184 also assert legal conclusions to which no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraphs 1177–1184.

### SIXTH CAUSE OF ACTION
### UNJUST ENRICHMENT
### (AGAINST ALL DEFENDANTS)

1185.   OptumInsight, Inc. and OptumInsight Life Sciences, Inc. incorporate by reference its responses to all prior paragraphs as if set forth fully herein. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 1185.

1186–1191.   Plaintiff has withdrawn its Unjust Enrichment claim, so no response is required. Paragraphs 1186–1191 also assert legal conclusions to which no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraphs 1186–1191.

### SEVENTH CAUSE OF ACTION
### NEGLIGENCE
### (AGAINST ALL DEFENDANTS)

1192.   OptumInsight, Inc. and OptumInsight Life Sciences, Inc. incorporate by reference its responses to all prior paragraphs as if set forth fully herein. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 1192.

1193–1207.   Paragraphs 1193–1207 assert legal conclusions to which no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraphs 1193–1207.

**OPTUMINSIGHT, INC. AND OPTUMINSIGHT LIFE SCIENCES, INC.'S ANSWER TO THE CITY OF ROCHESTER, NEW YORK'S SUPPLEMENTAL AND AMENDED ALLEGATIONS TO BE ADDED TO THE VERIFIED COMPLAINT**

The unnumbered paragraphs before the introduction (including footnote 1) do not set forth factual allegations to which a response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in those unnumbered paragraphs and in footnote 1.

**I.    Introduction**

1.      Paragraph 1 contains assertions about the Amended Complaint itself to which no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 1 and footnote 2.

2.      The allegations in Paragraph 2 are vaguely and improperly pleaded against "opioid manufacturers, distributors, and pharmacies" and "the PBM Defendants." Inasmuch as the allegations in Paragraph 2 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

3.      The allegations in Paragraph 3 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 3 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

4.      The allegations in Paragraph 4 are vaguely and improperly pleaded against "the PBM Defendants." Paragraph 4 also contains legal conclusions to which no response is required. Inasmuch as the allegations in Paragraph 4 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

5. The allegations in Paragraph 5 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 5 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

6. Paragraph 6 purports to summarize or quote a document OptumRx has produced in this litigation, which speaks for itself. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 6 about OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 6.

7. Paragraph 7 purports to summarize or quote a document OptumRx has produced in this litigation, which speaks for itself. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 7 about OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 7.

8. The allegations in Paragraph 8 are vaguely and improperly pleaded against "PBMs" or "the PBM Defendants." Inasmuch as the allegations in Paragraph 8 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

9. The allegations in Paragraph 9 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 9 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

10. The allegations in Paragraph 10 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 10 are directed against OptumInsight,

Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

11.     The allegations in Paragraph 11 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 11 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

12.     The allegations in Paragraph 12 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 12 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc.  deny them.

13.     The allegations in Paragraph 13 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as the allegations in Paragraph 13 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

14.     The allegations in Paragraph 14 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 14 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

15.     The allegations in Paragraph 15 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 15 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight,

Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

16.     The allegations in Paragraph 16 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 16 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

17.     The allegations in Paragraph 17 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. admit that Purdue Pharma introduced OxyContin in 1996. OptumInsight, Inc. or OptumInsight Life Sciences, Inc. also admit that Purdue Pharma pleaded guilty to misbranding of OxyContin in 2007. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 17.

18.     The allegations in Paragraph 18 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as the allegations in Paragraph 18 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

19.     OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 and on that basis deny them.

20.     OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 and on that basis deny them.

21.     The allegations in Paragraph 21 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 21 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc.

lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny them.

22.     Paragraph 22 purports to quote or summarize a Purdue email, which speaks for itself, and OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 22 inasmuch as Plaintiff mischaracterizes that document. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 22.

23.     OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 and on that basis deny them.

24.     The allegations in Paragraph 24 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 24 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc. or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

25.     OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 and on that basis deny them.

26.     OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 and on that basis deny them.

27.     OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 and on that basis deny them.

28.     OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 and on that basis deny them.

29.  The allegations in Paragraph 29 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as the allegations in Paragraph 29 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

30.  Plaintiff dismissed its claims against OptumHealth Care Solutions, LLC, Optum Health Holdings, LLC, and OptumHealth Networks, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 30 about OptumHealth Care Solutions, LLC, Optum Health Holdings, LLC, and OptumHealth Networks, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 30.

31.  The allegations in Paragraph 31 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 31 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc.  or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. admit that opioids can be addictive for some individuals. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 31.

32.  The allegations in Paragraph 32 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 32 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc.  or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations about Purdue Pharma's sales numbers in Paragraph 32 and on that basis deny them. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 32.

33.  The allegations in Paragraph 33 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 33 are directed against

OptumInsight, Inc. or OptumInsight Life Sciences, Inc.  or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc.  deny them.

34.    The allegations in Paragraph 34 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 34 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc.  or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

35.    The allegations in Paragraph 35 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 35 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc. or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

36.    The allegations in Paragraph 36 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 36 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc.  or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

37.    The allegations in Paragraph 37 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 37 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc.  or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

38.    The allegations in Paragraph 38 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 38 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc.  or could be construed as directed against

OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

39.    The allegations in Paragraph 39 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 39 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc.  or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

40.    OptumInsight, Inc. and OptumInsight Life Sciences, Inc. admit that Purdue Pharma pleaded guilty to misbranding OxyContin in 2007, agreed to pay a $635 million fine, and entered into a Corporate Integrity Agreement. Inasmuch as the allegations in Paragraph 40 purport to quote or summarize portions of Purdue Pharma's plea agreement, those materials speak for themselves. Inasmuch as the allegations in Paragraph 40 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc.  or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

41.    The allegations in Paragraph 41 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 41 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc. or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

42.    The allegations in Paragraph 42 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 42 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc. or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

43.    The allegations in Paragraph 43 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 43 are directed against

OptumInsight, Inc. or OptumInsight Life Sciences, Inc. or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

44.    The allegations in Paragraph 44 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 44 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc. or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

45.    The allegations in Paragraph 45 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as the allegations in Paragraph 45 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

46.    The allegations in Paragraph 46 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as the allegations in Paragraph 46 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc. or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

47.    The allegations in Paragraph 47 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 47 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc. or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

48.    The allegations in Paragraph 48 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 48 about Optum, Inc. Inasmuch as the allegations in Paragraph 48 are directed against OptumInsight, Inc.

49

or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

49. The allegations in Paragraph 49 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 49 about Optum, Inc. Inasmuch as the allegations in Paragraph 49 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

50. The allegations in Paragraph 50 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 50 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

51. Paragraph 51 purports to quote or summarize an Express Scripts PowerPoint, and that document speaks for itself. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 and on that basis deny them.

52. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 and on that basis deny them.

53. The allegations in Paragraph 53 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 53 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc., and OptumInsight Life Sciences, Inc. deny them.

54.     OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54 and on that basis deny them.

55.     OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55 and on that basis deny them.

56.     OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56 and on that basis deny them.

57.     The allegations in Paragraph 57 are not directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

58.     OptumInsight, Inc., and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58 and on that basis deny them.

59.     OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59 and on that basis deny them.

60.     Paragraph 60 purports to quote or summarize statements made by public officials, and those materials speak for themselves. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60 and on that basis deny them.

61.     Paragraph 61 purports to quote or summarize census materials, and those materials speak for themselves. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 and on that basis deny them.

62.    Paragraph 62 purports to quote or summarize national, state, or local health statistics, and those materials speak for themselves. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62 and on that basis deny them.

63.    Paragraph 63 purports to quote or summarize national, state, or local health statistics, and those materials speak for themselves. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63 and on that basis deny them.

64.    Paragraph 64 purports to quote or summarize national, state, or local health statistics, and those materials speak for themselves. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64 and on that basis deny them.

65.    Paragraph 65 purports to quote or summarize national, state, or local health statistics, and those materials speak for themselves. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65 and on that basis deny them.

66.    Paragraph 66 purports to quote or summarize national, state, or local health statistics, and those materials speak for themselves. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66 and on that basis deny them.

67.    Paragraph 67 purports to quote or summarize national, state, or local health statistics, and those materials speak for themselves. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67 and on that basis deny them.

68.    Paragraph 68 purports to quote or summarize national, state, or local health statistics, and those materials speak for themselves. OptumInsight, Inc. and OptumInsight Life

Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68 and on that basis deny them.

69.    Paragraph 69 purports to quote or summarize national, state, or local health statistics, and those materials speak for themselves. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69 and on that basis deny them.

70.    Paragraph 70 purports to quote or summarize national, state, or local health statistics, and those materials speak for themselves. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70 and on that basis deny them.

71.    Paragraph 71 purports to quote or summarize national, state, or local health statistics, and those materials speak for themselves. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71 and on that basis deny them.

72.    Inasmuch as Paragraph 72 purports to quote or summarize a news article, that material speaks for itself. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72 and on that basis deny them.

73.    OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73 and on that basis deny them.

74.    Paragraph 74 purports to quote or summarize public health data and reports, and those materials speak for themselves. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74 and on that basis deny them.

75.    Paragraph 75 purports to quote or summarize public health data and reports, and those materials speak for themselves. OptumInsight, Inc. and OptumInsight Life Sciences, Inc.

lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75 and on that basis deny them.

76.    Paragraph 76 purports to quote or summarize public health data and reports, and those materials speak for themselves. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76 and on that basis deny them.

77.    Paragraph 77 purports to quote or summarize public health data and reports, and those materials speak for themselves. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77 and on that basis deny them.

78.    Paragraph 78 purports to quote or summarize public health data and reports, and those materials speak for themselves. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78 and on that basis deny them.

79.    Paragraph 79 purports to quote or summarize public health data and reports, and those materials speak for themselves. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79 and on that basis deny them.

80.    Paragraph 80 purports to quote or summarize public health data and reports, and those materials speak for themselves. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 80 and on that basis deny them.

81.    The allegations in Paragraph 81 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 81 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc. or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

82.    OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82 and on that basis deny them.

83.    The allegations in Paragraph 83 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 83 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc. or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

84.    The allegations in Paragraph 84 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 84 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc. or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

85.    OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85 and on that basis deny them.

86.    Paragraph 86 purports to quote or summarize public health data and reports, and those materials speak for themselves. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 86 and on that basis deny them.

87.    The allegations in Paragraph 87 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 87 about Optum, Inc. Inasmuch as the allegations in Paragraph 87 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

88.    The allegations in Paragraph 88 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 88 are directed against OptumInsight, Inc, or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

89.    The allegations in Paragraph 89 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 89 about Optum, Inc. Paragraph 87 also contains legal conclusions to which no response is required. Inasmuch as the allegations in Paragraph 89 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

90.    The allegations in Paragraph 90 are vaguely and improperly pleaded against "the PBM Defendants" and "Optum." Inasmuch as the allegations in Paragraph 90 are directed against OptumInsight, Inc, or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

91.    The allegations in Paragraph 91 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 91 about Optum, Inc. Inasmuch as the allegations in Paragraph 91 are directed against OptumInsight, Inc, or OptumInsight Life Sciences, Inc. or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

92.    The allegations in Paragraph 92 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 92 are directed against OptumInsight, Inc, or OptumInsight Life Sciences, Inc. or could be construed as directed against

56

OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

93.    The allegations in Paragraph 93 are vaguely and improperly pleaded against "the PBM Defendants." Paragraph 93 also contains legal conclusions to which no response is required. Inasmuch as the allegations in Paragraph 93 require a response and are directed against OptumInsight, Inc, or OptumInsight Life Sciences, Inc. or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

94.    The allegations in Paragraph 94 are vaguely and improperly pleaded against "Defendants." Paragraph 94 also contains legal conclusions to which no response is required. Inasmuch as the allegations in Paragraph 94 require a response and are directed against OptumInsight, Inc, or OptumInsight Life Sciences, Inc. or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny any wrongdoing and deny that Plaintiff is entitled to any relief from OptumInsight, Inc. or OptumInsight Life Sciences, Inc.

## II.    Jurisdiction and Venue

95.    Paragraph 95 contains legal conclusions to which no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 95 and deny any liability.

96.    Paragraph 96 contains legal conclusions to which no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 96 and deny any liability.

97.    Paragraph 97 contains legal conclusions to which no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 97 and deny any liability. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. further deny that the Court has personal jurisdiction over either entity. Neither

OptumInsight, Inc. nor OptumInsight Life Science, Inc. waives its jurisdictional defenses by responding to Plaintiff's Complaint.

98.      Paragraph 98 contains legal conclusions to which no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 98 and deny any liability.

### III.    Parties

### A.    Plaintiff

99.      OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 99.

100.     OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 100 and on that basis deny them.

101.     OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 101 and on that basis deny them.

102.     Paragraph 102 contains legal conclusions to which no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 102.

103.     The allegations in Paragraph 103 are vaguely and improperly pleaded against "Defendants." Paragraph 103 also contains legal conclusions to which no response is required. Inasmuch as the allegations in Paragraph 103 require a response and are directed against OptumInsight, Inc, or OptumInsight Life Sciences, Inc. or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

104.     The allegations in Paragraph 104 are vaguely and improperly pleaded against "Defendants." Paragraph 104 also contains legal conclusions to which no response is required. Inasmuch as the allegations in Paragraph 104 require a response and are directed against

OptumInsight, Inc, or OptumInsight Life Sciences, Inc. or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

105. The allegations in Paragraph 105 are vaguely and improperly pleaded against "Defendants." Paragraph 105 also contains legal conclusions to which no response is required. Inasmuch as the allegations in Paragraph 105 require a response and are directed against OptumInsight, Inc, or OptumInsight Life Sciences, Inc. or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny any wrongdoing and deny that Plaintiff is entitled to any relief from OptumInsight, Inc. or OptumInsight Life Sciences, Inc.

**B.     Defendants**

**1.     The Express Scripts Defendants**

106–142. Paragraphs 106–142 are not directed against OptumInsight, Inc. and OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 106–142 and on that basis deny them.

**2.     The Optum Defendants**

143. Plaintiff dismissed its claims against UnitedHealth Group Incorporated on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 143 about UnitedHealth Group Incorporated. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 143.

144. Plaintiff dismissed its claims against UnitedHealth Group Incorporated on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 144 about UnitedHealth Group Incorporated. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 144.

145.     Plaintiff dismissed its claims against UnitedHealth Group Incorporated on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 145 about UnitedHealth Group Incorporated. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 145.

146.     Plaintiff dismissed its claims against UnitedHealth Group Incorporated on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 146 about UnitedHealth Group Incorporated. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 146.

147.     Plaintiff dismissed its claims against UnitedHealth Group Incorporated on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 147 about UnitedHealth Group Incorporated. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 147.

148.     Plaintiff dismissed its claims against UnitedHealth Group Incorporated on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 148 about UnitedHealth Group Incorporated. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 148.

149.     Plaintiff dismissed its claims against UnitedHealth Group Incorporated on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 149 about UnitedHealth Group Incorporated. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 149.

150.     Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 150 about Optum, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 150.

151.     Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 151

about Optum, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 151.

152.    Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 152 about Optum, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 152.

153.    Plaintiff dismissed its claims against UnitedHealth Group Incorporated and Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 153 about UnitedHealth Group Incorporated and Optum, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 153.

154.    Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 154 about Optum, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 154.

155.    OptumInsight, Inc. admits that it is a Delaware corporation with its principal place of business located in Eden Prairie, Minnesota and that it was formerly known as Ingenix, Inc. Except as expressly admitted herein, OptumInsight, Inc. denies the allegations in Paragraph 155. The allegations in Paragraph 155 are not directed against OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight Life Sciences, Inc. denies the allegations in Paragraph 155.

156.    OptumInsight, Inc. admits that it is registered to do business in New York and may be served through its registered agent: CT Corporation System, 28 Liberty Street, New York, NY 10005. The allegations in Paragraph 156 are not against OptumInsight Life Sciences, Inc., so no response is required.

157.    OptumInsight, Inc denies the allegations in Paragraph 157. The allegations in Paragraph 157 are not against OptumInsight Life Sciences, Inc., so no response is required.

158.    OptumInsight Life Sciences, Inc. admits that it was formerly known as "QualityMetric, Inc." and that it is a Delaware corporation with its principal place of business located in Eden Prairie, Minnesota. OptumInsight Life Sciences, Inc. also admits that it is a wholly-owned subsidiary of UnitedHealth Group. Except as expressly admitted herein, OptumInsight Life Sciences, Inc. denies the allegations in Paragraph 158.  The allegations in Paragraph 158 are not against OptumInsight, Inc., so no response is required.

159.    Paragraph 159 does not contain any allegations that require a response. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 159.

