UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION </br></br>THIS DOCUMENT RELATES TO:</br></br>*All Cases* | ) MDL 2804 </br> ) </br> ) Case No. 1:17-md-2804 </br> ) </br> ) Judge Dan Aaron Polster </br> ) </br> ) **ORDER DENYING OPTUMRX'S** </br> ) **MOTION TO PROHIBIT EX PARTE** </br> ) **COMMUNICATIONS REGARDING** </br> ) **SPECIAL MASTER RULINGS** |

Before the Court is OptumRx's Motion to Prohibit *Ex Parte* Communications Regarding Special Master Rulings. Docket no. 6246. Special Master Cohen filed an affidavit. Docket no. 6250. The PEC filed a Response. Docket no. 6251. OptumRx filed a Reply. Docket no. 6253. For the reasons below, OptumRx's Motion is **DENIED**.

Federal Rule of Civil Procedure 53 provides:

> The [order appointing a special master] must direct the master to proceed with all reasonable diligence and must state . . . the circumstances, if any, in which the master may communicate *ex parte* with the court or a party."

Fed. R. Civ. P. 53(b)(2)(B).

On January 11, 2018, the Court entered its Appointment Order appointing three Special Masters in this MDL, including David R. Cohen. *See* docket no. 69. Relevant to the instant motion, and as required by Rule 53, the Court's Appointment Order provides:

> The Special Masters may communicate *ex parte* with the Court at their discretion, without providing notice to the parties, regarding logistics, the nature of their activities, management of the litigation, and other appropriate procedural matters, and also to assist the Court with legal analysis of the parties' submissions.

*Id.* at 3.

For the past seven-and-a-half years, Special Master Cohen has complied assiduously with the Court's Appointment Order, including specifically the above-quoted provision. Indeed, even the Special Master's misdirected email, which forms the basis for OptumRx's Motion, clearly complies with the *ex parte* provision of the Appointment Order, as it was a communication with the Court "regarding logistics, the nature of [his] activities, management of the litigation, and other appropriate procedural matters."[1] *Id.*

In its Motion, OptumRx points to no changed circumstances, no changes in relevant law, and no new or potential prejudice to it from this nearly decade-old provision.[2] Instead, by selectively quoting from the Advisory Committee notes and commentary in a way that misrepresents the full scope of the issue presented in those authorities, OptumRx attempts to imply that the Court's Appointment Order violates the Federal Rules or the Code of Judicial Conduct. At the same time, OptumRx conspicuously omits any reference to the actual language of Rule 53 quoted above.[3]

Even a cursory review of Rule 53, the 2003 Advisory Committee notes thereto, the Code of Conduct for United States Judges, and the Sixth Circuit precedent upon which OptumRx relies,

---

[1] Notwithstanding OptumRx's assertions otherwise, the Special Master never communicated to the Court any substantive discussion of his ruling. The Special Master's ruling had already been formalized. *See* docket no. 6222. The Special Master then informed the Court that OptumRx had stated it would almost certainly object. The Special Master's subsequent email merely alerted the Court not to expect an objection to that ruling, after all. The simple fact of filing (or not) of briefs and other documents on the Court's docket is a paradigmatic example of a procedural matter.

[2] In a footnote in its Reply, OptumRx suggests that the Court's Appointment Order "does not authorize the Special Masters to *shorten* the deadline." Reply at 7, n.6 (emphasis in original). That is incorrect. The Court later clarified: "Twenty-one days [to object] is the default maximum; not the minimum as [defendant] suggests. The Special Master [has the] discretion to set the deadline for objecting to his ruling at a time that he considered appropriate under the circumstances," including shortening the deadline. Docket no. 3527 at 2–3, n.6. The Special Master has often required a shorter objection period. *See, e.g.,* docket no. 6136 (May 9, 2025 ruling giving OptumRx 7 days to object); docket no. 1154 (November 28, 2018 ruling providing: "Because the parties' communications on this issue indicate they have already formed potential objections, the Special Master rules that parties must file any objection to this Discovery Ruling on or before November 30, 2018.").

[3] In its Reply, OptumRx does finally cite the applicable portion of Rule 53, in a footnote, as the last citation in a string cite.

easily reveals that the Court's Appointment Order fully complies with these authorities. *See* Response at 1–4 (discussing Rule 53 and Canon 3A(4) at length).[4] And it is inappropriate to brush aside the fact that numerous other federal judges have entered Orders containing similar and even more expansive provisions regarding the allowed scope of a Special Master's *ex parte* communications with the Court with a blithe assertion that "[t]hose decisions are entitled to no credit or deference." Reply at 6 n.5.

Accordingly, the Court finds no basis for reconsidering its Appointment Order or entering a standing order contrary to its provisions. OptumRx's Motion is **DENIED**.

    **IT IS SO ORDERED.**

                  /s/ Dan Aaron Polster  August 28, 2025
                  **DAN AARON POLSTER**
                  **UNITED STATES DISTRICT JUDGE**

---

[4] On page 2 of its Response, the PEC provides an incorrect citation for its quotation of Canon 3A(4) of the Code of Conduct for United States Judges. The first sentence of the PEC's block quote comes instead from the ABA Model Code of Judicial Conduct: Canon 2, Rule 2.9, Cmt. 3, while the second sentence accurately paraphrases the Canon 3A(4) commentary from the Judicial Code of Conduct. Regardless, PEC's citation error does not alter the accuracy of their analysis of those authorities.