UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>OptumRx and Express Scripts cases listed in ECF Nos. 5546-1, 5547-1, 5548-1, 5565-1 | MDL No. 2804<br><br>Case No. 1:17-md-2804-DAP<br><br>Judge: Dan Aaron Poster |

**PBMS' MOTION FOR ORAL ARGUMENT AND
LEAVE TO FILE A SUR-REPLY IN RESPONSE TO PLAINTIFFS'
REPLY IN SUPPORT OF THEIR OMNIBUS MOTIONS FOR LEAVE TO AMEND**

Seven years into this MDL—and more than five years after the deadline for amended complaints—more than 800 Moving Plaintiffs seek leave to amend their complaints to add OptumRx, Inc., Express Scripts, Inc., and sixteen other affiliated entities (collectively, the "PBMs"[1]) as defendants. In support of their massive, untimely request, the Moving Plaintiffs filed a 21-page "roadmap" and two nearly identical 17-page "omnibus" motions—one for various Optum entities and another for various Express Scripts entities—that addressed all the Moving Plaintiffs' requests for leave generally. ECF Nos. 5546, 5547, 5548. The PBMs, in contrast, filed a 3,409-page opposition, methodically addressing the various deficiencies in each Moving Plaintiff's request for leave to amend, on an individual case-by-case basis, as the law requires. ECF Nos. 6163, 6172; *see In re Nat'l Prescription Opiate Litig. (In re CVS)*, 956 F.3d 838, 845 (6th Cir. 2020) ("[A] district court's decision whether to grant a motion to amend in an individual

---

[1] As explained in the PBMs' opposition brief, most of the affiliated entities are not pharmacy benefit managers but, for convenience, we refer to them here as "PBMs." ECF No. 6163 at 1.

case depends on the record in that case and not others."). The Moving Plaintiffs' 107-page reply is effectively an attempt to redo their opening briefs.

Implicitly conceding that they failed in their opening briefs to meet their burden to establish good cause for their proposed amendments, the Moving Plaintiffs' reply brief (ECF No. 6257) contains brand new factual assertions—with important concessions along the way—and legal arguments that appear nowhere in their opening briefs. For example, after insisting in their opening briefs that they first learned of their purported claims against the PBMs in January 2023, when the PBMs re-produced certain documents that had been produced in the *Jefferson County* action, the Moving Plaintiffs now admit in their reply that they had access to this information *years earlier* through documents that Purdue Pharma and other parties produced into the MDL repository in 2018 and early 2019. ECF No. 6257 at 10–12. The PBMs should have an opportunity to respond to that important concession and the Moving Plaintiffs' new (incorrect) legal argument that they meet Rule 16's diligence standard despite sitting on the MDL documents for years. The Moving Plaintiffs' reply also raises new legal arguments, such as wrongly seeking to impose on the PBMs a "burden of establishing that the proposed amendments would be futile *in their entirety*." *Id.* at 6 (emphasis in original) (quoting *Donahue v. Travelers Cos.*, 2024 WL 4534250, at *3 (N.D. Ohio Oct. 21, 2024)).

Fundamental fairness requires that the PBMs have an opportunity to address the new assertions and arguments raised for the first time in reply. The omnibus motions—in which 808 Moving Plaintiffs seek to add eighteen separate OptumRx and Express Scripts entities as defendants more than five years after the deadline for amended complaints and nearly three years after the Judicial Panel on Multidistrict Litigation closed this MDL to new actions—are of critical importance. Allowing any plaintiff—let alone 808 plaintiffs—to amend its complaint eight years

into the MDL would severely prejudice the PBMs. The PBMs therefore request an opportunity to be heard in oral argument on these important and complex motions, and, in particular, respond to the new arguments and assertions in the Moving Plaintiffs' reply.

The PBMs also request leave to file the short sur-reply attached as Exhibit A to this motion. Sur-replies are appropriate "[w]hen new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated." *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003). Courts therefore "grant[] leave to file a sur-reply to afford a party an opportunity to address new issues raised for the first time in the reply," as the Moving Plaintiffs did here. *Eldridge v. Cardif Life Ins. Co.*, 266 F.R.D. 173, 175 (N.D. Ohio 2010); *see Elliott Co. v. Liberty Mut. Ins. Co.*, 239 F.R.D. 479, 480 n.1 (N.D. Ohio 2006) (granting leave to file sur-reply that "addresses new issues raised for first time in [the] reply"); *Gard v. Grand River Rubber & Plastics Co.*, 2021 WL 12320784, at *3–4 (N.D. Ohio Nov. 17, 2021) ("good cause to file a sur-reply" exists when party "raise[d] several new arguments in its Reply Brief"); *Ferguson v. Lorillard Tobacco Co., Inc.*, 475 F. Supp. 2d 725, 728 n.4 (N.D. Ohio 2007) (granting leave to file sur-reply where party "brought up new issues in his reply"); *Med. Mutual of Ohio v. Air Evac EMS, Inc.*, 2017 WL 11686603, at *8 (N.D. Ohio Feb. 28, 2017) (granting leave to file sur-reply that addressed both "new arguments" raised in the reply that "did not appear in the original Motion," and "complex[]" issues that were only "arguably" or "nominally" addressed in the "original moving papers" but addressed more fulsomely on reply).

