UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>OptumRx and Express Scripts cases listed in ECF Nos. 5546-1, 5547-1, 5548-1, 5565-1 | MDL No. 2804<br><br>Case No. 1:17-md-2804-DAP<br><br>Judge: Dan Aaron Poster |

### PBMS' SUR-REPLY IN OPPOSITION TO PLAINTIFFS' OMNIBUS MOTIONS FOR LEAVE TO AMEND

After submitting short, highly generalized "omnibus" motions seeking leave to amend their complaints in hundreds of individual cases to add OptumRx, Inc., Express Scripts, Inc., and sixteen affiliated entities (collectively, the "PBMs"[1]) as defendants, the Moving Plaintiffs attempted to redo their opening briefs through a 107-page reply that makes new factual assertions and legal arguments that appear nowhere in their opening briefs.[2]  The PBMs respectfully submit this short sur-reply to address three particularly critical issues that the Moving Plaintiffs newly raised in their reply.

---

[1] As explained in the PBMs' opposition brief, most of the affiliated entities are not pharmacy benefit managers but, for convenience, we refer to them in this brief as "PBMs."  ECF No. 6163 at 1.

[2] Following the PBMs' supplemental opposition, 67 more plaintiffs withdrew from the motion, for a total of 1,025 withdrawn plaintiffs.  As of this filing, 808 plaintiffs still seek leave to amend (790 to add all PBMs; 1 to add OptumRx Defendants; and 17 to add Express Scripts Defendants).  ECF No. 6257 at 1 n.1; *see* ECF No. 6258-1 (revised list of plaintiffs moving to add OptumRx Defendants); ECF No. 6258-2 (same for Express Scripts Defendants).

## ARGUMENT

I.  **THE MOVING PLAINTIFFS' ADMISSION IN THEIR REPLY THAT THEY HAD ACCESS TO RELEVANT DOCUMENTS YEARS EARLIER THAN THEY PREVIOUSLY CLAIMED DEMONSTRATES THEIR LACK OF DILIGENCE.**

In their opposition, the PBMs showed that the Moving Plaintiffs had access to documents putting them on notice of their claims for many years before seeking leave to amend. Faced with that reality, the Moving Plaintiffs now concede that fact but try to explain it away by claiming they were diligent under a non-existent legal standard.

The PBMs explained in their opposition that all the *Jefferson County* documents the Moving Plaintiffs cited as purportedly new documents contain the same information as—and in some instances are exact duplicates of—documents that either were publicly available or that Purdue Pharma and other parties produced into the MDL repository in 2018 and early 2019. *See* ECF No. 6163 at 31–39. The Moving Plaintiffs now concede in their reply that they had access to this information. ECF No. 6257 at 11–12 (arguing that the *Jefferson County* productions "revealed that *previously produced documents contained important evidentiary support for Plaintiffs' now-asserted allegations*" (emphasis altered)). Yet the Moving Plaintiffs sat on these documents *for years* and did nothing to assert their purported claims against the PBMs.

The Moving Plaintiffs try to diminish their concession by pivoting to a new argument—now asserting that, even though they had access to documents putting them on notice of their purported claims for many years, they nevertheless acted diligently because they had no obligation to "analyze[] all of that material with an eye toward the PBMs' liability." *Id.* at 10; *see also id.* at 13 (arguing the Moving Plaintiffs "had no reason to be aware of" public news articles putting them on notice of their claims). That is wrong. A "party does not meet the good cause standard under Rule 16(b) if the relevant information on which it based the amended claim was available to it earlier in the litigation." *Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc.*, 2010 WL 4193076,

at *6 (D. Minn. Oct. 7, 2010); *see Bank of Am., N.A. v. Corporex Realty & Inv. Corp.*, 661 F. App'x 305, 317 (6th Cir. 2016) (affirming denial of leave to amend when party "fail[ed] to explain why it neglected to assert these new claims after it received the bulk of relevant discovery"); *Restoration Builders, Inc. v. Vining*, 2024 WL 5233148, at *3 (D. Minn. Dec. 27, 2024) ("Waiting months to begin reviewing discovery—including discovery potentially related to identified-but-yet-unnamed individuals who could be defendants—does not demonstrate diligence."); *AT&T Corp. v. Atos IT Sols. & Servs., Inc.*, 714 F. Supp. 3d 310, 327 (S.D.N.Y. 2024) (denying leave to amend when moving party "did not act with diligence in reviewing the records that it had; had it done so, it would have conducted and completed its investigation far sooner").

