# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>**THIS DOCUMENT RELATES TO**:<br><br>*Jefferson County Alabama et al v. Purdue Pharma L.P. et al*, Case No. 1:18-op-45558-DAP<br><br>*Santa Rosa Rancheria Tachi Yokut Tribe v. Cephalon, Inc. et al.*, 1:20-op-45163-DAP | MDL No. 2804<br><br>Case No. 17-MD-2804<br><br>Judge Dan Aaron Polster<br><br>**CASE MANAGEMENT ORDER FOR JOHN KAPOOR BELLWETHER TRACKS** |

On May 7, 2025, the Court set forth the process by which Defendant Dr. John Kapoor ("Kapoor") and Plaintiffs would select two bellwether cases involving Kapoor. See *Minute Order* dated May 7, 2025. Pursuant to the Order, on May 19, 2025, Plaintiffs and Kapoor filed their *Notices of Selection*. See Docs. 6154 and 6155. On May 22, 2025, Plaintiffs and Kapoor filed their *Notices to Strike*. See Docs. 6159 and 6160. The bellwether cases were thereby identified as Jefferson County Alabama et al v. Purdue Pharma L.P. et al, Case No. 1:18-op-45558-DAP and Santa Rosa Rancheria Tachi Yokut Tribe v. Cephalon, Inc. et al., 1:20-op-45163-DAP. ("Bellwether Cases")

Pursuant to the Order, by June 4, 2025, the Parties were to file an agreed case management order setting forth an appropriate litigating schedule. The Court subsequently granted two extensions, on June 6, 2025, and August 4, 2025, while the parties discussed settlement. As part of the Court's August 4, 2025 Order granting a further extension, the Court ordered the Parties to file an agreed case management order setting forth the litigating schedule by September 3, 2025.

Having met and conferred in compliance with the Court's Order, the parties hereby submit this joint proposed case management order.

**A. Other Pending State Court Cases or Federal Cases Outside of the MDL**

1. This case is significantly different that the previous cases that were subject to a bellwether case management order. Dr. Kapoor asserts insufficient assets, and the Plaintiffs would not like to waste resources, assuming Kapoor would simply declare bankruptcy following a judgement as there also appears to be a number of other actions pending against Defendant.

2. To streamline discovery and reduce costs, Dr. Kapoor shall produce to the Court and Plaintiff's counsel the identity of all pending cases against him by case name, court, file number and counsel for the plaintiffs. Dr. Kapoor has a continuing obligation to comply with DR-22. Defendant is ordered to contact Plaintiffs' counsel to cooperate in the taking of additional liability discovery following their review of the DR-22 productions already made.

**B. Responding to the Complaint**

1. Defendant may file any motion to dismiss within 60 days. Plaintiffs shall file their responses in opposition 60 days after the motions to dismiss are filed. Defendant shall file replies 30 days after responses are filed.

**C. Answers to Amended Complaints**

1. Defendant shall respond to the operative complaint within 30 days of the Court's ruling on a motion to dismiss or, if no such motion is filed, within 90 days of this Order.

**D. Liability And Case Specific Discovery**

1. Initial document discovery shall be stayed while motions for leave to amend and motions to dismiss are pending and while the Parties and Court work to address the issues set forth in Section A.

2. The Parties shall meet and confer on or before the date of the opening of case specific and liability discovery.

3. Plaintiffs may collectively serve up to 45 requests for production and up to 45 interrogatories on Defendant. Defendant may serve up to 35 requests for production and up to 35 interrogatories per Bellwether Case. The Parties may seek to propound additional requests for production and interrogatories after the Court rules on Plaintiffs' motion for leave to amend their complaints.

4. The Parties shall identify their proposed document custodians, including titles and timeframes of employment in their relevant positions, and shall exchange proposed search terms by October 15, 2025. Disputes regarding search terms and custodians shall be submitted to Special Master Cohen as soon as reasonably possible and no later than November 15, 2025.

5. Custodial document production must commence and continue on a rolling basis. The parties shall meet and confer regarding the priority of production of custodian files.

6. The close of fact discovery will be determined following a meet and confer.[1]

**E. Depositions**

1. Plaintiffs may take no more than three depositions of Defendant. The Court will consider motions for leave to take additional depositions for good cause.

2. Defendant may take no more than two depositions of each Bellwether Case. The Court will consider motions for leave to take additional depositions for good cause.

3. In addition to the fact witnesses above, Plaintiffs may conduct three hours of 30(b)(6) witness depositions of Defendant. Defendant may conduct three hours of 30(b)(6)

---

[1] Notwithstanding the close of fact discovery, if a party lists a witness for trial who has not been deposed in the MDL prior to trial, any opposing party may seek leave to depose the witness prior to the witness's trial testimony.

   witness depositions of each Bellwether Case.

4. The Court's instructions on deposition length, questioning, third party depositions, and the deposition protocol contained in Section G.4., G.5., G.6., and G.7. of the Court's December 28, 2023, Order shall apply equally to Plaintiffs.

**F. Expert Discovery**

1. Expert Discovery shall begin 90 days after the close of fact and liability discovery.

2. Plaintiffs shall serve expert reports on all issues except abatement and other remedies and, for each expert, provide two proposed deposition dates.

3. Defendant shall simultaneously serve expert reports on all issues except abatement and other remedies and, for each expert, provide two proposed deposition dates

4. Expert reports rebutting responsive reports shall be served 21 days after the deposition of the responsive expert.  Any materials relied on by the rebutting expert shall be produced within 7 days of serving the rebuttal reports.  The Parties shall meet and confer and come to agreement on whether rebuttal expert depositions will be required and if so when they will occur.

**G. *Daubert* and Dispositive Motions**

1. Motions shall be filed 60 days after the completion of Expert Deposition.

2. The Parties shall meet and confer on page limits for Daubert and dispositive motions, and mechanisms to avoid unnecessarily lengthy or duplicative briefing. If the parties do not reach full agreement, they will submit their positions to the Court by this deadline.

3. Deadline for Daubert and dispositive motions.

   - 60 Days -- Deadline for responses to Daubert and dispositive motions.

- 30 Days– Deadline for replies in support of Daubert and dispositive motions

H. **Motions *in limine*.** This Court does not intend to rule on motions *in limine* prior to remand. However, this Court will provide prior evidentiary rulings to the transferee court for that court's adoption or rejection as it deems appropriate. This Court may make certain evidentiary rulings while addressing other pretrial motions that could control or impact subsequent motions *in limine*.

I. **Remand.** The Court shall remand the bellwether cases with issuance of any orders on Daubert and Dispositive motions if necessary.

J. **Mediation.** Plaintiffs are willing to engage in mediation through this Court, the Special Masters or Resolutions Inc.

**IT IS SO ORDERED.**

　*s/Dan Aaron Polster*　　9/15/2025
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**