UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| THIS DOCUMENT RELATES TO: "*Track 12*" | ) ) ) ) ) | SPECIAL MASTER COHEN |
| | ) | **DISCOVERY RULING REGARDING AGENDA ITEMS 423 and 424: DEFENDANT EXPRESS SCRIPT'S PRODUCTION OF OPIOID INVESTIGATIONS, CLIENT CONTRACTS, AND CERTAIN RECORDS REGARDING OPIOID PROGRAMS** |

Pursuant to agreement by the parties, **IT IS ORDERED** that Express Scripts shall promptly produce to Plaintiff the following documents and information:

**(1) Opioid Investigations:** ESI shall conduct a reasonable search of its non-custodial files and the files of agreed custodians and produce and identify by bates number all opioid investigations related to prescribers, dispensers, and claimants in the bellwether jurisdiction.

**(2) Client Contracts:** For each client in the 25-client sample, ESI shall conduct a reasonable search of its non-custodial files and the files of agreed custodians and produce and identify by bates number in chronological order the contracts between ESI and each client and any addenda thereto as well as checklists, or other forms documenting the opioid-related clinical programs, services, or tools ESI agreed to employ for that client.

**(3) Opioid Program Presentations and Proposals:** ESI shall, to the extent such documents exist and are reasonably accessible, specifically identify by client and bates number the presentations and proposals ESI made to the following clients regarding opioid programs, including utilization management services, opioid products, or other such tools: Excellus, MVP, Coventry, United Healthcare, NY State Insurance Fund, Rochester Institute of Technology, and NY Special Fund, and shall promptly complete production of these documents.

**(4) Opioid Program Spreadsheets / Reports:** ESI shall search its non-custodial files and the files of agreed custodians and shall produce and identify any existing ESI book of business reports, spreadsheets, lists, or data in its custody, possession, or control that are reasonably accessible evidencing which ESI clients and associated covered lives were enrolled in which opioid programs during the relevant time period. ESI is not required to create new compilations or analyses but will identify and produce responsive documents, data, and information that already exist.

A "reasonable search" or a search for "reasonably accessible" documents shall include a search of ESI's noncustodial files, including centralized files, shared files, department files, electronic archives of such files, and such files in hard copy storage. For all discovery, the search shall also include a search of the files for all agreed or ordered custodians using both agreed search terms as well as supplemental terms where the agreed terms are known not to identify documents that ESI has been ordered to produce. With respect to Order No. 3, above, ESI's search shall <u>not</u> be limited to agreed custodians, but as previously ordered, "[i]t should be the case that ESI looks for all persons who worked on a given account who are client facing that communication with that client. Wherever they are, custodial files, file cabinets, banker's boxes, that's what needs to be produced."

ESI shall not omit a document from production because it fails to specifically mention opioids or fails to mention a specific opioid.  If a document identified in ESI's reasonable search is responsive to Plaintiffs' requests, and ESI is not asserting privilege over the document, the document must be produced.  For example, if a document evidences a protocol, proposal, or way of doing business that applies to all drugs, and therefore inherently includes opioids, the document must be produced.

The terms "opioid programs" and "opioid-related clinical programs, services, or tools" shall include all programs, services, or tools ESI has identified in its discovery responses as being designed, utilized, or offered to identify, prevent, or mitigate opioid oversupply, addiction, misuse, or abuse, including, but not limited to, the following:

   a. Prior Authorization
   b. Quantity limits
   c. MED dose limits
   d. Drug Quantity Management
   e. Step Therapy
   f. Concurrent Drug Utilization Review
   g. Retrospective Drug Utilization Review
   h. OxyContin RDUR Program
   i. RationalMed
   j. Fraud Waste & Abuse
   k. Enhanced Fraud Waste & Abuse
   l. the Addictive Substances Program
   m. Advanced Opioid Management
   n. the OxyContin Program
   o. Advanced Utilization Management
   p. Pharmacy SIU Proactive Analytics
   q. Medicare Part D Opioid Overutilization Program
   r. MEDIC Case Referral - Fraud, Waste, & Abuse Services
   s. Medicaid SIU Analytics & Investigations
   t. Medicare FWA Purchase Verification Policy
   u. Medicare Part D Fraud, Waste, and Abuse Investigations
   v. Medicare Part D Opioid Overutilization RDUR
   w. Medicare Part D Prescription Fraud, Waste & Abuse Program
   x. Medicare Part D Prevention, Detection and Reporting of Enrollment FWA
   y. Medicare Part D SIU Analytics - Preliminary Investigation

    z.    The High Utilization Management Program

**/s/ David R. Cohen**
**David R. Cohen**
**Special Master**

**Dated:** September 19, 2025