IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: NATIONAL PRESCRIPTION
OPIATE LITIGATION

This document relates to:

District Attorney of Clearfield County v.
Purdue Pharma, et al.
Case No. 1:2021-op-45022-DAP
Case No: PAE  2:2020-cv-05171

MDL No. 2804

Case No: 1:17-md-2804

Hon. Dan Aaron Polster

**CASE MANAGEMENT ORDER NO. 1
FOR DISTRICT ATTORNEY OF
CLEARFIELD COUNTY v.
VALUE DRUG COMPANY
BELLWETHER TRACK**

On May 28, 2025, the Court set forth the process by which Defendant Value Drug Company ("Value Drug") and the remaining Plaintiffs at that time would select bellwether cases involving Value Drug. See *Minute Order* dated May 28, 2025.  Pursuant to the Order, and after an extension provided by the Court, on September 3, 2025, Plaintiffs and Value Drug filed their *Notices of Selection*.  Thereafter, Value Drug settled all of its cases against all Plaintiffs except for the District Attorney of Clearfield County ("DA of Clearfield County").  Accordingly, the lone bellwether case  involving Value Drug is now  *District Attorney of Clearfield County v. Purdue Pharma, et al.*, Case No. 1:2021-op-45022-DAP. (the "Bellwether Case").

Pursuant to the Order, by September 17, 2025, the Parties were to file an agreed case management order setting forth an appropriate litigating schedule. The Court subsequently granted  an extension while the parties discussed on-going settlement possibilities.  By way of the extension, the Court ordered the Parties to file an agreed case management order setting forth the litigating schedule by September 24, 2025.

Having met and conferred in compliance with the Court's Order, the parties hereby submit this joint proposed Case Management Order.

**A.  Responding to the Complaint**

1.    Value Drug may file any motion to dismiss within 60 days of this Order. DA of Clearfield County shall file its response in opposition 60 days after the motions to dismiss are filed.  Value Drug shall file replies 30 days after responses are filed.

**B.  Answers to Amended Complaints**

1.    Value Drug shall respond to the operative complaint within 30 days of the Court's ruling on a motion to dismiss or, if no such motion is filed, within 60 days of this Order.

**C.  Liability And Case Specific Discovery**

1.    Initial document discovery shall be stayed while motions for leave to amend and motions to dismiss are pending. Discovery shall begin upon the filing of an Answer.

2.    The Parties shall meet and confer on or before the date of the opening of case specific and liability discovery.

3.    DA of Clearfield County may collectively serve up to 45 requests for production and up to 45 interrogatories on Value Drug.  Value Drug may serve up to 45 requests for production and up to 45 interrogatories DA of Clearfield County.  The Parties may seek to propound additional requests for production and interrogatories by agreement or with leave of Court.

4.    The Parties shall identify their proposed document custodians, including titles and timeframes of employment in their relevant positions, and shall exchange proposed search terms by December 15, 2025.  Disputes regarding search terms and custodians shall be submitted to Special Master Cohen as soon as reasonably possible and no later than January 15, 2026.

5.      Custodial document production must commence and continue on a rolling basis. The parties shall meet and confer regarding the priority of production of custodian files.

6.      The parties shall meet and confer to agree upon a protocol for the production of Electronically Stored Information ("ESI"), including ESI search terms, format, and production procedures.  If no agreement can be reached, the parties will seek a conference with the Court or Special Master before filing any Motion.

7.      The close of fact discovery will be determined following a meet and confer.[1]

**E.  Depositions**

1.      Depositions shall comply with Federal Rules of Civil Procedure

2.      The Court's instructions on deposition length, questioning, third party depositions, and the deposition protocol contained in Section G.4., G.5., G.6., and G.7. of the Court's December 28, 2023, Order shall apply to the Parties.

3.      The Parties shall meet and confer to determine any other appropriate limitations on the number and length of depositions.

**F.  Expert Discovery**

1.      Expert Discovery shall begin 90 days after the close of fact and liability discovery.

2.      The Parties shall simultaneously serve expert reports on all issues except abatement and other remedies and, for each expert, provide two proposed deposition dates.

3.      Expert reports rebutting responsive reports shall be served 21 days after the deposition of the responsive expert.  Any materials relied on by the rebutting expert shall be produced within 7 days of serving the rebuttal reports.  The Parties shall meet and confer and

---

[1] Notwithstanding the close of fact discovery, if a party lists a witness for trial who has not been deposed in the MDL prior to trial, any opposing party may seek leave to depose the witness prior to the witness's trial testimony.

come to agreement on whether rebuttal expert depositions will be required and if so when they will occur.

**G.** ***Daubert*** **and Dispositive Motions**

    1.     Motions shall be filed 60 days after the completion of Expert Deposition.

    2.     The Parties shall meet and confer on page limits for Daubert and dispositive motions, and mechanisms to avoid unnecessarily lengthy or duplicative briefing. If the parties do not reach full agreement, they will submit their positions to the Court by this deadline.

    3.     Deadline for Daubert and dispositive motions.

- 60 Days -- Deadline for responses to Daubert and dispositive motions.

- 30 Days– Deadline for replies in support of Daubert and dispositive Motions.

**H**. **Motions** ***in limine.***  This Court does not intend to rule on motions *in limine* prior to remand. However, this Court will provide prior evidentiary rulings to the transferee court for that court's adoption or rejection as it deems appropriate. This Court may make certain evidentiary rulings while addressing other pretrial motions that could control or impact subsequent motions *in limine*.

**I.**  **Remand.** The Court shall remand the bellwether case with issuance of any orders on Daubert and Dispositive motions if necessary.

**J.**  **Mediation.**  The Parties are willing to continue to engage in or revisit mediation through Michael Borden, this Court, or the Special Masters.

**IT IS SO ORDERED.**

Date: September 24, 2025

          *s/Dan Aaron Polster*
          **DAN AARON POLSTER**
          **UNITED STATES DISTRICT JUDGE**