# APPENDIX B

## SANDOZ SETTLEMENT AGREEMENT

This Sandoz Settlement Agreement dated as of August 31, 2023 ("*Agreement*") sets forth the terms of settlement between and among Participating Subdivisions and Participating Tribes, and Sandoz (in each case as defined below), to take effect as of the Effective Date (as defined below).

### Table of Contents

| | | |
|---|---|---|
| I. | Definitions | 2 |
| II. | Release | 8 |
| III. | Monetary Relief and Payments | 12 |
| IV. | Allocation and Use of Settlement Funds | 12 |
| V. | Participation by Subdivisions and Tribes | 15 |
| VI. | Defendants to be Released Upon Meeting Threshold Requirements | 16 |
| VII. | Plaintiffs' Attorneys' Fees and Costs | 17 |
| VIII. | Dispute Resolution | 17 |
| IX. | Miscellaneous | 17 |

Whereas, Participating Subdivisions and Participating Tribes by and through the Participating Subdivision Designees and Participating Tribe Designees (as defined below), and Sandoz, share a common desire to resolve disputes between Participating Subdivisions and Participating Tribes, and Sandoz, relating to opioid medications according to the terms set out in this Agreement;

Whereas, the Parties agree and understand that upon satisfaction of the conditions set forth herein, this Agreement will be binding on the Participating Subdivisions and Participating Tribes;

Whereas, the Parties to this Agreement now desire to avoid further expense and proceedings and to settle their disputes under the terms and conditions of this Agreement as set forth below;

NOW, THEREFORE, IT IS HEREBY AGREED by and between the Parties as follows:

## I.  Definitions

Unless otherwise specified, the following definitions apply:

1.  "*Agreement*" means this Agreement between Participating Subdivisions and Participating Tribes and Sandoz, inclusive of all exhibits.

2.  "*Alleged Harms*" means the alleged past, present, and future financial, societal, and related harms and expenditures arising out of the alleged misuse and abuse of opioid products, including those expenditures that have allegedly arisen as a result of the physical and bodily injuries sustained by individuals suffering from opioid-related addiction, abuse, death, and other related diseases and disorders, and that have allegedly been caused by Sandoz.

3.  "*Claim*" means any past, present or future cause of action, claim for relief, cross-claim or counterclaim, theory of liability, demand, derivative claim, request, assessment, charge, covenant, damage, debt, lien, loss, penalty, judgment, right, obligation, dispute, suit, contract, controversy, agreement, parens patriae claim (but only with respect to each Participating Subdivision or Participating Tribe), promise, performance, warranty, omission, or grievance of any nature whatsoever, whether legal, equitable, statutory, regulatory or administrative, whether arising under federal, state or local common law, statute, regulation, guidance, ordinance or principles of equity, whether filed or unfiled, whether asserted or unasserted, whether known or unknown, whether accrued or unaccrued, whether foreseen, unforeseen or unforeseeable, whether discovered or undiscovered, whether suspected or unsuspected, whether fixed or contingent, and whether existing or hereafter arising, in all such cases, including but not limited to any request for declaratory, injunctive, or equitable relief, compensatory, punitive, or statutory damages, absolute liability, strict liability, restitution, abatement, subrogation, contribution, indemnity, apportionment,

- 2 -

disgorgement, reimbursement, attorney fees, expert fees, consultant fees, fines, penalties, expenses, costs or any other legal, equitable, civil, administrative, or regulatory remedy whatsoever. Claim does not include any individuals' personal injury or wrongful death cause of action.

4. *"Claim-Over"* means a Claim asserted by a Non-Released Entity against a Released Entity on the basis of contribution, indemnity, or other claim-over on any theory relating to a Non-Party Covered Conduct Claim asserted by a Releasor.

5. *"Covered Conduct"* means any actual or alleged act, failure to act, negligence, statement, error, omission, breach of any duty, conduct, event, transaction, agreement, misstatement, misleading statement or other activity of any kind whatsoever from the beginning of time through the Effective Date (and any past, present, or future consequence of any such act, failure to act, negligence, statement, error, omission, breach of duty, conduct, event, transaction, agreement, misstatement, misleading statement or other activity) relating in any way to any Product, including without limitation (a) the distribution, dispensing, delivery, monitoring, reporting, supply, sale, prescribing, physical security, warehousing, coverage, purchases, reimbursement, discovery, development, manufacture, packaging, repackaging, marketing, promotion, advertising, labeling, recall, withdrawal, or use or abuse of any Product; orders, prescriptions, formularies, guidelines, payments or rebates for any Product; policies, practices and/or operating procedures, statements, contracts, commercial arrangements, insurance, claim or benefit administration, claim adjudication, plan design, data and sales thereof, and any other act or failure to act relating to, any Product; and any system, plan, policy or advocacy relating to any Product, including, but not limited to, any unbranded promotion, marketing, programs, or campaigns relating to any Product; (b) the characteristics, properties, risks, or benefits of any Product; (c) the reporting, disclosure, non-reporting or nondisclosure to federal, state or other regulators of orders, prescriptions, or conduct related to any Product; (d) the purchasing, selling, acquiring, disposing of, importing, exporting, handling, processing, packaging, supplying, distributing, converting, or otherwise engaging in any activity relating to any Product; or (e) controls against diversion, corresponding responsibility, and suspicious order monitoring related to any Product.

6. *"Effective Date"* means the date that the Participating Subdivisions and Participating Tribes execute and deliver (or cause to be delivered) to the Participating Subdivision Designees and the Participating Tribe Designees, as appropriate, and to Sandoz, in accordance with Section V.A., the Subdivision Participation Forms and Tribe Participation Forms, signed by 85% (as measured by number of cases and allocation of the Settlement Fund) of Litigating Subdivisions and Litigating Tribes, which are set forth

- 3 -

on **Exhibit A** of this Agreement. The Effective Date shall be no later than January 31, 2024, provided, however, that: (1) the Participating Subdivision Designees and the Participating Tribe Designees shall have the one-time unilateral right to extend the deadline by 90 days; and (2) Sandoz shall have the unilateral right in its sole discretion to further extend that deadline to a date of its choosing and/or to proceed with the Agreement even if the 85% threshold has not been satisfied.

7.     *"Eligible Entities"* has the meaning set forth in Section V.C., and includes those Litigating Subdivisions and Litigating Tribes identified in **Exhibit A** attached hereto.

8.     *"Litigating Subdivision"* means a Subdivision (or Subdivision official asserting the right of or for the Subdivision to recover for Alleged Harms to the Subdivision and/or its members thereof) that has pending Released Claims against Sandoz as of August 25, 2023, as identified on **Exhibit A** hereto.

9.     *"Litigating Tribe"* means a Tribe that has pending any Released Claims against Sandoz as of August 25, 2023, as identified on **Exhibit A** hereto.

10.     *"MDL"* means *In re National Prescription Opiate Litigation*, Case No. 1:17-md-2804.

11.     *"MDL Court"* means the United States District Court for the Northern District of Ohio, Eastern Division, presiding over the MDL.

12.     *"Non-Participating Subdivision"* means any Subdivision that does not execute a Subdivision Participation Form prior to or within 14 days after the Effective Date of this Agreement or any Subdivision that, prior to the Effective Date of this Agreement, affirmatively opts out of this settlement by providing written notice to the Participating Subdivision Designees and Sandoz of its intent to litigate its Claims against Sandoz.

13.     *"Non-Participating Tribe"* means any Tribe that does not execute a Tribe Participation Form prior to or within 14 days after the Effective Date of this Agreement or any Tribe that, prior to the Effective Date of this Agreement, affirmatively opts out of this settlement by providing written notice to the Participating Tribe Designees and Sandoz of its intent to litigate its Claims against Sandoz.

14.     *"Non-Party Covered Conduct Claim"* means a Claim against any Non-Released Entity involving, arising out of, or related to Covered Conduct (or conduct that would be Covered Conduct if engaged in by a Released Entity).

15.     *"Non-Party Settlement"* means a settlement by any Releasor that settles any

- 4 -

Non-Party Covered Conduct Claim and includes a release of any Non-Released Entity.

16. *"Non-Released Entity"* means an entity that is not a Released Entity.

17. *"Ongoing Common Benefit Order (Dkt. #4428)"* means the Ongoing Common Benefit Order (Dkt. #4428) entered by the MDL Court in the MDL.

18. *"Opioid Remediation"* means care, treatment, and other programs and expenditures (including reimbursement for past such programs or expenditures except where this Agreement restricts the use of funds solely to future Opioid Remediation) designed to remediate Alleged Harms, including to (1) address the misuse and abuse of opioid products, (2) treat or mitigate opioid use or related disorders, or (3) mitigate other alleged effects of the opioid abuse crisis, including on those injured as a result of the opioid abuse crisis. Qualifying expenditures may include reasonable related administrative expenses.

19. *"Participating Subdivision"* means any Litigating Subdivision identified in **Exhibit A** that executes a Subdivision Participation Form prior to or within 14 days after the Effective Date.

20. *"Participating Tribe"* means any Litigating Tribe identified in **Exhibit A** that executes a Tribe Participation Form prior to or within 14 days after the Effective Date.

21. *"Participating Subdivision Designees"* means Jayne Conroy and Michael Angelides of Simmons Hanly Conroy (*see* Section IX.J. below for their contact information).

22. *"Participating Tribe Designees"* means Steve Skikos and Mark Crawford of Skikos, Crawford, Skikos & Joseph (*see* Section IX.J. below for their contact information).

23. *"Parties"* means Sandoz, Participating Subdivisions, and Participating Tribes (each, a *"Party"*).

24. *"Post-Settlement Claim"* means any Claim commenced against Sandoz by any Subdivision or Tribe after the date of this Agreement, whether in the MDL Court or any federal, state, district, territorial, or other court, or any other judicial, quasi-judicial, or arbitral body, alleging any Covered Conduct as the basis or partial basis for the Claim.

25. *"Product"* means any chemical substance, whether used for medicinal or non-medicinal purposes, and whether natural, synthetic, or semi-synthetic, or any finished pharmaceutical product made from or with such substance,

- 5 -

that is (1) an opioid or opiate, as well as any product containing any such substance; (2) a benzodiazepine, a muscle relaxer, carisoprodol, zolpidem, or gabapentin; or (3) a combination or "cocktail" of any stimulant or other chemical substance prescribed, sold, bought, or dispensed to be used together that includes opioids or opiates. "Product" shall include, but is not limited to, any substance consisting of or containing buprenorphine, codeine, fentanyl, hydrocodone, hydromorphone, meperidine, methadone, morphine, naloxone, naltrexone, oxycodone, oxymorphone, tapentadol, tramadol, opium, heroin, carfentanil, diazepam, estazolam, quazepam, alprazolam, clonazepam, oxazepam, flurazepam, triozolam, temazepam, midazolam, carisoprodol, gabapentin, or any variant of these substances or any similar substance.

26. *"Released Claims"* means any and all Claims that directly or indirectly are based on, arise out of, or in any way relate to or concern the Covered Conduct occurring prior to the Effective Date. Without limiting the foregoing, "Released Claims" include any Claims that have been asserted against the Released Entities by any Participating Subdivision or Participating Tribe in any federal, state, or local action or proceeding (whether judicial, arbitral, or administrative) based on, arising out of or relating to, in whole or in part, the Covered Conduct, or any such Claims that could be or could have been asserted now or in the future in those actions or in any comparable action or proceeding brought by a Participating Subdivision, Participating Tribe or any Releasors (whether or not such Participating Subdivision, Participating Tribe or Releasor has brought such action or proceeding). Released Claims also include all Claims asserted in any proceeding to be dismissed pursuant to the Agreement, whether or not such claims relate to Covered Conduct. The Parties intend that "Released Claims" be interpreted broadly. This Agreement does not release Claims by private individuals for any of their own damages for alleged personal injuries arising out of their use of any Product. But in any action arising from or relating to such Claims or the Covered Conduct, the Released Entities may assert as a defense or otherwise argue that the payments required herein serve as a measure of compensation for personal injuries or for other legal or equitable claims or demands asserted by private individuals or others. It is the intent of the Parties that Claims by private individuals be treated in accordance with applicable law.

27. *"Released Entities"* has the meaning set forth in Section VI.A.

28. *"Releasors"* means (1) each Participating Subdivision and Participating Tribe, and (2) without limitation and to the maximum extent of the power of each Participating Subdivision and Participating Tribe to release Claims, (a) the Participating Subdivision's and Participating Tribe's departments, agencies, divisions, boards, commissions, subdivisions, instrumentalities of any kind and attorneys, and any person in their official capacity whether

- 6 -

elected or appointed to serve any of the foregoing and any agency, person, or other entity claiming by or through any of the foregoing, and (b) any person or entity acting in a parens patriae, sovereign, quasi-sovereign, private attorney general, qui tam, taxpayer, or other capacity seeking relief on behalf of or generally applicable to the general public but only with respect to each Participating Subdivision or Participating Tribe.

29. *"Sandoz"* means Sandoz Inc. and all of its respective past and present direct or indirect parents, subsidiaries, divisions, affiliates, joint ventures, predecessors, successors, or assigns, including but not limited to Sandoz International GmbH, Novartis Pharmaceuticals Corporation, and Novartis AG and its subsidiaries and affiliates, including but not limited to Novartis Manufacturing LLC, Novartis Institutes for Biomedical Research, Inc., Novartis Corporation, and Novartis Consumer Health. For the avoidance of doubt, this definition of "Sandoz" shall survive any spin-off, separation, or other corporate change-of-control transaction that results in Sandoz Inc. separating from or no longer being a direct or indirect subsidiary of one or more other Sandoz or Novartis entities.

30. *"Sandoz Settlement Fund"* or *"Settlement Fund"* means the interest-bearing fund to be established by the MDL Court in the MDL into which all payments by Sandoz will be made, which shall be administered by the Settlement Referee, and which is intended to qualify as a "qualified settlement fund" within the meaning of Section 1.468B-1 *et seq.* of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, as amended.

31. *"Settlement Referee"* means David R. Cohen, who will perform the duties set forth in this Agreement, including setting forth the procedures by which the Subdivision and Tribe allocation will be completed and to jointly determine each Subdivision's and Tribe's final allocation resulting from application of the Subdivision and Tribe Allocation Distribution Percentage.

32. *"State"* means the States of the United States, the District of Columbia, Puerto Rico, the Virgin Islands, Guam, and the Northern Mariana Islands.

33. *"Subdivision," "Subdivisions," "Tribe"* or *"Tribes"* includes the Eligible Entities set forth on **Exhibit A** of this Agreement. "Subdivision" further means (1) a formal and legally recognized sub-entity of a State that provides general governance for a defined area, including a municipality, county, parish, city, town, village, special district or any other entities that provide municipal-type government within a State, and (2) any person, official, or entity thereof acting in an official capacity. Unless otherwise specified, "Subdivision" includes all functional counties and parishes and other functional levels of sub-entities of a State that provide general governance for a defined area. Historic, non-functioning sub-entities of a State (such as

Connecticut counties) are not Subdivisions, unless the entity has filed a lawsuit that includes a Released Claim against a Released Entity in a direct, parens patriae, or any other capacity. "Tribe" further means any Indian or Alaska Native tribe, band, nation, pueblo, village or community that the United States acknowledges to exist as an Indian tribe, including but not limited to the list of recognized tribes published by the United States Secretary of the Interior.

34. *"Subdivision and Tribe Allocation Distribution Percentage"* means a Subdivision's or Tribe's percentage as determined by the Settlement Referee pursuant to Section IV.B. The aggregate Subdivision and Tribe Allocation Distribution Percentage of all Subdivisions and Tribes shall equal 100%.

35. *"Subdivision Participation Form"* and *"Tribe Participation Form"* mean the forms attached hereto as **Exhibits C (Subdivisions) and D (Tribes)**.

36. *"Total Remediation Amount"* has the meaning set forth in Section IV.A.

## II. Release

A. *Scope*. As of the Effective Date, the Released Entities will be released and forever discharged from all of the Releasors' Released Claims. Each Participating Subdivision and Participating Tribe (for itself and its Releasors) will absolutely, unconditionally, and irrevocably covenant not to bring, file, or claim, or to cause, assist in bringing, or permit to be brought, filed, or claimed, or to otherwise seek to establish liability for any Released Claims against any Released Entity in any forum whatsoever. The releases provided for in this Agreement are intended by the Parties to be broad and shall be interpreted so as to give the Released Entities the broadest possible bar against any liability relating in any way to Released Claims and extend to the full extent of the power of each Releasor to release claims. The releases shall be a complete bar to any Released Claim.

B. *Claim-Over and Non-Party Settlement.*

1. *Statement of Intent.* It is the intent of the Parties that:

   a. Released Entities should not seek contribution or indemnification (other than pursuant to an insurance contract) from other parties for their payment obligations under this Agreement;

   b. The payments made under this Agreement shall be the sole payments made by the Released Entities to the Releasors involving, arising out of, or related to Covered Conduct (or conduct that would be Covered Conduct if engaged in by a Released Entity);

- 8 -

      c.      Claims by Releasors against non-Parties should not and will not result in additional payments by Released Entities, whether through contribution, indemnification or any other means;

      d.      The amount of each payment made to each Participating Subdivision or Participating Tribe under this Agreement is intended to reduce any indemnification obligation the Released Entities might have to non-Parties with regard to each such Participating Subdivision or Participating Tribe;

      e.      Releasors covenant not to sue Released Entities for Covered Conduct;

      f.      The Agreement meets the requirements of the Uniform Contribution Among Joint Tortfeasors Act and any similar state law or doctrine that reduces or discharges a released party's liability to any other parties; and

      g.      The provisions of this Section II.B. are intended to be implemented consistent with these principles. This Agreement and the releases and dismissals provided for herein are made in good faith.

2.      *Contribution/Indemnity Prohibited.* No Released Entity shall seek to recover for amounts paid under this Agreement based on indemnification, contribution, or any other theory from a manufacturer, pharmacy, hospital, pharmacy benefit manager, health insurer, third-party vendor, trade association, distributor, or health care practitioner, provided that a Released Entity shall be relieved of this prohibition with respect to any entity that asserts a Claim-Over against it or with respect to any person or entity that brings any other form of action against Sandoz arising out of or related to Covered Conduct. For the avoidance of doubt, nothing herein shall prohibit a Released Entity from recovering amounts owed pursuant to insurance contracts.

3.      *Non-Party Settlement.* To the extent that, on or after the Effective Date, any Releasor enters into a Non-Party Settlement, including in any bankruptcy case or through any plan of reorganization (whether individually or as a class of creditors), the Releasor will include (or in the case of a Non-Party Settlement made in connection with a bankruptcy case, will cause the debtor to include), unless prohibited from doing so under applicable law, in the Non-Party Settlement a prohibition on contribution or indemnity of any kind substantially equivalent to that required from Sandoz in Section II.B.2, or a release from such Non- Released Entity in favor of the Released Entities (in a form equivalent to the releases contained in this Agreement) of any Claim-Over. Sandoz shall be deemed and is designated as an intended third-party beneficiary of the prohibition on contribution or indemnity required

under this section in such Non-Party Settlement. The obligation to obtain the prohibition and/or release required by this subsection is a material term of this Agreement.

4. *Claim-Over*. In the event that any Non-Released Entity asserts a Claim-Over against a Released Entity, then Releasor and Sandoz shall take steps sufficient and permissible under applicable law to hold Released Entities harmless from the Claim-Over and ensure Released Entities are not required to pay more with respect to Covered Conduct than the amounts owed by Sandoz under this Agreement.

5. *Preservation of All Rights and Defenses Arising from Payments*. This Agreement further expressly preserves, to the full extent permitted by law, the right and ability of Released Entities to assert the payments made under this Agreement as a defense, set-off, satisfaction, or reduction against any amounts asserted as damages against any Released Entity by any non-Party or Non-Released Entity involving, arising out of, or related to Covered Conduct (or conduct that would be Covered Conduct if engaged in by a Released Entity).

If the Claim-Over is based on a contractual indemnity claim by a Non-Released Entity against any Released Entity, these Claim-Over provisions shall not apply to the extent the contractual indemnity claim is based on the conduct of the Non-Released Entity and not the conduct of Released Entities.

C. *General Release*. In connection with the releases provided for in the Agreement, each Participating Subdivision and Participating Tribe (for itself and its Releasors) expressly waives, releases, and forever discharges any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable, or equivalent to § 1542 of the California Civil Code, which reads:

**General Release; extent**. A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

A Releasor may thereafter discover facts other than or different from those which it knows, believes, or assumes to be true with respect to the Released Claims, but each Participating Subdivision and Participating Tribe (for itself and its Releasors) hereby expressly waives and fully, finally, and forever settles, releases, and discharges, upon the Effective Date, any and all Released Claims that may exist as of such date but which Releasors do not know or suspect to exist, whether through ignorance, oversight, error, negligence or through no fault whatsoever, and which, if known, would materially affect the Participating Subdivisions' or Participating Tribes' decision to enter into the Agreement or the Participating Subdivisions' or

- 10 -

Participating Tribes' decision to participate in the Agreement.

D. *Res Judicata.* Nothing in the Agreement shall be deemed to reduce the scope of the res judicata or claim preclusive effect that the settlement memorialized in the Agreement, and/or any stipulation of dismissal with prejudice or judgment entered on the Agreement, gives rise to under applicable law.

E. *Representation and Warranty of Authority.* The Participating Subdivision Designees and Participating Tribe Designees signing hereto on behalf of the Participating Subdivisions and Participating Tribes expressly represent and warrant that they have authority to enter into this Agreement conditionally on behalf of the Participating Subdivisions and Participating Tribes, subject to each Participating Subdivision and Participating Tribe executing a Subdivision Participation Form or Tribe Participation Form as provided in Section V of this Agreement.

F. *Representation and Warranty of No Other Case(s).* The signatories hereto on behalf of the Participating Subdivisions and Participating Tribes expressly represent and warrant that, as of the date of this Agreement, they are not aware, other than the cases arising from Covered Conduct, of any other case(s) against Sandoz on behalf of any Subdivision or Tribe, beyond those listed on **Exhibit A**.

G. *Effectiveness.* The releases set forth in the Agreement shall not be impacted in any way by any dispute that exists, has existed, or may later exist between or among the Releasors. Nor shall such releases be impacted in any way by any current or future law, regulation, ordinance, or court or agency order limiting, seizing, or controlling the distribution or use of the Sandoz Settlement Fund or any portion thereof, or by the enactment of future laws, or by any seizure of the Sandoz Settlement Fund or any portion thereof.

H. *Cooperation.* Releasors (i) will not encourage any person or entity to bring or maintain any Released Claim against any Released Entity and (ii) will reasonably cooperate with and not oppose any effort by a Released Entity to secure the prompt dismissal of any and all Released Claims.

I. *Non-Released Claims.* Notwithstanding the foregoing or anything in the definition of Released Claims, the Agreement does not waive, release or limit any criminal liability, Claims that may be brought by a State or by any State Attorney General against Released Entities for Covered Conduct to the extent not released herein specifically with respect to Participating Subdivisions or Participating Tribes, Claims for any outstanding liability under any tax or securities law, Claims against parties who are not Released Entities, Claims by private individuals, and any claims arising under this Agreement for enforcement of this Agreement.

