UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION ) ) ) THIS DOCUMENT RELATES TO: ) "*All Cases*" ) ) ) ) | CASE NO. 1:17-MD-2804 JUDGE POLSTER <u>ISSUE RULING ONE REGARDING MOTIONS TO AMEND</u> |

**I.     Introduction.**

On April 22, 2024, the PEC filed a motion asking the Court to lift its moratorium on substantive filings and permit all MDL plaintiffs to file motions for leave to amend complaints to add defendants. Docket no. 5411. Following briefing and oral argument, the Court granted the PEC's motion. *See Amendment Order* at 2 (docket no. 5455) (noting "[t]his will be plaintiffs' final opportunity to amend their complaints.").

The Court set forth certain directives regarding the timing and format of the motions to amend and related briefing, among other things. *See, e.g, id.* at 1 ("For each defendant the PEC wishes to add to any case, the PEC shall file a ***single*** motion to amend the complaints of ***all*** plaintiffs who wish to add that defendant.") (emphasis in original). In the 16-month period following the Court's *Amendment Order*, the parties have filed dozens of motions and responsive briefs that, including attached exhibits, total many thousands of pages. The chart attached to the end of this Order lists the principal documents. The Court has also carefully reviewed and considered all related documents, Orders, transcripts, and so on.

The parties' briefs raise a plethora of arguments, many of which are common across the

various motions to amend. For example, several defendants argue that, if a plaintiff failed to file or to update a Plaintiff Fact Sheet ("PFS"), that plaintiff should be denied leave to amend. Given this commonality, the Court has determined that the best way to address all of the motions to amend is to publish "Issue Rulings" that resolve common issues, rather than to publish rulings on one motion at a time. This is the first such Issue Ruling.

In this and future Issue Rulings, the Court will direct the parties to: (1) meet and confer and come to agreement on how the Ruling applies to each case where a motion to amend was filed; and (2) submit to the Court an agreed case list showing their conclusion. For example, Section III of the instant Issue Ruling addresses the parties' arguments regarding PFSs. As explained further in Section IV, the Court expects the parties to come to agreement that application of this Ruling works to deny the motion to amend in certain, specific cases, but not others. Upon receiving the parties' agreed list, the Court will make case-specific docket entries accordingly.

## II. Legal Standards.

The Court sets out here the general legal standards it will apply to the motions to amend. Future Issue Rulings are deemed to incorporate by reference this Section of Issue Ruling One. Future Issue Rulings may also set forth additional legal standards specific to certain issues.

*   *   *   *   *

The MDL Court's first Case Management Order ("CMO-1") set a deadline of May 25, 2018 for all plaintiffs (with certain specifically-identified exceptions) to "file any amended pleading, including any amendment to add a party to a case." Docket no. 232 at 9. Subsequent Orders extended this deadline for all existing MDL cases to March 16, 2019. Docket no. 1106 at 3. As for cases not

yet transferred to or filed in the MDL, the Court ordered that "any amended complaints to be filed without seeking leave of Court must be filed [by] the later of March 16, 2019 . . . or 90 days following transfer into this MDL." *Id.* at 3 n.7.

On April 8, 2022, the Judicial Panel on Multidistrict Litigation ("JPML") discontinued transferring new cases to this MDL. *In re Nat'l Prescription Opiate Litig.* (J.P.M.L. Apr. 8, 2022) (case no. 2804, docket no. 9586). Thus, the last possible date for virtually every MDL plaintiff to amend its complaint without leave of Court was approximately July 8, 2022.[1]

On July 29, 2024, more than 2,000 plaintiffs joined and filed omnibus motions seeking to amend their complaints to state claims against various additional defendants. Numerous plaintiffs subsequently withdrew from some of those motions, leaving roughly 1,200 moving plaintiffs at this time.

