| | |
|---|---|
| **From:** | David Cohen <david@davidrcohen.com> |
| **Sent:** | Monday, October 6, 2025 3:14 AM |
| **To:** | Johan Conrod; Boone, Brian; Elsner, Mike; PEC_Optum; Laura Fitzpatrick; Jack Garvey |
| **Cc:** | Optum Opioid Team; *Optum.S&C.Opioids; David R. Cohen (David@SpecialMaster.Law) |
| **Subject:** | [EXTERNAL] Re: David Calabrese — deposition — postponed |
| **Categories:** | ND: Filed |

Greetings. I am out of country so may be slow to respond.

Mr. Boone's motion for protective order is denied and the MDL deposition will go forward as scheduled.

The question of the extent to which Mr. Calabrese may be deposed twice can be addressed later, especially by the state court judge.

Given the immediacy of this dispute, if Mr. Boone wants to object, he needs to do so by 5:00p today, Monday October 6th.  If he chooses to do so, he should please let me know as soon as possible, so that I can let the court know it will be coming.

-d

This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law [specialmaster.law]

---

**From:** Johan Conrod <johan.conrod@cwc.law>
**Sent:** Monday, October 6, 2025 1:58:34 AM
**To:** Boone, Brian <Brian.Boone@alston.com>; Elsner, Mike <melsner@motleyrice.com>; PEC_Optum <pec_optum@listserv.motleyrice.com>; Laura Fitzpatrick <lfitzpatrick@simmonsfirm.com>; Jack Garvey <jgarvey@stranchlaw.com>
**Cc:** Optum Opioid Team <Optum.Opioid.Team@alston.com>; *Optum.S&C.Opioids <optum.sc.opioids@sullcrom.com>; David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Subject:** Re: David Calabrese — deposition — postponed

SM Cohen:
By way of further context, JeffCo's decision to pull the cross notice was driven by several factors:

First, Mr. Calabrese had been scheduled to be deposed in JeffCo in January 2024. The case, however, was removed in December 2023, and while both the EDMO and the 8th Circuit agreed removal was improper, that appeal took over 18 months before the case ultimately was remanded a month or so ago.

Second, while the case was stayed and on appeal, the PBMs produced documents in the MDL. Ultimately, they have produced hundreds of thousands of documents in the MDL that should have been produced JeffCo, including by persons who were JeffCo custodians like Mr. Calabrese. In one particularly notable instance, OptumRx did not produce an audio recording of Mr. Calabrese discussing the history of the opioid crisis and Optum's programs to address it, instead including a slipsheet in place of recording marked "nonresponsive"  These issues were raised before the JeffCo state court judge (Judge Rathert) and argued at a hearing two weeks ago. The judge has not yet ruled on the extent to which any or all of the MDL documents must be reproduced in JeffCo; he requested that the parties each submit their competing orders, which each side did just this past Friday (10/3).

Third, the JeffCo case features a 2022 stipulation (entered as an order by the court) involving dispensing and mail order claims. That stipulation carves out certain discovery and documents "focused primarily on the dispensing activities" of Optum entities. This stipulation was heavily negotiated and the "focused primarily on" wording was specifically crafted to avoid a situation where Optum claimed a document that referenced dispensing was not discoverable even if it otherwise discussed opioid issues generally (i.e., the broader "relating to dispensing" wording was not employed because of the over breadth concern). I personally discussed this issue with Optum counsel at the time the stip was being negotiated.

Against all of this backdrop, JeffCo served and attempted to negotiate Mr. Calabrese's cross notice. All else being equal, JeffCo was initially willing to move forward with the XN if Optum agreed to produce in the JeffCo case all of Mr. Calabrese's MDL custodial production. But it wanted to ensure that it had sufficient time with Mr. Calabrese, particularly since it was on the brink of a full deposition of this witness at the time of the improvident removal in December 2023.

In the meet and confers, Optum indicated that it would produce Mr. Calabrese's MDL file, subject to the dispensing stipulation. The parties disagreed on the allowed time. During the discussions, Optum said it would later provide an email officially setting forth its position. JeffCo continually emphasized during the two M&C discussions the importance of hewing closely to the actual language of the stipulation and the importance of having sufficient time.

When Optum ultimately sent its email setting forth its official demands in writing, however, the dispensing stipulation language did not track the actual stipulation (instead using the previously rejected "related to" language), and it did not provide JeffCo sufficient time. Further,  JeffCo had already compromised by attempting to negotiate the XN in a context where only Mr. Calabrese's MDL documents were being produced, and not all of the other Optum MDL documents (since that issue is still pending with Judge Rathert).  Ultimately, JeffCo concluded that it was being asked to give up too much across the board, and decided to withdraw the XN. To the extent JeffCo were to notice the deposition in the state court case, Optum would of course be able to raise whatever arguments it deemed appropriate in the state court case at that time.

Of course happy to address any further questions.

