UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*City of Rochester v. Purdue Pharma L.P.*, No. 19-op-45853 (Track 12)<br><br>*County of Ogdensburg, NY v. Purdue Pharma LP,* No. 19-op-45852 (Track 22) | MDL 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster |

### PLAINTIFFS' MOTION FOR LEAVE TO FILE UNDER SEAL ITS EXHIBIT TO PLAINTIFFS' OPPOSITION TO OPTUMRX, INC.'S OBJECTION TO SPECIAL MASTER RULING DENYING OPTUMRX, INC.'S MOTION FOR A PROTECTIVE ORDER REGARDING THE OCTOBER 9, 2025 DEPOSITION OF DAVID CALABRESE

This is a motion under Local Rule 5.2 seeking leave to file under seal Plaintiffs' exhibit to its Opposition to OptumRx, Inc.'s Objection to Special Master Ruling Denying OptumRx, Inc.'s Motion for a Protective Order Regarding the October 9, 2025 Deposition of David Calabrese. A proposed order is attached to this motion as Exhibit 1.

Local Rule 5.2 provides, "No document will be accepted for filing under seal unless a … court order authorizes the filing of sealed documents." Plaintiffs' Replies refer throughout to documents produced by OptumRx and documents produced by Express Scripts, which Defendants have designated confidential and/or "Attorneys Eyes Only" in their entirety under the governing protective order. *See* ECF Nos. 441, 1357. Accordingly, all of this information is subject to the Court's Order Amending Procedures Regarding Redactions and Filing of Briefs Under Seal. *See* ECF No. 1813.

Plaintiffs do not believe this information warrants sealing and withholding from the public. Nonetheless, Plaintiffs seek to comply with all applicable orders concerning designated confidential information. Plaintiffs respectfully request to proceed in this manner so there is no inadvertent disclosure of such information.

Plaintiffs therefore asks the Court to grant Plaintiffs' motion and direct Defendants to indicate within three business days whether and which specific information contained in Plaintiffs' motions or supporting exhibits should be redacted and remain under seal. *See* ECF No. 1813 at 5–7 (disfavoring blanket sealing and requiring specific redactions). At the end of that period, any information Defendants do not indicate should be redacted will be made available on the Court's public docket.

Dated: October 7, 2025

Respectfully submitted,

Jayne Conroy
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
(212) 213-5949 (fax)
jconroy@simmonsfirm.com
*Plaintiffs' Co-Lead Counsel*

Joseph F. Rice
MOTLEY RICE
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com
*Plaintiffs' Co-Lead Counsel*

        Paul T. Farrell, Jr.
        FARRELL & FULLER
        270 Munoz Rivera Avenue, Suite 201
        San Juan, PR  00918
        (304) 654-8281
        paul@farrellfuller.com
        *Plaintiffs' Co-Lead Counsel*

        *s/ Peter H. Weinberger*
        Peter H. Weinberger (0022076)
        SPANGENBERG SHIBLEY & LIBER
        1001 Lakeside Avenue East, Suite 1700
        Cleveland, OH 44114
        (216) 696-3232
        (216) 696-3924 (Fax)
        pweinberger@spanglaw.com
        *Plaintiffs' Liaison Counsel*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 25, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system and may be obtained by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF system.

        */s/Peter H. Weinberger*
        Peter H. Weinberger