UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION <br><br> THIS DOCUMENT RELATES TO: <br><br> *Allamakee County, Iowa v. Purdue Pharma, et al.,* No. 1:18-OP-45983 (Track 24), and <br><br> *Emmet County, Iowa v. Purdue Pharma L.P., et al.,* No. 4:21-OP-45051 (Track 25). | MDL 2804 <br><br> Case No. 1:17-md-2804 <br><br> Judge Dan Aaron Polster |

**DEFENDANT HY-VEE, INC.'S OPPOSITION TO PLAINTIFFS' MOTIONS FOR LEAVE TO AMEND AND SUPPLEMENT COMPLAINTS AND <u>MOTION TO STRIKE CERTAIN ALLEGATIONS</u>**

Defendant Hy-Vee, Inc. ("<u>Hy-Vee</u>") respectfully requests the Court deny Plaintiffs' motion for leave to amend to add proposed new defendants Amber Enterprises, Inc. d/b/a Amber Specialty Pharmacy ("<u>Amber Specialty</u>"), HYVACS, LLC d/b/a Hy-Vee Pharmacy Solutions ("<u>HPS</u>"), RedBox Rx, LLC ("<u>RedBox</u>"), and Vivid Clear Rx, Inc. ("<u>Vivid Clear</u>"). Hy-Vee also moves the Court to strike Plaintiffs' allegations regarding alter ego liability in their proposed "Supplemental and Amended Allegations to be Added to the Complaints" ("<u>Proposed Amended Complaints</u>") as futile.

Amber Specialty, HPS, and RedBox are zero percent or *de minimis* entities. Indeed, as discussed more fully below, Amber Specialty has dispensed only 36 opioid prescriptions and HPS dispensed only one opioid prescription in Iowa—and none of these prescriptions were dispensed to patients located in Allamakee or Emmet Counties. RedBox has never dispensed any opioids anywhere. Allowing Plaintiffs to amend and join Amber Specialty, HPS, and RedBox in

1

these bellwether cases would not only be nonsensical and futile, but it would also violate this Court's prior orders.

Plaintiffs' Amended Complaints also state no facts to allege any wrongdoing against Vivid Clear, a pharmacy benefits manager formed in 2020. Because the Proposed Amended Complaints fail to state a claim against Vivid Clear, joinder of Vivid Clear would likewise be futile.

Finally, because Plaintiffs offer no facts giving rise to a reasonable inference the entities Plaintiffs now seek to join in these bellwether cases are alter egos of Hy-Vee, any amendment to include purported claims premised on alleged alter ego liability would be futile insofar as those claims would be subject to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

**I. The Court should deny leave to amend to join Amber Specialty, HPS, and RedBox as additional defendants in these bellwether cases because joining these entities would violate the Court's prior orders and directives regarding entitles with zero or *de minimis* market share.**

This Court has repeatedly voiced its skepticism about claims against entities with zero or *de minimis* opioid market share. For example, in 2019, this Court directed that joinder of new defendants is limited to those defendants with a market share of 5% or greater based on the ARCOS data. (Doc. 1377 n.2). In 2021, the Court directed that the PEC begin dismissing with prejudice of pharmacy defendants with zero percent market share in the relevant jurisdictions. (Doc. 3688 at p. 2).

According to the 2006-2019 ARCOS data, neither Amber Specialty, HPS, nor RedBox had any opioid market share in Iowa. The dispensing data indicates that Amber Specialty only dispensed 36 prescriptions for opioids to a patient with an address in Iowa and HPS only dispensed one opioid prescription to a patient with an Iowa address. Ex. A, Declaration of Travis

2

Hoover ("Hoover Dec."), at ¶¶ 4-9; Ex. A-2 and A-3. None of these patients, however, were located in Allamakee or Emmet Counties.[1] *Id.*

RedBox has never dispensed *any* drugs, much less opioids. *Id.* at ¶¶ 12-14; Ex. B, Declaration of Nathan ("Nate") Allen ("Allen Dec."), at ¶ 5. RedBox has no assets, no sales, and no employees. *Id.* In fact, RedBox has never been an operating business. *Id.*

Hy-Vee utilizes the name "RedBoxRx" to conduct business via its redboxrx.com website. *Id.* at ¶ 6. However, the drugs dispensed through the redboxrx.com website are dispensed by Hy-Vee. *Id.* RedBoxRx is identified as Store # 1543 in Hy-Vee's pharmacy management system. Ex. A, Hoover Dec., at ¶ 12. Store # 1543 has never dispensed any opioids. *Id.* at ¶ 14; Ex. A-4.

