**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION **OPIATE LITIGATION** | ) ) ) | **MDL No. 2804** |
| | ) ) | **Case No. 1:17-MD-2804** |
| This Document Relates To | ) ) | **Hon. Dan Aaron Polster** |
| *All MDL Tribal Cases* | ) ) ) | |
| | ) ) | |

<u>**ORDER TO ESTABLISH ADDITIONAL QUALIFIED SETTLEMENT FUNDS**</u>

The Plaintiff Tribal Leadership Committee (the "TLC") appointed by this Court has reached negotiated settlements with various Defendants as further set forth in the following Settlement Agreements:

(i)    the Alvogen Settlement Agreement between the TLC, Participating Tribes, and Alvogen, Inc., dated April 4, 2025 (the "Alvogen SA");

(ii)    the Amneal Settlement Agreement between the TLC, Participating Tribes, and Amneal Pharmaceuticals, Inc., and all of its respective past and present direct or indirect parents, subsidiaries, divisions, affiliates, joint ventures, predecessors, successors, assigns, including but not limited to Amneal Pharmaceuticals LLC and Impax Laboratories, LLC, dated April 4, 2025 (the "Amneal SA");

(iii)    the Apotex Tribal Settlement Agreement between the TLC, Participating Tribes, and Apotex Corp., dated April 4, 2025 (the "Apotex SA");

(iv)    the Hikma Settlement Agreement between the TLC, Participating Tribes, and Hikma Pharmaceuticals USA Inc. f/k/a West-Ward Pharmaceuticals Corp, dated April 4, 2025 (the "Hikma SA");

14898428.2

(v)      the Indivior Settlement Agreement between the TLC, Participating Tribes, and

Indivior Inc., dated April 4, 2025 (the "Indivior SA");

(vi)     the Mylan Tribal Settlement Agreement between the TLC, Participating Tribes, and

Viatris Inc., dated as of April 4, 2025 (the "Mylan SA");

(vii)    the Sun Tribe Settlement Agreement between the TLC, Participating Tribes, and

Sun Pharmaceuticals Industries Inc., and all of its respective past and present direct

or indirect parents, subsidiaries, divisions, affiliates, joint ventures, predecessors,

successors, and assigns, dated as of April 4, 2025 (the "Sun SA"); and

(viii)   the Zydus Settlement Agreement between the TLC, Participating Tribes, and Zydus

Pharmaceuticals (USA) Inc., dated as of April 4, 2025 (the "Zydus SA");

Each of the foregoing eight (8) settlement agreements, namely the Alvogen SA, the Amneal

SA, the Apotex SA, the Hikma SA, the Indivior SA, the Mylan SA, the Sun SA, and the Zydus

SA, provides for the establishment by this Court of settlement trusts to be administered by Special

Master David R. Cohen (together, the "Settlement Trusts")[1]. In addition, each of these settlement

agreements contemplates that a portion of the settlement funds will be transferred by each of the

Settlement Trusts to a separate tribal opioid abatement fund for disbursement, namely:

(a)      the Tribal Abatement Fund Trust XI ("TAFT XI") in the case of the Amneal SA:

(b)      the Tribal Abatement Fund Trust XII ("TAFT XII") in the case of the Apotex SA;

(c)      the Tribal Abatement Fund Trust XIII ("TAFT XIII") in the case of the Hikma SA;

(d)      the Tribal Abatement Fund Trust XIV ("TAFT XIV") in the case of the Indivior

SA;

---

[1] These Settlement Trusts are held within that certain 2025 Multi Defendant Tribal Opioid Settlement Trust (qualified settlement fund) that was previously established by separate Order of this Court.

(e) the Tribal Abatement Fund Trust XV ("TAFT XV") in the case of the Mylan SA;

(f) the Tribal Abatement Fund Trust XVI ("TAFT XVI") in the case of the Sun SA;

(g) the Tribal Abatement Fund Trust XVII ("TAFT XVII"), in the case of the Alvogen SA; and

(h) the Tribal Abatement Fund Trust XVIII ("TAFT XVIII"), in the case of the Zydus SA;

All of the foregoing opioid abatement trusts, namely TAFT XI, TAFT XII, TAFT XIII, TAFT XIV, TAFT XV, TAFT XVI, TAFT XVII and TAFT XVIII (collectively, the "TAFT Trusts"), are to be administered by Directors Mary Smith, Kathy Hannan and Dean Kevin Washburn.

It is also a requirement of each of the foregoing referenced settlement agreements that each of the respective TAFT Trusts be a "qualified settlement fund" within the meaning of Section l.468B-l *et seq.* of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of l986, as amended (each, a "Qualified Settlement Fund" and, collectively, the "Qualified Settlement Funds").

Therefore, in accordance with the request of the TLC and consistent with the terms of the Settlement Agreements, the Court hereby ORDERS as follows:

1. In accordance with the terms of the Amneal SA, TAFT XI is established as a Qualified Settlement Fund within the meaning of Section l.468B-l *et seq.* of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of l986, as amended.

2. In accordance with the terms of the Apotex SA, TAFT XII is established as a Qualified Settlement Fund within the meaning of Section l.468B-l *et seq.* of the

14898428.2

Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of l986, as  amended.

3.      In accordance with the terms of the Hikma SA, TAFT XIII is established as a Qualified Settlement Fund within the meaning of Section l.468B-l *et seq*. of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of l986, as  amended.

4.      In accordance with the terms of the Indivior SA, TAFT XIV is established as a Qualified Settlement Fund within the meaning of Section l.468B-l *et seq*. of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of l986, as  amended.

5.      In accordance with the terms of the Mylan SA, TAFT XV is established as a Qualified Settlement Fund within the meaning of Section l.468B-l *et seq.* of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of l986, as  amended.

6.      In accordance with the terms of the Sun SA, TAFT XVI is established as a Qualified Settlement Fund within the meaning of Section l.468B-l *et seq*. of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of l986, as  amended.

7.      In accordance with the terms of the Alvogen SA, TAFT XVII is established as a Qualified Settlement Fund within the meaning of Section l.468B-l *et seq.* of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of l986, as  amended.

14898428.2

8.　　In accordance with the terms of the Zydus SA, TAFT XVIII is established as a Qualified Settlement Fund within the meaning of Section l.468B-l *et seq.* of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of l986, as  amended.

9.　　In accordance with the Trust Agreement of each TAFT Trust, the Managing Director of each TAFT Trust shall serve as the "administrator" of such Qualified Settlement Fund established by this Order within the meaning of Section l.468B-l *et seq.* of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of l986, as  amended. Each of the TAFT Trusts is established to resolve or satisfy one or more claims as specifically set forth in the respective settlement agreement.

10.　　This Court will have continuing jurisdiction over TAFT XI, TAFT XII, TAFT XIII, TAFT XIV, TAFT XV, TAFT XVI, TAFT XVII and TAFT XVIII.

IT IS SO ORDERED.

/s/ Dan Aaron Polster
**DAN AARON POLSTER**
**UNITED STATED DISTRICT JUDGE**

Dated: October 22, 2025

14898428.2