**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION <br><br> This document relates to: <br><br> *City of Ogdensburg v. Purdue Pharma, L.P.*, No. 19-op-45852 (Track 22) | MDL No. 2804 <br><br> Case No.: l:17-MD-2804 <br><br> Judge Dan Aaron Polster |

**STIPULATION AND ORDER**
**CONCERNING PRODUCTION AND PROTECTION OF 911 RECORDS BY**
**NON-PARTY ST. LAWRENCE COUNTY OFFICE OF EMERGENCY SERVICES**

IT IS HEREBY STIPULATED AND AGREED, by and between Defendant Express Scripts, Inc. ("ESI"), OptumRx, Inc. ("OptumRx"), and non-party St. Lawrence County (the "County") as follows:

WHEREAS ESI and OptumRx served a subpoena to produce documents on non-party St. Lawrence County Office of Emergency Services that arguably calls for production of 911 call records;

WHEREAS New York County Law § 308(4) provides, "Records, in whatever form they may be kept, of calls made to a municipality's E911 system shall not be made available to or obtained by any entity or person, other than that municipality's public safety agency, another government agency or body, or a private entity or a person providing medical, ambulance, mental health crisis, substance use crisis, or other emergency services, and shall not be utilized for any commercial purpose other than the provision of emergency services;"

WHEREAS the County contends that, despite the general prohibition set forth in § 308(4), the courts of the State of New York have held that the statute "cannot be interpreted

1

as prohibiting court-ordered discovery of 911 material in civil litigation," *Anderson v State*, 134 AD3d 1061, 1063 [2d Dept 2015];

WHEREAS the County also contends and the courts of the State of New York have further held that when a court determines that 911 records are "material and necessary" and orders production, the order should provide that the records produced may be used "solely for purposes of prosecuting or defending the current action and may not disseminate or divulge such copies or information to any person or entity other than employees or contractors of said attorneys who are assisting in the prosecution or defense of the within action and who shall be and hereby are prohibited from disseminating or divulging to any other person or entity copies of such recordings and any transcripts and analyses or the information contained therein," *Estate of Gilbert by Gilbert v Hackett*, 62 Misc 3d 691, 692-93 [Sup Ct 2018], *affd sub nom. Gilbert v Hackett*, 183 AD3d 654 [2d Dept 2020];

WHEREAS ESI and OptumRx contend that records of 911 calls relating to overdoses in the City of Ogdensburg are material and necessary for the purposes of defending the current action; and

WHEREAS ESI, OptumRx, and the County agree that the provisions of the protective order currently in place in this litigation (ECF Doc. No. 441, 1357, and 2688) affords protection for 911 call records that is equal to or greater than that required under New York law;

NOW THEREFORE ESI, OptumRx, and the County agree that:

1. The County shall produce records of 911 calls relating to overdoses in the City of Ogdensburg, to the extent they exist, for the period January 1, 1996 through December 31, 2024; and

2. The 911 records produced by the County shall be subject to the protective order in this litigation and shall be marked as such.

SO ORDERED:

_____/s/ *Dan Aaron Polster*_____
Dan Aaron Polster
United States District Judge

Dated: November 12, 2025