**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION  )<br>)<br>THIS DOCUMENT RELATES TO:  )<br>)<br>*All Cases*  )<br>)<br>)<br>)<br>) | MDL 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster<br><br><u>**ISSUE RULING TWO REGARDING PROCEDURAL DEFICIENCIES**</u> |

In *Issue Ruling One* (docket no. 6306), the Court stated it would publish a series of "Issue Rulings" to resolve common arguments raised by the parties in connection with the numerous pending motions for leave to amend complaints. This *Issue Ruling Two* addresses arguments concerning several procedural issues identified primarily by the Pharmacy Benefit Manager defendants ("PBMs").

At the outset, the Court is mindful that many counsel—particularly those on the Plaintiffs' Executive Committee—manage large inventories of plaintiffs and cases. The administrative burden associated with those inventories is significant, and the Court recognizes that, on occasion, inadvertent clerical errors or other oversights may occur. The Court has generally been understanding of these realities and has permitted parties to cure administrative defects promptly once identified. *See, e.g., Order Granting Motions to Correct Inadvertent Omissions* (docket no. 5682); *Order Regarding Service Failures* (docket no. 4986); *but see* docket no. 5749 (denying motion to correct additional inadvertent omissions). The Court expects the parties will continue to work together in good faith to correct scrivener's errors, inadvertent mistakes, and the like. The rulings in this Order are not meant to prohibit or vitiate such corrections.

Nevertheless, certain procedural deficiencies cannot be overlooked. And, as the Court explains further below, where these deficiencies exist and cannot be readily corrected, the Court will not allow amendment of complaints.

**PBMs' Asserted Procedural Deficiencies**

The PBMs contend that many of the moving plaintiffs' motions to amend are procedurally improper. PBMs identify four categories of alleged defects and argue these defects preclude certain plaintiffs from amending their complaints:

1. **Duplicate Plaintiffs:** PBMs assert "[a] significant number of the Moving Plaintiffs appear as plaintiffs in two or more cases." PBM Part I Response at 73 (docket no. 6163). PBMs argue that "[t]he same plaintiff cannot bring duplicate claims in multiple cases against the same defendant," so those plaintiffs' motions to amend must be denied. *Id*.

2. **Unnamed Plaintiffs:** PBMs assert the motions to amend "sweep in numerous plaintiffs *that are not even named* in the cases for which they purportedly seek leave to amend." *Id.* at 74 (emphasis in original). PBMs argue these plaintiffs' motions to amend must be denied because their motions "violat[e] Rule 15's requirement that the movant be a party to the case in which it seeks leave to amend." *Id*.

3. **Lack of Jurisdiction:** PBMs assert "several Moving Plaintiffs improperly seek leave to amend in cases that have been closed, dismissed, or remanded." *Id.* PBMs argue this Court no longer has jurisdiction over these cases, so those plaintiffs' motions to amend must be denied. *Id.*

4. **Other Lawsuit:** PBMs assert some "Moving Plaintiffs already filed and dismissed claims against the PBMs outside the MDL." *Id.* at 75. PBMs argue that, "[b]y suing the PBMs outside the MDL, those Moving Plaintiffs unequivocally admit that they possessed facts

sufficient to assert claims against the PBMs before moving to amend in the MDL, which precludes a showing of good cause." *Id.*

The Court's review of Part II of the PBM's Response (docket no. 6172) shows the PBMs identified approximately 91 duplicate plaintiffs, 37 unnamed plaintiffs, 8 plaintiffs in cases where this Court allegedly lacks jurisdiction, and 12 plaintiffs who previously filed and dismissed actions outside the MDL.[1]

Many of the alleged procedural defects appear to be simply administrative mistakes, such as scrivener's errors or inadvertent mis-listings, that can be easily corrected. Indeed, plaintiffs' Reply indicates that in a great many of the identified instances, corrections have already been made. *See* Plaintiffs' PBM Reply at 97–104 (docket no. 6257). Where this has occurred, the PBMs' objections to amendment of the complaints are now moot.

To the extent the PBMs' objections are not moot, the Court rules on the four alleged procedural defects below.

