UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION ) ) ) | |
| THIS DOCUMENT RELATES TO: ) *Allamakee County, Iowa v. Purdue Pharma, et al.,* No. 1:18-OP-45983 ) (Track 24), and ) ) *Emmet County, Iowa v. Purdue Pharma L.P., et al.,* No. 4:21-OP-45051 ) (Track 25). ) | MDL 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)**

Defendants Hy-Vee, Inc., Amber Enterprises, Inc. d/b/a Amber Specialty Pharmacy, HYVACS, LLC d/b/a Hy-Vee Pharmacy Solutions, Redbox Rx, LLC, and Vivid Clear Rx, Inc. (collectively "Hy-Vee") submit this memorandum in support of their joint motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).[1] Hy-Vee moves and urges the Court to issue an Order dismissing all claims against Hy-Vee asserted in Plaintiffs' separate Supplemental and Amended Allegations to be Added to the Complaints (Docs. 6181-1, 6182-1) (collectively "Amended Complaints").

As more fully set forth herein, the Court lacks subject matter jurisdiction over the purported claims against Hy-Vee asserted in Emmet County's Amended Complaint. Accordingly, the Court should—and must—dismiss the complaint as to Hy-Vee without prejudice. The Court

---

[1] In its Order granting Plaintiff's Motion for Leave to Amend (Doc. 6377) dated November 13, 2025, the Court did not deem the Plaintiff's Amended Complaints filed as of the date of the Order and, to date, Plaintiffs have yet to file their Amended Complaints.  Hy-Vee nevertheless submits this motion to dismiss in compliance with the deadline set forth in the Court's Case Management Order (Doc. 6241).

should additionally decline to exercise the supplemental subject matter jurisdiction provided in 28 U.S.C. § 1367(a) over the claims plaintiff Allamakee County asserts against Hy-Vee in its Amended Complaint and dismiss the state-law claims asserted therein against Hy-Vee without prejudice.

## PROCEDURAL HISTORY

Plaintiff Allamakee County filed its original complaint on August 2, 2018 in the United States District Court for the Southern District of Iowa.[2] (Doc. 1, Case No. 4:18-cv-00245-RP-CFB) ("Original Complaint"). In its Original Complaint, Allamakee County did not name Hy-Vee as a defendant. Allamakee County asserted claims for violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO") against certain classes of defendants identified as the "RICO Marketing Defendants" and the "RICO Supply Chain Defendants." (Original Complaint (Doc. 1) at pp. 239-257), as well as claims arising under Iowa law including violations of the Iowa Consumer Fraud Act ("ICFA"), public nuisance, negligence, unjust enrichment, fraud, and civil conspiracy. (*Id.* at pp. 258-269).

On March 15, 2019, Allamakee County joined Hy-Vee as a defendant via its Short Form for Supplementing Complaint and Amending Defendants and Jury Demand (Doc. 7 Case No. 1:18-op-45983-DAP) ("Short Form Complaint"). Allamakee County's Short Form Complaint expressly incorporated by reference its Original Complaint as well as certain common factual allegations and causes of action from the Second Amended Complaint filed in the *County of Summit, Ohio, et al., v. Purdue Pharma L.P.*, et al., Case No. 1:18-op-45090 (Docs. 513, 514) ("Summit Complaint") pertaining to claims under RICO. (Doc. 7, Case No. 1:18-op-45983-DAP,

---

[2] Allamakee County lies within the Central Division of the Northern District of Iowa. *See United States District Court for the Northern District of Iowa, About Us* available at https://www.iand.uscourts.gov/about-us.

at pp. 2, ¶¶ 141-42). Like the RICO claims in its Original Complaint, the RICO claims in Allamakee County's Short Form Complaint were asserted against defendants identified as "RICO Marketing Defendants" and "RICO Supply Chain Defendants." (*Id.*). Hy-Vee was not among the defendants included in those groups.

Allamakee County's Short Form Complaint merely identified Hy-Vee as "a privately held company headquartered in West Des Moines, Iowa" that distributed and redistributed a substantial market share of prescription opioids and "directly caused the worst man-made epidemic in modern medical history." (Short Form Complaint (Doc. 7) at ¶¶ 157-160). Allamakee County did not assert any other allegations in the Short Form Complaint specifically directed to Hy-Vee.

