UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION ) ) ) | |
| THIS DOCUMENT RELATES TO: ) *Allamakee County, Iowa v. Purdue Pharma, et al.,* No. 1:18-OP-45983 ) (Track 24), and ) ) *Emmet County, Iowa v. Purdue Pharma L.P., et al.,* No. 4:21-OP-45051 ) (Track 25). ) | MDL 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Defendants Hy-Vee, Inc., Amber Enterprises, Inc. d/b/a Amber Specialty Pharmacy, HYVACS, LLC d/b/a Hy-Vee Pharmacy Solutions, Redbox Rx, LLC, and Vivid Clear Rx, Inc. ("Vivid Clear")[1] submit this memorandum in support of their joint motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] Hy-Vee moves and urges the Court to issue an Order dismissing (i) Plaintiffs' Third Cause of Action for violation of the Iowa Consumer Fraud Act, Iowa Code § 714H.3 ("ICFA"), because, for numerous reasons, Plaintiffs fail to state a viable claim upon which relief may be granted under the ICFA; (ii) Plaintiffs' conclusory allegations of purported "alter ego liability" are devoid of any facts sufficient to state a claim upon which relief

---

[1] For purposes of this motion, all entities will be collectively referred to as "Hy-Vee" unless otherwise indicated.

[2] In its Order granting Plaintiff's Motion for Leave to Amend dated November 13, 2025 (Doc. 6377), the Court did not deem the Plaintiff's Amended Complaints filed as of the date of the Order and, to date, Plaintiffs have yet to file their Amended Complaints. Hy-Vee nevertheless submits this motion to dismiss in compliance with the deadline set forth in the Court's Case Management Order (Doc. 6241).

may be granted against Hy-Vee; and (iii) all purported claims against defendant Vivid Clear because Plaintiff's Amended Complaints do not include any allegations directed at Vivid Clear and therefore fail to state a claim upon which relief may be granted against Vivid Clear.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). In other words, "the complaint must contain either direct or inferential allegations respecting all material elements to sustain a victory under some viable legal theory." *Mezibov v. Allen,* 411 F.3d 712, 716 (6th Cir. 2005). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hensley Mfg. v. ProPride, Inc.,* 579 F.3d 603, 609 (6th Cir.2009) (quoting *Iqbal,* 556 U.S. at 663). "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. Even under Rule 12(b)(6), a complaint containing a statement of facts that merely creates a *suspicion* of a legally cognizable right of action is insufficient." *Bishop v. Lucent Techs., Inc.,* 520 F.3d 516, 519 (6th Cir. 2008).

## ARGUMENT

**I. Plaintiffs have not and cannot state a viable claim for violation of the ICFA.**

In their Third Claim for Relief, Plaintiffs assert claims against Hy-Vee for purported violations of the ICFA, Iowa Code § 714H. The ICFA prohibits unfair practices "in connection with the advertisement, sale, or lease of consumer merchandise, or the solicitation of contributions for charitable purposes." Iowa Code § 714H.3(1). The statute confers a private

right of action on "[a] consumer who suffers an ascertainable loss of money or property as the result of a prohibited practice or act in violation of this chapter . . . to recover actual damages." Iowa Code § 714H.5. "[T]hus, the ICFA has three basic elements, requiring a plaintiff to establish: (1) they are a consumer; (2) they have suffered an ascertainable loss of money or property; and (3) the loss was a result of a practice or act prohibited by the ICFA." *Mannino v. McKee Auto Ctr., Inc.*, No. 4:23-CV-00262-SMR-HCA, 2024 WL 4884440, at *2 (S.D. Iowa Sept. 5, 2024).

As explained more fully below, Plaintiffs fail to state a claim under the ICFA because Iowa law expressly excepts merchandise sold by licensed pharmacies from actions under Section 714H. Section 714H is inapplicable to claims against Hy-Vee pharmacies arising from prescription opioids they sold to consumers. Plaintiffs' ICFA claims against Hy-Vee are further deficient because Plaintiffs do not plead—and cannot prove—they are "consumers" under the statute or that they suffered the "ascertainable loss" required by the ICFA. Finally, Plaintiffs fail to plead with the requisite particularity the deceptive acts they contend gave rise to their purported claims. The Court should therefore dismiss Plaintiffs' Third Cause of Action with prejudice pursuant to Rule 12(b)(6).

A. **Plaintiffs' ICFA claims fail to state a claim as a matter of law because the ICFA does not apply to pharmacies like Hy-Vee.**

In their Amended Complaints, Plaintiffs purport to assert claims and seek relief under Section 714H.3 of the ICFA. They allege Hy-Vee is "a licensed pharmacy wholesaler and facility and . . . a licensed dispenser" that was engaged in "unconscionable and unfair acts" in the distribution and dispensing of controlled substances. (Doc. 6181-1 and 6182-1 at ¶¶ 176, 454-456). However, by its express language, Chapter 714H of the ICFA *excludes* licensed pharmacies from a private right of action for consumer fraud.

