# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) **MDL No. 2804** |
| | ) |
| | ) **Case No. 1:17-MD-2804** |
| This document relates to: | ) |
| | ) **Judge Dan Aaron Polster** |
| *All MDL Tribal Cases* | ) |
| | ) |
| | ) |

## <u>ORDER TO ESTABLISH QUALIFIED SETTLEMENT FUNDS</u>

The Plaintiffs' Executive Committee ("<u>PEC</u>") appointed by this Court, on behalf of the Participating Subdivisions, has reached agreements on attorneys' fees, costs, and expenses with various defendants pursuant to the following master settlement agreements (each, a "Settlement Agreement" and, collectively, the "Settlement Agreements"): (i) Alvogen Settlement Agreement, dated April 4, 2025, between and among the Settling States, the Participating Subdivisions, and Alvogen, Inc. ("<u>Alvogen</u>"); (ii) Amneal Settlement Agreement, dated April 4, 2025, between and among the Settling States, the Participating Subdivisions, and Amneal Pharmaceuticals, Inc. ("<u>Amneal</u>"); (iii) Apotex Settlement Agreement, dated April 4, 2025, between and among the Settling States, the Participating Subdivisions, and Apotex Inc. ("<u>Apotex</u>"); (iv) Hikma Settlement Agreement, dated April 4, 2025, between and among the Settling States, the Participating Subdivisions, and Hikma Pharmaceuticals USA Inc. ("<u>Hikma</u>"); (v) Indivior Settlement Agreement, April 4, 2025, between and among the Settling States, the Participating Subdivisions, and Indivior PLC ("<u>Indivior</u>"); (vi) Mylan Settlement Agreement, dated April 4, 2025, between and among the Settling States, the Participating Subdivisions, and Viatris Inc. ("Mylan"); (vii) Sun Settlement Agreement, April 4, 2025, between and among the Settling States, the Participating

Subdivisions, and Sun Pharmaceutical Industries Limited ("Sun"); and (xiii) Zydus Settlement Agreement, dated April 4, 2025, between and among the Settling States, the Participating Subdivisions, and Zydus Pharmaceuticals (USA) Inc ("Zydus"); (Alvogen, Amneal, Apotex, Hikma, Indivior, Mylan, Sun and Zydus, collectively, the "Settling Defendants").  The agreements on attorneys' fees, costs, and expenses are more specifically described in Exhibit R to the Settlement Agreement for each Settling Defendant (each, an "Exhibit R Agreement" and, collectively, the "Exhibit R Agreements").

Each of the Exhibit R Agreements provides that each of the Settling Defendants will make payments for attorneys' fees into an Attorney Fee Fund, which will be comprised of two sub-funds, the Contingency Fee Fund and the Common Benefit Fund, and which will be overseen and administered by the three-person Fee Panel previously appointed by this Court (MDL Docket No. 3828): David R. Cohen, David R. Herndon, and Randi S. Ellis.

In addition, each of the Exhibit R Agreements provides that each of the Settling Defendants will make payments for attorneys' costs and expenses into an MDL Direct Cost Fund, which will be overseen and administered by the Cost Fund and Expense Fund Administrator previously appointed by this Court (MDL Docket No. 3828): David R. Cohen.

In furtherance of the foregoing, and in order to facilitate the consummation of the Settlement Agreements and each of the Exhibit R Agreements that are a part thereof, the Court desires to and does hereby establish: (a) the Third Opiate Settling Defendants Fee Trust as a qualified settlement fund within the meaning of section 468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation Sections 1.468B-1, *et seq*. (a "QSF"), which QSF will serve as the Attorney Fee Fund provided for in each of the Exhibit R Agreements; and (b) the

Third Opiate Settling Defendants Costs Trust as a QSF, which QSF will serve as the MDL Direct Cost Fund provided for in each of the Exhibit R Agreements.

Accordingly, as set forth in detail above and consistent with the foregoing, the Court hereby **ORDERS** as follows:

1. The Third Opiate Settling Defendants Fee Trust is established as a qualified settlement fund within the meaning of Section 1.468B-1 *et seq.* of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, as amended, for the purpose of holding and distributing funds to be paid to the Attorney Fee Fund pursuant to each of the Exhibit R Agreements, which shall be overseen and administered by the three-person Fee Panel previously appointed by this Court (MDL Docket No. 3828): David R. Cohen, David R. Herndon, and Randi S. Ellis.

2. The Third Opiate Settling Defendants Costs Trust is established as a qualified settlement fund within the meaning of Section 1.468B-1 *et seq.* of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, as amended, for the purpose of holding and distributing the funds to be paid to the MDL Direct Cost Fund pursuant to each of the Exhibit R Agreements, which will be overseen and administered by the Cost Fund and Expense Fund Administrator previously appointed by this Court (MDL Docket No. 3828): David R. Cohen.

3. Special Master David R. Cohen is hereby appointed as "administrator" as defined in 26 CFR § 1.468B-2(k)(3) for each of the QSFs established by this Order, and he shall also serve as Trustee of the legal entity that operates each QSF.

4. The QSFs established by this Order are established to resolve or satisfy one or more claims raised in this MDL.

5. This Court will have continuing jurisdiction over the QSFs established by this Order.

**IT IS SO ORDERED.**

*Dan Aaron Polster* _____ .
**DAN AARON POLSTER**
**UNITED STATED DISTRICT JUDGE**

Dated: December 19, 2025