# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>**THIS DOCUMENT RELATES TO:**<br><br>*City of Rochester v. Purdue Pharma, L.P.*, Case No. 1:19-OP-45853 (Track 12)<br><br>**SUBPOENA FOR DOCUMENTS ISSUED TO NON-PARTY WEGMANS FOOD MARKETS, INC.** | **MDL No. 2804**<br><br>**Case No. 1:17-MD-2804**<br><br>**Judge Dan Aaron Polster** |

## WEGMANS FOOD MARKETS, INC.'S
## OBJECTIONS AND RESPONSES TO NON-PARTY SUBPOENA

Wegmans Food Markets, Inc. ("Wegmans"), a non-party in the above-referenced case, by counsel, submits the following Objections and Responses to Express Scripts, Inc.'s ("Express Scripts") Non-Party Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena") received on July 25, 2024 in connection with the above-referenced litigation (the "Litigation").

### OBJECTIONS TO SUBPOENA

1.      Wegmans objects to the Document Requests (the "Requests") to the extent they seek to impose obligations upon Wegmans that exceed the requirements of the Federal Rules of Civil Procedure, the Local Rules of the U.S. District Court for the Northern District of Ohio (the "Court"), and any applicable orders regarding discovery or this Subpoena entered by a Court. Any responses or documents provided by Wegmans shall be in accordance with the requirements of the Federal Rules of Civil Procedure and subject to an agreed and entered Protective Order.

2.      Wegmans objects to the Subpoena as requesting information not relevant to the issues, claims, and defenses in the Litigation, nor reasonably calculated to lead to the discovery of admissible evidence because, among other things, Wegmans' pharmacies are neither opioid manufacturers nor a PBM.  Wegmans' conduct has nothing to do with these claims or any defenses.  *See Kreszowski v. FCA US LLC*, 2023 WL 1861960, at *1 (N.D. Ohio Feb. 9, 2023) ("Demonstrating relevance is the burden of the party seeking discovery."); *Cross v. Connolly*, 2020 WL 553573, at *2 (W.D.N.Y. Feb. 4, 2020) ("[T]he burden of demonstrating relevance is borne by the party seeking discovery . . . .").  Plaintiff alleges pharmacy benefit managers ("PBMs") like Express Scripts (a) colluded with opioid manufacturers in the "fraudulent and deceptive marketing and oversupply of opioids"; (b) colluded with opioid manufacturers "to increase opioid sales through favorable placement on national formularies in exchange for rebates and fees"; (c) colluded with opioid manufacturers to "eliminate or limit utilization management measures on national formularies that would have restricted opioid prescribing"; (d) failed to implement effective drug utilization review measures; (e) did nothing with its "vast stores of information" they had related to "floods of opioids into communities" including Rochester, New York; and (f) dispensed huge quantities of prescription opioids "through their mail-order pharmacies without proper controls against diversion" (the "Claims").  Suppl. & Am. Compl., No. 1:19-op-45853-DAP, ECF No. 110, ¶ 3.

3.      Wegmans objects to the Subpoena's request for dispensing data because Express Scripts already possesses the data it seeks from Wegmans, to the extent such data exists.  *See, e.g.*, Suppl. & Am. Compl., No. 1:19-op-45853-DAP, ECF No. 110, ¶¶ 379-384 ("At all times since the 1990s, Express Scripts has had as much—if not more—detailed claims data on opioid utilization and prescribing than any other entity in the pharmaceutical industry." (¶ 382)).

2

4.     Wegmans further objects to the Subpoena's Requests for dispensing data as not proportional to the needs of the case.  The plaintiff in the underlying litigation must identify "(i) the prescriptions they . . . conclude caused them the harm for which they seek relief; (ii) the methodology or methodologies they . . . used to reach such a conclusion; and (iii) the electronic scripts or analytical programs used by Plaintiff and/or their experts to implement that methodology."  Order ¶ F(8) (Dec. 28, 2023), ECF No. 5282.  To the extent the plaintiff relies on Wegmans' dispensing data, it—not Wegmans—is required to produce that data to Express Scripts.  Therefore, to the extent there is any utility to the information Express Scripts seeks, its utility is marginal at best.  *See Damsi v. Tarpstop, LLC*, 2023 WL 9186657, at *4 (N.D. Ohio Oct. 19, 2023) ("When the 'marginal utility' of further document production may be low, the proportionality principles of Rule 26 counsel in favor of taking steps to limit discovery."); *Equal Emp. Opportunity Comm'n v. Staffing Sols. of WNY, Inc.*, 2020 WL 7407736, at *2 (W.D.N.Y. Oct. 16, 2020) (a party may only obtain discovery "proportional to the needs of the case" and "proportionality focuses on the 'marginal utility of the discovery sought'" (quoting *Walker v. City of New York*, 2018 WL 1686102, at *2 (E.D.N.Y. Mar. 30, 2018))).

