# EXHIBIT F

**Special Master Cohen Discovery Agenda**
**Date: 12.08.2025**
**Hearing Set: 12.11.2025 - 1p Eastern**
**Zoom: https://levinlaw.zoom.us/j/83361551239?pwd=QEhtGVrttK1lmXblCHcD8KBLZkYuzQ.1**

| Case | Agenda Item | Party | New / Previous / Upcoming | Subject of Dispute | Tab No. w/Doc Title | Date Added | Added By | Plaintiffs Attorney(s) | Defendant Attorney(s) | Notes |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | 3rd Party | | | | | |
| CT12 / CT22 | 459 | Monroe County | NEW | Non-party Monroe County, New York/PBMs / PBM Defendants' Motion to Compel the Production of Data and Documents from Monroe County | 459A - 2025.12.05 Sheridan Email<br>459B - 2025.11.26 Sheridan Letter and Exs. 1-4<br>458C - 2025.12.05 Graham Email<br>458D - 2025.11.26 Ethridge, Alden Letter<br>458E - Ex. A<br>458F - Ex. B<br>458G - Ex. C<br>458H - Ex. D<br>458I - Ex. E<br>458J - Ex. F<br>458K - Ex. G<br>458L - Ex. H<br>458M - Ex. I<br>458N - Ex. J | 12/5/25 | Monroe / D | Sheridan | ESI: Alden<br>OptumRx: Ethridge | Monroe: Following a year of meeting and conferring, and extensive document production by Monroe, Monroe and PBMs have reached impasses with respect to two issues. The first relates to the temporal limitations of Monroe's discovery obligations. The second relates to the discoverability of information relating to Monroe County's receipt or spending of opioid litigation settlement funds. With respect to the first, Monroe asks that the Court order that Monroe's discovery obligations be limited by the temporal cut-off date that the PBMs themselves originally set: November 26, 2024. With respect to the second, Monroe asks that the Court order that Monroe has no obligation to provide PBMs with information or documents relating to spending by Monroe to combat the opioid crisis because under New York law amounts spent, or to be spent, by Monroe on combating the opioid crisis in its community, including in Rochester, is a "collateral source," the evidence of which is irrelevant and inadmissible in Rochester's action against PBMs.<br><br>D: The PBM Defendants served subpoenas on third party Monroe County and four of its departments on November 27, 2024, and July 2, 2025. Monroe County, where Rochester is located, refuses to produce documents relating to its Overdose Fatality Review Program and documents relating to the County's allocation and use of opioid settlement funds, and it also has not yet completed its production of other agreed-upon documents. The PBM Defendants seek an order from the Special Master compelling the limited relief requested in the PBM Defendants' motion to compel, which was submitted on November 26, 2025. The two categories of documents that remain in dispute are plainly relevant and Monroe County has articulated no undue burden to produce them. On November 26, 2025, Monroe County submitted a Motion for Protective Order concerning production of documents relating to the Overdose Fatality Review and to its allocation and use of opioid settlement funds. |
