# Exhibit 4

 **Outlook**

## Re: PBM Defendants' Request for Conference re Wegmans Subpoena

| | |
|---|---|
| **From** | David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law> |
| **Date** | Fri 12/20/2024 2:22 PM |
| **To** | Agins, Joshua <JAgins@hodgsonruss.com>; Anthony Alden <anthonyalden@quinnemanuel.com> |
| **Cc** | Zawodzinski, Jr., James J. <JZawodzi@hodgsonruss.com>; Galvin, Jodyann <JGalvin@hodgsonruss.com>; Wells, Claire <CWells@hodgsonruss.com>; ESI-Opioids <esi-opioids@quinnemanuel.com>; AB Optum 3P Subpoenas <AB-Optum-3PSubpoenas@alston.com>; PBM <PBM@listserv.motleyrice.com>; PEC_Optum <PEC_OPTUM@listserv.motleyrice.com>; PEC-ESI-TEAM@simmonsfirm.com <PEC-ESI-TEAM@simmonsfirm.com> |

**[EXTERNAL EMAIL from david@specialmaster.law]**

I have reviewed all of the materials submitted. We will have a telecon to discuss all of this on Monday, January 6, at 3:00p EST. Please use the telecon numbers below. If the parties have additional material to submit to me before then (e.g., additional letters to each other), please do so by January 3.

To help you all along, I observe that the PBMs are probably entitled to discover something more than nothing. Wegmans should please consider and state what it will produce voluntarily in response to the subpoena, as opposed to what I or the Court conclude Wegmans should be ordered to produce.

Dial-in Number: 1.888.346.3950
Participant Entry Code: 7763-3882#

-d


========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

---

**From:** Agins, Joshua <JAgins@hodgsonruss.com>
**Sent:** Tuesday, December 17, 2024 4:55 PM
**To:** Anthony Alden <anthonyalden@quinnemanuel.com>; David R. Cohen (David@SpecialMaster.Law)

<david@specialmaster.law>
**Cc:** Zawodzinski, Jr., James J. <JZawodzi@hodgsonruss.com>; Galvin, Jodyann <JGalvin@hodgsonruss.com>; Wells, Claire <CWells@hodgsonruss.com>; ESI-Opioids <esi-opioids@quinnemanuel.com>; AB Optum 3P Subpoenas <AB-Optum-3PSubpoenas@alston.com>; PBM <PBM@listserv.motleyrice.com>; PEC_Optum <PEC_OPTUM@listserv.motleyrice.com>; PEC-ESI-TEAM@simmonsfirm.com <PEC-ESI-TEAM@simmonsfirm.com>
**Subject:** RE: PBM Defendants' Request for Conference re Wegmans Subpoena

Dear Special Master Cohen,

On behalf of non-party Wegmans Food Markets, Inc., I write in response to the PBM Defendants' communication of yesterday evening (below).  After almost a month of silence since Wegmans last wrote to the PBM Defendants, on Friday December 13, we received their latest letter, demanding Wegmans make itself available this week for a hearing with you.  There is absolutely no reason to require Wegmans, a non-party, to operate in accordance with the PBM Defendants' arbitrary and expedited scheduling request.  That type of conduct has typified the PBM Defendants' approach to the parties' conferral efforts over the last four months.  Wegmans served its formal objections on August 27, 2024.  Since then, the PBM Defendants often would take weeks (or longer) to respond to Wegmans' good-faith requests, only to demand – as they did here – a response from Wegmans on an arbitrary and expedited basis.  While the PBM Defendants are actively engaged in opioid litigation and their attention is acutely focused on these proceedings, Wegmans is named as a defendant in New York State actions that have effectively been stayed for the last eighteen months and has not participated in discovery.

