# Exhibit 10



**Joshua M. Agins**
Partner
Direct Dial: 585.454.0759
Direct Facsimile: 585.423.5910
JAgins@hodgsonruss.com

October 24, 2025

**VIA E-MAIL**

Ryan P. Ethridge
Alston & Bird
555 Fayetteville St, Suite 600
Raleigh, NC 27601
ryan.ethridge@alston.com

Anthony P. Alden
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
anthonyalden@quinnemanuel.com

   Re: *In re: National Prescription Opiate Litigation*, MDL No. 2804 (N.D. Ohio)
     *City of Rochester v. Purdue Pharma L.P.*, No. 19-op-45853 (Track 12)

Dear Ryan and Anthony:

  Wegmans Food Markets, Inc. writes this letter in response to the PBMs' recent request for Wegmans' position on the PBMs' proposals regarding all Requests in your Subpoena, as put forth in prior meet and confer letters. After you sent the latest letter, Wegmans and the PBMs spent the spring of 2025 discussing only Request Nos. 1 and 2. Those negotiations culminated on June 2, 2025, with Wegmans providing a 29-page letter to the PBMs. The letter detailed how Wegmans uses the EnterpriseRx Pharmacy Management System to communicate with the PBMs and satisfy the terms of the PBMs' Pharmacy Network Agreements and Pharmacy Provider Manuals. That production also consisted of 56 pages of detailed screenshots of data, as well as a step-by-step discussion of how Wegmans uses EnterpriseRx to receive and review DUR alerts, clinical edits, and clinical messages in its ordinary course of business. The exemplar prescriptions demonstrated how a Wegmans pharmacist considers, uses, responds to, and interacts with point-of-sale communications from the PBMs.

  The PBMs then went silent for nearly three months, without any further communications or notice until the end of August, when you resurfaced and demanded Wegmans' immediate response. After having time to review the various communications, as well as work diligently on Wegmans responses to Requests 1 and 2, we respond as follows (except as to Request Nos. 1 and 2, which Wegmans will address in a separate letter in the near future):

Ryan P. Ethridge
Anthony P. Alden
October 24, 2025
Page 2



First, Wegmans agrees to the narrowed geographic scope of the City of Rochester. *See, e.g.*, Ltr. from A. Alden to J. Agins at 1 (Dec. 13, 2024) ("12/13/24 Letter") ("It is important, then, that the PBM Defendants obtain data and other documents concerning Wegmans' dispensing of opioids **in Rochester**." (emphasis added)); *id.* at 2 ("[T]he PBM Defendants are entitled to information related to the retail pharmacies on the ground **in Rochester**, such as Wegmans (the largest purchaser of prescription opioids among such pharmacies." (emphasis added)); *id.* at 3 (Discussing Request Nos. 1 & 2: "Evidence of Wegmans' conduct on those issues will show that the PBM Defendants were not the cause of alleged over-dispensing **in Rochester**." (emphasis added)); *id.* (Discussing Request Nos 1 & 2: "The PBM Defendants simply do not possess the data Wegmans has concerning its dispensing of opioids **in Rochester**. Wegmans' dispensing data is critical for the PBM Defendants to know what was dispensed **in the City**, to whom, why, and when." (emphasis added)); *id.* at 5 n.4 (Discussing Request Nos. 5, 6, & 7: "As part of their efforts to compromise, the **PBM Defendants have already told Wegmans that they would limit the geographic scope to the City of Rochester itself, rather than Monroe County in which Rochester sits**." (emphasis added)); *id.* at 6 ("Request No. 9 seeks documents related to theft, loss, or diversion of drugs within the Drug Scope from Wegmans' pharmacies **in Rochester**." (emphasis added)); *id.* (Discussing Request Nos. 8-11: "As the retail pharmacy that bought approximately 30% of the opioids purchased **in Rochester** during the relevant time period, the PBM Defendants anticipate that Wegmans' documents will reflect commensurate percentage of the diversion and/or misuse of those drugs, providing a fuller picture of the alleged opioid crisis **in Rochester**." (emphasis added)).

Second, Wegmans also agrees with the temporal scope from January 1, 2006 through the date of the subpoena to the extent Wegmans has documents that exist within that time frame. *See* 2/28/25 Ltr. at 2, 4, 5 (limiting temporal scope to January 1, 2006 to the present).

Third, Wegmans also will need to redact privileged and/or confidential employee and patient information. Wegmans is not a party to the MDL (or any opioid litigation) and thus any protective order entered in the case or others does not provide adequate protection to Wegmans. Moreover, under federal law, Wegmans is obligated to redact PHI in documents produced that are not necessary to accomplish any of the PBMs' goals.[1] Notably, the PBMs have not articulated why they would need to review any PHI concerning Wegmans' patients.

