# Exhibit 11

| | |
|---|---|
| **From:** | David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law> |
| **Sent:** | Wednesday, August 20, 2025 10:05 AM |
| **To:** | Anthony Alden; Ruiz, Anthony; Fumerton, Tara A.; Matthew Ford; Cook VI, William F.; Daniel K.; Ana L.; D'Aquila, Dennis A.; Kaspar Stoffelmayr; Miller, Sasha; Hynes, Paul B.; Tabacchi, Tina M.; Manning, Elizabeth E.; Eric Dement; ESI-Opioids; Optum Opioid Team; David Graham |
| **Subject:** | Re: Ruling on ESI Subpoenae to Pharmacies |

**[EXTERNAL EMAIL from david@specialmaster.law]**

Greetings.  I was out of country for some time, so am just now having a chance to respond to your submissions.

Put simply, Mssrs. Alden and Cook are correct that there was nothing unclear about my ruling, and the Nonparty Pharmacies' request for clarification is essentially an attempt to relitigate decided issues. The points made in Aldens' and Cook's letters are correct, and the Nonparty Pharmacies' discovery responses should adhere to those points.

Finally, regarding the last point in Mr. Alden's letter, if requested to do so on or before COB Friday August 22, I will formalize my ruling to allow the Nonparty Pharmacies to object; but I will also note in that ruling that it appears the Nonparty Pharmacies waived their right to object by virtue of the timing — that is, they missed the deadline, and my formalization is without prejudice to an argument of waiver. If it goes that far, the Court can then decide the waiver issue.

-d


========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law


**From:** Anthony Alden <anthonyalden@quinnemanuel.com>
**Sent:** Tuesday, August 12, 2025 5:18 PM
**To:** Ruiz, Anthony <ARuiz@zuckerman.com>; David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>; Fumerton, Tara A. <tfumerton@jonesday.com>; Matthew Ford <matthew.ford@bartlitbeck.com>; Cook VI, William F. <wcook@hinshawlaw.com>; Daniel K. <dryan@hinshawlaw.com>; Ana L. <amedina@hinshawlaw.com>; D'Aquila, Dennis A. <ddaquila@jonesday.com>; Kaspar Stoffelmayr <kaspar.stoffelmayr@bartlitbeck.com>; Miller, Sasha

1

<smiller@zuckerman.com>; Hynes, Paul B. <PHynes@zuckerman.com>; Tabacchi, Tina M. <tmtabacchi@jonesday.com>; Manning, Elizabeth E. <emanning@jonesday.com>; Eric Dement <eric.dement@bartlitbeck.com>; ESI-Opioids <esi-opioids@quinnemanuel.com>; Optum Opioid Team <optum.opioid.team@alston.com>; David Graham <davidgraham@quinnemanuel.com>
**Subject:** RE: Ruling on ESI Subpoenae to Pharmacies

Dear Special Master Cohen,

Please find attached the Express Scripts Defendants' response to the pharmacies' August 8, 2025 letter insofar as it concerns Walgreens. Given the multiple rounds of briefing already submitted on this dispute—including what amounts to a *de facto* motion for reconsideration—and the extensive delay, we would request you make clear there is to be no further briefing unless you request it.

