# Exhibit 13

**From:** Anthony Alden <anthonyalden@quinnemanuel.com>
**Sent:** Thursday, October 9, 2025 10:51 AM
**To:** Agins, Joshua <JAgins@hodgsonruss.com>
**Cc:** Ethridge, Ryan <ryan.ethridge@alston.com>
**Subject:** RE: Opioids: Wegmans Subpoena

**External Email - Use Caution**

Josh,

Below is a response to your last email, which includes a summary of points discussed on our October 3 meet and confer and some follow-up.

**Dispensing Data (Request No. 1)**

You have asked us whether we could share a list of the fields in the PMP data

produced to us by the New York Bureau of Narcotics Enforcement ("NY PMP data").  We have no objection in-principle to sharing this information, subject to the Bureau's consent, which we have sought.  We are awaiting its response.

As mentioned on our last call, we need certain of Wegmans' dispensing data to allow for analyses of cash purchases, which is not available through the NY PMP data.  Because that is the area of interest, we are willing to limit this request to the following data fields for only cash purchases in Monroe County of the drugs referenced in the subpoena:

- Date Filled
- NDC Number
- Pharmacy NPI or NABP
- Quantity Dispensed
- Days Supply
- Method of payment (e.g., Medicare, cash)
- Patient paid amount
- Refill Indicator
- Rx Number

You agreed to consider the production of this more-limited dispensing data and revert to us.

**DUR Data (Request No. 2)**

You agreed that Wegmans would provide a draft declaration (or language that would eventually be included in a declaration), attesting to the burden involved in producing the same scope of DUR data that Special Master Cohen recently ordered other pharmacies (Walgreens, CVS, Wal-Mart) to produce.  We again clarified that sharing such language would help us evaluate the merits of Wegmans' burden argument, but we had never agreed to withdraw our request in exchange for such a declaration.

Having spoken with several consultants familiar with EnterpriseRx, it is our understanding that EnterpriseRx would allow Wegmans to generate large-scale reports containing DUR data with relatively little manual effort.  EnterpriseRx is a sophisticated pharmacy management software system that is, in fact, designed to host and facilitate interaction with large volumes of pharmacy data.  Indeed, McKesson advises on its website that it allows for entities like Wegmans to "run comprehensive reports" and

"integrate[] every aspect of [a pharmacy's] business").  It would thus be very surprising if Wegmans could not extract DUR data from EnterpriseRx in an automated fashion.  Even assuming that Wegmans' current software configuration does not allow this, we are advised that such data extraction is something McKesson should be able to do for Wegmans at no or minimal incremental cost.  Please advise if Wegmans is prepared to make such a request to McKesson, if necessary,  or if it would object to the PBM Defendants making such a request (by subpoena, if necessary).  As we have stated, the PBM Defendants are willing to consider cost-sharing to the extent such a data extraction would entail addition cost.

**DUR Policies/Guidance (Request No. 2)**

You agreed to confirm that the only responsive documents in Wegmans' possession, custody and control concerning how its personnel communicate with PBMs or interact with PBM point of sale messages are the manuals provided to Wegmans by PBMs, and that Wegmans does not have any internal policies touching on these subjects.  Wegmans has yet to provide an update.

**Remaining Subpoena Requests**

You stated that Wegmans still does not have any updates regarding the PBM Defendants' proposals in Alston & Bird's February 28 letter concerning the other subpoena requests.  We believe Wegmans has had more than sufficient time to consider these proposals but, given your representations concerning your schedule, we agreed to wait until the week of October 13 for a response.

 The PBM Defendants have been more than patient in attempting to cooperate with Wegmans to resolve these outstanding issues.  However, as we stated on our call, unless progress is made next week, we will have no choice but re-raise the parties' disputes with the Special Master.  Please provide some times you are available to meet and confer next week.

