UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) MDL 2804 ) ) Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO: | ) ) Judge Dan Aaron Polster |
| *PBM Bellwether Cases* | ) ) **ORDER REGARDING WEGMANS THIRD-PARTY DISCOVERY** ) ) |

The dispute between Wegmans Food Market, Inc. and the PBM Defendants which occasions this Order began in July of 2024 when the PBMs issued a third-party subpoena to Wegmans, a grocery chain that operates several pharmacies in and around Rochester, NY. After more than 17 months of negotiations, with little to no discovery actually produced by Wegmans, the PBMs appealed to the Special Master to resolve their disputes with the grocery chain.

On December 17, 2025, the Special Master formalized a discovery ruling he made to resolve the then long-standing dispute between the PBMs and Wegmans ("the Ruling"). Docket no. 6387. Wegmans filed its objection to the Ruling. Docket no. 6393. The PBMs filed a response. Docket no. 6403. The Ruling expressly disallowed a reply. *See* Ruling at 9. For the reasons below, the Court **OVERRULES** Wegmans' objection and **ADOPTS** the Special Master's Ruling in its entirety.

In his Ruling, the Special Master concluded that the documents and data sought by the PBMs are relevant "to causation and potential allocation of fault," *id.* at 3, and Wegmans' burden to produce the discovery "does not provide grounds for a ruling that Wegmans need not respond at all to a Request." *Id.* The Ruling also defined the geographic scope of production to be "Monroe

County, unless the parties clearly and explicitly agreed otherwise," *id.* at 4, and temporal scope to be "January 1, 1996, to the present for all of the requests" except as expressly noted in the Ruling's request-specific findings. *Id.* at 5. Finally, the Ruling made several request-specific findings that the Court does not reiterate here except for Request No. 2 in which the Special Master ruled that Wegmans need not respond with additional productions of Drug Utilization Review Data ("DUR Data") on the conditions that Wegmans: (1) take reasonable efforts to facilitate production of its DUR Data from McKesson; (2) not obstruct or delay the PBMs in their efforts to subpoena the DUR Data directly from Mckesson; and (3) work urgently and in good faith with the PBMs and McKesson to determine the best way for the DUR Data to be produced. *See* Ruling at 8–9.

In its objection, Wegmans argues that: (1) the geographic and temporal scope are overbroad, (2) much of the information sought is not relevant; and (3) requiring it to work with McKesson to facilitate production of its DUR Data amounts to a mandatory injunction.

"The Court reviews *de novo* objections to the Special Master's legal conclusions and will set aside a ruling on a procedural matter only for abuse of discretion." Docket no. 3545 at 3 (citing docket no. 69 at 5; Fed. R. Civ. P. 53(f)(5)). "Under Fed. R. Civ. P. 53(f)(5), where a party objects to a Special Master's ruling on a procedural matter, such as the scope of discovery . . ., the Court reviews the ruling only for abuse of discretion." *Ravin Crossbows, LLC v. Hunter's Mfg. Co.*, 2020 WL 7706257, at *2 (N.D. Ohio Dec. 29, 2020).

The geographic and temporal scope as defined by the Special Master in the Ruling are fully consistent with—and in several cases more narrowly tailored than—the scope of discovery this Court has historically permitted in every other bellwether case in the MDL. This is not an abuse of discretion.

Similarly, the Court easily finds the categories of data requested by the PBMs and permitted by the Ruling are relevant to the PBMs' defenses. The Court recognizes that there is a burden associated with the production of documents, but the Ruling carefully considers the burden on Wegmans, *see* Ruling at 3 ("the Special Master did take burden into account in the rulings set forth below, by narrowing the scope of what Wegmans must produce"), and the Court finds the burden does not outweigh the information's likely benefit.

Finally, requiring Wegmans to help facilitate, or at least not to actively sabotage, the production of ***its own data*** from McKesson does not amount to a mandatory injunction any more than any discovery order that demands a party produce documents within its custody or control. *See Flagg v. City of Detroit*, 252 F.R.D. 346, 353 (E.D. Mich. 2008) ("[A] request for production need not be confined to documents or other items in a party's possession, but instead may properly extend to items that are in that party's 'control.' The Sixth Circuit and other courts have held that documents are deemed to be within the 'control' of a party if it 'has the legal right to obtain the documents on demand,'") (quoting *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995)) (internal citations omitted).

Accordingly, the Court **OVERRULES** Wegmans' objection and **ADOPTS** the Special Master's Ruling in its entirety. Wegmans shall promptly comply with the Ruling and begin producing documents responsive to the PBMs' subpoena.

**IT IS SO ORDERED.**

 /s/ Dan Aaron Polster  January 15, 2026
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**