UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>**THIS DOCUMENT RELATES TO:**<br><br>*MSP Recovery Claims, Series LLC et al. v. Purdue Pharma L.P. et al.*, No. 1:18-op-45057<br><br>*MSPA Claims 1, LLC, et al. v. Anda, Inc., et al.*, No. 1:18-op-45526<br><br>*Series 17-03-615, a designated series of MSP Recovery Claims, Series LLC v. Par Pharmaceutical et al.*, No. 1:21-op-45079 | MDL No. 2804<br><br>Case No. 1:17-md-02804-DAP<br><br>Judge Dan Aaron Polster |

**STATEMENT BY MSP PLAINTIFFS ON ISSUE RULING FOUR REGARDING THE MOTION FOR LEAVE TO AMEND WITH RESPECT TO DEFENDANT PUBLIX**

Pursuant to *Issue Ruling Four* (Dkt. 6428), Plaintiffs MSP Recovery Claims, Series LLC, MSPA Claims 1, LLC, MAO-MSO Recovery II, LLC, and Series 17-03-615, a designated series of MSP Recovery Claims, Series LLC (collectively "MSP Plaintiffs"), hereby submit their Position Paper regarding the Motion for Leave to Amend with Respect to Defendant Publix as required by *Issue Ruling One*. (Dkt. 6306 at 11-12). MSP Plaintiffs further state that they met and conferred with counsel for Defendant Publix and the parties are at an impasse.

In accordance with the Court's *Amendment Order* (Dkt. 5455), MSP Plaintiffs, through the PEC, sought leave to amend their complaints to add several defendants, including Defendant Publix. *See* Amended Motion of Plaintiffs Seeking Leave to Add the Publix Defendants (Dkt. 6121); Exhibit 10 - Updated List of Plaintiffs (identifying MSP Plaintiffs) (Dkt. 6121-10). The MSP Plaintiffs submit that they have timely and properly sought leave to pursue third-party payor claims ("TPP") against the Defendants, including but not limited to, Defendant Publix. In addition

as set forth in the Motion for Leave (Dkt. 6121) and the PEC's Reply (Dkt. 6213), which are hereby adopted as if set forth herein, Plaintiffs presented defendant-specific factual allegations that Defendant Publix engaged in prohibited conduct. *See Issue Ruling Four* (Dkt. 6428, at 9-10).

Defendant Publix, however, takes the position that *Issue Ruling Four* required certain TPP claims to have alleged *plaintiff*-specific facts regarding specific prescriptions for specific patients. Publix is wrong. *Issue Ruling Four* required "***defendant***-specific allegations," not allegations related to "the nature of the moving ***plaintiff***." *Id.* at 8 (emphasis by the Court). *Issue Ruling Four* held that "when the Exemplar Complaint contains specific allegations of wrongful conduct by the proposed new defendant, the incorporation by reference of those allegations, combined with the basic factual allegations in plaintiffs' motion, is sufficient to satisfy the requirements of Rule 15." *Id.* at 7. The motion for leave to amend to add Publix did exactly this. It sought to supplement plaintiffs' allegations from the Exemplar Complaint *Cobb County v. Purdue Pharma LP*, 1:18-op-45817-DAP (Doc. #3787) (July 14, 2021), which included dozens of allegations about Publix's distributing and dispensing misconduct (*see* ¶¶ 460-502), combined with additional allegations in the motion itself (Dkt. 5570 at 3-7). The Court specifically identified the *Cobb County* complaint's defendant-specific sections as sufficient. *See* Dkt. 6428 at 8 n.7. *Issue Ruling Four* made clear that it was concerned with allegations of defendant-specific misconduct, not plaintiff-specific allegations, by holding that allegations that Lupin violated the CSA were sufficient and that the motion to amend to add Lupin would not be denied on this basis for *any* plaintiff. Dkt. 6428 at 7 n.6. To the extent Publix suggests TPP plaintiffs needed to allege something different, *Issue Ruling Four* considered and rejected that very argument. *See id.* at 8-9.

Moreover, on or about September 21, 2023, MSP Plaintiffs submitted their Amended TPP-PFS Chart to Special Master Cohen and the PEC (**Exhibit A**).  MSP Plaintiffs also uploaded their individual TPP Plaintiff Fact Sheets and supporting health care claims data to the Rawlings remote sFTP site on the same date.

Based on the foregoing, the MSP Plaintiffs respectfully submit that Defendant Publix was sufficiently placed on notice of the claims and allegations against it and *Issue Ruling Four* does not compel the denial of MSP Plaintiffs' motion for leave as to Defendant Publix.

Dated: March 5, 2026

Respectfully submitted,

*/s/ Janpaul Portal*
Janpaul Portal, Esq.
Fla. Bar No. 0567264
**MSP RECOVERY LAW FIRM**
3525 Northwest 7th Street
Miami, FL 33125
T: (305) 614-2222
jportal@msprecoverylawfirm.com
serve@msprecoverylawfirm.com

*Attorneys for Plaintiffs MSP Recovery Claims, Series LLC, MSPA Claims 1, LLC, MAO-MSO Recovery II, LLC, and Series 17-03-615, a designated series of MSP Recovery Claims, Series LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2026, I electronically file the foregoing document with the Clerk of the United States District Court, Northern District of Ohio. The electronic case filing system (CM/ECF) will send a Notice of Electronic Filing (NEF) to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Janpaul Portal*
Janpaul Portal, Esq.