**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | ) | **MDL 2804** |
| | ) | |
| | ) | **Case No. 1:17-md-2804** |
| **THIS DOCUMENT RELATES TO:** | ) | |
| | ) | **Judge Dan Aaron Polster** |
| *Saint Elizabeth Medical Center, Inc. d/b/a St. Elizabeth Healthcare v. AmerisourceBergen Drug Corporation, et al.; Case No. 18-op-46046* | ) | |
| | ) | **ORDER REGARDING ZIP CODE DATA PRODUCTION** |
| | ) | |
| | ) | |

Before the Court is St Elizabeth Hospital's Objection and/or Request for Modifications to the Special Master's Report and Recommendation (R&R) Concerning Five Digit Zip Codes. Docket no. 6575 ("Objection"); docket no. 6561 ("Ruling"). The Pharmacy Defendants filed an Opposition. Docket no. 6585. For the following reasons, the Court **OVERRULES** St. Elizabeth's Objection and **ADOPTS** the Special Master's Ruling.

The Court reviews the Special Master's discovery rulings regarding the scope of discovery for abuse of discretion. *See* Docket no. 6492 (citing docket no. 6410).

In his Ruling, the Special Master gave St. Elizabeth two options.  It could: (1) produce full patient zip codes in its claims data, prescribing data, and dispensing data; or (2) stipulate that it would not seek to introduce or otherwise rely on any information or analysis based on Plaintiff's or Defendant's patient zip code data at trial. *Id.* The Special Master also ordered St. Elizabeth to notify Defendants which option it had chosen within three days of his Ruling.

St. Elizabeth has not yet chosen either of the options afforded by the Special Master's Ruling but filed the present objection. St. Elizabeth's main argument is that producing five-digit zip codes would run afoul of HIPAA privacy considerations pertinent to its handling of acute care

hospital data. St. Elizabeth also contends it is unnecessary to produce the five-digit zip codes, it was not permitted to challenge the Court's prior rulings related to five-digit zip code production, and there are alternatives to producing the five-digit zip codes.

As noted in the Special Master's Ruling, since the beginning of this MDL, the Court has required Defendants to produce five-digit zip codes in all their data productions. The five-digit zip codes were less revealing than a patient's street address and provided some protection in accord with HIPAA. The Court has also issued numerous protective orders to further ensure that patient health information is protected under HIPAA.  As pointed out by Defendants, the Court has already entered a qualified protective order meeting the requirements of 45 C.F.R. § 164.512(e).  Docket no. 441 at 32-34.  Thus, if St. Elizabeth decides to produce the five-digit zip codes, this information will be protected by the Court's prior order.

St. Elizabeth argues that the Court should modify its standard order requiring production of five-digit zip codes because St. Elizabeth is a covered entity under HIPAA and because the threat of patient identification is greater here due to the rural areas involved in this litigation. While these concerns may be valid, St. Elizabeth's objection side-steps the fact that the Special Master's Ruling gave it an option of not producing its patients' five-digit zip codes. St. Elizabeth's objection may signal that it is hoping to use the five-digit zip code information produced by Defendants while not wanting to produce such information itself. Such a result would be unfair. The Special Master's Ruling struck a balance — St. Elizabeth could avoid producing the five-digit zip code data but must stipulate to not using the five-digit zip code data produced by Defendants. The Ruling did not abuse the Special Master's discretion in resolving the parties' discovery dispute.

3

Accordingly, St. Elizabeth's Objection is **OVERRULED** and the Special Master's Ruling is **ADOPTED**. St. Elizabeth must notify the Pharmacy Defendants which of the two options it chooses within three days of this order.

    **IT IS SO ORDERED.**

          **/s/ Dan Aaron Polster May 28, 2026**
          **DAN AARON POLSTER**
          **UNITED STATES DISTRICT JUDGE**