**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | ) ) ) ) ) ) ) | **CASE NO. 1:17-MD-2804** |
| | | **JUDGE POLSTER** |
| | | **"REMINDER" ORDER REGARDING THIRD-PARTY CONTINGENT LITIGATION FINANCING** |

Early in this MDL, the Court entered an "Order Regarding Third-Party Contingent Litigation Financing." *See* docket no. 383 ("*3PCL Order*") (May 7, 2018). Among other things, this *3PCL Order* imposed a ***continuing duty*** on ***all*** counsel who represent any party in any MDL case to submit certain information to the Court regarding the use of third-party contingent litigation financing.

Because counsel may have forgotten about this *3PCL Order*, and because many new counsel have appeared in the MDL over the past eight years, the Court now reminds all of them of this obligation. The language of the original *3PCL Order* is set out again below.

\*     \*     \*     \*     \*

It has come to the Court's attention that there may be attorneys who represent parties in cases transferred to this MDL Court ("MDL Cases") who have obtained (or are contemplating) third-party contingent litigation financing in connection with those MDL Cases.  By "third-party contingent litigation financing" ("3PCL financing"), the Court refers to any agreement under which any person, other than an attorney permitted to charge a contingent fee representing a party, has a right to receive

compensation that is contingent on and sourced from any proceeds of an MDL Case, by settlement, judgment, or otherwise.[1]

The Court now **ORDERS** that any attorney in any MDL Case that has obtained 3PCL financing shall:

• share a copy of this Order with any lender or potential lender.

• submit to the Court *ex parte*, for in camera review, the following: (A) a letter identifying and briefly describing the 3PCL financing; and (B) two sworn affirmations – one from counsel and one from the lender – that the 3PCL  financing does not: (1) create any conflict of interest for counsel, (2) undermine counsel's obligation of vigorous advocacy, (3) affect counsel's independent professional judgment, (4) give to the lender any control over litigation strategy or settlement decisions, or (5) affect party control of settlement.

The Court further **ORDERS** that attorneys in MDL Cases have a continuing duty to inform the Court if they obtain new or additional 3PCL financing during the pendency of MDL proceedings, and have a continuing duty to update their disclosures and affirmations if circumstances change during the pendency of the MDL proceedings.  The Court will deem unenforceable any 3PCL financing agreements that are not compliant with this Order.  Further, any attorney or lender whose affirmations prove to be untrue will be subject to sanction by the Court.

Absent extraordinary circumstances, the Court will not allow discovery into 3PCL  financing. *See Lambeth Magnetic Structures, LLC v. Seagate Tech. (US) Holdings, Inc*., 2018 WL 466045 at *5 (W.D. Pa. Jan. 18, 2018) (holding the work-product doctrine shields discovery of 3PCL

---

[1] "Third-party litigation financing" does not include subrogation interests, such as the rights of medical insurers to recover from a successful personal-injury plaintiff.

2

financing).

**IT IS SO ORDERED.**

/s/ *Dan Aaron Polster*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

**Dated:** May 29, 2026