**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | ) | **MDL 2804** |
| | ) | |
| | ) | **Case No. 1:17-md-2804** |
| **THIS DOCUMENT RELATES TO:** | ) | |
| | ) | **Judge Dan Aaron Polster** |
| *All Cases* | ) | |
| | ) | **ORDER REGARDING PLAINTIFFS' MOTIONS FOR LEAVE TO AMEND** |
| | ) | |
| | ) | |

For a few years, during various status conferences, the PEC inquired whether the Court would be willing to lift its moratorium and allow plaintiffs to amend their complaints. *See, e.g.,* docket no. 5598 at 21, n.14 ("[D]uring several status conferences over the years, the PEC regularly (if informally) took the Court's temperature on lifting its moratorium to permit MDL plaintiffs to move to [amend their] complaints."). On May 23, 2024, in response to a formal motion by the PEC, the Court initiated a process that would finally and firmly fix the defendants that would be named in each MDL case. Docket no. 5455 ("Final Amendment Order"). The Court made clear this process would provide plaintiffs their "final opportunity to amend their complaints." Final Amendment Order at 2. The Final Amendment Order directed that, "[f]or each defendant the PEC wishes to add to any case, the PEC shall file a ***single*** motion to amend the complaints of ***all*** plaintiffs who wish to add that defendant." *Id.* at 1 (emphasis in original). Ultimately, the PEC filed 14 defendant-specific motions for leave to amend ("MLAs").

Since issuing the Final Amendment Order, the Court has received thousands of pages of briefing on every conceivable issue pertaining to whether the Court should grant or deny plaintiffs' MLAs. *See* Issue Ruling One at 13–14 (providing a chart of all the substantive briefs). To resolve

each of the many issues raised, the Court released a series of six "Issue Rulings." *See* docket nos. 6303 ("Issue Ruling One"); 6379 ("Issue Ruling Two"); 6418 ("Issue Ruling Three"); 6428 ("Issue Ruling Four");[1] 6553 ("Issue Ruling Five"); 6599 ("Issue Ruling Six"). These Issue Rulings resolved, one by one, every argument raised by any defendant against granting plaintiffs' MLAs.

In its final Issue Ruling, the Court directed the parties to apply all of its Issue Rulings to the pending MLAs and report back to the Court on which motions: (a) the parties agreed should be denied (or withdrawn), (b) the parties agreed should be granted, and (c) the parties could not agree and thus required a definitive ruling by the Court. *See* Issue Ruling Six at 10. On July 17, 2026, the parties filed their joint Report. Docket no. 6636 ("Report"). In the Report, the parties broadly describe three groups into which the defendants named in the 14 MLAs fall: (1) defendants as to which every plaintiff has withdrawn from the MLA seeking to add that defendant; (2) defendants that are actively and productively engaged in settlement discussions with the PEC; and (3) defendants that some plaintiffs still seek to add and that are not actively engaged in settlement discussions with the PEC. The Court discusses each group in turn.

The first group consists of those defendants as to which every plaintiff has withdrawn from the MLA. This group consists of four defendants: (1) Alvogen, (2) Costco, (3) Target, and (4) Tris Pharma. *See* Report at 2. Because there are no longer any plaintiffs seeking to add any of these defendants, these motions are all **DENIED** as moot.[2]

The second group consists of defendants who are actively and productively engaged in a resolution process with the PEC; their settlement discussions are at various stages, ranging from

---

[1] Issue Ruling Four is currently the subject of a motion for reconsideration filed by the PEC. *See* docket no. 6477. The Court also addresses this motion below.

[2] Those motions are docket nos. 5550 (Alvogen) (already ruled moot, *see* docket no. 6532); 5568 (Costco); 5571 (Target); 5554 (Tris Pharma).

nearly finalized to making progress. *See* Report at 2–3. This group consists of seven defendants: (1) Aurolife, (2) Albertsons, (3) Discount Drug Mart, (4) Lupin, (5) Winn-Dixie, (6) Ahold Delhaize, and (7) KVK-Tech. The parties jointly request that the Court hold the relevant MLAs in abeyance and allow settlement discussions to continue.[3] Full resolution would cause these MLAs to become moot. Accordingly, the Court grants the parties' joint request to have these group two MLAs **HELD IN ABEYANCE**.[4] These parties should promptly notify the Court when and if they reach full settlement or instead finally conclude they cannot do so.

