**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | ) | **MDL 2804** |
| | ) | **Case No. 1:17-md-2804** |
| **THIS DOCUMENT RELATES TO:** | ) | **Judge Dan Aaron Polster** |
| *ALL THIRD PARTY PAYOR ACTIONS* | ) | |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THIRD PARTY PAYOR PLAINTIFFS' MOTION FOR: (1) FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH ALLERGAN, JANSSEN, TEVA, AND SETTLING PHARMACIES; AND (2) AWARD OF ATTORNEYS' FEES AND EXPENSES AND SETTLEMENT CLASS REPRESENTATIVE SERVICE AWARDS**

## TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................... 1

I. POSITIVE RESPONSE FROM TPP SETTLEMENT CLASS MEMBERS ...................... 1

II. TPP CLASS NOTICE RESULTS ........................................................................ 3

III. CLASS REPRESENTATIVE SERVICE AWARDS ........................................................ 3

IV. ATTORNEYS' FEES AND EXPENSES ............................................................. 4

V. CONCLUSION ............................................................................................... 4

## TABLE OF AUTHORITIES

### CASES

*Gresky v. Checker Notions Co.*,
2022 WL 3700739 (N.D. Ohio Aug. 26, 2022) .......... 3

*In re E. Palestine Train Derailment*,
2024 WL 4367524 (N.D. Ohio Sept. 27, 2024) .......... 2

*In re Transpacific Passenger Air Transp. Antitrust Litig.*,
2018 WL 6267840 (N.D. Cal. Sept. 24, 2018) .......... 2

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*,
2019 WL 2077847 (N.D. Cal. May 10, 2019) .......... 2

### STATUTES, RULES, AND REGULATIONS

Federal Rules of Civil Procedure
Rule 23(e) .......... 3

## MEMORANDUM OF POINTS AND AUTHORITIES

Third Party Payor Plaintiffs and Settlement Class Representatives Cleveland Bakers and Teamsters Health and Welfare Fund; Pipe Fitters Local Union No. 120 Insurance Fund; Pioneer Telephone Cooperative, Inc. Employee Benefits Plan; American Federation of State, County and Municipal Employees District Council 37 Health & Security Plan; Louisiana Assessors' Insurance Fund; United Food and Commercial Workers Health and Welfare Fund of Northeastern Pennsylvania; and Sheet Metal Workers Local No. 25 Health & Welfare Fund ("Settlement Class Representatives" or "TPP Plaintiffs"), on behalf of themselves and the proposed Settlement Class[1] they represent, respectfully submit this Reply Memorandum of Points and Authorities in Support of Third Party Payor Plaintiffs' Motion for: (1) Final Approval of Class Action Settlement with Allergan, Janssen, Teva, and Settling Pharmacies; and (2) Award of Attorneys' Fees and Expenses and Settlement Class Representative Service Awards (ECF 6648) ("Motion").

## I. POSITIVE RESPONSE FROM TPP SETTLEMENT CLASS MEMBERS

August 13, 2026 was the deadline for TPP Settlement Class members to request exclusion from or object to the Settlements. Of the over 40,000 Class members who received notice, none submitted timely exclusion requests or objections. *See* Interim Settlement Class Counsel's Opt-Out Report, ECF 6685. On August 12, 2026, Donald E. Haviland, Jr., Esq., of the firm Haviland Hughes, submitted an email to the opt out email address purporting to opt out numerous putative class members. The submission consisted of a single, combined opt-out form listing

[1] Unless otherwise noted, capitalized terms herein have the definitions set forth in the four "Settlement Agreements." *See* ECF 6600-2 (Class Action Settlement Agreement among Third Party Payors and the Allergan Defendants), 6600-3 (Class Action Settlement Agreement among Third Party Payors and the Janssen Defendants), 6600-4 (Class Action Settlement Agreement among Third Party Payors and the Teva Defendants), and 6600-5 (Class Action Settlement Agreement among Third Party Payors and CVS, Walgreens, and Walmart Defendants).

approximately 74 putative third party payor Class members and signed by counsel, in violation of the Court's Amended Preliminary Approval Orders and the Settlement Agreements which require individual opt-outs forms signed by entity representatives. On August 28, 2026, Defendants filed Settling Defendant's Expedited Motion to Strike Improper Opt-Out Request ("Motion to Strike"). ECF 6698. On September 4, 2026, the self-styled "TPP Opt Outs" filed a Motion for Approval of Opt Outs from TPP Class Action Settlement, or in the Alternative, for Leave to File Late Objections ("Motion for Approval"). ECF 6710. Several replies followed. ECF 6711-6713.

