**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | ) ) | **CASE NO. 1:17-MD-2804** |
| | ) | **JUDGE POLSTER** |
| **This Document Relates to:** ***"PBM Bellwether Cases"*** | ) ) | |
| | ) ) ) ) | **ORDER DENYING OPTUMHEALTH DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

In March of 2024, the following nine related defendants in the two PBM bellwether cases moved to dismiss for lack of personal jurisdiction: (1) UnitedHealth Group Incorporated (UHG), (2) Optum, Inc.; (3) OptumInsight, Inc.; (4) OptumInsight Life Sciences, Inc.; (5) OptumRx Discount Card Services, LLC; (6) Optum Perks, LLC; (7) OptumHealth Care Solutions, LLC; (8) OptumHealth Holdings, LLC; and (9) Optum Health Networks, Inc. *See* MDL docket nos. 5368 (Track 12) and 6128 (Track 22). Before the Court ruled on this motion, plaintiffs voluntarily dismissed all but the "OptumInsight Defendants" (listed at numbers 3 and 4 above). The Court then denied the motion. *See Jurisdiction Order* (docket no. 6235).

Later, pursuant to stipulation and this Court's Order, the "OptumHealth Defendants" (listed at numbers 7, 8, and 9 above) were reinstated as defendants. *See* MDL docket no. 6579. The OptumHealth Defendants thus rejoined OptumRx, Inc., which had been a defendant from the start and never challenged personal jurisdiction.

Having been reinstated, the three OptumHealth Defendants now move again to dismiss for

lack of personal jurisdiction. Docket no. 6631. As explained below, the OptumHealth Defendants argue that the Court's earlier *Jurisdiction Order* does not apply. The Court disagrees. Accordingly, for the reasons set out below and in the *Jurisdiction Order*, the OptumHealth Defendants' motion to dismiss for lack of personal jurisdiction is **DENIED**.

* * * * *

The Court's logic in its *Jurisdiction Order* was straightforward. The building blocks of the Court's decision were as follows:

(1) Plaintiffs alleged, among other claims, that the Optum defendants all conspired to violate the civil RICO statute, 18 U.S.C. § 1961 *et seq.* (*See Jurisdiction Order* at 1.)

(2) The Court has undisputed personal jurisdiction over OptumRx, Inc. (*See Jurisdiction Order* at 4.)

(3) Under Sixth Circuit precedent, "[w]hen a plaintiff brings a civil RICO action in a district court where personal jurisdiction can be established over at least one defendant, nationwide summonses can be served on other defendants ***if required by the ends of justice***." *Peters Broadcast Engineering, Inc. v. 24 Capital, LLC*, 40 F.4th 432, 440 (6th Cir. 2022) (emphasis added). (*See Jurisdiction Order* at 4.)[1]

(4) Examining the relevant factors, "the ends of justice are served by exercising personal jurisdiction over the [moving] Defendants." (*See Jurisdiction Order* at 6.) Accordingly, "the Court can assert personal jurisdiction over the moving Defendants with respect to Plaintiffs' RICO claims." (*See Jurisdiction Order* at 9.)

(5) Plaintiffs' RICO claims and state law claims arise out of a common nucleus of operative facts; accordingly, the Court can and does also exercise pendent claim personal jurisdiction over the moving Defendants with respect to Plaintiffs' state-law claims. (*See Jurisdiction Order* at 6.)

With their instant motion, the three OptumHealth Defendants reassert several positions that the nine Optum defendants originally advanced in their earlier motion to dismiss, and which the

---

[1] Further, "[u]nder Federal Rule of Civil Procedure 4(k)(1)(C), '[s]erving a summons or filing a waiver of service establishes personal jurisdiction over a defendant . . . when authorized by a federal statute.'" *Peters*, 40 F.4th at 438. (*See Jurisdiction Order* at 3.)

Court rejected in its *Jurisdiction Order*. For example, the OptumHealth Defendants again assert that: (A) plaintiffs' complaints contain "improper group pleading," motion at 1; compare *Jurisdiction Order* at 7-9 ( holding that, "where multiple defendants are alleged to have engaged in the same pattern of conduct or conspired in a fraudulent scheme," a plaintiff need not "reiterate its allegations against each defendant individually," quoting *In re Opiate Litig.*, 2019 WL 2468267, at *13); and (B) pendent claim personal jurisdiction is not recognized in the Sixth Circuit, *see* motion at 14 (acknowledging that "th[is] Court disagreed . . . before" with defendants' assertion that pendent claim personal jurisdiction is unavailable, *see Jurisdiction Order* at 9-13, and "reserv[ing] the[] right to argue on appeal that pendent claim personal jurisdiction does not exist"). As to these arguments and all others that the OptumHealth Defendants simply reassert, the Court rejects them for the same reasons it did in its *Jurisdiction Order*, which it incorporates here by reference.

