**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | ) ) | **MDL No. 2804** |
| | ) ) | **Case No. 1:17-MD-2804** |
| This document relates to: | ) ) | **Judge Dan Aaron Polster** |
| *All Cases Noted on Attached Appendix A* | ) ) | |

**FINAL CONSENT ORDER, JUDGMENT, AND DISMISSAL WITH PREJUDICE**

Plaintiff Participating Subdivisions,[1] with the assistance of Plaintiffs' Settlement Counsel,[2] and Remnant Defendants[3] (each individually, a "Settling Party," and collectively, the "Settling Parties"), voluntarily entered into the Remnant Defendant Settlement Agreement dated February 23, 2026 (the "RDSA"), a copy of which is attached as **Exhibit 1**. The RDSA shall become effective by its terms after entry of this Final Consent Order, Judgment, and Dismissal with Prejudice (the "Judgment") by the Court without trial or adjudication of any contested issue of fact or law, and without finding or admission of wrongdoing or liability of any kind.[4]

---

[1] A list of the Participating Subdivisions is included in the Participation Report attached as **Exhibit 2**.

[2] Capitalized terms herein have the same meaning as the defined terms in the RDSA unless otherwise defined herein.

[3] As defined in the Remnant Defendant Settlement Agreement, the "Remnant Defendants" means Associated Pharmacies, Inc., American Associated Pharmacies, J M Smith Corporation, Louisiana Wholesale Drug Company, Inc., Morris & Dickson Co., North Carolina Mutual Wholesale Drug Company, Inc., United Natural Foods, Inc. (including without limitation its direct and indirect subsidiaries SuperValu, Inc., Advantage Logistics Southwest, Inc., Advantage Logistics USA West, L.L.C., Advantage Logistics USA East, L.L.C., and UNFI Distribution Company, LLC) collectively, and all their past and present subsidiaries (excluding, in the case of United Natural Foods, Inc., New Albertsons, Inc. (a former subsidiary of SuperValu, Inc.)), divisions, predecessors, successors, and assigns (in each case, whether direct or indirect).

[4] *See* RDSA § I.L.

**RECITALS**

1. Remnant Defendants have been sued in various Actions brought by Litigating Subdivisions and pending in this MDL and in various other state and federal courts.[5]

2. On February 23, 2026, the Plaintiffs' Settlement Counsel and Remnant Defendants reached a global settlement—the RDSA—to potentially resolve all opioid cases that have been filed, and that might have been filed, by eligible subdivisions against certain Remnant Defendants, conditioned on a sufficient level of subdivision participation.

3. On April 10, 2026, the Plaintiffs' Settlement Counsel and Remnant Defendants filed a consent motion to establish a qualified settlement fund in connection with the RDSA (ECF 6534), which the Court subsequently granted (ECF 6539).

4. As provided by the RDSA, and over the course of the ensuing months, eligible subdivisions elected to participate in the RDSA by executing and returning Subdivision Settlement Participation Forms. The eligible subdivisions that returned Subdivision Settlement Participation Forms are the Participating Subdivisions. *See* Ex. 2.

5. On September 26, 2026, each Remnant Defendant timely elected to proceed with the RDSA.

6. On October 15, 2026, the Settling Parties filed a Joint Motion for Entry of Final Consent Order, Judgment, and Dismissal with Prejudice (the "Motion").

[5] **Appendix A** represents a good faith list of lawsuits brought by or on behalf of any Litigating Subdivision against one or more Remnant Defendants coordinated under this MDL. **Appendix B** represents a good faith list of lawsuits brought by or on behalf of any Litigating Subdivision against one or more Remnant Defendants outside the MDL.

7. Each Settling Party represents and warrants that it engaged in arm's-length negotiations in good faith and with the assistance of a neutral mediator. In executing the RDSA and submitting this Judgment for entry, the Settling Parties intend to effect a good-faith settlement.