160.    The allegations in Paragraph 160 are vaguely and improperly pleaded against "OptumInsight." Inasmuch as the allegations in Paragraph 160 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

161.    The allegations in Paragraph 161 are vaguely and improperly pleaded against "OptumInsight." Inasmuch as the allegations in Paragraph 161 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

162.    OptumRx, Inc. filed its answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to allegations in Paragraph 162 regarding OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 162.

163.    OptumRx, Inc. filed its answer on October 7, 2024.  OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to allegations in Paragraph 163 regarding OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 163.

164.     Plaintiff dismissed its claims against OptumHealth Care Solutions, LLC on July 19, 2024. OptumRx, Inc. filed its answer on October 7, 2024.  OptumInsight, Inc. will not respond to the allegations in Paragraph 164 about OptumHealth Care Solutions, LLC and OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 164.

165.     OptumRx, Inc. filed its answer on October 7, 2024.  OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to allegations in Paragraph 165 regarding OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 165.

166.     OptumRx, Inc. filed its answer on October 7, 2024.  OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to allegations in Paragraph 166 regarding OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 166.

167.     OptumRx, Inc. filed its answer on October 7, 2024.  OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to allegations in Paragraph 167 regarding OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 167.

168.     OptumRx, Inc. filed its answer on October 7, 2024.  OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to allegations in Paragraph 168 regarding OptumRx. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 168.

169.     Paragraph 169 does not contain any allegations that require a response. Inasmuch as a response is required, OptumRx, Inc. filed its answer on October 7, 2024.  OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to allegations in Paragraph 169 regarding OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 169.

170.    OptumRx, Inc. filed its answer on October 7, 2024.  OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to allegations in Paragraph 170 regarding OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 170.

171.    Plaintiff dismissed its claims against OptumRx Discount Card Services, LLC on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 171 about OptumRx Discount Card Services, LLC. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 171.

172.    Plaintiff dismissed its claims against OptumRx Discount Card Services, LLC on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 172 about OptumRx Discount Card Services, LLC. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 172.

173.    Plaintiff dismissed its claims against OptumRx Discount Card Services, LLC on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 173 about OptumRx Discount Card Services, LLC. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 173.

174.    Plaintiff dismissed its claims against Optum Perks, LLC on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 174 about Optum Perks, LLC. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 174.

175.    Plaintiff dismissed its claims against Optum Perks, LLC on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 175 about Optum Perks, LLC. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 175.

176.    Plaintiff dismissed its claims against Optum Perks, LLC on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in

Paragraph 176 about Optum Perks, LLC. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 176.

177.    Plaintiff dismissed its claims against Optum Perks, LLC on July 19, 2024. OptumRx filed its answer on October 7, 2024.  OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to allegations in Paragraph 177 regarding Optum Perks, LLC or OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 177.

178.    Plaintiff dismissed its claims against OptumHealth Care Solutions, LLC on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 178 about OptumHealth Care Solutions, LLC. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 178.

179.    Plaintiff dismissed its claims against OptumHealth Care Solutions, LLC on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 179 about OptumHealth Care Solutions, LLC. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 179.

180.    Plaintiff dismissed its claims against OptumHealth Care Solutions, LLC on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 180 about OptumHealth Care Solutions, LLC. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 180.

181.    Plaintiff dismissed its claims against OptumHealth Care Solutions, LLC on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 181 about OptumHealth Care Solutions, LLC. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 181.

182.    Plaintiff dismissed its claims against OptumHealth Holdings, LLC on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 182 about OptumHealth Holdings, LLC. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 182.

183.    Plaintiff dismissed its claims against Optum Health Networks, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 183 about Optum Health Networks, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 183.

184.    Plaintiff dismissed its claims against Optum Health Networks, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 184 about Optum Health Networks, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 184.

185.    Plaintiff dismissed its claims against Optum Health Networks, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 185 about Optum Health Networks, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 185.

186.    Paragraph 186 does not contain any allegations that require a response. Inasmuch as a response is required, Plaintiff dismissed its claims against OptumHealth Care Solutions, LLC, Optum Health Holdings, LLC, and OptumHealth Networks, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 184 about OptumHealth Care Solutions, LLC, Optum Health Holdings, LLC, and OptumHealth Networks, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 186.

187.    Plaintiff dismissed its claims against OptumHealth Care Solutions, LLC, Optum Health Holdings, LLC, and OptumHealth Networks, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 187 about OptumHealth Care Solutions, LLC, Optum Health Holdings, LLC, and OptumHealth Networks, Inc. OptumInsight, Inc. or OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 187.

188.    Plaintiff dismissed its claims against OptumHealth Care Solutions, LLC, Optum Health Holdings, LLC, and OptumHealth Networks, Inc. on July 19, 2024. OptumInsight, Inc. and

OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 188 about OptumHealth Care Solutions, LLC, Optum Health Holdings, LLC, and OptumHealth Networks, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 188.

189.    Paragraph 189 does not contain any allegations that require a response. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 189. In this Answer, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. answer only for themselves, and not for any other party.

190.    The allegations in Paragraph 190 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 190 about Optum, Inc. Inasmuch as the allegations in Paragraph 190 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

191.    The allegations in Paragraph 191 are directed against Optum, Inc. Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. Inasmuch as the allegations in Paragraph 191 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

192.    OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 192 about OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 192.

193.    OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 193 about OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 193.

194.    The allegations in Paragraph 194 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc will not respond to the allegations in Paragraph 194 about Optum, Inc. Inasmuch as the allegations in Paragraph 194 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

195.    The allegations in Paragraph 195 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 195 about Optum, Inc. Inasmuch as the allegations in Paragraph 195 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

196.    The allegations in Paragraph 196 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 196 about Optum, Inc. Inasmuch as the allegations in Paragraph 196 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

197.    The allegations in Paragraph 197 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 197 about Optum, Inc. Inasmuch as the allegations in Paragraph 197 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc.

or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

198.    The allegations in Paragraph 198 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 198 about Optum, Inc. Inasmuch as the allegations in Paragraph 198 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

199.    The allegations in Paragraph 199 are vaguely and improperly pleaded against "OptumInsight." Inasmuch as the allegations in Paragraph 199 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

200.    The allegations in Paragraph 200 are vaguely and improperly pleaded against "OptumInsight." Inasmuch as the allegations in Paragraph 200 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

201.    The allegations in Paragraph 201 are vaguely and improperly pleaded against "OptumInsight." Inasmuch as the allegations in Paragraph 201 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

202.    The allegations in Paragraph 202 are vaguely and improperly pleaded against "OptumInsight." Inasmuch as the allegations in Paragraph 202 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight,

Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc.

deny them.

## IV.    The Role of PBMs in Prescription Drug Transactions

## A.    PBMs Operate on All Sides of Prescription Drug Transactions

203.    The allegations in Paragraph 203 are vaguely and improperly pleaded against
"PBMs." Inasmuch as the allegations in Paragraph 203 are directed against OptumInsight, Inc. or
OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or
OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny
them.

204.    The allegations in Paragraph 204 are vaguely and improperly pleaded against
"PBMs." Inasmuch as the allegations in Paragraph 204 are directed against OptumInsight, Inc. or
OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or
OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny
them.

205.    The allegations in Paragraph 205 are vaguely and improperly pleaded against
"PBMs" or "the PBM Defendants." Inasmuch as the allegations in Paragraph 205 are directed
against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed
against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and
OptumInsight Life Sciences, Inc. deny them.

206.    Paragraph 206 purports to quote or summarize an article from The Commonwealth
Fund, and those materials speak for themselves. OptumInsight, Inc. and OptumInsight Life
Sciences, Inc. otherwise deny the allegations in Paragraph 206.

207.    The allegations in Paragraph 207 are vaguely and improperly pleaded against
"PBMs." Inasmuch as the allegations in Paragraph 207 are directed against OptumInsight, Inc. or
OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or
OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny
them.

208.    The allegations in Paragraph 208 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 208 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

**B.     PBMs Use Their Formularies as Leverage to Negotiate with Drug Manufacturers**

209.    The allegations in Paragraph 209 are vaguely and improperly pleaded against "PBMs." Inasmuch as the allegations in Paragraph 209 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc., deny them.

210.    The allegations in Paragraph 210 are vaguely and improperly pleaded against "PBMs" or "the PBM Defendants." Paragraph 210 also purports to quote or summarize any statements from the PCMA, and those materials speak for themselves. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 210.

211.    The allegations in Paragraph 211 are vaguely and improperly pleaded against "PBMs" or "the PBM Defendants." Inasmuch as the allegations in Paragraph 211 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

212.    The allegations in Paragraph 212 are vaguely and improperly pleaded against "PBMs." Inasmuch as the allegations in Paragraph 212 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

213.    The allegations in Paragraph 213 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 213 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against

OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

214.    The allegations in Paragraph 214 are vaguely and improperly pleaded against "PBMs" or "the PBM Defendants." Inasmuch as the allegations in Paragraph 214 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

215.    The allegations in Paragraph 215 are vaguely and improperly pleaded against a "PBM." Inasmuch as the allegations in Paragraph 215 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

216.    The allegations in Paragraph 216 are vaguely and improperly pleaded against "PBMs." Inasmuch as the allegations in Paragraph 216 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

217.    The allegations in Paragraph 217 are vaguely and improperly pleaded against "PBMs." Inasmuch as the allegations in Paragraph 217 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

218.    The allegations in Paragraph 218 are vaguely and improperly pleaded against "PBMs" or "Defendants." Inasmuch as the allegations in Paragraph 218 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

219.    The allegations in Paragraph 219 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 219 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

220.    The allegations in Paragraph 220 are vaguely and improperly pleaded against "PBMs." Inasmuch as the allegations in Paragraph 220 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

221.    The allegations in Paragraph 221 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 221 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

222.    The allegations in Paragraph 222 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 222 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

223.    The allegations in Paragraph 223 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 223 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

224.    The allegations in Paragraph 224 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 224 are directed against

OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

225.    The allegations in Paragraph 225 purport to summarize and quote an Express Scripts document. That document speaks for itself, and inasmuch as the allegations in Paragraph 225 are inconsistent with that document, they are denied. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 225 and on that basis deny them.

226.    The allegations in Paragraph 226 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 226 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

227.    Paragraph 227 purports to quote or summarize statements made by Linda Cahn, and those statements speak for themselves. OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 227.

228.    Paragraph 228 purports to quote or summarize statements by David Dross, and those statements speak for themselves. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 228.

**1.    Express Scripts' Formularies**

229.    OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 229 and on that basis deny them.

230.    OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 230 and on that basis deny them.

74

231.    OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 231 and on that basis deny them.

232.    OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 232 and on that basis deny them.

### 2.    Optum's Formularies

233.    The allegations in Paragraph 233 are directed against OptumRx, Inc. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 233 about OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny them.

234.    The allegations in Paragraph 234 are directed against OptumRx, Inc. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 234 about OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny them.

235.    The allegations in Paragraph 235 are directed against OptumRx, Inc. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 235 about OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny them.

236.    The allegations in Paragraph 236 are directed against OptumRx, Inc. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 236 about OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny them.

237.    The allegations in Paragraph 237 are directed against OptumRx, Inc. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 237 about OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny them.

C.      PBMs' Drug UM Programs

238.    The allegations in Paragraph 238 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 238 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

239.    The allegations in Paragraph 239 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 239 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

240.    The allegations in Paragraph 240 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 240 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

241.    The allegations in Paragraph 241 are directed against OptumRx, Inc. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 241 about OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny them.

242.    The allegations in Paragraph 242 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 242 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

243.    The allegations in Paragraph 243 are vaguely and improperly pleaded against "the PBM Defendants" and "Optum." Inasmuch as the allegations in Paragraph 243 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

244.    The allegations in Paragraph 244 are directed against OptumRx, Inc. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc.

will not respond to the allegations in Paragraph 244 about OptumRx, Inc. Inasmuch as the allegations in Paragraph 244 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

**D.      PBMs Contract with Pharmacies**

245.    The allegations in Paragraph 245 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 245 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

246.    The allegations in Paragraph 246 are not directed at OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required.

247.    The allegations in Paragraph 247 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 247 about Optum, Inc. Inasmuch as the allegations in Paragraph 247 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

248.    The allegations in Paragraph 248 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 248 about Optum, Inc. Inasmuch as the allegations in Paragraph 248 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

249.    The allegations in Paragraph 249 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 249 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc. or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

250.    OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 250 and on that basis deny them.

251.    The allegations in Paragraph 251 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 251 about Optum, Inc. Inasmuch as the allegations in Paragraph 251 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

**V.    The PBM Defendants' Role in Causing the Opioid Crisis**

**A.    The PBM Defendants and the Opioid Manufacturers Colluded to Ensure Virtually Unfettered Access to Opioids**

**1.    The PBM Defendants Negotiated with the Opioid Manufacturers to Give Opioids Favorable Placement on National Formularies in Exchange for Rebates and Other Fees**

252.    The allegations in Paragraph 252 are vaguely and improperly pleaded against "PBMs" and "the PBM Defendants." Inasmuch as the allegations in Paragraph 252 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc. or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

253.    The allegations in Paragraph 253 are vaguely and improperly pleaded against "PBMs" and "the PBM Defendants." Inasmuch as the allegations in Paragraph 253 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc. or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

254.     Paragraph 254 purports to quote or summarize materials from Purdue Pharma, and those materials speak for themselves. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 254 and on that basis deny them.

255.     OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 255 and on that basis deny them.

256.     Paragraph 256 purports to quote or summarize materials from Purdue Pharma, and those materials speak for themselves. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 256 and on that basis deny them.

257.     Paragraph 257 purports to quote or summarize materials from Purdue Pharma, and those materials speak for themselves. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 257 and on that basis deny them.

258.     Paragraph 258 purports to quote or summarize materials from Purdue Pharma or Medco, and those materials speak for themselves. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 258 and on that basis deny them.

259.     OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 259 and on that basis deny them.

260.    Paragraph 260 purports to quote or summarize materials from Purdue Pharma, and those materials speak for themselves. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 260 and on that basis deny them.

261.    Paragraph 261 purports to quote or summarize materials from Medco or Purdue Pharma, and those materials speak for themselves. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 261 and on that basis deny them.

262.    Paragraph 262 purports to quote or summarize materials from Medco or Purdue Pharma, and those materials speak for themselves. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 262 and on that basis deny them.

263.    Paragraph 263 purports to quote or summarize materials from Purdue Pharma, and those materials speak for themselves. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 263 and on that basis deny them.

264.    Paragraph 264 purports to quote or summarize materials from Medco or Purdue Pharma, and those materials speak for themselves. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 264 and on that basis deny them.

265.    OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 265 about OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise lack knowledge

or information sufficient to form a belief about the truth of the allegations in Paragraph 265 and on that basis deny them.

266.    Paragraph 266 purports to quote or summarize materials from Purdue Pharma, and those materials speak for themselves. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 266 and on that basis deny them.

267.    OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 267 and on that basis deny them.

268.    Paragraph 268 purports to quote or summarize materials from Purdue Pharma, and those materials speak for themselves. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 268 and on that basis deny them.

269.    The allegations in Paragraph 269 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 269 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

270.    The allegations in Paragraph 270 are vaguely and improperly pleaded against "the PBM Defendants." Paragraph 270 also purports to quote or summarize materials prepared by Cottingham & Butler, and those materials speak for themselves. Inasmuch as the allegations in Paragraph 270 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or

could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

271.    The allegations in Paragraph 271 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 271 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

272.    The allegations in Paragraph 272 are improperly and vaguely directed against "the PBM Defendants" and "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 272 about Optum, Inc. Inasmuch as the allegations in Paragraph 272 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

273.    The allegations in Paragraph 273 are vaguely and improperly pleaded against "PBMs." Inasmuch as the allegations in Paragraph 273 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

274.    The allegations in Paragraph 274 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 274 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against

OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

275.    The allegations in Paragraph 275 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 275 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

276.    The allegations in Paragraph 276 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 276 about Optum, Inc. Inasmuch as the allegations in Paragraph 276 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

277.    Paragraph 277 purports to quote or summarize materials from Purdue Pharma, and those materials speak for themselves. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 277 and on that basis deny them.

278.    OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 278 and on that basis deny them.

279.    Paragraph 279 purports to quote or summarize materials from Express Scripts, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life

Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 279 and on that basis deny them.

280.    Paragraph 280 purports to quote or summarize materials from Purdue Pharma, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 280 and on that basis deny them.

281.    Paragraph 281 purports to quote or summarize materials from Purdue Pharma or deposition transcripts, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 281 and on that basis deny them.

282.    Paragraph 282 purports to quote or summarize deposition transcripts, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 282 and on that basis deny them.

283.    Paragraph 283 purports to quote or summarize deposition transcripts, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 283 and on that basis deny them.

284.    The allegations in Paragraph 284 are directed against OptumRx, Inc. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 284 about OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 284.