This Court has found good cause to grant leave to file a sur-reply in similar circumstances. For example, the Court granted the PEC's motion for leave to file a sur-reply after the PEC argued it was necessary to "respond to and rebut new evidence Optum presented for the first time with its Reply brief." ECF No. 5320 at 1; *see* Feb. 20, 2024 Text Order. The Court also granted the PBMs

-3-

leave to file a sur-reply when a PEC reply brief "raise[d] several new arguments in support of its motion and attach[ed] several new exhibits," as the Moving Plaintiffs' reply brief does here. ECF No. 5982 at 1; *see* Feb. 27, 2025 Text Order. Indeed, this Court regularly has granted various parties' requests for leave to file sur-replies over the years. *See, e.g.*, July 11, 2025 Text Order (granting Generic Manufacturers' motion for leave to file sur-reply); Apr. 5, 2022 Text Order (granting Plaintiffs' motion for leave to file sur-reply); July 13, 2020 Text Order (granting AmerisourceBergen Drug Corporation's motion for leave to file supplemental sur-reply).

      For all these reasons, the PBMs respectfully request that the Court hear oral argument on the Moving Plaintiffs' omnibus motions for leave to amend and grant the PBMs leave to file the proposed sur-reply attached as Exhibit A.

Respectfully submitted this 5th day of September, 2025.

| | |
|---|---|
| /s/ Jonathan G. Cooper | /s/ Robert J. Giuffra Jr. |
| Michael J. Lyle | Robert J. Giuffra Jr. |
| Jonathan G. Cooper | Sharon L. Nelles |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | Nicole W. Friedlander |
| 1300 I St. NW, Suite 900 | Jeffrey T. Scott |
| Washington, DC 20005 | Matthew J. Porpora |
| Telephone: (202) 538-8000 | SULLIVAN & CROMWELL LLP |
| mikelyle@quinnemanuel.com | 125 Broad Street |
| jonathancooper@quinnemanuel.com | New York, NY 10004 |
| | Telephone: (212) 558-4000 |
| Sage R. Vanden Heuvel | giuffrar@sullcrom.com |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | nelless@sullcrom.com |
| 865 S. Figueroa St., 10th Floor | friedlandern@sullcrom.com |
| Los Angeles, CA 90017 | scottj@sullcrom.com |
| Telephone: (213) 443-3000 | porporam@sullcrom.com |
| sagevandenheuvel@quinnemanuel.com | |
| | Kamil R. Shields |
| Tara MacNeill | SULLIVAN & CROMWELL LLP |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | 1700 New York Avenue N.W. Suite 700 |
| 2601 South Bayshore Dr, Suite 1550 | Washington, DC 20006 |
| Miami, FL 33133 | Telephone: (202) 956-7500 |
| Telephone: (305) 402-4880 | shieldska@sullcrom.com |
| taramacneill@quinnemanuel.com | |
| | /s/ Brian D. Boone |
| *Attorneys for Express Scripts, Inc.; Express Scripts Administrators, LLC; Medco Health Solutions, Inc.; ESI Mail Order Processing, Inc.; ESI Mail Pharmacy Service, Inc.; Express Scripts Pharmacy, Inc.; Evernorth Health, Inc. (formerly Express Scripts Holding Company); and Express Scripts Specialty Distribution Services, Inc.* | Brian D. Boone |
| | Brandon C.E. Springer |
| | Matthew P. Hooker |
| | William W. Metcalf |
| | ALSTON & BIRD LLP |
| | 1120 South Tryon Street, Suite 300 |
| | Charlotte, NC 28203 |
| | Telephone: (704) 444-1000 |
| | brian.boone@alston.com |
| | brandon.springer@alston.com |
| | matthew.hooker@alston.com |
| | will.metcalf@alston.com |

Andrew Hatchett
Grace Assaye
ALSTON & BIRD LLP
1201 W. Peachtree St. NW, Suite 4900
Atlanta, GA 30309
Telephone: (404) 881-7000
andrew.hatchett@alston.com
grace.assaye@alston.com

*Attorneys for UnitedHealth Group Incorporated; Optum, Inc.; OptumInsight, Inc.; OptumInsight Life Sciences, Inc.; OptumRx, Inc.; OptumRx Discount Card Services, LLC; Optum Perks, LLC; OptumHealth Care Solutions, LLC; OptumHealth Holdings, LLC; and Optum Health Networks, Inc.*