## II. THE COURT SHOULD DISREGARD THE NEW FACTUAL ASSERTIONS THAT THE MOVING PLAINTIFFS MAKE FOR THE FIRST TIME IN THEIR REPLY.

Trying to establish their purported diligence, the Moving Plaintiffs also use their reply to raise new facts on behalf of hundreds of plaintiffs that do not appear in any pleading or their opening briefs. The Moving Plaintiffs' new factual assertions are forfeited. *See Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010) ("We have consistently held, however, that arguments made to us for the first time in a reply brief are waived."). That the Moving Plaintiffs raised those new factual assertions for the first time in their reply highlights the problems with their haphazard approach to amendment and only further underscores that the Moving Plaintiffs should have set forth their proposed amendments in detail in their opening papers, including specific, individualized factual allegations of timeliness and diligence and actual proposed amended complaints. *See, e.g., Glick v. Farm Credit Servs. of Mid-Am., FLCA*, 2010 WL 3118673, at *1 (N.D. Ohio Aug. 6, 2010) (denying motion to amend that "fail[ed] to supply either a proposed amended complaint or a description of the proposed amendments, leaving the [c]ourt without the requisite knowledge of the substance of the proposed amendment"). Instead, the Moving Plaintiffs

are moving the goal posts, forcing the PBMs to "engage in a guessing game as to what the plaintiff might plead," *Islamic Ctr. of Nashville v. Tennessee*, 872 F.3d 377, 387 n.7 (6th Cir. 2017), and propounding shifting factual narratives in response to the PBMs' arguments.

Even if the Moving Plaintiffs' new factual assertions were not forfeited, their highly generalized assertions cannot support conclusions about the mental state and reasoning of 808 separate plaintiffs—a necessarily individualized inquiry. *Cf. Schmidt Loduca v. WellPet LLC*, 2022 WL 2304308, at *4 (E.D. Pa. June 27, 2022) (observing "innumerable individualized inquiries that would have to be conducted into each purchaser's mental state" to determine plaintiffs' reliance on the defendant's statements); *Shelby v. Boxer Prop. Mgmt. Corp.*, 2019 WL 2436928, at *4 (S.D. Tex. Jan. 18, 2019) (question of plaintiffs' knowledge "is an issue that requires an individualized factual assessment as to the mental state of each Plaintiff"). Because these are necessarily individualized inquiries, the Moving Plaintiffs' repeated references to the *Rochester* complaint "as the template for the proposed amendments" cannot establish diligence on the part of each Moving Plaintiff. ECF No. 6257 at 6; *cf. Harris v. Davidson Cty. Sheriff*, 2019 WL 7573883, at *4 (6th Cir. Dec. 11, 2019) (affirming denial of leave to amend when plaintiff did not "clearly present the nature of his proposed amendments or supplements" because he "failed to attach a copy of his proposed amended or supplemented complaint to his motions" and "instead referenced multiple prior filings").

For example, the Moving Plaintiffs claim for the first time in their reply that publicly-filed complaints against the PBMs as early as January 2018 and public media reports from as early as October 2016 did not "*necessarily* persuade[] [the Moving] Plaintiffs of the merits of potential claims against the PBMs . . . given the relative paucity of those claims." ECF No. 6257 at 15 (emphasis added). According to the Moving Plaintiffs, they did not need to "seek leave to amend"

-4-

until "after learning of specific facts regarding the PBMs' conduct through discovery." *Id.* The reply makes those kinds of generalized assertions about the mental state and reasoning of more than 800 Moving Plaintiffs without providing any detail about how, when, or why any individual plaintiff came to that purported decision.