## III.  Monetary Relief and Payments

A. *Structure of Payments.*

- 11 -

1.  All payments under this Section III shall be made into the Sandoz Settlement Fund. The payments in the Sandoz Settlement Fund shall be allocated and used only as specified in Section IV of this Agreement. In the event that this Agreement is not completed for any reason or is terminated in accordance with its terms, all payments made under this Section III into the Sandoz Settlement Fund shall be returned to Sandoz.

2.  On the thirtieth day after the Effective Date, Sandoz shall pay into the Sandoz Settlement Fund the sum of Ninety-Nine Million Five Hundred Thousand Dollars ($99,500,000.00), under the terms and conditions of this Agreement, subject to the reductions described in Section IV.B.4.

3.  Sandoz's payment into the Sandoz Settlement Fund includes the amount necessary to comply with the Ongoing Common Benefit Order (Dkt. #4428). The Settlement Referee shall hold the amount necessary to ensure compliance with the Ongoing Common Benefit Order until further order by the MDL Court. It is expressly understood that Sandoz's payment into the Sandoz Settlement Fund under Section III.A.2 fulfills its obligations under the Ongoing Common Benefit Order.

4.  If Eighty-Five Percent (85%) of Litigating Subdivisions and Litigating Tribes set forth on **Exhibit A** of this Agreement (as measured by number of cases and allocation of the Settlement Fund) do not sign the Subdivision and Tribe Participation Form by January 31, 2024 (or such extended date as may be set in accordance with Section I.6.), and Sandoz does not otherwise agree to move forward with the Settlement Agreement, such that the Effective Date does not occur, then Sandoz shall make no payment, this Agreement will have no further effect, and all releases and other commitments or obligations contained herein will be void, provided, however, that Sandoz shall have the unilateral right in its sole discretion to extend that deadline to a date of its choosing and/or to proceed with the Agreement even if the 85% threshold has not been satisfied.

## IV.  Allocation and Use of Settlement Funds

A.  *Settlement Fund.* Subject to Sections IV.B.3 and 4, the Sandoz Settlement Fund shall be comprised of funds earmarked for Opioid Remediation (the "Total Remediation Amount").

B.  *Allocation, Administration and Use of Settlement Payments.*

1.  David R. Cohen, in his capacity as Settlement Referee, shall determine the basis for the distributions to Participating Subdivisions and Participating Tribes in accordance with this Section IV. Once the final Subdivision and Tribe Allocation Distribution Percentage is determined, it shall be attached

- 12 -

as **Exhibit B** to this Agreement. Determination of the Subdivision and Tribe Allocation Distribution Percentage shall be determined in the following manner:

    a.    Allocation Distribution percentages may be determined by referring to and incorporating allocation percentages, formulas and manners of calculations utilized in prior Subdivision settlement agreements and prior Tribe settlement agreements reached with other Defendants in the opioid litigation. The Settlement Referee shall consider all non-general purpose government sub-entities of a Subdivision county, city or Tribe, or person or entity included in an action or bringing an action on the Subdivision county, city or Tribe's behalf, to be a single Subdivision county, city or Tribe claimant for purposes of allocation. Further, any allocation between and amongst the recovering Subdivision county, city or Tribe and any of its non-general purpose government sub-entities shall be determined by those entities and sub-entities themselves.

    b.    Each Participating Subdivision and Participating Tribe shall have had the right to be heard prior to entry of the final allocation order specific to this opioid crisis with regard to the calculation of the allocation amount set forth in Section IV.B.1.a. For the avoidance of doubt, the Participating Subdivisions and Participating Tribes shall not have any other basis to challenge the allocation amounts.

    c.    Sandoz acknowledges and expressly agrees that it has no role whatsoever in the Subdivision and Tribe allocation process.

2.    The Settlement Referee shall set aside and hold back the funds allocable to each of the Litigating Subdivisions and Litigating Tribes proportionate to the Litigating Subdivision's and Litigating Tribe's Subdivision Allocation Distribution Percentage to the extent such Litigating Subdivision or Litigating Tribe has not become a Participating Subdivision or Participating Tribe, and the provisions of Section IV.B.4 shall apply with respect to such Non-Participating Subdivision or Non-Participating Tribe.

3.    The Settlement Referee shall deduct the costs and expenses incurred in the administration of the Sandoz Settlement Fund, including any expenses, costs and fees arising out of the duties of David R. Cohen in his capacity as Settlement Referee, out of the interest accrued on the Sandoz Settlement Fund and thereafter from the principal of the Sandoz Settlement Fund.

4.    <u>Litigating Subdivisions and Litigating Tribes</u>. Any Litigating Subdivision or Litigating Tribe that does not execute a Subdivision Participation Form or Tribe Participation Form prior to or within 14 days after the Effective Date of this Agreement or any Litigating Subdivision or Litigating Tribe

- 13 -

that affirmatively opts out of this Agreement and provides written notice to the Participating Subdivision Designees and/or Participating Tribe Designees, and Sandoz of its intent to litigate its Claims against Sandoz shall forego its right to participate in distributions contemplated by this Agreement, in which case the amount (including accumulated holdback amounts) allocable to such Litigating Subdivision or Litigating Tribe pursuant to its Subdivision and Tribe Allocation Distribution Percentage shall revert to Sandoz, to be paid to Sandoz within sixty (60) days after the 14-day time period after the Effective Date.

C.   *Provisions Regarding Abatement Fund.*

1.   The funds distributed from the Sandoz Settlement Fund to each Participating Subdivision and Participating Tribe shall be used solely for Opioid Remediation.

2.   The Participating Subdivision Designees and Participating Tribe Designees shall provide a Participating Subdivision and Participating Tribe Opioid Abatement Report to Sandoz once all funds are disbursed to the Participating Subdivisions and Participating Tribes.

D.   *Nature of Payment.*

1.   Sandoz and the Participating Subdivisions and Participating Tribes acknowledge and agree that notwithstanding anything to the contrary in this Agreement, including, but not limited to, the scope of the Released Claims:

a.   Sandoz has entered into this Agreement to avoid the delay, expense, inconvenience, and uncertainty of further litigation;

b.   Participating Subdivisions and Participating Tribes sought restitution and remediation (within the meaning of 26 U.S.C. § 162(f)(2)(A)) as damages for the Alleged Harms allegedly suffered by the Participating Subdivisions and Participating Tribes as a result of the Covered Conduct;

c.   By executing the Subdivision Participation Form or Tribe Participation Form, the Participating Subdivisions and Participating Tribes acknowledge that: (a) the Total Remediation Amount is no greater than the amount, in the aggregate, of the Alleged Harms allegedly suffered by the Participating Subdivisions and Participating Tribes; and (b) the portion of the Total Remediation Amount received by each Participating Subdivision or Participating Tribe is no greater than the amount of the Alleged Harms allegedly suffered by such Participating Subdivision or Participating Tribe;

- 14 -

d. The payment of the Total Remediation Amount by Sandoz constitutes, and is paid for, restitution and remediation (within the meaning of 26 U.S.C. § 162(f)(2)(A)) for alleged damage or harm (as compensation for alleged damage or harm arising out of alleged bodily injury) allegedly caused by Sandoz;

e. The Total Remediation Amount is being paid as restitution and remediation (within the meaning of 26 U.S.C. § 162(f)(2)(A)) in order to restore, in whole or in part, the Participating Subdivisions, Participating Tribes and persons to the same position or condition that they would be in had the Participating Subdivisions, Participating Tribes and persons not suffered the Alleged Harms and constitutes restitution and remediation for damage or harm allegedly caused by the potential violation of a law and/or is an amount paid to come into compliance with the law;

f. For the avoidance of doubt: (a) no portion of the Total Remediation Amount represents reimbursement to any Participating Subdivision or Participating Tribe, or other person or entity, for the costs of any investigation or litigation, including without limitation attorneys' fees, (b) the entire Total Remediation Amount is properly characterized as described in Section IV.D.1.e, and (c) none of the amounts paid by Sandoz under Section III constitutes disgorgement or is paid for or in place of any fine, penalty, punitive damages, or other punitive assessments; and

g. For the further avoidance of doubt, the Parties estimate that Fifteen Percent (15%) of the payments made by Sandoz into the Sandoz Settlement Fund will be allocated to payments in accordance with the Ongoing Common Benefit Order (Dkt. #4428) and/or the MDL fee cap order (Dkt. #3814), and the remaining Eighty-Five Percent (85%) of the payments made by Sandoz into the Sandoz Settlement Fund will be allocated to the Total Remediation Amount and paid as restitution and remediation (within the meaning of 26 U.S.C. § 162(f)(2)(A)).

2. Tax Reporting and Cooperation

a. Each Participating Subdivision and Participating Tribe shall cooperate in good faith with Sandoz with respect to any tax claim, dispute, investigation, audit, examination, contest, litigation, or other proceeding relating to this Agreement.

b. For the avoidance of doubt, except as explicitly set forth in this Agreement, neither Sandoz, any Participating Subdivision or Participating Tribe, or counsel to any of the foregoing make any warranty or representation as to the tax consequences of the payment

- 15 -

of the Total Remediation Amount (or any portion thereof).

## V.  Participation by Subdivisions and Tribes

A.  *Subdivision Participation Form and Tribe Participation Form*. Attached hereto as **Exhibits C (Subdivisions)** and **D (Tribes)** are the Subdivision Participation Form and Tribe Participation Form, which may be subject to later modification and substitution as the participation process is worked out. A Subdivision's or Tribe's executed Participation Form is evidence of its status as a Party to this Agreement, and the executed Participation Forms and their terms are incorporated herein by reference. In order to become a Participating Subdivision or Participating Tribe, each Litigating Subdivision or Litigating Tribe shall provide a properly executed Participation Form to the Participating Subdivision Designees or to the Participating Tribe Designees and to Sandoz, or to any proxy specified by them, by electronic mail as set forth in the Participation Forms at **Exhibits C** and **D** hereto, and in accordance with the time limitations and terms of this Agreement.

B.  *Dismissal of Claims*. Each Participating Subdivision or Participating Tribe, either directly or through its counsel, shall request to dismiss with prejudice all Released Claims by that Subdivision or Tribe against Released Entities, including all Released Claims pending in the MDL Court and all Released Claims pending in any State court. Dismissal of a Litigating Subdivision's or Litigating Tribe's complaint against Released Entities shall be filed only upon the occurrence of the Effective Date. The Parties will coordinate a streamlined dismissal process with the MDL Court that will allow for a bulk filing of the agreed dismissals with respect to MDL-filed cases.

C.  *Eligible Entities*. **Exhibit A** sets forth all Litigating Subdivisions and Litigating Tribes eligible to participate in this Agreement ("*Eligible Entities*"):

1.  Each entity listed on **Exhibit A** has filed an opioid case against Sandoz in the MDL or in a case pending in State court.

2.  **Exhibit A** includes the filing docket number and counsel of record for the listed entity. Each entity listed on **Exhibit A** is entitled to participate in the settlement.

3.  Only Eligible Entities listed in **Exhibit A** are eligible to participate in the settlement, except as may be further agreed between Sandoz and the Participating Subdivision Designees or the Participating Tribe Designees.

## VI.  Defendants to be Released Upon Meeting Threshold Requirements

A.  The following are to be Released Entities and shall be released and claims against them to be dismissed with prejudice upon the Effective Date: (i) Sandoz ("*Sandoz*" as defined in Section I.29 of the Definitions); (ii) all of its past and present, direct or indirect: parents, subsidiaries, divisions, affiliates, joint ventures, predecessors,

- 16 -

successors, assigns and insurers (in their capacity as such); and (iii) the past and present officers, directors, members, shareholders (solely in their capacity as shareholders of the foregoing entities), partners, trustees, employees, agents, attorneys and insurers of each of the foregoing entities and persons referenced in clauses (i) through (ii) above for actions or omissions that occurred during and related to their work for, or employment with, any of the foregoing entities with respect to the Released Claims. An illustrative, non-exhaustive list of Released Entities is annexed to this Agreement as **Exhibit E**.

**VII. Plaintiffs' Attorneys' Fees and Costs**

A.  Contingency attorneys' fees and costs shall be paid out in accordance with the MDL fee cap order (Dkt #3814), which the Parties agree to extend to the provisions of this Agreement, as well as any other Orders that may be entered by the MDL Court concerning attorneys' fees and costs.

B.  Common Benefit amounts shall be held by the Settlement Referee in order to ensure compliance with the Ongoing Common Benefit Order (Dkt. #4428), as set forth in Section III.A.3 above.

**VIII. Dispute Resolution**

A.  Any disputes arising out of this Agreement shall be heard before Settlement Referee David R. Cohen as the arbitrator designated by the Parties to resolve disputes through binding arbitration.

**IX. Miscellaneous**

A.  *No Admission*. Sandoz does not admit liability or wrongdoing. This Agreement shall not be considered, construed, or represented to be (1) an admission, concession, or evidence of liability or wrongdoing or (2) a waiver or any limitation of any defense otherwise available to Sandoz.

B.  *Third-Party Beneficiaries*. Except as expressly provided in this Agreement, no portion of this Agreement shall provide any rights to, or be enforceable by, any person or entity that is not a Participating Subdivision or Participating Tribe or Released Entity. No Participating Subdivision or Participating Tribe may assign or otherwise convey any right to enforce any provision of this Agreement and no entity except the Participating Subdivision Designees or Participating Tribe Designees shall have the right to enforce any provision of this Agreement on behalf of all Participating Subdivisions and Participating Tribes.

C.  *Construction*. None of the Parties and no Participating Subdivision or Participating Tribe shall be considered to be the drafter of this Agreement or of any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the

- 17 -

drafter of this Agreement. The headings of the provisions of this Agreement are not binding and are for reference only and do not limit, expand, or otherwise affect the contents or meaning of this Agreement.

D.   *Cooperation*. Each Party agrees to use its best efforts and to cooperate with the other Parties to cause this Agreement to become effective, to obtain all necessary approvals, consents and authorizations, if any, and to execute all documents and to take such other action as may be appropriate in connection herewith. Consistent with the foregoing, each Party agrees that it will not directly or indirectly assist or encourage any challenge to this Agreement by any other person, and will support the integrity and enforcement of the terms of this Agreement.

E.   *Entire Agreement*. This Agreement, its Exhibits and any other attachments, embodies the entire agreement and understanding between and among the Parties relating to the subject matter hereof and supersedes (1) all prior agreements and understandings relating to such subject matter, whether written or oral and (2) all purportedly contemporaneous oral agreements and understandings relating to such subject matter.

F.   *Execution.* This Agreement may be executed in counterparts and by different signatories on separate counterparts, each of which shall be deemed an original, but all of which shall together be one and the same Agreement. One or more counterparts of this Agreement may be delivered by facsimile or electronic transmission with the intent that it or they shall constitute an original counterpart thereof. One or more counterparts of this Agreement may be signed by electronic signature.

G.   *Good Faith and Voluntary Entry*. Each Party warrants and represents that it negotiated the terms of this Agreement in good faith. Each of the Parties and signatories to this Agreement warrants and represents that it freely and voluntarily entered into this Agreement without any degree of duress or compulsion. The Parties state that no promise of any kind or nature whatsoever (other than the written terms of this Agreement) was made to them to induce them to enter into this Agreement.

H.   *No Prevailing Party*. The Parties each agree that they are not the prevailing party in this action, for purposes of any claim for fees, costs, or expenses as prevailing parties arising under common law or under the terms of any statute, because the Parties have reached a good faith settlement. The Parties each further waive any right to challenge or contest the validity of this Agreement on any ground, including, without limitation, that any term is unconstitutional or is preempted by, or in conflict with, any current or future law.

I.   *Non-Admissibility*. The settlement negotiations resulting in this Agreement have been undertaken by the Parties in good faith and for settlement purposes only, and no evidence of negotiations or discussions underlying this Agreement shall be

- 18 -

offered or received in evidence in any action or proceeding for any purpose. This Agreement shall not be offered or received in evidence in any action or proceeding for any purpose other than in an action or proceeding arising under or relating to this Agreement, except that Released Entities may file or use this Agreement in any action (1) involving a determination regarding insurance coverage; (2) involving a determination of the taxable income or tax liability of any Released Entities; (3) to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction or on any other theory of claim preclusion or issue preclusion or similar defense or counterclaim; (4) to support a claim for contribution and/or indemnification; or (5) to support any other argument or defense by a Released Entity that the Total Remediation Amount provides a measure of compensation for asserted harms or otherwise satisfies the relief sought.

J.      *Notices*. All notices or other communications under this Agreement shall be in writing (including but not limited to electronic communications) and shall be given to the recipients indicated below:

For Participating Subdivisions:

> Jayne Conroy
> Michael Angelides
> Simmons Hanly Conroy
> 112 Madison Avenue, 7th Floor
> New York, NY 10016-7416
> (212) 257-8482
> jconroy@simmonsfirm.com
> mangelides@simmonsfirm.com
>
> Peter Mougey
> Levin, Papantonio, Rafferty, Proctor, Buchanan,
> O'Brien, Barr, and Mougey P.A.
> 316 S. Baylen Street, Suite 600
> Pensacola, FL 32502-5996
> (850) 435-7193
> pmougey@levinlaw.com
>
> Paul Geller
> Robbins Geller Rudman & Dowd LLP
> 225 NE Mizner Blvd., Suite 720
> Boca Raton, FL 33432
> (561) 750-3000
> pgeller@rgrdlaw.com

For Participating Tribes:

> Steve Skikos
> Mark Crawford
> One Sansome Street, Suite 2830
> San Francisco, CA 94104
> (415) 546-7300
> sskikos@skikos.com
> mcrawford@skikos.com

For Sandoz:

> Gordon Hwang
> Sandoz Inc.
> 100 College Rd. W
> Princeton, NJ 08540
> gordon.hwang@sandoz.com

> Gregory E. Ostfeld
> Sara K. Thompson
> Greenberg Traurig LLP
> 77 West Wacker Dr., Suite 3100
> Chicago, IL 60601
> (312) 476-5056
> ostfeldg@gtlaw.com
> sara.thompson@gtlaw.com

Any Party or Participating Subdivision Designees or Participating Tribe Designees may change or add to the contact information of the persons designated to receive notice on its behalf by notice given (effective upon the giving of such notice) as provided in this subsection.

K.  *No Waiver*. The waiver of any rights conferred hereunder shall be effective only if made by written instrument executed by the waiving Party or Parties. The waiver by any Party of any breach of this Agreement shall not be deemed to be or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, nor shall such waiver be deemed to be or construed as a waiver by any other Party.

L.  *Preservation of Privilege*. Nothing contained in this Agreement, and no act required to be performed pursuant to this Agreement, is intended to constitute, cause, or effect any waiver (in whole or in part) of any attorney-client privilege, work product protection, or common interest/joint defense privilege, and each Party agrees that it shall not make or cause to be made in any forum any assertion to the contrary.

M.  *Successors*. This Agreement shall be binding upon, and inure to the benefit of, Sandoz and its respective successors and assigns. Sandoz shall not sell the majority

of its voting stock or substantially all its assets without obtaining the acquiror's agreement that it will constitute a successor with respect to Sandoz's obligations under this Agreement.

N.    *Modification, Amendment, Alteration.* After the Effective Date, any modification, amendment, or alteration of this Agreement by the Parties shall be binding only if evidenced in writing signed by Sandoz along with the signatures of Participating Subdivision Designees and Participating Tribe Designees.

O.    *Governing Law.* Except (1) as otherwise provided in the Agreement or (2) as necessary, in the sole judgment of Settlement Referee David R. Cohen, to promote uniformity of interpretation for matters, this Agreement shall be governed by and interpreted in accordance with the respective laws of the State of Ohio without regard to the conflict of law rules of such State. Notwithstanding any other provision in this subsection on governing law, the United States District Court for the Northern District of Ohio shall retain jurisdiction to enforce this Agreement.

P.    *Severability.* In the event any one or more immaterial provisions of this Agreement shall for any reason be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision of this Agreement.

Date: August 31, 2023

For Participating Subdivisions:

Jayne Conroy
Simmons Hanly Conroy

Peter Mougey
Levin, Papantonio, Rafferty, Proctor, Buchanan, O'Brien, Barr, and Mougey P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502-5996

Paul Geller
Robbins Geller Rudman & Dowd LLP
225 NE Mizner Blvd., Suite 720
Boca Raton, FL 33432

- 21 -

For Participating Tribes:

Steve Skikos
Skikos, Crawford, Skikos & Joseph LLP
One Sansome Street, Suite 2830
San Francisco, CA 94104

Date: August 31, 2023

DocuSign Envelope ID: 342ECF5D-B34C-466E-9176-03A150E29B80

For Sandoz:

DocuSigned by:

*Karen McDonnell*

B467BA45A1A34B4...