Amendment of complaints is governed by Rules 15 and 16 of the Federal Rules of Civil Procedure. The two Rules set forth somewhat different standards. Rule 15 states that, if a party seeks to amend its pleading, "[t]he court should freely give leave when justice so requires." Rule 16 requires a court to enter a scheduling order setting (among other time limits) a deadline for amendment of pleadings, and this "schedule may be modified only for good cause and with the

---

[1] The MDL Court's docket shows the JPML's last conditional transfer order was filed on March 21, 2022. *See* docket no. 4318 (CTO no. 217). Only about 40 cases were direct-filed in the MDL after that date. The MDL docket shows a total of 3,169 "member cases," some of which are already closed.

3

judge's consent." Fed. R. Civ. P. 16(b)(3, 4).[2]

The Sixth Circuit has explained how these two directives intersect: If a plaintiff files a "motion to amend . . . after the scheduling order's deadline, plaintiff must first demonstrate good cause under Rule 16(b) before [the court] will consider whether amendment is proper under Rule 15(a)." *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)) (cleaned up). *See also Armatas v. Haws*, 2021 WL 5356028, at *3 (6th Cir. Nov. 17, 2021) ("the moving party must meet a 'higher threshold' in showing good cause under Rule 16 than it would under Rule 15") (citation omitted).

Because the moving plaintiffs filed their omnibus motions years after the March 16, 2019 deadline for amendments, these plaintiffs must first satisfy Rule 16's higher threshold. Rule 16 provides that "the district judge . . . must issue a scheduling order" that, among other things, "must limit the time" during which the parties may "join other parties" or "amend the pleadings." Fed. R.

---

[2] There is some question whether the "good cause" requirement in Rule 16 will still hold in MDL cases. Proposed Rule 16.1, which is the first federal rule to provide specific guidance for MDL cases, and which is scheduled to become effective on December 1, 2025, states only that the MDL court's scheduling order "controls the course of the proceedings unless the court modifies it." There is no mention of "good cause." Further, the advisory committee notes on this new proposed rule state:
> There is no requirement under Rule 16.1 that the court set specific time limits or other scheduling provisions as in ordinary litigation under Rule 16(b)(3)(A) [which requires, among other things, a deadline for parties to amend pleadings]. Because active judicial management of MDL proceedings must be flexible, the court should be open to modifying its initial management order in light of developments in the MDL proceedings.

Fed. R. Civ. P. 16.1(c) cmt. (proposed); *see* October 17, 2024 Memorandum Summary of Proposed New and Amended Federal Rules of Procedure, available at *https://www.uscourts.gov/sites/default/files/2024_scotus_package_final.pdf*.

In any event, the Court's analysis of the pending motions to amend ***does*** include application of the good cause requirement.

4

Civ. P. 16(b)(1), (3)(A). After that deadline, a party can amend the pleadings only if it shows "good cause." *Id.* at 16(b)(4). "[T]he application of Rule 16(b)'s good-cause standard is not optional." *In re CVS*, 956 F.3d 838, 843 (6th Cir. 2020) (quoting *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008)). Indeed, "when it comes to motions that can spell the life or death of a case, such as . . . a motion to amend pleadings, it is important for the district court to articulate and apply the traditional standards governing such motions." *Id*. at 845 (citing *In re Korean Air Lines Co.*, 642 F.3d 685, 700 (9th Cir. 2011)).

"Good cause is a flexible concept," *Powell v. Fugate*, 2018 WL 4088029, at *2 (E.D. Ky. Aug. 27, 2018), and "trial courts have considerable discretion in determining what kind of showing satisfies this . . . good cause standard." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (quoting 3 James Wm. Moore, Moore's Federal Practice – Civil § 16.14[1][b] (3rd ed. 2019)). "What constitutes good cause sufficient to justify the modification of a scheduling order necessarily varies with the circumstances of each case." Charles Alan Wright, et al., 6A Fed. Prac. & Proc. § 1522.2 (3rd ed.). Thus, the "decision whether to grant a motion to amend in an individual case depends on the record in that case and not others." *In re CVS*, 956 F.3d at 845.