-Johan

Johan Conrod



office: 512.275.6550
mobile: 757.286.8299
johan.conrod@cwc.law

*CONFIDENTIALITY NOTICE: This e-mail transmission and any associated attachments are a private communication and may contain confidential, legally privileged information that is intended solely for the individual or entity named in the e-mail address. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or reliance upon the contents is strictly prohibited. If you have received this e-mail transmission in error, please reply to the sender and do not disclose its contents, use it for any purpose, or store/copy the information in any medium. Thank you.*

---

**From:** Boone, Brian <Brian.Boone@alston.com>
**Date:** Sunday, October 5, 2025 at 10:20 AM
**To:** Elsner, Mike <melsner@motleyrice.com>, PEC_Optum <pec_optum@listserv.motleyrice.com>, Laura Fitzpatrick <lfitzpatrick@simmonsfirm.com>, Johan Conrod <johan.conrod@cwc.law>, Jack Garvey <jgarvey@stranchlaw.com>
**Cc:** Optum Opioid Team <Optum.Opioid.Team@alston.com>, *Optum.S&C.Opioids <optum.sc.opioids@sullcrom.com>, David R. Cohen <david@specialmaster.law>
**Subject:** Re: David Calabrese — deposition — postponed

Mike (and Special Master Cohen):

We will seek a protective order if we need to (or this email can serve as that request). You describe Jefferson County as an "unrelated state court case." But the day before Jefferson County served its cross-notice for David Calabrese's deposition, Motley Rice appeared as counsel of record for Jefferson County. And as you know, once we received that cross-notice, we met and conferred with Jefferson County multiple times to coordinate over the deposition. It was until late Friday that Jefferson County took the position that it won't depose Mr. Calabrese now and reserves its rights to depose him later.

Motley Rice and the PEC are clearly trying to position things to secure a second bite at the apple for Mr. Calabrese's deposition. We're not going to agree to that. We're taking the deposition down and will reset it after you agree that all your clients will take the deposition at the same time.


Brian D. Boone
ALSTON & BIRD
Vantage South End
1120 South Tryon Street
Suite # 300
Charlotte, NC 28203
704.444.1106 (office)
704.441.1959 (mobile)
brian.boone@alston.com

_____
From: Elsner, Mike <melsner@motleyrice.com>
Sent: Sunday, October 5, 2025 10:27 AM
To: Boone, Brian <Brian.Boone@alston.com>; PEC_Optum <pec_optum@listserv.motleyrice.com>; Laura Fitzpatrick <lfitzpatrick@simmonsfirm.com>; Johan Conrod <johan.conrod@cwc.law>; Jack Garvey <jgarvey@stranchlaw.com>
Cc: Optum Opioid Team <Optum.Opioid.Team@alston.com>; *Optum.S&C.Opioids <optum.sc.opioids@sullcrom.com>; David R. Cohen <david@specialmaster.law>
Subject: RE: David Calabrese — deposition — postponed

3

EXTERNAL SENDER – Proceed with caution
_____

Brian,

The PEC confirmed the date for David Calabrese's deposition on May 20th and it has been properly noticed in the opioid MDL for Thursday, October 9th. As you know, you cannot unilaterally pull down a properly noticed deposition under the Federal Rules of Civil Procedure. If your client wishes to seek relief, you must file a motion for protective order in the MDL. The possibility that a fact witness may need to sit for a second deposition in an unrelated state court case, is not an appropriate basis to seek a protective order. In the event a party in a state court case notices a second deposition of a witness deposed in the MDL and the opposing party objects, should be resolved by the state court judge overseeing that case. This deposition was set long ago, and the PEC is planning to take the witnesses deposition as scheduled. Given the short timing here I have cc'd Special Master Cohen to this e mail.

Mike


[cid:image752704.png@897017E1.24AD3B0D]
Michael Elsner  (he / him)
Attorney at Law

28 Bridgeside Blvd., Mt. Pleasant, SC 29464

o. 843.216.9250<tel:843.216.9250>
 f. 843.216.9450
melsner@motleyrice.com<mailto:melsner@motleyrice.com>




-----Original Message-----
From: Boone, Brian <Brian.Boone@alston.com>
Sent: Sunday, October 5, 2025 6:50 AM
To: PEC_Optum <pec_optum@listserv.motleyrice.com>; Laura Fitzpatrick <lfitzpatrick@simmonsfirm.com>; Elsner, Mike <melsner@motleyrice.com>; Johan Conrod <johan.conrod@cwc.law>; Jack Garvey <jgarvey@stranchlaw.com>
Cc: Optum Opioid Team <Optum.Opioid.Team@alston.com>; *Optum.S&C.Opioids <optum.sc.opioids@sullcrom.com>
Subject: David Calabrese — deposition — postponed

CAUTION:EXTERNAL


Counsel:

Late Friday, Jefferson County's counsel informed us that the County has withdrawn its cross-notice of David Calabrese's deposition and is reserving its rights to depose Mr. Calabrese separately. Mr. Calabrese will not sit for his deposition until coordination issues are resolved, so he will not sit for the deposition next week.

We will look at another date for Mr. Calabrese's deposition once the coordination issues are resolved.

Brian D. Boone
ALSTON & BIRD
Vantage South End
1120 South Tryon Street
Suite # 300
Charlotte, NC 28203
704.444.1106 (office)
704.441.1959 (mobile)
brian.boone@alston.com

_____
NOTICE: This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If you have received this message in error, please notify the sender by email and delete all copies of the message immediately.


Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.

**\*\*This is an external message from: david@davidrcohen.com \*\***