Simply put, Amber Specialty and HPS had no or minimal involvement with opioids during the relevant time period and RedBox has never dispensed any drugs. As zero or *de minimis* market share entities, as defined by this Court, neither Amber Specialty, HPS, nor RedBox are proper defendants in this litigation. As a result, Plaintiffs' proposed joinder of these three entities violates not only the Court's clearly stated directions, but also the reasoning underlying those pronouncements.

Accordingly, the Court should deny Plaintiffs leave to amend to join Amber Specialty, HPS, and RedBox Rx in these bellwether cases.

---

[1] The drugs identified in Exhibit A-2 were dispensed by Amber Specialty to addresses in Marshall, Madison, Woodbury, and Pottawattamie Counties. The only opioid prescription dispensed by HPS was sent to Harrison County.

3

## II. The Court should deny Plaintiffs leave to amend to join Vivid Clear as a defendant because such amendment would be futile.

While leave to amend should be "freely given when justice so requires," FED .R. CIV. P. 15, leave to amend may be denied where the amendment would be futile. *Yuhasz v. Brush Wellman, Inc.,* 341 F.3d 559, 569 (6th Cir. 2003). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417 (6th Cir. 2000).

To survive a motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hensley Mfg. v. ProPride, Inc.,* 579 F.3d 603, 609 (6th Cir.2009) (quoting *Iqbal,* 556 U.S. at 663). Put another way, "the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

The only facts pertaining to Vivid Clear in the Proposed Amended Complaints are the identification of Vivid Clear as a pharmacy benefit manager incorporated under the laws of Nebraska with its principal place of business in Lincoln, Nebraska. (Docs. 6281-1, 6282-1 at ¶¶ 56-58). The remainder of the Proposed Amended Complaints are devoid of any factual allegations pertaining to Vivid Clear or even pharmacy benefit managers generally.[2] As Vivid

---

[2] Likewise, Plaintiffs' original Complaints, which they expressly incorporate by reference into the Proposed Amended Complaints (Doc. 6281-1 at p. 4; Doc. 6282-1 at p. 1), contains no allegations of wrongdoing by PBMs. In fact, the only references to PBMs in those complaints are

4

Clear neither manufactures, distributes or dispenses opioids, Plaintiffs' general references to "Defendants" in these roles do not state a claim against Vivid Clear.

"[T]he sufficiency of a complaint turns on its 'factual content.'" *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (citing *Iqbal,* 556 U.S. at 678). As a result, when a complaint—like the Proposed Amended Complaints here—is devoid of specific factual allegations against a defendant, the complaint should be dismissed as to that defendant. *Woods v. Aramark Corr. Servs.*, No. 2:22-CV-4420, 2023 WL 3506174, at *5 (S.D. Ohio May 17, 2023).

Plaintiffs' Proposed Amended Complaints fail to state a claim upon which relief may be granted against Vivid Clear. The Proposed Amended Complaints cannot survive a motion to dismiss under Rule 12(b)(6). As a result, granting leave to amend to add Vivid Clear as a defendant would be futile. *Rose*, 203 F.3d at 420. The Court should deny Plaintiffs leave to amend to join Vivid Clear as a defendant.

### III.  The Court should strike Plaintiffs' allegations of alter ego liability because the allegations fail to state a claim or properly invoke the doctrine.

The Court should strike Plaintiffs' attempt to create a place holder in their Proposed Amended Complaints for a potential future claim of alter ego liability. Plaintiffs offer no facts giving rise to a reasonable inference that the corporate veil may be pierced under Iowa law.