---

[1] In Part I of their Response, the PBMs allege there are "85 instances of duplicate plaintiffs spread across 13 cases." PBM Part I Response at 73–74. In its own independent review of Part II of the PBMs' Response, the Court counted 91 such instances. Similarly, PBMs allege there are 16 plaintiffs who previously filed and dismissed actions outside the MDL, but the Court counts only 12. It appears the plaintiffs' counts may be different still. These discrepancies provide further support for the conclusion that the parties should continue to meet and confer and come to as much agreement as possible on the status of each case, including through agreed correction of inadvertent or mistaken listings by plaintiffs.

**Duplicate Plaintiffs**[2]

PBMs point out that several entities appear as plaintiffs in more than one case seeking to add the PBMs. PBMs argue this is impermissible claim splitting.[3] The Court agrees that no plaintiff can be allowed to maintain two separate cases asserting the same claims against the PBMs. The complaints in the cases against the PBMs in this MDL—and the amended complaints, if ultimately allowed—are all virtually identical. Any plaintiff who appears in more than one such case is **ordered** to withdraw at least one of them from the applicable omnibus motions to amend. If a plaintiff fails to do so, the Court will deny leave to amend both cases.

**Unnamed Plaintiffs**

PBMs point out correctly that Federal Rule of Civil Procedure 15 requires a movant seeking leave to amend to be a party to the case in which amendment is sought. Fed. R. Civ. P. 15(a)(2) ("a ***party*** may amend its pleading only with . . . the court's leave.") (emphasis added). The Court is doubtful—based on the structure of plaintiffs' motions—that any movant intentionally seeks to amend in a case where it is not a party. But, whatever the cause of misalignment in the motions for leave between the listed movants and the listed cases, the thrust

---

[2] Plaintiffs state the duplicate or incorrect cases listed in the motion for leave to amend were due mostly to a scrivener's error, and "[e]ach of these errors has been corrected in [attached exhibits]." Plaintiffs' PBM Reply at 100. Plaintiffs also state some of the cases identified by PBMs as duplicates are in fact independent actions; for example, in Louisiana, "sheriffs and parishes can [] sue[] separately." *Id.* at 102. The Court's ruling here regarding duplicate plaintiffs applies only to entities that are completely identical.

[3] "[C]laim splitting is the same as res judicata, but with a presumption of a final judgment instead of an actual final judgment." *Waad v. Farmers Ins. Exch.*, 762 F. App'x 256, 260 (6th Cir. 2019). *See also Katz v. Gerardi*, 655 F.3d 1218 (10th Cir. 2011) ("The proper question is whether, assuming the first suit was already final, the second suit would be precluded under res judicata analysis.").

of PBMs' argument is correct. The Court hereby **denies** a motion to amend a complaint in any case where the moving entity is not an existing plaintiff in that case.[4]

**Lack of Jurisdiction**

PBMs are certainly correct that the Court cannot grant a plaintiff's motion to amend its complaint if the Court lacks jurisdiction over the case. This circumstance may exist, for example, if the plaintiff's case was earlier remanded in its entirety to state court or to the transferor court. *See, e.g., Cook v. Lankford*, 17 F. App'x 351, 352 (6th Cir. 2001) ("A remand to state court pursuant to § 1447(c) divests the federal district court of jurisdiction."); *In re Welding Fume Prods. Liab. Litig.*, 2010 WL 7699456, at *18 (N.D. Ohio June 4, 2010) ("once the order of remand [to a transferor court] is entered, this MDL Court loses jurisdiction over the remanded case").[5]

Furthermore, this Court normally does not have jurisdiction to decide a motion for leave to amend filed in a case that the Court earlier dismissed, or otherwise closed, in its entirety.[6]

The PBMs do not make entirely clear which cases: (1) have a still-pending motion for leave to amend (e.g., the motion was not withdrawn); and (2) were remanded, dismissed, or otherwise closed, such that the Court no longer has jurisdiction to decide that still-pending motion. The

---

[4] As stated at the outset of this *Issue Ruling*, the Court still expects the parties will continue to meet and confer and agree to correct scrivener's errors or other inadvertent mis-listings. Plaintiffs who already joined the motions to amend are permitted to correct their case name or number where those items were recorded incorrectly due to an administrative mistake.