Emmet County filed its original complaint in the United States District Court for the Southern District of Iowa in the case denominated *Appanoose County, et al. v. Allergan, PLC,* Case No. 4:21-cv-00095-JAJ-CFB on March 24, 2021 (the "Emmet County Original Complaint") (Doc. 1 in Case 4:21-cv-00095-JAJ-CFB). Although Hy-Vee was among the defendants identified in the Emmet County Original Complaint, the allegations against Hy-Vee in that complaint were identical to those alleged in Allamakee County's Short Form Complaint. (Doc. 1 in Case 4;21-cv-00095-JAJ-CFB at ¶¶ 153-156). Like Allamakee County, Emmet County asserted claims for violations of RICO against certain defendants identified as the "RICO Marketing Defendants" and "RICO Supply Chain" Defendants, neither of which included Hy-Vee. (*Id.* at ¶¶ 1246-1306). The remaining claims for violations of the ICFA, common law public nuisance, public nuisance, negligence, unjust enrichment, fraud, and civil conspiracy all arose under state law. (*Id.* at ¶¶ 1307-1408).

3

Upon their selection as bellwethers, Allamakee County and Emmet County (collectively "Plaintiffs") sought leave to file separate Supplemental and Amended Allegations to be Added to the Complaints (Docs. 6281, 6282). Their proposed amended complaints (collectively the "Amended Complaints") were attached as exhibits to their motion. (Docs. 6281-1, 6282-1).

In their Amended Complaints, which are virtually identical, Plaintiffs expressly "adopt[ ] and incorporate[ ] by reference the allegations and claims set forth in [their] complaint[s], including all claims and allegations against other defendants named in that complaint." (Doc. 6281-1, 6282-2 at p. 1). The Amended Complaints added new factual allegations specifically against Hy-Vee and asserted causes of action against Hy-Vee for public nuisance (¶¶ 326-377), negligence (¶¶ 318-451), violations of the ICFA (¶¶ 452-459), and unjust enrichment. (Doc. 6282-1 at ¶¶ 460-474). All claims asserted against Hy-Vee arise under Iowa state law.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. Unlike state trial courts, they do not have general jurisdiction to review questions of federal and state law, but only the authority to decide cases that the Constitution and Congress have empowered them to resolve." *Johnson v. Johnson*, 157 F.4th 813, 817 (6th Cir. 2025) (quoting *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008) (per curiam)). "Subject matter jurisdiction is the unwaivable *sine quo non* for the exercise of the federal judicial power." *City of Cleveland ex rel. Wade v. City of Cleveland,* 18 F.Supp.3d 897 (N.D. Ohio May 1, 2014 (quoting *Crabtree v. Wal-Mart,* 2006 WL 897219 at *1 (E.D.Ky. April 4, 2006).

"Want of subject matter jurisdiction may be raised at any time by the parties or by the Court on its own initiative." *Id.* The burden rests squarely upon the plaintiff to establish affirmatively that this Court possesses subject matter jurisdiction over the case or controversy. *Shea v. State Farm Ins. Companies,* 2 F. App'x 478, 479 (6th Cir. 2001). "If

4

the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. FED. R. CIV. P. 12(h)(3).

A party may challenge a district court's exercise of jurisdiction over the suit by bringing a motion under Federal Rule of Civil Procedure 12(b)(1). "A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). Where the motion involves a facial attack, "the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

> A *factual* attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.

*Id*.

Hy-Vee disputes and attacks the factual basis for subject matter jurisdiction in this Court.

## ARGUMENT

Federal courts are courts of limited jurisdiction. *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008) (per curiam). As the Sixth Circuit has explained:

> Unlike state trial courts, they do not have general jurisdiction to review questions of federal and state law, but only the authority to decide cases that the Constitution and Congress have empowered them to resolve. Under the Constitution, federal courts have subject matter jurisdiction over "all Cases, in Law and Equity," involving (1) federal law, (2) ambassadors, (3) maritime or admiralty law, (4) disputes between States, (5) disputes between States and citizens of their sister States, (6) disputes between citizens of different States, (7) disputes over land grants issued by multiple States, and (8) suits between an American and a foreigner.

*Johnson v. Johnson*, 157 F.4th 813, 817 (6th Cir. 2025) (internal citations and quotations omitted).