3

Section 714H.4 states the Chapter 714H "<u>shall not apply to</u> any of the following:

a. Merchandise offered or provided by any of the following persons, including business entities organized under Title XII by those persons and the officers, directors, employees, and agents of those persons or business entities, pursuant to a profession or business for which they are licensed or registered:

\* \* \*

(4) <u>Persons or facilities licensed, certified, or registered under chapters</u> 135B, 135C, 135J, 148, 148A, 148B, 148C, 149, 151, 152, 152A, 152B, 153, 154, 154B, 154C, 154D, <u>155A</u>, 156, 169, 522B, 542, 542B, 543B, 544A, or 544B.

(emphasis added).

Chapter 155A governs the "practice of pharmacy and the licensing of pharmacies, pharmacists, and others engaged in the sale, delivery, or distribution of prescription drugs and devices." Iowa Code § 155A.2(1). Chapter 714H, under which Plaintiffs purport to bring their consumer protection claims, is expressly inapplicable to licensed pharmacies such as Hy-Vee.

Accordingly, Plaintiffs cannot state a viable claim for violations of the ICFA against Hy-Vee. The Court should, therefore, dismiss Plaintiffs' ICFA claims with prejudice.

**B. Plaintiffs cannot state a claim under Chapter 714H of the ICFA because they are not consumers under the statute.**

Under the ICFA, "'[c]onsumer' means a <u>natural person</u> or the person's legal representative." Iowa Code § 714H.2 (emphasis added). While the ICFA does not define the term "natural person," other provisions of the Iowa Code distinguish between natural persons and entities with artificial legal personhood. *See Mannino,* 2024 WL 4884440, at \*2 (collecting provisions of the Iowa code that reference "natural person"). As noted by one court, "[b]y its

4

plain meaning, 'natural person' does not include an artificial entity, such as a limited liability company, **which is a creation of state law**." *Id.* (emphasis added).

Here, Plaintiffs are not natural persons; they are—and admit they are—governmental entities.[3] Plaintiffs are political subdivisions of the state of Iowa, which, like limited liability companies, are creations of state law. *Larnson v. Pottawattamie Cnty.,* 173 N.W.2d 5679, 581 (Iowa 1970) ("At the outset it is well established in this jurisdiction, counties are recognized political subdivisions of the state"); *Mandicino v. Kelly,* 158 N.W.2d 754, 758 (Iowa 1968) ("Political subdivisions of states, such as counties, are not sovereign entities; they are subordinate governmental instrumentalities created by the state to assist in carrying out state governmental functions"). *See also,* Iowa Const. art. III, § 39A (granting counties home-rule power and authorities); Iowa Code Chapter 331, County Home Rule Implementation; Iowa Code § 281.1 (defining 'political subdivision' as "a city, county, city-county consolidation, or multicounty consolidation or combination thereof"); Iowa Code § 311.301 (setting forth county powers and limitations). Hence, because under Iowa law Plaintiffs are artificial entities created by state law, Plaintiffs are not "natural persons" and therefore not "consumers" entitled to bring a claim under the ICFA.

Further, Plaintiffs do not plead and cannot establish they are acting as the legal representative of a consumer. Under Iowa law, legal agency is recognized "under the familiar fiduciary roles such as power of attorney, conservator, or guardian." Plaintiffs do not plead any theory of legal agency on behalf of their respective citizens and they do not plead that they are seeking recovery of the ascertainable losses of any consumer. Plaintiffs do not bring their claims

---

[3] *See* Docs. 6281-1 and 6282-1 ¶ 41 ("Plaintiff, like any other local government …"); ¶ 64 ("governmental entities such as the Court").

5

for violations of the ICFA as the legal representatives of any allegedly aggrieved Iowa consumers.

Because Plaintiffs are not consumers under the ICFA, their purported claims for violation of the ICFA fail as a matter of law. The Court should therefore dismiss Plaintiffs Third Claim for Relief with prejudice.

### C. Plaintiffs plead no facts to show they have suffered an "ascertainable loss of money or property."

Plaintiffs do not allege any ascertainable loss of money or property they claim to have suffered as a result of Hy-Vee engaging in any conduct prohibited by the ICFA, a required element of the cause of action. *See* Iowa Code § 714H.5. As a result, Plaintiffs fail to state a claim for violation of the ICFA.