5.     Wegmans objects to the Subpoena's Requests as unduly burdensome.  Considering its status as a non-party against Express Scripts' marginal need for the documents sought, the Requests are unduly burdensome.  *See In re Modern Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018) ("Courts must 'balance the need for discovery against the burden imposed on the person ordered to produce documents,' and the status of that person as a non-party is a factor."); *Lent v. Signature Truck Sys., Inc.*, 2010 WL 1707998, at *4 (W.D.N.Y. Apr. 26, 2010) ("[S]pecial weight should be given to the burden on non-parties of producing documents to parties involved in litigation." (cleaned up)); *Tucker v. Am. Int'l Grp., Inc.*, 281 F.R.D. 85, 92 (D. Conn. 2012)

("Within this Circuit, courts have held nonparty status to be a 'significant' factor in determining whether discovery is unduly burdensome.").

6.     To the extent Express Scripts issued the Subpoena to determine whether it has a claim against Wegmans or another party, that is not a proper basis for discovery.  The purpose of discovery is to find out additional facts about a well-pleaded claim, not to find out whether such a claim exists.  *See Damsi v. Tarpstop, LLC*, 2023 WL 9186657, at *4 (N.D. Ohio Oct. 19, 2023) ("The role of discovery . . . is to find support for properly pleaded claims, not to find the claims themselves"); *Datatrak Int'l, Inc. v. Medidata Sols., Inc.*, 2015 WL 1273894, at *3 (N.D. Ohio July 10, 2015) ("[D]iscovery is not relevant if 'the inquiry is based on the party's mere suspicion or speculation.'" (quoting *Micro Mot., Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1326 (Fed. Cir. 1990))); *see also Toms v. Pizzo*, 4 F. Supp. 2d 178, 186 (W.D.N.Y. 1998), *aff'd*, 172 F.3d 38 (2d Cir. 1998) (quoting *Stoner v. Walsh*, 772 F. Supp. 790, 800 (S.D.N.Y.1991)).

7.     Wegmans objects to the production date of August 26, 2024 specified in the Subpoena on the grounds that it fails to allow a reasonable time to search for and produce responsive documents, if any exist.[1]

8.     Wegmans objects to the Requests to the extent they seek documents or information not maintained in the ordinary course of Wegmans' business, not readily or easily retrievable without undue burden or cost, or not within Wegmans's possession, custody, or control.

---

[1]     Wegmans requested and received an extension of time to respond and/or object to the Subpoena through August 27, 2024.

4

9.     Wegmans objects to the Requests to the extent they seek to impose on Wegmans any obligation to investigate or discover information from third parties and/or any duty to search for and/or provide information that is not within Wegmans' possession, custody, or control.

10.     Wegmans objects to the Requests to the extent that they seek information that is privileged or protected from discovery for any reason including, but not limited to, information protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege, protection, immunity, or rule of confidentiality.  Such documents shall not be produced in response to any request, and any production thereof shall not be deemed a waiver of any privilege or doctrine with respect to such documents.

11.     Wegmans objects to the Requests to the extent they purport to require Wegmans to provide documents or information equally available to and/or already in the possession of the parties to the Litigation, including without limitation documents or information that the parties to the Litigation can obtain from public sources or from other parties in the Litigation.

12.     Wegmans objects to the Requests to the extent they assume facts that have not yet been established.

13.     Wegmans objects to producing any documents unless and until an agreed Protective Order is entered by the Court that specifically addresses Wegmans' non-party status.

14.     To the extent Wegmans provides any documents in response to the Requests, Wegmans does so without waiving or intending to waive, but on the contrary, preserving and intending to preserve:  (a) the right to object, on the grounds of competency, privilege, relevance, or materiality, or any other proper grounds, to the use of such information for any purpose, in

whole or in part, in any subsequent proceedings, whether in the Litigation or in any other litigation or proceeding; (b) the right to object on any grounds, at any time, to requests or other discovery procedures involving or relating to the subject of the Requests to which Wegmans may respond; and (c) the right at any time to revise, correct, add to, or clarify any of the responses made herein.