| CT12 / CT22 | 458 | NYSUCS | NEW | PBM Defendants' Second Motion to Compel the Production of Treatment Court Data from NYSUCS | 458A - 2025.12.05 Graham Email<br>458B - 2025.11.20 Alden, Ethridge Letter<br>458C - Ex. A<br>458D - Ex. B<br>458E - Ex. C<br>458F - Ex. D<br>458G - Ex. E<br>458H - Ex. F<br>458I - Ex. G<br>458J - Ex. H<br>458K - Ex. I<br>458L - Ex. J<br>458M - Ex. K<br>458N - 2025.11.24 Siudzinski (NYSUCS) Letter<br>458O - 2025.04.04 Siudzinski (NYSUCS) Letter<br>458P - UCS Data 0001-0010<br>458Q - 2024.06.12 Order, Booker v. Delarosa, 24-cv-2292 (NCM)(ARL) (E.D.N.Y. June 12, 2024)<br>458R - 2025.11.26 Alden, Ethridge Letter | 12/5/25 | D | Siudzinski | ESI: Alden<br>OptumRx: Ethridge | D: The PBM Defendants' November 27, 2024 subpoena to the New York State Unified Court System ("NYSUCS") seeks, among other things, data collected by NYSUCS's drug and opioid courts located within Monroe and St. Lawrence Counties. This data tracks participants' drug use history, drug test results, current medications, insurance, and progress through the court's diversion program. NYSUCS has refused to produce this data—even though it has provided this data to multiple other research institutions unless the PBM Defendants first execute a separate agreement containing restrictions and terms inconsistent with the Protective Order. NYSUCS has also refused to state whether it has searched for treatment court data generated before 2013. The PBM Defendants ask the Special Master to compel NYSUCS to: (a) produce the data collected by its drug and opioid courts located within Monroe and St. Lawrence Counties from 2013 to the present; and (b) promptly search for and produce any treatment court data generated from 2006 to 2013. |
| CT12 / CT22 | 457 | Wegmans / Kinney | NEW | PBM Defendants' Motion to Compel the Production of Data and Documents from Wegmans and Kinney Pharmacies | 457A - 2025.12.05 Graham Email<br>457B - 2025.11.07 Alden Letter<br>457C - Ex. 1<br>457D - Ex. 2<br>457E - Ex. 3<br>457F - Ex. 4<br>457G - Ex. 5<br>457H - Ex. 6<br>457I - Ex. 7<br>457J - Ex. 8<br>457K - Ex. 9<br>457L - Ex. 10<br>457M - Ex. 11<br>457N - Ex. 12<br>457O - Ex. 13<br>457P - 2025.11.21 Agins (Wegmans) Letter<br>457Q - Appendix A & Appendix A Ex. 1<br>457R - Ex. 1<br>457S - Ex. 2<br>457T - Ex. 3<br>457U - Ex. 4<br>457V - Ex. 5<br>457W - Ex. 6<br>457X - Ex. 7<br>457Y - Ex. 8<br>457Z - 2025.11.21 Mattison (Kinney) Letter<br>457AA - Ex. 1<br>457BB - Ex. 2 | 12/5/25 | D | Wegmans: Agins<br><br>Kinney: Mattison | ESI: Alden<br>OptumRx: Ethridge | D: On July 25, 2024, and June 9, 2025, the PBM Defendants served subpoenas on third parties Wegmans and Kinney--pharmacies with substantial market share in Rochester and Ogdensburg, respectively. Wegmans refuses to produce any dispensing data or DUR data concerning prescription opioids that it dispensed in Monroe County (despite the Special Master directing Walgreens, CVS, and Walmart to do so), and for the remaining requests, has either refused to produce any documents or agreed to produce only a significantly narrowed set of documents. For over 12 months, Wegmans has used every conceivable tactic and an array of shifting arguments to delay resolution and avoid production. Kinney likewise refuses to produce its DUR data despite the Special Master's prior ruling. The PBM Defendants seek an order from the Special Master compelling the relief requested in the PBM Defendants' motion to compel, which was submitted on November 7, 2025. |
| CT12 / CT22 | 444 | Purdue | Previous | Dispute Concerning Plaintiffs' Notice of Deposition of Purdue Pharma by Written Questions | 444A - 2025.05.23-07.08 Marvin, Hatchett, Singer, LaFata, Finkel, Williams, Unterreiner Email Chain<br>444B - Ex. A<br>444C - Ex. B<br>444D - Ex. C | 7/1/25 | P | Singer / Elsner | Hatchett | P: The PBMs are requesting until August 8 to serve cross exam questions in response to the PEC's deposition by written notice to Purdue (the PEC will not agree to an extension beyond July 31). |