In short, the sweeping non-party subpoena served by the PBM Defendants improperly treats Wegmans as if it were a party to these proceedings.  The non-party subpoena presents complex legal issues that need to be decided with the requisite formalities to preserve issues for appeal.  Although the PBM Defendants note the non-party subpoena has been outstanding since July, the fact of the matter is that Wegmans timely asserted substantive objections.  Since then, the parties have held a series of conferrals during which the PBMs refused for months to articulate relevance, claiming flippantly (and contrary to the law in the Sixth Circuit) that the relevance of their demands was "obvious" and they did not wish to expend the cost to articulate relevance.  After finally agreeing to do so (as the law requires) and after Wegmans responded to their position, the PBM Defendants' arguments shifted.  None of that history or complexity is addressed in the December 13 letter that the PBM Defendants sent to you yesterday evening.  Rather, that letter presents a novel theory based on their amended answers, filed months *after* they served the subpoena on Wegmans.  Moreover, the PBMs previously stated the documents and information sought in their subpoena are now relevant *for different reasons than stated previously*.

To provide some additional background, we attach the following:

- Wegmans August 27, 2024 Objections; and
- Wegmans November 19, 2024 response to the PBM Defendants' November 11 letter.

We also note that, to the extent it applies to non-parties, the PBM Defendants did not comply with the operative MDL Case Management Order governing discovery disputes.  *See* ECF No. 232, Section 9.o.  Wegmans was not invited to participate in or included on any "telephone conference-call to Judge Polster's chambers" and was precluded from discussing with the Court "how and when" Wegmans would "present [its] issues to either Judge Polster or Magistrate Judge Ruiz."  *Id*.  That is because, when they contacted the Court in mid-November to discuss the non-party subpoena, counsel for the PBM Defendants failed to notify Wegmans or ask Wegmans' counsel to participate.

**Wegmans therefore requests that the conference requested by the PBM Defendants, if one is to be held, be scheduled no earlier than the week of January 6.**  This will allow for the holidays and provide Wegmans time to review and respond to the new issues raised in the PBM Defendants' December 13 letter.

Sincerely,

**Joshua M. Agins**
Partner
Hodgson Russ LLP

Tel:   585.454.0759
Fax:  585.423.5910

[Hodgson Russ LLP]

Twitter | LinkedIn | website | e-mail

1800 Bausch & Lomb Place |
Rochester, NY 14604

---

**From:** Anthony Alden <anthonyalden@quinnemanuel.com>
**Sent:** Monday, December 16, 2024 8:02 PM
**To:** david@specialmaster.law
**Cc:** Zawodzinski, Jr., James J. <JZawodzi@hodgsonruss.com>; Agins, Joshua <JAgins@hodgsonruss.com>; Galvin, Jodyann <JGalvin@hodgsonruss.com>; Wells, Claire <CWells@hodgsonruss.com>; ESI-Opioids <esi-opioids@quinnemanuel.com>; AB Optum 3P Subpoenas <AB-Optum-3PSubpoenas@alston.com>; PBM <PBM@listserv.motleyrice.com>; PEC_Optum <PEC_OPTUM@listserv.motleyrice.com>; PEC-ESI-TEAM@simmonsfirm.com
**Subject:** PBM Defendants' Request for Conference re Wegmans Subpoena

**External Email - Use Caution**

Dear Special Master Cohen:

Regrettably, the PBM Defendants have been unable to resolve their disputes with Wegmans Food Markets, Inc. concerning the third-party subpoena they served on it, and they would like to schedule a conference with you for this week.  The subpoena was served in July and, with an April 2025 discovery cut-off looming, the PBM Defendants simply cannot afford to wait any longer for Wegmans to comply. The attached letter (which encloses the subpoena) explains the PBM Defendants' position.  Kindly advise as to your availability for a conference this week. Counsel for Wegmans is copied.

Thanks,

**Anthony P. Alden**
*Partner*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3159 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
anthonyalden@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in

error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

*This message may contain confidential information that is protected by the attorney-client privilege or otherwise. If you are not the intended recipient, you are notified that any disclosure, copying, or use of the contents of this message is strictly prohibited. If this message has been received by you in error, please notify the sender immediately by e-mail and delete the original message. Thank you.*