---

[1] "When using or disclosing protected health information or requesting protected health information from another covered entity . . ., a covered entity [like Wegmans] must make reasonable efforts to limit protected health information to the minimum necessary to accomplish the intended purpose of the use, disclosure, or request." 45 C.F.R. § 164.502(b)(1). Moreover, a recent wave of security breaches on PACER and internal law firm document management systems have caused numerous United States District Courts to change the manner in which sealed documents are submitted to the courts, further reinforces the need for Wegmans to protect any such information with all appropriate redactions. *See, e.g.*, Martin Tully et al., *Protecting Sensitive Court Filings After Recent Cyber Breach*, Law360 (Oct. 6, 2025), https://www.law360.com/articles/2392558/protecting-sensitive-court-filings-after-recent-cyber-

Ryan P. Ethridge
Anthony P. Alden
October 24, 2025
Page 3



   Wegmans reproduces each individual Request (except for Nos. 1 and 2) in the Subpoena below and addresses them in turn.

**Subpoena Request 3:** **All Documents and Communications Concerning any literature, publications, presentations, analyses, studies, reports, guidelines, directives, announcements, recommendations, pamphlets, circulars, notices, or other materials provided by any drug manufacturer to You regarding the efficacy, addictive qualities, and/or safety of any drugs within the Drug Scope, or any other Opioids, from January 1, 1996 to present.**

   Wegmans initially offered to attempt to determine the burden of harvesting specific manufacturer communications identified by the PBMs that are material and relevant to the issues in Track 12. In the PBMs' February 28, 2025 Letter, the PBMs rejected Wegmans' offer stating they did not know what communications Wegmans had with opioid manufacturers. *See* Ltr. from R. Ethridge to J. Agins (Feb. 28, 2025) ("2/28/25 Letter"). The PBMs then agreed to hold this Request in abeyance pending ongoing discussions with Wegmans regarding the scope of the Subpoena. Therefore, Wegmans will hold off discussing this Request at this time.

**Subpoena Request 4:** **All Documents and Communications Concerning any guidance, directives, instructions, publications, alerts, notices, presentations, or other materials You provided to Employees Concerning any drugs within the Drug Scope, or any other Opioids, from January 1, 1996 to present.**

   On January 29, 2025, Wegmans laid out how the only relevant documents responsive to Request No. 4 would be the PBMs' own documents and policies, which Wegmans must follow.

---

breach (discussing recent cyberattacks on federal and state courts and the need for parties to minimize the sensitive content stored at law firms and filed with courts); Change *to Sealed Document Processing*, W.D.N.Y. (Aug. 22, 2025), https://www.nywd.uscourts.gov/news/change-sealed-document-processing (noting the federal district court encompassing the City of Rochester will no longer allow even case participants to access sealed documents electronically due to recent breaches); Kateyln Polantz & Aileen Graaf, *Federal courts go old school to paper filings after hack to key system*, CNN (Aug. 14, 2025), https://www.cnn.com/2025/08/14/politics/federal-courts-go-to-old-school-paper-filings-after-hack-to-key-system (reporting that some federal courts are deciding to only accept sensitive filings by hardcopy in response to recent cyberattacks); *Cybersecurity Measures Strengthened in Light of Attacks on Judiciary's Case Management System*, U.S. COURTS (Aug. 7, 2025), https://www.uscourts.gov/data-news/judiciary-news/2025/08/07/cybersecurity-measures-strengthened-light-attacks-judiciarys-case-management-system (acknowledging "recent escalated cyberattacks of a sophisticated and persistent nature on [U.S. Courts] case management system"); Staci Zaretsky, *Biglaw Firms Fall Prey To Cyberattacks, With Data Breaches On The Rise*, ABOVE THE LAW (May 23, 2024), https://abovethelaw.com/2024/05/biglaw-firms-fall-prey-to-cyberattacks-with-data-breaches-on-the-rise/ (reporting a rise in cybersecurity incidents at law firms).

Ryan P. Ethridge
Anthony P. Alden
October 24, 2025
Page 4



The PBMs never addressed this concern in their 2/28/25 Letter but merely stated they would narrow the timeframe in this request to January 1, 2006, to December 31, 2019, and limit the subject matter to "request only responsive materials related to prescription opioids provided to employees **working in Wegmans' City of Rochester stores**." *See* 2/28/25 Ltr. at 4.