Respectfully,
Anthony

**Anthony P. Alden**
*Partner*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3159 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
anthonyalden@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Ruiz, Anthony <ARuiz@zuckerman.com>
**Sent:** Friday, August 8, 2025 4:48 PM
**To:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>; Fumerton, Tara A. <tfumerton@jonesday.com>; Matthew Ford <matthew.ford@bartlitbeck.com>; Anthony Alden <anthonyalden@quinnemanuel.com>; Cook VI, William F. <wcook@hinshawlaw.com>; Daniel K. <dryan@hinshawlaw.com>; Ana L. <amedina@hinshawlaw.com>; D'Aquila, Dennis A. <ddaquila@jonesday.com>; Kaspar Stoffelmayr <kaspar.stoffelmayr@bartlitbeck.com>; Miller, Sasha <smiller@zuckerman.com>; Hynes, Paul B. <PHynes@zuckerman.com>; Tabacchi, Tina M. <tmtabacchi@jonesday.com>; Manning, Elizabeth E. <emanning@jonesday.com>; Eric Dement <eric.dement@bartlitbeck.com>; ESI-Opioids <esi-opioids@quinnemanuel.com>; Optum Opioid Team <optum.opioid.team@alston.com>; David Graham <davidgraham@quinnemanuel.com>
**Subject:** RE: Ruling on ESI Subpoenae to Pharmacies

**[EXTERNAL EMAIL from aruiz@zuckerman.com]**

Dear Special Master Cohen,

Please find attached CVS, Walmart, and Walgreens' request for clarification regarding your July 28 ruling.

Respectfully submitted,

Anthony Ruiz



**Anthony Ruiz**
**Zuckerman Spaeder LLP**
**ARuiz@zuckerman.com**

2100 L STREET NW, SUITE 400 • WASHINGTON, DC 20037-1525
202.778.1823 direct • 202.822.8106 fax

► Download vCard | zuckerman.com

This transmission (including any attachments) from the law firm of Zuckerman Spaeder LLP may contain information that is confidential and/or subject to the attorney-client privilege or the work product doctrine. Use or dissemination of this information by anyone other than the intended recipient is prohibited and may be unlawful.  If you have received this transmission in error, please immediately notify the sender by return email or contact us by telephone at 202.778.1800 and permanently delete all copies.

---

**From:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Sent:** Thursday, July 31, 2025 1:37 PM
**To:** Fumerton, Tara A. <tfumerton@jonesday.com>; Matthew Ford <matthew.ford@bartlitbeck.com>; Anthony Alden <anthonyalden@quinnemanuel.com>; Cook VI, William F. <wcook@hinshawlaw.com>; Daniel K. <dryan@hinshawlaw.com>; Ana L. <amedina@hinshawlaw.com>; D'Aquila, Dennis A. <ddaquila@jonesday.com>; Kaspar Stoffelmayr <kaspar.stoffelmayr@bartlitbeck.com>; Miller, Sasha <smiller@zuckerman.com>; Hynes, Paul B. <PHynes@zuckerman.com>; Tabacchi, Tina M. <tmtabacchi@jonesday.com>; Manning, Elizabeth E. <emanning@jonesday.com>; Eric Dement <eric.dement@bartlitbeck.com>; Ruiz, Anthony <ARuiz@zuckerman.com>; ESI-Opioids <esi-opioids@quinnemanuel.com>; Optum Opioid Team <optum.opioid.team@alston.com>; David Graham <davidgraham@quinnemanuel.com>
**Subject:** Re: Ruling on ESI Subpoenae to Pharmacies

**EXTERNAL**

That is fine.

========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

---

**From:** Fumerton, Tara A. <tfumerton@jonesday.com>
**Sent:** Thursday, July 31, 2025 11:54 AM
**To:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>; Matthew Ford <matthew.ford@bartlitbeck.com>; Anthony Alden <anthonyalden@quinnemanuel.com>; Cook VI, William F. <wcook@hinshawlaw.com>; Daniel K. <dryan@hinshawlaw.com>; Ana L. <amedina@hinshawlaw.com>; D'Aquila,

3

Dennis A. <ddaquila@jonesday.com>; Kaspar Stoffelmayr <kaspar.stoffelmayr@bartlitbeck.com>; Xternal User - Sasha Miller <smiller@zuckerman.com>; Xternal User - Paul Hynes <phynes@zuckerman.com>; Tabacchi, Tina M. <tmtabacchi@jonesday.com>; Manning, Elizabeth E. <emanning@jonesday.com>; Eric Dement <eric.dement@bartlitbeck.com>; Xternal User - Anthony Ruiz <aruiz@zuckerman.com>; ESI-Opioids <esi-opioids@quinnemanuel.com>; Optum Opioid Team <optum.opioid.team@alston.com>; David Graham <davidgraham@quinnemanuel.com>
**Subject:** RE: Ruling on ESI Subpoenae to Pharmacies