Thanks,
Anthony

**Anthony P. Alden**
*Partner*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3159 Direct
213-443-3000 Main Office Number
213-443-3100 Fax

anthonyalden@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Agins, Joshua <JAgins@hodgsonruss.com>
**Sent:** Friday, October 3, 2025 9:16 AM
**To:** Anthony Alden <anthonyalden@quinnemanuel.com>
**Cc:** Ethridge, Ryan <ryan.ethridge@alston.com>
**Subject:** RE: Opioids: Wegmans Subpoena

**[EXTERNAL EMAIL from jagins@hodgsonruss.com]**

Anthony, the summary that you sent on Wednesday morning is incomplete and misstates parts of the discussion.  I have interpolated my comments below in red font.  The PBMs had three lawyers on our conferral call.  With a team of attorneys focused on non-party subpoenas, how can the PBMs take nine days to prepare a simple (and incomplete) summary of our conferral, yet expect Wegmans to prepare an entire declaration in the same timeframe?  The double standard is glaring.  A call this afternoon is no longer necessary, as I can report on status and answer your questions.  First, Wegmans is agreeable to providing a declaration that outlines why it cannot produce the DUR information that the PBMs contend is responsive to Subpoena Request No. 2.  Wegmans is engaging in this process with the understanding that the PBMs will withdraw Request #2 if Wegmans provides a sufficiently detailed declaration setting forth the technical limitations and burdens.  I do not know when we will have a draft declaration for your review, but I can assure you that an experienced pharmacist has dedicated many hours to this project and we are working on that declaration as our time permits.  Second, see below for the rest of my comments on the PBMs' "summary" of our September 22 call, and Wegmans' response to the new questions/issues you posed on Wednesday.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Josh,

Below is a brief summary of our September 22, 2025 meet and confer, with some

additional questions it would be helpful to have answered on this week's call. Let us know if any of the below is inaccurate.

Regarding Request No. 1 (concerning dispensing data), you stated that you were unsure whether Wegmans would be able to export specific data fields using EnterpriseRX or any other system, and that the feasibility of any production would depend on the specific fields sought. You stated that to the extent the PBM Defendants identify specific field(s) of interest that they don't already have, Wegmans would be willing to investigate whether it would be feasible to produce that information. You further stated that you believed much of Wegman's data may be held in a cloud-based system operated by McKesson. **[JMA: Immediately after you raised the topic of Request 1, I pointed out that the PBMs had withdrawn Request No. 1 because, to our understanding, they received pharmacy data directly from the NY PMP. In fact, I am aware of your prior email to Kinney's counsel in which the PBMs withdrew Request 1. You are correct that I specifically requested that the PBMs tell Wegmans what data they received from the NY PMP (including the date, geographic scope, and the data fields). Ryan said he did not have this information at his fingertips but could obtain it fairly easily from someone on his team. This critical information has not been provided. When will the PBMs provide this?**

**Unless and until the PBMs provide this information, Wegmans will not engage in further discussion on Request 1. The PBMs will need to explain what they already have, what more they need, and why. *Then, if* the outstanding data is responsive to Request 1, Wegmans would attempt to determine whether Enterprise RX allows it to harvest the data, and if so, the burden of doing so, and whether it is consistent with Rule 26 to do so.]**

Regarding Request No. 2 (concerning DUR data), you stated that Wegmans did not intend to produce DUR data for various reasons despite Special Master Cohen's order regarding the production of DUR data from other pharmacies. Wegmans stated it did not believe that the language of the request covered DUR data [**JMA: this does not accurately characterize Wegmans' position – see below and our letter dated 9/18**], and further stated that it believed that production of DUR data for two prescriptions was adequate to resolve the request. **[JMA: this summary is surprisingly inaccurate in many respects and omits a key part of the discussion and shortchanges Wegmans' position. As I pointed out, Request 2 starts with the phrase, "Documents sufficient to show . . . ." During our last conferral, I asked you at least three times to help me understand how the phrase "Documents sufficient to show" could be construed so broadly as to require the production of *all* DUR data and information. The PBMs**

**cannot articulate any coherent position on this point.  That is why, during our correspondence dating back to late 2024, you yourself emphasized how Request 2 sought *only* documents "sufficient to show" how Wegmans interacted with the PBMs and took their input internally.  *See* PBMs' November 11, 2024 letter to Wegmans.  We understand that the national pharmacies agreed to permit the PBMs to retroactively expand the scope of Request 2—likely because the national pharmacies had already participated in opioid litigation for many years and had produced millions of documents and large data sets of the type the PBMs seek.  In contrast, as you know, Wegmans produced nothing as a party to any opioid litigation and all cases against it were discontinued.  So, the fact that Special Master Cohen ordered national pharmacies to produce some additional data to the PBMs is not applicable here, especially since the PBMs continue to withhold the briefing that led up to his decision – see below.  This, plus Wegmans' production of the two exemplar prescriptions discussed below means that Wegmans has more than satisfied any duty to produce in conjunction with Request 2].**