Last, the third group consists of defendants that some plaintiffs still seek to add to their case and that are not actively pursuing settlement with the PEC. These MLAs require a ruling on the merits. This group consists of three defendants: the two PBMs, (1) OptumRx and (2) Express Scripts; and (3) Publix. Publix is somewhat differently situated than the two PBMs. The Court first addresses the good-cause showing common to all three defendants and then turns to Publix and the PBMs in turn.

Through its six Issue Rulings, the Court resolved each issue raised by defendants in the negative. That is, the Court carefully analyzed each issue and determined whether it provided a basis to deny an MLA; the Court necessarily reserved affirmatively ***granting*** any MLA until after it determined conclusively that there existed no issue warranting ***denial*** of any plaintiff's motion.

As this process unfolded, plaintiffs did not wait for the Court to release its very last Issue Ruling; rather, when the Court released an Issue Ruling that forecast an eventual formal denial of

---

[3] As mentioned in footnote 1, there remains a pending motion for reconsideration of Issue Ruling Four. Docket no. 6477. For the reasons provided in footnote 2 of the Report, the parties also jointly ask that the Court hold off on ruling on the PEC's motion for reconsideration. Any such ruling would affect only this second group of defendants. Accordingly, the Court will also hold in abeyance its ruling on the PEC's motion for reconsideration until the parties' settlement efforts are final.

[4] Those motions are docket nos. 5551 (Aurolife); 5567 (Albertsons); 5569 (Discount Drug Mart); 5553 (Lupin); 5572 (Winn-Dixie); 5566 (Ahold Delhaize); 5552 (KVK-Tech).

a plaintiff's motion, that plaintiff voluntarily withdrew from the respective omnibus MLA. *See, e.g.,* Report at Exhibit 2A–2M (listing thousands of plaintiffs withdrawing from the various motions).[5] Thus, the only plaintiffs with MLAs still pending are those where the Court has concluded, via the six Issue Rulings, that there is no basis for denial of the MLA. Put differently, the Court understands there are no remaining MLA plaintiffs that: (1) still seek leave to add the PBMs or Publix; and (2) against which the Court has resolved any issue in favor of denial. *See* Report at 3 ("Publix does *not* contend that the Court's issue rulings dictate that the 5 pending plaintiffs' MLAs against it must be denied") (emphasis in original); *id.* at 5 ("the PBMs acknowledge that the Court's issue rulings, standing alone, do not require *denial* of any pending MLAs.") (emphasis in original).

Because the Court has resolved none of the group three defendants' arguments in favor of denying any remaining plaintiffs' motion, the Court concludes there is good cause to grant the respective motions. Throughout its Issue Ruling process, the Court has decided, among many other things, that: (1) each of the now-remaining plaintiffs has been diligent; and (2) the defendants will not be unduly prejudiced if the plaintiff's particular motion is granted. *See* Issue Ruling One at 5 ("Courts consider two principal factors in assessing 'good cause': the diligence of the party seeking leave to amend and undue prejudice to the opposing side.") (citing *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005)).

Accordingly, the Court concludes that each of the remaining plaintiffs has demonstrated good cause and their motion for leave to amend should be **GRANTED**. *See id.* at 7 ("Under Rule

[5] The Court notes for completeness that the charts provided in Exhibits 2A–2M do not provide the reason for a plaintiff's withdrawal. The Court recognizes that its issuance of a Ruling that would work to deny a plaintiff's motion based on the specific factual circumstances present in that individual case was just one of many possible reasons a plaintiff might choose to withdraw from an MLA.

15, a 'court should freely give leave [to amend] when justice so requires.'") (quoting Fed. R. Civ. P. 15(a)(2)).