On September 10, 2026, this Court granted Settling Defendants' Motion to Strike the untimely "mass" opt outs. ECF 6714. The Court also denied the Movants' Motion for Approval, including their request for leave to file late objections. *Id.* As such, there are no opt-outs to these Settlements, and no Class member has filed timely objections.

The absence of any timely exclusions or objections by Class members is persuasive evidence that TPP Settlement Class members overwhelmingly favor the proposed settlements; take no issue with the fairness and adequacy of the proposed settlements; and approve of Interim Settlement Class Counsel's requests for reasonable attorneys' fees, expenses, and Class Representative service awards. *See, e.g.*, *In re E. Palestine Train Derailment*, 2024 WL 4367524, at *2 (N.D. Ohio Sept. 27, 2024) (granting final approval to class settlement where .083% opted out and only 84 individuals objected out of class of 463,271); *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2019 WL 2077847, at *3 (N.D. Cal. May 10, 2019) ("The small number of objections and opt outs supports that the settlement and plan of allocation are fair, reasonable, and adequate."); *In re Transpacific Passenger Air Transp. Antitrust Litig.*, 2018 WL 6267840, at *4 (N.D. Cal. Sept. 24, 2018) (noting that low objection and opt-out rates may "alone suggest[] that the settlements are fair"). The "inclusion rate of over 99% is

exceptional." *Gresky v. Checker Notions Co.*, 2022 WL 3700739, at *6 (N.D. Ohio Aug. 26, 2022). Here, the inclusion rate is 100%.

## II. TPP CLASS NOTICE RESULTS

Pursuant to the Amended Orders Granting TPP Plaintiffs' Motion for (1) Preliminary Approval of Class Action Settlement and (2) Direction of Notice Under Federal Rule of Civil Procedure 23(e) (ECF 6607 (Allergan), 6608 (Janssen), 6609 (Teva), and 6610 (Settling Pharmacies)), Interim Settlement Class Counsel on July 13, 2026, filed with the Court proof of dissemination of the Notice to Settlement Class Members (ECF 6630). As detailed in the Declaration of Michael J. Heuring Regarding Dissemination of Notice (ECF 6630-1), A.B. Data timely completed the Court-approved notice program by the notice date of June 29, 2026. A.B. Data mailed the Postcard Notice to 43,154 entities in its TPP Database, sent 1,589 emails to TPPs and their representatives with available email addresses, caused digital banner ads to appear on certain websites, disseminated a press release version of the Notice via *PR Newswire*, maintained the settlement website (www.TPPOpioidSettlement.com), and operated a case-specific, toll-free telephone number with an interactive voice response system and live operators. *See* ECF 6630-1.

The Court-approved notice program, as implemented by A.B. Data, satisfies due process and gave ample opportunity for TPPs to decide whether to opt out or object to the Settlement by the August 13, 2026 deadline. *See* ECF 6714 at 3.

## III. CLASS REPRESENTATIVE SERVICE AWARDS

Interim Settlement Class Counsel has requested the Court grant $50,000 service awards to each of the four Class Representatives that are TPP Bellwether Plaintiffs, and service awards of $10,000 for each of the three other Class Representatives, in recognition of their service and activities as bellwethers, named plaintiffs, and Class Representatives on behalf of TPPs in this MDL. There has been no objection to such awards.