There is one argument made by the OptumHealth Defendants in their current motion, however, that is not simply a reassertion of an argument the nine Optum defendants made earlier. Specifically, the OptumHealth Defendants point to this Court's reliance, in its *Jurisdiction Order*, on *Peters,* 40 F.4th at 440—see building block number (3) above—and contend the Sixth Circuit has since "issued a decision . . . that significantly narrowed RICO's jurisdictional reach." Motion at 3 (citing *Hall v. Trivest Partners, L.P.*, 178 F.4th 986 (6th Cir. 2026)).

In *Hall*, plaintiffs brought a civil RICO suit in Michigan, named a Michigan corporation as defendant, and also named nine Florida corporations with no Michigan contacts. The Florida corporations challenged personal jurisdiction and the district court denied their motions to dismiss. On appeal, the *Hall* court examined the language of the RICO venue and process provisions, 18 U.S.C. §1965. Subsection 1965(a) states that "a civil RICO action may be 'instituted' only in a

district where a defendant 'resides, is found, has an agent, or transacts his affairs.'" *Hall*, 178 F.4th at 990. This provision is undisputedly satisfied in this case by defendant OptumRx, Inc. Subsection 1965(b) "then allows a district court to exercise personal jurisdiction over additional parties residing in other districts, but only when 'the ends of justice require.'" *Id.* This is the provision that this Court relied on, in the *Jurisdiction Order*, to find personal jurisdiction over the moving Optum defendants.

*Hall* goes on to make clear that "interests of ***convenience*** cannot 'require' for purposes of §1965(b), that a defendant be haled into a district in which it lacks minimum contacts."*Id. at* 992 (emphasis added). The *Hall* court found that the plaintiffs and the district court had ascertained ***only*** interests of convenience and identified ***no*** "reasons that 'require' litigation of this suit in Michigan." *Id.* at 991.[2] Accordingly, the *Hall* court reversed.

Notably, the *Hall* court did not overrule *Peters*; to the contrary, it quoted *Peters*, 40 F.4th at 441, for the proposition that subsection 1965(b) "ensures that there will be at least one federal forum for all defendants in a single civil RICO trial." *Id.* Furthermore, the *Hall* court discussed the phrase "when the ends of justice require" in the context of whether and where the litigation can occur with all of the alleged co-conspirator defendants as parties. The *Hall* court concluded it did not need to go so far as to "endorse the Ninth Circuit's conclusion that—for a district court to serve process on defendants lacking minimum contacts with that district—'the plaintiff must show that there is ***no*** other district in which a court will have personal jurisdiction over ***all*** of the alleged co-conspirators.'" *Id.* (emphasis added) (quoting *Butcher's Union Local No. 498 v. SDC Investment,*

---

[2] The district court's reasons were: "the case had already been pending in Michigan for ten months; the [Florida] defendants had already secured 'competent counsel located in Michigan'; and the court thought it no less convenient for the defendants to litigate in Michigan than for the plaintiffs to litigate in Florida." *Id.* The district court did not examine whether all defendants could be sued in the same court absent RICO jurisdiction.

*Inc.*, 788 F.2d 535, 539 (9th Cir. 1986)). On the other end of the spectrum, however, "that hardly means a plaintiff can hale any RICO defendant it likes—no matter how far-flung—into court in any district where a single defendant has minimum contacts." *Id.* There must be some reason that doing so is "necessary," and not merely "convenient." *Id.*

In their current motion, the OptumHealth Defendants argue that, when this Court assessed in its *Jurisdiction Order* whether the ends of justice are served by exercising personal jurisdiction over the Optum defendants, the Court weighed ***only*** factors related to convenience. *See* motion at 4 ("Plaintiffs' only argument for haling them into a New York court is convenience"). But this is not accurate. It is true that the Court examined factors—which were identified by other courts in this Circuit before the *Hall* opinion issued—that are at least in part considerations of convenience. *See Jurisdiction Order* at 5 ("Those factors include: 'the desirability of having the whole action litigated in one court, the cost of the delay involved in transferring the case to another forum, and the general balance of hardships between plaintiff and defendant.'" *Id.* (cleaned up, highlighting added)) (quoting *Rexam Healthcare Packaging, Inc. v. Osiris Med., Inc.*, case no. 09-cv-1584, 2010 WL 819063, at *5 (N.D. Ohio Mar. 9, 2010), and citing *Doe v. Varsity Brands, LLC,* case no. 22-cv-02139, 2023 WL 4935933, at *16 (N.D. Ohio Aug. 2, 2023)). But the Court also concluded that: (1) plaintiffs' allegations "painted a [colorable] picture" that all of the Optum defendants worked together to achieve "unrestricted increase[s] in prescribing and dispensing of prescription opioids for the profit of the Opioid Enterprise Manufacturers and the PBM Defendants;" and (2) it "would not serve the ends of justice to require separate trials in different fora against parties who . . . have close involvement in the events underlying the plaintiff's case." *Jurisdiction Order* at 7 (quoting *Suarez Corp. Indus.v. McGraw*, 71 F. Supp. 2d 769, 778 (N.D. Ohio 1999) (highlighting added)).