8. Participating Subdivisions have determined the RDSA is in the public interest.

9. Remnant Defendants each deny the allegations against them and deny that they have any liability to Participating Subdivisions. Remnant Defendants are agreeing to entry of this Judgment solely for the purposes of settlement, and nothing contained herein may be taken as or construed to be an admission or concession of any violation of law, rule, regulation, or ordinance, or of any other matter of fact or law, or of any fault, liability, or wrongdoing, all of which Remnant Defendants deny.

10. Therefore, without any admission of liability or wrongdoing on the part of Remnant Defendants or any other Released Entities (as defined in the RDSA), and without this Judgment constituting evidence against or admission by anyone with respect to any issue of fact or law, the Settling Parties now mutually consent to the entry of this Judgment and agree to dismissal and release of the claims with prejudice pursuant to the terms of the RDSA to avoid the delay, expense, inconvenience, and uncertainty of protracted litigation.

11. By executing its Combined Subdivision Participation and Release Form, each Participating Subdivision, and all entities that are Releasors by virtue of their relationship or association with such Participating Subdivision, duly authorized entry into the RDSA and has accepted, agreed to, and confirmed the terms of the RDSA.

12. Settling Parties have jointly moved for entry of this Judgment.

13. The Court has reviewed the RDSA, the Motion, and all supporting materials.

14. Each Settling Party was given notice and has been afforded the opportunity to be heard in connection with the Motion for entry of this Judgment.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

In consideration of the mutual promises, terms, and conditions set forth in the RDSA, the adequacy of which is hereby acknowledged by all Settling Parties, it is agreed by and between the Participating Subdivisions, Plaintiffs' Settlement Counsel, and the Remnant Defendants, and adjudicated by the Court, as follows:

1. The foregoing Recitals are incorporated herein and constitute express terms of this Judgment.

2. The Settling Parties agree that the Court has subject-matter jurisdiction over the Actions and over the Settling Parties for purposes of the Actions and this Judgment.

3. Participating Subdivisions consent to personal jurisdiction over them for purposes of the RDSA including entry of this Judgment. *See also* RDSA §§ IV.C.1(4), IV.E, IX.A, X.P; Ex. G, Combined Subdivision Participation and Release Form, § 7.

4. Remnant Defendants consent to personal jurisdiction over them for purposes of the RDSA including entry of this Judgment. *See also* RDSA §§ IX.A, X.P.

5. The Court finds that the RDSA was entered into in good faith.

6. The Court finds that the RDSA and entry of this Judgment reflect a negotiated settlement agreed to by the Settling Parties, and are fair, reasonable, adequate, and in the public interest.

7. Upon consideration of the Motion, and any opposition thereto, the Motion is hereby GRANTED.

8. By this Judgment, the RDSA is hereby approved in its entirety, and the Court hereby adopts the RDSA's terms as its own determination of this matter and the Settling Parties' respective rights and obligations subject to the additional terms in this Judgment.

9. The Court and the Settling Parties acknowledge that the release provisions of the RDSA, which are incorporated by reference into this Judgment as if fully set forth herein, are an integral part of this Judgment. Pursuant to the RDSA, without limitation, and to the maximum extent of the power of each Participating Subdivision, the Remnant Defendants and the other Released Entities are, as of the Effective Date (as defined in the RDSA), hereby released and discharged from any and all Released Claims.

10. With respect to the Released Claims, Participating Subdivisions have expressly waived, released, and forever discharged any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable, or equivalent to § 1542 of the California Civil Code, which reads:

> **General Release; extent.** A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

11. A Participating Subdivision may hereafter discover facts other than or different from those which each knows, believes, or assumes to be true with respect to the Released Claims, but the Participating Subdivision expressly waived and fully, finally, and forever settled, released and discharged, through the RDSA, any and all Released Claims that may exist as of the Effective Date but which a Participating Subdivision does not know or suspect to exist, whether through ignorance, oversight, error, negligence or through no fault whatsoever, and which, if known, would have materially affected the Participating Subdivision's decision to enter into the RDSA.

12. The Settlement is a good-faith settlement that bars any claim by any Non-Party against any Released Entities for contribution, indemnification, or otherwise seeking to recover all or a portion of any amounts paid by or awarded against that Non-Party to any Participating Subdivision or Releasor by way of settlement, judgment, or otherwise on any claim that would be a Released Claim, to the extent that a good-faith settlement (or release thereunder) has such an effect under applicable law, including, without limitation, Ohio Rev. Code § 2307.28 and similar laws in other states or jurisdictions.