285.    The allegations in Paragraph 285 are directed against OptumRx, Inc. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 285 about OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 285.

286.    The allegations in Paragraph 286 are directed against OptumRx, Inc. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 286 about OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 286.

287.    The allegations in Paragraph 287 are directed against OptumRx, Inc. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 287 about OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 287.

288.    The allegations in Paragraph 288 are directed against OptumRx, Inc. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 288 about OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 288.

289.    The allegations in Paragraph 289 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 289 about Optum, Inc. Inasmuch as the allegations in Paragraph 289 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

85

290.    The allegations in Paragraph 290 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 290 about Optum, Inc. Paragraph 290 also purports to quote or summarize materials produced by OptumRx, which speak for themselves. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 290 about OptumRx, Inc. Inasmuch as the allegations in Paragraph 290 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

291.    The allegations in Paragraph 291 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 291 about Optum, Inc. Inasmuch as the allegations in Paragraph 291 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc. or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

**2.      The PBM Defendants and the Opioid Manufacturers Used Parity to Limit the Use of Utilization Management Measures for Opioids**

292.   The allegations in Paragraph 292 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 292 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc. or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

293.   The allegations in Paragraph 293 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 293 are directed against

OptumInsight, Inc. or OptumInsight Life Sciences, Inc. or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

294.  The allegations in Paragraph 294 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 294 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc. or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

295.  The allegations in Paragraph 295 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 295 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc. or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

296. Paragraph 296 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 296 and on that basis deny them.

297. The allegations in Paragraph 297 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 297 about Optum, Inc. Paragraph 297 also purports to quote and summarize a rebate contract produced by OptumRx, which speaks for itself. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 297 about OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 297.

298. Paragraph 298 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and

OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 298 and on that basis deny them.

299.  Paragraph 299 purports to quote or summarize materials produced by Janssen, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 299 and on that basis deny them.

300. Paragraph 300 purports to quote or summarize materials produced by Endo Pharmaceuticals, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 300 and on that basis deny them.

301. The allegations in Paragraph 301 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 301 about Optum, Inc. Paragraph 301 also purports to quote and summarize a rebate contract produced by OptumRx, which speaks for itself. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 301 about OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 301.

302. Paragraph 302 purports to quote and summarize a rebate contract produced by OptumRx, which speaks for itself. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegation in Paragraph 302 about OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 302.

303.  Paragraph 303 purports to quote and summarize materials produced by OptumRx, which speak for themselves. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 303

about OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 303.

304.  Paragraph 304 purports to quote and summarize a rebate contract produced by Teva, which speaks for itself. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegation in Paragraph 304 about OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 304.

305.  Paragraph 305 also purports to quote and summarize a rebate contract produced by OptumRx, which speaks for itself. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegation in Paragraph 305 about OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 305.

306.  The allegations in Paragraph 306 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 306 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc. or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

307.  Paragraph 307 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 307 and on that basis deny them.

308.  OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 308.

**3.    The PBM Defendants Misrepresented that They Were Using Their Formularies to Promote Safe Use and Appropriate Prescribing of Opioids**

309.  The allegations in Paragraph 309 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc.

and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 309 about Optum, Inc. Inasmuch as the allegations in Paragraph 309 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc. or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

310.  Plaintiff dismissed its claims against UnitedHealth Group Incorporated on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 310 about UnitedHealth Group Incorporated. Inasmuch as Paragraph 310 purports to quote or summarize public statements or annual reports published by Express Scripts or OptumRx, those materials speak for themselves. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegation in Paragraph 310 about OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 310.

311.  Paragraph 311 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 311 and on that basis deny them.

312.  Plaintiff dismissed its claims against UnitedHealth Group Incorporated on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 312 about UnitedHealth Group Incorporated. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 312.

313.  Paragraph 313 purports to quote or summarize statements made by Express Scripts representatives, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 313 and on that basis deny them.

314.  The allegations in Paragraph 314 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 314 are directed against

OptumInsight, Inc. or OptumInsight Life Sciences, Inc. or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

**B.     During the Early Years of the Epidemic, the PBM Defendants Conspired with the Opioid Manufacturers to Expand the Opioid Market and Increase Opioid Utilization**

315.  The allegations in Paragraph 315 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 315 are directed against OptumInsight, Inc. and OptumInsight Life Sciences, Inc. or could be construed as directed against OptumInsight, Inc. and OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

316. Paragraph 316 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 316 and on that basis deny them.

317. Paragraph 317 purports to quote or summarize materials produced by Purdue Pharma, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 317 and on that basis deny them.

318. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 318 and on that basis deny them.

319. Paragraph 319 purports to quote or summarize materials produced by Purdue Pharma, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 319 and on that basis deny them.

320. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 320 and on that basis deny them.

321.    The allegations in Paragraph 321 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 321 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc. or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

**C.      For Two Decades after the PBM Defendants Knew the Opioid Epidemic Was Occurring, the PBM Defendants Continued to Conspire with the Opioid Manufacturers in the Deceptive Marketing of Opioids**

322. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 322 and on that basis deny them.

323.  The allegations in Paragraph 323 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 323 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc. or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

324.  Paragraph 324 purports to quote or summarize an online news article, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 324 and on that basis deny them.

325. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 325 and on that basis deny them.

326. Paragraph 326 purports to quote or summarize materials produced by Purdue Pharma, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 326 and on that basis deny them.

327. The allegations in Paragraph 327 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 327 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc. or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

328. The allegations in Paragraph 328 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 328 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc. or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

329. The allegations in Paragraph 329 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 329 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc. or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

## 1. The PBM Defendants Disseminated the Opioid Manufacturers' Deceptive Propaganda

330. The allegations in Paragraph 330 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 330 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc. or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

331. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 331 and on that basis deny them.

332. Paragraph 332 purports to quote or summarize materials produced by Purdue Pharma, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 332 and on that basis deny them.

333. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 333 and on that basis deny them.

334. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 334 and on that basis deny them.

335. Paragraph 335 purports to quote or summarize materials produced by Purdue Pharma, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 335 and on that basis deny them.

336. Paragraph 336 purports to quote or summarize materials produced by Purdue Pharma, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 336 and on that basis deny them.

337. Paragraph 337 purports to quote or summarize materials produced by Purdue Pharma, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 337 and on that basis deny them.

338. Paragraph 338 purports to quote or summarize materials produced by Purdue Pharma, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and

OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 338 and on that basis deny them.

339. Paragraph 339 purports to quote or summarize materials produced by Purdue Pharma, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 339 and on that basis deny them.

340. Paragraph 340 purports to quote or summarize materials produced by Purdue Pharma, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 340 and on that basis deny them.

341. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 341 and on that basis deny them.

342. The allegations in Paragraph 342 are vaguely and improperly pleaded against "OptumInsight." OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 342.

343. The allegations in Paragraph 343 are vaguely and improperly pleaded against "OptumInsight." OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 343.

344. The allegations in Paragraph 344 are vaguely and improperly pleaded against "OptumInsight." OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 344.

345. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 345.

346. The allegations in Paragraph 346 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 346 about

Optum, Inc. Inasmuch as the allegations in Paragraph 346 are directed against OptumInsight, Inc., or OptumInsight Life Sciences, Inc. or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

347.  Paragraph 347 purports to quote and summarize materials produced by Endo; those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 347 and on that basis deny them.

348.  Paragraph 348 purports to quote and summarize materials produced by Endo; those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 348 and on that basis deny them.

349. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 349 and on that basis deny them.

350. Paragraph 350 purports to quote or summarize materials produced by Purdue Pharma, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 350 and on that basis deny them.

351. Paragraph 351 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 351 and on that basis deny them.

352. OptumRx filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to allegations in Paragraph 352 regarding OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 352.

353. OptumRx filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to allegations in Paragraph 353 regarding OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 353.

### 2. The PBM Defendants' Affiliated Entities Provided Research, Data, and Consulting to the Opioid Manufacturers to Expand the Opioid Market

354. The allegations in Paragraph 354 are improperly and vaguely directed against "the PBM Defendants and their affiliated companies." Inasmuch as the allegations in Paragraph 354 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc. or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

355. Paragraph 355 purports to quote or summarize materials produced by Purdue Pharma, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 355 and on that basis deny them.

356. The allegations in Paragraph 356 are vaguely and improperly pleaded against "OptumInsight." OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 356.

357. The allegations in Paragraph 357 are vaguely and improperly pleaded against "OptumInsight." OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 357.

358. Paragraph 358 purports to quote or summarize materials produced by Purdue Pharma, and those materials speak for themselves. The allegations in Paragraph 358 are vaguely and improperly pleaded against "OptumInsight." OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 358.

359. Paragraph 359 purports to quote or summarize materials produced by Purdue Pharma, and those materials speak for themselves. The allegations in Paragraph 359 are vaguely

and improperly pleaded against "OptumInsight." OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 359.

360.  Plaintiff dismissed its claims against UnitedHealth Group Incorporated on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 360 about UnitedHealth Group Incorporated. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 360.

361.  Paragraph 361 purports to quote or summarize materials produced by Purdue Pharma, and those materials speak for themselves. The allegations in Paragraph 361 are vaguely and improperly pleaded against "OptumInsight." OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 361.

362.  Paragraph 362 purports to quote or summarize materials produced by Purdue Pharma, and those materials speak for themselves. The allegations in Paragraph 362 are vaguely and improperly pleaded against "OptumInsight." OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 362.

363.  The allegations in Paragraph 363 are vaguely and improperly pleaded against "OptumInsight." OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 363.

364.  Paragraph 364 purports to quote or summarize materials produced by Purdue Pharma, and those materials speak for themselves. The allegations in Paragraph 364 are vaguely and improperly pleaded against "OptumInsight." OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 364.

365.  Paragraph 365 purports to quote or summarize materials produced by Purdue Pharma, and those materials speak for themselves. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 365.

366.  Paragraph 366 purports to quote or summarize materials produced by Purdue Pharma, and those materials speak for themselves. The allegations in Paragraph 366 are vaguely

and improperly pleaded against "OptumInsight." OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 366.

367. Paragraph 367 purports to quote or summarize materials produced by Purdue Pharma, and those materials speak for themselves. The allegations in Paragraph 367 are vaguely and improperly pleaded against "OptumInsight." OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 367.

368. Paragraph 368 purports to quote or summarize materials produced by Purdue Pharma, and those materials speak for themselves. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 368.

369. Paragraph 369 purports to quote or summarize materials produced by Purdue Pharma, and those materials speak for themselves. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 369.

370. Paragraph 370 purports to quote or summarize materials produced by Purdue Pharma, and those materials speak for themselves. The allegations in Paragraph 370 are vaguely and improperly pleaded against "OptumInsight." OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 370.

371. Paragraph 371 purports to quote or summarize materials produced by Reckitt Benckiser/Indivior, and those materials speak for themselves. The allegations in Paragraph 371 are vaguely and improperly pleaded against "OptumInsight." OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 371.

372. Plaintiff dismissed its claims against OptumHealth Care Solutions, LLC, Optum Health Holdings, LLC, and OptumHealth Networks, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations about OptumHealth Care Solutions, LLC, Optum Health Holdings, LLC, and OptumHealth Networks, Inc. in Paragraph 372. The allegations in Paragraph 372 are also vaguely and improperly pleaded against "OptumInsight." OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 372.

373.  Plaintiff dismissed its claims against OptumHealth Care Solutions, LLC, Optum Health Holdings, LLC, and OptumHealth Networks, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations about OptumHealth Care Solutions, LLC, Optum Health Holdings, LLC, and OptumHealth Networks, Inc. in Paragraph 373. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 373.

374.  Plaintiff dismissed its claims against OptumHealth Care Solutions, LLC, Optum Health Holdings, LLC, and OptumHealth Networks, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations about OptumHealth Care Solutions, LLC, Optum Health Holdings, LLC, and OptumHealth Networks, Inc. in Paragraph 374. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 374.

375.  Plaintiff dismissed its claims against OptumHealth Care Solutions, LLC, Optum Health Holdings, LLC, and OptumHealth Networks, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations about OptumHealth Care Solutions, LLC, Optum Health Holdings, LLC, and OptumHealth Networks, Inc. in Paragraph 375. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 375.

376.  Plaintiff dismissed its claims against OptumHealth Care Solutions, LLC, Optum Health Holdings, LLC, and OptumHealth Networks, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations about OptumHealth Care Solutions, LLC, Optum Health Holdings, LLC, and OptumHealth Networks, Inc. in Paragraph 376. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 376.

377.  Plaintiff dismissed its claims against OptumHealth Care Solutions, LLC, Optum Health Holdings, LLC, and OptumHealth Networks, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations about OptumHealth

Care Solutions, LLC, Optum Health Holdings, LLC, and OptumHealth Networks, Inc. in Paragraph 377. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 377.

378. The allegations in Paragraph 378 are vaguely and improperly pleaded against "the PBM Defendants." Paragraph 378 also purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Inasmuch as the allegations in Paragraph 378 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc. or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 378.

**D. The PBM Defendants Had Access to Real-Time Data Regarding Drug Utilization Which Gave Them a Unique Vantage Point into the Opioid Epidemic**

379. The allegations in Paragraph 379 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 379 about Optum, Inc. Inasmuch as the allegations in Paragraph 379 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

**1. The PBM Defendants track every prescription claim they process across all the health plans they service which provided them with uniquely granular and comprehensive data.**

380. The allegations in Paragraph 380 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 380 about Optum, Inc. Inasmuch as the allegations in Paragraph 380 are directed against OptumInsight, Inc. and OptumInsight Life Sciences, Inc., or could be construed as directed against

OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

381. The allegations in Paragraph 381 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 381 about Optum, Inc. Inasmuch as the allegations in Paragraph 381 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

382. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 382 and on that basis deny them.

383. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 383 and on that basis deny them.

384. Paragraph 384 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 384 and on that basis deny them.

385. The allegations in Paragraph 385 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 385 about Optum, Inc. Inasmuch as the allegations in Paragraph 385 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

386.  The allegations in Paragraph 386 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 386 about Optum, Inc. Paragraph 386 also purports to quote or summarize a deposition transcript; those materials speak for themselves, and inasmuch as the allegations in Paragraph 386 are inconsistent with those materials, they are denied. Inasmuch as the allegations in Paragraph 386 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

387.  The allegations in Paragraph 387 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 387 about Optum, Inc. Paragraph 387 also purports to quote or summarize materials produced by OptumRx; those materials speak for themselves. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegation in Paragraph 387 about OptumRx, Inc. Inasmuch as the allegations in Paragraph 387 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

388.  Paragraph 388 purports to quote or summarize materials produced by OptumRx, which speak for themselves. OptumRx filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to allegations in Paragraph 388 regarding OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 388.

389.  Paragraph 389 purports to quote or summarize materials produced by OptumRx, which speak for themselves. OptumRx filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to allegations in Paragraph 389 regarding

OptumRx, Inc. Inasmuch as the allegations in Paragraph 389 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

390.  The allegations in Paragraph 390 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 390 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

391.  The allegations in Paragraph 391 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 391 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

392.  The allegations in Paragraph 392 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 392 about Optum, Inc. Inasmuch as the allegations in Paragraph 392 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

**2.      The PBM Defendants had knowledge about the opioid epidemic and about abuse and diversion.**

393.  Paragraph 393 purports to quote or summarize a CDC report. Those materials speak for themselves, and inasmuch as the allegations in Paragraph 393 are inconsistent with those materials, they are denied. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 393.

394. Paragraph 394 purports to quote or summarize research completed by University of California Los Angeles, and those materials speak for themselves. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 394 and on that basis deny them.

395. Paragraph 395 purports to quote or summarize research materials or charts, and those materials speak for themselves. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 395 and on that basis deny them.

396. Paragraph 396 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, the allegations in Paragraph 396 are not directed at OptumInsight, Inc. or OptumInsight Life Sciences, Inc., and OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them on that basis.

397. The allegations in Paragraph 397 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 397 about Optum, Inc. Paragraph 397 purports to quote or summarize materials produced by OptumRx which speaks for themselves. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegation in Paragraph 397 about OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 397.

398. The allegations in Paragraph 398 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 398 about Optum, Inc. Inasmuch as the allegations in Paragraph 398 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

399. The allegations in Paragraph 399 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 399 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

400. The allegations in Paragraph 400 are improperly and vaguely directed against "Optum/UHG." Plaintiff dismissed its claims against UnitedHealth Group Incorporated on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 400 about UnitedHealth Group Incorporated. Paragraph 400 also purports to quote or summarize materials produced by Purdue Pharma, and those materials speak for themselves. Inasmuch as the allegations in Paragraph 400 are directed against OptumInsight, Inc. and OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. and OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

401. The allegations in Paragraph 401 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 401 are directed against OptumInsight, Inc. and OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. and OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

402. Paragraph 402 purports to quote or summarize materials produced by Purdue Pharma and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 402 and on that basis deny them.