Likewise, the Moving Plaintiffs now admit that at least 366[3] Moving Plaintiffs "either knew or could have discovered that other plaintiffs had sued the PBMs" because they are represented by counsel who previously sued the PBMs on behalf of other clients as early as 2019. *Id.* at 19. There is, of course, nothing to the Moving Plaintiffs' assertion that they "could have discovered" what their counsel knew because their counsel's knowledge is imputed to them in full. *Merck v. Walmart, Inc.*, 2022 WL 2071078, at *5 (S.D. Ohio June 9, 2022) ("According to Plaintiff and his counsel, the facts underlying his current claim came to light during his counsel's deposition of a Walmart witness on March 15, 2019. The knowledge of this information is imputed to Plaintiff as of that date."); *Veal v. Geraci*, 23 F.3d 722, 725 (2d Cir. 1994) ("Veal's attorney plainly had knowledge of the conduct giving rise to Veal's present claim, and under traditional principles of agency the attorney's knowledge must be imputed to Veal."). Tacitly conceding as much, the Moving Plaintiffs pivot once again, arguing for the first time that those 366 Moving Plaintiffs could have made the calculated "cho[ice] not to assert" what they now characterize as "a weak or tenuous claim that may not survive a motion to dismiss." *Id.* at 18–19.

To provide another example, the Moving Plaintiffs in their reply belatedly address an *entire category of claims* that were not even mentioned in their opening papers: claims against the PBMs' home-delivery pharmacy operations and mail order pharmacies. The Moving Plaintiffs assert, for the first time in the reply, that all 808 Moving Plaintiffs chose not to bring dispensing claims

---

[3] The Moving Plaintiffs incorrectly state this number is 355. *See* ECF No. 6257 at 18 n.8.

against the PBMs until now because "the PBMs' mail-order dispensing market share is relatively small and [the Moving] Plaintiffs were not aware of the PBMs' role in dispensing at their in-network pharmacies." *Id.* at 25.  The Moving Plaintiffs do not even bother to explain what they mean when they declare that the PBMs had a "role in dispensing at their in-network pharmacies"—a new claim that appears nowhere in the Moving Plaintiffs' opening briefs.

Rather than set forth specific, individualized facts for each plaintiff's proposed amendment, the Moving Plaintiffs ask this Court to write them 808 blank checks to make unspecified amendments in the future based on highly generalized assertions in their reply.  That approach runs afoul of the Sixth Circuit's express instruction that "a district court's decision whether to grant a motion to amend in an individual case depends on the record in that case and not others" and should be rejected.  *In re Nat'l Prescription Opiate Litig. (In re CVS)*, 956 F.3d 838, 845 (6th Cir. 2020).

### III. THE MOVING PLAINTIFFS' NEW ARGUMENT THAT THE COURT SHOULD PERMIT ALL OF THEIR PROPOSED AMENDMENTS IF THEY STATE "ONE VALID CLAIM" IS WRONG.

In addition to making new factual assertions, the Moving Plaintiffs also raise new legal arguments not mentioned in their opening papers.  For example, the Moving Plaintiffs argue for the first time in their reply that to successfully oppose the omnibus motions on futility grounds, the PBMs have a "burden of establishing that the proposed amendments would be futile *in their entirety*."  ECF No. 6257 at 6 (emphasis in original) (quoting *Donahue v. Travelers Cos.*, 2024 WL 4534250, at *3 (N.D. Ohio Oct. 21, 2024)).  The Moving Plaintiffs contend that as long as they can "state at least one claim for relief," this Court should grant leave to all 808 Moving Plaintiffs to bring as many futile claims as they wish.  *Id.* at 52–53.

That is not the law.  Courts routinely "evaluate the futility of each claim individually," denying plaintiffs leave to add futile claims while permitting plausible claims to move forward.