Karen McDonnell
VP & General Counsel, NA, Sandoz
Sandoz Corporate Representative




Gregory E. Ostfeld
Greenberg Traurig LLP

Date: August 31, 2023

- 23 -

For Sandoz:

_____

Karen McDonnell
VP & General Counsel, NA, Sandoz
Sandoz Corporate Representative

_____

Gregory E. Ostfeld
Greenberg Traurig LLP

Date: August 31, 2023

**EXHIBIT A**
## Litigating Subdivisions and Litigating Tribes

| Case Caption | Case No | Case State | Plaintiff's Firm | Jurisdiction |
|---|---|---|---|---|
| Ackal (Sheriff of Iberia Parish) [Louisiana] v. Purdue Pharma, L.P. et. al | 1:2018-op-46052 | LA | The Lanier Law Firm | USDC N.D. Ohio |
| Ada County v. Purdue Pharma, L.P. et al | 1:2019-op-45775 | ID | Keller Rohrback LLP | USDC N.D. Ohio |
| Adair County [Iowa] et al v. Purdue Pharma LP et al | 1:2018-op-45122 | IA | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Adams County | | | | |
| Audubon County | | | | |
| Benton County | | | | |
| Bremer County | | | | |
| Buchanan County | | | | |
| Buena Vista County | | | | |
| Calhoun County | | | | |
| Carroll County | | | | |
| Cedar County | | | | |
| Clay County | | | | |
| Clayton County | | | | |
| Clinton County | | | | |
| Dallas County | | | | |
| Delaware County | | | | |
| Fayette County | | | | |
| Hamilton County | | | | |
| Hardin County | | | | |
| Humboldt County | | | | |
| Johnson County | | | | |
| Lee County | | | | |
| Mahaska County | | | | |
| Marion County | | | | |
| Mitchell County | | | | |
| Monroe County | | | | |
| Montgomery County | | | | |
| O'Brien County | | | | |
| Plymouth County | | | | |
| Pottawattamie County | | | | |
| Sac County | | | | |
| Scott County | | | | |
| Shelby County | | | | |
| Sioux County | | | | |
| Taylor County | | | | |
| Winneshiek County | | | | |
| Adair County, Missouri v. Allergan PLC et al. | 1:2020-op-45297; 4:20-cv-01136; 2022-CC00715 | MO | Edgar Law Firm | USDC N.D. Ohio; USDC E.D. Mo.; 22nd Judicial Circuit, The City of St. Louis County, MO |
| Adams County [Idaho] et al v. Purdue Pharma, L.P. et al | 1:2018-op-46062; 1:18-cv-00360 | ID | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Blaine County | | | | |
| Boise County | | | | |
| Bonneville County | | | | |
| Caribou County | | | | |
| Cassia County | | | | |
| Elmore County | | | | |
| Latah County | | | | |

| | | | | |
|---|---|---|---|---|
| Minidoka County | | | | |
| Owyhee County | | | | |
| Payette County | | | | |
| Adams County [Wisconsin] v. Purdue Pharma LP et al | 1:2017-op-45093 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Alamance County v. AmerisourceBergen Drug Corporation et al | 1:2019-op-45615 | NC | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| Allamakee County [Iowa] v. Purdue Pharma LP et al | 1:2018-op-45983; 4:18-cv-00245-RP-CF | IA | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Allegany County v. Purdue Pharma L.P. et al | 1:2019-op-46151; 2:19-cv-04891; 400025/2019; 46987/2019; | NY | Napoli Shkolnik PLLC | USDC N.D. Ohio; USDC E.D.N.Y.; Supreme Court of Suffolk County, NY; Supreme Court of Allegany County, NY |
| Anderson (Sheriff of Avoyelles Parish) [Louisiana] v. Purdue Pharma L P et. Al | 1:2017-op-45164 | LA | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Andrew County, Missouri v. Allergan PLC et al. | 1:20-op-45298; 4:20-cv-01150; 2022-CC09320 | MO | Edgar Law Firm | USDC N.D. Ohio; USDC E.D. Mo.; 22nd Judicial Circuit, The City of St. Louis County, MO |
| Apache Tribe of Oklahoma v. Purdue Pharma L.P. et al. | 1:2019-op-46119; 5:19-cv-01026; CJ-2019-00069 | OK | The Bruehl Law Firm, PLLC<br><br>Fulmer Sill, PLLC | USDC N.D. Ohio; USDC W.D. Okla.; Caddo County District Court, OK |
| Appanoose County et al v. Allergan PLC et al<br><br>Cerro Gordo County<br>Cherokee County<br>Chicksaw County<br>Emmet County<br>Fremont County<br>Hancock County<br>Henry County<br>Ida County<br>Jones County<br>Keokuk County<br>Madison County<br>Muscatine County<br>Osceola County<br>Pocahontas County<br>Poweshiek County<br>Webster County<br>Winnebago County | 1:21-op-45051; 4:21-cv-00095 | IA | Simmons Hanly Conroy LLC | USDC N.D. Ohio; USDC S.D. Iowa |

| Wright County | | | | |
|---|---|---|---|---|
| Appling County v. Endo Health Solutions, Inc. et al | 1:2020-op-45081 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Ashland County [Wisconsin] v. Purdue Pharma LP et al | 1:2017-op-45130 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Assumption Parish Police Jury v. Allergan PLC f/k/a Actavis PLC f/k/a Allergan, Inc., et al. | 1:2020-op-45205; 2:20-cv-01772; 37752 | LA | Leger & Shaw | USDC N.D. Ohio; USDC E.D. La.; 23rd Judicial District Parish of Assumption, LA |
| Atchison County, Missouri v. AmerisourceBergen Drug Corporation et. al | 1:2018-op-45797 | MO | Wagstaff & Cartmell | USDC N.D. Ohio |
| Atkinson County, Georgia v. Purdue Pharma L.P. et. al | 1:2019-op-45118 | GA | Conley Griggs Partin | USDC N.D. Ohio |
| Atlantic County, N.J. v. AmerisourceBergen Drug Corp. et al | 1:2019-op-46071; 1:19-cv-19400 | NJ | Cooper Levenson, PA<br><br>Weisbrod Matteis & Copley PLLC<br><br>Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP | USDC N.D. Ohio |
| Atoka County Board of Commissioners v. Purdue Pharma, LP et al | 1:2020-op-45001 | OK | Fulmer Sill, PLLC | USDC N.D. Ohio |
| Avoyelles Parish Police Jury [Louisiana] v. Purdue Pharma L.P. et al. | 1:2019-op-45444 | LA | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Banks County, GA v. AmerisourceBergen Drug Corporation et al | 1:2018-op-45378 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Barron County [Wisconsin] et al v. Purdue Pharma LP et al<br><br>La Crosse County<br>Lafayette County<br>Menominee County | 1:2018-op-45277 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Barry County v. Allergan PLC et al. | 1:2021-op-45016; 4:20-cv-01452; 2022-CC09901 | MO | Edgar Law Firm | USDC N.D. Ohio; USDC E.D. Mo.; 22nd Judicial Circuit, The City of St. Louis County, MO |
| Barton County, Missouri v. Allergan PLC et al | 1:2020-op-45171; 4:20-cv-00387; 2022-CC00148 | MO | Edgar Law Firm | USDC N.D. Ohio; USDC E.D. Mo.; 22nd Judicial Circuit, The City of St. Louis County, MO |
| Bath County Fiscal Court v. Amerisourcebergen Drug Corporation et al | 1:2020-op-45012 | KY | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| Bayfield County [Wisconsin] v. Purdue Pharma LP et al | 1:2017-op-45168 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |

| | | | | |
|---|---|---|---|---|
| Ben Hill County, Georgia v. AmerisourceBergen Drug Corporation et al | 1:2018-op-45505 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Benton County [Indiana] v. Purdue Pharma LP | 1:2018-op-46201 | IN | Cohen & Malad, LLP | USDC N.D. Ohio |
| Bertie County v. AmerisourceBergen Drug Corporation et al | 1:2019-op-45759 | NC | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| Bingham County [Idaho] v. Purdue Pharma L.P. et al. | 1:2019-op-45758; 4:19-cv-00294; 1:19-cv-00294 | ID | Simmons Hanly Conroy LLC | USDC N.D. Ohio; USDC D. Idaho |
| Black Hawk County [Iowa] et al v. Purdue Pharma LP et al | 1:2018-op-45303 | IA | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Des Moines County | | | | |
| Harrison County | | | | |
| Howard County | | | | |
| Jasper County | | | | |
| Lyon County | | | | |
| Mills County | | | | |
| Tama County | | | | |
| Union County | | | | |
| Worth County | | | | |
| Bladen County v. AmerisourceBergen Drug Corporation et al | 1:2019-op-45557 | NC | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| Bland County, Virginia v. Amerisourcebergen Drug Corporation et. al | 1:2018-op-46065 | VA | Wagstaff & Cartmell | USDC N.D. Ohio |
| Blount County, Tennessee et. al v. Purdue Pharma, L.P. et. al | 1:2019-op-45132 | TN | Friedman, Dazzio, Zulanas & Bowling, PC | USDC N.D. Ohio |
| Jefferson County | | | | |
| Board of Commissioners for Lucas County, Ohio et al v. Purdue Pharma L.P. et al | 1:2018-op-46177 | OH | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Lucas County Children Services Board of Trustees | | | | |
| Mental Health & Recovery Services Board of Lucas County | | | | |
| Board of Commissioners of Barber County, Kansas et al v. Purdue Pharma, L.P. et al | 1:2019-op-45785 | KS | Wagstaff & Cartmell | USDC N.D. Ohio |
| Board of Commissioners of Fulton County, Ohio v. Purdue Pharma L.P. et al | 1:2019-op-45440 | OH | Zoll & Kranz, LLC | USDC N.D. Ohio |
| Board of Commissioners of Leavenworth County, Kansas v. AmerisourceBergen Drug Corporation et al | 1:2019-op-45602 | KS | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| Board of Commissioners of the County of Allen [Indiana] v. Purdue Pharma LP et al | 1:2018-op-45121 | IN | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Board of Commissioners of the County of Franklin [Indiana] v. Purdue Pharma L.P. et al | 1:2018-op-45827; 1:18-cv-01647 | IN | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Board of County Commissioners for Allen County, Kansas and Jerry Hathaway, Allen County Attorney v. Purdue Pharma Inc. et al | 1:2020-op-45151 | KS | Wagstaff & Cartmell | USDC N.D. Ohio |
| Board of County Commissioners for Dickinson County, Kansas et al v. Purdue Pharma L.P. et al | 1:2019-op-45379 | KS | Wagstaff & Cartmell | USDC N.D. Ohio |
| Board of County Commissioners for Kiowa County v. Purdue Pharma LP et al | 1:2019-op-45755 | OK | Fulmer Sill, PLLC | USDC N.D. Ohio |

| | | | | |
|---|---|---|---|---|
| Board of County Commissioners for Stanton County, Kansas et al v. Purdue Pharma L.P. et al | 1:2019-op-45388 | KS | Wagstaff & Cartmell | USDC N.D. Ohio |
| Board of County Commissioners for the County of Ford v. Allergan PLC et al. | 1:2020-op-45263; 6:20-cv-01262; 2020-CV-000090 | KS | Palmer Law Group Theodora Oringher | USDC N.D. Ohio; USDC D. Kan.; Ford County District Court, KS |
| Board of County Commissioners of Beckham County v. Cephalon, Inc. et al. | 1:2020-op-45146; 5:20-cv-00155; CJ-2020-10 | OK | Fulmer Sill, PLLC | USDC N.D. Ohio; USDC W.D. Okla.; Beckham County District Court, OK |
| Board of County Commissioners of Caddo County v. Purdue Pharma LP et al | 1:2019-op-46156 | OK | Fulmer Sill, PLLC | USDC N.D. Ohio |
| Board of County Commissioners of Choctaw County v. Purdue Pharma L.P. et al | 1:2020-op-45257; 6:20-cv-00156; CJ-2019-35 | OK | Fulmer Sill, PLLC | USDC N.D. Ohio; USDC E.D. Okla.; Choctaw County District Court, OK |
| Board of County Commissioners of Custer County v. Cephalon, Inc. et al. | 1:2020-op-45182; 5:20-cv-00159; CJ-2020-5 | OK | Fulmer Sill, PLLC | USDC N.D. Ohio; USDC W.D. Okla.; Custer County District Court, OK |
| Board of County Commissioners of Delaware County, State of Oklahoma v. Purdue Pharma L.P. et al | 1:2018-op-46321 | OK | Napoli Shkolnik PLLC | USDC N.D. Ohio |
| Board of County Commissioners of Jefferson County v. Purdue Pharma LP et al | 1:2019-op-46170 | OK | Fulmer Sill, PLLC | USDC N.D. Ohio |
| Board of County Commissioners of Major County v. Purdue Pharma LP et al | 1:2019-op-45990 | OK | Fulmer Sill, PLLC | USDC N.D. Ohio |
| Board of County Commissioners of Meade County, Kansas et al v. Purdue Pharma L.P. et al | 1:2019-op-45390 | KS | Wagstaff & Cartmell | USDC N.D. Ohio |
| Board of County Commissioners of Muskogee County v. Cephalon, Inc. et al | 1:2020-op-45155; 6:20-cv-00101; CJ-2020-116 | OK | Fulmer Sill, PLLC | USDC N.D. Ohio; USDC E.D. Okla.; Muskogee County District Court, OK |
| Board of County Commissioners of Osage County, State of Oklahoma v. Purdue Pharma L.P. et. al | 1:2018-op-46322 | OK | Napoli Shkolnik PLLC | USDC N.D. Ohio |
| Board of County Commissioners of Pawnee County, State of Oklahoma v. Purdue Pharma L.P. et. al | 1:2018-op-46320 | OK | Napoli Shkolnik PLLC | USDC N.D. Ohio |
| Board of County Commissioners of Roger Mills County v. Cephalon, Inc. et al | 1:2020-op-45183; 5:20-cv-00163; CJ-2020-1 | OK | Fulmer Sill, PLLC | USDC N.D. Ohio; USDC W.D. Okla.; Roger Mills County District Court, OK |
| Board of County Commissioners of Texas County v. Purdue Pharma LP et al | 1:2020-op-45061 | OK | Fulmer Sill, PLLC | USDC N.D. Ohio |

| | | | | |
|---|---|---|---|---|
| Board of County Commissioners of the County of Curry, New Mexico v. AmerisourceBergen Drug Corporation et al | 1:2019-op-45347 | NM | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| Board of County Commissioners of the County of Hidalgo, New Mexico v. AmerisourceBergen Drug Corporation et al | 1:2019-op-46069 | NM | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| Board of County Commissioners of the County of Lincoln, New Mexico v. AmerisourceBergen Drug Corporation et al | 1:2019-op-45513 | NM | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| Board of County Commissioners of the County of Mesa, The v. Sackler et al | 1:2019-op-45923; 1:19-cv-02783 | CO | Keller Rohrback LLP | USDC N.D. Ohio; USDC D. Colo. |
| Board of County Commissioners of Tillman County v. Cephalon, Inc. et al. | 1:2020-op-45185; 5:20-cv-00161; CJ-2020-2 | OK | Fulmer Sill, PLLC | USDC N.D. Ohio; USDC W.D. Okla.; Tillman County District Court, OK |
| Board of County Commissioners of Woods County v. Purdue Pharma LP et al | 1:2019-op-45987 | OK | Fulmer Sill, PLLC | USDC N.D. Ohio |
| Board of County Counselors for Elk County, Kansas et al v. Purdue Pharma L.P. et al | 1:2019-op-45382 | KS | Wagstaff & Cartmell | USDC N.D. Ohio |
| Bohannon (Sheriff of Jeff Davis County) [Georgia] v. Purdue Pharma L.P. et al | 1:2019-op-45161 | GA | Lieff Cabraser Heimann & Bernstein, LLP | USDC N.D. Ohio |
| Boone County, Missouri v. Purdue Pharma L.P. et al | 1:2019-op-45375 | MO | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| Bourbon County, Kansas v. AmerisourceBergen Drug Corporation et. al | 1:2018-op-45781 | KS | Wagstaff & Cartmell | USDC N.D. Ohio |
| Brantley County, Georgia v. AmerisourceBergen Drug Corporation et al | 1:2018-op-45714 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Bristol Township, Pennsylvania v. Purdue Pharma L.P. et al | 1:2019-op-45434 | PA | Skikos Crawford Skikos & Joseph, LLP | USDC N.D. Ohio |
| Brooks County Georgia v. Purdue Pharma LP et. al | 1:2018-op-45981 | GA | Conley Griggs Partin | USDC N.D. Ohio |
| Brown County [Wisconsin] et al v. Purdue Pharma LP et al<br>Crawford County<br>Iron County<br>Juneau County<br>Kewaunee County<br>Outagamie County<br>Ozaukee County<br>Pepin County<br>Portage County<br>Racine County<br>Richland County<br>Winnebago County | 1:2018-op-45117 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Buffalo County [Wisconsin] v. Purdue Pharma LP et al | 1:2017-op-45141 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Bulloch County, Georgia v. Amerisourcebergen Drug Corporation et al | 1:2018-op-45394 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |

| | | | | |
|---|---|---|---|---|
| Burke County, Georgia v. Purdue Pharma, L.P. et al | 1:2019-op-45207 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Burnett County [Wisconsin] v. Purdue Pharma LP et al | 1:2017-op-45131 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Butts County, Georgia v. AmerisourceBergen Drug Corporation et al | 1:2018-op-45490 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Cabarrus County [North Carolina] v. Purdue Pharma L.P. et al | 1:2018-op-45747 | NC | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Cahto Indian Tribe of the Laytonville Rancheria et al v. McKesson Corporation et al<br>Cher-Ae Heights Indian Community of the Trinidad Rancheria<br>Ewiiaapaayp Band of Kumeyaay Indians<br>Koi Nation of Northern California<br>Manchester Band of Pomo Indians of the Manchester Rancheria<br>Potter Valley Tribe<br>Resighini Rancheria | 1:2019-op-45038 | CA | Frazer PLC | USDC N.D. Ohio |
| Calcasieu Parish Police Jury [Louisiana] v. Purdue Pharma L.P. et al. | 1:2019-op-45445 | LA | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Callaway County, Missouri v. Purdue Pharma L.P. et al | 1:2019-op-45378 | MO | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| Calumet County [Wisconsin] v. Purdue Pharma LP et al | 1:2017-op-45142 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Camden County, Georgia v. AmerisourceBergen Drug Corporation et al | 1:2018-op-45717 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Candler County, Georgia v. Amerisourcebergen Drug Corporation et al | 1:2018-op-45165 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Cannon County, Tennessee v. Purdue Pharma L.P., et al | 1:18-op-45924 | TN | Lieff Cabraser Heimann & Bernstein, LLP | USDC N.D. Ohio |
| Canyon County [Idaho] v. Purdue Pharma LP et al | 1:2018-op-46277 | ID | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Cattaraugus County, NY v. Purdue Pharma L.P., et al. | 7:23-cv-06103; 75051/2022 | NY | Napoli Shkolnik PLLC | USDC S.D. NY; Westchester County, NY Supreme Court |
| Cayuga County, NY v. Purdue Pharma L.P., et al. | 7:23-cv-06106; 75041/2022 | NY | Napoli Shkolnik PLLC | USDC S.D. NY; Westchester County, NY Supreme Court |
| Cayuga Nation v. Cephalon, Inc. et al. | 1:2020-op-45153 | NY | Robins Kaplan LLP | USDC N.D. Ohio |
| Charlton County, Georgia v. AmerisourceBergen Drug Corporation et al | 1:2018-op-45713 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Charter Township of Pittsfield, Michigan v. Purdue Pharma L.P. et al | 1:2019-op-45566 | MI | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| Chautauqua County, NY v. Purdue Pharma L.P., et al. | 7:23-cv-06108; 75062/2022 | NY | Napoli Shkolnik PLLC | USDC S.D. NY; Westchester County, NY Supreme Court |

| | | | | |
|---|---|---|---|---|
| Chemung County, NY v. Purdue Pharma L.P., et al. | 7:23-cv-06109; 75049/2022 | NY | Napoli Shkolnik PLLC | USDC S.D. NY; Westchester County, NY Supreme Court |
| Chenango County, NY v. Purdue Pharma L.P., et al. | 7:23-cv-06120; 75046/2022 | NY | Napoli Shkolnik PLLC | USDC S.D. NY; Westchester County, NY Supreme Court |
| Cherokee County, Georgia v. Purdue Pharma, L.P. et al | 1:2019-op-45174 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Cheyenne River Sioux Tribe v. Purdue Pharma L.P. et al | 1:2019-op-45114 | SD | Domina Law Group<br><br>Krupnick Campbell Malone | USDC N.D. Ohio |
| Chippewa County [Wisconsin] v. Purdue Pharma LP et al | 1:2017-op-45132 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Chippewa Creek Tribe of the Rocky Boys Reservation v. Purdue Pharma L.P. et al | 1:2019-op-45395 | MT | Skikos Crawford Skikos & Joseph, LLP | USDC N.D. Ohio |
| Chitimacha Tribe of Louisiana v. Purdue Pharma L.P. et al | 1:2018-op-45825 | LA | Frazer PLC | USDC N.D. Ohio |
| City of Alexandria [Indiana] et al v. Purdue Pharma L.P. et al<br>City Of Elwood<br>Madison County | 1:2018-op-45151 | IN | Cohen & Malad, LLP | USDC N.D. Ohio |
| City of Alexandria, Louisiana v. Purdue Pharma, L.P. et al | 1:2018-op-46050 | LA | The Lanier Law Firm | USDC N.D. Ohio |
| City of Amory, Mississippi v. AmerisourceBergen Drug Corporation et al | 1:2019-op-45549 | MS | McHugh Fuller Law Group, PLLC | USDC N.D. Ohio |
| City of Amsterdam [New York] v. Purdue Pharma L.P. et al. | 1:2019-op-46162; 1:19-cv-00896; 2019-498 | NY | Napoli Shkolnik PLLC | USDC N.D. Ohio; USDC N.D.N.Y.; Supreme Court of Montgomery County, NY |
| City of Anadarko v. Purdue Pharma LP et al | 1:2020-op-45022 | OK | Fulmer Sill, PLLC | USDC N.D. Ohio |
| City of Auburn [New York] v. Purdue Pharma L.P. et al. | 1:2019-op-45843; 2:19-cv-03800; E2019-0669 | NY | Napoli Shkolnik PLLC | USDC N.D. Ohio; USDC E.D.N.Y.; Supreme Court of Cayuga County, NY |
| City of Austin, Indiana v. Purdue Pharma L. P., et al | 1:19-op-45739 | IN | Dudenhefer Law Firm<br>Jenner & Pattison | USDC N.D. Ohio |
| City of Bainbridge Georgia v. AmerisourceBergen Drug Corporation, et al | 1:2018-op-45383 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| City of Bastrop, Louisiana v. Purdue Pharma, L.P. et. al | 1:2018-op-45771 | LA | The Lanier Law Firm | USDC N.D. Ohio |
| City of Blakely, Georgia v. AmerisourceBergen Drug Corp., et. al.<br>City of Arlington, Georgia<br>City of Damascus, Georgia | 1:19-op-45129-DAP | GA | Friedman, Dazzio, Zulanas & Bowling, PC | USDC N.D. Ohio |
| City of Bloomington [Indiana] et al v. Purdue Pharma L.P. et al<br>Monroe County | 1:2018-op-45235 | IN | Cohen & Malad, LLP | USDC N.D. Ohio |

| Case | Number | State | Law Firm | Court |
|---|---|---|---|---|
| City of Brookhaven, Mississippi v. Amerisourcebergen Drug Corporation et al | 1:2019-op-46143 | MS | McHugh Fuller Law Group, PLLC | USDC N.D. Ohio |
| City of Buffalo v. Purdue Pharma L.P. et al. | 1:2019-op-46104; 1:19-cv-01517; 090519-E31 | NY | Napoli Shkolnik PLLC | USDC N.D. Ohio; USDC W.D.N.Y.; Supreme Court of Erie County, NY |
| City of Calais, Maine v. Amerisourcebergen Drug Corporation et al | 1:2020-op-45051 | ME | Napoli Shkolnik PLLC | USDC N.D. Ohio |
| City of Canton et al v. Purdue Pharma L.P. et al<br>Chatham County, North Carolina | 1:2019-op-45462 | NC | Bird Law Group, PC | USDC N.D. Ohio |
| City of Charleston v. Purdue Pharma L.P. et al | 2019-CP-10-04294 | SC | Senn Legal, LLC | Court of Common Pleas for Charleston County, SC |
| City of Childersburg, Alabama v. AmerisourceBergen Drug Corporation, et al. | 1:22-op-45020-DAP | AL | Montgomery Ponder, LLC | USDC N.D. Ohio |
| City of Chula Vista, California v. Amerisourcebergen Drug Corporation et al | 1:2019-op-45750 | CA | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| City of Clearlake et al v. Amerisourcebergen Drug Corporation et al | 1:2020-op-45251 | CA | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| City of Columbus v. Purdue Pharma L.P. et. al | 1:2018-op-45048 | OH | Carpenter Lipps and Leland LLP | USDC N.D. Ohio |
| City of Connersville [Indiana] et al v. Purdue Pharma L.P. et al<br>Fayette County | 1:2018-op-45159 | IN | Cohen & Malad, LLP | USDC N.D. Ohio |
| City of Covington, Kentucky v. Purdue Pharma, L.P., et. al. | 1:18-op-45967-DAP | KY | Brindisi, Murad, Brindisi & Pearlman, LLP<br><br>Cherundolo Law Firm, PLLC | USDC N.D. Ohio |
| City of Danville, Virginia v. AmerisourceBergen Drug Corporation et al | 1:2019-op-45730 | VA | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| City of East Lansing, Michigan v. Purdue Pharma L.P. et al | 1:2018-op-45902 | MI | Weitz & Luxenberg | USDC N.D. Ohio |
| City of El Reno v. Cephalon, Inc. et al | 1:2020-op-45252; 5:20-cv-00852; CJ-2020-382 | OK | Fulmer Sill, PLLC | USDC N.D. Ohio; USDC W.D. Okla.; Canadian County District Court, OK |
| City of Elk City v. Cephalon, Inc., et al. | 1:21-op-45017; CJ-20-101 | OK | Fulmer Sill, PLLC<br>McAfee & Taft | USDC N.D. Ohio; District Court of Beckham County, OK |
| City of Enid v. Purdue Pharma LP et al | 1:2019-op-45717 | OK | Fulmer Sill, PLLC | USDC N.D. Ohio |