Courts consider two principal factors in assessing "good cause": the diligence of the party seeking leave to amend and undue prejudice to the opposing side. *Andretti v. Boria Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2006); *Leary*, 349 F.3d at 906. Both factors must be considered. *See Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 450 (6th Cir. 2010) (absence of prejudice alone does not demonstrate good cause). Regarding the latter factor, "[t]he longer the delay, the less prejudice the opposing party will be required to show." *Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 880 (6th Cir. 2020) (citation omitted). But a court may also consider whether any

5

prejudice can be cured by allowing a continuance, and whether "refusing to grant the continuance would create a substantial risk of unfairness to [the moving] party." 3 Moore's Federal Practice, §16.14[1][c] at 16-72.1; *Deloitte Tax LLP v. Murray*, 2022 WL 44661, at *1 (N.D. Ohio Jan. 4, 2022). An appellate court "review[s] for abuse of discretion a district court's decision to amend its scheduling order to allow a late filing." *Andretti*, 426 F.3d at 830.

"The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Helena Agri-Enterprises, LLC v. Great Lakes Grain, LLC*, 988 F.3d 260, 272 (6th Cir. 2021) (citation omitted). The moving party must "demonstrate[] that 'despite their diligence they could not meet the original deadline.'" *In re CVS*, 956 F.3d at 843 (citation omitted). Thus, a court may conclude "a party cannot show diligence when it is 'aware of the basis of a claim for many months' and fails to pursue that claim." *Profitt v. Highlands Hosp. Corp.*, 2024 WL 3622448, at *4 (6th Cir. Aug. 1, 2024) (quoting *Leary*, 349 F.3d at 908).

In contrast, if the moving party only learned of the facts supporting its proposed amendment after the amendment deadline, diligence will generally be found. *See, e.g., Salerno v. Fam. Heritage Life Ins. Co. of Am.*, 2024 WL 2235772, at *2 (N.D. Ohio May 17, 2024) ("Sixth Circuit courts regularly grant leave for a party to amend its pleadings when discovery 'apparently confirmed [the party's] suspicions so that the company could assert [additional] claims.'"); *Rapp v. Forest City Techs., Inc.*, 2021 WL 4713394, at *3-4 (N.D. Ohio June 17, 2021) ("Because this evidence was not reasonably available to Rapp until well after the deadline date passed, Rapp could not reasonably have met the deadline despite due diligence."); *Joseph v. Joseph*, 2017 WL 5953119, at *2 (S.D. Ohio Jan. 10, 2017) (finding good cause existed when "the documents upon which the proposed

6

amendment [was] largely based were not produced until more than two months after the . . . motion to amend deadline"). And the "due diligence requirement does not impose on a plaintiff the burden to exhaust all avenues to discover information that may serve as the basis of a claim. Instead, Plaintiffs were entitled to presume they would discover this kind of information the way many litigants routinely do, through discovery." *O'Neal v. Denn-Ohio, LLC*, 2020 WL 210801, at *2 (N.D. Ohio Jan. 14, 2020).

Moreover, "the time at which certain information became available to [the movant is not] dispositive of diligence, rather [it is] a factor to be considered." *NOCO Co. v. Lapidus*, 2022 WL 1803039, at *2 (N.D. Ohio June 2, 2022) (Polster, J.); *see Yukech v. Cal. Transp., LLC*, 2022 WL 15523495, at *1 (S.D. Ohio Oct. 27, 2022) ("Notably, a plaintiff's 'possession of relevant information prior to the amendment deadline is only one factor tending to show a lack of diligence.'").

If a plaintiff does show good cause under Rule 16, the Court should then proceed to "consider whether amendment is proper under Rule 15(a)." *Leary*, 349 F.3d at 909. Under Rule 15, a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Sixth Circuit has explained that Rule 15 reflects a "liberal amendment policy." *Brown v. Chapman*, 814 F.3d 436, 442–43 (6th Cir. 2016). "[T]he thrust of Rule 15 is to reinforce the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)). Certain circumstances, however, may counsel against allowing amendment: "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous

7

amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005).³ Some of these factors are subsumed in the Rule 16 good cause analysis.

"Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted" under Rule 15(a). *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989) (citation omitted). Rule 15(a) requires an amending plaintiff to "act with due diligence if it intends to take advantage of the Rule's liberality." *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995). As with Rule 16, "[t]he longer the delay, the less prejudice the opposing party will be required to show" under Rule 15. *Dubuc v. Green Oak Township*, 312 F.3d 736, 752 (6th Cir. 2002).