The only allegation in the "Alter Ego Liability" section of Plaintiffs' Complaint states:

> To the extent that the wrongful acts or omissions alleged herein were committed or omitted by wholly-owned or majority-owned entities, the parent entities are liable for those acts or omissions as alter egos because (1) they dominated and controlled the wholly-owned or majority-owned entity and (2) exercised that domination and control to perpetrate a wrong or injustice.

---

Plaintiffs' allegations that manufacturers marketed to and "doled out funds" to them. (Emmet County Complaint (Doc. 1) ¶1198; Allamakee County Complaint (Doc 1) ) ¶¶ 74, 728).

5

(Doc. 6281-1 ¶ 325; Doc. 6282-1 ¶ 325). Plaintiffs effectively admit they have no facts to support applying the doctrine, stating they cannot plead the doctrine in greater detail without discovery. (*Id.*). Plaintiffs offer nothing more than legal conclusions to sustain application of alter ego liability.

To survive a motion to dismiss, Plaintiff must set forth the grounds for asserting alter ego liability, rather than the labels and conclusions and formulaic recitation of a cause of action's element they offer. *See Twombly,* 550 U.S. at 545 ("Factual allegations must be enough to raise a right of relief above the speculative level on the assumption that all of the complaint's allegations are true."). In determining whether a complaint states a claim or properly invokes a doctrine, the Court considers only the well-pleaded facts, disregarding conclusions of law such as those offered in paragraph 325. *See id.* (noting the court is "not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)).

Under this test, Plaintiffs' Proposed Amended Complaints wholly fail to state a claim for alter ego liability. Accordingly, amendment to assert the doctrine would be futile as the Proposed Amended Complaints would be subject to an immediate motion to dismiss under Rule 12(b)(6). Accordingly, if the Court permits amendment, the Court should nevertheless strike paragraph 325 of the Proposed Amended Complaints because this paragraph fails to state a claim for application of the doctrine.[3]

---

[3] Plaintiffs suffer no prejudice from the striking of this ineffective legal conclusion. If, in discovery, Plaintiffs uncover facts that would support piercing of the corporate veil, they can seek leave to amend their complaints to plead the facts giving rise to a reasonable inference that the alter ego doctrine applies.

## CONCLUSION

For the above and foregoing reasons, Hy-Vee respectfully requests and urges the Court to deny Plaintiffs leave to amend to join Amber Specialty, HPS, RedBox, and Vivid Clear in these bellwether actions because: (i) Amber Specialty and HPS are zero or *de minimis* market share entities that never dispensed any opioids in Allamakee County, Iowa or Emmet County, Iowa; (ii) it would be nonsensical, futile, and a waste of judicial resources to join RedBox as an additional defendant because RedBox is a non-operating entity that has never dispensed any drugs, much less opioids; and (iii) joining Vivid Clear, a pharmacy benefits manager, would be futile because the Proposed Amended Complaints is devoid of any factual allegations sufficient to state a claim against Vivid Clear.

Finally, if the Court grants Plaintiffs leave to amend, Court should nevertheless strike the allegation of alter ego liability in paragraph 325 of the Proposed Amended Complaints.

Respectfully submitted,

 /s/ Jeffrey A. Kennard
Jeffrey A. Kennard          MO #46689
Michele F. Sutton           MO $57942
Turner R. Brock             MO #76126
SCHARNHORST AST KENNARD GRIFFIN, PC
1100 Walnut Street, Suite 1950
Kansas City, MO  64106-2197
Tel:   (816) 268-9400
Fax:   (816) 268-9409
Email: jkennard@sakg.com
       msutton@sakg.com
       tbrock@sakg.com
*Attorneys for defendant Hy-Vee, Inc.*

7

## **CERTIFICATE OF SERVICE**

I hereby certify a copy of the foregoing was filed on October 17, 2025, with the Court's CM/ECF system which will send notification of such filing.

                                                   */s/ Jeffrey A. Kennard*
                                                   An attorney for defendant Hy-Vee, Inc.