[5] Of course, this MDL Court may retain jurisdiction over a case if the Judicial Panel on Multidistrict Litigation remands to the transferor court only certain, severed claims, as has occurred several times. *See, e.g.,* docket nos. 2990 & 3059 (in Track Two, severing and remanding only claims against distributor defendants to the transferor court, while retaining jurisdiction over claims against other defendants).

[6] Even after a case is dismissed, however, a federal court may retain ancillary jurisdiction over certain matters, such as a motion for sanctions or a motion to enforce a settlement agreement. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) (a trial court may still decide a motion for sanctions "after the principal suit has been terminated"); *Moore v. U.S. Postal Serv.*, 369 F. App'x 712, 716-17 (6th Cir. 2010) (a district court "retains jurisdiction over the settlement contract for the purpose of its enforcement" if there is "inclu[ded] in the order of dismissal . . . a separate provision retaining jurisdiction over the settlement agreement").

Court cannot state broadly (as PBMs seem to request) that it denies *every* motion for leave to amend brought by a plaintiff in a case that was previously remanded, closed, or dismissed.  The Court can enter only this more tailored order: the Court hereby **denies** any motion for leave to amend brought by a plaintiff in a case that was earlier (a) remanded *in its entirety* to state court or to a transferor court, or (b) dismissed with prejudice *in its entirety*.

**Other Lawsuit**[7]

PBMs argue a motion to amend is procedurally improper if the plaintiff previously filed and dismissed a similar case against the PBMs outside the MDL. Specifically: "By suing the PBMs outside the MDL, those Moving Plaintiffs unequivocally admit that they possessed facts sufficient to assert claims against the PBMs before moving to amend in the MDL, which precludes a showing of good cause." PBM Part I Response at 75.

The Court does not address this argument in this *Issue Ruling*. The argument raises the substantive question of whether plaintiffs can show due diligence or good cause in pursuing amendment. The instant *Issue Ruling* addresses only alleged procedural defects. The Court will address the PBMs' arguments regarding good cause in a subsequent *Issue Ruling*.

The Court further notes that the PBMs' "other lawsuit" argument tangentially touches upon a second question: whether there is any preclusive effect of a prior dismissal. For example, it is possible a plaintiff sued the PBMs in another case outside the MDL and the case was dismissed with prejudice. In such circumstances, it *could* be appropriate for this Court to deny that plaintiff's motion to amend. But that would depend upon, among other things, exactly which claims and

---

[7] Plaintiffs state that, of 16 plaintiffs identified by PBMs that previously filed cases outside the MDL, ten were dismissed without prejudice and six have withdrawn. Plaintiffs' PBM Reply at 97–99. Plaintiffs further state that some of the other identified plaintiffs with previously dismissed claims are "entities that have been assigned the rights to assert the claims of a collection of third-party payers" and the assignees dismissed some, but not all, of the claims of their assignors. *Id*. at 103.

allegations were advanced in the other case, and which parties appeared, and whether the judgment was on the merits. The PBMs do not address these details for any given plaintiff. Accordingly, the Court does not reach that issue.

**Conclusion**

The Court appreciates the PBMs' detailed effort in identifying various procedural issues that need to be cleaned up or otherwise resolved. Although other defendants did not also raise the specific arguments made by the PBMs, the same alleged procedural deficiencies may exist in other omnibus motions to amend—and the plaintiffs may have already corrected some of those deficiencies. The rulings issued above apply equally to motions to amend seeking to add other defendants.

As stated in *Issue Ruling One*, it now falls to the parties to meet and confer and apply these rulings to each individual case and report back to the Court with their results. *See* docket no. 6306 at 11–12.  The Court will decide individually any cases where the parties cannot agree on the application of this *Issue Ruling*. *Id*. The Court notes its rulings above agreeing with plaintiffs' positions do not mean the motions to amend filed by the relevant plaintiffs are granted, because defendants have raised other arguments upon which the Court has not yet ruled.[8]

**IT IS SO ORDERED.**

    **/s/ Dan Aaron Polster November 17, 2025**
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[8] For example, the Court has not yet addressed whether amending plaintiffs have met Rule 16's good cause standard; this will be the subject of a future *Issue Ruling*. In contrast, the ruling above denying a motion to amend in any case that was previously remanded in its entirety to state court applies forthwith, regardless of the merits of the parties' other arguments.