5

Here, Plaintiffs allege this Court has original jurisdiction because their RICO claims arise under federal law. As alleged in their Amended Complaints:

> 31. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331 because **Plaintiff's original claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq. in the original Complaint** raise a federal question. This Court has supplemental jurisdiction over the Plaintiffs' state-law claims against the Defendants named in these Supplemental and Amended Allegations under 28 U.S.C. § 1367 because those claims are so related to the RICO claims as to form part of the same case or controversy.
>
> 32. This Court has supplemental jurisdiction of the County's state-law claims under 28 U.S.C. § 1367 because those claims are so related to the RICO claim as to form part of the same case or controversy.

(Docs. 6181-1 and 6182-1 at ¶¶ 31-32) (emphasis added).

In its Original Complaint, Allamakee County identified Purdue, Cephalon, Janssen, and Endo as "RICO Marketing Defendants" and Purdue, Actavis, Cephalon, Janssen, Endo, Mallinckrodt, Cardinal, McKesson, and AmerisourceBergen as the "RICO Supply Chain Defendants." (Doc. 1, Case No. 4:18-cv-00245-RP-CFB, at p. 20 n.11, p. 23 n. 12). Emmet County identified Actavis, Cephalon, Janssen, and Endo as the "RICO Marketing Defendants" in its Original Complaint and Actavis, Cephalon, Janssen, Endo, Cardinal McKesson, and AmerisourceBergen as the "RICO Supply Chain Defendants." (Doc. 1 Case No. 1:21-op-45051-DAP) at p. 22 n. 9, p. 33 n.12). Notably, Emmet County did not join Purdue as a defendant in its action.

Hy-Vee is not among the defendants against whom Plaintiffs asserted their RICO claims. Plaintiffs assert only state-law claims against Hy-Vee. Thus, the sole basis for this Court's subject matter jurisdiction over the state-law causes of action asserted against Hy-Vee in Plaintiffs' Amended Complaints is supplemental jurisdiction under 28 U.S.C. § 1367. (*See* Docs. 6281-1 and 6282-1 at ¶ 32).

6

> Section 1367, entitled "Supplemental Jurisdiction" provides:
>
> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). The exercise of supplemental jurisdiction is somewhat discretionary as a court may decline to exercise supplemental jurisdiction where: (i) the supplement claim "raises novel or complex issues of State law;" (ii) the supplemental claim "substantially predominates" over the claims subject to the court's original jurisdiction; and (iii) the court has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).

As discussed more fully herein, upon the filing of Plaintiffs' Amended Complaints, the Court must assess anew the jurisdictional basis for claims against Hy-Vee in this Court. *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 31 (2025). Such assessment reveals this Court lacks subject matter jurisdiction over the claims brought against Hy-Vee by plaintiff Emmet County and that the Court should decline to exercise supplemental jurisdiction over the Iowa state-law claims Allamakee now asserts against Hy-Vee.

**I.  Under recent Supreme Court precedent, the filing of an amended complaint triggers the Court's obligation to reassess subject matter jurisdiction.**

Historically, supplemental jurisdiction was thought to persist, even after amendment or dismissal of the federal question claims. *See, e.g., Pinney Dock & Transport Co.,* 196 F.3d 617 (6th Cir. 1999) (holding the district court had discretion to exercise subject matter jurisdiction over state law claims after the federal claims were settled and dismissed). Excising the federal claim did not defeat supplemental jurisdiction because courts had discretion whether to retain jurisdiction over, or dismiss, supplemental state law claims, even after federal claims were dismissed. *Id.* The United States Supreme Court's holding in *Royal Canin U. S. A., Inc. v.*

7

*Wullschleger*, 604 U.S 22 (2025), "changed all that." *Williams v. Georgetown Univ. Alumni & Student Fed. Credit Union*, No. 1:24-CV-02672 (TNM), 2025 WL 1639711, at *2 (D.D.C. June 10, 2025).