An ascertainable loss of money or property under Iowa law may be found where the consumer receives something other than what he bargained for and the loss itself is measurable. *Poller v. Okoboji Classic Cars, LLC,* 960 N.W.2d 496, 522-23 (Iowa 2021) (citing *Hinchliffe v. Am. Motors Corp.,* 184 Conn. 607, 440 A.2d 810, 814 (1981). Here, Plaintiffs do not allege they received less than they bargained for or that they suffered a measurable loss of money or property because of any allegedly prohibited conduct; indeed, Plaintiffs do not allege they purchased or received anything from Hy-Vee. Rather, while Plaintiffs allege they suffered a "substantial injury" from Hy-Vee's alleged actions, they do not identify any specific loss of money or property. (*See* Doc. 6181-1 and 6182-1 ¶ 457). Plaintiffs merely refer generally to an "[i]ncreased risk of future harm," "substantial injury to Plaintiffs," "losses constituting injury in fact," and "actual damages," but nowhere identify the specific damages they claim were proximately caused by any alleged prohibited conduct on the part of Hy-Vee nor how these damages are ascertainable.

6

Plaintiffs make no factual allegations to establish the ascertainable loss element of a claim under the ICFA. Accordingly, the Court should dismiss Plaintiffs' Third Cause for Action because it fails to allege sufficient facts to establish an ascertainable loss of money or property.

### D. Plaintiffs failed to sufficiently allege any unfair or deceptive acts giving rise to their purported claims under the ICFA.

Plaintiffs allege Hy-Vee engaged in "unconscionable, unfair, or deceptive acts or practices in violation of Iowa Code § 714.H.3" by "omitting the material fact of their failure to design and operate a system to disclose suspicious orders of controlled substances, as well as by failing to actually disclose such suspicious orders" and "by omitting the material fact of their failure to implement effective policies and procedures to guard against diversion from their retail stores at the dispensing level." (Doc. 6181-1 and 6182-1 at ¶¶ 454-456). These "word salad" allegations are insufficient to plead a deceptive or unfair act under the ICFA.

Under the ICFA, an unfair practice is "an act or practice which causes substantial, unavoidable injury to consumers that is not outweighed by any consumer or competitive benefits which the practice produces."  Iowa Code Ann. § 714H.2(9) (citing § 714.16(i)). Where, as here, the alleged unfair practice consists of an omission, that omission must be of a material fact. Iowa Code 714H.3(1). For purposes of the ICFA, a fact is material "if it relays information to consumers that is likely to affect their choice of product or impact their conduct relating to the product." *Miller v. Elliott Aviation Aircraft Sales Inc.*, No. 4:13-CV-00161-JAJ, 2014 WL 12601040, at *14 (S.D. Iowa Mar. 31, 2014) (citing *State ex. rel. Miller v. Vertrue, Inc.*, 834 N.W.2d 12, 34 (Iowa 2013)).

The Sixth Circuit has generally held that claims brought under state consumer protection statutes are subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *See Smith v. Gen. Motors, LLC,* 988 F.3d 873, 882-83 (6th Cir. 2021) (rejecting the plaintiffs'

argument that state statutory consumer protection claim are subject to a different pleading standard than common law fraud); *Detrick v. KCS Int'l Inc.*, 781 F. Supp. 3d 588, 619 (N.D. Ohio 2025), *reconsideration denied,* No. 5:24-CV-1154, 2025 WL 1697482 (N.D. Ohio June 17, 2025) ("The Sixth Circuit has intimated that it generally considers deceptive-business-practices claims under Rule 9(b)"); *Chapman v. Gen. Motors LLC*, 531 F. Supp. 3d 1257, 1300 (E.D. Mich. 2021) (holding that consumer protection statutes, at a minimum, "require deceptive conduct, reliance, and causation to be pled with the same level of particularity required by Fed. R. Civ. P. 9(b)"). "To satisfy Rule 9(b), 'the plaintiff must allege (1) the time, place, and content of the alleged misrepresentation, (2) the fraudulent scheme, (3) the defendant's fraudulent intent, and (4) the resulting injury.'" *Smith,* 988 F.3d at 884 (*quoting Wall v. Michigan Rental*, 852 F.3d 492, 496 (6th Cir. 2017) (internal quotations omitted)). Simply put, Plaintiffs must plead with particularity the facts giving rise to their claim under the ICFA. They have not done so.

Plaintiffs vague allegations that Hy-Vee failed to design and implement systems and polices to identify suspicious orders of opioids placed by its pharmacies or guard against diversion of opioids fail to meet the particularity standard of Rule 9(b). Plaintiffs do not allege any facts giving rise to an inference that Hy-Vee's alleged omissions caused substantial injury to any consumer who filled his or her prescriptions at a Hy-Vee pharmacy or caused any consumer to receive something less than they bargained for. Moreover, Plaintiffs allege no facts giving rise to an inference that Hy-Vee's alleged omissions in any way affected the conduct of any consumer who chose to fill his or her prescription at a Hy-Vee pharmacy, much less provide the particularity these allegations of consumer fraud require.