15.     Wegmans does not represent that its responses, if any, will provide all information requested.  Rather, as required by the Federal Rules of Civil Procedure, any such responses and/or document productions would be limited to responsive information identified by Wegmans pursuant to a reasonable and duly diligent search and investigation conducted in connection with the Requests in those areas where such information is expected to be found.  To the extent the Subpoena or the Requests purport to require more, Wegmans objects on the grounds that they seek to compel Wegmans to conduct a search beyond the scope of permissible discovery contemplated by the Federal Rules of Civil Procedure, and that compliance with the Requests would impose an undue burden and expense on Wegmans.

16.     Wegmans objects to producing any documents created after the date the Subpoena was served on Wegmans on the grounds that production of such documents would be unduly burdensome and not proportional to the needs of the Litigation.

17.     No objection, limitation, or agreement to search for or produce documents, communications, or data that may be made in connection with the Subpoena, or lack thereof, shall be deemed an admission by Wegmans as to the existence or nonexistence of documents.

18.     Wegmans objects to any Request seeking "Any" or "All" documents, communications, data, or categories of documents, communications, or data, as overly broad,

6

unduly burdensome, and not narrowly-tailored to the issues, claims, and/or defenses asserted in the Litigation.

19. Wegmans objects to the Requests to the extent they relate to any proprietary or confidential business information.

20. Wegmans reserves the right to supplement these responses and raise any additional objections deemed necessary and appropriate.

## OBJECTIONS TO DEFINITIONS

1. Wegmans objects to the definition of "Communication" to the extent it differs from and/or seeks to impose obligations upon Wegmans that exceed the requirements of the Federal Rules of Civil Procedure, the Local Rules of the Court, and any other applicable rules or Orders. Wegmans also objects to this definition to the extent it seeks to impose on Wegmans an obligation to search for and/or produce documents or information that are not reasonably accessible.

2. Wegmans objects to the definition of "Document" or "Documents" to the extent it differs from and/or seeks to impose obligations upon Wegmans that exceed the requirements of the Federal Rules of Civil Procedure and any applicable local rules or Orders. Wegmans further objects to this definition to the extent it seeks to impose on Wegmans an obligation to search for and/or produce documents or information that are not reasonably accessible or not proportional to the needs of the case or reasonably calculated to lead to the discovery of admissible evidence.

3. Wegmans objects to the definition of "Drug Scope" as overly broad to the extent it includes any controlled substances aside from the "MDL-8 opioids", which are not relevant to the Litigation.

7

4.      Wegmans objects to the definition of "Employee" to the extent it seeks to impose on Wegmans an obligation to search for and/or produce documents or information that are not within its possession.

5.      Wegmans objects to the definition of "Suspicious Order(s)" as vague, ambiguous, overly broad, not relevant to any issue in the Litigation, not proportional to the needs of the Litigation, and to the extent it characterizes or suggests that Wegmans is a non-practitioner registrant with the Drug Enforcement Administration ("DEA"), which is required to identify, report, or refuse to ship suspicious orders.  *See* 21 U.S.C. § 832; 21 C.F.R. § 1301.74(b). Wegmans, whose pharmacies are registered as practitioners only, has no requirement to identify, report, or refuse to ship suspicious orders.

6.      Wegmans objects to the definition of "Monroe County Region" as vague, ambiguous, overly broad, not relevant to any issue in the Litigation, and not proportional to the needs of this case.  The only geographical area relevant to the Litigation is the City of Rochester, New York, which initiated the Litigation seeking damages and relief on its behalf only.

## OBJECTIONS TO INSTRUCTIONS

1.      Wegmans objects to Instructions A, B, C, J, and K as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the Litigation, and exceeding the requirements of the Federal Rules of Civil Procedure.  Subject to Wegmans' Objections herein, a Court Order regarding the Subpoena, and an agreed upon and entered Protective Order, any response by Wegmans will produce documents as kept in the regular course of business.  Additionally, any production of electronically stored information ("ESI") by Wegmans will be subject to additional agreements following meet

8

and confer regarding costs and burden associated with producing in the format specified in the Subpoena.

2.      Wegmans objects to the Instruction D to the extent it exceeds the requirements of the Federal Rules of Civil Procedure. Wegmans will comply with the Federal Rules of Civil Procedure and the Court's Orders regarding the Subpoena, and an agreed upon and entered Protective Order, and to the extent any production of redacted documents and/or a privilege log is required, after a meet and confer regarding the costs and burden associated with producing a privilege log.

3.      Wegmans objects to Instruction E to the extent it requests production of documents protected by the attorney-client, work product, or any other applicable privilege as well as documents deemed unresponsive to the Subpoena.