| | |
|---|---|
| Subject: | RE: Updated SM Cohen Agenda - for Dec 11 hearing |
| Date: | Friday, December 5, 2025 at 3:48:09 PM Central Standard Time |
| From: | David Graham |
| To: | Josh Gay |
| CC: | ESI-Opioids, Optum Opioid Team, pbm@listserv.motleyrice.com |

**CAUTION:** This email message is **EXTERNAL.**

Josh,

Per the Special Master's request, please add the items below to the agenda for Case Tracks 12 and 22.

### New Item: PBM Defendants' Motion to Compel the Production of Data and Documents from Wegmans and Kinney Pharmacies

Summary

On July 25, 2024, and June 9, 2025, the PBM Defendants served subpoenas on third parties Wegmans and Kinney--pharmacies with substantial market share in Rochester and Ogdensburg, respectively. Wegmans refuses to produce any dispensing data or DUR data concerning prescription opioids that it dispensed in Monroe County (despite the Special Master directing Walgreens, CVS, and Walmart to do so), and for the remaining requests, has either refused to produce any documents or agreed to produce only a significantly narrowed set of documents. For over 12 months, Wegmans has used every conceivable tactic and an array of shifting arguments to delay resolution and avoid production. Kinney likewise refuses to produce its DUR data despite the Special Master's prior ruling. The PBM Defendants seek an order from the Special Master compelling the relief requested in the PBM Defendants' motion to compel, which was submitted on November 7, 2025.

Supporting Documents (https://qe.sharefile.com/public/share/web-s0b575d8ab2c84a95876f0703a93e91b7):

1. **PBM Defendants' Motion to Compel (submitted November 7, 2025)**
2. PBM Defendants' Motion to Compel Ex. 1
3. PBM Defendants' Motion to Compel Ex. 2
4. PBM Defendants' Motion to Compel Ex. 3
5. PBM Defendants' Motion to Compel Ex. 4
6. PBM Defendants' Motion to Compel Ex. 5
7. PBM Defendants' Motion to Compel Ex. 6
8. PBM Defendants' Motion to Compel Ex. 7
9. PBM Defendants' Motion to Compel Ex. 8
10. PBM Defendants' Motion to Compel Ex. 9
11. PBM Defendants' Motion to Compel Ex. 10

12. PBM Defendants' Motion to Compel Ex. 11
13. PBM Defendants' Motion to Compel Ex. 12
14. PBM Defendants' Motion to Compel Ex. 13

15. **Wegmans Response to PBM Defendants' Motion to Compel (submitted November 21, 2025)**
16. Wegmans Response App'x A with Ex. 1 to App'x
17. Wegmans Response Ex. 1
18. Wegmans Response Ex. 2
19. Wegmans Response Ex. 3
20. Wegmans Response Ex. 4
21. Wegmans Response Ex. 5
22. Wegmans Response Ex. 6
23. Wegmans Response Ex. 7
24. Wegmans Response Ex. 8

25. **Kinney Response to PBM Defendants' Motion to Compel (submitted November 21, 2025)**
26. Kinney Response Ex. 1
27. Kinney Response Ex. 2

Attorneys Handling:
- Express Scripts: Anthony P. Alden
- OptumRx: Ryan Ethridge

## New Item: PBM Defendants' Second Motion to Compel the Production of Treatment Court Data from NYSUCS

Summary

The PBM Defendants' November 27, 2024 subpoena to the New York State Unified Court System ("NYSUCS") seeks, among other things, data collected by NYSUCS's drug and opioid courts located within Monroe and St. Lawrence Counties. This data tracks participants' drug use history, drug test results, current medications, insurance, and progress through the court's diversion program. NYSUCS has refused to produce this data—even though it has provided this data to multiple other research institutions—unless the PBM Defendants first execute a separate agreement containing restrictions and terms inconsistent with the Protective Order. NYSUCS has also refused to state whether it has searched for treatment court data generated before 2013. The PBM Defendants ask the Special Master to compel NYSUCS to: (a) produce the data collected by its drug and opioid courts located within Monroe and St. Lawrence Counties from 2013 to the present; and (b) promptly search for and produce any treatment court data generated from 2006 to 2013.

Supporting Documents (https://qe.sharefile.com/d-

sc53e281fa14b4e25a14cae1da0a8ed40New):

1. **PBM Defendants' Second Motion to Compel NYSUCS (submitted November 20, 2025)**
2. PBM Defendants' Motion to Compel Ex. A
3. PBM Defendants' Motion to Compel Ex. B
4. PBM Defendants' Motion to Compel Ex. C
5. PBM Defendants' Motion to Compel Ex. D
6. PBM Defendants' Motion to Compel Ex. E
7. PBM Defendants' Motion to Compel Ex. F
8. PBM Defendants' Motion to Compel Ex. G
9. PBM Defendants' Motion to Compel Ex. H
10. PBM Defendants' Motion to Compel Ex. I
11. PBM Defendants' Motion to Compel Ex. J
12. PBM Defendants' Motion to Compel Ex. K
13. **NYSUCS's Response and Opposition to PBM Defendants' Motion to Compel (submitted November 24, 2025) ("UCS_LtrResp_112425")**
14. NYSUCS's April 4, 2025 letter ("NPOL_SubpRsp_040425")
15. UCS Data 0001-0010 ("Opioid Leg Final_NPOLsubpoena")
16. Order, *Booker v. Delarosa*, 24-cv-2292 (NCM)(ARL) (E.D.N.Y. June 12, 2024) ("doc11_Order_061224")
17. **PBM Defendants Reply In Support of Second Motion to Compel NYSUCS (submitted November 26, 2025)**