Unless the PBMs advise how other types of guidance or directives provided to employees at Wegmans' pharmacies in Rochester are relevant to this case, Wegmans does not agree to provide more in response to this Request.

**Subpoena Request 5:  Documents sufficient to show all Suspicious Orders You identified or for which you received notice in the Monroe County Region, from January 1, 2006 to present.**

Wegmans believes Request No. 5 was resolved on the Record during the January 6, 2025 conference with Special Master Cohen because Wegmans pharmacies have never registered as distributors and therefore have never had a duty to identify or report Suspicious Orders.

The PBMs have agreed that this Request has been resolved by Wegmans' representation that it has no responsive documents.

**Subpoena Request 6:  All Documents and Communications Concerning Your use, review, or analysis of ARCOS data, data from the New York Prescription Monitoring Program, or other data relating to Suspicious Orders, including all Communications to or from the U.S. Drug Enforcement Agency or the New York Prescription Monitoring Program Concerning any drug within the Drug Scope, or any other Opioid, from January 1, 2006 to present.**

Wegmans believes Request No. 6 was resolved on the Record during the January 6, 2025 conference with Special Master Cohen because Wegmans pharmacies have never registered as distributors and therefore have never had access to ARCOS data or any obligation to review it, not had a duty to identify or report Suspicious Orders.  The PBMs, however, assert that this Request has not been resolved with respect to NY PMP data.

In February, the PBMs offered "to limit this portion of the Request to the following categories of Documents and Communications relating solely to opioids: (1) prescription-level information reflecting Wegmans pharmacists' use, review, or analysis of New York PMP data while filling or dispensing an Opioid prescription; (2) its centrally maintained policies, procedures, directives and guidance from January 1, 2006 to the present, concerning how Wegmans' personnel **in its Rochester stores** should use, review, or analyze New York PMP data while filling or dispensing an opioid prescription; (3) any centrally maintained activity logs or similar materials reflecting Wegmans personnel's use, review or analysis of New York PMP data while filling or dispensing an opioid prescription; and (4) Communications to or from the U.S. Drug Enforcement Agency or the New York PMP concerning opioids, from January 1, 2006 to the present."  2/28/25 Ltr. at 5 (emphasis added).

Ryan P. Ethridge
Anthony P. Alden
October 24, 2025
Page 5



      Wegmans represents that its pharmacies use the EnterpriseRx Pharmacy Management System to submit certain prescription data fields to the NY PMP daily. New York does not require, and Wegmans does not transmit any DUR alerts, clinical edits, or clinical messages to the New York PMP.

      To resolve Request No. 6, Wegmans would agree to search for any written policies describing when, and under what circumstances, its pharmacist would consult with the NY PMP, and would agree to produce such policies, if any.

**Subpoena Request 7**: **All Documents and Communications Concerning efforts of any kind by You to identify, investigate, or report to any national, state, or local governments, agencies, boards, institutions, associations, law enforcement bodies, health departments, or drug taskforces Concerning any of the following regarding any drug within the Drug Scope, or any other Opioid, from January 1, 1996 to present: (a) improper prescribing or failing to prescribe by doctors or other prescribers in the Monroe County Region; (b) doctor-shopping, forgery, or counterfeiting of prescriptions by patients in the Monroe County Region; (c) diversion, abuse, misuse, diversion, trafficking; or (d) any other concerns Concerning potentially improper or illegal prescriptions.**

      The PBMs offered in February "to drop subparts (b) and (d) and narrow sub-part (c) as follows: 'diversion, abuse, misuse, or trafficking of Opioids **within the City of Rochester**.'" 2/28/25 Ltr. at 6 (emphasis added). Wegmans accepts those revisions and requests one more revision to narrow this overbroad Request. As written, Request No. 7 would require Wegmans to sort through voluminous emails to identify any hint of suspicion of diversion by the pharmacy staff. There is no reason why the PBMs need more than internal investigations on potential diversion and/or reporting potential diversion to law enforcement bodies. Thus, Wegmans offers further narrowing Request No. 7 as follows:

> *~~All~~ Documents and Communications sufficient to identify ~~Concerning efforts of any kind by You to identify, investigate,~~ internal investigations or report~~ing~~ to any national, state, or local governments, agencies, boards, institutions, associations, law enforcement bodies, health departments, or drug taskforces Concerning any of the following regarding any drug within the Drug Scope, or any other Opioid, from January 1, ~~1996~~ 2006 to ~~present~~ the date of the subpoena: (a) improper prescribing or failing to prescribe by doctors or other prescribers in the City of Rochester ~~Monroe County Region~~; ~~(b) doctor-shopping, forgery, or counterfeiting of prescriptions by patients in the Monroe County Region;~~ (c) diversion, abuse, misuse, diversion, trafficking within the City of Rochester; ~~or (d) any other concerns Concerning potentially improper or illegal prescriptions~~.*