Dear Special Master Cohen,

The Nonparty Pharmacies (CVS, Walgreens and Walmart) respectfully request an extension of the 3-day period in DKT #69 for the Nonparty Pharmacies to seek formalization of the ruling below until Friday, August 8.

We are assessing the ruling, including the feasibility of complying with it given that it calls for a production that is beyond what we have made in the MDL to date.

Thank you for your consideration of this request.

Tara

---

**From:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Sent:** Monday, July 28, 2025 1:05 PM
**To:** Matthew Ford <matthew.ford@bartlitbeck.com>; Anthony Alden <anthonyalden@quinnemanuel.com>; Cook VI, William F. <wcook@hinshawlaw.com>; Daniel K. <dryan@hinshawlaw.com>; Ana L. <amedina@hinshawlaw.com>; Fumerton, Tara A. <tfumerton@jonesday.com>; D'Aquila, Dennis A. <ddaquila@jonesday.com>; Kaspar Stoffelmayr <kaspar.stoffelmayr@bartlitbeck.com>; Xternal User - Sasha Miller <smiller@zuckerman.com>; Xternal User - Paul Hynes <phynes@zuckerman.com>; Tabacchi, Tina M. <tmtabacchi@jonesday.com>; Manning, Elizabeth E. <emanning@jonesday.com>; Eric Dement <eric.dement@bartlitbeck.com>; Xternal User - Anthony Ruiz <aruiz@zuckerman.com>; ESI-Opioids <esi-opioids@quinnemanuel.com>; Optum Opioid Team <optum.opioid.team@alston.com>; David Graham <davidgraham@quinnemanuel.com>
**Subject:** Ruling on ESI Subpoenae to Pharmacies

Thank you for all of your submissions regarding ESI's request for an order compelling Walgreens, Walmart, and CVS to produce DUR data for the State of New York. I conclude ESI is entitled to receive some of what it seeks, but not all; so I order as follows.

First, I conclude it is not true that the data ESI seeks is limited to "DUR communications that *it sent* electronically to the Nonparty Pharmacies and the responses Nonparty Pharmacies *sent back* to ESI." Jones Day 6/30/25 letter at 1 (emphasis in original). For example, ESI also seeks the following information, at least some of which is not a part of the DUR communications that the Pharmacies' and ESI traded with each other: (1) the Pharmacies' independent, internal DUR records; and (2) the Pharmacies' DUR data related to other PBMs. Further, I conclude discovery of this additional increment of data is appropriate and does not impose an undue burden on the Pharmacies.

Second, ESI can learn what it needs to learn with a smaller sample of DUR data than for the entire State of New York. Accordingly, the DUR data that the pharmacies must produce is limited to Monroe County and St. Lawrence County.

Third, ESI has made clear it "seeks only electronic CDUR data, including due diligence data," and does not seek any hard-copy documents. Hinshaw 7/16/25 letter at 2. Accordingly, the Pharmacies are not

4

required to produce anything except electronic data.  (Even absent ESI's clarification, I probably would not order production of hard-copy documents because it would be an excessive burden on the Pharmacies that is not outweighed by its value to ESI.)

Fourth, the Pharmacies can produce the DUR data subject to the existing MDL Protective Orders — in other words, unredacted — as has occurred with similar data before.  This can alleviate their concern about PHI.  The Pharmacies can choose to redact PHI instead, but must do so at their own expense; and they cannot delay production because of redaction any more than is fully necessary.

The Pharmacies should please proceed accordingly; and the parties should please meet and confer to iron out any details.

-d

========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***