The PBM Defendants stated, as they did in prior briefing which was provided to Wegmans **[JMA:  False.  The PBMs refused to provide all the briefing to Wegmans.  The PBMs supplied only their own briefing *with heavy redactions* but refused to provide the national pharmacies' briefing, claiming it is "confidential."  The PBMs cannot pick and choose which parts of the docket they wish to interject into the discussion with Wegmans.   As I pointed out during our conferral, it is blatantly hypocritical for the PBMs to hide behind "confidentiality" in this way.  The PBMs are asking Wegmans to produce *<u>HIPAA-protected patient information</u>* as a non-party.  Where is the PBMs' concern for confidentiality when it comes to Wegmans' federally protected patient information?  The PBMs' assertion that mere legal briefs are "confidential" and therefore cannot be provided to Wegmans only further reinforces our view that those same confidentiality concerns should apply with even greater weight to patient data and shield Wegmans' patient data from disclosure to the PBMs.  I explained all of this to you again during our conferral.]**, that the request does encompass DUR data at the prescription level, *i.e.*, how Wegmans' pharmacists responded to a DUR alert for each opioid prescription.  **[JMA: yes, Wegmans understands and acknowledges that Request 2 calls for prescription-level information "*sufficient to show*" how Wegmans responds to input from the PBMs.  That is why, more than three months ago, Wegmans provided two exemplar prescription records, i.e., prescription-level information.  I also asked you during our conferral to explain why those two exemplar prescriptions are *not* "sufficient to show" how Wegmans communicated about DURs with the PBMs.  I even suggested that Wegmans could provide a few more exemplars for additional**

**years so that the PBMs could confirm that those prescriptions accurately represent how Wegmans communicated with the PBMs and handled their input about DURs during the entire timeframe].**  The PBM Defendants further stated that, as was made clear by Special Master Cohen's recent order regarding the production of DUR data, the scope of responsive DUR data is all opioid prescriptions dispensed in Monroe County. The PBM Defendants expressed that they were willing to listen to any proposals from Wegmans about the scope of DUR data it was willing to produce, and that they would be willing to consider cost-shifting if appropriate.  Wegmans did not provide a response but stated it would discuss the matter internally before responding.  **[JMA: as I explained, the PBMs have it backwards.  Wegmans has already expended significant time, effort, and resources to comply in full with Request 2 by providing two exemplar prescriptions that are *more than sufficient to show* how Wegmans communicated with the PBMs about DURs.  As I said, if the PBMs can articulate why they need something more—for example, additional years—please feel free to do so and Wegmans will take it under consideration.  Also, as I explained to you in our conferral, the PBMs suggestion of "cost shifting" is a meaningless, empty "concession" because "cost" is not the issue.  As described in Wegmans' September 18 letter, the process by which Wegmans harvests prescription data information is time-consuming and requires <u>a pharmacist's</u> time, thereby detracting from the pharmacy's ability to serve patients.  We expounded on this at length in our prior letters and yet the PBMs continue to act as if cost can simply be shifted.  You know this is not the case].**

With respect to purported burden, we asked whether Wegmans would be willing to provide an affidavit from a knowledgeable witness attesting to its assertions.  You indicated Wegmans would be willing to do this and had no objection to sending us the proposed language to be included in the affidavit.  **[JMA:  I said I would need to discuss this concept with Wegmans since the PBMs had never before raised it.  I agreed to have that discussion with Wegmans and report back.  I was able to do so, and can report that Wegmans is open to this concept, presuming good faith collaboration with the PBMs and their commitment to withdrawing Request 2 if a sufficient declaration is provided.  During our last conferral, we discussed the concept of exchanging some draft language so that both sides could gain comfort that we're on the same page with respect to the content of the declaration].**  Kindly send that before this week's meet and confer.  **[JMA: Wegmans is working on this.  We will update you when we are in a position to do so].**  In this regard, it is our understanding that EnterpriseRx typically allows for reports to be run that would provide the type of data we are seeking.  Kindly advise if Wegmans is currently able to run such reports from EnterpriseRx, and if not, whether it could ask McKesson to do so.  **[JMA:  what is your**