The Court now turns to the differently situated defendants in group three. Publix is currently "out" of the MDL. That is, there are no active MDL cases in which Publix is a named defendant. But there are five MDL cases seeking to add Publix that, with the instant ruling, bring Publix back "in" to the MDL.

As cited above, Publix concedes that none of the Issue Rulings provide a basis to deny any plaintiff's motion for leave to amend. *See* Report at 3. In Publix's view, however, the best procedure to handle the five plaintiffs with MLAs would be to deny their motions and let them refile their complaints in a different court in an appropriate jurisdiction. The PEC responds that the better procedure would be to grant the MLA in favor of the five plaintiffs and allow Publix the option of either: (1) attempting to resolve its cases within the structure of the MDL, or (2) asking the Court to remand (or suggest remand of) each of the five cases to the appropriate venue. Publix could then seek to resolve the cases however it sees fit.

The Court agrees with the PEC's proposed approach. As Publix points out, the Court recently transferred the last remaining active Publix case out of the MDL. *See* Case no. 23-op-45004, docket no. 4 (transferring venue of last active case naming Publix to the Middle District of Tennessee). The Court can, if Publix so requests, simply do the same for these five "new" Publix cases. To that end, the Court will shortly schedule a status conference with counsel for Publix and the plaintiffs in these five cases to determine how they would like to proceed.

Accordingly, MLAs in the five cases identified in Exhibit 1H seeking to add Publix are **GRANTED**.[6]

---

[6] The motion is docket no. 5570.

The two PBM Defendants are distinct from Publix in that there is active bellwether litigation in the MDL against the PBMs. But this is a distinction without a difference as measured by the standard for granting an MLA; the general good-cause analysis set forth above applies with equal force.

In the Report, the PBMs again voice their objection to the Court's process. *See* Report at 5–7; *but see* Issue Ruling 6 at 10, n.8 ("The Court understands that PBMs, and possibly other defendants, object to the Final Amendment Process. The Court acknowledges that a defendant does not waive this objection by engaging in the Ruling-application and reporting process required here."). Those objections are noted for the record but remain overruled. "Having carefully considered the defendants' concerns, the Court remains convinced that the Final Amendment Process is fair, reasonable, appropriate, and begets no prejudice." Issue Ruling Six at 9.

Accordingly, the MLAs of each of the plaintiffs identified in Exhibits 1L (Express Scripts) and 1M (OptumRx) are **GRANTED**.[7]

Finally, there are two additional issues raised in the Report that the Court addresses briefly. First, as mentioned above, the Report contains two exhibits. Exhibit 1 (1A–1M) lists plaintiffs who maintain their MLA with respect to the corresponding defendant. Exhibit 2 lists plaintiffs who have withdrawn from the corresponding MLA. For the avoidance of doubt, in case the Court has not clearly already so ruled, the motions for leave to amend of the withdrawing plaintiffs identified in any of the Exhibit 2s (2A–2M) are hereby **DENIED** as moot.

Second, the PEC now proposes the Court adopt a procedure that will require each amending plaintiff to file a short-form complaint. The PBM Defendants request that, if the Court adopts the

[7] Those motions are docket nos. 5548 (Express Scripts); 5547 (OptumRx).

PEC proposal, they be provided an opportunity to participate in the development and drafting of the short-form complaint. On this matter, the Court **ORDERS** as follows:

The PEC shall, as soon as reasonably possible, draft a proposed short-form complaint and share it with the PBM Defendants and Publix. The parties shall then meet and confer and attempt to reach agreement on the substance and content of the proposed short form complaint.

If the parties reach agreement, they shall, **by September 25, 2026,** at the latest (and earlier if possible), jointly submit a proposed order for the short-form complaint, and the Court will review and likely adopt it.

If the parties cannot reach full agreement, then on **October 9, 2026**: (1) the PEC shall file its proposed short form complaint, identify points of disagreement, and set forth its positions on those points; and (2) the PBM Defendants and Publix shall simultaneously file a brief identifying the points of disagreement, set forth its positions on those points, and offer counterproposals.

The Court will then consider the parties' positions and issue an order.

**IT IS SO ORDERED.**

**/s/ Dan Aaron Polster_July 27, 2026_**
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**