## IV. ATTORNEYS' FEES AND EXPENSES

Interim Settlement Class Counsel has requested that the Court award attorneys' fees of up to 20% of the $180 million Settlement Funds (that is, fees of up to $36 million), with this application inclusive of the common benefit assessment due under the Court's common benefit-related Orders, which shall be allocated by the Fee Panel, plus all reimbursable expenses and service awards. The fee award net of the common benefit assessment shall be allocated by Co-Lead Settlement Class Counsel to firms actively litigating on behalf of the TPP Settlement Class, with any appeals to such allocation going to Special Master Cohen.

Interim Settlement Class Counsel also request reimbursement of out-of-pocket TPP-related expenses that have been advanced and incurred, without reimbursement to date, by Interim Settlement Class Counsel, TPP bellwether counsel, and counsel working for the benefit of TPPs in this MDL. As explained in the Motion, Interim Settlement Class Counsel and counsel working for the benefit of TPPs in this MDL have incurred expenses in an amount not to exceed $1,570,205.89 while prosecuting this case on behalf of the Settlement Class. These expenses have included, for example, expert costs, eDiscovery database hosting, data vendor costs, filing fees, telephone and messenger charges, and online legal research.

There has been no objection to such awards, reimbursement, or allocation.

## V. CONCLUSION

For the reasons stated above and in their Motion, TPP Plaintiffs ask the Court to approve this proposed class action settlement, including the requested attorneys' fees, expenses and costs, and settlement class representative service awards.

**Certificate of Compliance with Local Rule 7.1(f)**

Pursuant to Local Rule 7.1(f), the undersigned hereby certifies that this Reply Memorandum of Points and Authorities in Support of Third Party Payor Plaintiffs' Motion for: (1) Final Approval of Class Action Settlement with Allergan, Janssen, Teva, and Settling Pharmacies; and (2) Award of Attorneys' Fees and Expenses and Settlement Class Representative Service Award complies with the page limitations established for briefs in complex track cases.

DATED: September 14, 2026

Respectfully submitted

By: */s/ Mark J. Dearman*

Paul J. Geller
Mark J. Dearman
**ROBBINS GELLER RUDMAN & DOWD LLP**
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL 33432
Telephone: (561) 750 3000
pgeller@rgrdlaw.com
mdearman@rgrdlaw.com

*Interim Co-Lead Settlement Class Counsel; Counsel for Cleveland Bakers and Teamsters Health and Welfare Fund, and Pipe Fitters Local Union No. 120 Insurance Fund*

By: */s/ Elizabeth J. Cabraser*

Elizabeth J. Cabraser
Eric B. Fastiff
**LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
ecabraser@lchb.com
efastiff@lchb.com

*Interim Co-Lead Settlement Class Counsel; Counsel for Pioneer Telephone Cooperative, Inc. Employee Benefits Plan, and American Federation of State, County and Municipal Employees District Council 37 Health & Security Plan*

By: */s/ James R. Dugan, II*
James R. Dugan, II
**THE DUGAN LAW FIRM, PC**
One Canal Place, Suite 1000
New Orleans, LA 70130
jdugan@dugan-lawfirm.com

*Interim Co-Lead Settlement Class Counsel; Third Party Payor PEC Representative; Counsel for United Food and Commercial Workers Health and Welfare Fund of Northeastern Pennsylvania, and Sheet Metal Workers Local No. 25 Health and Welfare Fund*

Jayne Conroy
**SIMMONS HANLY CONROY**
112 Madison Avenue, 7th Floor
New York, NY 10016
Telephone: (212) 784-6400
jconroy@simmonsfirm.com

Paul T. Farrell, Jr., Esq.
**FARRELL & FULLER LLC**
270 Munoz Rivera Avenue, Suite 201
San Juan, PR 00918
Telephone: (304) 654-8281
paul@farrelfuller.com

*Plaintiffs' Co-Lead Counsel*

Peter H. Weinberger (0022076)
**SPANGENBERG SHIBLEY & LIBER**
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
Telephone: (216) 696-3232
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 14, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court's CM/ECF system.

By: */s/ Mark J. Dearman*
Mark J. Dearman