Building on the highlighted language above, the most critical factor in this case is that ***there is no other court*** that could exercise traditional personal jurisdiction over all of the defendants, which are located in California, Minnesota, Missouri, and New Jersey. Absent subsection 1965(b), plaintiffs have no court where they could try their civil RICO claims against all alleged co-conspirator defendants at once. This circumstance is a hallmark of "necessity," as recognized by *Hall* with its comment on *Butcher's Union:* the "ends of justice require" haling the OptumHealth Defendants and the other defendants into a single district to "ensure[] that there will be at least one federal forum for all defendants in a single civil RICO trial." *Hall*, 178 F.4th at 991 (citing *Butcher's Union* and quoting *Peters*, 40 F.4th at 441).

The OptumHealth Defendants respond in two ways to this critical factor. First, they repeat their "group pleading" argument and further insist that the allegations in the complaints against ***them***, in particular, are so insufficient that they simply fail to tie them to any RICO enterprise with any other defendant, or to the State of New York. Motion at 7-10; reply at 1-5. The Court addressed these same arguments earlier in its *Jurisdiction Order*, observing that: (1) when the Defendants "argu[e that] Plaintiffs failed to adequately allege their RICO claim against them, Defendants read Plaintiffs' complaints very narrowly," *Jurisdiction Order* at 5; (2) in contrast, this Court "must view the pleadings and affidavits in a light most favorable to the plaintiff," *id.* at 6 (quoting *Peters*, 40 F.4th at 437-38, and *Ingram Barge Co., LLC v. Zen-Noh Grain Corp.*, 3 F.4th 275, 278 (6th Cir. 2021)); and (3) ultimately, "Plaintiffs' complaints each allege the moving Defendants were part of the same RICO conspiracy as the other defendants over which the Court does certainly have personal

jurisdiction," *id.* The same conclusions are applicable here.[3]

Second, the OptumHealth Defendants note the plaintiffs-appellees in *Hall* sought rehearing and argued the panel had ignored the "dispositive factor" that, under the facts of the case, "no forum is available without resorting to RICO jurisdiction." Motion Exh. 1 at 12. The petition for rehearing was denied. The OptumHealth Defendants contend this denial "confirm[s] that the absence of a single forum to hear the claims against all defendants is not controlling if the plaintiff cannot [***otherwise***] prove that it is 'necessary' for all claims to be tried together." Reply at 6. This argument is unavailing. The *Hall* court's use of boilerplate language to deny the petition for rehearing does not carry the meaning that Defendants seek to ascribe to it. *See Alpha/Omega Ins. Servs., Inc. v. Prudential Ins. Co. of Am.*, 272 F.3d 276, 281 (5th Cir. 2001) ("denial of a motion for panel rehearing does not amount to a decision on the merits"); *Fernandez v. Chardon*, 681 F.2d 42, 51 n.7 (1st Cir. 1982) *affirmed*, 462 U.S. 650 (1983) ("[T]he denial of a petition for rehearing can have no greater precedential effect than the denial of a petition for certiorari, which is to say none."); *Luckey v. Miller*, 929 F.2d 618, 621 (11th Cir. 1991) ("the denial of rehearing en banc without opinion bears little, if any, precedential weight").

In sum, the Court finds it does have personal jurisdiction over the three OptumHealth Defendants under RICO's nationwide service of process provision, and does have pendent claim personal jurisdiction over the related state-law claims. Accordingly, moving Defendants' Motions

---

[3] In its *Jurisdiction Order*, the Court examined the allegations plaintiffs made against the two moving OptumInsight Defendants. Here, the Court examined the allegations against the three moving OptumHealth Defendants, and reaches the same conclusion.

to Dismiss (filed at MDL docket no. 6631; docket no. 192 in Track 12; and docket no. 166 in Track 22) are **DENIED**.

**IT IS SO ORDERED.**

/s/ ***Dan Aaron Polster***
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

**Dated:** October 15, 2026