13. Each Releasor's Released Claims against one or more of the Remnant Defendants or Released Entities pending in the MDL are hereby DISMISSED WITH PREJUDICE.

14. As a result, the pending MDL Actions, including those listed on Appendix A, are hereby DISMISSED WITH PREJUDICE as to the Remnant Defendants only,[6] subject to a retention of jurisdiction by the Court to resolve disputes arising under or related to the RDSA or this Judgment.

15. Each Releasor is ORDERED to DISMISS WITH PREJUDICE any and all non-MDL Actions asserting Released Claims against one or more of the Remnant Defendants or Released Entities including those listed on Appendix B within fourteen (14) days of receiving the notice provided for in Paragraph 22 of this Judgment, to the extent such non-MDL Actions have not already been dismissed.

16. The Compensatory Restitution Amount shall be used by Participating Subdivisions solely for Opioid Remediation as set forth in Section VII of the RDSA. The Revised Plan of

[6] This shall not include the Actions brought by Delhi, Louisiana (1:18-op-45973), and Fort Cobb, Oklahoma (1:20-op-45023), both of which are not participating in the RDSA and previously dismissed their actions.

Allocation submitted by Plaintiffs' Settlement Counsel and attached as Exhibit B to the Motion is approved.

17. The Settling Parties will bear their own costs and attorneys' fees except as otherwise provided in the RDSA. The Agreement on Attorneys' Fees, Costs, and Expenses attached as Exhibit H to the RDSA is approved. The MDL Court's Orders regarding contingent fees, common benefit fees, costs, and expenses shall apply to the Settlement Fund.

18. This Judgment is binding upon the Settling Parties, their successors and assigns, and all persons or entities acting on their behalf or in concert with them.

19. This Judgment shall be governed by, construed under, and enforced in accordance with the laws of the State of Ohio, without regard to its choice of law provisions, and, where applicable, federal law.

20. The Court shall retain and have exclusive and continuing jurisdiction over the Settlement, the RDSA, this Judgment, the Settlement Fund, the Opioid Remediation Fund, the Settlement Fund Administrator, the Notice and Claims Administrator and all matters arising under or related to each, including enforcement, interpretation, administration, and implementation.

21. Neither the RDSA nor any act performed or document executed pursuant to or in furtherance of the RDSA: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim or of any wrongdoing or liability of the Remnant Defendants or Released Entities; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Remnant Defendants or Released Entities in any civil, criminal, or administrative proceeding in any court or other forum. Notwithstanding the foregoing, the Remnant Defendants and/or the Released Entities may file the RDSA and/or this Judgment in any other action that may be brought against them to support a defense or

counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, or any theory of claim preclusion or issue preclusion or similar defense.

22. The Notice and Claims Administrator shall provide notice to all Participating Subdivisions of the entry of this Judgment within fourteen (14) days of its entry, including: (a) a copy of this Judgment; (b) the Effective Date; (c) the obligation to dismiss Released Claims with prejudice; and (d) the process for distribution of the Opioid Remediation Funds.

23. In the event that, for any reason, the Effective Date does not occur in accordance with the terms of the RDSA then: (i) this Judgment shall be rendered null and void to the extent provided by and in accordance with the RDSA and shall be vacated; (ii) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the RDSA; and (iii) the Settlement Funds shall be returned to Remnant Defendants in accordance with the RDSA.

24. The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, there is no just reason for delay and expressly directs that this Judgment be entered as a final judgment as to the Released Entities and all Released Claims.