403. Paragraph 403 purports to quote or summarize materials produced by Express Scripts or Purdue Pharma, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 403 and on that basis deny them.

404.    Paragraph 404 purports to quote or summarize materials produced by Purdue Pharma, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 404 and on that basis deny them.

405.    The allegations in Paragraph 405 are vaguely and improperly pleaded against "the PBM Defendants." Paragraph 405 also purports to quote or summarize materials produced by Purdue Pharma, and those materials speak for themselves. Inasmuch as the allegations in Paragraph 405 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

406.    The allegations in Paragraph 406 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 406 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. admit that Purdue Pharma pleaded guilty to misbranding of OxyContin in 2007. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 406.

407.    Paragraph 407 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 407 and on that basis deny them.

408.    Paragraph 408 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 408 and on that basis deny them.

409.    Paragraph 409 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and

OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 409 and on that basis deny them.

410.  Paragraph 410 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 410 and on that basis deny them.

411.  Paragraph 411 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 411 and on that basis deny them.

412.  The allegations in Paragraph 412 are vaguely and improperly pleaded against "the PBM Defendants." Paragraph 412 also purports to quote or summarize materials produced by OptumRx, which speak for themselves. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegation in Paragraph 412 about OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 412.

413.  Paragraph 413 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 413 and on that basis deny them.

414.  Paragraph 414 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 414 and on that basis deny them.

415.  Paragraph 415 purports to quote or summarize third-party articles and an Express Scripts SEC filing, and those materials speak for themselves. Inasmuch as the allegations in Paragraph 415 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or

108

could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

416. Paragraph 416 purports to quote or summarize materials published by the University of Wisconsin, and those materials speak for themselves. Paragraph 416 does not contain any allegations against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 416.

417.  The allegations in Paragraph 417 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 417 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

### 3. The PBM Defendants Failed to Timely Undertake Actions to Address the Opioid Epidemic that They Helped Create.

418.  The allegations in Paragraph 418 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 418 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

419. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to allegations in Paragraph 419 regarding OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 419.

420.  Paragraph 420 purports to quote or summarize materials produced by Endo. Those materials speak for themselves, so no response is required. Insofar as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 420.

421. Paragraph 421 purports to quote or summarize materials produced by OptumRx, which speak for themselves. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegation in Paragraph 421 about OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 421.

     a.    **The PBM Defendants chose not to use their claims data and their formulary and UM offerings to address overprescribing, abuse, and diversion**

422. The allegations in Paragraph 422 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 422 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

423. The allegations in Paragraph 423 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 423 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

424. Paragraph 424 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 424 and on that basis deny them.

425. Paragraph 425 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 425 and on that basis deny them.

426. Paragraph 426 purports to quote or summarize a deposition transcript, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 426 and on that basis deny them.

427. Paragraph 427 purports to quote or summarize materials produced by Purdue Pharma, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 427 and on that basis deny them.

428. Paragraph 428 purports to quote or summarize materials produced by Purdue Pharma, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 428 and on that basis deny them.

429. Paragraph 429 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 429 and on that basis deny them.

430. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 430 and on that basis deny them.

431. Paragraph 431 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 431 and on that basis deny them.

432. Paragraph 432 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 432 and on that basis deny them.

433. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 433 and on that basis deny them.

434. Paragraph 434 purports to quote or summarize a deposition transcript, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 434 and on that basis deny them.

435. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 435 and on that basis deny them.

436. Paragraph 436 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 436 and on that basis deny them.

437. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 437 and on that basis deny them.

438. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 438 and on that basis deny them.

439. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 439 and on that basis deny them.

440. Paragraph 440 purports to quote or summarize a deposition transcript, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 440 and on that basis deny them.

441. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 441 and on that basis deny them.

442. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 442 and on that basis deny them.

443.     The allegations in Paragraph 443 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 443 about Optum, Inc. Inasmuch as the allegations in Paragraph 443 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them..

444. OptumRx filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to allegations in Paragraph 444 regarding OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 444.

445. Paragraph 445 purports to quote or summarize materials produced by OptumRx which speak for themselves. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegation in Paragraph 445 about OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 445.

446. Paragraph 446 purports to quote or summarize materials produced by OptumRx which speak for themselves. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegation in Paragraph 446 about OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 446.

447. OptumRx filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to allegations in Paragraph 447 regarding OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 447.

448.  The allegations in Paragraph 448 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 448 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

449. Paragraph 449 purports to quote or summarize a CMS memorandum. That document speaks for itself, and inasmuch as the allegations in Paragraph 449 are inconsistent with that document, they are denied. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 449.

450. Paragraph 450 purports to quote or summarize a CMS notice. That document speaks for itself, and inasmuch as the allegations in Paragraph 450 are inconsistent with that document, they are denied. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 450.

451. Paragraph 451 purports to quote or summarize CMS guidance. That document speaks for itself, and inasmuch as the allegations in Paragraph 451 are inconsistent with that document, they are denied. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 451.

452. Paragraph 452 purports to quote or summarize CMS guidance. That document speaks for itself, and inasmuch as the allegations in Paragraph 452 are inconsistent with that document, they are denied. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 452.

453. Paragraph 453 purports to quote or summarize materials produced by OptumRx which speak for themselves. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight,

Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegation in Paragraph 453 about OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 453.

454. Paragraph 454 purports to quote or summarize materials produced by OptumRx which speak for themselves. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegation in Paragraph 454 about OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 454.

455. Paragraph 455 purports to quote or summarize materials produced by OptumRx which speak for themselves. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegation in Paragraph 455 about OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 455.

456. Paragraph 456 purports to quote or summarize materials produced by OptumRx which speak for themselves. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegation in Paragraph 456 about OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 456.

457. Paragraph 457 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 457 and on that basis deny them.

458. Paragraph 458 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 458 and on that basis deny them.

459. The allegations in Paragraph 459 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 459 about Optum, Inc. Inasmuch as the allegations in Paragraph 459 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

460. The allegations in Paragraph 460 are vaguely and improperly pleaded against "PBMs." Inasmuch as the allegations in Paragraph 460 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

461. Paragraph 461 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 461 and on that basis deny them.

462. Paragraph 462 purports to quote or summarize online materials on OptumRx's website, which speak for themselves. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegation in Paragraph 462 about OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 462.

463. Paragraph 463 purports to quote or summarize statements made by David Calabrese, OptumRx's Chief Pharmacy Officer. Those statements speak for themselves. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegation in Paragraph 463 about OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 463.

464.  Paragraph 464 purports to quote or summarize materials produced by OptumRx, which speak for themselves. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 464 about OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 464.

465.  Paragraph 465 purports to quote or summarize materials produced by OptumRx which speak for themselves. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 465 about OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 465.

466.  Paragraph 466 purports to quote or summarize materials produced by OptumRx which speak for themselves. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 466 about OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 466.

467.  Paragraph 467 purports to quote or summarize materials produced by OptumRx, which speak for themselves. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 467 about OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 467.

468.  Paragraph 468 purports to quote or summarize materials produced by OptumRx, which speak for themselves. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 468 about OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 468.

469.  The allegations in Paragraph 469 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc.

and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 469 about Optum, Inc. Inasmuch as the allegations in Paragraph 469 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

> **b.    The PBM Defendants chose not to use their "Drug Utilization Review" tools to address overprescribing, abuse and diversion**

470.  The allegations in Paragraph 470 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 470 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

471.  OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 471.

472.  The allegations in Paragraph 472 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 472 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

473.  The allegations in Paragraph 473 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 473 about Optum, Inc. Inasmuch as the allegations in Paragraph 473 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

474. Paragraph 474 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 474 and on that basis deny them.

475. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 475 and on that basis deny them.

476. The allegations in Paragraph 476 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 476 about Optum, Inc. Paragraph 476 purports to quote or summarize materials produced by OptumRx, which speak for themselves. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 476 about OptumRx, Inc. Inasmuch as the allegations in Paragraph 476 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

477. Paragraph 477 purports to quote or summarize materials produced by OptumRx, which speak for themselves. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 477 about OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 477.

478. Paragraph 478 purports to quote or summarize materials produced by OptumRx, which speak for themselves. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 478 about OptumRx, Inc.OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 478.

479. Paragraph 479 purports to quote or summarize materials produced by OptumRx, which speak for themselves. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 479 about OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 479.

> c.  **The PBM Defendants failed to use their vast stores of data, their formulary and UM offerings, and their DURs to provide effective controls against diversion and/or to prevent the diversion and abuse of opioids**

480. The allegations in Paragraph 480 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 480 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

481. OptumRx filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to allegations in Paragraph 481 regarding OptumRx, Inc. Paragraph 481 contains legal conclusions to which no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 481.

482. OptumRx filed its Answer on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to allegations in Paragraph 482 regarding OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 482.

483. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 483 and on that basis deny them.

E.  **Two Decades After They Knew Opioids Were Causing a Public Health Crisis, Express Scripts and Optum Finally Implemented Protocols to Address the Opioid Epidemic**

484.  OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 484.

485.  The allegations in Paragraph 485 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 485 about Optum, Inc. Inasmuch as the allegations in Paragraph 485 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

486.  Paragraph 486 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. The allegations in Paragraph 486 are also improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 486 about Optum, Inc. Inasmuch as the allegations in Paragraph 484 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

487.  Paragraph 487 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 487 and on that basis deny them.

488.  Paragraph 488 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 488 and on that basis deny them.

489. Paragraph 489 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 489 and on that basis deny them.

490. Paragraph 490 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 490 and on that basis deny them.

491. Paragraph 491 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 491 and on that basis deny them.

492. Paragraph 492 purports to quote or summarize materials produced by Express Scripts and deposition transcripts, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 492 and on that basis deny them.

493. Paragraph 493 purports to quote or summarize deposition transcripts, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 493 and on that basis deny them.

494. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 494 and on that basis deny them.

495. The allegations in Paragraph 495 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 495 about

122

Optum, Inc. Paragraph 495 also purports to quote or summarize materials produced by OptumRx, which speak for themselves. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 495 about OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 495.

496.  Paragraph 496 purports to quote or summarize materials produced by OptumRx, which speak for themselves. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 496 about OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 496.

497.  Paragraph 497 purports to quote or summarize materials produced by OptumRx, which speak for themselves. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 497 about OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 497.

498.  Paragraph 498 purports to quote or summarize materials produced by OptumRx, which speak for themselves. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 498 about OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 498.

499.  The allegations in Paragraph 499 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 499 about Optum, Inc. Inasmuch as the allegations in Paragraph 499 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

500. The allegations in Paragraph 500 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 500 about Optum, Inc. Inasmuch as the allegations in Paragraph 500 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

**F.    Even After Implementing its Opioid Risk Management Program, Optum Continued Promoting Uncontrolled Opioid Sales Through Its Cash Card and Discount Card Businesses**

501. Plaintiff dismissed its claims against OptumRx Discount Card Services, LLC and Optum Perks, LLC on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations about OptumRx Discount Card Services, LLC and Optum Perks, LLC in Paragraph 501. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 501.

502. Plaintiff dismissed its claims against OptumRx Discount Card Services, LLC and Optum Perks, LLC on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations about OptumRx Discount Card Services, LLC and Optum Perks, LLC in Paragraph 502. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 502.

503. Plaintiff dismissed its claims against OptumRx Discount Card Services, LLC and Optum Perks, LLC on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations about OptumRx Discount Card Services, LLC and Optum Perks, LLC in Paragraph 503. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 503.

504. Plaintiff dismissed its claims against OptumRx Discount Card Services, LLC and Optum Perks, LLC on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc.

will not respond to the allegations about OptumRx Discount Card Services, LLC and Optum Perks, LLC in Paragraph 504. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 504.

505.  Plaintiff dismissed its claims against OptumRx Discount Card Services, LLC and Optum Perks, LLC on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations about OptumRx Discount Card Services, LLC and Optum Perks, LLC in Paragraph 505. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 505.

506.  Plaintiff dismissed its claims against OptumRx Discount Card Services, LLC and Optum Perks, LLC on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations about OptumRx Discount Card Services, LLC and Optum Perks, LLC in Paragraph 506. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 506.

## VI.    As Mail Order Pharmacies, Express Scripts and Optum Dispensed Opioids in Violation of the Controlled Substances Act.

### A.    The Applicable Statutes

507.  Paragraph 507 purports to quote or summarize materials describing the March 2016 CDC Guideline for Prescribing Opioids for Chronic Pain. Those materials speak for themselves, and inasmuch as the allegations in Paragraph 507 are inconsistent with those materials, they are denied. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 507.

508.  Paragraph 508 purports to quote or summarize materials or reports produced to the U.S. Senate. Those materials speak for themselves, and inasmuch as the allegations in Paragraph 508 are inconsistent with those materials, they are denied. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 508.

509. Paragraph 509 cites statutes and regulations that speak for themselves. The allegations in Paragraph 509 are also improperly and vaguely directed against "Defendants."

125

Inasmuch as the allegations in Paragraph 509 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

### 1.     The Controlled Substances Act

510.     Paragraph 510 purports to contain Plaintiff's interpretation of federal law, so no response is required. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 510.

511.     Paragraph 511 purports to contain Plaintiff's interpretation of federal law, so no response is required. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 511.

512.     Paragraph 512 purports to quote federal law, so no response is required. Those statutes speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 512.

513.     Paragraph 513 purports to quote federal law, so no response is required. Those statutes speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 513.

514.     Paragraph 514 purports to summarize federal law, so no response is required. Those statutes speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 514.

515.     Paragraph 515 purports to summarize federal law, so no response is required. Those statutes speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 515.

516.     Paragraph 516 purports to quote federal law, so no response is required. Those statutes speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 516.

517.    Paragraph 517 purports to quote and summarize federal law, so no response is required. Those statutes speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 517.

518.    This Paragraph asserts Plaintiff's interpretation of federal law, so no response is required. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. also lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 518 and on that basis deny them.

519.    Paragraph 519 purports to quote and summarize federal law, so no response is required. Those statutes speak for themselves. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 519.

520.    The allegations in Paragraph 520 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 520 about Optum, Inc. Inasmuch as the allegations in Paragraph 520 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc. or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc. deny, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 520.

521.    Paragraph 521 purports to quote and summarize federal law, so no response is required. Those statutes speak for themselves. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 521.

522.    Paragraph 522 purports to summarize federal law, so no response is required. Those statutes speak for themselves. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 522.

523.    Paragraph 523 purports to summarize federal law, so no response is required. Those statutes speak for themselves. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 523.

524. Paragraph 524 purports to quote and summarize federal law, so no response is required. Those statutes speak for themselves. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 524.

525. Paragraph 525 purports to quote and summarize federal law, so no response is required. Those statutes speak for themselves. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 525.

526. Paragraph 526 purports to quote and summarize federal law, so no response is required. Those statutes speak for themselves. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 526.

527. Paragraph 527 purports to quote and summarize federal law, so no response is required. Those statutes speak for themselves. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 527.

528. Paragraph 528 purports to quote and summarize federal law, so no response is required. Those statutes speak for themselves. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 528.

529. Paragraph 529 purports to summarize federal law, so no response is required. Those statutes speak for themselves. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 529.

530. Paragraph 530 purports to summarize federal law, so no response is required. Those statutes speak for themselves. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 530.

531. This Paragraph asserts Plaintiff's interpretation of federal law, so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 531.

532. This Paragraph asserts Plaintiff's interpretation of federal law, so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 532.

533. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 533 and on that basis deny them.

**2.      Pharmacies Are Obligated Not to Fill Prescriptions Until All Red Flags Are Resolved**

534.  This Paragraph asserts Plaintiff's interpretation of federal law, so no response is required. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. also lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 534 and on that basis deny them.

535.  Paragraph 535 purports to quote or summarize court decisions, and those materials speak for themselves. Paragraph 535 also cites the CSA and 21 C.F.R. § 1306.04. Those statutes and regulations speak for themselves. Otherwise, Paragraph 535 asserts Plaintiff's interpretation of federal law, so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 535.

536.  Paragraph 536 purports to quote or summarize previous orders from the MDL Court, and those materials speak for themselves. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 536.

537.   Paragraph 537 purports to quote or summarize previous orders from the MDL Court, and those materials speak for themselves. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 537.

**3.      The CSA Applies to All Persons Who Dispense Controlled Substances**

538.  This Paragraph asserts Plaintiff's interpretation of federal law, so no response is required. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. also lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 538 and on that basis deny them.

539.  This Paragraph asserts Plaintiff's interpretation of federal law, so no response is required. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. also lack knowledge or

information sufficient to form a belief about the truth of the allegations in Paragraph 539 and on that basis deny them.