*Est. of Koren v. Neil*, 2024 WL 4161982, at *5, *10 (S.D. Ohio Sept. 12, 2024); *see, e.g.*, *Leligdon v. McDonald*, 2015 WL 3622408, at *5 (N.D. Ohio June 9, 2015) (denying plaintiff's motion for leave in part insofar she sought leave to add futile claims); *Gill v. Byers Chevrolet LLC*, 2007 WL 9734645, at *6 (S.D. Ohio Mar. 6, 2007) ("Plaintiff is permitted to amend his complaint to add Byers Holding as a defendant and to add federal and state odometer claims. However, Plaintiff may not amend his complaint to add a TILA claim because such amendment would be futile."). This Court likewise should evaluate each of the Moving Plaintiffs' newly asserted claims and reject the many futile ones. *See* ECF No. 6163 at 71–88 (detailing numerous case-specific reasons that render amendment futile in many cases); *see also* ECF No. 6172 (same).

## CONCLUSION

For all these reasons, and those set forth in the PBMs' opposition brief, the Court should deny the Moving Plaintiffs' omnibus motions for leave to amend.

Respectfully submitted this 5th day of September, 2025.

| | |
|---|---|
| */s/ Jonathan G. Cooper* | */s/ Robert J. Giuffra Jr.* |
| Michael J. Lyle | Robert J. Giuffra Jr. |
| Jonathan G. Cooper | Sharon L. Nelles |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | Nicole W. Friedlander |
| | Jeffrey T. Scott |
| 1300 I St. NW, Suite 900 | Matthew J. Porpora |
| Washington, DC 20005 | SULLIVAN & CROMWELL LLP |
| Telephone: (202) 538-8000 | 125 Broad Street |
| mikelyle@quinnemanuel.com | New York, NY 10004 |
| jonathancooper@quinnemanuel.com | Telephone: (212) 558-4000 |
| | giuffrar@sullcrom.com |
| Sage R. Vanden Heuvel | nelless@sullcrom.com |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | friedlandern@sullcrom.com |
| | scottj@sullcrom.com |
| 865 S. Figueroa St., 10th Floor | porporam@sullcrom.com |
| Los Angeles, CA 90017 | |
| Telephone: (213) 443-3000 | |
| sagevandenheuvel@quinnemanuel.com | |

<div style="display: flex;">
<div>

Tara MacNeill
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
2601 South Bayshore Dr, Suite 1550
Miami, FL 33133
Telephone: (305) 402-4880
taramacneill@quinnemanuel.com

*Attorneys for Express Scripts, Inc.; Express Scripts Administrators, LLC; Medco Health Solutions, Inc.; ESI Mail Order Processing, Inc.; ESI Mail Pharmacy Service, Inc.; Express Scripts Pharmacy, Inc.; Evernorth Health, Inc. (formerly Express Scripts Holding Company); and Express Scripts Specialty Distribution Services, Inc.*

</div>
<div>

Kamil R. Shields
SULLIVAN & CROMWELL LLP
1700 New York Avenue N.W.
Suite 700
Washington, DC 20006
Telephone: (202) 956-7500
shieldska@sullcrom.com

*/s/ Brian D. Boone*
Brian D. Boone
Brandon C.E. Springer
Matthew P. Hooker
William W. Metcalf
ALSTON & BIRD LLP
1120 South Tryon Street, Suite 300
Charlotte, NC 28203
Telephone: (704) 444-1000
brian.boone@alston.com
brandon.springer@alston.com
matthew.hooker@alston.com
will.metcalf@alston.com

Andrew Hatchett
Grace Assaye
ALSTON & BIRD LLP
1201 W. Peachtree St. NW, Suite 4900
Atlanta, GA 30309
Telephone: (404) 881-7000
andrew.hatchett@alston.com
grace.assaye@alston.com

*Attorneys for UnitedHealth Group Incorporated; Optum, Inc.; OptumInsight, Inc.; OptumInsight Life Sciences, Inc.; OptumRx, Inc.; OptumRx Discount Card Services, LLC; Optum Perks, LLC; OptumHealth Care Solutions, LLC; OptumHealth Holdings, LLC; and Optum Health Networks, Inc.*

</div>
</div>