| | | | | |
|---|---|---|---|---|
| City of Escanaba, Michigan v. Purdue Pharma L.P. et al | 1:2018-op-45068 | MI | Weitz & Luxenberg | USDC N.D. Ohio |
| City of Española, New Mexico v. AmerisourceBergen Drug Corporation et al | 1:2019-op-46142 | NM | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| City of Eunice, Louisiana v. Purdue Pharma, L.P. et. al | 1:2018-op-46328 | LA | The Lanier Law Firm | USDC N.D. Ohio |
| City of Fairfield, Ohio v. AmerisourceBergen Drug Corporation et al | 1:2019-op-45742 | OH | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| City of Fitzgerald, Georgia v. AmerisourceBergen Drug Corporation et al | 1:2018-op-45603 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| City of Franklin [Indiana] et al. v. Purdue Pharma L.P. et al<br>City of Richmond<br>Town of Pendleton | 1:2018-op-46182 | IN | Cohen & Malad, LLP | USDC N.D. Ohio |
| City of Gainesville, Georgia v. AmerisourceBergen Drug Corporation et al | 1:2018-op-45486 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| City of Geneva, New York v. Purdue Pharma, L.P., et. al. | 1:2019-op-45214 | NY | Brindisi, Murad, Brindisi & Pearlman, LLP | USDC N.D. Ohio |
| City of Grand Rapids, Michigan v. Purdue Pharma L.P. et al | 1:2018-op-45406 | MI | Weitz & Luxenberg | USDC N.D. Ohio |
| City of Greeley v. Sackler et al | 1:2019-op-45977; 1:19-cv-02884 | CO | Keller Rohrback LLP | USDC N.D. Ohio; USDC D. Colo. |
| City of Haleyville, Alabama v. Amerisourcebergen Drug Corporation et al | 1:2019-op-46118 | AL | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| City of Harrisburg, Illinois v. Purdue Pharma L.P. et. al | 1:2018-op-45594 | IL | Sanders Phillips Grossman, LLC | USDC N.D. Ohio |
| City of Hazleton, Pennsylvania v. Purdue Pharma L.P. et al | 1:2019-op-45724; 3:19-cv-01398 | PA | Brindisi, Murad, Brindisi & Pearlman, LLP | USDC N.D. Ohio; USDC M.D. Pa. |
| City of Herrin, Illinois v. Teva Pharmaceutical Industries, Ltd. et al | 1:2020-op-45192 | IL | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA | USDC N.D. Ohio |
| City of Hoover v. Purdue Pharma L P et al | 1:2019-op-45746 | AL | Wallace, Jordan, Ratliff & Brandt, LLC | USDC N.D. Ohio |
| City of Indianapolis [Indiana] et al. v. Purdue Pharma L.P. et al<br>Marion County | 1:2017-op-45091 | IN | Cohen & Malad, LLP | USDC N.D. Ohio |
| City of Inez, KY v. Amerisourcebergen Drug Corporation et al | 1:2019-op-45499 | KY | Friedman, Dazzio, Zulanas & Bowling, PC | USDC N.D. Ohio |
| City of Iron Mountain [Michigan] v. Purdue Pharma L.P. et al. | 1:2018-op-45344 | MI | Weitz & Luxenberg | USDC N.D. Ohio |
| City of Ithaca, NY v. Purdue Pharma L.P., et al. | 7:23-cv-06115; 75012/2022 | NY | Napoli Shkolnik PLLC | USDC S.D. NY; Westchester County, NY Supreme Court |

| City of Kansas City, Missouri v. Purdue Pharma, L.P. et al | 1:2018-op-46029 | MO | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
|---|---|---|---|---|
| City of Kenosha, Wisconsin v. AmerisourceBergen Drug Corporation et al | 1:2020-op-45011 | WI | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| City of Kingston v. Purdue Pharma L.P. et al | 7:23-cv-06126; 75056/2022; 400001/2020; EF2020-803 | NY | Napoli Shkolnik PLLC | USDC S.D. NY; Westchester City Supreme Court, NY; Suffolk County Supreme Court, NY; Ulster County Supreme Court, NY |
| City of Lackawanna, New York v. Purdue Pharma L.P. et al | 1:2019-op-45303 | NY | Brindisi, Murad, Brindisi & Pearlman, LLP | USDC N.D. Ohio |
| City of Lafayette [Indiana] v. Purdue Pharma L.P. et al | 1:2017-op-45081 | IN | Cohen & Malad, LLP | USDC N.D. Ohio |
| City of Lake Charles [Louisiana] v. Purdue Pharma L.P. et al. | 1:2019-op-45449 | LA | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| City of Lakeport et al v. Amerisourcebergen Drug Corporation et al | 1:2020-op-45242 | CA | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| City of Lansing, Michigan v. Purdue Pharma L.P. et al | 1:2018-op-45054 | MI | Weitz & Luxenberg | USDC N.D. Ohio |
| City of Lawton v. Purdue Pharma LP et al | 1:2019-op-45500 | OK | Fulmer Sill, PLLC | USDC N.D. Ohio |
| City of Lincoln, Alabama v. Actavis LLC et. al | 1:2018-op-45786 | AL | Montgomery Ponder, LLC | USDC N.D. Ohio |
| City of Madison, Indiana v. Purdue Pharma L. P., et al | 1:19-op-45740 | IN | Dudenhefer Law Firm Jenner & Pattison | USDC N.D. Ohio |
| City of Mandeville v. Purdue Pharma LP, et al | 1:2019-op-45753 | LA | Leger & Shaw | USDC N.D. Ohio |
| City of Manter, Stanton County, Kansas v. Purdue Pharma L.P. et al | 1:2019-op-45389 | KS | Wagstaff & Cartmell | USDC N.D. Ohio |
| City of Marion, Illinois v. Teva Pharmaceutical Industries, Ltd. et al | 1:2020-op-45215 | IL | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA | USDC N.D. Ohio |
| City of Memphis [Tennessee] v. Purdue Pharma, L.P. et al | 1:2019-op-45220 | TN | Johnson and Johnson, PLLC<br><br>O'Leary, Shelton, Corrigan, Peterson, Dalton & Quillin, LLC<br><br>Bosley & Associates, LLC<br><br>Law Office of Bernard L. Charbonnet, APLC | USDC N.D. Ohio |
| City of Middletown v. Purdue Pharma L.P. et al | 1:2019-op-45651 | CT | Scott + Scott | USDC N.D. Ohio |
| City of Milledgeville, Georgia v. AmerisourceBergen Drug Corporation et al | 1:2018-op-45495 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |

| City of Milwaukee, Wisconsin v. AmerisourceBergen Drug Corporation et al | 1:2020-op-45044 | WI | Napoli Shkolnik PLLC | USDC N.D. Ohio |
|---|---|---|---|---|
| City of Mount Vernon, NY v. Purdue Pharma L.P., et al. | 7:23-cv-06136; 75043/2022 | NY | Napoli Shkolnik PLLC | USDC S.D. NY; Westchester County, NY Supreme Court |
| City of Muskogee v. Cephalon, Inc. et al | 1:2020-op-45162; 6:20-cv-00082; CJ-2020-78 | OK | Fulmer Sill, PLLC | USDC N.D. Ohio; USDC E.D. Okla.; Muskogee County District Court, OK |
| City of Myrtle Beach v. Purdue Pharma L.P. et al. | 2019-CP-26-05556 | SC | Marc J. Bern & Partners LLP | Court of Common Pleas for Horry County, SC |
| City of New Castle [Indiana] v. Purdue Pharma L.P. et al | 1:2018-op-45016 | IN | Cohen & Malad, LLP | USDC N.D. Ohio |
| City of New Roads, Louisiana v. Purdue Pharma L.P. et al | 1:2019-op-45011 | LA | Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC | USDC N.D. Ohio |
| City of Norfolk, VA v. AmerisourceBergen Drug Corporation et al | 1:2019-op-45926 | VA | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| City of North Charleston [South Carolina] v. Purdue Pharma L.P. et al. | 2019-CP-10-03978 | SC | Senn Legal, LLC | Court of Common Pleas for Charleston County, SC |
| City of Norwich v. Purdue Pharma L.P. et al | 1:2019-op-45840 | CT | Scott + Scott | USDC N.D. Ohio |
| City of Ogdensburg [New York] v. Purdue Pharma L.P. et al. | 1:2019-op-45852; 8:19-cv-00782; EFCV-19-155727; | NY | Napoli Shkolnik PLLC | USDC N.D. Ohio; USDC N.D.N.Y.; Supreme Court of St. Lawrence County, NY |
| City of Opelousas, Louisiana v. Purdue Pharma L.P. et al. | 1:2019-op-45685 | LA | The Lanier Law Firm | USDC N.D. Ohio |
| City of Ormond Beach, Florida v. Amerisourcebergen Drug Corporation et al | 1:2019-op-46121 | FL | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| City of Overland Park, Kansas v. AmerisourceBergen Drug Corporation et. al | 1:2018-op-46287 | KS | Wagstaff & Cartmell | USDC N.D. Ohio |
| City of Philadelphia, Mississippi v. Purdue Pharma L.P. et. al | 1:2018-op-45279 | MS | Bossier & Associates, PLLC | USDC N.D. Ohio |
| City of Pineville, Louisiana v. Purdue Pharma, L.P. et. al | 1:2019-op-45037 | LA | The Lanier Law Firm | USDC N.D. Ohio |
| City of Ponca City v. Purdue Pharma LP et al | 1:2019-op-45495 | OK | Fulmer Sill, PLLC | USDC N.D. Ohio |
| City of Pontiac, Michigan v. AmerisourceBergen Drug Corporation et al | 1:2019-op-46183 | MI | Napoli Shkolnik PLLC | USDC N.D. Ohio |
| City of Portsmouth v. McKesson Corporation et al. | 1:2019-op-45856 | VA | Scott + Scott | USDC N.D. Ohio |

| | | | | |
|---|---|---|---|---|
| City of Poughkeepsie [New York] v. Purdue Pharma L.P. et al. | 1:2019-op-46163; 1:19-cv-06800; 2019-51786 | NY | Napoli Shkolnik PLLC | USDC N.D. Ohio; USDC S.D.N.Y.; Supreme Court of Dutchess County, NY |
| City of Prestonsburg v. AmerisourceBergen Drug Corporation, et al | 1:2019-op-45294 | KY | Friedman, Dazzio, Zulanas & Bowling, PC | USDC N.D. Ohio |
| City of Princeton, Illinois v. Actavis LLC et. al | 1:2018-op-45599 | IL | Sanders Phillips Grossman, LLC | USDC N.D. Ohio |
| City of Rainsville, Alabama et. al v. AmerisourceBergen Drug Corporation et. al<br><br>Town of Hammondville, Alabama | 1:2019-op-45135 | AL | Friedman, Dazzio, Zulanas & Bowling, PC | USDC N.D. Ohio |
| City of Richmond v. AmerisourceBergen Drug Corporation et al | 1:2019-op-45546 | VA | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| City of Rochester [New York] v. Purdue Pharma L.P. et al. | 1:2019-op-45853; 6:19-cv-06490; E2019005178; ; | NY | Napoli Shkolnik PLLC | USDC N.D. Ohio; USDC W.D.N.Y.; Supreme Court of Monroe County, NY |
| City of Rome et. al v. Purdue Pharma L.P. et. al<br>Floyd County, Georgia<br>Chattooga County, Georgia<br>Whitfield County, Georgia<br>City of Cartersville, Georgia<br>City of Ashburn, Georgia<br>City of Calhoun, Georgia<br>City of Chatsworth, Georgia<br>Colquitt County, Georgia<br>City of Dawsonville, Georgia<br>Gordon County, Georgia<br>City of Helen, Georgia<br>City of Jackson, Georgia<br>City of Marietta, Georgia<br>City of McDonough, Georgia<br>City of Moultrie, Georgia<br>Murray County, Georgia<br>City of Snellville, Georgia<br>City of Ringgold, Georgia<br>Telfair County, Georgia<br>City of Valdosta, Georgia<br>Villa Rica, Georgia<br>City of Winder, Georgia<br>City of Woodstock, Georgia | 1:2018-op-45282 | GA | Bird Law Group, PC | USDC N.D. Ohio |
| City of Rome, New York et. al v. Purdue Pharma L.P. et. al | 1:2019-op-45284 | NY | Brindisi, Murad, Brindisi & Pearlman, LLP | USDC N.D. Ohio |
| City Of San Jose v. Amerisourcebergen Drug Corporation et al | 1:2019-op-45768 | CA | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |

| | | | | |
|---|---|---|---|---|
| City of Saratoga Springs [New York] v. Purdue Pharma L.P. et al. | 1:2019-op-45857; 1:19-cv-00789; 20191805; | NY | Napoli Shkolnik PLLC | USDC N.D. Ohio; USDC N.D.N.Y.; Supreme Court of Saratoga County, NY |
| City of Sedalia, Pettis County, Missouri v. Purdue Pharma, L.P., et al | 1:2020-op-45152 | MO | Wagstaff & Cartmell | USDC N.D. Ohio |
| City of Slidell [Louisiana] v. Purdue Pharma L.P. et al. | 1:2019-op-45769; 2:19-cv-11771; 2019-13022 | LA | E Cotten Schmidt | USDC N.D. Ohio; USDC E.D. La.; St. Tammany Parish District Court, LA |
| City of South Sioux City, Nebraska v. AmerisourceBergen Drug Corporation et al | 1:2019-op-45553 | NE | Hill, Peterson, Carper, Bee & Deitzler, PLLC | USDC N.D. Ohio |
| City of Springfield, Georgia v. Purdue Pharma, L.P. et al | 1:2019-op-45199 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| City of St. Albans, VT v. AmerisourceBergen Drug Corporation et al | 1:2019-op-45721 | VT | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| City of Syracuse, New York v. Purdue Pharma, L.P., et.al. | 1:2018-op-46169 | NY | Brindisi, Murad, Brindisi & Pearlman, LLP | USDC N.D. Ohio |
| City of Tifton Georgia v. AmerisourceBergen Drug Corporation et al | 1:2018-op-45454 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| City of Toledo v. Purdue Pharma LP et. al | 1:2017-op-45005 | OH | Napoli Shkolnik PLLC | USDC N.D. Ohio |
| City of Tuscaloosa, Alabama v. Cardinal Health, Inc., et al. | 1:18-op-45553-DAP | AL | Rosen Harwood, PA | USDC N.D. Ohio |
| City of Utica, New York v. Purdue Pharma, L.P., et. al | 1:18-op-46359-DAP | NY | Brindisi, Murad, Brindisi & Pearlman, LLP | USDC N.D. Ohio |
| City of West Frankfort, Illinois v. Teva Pharmaceutical Industries, Ltd. et al | 1:2020-op-45191 | IL | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA | USDC N.D. Ohio |
| City of West Lafayette [Indiana] v. Purdue Pharma LP et al | 1:2018-op-45300 | IN | Cohen & Malad, LLP | USDC N.D. Ohio |
| City of Wichita, Kansas et al v. Purdue Pharma, L.P. et al | 1:2019-op-45781 | KS | Wagstaff & Cartmell | USDC N.D. Ohio |
| City of Wiggins, Mississippi v. Amerisourcebergen Drug Corporation et al | 1:2019-op-45576 | MS | McHugh Fuller Law Group, PLLC | USDC N.D. Ohio |
| Claiborne County, Mississippi v. Purdue Pharma, L.P. et. al | 1:2018-op-45035 | MS | The Diaz Law Firm, PLLC  Simmons & Simmons, PLLC  Blackmon & Blackmon, PLLC | USDC N.D. Ohio |
| Claiborne County, Tennessee v. Amerisourcebergen Drug Corporation et al | 1:2019-op-45658 | TN | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |

| | | | | |
|---|---|---|---|---|
| Clark County [Wisconsin] v. Purdue Pharma LP et al | 1:2017-op-45150 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Clarke County, Mississippi v. Purdue Pharma, L.P. et. al | 1:2018-op-45278 | MS | Bossier & Associates, PLLC | USDC N.D. Ohio |
| Clay County, Alabama v. Cardinal Health, Inc. et. al | 1:2018-op-45248 | AL | Montgomery Ponder, LLC | USDC N.D. Ohio |
| Clay County, Georgia v. Purdue Pharma, L.P. et al | 1:2019-op-45194 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Cleveland County [North Carolina] v. Purdue Pharma L.P. et al | 1:2018-op-45304 | NC | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Cleveland County Board of Commissioners v. Cephalon, Inc., et al. | 1:2020-op-45009; 5:19-cv-01166; CJ-2019-592 | OK | Pierce Couch Hendrickson Baysinger & Green, LLP | USDC N.D. Ohio; USDC W.D. Okla.; District Court of Cleveland County, OK |
| Clinch County, Georgia v. Purdue Pharma, L.P. et al | 1:2019-op-45197 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Clinton County Board of Commissioners v. Purdue Pharma, L.P., et al. | 1:18-op-45060-DAP; 2:17-cv-01117 | OH | Gibbs Law Group | USDC N.D. Ohio |
| Clinton County, Missouri v. Allergan PLC et al | 1:2020-op-45130; 4:19-cv-03169; 1922-CC11604 | MO | Edgar Law Firm | USDC N.D. Ohio; USDC E.D. Mo.; 22nd Judicial Circuit, The City of St. Louis County, MO |
| Clinton County, NY v. Purdue Pharma L.P., et al. | 7:23-cv-06113; 75013/2022 | NY | Napoli Shkolnik PLLC | USDC S.D. NY; Westchester County, NY Supreme Court |
| Coal County Board of County Commissioners v. Purdue Pharma, LP et al | 1:2020-op-45149 | OK | Fulmer Sill, PLLC | USDC N.D. Ohio |
| Cobb County [Georgia] v. Purdue Pharma, L.P. et al | 1:2018-op-45817; 1:18-cv-02865-ML | GA | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Coeur d'Alene Tribe v. Purdue Pharma L.P. et al | 1:2019-op-45115 | ID | Skikos, Crawford, Skikos & Joseph LLP | USDC N.D. Ohio |
| Columbia County [Wisconsin] v. Purdue Pharma LP et al | 1:2017-op-45118 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Columbia County Georgia v. AmerisourceBergen Drug Corporation et al | 1:2018-op-45607 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Comanche Nation v. Purdue Pharma L.P. et al | 1:2019-op-45442 | OK | Skikos Crawford Skikos & Joseph, LLP | USDC N.D. Ohio |
| Confederated Tribes of the Colville Reservation v. Purdue Pharma L.P. et al | 1:2019-op-45312 | WA | Skikos Crawford Skikos & Joseph, LLP | USDC N.D. Ohio |
| Confederated Tribes of Warm Springs v. Purdue Pharma L.P. et al | 1:2019-op-45069 | OR | Skikos Crawford Skikos & Joseph, LLP | USDC N.D. Ohio |
| Cook County Georgia v. AmerisourceBergen Drug Corporation et al | 1:2018-op-45284 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Cortland County, NY v. Purdue Pharma L.P., et al. | 7:23-cv-06121; 75028/2022 | NY | Napoli Shkolnik PLLC | USDC S.D. NY; Westchester County, NY Supreme Court |

| County of Abbeville v. Rite Aid of South Carolina, Inc., et al. | 2019-CP-01-00154 | SC | Finger, Melnick & Brooks, P.A. | Court of Common Pleas, Eighth Judicial Circuit, County of Abbeville, SC |
|---|---|---|---|---|
| County of Aiken v. Rite Aid of South Carolina, Inc., et al. | 2019-CP-02-01086 | SC | Harrison White, P.C. | Court of Common Pleas, Second Judicial Circuit, County of Aiken, SC |
| County of Alcona, Michigan v. Purdue Pharma L.P. et al | 1:2018-op-45340 | MI | Weitz & Luxenberg | USDC N.D. Ohio |
| County of Alger, Michigan v. Purdue Pharma L.P. et al | 1:2018-op-45360 | MI | Weitz & Luxenberg | USDC N.D. Ohio |
| County of Allendale v. Rite Aid of South Carolina, Inc., et al. | 2018-CP-03-00125 | SC | Gooding & Gooding, P.A. | Court of Common Pleas, Fourteenth Judicial Circuit, County of Allendale, SC |
| County of Alpena, Michigan v. Purdue Pharma L.P. et al | 1:2018-op-45871 | MI | Weitz & Luxenberg | USDC N.D. Ohio |
| County of Anderson v. Rite Aid of South Carolina, Inc., et al. | 2018-CP-04-01108 | SC | Harrison White, P.C. | Court of Common Pleas, Tenth Judicial Circuit, County of Anderson, SC |
| County of Anoka, Minnesota v. Purdue Pharma L.P. et al | 1:2018-op-45101 | MN | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| County of Antrim, Michigan v. Purdue Pharma L.P. et al | 1:2018-op-45354 | MI | Weitz & Luxenberg | USDC N.D. Ohio |
| County of Arenac, Michigan v. Purdue Pharma L.P. et al | 1:2018-op-45341 | MI | Weitz & Luxenberg | USDC N.D. Ohio |
| County of Ballard Kentucky v. Purdue Pharma, L.P. et al | 1:2018-op-45593 | KY | Friedman, Dazzio, Zulanas & Bowling, PC | USDC N.D. Ohio |
| County of Bamberg v. Rite Aid of South Carolina, Inc., et al. | 2018-CP-05-00189 | SC | Williams & Williams | Court of Common Pleas, Second Judicial Circuit, County of Bamberg, SC |
| County of Barnwell v. Rite Aid of South Carolina, Inc., et al. | 2018-CP-06-00329 | SC | Williams & Williams | Court of Common Pleas, Second Judicial Circuit, County of Barnwell, SC |
| County of Beaufort v. Rite Aid of South Carolina, Inc., et al. | 2018-CP-07-01245 | SC | Finger, Melnick & Brooks, P.A. | Court of Common Pleas, Fourteenth Judicial Circuit, County of Beaufort, SC |
| County of Benzie, Michigan v. Purdue Pharma L.P. et al | 1:2018-op-45356 | MI | Weitz & Luxenberg | USDC N.D. Ohio |