In addition, a Court will disallow proposed amendments under Rule 15 if they are "futile." *Stanley v. W. Mich. Univ.*, 105 F.4th 856, 867 (6th Cir. 2024). A proposed amendment is futile if it fails to present any claim that could survive a Rule 12(b)(6) motion to dismiss. *Id.* To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### III. Plaintiff Fact Sheets.

The Court now turns to an argument raised by several defendants, which is that: (1) certain plaintiffs failed to comply with the Court's Orders mandating the filing of Plaintiff Fact Sheets

---

³ No defendant asserts a moving plaintiff engaged in bad faith or failed repeatedly to cure deficiencies by previous amendments.

("PFSs"); and (2) this failure compels denial of those plaintiffs' motions to amend. For the reasons and to the extent stated below, the Court finds this argument well-taken.

Over two years ago, in its *PFS Failures Order*, the Court recapitulated the history of the requirement that every governmental subdivision plaintiff in this MDL must submit a PFS. *See* docket no. 4985 at 1-2. The final thrust of the *PFS Failures Order* is set out in these two sentences: (1) "The Court has [previously] expressly required plaintiffs to exchange or provide PFSs numerous times;" and (2) "This Order, therefore, acts as a final warning that continued failure to submit a PFS into the PFS Repository will result in ***dismissal with prejudice***" for failure to prosecute *Id.* at 5, 6 (emphasis in original). The Court gave every MDL plaintiff a final deadline of 45 days to submit a PFS. *Id.* at 6. Dismissal of cases thereafter for failure to submit a PFS would not be automatic, but would occur if a defendant moved for dismissal for failure to comply with the Order. *Id.* at 7.[4]

Certain defendants argue that a plaintiff's failure to submit a PFS should now preclude them from amending their complaint. For example, the PBM Defendants assert:

> 16 Moving Plaintiffs never submitted a Government Plaintiff Fact Sheet. In addition, 288 submitted substantially incomplete Fact Sheets, and 509 submitted Fact Sheets before January 1, 2020, and have not updated any of the information since.

PBM Part I Response at 66–67 (docket no. 6163). The PBM Defendants argue these failures cause them undue prejudice, so none of these allegedly noncompliant plaintiffs should be allowed to amend their complaints. The Generic Manufacturer Defendants offer different statistics, but make the same point. *See* GM Joint Response at 15 (docket no. 5899) (asserting that "127 [plaintiffs] have

---

[4] Because there are several thousand cases in the MDL, the Court relied on defendants to identify PFS failures and move to dismiss those plaintiffs' cases, rather than attempting, itself, to identify those plaintiffs. Thus, there apparently remain cases in the MDL where the plaintiff did not submit a PFS, but no defendant moved to dismiss.

not filed fact sheets as this Court required," and arguing that "a plaintiff's failure to submit plaintiff fact sheets in contravention of a court order constitutes prejudice").

The Court does not agree that a plaintiff's failure to submit a PFS will cause or has caused any defendant undue prejudice under Rule 15 or Rule 16. The cases where plaintiffs seek leave to amend have been stayed and discovery has not yet begun. *See In re Meijer*, No. 21-4051, 2022 WL 20701236, at *1 (6th Cir. Nov. 10, 2022) (finding no substantial prejudice where "[defendant] was added to this case before discovery ever started."). *See also NOCO*, 2022 WL 1803039, at *3 (Polster, J.) (granting leave to amend and rejecting defendant's assertion of prejudice where "discovery [was] still ongoing and dispositive motions [were] not due for another seven months").[5]

As noted in Section II above, however, undue prejudice is just one of the two principal factors a Court must use to assess "good cause" under Rule 16(b); the other factor is the diligence of the party seeking leave to amend. Defendants have not shown undue prejudice, but they have certainly described lack of diligence. As the Court already concluded over two years ago in the *PFS Failures Order*, any plaintiff who was required to submit a PFS but failed to do so has not been diligent in prosecuting its case. *A fortiori*, that plaintiff cannot demonstrate the requisite diligence to now be allowed to amend its complaint.