In *Royal Canin,* the plaintiff brought a putative class action in state court against the manufacturer of prescription dog food, alleging violations of federal and state law. 604 U.S. 22 at 25. The defendants removed the case to federal court based on federal question jurisdiction. *Id.* The plaintiff immediately amended her complaint as a matter of right to eliminate every reference to federal law, leaving only the state law claims, and moved to remand. *Id.* at 29. The district court denied remand, the Eighth Circuit reversed, and the Supreme Court granted certiorari to resolve a split among the circuits. *Id.*

The Supreme Court affirmed the Eighth Circuit, holding that "[w]hen a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaints says." *Id.* at 30. The Court reasoned that its reading of Section 1367:

> parallels a slew of other procedural rules linking jurisdiction to the amended, rather than initial, complaint. In deciding which substantive claims to bring against which defendants, a plaintiff can establish—or not—the basis for a federal court's subject-matter jurisdiction. And her control over those matters extends beyond the time her first complaint is filed.

*Id.* at Syl. (b). The Court noted the amended complaint necessarily "supersedes the old one and can bring the suit either newly within or newly outside a federal court's jurisdiction." *Id.* Federal subject matter — "or its absence — follows from the amended complaint." *Id.* at 38.

Further, the Court held "Section 1367 contemplates that when an amended complaint is filed, the jurisdictional basis for the suit is reviewed anew." *Id.* at Syl. (a). "[A]n amendment can wipe the jurisdictional slate clean, giving rise to a new analysis with a different conclusion." *Id.*

The holding in *Royal Canin* is not limited to cases removed to federal court. *Id.* ("nothing in § 1367(a)'s text distinguishes between cases removed to federal court and cases originally

8

filed there"). "In removed and original cases alike, the rule that jurisdiction follows the operative pleading ensures that the case, *as it will actually be litigated*, merits a federal forum." *Id.* at Syl. (b) (emphasis added).

> [*Royal Canin*] clarified that the jurisdictional rules are the same for removed federal-question cases and those originating in federal court. In both instances, jurisdiction is not trapped in amber. When a plaintiff amends his complaint, the new complaint—not the original complaint—becomes the operative one and controls jurisdiction.

*Williams v. Georgetown Univ. Alumni & Student Fed. Credit Union*, No. 1:24-CV-02672 (TNM), 2025 WL 1639711, at *2 (D.D.C. June 10, 2025).

Here, Plaintiffs moved for and were granted leave to file their proposed Amended Complaints in the Hy-Vee bellwether cases. (*See* Doc. 6377). Plaintiffs' Amended Complaints are not only the operative complaints by which subject matter jurisdiction must be determined, but they also trigger the Court's obligation to revisit the issue as "Section 1367 contemplates that when an amended complaint is filed, the jurisdictional basis for the suit is reviewed anew." *Id.* at Syl. (a).

Thus, the Court must assess whether it has subject matter jurisdiction over Plaintiffs' claims against Hy-Vee in their Amended Complaints.

## II. The Court lacks subject jurisdiction over the claims against Hy-Vee asserted in Emmet County's Amended Complaint.

As explained in *Royal Canin,* if the plaintiff eliminates the basis for the court's federal question jurisdiction, "the court's power to decide the dispute dissolves." *Id.* at 30. Further, when the district court loses federal question jurisdiction, the court loses its supplemental jurisdiction as well. *Id.* at 30.

Here, Emmet County's Amended complaint alleges this Court has supplemental subject matter jurisdiction over its state-law claims against Hy-Vee based on federal question

9

jurisdiction. (Doc. 6281-1 ¶¶ 31-32). Emmet County points to its RICO cause of action in its Original Complaint as providing the federal question jurisdiction. (*Id.* at 31). Emmet County asserted those claims in its Original Complaint against the RICO Defendants, more specifically, Actavis, Cephalon, Janssen, Endo, Cardinal McKesson, and AmerisourceBergen. [Doc. 1 Case No. 1:21-op-45051-DAP at p. 22 n.9, p. 33 n. 12, ¶¶ 1246-1315].

Since the filing of Emmet County's Original Petition, each of its RICO Defendants have entered into global settlement agreements and have been dismissed from the case.[3] As a result, when Emmet County was granted leave to file its proposed Amended Complaint (Doc. 6281-1) on November 13, 2025, purporting to "incorporate[ ] by reference the allegations and claims set forth in its Complaint, including all claims and allegations against other defendants named in that Complaint," the RICO Defendants had all been dismissed from the case and there were no remaining claims vesting the court with federal question jurisdiction to incorporate, by reference or otherwise.