Plaintiffs allegations of unfair or deceptive conduct are insufficient to state a claim under the ICFA. The Court should therefore dismiss Plaintiffs' Third Cause of Action.

8

**II.     The Court should dismiss Plaintiffs' allegations of Alter Ego Liability because their respective complaints contain no factual bases for the allegations.**

Plaintiffs offer no facts giving rise to a reasonable inference that Hy-Vee's corporate veil should be pierced under Iowa law. The only allegation in the "Alter Ego Liability" section of Plaintiffs' Complaint states:

> To the extent that the wrongful acts or omissions alleged herein were committed or omitted by wholly-owned or majority-owned entities, the parent entities are liable for those acts or omissions as alter egos because (1) they dominated and controlled the wholly-owned or majority-owned entity and (2) exercised that domination and control to perpetrate a wrong or injustice.

(Doc. 6281-1 ¶ 325; Doc. 6282-1 ¶ 325). Plaintiffs allege no facts in their Amended Complaints to support applying the doctrine.

Notably, Plaintiffs were not without such facts, belying their statement in their Amended Complaints that they could not plead the doctrine in greater detail without discovery. (*Id.*). Indeed, in their reply brief in support of their Motion for Leave to Amend (Doc. 6370), Plaintiffs set forth a raft of purported facts they contend would support their allegations of alter ego liability – factual content they patently omitted from their proposed Amended Complaints filed just the previous month. (*See* Doc. 6370 at pp. 11-12).

To survive a motion to dismiss, Plaintiff must set forth the grounds for asserting alter ego liability, rather than the labels and conclusions and formulaic recitation of a cause of action's element they offer. *See Twombly,* 550 U.S. at 545 ("Factual allegations must be enough to raise a right of relief above the speculative level on the assumption that all of the complaint's allegations are true."). The burden to set forth factual content sufficient to state a plausible claim for alter ego liability lies squarely upon Plaintiffs. *See id.* Plaintiffs have failed to meet this burden despite filing their Amended Complaints comprised of over 480 paragraphs. The vast number of

allegations Plaintiffs, as masters of their complaint, chose to assert does not excuse or mitigate their failure to meet their burden as to **each and every** theory of recovery plead.

The Court should dismiss Plaintiffs' theory of alter ego liability as failing to state a claim under Rule 12(b)(6).

**III.     The Court should dismiss all claims against Vivid Clear because Plaintiffs' Complaints are devoid of any allegations of wrongdoing by Vivid Clear, which is a pharmacy benefits manager.**

Plaintiffs' Amended Complaints also state no facts to allege any wrongdoing by Vivid Clear,[4] a pharmacy benefits manager formed in 2020. Indeed, the only facts pertaining to Vivid Clear in the Amended Complaints are the identification of Vivid Clear as a pharmacy benefit manager incorporated under the laws of Nebraska with its principal place of business in Lincoln, Nebraska. (Docs. 6281-1, 6282-1 at ¶¶ 56-58). The remainder of the Amended Complaints are devoid of any factual allegations pertaining to Vivid Clear or even pharmacy benefit managers generally. Because Vivid Clear neither manufactures, distributes, nor dispenses opioids, Plaintiffs' general references to "Defendants" in these roles do not state a claim against Vivid Clear.

"[T]he sufficiency of a complaint turns on its 'factual content.'" *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (citing *Iqbal,* 556 U.S. at 678). Where, as here, a complaint is devoid of specific factual allegations against a defendant, the complaint should be dismissed as to that defendant. *Woods v. Aramark Corr. Servs.*, No. 2:22-CV-4420, 2023 WL 3506174, at *5 (S.D. Ohio May 17, 2023).

---

[4] As of this date, Vivid Clear is a defendant although Plaintiffs have proposed a stipulation of dismissal of certain Hy-Vee subsidiaries, including Vivid Clear.

10

For the foregoing reasons, the Court should summarily dismiss Plaintiff's purported claims against Vivid Clear.

WHEREFORE, for the above and foregoing reasons, Hy-Vee respectfully moves and urges the Court to dismiss Plaintiffs' Third Causes of Action, allegations of alter ego liability, and purported claims against Vivid Clear.

Respectfully submitted,

/s/ Jeffrey A. Kennard
Jeffrey A. Kennard        MO #46689
Michele F. Sutton         MO #57942
Turner R. Brock           MO #76126
SCHARNHORST AST KENNARD GRIFFIN, PC
1100 Walnut Street, Suite 1950
Kansas City, MO 64106-2197
Tel:    (816) 268-9400
Fax:    (816) 268-9409
Email: jkennard@sakg.com
msutton@sakg.com
tbrock@sakg.com

*Attorneys for Defendants*

### CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing was filed on December 15, 2025 with the Court's CM/ECF system which will send notification of such filing.

/s/ Jeffrey A. Kennard
An attorney for Defendants

11