4.      Wegmans objects to Instruction F as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the Litigation, and exceeding the requirements of the Federal Rules of Civil Procedure.

5.      Wegmans objects to Instruction G as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the Litigation, and exceeding the requirements of the Federal Rules of Civil Procedure. Subject to Wegmans' Objections herein, a Court Order regarding the Subpoena, and an agreed upon and entered Protective Order, any response by Wegmans will produce only documents within its possession.

6.      Wegmans objects to Instruction I to the extent it imposes any continuing obligation on Wegmans with regard to the Subpoena.

7.      Wegmans objects to Instruction L's proposed temporal scope of **January 1, 1996 to today** as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the Litigation with respect to the temporal scope.  All parties to the Litigation agree the relevant statutes of limitations for the claims at issue are either three or four years.  *See* ECF No. 5370, 5448, 5495.  Because the original complaint in the Litigation was filed on June 5, 2019, the relevant temporal scope is, at most, **June 5, 2015 to the present** *only*.  Further, considering Wegmans is a non-party and the highly questionable importance of the requested documents in resolving the issues in the Litigation, the burden and expense of responding to the Requests for such a lengthy time period far outweighs the benefit, if any, of such a response.  In addition, requiring the Requests to be continuing in nature imposes an unreasonable obligation on a non-party to continue to produce documents through the course of the Litigation.

## **OBJECTIONS TO DOCUMENT REQUESTS**

**Request No. 1:** Dispensing data reflecting all drugs within the Drug Scope, that You dispensed in the Monroe County Region from January 1, 2006 to present. The data should include the following fields:

a)      Drug name

b)      NDC number

c)      Date filled

d)      Quantity dispensed

10

e)       Dosage form

f)       Days' supply

g)       Prescriber's name

h)       Prescriber's DEA number

i)       Dispensing pharmacist

j)       Patient Zip Code

k)       Patient ID # (Unique ID)

l)       Quantity prescribed

m)      Number of refills authorized (if any)

n)       Diagnostic code

o)       Method of payment

p)       Patient paid amount

q)       Whether prescription covered by third-party payor

r)       Control / Non Control ratio

s)       Pharmacy DEA#

t)       Pharmacy Store #

u)       Pharmacy address (at the zip code level or finder)

v)       Prescriber address (at the zip code level or finder)

w)      Prescription Date written

x)       Refill indicator (whether the Rx is a refill or the original)

y)       Prescriber Specialty

z)       Rejection Indicator (Whether the pharmacy rejected to fill)

aa)     Prescriber's NPI Number

bb)     Patient DOB Year (or age)

cc)     DEA Override

dd)     DEA Schedule (Same as Control/Non-Control)

ee)     Dispense Hour

ff)     Dispense Minute

gg)     Drop Off Hour

hh)     Drop Off Minute

**OBJECTION:** In addition to Wegmans' Objections to the Subpoena, Definitions, and Instructions, which are specifically incorporated by reference herein, Wegmans objects to Request No. 1 as overly broad in that it seeks information beyond the relevant temporal scope, is unduly burdensome, and not proportional to the needs of the Litigation, especially considering Wegmans' status as a non-party and the highly questionable importance of the requested documents in resolving the issues in the Litigation, and because the burden and expense of responding to Request No. 1 outweighs the likely benefit, if any, of such response.  Wegmans also objects to Request No. 1 as overly broad in that it requests dispensing data as to various opioids and non-opioid prescriptions without regard to their dosage, time, or any other limiting information to exclude medications dispensed for proper medical use.  Wegmans also objects to Request No. 1 as requesting dispensing data that is not relevant whatsoever to the Claims in the Litigation.

Wegmans also objects to Request No. 1 as seeking disclosure of confidential information that may be subject to confidentiality agreements, obligations, laws or regulations that preclude Wegmans from disclosing them without a Protective Order in place.

Wegmans incorporates by reference any objections made by plaintiff and/or other non-parties in the Litigation to Requests similar to this made by Express Scripts.

**Request No. 2:** Documents sufficient to show how You and any pharmacists employed by You (or other employees involved in dispensing drugs within the Drug Scope) do or do not consider, use, respond to, or interact with communications received from pharmacy benefit managers (including, but not limited to, the Defendants) at the point of sale, including, but not limited to, communications regarding plan coverage limits (such as prior authorizations, step edits, and quantity limits) and communications regarding health and safety issues (such as concurrent drug utilization review or CDUR messages), from January 1, 1996, to present. Your response should include documents responsive at both the pharmacy and individual employee level, and should include any pertinent policies, procedures, directives, or guidance.