Attorneys Handling:
- Express Scripts: Anthony P. Alden
- OptumRx: Ryan Ethridge

### New Item: PBM Defendants' Motion to Compel the Production of Data and Documents from Monroe County

Summary

The PBM Defendants served subpoenas on third party Monroe County and four of its departments on November 27, 2024, and July 2, 2025. Monroe County, where Rochester is located, refuses to produce documents relating to its Overdose Fatality Review Program and documents relating to the County's allocation and use of opioid settlement funds, and it also has not yet completed its production of other agreed-upon documents. The PBM Defendants seek an order from the Special Master compelling the limited relief requested in the PBM Defendants' motion to compel, which was submitted on November 26, 2025. The two categories of documents that remain in dispute are plainly relevant and Monroe County has articulated no undue burden to produce them. On November 26, 2025, Monroe County submitted a Motion for Protective Order concerning production of

documents relating to the Overdose Fatality Review and to its allocation and use of opioid settlement funds.

Supporting Documents (https://qe.sharefile.com/public/share/web-s9256439b45f84f21a85b42b5d32e621a);

1. **PBM Defendants' Motion to Compel (submitted November 26, 2025)**
2. PBM Defendants' Motion to Compel Ex. A
3. PBM Defendants' Motion to Compel Ex. B
4. PBM Defendants' Motion to Compel Ex. C
5. PBM Defendants' Motion to Compel Ex. D
6. PBM Defendants' Motion to Compel Ex. E
7. PBM Defendants' Motion to Compel Ex. F
8. PBM Defendants' Motion to Compel Ex. G
9. PBM Defendants' Motion to Compel Ex. H
10. PBM Defendants' Motion to Compel Ex. I
11. PBM Defendants' Motion to Compel Ex. J

12. **Monroe County's Motion for Protective Order (submitted November 26, 2025)**
13. Monroe County's Motion for Protective Order Ex. 1
14. Monroe County's Motion for Protective Order Ex. 2
15. Monroe County's Motion for Protective Order Ex. 3
16. Monroe County's Motion for Protective Order Ex. 4

Attorneys Handling:
- Express Scripts: Anthony P. Alden
- OptumRx: Ryan Ethridge

Thank you,

**David Graham**
Associate
quinn emanuel urquhart & sullivan, llp
Address: 3100 McKinnon Street, Suite 1125/Dallas, TX 75201
Office: 469.902.3614 | Cell: 520.909.5229
Email: davidgraham@quinnemanuel.com

---

**From:** Annie Kapnick <anniekapnick@quinnemanuel.com>
**Sent:** Friday, December 5, 2025 3:14 PM
**To:** Josh Gay <jgay@levinlaw.com>
**Cc:** ESI-Opioids <esi-opioids@quinnemanuel.com>; Optum Opioid Team <Optum.Opioid.Team@alston.com>; pbm@listserv.motleyrice.com
**Subject:** RE: Updated SM Cohen Agenda - for Dec 11 hearing

Josh,

On behalf of the PBM Defendants, could you please update the following Agenda Items. Please also remove Agenda Item Nos. 430 (Rochester's Deficient Discovery Responses Regarding Benefit Plans and Rebates) and 432 (MVP / Lawley docs).

### UPDATE to Agenda Item #445 (Rochester) - Discovery Disputes Arising from Suzanne Warren's Deposition

D: During the final hour of Suzanne Warren's deposition on August 6, she disclosed for the first time that she and a colleague, Sarah Boyce, had conducted extensive "research" on the impact of opioids on the City's revenue and budget, directly contradicting Warren's earlier testimony. The City failed to produce this research or inform the PBM Defendants of its existence prior to the deposition, despite its clear responsiveness to several of the PBM Defendants' discovery requests.