**Subpoena Request 8**: **All Documents and Communications Concerning all actions (including fines, suspensions, revocations, terminations, voluntary agreements not to practice, resignations, and letters or other formal warnings or notices) taken by You against any**

Ryan P. Ethridge
Anthony P. Alden
October 24, 2025
Page 6



current or former Employee Concerning any drug within the Drug Scope, or any other Opioid, including for the prescribing, dispensing, failure to prescribe, failure to dispense, diversion, or misuse of any drug within the Drug Scope, or any other Opioids, from January l, 1996 to present.

Wegmans will agree to produce responsive documents, if any, for the City of Rochester during the period of January 1, 2006 to the date of the subpoena. *See* 12/13/24 Ltr. at 6 (arguing documents responsive to this Request to understand the "commensurate percentage of the diversion and/or misuse of [] drugs, providing a fuller picture of the alleged opioid crisis **in Rochester**." (emphasis added)). As the PBMs have agreed, Wegmans will redact confidential employee and patient information.

**Subpoena Request 9:** **Documents sufficient to show all instances of theft, loss, or diversion of any drug within the Drug Scope, or any other Opioids, from any facility owned, operated, supported by, serviced by, or affiliated with You in the Monroe County Region, from January 1, 1996 to present.**

Wegmans will agree to produce DEA Form 106s for the City of Rochester during the period of January 1, 2006 to the date of the subpoena. The PBMs' past communications indicate this production would satisfy Request No. 9. *See* 12/13/24 Ltr. at 6 (limiting Request No. 9 to "documents related to theft, loss, or diversion of drugs within the Drug Scope from **Wegmans' pharmacies in Rochester**" (emphasis added); 2/28/25 Ltr. at 6 (agreeing that production of DEA Form 106s are sufficient to satisfy Request No. 9). Wegmans expects to be able to make this production in the next several weeks.

**Subpoena Requests 10-11:**

> **10. All Documents and Communications Concerning any Investigation or other inquiry conducted by any state or federal office, agency, department, committee, or program (including the DEA, the Federal Bureau of Investigation, a United States Attorney or representative thereof, any government-level department or agency within the State of New York), or any state board (including the New York Medical Board, New York Board of Pharmacy, New York Dental Board, New York Nursing Board, or any medical examiner's office in New York) into any of Your practices related to the prescribing, ordering, dispensing, distributing, administering, or diversion of any drug within the Drug Scope, or any other Opioids, from January 1, 1996 to present.**
>
> **11. Documents sufficient to identify any regulatory, civil, or criminal actions or investigation Concerning any drug within the Drug Scope, or any other Opioids, to which you were a party or participated in any manner, from January 1, 1996 to present.**

Ryan P. Ethridge
Anthony P. Alden
October 24, 2025
Page 7



      Wegmans will produce any documents or communications concerning criminal or regulatory fines imposed or administrative actions against its pharmacies in the City of Rochester with respect to its opioid dispensing policies from January 1, 2006 to the date of the subpoena, to the extent any such documents exist.  *See* 12/13/24 Ltr. at 6 (arguing documents responsive to this Request to understand the "commensurate percentage of the diversion and/or misuse of [] drugs, providing a fuller picture of the alleged opioid crisis **in Rochester**." (emphasis added)).

**Subpoena Request 12:  All Documents reflecting contracts, agreements, orders, or other formal documents between You and any manufacturer or distributor of any drug within the Drug Scope, or any other Opioids, from January 1, 1996 to present.**

      Wegmans had understood the PBMs were no longer interested in this Request given their focus on Requests 1 and 2 and the lengthy passage of time without any feedback from the PBMs between June and August.  Nonetheless, Wegmans will collect and produce all contracts with manufacturers and distributors, subject to any third-party notice or confidentiality provisions, to the extent they concern Wegmans' pharmacy in the City of Rochester during the January 1, 2006 to the date of the subpoena time frame.  *See* 12/13/24 Ltr. at 6 (arguing documents responsive to this Request to understand the "commensurate percentage of the diversion and/or misuse of [] drugs, providing a fuller picture of the alleged opioid crisis **in Rochester**." (emphasis added)).

      Please let us know if you will agree to Wegmans' compromise proposals.  We look forward to hearing from you.

                                    Sincerely yours,

                                    Joshua M. Agins