**"understanding" based on?  And what type of "reports" are you referring to?  If you would share the basis for your understanding, and what "reports" you are referring to, I can ask Wegmans specifically.  But to my knowledge, as we have already explained at length, Enterprise cannot generate mass data "reports" containing the type of data that the PBMs seek.  As to your last question:  no, Wegmans will not agree to ask McKesson to run reports.  As you know, Wegmans has no obligation to do so.]**

Regarding Request No. 2 (concerning DUR policies or guidance), Wegmans stated that the only responsive policies are the manuals provided by PBMs to Wegmans, and that Wegmans does not have any internal policies about how its personnel should communication with PBMs or PBM point of sale messages.  [**JMA:  I said I would ask Wegmans to confirm this, and am in the process of doing so**]

Regarding the remaining requests, Wegmans stated it was not prepared to discuss them. Wegmans agreed to review the parties' prior correspondence, including the PBM Defendants' February 28, 2025 letter which summarized the parties' negotiations and proposals, and would be prepared to offer its response to our February 28 proposals this week.  [**JMA:  Wegmans is focusing on your DUR question and preparing a declaration.  We understand that's your priority, and so we have made it ours**].

The parties agreed to discuss next steps on October 3, 2025.  [**JMA:  this email captures the current status; there is nothing more to report**]

Thanks,
Anthony

**Joshua M. Agins**
Partner
Hodgson Russ LLP

Tel:  585.454.0759
Fax:  585.423.5910

Hodgson Russ LLP

Twitter | LinkedIn | website | e-mail

1800 Bausch & Lomb Place |
Rochester, NY 14604

**From:** Anthony Alden <anthonyalden@quinnemanuel.com>
**Sent:** Wednesday, October 1, 2025 11:23 AM
**To:** Agins, Joshua <JAgins@hodgsonruss.com>
**Cc:** Ethridge, Ryan <ryan.ethridge@alston.com>
**Subject:** RE: Opioids: Wegmans Subpoena

**External Email - Use Caution**

Josh,

Below is a brief summary of our September 22, 2025 meet and confer, with some additional questions it would be helpful to have answered on this week's call. Let us know if any of the below is inaccurate.

Regarding Request No. 1 (concerning dispensing data), you stated that you were unsure whether Wegmans would be able to export specific data fields using EnterpriseRX or any other system, and that the feasibility of any production would depend on the specific fields sought. You stated that to the extent the PBM Defendants identify specific field(s) of interest that they don't already have, Wegmans would be willing to investigate whether it would be feasible to produce that information. You further stated that you believed much of Wegman's data may be held in a cloud-based system operated by McKesson.

Regarding Request No. 2 (concerning DUR data), you stated that Wegmans did not intend to produce DUR data for various reasons despite Special Master Cohen's order regarding the production of DUR data from other pharmacies. Wegmans stated it did not believe that the language of the request covered DUR data, and further stated that it believed that production of DUR data for two prescriptions was adequate to resolve the request.  The PBM Defendants stated, as they did in prior briefing which was provided to Wegmans, that the request does encompass DUR data at the prescription level, *i.e.*, how Wegmans' pharmacists responded to a DUR alert for each opioid prescription. The PBM Defendants further stated that, as was made clear by Special Master Cohen's recent order regarding the production of DUR data, the scope of responsive DUR data is all opioid prescriptions dispensed in Monroe County. The PBM Defendants expressed that they were willing to listen to any proposals from Wegmans about the scope of DUR data it was willing to produce, and that they would be willing to consider cost-shifting if appropriate. Wegmans did not provide a response but stated it would discuss the matter internally before responding.

With respect to purported burden, we asked whether Wegmans would be willing to provide an affidavit from a knowledgeable witness attesting to its assertions.  You indicated Wegmans would be willing to do this and had no objection to sending us the proposed language to be included in the affidavit.  Kindly send that before this week's meet and confer.  In this regard, it is our understanding that EnterpriseRx typically allows for reports to be run that would provide the type of data we are seeking.  Kindly advise if Wegmans is currently able to run such reports from EnterpriseRx, and if not, whether it could ask McKesson to do so.

Regarding Request No. 2 (concerning DUR policies or guidance), Wegmans stated that the only responsive policies are the manuals provided by PBMs to Wegmans, and that Wegmans does not have any internal policies about how its personnel should communication with PBMs or PBM point of sale messages.