**SO ORDERED, ADJUDGED AND DECREED** this 19th day of October, 2026.

***s/Dan Aaron Polster***

HONORABLE DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

**FOR PLAINTIFFS' SETTLEMENT COUNSEL ON BEHALF OF PARTICIPATING SUBDIVISIONS:**

s/Jayne Conroy
Jayne Conroy
SIMMONS HANLY CONROY
112 Madison Ave., 7th Floor
New York, NY 10016
(212) 784-6400
jconroy@simmonsfirm.com

s/Donald A. Migliori
Donald A. Migliori
MOTLEY RICE
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000
dmigliori@motleyrice.com

s/Paul T. Farrell, Jr.
Paul T. Farrell, Jr.
FARRELL & FULLER
270 Munoz Rivera Ave., Suite 201
San Juan, PR 00918
(304) 654-8281
paul@farrellfuller.com

*Plaintiffs' Co-Lead Counsel*

s/Peter H. Weinberger
Peter H. Weinberger
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Ave., Suite 1700
Cleveland, OH 44114
(216) 696-3232
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel and*
*Plaintiffs' Settlement Counsel*

**FOR DEFENDANTS ASSOCIATED PHARMACIES, INC & AMERICAN ASSOCIATED PHARMACIES:**

*/s/ S. Reeves Jordan*
Carl S. Burkhalter
S. Reeves Jordan
Maynard Nexsen PC
1901 Sixth Ave. N., Suite 1700
Birmingham, AL 35203
T: (205) 254-1000
cburkhalter@maynardnexsen.com
rejordan@maynardnexsen.com

and

Walter A. Dodgen
Maynard Nexsen PC
223 Washington St. NE, Suite 500
Huntsville, AL 35801
T: (256) 551-0171
tdodgen@maynardnexsen.com

*Counsel for Associated Pharmacies, Inc. and American Associated Pharmacies*

**FOR DEFENDANT J M SMITH CORPORATION:**

*/s/ John J. Haggerty*
John J. Haggerty (Ohio Bar No. 0073572)
Fox Rothschild LLP
2800 Kelly Road, Suite 200
Warrington, PA 18976
Tel: (215) 345-7500
Fax: (215) 345-7507
jhaggerty@foxrothschild.com

*Counsel for J M Smith Corporation*

**FOR DEFENDANT LOUISIANA WHOLESALE DRUG COMPANY, INC.:**

*/s/ S. Brian Perry*
BRIAN PERRY (#25209)
ALLEN & GOOCH, A Law Corporation
P.O. Drawer 81129
Lafayette, LA 70598-1129
Telephone: (337) 291-1410
Facsimile: (337) 291-1415

BrianPerry@AllenGooch.com

*Counsel for Louisiana Wholesale Drug Company, Inc.*

**FOR DEFENDANT MORRIS & DICKSON CO., L.L.C.:**

*/s/ Jim Walden*
Jim Walden
Adam Cohen
Walden Haran Williams LLP
250 Vesey Street, 27th Floor
New York, NY 10281
Tel: (212) 335-2030
jwalden@whwllp.com
acohen@whwllp.com
*Attorney for Morris & Dickson Co.*

**FOR DEFENDANT NORTH CAROLINA MUTUAL WHOLESALE DRUG COMPANY, INC.:**

/s/ *Richard H. Blake*
Richard H. Blake (0083374)
MCDONALD HOPKINS LLC
600 Superior Avenue, East
Suite 2100
Cleveland, OH 44114
Phone: 216-348-5400
Facsimile: 216-348-5474
Email: rblake@mcdonaldhopkins.com

*Counsel for Defendant North Carolina Mutual Wholesale Drug Company d/b/a Mutual Drug*

**FOR DEFENDANT UNITED NATURAL FOODS, INC.:**

*/s/ Trevor K. Scheetz*
Trevor K. Scheetz
Joseph M. Vanek
Matthew H. Rice
Greg Shinall
Sperling Kenny Nachwalter, LLC
321 N. Clark St., 25th Floor
Chicago, Illinois 60654
(312) 641-3200
tscheetz@sperlingkenny.com
jvanek@sperlingkenny.com

mrice@sperlingkenny.com
shinall@sperlingkenny.com

*Counsel for United Natural Foods, Inc.,*
*SuperValu, Inc., Advantage Logistics Southwest, Inc.,*
*Advantage Logistics USA West, L.L.C.,*
*Advantage Logistics USA East, L.L.C., and UNFI Distribution Company, LLC*