540.  This Paragraph asserts Plaintiff's interpretation of federal law, so no response is required. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. also lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 540 and on that basis deny them.

541.  Inasmuch as Paragraph 541 purports to quote or summarize court decisions, those materials speak for themselves. Otherwise, this Paragraph asserts Plaintiff's interpretation of federal law, so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 541.

542.  The allegations in Paragraph 542 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 542 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

**B.  Defendants Violated the Controlled Substances Act**

543.  This Paragraph asserts Plaintiff's interpretation of federal law, so no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 543.

544.  Paragraph 544 purports to quote or summarize an article, and those materials speak for themselves. Otherwise, this Paragraph asserts Plaintiff's interpretation of federal law, so no response is required. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. also lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 544 and on that basis deny them.

545.  This Paragraph asserts Plaintiff's interpretation of federal law, so no response is required. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. also lack knowledge or

information sufficient to form a belief about the truth of the allegations in Paragraph 545 and on that basis deny them.

546. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 546 and on that basis deny them.

547. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 547 and on that basis deny them.

548. This Paragraph asserts Plaintiff's interpretation of federal law, so no response is required. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. also lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 548 and on that basis deny them.

549. The allegations in Paragraph 549 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 549 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

550. The allegations in Paragraph 550 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 550 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

551. The allegations in Paragraph 551 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 551 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

552. The allegations in Paragraph 552 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 552 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

553. The allegations in Paragraph 553 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 553 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

554. The allegations in Paragraph 554 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 554 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

555. The allegations in Paragraph 555 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 555 about Optum, Inc. Inasmuch as the allegations in Paragraph 555 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

556. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 556 and on that basis deny them.

557. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 557 and on that basis deny them.

558. The allegations in Paragraph 558 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 558 about Optum, Inc. Inasmuch as the allegations in Paragraph 558 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

559. The allegations in Paragraph 559 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 559 about Optum, Inc. Inasmuch as the allegations in Paragraph 559 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

560. The allegations in Paragraph 560 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 560 about Optum, Inc. Inasmuch as the allegations in Paragraph 560 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

561. The allegations in Paragraph 561 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 561 about

Optum, Inc. Inasmuch as the allegations in Paragraph 561 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

562.  Paragraph 562 purports to quote or summarize materials produced by OptumRx, which speak for themselves. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 562 about OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 562.

563.  Paragraph 563 purports to quote or summarize materials produced by OptumRx, which speak for themselves. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 563 about OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise deny the allegations in Paragraph 563.

564.  The allegations in Paragraph 564 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 564 about Optum, Inc. Inasmuch as the allegations in Paragraph 564 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

565.  OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 565 and on that basis deny them.

566.  OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 566 and on that basis deny them.

567. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 567 and on that basis deny them.

568. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 568 and on that basis deny them.

569. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 569 and on that basis deny them.

570. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 570 and on that basis deny them.

571. Paragraph 571 purports to quote or summarize materials from Purdue Pharma, and those materials speak for themselves. Otherwise, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 571 and on that basis deny them.

572. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 572 and on that basis deny them.

573. The allegations in Paragraph 573 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 573 about Optum, Inc. Inasmuch as the allegations in Paragraph 573 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

574. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 574 and on that basis deny them.

575. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 575 and on that basis deny them.

576. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 576 and on that basis deny them.

577. The allegations in Paragraph 577 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 577 about Optum, Inc. Inasmuch as the allegations in Paragraph 577 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against, OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

578. The allegations in Paragraph 578 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 578 about Optum, Inc. Inasmuch as the allegations in Paragraph 578 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against, OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

579. The allegations in Paragraph 579 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 579 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight,

Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

580. The allegations in Paragraph 580 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 580 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

581. The allegations in Paragraph 581 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 581 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

582. The allegations in Paragraph 582 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 582 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

583. The allegations in Paragraph 583 are vaguely and improperly pleaded against "Defendants." Inasmuch as the allegations in Paragraph 583 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

## VII. Express Scripts and Optum Contributed to the Public Health Crisis in Plaintiff's Community

584. The allegations in Paragraph 584 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 584 about

Optum, Inc. Inasmuch as the allegations in Paragraph 584 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

585. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 585 and on that basis deny them.

586. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 586 and on that basis deny them.

587. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 587 and on that basis deny them.

588. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 588 and on that basis deny them.

589. The allegations in Paragraph 589 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 9, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 589 about Optum, Inc. Inasmuch as the allegations in Paragraph 589 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

590. OptumInsight, Inc. and OptumInsight Life Sciences, Inc deny that either of them is the cause of Plaintiff's alleged harm. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 590 and on that basis deny them.

591. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 591 and on that basis deny them.

**VIII.   Facts Pertaining to the Formulary & UM Enterprise**

592. The allegations in Paragraph 592 are improperly and vaguely directed against "Optum." Plaintiff dismissed its claims against Optum, Inc. on July 19, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 592 about Optum, Inc. Inasmuch as the allegations in Paragraph 592 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

593. The allegations in Paragraph 593 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 593 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

594. Inasmuch as the allegations in Paragraph 594 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

595. The allegations in Paragraph 595 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 595 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

596. Inasmuch as the allegations in Paragraph 596 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight,

Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

597. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 597 and on that basis deny them.

598.  The allegations in Paragraph 598 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 598 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

599.  The allegations in Paragraph 599 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 599 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

600.  The allegations in Paragraph 600 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 600 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

601.  The allegations in Paragraph 601 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 601 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

602.  The allegations in Paragraph 602 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 602 are directed against

OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

603.  The allegations in Paragraph 603 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 603 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

604.  The allegations in Paragraph 604 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 604 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

605.  The allegations in Paragraph 605 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 605 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

606.  Inasmuch as the allegations in Paragraph 606 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

## A.     Formation of the Formulary & UM Enterprise

607.  Inasmuch as the allegations in Paragraph 607 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

608.  The allegations in Paragraph 608 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 608 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

609. The allegations in Paragraph 609 are vaguely and improperly pleaded against "PBMs." Inasmuch as the allegations in Paragraph 609 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

610.  The allegations in Paragraph 610 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 610 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

611.  The allegations in Paragraph 611 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 611 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

612.  The allegations in Paragraph 612 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 612 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

613.    The allegations in Paragraph 613 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 613 are directed against

OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

614. Paragraph 614 purports to quote or summarize online articles, and those materials speak for themselves. The allegations in Paragraph 614 are vaguely and improperly pleaded against "PBMs." Inasmuch as the allegations in Paragraph 614 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

615. Paragraph 615 purports to quote or summarize online websites, and those materials speak for themselves. The allegations in Paragraph 615 are vaguely and improperly pleaded against "PBMs." Inasmuch as the allegations in Paragraph 615 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

616. Paragraph 616 purports to quote or summarize online websites, and those materials speak for themselves. The allegations in Paragraph 616 are vaguely and improperly pleaded against "PBMs." Inasmuch as the allegations in Paragraph 616 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

617. Paragraph 617 purports to quote or summarize materials from the PCMA, and those materials speak for themselves. The allegations in Paragraph 617 are vaguely and improperly pleaded against "PBMs." Inasmuch as the allegations in Paragraph 617 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

618. The allegations in Paragraph 618 are vaguely and improperly pleaded against "PBMs." Inasmuch as the allegations in Paragraph 618 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

619. Paragraph 619 purports to quote or summarize materials from the PCMA, and those materials speak for themselves. Inasmuch as the allegations in Paragraph 619 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

620. The allegations in Paragraph 620 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 620 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

621. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 621 and on that basis deny them.

622. The allegations in Paragraph 622 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 622 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

623. The allegations in Paragraph 623 are not directed at OptumInsight, Inc. or OptumInsight Life Sciences, Inc., and OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them on that basis.

624. Paragraph 624 purports to quote or summarize materials from PCMA, and those materials speak for themselves. Otherwise, the allegations in Paragraph 624 are not directed at OptumInsight, Inc. or OptumInsight Life Sciences, Inc., and OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them on that basis.

625. The allegations in Paragraph 625 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 625 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

626. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 626 and on that basis deny them.

627. The allegations in Paragraph 627 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 627 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

628. The allegations in Paragraph 628 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 628 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

629. The allegations in Paragraph 629 are vaguely and improperly pleaded against "PBMs." Inasmuch as the allegations in Paragraph 629 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

145

630. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 630 and on that basis deny them.

631. Inasmuch as Paragraph 631 purports to quote or summarize materials from Purdue Pharma, those materials speak for themselves. Otherwise, the allegations in Paragraph 631 are not directed at OptumInsight, Inc. or OptumInsight Life Sciences, Inc., and OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them on that basis.

632. The allegations in Paragraph 632 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 632 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

633. Inasmuch as Paragraph 633 purports to quote or summarize materials from Purdue Pharma, those materials speak for themselves. The allegations in Paragraph 633 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 633 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

634. OptumRx filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to allegations in Paragraph 634 regarding OptumRx, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 634 and on that basis deny them.

635. Inasmuch as Paragraph 635 purports to quote or summarize materials from Purdue Pharma, those materials speak for themselves. Inasmuch as the allegations in Paragraph 635 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc.

146

and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 635. As to any other Defendant, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 635 and on that basis deny them.

636. Inasmuch as Paragraph 636 purports to quote or summarize materials from Purdue Pharma, those materials speak for themselves. The allegations in Paragraph 636 are vaguely and improperly pleaded against "PBMs." Inasmuch as the allegations in Paragraph 636 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

637. Inasmuch as the allegations in Paragraph 637 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 637. As to any other Defendant, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 637 and on that basis deny them.

**B.    The Common Purpose and Fraudulent Scheme of the Formulary & UM Enterprise**

638. The allegations in Paragraph 638 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 638 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

639. Inasmuch as the allegations in Paragraph 639 directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them. As to any other Defendant, OptumInsight, Inc. and OptumInsight Life Sciences,

147

Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 639 and on that basis deny them.

640.  Inasmuch as the allegations in Paragraph 640 directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them. As to any other Defendant, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 640 and on that basis deny them.

641. The allegations in Paragraph 641 are not directed at OptumInsight, Inc. or OptumInsight Life Sciences, Inc., and OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them on that basis.

642. The allegations in Paragraph 642 are not directed at OptumInsight, Inc. or OptumInsight Life Sciences, Inc., and OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them on that basis.

643. The allegations in Paragraph 643 are not directed at OptumInsight, Inc. or OptumInsight Life Sciences, Inc., and OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them on that basis.

644. The allegations in Paragraph 644 are not directed at OptumInsight, Inc. or OptumInsight Life Sciences, Inc., and OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them on that basis.

645. The allegations in Paragraph 645 are not directed at OptumInsight, Inc. or OptumInsight Life Sciences, Inc., and OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them on that basis.

646. The allegations in Paragraph 646 are not directed at OptumInsight, Inc. or OptumInsight Life Sciences, Inc., and OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them on that basis.

647.  Inasmuch as Paragraph 647 purports to quote or summarize materials from Purdue Pharma, those materials speak for themselves. The allegations in Paragraph 647 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 647 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

648.  Inasmuch as the allegations in Paragraph 648 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them. As to any other Defendant, OptumInsight, Inc. and OptumInsight Life Sciences lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 648 and on that basis deny them.

649. The allegations in Paragraph 649 are not directed at OptumInsight, Inc. or OptumInsight Life Sciences, Inc., and OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them on that basis.

650.  The allegations in Paragraph 650 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 650 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

651.  The allegations in Paragraph 651 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 651 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

652.  The allegations in Paragraph 652 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 652 are directed against

OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

653. Inasmuch as Paragraph 653 purports to quote or summarize materials from Endo Pharmaceuticals, those materials speak for themselves. Inasmuch as the allegations of Paragraph 653 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them. As to any other Defendant, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 653 and on that basis deny them.

654. Inasmuch as Paragraph 654 purports to quote or summarize materials from Endo Pharmaceuticals, those materials speak for themselves. Otherwise, the allegations in Paragraph 654 are not directed at OptumInsight, Inc. or OptumInsight Life Sciences, Inc., and OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them on that basis.

655. The allegations in Paragraph 655 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 655 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

656. The allegations in Paragraph 656 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 656 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

657. Paragraph 657 purports to quote or summarize materials produced by Purdue Pharma and a publication, and those materials speak for themselves. Plaintiff dismissed its

claims against Optum, Inc. on July 19, 2024. OptumRx, Inc filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 657 about Optum, Inc. or OptumRx, Inc. Inasmuch as the allegations in Paragraph 657 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

658. Inasmuch as Paragraph 658 purports to quote or summarize statements made by alleged former Express Scripts employees, those materials speak for themselves. The allegations in Paragraph 658 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 658 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

659. Inasmuch as Paragraph 659 purports to quote or summarize statements made by alleged former Express Scripts employees, those materials speak for themselves. Otherwise, the allegations in Paragraph 659 are not directed at OptumInsight, Inc. or OptumInsight Life Sciences, Inc., and OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them on that basis.

660. Inasmuch as Paragraph 660 purports to quote or summarize statements made by alleged former Express Scripts employees, those materials speak for themselves. Otherwise, the allegations in Paragraph 660 are not directed at OptumInsight, Inc. or OptumInsight Life Sciences, Inc., and OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them on that basis.

661. Paragraph 661 purports to quote or summarize materials produced by Express Scripts, and those materials speak for themselves. The allegations in Paragraph 661 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 661 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be

construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

662.  The allegations in Paragraph 662 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 662 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

663.  The allegations in Paragraph 663 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 663 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

664.  Paragraph 664 purports to quote or summarize materials produced by OptumRx, which speak for themselves. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 664 about OptumRx, Inc. The allegations in Paragraph 664 are also vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 664 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

665.  Paragraph 665 purports to quote or summarize materials produced by OptumRx, which speak for themselves. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 665 about OptumRx, Inc. Inasmuch as the allegations in Paragraph 665 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

666.  Paragraph 666 purports to quote or summarize materials produced by OptumRx, which speak for themselves. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 666 about OptumRx, Inc. Inasmuch as the allegations in Paragraph 666 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

667.  Inasmuch as the allegations in Paragraph 667 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

668.  OptumRx filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to allegations in Paragraph 668 regarding OptumRx, Inc. Inasmuch as the allegations in Paragraph 668 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

669.  Paragraph 669 purports to quote or summarize materials produced by OptumRx, which speak for themselves. OptumRx, Inc. filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to the allegations in Paragraph 669 about OptumRx, Inc. Inasmuch as the allegations in Paragraph 669 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

670.  OptumRx filed its Answer on October 7, 2024. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. will not respond to allegations in Paragraph 670 regarding OptumRx, Inc. Inasmuch as the allegations in Paragraph 670 are directed against OptumInsight,

Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

671. Inasmuch as Paragraph 671 purports to quote or summarize materials produced by Express Scripts, those materials speak for themselves. Otherwise, the allegations in Paragraph 669 are not directed at OptumInsight, Inc. or OptumInsight Life Sciences, Inc., and OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them on that basis.

672. Inasmuch as the allegations in Paragraph 672 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

673. The allegations in Paragraph 673 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 673 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

674. Inasmuch as the allegations in Paragraph 674 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

C.    **Conduct and Participation of the Formulary & UM Enterprise Through a Pattern of Racketeering Activity**

675. The allegations in Paragraph 675 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 675 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

676.  The allegations in Paragraph 676 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 676 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

677.  Inasmuch as the allegations in Paragraph 677 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them. As to any other Defendant, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 677 and on that basis deny them.

678.  The allegations in Paragraph 678 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 678 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

679.  The allegations in Paragraph 679 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 679 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

680.  The allegations in Paragraph 680 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 680 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

681. The allegations in Paragraph 681 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 681 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

682. The allegations in Paragraph 682 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 682 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

683. The allegations in Paragraph 683 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 683 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

684. The allegations in Paragraph 684 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 684 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

685. The allegations in Paragraph 685 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 685 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

686. The allegations in Paragraph 686 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 686 are directed against

OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

687.  The allegations in Paragraph 687 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 687 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

688.  The allegations in Paragraph 688 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 688 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

689.  The allegations in Paragraph 689 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 689 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

690.  The allegations in Paragraph 690 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 690 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

691.  The allegations in Paragraph 691 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 691 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against

OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

## IX.    Plaintiff's Claims Are Timely

692.    Paragraph 692 contains legal conclusions to which no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 692.

693.    Paragraph 693 contains legal conclusions to which no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 693.

694.    Paragraph 694 contains legal conclusions to which no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 694.

695.    Paragraph 695 contains legal conclusions to which no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 695.

696.    Paragraph 696 contains legal conclusions to which no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 696.

697.    Paragraph 697 contains legal conclusions to which no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 697.

698.    OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 698.

699.    OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 699.

700.  The allegations in Paragraph 700 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 700 are directed against

OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

701.    Paragraph 701 contains legal conclusions to which no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 701.

702.    Paragraph 702 contains legal conclusions to which no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 702.

703.    Paragraph 703 contains legal conclusions to which no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 703.

704.    Paragraph 704 contains legal conclusions to which no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 704.

705.    OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 705.

706.    Paragraph 706 contains legal conclusions to which no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 706.

## X.    Defendants Entered into and Engaged in a Civil Conspiracy

707.    Paragraph 707 improperly purports to "incorporate[]" allegations from a prior complaint. Paragraph 707 does not set forth any factual allegations to which a response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 707 and each and every allegation in the June 5, 2019 Verified Complaint.