| | | | | |
|---|---|---|---|---|
| County of Calhoun v. Rite Aid of South Carolina, Inc., et al. | 2019-CP-09-00065 | SC | Whetstone Perkins & Fulda, LLC | Court of Common Pleas, First Judicial Circuit, County of Calhoun, SC |
| County of Charlevoix, Michigan v. Purdue Pharma L.P. et al | 1:2018-op-45897 | MI | Weitz & Luxenberg | USDC N.D. Ohio |
| County of Cherokee v. Rite Aid of South Carolina, Inc., et al. | 2018-CP-11-00503 | SC | Harrison White, P.C. | Court of Common Pleas, Seventh Judicial Circuit, County of Cherokee, SC |
| County of Chesterfield v. Rite Aid of South Carolina, Inc., et al. | 2018-CP-13-00410 | SC | Savage Royall & Sheheen L.L.P. | Court of Common Pleas, Fourth Judicial Circuit, County of Chesterfield, SC |
| County of Childress, Texas v. Purdue Pharma LP et. al | 1:2018-op-45229 | TX | Haley & Olson, PC<br><br>Harrison Davis Steakley Morrison Jones, PC | USDC N.D. Ohio |
| County of Clarendon v. Rite Aid of South Carolina, Inc., et al. | 2019-CP-14-00236 | SC | Law Office of Cezar McKnight | Court of Common Pleas, Third Judicial Circuit, County of Clarendon, SC |
| County of Clay, Texas v. Purdue Pharma LP et. al | 1:2018-op-45169 | TX | Haley & Olson, PC<br><br>Harrison Davis Steakley Morrison Jones, PC | USDC N.D. Ohio |
| County of Clinton, Michigan v. Purdue Pharma L.P. et al | 1:2018-op-45889 | MI | Weitz & Luxenberg | USDC N.D. Ohio |
| County of Colleton v. Rite Aid of South Carolina, Inc., et al. | 2018-CP-15-00276 | SC | Peters Murdaugh Parker Eltzroth & Detrick P.A. | Court of Common Pleas, Fourteenth Judicial Circuit, County of Colleton, SC |
| County of Coryell v. Johnson & Johnson, et al. | 1:22-op-45009; ; 4:21-cv-3351; MDL Pretrial Cause No. 2018-77097; Master File No. 2018-63587 | TX | SIMON GREENSTONE PANATIER, PC | USDC N.D. Ohio; ; USDC S.D. Texas; 52nd Judicial District Coryell County, TX; 152nd Judicial Court of Harris County, TX |

| | | | | |
|---|---|---|---|---|
| County of Curry v. Purdue Pharma, LP et al | 1:2019-op-45512 | OR | D'Amore Law Group<br>D'Amore Law Group, PC<br>4230 Galewood Street, Suite 200<br>Lake Oswego, OR 97035 | USDC N.D. Ohio |
| County of Delta, Michigan v. Purdue Pharma L.P. et al | 1:2018-op-45067 | MI | Weitz & Luxenberg | USDC N.D. Ohio |
| County of Dickinson, Michigan v. Purdue Pharma L.P. et al | 1:2018-op-45342 | MI | Weitz & Luxenberg | USDC N.D. Ohio |
| County of Dillon v. Rite Aid of South Carolina, Inc., et al. | 2019-CP-17-00213 | SC | Whetstone Perkins & Fulda, LLC | Court of Common Pleas, Fourth Judicial Circuit, County of Dillon, SC |
| County of Dorchester v. Rite Aid of South Carolina, Inc., et al. | 2018-CP-18-01122 | SC | Savage Law Firm | Court of Common Pleas, First Judicial Circuit, County of Dorchester, SC |
| County of Edgefield v. Rite Aid of South Carolina, Inc., et al. | 2019-CP-19-00120 | SC | Harrison White, P.C. | Court of Common Pleas, Eleventh Judicial Circuit, County of Edgefield, SC |
| County of Fairfield v. Rite Aid of South Carolina, Inc., et al. | 2018-CP-20-00272 | SC | Savage Royall & Sheheen L.L.P. | Court of Common Pleas, Sixth Judicial Circuit, County of Fairfield, SC |
| County of Florence v. Rite Aid of South Carolina, Inc., et al. | 2019-CP-21-01213 | SC | Harrison White, P.C. | Court of Common Pleas, Twelfth Judicial Circuit, County of Florence, SC |
| County of Franklin [Texas] v. Purdue Pharma L.P. et. al | 1:2018-op-45302 | TX | SIMON GREENSTONE PANATIER, PC | USDC N.D. Ohio |
| County of Freestone v. Purdue Pharma L.P. et al | 1:2019-op-45985 | TX | The Beckham Group | USDC N.D. Ohio |
| County of Gratiot, Michigan v. Purdue Pharma L.P. et al | 1:2018-op-45339 | MI | Weitz & Luxenberg | USDC N.D. Ohio |
| County of Greenville v. Rite Aid of South Carolina, Inc., et al. | 2018-CP-23-01294 | SC | Harrison White, P.C.; Marc J. Bern & Partners LLP | Court of Common Pleas, Thirteenth Judicial Circuit, County of Greenville, SC |
| County of Greenwood v. Rite Aid of South Carolina, Inc., et al. | 2018-CP-24-00775 | SC | Harrison White, P.C.; Marc J. Bern & Partners LLP | Court of Common Pleas, Eighth Judicial Circuit, County of Greenwood, SC |

| | | | | |
|---|---|---|---|---|
| County of Hampton v. Rite Aid of South Carolina, Inc., et al. | 2018-CP-25-00258 | SC | Peters Murdaugh Parker Eltzroth & Detrick, P.A.; Marc J. Bern & Partners LLP | Court of Common Pleas, Fourteenth Judicial Circuit, County of Hampton, SC |
| County of Harvey [Kansas] v. Purdue Pharma L.P. et. al | 1:2018-op-45848 | KS | Ochs Law Firm | USDC N.D. Ohio |
| County of Hawaii v. Endo Health Solutions Inc. et al | 1:2020-op-45014; 1:19-cv-00581; 3CC191000156 | HI | Hawaii Accident Law Center | USDC N.D. Ohio; USDC D. Haw.; Third Judicial Circuit for Hawai'i County, HI |
| County of Horry v. Rite Aid of South Carolina, Inc., et al. | 2019-CP-26-02684 | SC | Whetstone Perkins & | Court of Common |
| County of Houghton, Michigan v. Purdue Pharma L.P. et al | 1:2018-op-45866 | MI | Weitz & Luxenberg | USDC N.D. Ohio |
| County of Hudson v. Purdue Pharma L.P. et. al | 1:2018-op-45937 | NJ | Sanders Phillips Grossman, LLC  Eisbrouch Marsh, LLC | USDC N.D. Ohio |
| County of Huerfano v. Purdue Pharma L.P. et. al | 1:2018-op-45168 | CO | Skikos Crawford Skikos & Joseph, LLP | USDC N.D. Ohio |
| County of Ingham, Michigan v. Purdue Pharma L.P. et al | 1:2018-op-46178 | MI | Weitz & Luxenberg | USDC N.D. Ohio |
| County of Iron, Michigan v. Purdue Pharma L.P. et al | 1:2018-op-45888 | MI | Weitz & Luxenberg | USDC N.D. Ohio |
| County of Isabella, Michigan v. Purdue Pharma L.P. et al | 1:2018-op-45349 | MI | Weitz & Luxenberg | USDC N.D. Ohio |
| County of Jasper v. Rite Aid of South Carolina, Inc., et al. | 2018-CP-27-00332 | SC | Peters Murdaugh Parker Eltzroth & Detrick, P.A. | Court of Common Pleas, Fourteenth Judicial Circuit, County of Jasper, SC |
| County of Jefferson, NY v. Purdue Pharma L.P. et al. | 1:2019-op-45437 | NY | Sanford Heisler Sharp, LLC | USDC N.D. Ohio |
| County of Jones [Texas] v. Purdue Pharma LP et al | 1:2018-op-45139 | TX | Haley & Olson, PC  Harrison Davis Steakley Morrison Jones, PC | USDC N.D. Ohio |
| County of Kalamazoo v. Purdue Pharma L.P. et al | 1:2019-op-45561 | MI | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| County of Kauai [Hawaii] v. Purdue Pharma L.P. et al. | 1:2019-op-45862; 1:19-cv-00377; 5CC191000075 | HI | Hawaii Accident Law Center | USDC N.D. Ohio; USDC D. Haw.; Fifth Judicial Circuit for Kaua'I County, HI |

| | | | | |
|---|---|---|---|---|
| County of Kendall v. Johnson & Johnson, et al. | 1:22-op-45010; ; 4:21-cv-3354; MDL Pretrial Cause No. 2018-77023; Master File No. 2018-63587 | TX | SIMON GREENSTONE PANATIER, PC | USDC N.D. Ohio; ; USDC S.D. Texas; 451st Judicial District Kendall County, TX; 152nd Judicial Court of Harris County, TX |
| County of Kent, Michigan v. Purdue Pharma L.P. et al | 1:2019-op-45000 | MI | Weitz & Luxenberg | USDC N.D. Ohio |
| County of Kershaw v. Rite Aid of South Carolina, Inc., et al. | 2018-CP-28-00553 | SC | Savage Royall & Sheheen L.L.P.; Marc J. Bern & Partners LLP | Court of Common Pleas, Fifth Judicial Circuit, County of Kershaw, SC |
| County of La Salle, Texas v. Purdue Pharma, L.P. | 1:2018-op-45234 | TX | Haley & Olson, PC<br><br>Harrison Davis Steakley Morrison Jones, PC | USDC N.D. Ohio |
| County of Lake v. Purdue Pharma L.P. et. Al | 1:2018-op-45032 | OH | Napoli Shkolnik PLLC | USDC N.D. Ohio |
| County of Lake, Michigan v. Purdue Pharma L.P. et al | 1:2018-op-45366 | MI | Weitz & Luxenberg | USDC N.D. Ohio |
| County of Lamar v. Purdue Pharma L.P. et. al | 1:2017-op-45162 | TX | SIMON GREENSTONE PANATIER, PC | USDC N.D. Ohio |
| County of Lancaster v. Rite Aid of South Carolina, Inc., et al. | 2019-CP-29-00540 | SC | Whetstone Perkins & Fulda, LLC; Harrison White, P.C. | Court of Common Pleas, Sixth Judicial Circuit, County of Lancaster, SC |
| County of Laurens v. Rite Aid of South Carolina, Inc., et al. | 2018-CP-30-00606 | SC | Harrison White, P.C.; Marc J. Bern & Partners LLP | Court of Common Pleas, Eighth Judicial Circuit, County of Laurens, SC |
| County of Lee v. Rite Aid of South Carolina, Inc., et al. | 2018-CP-31-00207 | SC | Savage Royall & Sheheen L.L.P.; Marc J. Bern & Partners LLP | Court of Common Pleas, Third Judicial Circuit, County of Lee, SC |
| County of Leelanau, Michigan v. Purdue Pharma L.P. et al | 1:2018-op-45111 | MI | Weitz & Luxenberg | USDC N.D. Ohio |
| County of Lenawee, Michigan v. Purdue Pharma L.P. et al | 1:2018-op-45351 | MI | Weitz & Luxenberg | USDC N.D. Ohio |
| County of Lexington v. Rite Aid of South Carolina, Inc., et al. | 2018-CP-32-02207 | SC | Simmons Law Firm, LLC | Court of Common Pleas, Eleventh Judicial Circuit, County of Lexington, SC |
| County of Luce, Michigan v. Purdue Pharma L.P. et al | 1:2018-op-45362 | MI | Weitz & Luxenberg | USDC N.D. Ohio |
| County of Lycoming, Pennsylvania v. Purdue Pharma L.P., et al. | 1:2019-op-45655; 4:19cv1039; | PA | Brindisi, Murad, Brindisi & Pearlman, LLP | USDC N.D. Ohio; USDC M.D. Pa. |

| | | | | |
|---|---|---|---|---|
| County of Marion v. Rite Aid of South Carolina, Inc., et al. | 2019-CP-33-00299 | SC | Whetstone Perkins & Fulda, LLC; Harrison White, P.C. | Court of Common Pleas, Twelfth Judicial Circuit, County of Marion, SC |
| County of Marquette, Michigan v. Purdue Pharma L.P. et al | 1:2018-op-45104 | MI | Weitz & Luxenberg | USDC N.D. Ohio |
| County of McCormick v. Rite Aid of South Carolina, Inc., et al. | 2019-CP-35-00031 | SC | Harrison White, P.C.; Marc J. Bern & Partners LLP | Court of Common Pleas, Eleventh Judicial Circuit, County of McCormick, SC |
| County of McLennan [Texas] v. Purdue Pharma, L.P. et. al. | 1:2017-op-45075 | TX | Haley & Olson, PC<br><br>Harrison Davis Steakley Morrison Jones, PC | USDC N.D. Ohio |
| County of Montcalm, Michigan v. Purdue Pharma L.P. et al | 1:2018-op-45865 | MI | Weitz & Luxenberg | USDC N.D. Ohio |
| County of Montgomery [Texas] v Purdue Pharma LP | 1:2018-op-45030 | TX | Haley & Olson, PC<br><br>Harrison Davis Steakley Morrison Jones, PC | USDC N.D. Ohio |
| County of Napa, California v. Purdue Pharma L.P., et al. | 1:18-op-45750 | CA | Robbins Geller Rudman & Dowd LLP | USDC N.D. Ohio |
| County of Northumberland v. Purdue Pharma, L.P. et al | 1:2019-op-45555 | PA | Brindisi, Murad, Brindisi & Pearlman, LLP | USDC N.D. Ohio |
| County of Oceana, Michigan v. Purdue Pharma L.P. et al | 1:2018-op-45359 | MI | Weitz & Luxenberg | USDC N.D. Ohio |
| County of Oconee v. Rite Aid of South Carolina, Inc., et al. | 2018-CP-37-00458 | SC | Harrison White, P.C.; Marc J. Bern & Partners LLP | Court of Common Pleas, Tenth Judicial Circuit, County of Oconee, SC |
| County of Ogemaw, Michigan v. Purdue Pharma L.P. et al | 1:2018-op-45348 | MI | Weitz & Luxenberg | USDC N.D. Ohio |
| County of Oneida, New York v. Purdue Pharma, L.P. et. al | 1:2018-op-45338 | NY | Brindisi, Murad, Brindisi & Pearlman, LLP | USDC N.D. Ohio |
| County of Onondaga, New York v. Purdue Pharma, L.P. et. al | 1:2018-op-45170 | NY | Brindisi, Murad, Brindisi & Pearlman, LLP | USDC N.D. Ohio |
| County of Orangeburg v. Rite Aid of South Carolina, Inc., et al. | 2018-CP-38-00841 | SC | Williams & Williams; Marc J. Bern & Partners LLP | Court of Common Pleas, First Judicial Circuit, County of Orangeburg, SC |
| County of Osceola, Michigan v. Purdue Pharma L.P. et al | 1:2018-op-45357 | MI | Weitz & Luxenberg | USDC N.D. Ohio |
| County of Pickens v. Rite Aid of South Carolina, Inc., et | 2018-CP-39-00675 | SC | Harrison White, P.C.; | Court of Common |

| County of Red River v. Purdue Pharma L.P. et. al | 1:2017-op-45160 | TX | SIMON GREENSTONE PANATIER, PC | USDC N.D. Ohio |
|---|---|---|---|---|
| County of Saginaw, Michigan v. Purdue Pharma L.P. et al | 1:2018-op-45082 | MI | Weitz & Luxenberg | USDC N.D. Ohio |
| County of Saluda v. Rite Aid of South Carolina, Inc., et al. | 2019-CP-41-00111 | SC | Moore Bradley Myers; Marc J. Bern & Partners LLP | Court of Common Pleas, Eleventh Judicial Circuit, County of Saluda, SC |
| County of San Mateo, California v. McKesson Corporation, et al. | 1:18-op-46319 | CA | Cotchett Pitre & McCarthy, LLP | USDC N.D. Ohio |
| County of San Mateo, California v. Purdue Pharma L.P., et al. | 1:19-op-45126 | CA | Cotchett Pitre & McCarthy, LLP | USDC N.D. Ohio |
| County of Sanilac, Michigan v. Purdue Pharma L.P. et al | 1:2018-op-45352 | MI | Weitz & Luxenberg | USDC N.D. Ohio |
| County of Shiawassee, Michigan v. Purdue Pharma L.P. et al | 1:2018-op-45350 | MI | Weitz & Luxenberg | USDC N.D. Ohio |
| County of Smith v. Purdue Pharma L.P. et. al | 1:2018-op-45081 | TX | SIMON GREENSTONE PANATIER, PC | USDC N.D. Ohio |
| County of Spartanburg v. Rite Aid of South Carolina, Inc., et al. | 2018-CP-42-00760 | SC | Harrison White, P.C.; Marc J. Bern & Partners LLP | Court of Common Pleas, Seventh Judicial Circuit, County of Spartanburg, SC |
| County of St. Clair, Michigan v. Purdue Pharma L.P. et al | 1:2018-op-45896 | MI | Weitz & Luxenberg | USDC N.D. Ohio |
| County of Sumter v. Rite Aid of South Carolina, Inc., et al. | 2019-CP-43-00891 | SC | Harrison White, P.C.; Marc J. Bern & Partners LLP | Court of Common Pleas, Third Judicial Circuit, County of Sumter, SC |
| County of Titus v. Purdue Pharma L.P. et. al | 1:2017-op-45161 | TX | SIMON GREENSTONE PANATIER, PC | USDC N.D. Ohio |
| County of Tuscola, Michigan v. Purdue Pharma L.P. et al | 1:2018-op-45870 | MI | Weitz & Luxenberg | USDC N.D. Ohio |
| County of Union v. Rite Aid of South Carolina, Inc., et al. | 2018-CP-44-00288 | SC | Harrison White, P.C.; Yelverton Law Firm LLC | Court of Common Pleas, Sixteenth Judicial Circuit, County of Union, SC |
| County of Upshur  v. Purdue Pharma, L.P. et. al | 1:2017-op-45085 | TX | SIMON GREENSTONE PANATIER, PC | USDC N.D. Ohio |
| County of Washtenaw, Michigan v. Purdue Pharma L.P. et al | 1:2018-op-45886 | MI | Weitz & Luxenberg | USDC N.D. Ohio |
| County of Wichita, Texas v. Purdue Pharma L.P. et. al | 1:2018-op-45064 | TX | Haley & Olson, PC  Harrison Davis Steakley Morrison Jones, PC | USDC N.D. Ohio |
| County of Wilcox, Georgia v. Purdue Pharma L.P. et al | 1:2018-op-45506 | GA | Friedman, Dazzio, Zulanas & Bowling, PC | USDC N.D. Ohio |

| | | | | |
|---|---|---|---|---|
| County of Williamsburg v. Rite Aid of South Carolina, Inc., et al. | 2018-CP-45-00276 | SC | Law Office of Cezar E. McKnight; Marc J. Bern & Partners LLP | Court of Common Pleas, Third Judicial Circuit, County of Williamsburg, SC |
| County of Yolo, et al., v. Amerisourcebergen Drug Corporation et al | 1:2019-op-45351 | CA | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| County of York v. Rite Aid of South Carolina, Inc., et al. | 2018-CP-46-02446 | SC | Harrison White, P.C.; Yelverton Law Firm LLC | Court of Common Pleas, Sixteenth Judicial Circuit, County of York, SC |
| Coushatta Tribe of Louisiana et al v. AmerisourceBergen Drug Corporation et al | 1:2019-op-45438 | LA | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| Cow Creek Band of Umpqua Tribe of Indians v. Purdue Pharma L.P. et al | 1:2018-op-45417 | OR | Robins Kaplan LLP | USDC N.D. Ohio |
| John Craft (Sheriff of Vernon Parish) [Louisiana] v. Purdue Pharma L P et. al | 1:2018-op-45140 | LA | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Crisp County Georgia v. AmerisourceBergen Drug Corporation et al | 1:2018-op-45238 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Cuyahoga County, OH, et al. v. Mylan Pharmaceuticals, Inc., et al. Ashtabula County, OH Harrison County, OH Jefferson County, OH Lorain County, OH Sandusky County, OH City of Broadview Heights, OH City Of Dayton, OH City of Euclid, OH City of Findlay, OH City of Garfield Heights, OH City of Lorain, OH City of North Olmsted, OH City of North Ridgeville, OH City of Olmsted Falls, OH City of Parma, OH City of Parma Heights, OH City of Seven Hills, OH City of Strongsville, OH City of Toledo, OH City of Warren, OH City of Warrensville Heights, OH Painesville Township, OH | 1:23-op-45003-DAP | OH | Plevin & Gallucci; Napoli Shkolnik PLLC | USDC N.D. Ohio |

| | | | | |
|---|---|---|---|---|
| Dade County v. Allergan PLC et al. | 1:2020-op-45224; 4:20-cv-00598; 2022-CC00498 | MO | Edgar Law Firm | USDC N.D. Ohio; USDC E.D. Mo.; 22nd Judicial Circuit, The City of St. Louis County, MO |
| Davidson County [North Carolina] v. Purdue Pharma, L.P. et al | 1:2018-op-46330 | NC | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Davis (Sheriff of Bibb County) v. Purdue Pharma, L.P. et al | 1:2019-op-45360 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Dawson County, Georgia v. Purdue Pharma, L.P. et al | 1:2019-op-45210 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Dean (Sheriff of Laurens County) [Georgia] v. Purdue Pharma L.P. et al | 1:2019-op-45163 | GA | Lieff Cabraser Heimann & Bernstein, LLP | USDC N.D. Ohio |
| Decatur County Georgia v. AmerisourceBergen Drug Corporation et al | 1:2018-op-45334 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| DeKalb County, Missouri v. Allergan PLC et al. | 1:2020-op-45299; 4:20-cv-01191; 2022-CC00969 | MO | Edgar Law Firm | USDC N.D. Ohio; USDC E.D. Mo.; 22nd Judicial Circuit, The City of St. Louis County, MO |
| Delaware County [Indiana] v. Purdue Pharma L.P. et al | 1:2018-op-45963 | IN | Cohen & Malad, LLP | USDC N.D. Ohio |
| Delaware Nation [Oklahoma] v. Purdue Pharma L.P. et al. | 1:2019-op-46011; 5:19-cv-00956; CJ-2019-00070 | OK | The Bruehl Law Firm, PLLC | USDC N.D. Ohio; USDC W.D. Okla.; Caddo County District Court, OK |
| DeSoto County, Mississippi v. Amerisourcebergen Drug Corporation et al | 1:2019-op-45551 | MS | McHugh Fuller Law Group, PLLC | USDC N.D. Ohio |
| Dodge County [Wisconsin] v. Purdue Pharma LP et al | 1:2017-op-45143 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Dooly County, Georgia v. AmerisourceBergen Drug Corporation et al | 1:2018-op-45712 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Door County [Wisconsin] v. Purdue Pharma LP et al | 1:2017-op-45104 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Dougherty County Georgia v. AmerisourceBergen Drug Corporation et al | 1:2018-op-45491 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Douglas County [Wisconsin] v. Purdue Pharma LP et al | 1:2017-op-45107 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Douglas County, Minnesota v. Purdue Pharma L.P. et. al | 1:2018-op-45428 | MN | Lockridge Grindal Nauen PLLP Gustafson Gluek PLLC | USDC N.D. Ohio |
| Douglas County, Missouri v. Purdue Pharma L.P. et al | 1:2019-op-45386 | MO | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| Dunn County [Wisconsin] v. Purdue Pharma LP et al | 1:2017-op-45133 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |

| | | | | |
|---|---|---|---|---|
| Durham County v. AmerisourceBergen Drug Corporation et al | 1:2019-op-45346 | NC | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| Early County, Georgia v. Purdue Pharma, L.P. et al | 1:2019-op-45180 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| East Carroll Parish Police Jury [Louisiana] v. Purdue Pharma L.P. et al. | 1:2019-op-45453 | LA | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Eastern Band of Cherokee Indians v. AmerisourceBergen Drug Corporation et al | 1:2018-op-45098 | NC | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| Eastern Shoshone Tribe v. Purdue Pharma L.P. et al | 1:2019-op-45412 | WY | Skikos Crawford Skikos & Joseph, LLP | USDC N.D. Ohio |
| Eau Claire County [Wisconsin] v. Purdue Pharma LP et al | 1:2017-op-45112 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Effingham County, Georgia v. Purdue Pharma, L.P. et al | 1:2019-op-45178 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Elbert County Georgia v. AmerisourceBergen Drug Corporation et al | 1:2018-op-45381 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Emanuel County, Georgia v. Purdue Pharma, L.P. et al | 1:2019-op-45209 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Essex County, NY v. Purdue Pharma L.P., et al. | 7:23-cv-06097; 75044/2022; | NY | Napoli Shkolnik PLLC | USDC S.D. NY; Westchester County, NY Supreme Court |
| Evangeline Parish Police Jury [Louisiana] v. Purdue Pharma L.P. et al. | 1:2019-op-45450 | LA | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Evans County, Georgia v. Endo Health Solutions, Inc. et al | 1:2020-op-45080 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Fairview Township, Pennsylvania v. Purdue Pharma L.P. et al | 1:2019-op-45355 | PA | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| Fayette County, Georgia v. Purdue Pharma, L.P. et al | 1:2019-op-45293 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Fiscal Court of Adair County v. AmerisourceBergen Drug Corporation et al | 1:2020-op-45059 | KY | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| Fiscal Court of Bourbon County, Kentucky v. Purdue Pharma, L.P. et. al | 1:2018-op-45533 | KY | McBrayer, McGinnis, Leslie & Kirkland, PLLC  The Finnell Firm | USDC N.D. Ohio |
| Fiscal Court of Casey County, Kentucky v. Teva Pharmaceutical Industries Ltd., et al | 1:2019-op-45887 | KY | McBrayer, McGinnis, Leslie & Kirkland, PLLC  The Finnell Firm | USDC N.D. Ohio |
| Fiscal Court of Gallatin County, Kentucky v. Teva Pharmaceutical Industries Ltd., et al | 1:2019-op-45891 | KY | McBrayer, McGinnis, Leslie & Kirkland, PLLC  The Finnell Firm | USDC N.D. Ohio |

| | | | | |
|---|---|---|---|---|
| Fiscal Court of Lee County, Kentucky v. Purdue Pharma L.P. et. Al | 1:2018-op-46100 | KY | McBrayer, McGinnis, Leslie & Kirkland, PLLC<br><br>The Finnell Firm | USDC N.D. Ohio |
| Fiscal Court of Lewis County, Kentucky v. Teva Pharmaceutical Industries Ltd., et al | 1:2019-op-45889 | KY | McBrayer, McGinnis, Leslie & Kirkland, PLLC<br><br>The Finnell Firm | USDC N.D. Ohio |
| Fiscal Court of Monroe County, Kentucky v. Teva Pharmaceutical Industries, Ltd. et al | 1:2020-op-45016 | KY | McBrayer, McGinnis, Leslie & Kirkland, PLLC<br>The Finnell Firm | USDC N.D. Ohio |
| Fiscal Court of Owen County, Kentucky v. Purdue Pharma, L.P. et. al | 1:2018-op-45534 | KY | McBrayer, McGinnis, Leslie & Kirkland, PLLC<br><br>The Finnell Firm | USDC N.D. Ohio |
| Fiscal Court of Wolfe County, Kentucky v. Purdue Pharma L.P. et. al | 1:2018-op-46099 | KY | McBrayer, McGinnis, Leslie & Kirkland, PLLC<br><br>The Finnell Firm | USDC N.D. Ohio |
| Flandreau Santee Sioux Tribe et al v. Purdue Pharma L.P. et al<br>Sisseton-Wahpeton Oyate | 1:2018-op-45095 | SD | Robins Kaplan LLP | USDC N.D. Ohio |
| Florence County [Wisconsin] v. Purdue Pharma LP et al | 1:2017-op-45125 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Fond du Lac County [Wisconsin] v. Purdue Pharma LP et al | 1:2017-op-45106 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Forest County [Wisconsin] v. Purdue Pharma LP et al | 1:2017-op-45134 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Forest County Potawatomi Community v. Purdue Pharma L.P. et al | 1:2018-op-46342 | WI | Robins Kaplan LLP | USDC N.D. Ohio |
| Franklin County, Mississippi v. Amerisourcebergen Drug Corporation et al | 1:2019-op-45577 | MS | McHugh Fuller Law Group, PLLC | USDC N.D. Ohio |
| Franklin County, NY v. Purdue Pharma L.P., et al. | 7:23-cv-06125; 75022/2022 | NY | Napoli Shkolnik PLLC | USDC S.D. NY; Westchester County, NY Supreme Court |
| Garber (Sheriff of Lafayette Parish) [Louisiana] v. Purdue Pharma L P et. al | 1:2017-op-45180 | LA | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Gautreaux (Sheriff of East Baton Rouge Parish) [Louisiana] v. Purdue Pharma L.P. et. al | 1:2018-op-45325 | LA | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Genesee County, NY v. Purdue Pharma L.P., et al. | 7:23-cv-06128; 75021/2022 | NY | Napoli Shkolnik PLLC | USDC S.D. NY; Westchester County, NY Supreme Court |
| Gilley (Sheriff of Richland Parish) [Louisiana] v. Purdue Pharma L P et al | 1:2019-op-45007 | LA | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Glascock County, Georgia v. Purdue Pharma, L.P. et al | 1:2019-op-45175 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Grady County, Georgia v. Purdue Pharma LP et. Al | 1:2018-op-46338 | GA | Conley Griggs Partin | USDC N.D. Ohio |
| Grant County [Wisconsin] v. Purdue Pharma LP et al | 1:2017-op-45115 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |

| | | | | |
|---|---|---|---|---|
| Grant County, New Mexico v. Purdue Pharma L.P., et al. | 1:19-op-45108 | NM | Napoli Shkolnik PLLC | USDC N.D. Ohio |
| Granville County v. AmerisourceBergen Drug Corporation et al | 1:2019-op-45342 | NC | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| Grayson County, Virginia v. Amerisourcebergen Drug Corporation et. al | 1:2018-op-46069 | VA | Wagstaff & Cartmell | USDC N.D. Ohio |
| Green County [Wisconsin] v. Purdue Pharma LP et al | 1:2017-op-45096 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Green Lake County [Wisconsin] et al v. Purdue Pharma LP et al<br>Taylor County<br>Vilas County | 1:2018-op-45832 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Greene County, Georgia v. Purdue Pharma, L.P. et al | 1:2019-op-45203 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Grundy County, Missouri v. Allergan PLC et al. | 1:2020-op-45300; 4:20-cv-01195; 2022-CC00954 | MO | Edgar Law Firm | USDC N.D. Ohio; USDC E.D. Mo.; 22nd Judicial Circuit, The City of St. Louis County, MO |
| Guidroz (Sheriff of St. Landry Parish) [Louisiana] v. Purdue Pharma, L.P. et. Al | 1:2018-op-46051 | LA | The Lanier Law Firm | USDC N.D. Ohio |
| Guilford County v. AmerisourceBergen Drug Corporation et al | 1:2019-op-45340 | NC | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| H.W. "Billy" Hancock, Sheriff of Crisp County, Georgia v. Purdue Pharma, L.P., et al. | 1:19-op-45562 | GA | Lieff Cabraser Heimann & Bernstein, LLP | USDC N.D. Ohio |
| Habersham County, Georgia v. AmerisourceBergen Drug Corporation et al | 1:2018-op-45559 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Hall County, Georgia v. AmerisourceBergen Drug Corporation et al | 1:2018-op-45286 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Hamilton County, NY v. Purdue Pharma L.P., et al. | 7:23-cv-06129; 75015/2022 | NY | Napoli Shkolnik PLLC | USDC S.D. NY; Westchester County, NY Supreme Court |
| Hancock County Board of Education et al v. Cephalon, Inc. et al<br>Hamblen County Board of Education | 1:2022op45027 | TN | Gertz & Rosen, Ltd. | USDC N.D. Ohio |
| Hancock County, Georgia v. AmerisourceBergen Drug Corporation et al | 1:2018-op-45535 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Hanover Township, Pennsylvania v. Purdue Pharma, L.P. et al | 1:2019-op-45654; 3:19cv1055; | PA | Brindisi, Murad, Brindisi & Pearlman, LLP | USDC N.D. Ohio; USDC M.D. Pa. |
| Harford County, Maryland, et al. v. Purdue Pharma L.P. et al<br>City of Bowie, Maryland<br>Caroline County, Maryland<br>City of Frederick, Maryland<br>Garrett County, Maryland<br>Mayor and Common Council of Westminster, Maryland | 1:2018-op-45853 | MD | Robbins Geller Rudman & Dowd LLP | USDC N.D. Ohio |

| Mayor and Council of Rockville, Maryland | | | | |
|---|---|---|---|---|
| Talbot County, Maryland | | | | |
| Haskell County Board of County Commissioners v. Purdue Pharma, LP et al | 1:2020-op-45002 | OK | Fulmer Sill, PLLC | USDC N.D. Ohio |
| Haskell County, Texas v. Purdue Pharma LP, et. al | 1:2018-op-45223 | TX | Haley & Olson, PC<br><br>Harrison Davis Steakley Morrison Jones, PC | USDC N.D. Ohio |
| Hebert (Sheriff of Allen Parish) [Louisiana] v. Purdue Pharma L P et. al | 1:2018-op-45142 | LA | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Henry County, Georgia v. Purdue Pharma, LP et. al | 1:2018-op-46310 | GA | Napoli Shkolnik PLLC | USDC N.D. Ohio |
| Henry County, Missouri v. Allergan PLC et al | 1:2020-op-45135; 4:20-cv-00077; 1922-CC12099 | MO | Edgar Law Firm | USDC N.D. Ohio; USDC E.D. Mo.; 22nd Judicial Circuit, The City of St. Louis County, MO |
| Hernando County v. Amerisourcebergen Drug Corporation et al | 1:2019-op-45667 | FL | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| Hickory County, Missouri v. Allergan PLC et al. | 1:2020-op-45295; 4:20-cv-01121; 2022-CC00751 | MO | Edgar Law Firm | USDC N.D. Ohio; USDC E.D. Mo.; 22nd Judicial Circuit, The City of St. Louis County, MO |
| Hilton (Sheriff of Rapides Parish) [Louisiana] v. Purdue Pharma L P et. al | 1:2017-op-45178 | LA | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Ho-Chunk Nation v. McKesson Corporation et al | 1:2019-op-45076 | WI | Frazer PLC | USDC N.D. Ohio |
| Hopi Tribe v. Endo Health Solutions, Inc., et al. | 1:2020-op-45204; 3:20-cv-08149 | AZ | Keller Rohrback LLP | USDC N.D. Ohio; USDC D. Ariz. |
| Houston County [Georgia] v. Purdue Pharma LP et al | 1:2018-op-45946 | GA | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Hualapai Tribe v. Purdue Pharma L.P. et al | 1:2019-op-45004 | AZ | Robins Kaplan LLP | USDC N.D. Ohio |
| Iowa County [Wisconsin] v. Purdue Pharma LP et al | 1:2017-op-45099 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Iowa Tribe of Kansas and Nebraska v. Cephalon, Inc. et al | 1:2020-op-45099 | KS/NE | Skikos Crawford Skikos & Joseph, LLP | USDC N.D. Ohio |
| Iredell County [North Carolina] v. Purdue Pharma L.P. et al | 1:2018-op-45774 | NC | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Irwin County Georgia v. AmerisourceBergen Drug Corporation et al | 1:2018-op-45283 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Jackson County [Wisconsin] v. Purdue Pharma LP et al | 1:2017-op-45121 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Jackson County, Alabama et. al v. AmerisourceBergen Drug Corporation et. al | 1:2018-op-45634 | AL | Friedman, Dazzio, Zulanas & Bowling, PC | USDC N.D. Ohio |
| City of Bridgeport, Alabama | | | | |
| City of Henagar, Alabama | | | | |
| City of New Hope, Alabama | | | | |

| | | | | |
|---|---|---|---|---|
| City of Scottsboro, Alabama | | | | |
| Town of Geraldine, Alabama | | | | |
| Town of Woodville, Alabama | | | | |
| Jackson County, Georgia v. AmerisourceBergen Drug Corporation et al | 1:2018-op-45581 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Jackson County, Missouri v. Purdue Pharma L.P. et al | 1:2018-op-45965; 4:18-cv-00571 | MO | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Jasper County Georgia v. AmerisourceBergen Drug Corporation et al | 1:2018-op-45504 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Jeff Davis County, Georgia v. Amerisourcebergen Drug Corporation et al | 1:2018-op-45237 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Jefferson County [Wisconsin] v. Purdue Pharma LP et al | 1:2017-op-45122 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Jefferson County, Georgia v. Purdue Pharma, L.P. et al | 1:2019-op-45201 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Johnson County, Georgia v. AmerisourceBergen Drug Corporation et al | 1:2018-op-45716 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Jolley (Sheriff of Harris County) [Georgia] v. Purdue Pharma L.P. et al | 1:2019-op-45147 | GA | Lieff Cabraser Heimann & Bernstein, LLP | USDC N.D. Ohio |
| Jones County, Georgia v. AmerisourceBergen Drug Corporation et al | 1:2018-op-45424 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Kenaitze Indian Tribe et al v. Purdue Pharma L.P. et al | 1:2018-op-46309 | AK | Sonosky Chambers Sachse Miller & Monkman, LLP | USDC N.D. Ohio |
| ASA'Carsarmiut Tribe | | | | |
| Akiak Native Community | | | | |
| Kenosha County [Wisconsin] v. Purdue Pharma LP et al | 1:2017-op-45144 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Kickapoo Tribe in Kansas v. Purdue Pharma L.P. et al | 1:2019-op-45381 | KS | Wagstaff & Cartmell | USDC N.D. Ohio |
| Kile (Sheriff of Screven County) [Georgia] v. Purdue Pharma L.P. et al | 1:2019-op-45167 | GA | Lieff Cabraser Heimann & Bernstein, LLP | USDC N.D. Ohio |
| Knox County, Missouri v. Purdue Pharma L.P. et al | 1:2019-op-45406 | MO | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| Kootenai Tribe of Idaho v. Purdue Pharma L.P. et al | 1:2018-op-46153 | ID | Robins Kaplan LLP | USDC N.D. Ohio |
| Lac du Flambeau Band of Chippewa Indians v. McKesson Corporation et al | 1:2018-op-45502 | WI | Frazer PLC | USDC N.D. Ohio |
| Lafayette County, Mississippi v. Amerisourcebergen Drug Corporation et al | 1:2019-op-45341 | MS | McHugh Fuller Law Group, PLLC | USDC N.D. Ohio |
| Lafayette County, Missouri v. AmerisourceBergen Drug Corporation et. al | 1:2018-op-45840 | MO | Wagstaff & Cartmell | USDC N.D. Ohio |
| Lafourche Parish Government v. AmerisourceBergen Drug Corp et al | 1:2020-op-45212; 2:20-cv-01942; 140839 | LA | Leger & Shaw | USDC N.D. Ohio; USDC E.D. La.; 17th Judicial District Parish of Lafourche, LA |

| | | | | |
|---|---|---|---|---|
| Lafourche Parish School Board v. AmerisourceBergen Drug Corp et al | 1:2021-op-45036; 2:21-cv-00296; C-141737 | LA | LEGER & SHAW | USDC N.D. Ohio; USDC E.D. La; 17th Judicial District Parish of Lafourche, LA |
| Langlade County [Wisconsin] v. Purdue Frederick Co et al | 1:2017-op-45124 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| LaPorte County [Indiana] v. Purdue Pharma LP et al | 1:2018-op-45280 | IN | Cohen & Malad, LLP | USDC N.D. Ohio |
| Lawrence County [Indiana] v. Purdue Pharma L.P. et al | 1:2018-op-46188 | IN | Cohen & Malad, LLP | USDC N.D. Ohio |
| Lawrence County, Kentucky v. AmerisourceBergen Drug Corporation et al | 1:2019-op-46184 | KY | Napoli Shkolnik PLLC | USDC N.D. Ohio |
| Lawrence County, Missouri v. Allergan PLC et al | 1:2020-op-45134; 4:20-cv-00076; 1a922-CC12053 | MO | Edgar Law Firm | USDC N.D. Ohio; USDC E.D. Mo.; 22nd Judicial Circuit, The City of St. Louis County, MO |
| Leflore County, Mississippi v. Amerisourcebergen Drug Corporation et al | 1:2019-op-45552 | MS | McHugh Fuller Law Group, PLLC | USDC N.D. Ohio |
| Leland Falcon (Sheriff of Assumption Parish) v. Allergan PLC f/k/a Actavis PLC f/k/a Allergan, Inc., et al. | 1:2020-op-45206; 2:20-cv-01773; 37755 | LA | Leger & Shaw | USDC N.D. Ohio; USDC E.D. La.; 23rd Judicial District Parish of Assumption, LA |
| Liberty County, Georgia v. Purdue Pharma, L.P. et al | 1:2019-op-45200 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Lincoln County [Wisconsin] v. Purdue Pharma LP et al | 1:2017-op-45167 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Lincoln County v. Sackler et al | 1:2019-op-45962; 2:19-cv-00338 | WA | Keller Rohrback LLP | USDC N.D. Ohio; USDC E.D. Wash. |
| Lincoln County, Georgia v. Amerisourcebergen Drug Corporation et al | 1:2018-op-45508 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Livingston County, Missouri v. AmerisourceBergen Drug Corporation et. al | 1:2018-op-46168 | MO | Wagstaff & Cartmell | USDC N.D. Ohio |
| Livingston County, NY v. Purdue Pharma L.P., et al. | 7:23-cv-06132; 75040/2022 | NY | Napoli Shkolnik PLLC | USDC S.D. NY; Westchester County, NY Supreme Court |
| Long County, Georgia v. Purdue Pharma, L.P. et al | 1:2019-op-45196 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Lower Brule Sioux Tribe v. AmerisourceBergen Drug Corporation et al | 1:2019-op-45350 | SD | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| Lower Sioux Indian Community in the State of Minnesota v. Purdue Pharma L.P. et al | 1:2018-op-45976 | MN | Robins Kaplan LLP | USDC N.D. Ohio |
| Lower Southampton, Pennsylvania v. Cephalon, Inc. et al. | 1:2020-op-45181 | PA | Skikos Crawford Skikos & Joseph, LLP | USDC N.D. Ohio |
| Lummi Tribe of the Lummi Reservation v. Purdue Pharma, L.P. et al | 1:2018-op-45955 | WA | Keller Rohrback LLP | USDC N.D. Ohio |

| | | | | |
|---|---|---|---|---|
| Lumpkin County, Georgia v. Purdue Pharma, L.P. et al | 1:2019-op-45211 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Macon County Georgia v. Purdue Pharma L.P. ,et al | 1:2018-op-45577 | GA | Friedman, Dazzio, Zulanas & Bowling, PC | USDC N.D. Ohio |
| Madison County Georgia v. AmerisourceBergen Drug Corporation et al | 1:2018-op-45296 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Madison County, NY v. Purdue Pharma L.P., et al. | 7:23-cv-06135; 75052/2022 | NY | Napoli Shkolnik PLLC | USDC S.D. NY; Westchester County, NY Supreme Court |
| Mancuso (Sheriff of Calcasieu Parish) [Louisiana] v. Purdue Pharma L P al | 1:2017-op-45179 | LA | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Manitowoc County [Wisconsin] v. Purdue Pharma LP et al | 1:2017-op-45135 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Marathon County [Wisconsin] v. Purdue Pharma LP et al | 1:2017-op-45095 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Marinette County [Wisconsin] v. Purdue Pharma LP et al | 1:2017-op-45145 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Marion County Board of Education et al v. Cephalon, Inc. et al<br>Wyoming County Board of Education<br>Kanawha County Board of Education<br>McDowell County Board of Education | 1:2022op45028 | WV | Gertz & Rosen, Ltd. | USDC N.D. Ohio |
| Marion County, Alabama et. al v. Purdue Pharma LP et. al<br>City of Dora, Alabama<br>City of Jasper, Alabama<br>Pickens County, Alabama<br>City of Sumiton, Alabama<br>Walker County, Alabama | 1:2018-op-45171 | AL | Friedman, Dazzio, Zulanas & Bowling, PC | USDC N.D. Ohio |
| Marquette County [Wisconsin] v. Purdue Pharma LP et al | 1:2017-op-45136 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Marshall County [Indiana] v. Purdue Pharma LP et al | 1:2018-op-45157 | IN | Cohen & Malad, LLP | USDC N.D. Ohio |
| Marshall County, Alabama et. al v. Purdue Pharma L P et. al<br>City of Albertville, Alabama<br>City of Arab, Alabama<br>City of Boaz, Alabama<br>Town of Douglas, Alabama<br>Town of Grant, Alabama<br>City of Guntersville, Alabama | 1:2018-op-45230 | AL | Friedman, Dazzio, Zulanas & Bowling, PC | USDC N.D. Ohio |
| McDonald County, Missouri v. Allergan PLC et al. | 1:2020-op-45225; 4:20-cv-00620; 2022-CC00522 | MO | Edgar Law Firm | USDC N.D. Ohio; USDC E.D. Mo.; 22nd Judicial Circuit, The City of St. Louis County, MO |
| McDuffie County, Georgia v. Amerisourcebergen Drug Corporation et al | 1:2018-op-45509 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| McIntosh County, Georgia v. Purdue Pharma, L.P. et al | 1:2019-op-45173 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |

| | | | | |
|---|---|---|---|---|
| Mecklenburg County [North Carolina] v. Purdue Pharma L.P. et al | 1:2018-op-45221 | NC | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Melton (Sheriff of Apping County) v. Purdue Pharma L.P. et al | 1:2019-op-45307 | GA | Lieff Cabraser Heimann & Bernstein, LLP | USDC N.D. Ohio |
| Menominee Indian Tribe of Wisconsin v. Purdue Pharma LP et al | 1:2018-op-45426 | WI | Robins Kaplan LLP | USDC N.D. Ohio |
| Modoc Nation v. Purdue Pharma L.P. et al | 1:2019-op-45439 | OK | Skikos Crawford Skikos & Joseph, LLP | USDC N.D. Ohio |
| Monroe County [Wisconsin] v. Purdue Pharma LP et al | 1:2017-op-45146 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Montgomery County, Georgia v. Purdue Pharma, L.P. et al | 1:2019-op-45292 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Montgomery County, Kansas v. AmerisourceBergen Drug Corporation et. al | 1:2018-op-45780 | KS | Wagstaff & Cartmell | USDC N.D. Ohio |
| Morehouse Parish Police Jury [Louisiana] v. Purdue Pharma L.P. et al. | 1:2019-op-45452 | LA | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Morgan County [Indiana] v. Purdue Pharma L.P. et al | 1:2018-op-45828 | IN | Cohen & Malad, LLP | USDC N.D. Ohio |
| Morgan County Fiscal Court v. Amerisourcebergen Drug Corporation et al | 1:2019-op-45571 | KY | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| Morgan County, Missouri v. Purdue Pharma, L.P. et al | 1:2019-op-45367 | MO | Wagstaff & Cartmell | USDC N.D. Ohio |
| Morrison County, Minnesota v. Purdue Pharma L.P. et. al | 1:2018-op-45429 | MN | Lockridge Grindal Nauen PLLP<br><br>Gustafson Gluek PLLC | USDC N.D. Ohio |
| Morrisville Borough, Pennsylvania v. Purdue Pharma L.P. et al | 1:2019-op-45435 | PA | Skikos Crawford Skikos & Joseph, LLP | USDC N.D. Ohio |
| Mower County, Minnesota v. Purdue Pharma L.P. et. Al | 1:2017-op-45072 | MN | Lockridge Grindal Nauen PLLP<br><br>Gustafson Gluek PLLC<br><br>J.F. Henderson Law PLLC | USDC N.D. Ohio |
| Municipality of Yabucoa, Puerto Rico v. Purdue Pharma, L.P. et. al | 1:2018-op-45731 | PR | Chehardy Sherman Williams<br><br>The King Firm | USDC N.D. Ohio |
| Nassau County, NY v. Purdue Pharma L.P., et al. | 2:23-cv-05382; 400008/2017 | NY | Napoli Shkolnik PLLC | USDC E.D. NY; Suffolk County, NY Supreme Court |
| Natchitoches Parish Council v. Endo Health Solutions Inc. et al | 1:2020-op-45270 | LA | Laborde Earles Law Firm LLC | USDC N.D. Ohio |
| Nevils (District Attorney of Winn Parish) [Louisiana] v. Purdue Pharma L.P. et al | 1:2019-op-45296 | LA | The Lanier Law Firm | USDC N.D. Ohio |