Still, there is a difference between: (i) a plaintiff's complete failure to submit a PFS, and (ii) a plaintiff's submission of a PFS that a defendant asserts is incomplete or out-of-date. The former is black-and-white. The latter is largely subjective and does not show the degree of failure of

---

[5] Numerous Defendants have pointed in their opposition briefs to various putative sources of prejudice as a reason to deny the motions to amend. The Court addresses in this Issue Ruling only the argument that failure to submit a PFS caused a defendant undue prejudice.

attention that mandates denial of a motion to amend.  Moreover, there is simply no *prejudice* to a party in not having the most up-to-date factual information about a plaintiff in whose case the party is not presently named. If a plaintiff's motion to amend is granted, a newly-added defendant may raise any deficiencies with that plaintiff's PFS through the procedure set forth in the Court's Fact Sheet Implementation Order (docket no. 638).

Accordingly, the Court hereby **DENIES** leave to amend sought by any plaintiff that has not submitted a PFS.  This denial applies *in toto*, prohibiting amendment to add any and every party the plaintiff sought to add as a defendant.  Conversely, the Court will *not* deny leave to amend sought by a plaintiff on the basis that the plaintiff's PFS is somehow inadequate.

**IV.    Application of this Issue Ruling.**

For the reasons and to the extent stated above, the Court rules that a motion to amend filed by a plaintiff that did not submit a PFS is **DENIED**.  It now falls to the parties to apply that ruling to each individual case and report the results back to the Court.  Specifically, the parties should meet and confer and come to as much agreement as possible on how this Issue Ruling applies to each case where a motion to amend was filed, and then submit to the Court a chart listing their agreed conclusions.  If the parties cannot agree on how this Issue Ruling applies to a given case, they shall:

11

(1) so note in their chart; and (2) submit a statement explaining their position. A party's position statement shall not be longer than 2 pages per case, nor longer than 15 pages total.

      **IT IS SO ORDERED.**

                                                  **/s/** ***Dan Aaron Polster***
                                                  **DAN AARON POLSTER**
                                                  **UNITED STATES DISTRICT JUDGE**

**Dated:** October 1, 2025

(Chart on following pages)

| Defendant | Motion | | Response | | Reply | | Sur-Reply |
|---|---|---|---|---|---|---|---|
| Motion to Amend Briefing Chart [1, 2] |||||||| 
| | 5565 | Plaintiffs' Roadmap | | | | | |
| Pharmacy Defendants |||||||| 
| Ahold Delhaize | 5566 | Omnibus Motion to Amend to Add Ahold Delhaize | 5879 | Ahold Delhaize Response | | | |
| Albertsons | 5567 | Omnibus Motion to Amend to Add Albertsons | 5898 | Albertsons Response | | | |
| Costco | 5568 | Omnibus Motion to Amend to Add Costco | 5883 | Costco Response | 6214 | Plaintiffs' Reply re Costco | |
| Discount Drug Mart | 5569 | Omnibus Motion to Amend to Add Discount Drug Mart | 5875 | Discount Drug Mart Response [3] | 6212 | Plaintiffs' Reply re Discount Drug Mart | |
| Publix | 5570 | Omnibus Motion to Amend to Add Publix | 5881 | Publix Response | 6213 | Plaintiffs' Reply re Publix | |
| Target | 5571 | Omnibus Motion to Amend to Add Target | 5886 | Target Response | | | |
| Winn-Dixie | 5572 | Omnibus Motion to Amend to Add Winn-Dixie | 5880 | Winn-Dixie Response | | | |
| | | | 5888 | Certain Pharmacies Joint Response [4] | 6211 | Plaintiffs' Reply re Certain Pharmacies [5] | |

---

[1]   In this chart, the Court lists the principal substantive briefs on Plaintiffs' fourteen Motions to Amend. The parties submitted, and the Court reviewed, many additional documents pertaining to these Motions—for example, motions to strike, motions for extension of time, affidavits in support, and so on. The Court does not list those additional documents here, but may refer to them in its Issue Rulings if relevant.