Emmet County, by virtue of entering into global settlements with the RICO defendants, which required the claims against the settling defendants be dismissed, has excised all federal defendants and the associated federal claims from its Amended Complaint. Emmet County's Amended Complaint presents no claim arising under federal law and, therefore, the Court lacks federal question jurisdiction under 28 U.S.C. § 1331.

Emmet County's Amended Complaint therefore presents no basis for the Court to exercise federal question jurisdiction over the state law claims against Hy-Vee. By the plain language of § 1367(a), supplemental jurisdiction only attaches where "the district courts have

---

[3] *See, generally,* Global Settlement Tracker, *available at* https://www.opioidsettlementtracker.com.

original jurisdiction." This Court lacks original jurisdiction over the Amended Complaint and thus lacks supplemental jurisdiction over the state law claims asserted therein.[4]

Under these circumstances, the discretion provided by 28 U.S.C. § 1367(c) does not come into play. As the Supreme Court explained: "there is no discretion to decline supplemental jurisdiction here because there is no supplemental jurisdiction at all. Once the plaintiff has ditched all claims involving federal questions, the leftover state claims are supplemental to nothing—and § 1367(a) does not authorize a federal court to resolve them." *Royal Canin,* 604 U.S. at 33.

Plaintiff Emmet County has "ditched" its federal law claims by dismissing all defendants against whom those claims were asserted prior to filing its Amended Complaint. The Court lacks subject matter jurisdiction over the claims asserted in Emmet County's Amended Complaint. The Court should therefore dismiss Emmet County's Amended Complaint without prejudice.

**III.     The Court should decline to exercise supplemental jurisdiction over the state law claims against Hy-Vee in plaintiff Allamakee County's Amended Complaint.**

While the two counties' Amended Complaints are virtually identical, the Original Complaints, to which both counties point as the basis for federal question subject matter jurisdiction, are not. Unlike Emmet County, Allamakee County identified defendant Purdue Pharma, LP ("Purdue") among its "RICO Defendants." (Doc. 1 Case No. 4:18-cv-00243-RP-CFB at p. 20 n.11, p. 23 n.12).

Allamakee County's claims against Purdue are presently stayed and, as the Court is no doubt aware, the state and local governmental entities have reached settlement with Purdue and United States Bankruptcy Court for the Southern District of New York has confirmed the Joint

---

[4] As the parties are all citizens of the state of Iowa, diversity jurisdiction in not applicable.

Chapter 11 Plan of Reorganization. *See In re: Purdue Pharma L.P.,* Case No. 19-23649 (Doc. 8263) (S.D.N.Y. Bankr. Nov. 18, 2025). Thus, all of Allamakee County's claims against Purdue are presently resolved and Purdue should be dismissed from this case once the bankruptcy formalities are concluded and long before the trial in this matter, which, under the current Case Management Order (Doc. 6241), will not take place until the second half of 2027, at the earliest.

In the meantime, however, unlike Emmet County's Amended Complaint, Allamakee County's Amended Complaint can be read as asserting a claim arising under federal law against Purdue. As a result, by application of Section 1367(a), the Court has, but should decline to exercise, supplemental jurisdiction over Allamakee's state law claims against Hy-Vee.

"Section 1367 grants the court broad discretion to decide whether to exercise jurisdiction over state-law claims that are 'so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.'" 28 U.S.C. § 1367(a). A district court may decline to exercise supplemental jurisdiction over a state law claim if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Id.*

### A. Allamakee County's state law claims against Hy-Vee present novel and complex issues of Iowa state law.

A novel issue of state law exists where no applicable state court decision has squarely addressed the issue presented and the issue is better left to the state court to decide. *Weser v. Goodson,* 965 F.3d 507, 591 (6th Cir. 2020). As the Sixth Circuit has noted, Plaintiffs' public

12

nuisance claims, upon which they have largely proceeded in this litigation, raise novel and unsettled questions of state law. *In re Nat'l Prescription Opiate Litig.,* 8 F4th 455, 461 (6th Cir. 2023). Moreover, Iowa courts have yet to pass on Plaintiffs' public nuisance theory of recovery or to determine whether a plaintiff can proceed on a theory of public nuisance against a distributor or dispenser of prescription opioids. Allamakee County's claims present novel issues of Iowa state law.