**OBJECTION:** In addition to Wegmans' Objections to the Subpoena, Definitions, and Instructions, which are specifically incorporated by reference herein, Wegmans objects to Request No. 2 as overly broad in that it seeks information beyond the relevant temporal scope, is unduly burdensome, and not proportional to the needs of the Litigation, especially considering Wegmans' status as a non-party and the highly questionable importance of the requested documents in resolving the issues in the Litigation, and because the burden and expense of responding to Request No. 2 outweighs the likely benefit, if any, of such response.  Wegmans also objects to Request No. 2 because how Wegmans considered, used, responded to, or interacted with communications received from PBMs is not relevant to the Claims in the Litigation.

Wegmans also objects to Request No. 2 as seeking disclosure of confidential information that may be subject to confidentiality agreements, obligations, laws or regulations that preclude Wegmans from disclosing them without a Protective Order in place.

Wegmans incorporates by reference any objections made by plaintiff and/or other non-parties in the Litigation to Requests similar to this made by Express Scripts.

**Request No. 3:** All Documents and Communications Concerning any literature, publications, presentations, analyses, studies, reports, guidelines, directives, announcements, recommendations, pamphlets, circulars, notices, or other materials provided by any drug manufacturer to You regarding the efficacy, addictive qualities, and/or safety of any drugs within the Drug Scope, or any other Opioids, from January 1, 1996 to present.

**OBJECTION:** In addition to Wegmans' Objections to the Subpoena, Definitions, and Instructions, which are specifically incorporated by reference herein, Wegmans objects to Request No. 3 as overly broad in that it seeks information beyond the relevant temporal scope, is unduly burdensome, and not proportional to the needs of the Litigation, especially considering Wegmans' status as a non-party and the highly questionable importance of the requested documents in resolving the issues in the Litigation, and because the burden and expense of responding to Request No. 3 outweighs the likely benefit, if any, of such response.  Wegmans also objects to Request No. 3 as overly broad in that it requests information as to various substances outside the scope of the opioids at issue in the Litigation.   Wegmans also objects to Request No. 3 because any communications or documents concerning materials provided by a drug manufacturer are not relevant to the Claims in the Litigation.

Wegmans also objects to Request No. 3 as seeking disclosure of confidential information that may be subject to confidentiality agreements, obligations, laws or regulations that preclude Wegmans from disclosing them without a Protective Order in place.

14

Wegmans incorporates by reference any objections made by plaintiff and/or other non-parties in the Litigation to Requests similar to this made by Express Scripts.

**Request No. 4:** All Documents and Communications Concerning any guidance, directives, instructions, publications, alerts, notices, presentations, or other materials You provided to Employees Concerning any drugs within the Drug Scope, or any other Opioids, from January 1, 1996 to present.

**OBJECTION:** In addition to Wegmans' Objections to the Subpoena, Definitions, and Instructions, which are specifically incorporated by reference herein, Wegmans objects to Request No. 4 as overly broad in that it seeks information beyond the relevant temporal scope, is unduly burdensome, and not proportional to the needs of the Litigation, especially considering Wegmans' status as a non-party and the highly questionable importance of the requested documents in resolving the issues in the Litigation, and because the burden and expense of responding to Request No. 4 outweighs the likely benefit, if any, of such response. Wegmans also objects to Request No. 4 as overly broad in that it requests information as to various substances outside the scope of the opioids at issue in the Litigation. Wegmans also objects to Request No. 4 because any communications or documents concerning guidance, directives, instructions, publications, alerts, notices, presentations, or other materials provided to Wegmans employees regarding controlled substances are not relevant to the Claims in the Litigation.

Wegmans also objects to Request No. 4 as seeking disclosure of confidential information that may be subject to confidentiality agreements, obligations, laws or regulations that preclude Wegmans from disclosing them without a Protective Order in place.

15

Wegmans incorporates by reference any objections made by plaintiff and/or other non-parties in the Litigation to Requests similar to this made by Express Scripts.

**Request No. 5:** Documents sufficient to show all Suspicious Orders You identified or for which you received notice in the Monroe County Region, from January 1, 2006 to present.

**OBJECTION:**  In addition to Wegmans' Objections to the Subpoena, Definitions, and Instructions, which are specifically incorporated by reference herein, Wegmans objects to Request No. 5 as overly broad in that it seeks information beyond the relevant temporal scope and beyond the relevant geographic area, is unduly burdensome, and not proportional to the needs of the Litigation, especially considering Wegmans' status as a non-party and the highly questionable importance of the requested documents in resolving the issues in the Litigation, and because the burden and expense of responding to Request No. 5 outweighs the likely benefit, if any, of such response.  Wegmans also objects to Request No. 5 as overly broad in that it requests information as to various substances outside the scope of the opioids at issue in the Litigation.