On September 11, Special Master Cohen ordered Rochester to either produce all Ms. Warren's research and any related communications, documents, or data, including but not limited to the referenced spreadsheet and related communications between Ms. Warren, Sarah Boyce, and/or other City employees, or provide a privilege log for these documents. Tr. at 20:5–14. The City provided a privilege log on October 3. The PBM Defendants expect to challenge Plaintiff's withholding of these materials but do not seek the Court's intervention at this time.

### UPDATE to Agenda Item # 447 (Rochester) – Interrogatory Nos. 34 and 35 – RICO Predicate Acts and Separable Injuries

D: Interrogatory Nos. 34 and 35 seek specific details about alleged predicate acts for Plaintiff's RICO claim occurring after June 2015 and related separable injuries. On December 18, 2024, the PBM Defendants raised by letter numerous deficiencies in the City's responses to these Interrogatories. After repeated requests for supplementation, on November 14, 2025, the City supplemented its response to Interrogatory No. 34. However, the City did not supplement its response to Interrogatory No. 35. The PBM Defendants are reviewing the supplemental response to Interrogatory No. 34 and reserve all rights to challenge its sufficiency as well as the sufficiency of Interrogatory No. 35. The PBM Defendants do not currently seek the Court's intervention.

### UPDATE to Agenda Item # 452 (Ogdensburg) – Interrogatory Nos. 21 and 22 – RICO Predicate Acts and Separable Injuries

D: Interrogatory Nos. 21 and 22 seek specific details about alleged predicate acts for Plaintiff's RICO claim occurring after June 2015 and related separable injuries. On August 13, 2025, the PBM Defendants raised by letter numerous deficiencies in the City's responses to these Interrogatories. After repeated requests for supplementation, on November 14, 2025, the City supplemented its response to Interrogatory No. 21. However, the City did not supplement its response to Interrogatory No. 22. The PBM Defendants are reviewing the supplemental response to Interrogatory No. 21 and reserve all rights to

challenge its sufficiency as well as the sufficiency of Interrogatory No. 22. The PBM Defendants do not currently seek the Court's intervention.

Thank you,

**Annie Kapnick**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

1300 I Street, NW, Suite 900
Washington, D.C. 20005
202.538.8126 Direct
202.538.8000 Main Office Number
202.538.8100 FAX
anniekapnick@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Josh Gay <jgay@levinlaw.com>
**Sent:** Monday, December 1, 2025 1:39 PM
**To:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>; Metcalf, Will <Will.Metcalf@alston.com>; Optum Opioid Team <optum.opioid.team@alston.com>; 2804 Discovery, MDL <mdl2804discovery@motleyrice.com>; PEC-ESI-TEAM <pec-esi-team@simmonsfirm.com>; PEC_Optum <pec_optum@listserv.motleyrice.com>; ESI-Opioids <esi-opioids@quinnemanuel.com>; PBM <pbm@listserv.motleyrice.com>
**Subject:** Updated SM Cohen Agenda - for Dec 11 hearing

[EXTERNAL EMAIL from jgay@levinlaw.com]

All:

Please let me know if this schedule needs to be changed. This agenda update is for the hearing on December 11th, which I understand is dealing with 30b6 topics.

For the upcoming agenda, please have your new items exchanged on Wednesday, December 3rd.

**Any** responses and updates to existing items should be sent to me by 5p Eastern on Friday, December 5th.

The full agenda will go to Special Master Cohen on Monday, December 8th.

For convenience, I have attached the last agenda. **Please review the agenda and let me know which items need to be removed or moved to a different status (upcoming,**

**placeholder, etc).**

Josh Gay
*Legal Investigator*
*Opioid Department*
Levin, Papantonio, Proctor, Buchanan, O'Brien, Barr & Mougey, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502-5996
850.435.7193 (office)
850.723.4032 (cell)
850.436.6193 (fax)
jgay@levinlaw.com

♻ Please consider the environment before printing this e-mail

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, DO NOT READ IT. PLEASE IMMEDIATELY REPLY TO THE SENDER THAT YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR. THEN DELETE IT. THANK YOU.