Regarding the remaining requests, Wegmans stated it was not prepared to discuss them. Wegmans agreed to review the parties' prior correspondence, including the PBM Defendants' February 28, 2025 letter which summarized the parties' negotiations and proposals, and would be prepared to offer its response to our February 28 proposals this week.

The parties agreed to discuss next steps on October 3, 2025.

Thanks,
Anthony

**Anthony P. Alden**
*Partner*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3159 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
anthonyalden@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Agins, Joshua <JAgins@hodgsonruss.com>
**Sent:** Thursday, September 18, 2025 7:43 AM

**To:** Anthony Alden <anthonyalden@quinnemanuel.com>
**Cc:** Ethridge, Ryan <ryan.ethridge@alston.com>
**Subject:** RE: Opioids: Wegmans Subpoena

[EXTERNAL EMAIL from jagins@hodgsonruss.com]

Anthony and Ryan,

Please see attached.  If you would like to discuss this week, I am currently available tomorrow (Friday) between 2:30-5:00 EST.  I also have some availability Monday.

Regards,
Josh

**Joshua M. Agins**
Partner
Hodgson Russ LLP

Tel:  585.454.0759
Fax:  585.423.5910

Hodgson Russ LLP


Twitter | LinkedIn | website | e-mail

1800 Bausch & Lomb Place |
Rochester, NY 14604

**From:** Anthony Alden <anthonyalden@quinnemanuel.com>
**Sent:** Friday, September 12, 2025 8:00 PM
**To:** Agins, Joshua <JAgins@hodgsonruss.com>
**Cc:** Ethridge, Ryan <ryan.ethridge@alston.com>
**Subject:** RE: Opioids: Wegmans Subpoena

**External Email - Use Caution**

Josh:  I can be fairly flexible Thursday or Friday.  Please advise.

**Anthony P. Alden**
*Partner*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3159 Direct
213-443-3000 Main Office Number
213-443-3100 Fax

anthonyalden@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Anthony Alden
**Sent:** Wednesday, September 10, 2025 3:24 PM
**To:** Agins, Joshua <JAgins@hodgsonruss.com>
**Cc:** Ethridge, Ryan <ryan.ethridge@alston.com>
**Subject:** RE: Opioids: Wegmans Subpoena

Josh: please propose some times next week.  We're unwilling to wait beyond then.  You'll have had plenty of time to get anything you're going to get from the other pharmacies and there are issued beyond DUR data to discuss anyway.

**Anthony P. Alden**
*Partner*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3159 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
anthonyalden@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Agins, Joshua <JAgins@hodgsonruss.com>
**Sent:** Wednesday, September 10, 2025 2:49 PM
**To:** Anthony Alden <anthonyalden@quinnemanuel.com>
**Cc:** Ethridge, Ryan <ryan.ethridge@alston.com>
**Subject:** RE: Opioids: Wegmans Subpoena

**[EXTERNAL EMAIL from jagins@hodgsonruss.com]**

---

Anthony,

We are reaching out to the national pharmacies to request their briefing and will provide you with a substantive response once Wegmans has had an opportunity to review the materials that led up to Special Master Cohen's order.  In the meantime, to answer your immediate question:  Wegmans Pharmacy uses EnterpriseRX.

In your 9/4 email, you asserted that my email dated 9/3 contains "misstatements," but you did not elaborate.  Please identify those alleged misstatements to that I can understand and address what you think was incorrect.

Please note that I will be in depositions and therefore unavailable for the remainder of this week.

Regards,
Josh

**Joshua M. Agins**
Partner
Hodgson Russ LLP

Tel:  585.454.0759
Fax:  585.423.5910

Hodgson Russ LLP


Twitter | LinkedIn | website | e-mail

1800 Bausch & Lomb Place |
Rochester, NY 14604

---

**From:** Anthony Alden <anthonyalden@quinnemanuel.com>
**Sent:** Wednesday, September 10, 2025 3:24 PM
**To:** Agins, Joshua <JAgins@hodgsonruss.com>
**Cc:** Ethridge, Ryan <ryan.ethridge@alston.com>
**Subject:** RE: Opioids: Wegmans Subpoena

**External Email - Use Caution**

---

+ Ryan

Josh:  I haven't heard from you.  Please provide some times we can talk tomorrow or Friday.