708.     Paragraph 708 contains legal conclusions to which no response is required. The allegations in Paragraph 708 are also vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 708.

709.     The allegations in Paragraph 709 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as the allegations in Paragraph 709 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

710.     Paragraph 710 contains legal conclusions to which no response is required. The allegations in Paragraph 710 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 710 and each and every allegation in the June 5, 2019 Verified Complaint.

711.     The allegations in Paragraph 711 are vaguely and improperly pleaded against "Defendant[s]." Inasmuch as the allegations in Paragraph 711 are directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., or could be construed as directed against OptumInsight, Inc. or OptumInsight Life Sciences, Inc., OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny them.

712.     Paragraph 712 contains legal conclusions to which no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 712.

713.     Paragraph 713 contains legal conclusions to which no response is required. The allegations in Paragraph 713 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 713.

714.     Paragraph 714 contains legal conclusions to which no response is required. The allegations in Paragraph 714 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 714.

715.     Paragraph 715 contains legal conclusions to which no response is required. The allegations in Paragraph 715 are vaguely and improperly pleaded against "the PBM Defendants." Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 715.

716.     Paragraph 716 contains legal conclusions to which no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 716 and each and every allegation in the June 5, 2019 Verified Complaint.

## XI.     Successor Liability

717.     Paragraph 717 contains legal conclusions to which no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 717.

## XII.    Alter Ego Liability

718.     Paragraph 718 contains legal conclusions to which no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 718.

## XIII.   Claims for Relief

### FIRST CLAIM FOR RELIEF—CREATION OF A PUBLIC NUISANCE
### (Brought by Plaintiff against All Defendants)

719. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. incorporate by reference their responses to all prior paragraphs as if set forth fully herein. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. the allegations in Paragraph 719.

720–783.  Paragraphs 720–783 assert legal conclusions to which no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraphs 720–783.

## SECOND CLAIM FOR RELIEF—VIOLATION OF FEDERAL CIVIL RICO, 18 U.S.C. 1961, ET SEQ.; 1964(c)
### (Brought by Plaintiff against All Defendants)

784. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. incorporate by reference their responses to all prior paragraphs as if set forth fully herein. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 784.

785–817.  Paragraphs 785–817 assert legal conclusions to which no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraphs 785–817.

## THIRD CLAIM FOR RELIEF—NEGLIGENCE AND GROSS NEGLIGENCE
### (Brought by Plaintiff against All Defendants)

818. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. incorporate by reference their responses to all prior paragraphs as if set forth fully herein. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 818.

819–840.  Paragraphs 819–840 assert legal conclusions to which no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraphs 819–840.

## FOURTH CLAIM FOR RELIEF – DECEPTIVE ACTS AND PRACTICES: NEW YORK GENERAL BUSINESS LAW § 349
### (Brought by Plaintiff against All Defendants)

841. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. incorporate by reference its responses to all prior paragraphs as if set forth fully herein. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 841.

842–852.  Paragraphs 842–852 assert legal conclusions to which no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraphs 842–852.

### FIFTH CLAIM FOR RELIEF— FALSE ADVERTISING: NEW YORK GENERAL BUSINESS LAW §350
### (Brought by Plaintiff against All Defendants)

853.  OptumInsight, Inc. and OptumInsight Life Sciences, Inc. incorporate by reference its responses to all prior paragraphs as if set forth fully herein. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 853.

854–863.  Paragraphs 854–863 assert legal conclusions to which no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraphs 854–863.

### SIXTH CLAIM FOR RELIEF— VIOLATION OF NEW YORK SOCIAL SERVICES LAW § 145-B
### (Brought by Plaintiff against All Defendants)

864.  OptumInsight, Inc. and OptumInsight Life Sciences, Inc. incorporate by reference its responses to all prior paragraphs as if set forth fully herein. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraph 864.

865–869.  Paragraphs 865–869 assert legal conclusions to which no response is required. Inasmuch as a response is required, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny the allegations in Paragraphs 865–869.

### <u>AFFIRMATIVE AND OTHER DEFENSES</u>

Without assuming any burden of proof that it would not otherwise bear, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. assert the following affirmative and other defenses to the allegations and claims in the Supplemental and Amended Allegations to be Added to the Verified Complaint ("Amended Complaint" OR "SAC"). OptumInsight, Inc. and OptumInsight Life Sciences, Inc. deny wrongdoing or liability of any kind; no defense constitutes an admission that OptumInsight, Inc. and OptumInsight Life Sciences, Inc. are liable to the City, that the City has

been or will be injured or damaged, or that the City is entitled to relief from OptumInsight, Inc. or OptumInsight Life Sciences, Inc.

OptumInsight, Inc. and OptumInsight Life Sciences, Inc. reserve the right to add or amend its affirmative and other defenses as facts develop through discovery.

## FIRST DEFENSE

The Court lacks personal jurisdiction over OptumInsight, Inc. and OptumInsight Life Sciences, Inc. Neither OptumInsight, Inc. nor OptumInsight Life Science, Inc. waives its jurisdictional defenses by responding to Plaintiff's Complaint. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. incorporate by reference their Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 5368), including all briefs in support of that motion.

## SECOND DEFENSE

The City's claims against OptumInsight, Inc. and OptumInsight Life Sciences, Inc. are barred, in whole or in part, by the applicable statutes of limitation, including but not limited to:

a. The City's negligence and public nuisance claims are subject to a three-year limitations period. N.Y. Gen. Bus. Law §§ 349–50; N.Y. CPLR §§ 214, 214-c. The City's alleged damages were sustained and capable of ascertainment more than three years before the City filed suit against OptumInsight, Inc. and OptumInsight Life Sciences, Inc. By that point, a reasonable person would have been put on notice that an injury and substantial damages may have occurred and would have undertaken to ascertain the extent of alleged damages. Accordingly, the limitations period had already expired before the City sued OptumInsight, Inc. and OptumInsight Life Sciences, Inc.

b. The applicable statute of limitations, N.Y. CPLR § 213, bars the City's fraud claims and unjust enrichment claims (which the City has now withdrawn). The limitations period for fraud claims is the greater of six years from the date the cause of action accrued or two years from the time the plaintiff or the person under whom the

plaintiff claims discovered the fraud, or could with reasonable diligence have discovered it." N.Y. CPLR § 213. The City filed suit against OptumInsight, Inc. and OptumInsight Life Sciences, Inc. on December 15, 2023. The City discovered, or should have discovered with the exercise of reasonable diligence, any alleged fraud or wrongful acts more than six years prior to the filing of either Complaint. *See* Orig. Compl. ¶¶ 1092, 1176-91.

   c. The City's RICO claims are barred by the four-year statute of limitation. *See Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143 (U.S. 1987). The City knew, or with the exercise of reasonable diligence should have known, facts sufficient to trigger this claim more than four years prior to when the City first brought allegations against OptumInsight, Inc. and OptumInsight Life Sciences, Inc. on December 15, 2023.

By the City's own allegations, the City was aware of, on notice of, or discovered or ascertained (or in the exercise of due diligence should have discovered or ascertained) the facts underlying all of its claims against OptumInsight, Inc. and OptumInsight Life Sciences, Inc. — including its alleged injuries and damages and the facts constituting the alleged fraud—long enough ago such that the limitations periods applicable to each of the City's claims against OptumInsight, Inc. and OptumInsight Life Sciences, Inc.  had already expired before the City filed suit against OptumInsight, Inc. and OptumInsight Life Sciences, Inc. *See, e.g.*, SAC ¶¶ 17, 18, 29, 30, 32, 33, 38, 41, 50, 62, 265, 276, 277, 284, 286, 287, 290, 291, 301, 302, 303, 310, 330, 342, 352, 353, 356, 358-362, 385, 400, 405, 419, 445, 579, 612. All of the City's claims against OptumInsight, Inc. and OptumInsight Life Sciences, Inc. are time-barred.

## THIRD DEFENSE

The equitable doctrine of laches bars the City's claims. Based on the City's own allegations, its claimed injuries began in the late 1990s (*see, e.g.*, SAC ¶¶ 32, 33, 57, 255, 291, 330, 393, 585, 587), yet it waited more than fifteen years to sue OptumInsight, Inc. and

OptumInsight Life Sciences, Inc. The City failed to sue OptumInsight, Inc. and OptumInsight Life Sciences, Inc. until 2023, years after a wave of similar litigation began in 2014. More than fifteen years passed between when the City became aware of its alleged injuries and when it ultimately sued OptumInsight, Inc. and OptumInsight Life Sciences, Inc. The City's unreasonable delay in filing suit has prejudiced OptumInsight, Inc. and OptumInsight Life Sciences, Inc. in various ways.

### **FOURTH DEFENSE**

The equitable doctrines of estoppel, unclean hands, *in pari delicto*, and waiver bar the City's claims.

a. The City's delay and failure to engage in protective measures bar its claims under the equitable doctrines of estoppel, unclean hands, or waiver.

b. Those equitable doctrines bar the City from pursuing its claims in this lawsuit because the City provided loans to local pharmacies to purchase drug inventory from Rochester Drug Co-Operative, Inc., an organization which the City knew, or reasonably should have known, unlawfully distributed opioids to pharmacy customers that were being sold and used illicitly.

c. Those equitable doctrines also bar the City from arguing that having opioids on a formulary somehow contributed to its damages. Health-plan sponsors—including the City—design the benefits offered to their members. That includes choosing formularies and selecting restrictions on opioids.

d. Those equitable doctrines bar the City from pursuing its claims in this lawsuit because despite the City's knowledge of the Purdue guilty plea relating to the marketing of OxyContin in 2007, the addictive nature of OxyContin, and the alleged "harms" of OxyContin, the City of Rochester had OxyContin on its own chosen and controlled Commercial and Medicare Part D Formularies at least until 2022. The City's Medicare Part D Formulary, for example, allows the dispensing and adjudication of claims for 90 tabs of OxyContin for 30 days without Prior Authorization.

166

**FIFTH DEFENSE**

The City lacks standing to pursue its claims.

a.  The City does not, and cannot, plead a concrete, particularized injury.

b.  The City does not, and cannot, show that its alleged injuries are fairly traceable to OptumInsight, Inc. and OptumInsight Life Sciences, Inc's alleged misconduct.

c.  The City does not, and cannot, show that any relief against OptumInsight, Inc. and OptumInsight Life Sciences, Inc. would redress its claimed injuries because the only damages it allegedly suffered—the costs of providing certain public services—are speculative and have no connection to OptumInsight, Inc. and OptumInsight Life Sciences, Inc.'s services to their clients.

**SIXTH DEFENSE**

The City's claims and damages are barred or limited because they intrude on and overlap with claims that the State of New York pressed in a separate litigation. In August of 2018, the State of New York brought a *parens patriae* action asserting substantially similar claims on behalf of both the State and its citizens and political subdivisions. *See State of New York, ex rel. Letitia James v. Purdue Pharma, L.P., et al.*, Index No. 40016/2018 (Sup. Ct. Suffolk Cnty). The City seeks the same damages as the State.

**SEVENTH DEFENSE**

The City cannot recover for alleged harms that flow from a product or activity subject to various forms of regulatory control or oversight. For instance, Congress tasked the Drug Enforcement Agency ("DEA") with regulating opioids and opioid prescribers and gave it the ability to strip problematic prescribers of their authority to prescribe opioids and other controlled substances. The City's claims are barred inasmuch as various agencies or regulators (including, but not limited to, Centers for Medicare and Medicaid Services ("CMS"), the DEA and the U.S. Food and Drug Administration ("FDA")) regulate or control the product or activity that allegedly gave rise to the claimed harms.

167

**EIGHTH DEFENSE**

The political-question and separation-of-powers doctrines bar the City's claims and damages. The City's claims are non-justiciable because they would require the Court to make policy-based determinations—such as balancing the benefits and utility of prescription opioid medications (including for treating chronic pain)—against the risks of their misuse and abuse. The City's claims would also require the Court to decide what quantity of prescription opioids should be available to the City's residents and what opioids should appear on health plans' formularies and what restrictions or utilization management options those opioids should be subject to.

**NINTH DEFENSE**

The following statutes and their implementing regulations preempt the City's claims: the Medicare Act (42 U.S.C. § 1395), the Medicaid statutes, the Employee Retirement Income Security Act ("ERISA") (29 U.S.C. § 1144), TRICARE, (10 U.S.C. § 1103(a)), the Federal Employee Health Benefits Act ("FEHBA"), (5 U.S.C. § 8902(m)(1)), the Patient Protection and Affordable Care Act (the "ACA"). (*see, e.g.*, 42 U.S.C. § 18000 *et seq*., 42 U.S.C. § 300gg), and the Food, Drug, and Cosmetic Act, (21 U.S.C. § 355(b)(1)(d); (j)(2)(A)(v); (j)(4)(G)). In particular:

a. The Federal Medicare Act, 42 U.S.C. § 1395, *et seq*., and its implementing regulations and the federal Medicaid laws and their implementing regulations preempt the City's claims and alleged damages. The City's claims in the Amended Complaint implicate Medicare plans and Part D formularies. *See, e.g.*, SAC ¶¶ 353, 426, 427, 449. Under the Medicare Act, "the standards established under this part shall supersede any State law or regulation . . . with respect to [Part D prescription drug] plans which are offered by [Part D sponsors] under this part." 42 U.S.C. § 1395w–26(b)(3); *see also* 42 C.F.R. § 432.440(a) (2005) (same). Those federal standards preempt the City's claims against OptumInsight, Inc. and OptumInsight Life Sciences, Inc. that relate to Medicare plans, Medicare Part D formularies, or other aspects of Medicare. *See, e.g.*, SAC ¶¶ 448-459. When implementing the Medicare

Act, CMS established standards governing Part D formularies. *See* 42 C.F.R. § 423.120(b)(2)(ii)–(iv); Medicare Modernization Act Final Guidelines— Formularies §§ 30.2, 30.2.1, 30.1.5. Those federal standards preempt the City's claims against OptumInsight, Inc. and OptumInsight Life Sciences, Inc. because the City attempts to impose liability based on how prescription drugs, including opioids, are selected and priced on Medicare Part D formularies that CMS has approved. The City cannot use New York state law and causes of action to second-guess CMS's decisions.

b. ERISA preempts "any and all" state laws that "relate to [an] employee benefit plan," barring or limiting the City's claims. 29 U.S.C. § 1144(a); 29 U.S.C. § 1002(1). ERISA preempts the City's claims because they relate to employer-sponsored health plans and the drugs covered and dispensed through those plans. *See, e.g.*, SAC ¶¶ 34, 253, 279, 317, 358, 391, 550. Through its claims, the City also seeks to mandate employee benefit structures and their administration by influencing plan decisions about how to cover and reimburse prescription opioids. *See, e.g.*, SAC ¶¶ 195, 275, 284–86.

c. FEHBA preempts some or all of the City's claims and alleged damages. FEHBA establishes a program that provides health benefits for civilian federal employees, their families, and federal retirees and expressly preempts State and local law. *See* 5 U.S.C.§ 8902(m)(1). The U.S. Office of Personnel Management's contracts with insurance carriers for health benefit plans authorized by FEHBA establish specific standards for PBM arrangements. State claims, such as those here, that attempt to dictate the terms of such arrangements would interfere with nationally uniform FEHBA plan administration and are expressly preempted. *See, e.g.*, SAC ¶¶ 34, 253, 279, 317, 358, 391, 550.

d. The ACA, 42 U.S.C. § 18000 *et seq.*, 42 U.S.C. § 300gg, and its implementing

regulations, *see* 45 C.F.R. § 156.100 *et seq*., preempt the City's claims and alleged damages. Under the ACA, Congress required that all insurance plans offered to individuals and small groups must include an "essential health benefits package." *Schmitt v. Kaiser Found. Health Plan of Washington*, 965 F.3d 945, 949 (9th Cir. 2020) (*quoting* 42 U.S.C. § 300gg-6(a); see also 45 C.F.R. § 147.150(a)). The Department of Health and Human Services (DHHS) prepared a series of regulations specifying the requirements for "essential health benefits." (*See* 45 C.F.R. § 156.100 *et seq*.). These regulations require each state to select a benchmark plan that covers a minimum set of essential health benefits ("EHB benchmark plan"). (*See id.* §§ 156.100, 156.110, 156.115, 156.122). Those regulations state that a health plan "does not provide essential health benefits unless it . . . covers at least the greater of: (i) one drug in every [USP] category and class; or (ii) the same number of prescription drugs in each category and class as the EHB-benchmark plan[.]" (*Id.* § 156.122(a).) New York's EHB benchmark plan contains multiple long-acting and short-acting opioid medications. The ACA preempts the City's claims because the City seeks to impose liability based on actions required by federal law, and will frustrate Congressional intent to reduce the cost of prescription medication, including prescription opioids.

e.  The Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 355(b)(1),(d), (j)(2)(A)(v), (j)(4)(G), and its implementing regulations, 21 C.F.R. §§ 314.94(a)(8), 314.127(a)(7), preempt the City's claims and alleged damages. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. have no authority to alter the labels of prescription opioids, which are designed by the manufacturers and approved by the FDA.

f.  The City's claims are barred or limited because they are preempted by TRICARE. 10 U.S.C. § 1103(a). The TRICARE program, established by the Department of Defense ("DOD"), provides medical and dental care for current and certain former military members, and their dependents. 10 U.S.C. § 1071. It has a sweeping preemption clause: "[A]ny State or local law relating to health insurance, prepaid

health plans, or other health care delivery or financing methods is preempted and does not apply in connection with TRICARE pharmacy contracts." 32 C.F.R. § 199.21(o)(2); see also 10 U.S.C. § 1103(a). Pursuant to TRICARE, DOD established "a uniform formulary" that encompasses "the complete range of therapeutic classes" for its pharmacy benefits program. The DOD is required by law to enter into contracts to provide healthcare services to TRICARE members. *See* 10 U.S.C. § 1073a. The DOD is also statutorily required to establish an "effective, efficient, integrated pharmacy benefits program" for TRICARE. 10 U.S.C. § 1074g. TRICARE, and the regulations promulgated thereunder, 32 C.F.R. §§ 199.17(a)(7)(iii), 199.21(o), preempt the City's claims and alleged injuries. State law claims, such as those here, that attempt to dictate or alter the terms of this arrangement would interfere with nationally uniform TRICARE plan administration and therefore are expressly preempted.