| | | | | |
|---|---|---|---|---|
| New Madrid County, Missouri v. Allergan PLC et al. | 1:2020-op-45296; 4:20-cv-01125; 2022-CC00762 | MO | Edgar Law Firm | USDC N.D. Ohio; USDC E.D. Mo.; 22nd Judicial Circuit, The City of St. Louis County, MO |
| Newberry County v. Cephalon, Inc., et al. | 2019-CP-36-00636 | SC | Pope Parker Jenkins, P.A.; Wicker & Senn, P.A. | Court of Common Pleas for Newberry County, SC |
| Newton County, Georgia v. AmerisourceBergen Drug Corporation et al | 1:2018-op-45578 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Nez Perce Tribe v. Purdue Pharma, L.P. et al | 1:2018-op-45730 | ID | Keller Rohrback LLP | USDC N.D. Ohio |
| Niagara County, NY v. Purdue Pharma L.P., et al. | 7:23-cv-06104; 75010/2022 | NY | Napoli Shkolnik PLLC | USDC E.D. NY; Westchester County, NY Supreme Court |
| Nisqually Indian Tribe v. Purdue Pharma L.P. et al | 1:2018-op-45412 | WA | Robins Kaplan LLP | USDC N.D. Ohio |
| Nodaway County, Missouri v. AmerisourceBergen Drug Corporation et. al | 1:2018-op-45795 | MO | Wagstaff & Cartmell | USDC N.D. Ohio |
| Nolan County [Texas] v. Purdue Pharma, L.P., et al | 1:2018-op-45061 | TX | Haley & Olson, PC<br><br>Harrison Davis Steakley Morrison Jones, PC | USDC N.D. Ohio |
| Northern Arapaho Tribe v. Purdue Pharma LP et al | 1:2018-op-45438 | WY | Burg Simpson Eldredge Hersh & Jardine, PC | USDC N.D. Ohio |
| Northern Cheyenne Tribe v. Purdue Pharma L.P. et al | 1:2019-op-45010 | MT | Lockridge Grindal Nauen, PLLP | USDC N.D. Ohio |
| Northwestern Band Of The Shoshone Nation v. Teva Pharmaceutical Industries, Ltd., et al. | 1:2020-op-45032 | UT | Porteous, Hainkel and Johnson, LLP | USDC N.D. Ohio |
| Oconee County Georgia v. AmerisourceBergen Drug Corporation et al | 1:2018-op-45219 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Oconto County [Wisconsin] v. Purdue Pharma LP et al | 1:2017-op-45120 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Oglala Lakota Sioux Tribe v. Purdue Pharma, L.P. et al | 1:2018-op-45353 | SD | Robins Kaplan LLP | USDC N.D. Ohio |
| Oglethorpe County Georgia v. Amerisourcebergen Drug Corporation et al | 1:2018-op-45262 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Oneida County [Wisconsin] v. Purdue Pharma LP et al | 1:2017-op-45129 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Oneida Nation v. AmerisourceBergen Drug Corporation et al | 1:2018-op-46034 | WI | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| Orleans County, NY v. Purdue Pharma L.P., et al. | 7:23-cv-06110; 75053/2022 | NY | Napoli Shkolnik PLLC | USDC S.D. NY; Westchester County, NY Supreme Court |

| | | | | |
|---|---|---|---|---|
| Osage Nation, The [Oklahoma] v. Purdue Pharma L.P. et al. | 1:2019-op-45821; 4:19-cv-00485; CJ-2019-00135 | OK | The Bruehl Law Firm, PLLC<br><br>Riggs, Abney, Neal, Turpen, Orbison & Lewis, PC | USDC N.D. Ohio; USDC N.D. Okla.; Osage County District Court, OK |
| Otsego County, NY v. Purdue Pharma L.P., et al. | 7:23-cv-06112; 75048/2022 | NY | Napoli Shkolnik PLLC | USDC S.D. NY; Westchester County, NY Supreme Court |
| Ouachita Parish Police Jury [Louisiana] v. Purdue Pharma L.P. et al. | 1:2019-op-45446 | LA | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Palm Beach County, FL, et al. v. Mylan Pharma Corp., et al.<br>Alachua County, FL<br>Levy County, FL<br>Okaloosa County, FL<br>Osceola County, FL<br>Walton County, FL | 9:23-cv-80431 | FL | Napoli Shkolnik, PLLC | UDSC S.D. Florida |
| Passamaquoddy Tribe-Indian Township v. Purdue Pharma L.P. et al | 1:2018-op-45876 | ME | Weitz & Luxenberg | USDC N.D. Ohio |
| Passamaquoddy Tribe-Pleasant Point v. Purdue Pharma L.P. et al | 1:2019-op-45100 | ME | Weitz & Luxenberg | USDC N.D. Ohio |
| Pearl River County, Mississippi v. Amerisourcebergen Drug Corporation et al | 1:2019-op-45548 | MS | McHugh Fuller Law Group, PLLC | USDC N.D. Ohio |
| Pemiscot County, Missouri v. Purdue Pharma L.P. et al | 1:2019-op-45733 | MO | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| Pennington County, South Dakota v. Mylan Pharmaceuticals, Inc., et al. | 1:21-op-45048-DAP | SD | The Finnell Firm<br><br>Bird Law Group, PC | USDC N.D. Ohio |
| People of the State of Illinois et al v. Teva Pharmaceutical Industries, Ltd. et al (Franklin County) | 1:2020-op-45194 | IL | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA | USDC N.D. Ohio |
| People of the State of Illinois et al v. Teva Pharmaceutical Industries, Ltd. et al (Sangamon County) | 1:2020-op-45154 | IL | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA | USDC N.D. Ohio |
| Philley (Sheriff of West Carroll Parish) [Louisiana] v. Purdue Pharma L P et. al | 1:2018-op-45260 | LA | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Phillip Terrell (DA of Rapides Parish) v. AmerisourceBergen Drug Corp et al | 1:2020-op-45123 | LA | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| Pierce County [Wisconsin] v. Purdue Pharma LP et al | 1:2017-op-45165 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Pike County, Georgia v. Purdue Pharma, L.P. et al | 1:2019-op-45179 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Pike County, Missouri v. Allergan PLC., et al | 1:2020-op-45131; | MO | Edgar Law Firm | USDC N.D. Ohio; |
| Pinal County, Arizona v. Actavis, Inc. et al | 1:21-op-45088 | AZ | Theodora Oringher PC | USDC N.D. Ohio |
| Pocahontas County Commission [West Virginia] v. Purdue Pharmaceutical Products, LP et. Al | 1:2018-op-45443 | WV | Skinner Law Firm | USDC N.D. Ohio |

| | | | | |
|---|---|---|---|---|
| Police Jury of the Parish of Pointe Coupee, Louisiana v. Purdue Pharma L.P. et al | 1:2019-op-45012 | LA | Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC | USDC N.D. Ohio |
| Polk County [Iowa] v. Purdue Pharma LP et al | 1:2018-op-45116 | IA | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Polk County [Texas] v. Purdue Pharma L.P. et al | 1:2018-op-45077 | TX | Haley & Olson, PC<br><br>Harrison Davis Steakley Morrison Jones, PC | USDC N.D. Ohio |
| Polk County, Missouri v. Allergan PLC., et al | 1:2020-op-45082; 4:20-cv-00199; 1922-CC12234 | MO | Edgar Law Firm | USDC N.D. Ohio; USDC E.D. Mo.; 22nd Judicial Circuit, The City of St. Louis County, MO |
| Prairie Band Potawatomi Nation v. Cephalon, Inc. et al | 1:2020-op-45139 | KS | Skikos Crawford Skikos & Joseph, LLP | USDC N.D. Ohio |
| Prairie Island Indian Community v. Purdue Pharma L.P. et al | 1:2018-op-45975 | MN | Robins Kaplan LLP | USDC N.D. Ohio |
| Price County [Wisconsin] v. Purdue Pharma LP et al | 1:2017-op-45126 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Pulaski County, Georgia v. Purdue Pharma, L.P. et al | 1:2019-op-45176 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Putnam County, NY v. Purdue Pharma L.P., et al. | 7:23-cv-06116; 75042/2022 | NY | Napoli Shkolnik PLLC | USDC S.D. NY; Westchester County, NY Supreme Court |
| Pyramid Lake Paiute Tribe of the Pyramid Lake Reservation v. McKesson Corporation et al | 1:2018-op-45696 | NV | Frazer PLC | USDC N.D. Ohio |
| Quapaw Tribe of Oklahoma v. AmerisourceBergen Drug Corporation et al | 1:2019-op-45460 | OK | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| Quinault Indian Nation v. Purdue Pharma L.P. et al | 1:2018-op-46154 | WA | Robins Kaplan LLP | USDC N.D. Ohio |
| Rabun County, Georgia v. Purdue Pharma, L.P. et al | 1:2019-op-45177 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Ralls County, Missouri v. Allergan PLC et al. | 1:2020-op-45292; 4:20-cv-01252; 2022-CC00763 | MO | Edgar Law Firm | USDC N.D. Ohio; USDC E.D. Mo.; 22nd Judicial Circuit, The City of St. Louis County, MO |
| Randolph County, Georgia v. Purdue Pharma, L.P. et al | 1:2019-op-45202 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Randolph County, Missouri v. Purdue Pharma, L.P. et al | 1:2019-op-45409 | MO | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |

| | | | | |
|---|---|---|---|---|
| Rapides Parish Police Jury v. AmerisourceBergen Drug Corp et al | 1:2020-op-45111 | LA | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| Ray County, Missouri v. Allergan PLC et al | 1:2020-op-45132; 4:19-cv-03300; 1922-CC11809 | MO | Edgar Law Firm | USDC N.D. Ohio; USDC E.D. Mo.; 22nd Judicial Circuit, The City of St. Louis County, MO |
| Reno-Sparks Indian Colony v. McKesson Corporation et al | 1:2018-op-45699 | NV | Frazer PLC | USDC N.D. Ohio |
| Rensselaer County, NY v. Purdue Pharma L.P., et al. | 7:23-cv-06117; 75009/2022 | NY | Napoli Shkolnik PLLC | USDC S.D. NY; Westchester County, NY Supreme Court |
| Richardson (Sheriff of Sabine Parish) [Louisiana] v. Purdue Pharma L P et al | 1:2018-op-45143 | LA | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Rincon Band of Luiseno Indians v. Purdue Pharma L.P. et al | 1:2018-op-46151 | CA | Robins Kaplan LLP | USDC N.D. Ohio |
| Robeson County [North Carolina] v. Purdue Pharma L.P. et al | 1:2018-op-46141 | NC | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Rock County [Wisconsin] v. Purdue Pharma LP et al | 1:2017-op-45108 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Rockdale County, Georgia v. Purdue Pharma L.P., et al. | 1:18-op-46296 | GA | Napoli Shkolnik, PLLC | USDC N.D. Ohio |
| Rusk County [Wisconsin] v. Purdue Pharma Inc et al | 1:2017-op-45116 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Russell (Sheriff of Ouachita Parish) [Louisiana] v. Purdue Pharma L.P. et. al | 1:2018-op-45154 | LA | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Sabine Parish Police Jury [Louisiana] v. Purdue Pharma L.P. et al. | 1:2019-op-45448 | LA | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Sac and Fox Nation of Missouri in Kansas and Nebraska v. Cephalon, Inc. et al | 1:2020-op-45161 | KS/NE | Skikos Crawford Skikos & Joseph, LLP | USDC N.D. Ohio |
| Saginaw Chippewa Indian Tribe v. Cephalon, Inc. et al | 1:2019-op-45841 | MI | Robins Kaplan LLP | USDC N.D. Ohio |
| Saint Regis Mohawk Tribe v. Purdue Pharma, L.P. et al | 1:2019-op-45018 | NY | Keller Rohrback LLP | USDC N.D. Ohio |
| Sampson County v. AmerisourceBergen Drug Corporation et al | 1:2019-op-45583 | NC | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| Saratoga County, NY v. Purdue Pharma L.P., et al. | 7:23-cv-06119; 75019/2022 | NY | Napoli Shkolnik PLLC | USDC S.D. NY; Westchester County, NY Supreme Court |
| Sauk County [Wisconsin] v. Purdue Pharma LP et al | 1:2017-op-45098 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Sawyer County [Wisconsin] v. Purdue Pharma LP et al | 1:2017-op-45137 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Schley County Georgia v. Purdue Pharma, L.P. et al | 1:2018-op-45580 | GA | Friedman, Dazzio, Zulanas & Bowling, PC | USDC N.D. Ohio |

| | | | | |
|---|---|---|---|---|
| Schoharie County, NY v. Purdue Pharma L.P., et al. | 7:23-cv-06123; 75008/2022 | NY | Napoli Shkolnik PLLC | USDC S.D. NY; Westchester County, NY Supreme Court |
| Schuyler County, Missouri v. Purdue Pharma L.P. et al | 1:2019-op-45408 | MO | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| Schuyler County, NY v. Purdue Pharma L.P., et al. | 7:23-cv-06127; 75024/2022 | NY | Napoli Shkolnik PLLC | USDC S.D. NY; Westchester County, NY Supreme Court |
| Scott County, Indiana v. Purdue Pharma L. P., et al | 1:17-op-45094 | IN | Dudenhefer Law Firm Jenner & Pattison | USDC N.D. Ohio |
| Screven County, Georgia v. Purdue Pharma, L.P. et al | 1:2019-op-45198 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Seal (Sheriff of Washington Parish) [Louisiana] v. Purdue Pharma LP et. Al | 1:2018-op-45093 | LA | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Seminole County Board of County Commissioners v. Purdue Pharma, LP et al | 1:2019-op-45260 | OK | Napoli Shkolnik PLLC | USDC N.D. Ohio |
| Seminole County, Georgia v. Purdue Pharma, L.P. et al | 1:2019-op-45181 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Seneca Nation of Indians v. Amerisourcebergen Drug Corporation et al | 1:2018-op-45746 | NY | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| Shakopee Mdewakanton Sioux Community v. Purdue Pharma L.P. et al | 1:2018-op-45977 | MN | Robins Kaplan LLP | USDC N.D. Ohio |
| Shannon County, Missouri v. Purdue Pharma L.P. et al | 1:2019-op-45401 | MO | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| Shawano County [Wisconsin] v. Purdue Pharma LP et al | 1:2017-op-45119 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Sheboygan County [Wisconsin] v. Purdue Pharma LP et al | 1:2017-op-45128 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Shinnecock Indian Nation v. McKesson Corporation et al | 1:2018-op-46142 | NY | Frazer PLC | USDC N.D. Ohio |
| Shoshone-Bannock Tribes v. Purdue Pharma L.P. et al | 1:2019-op-45373 | ID | Skikos, Crawford, Skikos & Joseph LLP | USDC N.D. Ohio |
| Soileau (Sheriff of Evangeline Parish) [Louisiana] v. Purdue Pharma L P et al. | 1:2018-op-45189 | LA | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Sokaogon Chippewa Community v. Purdue Pharma L.P. et al | 1:2019-op-45410 | WI | Skikos Crawford Skikos & Joseph, LLP | USDC N.D. Ohio |
| Spalding County, Georgia v. Purdue Pharma, L.P. et al | 1:2019-op-45208 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Spirit Lake Tribe v. Purdue Pharma L.P. et al | 1:2018-op-45520 | ND | Robins Kaplan LLP | USDC N.D. Ohio |
| Squaxin Island Indian Tribe v. Purdue Pharma L.P. et al | 1:2018-op-45531 | WA | Robins Kaplan LLP | USDC N.D. Ohio |
| St. Bernard Parish School Board v. Allergan Limited, et al. | 1:2021-op-45014; 2:21-cv-00010; 20-1319 | LA | Leger & Shaw | USDC N.D. Ohio; USDC E.D. La.; 34th Judicial District Parish of St. Bernard, LA |

| St. Charles County, Missouri v. Purdue Pharma L.P. et al | 1:2018-op-46059; 4:18-cv-01376 | MO | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
|---|---|---|---|---|
| St. Clair County, Missouri v. Allergan PLC et al | 1:21-op-45044; 4:20-cv-01641; 20SL-CC05338; 20SR-CC00020; 1922-CC11885 | MO | Edgar Law Firm | USDC N.D. Ohio; USDC E.D. Mo.; 21st Judicial Circuit, St. Louis County, MO; 27th Judicial Circuit, St. Clair County, MO; 22nd Judicial Circuit, The City of St. Louis, MO |
| St. Croix Chippewa Indians of Wisconsin v. McKesson Corporation et al | 1:2018-op-45367 | WI | Frazer PLC | USDC N.D. Ohio |
| St. Croix County [Wisconsin] v. Purdue Pharma LP et al | 1:2017-op-45147 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| St. James Parish School Board v. AmerisourceBergen Drug Corp et al | 1:2021-op-45034; 2:21-cv-00313; 40174 | LA | Leger & Shaw | USDC N.D. Ohio; USDC E.D. La; 23rd Judicial District Parish of St. James, LA |
| St. Joseph County [Indiana] v. Purdue Pharma LP et al | 1:2018-op-45500 | IN | Cohen & Malad, LLP | USDC N.D. Ohio |
| St. Landry Parish, Louisiana v. Purdue Pharma, L.P. et. al | 1:2018-op-46042 | LA | The Lanier Law Firm | USDC N.D. Ohio |
| St. Louis County, Missouri v. Purdue Pharma L.P. et al | 1:2017-op-45083 | MO | The Simon Law Firm | USDC N.D. Ohio |
| Standing Rock Sioux Tribe v. Purdue Pharma L.P. et al | 1:2018-op-45220 | ND | Robins Kaplan LLP | USDC N.D. Ohio |
| Stephens County, Georgia v. Purdue Pharma, L.P. et al | 1:2019-op-45195 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Steuben County, NY v. Purdue Pharma L.P., et al. | 7:23-cv-06107; 75014/2022 | NY | Napoli Shkolnik PLLC | USDC S.D. NY; Westchester County, NY Supreme Court |
| Steverson (Sheriff of Telfair County) v. Purdue Pharma L.P. et al | 1:2019-op-45313 | GA | Lieff Cabraser Heimann & Bernstein, LLP | USDC N.D. Ohio |
| Stockbridge-Munsee Community v. Purdue Pharma L.P. et al | 1:2019-op-45032 | WI | Skikos Crawford Skikos & Joseph, LLP | USDC N.D. Ohio |
| Sumter County Georgia v. AmerisourceBergen Drug Corporation et al | 1:2018-op-45250 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Sunflower County, Mississippi v. Purdue Pharma, L.P. et. al | 1:2018-op-45020 | MS | The Diaz Law Firm, PLLC  Simmons & Simmons, PLLC | USDC N.D. Ohio |
| Sycuan Band of Kumeyaay Nation v. Purdue Pharma L.P. et al | 1:2019-op-45582 | CA | Robins Kaplan LLP | USDC N.D. Ohio |
| Taliaferro County, Georgia v. AmerisourceBergen Drug Corporation et al | 1:2018-op-45562 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |

| | | | | |
|---|---|---|---|---|
| Talladega County, Alabama et. al v. Cardinal Health Inc et. al | 1:2018-op-45190 | AL | Montgomery Ponder, LLC | USDC N.D. Ohio |
| City of Talladega | | | | |
| Tanana Chiefs Conference et al v. Purdue Pharma L.P. et al | 1:2018-op-46268 | AK | Sonosky Chambers Sachse Miller & Monkman, LLP | USDC N.D. Ohio |
| Arctic Slope Native Association | | | | |
| Chugachmiut, Inc | | | | |
| Copper River Native Association | | | | |
| Southcentral Foundation | | | | |
| Yukon-Kuskokwim Health Corporation | | | | |
| Tattnall County, Georgia v. AmerisourceBergen Drug Corporation et al | 1:2018-op-45574 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Tazewell County, Virginia v. Amerisourcebergen Drug Corporation et. al | 1:2018-op-46167 | VA | Wagstaff & Cartmell | USDC N.D. Ohio |
| The City of Atlanta, GA, et al. v. Mylan Pharmaceuticals, Inc. | 1:23-CV-01193 | GA | Napoli Shkolnik PLLC | USDC N.D. Georgia |
| Clayton County, GA | | | | |
| Dekalb County, GA | | | | |
| Forsyth County, GA | | | | |
| Fulton County, GA | | | | |
| Henry County, GA | | | | |
| Rockdale County, GA | | | | |
| The City of Paintsville, Kentucky v. Amerisourcebergen Drug Corporation, et al. | 1:19-op-45559 | KY | Bryant Law Center Friedman, Dazzio, Zulanas & Bowling, P.C. | USDC N.D. Ohio |
| The Klamath Tribes v. Purdue Pharma L.P. et al | 1:2019-op-45786 | OR | Weitz & Luxenberg, PC | USDC N.D. Ohio |
| The Township of Painesville, Ohio v. Purdue Pharma L.P., et al. | 1:18-op-46035 18CV001212 | OH | NAPOLI SHKOLNIK, PLLC<br><br>PLEVIN, & GALLUCCI COMPANY, L.P.A.<br><br>SCOTT ELLOT SMITH LPA<br><br>DEMER & MARNIELLA, LLC<br><br>PASTERNACK, TILKER, ZIEGLER, WALSH, STANTON & ROMANO LLP | USDC N.D. Ohio |
| Thlopthlocco Tribal Town [Oklahoma] v. Purdue Pharma L.P. et al. | 1:2019-op-46021; 4:19-cv-00557; CJ-2019-00021 | OK | The Bruehl Law Firm, PLLC | USDC N.D. Ohio; USDC N.D. Okla.; Creek (Bristow) County District Court, OK |
| Three Affiliated Tribes v. Purdue Pharma L.P. et al | 1:2019-op-45376 | ND | Robins Kaplan LLP | USDC N.D. Ohio |