[2]   Individual Plaintiff Masiowski also filed a separate Motion to Amend his complaint. *See* docket no. 5582. Masiowski's motion is differently situated than the plaintiffs' motions identified in this chart. To the extent the Court's Issue Rulings are applicable to Masiowski's Motion, he and the defendants should attempt to implement them. However, the Court intends to rule on Masiowski's Motion separately.

[3]   Discount Drug Mart filed a separate Response to plaintiffs seeking leave to amend that are located outside the State of Ohio. *See* docket no. 5874. Those Plaintiffs have since withdrawn from Plaintiffs Motion for Leave to Add Discount Drug Mart. *See* docket no. 6212 at 1, n.2. Discount Drug Mart's separate Response is thus moot and not listed in the chart.

[4]   Pharmacy Defendants Ahold Delhaize, Albertsons, Target, and Winn-Dixie filed a joint opposition in addition to their individual opposition briefs.

[5]   Plaintiffs' Reply addresses the joint and individual oppositions of Ahold Delhaize, Albertsons, Target, and Winn-Dixie.

| Defendant | Motion | | Response | | Reply | | Sur-Reply | |
|---|---|---|---|---|---|---|---|---|
| **Generic Manufacturer Defendants** | | | | | | | | |
| Alvogen | 5550 | Omnibus Motion to Amend to Add Alvogen [6] | 5891 | Alvogen Response | | | | |
| Aurolife | 5551 | Omnibus Motion to Amend to Add Aurolife | 5889 | Aurolife Response | | | | |
| KVK-Tech | 5552 | Omnibus Motion to Amend to Add KVK-Tech | 5900 | KVK-Tech Response | | | | |
| Lupin | 5553 | Omnibus Motion to Amend to Add Lupin | 5884 | Lupin Response | | | | |
| Tris Pharma | 5554 | Omnibus Motion to Amend to Add Tris Pharma | 5887 | Tris Pharma Response | | | | |
| | | | 5899 | Generic Manufacturers Joint Response [7] | 6171 | Plaintiffs' Reply re Generic Manufacturers [8] | 6225 | Generic Manufacturers' Sur-Reply |
| **Pharmacy Benefits Manager Defendants** | | | | | | | | |
| Express Scripts | 5548 | Omnibus Motion to Amend to Add Express Scripts | 6163 | PBM Joint Response (Part I) [9] | 6257 | Plaintiffs Reply re PBMs | 6265 | PBMs' Sur-Reply |
| OptumRx | 5547 | Omnibus Motion to Amend to Add OptumRx | 6172 | PBM Joint Response (Part II) | | | | |

---

[6] Presently, Plaintiffs' Motion to Amend to Add Alvogen remains a live motion. Although Plaintiffs indicated they intend to withdraw this motion, *see* footnote 8 below, the Court has not received notice of such withdrawal.

[7] Generic Manufacturer Defendants Alvogen, Aurolife, KVK-Tech, Lupin, and Tris Pharma filed a joint opposition in addition to their individual opposition briefs.

[8] Plaintiffs' Reply addresses the joint and individual oppositions of Aurolife, KVK-Tech, Lupin, and Tris Pharma. Plaintiffs' Reply states that Alvogen reached an agreement to settle Plaintiffs' claims and that Plaintiffs' Motion for Leave to Add Alvogen will be withdrawn. *See* docket no. 6171 at 1, n.1.

[9] PBM Defendants OptumRx and Express Scripts jointly filed a Response to Plaintiffs' two Motions. *See* docket no. 5885. The PBMs then began filing separate motions to strike various plaintiffs from joining the motions. *See* docket nos. 5941, 5952. To prevent piecemeal briefing of the Motions to add the PBMs, the Court permitted the PBMs to incorporate those motions into a second supplemental opposition brief to Plaintiffs' Motions. *See* Order, docket no. 6022. The PBMs' second Response was submitted in two Parts, docket nos. 6163 and 6172, and these supersede and replace docket no. 5885.