The public nuisance issue is even more novel and complex as Allamakee County admits Hy-Vee does not have a pharmacy in Allamakee County. (*See* Doc. 6270 at p. 3 ("Hy-Vee does not currently own or operate any pharmacies in Allamakee County")). As a result, Hy-Vee does not directly distribute or dispense opioids into Allamakee County. In other words, for purposes of this case, Allamakee County is a "0% market share" county.

To establish that Hy-Vee has any liability for the alleged opioid crisis in Allamakee County, Allamakee County must rely on a "leakage" theory to recover against Hy-Vee. (*See id.* (pointing to Hy-Vee stores in other counties and states to conclude Hy-Vee "likely sold and dispensed to [Allamakee County] residents"). To Hy-Vee's knowledge, this theory has yet to be asserted as the sole basis for public nuisance liability in any prior bellwether and certainly has not been considered or decided by any Iowa court. Thus, this case presents both novel and unsettled questions of public nuisance under Iowa law better left to an Iowa court.

The Court should decline to exercise supplemental jurisdiction over Allamakee County's state law claims against Hy-Vee.

13

> **B.    Allamakee County's state law claims predominate over the remaining claim arising under federal law.**

State law claims predominate over a federal claim where there is a marked disparity in the number of claims asserted. *See Dietrich v. Simon*, No. 16-2551, 2017 WL 5201919, at *2 (6th Cir. May 17, 2017) ("Because Dietrich's complaint alleged only a single federal claim and five state law claims, the state law claims predominated, and the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over them"); *Lautermilch v. RHBA Acquisitions, LLC*, No. 1:20-CV-2357, 2021 WL 5206556, at *10 (N.D. Ohio Nov. 9, 2021) (noting four state law claims clearly outnumber the plaintiff's single federal claim and finding "the disparity between the number of Plaintiff's state and federal claims supports a finding of substantial predomination").

Here, Allamakee County asserts no federal claim and four Iowa state claims against Hy-Vee. The sole remaining federal claim is asserted against a single bankrupt RICO defendant that will not be in the case when this bellwether proceeds to trial. Clearly, the state law claims in this case predominate over the lone remaining federal claim against a lone bankrupt defendant. The court can, and should, decline to exercise supplemental jurisdiction over the state law claims against Hy-Vee and therefore dismiss Allamakee's Amended Complaint.

> **C.    The remaining federal claim in Allamakee County's Complaint will have been dismissed long before the trial of its state law claims.**

As noted above, the remaining RICO defendant against whom a federal claim remains asserted in Allamakee County's Amended Complaint, Purdue, has reached settlement with the state and local government entities in its bankruptcy action but, as yet, has not been dismissed from the multi-district litigation. The process culminating in such dismissal is well under way and all federal claims should be dismissed long before this case is taken to trial.  The Court

14

In summary: Allamakee County's claims present novel and complex issues of state law, the Iowa state law claims predominate over the federal claim, and the only cause of action arising under federal law has been functionally resolved and should be dismissed in the near future. When case comes to trial in late of 2027, the parties will all be Iowa citizens litigating purely Iowa state law claims. This case "as it will actually be litigated" does not merit a federal forum. *Royal Canin,* 604 U.S at Syl (b). For these reasons, the Court should exercise the discretion afforded by 28 U.S.C. 1367(c) and decline to exercise supplemental jurisdiction over the state law claims against Hy-Vee.

WHEREFORE, for the above and foregoing reasons, Hy-Vee moves and respectfully urges the Court to issue an Order dismissing the Track 24 and Track 25 bellwether cases without prejudice, awarding Hy-Vee its costs, including attorneys' fees, and for such other relief the Court deems just and proper.

Respectfully submitted,

*/s/ Jeffrey A. Kennard*
Jeffrey A. Kennard    MO #46689
Michele F. Sutton    MO #57942
Turner R. Brock    MO #76126
SCHARNHORST AST KENNARD GRIFFIN, PC
1100 Walnut Street, Suite 1950
Kansas City, MO 64106-2197
Tel:    (816) 268-9400
Fax:    (816) 268-9409
Email: jkennard@sakg.com
msutton@sakg.com
tbrock@sakg.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify a copy of the foregoing was filed on December 15, 2025, with the Court's CM/ECF system which will send notification of such filing.

                                         */s/ Jeffrey A. Kennard*
                                         An attorney for Defendants