Wegmans objects to Request No. 5 as assuming facts that are not true including that Wegmans, whose pharmacies are registered only as practitioners with the DEA, is required to identify, report, or refuse to ship suspicious orders.  Federal law requires only *non-practitioners* to identify, report, or refuse to ship suspicious orders.  *See* 21 U.S.C. § 832; 21 C.F.R. § 1301.74(b).  Thus, Wegmans is under no obligation to identify or notice suspicious orders.

Regardless, Wegmans also objects to Request No. 5 because information it would have on suspicious orders would not be relevant to the Claims in the Litigation.

16

Wegmans incorporates by reference any objections made by plaintiff and/or other non-parties in the Litigation to Requests similar to this made by Express Scripts.

**Request No. 6:** All Documents and Communications Concerning Your use, review, or analysis of ARCOS data, data from the New York Prescription Monitoring Program, or other data relating to Suspicious Orders, including all Communications to or from the U.S. Drug Enforcement Agency or the New York Prescription Monitoring Program Concerning any drug within the Drug Scope, or any other Opioid, from January 1, 2006 to present.

**OBJECTION:** In addition to Wegmans' Objections to the Subpoena, Definitions, and Instructions, which are specifically incorporated by reference herein, Wegmans objects to Request No. 6 as overly broad in that it seeks information beyond the relevant temporal scope, is unduly burdensome, and not proportional to the needs of the Litigation, especially considering Wegmans' status as a non-party and the highly questionable importance of the requested documents in resolving the issues in the Litigation, and because the burden and expense of responding to Request No. 6 outweighs the likely benefit, if any, of such response. Wegmans also objects to Request No. 6 as overly broad in that it requests information as to various substances outside the scope of the opioids at issue in the Litigation.

Wegmans objects to Request No. 6 as assuming facts that are not true, including that Wegmans, whose pharmacies are registered only as practitioner pharmacies with the DEA, is required to (a) identify, report, or refuse to ship suspicious orders; or (b) use, review, or analyze ARCOS data. Federal law requires only *non-practitioners* to identify, report, or refuse to ship suspicious orders. *See* 21 U.S.C. § 832; 21 C.F.R. § 1301.74(b). And it only allows *registered manufacturers and distributors* to have access to ARCOS and thus those are the only registrants

required to review ARCOS data. *See* 21 U.S.C. § 827(f). Thus, Wegmans does not possess data or analysis related to suspicious orders or ARCOS data.

Wegmans also objects to Request No. 6 because documents and communications concerning Wegmans' use of data are not relevant to the Claims in the Litigation.

Wegmans also objects to Request No. 6 as seeking disclosure of confidential information that may be subject to confidentiality agreements, obligations, laws or regulations that preclude Wegmans from disclosing them without a Protective Order in place.

Wegmans incorporates by reference any objections made by plaintiff and/or other non-parties in the Litigation to Requests similar to this made by Express Scripts.

**Request No. 7:** All Documents and Communications Concerning efforts of any kind by You to identify, investigate, or report to any national, state, or local governments, agencies, boards, institutions, associations, law enforcement bodies, health departments, or drug taskforces Concerning any of the following regarding any drug within the Drug Scope, or any other Opioid, from January 1, 1996 to present: (a) improper prescribing or failing to prescribe by doctors or other prescribers in the Monroe County Region; (b) doctor-shopping, forgery, or counterfeiting of prescriptions by patients in the Monroe County Region; (c) diversion, abuse, misuse, diversion, trafficking; or (d) any other concerns Concerning potentially improper or illegal prescriptions.

**OBJECTION:** In addition to Wegmans' Objections to the Subpoena, Definitions, and Instructions, which are specifically incorporated by reference herein, Wegmans objects to Request No. 7 as overly broad in that it seeks information beyond the relevant temporal scope and relevant geographic area, is unduly burdensome, and not proportional to the needs of the Litigation,

18

especially considering Wegmans' status as a non-party and the highly questionable importance of the requested documents in resolving the issues in the Litigation, and because the burden and expense of responding to Request No. 7 outweighs the likely benefit, if any, of such response. Wegmans also objects to Request No. 7 as overly broad in that it requests information as to various substances outside the scope of the opioids at issue in the Litigation.  Wegmans also objects to Request No. 7 to the extent it seeks documents protected by the attorney-client or work product privilege.