**Anthony P. Alden**

*Partner*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3159 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
anthonyalden@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Anthony Alden
**Sent:** Thursday, September 4, 2025 1:06 PM
**To:** 'Agins, Joshua' <JAgins@hodgsonruss.com>
**Subject:** RE: Opioids: Wegmans Subpoena

Josh,

As requested, please find attached the Express Scripts Defendants' subpoenas to Walgreens, CVS, and Walmart , and below a link to the Express Scripts Defendants' submissions to the Special Master regarding production of the pharmacies' DUR data. We have redacted from the submissions only those few portions that the plaintiffs or pharmacies might consider confidential.  Counsel who took the lead for the pharmacies on this issue are Tara Fumerton (tfumerton@jonesday.com), Anthony Ruiz (ARuiz@zuckerman.com), and Matt Ford (Matthew Ford matthew.ford@bartlitbeck.com).  Feel free to confirm with them that the Special Master's ruling is final, as I've represented.

I don't see the point in litigating the misstatements in your email.  We can discuss them when we next meet and confer if you like.  Please propose some times next week.  That will give Wegmans ample time to consider the briefing, as well as our prior proposals, which it's had for many months.

Finally, you have not answered my question about the system(s) in which Wegmans maintains its DUR data.  Please do so.

Link:  https://qe.sharefile.com/public/share/web-se91db5558e9345a5af4138b8bd48cc9d

Thanks,

Anthony

**Anthony P. Alden**
*Partner*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3159 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
anthonyalden@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Agins, Joshua <JAgins@hodgsonruss.com>
**Sent:** Wednesday, September 3, 2025 6:17 AM
**To:** Anthony Alden <anthonyalden@quinnemanuel.com>
**Subject:** RE: Opioids: Wegmans Subpoena

**[EXTERNAL EMAIL from jagins@hodgsonruss.com]**

---

Dear Anthony,

Please send (1) a copy of Express Scripts' subpoena to the national pharmacies, and (2) the PBMs' briefing.  These materials will allow Wegmans to evaluate the extent to which the Subpoena to Wegmans matches the Subpoena to the national pharmacies and the applicability, if any, of Special Master Cohen's ruling.  If you are unable to provide the national pharmacies' briefing, please provide contact information for their counsel, and we will contact them.  Once we have had a chance to obtain and evaluate the relevant documents, we will advise you of Wegmans' position.

While I understand you would prefer to speak this week, the fact of the matter is that we will not be in a position to do so until we've had adequate time to review the materials that we requested from you eight days ago and which you have not yet provided.  And, since you are unable to provide the national pharmacies' briefing, we will need time to confer with their counsel.  The PBMs waited almost three months to contact us since Wegmans' last communication to you on June 2 and cannot reasonably expect Wegmans to respond substantively within a matter of days.  If the PBMs were facing time pressures, you could have clued us in on the fact that you were actively briefing these

issues in front of Special Master Cohen and you could have responded to our prior communication many months ago.  Instead, you chose not to engage any further with Wegmans while you briefed these issues with the national pharmacies.  This only further reinforces our view that Wegmans is situated quite differently than the national pharmacies and the Cohen ruling likely is inapplicable to Wegmans.

Further, as we noted, Special Master Cohen's ruling is not final because the email chain that you forwarded to us indicates that the national pharmacies intend to appeal the ruling to Judge Polster.

Finally, your assertion that "Wegmans has never provided any evidence to support its contention that it "lacks the resources to compile extensive DUR files" is simply not accurate.  On June 2, we sent you a 29-page (single-spaced) communication containing a lengthy discussion of the burden of producing dispensing records.  (Note that the header of the communication is dated May 30, but in fact we provided it to you on June 2).  Through the process of gathering and providing two exemplar dispensing records, we precisely quantified the burden and showed that the inordinate time required to collect the requested information is prohibitive and, frankly, not possible on a large-scale basis.  I attach our prior communication for your convenience and refer you to pages 27-29 under the heading, "The Burden of Producing Dispensing Logs."

We look forward to your prompt provision of the requested materials.