The City's claims are also barred or limited because they conflict with Congress's purposes and objectives in enacting the federal statutes and authorizing regulations listed above. For purposes of conflict preemption, a conflict exists not only when it is impossible to comply with both state and federal law, but also when the state law stands as an obstacle to the accomplishment and execution or the full purposes and objectives of Congress. For the reasons stated above, the City's claims are preempted because they conflict with Congress's intent regarding the administration of Medicare, Medicaid, ERISA, FEHBA, ACA, and TRICARE programs and the implementing regulations.

## TENTH DEFENSE

The government-contractor defense bars or limits the City's claims. Inasmuch as OptumInsight, Inc. or OptumInsight Life Sciences, Inc. provide services to any federal agency or entity, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. complied with the government's reasonably precise specifications for providing those services.

## ELEVENTH DEFENSE

The City's alleged damages were not caused by any purported acts or omissions of OptumInsight, Inc. and OptumInsight Life Sciences, Inc but instead by intervening or superseding causes or by the acts of third parties over whom OptumInsight, Inc. and OptumInsight Life Sciences, Inc. have no responsibility or control. OptumInsight, Inc. and OptumInsight Life Sciences, Inc.'s roles are limited. Neither OptumInsight, Inc. nor OptumInsight Life Sciences, Inc. is a doctor, manufacturer, distributor, pharmacy, pharmacist, PBM, or insurer.

The independent acts of third parties whom OptumInsight, Inc. and OptumInsight Life Sciences, Inc. do not control—including, but not limited to, manufacturers who created and marketed opioids, distributors who distributed opioids, pharmacies that violated federal or state laws in filling certain opioid prescriptions, prescribers who prescribed medically unnecessary or otherwise improper prescriptions for opioids, diverters who broke the legal supply chain of prescription drugs, regulators responsible for regulating controlled substances (such as the DEA) who failed to properly monitor and regulate opioids or monitor, regulate, and discipline doctors and pharmacies for violating state or federal law, criminal traffickers and dealers of illicit narcotics (such as heroin and counterfeit synthetic opioids), and patients who acquired opioids without a medical purpose—are intervening or superseding causes that extinguish any alleged OptumInsight, Inc. and OptumInsight Life Sciences, Inc. liability. Further, the City's claims are barred, in whole or in part, because its alleged injuries or damages were caused by unforeseeable and uncontrollable forces over which OptumInsight, Inc. and OptumInsight Life Sciences, Inc. had no control and for which OptumInsight, Inc. and OptumInsight Life Sciences, Inc. are not responsible, including without limitation pre-existing or unrelated medical conditions. In any event, if OptumInsight, Inc. and OptumInsight Life Sciences, Inc. are ever somehow found liable in part for the City's alleged harms, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. are

entitled to an assessment of the relative degree of fault for damages caused by parties over whom OptumInsight, Inc. and OptumInsight Life Sciences, Inc. have no control.

## TWELFTH DEFENSE

The City's alleged damages stem from the abuse or misuse of prescription opioids, by third parties over whom OptumInsight, Inc. and OptumInsight Life Sciences, Inc. do not have responsibility or control, that break any alleged causal chain in the City's claims against OptumInsight, Inc. and OptumInsight Life Sciences, Inc. *See e.g.*, SAC ¶¶ 422, 478, 584 (discussing overprescribing); ¶ 751 (discussing the "black market" and availability of heroin and synthetic opioids); ¶ 813 (discussing street-level drug dealers). This includes (1) the entities identified in the City's response to Interrogatory 16 as parties who "contributed to the alleged public nuisance in the City," (2) the individuals identified in the City's response to Interrogatory 14 as parties who "have engaged in inappropriate, unnecessary, or illicit prescribing, dispensing, diversion, or use of Prescription Opioids in the state of New York," and (3) individuals in the City's September 27, 2024 "Red Flag" submission and exhibits.

## THIRTEENTH DEFENSE

The learned-intermediary doctrine bars the City's claims against OptumInsight, Inc. and OptumInsight Life Sciences, Inc. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. do not examine patients, diagnose patients, or write opioid prescriptions. Here, various physicians' decisions to prescribe opioids based on clinical assessments of medical appropriateness and necessity sever any link between OptumInsight, Inc. and OptumInsight Life Sciences, Inc.'s alleged conduct and the City's alleged injuries. Further, as the Amended Complaint asserts, the prescribers themselves had independent knowledge of the risks of opioids, and any alleged act or omission by OptumInsight, Inc. and OptumInsight Life Sciences, Inc. are not the but-for or proximate cause of any patient's alleged injury. *See, e.g.*, SAC ¶¶ 39, 42.

## FOURTEENTH DEFENSE

Dillon's Rule bars the City's claims in whole or in part. Under Dillon's Rule, without legislative authorization, local governments cannot recover in tort costs for providing emergency

173

and public services. In the Amended Complaint, the City seeks to recover its alleged increased costs for medical care, law enforcement, and other public services in response to a long-standing social condition. It also asserts that those alleged costs were or will be incurred as part of the abatement of a claimed public nuisance. For example, the City seeks damages for "the handling of emergency responses to overdoses, providing addiction treatment, handling opioid-related investigations, arrests, adjudications, and incarcerations, treating opioid-dependent newborns in neonatal intensive care units, burying the dead, and placing thousands of children in foster care placement, among other." *See* SAC ¶ 83; *see also id.* ¶¶ 768, 773, 813. The New York General Assembly has not authorized cities to sue to recover those costs, so Dillon's Rule bars the City's claims.

## FIFTEENTH DEFENSE

The municipal-cost-recovery rule (otherwise known as the free-public-services doctrine) bars the City's claims. Under the municipal-cost-recovery rule, a political subdivision cannot recover its costs for responding to an alleged tortfeasor's conduct—including for police and emergency response services. In the Amended Complaint, the City seeks to recover costs associated with municipal services that the City is duty-bound to provide, including "increased costs of police, emergency, health, prosecution, corrections, rehabilitation, and other services." *See* SAC ¶ 768; *see also id.* ¶¶ 83, 773, 813. The New York General Assembly has not authorized a political subdivision to recover for municipal costs through a tort action.

## SIXTEENTH DEFENSE

The economic-loss doctrine bars the City's claims and damages. The economic-loss doctrine "prohibits recovery in tort for purely economic losses" and is intended to "maintain the fundamental distinction between tort law and contract law." 1 Minzer, et al., Damages in Tort Actions § 1.02 (Matthew Bender 1986). The economic-loss doctrine bars the City's claims and damages because the Amended Complaint alleges no physical injury or property damage but instead seeks economic damages in the form of emergency, social, medical, and police services. *See, e.g.*, SAC ¶¶ 83, 768, 773, 813.

174

### SEVENTEENTH DEFENSE

The City's claims and damages are barred by the voluntary-payment doctrine. The City seeks to recover damages for voluntary payments made without contractual or other legal obligation.

### EIGHTEENTH DEFENSE

The Due Process Clauses of the U.S. and New York Constitutions bar or limit the City's claims. Imposing liability for a local government's police expenditures under the guise of "abatement" damages, *see, e.g.*, SAC ¶¶ 83, 768, 773, 813, violates due process because there was no prior legal notice that these costs could be recovered in a tort action, nor was there prior notice or opportunity for OptumInsight, Inc. or OptumInsight Life Sciences, Inc. to abate the alleged nuisance.

### NINETEENTH DEFENSE

Common law, statutory, and state constitutional constraints on the exercise of police powers by a municipality bar or limit the City's claims.

### TWENTIETH DEFENSE

OptumInsight, Inc. and OptumInsight Life Sciences, Inc.'s rights under the Due Process Clauses of the U.S. Constitution, the New York Constitution, and any other applicable state constitution are violated by any financial or other arrangement that might distort an attorney's duty to pursue justice, such as the City's use of contingency fee contracts with private counsel, including Motley Rice.

### TWENTY-FIRST DEFENSE

The City's claims are barred, in whole or in part, inasmuch as they violate the Dormant Commerce Clause of the U.S. Constitution.

**TWENTY-SECOND DEFENSE**

The City's claims are barred, in whole or in part, inasmuch as they violate the *Ex Post Facto* clauses of the U.S. or New York constitutions.

**TWENTY-THIRD DEFENSE**

The derivative-injury rule and the remoteness doctrine bar the City from recovering payments that it allegedly made on behalf of its residents to reimburse any expenses for health care, pharmaceutical care, or other public services. *See, e.g.*, SAC ¶¶ 83, 768, 773, 813.

**TWENTY-FOURTH DEFENSE**

The City's failure to mitigate its alleged damages bars or limits its claims. The City failed or refused to exercise reasonable care and diligence to avoid loss and minimize alleged damages and cannot recover for losses that it could have prevented with reasonable efforts or expenditures.

    a.  Despite alleged concerns over opioid abuse and misuse, the City failed to implement programs targeted at reducing opioid abuse or misuse, including for its own employees under the health care plan in which the City participated.

    b.  Despite the fact that various states and counties had already acted, the City failed to notify OptumInsight, Inc. and OptumInsight Life Sciences, Inc. that any of their practices were allegedly contributing to an alleged injury to the City, and delayed for years in bringing a lawsuit.

    c.  Despite knowledge of Purdue's guilty plea in 2007 for criminal conspiracy and improper marketing of OxyContin, the City failed to act, directly or indirectly through its third party administrators or brokers, to curb the oversupply of prescription opioids in the City.

    d.  Despite knowledge of the utilization rate of prescription opioids within the City's own sponsored health plan, the City failed to act, directly or indirectly through its third party administrators or brokers, to limit the use of prescription opioids.

e. Despite the availability of public information about the addictive nature of opioids, the City failed to act, directly or indirectly through its third party administrators or brokers, to limit the supply, distribution, prescribing, or dispensing of opioids.

f. Despite knowledge that Rochester Drug Co-Operative, Inc. was violating federal narcotics laws by distributing controlled substances, including dangerous opioids, such as oxycodone and fentanyl, that the company knew were being sold and used illicitly, the City failed to investigate, prosecute, sue, or otherwise take action against Rochester Drug Co-Operative, Inc.

g. These are illustrative examples only. Discovery or other facts may demonstrate other bases for the City's culpability.

## TWENTY-FIFTH DEFENSE

The doctrines of contributory or comparative negligence and comparative fault bar or limit the City's claim against OptumInsight, Inc. and OptumInsight Life Sciences, Inc. for its alleged damages. N.Y. CPLR § 1411. The City contributed directly and proximately to any alleged injuries or damages. Among other things, despite alleged concerns over opioid abuse and misuse, the City failed to implement programs targeted at reducing opioid abuse or misuse.

## TWENTY-SIXTH DEFENSE

Any verdict or judgment that the City might recover must be reduced under N.Y. CPLR § 1402 by amounts that the City has or will receive as indemnification for any past or future claims for economic loss.

## TWENTY-SEVENTH DEFENSE

Any damages claimed by the City must be reduced by the amount of funding received, or to be received, for healthcare and other services from the federal government or other non-City sources.

## TWENTY-EIGHTH DEFENSE

The City's claims are barred or limited because the City seeks funds for programs paid for by other entities. The City seeks economic damages to pay for abatement costs. The abatement

177

programs, however, are funded and administered by federal and state governments, as well as plan sponsors. The City cannot recover for those funds insofar as it is not the City's function to pay for those programs, the City has no obligation to pay for such programs, and the City had never paid for the programs before filing the Amended Complaint.

### TWENTY-NINTH DEFENSE

The City has failed to identify each patient in whose claim(s) it has a subrogation interest and on whose behalf it has incurred costs.

### THIRTIETH DEFENSE

Inasmuch as the City suffered the harms alleged in the Amended Complaint, named or unnamed entities and individuals (including the City itself) over whom OptumInsight, Inc. and OptumInsight Life Sciences, Inc. have no control or responsibility are responsible for 50% or more of those alleged injuries or expenses. As a result, at most, OptumInsight, Inc. and OptumInsight Life Sciences, Inc., which deny wrongdoing of any kind, could be only severally liable for any verdict or judgment in the City's favor. N.Y. CPLR §§ 1411, 1412.

### THIRTY-FIRST DEFENSE

Applicable laws bar or reduce the City's claims for punitive or exemplary damages or other civil penalties. Alternatively, the City's claims for those damages are unconstitutional insofar as they violate the due process protections afforded by the U.S. Constitution, the excessive fines clause of the Eighth Amendment of the U.S. Constitution, the Full Faith and Credit Clause of the U.S. Constitution, Article I, Section 6 of the New York Constitution, and other applicable provisions of the New York Constitution.

### THIRTY-SECOND DEFENSE

The City's claims and damages are barred or limited because its claims against OptumInsight, Inc. and OptumInsight Life Sciences, Inc. do not arise from the same transaction or occurrences as its claims against other defendants, as required for joinder of parties. In the alternative, the City's claims and damages are barred or limited because the City failed to join all necessary and indispensable parties, including health care providers, prescribers, patients, and

other third parties who the City alleges engaged in the unauthorized or illicit prescription, dispensing, diversion, or use of prescription opioid products. *See* N.Y. CPLR § 1001. For example, the Amended Complaint includes allegations about unnamed physicians who operated so-called pill mills and about drug dealers, but those physicians and individuals are not named as defendants. *See, e.g.*, SAC ¶¶ 422, 478, 584 (discussing overprescribing), ¶ 751 (discussing the "black market" and availability of heroin and synthetic opioids); ¶ 813 (discussing street-level drug dealers); *see also* City's Resp. and Obj. to Second Set of Interrogatories, Interrogatory Resp. 14 (identifying several "prescribers, pharmacies, pharmacists, and drug dealers who have engaged in inappropriate, unnecessary, or illicit prescribing, dispensing, diversion, or use of Prescription Opioids in the state of New York"); *id.* Interrogatory Resp. 16 (identifying parties who "contributed to the alleged public nuisance in the City").

## THIRTY-THIRD DEFENSE

The doctrines of waiver and ratification bar the City's claims. The City's claims are based on alleged conduct from as early as the 1990s. In the intervening decades, the City participated in several healthcare plans. Inasmuch as the City alleges that its damages stem from the coverage of prescription opioids on various health-plan formularies, health-plan sponsors—including the City—design the benefits offered to their members. That includes choosing or customizing formularies and selecting restrictions on opioids.

## THIRTY-FOURTH DEFENSE

The City's claims and damages are barred or limited inasmuch as the City asserts that OptumInsight, Inc. or OptumInsight Life Sciences, Inc. is liable because of its advocacy to governmental entities. That advocacy is protected by the First Amendment.