| Case | Case Number | State | Firm | Court |
|---|---|---|---|---|
| Tioga County, NY v. Purdue Pharma L.P., et al. | 7:23-cv-06098; 75047/2022 | NY | Napoli Shkolnik PLLC | USDC S.D. NY; Westchester County, NY Supreme Court |
| Tompkins County, NY v. Purdue Pharma L.P., et al. | 7:23-cv-06114; 75011/2022 | NY | Napoli Shkolnik PLLC | USDC S.D. NY; Westchester County, NY Supreme Court |
| Toombs County, Georgia v. AmerisourceBergen Drug Corporation et al | 1:2018-op-45576 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Torres Martinez Desert Cahuilla Indians v. Purdue Pharma L.P. et al | 1:2018-op-46152 | CA | Robins Kaplan LLP | USDC N.D. Ohio |
| Town of Amherst, NY v. Purdue Pharma L.P., et al. | 7:23-cv-06118; 75057/2022 | NY | Napoli Shkolnik PLLC | USDC S.D. NY; Westchester County, NY Supreme Court |
| Town of Butler, Alabama v. Endo Health Solutions Inc. et al | 1:2018-op-45216 | AL | Frazer PLC | USDC N.D. Ohio |
| Town of Cheektowaga, NY v. Purdue Pharma L.P., et al. | 7:23-cv-06124; 75058/2022 | NY | Napoli Shkolnik PLLC | USDC S.D. NY; Westchester County, NY Supreme Court |
| Town of Clinton, MA v. Amerisourcebergen Drug Corporation et al | 1:2019-op-46072 | MA | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| Town Of Cottage City et al v. Allergan plc et al — The Town of Upper Marlboro — The Town of Forest Heights — Town of North Brentwood | 1:2020-op-45235; 8:20-cv-00796 | MD | Shapiro Sher Guinot & Sandler, P.A. | USDC N.D. Ohio; USDC D. Md. |
| Town of Easton v. Amerisourcebergen Drug Corporation et al | 1:2019-op-45920 | MA | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| Town of Enfield v. Purdue Pharma L.P. et al | 1:2019-op-45581 | CT | Scott + Scott | USDC N.D. Ohio |
| Town of Ferriday, Louisiana v. Purdue Pharma, L.P. et. al | 1:2018-op-46166 | LA | The Lanier Law Firm | USDC N.D. Ohio |
| Town of Gramercy v. AmerisourceBergen Drug Corp et al | 1:2021-op-45031; 2:21-cv-00304; 40161 | LA | Leger & Shaw | USDC N.D. Ohio; USDC E.D. La; 23rd Judicial District Parish of St. James, LA |
| Town of Lake Providence, Louisiana v. Purdue Pharma, L.P. et. al | 1:2018-op-46002 | LA | The Lanier Law Firm | USDC N.D. Ohio |
| Town of Lancaster, NY v. Purdue Pharma L.P., et al. | 7:23-cv-06130; 75060/2022 | NY | Napoli Shkolnik PLLC | USDC S.D. NY; Westchester County, NY Supreme Court |

| | | | | |
|---|---|---|---|---|
| Town of Lutcher v. AmerisourceBergen Drug Corp et al | 1:2021-op-45035; 2:21-cv-00300; 40162 | LA | Leger & Shaw | USDC N.D. Ohio; USDC E.D. La; 23rd Judicial District Parish of St. James, LA |
| Town of Mt. Pleasant v. Purdue Pharma L.P. et al | 2019-CP-10-04302 | SC | Senn Legal, LLC | Court of Common Pleas for Charleston County, SC |
| Town of Munford, Alabama v. Actavis, LLC et. al | 1:2018-op-45785 | AL | Montgomery Ponder, LLC | USDC N.D. Ohio |
| Town of Pearl River [Louisiana] v. Purdue Pharma L.P. et al. | 1:2019-op-45754; 2:19-cv-11775; 2019-13024; | LA | Cotten Schmidt | USDC N.D. Ohio; USDC E.D. La.; St. Tammany Parish District Court, LA |
| Town of Poughkeepsie v. Teva Pharmaceuticals USA, Inc. et al | 1:2020-op-45260; 2:20-cv-02431; 400002/2020; 2020/50684 | NY | Napoli Shkolnik PLLC | USDC N.D. Ohio; USDC E.D.N.Y.; Suffolk County Supreme Court, NY; Dutchess County Supreme Court, NY |
| Town of Summerville v. Purdue Pharma L.P. et al | 2019-CP-18-01602 | SC | Senn Legal, LLC | Court of Common Pleas for Dorchester County, SC |
| Town of Tonawanda, NY v. Purdue Pharma L.P., et. al. | 7:23-cv-06131; 75059/2022 | NY | Napoli Shkolnik PLLC | USDC S.D. NY; Westchester County, NY Supreme Court |
| Town of Wethersfield v. Purdue Pharma L.P. et al | 1:2019-op-45663 | CT | Scott + Scott | USDC N.D. Ohio |
| Towns County, Georgia v. Purdue Pharma, L.P. et al | 1:2019-op-45172 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Trempealeau County [Wisconsin] v. Purdue Pharma LP et al | 1:2017-op-45138 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Troup County, Georgia v. AmerisourceBergen Drug Corporation et al | 1:2018-op-45715 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Tubbs (Sheriff of Morehouse Parish) [Louisiana] v. Purdue Pharma L P et. al | 1:2018-op-45884 | LA | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Tulalip Tribes v. Purdue Pharma, L.P. et al | 1:2018-op-45589 | WA | Keller Rohrback LLP | USDC N.D. Ohio |
| Tule River Indian Tribe of California v. AmerisourceBergen Drug Corporation et al | 1:2019-op-45579 | CA | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| Tunica-Biloxi Tribe of Louisiana v. Purdue Pharma L P et al | 1:2018-op-45996 | LA | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Turtle Mountain Band of Chippewa Indians v. Purdue Pharma L.P. et al | 1:2018-op-45521 | ND | Robins Kaplan LLP | USDC N.D. Ohio |
| Twiggs County Georgia v. AmerisourceBergen Drug Corporation et al | 1:2018-op-45379 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |

| | | | | |
|---|---|---|---|---|
| Unified Government of Athens-Clarke County Georgia v. AmerisourceBergen Drug Corporation et al | 1:2018-op-45218 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Unified Government of Macon Bibb County Georgia v. AmerisourceBergen Drug Corporation et al | 1:2018-op-45407 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Unified Government of Wyandotte County/Kansas City, Kansas v. AmerisourceBergen Drug Corporation et. al | 1:2019-op-45015 | KS | Wagstaff & Cartmell | USDC N.D. Ohio |
| United Keetoowah Band of Cherokee Indians v. AmerisourceBergen Drug Corporation et al | 1:2019-op-45600 | KS | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| Upper Sioux Community v. Purdue Pharma L.P. et al | 1:2018-op-45974 | MN | Robins Kaplan LLP | USDC N.D. Ohio |
| Vernon County [Wisconsin] v. Purdue Pharma LP et al | 1:2017-op-45148 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Vernon County, Missouri v. Allergan PLC et al | 1:2020-op-45133; 4:19-cv-03302; 1922-CC11944 | MO | Edgar Law Firm | USDC N.D. Ohio; USDC E.D. Mo.; 22nd Judicial Circuit, The City of St. Louis County, MO |
| Vernon Parish Police Jury [Louisiana] v. Purdue Pharma, L.P. et al | 1:2019-op-45451 | LA | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Village of Herkimer, New York v. Purdue Pharma, L.P. et al | 1:2018-op-45964 | NY | Brindisi, Murad, Brindisi & Pearlman, LLP | USDC N.D. Ohio |
| Village of Pleasant Prairie Wisconsin v. AmerisourceBergen Drug Corporation et al | 1:2020-op-45010 | WI | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| Walker (Sheriff of Crawford County) [Georgia] v. Purdue Pharma L.P. et al | 1:2019-op-45146 | GA | Lieff Cabraser Heimann & Bernstein, LLP | USDC N.D. Ohio |
| Walton County Georgia v. AmerisourceBergen Drug Corporation et al | 1:2018-op-45297 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Warren County, Georgia v. AmerisourceBergen Drug Corporation et al | 1:2018-op-45425 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Warren County, NY v. Purdue Pharma L.P., et al. | 7:23-cv-06133; 75054/2022 | NY | Napoli Shkolnik PLLC | USDC S.D. NY; Westchester County, NY Supreme Court |
| Washburn County [Wisconsin] v. Purdue Pharma LP et al | 1:2017-op-45123 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Washington County [Wisconsin] v. Purdue Pharma Inc et al | 1:2017-op-45114 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Washington County, Georgia v. AmerisourceBergen Drug Corporation et al | 1:2018-op-45563 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Washington County, Mississippi v. Purdue Pharma, L.P. et. al | 1:2018-op-45022 | MS | The Diaz Law Firm, PLLC<br><br>Simmons & Simmons, PLLC | USDC N.D. Ohio |

| | | | | |
|---|---|---|---|---|
| Washington Parish Government [Louisiana] v. Purdue Pharma, L.P. et al. | 1:2019-op-45773; 2:19-cv-11626; 113499 A; | LA | Leger & Shaw | USDC N.D. Ohio; USDC E.D. La.; Washington Parish District Court, LA |
| Waupaca County [Wisconsin] v. Purdue Pharma LP et al | 1:2017-op-45166 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Waushara County [Wisconsin] v. Purdue Pharma LP et al | 1:2017-op-45139 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Wayne County, Georgia v. Purdue Pharma, L.P. et al | 1:2019-op-45204 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| West Carroll Parish Police Jury [Louisiana] v. Purdue Pharma L.P. et al. | 1:2019-op-45454 | LA | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| West Pittston, Pennsylvania v. The Purdue Frederick Company Inc., et al. | 1:2019-op-45997; 3:19-cv-01780 | PA | Brindisi, Murad, Brindisi & Pearlman, LLP | USDC N.D. Ohio; USDC M.D. Pa. |
| Westchester County, NY v. Purdue Pharma L.P., et al. | 7:23-cv-06096; 75020/2022 | NY | Napoli Shkolnik PLLC | USDC S.D. NY; Westchester County, NY Supreme Court |
| Westmoreland County, Virginia, et al. v. Purdue Pharma L.P., et al. <br> Richmond County, Virginia <br> Warren County, Virginia | 1:19-op-45993-DAP | VA | The Finnell Firm <br><br> Bird Law Group, PC | USDC N.D. Ohio |
| White Earth Nation v. Amerisourcebergen Drug Corporation et al | 1:2019-op-45357 | MN | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| Wiley (Sheriff of Ascension Parish) [Louisiana] v. Purdue Pharma, L.P. et. al | 1:2018-op-45842 | LA | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Wilkes County, Georgia v. Purdue Pharma L.P. et al | 1:2019-op-45171 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |
| Wilkes-Barre Township, Pennsylvania v. Purdue Pharma, L.P. et al | 1:2019-op-45325 | PA | Brindisi, Murad, Brindisi & Pearlman, LLP | USDC N.D. Ohio |
| Williams (Sheriff of East Carroll Parish) [Louisiana] v. Purdue Pharma L P et al. | 1:2018-op-45259 | LA | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Winn Parish, Louisiana v. Purdue Pharma L.P. et al | 1:2019-op-45295 | LA | The Lanier Law Firm | USDC N.D. Ohio |
| Winnebago Tribe of Nebraska et al v. McKesson Corporation et al <br><br> Santee Sioux Tribe of the Sioux Nation of the State of Nebraska <br> Omaha Tribe of Nebraska | 1:2018-op-45621 | NE | Domina Law Group <br><br> Krupnick Campbell Malone | USDC N.D. Ohio |
| Wood County [Wisconsin] v. Purdue Pharma LP et al | 1:2017-op-45127 | WI | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Woods (Sheriff of Jefferson Davis Parish) [Louisiana] v. Purdue Pharma L P et al. | 1:2018-op-45099 | LA | Simmons Hanly Conroy LLC | USDC N.D. Ohio |
| Woodward County Board of County Commissioners v. Purdue Pharma LP et al | 1:2020-op-45141 | OK | Fulmer Sill, PLLC | USDC N.D. Ohio |
| Worth County, Georgia v. AmerisourceBergen Drug Corporation et al | 1:2018-op-45602 | GA | Blasingame, Burch, Garrard & Ashley | USDC N.D. Ohio |

| | | | | |
|---|---|---|---|---|
| Wright County, Missouri v. Purdue Pharma L.P. et al | 1:2019-op-45383 | MO | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| Wright Township, Pennsylvania v. Purdue Pharma L.P. et al. | 1:2019-op-45574 | PA | Brindisi, Murad, Brindisi & Pearlman, LLP | USDC N.D. Ohio |
| Wyandotte Nation v. AmerisourceBergen Drug Corporation et al | 1:2019-op-45601 | KS | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. | USDC N.D. Ohio |
| Wyoming, Pennsylvania v. Cephalon, Inc. et al | 1:2020-op-45087; 3:20-cv-00255 | PA | Brindisi, Murad, Brindisi & Pearlman, LLP | USDC N.D. Ohio; USDC M.D. Pa. |
| Wythe County, Virginia v. Amerisourcebergen Drug Corporation et. al | 1:2018-op-46072 | VA | Wagstaff & Cartmell | USDC N.D. Ohio |
| Yates County, NY v. Purdue Pharma L.P., et al. | 7:23-cv-06134; 75050/2022 | NY | Napoli Shkolnik PLLC | USDC S.D. NY; Westchester County, NY Supreme Court |

**EXHIBIT B**

**ELIGIBLE ENTITIES' ALLOCATION DISTRIBUTION PERCENTAGES**

[Reserved - to be added post-Effective Date pursuant to Section IV.B.1]

**EXHIBIT C**

**<u>Subdivision Participation Form</u>**

| | |
|---|---|
| Eligible Subdivision Name: | |
| Case No.: | |
| Authorized Signatory Name: | |
| Authorized Signatory Title: | |
| Address 1: | |
| Address 2: | |
| City, State, Zip: | |
| Phone: | |
| Email: | |

The Eligible Subdivision identified above ("Subdivision"), in order to obtain and in consideration for the benefits provided to the Subdivision pursuant to the Settlement Agreement dated August 31, 2023 ("Sandoz Settlement"), and acting through the undersigned authorized official, is an "Eligible Entity" as defined in the Sandoz Settlement, and hereby elects to participate in the Sandoz Settlement, release all Released Claims against all Released Entities, and agrees as follows:

1. The Subdivision is aware of and has reviewed the Sandoz Settlement, understands that all terms in this Subdivision Participation Form ("Form") have the meanings defined therein, and agrees that by this Form, the Subdivision elects to participate in the Sandoz Settlement and become a Participating Subdivision as provided therein.

2. The Subdivision agrees to the terms, representations, and warranties of the Sandoz Settlement pertaining to Participating Subdivisions as defined therein.

3. By agreeing to the terms of the Sandoz Settlement and becoming a Releasor, the Subdivision is entitled to the benefits provided therein, including, if applicable, monetary payments beginning after the Effective Date.

4. The Subdivision agrees to use any monies it receives through the Sandoz Settlement solely for the purposes provided therein.

5. By signing this Participation Form, the Subdivision agrees that, pursuant to the Sandoz Settlement, Settlement Referee David R. Cohen will set the procedures by which the allocation will be completed for this settlement and will determine the final allocation between the Participating Subdivisions pursuant to the terms of the Sandoz Settlement.

6. The Subdivision agrees that any disputes arising out of this Agreement shall be heard before Settlement Referee David R. Cohen as the arbitrator designated by the

parties in the Sandoz Settlement to resolve disputes through binding arbitration.

7. The Subdivision has the right to enforce the Sandoz Settlement as provided therein.

8. The Subdivision, as a Participating Subdivision, hereby becomes a Releasor for all purposes in the Sandoz Settlement, including but not limited to all provisions of Section II (Release), and along with all departments, agencies, divisions, boards, commissions, districts, instrumentalities of any kind and attorneys, and any person in their official capacity elected or appointed to serve any of the foregoing and any agency, person, or other entity claiming by or through any of the foregoing, and any other entity identified in the definition of Releasor, provides for a release to the fullest extent of its authority. As a Releasor, the Subdivision hereby absolutely, unconditionally, and irrevocably covenants not to bring, file, or claim, or to cause, assist in bringing, or permit to be brought, filed, or claimed, or to otherwise seek to establish liability for any Released Claims against any Released Entity in any forum whatsoever. The releases provided for in the Sandoz Settlement are intended by the Parties to be broad and shall be interpreted so as to give the Released Entities the broadest possible bar against any liability relating in any way to Released Claims and extend to the full extent of the power of each Releasor to release claims. The releases shall be a complete bar to any Released Claim.

9. In connection with the releases provided for in the Sandoz Settlement, each Subdivision expressly waives, releases, and forever discharges any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable, or equivalent to § 1542 of the California Civil Code, which reads:

**General Release; extent.** A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

10. A Releasor may hereafter discover facts other than or different from those which it knows, believes, or assumes to be true with respect to the Released Claims, but each Participating Subdivision (for itself and its Releasors) hereby expressly waives and fully, finally, and forever settles, releases, and discharges, upon the Effective Date, any and all Released Claims that may exist as of such date but which Releasors do not know or suspect to exist, whether through ignorance, oversight, error, negligence or through no fault whatsoever, and which, if known, would materially affect the Participating Subdivision's decision to enter into the Sandoz Settlement or the Participating Subdivision's decision to participate in the Sandoz Settlement.

11. The Participating Subdivision, or their attorneys, shall provide a properly executed Participation Form to the Participating Subdivision Designees and to Sandoz by electronic mail to _____ in accordance with the time

limitations and terms of the Sandoz Settlement.

12. Within 21 days after the Effective Date set forth in the Sandoz Settlement,  the Subdivision shall file a request to dismiss with prejudice any Released Claims that it has filed. With respect to any Released Claims pending in *In re National Prescription Opiate Litigation*, MDL No. 2804, the Subdivision hereby authorizes the Participating Subdivision Designees to execute and file on behalf of the Subdivision a Stipulation of Dismissal With Prejudice.

13. Nothing herein is intended to modify in any way the terms of the Sandoz Settlement, to which Subdivision hereby agrees. To the extent this Form is interpreted differently from the Sandoz Settlement in any respect, the Sandoz Settlement controls.

I have all necessary power and authorization to execute this Form on behalf of the Subdivision.

Signature:

_____

Name:

_____

Title:

_____

Date:

_____

## EXHIBIT D

### Tribe Participation Form

| | |
|---|---|
| Eligible Tribe Name: | |
| Case No.: | |
| Authorized Signatory Name: | |
| Authorized Signatory Title: | |
| Address 1: | |
| Address 2: | |
| City, State, Zip: | |
| Phone: | |
| Email: | |

The Eligible Tribe identified above ("Tribe"), in order to obtain and in consideration for the benefits provided to the Tribe pursuant to the Settlement Agreement dated August 31, 2023 ("Sandoz Settlement"), and acting through the undersigned authorized official, is an "Eligible Entity" as defined in the Sandoz Settlement, and hereby elects to participate in the Sandoz Settlement, release all Released Claims against all Released Entities, and agrees as follows.

1. The Tribe is aware of and has reviewed the Sandoz Settlement, understands that all terms in this Tribe Participation Form ("Form") have the meanings defined therein, and agrees that by this Form, the Tribe elects to participate in the Sandoz Settlement and become a Participating Tribe as provided therein.

2. The Tribe agrees to the terms, representations, and warranties of the Sandoz Settlement pertaining to Participating Tribes as defined therein.

3. By agreeing to the terms of the Sandoz Settlement and becoming a Releasor, the Tribe is entitled to the benefits provided therein, including, if applicable, monetary payments beginning after the Effective Date.

4. The Tribe agrees to use any monies it receives through the Sandoz Settlement solely for the purposes provided therein.

5. By signing this Participation Form, the Tribe agrees that, pursuant to the Sandoz Settlement, Settlement Referee David R. Cohen will set the procedures by which the allocation will be completed for this settlement and will determine the final allocation between the Participating Tribes pursuant to the terms of the Sandoz Settlement.

6. The Tribe agrees that any disputes arising out of this Agreement shall be heard before Settlement Referee David R. Cohen as the arbitrator designated by the parties in the Sandoz Settlement to resolve disputes through binding arbitration.

7.      The Tribe has the right to enforce the Sandoz Settlement as provided therein.

8.      The Tribe, as a Participating Tribe, hereby becomes a Releasor for all purposes in the Sandoz Settlement, including but not limited to all provisions of Section II (Release), and along with all departments, agencies, divisions, boards, commissions, instrumentalities of any kind and attorneys, and any person in their official capacity elected or appointed to serve any of the foregoing and any agency, person, or other entity claiming by or through any of the foregoing, and any other entity identified in the definition of Releasor, provides for a release to the fullest extent of its authority. As a Releasor, the Tribe hereby absolutely, unconditionally, and irrevocably covenants not to bring, file, or claim, or to cause, assist in bringing, or permit to be brought, filed, or claimed, or to otherwise seek to establish liability for any Released Claims against any Released Entity in any forum whatsoever. The releases provided for in the Sandoz Settlement are intended by the Parties to be broad and shall be interpreted so as to give the Released Entities the broadest possible bar against any liability relating in any way to Released Claims and extend to the full extent of the power of each Releasor to release claims. The releases shall be a complete bar to any Released Claim.

9.      In connection with the releases provided for in the Sandoz Settlement, each Tribe expressly waives, releases, and forever discharges any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable, or equivalent to § 1542 of the California Civil Code, which reads:

        **General Release; extent.** A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

10.     A Releasor may hereafter discover facts other than or different from those which it knows, believes, or assumes to be true with respect to the Released Claims, but each Participating Tribe (for itself and its Releasors) hereby expressly waives and fully, finally, and forever settles, releases, and discharges, upon the Effective Date, any and all Released Claims that may exist as of such date but which Releasors do not know or suspect to exist, whether through ignorance, oversight, error, negligence or through no fault whatsoever, and which, if known, would materially affect the Participating Tribe's decision to enter into the Sandoz Settlement or the Participating Tribe's decision to participate in the Sandoz Settlement.

11.
The Participating Tribe, or its attorneys, shall provide a properly executed Participation Form to the Participating Tribe Designees and to Sandoz by electronic mail to _____ in accordance with the time limitations and terms of the Sandoz Settlement.

12. Within 21 days after the Effective Date set forth in the Sandoz Settlement, the Tribe shall file a request to dismiss with prejudice any Released Claims that it has filed. With respect to any Released Claims pending in *In re National Prescription Opiate Litigation*, MDL No. 2804, the Tribe hereby authorizes the Participating Tribe Designees to execute and file on behalf of the Tribe a Stipulation of Dismissal With Prejudice.

13. Nothing herein is intended to modify in any way the terms of the Sandoz Settlement, to which Tribe hereby agrees. To the extent this Form is interpreted differently from the Sandoz Settlement in any respect, the Sandoz Settlement controls.

I have all necessary power and authorization to execute this Form on behalf of the Tribe.

Signature:

_____

Name:

_____

Title:

_____

Date:

_____

**EXHIBIT E**

**Illustrative List of Released Entities**

Sandoz Inc.
Novartis Pharmaceuticals Corporation
Novartis AG
Sandoz International GmbH
Novartis Manufacturing LLC
Novartis Institutes for Biomedical Research, Inc.
Novartis Corporation
Novartis Consumer Health