Wegmans also objects to Request No. 7 because documents and communications concerning Wegmans' efforts to identify, investigate, or report any red flags are not relevant to the Claims in the Litigation.

Wegmans also objects to Request No. 7 as seeking disclosure of confidential information that may be subject to confidentiality agreements, obligations, laws or regulations that preclude Wegmans from disclosing them without a Protective Order in place.

Wegmans incorporates by reference any objections made by plaintiff and/or other non-parties in the Litigation to Requests similar to this made by Express Scripts.

**Section 8:** All Documents and Communications Concerning all actions (including fines, suspensions, revocations, terminations, voluntary agreements not to practice, resignations, and letters or other formal warnings or notices) taken by You against any current or former Employee Concerning any drug within the Drug Scope, or any other Opioid, including for the prescribing, dispensing, failure to prescribe, failure to dispense, diversion, or misuse of any drug within the Drug Scope, or any other Opioids, from January l, 1996 to present.

19

**OBJECTION:** In addition to Wegmans' Objections to the Subpoena, Definitions, and Instructions, which are specifically incorporated by reference herein, Wegmans objects to Request No. 8 as overly broad in that it seeks information beyond the relevant temporal scope, is unduly burdensome, and not proportional to the needs of the Litigation, especially considering Wegmans' status as a non-party and the highly questionable importance of the requested documents in resolving the issues in the Litigation, and because the burden and expense of responding to Request No. 8 outweighs the likely benefit, if any, of such response. Wegmans also objects to Request No. 8 as overly broad in that it requests information as to various substances outside the scope of the opioids at issue in the Litigation. Wegmans also objects to Request No. 8 to the extent it seeks documents protected by the attorney-client or work product privilege. Wegmans also objects to Request No. 8 because documents and communications concerning Wegmans' actions against current or former Wegmans employees concerning controlled substances are not relevant to the Claims in the Litigation.

Wegmans also objects to Request No. 8 as seeking disclosure of confidential information that may be subject to confidentiality agreements, obligations, laws or regulations that preclude Wegmans from disclosing them without a Protective Order in place.

Wegmans incorporates by reference any objections made by plaintiff and/or other non-parties in the Litigation to Requests similar to this made by Express Scripts.

**Request No. 9:** Documents sufficient to show all instances of theft, loss, or diversion of any drug within the Drug Scope, or any other Opioids, from any facility owned, operated, supported by, serviced by, or affiliated with You in the Monroe County Region, from January 1, 1996 to present.

**OBJECTION:**  In addition to Wegmans' Objections to the Subpoena, Definitions, and Instructions, which are specifically incorporated by reference herein, Wegmans objects to Request No. 9 as overly broad in that it seeks information beyond the relevant temporal scope and relevant geographic area, is unduly burdensome, and not proportional to the needs of the Litigation, especially considering Wegmans' status as a non-party and the highly questionable importance of the requested documents in resolving the issues in the Litigation, and because the burden and expense of responding to Request No. 9 outweighs the likely benefit, if any, of such response. Wegmans also objects to Request No. 9 as overly broad in that it requests information as to various substances outside the scope of the opioids at issue in the Litigation.  Wegmans also objects to Request No. 9 because instances of theft, loss, or diversion of controlled substances at Wegmans pharmacies are not relevant to the Claims in the Litigation.

Wegmans also objects to Request No. 9 as seeking disclosure of confidential information that may be subject to confidentiality agreements, obligations, laws or regulations that preclude Wegmans from disclosing them without a Protective Order in place.

Wegmans incorporates by reference any objections made by plaintiff and/or other non-parties in the Litigation to Requests similar to this made by Express Scripts.

**Request No. 10:** All Documents and Communications Concerning any Investigation or other inquiry conducted by any state or federal office, agency, department, committee, or program (including the DEA, the Federal Bureau of Investigation, a United States Attorney or representative thereof, any government-level department or agency within the State of New York), or any state board (including the New York Medical Board, New York Board of Pharmacy, New York Dental Board, New York Nursing Board, or any medical examiner's office in New York)

21

into any of Your practices related to the prescribing, ordering, dispensing, distributing, administering, or diversion of any drug within the Drug Scope, or any other Opioids, from January 1, 1996 to present.