**Joshua M. Agins**
Partner
Hodgson Russ LLP

Tel:  585.454.0759
Fax:  585.423.5910

Hodgson Russ LLP

Twitter | LinkedIn | website | e-mail

1800 Bausch & Lomb Place |
Rochester, NY 14604

---

**From:** Anthony Alden <anthonyalden@quinnemanuel.com>
**Sent:** Tuesday, September 2, 2025 7:43 PM
**To:** Agins, Joshua <JAgins@hodgsonruss.com>
**Subject:** RE: Opioids: Wegmans Subpoena

**External Email - Use Caution**

Josh:  I am happy to provide you with ESI's submissions to the Special Master concerning our request for DUR data to Walgreens, CVS, and Walmart, but we might have to redact certain portions for information they might consider confidential.  We'll get those to you tomorrow.  Given the submissions were not publicly filed, we do not feel comfortable giving you the pharmacies' submissions but are happy to provide you with contact details for their counsel should you wish to ask them for it or for permission for us to share the submissions.

As to alleged burden, Wegmans has never provided any evidence to support its contention that it "lacks the resources to compile extensive DUR files." In what system or systems does Wegmans store its DUR data? And why do you say the Special Master's email ruling is not final?

Let's put something on calendar for Thursday or Friday to see if we can reach any agreements on the outstanding items.  Given our discovery cut-off, we'll have to go to the Special Master If we cannot reach a compromise.  Please propose some times.

**Anthony P. Alden**
*Partner*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3159 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
anthonyalden@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Agins, Joshua <JAgins@hodgsonruss.com>
**Sent:** Friday, August 29, 2025 3:16 AM
**To:** Anthony Alden <anthonyalden@quinnemanuel.com>
**Subject:** RE: Opioids: Wegmans Subpoena

**[EXTERNAL EMAIL from jagins@hodgsonruss.com]**

Anthony,

At this time, we are not able to provide you Wegmans' position regarding the DUR data.  You sent me Special Master Cohen's email ruling, but that ruling is not final, and perhaps more importantly, the ruling presumes the parties' knowledge of the scope of the requests and the arguments made by the parties in their "multiple rounds of briefing."  Without access to the briefing accompanying that ruling (which we do not have), there is no way for Wegmans to understand precisely what Special Master Cohen has ordered the national pharmacies to produce, or whether the ruling has any relevance to a pharmacy like Wegmans.  If you send the briefing and transcripts, we can review and get back to you on whether Wegmans' position changes.  If Express Scripts believes the July 28 ruling has any relevance to Wegmans, we see no reason for Express Scripts to withhold the very briefing that would help us to understand the scope of the ruling and its rationale.

Express Scripts also appears to be ignoring the obvious differences between Wegmans and the national pharmacies.  Unlike the national pharmacies, Wegmans has not engaged in party discovery in any opioid litigation and has produced no data.  And unlike the national pharmacies, Wegmans lacks the resources to compile extensive DUR files.  On June 2, in a good faith effort to help Express Scripts understand how Wegmans maintains its data, we provided you with two exemplar prescription records, including the cDUR and DUR fields, with an extensive discussion of what those prescriptions show and how Wegmans maintains and collected them.  As you know from the information we provided, collecting DUR information requires Wegmans to go through a manual, prescription by prescription process, which took approximately 15 minutes for each of the two exemplar prescriptions that we provided to you.  Notably, we have heard nothing from Express Scripts since sending you that information almost three months ago.  It is simply untenable to think Wegmans could even begin to comply with an order that was intended for the national pharmacies.

Once again, we reiterate our request for copies of the briefing and hearing transcript(s) that led up to Special Master Cohen's July 28 ruling so that Wegmans can understand the context and work with Express Scripts in good faith toward a resolution.

As for the "proposals" mentioned in your email regarding the "other categories," we will need to dig back through the history given the fact that we have heard nothing from you in many months and our prior communications (which last occurred in June) had focused on prescription data, which has been Express Scripts' stated focus during most of our conferral efforts.  We will respond regarding the other requests separately.

**Joshua M. Agins**
Partner
Hodgson Russ LLP

Tel:  585.454.0759
Fax:  585.423.5910

Hodgson Russ LLP

Twitter | LinkedIn | website | e-mail

1800 Bausch & Lomb Place |
Rochester, NY 14604

---

**From:** Anthony Alden <anthonyalden@quinnemanuel.com>
**Sent:** Tuesday, August 26, 2025 6:11 PM
**To:** Agins, Joshua <JAgins@hodgsonruss.com>
**Subject:** RE: Opioids: Wegmans Subpoena

**External Email - Use Caution**

---

Is Wegmans not going to produce the DUR data, as requested?