179

## THIRTY-FIFTH DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted as to OptumInsight, Inc. and OptumInsight Life Sciences, Inc. *See* PBM Defs.' Mot. to Dismiss Supp. Am. Compl. (which OptumInsight, Inc. and OptumInsight Life Sciences, Inc. incorporate by reference, including all briefs incorporated into that motion).

## THIRTY-SIXTH DEFENSE

The City fails to state a RICO claim upon which relief may be granted in that it fails to allege how and why OptumInsight, Inc. and OptumInsight Life Sciences, Inc.'s services constitute unlawful conduct or part of an unlawful enterprise. *See Bd. of Managers of Trump Tower at City Ctr. Condo. by Neiditch v. Palazzolo*, 346 F. Supp. 3d 432, 472 (S.D.N.Y. 2018) (citing *McCaffery v. McCaffery*, No. 11-CV-703, 2012 WL 3260299, at *6 (E.D.N.Y. Aug. 8, 2012) ("[I]t is well settled that the failure-to-state-a-claim defense is a perfectly appropriate affirmative defense to include in the answer.")); *Erickson Beamon Ltd. v. CMG Worldwide, Inc.*, No. 12-CV-5105, 2014 WL 3950897, at *4 (S.D.N.Y. Aug. 13, 2014) (same).

## THIRTY-SEVENTH DEFENSE

The City's claims are barred or limited by the sophisticated user doctrine. Because of their training and expertise, prescribers who prescribed opioid medications knew or should have known of the potential risks. Moreover, the City had personnel trained in benefit management and also hired brokers and third party administrators to help manage the City's health plans. Under the sophisticated user doctrine, OptumInsight, Inc. and OptumInsight Life Sciences, Inc. had no duty to warn the City of the risks and complications of which members of the medical community and/or other trained professionals knew or should have known.

### THIRTY-EIGHTH DEFENSE

The City's claims against OptumInsight, Inc. and OptumInsight Life Sciences, Inc. are barred, in whole or in part, because OptumInsight, Inc. and OptumInsight Life Sciences, Inc. did not owe the City any statutory or common-law duty and otherwise did not breach any such duty to the City.

### THIRTY-NINTH DEFENSE

The City's claims are subject to all defenses that could be asserted if the City's claims were properly made by individuals on whose behalf or for whose alleged damages the City seeks to recover.

### FORTIETH DEFENSE

Any recovery by the City is barred inasmuch as OptumInsight, Inc. and OptumInsight Life Sciences, Inc. have valid defenses that bar recovery by those persons on whose behalf the City purportedly seeks recovery.

### FORTY-FIRST DEFENSE

The City's public-nuisance claim is barred, in whole or in part, because OptumInsight, Inc. and OptumInsight Life Sciences, Inc. did not interfere with a public right.

### FORTY-SECOND DEFENSE

The City's public-nuisance claim is barred, in whole or in part, because OptumInsight, Inc. and OptumInsight Life Sciences, Inc. do not control the instrumentality of the claimed nuisance. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. do not control manufacturers' marketing, distributors' distribution, doctors' prescribing, pharmacies' dispensing, or the illegal diversion or misuse of opioids.

### FORTY-THIRD DEFENSE

The City's claims are barred, in whole or in part, inasmuch as the prescription medications in question were misused, modified, altered, or changed from the condition in which they were sold.

### FORTY-FOURTH DEFENSE

The City's public nuisance claims are barred, in whole or in part, because none of the state or federal laws cited in the Amended Complaint apply to OptumInsight, Inc. and OptumInsight Life Sciences, Inc.

### FORTY-FIFTH DEFENSE

The City's public nuisance claims are barred, in whole or in part, because the City has not shown that OptumInsight, Inc. and OptumInsight Life Sciences, Inc. violated a statute or engaged in any intentional wrongdoing.

### FORTY-SIXTH DEFENSE

The City's claims are barred because OptumInsight, Inc. and OptumInsight Life Sciences, Inc. did not control and is not liable for statements or omissions in the Manufacturer Defendants branded or unbranded materials.

### FORTY-SEVENTH DEFENSE

Inasmuch as the City attempts to seek equitable relief, the City's claims are barred, in whole or in part, because there is an adequate remedy at law for a proper plaintiff.

### FORTY-EIGHTH DEFENSE

The City's claims are barred, in whole or in part, because OptumInsight, Inc.'s conduct and OptumInsight Life Sciences, Inc.'s  conduct comported with generally recognized industry standards and applicable statutes and regulations.

### FORTY-NINTH DEFENSE

The City's claims are barred, in whole or in part, inasmuch as the City relies explicitly or implicitly on a theory of market-share liability.

### FIFTIETH DEFENSE

Inasmuch as the City alleges that OptumInsight, Inc. and OptumInsight Life Sciences, Inc. fraudulently concealed facts, the City failed to establish fraudulent concealment under New York law because it has not alleged a special or fiduciary relationship between the City and OptumInsight, Inc. or OptumInsight Life Sciences, Inc.

## FIFTY-FIRST DEFENSE

OptumInsight, Inc. and OptumInsight Life Sciences, Inc. appropriately, completely, and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the Amended Complaint.

## FIFTY-SECOND DEFENSE

The City's claims against OptumInsight, Inc. and OptumInsight Life Sciences, Inc. and damages are barred or limited to the extent that (i) OptumInsight, Inc. or OptumInsight Life Sciences, Inc. is entitled to a credit or setoff for any and all sums the City has received in the way of any and all settlements or from any other entity to abate the alleged nuisance, including if the City settled with one or more tortfeasors, then OptumInsight, Inc. and OptumInsight Life Sciences, Inc. are entitled to a monetary offset against the amount of any verdict or judgment that the City may recover against it pursuant to N.Y. Gen. Oblig. L. § 15-108; specifically, any verdict or judgment must be reduced against OptumInsight, Inc. and OptumInsight Life Sciences, Inc. by the highest of the amount stipulated in the release, the consideration paid for the release, or the settling tortfeasor's equitable share of the damages as found by the jury or trier of fact; (ii) New York law requires apportionment of liability on the City's claims based on fault; (iii) the City seeks to recover multiple times for the same harm and the New York legislature has developed statutes to avoid double recovery; (iv) the City's claims fall within the scope of any applicable judgment, consent decree, or settlement under the doctrines of res judicata and/or collateral estoppel; or (v) the City is precluded by the doctrines of accord and satisfaction, release, failure to fulfill conditions precedent, and failure to provide requisite notice; (vi) OptumInsight, Inc. and OptumInsight Life Sciences, Inc. are entitled to apportion fault, including but not limited to:

    a. PBMs other than OptumRx, Inc. that manage prescription drug benefits for numerous health plans and persons in the City. Inasmuch as OptumRx can be held liable on the City's theories, they apply with equal force to those PBMs.

b. Opioid manufacturers who improperly marketed and sold prescription opioids must also bear an equitable share of fault. This includes, but is not limited to, one or more of the drug manufacturers (or individuals who controlled, owned, or were related to them) identified by the City in its allegations and Responses and Objections to the PBM Defendants' Second Set of Interrogatories as parties who "contributed to the alleged public nuisance in the City[.]" City's Resp. and Obj. to Second Set of Interrogatories, Interrogatory Resp. 16.

c. Distributors who sold prescription opioids to retailers and contributed to the City's harm by failing to prevent diversion and to detect obvious pill mills. This includes, but is not limited to, one or more of the distributors identified by the City in its allegations and Responses and Objections to the PBM Defendants' Second Set of Interrogatories as parties who "contributed to the alleged public nuisance in the City[.]" City's Resp. and Obj. to Second Set of Interrogatories, Interrogatory Resp. 16.

d. Pharmacies and hospitals who dispensed opioids in-person to patients in the City despite known risks must also be considered.

e. As ongoing discovery will reveal, drug cartels and drug traffickers played and continue to play a substantial role in importing and distributing opioids into the City. Each must bear their equitable share of fault. The City identified "Drug Cartels" in its allegations and Responses and Objections to the PBM Defendants' Second Set of Interrogatories as parties "who contributed to the alleged public nuisance in the City[.]" City's Resp. and Obj. to Second Set of Interrogatories, Interrogatory Resp. 16.

f. As ongoing discovery will reveal, pill mills, rogue pain clinics, and the doctors and other health professionals who work there played and continue to play a substantial role in the alleged inappropriate prescribing and misuse of opioids in the City. Each

184

must bear their equitable share of fault. The City identified "Pill Mills" in its allegations and Responses and Objections to the PBM Defendants' Second Set of Interrogatories as parties "who contributed to the alleged public nuisance in the City[.]" City's Resp. and Obj. to Second Set of Interrogatories, Interrogatory Resp. 16.

g.   All state and federal government agencies such as the DEA, FDA, CDC, New York State Department of Health, New York State Department of Education, among others, that encouraged using prescription opioids to treat pain—as ongoing discovery will reveal—played and continue to play a substantial role in the alleged inappropriate prescribing and misuse of opioids in the City. Each must bear their equitable share of fault.

h.   The City identified other categories of parties "who contributed to the alleged public nuisance in the City[,]" including working groups, trade associations, professional organizations, and insurers. City's Resp. and Obj. to Second Set of Interrogatories, Interrogatory Resp. 16. OptumInsight, Inc. and OptumInsight Life Sciences, Inc are entitled to apportion fault and liability to any of these parties.

i.   Finally, the City, in its August 9, 2024 discovery responses to OptumRx's Second Set of Interrogatories, provided a list of all prescribers, pharmacies, pharmacists, and drug dealers who have engaged in illicit prescribing, dispensing, diversion, and use of prescription opioids in the state of New York and a list of all persons, companies, groups, organizations, and government entities who contributed to the alleged public nuisance. Each must bear their equitable share of fault. City's Resp. and Obj. to Second Set of Interrogatories, Interrogatory Resp. 14.

**FIFTY-THIRD DEFENSE**

Any recovery by the City may be barred or limited by the principles of informed consent or assumption of the risk, whether primary, express, or implied.

**FIFTY-FOURTH DEFENSE**

The City's claims are barred, in whole or in part, by the doctrines of acquiescence, settlement, and release.

**FIFTY-FIFTH DEFENSE**

Inasmuch as the City's claims against OptumInsight, Inc. and OptumInsight Life Sciences, Inc. allege violations of federal law, they are barred, in whole or in part, by the deference that the common law accords to discretionary actions by the FDA (under the federal Food, Drug, and Cosmetic Act) and the DEA (under the Controlled Substances Act).

**FIFTY-SIXTH DEFENSE**

The City's claims against OptumInsight, Inc. and OptumInsight Life Sciences, Inc. are barred inasmuch as they are based on any allegations involving failure to provide adequate warnings or information because all warnings or information that accompanied the allegedly distributed products were approved by the FDA under the Food, Drug, and Cosmetic Act (21 U.S.C. § 301 *et seq.*), as amended, or Section 351 of the Public Health Service Act (42 U.S.C. § 262), as amended.

**FIFTY-SEVENTH DEFENSE**

Inasmuch as the City's claims against OptumInsight, Inc. and OptumInsight Life Sciences, Inc. assert liability for alleged violations of the Controlled Substances Act, they are barred, in whole or in part, because there is no private right of action available to the City to enforce the federal Controlled Substances Act or applicable New York law.

### FIFTY-EIGHTH DEFENSE

Inasmuch as the City's claims against OptumInsight, Inc. and OptumInsight Life Sciences, Inc. are based upon letters or other informal guidance from the DEA to establish regulatory duties, they are barred because such informal guidance cannot enlarge regulatory duties in the absence of compliance by the DEA with the requirements of the Administrative Procedure Act, 5 U.S.C. § 551 *et seq*.

### FIFTY-NINTH DEFENSE

The City's claims against OptumInsight, Inc. and OptumInsight Life Sciences, Inc. are barred inasmuch as they are based on alleged violations of industry customs because purported industry customs do not create legal duties.

### SIXTIETH DEFENSE

The City's claims against OptumInsight, Inc. and OptumInsight Life Sciences, Inc. are barred, in whole in part, by the RESTATEMENT (SECOND) OF TORTS § 402A, cmts. j and k, and RESTATEMENT (THIRD) OF TORTS: PRODUCTS LIABILITY § 6.

### SIXTY-FIRST DEFENSE

The City's claims of public nuisance against OptumInsight, Inc. and OptumInsight Life Sciences, Inc. are barred or limited because no alleged act or omission by OptumInsight, Inc. or OptumInsight Life Sciences, Inc. involved interference with real property; illegal conduct perpetrated by third parties involving the use of an otherwise legal product does not involve a public right against the distributor sufficient to state a claim for public nuisance; the alleged public nuisance would have impermissible extraterritorial reach; and the alleged conduct of OptumInsight, Inc. and OptumInsight Life Sciences, Inc. is too remote from the alleged injury as a matter of law and due process.

### SIXTY-SECOND DEFENSE

Inasmuch as the City's claims against OptumInsight, Inc. or OptumInsight Life Sciences Inc. are based on alleged duties owed by other parties—such as prescribers, pharmacies, or distributors—the City's claims against OptumInsight, Inc. and OptumInsight Life Sciences, Inc.

187

are preempted  by  New  York  law. For example, New  York-licensed pharmacies are subject to oversight and regulation by the New York Board of Pharmacy, N.Y. CLS Educ. § 6804, the New York State Education Department through its Office of the Professions, N.Y. CLS Educ. § 6808, and the New York Department of Health, N.Y. CLS Pub. Health Article 33. The City cannot usurp authority granted by the state legislature to regulatory agencies.

### SIXTY-THIRD DEFENSE

The City's lawsuit is barred, in whole or part, or limited by arbitration provisions in contracts relating to the City's health plan or plans.  According to the Amended Complaint, the City's claims are based on conduct from as early as the 1990s. In the intervening decades, the City has participated in several healthcare plans. Inasmuch as the City alleges that any services provided under agreements with the City caused its alleged injuries, the City's claims must be brought, if at all, in arbitration.

### SIXTY-FOURTH DEFENSE

The City's claims are barred, in whole or part, or limited by indemnity provisions or limitation-of-liability provisions in contracts relating to the City's health plan or plans. According to the Amended Complaint, the City's claims are based on conduct from as early as the 1990s. In the intervening decades, the City has participated in several healthcare plans. Inasmuch as the City alleges that any services provided under agreements with the City caused its alleged injuries, the City's claims are barred or limited by provisions in those agreements.

### SIXTY-FIFTH DEFENSE

The City's claims are barred, in whole or in part, by any of the defenses set forth in the answers of the other Defendants.

### SIXTY-SIXTH DEFENSE

OptumInsight, Inc. and OptumInsight Life Sciences, Inc. assert all applicable defenses under N.Y. CPLR § 3018, as investigation and discovery proceed.

### SIXTY-SEVENTH DEFENSE

OptumInsight, Inc. and OptumInsight Life Sciences, Inc. reserve the right to add additional defenses as it learns more about the City's liability and damages theories or as the City's liability or damages theories change.

### SIXTY-EIGHTH DEFENSE

Additional facts that support additional defenses may come to light through discovery or further investigation. OptumInsight, Inc. and OptumInsight Life Sciences, Inc. reserve the right to assert new affirmative or other defenses in the future.

### SIXTY-NINTH DEFENSE

OptumInsight, Inc. and OptumInsight Life Sciences, Inc.'s liability, if any, is limited by operation of N.Y. CPLR Art. 16.

### DEMAND FOR JURY TRIAL

OptumInsight, Inc. and OptumInsight Life Sciences, Inc. hereby demand a jury trial as to all issues or claims for which a jury trial is allowed.

### DEMAND FOR RELIEF

OptumInsight, Inc. and OptumInsight Life Sciences, Inc. pray that (a) judgment be entered dismissing each of the City's claims with prejudice, and (b) this Court grant it such other relief as it deems just and appropriate including costs and reasonable attorneys' fees.

Respectfully submitted this 27th day of August, 2025.

　　　　　　　　　　　　　　　　　　　　 */s/ Brian D. Boone*　　　　　　
Brian D. Boone
Emily C. McGowan
**ALSTON & BIRD LLP**
1120 South Tryon Street, Suite 300
Charlotte, NC 28203
T: (704) 444-1000
brian.boone@alston.com
emily.mcgowan@alston.com

Andrew Hatchett
**ALSTON & BIRD LLP**
1201 W. Peachtree St. NW, Suite 4900
Atlanta, GA 30309
T: (404) 881-7000
andrew.hatchett@alston.com

Bradley M. Smyer
**ALSTON & BIRD LLP**
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
T: (214) 922-3459
brad.smyer@alston.com

Ryan P. Ethridge
**ALSTON & BIRD LLP**
555 Fayetteville Street, Suite 600
Raleigh, NC 27601
T: (919) 862-2200
ryan.ethridge@alston.com

*Attorneys for OptumInsight, Inc. and*
*OptumInsight Life Sciences, Inc.*