**OBJECTION:** In addition to Wegmans' Objections to the Subpoena, Definitions, and Instructions, which are specifically incorporated by reference herein, Wegmans objects to Request No. 10 as overly broad in that it seeks information beyond the relevant temporal scope, is unduly burdensome, and not proportional to the needs of the Litigation, especially considering Wegmans' status as a non-party and the highly questionable importance of the requested documents in resolving the issues in the Litigation, and because the burden and expense of responding to Request No. 10 outweighs the likely benefit, if any, of such response. Wegmans also objects to Request No. 10 as overly broad in that it requests information as to various substances outside the scope of the opioids at issue in the Litigation. Wegmans also objects to Request No. 10 to the extent it seeks documents outside of Wegmans' care, custody, or control. Wegmans also objects to Request No. 10 to the extent it seeks documents protected by the attorney-client or work product privilege. Wegmans also objects to Request No. 10 because any investigation or other inquiry into Wegmans' practices is not relevant to the Claims in the Litigation.

Wegmans also objects to Request No. 10 as seeking disclosure of confidential information that may be subject to confidentiality agreements, obligations, laws or regulations that preclude Wegmans from disclosing them without a Protective Order in place.

Wegmans incorporates by reference any objections made by plaintiff and/or other non-parties in the Litigation to Requests similar to this made by Express Scripts.

**Request No. 11:** Documents sufficient to identify any regulatory, civil, or criminal actions or investigation Concerning any drug within the Drug Scope, or any other Opioids, to which you were a party or participated in any manner, from January 1, 1996 to present.

**OBJECTION:**  In addition to Wegmans' Objections to the Subpoena, Definitions, and Instructions, which are specifically incorporated by reference herein, Wegmans objects to Request No. 11 as overly broad in that it seeks information beyond the relevant temporal scope, is unduly burdensome, and not proportional to the needs of the Litigation, especially considering Wegmans' status as a non-party and the highly questionable importance of the requested documents in resolving the issues in the Litigation, and because the burden and expense of responding to Request No. 11 outweighs the likely benefit, if any, of such response.  Wegmans also objects to Request No. 11 as overly broad in that it requests information as to various substances outside the scope of the opioids at issue in the Litigation.  Wegmans also objects to Request No. 11 to the extent it seeks documents protected by the attorney-client or work product privilege.  Wegmans also objects to Request No. 11 because any regulatory, civil, or criminal actions or investigations that Wegmans were a party to are not relevant to the Claims in the Litigation.

Wegmans also objects to Request No. 11 as seeking disclosure of confidential information that may be subject to confidentiality agreements, obligations, laws or regulations that preclude Wegmans from disclosing them without a Protective Order in place.

Wegmans incorporates by reference any objections made by plaintiff and/or other non-parties in the Litigation to Requests similar to this made by Express Scripts.

**Request No. 12:**  All Documents reflecting contracts, agreements, orders, or other formal documents between You and any manufacturer or distributor of any drug within the Drug Scope, or any other Opioids, from January 1, 1996 to present.

**OBJECTION:**  In addition to Wegmans' Objections to the Subpoena, Definitions, and Instructions, which are specifically incorporated by reference herein, Wegmans objects to Request No. 12 as overly broad in that it seeks information beyond the relevant temporal scope, is unduly burdensome, and not proportional to the needs of the Litigation, especially considering Wegmans' status as a non-party and the highly questionable importance of the requested documents in resolving the issues in the Litigation, and because the burden and expense of responding to Request No. 12 outweighs the likely benefit, if any, of such response.  Wegmans also objects to Request No. 12 as overly broad in that it requests information as to various substances outside the scope of the opioids at issue in the Litigation.  Wegmans also objects to Request No. 12 because contracts, agreements, orders, or other documents between Wegmans and a manufacturer or distributor of controlled substances are not relevant to the Claims in the Litigation.

Wegmans also objects to Request No. 12 as seeking disclosure of confidential information that may be subject to confidentiality agreements, obligations, laws or regulations that preclude Wegmans from disclosing them without a Protective Order in place.

Wegmans incorporates by reference any objections made by plaintiff and/or other non-parties in the Litigation to Requests similar to this made by Express Scripts.

Wegmans hereby reserves its right to amend and/or supplemental the foregoing Objections and Responses.

24

Dated:        August 27, 2024

                                       **HODGSON RUSS LLP**
                                       *Attorneys for Wegmans Food Markets, Inc.*

By: _____
                                        Joshua M. Agins
                                        Jodyann Galvin
                                        James J. Zawodzinski, Jr.
                                        *(not admitted in Ohio)*
                                        Claire E. Wells
The Guaranty Building
140 Pearl Street
Buffalo, New York 14202
*jgalvin@hodgsonruss.com*
*jagins@hodgsonruss.com*
*jzawodzi@hodgsonruss.com*
*cwells@hodgsonruss.com*
716.856.4000

25