Can you also let me know Wegmans' position on the other categories we requested?
We made some proposals but don't think we heard back.

**Anthony P. Alden**
*Partner*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3159 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
anthonyalden@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Agins, Joshua <JAgins@hodgsonruss.com>
**Sent:** Tuesday, August 26, 2025 3:01 PM
**To:** Anthony Alden <anthonyalden@quinnemanuel.com>
**Subject:** RE: Opioids: Wegmans Subpoena

[EXTERNAL EMAIL from jagins@hodgsonruss.com]

Anthony,

Please send a copy of the briefing and any hearing transcripts leading up to Special Master Cohen's ruling.

Thanks,
Josh

**Joshua M. Agins**
Partner
Hodgson Russ LLP

Tel:  585.454.0759
Fax:  585.423.5910

Hodgson Russ LLP 

Twitter | LinkedIn | website | e-mail

1800 Bausch & Lomb Place |
Rochester, NY 14604

---

**From:** Anthony Alden <anthonyalden@quinnemanuel.com>
**Sent:** Tuesday, August 26, 2025 12:57 PM
**To:** Agins, Joshua <JAgins@hodgsonruss.com>
**Subject:** Opioids: Wegmans Subpoena

---

**External Email - Use Caution**

---

Hi Josh,

I just tried your line but got voicemail.  As I alluded to in my message, on July 28, 2025, Special Master Cohen in the MDL ordered Walgreens, CVS, and Walmart to produce their electronic DUR data records, including due diligence data, for all opioid prescriptions they dispensed in Monroe and St. Lawrence Counties, New York, including those paid by cash or adjudicated by PBMs other than Express Scripts and OptumRx. The Special Master ordered these productions to be made in response to substantially similar document requests to those contained in the PBM Defendants' subpoena to Wegmans.  On August 20, 2025, the Special Master denied these pharmacies' motion for clarification, and their right to object to the ruling has now passed.  I attach the Special Master's rulings for reference.

Having studied the sample data Wegmans made available only for viewing, Express Scripts asks that Wegmans produce DUR data consistent with the Special Master's July 28 and August 20 rulings.  Absent such confirmation, we intend to seek a corresponding ruling compelling Wegmans to do so.  If you would like to discuss the matter, please propose some times this week.

Thanks,
Anthony

**Anthony P. Alden**
*Partner*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3159 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
anthonyalden@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly

*This message may contain confidential information that is protected by the attorney-client privilege or otherwise. If you are not the intended recipient, you are notified that any disclosure, copying, or use of the contents of this message is strictly prohibited. If this message has been received by you in error, please notify the sender immediately by e-mail and delete the original message. Thank you.*

*This message may contain confidential information that is protected by the attorney-client privilege or otherwise. If you are not the intended recipient, you are notified that any disclosure, copying, or use of the contents of this message is strictly prohibited. If this message has been received by you in error, please notify the sender immediately by e-mail and delete the original message. Thank you.*

*This message may contain confidential information that is protected by the attorney-client privilege or otherwise. If you are not the intended recipient, you are notified that any disclosure, copying, or use of the contents of this message is strictly prohibited. If this message has been received by you in error, please notify the sender immediately by e-mail and delete the original message. Thank you.*

*This message may contain confidential information that is protected by the attorney-client privilege or otherwise. If you are not the intended recipient, you are notified that any disclosure, copying, or use of the contents of this message is strictly prohibited. If this message has been received by you in error, please notify the sender immediately by e-mail and delete the original message. Thank you.*

*This message may contain confidential information that is protected by the attorney-client privilege or otherwise. If you are not the intended recipient, you are notified that any disclosure, copying, or use of the contents of this message is strictly prohibited. If this message has been received by you in error, please notify the sender immediately by e-mail and delete the original message. Thank you.*

*This message may contain confidential information that is protected by the attorney-client privilege or otherwise. If you are not the intended recipient, you are notified that any disclosure, copying, or use of the contents of this message is strictly prohibited. If this message has been received by you in error, please notify the sender immediately by e-mail and delete the original message. Thank you.*

*This message may contain confidential information that is protected by the attorney-client privilege or otherwise. If you are not the intended recipient, you are notified that any disclosure, copying, or use of the contents of this message is strictly prohibited. If this message has been received by you in error, please notify the sender immediately by e-mail and delete the original message.*

*Thank you*.